Exhibit 1

**Declaration of Matthew Albaugh, Esq.**

## Declaration of Mathew Albaugh

I, Mathew Albaugh, declare the following is true and accurate pursuant to 28 U.S.C. § 1746:

1. I am over 18 years of age and competent to make this declaration.  I am a partner at the Indianapolis office of Taft Stettinius & Hollister, LLC.

2. I was lead counsel for Defendant in *Todd Rokita, Indiana Attorney General v. Michael Lanksy, LLC, d/b/a Avid Telecom,* Cause No. 49D02-2211-MI-037726 (Marion County, Indiana).  Following the filing of Defendants' Motion to Dismiss, the State of Indiana voluntarily dismissed that lawsuit on or about February 16, 2023.  A true and accurate copy of the State of Indiana's Voluntary Motion to Dismiss is attached as <u>Exhibit A</u>.

3. Following the filing of the instant action on or about May 23, 2023 (the "Lawsuit"), Defendant Avid Telecom requested that I help facilitate discussions about a settlement or compromise of this matter because of the Indiana Attorney General's Office's leadership role in this lawsuit.  Between June 1, 2023, and the present, Defendants have made significant, good-faith efforts to facilitate discussions about a possible settlement or compromise of the Lawsuit, which are detailed below.

4. On June 1, 2023, I contacted attorneys from the Indiana Attorney General's office requesting an opportunity to address the Lawsuit's allegations. Representatives of the Indiana Attorney General's office responded the same day, and I requested a brief call with them.  Representatives of the Indiana Attorney General's office made themselves available on June 13, 2023.  Because of my travel plans that day, we did not speak until June 14, 2023.  A true and accurate copy of those discussions are included as <u>Exhibit B</u>.

5.  I spoke with representatives of the Indiana Attorney General's office on June 14, 2023.  I discussed, generally, Defendants' belief that many of the Lawsuit's allegations were incorrect and requested an all-attorney meeting to discuss those concerns in greater detail.

6. I spoke with various Plaintiffs' counsel again on June 21, 2023.  After reiterating Defendants' concerns with the accuracy of various factual allegations, I informed Plaintiffs' counsel that Plaintiffs' lawsuit had triggered numerous death threats against Defendants from members of the public and caused significant stress,

resulting in Mr. Lansky's hospitalization.  I proposed settlement terms in an effort to promptly resolve the litigation and bring an end to the public's harassment and death threats directed to Defendants.  In response, Plaintiffs' counsel raised various questions, which I responded to in writing on June 22, 2023.  A true an accurate copy of my June 22, 2023 response is attached as Exhibit C.  I also requested a stay of the litigation while the parties discussed settlement and compromise.

7.   Plaintiffs' counsel responded on Friday, June 23, 2023, with settlement parameters.  I responded with clarifying questions on Monday, June 26, 2023.  And Plaintiffs' counsel responded on Wednesday, June 28, 2023.  Plaintiffs' counsel also consented to a 45-day extension to Defendants' response deadline with the following statement:  "We are unable to agree to an indefinite stay on the litigation. If our negotiations appear to be productive, we would not oppose a motion to continue for 45 days.  From there, we would have to discuss any further continuances."  Thereafter, the parties worked to schedule an all-hands meeting (either in person or virtually) in July.  Simultaneously, Defendants' counsel prepared a detailed response to Plaintiffs' complaint in the hopes of advancing the parties' early-stage settlement conversations.  All counsel were able to align their calendars for a meeting on July 19, 2023.  A true and accurate copy of that correspondence between June 23, 2023, and July 12, 2023, is attached as Exhibit D.

8.   Between late June 2023 and July 18, 2023, Defendants and their counsel spent material time preparing a response to the Plaintiff's complaint to aid in settlement discussion.  Defendants' counsel, Neil Ende, sent Plaintiffs' counsel a detailed response to Plaintiff's allegations on July 18, 2023.  A true and accurate copy of the July 18, 2023 response is attached as Exhibit E.

9.   Defendants' counsel met with Plaintiffs' counsel via Zoom on July 19, 2023.  Following the meeting, I sent an email to Plaintiffs' counsel on July 19, 2023, thanking them for the meeting, confirmed that Defendants would assemble certain information requested by Plaintiffs, and requested a list of the specific, additional information that Plaintiffs wanted to evaluated a potential settlement.  Plaintiffs' responded with approximately five categories of documents and information on July 19, 2023.  A true and accurate copy of the July 19, 2023 correspondence is attached as Exhibit F.

10. Following the July 19, 2023 meeting, Defendants' counsel promptly worked to assemble that information.  On August 1, 2023, Defendants requested that the

parties agree to the Court's standard Protective Order to facilitate the informal exchange of documents and information.  I followed up with that request against on August 2, 2023.  On August 2, 2023, representatives of the Arizona Attorney General's office responded as follows:  "We are in the process of drafting a PO and will circulate that to you when we are able."   On August 3, 2023, I responded with a thank you and stated, "We will be on the lookout for the draft PO."  A true and accurate copy of the correspondence between August 1, 2023, and August 3, 2023 is attached as <u>Exhibit G</u>.

11. On August 8, 2023, representatives of the Indiana Attorney General's office emailed and stated Plaintiffs could not agree to entry of the Court's standard protective order.  Between August 8, 2023, and August 15, 2023, the parties' counsel corresponded about the reasons for the Plaintiffs' refusal to enter into a standard protective order.  Defendants explained the specific need for the Protective Order, detailing both the pendency of active litigation involving Avid Telecom with third-parties and the various death threat Avid Telecom's representatives had received following Plaintiff's press releases relating to this Lawsuit.  Plaintiffs refused to execute the Court's standard Protective Order, insisting the Defendants must produce documents to continue settlement discussions with only Rule 408 protections.  A true and accurate copy of the correspondence between August 8, 2023, and August 15, 2023, is attached as <u>Exhibit H</u>.

12. Defendants ultimately decided to continue efforts at their good-faith settlement efforts and produced an initial batch of documents to Plaintiffs on August 21, 2023, without a Protective Order in place.  A true and accurate copy of the email transmitting Defendants' initial document production is attached as <u>Exhibit I</u>. Representatives of the Indiana and Arizona Attorney General's office downloaded Defendants' production the same day.

13. On August 31, 2023, I informed Plaintiffs' counsel that Defendants' anticipated making a supplemental production shortly.  Plaintiffs' counsel responded that same day as follows:  "Thank you for letting us know and we look forward to receiving the second production.  If you'd like to set up a call to discuss the production sent to-date, we will need additional time after receiving the second batch of documents to complete a preliminary review.  We can get back to you about setting up a call after that time so that we can be better positioned to have a more productive conversation." A true and accurate copy of the August 31, 2023 correspondence is attached as <u>Exhibit J</u>.

14. On or about September 1, 2023, I contracted Covid.  I discovered I had contracted Covid as a result of an at-home test.  Between September 1, 2023, and September 7, 2023, I was ill and out of the office.  I did not return to the office until September 8, 2023.

15. On the afternoon of September 7, 2023, I discovered that Defendants' deadline to answer Plaintiffs' complaint would expire later that day.  Because Plaintiffs had previously expressed no displeasure or complaints about Defendants' progress assembling information and documents, I assumed there would be no problem obtaining Plaintiffs' consent to an additional 30-day extension.

16. On September 7, 2023, I requested a 30-day extension to Defendants' response deadline.  At no time prior to this request had Plaintiffs expressed displeasure, concerns, or any other issue with Defendants' efforts to provide the requested information.

17. On September 7, 2023, Plaintiffs refused consent to an extension to the responsive deadline.  For the first time, Plaintiffs raised concerns about Defendants' settlement efforts:  "Based on Defendants' general lack of responsiveness and the content of the limited production we have received and reviewed so far, we have no reason to believe that Defendants are interested in resolving this matter by agreement within the next thirty days."  A true and accurate copy of the September 7, 2023 correspondence is attached as Exhibit K.  I promptly alerted Neil Ende of Plaintiffs' refusal to consent to an additional 30-day extension.

18. On September 8, 2023, I provided Plaintiffs with Defendants' supplemental production of documents and information.  A true and accurate copy of the email transmitting Defendants' initial document production is attached as Exhibit L.  Representatives of the Indiana Attorney General's Office downloaded Defendants' supplemental production the same day.

Matthew Albaugh

Exhibit A

Filed: 2/16/2023 10:46 AM
Clerk
Marion County, Indiana

STATE OF INDIANA          )          IN THE MARION SUPERIOR COURT
                          ) SS:
COUNTY OF MARION          )          CAUSE NO. 49D02-2211-MI-037726


TODD ROKITA,                        )
INDIANA ATTORNEY GENERAL,           )
                                    )
          Petitioner,               )
                                    )
     vs.                            )
                                    )
MICHAEL D. LANSKY LLC, d/b/a        )
AVID TELECOM,                       )
                                    )
          Respondent.               )

## VOLUNTARY MOTION TO DISMISS

Petitioner, Indiana Attorney General Todd Rokita, by and through undersigned counsel, respectfully submits this Voluntary Motion to Dismiss Petitioner's Verified Petition to Enforce Civil Investigative Demand ("CID"). In support of this motion, Petitioner states as follows:

1. On August 1, 2022, Petitioner issued CID # 2022-00792-8753 to Michael D. Lansky LLC, d/b/a Avid Telecom ("Avid Telecom").

2. Since August 1, 2022, Petitioner attempted to collect necessary information for its investigation, including from Avid Telecom and other sources.

3. On November 1, 2022, Petitioner filed the Verified Petition to Enforce the CID.

4. On January 5, 2023, Avid Telecom filed a Motion to Dismiss the Petition.

5. On February 3, 2023, Petitioner filed a Response to the Motion to Dismiss.

6. On February 9, 2023, undersigned counsel and Avid Telecom's counsel spoke over the phone. Undersigned counsel notified Avid Telecom that Petitioner had collected the

1

necessary documents from other parties, and that Petitioner would be formally

withdrawing the CID in a few days.

7.  On February 14, 2023, Petitioner sent Avid Telecom's counsel a formal CID withdrawal

    letter.

8.  Petitioner has formally withdrawn CID # 2022-00792-8753 because Petitioner was able

    to collect necessary documents and information from other parties.

9.  Petitioner believes it would be in the interest of judicial resources to voluntarily dismiss

    Petitioner's Verified Petition to Enforce CID # 2022-00792-8753.

WHEREFORE, for reasons stated above, Petitioner respectfully requests that the Court grant the

Voluntary Motion to Dismiss and dismiss the Petitioner's Verified Petition to Enforce CID #

2022-00792-8753 without prejudice, and that this matter be closed.

Respectfully submitted,

THEODORE E. ROKITA
Indiana Attorney General
Attorney No. 18857-49

Date: <u>February 16, 2023</u>          By:     <u>/s/ Joseph D. Yeoman</u>
                                                DOUGLAS S. SWETNAM
                                                Indiana Bar No. 15860-49
                                                douglas.swetnam@atg.in.gov
                                                JOSEPH D. YEOMAN
                                                Indiana Bar No. 35668-29
                                                Joseph.Yeoman@atg.in.gov
                                                CASEY R. KLIPPEL
                                                Indiana Bar No. 34668-29
                                                Casey.Klippel@atg.in.gov
                                                Deputy Attorneys General
                                                302 West Washington Street
                                                IGCS – 5th Floor
                                                Indianapolis, IN 46204
                                                (317) 232-6294 (Swetnam)
                                                (317) 234-1912 (Yeoman)
                                                (317)- 234-2597 (Klippel)

2

(317) 232-7979 (Fax)

*Counsel for Petitioner*

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2023, I electronically filed the foregoing with the

Clerk of the Court using the IEFS system. I hereby certify that a copy of the above Verified

Petition to Enforce Civil Investigative Demand was mailed by United States certified mail, return

service requested on February 16, 2023 to the following:

Matthew T. Albaugh
Taft Stettinus & Hollister LLP
One Indiana Square
Ste. 3500
Indianapolis, IN 46204

Brittni C. Wassmer
Taft Stettinus & Hollister LLP
One Indiana Square
Ste. 3500
Indianapolis, IN 46204
*Attorneys for Respondent*

/s/ Joseph D. Yeoman
JOSEPH D. YEOMAN
Indiana Bar No. 35668-29
Joseph.Yeoman@atg.in.gov
Deputy Attorney General
302 West Washington Street
IGCS – 5th Floor
Indianapolis, IN 46204
(317) 234-1912 (Yeoman)
(317) 232-7979 (Fax)

Exhibit B

## Albaugh, Matt

| | |
|---|---|
| **From:** | Albaugh, Matt |
| **Sent:** | Tuesday, June 13, 2023 10:17 AM |
| **To:** | Yeoman, Joseph |
| **Subject:** | RE: State of Arizona, ex rel. Kristin K. Mayes, et al., v. Michael D. Lansky, L.L.C., dba Avid Telecom, et al. Case 4:23-cv-00233-EJM |

Thanks.  Let's talk at 10:00 a.m. ET tomorrow morning.  I'll send a calendar invitation.

Matt

**From:** Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>
**Sent:** Tuesday, June 13, 2023 9:22 AM
**To:** Albaugh, Matt <MAlbaugh@taftlaw.com>
**Subject:** RE: State of Arizona, ex rel. Kristin K. Mayes, et al., v. Michael D. Lansky, L.L.C., dba Avid Telecom, et al. Case 4:23-cv-00233-EJM

Matt,

I am free this afternoon after 2:00 PM, and I am open for most of the day tomorrow.

Since you are traveling, let me know which day/time is easier for you, and I'll make it work.

Thanks,
Joe

**Joseph D. Yeoman**
Deputy Attorney General – Data Privacy & Identity Theft Unit
Office of Indiana Attorney General Todd Rokita
302 West Washington Street
IGCS – 5th Floor
Indianapolis, IN 46204
p: 317.234.1912 │f: 317.232.7979
joseph.yeoman@atg.in.gov

**From:** Albaugh, Matt <MAlbaugh@taftlaw.com>
**Sent:** Tuesday, June 13, 2023 9:20 AM
**To:** Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>
**Subject:** Re: State of Arizona, ex rel. Kristin K. Mayes, et al., v. Michael D. Lansky, L.L.C., dba Avid Telecom, et al. Case 4:23-cv-00233-EJM

**\*\*\*\* This is an EXTERNAL email. Exercise caution. DO NOT open attachments or click links from unknown senders or unexpected email. \*\*\*\***

I'm flying this morning but could talk in the afternoon. Do you have any time after 2:00 ET today? I have broad availability tomorrow, too.

On Jun 13, 2023, at 8:49 AM, Yeoman, Joseph <Joseph.Yeoman@atg.in.gov> wrote:

1

Dear Matt,

Thanks for the email. I am free this morning before 11:00 AM for a call. Does that work for you?

I should also clarify, when we do larger call, it will be Arizona, Indiana, North Carolina, and Ohio.

Joe

**Joseph D. Yeoman**
Deputy Attorney General – Data Privacy & Identity Theft Unit
Office of Indiana Attorney General Todd Rokita
302 West Washington Street
IGCS – 5th Floor
Indianapolis, IN 46204
p: 317.234.1912 │f: 317.232.7979
joseph.yeoman@atg.in.gov

**From:** Albaugh, Matt <MAlbaugh@taftlaw.com>
**Sent:** Monday, June 12, 2023 6:56 PM
**To:** Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>
**Subject:** RE: State of Arizona, ex rel. Kristin K. Mayes, et al., v. Michael D. Lansky, L.L.C., dba Avid Telecom, et al. Case 4:23-cv-00233-EJM

**\*\*\*\* This is an EXTERNAL email. Exercise caution. DO NOT open attachments or click links from unknown senders or unexpected email. \*\*\*\***

Joe:  Before scheduling an all-hand's call with this entire group, could just you and I jump on a call together?  It shouldn't take more than 15 minutes.  Thanks -- Matt

**From:** Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>
**Sent:** Thursday, June 1, 2023 4:09 PM
**To:** Albaugh, Matt <MAlbaugh@taftlaw.com>; Neil Ende <nende@tlgdc.com>
**Cc:** Alyssa Jauregui <Alyssa.Jauregui@OhioAGO.gov>; Danielle Wilburn <dwilburnallen@NCDOJ.GOV>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Dylan.Jones@azag.gov; Erin Leahy <erin.leahy@OhioAGO.gov>; Hardcastle, Victoria <Victoria.Hardcastle@atg.in.gov>; John Isaacs <John.Isaacs@ohioAGO.gov>; Joseph.Hubble@azag.gov; Klippel, Casey R (ATG) <Casey.Klippel@atg.in.gov>; laura.dilweg@azag.gov; Nyla.Hunsinger@azag.gov; Nayer, Tracy <Tnayer@ncdoj.gov>
**Subject:** RE: State of Arizona, ex rel. Kristin K. Mayes, et al., v. Michael D. Lansky, L.L.C., dba Avid Telecom, et al. Case 4:23-cv-00233-EJM

Dear Matt,

Thank you for your email. I hope you are well too.

We would be happy to set up a call to discuss the litigation with you.

As for concerns about the safety of your clients or potential illegal acts, we reiterate that they should contact 9-1-1, or their local police department.

2

Attached is the waiver of service. We mailed copies of it to your clients on May 23, 2023.

Also, I have CCed the appropriate contacts for the Plaintiffs. In future correspondence, please include the emails listed.

Thanks,
Joe Yeoman


**Joseph D. Yeoman**
Deputy Attorney General – Data Privacy & Identity Theft Unit
Office of Indiana Attorney General Todd Rokita
302 West Washington Street
IGCS – 5th Floor
Indianapolis, IN 46204
p: 317.234.1912 │f: 317.232.7979
joseph.yeoman@atg.in.gov

---

**From:** Albaugh, Matt <MAlbaugh@taftlaw.com>
**Sent:** Thursday, June 1, 2023 7:18 AM
**To:** Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>; Klippel, Casey R (ATG) <Casey.Klippel@atg.in.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>
**Cc:** Neil Ende <nende@tlgdc.com>
**Subject:** State of Arizona, ex rel. Kristin K. Mayes, et al., v. Michael D. Lansky, L.L.C., dba Avid Telecom, et al. Case 4:23-cv-00233-EJM

**\*\*\*\* This is an EXTERNAL email. Exercise caution. DO NOT open attachments or click links from unknown senders or unexpected email. \*\*\*\***

---

Joe:  We hope you and your family had a nice Memorial Day weekend.  I write in response to your May 23, 2023, correspondence to Neil Ende regarding the complaint filed in Arizona federal court against Avid Telecom, Michael Lansky, and Stacey Reeves.  Initially, Neil and I are authorized to accept service of the complaint.  Please send it to me.  I will send you confirmation of receipt and our calculation of the response date, so we are all on the same page about deadlines.

More importantly, we would like to promptly discuss this litigation.  There are several pressing items that need to be addressed, some of which we've attempted to raise with "lead counsel for the plaintiffs" at the Arizona Attorney General's office.  Plaintiffs' initial response is disheartening and troubling, particularly coming from public servants like yourself.

Over the past several days, Michael Lansky and Stacey Reeves have been subjected to vile and intimidating harassment.  Scores of individuals have tracked Michael and Stacey down, found their home phone numbers, email addresses and home addresses, and launched a campaign of intimidation and death threats, including a specific threat to kill Ms. Reeves' children.  Even Avid Telecom's counsel is receiving threatening calls.  We've attached some of the worst.

I hope that you agree that no one should have strangers calling their home phones with death threats.  I hope that you agree that a person should not live in fear that people will come to their homes to follow-through on their threats of violence and bodily harm.  Put yourself in their shoes and picture people threatening to kill your children.  It's outrageous and hopefully it sickens you like it sickens us.

Your office should take steps to both stop it and ensure no harm comes to Michael, Stacey, or their families. Given the grave risk that these threats pose to the safety of our clients, we ask that, at the very minimum, the Taskforce promptly issue a Press Release that advises the public that the complaint merely contains allegations that have yet to be judicially established.  The Taskforce's Press Release should also state that harassing calls or emails containing threats of violence and harm are unlawful and must stop immediately.  We also request that the Taskforce work with its law enforcement colleagues to identify the individuals making these reprehensible calls and prosecute them to the full extent of the law.

Mr. Ende and I represent Avid Telecom and Mr. Lansky.  Lee Stein of the Mitchell Stein Carey Chapman law firm in Phoenix represents Ms. Reeves.  As you are aware from our previous interactions, we believe that the vast majority of the allegations in the complaint are not supported by fact and that there is no legal basis for the claims.  Indeed, we believe that the readily-provable facts demonstrate that Avid Telecom—which never serves as a Point-of-Entry carrier—is one of the honest players in the industry whose compliance with all applicable law and regulations, as well as its good faith efforts, have served as a firewall to block billions of illegal robocalls that have hit its network.  Avid Telecom blocked over 2.2 billion illegal robocalls last year, alone.  In this context, we welcome your offer to have a telephone call to discuss the complaint, the underlying factual and legal claims, as well as potential avenues to resolution.

Please let us know the earliest date this week or early next week when you and your team are available to talk.

Matt



**Matt Albaugh**
Partner
MAlbaugh@taftlaw.com
Dir: 317.713.3490
Tel: 317.713.3500  |  Fax: 317.713.3699
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204-2023


**taftlaw.com**


This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

_____

**From:** "Yeoman, Joseph" <Joseph.Yeoman@atg.in.gov>
**Date:** May 23, 2023 at 4:05:30 PM EDT
**To:** Neil Ende <nende@tlgdc.com>
**Cc:** "Ziperman, Philip" <pziperman@oag.state.md.us>, "Hyland, Kathleen" <khyland@oag.state.md.us>, Alyssa Jauregui <Alyssa.Jauregui@ohioago.gov>, Christopher Belmarez <Christopher.Belmarez@ohioago.gov>, Danielle Wilburn <dwilburnallen@ncdoj.gov>, "Swetnam, Douglas" <Douglas.Swetnam@atg.in.gov>, Dylan.Jones@azag.gov, Erin Leahy <erin.leahy@ohioago.gov>, "Hardcastle, Victoria" <Victoria.Hardcastle@atg.in.gov>, John Hathaway

<John.Hathaway@ohioago.gov>, John Isaacs <John.Isaacs@ohioago.gov>, Joseph.Hubble@azag.gov,
Kevin Walsh <Kevin.Walsh@ohioago.gov>, "Klippel, Casey R (ATG)" <Casey.Klippel@atg.in.gov>,
laura.dilweg@azag.gov, Nyla.Hunsinger@azag.gov, "Nayer, Tracy" <Tnayer@ncdoj.gov>
**Subject: RE:  State of Arizona, ex rel. Kristin K. Mayes, et al., v. Michael D. Lansky, L.L.C., dba Avid
Telecom, et al. Case 4:23-cv-00233-EJM**


Dear Mr. Ende,

We have filed a complaint in the District of Arizona against Michael D. Lansky
LLC dba Avid Telcom, Michael Lansky, and Stacey Reeves. We have attached a
courtesy copy of the complaint to this email. Please let us know if you will be
representing Michael D. Lansky LLC dba Avid Telcom, Michael Lansky, and/or
Stacey Reeves in this matter. If so, please let us know if your client or clients
would waive service.

We will be mailing a waiver of service today to Michael D. Lansky LLC dba
Avid Telcom, Michael Lansky, and Stacey Reeves.

Further, we understand you have requested a meeting with the Maryland Attorney
General's office concerning the issues it raised in its May 11, 2023,
correspondence.  Maryland is one of the states that has joined this multistate
litigation**,** which is being led by the Offices of the Arizona, Indiana, Ohio, and
North Carolina Attorneys General.  We would be more than happy to set up a call
to discuss this litigation.

Please let us know if you have any questions.

Sincerely,
Joe Yeoman

**Joseph D. Yeoman**
Deputy Attorney General – Data Privacy & Identity Theft Unit
Office of Indiana Attorney General Todd Rokita
302 West Washington Street
IGCS – 5th Floor
Indianapolis, IN 46204
p: 317.234.1912 │f: 317.232.7979
joseph.yeoman@atg.in.gov

Exhibit C

## Albaugh, Matt

| | |
|---|---|
| **From:** | Albaugh, Matt |
| **Sent:** | Thursday, June 22, 2023 8:20 AM |
| **To:** | Yeoman, Joseph; Nayer, Tracy; Erin Leahy |
| **Cc:** | Neil Ende |
| **Subject:** | RE: State of Arizona, ex rel. Kristin K. Mayes, et al., v. Michael D. Lansky, L.L.C., dba Avid Telecom, et al. Case 4:23-cv-00233-EJM |

**Rule 408 Communication**
**Inadmissible Offer of Compromise & Settlement**

Joe, Tracy, and Erin:

Thank you for your time yesterday morning.  I appreciate you jumping on a call with me on short notice.  Following up on our conversation:

- I reiterated my conversation with Joe Yeoman from last week – namely that the taskforce's complaint is replete with various factual errors and that, if necessary, we intend to show the taskforce how it's wrong.  While an in-person meeting would be my preference, we will agree to the video conference to accommodate.  It is not our intention to cause embarrassment or bad publicity for any AG office, and we would prefer to have these discussions privately.  My clients reserve all rights to vigorously defend themselves, if it comes to that.
- I also discussed the on-going death threats and harassment Mr. Lansky and Ms. Reeves are being subjected to following the taskforce's lawsuit and subsequent press releases.  I informed you that Mr. Lansky required hospitalization recently.  Neither feel safe.
- I proposed an offer of a swift comprise to end the dispute and avoid protracted litigation.  Namely, I proposed that Avid Telecom LLC would agree to cease operations within a date certain – perhaps by the end of July 2023.  I also suggested a dismissal of Michael Lansky and Stacey Reeves.  In particular, I referenced that Ms. Reeves was simply an independent contractor with no ownership stake in Avid.

In response, you suggested the taskforce had concerns with Mr. Lansky and Ms. Reeves continuing in the business and stated some injunctive relief would be required.  You raised, as a concern, the formation of Sigint 7 LLC in early April 2023 as possible evidence that Mr. Lansky was planning to simply transition all of Avid Telecom's customers to a new corporate entity.  You referenced that Mr. Lansky is listed on Sigint 7's CEO and lists his Arizona address as the company's headquarters.  I informed you that I did not know any information associated with Sigint 7, but would look into the company.  I have discussed Sigint 7 with my client and can share the following:

- Sigint 7 LLC was formed on April 10, 2023, approximately 6 weeks before the taskforce's lawsuit was filed in Arizona on May 23, 2023.
- Mr. Lansky's formation of Sigint 7 had nothing to do with the taskforce's new lawsuit.  At the time of its registration, the Indiana AG's action had been dismissed for several months and Avid Telecom had no knowledge that a new lawsuit would be filed.  Mr. Lansky used his own name and address to register the entity and had no intention of hiding its formation from you or other federal regulators.
- More importantly, Sigint 7's business is unrelated to Avid Telecom.  Sigint 7 does not and will not operate as a telecom carrier – neither originating calls, serving as an intermediate carrier, or terminating calls.  As a result, Sigint 7 did not file a 214 or a robo mitigation plan, which are mandatory to be a carrier of any kind.
- Please let me know if you have additional questions or follow-up.

You referenced that the taskforce was open to negotiating separately an agreement with Avid Telecom and Mr. Lansky, on one hand, and Ms. Reeves, on the other.  You referenced that each AG office could have its own policies and

requirements for compromising the current lawsuit, but you believed the taskforce's leadership's reasonable recommendations would likely be followed.

To expedite the taskforce leadership's consideration of a possible compromise, we are willing to offer the following in exchange for a complete dismissal of the pending lawsuit:

- Avid Telecom will cease business and wind down its operations on or before July 31, 2023;
- Mr. Lansky will agree not to hold any ownership stake (direct or indirect) or hold any executive position in any telecom carrier for three years beginning on August 1, 2023; and
- Ms. Reeves will be dismissed from the lawsuit without penalty given her status as an Avid Telecom independent contractor and a person with no ownership or managerial oversight

While we evaluate the possibility of a settlement and compromise, we propose to hold all deadlines in connection with the Arizona litigation in abeyance and stay the litigation until either we or the taskforce conclude these discussions no longer warrant the stay.

We look forward to hearing back from you promptly.

Thanks, Matt

---

**From:** Albaugh, Matt <MAlbaugh@taftlaw.com>
**Sent:** Wednesday, June 21, 2023 10:11 AM
**To:** Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>
**Cc:** Alyssa Jauregui <Alyssa.Jauregui@OhioAGO.gov>; Wilburn Allen, Danielle <dwilburnallen@NCDOJ.GOV>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Dylan.Jones@azag.gov; Erin Leahy <erin.leahy@OhioAGO.gov>; Hardcastle, Victoria <Victoria.Hardcastle@atg.in.gov>; John Isaacs <John.Isaacs@ohioAGO.gov>; Joseph.Hubble@azag.gov; Klippel, Casey R (ATG) <Casey.Klippel@atg.in.gov>; laura.dilweg@azag.gov; Nyla.Hunsinger@azag.gov; Neil Ende <nende@tlgdc.com>
**Subject:** RE: State of Arizona, ex rel. Kristin K. Mayes, et al., v. Michael D. Lansky, L.L.C., dba Avid Telecom, et al. Case 4:23-cv-00233-EJM

Let's do 11:00 a.m. ET.  We can use my conference room.  Info below:

Matt Albaugh's Meeting Room:

**First, click:** https://meet.loopup.com/BkcIdNV

Know who's on and who's speaking
LoopUp calls your phone – no need to dial in
And view when the leader shares their screen

Mobile Quick Dial: +1 (888) 524 2768,,,2791427#

Or, if you are offline, dial in:
(by joining, you agree to the privacy policy at loopup.com)
Guest Dial-in Code: 2791427#
USA: +1 (888) 524 2768
France: 0805 543 949
Germany (Local): +49 69 5 05 07 74 05
Spain: 900 876 265

Spain (Local): +34 91 793 55 15
Switzerland: 0800 561 799
Switzerland (Local): +41 44 200 78 35
USA (Local): +1 (312) 235 2944


Service provided by LoopUp

---

**From:** Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>
**Sent:** Wednesday, June 21, 2023 10:08 AM
**To:** Albaugh, Matt <MAlbaugh@taftlaw.com>; Nayer, Tracy <Tnayer@ncdoj.gov>
**Cc:** Alyssa Jauregui <Alyssa.Jauregui@OhioAGO.gov>; Wilburn Allen, Danielle <dwilburnallen@NCDOJ.GOV>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; <Dylan.Jones@azag.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Hardcastle, Victoria <Victoria.Hardcastle@atg.in.gov>; John Isaacs <John.Isaacs@ohioAGO.gov>; Joseph.Hubble@azag.gov; Klippel, Casey R (ATG) <Casey.Klippel@atg.in.gov>; laura.dilweg@azag.gov; Nyla.Hunsinger@azag.gov; Neil Ende <nende@tlgdc.com>
**Subject:** RE: State of Arizona, ex rel. Kristin K. Mayes, et al., v. Michael D. Lansky, L.L.C., dba Avid Telecom, et al. Case 4:23-cv-00233-EJM

Dear Matt,

We can have attorneys from IN, NC, and OH on a call at 10:30 to 11:00 AM Eastern. We are still waiting for AZ confirmation of that time, but we can schedule the call, and move forward with 3 of 4 states.

Joe

**Joseph D. Yeoman**
Deputy Attorney General – Data Privacy & Identity Theft Unit
Office of Indiana Attorney General Todd Rokita
302 West Washington Street
IGCS – 5th Floor
Indianapolis, IN 46204
p: 317.234.1912 │f: 317.232.7979
joseph.yeoman@atg.in.gov

---

**From:** Albaugh, Matt <MAlbaugh@taftlaw.com>
**Sent:** Wednesday, June 21, 2023 9:31 AM
**To:** Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>
**Cc:** Alyssa Jauregui <Alyssa.Jauregui@OhioAGO.gov>; Wilburn Allen, Danielle <dwilburnallen@NCDOJ.GOV>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; <Dylan.Jones@azag.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Hardcastle, Victoria <Victoria.Hardcastle@atg.in.gov>; John Isaacs <John.Isaacs@ohioAGO.gov>; Joseph.Hubble@azag.gov; Klippel, Casey R (ATG) <Casey.Klippel@atg.in.gov>; laura.dilweg@azag.gov; Nyla.Hunsinger@azag.gov; Neil Ende <nende@tlgdc.com>
**Subject:** RE: State of Arizona, ex rel. Kristin K. Mayes, et al., v. Michael D. Lansky, L.L.C., dba Avid Telecom, et al. Case 4:23-cv-00233-EJM

**** This is an EXTERNAL email. Exercise caution. DO NOT open attachments or click links from unknown senders or unexpected email. ****

---

Can a lawyer from every state (it does not need to be the "lead" lawyer) be available for a 15-30 minute call sometime today within the ranges I provided?

This is separate and apart from the video conference we're discussing for either 6/27 or 6/29 per the email chain below.

Matt

**From:** Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>
**Sent:** Wednesday, June 21, 2023 9:28 AM
**To:** Nayer, Tracy <Tnayer@ncdoj.gov>; Albaugh, Matt <MAlbaugh@taftlaw.com>
**Cc:** Alyssa Jauregui <Alyssa.Jauregui@OhioAGO.gov>; Wilburn Allen, Danielle <dwilburnallen@NCDOJ.GOV>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Dylan.Jones@azag.gov; Erin Leahy <erin.leahy@OhioAGO.gov>; Hardcastle, Victoria <Victoria.Hardcastle@atg.in.gov>; John Isaacs <John.Isaacs@ohioAGO.gov>; Joseph.Hubble@azag.gov; Klippel, Casey R (ATG) <Casey.Klippel@atg.in.gov>; laura.dilweg@azag.gov; Nyla.Hunsinger@azag.gov; Neil Ende <nende@tlgdc.com>
**Subject:** RE: State of Arizona, ex rel. Kristin K. Mayes, et al., v. Michael D. Lansky, L.L.C., dba Avid Telecom, et al. Case 4:23-cv-00233-EJM

Dear Matt,

Thank you for your emails. Going forward, the leads states would like to be included on all calls. If there is something that we need to discuss earlier than next week, please feel free to email the group with the information.

Thanks,
Joe

**Joseph D. Yeoman**
Deputy Attorney General – Data Privacy & Identity Theft Unit
Office of Indiana Attorney General Todd Rokita
302 West Washington Street
IGCS – 5th Floor
Indianapolis, IN 46204
p: 317.234.1912 │f: 317.232.7979
joseph.yeoman@atg.in.gov

**From:** Nayer, Tracy <Tnayer@ncdoj.gov>
**Sent:** Wednesday, June 21, 2023 9:19 AM
**To:** Albaugh, Matt <MAlbaugh@taftlaw.com>; Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>
**Cc:** Alyssa Jauregui <Alyssa.Jauregui@OhioAGO.gov>; Wilburn Allen, Danielle <dwilburnallen@NCDOJ.GOV>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Dylan.Jones@azag.gov; Erin Leahy <erin.leahy@OhioAGO.gov>; Hardcastle, Victoria <Victoria.Hardcastle@atg.in.gov>; John Isaacs <John.Isaacs@ohioAGO.gov>; Joseph.Hubble@azag.gov; Klippel, Casey R (ATG) <Casey.Klippel@atg.in.gov>; laura.dilweg@azag.gov; Nyla.Hunsinger@azag.gov; Neil Ende <nende@tlgdc.com>
**Subject:** RE: State of Arizona, ex rel. Kristin K. Mayes, et al., v. Michael D. Lansky, L.L.C., dba Avid Telecom, et al. Case 4:23-cv-00233-EJM

**** This is an EXTERNAL email. Exercise caution. DO NOT open attachments or click links from unknown senders or unexpected email. ****

Matt,

As Joe indicated below, Arizona's lead counsel is out of the country this week. Please send over your availability during the afternoons of next Tuesday, June 27, or Thursday, June 29, for an initial discussion.

Thanks again,
Tracy



**Tracy Nayer**
Special Deputy Attorney General
North Carolina Department of Justice
Consumer Protection Division
(919) 716-6581
tnayer@ncdoj.gov
Post Office Box 629, Raleigh, NC 27602
ncdoj.gov
Please note messages to or from this address may be public records.

---

**From:** Albaugh, Matt <MAlbaugh@taftlaw.com>
**Sent:** Wednesday, June 21, 2023 8:45 AM
**To:** Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>
**Cc:** Alyssa Jauregui <Alyssa.Jauregui@OhioAGO.gov>; Wilburn Allen, Danielle <dwilburnallen@NCDOJ.GOV>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Dylan.Jones@azag.gov; Erin Leahy <erin.leahy@OhioAGO.gov>; Hardcastle, Victoria.Hardcastle@atg.in.gov>; John Isaacs <John.Isaacs@ohioAGO.gov>; Joseph.Hubble@azag.gov; Klippel, Casey R (ATG) <Casey.Klippel@atg.in.gov>; laura.dilweg@azag.gov; Nyla.Hunsinger@azag.gov; Nayer, Tracy <Tnayer@ncdoj.gov>; Neil Ende <nende@tlgdc.com>
**Subject:** RE: State of Arizona, ex rel. Kristin K. Mayes, et al., v. Michael D. Lansky, L.L.C., dba Avid Telecom, et al. Case 4:23-cv-00233-EJM

Today, I'm free all morning until Noon ET, between 2-4 ET, and between 4:30-5:30 ET.

Matt

---

**From:** Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>
**Sent:** Wednesday, June 21, 2023 8:42 AM
**To:** Albaugh, Matt <MAlbaugh@taftlaw.com>
**Cc:** Alyssa Jauregui <Alyssa.Jauregui@OhioAGO.gov>; Danielle Wilburn <dwilburnallen@NCDOJ.GOV>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Dylan.Jones@azag.gov; Erin Leahy <erin.leahy@OhioAGO.gov>; Hardcastle, Victoria <Victoria.Hardcastle@atg.in.gov>; John Isaacs <John.Isaacs@ohioAGO.gov>; Joseph.Hubble@azag.gov; Klippel, Casey R (ATG) <Casey.Klippel@atg.in.gov>; laura.dilweg@azag.gov; Nyla.Hunsinger@azag.gov; Nayer, Tracy <Tnayer@ncdoj.gov>; Neil Ende <nende@tlgdc.com>
**Subject:** RE: State of Arizona, ex rel. Kristin K. Mayes, et al., v. Michael D. Lansky, L.L.C., dba Avid Telecom, et al. Case 4:23-cv-00233-EJM

Dear Matt,

Thank you for sending the waiver of service. We filed it yesterday. Attached is a courtesy copy for you.

Also, I received your voicemail and thanks for the call. I am emailing to copy the group as to whether you have a time that works best for an initial call.

Joe

**Joseph D. Yeoman**
Deputy Attorney General – Data Privacy & Identity Theft Unit
Office of Indiana Attorney General Todd Rokita
302 West Washington Street
IGCS – 5th Floor
Indianapolis, IN 46204
p: 317.234.1912 │f: 317.232.7979
joseph.yeoman@atg.in.gov

---

**From:** Albaugh, Matt <MAlbaugh@taftlaw.com>
**Sent:** Tuesday, June 20, 2023 11:20 AM
**To:** Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>
**Cc:** Alyssa Jauregui <Alyssa.Jauregui@OhioAGO.gov>; Danielle Wilburn <dwilburnallen@NCDOJ.GOV>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Dylan.Jones@azag.gov; Erin Leahy <erin.leahy@OhioAGO.gov>; Hardcastle, Victoria <Victoria.Hardcastle@atg.in.gov>; John Isaacs <John.Isaacs@ohioAGO.gov>; Joseph.Hubble@azag.gov; Klippel, Casey R (ATG) <Casey.Klippel@atg.in.gov>; laura.dilweg@azag.gov; Nyla.Hunsinger@azag.gov; Nayer, Tracy <Tnayer@ncdoj.gov>; Neil Ende <nende@tlgdc.com>
**Subject:** RE: State of Arizona, ex rel. Kristin K. Mayes, et al., v. Michael D. Lansky, L.L.C., dba Avid Telecom, et al. Case 4:23-cv-00233-EJM

**** This is an EXTERNAL email. Exercise caution. DO NOT open attachments or click links from unknown senders or unexpected email. ****

---

Joe:  Attached is the waiver of service.

Thanks, Matt

---

**From:** Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>
**Sent:** Monday, June 19, 2023 12:37 PM
**To:** Albaugh, Matt <MAlbaugh@taftlaw.com>
**Cc:** Alyssa Jauregui <Alyssa.Jauregui@OhioAGO.gov>; Danielle Wilburn <dwilburnallen@NCDOJ.GOV>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Dylan.Jones@azag.gov; Erin Leahy <erin.leahy@OhioAGO.gov>; Hardcastle, Victoria <Victoria.Hardcastle@atg.in.gov>; John Isaacs <John.Isaacs@ohioAGO.gov>; Joseph.Hubble@azag.gov; Klippel, Casey R (ATG) <Casey.Klippel@atg.in.gov>; laura.dilweg@azag.gov; Nyla.Hunsinger@azag.gov; Nayer, Tracy <Tnayer@ncdoj.gov>
**Subject:** RE: State of Arizona, ex rel. Kristin K. Mayes, et al., v. Michael D. Lansky, L.L.C., dba Avid Telecom, et al. Case 4:23-cv-00233-EJM

Dear Matt,

I hope you are well. I am CCing the lead attorneys for AZ, NC, and OH so that we can plan this discussion.

For this initial discussion, we would prefer to meet virtually. Arizona's lead counsel is out of the country this week. Can you propose some time to meet next Tuesday (6/27) or Thursday (6/29), preferably in the afternoon?

If you are intending on discussing specific documents, can you please provide them at least 48 hours before the call?

Further, please provide the waivers of service for Avid and Mr. Lansky on or before 6/22.

Thank you and have a great day,

Joe

**Joseph D. Yeoman**
Deputy Attorney General – Data Privacy & Identity Theft Unit
Office of Indiana Attorney General Todd Rokita
302 West Washington Street
IGCS – 5th Floor
Indianapolis, IN 46204
p: 317.234.1912 │f: 317.232.7979
joseph.yeoman@atg.in.gov

**From:** Albaugh, Matt <MAlbaugh@taftlaw.com>
**Sent:** Thursday, June 15, 2023 9:34 AM
**To:** Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>
**Subject:** Re: State of Arizona, ex rel. Kristin K. Mayes, et al., v. Michael D. Lansky, L.L.C., dba Avid Telecom, et al. Case 4:23-cv-00233-EJM

**** This is an EXTERNAL email. Exercise caution. DO NOT open attachments or click links from unknown senders or unexpected email. ****

Joe:

Thanks again for making time to talk yesterday. I relayed our conversation to my client, and he asked if we could get the meeting in before the end of June.

As such, could we get together late next week or the following week?  Let me know if there are any days that work for your side. If needed, we are prepared to do this via video conference. But I'd prefer in person if it's possible.

Thanks, Matt

> On Jun 13, 2023, at 9:22 AM, Yeoman, Joseph <Joseph.Yeoman@atg.in.gov> wrote:
>
> Matt,
>
> I am free this afternoon after 2:00 PM, and I am open for most of the day tomorrow.
>
> Since you are traveling, let me know which day/time is easier for you, and I'll make it work.
>
> Thanks,
> Joe
>
> **Joseph D. Yeoman**
> Deputy Attorney General – Data Privacy & Identity Theft Unit
> Office of Indiana Attorney General Todd Rokita
> 302 West Washington Street
> IGCS – 5th Floor
> Indianapolis, IN 46204
> p: 317.234.1912 │f: 317.232.7979

joseph.yeoman@atg.in.gov

---

**From:** Albaugh, Matt <MAlbaugh@taftlaw.com>
**Sent:** Tuesday, June 13, 2023 9:20 AM
**To:** Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>
**Subject:** Re: State of Arizona, ex rel. Kristin K. Mayes, et al., v. Michael D. Lansky, L.L.C., dba Avid Telecom, et al. Case 4:23-cv-00233-EJM

**\*\*\*\* This is an EXTERNAL email. Exercise caution. DO NOT open attachments or click links from unknown senders or unexpected email. \*\*\*\***

---

I'm flying this morning but could talk in the afternoon. Do you have any time after 2:00 ET today? I have broad availability tomorrow, too.

> On Jun 13, 2023, at 8:49 AM, Yeoman, Joseph <Joseph.Yeoman@atg.in.gov> wrote:
>
> Dear Matt,
>
> Thanks for the email. I am free this morning before 11:00 AM for a call. Does that work for you?
>
> I should also clarify, when we do larger call, it will be Arizona, Indiana, North Carolina, and Ohio.
>
> Joe
>
> **Joseph D. Yeoman**
> Deputy Attorney General – Data Privacy & Identity Theft Unit
> Office of Indiana Attorney General Todd Rokita
> 302 West Washington Street
> IGCS – 5th Floor
> Indianapolis, IN 46204
> p: 317.234.1912 │f: 317.232.7979
> joseph.yeoman@atg.in.gov
>
> ---
>
> **From:** Albaugh, Matt <MAlbaugh@taftlaw.com>
> **Sent:** Monday, June 12, 2023 6:56 PM
> **To:** Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>
> **Subject:** RE: State of Arizona, ex rel. Kristin K. Mayes, et al., v. Michael D. Lansky, L.L.C., dba Avid Telecom, et al. Case 4:23-cv-00233-EJM
>
> **\*\*\*\* This is an EXTERNAL email. Exercise caution. DO NOT open attachments or click links from unknown senders or unexpected email. \*\*\*\***
>
> ---
>
> Joe:  Before scheduling an all-hand's call with this entire group, could just you and I jump on a call together?  It shouldn't take more than 15 minutes.  Thanks -- Matt
>
> ---
>
> **From:** Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>
> **Sent:** Thursday, June 1, 2023 4:09 PM

**To:** Albaugh, Matt <[MAlbaugh@taftlaw.com](mailto:MAlbaugh@taftlaw.com)>; Neil Ende <[nende@tlgdc.com](mailto:nende@tlgdc.com)>
**Cc:** Alyssa Jauregui <[Alyssa.Jauregui@OhioAGO.gov](mailto:Alyssa.Jauregui@OhioAGO.gov)>; Danielle Wilburn
<[dwilburnallen@NCDOJ.GOV](mailto:dwilburnallen@NCDOJ.GOV)>; Swetnam, Douglas <[Douglas.Swetnam@atg.in.gov](mailto:Douglas.Swetnam@atg.in.gov)>;
[Dylan.Jones@azag.gov](mailto:Dylan.Jones@azag.gov); Erin Leahy <[erin.leahy@OhioAGO.gov](mailto:erin.leahy@OhioAGO.gov)>; Hardcastle, Victoria
<[Victoria.Hardcastle@atg.in.gov](mailto:Victoria.Hardcastle@atg.in.gov)>; John Isaacs <[John.Isaacs@ohioAGO.gov](mailto:John.Isaacs@ohioAGO.gov)>;
[Joseph.Hubble@azag.gov](mailto:Joseph.Hubble@azag.gov); Klippel, Casey R (ATG) <[Casey.Klippel@atg.in.gov](mailto:Casey.Klippel@atg.in.gov)>;
[laura.dilweg@azag.gov](mailto:laura.dilweg@azag.gov); [Nyla.Hunsinger@azag.gov](mailto:Nyla.Hunsinger@azag.gov); Nayer, Tracy <[Tnayer@ncdoj.gov](mailto:Tnayer@ncdoj.gov)>
**Subject:** RE: State of Arizona, ex rel. Kristin K. Mayes, et al., v. Michael D. Lansky, L.L.C.,
dba Avid Telecom, et al. Case 4:23-cv-00233-EJM

Dear Matt,

Thank you for your email. I hope you are well too.

We would be happy to set up a call to discuss the litigation with you.

As for concerns about the safety of your clients or potential illegal acts, we
reiterate that they should contact 9-1-1, or their local police department.

Attached is the waiver of service. We mailed copies of it to your clients on May
23, 2023.

Also, I have CCed the appropriate contacts for the Plaintiffs. In future
correspondence, please include the emails listed.

Thanks,
Joe Yeoman


**Joseph D. Yeoman**
Deputy Attorney General – Data Privacy & Identity Theft Unit
Office of Indiana Attorney General Todd Rokita
302 West Washington Street
IGCS – 5th Floor
Indianapolis, IN 46204
p: 317.234.1912 │f: 317.232.7979
[joseph.yeoman@atg.in.gov](mailto:joseph.yeoman@atg.in.gov)

---

**From:** Albaugh, Matt <[MAlbaugh@taftlaw.com](mailto:MAlbaugh@taftlaw.com)>
**Sent:** Thursday, June 1, 2023 7:18 AM
**To:** Yeoman, Joseph <[Joseph.Yeoman@atg.in.gov](mailto:Joseph.Yeoman@atg.in.gov)>; Klippel, Casey R (ATG)
<[Casey.Klippel@atg.in.gov](mailto:Casey.Klippel@atg.in.gov)>; Swetnam, Douglas <[Douglas.Swetnam@atg.in.gov](mailto:Douglas.Swetnam@atg.in.gov)>
**Cc:** Neil Ende <[nende@tlgdc.com](mailto:nende@tlgdc.com)>
**Subject:** State of Arizona, ex rel. Kristin K. Mayes, et al., v. Michael D. Lansky, L.L.C., dba
Avid Telecom, et al. Case 4:23-cv-00233-EJM

**\*\*\*\* This is an EXTERNAL email. Exercise caution. DO NOT open
attachments or click links from unknown senders or unexpected email. \*\*\*\***

---

Joe:  We hope you and your family had a nice Memorial Day weekend.  I write in
response to your May 23, 2023, correspondence to Neil Ende regarding the complaint
filed in Arizona federal court against Avid Telecom, Michael Lansky, and Stacey

Reeves.  Initially, Neil and I are authorized to accept service of the complaint.  Please send it to me.  I will send you confirmation of receipt and our calculation of the response date, so we are all on the same page about deadlines.

More importantly, we would like to promptly discuss this litigation.  There are several pressing items that need to be addressed, some of which we've attempted to raise with "lead counsel for the plaintiffs" at the Arizona Attorney General's office.  Plaintiffs' initial response is disheartening and troubling, particularly coming from public servants like yourself.

Over the past several days, Michael Lansky and Stacey Reeves have been subjected to vile and intimidating harassment.  Scores of individuals have tracked Michael and Stacey down, found their home phone numbers, email addresses and home addresses, and launched a campaign of intimidation and death threats, including a specific threat to kill Ms. Reeves' children.  Even Avid Telecom's counsel is receiving threatening calls.  We've attached some of the worst.

I hope that you agree that no one should have strangers calling their home phones with death threats.  I hope that you agree that a person should not live in fear that people will come to their homes to follow-through on their threats of violence and bodily harm.  Put yourself in their shoes and picture people threatening to kill your children.  It's outrageous and hopefully it sickens you like it sickens us.

Your office should take steps to both stop it and ensure no harm comes to Michael, Stacey, or their families. Given the grave risk that these threats pose to the safety of our clients, we ask that, at the very minimum, the Taskforce promptly issue a Press Release that advises the public that the complaint merely contains allegations that have yet to be judicially established.  The Taskforce's Press Release should also state that harassing calls or emails containing threats of violence and harm are unlawful and must stop immediately.  We also request that the Taskforce work with its law enforcement colleagues to identify the individuals making these reprehensible calls and prosecute them to the full extent of the law.

Mr. Ende and I represent Avid Telecom and Mr. Lansky.  Lee Stein of the Mitchell Stein Carey Chapman law firm in Phoenix represents Ms. Reeves.  As you are aware from our previous interactions, we believe that the vast majority of the allegations in the complaint are not supported by fact and that there is no legal basis for the claims.  Indeed, we believe that the readily-provable facts demonstrate that Avid Telecom—which never serves as a Point-of-Entry carrier—is one of the honest players in the industry whose compliance with all applicable law and regulations, as well as its good faith efforts, have served as a firewall to block billions of illegal robocalls that have hit its network.  Avid Telecom blocked over 2.2 billion illegal robocalls last year, alone.  In this context, we welcome your offer to have a telephone call to discuss the complaint, the underlying factual and legal claims, as well as potential avenues to resolution.

Please let us know the earliest date this week or early next week when you and your team are available to talk.

Matt



**Matt Albaugh**
Partner
MAlbaugh@taftlaw.com
Dir: 317.713.3490
Tel: 317.713.3500   |   Fax: 317.713.3699
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204-2023

**taftlaw.com**

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

---

**From:** "Yeoman, Joseph" <Joseph.Yeoman@atg.in.gov>
**Date:** May 23, 2023 at 4:05:30 PM EDT
**To:** Neil Ende <nende@tlgdc.com>
**Cc:** "Ziperman, Philip" <pziperman@oag.state.md.us>, "Hyland, Kathleen" <khyland@oag.state.md.us>, Alyssa Jauregui <Alyssa.Jauregui@ohioago.gov>, Christopher Belmarez <Christopher.Belmarez@ohioago.gov>, Danielle Wilburn <dwilburnallen@ncdoj.gov>, "Swetnam, Douglas" <Douglas.Swetnam@atg.in.gov>, Dylan.Jones@azag.gov, Erin Leahy <erin.leahy@ohioago.gov>, "Hardcastle, Victoria" <Victoria.Hardcastle@atg.in.gov>, John Hathaway <John.Hathaway@ohioago.gov>, John Isaacs <John.Isaacs@ohioago.gov>, Joseph.Hubble@azag.gov, Kevin Walsh <Kevin.Walsh@ohioago.gov>, "Klippel, Casey R (ATG)" <Casey.Klippel@atg.in.gov>, laura.dilweg@azag.gov, Nyla.Hunsinger@azag.gov, "Nayer, Tracy" <Tnayer@ncdoj.gov>
**Subject:** RE:  State of Arizona, ex rel. Kristin K. Mayes, et al., v. Michael D. Lansky, L.L.C., dba Avid Telecom, et al. Case 4:23-cv-00233-EJM

Dear Mr. Ende,

We have filed a complaint in the District of Arizona against Michael D. Lansky LLC dba Avid Telcom, Michael Lansky, and Stacey Reeves. We have attached a courtesy copy of the complaint to this email. Please let us know if you will be representing Michael D. Lansky LLC dba Avid Telcom, Michael Lansky, and/or Stacey Reeves in this matter. If so, please let us know if your client or clients would waive service.

We will be mailing a waiver of service today to Michael D. Lansky LLC dba Avid Telcom, Michael Lansky, and Stacey Reeves.

Further, we understand you have requested a meeting with the Maryland Attorney General's office concerning the issues it raised in its May 11, 2023, correspondence.  Maryland is one of the states that has joined this multistate litigation, which is being led by the Offices of the Arizona, Indiana, Ohio, and North Carolina

Attorneys General.  We would be more than happy to set up a call to discuss this litigation.

Please let us know if you have any questions.

Sincerely,
Joe Yeoman

**Joseph D. Yeoman**
Deputy Attorney General – Data Privacy & Identity Theft Unit
Office of Indiana Attorney General Todd Rokita
302 West Washington Street
IGCS – 5th Floor
Indianapolis, IN 46204
p: 317.234.1912 | f: 317.232.7979
joseph.yeoman@atg.in.gov

Exhibit D

**Albaugh, Matt**

| | |
|---|---|
| **From:** | Albaugh, Matt |
| **Sent:** | Wednesday, July 12, 2023 3:31 PM |
| **To:** | Yeoman, Joseph; Anne M. Chapman; Brianne Wolcott; Neil Ende; 'Lee Stein' |
| **Cc:** | Dilweg, Laura; Swetnam, Douglas; Klippel, Casey R (ATG); Jones, Dylan; Wilburn Allen, Danielle; Erin Leahy; Nayer, Tracy; Hubble, Joseph |
| **Subject:** | RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom |

Joe:

We can confirm availability for a video conference meeting from 11-1 on Wednesday, July 19.  Would you please circulate an invite with link to everyone you'd like on the call from your side?  For the Defendants, it will be Neil and me.

Matt

---

**From:** Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>
**Sent:** Tuesday, July 11, 2023 1:13 PM
**To:** Albaugh, Matt <MAlbaugh@taftlaw.com>; Anne M. Chapman <anne@mscclaw.com>; Brianne Wolcott <brianne@mscclaw.com>; Neil Ende <nende@tlgdc.com>; 'Lee Stein' <lee@mscclaw.com>
**Cc:** Dilweg, Laura <Laura.Dilweg@azag.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Klippel, Casey R (ATG) <Casey.Klippel@atg.in.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Wilburn Allen, Danielle <dwilburnallen@NCDOJ.GOV>; Erin Leahy <erin.leahy@OhioAGO.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>; Hubble, Joseph <Joseph.Hubble@azag.gov>
**Subject:** RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom

Dear Matt,

I am terribly sorry. I forgot to add a vacation to my calendar for next week. I will be out on Thursday. We have found some more times on our end that will work for a call next week.

Monday: 12-2 PM Eastern. And after 4:00 PM Eastern.
Wednesday: from 11-1 Eastern (we can no longer do a call after 3:00 PM Eastern).

Thanks,
Joe

**Joseph D. Yeoman**
Deputy Attorney General – Data Privacy & Identity Theft Unit
Office of Indiana Attorney General Todd Rokita
302 West Washington Street
IGCS – 5th Floor
Indianapolis, IN 46204
p: 317.234.1912 │f: 317.232.7979
joseph.yeoman@atg.in.gov

---

**From:** Albaugh, Matt <MAlbaugh@taftlaw.com>
**Sent:** Monday, July 10, 2023 1:14 PM
**To:** Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>; Anne M. Chapman <anne@mscclaw.com>; Brianne Wolcott

<brianne@mscclaw.com>; Neil Ende <nende@tlgdc.com>; 'Lee Stein' <lee@mscclaw.com>
**Cc:** Dilweg, Laura <Laura.Dilweg@azag.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Klippel, Casey R (ATG)
<Casey.Klippel@atg.in.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Wilburn Allen, Danielle
<dwilburnallen@NCDOJ.GOV>; Erin Leahy <erin.leahy@OhioAGO.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>; Hubble,
Joseph <Joseph.Hubble@azag.gov>
**Subject:** RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom

**\*\*\*\* This is an EXTERNAL email. Exercise caution. DO NOT open attachments or click links from unknown senders or unexpected email. \*\*\*\***

Thanks, Joe.  Let me circle back with my team and I'll do my best to confirm one of those days.

Matt

**From:** Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>
**Sent:** Monday, July 10, 2023 1:13 PM
**To:** Albaugh, Matt <MAlbaugh@taftlaw.com>; Anne M. Chapman <anne@mscclaw.com>; Brianne Wolcott
<brianne@mscclaw.com>; Neil Ende <nende@tlgdc.com>; 'Lee Stein' <lee@mscclaw.com>
**Cc:** Dilweg, Laura <Laura.Dilweg@azag.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Klippel, Casey R (ATG)
<Casey.Klippel@atg.in.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Wilburn Allen, Danielle
<dwilburnallen@NCDOJ.GOV>; Erin Leahy <erin.leahy@OhioAGO.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>; Hubble,
Joseph <Joseph.Hubble@azag.gov>
**Subject:** RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom

Dear Matt,

Thanks for your patience. We, unfortunately, cannot make a call work this Thursday or Friday work with all the
Leadership States.

We are available on Wednesday, July 19 at 3:00 PM Eastern. We are also available on Thursday, July 20 at
12:00 PM Eastern.

Thanks,
Joe

**Joseph D. Yeoman**
Deputy Attorney General – Data Privacy & Identity Theft Unit
Office of Indiana Attorney General Todd Rokita
302 West Washington Street
IGCS – 5th Floor
Indianapolis, IN 46204
p: 317.234.1912 | f: 317.232.7979
joseph.yeoman@atg.in.gov

**From:** Yeoman, Joseph
**Sent:** Thursday, July 6, 2023 1:19 PM
**To:** Albaugh, Matt <MAlbaugh@taftlaw.com>; Anne M. Chapman <anne@mscclaw.com>; Brianne Wolcott
<brianne@mscclaw.com>; Neil Ende <nende@tlgdc.com>; 'Lee Stein' <lee@mscclaw.com>
**Cc:** Dilweg, Laura <Laura.Dilweg@azag.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Klippel, Casey R (ATG)
<Casey.Klippel@atg.in.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Wilburn Allen, Danielle
<dwilburnallen@NCDOJ.GOV>; Erin Leahy <erin.leahy@OhioAGO.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>; Hubble,

Joseph <Joseph.Hubble@azag.gov>
**Subject:** RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom

Dear Matt,

Thanks for the email. We have several attorneys on vacation this week. We are waiting on one state to finalize, but it looks like Friday, July 14 at 1:00 PM Eastern should work for a start time.

Also, as we wrote in a previous email, we would be unopposed to a 45-day continuance. The Plaintiffs will not be joining an agreed motion to continue.

Thank you,
Joe

**Joseph D. Yeoman**
Deputy Attorney General – Data Privacy & Identity Theft Unit
Office of Indiana Attorney General Todd Rokita
302 West Washington Street
IGCS – 5th Floor
Indianapolis, IN 46204
p: 317.234.1912 |f: 317.232.7979
joseph.yeoman@atg.in.gov

**From:** Albaugh, Matt <MAlbaugh@taftlaw.com>
**Sent:** Thursday, July 6, 2023 10:35 AM
**To:** Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>; Anne M. Chapman <anne@mscclaw.com>; Brianne Wolcott <brianne@mscclaw.com>; Neil Ende <nende@tlgdc.com>; 'Lee Stein' <lee@mscclaw.com>
**Cc:** Dilweg, Laura <Laura.Dilweg@azag.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Klippel, Casey R (ATG) <Casey.Klippel@atg.in.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Wilburn Allen, Danielle <dwilburnallen@NCDOJ.GOV>; Erin Leahy <erin.leahy@OhioAGO.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>
**Subject:** RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom

**** This is an EXTERNAL email. Exercise caution. DO NOT open attachments or click links from unknown senders or unexpected email. ****

Joe:  I hope you and everyone on the taskforce's leadership had a nice July 4th holiday.

We are preparing documentation to provide the taskforce in advance of an initial meeting.  We anticipate sending it to you early next week, so we'd like to set our initial meeting with you on July 13 or July 14.  Please let me know if there are time slots available one of those two days.  If those dates don't work, please send me available days/times the week of July 17.

I calculate that Defendants' answer date is currently July 24, 2023.  A 45-day extension on the answer would take Defendants' answer date to September 7, 2023.  We will file the agreed extension shortly so that the parties can explore if a settlement of the states' claims is viable.

The taskforce's proposal for a "total and complete ban from the telecom industry" – as you have defined the term below – is not a viable option.  It's simply too broad.  If the taskforce is interested in discussing an appropriately tailored set of restrictions, we can explore that option.  Otherwise, the proffered "ban" from the "telecom industry" is wholly unworkable.

I will discuss the parameters of the proposed discovery you describe below and respond in due course.  I think that it could be helpful to the discussion of an agreed settlement for there to be an exchange of documents that each side believes support their case.  I am happy to discuss the parameters of such an exchange when you and your team are ready.

Matt

---

**From:** Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>
**Sent:** Wednesday, June 28, 2023 11:33 AM
**To:** Albaugh, Matt <MAlbaugh@taftlaw.com>; Anne M. Chapman <anne@mscclaw.com>; Brianne Wolcott <brianne@mscclaw.com>; Neil Ende <nende@tlgdc.com>; 'Lee Stein' <lee@mscclaw.com>
**Cc:** Dilweg, Laura <Laura.Dilweg@azag.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Klippel, Casey R (ATG) <Casey.Klippel@atg.in.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Wilburn Allen, Danielle <dwilburnallen@NCDOJ.GOV>; Erin Leahy <erin.leahy@OhioAGO.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>
**Subject:** RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom

Dear Matt,

Thank you for your email. We are happy to clarify some of our main points.

1. A total ban from the industry would be a total and complete ban from the telecom industry. Under these settlement terms, a person would not be able to own, work for, consult, or provide any services to companies that provide VoIP services or telephony services. Further, there would be a ban from assisting and facilitating anyone that sends outbound telemarketing calls and/or robocalls or is involved in any entity or platform in the ecosystem that results in the initiation of telemarketing calls and/or robocalls.

2. As for discovery, as detailed in our complaint, we have extensive evidence of your clients' actions and inactions with their downstream providers and a few upstream customers. To move forward with injunctive terms that would allow your clients to stay in the industry with specific constraints, we would need, for instance, to know more about your clients' actions and/or inactions with their upstream customers. Initially, we would request all communications with customers that received a Traceback or downstream provider complaint, as well as all documents collected from these companies as part of the Know Your Customer or onboarding process. Further, we would request internal communications regarding Tracebacks and downstream provider complaints. Communications would also include text messages, Skype chats, and/or communications on other platforms.

3. We are unable to agree to an indefinite stay on the litigation. If our negotiations appear to be productive, we would not oppose a motion to continue for 45 days.  From there, we would have to discuss any further continuances.

Finally, as we noted in prior emails, we would still like to schedule a call. We have several attorneys and staff members that are on vacation next week due to the July 4th holiday. Our first available date for a call after the holiday is Tuesday, July 11th. Please let us know if all members of Defendants' counsel are open and available to having a call.

Thanks,
Joe

**Joseph D. Yeoman**
Deputy Attorney General – Data Privacy & Identity Theft Unit
Office of Indiana Attorney General Todd Rokita

302 West Washington Street
IGCS – 5th Floor
Indianapolis, IN 46204
p: 317.234.1912 |f: 317.232.7979
joseph.yeoman@atg.in.gov

---

**From:** Albaugh, Matt <MAlbaugh@taftlaw.com>
**Sent:** Monday, June 26, 2023 3:44 PM
**To:** Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>; Anne M. Chapman <anne@mscclaw.com>; Brianne Wolcott <brianne@mscclaw.com>; Neil Ende <nende@tlgdc.com>; 'Lee Stein' <lee@mscclaw.com>
**Cc:** Dilweg, Laura <Laura.Dilweg@azag.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Klippel, Casey R (ATG) <Casey.Klippel@atg.in.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Wilburn Allen, Danielle <dwilburnallen@NCDOJ.GOV>; Erin Leahy <erin.leahy@OhioAGO.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>
**Subject:** RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom

**\*\*\*\* This is an EXTERNAL email. Exercise caution. DO NOT open attachments or click links from unknown senders or unexpected email. \*\*\*\***

**Rule 408 Communication**

Joe:

Thank you for the email and prompt response. Defendants are interested in exploring a reasonable settlement and would like to pursue these discussions to see if a workable compromise can be struck before protracted litigation.

We appreciate your suggestion that we establish some parameters to discuss settlement. Your email below is a good starting point, but we need clarification on a few topics.

First, your email discusses an "exit from the telecom industry" and a "total ban from the telecom industry." The term "telecom industry" might have been subject to easy definition decades ago. But not so in 2023. We need to understand what you mean by this term before we can move forward. Given the nature of the dispute and the taskforce's stated mission, we understand you to mean certificated 499 carriers specializing in short-duration calls.

Second, what do you have in mind when you say you will need discovery? What type of discovery and on what subject matters? How will this discovery impact the injunctive terms to be negotiated?

Third, can the task force agree to stay the pending litigation and hold current deadlines in abeyance while we negotiate?

Finally, to clarify, Neil and I represent Avid Telecom, Mr. Lansky, and Ms. Reeves. Lee Stein will be involved in the Arizona litigation if we are unsuccessful in these negotiations.

We look forward to hearing back from you promptly.  Thanks, Matt

**Taft/**

**Matt Albaugh**
Partner
MAlbaugh@taftlaw.com
Dir: 317.713.3490
Tel: 317.713.3500   |   Fax: 317.713.3699
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204-2023

**taftlaw.com**

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**From:** Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>
**Sent:** Friday, June 23, 2023 1:57 PM
**To:** Albaugh, Matt <MAlbaugh@taftlaw.com>; Anne M. Chapman <anne@mscclaw.com>; Brianne Wolcott <brianne@mscclaw.com>; Neil Ende <nende@tlgdc.com>; 'Lee Stein' <lee@mscclaw.com>
**Cc:** Dilweg, Laura <Laura.Dilweg@azag.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Klippel, Casey R (ATG) <Casey.Klippel@atg.in.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Wilburn Allen, Danielle <dwilburnallen@NCDOJ.GOV>; Erin Leahy <erin.leahy@OhioAGO.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>; Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>
**Subject:** Re: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom

**Potential Rule 408 Communication**

Dear Matt,

Thank you for sending over your initial outline for an offer to resolve this matter. We are CCing Neil Ende, Lee Stein, Anne Chapman, and you. We would prefer Ms. Reeves' counsel to be part of any settlement discussion regarding her. As we have indicated, the Plaintiffs are in agreement that counsel for the lead states of AZ, IN, NC and OH will be handling the bulk of the communications and will report regularly to the multistate group.  Accordingly, Plaintiffs' counsel cc'd on this email should be included on all communications.  In addition, any future meetings regarding settlement need to be scheduled at least 48 hours in advance so that all the lead states can attend.

Before we begin earnest settlement discussions, we want to relay our foundations for any settlement agreements.

First, all proposed offers where one party is voluntarily dismissed from the case will be rejected outright. If a party would like to be dismissed from the lawsuit, that party can seek a remedy from the Court. If Ms. Reeves would like to end the litigation against her, she will also need to enter into an agreement with the Plaintiffs that includes injunctive terms and monetary relief.

Second, for any settlement agreement that is not one in which that Defendant agrees to exit the telecom industry going forward, all settlements must include injunctive terms that apply to that specific party. Further, all settlements will include monetary relief.

Third, we are not currently in a position to offer specific injunctive terms for each Defendant, outside of a total ban from the telecom industry. If your clients want to negotiate on specific injunctive terms that allow them to stay in the telecom industry, the States would need to conduct discovery.

If your clients can accept each of these foundational guidelines, we are willing to move forward with settlement discussions.

Thanks,

Joe Yeoman


**Joseph D. Yeoman**
Deputy Attorney General – Data Privacy & Identity Theft Unit
Office of Indiana Attorney General Todd Rokita
302 West Washington Street
IGCS – 5th Floor
Indianapolis, IN 46204
p: 317.234.1912 │f: 317.232.7979
joseph.yeoman@atg.in.gov

Exhibit E

# Technology Law Group, L.L.C.[SM]

5335 Wisconsin Avenue, NW
Suite 440
Washington, DC  20015

―――――――

202-895-1707
FACSIMILE 202-478-5074
EMAIL nende@tlgdc.com

NEIL S. ENDE, ESQ.

July 18, 2023

<mark>SETTLEMENT PRIVILEGED COMMUNICATION
PURSUANT TO FRE 408
USE PROHIBITED FOR ANY OTHER PURPOSE</mark>

*Via Email*

**(Joseph.Yeoman@atg.in.gov)**

Joe Yeoman
Deputy Attorney General
Office of Indiana Attorney General
302 West Washington Street
IGCS - 5th Floor
Indianapolis, Indiana  46204

*Via Email*
**(Casey.Klippel@atg.in.gov)**

Casey R Klippel
Deputy Attorney General
Office of Indiana Attorney General
302 West Washington Street
IGCS - 5th Floor
Indianapolis, Indiana  46204

*Via Email*
**(Laura.Dilweg@azag.gov)**

Laura Dilweg
Senior Litigation Counsel,
  Consumer Litigation Unit
Attorney General
State of Arizona
2005 N Central Avenue
Phoenix, AZ 85004-2926

*Via Email*

**(Douglas.Swetnam@atg.in.gov)**

Douglas Swetnam
Section Chief, Data Privacy & Identity Theft Unit
Office of Indiana Attorney General
302 West Washington Street
IGCS - 5th Floor
Indianapolis, Indiana  46204

*Via Email*
**(Kristin.Mayes@azag.gov)**

Kristin K. Mayes
Attorney General
State of Arizona
2005 N Central Avenue
Phoenix, AZ 85004-2926

*Via Email*
**(Dylan.Jones@azag.gov)**

Dylan Jones
Attorney General
State of Arizona
2290 W Guadalupe Road
Gilbert, AZ 85233

# Technology Law Group, L.L.C.<sup>SM</sup>

<mark>**SETTLEMENT PRIVILEGED COMMUNICATION**</mark>

Page 2 of 29

*(dwilburnallen@NCDOJ.GOV)*                          *(Tnayer@ncdoj.gov)*

Danielle Wilburn Allen                              Tracy Nayer
North Carolina Department of Justice               Special Deputy Attorney General,
114 W Edenton Street                                  Consumer Protection Division
Raleigh, NC 27603                                   114 W Edenton Street
                                                    Raleigh, NC 27603

*(erin.leahy@OhioAGO.gov)*

Erin Leahy
Senior Assistant Attorney General
Consumer Protection Section
1700 Carew Tower, 441 Vine Street
17th Floor
Cincinnati, OH  45202

> *Re: State of Arizona, ex rel. Kristin K. Mayes,*
> *Attorney General et al. v. Michael D. Lansky,*
> *L.L.C., dba Avid Telecom, an Arizona limited*
> *liability company, Michael D. Lansky, individually*
> *and Stacey reeves, Individually*
>
> *Case 4:23-cv-00233-EJM*

Dear Attorneys General:

Technology Law Group, LLC and Taft act as counsel to Michael D. Lansky, L.L.C., dba Avid Telecom, an Arizona limited liability company, Michael D. Lansky, on an individual basis and Stacey reeves, on an individual basis.  *On behalf of these parties, and as agreed, we* hereby submit this letter as a part of an agreed discussion of a possible settlement process of the referenced complaint ("the AG Complaint").  All content of this letter, as well as any communications and/or discussions that may follow, are to be treated as settlement communications governed by FRE 408 and all related state and federal evidentiary privileges associated with settlement discussions.  Use is prohibited for any other purpose.

## I.      Background Facts

As a preliminary matter, while Avid Telecom certainly understands and shares the Attorneys General concerns regarding *illegal* robocalls.  But, all robocalls are not illegal and that all providers of short duration telecommunications services are not the same.  Unlike some entities who are demonstrably engaged in the origination and/or the transmission of *illegal* robocalls, Avid Telecom is one of the "good guys" in the telecommunications industry, diligently following all of the rules and working hard and successfully to thwart the illegal activities of others.

**Technology Law Group, L.L.C.**<sup>SM</sup>

SETTLEMENT PRIVILEGED COMMUNICATION

Page 3 of 29

The following examples of Avid Telecom's industry-leading practices highlight the efforts Avid Telecom has undertaken both to comply with applicable regulations and laws and to thwart illegal activities:

**A.** **Avid Telecom's Robust Robocalling Mitigation Efforts**. Avid Telecom has implemented all applicable robocalling mitigation requirements. Avid Telecom has filed a comprehensive fully compliant Robocall Mitigation Plan with the FCC. That Plan includes a description of the automatic processes in place that block calls prior to hitting the routing engine in our switch. Among the essential elements of that Plan are the following:

- Avid Telecom blocks calls with an invalid caller ID
- Avid Telecom blocks calls with matching originating and terminating numbers
- Avid Telecom blocks "Neighborhood Spoofing" calls (i.e., calls with the same "NPA/NXX")
- Avid Telecom blocks calls from blacklisted media IP's (i.e., media IP's that are known to have been used for scams, such as government and corporate impersonation.)
- Avid Telecom blocks calls from phone numbers that are known to be used for spoofing
- Avid Telecom blocks ANIs on a real time basis that produce less than 5% ASR, 5 second or less ACD, and any number with greater than 60% short duration calls (calls of 6 seconds or less)
- Avid Telecom blocks calls from wireless ANIs unless the customer is a wireless carrier
- Avid Telecom blocks calls that have been labeled as "almost certainly" spam by YouMail
- Avid Telecom blocks calls that are labeled as "scam" by YouMail

**B.** **Avid Telecom's Rigorous Customer Requirements**. Avid Telecom has implemented fully compliant "Know Your Customer" procedures. For all new customers, Avid requires the completion of a Customer Information Form. Avid Telecom's questions to its new customers include, among other things, verification of compliance with tracebacks, a description of their vetting process for new customers and actions taken when fraudulent customers are found. All requested information in the document *must* be supplied and completed in order for Avid Telecom to do business with them.

Among other internal processes and procedures, Avid Telecom requires that all customers have:

- FCC 499 Filer ID
- FCC Registration Number ("FRN")
- Verified trade references from respected sources
- A Stir Shaken compliance plan
- Verified bank references

**Technology Law Group, L.L.C.**<sup>SM</sup>

SETTLEMENT PRIVILEGED COMMUNICATION

Page 4 of 29

- Confirmed state of incorporation
- Confirmed federal tax ID
- A verified description of kind(s) of traffic that they will deliver
- Identified company responsible parties
- A signed Master Service Agreement (MSA) with Avid Telecom
- Proof of federal Universal Service Fund ("FUSF") compliance for the current year
- Verification of a filed Robocall Mitigation Plan

In addition to the above, applications from non-US carriers attempting to terminate traffic in the USA are denied unless they come from a known and respected international company. This practice is critical as many Attorneys General have acknowledged that most illegal robocalls originate overseas and that the focus of enforcement efforts should be directed to parties involved in foreign originated traffic.

II.   **Avid Telecom Has Never Been Found By Any State Or Federal Authority To Have Engaged In, Aided Or Abetted Any Illegal Conduct.**

A.   <u>**Avid Telecom Has Always Been Fully "Stir/Shaken" Compliant**</u>.   Avid Telecom upgraded its switching platform—well in advance of the applicable deadline—to comply with Stir/Shaken mandate to accept and accurately transmit all Stir/Shaken data it receives in a call path.

B.   <u>**Avid Telecom Voluntarily Pays for Enhanced Monitoring Services**</u>. Avid Telecom spends at least $400,000 each year to purchase enhanced switch data services from its switch provider that allow it to identify illegal calls and to terminate the providers of those calls. The only purpose for this expenditure is to allow Avid Telecom to better identify and to block illegal calls. Avid Telecom voluntarily obtains and pays for these enhanced services, which are not required by law or regulation to process its calls.

C.   <u>**Avid Telecom is Fully Regulatorily Compliant**</u>. Avid Telecom is fully regulatory complaint in all areas.

D.   <u>**Avid Telecom Refuses to Do Business with "Bad Actor" Customers**</u>. Avid Telecom will not knowingly do business with any "bad actor" customer. During the twelve-month period prior to the Complaint, Avid Telecom has received only eighty-four (84) tracebacks from the Traceback Group out of a total of in excess of 8.5 billion completed calls (*e.g.,* a rate of 000001%). In each case, regardless of whether the tickets appeared to reflect illegal activity, Avid Telecom promptly investigated the issue, provided a complete response and, where there were a material number of tracebacks from a single customer, Avid promptly terminated its relationship with the customer.

E.   <u>**Avid Telecom Only Accepts Traffic From Carriers who have Represented and Warranted that they Fully Comply with all Applicable Robocalling Rules and Regulations**</u>. Avid Telecom requires all of the carriers from which it takes traffic to certify that all of their traffic

# Technology Law Group, L.L.C.<sup>SM</sup>

is legal and that, where required, they have compliant opt-in documentation. Consistent with this requirement, Avid Telecom's Carrier Service Agreement provides as follows (bold allcaps in original):

> **13.2     CUSTOMER REPRESENTS AND WARRANTS THAT IT IS PRESENTLY FULLY COMPLIANT—AND THAT IT WILL REMAIN FULLY COMPLIANT THROUGHOUT THE TERM—WITH ALL STATE AND FEDERAL LAWS AND REGULATIONS, INCLUDING WITHOUT LIMITATION ALL LAWS AND REGULATIONS REGARDING THE ESTABLISHMENT AND MAINTENANCE OF THE CORPORATE FORM, ALL STATE AND LOCAL LAWS AND REGULATIONS REGARDING THE ACQUSITION OF BUSINESS LICENSES, ALL LAWS AND REGULATIONS GOVERNING THE CUSTOMER'S OPERATIONS, INCLUDING WITHOUT LIMITATION, FCC 499 FILING AND UNIVERSAL SERVICE FUND PAYMENT REQUIREMENTS, AS WELL AS ALL STATE OR FEDERAL MARKETING, TELEMARKETING, ROBOCALLING LAWS AND REGULATIONS SUCH AS STIR SHAKEN, "KNOW YOUR CUSTOMER" AND ROBOCALLING PLANS.   WITH RESPECT TO STATE AND FEDERAL LAWS AND REGULATIONS, CUSTOMER SPECIFICALLY REPRESENTS AND WARRANTS THAT IT WILL NOT KNOWINGLY DELIVER TO AVID ANY CALLS THAT IT KNOWS OR REASONABLY SHOULD KNOW, VIOLATE ANY STATE OR FEDERAL LAW OR REGULATION RELATING TO MARKETING, TELEMARKETING, ROBOCALLING AND THAT IF IT BECOMES AWARE THAT IT HAS DELIVERED SUCH CALLS TO AVID, IT WILL IMMEDIATELY INFORM AVID, IDENTIFYING ALL SUCH  CALLS WITH SPECIFICITY AND IT WILL TAKE ALL AVAILABLE MEASURES TO IMMEDIATELY CEASE AND TO DESIST FROM THE DELIVERY OF ALL SUCH CALLS.**

**F.     <u>Avid Telecom Denies over 90 percent of Requests for Service</u>**.  Avid Telecom rejects more than ninety percent (90%) of the service requests that it receives, based upon information and/or suspicions regarding the legality of the traffic at issue.

**G.     <u>Avid Terminates Carrier where it Receives a Material Number of "Traceback Tickets"</u>**.  Contrary to the allegation in the complaint, Avid Telecom has terminated carriers where it has received a material number of traceback "tickets".

**H.     <u>Avid Telecom is Never an Originating Carrier, and Has No Way of Knowing the Originating Customer or the Content of the Call</u>**. Avid Telecom never has a direct relationship with the person or company on whose behalf the call is placed.  All calls are based on the exclusive design and selection of the originating customer. For example, where Avid Telecom accepts traffic from its customer, Digital Marketing Services ("DMS"), it does not originate that traffic. Instead, it receives the traffic from the call center or other entity engaged by DMS for that purpose. Similarly, where Avid Telecom accepts traffic from DMS, it has no role of any kind in the selection of the underlying customer (generally a large corporate client like CVS), the numbers to which the calls will be directed, the authorization of the underlying customer or DMS to place those calls or the underlying business purpose (*e.g.,* notification that a prescription is ready). As a

# Technology Law Group, L.L.C.<sup>SM</sup>

**SETTLEMENT PRIVILEGED COMMUNICATION**

Page 6 of 29

result, Avid Telecom has no knowledge of any of the factors that could make a robocall illegal, and no way to determine in real time if any specific call or any group of calls is/are illegal.

### III.   The Industry Traceback Group Has Limited Authority and is Deeply Problematic

**A.   The Issuance of a Traceback By the Traceback Group is Not Evidence of Illegal Activity**.  No state or federal regulatory authority or law enforcement agency has ever found that even a single call placed by Avid Telecom was illegal, and every state law enforcement authority (*e.g.,* Ohio and Indiana) that has issued a CID to Avid Telecom has withdrawn it.  As such, there is no evidentiary basis for a claim of unlawful traffic. None. Accordingly, the AG complaint is predicated entirely on the demonstrably false assertion that virtually all tracebacks reflect unlawful traffic. Notwithstanding the frequent posturing of The Industry Traceback Group, it lacks any legal authority to determine the types of traffic that constitute illegal robocalling or whether a specific call was actually illegal. The Industry Traceback Group can only investigate the flow of calls that are suspected illegal robocalls from their point of origination. The authority to enforce robocalling rules resides exclusively with the FCC Enforcement Bureau and the Department of Justice; not with The Industry Traceback Group. To the extent that the complaint assumes that tracebacks reflect illegal robocalls, that assumption is simply wrong. As traceback are merely requests for tracking information and not a finding of illegality, any suggestion that the mere issuance of a traceback  is an indication of illegal robocalling is also in error.  The data relating to Avid Telecom's traffic clearly evidences that the overwhelming majority of the tracebacks "tickets" Avid Telecom has received are for lawful calls. As such, any conclusion about Avid Telecom's involvement in illegal robocalling activity cannot be based on the issuance of tracebacks; this position is both legally unsustainable—as tracebacks do not reflect evidence of illegal activity – and demonstrably inconsistent with the data, which shows that most of the tracebacks were associated with lawful calls.

**B.   The Industry Traceback Group Has Consistently Refused to Engage with Avid Telecom Regarding the Meaning and Treatment of Traceback "Tickets"**.  Not only has the Industry Traceback Group materially exceeded its authority by pretending that it has the authority to determine the legal status of a robocall, but it has also been intentionally evasive in response to direct requests for assistance from Avid Telecom regarding multiple traceback "tickets".  The following exchange is representative both of Avid Telecom's efforts to work with the Industry Traceback Group to address its concerns:

**From:** Jessica Thompson <jthompson@ustelecom.org>
**Sent:** Friday, March 4, 2022 6:25 AM
**To:** Stacey Reeves <reeves@avid-telecom.com>
**Cc:** Michael Lansky <lansky@avid-telecom.com>
**Subject:** RE: Tracebacks - DMS

How we should move forward with addressing DMS's concerns. We typically do not reach out to the callers, in this case, DMS is the caller. We also want to make sure we

**Technology Law Group, L.L.C.**<sup>SM</sup>

provide you, the originating provider with the necessary information as to why we are tracing these particular calls and what makes them illegal.

**From:** Stacey Reeves <reeves@avid-telecom.com>
**Sent:** Friday, March 4, 2022 9:23 AM
**To:** Jessica Thompson <jthompson@ustelecom.org>
**Cc:** Michael Lansky <lansky@avid-telecom.com>
**Subject:** RE: Tracebacks - DMS

Jessica,

Can you clarify what the situation is?  We are trying to get everyone on the same page so that there is an understanding of their process and the validity of their traffic.

Regards,

Stacey Reeves
Vice President of Operations and Sales
Office:  520-395-9473
Cell:  601-447-3530

www.avid-telecom.com

8729 East Sunrise Drive, #209
Tuscon, AZ  85718

**From:** Jessica Thompson <jthompson@ustelecom.org>
**Sent:** Friday, March 4, 2022 9:08 AM
**To:** Stacey Reeves <reeves@avid-telecom.com>
**Subject:** RE: Tracebacks - DMS

Hi Stacey – We are having some internal discussions regarding this situation. We will reach out to you or DMS when we have an update.

Jessica Thompson
Director, Policy & ITG/Traceback Operations
USTelecom – The Broadband Association
601 New Jersey Avenue NW, Suite 600
O: 202-326-7273 | M: 240-355-1448

USTELECOM | THE BROADBAND ASSOCIATION

**From:** Stacey Reeves <reeves@avid-telecom.com>
**Sent:** Tuesday, February 15, 2022 1:35 PM
**To:** Jessica Thompson <jthompson@ustelecom.org>
**Cc:** 'Lucy Rodriguez | DMS' <lrodriguez@dmsgroup.com>; 'Robert Pulsipher | DMS' <rpulsipher@dmsgroup.com>; Evan King | DMS <eking@dmsgroup.com>; Michael Lansky <lansky@avid-telecom.com>
**Subject:** Tracebacks - DMS

**Technology Law Group, L.L.C.**[SM]

SETTLEMENT PRIVILEGED COMMUNICATION

Page 8 of 29

> Jessica,
>
> As discussed, the DMS team would like to set up a call with you to introduce themselves and to discuss the tracebacks from last week.  I have included the following members of the DMS team on copy of this email - Robert Pulsipher, SVP of Operations, Lucy Rodriguez, Compliance and Data Manager, and Evan King, DMS Regulatory Attorney.  In order to facilitate the call, I have also attached DMS's responses to the tracebacks which include the consent details and a description of the campaign.  This information has also been added to the traceback portal.
>
> Please let me know if you have additional questions for Avid, but to clarify, Lucy will be the contact for coordinating the date/time of the call.
>
> Regards,
>
> Stacey Reeves
> Vice President of Operations and Sales
> Office:  520-395-9473
> Cell:  601-447-3530
>
> www.avid-telecom.com
>
> 8729 East Sunrise Drive, #209
> Tuscon, AZ  85718

ITG never agreed to speak with DMS to clarify ITG's concerns or explain how those concerns could be  resolved. It took more than a year for ITG to *first* explain the basis of its concerns:

      **C.**     **The Industry Traceback Group Is Not an Independent Organization With Trustworthy "Opinions" on the Legality of Robocalls**. The Traced Act mandates that the Industry Traceback Group be an independent organization, but it is nothing of the kind. The members of the Industry Traceback Group are, themselves, telecom carriers that have paid their way into USTelecom and, thereby into the Industry Traceback Group. Not surprisingly, a well-known robocall advocate has referred to the Industry Traceback Group as a "protection racket". Moreover, many of the members of the Industry Traceback Group are direct competitors of the carriers, like Avid Telecom, to whom they regularly issue tracebacks.  When tracebacks are issued, it is not uncommon that only some of the carriers in a call string receive them, and the excluded carriers are—by no coincidence—often members of the Industry Traceback Group. Further, Avid Telecom and many other smaller carriers are routinely denied membership in USTelecom (allegedly because they have too many tracebacks. The data demonstrates that many of the members of the Industry Traceback Group—who are never the targets of attorneys general complaints—have far more traceback "tickets" than those denied membership. As the complaint against Avid Telecom relies substantially on traceback "tickets" for its claim of "facilitating" and "aiding and abetting," the transparently flawed and seemingly biased and self-serving manner in which the "tickets" are issued will be at the core of Avid Telecom's defense.

# Technology Law Group, L.L.C.<sup>SM</sup>

Page 9 of 29

### IV.    The Complaint is Rife With False and Unproveable Allegations of Fact

    **A.   Much of the Data On Which the Complaint Relies May Have Been Obtained Illegally**.  On information and belief, much of the data on which the complaint relies was provided by third parties who appear to have obtained it illegally and/or through improper means.  For example, Avid Telecom is aware that many of the transcripts of calls that have been provided to the Attorneys General and are cited in the complaint were obtained through the illegal recording of calls in states which require two party consent, and such consent was not received.  Second, many of the calls were associated with recorded AI systems that answer calls with a recorded message that prevents the calling party from completing its disclosure, thereby intentionally causing the allegedly illegality that they report to third parties. Third, many of the "honeypots" that are used to capture allegedly illegal robocalls, and are listed on the "Do Not Call List"—which is reserved for residential telephone numbers—are in fact "owned" by a business.  This deceptive practice is relevant as calls to this number are also reported as violating the Do Not Call List. As those calls were, in fact, made to a number that does not qualify to be on that list, the delivery of those calls cannot be in violation of Do Not Call laws and regulations.  Thus, to the extent that the complaint relies on violations of the Do Not Call List laws and regulations, that reliance is misplaced. Fourth, much of the data that is used in support of claims of illegal robocalling has apparently been scraped from the voicemails of unsuspecting consumers and handed to third parties who have an economic interest in pursuing claims against Avid Telecom and other carriers. This data scraping potentially violates the terms of use of the customers whose voicemails have been scraped, as well as state and federal laws.  Each of these issues is, of course, also relevant to the admissibility of any associated documents and data.

    **B.    Many of the Compliance Failures Alleged in the Complaint are Associated with Rules, Regulations and/or Tools That Did Not Exist at the Time of the Alleged Failure.**

    The rules and regulations include uncertainties regarding a carriers legal right to block calls.  Nonetheless, in an abundance of caution, Avid Telecom blocked all wireless originations out of concern that those calls could be illegal.  Once SipNAV made available the technology and tools that allowed for the blocking of numbers, including calls with invalid originating numbers or the same originating and terminating numbers, Avid Telecom promptly implemented those tools and technologies as the associated calls were more likely to be illegal.

    **C.    The Complaint Contains Numerous Material Allegations that are Either Unsupported, Misleading or Demonstrably False**

    Avid Telecom is frankly shocked at the unsupported and demonstrably, materially false factual allegations in the Complaint. These allegations pertain to the number of allegedly illegal robocalls that Avid Telecom has transited, and the alleged transmission of scam social security calls. These false allegations have serious real-world consequences, including the delivery of dozens of death threats Avid Telecom's principal, employees and outside counsel. For example, the following message was transmitted to Avid Telecom employee Stacey Reeves from a sender who read the Complaint:

**Technology Law Group, L.L.C.**<sup>SM</sup>

Page 10 of 29

> "I'm going to murder your children.  You are a piece of shit.  You deserve nothing more than the worst torture on earth.  I hope that you drown in a pool of shit and piss.  You're horrible.  Go kill yourself.  Go f%$k yourself with a railroad spike.  Go eat a hot branding iron.  Die and never return to this earth.  F%$k you, f%$k your children, f%$k everyone who knows you.  Please, just kill yourself."

Ms. Reeves' Arizona attorney was so concerned about the implications of this email (and many similar ones) for Ms. Reeves' safety, that he sent the following email to Daniel Barr, Laura Dilweg, Joseph Hubble and Dylan Jones at the Arizona Attorney General's office:

> Dan – I am sure you are aware of the multi-state complaint filed by your office this week against Avid Telecom, Michael Lansky and Stacey Reeves (I have copied the lawyers from the AG's office who appear in the caption).  We represent Stacey Reeves and Neil Ende and Bruce Samuels (copied here) represent Mr. Lansky and Avid.  I am writing to you to alert you to the fact that since the complaint was filed, both Ms. Reeves and Ms. Lansky are receiving a torrent of vile, threatening and abusive voice messages, text messages and emails.  Many of these emails have crossed the line to being threats.  I have attached just two examples in which the callers, using vulgar language, inform Mr. Lansky that he has his home address and that he intends to come to his house and in the other, the caller threatens to murder Ms. Reeves' children. We are genuinely concerned for Mr. Lansky and Ms. Reeves' safety and are asking that the Attorney General's office assist us in investigating the threats, which we believe are criminal, and marshalling security to protect them.  We, of course, will cooperate fully with your office and any other law enforcement agency, but the fact that there is so much activity and we are heading into a holiday weekend has our clients especially concerned.

> Thank you in advance for your immediate attention to this matter.

In a second email, Mr. Stein literally begged for assistance in protecting Ms. Reeves:

> Laura, Joseph and Dylan – I think it is imperative that the Attorney General's Office send out a press release of some sort condemning the harassing conduct here and reminding people that the claims in the complaint are merely allegations and that they need to let the judicial process work.  Truly, the attacks that our clients are receiving are horrifying and we hope you will do what you can to calm things down.  We are available to discuss.  Thanks.

Mr. Stein received the following terse response:

> Lee,

> If you have concerns related to the safety of your clients, please direct them to contact 9-1-1, or their local police department. I am available to discuss tomorrow if necessary.

# Technology Law Group, L.L.C.<sup>SM</sup>

Page 11 of 29

Laura

No press release or statement was issued by the Arizona Attorney General, and the threats against Ms. Reeves and others associated with Avid Telecom have continued to date, all resulting from the unsupported and scurrilous allegations in the Complaint.

Here is but one example (curse words redacted) of the many threatening emails that Michael Lansky, CEO of Avid Telecom, has received:

**From:** [REDACTED]
**Sent:** Thursday, May 25, 2023 7:39 AM
**To:** Avid Info <info@avid-telecom.com>
**Subject:** F%$k you f%$k you f%$k you F%$k you f%$k you f%$k you f%$k you

F%$k you F%$k you f%$k you f%$k you F%$k you f%$k you F%$k you f%$k you you F%$k you f%$k you f%$k you f%$k you f%$k you f%$k you f%$k you f%$k you F%$k you f%$k you F%$k you f%$k you kill yourself you f%$king scumbags f%$king kill yourselves You should all f%$king kill yourself F%$k you f%$king scumbags f%$king kill yourselves f%$king kill yourselves f%$king kill yourself that whole company should all f%$king kill yourselves F%$k all of you kill yourselves You should all go home and f%$king kill yourselves in front of your families F%$k you F%$k you f%$k you.

We include the above transcripts in this submission because it is imperative that the Attorneys General understand the actual, real-life consequences that the false allegations have had, not only on the Defendants' business and personal reputations, and their financial security, but, literally, on their day-to-day personal safety and on the day-to-day safety of their children.

**D.   The False Allegation that Avid Telecom has Never Blocked a Call**.   This allegation is demonstrably false.   The AGs did not approach Avid Telecom for its call blocking data.   The only other party with access to these data would be Avid Telecom's switch provider. On information and belief, these data were not provided to the AGs by the switch provider.   Had such data been requested or obtained, it would have shown that every year Avid Telecom blocks huge numbers of suspected illegal calls.   For example, in 2023, the number of calls that Avid Telecom blocked was in excess of 2.3 billion.   Given the massive number of blocked calls, it is difficult to understand how the allegation that Avid telecom does not block illegal calls could have been made in good faith.

**E.   The False Allegation that Avid Telecom does not Respond to Tracebacks.** Again, this allegation—which is not supported by any facts or evidence—is demonstrably false. Although Avid Telecom firmly believes that the process by which traceback "tickets" are issued is often self-serving and potentially corrupt, nonetheless, as a legitimate carrier, to the best of its knowledge, Avid Telecom has timely and properly responded to *each and every* traceback that it has received.   Avid Telecom will provide all of its traceback responses, if necessary.   The below

# Technology Law Group, L.L.C.<sup>℠</sup>

SETTLEMENT PRIVILEGED COMMUNICATION

Page 12 of 29

email trail reflecting an exchange regarding tracebacks is representative of the many such engagements:

> **From:** Jessica Thompson <jthompson@ustelecom.org>
> **Sent:** Monday, February 14, 2022 3:20 PM
> **To:** Michael Lansky <lansky@avid-telecom.com>; Stacey Reeves <reeves@avid-telecom.com>; Warren Currie <wcurrie@ustelecom.org>
> **Subject:** RE: Traceback Request for Traceback #8069 – Information
>
> Thank you
> **From:** Michael Lansky <lansky@avid-telecom.com>
> **Sent:** Monday, February 14, 2022 2:15 PM
> **To:** Jessica Thompson <jthompson@ustelecom.org>; Stacey Reeves <reeves@avid-telecom.com>; Warren Currie <wcurrie@ustelecom.org>
> **Subject:** RE: Traceback Request for Traceback #8069 – Information
>
> Good afternoon Jessica,
>
> Sorry I missed this email on Friday- they are called Digital Media Services and I believe Stacey will work with them to make the introduction and call.
>
> Thanks again,
>
> Michael Lansky
> 800-799-4415 ext 101
> 520-395-9471 direct
> 520-370-1514 cell
>
> www.avid-telecom.com
>
> **From:** Jessica Thompson <jthompson@ustelecom.org>
> **Sent:** Friday, February 11, 2022 1:36 PM
> **To:** Michael Lansky <lansky@avid-telecom.com>; Stacey Reeves <reeves@avid-telecom.com>; Warren Currie <wcurrie@ustelecom.org>
> **Subject:** RE: Traceback Request for Traceback #8069 – Information
>
> Hi Michael –
> What's the company's name? This way we know who to look out for?
>
> Jessica Thompson
> Director, Policy & ITG/Traceback Operations
> USTelecom – The Broadband Association
> 601 New Jersey Avenue NW, Suite 600
> O: 202-326-7273 | M: 240-355-1448
> USTELECOM   THE BROADBAND ASSOCIATION
> **From:** Michael Lansky <lansky@avid-telecom.com>
> **Sent:** Friday, February 11, 2022 3:23 PM

# Technology Law Group, L.L.C.$^{SM}$

<mark>**SETTLEMENT PRIVILEGED COMMUNICATION**</mark>

Page 13 of 29

**To:** Jessica Thompson <jthompson@ustelecom.org>; Stacey Reeves <reeves@avid-telecom.com>; Warren Currie <wcurrie@ustelecom.org>
**Subject:** RE: Traceback Request for Traceback #8069 – Information

Good afternoon Jessica,

Thank you for getting back to us so quickly- it's much appreciated on our end. We understand and know this customers traffic pretty well and often have conversations as to how they can ensure that they operate in total compliance. I have suggested to them that they reach out to you and your team to start communications with USTA. They are a large publicly traded company that do marketing for many fortune 500 companies and are always wanting to ensure that they are doing things correctly.  I believe they will be reaching out to you next week to see if they can arrange a call to create a better direct relationship.

Thanks again and have a wonderful weekend.

Michael Lansky
800-799-4415 ext 101
520-395-9471 direct
520-370-1514 cell

www.avid-telecom.com

**From:** Jessica Thompson <jthompson@ustelecom.org>
**Sent:** Friday, February 11, 2022 12:34 PM
**To:** Stacey Reeves <reeves@avid-telecom.com>; Warren Currie <wcurrie@ustelecom.org>
**Cc:** Michael Lansky <lansky@avid-telecom.com>
**Subject:** RE: Traceback Request for Traceback #8069 – Information

Hi Stacey –
We believe these are deceptive telemarketing robocalls promoting a product or service that may not be of any value. The consent or opt in information may be obtained without being aware or not at all. We are tracing these specific types of calls to identify the originator and hope they can confirm whether or not they have consent and provide evidence. **Last year,  the FCC issued the largest fine in its history – $225 million – against Texas-based telemarketers for transmitting approximately 1 billion robocalls, many of them illegally spoofed, to sell short-term, limited duration health insurance plans. The robocalls falsely claimed to offer plans from well-known health insurance companies such as Blue Cross Blue Shield (BCBS) and Cigna.**

Jessica Thompson
Director, Policy & ITG/Traceback Operations
USTelecom – The Broadband Association
601 New Jersey Avenue NW, Suite 600
O: 202-326-7273 | M: 240-355-1448

**USTELECOM** | THE BROADBAND ASSOCIATION

**Technology Law Group, L.L.C.**<sup>SM</sup>

<mark>**SETTLEMENT PRIVILEGED COMMUNICATION**</mark>

Page 14 of 29

**From:** Stacey Reeves <reeves@avid-telecom.com>
**Sent:** Friday, February 11, 2022 2:15 PM
**To:** Jessica Thompson <jthompson@ustelecom.org>; Warren Currie <wcurrie@ustelecom.org>
**Cc:** Michael Lansky <lansky@avid-telecom.com>
**Subject:** FW: Traceback Request for Traceback #8069 – Information

Jessica,

We received two tracebacks today (8070 and 7069) for which we need to consult with our customer in regard to action they may need to take. However, based on the information provided in the traceback, I'm not clear exactly what the issue is. In the attached recording, they give their company name and a call back number, and based on our knowledge of our customer, calls are made using opt-ins. The only information in the traceback is "Calls referencing Consumer Council regarding recipients' health insurance. Various toll-free numbers provided for call back".

Thanks in advance for your assistance.

Regards,

Stacey Reeves
Vice President of Operations and Sales
Office:  520-395-9473
Cell:  601-447-3530

www.avid-telecom.com

**From:** Traceback Notice <traceback-notice@tracebacks.org>
**Sent:** Friday, February 11, 2022 1:36 PM
**To:** Stacey Reeves <reeves@avid-telecom.com>
**Subject:** Traceback Request for Traceback #8069

# INDUSTRY TRACEBACK GROUP

Dear Voice Service Provider:

**As part of traceback conducted by the Industry Traceback Group, your network has been identified in the call path for voice traffic that has been deemed suspicious and potentially illegal. Consistent with U.S. federal law and regulations, the ITG requests that you identify the source of this suspected fraudulent, abusive or unlawful network traffic.**

We appreciate your past cooperation with the Industry Traceback Group, the official U.S. Federal Communications Commission-designated traceback consortium. Consistent with the FCC's requirement the voice service providers must cooperate with traceback requests, we would appreciate a response to this traceback inquiry in three business days or sooner.

# Technology Law Group, L.L.C.[SM]

Page 15 of 29

> Please respond by clicking the link below, which will take you to our secure traceback portal. There, you can indicate who sourced the call(s) to you. **For confidentiality and security purposes, please provide this information only through the online portal and not via email.**
>
> Feel free to reply to this email with any questions, and we appreciate your continued support of ITG efforts.
>
> For help or questions, email support@tracebacks.org.

As the substance of this email trail reflects, Avid Telecom was completely responsive to the traceback. Avid Telecom has maintained a positive relationship with ITG in the traceback process, routinely responding in good faith to tracebacks. As this email and similar data regarding Avid Telecom's response rate is available in the Industry Traceback Group database, or could have been obtained from Avid Telecom, it is difficult for Avid Telecom to understand how the Attorneys General could have pled that Avid Telecom did not respond in good faith. Apparently, the drafters of the made his argument without checking.

> **F.   The False Allegation that Michael Lansky Has Utilized the Company Credit Card for Personal Purchases.** In support of the attempt to hold Mr. Lansky personally liable, the complaint alleges that he routinely utilizes the company credit card for personal purchases. That allegation is demonstrably false, and no AG approached Avid Telecom with a request for information regarding any of the charges identified in the Complaint. The principal of Avid Telecom, like the heads of many other closely held companies, uses the company credit card for a wide range of corporate and personal transactions. Where a charge is determined to be personal, he makes reimbursement to the company. Notably, each of the charges (which, together, totaled less than $1250) identified in the Complaint was either made for a business purpose or was the subject of proper reimbursement.

> **G.   The False and Misleading Allegations Regarding Social Security and Other Calls.** In paragraph 19 of the complaint, the Attorneys General allege:

> Every day, millions of American consumers receive a barrage of unwanted robocalls that are harassing, annoying, threatening, and malicious. Some consumers are told that their "Social Security Number has been used for some kind of fraudulent activity in the South Border of Texas."[4] Sometimes, the message states the "SSA department is filing a lawsuit against you. An arrest warrant has been released on your name." Other calls purport to be from Amazon, luring the call recipient into a scam. These calls are all scams designed to scare and harm consumers. Other robocalls may not be scams but are harassing, abusive, and illegal, nonetheless. (footnotes omitted)

The clear implication of this paragraph is that Avid Telecom is aware at the time of transmission that a call is illegal. This implication is plainly false. Avid Telecom is never the originating carrier for any of these calls at issue in the Complaint. All of them arrived onto the Avid Telecom network from a previous carrier. Avid Telecom had no reason to know that these calls were suspicious prior to its receipt of a traceback, and Avid Telecom had no reason to know that they were illegal.

**Technology Law Group, L.L.C.**<sup>SM</sup>

Page 16 of 29

Cynically, the complaint does not reference the fact that Avid Telecom responded fully, appropriately and in a timely manner to each of the traceback tickets that it received, fully meeting its obligations under all applicable laws and regulations.

### H. Examples of False or Misleading Allegations Regarding the Meaning of Tracebacks

In paragraph 22 the Complaint, the Attorneys General allege:

Avid Telecom received more than 329 Traceback notifications from the USTelecom-led Industry Traceback Group ("ITG"). These notifications put Defendants on notice that Avid Telecom was transmitting illegal robocalls.

Tracebacks are **_not_** notifications of illegal robocalls. Tracebacks are investigative requests. In response, carriers are only required to investigate the call and respond with originating customer information. Avid Telecom met each of these requirements in all cases.  At no point did the FCC — the only body with legal authority — determine that any of these calls were illegal. The FCC never put Avid Telecom "on notice" that it was transmitting illegal calls.  Nor did the FCC ever instruct Avid Telecom to cease doing business with any of the originating carriers of these calls. Thus, there is no basis in fact for the conclusion that Avid Telecom had notice that it was transmitting illegal robocalls. Moreover, as a practical matter, even assuming _arguendo_ that these calls were illegal (an unsupported conclusion), they would reflect 0.00000000658 percent of Avid Telecom's total traffic during the relevant period. The tiny percentage that these 329 tracebacks constitute—rather than creating notice of a problem as the complaint suggests, actually demonstrates the extraordinary effectiveness of Avid Telecom's robocalling mitigate and that the claim that Avid Telecom transmitted millions of illegal robocalls  is baseless and facially absurd.[1]

This reality also reveals the absurdity of the allegation in the following paragraph of the Complaint that, "[d]espite receiving these 329 notifications, and despite receiving additional letters and correspondence from the ITG about needing to improve Avid Telecom's traffic screening procedures, week after week Defendants chose profit over running a business that conforms to state and federal law." Looking at the percentage of tracebacks (which, again do not reflect a finding of illegality) to total calls, it is mathematically impossible for Avid Telecom's performance to have been materially better. This conclusion is amplified by the fact that in 2022 alone, Avid Telecom blocked nearly 2.3 billion suspicious calls.

---

[1] On information and belief, the claim to millions of illegal robocalls is based on the assertion by an industry consultant that every traceback is the equivalent of 100,000 illegal robocalls.  This assertion is absurd as tracebacks themselves are not evidence of illegality and thus using them as the baseline for a calculation cannot possibly be reliable. Moreover, this assertion, even if based on a reliable baseline, has never been supported by empirical data for any carrier; it certainly has not been supported by empirical evidence as it related to Avid Telecom's traffic.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Page 17 of 29

### I.   Example of a Misleading Allegation Regarding the Use of Call Detail Records

In paragraph 24, the Attorneys General Allege:

Even if Defendants had not been specifically informed at least 329 times by the ITG that Avid Telecom was carrying illegal robocall traffic, they knew or should have known that Avid Telecom was assisting and facilitating telemarketers or sellers transmitting illegal robocalls based on its call detail records, which are business records that are automatically generated by every telecom provider when a call is originated or transmitted and are kept in order to bill for the service of originating or transmitting each call across the provider's network.

This allegation is false and reflects a misunderstanding of how call detail records are created and used. First, because tracebacks do not reflect a finding of illegality, it is false and misleading to allege that Avid Telecom was informed at least 329 times by the ITG that it was carrying illegal robocall traffic. This was simply not the case. In fact, the FCC has never found that any of the calls Avid Telecom transmitted was illegal. And while it is true that call detail records are "business records that are automatically generated by every telecom provider when a call is originated or transmitted and are kept in order to bill for the service of originating or transmitting each call across the provider's network," the automatic creation of real-time billing records is not equated with knowledge of whether the call was an illegal robocall. Nothing in those data would assist with such a determination.

### J.   Example of False Allegation Regarding the Origination of Avid Telecom Traffic.

In paragraph 29 of the complaint, the Attorneys General allege: "Defendants and their customers made or initiated calls to both residential and cellular telephone lines using artificial or prerecorded voices to deliver messages without the prior express consent of the called parties."

This allegation is demonstrably false as it relates to Avid Telecom because Avid Telecom is never the originating carrier for a call, and never makes or initiates calls. Indeed, Avid Telecom lacks the outbound switching ability required to initiate a call. As a result, Avid Telecom never has a relationship with the customer on whose behalf the calls are made.

### K.   Example of False Allegation that Avid Telecom Facilitated the Transmission of Robocall Campaigns the Contained False or Misleading Information

As an initial matter, Avid Telecom has no knowledge of or involvement in the creation of the message contained in any call that it transits, including whether that content is legal or illegal. Avid Telecom has no knowledge of which, if any, called parties have opted in or otherwise given permission to the calling party to receive the call. As such, Avid Telecom cannot be liable for "facilitating" the transmission of illegal robocalls.

**Technology Law Group, L.L.C.**[SM]

Moreover, it is not credible to suggest that the fact that Avid Telecom received 329 tracebacks—which are merely requests for information—on the 50 billion calls that it transmitted somehow placed Avid Telecom on notice that every call in every campaign that it was handling was illegal. Indeed, it did just the opposite; it showed that only a miniscule percentage of Avid Telecom's calls were the subject of inquiry. And when *none* of those inquiries ever even led to an investigation by the FCC, Avid Telecom's rightful belief that its efforts to prevent illegal robocalling were working well.

### L. There is No Factual Basis for the Demonstrably False Claims of Spoofing

Spoofing involves the use of a number to initiate and document a call that is not owned by the calling party. This claim misperceives how Avid Telecom operates. To be clear, whether Avid Telecom is the first carrier in line or not, it *never* selects or determines the telephone number shown on the called party's Caller ID. Avid Telecom cannot engage in spoofing because all numbers used by customers where Avid Telecom is the first carrier in the line are owned by the customer. The number used by the customer to initiate an outbound call is selected by the call center or third party originating the call, and that number simply passes intact to the next carrier in the string. Where Avid Telecom is the first carrier in line, it "attestates" that call exactly as required in the Stir/Shake protocol. Avid Telecom does not initiate any "neighbor" spoofing and/or "snowshoe" spoofing. With the technologies presently in place, Avid has the ability to block (and does block) any call that is not Stir/Shaken compliant and any call from an originating number on the SOMOS Do Not Originate ("DNO") list. Where Avid Telecom is not the first carrier in line, any carrier sending calls with a spoofed number is either immediately terminated or given the opportunity to remove the traffic from Avid Telecom's network.

### M. Avid Telecom's Rapid Acquisition of DIDs is Routine

In paragraph 11 of the Complaint, the AGs allege that "in a January 28, 2022, email to Call48, Reeves wrote: 'Please understand, the very thing that sets Avid apart from its competitors for DID business is the fact that Avid can fill orders within 2-3 days as opposed to 5- 7.'" This is an accurate statement. *The process for acquiring numbers is the same for all carriers*. Due to the experience and ability of the company, at the time this statement was made, Avid Telecom was in a position to manage the process of acquiring DIDs quickly through an Application Programming Interface ("API") in which the order file is uploaded to the number database and the system returns results within a few hours. There is nothing unlawful or nefarious about this process. Paragraph 12 of the Complaint implies that there is something suspicious about the fact that in January 2022 Avid Telecom had 865,683 DIDs assigned to Call48 and that on February 1, 2022, Avid Telecom returned over 400,000 DIDs to Call48.These two events are innocent and unrelated. On average, Avid Telecom customers, including the customer at issue here, hold their DIDs for well over the ninety-day requirement. In this instance, the 400,000 DIDs were returned because Avid Telecom terminated the customer—ironically out of a concern that the traffic level could be problematic.

In paragraph 68, the AGs make an unsupported companion allegation that Avid Telecom customers regularly rotate their DIDs and that this is often indicative of callers who do not want to be identified. The Complaint fails entirely to establish that Avid Telecom's customers

# Technology Law Group, L.L.C.<sup>SM</sup>

Page 19 of 29

regularly rotate their DIDs. As stated above, the actual truth is that a majority of Avid Telecom's DIDs are held for over a year—well in excess of the 90-day minimum requirement.

### N.   Issues Relating to DMS Opt-Ins

As set forth in Section II.E. hereinabove, Avid Telecom required its customers to represent and warrant that all of the traffic it delivered to Avid Telecom was fully compliant with all applicable rules and regulations associated with robocalls.  With specific respect to DMS—which comprises the majority of Avid Telecom's traffic—Avid Telecom was repeatedly and specifically assured throughout their relationship that all of the traffic it delivered to Avid Telecom was lawful and, where necessary, had fully legitimate opt-ins.  As DMS is a publicly traded company with a substantial legal and compliance department, Avid Telecom rightfully relied on the continuing representations and warranties that were provided.  Moreover, Avid Telecom is not aware of any language in the applicable FCC rules, regulations or any associated statutes that can be interpreted to require Avid Telecom to vet the representations that it receives from its customers.  Further, to this very date, the FCC's rules and regulations regarding the opt-in process—including the duration of an opt-in and how opt-ins may be acquired—are widely understood, both in the industry and the regulatory community to be vague and ambiguous.  Indeed, the fact of the uncertainty was made clear again last month when a coalition of 28 State Attorneys General asked the FCC to clarify these rules, stating, "We urge the FCC to clarify the rules and protect Marylanders' ability to choose who gets to contact them and how."  In this context, the allegations of the complaint that Avid Telecom is somehow liable for knowingly accepting improper opt-ins that it received and accepted in good faith from a publicly traded company cannot withstand scrutiny.

### O.   False Statements Regarding Avid Telecom's Sales Activities

#### 1.   *Avid Telecom Sold Data in the Form of Call Recipient Phone Numbers to Customers to use as "Leads" in Telemarketing Campaigns*

The AGs make this allegation in paragraph 41.  First, there would be nothing illegal about selling these data for telemarketing campaigns, and the implication to the contrary is troubling.  Second, and more importantly, *Avid Telecom never sold any such data at any time or in any form*.

#### 2.   *Avid Telecom Held Itself Out as a Provider of Predictive Dialer, Voice Broadcasting, List Management and Agent Management Software*

The AGs make this allegation in paragraph 66.  There is nothing illegal about selling these data for telemarketing campaigns.  This service was offered to Avid Telecom by a third party and the reference was improperly added to the website by its website manager.  In fact, *Avid Telecom never planned to sell, nor did it sell any such software at any time or in any form*.

**Technology Law Group, L.L.C.**[SM]

Page 20 of 29

### 3. *Avid Telecom Held Itself Out as a Provider of Call Data Advertising*

The AGs make this allegation in paragraph 70 of the complaint.  As an initial matter, all call data advertising is not illegal, and the mere fact that Avid Telecom could have provided call data advertising is not evidence of wrongdoing. In actuality, Avid Telecom never provided any consulting with respect to illegal robocalling practices, and the Complaint does not offer any facts to the contrary. In point of fact, *Avid Telecom never sold any such advertising at any time or in any form*.

### 4. *Defendants Provide Robocall Consulting Services*

The AGs make this allegation in paragraph 42 of the Complaint. As an initial matter, all robocalling is not illegal, and thus the mere fact that Avid Telecom could have provided consulting is not evidence of wrongdoing. In fact, to the extent that Avid Telecom provided any such consulting, it was directed to best practices by carriers in responding properly to tracebacks. Avid Telecom never provided any consulting with respect to any illegal robocalling practice, and the Complaint does not offer any facts to the contrary.

### 5. *Without Defendants' Support, Assistance, Facilitation, and Participation of Defendants, American Consumers would not be Plagued by Billions of Illegal Robocalls Sent by, to, and through the Avid Telecom Network*

The AGs make this allegation in paragraph 47 of the complaint. There is not a scintilla of evidence that a single *illegal* robocall ever transited the Avid Telecom network. There is certainly no evidence that billions of *illegal* robocalls did so. Again, **no regulatory authority or law enforcement agency with jurisdiction has ever concluded that Avid Telecom transited even a single illegal call**. There is plenty of evidence that in 2022, Avid Telecom voluntarily blocked approximately 2.3 billion suspicious calls from its network.

### 6. *Avid Telecom Participated in Social Security Administration Scams, Medicare Scams, Auto Warranty Scams, Amazon Scams, DirecTV Scams, and Credit Card Interest Rate Reduction Scams.*

These allegations, found in paragraphs 74-85 of the Complaint, are particularly scurrilous and misleading.[2] Not a single one of these calls was originated by Avid Telecom.  As Avid Telecom's tracebacks evidence, where Avid Telecom is the intermediate carrier, it is, on average, the fifth caller in line.  As an intermediate carrier, Avid Telecom receives these calls from third party carriers—many of the members of the Industry Traceback Group that, remarkably, are not party to the AG complaint or any other complaint.  Avid Telecom utilizes state-of-the-art third-party switch and mitigation software to block any suspicious calls in real time.  As Avid Telecom is so far removed from the originating source, Avid has to rely on technology and information after

---

[2] These false allegations appear to have prompted many of the death threats that have been received by Mr. Lansky, Ms. Reeves and outside counsel.

**Technology Law Group, L.L.C.**<sup>SM</sup>

the fact to remove that traffic.  Avid Telecom routinely terminated carriers who are associated with repeat traceback requests.

### P.   Misleading Allegations Regarding Avid Telecom's Continued Relationships with Accused Illegal Robocallers

> 1.   *The FCC has sent Robocall Cease-and-Desist Letters to the following Avid Telecom customers from whom Avid Telecom accepted and routed illegal robocalls: a. Airespring; b. Great Choice Telecom; c. Icon Global; d. Mobi Telecom; e. Third Rock; f. Yodel Tech; and g. Urth Access.*

This allegation, which appears in paragraph 110 of the Complaint, is particularly disingenuous as it fails to note is that Avid Telecom had **already terminated each of these carriers** based on information gathered from its own careful operating practices prior to or immediately upon the issuance of the cease-and-desist letters. To blame Avid Telecom for a relationship with a problematic carrier before the responsible authorities, with access to vastly greater data, provided notice of illegal robocall activity is unfair and cynical. At the time, Avid Telecom engaged with these carriers based on their specific authorization to operate through an FCC granted 499.

> 2.   *On July 7, 2022, the FCC and the State of Ohio took simultaneous enforcement actions against a massive auto warranty robocall operation run through a common enterprise involving numerous individuals and business entities including but not limited to, Sumco Panama SA, Sumco Panama USA, Virtual Telecom Kft, Virtual Telecom Inc., Davis Telecom Inc., Geist Telecom LLC, Fugle Telecom LLC, Tech Direct LLC, Mobi Telecom LLC— another of Avid Telecom's customers—and Posting Express Inc.*

This allegation, which appears in paragraph 117 of the Complaint, is disingenuous as it fails to note both that Mobi Telecom was the only one of the named entities that was a customer of Avid Telecom, and that Avid suspended Mobi Telecom on July 8, 2022, the day after public notice of the enforcement action. Again, it is unfair and cynical to blame Avid Telecom for not terminating their relationship with Mobi Telecom before the responsible authorities, with access to vastly greater data, provided notice of illegal activities.  At the time, Avid Telecom engaged with these carriers based on their specific authorization to operate through an FCC granted 499.

> 3.   *On December 8, 2022, the FCC ordered VoIP service providers, including Avid Telecom, to block student loan robocalls coming from Urth Access.*

This allegation, which appears in paragraph 125 of the Complaint, is particularly disingenuous as Avid Telecom closed the Urth Access account nearly a month prior to the issuance of the referenced FCC order. It did so based on an investigation it undertook, voluntarily and of its own accord, based on information available through the traceback process. As with the previous carriers, at the time that Avid Telecom engaged with Urth Access, it did so based on the specific authorization Urth Access had received to operate through an FCC granted 499.

**Technology Law Group, L.L.C.**[SM]

**Q.   <u>False Allegations Regarding Call Blocking and New Customers</u>**

    **1.   *In paragraph 434 and 436 of the Complaint, the AGs argue that Defendants did not choose to regularly block calls from telephone numbers that the FCC has authorized to be blocked.***

    First, as the language of the applicable regulations provide, carriers are not mandated to block calls, they are simply authorized to do so. The failure to block those calls is not actionable. Yet Avid Telecom did take all available measures to block traffic that it had reason to believe was illegal.[3] Avid Telecom has provably blocked billions and billions of calls, including nearly 2.3 billion calls in 2022.

    **2.   *Defendants violated 47 C.F.R. § 64.1200(n)(3) by failing to take effective measures to prevent new and renewing customers from using its network to originate illegal calls.***

    This allegation, which is presented in paragraph 437 of the Complaint, is demonstrably false. Avid Telecom has taken on very few new customers since 2021. Avid Telecom follows the detailed guidelines listed in Avid Telecom's Robocall Mitigation Plan and its Know-Your Customer Procedures,) and does not allow customer origination from any IPs outside the USA. During the testing process that all new customers must undertake, Avid Telecom closely monitors traffic and manually dials ANIs being used for calls. If ANIs are found to be invalid, the customer is immediately terminated. As to existing carrier customers, Avid Telecom uses its Robocall Mitigation Plan and its Know-Your Customer Procedures and feedback from complaints and tracebacks.

    **3.   *Avid Telecom's equipment or services were used for more than the transportation, handling, or retransmitting of calls.***

    This allegation, which is presented in paragraph 437 of the Complaint, is not supported by any facts. Avid Telecom's equipment is only capable of transmitting calls. It is not capable of changing any portion of the call, including the called number or the Caller ID entered by the initiating customer.  Avid Telecom merely transmits the call data that it receives from originating party or the previous carrier to the next carrier in line.  Avid Telecom is never the originating party or the terminating carrier.

**V.   <u>The Complaint Cannot Be Sustained as a Matter of Law</u>**

    **<u>COUNT I:</u> Violations of the Telemarketing Sales Rule 16 C.F.R. §§ 310.3-310.4**

---

[3]Avid Telecom blocks calls in Category A using the SOMOS DNO list. Blocking of category B is an active feature on Avid Telecom's switch. Avid also blocks originations from wireless numbers. And, Avid Telecom's switch is programmed to block calls from category C and D as they would not have Stir/Shaken attestation.

**Technology Law Group, L.L.C.**<sup>SM</sup>

### As a Common Carrier, Avid Telecom is Immune from Liability Under the Telemarketing Sales Rule

The complaint cites 16 C.F.R. § 310.3 ("TSR") as a basis for its investigation. However, under long-standing law, carriers like Avid Telecom are exempted from TSR claims when the complained-of conduct arises out of their common-carrier activities. *See FTC v. AT&T Mobility, LLC*, 883 F.3d 848, 850 (9th Cir. 2018) (citing 15 U.S.C. § 45(a)(1)). Clearly, the conduct that is the subject of the Complaint arises out of Avid Telecom's common carrier activities, and thus it is exempt from claims arising under the TSR.

Section 5 of the Federal Trade Commission Act also exempts common carriers from TSR Claims. *Id.* Section 5 "provides immunity [to a common carrier] from FTC [Federal Trade Commission] regulation … to the extent that a common carrier is engaging in common-carrier services." *Id.* The "Section 5 exemption" extends to the TSR, meaning that common carriers are not subject to TSR claims premised on their actions that occurred while they were engaged in common carrier activities. *See* Telemarketing Sales Rule, 60 Fed. Reg. 43842, 43843 (Aug. 23, 1995) (stating that the TSR does not cover activity beyond the jurisdiction of the FTC Act); *see also The Broadcast Team, Inc. v. FTC*, 429 F.Supp.2d 1292, 1298-99 (M.D. Fla. 2006). Under this controlling test, an entity's common carrier status turns on: "(1) whether the carrier 'holds himself out to serve indifferently all potential users'; and (2) whether the carrier allows 'customers to transmit intelligence of their own design and choosing.'" *U.S. Telecom Ass'n v. FCC*, 295 F.3d 1326, 1329 (D.C. Cir. 2002); *Payton v. Kale Realty, LLC,* 164 F. Supp. 3d 1050, 1056 (N.D. Ill. 2016). As there is no dispute that Avid Telecom qualifies as a "common carrier," Avid Telecom is entitled to the Section 5 exemption for any claim for violation of the TSR.

## COUNT II: Violation of the TCPA – 47 U.S.C. § 227 and 47 C.F.R. § 64.1200(n)(3) (Failure to Exercise Due Diligence/KYC)

### There is No Factual Basis For the Allegation that Avid Telecom Aids and Abets or Facilitates the Transmission of Illegal Robocalls

There is no factual basis for the allegations that Avid Telecom fails to know its customers, fails exercise due diligence in ensuring that its services are not used to originate illegal traffic, fails exercise caution in granting access to high-volume origination services, to ensure that bad actors do not abuse such services, fails to block calls, fails to prevent new and renewing customers from using its network to originate illegal calls.

The Complaint does not allege that Avid Telecom places the call, selects the recipient or has a direct business relationship with the recipients. The Complaint also does not allege that Avid Telecom has any involvement in or knowledge of the content of any call. There is no dispute that Avid Telecom merely acts as a common carrier, accepting the calls it receives from third parties. As such, the Complaint rests on the claim that, notwithstanding the absence of any actual knowledge, based on its receipt of a mere 329 tracebacks out of 50 billion calls, Avid Telecom should have known that it was transmitting illegal robocalls. It is beyond cavil that there is no factual basis for his allegation and thus no basis for liability.

**Technology Law Group, L.L.C.**<sup>SM</sup>

Page 24 of 29

### COUNT III: Violations of the TCPA – _47 U.S.C. §§ 227(b)(1)(A)(iii) and (b)(1)(B) (Robocalls to Cellular and Residential Telephone Lines)

As set forth *ad infinitum*, Avid Telecom does not initiate telephone calls or cause any telephone calls to be initiated. Avid Telecom does not determine whether a call is prerecorded or live, or have knowledge of the content of the call. Where Avid Telecom is the first carrier in line, it obtains a representation and warranty from the originating customer that the recipient expressly consented to receive every telephone call that Avid Telecom transmits. Accordingly, there is no factual basis for the allegation that Avid Telecom has engaged in a pattern or practice of initiating telephone calls to residential and cellular telephone lines using artificial or prerecorded voices to deliver messages without the prior express consent of the called parties.

Avid Telecom is never the terminating carrier.  Accordingly, there is no basis for the allegation that Avid Telecom delivers prerecorded or artificially voiced messages to cellular and residential telephone lines to consumers in the Plaintiffs' jurisdictions. Moreover, as mobile phones are frequently located in a state other than the state associated with the area code and NNX associated with the call, as a matter of jurisdiction, there is no way to know from the facts presented in the Complaint whether a mobile phone was located in a particular jurisdiction when a call was received.

As Avid Telecom is never the initiating carrier and thus has no knowledge about any aspect of the call (including the calling party, the receiving party, the content of the call or the authorization of the receiving party), there is no viable factual basis in the Complaint to support the contention that Avid Telecom had knowledge that the calls were scam robocalls delivering prerecorded or artificially voiced messages.  Moreover, because no regulatory or law enforcement agency has ever found a single call delivered by Avid Telecom to be illegal, and because tracebacks do not constitute a legal finding or warning that a call is illegal, Avid Telecom also did not even have a reason to believe that  the calls were scam robocalls delivering prerecorded or artificially voiced messages.

### COUNT IV: Violations of the TCPA – _47 U.S.C. §§ 227(c) and 47 C.F.R. § 64.1200(c)(2) (Calls to Telephone Numbers on the National DNC Registry)

Avid Telecom does not ever initiate a telephone call or cause any telephone call to be initiated.  Avid Telecom does not have any role in selecting the party who  initiates a telephone call or cause any telephone call to be initiated.  Avid Telecom also has no role in determining whether a call is prerecorded or live or any aspect of the content of the call.  Where Avid Telecom is the first carrier in line, it obtains an express representation and warranty from the originating customer that it has the express consent of the recipient to receive every telephone call that Avid Telecom transmits. Accordingly, there is no factual basis for the allegation that Avid Telecom has engaged in a pattern or practice of initiating telephone calls to residential telephone subscribers in the Plaintiffs' respective jurisdictions who have registered their telephone numbers on the National DNC Registry. Many (if not all) of the calls underlying the Plaintiffs' claim of a violation of the DNC registry were registered by a business and thus do not qualify to be in that registry.

# Technology Law Group, L.L.C.<sup>SM</sup>

### COUNT V: Violations of the Truth in Caller ID Act – 47 U.S.C. § 227(e)
### (Prohibition Against Spoofing)

Spoofing involves the use of a number to initiate and document a call that is not owned by the calling party.   Avid Telecom *never* selects or determines the telephone number shown on the called party's Caller ID. As all numbers used by customer where Avid Telecom served as the first carrier in line are owned by the customer, spoofing does not and cannot occur in that context.  Each number used by the customer to initiate an outbound call number is selected by the call center or other third party that originates the call in the data string and that number simply passes intact to the next carrier in the string to which Avid Telecom hands the call (as Avid Telecom is never the carrier that terminates the call).  Where Avid Telecom is the first carrier in line, it "attestates" that call exactly as required in the Stir/Shake protocol.

### COUNT VI-XXIII: Various State Statutes

As discussed above, the facts necessary to support each of the state statutory claims have not been established.

## V.    <u>Individual Claims</u>

### A.  <u>Mr. Lansky Has Not Comingled Corporate and Personal Assets</u>

This claim is predicated on five examples of circumstances in which Lansky is claimed to have "used the Michael D. Lansky, LLC corporate credit card, bank account, and/or PayPal account a company credit card to pay for personal expenses": (i) Ancestry.com DNA LLC; (ii) Bandcamp for the full digital discography (9 releases) by Clann An Drumma; (iii) Payment for the SMHS reunion for Michael Lansky and another person; (iv) Payment for a "Michael D. Lansky for bicycle replacement; and (v) Payment for bachelor party lodging.[4]

The mere use of the Michael D. Lansky, LLC corporate credit card, bank account, and/or PayPal account by Mr. Lansky to pay personal expenses is not the relevant issue. The relevant issue for a veil-piercing analysis (which the Complaint fails completely to address) is whether the company or Mr. Lansky took ultimate responsibility for the payment of the referenced charges. In fact, while it is apparently true that, like many closely held companies, the corporate credit card or PayPal account is occasionally used as the initial basis of payment, Avid Telecom's books and records clearly demonstrate that, in each case, Mr. Lansky reimbursed the company in full. Moreover, even if there was no reimbursement, the total charges for these matters totaled less than One Thousand Two Hundred Fifty Dollars ($1250) dollars.  As such, the alleged level of "co-mingling"— as a matter of the total dollar amount is insufficient to justify the kind of veil-piercing that the Complaint seeks.

---

[4] It will be of interest to determine how the AGs acquired the credit card and other referenced financial information.

# Technology Law Group, L.L.C. [SM]

Page 26 of 29

The Complaint also fails to present any factual basis for its claim that Mr. Lansky undertook any action in his personal name or on behalf of himself outside of the company.[5]  In the absence of such evidence, there is no basis for piercing the corporate veil, and thus no basis for personal liability.

### As an Independent Contractor, Ms. Reeves is Not Liable for the Acts of Avid Telecom

The Complaint alleges Ms. Reeves (i) "possessed and exercised the authority to control the policies and trade practices of Michael D. Lansky, LLC; (ii) was responsible for creating and implementing the illegal policies and trade practices of Michael D. Lansky, LLC that are described herein; (iii) participated in the illegal trade practices that are described herein; (iv) directed or supervised those employees of Michael D. Lansky, LLC who participated in the illegal trade practices that are described herein; and (v) knew or should have known of the illegality of the trade practices that are described herein and had the power to stop them, but rather than stopping them, promoted their use."  This attempt to render Ms. Reeves liable for the acts of Avid Telecom is non-viable.

The Complaint does not present even a hint of evidentiary support for any of its claims against Ms. Reeves. In actuality, Ms. Reeves did not engage in any of these alleged acts.  First, as an independent contractor, Ms. Reeves did not ever possess or exercise authority to control the policies and trade practices of Michael D. Lansky, LLC. She lacked any authority to create or to implement any business practices at the company, nor did she have the authority to direct or supervise employees of Michael D. Lansky, LLC, of which there were none. Finally, as an independent contractor, Ms. Reeves did not have had the power to stop any illegal trade practices that might have occurred. In sum, Ms. Reeves' conduct as an independent contractor does not permit vicarious liability under Arizona law, or the laws of virtually every other state.

Moreover, the controlling law in the United States Court of Appeals for the Ninth Circuit does not allow for the application of vicarious liability of one party against another under the TCPA, where the alleged conduct arises out of an independent contractor relationship. *See, e.g., Jones v. Royal Admin. Servs., Inc.* 887 F.3d 443 (9th Cir. 2017); *see also, Worsham v. Direct Energy Services, LLC*, No. SAG-20-00193, 2021 WL 948819 (D. Md. Mar. 12, 2021).

In this context, the allegations regarding Ms. Reeves' alleged knowledge about the carriers with which Avid Telecom did business, even if true, are insufficient to attach liability in light of her limited independent contractor role at Avid Telecom. Moreover, the suggestion that simply because Ms. Reeves was aware that certain carriers were accused (but never legally determined) to have engaged in illegal robocalling, and that certain of them entered into confidential settlement agreements, indicates her knowledge that they were delivering illegal traffic to Avid Telecom is

---

[5] Arizona recognizes that a limited liability company, like a corporation, is a legal entity that exists separate and distinct from its members; the members and employees are **_not_** liable for the corporation's contractual obligations or the actions those individuals take on behalf of the corporation.  *See Kirchof v. Friedman*, 10 Ariz. App. 220, 222, 457 P.2d 760 (1969); *Ferrarell v. Robinson*, 11 Ariz. App. 473, 465 P.2d 610 (Ariz. App. 1970) (a corporation is a legal entity doing business on its own credit as distinct from the credit of its shareholders, and an individual defendant, either as an officer or director, cannot be held liable on the corporate contracts where there is no evidence that he undertook to bind himself individually on those contracts).

**Technology Law Group, L.L.C.**[SM]

<mark>SETTLEMENT PRIVILEGED COMMUNICATION</mark>

Page 27 of 29

an illogical jump. The allegation that Ms. Reeves should have known that various third parties were paying Avid Telecom for traffic delivered by Virtual Telecom and Mobi Telecom is both unsupported and untrue.

## VI. The Complaint Smacks of Selective Enforcement, Improper Influence and Tainted Data

Prior to the filing of the complaint, it was well known in the telecom industry that Avid Telecom was a carrier that did its best to do things right.  It followed the rules, often in advance of any legal requirement, and it spent substantial additional funds to ensure maximum compliance.  Even if all of the allegations against Avid Telecom in the Complaint were true (which they plainly are not), Avid Telecom is a small fish; it transmits far fewer calls and it has received far fewer tracebacks than many of the larger players in the industry.

This begs the question—why does *every single Attorney General* want to target Avid Telecom? Why not AT&T or Peerless or the other players in the industry who transmit far more calls and receive far more tracebacks than Avid Telecom does? Musing on this causes a cascade of related queries:

➢ how was the data that underlie the Complaint obtained;
➢ who had access to databases in which those data were held;
➢ how are decisions made as to which carriers get tracebacks;
➢ how are decisions made as to which carriers are the subject of AG complaints;
➢ why is Avid Telecom the subject of the Complaint as an "aider and abettor" yet DMS, the underlying customer whose traffic Avid Telecom carried and who is responsible for the opt-ins, is not the subject of a complaint
➢ why are other carriers being allowed to continue to carry DMS traffic
➢ why do companies in the Industry Traceback Group—who have many multiples of the number of tracebacks—rarely targeted by federal and state law enforcement—or regulators.
➢ did members of The Industry Traceback Group receive favorable treatment regarding tracebacks;
➢ how are decisions were made as to which companies are allowed to join USTelecom and to work inside The Traceback Group;
➢ who has the authority to issue a traceback and what was the legal basis for that authority;
➢ do certain persons or groups gain, economically, from the issuance of tracebacks (*e.g.,* are traceback being sold?);
➢ do certain persons or groups gain, economically, from selling consulting services and/or software that are used in the development and/or the pursuit of claims against Avid Telecom and others;
➢ was some or all of the data underlying the Complaint derived from databases that include data that was obtained in an unlawful or an improper manner?

**Technology Law Group, L.L.C.**<sup>SM</sup>

SETTLEMENT PRIVILEGED COMMUNICATION

Page 28 of 29

Avid Telecom believes that a full understanding of these issues will properly inform the AGs regarding their desire to proceed with the litigation or whether it would be best to find a good faith basis for settlement.

VII.   **Avid Telecom's Proposed Terms of Settlement**

Avid Telecom, Mr. Lansky and Ms. Reeves desire to resolve the State AG taskforce's claims without further litigation, upon reasonable terms.  They seek a settlement framework appropriately tailored to the facts and legal analysis set forth in this letter.  The general parameters they propose include the following key elements:

➢ The winding down and ultimate dissolution of Avid Telecom;
➢ Reasonable restrictions on Mr. Lansky's future ownership, employment by, and/or control of a 499-telecom carrier;
➢ No restriction on Ms. Reeve's ability to continue making a living within the telecom industry; and
➢ Minimal, if any, monetary penalties

These terms reflect the realities of this case. Namely, that Avid Telecom met and exceeded every applicable regulatory requirement imposed on its business. The State AG taskforce has targeted one of the industry's bulwarks against illegal robocalling, which in 2022 alone blocked over 2.3 billion illegal robocalls from reaching U.S. consumers. The TCPA and state-based consumer sales act claims asserted against Avid Telecom are misguided, while the claims against Mr. Lansky and Ms. Reeves in their individual contexts face steep obstacles to pierce the corporate veil and, as to Ms. Reeves, are unavailable due to her status as an independent contractor.

The State AG Taskforce has proposed that Avid Telecom, Mr. Lansky and Ms. Reeves "exit the telecom industry going forward." When pressed for clarification, the taskforce responded that it seeks a "total and complete ban from the telecom industry." The taskforce explained that Mr. Lansky and Ms. Reeves "would not be able to own, work for, consult, or provide any services to companies that provide VoIP services or telephony services. Further, there would be a ban from assisting and facilitating anyone that sends outbound telemarketing calls and/or robocalls or is involved in any entity or platform in the ecosystem that results in the initiation of telemarketing calls and/or robocalls."

As we have previously informed the taskforce, such a "total and complete ban" is unworkable because of its breadth. As written, Mr. Lansky and Ms. Reeves would be forbidden from seeking employment with a massive swath of U.S. employers given the taskforce definition of the industry as "companies that provide VoIP services or telephony services" or that send or initiate "telemarketing calls." Most domestic tech companies fall under that definition. Huge numbers of business in the U.S. use telemarketing services to market their goods and services, not to mention public entities, colleges and universities, politicians and numerous others.  The "complete and total ban" is also unworkable because such a broad definition is not reasonably related to the narrow market in which Avid Telecom operated or the taskforce's focus. As the press release announcing the taskforce's formation said: "The task force's goal is to investigate and sue

# Technology Law Group, L.L.C.<sup>SM</sup>

Page 29 of 29

telecom companies responsible for facilitating robocalls from foreign countries." Avid did not facilitate any robocalls from foreign countries. The ban is also unworkable because Mr. Lansky and Ms. Reeves must be able to make a living. A ban of this scope is unwarranted, punitive and not viable for the individual defendants.

We propose to give the taskforce its primary desire – to put Avid Telecom out of business. Avid Telecom will wind down operations and dissolve within a swift and appropriate timeframe. Regardless of the merits of the taskforce's claims against Avid Telecom, defendants will agree to put Avid Telecom out of business.

With respect to Mr. Lansky, he will agree to surrender his ownership interest in Avid Telecom, dissolve Avid Telecom, and have no ownership stake or managerial oversight in any 499-certificated carrier specializing in short-duration calls for three years. Mr. Lansky needs to be able to continue making a living. Barring him from the telecom industry entirely is a non-starter.

With respect to Ms. Reeves, she has no ownership interest in or managerial discretion at Avid Telecom. She is an independent contractor, and her title of Vice President is just that – a title. All control, management, strategic discretion and ownership is held exclusively by Mr. Lansky. Ms. Reeves has no significant assets.  Ms. Reeves will agree to minimal injunctive relief that does not interfere with her ability to continue making a living.

We look forward to discussing these issues with you during our upcoming call.

*Taft Stettinius & Hollister LLP*

/s/ Matt Albaugh

Matt Albaugh

Very truly yours,
*Technology Law Group, LLC*

/s/ Neil S. Ende

Neil S. Ende
*Counsel to Defendants*
*Michael D. Lansky, L.L.C., dba Avid Telecom, an Arizona limited liability company, Michael D. Lansky, individually and Stacey reeves, Individually*

Exhibit F

**Albaugh, Matt**

---

| | |
|---|---|
| **From:** | Nayer, Tracy <Tnayer@ncdoj.gov> |
| **Sent:** | Wednesday, July 19, 2023 4:56 PM |
| **To:** | Albaugh, Matt; Neil Ende |
| **Cc:** | Anne M. Chapman; Brianne Wolcott; 'Lee Stein'; Casey Klippel (IN AG) (Casey.Klippel@atg.in.gov); Douglas Swetnam (IN AG) (douglas.swetnam@atg.in.gov); Dylan Jones (AZ AG) (Dylan.Jones@azag.gov); Edwards, Asa; Erin Leahy-Connolly (OH AG) (erin.leahy@ohioago.gov); Joseph Hubble (AZ AG) (Joseph.Hubble@azag.gov); Joseph.Yeoman@atg.in.gov; Laura Dilweg (AZ AG) (Laura.Dilweg@azag.gov); Nayer, Tracy; Wilburn Allen, Danielle |
| **Subject:** | RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom |

Neil and Matt,

Thank you for taking the time to talk with us this morning.  We are sorry that Mr. Stein could not join this call as well, since we understand from our conversation with you that Mr. Stein alone currently represents Ms. Reeves.

As we discussed, and to reiterate the States' position, regarding the correspondence you sent to us on Wednesday, July 18, prior to our call, we disagree with the characterizations, claims, and assertions attributed to, among other things, the allegations in the complaint filed in this action, the sufficiency of the evidence supporting our complaint, Avid Telecom's role in this ecosystem, Avid's actual business practices, the third parties that complied with our lawful requests for information, and the methods, actions, and authority of all state law enforcement involved in bringing this enforcement action against Michael D. Lansky LLC dba Avid Telecom ("Avid"), Mr. Lansky, and Ms. Reeves.

Nevertheless, we remain open to engaging in meaningful efforts to resolve this matter by agreement, and reiterate our request that your clients provide us with the following initial set of documents that will inform us as we consider whether we can agree to a resolution that would allow Mr. Lansky and Ms. Reeves to continue working in the industry:

- Communications, including text messages, emails, Skype messages, and other forms of written communications with each of Avid's upstream providers and customers/clients that were the subject of a traceback, as well as internal communications regarding both tracebacks in which these upstreams and customers are implicated and complaints received by Avid from third parties, including downstream providers and law enforcement entities, about the quality or content of Avid's traffic;
  - Include copies of contracts with each of these upstream providers and/or customer/clients
- Documents showing due diligence performed by Avid on upstream providers and/or customers/clients that were the subject of tracebacks, which due diligence was conducted both during the onboarding process and as a result of any tracebacks received or complaints received by Avid from third parties;
- Documents showing due diligence performed by Avid on any entity to which Avid sold or leased DIDs, which due diligence was conducted when issuing the numbers to the entity, as well as any documents or communications associated with any complaints received by Avid from third parties, including complaints by downstream providers and law enforcement entities, about the quality or content of the traffic involving the entity's use of these Avid-issued DIDs
  - Include copies of contracts with each of these entities to which Avid sold/leased DIDs
- Documentation showing the products and services Avid used to reduce robocalling, including invoices and details of such products and services; and

- Any other proof to substantiate the claims made in your July 18, 2023 correspondence to the States.

Finally, as you reference below, we look forward to receiving internal and external communications and documentation associated with all customers/clients that Avid suspended, cancelled, or terminated or threatened to suspend, cancel, or terminate their service agreement and the reason for the suspension, cancellation, or termination or the threat of suspension, cancellation, or termination.

Again, thank you for your time.  We look forward to hearing from you.
Tracy



**Tracy Nayer**
Special Deputy Attorney General
Consumer Protection Division
North Carolina Department of Justice
(919) 716-6581
tnayer@ncdoj.gov
Post Office Box 629, Raleigh, NC 27602
114 West Edenton Street, Raleigh, NC 27603
https://ncdoj.gov/

Please note messages to or from this address may be public records.

---

**From:** Albaugh, Matt <MAlbaugh@taftlaw.com>
**Sent:** Wednesday, July 19, 2023 1:29 PM
**To:** Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>; Anne M. Chapman <anne@mscclaw.com>; Brianne Wolcott <brianne@mscclaw.com>; Neil Ende <nende@tlgdc.com>; 'Lee Stein' <lee@mscclaw.com>
**Cc:** Dilweg, Laura <Laura.Dilweg@azag.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Klippel, Casey R (ATG) <Casey.Klippel@atg.in.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Wilburn Allen, Danielle <dwilburnallen@NCDOJ.GOV>; Erin Leahy <erin.leahy@OhioAGO.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>; Hubble, Joseph <Joseph.Hubble@azag.gov>
**Subject:** RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom

All:  Thank you for your time earlier today.  We look forward to continuing to work with you to hopefully resolve the states' claims.

To confirm, Avid Telecom is assembling key information associated with its termination of customers following reports of misconduct or other information.  We will have that prepared and sent to you shortly.

I understand that someone will be sending us a set of targeted document requests that the taskforce would like to receive from the Defendants.  We look forward to receipt of that list so that we can review and consult with our clients.

Thanks, Matt

Exhibit G

**Albaugh, Matt**

---

| | |
|---|---|
| **From:** | Albaugh, Matt |
| **Sent:** | Thursday, August 3, 2023 11:04 AM |
| **To:** | Dilweg, Laura; Yeoman, Joseph; Nayer, Tracy; Neil Ende |
| **Cc:** | Klippel, Casey R (ATG); Swetnam, Douglas; Jones, Dylan; Edwards, Asa; Erin Leahy; Hubble, Joseph; Wilburn Allen, Danielle |
| **Subject:** | RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom |

Thank you, Laura.  We will be on the lookout for the draft PO.

Matt

---

**From:** Dilweg, Laura <Laura.Dilweg@azag.gov>
**Sent:** Wednesday, August 2, 2023 7:01 PM
**To:** Albaugh, Matt <MAlbaugh@taftlaw.com>; Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>; Neil Ende <nende@tlgdc.com>
**Cc:** Klippel, Casey R (ATG) <Casey.Klippel@atg.in.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Edwards, Asa <aedwards@ncdoj.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Hubble, Joseph <Joseph.Hubble@azag.gov>; Wilburn Allen, Danielle <dwilburnallen@NCDOJ.GOV>
**Subject:** RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom

Matt,

Thank you for following up. We are in the process of drafting a PO and will circulate that to you when we are able.

Thank you,
Laura

**Laura Dilweg**
Senior Litigation Counsel
Consumer Protection and Advocacy Section



Arizona Attorney General Kris Mayes
2005 N. Central Avenue
Phoenix, AZ 85004
(602) 542-7753
Laura.Dilweg@azag.gov
http://www.azag.gov

---

**From:** Albaugh, Matt <MAlbaugh@taftlaw.com>
**Sent:** Wednesday, August 2, 2023 12:27 PM
**To:** Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>; Neil Ende <nende@tlgdc.com>
**Cc:** Klippel, Casey R (ATG) <Casey.Klippel@atg.in.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Edwards, Asa <aedwards@ncdoj.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Hubble, Joseph <Joseph.Hubble@azag.gov>; Dilweg, Laura <Laura.Dilweg@azag.gov>; Wilburn Allen, Danielle

<dwilburnallen@NCDOJ.GOV>
**Subject:** RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom

Following up on the email below.  We'd like to get a PO in place so that an initial production can be made.  I assume the Arizona lawyers on the email likely have a standard PO that's been entered previously by the Court.

Thanks, Matt

---

**From:** Albaugh, Matt <MAlbaugh@taftlaw.com>
**Sent:** Tuesday, August 1, 2023 7:47 AM
**To:** Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>; Neil Ende <nende@tlgdc.com>
**Cc:** Klippel, Casey R (ATG) <Casey.Klippel@atg.in.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Dylan Jones <Dylan.Jones@azag.gov>; Edwards, Asa <aedwards@ncdoj.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Joseph.Hubble <Joseph.Hubble@azag.gov>; laura.dilweg <laura.dilweg@azag.gov>; Wilburn Allen, Danielle <dwilburnallen@NCDOJ.GOV>
**Subject:** RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom

Thanks, Joe.  Could any of the Arizona lawyers on this email please circulate a draft PO?

Neil is representing all of the defendants.

---

**From:** Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>
**Sent:** Monday, July 31, 2023 4:15 PM
**To:** Albaugh, Matt <MAlbaugh@taftlaw.com>; Nayer, Tracy <Tnayer@ncdoj.gov>; Neil Ende <nende@tlgdc.com>
**Cc:** Klippel, Casey R (ATG) <Casey.Klippel@atg.in.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Dylan.Jones <Dylan.Jones@azag.gov>; Edwards, Asa <aedwards@ncdoj.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Joseph.Hubble <Joseph.Hubble@azag.gov>; laura.dilweg <laura.dilweg@azag.gov>; Wilburn Allen, Danielle <dwilburnallen@NCDOJ.GOV>
**Subject:** RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom

Dear Matt,

Thank you for the email. We believe that the documents shared are properly protected by Rule 408. We would be willing to move forward with a protective order that would cover the litigation as a whole.

Also, are you and/or Neil representing Stacey Reeves now that Mr. Stein has withdrawn from the case?

We look forward to reviewing the documents.

Thank you,
Joe


**Joseph D. Yeoman**
Deputy Attorney General – Data Privacy & Identity Theft Unit
Office of Indiana Attorney General Todd Rokita
302 West Washington Street
IGCS – 5th Floor
Indianapolis, IN 46204
p: 317.234.1912 │f: 317.232.7979
joseph.yeoman@atg.in.gov

**From:** Albaugh, Matt <MAlbaugh@taftlaw.com>
**Sent:** Friday, July 28, 2023 3:45 PM
**To:** Nayer, Tracy <Tnayer@ncdoj.gov>; Neil Ende <nende@tlgdc.com>
**Cc:** Klippel, Casey R (ATG) <Casey.Klippel@atg.in.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Dylan.Jones <Dylan.Jones@azag.gov>; Edwards, Asa <aedwards@ncdoj.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Joseph.Hubble <Joseph.Hubble@azag.gov>; Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>; laura.dilweg <laura.dilweg@azag.gov>; Wilburn Allen, Danielle <dwilburnallen@NCDOJ.GOV>
**Subject:** RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom

**** This is an EXTERNAL email. Exercise caution. DO NOT open attachments or click links from unknown senders or unexpected email. ****

Tracy:

Could we schedule a short call early next week to discuss procedural issues associated with Avid Telecom's document production?  We are ready to make Defendants' initial production, but we think it prudent to talk first.  Namely, we'd like to cover the confidentiality and use/disclosure of Avid Telecom's documents outside of these settlement discussions.  A standard Confidentiality and Non-Disclosure Agreement may be needed.

Thanks, Matt

**Taft**

**Matt Albaugh**
Partner
MAlbaugh@taftlaw.com
**Dir:** 317.713.3490
**Tel:** 317.713.3500  |  **Fax:** 317.713.3699
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204-2023

**taftlaw.com**

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**From:** Nayer, Tracy <Tnayer@ncdoj.gov>
**Sent:** Wednesday, July 19, 2023 4:56 PM
**To:** Albaugh, Matt <MAlbaugh@taftlaw.com>; Neil Ende <nende@tlgdc.com>
**Cc:** Anne M. Chapman <anne@mscclaw.com>; Brianne Wolcott <brianne@mscclaw.com>; 'Lee Stein' <lee@mscclaw.com>; Casey Klippel (IN AG) (Casey.Klippel@atg.in.gov) <Casey.Klippel@atg.in.gov>; Douglas Swetnam (IN AG) <douglas.swetnam@atg.in.gov> <douglas.swetnam@atg.in.gov>; Dylan Jones (AZ AG) (Dylan.Jones@azag.gov) <Dylan.Jones@azag.gov>; Edwards, Asa <aedwards@NCDOJ.GOV>; Erin Leahy-Connolly (OH AG) (erin.leahy@ohioago.gov) <erin.leahy@ohioago.gov>; Joseph Hubble (AZ AG) (Joseph.Hubble@azag.gov) <Joseph.Hubble@azag.gov>; Joseph.Yeoman@atg.in.gov; Laura Dilweg (AZ AG) (Laura.Dilweg@azag.gov) <Laura.Dilweg@azag.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>; Wilburn Allen, Danielle <dwilburnallen@NCDOJ.GOV>
**Subject:** RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom

Neil and Matt,

Thank you for taking the time to talk with us this morning.  We are sorry that Mr. Stein could not join this call as well, since we understand from our conversation with you that Mr. Stein alone currently represents Ms. Reeves.

As we discussed, and to reiterate the States' position, regarding the correspondence you sent to us on Wednesday, July 18, prior to our call, we disagree with the characterizations, claims, and assertions attributed to, among other things, the allegations in the complaint filed in this action, the sufficiency of the evidence supporting our complaint, Avid Telecom's role in this ecosystem, Avid's actual business practices, the third parties that complied with our lawful requests for information, and the methods, actions, and authority of all state law enforcement involved in bringing this enforcement action against Michael D. Lansky LLC dba Avid Telecom ("Avid"), Mr. Lansky, and Ms. Reeves.

Nevertheless, we remain open to engaging in meaningful efforts to resolve this matter by agreement, and reiterate our request that your clients provide us with the following initial set of documents that will inform us as we consider whether we can agree to a resolution that would allow Mr. Lansky and Ms. Reeves to continue working in the industry:

- Communications, including text messages, emails, Skype messages, and other forms of written communications with each of Avid's upstream providers and customers/clients that were the subject of a traceback, as well as internal communications regarding both tracebacks in which these upstreams and customers are implicated and complaints received by Avid from third parties, including downstream providers and law enforcement entities, about the quality or content of Avid's traffic;
    - Include copies of contracts with each of these upstream providers and/or customer/clients
- Documents showing due diligence performed by Avid on upstream providers and/or customers/clients that were the subject of tracebacks, which due diligence was conducted both during the onboarding process and as a result of any tracebacks received or complaints received by Avid from third parties;
- Documents showing due diligence performed by Avid on any entity to which Avid sold or leased DIDs, which due diligence was conducted when issuing the numbers to the entity, as well as any documents or communications associated with any complaints received by Avid from third parties, including complaints by downstream providers and law enforcement entities, about the quality or content of the traffic involving the entity's use of these Avid-issued DIDs
    - Include copies of contracts with each of these entities to which Avid sold/leased DIDs
- Documentation showing the products and services Avid used to reduce robocalling, including invoices and details of such products and services; and
- Any other proof to substantiate the claims made in your July 18, 2023 correspondence to the States.

Finally, as you reference below, we look forward to receiving internal and external communications and documentation associated with all customers/clients that Avid suspended, cancelled, or terminated or threatened to suspend, cancel, or terminate their service agreement and the reason for the suspension, cancellation, or termination or the threat of suspension, cancellation, or termination.

Again, thank you for your time.  We look forward to hearing from you.
Tracy



**Tracy Nayer**
Special Deputy Attorney General
Consumer Protection Division
North Carolina Department of Justice
(919) 716-6581
tnayer@ncdoj.gov
Post Office Box 629, Raleigh, NC 27602
114 West Edenton Street, Raleigh, NC 27603

https://ncdoj.gov/

Please note messages to or from this address may be public records.

---

**From:** Albaugh, Matt <MAlbaugh@taftlaw.com>
**Sent:** Wednesday, July 19, 2023 1:29 PM
**To:** Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>; Anne M. Chapman <anne@mscclaw.com>; Brianne Wolcott <brianne@mscclaw.com>; Neil Ende <nende@tlgdc.com>; 'Lee Stein' <lee@mscclaw.com>
**Cc:** Dilweg, Laura <Laura.Dilweg@azag.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Klippel, Casey R (ATG) <Casey.Klippel@atg.in.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Wilburn Allen, Danielle <dwilburnallen@NCDOJ.GOV>; Erin Leahy <erin.leahy@OhioAGO.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>; Hubble, Joseph <Joseph.Hubble@azag.gov>
**Subject:** RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom

All:  Thank you for your time earlier today.  We look forward to continuing to work with you to hopefully resolve the states' claims.

To confirm, Avid Telecom is assembling key information associated with its termination of customers following reports of misconduct or other information.  We will have that prepared and sent to you shortly.

I understand that someone will be sending us a set of targeted document requests that the taskforce would like to receive from the Defendants.  We look forward to receipt of that list so that we can review and consult with our clients.

Thanks, Matt

Exhibit H

## Albaugh, Matt

| | |
|---|---|
| **From:** | Yeoman, Joseph <Joseph.Yeoman@atg.in.gov> |
| **Sent:** | Tuesday, August 15, 2023 1:33 PM |
| **To:** | Albaugh, Matt; Dilweg, Laura; Nayer, Tracy; Neil Ende |
| **Cc:** | Klippel, Casey R (ATG); Swetnam, Douglas; Dylan.Jones; Edwards, Asa; Erin Leahy; Joseph.Hubble; Wilburn Allen, Danielle |
| **Subject:** | RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom |

Dear Matt,

The 49 Plaintiff states remain willing to discuss settlement, but cannot agree to any protective order at this time. Every state has public records laws, and what you are proposing would violate many state laws. Thus, the proposed limitations are not straightforward. Further, Leadership is managing this litigation; however, all the states have equal and full access to any document or discovery that a state wishes to have.

When we last spoke, there were three main options to move this matter forward: (1) a settlement where all three Defendants left the industry (which you said was not acceptable to the individually-named defendants); (2) a settlement with injunctive terms (which we said required the production of a limited set of documents); or (3) we continue forward with litigation. If your clients would like to move forward discussing settlement with injunctive terms, then please send the documents we requested.

Thanks,
Joe


**Joseph D. Yeoman**
Deputy Attorney General – Data Privacy & Identity Theft Unit
Office of Indiana Attorney General Todd Rokita
302 West Washington Street
IGCS – 5th Floor
Indianapolis, IN 46204
p: 317.234.1912 │f: 317.232.7979
joseph.yeoman@atg.in.gov

---

**From:** Albaugh, Matt <MAlbaugh@taftlaw.com>
**Sent:** Monday, August 14, 2023 3:05 PM
**To:** Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>; Dilweg, Laura <laura.dilweg@azag.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>; Neil Ende <nende@tlgdc.com>
**Cc:** Klippel, Casey R (ATG) <Casey.Klippel@atg.in.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Dylan.Jones <Dylan.Jones@azag.gov>; Edwards, Asa <aedwards@ncdoj.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Joseph.Hubble <Joseph.Hubble@azag.gov>; Wilburn Allen, Danielle <dwilburnallen@NCDOJ.GOV>
**Subject:** RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom

**\*\*\*\* This is an EXTERNAL email. Exercise caution. DO NOT open attachments or click links from unknown senders or unexpected email. \*\*\*\***

---

Joe:

Thanks for the quick response.  Perhaps a quick call is in order?  I can be available most all this week.

Rule 408 provides only minimal protections regarding the admissibility of evidence.  Avid Telecom is engaged in active litigation with certain third-parties and additionally has concrete privacy concerns, as reflected by death threats received in the wake of prior press releases.

If we are to have good faith settlement discussions, Defendants need assurances (whether private agreements or a binding court order) that limits the disclosure and use of information we share through this process.  I need to understand why the taskforce cannot agree to these straightforward limitations before advising my clients.  I also understood that only a few states (IN, OH, NC, and AZ) would even need access to these documents for purposes of evaluating a possible settlement.

I look forward to hearing back from you. --Matt

---

**From:** Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>
**Sent:** Monday, August 14, 2023 2:09 PM
**To:** Albaugh, Matt <MAlbaugh@taftlaw.com>; Dilweg, Laura <laura.dilweg@azag.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>; Neil Ende <nende@tlgdc.com>
**Cc:** Klippel, Casey R (ATG) <Casey.Klippel@atg.in.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Dylan.Jones <Dylan.Jones@azag.gov>; Edwards, Asa <aedwards@ncdoj.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Joseph.Hubble <Joseph.Hubble@azag.gov>; Wilburn Allen, Danielle <dwilburnallen@NCDOJ.GOV>
**Subject:** RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom

Dear Matt,
Thank you for your email. As previously stated, we agree to abide by the rules and protections of Rule 408. Your list would require input from all plaintiff states since they are essentially the components of a protective order. As we described in our prior email, a protective order will require additional input from each state.
Thanks,
Joe

**Joseph D. Yeoman**
Deputy Attorney General – Data Privacy & Identity Theft Unit
Office of Indiana Attorney General Todd Rokita
302 West Washington Street
IGCS – 5th Floor
Indianapolis, IN 46204
p: 317.234.1912 |f: 317.232.7979
joseph.yeoman@atg.in.gov

---

**From:** Albaugh, Matt <MAlbaugh@taftlaw.com>
**Sent:** Monday, August 14, 2023 1:35 PM
**To:** Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>; Dilweg, Laura <laura.dilweg@azag.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>; Neil Ende <nende@tlgdc.com>
**Cc:** Klippel, Casey R (ATG) <Casey.Klippel@atg.in.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Dylan.Jones <Dylan.Jones@azag.gov>; Edwards, Asa <aedwards@ncdoj.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Joseph.Hubble <Joseph.Hubble@azag.gov>; Wilburn Allen, Danielle <dwilburnallen@NCDOJ.GOV>
**Subject:** RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom

**** This is an EXTERNAL email. Exercise caution. DO NOT open attachments or click links from unknown senders or unexpected email. ****

---

Joe:

Can you and the other members of the task force agree to (a) treat these documents and the information therein as confidential, (b) not share these documents or the information therein with any third-party, (c) use these documents or the information therein solely for purposes of settlement discussions, and (d) return/destroy the documents at the conclusion of our discussions?

If so, I should be able to send documents shortly.

Thanks, Matt

**From:** Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>
**Sent:** Tuesday, August 8, 2023 1:36 PM
**To:** Albaugh, Matt <MAlbaugh@taftlaw.com>; Dilweg, Laura <laura.dilweg@azag.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>; Neil Ende <nende@tlgdc.com>
**Cc:** Klippel, Casey R (ATG) <Casey.Klippel@atg.in.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Dylan Jones <Dylan.Jones@azag.gov>; Edwards, Asa <aedwards@ncdoj.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Joseph.Hubble <Joseph.Hubble@azag.gov>; Wilburn Allen, Danielle <dwilburnallen@NCDOJ.GOV>
**Subject:** RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom

Dear Matt,

We hope that you are well.  Several states raised concerns regarding the Court's standard protective order, which will require additional consideration before we are ready to negotiate and file a protective order that will govern this litigation.  Therefore, if you are interested in continuing to engage in settlement discussions at this time, we can agree that documents produced in furtherance of settlement are subject to the protections provided by Rule 408.

We will be in touch when we are ready to move forward on a proposed protective order for the litigation.

We look forward to hearing from you.

Thanks,
Joe

**Joseph D. Yeoman**
Deputy Attorney General – Data Privacy & Identity Theft Unit
Office of Indiana Attorney General Todd Rokita
302 West Washington Street
IGCS – 5th Floor
Indianapolis, IN 46204
p: 317.234.1912 │f: 317.232.7979
joseph.yeoman@atg.in.gov

**From:** Albaugh, Matt <MAlbaugh@taftlaw.com>
**Sent:** Thursday, August 3, 2023 11:04 AM
**To:** laura.dilweg <laura.dilweg@azag.gov>; Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>; Neil Ende <nende@tlgdc.com>
**Cc:** Klippel, Casey R (ATG) <Casey.Klippel@atg.in.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Dylan Jones <Dylan.Jones@azag.gov>; Edwards, Asa <aedwards@ncdoj.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Joseph.Hubble <Joseph.Hubble@azag.gov>; Wilburn Allen, Danielle <dwilburnallen@NCDOJ.GOV>
**Subject:** RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom

**** This is an EXTERNAL email. Exercise caution. DO NOT open attachments or click links from unknown senders or unexpected email. ****

Thank you, Laura.  We will be on the lookout for the draft PO.

Matt

---

**From:** Dilweg, Laura <Laura.Dilweg@azag.gov>
**Sent:** Wednesday, August 2, 2023 7:01 PM
**To:** Albaugh, Matt <MAlbaugh@taftlaw.com>; Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>; Neil Ende <nende@tlgdc.com>
**Cc:** Klippel, Casey R (ATG) <Casey.Klippel@atg.in.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Edwards, Asa <aedwards@ncdoj.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Hubble, Joseph <Joseph.Hubble@azag.gov>; Wilburn Allen, Danielle <dwilburnallen@NCDOJ.GOV>
**Subject:** RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom

Matt,

Thank you for following up. We are in the process of drafting a PO and will circulate that to you when we are able.

Thank you,
Laura

**Laura Dilweg**
Senior Litigation Counsel
Consumer Protection and Advocacy Section



Arizona Attorney General Kris Mayes
2005 N. Central Avenue
Phoenix, AZ 85004
(602) 542-7753
Laura.Dilweg@azag.gov
http://www.azag.gov

---

**From:** Albaugh, Matt <MAlbaugh@taftlaw.com>
**Sent:** Wednesday, August 2, 2023 12:27 PM
**To:** Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>; Neil Ende <nende@tlgdc.com>
**Cc:** Klippel, Casey R (ATG) <Casey.Klippel@atg.in.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Edwards, Asa <aedwards@ncdoj.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Hubble, Joseph <Joseph.Hubble@azag.gov>; Dilweg, Laura <Laura.Dilweg@azag.gov>; Wilburn Allen, Danielle <dwilburnallen@NCDOJ.GOV>
**Subject:** RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom

Following up on the email below.  We'd like to get a PO in place so that an initial production can be made.  I assume the Arizona lawyers on the email likely have a standard PO that's been entered previously by the Court.

Thanks, Matt

**From:** Albaugh, Matt <[MAlbaugh@taftlaw.com](mailto:MAlbaugh@taftlaw.com)>
**Sent:** Tuesday, August 1, 2023 7:47 AM
**To:** Yeoman, Joseph <[Joseph.Yeoman@atg.in.gov](mailto:Joseph.Yeoman@atg.in.gov)>; Nayer, Tracy <[Tnayer@ncdoj.gov](mailto:Tnayer@ncdoj.gov)>; Neil Ende <[nende@tlgdc.com](mailto:nende@tlgdc.com)>
**Cc:** Klippel, Casey R (ATG) <[Casey.Klippel@atg.in.gov](mailto:Casey.Klippel@atg.in.gov)>; Swetnam, Douglas <[Douglas.Swetnam@atg.in.gov](mailto:Douglas.Swetnam@atg.in.gov)>; Dylan.Jones <[Dylan.Jones@azag.gov](mailto:Dylan.Jones@azag.gov)>; Edwards, Asa <[aedwards@ncdoj.gov](mailto:aedwards@ncdoj.gov)>; Erin Leahy <[erin.leahy@OhioAGO.gov](mailto:erin.leahy@OhioAGO.gov)>; Joseph.Hubble <[Joseph.Hubble@azag.gov](mailto:Joseph.Hubble@azag.gov)>; laura.dilweg <[laura.dilweg@azag.gov](mailto:laura.dilweg@azag.gov)>; Wilburn Allen, Danielle <[dwilburnallen@NCDOJ.GOV](mailto:dwilburnallen@NCDOJ.GOV)>
**Subject:** RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom

Thanks, Joe.  Could any of the Arizona lawyers on this email please circulate a draft PO?

Neil is representing all of the defendants.

---

**From:** Yeoman, Joseph <[Joseph.Yeoman@atg.in.gov](mailto:Joseph.Yeoman@atg.in.gov)>
**Sent:** Monday, July 31, 2023 4:15 PM
**To:** Albaugh, Matt <[MAlbaugh@taftlaw.com](mailto:MAlbaugh@taftlaw.com)>; Nayer, Tracy <[Tnayer@ncdoj.gov](mailto:Tnayer@ncdoj.gov)>; Neil Ende <[nende@tlgdc.com](mailto:nende@tlgdc.com)>
**Cc:** Klippel, Casey R (ATG) <[Casey.Klippel@atg.in.gov](mailto:Casey.Klippel@atg.in.gov)>; Swetnam, Douglas <[Douglas.Swetnam@atg.in.gov](mailto:Douglas.Swetnam@atg.in.gov)>; Dylan.Jones <[Dylan.Jones@azag.gov](mailto:Dylan.Jones@azag.gov)>; Edwards, Asa <[aedwards@ncdoj.gov](mailto:aedwards@ncdoj.gov)>; Erin Leahy <[erin.leahy@OhioAGO.gov](mailto:erin.leahy@OhioAGO.gov)>; Joseph.Hubble <[Joseph.Hubble@azag.gov](mailto:Joseph.Hubble@azag.gov)>; laura.dilweg <[laura.dilweg@azag.gov](mailto:laura.dilweg@azag.gov)>; Wilburn Allen, Danielle <[dwilburnallen@NCDOJ.GOV](mailto:dwilburnallen@NCDOJ.GOV)>
**Subject:** RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom

Dear Matt,

Thank you for the email. We believe that the documents shared are properly protected by Rule 408. We would be willing to move forward with a protective order that would cover the litigation as a whole.

Also, are you and/or Neil representing Stacey Reeves now that Mr. Stein has withdrawn from the case?

We look forward to reviewing the documents.

Thank you,
Joe

**Joseph D. Yeoman**
Deputy Attorney General – Data Privacy & Identity Theft Unit
Office of Indiana Attorney General Todd Rokita
302 West Washington Street
IGCS – 5th Floor
Indianapolis, IN 46204
p: 317.234.1912 |f: 317.232.7979
[joseph.yeoman@atg.in.gov](mailto:joseph.yeoman@atg.in.gov)

---

**From:** Albaugh, Matt <[MAlbaugh@taftlaw.com](mailto:MAlbaugh@taftlaw.com)>
**Sent:** Friday, July 28, 2023 3:45 PM
**To:** Nayer, Tracy <[Tnayer@ncdoj.gov](mailto:Tnayer@ncdoj.gov)>; Neil Ende <[nende@tlgdc.com](mailto:nende@tlgdc.com)>
**Cc:** Klippel, Casey R (ATG) <[Casey.Klippel@atg.in.gov](mailto:Casey.Klippel@atg.in.gov)>; Swetnam, Douglas <[Douglas.Swetnam@atg.in.gov](mailto:Douglas.Swetnam@atg.in.gov)>; Dylan.Jones <[Dylan.Jones@azag.gov](mailto:Dylan.Jones@azag.gov)>; Edwards, Asa <[aedwards@ncdoj.gov](mailto:aedwards@ncdoj.gov)>; Erin Leahy <[erin.leahy@OhioAGO.gov](mailto:erin.leahy@OhioAGO.gov)>; Joseph.Hubble <[Joseph.Hubble@azag.gov](mailto:Joseph.Hubble@azag.gov)>; Yeoman, Joseph <[Joseph.Yeoman@atg.in.gov](mailto:Joseph.Yeoman@atg.in.gov)>; laura.dilweg <[laura.dilweg@azag.gov](mailto:laura.dilweg@azag.gov)>; Wilburn Allen, Danielle <[dwilburnallen@NCDOJ.GOV](mailto:dwilburnallen@NCDOJ.GOV)>
**Subject:** RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom

**\*\*\*\* This is an EXTERNAL email. Exercise caution. DO NOT open attachments or click links from unknown senders or unexpected email. \*\*\*\***

Tracy:

Could we schedule a short call early next week to discuss procedural issues associated with Avid Telecom's document production?  We are ready to make Defendants' initial production, but we think it prudent to talk first.  Namely, we'd like to cover the confidentiality and use/disclosure of Avid Telecom's documents outside of these settlement discussions.  A standard Confidentiality and Non-Disclosure Agreement may be needed.

Thanks, Matt



**Matt Albaugh**
Partner
MAlbaugh@taftlaw.com
Dir: 317.713.3490
Tel: 317.713.3500   |   Fax: 317.713.3699
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204-2023

**taftlaw.com**

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**From:** Nayer, Tracy <Tnayer@ncdoj.gov>
**Sent:** Wednesday, July 19, 2023 4:56 PM
**To:** Albaugh, Matt <MAlbaugh@taftlaw.com>; Neil Ende <nende@tlgdc.com>
**Cc:** Anne M. Chapman <anne@mscclaw.com>; Brianne Wolcott <brianne@mscclaw.com>; 'Lee Stein' <lee@mscclaw.com>; Casey Klippel (IN AG) (Casey.Klippel@atg.in.gov) <Casey.Klippel@atg.in.gov>; Douglas Swetnam (IN AG) (douglas.swetnam@atg.in.gov) <douglas.swetnam@atg.in.gov>; Dylan Jones (AZ AG) (Dylan.Jones@azag.gov) <Dylan.Jones@azag.gov>; Edwards, Asa <aedwards@NCDOJ.GOV>; Erin Leahy-Connolly (OH AG) (erin.leahy@ohioago.gov) <erin.leahy@ohioago.gov>; Joseph Hubble (AZ AG) (Joseph.Hubble@azag.gov) <Joseph.Hubble@azag.gov>; Joseph.Yeoman@atg.in.gov; Laura Dilweg (AZ AG) (Laura.Dilweg@azag.gov) <Laura.Dilweg@azag.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>; Wilburn Allen, Danielle <dwilburnallen@NCDOJ.GOV>
**Subject:** RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom

Neil and Matt,

Thank you for taking the time to talk with us this morning.  We are sorry that Mr. Stein could not join this call as well, since we understand from our conversation with you that Mr. Stein alone currently represents Ms. Reeves.

As we discussed, and to reiterate the States' position, regarding the correspondence you sent to us on Wednesday, July 18, prior to our call, we disagree with the characterizations, claims, and assertions attributed to, among other things, the allegations in the complaint filed in this action, the sufficiency of the evidence supporting our complaint, Avid Telecom's role in this ecosystem, Avid's actual business practices, the third

parties that complied with our lawful requests for information, and the methods, actions, and authority of all state law enforcement involved in bringing this enforcement action against Michael D. Lansky LLC dba Avid Telecom ("Avid"), Mr. Lansky, and Ms. Reeves.

Nevertheless, we remain open to engaging in meaningful efforts to resolve this matter by agreement, and reiterate our request that your clients provide us with the following initial set of documents that will inform us as we consider whether we can agree to a resolution that would allow Mr. Lansky and Ms. Reeves to continue working in the industry:

- Communications, including text messages, emails, Skype messages, and other forms of written communications with each of Avid's upstream providers and customers/clients that were the subject of a traceback, as well as internal communications regarding both tracebacks in which these upstreams and customers are implicated and complaints received by Avid from third parties, including downstream providers and law enforcement entities, about the quality or content of Avid's traffic;
  - o Include copies of contracts with each of these upstream providers and/or customer/clients
- Documents showing due diligence performed by Avid on upstream providers and/or customers/clients that were the subject of tracebacks, which due diligence was conducted both during the onboarding process and as a result of any tracebacks received or complaints received by Avid from third parties;
- Documents showing due diligence performed by Avid on any entity to which Avid sold or leased DIDs, which due diligence was conducted when issuing the numbers to the entity, as well as any documents or communications associated with any complaints received by Avid from third parties, including complaints by downstream providers and law enforcement entities, about the quality or content of the traffic involving the entity's use of these Avid-issued DIDs
  - o Include copies of contracts with each of these entities to which Avid sold/leased DIDs
- Documentation showing the products and services Avid used to reduce robocalling, including invoices and details of such products and services; and
- Any other proof to substantiate the claims made in your July 18, 2023 correspondence to the States.

Finally, as you reference below, we look forward to receiving internal and external communications and documentation associated with all customers/clients that Avid suspended, cancelled, or terminated or threatened to suspend, cancel, or terminate their service agreement and the reason for the suspension, cancellation, or termination or the threat of suspension, cancellation, or termination.

Again, thank you for your time.  We look forward to hearing from you.
Tracy



**Tracy Nayer**
Special Deputy Attorney General
Consumer Protection Division
North Carolina Department of Justice
(919) 716-6581
tnayer@ncdoj.gov
Post Office Box 629, Raleigh, NC 27602
114 West Edenton Street, Raleigh, NC 27603
https://ncdoj.gov/

Please note messages to or from this address may be public records.

**From:** Albaugh, Matt <MAlbaugh@taftlaw.com>
**Sent:** Wednesday, July 19, 2023 1:29 PM

**To:** Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>; Anne M. Chapman <anne@mscclaw.com>; Brianne Wolcott <brianne@mscclaw.com>; Neil Ende <nende@tlgdc.com>; 'Lee Stein' <lee@mscclaw.com>
**Cc:** Dilweg, Laura <Laura.Dilweg@azag.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Klippel, Casey R (ATG) <Casey.Klippel@atg.in.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Wilburn Allen, Danielle <dwilburnallen@NCDOJ.GOV>; Erin Leahy <erin.leahy@OhioAGO.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>; Hubble, Joseph <Joseph.Hubble@azag.gov>
**Subject:** RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom

All:  Thank you for your time earlier today.  We look forward to continuing to work with you to hopefully resolve the states' claims.

To confirm, Avid Telecom is assembling key information associated with its termination of customers following reports of misconduct or other information.  We will have that prepared and sent to you shortly.

I understand that someone will be sending us a set of targeted document requests that the taskforce would like to receive from the Defendants.  We look forward to receipt of that list so that we can review and consult with our clients.

Thanks, Matt

Exhibit I

**Albaugh, Matt**

| | |
|---|---|
| **From:** | noreply@taftlaw.com |
| **Sent:** | Monday, August 21, 2023 2:26 PM |
| **To:** | Joseph.Yeoman@atg.in.gov; laura.dilweg@azag.gov; Tnayer@ncdoj.gov; Casey.Klippel@atg.in.gov; Douglas.Swetnam@atg.in.gov; Dylan.Jones@azag.gov; aedwards@ncdoj.gov; erin.leahy@OhioAGO.gov; Joseph.Hubble@azag.gov; dwilburnallen@NCDOJ.GOV |
| **Cc:** | Albaugh, Matt; nende@tlgdc.com |
| **Subject:** | Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom |

---

**You are receiving this notification from Taft/ – http://www.taftlaw.com**

---

## Secure files ready for download

nwoods@taftlaw.com has sent you files through the Taft/ Secure File Transfer system.

**Message subject:** Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom

**Sent at:** 2023-08-21 14:25 EDT

**Message:**

Please find attached documents produced in the above-referenced matter solely for purposes of settlement/compromise discussion pursuant to Rule 408. Defendants request these materials be treated as confidential and not shared with any third-party.

Download your attachments by visiting:

**Click here to download files**

The following files have been sent to you:

• PROD01.zip (767.0 MB)

Your data will expire at **2023-09-04 11:00 LMT** and deleted off the system afterwards.

1

Our Secure File Transfer system can securely transport files of any size. Therefore we would like to ask you to use our system in case you need to send files back to us.

For help and support of any aspect of this notification message please contact nwoods@taftlaw.com.

Kind regards

**Taft/**

© 2019 Litéra – All rights reserved.

Exhibit J

**Albaugh, Matt**

| | |
|---|---|
| **From:** | Yeoman, Joseph <Joseph.Yeoman@atg.in.gov> |
| **Sent:** | Thursday, August 31, 2023 3:11 PM |
| **To:** | Albaugh, Matt; Dilweg, Laura; Nayer, Tracy; Neil Ende |
| **Cc:** | Klippel, Casey R (ATG); Swetnam, Douglas; Dylan.Jones; Edwards, Asa; Erin Leahy; Joseph.Hubble; Wilburn Allen, Danielle |
| **Subject:** | RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom |

Dear Matt,

Thank you for letting us know and we look forward to receiving the second production.  If you'd like to set up a call to discuss the production sent to-date, we will need additional time after receiving the second batch of documents to complete a preliminary review.  We can get back to you about setting up a call after that time so that we can be better positioned to have a more productive conversation.

Thanks,
Joe

**Joseph D. Yeoman**
Deputy Attorney General – Data Privacy & Identity Theft Unit
Office of Indiana Attorney General Todd Rokita
302 West Washington Street
IGCS – 5th Floor
Indianapolis, IN 46204
p: 317.234.1912 |f: 317.232.7979
joseph.yeoman@atg.in.gov

**From:** Albaugh, Matt <MAlbaugh@taftlaw.com>
**Sent:** Thursday, August 31, 2023 9:51 AM
**To:** Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>; Dilweg, Laura <laura.dilweg@azag.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>; Neil Ende <nende@tlgdc.com>
**Cc:** Klippel, Casey R (ATG) <Casey.Klippel@atg.in.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Dylan.Jones <Dylan.Jones@azag.gov>; Edwards, Asa <aedwards@ncdoj.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Joseph.Hubble <Joseph.Hubble@azag.gov>; Wilburn Allen, Danielle <dwilburnallen@NCDOJ.GOV>
**Subject:** RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom

**<span style="color:red">**** This is an EXTERNAL email. Exercise caution. DO NOT open attachments or click links from unknown senders or unexpected email. ****</span>**

Joe:  I anticipate making a supplemental production on behalf of Defendants shortly.

Could we set a time for a follow-up discussion next week after Labor Day?

Matt

**From:** Albaugh, Matt <MAlbaugh@taftlaw.com>
**Sent:** Monday, August 14, 2023 3:05 PM
**To:** Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>; Dilweg, Laura <laura.dilweg@azag.gov>; Nayer, Tracy

1

<Tnayer@ncdoj.gov>; Neil Ende <nende@tlgdc.com>
**Cc:** Klippel, Casey R (ATG) <Casey.Klippel@atg.in.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Dylan.Jones <Dylan.Jones@azag.gov>; Edwards, Asa <aedwards@ncdoj.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Joseph.Hubble <Joseph.Hubble@azag.gov>; Wilburn Allen, Danielle <dwilburnallen@NCDOJ.GOV>
**Subject:** RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom

Joe:

Thanks for the quick response.  Perhaps a quick call is in order?  I can be available most all this week.

Rule 408 provides only minimal protections regarding the admissibility of evidence.  Avid Telecom is engaged in active litigation with certain third-parties and additionally has concrete privacy concerns, as reflected by death threats received in the wake of prior press releases.

If we are to have good faith settlement discussions, Defendants need assurances (whether private agreements or a binding court order) that limits the disclosure and use of information we share through this process.  I need to understand why the taskforce cannot agree to these straightforward limitations before advising my clients.  I also understood that only a few states (IN, OH, NC, and AZ) would even need access to these documents for purposes of evaluating a possible settlement.

I look forward to hearing back from you. --Matt

---

**From:** Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>
**Sent:** Monday, August 14, 2023 2:09 PM
**To:** Albaugh, Matt <MAlbaugh@taftlaw.com>; Dilweg, Laura <laura.dilweg@azag.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>; Neil Ende <nende@tlgdc.com>
**Cc:** Klippel, Casey R (ATG) <Casey.Klippel@atg.in.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Dylan.Jones <Dylan.Jones@azag.gov>; Edwards, Asa <aedwards@ncdoj.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Joseph.Hubble <Joseph.Hubble@azag.gov>; Wilburn Allen, Danielle <dwilburnallen@NCDOJ.GOV>
**Subject:** RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom

Dear Matt,
Thank you for your email. As previously stated, we agree to abide by the rules and protections of Rule 408. Your list would require input from all plaintiff states since they are essentially the components of a protective order. As we described in our prior email, a protective order will require additional input from each state.
Thanks,
Joe

**Joseph D. Yeoman**
Deputy Attorney General – Data Privacy & Identity Theft Unit
Office of Indiana Attorney General Todd Rokita
302 West Washington Street
IGCS – 5th Floor
Indianapolis, IN 46204
p: 317.234.1912 │f: 317.232.7979
joseph.yeoman@atg.in.gov

---

**From:** Albaugh, Matt <MAlbaugh@taftlaw.com>
**Sent:** Monday, August 14, 2023 1:35 PM
**To:** Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>; Dilweg, Laura <laura.dilweg@azag.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>; Neil Ende <nende@tlgdc.com>
**Cc:** Klippel, Casey R (ATG) <Casey.Klippel@atg.in.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Dylan.Jones

<Dylan.Jones@azag.gov>; Edwards, Asa <aedwards@ncdoj.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Joseph.Hubble <Joseph.Hubble@azag.gov>; Wilburn Allen, Danielle <dwilburnallen@NCDOJ.GOV>
**Subject:** RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom

**** This is an EXTERNAL email. Exercise caution. DO NOT open attachments or click links from unknown senders or unexpected email. ****

Joe:

Can you and the other members of the task force agree to (a) treat these documents and the information therein as confidential, (b) not share these documents or the information therein with any third-party, (c) use these documents or the information therein solely for purposes of settlement discussions, and (d) return/destroy the documents at the conclusion of our discussions?

If so, I should be able to send documents shortly.

Thanks, Matt

---

**From:** Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>
**Sent:** Tuesday, August 8, 2023 1:36 PM
**To:** Albaugh, Matt <MAlbaugh@taftlaw.com>; Dilweg, Laura <laura.dilweg@azag.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>; Neil Ende <nende@tlgdc.com>
**Cc:** Klippel, Casey R (ATG) <Casey.Klippel@atg.in.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Dylan.Jones <Dylan.Jones@azag.gov>; Edwards, Asa <aedwards@ncdoj.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Joseph.Hubble <Joseph.Hubble@azag.gov>; Wilburn Allen, Danielle <dwilburnallen@NCDOJ.GOV>
**Subject:** RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom

Dear Matt,

We hope that you are well.  Several states raised concerns regarding the Court's standard protective order, which will require additional consideration before we are ready to negotiate and file a protective order that will govern this litigation.  Therefore, if you are interested in continuing to engage in settlement discussions at this time, we can agree that documents produced in furtherance of settlement are subject to the protections provided by Rule 408.

We will be in touch when we are ready to move forward on a proposed protective order for the litigation.

We look forward to hearing from you.

Thanks,
Joe

**Joseph D. Yeoman**
Deputy Attorney General – Data Privacy & Identity Theft Unit
Office of Indiana Attorney General Todd Rokita
302 West Washington Street
IGCS – 5th Floor
Indianapolis, IN 46204
p: 317.234.1912 | f: 317.232.7979
joseph.yeoman@atg.in.gov

**From:** Albaugh, Matt <MAlbaugh@taftlaw.com>
**Sent:** Thursday, August 3, 2023 11:04 AM
**To:** laura.dilweg <laura.dilweg@azag.gov>; Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>; Neil Ende <nende@tlgdc.com>
**Cc:** Klippel, Casey R (ATG) <Casey.Klippel@atg.in.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Dylan.Jones <Dylan.Jones@azag.gov>; Edwards, Asa <aedwards@ncdoj.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Joseph.Hubble <Joseph.Hubble@azag.gov>; Wilburn Allen, Danielle <dwilburnallen@NCDOJ.GOV>
**Subject:** RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom

**** This is an EXTERNAL email. Exercise caution. DO NOT open attachments or click links from unknown senders or unexpected email. ****

Thank you, Laura.  We will be on the lookout for the draft PO.

Matt

---

**From:** Dilweg, Laura <Laura.Dilweg@azag.gov>
**Sent:** Wednesday, August 2, 2023 7:01 PM
**To:** Albaugh, Matt <MAlbaugh@taftlaw.com>; Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>; Neil Ende <nende@tlgdc.com>
**Cc:** Klippel, Casey R (ATG) <Casey.Klippel@atg.in.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Edwards, Asa <aedwards@ncdoj.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Hubble, Joseph <Joseph.Hubble@azag.gov>; Wilburn Allen, Danielle <dwilburnallen@NCDOJ.GOV>
**Subject:** RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom

Matt,

Thank you for following up. We are in the process of drafting a PO and will circulate that to you when we are able.

Thank you,
Laura

**Laura Dilweg**
Senior Litigation Counsel
Consumer Protection and Advocacy Section


Arizona Attorney General Kris Mayes
2005 N. Central Avenue
Phoenix, AZ 85004
(602) 542-7753
Laura.Dilweg@azag.gov
http://www.azag.gov

---

**From:** Albaugh, Matt <MAlbaugh@taftlaw.com>
**Sent:** Wednesday, August 2, 2023 12:27 PM
**To:** Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>; Neil Ende <nende@tlgdc.com>
**Cc:** Klippel, Casey R (ATG) <Casey.Klippel@atg.in.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Edwards, Asa <aedwards@ncdoj.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Hubble,

Joseph <Joseph.Hubble@azag.gov>; Dilweg, Laura <Laura.Dilweg@azag.gov>; Wilburn Allen, Danielle
<dwilburnallen@NCDOJ.gov>
**Subject:** RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom

Following up on the email below.  We'd like to get a PO in place so that an initial production can be made.  I assume the
Arizona lawyers on the email likely have a standard PO that's been entered previously by the Court.

Thanks, Matt

---

**From:** Albaugh, Matt <MAlbaugh@taftlaw.com>
**Sent:** Tuesday, August 1, 2023 7:47 AM
**To:** Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>; Neil Ende <nende@tlgdc.com>
**Cc:** Klippel, Casey R (ATG) <Casey.Klippel@atg.in.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Dylan.Jones
<Dylan.Jones@azag.gov>; Edwards, Asa <aedwards@ncdoj.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Joseph.Hubble
<Joseph.Hubble@azag.gov>; laura.dilweg <laura.dilweg@azag.gov>; Wilburn Allen, Danielle
<dwilburnallen@NCDOJ.GOV>
**Subject:** RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom

Thanks, Joe.  Could any of the Arizona lawyers on this email please circulate a draft PO?

Neil is representing all of the defendants.

---

**From:** Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>
**Sent:** Monday, July 31, 2023 4:15 PM
**To:** Albaugh, Matt <MAlbaugh@taftlaw.com>; Nayer, Tracy <Tnayer@ncdoj.gov>; Neil Ende <nende@tlgdc.com>
**Cc:** Klippel, Casey R (ATG) <Casey.Klippel@atg.in.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Dylan.Jones
<Dylan.Jones@azag.gov>; Edwards, Asa <aedwards@ncdoj.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Joseph.Hubble
<Joseph.Hubble@azag.gov>; laura.dilweg <laura.dilweg@azag.gov>; Wilburn Allen, Danielle
<dwilburnallen@NCDOJ.GOV>
**Subject:** RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom

Dear Matt,

Thank you for the email. We believe that the documents shared are properly protected by Rule 408. We would be willing
to move forward with a protective order that would cover the litigation as a whole.

Also, are you and/or Neil representing Stacey Reeves now that Mr. Stein has withdrawn from the case?

We look forward to reviewing the documents.

Thank you,
Joe


**Joseph D. Yeoman**
Deputy Attorney General – Data Privacy & Identity Theft Unit
Office of Indiana Attorney General Todd Rokita
302 West Washington Street
IGCS – 5th Floor
Indianapolis, IN 46204
p: 317.234.1912 | f: 317.232.7979
joseph.yeoman@atg.in.gov

**From:** Albaugh, Matt <MAlbaugh@taftlaw.com>
**Sent:** Friday, July 28, 2023 3:45 PM
**To:** Nayer, Tracy <Tnayer@ncdoj.gov>; Neil Ende <nende@tlgdc.com>
**Cc:** Klippel, Casey R (ATG) <Casey.Klippel@atg.in.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Dylan.Jones <Dylan.Jones@azag.gov>; Edwards, Asa <aedwards@ncdoj.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Joseph.Hubble <Joseph.Hubble@azag.gov>; Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>; laura.dilweg <laura.dilweg@azag.gov>; Wilburn Allen, Danielle <dwilburnallen@NCDOJ.GOV>
**Subject:** RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom

**\*\*\*\* This is an EXTERNAL email. Exercise caution. DO NOT open attachments or click links from unknown senders or unexpected email. \*\*\*\***

Tracy:

Could we schedule a short call early next week to discuss procedural issues associated with Avid Telecom's document production? We are ready to make Defendants' initial production, but we think it prudent to talk first. Namely, we'd like to cover the confidentiality and use/disclosure of Avid Telecom's documents outside of these settlement discussions. A standard Confidentiality and Non-Disclosure Agreement may be needed.

Thanks, Matt



**Matt Albaugh**
Partner
MAlbaugh@taftlaw.com
**Dir:** 317.713.3490
**Tel:** 317.713.3500  |  **Fax:** 317.713.3699
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204-2023

**taftlaw.com**

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**From:** Nayer, Tracy <Tnayer@ncdoj.gov>
**Sent:** Wednesday, July 19, 2023 4:56 PM
**To:** Albaugh, Matt <MAlbaugh@taftlaw.com>; Neil Ende <nende@tlgdc.com>
**Cc:** Anne M. Chapman <anne@mscclaw.com>; Brianne Wolcott <brianne@mscclaw.com>; 'Lee Stein' <lee@mscclaw.com>; Casey Klippel (IN AG) <Casey.Klippel@atg.in.gov> <Casey.Klippel@atg.in.gov>; Douglas Swetnam (IN AG) <douglas.swetnam@atg.in.gov> <douglas.swetnam@atg.in.gov>; Dylan Jones (AZ AG) <Dylan.Jones@azag.gov> <Dylan.Jones@azag.gov>; Edwards, Asa <aedwards@NCDOJ.GOV>; Erin Leahy-Connolly (OH AG) <erin.leahy@ohioago.gov> <erin.leahy@ohioago.gov>; Joseph Hubble (AZ AG) <Joseph.Hubble@azag.gov> <Joseph.Hubble@azag.gov>; Joseph Yeoman (IN AG) <Joseph.Yeoman@atg.in.gov>; Laura Dilweg (AZ AG) <Laura.Dilweg@azag.gov> <Laura.Dilweg@azag.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>; Wilburn Allen, Danielle <dwilburnallen@NCDOJ.GOV>
**Subject:** RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom

Neil and Matt,

Thank you for taking the time to talk with us this morning.  We are sorry that Mr. Stein could not join this call as well, since we understand from our conversation with you that Mr. Stein alone currently represents Ms. Reeves.

As we discussed, and to reiterate the States' position, regarding the correspondence you sent to us on Wednesday, July 18, prior to our call, we disagree with the characterizations, claims, and assertions attributed to, among other things, the allegations in the complaint filed in this action, the sufficiency of the evidence supporting our complaint, Avid Telecom's role in this ecosystem, Avid's actual business practices, the third parties that complied with our lawful requests for information, and the methods, actions, and authority of all state law enforcement involved in bringing this enforcement action against Michael D. Lansky LLC dba Avid Telecom ("Avid"), Mr. Lansky, and Ms. Reeves.

Nevertheless, we remain open to engaging in meaningful efforts to resolve this matter by agreement, and reiterate our request that your clients provide us with the following initial set of documents that will inform us as we consider whether we can agree to a resolution that would allow Mr. Lansky and Ms. Reeves to continue working in the industry:

- Communications, including text messages, emails, Skype messages, and other forms of written communications with each of Avid's upstream providers and customers/clients that were the subject of a traceback, as well as internal communications regarding both tracebacks in which these upstreams and customers are implicated and complaints received by Avid from third parties, including downstream providers and law enforcement entities, about the quality or content of Avid's traffic;
    - Include copies of contracts with each of these upstream providers and/or customer/clients
- Documents showing due diligence performed by Avid on upstream providers and/or customers/clients that were the subject of tracebacks, which due diligence was conducted both during the onboarding process and as a result of any tracebacks received or complaints received by Avid from third parties;
- Documents showing due diligence performed by Avid on any entity to which Avid sold or leased DIDs, which due diligence was conducted when issuing the numbers to the entity, as well as any documents or communications associated with any complaints received by Avid from third parties, including complaints by downstream providers and law enforcement entities, about the quality or content of the traffic involving the entity's use of these Avid-issued DIDs
    - Include copies of contracts with each of these entities to which Avid sold/leased DIDs
- Documentation showing the products and services Avid used to reduce robocalling, including invoices and details of such products and services; and
- Any other proof to substantiate the claims made in your July 18, 2023 correspondence to the States.

Finally, as you reference below, we look forward to receiving internal and external communications and documentation associated with all customers/clients that Avid suspended, cancelled, or terminated or threatened to suspend, cancel, or terminate their service agreement and the reason for the suspension, cancellation, or termination or the threat of suspension, cancellation, or termination.

Again, thank you for your time.  We look forward to hearing from you.
Tracy



**Tracy Nayer**
Special Deputy Attorney General
Consumer Protection Division
North Carolina Department of Justice

(919) 716-6581
tnayer@ncdoj.gov
Post Office Box 629, Raleigh, NC 27602
114 West Edenton Street, Raleigh, NC 27603
https://ncdoj.gov/

Please note messages to or from this address may be public records.

---

**From:** Albaugh, Matt <MAlbaugh@taftlaw.com>
**Sent:** Wednesday, July 19, 2023 1:29 PM
**To:** Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>; Anne M. Chapman <anne@mscclaw.com>; Brianne Wolcott <brianne@mscclaw.com>; Neil Ende <nende@tlgdc.com>; 'Lee Stein' <lee@mscclaw.com>
**Cc:** Dilweg, Laura <Laura.Dilweg@azag.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Klippel, Casey R (ATG) <Casey.Klippel@atg.in.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Wilburn Allen, Danielle <dwilburnallen@NCDOJ.GOV>; Erin Leahy <erin.leahy@OhioAGO.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>; Hubble, Joseph <Joseph.Hubble@azag.gov>
**Subject:** RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom

All:  Thank you for your time earlier today.  We look forward to continuing to work with you to hopefully resolve the states' claims.

To confirm, Avid Telecom is assembling key information associated with its termination of customers following reports of misconduct or other information.  We will have that prepared and sent to you shortly.

I understand that someone will be sending us a set of targeted document requests that the taskforce would like to receive from the Defendants.  We look forward to receipt of that list so that we can review and consult with our clients.

Thanks, Matt

Exhibit K

**Albaugh, Matt**

---

| | |
|---|---|
| **From:** | Yeoman, Joseph <Joseph.Yeoman@atg.in.gov> |
| **Sent:** | Thursday, September 7, 2023 8:19 PM |
| **To:** | Albaugh, Matt; Neil Ende |
| **Cc:** | Alyssa.Jauregui; Edwards, Asa; Wilburn Allen, Danielle; Dylan.Jones; Erin Leahy; Hardcastle, Victoria; John Isaacs; Joseph.Hubble; Klippel, Casey R (ATG); Dilweg, Laura; nyla.hunsinger; Swetnam, Douglas; Nayer, Tracy |
| **Subject:** | Re: Extension request | State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom |

Matt,

As you noted in your email sent this evening, today is the Court-ordered deadline by which Defendants must answer or otherwise respond to Plaintiffs' Complaint. We cannot agree to your last-minute request for another extension. Based on Defendants' general lack of responsiveness and the content of the limited production we have received and reviewed so far, we have no reason to believe that Defendants are interested in resolving this matter by agreement within the next thirty days.

Thus, we would object to any extension request and any statement to the Court that represents that a further delay is warranted because the parties are engaged in negotiations.

Joe

**Joseph D. Yeoman**
Deputy Attorney General – Data Privacy & Identity Theft Unit
Office of Indiana Attorney General Todd Rokita
302 West Washington Street
IGCS – 5th Floor
Indianapolis, IN 46204
p: 317.234.1912 |f: 317.232.7979
joseph.yeoman@atg.in.gov

---

**From:** Albaugh, Matt <MAlbaugh@taftlaw.com>
**Sent:** Thursday, September 7, 2023 3:42 PM
**To:** Yeoman, Joseph <Joseph.Yeoman@atg.in.gov>; Dilweg, Laura <Laura.Dilweg@azag.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>; Neil Ende <nende@tlgdc.com>
**Cc:** Klippel, Casey R (ATG) <Casey.Klippel@atg.in.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Edwards, Asa <aedwards@ncdoj.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Hubble, Joseph <Joseph.Hubble@azag.gov>; Wilburn Allen, Danielle <dwilburnallen@NCDOJ.GOV>
**Subject:** RE: Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom

Joe:

I plan to get the supplemental production out to you tomorrow.

1

Given our on-going discussions and your need to review the additional materials, can we agree to a further extension (30 days?) to defendants' answer deadline?  My apologies, but I believe that deadline is today, so I would appreciate hearing back today.

Thanks, Matt

Exhibit L

**Albaugh, Matt**

| | |
|---|---|
| **From:** | noreply@taftlaw.com |
| **Sent:** | Friday, September 8, 2023 10:57 AM |
| **To:** | tnayer@ncdoj.gov; nende@tlgdc.com; laura.dilweg@azag.gov; joseph.yeoman@atg.in.gov; joseph.hubble@azag.gov; erin.leahy@ohioago.gov; dylan.jones@azag.gov; dwilburnallen@ncdoj.gov; douglas.swetnam@atg.in.gov; casey.klippel@atg.in.gov; aedwards@ncdoj.gov |
| **Cc:** | Albaugh, Matt |
| **Subject:** | Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom |

**You are receiving this notification from Taft/ – http://www.taftlaw.com**

## Secure files ready for download

nwoods@taftlaw.com has sent you files through the Taft/ Secure File Transfer system.

**Message subject:** Rule 408 communication: State of Arizona, et al. v. Michael D. Lansky, L.L.C. dba Avid Telecom

**Sent at:** 2023-09-08 10:57 EDT

**Message:**

Please find attached documents produced in the above-referenced matter solely for purposes of settlement/compromise discussion pursuant to Rule 408. Defendants request these materials be treated as confidential and not shared with any third-party.

Download your attachments by visiting:

**Click here to download files**

The following files have been sent to you:

• PROD02.zip (61.6 MB)

Your data will expire at **2023-09-22 08:00 LMT** and deleted off the system afterwards.

Our Secure File Transfer system can securely transport files of any size. Therefore we would like to ask you to use our system in case you need to send files back to us.

For help and support of any aspect of this notification message please contact nwoods@taftlaw.com.


Kind regards

**Taft/**

© 2019 Litéra – All rights reserved.