**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, et al., | No. CV-23-00233-TUC-CKJ |
| Plaintiffs, | **ORDER** |
| v. | |
| Michael D Lansky LLC, et al., | |
| Defendants. | |

On May 23, 2023, this action was filed by multiple State Attorney Generals against the Defendants Michael Lansky LLC, and Michael Lansky and Stacy Reeves, individually, and all as doing business as Avid Telecom. Defendants have not yet answered. On July 24, 2023, the Court, pursuant to an unopposed motion, extended the deadline for responding to the Complaint to September 7, 2023. At that time, Defendant Reeves was represented by attorney Lee Stein, who has since withdrawn, and Defendants Lansky LLC and Michael Lansky, were represented by Neil S. Ende, who signed onto the motion for an extension of time as, "*Pro Hac Vice* motion to be filed." (Motion (Doc. 14)). Mr. Ende did not, however, file the motion for *pro hac vice* until September 8, 2023.

On September 7, 2023, at approximately 6:55 PM, Mr. Ende filed the Application for Admission to Practice *Pro Hac Vice* and a (Second) Motion for Extension of Time to answer or otherwise respond to the Complaint. Both were docketed as filed on September 8, 2023. *See* Dist. of Ariz. Case Management/ECF Admin. Policy & Procedure Manual § I.A (NOTICE OF ELECTRONIC FILING (NEF) defined as "notice automatically

generated by the ECF system at the time a document is filed with the court.") Mr. Ende's Application to Practice *Pro Hac Vice* reflects that he represents Avid Telecom, LLC. The Court notes that Avid Telecom is not a named party; Plaintiffs sue all Defendants as doing business as Avid Telecom. Therefore, the Court understands Mr. Ende's application to mean he seeks admission *pro hac vice* to appear and practice in this action on behalf of all Defendants.

Also, on September 8, 2023, the Plaintiffs filed an Application for Entry of Default because the Defendants failed to defend this action. On September 13, 2023, Plaintiffs filed a Response in Opposition to the Motion for Extension of Time to answer or otherwise respond to the Complaint.

Under Fed. R. Civ. P. Rule 55(a), entry of default for affirmative relief may be sought from the Clerk when a party has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. The Clerk of the Court has not, however, entered default because of the pending motion by Defendants for an extension of time.

Even if the Court considered the motion for an extension of time to be filed on September 7, 2023, Plaintiffs correctly point out that the Defendants offer no explanation why the motion and the application to appear *pro hac vice* were not filed until the eve of the time for answering expired. Plaintiffs object to the extension based on Defendants' assertion that the parties are attempting settlement. While this may have been true, initially, it is now clear that the matter will not be resolved expeditiously by settlement. (Response (Doc. 22) at 2, 4.) The Court agrees because approximately four months have already passed since the Complaint was filed in May. Defendants waived service in mid-June with an answer deadline of July 24, 2023, which was extended to September 7, 2023. The Court will grant the Defendants, who are now all represented, a limited extension of time to enable them to answer or otherwise respond to the Complaint.

**Accordingly,**

**IT IS ORDERED** that the Motion for Extension of Time (Doc. 20) is GRANTED, extending the time to defend for 21 days from the filing date of this Order.

**IT IS FURTHER ORDERED** that the Application for Entry of Default (Doc. 19) is DENIED.

Dated this 14th day of September, 2023.

_____
Honorable Cindy K. Jorgenson
United States District Judge