KRISTIN K. MAYES
Attorney General of Arizona
(Firm State Bar No. 14000)
Alyse Meislik (AZ Bar No. 024052)
Dylan Jones (AZ Bar No. 034185)
Office of the Arizona Attorney General
2005 North Central Avenue
Phoenix, AZ 85004
Phone: (602) 542-3725
Fax:     (602) 542-4377
consumer@azag.gov
*Lead Counsel for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, *ex rel*. Kristin K. Mayes, Attorney General; et al., | NO. CV-23-00233-TUC-CKJ |
| Plaintiffs, | **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY AND REFER** |
| v. | |
| Michael D. Lansky, L.L.C., dba Avid Telecom; et al., | |
| Defendants. | |

Plaintiffs respectfully file this Response in Opposition to Defendants' Michael D. Lansky, L.L.C, dba Avid Telecom ("Avid Telecom"), Michael D. Lansky ("Lansky"), and Stacey S. Reeves ("Reeves") (collectively, "Defendants") Motion to Stay and Refer. [Dkt 30]. For the reasons set forth below, the Court should deny Defendants' Motion to Stay and Refer.

### BACKGROUND

On May 23, 2023, Plaintiffs filed their complaint against Defendants. [Dkt 1]. On October 6, 2023, Defendants filed a Motion to Stay and Refer, seeking to refer this

case to the Federal Communications Commission ("FCC") and Federal Trade Commission ("FTC"). [Dkt 30]. This request was "filed as an alternative to the Motion to Dismiss . . . to the extent that the Court declines to dismiss the Complaint in its entirety." [Dkt 30 at 2 n.1].

There were 136 days between May 23, 2023, and October 6, 2023. During this time, Defendants never communicated with Plaintiffs that this matter should be referred to the FCC or FTC. There is nothing in the record and Defendants do not represent that they have communicated with the FCC or FTC regarding their request that the pending litigation be stayed and referred.

## ARGUMENT

## Legal Standard for Primary Jurisdiction

In general, "[a] federal court's obligation to hear and decide cases within its jurisdiction is virtually unflagging." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 126 (2014) (internal quotation omitted). The primary jurisdiction doctrine allows a federal court to abstain from deciding a case within its subject matter jurisdiction if it determines that the "initial decision making responsibility should be performed by the relevant agency rather than the courts." *Syntek Semiconductor Co. v. Microchip Tech. Inc*., 307 F.3d 775, 780 (9th Cir. 2002). Such abstention may be appropriate where a claim "implicates technical and policy questions that should be addressed in the first instance by the agency with regulatory authority over the relevant industry." *Astiana v. Hain Celestial Grp., Inc.,* 783 F.3d 753, 760 (9th Cir. 2015) (citation omitted). Courts should consider "(1) the need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory authority that (4) requires expertise or uniformity in administration." *Id*.

Primary jurisdiction "is a doctrine specifically applicable to claims properly cognizable in court that contain some issue within the special competence of an

administrative agency." *Reiter v. Cooper*, 507 U.S. 258, 268 (1993). It "allows courts to stay proceedings or to dismiss a complaint without prejudice pending the resolution of an issue within the special competence of an administrative agency." *N. Cnty. Commc'ns Corp. v. Cal. Catalog & Tech*., 594 F.3d 1149, 1162 (9th Cir. 2010). Primary jurisdiction may be employed when a case "requires resolution of an issue of first impression, or of a particularly complicated issue that Congress has committed to a regulatory agency." *Syntek Semiconductor Co.*, 307 F.3d at 789.  Primary jurisdiction is appropriate where "protection of the integrity of a regulatory scheme dictates preliminary resort to the agency which administers the scheme." *Id*. (internal quotation omitted).

Primary jurisdiction, however, does not "require that all claims within an agency's purview . . . be decided by the agency." *Brown v. MCI WorldCom Network Servs.,* 277 F.3d 1166, 1172 (9th Cir. 2002). It is not used to "secure expert advice" from agencies "every time a court is presented with an issue conceivably within the agency's ambit." *Id*.

### Relevant Rule 12(b)(6) Legal Standard

When deciding whether to defer jurisdiction at the motion to dismiss stage, the Court should "apply a standard derived from Rule 12(b)(6) jurisprudence: whether the complaint plausibly asserts a claim that would not implicate the [primary jurisdiction] doctrine." *County of Santa Clara v. Astra United States*, 588 F.3d 1237, 1251–52 (9th Cir. 2009) (declining to invoke primary jurisdiction where action would "plausibly be adjudicated" without agency's expertise), *rev'd on other grounds*, 563 U.S. 110, 131 S.Ct. 1342, 179 L.Ed.2d 457 (2011).

Accordingly, Plaintiffs direct the Court's attention to the following caselaw regarding Rule 12(b)(6) that may be helpful in deciding whether the doctrine is applicable here.

Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss.  *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

When considering a Rule 12(b)(6) motion to dismiss, the Court should take all material allegations as true and construe the claims in the light most favorable to the plaintiffs. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). "A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Rabang v. INS*, 35 F.3d 1449, 1451 (9th Cir.1994) (citing *Buckey v. County of Los Angeles*, 968 F.2d 791, 793–94 (9th Cir. 1992)).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Thus, the Court may begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *See id.* Courts then should determine whether the factual allegations in the complaint "plausibly give rise to an entitlement to relief." *Id.* While the plausibility inquiry "is not akin to a probability requirement," a complaint will not survive a motion to dismiss if the factual allegations "do not permit the court to infer more than the mere possibility of misconduct[.]" *Id.* at 678–79 (internal quotation marks omitted). The complaint must "nudge[ ] the[ ] claims across the line from conceivable to plausible[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. . . . However, material which is properly submitted as part of the complaint may be considered" with a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). "Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, the court may also take judicial notice of "matters of public

record[,]" without converting the motion to dismiss into a motion for summary judgment. *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

Since the standard used to analyze the Motion to Stay and Refer is derived from Rule 12(b)(6) in the Ninth Circuit, Local Rule 12.1(c) should apply to Defendants' Motion to Stay and Refer. If the Court agrees, then Local Rule 12.1(c) provides that a Federal Rule of Civil Procedure 12(b)(6) motion will not be considered unless "the moving party includes a certification that, before filing the motion, the movant notified the opposing party of the issues asserted in the motion and the parties were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party." LRCiv 12.1(c). Here, Defendants do not claim that they met and conferred with Plaintiffs about either about the claims and defenses advanced in their Motion to Stay and Refer or the claims and defenses brought forward in Defendants' Motion to Dismiss, and did not in fact do so. [Dkt 39]. As such, the Court can and should dismiss the Motion to Stay and Refer for Defendants' failure to comply with Local Rule 12.1(c).

**Plaintiffs Have Legal Authority to Bring an Action Against Defendants**

The Court should deny Defendants' Motion to Stay and Refer because Plaintiffs have legal authority to bring these actions against Defendants. Further, Defendants do not argue or dispute that Plaintiffs have the authority to bring the federal claims at issue in the Complaint or that Plaintiffs have given proper notice to the FTC or FCC as required.

Plaintiffs are authorized to enforce the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act") and the TSR. 15 U.S.C. §§ 6103(a) and (f)(2). Plaintiffs notified the FTC of the civil action, as required by 15 U.S.C. § 6103(b) and 16 C.F.R. § 310.7(a). Complaint ¶ 4, [Dkt 1].

Plaintiffs are likewise authorized to enforce the TCPA and its regulations. 47 U.S.C. § 227(g)(1). Further, Plaintiffs are authorized to enforce the Truth and Caller ID Act and its regulations. 47 U.S.C. § 227(e)(6)(A). Plaintiffs notified the FCC of this civil action, as required by 47 U.S.C. §§ 227(e)(6)(B) and (g)(3). Complaint ¶ 5, [Dkt 1].

**Plaintiffs' Claims Do Not Implicate the Primary Jurisdiction Doctrine.**

Defendants' main contention as to why this case should be stayed and referred is based solely on Defendants' assertions about the purported "open issues" concerning the definition of "consent" under the TCPA and TSR. [Dkt 30 at 6, 8, 9, 10]. Defendants fail to present any additional substantive arguments in support of their contention that this case should be stayed and referred to the FCC and FTC. Defendants misstate the nature of this case in their argument that "every call that the Plaintiffs allege to be illegal would undeniably be legal if it was associated with a proper [consent] opt-in." [Dkt 30 at 7]. Defendants' assertion fails to account for Plaintiffs' claims that do not relate to the issue of consent. Where consent is relevant to Plaintiffs' claims, it can be raised only as an affirmative defense.

Here, Plaintiffs allege that Defendants and their customers made or initiated prerecorded calls and/or calls to telephone numbers on the National DNC Registry without requisite consent from the called party. *See* Complaint at ¶¶ 29, 33(e), 33(f), 214, 278, 312, 388, 395, 442-44, and 460(c). Further, Plaintiffs allege that Defendants and their customers made prerecorded calls where the purported consent did not relate to the same subject or type of transaction. *See* Complaint at ¶¶ 126, 131-74, and 301.

In the Ninth Circuit, consent in the telemarketing space is not a matter of first impression, and it is not a particularly complicated legal issue requiring the FTC's or FCC's expertise.

Under the TCPA, "[p]rior express consent is a complete defense to ... [a] TCPA claim." *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017). Because prior express consent "is not an element of a plaintiff's prima facie case but is an affirmative defense," a defendant bears the burden of proof. *Id*.

Consent exists where a person "knowingly releases" his or her telephone number, and it is "'effective' whe[n] the responsive messages relate to the same subject or type of transaction" which initially prompted the person to share his or her telephone number. *See Moskowitz v. Am. Sav. Bank, F.S.B.,* 37 F.4th 538, 541 (9th Cir. 2022)

(citing *Van Patten*, 847 F.3d at 1044-45; *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 F.C.C. Rcd. 8752, 8769 (Oct. 16, 1992)).

In cases where an individual alleges a defendant violated the TCPA, it is sufficient at the pleading stage to allege he or she did not consent and for there to be a lack of contradictory allegations in the complaint. *See Whittaker v. Freeway Ins. Servs. Am.*, LLC, No. CV-22-8042-PCT-DGC, 2023 WL 167040, at *4 (D. Ariz. Jan. 12, 2023); *Whittaker v. Real Est. Heaven Int'l Inc.*, No. CV-21-08212-PCT-DJH, 2022 WL 1540168, at *3 (D. Ariz. May 16, 2022). Plaintiffs have more than satisfied this requirement.

To the extent that purported consent was obtained from called parties via websites, the Ninth Circuit provides a two-part test for determining whether terms and conditions presented on websites provide "reasonably conspicuous notice" as to bind its users to terms of the agreements. *Berman v. Freedom Fin. Network, LLC.* 30 F.4th 849, 853 (9th Cir. 2022).

With respect to the TSR, Defendants do not offer any argument as to why the Court must adopt a standard other than that which is already propounded by the Ninth Circuit. "In 2008, the FTC amended the [TSR] to prohibit unsolicited robocalling in the form of 'any outbound telephone call that delivers a prerecorded message' by telemarketers without prior consent from the consumer." *Unified Data Servs., LLC v. Fed. Trade Comm'n*, 39 F.4th 1200, 1204 (9th Cir. 2022) (citing 16 C.F.R. § 310.4(b)(1)(v)). This is still the applicable standard and the Rule.

Defendants claim that in July of 2023 the FTC "abruptly and without prior notice, changed its interpretation of TSR rules concerning the manner in which a telemarketer can secure the lawful consent of a party to receive telemarketing calls[,]" and that suddenly "after years of enforcement" the FTC changed its position to now requiring that "consent can only be obtained directly from a consumer and cannot be transferred." [Dkt at 10]. This characterization is patently false. In August of *2008*, the FTC published notice of this

requirement in the Federal Register.  In response to an inquiry as to whether sellers would be required to disclose whether they will sell consumers' contact information or share it with affiliates or other companies, the FTC stated:

> In this regard, the Commission emphasizes that a consumer's agreement with *a* seller to receive calls delivering prerecorded messages is ***nontransferable***. Any party other than ***that particular seller must negotiate its own agreement with the consumer to accept calls delivering prerecorded messages.*** Prerecorded calls placed to a consumer on the National Do Not Call Registry by some third party that does not have its own agreement with the consumer would violate the TSR. Thus, because information sharing cannot be a shortcut for the required written agreement to receive prerecorded calls, the Commission sees no need to impose a disclosure about information sharing.[1]  (Emphases added.)

With respect to the TCPA, a Ninth Circuit district court analyzed the TCPA's established business relationship ("EBR") defense similarly to its analysis of consent under the TSR, noting that "Congress directed the FCC to 'consult and coordinate with the [FTC]' to 'maximize consistency' between the do-not-call rules in the TCPA and the TSR." *Trim v. Mayvenn, Inc*., No. 20-CV-03917-MMC, 2022 WL 1016663, at *4 (N.D. Cal. Apr. 5, 2022) (citing 15 U.S.C. § 6153). The court expressly provided that "the TCPA's EBR exemption should be construed in a manner that 'maximize[s] consistency' with the identical exemption provided for in the TSR." *Id.*

Here, Defendants have failed to show that consent, whether under the TCPA or the TSR, is a matter of first impression, or that it is a particularly complicated issue. *See Syntek Semiconductor Co*., 307 F.3d at 789. Thus, Defendants have failed to show there is a need to invoke the primary jurisdiction doctrine, since this matter can be adjudicated without an agency's expertise based on cogent Ninth Circuit precedent.

For these reasons, the Court should deny Defendants' Motion for Stay and Refer.

---

[1] *See* Federal Register, Vol. 73, No. 169, August 29, 2008, 2008 WL 3982667, 73 FR 51164-01 at 51182 (emphasis added).

**Defendants Fail to Show the *Astiana* Factors Weigh in Favor of Invoking the Primary Jurisdiction Doctrine**

Defendants are unable to show that the *Astiana* factors weigh in favor of invoking primary jurisdiction. The *Astiana* factors are: "(1) the need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory authority that (4) requires expertise or uniformity in administration." *Astiana,* 783 F.3d at 760 (citation omitted).

Defendants' challenge fails to establish the first *Astiana* factor. Courts have been determining legality of telephone calls under the TCPA and the TSR for decades without the FCC and the FTC weighing in on each case. The TCPA includes a private right of action by which scores of private citizens have recovered statutory damages for calls received without requisite consent. *See* 47 U.S.C. § 227(b)(3). Additionally, state attorneys general regularly file actions in courts across the country to enforce the TSR and the TCPA. As stated above, the Ninth Circuit has already provided clear guidance on the issue of consent, which is the only issue substantively challenged by Defendants in this Motion. *Moskowitz,* 37 F.4th at 541. Additionally, since it is not Plaintiffs' burden to prove a lack of consent, especially at the pleading stage, Defendants have failed to establish this factor. *See Van Patten*, 847 F.3d at 1044.

As to the second *Astiana* factor, FCC and the FTC have rulemaking authority over the TCPA and TSR. However, that fact alone does not deprive Plaintiffs of the right to enforce the rules currently in effect. Defendants' vague references to "the everchanging landscapes of federal regulation of robocalling services" is insufficient legal grounds to stay and refer the case. [Dkt 30 at 6]. Similarly, Defendants' reliance on the FTC's April 2022 Notice of Proposed Rulemaking is unavailing because the Plaintiffs do not allege any violations related to business-to-business calls, nor can they allege violations of rules that don't yet exist. [Dkt 30 at 10]. Plaintiffs are authorized to bring claims under the TCPA and the TSR after providing each respective agency with

written notice of their action prior to initiating the same. *See* 47 U.S.C. § 227(g)(1); 47 U.S.C. § 227(e)(6)(A); 15 U.S.C. §§ 6103(a) and (f)(2); 16 C.F.R. § 310.7(a).  Here, Plaintiffs notified the FCC and FTC about this action before initiating it. Complaint at ¶¶ 4, 5.  Defendants do not—and cannot—challenge Plaintiffs' authority to bring claims under the TCPA and TSR, nor do Defendants assert that Plaintiffs failed to comply with the notification requirements under each.  Simply put, Defendants cite no authority that would prevent Plaintiffs from enforcing rules that are currently in effect.

The FCC has the right to intervene in this litigation. *See* 47 U.S.C. § 227(g)(3). The FCC has not done so. Defendants' Motion fails to mention that the FCC has already raised concerns similar to those addressed in Plaintiffs' Complaint with Defendant Avid Telecom's business practices by issuing a cease-and-desist letter to Defendant Avid Telecom. *See FCC Looks to Cut Off Insurance-Related Robocall Campaign: Avid Telecom Originated Robocalls Allegedly Made Without Consumer Consent & Must Cease-and-Desist Originating Robocalls or Face Getting Cut Off*, FCC (Jun. 7, 2023)[2], ("The FCC and its partners believe these robocalls were made without consumer consent. This investigation builds off of the work of state Attorneys General who recently filed a lawsuit against Avid Telecom.").

In that cease-and-desist letter, the FCC stated: "Avid's customer failed to make adequate disclosures to obtain consent "that authorizes the caller to deliver advertisements or telemarketing messages using an auto-dialer or an artificial or prerecorded voice," or "disregarded when a consumer revoked such alleged prior consent." *Id.* at 2.  The FCC further stated that, "[f]or a separate call, where a consumer explicitly revoked any alleged consent, Avid provided no defense for the subsequent unconsented-to call." *Id.* at 3.

Similarly, the FTC has the right to intervene at any point in this litigation. 15 U.S.C. § 6103(b).  The FTC has not elected to do so.  Plaintiffs' Count I of the Complaint is consistent with the FTC's long history of bringing enforcement actions under the TSR against individuals and entities that provide substantial assistance or support to seller or

---

[2] https://www.fcc.gov/document/fcc-looks-cut-insurance-related-robocall-campaign

telemarketers while knowing, or consciously avoiding knowing, that the sellers or telemarketers are violating the TSR. Specifically, the FTC has taken many actions against VoIP services and others providing access to telephone numbers for Caller ID management and dialer resources, similar to services Defendant Avid Telecom provided its customers. *See United States of America v. Roy M. Cox, Jr., No. 8:11-cv-0058 (C.D. Cal.)*[3]; *FTC, et al. Caribbean Cruise Line, Inc., et al.*, No. 0:15-cv-60423 (S.D. Fla.)[4]; *FTC v. Aaron Michael Jones, et al.*, 8:17-cv-00058 (S.C. Cal.)[5]; *FTC v. James Christiano, et al., No. 8:18-cv-00936 (C.D. Cal.)*[6]; *FTC v. Derek Jason Bartoli, No. 6:19-cv-01160 (M.D. Fla.)*[7]; *FTC, et al., v. Educare Centre Services, Inc., et al.,* No. 3:19-cv-00196 (W.D. Tex.)[8]; *Alcazar Networks Inc., et al.*, No. 6:20-cv-02200 (M.D. Fla.)[9]; *United States of America v. VOIP Terminator, Inc., et al.,* 6:22-cv-00798 (M.D. Fla.)[10]; *United States of America v. Stratics Network, Inc., et al.* (S.D. Cal.)[11] *United States of America v. XCast Labs, Inc.*, No. 2:23-cv-03646 (C.D. Cal.)[12]. A number of state attorneys general have also pursued similar TSR actions. *See State of Florida v. Smartbiz Telecom LLC,* No. 1:22-cv-23945 (S.D.

---

[3] https://www.ftc.gov/legal-library/browse/cases-proceedings/092-3193-castle-rock-capital-management-inc

[4] https://www.ftc.gov/legal-library/browse/cases-proceedings/122-3196-x150028-caribbean-cruise-line-inc

[5] https://www.ftc.gov/legal-library/browse/cases-proceedings/152-3152-x170013-aaron-michael-jones

[6] https://www.ftc.gov/legal-library/browse/cases-proceedings/162-3124-x180032-james-christiano-et-al-netdotsolutions-inc

[7] https://www.ftc.gov/legal-library/browse/cases-proceedings/182-3105-derek-jason-bartoli

[8] https://www.ftc.gov/legal-library/browse/cases-proceedings/192-3033-educare-centre-services-inc

[9] https://www.ftc.gov/legal-library/browse/cases-proceedings/1923259-alcazar-networks-inc

[10] https://www.ftc.gov/legal-library/browse/cases-proceedings/1923189-voip-terminator-inc-us-v

[11] https://www.ftc.gov/legal-library/browse/cases-proceedings/2023189-stratics-networks

[12] https://www.ftc.gov/legal-library/browse/cases-proceedings/222-3097-xcast-labs-inc-us-v

Fla.)[13], *State of North Carolina v. Articul8 LLC, et al.,* No. 1:22-cv-00058 (M.D.N.C.)[14], *State of Indiana v Startel Communications LLC, et al*., No. 3:21-cv-00150 (S.D. Ind.); *State of Vermont v. Dominic Bohnett, et al.* No. 5:22-cv-00069 (D. Vt.)[15], *State of Texas, et al., v Rising Eagle Capital Group, LLC, et al.*, No. 4:20-cv-02021 (S.D. Tex.). Additionally, at least one private class has been filed against VoIP service providers alleging violations of the TCPA for the providers role in transmitting robocalls without consent of the call recipients. *See Mey v. All Access Telecom, Inc., et al.*, No. 5:19-cv-00237 (N.D. W.Va.).

With respect to the third *Astiana* factor, while the TCPA and TSR apply to most individuals and entities,[16] Defendants' only substantive argument is that *the definition of consent* is complex. As addressed previously, this issue is not complex. In the Ninth Circuit, consent exists where a person "knowingly releases" his or her telephone number, and it is "'effective' whe[n] the responsive messages relate to the same subject or type of transaction" which initially prompted the person to share his or her telephone number. *See Moskowitz,* 37 F.4th at 541.

Finally, Defendants argument fails to establish the fourth *Astiana* factor. No expertise is needed with respect to the sole substantive argument brought forward by Defendants, as the Ninth Circuit has provided clear guidance that consent exists where a person "knowingly releases" his or her telephone number, and it is "'effective' whe[n] the responsive messages relate to the same subject or type of transaction" that initially prompted the person to share his or her telephone number. *Moskowitz,* 37 F.4th at 541.

---

13
https://www.myfloridalegal.com/files/pdf/page/DE8589ADA8B9DB738525890F0055D5DA/Web+Link.pdf
14 https://ncdoj.gov/wp-content/uploads/2022/01/FILED-Complaint_NC-v-Articul8_22-cv-00058-MDNC-2022.pdf
15 https://ago.vermont.gov/sites/ago/files/wp-content/uploads/2022/03/TCA-VOIP-Complaint.pdf
16 Plaintiffs note that Defendants argued in their Motion to Dismiss that Defendant Michael D. Lansky, LLC, dba Avid Telecom is a common carrier and that the TSR is not applicable to it. [Dkt 39 at 16].

1    Defendants fail to show why the FCC or FTC's expertise is needed here, especially in the

2    face of clear guidance from the Ninth Circuit.

3         Defendants are unable to show why this case, unlike others that have preceded it,

4    should be stayed and referred under the *Astiana* standard. *See Astiana.,* 783 F.3d at 760.

5    As such, the Court should deny Defendants' Motion.

6                        **Defendants' Remaining Assertions**

7         Defendants have made several unsupported or otherwise incomplete assertions

8    throughout their Motion. First, Defendants did not state whether they contacted the FCC

9    and FTC about this case generally or about their concerns about the purported ambiguities

10   in the definition of consent.  Next, Defendants, do not direct this Court's attention to

11   authority as to how this matter would be "referred" to the FCC and FTC. Nor have

12   Defendants clarified what this Court should specifically ask the FCC and FTC to do.

13   Ultimately, Defendants' Motion provides neither the justification nor the mechanism for

14   their request.

15        Again, as discussed above, Defendants' primary substantive argument is that

16   several Plaintiff States "do not understand" what consent is. [Dkt at 7].  In addition to

17   absolutely mischaracterizing these Plaintiff States' position, Defendants fail to include

18   the actual Reply Comment from these Plaintiff States. To the extent that this Court

19   deems it appropriate to examine information outside the pleadings in order to consider this

20   Motion to Stay and Refer, Plaintiffs have attached[17] a copy of the Reply Comment in

21   which they address the meaning of consent, as Exhibit 1.

22        In short, Defendants' mischaracterization of the Reply Comment is the primary

23   basis of their argument as to why Counts II, III, IV, and V should be stayed and referred

24   in their entirety to the FCC. However, Defendants do not advance arguments why the

25   Court should stay most of Count I, Count II, and Count V to the extent that those counts

26   do not pertain to consent.

27

28   _____

[17] Plaintiffs respectfully request that the Court take Judicial Notice that this was the
Reply Comment filed by 28 of Plaintiff States.

For Count I, Plaintiffs alleged violations of the TSR that have no affirmative defense of consent: (Complaint at ¶ 431)

- Misrepresented material aspects of goods or services, in violation of 16 C.F.R. § 310.3(a)(2)(iii); (*Id.* at ¶ 431(a)).

- Misrepresented the seller's or telemarketer's affiliation with corporations or government entities, in violation of 16 C.F.R. § 310.3(a)(2)(vii); (*Id.* at ¶ 431(b)).

- Made false or misleading statements to induce any person to pay for goods or services, in violation of 16 C.F.R. § 310.3(a)(4); (*Id.* at ¶ 431(c)).

- Failed to transmit or cause to be transmitted the real telephone number and the name of the telemarketer to caller identification services used by call recipients in violation of 16 C.F.R. § 310.4(a)(8); (*Id.* at ¶ 431(d)).

- Initiated or caused the initiation of outbound calls to telephone calls that delivered prerecorded messages, in violation of 16 C.F.R. § 310.4(b)(1)(v);[18] (*Id.* at ¶ 431(f)).

- Failed to disclose the identity of the seller of the goods or services truthfully, promptly, and in a clear and conspicuous manner to the person receiving the call, in violation of 16 C.F.R. § 310.4(d)(1). (*Id.* at ¶ 431(g)).

Defendants do not provide any argument as to why these allegations should be stayed and referred to the FTC. In fact, the Defendants' Motion includes copies of traceback notices received by Defendants as Exhibit 1, many of which support the Plaintiffs' claims in Count 1 that calls failed to disclose the identity of the caller and to provide opt-out disclosures. [Dkt. 30-1].

---

[18] In addition to other requirements, 16 C.F.R. § 310.4(b)(1)(v) requires prerecorded calls to provide opt-out mechanisms.

Likewise, Defendants do not provide any argument why Count II of the Complaint (Failure to Exercise Due Diligence/ KYC) should be stayed and referred to the FCC. Count II does not include consent as an affirmative defense. Defendants do not provide any argument why Count V of the Complaint (violations of the Truth in Caller ID Act) should be stayed and referred to the FCC. Count V does not include consent as an affirmative defense.

Finally, Defendants do not provide any argument why the alleged violations of Count I, III, and IV should be stayed as to calls that are scams or clearly fraudulent. Under any definition of consent, residents of Plaintiffs' States are unable to consent to scam or fraudulent calls.

For these Counts, the Court should not stay and refer to the FCC or the FTC.

Next, in Footnote 6, Defendants assert that some of Plaintiffs' alleged evidence was not legally obtained. It is unclear on how, if at all, these baseless and unsupported assertions advance any argument in support of Defendants' Motion to Stay and Refer beyond being merely heavy-handed tactics and attempts at intimidation of Plaintiffs and potential witnesses and experts in this matter. Defendants suggest in this footnote that they should be entitled to some type of "targeted discovery" as a result of these unsupported accusations without providing any basis in law about how and why Defendants would be entitled to discovery on a motion to stay and refer. If this is truly Defendants' position, then Defendants should answer the Complaint, and the parties should move to the discovery portion of the case. Otherwise, the unsupported and meritless assertions in Footnote 6 should be disregarded by the Court.

## CONCLUSION

For the reasons articulated above, Plaintiffs respectfully request that the Court deny Defendants' Motion to Stay and Refer.  In the alternative, if the Court is inclined to grant any portion of Defendants' Motion, the Court should refer only the pertinent claims of Plaintiffs' Counts in the Complaint where consent is a defense.

RESPECTFULLY SUBMITTED DATED this 6th day of November, 2023.

15

**FOR THE STATE OF ARIZONA:**

KRISTIN K. MAYES
Attorney General for the State of
Arizona


 _/s/ Alyse Meislik_
ALYSE MEISLIK
DYLAN JONES
Assistant Attorneys General
*Attorneys for the State of Arizona*


**FOR THE STATE OF INDIANA:**

TODD ROKITA
Attorney General for the State of Indiana


 _/s/ Joseph Yeoman_
DOUGLAS S. SWETNAM
JOSEPH D. YEOMAN
Deputy Attorneys General
*Attorneys for the State of Indiana*

**FOR THE STATE OF NORTH
CAROLINA:**

JOSHUA H. STEIN
Attorney General for the State of North
Carolina


 _/s/ Tracy Nayer_
TRACY NAYER
ASA C. EDWARDS IV
Special Deputy Attorneys General
DANIELLE WILBURN ALLEN
Assistant Attorney General
*Attorneys for the State of North Carolina*


**FOR THE STATE OF OHIO:**

DAVE YOST
Attorney General for the State of Ohio


 _/s/ Erin B. Leahy_
ERIN B. LEAHY
Senior Assistant Attorney General
*Attorney for the State of Ohio*


*Lead Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2023, I caused the foregoing, PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY AND REFER, to be filed and served electronically via the Court's CM/ECF system upon counsel of record.

 */s/ Joseph D. Yeoman*

Joseph D. Yeoman

# LIST OF PLAINTIFFS' COUNSEL

Alyse Meislik (AZ Bar No. 024052)
Dylan Jones (AZ Bar No. 034185)
Assistant Attorneys General
Arizona Attorney General's Office
2005 North Central Avenue
Phoenix, AZ 85004
Phone: (602) 542-3725
Fax:     (602) 542-4377
consumer@azag.gov
alyse.meislik@azag.gov
*Attorneys for Plaintiff State of Arizona*

Douglas S. Swetnam (IN Bar No. 15860-49)
Joseph D. Yeoman (IN Bar No. 35668-29)
Deputy Attorneys General
Office of the Indiana Attorney
General Todd Rokita
Indiana Govt. Center South, 5th Fl.
302 W. Washington St.
Indianapolis, IN 46204-2770
Phone: (317) 232-6294 (Swetnam)
             (317) 234-1912 (Yeoman)
Fax:     (317) 232-7979
douglas.swetnam@atg.in.gov
joseph.yeoman@atg.in.gov
*Attorneys for Plaintiff State of Indiana*

Tracy Nayer (NC Bar No. 36964)
Asa C. Edwards IV (NC Bar No. 46000)
Special Deputy Attorneys General
Danielle Wilburn Allen (NC Bar No. 58141)
Assistant Attorney General
North Carolina Department of Justice
Consumer Protection Division
P.O. Box 629
Raleigh, North Carolina 27602
Phone: (919) 716-6000
Fax:     (919) 716-6050
tnayer@ncdoj.gov
aedwards@ncdoj.gov
dwilburnallen@ncdoj.gov
*Attorneys for Plaintiff State of
North Carolina*

Erin B. Leahy (OH Bar No. 0069509)
Senior Assistant Attorney General
Office of Attorney General Dave Yost
30 East Broad Street, 14th Fl.
Columbus, OH 43215
Phone: (614) 752-4730
Fax:     (866) 768-2648
Erin.Leahy@OhioAGO.gov
*Attorney for Plaintiff State of Ohio*

***Lead Counsel for Plaintiffs***

Lindsay D. Barton (AL Bar No. 1165-G00N)
Robert D. Tambling (AL Bar No. 6026-N67R)
Assistant Attorneys General
Office of the Alabama Attorney General
501 Washington Avenue
Montgomery, Alabama 36130
Phone: (334) 353-2609 (Dawson)
       (334) 242-7445 (Tambling)
Fax:   (334) 353-8400
Lindsay.Barton@AlabamaAG.gov
Robert.Tambling@AlabamaAG.gov
*Attorneys for Plaintiff State of Alabama*

Amanda Wentz (AR Bar No. 2021066)
Assistant Attorney General
Office of Attorney General Tim Griffin
323 Center St., Ste. 200
Little Rock, AR 72201
Phone: (501) 682-1178
Fax:   (501) 682-8118
Amanda.wentz@arkansasag.gov
*Attorney for Plaintiff State of Arkansas*

Nicklas A. Akers (CA Bar No. 211222)
Senior Assistant Attorney General
Bernard A. Eskandari (CA Bar No. 244395)
Supervising Deputy Attorney General
Timothy D. Lundgren (CA Bar No. 254596)
Rosailda Perez (CA Bar No. 284646)
Deputy Attorneys General
Office of the California Attorney General
300 S. Spring St., Suite 1702
Los Angeles, CA 90013
Phone: (415) 510-3364 (Akers)
       (213) 269-6348 (Eskandari)
       (213) 269-6355 (Lundgren)
       (213) 269-6612 (Perez)
Fax:   (916) 731-2146
nicklas.akers@doj.ca.gov
bernard.eskandari@doj.ca.gov
timothy.lundgren@doj.ca.gov
rosailda.perez@doj.ca.gov
*Attorneys for Plaintiff People of the State of California*

Michel Singer Nelson (CO Bar No. 19779)
Assistant Attorney General II
Bianca Feierstein (CO Bar No. 56653)
Assistant Attorney General
Colorado Office of the Attorney General
Ralph L. Carr Judicial Building
1300 Broadway, 10th Floor
Denver, CO 80203
Phone: (720) 508-6220 (Singer Nelson)
       (720) 508-6246 (Feierstein)
michel.singernelson@coag.gov
bianca.feierstein@coag.gov
*Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

Brendan Flynn (Fed. Bar No. ct04545,
CT Bar No. 419935)
Assistant Attorney General
Office of the Connecticut Attorney General
William Tong
165 Capitol Avenue, Suite 4000
Hartford, CT 06106
Phone: (860) 808-5400
Fax:   (860) 808-5593
brendan.flynn@ct.gov
*Attorney for Plaintiff State of Connecticut*

Ryan Costa (DE Bar No. 5325)
Dashiell Radosti (DE Bar No. 7100)
Deputy Attorneys General
Delaware Department of Justice
820 N. French Street, 5th Floor
Wilmington, DE 19801
Phone: (302) 683-8811 (Costa)
        (302) 683-8812 (Radosti)
Fax:   (302) 577-6499
Ryan.costa@delaware.gov
Dashiell.radosti@delware.gov
*Attorneys for Plaintiff State of Delaware*

Adam Teitelbaum (DC Bar No. 1015715)
Director, Office of Consumer Protection
Assistant Attorney General
D.C. Office of the Attorney General
Office of Consumer Protection
400 6th Street NW, 10th Floor
Washington, DC 20001
Phone: (202) 741-0764
Adam.Teitelbaum@dc.gov
*Attorney for Plaintiff District of Columbia*

Patrick Crotty (FL Bar No. 108541)
Senior Assistant Attorney General
Miles Vaughn (FL Bar No. 1032235)
Assistant Attorney General
Office of the Florida Attorney General
Consumer Protection Division
3507 E. Frontage Rd, Suite 325
Tampa, FL 33607
Phone: (813) 287-7950
Fax:    (813) 281-5515
patrick.crotty@myfloridalegal.com
miles.vaughn@myfloridalegal.com
*Attorneys for Plaintiff Ashley Moody,
Attorney General of the State of Florida*

David A. Zisook (GA Bar No. 310104)
Senior Assistant Attorney General
Office of the Attorney General of the State
of Georgia
2 Martin Luther King Jr. Drive, SE, Ste. 356
Atlanta, GA 30334
Phone: (404) 458-4294
Fax:    (404) 464-8212
dzisook@law.ga.gov
*Attorney for Plaintiff State of Georgia*

Christopher J.I. Leong (HI Bar No. 9662)
Deputy Attorney General
Hawaii Department of the Attorney General
425 Queen Street
Honolulu, HI 96813
Phone: (808) 586-1180
Fax:    (808) 586-1205
christopher.ji.leong@hawaii.gov
*Attorney for Plaintiff State of Hawaii*

Stephanie N. Guyon (ID Bar No. 5989)
Deputy Attorney General
Idaho Attorney General's Office
P.O. Box 83720
Boise, ID 83720-0010
Phone: (208) 334-4135
Fax:    (208) 334-4151
stephanie.guyon@ag.idaho.gov
*Attorney for Plaintiff State of Idaho*

Philip Heimlich (IL Bar No. 6286375)
Assistant Attorney General
Elizabeth Blackston (IL Bar No. 6228859)
Consumer Fraud Bureau Chief
Office of the Illinois Attorney General
500 S. Second Street
Springfield, IL 62791
Phone: (217) 782-4436
philip.heimlich@ilag.gov
elizabeth.blackston@ilag.gov
*Attorneys for Plaintiff People of the*
*State of Illinois*

Benjamin Bellus (IA Bar No. AT0000688)
William Pearson (IA Bar No. AT0012070)
Assistant Attorneys General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Phone: (515) 242-6536 (Bellus)
       (515) 242-6773 (Pearson)
Fax:    (515) 281-6771
Benjamin.Bellus@ag.iowa.gov
William.Pearson@ag.iowa.gov
*Attorneys for Plaintiff State of Iowa*

Sarah M. Dietz (KS Bar No. 27457)
Assistant Attorney General
Office of the Kansas Attorney General
120 SW 10th Avenue
Topeka, KS 66612
Phone: (785) 296-3751
Fax:    (785) 291-3699
sarah.dietz@ag.ks.gov
*Attorney for Plaintiff State of Kansas*

Donald J. Haas (KY Bar No. 94090)
Assistant Attorney General
Office of the Attorney General,
Commonwealth of Kentucky
1024 Capital Center Drive, Ste. 200
Frankfort, KY 40601
Phone: (502) 696-5612
Fax:    (502) 573-8317
donald.haas@ky.gov
*Attorney for Plaintiff Commonwealth of*
*Kentucky*

Cathryn E. Gits (LA Bar No. 35144)
Assistant Attorney General
Office of the Attorney General Jeff Landry
1885 North Third St.
Baton Rouge, LA 70802
Phone: (225) 326-6414
Fax:    (225) 326-6499
gitsc@ag.louisiana.gov
*Attorney for Plaintiff State of Louisiana*

Laura Lee Barry Womack (ME Bar No.
010110)
Assistant Attorney General
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333
Phone: (207) 626-8800
Lauralee.barrywommack@maine.gov
*Attorney for Plaintiff Aaron M. Frey,*
*Attorney General*

Philip Ziperman (Fed. Bar No. 12430)
Deputy Counsel
Kathleen P. Hyland (Fed. Bar No. 30075)
Assistant Attorney General
Office of the Attorney General
200 St. Paul Place
Baltimore, MD 21202
Phone: (410) 576-6417 (Ziperman)
          (410) 576-7057 (Hyland)
Fax:      (410) 576-6566
pziperman@oag.state.md.us
khyland@oag.state.md.us
*Attorneys for Plaintiff Maryland Office of
the Attorney General*

Elizabeth Cho (MA Bar No. 672556)
Assistant Attorney General
Massachusetts Office of the Attorney
General
One Ashburton Place, 18th Floor
Boston, MA 02108
Phone: (617) 963-2608
Fax:      (617)727-5765
Elizabeth.Cho@mass.gov
*Attorney for Plaintiff Commonwealth of
Massachusetts*

Kathy P. Fitzgerald (MI Bar No. P31454)
Michael S. Hill (MI Bar No. P73084)
Assistant Attorneys General
Michigan Department of Attorney General
Corporate Oversight Division
P.O. Box 30736
Lansing, MI 48909
Phone: (517) 335-7632
Fax:      (517) 335-6755
fitzgeraldk@michigan.gov
Hillm19@michigan.gov
*Attorneys for Plaintiff People of the State of
Michigan*

Bennett Hartz (MN Bar No. 0393136)
Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1200
Saint Paul, MN 55404
Phone: (651) 757-1235
bennett.hartz@ag.state.mn.us
*Attorney for Plaintiff State of Minnesota,
by its Attorney General, Keith Ellison*

James M. Rankin (MS Bar No. 102332)
Special Assistant Attorney General
Mississippi Attorney General's Office
P.O. Box 220
Jackson, MS 39205
Phone: (602) 359-4258
james.rankin@ago.ms.gov
*Attorney for Plaintiff Lynn Fitch,
Attorney General State of Mississippi*

Michael Schwalbert (MO Bar No. 63299)
Assistant Attorney General
Office of the Missouri Attorney General
815 Olive Street, Suite 200
St. Louis, MO 63101
Phone: (314) 340-6816
Fax:      (314) 340-7891
michael.schwalbert@ago.mo.gov
*Attorney for Plaintiff State of Missouri,
ex. rel. Andrew Bailey, Attorney General*

Anna Schneider (MT Bar No. 13963)
Bureau Chief
Andrew Butler (MT Bar No. 53936812)
Assistant Attorney General
Montana Attorney General's Office
Office of Consumer Protection
555 Fuller Avenue
Helena, MT 59601
Phone: (406)444-4500
Anna.schneider@mt.gov
Andrew.butler@mt.gov
*Attorneys for Plaintiff State of Montana*

Michaela J. Hohwieler (NE Bar No. 26826)
Assistant Attorney General
Office of the Attorney General Michael T. Hilgers
2115 State Capitol Building
Consumer Protection Division
Lincoln, NE 68509
Phone: (402) 471-1928
Fax:    (402) 471-4725
Michaela.hohwieler@nebraska.gov
*Attorney for Plaintiff State of Nebraska*

Michelle C. Newman (NV Bar No. 13206)
Senior Deputy Attorney General
Office of the Nevada Attorney General
Bureau of Consumer Protection
100 North Carson Street
Carson City, NV 89701-4717
Phone: (775) 684-1164
Fax:    (775) 684-1299
MNewman@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

Mary F. Stewart (NH Bar No. 10067)
Assistant Attorney General
New Hampshire Department of Justice
Office of the Attorney General
Consumer Protection and Antitrust Bureau
33 Capitol St.
Concord, NH 03301-6397
Phone: (603) 271-1139
Fax:    (603) 271-2110
Mary.F.Stewart@doj.nh.gov
*Attorney for Plaintiff State of New Hampshire*

Deepta Janardhan (NJ Bar No. 309022020)
Jeffrey Koziar (NJ Bar No. 015131999)
Deputy Attorneys General
New Jersey Office of the Attorney General
Division of Law
124 Halsey Street
Newark, NJ 07101
Phone: (973) 648-7819
Fax:    (973) 648-4887
Jeff.koziar@law.njoag.gov
*Attorneys for Plaintiff State of New Jersey*

Jacqueline Ortiz (NM Bar No. 146309)
Assistant Attorney General
State of New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, New Mexico 87501
Phone: (505)490-4060
Fax:    (505) 490-4883
Jortiz@nmag.gov
*Attorney for Plaintiff Raúl Torrez, New Mexico Attorney General*

Glenna Goldis (NY Bar No. 4868600)
Assistant Attorney General
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (646) 856-3697
Glenna.goldis@ag.ny.gov
*Attorney for Plaintiff Office of the Attorney General of the State of New York*

Parrell D. Grossman (ND Bar No. 04684)
Director, Consumer Protection & Antitrust Division
Elin S. Alm (ND Bar No. 05924)
Christopher G. Lindblad (ND Bar No. 06480)
Assistant Attorneys General
Office of North Dakota Attorney General
Consumer Protection & Antitrust Division
1720 Burlington Drive, Suite C
Bismarck, ND 58504-7736
Phone: (701) 328-5570
Fax:     (701) 328-5568
pgrossman@nd.gov
ealm@nd.gov
clindblad@nd.gov
*Attorneys for Plaintiff State of North Dakota*

Caleb J. Smith (OK Bar No. 33613)
Assistant Attorney General
Office of the Oklahoma Attorney General
6 West 15th Street, Suite 1000
Tulsa, OK 74119
Phone: (918) 581-2230
Fax:     (405) 522-0085
Caleb.Smith@oag.ok.gov
*Attorney for Plaintiff State of Oklahoma
ex rel. Attorney General Gentner
Drummond*

Jordan M. Roberts (OR Bar No. 115010)
Senior Assistant Attorney General
Oregon Department of Justice
Consumer Protection Division
100 SW Market St.
Portland, OR 97201
Phone: (971) 673-1880
Fax:     (971) 673-1884
jordan.m.roberts@doj.state.or.us
*Attorney for Plaintiff State of Oregon*

Brandon J. Bingle (PA Bar No. 209133)
Senior Deputy Attorney General
Office of Attorney General
Michelle A. Henry
Strawberry Square, 15th Floor
Harrisburg, PA 17120-0001
Phone: (814) 878-5858
Fax:     (717) 705-3795
bbingle@attorneygeneral.gov
*Attorney for Plaintiff Commonwealth of
Pennsylvania by Attorney General
Michelle A. Henry*

Stephen N. Provazza (RI Bar No. 10435)
Special Assistant Attorney General
Rhode Island Office of the Attorney General
150 S. Main Street
Providence, RI 02903
Phone: (401) 274-4400, ext. 2476
Fax:     (401) 222-1766
sprovazza@riag.ri.gov
*Attorney for Plaintiff State of Rhode Island,
by Attorney General Peter Neronha*

Kristin Simons (SC Bar No. 74004)
Senior Assistant Attorney General
Danielle Robertson (SC Bar No. 105846)
Assistant Attorney General
South Carolina Attorney General's Office
P.O. Box 11549
Columbia, SC 29211-1549
Phone: (803) 734-6134 (Simons)
            (803) 734-8044 (Robertson)
ksimmons@scag.gov
danirobertson@scag.gov
*Attorneys for Plaintiff State of
South Carolina*

24

Austin C. Ostiguy (TN Bar No. 040301)
Tyler T. Corcoran (TN Bar No. 038887)
Assistant Attorneys General
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202
Phone: (615) 532-7271 (Ostiguy)
        (615) 770-1714 (Corcoran)
Fax:    (615) 532-2910
austin.ostiguy@ag.tn.gov
tyler.corcoran@ag.tn.gov
*Attorneys for Plaintiff State of Tennessee*

David Shatto (Fed. Bar No. 3725697; TX
Bar No. 24104114)
Assistant Attorney General
Attorney General for the State of Texas
Office of the Attorney General
P.O. Box 12548 (MC-010)
Austin, TX 78711
Phone: (512) 463-2185
Fax:    (512) 370-9125
David.Shatto@oag.texas.gov
*Attorney for Plaintiff State of Texas*

Kevin McLean (UT Bar No. 16101)
Assistant Attorney General
Utah Attorney General's Office
160 East 300 South, 5th Floor
P.O. Box 140872
Salt Lake City, UT 84114-0872
Phone: (801) 366-0310
Fax:    (801) 366-0315
kmclean@agutah.gov
*Attorney for Plaintiff Utah Division of
Consumer Protection*

Edwin L. Hobson (VT Bar No. 637)
Senior Assistant Attorney General
Office of the Attorney General
Consumer Assistance Program
109 State Street
Montpelier, VT 05609-1001
Phone: (802) 863-2000 (Hobson)
        (802) 828-3171 (Main office)
Fax:    (802) 304-1014
ted.hobson@vermont.gov
*Attorney for Plaintiff State of Vermont*

Geoffrey L. Ward (VA Bar No. 89818)
Senior Assistant Attorney General
Office of the Attorney General of Virginia
202 N. Ninth St.
Richmond, VA 23219
Phone: (804) 371-0871
Fax:    (804) 786-0122
gward@oag.state.va.us
*Attorney for Plaintiff Commonwealth
of Virginia, ex rel. Jason S. Miyares,
Attorney General*

Mina Shahin (WA Bar No. 46661)
Alexandra Kory (WA Bar No. 49889)
Assistant Attorneys General
Washington State Attorney General's Office
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Phone: (206) 326-5485 (Shahin)
        (206) 516-2997 (Kory)
Fax:    (206) 464-6451
Mina.Shahin@atg.wa.gov
Alexandra.Kory@atg.wa.gov
*Attorneys for Plaintiff State of Washington*

Ashley T. Wentz (WV Bar No. 13486)
Assistant Attorney General
West Virginia Attorney General's Office
Consumer Protection/Antitrust Division
P.O. Box 1789
Charleston, WV 25326
Phone: (304) 558-8986
Fax:     (304) 558-0184
Ashley.T.Wentz@wvago.gov
*Attorney for Plaintiff State of West Virginia*
*ex rel. Patrick Morrisey, Attorney General*

Gregory A. Myszkowski (WI Bar No.
1050022)
Assistant Attorney General
Wisconsin Department of Justice
P.O. Box 7857
Madison, WI 53707-7857
Phone: (608) 266-7656
Fax:     (608) 294-2907
myszkowskiga@doj.state.wi.us
*Attorney for Plaintiff State of Wisconsin*

Benjamin M. Peterson (WY Bar No.
8-6513)
Assistant Attorney General
Wyoming Office of the Attorney General
Kendrick Building
2320 Capitol Avenue
Cheyenne, Wyoming 82002
Phone: (307) 777-8240
Fax:     (307) 777-3435
benjamin.peterson2@wyo.gov
*Attorney for Plaintiff State of Wyoming*