Neil S. Ende, Esq.
nende@tlgdc.com
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, ex rel. Kristin K. Mayes Attorney General et al., <br><br>        Plaintiffs <br><br> v. <br><br> Michael D. Lansky, LLC, dba Avid Telecom, LLC, an Arizona Limited Liability Company; <br><br> Michel D. Lansky, individually As a Member/Manager/Chief Executive Officer of Michael D. Lansky, LLC dba Avid Telecom; and <br><br> Stacey S. Reeves, individually as a Manager/Vice President of Michael D. Lansky LLC dba Avid Telecom <br><br>        Defendants. | Case No. 4:23-cv-00233-EJM <br><br> **SUPPLEMENT TO DEFENDANTS' MOTION TO DISMISS** |

Defendants Stacey S. Reeves Michael D. Lansky, and Michael D. Lansky, LLC dba Avid Telecom, LLC (collectively "Defendants"), through undersigned counsel, hereby submit this Supplement to their Motion to Dismiss.

## BACKGROUND

In their Motion to Dismiss, Defendants presented caselaw and argument demonstrating that the individual Defendants should not be held personally liable under Telecommunications Consumer Protection Act, 47 USC § 227 ("TCPA"). First, Defendants demonstrated that, applying well-established constitutional principles, Plaintiffs have failed to demonstrate that Ms. Reeves had the contacts with the State of Arizona that are necessary for this Court to assert personal jurisdiction over Ms. Reeves. Moreover, citing *Jones v. Royal Admin. Servs., Inc.* 887 F.3d 443 (9th Cir. 2017), which is the only case on point decided by the Ninth Circuit, Defendants also established that, as an independent contractor with no decision-making authority, Ms. Reeves cannot be held personally liable under the TCPA.[1] The Court's attention was directed to the same conclusion reached by the District Court in Maryland. *Worsham v. Direct Energy Services, LLC*, No. SAG-20-00193, 2021 WL 948819 (D. Md. Mar. 12, 2021). Secondly, Defendants demonstrated that Lansky cannot be held vicariously liable for the acts of Avid Telecom both because there was no showing that he was directly involved in making the calls or on a piercing theory.

## ARGUMENT

We file this Supplement to Plaintiffs' Motion to Dismiss to bring to the Court's attention the growing trend of caselaw finding that corporate officers, like Mr. Lansky, cannot be held liable for alleged violations of the TCPA. One such case, issued following the close of briefing on the Motion to Dismiss, is *Perrong v. Chase Data,* 2024 WL 329933 (E.D. Pa.

---

[1] *See also Goodell v. BH Automotive, LLC*, 2023 WL 2691452 (USDC AZ 2023). ("Moreover, to establish BHA's vicarious liability under an actual authority theory, Plaintiffs "must do more than establish an agency relationship. They must also establish actual authority to place the unlawful calls" *citing Jones v. Royal Admin. Servs., Inc*., 887 F.3d 443, 449 (9th Cir. 2018).") (A citable version of this case was not found at the time that briefing was completed.)

Jan 26, 2024).  In the *Perrong* case, the court dismissed all TCPA claims against an individual business owner, concluding:

> The Third Circuit Court of Appeals has raised "doubt" as to whether "common-law-personal participation liability is available against corporate officers under the TCPA." *City Select Auto Sales, Inc.*, 885 F.3d 154, 160 (3d Cir. 2018). The court's opinion noted that because "Congress has demonstrated in many statutes that it 'kn[ows] how to impose' personal-participation liability 'when it cho[oses] to do so,' the argument that Congressional silence indicates such an intent is a weak one at best." *Id.* at 161 (quoting *Cent. Bank of Denver N.A. v. First Interstate Bank of Denver, NA.*, 511 U.S. 164, 176-77 (1994)) (alterations in the original).
>
> Since *City Select*, courts in this circuit have found that "a corporate officer is not liable under the TCPA common law personal liability principles." *KHS Corp. v. Singer Fin. Corp*, 376 F.Supp.3d 524, 530 (E.D. Pa. 2019) (finding no personal liability although defendant "personally directed and participated in" a TCPA violation); *see also Kline v. Advanced Ins. Underwriters, LLP*, No. 1:19-cv-00437, 2020 U.S. Dist. LEXIS 110453, *19 (M.D. Pa., June 23, 2020) (noting personal liability for corporate officers does "not appear to be a cognizable theory of liability under the TCPA."). All claims against Macklai are dismissed accordingly.

*Perrog* 2024 WL 329933 *4.  Although Defendants acknowledge that the *Perrong* case is not binding precedent on the Court, the legal analysis it contains is sound and reflects the growing view in courts across the country that the TCPA does not and cannot create personal liability in corporate officers for the allegedly illegal conduct of the company.[2]  As Plaintiffs argue, incorrectly and without specific factual basis,[3] that Ms. Reeves should be treated as if she had

---

[2] Rather, baseless assertions of personal liability have become a tool used by Attorneys General to coerce individuals into oppressive settlements to avoid the crippling effect that a finding of personal liability could have on their lives.  In this regard, as set forth in the Motion to Dismiss, the mere mention of the individual Defendants' names in the Complaint, and in the endless self-serving parade of press releases that followed—along with the refusal to take any action to limit the risk to Defendants' safety—has resulted in the Defendants' receiving dozens of direct and terrifying death threats.

[3] Defendants demonstrated, with specific testimonial and documentary support, that Ms. Reeves was a 1099 independent contractor, not a corporate officer with decision making authority.

the decision-making authority of a corporate officer, the reasoning of the *Perrong* and similar cases applies to her, as well as to Mr. Lansky, who was a corporate officer at times relevant to this Case.

Accordingly, Defendants respectfully renew their request that the claims set forth in the complaint against each of them, in their individual capacities, be dismissed with prejudice.

                                                   Respectfully submitted,

                                                   */s/ Neil S. Ende*

                                                   _____

                                                   Neil S. Ende
                                                   *Pro Hac Vice*
                                                   *Counsel to Michael D. Lansky, LLC*
                                                       *dba Avid Telecom*

Dated:  March 5, 2024                      *Michael D. Lansky and Stacey S. Reeves*

Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
nende@tlgdc.com
Telephone: (202) 895-1707
Facsimile: (202) 478-5074