|   |   |
|---|---|
| 1 | **IN THE UNITED STATES DISTRICT COURT** |
| 2 | **FOR THE DISTRICT OF ARIZONA** |

State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al.,

Plaintiffs,

v.

Michael Lansky dba Avid Telecom et al.,

Defendants.

NO. 4:23-cv-00233-TUC-CKJ

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO NOTICE OF FAILURE TO FILE**

Neil S. Ende, Esq.
nende@tlgdc.com
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

Dated: June 13, 2024

Defendant Michael Lansky, through his undersigned counsel, hereby respectfully replies to Plaintiffs' Opposition to Mr. Lansky's "Second[1]" Motion to Dismiss Plaintiffs' alter ego claim of individual liability against Defendant Michael Lansky.  For the reasons set forth herein, Defendant Lansky stands by his request that the Court *follow through* on its explicit conclusion—set forth in its Order (Dkt. 64)—that the Plaintiffs had failed to meet their burden on the alter ego claim against Mr. Lansky and that the Court issue an Order dismissing that claim with prejudice.

**Background**

The Court's May 8, 2024, Order provided Plaintiffs would have leave to file an amended Complaint to state an alter ego claim of individual liability against Defendant Lansky.  The Ordering Clauses of the Order allowed Plaintiffs to file that amendment within 14 days of the Court's Order.  (Dkt. 64, Ordering Clauses at p. 35). The deadline for filing, as set forth in the Court's Order, was May 22, 2024.

That deadline came and went without any amendment filing by Plaintiffs or other communication to the Court.  Thus, on May 23, 2024, Defendant Lansky filed a Notice of Failure to File, advising the Court Plaintiffs had not filed an amendment supplementing its alter ego claim.  Relying on the Court's Order, Defendant Lansky asked that the Court dismiss that claim with prejudice.

---

[1] As set forth hereinbelow, Plaintiffs' suggestion that Lansky's Motion—which was actually titled "Notice of Failure to File Amendment and Request to Dismiss Alter Ego Claim of Individual Liability Against Michael Lansky" ("Notice of Failure to File"), represents a second motion to dismiss is disingenuous and false.

In their Opposition, Plaintiffs argue they ". . . chose not to file an amended complaint immediately and reserve their right to seek leave pursuant to Fed.R.Civ.P. 15 to plead further allegations once they have conducted additional discovery." (Dkt. 66 at p. 2). Plaintiffs' failure to amend *within the time period allowed by the Court* was, by its own admission, a knowing and volitional choice. For the reasons set forth below, Defendant Lansky respectfully asserts the Court should stand by both its substantive conclusion that the Complaint fails to state a Claim of personal liability under an alter ego theory and Plaintiffs should be held to the natural consequences of their election not to amend within the allowed period.[2]

## Facts

The facts before the Court are remarkably simple and they are not in dispute. In their Complaint (Dkt. 1), Plaintiffs offered a series of allegations regarding the conduct of Defendant Lansky they claimed allowed him to be held personally liable for the actions of the LLC. As the Court recognized in its Order:

> . . . the amounts for the alleged improper personal purchases Defendant Lansky made by Defendant Michael D. Lansky, L.L.C. are few and for relatively small amounts. They do not necessarily support the conclusory allegations that Defendant Lansky diverted corporate assets to fund substantial personal expenses that limited the corporation's abilities to satisfy the corporation's remedial obligations. There is no evidence these amounts were not reimbursed, and alone they do not suffice to pierce the corporate veil.

(Dkt. 64 at p. 19). Based on its factual findings, the Court properly concluded:

---

[2] As many of the allegations set forth in the Complaint—even if accepted as true—are predicated on claims that Defendants "should have known" certain legal requirements and required responses, and that they should be held strictly liable for their alleged failure to meet those requirements, Defendant Lansky respectfully believes the Court should hold Plaintiffs to that same standard.

2

> Plaintiffs have failed to allege specific facts to support the assertion that there is a unity of interest or ownership between Lansky and Michael D. Lansky L.L.C. or to show that Michael D. Lansky L.L.C. was created and/or used thereafter with an intent to defraud or commit illegal activities. (*Id.*)

Given these conclusions, the Court would have been well within its rights to dismiss the alter ego claim with prejudice in its Order. Instead, the Court elected to exercise its discretion, offering Plaintiffs the opportunity to remedy the failures in the Complaint through an amendment. (Dkt. 64 at p. 19). In the Ordering Clauses of the Order, Plaintiffs were advised they had "14 days"—until May 22, 2024—to file an amendment. (Dkt. 64 at p. 35).

Rather than simply admit they had missed the Court's explicitly stated deadline, instead, Plaintiffs present the novel argument that, in fact, they "chose" not to file an amendment during the allowed period (Dkt. 66 at p. 2) and their alter ego claim should nonetheless be allowed to survive pending a future amendment, apparently at a time of Plaintiffs' (rather than the Court's) choosing.

### **Argument**

A. The Court's Order Plainly Required Plaintiffs to File
   <u>Any Amendment to its Alter Ego Claim by May 22, 2024</u>

In an effort to sidestep their failure to meet an explicit deadline, Plaintiffs misrepresent both the words and the clear meaning of the Court's Order. In the portion of the Order addressing the alter ego claim, the following words appear, "Plaintiffs may amend the Complaint to state this claim. *See also,* Fed. R. Civ. P. 15(a)(2) and (b)." Contrary to Plaintiffs' assertion, there is nothing in the Court's reference to Fed. R. Civ P. 15(a)(2) and (b) that created an alternative procedure for amendment (*i.e.*, either fourteen days *or* pursuant to Fed. R. Civ. P. 15(a)(2) and (b)). This conclusion is clear for

3

four reasons. First, there is nothing in the words of the Order suggesting Plaintiff had a choice to amend within the 14-day period specified in the Ordering Clauses of the Order or at some future date as Plaintiffs suggest. Indeed, the word "or" is not found in the relevant sentence of the Order. Moreover, even if that were not the case and the Court intended to somehow create a second option, §§15(a)(2) and (b) of the Federal Rules do not support the conclusion Plaintiffs should be allowed to amend outside of the prescribed window. Specifically, Fed.R.Civ.P. §15(a)(2). *"Other Amendments"* does not address *when* an amendment may be filed. Instead, it only addresses the opportunity to amend "with the opposing party's written consent or the court's leave." In the instant matter, consent is not at issue as the Court's Order already granted Plaintiffs leave to amend within the specified 14-day period. The same is true of the language of Fed.R.Civ.P. 15(b) which addresses amendments during and after trial which is not at issue here.[3]

Second, the Ordering Clauses, *which contain the only reference in the Order to the time period in which an amendment can be filed*, do not mention an alternative filing option under the federal rules or any other applicable timeline allegedly found in those rules. Indeed, the wording of the Ordering Clause addressing the right to amend could not be clearer, providing that "within 14 days of the filing date of this Order, the Plaintiffs have leave to file an amended Complaint to state an alter ego claim of individual liability against Defendant Lansky." Clearly, if Plaintiffs "have" . . . "leave" to file an amendment on the alter ego issue within 14-days, they do not have "leave to file an amendment on the alter

---

[3] Plaintiffs' argument also confuses the general time periods for amendments set forth in the federal rules with the specific time period allowed by the Court for an amendment on the alter ego issue in its Order. The Court was certainly within its rights to set forth a specific and limited time period for amendments on the alter ego issue as an alternative to the outright dismissal of that claim based on the Court's stated conclusion that the facts presented by Plaintiffs in the Complaint failed to meet their burden.

4

ego issue" thereafter. To interpret the Court's Order as Plaintiffs suggest would impermissibly write the specific language of this Ordering Clause out of existence.

Third, even if the Court was inclined to accept Plaintiffs' argument, Plaintiffs were certainly required to make a request for more time to undertake discovery within the 14-day window prescribed by the Court. Respectfully, again, to allow Plaintiff to fail to file an amendment during this period and to fail even to request leave to file later during the window, would render the explicit 14-day language of the Ordering Clauses completely meaningless.

Finally, but certainly not least, it is clear from the Ordering Clauses the Court had a plan in setting the 14-day period for amendment, specifically tying the date for Defendants' answer to the period in which an amendment could be filed, to wit: "**IT IS FURTHER ORDERED** that in the event, Plaintiffs do not amend the Complaint, the Defendants shall file an Answer by June 14, 2024." Plaintiffs' choice to ignore the explicit requirement for amendments within the prescribed 14-day period upends the Court's desire to ensure that Defendant Lansky would have access to any additional facts regarding the alter ego claim before he is required to answer. Plaintiffs' choice also creates material prejudice to Defendant Lansky's reasonable reliance on the Court's Order in preparing its Answer.

B.     Defendant Lansky's Notice of Failure is Compliant with the Federal Rules

In recognition that their federal rules argument cannot be sustained on its substance, Plaintiffs chose to mischaracterize Plaintiffs Notice of Failure as an impermissible "second motion to dismiss." It is nothing of the sort. As explained above, in its Order, the Court expressly concluded that, "Plaintiffs have failed to allege specific facts to support the assertion that there is a unity of interest or ownership between Lansky and Michael D. Lansky L.L.C. or to show that Michael D. Lansky L.L.C. was created and/or used thereafter with an intent to defraud or commit illegal activities." The Notice of Failure does not present any new fact or legal claims that could be somehow characterized as a "second motion to dismiss." Rather, all it asks is that the Court "follow-through" on the conclusion it already reached in the Order by dismissing Plaintiffs' failed alter ego claim. Nothing more.

Using its mischaracterization of Defendant Lansky's Notice of Failure as a second motion to dismiss as a stalking horse, Plaintiffs argue the Notice of Failure should not be considered because Defendant Lansky allegedly failed to meet and confer as required under LRCiv 12.1(c). Specifically, Plaintiffs argue "no motion to dismiss for failure to state a claim may be considered unless the moving party notifies the opposing party of the issues and intent to file a motion and certifies to the court that the parties met and were unable to cure any defects." (Dkt. 66 at p. 2). Plaintiffs' argument is dead on arrival as Defendant Lansky's Notice of Failure is plainly not a motion to dismiss. To the contrary, Defendant Lansky's Notice of Failure merely requested that—given Plaintiffs' failure to amend—the Court follow through on its existing conclusion that Plaintiffs had failed to

6

state an alter ego claim. There was no new or "second motion to dismiss" and thus the alleged requirement of LRCiv 12.1(c) does not come into play.[4]

However, even if the Court were to credit Plaintiffs' argument under LRCiv 12.1(c) and refuse to consider Plaintiffs' Notice of Failure, the outcome would not change. The Court's legal conclusion Plaintiffs failed to state an alter ego claim (Dkt. 64 at p. 19) remains, as do Plaintiffs' failure to amend in a timely manner as required. Thus, absent the Notice of Failure, Defendant Lansky respectfully believes that the Court should follow through on its own accord by dismissing the alter ego claim for the reasons enumerated in its Order. (Dkt. 64 at pp. 18-19).

Plaintiffs' argument regarding an alleged obligation to cite caselaw and to set forth points and authorities is similarly lacking in merit. As explained, Defendant Lansky's Notice of Failure was not intended to and did not present new legal arguments that need to be supported by caselaw or points and authorities. Rather, the Notice of Failure relied completely on the legal analysis and the caselaw set forth by the Court in its Order and merely sought the Court's follow-through on legal conclusions it had already made. (*See* Dkt. 64 at pp. 18-19 and 35). Clearly, this circumstance is not that which is envisioned by LRciv 7.2(b) and, thus, the absence of specific references to caselaw or the presentation of points and authorities is not appropriate or required.[5]

---

[4] Plaintiffs' argument is also disingenuous as it has failed to meet and confer or to so certify prior to filing its Motion to Strike (Dkt. 63), a motion that was granted by the Court.
[5] For these same reasons, the *unpublished LaCombe* case is factually inaccurate. *LaCombe v. Bullhead City Hosp. Corp.*, CV 06-2037-PHX-RCB, 2008 WL 216069, at *6 (D. Ariz. Jan. 23, 2008).

C. <u>Defendant is Entitled to a Dismissal with Prejudice</u>

Plaintiffs argue Defendant's motion "provides no argument or reasoning why [the alter ego claim] should be dismissed with prejudice." (Dkt. 66 at. Pp. 3-5) In support, Plaintiffs rely on *Orion Tire Corp. v. Goodyear Tire & Rubber Co., Inc.*, 268 F.3d 1133 (9th Cir. 2001) for the proposition that "[c]omplaints may not be dismissed with prejudice unless the allegations of the complaint make clear that plaintiff cannot state a claim." *Id.* at 1137. While the legal principle referenced in the quoted language may be generally applied under the facts of the *Orion* case, those facts do not exist here. Specifically, unlike the instant case—where the Court has already concluded the facts presented by Plaintiffs in the Complaint are not sufficient to support its alter ego claim, and the Court has given the Plaintiff 14-days to amend its Complaint for the express purpose of supporting its failed alter ego claim, the Plaintiff in *Orion* had no such opportunity. Thus, while dismissal with prejudice was deemed inappropriate under the facts of *Orion*, it is an entirely appropriate result where, as here, Plaintiffs have already been given a second opportunity to present facts sufficient to state a claim and they have willfully (*i.e.,* they "chose") not to do so. Even more telling is the fact Plaintiffs also chose not to present any facts that could be the basis of their alter ego claim *during the 14-day period afforded to them for amendments*[6]

---

[6]The *Orion, Ranch Reality* and *Eminence Capital* cases are readily distinguishable as none of those cases involved a fact pattern where the Court gave the plaintiff an opportunity to amend, and the plaintiff failed to do so—or even to present facts sufficient for the Court to believe that such facts could exist *during that window. See Orion, supra; Ranch Reality Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

Finally, citing the case *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006), Plaintiffs argue "[a] court should not deny leave to amend unless 'the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile'". Again, while the principle of that case may be generally applied under the facts of the *AmerisourceBergen Corp* case, those facts do not exist here. Indeed, unlike *AmerisourceBergen Corp*, Plaintiffs have already been given the opportunity to amend and they "chose" not to do so. Given Plaintiffs' willful failure to take advantage of the opportunity to amend—or even to provide the Court with evidence of facts that could sustain their alter ego claim during the 14-day amendment window—respectfully, Defendant Lansky cannot imagine a circumstance in which Plaintiffs would be given a third opportunity to present facts sufficient to support their alter ego claim. Thus, as any future request by Plaintiffs to amend would be "futile", dismissing the alter ego claim with prejudice, now, is the proper outcome.

    D.    The Court Should Not Consider Plaintiffs Untimely Reference to New Facts Allegedly Supporting its Alter Ego Claim

At the close of its pleading, Plaintiffs assert they "intend to supplement their prelitigation evidence through discovery." Plaintiffs allege further that, "[p]rior to the lawsuit, Plaintiffs reviewed certain financial documents pre-litigation from some—but not all—financial institutions in which Defendants have maintained accounts." (Dkt. 66 at p. 4). If taken as true, these assertions, can only be read to mean Plaintiffs were in possession of additional facts they now claim would support their alter ego claim, but they elected first, not to include in the Complaint and then elected not to present them to the Court during the amendment window. Where were the references in the Complaint to the alleged fact Plaintiffs now claim they had in hand, "pre-litigation" regarding "Bank of the West", or "PayPal", the "City of Tucson" or the "US Treasury" or the "State of Arizona" or

"Chrysler"? Did all 50 attorneys' general staff—each of which presumably reviewed the complaint, *inter alia*, to meet their Rule 11 certification obligations—somehow forget to include this supposed material evidence? It's just not credible.

These revelations leave the Court with two choices. If the Court elects to believe Plaintiffs somehow forgot to include in the Complaint **any** *of the six categories of facts* referenced above—facts they now claim are material to their case *and that they allegedly obtained "pre-litigation"*—the Court would have a more-than-ample basis to dismiss Plaintiffs' alter ego claim with prejudice now for Plaintiffs' failure to include those facts in the Complaint. If, on the other hand, the Court chooses not to believe the Complaint was submitted with this alleged material oversight, then it must conclude at least some of the six categories of facts referenced above were, in fact, obtained from Mr. Lansky's bank, credit card company and various state and federal government agencies, **after** the litigation was filed, presumably through one or more subpoenas. As none of the Defendants, or their counsel, were provided with notice of the subpoenas before they were issued, such conduct would constitute a troubling violation of Plaintiffs' obligation under Fed.R.Civ.P. 45(a)(4).[7]

---

[7] Fed.R.Civ.P. 45(a) (4) ***Notice to Other Parties Before Service.*** If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

10

**Conclusion**

Mr. Lansky respectfully requests that the Court dismiss Plaintiffs' alter ego claim with prejudice and that the Court establish procedures to determine whether and the extent to which Plaintiffs obtained the alter ego and other data used in the Complaint through improper means. [8]

                                  Respectfully submitted,

                                  /s/ Neil S. Ende

                                  _____
                                  Neil S. Ende
Dated: June 13, 2024               *Counsel to Michael D. Lansky, LLC dba Avid Telecom Michael D. Lansky and Stacey S. Reeves*

Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
nende@tlgdc.com
Telephone: (202) 895-1707
Facsimile: (202) 478-5074

---

[8] In addition to the concerns with the new alter ego data, Defendants are also concerned that much of the call data on which Plaintiffs rely were obtained through phone calls that were recorded without required two party consent, through the unauthorized and/or illegal scraping and transmission of voice messages and/or in connection with calls received by business telephone numbers that were improperly placed onto the Do Not Call List.

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of June 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

_____
Silsa Cabezas