**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, et al.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Michael D Lansky LLC, et al.,<br><br>　　　　Defendantss. | No. CV-23-00233-TUC-CKJ<br><br>**ORDER** |

　　　　Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a Case Management Conference is set for Tuesday, August 20, 2024, at 10:00 a.m., with Greer Barkley, law clerk to the Honorable Cindy K. Jorgenson. The conference will be held telephonically, and Plaintiff's counsel shall initiate the Case Management Conference by calling the law clerk at (520) 205 4550 with all appearing attorneys on the line at the time of the Conference. If the law clerk needs to call a conference line, Plaintiff's counsel shall notify the law clerk of the required information (e.g., telephone number, conf. i.d. number) three days prior to the scheduling conference by sending an email to jorgenson_chambers@azd.uscourts.gov or by including the information in the Joint Report.

　　　　**IT IS HEREBY ORDERED:**

　　　　The parties are directed to Fed.R.Civ.P. 16 for the objectives of the conference. If represented by counsel, at least one of the attorneys for each party attending the conference shall have the authority to enter into stipulations and make admissions regarding all matters

which may be discussed.

The parties are directed to confer at least 21 days before the conference, in accordance with Fed.R.Civ.P. 26(f), to discuss the following matters:

A. The possibility of consent to a United States Magistrate Judge to conduct any or all proceedings pursuant to 28 U.S.C. § 636(c), the suitability for referral of this matter for alternative dispute resolution, or the referral of this matter to a special master;

B. Any matters relating to jurisdiction or venue or the joinder of additional parties;

C. The nature and bases of their claims and defenses and the possibilities for a prompt settlement or resolution of the case;

D. A schedule of all pre-trial proceedings;

E. Modification of pre-trial procedures due to the simplicity or complexity of the case;

F. Arrangements for Initial Disclosures in compliance with Fed.R.Civ.P. 26(a)(1). Initial Disclosures shall be made at or within 14 days after the Rule 26(f) conference unless the parties stipulate to a different time or object in the manner required by Rule 26(a)(1); counsel shall file with the Clerk of Court, in accordance with Rule 26(a)(4) and LRCiv 5.4, a Notice of Initial Disclosure, rather than copies of the actual disclosures;

G. Any other matters which counsel may feel will help dispose of the matter in an efficient matter, and;

H. Development of a Proposed Discovery Plan.

**IT IS FURTHER ORDERED** counsel shall file with the Court at least five days prior to the Scheduling Conference, a Joint Report reflecting the results of their meeting and outlining the discovery plan.  It is the responsibility of counsel for Plaintiff to initiate the communication necessary to prepare the Joint Report, prepare the Joint Report, and file the Joint Report.  Willful failure to comply may result in the imposition of sanctions.  The report shall include individually numbered brief statements indicating:

1. The nature of the case, setting forth in a brief statement the factual and legal basis for Plaintiff's claims and Defendant's defenses;

2. A list of the elements of proof necessary for each count of the complaint and each affirmative defense.  Where the burden of proof shifts, each party shall list the elements of proof that party must prove in order to prevail.  The list of the elements of proof must contain citations to relevant legal authority (i.e., United States statutory and/or administrative law, United States Supreme Court cases, Ninth Circuit Court of Appeals case law, State of Arizona case law and statutory law, or other authority as dictated by the conflicts of law rules);

3. The factual and legal issues genuinely in dispute and whether they can be narrowed by stipulation or motions;

4. The jurisdictional basis for the case, describing the basis for the jurisdiction (see the accompanying footnote) and citing specific jurisdictional statutes;[1]

5. The parties, if any, that have not been served, as well as parties which have not filed an answer or other appearance.  Unless counsel can otherwise show cause, the joint report shall be accompanied by a stipulation and a form of order dismissing any party which has not been served, or a motion seeking default on any non-appearing party;

6. The names of parties not subject to the Court's jurisdiction;

7. Whether there are dispositive or partially dispositive issues to be decided by pre-trial motions and legal issues about which any pretrial motions are contemplated;

8. Whether the case is suitable for reference to arbitration, to a special master, or to a United States Magistrate Judge;

---

[1] If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute. *See* 28 U.S.C. §1332. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principle place of business and (2) partnerships and limited liability companies are citizens of every state in which one of their members or partners resides. *See* 28 U.S.C. §1332(c); *Indus. Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990); *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003). The parties are further reminded that the Federal Rules of Civil Procedure do not provide for the use of fictitious parties and that the naming of a "John Doe" or "ABC Corporation" party "casts no magical spell on a complaint otherwise lacking in diversity jurisdiction." *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970) (citations omitted).

9. The status of related cases pending before this Court and whether it is appropriate for any matters to be consolidated pursuant to LRCiv 42.1(a);

10. A statement of when Initial Disclosures were made or will be made, any proposed changes in the requirements for Initial Disclosures set forth in Fed.R.Civ.P. 26(a) or, if applicable, of the stipulation to set a different time or objection to initial disclosures. Objections shall be made in the manner required by Fed.R.Civ.P. 26(a)(1);

11. Suggested changes, if any, in the limitations on discovery imposed by Fed.R.Civ.P. 26(b)(2);

12. The scope of discovery, when discovery should be completed, and whether discovery should be conducted in phases or should be limited to or focused upon particular issues. For example, where dispositive motions will be filed (e.g., motions for summary judgment or a defense relying on the statute of limitations), counsel should consider limiting discovery to the issue at hand until the Court has ruled on the motion;

    a. The extent, nature, and location of discovery anticipated by the parties;

    b. Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure;

    c. The number of hours permitted for each deposition, unless extended by agreement of the parties.

13. A discussion of any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced (see Fed.R.Civ.P. 16(b)(5), 26(f)(3));

14. A discussion of any issues relating to claims of privilege or work product (see Fed.R.Civ.P. Rule 16(b)(6), 26(f)(4));

15. Proposed deadlines for:

    a. Initial disclosures required by Fed.R.Civ.P. 26(a)(1) (see, page 2, paragraph F);

    b. Addition of parties or amending complaint;

   c. Discovery (if the parties believe that discovery will require more than 180 days, counsel MUST provide an explanation showing why, in the instant case, a lengthier period for discovery is necessary);

   d. Disclosure of initial expert testimony and rebuttal expert testimony pursuant to Fed.R.Civ.P. 26(a)(2)(C);

   e. Disclosure of witness list;

   f. Filing dispositive motions;

   g. Filing pre-trial statement, and;

   h. Filing of settlement status reports.

16. Counsel shall disclose what evidentiary hearings, such as Daubert, will be required and when such hearing should be held;

17. Estimated date that the case will be ready for trial, the estimated length of trial, and any suggestions for shortening the trial;

18. Whether a jury trial has been requested and whether the request for jury trial is contested.

19. The prospects for settlement, specifically addressing the parties' wishes for a settlement conference and addressing any other way the Court can facilitate settlement;

20. Any unusual, difficult, or complex problems affecting the conduct of the case or which would require the case to be placed on the complex track for case management purposes pursuant to LRCiv 16.2, and;

21. Any suggestions to expedite the disposition of this matter.

After the conference, the Court will enter a Scheduling Order limiting the time within which counsel may file pre-trial motions, complete discovery, and file the proposed pre-trial order. To the extent that the Court's Scheduling Order differs from the parties' proposed schedule, the provisions of the Court's Order shall supersede the parties' proposed schedule and shall control the course of the action unless modified by subsequent Order.

**IT IS FURTHER ORDERED** that all parties are expected to comply with Fed.R.Civ.P. 26 and to minimize the expense of discovery. Counsel should ensure that all

pleadings comply with LRCiv 7.1 and 7.2.  The parties and their counsel are cautioned that the deadlines set in the Court's Scheduling Order shall be strictly enforced.  This Court views this Scheduling Conference as critical to its case management responsibilities and the responsibilities of the parties under Fed.R.Civ.P. 1.

Dated this 5th day of July, 2024.

_____
Honorable Cindy K. Jorgenson
United States District Judge