1  KRISTIN K. MAYES
2  Attorney General of Arizona
   (Firm State Bar No. 14000)
3  Alyse Meislik (AZ Bar 024052)
4  Dylan Jones (AZ Bar No. 034185)
   Office of the Arizona Attorney General
5  2005 North Central Avenue
   Phoenix, AZ 85004
6  Phone: (602) 542-3725
7  Fax: (602) 542-4377
   consumer@azag.gov
8
   *Lead Counsel for Plaintiffs*
9

10

11                **IN THE UNITED STATES DISTRICT COURT**

12                   **FOR THE DISTRICT OF ARIZONA**

13

14  State of Arizona, ex rel. Kristin K. Mayes,        NO. CV-23-00233-TUC-CKJ
    Attorney General; et al.
15                                                      **PARTIES' JOINT <u>RULE 26(f)</u>**
16                       Plaintiffs,                    **REPORT AND PROPOSED**
                                                        **DISCOVERY PLAN**
17  v.

18
    Michael D. Lansky, L.L.C., dba Avid
19  Telecom, et al.,

20
                         Defendants.
21

22

23

24

25

26

27

28

Pursuant to Federal Rule of Civil Procedure 26(f), Local Civil Rules 16 and 26(f), and this Court's July 8, 2024 Order (Dkt #73), counsel for the parties conferred on July 25, 2024, and submit the following report of their meeting for the Court's consideration.

All parties and their counsel are listed in the table below.  The Lead Plaintiff States in this matter are counsel for the Plaintiff States of Arizona, Indiana, North Carolina, and Ohio. During the meet-and-confer with Defendants on July 25, 2024, and for all appearances before the Court and exchanges with Defendants concerning this litigation, the Lead Plaintiff States represent the position of all Plaintiff States.  The names of counsel who attended the July 25, 2024, meet-and-confer are preceded by an asterisk (*).  The Lead Plaintiff States and Defendants met again on August 15, 2024.

| Party Name | Party Counsel |
|---|---|
| Plaintiff State of Arizona | *Alyse Meislik<br>*Dylan Jones |
| Plaintiff State of Indiana | *Douglas S. Swetnam |
| Plaintiff State of North Carolina | *Tracy Nayer<br>*Asa C. Edwards IV<br>*Danielle Wilburn Allen |
| Plaintiff State of Ohio | *Erin B. Leahy |
| Plaintiff State of Alabama | *Lindsay D. Barton<br>Robert D. Tambling |
| Plaintiff State of Arkansas | *Amanda Wentz |
| Plaintiff People of the State of California | Nicklas A. Akers<br>Bernard A. Eskandari<br>*Timothy D. Lundgren<br>*Rosailda Perez<br>Michelle Burkart |

| Party Name | Party Counsel |
|---|---|
| Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General | *Michel Singer Nelson<br>Bianca Feierstein |
| Plaintiff State of Connecticut | *Brendan T. Flynn |
| Plaintiff State of Delaware | Ryan Costa |
| Plaintiff District of Columbia | Adam Teitelbaum |
| Plaintiff Ashley Moody, Attorney General of the State of Florida | *Patrick Crotty<br>Miles Vaughn |
| Plaintiff State of Georgia | *David A. Zisook |
| Plaintiff State of Hawaii | Christopher J.I. Leong |
| Plaintiff State of Idaho | James J. Simeri *(Pro Hac Vice motion forthcoming)* |
| Plaintiff People of the State of Illinois | *Philip Heimlich<br>Elizabeth Blackston |
| Plaintiff State of Iowa | *Benjamin Bellus<br>William Pearson |
| Plaintiff State of Kansas | *Nicholas C. Smith<br>Sarah M. Dietz |
| Plaintiff Commonwealth of Kentucky | Jacob P. Ford |
| Plaintiff State of Louisiana | *ZaTabia N. Williams |
| Plaintiff State of Maine | Brendan O'Neil |
| Plaintiff Maryland Office of the Attorney General | *Philip Ziperman |
| Plaintiff Commonwealth of Massachusetts | Carol Guerrero |

| Party Name | Party Counsel |
|---|---|
| Plaintiff People of the State of Michigan | *Kathy P. Fitzgerald<br>Michael S. Hill |
| Plaintiff State of Minnesota, by its Attorney General, Keith Ellison | *Bennett Hartz |
| Plaintiff Lynn Fitch, Attorney General State of Mississippi | James M. Rankin<br>*Jessica D. Jasper *(Pro Hac Vice motion forthcoming)* |
| Plaintiff State of Missouri, ex. rel. Andrew Bailey, Attorney General | Michael Schwalbert |
| Plaintiff State of Montana | Anna Schneider<br>*Andrew Butler |
| Plaintiff State of Nebraska | *Gary E. Brollier |
| Plaintiff State of Nevada | *Michelle C. Badorine |
| Plaintiff State of New Hampshire | Mary F. Stewart |
| Plaintiff State of New Jersey | *Deepta Janardhan<br>Jeffrey Koziar |
| Plaintiff Raúl Torrez, New Mexico Attorney General | Julie Ann Meade |
| Plaintiff Office of the Attorney General of the State of New York | Glenna Goldis |
| Plaintiff State of North Dakota | Elin S. Alm<br>*Christopher Glenn Lindblad |
| Plaintiff State of Oklahoma ex rel. Attorney General Gentner Drummond | *Caleb J. Smith |
| Plaintiff State of Oregon | *Jordan M. Roberts |

| Party Name | Party Counsel |
|---|---|
| Plaintiff Commonwealth of Pennsylvania by Attorney General Michelle A. Henry | Mark W Wolfe |
| Plaintiff State of Rhode Island, by Attorney General Peter Neronha | Stephen N. Provazza |
| Plaintiff State of South Carolina | *Kristin Simons<br>*Danielle Robertson |
| Plaintiff State of Tennessee | Austin C. Ostiguy<br>Tyler T. Corcoran |
| Plaintiff State of Texas | *David Shatto |
| Plaintiff Utah Division of Consumer Protection | *Kevin McLean |
| Plaintiff State of Vermont | Jill Abrams *(Pro Hac Vice motion forthcoming)* |
| Plaintiff Commonwealth of Virginia, ex rel. Jason S. Miyares, Attorney General | *Geoffrey L. Ward |
| Plaintiff State of Washington | *Alexandra Kory<br>Mina Shahin |
| Plaintiff State of West Virginia ex rel. Patrick Morrisey, Attorney General | *Ashley T. Wentz |
| Plaintiff State of Wisconsin | *Gregory A. Myszkowski |
| Plaintiff State of Wyoming | Benjamin M. Peterson |
| Defendants Michael D. Lansky, L.L.C., dba Avid Telecom, Michael D. Lansky and Stacey Reeves | *Neil S. Ende |

| Party Name | Party Counsel |
|---|---|
| Defendants Michael D. Lansky, L.L.C., dba Avid Telecom, Michael D. Lansky and Stacey Reeves | *Greg Taylor *(Pro Hac Vice motion forthcoming)* |

1.     **Nature of the Case and Bases of Claims and Defenses**

Plaintiffs filed this action against Michael D. Lansky, L.L.C., dba Avid Telecom (Defendant Avid Telecom), Michael D. Lansky, individually and as Chief Executive Officer (Defendant Lansky),[1] and Stacey Reeves, individually and as Vice President of Operations and Sales, (collectively "Defendants") pursuant to the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. § 6101 *et seq.*; the Telemarketing Sales Rule ("TSR"), 16 C.F.R. § 310 *et seq.*; the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.;* the Truth in Caller ID Act ("TCIA"), 47 U.S.C. § 227(e); and certain state laws that protect consumers against unfair and deceptive trade practices, including unfair, deceptive, abusive and illegal telemarketing practices.

The Plaintiffs' Complaint alleges that Defendants Avid Telecom, Lansky and Reeves are in the business of providing Voice over Internet Protocol ("VoIP") services, facilitating or initiating robocalls, and/or helping others make robocalls.[2] As a VoIP

---

[1] The Alter Ego claims against Defendant Lansky were dismissed by Order of Court [Dkt. 72] issued on July 8, 2024.

[2] In addition to the generic description of its disputes below, Defendant Avid Telecom specifically objects to and disputes the allegation that the company facilitates, initiates or helps others make robocalls. Defendants Lansky and Reeves object to and dispute that, on an individual basis, they are in any business, including the business of providing VoIP services, facilitating or initiating robocalls, and/or helping others make robocalls. Defendant Reeves also individually objects to and disputes this allegation because her role was solely that of an independent contractor with no ownership or control over Avid Telecom's business or operations and thus, in her individual capacity, she is not a provider of VoIP services.

provider, Avid Telecom uses broadband internet technology to route its customers' calls into, and throughout the U.S. telecommunications network.[3] According to Avid Telecom's filings with the Federal Communications Commission ("FCC"), Defendants provide VoIP services in all U.S. states and territories.[4]  As a result of the following activities, Plaintiffs seek relief in the form of temporary and permanent injunctions, damages, restitution and other compensation on behalf of residents of the States bringing this action, civil penalties, attorney's fees and costs, relief under the individual state claims, and such other legal or equitable relief as the Court deems just and proper, including a forfeiture of the right for Defendants to conduct business.

Defendants believe that the allegations in the complaint are not sustainable as a matter of fact or law and that certain of the "evidence" presented may have been obtained through Improper and/or illegal means.  Defendants reserve all rights to pursue relief on these bases.

---

[3] In addition to the generic description of its disputes below, Defendant Avid Telecom specifically objects to and disputes Avid Telecom objects to and disputes the allegation that it uses broadband internet technology to route its customers' calls into, and throughout the U.S. telecommunications network. Defendant Reeves also individually objects to and disputes this allegation because her role was solely that of an independent contractor with no ownership or control over Avid Telecom's business or operations and thus, in her individual capacity, she does not and is not responsible for any use of broadband internet technology to route its customers' calls into, and throughout the U.S. telecommunications network.

[4] In addition to the generic description of its disputes below, Defendant Avid Telecom specifically objects to and disputes the allegation that its filings with the Federal Communications Commission ("FCC"), are properly read to mean that Defendants provide VoIP services in all U.S. states and territories. Defendant Reeves also individually objects to and disputes this allegation because her role was solely that of an independent contractor with no ownership or control over Avid Telecom's business or operations and thus, in her individual capacity, she had no responsibility for any decision by Avid Telecom allegedly to provide throughout the U.S. telecommunications network.

1

<u>Count I</u>

2

<u>Violations of the Telemarketing Sales Rule, 16 C.F.R. §§310.3-310.4</u>

3    The TSR prohibits abusive and deceptive acts or practices by "sellers" or

4  "telemarketers" and prohibits persons from providing substantial assistance or support to

5  any seller or telemarketer when that person knows or consciously avoids knowing that the

6  seller or telemarketer is engaged in any act or practice that violates the TSR.  Defendants

7  deny that they are properly considered to be a "seller" or a "telemarketer" under the TSR.

8    Illegal robocalls that Defendants transmitted onto and across Avid Telecom's

9  network constitute telemarketing and were created and initiated by sellers and/or

10 telemarketers within the scope of the TSR.[5] Defendants violated the TSR by providing

11 substantial assistance or support to sellers and telemarketers that were violating the TSR

12 by providing services, including but not limited to retail or wholesale voice termination;

13 dialing software, including the use of a predictive dialer; helping customers with rotating

14 telephone numbers; telephone number assignment; providing leads for customers to call;

15 and providing expertise, whether formal or informal, directly or indirectly, to one or more

16 sellers and/or telemarketers engaged in telemarketing as defined by the TSR.[6]

17

18 [5] In addition to the generic description of its disputes below, Defendant Avid Telecom specifically objects to and disputes the allegation that they "transmitted" any calls onto and

19 across Avid Telecom's network.  Defendant Reeves also individually objects to and disputes this allegation because, in her limited role as an independent contractor with no

20 ownership or right of control, she has any legal responsibility for any calls transmitted by

21 Avid Telecom.

22 [6] In addition to the generic description of its disputes below, Defendant Avid Telecom specifically objects to and disputes that they provided substantial assistance or support to

23 sellers and telemarketers that were violating the TSR by providing services, including but

24 not limited to retail or wholesale voice termination; dialing software, including the use of a predictive dialer; helping customers with rotating telephone numbers; telephone number

25 assignment; providing leads for customers to call; and providing expertise, whether formal or informal, directly or indirectly, to one or more sellers and/or telemarketers engaged in

26 telemarketing as defined by the TSR.  Defendants further deny, as a matter of fact, that

27 they provided dialing software, including the use of a predictive dialer; helping customers

28

<u>Count II</u>

<u>Failure to Exercise Due Diligence/Know Your Customer in Violation of the TCPA,</u>

<u>47 U.S.C. § 227 and 47 C.F.R. § 64.1200(n)(3)</u>

To target and eliminate unlawful robocalls, the FCC requires all originating voice service providers ("VSPs")[7] to know their customers and exercise due diligence in ensuring that their services are not used to originate illegal traffic and further recommends that VSPs exercise caution in granting access to high-volume origination services to ensure that bad actors do not abuse such services.[8] Pursuant to the TCPA, the FCC has authorized and encouraged VSPs to block calls in certain circumstances.[9] VSPs may block calls so that

---

with rotating telephone numbers; telephone number assignment; providing leads for customers to call; and providing expertise, whether formal or informal, directly or indirectly, to one or more sellers and/or telemarketers engaged in telemarketing as defined by the TSR. Defendant Reeves also individually objects to and disputes this allegation because, in her limited role as an independent contractor with no ownership or right of control, she has any legal responsibility for any of the alleged acts.

[7] An "originating" VSP is the first VSP in the call flow from the calling party's side of the call. In addition to the generic description of its disputes below, Defendant Avid Telecom specifically objects to and disputes this definition as materially incorrect and misleading to the extent that it is meant to suggest that Avid Telecom is the originator of the call or that it has any relationship with the underlying customer.

[8] In addition to the generic description of its disputes below, Defendant Avid Telecom specifically objects to and disputes this allegation to the extent that the Know Your Customer rules are being retroactively, prior to the effective date of the FCC rule. Defendant Reeves also individually objects to and disputes this allegation because, in her limited role as an independent contractor with no ownership or right of control, she has any legal responsibility for Avid telecom's decisions regarding the application of the Know Your Customer Rules.

[9] In addition to the generic description of its disputes below, Defendant Avid Telecom specifically objects to and disputes this allegation to the extent that it suggests that Avid Telecom had the right to block all calls, including the right to block calls, prior to the effective date of the FCC rule allowing call blocking. Defendant Reeves also individually objects to and disputes this allegation because, in her limited role as an independent contractor with no ownership or right of control, she has any legal responsibility for Avid Telecom's decision whether to block calls.

1  they do not reach a called party when the calls originate from invalid numbers, unallocated

2  numbers, unused numbers and numbers associated with inbound-only services, that is, the

3  entity to whom the number is assigned does not use it for outbound calling.[10] The TCPA

4  also requires VSPs to take affirmative, effective measures to prevent new and renewing

5  customers from using their networks to originate illegal calls, including knowing their

6  customers and exercising due diligence in ensuring that their services are not used to

7  originate illegal traffic.[11]

8      Here, Defendants violated the TCPA by not choosing to regularly, if at all, block

9  calls made from telephone numbers that the FCC gave permission to block.[12] Defendants

10  also failed to take affirmative, effective measures to prevent new and renewing customers

11  from using their network to originate illegal calls, including knowing their customers and

12  exercising due diligence in ensuring that their services are not used to originate illegal

13  traffic.[13]

14  _____

15      [10] *See* previous footnote.

16      [11] In addition to the generic description of its disputes below, Defendant Avid Telecom
    specifically objects to and disputes the allegation that the TCPA contains any language that

17  prevents "new and renewing customers from using their networks to originate illegal calls".
    Defendant Reeves also individually objects to and disputes this allegation because, in her

18  limited role as an independent contractor with no ownership or right of control, she has any
    legal responsibility for Avid Telecom's decisions regarding the application of the TCPA

19  and Know Your Customer Rules.

20      [12] In addition to the generic description of its disputes below, Defendant Avid Telecom
    specifically objects to, and disputes Defendants deny that Avid Telecom chose not to

21  "regularly, if at all" block calls made from telephone numbers that the FCC gave

22  permission to block.  Among other things, as the Plaintiffs are aware, Avid Telecom
    blocked in excess of 2.3 calls in 2023 alone.  Defendant Reeves also individually objects

23  to and disputes this allegation because, in her limited role as an independent contractor

24  with no ownership or right of control, she has any legal responsibility for Avid Telecom's

25  decisions call blocking.

26      [13] In addition to the generic description of its disputes below, Defendant Avid Telecom
    specifically objects to and disputes that they failed to take affirmative, effective measures

27  to prevent new and renewing customers from using their network to originate illegal calls,

28

## Count III

## Robocalls to Cellular and Residential Telephone Lines in Violation of the TCPA, 47 U.S.C. §§ 227(b)(1)(A)(iii) and (b)(1)(B)

Congress enacted the TCPA because it determined that unwanted prerecorded voice messages were a greater nuisance and invasion of privacy than live calls and that unwanted calls delivered to cellular phones could be costly. The TCPA thus prohibits any person from making calls using an automatic telephone dialing system or an artificial or prerecorded voice to any cellular telephone with a U.S.-based telephone number, with exceptions for emergency calls or those made with the prior express consent of the called party. The TCPA also prohibits any person from initiating any telephone call to any residential telephone line with a U.S. number using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless it is an emergency call or subject to other exemptions.[14]

In this matter, Defendants violated the TCPA by engaging in a pattern or practice of initiating telephone calls to residential and cellular telephone lines using artificial or

---

including knowing their customers and exercising due diligence in ensuring that their services are not used to originate illegal traffic. Defendant Avid Telecom operated under a fully compliant Know Your Customer plan on file with the Federal Communications commission and it acted aggressively, including rejecting large numbers of customer prospects and terminating other customers who delivered suspicious traffic, to ensure that its services were only used for lawful purposes. Defendant Reeves also individually objects to and disputes this allegation because, in her limited role as an independent contractor with no ownership or right of control, she has any legal responsibility for Avid Telecom's decisions regarding the prevention of new and renewing customers from using their network to originate illegal calls.

[14] In addition to the generic description of its disputes below, Defendant Avid Telecom specifically objects to and disputes the allegation that they made, initiated or caused the initiation any telephone call in violation of the TCPA. Defendant Reeves also individually objects to and disputes this allegation because, in her limited role as an independent contractor with no ownership or right of control, she has any legal responsibility for Avid Telecom's decisions regarding the application of the TCPA.

prerecorded voices to deliver messages without the prior express consent of the called parties. The Defendants also wrongfully engaged in a pattern or practice of initiating or causing the initiation of telephone calls that included or introduced advertisements or constituted telemarketing to cellular telephone lines using artificial or prerecorded voices to deliver messages without the prior express written consent of the called parties. Defendants' wrongful conduct harmed consumers in each of the Plaintiffs' jurisdictions. The calls would not have connected but for Defendants' decision to allow them to transit their network despite having knowledge that many of the calls were delivering prerecorded or artificially voiced messages. Defendants knew or consciously avoided knowing that many of the calls violated the TCPA.[15]

Count IV

Calls to Telephone Numbers on the National Do Not Call ("DNC") Registry in Violation of the TCPA, 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2)

The TCPA recognized that there is a need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. In order to meet this directive, a single national database of telephone numbers was compiled of residential subscribers who objected to receiving telephone solicitations. Under the TCPA, all persons or entities are prohibited from initiating any telephone

---

[15] In addition to the generic description of its disputes below, Defendant Avid Telecom specifically objects to and disputes the allegation that they allowed any third party to transit their network despite having knowledge that many of the calls were delivering prerecorded or artificially voiced messages. Defendants also object to and dispute this allegation to the extent that it implies that every call containing a pre-recorded message is illegal. Thus, to the extent that the complaint does not even attempt to identify which of the referenced calls were subject to the recipient's prior consent, the complaint does not establish that Avid Telecom ever transited illegal robocalls and it certainly does not establish that Defendants "knew or consciously avoided knowing" that any of the calls violated the TCPA. Defendant Reeves also individually objects to and disputes this allegation because, in her limited role as an independent contractor with no ownership or right of control, she has any legal responsibility for Avid Telecom's decisions regarding the application of the TCPA.

1   solicitation to a residential telephone subscriber who has registered their telephone number

2   on the National DNC Registry, which registrations must be honored indefinitely, or until

3   the registration is cancelled by the subscriber.

4       Defendants violated the TCPA by engaging in a pattern or practice of initiating

5   telephone solicitations to residential subscribers in the Plaintiffs' jurisdictions who have

6   registered their telephone numbers on the National DNC Registry. Defendants knew or

7   consciously avoided knowing that it transmitted calls to residential subscribers on the

8   National DNC Registry.[16]

9   <u>Count V</u>

10  <u>Violations of the Truth in Caller ID Act, 47 U.S.C. § 227(e)</u>

11      Section (e) of 47 U.S.C. § 227 known as the Truth in Caller ID Act prohibits any

12  person with the intent to defraud, cause harm or otherwise obtain anything of value from

13  knowingly causing, directly or indirectly, any caller identification service to transmit

14  misleading or inaccurate caller identification information in connection with any voice or

15  text messaging service.

16      Defendants violated the Truth in Caller ID Act by knowingly causing the caller

17  identification services of the recipients of their call traffic with spoofed[17] phone numbers

18  ─────────────────────

19  [16] In addition to the generic description of its disputes below, Defendant Avid Telecom specifically objects to and disputes the allegation that they initiated an telephone calls, let alone that they initiated telephone solicitations to residential subscribers in the Plaintiffs' jurisdictions who have registered their telephone numbers on the National DNC Registry or that they knew or consciously avoided knowing that they transmitted calls to residential subscribers on the National DNC Registry.  In addition, Avid Telecom will establish that many of the telephone numbers on the DNC Registry—which is limited to residential numbers—are actually owned or controlled by business entities who work with the Industry Traceback Group.  Calls to those numbers do not violate DNC regulations. Defendant Reeves also individually objects to and disputes this allegation because, in her limited role as an independent contractor with no ownership or right of control, she has any legal responsibility for Avid Telecom's decisions regarding the compliance with the requirements of the DNC Registry.

27  [17] The practice of "spoofing" is used deceptively by scammers to manipulate the caller

28

to transmit misleading or inaccurate caller identification information.[18]  Defendants knew or consciously avoided knowing that they accepted and profited from illegal robocalls with misleading or inaccurate spoofed phone numbers, which sought to defraud, cause harm, or wrongfully obtain things of value from the call recipients.[19]

<u>Counts VI – XXIII</u>

<u>State Claims alleging unfair and deceptive trade practices, including unfair, deceptive, abusive and illegal telemarketing practices.</u>

*See* Exhibit A:  Plaintiffs' List of Counts and Elements of Proof.

2.    **Elements of Proof**

*See* Exhibit A:  Plaintiffs' List of Counts and Elements of Proof.

*See* Exhibit B:  Defendants' Elements of Proof for Affirmative Defenses.

3.    **Facts and Legal Issues in Dispute**

As a threshold matter, Plaintiffs note that their best reading of Defendants' Answer to the Complaint indicates two types of "disputes." The first type concerns claims that the Defendants are not able to admit or deny certain averments because certain terms or phrases have not been defined with enough specificity.

The second type consists of genuine disputes as to fact and/or law. The parties are of the position that all averments of fact and law, unless admitted to in the Answer, remain in dispute. Although the parties are not in complete agreement regarding relevance and

---

identification system so that it appears that their calls are from legitimate phone numbers.

[18] In addition to the generic description of its disputes below, Defendants objects to and disputes the allegation that they knowingly caused or consciously avoided knowing the caller identification services of the recipients of their call traffic with spoofed phone numbers to transmit misleading or inaccurate caller identification information. Defendant Reeves also individually objects to and disputes this allegation because, in her limited role as an independent contractor with no ownership or right of control, she has any legal responsibility for Avid Telecom's decisions regarding the application of the FCC's spoofing rules.

[19] *See* footnote 18.

materiality on all matters, these disputes have been set forth in general terms below.  Where necessary, Plaintiffs' and Defendants' respective positions have been set out separately. To this point, the parties have been unable to narrow the following disputes by stipulation or motion.

Defendants object to and dispute Plaintiffs' characterization of Defendants' disputes.  The language of the Answer, as supplemented herein, speaks for itself.

<u>Disputes of Fact and/or Law</u>

A.    The nature of the trade or commerce in which Defendants engaged, including:

        i.    The products and/or services which Defendants provided and/or advertised to their customers and the extent to which Defendants were involved or provided assistance to their customers in the use of such products and/or services; and

        ii.    Whether Defendants engaged in trade or commerce in each Plaintiff's respective jurisdictions at all relevant times.

B.    Disputes concerning the individual liability of Defendants Lansky and/or Reeves, including:

        i.    The scope of Defendant Lansky's authority over and participation in the acts or practices of Avid Telecom alleged in the Complaint.

        ii.    The scope of Defendant Reeves' authority over and participation in the acts or practices of Avid Telecom alleged in the Complaint.

        iii.    The existence and scope of Defendant Reeves' authority over the acts or practices of Avid Telecom alleged in the Complaint.

        iv.    Whether Defendant Reeves was an employee or independent contractor of Defendant Avid Telecom.

v.     Whether Defendant Reeves was an agent of Defendant Avid Telecom.[20]

vi.     Whether an independent contractor can be held liable for the acts of the principal party.

vii.     Whether an independent contractor can be held liable under the TCPA for the acts of the principal party.

C.     Whether the Defendants knew or were consciously avoiding knowing that they were providing substantial assistance or support to sellers or telemarketers that were engaged in telemarketing while Defendants knew or were consciously avoiding knowing that the seller or telemarketer was engaged in acts or practices that violated TSR sections 310.3(a), (c) or (d), or 310.4.

D.     Whether the Defendants complied with their obligation under 47 C.F.R. § 64.1200(n)(3) to take affirmative, effective measures to prevent new and renewing customers from using the network to originate illegal calls, including knowing its customers and exercising due diligence in ensuring that its services are not used to originate illegal traffic.

E.     Whether the Federal Communications Commission has determined that Avid Telecom ever transited illegal calls.[21]

F.     Whether the Federal Communications Commission delegated the authority to determine a call's legality to the Industry Traceback Group.[22]

---

[20] Defendants dispute that the issue of Ms. Reeves status as an "agent" of Avid Telecom—as opposed to an employee or independent contractor—is before the Court as it was not pled as such by Plaintiffs in the complaint.

[21] Plaintiffs did not object to the inclusion of this dispute but do not believe that an FCC determination that Avid Telecom ever transited illegal calls is necessary to the ultimate determination of liability in this action.

[22] Plaintiffs did not object to the inclusion of this dispute but do not believe that whether or not the FCC delegated authority to the Industry Traceback Group to determine a call's

G.    Whether the issuance of a traceback by the Industry Traceback Group constitutes evidence that the subject call is illegal.

H.    Whether the content of the traceback notices and related communications sent by the Industry Traceback Group constitute sufficient evidence to provide knowledge of the transmission of illegal robocalls.[23]

I.    Whether complaints, notices, and related communications about call traffic from sources other than the Industry Traceback Group constitute sufficient evidence to provide knowledge of the transmission of illegal robocalls.[24]

J.    Whether the FCC lawfully delegated authority to the Industry Traceback Group—which is comprised of companies that compete directly with Avid Telecom—as the neutral third party.  If not, whether the Industry Traceback Group's issuance of tracebacks to Avid Telecom and other actions are invalid or unlawful.[25]

---

legality is necessary to the ultimate determination of liability in this action.

[23] It is Defendants' position that the issuance of a traceback is nothing more than a request to determine the end-to-end call path, and it is not a finding that a call was illegal. Thus, Defendants do not believe that the content of traceback notices and related communications sent by the Industry Traceback Group constitute sufficient evidence to provide knowledge of the transmission of illegal robocalls.

[24] It is Defendants' position that all such complaints, notices, and related communications came after the call was transited—thus making it impossible for Defendants to know or prevent that call in real time.  Thus, Defendants do not believe that complaints, notices, and related communications about call traffic from sources other than the Industry Traceback Group constitute sufficient evidence to provide knowledge of the transmission of illegal robocalls.

[25] Plaintiffs did not object to the inclusion of this dispute but because Plaintiffs' Complaint does not solely rely on tracebacks from the Industry Traceback Group to establish Defendants' violative conduct, Plaintiffs do not believe this dispute to be determinative of liability in this action.

K.      Whether the Industry Traceback Group issued tracebacks in a lawful and non-discriminatory manner.[26]

L.      Whether the TCPA sets forth a standard for the number of tracebacks that are sufficient to put a carrier on notice that it is transiting illegal robocalls and, if so, the precise number of tracebacks required to establish that knowledge.[27]

M.      Whether the TCPA sets forth a percentage of a carrier's total calls that that are associated with a traceback that is sufficient to put a carrier on notice that it is transiting illegal calls and, if so, the precise percentage of calls required to establish that knowledge.[28]

N.      Whether the FCC has implemented a regulation(s) that set(s) forth a standard for the number of tracebacks that are sufficient to put a carrier on notice that it is transiting illegal robocalls and, if so, the precise number of tracebacks required to establish that knowledge.[29]

O.      Whether the FCC has implemented a regulation that sets forth a percentage of a carrier's total calls that that are associated with a traceback that is

---

[26] Plaintiffs did not object to the inclusion of this dispute but because Plaintiffs' Complaint does not solely rely on tracebacks from the Industry Traceback Group to establish Defendants' violative conduct, Plaintiffs do not believe this dispute to be determinative of liability in this action.

[27] Plaintiffs do not dispute that the TCPA does not set forth a precise number of tracebacks required to establish knowledge that a provider is transiting illegal robocalls but Plaintiffs do not believe Defendants' characterization of this dispute to be determinative of liability in this action.

[28] Plaintiffs do not dispute that the TCPA does not set forth a specific percentage of calls associated with tracebacks that would be sufficient to establish knowledge that a provider is transiting illegal robocalls. but Plaintiffs do not believe Defendants' characterization of this dispute to be determinative of liability in this action.

[29] Plaintiffs do not dispute that the FCC Regs do not set forth a precise number of tracebacks required to establish knowledge that a provider is transiting illegal robocalls but Plaintiffs do not believe Defendants' characterization of this dispute to be determinative of liability in this action.

17

sufficient to put a carrier on notice that it is transiting illegal calls and, if so, the precise percentage of calls required to establish that knowledge.[30]

P.    Whether Avid Telecom provided transmission facilities for the carriage of interstate traffic.

Q.    Whether Avid Telecom's transmission facilities carried illegal traffic.

R.    Whether Avid Telecom initiated any of the calls alleged to be illegal.

S.    Whether any evidence presented by the Plaintiffs was obtained through illegal means, including but not limited to:

      i.     illegal recording of voice calls without proper consent;

      ii.    improper association of business telephone numbers with the Do Not Call list;

      iii.   improper or illegal scraping of consumer voice mail data; and/or

      iv.    issuance of subpoenas prior to or following the filing of the complaint without notice to Defendants.

T.    Whether evidence referenced in the Complaint was obtained through means that were or are illegal or improper in one or more states that would necessitate the preclusion of any use of that evidence.

U.    Whether one or more of the Plaintiffs who participated in the filing of the Complaint against Defendants knew or should have known that evidence referenced in that Complaint may have been gathered illegally and/or in violation of the Federal Rules of Civil Procedure.

V.    Whether evidence that was obtained through illegal means is admissible.

---

[30] Plaintiffs do not dispute that the FCC Regs do not set forth a specific percentage of calls traced back that would be sufficient to establish knowledge that a provider is transiting illegal robocalls. but Plaintiffs do not believe Defendants' characterization of this dispute to be determinative of liability in this action.

18

W.    Whether any rules, regulations and/or laws governing the transmission of calls are being applied in a retroactive, *ex post facto*, manner.

X.    Whether Defendants had knowledge of the illegal use of their transmission facilities and failed to take steps to prevent that illegal use within the scope of *In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 7 F.C.C. Rcd. 8752, ¶54 (1992).

Y.    Whether the Tel. Consumer Prot. Act of 1991, 7 F.C.C. Rcd. 8752, ¶54 (1992), applies to the conduct of Defendant Lansky in his individual capacity.

Z.    Whether the Tel. Consumer Prot. Act of 1991, 7 F.C.C. Rcd. 8752, ¶54 (1992), applies to the conduct of Defendant Reeves in her individual capacity.

AA.    Whether Defendants were sufficiently involved in making or initiating illegal calls within the scope of *Rules & Regs. Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Red. 7961, 7890 (2015).

BB.    Whether the Attorneys General of the Plaintiffs have the authority to participate in the Complaint under applicable state and federal laws and/or regulations.

CC.    Whether Defendant Lansky is individually liable for the conduct alleged in the Complaint.

DD.    Whether Defendant Reeves is individually liable for the conduct alleged in the Complaint.

EE.    Whether each of the statutory and/or regulatory provisions, both Federal and State, as set forth in Counts I through XXIII in the Complaint are applicable to each Defendant.

FF.    Whether Avid Telecom has telecommunications facilities in any Plaintiff state.[31]

---

[31] Plaintiffs did not object to the inclusion of this dispute but do not believe that a physical location of telecommunications facilities in any Plaintiff State is necessary to the

GG.     Whether any call has been terminated by Avid Telecom in any Plaintiff state.[32]

HH.     Whether, pursuant to the Defendants' alleged legal violations, Plaintiffs are entitled to the relief set forth in the Prayer for Relief in the Complaint.

II.     Whether there is the absence of any factual or legal basis for the allegation(s) in the Complaint and relief sought in the Complaint's Prayer for Relief to warrant the reimbursement of Defendants' attorneys' fees and costs and/or other relief.

4.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1337(a), 1355, and has pendent jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. The Arizona District Court is the appropriate venue.

5.     All parties have been served and have filed an answer.

6.     All named parties are subject to the Court's jurisdiction.

7.     Plaintiffs and Defendants anticipate bringing one or more motions on issues that may be resolved in whole or in part pre-trial. The parties intend to bring summary judgment motions on claims which can be disposed of prior to trial.

8.     The parties do not consent to assignment of the case to a Magistrate Judge. Further, the case is not suitable for reference to arbitration or to a special master.

9.     There are no pending related cases in this Court that allege any claims similar to this matter.  However, on December 14, 2022, Defendants Lansky and Avid Telecom filed a complaint in this Court against a third-party alleging claims that included defamation as to Defendant Avid Telecom and false light invasion of privacy as to

---

ultimate determination of liability in this action.

[32] Plaintiffs did not object to the inclusion of this dispute but because Plaintiffs' Complaint does not allege that Defendant Avid Telecom acted as the terminating provider (i.e., the call recipient's telecom provider) for any of the alleged violative calls, Plaintiffs do not believe this dispute to be determinative of liability in this action.

Defendant Lansky. *See Avid Telecom LLC, et al. v. Frankel, et al.*, No. 4:22-cv-00558 (D. Ariz. 2022).

<u>Plaintiffs' Position</u>: Defendants Lansky and Avid Telecom—both plaintiffs in that proceeding—requested that the matter be voluntarily dismissed. On January 12, 2024, the Clerk entered an order dismissing the matter with prejudice. Plaintiffs bring this closed matter to the Court's attention as certain pleadings, evidence or fact witnesses may be relevant in this action.

<u>Defendants' Position</u>: Due to the crippling economic effects of the public filing of the instant Complaint, which has forced Avid Telecom out of business, Defendants Lansky and Avid Telecom—both plaintiffs in that proceeding—lacked the financial resources to pursue that litigation and, thus, requested that the matter be voluntarily dismissed, which was effectuated on January 12, 2024. By that point, Lansky and Avid Telecom successfully defeated two separate motions to dismiss, and the case was proceeding to trial. Defendants bring this closed matter to the Court's attention because certain pleadings, evidence or fact witnesses from that litigation may be relevant to this action – specifically, evidence and facts regarding the illegal procurement of certain "evidence" used by the Plaintiffs in this case.

10.    The parties will exchange their initial Fed. R. Civ. P. 26(a)(1) disclosures and file the Notice of Initial Disclosure by September 13, 2024.

11.    The parties discussed changes to the limitations on discovery imposed by Fed. R. Civ. P. 26(b)(2) and were not able to reach an agreement. Plaintiffs suggest the changes as set out in Item 12 below.

12.    **Scope of Discovery**

Any discovery requests must be proportional to the needs of the case as required by Fed. R. Civ. P. 26(b)(1). The parties agree to cooperate in good faith during discovery, in the exchange of reports, and the scheduling of necessary depositions.

1  The parties agree that discovery and court filings will be served on any other party
2  via electronic mail to counsel. Except for materials, documents, and information as to
3  which electronic transmission is impracticable, the parties may respond to any discovery
4  request via electronic mail to counsel.

5  The parties do not believe formal phasing of discovery is required in this case and
6  will work together cooperatively to focus discovery on the key issues identified in the
7  Complaint and Answer.

8  <u>Plaintiffs' Position:</u> Discovery topics shall include seeking party, non-party, and
9  expert discovery on all subjects alleged in the Complaint, as well as any defenses and
10  counterclaims.  Although the Complaint involves many Plaintiffs, the relevant evidence to
11  prove the federal claims, Counts I through V, will be largely the same evidence from the
12  same sources for all Plaintiffs. This same evidence to prove the federal claims will similarly
13  be largely relied upon to establish the elements of most state claims alleged.  Additionally,
14  the investigative, pre-litigation work and resources in this matter was conducted by a small
15  group of the Plaintiff States for the benefit of all Plaintiffs.  Moreover, the evidence that
16  has been analyzed to date, and that will be requested and analyzed during discovery, to
17  establish liability and harm to Plaintiffs will be conducted by a limited number of shared
18  expert witnesses who will conduct analyses of the same set of data and evidence to
19  determine violations for all Plaintiffs.

20  <u>Defendants' Position:</u> Discovery topics shall include seeking party, non-party, and
21  expert discovery on all subjects alleged in the Complaint, as well as any defenses and
22  counterclaims.  As all Plaintiffs are party to the federal law claims, Defendant shall have
23  the right to propound discovery on all Plaintiffs, not just those in lead group or those
24  Plaintiffs which offered specific state law claims.  Notwithstanding any common or similar
25  claims made by the Plaintiffs, any limits on the scope of discovery (*e.g.,* the number of
26  interrogatories or document requests) shall be applied on a party-by-party basis such that
27  Defendants shall each be entitled to propound separate discovery to the permitted limit on
28  each Plaintiff.

*Limitations on Discovery*: The parties discussed modifications to the limitations on discovery set forth in the Federal Rules of Civil Procedure and were unable to reach an agreement.

Plaintiffs' Position:  Due to the fact that the relevant evidence to prove Plaintiffs federal claims and many state claims is largely the same, the Plaintiff's propose the following modifications:

Interrogatories limitations are modified to 50 per side.

Requests for admission are modified to 50 per side.

The parties may seek additional discovery limitations or extensions through later stipulation of the parties or motion to the Court as necessary.

*Depositions*:  The parties discussed but could not reach an agreement as to the limitation on the number of depositions.

The Plaintiffs propose the following modifications: 50 depositions per side.

The parties agree that depositions are not to extend beyond seven (7) hours in one day, unless by agreement of the parties.

Defendants' Position:  The issue of proportionality must be considered in light of the specific circumstances of his case. Defendants are two individuals and a sole proprietorship, representing only two-party fact witnesses. Defendants are required to rebut allegations brought by forty-nine (49) Attorneys General, and specific allegations and claims by eleven (11) States.  Each of those States will presumably have one or more witness(es) to support their factual allegations. The Complaint also reference(s) dozens of other persons and organizations with alleged knowledge, from whom Plaintiffs have apparently gathered facts and documents. These include various Attorneys General, numerous persons who worked (both directly and indirectly) for the (USTelecom) Industry Traceback Group, and numerous persons who work for the various other carriers that are referenced in the Complaint and/or in the related litigation styled *Avid Telecom LLC, et al. v. Frankel, et al.*, No. 4:22-cv-00558 (D. Ariz. 2022). On information and belief, Plaintiffs also received data from other third parties, some of which have not been disclosed.

Fairness dictates that, due to the number of Plaintiffs and the number of persons from whom the Plaintiffs have obtained "evidence," Defendants will likely need to take many more depositions than Plaintiffs just to obtain the information that the Plaintiffs already have, and that is necessary to understand the existence or absence of any factual basis for the Plaintiffs' claims. The same is true for other categories of discovery (*e.g.,* interrogatories and document requests).

The Plaintiffs elected to make this a nationwide lawsuit, brought by forty-nine (49) Attorneys General. They did so to maximize the public scale of the Complaint, its crushing economic impact, and the difficulty to Defendants in mounting a comprehensive defense. In this context, "proportionality" requires that the number of depositions be calculated "per party" and not "per side." Limiting the three humble Defendants to the number of depositions sought by the forty-nine Plaintiffs would be fundamentally unfair and materially prejudicial.

> Interrogatories limitations are modified to 50 *per party*.
>
> Requests for admission are modified to 50 *per party*.
>
> Document Requests:  No present limit.  Any limit calculated on a per party basis.

The parties may seek additional discovery limitations or extensions through later stipulation of the parties or motion to the Court as necessary.

> *Depositions*:  The parties discussed but could not reach an agreement as to the limitation on the number of depositions.
>
> Plaintiff proposal for fifty (50) depositions per side would mean that Defendants would only get one deposition per Plaintiff, while Plaintiffs would get more than sixteen depositions per Defendant.  That imbalance is facially unfair.  It is also prejudicial, as Defendants plainly need to take multiple depositions of at least the eleven State Plaintiffs asserting specific claims. To address this imbalance and to ensure that Defendants are treated fairly and have the opportunity for full and complete discovery, the

Defendants propose the following modifications:

> _Plaintiffs_:   A total of thirty (30) depositions (_i.e.,_ one for each Defendant, plus 27 more).

> _Defendants_:   A total of seventy-five (75) depositions (_i.e.,_ one for each Plaintiff, plus 25 more).

The parties agree that depositions are not to extend beyond seven (7) hours in any one day but may exceed one day either by agreement of the parties or order of the Court. Given the extraordinary scale of the "evidence" referenced in the Complaint that Plaintiffs have secured over years of investigation, Defendants expect they will require more than seven (7) hours in one day for many of their depositions.

13.   The parties intend to request the production of electronically stored information (ESI). The parties will identify the method and form of production for any electronically stored information in connection with their individual discovery requests as set forth in Fed. R. Civ. P. 33 and 34. The parties shall meet and confer regarding any specific ESI needs and disputes before seeking involvement of the Court and will submit an ESI plan to the Court's for review and approval on or before September 13, 2024.

14.   The parties shall submit a proposed protective order setting forth procedures governing assertions of privilege or other applicable protection from disclosure for the Court's review on or before September 13, 2024.  The parties agree to confer prior to bringing any attorney-client privilege, work product, or other discovery issues or disputes to the Court.

15.   The parties propose the following case schedule:

> a.   Initial disclosures required by Fed. R. Civ. P. 26(a)(l):  September 13, 2024.

> b.   Addition of parties or amending complaint by May 1, 2025;

> c.   Discovery Completed by January 21, 2026;

>> •   The parties believe that, due to the voluminous facts and the complexity of the legal issues in the case, including the significant

number of witnesses, more than 180 days will be needed for discovery.

    d.    Disclosure of initial expert testimony and rebuttal expert testimony pursuant to Fed. R. Civ. P. 26(a)(2):

- Disclosure of initial expert testimony: June 20, 2025
- Rebuttal Expert Testimony: 5 months later: November 20, 2025

    The parties agree rebuttal expert testimony to be completed 5 months after the disclosure of initial expert testimony for no more than 3 experts.  In the event that either party submits initial expert testimony beyond 3 experts, additional time for the filing of rebuttal expert reports will be negotiated in good faith by the parties.

    e.    Disclosure of witness list:  21 days prior to trial

    f.    Filing dispositive motions:   60 days after the close of discovery: March 23, 2026

    g.    Filing pre-trial statements:  30 days before trial

    h.    Filing of settlement status report:  21 days after the end of discovery: February 11, 2026

    16.    Plaintiffs and Defendants each anticipate requiring evidentiary hearings, such as a hearing to exclude unqualified expert or scientific evidence under the *Daubert* standard, to be held sometime after expert reports are exchanged.  Plaintiffs and Defendants may also request evidentiary hearings concerning the admissibility of consumer complaints as well as statements from other third parties under the residual exception of the hearsay rule pursuant to Fed. R. Evid. 807 and of summaries prepared pursuant to Fed. R. Evid. 1006.  Defendants also expect to request one or more evidentiary hearings regarding the admissibility of evidence.

17.    The parties anticipate being prepared for trial within 21 to 22 months of filing this Report.  The Plaintiffs anticipate needing 25 trial days. If the parties can agree to stipulate to the authenticity of records produced by record custodians, the Plaintiffs believe the estimated length of the trial can be shortened to 10 to 15 days.  Each party reserves the right to seek an extension of the trial date based on the progress of discovery, including the cooperation of third-party witnesses.

18.    The Plaintiffs have requested a jury trial.  Defendants object to a jury trial and request the case be heard by the judge alone.

19.    The parties engaged in settlement discussions after the Complaint was filed but were unable to reach an agreement. The parties have agreed to resume settlement discussions after the Case Management Conference. The parties do not feel it would be productive at this time to have a settlement conference with the Court but will keep the Court informed if the Court could help in the future.

20.    The parties believe the case presents unusual, difficult, or complex factors which warrant the highly technical subject matter of this case being placed on the complex track for case management purposes pursuant to LRCiv 16.

21.    Other than what was set out in Item 17 above, the parties do not have any suggestions for shortening or simplifying the case.

*The remainder of this page is intentionally left blank.*

1    RESPECTFULLY SUBMITTED this 15th day of August, 2024.

2

3    **FOR THE STATE OF ARIZONA:**          **FOR THE STATE OF NORTH**
                                            **CAROLINA:**
4
     KRISTIN K. MAYES                       JOSHUA H. STEIN
5    Attorney General for the State of Arizona    Attorney General for the State of North
                                            Carolina
6

7    /s/ Alyse Meislik                      /s/ Tracy Nayer
     ALYSE MEISLIK                          TRACY NAYER
8    DYLAN JONES                            ASA C. EDWARDS IV
9    Assistant Attorneys General           Special Deputy Attorneys General
     *Attorneys for the State of Arizona*   DANIELLE WILBURN ALLEN
10                                          Assistant Attorney General
11                                          *Attorneys for the State of North Carolina*

12   **FOR THE STATE OF INDIANA:**          **FOR THE STATE OF OHIO:**
13
14   TODD ROKITA                            DAVE YOST
     Attorney General for the State of Indiana    Attorney General for the State of Ohio
15
16   /s/ Douglas S. Swetnam                 /s/ Erin Leahy
17   DOUGLAS S. SWETNAM                     ERIN B. LEAHY
     Deputy Attorney General               Senior Assistant Attorney General
18   *Attorney for the State of Indiana*    *Attorney for the State of Ohio*
19

20                     ***Lead Counsel for Plaintiffs***

21

22

23

24

25

26

27

28

                                    28

1

**FOR DEFENDANTS MICHAEL D. LANSKY, L.L.C., DBA AVID TELECOM, MICHAEL D. LANSKY AND STACEY REEVES:**

2

3    /s/ Neil S. Ende
Neil S. Ende

4    Technology Law Group, LLC

5    5335 Wisconsin Avenue, NW, Suite 440
Washington, DC 20015

6    nende@tlgdc.com

7    Phone: (202) 895-1707
Fax:     (202) 478-5074

8

9    /s/ Greg Taylor

10    Greg Taylor

11    *(Pro Hac Vice pending)*
Technology Law Group, LLC

12    5335 Wisconsin Avenue, NW, Suite 440
Washington, DC 20015

13    gtaylor@tlgdc.com

14    Phone: (202) 895-1707
Fax:     (202) 478-5074

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LIST OF PLAINTIFFS' COUNSEL**

Alyse Meislik (AZ No. 024052)
Dylan Jones (AZ Bar No. 034185)
Assistant Attorneys General
Arizona Attorney General's Office
2005 North Central Avenue
Phoenix, AZ 85004
Phone: (602) 542-3725
Fax:    (602) 542-4377
consumer@azag.gov
alyse.meislik@azag.gov
*Attorneys for Plaintiff State of Arizona*

Douglas S. Swetnam (IN Bar No. 15860-49)
Deputy Attorney General
Office of the Indiana Attorney
General Todd Rokita
Indiana Govt. Center South, 5th Fl.
302 W. Washington St.
Indianapolis, IN 46204-2770
Phone: (317) 232-6294
Fax:    (317) 232-7979
douglas.swetnam@atg.in.gov
*Attorney for Plaintiff State of Indiana*

Tracy Nayer (NC Bar No. 36964)
Asa C. Edwards IV (NC Bar No. 46000)
Special Deputy Attorneys General
Danielle Wilburn Allen (NC Bar No. 58141)
Assistant Attorney General
North Carolina Department of Justice
Consumer Protection Division
P.O. Box 629
Raleigh, North Carolina 27602
Phone: (919) 716-6000
Fax:    (919) 716-6050
tnayer@ncdoj.gov
aedwards@ncdoj.gov
dwilburnallen@ncdoj.gov
*Attorneys for Plaintiff State of North Carolina*

Erin B. Leahy (OH Bar No. 0069509)
Senior Assistant Attorney General
Office of Attorney General Dave Yost
30 East Broad Street, 14th Fl.
Columbus, OH 43215
Phone: (614) 752-4730
Fax:    (866) 768-2648
Erin.Leahy@OhioAGO.gov
*Attorney for Plaintiff State of Ohio*

***Lead Counsel for Plaintiffs***

Lindsay D. Barton (AL Bar No. 1165-G00N)
Robert D. Tambling (AL Bar No. 6026-N67R)
Assistant Attorneys General
Office of the Alabama Attorney General
501 Washington Avenue
Montgomery, Alabama 36130
Phone: (334) 353-2609 (Barton)
          (334) 242-7445 (Tambling)
Fax:    (334) 353-8400
Lindsay.Barton@AlabamaAG.gov
Robert.Tambling@AlabamaAG.gov
*Attorneys for Plaintiff State of Alabama*

Amanda Wentz (AR Bar No. 2021066)
Assistant Attorney General
Office of Attorney General Tim Griffin
323 Center St., Ste. 200
Little Rock, AR 72201
Phone: (501) 682-1178
Fax:    (501) 682-8118
Amanda.wentz@arkansasag.gov
*Attorney for Plaintiff State of Arkansas*

Nicklas A. Akers (CA Bar No. 211222)
Senior Assistant Attorney General
Bernard A. Eskandari (CA Bar No. 244395)
Supervising Deputy Attorney General
Timothy D. Lundgren (CA Bar No. 254596)
Rosailda Perez (CA Bar No. 284646)
Michelle Burkart (CA Bar No. 234121)
Deputy Attorneys General
Office of the California Attorney General
300 S. Spring St., Suite 1702
Los Angeles, CA 90013
Phone: (415) 510-3364 (Akers)
          (213) 269-6348 (Eskandari)
          (213) 269-6355 (Lundgren)
          (213) 269-6612 (Perez)
          (213) 269-6357 (Burkart)
Fax:    (916) 731-2146
nicklas.akers@doj.ca.gov
bernard.eskandari@doj.ca.gov
timothy.lundgren@doj.ca.gov
rosailda.perez@doj.ca.gov
michelle.burkart@doj.ca.gov
*Attorneys for Plaintiff People of the State of California*

Michel Singer Nelson (CO Bar No. 19779)
Assistant Attorney General II
Bianca Feierstein (CO Bar No. 56653)
Assistant Attorney General
Colorado Office of the Attorney General
Ralph L. Carr Judicial Building
1300 Broadway, 10th Floor
Denver, CO 80203
Phone: (720) 508-6220 (Singer Nelson)
          (720) 508-6246 (Feierstein)
michel.singernelson@coag.gov
bianca.feierstein@coag.gov
*Attorneys for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

31

Brendan T. Flynn (Fed. Bar No. ct04545,
CT Bar No. 419935)
Assistant Attorney General
Office of the Connecticut Attorney
General William Tong
165 Capitol Avenue, Suite 4000
Hartford, CT 06106
Phone: (860) 808-5400
Fax:    (860) 808-5593
brendan.flynn@ct.gov
*Attorney for Plaintiff State of Connecticut*

Ryan Costa (DE Bar No. 5325)
Deputy Attorney General
Delaware Department of Justice
820 N. French Street, 5th Floor
Wilmington, DE 19801
Phone: (302) 683-8811
Fax:    (302) 577-6499
Ryan.costa@delaware.gov
*Attorney for Plaintiff State of Delaware*

Adam Teitelbaum (DC Bar No. 1015715)
Director, Office of Consumer Protection
Assistant Attorney General
D.C. Office of the Attorney General
Office of Consumer Protection
400 6th Street NW, 10th Floor
Washington, DC 20001
Phone: (202) 741-0764
Adam.Teitelbaum@dc.gov
*Attorney for Plaintiff District of Columbia*

Patrick Crotty (FL Bar No. 108541)
Senior Assistant Attorney General
Miles Vaughn (FL Bar No. 1032235)
Assistant Attorney General
Office of the Florida Attorney General
Consumer Protection Division
3507 E. Frontage Rd, Suite 325
Tampa, FL 33607
Phone: (813) 287-7950
Fax:    (813) 281-5515
patrick.crotty@myfloridalegal.com
miles.vaughn@myfloridalegal.com
*Attorneys for Plaintiff Ashley Moody,
Attorney General of the State of Florida*

David A. Zisook (GA Bar No. 310104)
Senior Assistant Attorney General
Office of the Attorney General of the State
of Georgia
2 Martin Luther King Jr. Drive, SE, Ste.
356
Atlanta, GA 30334
Phone: (404) 458-4294
Fax:    (404) 464-8212
dzisook@law.ga.gov
*Attorney for Plaintiff State of Georgia*

Christopher J.I. Leong (HI Bar No. 9662)
Deputy Attorney General
Hawaii Department of the Attorney
General
425 Queen Street
Honolulu, HI 96813
Phone: (808) 586-1180
Fax:    (808) 586-1205
christopher.ji.leong@hawaii.gov
*Attorney for Plaintiff State of Hawaii*

James J. Simeri (ID Bar No. 12332)
*(Pro Hac Vice motion forthcoming)*
Consumer Protection Division Chief
Idaho Attorney General's Office
P.O. Box 83720
Boise, ID 83720-0010
Phone: (208) 334-4114
james.simeri@ag.idaho.gov
*Attorney for Plaintiff State of Idaho*

Philip Heimlich (IL Bar No. 6286375)
Assistant Attorney General
Elizabeth Blackston (IL Bar No. 6228859)
Consumer Fraud Bureau Chief
Office of the Illinois Attorney General
500 S. Second Street
Springfield, IL 62791
Phone: (217) 782-4436
philip.heimlich@ilag.gov
elizabeth.blackston@ilag.gov
*Attorneys for Plaintiff People of the State
of Illinois*

Benjamin Bellus (IA Bar No. AT0000688)
William Pearson (IA Bar No. AT0012070)
Assistant Attorneys General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Phone: (515) 242-6536 (Bellus)
          (515) 242-6773 (Pearson)
Fax:     (515) 281-6771
Benjamin.Bellus@ag.iowa.gov
William.Pearson@ag.iowa.gov
*Attorneys for Plaintiff State of Iowa*

Nicholas C. Smith (KS Bar No. 29742)
Sarah M. Dietz (KS Bar No. 27457)
Assistant Attorneys General
Consumer Protection Section
Office of the Kansas Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, KS 66612
Phone: (785) 296-3751
Fax:     (785) 291-3699
Nicholas.Smith@ag.ks.gov
sarah.dietz@ag.ks.gov
*Attorneys for Plaintiff State of Kansas*

Jacob P. Ford (KY Bar No. 95546)
Assistant Attorney General
Office of the Attorney General,
Commonwealth of Kentucky
1024 Capital Center Drive, Ste. 200
Frankfort, KY 40601
Phone: (502) 871-2044
jacobp.ford@ky.gov
*Attorney for Plaintiff Commonwealth of
Kentucky*

ZaTabia N. Williams (LA Bar No. 36933)
Assistant Attorney General
Office of the Attorney General Liz Murrill
1885 North Third St.
Baton Rouge, LA 70802
Phone: (225) 326-6164
Fax:     (225) 326-6499
WilliamsZ@ag.louisiana.gov
*Attorney for Plaintiff State of Louisiana*

Brendan O'Neil (ME Bar No. 009900)
Assistant Attorney General
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333
Phone: (207) 626-8800
Fax:    (207) 624-7730
brendan.oneil@maine.gov
*Attorney for Plaintiff State of Maine*

Philip Ziperman (Fed. Bar No. 12430)
Deputy Counsel
Office of the Attorney General
200 St. Paul Place
Baltimore, MD 21202
Phone: (410) 576-6417
Fax:    (410) 576-6566
pziperman@oag.state.md.us
*Attorney for Plaintiff Maryland Office of the Attorney General*

Carol Guerrero (MA Bar No. 705419)
Assistant Attorney General
Massachusetts Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Phone: (617) 963-2783
Fax:    (617) 727-5765
Carol.Guerrero@mass.gov
*Attorney for Plaintiff Commonwealth of Massachusetts*

Kathy P. Fitzgerald (MI Bar No. P31454)
Michael S. Hill (MI Bar No. P73084)
Assistant Attorneys General
Michigan Department of Attorney General
Corporate Oversight Division
P.O. Box 30736
Lansing, MI 48909
Phone: (517) 335-7632
Fax:    (517) 335-6755
fitzgeraldk@michigan.gov
Hillm19@michigan.gov
*Attorneys for Plaintiff People of the State of Michigan*

Bennett Hartz (MN Bar No. 0393136)
Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1200
Saint Paul, MN 55404
Phone: (651) 757-1235
bennett.hartz@ag.state.mn.us
*Attorney for Plaintiff State of Minnesota, by its Attorney General, Keith Ellison*

James M. Rankin (MS Bar No. 102332)
Jessica D. Jasper (MS Bar No. 106305)
*(Pro Hac Vice motion forthcoming)*
Special Assistant Attorneys General
Mississippi Attorney General's Office
P.O. Box 220
Jackson, MS 39205
Phone: (601) 359-4258 (Rankin)
        (601) 359-3800 (Jasper)
james.rankin@ago.ms.gov
jessica.jasper@ago.ms.gov
*Attorneys for Plaintiff Lynn Fitch, Attorney General State of Mississippi*

1  Michael Schwalbert (MO Bar No. 63299)
   Assistant Attorney General
2  Office of the Missouri Attorney General
3  815 Olive Street, Suite 200
   St. Louis, MO 63101
4  Phone: (314) 340-6816
   Fax:    (314) 340-7891
5  michael.schwalbert@ago.mo.gov
6  *Attorney for Plaintiff State of Missouri, ex.*
   *rel. Andrew Bailey, Attorney General*
7

8  Anna Schneider (MT Bar No. 13963)
   Special Assistant Attorney General, Senior
9  Counsel
   Andrew Butler (MT Bar No. 53936812)
10 Assistant Attorney General
11 Montana Attorney General's Office
   Office of Consumer Protection
12 555 Fuller Avenue
13 Helena, MT 59601
14 Phone: (406) 444-4500
   Anna.schneider@mt.gov
15 Andrew.butler@mt.gov
16 *Attorneys for Plaintiff State of Montana*

17 Gary E. Brollier (NE Bar No. 19785)
18 Assistant Attorney General
   Office of the Attorney General Michael T.
19 Hilgers
20 2115 State Capitol Building
   Consumer Protection Division
21 Lincoln, NE 68509
   Phone: (402) 471-1279
22 Fax:    (402) 471-4725
23 gary.brollier@nebraska.gov
   *Attorney for Plaintiff State of Nebraska*
24

Michelle C. Badorine (NV Bar No. 13206)
Senior Deputy Attorney General
Office of the Nevada Attorney General
Bureau of Consumer Protection
100 North Carson Street
Carson City, NV 89701-4717
Phone: (775) 684-1164
Fax:    (775) 684-1299
MBadorine@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

Mary F. Stewart (NH Bar No. 10067)
Assistant Attorney General
New Hampshire Department of Justice
Office of the Attorney General
Consumer Protection and Antitrust Bureau
33 Capitol St.
Concord, NH 03301-6397
Phone: (603) 271-1139
Fax:    (603) 271-2110
Mary.F.Stewart@doj.nh.gov
*Attorney for Plaintiff State of New*
*Hampshire*

Deepta Janardhan (NJ Bar No.
309022020)
Jeffrey Koziar (NJ Bar No. 015131999)
Deputy Attorneys General
New Jersey Office of the Attorney General
Division of Law
124 Halsey Street
Newark, NJ 07101
Phone: (973) 648-7819
Fax:    (973) 648-4887
Deepta.Janardhan@law.njoag.gov
Jeff.koziar@law.njoag.gov
*Attorneys for Plaintiff State of New Jersey*

25

26

27

28

35

Julie Ann Meade (NM Bar No. 8143)
Assistant Attorney General
State of New Mexico Department of Justice
408 Galisteo St.
Santa Fe, New Mexico 87501
Phone: (505) 490-4058
Fax:     (505) 490-4883
jmeade@nmag.gov
*Attorney for Plaintiff Raúl Torrez, New Mexico Attorney General*

Glenna Goldis (NY Bar No. 4868600)
Assistant Attorney General
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (646) 856-3697
Glenna.goldis@ag.ny.gov
*Attorney for Plaintiff Office of the Attorney General of the State of New York*

Elin S. Alm (ND Bar No. 05924)
Christopher Glenn Lindblad (ND Bar No. 06480)
Assistant Attorneys General
Office of North Dakota Attorney General
Consumer Protection & Antitrust Division
1720 Burlington Drive, Suite C
Bismarck, ND 58504-7736
Phone: (701) 328-5570
Fax:     (701) 328-5568
ealm@nd.gov
clindblad@nd.gov
*Attorneys for Plaintiff State of North Dakota*

Caleb J. Smith (OK Bar No. 33613)
Assistant Attorney General
Office of the Oklahoma Attorney General
313 N.E. 21st St.
Oklahoma City, OK 73105
Phone: (918) 581-2230
Fax:     (405) 522-0085
Caleb.Smith@oag.ok.gov
*Attorney for Plaintiff State of Oklahoma ex rel. Attorney General Gentner Drummond*

Jordan M. Roberts (OR Bar No. 115010)
Senior Assistant Attorney General
Oregon Department of Justice
Consumer Protection Division
100 SW Market St.
Portland, OR 97201
Phone: (971) 673-1880
Fax:     (971) 673-1884
jordan.m.roberts@doj.state.or.us
*Attorney for Plaintiff State of Oregon*

Mark W Wolfe (PA Bar No. 327807)
Deputy Attorney General
Pennsylvania Office of Attorney General
Strawberry Square, 15th Floor
Harrisburg, PA 17120-0001
Phone: (717) 772-3558
Fax:     (717) 705-3795
mwolfe@attorneygeneral.gov
*Attorney for Plaintiff Commonwealth of Pennsylvania by Attorney General Michelle A. Henry*

Stephen N. Provazza (RI Bar No. 10435)
Special Assistant Attorney General
Rhode Island Office of the Attorney General
150 S. Main Street
Providence, RI 02903
Phone: (401) 274-4400, ext. 2476
Fax:    (401) 222-1766
sprovazza@riag.ri.gov
*Attorney for Plaintiff State of Rhode Island, by Attorney General Peter Neronha*

Kristin Simons (SC Bar No. 74004)
Senior Assistant Attorney General
Danielle Robertson (SC Bar No. 105846)
Assistant Attorney General
South Carolina Attorney General's Office
P.O. Box 11549
Columbia, SC 29211-1549
Phone: (803) 734-6134 (Simons)
       (803) 734-8044 (Robertson)
ksimons@scag.gov
danirobertson@scag.gov
*Attorneys for Plaintiff State of South Carolina*

Austin C. Ostiguy (TN Bar No. 040301)
Tyler T. Corcoran (TN Bar No. 038887)
Assistant Attorneys General
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202
Phone: (615) 532-7271 (Ostiguy)
       (615) 770-1714 (Corcoran)
Fax:    (615) 532-2910
austin.ostiguy@ag.tn.gov
tyler.corcoran@ag.tn.gov
*Attorneys for Plaintiff State of Tennessee*

David Shatto (Fed. Bar No. 3725697; TX Bar No. 24104114)
Assistant Attorney General
Attorney General for the State of Texas
Office of the Attorney General
P.O. Box 12548 (MC-010)
Austin, TX 78711
Phone: (512) 463-2185
Fax:    (512) 473-9125
David.Shatto@oag.texas.gov
*Attorney for Plaintiff State of Texas*

Kevin McLean (UT Bar No. 16101)
Assistant Attorney General
Utah Attorney General's Office
160 East 300 South, 5th Floor
P.O. Box 140872
Salt Lake City, UT 84114-0872
Phone: (801) 366-0310
Fax:    (801) 366-0315
kmclean@agutah.gov
*Attorney for Plaintiff Utah Division of Consumer Protection*

Jill Abrams (VT Bar No. 4944)
*(Pro Hac Vice motion forthcoming)*
Office of the Vermont Attorney General
109 State Street
Montpelier, VT 05609-1001
Phone: (802) 828-3171
Fax:    (802) 304-1014
Jill.Abrams@vermont.gov
*Attorney for Plaintiff State of Vermont*

Geoffrey L. Ward (VA Bar No. 89818)
Senior Assistant Attorney General
Office of the Attorney General of Virginia
202 N. Ninth St.
Richmond, VA 23219
Phone: (804) 371-0871
Fax:    (804) 786-0122
gward@oag.state.va.us
*Attorney for Plaintiff Commonwealth of
Virginia, ex rel. Jason S. Miyares,
Attorney General*

Alexandra Kory (WA Bar No. 49889)
Mina Shahin (WA Bar No. 46661)
Assistant Attorneys General
Washington State Attorney General's
Office
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Phone: (206) 516-2997 (Kory)
          (206) 326-5485 (Shahin)
Fax:    (206) 464-6451
Alexandra.Kory@atg.wa.gov
Mina.Shahin@atg.wa.gov
*Attorneys for Plaintiff State of Washington*

Ashley T. Wentz (WV Bar No. 13486)
Assistant Attorney General
West Virginia Attorney General's Office
Consumer Protection/Antitrust Division
P.O. Box 1789
Charleston, WV 25326
Phone: (304) 558-8986
Fax:    (304) 558-0184
Ashley.T.Wentz@wvago.gov
*Attorney for Plaintiff State of West
Virginia ex rel. Patrick Morrisey, Attorney
General*

Gregory A. Myszkowski (WI Bar No.
1050022)
Assistant Attorney General
Wisconsin Department of Justice
P.O. Box 7857
Madison, WI 53707-7857
Phone: (608) 266-7656
Fax:    (608) 294-2907
myszkowskiga@doj.state.wi.us
*Attorney for Plaintiff State of Wisconsin*

Benjamin M. Peterson (WY Bar No. 8-
6513)
Assistant Attorney General
Wyoming Office of the Attorney General
Kendrick Building
2320 Capitol Avenue
Cheyenne, Wyoming 82002
Phone: (307) 777-8240
Fax:    (307) 777-3435
benjamin.peterson2@wyo.gov
*Attorney for Plaintiff State of Wyoming*