**Exhibit B**

**Elements of Proof for Affirmative Defenses**

**Due Care**

  The elements of the affirmative defense of due care in the 9th Circuit generally require the defendants to demonstrate that they acted within the scope of their discretion, with due care, and in good faith fulfillment of their responsibilities under applicable laws and standards. To establish this defense, the Defendants must show: (i) they exercised due care in the execution or enforcement of any law. (ii) they acted in good faith and with a reasonable belief that their actions were in compliance with all applicable federal and state laws and standards of practice; (iii) they took precautions against foreseeable acts or omissions and the consequences that could result from such acts or omissions. *See Berthot v. Security Pac. Bank*, 170 Ariz. 318; *E. Vanguard Forex, LTD v. Ariz. Corp. Comm'n*, 206 Ariz. 399

  Defendants will meet each element of their burden of proof, *inter alia,* by producing documentary evidence that they complied with each and every regulatory requirement associated with their operations, including without limitation: (i) having a fully compliant Know Your Customer Plan; (ii) requiring every customer to complete a Customer Information Form; (iii) verifying that its customers comply with tracebacks; and (iv) requiring customers to describe their vetting process for new customers and actions taken if fraudulent customers are found. Defendants will also demonstrate that: (i) Avid Telecom was fully STIR/SHAKEN compliant well before the required deadline; (ii) that Avid Telcom blocked billions of calls that it identified as suspicious, including more than 2 billion calls in calendar year 2023 alone; (iii) Avid Telecom only accepted traffic from carriers who represented and warranted that they fully comply with all applicable robocalling rules and regulations; (iv) Avid Telecom rejected over ninety percent (90%) of service requests from overseas carriers or carriers who could not or could not demonstrate their bona fides; and (v) Avid Telecom spent at least $400,000 each year to purchase enhanced switch data services from its switch provider that allow it to identify illegal calls and to terminate the providers of those calls.

  **The Industry Traceback Group Lacks Legal Authority to Determine Whether a Call is Unlawful**

  The affirmative defense of lack of legal authority in the 9th Circuit involves demonstrating that a party acted without the necessary legal authorization for the conduct in question. *See Aranda v. Cardenas*, 215 Ariz. 210; *Markham Contr. Co Inc. v. Pinnacle Point Developers, LLC*, 2018 Ariz. Super. LEXIS 1395.

The complaint contains no direct evidence that Avid Telecom initiated even a single call, let alone a call that was determined to be illegal. All the "evidence" is assumptive; *i.e.,* that the traffic delivered to Avid Telecom was illegal and that Defendants somehow should have known that it was illegal. The primary "evidence" is that Avid Telecom received 329 tracebacks. However, the Industry Traceback Group did not have the legal authority to make a determination of the lawfulness of any call and tracebacks are not notice of illegal activity.

## Tracebacks Are Not Notice of Unlawful Activity

The FCC defines a "traceback" call as the process of following the path of a call back to the point of origination. This process involves obtaining information from each voice service provider in the call chain regarding where they received the call, whether that is an upstream voice service provider or a customer. *In the Matter of Advanced Methods to Target and Eliminate Unlawful Robocalls* See Federal Communications Commission, CG Docket No. 17-59, FCC 23-37, FR ID 146148. The FCC has mandated that all voice service providers must respond to traceback requests from the Commission, civil and criminal law enforcement, and the industry traceback consortium fully and in a timely manner. *Call Authentication Trust Anchor. Federal Communications Commission,* WC Docket No. 17-97; FCC 23-18, FR ID 138840. The issuance of a traceback does not reflect a finding of illegality nor is it notice of illegality.

## Failure to State a Claim to Which Relief May be Granted

Withdrawn.

## Statute of Limitations

The elements of the affirmative defense of statute of limitations in the 9th Circuit require the defendant to prove that the plaintiff's claim was filed beyond the applicable limitations period. *Smith v. Cobb*, 2017 U.S. Dist. LEXIS 144328, *Ayala v. Frito Lay, Inc*., 263 F. Supp. 3d 891. To establish this defense, the defendant must demonstrate the following elements: (i) the specific statute of limitations applicable to the plaintiff's claim; (ii) the date on which the plaintiff's cause of action accrued; and (iii) that the plaintiff filed the claim after the expiration of the limitations period *Map Co. v. Lebanese Arak Corp*., 2018 U.S. Dist. LEXIS 225642, *Taylor v. California*, 2014 U.S. Dist. LEXIS 115648, *Cal. Sansome Co. v. United States Gypsum*, 55 F.3d 1402.

## Consent

Under the TCPA, consent is an affirmative defense. *Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037; *Thrasher-Lyon v. Ill. Farmers Ins. Co*., 861 F. Supp. 2d 898; *Jones v. Montachusetts Reg'l Transit Auth*., 2023 U.S. App. LEXIS 35000. The affirmative defense is

sustained where Defendants establish that the called party provided consent to receive calls. Consent can be obtained through a third party where the third party had the authority to provide such consent on behalf of the called party. *Berman v. Freedom Fin. Network, LLC*, 400 F. Supp. 3d 964.

Additionally, the Federal Communications Commission (FCC) has clarified that the caller bears the burden of proving that it obtained the necessary prior express consent if any question of consent is in dispute. *Stavrinides v. Pac. Gas & Elec. Co*., 2016 U.S. Dist. LEXIS 78826. This includes demonstrating that the consent was given in a manner that complies with the TCPA's requirements, such as being clear and conspicuous and specific to the type of communication.

Defendants will demonstrate at trial that they had third party consent for calls transited on their network.

## Laches

The elements of the affirmative defense of laches in the 9th Circuit are: (i) an unreasonable delay in bringing suit by the plaintiff, and (ii) prejudice to the defendant caused by the delay. To elaborate, the first element requires that the plaintiff delayed filing the suit for an unreasonable and inexcusable length of time from the moment they knew or reasonably should have known of their claim against the defendant. *Barnes & Noble, Inc. v. LSI Corp*., 849 F. Supp. 2d 925, *Davis v. Hollywood & Ivar*, 2021 U.S. Dist. LEXIS 202651, *Presidio Components, Inc. v. Am. Tech. Ceramics Corp*., 2016 U.S. Dist. LEXIS 82532. The second element necessitates that this delay resulted in prejudice or injury to the defendant, which can manifest as either economic harm or evidentiary disadvantages, such as the loss of records or the death of key witnesses.

Plaintiffs knew of should have known about their claims against Defendants years before it was filed and The calls allegedly supporting the allegations set forth in the complaint were transited many years prior to the filing of the complaint and Plaintiffs delayed filing the suit for an unreasonable and inexcusable length of time from the moment they knew or reasonably should have known of their claim against the defendant. Defendants are prejudiced as certain of the witness and much of the evidence regarding their calls—which was maintained on a third-party switch—is no longer available.

## Unclean Hands

The elements of the affirmative defense of unclean hands in the 9th Circuit require the defendant to demonstrate that the plaintiff's conduct is inequitable and that the conduct relates to the subject matter of its claims. To prevail on an unclean hands defense, the defendant must show that the plaintiff acted with bad intent or engaged in misconduct that is directly related to the transaction or matter in question. *Emco, Inc. v. Obst*, 2004 U.S. Dist. LEXIS 12118, *Fuddruckers, Inc. v. Doc's B.R. Others, Inc*., 826 F.2d 837.

Defendants will establish that Plaintiffs have unclean hands as, on information and belief, much of the "evidence" presented was obtained through improper or illegal means, inter alia, through: (i) the unlawful recording of calls without required consent; (ii) the improper association of certain "honey pot" phone numbers obtained by a business entity with the DO NOT CALL Registry, which is only available to residential calls; (iii) the improper or unlawful scraping and transmission of consumer voice mail data; and (iv) the acquisition of personal financial data without proper notice.

## Conduct

The elements of the affirmative defense of conduct under the Telephone Consumer Protection Act (TCPA) in Arizona are as follows: (i) the defendant must have established and implemented reasonable practices and procedures; (ii) these practices and procedures must be designed to effectively prevent telephone solicitations that violate the regulations prescribed under the TCPA; and (iii) the defendant must have acted with due care in implementing these practices and procedures. *See* 47 USCS § 227.

Defendants will demonstrate at trial that their conduct was fully consistent with all applicable regulatory requirements. Defendants will show they filed and maintained a fully compliant Know Your Customer plan and that they were fully STIR/SHAKEN compliant. Defendants will also demonstrate that they acted aggressively to ensure that Avid Telecom only carried legal traffic, including *inter alia*, by requiring all of its customers to warrant that their traffic was lawful and by rejecting large numbers of customer prospects and by terminating customers who delivered suspicious traffic.

## Estoppel

Withdrawn.

## Statutory Damages Are Unconstitutional

The elements of the affirmative defense of unconstitutionality of statutory damages in the 9th Circuit involve several key considerations. Primarily, courts evaluate whether the statutory damages are so severe and oppressive as to be wholly disproportionate to the offense and obviously unreasonable. This assessment is guided by factors similar to those used in reviewing punitive damages, including the degree of reprehensibility of the defendant's misconduct, the disparity between the actual or potential harm suffered by the plaintiff and the damages award, and the difference between the damages awarded and the civil penalties authorized or imposed in comparable cases *Leiber v. Bertelsmann AG* (*In re Napster, Inc. Copyright Litig.*), 2005 U.S. Dist. LEXIS 11498, *Cole v. Gene by Gene, Ltd.*, 2017 U.S. Dist. LEXIS 203755. Constitutional due process concerns are heightened when statutory damages are awarded as a matter of strict liability, especially when plaintiffs cannot quantify any actual damages suffered. *Gessele v. Jack in the Box, Inc.*, 2023 U.S. Dist. LEXIS 54892.

Defendants will demonstrate that the damages sought by the Plaintiffs here are so severe and oppressive as to be wholly disproportionate to the offense and obviously unreasonable, particularly given Defendant's full compliance with all applicable regulatory requirements as well as its demonstrable good faith efforts to prevent illegal robocalling.

## Standing

Withdrawn.