KRISTIN K. MAYES
Attorney General of Arizona
(Firm State Bar No. 14000)
Alyse Meislik (AZ Bar 024052)
Dylan Jones (AZ Bar No. 034185)
Office of the Arizona Attorney General
2005 North Central Avenue
Phoenix, AZ 85004
Phone: (602) 542-3725
Fax: (602) 542-4377
consumer@azag.gov
*Lead Counsel for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, *ex rel*. Kristin K. Mayes, Attorney General, *et al.*,<br><br>        Plaintiffs,<br><br>        v.<br><br>Michael D. Lansky, L.L.C., dba Avid Telecom; et al.,<br><br>        Defendants. | No.:  CV-23-00233-TUC-CKJ<br><br>**PLAINTIFFS' CASE MANAGEMENT PLAN** |

Pursuant to this Court's August 22, 2024 Order [Dkt 84], Plaintiffs submit the following case management plan outlining the Plaintiffs' intended discovery, its necessary scope and time constraints.

The Lead Plaintiff States in this matter are counsel for the Plaintiff States of Arizona, Indiana, North Carolina, and Ohio. The Lead Plaintiff States represent the position of all Plaintiff States.

## I. NATURE OF THE CASE AND BASES OF CLAIMS

Plaintiffs filed this action against Michael D. Lansky, L.L.C., dba Avid Telecom (Defendant Avid Telecom), Michael D. Lansky, individually and as Chief Executive Officer (Defendant Lansky), and Stacey Reeves, individually and as Vice President of Operations and Sales, (collectively "Defendants"). All Plaintiffs joined Counts I through V of the Complaint, which alleged violations of the Telemarketing Sales Rule ("TSR"), 16 C.F.R. § 310 *et seq.*; the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* and its implementing rule, 47 C.F.R. § 64.1200; the Truth in Caller ID Act ("TCIA"), 47 U.S.C. § 227(e) and its implementing rule, 47 C.F.R. § 64.1604. Eleven Plaintiffs alleged violations of certain state laws that protect consumers against unfair and deceptive trade practices, including unfair, deceptive, abusive and illegal telemarketing practices. Plaintiffs previously outlined the nature of the case, the specific counts and the elements of proof for each count in the Parties' Joint Rule 26(f) Report [Dkt. 79, 79-1].

## II. PLAINTIFF'S GENERAL PLAN FOR DISCOVERY

Plaintiffs intend to seek discovery from parties, non-parties and experts on all topics identified in the Complaint and any applicable defenses asserted by Defendants. Plaintiffs will only seek discovery that is proportional to the needs of the case as required by Fed. R. Civ. P. 26(b)(1). The discovery relevant to the federal claims, Counts I through V, will largely be the same for all Plaintiffs as to the Defendants' business practices, conduct and knowledge or deliberate ignorance of the illegal robocalls at issue. The discovery needed for the federal claims will also be relevant to many of the state law claims alleged. Some of the state law counts can be proven, in whole or part, upon a finding of a violation of the federal counts or supported by substantially similar evidence. Additionally, a small group of the Plaintiff States were responsible for the pre-litigation investigative work and the preliminary analysis of the call detail records for the benefit of all Plaintiffs.

Plaintiffs intend to retain several shared experts who can review case facts and provide industry perspectives as to reasonableness and effectiveness of Defendants' call traffic analytics, robocall mitigation practices and use of resources and/or tools available to

voice service providers. The experts will also analyze Defendants' call traffic and describe the nature and number of violative calls that terminated to residents in each of the Plaintiff states. At the present time, Plaintiffs anticipate seeking fact discovery from the following industry experts who may also be retained as shared expert witnesses on the following subjects:

**A.**   YouMail, Inc. – YouMail provides registered subscribers with telephone privacy enhancement services including but not limited to: third-party voicemail, call handling and spam call blocking services. YouMail will offer general conduct analyses including but not limited to review of the Defendants' call detail records which may reveal patterns or trends indicative of robocalling or spoofing, a comparison of Defendants' call detail records to voicemail recordings YouMail maintains for registered users of its call blocking and voicemails services or to YouMail's honeypot numbers to determine if YouMail captured recordings which illustrate the potentially violative content of calls facilitated by Defendants, and a comparison of Defendants' call detail records to consumer complaints. This expert witness will offer evidence on the nature of the call traffic and the numbers of violative calls that terminated to registered users associated with each of the Plaintiffs' states.

**B.**   Industry Expert – Plaintiffs anticipate identifying an expert witness who can provide industry information regarding data sources and/or tools available to voice service providers to identify cellular and other line types associated with telephone numbers and provide an analysis of Defendants' call detail records as to the respective line types for call recipients who received calls at issue.

**C.**   Data Analyst/Data Scientist – Plaintiffs may retain a witness with expertise in analyzing large data sets, performing statistical analysis and building statistical models who may offer statistical findings related to Defendants' call traffic through an analysis of call detail records.

**III.    PLAINTIFF'S INTENDED DISCOVERY**

Plaintiffs intend to seek the following discovery on the follow topics from select individuals and/or entities listed below.

### A.    Consumer Witnesses Who Received Calls at Issue

Consumers and/or residents of Plaintiffs' states (collectively, "Consumers") who received telephone calls that were initiated, transmitted or facilitated by Defendants, have discoverable information that Plaintiffs may use to support their claims, including, but not limited to, whether the calls initiated, transmitted or facilitated by Defendants were answered, whether the call delivered a prerecorded or artificial voice message, the nature or content of any such message, and whether the consumers provided prior express consent to be called by the calling party.

Plaintiffs intend to identify and produce consumer complaints filed in the Federal Trade Commission's Consumer Sentinel Database or with Plaintiffs directly regarding calls facilitated by Defendants. Plaintiffs anticipate identifying only those consumer complaints that have indicia of trustworthiness because the consumer's complaint was filed at or near the time a call to that consumer's telephone number appears in call detail records. Plaintiffs intend to seek admission of consumer complaints under the residual exception to the hearsay Rule 807 of the Federal Rules of Evidence for complaints the meet the criteria.[1] Plaintiffs anticipate taking some affirmative depositions of consumer witnesses, the quantity of which may depend on how the Court rules on the admissibility of the consumer complaints or whether parties can reach agreement and stipulate to the admissibility of consumer complaints. If consumer complaints are ruled as inadmissible, Plaintiffs may seek to increase the quantity of depositions for consumer witnesses.

---

[1] *See F.T.C. v. Figgie Intern., Inc*., 994 F.2d 595, 608 (9th Cir. 1993); *United States v. Dish Network,* LLC., 75 F. Supp. 3d 942, 967, 2014 U.S. Dist. LEXIS 172020 (C.D. Ill. Dec. 12, 2014).

**B.     Witnesses with Knowledge of Defendants' Business Practices and Individuals Associated with Entities Related to Defendants**

Plaintiffs intend to seek discovery on the following topics: the Defendants' business operations, interactions with their customers/vendors, marketing practices, know-your-customer policies and implementation of such policies, customer onboarding procedures, terms of service and whether the terms and rates vary on a per-customer/vendor basis, whether the know-your-customer policies and terms of service are implemented similarly with pre-pay or post-pay customers, how policies and expectations regarding short duration traffic are relayed to customers/vendors and enforced, standards relayed for monitoring customers'/vendors' call traffic, robocall mitigation policies and the implementation and effectiveness of those policies to prevent or mitigate illegal robocalls from transiting Defendants' network, the relationships among Defendants, Defendants' accounting practices, payments to/from customers/vendors on accounts, compensation to individual Defendants, the extent of each individual Defendant's personal participation and control and/or knowledge of the corporate Defendant's business operations and practices, and Defendants' interactions with law enforcement and regulatory authorities, as well as third-party telecommunications industry entities. Plaintiffs intend to seek discovery from sources including but not limited to:

1.     Defendants and Individuals associated with corporations, partnerships, and other entities owned or controlled by, or formerly owned or controlled by Defendants, and current and former officers, owners, managers, trustees, agents or beneficiaries of such entities likely to have discoverable information that Plaintiffs may use to support their claims.

2.     Current or former employees, agents and independent contractors of Defendants and entities currently or formerly owned or controlled by Defendants.

3.     Investigations, Litigation, Orders, Government Filings by Defendants and Enforcement Actions Related to Defendants' Vendors/Customers to support their claims, if the actions allege violations of federal or state telemarketing laws that are

substantially similar to the allegations in the present case and the calls at issue were initiated, transmitted or facilitated by Defendants. Plaintiffs are aware of at least 32 of Defendants' customers/vendors that have been subject to actions by the Federal Trade Commission, the Federal Communications Commission and select Plaintiffs.

4.      Entities that are Defendants' customers/vendors, including retail (end-user) customers to whom Defendants provided voice services and/or number resources to enable the customer to originate calls that may be at issue in this case or vendors (other voice service providers) from which or to which Defendants may have accepted, transmitted or facilitated call traffic at issue and/or provided other services such as numbering resources. Plaintiffs are aware of over 85 such entities. Plaintiffs will focus their discovery on customers/vendors that used Defendants' services to send high volumes of illegal robocalls, or that received such call traffic from Defendants and warned or notified Defendants of illegal or suspect traffic or complained about such call traffic.

5.      Entities with which Defendants contracted to receive soft switch services or other services used to provide VoIP services to Defendants' customers/vendors, and to which Defendants claim to have paid annual fees of over $400,000 for robocall mitigation solutions.

6.      Defendants' attorneys may have non-privileged information related to litigation involving Defendants, including third parties and their attorneys that Defendants Lansky and Avid were litigating against in *4:22-cv-00558-JCH* (Dist. Ariz.) and *1:22-cv-04829-SEG* (N. Dist. Ga.), and these third parties' employees and agents are likely to have discoverable information that Plaintiffs may use to support their claims.

7.      Financial institutions, payment processors and money transfer and/or currency exchange brokers used by Defendants to effectuate sales or transfer payments and/or assets, are likely to have discoverable information that Plaintiffs may use to support their claims, including, but not limited to, information about

Defendants' financial operations, method and manner customers or vendors used to make payments to Defendants, Defendants' respective assets and liabilities, and the financial relationship between the corporate Defendant and each individual Defendant.

8.    Employees and contractors who work for the Industry Traceback Group (ITG) led by USTelecom Broadband Association are likely to have discoverable information that Plaintiffs may use to support their claims. In addition to topics referenced above, Plaintiffs intend to seek discovery on industry standard practices for operations of voice service providers, information about telephone calls initiated, transmitted or facilitated by the Defendants which were the subject of tracebacks by the ITG, Defendants' interactions with the ITG, Defendants' interactions with their customers/vendors regarding tracebacks, notifications provided to Defendants regarding illegal or suspected illegal robocalls.

9.    Certain companies that offer third party voicemail, call handling and spam call-blocking services to registered telephone subscribers are likely to have discoverable information that Plaintiffs may use to support their claims. The topics will include but are not limited to the operation of the service and features offered to registered users to enhance telephone privacy such as customized voicemail, call handling and spam call-blocking services, the terms and conditions of services, trends and statistics of call analytics and audio recordings captured by services some of which may be calls initiated, transmitted or facilitated by the Defendants at issue in this case.

**C.    Discovery Related to State Law Claims of Certain Plaintiffs**

Eleven Plaintiff States alleged violations of certain state laws that protect consumers against unfair and deceptive trade practices, including unfair, deceptive, abusive and illegal telemarketing practices. Due to the similarities between the elements of the federal and state counts, Plaintiffs anticipate that those eleven states will likely need minimal, if any, additional discovery.

D.    **Discovery Related to Defendants' Defenses**

In their Amended Answer [Dkt 85 at 173-177] filed September 6, 2024, Defendants identified 14 affirmative defenses and reserved the right to assert additional affirmative defenses as the case proceeds. Defendants' Exhibit B [Dkt 79-2] to the Parties' Joint Rule 26(f) Report [Dkt 79] filed on August 15, 2024, indicated that Defendants intended to withdraw 6 of the 14 defenses, however those 6 were still included in the later filed pleading. As the Defendants' position is not clear, Plaintiffs intend to seek discovery on all defenses identified in the Amended Answer.

**IV.    PLAINTIFFS' PROPOSED MODIFICATIONS TO DISCOVERY LIMITATIONS**

Parties exchanged their initial Fed. R. Civ. P. 26(a)(1) disclosures and filed the Notice of Initial Disclosure on September 6, 2024. The parties discussed changes to the limitations on discovery imposed by Fed. R. Civ. P. 26(b)(2) and were not able to reach an agreement.

**A.**    Interrogatories: At this time, Plaintiffs do not request any modification to the number of interrogatories allowed under Fed. R. Civ. 33. The Plaintiffs may seek an expansion of interrogatory limitations through later stipulation of the parties or motion to the Court as necessary.

**B.**    Depositions: The Plaintiffs propose a modification to Fed. Rule Civ. P. 30 to allow 20 depositions per side. The Plaintiffs do not request any further modification to the limits imposed by Fed. Rule Civ. P. 30. The Plaintiffs intend to conduct depositions including but not limited to the following parties, individuals or entities:

    i.    Michael D. Lansky, dba Avid Telecom;

    ii.    Michael Lansky;

    iii.    Stacey Reeves;

    iv.    Ngoc O'Connor – network operations center ("NOC") involved in management of accounts for key upstream customers/vendors;

    v.    Kelly Ponzio – NOC involved in management of accounts for key upstream customers/vendors;

vi.   Donna Emmans – bookkeeper, received and credited payment to customers;

vii.  Consumer Witnesses – if Court rules that consumer complaints are inadmissible under Rule 807 of the Federal Rules of Evidence, Plaintiffs will depose a greater number of consumer witnesses which may significantly increase the number of depositions needed;

viii. Other Customers/Vendors;

ix.   Digital Media Solution, LLC, Tony Saldana, General Counsel, policies/procedures related to obtaining and maintaining records of prior express or prior express written consent from call recipients, preparing and scrubbing calling lists, provisioning of DIDs, structure of DMS and its affiliates/subsidiaries;

x.    John Spiller;

xi.   Roy Cox/other Sumco individuals;

xii.  SipNav/Scott Presta;

xiii. Witnesses identified by the Defendants in their initial disclosures;

xiv.  Defendants' accountant; and

xv.   Defendants' expert(s).

**C.**    The parties previously agreed to request the production of electronically stored information ("ESI"). Plaintiffs believe that ESI should be produced in its native format in connection with individual discovery requests as set forth in Fed. R. Civ. P. 33 and 34, and that the parties should confer as to any ESI that requires special consideration. The parties shall meet and confer regarding any specific ESI needs and disputes before seeking involvement of the Court.

**D.**    Two weeks following the Court's entry of the Case Scheduling Order, the parties shall submit a proposed protective order for the Court's review setting forth procedures governing assertions of privilege or other applicable protection from disclosure. The parties previously agreed to confer prior to bringing any attorney-client privilege, work

product, or other discovery issues or disputes to the Court.

    **E.**    The Plaintiffs propose the following case schedule:

        i.    Initial disclosures required by Fed. R. Civ. P. 26(a)(l) were exchanged by the parties on September 6, 2024;

        ii.    Addition of parties or amending complaint - 60 days following the entry of the Case Scheduling Order;

        iii.    Completion of Discovery – 9 months following the entry of the Case Scheduling Order;

            • The Plaintiffs believe that, due to the voluminous facts and the complexity of the legal issues in the case as set out in detail above, including the significant number of witnesses, more than 180 days will be needed for discovery.

        iv.    Disclosure of initial expert testimony and rebuttal expert testimony pursuant to Fed. R. Civ. P. 26(a)(2);

            • Disclosure of initial expert testimony: 4 months following the entry of the Case Scheduling Order;

            • Rebuttal Expert Testimony: 45 days following the disclosure of initial expert testimony;

        v.    Disclosure of witness list: 21 days prior to trial;

        vi.    Filing dispositive motions: 60 days after the close of discovery;

        vii.    Filing pre-trial statements: 30 days before trial; and

        viii.    Filing of settlement status report:  21 days after the end of discovery.

    **F.**    Plaintiffs anticipate requiring evidentiary hearings, such as a hearing to exclude unqualified expert or scientific evidence under the *Daubert* standard, to be held sometime after expert reports are exchanged.

    Plaintiffs intend to request evidentiary hearings concerning the admissibility of consumer complaints, as noted above, as well as statements from other third parties under

the residual exception of the hearsay rule pursuant to Fed. R. Evid. 807 and of summaries prepared pursuant to Fed. R. Evid. 1006.

**G.** The parties anticipate being prepared for trial within 14 months after the entry of the Case Scheduling Order. The Plaintiffs anticipate needing 20 trial days. If the parties can agree to stipulate to the authenticity of records produced by record custodians, and to the admissibility of deposition designations for consumers and some other witnesses, the Plaintiffs believe the estimated length of the trial can be shortened to 10 to 12 days. Each party reserves the right to seek an extension of the trial date based on the progress of discovery, including the cooperation of third-party witnesses.

*The remainder of this page is intentionally left blank.*

11

1   RESPECTFULLY SUBMITTED this 27th day of September, 2024.

2

3   **FOR THE STATE OF ARIZONA:**        **FOR THE STATE OF NORTH**
                                         **CAROLINA:**
4
    KRISTIN K. MAYES                     JOSHUA H. STEIN
5   Attorney General for the State of Arizona   Attorney General for the State of North
                                         Carolina
6

7   /s/ Alyse Meislik                    /s/ Tracy Nayer
    ALYSE MEISLIK                        TRACY NAYER
8   DYLAN JONES                          ASA C. EDWARDS IV
9   Assistant Attorneys General          Special Deputy Attorneys General
    *Attorneys for the State of Arizona*   DANIELLE WILBURN ALLEN
10                                       Assistant Attorney General
                                         *Attorneys for the State of North Carolina*
11

12
    **FOR THE STATE OF INDIANA:**        **FOR THE STATE OF OHIO:**
13
14  TODD ROKITA                          DAVE YOST
    Attorney General for the State of Indiana   Attorney General for the State of Ohio
15

16
    /s/ Douglas S. Swetnam               /s/ Erin B. Leahy
17  DOUGLAS S. SWETNAM                   ERIN B. LEAHY
18  THOMAS L. MARTINDALE                 Senior Assistant Attorney General
    Deputy Attorneys General             *Attorney for the State of Ohio*
19  *Attorneys for the State of Indiana*

20

21                          ***Lead Counsel for Plaintiffs***

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

     I hereby certify that on September 27, 2024, I caused the foregoing **PLAINTIFFS'**
**CASE MANAGEMENT PLAN** to be filed and served upon Defendants electronically via
the Court's CM/ECF system to their counsel of record.

*/s/ Alyse Meislik*

1

## LIST OF PLAINTIFFS' COUNSEL

2

3    Alyse Meislik (AZ No. 024052)                Tracy Nayer (NC Bar No. 36964)
     Dylan Jones (AZ Bar No. 034185)             Asa C. Edwards IV (NC Bar No. 46000)
4    Assistant Attorneys General                 Special Deputy Attorneys General
     Arizona Attorney General's Office           Danielle Wilburn Allen (NC Bar
5    2005 North Central Avenue                   No. 58141)
     Phoenix, AZ 85004                           Assistant Attorney General
6    Phone: (602) 542-3725                       North Carolina Department of Justice
7    Fax:   (602) 542-4377                       Consumer Protection Division
     consumer@azag.gov                           P.O. Box 629
8    alyse.meislik@azag.gov                      Raleigh, North Carolina 27602
9    *Attorneys for Plaintiff State of Arizona*  Phone:  (919) 716-6000
                                                 Fax:     (919) 716-6050
10   Douglas S. Swetnam (IN Bar No. 15860-       tnayer@ncdoj.gov
11   49)                                         aedwards@ncdoj.gov
     Thomas L. Martindale (IN Bar No. 29706-     dwilburnallen@ncdoj.gov
12   64)                                         *Attorneys for Plaintiff State of North*
13   Deputy Attorneys General                    *Carolina*
     Office of the Indiana Attorney General
14   Todd Rokita                                 Erin B. Leahy (OH Bar No. 0069509)
15   Indiana Govt. Center South, 5th Fl.         Senior Assistant Attorney General
     302 W. Washington St.                       Office of Attorney General Dave Yost
16   Indianapolis, IN 46204-2770                 30 East Broad Street, 14th Fl.
     Phone: (317) 232-6294 (Swetnam)             Columbus, OH 43215
17          (317) 232-7751 (Martindale)          Phone: (614) 752-4730
18   Fax:   (317) 232-7979                       Fax:     (866) 768-2648
19   douglas.swetnam@atg.in.gov                  Erin.Leahy@OhioAGO.gov
     thomas.martindale@atg.in.gov                *Attorney for Plaintiff State of Ohio*
20   *Attorneys for Plaintiff State of Indiana*

21

22                       ***Lead Counsel for Plaintiffs***

23

24

25

26

27

28

14

Lindsay D. Barton (AL Bar No. 1165-
G00N)
Robert D. Tambling (AL Bar No. 6026-
N67R)
Assistant Attorneys General
Office of the Alabama Attorney General
501 Washington Avenue
Montgomery, Alabama 36130
Phone: (334) 353-2609 (Barton)
         (334) 242-7445 (Tambling)
Fax:    (334) 353-8400
Lindsay.Barton@AlabamaAG.gov
Robert.Tambling@AlabamaAG.gov
*Attorneys for Plaintiff State of Alabama*

Amanda Wentz (AR Bar No. 2021066)
Assistant Attorney General
Office of Attorney General Tim Griffin
323 Center St., Ste. 200
Little Rock, AR 72201
Phone: (501) 682-1178
Fax:    (501) 682-8118
Amanda.wentz@arkansasag.gov
*Attorney for Plaintiff State of Arkansas*

Nicklas A. Akers (CA Bar No. 211222)
Senior Assistant Attorney General
Bernard A. Eskandari (CA Bar No.
244395)
Supervising Deputy Attorney General
Timothy D. Lundgren (CA Bar No.
254596)
Rosailda Perez (CA Bar No. 284646)
Michelle Burkart (CA Bar No. 234121)
Deputy Attorneys General
Office of the California Attorney General
300 S. Spring St., Suite 1702
Los Angeles, CA 90013
Phone: (415) 510-3364 (Akers)
         (213) 269-6348 (Eskandari)
         (213) 269-6355 (Lundgren)
         (213) 269-6612 (Perez)
         (213) 269-6357 (Burkart)
Fax:    (916) 731-2146
nicklas.akers@doj.ca.gov
bernard.eskandari@doj.ca.gov
timothy.lundgren@doj.ca.gov
rosailda.perez@doj.ca.gov
michelle.burkart@doj.ca.gov
*Attorneys for Plaintiff People of the State
of California*

Michel Singer Nelson (CO Bar No. 19779)
Assistant Attorney General II
Bianca Feierstein (CO Bar No. 56653)
Assistant Attorney General
Colorado Office of the Attorney General
Ralph L. Carr Judicial Building
1300 Broadway, 10th Floor
Denver, CO 80203
Phone: (720) 508-6220 (Singer Nelson)
         (720) 508-6246 (Feierstein)
michel.singernelson@coag.gov
bianca.feierstein@coag.gov
*Attorneys for Plaintiff State of Colorado,
ex rel. Philip J. Weiser, Attorney General*

Brendan T. Flynn (Fed. Bar No. ct04545,
CT Bar No. 419935)
Assistant Attorney General
Office of the Connecticut Attorney
General William Tong
165 Capitol Avenue, Suite 4000
Hartford, CT 06106
Phone: (860) 808-5400
Fax:     (860) 808-5593
mailto:brendan.flynn@ct.gov
*Attorney for Plaintiff State of Connecticut*

Ryan Costa (DE Bar No. 5325)
Deputy Attorney General
Delaware Department of Justice
820 N. French Street, 5th Floor
Wilmington, DE 19801
Phone: (302) 683-8811
Fax:     (302) 577-6499
Ryan.costa@delaware.gov
*Attorney for Plaintiff State of Delaware*

Adam Teitelbaum (DC Bar No. 1015715)
Director, Office of Consumer Protection
Assistant Attorney General
D.C. Office of the Attorney General
Office of Consumer Protection
400 6th Street NW, 10th Floor
Washington, DC 20001
Phone: (202) 741-0764
Adam.Teitelbaum@dc.gov
*Attorney for Plaintiff District of Columbia*

Patrick Crotty (FL Bar No. 108541)
Senior Assistant Attorney General
Miles Vaughn (FL Bar No. 1032235)
Assistant Attorney General
Office of the Florida Attorney General
Consumer Protection Division
3507 E. Frontage Rd, Suite 325
Tampa, FL 33607
Phone: (813) 287-7950
Fax:     (813) 281-5515
patrick.crotty@myfloridalegal.com
miles.vaughn@myfloridalegal.com
*Attorneys for Plaintiff Ashley Moody,*
*Attorney General of the State of Florida*

David A. Zisook (GA Bar No. 310104)
Senior Assistant Attorney General
Office of the Attorney General of the State
of Georgia
2 Martin Luther King Jr. Drive, SE, Ste.
356
Atlanta, GA 30334
Phone: (404) 458-4294
Fax:     (404) 464-8212
dzisook@law.ga.gov
*Attorney for Plaintiff State of Georgia*

Christopher J.I. Leong (HI Bar No. 9662)
Deputy Attorney General
Hawaii Department of the Attorney
General
425 Queen Street
Honolulu, HI 96813
Phone: (808) 586-1180
Fax:     (808) 586-1205
christopher.ji.leong@hawaii.gov
*Attorney for Plaintiff State of Hawaii*

James J. Simeri (ID Bar No. 12332)
*(Pro Hac Vice motion forthcoming)*
Consumer Protection Division Chief
Idaho Attorney General's Office
P.O. Box 83720
Boise, ID 83720-0010
Phone: (208) 334-4114
james.simeri@ag.idaho.gov
*Attorney for Plaintiff State of Idaho*

Philip Heimlich (IL Bar No. 6286375)
Assistant Attorney General
Elizabeth Blackston (IL Bar No. 6228859)
Consumer Fraud Bureau Chief
Office of the Illinois Attorney General
500 S. Second Street
Springfield, IL 62791
Phone: (217) 782-4436
philip.heimlich@ilag.gov
elizabeth.blackston@ilag.gov
*Attorneys for Plaintiff People of the State
of Illinois*

Benjamin Bellus (IA Bar No. AT0000688)
William Pearson (IA Bar No. AT0012070)
Assistant Attorneys General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Phone: (515) 242-6536 (Bellus)
         (515) 242-6773 (Pearson)
Fax:    (515) 281-6771
Benjamin.Bellus@ag.iowa.gov
William.Pearson@ag.iowa.gov
*Attorneys for Plaintiff State of Iowa*

Nicholas C. Smith (KS Bar No. 29742)
Sarah M. Dietz (KS Bar No. 27457)
Assistant Attorneys General
Consumer Protection Section
Office of the Kansas Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, KS 66612
Phone: (785) 296-3751
Fax:    (785) 291-3699
Nicholas.Smith@ag.ks.gov
sarah.dietz@ag.ks.gov
*Attorneys for Plaintiff State of Kansas*

Jacob P. Ford (KY Bar No. 95546)
Assistant Attorney General
Office of the Attorney General,
Commonwealth of Kentucky
1024 Capital Center Drive, Ste. 200
Frankfort, KY 40601
Phone: (502) 871-2044
jacobp.ford@ky.gov
*Attorney for Plaintiff Commonwealth of
Kentucky*

ZaTabia N. Williams (LA Bar No. 36933)
Assistant Attorney General
Office of the Attorney General Liz Murrill
1885 North Third St.
Baton Rouge, LA 70802
Phone: (225) 326-6164
Fax:    (225) 326-6499
WilliamsZ@ag.louisiana.gov
*Attorney for Plaintiff State of Louisiana*

Brendan O'Neil (ME Bar No. 009900)
Assistant Attorney General
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333
Phone: (207) 626-8800
Fax:    (207) 624-7730
brendan.oneil@maine.gov
*Attorney for Plaintiff State of Maine*

Philip Ziperman (Fed. Bar No. 12430)
Deputy Counsel
Office of the Attorney General
200 St. Paul Place
Baltimore, MD 21202
Phone: (410) 576-6417
Fax:    (410) 576-6566
pziperman@oag.state.md.us
*Attorney for Plaintiff Maryland Office of
the Attorney General*

Carol Guerrero (MA Bar No. 705419)
Assistant Attorney General
Massachusetts Office of the Attorney
General
One Ashburton Place, 18th Floor
Boston, MA 02108
Phone: (617) 963-2783
Fax:    (617) 727-5765
mailto:Carol.Guerrero@mass.gov
*Attorney for Plaintiff Commonwealth of
Massachusetts*

Kathy P. Fitzgerald (MI Bar No. P31454)
Michael S. Hill (MI Bar No. P73084)
Assistant Attorneys General
Michigan Department of Attorney General
Corporate Oversight Division
P.O. Box 30736
Lansing, MI 48909
Phone: (517) 335-7632
Fax:    (517) 335-6755
fitzgeraldk@michigan.gov
Hillm19@michigan.gov
*Attorneys for Plaintiff People of the
State of Michigan*

Bennett Hartz (MN Bar No. 0393136)
Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1200
Saint Paul, MN 55404
Phone: (651) 757-1235
bennett.hartz@ag.state.mn.us
*Attorney for Plaintiff State of Minnesota,
by its Attorney General, Keith Ellison*

James M. Rankin (MS Bar No. 102332)
Jessica D. Jasper (MS Bar No. 106305)
*(Pro Hac Vice motion forthcoming)*
Special Assistant Attorneys General
Mississippi Attorney General's Office
P.O. Box 220
Jackson, MS 39205
Phone: (601) 359-4258 (Rankin)
         (601) 359-3800 (Jasper)
james.rankin@ago.ms.gov
jessica.jasper@ago.ms.gov
*Attorneys for Plaintiff Lynn Fitch,
Attorney General State of Mississippi*

Michael Schwalbert (MO Bar No. 63299)
Assistant Attorney General
Office of the Missouri Attorney General
815 Olive Street, Suite 200
St. Louis, MO 63101
Phone: (314) 340-6816
Fax:     (314) 340-7891
michael.schwalbert@ago.mo.gov
*Attorney for Plaintiff State of Missouri, ex.*
*rel. Andrew Bailey, Attorney General*

Anna Schneider (MT Bar No. 13963)
Special Assistant Attorney General, Senior
Counsel
Andrew Butler (MT Bar No. 53936812)
Assistant Attorney General
Montana Attorney General's Office
Office of Consumer Protection
555 Fuller Avenue
Helena, MT 59601
Phone: (406) 444-4500
Anna.schneider@mt.gov
Andrew.butler@mt.gov
*Attorneys for Plaintiff State of Montana*

Gary E. Brollier (NE Bar No. 19785)
Assistant Attorney General
Office of the Attorney General Michael T.
Hilgers
2115 State Capitol Building
Consumer Protection Division
Lincoln, NE 68509
Phone: (402) 471-1279
Fax:     (402) 471-4725
gary.brollier@nebraska.gov
*Attorney for Plaintiff State of Nebraska*

Michelle C. Badorine (NV Bar No. 13206)
Senior Deputy Attorney General
Office of the Nevada Attorney General
Bureau of Consumer Protection
100 North Carson Street
Carson City, NV 89701-4717
Phone: (775) 684-1164
Fax:     (775) 684-1299
MBadorine@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

Mary F. Stewart (NH Bar No. 10067)
Assistant Attorney General
New Hampshire Department of Justice
Office of the Attorney General
Consumer Protection and Antitrust Bureau
33 Capitol St.
Concord, NH 03301-6397
Phone: (603) 271-1139
Fax:     (603) 271-2110
Mary.F.Stewart@doj.nh.gov
*Attorney for Plaintiff State of New*
*Hampshire*

Deepta Janardhan (NJ Bar No.
309022020)
Jeffrey Koziar (NJ Bar No. 015131999)
Deputy Attorneys General
New Jersey Office of the Attorney General
Division of Law
124 Halsey Street
Newark, NJ 07101
Phone: (973) 648-7819
Fax:     (973) 648-4887
Deepta.Janardhan@law.njoag.gov
Jeff.koziar@law.njoag.gov
*Attorneys for Plaintiff State of New Jersey*

Julie Ann Meade (NM Bar No. 8143)
Assistant Attorney General
State of New Mexico Department of Justice
408 Galisteo St.
Santa Fe, New Mexico 87501
Phone: (505) 490-4058
Fax:    (505) 490-4883
jmeade@nmag.gov
*Attorney for Plaintiff Raúl Torrez, New Mexico Attorney General*

Glenna Goldis (NY Bar No. 4868600)
Assistant Attorney General
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (646) 856-3697
Glenna.goldis@ag.ny.gov
*Attorney for Plaintiff Office of the Attorney General of the State of New York*

Elin S. Alm (ND Bar No. 05924)
Christopher Glenn Lindblad (ND Bar No. 06480)
Assistant Attorneys General
Office of North Dakota Attorney General
Consumer Protection & Antitrust Division
1720 Burlington Drive, Suite C
Bismarck, ND 58504-7736
Phone: (701) 328-5570
Fax:    (701) 328-5568
mailto:ealm@nd.gov
clindblad@nd.gov
*Attorneys for Plaintiff State of North Dakota*

Robert J. Carlson (OK Bar No. 19312)
Assistant Attorney General
Office of the Oklahoma Attorney General
313 N.E. 21st St.
Oklahoma City, OK 73105
Phone: (918) 581-2384
Fax:    (405) 522-0085
Robert.Carlson@oag.ok.gov
*Attorney for Plaintiff State of Oklahoma ex rel. Attorney General Gentner Drummond*

Jordan M. Roberts (OR Bar No. 115010)
Senior Assistant Attorney General
Oregon Department of Justice
Consumer Protection Division
100 SW Market St.
Portland, OR 97201
Phone: (971) 673-1880
Fax:    (971) 673-1884
jordan.m.roberts@doj.state.or.us
*Attorney for Plaintiff State of Oregon*

Mark W Wolfe (PA Bar No. 327807)
Deputy Attorney General
Pennsylvania Office of Attorney General
Strawberry Square, 15th Floor
Harrisburg, PA 17120-0001
Phone: (717) 772-3558
Fax:    (717) 705-3795
mwolfe@attorneygeneral.gov
*Attorney for Plaintiff Commonwealth of Pennsylvania by Attorney General Michelle A. Henry*

Stephen N. Provazza (RI Bar No. 10435)
Special Assistant Attorney General
Rhode Island Office of the Attorney
General
150 S. Main Street
Providence, RI 02903
Phone: (401) 274-4400, ext. 2476
Fax:    (401) 222-1766
sprovazza@riag.ri.gov
*Attorney for Plaintiff State of Rhode Island, by Attorney General Peter Neronha*

Kristin Simons (SC Bar No. 74004)
Senior Assistant Attorney General
Danielle Robertson (SC Bar No. 105846)
Assistant Attorney General
South Carolina Attorney General's Office
P.O. Box 11549
Columbia, SC 29211-1549
Phone: (803) 734-6134 (Simons)
        (803) 734-8044 (Robertson)
mailto:ksimons@scag.gov
danirobertson@scag.gov
*Attorneys for Plaintiff State of South Carolina*

Austin C. Ostiguy (TN Bar No. 040301)
Tyler T. Corcoran (TN Bar No. 038887)
Assistant Attorneys General
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202
Phone: (615) 532-7271 (Ostiguy)
        (615) 770-1714 (Corcoran)
Fax:    (615) 532-2910
austin.ostiguy@ag.tn.gov
tyler.corcoran@ag.tn.gov
*Attorneys for Plaintiff State of Tennessee*

David Shatto (Fed. Bar No. 3725697; TX
Bar No. 24104114)
Assistant Attorney General
Attorney General for the State of Texas
Office of the Attorney General
P.O. Box 12548 (MC-010)
Austin, TX 78711
Phone: (512) 463-2185
Fax:    (512) 473-9125
David.Shatto@oag.texas.gov
*Attorney for Plaintiff State of Texas*

Kevin McLean (UT Bar No. 16101)
Assistant Attorney General
Utah Attorney General's Office
160 East 300 South, 5th Floor
P.O. Box 140872
Salt Lake City, UT 84114-0872
Phone: (801) 366-0310
Fax:    (801) 366-0315
kmclean@agutah.gov
*Attorney for Plaintiff Utah Division of Consumer Protection*

Jill Abrams (VT Bar No. 4944)
*(Pro Hac Vice motion forthcoming)*
Office of the Vermont Attorney General
109 State Street
Montpelier, VT 05609-1001
Phone: (802) 828-3171
Fax:    (802) 304-1014
Jill.Abrams@vermont.gov
*Attorney for Plaintiff State of Vermont*

Geoffrey L. Ward (VA Bar No. 89818)
Senior Assistant Attorney General
Office of the Attorney General of Virginia
202 N. Ninth St.
Richmond, VA 23219
Phone: (804) 371-0871
Fax:    (804) 786-0122
gward@oag.state.va.us
*Attorney for Plaintiff Commonwealth of Virginia, ex rel. Jason S. Miyares, Attorney General*

Alexandra Kory (WA Bar No. 49889)
Mina Shahin (WA Bar No. 46661)
Assistant Attorneys General
Washington State Attorney General's Office
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Phone: (206) 516-2997 (Kory)
          (206) 326-5485 (Shahin)
Fax:    (206) 464-6451
Alexandra.Kory@atg.wa.gov
Mina.Shahin@atg.wa.gov
*Attorneys for Plaintiff State of Washington*

Ashley T. Wentz (WV Bar No. 13486)
Assistant Attorney General
West Virginia Attorney General's Office
Consumer Protection/Antitrust Division
P.O. Box 1789
Charleston, WV 25326
Phone: (304) 558-8986
Fax:    (304) 558-0184
Ashley.T.Wentz@wvago.gov
*Attorney for Plaintiff State of West Virginia ex rel. Patrick Morrisey, Attorney General*

Gregory A. Myszkowski (WI Bar No. 1050022)
Assistant Attorney General
Wisconsin Department of Justice
P.O. Box 7857
Madison, WI 53707-7857
Phone: (608) 266-7656
Fax:    (608) 294-2907
myszkowskiga@doj.state.wi.us
*Attorney for Plaintiff State of Wisconsin*

Benjamin M. Peterson (WY Bar No. 8-6513)
Assistant Attorney General
Wyoming Office of the Attorney General
Kendrick Building
2320 Capitol Avenue
Cheyenne, Wyoming 82002
Phone: (307) 777-8240
Fax:    (307) 777-3435
benjamin.peterson2@wyo.gov
*Attorney for Plaintiff State of Wyoming*