# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

State of Arizona, *ex rel.* Kristin K. Mayes, Attorney General, *et al.*,

    Plaintiffs,

v.

Michael D. Lansky, L.L.C., dba Avid Telecom; et al.,

    Defendants.

No.: CV-23-00233-TUC-CKJ

**PROTECTIVE ORDER**

The Court recognizes that discovery in this action is likely to involve production of confidential Material ("Materials" as defined herein) for which special protection may be warranted. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action to facilitate document production and disclosure, and to protect the respective interests of the parties in their confidential information. The parties acknowledge that this Order does not confer blanket protection on all disclosures or responses to discovery; the protection it affords extends only to the Materials entitled to confidential treatment under this Order. This Order shall remain in effect unless modified pursuant to the terms contained in this Order.

Accordingly, **IT IS ORDERED** that the parties' stipulation (Dkt. 107) is granted and the following provisions shall be enforced.

# I. DEFINITIONS

The following Definitions apply in this Order:

A. The term "**Confidential Information**" means information contained or disclosed in any Materials, including documents, portions of documents, documents produced during settlement discussions, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that a party has a good faith belief should be designated as "**CONFIDENTIAL**" or "**PROTECTED CONSUMER INFORMATION,**" as those terms are defined below.

B. The term "**CONFIDENTIAL**" is a designation that means, in the good faith belief of a party and its Counsel, such information is a trade secret the disclosure of which could result in competitive or other economic harm or otherwise protected by Rule 26 of the Federal Rules of Civil Procedure or the disclosure of such information is prohibited or limited by some other statute, court order, and/or other applicable law. Public records and other information that is publicly available, and not otherwise protected against disclosure or discovery should not be designated as CONFIDENTIAL.

C. The term "**PROTECTED CONSUMER INFORMATION**" is a designation that means, in the good faith belief of a party and its Counsel, such information that can be used to identify an individual, either directly or indirectly, including, but not limited to, name, date of birth, social security number, personal finance records, geographic indicators, telephone number, home address, email address, and any other non-public personal information that is protected from disclosure by state or federal privacy laws, including but not limited to confidential proprietary information subject to 47 U.S.C. Section 222 and rules and regulations implementing the statute. PROTECTED CONSUMER INFORMATION also includes information the unrestricted disclosure of which could be harmful to Non-Party residents of the Plaintiff States, as well as information where protections specified in Paragraph 8 herein are warranted.

D. The term "**Materials**" includes, but is not limited to: documents; correspondence; memoranda; financial information; emails; specifications; marketing plans; marketing budgets; customer information; materials that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; forecasts; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; sketches; drawings; notes of discussions with third parties; other notes; business reports; instructions; disclosures; other writings; records of website development; and internet archives.

E. The term "**Counsel**" means all counsel of record throughout the litigation, including outside counsel of record, and other attorneys, paralegals, investigators, accountants, and other litigation or information technology support staff employed in the office of any counsel of record or retained by any counsel of record.

F. The term "**Non-Party**" means any natural person, partnership, corporation, association, or other legal entity not named as a party to this action.

## II. SCOPE

The following provisions apply in this litigation:

The protections conferred by this Protective Order cover not only Confidential Information, but also (1) any information copied or extracted from Confidential Information; (2) all copies, excerpts, summaries, or compilations of Confidential Information; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Confidential Information.

The protections conferred by this Protective Order, however, do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a receiving party or becomes part of the public domain after its disclosure to a receiving party as a result of publication not involving a violation of this Protective Order or another court's order, including becoming part of the public record through trial or otherwise; and (b) any information known to the receiving party prior to the disclosure or obtained by the receiving

3

party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the designating party. Any use of Confidential Information at trial shall be governed by separate agreement or order.

     1.     Each party to this litigation that produces or discloses any Materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and/or transcripts of trial testimony and depositions that the producing party believes in good faith should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "PROTECTED CONSUMER INFORMATION," as those terms are defined in Section I above.

     2.     The designating party must affix the legend "CONFIDENTIAL" or "PROTECTED CONSUMER INFORMATION"," as applicable, to each document that contains Confidential Information in documentary form (e.g., paper or electronic documents, excluding transcripts of depositions or other pretrial or trial proceedings). If only a portion or portions of the material on a page qualifies for protection, the designating party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins), to the extent it is practical to do so.  For Confidential Information that is produced in native electronic format, if not producing from a review platform, the files must be segregated to a folder and the designation legend must be included in every folder name.  When producing Confidential Information from a review platform, the designation legend should be appended to the filename of the native document(s) and on any related imaged slipsheets when produced. If being produced from a review platform with a load file, the original file name and any confidentiality designations should also be included as separate fields in the load file(s). Additionally, any party printing any documents with Confidential Information must affix the designated legend to each page of the printed copy.

     3.     In the event the producing party elects to produce Materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all Materials produced will be considered as Confidential Information, and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of

specified Materials for copying by the inspecting party, the producing party must mark the copies of those Materials that contain Confidential Information with the appropriate designation.

4. Whenever a deposition taken on behalf of any party involves the disclosure of Confidential Information of any party:

(a) Portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order. Such designation must be made on the record whenever possible, but a party may designate portions of depositions or deposition exhibits as containing Confidential Information after transcription of the proceedings. A party will have until thirty (30) days after receipt of the final deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated as Confidential Information.

(b) Prior to the disclosure of Confidential Information, the disclosing party will have the right to exclude from attendance at the deposition any person other than the deponent, Counsel (including their staff and associates), Plaintiffs' representatives, Defendants, the court reporter, and the person(s) agreed upon pursuant to Paragraph 7 below.

(c) The originals of the deposition transcripts and exhibits and all copies of the transcripts and exhibits must bear the legend "CONFIDENTIAL" or "PROTECTED CONSUMER INFORMATION" on only those portions that contain Confidential Information.

(d) If any portion of a videotaped deposition is designated, the original and all copies of any videotape, DVD, or other media container shall be labeled with the appropriate legend in an obvious manner. The designating party shall inform the court reporter of these requirements.

5. The designating party must affix in a prominent place on the exterior of the container or containers in which the Material is produced or stored the legend "CONFIDENTIAL" or "PROTECTED CONSUMER INFORMATION" for Confidential Information produced in some form other than documentary and for any other tangible items. If only a portion or portions of the information or item warrant protection, the designating

5

party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

6. All Confidential Information designated as "CONFIDENTIAL" or "PROTECTED CONSUMER INFORMATION" must not be disclosed by the receiving party to anyone other than those persons designated within this Order, must be handled in the manner set forth below, and must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties or by order of the Court.

7. Information or Materials designated "CONFIDENTIAL" may be viewed only by the individuals listed below:

(a) Counsel (as defined in Section I, Paragraph E, above) for the receiving party;

(b) Independent experts and consultants. Prior to receiving any Confidential Information of the producing party, the expert(s) or consultant(s) and any employees/agents thereof who may receive such information must be given a copy of the Order and execute an "Agreement to Be Bound by Protective Order," attached hereto as Exhibit A;

(c) Mediators or other third parties appointed by the Court or retained by the parties for settlement purposes or resolution of discovery or other disputes and their necessary staff, provided that they are given a copy of the Order and execute an "Agreement to Be Bound by Protective Order," attached hereto as Exhibit A, prior to being shown any Confidential Information;

(d) The Court and any Court staff and administrative personnel;

(e) Any court reporter employed in this litigation and acting in that capacity;

(f) Any person indicated on the face of the document to be its author or co-author, or any person identified on the face of the document as one to whom a copy of such document was sent before its production in this action;

(g) Any other state or any federal government agencies that are investigating and/or prosecuting claims related to the allegations in the Complaint, provided that they are

given a copy of the Order and execute an "Agreement to Be Bound by Protective Order," attached hereto as Exhibit A, prior to being shown any Confidential Information;

(h) Party principals or executives who are required to participate in policy decisions with reference to this action;

(i) Non-expert witnesses, provided that they are given a copy of the Order and execute an "Agreement to Be Bound by Protective Order," attached hereto as Exhibit A, prior to being shown any Confidential Information; and

(j) Stenographic, clerical employees, agents, and investigators associated with the individuals identified above.

8. Information or Materials designated "PROTECTED CONSUMER INFORMATION" may be viewed only by the individuals listed in Paragraph 7 above, and shall not be used for any business or marketing purposes, including but not limited to, advertising, solicitations, telemarketing, commercial email, or other lead generation.

9. The principals, employees or other agents of the parties who received information prior to and apart from this litigation that is subsequently produced and designated in this litigation as being either "CONFIDENTIAL" or "PROTECTED CONSUMER INFORMATION" may retain copies of that information as is necessary for use in their respective business or governmental uses.

10. The terms of this Order are also applicable to information or Materials produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "PROTECTED CONSUMER INFORMATION." Such information produced by a Non-Party in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

11. Each party or Non-Party that designates information or Materials for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that

7

other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

12. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

13. If it comes to a designating party's attention that information or Materials that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

14. Before any information or Materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information, are filed with the Court for any purpose, the party seeking to file such material must obtain the consent of the designating party or seek permission of the Court to file the Materials under seal. **The parties must follow the procedural requirements of LRCiv 5.6.** Nothing in this order shall be construed as automatically permitting a party to file under seal. Every motion to seal, including stipulations pursuant to LRCiv 5.6(d), must identify the legal standard applicable to the document at issue and explain why the material sought to be sealed meets that standard. The party seeking leave of Court shall show "compelling reasons" (where the motion is more than tangentially related to the merits of the case) or "good cause" for filing under seal. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016). Furthermore, the mere fact the parties have designated certain Materials or information as confidential pursuant to an agreement or stipulation does not establish that any legal standard for placing those information or Materials under seal has been met. *See id.*; *see also* LRCiv 5.6. Where a party seeks to seal only certain portions of a given document, the unredacted version of the document, which should be lodged under seal pursuant to LRCiv 5.6(c), must include **highlighting** to indicate which portions of the document the party seeks to redact. Additionally, a party seeking to file under seal shall, within the applicable deadline, file a

redacted, unsealed version of any motion, response or reply if the party is waiting for a ruling from the Court on filing an unredacted, sealed version of the same document.

15. At any stage of these proceedings, any party may object to a designation of information or Materials as Confidential Information. The party objecting to a designation of information or Materials as Confidential Information must submit written objections and the grounds for the objections to Counsel for the producing party. If the dispute is not resolved between the parties within fourteen (14) days of receipt of objections, the designating party must move the Court for a ruling on the objection within seven (7) days. If the designating party does not so move the Court within the designated timeframe, the information shall be deemed as de-designated and the objecting party is no longer obligated to treat the information as Confidential Information. In the event any party files a motion to designate information or Materials as Confidential Information, the document at issue shall be submitted to the Court, under seal, for an in-camera inspection. The information or Materials at issue must be treated as Confidential Information, as designated by the producing party, until the Court has ruled on the objection.

16. All Confidential Information must be held in confidence by those inspecting or receiving it. To the extent the Confidential Information has not been disclosed prior to and apart from this litigation, it must be used only for purposes of this action. If the Confidential Information was exchanged between the parties prior to and apart from this litigation for conducting their respective business or governmental purposes, the parties may continue to use that otherwise Confidential Information for that purpose. The parties may not distribute the Confidential Information beyond those persons or entities that had received the Confidential Information prior to this litigation. In addition, Counsel for each party, and each person receiving Confidential Information, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information.

17. In the event that any Materials (including any Materials protected by Fed. R. Evid. 502) that meet the definition of Confidential Information are inadvertently produced during the pendency of the litigation—regardless of whether or not those Materials have been

9

marked with the designation of "CONFIDENTIAL" or "PROTECTED CONSUMER INFORMATION"—the parties agree to, and the Court orders, protection of Confidential Information against claims of waiver as follows:

(a) the production of documents or electronically stored information ("ESI") (including, without limitation, metadata) subject to a legally recognized claim of privilege or other protection from production or other disclosure, including without limitation the attorney-client privilege and work-product doctrine, shall in no way constitute the voluntary disclosure of such Confidential Information;

(b) the production of Confidential Information shall not result in the waiver of any privilege or protection associated with such Confidential Information as to the receiving party, or any third parties, and shall not result in any waiver of protection, including subject matter waiver, of any kind;

(c) if any document or ESI (including, without limitation, metadata) received by a party is on its face clearly subject to a legally recognizable privilege, immunity, or other right not to produce such information, the receiving party will promptly notify the producing entity in writing that it has discovered Confidential Information, identify the Confidential Information by Bates Number range, and return or sequester such Confidential Information until the producing entity confirms whether it does indeed assert any privilege protecting this information. Once the producing entity asserts privilege over such Confidential Information (as described in subparagraph (e) below), the receiving party will return, sequester, or destroy all copies of such Confidential Information, along with any notes, abstracts or compilations of the content thereof, within ten (10) business days of notice from the producing entity;

(d) upon the request of the producing entity, the receiving party will promptly disclose the names of any individuals who have read or have had access to the Confidential Information;

(e) if the producing entity intends to assert a claim of privilege or other protection over Confidential Information identified by the receiving party, the producing entity will, within ten (10) business days of receiving the receiving party's written notification, inform the

receiving party of such intention in writing and shall provide the receiving party with a log for such Confidential Information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity or basis for non-disclosure, and in the event, if any portion of the Confidential Information does not contain privileged or protected information, the producing entity shall also provide to the receiving party a redacted copy of the Confidential Information that omits the information that the producing entity believes is subject to a claim of privilege, immunity or other protection;

(f)  if, during the course of the litigation, a party determines it has produced Confidential Information, the producing entity may notify the receiving party of such production in writing. The producing entity's written notice must identify the Confidential Information by Bates Number range, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the receiving party with a log for such Confidential Information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity or basis for non-disclosure, and in the event any portion of the Confidential Information does not contain privileged or protected information, the producing entity shall also provide to the receiving party a redacted copy of the Confidential Information that omits the information that the producing entity believes is subject to a claim of privilege, immunity or other protection. The producing entity must also demand the return of the Confidential Information. After receiving such written notification, the receiving party must, within ten (10) business days of receiving the written notification, return, sequester, or destroy the specified Confidential Information and any copies, along with any notes, abstracts or compilations of the content thereof; and

(g)  a receiving party's return, sequestration, or destruction of such Confidential Information as provided in the Subparagraphs above will not act as a waiver of the receiving party's right to move for the production of the returned, sequestered, or destroyed Confidential Information on grounds that the Confidential Information is not in fact subject to a viable claim of privilege or other protection. However, the receiving party is prohibited and estopped from arguing that the producing entity's production of the Confidential Information in this matter

acts as a waiver of applicable privileges or protections, that the disclosure of the Confidential Information by the producing entity was not inadvertent, that the producing entity did not take reasonable steps to prevent the disclosure of the Confidential Information, or that the producing entity did not take reasonable steps to rectify such disclosure.

18. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.  Such party who wrongly disclosed such information must make reasonable attempts to seek recovery and/or destruction of the inadvertently disclosed Confidential Information by the person who received it.

19. No party will be responsible to another party for disclosure of Confidential Information under this Order if the Materials in question are not labeled or otherwise identified as such in accordance with this Order.

20. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the producing party may give written notice to the receiving party that the Materials produced are deemed Confidential Information, and that the Materials produced should be treated as such in accordance with that designation under this Order.  The receiving party must treat the Materials as Confidential Information once the producing party so notifies the receiving party of its inadvertence.  If the receiving party has disclosed the Materials to a subsequent party before receiving the designation, the receiving party must notify the producing party in writing of each such disclosure.  The non-disclosing party will determine whether the receiving party must request that the subsequent party(ies) to whom the receiving party produced the Materials must return and/or destroy the same.  Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced Materials as "CONFIDENTIAL" or "PROTECTED CONSUMER INFORMATION."

21. For those parties or Non-Parties receiving Materials with Confidential Information who are required, by the terms of this Order, to be given a copy of the Order and to execute an "Agreement to Be Bound by Protective Order" attached hereto as Exhibit A, Counsel for the party who shared the Materials with those parties or Non-Parties must retain executed copies of such exhibits.

22. Nothing within this Order will prejudice the right of any party to object to the production of any discovery on the grounds that the Materials are protected as privileged or as attorney work product.

23. Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

24. Materials designated as Confidential Information pursuant to this Order also may be disclosed if: (a) the party or Non-Party making the designation consents to such disclosure; or (b) the Court, after notice to all affected persons, allows or orders such disclosure.

25. If a party is served with a subpoena or a court order issued in other litigation, or in the event a party receives an access request under a public access law that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "PROTECTED CONSUMER INFORMATION" that Party must:

(a) Promptly notify in writing the designating party and the parties who were not issued the demand for disclosure. Such notification will include a copy of the subpoena, public access request, or court order;

(b) Promptly notify in writing the party who caused the subpoena, public access request, or order to be issued that some or all of the Materials covered by the subpoena, request, or order are subject to this Protective Order and provide a copy of that responsive notification to all parties in the litigation. Such notification will include a copy of this Protective Order; and

(c) In the case of a public access request, also promptly notify in writing the party who made the public access request that, if applicable, the information requested was acquired by the state under its consumer protection law and is subject to the confidentiality provisions therein and provide a copy of that responsive notification to all parties in the litigation.

If a party making the designation timely seeks a protective order, the party served with the subpoena, request, or court order will not produce any information designated in this action as "CONFIDENTIAL" or "PROTECTED CONSUMER INFORMATION" before a determination by the court in which the challenge to the designation is being heard, unless the party has obtained the designating party's permission. The designating party will bear the burden and expense of seeking protection in that court of its Confidential Information and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. Nothing contained herein shall alter or limit the obligations of a Plaintiff State that may be imposed by the provisions of each state's respective data practices act, freedom of information act, or similar state public access law, or by any court or administrative agency, regarding the disclosure of documents and information supplied to such Plaintiff State, and nothing contained herein shall alter or limit statutory exemptions from such obligations and provisions.

26. Nothing in this Order shall limit any producing party's use of its own documents or shall prevent any producing party from disclosing its own Confidential Information to any person. Such disclosures shall not affect any confidential designation made pursuant to the terms of this Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information. Nothing in this Order

shall prevent or otherwise restrict Counsel from rendering advice to their clients, and in the course thereof, relying on examination of stamped confidential information.

27. The restrictions and obligations set forth within this Order do not apply to any information that: (a) the parties agree, or the Court rules, is already public knowledge; or (b) the parties agree, or the Court rules, has become public knowledge other than as a result of a violation of this Order.

28. Any party may designate as "CONFIDENTIAL" or "PROTECTED CONSUMER INFORMATION" any Materials that were produced during the course of this action without such designation before the effective date of this Order, as follows:

(a) Parties to this action may designate such Materials by sending written notice of such designation, accompanied by copies of the designated Materials bearing the appropriate legend of "CONFIDENTIAL" or "PROTECTED CONSUMER INFORMATION" to all other parties in possession or custody of such previously undesignated Materials. Any party receiving such notice and copies of designated Materials pursuant to this subparagraph shall destroy or return to the producing party all undesignated copies of such Materials in its custody or possession, or shall affix the appropriate legend to all copies of the designated Materials in its custody or possession.

(b) Upon notice of designation pursuant to this paragraph, parties shall also: (i) make no disclosure of such designated Materials or information contained therein except as allowed under this Order; and (ii) take reasonable steps to notify any persons known to have possession of such designated Materials or information of the effect of such designation under this Order.

(c) All such designations must be made within thirty (30) days of the date of this Order.

29. Transmission by e-mail to the e-mail address identified for each party in the court's records is acceptable for all notification purposes within this Order.

30. This Order may only be modified by written agreement of the parties, subject to approval by the Court.

31. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

32. Nothing in this Order shall be construed as prohibiting any party bound by this Order from complying with any state or federal law.

33. Following the termination of this action, all parties will continue to be bound by this Order with respect to all retained as "CONFIDENTIAL" or "PROTECTED CONSUMER INFORMATION." Any person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information after the conclusion of this litigation.

34. Following the termination of this action, the provisions of this Order shall continue to be binding, except with respect to those documents and information that became a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of Confidential Information and Materials designated as "CONFIDENTIAL" or "PROTECTED CONSUMER INFORMATION" for enforcement of the provisions of this Order following termination of this litigation.

Dated this 10th day of March, 2025.

_____
Honorable Cindy K. Jorgenson
United States District Judge

# **EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| State of Arizona, *ex rel.* Kristin K. Mayes, Attorney General, *et al.*, <br><br>Plaintiffs, <br><br>v. <br><br>Michael D. Lansky, L.L.C., dba Avid Telecom; et al., <br><br>Defendants. | No. CV-23-00233-TUC-CKJ <br><br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

I, _____, declare and say that:

    1. I am employed as _____ by _____.

    2. I have read in its entirety and understand the Protective Order (the "Order") that was issued by the United States District Court for the District of Arizona in the above-captioned case, *State of Arizona et al., v. Michael D. Lansky LLC et al*.

3. I agree that I will use any and all Materials designated as "CONFIDENTIAL" or "PROTECTED CONSUMER INFORMATION"—as these terms are defined in the Order—given to me only in a manner authorized by the Order.

4. I agree that I will not disclose or discuss such Materials designated as "CONFIDENTIAL" or "PROTECTED CONSUMER INFORMATION" with anyone other than the persons described in Paragraph 7 and subject to the restrictions of Paragraph 8 of the Order.

5. I agree that, by signing this agreement, I am subjecting myself to the personal jurisdiction of the United States District Court for the District of Arizona with respect to the enforcement of the Order.

6. I understand that any disclosure or use of Materials designated as "CONFIDENTIAL" or "PROTECTED CONSUMER INFORMATION" in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

7. I will return and/or destroy all Materials designated as "CONFIDENTIAL" or "PROTECTED CONSUMER INFORMATION" to the attorney who provided it to me, upon request of that attorney, and I shall not retain any copies of said Materials or any information contained within that is designated as "CONFIDENTIAL" or "PROTECTED CONSUMER INFORMATION."

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____        _____
                                  Signature