KRISTIN K. MAYES
Attorney General of Arizona
(Firm State Bar No. 14000)
Alyse Meislik (AZ No. 024052)
Laura Dilweg (AZ Bar No. 036066)
Dylan Jones (AZ Bar No. 034185)
Sarah Pelton (AZ Bar No. 039633)
Office of the Arizona Attorney General
2005 North Central Avenue
Phoenix, AZ 85004
Phone: (602) 542-3725
Fax:    (602) 542-4377
consumer@azag.gov
*Lead Counsel for Plaintiffs*
*(See signature pages for complete list*
*of parties represented. LRCiv 7.1)*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, *ex rel*. Kristin K. Mayes, Attorney General; et al., <br><br> Plaintiffs, <br><br> v. <br><br> Michael D. Lansky, L.L.C., dba Avid Telecom, et al., <br><br> Defendants. | CASE NO.: 4:23-cv-00233-TUC-CKJ <br><br> **PLAINTIFF STATES' RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

Plaintiff States, by and through their attorneys, and pursuant to Rule 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, respond and object to Defendants Michael D. Lansky, L.L.C., dba Avid Telecom, Michael D. Lansky, and

Stacey S. Reeves, ("Defendants") First Request for Production of Documents ("Request(s)"), served on December 31, 2024, as follows:

### **PRELIMINARY STATEMENTS**

1.      As used in these responses, Plaintiffs incorporate by reference the terms "Lead Plaintiff States" and "State Law Action States," as those terms are defined by Defendants in Items 16 and 21 of Section II of their First Request for Production of Documents. Any collective reference to "Plaintiffs" or "Plaintiff States" herein will only implicate those states that comprise the combination of states in those two designations, and do not refer to, represent the views of, or make assertions on behalf of, any Plaintiffs in this matter that are not specifically members of either of those defined terms.

2.      Plaintiffs' investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiffs' right to rely on other facts or documents at trial.

3.      Plaintiffs' responses to these Requests are based upon Plaintiffs' knowledge, investigation and preparation to date. Plaintiffs expressly reserve the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

4.      By making the accompanying responses and objections to Defendants' Requests, Plaintiffs do not waive, and hereby expressly reserve, their right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiffs make the responses and objections herein without in any way implying that they consider the Requests, and responses to the Requests, to be relevant or material to the subject matter of this action.

5. Where privileged documents are protected by applicable federal or state laws or rules, the fact that Plaintiffs' response does not specifically delineate a federal or state law or rule shall not be deemed to be a waiver of that privilege.

6. Plaintiffs will produce responsive documents only to the extent that such documents are in the possession, custody, or control of the Plaintiffs, as set forth in the Federal Rules of Civil Procedure. Plaintiffs' possession, custody, or control does not include any constructive possession that may be conferred by Plaintiffs' right or power to compel the production of documents or information from third parties or to request their production from other units, departments, or divisions of the Plaintiffs or agencies of the attorneys general. To the extent Defendants want discovery from any non-parties, they must seek discovery pursuant to Rule 45 of the Rules of Civil Procedure.

7. A response to a Request stating objections and/or indicating that documents will be produced shall not be construed as an indication that there are, in fact, responsive documents that can be located by a reasonable search. Nor shall a response to a Request stating objections and/or indicating that documents will be produced be construed as an indication that Plaintiffs performed any of the acts described in the Request or its Instructions, or that Plaintiffs agree to the characterization of the conduct or activities contained in the Request, Definitions, and/or Instructions applicable to the Request.

8. Publicly available documents including, but not limited to, filings or notices available on Federal Communications Communication's website, news articles, court filings, and documents available on the Internet, will not be produced.

9. In order to expedite proceedings in this action, Plaintiffs may produce some information even though Plaintiffs believe it is subject to a legitimate objection. Production of any information by Plaintiffs should not be construed as waiving any rights or objections that might otherwise be available to Plaintiffs.

10. Subject to the above statements, and the general and specific objections set forth below, Plaintiffs will make documents available for inspection at Plaintiffs'

respective offices or will produce responsive, non-privileged documents, if any, pursuant to a reasonable search protocol.

11.     Plaintiffs are willing to meet and confer about any of the general and specific objections made to any Request.

## **GENERAL OBJECTIONS**

1.     Plaintiffs object to Defendants' Instructions, Definitions and Requests to the extent that they purport to impose any requirements or obligations greater or different from those required by the Federal Rules of Civil Procedure, Local Rules of the United States District Court for the District of Arizona, the Case Management Scheduling Order filed on December 12, 2024 (ECF No. 102), any other orders of the Court, other common law, or applicable federal or state laws.

2.     Plaintiffs object to each Request that is overly broad, unduly burdensome, not relevant, or not reasonably calculated to lead to the discovery of admissible evidence or to the extent that the Request seeks information about entities, individuals and issues unrelated to the issues raised in the Complaint, and is therefore not proportional to the needs of the case. Plaintiffs object to each Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to include a temporal limitation.

3.     Plaintiffs object to the Requests to the extent that they require the Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that the Requests ask for a compilation, summary or analysis of documents or information not in existence.

4.     Plaintiffs object to the Requests, including the Defendants' Definitions and Instructions, to the extent that they request the production of documents and information protected by any privilege, including but not limited to attorney-client privilege, joint prosecution/common interest privilege, executive privilege, deliberative process privilege, law enforcement privilege, attorney work product doctrine, and/or any other applicable privilege or any statute governing the confidentiality of information. The inadvertent

4

disclosure of documents subject to any privilege or protection is not intended to relinquish, and shall not be deemed a waiver of, any applicable privilege or protection. In the event that any privileged information is inadvertently produced, Plaintiffs do not waive or intend to waive the privilege pertaining to such information and reserves the right to demand the return of any such document and all copies pursuant to any ESI Protocol or Protective Order that this Court may issue.

5.      Plaintiffs object to each Request, including Defendants' Definitions and Instructions, to the extent that the documents Defendants seek are exempt or protected from disclosure under a federal or state law, code, or regulation that prohibits disclosure, including but not limited to state laws, codes, or regulations concerning state-specific privileges or privacy.

6.      Plaintiffs object to each Request, including Defendants' Definitions and Instructions, as overly broad and unduly burdensome or duplicative and therefore not proportional to the needs of the case, to the extent it seeks documents or information that are readily or more accessible to Defendant from Defendants' own files, from documents or information in Defendants' possession, or from documents or information that Defendants previously produced to Plaintiffs. Responding to such Requests would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such Requests is substantially the same or less for Defendants as for Plaintiffs.

7.      Plaintiffs object to each Request to the extent that it requires the responding party to marshal all of its available proof or the proof the party intends to offer at trial.

8.      Plaintiffs object to the Requests, including the Definitions (or lack thereof) and Instructions, to the extent that they fail to adequately and specifically describe the subject matter sought and are overly broad, unduly burdensome, vague, ambiguous, or incomprehensible and require Plaintiffs to engage in conjecture as to their meaning.

9.      Plaintiffs object to Defendants' Requests for the production of documents and information that were produced to Plaintiffs by other entities and that may contain confidential, proprietary, or trade secret information.

10.      To the extent any of Defendants' Requests seek documents that include expert material, Plaintiffs object to any such Requests as premature and expressly reserve the right to supplement, clarify, revise, or correct any or all responses to such Requests, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Case Management Scheduling Order (ECF No. 102) or other orders of the Court.

11.      Plaintiffs incorporate by reference every general objection set forth above into each specific response set forth below and into every future supplement to these Requests. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that Request. Moreover, Plaintiffs do not waive their right to amend their responses.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.      As to Instruction A, Plaintiffs object to the instruction to the extent that it purports to impose any requirements or obligations greater or different from those required by the Federal Rules of Civil Procedure, Local Rules of the United States District Court for the District of Arizona, the Case Management Scheduling Order (ECF No. 102), any other orders of the Court, other common law, or applicable federal or state laws.

2.      As to Instruction B, Plaintiffs object to the Request to produce electronically stored information ("ESI") on a DVD. Plaintiffs agree to meet and confer with Defendants to establish an agreeable protocol for the production of ESI.

3.      As to Instruction F, Plaintiffs object to the instruction to the extent that it purports to impose any requirements or obligations greater than or different from those required under Rule 26 of the Federal Rules of Civil Procedure, Local Rules of the United

States District Court for the District of Arizona, the Case Management Scheduling Order (ECF No. 102), any other orders of the Court, other common law, or applicable federal or state laws.

4.      As to Definition 1, Plaintiffs object to the definition of "Actual Knowledge" to the extent that it asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action. Plaintiffs' responses to these Requests are based on authorities interpreting the term "Actual Knowledge." *See, e.g.*, *Off. of Att'y Gen.v. Smartbiz Telecom LLC*, No. 22-23945-CIV, 2024 WL 4251895, at *4 (S.D. Fla. Sept. 19, 2024) ("Defendant had actual notice of the illegal use of its network through the traceback notifications and numerous complaints from suppliers. These notifications provided specific information about the illegal nature of the calls and required [d]efendant to locate and respond to the tracebacks, demonstrating that [d]efendant had actual knowledge of the illegal use of its network."). Plaintiffs' responses to these Requests do not constitute an acceptance of Defendants' definition of the term "Actual Knowledge" or waiver of any argument related thereto.

5.      As to Definition 3, the definitions of "all" and "any" is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that they purport to require production of "All" or "any[sic]" documents.

6.      As to Definition 5, Plaintiffs object to the definition of "Called Party" to the extent that it asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action.

7.      As to Definition 6, Plaintiffs object to the description that a "Civil Investigative Demand" or "CID" means a "discovery" tool. The authority of any Plaintiff State to issue a civil investigative demand varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). Civil investigative demands are thus law enforcement-related pre-suit investigative tools, as opposed to discovery issued after litigation has commenced pursuant to state or federal rules of civil procedure.

8.    As to Definitions 12, 13, 19, and 20, Plaintiffs object to the Definitions to the extent that they purport to impose any requirements or obligations greater or different from those required by the Federal Rules of Civil Procedure, Local Rules of the United States District Court for the District of Arizona, the Case Management Scheduling Order (ECF No. 102), any other orders of the Court, other common law, or applicable federal or state laws.

9.    As to Definitions 16, 21, and 25, Plaintiffs object to the Definitions to the extent that they are not limited to the Persons acting within the scope of the subject matter of this litigation. Plaintiffs will construe those terms to refer to the units, departments, or subdivisions known to have been involved in this action or underlying investigation.

10.    As to Definition 22, Plaintiffs object to the description that a "Subpoena" means a "court issued writ" requiring a person or entity to produce documents and/or information and/or to appear and to provide testimony. As with civil investigative demands, the authority of any Plaintiff State to issue an investigative pre-suit subpoena varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). The authority and procedure for the issuance of subpoenas varies by state and subpoenas may or may not be court issued.

11.    As to Definition 23, the Plaintiffs object to the definition which defines "Traceback" meaning "documents issued by the Industry Traceback identifying the call path information of the call." Defendants' Requests did not reference this term. Where the term is used in any of Plaintiffs' responses to these Requests, Plaintiffs rely on the term as defined in Plaintiffs' Complaint and by USTelecom's Industry Traceback Group.  *See* Complaint at ¶ 22; USTelecom, *Industry Traceback Group Policies and Procedures*, at 5 (revised April 2022), *available at* https://tracebacks.org/wp-content/uploads/2022/04/ITG-Policiesand-Procedures-Updated-Apr-2022.pdf.

12.    As to Definition 25, the Plaintiffs object to the definition of "You" and "your" to mean Southwestern Bell.

13.   Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

## OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

### Document Request 1:

Please produce all **Civil Investigative Demands** issued by any **Lead Plaintiff State** to any **Person** that refers to or relates to any Defendant and/or the telecommunications services provided by any Defendant.

### Response:

Plaintiffs object to the Request as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the services provided by the Defendants.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome, calling for information beyond the scope of any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. This request is not reasonably limited in scope in relation to the subject matter of this case and calls for irrelevant information that would be unduly burdensome to produce.

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs define "relating to" to mean "directly concerning."

Plaintiffs object to Defendants' definition of "Civil Investigative Demand" or "CID" as a "discovery" tool. The authority of any responding Plaintiff to issue a civil investigative demand varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative

authority). Civil investigative demands are thus law enforcement-related pre-suit investigative tools, as opposed to discovery issued after litigation has commenced pursuant to state or federal rules of civil procedure.

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to include a temporal limitation.

Plaintiffs object to the Request to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

**Document Request 2:**

Please produce all **Documents** that refer to, relate to or constitute notice by any **Lead Plaintiff State** to any Defendant that a **Civil Investigative Demand** seeking documents that refer to or relate to any Defendant was to be or had been issued.

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the term "refer or relate to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense

10

in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs define "relating to" to mean "directly concerning."

Plaintiffs object to Defendants' definition of "Civil Investigative Demand" or "CID" as a "discovery" tool. The authority of any responding Plaintiff to issue a civil investigative demand varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). Civil investigative demands are thus law enforcement-related pre-suit investigative tools, as opposed to discovery issued after litigation has commenced pursuant to state or federal rules of civil procedure.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation. Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to this Request because materials that constitute notice to any Defendant that a Civil Investigation Demand is to be issued are not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Request to the extent it seeks any internal materials concerning internal deliberations and communications with other law enforcement regarding the issuance of Civil Investigation Demands because such information concerns legal conclusions are protected opinion work product and protected by the attorney work product privilege, joint prosecution/common interest privilege, and law enforcement prosecutorial privilege.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

11

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs have no responsive documents as the statute or rules under which civil investigative demands were issued have no general or specific requirements to provide any type of notice to the Person that is the subject of the demand.

**Document Request 3:**

Please produce all **Documents** that were produced or otherwise provided by any third party in response a **Civil Investigative Demand** issued by any **Lead Plaintiff State** that refers to or relates to any Defendant and/or the telecommunications services provided by any Defendant.

**Response:**

Plaintiffs object to the Request, as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the services provided by the Defendants.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs define "relating to" to mean "directly concerning."

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to Defendants' definition of "Civil Investigative Demand" or "CID" as a "discovery" tool. The authority of any responding State to issue a civil investigative demand varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). Civil investigative demands are thus law enforcement-related pre-suit

investigative tools, as opposed to discovery issued after litigation has commenced pursuant to state or federal rules of civil procedure.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following entry of a protective order.

**Document Request 4:**

Please produce all **Civil Investigative Demands** issued by any **State Law Action State** to any **Person** that refers to or relates to any Defendant and/or the telecommunications services provided by any Defendant.

**Response:**

Plaintiffs object to the Request as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the services provided by the Defendants.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome, calling for information beyond the scope of any claim or defense in this matter or reasonably calculated to lead to the discover of admissible evidence. This request is not reasonably limited in scope in relation to the subject matter of this case and calls for irrelevant information that would be unduly burdensome to produce.

13

1    Plaintiffs object to the term "refers to or relates to" as overly broad and unduly
2  burdensome, as it purports to call for information that is not relevant to any claim or defense
3  in this matter or reasonably calculated to lead to the discovery of admissible evidence.
4  Plaintiffs define "relating to" to mean "directly concerning."
5    Plaintiffs object to Defendants' definition of "Civil Investigative Demand" or
6  "CID" as a "discovery" tool. The authority of any responding State to issue a civil
7  investigative demand varies per each state's specific statute or rule providing investigative
8  authority to the attorneys general (or other designated officers/agencies with investigative
9  authority). Civil investigative demands are thus law enforcement-related pre-suit
10 investigative tools, as opposed to discovery issued after litigation has commenced pursuant
11 to the state or federal rules of civil procedure.
12    Plaintiffs object to extent that "State Law Action States" is not limited to Persons
13 acting within the scope of the subject matter of this litigation.
14    Plaintiffs object to the Request to the extent that the Request seeks documents
15 already in the custody or control of the Defendants.
16    Plaintiffs object to the Request as overly broad and unduly burdensome and
17 therefore not proportional to the needs of the case to the extent that the Request fails to
18 include a temporal limitation.
19    Plaintiffs are not knowingly withholding documents relevant to claims and defenses
20 in this litigation pursuant to the foregoing objections.
21    Subject to and without waiving the Preliminary Statements, General Objections, and
22 specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative,
23 and relevant responsive documents that have not been previously produced or filed with
24 the District Court and that can be located through a reasonable search of the documents in
25 their possession, custody, or control.
26
27
28

14

**Document Request 5:**

Please produce all **Documents** that refer to, relate to or constitute notice by any **State Law Action State** to any Defendant that a **Civil Investigative Demands** seeking documents that refer to or relate to any Defendant was to be or had been issued.

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the term "refer to, relate to or constitute" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiff defines "relating to" to mean "directly concerning."

Plaintiffs object to Defendants' definition of "Civil Investigative Demand" or "CID" as a "discovery" tool. The authority of any responding State to issue a civil investigative demand varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). Civil investigative demands are thus law enforcement-related pre-suit investigative tools, as opposed to discovery issued after litigation has commenced pursuant to state or federal rules of civil procedure.

Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

Plaintiffs object to extent that "State Law Action State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to this Request because materials that constitute notice to any Defendant that a Civil Investigation Demand is to be issued are not relevant to any claim or defense in this matter nor is it reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Request to the extent it seeks any internal materials concerning internal deliberations and communications with other law enforcement regarding the issuance of Civil Investigation Demands because such information concerns

15

legal conclusions are protected opinion work product and protected by the attorney work product privilege, joint prosecution/common interest privilege, and law enforcement prosecutorial privilege.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to include a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs have no responsive documents as the statute or rules under which civil investigative demands were issued have no general or specific requirements to provide any type of notice to the Person that is the subject of the demand.


**Document Request 6:**

Please produce all **Documents** that were produced or otherwise provided by any third party in response a **Civil Investigative Demand** issued by any **State Law Action State** that refers to or relates to any Defendant and/or the telecommunications services provided by any Defendant.

**Response:**

Plaintiffs object to the Request, as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the services provided by the Defendants.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs define "relating to" to mean "directly concerning."

1    Plaintiffs object to Defendants' definition of "Civil Investigative Demand" or

2    "CID" as a "discovery" tool. The authority of any responding State to issue a civil

3    investigative demand varies per each state's specific statute or rule providing investigative

4    authority to the attorneys general (or other designated officers/agencies with investigative

5    authority). Civil investigative demands are thus law enforcement-related pre-suit

6    investigative tools, as opposed to discovery issued after litigation has commenced pursuant

7    to state or federal rules of civil procedure.

8    Plaintiffs object to extent that "State Law Action States" is not limited to Persons

9    acting within the scope of the subject matter of this litigation.

10    Plaintiffs object to the Request as overly broad and unduly burdensome and

11    therefore not proportional to the needs of the case to the extent that the Request fails to

12    provide a temporal limitation, requesting records outside the scope of this litigation.

13    Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

14    Plaintiffs are not knowingly withholding documents relevant to claims and defenses

15    in this litigation pursuant to the foregoing objections.

16    Subject to and without waiving the Preliminary Statements, General Objections, and

17    specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative,

18    and relevant responsive documents that have not been previously produced or filed with

19    the District Court and that can be located through a reasonable search of the documents in

20    their possession, custody, or control within a reasonable time following entry of a

21    protective order.

22

23    **Document Request 7:**

24    Please produce all subpoenas issued by any **Lead Plaintiff State** that refers to or

25    relates to any Defendant and/or the telecommunications services provided by any

26    Defendant.

27    **Response:**

28

17

Plaintiffs object to the Request as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the services provided by the Defendants.

Plaintiffs object to the Request to the extent that Defendants define "Subpoena" as a "court issued writ" requiring a person or entity to produce documents and/or information and/or to appear and to provide testimony. The authority of any responding Plaintiff to issue an investigative pre-suit subpoena varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). The authority and procedure for the issuance of subpoenas varies by state and subpoenas may or may not be court issued.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to include a temporal limitation.

Plaintiffs object to the Request to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

**Document Request 8**:

Please produce all **Documents** that refer to, relate to or constitute notice by any **Lead Plaintiff State** to any Defendant that a subpoena seeking testimony and/or documents that refer to or relate to any Defendant was to be or had been issued.

**Response**:

18

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the term "refer to, relate to or constitute" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs define "relating to" to mean "directly concerning."

Plaintiffs object to the Request to the extent that Defendants define "Subpoena" as a "court issued writ" requiring a person or entity to produce documents and/or information and/or to appear and to provide testimony. The authority of any responding Plaintiff to issue an investigative pre-suit subpoena varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). The authority and procedure for the issuance of subpoenas varies by state and subpoenas may or may not be court issued.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome, calling for information beyond the scope of any claim or defense in this matter or reasonably calculated to lead to the discover of admissible evidence. This request is not reasonably limited in scope in relation to the subject matter of this case and calls for irrelevant information that would be unduly burdensome to produce.

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs define "relating to" to mean "directly concerning."

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to this Request because materials that constitute notice to any Defendant that a Subpoena is to be issued are not relevant to any claim or defense in this matter nor are they reasonably calculated to lead to the discovery of admissible evidence.

19

Plaintiffs object to this Request to the extent it seeks any internal materials concerning internal deliberations and communications with other law enforcement regarding the issuance of Subpoenas because such information concerns legal conclusions are protected opinion work product and protected by the attorney work product privilege, joint prosecution/common interest privilege, and law enforcement prosecutorial privilege.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs have no responsive documents as the statute or rules under which subpoenas were issued have no general or specific requirements to provide any type of notice to the Person that is the subject of the demand.

**Document Request 9:**

Please produce all **Documents** that were produced or otherwise provided by any third party in response to any subpoena issued by any **Lead Plaintiff State** that refers to or relates to any Defendant and/or the telecommunications services provided by any Defendant.

**Response:**

Plaintiffs object to the Request, as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the services provided by the Defendants.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs define "relating to" to mean "directly concerning."

Plaintiffs object to the Request to the extent that Defendants define "Subpoena" as a "court issued writ" requiring a person or entity to produce documents and/or information and/or to appear and to provide testimony. The authority of any responding Plaintiff to issue an investigative pre-suit subpoena varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). The authority and procedure for the issuance of subpoenas varies by state and subpoenas may or may not be "court issued."

Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following entry of a protective order.

**Document Request 10:**

Please produce the transcripts of all testimony that was provided by any third party in response to any subpoena issued by any **Lead Plaintiff State** that refers to or relates to any Defendant and/or the telecommunications services provided by any Defendant.

**Response:**

Plaintiffs object to the Request as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the services provided by the Defendants.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the Request to the extent that Defendants define "Subpoena" as a "court issued writ" requiring a person or entity to produce documents and/or information and/or to appear and to provide testimony. The authority of any responding Plaintiff to issue an investigative pre-suit subpoena varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). The authority and procedure for the issuance of subpoenas varies by state and subpoenas may or may not be court issued.

Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs define "relating to" to mean "directly concerning."

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

22

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs respond that there are no responsive documents.

**Document Request 11:**

Please produce all subpoenas issued by any **State Law Action State** that refers to or relates to any Defendant and/or the telecommunications services provided by any Defendant.

**Response:**

Plaintiffs object to the Request as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the services provided by the Defendants.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome, calling for information beyond the scope of any claim or defense in this matter or reasonably calculated to lead to the discover of admissible evidence. This Request is not reasonably limited in scope in relation to the subject matter of this case and calls for irrelevant information that would be unduly burdensome to produce.

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs define "relating to" to mean "directly concerning."

Plaintiffs object to the Request to the extent that Defendants define "Subpoena" as a "court issued writ" requiring a person or entity to produce documents and/or information and/or to appear and to provide testimony. The authority of any responding Plaintiff to issue an investigative pre-suit subpoena varies per each state's specific statute or rule

1  providing investigative authority to the attorneys general (or other designated
2  officers/agencies with investigative authority). The authority and procedure for the
3  issuance of subpoenas varies by state and subpoenas may or may not be court issued.

4  Plaintiffs object to extent that "State Law Action State" is not limited to Persons
5  acting within the scope of the subject matter of this litigation.

6  Plaintiffs object to the Request as overly broad and unduly burdensome and
7  therefore not proportional to the needs of the case to the extent that the Request fails to
8  include a temporal limitation.

9  Plaintiffs object to the Request to the extent that the Request seeks documents
10  already in the custody or control of the Defendants.

11  Plaintiffs are not knowingly withholding documents relevant to claims and defenses
12  in this litigation pursuant to the foregoing objections.

13  Subject to and without waiving the Preliminary Statements, General Objections, and
14  specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative,
15  and relevant responsive documents that have not been previously produced or filed with
16  the District Court and that can be located through a reasonable search of the documents in
17  their possession, custody, or control.

18

19  **Document Request 12:**

20  Please produce all Documents that refer to, relate to or constitute notice by any **State**
21  **Law Action State** to any Defendant that a subpoena seeking testimony and/or documents
22  that refer to or relate to any Defendant was to be or had been issued.

23  **Response:**

24  Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly
25  broad and unduly burdensome.

26  Plaintiffs object to the term "refer to, relate to or constitute" as overly broad and
27  unduly burdensome, as it purports to call for information that is not relevant to any claim

28

24

1  or defense in this matter or reasonably calculated to lead to the discovery of admissible
2  evidence. Plaintiffs define "relating to" to mean "directly concerning."

3       Plaintiffs object to the Request to the extent that Defendants define "Subpoena" as
4  a "court issued writ" requiring a person or entity to produce documents and/or information
5  and/or to appear and to provide testimony. The authority of any responding Plaintiff to
6  issue an investigative pre-suit subpoena varies per each state's specific statute or rule
7  providing investigative authority to the attorneys general (or other designated
8  officers/agencies with investigative authority). The authority and procedure for the
9  issuance of subpoenas varies by state and subpoenas may or may not be court issued.

10      Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

11      Plaintiffs object to extent that "State Law Action State" is not limited to Persons
12  acting within the scope of the subject matter of this litigation.

13      Plaintiffs object because materials that constitute notice to any Defendant that a
14  Subpoena is to be issued are not relevant to any claim or defense in this matter or
15  reasonably calculated to lead to the discovery of admissible evidence.

16      Plaintiffs object to this Request to the extent it seeks any internal materials
17  concerning internal deliberations and communications with other law enforcement
18  regarding the issuance of Subpoenas because such information concerns legal conclusions
19  are protected opinion work product and protected by the attorney work product privilege,
20  joint prosecution/common interest privilege, and law enforcement prosecutorial privilege.

21      Plaintiffs object to the Request as overly broad and unduly burdensome and
22  therefore not proportional to the needs of the case to the extent that the Request fails to
23  provide a temporal limitation, requesting records outside the scope of this litigation.

24      Plaintiffs are not knowingly withholding documents relevant to claims and defenses
25  in this litigation pursuant to the foregoing objections.

26      Subject to and without waiving the Preliminary Statements, General Objections, and
27  specific objections, the responding Plaintiffs have no responsive documents as the statute

28

or rules under which subpoenas were issued have no general or specific requirements to provide any type of notice to the Person that is the subject of the demand.

**Document Request 13:**

Please produce all Documents that were produced or otherwise provided by any third party in response to any subpoena issued by any **State Law Action State** that refers to or relates to any Defendant and/or the telecommunications services provided by any Defendant.

**Response:**

Plaintiffs object to the Request, as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the services provided by the Defendants.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiff defines "relating to" to mean "directly concerning."

Plaintiffs object to the Request to the extent that Defendants define "Subpoena" as a "court issued writ" requiring a person or entity to produce documents and/or information and/or to appear and to provide testimony. The authority of any responding Plaintiff to issue an investigative pre-suit subpoena varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). The authority and procedure for the issuance of subpoenas varies by state and subpoenas may or may not be "court issued."

Plaintiffs object to extent that "State Law Action States" is not limited to Persons acting within the scope of the subject matter of this litigation.

1       Plaintiffs object to the Request as overly broad and unduly burdensome and
2  therefore not proportional to the needs of the case to the extent that the Request fails to
3  provide a temporal limitation, requesting records outside the scope of this litigation.

4       Plaintiffs are not knowingly withholding documents relevant to claims and defenses
5  in this litigation pursuant to the foregoing objections.

6       Subject to and without waiving the Preliminary Statements, General Objections, and
7  specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative,
8  and relevant responsive documents that have not been previously produced or filed with
9  the District Court and that can be located through a reasonable search of the documents in
10  their possession, custody, or control within a reasonable time following entry of a
11  protective order.

12

13     **Document Request 14:**

14       Please produce the transcripts of all testimony that was provided by any third party
15  in response to any subpoena issued by any **State Law Action State** that refers to or relates
16  to any Defendant and/or the telecommunications services provided by any Defendant.

17     **Response:**

18       Plaintiffs object to the Request as "telecommunications services" is not a defined
19  term. The use of the term is vague, ambiguous and may mischaracterize the services
20  provided by the Defendants.

21       Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly
22  broad and unduly burdensome.

23       Plaintiffs object to the term "refers to or relates to" as overly broad and unduly
24  burdensome, as it purports to call for information that is not relevant to any claim or defense
25  in this matter or reasonably calculated to lead to the discovery of admissible evidence.
26  Plaintiffs define "refers to" to mean "directly concerning."

27       Plaintiffs object to extent that "State Law Action State" is not limited to Persons
28  acting within the scope of the subject matter of this litigation.

27

Plaintiffs object to the Request to the extent that Defendants define "Subpoena" as a "court issued writ" requiring a person or entity to produce documents and/or information and/or to appear and to provide testimony. The authority of any responding Plaintiff to issue an investigative pre-suit subpoena varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). The authority and procedure for the issuance of subpoenas varies by state and subpoenas may or may not be court issued.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs respond that there are no responsive documents.

**Document Request 15:**

Please produce all **Documents** that refer to, relate to or constitute a request by any **Lead Plaintiff State** to any judicial authority for a wiretap of any communications device (wired, wireless or internet-based) associated with any Defendant and/or any attorney representing any Defendant. Where a wiretap has been placed, please produce a complete copy the authorizing court order as well as all content recorded via the wiretap.

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the use of the terms "refer to, relate to or constitute" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to

1    any claim or defense in this matter or reasonably calculated to lead to the discovery of

2    admissible evidence.

3         Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting

4    within the scope of the subject matter of this litigation.

5         Plaintiffs object to the use "wiretap," "communications device," "wired,"

6    "wireless," and "internet based" as those are not defined terms. The use of those terms is

7    vague and ambiguous.

8         Plaintiffs object to the Request as overly broad and unduly burdensome and

9    therefore not proportional to the needs of the case to the extent that the Request fails to

10   provide a temporal limitation, requesting records outside the scope of this litigation.

11        Plaintiffs are not knowingly withholding documents relevant to claims and defenses

12   in this litigation pursuant to the foregoing objections.

13        Subject to and without waiving the Preliminary Statements, General Objections, and

14   specific objections, the responding Plaintiffs respond that there are no responsive

15   documents.

16

17        **Document Request 16**:

18        Please produce all **Documents** that refer to, relate to or constitute notice by any

19   **Lead Plaintiff State** to any Defendant that a wiretap of any Defendant communications

20   device (wired, wireless or internet-based) was to be or had been requested and/or issued.

21        **Response**:

22        Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly

23   broad and unduly burdensome.

24        Plaintiffs object to the use of the term "refer to, relate to or constitute" as overly

25   broad and unduly burdensome, as it purports to call for information that is not relevant to

26   any claim or defense in this matter or reasonably calculated to lead to the discovery of

27   admissible evidence.

28

1    Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting
2    within the scope of the subject matter of this litigation.

3    Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

4    Plaintiffs object to the use "wiretap," "communications device," "wired,"
5    "wireless," and "internet based" as those are not defined terms. The use of those terms is
6    vague and ambiguous.

7    Plaintiffs object to the Request as overly broad and unduly burdensome and
8    therefore not proportional to the needs of the case to the extent that the Request fails to
9    provide a temporal limitation, requesting records outside the scope of this litigation.

10    Plaintiffs are not knowingly withholding documents relevant to claims and defenses
11    in this litigation pursuant to the foregoing objections.

12    Subject to and without waiving the Preliminary Statements, General Objections, and
13    specific objections, the responding Plaintiffs respond that there are no responsive
14    documents.

15

16    **Document Request 17:**

17    Please produce all **Documents** that refer to, relate to or constitute a request by any
18    **State Law Action State** to any judicial authority for a wiretap of any communications
19    device (wired, wireless or internet-based) associated with any Defendant and/or any
20    attorney representing any Defendant. Where a wiretap has been placed, please produce a
21    complete copy the authorizing court order as well as all content recorded via the wiretap.

22    **Response:**

23    Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly
24    broad and unduly burdensome.

25    Plaintiffs object to the use of the term "refer to, relate to or constitute" as overly
26    broad and unduly burdensome, as it purports to call for information that is not relevant to
27    any claim or defense in this matter or reasonably calculated to lead to the discovery of
28    admissible evidence.

1    Plaintiffs object to the use "wiretap," "communications device," "wired,"
2    "wireless," and "internet based" as those are not defined terms. The use of those terms is
3    vague and ambiguous.

4    Plaintiffs object to extent that "State Law Action States" is not limited to Persons
5    acting within the scope of the subject matter of this litigation.

6    Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

7    Plaintiffs object to the Request as overly broad and unduly burdensome and
8    therefore not proportional to the needs of the case to the extent that the Request fails to
9    provide a temporal limitation, requesting records outside the scope of this litigation

10    Plaintiffs are not knowingly withholding documents relevant to claims and defenses
11    in this litigation pursuant to the foregoing objections.

12    Subject to and without waiving the Preliminary Statements, General Objections, and
13    specific objections, the responding Plaintiffs respond that there are no responsive
14    documents.

15

16    **Document Request 18**:

17    Please produce all **Documents** that refer to, relate to or constitute notice by any
18    **State Law Action State** to any Defendant that a wiretap of any Defendant communications
19    device (wired, wireless or internet-based) was to be or had been requested and/or issued.

20    **Response**:

21    Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly
22    broad and unduly burdensome.

23    Plaintiffs object to the use of the term "refer to, relate to or constitute" as overly
24    broad and unduly burdensome, as it purports to call for information that is not relevant to
25    any claim or defense in this matter or reasonably calculated to lead to the discovery of
26    admissible evidence.

27

28

Plaintiffs object to the use "wiretap," "communications device," "wired," "wireless," and "internet based" as those are not defined terms. The use of those terms is vague and ambiguous.

Plaintiffs object to extent that "State Law Action State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs respond that there are no responsive documents.

**Document Request 19:**

Please produce all Documents, including without limitation, **Call Detail Records (aka "CDRs"),** switch records, server records that contain data associated with calls transited by Avid Telecom obtained from any third party by the **Lead State Plaintiffs**.

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the use of the terms "Call Detail Records (aka "CDRs"), switch records, server records" as vague and ambiguous.

Plaintiffs object to the use of the term "data" as vague and ambiguous. The term is also overly broad and unduly burdensome, requesting records outside the scope of this litigation.

Plaintiffs object to extent that "Lead State Plaintiffs" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the Lead Plaintiff States will produce responsive documents within a reasonable time following the entry of a protective order and ESI protocol.

**Document Request 20:**

Please produce all **Documents**, including without limitation, **Call Detail Records (aka "CDRs"),** switch records, server records, sufficient to identify, by originating and terminating telephone number, *each and every call* that the **Lead Plaintiff States** allege was an illegal under federal law. With respect to each and every call, the Documents produced must include Documents sufficient to identify the Person from whom the Call Data was obtained.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the use of the terms "Call Detail Records (aka "CDRs"), switch records, server records" as vague and ambiguous.

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions,

33

seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that it fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

The responding Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102).

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following entry of a protective order and an ESI agreement.

**Document Request 21**:

Please produce all **Documents**, including without limitation, **Call Detail Records (aka "CDRs")**, switch records, server records that contain data associated with calls transited by **Avid Telecom** obtained from any third party by the **State Law Action States**.

**Response**:

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the use of the terms "Call Detail Records (aka "CDRs"), switch records, server records" as vague and ambiguous.

Plaintiffs object to the use of the term "data" as vague and ambiguous. The term is also overly broad and unduly burdensome, requesting records outside the scope of this litigation.

Plaintiffs object to extent that "State Law Action States" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Subject to the Preliminary Statements and General Objections, the responding Plaintiffs further object to this Request as overly broad and therefore not proportional to the needs of the case. The responding Plaintiffs may collect Call Detail Records ("CDRs") from non-parties pursuant to separate investigations which are not directly related to any Defendant in the instant case. Such CDRs may contain data associated with calls which were also transited by Defendants. The responding Plaintiffs are unable to determine which calls reflected in CDRs obtained in otherwise unrelated investigations may have also been transited by Defendants. To the extent this Request seeks CDRs provided by non-parties which may contain records of calls also transited by Defendants, the responding Plaintiffs are unable to determine whether responsive documents exist and may be withholding such records on the basis of this objection.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in

their possession, custody, or control within a reasonable time following entry of a protective order and an ESI agreement.

### **Document Request 22:**

Please produce all **Documents** including without limitation, ***Call Detail Records (aka "CDRs"), switch records, server records***, sufficient to identify, by originating and terminating telephone number, *each and every call* that the **State Law Action States** allege was an illegal under federal law. With respect to each and every call, the **Documents** produced must include **Documents** sufficient to identify the Person from whom the Call Data was obtained.

### **Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome. Plaintiffs object to the use of the terms "Call Detail Records (aka "CDRs"), switch records, server records" as vague and ambiguous.

Plaintiffs object to extent that "State Law Action States" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs object to the Request to the extent that the Request requires Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that the Requests ask for a compilation, summary or analysis of documents or information not in existence.

1  Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and
2  development of facts relating to this action is ongoing. Plaintiffs' response is based upon
3  Plaintiffs' knowledge, investigation and preparation to date.

4  The responding Plaintiffs further object to this Request to the extent that it calls for
5  information or analysis that is not yet complete and that is information that is properly the
6  subject of expert discovery. The disclosure and production of expert reports and other
7  expert-related materials will occur in accordance with Rule 26 and the dates set forth in the
8  Case Management Scheduling Order (ECF No. 102).

9  Subject to and without waiving the Preliminary Statements, General Objections, and
10 specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative,
11 and relevant responsive documents that have not been previously produced or filed with
12 the District Court and that can be located through a reasonable search of the documents in
13 their possession, custody, or control within a reasonable time following entry of a
14 protective order and an ESI agreement.

15

16 **Document Request 23**:

17 Please produce all **Documents**, including without limitations all research, analyses,
18 studies and the like that support or refute allegations by the **State Law Action States** that
19 calls to wireless phones that are alleged to be illegal were terminated to a phone that was
20 physically located within the alleging state when the call was received.

21 **Response**:

22 Plaintiffs object to this Request as unduly burdensome and overly broad to the extent
23 that it seeks documents and information equally available to Defendants, including publicly
24 available documents and information, since, under Rule 26(b)(1), such information is
25 obtainable from another source that is more convenient, less burdensome, and/or less
26 expensive.

27 Plaintiffs object to the use of "all" as defined by Defendants as overly broad and
28 unduly burdensome.

37

1   Plaintiffs object to the use of the terms "research, analyses, studies and the like" as
2   vague and ambiguous. The terms are also overly broad and unduly burdensome, to the
3   extent that they call for information that is not relevant to any claim or defense in this
4   matter or reasonably calculated to lead to the discovery of admissible evidence.

5   Plaintiffs object to extent that "State Law Action State" is not limited to Persons
6   acting within the scope of the subject matter of this litigation.

7   Plaintiffs object to Defendants' failure to define "illegal," and object to any Request
8   that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions,
9   seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize
10   factual evidence for Defendants.

11   Plaintiffs object to the Request as overly broad and unduly burdensome and
12   therefore not proportional to the needs of the case to the extent that the Request fails to
13   provide a temporal limitation, requesting records outside the scope of this litigation.

14   Plaintiffs are not knowingly withholding documents relevant to claims and defenses
15   in this litigation pursuant to the foregoing objections.

16   Subject to and without waiving the Preliminary Statements, General Objections, and
17   specific objections, the responding Plaintiffs respond that there are no responsive
18   documents.

19

20   **Document Request 24:**

21   Please produce all **Documents**, including without limitation, Do Not Call lists, **Call**
22   **Detail Records (aka "CDRs")**, switch records, server records, sufficient to identify, *each*
23   *and every call* that the **Lead Plaintiff States** allege was terminated in violation of an
24   applicable federal Do Not Call List.

25   **Response:**

26   Plaintiffs object to the use of "all" as defined by Defendants as overly broad and
27   unduly burdensome.

28

38

1    Plaintiffs object to the Request as vague and ambiguous to the extent that the
2    meaning of the phrase "terminated in violation of an applicable federal Do Not Call List"
3    is unclear. Plaintiffs interpret the Request as calling for Documents sufficient to identify
4    calls which violate statutes or rules prohibiting certain calls to phone numbers listed on the
5    National Do Not Call Registry maintained by the Federal Trade Commission.
6    Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and
7    development of facts relating to this action is ongoing. Plaintiffs' response is based upon
8    Plaintiffs' knowledge, investigation and preparation to date.
9    Plaintiffs are not knowingly withholding documents relevant to claims and defenses
10   in this litigation pursuant to the foregoing objections.
11   Subject to and without waiving the Preliminary Statements, General Objections, and
12   specific objections, responding Plaintiffs have not yet compiled each and every call placed
13   in violation of statutes or rules prohibiting calls to phone numbers appearing on the
14   National Do Not Call Registry. Responding Plaintiffs expect to create and produce
15   responsive documents as a part of their expert disclosures pursuant to Fed. R. Civ. P.
16   26(a)(2) and will be disclosed pursuant to the Case Management Order Case filed on
17   December 12, 2024 (ECF No. 102).
18
19   **Document Request 25:**
20   Please produce all **Documents**, including without limitation, Do Not Call lists, **Call**
21   **Detail Records (aka "CDRs")**, switch records, server records, sufficient to identify, *each*
22   *and every call* that the **State Law Action States** allege was terminated in violation of an
23   applicable federal Do Not Call List.
24   **Response:**
25   Plaintiffs object to the use of "all" as defined by Defendants as overly broad and
26   unduly burdensome.
27   Plaintiffs object to the Request as vague and ambiguous to the extent that the
28   meaning of the phrase "terminated in violation of an applicable federal Do Not Call List"

39

is unclear. Plaintiffs interpret the Request as calling for Documents sufficient to identify calls which violate statutes or rules prohibiting certain calls to phone numbers listed on the National Do Not Call Registry maintained by the Federal Trade Commission.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, responding Plaintiffs have not yet compiled each and every call placed in violation of statutes or rules prohibiting calls to phone numbers appearing on the National Do Not Call Registry. Responding Plaintiffs expect to create and produce responsive documents as a part of their expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) and will be disclosed pursuant to the Case Management Order Case (ECF No. 102).

**Document Request 26**:

Please produce all **Documents**, including without limitation, Do Not Call lists, **Call Detail Records (aka "CDRs")**, switch records, server records, sufficient to demonstrate, whether *each and every call* that the **Lead Plaintiff States** allege was terminated in violation of an applicable Do Not Call List was registered as a residential or a business telephone number.

**Response**:

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the Request as vague, ambiguous, overly broad and incomprehensible. Plaintiffs object to the extent that the meaning of the phrase "terminated in violation of an applicable Do Not Call List was registered as a residential or a business

telephone number" is unclear. A call does not violate a "Do Not Call List" but rather a call may violate a statute or rule. Plaintiffs object to the extent that Defendants failed to identify which statute or rule or "violation" is at issue in the Request. Plaintiffs object as Defendants failed to provide a definition for "applicable Do Not Call List." Plaintiffs interpret the Request as seeking Documents relevant to calls that Plaintiffs allege violate Count IV of the Complaint. Plaintiffs further interpret the Request as seeking data corresponding to each violative call which indicates whether the registered telephone number appearing on the National Do Not Call Registry is a residential or business number.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, responding Plaintiffs have no responsive documents as the National Do Not Call Registry does not contain data as to whether each number listed is a residential or business telephone number.

**Document Request 27:**

Please produce all **Documents**, including without limitation, Do Not Call Lists, **Call Detail Records (aka "CDRs"),** switch records, server records, sufficient to demonstrate, whether *each and every call* that the **State Law Action States** allege was terminated in violation of an applicable federal Do Not Call List was registered as a residential or a business telephone number.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the Request as vague, ambiguous, overly broad and incomprehensible. Plaintiffs object to the extent that the meaning of the phrase "terminated in violation of an applicable federal Do Not Call List was registered as a residential or a

41

business telephone number" is unclear. A call does not violate a "Do Not Call List" but rather a call may violate a statute or rule. Plaintiffs object to the extent that Defendants failed to identify which statute or rule or "violation" is at issue in the Request. Plaintiffs object as Defendants failed to provide a definition for "applicable federal Do Not Call List." Plaintiffs interpret the Request as seeking Documents relevant to calls that the State Law Action States allege violate any of their respective state law Counts and to the extent those state law claims rely on the National Do Not Call Registry. Plaintiffs further interpret the Request as seeking documents corresponding to each violative call which indicates whether the registered telephone number appearing on the National Do Not Call Registry is a residential or business number.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, responding Plaintiffs have no responsive documents.

**Document Request 28:**

Please produce all **Documents** including without limitation, all **Documents** containing information provided by the **Called Party**, that such **Called Party** stated that he/she had not authorized the sender to make the each and every call alleged to be illegal in the Complaint (*i.e.,* there was not a valid opt-in).

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the Request to the extent that the definition of "Called Party" asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action.

42

1    Plaintiffs object to Defendants' failure to define "illegal," and object to any Request

2  that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions,

3  seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize

4  factual evidence for Defendants.

5    Plaintiffs object to the Request to the extent that the Request seeks documents

6  already in the custody or control of the Defendants and will not produce those documents.

7    Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and

8  development of facts relating to this action is ongoing. Plaintiffs' response is based upon

9  Plaintiffs' knowledge, investigation and preparation to date.

10    Subject to and without waiving the Preliminary Statements, General Objections, and

11  specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative,

12  and relevant responsive documents that have not been previously produced or filed with

13  the District Court and that can be located through a reasonable search of the documents in

14  their possession, custody, or control within a reasonable time following the entry of a

15  protective order. Additionally, responding Plaintiffs expect to supplement this response as

16  their investigation continues.

17

18    **Document Request 29**:

19    Please produce all **Documents** that refer to, relate to or constitute data collected by

20  the **Lead Plaintiff States**, regarding when the telephone number associated with each call

21  alleged to be illegal was obtained by the **Called Party**.

22    **Response**:

23    Plaintiffs object to the Request based on the definition provided for "Called Party"

24  to the extent that it asserts a legal conclusion, misstates the law or is not exclusively

25  determinative as to each of the Plaintiffs' causes of action.

26    Plaintiffs object to Defendants' failure to define "illegal," and object to any Request

27  that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions,

28

1  seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize

2  factual evidence for Defendants.

3      Plaintiffs object to the Request as overly broad and unduly burdensome and

4  therefore not proportional to the needs of the case to the extent that the Request fails to

5  provide a temporal limitation, requesting records outside the scope of this litigation.

6      Plaintiffs object to this Request as it calls for information that is not relevant to any

7  claim or defense in this matter or reasonably calculated to lead to the discovery of

8  admissible evidence.

9      Subject to and without waiving the Preliminary Statements, General Objections, and

10 specific objections, the responding Plaintiffs respond that there are no responsive

11 documents.

12

13     **Document Request 30**:

14     Please produce all **Documents** that refer to, relate to or constitute data collected by

15 the **Lead Plaintiff States**, evidencing whether a predecessor to the **Called Party** had

16 agreed to accept any of the calls at issue.

17     **Response**:

18     Plaintiffs object to the Request based on the definition provided for "Called Party"

19 to the extent that it asserts a legal conclusion, misstates the law or is not exclusively

20 determinative as to each of the Plaintiffs' causes of action.

21     Responding Plaintiffs object to the Request as vague and ambiguous to the extent

22 that the meaning of the phrase "predecessor" is unclear. The responding Plaintiffs interpret

23 the term as referring to a subscriber to whom a phone number was previously assigned

24 prior to being re-assigned to a different subscriber at the time of a call transited by

25 Defendants.

26     Plaintiffs object to the Request as overly broad and unduly burdensome and

27 therefore not proportional to the needs of the case to the extent that the Request fails to

28 provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs object to this Request as it calls for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs respond that there are no responsive documents.

**Document Request 31:**

Please produce all **Documents** that refer to, relate to or constitute data collected by the **State Law Action States**, regarding when the telephone number associated with each call alleged to be illegal was obtained by the **Called Party**.

**Response:**

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs object to this Request as it calls for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to the Request based on the definition provided for "Called Party," to the extent that it asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs respond that there are no responsive documents.

45

**Document Request 32:**

Please produce all **Documents** that refer to, relate to or constitute data collected by the **State Law Action States**, evidencing whether a predecessor to the **Called Party** had agreed to accept any of the calls at issue.

**Response:**

Plaintiffs object to the Request based on the definition provided for "Called Party," to the extent that it asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action.

Responding Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "predecessor" is unclear. The responding Plaintiffs interpret the term as referring to a subscriber to whom a phone number was previously assigned prior to being re-assigned to a different subscriber at the time of a call transited by Defendants.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs object to this Request as it calls for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs respond that there are no responsive documents.

**Document Request 33:**

Please produce all **Documents** that the **Lead Plaintiff States** allege demonstrate that **Michael D. Lansky**, in his individual capacity, had **Actual Knowledge** at the time that a call transited the Avid Telecom network that *each and every* call identified in the previous Request was an illegal robocall under federal law.

46

1    **Response**:

2        Plaintiffs object to the use of "all" as defined by Defendants as overly broad and

3    unduly burdensome.

4        Plaintiffs object to Defendants' failure to define "illegal," and object to any Request

5    that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions,

6    seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize

7    factual evidence for Defendants.

8        Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and

9    development of facts relating to this action is ongoing. Plaintiffs' response is based upon

10   Plaintiffs' knowledge, investigation and preparation to date.

11       Plaintiffs object to the Request to the extent that the term "Actual Knowledge"

12   asserts a legal conclusion, misstates the law or is not exclusively determinative as to each

13   of the Plaintiffs' causes of action. Plaintiffs' response to this Request is based on authorities

14   interpreting the term "Actual Knowledge." *See, e.g.*, *Off. of Att'y Gen. v. Smartbiz Telecom*

15   *LLC*, No. 22-23945-CIV, 2024 WL 4251895, at *4 (S.D. Fla. Sept. 19, 2024) ("Defendant

16   had actual notice of the illegal use of its network through the Traceback notifications and

17   numerous complaints from suppliers. These notifications provided specific information

18   about the illegal nature of the calls and required [d]efendant to locate and respond to the

19   Tracebacks, demonstrating that [d]efendant had actual knowledge of the illegal use of its

20   network."). Plaintiffs' response to this Request does not constitute an acceptance of

21   Defendants' definition of the term "Actual Knowledge" or waive any argument related

22   thereto.

23       Subject to and without waiving the Preliminary Statements, General Objections, and

24   specific objections, responding Plaintiffs state that there are no responsive documents

25   related to Request 32, and so no responsive documents to this Request. In light of the

26   vagueness and ambiguity of the Request, responding Plaintiffs are not purposefully

27   withholding responsive documents.

28

In the alternative, to the extent that Defendants' use of the undefined term "previous Request" was meant to request the production of documents referenced in Request Nos. 20, 22, or 24 through 28, which use the term "each and every call," in response to those Requests, responding Plaintiffs have or will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Document Request 34**:

Please produce all **Documents** that the **Lead Plaintiff States** allege demonstrate that **Michael D. Lansky**, in his individual capacity, had **Actual Knowledge** at any time after a call transited the **Avid Telecom** network that *each and every* call identified in the previous Request was an illegal robocall under federal law.

**Response**:

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request to the extent that the term "Actual Knowledge" asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action. Plaintiffs' response to this Request is based on authorities interpreting the term "Actual Knowledge." *See, e.g.*, *Off. of Att'y Gen. v. Smartbiz Telecom LLC*, No. 22-23945-CIV, 2024 WL 4251895, at *4 (S.D. Fla. Sept. 19, 2024) ("Defendant had actual notice of the illegal use of its network through the traceback notifications and numerous complaints from suppliers. These notifications provided specific information

48

about the illegal nature of the calls and required [d]efendant to locate and respond to the tracebacks, demonstrating that [d]efendant had actual knowledge of the illegal use of its network."). Plaintiffs' response to this Request does not constitute an acceptance of Defendants' definition of the term "Actual Knowledge" or waive any argument related thereto.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, Plaintiffs state that there are no responsive documents related to Request 33, and so no responsive documents to this Request.

In the alternative, to the extent that Defendants' use of the undefined term "previous Request" was meant to request the production of documents referenced in Request Nos. 20, 22, or 24 through 28, which use the term "each and every call," in response to those Requests, the responding Plaintiffs have produced or will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Document Request 35:**

Please produce all **Documents** that the **State Law Action States** allege demonstrate that **Michael D. Lansky**, in his individual capacity, had **Actual Knowledge** at the time that a call transited the **Avid Telecom** network that *each and every* call identified in the previous Request was an illegal robocall under state law.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

49

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Plaintiffs object to the Request to the extent that the term "Actual Knowledge" asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action. Plaintiffs' response to this Request is based on authorities interpreting the term "Actual Knowledge'' *See, e.g.*, *Off. of Att'y Gen. v. Smartbiz Telecom LLC*, No. 22-23945-CIV, 2024 WL 4251895, at *4 (S.D. Fla. Sept. 19, 2024) ("Defendant had actual notice of the illegal use of its network through the traceback notifications and numerous complaints from suppliers. These notifications provided specific information about the illegal nature of the calls and required [d]efendant to locate and respond to the tracebacks, demonstrating that [d]efendant had actual knowledge of the illegal use of its network."). Plaintiffs' responses to this Request does not constitute an acceptance of Defendants' definition of the term "Actual Knowledge" or waive any argument related thereto.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, Plaintiffs state that there are no responsive documents related to Request 34, and so no responsive documents to this Request.

In the alternative, to the extent that Defendants' use of the undefined term "previous Request" was meant to request the production of documents referenced in Request Nos. 20, 22, or 24 through 28, which use the term "each and every call," in response to those Requests, the responding Plaintiffs have or will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in

their possession, custody, or control within a reasonable time following the entry of a protective order.

**Document Request 36:**

Please produce all **Documents** that the **State Law Action States** allege demonstrate that **Michael D. Lansky**, in his individual capacity, had **Actual Knowledge** at any time after a call transited the **Avid Telecom** network that *each and every* call identified in the previous Request was an illegal robocall under state law.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request to the extent that Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Plaintiffs object to the Request to the extent that the term "Actual Knowledge" asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action. Plaintiffs' response to this Request is based on authorities interpreting the term "Actual Knowledge." *See, e.g., Off. of Att'y Gen. v. Smartbiz Telecom LLC*, No. 22-23945-CIV, 2024 WL 4251895, at *4 (S.D. Fla. Sept. 19, 2024) ("Defendant had actual notice of the illegal use of its network through the traceback notifications and numerous complaints from suppliers. These notifications provided specific information about the illegal nature of the calls and required [d]efendant to locate and respond to the tracebacks, demonstrating that [d]efendant had actual knowledge of the illegal use of its network."). Plaintiffs' responses to these Requests do not constitute an acceptance of

51

Defendants' definition of the term "Actual Knowledge" or waive any argument related thereto.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, Plaintiffs state that there are no responsive documents related to Request 35, and so there are no responsive documents to this Request.

In the alternative, to the extent that Defendants' use of the undefined term "previous Request" was meant to request the production of documents referenced in Request Nos. 20, 22, or 24 through 28, which use the term "each and every call," in response to those Requests, the responding Plaintiffs have produced or will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Document Request 37:**

Please produce all **Documents** that the **Lead Plaintiff States** allege demonstrate that **Stacey S. Reeves**, in her individual capacity, had **Actual Knowledge** at the time that a call transited the Avid Telecom network that *each and every* call identified in the previous Request was an illegal robocall under federal law.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request to the extent that the term "Actual Knowledge" asserts a legal conclusion, misstates the law or is not exclusively determinative as to each

of the Plaintiffs' causes of action. Plaintiffs' response to this Request is based on authorities interpreting the term "Actual Knowledge." *See, e.g.*, *Off. of Att'y Gen. v. Smartbiz Telecom LLC*, No. 22-23945-CIV, 2024 WL 4251895, at *4 (S.D. Fla. Sept. 19, 2024) ("Defendant had actual notice of the illegal use of its network through the traceback notifications and numerous complaints from suppliers. These notifications provided specific information about the illegal nature of the calls and required [d]efendant to locate and respond to the tracebacks, demonstrating that [d]efendant had actual knowledge of the illegal use of its network."). Plaintiffs' response to this Request does not constitute an acceptance of Defendants' definition of the term "Actual Knowledge" or waive any argument related thereto.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, Plaintiffs state that there are no responsive documents related to Request 36, and so there are no responsive documents to this Request.

In the alternative, to the extent that Defendants' use of the undefined term "previous Request" was meant to request the production of documents referenced in Request Nos. 20, 22, or 24 through 28, which use the term "each and every call," in response to those Requests, the responding Plaintiffs have produced or will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Document Request 38:**

Please produce all Documents that the **Lead Plaintiff States** allege demonstrate that **Stacey S. Reeves**, in her individual capacity, had **Actual Knowledge** at any time after a

call transited the Avid Telecom network that *each and every* call identified in the previous Request was an illegal robocall under federal law.

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Plaintiffs object to the Request to the extent that the term "Actual Knowledge" asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action. Plaintiffs' response to this Request is based on authorities interpreting the term "Actual Knowledge." *See, e.g., Off. of Att'y Gen. v. Smartbiz Telecom LLC*, No. 22-23945-CIV, 2024 WL 4251895, at *4 (S.D. Fla. Sept. 19, 2024) ("Defendant had actual notice of the illegal use of its network through the traceback notifications and numerous complaints from suppliers. These notifications provided specific information about the illegal nature of the calls and required [d]efendant to locate and respond to the tracebacks, demonstrating that [d]efendant had actual knowledge of the illegal use of its network."). Plaintiffs' response to this Request does not constitute an acceptance of Defendants' definition of the term "Actual Knowledge" or waive any argument related thereto.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, Plaintiffs state that there are no responsive documents related to Request 37, and so no responsive documents to this Request.

In the alternative, to the extent that Defendants' use of the undefined term "previous Request" was meant to request the production of documents referenced in Request Nos. 20, 22, or 24 through 28, which use the term "each and every call," in response to those Requests, the responding Plaintiffs have produced or will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Document Request 39:**

Please produce all **Documents** that the **State Law Action States** allege demonstrate that **Stacey S. Reeves**, in her individual capacity, had **Actual Knowledge** at the time that a call transited the Avid Network that *each and every* call identified in the previous Request was an illegal robocall under state law.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Plaintiffs object to the Request to the extent that the term "Actual Knowledge" asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action. Plaintiffs' response to this Request is based on authorities interpreting the term "Actual Knowledge." *See, e.g.*, *Off. of Att'y Gen. v. Smartbiz Telecom*

*LLC*, No. 22-23945-CIV, 2024 WL 4251895, at *4 (S.D. Fla. Sept. 19, 2024) ("Defendant had actual notice of the illegal use of its network through the traceback notifications and numerous complaints from suppliers. These notifications provided specific information about the illegal nature of the calls and required [d]efendant to locate and respond to the tracebacks, demonstrating that [d]efendant had actual knowledge of the illegal use of its network."). Plaintiffs' response to this Request does not constitute an acceptance of Defendants' definition of the term "Actual Knowledge" or waive any argument related thereto.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, Plaintiffs state that there are no responsive documents related to Request 38, and so no responsive documents to this Request.

In the alternative, to the extent that Defendants' use of the undefined term "previous Request" was meant to request the production of documents referenced in Request Nos. 20, 22, or 24 through 28, which use the term "each and every call," in response to those Requests, the responding Plaintiffs have produced or will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Document Request 40**:

Please produce all **Documents** that the **State Law Action States** allege demonstrate that **Stacey S. Reeves**, in her individual capacity, had **Actual Knowledge** at any time after a call transited the Avid Network that *each and every* call identified in the previous Request was an illegal robocall under state law.

**Response**:

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

56

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Plaintiffs object to the Request to the extent that the term "Actual Knowledge" asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action. Plaintiffs' response to this Request is based on authorities interpreting the term "Actual Knowledge." *See, e.g.*, *Off. of Att'y Gen. v. Smartbiz Telecom LLC*, No. 22-23945-CIV, 2024 WL 4251895, at *4 (S.D. Fla. Sept. 19, 2024) ("Defendant had actual notice of the illegal use of its network through the traceback notifications and numerous complaints from suppliers. These notifications provided specific information about the illegal nature of the calls and required [d]efendant to locate and respond to the tracebacks, demonstrating that [d]efendant had actual knowledge of the illegal use of its network."). Plaintiffs' response to this Request does not constitute an acceptance of Defendants' definition of the term "Actual Knowledge" or waive any argument related thereto.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, Plaintiffs state that there are no responsive documents related to Request 39, and so no responsive documents to this Request.

In the alternative, to the extent that Defendants' use of the undefined term "previous Request" was meant to request the production of documents referenced in Request Nos. 20, 22, or 24 through 28, which use the term "each and every call," in response to those Requests, the responding Plaintiffs have or will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in

their possession, custody, or control within a reasonable time following the entry of a protective order.

**Document Request 41:**

Please produce all **Documents** that the **Lead Plaintiff States** allege demonstrate that **Stacey S. Reeves** had the actual authority to make any decision on behalf Avid Telecom; *i.e.,* not just that she stated a position but that she had the authority to make the decision and did so on her own without input from Mr. Lansky).

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the term "actual authority" as the term is not defined and calls for a legal conclusion.

Plaintiffs object to this Request as it calls for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it is vague and ambiguous as to whether it is seeking documents containing facts or seeking responding Plaintiffs' application of the law to those facts.

Plaintiffs object to this Request to the extent it seeks factual documents on the grounds that it calls for documents that are in the possession, custody, or control of the Defendants.

Plaintiffs object to this Request to the extent it seeks documents in which responding Plaintiffs applied the law to facts. Documents relating to Plaintiffs' legal conclusions are protected opinion work product and information protected by the deliberative process privilege, attorney-client privilege, law enforcement privilege, as well as the joint prosecution, common interest privilege, and the attorney trial preparation and attorney work product doctrines. Plaintiffs are not withholding any documents based on this privilege objection.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Document Request 42:**

Please produce all **Documents** that the **State Law Action States** allege demonstrate that **Stacey S. Reeves** had the actual authority to make any decision on behalf Avid Telecom; *i.e.,* not just that she stated a position but that she had the authority to make the decision and did so on her own without input from Mr. Lansky).

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the term "actual authority" as the term is not defined and calls for a legal conclusion.

Plaintiffs object to this Request as it calls for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to the Request to the extent that is it vague and ambiguous as to whether it is seeking documents containing facts or responding Plaintiffs' application of the law to those facts.

Plaintiffs object to this Request to the extent it seeks factual documents on the grounds that it calls for documents that are in the possession, custody, or control of the Defendants.

Plaintiffs object to this Request to the extent it seeks documents in which responding Plaintiffs applied the law to facts. Documents relating to Plaintiffs' legal conclusions are

protected opinion work product and information protected by the deliberative process privilege, attorney-client privilege, law enforcement privilege, as well as the joint prosecution, common interest privilege and the attorney trial preparation, and attorney work product doctrines. Plaintiffs are not withholding any documents based on this privilege objection.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Document Request 43:**

Please produce all **Documents** that the **Lead Plaintiff States** allege demonstrate that **Stacey S. Reeves** was an employee of Avid Telecom.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to this Request as it calls for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to the Request to the extent that is it vague and ambiguous as to whether it is seeking documents containing facts or responding Plaintiffs' application of the law to those facts.

Plaintiffs object to this Request to the extent it seeks factual documents on the grounds that it calls for documents that are in the possession, custody, or control of the Defendants.

Plaintiffs object to this Request to the extent it seeks documents in which responding Plaintiffs applied the law to facts. Documents relating to Plaintiffs' legal conclusions are protected opinion work product and information protected by the deliberative process privilege, attorney-client privilege, law enforcement privilege, as well as the joint prosecution, common interest privilege and the attorney trial preparation, and attorney work product doctrines. Plaintiffs are not withholding any documents based on this privilege objection.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Document Request 44:**

Please produce all **Documents** that the **State Law Action States** allege demonstrate that **Stacey S. Reeves** was an employee of Avid Telecom.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to extent that "State Law Action State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to this Request as calls for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to the Request to the extent that is it vague and ambiguous as to whether it is seeking documents containing facts or responding Plaintiffs' application of the law to those facts.

Plaintiffs object to this Request to the extent it seeks factual documents on the grounds that it calls for documents that are in the possession, custody, or control of the Defendants.

Plaintiffs object to this Request to the extent it seeks documents in which responding Plaintiffs applied the law to facts. Documents relating to Plaintiffs' legal conclusions are protected opinion work product and information protected by the deliberative process privilege, attorney-client privilege, law enforcement privilege, as well as the joint prosecution, common interest privilege and the attorney trial preparation, and attorney work product doctrines. Plaintiffs are not withholding any documents based on this privilege objection.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Document Request 45:**

Please produce all **Documents** that constitute a conclusion by an agency (*e.g.,* the FCC) or court with jurisdiction that any specific call transited by Avid Telecom was illegal.

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions,

1    seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize
2    factual evidence for Defendants.

3      Plaintiffs object to the Request as overly broad and unduly burdensome and
4    therefore not proportional to the needs of the case to the extent that the Request fails to
5    provide a temporal limitation, requesting records outside the scope of this litigation.

6      Plaintiffs object to the Request to the extent that the Request seeks documents
7    already in the custody or control of the Defendants.

8      Plaintiffs object to the phrase "constitutes a conclusion by an agency" to the extent
9    that such phrase is not defined, is vague and ambiguous and not relevant or determinative
10   to the Plaintiffs' causes of action. Responding Plaintiffs interpret the phrase to mean
11   documents which contain information sufficient to support a reasonable belief that a call
12   transited by Avid Telecom was illegal.

13     Plaintiffs object to this Request as unduly burdensome and overly broad to the extent
14   that it seeks documents and information equally available to Defendants, including publicly
15   available documents and information, https://www.fcc.gov/robocall-facilitators-must-
16   cease-and-desistsince, under Rule 26(b)(1), such information is obtainable from another
17   source that is more convenient, less burdensome, and/or less expensive. Plaintiffs will not
18   produce any documents because they are equally available to Defendants. *See, e.g.*,
19   Complaint (ECF No. 1) at ¶¶ 110–19, 125; FCC, *Robocall Facilitators Must Cease and*
20   *Desist*, https://www.fcc.gov/robocall-facilitators-must-cease-and-desist and publicly filed
21   court documents.

22
23     **Document Request 46:**

24     Please produce all **Documents** that refer to or relate to the reason(s) why each **Lead**
25   **Plaintiff State** decided to participate in this Civil Action.

26     **Response:**

27     Plaintiffs object to the use of "all" as defined by Defendants as overly broad and
28   unduly burdensome.

1    Other than the documents and information Plaintiffs reviewed that informed the
2    factual allegations set forth in Plaintiffs' Complaint that support each cause of action,
3    Responding Plaintiffs object to the Request as the reason(s) why each responding Plaintiff
4    decided to participate in this Civil Action are not relevant to any claim or defense in this
5    matter or reasonably calculated to lead to the discovery of admissible evidence. The
6    responding Plaintiffs are withholding production of documents on the basis of these
7    objections.

8        Responding Plaintiffs further object to this Request on the basis that it is overly
9    broad and unduly burdensome and therefore not proportional to the needs of the case to the
10   extent it seeks every document reviewed by Plaintiffs up to the point when each made the
11   determination to participate without any limitation on the scope, subject matter, time
12   limitation, or relevance.

13       The responding Plaintiffs object to the Request as it seeks protected opinion work
14   product and information that is presumptively privileged on numerous grounds and
15   inherently protected by the deliberative process privilege, attorney-client privilege,
16   executive privilege, law enforcement privilege, as well as the joint prosecution, common
17   interest privilege and the attorney trial preparation, and attorney work product doctrines.
18   The thoughts and mental impressions of staff attorneys charged with investigating and
19   litigating cases regarding fraudulent or otherwise illegal call traffic constitute protected
20   opinion work-product. *Hickman v. Taylor*, 329 U.S. 495, 510 (1947). The deliberative
21   process privilege applies to information that is pre-decisional and assists an agency
22   decision maker in arriving at a decision on legal or policy matters. *F.T.C. v. Warner*
23   *Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984). The disclosure of documents that
24   refer or related to the reasons why each responding Plaintiffs decided to participate in this
25   Civil Action would necessarily reveal thoughts and mental impressions of the attorneys
26   conducting this litigation and pre-decisional information that assists agency decision
27   makers in arriving at a decision on legal matters.

28

1    Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs

2  to marshal all of their available proof or the proof they intend to offer at trial.

3    Subject to and without waiving the Preliminary Statements, General Objections, and

4  specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative,

5  and relevant responsive documents that have not been previously produced or filed with

6  the District Court and that can be located through a reasonable search of the documents in

7  their possession, custody, or control within a reasonable time following the entry of a

8  protective order.

9

10    **Document Request 47:**

11    Please produce **Documents** sufficient to identify the person(s) in each **Lead**

12  **Plaintiff State** who made the decision to participate in this Civil Action.

13    **Response:**

14    Responding Plaintiffs object to the Request as the identities of the Person(s)

15  involved in making the decision to participate in this Civil Action are not relevant to any

16  claim or defense in this matter or reasonably calculated to lead to the discovery of

17  admissible evidence. The responding Plaintiffs are withholding production of documents

18  on the basis of this objection.

19    The responding Plaintiffs further object to the Request to the extent it seeks

20  protected opinion work product and information that is presumptively privileged on

21  numerous grounds and inherently protected by the deliberative process privilege, attorney-

22  client privilege, executive privilege, law enforcement privilege, as well as the joint

23  prosecution, common interest privilege and the attorney trial preparation, and attorney

24  work product doctrines. The thoughts and mental impressions of staff attorneys charged

25  with investigating and litigating cases regarding fraudulent or otherwise illegal call traffic

26  constitute protected opinion work-product. *Hickman v. Taylor*, 329 U.S. 495, 510 (1947).

27  The deliberative process privilege applies to information that is pre-decisional and assists

28

65

an agency decision maker in arriving at a decision on legal or policy matters. *F.T.C. v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984).

**Document Request 48:**

Please produce all **Documents**, including without limitation, all press releases, statements to the press or any third party, made by each **Lead Plaintiff State** about any Defendant and/or this Civil Action.

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, and therefore requests records outside the scope of this litigation.

Plaintiffs object to this Request as overly broad and unduly burdensome, as well as vague and ambiguous, to the extent that it seeks all press releases, statements to the press and any third party without restricting the request to the scope of the subject matter of this litigation.

Plaintiffs object to this Request as it calls for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

The responding Plaintiffs object to the Request, to the extent it is seeking any non-public records, as seeking information protected by the deliberative process privilege, joint prosecution/common interest privilege, law enforcement privilege and the attorney trial preparation and attorney work product doctrines.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

**Document Request 49:**

Please produce all **Documents** that refer to or relate to the reason(s) why each **State Law Action State** decided to participate in this Civil Action.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Other than the documents and information Plaintiffs reviewed that informed the factual allegations set forth in Plaintiffs' Complaint that support each cause of action, Responding Plaintiffs object to the Request as the reason(s) why each responding Plaintiff decided to participate in this Civil Action are not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. The responding Plaintiffs are withholding production of documents on the basis of this objection.

The responding Plaintiffs further object to this Request on the basis that it is overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent it seeks every document reviewed by Plaintiffs up to the point when the

67

1 determination to participate was made without any limitation on the scope, subject matter,

2 time limitation, or relevance.

3          Responding Plaintiffs object to the Request to the extent that it seeks protected

4 opinion work product and information that is presumptively privileged on numerous

5 grounds and inherently protected by the deliberative process privilege, attorney-client

6 privilege, executive privilege, law enforcement privilege, as well as the joint prosecution,

7 common interest privilege and the attorney trial preparation, and attorney work product

8 doctrines. The thoughts and mental impressions of staff attorneys charged with

9 investigating and litigating cases regarding fraudulent or otherwise illegal call traffic

10 constitute protected opinion work-product. *Hickman v. Taylor*, 329 U.S. 495, 510 (1947).

11 The deliberative process privilege applies to information that is pre-decisional and assists

12 an agency decision maker in arriving at a decision on legal or policy matters. *F.T.C. v.*

13 *Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984). The disclosure of documents

14 that refer or relate to the reasons why each responding Plaintiff decided to participate in

15 this Civil Action would necessarily reveal thoughts and mental impressions of the attorneys

16 conducting this litigation and pre-decisional information that assists agency decision

17 makers in arriving at a decision on legal matters.

18          Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs

19 to marshal all of their available proof or the proof they intend to offer at trial.

20          Subject to and without waiving the Preliminary Statements, General Objections, and

21 specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative,

22 and relevant responsive documents that have not been previously produced or filed with

23 the District Court and that can be located through a reasonable search of the documents in

24 their possession, custody, or control within a reasonable time following the entry of a

25 protective order.

26

27

28

**Document Request 50**:

Please produce **Documents** sufficient to identify the person(s) in each **State Law Action State** who made the decision to participate in this Civil Action.

**Response**:

Responding Plaintiffs object to the Request as the identities of the Person(s) involved in making the decision to participate in this Civil Action are not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. The responding Plaintiffs are withholding production of documents on the basis of this objection.

The responding Plaintiffs object to the Request to the extent that it seeks protected opinion work product and information that is presumptively privileged on numerous grounds and inherently protected by the deliberative process privilege, attorney-client privilege, executive privilege, law enforcement privilege, as well as the joint prosecution, common interest privilege and the attorney trial preparation, and attorney work product doctrines The thoughts and mental impressions of staff attorneys charged with investigating and litigating cases regarding fraudulent or otherwise illegal call traffic constitute protected opinion work-product. *Hickman v. Taylor*, 329 U.S. 495, 510 (1947). The deliberative process privilege applies to information that is pre-decisional and assists an agency decision maker in arriving at a decision on legal or policy matters. *F.T.C. v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984).


**Document Request 51**:

Please produce all **Documents**, including without limitation, all press releases, statements to the press or any third party, made by each **State Law Action State** about any Defendant and/or this Civil Action.

**Response**:

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

69

Plaintiffs object to extent that "State Law Action State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, therefore requests records outside the scope of this litigation.

Plaintiffs object to this Request as overly broad and unduly burdensome, as well as vague and ambiguous, to the extent that it seeks all press releases, statements to the press and any third party without restricting the request to the scope of the subject matter of this litigation.

Plaintiffs object to this Request as it calls for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

The responding Plaintiffs object to the Request, to the extent it is seeking any non-public records, as seeking information protected by the deliberative process privilege, joint prosecution/common interest privilege, law enforcement privilege and the attorney trial preparation and attorney work product doctrines.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

1    **Document Request 52:**

2    Please produce all **Documents** utilized by the **Lead Plaintiff States** to calculate the

3    damages calculate the damages forth in the **Complaint** arising out of federal law.

4    **Response:**

5    Plaintiffs have no responsive documents as there are no damage calculations set

6    forth in Plaintiffs' Complaint.

7

8    **Document Request 53:**

9    Please produce all **Documents** utilized by the **State Law Action State** to calculate

10   the damages set forth in the **Complaint** arising out of state law.

11   **Response:**

12   Plaintiffs have no responsive documents as there are no damage calculations set

13   forth in Plaintiffs' Complaint.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1      RESPECTFULLY SUBMITTED this 7th day of February 2025.

2
**FOR THE STATE OF ARIZONA:**          **FOR THE STATE OF NORTH**
3                                      **CAROLINA:**

4      KRISTIN K. MAYES                JEFF JACKSON
       Attorney General for the State of   Attorney General for the State of North
5      Arizona                         Carolina

6
       /s/ Alyse Meislik              /s/ Tracy Nayer
7      ALYSE MEISLIK                   TRACY NAYER
8      DYLAN JONES                     ROCHELLE SPARKO
       LAURA DILWEG                    Special Deputy Attorneys General
9      SARAH PELTON                    *Attorneys for the State of North Carolina*
10     Assistant Attorneys General
       *Attorneys for the State of Arizona*
11

12

13     **FOR THE STATE OF INDIANA:**    **FOR THE STATE OF OHIO:**

14
       TODD ROKITA                     DAVE YOST
15     Attorney General for the State of Indiana   Attorney General for the State of Ohio

16
       /s/ Douglas S. Swetnam          /s/ Erin B. Leahy
17     DOUGLAS S. SWETNAM              ERIN B. LEAHY
18     THOMAS L. MARTINDALE            Senior Assistant Attorney General
       Deputy Attorneys General        *Attorney for the State of Ohio*
19     *Attorneys for the State of Indiana*

20

21
                    *Lead Counsel for Plaintiffs*
22

23

24

25

26

27

28

72

1

## LIST OF PLAINTIFFS' COUNSEL

2

Alyse Meislik (AZ No. 024052)
Dylan Jones (AZ Bar No. 034185)
Laura Dilweg (AZ No. 036066)
Sarah Pelton (AZ Bar No. 039633)
Assistant Attorneys General
Arizona Attorney General's Office
2005 North Central Avenue
Phoenix, AZ 85004
Phone: (602) 542-3725
Fax:   (602) 542-4377
consumer@azag.gov
alyse.meislik@azag.gov
dylan.jones@azag.gov
laura.dilweg@azag.gov
sarah.pelton@azag.gov
*Attorneys for Plaintiff State of Arizona*

Douglas S. Swetnam (IN Bar No. 15860-49)
Thomas L. Martindale (IN Bar No. 29706-64)
Deputy Attorneys General
Office of the Indiana Attorney General
Todd Rokita
Indiana Govt. Center South, 5th Fl.
302 W. Washington St.
Indianapolis, IN 46204-2770
Phone: (317) 232-6294 (Swetnam)
        (317) 232-7751 (Martindale)
Fax:   (317) 232-7979
douglas.swetnam@atg.in.gov
thomas.martindale@atg.in.gov
*Attorneys for Plaintiff State of Indiana*

Tracy Nayer (NC Bar No. 36964)
Rochelle Sparko (NC Bar No. 38528)
Special Deputy Attorneys General
North Carolina Department of Justice
Consumer Protection Division
P.O. Box 629
Raleigh, North Carolina 27602
Phone:   (919) 716-6000
Fax:     (919) 716-6050
tnayer@ncdoj.gov
rsparko@ncdoj.gov
*Attorneys for Plaintiff State of North Carolina*

Erin B. Leahy (OH Bar No. 0069509)
Senior Assistant Attorney General
Office of Attorney General Dave Yost
30 East Broad Street, 14th Fl.
Columbus, OH 43215
Phone: (614) 752-4730
Fax:   (866) 768-2648
Erin.Leahy@OhioAGO.gov
*Attorney for Plaintiff State of Ohio*

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

***Lead Counsel for Plaintiffs***

26
27
28

73

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Lindsay D. Barton (AL Bar No. 1165-G00N)
Robert D. Tambling (AL Bar No. 6026-N67R)
Assistant Attorneys General
Office of the Alabama Attorney General
501 Washington Avenue
Montgomery, Alabama 36130
Phone: (334) 353-2609 (Barton)
        (334) 242-7445 (Tambling)
Fax:    (334) 353-8400
Lindsay.Barton@AlabamaAG.gov
Robert.Tambling@AlabamaAG.gov
*Attorneys for Plaintiff State of Alabama*

Amanda Wentz (AR Bar No. 2021066)
Assistant Attorney General
Office of Attorney General Tim Griffin
323 Center St., Ste. 200
Little Rock, AR 72201
Phone: (501) 682-1178
Fax:    (501) 682-8118
Amanda.wentz@arkansasag.gov
*Attorney for Plaintiff State of Arkansas*

Nicklas A. Akers (CA Bar No. 211222)
Senior Assistant Attorney General
Bernard A. Eskandari (CA Bar No. 244395)
Supervising Deputy Attorney General
Timothy D. Lundgren (CA Bar No. 254596)
Rosailda Perez (CA Bar No. 284646)
Michelle Burkart (CA Bar No. 234121)
Deputy Attorneys General
Office of the California Attorney General
300 S. Spring St., Suite 1702
Los Angeles, CA 90013
Phone: (415) 510-3364 (Akers)
        (213) 269-6348 (Eskandari)
        (213) 269-6355 (Lundgren)
        (213) 269-6612 (Perez)
        (213) 269-6357 (Burkart)
Fax:    (916) 731-2146
nicklas.akers@doj.ca.gov
bernard.eskandari@doj.ca.gov
timothy.lundgren@doj.ca.gov
rosailda.perez@doj.ca.gov
michelle.burkart@doj.ca.gov
*Attorneys for Plaintiff People of the State
of California*

Michel Singer Nelson (CO Bar No. 19779)
Assistant Attorney General II
Colorado Office of the Attorney General
Ralph L. Carr Judicial Building
1300 Broadway, 10th Floor
Denver, CO 80203
Phone: (720) 508-6220
michel.singernelson@coag.gov
*Attorney for Plaintiff State of Colorado,
ex rel. Philip J. Weiser, Attorney General*

Brendan T. Flynn (Fed. Bar No. ct04545,
CT Bar No. 419935)
Assistant Attorney General
Office of the Connecticut Attorney
General William Tong
165 Capitol Avenue, Suite 4000
Hartford, CT 06106
Phone: (860) 808-5400
Fax:     (860) 808-5593
mailto:brendan.flynn@ct.gov
*Attorney for Plaintiff State of Connecticut*

Ryan Costa (DE Bar No. 5325)
Deputy Attorney General
Delaware Department of Justice
820 N. French Street, 5th Floor
Wilmington, DE 19801
Phone: (302) 683-8811
Fax:     (302) 577-6499
Ryan.costa@delaware.gov
*Attorney for Plaintiff State of Delaware*

Adam Teitelbaum (DC Bar No. 1015715)
Director, Office of Consumer Protection
Assistant Attorney General
D.C. Office of the Attorney General
Office of Consumer Protection
400 6th Street NW, 10th Floor
Washington, DC 20001
Phone: (202) 741-0764
Adam.Teitelbaum@dc.gov
*Attorney for Plaintiff District of Columbia*

Patrick Crotty (FL Bar No. 108541)
Special Counsel, Asst. Attorney General
Miles Vaughn (FL Bar No. 1032235)
Assistant Attorney General
Office of the Florida Attorney General
Consumer Protection Division
3507 E. Frontage Rd, Suite 325
Tampa, FL 33607
Phone: (813) 287-7950
Fax:     (813) 281-5515
patrick.crotty@myfloridalegal.com
miles.vaughn@myfloridalegal.com
*Attorneys for Plaintiff Ashley Moody,
Attorney General of the State of Florida*

David A. Zisook (GA Bar No. 310104)
Senior Assistant Attorney General
Office of the Attorney General of the State
of Georgia
2 Martin Luther King Jr. Drive, SE, Ste.
356
Atlanta, GA 30334
Phone: (404) 458-4294
Fax:     (404) 464-8212
dzisook@law.ga.gov
*Attorney for Plaintiff State of Georgia*

Christopher J.I. Leong (HI Bar No. 9662)
Deputy Attorney General
Hawaii Department of the Attorney
General
425 Queen Street
Honolulu, HI 96813
Phone: (808) 586-1180
Fax:     (808) 586-1205
christopher.ji.leong@hawaii.gov
*Attorney for Plaintiff State of Hawaii*

James J. Simeri (ID Bar No. 12332)
*(Pro Hac Vice motion forthcoming)*
Consumer Protection Division Chief
Idaho Attorney General's Office
P.O. Box 83720
Boise, ID 83720-0010
Phone: (208) 334-4114
james.simeri@ag.idaho.gov
*Attorney for Plaintiff State of Idaho*

Philip Heimlich (IL Bar No. 6286375)
Assistant Attorney General
Elizabeth Blackston (IL Bar No. 6228859)
Consumer Fraud Bureau Chief
Office of the Illinois Attorney General
500 S. Second Street
Springfield, IL 62791
Phone: (217) 782-4436
philip.heimlich@ilag.gov
elizabeth.blackston@ilag.gov
*Attorneys for Plaintiff People of the State of Illinois*

Benjamin Bellus (IA Bar No. AT0000688)
William Pearson (IA Bar No. AT0012070)
Assistant Attorneys General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Phone: (515) 242-6536 (Bellus)
        (515) 242-6773 (Pearson)
Fax:    (515) 281-6771
Benjamin.Bellus@ag.iowa.gov
William.Pearson@ag.iowa.gov
*Attorneys for Plaintiff State of Iowa*

Nicholas C. Smith (KS Bar No. 29742)
Sarah M. Dietz (KS Bar No. 27457)
Assistant Attorneys General
Consumer Protection Section
Office of the Kansas Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, KS 66612
Phone: (785) 296-3751
Fax:    (785) 291-3699
Nicholas.Smith@ag.ks.gov
sarah.dietz@ag.ks.gov
*Attorneys for Plaintiff State of Kansas*

Jacob P. Ford (KY Bar No. 95546)
Assistant Attorney General
Office of the Attorney General,
Commonwealth of Kentucky
1024 Capital Center Drive, Ste. 200
Frankfort, KY 40601
Phone: (502) 871-2044
jacobp.ford@ky.gov
*Attorney for Plaintiff Commonwealth of Kentucky*

ZaTabia N. Williams (LA Bar No. 36933)
Assistant Attorney General
Office of the Attorney General Liz Murrill
1885 North Third St.
Baton Rouge, LA 70802
Phone: (225) 326-6164
Fax:    (225) 326-6499
WilliamsZ@ag.louisiana.gov
*Attorney for Plaintiff State of Louisiana*

Brendan O'Neil (ME Bar No. 009900)
Assistant Attorney General
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333
Phone: (207) 626-8800
Fax:    (207) 624-7730
brendan.oneil@maine.gov
*Attorney for Plaintiff State of Maine*

1

Philip Ziperman (Fed. Bar No. 12430)
Deputy Counsel
Office of the Attorney General
200 St. Paul Place
Baltimore, MD 21202
Phone: (410) 576-6417
Fax:    (410) 576-6566
pziperman@oag.state.md.us
*Attorney for Plaintiff Maryland Office of*
*the Attorney General*

Carol Guerrero (MA Bar No. 705419)
Assistant Attorney General
Massachusetts Office of the Attorney
General
One Ashburton Place, 18th Floor
Boston, MA 02108
Phone: (617) 963-2783
Fax:    (617) 727-5765
mailto:Carol.Guerrero@mass.gov
*Attorney for Plaintiff Commonwealth of*
*Massachusetts*

Kathy P. Fitzgerald (MI Bar No. P31454)
Michael S. Hill (MI Bar No. P73084)
Assistant Attorneys General
Michigan Department of Attorney General
Corporate Oversight Division
P.O. Box 30736
Lansing, MI 48909
Phone: (517) 335-7632
Fax:    (517) 335-6755
fitzgeraldk@michigan.gov
Hillm19@michigan.gov
*Attorneys for Plaintiff People of the*
*State of Michigan*

Bennett Hartz (MN Bar No. 0393136)
Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1200
Saint Paul, MN 55404
Phone: (651) 757-1235
bennett.hartz@ag.state.mn.us
*Attorney for Plaintiff State of Minnesota,*
*by its Attorney General, Keith Ellison*

James M. Rankin (MS Bar No. 102332)
Jessica D. Jasper (MS Bar No. 106305)
*(Pro Hac Vice motion forthcoming)*
Special Assistant Attorneys General
Mississippi Attorney General's Office
P.O. Box 220
Jackson, MS 39205
Phone: (601) 359-4258 (Rankin)
          (601) 359-3800 (Jasper)
james.rankin@ago.ms.gov
jessica.jasper@ago.ms.gov
*Attorneys for Plaintiff Lynn Fitch,*
*Attorney General State of Mississippi*

Michael Schwalbert (MO Bar No. 63299)
Assistant Attorney General
Office of the Missouri Attorney General
815 Olive Street, Suite 200
St. Louis, MO 63101
Phone: (314) 340-6816
Fax:    (314) 340-7891
michael.schwalbert@ago.mo.gov
*Attorney for Plaintiff State of Missouri, ex.*
*rel. Andrew Bailey, Attorney General*

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   Anna Schneider (MT Bar No. 13963)
    Special Assistant Attorney General, Senior
2   Counsel
    Andrew Butler (MT Bar No. 53936812)
3   Assistant Attorney General
    Montana Attorney General's Office
4   Office of Consumer Protection
    555 Fuller Avenue
5   Helena, MT 59601
    Phone: (406) 444-4500
6   Anna.schneider@mt.gov
7   Andrew.butler@mt.gov
    *Attorneys for Plaintiff State of Montana*
8
9   Gary E. Brollier (NE Bar No. 19785)
    Assistant Attorney General
10  Office of the Attorney General Michael T.
    Hilgers
11  2115 State Capitol Building
    Consumer Protection Division
12  Lincoln, NE 68509
    Phone: (402) 471-1279
13  Fax:    (402) 471-4725
    gary.brollier@nebraska.gov
14  *Attorney for Plaintiff State of Nebraska*
15
    Michelle C. Badorine (NV Bar No. 13206)
16  Senior Deputy Attorney General
    Office of the Nevada Attorney General
17  Bureau of Consumer Protection
    100 North Carson Street
18  Carson City, NV 89701-4717
    Phone: (775) 684-1164
19  Fax:    (775) 684-1299
    MBadorine@ag.nv.gov
20  *Attorney for Plaintiff State of Nevada*

Mary F. Stewart (NH Bar No. 10067)
Assistant Attorney General
New Hampshire Department of Justice
Office of the Attorney General
Consumer Protection and Antitrust Bureau
33 Capitol St.
Concord, NH 03301-6397
Phone: (603) 271-1139
Fax:    (603) 271-2110
Mary.F.Stewart@doj.nh.gov
*Attorney for Plaintiff State of New
Hampshire*

Deepta Janardhan (NJ Bar No.
309022020)
Jeffrey Koziar (NJ Bar No. 015131999)
Deputy Attorneys General
New Jersey Office of the Attorney General
Division of Law
124 Halsey Street
Newark, NJ 07101
Phone: (973) 648-7819
Fax:    (973) 648-4887
Deepta.Janardhan@law.njoag.gov
Jeff.koziar@law.njoag.gov
*Attorneys for Plaintiff State of New Jersey*

Julie Sakura (NM Bar No. 19253)
Assistant Attorney General
State of New Mexico Department of
Justice
408 Galisteo St.
Santa Fe, New Mexico 87501
Phone: (505) 859-8074
Fax:    (505) 490-4883
jsakura@nmdoj.gov
*Attorney for Plaintiff Raúl Torrez, New
Mexico Attorney General*

21
22
23
24
25
26
27
28

Glenna Goldis (NY Bar No. 4868600)
Assistant Attorney General
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (646) 856-3697
Glenna.goldis@ag.ny.gov
*Attorney for Plaintiff Office of the Attorney General of the State of New York*

Elin S. Alm (ND Bar No. 05924)
Christopher Glenn Lindblad (ND Bar No. 06480)
Assistant Attorneys General
Office of North Dakota Attorney General
Consumer Protection & Antitrust Division
1720 Burlington Drive, Suite C
Bismarck, ND 58504-7736
Phone: (701) 328-5570
Fax:    (701) 328-5568
mailto:ealm@nd.gov
clindblad@nd.gov
*Attorneys for Plaintiff State of North Dakota*

Robert J. Carlson (OK Bar No. 19312)
Assistant Attorney General
Office of the Oklahoma Attorney General
313 N.E. 21st St.
Oklahoma City, OK 73105
Phone: (918) 581-2384
Fax:    (405) 522-0085
Robert.Carlson@oag.ok.gov
*Attorney for Plaintiff State of Oklahoma ex rel. Attorney General Gentner Drummond*

Jordan M. Roberts (OR Bar No. 115010)
Senior Assistant Attorney General
Oregon Department of Justice
Consumer Protection Division
100 SW Market St.
Portland, OR 97201
Phone: (971) 673-1880
Fax:    (971) 673-1884
jordan.m.roberts@doj.state.or.us
*Attorney for Plaintiff State of Oregon*

Mark W Wolfe (PA Bar No. 327807)
Deputy Attorney General
Pennsylvania Office of Attorney General
Strawberry Square, 15th Floor
Harrisburg, PA 17120-0001
Phone: (717) 772-3558
Fax:    (717) 705-3795
mwolfe@attorneygeneral.gov
*Attorney for Plaintiff Commonwealth of Pennsylvania by Attorney General David W. Sunday, Jr.*

Stephen N. Provazza (RI Bar No. 10435)
Special Assistant Attorney General
Rhode Island Office of the Attorney General
150 S. Main Street
Providence, RI 02903
Phone: (401) 274-4400, ext. 2476
Fax:    (401) 222-1766
sprovazza@riag.ri.gov
*Attorney for Plaintiff State of Rhode Island, by Attorney General Peter Neronha*

79

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Kristin Simons (SC Bar No. 74004)
Senior Assistant Attorney General
Danielle Robertson (SC Bar No. 105846)
Assistant Attorney General
South Carolina Attorney General's Office
P.O. Box 11549
Columbia, SC 29211-1549
Phone: (803) 734-6134 (Simons)
          (803) 734-8044 (Robertson)
mailto:ksimons@scag.gov
danirobertson@scag.gov
*Attorneys for Plaintiff State of South
Carolina*

Austin C. Ostiguy (TN Bar No. 040301)
Tyler T. Corcoran (TN Bar No. 038887)
Assistant Attorneys General
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202
Phone: (615) 532-7271 (Ostiguy)
          (615) 770-1714 (Corcoran)
Fax:     (615) 532-2910
austin.ostiguy@ag.tn.gov
tyler.corcoran@ag.tn.gov
*Attorneys for Plaintiff State of Tennessee*

David Shatto (Fed. Bar No. 3725697; TX
Bar No. 24104114)
Assistant Attorney General
Attorney General for the State of Texas
Office of the Attorney General
P.O. Box 12548 (MC-010)
Austin, TX 78711
Phone: (512) 463-2185
Fax:     (512) 473-9125
David.Shatto@oag.texas.gov
*Attorney for Plaintiff State of Texas*

Kevin McLean (UT Bar No. 16101)
Assistant Attorney General
Utah Attorney General's Office
160 East 300 South, 5th Floor
P.O. Box 140872
Salt Lake City, UT 84114-0872
Phone: (801) 366-0310
Fax:     (801) 366-0315
kmclean@agutah.gov
*Attorney for Plaintiff Utah Division of
Consumer Protection*

James Layman (VT Bar No. 5236)
Office of the Vermont Attorney General
109 State Street
Montpelier, VT 05609-1001
Phone: (802) 828-2315
Fax:     (802) 304-1014
James.Layman@vermont.gov
*Attorney for Plaintiff State of Vermont*

Geoffrey L. Ward (VA Bar No. 89818)
Senior Assistant Attorney General
Office of the Attorney General of Virginia
202 N. Ninth St.
Richmond, VA 23219
Phone: (804) 371-0871
Fax:     (804) 786-0122
gward@oag.state.va.us
*Attorney for Plaintiff Commonwealth of
Virginia, ex rel. Jason S. Miyares,
Attorney General*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Alexandra Kory (WA Bar No. 49889)
Mina Shahin (WA Bar No. 46661)
Assistant Attorneys General
Washington State Attorney General's Office
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Phone: (206) 516-2997 (Kory)
         (206) 326-5485 (Shahin)
Fax:    (206) 464-6451
Alexandra.Kory@atg.wa.gov
Mina.Shahin@atg.wa.gov
*Attorneys for Plaintiff State of Washington*

Ashley T. Wentz (WV Bar No. 13486)
Assistant Attorney General
West Virginia Attorney General's Office
Consumer Protection/Antitrust Division
P.O. Box 1789
Charleston, WV 25326
Phone: (304) 558-8986
Fax:    (304) 558-0184
Ashley.T.Wentz@wvago.gov
*Attorney for Plaintiff State of West Virginia ex rel. Patrick Morrisey, Attorney General*

Gregory A. Myszkowski (WI Bar No. 1050022)
Assistant Attorney General
Wisconsin Department of Justice
P.O. Box 7857
Madison, WI 53707-7857
Phone: (608) 266-7656
Fax:    (608) 294-2907
myszkowskiga@doj.state.wi.us
*Attorney for Plaintiff State of Wisconsin*

Cameron W. Geeting (WY Bar No. 7-5338)
Senior Assistant Attorney General
Consumer Protection and Antitrust Unit
Wyoming Office of the Attorney General
2320 Capitol Avenue
Cheyenne, Wyoming 82002
Phone: (307) 777-3795
cameron.geeting1@wyo.gov
*Attorney for Plaintiff State of Wyoming*