KRISTIN K. MAYES
Attorney General of Arizona
(Firm State Bar No. 14000)
John Raymond Dillon IV (AZ Bar No. 036796)
Sarah Pelton (AZ Bar No. 039633)
Dylan Jones (AZ Bar No. 034185)
Laura Dilweg (AZ Bar No. 036066)
Alyse Meislik (AZ No. 024052)
Assistant Attorneys General
Office of the Arizona Attorney General
2005 North Central Avenue
Phoenix, AZ 85004
Phone:  (602) 542-3725
Fax:      (602) 542-4377
consumer@azag.gov
*Lead Counsel for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, *ex rel*. Kristin K. Mayes, Attorney General; et al.,<br><br>     Plaintiffs,<br><br>     v.<br><br>Michael D. Lansky, L.L.C., dba Avid Telecom; et al.,<br><br>     Defendants. | NO. CV-23-00233-TUC-CKJ<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO REVISE DISCOVERY SCHEDULE PURSUANT TO RULE 54(b) (DOC. 121)** |

Plaintiffs respectfully file this Response in Opposition to Defendants' Motion to Revise Discovery Schedule Pursuant to Rule 54(b). (Doc. 121) For the reasons set forth below, the Court should deny Defendants' motion.

## I.    INTRODUCTION

Defendants' purported "Motion to Revise Discovery Schedule Pursuant to Rule 54(b) (Doc. 121), is an improper attempt to modify the Case Management Scheduling

Order ("Scheduling Order") (Doc. 102), based on grievances Defendants endorsed, if not actually proposed. Notwithstanding, Defendants now lodge wholly unsupported allegations against Plaintiffs and seek to rewrite the Court's Scheduling Order in an apparent effort to delay the case, run up costs and frustrate Plaintiffs' legitimate discovery efforts.

### A.    The Scheduling Order

As a multistate effort, Plaintiffs intentionally coordinated among "a small group of the Plaintiff states" their "pre-litigation investigative work and the preliminary analysis of the call detail records for the benefit of all Plaintiffs." (Doc. 89 at 2, §II) Likewise, Plaintiffs share the same expert witnesses. (Doc. 89 at 2–3, §II) Plaintiffs explained "[t]he discovery relevant to the federal claims […] will largely be the same for all Plaintiffs as to the Defendants' business practices, conduct and knowledge or deliberate ignorance of the illegal robocalls at issue." *Id*. This is the same for the state law counts, which can be supported by a violation of federal law or supported by the same or similar evidence. *Id*.

Notwithstanding the commonality of the claims among the Plaintiff states, both Plaintiffs and Defendants initially proposed competing case management plans that, among other things, modified the number of depositions per side under Rule 30. (Doc. 97 at 3, §III(B)) Plaintiffs proposed modifying the default number of depositions set forth in Rule 30 to permit 20 depositions per side. (Doc. 89 at 8, §IV(B)) Separately, Defendants proposed modifying the default number of depositions set forth in Rule 30 "to allow a total of 40 fact depositions[.]" (Doc. 95 at 14, §III(B)) Defendants reasoned their proposal allowed depositions of "[o]ne fact deposition of each Plaintiff that filed a separate claim under state law[,]" "[o]ne fact deposition of each member of the Plaintiff Lead Group[,]" and omitted all other Plaintiffs. (Doc. 95 at 15 §III(C)) Notably, Defendants requested no discovery modifications under Rules 33 or 34. (Doc. 95 at 13–15, §III(A), (C); Doc. 97 at 3–4, §III(A), (C))

After considering the parties' proposals, the Court entered a Scheduling Order, which was generally consistent with the default limits set forth in Rules 30, 31, and 33.

(Doc. 102 at 2, ¶E(1)) The Court did expand the number of depositions for both sets of parties to (i) "Defendants," (ii) "the lead Plaintiff States of Arizona, Indiana, North Carolina, and Ohio,"[1] (iii) "any Plaintiff state bringing state law actions[,]"[2] (iv) "respective experts[,]" and (v) "not more than ten non-party fact witness depositions per party." *Id*. In other words, the Court granted the parties' request to expand the number of depositions permitted by Rule 30 to the thirteen Plaintiff States Defendants requested, each party's experts, and ten non-party fact witnesses. Cumulatively, the Scheduling Order provided Defendants *at least* twenty-three depositions, excluding expert witnesses, both parties have yet to disclose.

Since the Court issued the Scheduling Order, Defendants have issued consolidated requests for documents and requests for admissions to the four Lead Plaintiff States and State Law Plaintiffs. *See, e.g.*, (Doc. 116 at 2) Since July 25, 2025, Defendants have served an additional 630 Requests for Document Production and 39 Requests for Admissions to the Lead Plaintiffs and Plaintiff States with state law claims. But according to Defendants, they are improperly being limited in their ability to conduct discovery because they will not be permitted to separately depose each of the 49 Plaintiffs. Defendants justify their position by erroneously arguing that all 49 states are making discrete claims based on differing fact patterns. *See* (Doc. 121 at 5) (alleging the Scheduling Order "does not allow any discovery on thirty-six (36) of their co-Plaintiffs each of whom are presenting claims based on materially different facts"). Thus, contrary to Scheduling Order's express

---

[1] Collectively, hereafter referred to as "Lead Plaintiff States."

[2] Plaintiffs People of the State of <u>California</u>; Office of the Attorney General, State of <u>Florida</u>, Department of Legal Affairs; State of <u>Indiana</u>; Office of the <u>Maryland</u> Attorney General; State of <u>Nevada</u>; People of the State of <u>New York</u>, by Letitia James, Attorney General of the State of New York; State of <u>North Carolina</u>; State of <u>North Dakota</u>, *ex rel*. Drew H. Wrigley, Attorney General; State of <u>Rhode Island</u>; State of <u>Washington</u>; and State of <u>Wisconsin</u> (collectively, hereafter referred to as "State Law Plaintiffs").

3

limitations, Defendants issued Rule 30(b)(6) deposition notices to all 36 non-lead, non-state claims Plaintiffs.[3]

### B.    An overview of Plaintiffs' consolidated multistate complaint.

The Plaintiffs, 49 states and commonwealths, have brought a consolidated enforcement action with claims based on violations of federal telemarketing laws and rules, including certain analogous state laws or rules, against the three Defendants. States' attorneys general bringing multistate actions like this is *not* an uncommon occurrence in federal court. States' multistate coordination, often overseen by a small group of lead states, is the norm for state attorneys general multistate actions. *See generally* Elysa M. Dishman, *Class Action Squared: Multistate Actions and Agency Dilemmas*, 96 Notre Dame L. Rev. 291, 301–09 (2020). While each state has the ability to prosecute its own case, in a multistate action, designated lead states work collectively to resolve common claims based on common facts on behalf of all states participating in the multistate action. These lead states often collect and analyze early (or all) investigative data, coordinate among participating states, delegate tasks to committees, and perform essential litigation responsibilities. *See id*. The lead states function like class plaintiffs and, after a case is filed, like a steering committee.

Each of the 49 sovereign Plaintiffs in this case has alleged the same operative facts, namely that Defendants were, at all relevant times, in the business of providing Voice over Internet Protocol ("VoIP") services to initiate or facilitate illegal robocalls to every U.S. state or territory. Plaintiffs' common facts establish that the Defendants' actions violated the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. § 6101, *et seq.*; the Telemarketing Sales Rule ("TSR"), 16 C.F.R. § 310, *et seq.*;

---

[3] All Plaintiffs who improperly received Defendants' Rule 30(b)(6) deposition notices under the Scheduling Order objected in a timely manner. Yet, in their motion Defendants assert "that 36 Plaintiff States have flatly refused to respond to any discovery requests." (Doc. 121 at 7 n.5) Defendants' assertion is patently false. Defendants' reporting of these facts to the Court in a manner which characterizes those 36 Plaintiffs as being uncooperative and refusing to comply with their discovery obligations under the Federal Rules of Civil Procedure is disingenuous, inaccurate, and highly inappropriate.

the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et. seq.*; and the Truth in Caller ID Act ("TCIA"), 47 U.S.C. § 227(e). (Doc. 1 at ¶6)

A subset of sovereign Plaintiffs also raised claims arising under their respective state consumer protection laws, including state laws prohibiting unfair, deceptive, abusive, and illegal telemarketing practices. Many of the State Law Plaintiffs' claims are derivative of the federal law violations. For example, Maryland's claim for violations of the Maryland Telephone Consumer Protection Act, Md. Code. Ann., Com. Law § 14-3201, *et seq.*, makes it an unfair and deceptive practice to violate the Telemarketing Act and TCPA. (Doc. 1 at ¶¶493–509) Likewise, Florida's claim for violations of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et seq.*, is based on Defendants' violation of the TSR. (*Id*. at ¶¶462–81) Notwithstanding the derivative nature of these claims, Plaintiffs have never objected to the Scheduling Order's expansion of the number of depositions that may be taken under Rule 30 so that Defendants may depose all of the State Law Plaintiffs that have made separate claims under their state laws.

The factual allegations that support the state and federal claims alleged by Plaintiffs are common among all 49 states. They are generally that Defendants offered services in "every area code in the United States," (*id*. at ¶38), and "provided substantial support and assisted sellers and telemarketers engaged in illegal robocalling" in each of "the Plaintiffs' respective jurisdictions[,]" (*Id*. at ¶46). Defendants also boasted its services would "[i]ncrease your sales with local callbacks for every state you dial[.]" (*id*. at ¶67); *see also* (*id*. at ¶ 57) ("Avid Telecom provides VoIP services in all of the Plaintiffs' respective jurisdictions."). In other words, the services Defendants provided were not unique to any Plaintiffs' jurisdiction.

To support Plaintiffs' common allegations, Plaintiffs conducted a preliminary analysis of Defendants' call traffic across the United States. (*Id*. at ¶86–96) Plaintiffs' review, conducted by a core group of states with the assistance of one of the Plaintiffs' shared experts, showed Defendants transmitted more than 1 million illegal calls to consumers in each of Plaintiffs' respective jurisdictions that were illegal and/or violative

of federal law. (*Id.* at ¶88(h)) Based on Plaintiffs' preliminary analysis, Plaintiffs ascertained numeric state-specific examples of Defendants' facilitation of unlawful calls nationwide, which are the only state-specific material facts alleged in Plaintiffs' consolidated action. (*Id.* at ¶89)

Plaintiffs' jointly alleged federal claims against Defendants rely on no state-specific misconduct. (*Id.* at ¶¶426–58) The principal variable facts for Plaintiffs' common federal claims are the quantity of illegal calls Defendants transmitted into each Plaintiffs' respective state. Likewise, and especially because State Law Plaintiffs' claims are derivative of their federal claims, the principal variable facts for the Plaintiffs' state law claims are again linked to the quantity of illegal calls. Put simply, the primary alleged facts that are specific to each Plaintiff are the number of violations committed in that state by the Defendants, but the factual support for those numeric violations is the *same* for each Plaintiff.

Defendants intrinsically endorse the fact that Plaintiffs' claims only factually differ based on the quantity of illegal calls made in each state. Per Defendants' own example, the only facts Defendants can identify as "unique" are "that Texas citizens received approximately eighty thousand (82,000) illegal calls[,]" *i.e.*, the quantity of illegal calls directed to each state. (Doc. 121 at 6) Plaintiffs' complaint, however, is based on the same non-unique illegal conduct Defendants directed toward each Plaintiff's respective state. Ultimately, Plaintiffs' common facts and common claims illustrate that Defendants indiscriminately facilitated illegal or unlawful calls all across the U.S. irrespective of jurisdiction. Plaintiffs intend to provide further analyses of those calls on a per state basis through expert disclosures, based in part, on Defendants' own records.

1  II.    **ARGUMENT**

2         A.    **The commonality of the Plaintiffs' multistate claims favors the existing**

3              **consolidated discovery plan, which eliminates cumulative and wasteful**

4              **discovery.**

5         At the outset, Plaintiffs generally question Defendants' true intention in filing their

6  motion—it makes little sense for Defendants to spend the time and money to take

7  49 separate depositions of each Plaintiff that relied on a common investigation conducted

8  by a smaller number of lead states. As is set forth below, this seems cumulative and

9  wasteful. Notwithstanding the questionable nature of what Defendants may actually be

10 seeking, the arguments they make in support of their motion rely on a factually incorrect

11 mischaracterization of the Plaintiffs' claims.

12        The Federal Rules generally disfavor duplicative and cumulative discovery, Fed. R.

13 Civ. P. 26(b)(2)(C), and judges have broad discretion to set limitations on party discovery.

14 *Blackburn v. United States*, 100 F.3d 1426, 1436 (9th Cir. 1996). Although class actions

15 are fundamentally different from sovereign multistate actions,[4] the legal principles guiding

16 a district court's reasons for limiting discovery in class actions can be illuminating.

17        District courts have routinely refused to impose individualized discovery for each

18 plaintiff where the plaintiffs share claims based on common facts. *See, e.g.*, *Scott v.*

19 *Chipotle Mexican Grill, Inc.*, 300 F.R.D. 188, 191 (S.D.N.Y. 2014) (rejecting

20 individualized discovery for opt-in class where individualized discovery would not affect

21 the common claims about the defendant's misconduct); *Adkins v. Mid-American Growers,*

22 *Inc.*, 143 F.R.D. 171, 174 (N.D. Ill. 1992) (noting "individualized discovery is not

23

24 ───────────

[4] "The conceptual similarity between class actions and *parens patriae* actions is

25 unavoidable[,]" but still very distinct. *Mississippi ex rel. Hood v. AU Optronics Corp.*, 876

26 F. Supp. 2d 758, 764 (S.D. Miss.), *rev'd and remanded*, 701 F.3d 796 (5th Cir. 2012), *rev'd*

and remanded, 571 U.S. 161 (2014) (cleaned up). Generally, state attorneys general

27 multistate actions (i) function more like a trustee capacity than a class representative

capacity, (ii) have sovereign, quasi-sovereign and statutory standing considerations, and

28 (iii) do not require class action procedural requirements, such as class certification, among

other distinctions. *See id.*

appropriate under every circumstance," specifically where individualized facts are not essential to the claims); *Weeks v. Matrix Absence Mgmt.*, 494 F. Supp. 3d 653, 659–60 (D. Ariz. 2020) (noting "individualized discovery of similarly situated plaintiffs is rarely appropriate"); *In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 311–14 (N.D. Cal. 2018) (holding that "common questions" can be resolved for all plaintiffs when the facts present "no material differences […] requir[ing] individualized adjudication"); *but see In re Varsity Spirit Athlete Abuse Litig.*, 677 F. Supp. 3d 1376, 1378 (J.P.M.L. 2023) (discussing unique factual issues were present, such as the variation of person committing misconduct, thus denying centralization). Courts have also rejected the argument that such a limitation violates due process. *Scott*, 300 F.R.D. at 191.

In the instant case, this Court's Scheduling Order permits the Defendants to depose each Plaintiff that has made a separate state claim and the Lead Plaintiff States that conducted the multistate investigation, which avoids unnecessary, cumulative, and wasteful discovery and is consistent with the principles of Rule 26(b)(2)(C). Because Plaintiffs have brought this multistate action as a coordinated effort based on common legal claims and common operative facts, limiting depositions to the Lead Plaintiff States and State Law Plaintiffs, as the Court has done, facilitates efficient, non-duplicative, and non-prejudicial discovery.

The Scheduling Order in this case permits Defendants to serve paper discovery on all Plaintiffs and only limited Defendants' ability to take unnecessary and cumulative deposition testimony. Defendants have not explained how such a limitation on oral testimony only prejudices them other than by baldly claiming they have been unfairly limited and grossly mischaracterizing the Plaintiffs' Complaint. Defendants' argument does not establish that this Court acted unreasonably—let alone abused its discretion—when setting the Scheduling Order.

1

**B.    Defendants incorrectly rely on Rule 54(b).**

2      Defendants seek modification of the Scheduling Order pursuant to Fed. R. Civ. P.

3    54(b), but the Scheduling Order does not constitute the final judgment required by Rule

4    54(b). Specifically, Rule 54(b) provides that a district "court may direct entry of a final

5    judgment as to one or more, but fewer than all, claims or parties only if the court expressly

6    determines that there is no just reason for delay." Fed. R. Civ. P. 54(b); *Pakootas v. Teck*

7    *Cominco Metals, Ltd.*, 905 F.3d 565, 574 (9th Cir. 2018) ("Rule 54(b) allows a district

8    court in appropriate circumstances to enter judgment on one or more claims while others

9    remain unadjudicated."). In other words, "Rule 54(b) permits district courts to authorize

10    immediate appeal of dispositive rulings on separate claims in a civil action raising multiple

11    claims[.]" *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 409 (2015).

12      The condition precedent for any relief under Rule 54(b) is that "the district court

13    first must render 'an ultimate disposition of an individual claim.'" *Pakootas*, 905 F.3d at

14    574 (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)); *S.E.C. v. Cap.*

15    *Consultants LLC*, 453 F.3d 1166, 1170–74 (9th Cir. 2006) (discussing that a party must

16    seek an entry of judgment prior to or simultaneously with a Rule 54(b) motion). After the

17    court renders final judgment, the "court then must find that there is no just reason for

18    delaying judgment on [the] claim." *Pakootas*, 905 F.3d at 574. Put differently, without final

19    judgment on one or more claims, Rule 54(b) offers Defendants no relief.

20      Defendants seem to acknowledge this by noting, "[t]here has been no final judgment

21    in the instant matter." (Doc. 121 at 10) Yet, Defendants, undaunted, plow ahead by resting

22    their entire argument on the latter half of Rule 54(b), which sets forth the "general rule"

23    that a district court may revise any interlocutory order. *See City of Los Angeles, Harbor*

24    *Div. v. Santa Monica BayKeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (noting district court's

25    plenary power to modify non-final orders); s*ee also* 10 Charles A. Wright & Arthur R.

26    Miller, Federal Practice and Procedure § 2660 (4th ed. July 2025 update) ("The second

27    sentence of the rule expressly states that any order failing to meet these requirements may

28

1  be revised at any time prior to the entry of a final judgment adjudicating the entire action.").
2  Absent the condition precedent, however, Rule 54(b) offers the Defendants no relief.

3       Ultimately, Rule 54(b) is the improper avenue for Defendants to seek modification
4  of the Scheduling Order. The Court should accordingly deny Defendants' motion.

5       **C.  Defendants have not shown the good cause required to modify a**
6       **scheduling order under Rule 16(b)(4).**

7       Rule 16(b) is the proper vehicle for motions to amend a scheduling order. *See Kamal*
8  *v. Eden Creamery, LLC*, 88 F.4th 1268, 1277 (9th Cir. 2023) ("When a district court enters
9  a pretrial scheduling order..., as the court did here, a motion to amend is governed by Rule
10 16(b).") (citations omitted). If the Court considers Defendants' motion under Fed. R. Civ.
11 P. 16(b)(4), the Court should likewise deny Defendants' motion. "The district court is given
12 broad discretion in supervising the pretrial phase of litigation," which includes the number
13 and length of depositions. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir.
14 2002). A scheduling order "may be modified only for good cause and with the judge's
15 consent." Fed. R. Civ. P. 16(b)(4). "If the party seeking the modification 'was not diligent,
16 the inquiry should end' and the motion to modify should not be granted." *Id*. (quoting
17 *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–09 (9th Cir.1992)). The Ninth
18 Circuit regularly analyzes the timing of a movant's request to modify a scheduling order
19 to assess that movant's diligence. *See, e.g.*, *Zivkovic*, 302 F.3d at 1087–88. Moreover, "the
20 focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*,
21 975 F.2d at 609. A party's "carelessness is not compatible with a finding of diligence and
22 offers no reason for a grant of relief." *Id*.

23      Defendants' motion does not establish the good cause necessary to support
24 Defendants' request to modify the Scheduling Order. First, Defendants' motion is based
25 on a misreading of the Scheduling Order. Defendants claim the plain language of the
26 Scheduling Order denies them "full and *substantively equal* discovery[,]" (Doc. 121 at 11)
27 (emphasis in original), but the Scheduling Order itself provides only that "party depositions
28 are limited[.]" (Doc. 102 at 2, § E(1)) Defendants are in fact being afforded "full and

10

1    substantively equal discovery" because all of Plaintiffs' claims are based on largely the

2    same evidence obtained from common sources. (Doc. 79 at 23)

3            Second, the deposition parameters are practically identical to Defendants' proposal,

4    and Defendants specifically asked for the Court to limit depositions to the thirteen Lead

5    Plaintiff States and State Law Plaintiffs. (Doc. 95 at 15 §III(C)) As is set forth more fully

6    above, the Defendants' sole justification for modifying the Scheduling Order is a blatant

7    mischaracterization of the Plaintiffs' case, which involves one common set of facts—not

8    49 distinct claims raised by each Plaintiff, as Defendants incorrectly argue. Other than

9    mischaracterizing Plaintiffs' Complaint, Defendants make no attempt to explain why a

10   change is needed in the Scheduling Order. Defendants thus have failed to meet their burden

11   to show good cause for modifying the Scheduling Order; therefore, the Court should also

12   deny the motion under Rule 16(b)(4).

13           Finally, Defendants' request to modify the Scheduling Order comes *more than*

14   *seven months* after the Court issued the order, and a little more than three months before

15   the close of discovery. Defendants' apparent purposeful delay to request a modification of

16   the Scheduling Order indicates a lack of diligence. *See Zivkovic*, 302 F.3d at 1087–88

17   (finding the district court did not abuse its discretion because movant "did not demonstrate

18   diligence" when "counsel did not seek to modify that order until four months after the court

19   issued the [scheduling] order"). Defendants thus have failed to meet their burden to show

20   good cause for modifying the Scheduling Order; therefore, the Court should also deny the

21   motion under Rule 16(b)(4).

22

23   **III.    CONCLUSION**

24           For the reasons articulated above, Plaintiffs respectfully request the Court deny

25   Defendants' motion. (Doc. 121)

26

27

28

                                                  11

1    RESPECTFULLY SUBMITTED this the 14th day of August 2025.

2

3    **FOR THE STATE OF ARIZONA:**    **FOR THE STATE OF NORTH**
                                       **CAROLINA:**
4
      KRISTIN K. MAYES                  JEFF JACKSON
5     Attorney General for the State of Arizona    Attorney General for the State of North
                                       Carolina
6

7     /s/ John Raymond Dillon IV        /s/ Tracy Nayer
      JOHN RAYMOND DILLON IV            TRACY NAYER
8     SARAH PELTON                      ROCHELLE SPARKO
      DYLAN JONES                       Special Deputy Attorneys General
9     LAURA DILWEG                      *Attorneys for the State of North Carolina*
      ALYSE MEISLIK
10    Assistant Attorneys General
      *Attorneys for the State of Arizona*
11

12

13                                       **FOR THE STATE OF OHIO:**

14    **FOR THE STATE OF INDIANA:**
                                         DAVE YOST
15    TODD ROKITA                        Attorney General for the State of Ohio
      Attorney General for the State of Indiana
16
                                         /s/ Erin Leahy
17    /s/ Douglas S. Swetnam             ERIN B. LEAHY
      DOUGLAS S. SWETNAM                 Senior Assistant Attorney General
18    THOMAS L. MARTINDALE               *Attorney for the State of Ohio*
      Deputy Attorneys General
19    *Attorneys for the State of Indiana*

20

21

22                          *Lead Counsel for Plaintiffs*

23

24

25

26

27

28

12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2025, I caused the foregoing **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO REVISE DISCOVERY SCHEDULE PURSUANT TO RULE 54(b) (DOC. 121)** to be filed and served electronically via the Court's CM/ECF system upon counsel of record.

<u>/s/ Belen O. Miranda</u>
Belen O. Miranda

## LIST OF PLAINTIFFS' COUNSEL

John Raymond Dillon IV (AZ Bar No. 036796)
Sarah Pelton (AZ Bar No. 039633)
Dylan Jones (AZ Bar No. 034185)
Laura Dilweg (AZ No. 036066)
Alyse Meislik (AZ No. 024052)
Assistant Attorneys General
Arizona Attorney General's Office
2005 North Central Avenue
Phoenix, AZ 85004
Phone: (602) 542-8018
Fax:    (602) 542-4377
john.dillonIV@azag.gov
sarah.pelton@azag.gov
mailto:dylan.jones@azag.gov
laura.dilweg@azag.gov
alyse.meislik@azag.gov
*Attorneys for Plaintiff State of Arizona*

Douglas S. Swetnam (IN Bar No. 15860-49)
Thomas L. Martindale (IN Bar No. 29706-64)
Deputy Attorneys General
Office of the Indiana Attorney General
Todd Rokita
Indiana Govt. Center South, 5th Fl.
302 W. Washington St.
Indianapolis, IN 46204-2770
Phone: (317) 232-6294 (Swetnam)
          (317) 232-7751 (Martindale)
Fax:    (317) 232-7979
douglas.swetnam@atg.in.gov
thomas.martindale@atg.in.gov
*Attorneys for Plaintiff State of Indiana*

Tracy Nayer (NC Bar No. 36964)
Rochelle Sparko (NC Bar No. 38528)
Special Deputy Attorneys General
North Carolina Department of Justice
Consumer Protection Division
P.O. Box 629
Raleigh, North Carolina 27602
Phone:   (919) 716-6000
Fax:      (919) 716-6050
tnayer@ncdoj.gov
rsparko@ncdoj.gov
*Attorneys for Plaintiff State of North Carolina*

Erin B. Leahy (OH Bar No. 0069509)
Senior Assistant Attorney General
Office of Attorney General Dave Yost
30 East Broad Street, 14th Fl.
Columbus, OH 43215
Phone: (614) 752-4730
Erin.Leahy@OhioAGO.gov
*Attorney for Plaintiff State of Ohio*

***Lead Counsel for Plaintiffs***

14

1    Lindsay D. Barton (AL Bar No. 1165-G00N)
2    Robert D. Tambling (AL Bar No. 6026-N67R)
3    Assistant Attorneys General
4    Office of the Alabama Attorney General
     501 Washington Avenue
5    Montgomery, Alabama 36130
6    Phone: (334) 353-2609 (Barton)
             (334) 242-7445 (Tambling)
7    Fax:    (334) 353-8400
8    Lindsay.Barton@AlabamaAG.gov
     Robert.Tambling@AlabamaAG.gov
9    *Attorneys for Plaintiff State of Alabama*

10
     Amanda Wentz (AR Bar No. 2021066)
11   Assistant Attorney General
12   Office of Attorney General Tim Griffin
     101 West Capitol Avenue
13   Little Rock, AR 72201
14   Phone: (501) 682-1178
     Fax:    (501) 682-8118
15   amanda.wentz@arkansasag.gov
16   *Attorney for Plaintiff State of Arkansas*

Nicklas A. Akers (CA Bar No. 211222)
Senior Assistant Attorney General
Bernard A. Eskandari (CA Bar No. 244395)
Supervising Deputy Attorney General
Timothy D. Lundgren (CA Bar No. 254596)
Rosailda Perez (CA Bar No. 284646)
Deputy Attorneys General
Office of the California Attorney General
300 S. Spring St., Suite 1702
Los Angeles, CA 90013
Phone: (415) 510-3364 (Akers)
        (213) 269-6348 (Eskandari)
        (213) 269-6355 (Lundgren)
        (213) 269-6612 (Perez)
Fax:    (916) 731-2146
nicklas.akers@doj.ca.gov
bernard.eskandari@doj.ca.gov
timothy.lundgren@doj.ca.gov
rosailda.perez@doj.ca.gov
*Attorneys for Plaintiff People of the State of California*

Michel Singer Nelson (CO Bar No. 19779)
Assistant Attorney General II
Colorado Office of the Attorney General
Ralph L. Carr Judicial Building
1300 Broadway, 10th Floor
Denver, CO 80203
Phone: (720) 508-6220
michel.singernelson@coag.gov
*Attorney for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Brendan T. Flynn (Fed. Bar No. ct04545,
CT Bar No. 419935)
Assistant Attorney General
Office of the Connecticut Attorney
General William Tong
165 Capitol Avenue, Suite 4000
Hartford, CT 06106
Phone: (860) 808-5400
Fax:    (860) 808-5593
mailto:brendan.flynn@ct.gov
*Attorney for Plaintiff State of Connecticut*

Ryan Costa (DE Bar No. 5325)
Deputy Attorney General
Delaware Department of Justice
820 N. French Street, 5th Floor
Wilmington, DE 19801
Phone: (302) 683-8811
Fax:    (302) 577-6499
Ryan.costa@delaware.gov
*Attorney for Plaintiff State of Delaware*

Laura C. Beckerman (DC Bar No.
1008120)
Senior Trial Counsel
Public Advocacy Division
D.C. Office of the Attorney General
400 6th Street NW, 10th Floor
Washington, DC 20001
Phone: (202) 655-7906
Laura.Beckerman@dc.gov
*Attorney for Plaintiff District of Columbia*

Miles Vaughn (FL Bar No. 1032235)
Assistant Attorney General
Office of the Florida Attorney General
Consumer Protection Division
3507 E. Frontage Rd, Suite 325
Tampa, FL 33607
Phone: (813) 287-7950
Fax:    (813) 281-5515
miles.vaughn@myfloridalegal.com
*Attorney for Plaintiff James Uthmeier,*
*Attorney General of the State of Florida*

David A. Zisook (GA Bar No. 310104)
Senior Assistant Attorney General
Office of the Georgia Attorney General
40 Capitol Square SW
Atlanta, GA 30334
Phone: (404) 458-4294
Fax:    (404) 464-8212
dzisook@law.ga.gov
*Attorney for Plaintiff State of Georgia*

Christopher J.I. Leong (HI Bar No. 9662)
Deputy Attorney General
Hawaii Department of the Attorney
General
425 Queen Street
Honolulu, HI 96813
Phone: (808) 586-1180
Fax:    (808) 586-1205
christopher.ji.leong@hawaii.gov
*Attorney for Plaintiff State of Hawaii*

James J. Simeri (ID Bar No. 12332)
Consumer Protection Division Chief
Idaho Attorney General's Office
P.O. Box 83720
Boise, ID 83720-0010
Phone: (208) 334-4114
james.simeri@ag.idaho.gov
*Attorney for Plaintiff State of Idaho*

Philip Heimlich (IL Bar No. 6286375)
Assistant Attorney General
Elizabeth Blackston (IL Bar No. 6228859)
Consumer Fraud Bureau Chief
Office of the Illinois Attorney General
500 S. Second Street
Springfield, IL 62791
Phone: (217) 782-4436
philip.heimlich@ilag.gov
elizabeth.blackston@ilag.gov
*Attorneys for Plaintiff People of the State
of Illinois*

Benjamin Bellus (IA Bar No. AT0000688)
William Pearson (IA Bar No. AT0012070)
Assistant Attorneys General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Phone: (515) 242-6536 (Bellus)
        (515) 242-6773 (Pearson)
Fax:    (515) 281-6771
Benjamin.Bellus@ag.iowa.gov
William.Pearson@ag.iowa.gov
*Attorneys for Plaintiff State of Iowa*

Nicholas C. Smith (KS Bar No. 29742)
Sarah M. Dietz (KS Bar No. 27457)
Assistant Attorneys General
Consumer Protection Section
Office of the Kansas Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, KS 66612
Phone: (785) 296-3751
Fax:    (785) 291-3699
Nicholas.Smith@ag.ks.gov
sarah.dietz@ag.ks.gov
*Attorneys for Plaintiff State of Kansas*

Jacob P. Ford (KY Bar No. 95546)
Assistant Attorney General
Office of the Attorney General,
Commonwealth of Kentucky
1024 Capital Center Drive, Ste. 200
Frankfort, KY 40601
Phone: (502) 871-2044
jacobp.ford@ky.gov
*Attorney for Plaintiff Commonwealth of
Kentucky*

ZaTabia N. Williams (LA Bar No. 36933)
Assistant Attorney General
Office of the Attorney General Liz Murrill
1885 North Third St.
Baton Rouge, LA 70802
Phone: (225) 326-6164
Fax:    (225) 326-6499
WilliamsZ@ag.louisiana.gov
*Attorney for Plaintiff State of Louisiana*

Brendan O'Neil (ME Bar No. 009900)
Michael Devine (ME Bar No. 005048)
Assistant Attorneys General
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333
Phone: (207) 626-8800
Fax:    (207) 624-7730
brendan.oneil@maine.gov
michael.devine@maine.gov
*Attorneys for Plaintiff State of Maine*

Philip Ziperman (Fed. Bar No. 12430)
Deputy Counsel
Office of the Attorney General
200 St. Paul Place
Baltimore, MD 21202
Phone: (410) 576-6417
Fax:    (410) 576-6566
pziperman@oag.state.md.us
*Attorney for Plaintiff Maryland Office of
the Attorney General*

17

Carol Guerrero (MA Bar No. 705419)
Assistant Attorney General
Michael N. Turi (MA Bar No. 706205)
Deputy Chief, Consumer Protection
Division
Massachusetts Office of the Attorney
General
One Ashburton Place, 18th Floor
Boston, MA 02108
Phone: (617) 963-2783
Fax:     (617) 727-5765
mailto:Carol.Guerrero@mass.gov
Michael.Turi@mass.gov
*Attorneys for Plaintiff Commonwealth of
Massachusetts*

Kathy P. Fitzgerald (MI Bar No. P31454)
Michael S. Hill (MI Bar No. P73084)
Assistant Attorneys General
Michigan Department of Attorney General
Corporate Oversight Division
P.O. Box 30736
Lansing, MI 48909
Phone: (517) 335-7632
Fax:     (517) 335-6755
fitzgeraldk@michigan.gov
Hillm19@michigan.gov
*Attorneys for Plaintiff People of the
State of Michigan*

Bennett Hartz (MN Bar No. 0393136)
Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1200
Saint Paul, MN 55404
Phone: (651) 757-1235
bennett.hartz@ag.state.mn.us
*Attorney for Plaintiff State of Minnesota,
by its Attorney General, Keith Ellison*

James M. Rankin (MS Bar No. 102332)
Special Assistant Attorney General
Mississippi Attorney General's Office
P.O. Box 220
Jackson, MS 39205
Phone: (601) 359-4258
james.rankin@ago.ms.gov
*Attorney for Plaintiff Lynn Fitch,
Attorney General State of Mississippi*

Luke Hawley (MO Bar No. 73749)
Assistant Attorney General
Office of the Missouri Attorney General
815 Olive Street, Suite 200
St. Louis, MO 63101
Phone: (314) 340-6816
Fax:     (314) 340-7891
luke.hawley@ago.mo.gov
*Attorney for Plaintiff State of Missouri, ex.
rel. Andrew Bailey, Attorney General*

Brent Mead (MT Bar No. 68035000)
Deputy Solicitor General
Anna Schneider (MT Bar No. 13963)
Special Assistant Attorney General, Senior
Counsel
Montana Attorney General's Office
Office of Consumer Protection
215 North Sanders Street
P.O. Box 200151
Helena, MT 59620-0151
Phone: (406) 444-4500
Brent.mead2@mt.gov
Anna.schneider@mt.gov
*Attorneys for Plaintiff State of Montana*

Gary E. Brollier (NE Bar No. 19785)
Assistant Attorney General
Office of the Attorney General Michael T. Hilgers
2115 State Capitol Building
Consumer Protection Division
Lincoln, NE 68509
Phone: (402) 471-1279
Fax:    (402) 471-4725
gary.brollier@nebraska.gov
*Attorney for Plaintiff State of Nebraska*

Michelle C. Badorine (NV Bar No. 13206)
Senior Deputy Attorney General
Office of the Nevada Attorney General
Bureau of Consumer Protection
100 North Carson Street
Carson City, NV 89701-4717
Phone: (775) 684-1164
Fax:    (775) 684-1299
MBadorine@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

Mary F. Stewart (NH Bar No. 10067)
Assistant Attorney General
New Hampshire Department of Justice
Office of the Attorney General
Consumer Protection and Antitrust Bureau
1 Granite Place South
Concord, NH 03301
Phone: (603) 271-1139
Mary.F.Stewart@doj.nh.gov
*Attorney for Plaintiff State of New Hampshire*

Jeffrey Koziar (NJ Bar No. 015131999)
Deputy Attorney General
New Jersey Office of the Attorney General
Division of Law
124 Halsey Street
Newark, NJ 07101
Phone: (973) 648-7819
Fax:    (973) 648-4887
mailto:Jeff.koziar@law.njoag.gov
*Attorney for Plaintiff State of New Jersey*

Billy Jimenez (NM Bar No. 144627)
Assistant Attorney General
New Mexico Department of Justice
408 Galisteo St.
Santa Fe, New Mexico 87501
Phone: (505) 527-2694
Fax:    (505) 490-4883
Bjimenez@nmdoj.gov
*Attorney for Plaintiff Raúl Torrez, New Mexico Attorney General*

Glenna Goldis (NY Bar No. 4868600)
Assistant Attorney General
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (646) 856-3697
Glenna.goldis@ag.ny.gov
*Attorney for Plaintiff Office of the Attorney General of the State of New York*

Elin S. Alm (ND Bar No. 05924)
Christopher Glenn Lindblad (ND Bar
No. 06480)
Assistant Attorneys General
Office of North Dakota Attorney General
Consumer Protection & Antitrust Division
1720 Burlington Drive, Suite C
Bismarck, ND 58504-7736
Phone: (701) 328-5570
Fax:     (701) 328-5568
mailto:ealm@nd.gov
clindblad@nd.gov
*Attorneys for Plaintiff State of North
Dakota*

Stephanie Powers (OK Bar No. 22892)
Assistant Attorney General
Office of the Oklahoma Attorney General
313 N.E. 21st St.
Oklahoma City, OK 73105
Phone: (405) 522-3412
Fax:     (405) 522-0085
Stephanie.Powers@oag.ok.gov
*Attorney for Plaintiff State of Oklahoma ex
rel. Attorney General Gentner Drummond*

Jordan M. Roberts (OR Bar No. 115010)
Senior Assistant Attorney General
Oregon Department of Justice
Consumer Protection Division
100 SW Market St.
Portland, OR 97201
Phone: (971) 673-1880
Fax:     (971) 673-1884
jordan.m.roberts@doj.oregon.gov
*Attorney for Plaintiff State of Oregon*

Mark W Wolfe (PA Bar No. 327807)
Deputy Attorney General
Pennsylvania Office of Attorney General
Strawberry Square, 15th Floor
Harrisburg, PA 17120-0001
Phone: (717) 772-3558
Fax:     (717) 705-3795
mwolfe@attorneygeneral.gov
*Attorney for Plaintiff Commonwealth of
Pennsylvania by Attorney General David
W. Sunday, Jr.*

Stephen N. Provazza (RI Bar No. 10435)
Special Assistant Attorney General
Rhode Island Office of the Attorney
General
150 S. Main Street
Providence, RI 02903
Phone: (401) 274-4400, ext. 2476
Fax:     (401) 222-1766
sprovazza@riag.ri.gov
*Attorney for Plaintiff State of Rhode
Island, by Attorney General Peter
Neronha*

Kristin Simons (SC Bar No. 74004)
Senior Assistant Attorney General
South Carolina Attorney General's Office
P.O. Box 11549
Columbia, SC 29211-1549
Phone: (803) 734-6134
mailto:ksimons@scag.gov
*Attorney for Plaintiff State of South
Carolina*

Austin C. Ostiguy (TN Bar No. 040301)
Tyler T. Corcoran (TN Bar No. 038887)
Assistant Attorneys General
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202
Phone: (615) 532-7271 (Ostiguy)
       (615) 770-1714 (Corcoran)
Fax:     (615) 532-2910
austin.ostiguy@ag.tn.gov
tyler.corcoran@ag.tn.gov
*Attorneys for Plaintiff State of Tennessee*

David Shatto (Fed. Bar No. 3725697; TX
Bar No. 24104114)
Assistant Attorney General
Attorney General for the State of Texas
Office of the Attorney General
P.O. Box 12548 (MC-010)
Austin, TX 78711
Phone: (512) 463-2185
Fax:     (512) 473-9125
David.Shatto@oag.texas.gov
*Attorney for Plaintiff State of Texas*

Alexandra Butler (UT Bar No. 19238)
Assistant Attorney General
Utah Attorney General's Office
160 East 300 South, 5th Floor
P.O. Box 140872
Salt Lake City, UT 84114-0872
Phone: (385) 910-5533
Fax:     (801) 366-0315
alexandrabutler@agutah.gov
*Attorney for Plaintiff Utah Division of Consumer Protection*

James Layman (VT Bar No. 5236)
Office of the Vermont Attorney General
109 State Street
Montpelier, VT 05609-1001
Phone: (802) 828-2315
Fax:     (802) 304-1014
James.Layman@vermont.gov
*Attorney for Plaintiff State of Vermont*

Geoffrey L. Ward (VA Bar No. 89818)
Senior Assistant Attorney General
Office of the Attorney General of Virginia
202 N. Ninth St.
Richmond, VA 23219
Phone: (804) 371-0871
Fax:     (804) 786-0122
gward@oag.state.va.us
*Attorney for Plaintiff Commonwealth of Virginia, ex rel. Jason S. Miyares, Attorney General*

Zorba Leslie (WA Bar No. 58523)
Assistant Attorney General
Washington State Attorney General's Office
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Phone: (206) 340-6787
Fax:     (206) 464-6451
zorba.leslie@atg.wa.gov
*Attorney for Plaintiff State of Washington*

21

Ashley T. Wentz (WV Bar No. 13486)
Assistant Attorney General
West Virginia Attorney General's Office
Consumer Protection/Antitrust Division
P.O. Box 1789
Charleston, WV 25326
Phone: (304) 558-8986
Fax:    (304) 558-0184
Ashley.T.Wentz@wvago.gov
*Attorney for Plaintiff State of West Virginia ex rel. John B. McCuskey, Attorney General*

Gregory A. Myszkowski (WI Bar No. 1050022)
Assistant Attorney General
Wisconsin Department of Justice
P.O. Box 7857
Madison, WI 53707-7857
Phone: (608) 266-7656
Fax:    (608) 294-2907
gregory.myszkowski@wisdoj.gov
*Attorney for Plaintiff State of Wisconsin*

Cameron W. Geeting (WY Bar No. 7-5338)
Senior Assistant Attorney General
Consumer Protection and Antitrust Unit
Wyoming Office of the Attorney General
2320 Capitol Avenue
Cheyenne, Wyoming 82002
Phone: (307) 777-3795
cameron.geeting1@wyo.gov
*Attorney for Plaintiff State of Wyoming*

1
2
3
4
5
6          **IN THE UNITED STATES DISTRICT COURT**
7            **FOR THE DISTRICT OF ARIZONA**
8

9  | State of Arizona, *ex rel*. Kristin K. Mayes, | No. CV-23-00233-TUC-CKJ |
10 | Attorney General; *et al.*, | |

11 |         Plaintiffs; | **[proposed] ORDER** |

12

13 |              v. | |

14 | Michael D. Lansky, L.L.C., dba Avid Telecom; | |
15 | *et al.*, | |

16 |         Defendants. | |

17

18        Before the Court is Defendants' Motion to Revise the Discovery Schedule Pursuant
19
20 to Rule 54(b). (Doc. 121) Having considered the motion and the responsive pleadings,
21 Defendants failed to show good cause to expand the scope of discovery of the Case
22
23 Management Scheduling Order. (Doc. 102)
24        **Accordingly,** Defendants' Motion is **DENIED**.
25
26
27
28