KRISTIN K. MAYES
Attorney General of Arizona
(Firm State Bar No. 14000)
John Raymond Dillon IV (AZ No. 036796)
Alyse C. Meislik (AZ Bar No. 024052)
Dylan Jones (AZ Bar No. 034185)
Sarah Pelton (AZ Bar No. 039633)
Office of the Arizona Attorney General
2005 North Central Avenue
Phoenix, AZ 85004
Phone: (602) 542-3725
Fax:     (602) 542-4377
consumer@azag.gov
*Counsel for Plaintiff State of Arizona*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, *ex rel*. Kristin K. Mayes, Attorney General, *et al.*,<br><br>        Plaintiffs,<br><br>        v.<br><br>Michael D. Lansky, L.L.C., dba Avid Telecom, *et al.*,<br><br>        Defendants. | Case No.:  4:23-cv-00233-TUC-CKJ<br><br>(Assigned to the Hon. Cindy K. Jorgenson)<br><br>**PLAINTIFFS' OPENING BRIEF ON DISCOVERY DISPUTES** |

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs brought this lawsuit to protect consumers from Defendant Michael D. Lansky, LLC, dba Avid Telecom ("Defendant Avid Telecom") – and its co-defendants Michael D. Lansky's ("Defendant Lansky") and Stacey S. Reeves' ("Defendant Reeves") – illegal telemarketing and robocall schemes. As set forth in the Complaint, Defendants Avid Telecom, Lansky and Reeves are in the business of providing Voice over Internet Protocol ("VoIP") services, facilitating or initiating robocalls, and/or helping others make illegal robocalls – in violation of multiple state and federal laws.

To date, Defendant Avid Telecom and Defendant Lansky have not produced a single responsive document in response to Plaintiffs' Requests for Production of Documents, and Defendant Reeves' production is wholly insufficient under the Court's ESI Order and the Federal Rules of Civil Procedure [Dkt. #120]. Moreover, Defendants' untimely responses to Plaintiffs Requests for Production are replete with errors, and rely entirely on evasive and boilerplate objections. Despite Plaintiffs' repeated efforts to meet and confer with defense counsel in order to resolve these deficiencies without judicial involvement, Defendants have persisted in delay and obstruction - often misrepresenting the record in correspondence to both Plaintiffs' counsel and the Court. Having exhausted all reasonable efforts to resolve these discovery disputes, Plaintiffs are left with no alternative but to seek relief from the Court, including leave to file motions to compel and the appointment of a discovery referee or magistrate.

## II.    RELEVANT FACTS

On February 21, 2025, Plaintiffs served Defendant Avid Telecom with Plaintiffs' First Set of Requests for the Production of Documents ("Requests"). *See* Declaration of Sarah Pelton ("Decl."), dated August 27, 2025 at ¶ 3, Ex. A. On March 6, 2025, Plaintiffs also served Requests on Defendant Lansky and Defendant Reeves. Decl. at ¶ 4, Exs. B-C. The Requests sought production of relevant and admissible evidence in each Defendants' possession related to Plaintiffs' causes of action under the Telemarketing and Consumer

Fraud and Abuse Prevention Act, the Telemarketing Sales Rule, the Telephone Consumer Protection Act, the Truth in Caller ID Act, as well as other state and federal laws and Defendants' claimed defenses thereto.

Pursuant to Rule 34(b)(2), Defendant Avid Telecom was required to provide responses to Plaintiffs' Requests by March 24, 2025, while Defendants Lansky and Reeves were required to serve their responses by April 7, 2025. Decl. at ¶ 5. However, in violation of Rule 34(b)(2), none of the Defendants provided timely responses to Plaintiffs' Requests by the required deadlines. Decl. at ¶ 6. For almost two weeks, Plaintiffs' counsel sought updates from Defendants regarding the status of their overdue responses. Despite no rational explanation from Defendants as to why they failed to timely serve responses, the parties ultimately stipulated to an April 30, 2025 deadline for all Defendants to respond to Plaintiffs' Requests. Decl. at ¶¶ 7-9, Exs. D-G.  However, on April 30, 2025, none of the Defendants provided any responses to Plaintiffs' Requests. After missing the April 30, 2025 deadline, defense counsel stated that responses for all three Defendants would be completed by May 2, 2025. Decl. at ¶ 10, Ex. H. However, on May 2, 2025, defense counsel served three identical responses on behalf of Defendant Lansky that were laden with boilerplate and evasive objections and failed entirely to provide any responses from Defendants Avid Telecom or Reeves. Decl. at ¶ 11, Exs. I-J. Accordingly, on May 5, May 6, and May 7, 2025, Plaintiffs' counsel emailed defense counsel requesting Defendants Avid Telecom's and Reeves' responses to Plaintiffs' Requests. Decl. at ¶ 12, Exs. K-M. Defense counsel did not respond to Plaintiffs' May 5, 6, or 7, 2025 correspondence. Decl. at ¶ 13.

On May 16, 2025, Plaintiffs' counsel sent a meet and confer email to defense counsel detailing the substantive deficiencies in Defendant Lansky's responses and addressing Defendants Avid Telecom's and Reeves' waiver of objections due to their complete failure to respond at all to Plaintiffs' Requests. Decl. at ¶ 14, Ex. N. Defense counsel did not respond to Plaintiffs' May 16, 2025 correspondence. Decl. at ¶ 15. On May 27, 2025, Plaintiffs' counsel again emailed defense counsel requesting their availability for

a meet and confer. Decl. at ¶ 16, Ex. O. The next day, May 28, 2025, defense counsel replied that they would "try to have a substantive response for you later today or tomorrow." Decl. at ¶ 17, Ex. P. However, defense counsel failed to follow through. Decl. at ¶ 18.

With over three months having passed since Plaintiffs originally served their Requests - and still with no responses from Defendant Avid Telecom and Defendant Reeves, and inapplicable and boilerplate objections from Defendant Lansky - Plaintiffs' counsel called the Court on June 19, 2025 to obtain permission to file motions to compel Defendants' responses. Decl. at ¶ 19. The Court directed the parties to participate in, or at the very least schedule, a meet and confer by June 27, 2025. That same day, Plaintiffs' counsel emailed defense counsel to arrange a date and time to meet and confer, which defense counsel ignored. Decl. at ¶¶19-20, Ex. Q.

On or about June 30, 2025, Plaintiffs notified the Court to that effect. Decl. at ¶ 21. As a result, the Court issued its July 1, 2025 Order [Dkt. #118], requiring the parties to meet and confer regarding Plaintiffs' Requests by July 11, 2025. Accordingly, on July 2, 2025, Plaintiffs' counsel again emailed defense counsel seeking their availability to meet and confer. Decl. at ¶ 22, Ex. R. On July 3, 2025, defense counsel responded and stated their availability for a meet and confer on July 9, 2025, on the condition that "an AG who is employed by each Lead State and each State with a claim based on state law" be present. Decl. at ¶ 23, Ex. S. Defense counsel further conditioned their availability on the parties setting aside "at least 2-3 hours" to discuss Defendants' outstanding discovery requests. *Id.*

As the Court's order [Dkt. #118] referred only to disputes "raised by Plaintiffs", Plaintiffs' counsel replied confirming the date strictly as to the overdue responses owed to Plaintiffs and offered alternative dates to meet and confer regarding Defendants' concerns. Decl. at ¶ 24, Ex. T. Defense counsel later agreed to meet on July 15, 2025 to discuss Defendants' concerns.

Plaintiffs' meet and confer occurred as scheduled. Defense counsel agreed to provide Defendant Avid Telecom's and Defendant Reeves' first written responses to

Plaintiffs' Requests by July 11, 2025, and provide Defendant Lansky's supplemental written responses by July 15, 2025. Plaintiffs agreed to defense counsel providing a response as to when to expect Defendants' document production by July 11, 2025. Decl. at ¶ 25, Ex. U.

On or around July 11, 2025, defense counsel provided its first document production as to Defendant Reeves – around 320 documents in total. In the same communication, defense counsel indicated they would make the first document production for Defendant Avid Telecom and supplement Defendant Reeves' production by July 15, 2025. Defense counsel made no representations as to when Plaintiffs could expect any document production from Defendant Lansky, and erroneously stated that Defendant Lansky agreed to produce documents in response to 93 of Plaintiffs' 103 document requests. Decl. at ¶ 26, Ex. V. In response, Plaintiffs correctly explained that 106 Requests were served, and Defendant Lansky agreed to produce documents to only 79 Requests. Additionally, Plaintiffs noted that Defendant Reeves' initial production was deficient and did not comply with the terms of the Court's entered ESI Order [Dkt. #120] – most notably, none of the documents were marked with Bates numbers or provided guidance as to which documents corresponded to which of Plaintiffs' requests. Decl. at ¶ 27, Ex. W. Defense counsel responded, initially stating that their documents *did* include Bates numbering to both Plaintiffs' counsel and the court, but did not provide Bates stamped documents until after these representations on August 14. To date, Defendant Reeves has still not provided any information to identify the requests to which each document produced is responsive. Decl. at ¶ 28-29, Exs. X-Z.

Defense counsel's meet and confer occurred as scheduled on July 15th. Defense counsel requested attendance of all state claims states and the lead states. Despite Plaintiffs' counsel's urging for defense counsel to identify disputes for discussion in advance, defense counsel Greg Taylor appeared unprepared to discuss a majority of their disputes. Decl. at ¶ 30, Ex. BB. Counsel Neil Ende did not attend the meet and confer. Defense counsel later

sent an email asking Plaintiffs to respond to a written meet and confer letter instead of further telephonic correspondence. Decl. at ¶ 30, Ex. AA.

On or around July 18, 2025, defense counsel emailed Plaintiffs' counsel finally acknowledging they had "inadvertent[ly]" produced the same three responses to Plaintiffs' Requests that defense counsel initially sent on May 2, 2025. Defense counsel promised written responses for all Defendants by July 21, 2025. Decl. at ¶ 31, Ex. CC. Defense counsel sent Defendant Reeves' first written responses on July 21, 2025 and Defendant Avid Telecom's first written responses on July 22, 2025. Decl. at ¶¶ 32-33, Exs. DD-EE. Defense counsel has not sent Defendant Lansky's supplemental responses or any document production from Defendants Lansky or Avid Telecom. Decl. at ¶ 34.

## III.    ARGUMENT

### a. Defendants' Responses to Plaintiffs' First Set of Requests for the Production of Documents are Vague, Evasive, and Violate the Federal Rules of Civil Procedure.

#### i. Defendants Violated Rule 34 of the Federal Rules of Civil Procedure and Waived Their Ability to Assert Any Objections.

Rule 34 of the Federal Rules of Civil Procedure obligates the party to whom a request for production is directed to respond in writing to the requests within 30 days after being served. *See* Fed. R. Civ. P. 34(b)(2). The failure to provide specific, timely objections to the requests for production results in waiver. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."); *see also Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) (failure to object within the time limits established by the Federal Rules waives all objections, including objections on the basis of privilege); *see also Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 10, 12-13 (1st Cir. 1991) (affirming district court order that objections to requests for production were waived by a party's failure to make timely objections).

1       Here, Defendant Avid Telecom was served with Plaintiffs' Requests on February
2   21, 2025. Defendants Reeves and Lansky were served with Plaintiffs' Requests on March
3   6, 2025. After multiple accommodations and extensions granted by Plaintiffs to extend the
4   final deadline to respond by May 2, 2025, defense counsel produced three identical
5   Responses for all Defendants addressed for Defendant Lansky, and thereby failed to
6   provide Defendants Reeves' and Avid Telecom's Responses to the Plaintiffs' Requests
7   within the 30-day deadline required by Rule 34(b)(2). Pursuant to Rule 34 of the Federal
8   Rules of Civil Procedure, Defendants Avid Telecom and Reeves have waived any
9   objections to Plaintiffs' Requests. *See* Fed. R. Civ. P. 34(b)(2); *see also Richmark Corp.*,
10  959 F.2d at 1473.

11      Defendant Reeves' and Defendant Avid Telecom's Responses were not received
12  until July 21, 2025, and July 22, 2025, respectively—more than two months after Plaintiffs
13  notified defense counsel that they sent three identical Responses for all Defendants. Despite
14  being advised by Plaintiffs that all objections, since served late, are waived, both
15  Defendants' Responses were replete with objections. Defendants' untimely objections
16  failed to provide the specific manner, date and time that Defendants will produce
17  responsive documents as required by Rule 34(b). *See* Fed. R. Civ. P. 34(b)(2); *Jayne H.*
18  *Lee, Inc. v. Flagstaff Indus. Corp.*, 173 F.R.D. 651, 656 (D. Md. 1997) ("a response to a
19  request for production of documents which merely promises to produce the requested
20  documents at some unidentified time in the future, without offering a specific time, place
21  and manner, is not a complete answer as required by Rule 34(b) and, therefore, pursuant to
22  Rule 37(a)(3) is treated as a failure to answer or respond.").

23      Likewise, despite agreeing to produce all documents responsive to certain of
24  Plaintiffs' Requests, Defendant Lansky also failed to provide the specific manner, date and
25  time that he will produce such responsive documents as required by Rule 34(b). When
26  responding to a request for production, the responding party must alert other parties to the
27  fact documents have been withheld and thereby facilitate an informed discussion of the
28  objection. *See* Fed. R. Civ. P. 34(b)(2)(C); *Murillo v. Arizona*, No. CV-20-01580-PHX-

SPL (JZB), 2023 WL 2540245, at *2-3 (D. Ariz. Mar. 16, 2023). It is not Plaintiffs' burden to guess whether Defendant Lansky withheld any relevant and responsive information from production for these Requests.

Accordingly, each Defendant must supplement their Responses[1] to Plaintiffs' Requests for Production and provide the specific manner and date certain as to when each will complete production of all responsive documents/communications.

### ii.    Defendants' Untimely Responses are Improper Under Rule 34(b)(2)(C) of the Federal Rules of Civil Procedure.

Rule 34 requires an objection to "state whether any responsive materials are being withheld on the basis of that objection." *See* Fed. R. Civ. P. 34(b)(2)(C). Here, the untimely responses served by Defendants are improper under Rule 34(b)(2)(C) because they fail to provide Plaintiffs with any information as to whether Defendants are withholding any responsive documents on the basis of any privilege.

In response to certain of Plaintiffs' Requests[2], Defendants stated they "will produce any non-privileged, responsive documents" in each's possession, custody or control." However, Defendants' Responses are improper under Rule 34(b)(2)(C) because they fail to provide Plaintiffs with any information as to whether Defendants are withholding any responsive documents on the basis of any privilege. When responding to a request for production, the responding party must alert other parties to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection. *See* Fed. R. Civ. P. 34(b)(2)(C); *Murillo v. Arizona*, No. CV-20-01580-PHX-SPL (JZB), 2023 WL 2540245, at *2 (D. Ariz. Mar. 16, 2023). It is not Plaintiffs' burden to guess whether any relevant and responsive information has been withheld from production for certain Requests. Accordingly, Defendants must supplement their responses to certain Requests

---

[1] For Defendant Reeves, Request Nos. 1-18, 20-55, 63, 65, 81-84, 86, 89-102; for Defendant Avid Telecom, Nos. 1-24, 27-39, 41-42, 44-45, 48-55, 57-60, 64 subsection j, 66, 72, 76, 92-95, 98; and for Defendant Lansky, Nos. 1, 10-20, 31-37, 45, 48, 63, 65-80, 83-89, 92, 103-104.

[2] For Defendant Reeves, this includes Request Nos. 1-18, 20-55, 63, 65, 81-84, 86, and 89-102. For Defendant Avid Telecom, this includes Request Nos. 1-24, 27-39, 41-42, 44, 48-55, 57-60, 66, 72, 76, 92-95, and 98. For Defendant Lansky, this includes Request Nos. 1, 26-27, 92-96 and 105-106.

and state whether they are withholding any privileged responsive documents and state the specific manner, date and time by which they will complete their production of all "non-privileged" responsive documents and/or communications.

### iii. Defendants' Responses Are Evasive, Vague and Rely Entirely on Boilerplate Objections.

Defendants' responses are evasive, vague and rely entirely on waived and meritless objections. To be effective, an objection must be specific and state whether any responsive materials are being withheld on the basis of that specific objection. *See* Fed. R. Civ. P. 34(b)(2)(B); *see also Militante v. Banner Health*, No. CV-22-0352-PHX-DWL (JFM), 2023 WL 12073895, at *3 (D. Ariz. Dec. 20, 2023). The burden is on the party resisting discovery to show discovery should not be allowed and to justify his asserted objections with sufficient information. *See U.S. ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 648 (C.D. Cal. 2007). When asserting claims of privilege or work product protection, the objecting party must provide sufficient factual information to enable the other parties to evaluate the merits of the claim, including a privilege log if necessary. *See* Fed. R. Civ. P. 26; *see also United States v. Martin*, 278 F.3d 988, 1000 (9th Cir. 2002), *amended on denial of reh'g*, 2002 U.S. App. LEXIS 3886 (Mar. 13, 2002) ("A party claiming the privilege must identify specific communications and the grounds supporting the privilege as to each piece of evidence over which privilege is asserted. Blanket assertions are extremely disfavored.") (quotations and citations omitted). In addition, the objecting party must show a particularized harm is likely to occur if the requesting party obtains the information that is the subject of the particular objections. *See Collins v. Landry's Inc.*, 2:13-CV-01674-JCM-VCF, 2014 WL 2770702, at *3 (D. Nev. June 17, 2014). Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all. *See Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999).

The Requests at issue seek relevant and admissible evidence related to Plaintiffs' causes of action under state and federal laws protecting consumers against deceptive and illegal telemarketing practices and Defendants' claimed defenses thereto. Specifically, the

Requests seek evidence relating to: Defendants' direct or indirect knowledge of and involvement in transmitting millions of prerecorded calls[3]; Defendants' knowledge of and compliance with applicable federal and state laws and regulations[4]; any procedures in place to prevent – or even significantly mitigate – illegal behavior onto and across Defendants' Avid Telecom's network[5]; Defendants' prior inconsistent statements regarding knowledge of and compliance with applicable federal and state laws and regulations[6]; the veracity of Defendant Reeves' claimed independent contractor status[7]; and Defendants' asserted affirmative defenses.[8]

In response to these Requests, Defendants posit the same boilerplate objections, over and over, without explaining how those objections actually apply. Namely, Defendants state that the Requests are vague, ambiguous, irrelevant, overbroad, burdensome, require legal conclusions, seek documents obtainable from other sources, and seek documents protected from disclosure by various (some even inapplicable) privileges. But Defendants' boilerplate and generalized objections are inadequate under the Rules and are tantamount to no objection at all. *See Walker*, 186 F.R.D. at 587; *Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 592–93 (W.D.N.Y. 1996) (general objections that discovery request was unduly burdensome were not sufficiently specific to allow court to ascertain objectionable character of discovery request and were improper); *Sabouri v. Ohio Bureau of Emp. Services*, 2:97-CV-715, 2000 WL 1620915, at *5 (S.D. Ohio 2000) ("Fed.R.Civ.P. 34 requires production of a document that is in the 'possession, custody or control' of a party; the fact that the document may also be available from another source is

---

[3] *E.g.* Requests to Reeves Nos. 62, 64, 66, 85; Requests to Avid Telecom Nos. 25-26, 40, 43, 46-47, 56, 61-63, 67-71, 73-75, 77; Requests to Lansky Nos. 1, 2, 3, 7, 19, 23-28, 34-36, 39-45, 47-52, 59-60, 81-83, 92-95, 97-100, 102-106.

[4] *E.g.* Request to Reeves Nos. 56-62, 64, 66, 85; Request to Avid Telecom Nos. 25-26, 40, 43, 46-47, 56, 61-63, 64 subsections a.–i., 65, 67-71; Request to Lansky Nos. 4-6, 8-9, 17-18, 20-22, 30-33, 37, 46, 53-55, 63-64, 66, 90, 96, 101.

[5] *E.g.* Request to Reeves Nos. 56-60, 62, 64, 66, 85; Request to Avid Telecom Nos. 25-26, 40, 43, 46-47, 56, 61-63, 65; Request to Lansky Nos. 16, 29, 61-62, 91.

[6] *E.g.* Request to Reeves Nos. 56-57; Requests to Avid Telecom Nos. 67-71; Request to Lansky No. 57.

[7] *E.g.* Request to Reeves Nos. 56-60, 85; Request to Lansky No. 38.

[8] *E.g.* Request to Reeves Nos. 61, 67-80, 87-88; Request to Avid Telecom Nos. 78-91, 96-97; Request to Lansky Nos. 10-15.

irrelevant."); *Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995) ("[A]ctual possession of the requested documents is not required. A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document.") (internal quotations and citations omitted).

Here, Defendants' objections are unsupported and not well taken. Defendants' objection that certain requests "contain terms that are not defined with sufficient specificity" is baseless. The terminology in Plaintiffs' Requests is reasonable and drawn from commonly understood and well-established language. Moreover, Defendants' definitional objections are undermined by their own conduct, as they agreed to produce documents in response to other Requests while asserting the very same objection. Defendants' claim of an undue burden is undermined in the same fashion. Defendants also provided zero explanation as to, for example, why or how providing communications, interactions, or account history logs with suppliers or customers would require them to "reach one or more legal conclusions."

Finally, Defendants' privilege objections are unsubstantiated and provide no factual basis for Plaintiffs to evaluate the validity of their privilege claims. Defendant Lansky offered no support to his claim of the common interest or law enforcement privileges – because he cannot claim such privileges. Defendants also offer no explanation as to how their communications with Downstream Providers, or documents related to payments made to those providers, could plausibly be protected by the attorney-client privilege – again, because no such explanation exists. Likewise, Defendants' assertion that documents relating to their own affirmative defenses – information that Plaintiffs are entitled to in order to litigate this case effectively – are privileged is equally baseless. Defendants cannot wield their affirmative defenses as both a sword against Plaintiffs' claims and a shield from discovery through blanket privilege assertions. Accordingly, Defendants must provide

1  supplemental responses, without objection, to certain Requests.[9]

2  **IV.    DEFENDANTS' DOCUMENT PRODUCTION IS INSUFFICIENT OR**
3  **NONEXISTENT AND DOES NOT COMPLY WITH THE ESI ORDER.**

4          After agreement from counsel, the Court entered the ESI Order [Dkt. #120] on July
5  10, 2025. Among the Order's most important provisions were: Bates numbering on all
6  documents, indicating which documents were responsive to which Requests, producing all
7  documents with a parent-child relationship and that ESI will be produced in rolling
8  production within five days of serving written response. *See* ESI Order Appendix A,
9  Paragraph A.14; ESI Order Section A(2); ESI Order Appendix A, Paragraph A.4; ESI
10  Order Section B(1)(a). Defendant Reeves sent her first document production on July 11,
11  2025. Despite defense counsel's insistence otherwise, no documents in the Reeves
12  production were Bates numbered, and Bates numbered versions of those documents were
13  not produced until August 14. Defendant Reeves' production still failed to indicate which
14  documents are responsive to which Requests and failed to produce all documents with a
15  parent-child relationship. Furthermore, Defendants Avid Telecom and Lansky have yet to
16  produce a single responsive document to the Plaintiffs' Requests contrary to the provisions
17  of the ESI order. As such, Defendant Reeves must immediately correct the identified
18  deficiencies, and Defendants Avid Telecom and Lansky must begin producing long
19  overdue document production.

20  **V.    CONCLUSION**

21          Defendants' flagrant abuse of their discovery obligations and persistent obstructive
22  tactics have caused significant delays in this case. Despite Plaintiffs' repeated good-faith
23  efforts to meet and confer in order to resolve these deficiencies without burdening the
24  Court, Defendants' obstruction has continued unabated. Plaintiffs are therefore left with no
25  choice but to seek judicial relief, including leave to file motions to compel and the
26  appointment of a discovery referee or magistrate to ensure Defendants' compliance.

27  ───────────────

28  [9] For Defendant Reeves, Request Nos. 56-62, 64, 66-80, 85, 87-88; for Defendant Avid Telecom, Request
Nos. 25-26, 40, 43, 45, 46-47, 56, 61-63, 64 subsections a-i, 65, 67-71, 73-75, 77-91, 96-97; and Defendant
Lansky, Nos. 2-9, 21-25, 28-30, 38-44, 46-47, 49-55, 57, 59-62, 64, 81-82, 90-91, 97-102.

RESPECTFULLY SUBMITTED this 27th day of August, 2025.

**FOR THE STATE OF ARIZONA:**

KRISTIN K. MAYES
Attorney General for the State of Arizona

/s/ John Raymond Dillon IV
JOHN RAYMOND DILLON IV
SARAH PELTON
Assistant Attorneys General
*Attorneys for the State of Arizona*

**FOR THE STATE OF NORTH CAROLINA:**

JEFF JACKSON
Attorney General for the State of North Carolina

/s/ Tracy Nayer
TRACY NAYER
ROCHELLE SPARKO
Special Deputy Attorneys General
*Attorneys for the State of North Carolina*

**FOR THE STATE OF INDIANA:**

TODD ROKITA
Attorney General for the State of Indiana

/s/ Douglas S. Swetnam
DOUGLAS S. SWETNAM
THOMAS L. MARTINDALE
Deputy Attorneys General
*Attorneys for the State of Indiana*

**FOR THE STATE OF OHIO:**

DAVE YOST
Attorney General for the State of Ohio

/s/ Erin Leahy
ERIN B. LEAHY
Senior Assistant Attorney General
*Attorney for the State of Ohio*

***Lead Counsel for Plaintiffs***

**LIST OF PLAINTIFFS' COUNSEL**

John Raymond Dillon IV (AZ Bar No. 036796)
Sarah Pelton (AZ Bar No. 039633)
Assistant Attorneys General
Arizona Attorney General's Office
2005 North Central Avenue
Phoenix, AZ 85004
Phone: (602) 542-8018
Fax:    (602) 542-4377
john.dillonIV@azag.gov
sarah.pelton@azag.gov
*Attorneys for Plaintiff State of Arizona*

Douglas S. Swetnam (IN Bar No. 15860-49)
Thomas L. Martindale (IN Bar No. 29706-64)
Deputy Attorneys General
Office of the Indiana Attorney General
Todd Rokita
Indiana Govt. Center South, 5th Fl.
302 W. Washington St.
Indianapolis, IN 46204-2770
Phone: (317) 232-6294 (Swetnam)
          (317) 232-7751 (Martindale)
Fax:    (317) 232-7979
douglas.swetnam@atg.in.gov
thomas.martindale@atg.in.gov
*Attorneys for Plaintiff State of Indiana*

Tracy Nayer (NC Bar No. 36964)
Rochelle Sparko (NC Bar No. 38528)
Special Deputy Attorneys General
North Carolina Department of Justice
Consumer Protection Division
P.O. Box 629
Raleigh, North Carolina 27602
Phone:   (919) 716-6000
Fax:     (919) 716-6050
tnayer@ncdoj.gov
rsparko@ncdoj.gov
*Attorneys for Plaintiff State of North Carolina*

Erin B. Leahy (OH Bar No. 0069509)
Senior Assistant Attorney General
Office of Attorney General Dave Yost
30 East Broad Street, 14th Fl.
Columbus, OH 43215
Phone: (614) 752-4730
Fax:    (866) 768-2648
Erin.Leahy@OhioAGO.gov
*Attorney for Plaintiff State of Ohio*

***Lead Counsel for Plaintiffs***

Lindsay D. Barton (AL Bar No. 1165-G00N)
Robert D. Tambling (AL Bar No. 6026-N67R)
Assistant Attorneys General
Office of the Alabama Attorney General
501 Washington Avenue
Montgomery, Alabama 36130
Phone: (334) 353-2609 (Barton)
         (334) 242-7445 (Tambling)
Fax:    (334) 353-8400
Lindsay.Barton@AlabamaAG.gov
Robert.Tambling@AlabamaAG.gov
*Attorneys for Plaintiff State of Alabama*

Amanda Wentz (AR Bar No. 2021066)
Assistant Attorney General
Office of Attorney General Tim Griffin
101 West Capitol Avenue
Little Rock, AR 72201
Phone: (501) 682-1178
Fax:    (501) 682-8118
amanda.wentz@arkansasag.gov
*Attorney for Plaintiff State of Arkansas*

Nicklas A. Akers (CA Bar No. 211222)
Senior Assistant Attorney General
Bernard A. Eskandari (CA Bar No. 244395)
Supervising Deputy Attorney General
Timothy D. Lundgren (CA Bar No. 254596)
Rosailda Perez (CA Bar No. 284646)
Deputy Attorneys General
Office of the California Attorney General
300 S. Spring St., Suite 1702
Los Angeles, CA 90013
Phone: (415) 510-3364 (Akers)
         (213) 269-6348 (Eskandari)
         (213) 269-6355 (Lundgren)
         (213) 269-6612 (Perez)
Fax:    (916) 731-2146
nicklas.akers@doj.ca.gov
bernard.eskandari@doj.ca.gov
timothy.lundgren@doj.ca.gov
rosailda.perez@doj.ca.gov
*Attorneys for Plaintiff People of the State of California*

Michel Singer Nelson (CO Bar No. 19779)
Assistant Attorney General II
Colorado Office of the Attorney General
Ralph L. Carr Judicial Building
1300 Broadway, 10th Floor
Denver, CO 80203
Phone: (720) 508-6220
michel.singernelson@coag.gov
*Attorney for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

Brendan T. Flynn (Fed. Bar No. ct04545, CT Bar No. 419935)
Assistant Attorney General
Office of the Connecticut Attorney General William Tong
165 Capitol Avenue, Suite 4000
Hartford, CT 06106
Phone: (860) 808-5400
Fax:    (860) 808-5593
brendan.flynn@ct.gov
*Attorney for Plaintiff State of Connecticut*

Miles Vaughn (FL Bar No. 1032235)
Assistant Attorney General
Office of the Florida Attorney General
Consumer Protection Division
3507 E. Frontage Rd, Suite 325
Tampa, FL 33607
Phone: (813) 287-7950
Fax:    (813) 281-5515
miles.vaughn@myfloridalegal.com
*Attorney for Plaintiff James Uthmeier,*
*Attorney General of the State of Florida*

Ryan Costa (DE Bar No. 5325)
Deputy Attorney General
Delaware Department of Justice
820 N. French Street, 5th Floor
Wilmington, DE 19801
Phone: (302) 683-8811
Fax:    (302) 577-6499
Ryan.costa@delaware.gov
*Attorney for Plaintiff State of Delaware*

David A. Zisook (GA Bar No. 310104)
Senior Assistant Attorney General
Office of the Georgia Attorney General
40 Capitol Square SW
Atlanta, GA 30334
Phone: (404) 458-4294
Fax:    (404) 464-8212
dzisook@law.ga.gov
*Attorney for Plaintiff State of Georgia*

Laura C. Beckerman (DC Bar No. 1008120)
Senior Trial Counsel
Public Advocacy Division
D.C. Office of the Attorney General
400 6th Street NW, 10th Floor
Washington, DC 20001
Phone: (202) 655-7906
Laura.Beckerman@dc.gov
*Attorney for Plaintiff District of Columbia*

Christopher J.I. Leong (HI Bar No. 9662)
Deputy Attorney General
Hawaii Department of the Attorney General
425 Queen Street
Honolulu, HI 96813
Phone: (808) 586-1180
Fax:    (808) 586-1205
christopher.ji.leong@hawaii.gov
*Attorney for Plaintiff State of Hawaii*

James J. Simeri (ID Bar No. 12332)
Consumer Protection Division Chief
Idaho Attorney General's Office
P.O. Box 83720
Boise, ID 83720-0010
Phone: (208) 334-4114
james.simeri@ag.idaho.gov
*Attorney for Plaintiff State of Idaho*

Philip Heimlich (IL Bar No. 6286375)
Assistant Attorney General
Elizabeth Blackston (IL Bar No. 6228859)
Consumer Fraud Bureau Chief
Office of the Illinois Attorney General
500 S. Second Street
Springfield, IL 62791
Phone: (217) 782-4436
philip.heimlich@ilag.gov
elizabeth.blackston@ilag.gov
*Attorneys for Plaintiff People of the State of Illinois*

Benjamin Bellus (IA Bar No. AT0000688)
William Pearson (IA Bar No. AT0012070)
Assistant Attorneys General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Phone: (515) 242-6536 (Bellus)
        (515) 242-6773 (Pearson)
Fax:     (515) 281-6771
Benjamin.Bellus@ag.iowa.gov
William.Pearson@ag.iowa.gov
*Attorneys for Plaintiff State of Iowa*

Nicholas C. Smith (KS Bar No. 29742)
Sarah M. Dietz (KS Bar No. 27457)
Assistant Attorneys General
Consumer Protection Section
Office of the Kansas Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, KS 66612
Phone: (785) 296-3751
Fax:     (785) 291-3699
Nicholas.Smith@ag.ks.gov
sarah.dietz@ag.ks.gov
*Attorneys for Plaintiff State of Kansas*

Jacob P. Ford (KY Bar No. 95546)
Assistant Attorney General
Office of the Attorney General,
Commonwealth of Kentucky
1024 Capital Center Drive, Ste. 200
Frankfort, KY 40601
Phone: (502) 871-2044
jacobp.ford@ky.gov
*Attorney for Plaintiff Commonwealth of Kentucky*

ZaTabia N. Williams (LA Bar No. 36933)
Assistant Attorney General
Office of the Attorney General Liz Murrill
1885 North Third St.
Baton Rouge, LA 70802
Phone: (225) 326-6164
Fax:     (225) 326-6499
WilliamsZ@ag.louisiana.gov
*Attorney for Plaintiff State of Louisiana*

Brendan O'Neil (ME Bar No. 009900)
Michael Devine (ME Bar No. 005048)
Assistant Attorneys General
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333
Phone: (207) 626-8800
Fax:     (207) 624-7730
brendan.oneil@maine.gov
michael.devine@maine.gov
*Attorneys for Plaintiff State of Maine*

Philip Ziperman (Fed. Bar No. 12430)
Deputy Counsel
Office of the Attorney General
200 St. Paul Place
Baltimore, MD 21202
Phone: (410) 576-6417
Fax:     (410) 576-6566
pziperman@oag.state.md.us
*Attorney for Plaintiff Maryland Office of the Attorney General*

17

Carol Guerrero (MA Bar No. 705419)
Assistant Attorney General
Michael N. Turi (MA Bar No. 706205)
Deputy Chief, Consumer Protection
Division
Massachusetts Office of the Attorney
General
One Ashburton Place, 18th Floor
Boston, MA 02108
Phone: (617) 963-2783
Fax:    (617) 727-5765
Carol.Guerrero@mass.gov
Michael.Turi@mass.gov
*Attorneys for Plaintiff Commonwealth of
Massachusetts*

Kathy P. Fitzgerald (MI Bar No. P31454)
Michael S. Hill (MI Bar No. P73084)
Assistant Attorneys General
Michigan Department of Attorney General
Corporate Oversight Division
P.O. Box 30736
Lansing, MI 48909
Phone: (517) 335-7632
Fax:    (517) 335-6755
fitzgeraldk@michigan.gov
Hillm19@michigan.gov
*Attorneys for Plaintiff People of the
State of Michigan*

Bennett Hartz (MN Bar No. 0393136)
Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1200
Saint Paul, MN 55404
Phone: (651) 757-1235
bennett.hartz@ag.state.mn.us
*Attorney for Plaintiff State of Minnesota,
by its Attorney General, Keith Ellison*

James M. Rankin (MS Bar No. 102332)
Special Assistant Attorney General
Mississippi Attorney General's Office
P.O. Box 220
Jackson, MS 39205
Phone: (601) 359-4258
james.rankin@ago.ms.gov
*Attorney for Plaintiff Lynn Fitch,
Attorney General State of Mississippi*

Luke Hawley (MO Bar No. 73749)
Assistant Attorney General
Office of the Missouri Attorney General
815 Olive Street, Suite 200
St. Louis, MO 63101
Phone: (314) 340-6816
Fax:    (314) 340-7891
luke.hawley@ago.mo.gov
*Attorney for Plaintiff State of Missouri, ex.
rel. Andrew Bailey, Attorney General*

Brent Mead (MT Bar No. 68035000)
Deputy Solicitor General
Anna Schneider (MT Bar No. 13963)
Special Assistant Attorney General, Senior
Counsel
Montana Attorney General's Office
Office of Consumer Protection
215 North Sanders Street
P.O. Box 200151
Helena, MT 59620-0151
Phone: (406) 444-4500
Brent.mead2@mt.gov
Anna.schneider@mt.gov
*Attorneys for Plaintiff State of Montana*

Gary E. Brollier (NE Bar No. 19785)
Assistant Attorney General
Office of the Attorney General Michael T. Hilgers
2115 State Capitol Building
Consumer Protection Division
Lincoln, NE 68509
Phone: (402) 471-1279
Fax:    (402) 471-4725
gary.brollier@nebraska.gov
*Attorney for Plaintiff State of Nebraska*

Michelle C. Badorine (NV Bar No. 13206)
Senior Deputy Attorney General
Office of the Nevada Attorney General
Bureau of Consumer Protection
100 North Carson Street
Carson City, NV 89701-4717
Phone: (775) 684-1164
Fax:    (775) 684-1299
MBadorine@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

Mary F. Stewart (NH Bar No. 10067)
Assistant Attorney General
New Hampshire Department of Justice
Office of the Attorney General
Consumer Protection and Antitrust Bureau
1 Granite Place South
Concord, NH 03301
Phone: (603) 271-1139
Mary.F.Stewart@doj.nh.gov
*Attorney for Plaintiff State of New Hampshire*

Blair Gerold (NJ Bar No. 294602019)
Jeffrey Koziar (NJ Bar No. 015131999)
Deputy Attorneys General
New Jersey Office of the Attorney General
Division of Law
124 Halsey Street
Newark, NJ 07101
Phone: (609) 696-5363 (Gerold)
        (973) 648-7819 (Koziar)
Fax:    (973) 648-3879 (Gerold)
        (973) 648-4887 (Koziar)
Blair.Gerold@law.njoag.gov
Jeff.koziar@law.njoag.gov
*Attorneys for Plaintiff State of New Jersey*

Billy Jimenez (NM Bar No. 144627)
Assistant Attorney General
New Mexico Department of Justice
408 Galisteo St.
Santa Fe, New Mexico 87501
Phone: (505) 527-2694
Fax:    (505) 490-4883
Bjimenez@nmdoj.gov
*Attorney for Plaintiff Raúl Torrez, New Mexico Attorney General*

Glenna Goldis (NY Bar No. 4868600)
Assistant Attorney General
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (646) 856-3697
Glenna.goldis@ag.ny.gov
*Attorney for Plaintiff Office of the Attorney General of the State of New York*

Elin S. Alm (ND Bar No. 05924)
Christopher Glenn Lindblad (ND Bar
No. 06480)
Assistant Attorneys General
Office of North Dakota Attorney General
Consumer Protection & Antitrust Division
1720 Burlington Drive, Suite C
Bismarck, ND 58504-7736
Phone: (701) 328-5570
Fax:    (701) 328-5568
ealm@nd.gov
clindblad@nd.gov
*Attorneys for Plaintiff State of North
Dakota*

Stephanie Powers (OK Bar No. 22892)
Assistant Attorney General
Office of the Oklahoma Attorney General
313 N.E. 21st St.
Oklahoma City, OK 73105
Phone: (405) 522-3412
Fax:    (405) 522-0085
Stephanie.Powers@oag.ok.gov
*Attorney for Plaintiff State of Oklahoma ex
rel. Attorney General Gentner Drummond*

Jordan M. Roberts (OR Bar No. 115010)
Senior Assistant Attorney General
Oregon Department of Justice
Consumer Protection Division
100 SW Market St.
Portland, OR 97201
Phone: (971) 673-1880
Fax:    (971) 673-1884
jordan.m.roberts@doj.oregon.gov
*Attorney for Plaintiff State of Oregon*

Mark W Wolfe (PA Bar No. 327807)
Deputy Attorney General
Pennsylvania Office of Attorney General
Strawberry Square, 15th Floor
Harrisburg, PA 17120-0001
Phone: (717) 772-3558
Fax:    (717) 705-3795
mwolfe@attorneygeneral.gov
*Attorney for Plaintiff Commonwealth of
Pennsylvania by Attorney General David
W. Sunday, Jr.*

Stephen N. Provazza (RI Bar No. 10435)
Special Assistant Attorney General
Rhode Island Office of the Attorney
General
150 S. Main Street
Providence, RI 02903
Phone: (401) 274-4400, ext. 2476
Fax:    (401) 222-1766
sprovazza@riag.ri.gov
*Attorney for Plaintiff State of Rhode
Island, by Attorney General Peter
Neronha*

Kristin Simons (SC Bar No. 74004)
Senior Assistant Attorney General
South Carolina Attorney General's Office
P.O. Box 11549
Columbia, SC 29211-1549
Phone: (803) 734-6134
ksimons@scag.gov
*Attorney for Plaintiff State of South
Carolina*

Austin C. Ostiguy (TN Bar No. 040301)
Tyler T. Corcoran (TN Bar No. 038887)
Assistant Attorneys General
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202
Phone: (615) 532-7271 (Ostiguy)
        (615) 770-1714 (Corcoran)
Fax:    (615) 532-2910
austin.ostiguy@ag.tn.gov
tyler.corcoran@ag.tn.gov
*Attorneys for Plaintiff State of Tennessee*

David Shatto (Fed. Bar No. 3725697; TX
Bar No. 24104114)
Assistant Attorney General
Attorney General for the State of Texas
Office of the Attorney General
P.O. Box 12548 (MC-010)
Austin, TX 78711
Phone: (512) 463-2185
Fax:    (512) 473-9125
David.Shatto@oag.texas.gov
*Attorney for Plaintiff State of Texas*

Alexandra Butler (UT Bar No. 19238)
Assistant Attorney General
Utah Attorney General's Office
160 East 300 South, 5th Floor
P.O. Box 140872
Salt Lake City, UT 84114-0872
Phone: (385) 910-5533
Fax:    (801) 366-0315
alexandrabutler@agutah.gov
*Attorney for Plaintiff Utah Division of
Consumer Protection*

James Layman (VT Bar No. 5236)
Office of the Vermont Attorney General
109 State Street
Montpelier, VT 05609-1001
Phone: (802) 828-2315
Fax:    (802) 304-1014
James.Layman@vermont.gov
*Attorney for Plaintiff State of Vermont*

Geoffrey L. Ward (VA Bar No. 89818)
Senior Assistant Attorney General
Office of the Attorney General of Virginia
202 N. Ninth St.
Richmond, VA 23219
Phone: (804) 371-0871
Fax:    (804) 786-0122
gward@oag.state.va.us
*Attorney for Plaintiff Commonwealth of
Virginia, ex rel. Jason S. Miyares,
Attorney General*

Zorba Leslie (WA Bar No. 58523)
Assistant Attorney General
Washington State Attorney General's
Office
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Phone: (206) 340-6787
Fax:    (206) 464-6451
zorba.leslie@atg.wa.gov
*Attorney for Plaintiff State of Washington*

Ashley T. Wentz (WV Bar No. 13486)
Assistant Attorney General
West Virginia Attorney General's Office
Consumer Protection/Antitrust Division
P.O. Box 1789
Charleston, WV 25326
Phone: (304) 558-8986
Fax:    (304) 558-0184
Ashley.T.Wentz@wvago.gov
*Attorney for Plaintiff State of West
Virginia ex rel. John B. McCuskey,
Attorney General*

Gregory A. Myszkowski (WI Bar No.
1050022)
Assistant Attorney General
Wisconsin Department of Justice
P.O. Box 7857
Madison, WI 53707-7857
Phone: (608) 266-7656
Fax:    (608) 294-2907
gregory.myszkowski@wisdoj.gov
*Attorney for Plaintiff State of Wisconsin*

Cameron W. Geeting (WY Bar No.
7-5338)
Senior Assistant Attorney General
Consumer Protection and Antitrust Unit
Wyoming Office of the Attorney General
2320 Capitol Avenue
Cheyenne, Wyoming 82002
Phone: (307) 777-3795
cameron.geeting1@wyo.gov
*Attorney for Plaintiff State of Wyoming*

1

**CERTIFICATE OF SERVICE**

2      Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 5(a), I hereby certify that

3  on August 27, 2025, a true and correct copy of the above and foregoing document has been

4  served using the CM/ECF system to all counsel and parties of record.

5

6   */s/ Belen O. Miranda*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28