Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| State of Arizona, ex rel. Kristin K. Mayes Attorney General et al.  )<br>)<br>)<br>Plaintiffs  )<br>)<br>v.  )<br>)<br>Michael D. Lansky, LLC, dba  )<br>Avid Telecom, LLC, an Arizona  )<br>Limited Liability Company;  )<br>)<br>)<br>Michel D. Lansky, individually  )<br>As a Member/Manager/Chief  )<br>Executive Officer of Michael D.  )<br>Lansky, LLC dba Avid Telecom;  )<br>and  )<br>)<br>Stacey S. Reeves, individually as  )<br>a Manager/Vice President of  )<br>Michael D. Lansky LLC dba  )<br>Avid Telecom  )<br>)<br>Defendants.  )<br>_____) | Case No. 4:23-cv-00233<br><br>**MOTION FOR LEAVE** |

Motion for Leave to File Response of Defendants to Opposition
to Motion to Revise Discovery Schedule

Defendants Michael D. Lansky, Michael D. Lansky, LLC dba Avid Telecom, LLC, and Stacey S. Reeves (collectively "Defendants"), through undersigned counsel, hereby submit this Motion for Leave to File Response of Defendants to Opposition to Motion to Revise Discovery Schedule.

**Background**

By this pleading, we ask for the indulgence of the Court. Defendants inadvertently calendared Reply to Plaintiff's opposition to Defendant's Motion to Revise based on 10 days rather than the applicable period set forth in the Court's local rules. The inadvertent calendaring was a good-faith mistake and was not undertaken with the intention to delay the court proceedings. Defendants respectfully believe that the delay in this filing, which is less than a week, will not cause any prejudice to the Plaintiff. Defendants also respectfully believe that the critical importance of discovery in this case warrants the full consideration of issues of all three pleadings.

**Argument**

The Defendants have inadvertently calendared Reply to Plaintiff's Opposition to Defendants' Motion to Revise based on 10 days rather than the 7-day applicable period.[1] This was a good-faith, honest misunderstanding by the Defendants of the applicable deadline. Defendants became aware of this error yesterday as they were completing a

---

[1] **Reply Memorandum.** The moving party, unless otherwise ordered by the Court, and except as otherwise provided by Rules 12.1 and 56.1, Local Rules of Civil Procedure, shall have seven (7) days after service of the responsive memorandum to file a reply memorandum if that party so desires. See AZ R USDCT LRCiv 7.2.

2

draft of the pleading. Upon recognizing their error, Defendants immediately reached out to the Plaintiffs, seeking their consent to a late-filed reply. Plaintiff responded that they do not oppose the extension, rather that "they do not take any position on this issue and that it's up to the court whether to accept the filing or not."

Defendants believe that their calendaring mistake qualifies as "excusable neglect" under the governing caselaw.  According to the Supreme Court the determination of whether neglect to fully follow an applicable rule is "excusable" is an equitable one that depends on four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; **1224** (3) the reason for the delay; and (4) whether the movant acted in good faith." *See* FRCP Rule 6(b)(1)(B); *Bateman v. U.S. Postal Serv.,* 231 F.3d 1220, 1223–24 (9th Cir. 2000). Defendants respectfully believe that their conduct falls well within each of these factors. First, Defendants believe that the two-day delay in their filing (i.e., the ten-day window would have made the pleading due tomorrow) will cause no prejudice to Defendants. Second, again, the delay is just two days.  Third, the delay was the byproduct of an inadvertent mistake in calendaring. And, fourth, Defendants acted in good faith by immediately advising Plaintiffs and by filing this pleading a day prior to the misunderstood due date.

Defendants are personally shaken by this mistake and apologize to the Court for any inconvenience.  However, with that said, Defendants believe the brief delay should be found to be excusable and that the Court should find that the value of a full consideration of all three pleadings justifies the grant of this Motion.

                                        Respectfully submitted,

                                        _____

                                        Neil S. Ende
                                        *Pro Hac Vice*
                                        *Counsel to Michael D. Lansky, LLC*
                                        *dba Avid Telecom*
Dated: August 27, 2025             *Michael D. Lansky and Stacey S. Reeves*

Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
nende@tlgdc.com
Telephone: (202) 895-1707
Facsimile: (202) 478-5074

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, ex rel. Kristin K. Mayes Attorney General et al.<br><br>     Plaintiffs<br><br>v.<br><br>Michael D. Lansky, LLC, dba Avid Telecom, an Arizona Limited Liability Company;<br><br>Michel D. Lansky, individually As a Member/Manager/Chief Executive Officer of Michael D. Lansky, LLC dba Avid Telecom; and<br><br>Stacey S. Reeves, individually as a Manager/Vice President of Michael D. Lansky LLC dba Avid Telecom<br><br>     Defendants. | Case No. 4:23-cv-00233 |

**[PROPOSED] ORDER**

  Having considered the Motion For Leave and for good cause shown, Motion for leave to Response of Defendants to Opposition to Motion to Revise Discovery Schedule is granted.

Dated: August 27, 2025

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 27th day of August 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

                 _____
                   Ritesh Warikallamath