Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Attorneys for Michael D. Lansky,
Michael D. Lansky, LLC dba Avid Telecom

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

_____

State of Arizona, et al.,
Plaintiffs,

v.

Michael D Lansky LLC, et al.,
Defendants.

_____

**RESPONSE OF DEFENDANT TO OPPOSITION
TO MOTION TO REVISE DISCOVERY SCHEDULE**

# Table of Contents

**Introduction** ................................................................................................................ 2

A.  Plaintiffs' Argument That Discovery on all Plaintiffs Will Be Largely the Same is Baseless as a Matter of Known Fact ............................................................................... 1

B.  The Court Should Clarify the Scope of Allowed Discovery ..................................... 5

C.  Defendants' Discovery Requests Are Not Unreasonably Cumulative or Duplicative Under Rule 26(b)(2)(C). ................................................................................................ 7

D.  Plaintiffs' Argument Based on Rule 54(b) is Incorrect ............................................. 9

E.  Defendants are Seeking Relief under Rule 54(b) and not under Rule 16(b)(4) ........ 10

**Conclusion** ............................................................................................................... 10

**Cases**

*Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 188, 191 (S.D.N.Y. 2014)……………………………………………………………………………………6

*Adkins v. Mid-American Growers, Inc.*, 143 F.R.D. 171, 174 (N.D. Ill. 1992) ………6

*Weeks v. Matrix Absence Mgmt. Inc.*, 494 F. Supp. 3d 653, 659–60 (D. Ariz. 2020)……..6

*In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 311–14 (N.D. Cal. 2018)……..............................................................................................................7

*Thykkuttathil v. Keese*, 294 F.R.D. 597 (W.D. Wash. 2013)………………………….7

*State v. Schurz*, 176 Ariz. 46, 52, 859 P.2d 156, 162 (1993)……………………………..8

*Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 350–51, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978)………………………………………………………………………10

City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 889 (9th Cir 2001)………………………………………………………………………………11

*Carlson v. Bos. Sci. Corp.*, 856 F.3d 320 (4th Cir. 2017)………………………………...11

*Dietz v. Bouldin*, 579 U.S. 40, 136 S. Ct. 1885, 195 L. Ed. 2d 161 (2016).  ………………....12

**Rules**

FRCP 30(a)(2)………………………………………………………………………..7

FRCP Rule 26 (b)(2)(C)………………………………………………………………….9

FRCP Rule 54(b)……………………………………………………………………..11

FRCP Rule 16(b)(4)…………………………………………………………………….12

# Introduction

Defendants Michael D. Lansky ("Lansky"), Michael D. Lansky, LLC dba Avid Telecom LLC ("Avid Telecom"), and Stacey Reeves ("Reeves"), hereby respond to the opposition to the Motion to Revise Discovery Schedule filed by the Plaintiffs.

### A. Plaintiffs' Argument That Discovery on all Plaintiffs Will Be Largely the Same is Baseless as a Matter of Known Fact

In the Motion to Revise, Defendants presented a number of material facts evidencing that full discovery of all Plaintiffs—not just the so-called Lead plaintiffs and the Plaintiffs with State Law Claims—is required for Defendants to mount a full defense, These facts included, most critically, that the states experienced significantly different alleged interactions with Defendants, including a wide variety in the number and kinds of calls. *See, e.g.,* [Dkt 1], at para. 89. As is apparent in the complaint, there is nothing about the facts associated with the Lead Plaintiff States or the Plaintiffs with State Law claims that evidences or even suggests that those facts are identical among either of those groups, let alone that they are identical to the facts associated with the claims of the other 36 Plaintiff states.

Plaintiffs' reply pleading does nothing to evidence the contrary. Rather, in an effort to justify the limitations on discovery, the best argument that Plaintiffs can muster is that "[t]he discovery relevant to the federal claims […] will ***largely be the same*** for all Plaintiffs as to the Defendants' business practices, conduct and knowledge or deliberate ignorance of the illegal robocalls at issue." [Dkt] at p. 1 (emphasis added). Not only is

this argument unsupported by specific facts, but it is also plainly false. Indeed, for this allegation to have a ring of truth, Plaintiffs would need to allege, let alone establish, that the exact same calls were delivered to all 49 Plaintiff states. Plaintiffs make no such allegation because they cannot. And, even the most cursory review of paragraph 89 of the Complaint reveals that each Plaintiff state has alleged a different number of illegal calls. Now, having alleged multiple types of illegal calling programs, one would think that Plaintiffs could argue to the Court that individual discovery to each Plaintiff state is not required because the subject matter of the calls to each state—*e.g.,* auto warranty or Medicare—was the same. No such argument is presented. In fact, Plaintiffs do not even allege that the actual message delivered to each called party in each of the 36 excluded states was identical or that each and every call was delivered by an "automatic dialing system", or even similar, or that every call contained a "telephone solicitation" as defined in the TCPA. *See* 47 USC 227(a)(5).

Along these same lines, Plaintiffs attempt to soften the prejudicial effect of the limitations on discovery with the suggestion that all Plaintiffs will share the same expert witness. However, **as the Court certainly understands, an expert witness is not a fact witness** and thus access to the expert witness through expert discovery—where the expert will not have direct knowledge of any of the underlying facts—is never a substitute for direct access to witnesses with personal knowledge of each fact alleged in the Complaint. For this reason, the federal rules set forth separate rules for testimony by expert witnesses and fact witnesses. Thus, the availability of expert testimony by Plaintiffs does not and cannot justify limitations on Defendants' right to discover fact witnesses with personal

knowledge of the facts allegedly supporting each Plaintiff's allegations of fact in the Complaint.

This Court should not weaponize the Plaintiffs' simplistic and self-serving view of the scope of the factual issues in dispute. As the Court may understand and will learn, Plaintiffs carry the burden to establish a wide range of facts to provide their case. These facts include, (i) proof that *each alleged illegal call* was transited by Avid; (ii) that *each alleged illegal call* was originated from an automated dialling system; (iii) that *each alleged illegal call* utilized a prerecorded voice; (iv) that the message associated with *each alleged illegal call* contained a "telephone solicitation" as defined in the TCPA; (v) that the receiving party of *each alleged illegal call* had not consented to receive the call; (vi) as applicable, that *each alleged illegal call* was to a number on an applicable federal Do Not Call list; (vii) as applicable, that *each alleged illegal call* was to a number on an applicable state Do Not Call list; (viii) that *each alleged illegal call* was to a called party that was physically located in the state alleging the violation when received; and (ix) that the data associated *each alleged illegal call* was not obtained in violation of state and/or federal law (*e.g,* through an illegal recording or illegal scraping of data). But for a few misleading examples, none of these facts are available to Defendants for the bulk of these facts in the Complaint. And, this is only a partial list. So, of course, it is in Plaintiffs' interest to limit or to prevent entirely the probing discovery that will be required to counter Plaintiffs' allegations.

The factual matters are substantial in volume and, in many instances, require close attention to issues of telecommunications, networking, and technology. The simple truth is that these complex issues can only be addressed through real-time probing oral discovery

3

of each Plaintiff's unique calling patterns and calls. Denying Defendants the right to engage in this level of discovery for any Plaintiff is unfair and materially prejudicial.

As liability under the TCPA is based **specifically and exclusively** on proof that each call at issue was illegal[1]—not on some form or aggregate proof—each of these facts is essential to Plaintiffs' burden of proof and, thus, Plaintiffs' argument that individual discovery to each state on each of these issues (and many more) is not necessary is frivolous.[2]

Plaintiff's argument that the Court can preclude cumulative discovery under FRCP Rule 26(b)(2)(c) is, for the reasons set forth above, factually inapposite as discovery regarding each call in each state is not only appropriate, it is a direct requirement under the TCPA as liability is established on a call-by-call basis. For the same reason, the facts and legal rationale of each of the cases cited by Plaintiffs are inapposite.[3] For example, in each of the following cases cited by Plaintiffs,[4] the only reason why the courts limited the

---

[1] Whenever the attorney general of a State, or an official or agency designated by a State, has reason to believe that any person has engaged or is engaging in a pattern or practice of telephone calls or other transmissions to residents of that State in violation of this section or the regulations prescribed under this section, the State may bring a civil action on behalf of its residents to enjoin such calls, an action to recover for actual monetary loss or receive $500 in damages for each violation, or both such actions. If the court finds the defendant wilfully or knowingly violated such regulations, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the preceding sentence. See 47 U.S.C.A. § 227 (West)

[2] Notably, this case is not a "class action" or the like where the "class" is made up of parties who share identical facts. As explained in our Motion, it is beyond dispute that the facts associated with each Plaintiff state, let alone each call, are specific to that call and thus no single or group of Plaintiffs can be presented as representative for the rest.

[3] In addition, even if any of the cases were on point as a matter of fact—which they are not—they do not represent precedent that is binding on this Court.

[4] *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 188, 191 (S.D.N.Y. 2014), *Adkins v. Mid-American Growers, Inc.*, 143 F.R.D. 171, 174 (N.D. Ill. 1992) & *Weeks v. Matrix Absence Mgmt.*, 494 F. Supp. 3d 653, 659–60 (D. Ariz. 2020)

discovery is that they were all collective actions of plaintiffs that each court had already found to be similarly situated. *See, e.g.*, *Adkins v. Mid-American Growers, Inc.,* 143 F.R.D. 171, 174 (N.D. Ill. 1992) ("Because the court has already determined the plaintiffs are 'similarly situated,' individual depositions and interrogatories are not appropriate.... Individualized discovery is just too onerous.") (internal quotations and citations omitted); *see also Weeks v. Matrix Absence Mgmt. Inc.*, 494 F. Supp. 3d 653, 659–60 (D. Ariz. 2020). As the facts associated with each call, let alone each Plaintiff state, are different, no such finding has or could be made here.[5]

### B. The Court Should Clarify the Scope of Allowed Discovery

As set forth in its Motion, Defendants read the Scheduling Order to preclude all discovery, written and oral, on any state other than the Lead Plaintiff States and on the States with State Law Claims. Defendants reading is based on the following language in the Scheduling Order, "Generally, **the limits on discovery by as set forth in Federal Rules 30, 31, and 33 shall apply**: twenty-five (25) single-part question interrogatories, depositions of parties, except party depositions are limited to Defendants, the lead Plaintiff States of Arizona, Indiana, North Carolina, and Ohio, and any Plaintiff state bringing state law actions against Defendants. The parties may conduct depositions of respective experts and not more than ten non-party fact witness depositions per party." To Defendants, this language confirms that there has not been an increase in the number of depositions per side,

---

[5] The Plaintiffs citation to *In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 311–14 (N.D. Cal. 2018), is also factually inapposite as the issue in that case revolved around the certification as a class, not the discovery process.

as 10 depositions per side is already the established presumptive limit under Rule 30(a)(2).[6] As there are a total of 13 Lead Plaintiff States and States with State Law Claims, a limitation of 10 party depositions would preclude Defendants from having the opportunity even to depose all of the Lead Plaintiff States and States with State Law Claims, while providing Plaintiffs 3x the number of depositions required to depose all Defendants. Respectfully, the divergence in the actual opportunity for discovery is not fair, and it will materially prejudice Defendants' rights to obtain required facts even from the Lead Plaintiff States and States with State Law Claims. Moreover, as explained in detail in the Motion, given the massive scale of the Complaint (630 paragraphs) and the available damages (more than $100 million from Texas alone and close to a billion dollars just from the excluded Plaintiffs), it cannot be justified as a matter of proportionality.

In addition, the language of the Scheduling Order plainly denies Defendants the right to depose any of the other Plaintiffs. Again, respectfully, allowing 36 Plaintiffs who voluntarily joined the Complaint and provided state-specific evidence to completely avoid oral discovery, further the inequity in discovery rights, demonstrating that it is unfair and materially prejudicial.[7]

Defendants stand by their request that they be allowed a total of 40 fact depositions, including all Plaintiffs and third parties. Although even this request will preclude

---

[6] Defendants in multi-party action were presumptively limited to ten depositions per side, not ten depositions per party. FRCP 30(a)(2), 28 U.S.C.A. *See Thykkuttathil v. Keese*, 294 F.R.D. 597 (W.D. Wash. 2013).

[7] "Unfair prejudice" is defined as "an undue tendency to suggest a decision on an improper basis." *State v. Schurz*, 176 Ariz. 46, 52, 859 P.2d 156, 162 (1993).

Defendants from taking the depositions of all Plaintiffs, let alone the dozens of third parties identified by Defendants, it will minimize the prejudice.[8]

Plaintiffs appear to argue that the fact that the Defendants recently served 630 Requests for Production of Documents and 39 Requests for Admission (as compared to the 700+ requests for Admission served by Plaintiffs) somehow mitigates the need to revise the Scheduling Order. Respectfully, this argument is absurd. Defendants served 630 RFPs on Plaintiffs so that they would have access to any documents that support Plaintiffs' 630 paragraph of the complaint. Having used a 49-party Complaint and a massive nationwide publicity campaign in an effort to destroy the reputation of Defendants and to bankrupt the company, it is rich indeed for them to now suggest that Defendants' effort to gather facts through written discovery on each of Plaintiffs' allegations somehow justifies the unique limitations on oral discovery. The federal rules provide for written and oral discovery in recognition of the independent value of each form and thus any suggestion that the opportunity for written discovery somehow justifies unique limitations on Defendants' right to oral discovery should be viewed for what it is and accorded no weight..

C. <u>Defendants' Discovery Requests Are Not Unreasonably Cumulative or Duplicative Under Rule 26(b)(2)(C).</u>

The long standing rule of discovery is that "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending

---

[8] As Plaintiffs acknowledge, the defendants can seek modification and an increase in the number of depositions per side under FRCP Rule 30. See Fed. R. Civ. P. 30.

action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." *See Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 350–51, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978).

Plaintiffs cite *Blackburn v. United States*, 100 F.3d 1426, 1436 (9th Cir. 1996) for the unremarkable proposition that the court has the power to limit discovery. However, under FRCP Rule 26 (b)(2)(C), limitations can be put on the scope of discovery *only where* a court finds that:

- The discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

- The party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

- The proposed discovery is outside the scope permitted by Rule 26(b)(1).

The Court made no such finding of such in the Scheduling Order, nor have Plaintiffs properly demonstrated that the mere right to depositions and other discovery would be cumulative or duplicative. Indeed, as explained above, the individualized nature of the facts—both call by call and state by state—fully demonstrates that just the opposite is true.[9]

---

[9] FRCP Rule 26 does not place the burden of proving the proportionality of discovery on the party seeking discovery. Fed. R. Civ. P. 26. *See Mi Familia Vota v. Hobbs,* 343 F.R.D. 71 (D. Ariz. 2022).

D. <u>Plaintiff's Argument Based on Rule 54(b) is Incorrect</u>

Plaintiffs argue that a condition precedent to any relief under Rule 54(b) is that "the district court has rendered "an ultimate disposition of an individual claim." [Dkt 127 at p. ]. That principle of law is correct as far as it goes. What Plaintiffs fail to acknowledge is that the cited caselaw was addressing only the first section of FRCP Rule 54(b) but, curiously, not the second, which allows relief from

> . . . any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

*See* Fed. R. Civ. P. 54. The Plaintiffs completely disregard the second sentence of the Rule as if it doesn't, or shouldn't exist.

Thus, contrary to the Plaintiffs' misdirection, Rule 54(b) provides the court the express authority to modify or revise an interlocutory order, like the scheduling order, not just with respect to final dispositive rulings. This conclusion is made clear in the same case cited by the Plaintiffs, to wit: "as long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon,* 659 F.2d at 553; *see also* FED. R. CIV. P. 54(b) ("[A]ny order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.").See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 889 (9th Cir. 2001).

Hence, not only the 9th but the 4th Circuit also agrees, concluding that motions to reconsider interlocutory orders involve broader flexibility to revise the orders before final judgment as the litigation develops and new facts or arguments come to light under Fed. R. Civ. P. 54(b)". See *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320 (4th Cir. 2017). The Supreme Court has also confirmed the same that "A district court ordinarily has the power to modify or rescind its orders at any point prior to final judgment in a civil case. FRCP Rule 54(b), 28 U.S.C.A. *See Dietz v. Bouldin*, 579 U.S. 40, 136 S. Ct. 1885, 195 L. Ed. 2d 161 (2016). Thus, the Court clearly has the right to consider this Motion.

E. <u>Defendants are Seeking Relief under Rule 54(b) and not under Rule 16(b)(4)</u>

The Defendants have filed the Motion seeking a revision of the scheduling order under Rule 54(b). This is not a motion for reconsideration or modification under Rule 16(b)(4), and no amount of distracting argument can make it so. Again, to be clear, Defendants have rightfully sought relief through Rule 54(b) and not Rule 16(b)(4). Defendants need not meet the "good cause" requirement because Rule 16(b)(4) is limited to just "Modification". Nonetheless, as set forth in the Motion and this Reply, Defendants clearly meet any standard of good cause that can be applied.

**Conclusion**

Defendants have been subject to a massive, life-changing Complaint comprised of 630 paragraphs of factual allegations, portending potentially billions of dollars in damages. Forty-nine Plaintiffs elected to sign onto the Complaint, thereby verifying each and every one of the facts therein, including, without limitation, the facts set forth for each Plaintiff

in paragraph 89 regarding the number of illegal calls.[10]

Defendants have fully justified their request for a revision to the Scheduling Order as a matter of rule and as a matter of law. However, Defendants also respectfully ask that the Court exercise its judgment as to whether the unique and uniquely restrictive limitations imposed on Defendants are just and fair. We do not believe that they are.

Accordingly, both as a matter of law and rule, and as a matter of simple fairness, Defendants respectfully request that the Scheduling Order be revised as set forth in Defendants' Motion.

                                           Respectfully submitted,

                                           /x/ Neil S. Ende

                                           _____
                                           Neil S. Ende
                                           Greg L. Taylor
                                           *Pro Hac Vice*
                                           *Counsel to Michael D. Lansky, LLC*
                                           *dba Avid Telecom*

Dated:  August 27, 2025          *Michael D. Lansky and Stacey S. Reeves*

Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
nende@tlgdc.com
Telephone: (202) 895-1707
Facsimile: (202) 478-5074

---

[10] Plaintiffs' efforts to block Defendants from having direct access to 36 of the Plaintiffs raises questions regarding each of these obligations.

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, ex rel. Kristin K. Mayes Attorney General et al.<br><br>        Plaintiffs<br><br>v.<br><br>Michael D. Lansky, LLC, dba Avid Telecom, an Arizona Limited Liability Company;<br><br>Michel D. Lansky, individually As a Member/Manager/Chief Executive Officer of Michael D. Lansky, LLC dba Avid Telecom; and<br><br>Stacey S. Reeves, individually as a Manager/Vice President of Michael D. Lansky LLC dba Avid Telecom<br><br>        Defendants. | Case No. 4:23-cv-00233-EJM |

### **[PROPOSED] ORDER**

Having considered the Motion to Revise, opposition and reply pleadings, the Scheduling Order is hereby revised to provide as follows:

a. Defendants shall be allowed to propound both written discovery on *all* Plaintiffs;

b. Defendants shall be allowed to propound oral discovery on *all* 49 Plaintiffs

c. The limits on written discovery shall be revised such that each party may propound up to twenty-five (25) interrogatories on each other-named party.

d. In terms of party depositions, the FRCP limit on depositions shall be revised such that Defendants may take a single deposition of each named Plaintiff and Plaintiffs may take the deposition of each named Defendant.

e. Plaintiffs, as a group, and Defendants, as a group, shall each be allowed up to 25 non-party depositions.

Respectfully submitted,

_____

Neil S. Ende
*Pro Hac Vice*
*Counsel to Michael D. Lansky, LLC*
*dba Avid Telecom*
*Michael D. Lansky and Stacey S. Reeves*

Dated:  August 27, 2025

Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
nende@tlgdc.com
Telephone: (202) 895-1707
Facsimile: (202) 478-5074

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of August 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

_____
Ritesh Warikallamath