Neil S. Ende, Esq.
Greg L. Taylor, Esq.
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
*nende@tlgdc.com*
*gtaylor@tlgdc.com*
Telephone: (202) 895-1707
Attorneys for Michael D. Lansky,
Michael D. Lansky, LLC dba Avid Telecom

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____

State of Arizona, et al.,
Plaintiffs,

v.                                      Case No. 4:23-cv-00233

Michael D Lansky LLC, et al.,
Defendants.

_____

## Brief Regarding Discovery Disputes

Michael D. Lansky, LLC dba Avid Telecom, LLC ("Avid Telecom"), Michael D. Lansky ("Lansky"), and Stacey Reeves ("Reeves"), by and through their undersigned counsel, hereby provide this brief regarding unresolved discovery disputes.

### Background

Defendants Lansky and Reeves are individuals with extremely limited means. Avid Telecom, the single corporate defendant, has been, as a direct byproduct of the lawsuit, out of business for more than two years. The company is illiquid, with its debts far exceeding its resources. No Defendant has any staff to assist with their responses to the (intentionally an increasingly massive) discovery that Plaintiffs have propounded.

It is essential to level set where things stand before we discuss the status of discovery. Plaintiffs filed a **630 paragraph complaint** *containing literally hundreds of allegations of fact, apparently provided by all 49 Plaintiffs and by dozens of third parties from every Plaintiff state.* The Complaint was signed and subscribed to by all 49 Plaintiffs. No one forced any of the AGs to participate and certainly, no one forced the AGs to file a complaint of this magnitude. On information and belief, the Plaintiffs filed the Complaint as a part of an (effective) campaign to bankrupt Defendants and to gain positive headlines. And, they did so in the reasonable expectation (*i.e.,* they "*should have known*") that their nationwide PR campaign—*e.g.,* falsely accusing Defendants of knowingly stealing grandma's

1    social security check—would endanger the lives of Defendants, which it absolutely

2    has.

3        One would think that, having "lit this huge bonfire", at a minimum, the

4    Plaintiffs would each understand that they would be subject to standard party

5    discovery.  Instead, however, from the outset of this proceeding, Defendants have

6    taken the position that most of the Plaintiffs—including thirty-six (36) Plaintiffs that

7    signed off on all of the allegations presented in the complaint and who presented

8    specific allegations of fact regarding more than **24.5 billion** allegedly illegal calls—

9    should be ***completely exempted from any discovery***.[1]  On this basis, Plaintiffs

10   argued for extremely limited discovery, including no discovery at all on these thirty-

11   six (36) Plaintiffs and limited discovery on the remaining Plaintiffs.

12       Having sought and (to date) obtained these oppressive limitations on

13   discovery,[2] again, one would think that the Plaintiffs understand that Defendants

---

[1] These thirty-six (36) Plaintiffs have asserted that billions of illegal calls were terminated into their states—representing more than a billion dollars in potential fines.  By denying Defendants ***all discovery*** on these Plaintiffs—who are the only Plaintiffs with personal knowledge of the facts associated with the development of the alleged number of illegal calls in each state—Plaintiffs have effectively precluded Defendants from obtaining the information necessary to challenge each of these allegations.

[2] On July 31, 2025, Defendants filed a Motion to Revise asking the Court to revise its Scheduling Order to expand, *inter alia*, the scope of discovery in a manner that, first, would make it possible for Defendants to propound discovery on all Plaintiffs (a right that those same Plaintiffs currently have on each Defendant) and to increase the allowed volume of other discovery so that Defendants have the ability to fully discovery on each Lead State Plaintiffs and the Plaintiffs Asserting State Law Claims and the ***dozens of third parties that Plaintiffs have asserted have relevant facts, including facts presented in the Complaint***.  Words seem insufficient to describe the prejudice imposed on Defendants—and, frankly the extreme unfairness

1  must be allowed full and fair discovery on the Lead Plaintiffs and the Plaintiffs with

2  State Law Claims. Instead, knowing that Defendants have limited resources and

3  personnel, Plaintiffs have intentionally imposed barriers—through endless

4  objections, deceptive responses and other forms of delay—to each and every form

5  of discovery they have received in the hope of depleting Defendants' assets, thereby

6  further shielding themselves from the obligation to prove their specious allegations

7  and from Defendants' ability to obtain critical proof.

8  Identification of Discovery Issues

9  As indicated, Plaintiffs have imposed direct and indirect barriers to all forms

10  of discovery sought by Defendants.  Plaintiffs have, through their behaviour to date,

11  also effectively prevented the pursuit of a meaningful direct meet and confer

12  process.   Indeed, as set forth in the attached Declaration of Plaintiff counsel,

13  Gregory L. Taylor, Esq. Plaintiffs' conduct during the single telephonic meet and

14  confer conference to date was so abusive—including endless efforts to "shout

15  down" Mr. Taylor, who was Defendants' single counsel participant—that

16  Defendants now believe that all meet and confer exchanges be in writing.[3]

17    A.    Discovery Issues Related to the Production of Requested Documents

---

to Defendants facing more than a billion dollars in damages—if they do not have the ability to discovery on these third parties.

[3] Mr. Taylor is a highly experienced federal court litigator with decades of experience in all aspects of the litigation process, including meet and confer sessions.  As set forth in his attached Declaration, he has never been involved in a meet and confer session in which opposing counsel acted in the described manner.

1    Plaintiffs have failed and refused to provide complete and substantive

2    responses to Defendants' Requests for Production of Documents. Plaintiffs'

3    objections to these requests are overly broad, unsupported, and obstructive to the

4    discovery process. Despite Defendants' good-faith efforts to meet and confer,

5    Plaintiffs have refused to amend their responses or produce additional documents.

6    *Plaintiffs' Responses & Defendants' Position*

7    **Overly Broad and Burdensome Objections**: Plaintiffs objected to Requests

8    Nos. 1-45, 48, and 51 as overly broad and burdensome but failed to provide specific

9    evidence or reasoning to support these claims.

10    Under the Federal Rules of Civil Procedure, objections must be substantiated

11    with particularized facts showing undue burden, which Plaintiffs did not provide.

12    Indeed, FRCP Rule 34 requires that objections to requests for production be stated

13    with specificity. This means an objection must be based on particularized facts, not

14    generalized or "boilerplate" language. *See* FRCP 34(b)(2)(B).

15    Although Plaintiffs allege that they are not withholding documents, because

16    the objections do not provide the required specificity and the production is being

17    made subject to and without waiving the objections set forth in Plaintiffs'

18    Preliminary Statements, General Objections, and specific objections, it is

19    impossible for Defendants to know which, if any documents are being withheld and

20    the specific objections on which Plaintiffs rely in doing so.

21    **Relevance Objections**: Plaintiffs objected to Requests Nos. 29-32, 43-45,

22    48, and 51 on relevance grounds.

1     Federal Rule of Civil Procedure 26(b)(1) permits discovery regarding "any

2     non-privileged matter that is relevant to any party's claim or defense and

3     proportional to the needs of the case, considering the importance of the issues at

4     stake in the action, the amount in controversy, the parties' relative access to relevant

5     information, the parties' resources, the importance of the discovery in resolving the

6     issues, and whether the burden or expense of the proposed discovery outweighs its

7     likely benefit."

8     Requests 29-32 all seek the production of documents providing data

9     regarding when the Called Party telephone number was obtained and the

10     predecessor owner of that telephone number.  These Requests are clearly relevant

11     as Plaintiffs cannot properly support and Defendants cannot defend a claim of

12     illegality if they are unable to identify the owner of the telephone number at the time

13     that the allegedly illegal call was received or whether the alleged owner was a

14     residential customer (*i.e.,* not a business customer) who had the legal right to

15     properly place the number into a relevant Do not Call list.  Defendants need the

16     name of the predecessor to determine, among other things, whether the predecessor

17     consented to the delivery of the allegedly illegal calls and whether the telephone

18     number was lawfully passed to the new owner.

19     Requests 43 and 44 each seek information regarding Stacey Reeves'

20     relationship to Avid Telecom.  As Plaintiffs' claims against Reeves are based entirely

21     on the (false) allegation that she was an employee with the authority to speak on

behalf of the company, it is inconceivable that this objection could have been offered in good faith.

Requests 48 and 51 each seek copies of Press Releases issued by the Plaintiffs regarding the lawsuit. These documents are relevant, among other things, as potential admissions against interest, including the publication of facts that are contrary to the allegations in the Complaint.

Although Plaintiffs allege that they are not withholding documents, production is being made subject to and without waiving the objections set forth in Plaintiffs' Preliminary Statements, General Objections, and specific objections, it is impossible for Defendants to know which, if any documents are being withheld and the specific objections on which Plaintiffs rely in doing so.

**Vagueness Objections**: Plaintiffs objected to Requests Nos. 1-42 and 45 as vague due to undefined or unclear terms but did not specify which terms were problematic or propose alternative language. Indeed, FRCP Rule 34 requires that objections to requests for production be stated with specificity. This means an objection must be based on particularized facts, not generalized or "boilerplate" language. *See* FRCP 34(b)(2)(B). This lack of specificity undermines their objection and violates their obligation to cooperate in discovery.

**Failure to Provide Damage Calculations**: Plaintiffs refused to produce documents responsive to Requests Nos. 52 and 53, which seek information regarding damages calculations, claiming that they have "no responsive documents." Plaintiffs argue these calculations are based on Defendants' own call

1    detail records.  Even if a calculation could be made based on Defendants' Call Detail

2    Records—which is plainly false—that fact alone does not absolve Plaintiffs of the

3    obligation to produce documents supporting their claims.  FRCP Rule

4    26(a)(1)(A)(iii) requires a party to disclose a computation of each category of

5    damages claimed, along with supporting materials, without awaiting a discovery

6    request.  FRCP Rule 26(a)(1)(C) further clarifies that disclosure of damages must

7    occur within fourteen (14) days following the Rule 26(f) conference.  Thus, not only

8    have Plaintiffs failed to make timely disclosure, clearly, disclosure must be made

9    subject to Defendants' requests.

10          Plaintiffs' refusal to provide this information hinders Defendants' ability to

11   evaluate the basis for Plaintiffs' damages claims and is necessary for the preparation

12   of Defendants' defenses.

13          Additionally, Defendants seek production of documents withheld by

14   Plaintiffs based on a claim of privilege.  Although Plaintiffs have made five (5)

15   separate productions, and  Defendants have repeatedly requested a privilege log,

16   Plaintiffs have refused to provide associated with any production.

17          Plaintiffs have produced spreadsheets with each document production

18   purportedly identifying which documents are being produced in response to each of

19   Defendants' Requests.  The five spreadsheets contain a combined 90,000+ rows of

20   entries purportedly identifying the document(s) that are responsive to each request.

21   Defendants are in the process of reviewing those spreadsheets to determine if

1    responsive documents have actually been provided.  Defendants reserve the right to

2    bring any issues found in that review to the Court when their review is completed.

3            B.        Discovery Issues Related to Requests for Deposition

4        Defendants served Rule 30(b)(6) deposition notices to 49 Plaintiffs,

5    requesting the designation of witnesses to testify on specific topics relevant to the

6    claims and defenses in this case.  Plaintiffs—including each and every Lead Plaintiff

7    State and each and every State Law Claim State—objected to the notices, claiming

8    they were defective under Rules 30(b)(1) and 30(b)(6) because Defendants have

9    allegedly failed to identify the topics on which witness designations were requested

10   and because the deposition topics are vague and fail to address the fundamental

11   relevance of the topics.  This objection is without basis in fact as each of the notices

12   asked Plaintiffs to designate specific topics, which go directly to the core factual

13   issues in the case.[4] Moreover, Plaintiffs have not even attempted to explain how the

14   topics are improper under Rules 26 and 30 or other applicable laws.

---

[4] For example, the Indiana 30(b)(6) notice topics are: (i) The allegations of fact set forth in paragraphs 19-630 of the complaint; (ii) The specific allegations of fact set forth in paragraphs 487-492; (iii) The allegation in paragraph 89.n. of the Complaint that Avid Telecom routed more than 3,225 calls containing unlawful content to phone numbers with Indiana area codes; (iv) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case; (v) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case; (vi) identification of the person(s) associated with the Indiana Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law,

Plaintiffs other objections to the 30(b)(6) notices are also without merit.

➤ Plaintiffs have refused to designate witnesses until disputes over the scope of deposition topics were resolved. Defendants are not aware of any rule that supports Plaintiffs' unilateral refusal to make the requested designations on this basis.

➤ Plaintiffs also refuse to designate on the claim that the topics are overly broad but do not substantiate these claims with any of the required facts, including the alleged cost. It is inconceivable that the designation of a single witness could ever be a valid basis for an objection on the basis of cost or burden.

Plaintiffs have refused to meet and confer on any of these objections.

Discovery Issues Relating to Requests for Admission

Plaintiffs' responses are evasive, unsupported, and fail to comply with their obligations under the Federal Rules, thereby obstructing Defendants' ability to narrow issues for trial and prepare their defense.  In addition, Defendants believe that many of the denials set forth in Plaintiffs' responses are not true.  Defendants reserve the right to seek appropriate sanctions and preclusive rulings for Plaintiffs' deceptive and/or false responses.

RFAs 5 and 6 ask Plaintiffs to admit that no regulatory authority in any of the **Lead Plaintiff States or the State Law Claim States** has determined any call associated with the **Complaint** to be illegal.  Plaintiffs interpose a number of specious objections and claim that they are "without knowledge."   It is

---

to confirm that: (a) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (b) the factual contentions have evidentiary support; and (c) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

1   inconceivable that Plaintiffs, who are the senior law enforcement officers in each

2   state, do not know if their state has ever found a call associated with the Complaint

3   was illegal or that they could not find out (*e.g.,* by inquiring of the relevant

4   regulatory agency that regulates telecommunications in each state) if there had been

5   such a determination.  Plaintiffs are attempting to dodge the question because a

6   truthful answer will cast substantial doubt on the veracity of the similar allegations

7   in the complaint.

8        Plaintiffs also provided unclear responses to RFAs Nos. 18-20, which relate

9   to YouMail's Terms and Conditions and the alleged misuse of interstate wires.

10  Plaintiffs' responses do not address the substance of the requests and fail to clarify

11  their position.  Defendants are left unable to determine what Plaintiffs are admitting

12  or denying.

13       Plaintiffs served over 700 additional Requests for Admission in the last

14  week.  Despite Defendants' requests to meet and confer to discuss the number of

15  RFAs—which Defendants view as the latest effort to economically cripple

16  Defendants—Plaintiffs have thus far refused to engage. *See* Exhibit III.

17       Defendants reserve the right to supplement these issues as events continue

18  to unfold during the pleading cycle.

Respectfully submitted,

/x/ Neil S. Ende

_____

Neil S. Ende
Greg L. Taylor

*Pro Hac Vice*
*Counsel to Michael D. Lansky, LLC*
*dba Avid Telecom Michael D. Lansky*
Dated: August 27, 2025        *and Stacey S. Reeves*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of August 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to all CM/ECF registrants

_____
Ritesh Warikallamath