Exhibit III

**Email from Tracy Nayer to Neil Ende**

Greg Taylor                                              **Wednesday, August 27, 2025 at 8:41:59 PM Central Daylight Time**

| | |
|---|---|
| **Subject:** | [AZ v Avid Telecom] Plaintiffs' Response to Defendants' Counsel's requests to modify the First RFAs |
| **Date:** | Wednesday, August 27, 2025 at 6:10:27 AM Central Daylight Time |
| **From:** | Nayer, Tracy <Tnayer@ncdoj.gov> |
| **To:** | Neil Ende <nende@tlgdc.com>, Greg Taylor <gtaylor@tlgdc.com> |
| **CC:** | Douglas Swetnam (IN AG) (douglas.swetnam@atg.in.gov) <douglas.swetnam@atg.in.gov>, Emily Dietz (OH AG) (Emily.Dietz@OhioAGO.gov) <Emily.Dietz@OhioAGO.gov>, Erin Leahy (OH AG) (erin.leahy@ohioago.gov) <erin.leahy@ohioago.gov>, John Dillon (AZ AG) (John.DillonIV@azag.gov) <John.DillonIV@azag.gov>, Sarah.Pelton@azag.gov <Sarah.Pelton@azag.gov>, Sparko, Rochelle <rsparko@NCDOJ.GOV>, Thomas Martindale (IN AG) (Thomas.Martindale@atg.in.gov) <Thomas.Martindale@atg.in.gov> |
| **Attachments:** | image001.png, Re: [AZ v Avid Telecom] Plaintiffs' First Rule 36 Requests for Admission to Def Avid Telecom.eml, Re: [AZ v Avid Telecom] Plaintiffs' First Rule 36 Requests for Admission to Def Lansky.eml, Re: [AZ v Avid Telecom] Plaintiffs' First Rule 36 Requests for Admission to Def Reeves.eml |

Neil,

We received your emails (attached) concerning the First Requests for Admission served by Plaintiffs on each of your clients on Wednesday, August 20.

Yet again. you leave us stunned by the fanciful mischaracterizations in your correspondence.

Over the course of this litigation, Plaintiffs issued only one set of discovery requests for production on each Defendant, to which we are still awaiting meaningful responses that comport with both your clients' obligations to participate in the litigation and your obligation to conform your own behavior to the Rules of Professional Conduct.

The RFAs issued by Plaintiffs last week are relevant to the claims addressed in the Complaint, the responses to which lie squarely within your clients' knowledge.  In the absence or dearth of responsive production from your clients regarding Plaintiffs' outstanding discovery requests, your clients' respective admissions are necessary.  Admitting to facts they know to be true about the business they conducted—particularly in light of the paucity of production from your clients to date—is the literal least that we can ask of your clients during what is supposed to be a reciprocal discovery process.

Accordingly, we decline your invitation to undermine our ability to prosecute our case, despite your efforts to frustrate our ability to do so by propounding the duplicative and harassing discovery requests that you have issued to Plaintiffs on behalf of your clients (*see, e.g.*, the ~570 Requests for Production set forth in Defendants' Second RFPs, in addition to the RFPs set forth in Defendants' First and Third RFPs and Defendant Reeves's First RFPs, as well as the RFAs set forth in Defendants' First RFAs and Defendant Reeves's First RFAs).

However, if you have been inspired to rethink <u>your</u> abusive discovery requests and would like to modify your clients' outstanding requests, please do let us know.

        **Tracy Nayer**
        Special Deputy Attorney General
        Consumer Protection Division
        North Carolina Department of Justice
        (919) 716-6581
        tnayer@ncdoj.gov



Post Office Box 629, Raleigh, NC 27602
114 West Edenton Street, Raleigh, NC 27603
https://ncdoj.gov/

Please note messages to or from this address may be public records.