KRISTIN K. MAYES
Attorney General of Arizona
(Firm State Bar No. 14000)
John Raymond Dillon IV (AZ No. 036796)
Sarah Pelton (AZ Bar No. 039633)
Alyse C. Meislik (AZ Bar No. 024052)
Dylan Jones (AZ Bar No. 034185)
Office of the Arizona Attorney General
2005 North Central Avenue
Phoenix, AZ 85004
Phone: (602) 542-3725
Fax:     (602) 542-4377
consumer@azag.gov
*Counsel for Plaintiff State of Arizona*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, *ex rel*. Kristin K. Mayes, Attorney General, *et al.*,<br><br>          Plaintiffs,<br><br>     v.<br><br>Michael D. Lansky, L.L.C., dba Avid Telecom, *et al.*,<br><br>          Defendants. | Case No.:  4:23-cv-00233-TUC-CKJ<br><br><br>**PLAINTIFFS' RESPONSIVE BRIEF ON DISCOVERY DISPUTES** |

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendants' Opening Brief outlined several concerns regarding Plaintiffs' objections to Defendants' First Requests for Production ("RFPs"), Defendants' First Requests for Admissions ("RFAs") and Plaintiffs' Responses to Defendants' Rule 30(b)(6) defective deposition notices. Plaintiffs submit this Responsive Brief and in turn note: (1) Plaintiffs met and conferred with defense counsel in good faith, fully prepared to address all issues of concern to Defendants; (2) Plaintiffs have not withheld any non-privileged responsive documents despite their good faith objections; (3) Defendants' 30(b)(6) deposition notices were facially defective; (4) the record shows Plaintiffs consistently indicated a willingness to meet and confer on issues of Defendants' concern; and (5) Plaintiffs' Responses to Defendants' RFAs are true and issued in good faith.

## II.    ARGUMENT

### a.    Defendants' Brief Relies on Misrepresentations and Procedurally Deficient, Inadmissible Evidence.

Defendants' Opening Brief is predicated on the false claim that Plaintiffs have obstructed discovery, by imposing "direct and indirect barriers to all forms of discovery sought by Defendants" and preventing "the pursuit of a meaningful direct meet and confer process." In support, Defendants rely on the unsigned and self-serving Declaration of Greg Taylor, which – without any documentary evidence – asserts that during the parties' July 15, 2025 telephonic meet and confer, Plaintiffs' counsel prevented him from offering substantive input, refused to engage on any substantive issues, failed to provide any substantive responses, and engaged in "overspeaking" for approximately 20 minutes until he was forced to unilaterally terminate the call. *See, e.g.*, Dkt #138-1.

In reality, the July 15, 2025 meet-and-confer lasted for more than 40 minutes, during which Plaintiffs' counsel substantively addressed Defendants' perceived issues with Plaintiffs' responses to Defendants' Rule 30(b)(6) deposition notices, Defendants' RFPs and Defendants' RFAs. *See* Declaration of Sarah Pelton, dated September 8, 2025

1  ("Decl.") at ¶ 6, Exs. II-JJ. At no point did Plaintiffs' counsel refuse to engage, decline to

2  provide substantive responses or engage in any "abusive" behavior. *Id*. at Ex. JJ. Rather it

3  was defense counsel who appeared unprepared, having failed to provide the promised

4  outline of Defendants' disputed issues in advance of the meet-and -confer. *Id*. And when

5  pressed for factual or legal support for the few positions he did articulate, defense counsel

6  had none. Defendants' mischaracterization of the parties' meet-and-confer only underscore

7  the lack of a good-faith basis for their discovery positions.

8    **b. In Addition to being Factually Inaccurate, the Declaration of Greg**

9        **Taylor is Procedurally Defective.**

10       Under Rule 11(a) of the Federal Rules of Civil Procedure, every paper filed with the

11  Court must be signed by at least one attorney of record in the attorney's name. An unsigned

12  declaration is a nullity and must be stricken unless promptly corrected. *See* Fed. R. Civ. P.

13  11(a). On September 3, 2025, Plaintiffs alerted defense counsel to the deficient, unsigned

14  Declaration of Greg Taylor. *See* Decl. at ¶ 10, Ex. QQ. The following day, September 4,

15  2025, defense counsel acknowledged Plaintiffs' notice and represented that a "substantive

16  reply" would be forthcoming by close of business Friday, September 5, 2025. *Id*. at ¶ 11,

17  Ex. RR. To date, however, defense counsel has neither corrected the deficiency in Mr.

18  Taylor's declaration, nor otherwise provided any "substantive reply". *Id*. at ¶ 12. Because

19  the Declaration of Greg Taylor remains unsigned and uncorrected, it must be stricken

20  pursuant to Rule 11(a) and Local Rule 7.2(m)(2).[1]

21    **c.  <u>Defendants Mischaracterize Plaintiffs' Responses and the Current</u>**

22        **<u>Document Production.</u>**

23        **i.  <u>Plaintiffs Provided Specific, Substantiated Objections to the</u>**

24            **<u>Overbreadth and Vagueness of Certain Requests.</u>**

25       Defendants' assertion that Plaintiffs "failed to provide specific evidence or

26  reasoning to support" their objections to Requests Nos. 1-45, 48, and 51 is false. In each

27  of their objections, Plaintiffs identified the overbroad term(s) and stated their reasoning.

28

---

[1] In the event defense counsel files a corrected, signed declaration repeating the same false allegations, Plaintiffs will seek appropriate relief under Rule 11(b) and Rule 11(c).

Frequently, Plaintiffs asserted concerns of overbreadth when Defendants used blanket, undefined terms that could be interpreted so broadly as to be burdensome to produce (i.e. "data" in Request No. 19 could refer to many, very different kinds of information). Plaintiffs also objected to Requests that failed to include a temporal limitation, e.g. Requests Nos. 1-23, 29-32, 45, 48, and 51. As yet another example, Plaintiffs objected as overbroad to Request No. 51 for all press releases made by each state law action state about any Defendant, as this publicly-available information is equally available and less expensive for Defendants to obtain without the need to issue a Request. *See* Fed. R. Civ. P. 26(b)(1) (contemplating the parties' relative access to relevant information).

### ii.   **Plaintiffs' Relevance Objections are Well-Founded and Proffered in Good Faith.**

First, Plaintiffs wish to establish that they have withheld no documents from production on the basis of their relevance objections to Requests Nos. 29-32, 43-45, 48, and 51. That being said, Plaintiffs stand behind their objections.

Defendants state that Requests Nos. 29-32 seek documents providing data regarding when the Called Party obtained the telephone number and whether from the predecessor owner of that telephone number consented to receive the calls at issue. The date on which the Called Party obtained the service for a particular number is irrelevant to whether the call violated the law on the date the call was made, as it is not an element or burden of proof for either party. Whether a predecessor owner of the telephone number gave consent to be called is also irrelevant. When the Called Party obtained the service is irrelevant to Defendants' burden to show that the caller had consent to call when the call was made and received.[2]

Defendants' Requests Nos. 43 and 44 seek information regarding Defendant Reeves' relationship to Defendant Avid Telecom. Defendants claim it is "inconceivable" that Plaintiffs could have offered a relevance objection to these topics in good faith.

---

[2] The Called Party for the purpose of consent is the *current* subscriber of the telephone number, not the previous one. *See N.L. by Lemos v. Credit One Bank, N.A.*, 960 F.3d 1164, 1167-1172 (9th Cir. 2020) (defendant's intent to call a customer who had previously consented to its calls did not exempt defendant from liability under the TCPA when it called someone else who did not consent.)

4

Plaintiffs refute Defendants' statement that Defendant Reeves' liability is based entirely on her alleged status as an employee of Avid Telecom. Defendant Reeves' employment status is not dispositive of the larger issue of liability. Defendant Reeves is not relieved of liability if she is not found to be an employee of Defendant Avid Telecom. Defendant Reeves could also be individually responsible or liable under an agency theory by virtue of her personal participation in the acts and practices that violated federal and state rules and statutes.[3] Defendants proffered no argument in their opening brief as to why Request 45 is relevant – Plaintiffs maintain it is not dispositive of any claim or defense.

Defendants argue that Requests Nos. 48 and 51 could be potential admissions against interest, including publications of fact contrary to allegations in the complaint. Plaintiffs would like to reiterate that press releases are, by their nature, publicly available. There is no claim by Plaintiffs or Defendants or counterclaim from Defendants that is relevant to the content of any press releases. Further, Plaintiffs produced the press releases despite having no obligation to produce publicly available materials, subject to the objection that the press releases are not relevant or necessarily admissible.

### iii.  **Plaintiffs Have No Duty to Provide Damage Calculations under the Federal Rules of Civil Procedure.**

Defendants state that Plaintiffs have an obligation to support their claims under Rule 26(a)(1)(A)(iii), and further failed to make a timely disclosure of damages under Rule 26(a)(1)(C). Plaintiffs' Complaint, in the Prayer for Relief section, as well as Plaintiffs' initial disclosures served September 6, 2024 set forth the remunerative relief sought for each category of damages for each count. *See* Plaintiffs' Initial Rule 26(a)(1) Disclosures at 34-36. The applicable statutory damages and civil penalties will be determined at trial as to the type and number of violations. The Plaintiffs have no obligation to undertake legal research or organize factual evidence for Defendants to provide a calculation of the respective potential statutory civil penalties that may be applicable for each count of Plaintiffs' Complaint. Additionally, many of the initial calculations cited in Plaintiffs'

---

[3] *See* Conformed Complaint at ¶¶ 404-416.

Complaint are based on a preliminary analysis of Defendants' call detail records which are equally, if not more readily available, to Defendants.

To be sure, even if Plaintiffs had a duty to provide greater detail on the disclosures of damages provided under Rule 26(a)(1)(iii), Defendants' timing is much too late as the Court required the exchange of initial disclosures on September 6, 2024. *See* Dkt. #84 at 3.

### iv.  Plaintiffs Do Not Need to Produce a Privilege Log.

Plaintiffs have not produced a privilege log because they have not withheld any documents on the basis of privilege that are required to be logged pursuant to Section F of the ESI Order [Dkt. #120]. Plaintiffs have objected to certain Requests on the basis of privilege, but no privilege log need be made pursuant to F(1)(e) of the ESI Order [Dkt. #120].

### d.  Defendants Served Facially Defective Rule 30(b)(6) Deposition Notices.

As to Defendants' Rule 30(b)(6) notices, Defendants' opening brief fails to address – let alone refute – the fact that the deposition notices served to 49 Plaintiffs were facially defective under Rules 30(b)(1) and 30(b)(6) of the Federal Rules of Civil Procedure. Rule 30(b)(1) requires the party seeking the deposition to specify the date and time of the 30(b)(6) deposition. *See* Fed. R. Civ. P. 30(b)(1) ("[T]he notice must state the time and place of the deposition, and, if known, the deponent's name and address."). Plaintiffs responded and objected to each Notice, as the Notices failed to specify the date and time of the 30(b)(6) deposition in violation of Rule 30(b)(1). For proper service, Rule 30(b)(6) requires the serving party to name as the deponent "a public or private corporation, a partnership, an association, a governmental agency, or other entity". *See* Fed. R. Civ. P. 30(b)(6). Here, the Notices served to Plaintiffs failed to do so. Plaintiffs noted this in their individual Responses to Defendants' 30(b)(6) Notices. *See* Decl. at ¶ 4, Ex. GG.

Indeed, the Lead Plaintiff States and the eleven Plaintiff States that brought state law claims do not object to Rule 30(b)(6) depositions of properly identified, relevant topics that otherwise comport with Rules 26 and 30 of the Federal Rules of Civil Procedure and

other applicable state and federal laws. Rather, the Plaintiffs object to Defendants' insistence that Plaintiffs designate witnesses in advance of the parties resolving disputes as to the topics identified. As such, Plaintiffs need to know the nature and scope of the topics subject to examination in order to designate the appropriate witnesses.

Plaintiffs' written objections, each labeled as "Response to Topic (-)," pertained to the substance of the specific topics identified, not merely to the designation of a knowledgeable witness. Decl. at Ex. GG. Further, Defendants' opening brief fails to address or refute Plaintiffs' specific objections to each of the substantive topics identified, namely, overbreadth. Many of Defendants' topics sought each AG's office to disclose either the investigation it conducted that formed the basis for its complaint (i.e., attorney work product) or discussions AG's offices had internally or with other law enforcement agencies, which are privileged. These topics seem to support a malicious prosecution claim Defendants have teased, although Defendants have not been brought the claim in any defense or counterclaim. As such, these topics are irrelevant and not dispositive of the claims at issue. Additionally, Defendants' topics are unduly burdensome, cumulative, and seek oral testimony on topics that are more appropriately addressed using written discovery as most of Plaintiffs' evidence are records obtained from third parties or will be supported through expert witnesses. The ESI Order was entered after Plaintiffs' objections were served and since that time, Plaintiffs have produced over 90,000 documents responsive to Defendants' 685 RFPs that are relevant to the topics identified in the deposition notices.[4] Plaintiffs' document production includes an index identifying the RFP to which the documents are responsive. Plaintiffs' objections are valid, specific, and narrowly tailored to the fundamental defects of Defendants' deposition topics. As relayed to Defendants in May of 2025, Plaintiffs will designate appropriate witnesses upon agreement by the parties as to the nature and scope of relevant topics that comport with Rule 26 and 30 of the Federal Rules of Civil Procedure.

---

[4] Plaintiffs' document production includes an index identifying the RFPs to which the documents are responsive.

Finally, Defendants claim Plaintiffs have refused to meet and confer on any of their objections. This is not so. As early as April 25, 2025, Lead States emailed defense counsel seeking to limit the topics in each Plaintiff State's Notice. Decl. at ¶ 3, Ex. FF. The Lead States never received a response and thus sent their written Objections to defense counsel. In each State's Objection document, Plaintiffs stated their willingness to meet and confer. Decl. at ¶ 4, Ex. GG. Furthermore, Plaintiffs engaged in a meet and confer on July 15, 2025, where defense counsel addressed Rule 30(b)(6) issues. Decl. at ¶ 6, Ex. II-JJ. When defense counsel sent their 139-page meet and confer letter after the July 15 meet and confer, Plaintiffs responded and reiterated their willingness to meet and confer on 30(b)(6) issues. Decl. at ¶ 7, Exs. KK-NN. Additionally, in Exhibit II of Defendants' Opening Brief, Defendants did not include the full email conversation to date. Two days after defense counsel sent the email in their Exhibit II to Plaintiffs, Plaintiffs responded in full. Decl. at ¶ 7, Ex. MM-NN. Plaintiffs see this as yet another one of Defendants' attempts to mischaracterize the record.

> ### e. **Plaintiffs' Responses to Defendants' RFAs are True, Supported, and Comply with the Federal Rules of Civil Procedure.**
>
> #### i. **Plaintiffs Stand by Responses 5 and 6.**

Defendants' First RFAs Nos. 5 and 6 relate to Plaintiffs' alleged communications with regulatory authorities about Defendant Avid Telecom's calls. Plaintiffs are without knowledge because Plaintiffs are not aware of the inner workings of every State agency within their respective jurisdictions and what actions those agencies may or may not have taken in regard to Defendants.

> #### ii. **Responses 18-20 are Clear and Address the Respective Requests.**

Defendants' First RFAs Nos. 18-20 relate to the terms and conditions of YouMail, a third party telecommunications agency. Plaintiffs' Responses to Requests 18 and 20 direct Defendants to YouMail's Terms of Service and show that Plaintiffs have individual subscribers' permission to access those subscribers' recordings. Plaintiffs' Response to Request 19 is a complete admission that addresses Defendants' Request, that certain data

referenced in the Complaint involved calls placed to YouMail subscribers. Plaintiffs are unsure how they are not addressing the "substance" of the Requests as Defendants so state.

### f. Plaintiffs' Issued Discovery is Reasonable Given Defendants' Repeated Obstruction.

Defendants' flagrant abuse of their discovery obligations and persistent obstructive tactics have caused significant delays in this case. Over the course of this litigation, Plaintiffs issued only one set of discovery Requests for Production on each Defendant, to which Plaintiffs are *still* awaiting meaningful responses that comport with Defendants' obligations to participate in the litigation and defense counsel's obligations to comply with the Rules of Professional Conduct. To date, Plaintiffs have received approximately 320 documents from Defendant Reeves and no production at all from Defendant Avid Telecom or Defendant Lansky. Decl. at ¶ 5, Ex. HH.

The Requests for Admission issued by Plaintiffs on August 25, 2025 are relevant to claims addressed in the Complaint – the responses to which lie within Defendants' knowledge. Defendants' respective admissions are necessary noting their absence of responsive production regarding Plaintiffs' outstanding discovery requests. In light of the lack of production from Defendants, asking Defendants to admit to facts they know to be true about the business they conducted is squarely within Plaintiffs' ability in a reciprocal discovery process.

Defendants' characterization of Plaintiffs' actions as to "economically cripple Defendants" is completely unfounded. Defense counsel chose to undertake representation in a multistate litigation involving 49 Plaintiff States and a myriad of state and federal statutes. To insist that Plaintiffs are attempting to make the discovery process more onerous is yet another of defense counsel's attempts to falsify the record and undermine Plaintiffs' ability to prosecute their case. Tellingly, defense counsel omits the fact Defendants issued hundreds of discovery requests on Plaintiffs in the last month – over 570 Requests for Production in Defendants' Second RFPs; the RFPs set forth in Defendants' First and Third

RFPs and Defendant Reeves' First RFPs; and Defendants' First RFAs and Defendant Reeves' First RFAs.

In an effort to decrease Defendants' claimed burden, Plaintiffs emailed defense counsel on August 28, 2025 and offered to withdraw 84 Requests from Plaintiffs' First Set of RFAs issued to each Defendant if Defendants agreed to three stipulations. Decl. at ¶ 8, Exs. OO-PP. No Defendant has yet responded to this offer. Decl. at ¶ 9.

## III.    **CONCLUSION**

For the reasons set out above and in Plaintiffs' Opening Brief on Discovery Disputes [Dkt. #134], Plaintiffs respectfully request judicial relief to overcome Defendants' flagrant abuse and contempt of the discovery process to date, including leave to file motions to compel and the appointment of a magistrate to ensure Defendants' compliance with their discovery obligations going forward.

RESPECTFULLY SUBMITTED this 8th day of September 2025.

**FOR THE STATE OF ARIZONA:**

KRISTIN K. MAYES
Attorney General for the State of Arizona

/s/ John Raymond Dillon IV
JOHN RAYMOND DILLON IV
SARAH PELTON
Assistant Attorneys General
*Attorneys for the State of Arizona*

**FOR THE STATE OF INDIANA:**

TODD ROKITA
Attorney General for the State of Indiana

/s/ Douglas S. Swetnam
DOUGLAS S. SWETNAM
THOMAS L. MARTINDALE
Deputy Attorneys General
*Attorneys for the State of Indiana*

1

**FOR THE STATE OF NORTH CAROLINA:**

2

JEFF JACKSON

3

Attorney General for the State of North Carolina

4

/s/ Tracy Nayer

5

TRACY NAYER

6

ROCHELLE SPARKO

7

Special Deputy Attorneys General

*Attorneys for the State of North Carolina*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FOR THE STATE OF OHIO:**

DAVE YOST
Attorney General for the State of Ohio

/s/ Erin Leahy
ERIN B. LEAHY
Senior Assistant Attorney General
*Attorney for the State of Ohio*

***Lead Counsel for Plaintiffs***

# LIST OF PLAINTIFFS' COUNSEL

John Raymond Dillon IV (AZ Bar No. 036796)
Sarah Pelton (AZ Bar No. 039633)
Assistant Attorneys General
Arizona Attorney General's Office
2005 North Central Avenue
Phoenix, AZ 85004
Phone: (602) 542-8018
Fax:    (602) 542-4377
john.dillonIV@azag.gov
sarah.pelton@azag.gov
*Attorneys for Plaintiff State of Arizona*

Douglas S. Swetnam (IN Bar No. 15860-49)
Thomas L. Martindale (IN Bar No. 29706-64)
Deputy Attorneys General
Office of the Indiana Attorney General
Todd Rokita
Indiana Govt. Center South, 5th Fl.
302 W. Washington St.
Indianapolis, IN 46204-2770
Phone: (317) 232-6294 (Swetnam)
          (317) 232-7751 (Martindale)
Fax:    (317) 232-7979
douglas.swetnam@atg.in.gov
thomas.martindale@atg.in.gov
*Attorneys for Plaintiff State of Indiana*

Tracy Nayer (NC Bar No. 36964)
Rochelle Sparko (NC Bar No. 38528)
Special Deputy Attorneys General
North Carolina Department of Justice
Consumer Protection Division
P.O. Box 629
Raleigh, North Carolina 27602
Phone:   (919) 716-6000
Fax:     (919) 716-6050
tnayer@ncdoj.gov
rsparko@ncdoj.gov
*Attorneys for Plaintiff State of North Carolina*

Erin B. Leahy (OH Bar No. 0069509)
Senior Assistant Attorney General
Office of Attorney General Dave Yost
30 East Broad Street, 14th Fl.
Columbus, OH 43215
Phone: (614) 752-4730
Fax:    (866) 768-2648
Erin.Leahy@OhioAGO.gov
*Attorney for Plaintiff State of Ohio*

***Lead Counsel for Plaintiffs***

12

Lindsay D. Barton (AL Bar No. 1165-G00N)
Robert D. Tambling (AL Bar No. 6026-N67R)
Assistant Attorneys General
Office of the Alabama Attorney General
501 Washington Avenue
Montgomery, Alabama 36130
Phone: (334) 353-2609 (Barton)
         (334) 242-7445 (Tambling)
Fax:     (334) 353-8400
Lindsay.Barton@AlabamaAG.gov
Robert.Tambling@AlabamaAG.gov
*Attorneys for Plaintiff State of Alabama*

Amanda Wentz (AR Bar No. 2021066)
Assistant Attorney General
Office of Attorney General Tim Griffin
101 West Capitol Avenue
Little Rock, AR 72201
Phone: (501) 682-1178
Fax:     (501) 682-8118
amanda.wentz@arkansasag.gov
*Attorney for Plaintiff State of Arkansas*

Nicklas A. Akers (CA Bar No. 211222)
Senior Assistant Attorney General
Bernard A. Eskandari (CA Bar No. 244395)
Supervising Deputy Attorney General
Timothy D. Lundgren (CA Bar No. 254596)
Rosailda Perez (CA Bar No. 284646)
Deputy Attorneys General
Office of the California Attorney General
300 S. Spring St., Suite 1702
Los Angeles, CA 90013
Phone: (415) 510-3364 (Akers)
         (213) 269-6348 (Eskandari)
         (213) 269-6355 (Lundgren)
         (213) 269-6612 (Perez)
Fax:     (916) 731-2146
nicklas.akers@doj.ca.gov
bernard.eskandari@doj.ca.gov
timothy.lundgren@doj.ca.gov
rosailda.perez@doj.ca.gov
*Attorneys for Plaintiff People of the State of California*

Michel Singer Nelson (CO Bar No. 19779)
Assistant Attorney General II
Colorado Office of the Attorney General
Ralph L. Carr Judicial Building
1300 Broadway, 10th Floor
Denver, CO 80203
Phone: (720) 508-6220
michel.singernelson@coag.gov
*Attorney for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

Brendan T. Flynn (Fed. Bar No. ct04545,
CT Bar No. 419935)
Assistant Attorney General
Office of the Connecticut Attorney
General William Tong
165 Capitol Avenue, Suite 4000
Hartford, CT 06106
Phone: (860) 808-5400
Fax:    (860) 808-5593
mailto:brendan.flynn@ct.gov
*Attorney for Plaintiff State of Connecticut*

Ryan Costa (DE Bar No. 5325)
Deputy Attorney General
Delaware Department of Justice
820 N. French Street, 5th Floor
Wilmington, DE 19801
Phone: (302) 683-8811
Fax:    (302) 577-6499
Ryan.costa@delaware.gov
*Attorney for Plaintiff State of Delaware*

Laura C. Beckerman (DC Bar No.
1008120)
Senior Trial Counsel
Public Advocacy Division
D.C. Office of the Attorney General
400 6th Street NW, 10th Floor
Washington, DC 20001
Phone: (202) 655-7906
Laura.Beckerman@dc.gov
*Attorney for Plaintiff District of Columbia*

Sean P. Saval (FL Bar No. 96500)
Sr. Assistant Attorney General
Office of the Florida Attorney General
Department of Legal Affairs
Consumer Protection Division
3507 E. Frontage Rd, Suite 325
Tampa, FL 33607
Phone: (813) 287-7950
Fax:    (813) 281-5515
Sean.Saval@myfloridalegal.com
*Attorney for Plaintiff James Uthmeier,
Attorney General of the State of Florida*

David A. Zisook (GA Bar No. 310104)
Senior Assistant Attorney General
Office of the Georgia Attorney General
40 Capitol Square SW
Atlanta, GA 30334
Phone: (404) 458-4294
Fax:    (404) 464-8212
dzisook@law.ga.gov
*Attorney for Plaintiff State of Georgia*

Christopher J.I. Leong (HI Bar No. 9662)
Deputy Attorney General
Hawaii Department of the Attorney
General
425 Queen Street
Honolulu, HI 96813
Phone: (808) 586-1180
Fax:    (808) 586-1205
christopher.ji.leong@hawaii.gov
*Attorney for Plaintiff State of Hawaii*

James J. Simeri (ID Bar No. 12332)
Consumer Protection Division Chief
Idaho Attorney General's Office
P.O. Box 83720
Boise, ID 83720-0010
Phone: (208) 334-4114
james.simeri@ag.idaho.gov
*Attorney for Plaintiff State of Idaho*

Philip Heimlich (IL Bar No. 6286375)
Assistant Attorney General
Elizabeth Blackston (IL Bar No. 6228859)
Consumer Fraud Bureau Chief
Office of the Illinois Attorney General
500 S. Second Street
Springfield, IL 62791
Phone: (217) 782-4436
philip.heimlich@ilag.gov
elizabeth.blackston@ilag.gov
*Attorneys for Plaintiff People of the State of Illinois*

Benjamin Bellus (IA Bar No. AT0000688)
William Pearson (IA Bar No. AT0012070)
Assistant Attorneys General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Phone: (515) 242-6536 (Bellus)
        (515) 242-6773 (Pearson)
Fax:    (515) 281-6771
Benjamin.Bellus@ag.iowa.gov
William.Pearson@ag.iowa.gov
*Attorneys for Plaintiff State of Iowa*

Nicholas C. Smith (KS Bar No. 29742)
Sarah M. Dietz (KS Bar No. 27457)
Assistant Attorneys General
Consumer Protection Section
Office of the Kansas Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, KS 66612
Phone: (785) 296-3751
Fax:    (785) 291-3699
Nicholas.Smith@ag.ks.gov
sarah.dietz@ag.ks.gov
*Attorneys for Plaintiff State of Kansas*

Jacob P. Ford (KY Bar No. 95546)
Assistant Attorney General
Office of the Attorney General,
Commonwealth of Kentucky
1024 Capital Center Drive, Ste. 200
Frankfort, KY 40601
Phone: (502) 871-2044
jacobp.ford@ky.gov
*Attorney for Plaintiff Commonwealth of Kentucky*

ZaTabia N. Williams (LA Bar No. 36933)
Assistant Attorney General
Office of the Attorney General Liz Murrill
1885 North Third St.
Baton Rouge, LA 70802
Phone: (225) 326-6164
Fax:    (225) 326-6499
WilliamsZ@ag.louisiana.gov
*Attorney for Plaintiff State of Louisiana*

Brendan O'Neil (ME Bar No. 009900)
Michael Devine (ME Bar No. 005048)
Assistant Attorneys General
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333
Phone: (207) 626-8800
Fax:    (207) 624-7730
brendan.oneil@maine.gov
michael.devine@maine.gov
*Attorneys for Plaintiff State of Maine*

Philip Ziperman (Fed. Bar No. 12430)
Deputy Counsel
Office of the Attorney General
200 St. Paul Place
Baltimore, MD 21202
Phone: (410) 576-6417
Fax:    (410) 576-6566
pziperman@oag.state.md.us
*Attorney for Plaintiff Maryland Office of the Attorney General*

15

Carol Guerrero (MA Bar No. 705419)
Assistant Attorney General
Michael N. Turi (MA Bar No. 706205)
Deputy Chief, Consumer Protection
Division
Massachusetts Office of the Attorney
General
One Ashburton Place, 18th Floor
Boston, MA 02108
Phone: (617) 963-2783
Fax:    (617) 727-5765
mailto:Carol.Guerrero@mass.gov
Michael.Turi@mass.gov
*Attorneys for Plaintiff Commonwealth of
Massachusetts*

Kathy P. Fitzgerald (MI Bar No. P31454)
Michael S. Hill (MI Bar No. P73084)
Assistant Attorneys General
Michigan Department of Attorney General
Corporate Oversight Division
P.O. Box 30736
Lansing, MI 48909
Phone: (517) 335-7632
Fax:    (517) 335-6755
fitzgeraldk@michigan.gov
Hillm19@michigan.gov
*Attorneys for Plaintiff People of the
State of Michigan*

Bennett Hartz (MN Bar No. 0393136)
Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1200
Saint Paul, MN 55404
Phone: (651) 757-1235
bennett.hartz@ag.state.mn.us
*Attorney for Plaintiff State of Minnesota,
by its Attorney General, Keith Ellison*

James M. Rankin (MS Bar No. 102332)
Special Assistant Attorney General
Mississippi Attorney General's Office
P.O. Box 220
Jackson, MS 39205
Phone: (601) 359-4258
james.rankin@ago.ms.gov
*Attorney for Plaintiff Lynn Fitch,
Attorney General State of Mississippi*

Luke Hawley (MO Bar No. 73749)
Assistant Attorney General
Office of the Missouri Attorney General
815 Olive Street, Suite 200
St. Louis, MO 63101
Phone: (314) 340-6816
Fax:    (314) 340-7891
luke.hawley@ago.mo.gov
*Attorney for Plaintiff State of Missouri, ex.
rel. Andrew Bailey, Attorney General*

Brent Mead (MT Bar No. 68035000)
Deputy Solicitor General
Anna Schneider (MT Bar No. 13963)
Special Assistant Attorney General, Senior
Counsel
Montana Attorney General's Office
Office of Consumer Protection
215 North Sanders Street
P.O. Box 200151
Helena, MT 59620-0151
Phone: (406) 444-4500
Brent.mead2@mt.gov
Anna.schneider@mt.gov
*Attorneys for Plaintiff State of Montana*

Gary E. Brollier (NE Bar No. 19785)
Assistant Attorney General
Office of the Attorney General Michael T. Hilgers
2115 State Capitol Building
Consumer Protection Division
Lincoln, NE 68509
Phone: (402) 471-1279
Fax:    (402) 471-4725
gary.brollier@nebraska.gov
*Attorney for Plaintiff State of Nebraska*

Michelle C. Badorine (NV Bar No. 13206)
Senior Deputy Attorney General
Office of the Nevada Attorney General
Bureau of Consumer Protection
100 North Carson Street
Carson City, NV 89701-4717
Phone: (775) 684-1164
Fax:    (775) 684-1299
MBadorine@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

Mary F. Stewart (NH Bar No. 10067)
Assistant Attorney General
New Hampshire Department of Justice
Office of the Attorney General
Consumer Protection and Antitrust Bureau
1 Granite Place South
Concord, NH 03301
Phone: (603) 271-1139
Mary.F.Stewart@doj.nh.gov
*Attorney for Plaintiff State of New Hampshire*

Blair Gerold (NJ Bar No. 294602019)
Jeffrey Koziar (NJ Bar No. 015131999)
Deputy Attorneys General
New Jersey Office of the Attorney General
Division of Law
124 Halsey Street
Newark, NJ 07101
Phone: (609) 696-5363 (Gerold)
         (973) 648-7819 (Koziar)
Fax:    (973) 648-3879 (Gerold)
         (973) 648-4887 (Koziar)
Blair.Gerold@law.njoag.gov
Jeff.koziar@law.njoag.gov
*Attorneys for Plaintiff State of New Jersey*

Billy Jimenez (NM Bar No. 144627)
Assistant Attorney General
New Mexico Department of Justice
408 Galisteo St.
Santa Fe, New Mexico 87501
Phone: (505) 527-2694
Fax:    (505) 490-4883
Bjimenez@nmdoj.gov
*Attorney for Plaintiff Raúl Torrez, New Mexico Attorney General*

Glenna Goldis (NY Bar No. 4868600)
Assistant Attorney General
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (646) 856-3697
Glenna.goldis@ag.ny.gov
*Attorney for Plaintiff Office of the Attorney General of the State of New York*

Elin S. Alm (ND Bar No. 05924)
Christopher Glenn Lindblad (ND Bar No. 06480)
Assistant Attorneys General
Office of North Dakota Attorney General
Consumer Protection & Antitrust Division
1720 Burlington Drive, Suite C
Bismarck, ND 58504-7736
Phone: (701) 328-5570
Fax:     (701) 328-5568
mailto:ealm@nd.gov
clindblad@nd.gov
*Attorneys for Plaintiff State of North Dakota*

Sylvia Lanfair (OK Bar No. 30144)
Assistant Attorney General
Office of the Oklahoma Attorney General
313 N.E. 21st St.
Oklahoma City, OK 73105
Phone: (405) 522- 8129
Fax:     (405) 522-0085
mailto:sylvia.lanfair@oag.ok.gov
*Attorney for Plaintiff State of Oklahoma ex rel. Attorney General Gentner Drummond*

Jordan M. Roberts (OR Bar No. 115010)
Senior Assistant Attorney General
Oregon Department of Justice
Consumer Protection Division
100 SW Market St.
Portland, OR 97201
Phone: (971) 673-1880
Fax:     (971) 673-1884
jordan.m.roberts@doj.oregon.gov
*Attorney for Plaintiff State of Oregon*

Mark W Wolfe (PA Bar No. 327807)
Deputy Attorney General
Pennsylvania Office of Attorney General
Strawberry Square, 15th Floor
Harrisburg, PA 17120-0001
Phone: (717) 772-3558
Fax:     (717) 705-3795
mwolfe@attorneygeneral.gov
*Attorney for Plaintiff Commonwealth of Pennsylvania by Attorney General David W. Sunday, Jr.*

Stephen N. Provazza (RI Bar No. 10435)
Special Assistant Attorney General
Rhode Island Office of the Attorney General
150 S. Main Street
Providence, RI 02903
Phone: (401) 274-4400, ext. 2476
Fax:     (401) 222-1766
sprovazza@riag.ri.gov
*Attorney for Plaintiff State of Rhode Island, by Attorney General Peter Neronha*

Kristin Simons (SC Bar No. 74004)
Senior Assistant Attorney General
South Carolina Attorney General's Office
P.O. Box 11549
Columbia, SC 29211-1549
Phone: (803) 734-6134
mailto:ksimons@scag.gov
*Attorney for Plaintiff State of South Carolina*

Austin C. Ostiguy (TN Bar No. 040301)
Tyler T. Corcoran (TN Bar No. 038887)
Assistant Attorneys General
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202
Phone: (615) 532-7271 (Ostiguy)
     (615) 770-1714 (Corcoran)
Fax:    (615) 532-2910
austin.ostiguy@ag.tn.gov
tyler.corcoran@ag.tn.gov
*Attorneys for Plaintiff State of Tennessee*

David Shatto (Fed. Bar No. 3725697; TX Bar No. 24104114)
Assistant Attorney General
Attorney General for the State of Texas
Office of the Attorney General
P.O. Box 12548 (MC-010)
Austin, TX 78711
Phone: (512) 463-2185
Fax:    (512) 473-9125
David.Shatto@oag.texas.gov
*Attorney for Plaintiff State of Texas*

Alexandra Butler (UT Bar No. 19238)
Assistant Attorney General
Utah Attorney General's Office
160 East 300 South, 5th Floor
P.O. Box 140872
Salt Lake City, UT 84114-0872
Phone: (385) 910-5533
Fax:    (801) 366-0315
alexandrabutler@agutah.gov
*Attorney for Plaintiff Utah Division of Consumer Protection*

James Layman (VT Bar No. 5236)
Office of the Vermont Attorney General
109 State Street
Montpelier, VT 05609-1001
Phone: (802) 828-2315
Fax:    (802) 304-1014
James.Layman@vermont.gov
*Attorney for Plaintiff State of Vermont*

Geoffrey L. Ward (VA Bar No. 89818)
Senior Assistant Attorney General
Office of the Attorney General of Virginia
202 N. Ninth St.
Richmond, VA 23219
Phone: (804) 371-0871
Fax:    (804) 786-0122
gward@oag.state.va.us
*Attorney for Plaintiff Commonwealth of Virginia, ex rel. Jason S. Miyares, Attorney General*

Zorba Leslie (WA Bar No. 58523)
Assistant Attorney General
Washington State Attorney General's Office
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Phone: (206) 340-6787
Fax:    (206) 464-6451
zorba.leslie@atg.wa.gov
*Attorney for Plaintiff State of Washington*

Ashley T. Wentz (WV Bar No. 13486)
Assistant Attorney General
West Virginia Attorney General's Office
Consumer Protection/Antitrust Division
P.O. Box 1789
Charleston, WV 25326
Phone: (304) 558-8986
Fax:    (304) 558-0184
Ashley.T.Wentz@wvago.gov
*Attorney for Plaintiff State of West
Virginia ex rel. John B. McCuskey,
Attorney General*

Gregory A. Myszkowski (WI Bar No. 1050022)
Assistant Attorney General
Wisconsin Department of Justice
P.O. Box 7857
Madison, WI 53707-7857
Phone: (608) 266-7656
Fax:    (608) 294-2907
gregory.myszkowski@wisdoj.gov
*Attorney for Plaintiff State of Wisconsin*

Cameron W. Geeting (WY Bar No. 7-5338)
Senior Assistant Attorney General
Consumer Protection and Antitrust Unit
Wyoming Office of the Attorney General
2320 Capitol Avenue
Cheyenne, Wyoming 82002
Phone: (307) 777-3795
cameron.geeting1@wyo.gov
*Attorney for Plaintiff State of Wyoming*

**CERTIFICATE OF SERVICE**

Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 5(a), I hereby certify that on September 08, 2025, a true and correct copy of the above and foregoing document has been served using the CM/ECF system to all counsel and parties of record.


*/s/ Belen O. Miranda*