KRISTIN K. MAYES
Attorney General of Arizona
(Firm State Bar No. 14000)
John Raymond Dillon IV (AZ No. 036796)
Sarah Pelton (AZ Bar No. 039633)
Alyse C. Meislik (AZ Bar No. 024052)
Dylan Jones (AZ Bar No. 034185)
Office of the Arizona Attorney General
2005 North Central Avenue
Phoenix, AZ 85004
Phone: (602) 542-3725
Fax:     (602) 542-4377
consumer@azag.gov
*Counsel for Plaintiff State of Arizona*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, *ex rel*. Kristin K. Mayes, Attorney General, *et al.*,<br><br>          Plaintiffs,<br><br>          v.<br><br>Michael D. Lansky, L.L.C., dba Avid Telecom, *et al.*,<br><br>          Defendants. | Case No.:  4:23-cv-00233-CKJ<br><br>(Assigned to the Hon. Cindy K. Jorgenson)<br><br>**DECLARATION OF SARAH PELTON IN SUPPORT OF THE PLAINTIFFS' RESPONSIVE BRIEF ON DISCOVERY DISPUTES** |

1.      I am an Assistant Attorney General in the Civil Litigation Division at the Arizona Attorney General's Office, and counsel of record for Plaintiffs. I have personal knowledge of the facts set forth herein. If called as a witness, I could and would competently testify to the matters stated herein.

2.      I submit this declaration in support of the Plaintiffs' Responsive Brief on Discovery Disputes.

3.      On or about April 25, 2025, Plaintiff States began emailing defense counsel seeking to limit the topics in each Plaintiff State's Notice. The State of Arizona's email is

representative of those sent by all Plaintiff States. Attached hereto as **Exhibit FF** is a true and correct copy of the State of Arizona's April 25, 2025 email to defense counsel.

4.    On or about May 27, 2025, individual Plaintiffs began sending their Objections to Defendants' facially defective Rule 30(b)(6) notices. Each Plaintiff's Objections contained language indicating each Plaintiff's willingness to meet and confer. Attached hereto as **Exhibit GG** is a true and correct copy of the State of North Carolina's written Objections, which, as both a Lead State and a State Claim State, is largely representative of all other Plaintiffs' Objections.

5.    On or about July 11, 2025, defense counsel sent Defendant Reeves' first document production to Plaintiffs, which consisted of approximately 320 documents. To date, Plaintiffs have received no production at all from Defendant Avid Telecom or Defendant Lansky. Attached hereto as **Exhibit HH** is a true and correct copy of defense counsel's August 12, 2025 email acknowledging Reeves' document production.

6.    On or about July 15, 2025, Plaintiffs' counsel engaged in a meet and confer at defense counsel's request to discuss Defendants' issues with Plaintiffs' discovery and Rule 30(b)(6) issues. The meet and confer lasted for approximately 42 minutes. Attached hereto as **Exhibit II** is a true and correct copy of the attendance list and duration of the July 15, 2025 meet and confer. Attached hereto as **Exhibit JJ** is a true and correct copy of Plaintiffs' counsel's July 18, 2025 email to defense counsel summarizing the topics discussed.

7.    On or about July 16, 2025, defense counsel sent Plaintiffs' counsel a request to continue all further meet and confers in writing. On or about July 17, 2025, defense counsel sent Plaintiffs a 139-page meet and confer letter. On or about August 6, 2025, Plaintiffs' counsel produced their response document, indicating their willingness to meet and confer on these issues. Attached hereto as **Exhibit KK** is a true and correct copy of defense counsel's July 16, 2025 email to Plaintiffs' counsel. Attached hereto as **Exhibit LL** is a true and correct copy of defense counsel's July 17, 2025 meet and confer letter. Attached hereto as **Exhibit MM** is a true and correct copy of Plaintiffs' August 6, 2025 response to defense counsel's August 4, 2025 email referenced in Exhibit II of Defendants'

Opening Brief. Attached hereto as **Exhibit NN** is a true and correct copy of Plaintiffs' August 6, 2025 response document.

8.    On or about August 28, 2025, Plaintiffs' counsel emailed defense counsel offering to withdraw 84 Requests from Plaintiffs' First Requests for Admissions against each Defendant if each Defendant agreed to three stipulations. Attached hereto as **Exhibit OO** is a true and correct copy of Plaintiffs' counsel's August 28, 2025 email. Attached hereto as **Exhibit PP** is a true and correct copy of the stipulations Plaintiffs' counsel suggested.

9.    No Defendant has yet responded to Plaintiffs' August 28, 2025 offer.

10.    On or about September 3, 2025, Plaintiffs alerted defense counsel to the deficient, unsigned Declaration of Greg Taylor in Defendants' Opening Brief. Attached hereto as **Exhibit QQ** is a true and correct copy of Plaintiffs' September 3, 2025 email.

11.    On or about September 4, 2025, defense counsel Greg Taylor responded to Plaintiffs' email, noting that he would "have something" to Plaintiffs by close of business on Friday, September 5, 2025. Attached hereto as **Exhibit RR** is a true and correct copy of defense counsel's September 4, 2025 email.

12.    To date, defense counsel has not provided a response to Plaintiffs' concerns as promised.


I declare under penalty of perjury that the foregoing is true and correct.


Executed on September 8, 2025 at Phoenix, Arizona.


    /s/ Sarah Pelton
    Sarah Pelton (AZ State Bar No. 039633)
    Counsel for Plaintiff State of Arizona

**CERTIFICATE OF SERVICE**

Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 5(a), I hereby certify that on September 08, 2025, a true and correct copy of the above and foregoing document has been served using the CM/ECF system to all counsel and parties of record.

*/s/ Belen O. Miranda*

# Exhibit FF

## Pelton, Sarah

| | |
|---|---|
| **From:** | Pelton, Sarah |
| **Sent:** | Friday, April 25, 2025 10:17 AM |
| **To:** | Neil Ende; Greg Taylor; 'scabezas@tlgdc.com' |
| **Cc:** | tnayer@ncdoj.gov; Meislik, Alyse; douglas.swetnam@atg.in.gov; Jones, Dylan; Dilweg, Laura; rsparko@ncdoj.gov; thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov |
| **Subject:** | RE: AZ v Avid Telecom -Deposition Notice - 30b6 - State of Arizona  (4-22-25) |
| **Importance:** | High |

| Tracking: | Recipient | Read |
|---|---|---|
| | Neil Ende | |
| | Greg Taylor | |
| | 'scabezas@tlgdc.com' | |
| | tnayer@ncdoj.gov | |
| | Meislik, Alyse | |
| | douglas.swetnam@atg.in.gov | |
| | Jones, Dylan | |
| | Dilweg, Laura | Read: 4/25/2025 10:21 AM |
| | rsparko@ncdoj.gov | |
| | thomas.martindale@atg.in.gov | |
| | Erin.Leahy@OhioAGO.gov | |

Neil and Greg,

We confirm the State of Arizona received a notice from Defendants for a 30(b)(6) deposition in *State of Arizona, et al. v. Michael Lansky, dba Avid Telecom, et al.*, No. 4:23-cv-00233-TUC-CKJ (D. Ariz. 2023).

Without conceding that 30(b)(6) depositions are ever appropriate in a law enforcement action like this, we request an opportunity to meet and confer as we seek to narrow the scope of the topics listed in the notice.  We are concerned that the bulk of the topics seek my agency to disclose either the investigation it conducted that formed the basis for its complaint (e.g., attorney work product), or the discussions we had within our own agencies or with other law enforcement agencies, which are privileged.  We have previously raised similar objections that have not yet been addressed in Plaintiffs' responses to Defendants' First Request for Production of Documents (specifically in our responses to Requests 46 and 49).  If an agreement is reached on topics of testimony that are relevant and do not require my agency to either provide work product or divulge privileged communications, we will offer a witness who can appear and provide testimony.

Because this is a multistate case in which we are working collaboratively with other states who have appointed the Offices of the Attorney General for Indiana, Ohio, North Carolina, and our office as the Lead States in this matter, for administrative ease, please reply to the Leads copied on this email to let us know specific dates and times where you would be available for a meet and confer with the Lead and all states bringing state claims to which you issued a similar notice.

Thanks,
Sarah

1

**Sarah Pelton**
Assistant Attorney General
Antitrust & Privacy Unit



Arizona Attorney General Kris Mayes
2005 N. Central Ave.
Phoenix, AZ 85004
Desk: (602) 542-8018
Sarah.Pelton@azag.gov
http://www.azag.gov

---

**From:** Silsa Cabezas <scabezas@tlgdc.com>
**Sent:** Tuesday, April 22, 2025 1:38 PM
**To:** Consumer <Consumer@azag.gov>; Meislik, Alyse <Alyse.Meislik@azag.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Dilweg, Laura <Laura.Dilweg@azag.gov>; Pelton, Sarah <Sarah.Pelton@azag.gov>
**Cc:** tnayer@ncdoj.gov; Meislik, Alyse <Alyse.Meislik@azag.gov>; douglas.swetnam@atg.in.gov; Jones, Dylan <Dylan.Jones@azag.gov>; Dilweg, Laura <Laura.Dilweg@azag.gov>; michel.singernelson@coag.gov; Pelton, Sarah <Sarah.Pelton@azag.gov>; rsparko@ncdoj.gov; thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov; Neil Ende <nende@tlgdc.com>; Greg Taylor <gtaylor@telecomlawattorney.com>
**Subject:** AZ v Avid Telecom -Deposition Notice - 30b6 - State of Arizona (4-22-25)

Please see attached 30 (b)(6) deposition notice.

Please confirm receipt by return email. We ask that you designate and provide the name of a witness with knowledge, to testify on behalf of the State/Commonwealth as soon as possible and that you provide dates of availability in May and June.

Thank you.

TECHNOLOGY LAW GROUP
202.895.1707 (Office)
202.478.5074 (Facsimile)
scabezas@tlgdc.com

ATTORNEY-CLIENT PRIVILEGE/CONFIDENTIALITY NOTICE:  This message and any attachments may contain confidential information and may be ATTORNEY CLIENT PRIVILEGED AND/OR constitute ATTORNEY WORK PRODUCT and should not be shared with third parties.  This message is for use by the intended recipient(s) only. If you have received this email in error, do not read the contents and do not share with any third party.  Please notify the sender of the erroneous delivery immediately by reply email and promptly delete this message and all attachments from your system.

# Exhibit GG

**JEFF JACKSON**
Attorney General of North Carolina
TRACY NAYER (NC Bar No. 36964)
ROCHELLE SPARKO (NC Bar No. 38528)
North Carolina Department of Justice
P.O. Box 629
Raleigh, NC 27602
Phone:  (919) 716-6000
Fax:      (919) 716-6050
tnayer@ncdoj.gov
rsparko@ncdoj.gov

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, *ex rel*. Kristin K. Mayes, Attorney General, *et al.*, | CASE NO.:  4:23-cv-00233-CKJ |
| Plaintiffs, | **THE STATE OF NORTH CAROLINA, *EX REL.* JEFF JACKSON, ATTORNEY GENERAL'S RESPONSE TO DEFENDANTS MICHAEL D. LANSKY, LLC'S, DBA AVID TELECOM, MICHAEL D. LANSKY'S AND STACEY REEVES'S NOTICE OF RULE 30(B)(6) DEPOSITION** |
| v. | |
| Michael D. Lansky, L.L.C., dba Avid Telecom, *et al.*, | |
| Defendants. | |

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, the State of North Carolina, ex rel. Jeff Jackso (hereinafter, "the State of North Carolina") hereby responds and objects to Defendants Michael D. Lansky, LLC's, dba Avid Telecom, Michael D. Lansky's and Stacey Reeves's (collectively, "Defendants") Notice of 30(b)(6) Deposition (the "Notice").

## OBJECTIONS AND LIMITATIONS APPLICABLE TO DEFENDANTS' NOTICE

The following objections and limitations apply to and are incorporated in the State of North Carolina's specific objections and responses set forth below.

1.    The State of North Carolina objects to the Notice in its entirety on the grounds that it fails to specify the date and time of the 30(b)(6) deposition in violation of Rule 30(b)(1) of the Federal Rules of Civil Procedure.

2.    The State of North Carolina objects to the Notice in its entirety on the grounds that the Notice was improperly served, failing to name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity as required by Rule 30(b)(6) of the Federal Rules of Civil Procedure.

3.    The State of North Carolina objects to the Notice to the extent it seeks the disclosure of information and testimony protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, immunity or protection. Nothing contained in these objections or responses is intended to be, nor in any way shall deemed to be, a waiver of any such applicable privilege or immunity.

4.    The State of North Carolina objects to the Notice to the extent it seeks the disclosure of information and testimony that is not relevant to any party's claims or defenses and/or not proportional to the needs of the litigation.

5.    The State of North Carolina objects to the Notice to the extent it seeks information and testimony inconsistent with, or beyond the scope and requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of North Carolina further objects to the Notice to the extent it seeks to impose obligations in excess of or otherwise different from those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law.

6. The State of North Carolina objects to the Notice on the grounds that it fails to describe with reasonable particularity the matters and topics for examination.

7. The State of North Carolina objects to the Notice on the grounds that the matters and/or topics of deposition stated therein are vague, ambiguous, overbroad, unduly burdensome, cumulative, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation.

8. The State of North Carolina objects to the Notice to the extent it seeks the disclosure of information and testimony that is protected by the common interest privilege concerning privileged communications and materials shared between parties pursuant to a shared legal interest. Nothing contained in these objections or responses is intended to be, nor in any way shall deemed to be, a waiver of any such applicable privilege or immunity.

9. The State of North Carolina objects to the Notice to the extent it seeks the disclosure of information and testimony regarding the deliberative process, prosecutorial discretion, the law enforcement or investigations privilege, or other information that would improperly interfere with or undermine the administrative or regulatory functions of the State of North Carolina implicated by Defendants' Notice. Nothing contained in these objections or responses is intended to be, nor in any way shall deemed to be, a waiver of any such applicable privilege or immunity.

10. The State of North Carolina objects to the Notice to the extent it seeks sensitive information regarding any ongoing or past law enforcement investigations, informants, methodologies or practices for conducting investigations.

11. The State of North Carolina objects to the Notice to the extent it seeks legal analysis, legal theories or legal conclusions, or otherwise improper Rule 30(b)(6) deposition matters or topics, rather than factual information.

12. The State of North Carolina objects to the Notice to the extent it calls for information and testimony not within the possession, custody or control of the State of North Carolina.

13. The State of North Carolina objects to the Notice to the extent it requires any deponent to provide any information outside what is "known or reasonably available to the organization." While reserving all rights to object to and/or narrow any matters or topics for

3

examination, the State of North Carolina notes that the scope of information "known or reasonably available to the organization" should be limited to the North Carolina Department of Justice.

14.     The State of North Carolina objects to the Notice to the extent it seeks improper expert testimony and would require a designee to provide expert opinions and/or expert testimony requiring specialized or technical expertise falling under Fed. R. Civ. P. 26(a)(2). *See, e.g., United States v. HVI Cat Canyon, Inc*., Case No. CV 11-5097 FMO (SSX), 2016 WL 11683593, at *10 (C.D. Cal. Oct. 26, 2016).

15.     The State of North Carolina objects to the Notice to the extent it seeks information and testimony on behalf of any nonparty governmental branches, nonparty agencies, or nonparty divisions of State government for which the preparation of deposition testimony would violate Separation of Powers and the sovereignty of the State; and would be unduly prejudicial, impossible, and/or impracticable to provide or compel testimony on behalf of nonparties over whom the State of North Carolina has no control.

16.     The State of North Carolina objects to the Notice to the extent it seeks information and testimony reflecting confidential information, sensitive personal information, information about identifiable individuals, information that is protected by law or confidentiality agreements, or information from a non-Party. Responsive information, if discoverable, may be provided subject to the terms of the Protective Order entered by the Court, and the State of North Carolina reserves the right to seek additional protections beyond those provided in the Protective Order to the extent appropriate for any particularly sensitive information. The State of North Carolina may object to testimony altogether if its relevance is substantially outweighed by the risks associated with its disclosure in light of available protections.

17.     The State of North Carolina objects to the Notice to the extent it calls for information and testimony being provided or otherwise available to Defendants through written discovery, including but not limited to documents and communications produced in this litigation, contention interrogatories, or publicly available information. In such cases, the witness may respond to questions by referring the questioner to a written document or other information provided in this litigation.

18.     The State of North Carolina's objections and responses are made without waiving the right to object on any ground to the use of any testimony in any subsequent proceeding or trial of this or any other action; the right to object to a demand for further responses to this or any other discovery involving or related to the Notice; and the right at any time to revise, correct, add to, or clarify any or all of responses and objections.

19.     The State of North Carolina is willing to meet and confer regarding the Notice, and these responses and objections.

**SPECIFIC OBJECTIONS AND RESPONSES**

The State of North Carolina incorporates each of the foregoing objections and limitations into the specific objections and responses set forth below.

**TOPIC (a):**

The allegations of fact set forth in paragraphs 19-630 of the complaint.

**RESPONSE TO TOPIC (a):**

The State of North Carolina objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of North Carolina objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation. As phrased, this topic for examination implicates any and all conceivable matters related to paragraphs 19-630 of the Complaint, which grossly exceeds the scope of permitted Rule 30(b)(6) testimony. The State of North Carolina objects to this topic as it improperly seeks information that is already within the possession, control and/or custody of the Defendants, including but not limited to discovery already requested and/or provided to Defendants by Plaintiffs. The State of North Carolina objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure.  The State of

5

North Carolina objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of North Carolina does not have direct knowledge. The State of North Carolina objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of North Carolina objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of North Carolina further objects to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The State of North Carolina objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed using other written discovery requests less burdensome than oral deposition, *e.g.* contention interrogatories or requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C). The State of North Carolina directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production No. 1, 3, 4, 6-14, 19-22, 28, 41-44, dated February 7, 2025. The State of North Carolina will not provide testimony on this topic for examination. The State of North Carolina requests that Defendants withdraw this topic for examination. The State of North Carolina is willing to meet and confer regarding the Notice and its responses and objections thereto.

**TOPIC (b):**

The allegation in paragraph 89.gg of the Complaint that Avid Telecom routed more than 46,375 calls containing unlawful content to phone numbers with North Carolina area codes.

**RESPONSE TO TOPIC (b):**

The State of North Carolina objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of North Carolina objects to this topic for examination on the grounds that it is overbroad,

unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation. As phrased, this topic for examination implicates any and all conceivable matters related to paragraph 89.gg of the Complaint, which grossly exceeds the scope of permitted Rule 30(b)(6) testimony. The State of North Carolina objects to this topic as it improperly seeks information that is already within the possession, control and/or custody of the Defendants, including but not limited to discovery already requested which has been or will be produced by Plaintiffs upon the entry of the ESI protocol agreement and/or the completion of expert witness disclosures. The State of North Carolina objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of North Carolina further objects to this topic for examination on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The State of North Carolina objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of North Carolina does not have direct knowledge. The State of North Carolina objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of North Carolina objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of North Carolina further objects to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The State of North Carolina objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed through the use of other written discovery requests less burdensome than oral deposition, *e.g.* contention interrogatories or requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C). The State of North Carolina directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production Nos. 20 and 21, dated February 7, 2025.

1    The State of North Carolina will not provide testimony on this topic for examination. The

2    State of North Carolina requests that Defendants withdraw this topic for examination. The State

3    of North Carolina is willing to meet and confer regarding the Notice and its responses and

4    objections thereto.

5

6    **TOPIC (c):**

7

8    The specific allegations of fact set forth in paragraphs 564-567 of the complaint.

9    **RESPONSE TO TOPIC (c):**

10    The State of North Carolina objects to this topic for examination on the grounds that

11    it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any

12    reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The

13    State of North Carolina objects to this topic for examination on the grounds that it is overbroad,

14    unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation.

15    As phrased, this topic for examination implicates any and all conceivable matters related to

16    paragraphs 564-567 of the Complaint, which grossly exceeds the scope of permitted Rule 30(b)(6)

17    testimony. The State of North Carolina objects to this topic for examination on the grounds that it

18    seeks information and testimony protected by the attorney-client privilege, the attorney work

19    product doctrine, common interest privilege, deliberative process privilege, law enforcement and

20    investigations privileges and/or any other applicable privilege, immunity or protection against

21    disclosure.  The State of North Carolina objects to this topic for examination to the extent it seeks

22    testimony regarding all factual underpinnings or other materials about which the State of North

23    Carolina does not have direct knowledge. The State of North Carolina objects to this topic for

24    examination on the grounds that it seeks information and testimony that is personally sensitive or

25    otherwise confidential or protected information. The State of North Carolina objects to this topic

26    for examination on the grounds that it seeks information and testimony inconsistent with, and

27    beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence,

28    the Local Rules of the United States District Court for the District of Arizona, and other applicable

federal or state law. The State of North Carolina further objects to this topic for examination on

8

the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The State of North Carolina objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed using other written discovery requests, *e.g.* contention interrogatories or requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C). The State of North Carolina directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production No. 4- 6, 11-14, 17-18, 21-23, 25, 27- 28, 31-32, 35-36, 39-40, 42, and 44, dated February 7, 2025. The State of North Carolina will not provide testimony on this topic for examination. The State of North Carolina requests that Defendants withdraw this topic for examination. The State of North Carolina is willing to meet and confer regarding the Notice and its responses and objections thereto.

**TOPIC (d):**

Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

**RESPONSE TO TOPIC (d):**

Th State of North Carolina objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of North Carolina objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing and oppressive. The State of North Carolina objects to this topic for examination on the grounds that it seeks the disclosure of information and testimony that is not relevant to any party's claims or defenses and/or not proportional to the needs of the litigation. Whether the State of North Carolina has served requests for production on any third parties is irrelevant to the question of whether Defendants violated the law. To the extent Defendants believe this information has some marginal relevance to their defenses in this case, this topic for examination is still disproportional to the needs of the case considering the burden required to educate a witness on every request "of any kind" sent to "any third party" during an indeterminate

9

period of time. The State of North Carolina objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of North Carolina further objects to this topic for examination on the grounds that it is seeking information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The State of North Carolina objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of North Carolina  does not have direct knowledge. The State of North Carolina objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of North Carolina objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of North Carolina objects to this topic for examination on the grounds that it is not suited for oral testimony and directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production Nos. 1-14, 19, and 21, dated February 7, 2025.

The State of North Carolina will not provide testimony on this topic for examination. The State of North Carolina requests that Defendants withdraw this topic for examination. The State of North Carolina is willing to meet and confer regarding the Notice, and its responses and objections thereto.


**TOPIC (e):**

Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the complaint in the captioned case.

**RESPONSE TO TOPIC (e):**

The State of North Carolina objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of North Carolina objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing and oppressive. The State of North Carolina objects to this topic for examination on the grounds that it seeks the disclosure of information and testimony that is not relevant to any party's claims or defenses and/or is not proportional to the needs of the litigation. Whether the State of North Carolina has served requests for production on any third parties is irrelevant to the question of whether Defendants violated the law. To the extent Defendants believe this information has some marginal relevance to their defenses in this case, this topic for examination is still disproportional to the needs of the case considering the burden required to educate a witness on every request "of any kind" sent to "any third party" during an indeterminate time period. The State of North Carolina objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of North Carolina further objects to this topic for examination on the grounds that it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The State of North Carolina objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of North Carolina does not have direct knowledge. The State of North Carolina objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of North Carolina objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of North Carolina objects to this topic for examination on the grounds that it is not suited for oral testimony and directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production Nos. 1-14, 19, and 21, dated February 7, 2025.

The State of North Carolina will not provide testimony on this topic for examination. The State of North Carolina requests that Defendants withdraw this topic for examination. The State of North Carolina is willing to meet and confer regarding the Notice, and its responses and objections thereto.

**TOPIC (f):**

The person(s) associated with the North Carolina Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

**RESPONSE TO TOPIC (f):**

The State of North Carolina objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of North Carolina objects to this topic for examination as being impermissibly compound, as it includes at least three different and distinct topics for examination under a single heading. The State of North Carolina objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation, as the topic seeks broad swaths of information and testimony regarding subject matters beyond the actual claims or defenses in this case, like for instance the identity of a person(s) who might have reviewed a pleading. The State of North Carolina objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of North Carolina further objects to this topic for examination on the grounds that it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The State of North Carolina also objects to

this topic of examination as it seeks deposition testimony from the opposing counsel. The State of North Carolina objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of North Carolina objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of North Carolina further objects to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The State of North Carolina objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed using other written discovery requests, *e.g.* contention interrogatories and requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C).

The State of North Carolina will not provide testimony on this topic for examination. The State of North Carolina requests that Defendants withdraw this topic for examination. The State of North Carolina is willing to meet and confer regarding the Notice, and its responses and objections thereto.

        RESPECTFULLY SUBMITTED this 28th day of May 2025.

**FOR THE STATE OF NORTH CAROLINA:**

JEFF JACKSON
Attorney General for the State of North Carolina

/s/ Rochelle Sparko
TRACY NAYER
ROCHELLE SPARKO
Special Deputy Attorneys General
*Attorneys for the State of North Carolina*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2025, I caused the foregoing Response to Defendants Michale D. Lansky, LLC's dba Avid Telecom, Michael D. Lansky's and Stacey Reeves's Notice of Rule 30(b)(6) Deposition to be served by email upon counsel of record.

/s/*Rochelle Sparko*

Rochelle Sparko

# Exhibit HH

**Pelton, Sarah**

| | |
|---|---|
| **From:** | Neil Ende <nende@tlgdc.com> |
| **Sent:** | Tuesday, August 12, 2025 2:44 PM |
| **To:** | Erin Leahy; Greg Taylor |
| **Cc:** | Nayer, Tracy; Sparko, Rochelle; Martindale, Thomas L; Swetnam, Douglas; Dillon IV, John; Pelton, Sarah; Dilweg, Laura; Meislik, Alyse; Emily Dietz; Jones, Dylan; Katelyn Lee Phadke |
| **Subject:** | Re: CV 23-233 Arizona, et al., v Lansky, et al. |

Erin:

Greg meant 2612 *pages* of documents (he was referring to each page as a document).

There are 320 complete documents.

Look for an email from NextPoint with the Bates stamped version of these documents.

We are producing them as they appear in our file per the federal rules.

Neil S. Ende, Esq.
Managing Partner
Technology Law Group, LLC
*nende@tlgdc.com*
202-895-1707 (Office)
202-256-0120 (Mobile)
703-229-6741 PIN 854# (Voice Conference Bridge)

---

**From:** Erin Leahy <erin.leahy@OhioAGO.gov>
**Date:** Tuesday, August 12, 2025 at 5:12 PM
**To:** Neil Ende <nende@tlgdc.com>, Greg Taylor <gtaylor@tlgdc.com>
**Cc:** Nayer, Tracy <Tnayer@ncdoj.gov>, Sparko, Rochelle <rsparko@ncdoj.gov>, Martindale, Thomas L <Thomas.Martindale@atg.in.gov>, Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>, John Dillon (AZ AG) (John.DillonIV@azag.gov) <John.DillonIV@azag.gov>, Pelton, Sarah <Sarah.Pelton@azag.gov>, Dilweg, Laura <Laura.Dilweg@azag.gov>, Meislik, Alyse <Alyse.Meislik@azag.gov>, Emily Dietz <Emily.Dietz@OhioAGO.gov>, Dylan Jones (Dylan.Jones@azag.gov) <Dylan.Jones@azag.gov>, Katelyn Lee Phadke <Katelyn.LeePhadke@OhioAGO.gov>
**Subject:** FW: CV 23-233 Arizona, et al., v Lansky, et al.

Neil,

We have not received a "total of 2,612 documents" from Defendant Reeves. We have received 300.   Please send the production as you've represented to the Court.

Unlike your first production of 300 documents, we expect this production to be produced pursuant to the ESI Order, Bates numbered and the RPD to which each document is responsive should be identified.

Sincerely,



Erin B. Leahy
Senior Assistant Attorney General
Consumer Protection Section
Office of Ohio Attorney General Dave Yost
30 East Broad St., 14th Floor
Columbus, Ohio 43215

Office number: 614-752-4730
Erin.Leahy@OhioAGO.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

**From:** Neil Ende <nende@tlgdc.com>
**Sent:** Tuesday, August 12, 2025 4:53 PM
**To:** Elizabeth Jarecki <Elizabeth_Jarecki@azd.uscourts.gov>
**Cc:** Nayer, Tracy <Tnayer@ncdoj.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Sparko, Rochelle <rsparko@ncdoj.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Michel Singer Nelson <michel.singernelson@coag.gov>; Dillon IV, John <John.DillonIV@azag.gov>; Dilweg, Laura <ldilweg@azag.gov>; Pelton, Sarah <Sarah.Pelton@azag.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Emily Dietz <Emily.Dietz@OhioAGO.gov>; Greg Taylor <gtaylor@telecomlawattorney.com>; Martindale, Thomas L <Thomas.Martindale@atg.in.gov>; Greg Taylor <gtaylor@tlgdc.com>
**Subject:** Re: CV 23-233 Arizona, et al., v Lansky, et al.
**Importance:** High

## SENT ON BEHALF OF GREG TAYLOR (HE LOST POWER AT HIS OFFICE)

Ms. Jarecki:

Good afternoon.

As promised, below is our response to Plaintiff-AGs' known discovery disputes with Defendants.

*Please confirm receipt by return email.*

Both individual defendants have made a diligent effort to search for documents and produce them in a manner consistent with the Federal Rules of Civil Procedure and the parties' Court-approved ESI agreement.

As an initial matter, it is important that the Court keep in mind that both individual defendants are just that; indificual defendants.  They do not have any support staff and thus the work identifying and accessing documents is very personally time consuming and difficult.  This, of course is in stark contrast to the AG's who have a "cast of thousands" working on this case from nearly 50 states.  Yet, the truth is that there is not a wide gulf between the volume of documents produced by each side of the "v."

With that said, please be aware that, contrary to the impression that the Plaintiff's are trying to present, Defendant Reeves has uploaded a large number of documents that have been and are available for download

2

via our document management software's portal.   As of today, Defendant Reeves has uploaded a total of 2,612 documents.   Mrs. Reeves recently advised she has located additional documents responsive to Plaintiffs' Requests, and she will be sending then to counsel for review soon.  We expect to be in a position to move them to the portal later this week.

Defendants Mr. Lansky and Avid Telecom (i.e., again, Mr. Lansky) have returned from extended travel and he is completing searches for documents on his computer.  It is our understanding that there is very substantial overlap in his production, and Avid's, with Mrs. Reeves because it was standard practice for them to copy the other person on email.  Nonetheless all responsive documents that are not subject to withholding based on an applicable objection are being identified and all reasonable efforts are being used to expedite production.

Mr. Dillon states there are 27 Responses by Mr. Lansky to document requests that Mr. Lansky is refusing to produce documents.  Mr. Dillon's statement is not a correct reading of the response.  In none of those cases does Mr. Lansky state that he is refusing to respond.  He intends to respond.  The confusion apparently is the result of the fact that he inadvertently forgot to include the final sentence stating that notwithstanding the objection, a response will be provided.

There are nine Requests where Defendants are not now prepared to produce documents.  Those Requests related to circumstance in which there is a stated need to meet and confer to clarify, narrow, or otherwise restate those nine Requests and allow Defendants to understand what is being sought so that Defendants can commence their search for responsive documents.

Plaintiffs have offered several dates for a meet and confer on all outstanding issues.  Due to serious issues with the previous meet and confer, Defendants have asked (as have Plaintiffs) that the parties exchange meet and confer correspondence in order to have a clear record of the parties' respective positions.

With respect to Plaintiffs concern that certain documents were not Bates-stamped, I have determined that this was the byproduct of a software issue.  This issue has been corrected and Bates stamped documents are now available for download.

With respect to the manner of production, Defendants have produced documents in the manner in which they were maintained in accordance with the Federal Rules.

Finally, Defendants are aware Plaintiffs state there are technical deficiencies with the format of fewer than two dozen (of thousands) of files.  We consulted our document management vendor, and we are advised there is nothing that can be done to change or otherwise alter the format for these files at our end.  We are producing them in the only format we have them.  We note that many of the files are common graphics files which can be easily displayed on any computer, tablet, phone, or similar device, so, we do not understand the concern.  If Plaintiffs cannot view the files or they are aware of a way in which the format can be changed to facilitate review, we are pleased to listen.

To our knowledge, the foregoing are all of the issues Plaintiffs raise.   However, as explained, all issues have been resolved, or are in the process of being resolved, or we are waiting for Plaintiffs to initiate\respond.

As we will make the Court aware shortly, Defendants have asserted a far greater number of troubling objections to Defendants' discovery.  This conduct caused Defendants to send a 120-page meet and confer letter.  Among the serious issues are Plaintiffs' **wholesale refusal** to date to agree to designate a witness in response to any of the 30(b)(6) deposition notices issued by Defendants.  Perhaps, of even greater concern is that Plaintiff, apparently willfully, withheld the documents that they received in response to numerous subpoenas issued to financial institutions used by Mr. Lansky.  In all cases, we believe, that the withholding continued—despite repeated requests from Defendants for production—for at least two months and, in some cases three months.  And, we could go on an on.

Put as gently as possible, discovery disputes in this case are definitely not a one-way street.  The only difference is that Plaintiffs have been far more aggressive both in refusing to comply with their discovery

obligations and, ironically, in complaining to the Court. Defendants have chosen to be more respectful of the Court's resources, but our patience is nearing an end.

We remain available to address any remaining concerns.

Best,

Neil S. Ende, Esq.
Managing Partner
Technology Law Group, LLC
*nende@tlgdc.com*
202-895-1707 (Office)
202-256-0120 (Mobile)
703-229-6741 PIN 854# (Voice Conference Bridge)

---

**From:** Elizabeth Jarecki <Elizabeth_Jarecki@azd.uscourts.gov>
**Date:** Monday, August 11, 2025 at 6:03 PM
**To:** Greg Taylor <gtaylor@telecomlawattorney.com>, Martindale, Thomas L <Thomas.Martindale@atg.in.gov>, Neil Ende <nende@tlgdc.com>, Greg Taylor <gtaylor@tlgdc.com>
**Cc:** Nayer, Tracy <Tnayer@ncdoj.gov>, Erin Leahy <erin.leahy@OhioAGO.gov>, Sparko, Rochelle <rsparko@ncdoj.gov>, Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>, Michel Singer Nelson <michel.singernelson@coag.gov>, Dillon IV, John <John.DillonIV@azag.gov>, Dilweg, Laura <ldilweg@azag.gov>, Pelton, Sarah <Sarah.Pelton@azag.gov>, Jones, Dylan <Dylan.Jones@azag.gov>, Emily Dietz <Emily.Dietz@OhioAGO.gov>
**Subject:** RE: CV 23-233 Arizona, et al., v Lansky, et al.

Greg,
I have emailed Judge Jorgenson with the request for a referral to a magistrate judge for resolution of the discovery disputes. I will let her know of your intent to provide further info (and will forward any such info when I receive it), but I will inform counsel if she decides how she'd like proceed before your submission.
Elizabeth

---

**From:** Greg Taylor <gtaylor@telecomlawattorney.com>
**Sent:** Monday, August 11, 2025 2:57 PM
**To:** Elizabeth Jarecki <Elizabeth_Jarecki@azd.uscourts.gov>; Martindale, Thomas L <Thomas.Martindale@atg.in.gov>; Neil Ende <nende@tlgdc.com>; Greg Taylor <gtaylor@tlgdc.com>
**Cc:** Nayer, Tracy <Tnayer@ncdoj.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Sparko, Rochelle <rsparko@ncdoj.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Michel Singer Nelson <michel.singernelson@coag.gov>; Dillon IV, John <John.DillonIV@azag.gov>; Dilweg, Laura <ldilweg@azag.gov>; Pelton, Sarah <Sarah.Pelton@azag.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Emily Dietz <Emily.Dietz@OhioAGO.gov>
**Subject:** Re: CV 23-233 Arizona, et al., v Lansky, et al.

**CAUTION - EXTERNAL:**

Ms. Jarecki:

4

We are reviewing the files and will have a detailed response by COB tomorrow.

Best,
Greg Taylor

---

**From:** Elizabeth Jarecki <Elizabeth_Jarecki@azd.uscourts.gov>
**Date:** Monday, August 11, 2025 at 3:18 PM
**To:** "Martindale, Thomas L" <Thomas.Martindale@atg.in.gov>, Neil Ende <nende@tlgdc.com>, Greg Taylor <gtaylor@tlgdc.com>, Greg Taylor <gtaylor@telecomlawattorney.com>
**Cc:** "Nayer, Tracy" <Tnayer@ncdoj.gov>, Erin Leahy <erin.leahy@OhioAGO.gov>, "Sparko, Rochelle" <rsparko@ncdoj.gov>, "Swetnam, Douglas" <Douglas.Swetnam@atg.in.gov>, Michel Singer Nelson <michel.singernelson@coag.gov>, "Dillon IV, John" <John.DillonIV@azag.gov>, "Dilweg, Laura" <ldilweg@azag.gov>, "Pelton, Sarah" <Sarah.Pelton@azag.gov>, "Jones, Dylan" <Dylan.Jones@azag.gov>, Emily Dietz <Emily.Dietz@OhioAGO.gov>
**Subject:** RE: CV 23-233 Arizona, et al., v Lansky, et al.

Counsel,
Before I inquire how CKJ would like to proceed (e.g., briefs, telephonic hearing, or the requested referral to a magistrate judge), would someone please apprise me of the status of the dispute raised by the defense and discussed during the August 1, emails?
Thank you.

*Elizabeth*

Elizabeth J. Jarecki
Law Clerk to the Hon. Cindy K. Jorgenson

---

**From:** Martindale, Thomas L <Thomas.Martindale@atg.in.gov>
**Sent:** Monday, August 11, 2025 1:01 PM
**To:** Elizabeth Jarecki <Elizabeth_Jarecki@azd.uscourts.gov>; Neil Ende <nende@tlgdc.com>; Greg Taylor <gtaylor@tlgdc.com>; Greg Taylor <gtaylor@telecomlawattorney.com>
**Cc:** Nayer, Tracy <Tnayer@ncdoj.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Sparko, Rochelle <rsparko@ncdoj.gov>; Martindale, Thomas L <Thomas.Martindale@atg.in.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Michel Singer Nelson <michel.singernelson@coag.gov>; Dillon IV, John <John.DillonIV@azag.gov>; Dilweg, Laura <ldilweg@azag.gov>; Pelton, Sarah <Sarah.Pelton@azag.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Emily Dietz <Emily.Dietz@OhioAGO.gov>
**Subject:** Re: CV 23-233 Arizona, et al., v Lansky, et al.

CAUTION - EXTERNAL:

Good afternoon, Madam Clerk,

I am writing on behalf of the Plaintiff States to report on the status of discovery disputes addressed by the Court in Order (Dkt. #118). The Plaintiffs' discovery disputes remain unresolved as to the Defendants' responses to requests for

document production served on February 21 and March 6. Extensions were granted to May 2.  To date, Plaintiffs have not received sufficient responses and Defendants' are unresponsive on requests to meet and confer.

Considering on-going discovery issues in the above referenced matter, the Plaintiff States would like to request a referral to a Magistrate to conduct a Status Conference regarding several discovery disputes.  Please advise if our request should be made in a different manner.

Thank you for all your prior assistance regarding this matter and for your consideration of this request.

Tom Martindale

**Thomas Martindale**
Deputy Attorney General
Data Privacy & Identity Theft Unit
Consumer Protection Division
Office of Attorney General Todd Rokita
302 West Washington Street, IGCS 5th Floor
Indianapolis, IN 46204
p: (317)232-7751 │f: (317)232-7979
thomas.martindale@atg.in.gov

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

# Exhibit II

**1. Summary**

| | |
|---|---|
| Meeting title | State of AZ et al. v Avid Telecom et al. - Meet/Confer - Plaintiffs' Responses |
| Attended participants | 22 |
| Start time | 7/15/25, 2:11:27 PM |
| End time | 7/15/25, 3:03:37 PM |
| Meeting duration | 52m 9s |
| Average attendance time | 41m |

**2. Participants**

| Name | First Join | Last Leave | In-Meeting Duration | Email | Participant ID (UPN) | Role |
|---|---|---|---|---|---|---|
| Erin Leahy | 7/15/25, 2:12:23 PM | 7/15/25, 2:56:36 PM | 44m 12s | erin.leahy@OhioAGO.gov | erin.leahy@ohioago.gov | Organizer |
| Myszkowski, Gregory A. | 7/15/25, 2:12:26 PM | 7/15/25, 2:56:36 PM | 44m 9s | Gregory.Myszkowski@wisdoj.gov | myszkgapgn@doj.state.wi.us | Presenter |
| Samantha B. Feeley (External) | 7/15/25, 2:12:40 PM | 7/15/25, 2:56:35 PM | 43m 54s | SFeeley@ag.nv.gov | sfeeley@ag.nv.gov | Presenter |
| Lindblad, Christopher | 7/15/25, 2:12:45 PM | 7/15/25, 2:56:39 PM | 43m 54s | clindblad@nd.gov | clindblad@nd.gov | Presenter |
| Pelton, Sarah (External) | 7/15/25, 2:13:18 PM | 7/15/25, 2:56:35 PM | 43m 16s | Sarah.Pelton@azag.gov | SPelton@azag.gov | Presenter |
| Martindale, Thomas L (External) | 7/15/25, 2:13:19 PM | 7/15/25, 2:56:38 PM | 43m 19s | Thomas.Martindale@atg.in.gov | Thomas.Martindale@atg.in.gov | Presenter |
| Sparko, Rochelle (External) | 7/15/25, 2:13:22 PM | 7/15/25, 2:56:37 PM | 43m 15s | rsparko@NCDOJ.GOV | rsparko@NCDOJ.GOV | Presenter |
| Alex Carnevale | 7/15/25, 2:13:48 PM | 7/15/25, 2:56:34 PM | 42m 45s | acarnevale@riag.ri.gov | acarnevale@riag.ri.gov | Presenter |
| Swetnam, Douglas (External) | 7/15/25, 2:14:01 PM | 7/15/25, 2:56:40 PM | 42m 38s | Douglas.Swetnam@atg.in.gov | Douglas.Swetnam@atg.in.gov | Presenter |
| Zorba Leslie (WA AGO) (Unverified) | 7/15/25, 2:14:07 PM | 7/15/25, 2:56:34 PM | 42m 26s | | | Presenter |
| Greg Taylor | 7/15/25, 2:14:34 PM | 7/15/25, 2:56:35 PM | 42m | | | Presenter |
| Timothy Lundgren | 7/15/25, 2:14:36 PM | 7/15/25, 2:56:38 PM | 42m 2s | Timothy.Lundgren@doj.ca.gov | Timothy.Lundgren@doj.ca.gov | Presenter |
| Henry Johnson | 7/15/25, 2:15:14 PM | 7/15/25, 2:56:37 PM | 41m 23s | Henry.Johnson@myfloridalegal.com | Henry.Johnson@myfloridalegal.com | Presenter |
| Dillon IV, John (External) | 7/15/25, 2:15:15 PM | 7/15/25, 2:56:36 PM | 41m 21s | John.DillonIV@azag.gov | JDillon@azag.gov | Presenter |
| Raisbeck, Nicole A - DATCP (External) | 7/15/25, 2:15:17 PM | 7/15/25, 2:56:35 PM | 41m 17s | Nicole.Raisbeck@wisconsin.gov | Nicole.Raisbeck@wisconsin.gov | Presenter |
| Goldis, Glenna | 7/15/25, 2:15:22 PM | 7/15/25, 2:56:35 PM | 41m 13s | Glenna.Goldis@ag.ny.gov | Glenna.Goldis@ag.ny.gov | Presenter |
| Michelle C. Badorine (External) | 7/15/25, 2:16:04 PM | 7/15/25, 2:56:36 PM | 40m 31s | mbadorine@ag.nv.gov | mbadorine@ag.nv.gov | Presenter |
| Ziperman, Philip (External) | 7/15/25, 2:16:10 PM | 7/15/25, 2:56:37 PM | 40m 25s | pziperman@oag.state.md.us | pziperman@oag.state.md.us | Presenter |
| Nayer, Tracy (External) | 7/15/25, 2:16:40 PM | 7/15/25, 2:56:37 PM | 39m 56s | Tnayer@ncdoj.gov | Tnayer@NCDOJ.GOV | Presenter |
| Miles Vaughn | 7/15/25, 2:31:04 PM | 7/15/25, 2:56:36 PM | 25m 31s | Miles.Vaughn@myfloridalegal.com | Miles.Vaughn@myfloridalegal.com | Presenter |
| Alm, Elin S. | 7/15/25, 2:31:33 PM | 7/15/25, 3:03:37 PM | 32m 4s | ealm@nd.gov | ealm@nd.gov | Presenter |
| Perez, Rosailda (CA) (Unverified) | | 7/15/25, 2:56:38 PM | 40m 31s | | | Presenter |

**3. In-Meeting Activities**

| Name | Join Time | Leave Time | Duration | Email | Role |
|---|---|---|---|---|---|
| Erin Leahy | 7/15/25, 2:12:23 PM | 7/15/25, 2:56:36 PM | 44m 12s | erin.leahy@OhioAGO.gov | Organizer |
| Myszkowski, Gregory A. | 7/15/25, 2:12:26 PM | 7/15/25, 2:56:36 PM | 44m 9s | Gregory.Myszkowski@wisdoj.gov | Presenter |
| Samantha B. Feeley (External) | 7/15/25, 2:12:40 PM | 7/15/25, 2:56:35 PM | 43m 54s | SFeeley@ag.nv.gov | Presenter |
| Lindblad, Christopher | 7/15/25, 2:12:45 PM | 7/15/25, 2:56:39 PM | 43m 54s | clindblad@nd.gov | Presenter |
| Pelton, Sarah (External) | 7/15/25, 2:13:18 PM | 7/15/25, 2:56:35 PM | 43m 16s | Sarah.Pelton@azag.gov | Presenter |
| Martindale, Thomas L (External) | 7/15/25, 2:13:19 PM | 7/15/25, 2:56:38 PM | 43m 19s | Thomas.Martindale@atg.in.gov | Presenter |
| Sparko, Rochelle (External) | 7/15/25, 2:13:22 PM | 7/15/25, 2:56:37 PM | 43m 15s | rsparko@NCDOJ.GOV | Presenter |
| Alex Carnevale | 7/15/25, 2:13:48 PM | 7/15/25, 2:56:34 PM | 42m 45s | acarnevale@riag.ri.gov | Presenter |
| Swetnam, Douglas (External) | 7/15/25, 2:14:01 PM | 7/15/25, 2:56:40 PM | 42m 38s | Douglas.Swetnam@atg.in.gov | Presenter |
| Zorba Leslie (WA AGO) (Unverified) | 7/15/25, 2:14:07 PM | 7/15/25, 2:56:34 PM | 42m 26s | | Presenter |
| Greg Taylor | 7/15/25, 2:14:34 PM | 7/15/25, 2:56:35 PM | 42m | | Presenter |
| Timothy Lundgren | 7/15/25, 2:14:36 PM | 7/15/25, 2:56:38 PM | 42m 2s | Timothy.Lundgren@doj.ca.gov | Presenter |
| Henry Johnson | 7/15/25, 2:15:14 PM | 7/15/25, 2:56:37 PM | 41m 23s | Henry.Johnson@myfloridalegal.com | Presenter |
| Dillon IV, John (External) | 7/15/25, 2:15:15 PM | 7/15/25, 2:56:36 PM | 41m 21s | John.DillonIV@azag.gov | Presenter |
| Raisbeck, Nicole A - DATCP (External) | 7/15/25, 2:15:17 PM | 7/15/25, 2:56:35 PM | 41m 17s | Nicole.Raisbeck@wisconsin.gov | Presenter |
| Goldis, Glenna | 7/15/25, 2:15:22 PM | 7/15/25, 2:56:35 PM | 41m 13s | Glenna.Goldis@ag.ny.gov | Presenter |
| Michelle C. Badorine (External) | 7/15/25, 2:16:04 PM | 7/15/25, 2:56:36 PM | 40m 31s | mbadorine@ag.nv.gov | Presenter |
| Ziperman, Philip (External) | 7/15/25, 2:16:10 PM | 7/15/25, 2:56:37 PM | 40m 25s | pziperman@oag.state.md.us | Presenter |
| Nayer, Tracy (External) | 7/15/25, 2:16:40 PM | 7/15/25, 2:56:37 PM | 39m 56s | Tnayer@ncdoj.gov | Presenter |
| Miles Vaughn | 7/15/25, 2:31:04 PM | 7/15/25, 2:56:36 PM | 25m 31s | Miles.Vaughn@myfloridalegal.com | Presenter |
| Alm, Elin S. | 7/15/25, 2:31:33 PM | 7/15/25, 3:03:37 PM | 32m 4s | ealm@nd.gov | Presenter |
| Perez, Rosailda (CA) (Unverified) | | 7/15/25, 2:16:07 PM | | | Presenter |
| Perez, Rosailda (CA) (Unverified) | | 7/15/25, 2:16:07 PM | | | Presenter |
| Perez, Rosailda (CA) (Unverified) | 7/15/25, 2:16:07 PM | 7/15/25, 2:56:38 PM | 40m 31s | | Presenter |

# Exhibit JJ

**Pelton, Sarah**

| | |
|---|---|
| **From:** | Erin Leahy <erin.leahy@OhioAGO.gov> |
| **Sent:** | Friday, July 18, 2025 11:30 AM |
| **To:** | Greg Taylor |
| **Cc:** | Tracy Nayer; Martindale Thomas L; Swetnam Douglas; Singer Nelson Michel; Sparko Rochelle; Dilweg, Laura; Pelton, Sarah; Meislik, Alyse; Jones, Dylan; Trombley, Nikki; Neil Ende; Dillon IV, John |
| **Subject:** | RE: [AZ v. Avid Telecom] meet and confer |

Greg,

Your attempt to establish a false record concerning the July 15 meet and confer is wholly without merit and expressly rejected by Plaintiffs. To be clear, at no time during the meet and confer did Plaintiffs' counsel engage in any conduct that could be considered "disturbing".  At no time did any Plaintiffs counsel "refuse to engage in a substantive manner" as described in the letter from Mr. Ende dated July 17. In fact, it was quite the opposite. You appeared wholly unprepared to discuss all or even a majority of your disputes. We repeatedly urged you to identify your disputes for discussion as we had all convened at your request prepared to discuss Plaintiffs' responses.  We did object to your lack of preparation or unwillingness to discuss your disputes at the meet-and-confer that you requested and expressed our unwillingness to convene again on these same topics.

Plaintiffs duly appeared for your requested meet confer regarding Defendants' interrogatories (which Defendants have never actually propounded), requests for admissions, requests for production, and 30(b)(6) deposition notices. Prior to the meeting, you represented - multiple times - that you would provide an outline of the disputes to be discussed; however, no such outline was ever provided. Rather, you instructed Plaintiffs' counsel to be prepared to review "all" responses and even insisted that you would need 2-3 hours to go through each response.  Despite your misrepresentations on providing a written outline of your disputes in advance of the meeting, 21 attorneys representing the Lead Plaintiff States, and the Plaintiff States with State law claims, attended the meet and confer in good faith, prepared to address **"all"** plaintiff responses as you insisted.

The meet and confer was ultimately unproductive due to your inability to identify your disputes or articulate any substantive positions, cite any legal authority, or meaningfully engage on any issues.

Additionally, we note that despite numerous emails from Mr. Ende demanding that counsel for all "50" Plaintiffs appear for this meet and confer, he failed to attend.

We have further memorialized in detail below, the specific topics that were covered:

- Defense counsel's demands regarding attendance of all Plaintiff States at meet and confers:

    o Plaintiffs with state law claims objected to defense counsel's general demand that all Plaintiffs attend all meet and confer despite having designated the Lead Plaintiff States to represent their interests and requested legal justification for demanding such attendance;

    o You failed to provide any legal justification for the demand that all Plaintiffs attend each meet and confer;

- o Plaintiffs underscored that designating Lead Plaintiffs to represent a voluminous number of parties is common and widely accepted by Courts, and that while all Plaintiffs will participate/respond to discovery as necessary/required, attendance at any future meet-and-confers would only be attended by the Lead Plaintiff States;

- o After much discussion, you stated that, with your understanding that attendance at the meet-and-confers has no bearing on all Plaintiffs' participation in the litigation, you would cease insisting on the attendance of any non-lead Plaintiff States at any future meet and confers.

- 30(b)(6) depositions

  - o You raised no disputes regarding Plaintiffs' written responses and objections to the topics listed in the deposition notices;

  - o You stated that Defendants intend to file a motion to revise the scheduling order to allow Defendants to depose all the Plaintiff states, indicating it was Defendants' "right to confront their accusers."

  - o Plaintiffs objected to amending the scheduling order based on this unsupported assertion, noting that this topic was already discussed in the context of the Rule 26 discovery plan and rejected by the Court with the issuance of the current Case Scheduling Order;

  - o You asked if any state would consent to appear for Rule 30(b)(6) depositions. No states agreed and stood on the objections already provided in writing to the topics identified, and in addition stated that there are less burdensome methods of discovery on the identified topics that should be pursued first rather than requiring Plaintiffs to be subjected to a deposition.

- RFPs

  - o Despite instructing Plaintiffs to be prepared to discuss your disputes with Plaintiffs' objections to "all" RFPs, you indicated that your only disputes related to responses where Plaintiffs indicated their intention to withhold documents (RFPs 46, 47, 49 and 50);

    - ▪ As to RFPs 46 and 49, you objected to Plaintiffs' withholding non-privileged documents. Plaintiffs directed you to the language in the response to RFPs 46 and 49, which clearly states that Plaintiffs _**will**_ produce non-privileged documents. Accordingly, this dispute was resolved;

    - ▪ As to RFPs 47 and 50, which request documents identifying who made the decision to participate in the civil action, you objected to Plaintiffs' withholding documents on the basis of relevancy. We explained that the ultimate decision-makers are the Attorneys General and requested an explanation as to why Defendants would find further detail about who was involved in the decision-making to be relevant to any of the claims or defenses that are before the Court. You provided no supporting argument as to how those records would be relevant to the current claims or defenses and agreed that no document production was necessary, and this matter was resolved.

2

      ○   You indicated that if documents were being withheld based on any privilege objection, that a privilege log is required and asked when it would be provided. We directed your attention to the recently-issued ESI protocol (July 10, 2025), which addresses procedures regarding the privilege log. We indicated that, if/where necessary, we would produce that information pursuant to the ESI order.

- RFAs

      ○   Despite instructing Plaintiffs to be prepared to discuss your disputes with Plaintiffs' objections to all the RFAs, you were not prepared to discuss any of Defendants' disputes.

      ○   Plaintiffs objected, indicating that Plaintiffs came prepared to discuss all of our responses, as you instructed and urged you to provide information on your disputes. You declined.

Sincerely,



Erin B. Leahy
Senior Assistant Attorney General
Consumer Protection Section
Office of Ohio Attorney General Dave Yost
30 East Broad St., 14th Floor
Columbus, Ohio 43215

Office number: 614-752-4730
Erin.Leahy@OhioAGO.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

**From:** Greg Taylor <gtaylor@tlgdc.com>
**Sent:** Wednesday, July 16, 2025 1:39 PM
**To:** Erin Leahy <erin.leahy@OhioAGO.gov>
**Cc:** Tracy Nayer <Tnayer@ncdoj.gov>; Martindale Thomas L <Thomas.Martindale@atg.in.gov>; Swetnam Douglas <douglas.swetnam@atg.in.gov>; Singer Nelson Michel <michel.singernelson@coag.gov>; Sparko Rochelle <rsparko@ncdoj.gov>; Dilweg, Laura <Laura.Dilweg@azag.gov>; Pelton, Sarah <Sarah.Pelton@azag.gov>; Meislik, Alyse <Alyse.Meislik@azag.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Trombley, Nikki <Nikki.Trombley@azag.gov>; Neil Ende <nende@tlgdc.com>; Dillon IV, John <John.DillonIV@azag.gov>
**Subject:** [AZ v. Avid Telecom] meet and confer

Erin:

Based on the disturbing manner in which Plaintiffs' counsel interacted during what was supposed to be a meet and confer discussion yesterday—which effectively precluded a meaningful discussion of our meet and confer issues—you are advised that we will be sending a

comprehensive written meet and confer letter today or tomorrow setting forth the issues that we intended to discuss.

We do not believe a further telephonic meet and confer will be fruitful.  Accordingly, at least for the next round of discussions, we ask that you respond to each issue in the meet and confer letter in writing.

Hopefully, that engagement will narrow the issue sufficiently such that any remaining issue(s) can be effectively resolved in a short call (or the subject of a motion to compel).

Please confirm your receipt of this email.

Thank you.

Best,
Greg

Greg Taylor, of Counsel
Technology Law Group, LLC
80 E. Fifth St. **|** Second Floor **|** Edmond, OK 73034
T: +1 405.896.2266 **|** F: +1 405.701.6174
gtaylor@tlgdc.com **|** Linkedin: Greg Taylor **|** Twitter: @telcoatty






# Exhibit KK

**Pelton, Sarah**

| | |
|---|---|
| **From:** | Greg Taylor <gtaylor@tlgdc.com> |
| **Sent:** | Wednesday, July 16, 2025 10:39 AM |
| **To:** | Erin Leahy |
| **Cc:** | Tracy Nayer; Martindale Thomas L; Swetnam Douglas; Singer Nelson Michel; Sparko Rochelle; Dilweg, Laura; Pelton, Sarah; Meislik, Alyse; Jones, Dylan; Trombley, Nikki; Neil Ende; Dillon IV, John |
| **Subject:** | [AZ v. Avid Telecom] meet and confer |

Erin:

Based on the disturbing manner in which Plaintiffs' counsel interacted during what was supposed to be a meet and confer discussion yesterday—which effectively precluded a meaningful discussion of our meet and confer issues—you are advised that we will be sending a comprehensive written meet and confer letter today or tomorrow setting forth the issues that we intended to discuss.

We do not believe a further telephonic meet and confer will be fruitful.  Accordingly, at least for the next round of discussions, we ask that you respond to each issue in the meet and confer letter in writing.

Hopefully, that engagement will narrow the issue sufficiently such that any remaining issue(s) can be effectively resolved in a short call (or the subject of a motion to compel).

Please confirm your receipt of this email.

Thank you.

Best,
Greg

Greg Taylor, of Counsel
Technology Law Group, LLC
80 E. Fifth St. | Second Floor | Edmond, OK 73034
T: +1 405.896.2266 | F: +1 405.701.6174
gtaylor@tlgdc.com | Linkedin: Greg Taylor | Twitter: @telcoatty




1

# Exhibit LL

Technology Law Group, L.L.C.<sup>SM</sup>
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC  20015
———
202-895-1707
FACSIMILE 202-478-5074
EMAIL nende@tlgdc.com

NEIL S. ENDE, ESQ.

July 17, 2025

***Via Email***
***(erin.leahy@OhioAGO.gov)***

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
30 East Broad Street
14th Floor
Columbus, Ohio 43215

                         *Re:*    *State of Arizona ex rel. v. Avid Telecom*
                                   Case 4:23-cv-00233-EJM

                                   *Initial Meet & Confer Letter*

Ms. Leahy/Attorneys' General:

      This email constitutes Defendants' written identification of Meet and Confer issues arising as a result of Plaintiffs' Responses to Defendants' First Requests for Documents, First Request for Admission, and its Notices of Deposition Pursuant to FRCP Rule 30(b)(6).  We view the delivery of this written Meet and Confer letter necessary given Plaintiffs' abusive and dismissive refusal to engage in a substantive manner with Mr. Taylor in the meet and confer call that occurred yesterday.

      As Plaintiffs have produced very few documents to date, Defendants' reserve the right to supplement all portions this Meet & Confer, as appropriate, once full production is made and our review is completed.  Given the volume of objections, it is impossible to address them all here.  This letter addresses the most critical improprieties.  Defendants reserve the right to object to other objections if as necessary to ensure that full production is made.

**Technology Law Group, L.L.C. **<sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 2 of 139

## <u>General Meet and Confer Issues</u>

<u>Boilerplate Objections</u>.  Plaintiffs' repetitious application of boilerplate objections that are either irrelevant to the Request posed and/or fail to meet the requirements of the federal rules are improper.  For example, Plaintiffs assert a boilerplate objection of "overly broad and unduly burdensome" at least 50 times, relevance at least 30 times and vague and ambiguous at least 25 times.  The caselaw underlying FRCP 34 is clear the party asserting a burden objection cannot simply use boilerplate language like "unduly burdensome". Rather, the party must provide factual support demonstrating the nature and extent of the burden in relation to the specific discovery request including details identifying the resources required, the cost involved, or the time it would take to comply. In addition, the party asserting the objection is required to clarify the acceptable scope of each objectionable request and to indicate what will be produced within those limits. *See* e.g., *Fischer v. Forrest*, 14 Civ. 1304 (PAE) (AJP), 2017 WL 128705 (S.D.N.Y. Feb. 28, 2017), and *Leibovitz v. City of New York*, 2017 WL 462515 (S.D.N.Y. Jan. 31, 2017). In no case does the objection provide any of the specificity required by the caselaw interpreting the requirements of the federal rules and thus all of the objections violate the requirements of the federal rules. In each instance where Plaintiffs have withheld responsive document on the basis of a boilerplate and unsupported objection based on breadth, vagueness and/or relevance, the objection should be ignored ass improper and responsive documents must be provided.

<u>Improper Privilege Objections</u>.  Plaintiffs' repetitious application of boilerplate objections based on a claim of privilege also fail to meet the requirements of the federal rules are improper.  Plaintiffs assert an objection based on privilege, in several forms, at least 20 times.  FRCP 26(b)(5)(A)(ii) requires a party withholding information based on a claimed privilege to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." *See* e.g., *In re Bard IVC Filters Prods. Liab. Litig.*, MDL 2:12-md-02387-PHX-DGC (D. Ariz.), and United States v. First Nat'l Bank of Ariz., No. CV-07-8039-PHX-SMM (D. Ariz. 2008) Plaintiffs' privilege objections fail to come close to meeting this standard. Plaintiffs also fail to provide a compliant privilege log.  The assertion of a privilege cannot stand without providing a privilege log.  In each instance where a privilege has been

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 3 of 139

asserted, Plaintiffs' withholding of responsive document on the basis of a claimed privilege is improper and responsive documents must be provided.

    <u>Objections Based on Time</u>.  Defendants seek documents that were created and/or which refer to or relate to events which occurred on or after the first date on which any call which is the subject of the Complaint was allegedly transited by Defendants through the end of July 2023.

## **Specific Meet and Confer Issues**

### **Defendants' First Requests for Documents**:

**Document Request 1:**

Please produce all **Civil Investigative Demands** issued by any **Lead Plaintiff State** to any **Person** that refers to or relates to any Defendant and/or the telecommunications services provided by any Defendant.

**Response:**

Plaintiffs object to the Request as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the service provided by the Defendants.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome, calling for information beyond the scope of any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. This request is not reasonably limited in scope in relation to the subject matter of this case and calls for irrelevant information that would be unduly burdensome to produce.

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs define "relating to" to mean "directly concerning."

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 4 of 139

Plaintiffs object to Defendants' definition of "Civil Investigative Demand" or "CID" as a "discovery" tool. The authority of any responding Plaintiff to issue a civil investigative demand varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). Civil investigative demands are thus law enforcement-related pre-suit investigative tools, as opposed to discovery issued after litigation has commenced pursuant to state or federal rules of civil procedure.

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation. Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to include a temporal limitation.

Plaintiffs object to the Request to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

**Meet and Confer Issue(s):**

> Objection based on alleged absence of definition of "telecommunications". Plaintiffs' objection that the term "telecommunications service is not adequately defined is disingenuous in the extreme. Plaintiffs' Complaint relies on the application and interpretation (often misguided or false) of the Communications Act of 1934 as amended. 47 U.S. Code § 153(50) (Definitions) defines telecommunications as, "the transmission, between or among points specified by the user, of information

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 5 of 139

of the user's choosing, without change in the form or content of the information as sent and received." Demand is made that this objection be withdrawn and that a complete response be provided based on this well-established definition. **Please confirm your production will be based on the application of this definition.** If all CIDs are not produced, Defendants will be entitled to an Order precluding the use of any data obtained through the CID process.

<u>Objection based on breadth and burden.</u> Fails for lack of required specificity and content (*See* General Objections above). This objection is also absurd on its face as it is well known *and Plaintiffs have admitted* the data used to support the Complaint was obtained, at least in part, through the CID process. Defendants are clearly entitled to receive all CIDs used to collect these data and there is no reason to believe producing them would be unduly burdensome as Plaintiffs were the source of each CID. Given Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face. If all CIDs are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the CID process.

<u>Unilateral application of self-serving definition</u>. Defendants' definitions of all relevant terms are reasonable, or the definitions of those terms are well established. Plaintiff must respond to this request applying those definitions, not its own.

<u>Objection based on custody and control</u>. Plaintiffs have failed to identify any instance in which a CID or the related data production is not within the custody and control of Defendants and thus the objection fails to provide the required specificity. As Plaintiffs are well aware and have admitted, much of the data used to support the Complaint was obtained, at least in part, through CIDs they know were not delivered to Defendants. Indeed, on information and belief, many of those CIDs contained language precluding the recipient from disclosing to any third party. Thus, Plaintiffs objection is disingenuous on its face. If all CIDs are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the CID process.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 6 of 139

**Document Request 2:**

Please produce all **Documents** that refer to, relate to or constitute notice by any **Lead Plaintiff State** to any Defendant that a **Civil Investigative Demand** seeking documents that refer to or relate to any Defendant was to be or had been issued.

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the term "refer or relate to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs define "relating to" to mean "directly concerning."

Plaintiffs object to Defendants' definition of "Civil Investigative Demand" or "CID" as a "discovery" tool. The authority of any responding Plaintiff to issue a civil investigative demand varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). Civil investigative demands are thus law enforcement-related pre-suit investigative tools, as opposed to discovery issued after litigation has commenced pursuant to state or federal rules of civil procedure.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation. Plaintiffs object to this Request because materials that constitute notice to any Defendant that a Civil Investigation Demand is to be

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 7 of 139

issued are not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Request to the extent it seeks any internal materials concerning internal deliberations and communications with other law enforcement regarding the issuance of Civil Investigation Demands because such information concerns legal conclusions are protected opinion work product and protected by the attorney work product privilege, joint prosecution/common interest privilege, and law enforcement prosecutorial privilege.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs have no responsive documents as the statute or rules under which civil investigative demands were issued have no general or specific requirements to provide any type of notice to the Person that is the subject of the demand.

**Meet and Confer Issue(s):**

Objection based on breadth and burden. Fails for lack of required specificity and content (*See* General Objections above). This objection is also absurd on its face as it is well known and Plaintiffs have admitted that the data used to support the Complaint was obtained, at least in part, through the CID process. Defendants are clearly entitled to receive all CIDs that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each CID. Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face. If all CIDs are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the CID process.

Unilateral application of self-serving definition. Defendants' definitions of all relevant terms are reasonable, or the definitions of those terms are well established.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 8 of 139

> Plaintiff must respond to this request applying those definitions, not its own. Please confirm that your production will be based on the application of Defendants' definition.

**Document Request 3:**

Please produce all **Documents** that were produced or otherwise provided by any third party in response a **Civil Investigative Demand** issued by any **Lead Plaintiff State** that refers to or relates to any Defendant and/or the telecommunications services provided by any Defendant.

**Response:**

Plaintiffs object to the Request, as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the services provided by the Defendants.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs define "relating to" to mean "directly concerning."

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to Defendants' definition of "Civil Investigative Demand" or "CID" as a "discovery" tool. The authority of any responding State to issue a civil investigative demand varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). Civil investigative demands are thus law enforcement-related pre-suit investigative tools,

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 9 of 139

as opposed to discovery issued after litigation has commenced pursuant to state or federal rules of civil procedure.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following entry of a protective order.

**Meet and Confer Issue(s):**

<u>Objection based on alleged absence of definition of "telecommunications"</u>. Plaintiffs' objection that the term "telecommunications service is not adequately defined is disingenuous in the extreme. Plaintiffs' Complaint relies on the application and interpretation (often misguided or false) of the Communications Act of 1934 as amended. 47 U.S. Code § 153(50) (Definitions) defines telecommunications as, "the transmission, between or among points specified by the user, of information of the user's choosing, without change in the form or content of the information as sent and received." Please confirm that your production will be based on the application of this definition.

<u>Unilateral application of self-serving definition</u>. Defendants' definitions of all relevant terms are reasonable, or the definitions of those terms are well established. Please confirm that your production will be based on the application of Defendants' definition.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 10 of 139

<u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  This objection is also absurd on its face as it is well known and Plaintiffs have admitted that the data used to support the Complaint was obtained, at least in part, through the CID process.  Defendants are clearly entitled to receive all CIDs that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each CID.  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face.  If all CIDs are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the CID process.

**Document Request 4:**

Please produce all **Civil Investigative Demands** issued by any **State Law Action State** to any **Person** that refers to or relates to any Defendant and/or the telecommunications services provided by any Defendant.

**Response:**

Plaintiffs object to the Request as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the services provided by the Defendants.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome, calling for information beyond the scope of any claim or defense in this matter or reasonably calculated to lead to the discover of admissible evidence. This request is not reasonably limited in scope in relation to the subject matter of this case and calls for irrelevant information that would be unduly burdensome to produce.

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 11 of 139

Plaintiffs define "relating to" to mean "directly concerning."

Plaintiffs object to Defendants' definition of "Civil Investigative Demand" or "CID" as a "discovery" tool. The authority of any responding State to issue a civil investigative demand varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). Civil investigative demands are thus law enforcement-related pre-suit investigative tools, as opposed to discovery issued after litigation has commenced pursuant to the state or federal rules of civil procedure.

Plaintiffs object to extent that "State Law Action States" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to include a temporal limitation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

**Technology Law Group, L.L.C.** ^SM^

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 12 of 139

**Meet and Confer Issue(s):**

> Objection based on alleged absence of definition of "telecommunications". Plaintiffs' objection that the term "telecommunications service is not adequately defined is disingenuous in the extreme. Plaintiffs' Complaint relies on the application and interpretation (often misguided or false) of the Communications Act of 1934 as amended. 47 U.S. Code § 153(50) (Definitions) defines telecommunications as, "the transmission, between or among points specified by the user, of information of the user's choosing, without change in the form or content of the information as sent and received." Please confirm that your production will be based on the application of this definition.

> Unilateral application of self-serving definition. Defendants' definitions of all relevant terms are reasonable, or the definitions of those terms are well established. Plaintiff must respond to this request applying those definitions, not its own. Please confirm that your production will be based on the application of Defendants' definition.

> Objection based on breadth and burden. Fails for lack of required specificity and content (*See* General Objections above). This objection is also absurd on its face as it is well known and Plaintiffs have admitted that the data used to support the Complaint was obtained, at least in part, through the CID process. Defendants are clearly entitled to receive all CIDs that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each CID. Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face. If all CIDs are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the CID process.

> Objection based on custody and control. Plaintiffs have failed to identify any instance in which a CID is within the custody and control of Defendants and thus the objection fails to provide the required specificity. As Plaintiffs are well aware and have admitted, much of the data used to support the Complaint was obtained, at

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 13 of 139

least in part, through CIDs that they know were not delivered to Defendants. Indeed, on information and belief, many of those CIDs contained language precluding the recipient from disclosing to any third party. Thus, Plaintiffs objection is disingenuous on its face. If all CIDs are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the CID process.

**Document Request 5:**

Please produce all **Documents** that refer to, relate to or constitute notice by any **State Law Action State** to any Defendant that a **Civil Investigative Demands** seeking documents that refer to or relate to any Defendant was to be or had been issued.

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the term "refer to, relate to or constitute" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiff defines "relating to" to mean "directly concerning."

Plaintiffs object to Defendants' definition of "Civil Investigative Demand" or "CID" as a "discovery" tool. The authority of any responding State to issue a civil investigative demand varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). Civil investigative demands are thus law enforcement-related pre-suit investigative tools, as opposed to discovery issued after litigation has commenced pursuant to state or federal rules of civil procedure.

Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

Plaintiffs object to extent that "State Law Action State" is not limited to Persons acting within the scope of the subject matter of this litigation.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 14 of 139

Plaintiffs object to this Request because materials that constitute notice to any Defendant that a Civil Investigation Demand is to be issued are not relevant to any claim or defense in this matter nor is it reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Request to the extent it seeks any internal materials concerning internal deliberations and communications with other law enforcement regarding the issuance of Civil Investigation Demands because such information concerns legal conclusions are protected opinion work product and protected by the attorney work product privilege, joint prosecution/common interest privilege, and law enforcement prosecutorial privilege.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to include a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs have no responsive documents as the statute or rules under which civil investigative demands were issued have no general or specific requirements to provide any type of notice to the Person that is the subject of the demand.

**Meet and Confer Issue(s):**

> Objection based on use of term "constitutes notice". The term "constitutes notice is clear on its face and this objection is lacking in merit. Without admitting any ambiguity, Defendants state that the term "constitutes_notice" means a communication informing individuals or parties about legal actions, proceedings, or changes, including the issuance of a CID, that may affect their rights or obligations." Please confirm that your production will be based on the application of this definition.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 15 of 139

<u>Unilateral application of self-serving definition</u>.  Defendants' definitions of all relevant terms are reasonable, or the definitions of those terms are well established. Plaintiff must respond to this request applying those definitions, not its own.

<u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  This objection is also absurd on its face as it is well known and Plaintiffs have admitted that the data used to support the Complaint was obtained, at least in part, through the CID process.  Defendants are clearly entitled to receive all CIDs that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each CID.  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face.  If all CIDs are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the CID process.

<u>Objection based on state rules</u>. Your objection based on the allegation that the statute or rules under which civil investigative demands were issued have no general or specific requirements to provide any type of notice to the Person that is the subject of the demand is non-responsive.  Defendants did not ask Plaintiffs to produce documents evidencing the existence of state notice requirements.  Rather, by its express terms, the request is for documents that "constitute notice by any **State Law Action State** to any Defendant that a **Civil Investigative Demands** seeking documents that refer to or relate to any Defendant" whether required or not (as you allege).  Please respond directly to that request and produce any responsive documents.

**Document Request 6:**

Please produce all **Documents** that were produced or otherwise provided by any third party in response a **Civil Investigative Demand** issued by any **State Law Action State** that refers to or relates to any Defendant and/or the telecommunications services provided by any Defendant.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 16 of 139

**Response:**

Plaintiffs object to the Request, as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the services provided by the Defendants.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs define "relating to" to mean "directly concerning."

Plaintiffs object to Defendants' definition of "Civil Investigative Demand" or "CID" as a "discovery" tool. The authority of any responding State to issue a civil investigative demand varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). Civil investigative demands are thus law enforcement-related pre-suit investigative tools, as opposed to discovery issued after litigation has commenced pursuant to state or federal rules of civil procedure.

Plaintiffs object to extent that "State Law Action States" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 17 of 139

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following entry of a protective order.

**Meet and Confer Issue(s):**

Objection based on alleged absence of definition of "telecommunications". Plaintiffs' objection that the term "telecommunications service is not adequately defined is disingenuous in the extreme. Plaintiffs' Complaint relies on the application and interpretation (often misguided or false) of the Communications Act of 1934 as amended. 47 U.S. Code § 153(50) (Definitions) defines telecommunications as, "the transmission, between or among points specified by the user, of information of the user's choosing, without change in the form or content of the information as sent and received." Please confirm that your production will be based on the application of this definition.

 Objection based on use of term "constitutes notice". The term "constitutes notice is clear on its face and this objection is lacking in merit. Without admitting any ambiguity, Defendants state that the term "constitutes  notice" means a communication informing individuals or parties about legal actions, proceedings, or changes, including the issuance of a CID, that may affect their rights or obligations." Please confirm that your production will be based on the application of this definition.

 Objection based on breadth and burden. Fails for lack of required specificity and content (*See* General Objections above). Defendants are clearly entitled to receive all subpoenas that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each subpoena. Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face. If all subpoenas are not produced,

# Technology Law Group, L.L.C. <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 18 of 139

> Defendants will be entitled to an order precluding the use of any data obtained through the CID process.

**Document Request 7:**

Please produce all subpoenas issued by any **Lead Plaintiff State** that refers to or relates to any Defendant and/or the telecommunications services provided by any Defendant.

**Response:**

Plaintiffs object to the Request as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the services provided by the Defendants.

Plaintiffs object to the Request to the extent that Defendants define "Subpoena" as a "court issued writ" requiring a person or entity to produce documents and/or information and/or to appear and to provide testimony. The authority of any responding Plaintiff to issue an investigative pre-suit subpoena varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). The authority and procedure for the issuance of subpoenas varies by state and subpoenas may or may not be court issued.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to include a temporal limitation.

Plaintiffs object to the Request to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative,

**Technology Law Group, L.L.C. ᔆᴹ**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 19 of 139

and relevant responsive documents that have not been previously produced or filed with
the District Court and that can be located through a reasonable search of the documents in
their possession, custody, or control.

**Meet and Confer Issue(s):**

> Objection based on alleged absence of definition of "telecommunications".
> Plaintiffs' objection that the term "telecommunications service is not adequately
> defined is disingenuous in the extreme.  Plaintiffs' Complaint relies on the
> application and interpretation (often misguided or false) of the Communications Act
> of 1934 as amended.  47 U.S. Code § 153(50) (Definitions) defines telecommunications
> as, "the transmission, between or among points specified by the user, of information
> of the user's choosing, without change in the form or content of the information as
> sent and received."  Please confirm that your production will be based on the
> application of this definition.

> Objection based on breadth and burden.  Fails for lack of required specificity and
> content (*See* General Objections above).  Defendants are clearly entitled to receive
> all SUBPOENAs that were used to collect these data and there is no reason to
> believe that producing them would be unduly burdensome as Plaintiffs were the
> source of each subpoena.  Given that Plaintiffs' claims in this Case, if accepted in
> full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims
> of proportionality are absurd on their face.  If all subpoenas are not produced,
> Defendants will be entitled to an order precluding the use of any data obtained
> through the subpoena process.

**Document Request 8:**

Please produce all **Documents** that refer to, relate to or constitute notice by any **Lead
Plaintiff State** to any Defendant that a subpoena seeking testimony and/or documents that
refer to or relate to any Defendant was to be or had been issued.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 20 of 139

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the term "refer to, relate to or constitute" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs define "relating to" to mean "directly concerning."

Plaintiffs object to the Request to the extent that Defendants define "Subpoena" as a "court issued writ" requiring a person or entity to produce documents and/or information and/or to appear and to provide testimony. The authority of any responding Plaintiff to issue an investigative pre-suit subpoena varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). The authority and procedure for the issuance of subpoenas varies by state and subpoenas may or may not be court issued.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome, calling for information beyond the scope of any claim or defense in this matter or reasonably calculated to lead to the discover of admissible evidence. This request is not reasonably limited in scope in relation to the subject matter of this case and calls for irrelevant information that would be unduly burdensome to produce.

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs define "relating to" to mean "directly concerning."

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

**Technology Law Group, L.L.C.** [SM]

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 21 of 139

Plaintiffs object to this Request because materials that constitute notice to any Defendant that a Subpoena is to be issued are not relevant to any claim or defense in this matter nor are they reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Request to the extent it seeks any internal materials concerning internal deliberations and communications with other law enforcement regarding the issuance of Subpoenas because such information concerns legal conclusions are protected opinion work product and protected by the attorney work product privilege, joint prosecution/common interest privilege, and law enforcement prosecutorial privilege.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs have no responsive documents as the statute or rules under which subpoenas were issued have no general or specific requirements to provide any type of notice to the Person that is the subject of the demand.

**Meet and Confer Issue(s):**

> Objection based on use of term "constitutes notice". The term "constitutes notice is clear on its face and this objection is lacking in merit. Without admitting any ambiguity, Defendants state that the term "constitutes_notice" means a communication informing individuals or parties about legal actions, proceedings, or changes, including the issuance of a subpoena, that may affect their rights or

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 22 of 139

obligations."  Please confirm that your production will be based on the application of this definition.

Objection based on breadth and burden.  Fails for lack of required specificity and content (*See* General Objections above).  Defendants are clearly entitled to receive all subpoenas that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each subpoena.  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face.  If all subpoenas are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the subpoena process.

Unilateral application of self-serving definition.  Defendants' definitions of all relevant terms, including relate to, are reasonable or the definitions of those terms are well established.  Plaintiff must respond to this request applying those definitions, not its own.

**Document Request 9:**

Please produce all **Documents** that were produced or otherwise provided by any third party in response to any subpoena issued by any **Lead Plaintiff State** that refers to or relates to any Defendant and/or the telecommunications services provided by any Defendant.

**Response:**

Plaintiffs object to the Request, as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the services provided by the Defendants.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 23 of 139

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs define "relating to" to mean "directly concerning."

Plaintiffs object to the Request to the extent that Defendants define "Subpoena" as a "court issued writ" requiring a person or entity to produce documents and/or information and/or to appear and to provide testimony. The authority of any responding Plaintiff to issue an investigative pre-suit subpoena varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). The authority and procedure for the issuance of subpoenas varies by state and subpoenas may or may not be "court issued."

Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following entry of a protective order.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 24 of 139

**Meet and Confer Issue(s):**

Objection based on alleged absence of definition of "telecommunications". Plaintiffs' objection that the term "telecommunications service is not adequately defined is disingenuous in the extreme. Plaintiffs' Complaint relies on the application and interpretation (often misguided or false) of the Communications Act of 1934 as amended. 47 U.S. Code § 153(50) (Definitions) defines telecommunications as, "the transmission, between or among points specified by the user, of information of the user's choosing, without change in the form or content of the information as sent and received." Please confirm that your production will be based on the application of this definition.

Objection based on use of term "constitutes notice". The term "constitutes notice is clear on its face and this objection is lacking in merit. Without admitting any ambiguity, Defendants state that the term "constitutes_notice" means a communication informing individuals or parties about legal actions, proceedings, or changes, including the issuance of a subpoena, that may affect their rights or obligations." Please confirm that your production will be based on the application of this definition.

Unilateral application of self-serving definition. Defendants' definitions of all relevant terms are reasonable, or the definitions of those terms are well established. Plaintiff must respond to this request applying those definitions, not its own.

Objection based on breadth and burden. Fails for lack of required specificity and content (*See* General Objections above). Defendants are clearly entitled to receive all subpoenas that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each subpoena. Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face. If all subpoenas are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the subpoena process.

# Technology Law Group, L.L.C. <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 25 of 139

**Document Request 10:**

Please produce the transcripts of all testimony that was provided by any third party in response to any subpoena issued by any **Lead Plaintiff State** that refers to or relates to any Defendant and/or the telecommunications services provided by any Defendant.

**Response:**

Plaintiffs object to the Request as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the services provided by the Defendants.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the Request to the extent that Defendants define "Subpoena" as a "court issued writ" requiring a person or entity to produce documents and/or information and/or to appear and to provide testimony. The authority of any responding Plaintiff to issue an investigative pre-suit subpoena varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). The authority and procedure for the issuance of subpoenas varies by state and subpoenas may or may not be court issued.

Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs define "relating to" to mean "directly concerning."

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

# Technology Law Group, L.L.C. <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 26 of 139

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs respond that there are no responsive documents.

**Meet and Confer Issue(s):**

Objection based on alleged absence of definition of "telecommunications". Plaintiffs' objection that the term "telecommunications service is not adequately defined is disingenuous in the extreme. Plaintiffs' Complaint relies on the application and interpretation (often misguided or false) of the Communications Act of 1934 as amended. 47 U.S. Code § 153(50) (Definitions) defines telecommunications as, "the transmission, between or among points specified by the user, of information of the user's choosing, without change in the form or content of the information as sent and received." Please confirm that your production will be based on the application of this definition.

Objection based on use of term "constitutes notice". The term "constitutes notice is clear on its face and this objection is lacking in merit. Without admitting any ambiguity, Defendants state that the term "constitutes_notice" means a communication informing individuals or parties about legal actions, proceedings, or changes, including the issuance of a subpoena, that may affect their rights or obligations." Please confirm that your production will be based on the application of this definition.

Unilateral application of self-serving definition. Defendants' definitions of all relevant terms are reasonable, or the definitions of those terms are well established. Plaintiff must respond to this request applying those definitions, not its own.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 27 of 139

> <u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  This objection is also absurd on its face as it is well known and Plaintiffs have admitted that the data used to support the Complaint was obtained, at least in part, through the subpoena process.  Defendants are clearly entitled to receive all subpoenas that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each subpoena.  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face.  If all subpoenas are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the subpoena process.

**Document Request 11:**

Please produce all subpoenas issued by any **State Law Action State** that refers to or relates to any Defendant and/or the telecommunications services provided by any Defendant.

**Response:**

Plaintiffs object to the Request as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the services provided by the Defendants.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome, calling for information beyond the scope of any claim or defense in this matter or reasonably calculated to lead to the discover of admissible evidence. This Request is not reasonably limited in scope in relation to the subject matter of this case and calls for irrelevant information that would be unduly burdensome to produce.

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs define "relating to" to mean "directly concerning."

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 28 of 139

Plaintiffs object to the Request to the extent that Defendants define "Subpoena" as a "court issued writ" requiring a person or entity to produce documents and/or information and/or to appear and to provide testimony. The authority of any responding Plaintiff to issue an investigative pre-suit subpoena varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). The authority and procedure for the issuance of subpoenas varies by state and subpoenas may or may not be court issued.

Plaintiffs object to extent that "State Law Action State" is not limited to Persons acting within the scope of the subject matter of this litigation. Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to include a temporal limitation.

Plaintiffs object to the Request to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 29 of 139

**Meet and Confer Issue(s):**

<u>Objection based on alleged absence of definition of "telecommunications"</u>. Plaintiffs' objection that the term "telecommunications service is not adequately defined is disingenuous in the extreme. Plaintiffs' Complaint relies on the application and interpretation (often misguided or false) of the Communications Act of 1934 as amended. 47 U.S. Code § 153(50) (Definitions) defines telecommunications as, "the transmission, between or among points specified by the user, of information of the user's choosing, without change in the form or content of the information as sent and received." Please confirm that your production will be based on the application of this definition.

<u>Unilateral application of self-serving definition</u>. Defendants' definitions of all relevant terms are reasonable, or the definitions of those terms are well established. Plaintiff must respond to this request applying those definitions, not its own.

<u>Objection based on breadth and burden.</u> Fails for lack of required specificity and content (*See* General Objections above). Defendants are clearly entitled to receive all subpoenas that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each subpoena. Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face. If all subpoenas are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the subpoena process.

**Document Request 12:**

Please produce all Documents that refer to, relate to or constitute notice by any **State Law Action State** to any Defendant that a subpoena seeking testimony and/or documents that refer to or relate to any Defendant was to be or had been issued.

**Technology Law Group, L.L.C. ᔆᴹ**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 30 of 139

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the term "refer to, relate to or constitute" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs define "relating to" to mean "directly concerning."

Plaintiffs object to the Request to the extent that Defendants define "Subpoena" as a "court issued writ" requiring a person or entity to produce documents and/or information and/or to appear and to provide testimony. The authority of any responding Plaintiff to issue an investigative pre-suit subpoena varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). The authority and procedure for the issuance of subpoenas varies by state and subpoenas may or may not be court issued.

Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

Plaintiffs object to extent that "State Law Action State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object because materials that constitute notice to any Defendant that a Subpoena is to be issued are not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Request to the extent it seeks any internal materials concerning internal deliberations and communications with other law enforcement regarding the issuance of Subpoenas because such information concerns legal conclusions are protected opinion work product and protected by the attorney work product privilege, joint prosecution/common interest privilege, and law enforcement prosecutorial privilege.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 31 of 139

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs have no responsive documents as the statute or rules under which subpoenas were issued have no general or specific requirements to provide any type of notice to the Person that is the subject of the demand.

**Meet and Confer Issue(s):**

Objection based on alleged absence of definition of "telecommunications". Plaintiffs' objection that the term "telecommunications service is not adequately defined is disingenuous in the extreme. Plaintiffs' Complaint relies on the application and interpretation (often misguided or false) of the Communications Act of 1934 as amended. 47 U.S. Code § 153(50) (Definitions) defines telecommunications as, "the transmission, between or among points specified by the user, of information of the user's choosing, without change in the form or content of the information as sent and received." Please confirm that your production will be based on the application of this definition.

Unilateral application of self-serving definition. Defendants' definitions of all relevant terms are reasonable, or the definitions of those terms are well established. Plaintiff must respond to this request applying those definitions, not its own.

Objection based on breadth and burden. Fails for lack of required specificity and content (*See* General Objections above). Defendants are clearly entitled to receive all subpoenas that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each subpoena. Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of

**Technology Law Group, L.L.C. ᔆᴹ**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 32 of 139

> proportionality are absurd on their face.  If all subpoenas are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the subpoena process.

**Document Request 13:**

Please produce all Documents that were produced or otherwise provided by any third party in response to any subpoena issued by any **State Law Action State** that refers to or relates to any Defendant and/or the telecommunications services provided by any Defendant.

**Response:**

Plaintiffs object to the Request, as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the services provided by the Defendants.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff defines "relating to" to mean "directly concerning."

Plaintiffs object to the Request to the extent that Defendants define "Subpoena" as a "court issued writ" requiring a person or entity to produce documents and/or information and/or to appear and to provide testimony. The authority of any responding Plaintiff to issue an investigative pre-suit subpoena varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). The authority and procedure for the issuance of subpoenas varies by state and subpoenas may or may not be "court issued."

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 33 of 139

Plaintiffs object to extent that "State Law Action States" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following entry of a protective order.

**Meet and Confer Issue(s):**

> Objection based on alleged absence of definition of "telecommunications". Plaintiffs' objection that the term "telecommunications service is not adequately defined is disingenuous in the extreme. Plaintiffs' Complaint relies on the application and interpretation (often misguided or false) of the Communications Act of 1934 as amended. 47 U.S. Code § 153(50) (Definitions) defines telecommunications as, "the transmission, between or among points specified by the user, of information of the user's choosing, without change in the form or content of the information as sent and received." Please confirm that your production will be based on the application of this definition.

> Unilateral application of self-serving definition. Defendants' definitions of all relevant terms are reasonable, or the definitions of those terms are well established. Plaintiff must respond to this request applying those definitions, not its own.

**Technology Law Group, L.L.C.** [SM]

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 34 of 139

<u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  Defendants are clearly entitled to receive all subpoenas that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each subpoena.  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face.  If all subpoenas are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the subpoena process.

<u>Lack of Clarity Regarding Scope of Production.</u>  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 14:**

Please produce the transcripts of all testimony that was provided by any third party in response to any subpoena issued by any **State Law Action State** that refers to or relates to any Defendant and/or the telecommunications services provided by any Defendant.

**Response:**

Plaintiffs object to the Request as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the services provided by the Defendants.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

# Technology Law Group, L.L.C. <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 35 of 139

Plaintiffs define "refers to" to mean "directly concerning."

Plaintiffs object to extent that "State Law Action State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request to the extent that Defendants define "Subpoena" as a "court issued writ" requiring a person or entity to produce documents and/or information and/or to appear and to provide testimony. The authority of any responding Plaintiff to issue an investigative pre-suit subpoena varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). The authority and procedure for the issuance of subpoenas varies by state and subpoenas may or may not be court issued.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs respond that there are no responsive documents.

**Meet and Confer Issue(s):**

Objection based on alleged absence of definition of "telecommunications". Plaintiffs' objection that the term "telecommunications service is not adequately defined is disingenuous in the extreme. Plaintiffs' Complaint relies on the application and interpretation (often misguided or false) of the Communications Act of 1934 as amended. 47 U.S. Code § 153(50) (Definitions) defines telecommunications as, "the transmission, between

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 36 of 139

or among points specified by the user, of information of the user's choosing, without change in the form or content of the information as sent and received."  Please confirm that your production will be based on the application of this definition.

> Unilateral application of self-serving definition.  Defendants' definitions of all relevant terms are reasonable, or the definitions of those terms are well established. Plaintiff must respond to this request applying those definitions, not its own.

> Objection based on breadth and burden.  Fails for lack of required specificity and content (*See* General Objections above).  Defendants are clearly entitled to receive all subpoenas that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each subpoena.  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face.  If all subpoenas are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the subpoena process.

> Lack of Clarity Regarding Scope of Production.  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 15:**

Please produce all **Documents** that refer to, relate to or constitute a request by any **Lead Plaintiff State** to any judicial authority for a wiretap of any communications device (wired, wireless or internet-based) associated with any Defendant and/or any attorney representing any Defendant. Where a wiretap has been placed, please produce a complete copy the authorizing court order as well as all content recorded via the wiretap.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 37 of 139

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the use of the terms "refer to, relate to or constitute" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the use "wiretap," "communications device," "wired," "wireless," and "internet based" as those are not defined terms. The use of those terms is vague and ambiguous.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs respond that there are no responsive documents.

**Meet and Confer Issue(s):**

> Objection based on use of terms. "wiretap," "communications device," "wired," "wireless," and "internet based" as vague and ambiguous. These terms are well established and clear on their face and this objection is lacking in merit. Without admitting any ambiguity, Defendants state that the term "wiretap" or "wiretapping"

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 38 of 139

means "the act of secretly monitoring or intercepting telephone, electronic, or oral communications, often without the knowledge or consent of the parties involved", that the term "communications device," means "any piece of hardware or software that enables the transmission and reception of information, facilitating communication between individuals or devices", that the term "wired" means the transmission of data or signals through a physical medium, typically cables or wires, as opposed to wireless methods", that the term "wireless" means "the transfer of information between two or more points without the use of cables, wires, or other physical connections"' and that the term "internet based" means anything that operates or is accessed through the internet."   Please confirm that your production will be based on the application of each of these definitions.

<u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  Defendants are clearly entitled to receive all wiretap data that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each wiretap.  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face.  If all wiretap is not produced, Defendants will be entitled to an order precluding the use of any data obtained through the wiretap process.

**Document Request 16:**

Please produce all **Documents** that refer to, relate to or constitute notice by any **Lead Plaintiff State** to any Defendant that a wiretap of any Defendant communications device (wired, wireless or internet-based) was to be or had been requested and/or issued.

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

**Technology Law Group, L.L.C.** ᔆᴹ

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 39 of 139

Plaintiffs object to the use of the term "refer to, relate to or constitute" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

Plaintiffs object to the use "wiretap," "communications device," "wired," "wireless," and "internet based" as those are not defined terms. The use of those terms is vague and ambiguous.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs respond that there are no responsive documents.

**Meet and Confer Issue(s):**

Objection based on use of terms. "wiretap," "communications device," "wired," "wireless," and "internet based" as vague and ambiguous. These terms are well established and clear on their face and this objection is lacking in merit. Without admitting any ambiguity, Defendants state that the term "wiretap" or "wiretapping" means "the act of secretly monitoring or intercepting telephone, electronic, or oral communications, often without the knowledge or consent of the parties involved", that the term "communications device," means "any piece of hardware or software

Technology Law Group, L.L.C. <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 40 of 139

that enables the transmission and reception of information, facilitating communication between individuals or devices", that the term "wired" means the transmission of data or signals through a physical medium, typically cables or wires, as opposed to wireless methods", that the term "wireless" means  "the transfer of information between two or more points without the use of cables, wires, or other physical connections"' and that the term "internet based" means anything that operates or is accessed through the internet."   Please confirm that your production will be based on the application of each of these definitions.

Objection based on breadth and burden.  Fails for lack of required specificity and content (*See* General Objections above).  Defendants are clearly entitled to receive all wiretap data that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each wiretap.  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face.  If all wiretap data is not produced, Defendants will be entitled to an order precluding the use of any data obtained through the wiretap process.

**Document Request 17:**

Please produce all **Documents** that refer to, relate to or constitute a request by any **State Law Action State** to any judicial authority for a wiretap of any communications device (wired, wireless or internet-based) associated with any Defendant and/or any attorney representing any Defendant. Where a wiretap has been placed, please produce a complete copy the authorizing court order as well as all content recorded via the wiretap.

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 41 of 139

Plaintiffs object to the use of the term "refer to, relate to or constitute" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to the use "wiretap," "communications device," "wired," "wireless," and "internet based" as those are not defined terms. The use of those terms is vague and ambiguous.

Plaintiffs object to extent that "State Law Action States" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs respond that there are no responsive documents.

**Meet and Confer Issue(s):**

> Objection based on use of terms. "wiretap," "communications device," "wired," "wireless," and "internet based" as vague and ambiguous.   These terms are well established and clear on their face and this objection is lacking in merit.  Without admitting any ambiguity, Defendants state that the term "wiretap" or "wiretapping" means "the act of secretly monitoring or intercepting telephone, electronic, or oral communications, often without the knowledge or consent of the parties involved", that the term "communications device," means "any piece of hardware or software

**Technology Law Group, L.L.C.** [SM]

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 42 of 139

that enables the transmission and reception of information, facilitating communication between individuals or devices", that the term "wired" means the transmission of data or signals through a physical medium, typically cables or wires, as opposed to wireless methods", that the term "wireless" means  "the transfer of information between two or more points without the use of cables, wires, or other physical connections"' and that the term "internet based" means anything that operates or is accessed through the internet."   Please confirm that your production will be based on the application of each of these definitions.

Objection based on breadth and burden.  Fails for lack of required specificity and content (*See* General Objections above).  Defendants are clearly entitled to receive all wiretaps that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each wiretap.  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face.  If all wiretap data are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the wiretap process.

**Document Request 18:**

Please produce all **Documents** that refer to, relate to or constitute notice by any **State Law Action State** to any Defendant that a wiretap of any Defendant communications device (wired, wireless or internet-based) was to be or had been requested and/or issued.

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the use of the term "refer to, relate to or constitute" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 43 of 139

Plaintiffs object to the use "wiretap," "communications device," "wired," "wireless," and "internet based" as those are not defined terms. The use of those terms is vague and ambiguous.

Plaintiffs object to extent that "State Law Action State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs respond that there are no responsive documents.

**Meet and Confer Issue(s):**

> <u>Objection based on use of terms.</u> "wiretap," "communications device," "wired," "wireless," and "internet based" as vague and ambiguous.   These terms are well established and clear on their face and this objection is lacking in merit.  Without admitting any ambiguity, Defendants state that the term "wiretap" or "wiretapping" means "the act of secretly monitoring or intercepting telephone, electronic, or oral communications, often without the knowledge or consent of the parties involved", that the term "communications device," means "any piece of hardware or software that enables the transmission and reception of information, facilitating communication between individuals or devices", that the term "wired" means the transmission of data or signals through a physical medium, typically cables or wires, as opposed to wireless methods", that the term "wireless" means  "the transfer of

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 44 of 139

information between two or more points without the use of cables, wires, or other physical connections"' and that the term "internet based" means anything that operates or is accessed through the internet."   Please confirm that your production will be based on the application of each of these definitions.

<u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  Defendants are clearly entitled to receive all wiretap data that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each wiretap.  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face.  If all wiretap data are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the wiretap process.

**Document Request 19:**

Please produce all Documents, including without limitation, **Call Detail Records (aka "CDRs"),** switch records, server records that contain data associated with calls transited by Avid Telecom obtained from any third party by the **Lead State Plaintiffs**.

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the use of the terms "Call Detail Records (aka "CDRs"), switch records, server records" as vague and ambiguous.

Plaintiffs object to the use of the term "data" as vague and ambiguous. The term is also overly broad and unduly burdensome, requesting records outside the scope of this litigation.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 45 of 139

Plaintiffs object to extent that "Lead State Plaintiffs" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the Lead Plaintiff States will produce responsive documents within a reasonable time following the entry of a protective order and ESI protocol.

**Meet and Confer Issue(s):**

    Objection based on use of terms. "Call Detail Records (aka "CDRs")", "switch records", "server records", and "data" as vague and ambiguous. These terms are well established and clear on their face and this objection is lacking in merit. Without admitting any ambiguity, Defendants state that the terms Call Detail Records (aka "CDRs")", "switch records" refer to the data, including call path data and billing data, generated and stored by switches (both physical and virtual) that handle network traffic. These records, often referred to Call Detail Records (CDRs) or billing records, contain information about calls, data sessions, or other network activity passing through the switch. The term "server records" means "records that specify the hostname, port number, and protocol for services like VoIP or instant messaging. Finally, the word "data" means a collection of facts, figures, or information that can be used to analyze something or make decisions. Please confirm that your production will be based on the application of each of these definitions.

    <u>Objection based on breadth and burden</u>. Plaintiffs' entire case is predicated on the contrived and false allegation that, somehow, Defendants' transiting of calls that it received from third parties was "illegal" and in violation of multiple federal and

**Technology Law Group, L.L.C. **<sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 46 of 139

certain state laws.  For Plaintiffs now to object to the production of all "**Documents**, including without limitation, **Call Detail Records (aka "CDRs"),** switch records, server records, sufficient to identify, by originating and terminating telephone number, *each and every call* that the **Lead Plaintiff States** allege was an illegal under federal law" that support its core claims is truly rich.  At a minimum, even if more data may be presented in Plaintiffs' expert report, to meet their obligations under Rule 11 and other applicable ethical codes, Plaintiffs must have in their possession CDRs and similar documents that support each their allegation regarding the legality of each and every call on which the Complaint is based.  We believe that Plaintiffs' self-serving objections reflect the fact that they do not have any CDRs or other call records that prove that a single call was, in fact, illegal.  If all CDRs that Plaintiffs' claim reflect calls transited in violation of federal law are not produced, Defendants will be entitled to an order precluding the use of any such call data to support its factually baseless claims.

Lack of Clarity Regarding Scope of Production.  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 20:**

Please produce all **Documents**, including without limitation, **Call Detail Records (aka "CDRs"),** switch records, server records, sufficient to identify, by originating and terminating telephone number, *each and every call* that the **Lead Plaintiff States** allege was an illegal under federal law. With respect to each and every call, the Documents produced must include Documents sufficient to identify the Person from whom the Call Data was obtained.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 47 of 139

Plaintiffs object to the use of the terms "Call Detail Records (aka "CDRs"), switch records, server records" as vague and ambiguous.

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that it fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

The responding Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (*See* ECF No. 102).

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 48 of 139

their possession, custody, or control within a reasonable time following entry of a protective order and an ESI agreement.

**Meet and Confer Issue(s):**

Objection based on use of the term "illegal".  This objection is disingenuous in the extreme as, among other things, that term appears at least 52 times in the Complaint. *See, e.g.,* paras. 8, 19, 20, 23, 24, 25, 26, 34, 43, 45, 46, 62, 73, 77, 79, 80, 82, 83, 84, 85, 87, 88, 93, 94, 98, 99, 100, 102, 104, 105, 106, 109, 110, 114, 115, 116, 173, 179, 188, 201, 220, 287, 299, 302, 303, 317, 318, 319, 320, 321, 330, 331, 333, 343, 356, 371, 383, 400, 401, 403, 405, 412, 416, 430, 433, 435, 437, 456, and 458.  The word "illegal is also featured as in the heading of multiple sections of the Complaint and in the "Prayer for Relief".  Indeed, Plaintiffs' entire case is predicated on the contrived and false allegation that, somehow, Defendants' transiting of calls that it received from third parties was "illegal" and in violation of multiple federal and certain state laws.  For Plaintiffs now to object to the production of all "**Documents**, including without limitation, **Call Detail Records (aka "CDRs"),** switch records, server records, sufficient to identify, by originating and terminating telephone number, *each and every call* that the **Lead Plaintiff States** allege was an illegal under federal law" that support its core claims is truly rich.  At a minimum, even if more data may be presented in Plaintiffs' expert report, to meet their obligations under Rule 11 and other applicable ethical codes, Plaintiffs must have in their possession CDRs and similar documents that support each their allegation regarding the legality of each and every call on which the Complaint is based.  We believe that Plaintiffs' self-serving objections reflect the fact that they do not have any CDRs or other call records that prove that a single call was, in fact, illegal.  If all CDRs that Plaintiffs' claim reflect calls transited in violation of federal law are not produced, Defendants will be entitled to an order precluding the use of any such call data to support its factually baseless claims.

Objection based on use of other terms. "Call Detail Records (aka "CDRs")", refer to the data, including call path data and billing data, generated and stored by switches (both physical and virtual) that handle network traffic. These records, often referred to Call Detail Records (CDRs) or billing records, contain information about

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 49 of 139

calls, data sessions, or other network activity passing through the switch. Please confirm that your production will be based on the application of each of this definition.

<u>Objection based on breadth and burden</u>. Plaintiffs' entire case is predicated on the contrived and false allegation that, somehow, Defendants' transiting of calls that it received from third parties was "illegal" and in violation of multiple federal and certain state laws. For Plaintiffs now to object to the production of all "**Documents**, including without limitation, **Call Detail Records (aka "CDRs"),** switch records, server records, sufficient to identify, by originating and terminating telephone number, *each and every call* that the **Lead Plaintiff States** allege was an illegal under federal law" that support its core claims is truly rich. At a minimum, even if more data may be presented in Plaintiffs' expert report, to meet their obligations under Rule 11 and other applicable ethical codes, Plaintiffs must have in their possession CDRs and similar documents that support each their allegation regarding the legality of each and every call on which the Complaint is based. We believe that Plaintiffs' self-serving objections reflect the fact that they do not have any CDRs or other call records that prove that a single call was, in fact, illegal. If all CDRs that Plaintiffs' claim reflect calls transited in violation of federal law are not produced, Defendants will be entitled to an order precluding the use of any such call data to support its factually baseless claims.

<u>Lack of Clarity Regarding Scope of Production</u>. Unlike the previous Responses, this Response does not contain the language stating that Plaintiffs are not knowingly withholding. This makes it even more unclear (intentionally?) whether any documents are being withheld based on any of its several objections. Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 21:**

Please produce all **Documents**, including without limitation, **Call Detail Records (aka "CDRs"),** switch records, server records that contain data associated with calls transited by **Avid Telecom** obtained from any third party by the **State Law Action States**.

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 50 of 139

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the use of the terms "Call Detail Records (aka "CDRs"), switch records, server records" as vague and ambiguous.

Plaintiffs object to the use of the term "data" as vague and ambiguous. The term is also overly broad and unduly burdensome, requesting records outside the scope of this litigation.

Plaintiffs object to extent that "State Law Action States" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Subject to the Preliminary Statements and General Objections, the responding Plaintiffs further object to this Request as overly broad and therefore not proportional to the needs of the case. The responding Plaintiffs may collect Call Detail Records ("CDRs") from non-parties pursuant to separate investigations which are not directly related to any Defendant in the instant case. Such CDRs may contain data associated with calls which were also transited by Defendants. The responding Plaintiffs are unable to determine which calls reflected in CDRs obtained in otherwise unrelated investigations may have also been transited by Defendants. To the extent this Request seeks CDRs provided by non-parties which may contain records of calls also transited by Defendants, the responding Plaintiffs are unable to determine whether responsive documents exist and may be withholding such records on the basis of this objection.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 51 of 139

the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following entry of a protective order and an ESI agreement.

**Meet and Confer Issue(s):**

Objection based on use of terms. "Call Detail Records (aka "CDRs")", refer to the data, including call path data and billing data, generated and stored by switches (both physical and virtual) that handle network traffic. These records, often referred to Call Detail Records (CDRs) or billing records, contain information about calls, data sessions, or other network activity passing through the switch. Please confirm that your production will be based on the application of each of this definition.

<u>Objection based on breadth and burden</u>. Plaintiffs' entire case is predicated on the contrived and false allegation that, somehow, Defendants' transiting of calls that it received from third parties was "illegal" and in violation of multiple federal and certain state laws. For Plaintiffs now to object to the production of all "**Documents**, including without limitation, **Call Detail Records (aka "CDRs"),** switch records, server records, sufficient to identify, by originating and terminating telephone number, *each and every call* that the **Lead Plaintiff States** allege was an illegal under federal law" that support its core claims is truly rich. At a minimum, even if more data may be presented in Plaintiffs' expert report, to meet their obligations under Rule 11 and other applicable ethical codes, Plaintiffs must have in their possession CDRs and similar documents that support each their allegation regarding the legality of each and every call on which the Complaint is based. We believe that Plaintiffs' self-serving objections reflect the fact that they do not have any CDRs or other call records that prove that a single call was, in fact, illegal. If all CDRs that Plaintiffs' claim reflect calls transited in violation of federal law are not produced, Defendants will be entitled to an order precluding the use of any such call data to support its factually baseless claims.

<u>Lack of Clarity Regarding Scope of Production</u>. Unlike the previous Responses, this Response does not contain the language stating that Plaintiffs are not knowingly withholding. This makes it even more unclear (intentionally?) whether any

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 52 of 139

documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 22:**

Please produce all **Documents** including without limitation, ***Call Detail Records (aka "CDRs"), switch records, server records***, sufficient to identify, by originating and terminating telephone number, *each and every call* that the **State Law Action States** allege was an illegal under federal law. With respect to each and every call, the **Documents** produced must include **Documents** sufficient to identify the Person from whom the Call Data was obtained.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome. Plaintiffs object to the use of the terms "Call Detail Records (aka "CDRs"), switch records, server records" as vague and ambiguous.

Plaintiffs object to extent that "State Law Action States" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs object to the Request to the extent that the Request requires Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that the Requests ask for a compilation, summary or analysis of documents or information not in existence.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 53 of 139

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

The responding Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102).

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following entry of a protective order and an ESI agreement.

**Meet and Confer Issue(s):**

> <u>Objection based on use of the term "illegal"</u>.  This objection is disingenuous in the extreme as, among other things, that term appears at least 52 times in the Complaint. *See, e.g.,* paras. 8, 19, 20, 23, 24, 25, 26, 34, 43, 45, 46, 62, 73, 77, 79, 80, 82, 83, 84, 85, 87, 88, 93, 94, 98, 99, 100, 102, 104, 105, 106, 109, 110, 114, 115, 116, 173, 179, 188, 201, 220, 287, 299, 302, 303, 317, 318, 319, 320, 321, 330, 331, 333, 343, 356, 371, 383, 400, 401, 403, 405, 412, 416, 430, 433, 435, 437, 456, and 458.  The word "illegal is also featured as in the heading of multiple sections of the Complaint and in the "Prayer for Relief".  Plaintiffs should use whatever definition(s) that they used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in response to this Request.

> <u>Objection based on use of other terms</u>. "Call Detail Records (aka "CDRs")", refer to the data, including call path data and billing data, generated and stored by switches (both physical and virtual) that handle network traffic. These records, often referred to Call Detail Records (CDRs) or billing records, contain information about

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 54 of 139

calls, data sessions, or other network activity passing through the switch.  Please confirm that your production will be based on the application of each of this definition.

<u>Objection based on breadth and burden</u>.  Plaintiffs' entire case is predicated on the contrived and false allegation that, somehow, Defendants' transiting of calls that it received from third parties was "illegal" and in violation of multiple federal and certain state laws.  For Plaintiffs now to object to the production of all "**Documents**, including without limitation, **Call Detail Records (aka "CDRs"),** switch records, server records, sufficient to identify, by originating and terminating telephone number, *each and every call* that the **Lead Plaintiff States** allege was an illegal under federal law" that support its core claims is truly rich.  At a minimum, even if more data may be presented in Plaintiffs' expert report, to meet their obligations under Rule 11 and other applicable ethical codes, Plaintiffs must have in their possession CDRs and similar documents that support each their allegation regarding the legality of each and every call on which the Complaint is based.  We believe that Plaintiffs' self-serving objections reflect the fact that they do not have any CDRs or other call records that prove that a single call was, in fact, illegal.  If all CDRs that Plaintiffs' claim reflect calls transited in violation of federal law are not produced, Defendants will be entitled to an order precluding the use of any such call data to support its factually baseless claims.

<u>Lack of Clarity Regarding Scope of Production</u>.  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 23:**

Please produce all **Documents**, including without limitations all research, analyses, studies and the like that support or refute allegations by the **State Law Action States** that calls to wireless phones that are alleged to be illegal were terminated to a phone that was physically located within the alleging state when the call was received.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 55 of 139

**Response:**

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the use of the terms "research, analyses, studies and the like" as vague and ambiguous. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to extent that "State Law Action State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs respond that there are no responsive documents.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 56 of 139

**Meet and Confer Issue(s):**

> <u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  This objection is also outrageous and absurd on its face given that each and every Plaintiff has asserted that a specific number of calls were terminated to an area code presumably associated with a phone located within each state.  *See* Complaint para. 89.  Given these allegations, Defendants have the absolute right to access the data that Plaintiffs relied on to generate these call quantities. Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face.  If all requested data is not produced, Defendants will be entitled to an order precluding the use of any such data.

> <u>Objection to the terms "research, analyses, studies and the like</u>."  The term "constitutes notice is clear on its face and this objection is lacking in merit.  Without admitting any ambiguity, Defendants state that the term "research" means" investigation into and study of materials and sources in order to establish facts and reach new conclusions, that the term "analyses" means "the act of studying or examining something in detail in order to discover or understand more about it", and that the term "studies" means to "examine something carefully".  Please confirm that your production will be based on the application of these definitions.

**Document Request 24:**

Please produce all **Documents**, including without limitation, Do Not Call lists, **Call Detail Records (aka "CDRs")**, switch records, server records, sufficient to identify, *each and every call* that the **Lead Plaintiff States** allege was terminated in violation of an applicable federal Do Not Call List.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 57 of 139

Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "terminated in violation of an applicable federal Do Not Call List" is unclear. Plaintiffs interpret the Request as calling for Documents sufficient to identify calls which violate statutes or rules prohibiting certain calls to phone numbers listed on the National Do Not Call Registry maintained by the Federal Trade Commission.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, responding Plaintiffs have not yet compiled each and every call placed in violation of statutes or rules prohibiting calls to phone numbers appearing on the National Do Not Call Registry. Responding Plaintiffs expect to create and produce responsive documents as a part of their expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) and will be disclosed pursuant to the Case Management Order Case filed on December 12, 2024 (ECF No. 102).

**Meet and Confer Issue(s):**

> <u>Objection based on use of term</u> "terminated in violation of an applicable federal Do Not Call List". The term ""terminated in violation of an applicable federal Do Not Call List" is clear on its face and this objection is lacking in merit. This objection is disingenuous in the extreme as, among other things, that term appears at least 23 times in the Complaint. *See, e.g.,* paras. 176, 243, 310, 311, 313, 314, 333, 357, 358, 363, 396, 422, 423, 424, 425, 483, 487, 492, 497, 512, 513, 515, 531, 532, 536, 552 and 553. To the extent that there is any uncertainty, you are advised the federal Do Not Call List is also known as the National Do Not Call Registry. Plaintiffs should use whatever definition(s) that they used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 58 of 139

response to this Request.  Please confirm that your production will be based on the application of this definition.

Objection based on breadth and burden.  Plaintiffs' entire case is predicated on the contrived and false allegation that, somehow, Defendants' transiting of calls that it received from third parties was "illegal" and in violation of multiple federal and certain state laws.  For Plaintiffs now to object to the production of all "**Documents**, including without limitation, **Call Detail Records (aka "CDRs"),** switch records, server records, sufficient to identify, by originating and terminating telephone number, *each and every call* that the **Lead Plaintiff States** allege was an illegal under federal law" that support its core claims is truly rich.  At a minimum, even if more data may be presented in Plaintiffs' expert report, to meet their obligations under Rule 11 and other applicable ethical codes, Plaintiffs must have in their possession CDRs and similar documents that support each their allegation regarding the legality of each and every call on which the Complaint is based.  We believe that Plaintiffs' self-serving objections reflect the fact that they do not have any CDRs or other call records that prove that a single call was, in fact, illegal.  If all CDRs that Plaintiffs' claim reflect calls transited in violation of federal law are not produced, Defendants will be entitled to an order precluding the use of any such call data to support its factually baseless claims.

Lack of Clarity Regarding Scope of Production.  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 25:**

Please produce all **Documents**, including without limitation, Do Not Call lists, **Call Detail Records (aka "CDRs")**, switch records, server records, sufficient to identify, *each and every call* that the **State Law Action States** allege was terminated in violation of an applicable federal Do Not Call List.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 59 of 139

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "terminated in violation of an applicable federal Do Not Call List" is unclear. Plaintiffs interpret the Request as calling for Documents sufficient to identify calls which violate statutes or rules prohibiting certain calls to phone numbers listed on the National Do Not Call Registry maintained by the Federal Trade Commission.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, responding Plaintiffs have not yet compiled each and every call placed in violation of statutes or rules prohibiting calls to phone numbers appearing on the National Do Not Call Registry. Responding Plaintiffs expect to create and produce responsive documents as a part of their expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) and will be disclosed pursuant to the Case Management Order Case (ECF No. 102).

**Meet and Confer Issue(s):**

> Objection based on use of term "terminated in violation of an applicable federal Do Not Call List". The term ""terminated in violation of an applicable federal Do Not Call List" is clear on its face and this objection is lacking in merit. This objection is disingenuous in the extreme as, among other things, that term appears at least 23 times in the Complaint. *See, e.g.,* paras. 176, 243, 310, 311, 313, 314, 333, 357, 358, 363, 396, 422, 423, 424, 425, 483, 487, 492, 497, 512, 513, 515, 531, 532, 536, 552

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 60 of 139

and 553.  To the extent that there is any uncertainty, you are advised the federal Do Not Call List is also known as the National Do Not Call Registry.  Plaintiffs should use whatever definition(s) that they used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in response to this Request.  Please confirm that your production will be based on the application of this definition.

<u>Objection based on breadth and burden</u>.  Plaintiffs' entire case is predicated on the contrived and false allegation that, somehow, Defendants' transiting of calls that it received from third parties was "illegal" and in violation of multiple federal and certain state laws.  For Plaintiffs now to object to the production of all "**Documents**, including without limitation, **Call Detail Records (aka "CDRs"),** switch records, server records, sufficient to identify, by originating and terminating telephone number, *each and every call* that the **Lead Plaintiff States** allege was an illegal under federal law" that support its core claims is truly rich.  At a minimum, even if more data may be presented in Plaintiffs' expert report, to meet their obligations under Rule 11 and other applicable ethical codes, Plaintiffs must have in their possession CDRs and similar documents that support each their allegation regarding the legality of each and every call on which the Complaint is based.  We believe that Plaintiffs' self-serving objections reflect the fact that they do not have any CDRs or other call records that prove that a single call was, in fact, illegal.  If all CDRs that Plaintiffs' claim reflect calls transited in violation of federal law are not produced, Defendants will be entitled to an order precluding the use of any such call data to support its factually baseless claims.

<u>Lack of Clarity Regarding Scope of Production</u>.  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 26:**

Please produce all **Documents**, including without limitation, Do Not Call lists, **Call Detail Records (aka "CDRs")**, switch records, server records, sufficient to demonstrate, whether

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 61 of 139

*each and every call* that the **Lead Plaintiff States** allege was terminated in violation of an applicable Do Not Call List was registered as a residential or a business telephone number.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the Request as vague, ambiguous, overly broad and incomprehensible. Plaintiffs object to the extent that the meaning of the phrase "terminated in violation of an applicable Do Not Call List was registered as a residential or a business telephone number" is unclear. A call does not violate a "Do Not Call List" but rather a call may violate a statute or rule. Plaintiffs object to the extent that Defendants failed to identify which statute or rule or "violation" is at issue in the Request. Plaintiffs object as Defendants failed to provide a definition for "applicable Do Not Call List."

Plaintiffs interpret the Request as seeking Documents relevant to calls that Plaintiffs allege violate Count IV of the Complaint. Plaintiffs further interpret the Request as seeking data corresponding to each violative call which indicates whether the registered telephone number appearing on the National Do Not Call Registry is a residential or business number.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, responding Plaintiffs have no responsive documents as the National Do Not Call Registry does not contain data as to whether each number listed is a residential or business telephone number.

**Meet and Confer Issue(s):**

<u>Objection based on use of term</u> "terminated in violation of an applicable federal Do Not Call List".  The term ""terminated in violation of an applicable federal Do Not

# Technology Law Group, L.L.C. <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 62 of 139

Call List" is clear on its face and this objection is lacking in merit.  This objection is disingenuous in the extreme as, among other things, that term appears at least 23 times in the Complaint. *See, e.g.,* paras. 176, 243, 310, 311, 313, 314, 333, 357, 358, 363, 396, 422, 423, 424, 425, 483, 487, 492, 497, 512, 513, 515, 531, 532, 536, 552 and 553.  To the extent that there is any uncertainty, you are advised the "federal Do Not Call List" is also known as the National Do Not Call Registry.  As Plaintiffs know full well, it is the Telephone Consumer Protection Act (TCPA) prohibits telemarketers, in certain circumstances, from calling phone numbers registered on the National Do Not Call Registry. To be clear, this Request seeks the production of **Call Detail Records (aka "CDRs")**, switch records, and server records evidencing whether calls that the **Lead Plaintiff States** allege were terminated in violation of an applicable National Do Not Call Registry were registered to a residential/personal telephone number or to a business telephone number.

<u>Objection based on breadth and burden</u>.  Plaintiffs' entire case is predicated on the contrived and false allegation that, somehow, Defendants' transiting of calls that it received from third parties was "illegal" and in violation of multiple federal and certain state laws.  For Plaintiffs now to object to the production of all "**Documents**, including without limitation, **Call Detail Records (aka "CDRs"),** switch records, server records, sufficient to identify, by originating and terminating telephone number, *each and every call* that the **Lead Plaintiff States** allege was an illegal under federal law" that support its core claims is truly rich.  At a minimum, even if more data may be presented in Plaintiffs' expert report, to meet their obligations under Rule 11 and other applicable ethical codes, Plaintiffs must have in their possession CDRs and similar documents that support each their allegation regarding the legality of each and every call on which the Complaint is based.  We believe that Plaintiffs' self-serving objections reflect the fact that they do not have any CDRs or other call records that prove that a single call was, in fact, illegal.  If all CDRs that Plaintiffs' claim reflect calls transited in violation of federal law are not produced, Defendants will be entitled to an order precluding the use of any such call data to support its factually baseless claims.

<u>Lack of Clarity Regarding Scope of Production</u>.  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 63 of 139

> and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 27:**

Please produce all **Documents**, including without limitation, Do Not Call Lists, **Call Detail Records (aka "CDRs"),** switch records, server records, sufficient to demonstrate, whether *each and every call* that the **State Law Action States** allege was terminated in violation of an applicable federal Do Not Call List was registered as a residential or a business telephone number.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the Request as vague, ambiguous, overly broad and incomprehensible. Plaintiffs object to the extent that the meaning of the phrase "terminated in violation of an applicable federal Do Not Call List was registered as a residential or a business telephone number" is unclear. A call does not violate a "Do Not Call List" but rather a call may violate a statute or rule. Plaintiffs object to the extent that Defendants failed to identify which statute or rule or "violation" is at issue in the Request. Plaintiffs object as Defendants failed to provide a definition for "applicable federal Do Not Call List." Plaintiffs interpret the Request as seeking Documents relevant to calls that the State Law Action States allege violate any of their respective state law Counts and to the extent those state law claims rely on the National Do Not Call Registry. Plaintiffs further interpret the Request as seeking documents corresponding to each violative call which indicates whether the registered telephone number appearing on the National Do Not Call Registry is a residential or business number.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 64 of 139

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, responding Plaintiffs have no responsive documents.

**Meet and Confer Issue(s):**

The language of this request is simple and intelligible. Defendants seek all Do Not Call Lists, **Call Detail Records (aka "CDRs"),** switch records, server records, sufficient to demonstrate whether calls that the **State Law Action States** allege were terminated in violation of an applicable federal Do Not Call List residential (personal) or a business telephone number. As business telephone numbers are not supposed to be on the Do Not Call List and many if not most of the honey pt telephone numbers were obtained by a business, the status of these numbers is directly relevant to Plaintiffs' claims.

Objection based on use of term "terminated in violation of an applicable federal Do Not Call List". The term ""terminated in violation of an applicable federal Do Not Call List" is clear on its face and this objection is lacking in merit. This objection is disingenuous in the extreme as, among other things, that term appears at least 23 times in the Complaint. *See, e.g.,* paras. 176, 243, 310, 311, 313, 314, 333, 357, 358, 363, 396, 422, 423, 424, 425, 483, 487, 492, 497, 512, 513, 515, 531, 532, 536, 552 and 553. To the extent that there is any uncertainty, you are advised the "federal Do Not Call List" is also known as the National Do Not Call Registry. As Plaintiffs know full well, it is the Telephone Consumer Protection Act (TCPA) prohibits telemarketers, in certain circumstances, from calling phone numbers registered on the National Do Not Call Registry. To be clear, this Request seeks the production of **Call Detail Records (aka "CDRs")**, switch records, and server records evidencing whether calls that the **Lead Plaintiff States** allege were terminated in violation of an applicable National Do Not Call Registry were registered to a residential/personal telephone number or to a business telephone number.

Objection based on breadth and burden. Plaintiffs' entire case is predicated on the contrived and false allegation that, somehow, Defendants' transiting of calls that it received from third parties was "illegal" and in violation of multiple federal and certain state laws. For Plaintiffs now to object to the production of all "**Documents**,

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 65 of 139

including without limitation, **Call Detail Records (aka "CDRs"),** switch records, server records, sufficient to identify, by originating and terminating telephone number, *each and every call* that the **Lead Plaintiff States** allege was an illegal under federal law" that support its core claims is truly rich. At a minimum, even if more data may be presented in Plaintiffs' expert report, to meet their obligations under Rule 11 and other applicable ethical codes, Plaintiffs must have in their possession CDRs and similar documents that support each their allegation regarding the legality of each and every call on which the Complaint is based. We believe that Plaintiffs' self-serving objections reflect the fact that they do not have any CDRs or other call records that prove that a single call was, in fact, illegal. If all CDRs that Plaintiffs' claim reflect calls transited in violation of federal law are not produced, Defendants will be entitled to an order precluding the use of any such call data to support its factually baseless claims.

Lack of Clarity Regarding Scope of Production. Plaintiffs do not state whether any documents are being withheld based on any of its several objections. Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 28:**

Please produce all **Documents** including without limitation, all **Documents** containing information provided by the **Called Party**, that such **Called Party** stated that he/she had not authorized the sender to make the each and every call alleged to be illegal in the Complaint (*i.e.,* there was not a valid opt-in).

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the Request to the extent that the definition of "Called Party" asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 66 of 139

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request to the extent that the Request seeks documents already in the custody or control of the Defendants and will not produce those documents.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order. Additionally, responding Plaintiffs expect to supplement this response as their investigation continues.

**Meet and Confer Issue(s):**

> <u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  Defendants are clearly entitled to receive information provided by the **Called Party**, whether he/she had authorized the sender to make the each and every call alleged to be illegal in the Complaint (*i.e.,* there was not a valid opt-in).  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face.  If all such data are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the CID process.

> Objection to use of the term "Called Party".  Plaintiffs' object to the Request on the basis that the term Called Party asserts a legal conclusion, misstates the law is

# Technology Law Group, L.L.C. <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 67 of 139

nonsensical gibberish.  The Requests define the term **"Called Party"** as the person receiving each of the calls associated with the Lead Party States' and the State Law Action States' claims in this Civil Action.  This is the standard term in the industry used to identify the person who receives a call.  It is a purely descriptive term with no legal implications.  As you should be aware, Called Parties can authorize/consent to receive robocalls; such calls are not "illegal."  To prove the illegality of a call, the burden of proof is on Plaintiffs to demonstrate that such authorization consent was not provided *for that call*.  On information and belief, Plaintiffs have no data addressing the issue of consent for most if not all calls that are alleging to be illegal.  The filing of a Complaint—particularly one of this magnitude—without any evidence regarding authorization/consent is, at best, negligent and, at worst, knowingly frivolous.  Defendants are clearly entitled to documents evidencing whether such consent was provided.  Defendants will be entitled to an order precluding the use of any supporting a claim or illegality where Plaintiffs fail or refuse to produce data addressing the issue of authorization/consent.

Objection based on use of the term "illegal".  This objection is disingenuous in the extreme as, among other things, that term appears at least 52 times in the Complaint.  *See, e.g.,* paras. 8, 19, 20, 23, 24, 25, 26, 34, 43, 45, 46, 62, 73, 77, 79, 80, 82, 83, 84, 85, 87, 88, 93, 94, 98, 99, 100, 102, 104, 105, 106, 109, 110, 114, 115, 116, 173, 179, 188, 201, 220, 287, 299, 302, 303, 317, 318, 319, 320, 321, 330, 331, 333, 343, 356, 371, 383, 400, 401, 403, 405, 412, 416, 430, 433, 435, 437, 456, and 458.  The word "illegal is also featured as in the heading of multiple sections of the Complaint and in the "Prayer for Relief".  Plaintiffs should use whatever definition(s) that they used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in response to this Request.

Lack of Clarity Regarding Scope of Production.  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 68 of 139

**Document Request 29:**

Please produce all **Documents** that refer to, relate to or constitute data collected by the **Lead Plaintiff States**, regarding when the telephone number associated with each call alleged to be illegal was obtained by the **Called Party**.

**Response:**

Plaintiffs object to the Request based on the definition provided for "Called Party" to the extent that it asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs object to this Request as it calls for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs respond that there are no responsive documents.

**Meet and Confer Issue(s):**

Objection based on breadth and burden.  Fails for lack of required specificity and content (*See* General Objections above).  Defendants are clearly entitled to receive information regarding when the telephone number associated with each call alleged

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 69 of 139

to be illegal was obtained by the **Called Party** as those facts bear directly on numerous issues, including whether the call was actually transited by Defendants, the accuracy of CDR data and the issue of consent, all of which are potential defenses to the Complaint. Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face. If all such data are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the CID process.

Objection based on relevance. As Plaintiffs should know, Called Parties can consent to receive any call, including a robocall. If consent is given, the call cannot be considered "illegal" under any law identified in the Complaint. Thus, it is beyond legitimate dispute that Plaintiffs need to demonstrate the absence of authorization/consent to meet their burden of proof. As such, documents which evidence the existence or absence of consent are indisputably essential, far exceeding that standard required to establish discovery relevance.

Objection to use of the term "Called Party". Plaintiffs' object to the Request on the basis that the term Called Party asserts a legal conclusion, misstates the law is nonsensical gibberish. The Requests define the term **"Called Party"** as the person receiving each of the calls associated with the Lead Party States' and the State Law Action States' claims in this Civil Action. This is the standard term in the industry used to identify the person who receives a call. It is a purely descriptive term with no legal implications. As you should be aware, Called Parties can authorize/consent to receive robocalls; such calls are not "illegal." To prove the illegality of a call, the burden of proof is on Plaintiffs to demonstrate that such authorization consent was not provided *for that call*. On information and belief, Plaintiffs have no data addressing the issue of consent for most if not all calls that are alleging to be illegal. The filing of a Complaint—particularly one of this magnitude—without any evidence regarding authorization/consent is, at best, negligent and, at worst, knowingly frivolous. Defendants are clearly entitled to documents evidencing whether such consent was provided. Defendants will be entitled to an order precluding the use of any supporting a claim or illegality where Plaintiffs fail or refuse to produce data addressing the issue of authorization/consent.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 70 of 139

> <u>Objection based on use of the term "illegal"</u>.  This objection is disingenuous in the extreme as, among other things, that term appears at least 52 times in the Complaint. *See, e.g.,* paras. 8, 19, 20, 23, 24, 25, 26, 34, 43, 45, 46, 62, 73, 77, 79, 80, 82, 83, 84, 85, 87, 88, 93, 94, 98, 99, 100, 102, 104, 105, 106, 109, 110, 114, 115, 116, 173, 179, 188, 201, 220, 287, 299, 302, 303, 317, 318, 319, 320, 321, 330, 331, 333, 343, 356, 371, 383, 400, 401, 403, 405, 412, 416, 430, 433, 435, 437, 456, and 458.  The word "illegal is also featured as in the heading of multiple sections of the Complaint and in the "Prayer for Relief".  Plaintiffs should use whatever definition(s) that they used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in response to this Request.

> <u>Lack of Clarity Regarding Scope of Production</u>.  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 30:**

Please produce all **Documents** that refer to, relate to or constitute data collected by the **Lead Plaintiff States**, evidencing whether a predecessor to the **Called Party** had agreed to accept any of the calls at issue.

**Response:**

Plaintiffs object to the Request based on the definition provided for "Called Party" to the extent that it asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action.

Responding Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "predecessor" is unclear. The responding Plaintiffs interpret the term as referring to a subscriber to whom a phone number was previously assigned prior to being re-assigned to a different subscriber at the time of a call transited by Defendants.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 71 of 139

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs object to this Request as it calls for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs respond that there are no responsive documents.

**Meet and Confer Issue(s):**

> <u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  Defendants are clearly entitled to receive information regarding whether a predecessor to the **Called Party** had agreed to accept any of the calls at issue as those facts bear directly on numerous issues, including the issue of consent, which is a potential defense to the Complaint.  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face.  If all such data are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the CID process.

> <u>Objection based on relevance.</u>  As Plaintiffs should know, Called Parties can consent to receive any call, including a robocall.  If consent is given, the call cannot be considered "illegal" under any law identified in the Complaint.  Thus, it is beyond legitimate dispute that Plaintiffs need to demonstrate the absence of authorization/consent to meet their burden of proof.  As numbers often change hands, it is plainly relevant to know whether a predecessor to the number provided authorization/consent.  As such, documents which evidence the existence or absence of consent are indisputably essential, far exceeding that standard required to establish discovery relevance.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 72 of 139

Objection to use of the term "Called Party".  Plaintiffs' object to the Request on the basis that the term Called Party asserts a legal conclusion, misstates the law is nonsensical gibberish.  The Requests define the term **"Called Party"** as the person receiving each of the calls associated with the Lead Party States' and the State Law Action States' claims in this Civil Action.  This is the standard term in the industry used to identify the person who receives a call.  It is a purely descriptive term with no legal implications.  As you should be aware, Called Parties can authorize/consent to receive robocalls; such calls are not "illegal."  To prove the illegality of a call, the burden of proof is on Plaintiffs to demonstrate that such authorization consent was not provided *for that call*.  On information and belief, Plaintiffs have no data addressing the issue of consent for most if not all calls that are alleging to be illegal.  The filing of a Complaint—particularly one of this magnitude—without any evidence regarding authorization/consent is, at best, negligent and, at worst, knowingly frivolous.  Defendants are clearly entitled to documents evidencing whether such consent was provided.  Defendants will be entitled to an order precluding the use of any supporting a claim or illegality where Plaintiffs fail or refuse to produce data addressing the issue of authorization/consent.

Objection based on use of the term "predecessor".  The meaning of the term "predecessor is clear on its face and this objection is lacking in merit.  Without admitting any ambiguity, Defendants state that the term "predecessor" means the person who was authorized to use a telephone number prior to the person who was authorized to use a telephone number when the allegedly illegal call occurred."  This issue is relevant as telephone numbers are frequently surrendered and recycled and will often continue to reflect any authorization/consent that was provided by the predecessor in relevant databases.  Please confirm that your production will be based on the application of this definition.

Lack of Clarity Regarding Scope of Production.  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 73 of 139

**Document Request 31:**

Please produce all **Documents** that refer to, relate to or constitute data collected by the **State Law Action States**, regarding when the telephone number associated with each call alleged to be illegal was obtained by the **Called Party**.

**Response:**

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs object to this Request as it calls for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to the Request based on the definition provided for "Called Party," to the extent that it asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs respond that there are no responsive documents.

**Meet and Confer Issue(s):**

    <u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  Defendants are clearly entitled to receive information regarding when the telephone number associated with each call alleged

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 74 of 139

to be illegal was obtained by the **Called Party** as those facts bear directly on numerous issues, including whether the call was actually transited by Defendants, the accuracy of CDR data and the issue of consent, all of which are potential defenses to the Complaint. Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face. If all such data are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the CID process.

Objection based on relevance. As Plaintiffs should know, Called Parties can consent to receive any call, including a robocall. If consent is given, the call cannot be considered "illegal" under any law identified in the Complaint. Thus, it is beyond legitimate dispute that Plaintiffs need to demonstrate the absence of authorization/consent to meet their burden of proof. As such, documents which evidence the existence or absence of consent are indisputably essential, far exceeding that standard required to establish discovery relevance.

Objection to use of the term "Called Party". Plaintiffs' object to the Request on the basis that the term Called Party asserts a legal conclusion, misstates the law is nonsensical gibberish. The Requests define the term **"Called Party"** as the person receiving each of the calls associated with the Lead Party States' and the State Law Action States' claims in this Civil Action. This is the standard term in the industry used to identify the person who receives a call. It is a purely descriptive term with no legal implications. As you should be aware, Called Parties can authorize/consent to receive robocalls; such calls are not "illegal." To prove the illegality of a call, the burden of proof is on Plaintiffs to demonstrate that such authorization consent was not provided *for that call*. On information and belief, Plaintiffs have no data addressing the issue of consent for most if not all calls that are alleging to be illegal. The filing of a Complaint—particularly one of this magnitude—without any evidence regarding authorization/consent is, at best, negligent and, at worst, knowingly frivolous. Defendants are clearly entitled to documents evidencing whether such consent was provided. Defendants will be entitled to an order precluding the use of any supporting a claim or illegality where Plaintiffs fail or refuse to produce data addressing the issue of authorization/consent.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 75 of 139

<u>Objection based on use of the term "illegal"</u>.  This objection is disingenuous in the extreme as, among other things, that term appears at least 52 times in the Complaint.  *See, e.g.,* paras. 8, 19, 20, 23, 24, 25, 26, 34, 43, 45, 46, 62, 73, 77, 79, 80, 82, 83, 84, 85, 87, 88, 93, 94, 98, 99, 100, 102, 104, 105, 106, 109, 110, 114, 115, 116, 173, 179, 188, 201, 220, 287, 299, 302, 303, 317, 318, 319, 320, 321, 330, 331, 333, 343, 356, 371, 383, 400, 401, 403, 405, 412, 416, 430, 433, 435, 437, 456, and 458.  The word "illegal is also featured as in the heading of multiple sections of the Complaint and in the "Prayer for Relief".  Plaintiffs should use whatever definition(s) that they used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in response to this Request.

<u>Lack of Clarity Regarding Scope of Production</u>.  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 32:**

Please produce all **Documents** that refer to, relate to or constitute data collected by the **State Law Action States**, evidencing whether a predecessor to the **Called Party** had agreed to accept any of the calls at issue.

**Response:**

Plaintiffs object to the Request based on the definition provided for "Called Party," to the extent that it asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action.

Responding Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "predecessor" is unclear. The responding Plaintiffs interpret the term as referring to a subscriber to whom a phone number was previously assigned prior to being re-assigned to a different subscriber at the time of a call transited by Defendants.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 76 of 139

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs object to this Request as it calls for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs respond that there are no responsive documents.

**Meet and Confer Issue(s):**

> <u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  Defendants are clearly entitled to receive information regarding whether a predecessor to the **Called Party** had agreed to accept any of the calls at issue as those facts bear directly on numerous issues, including the issue of consent, which is a potential defense to the Complaint.  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face.  If all such data are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the CID process.

> <u>Objection based on relevance.</u>  As Plaintiffs should know, Called Parties can consent to receive any call, including a robocall.  If consent is given, the call cannot be considered "illegal" under any law identified in the Complaint.  Thus, it is beyond legitimate dispute that Plaintiffs need to demonstrate the absence of authorization/consent to meet their burden of proof.  As numbers often change hands, it is plainly relevant to know whether a predecessor to the number provided authorization/consent.  As such, documents which evidence the existence or absence of consent are indisputably essential, far exceeding that standard required to establish discovery relevance.

**Technology Law Group, L.L.C.**<sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 77 of 139

<u>Objection to use of the term "Called Party"</u>.  Plaintiffs' object to the Request on the basis that the term Called Party asserts a legal conclusion, misstates the law is nonsensical gibberish.  The Requests define the term **"Called Party"** as the person receiving each of the calls associated with the Lead Party States' and the State Law Action States' claims in this Civil Action.  This is the standard term in the industry used to identify the person who receives a call.  It is a purely descriptive term with no legal implications.  As you should be aware, Called Parties can authorize/consent to receive robocalls; such calls are not "illegal."  To prove the illegality of a call, the burden of proof is on Plaintiffs to demonstrate that such authorization consent was not provided *for that call*.  On information and belief, Plaintiffs have no data addressing the issue of consent for most if not all calls that are alleging to be illegal. The filing of a Complaint—particularly one of this magnitude—without any evidence regarding authorization/consent is, at best, negligent and, at worst, knowingly frivolous.  Defendants are clearly entitled to documents evidencing whether such consent was provided.  Defendants will be entitled to an order precluding the use of any supporting a claim or illegality where Plaintiffs fail or refuse to produce data addressing the issue of authorization/consent.

<u>Objection based on use of the term "predecessor"</u>.  The meaning of the term "<u>predecessor</u> is clear on its face and this objection is lacking in merit.  Without admitting any ambiguity, Defendants state that the term "predecessor" means the person who was authorized to use a telephone number prior to the person who was authorized to use a telephone number when the allegedly illegal call occurred."  This issue is relevant as telephone numbers are frequently surrendered and recycled and will often continue to reflect any authorization/consent that was provided by the predecessor in relevant databases.  Please confirm that your production will be based on the application of this definition.

<u>Lack of Clarity Regarding Scope of Production</u>.  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 78 of 139

**Document Request 33:**

Please produce all **Documents** that the **Lead Plaintiff States** allege demonstrate that **Michael D. Lansky**, in his individual capacity, had **Actual Knowledge** at the time that a call transited the Avid Telecom network that *each and every* call identified in the previous Request was an illegal robocall under federal law.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Plaintiffs object to the Request to the extent that the term "Actual Knowledge" asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action. Plaintiffs' response to this Request is based on authorities interpreting the term "Actual Knowledge." *See, e.g., Off. of Athy Gen. v. Smartbiz Telecom LLC*, No. 22-23945-CIV, 2024 WL 4251895, at *4 (S.D. Fla. Sept. 19, 2024) ("Defendant had actual notice of the illegal use of its network through the Traceback notifications and numerous complaints from suppliers. These notifications provided specific information about the illegal nature of the calls and required [d]efendant to locate and respond to the Tracebacks, demonstrating that [d]efendant had actual knowledge of the illegal use of its network."). Plaintiffs' response to this Request does not constitute an acceptance of Defendants' definition of the term "Actual Knowledge" or waive any argument related thereto.

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 79 of 139

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, responding Plaintiffs state that there are no responsive documents related to Request 32, and so no responsive documents to this Request. In light of the vagueness and ambiguity of the Request, responding Plaintiffs are not purposefully withholding responsive documents.

In the alternative, to the extent that Defendants' use of the undefined term "previous Request" was meant to request the production of documents referenced in Request Nos. 20, 22, or 24 through 28, which use the term "each and every call," in response to those Requests, responding Plaintiffs have or will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Meet and Confer Issue(s):**

   **The term "previous request" was included in error.  The Request was intended to read as follows: "**Please produce all **Documents** that the **Lead Plaintiff States** allege demonstrate that **Michael D. Lansky**, in his individual capacity, had **Actual Knowledge** at the time that a call transited the Avid Telecom network that *each and every* call asserted in the Complaint to be an illegal robocall under federal law was in fact an illegal call." Please respond to this corrected Request.  With respect to your current objections:

   Objection based on use of the term "illegal".  This objection is disingenuous in the extreme as, among other things, that term appears at least 52 times in the Complaint. *See, e.g.,* paras. 8, 19, 20, 23, 24, 25, 26, 34, 43, 45, 46, 62, 73, 77, 79, 80, 82, 83, 84, 85, 87, 88, 93, 94, 98, 99, 100, 102, 104, 105, 106, 109, 110, 114, 115, 116, 173, 179, 188, 201, 220, 287, 299, 302, 303, 317, 318, 319, 320, 321, 330, 331, 333, 343, 356, 371, 383, 400, 401, 403, 405, 412, 416, 430, 433, 435, 437, 456, and 458.  The word "illegal is also featured as in the heading of multiple sections of the Complaint and in the "Prayer for Relief".  Plaintiffs should use whatever definition(s) that they used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in response to this Request.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 80 of 139

<u>Plaintiffs' objection to the Request to the extent that the term "**Actual Knowledge**" asserts a legal conclusion.</u>  The Requests define the term **Actual Knowledge** as information which the person whose knowledge is at issue is consciously aware.  Neither the definition nor the Request assert a legal conclusion.  The Request merely seeks the production of documents that demonstrate that **Michael D. Lansky**, in his individual capacity, had **"Actual Knowledge"** at the time that a call transited the Avid Telecom network that calls alleged to be illegal were, in fact, illegal.  The cited case does not use the term "Actual Knowledge"; it refers to "actual notice," which is a very different thing.  Moreover, the case relies on the receipt of Tracebacks for the calls at issue.  During the entire period of its operations, it is undisputed—indeed asserted by Plaintiffs—that Defendants received fewer than 300 tracebacks, so those tracebacks—which are not findings of illegality—cannot possibly reflect "Actual Knowledge" of the billions of calls that Plaintiffs allege transited Avid's network.  Also, the Complaint is entirely bereft of any information that could support the conclusion that Defendants received any notice of illegality with respect to the overwhelming majority of the calls transited.  Indeed, the Complaint is entirely bereft of any proof that the allegations of illegality were factually based, including with respect to the issue of consent.  In this context, evidence of "Actual Knowledge" is plainly relevant.

<u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face.

<u>Lack of Clarity Regarding Scope of Production.</u>  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 34:**

Please produce all **Documents** that the **Lead Plaintiff States** allege demonstrate that **Michael D. Lansky**, in his individual capacity, had **Actual Knowledge** at any time after a

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 81 of 139

call transited the **Avid Telecom** network that *each and every* call identified in the previous Request was an illegal robocall under federal law.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request to the extent that the term "Actual Knowledge" asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action. Plaintiffs' response to this Request is based on authorities interpreting the term "Actual Knowledge." *See, e.g.*, *Off. of Att'y Gen. v. Smartbiz Telecom LLC*, No. 22-23945-CIV, 2024 WL 4251895, at *4 (S.D. Fla. Sept. 19, 2024) ("Defendant had actual notice of the illegal use of its network through the traceback notifications and numerous complaints from suppliers. These notifications provided specific information about the illegal nature of the calls and required [d]efendant to locate and respond to the tracebacks, demonstrating that [d]efendant had actual knowledge of the illegal use of its network."). Plaintiffs' response to this Request does not constitute an acceptance of Defendants' definition of the term "Actual Knowledge" or waive any argument related thereto.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, Plaintiffs state that there are no responsive documents related to Request 33, and so no responsive documents to this Request.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 82 of 139

In the alternative, to the extent that Defendants' use of the undefined term "previous Request" was meant to request the production of documents referenced in Request Nos. 20, 22, or 24 through 28, which use the term "each and every call," in response to those Requests, the responding Plaintiffs have produced or will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Meet and Confer Issue(s):**

Objection based on use of the term "illegal". This objection is disingenuous in the extreme as, among other things, that term appears at least 52 times in the Complaint. *See, e.g.,* paras. 8, 19, 20, 23, 24, 25, 26, 34, 43, 45, 46, 62, 73, 77, 79, 80, 82, 83, 84, 85, 87, 88, 93, 94, 98, 99, 100, 102, 104, 105, 106, 109, 110, 114, 115, 116, 173, 179, 188, 201, 220, 287, 299, 302, 303, 317, 318, 319, 320, 321, 330, 331, 333, 343, 356, 371, 383, 400, 401, 403, 405, 412, 416, 430, 433, 435, 437, 456, and 458. The word "illegal is also featured as in the heading of multiple sections of the Complaint and in the "Prayer for Relief". Plaintiffs should use whatever definition(s) that they used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in response to this Request.

Plaintiffs' objection to the Request to the extent that the term "**Actual Knowledge**" asserts a legal conclusion. The Requests define the term **Actual Knowledge** as information which the person whose knowledge is at issue is consciously aware. Neither the definition nor the Request assert a legal conclusion. The Request merely seeks the production of documents that demonstrate that **Michael D. Lansky**, in his individual capacity, had "**Actual Knowledge**" at the time that a call transited the Avid Telecom network that calls alleged to be illegal were, in fact, illegal. The cited case does not use the term "Actual Knowledge"; it refers to "actual notice," which is a very different thing. Moreover, the case relies on the receipt of Tracebacks for the calls at issue. During the entire period of its operations, it is undisputed—indeed asserted by Plaintiffs—that Defendants received fewer than 300 tracebacks, so those tracebacks—which are not findings of illegality—cannot possibly reflect "Actual

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 83 of 139

Knowledge" of the billions of calls that Plaintiffs allege transited Avid's network. Also, the Complaint is entirely bereft of any information that could support the conclusion that Defendants received any notice of illegality with respect to the overwhelming majority of the calls transited. Indeed, the Complaint is entirely bereft of any proof that the allegations of illegality were factually based, including with respect to the issue of consent. In this context, evidence of "Actual Knowledge" is plainly relevant.

<u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above). This objection is also absurd on its face as it is well known and Plaintiffs have admitted that the data used to support the Complaint was obtained, at least in part, through the CID process. Defendants are clearly entitled to receive all CIDs that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each CID. Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face.

<u>Lack of Clarity Regarding Scope of Production.</u>  Plaintiffs do not state whether any documents are being withheld based on any of its several objections. Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 35:**

Please produce all **Documents** that the **State Law Action States** allege demonstrate that **Michael D. Lansky**, in his individual capacity, had **Actual Knowledge** at the time that a call transited the **Avid Telecom** network that *each and every* call identified in the previous Request was an illegal robocall under state law.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 84 of 139

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Plaintiffs object to the Request to the extent that the term "Actual Knowledge" asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action. Plaintiffs' response to this Request is based on authorities interpreting the term "Actual Knowledge'' *See, e.g.*, *Off. of Att'y Gen. v. Smartbiz Telecom LLC*, No. 22-23945-CIV, 2024 WL 4251895, at *4 (S.D. Fla. Sept. 19, 2024) ("Defendant had actual notice of the illegal use of its network through the traceback notifications and numerous complaints from suppliers. These notifications provided specific information about the illegal nature of the calls and required [d]efendant to locate and respond to the tracebacks, demonstrating that [d]efendant had actual knowledge of the illegal use of its network."). Plaintiffs' responses to this Request does not constitute an acceptance of Defendants' definition of the term "Actual Knowledge" or waive any argument related thereto.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, Plaintiffs state that there are no responsive documents related to Request 34, and so no responsive documents to this Request.

In the alternative, to the extent that Defendants' use of the undefined term "previous Request" was meant to request the production of documents referenced in Request Nos. 20, 22, or 24 through 28, which use the term "each and every call," in response to those Requests, the responding Plaintiffs have or will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 85 of 139

their possession, custody, or control within a reasonable time following the entry of a protective order.

**Meet and Confer Issue(s):**

Objection based on use of the term "illegal".  This objection is disingenuous in the extreme as, among other things, that term appears at least 52 times in the Complaint. *See, e.g.,* paras. 8, 19, 20, 23, 24, 25, 26, 34, 43, 45, 46, 62, 73, 77, 79, 80, 82, 83, 84, 85, 87, 88, 93, 94, 98, 99, 100, 102, 104, 105, 106, 109, 110, 114, 115, 116, 173, 179, 188, 201, 220, 287, 299, 302, 303, 317, 318, 319, 320, 321, 330, 331, 333, 343, 356, 371, 383, 400, 401, 403, 405, 412, 416, 430, 433, 435, 437, 456, and 458.  The word "illegal is also featured as in the heading of multiple sections of the Complaint and in the "Prayer for Relief".  Plaintiffs should use whatever definition(s) that they used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in response to this Request.

Plaintiffs' objection to the Request to the extent that the term "**Actual Knowledge**" asserts a legal conclusion.  The Requests define the term **Actual Knowledge** as information which the person whose knowledge is at issue is consciously aware.  Neither the definition nor the Request assert a legal conclusion.  The Request merely seeks the production of documents that demonstrate that **Michael D. Lansky**, in his individual capacity, had "**Actual Knowledge**" at the time that a call transited the Avid Telecom network that calls alleged to be illegal were, in fact, illegal.  The cited case does not use the term "Actual Knowledge"; it refers to "actual notice," which is a very different thing.  Moreover, the case relies on the receipt of Tracebacks for the calls at issue.  During the entire period of its operations, it is undisputed—indeed asserted by Plaintiffs—that Defendants received fewer than 300 tracebacks, so those tracebacks—which are not findings of illegality—cannot possibly reflect "Actual Knowledge" of the billions of calls that Plaintiffs allege transited Avid's network.  Also, the Complaint is entirely bereft of any information that could support the conclusion that Defendants received any notice of illegality with respect to the overwhelming majority of the calls transited.  Indeed, the Complaint is entirely bereft of any proof that the allegations of illegality were factually based, including

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 86 of 139

> with respect to the issue of consent.  In this context, evidence of "Actual Knowledge" is plainly relevant.
>
> <u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face.
>
> <u>Lack of Clarity Regarding Scope of Production</u>.  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 36:**

Please produce all **Documents** that the **State Law Action States** allege demonstrate that **Michael D. Lansky**, in his individual capacity, had **Actual Knowledge** at any time after a call transited the **Avid Telecom** network that *each and every* call identified in the previous Request was an illegal robocall under state law.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request to the extent that Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 87 of 139

Plaintiffs object to the Request to the extent that the term "Actual Knowledge" asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action. Plaintiffs' response to this Request is based on authorities interpreting the term "Actual Knowledge." *See, e.g.*, *Off. of Att'y Gen. v. Smartbiz Telecom LLC*, No. 22-23945-CIV, 2024 WL 4251895, at *4 (S.D. Fla. Sept. 19, 2024) ("Defendant had actual notice of the illegal use of its network through the traceback notifications and numerous complaints from suppliers. These notifications provided specific information about the illegal nature of the calls and required [d]efendant to locate and respond to the tracebacks, demonstrating that [d]efendant had actual knowledge of the illegal use of its network."). Plaintiffs' responses to these Requests do not constitute an acceptance of

Defendants' definition of the term "Actual Knowledge" or waive any argument related thereto.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, Plaintiffs state that there are no responsive documents related to Request 35, and so there are no responsive documents to this Request.

In the alternative, to the extent that Defendants' use of the undefined term "previous Request" was meant to request the production of documents referenced in Request Nos. 20, 22, or 24 through 28, which use the term "each and every call," in response to those Requests, the responding Plaintiffs have produced or will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Meet and Confer Issue(s):**

> <u>Objection based on use of the term "illegal"</u>. This objection is disingenuous in the extreme as, among other things, that term appears at least 52 times in the Complaint. *See, e.g.,* paras. 8, 19, 20, 23, 24, 25, 26, 34, 43, 45, 46, 62, 73, 77, 79, 80, 82, 83, 84, 85, 87, 88, 93, 94, 98, 99, 100, 102, 104, 105, 106, 109, 110, 114, 115, 116, 173, 179, 188, 201, 220, 287, 299, 302, 303, 317, 318, 319, 320, 321, 330, 331, 333, 343,

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 88 of 139

356, 371, 383, 400, 401, 403, 405, 412, 416, 430, 433, 435, 437, 456, and 458.  The word "illegal is also featured as in the heading of multiple sections of the Complaint and in the "Prayer for Relief".  Plaintiffs should use whatever definition(s) that they used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in response to this Request.

Plaintiffs' objection to the Request to the extent that the term "**Actual Knowledge**" asserts a legal conclusion.  The Requests define the term **Actual Knowledge** as information which the person whose knowledge is at issue is consciously aware.  Neither the definition nor the Request assert a legal conclusion.  The Request merely seeks the production of documents that demonstrate that **Michael D. Lansky**, in his individual capacity, had **"Actual Knowledge"** at the time that a call transited the Avid Telecom network that calls alleged to be illegal were, in fact, illegal.  The cited case does not use the term "Actual Knowledge"; it refers to "actual notice," which is a very different thing.  Moreover, the case relies on the receipt of Tracebacks for the calls at issue.  During the entire period of its operations, it is undisputed—indeed asserted by Plaintiffs—that Defendants received fewer than 300 tracebacks, so those tracebacks—which are not findings of illegality—cannot possibly reflect "Actual Knowledge" of the billions of calls that Plaintiffs allege transited Avid's network.  Also, the Complaint is entirely bereft of any information that could support the conclusion that Defendants received any notice of illegality with respect to the overwhelming majority of the calls transited.  Indeed, the Complaint is entirely bereft of any proof that the allegations of illegality were factually based, including with respect to the issue of consent.  In this context, evidence of "Actual Knowledge" is plainly relevant.

Objection based on breadth and burden.  Fails for lack of required specificity and content (*See* General Objections above).  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face.

Lack of Clarity Regarding Scope of Production.  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 89 of 139

> and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 37:**

Please produce all **Documents** that the **Lead Plaintiff States** allege demonstrate that **Stacey S. Reeves**, in her individual capacity, had **Actual Knowledge** at the time that a call transited the Avid Telecom network that *each and every* call identified in the previous Request was an illegal robocall under federal law.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request to the extent that the term "Actual Knowledge" asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action. Plaintiffs' response to this Request is based on authorities interpreting the term "Actual Knowledge." *See, e.g.*, *Off. of Att'y Gen. v. Smartbiz Telecom LLC*, No. 22-23945-CIV, 2024 WL 4251895, at *4 (S.D. Fla. Sept. 19, 2024) ("Defendant had actual notice of the illegal use of its network through the traceback notifications and numerous complaints from suppliers. These notifications provided specific information about the illegal nature of the calls and required [d]efendant to locate and respond to the tracebacks, demonstrating that [d]efendant had actual knowledge of the illegal use of its network."). Plaintiffs' response to this Request does not constitute an acceptance of Defendants' definition of the term "Actual Knowledge" or waive any argument related thereto.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 90 of 139

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, Plaintiffs state that there are no responsive documents related to Request 36, and so there are no responsive documents to this Request.

In the alternative, to the extent that Defendants' use of the undefined term "previous Request" was meant to request the production of documents referenced in Request Nos. 20, 22, or 24 through 28, which use the term "each and every call," in response to those Requests, the responding Plaintiffs have produced or will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Meet and Confer Issue(s):**

Objection based on use of the term "illegal". This objection is disingenuous in the extreme as, among other things, that term appears at least 52 times in the Complaint. *See, e.g.,* paras. 8, 19, 20, 23, 24, 25, 26, 34, 43, 45, 46, 62, 73, 77, 79, 80, 82, 83, 84, 85, 87, 88, 93, 94, 98, 99, 100, 102, 104, 105, 106, 109, 110, 114, 115, 116, 173, 179, 188, 201, 220, 287, 299, 302, 303, 317, 318, 319, 320, 321, 330, 331, 333, 343, 356, 371, 383, 400, 401, 403, 405, 412, 416, 430, 433, 435, 437, 456, and 458. The word "illegal is also featured as in the heading of multiple sections of the Complaint and in the "Prayer for Relief". Plaintiffs should use whatever definition(s) that they used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in response to this Request.

Plaintiffs' objection to the Request to the extent that the term "**Actual Knowledge**" asserts a legal conclusion. The Requests define the term **Actual Knowledge** as information which the person whose knowledge is at issue is consciously aware. Neither the definition nor the Request assert a legal conclusion. The Request merely

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 91 of 139

seeks the production of documents that demonstrate that **Michael D. Lansky**, in his individual capacity, had **"Actual Knowledge"** at the time that a call transited the Avid Telecom network that calls alleged to be illegal were, in fact, illegal. The cited case does not use the term "Actual Knowledge"; it refers to "actual notice," which is a very different thing. Moreover, the case relies on the receipt of Tracebacks for the calls at issue. During the entire period of its operations, it is undisputed—indeed asserted by Plaintiffs—that Defendants received fewer than 300 tracebacks, so those tracebacks—which are not findings of illegality—cannot possibly reflect "Actual Knowledge" of the billions of calls that Plaintiffs allege transited Avid's network. Also, the Complaint is entirely bereft of any information that could support the conclusion that Defendants received any notice of illegality with respect to the overwhelming majority of the calls transited. Indeed, the Complaint is entirely bereft of any proof that the allegations of illegality were factually based, including with respect to the issue of consent. In this context, evidence of "Actual Knowledge" is plainly relevant.

Objection based on breadth and burden. Fails for lack of required specificity and content (*See* General Objections above). Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face.

Lack of Clarity Regarding Scope of Production. Plaintiffs do not state whether any documents are being withheld based on any of its several objections. Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 38:**

Please produce all Documents that the **Lead Plaintiff States** allege demonstrate that\ **Stacey S. Reeves**, in her individual capacity, had **Actual Knowledge** at any time after a call transited the Avid Telecom network that *each and every* call identified in the previous Request was an illegal robocall under federal law.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 92 of 139

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Plaintiffs object to the Request to the extent that the term "Actual Knowledge" asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action. Plaintiffs' response to this Request is based on authorities interpreting the term "Actual Knowledge." *See, e.g., Off. of Att'y Gen. v. Smartbiz Telecom LLC*, No. 22-23945-CIV, 2024 WL 4251895, at *4 (S.D. Fla. Sept. 19, 2024) ("Defendant had actual notice of the illegal use of its network through the traceback notifications and numerous complaints from suppliers. These notifications provided specific information about the illegal nature of the calls and required [d]efendant to locate and respond to the tracebacks, demonstrating that [d]efendant had actual knowledge of the illegal use of its network."). Plaintiffs' response to this Request does not constitute an acceptance of Defendants' definition of the term "Actual Knowledge" or waive any argument related thereto.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, Plaintiffs state that there are no responsive documents related to Request 37, and so no responsive documents to this Request.

In the alternative, to the extent that Defendants' use of the undefined term "previous Request" was meant to request the production of documents referenced in Request Nos. 20, 22, or 24 through 28, which use the term "each and every call," in response to those

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 93 of 139

Requests, the responding Plaintiffs have produced or will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Meet and Confer Issue(s):**

Objection based on use of the term "illegal". This objection is disingenuous in the extreme as, among other things, that term appears at least 52 times in the Complaint. *See, e.g.,* paras. 8, 19, 20, 23, 24, 25, 26, 34, 43, 45, 46, 62, 73, 77, 79, 80, 82, 83, 84, 85, 87, 88, 93, 94, 98, 99, 100, 102, 104, 105, 106, 109, 110, 114, 115, 116, 173, 179, 188, 201, 220, 287, 299, 302, 303, 317, 318, 319, 320, 321, 330, 331, 333, 343, 356, 371, 383, 400, 401, 403, 405, 412, 416, 430, 433, 435, 437, 456, and 458. The word "illegal is also featured as in the heading of multiple sections of the Complaint and in the "Prayer for Relief". Plaintiffs should use whatever definition(s) that they used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in response to this Request.

Plaintiffs' objection to the Request to the extent that the term "**Actual Knowledge**" asserts a legal conclusion. The Requests define the term **Actual Knowledge** as information which the person whose knowledge is at issue is consciously aware. Neither the definition nor the Request assert a legal conclusion. The Request merely seeks the production of documents that demonstrate that **Michael D. Lansky**, in his individual capacity, had **"Actual Knowledge"** at the time that a call transited the Avid Telecom network that calls alleged to be illegal were, in fact, illegal. The cited case does not use the term "Actual Knowledge"; it refers to "actual notice," which is a very different thing. Moreover, the case relies on the receipt of Tracebacks for the calls at issue. During the entire period of its operations, it is undisputed—indeed asserted by Plaintiffs—that Defendants received fewer than 300 tracebacks, so those tracebacks—which are not findings of illegality—cannot possibly reflect "Actual Knowledge" of the billions of calls that Plaintiffs allege transited Avid's network. Also, the Complaint is entirely bereft of any information that could support the conclusion that Defendants received any notice of illegality with respect to the

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 94 of 139

> overwhelming majority of the calls transited. Indeed, the Complaint is entirely bereft of any proof that the allegations of illegality were factually based, including with respect to the issue of consent. In this context, evidence of "Actual Knowledge" is plainly relevant.
>
> <u>Objection based on breadth and burden.</u> Fails for lack of required specificity and content (*See* General Objections above). Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face.
>
> <u>Lack of Clarity Regarding Scope of Production.</u> Plaintiffs do not state whether any documents are being withheld based on any of its several objections. Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 39:**

Please produce all **Documents** that the **State Law Action States** allege demonstrate that **Stacey S. Reeves**, in her individual capacity, had **Actual Knowledge** at the time that a call transited the Avid Network that *each and every* call identified in the previous Request was an illegal robocall under state law.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 95 of 139

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Plaintiffs object to the Request to the extent that the term "Actual Knowledge" asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action. Plaintiffs' response to this Request is based on authorities interpreting the term "Actual Knowledge." *See, e.g., Off. of Att'y Gen. v. Smartbiz Telecom LLC*, No. 22-23945-CIV, 2024 WL 4251895, at *4 (S.D. Fla. Sept. 19, 2024) ("Defendant had actual notice of the illegal use of its network through the traceback notifications and numerous complaints from suppliers. These notifications provided specific information about the illegal nature of the calls and required [d]efendant to locate and respond to the tracebacks, demonstrating that [d]efendant had actual knowledge of the illegal use of its network."). Plaintiffs' response to this Request does not constitute an acceptance of Defendants' definition of the term "Actual Knowledge" or waive any argument related thereto.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, Plaintiffs state that there are no responsive documents related to Request 38, and so no responsive documents to this Request.

In the alternative, to the extent that Defendants' use of the undefined term "previous Request" was meant to request the production of documents referenced in Request Nos. 20, 22, or 24 through 28, which use the term "each and every call," in response to those Requests, the responding Plaintiffs have produced or will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Meet and Confer Issue(s):**

> Objection based on use of the term "illegal". This objection is disingenuous in the extreme as, among other things, that term appears at least 52 times in the Complaint.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 96 of 139

*See, e.g.,* paras. 8, 19, 20, 23, 24, 25, 26, 34, 43, 45, 46, 62, 73, 77, 79, 80, 82, 83, 84, 85, 87, 88, 93, 94, 98, 99, 100, 102, 104, 105, 106, 109, 110, 114, 115, 116, 173, 179, 188, 201, 220, 287, 299, 302, 303, 317, 318, 319, 320, 321, 330, 331, 333, 343, 356, 371, 383, 400, 401, 403, 405, 412, 416, 430, 433, 435, 437, 456, and 458.  The word "illegal is also featured as in the heading of multiple sections of the Complaint and in the "Prayer for Relief".  Plaintiffs should use whatever definition(s) that they used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in response to this Request.

Plaintiffs' objection to the Request to the extent that the term "**Actual Knowledge**" asserts a legal conclusion.  The Requests define the term **Actual Knowledge** as information which the person whose knowledge is at issue is consciously aware.  Neither the definition nor the Request assert a legal conclusion.  The Request merely seeks the production of documents that demonstrate that **Michael D. Lansky**, in his individual capacity, had "**Actual Knowledge**" at the time that a call transited the Avid Telecom network that calls alleged to be illegal were, in fact, illegal.  The cited case does not use the term "Actual Knowledge"; it refers to "actual notice," which is a very different thing.  Moreover, the case relies on the receipt of Tracebacks for the calls at issue.  During the entire period of its operations, it is undisputed—indeed asserted by Plaintiffs—that Defendants received fewer than 300 tracebacks, so those tracebacks—which are not findings of illegality—cannot possibly reflect "Actual Knowledge" of the billions of calls that Plaintiffs allege transited Avid's network.  Also, the Complaint is entirely bereft of any information that could support the conclusion that Defendants received any notice of illegality with respect to the overwhelming majority of the calls transited.  Indeed, the Complaint is entirely bereft of any proof that the allegations of illegality were factually based, including with respect to the issue of consent.  In this context, evidence of "Actual Knowledge" is plainly relevant.

Objection based on breadth and burden.  Fails for lack of required specificity and content (*See* General Objections above).  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 97 of 139

Lack of Clarity Regarding Scope of Production.  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 40:**

Please produce all **Documents** that the **State Law Action States** allege demonstrate that **Stacey S. Reeves**, in her individual capacity, had **Actual Knowledge** at any time after a call transited the Avid Network that *each and every* call identified in the previous Request was an illegal robocall under state law.

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks factual evidence for Defendants.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Plaintiffs object to the Request to the extent that the term "Actual Knowledge" asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action. Plaintiffs' response to this Request is based on authorities interpreting the term "Actual Knowledge." *See, e.g.*, *Off. of Att'y Gen. v. Smartbiz Telecom LLC*, No. 22-23945-CIV, 2024 WL 4251895, at *4 (S.D. Fla. Sept. 19, 2024) ("Defendant had actual notice of the illegal use of its network through the traceback notifications and numerous complaints from suppliers. These notifications provided specific information about the illegal nature of the calls and required [d]efendant to locate and respond to the tracebacks, demonstrating that [d]efendant had actual knowledge of the illegal use of its

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 98 of 139

network.”). Plaintiffs' response to this Request does not constitute an acceptance of Defendants' definition of the term “Actual Knowledge” or waive any argument related thereto.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, Plaintiffs state that there are no responsive documents related to Request 39, and so no responsive documents to this Request.

In the alternative, to the extent that Defendants' use of the undefined term “previous Request” was meant to request the production of documents referenced in Request Nos. 20, 22, or 24 through 28, which use the term “each and every call,” in response to those Requests, the responding Plaintiffs have or will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Meet and Confer Issue(s):**

<u>Objection based on use of the term “illegal”</u>.  This objection is disingenuous in the extreme as, among other things, that term appears at least 52 times in the Complaint. *See, e.g.,* paras. 8, 19, 20, 23, 24, 25, 26, 34, 43, 45, 46, 62, 73, 77, 79, 80, 82, 83, 84, 85, 87, 88, 93, 94, 98, 99, 100, 102, 104, 105, 106, 109, 110, 114, 115, 116, 173, 179, 188, 201, 220, 287, 299, 302, 303, 317, 318, 319, 320, 321, 330, 331, 333, 343, 356, 371, 383, 400, 401, 403, 405, 412, 416, 430, 433, 435, 437, 456, and 458.  The word “illegal is also featured as in the heading of multiple sections of the Complaint and in the “Prayer for Relief”.  Plaintiffs should use whatever definition(s) that they used for the term “illegal” in drafting the Complaint as the definition of “illegal” for the purpose of producing documents in response to this Request.

<u>Plaintiffs' objection to the Request to the extent that the term “**Actual Knowledge**” asserts a legal conclusion</u>.  The Requests define the term **Actual Knowledge** as information which the person whose knowledge is at issue is consciously aware. Neither the definition nor the Request assert a legal conclusion.  The Request merely

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 99 of 139

seeks the production of documents that demonstrate that **Michael D. Lansky**, in his individual capacity, had **"Actual Knowledge"** at the time that a call transited the Avid Telecom network that calls alleged to be illegal were, in fact, illegal.  The cited case does not use the term "Actual Knowledge"; it refers to "actual notice," which is a very different thing.  Moreover, the case relies on the receipt of Tracebacks for the calls at issue.  During the entire period of its operations, it is undisputed—indeed asserted by Plaintiffs—that Defendants received fewer than 300 tracebacks, so those tracebacks—which are not findings of illegality—cannot possibly reflect "Actual Knowledge" of the billions of calls that Plaintiffs allege transited Avid's network.  Also, the Complaint is entirely bereft of any information that could support the conclusion that Defendants received any notice of illegality with respect to the overwhelming majority of the calls transited.  Indeed, the Complaint is entirely bereft of any proof that the allegations of illegality were factually based, including with respect to the issue of consent.  In this context, evidence of "Actual Knowledge" is plainly relevant.

Objection based on breadth and burden.  Fails for lack of required specificity and content (*See* General Objections above).  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face.

Lack of Clarity Regarding Scope of Production.  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 41:**

Please produce all **Documents** that the **Lead Plaintiff States** allege demonstrate that **Stacey S. Reeves** had the actual authority to make any decision on behalf Avid Telecom; *i.e.,* not just that she stated a position but that she had the authority to make the decision and did so on her own without input from Mr. Lansky).

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 100 of 139

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the term "actual authority" as the term is not defined and calls for a legal conclusion.

Plaintiffs object to this Request as it calls for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it is vague and ambiguous as to whether it is seeking documents containing facts or seeking responding Plaintiffs' application of the law to those facts.

Plaintiffs object to this Request to the extent it seeks factual documents on the grounds that it calls for documents that are in the possession, custody, or control of the Defendants.

Plaintiffs object to this Request to the extent it seeks documents in which responding Plaintiffs applied the law to facts. Documents relating to Plaintiffs' legal conclusions are protected opinion work product and information protected by the deliberative process privilege, attorney-client privilege, law enforcement privilege, as well as the joint prosecution, common interest privilege, and the attorney trial preparation and attorney work product doctrines. Plaintiffs are not withholding any documents based on this privilege objection.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 101 of 139

**Meet and Confer Issue(s):**

>  Objection based on alleged absence of definition of "actual authority".  Plaintiffs'
> objection that the term "actual authority" is not adequately defined is disingenuous
> in the extreme given Plaintiffs' repeated use of the similar term "authority to
> control" in describing Ms. Reeves relationship to Avid.  *See, e.g.,* Complaint as para.
> 14. Without admitting that there is any ambiguity in the term, Plaintiffs should use
> whatever definition(s) that they used for the term "authority to control" in drafting
> the Complaint as the definition of "actual authority" for the purpose of producing
> documents in response to this Request.

>  Objection based on breadth and burden.  Fails for lack of required specificity and
> content (*See* General Objections above).  Given that Plaintiffs' claims in this Case,
> if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars,
> Plaintiffs claims of proportionality are absurd on their face.

>  Lack of Clarity Regarding Scope of Production.  Plaintiffs do not state whether any
> documents are being withheld based on any of its several objections.  Please so state
> and, if the statement is in the affirmative, please identify each document that is being
> withheld and all reasons why.

**Document Request 42:**

Please produce all **Documents** that the **State Law Action States** allege demonstrate that
**Stacey S. Reeves** had the actual authority to make any decision on behalf Avid Telecom;
*i.e.,* not just that she stated a position but that she had the authority to make the decision
and did so on her own without input from Mr. Lansky).

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and
unduly burdensome.

# Technology Law Group, L.L.C. <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 102 of 139

Plaintiffs object to the term "actual authority" as the term is not defined and calls for a legal conclusion.

Plaintiffs object to this Request as it calls for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to the Request to the extent that is it vague and ambiguous as to whether it is seeking documents containing facts or responding Plaintiffs' application of the law to those facts.

Plaintiffs object to this Request to the extent it seeks factual documents on the grounds that it calls for documents that are in the possession, custody, or control of the Defendants.

Plaintiffs object to this Request to the extent it seeks documents in which responding Plaintiffs applied the law to facts. Documents relating to Plaintiffs' legal conclusions are protected opinion work product and information protected by the deliberative process privilege, attorney-client privilege, law enforcement privilege, as well as the joint prosecution, common interest privilege and the attorney trial preparation, and attorney work product doctrines. Plaintiffs are not withholding any documents based on this privilege objection.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Meet and Confer Issue(s):**

<u>Objection based on alleged absence of definition of "actual authority"</u>.  Plaintiffs' objection that the term "actual authority" is not adequately defined is disingenuous in the extreme given Plaintiffs' repeated use of the similar term "authority to

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 103 of 139

control" in describing Ms. Reeves relationship to Avid.  *See, e.g.,* Complaint as para. 14. Without admitting that there is any ambiguity in the term, Plaintiffs should use whatever definition(s) that they used for the term "authority to control" in drafting the Complaint as the definition of "actual authority" for the purpose of producing documents in response to this Request.

Objection based on breadth and burden.  Fails for lack of required specificity and content (*See* General Objections above).  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face.

Lack of Clarity Regarding Scope of Production.  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 43:**

Please produce all **Documents** that the **Lead Plaintiff States** allege demonstrate that **Stacey S. Reeves** was an employee of Avid Telecom.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to this Request as it calls for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 104 of 139

Plaintiffs object to the Request to the extent that is it vague and ambiguous as to whether it is seeking documents containing facts or responding Plaintiffs' application of the law to those facts.

Plaintiffs object to this Request to the extent it seeks factual documents on the grounds that it calls for documents that are in the possession, custody, or control of the Defendants.

Plaintiffs object to this Request to the extent it seeks documents in which responding Plaintiffs applied the law to facts. Documents relating to Plaintiffs' legal conclusions are protected opinion work product and information protected by the deliberative process privilege, attorney-client privilege, law enforcement privilege, as well as the joint prosecution, common interest privilege and the attorney trial preparation, and attorney work product doctrines. Plaintiffs are not withholding any documents based on this privilege objection.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Meet and Confer Issue(s):**

> <u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  Defendants are clearly entitled to receive documents alleged to evidence that Ms. Reeves was an employee of Avid and there is no reason to believe that producing them would be unduly burdensome.  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face.  If the requested documents are not produced, Defendants will be entitled to an order precluding the use of any documentary evidence on the issue of Ms. Reeves' authority.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 105 of 139

<u>Objection based on relevance.</u>  It is hard to imagine how this objection could have been made in good faith as Plaintiffs specifically allege that Ms. Reeves acted as the Vice President of Avid and, on that basis, that she should be personally liable for activities of the company.  *See* Compliant at para. 14, 71, 405.  Defendants are plainly entitled to full production of responsive documents.

<u>Objection based on vagueness.</u>  It is hard to imagine how this objection could have been made in good faith as Plaintiffs specifically allege that Ms. Reeves acted as the Vice President of Avid and, on that basis, that she should be personally liable for activities of the company. *See* Compliant at para. 14, 71, 405.  This Request clearly and directly seeks documents that support that allegation. Defendants are plainly entitled to full production of responsive documents.

<u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face.

<u>Lack of Clarity Regarding Scope of Production</u>.  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 44:**

Please produce all **Documents** that the **State Law Action States** allege demonstrate that **Stacey S. Reeves** was an employee of Avid Telecom.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 106 of 139

Plaintiffs object to extent that "State Law Action State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to this Request as calls for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to the Request to the extent that is it vague and ambiguous as to whether it is seeking documents containing facts or responding Plaintiffs' application of the law to those facts.

Plaintiffs object to this Request to the extent it seeks factual documents on the grounds that it calls for documents that are in the possession, custody, or control of the Defendants.

Plaintiffs object to this Request to the extent it seeks documents in which responding Plaintiffs applied the law to facts. Documents relating to Plaintiffs' legal conclusions are protected opinion work product and information protected by the deliberative process privilege, attorney-client privilege, law enforcement privilege, as well as the joint prosecution, common interest privilege and the attorney trial preparation, and attorney work product doctrines. Plaintiffs are not withholding any documents based on this privilege objection.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Meet and Confer Issue(s):**

> <u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  Defendants are clearly entitled to receive documents alleged to evidence that Ms. Reeves was an employee of Avid and there

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 107 of 139

is no reason to believe that producing them would be unduly burdensome. Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face. If the requested documents are not produced, Defendants will be entitled to an order precluding the use of any documentary evidence on the issue of Ms. Reeves' authority.

Objection based on relevance. It is hard to imagine how this objection could have been made in good faith as Plaintiffs specifically allege that Ms. Reeves acted as the Vice President of Avid and, on that basis, that she should be personally liable for activities of the company. *See* Compliant at para. 14, 71, 405. Defendants are plainly entitled to full production of responsive documents.

Objection based on vagueness. It is hard to imagine how this objection could have been made in good faith as Plaintiffs specifically allege that Ms. Reeves acted as the Vice President of Avid and, on that basis, that she should be personally liable for activities of the company. *See* Compliant at para. 14, 71, 405. This Request clearly and directly seeks documents that support that allegation. Defendants are plainly entitled to full production of responsive documents.

Objection based on breadth and burden. Fails for lack of required specificity and content (*See* General Objections above). Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face.

Lack of Clarity Regarding Scope of Production. Plaintiffs do not state whether any documents are being withheld based on any of its several objections. Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 45:**

Please produce all **Documents** that constitute a conclusion by an agency (*e.g.,* the FCC) or court with jurisdiction that any specific call transited by Avid Telecom was illegal.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 108 of 139

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs object to the Request to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to the phrase "constitutes a conclusion by an agency" to the extent that such phrase is not defined, is vague and ambiguous and not relevant or determinative to the Plaintiffs' causes of action. Responding Plaintiffs interpret the phrase to mean documents which contain information sufficient to support a reasonable belief that a call transited by Avid Telecom was illegal.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, https://www.fcc.gov/robocall-facilitators-must-cease-and-desistsince, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs will not produce any documents because they are equally available to Defendants. *See, e.g.*, Complaint (ECF No. 1) at ¶¶ 110–19, 125; FCC, *Robocall Facilitators Must Cease and Desist*, https://www.fcc.gov/robocall-facilitators-must-cease-and-desist and publicly filed court documents.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 109 of 139

**Meet and Confer Issue(s):**

> <u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  Given that Plaintiffs' claims, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face.  If the requested documents are not produced, Defendants will be entitled to an order precluding the use of any evidence regarding FCC decision-making about Avid calls.

> <u>Objection based on failure to define the phrase "constitutes a conclusion by an agency."</u>  Plaintiffs' feigned inability to understand the term "constitutes a conclusion by an agency" is absurd.  Plainly that phrase is intended to seek the production of documents that evidence a finding by of illegality by the FCC.  As Plaintiffs improperly rely on the issuance of tracebacks as purported evidence of illegality—which they plainly are not—any evidence supporting the allegation that the FCC has concluded that Defendants have acted illegally is clearly relevant and material.  To the extent that Plaintiffs continue to argue that more definition is required, Defendants state that the phrase "constitutes a conclusion by an agency" include any Memorandum Opinion and Order, Order, or the like issued by the Enforcement Bureau and/or by the full Commission, which contains a conclusion that any specific call transited by Avid Telecom was illegal.

> <u>Objection based on use of the term "illegal".</u>  This objection is disingenuous in the extreme as, among other things, that term appears at least 52 times in the Complaint.  *See, e.g.,* paras. 8, 19, 20, 23, 24, 25, 26, 34, 43, 45, 46, 62, 73, 77, 79, 80, 82, 83, 84, 85, 87, 88, 93, 94, 98, 99, 100, 102, 104, 105, 106, 109, 110, 114, 115, 116, 173, 179, 188, 201, 220, 287, 299, 302, 303, 317, 318, 319, 320, 321, 330, 331, 333, 343, 356, 371, 383, 400, 401, 403, 405, 412, 416, 430, 433, 435, 437, 456, and 458.  The word "illegal is also featured as in the heading of multiple sections of the Complaint and in the "Prayer for Relief".  Plaintiffs should use whatever definition(s) that they used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in response to this Request.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 110 of 139

<u>Objection based on relevance.</u>  It is hard to imagine how this objection could have been made in good faith as Plaintiffs specifically allege that Defendants transited billions of illegal calls.  As the regulatory body with authority to regulate the telecommunications services and carriers at issue, the fact or the absence of an order or the like from the FCC regarding the legality of Defendants operations—especially given the issuance of tracebacks to Avid—plainly meets the standard for discovery relevance.  Defendants are plainly entitled to full production of responsive documents.

<u>Lack of Clarity Regarding Scope of Production.</u>  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 48:**

Please produce all **Documents**, including without limitation, all press releases, statements to the press or any third party, made by each **Lead Plaintiff State** about any Defendant and/or this Civil Action.

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, and therefore requests records outside the scope of this litigation.

**Technology Law Group, L.L.C.** [SM]

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 111 of 139

Plaintiffs object to this Request as overly broad and unduly burdensome, as well as vague and ambiguous, to the extent that it seeks all press releases, statements to the press and any third party without restricting the request to the scope of the subject matter of this litigation.

Plaintiffs object to this Request as it calls for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

The responding Plaintiffs object to the Request, to the extent it is seeking any non- public records, as seeking information protected by the deliberative process privilege, joint prosecution/common interest privilege, law enforcement privilege and the attorney trial preparation and attorney work product doctrines.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

**Meet and Confer Issue(s):**

> Objection based on breadth and burden. Fails for lack of required specificity and content (*See* General Objections above). Given that Plaintiffs' claims, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face. If the requested documents are not produced, Defendants will be entitled to an order precluding the use of any evidence regarding FCC decision-making about Avid calls.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 112 of 139

<u>Objection based on relevance.</u>  Plaintiffs' public statements regarding the actions undertaken by Avid are directly relevant both as a matter of fact and as a matter of credibility to the extent that they conflict with multiple allegations in the complaint.

<u>Lack of Clarity Regarding Scope of Production.</u>  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 51:**

Please produce all **Documents**, including without limitation, all press releases, statements to the press or any third party, made by each **State Law Action State** about any Defendant and/or this Civil Action.

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to extent that "State Law Action State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, therefore requests records outside the scope of this litigation.

Plaintiffs object to this Request as overly broad and unduly burdensome, as well as vague and ambiguous, to the extent that it seeks all press releases, statements to the press and any third party without restricting the request to the scope of the subject matter of this litigation.

Plaintiffs object to this Request as it calls for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 113 of 139

The responding Plaintiffs object to the Request, to the extent it is seeking any non- public records, as seeking information protected by the deliberative process privilege, joint prosecution/common interest privilege, law enforcement privilege and the attorney trial preparation and attorney work product doctrines.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

**Meet and Confer Issue(s):**

Objection based on breadth and burden. Fails for lack of required specificity and content (*See* General Objections above). Given that Plaintiffs' claims, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face. If the requested documents are not produced, Defendants will be entitled to an order precluding the use of any evidence regarding FCC decision-making about Avid calls.

Objection based on relevance. Plaintiffs' public statements regarding the actions undertaken by Avid are directly relevant both as a matter of fact and as a matter of credibility to the extent that they conflict with multiple allegations in the complaint.

Lack of Clarity Regarding Scope of Production. Plaintiffs do not state whether any documents are being withheld based on any of its several objections. Please so state

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 114 of 139

and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 52:**

Please produce all **Documents** utilized by the **Lead Plaintiff States** to calculate the damages calculate the damages forth in the **Complaint** arising out of federal law.

**Response:**

Plaintiffs have no responsive documents as there are no damage calculations set forth in Plaintiffs' Complaint.

**Meet and Confer Issue(s):**

Defendants Request is not limited to damage calculations set forth in the Complaint. Defendant is entitled to all damage calculations regardless of whether they existed at the time that the Complaint was filed and regardless of whether they were reference in the Complaint.

Plaintiff is required to produce responsive documents when they come to exist and may not withhold them pending the service of its expert report. Please confirm that Plaintiffs will meet this obligation.

**Document Request 53:**

Please produce all **Documents** utilized by the **State Law Action State** to calculate the damages set forth in the **Complaint** arising out of state law.

**Response:**

Plaintiffs have no responsive documents as there are no damage calculations set forth in Plaintiffs' Complaint.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 115 of 139

**Meet and Confer Issue(s):**

Defendants Request is not limited to damage calculations set forth in the Complaint. Defendant is entitled to all damage calculations regardless of whether they existed at the time that the Complaint was filed and regardless of whether they were reference in the Complaint.

Plaintiff is required to produce responsive documents when they come to exist and may not withhold them pending the service of its expert report.  Please confirm that Plaintiffs will meet this obligation.

    <u>**Requests for Admission**</u>:

    General Meet and Confer Issue.  FRCP Rule 36 provides that a matter is admitted unless, within 30 days after service of the request, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny.

    <u>**30(b)(6) Notices**</u>:

    To our knowledge, there is no barrier to taking the deposition of a representative of a governmental authority that is a party to a Complaint.  As a general rule, this includes attorneys' general or their staff.  At this point, Defendants' only request is for a designation of witnesses with knowledge.  Defendants are plainly entitled to those designations. Defendants are prepared to meet and confer regarding the propriety of persons that are designated.  Plaintiffs may not refuse wholesale to designate any witnesses with knowledge to address the topics set forth in the notices.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 116 of 139

We have reviewed your objections to our 30(b)(6) deposition notices.  For the most part, your objections appear to be nothing more than a boilerplate recitation of every conceivable objection regardless of whether it has any bearing to the content or the subject matter of the request.  We fail to see, under the most generous of views, how most of your objections were made in good faith.

For example, in paragraph b); we asked Respondent to identify a person knowledgeable of the facts supporting the "allegation of fact set forth in paragraph 89.gg. of the Complaint that Avid Telecom routed more than 46,375 calls containing unlawful content to phone numbers with North Carolina area codes." By any measure, this topic is extremely narrowly directed to a single representation of fact in a single paragraph of the Complaint.  Nonetheless, Plaintiffs objected on the basis the request is:

*Vague*.    No explanation is offered as to why this Request is supposedly "vague" and it plainly is not.  The Request is specifically tied to the language in paragraph 89.gg. of the Complaint, which alleges Avid Telecom routed over 46,375 calls with unlawful content to North Carolina area codes. The Request merely seeks the identification and designation of a person with knowledge of the facts that support this allegation.  It is literally inconceivable how this Request could be less "vague."  As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Ambiguous*.      No explanation is offered as to why this request is supposedly "ambiguous" and it plainly is not.   The Request is specifically tied to the language in paragraph 89.gg. of the Complaint, which alleges Avid Telecom routed over 46,375 calls with unlawful content to North Carolina area codes. The Request merely seeks the identification and designation of a person with knowledge of the facts that support this allegation.  The number of calls as well as the terms "routed," "unlawful content," and "North Carolina area codes" were chosen by North Carolina and come directly from the Complaint. It is literally inconceivable as to how this Request could be less "ambiguous".  As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 117 of 139

North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Unintelligible*.    No explanation is offered as to why this request is supposedly "unintelligible" and it plainly is not.    The Request merely seeks the identification and designation of a person with knowledge of the facts that support this allegation.    The number of calls as well as the terms "routed," "unlawful content," and "North Carolina area codes" were chosen by North Carolina and come directly from its Complaint. The concept that a Request that is specifically tied to the words used by the State of North Carolina in its Complaint is "unintelligible" is literally the dictionary definition of disingenuous.    As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Fails to Describe the Matters for Examination with Any Reasonable Particularity*. No explanation is offered as to why this request supposedly lacks sufficient "particularity". Under FRCP 30(b)(6), a deposition notice must describe the matters for examination with "reasonable particularity" to allow the organization to designate an appropriate witness. This request meets that standard by pinpointing specific language found in paragraph 89.gg., which alleges specific conduct by Avid Telecom.  The request is not overly general or open-ended; it focuses on a single, well-defined allegation (*i.e.,* 46,375 calls), which plainly enables to understand the knowledge base at issue and thus to identify a witness with relevant knowledge.  As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Overbroad*.    No explanation is offered as to why this request supposedly "overbroad", and it plainly is not. The Request is narrowly tailored to a specific factual allegation in the Complaint. It does not seek information about all of Avid Telecom's operations or unrelated activities but focuses solely on the alleged routing of 46,375 calls with unlawful content to North Carolina area codes. The limited scope of the Request ensures that it is proportional to Defendants' needs. As the State of North Carolina relies

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 118 of 139

heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Unduly Burdensome.*    No explanation (*e.g.,* time or personnel required or cost) is offered as to why this request supposedly "burdensome", let alone "unduly burdensome" and thus is fails on this ground alone. The request is not unduly burdensome because it only asks for the identity of a person knowledgeable about a single, specific allegation. Identifying such a person requires minimal effort. The burden of designating a witness under FRCP 30(b)(6) is a standard litigation obligation. As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Harassing.*    No explanation is provided as to how a Request that merely seek the identification of a fact witness to testify about a specific allegation of fact in Plaintiffs' Complaint could conceivably be "harassing."   The request is not harassing, as it seeks the designation of a witness with knowledge of facts that are directly taken from a material allegation in the Complaint. There is neither evidence nor any reason to believe that the request is intended to annoy, embarrass, or oppress. Requesting the identity of a witness to testify about a material factual claim is a standard discovery practice and does not constitute harassment. As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Oppressive.*  No explanation is provided as to how a Request that merely seek the identification of a fact witness to testify about a specific allegation of fact in Plaintiffs' Complaint could conceivably be "oppressive."   The request is not oppressive because it imposes no excessive or disproportionate burden. It asks for the identification of one individual with knowledge of a specific allegation, which is a routine discovery request. The effort required to comply is minimal compared to the importance of the information

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 119 of 139

in resolving the litigation. As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Not Proportional to the Needs of the Litigation*.   No explanation is provided as to how a Request that merely seek the identification of a fact witness to testify about a single specific allegation of fact in Plaintiffs' Complaint could conceivably not be proportional to the needs of the litigation.   Indeed, if accepted, the claim could result in a damage assessment of nearly 70 million dollars in damages.   This request is proportional because the allegation of fact in paragraph 89.gg. are central to the Plaintiff's claims and the cost of compliance is an infinitesimal portion of the clamed damages. Identifying the PMK for this allegation is critical to understanding the factual basis of the claim and is narrowly tailored to avoid unnecessary burden.

*Exceeds the Scope*.    No explanation is provided as to how a Request that merely seek the identification of a fact witness to testify about a single specific allegation of fact in Plaintiffs' Complaint could conceivably exceed the scope of permitted discovery.  The objection is absurd on its face and appears to have been asserted in bad faith.  As the allegations of fact that underly this Request is found in paragraph 89.gg. the surrounding facts are, by definition, relevant.  The identity of a witness with knowledge has not already been produced. Even if related documents or data were produced, the identity of a witness with knowledge is a distinct discovery request aimed at facilitating deposition testimony, which is separate from document production. As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Already Within Possession/Control of Defendant*.   This objection is plainly asserted in bad faith.  The identity of a witness with knowledge has not already been provided. Even if related documents or data were produced, the identity of a witness with knowledge is a distinct discovery request aimed at facilitating deposition testimony, which is separate from document production. As the State of North Carolina relies heavily on the sustainability of

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 120 of 139

this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Already Produced.*   As Plaintiffs plainly understand, this is not a valid objection to a notice issued under Rule 30(b)(6) and it is plainly asserted in bad faith.  The identity of a witness with knowledge has not already been provided and Defendants are not required to make that identification based on documents produced. As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Attorney-Client Privileged.*   The identity of the PMK (person most knowledgeable) is not protected by attorney-client privilege, which covers confidential communications between a client and attorney for legal advice. The request seeks a factual designation of a person with knowledge of the facts alleged in paragraph 88.gg; it does not seek any privileged communications. Plaintiffs provide no basis to believe that the identification of a witness would implicate such communications.   As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Work-Product.*       The work-product doctrine protects materials prepared in anticipation of litigation. Plaintiffs offer no reason to believe any issue of work product is implicated through these Requests, and, in any event, that is an issue to be handled at the deposition and trial, not in response to a notice under Rule 30(b)(6).  The identity of a witness with knowledge of the facts in paragraph 89.gg. is not work-product, as the subject matter of the Request only involves factual knowledge about the allegation of fact set forth in paragraph 88.gg, not any attorney-created materials. The request does not seek litigation strategies or attorney mental impressions. As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness,

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 121 of 139

Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Common Interest Privilege*.    The common interest privilege applies when parties with a shared legal interest exchange privileged information. Nothing of the sort has happened here and Plaintiffs' objection provides no basis to believe to the contrary.  This request does not implicate such communications, as it only seeks the identity of a witness with factual knowledge about the facts alleged in paragraph 88.gg. As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Deliberative Process Privilege*.    The deliberative process privilege protects internal government decision-making processes. This privilege is irrelevant here, as the request seeks a witness with knowledge of facts about a count of calls allegedly transited by Defendants, nothing more. As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Law Enforcement and Investigations Privileges*.    These privileges protect ongoing law enforcement investigations or sensitive government records. The request does not seek investigative materials or law enforcement records.    Rather, it merely seeks the identification of a witness with knowledge of how a call count was derived.  Any notion that this request implicates an enforcement investigation or sensitive governmental records (the number was included in a publicly filed Complaint) is absurd on its face.  As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 122 of 139

*Any Other Applicable Privilege, Immunity, or Protection Against Disclosure.*   No explanation is offered as to which additional privileges North Carolina believes apply and no other privileges (*e.g.,* spousal, clergy, or trade secret protections) appear applicable. The request seeks the identity of a witness with knowledge, is not subject to specialized protections. This objection is yet another example of the baseless, kitchen sink approach to objections taken by Plaintiffs.   If North Carolina believes a specific protection applies (*e.g.,* trade secrets for call-routing data), it must articulate a factual basis, but the identity itself is unlikely to be protected. As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Seeks Legal Theories of the Case.*   No explanation is offered as to why this request supposedly seeks legal theories.  It plainly does not.  The Request does not seek legal theories or conclusions. The Request asks for the identity of the of a *fact* witness with knowledge to testify regarding a specific allegation regarding the number of allegedly illegal calls.  As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Seeks Information About Which North Carolina Has No Direct Knowledge.*   This objection is invalid and troubling.  North Carolina must have had direct knowledge of all of the facts set forth in paragraph 88.99 for it to have made in that paragraph 89.gg of the Complaint in good faith and in consistent with its ethical obligations to the Court.  If North Carolina fails to withdraw this objection immediately, Defendants will have no choice but to assume that North Carolina is admitting that it presented the allegations in paragraph 89.gg without any factual basis.  In that event, Defendants will seek appropriate preclusive rulings as well as sanctions under FRCP Rule 11.  Moreover, as the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 123 of 139

*Seeks Personally Sensitive, Confidential, or Protected Information*. North Carolina provides no facts in support of this objection, and it is absurd on its face. The request seeks only the designation of a witness with knowledge, no personally sensitive or confidential information about the individual is sought. Should any actual confidentiality concerns arise, can be addressed through the in-place Protective Order. As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Seeks Information Beyond FRCP, FRE, and Local Rules*. North Carolina provides no explanation as to why this Request supposedly seeks information beyond the allowed scope of the FRCP, FRE or the Local Rules. To the contrary, the Request complies fully with FRCP 30(b)(6), which allows a party to notice a deposition of an organization and specify the matters for examination. The request is also consistent with FRCP 26(b)(1) (relevance and proportionality) and does not violate FRE or local rules, as it seeks a witness to testify about a factual allegation in the Complaint. No specific rule violation is apparent. As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Premature: Wait for Expert Disclosures*. The request is not premature, as it seeks a fact witness to provide *fact* testimony under FRCP 30(b)(6), not an expert witness to provide expert (*opinion*) testimony under FRCP 26(a)(2). The allegation in paragraph 89.gg. involves factual matters (call routing, unlawful content, North Carolina area codes), which are appropriate for a fact witness deposition at any stage of discovery. Expert disclosures are irrelevant to this Request. As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 124 of 139

*Not Suited for Oral Testimony*.    North Carolina provides no explanation as to why this Request is not well-suited for oral testimony.  FRCP 30(b)(6) expressly contemplates deposing a corporate representative to testify about matters within the organization's knowledge. The allegation in paragraph 89.gg. involves specific factual claims about call routing, which a fact witness can address through testimony. Indeed, it is only the back and forth available through oral testimony that will allow Defendants to understand the basis of the allegations of fact set forth in paragraph 88.gg.  Written discovery (*e.g.,* interrogatories) following the deposition might complement this request, but oral testimony is an appropriate and standard method to explore facts of this nature. As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

The burden of proving the validity of an objection (if challenged) is on the objecting party. *Cornet Stores v. Superior Court*, 108 Ariz. 84, 86 (1972).  Plaintiffs' objections do not come close to meeting this standard.

### Requests for Admission

We believe that a number of your responses to these requests are false and, likely, knowingly false.  Rule 37 of the Arizona Rules of Civil Procedure outlines other potential sanctions for discovery abuses, which can include: (i) Prohibiting the use of certain witnesses or exhibits at trial; (ii) Striking a pleading or a claim or defense; (iii) Entering a default judgment; (iv) Assessing reasonable attorneys' fees, costs, and expenses against the offending party; and (v) civil penalties, including monetary ones.

**Request for Admission No. 1:**

Please admit that none of the **Lead Plaintiff States** have facts that support the allegation that Mr. Lansky had **Actual Knowledge,** *at the time that it transited the Avid Telecom network,* that any specific call was illegal.

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 125 of 139

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No. 1.

**Meet and Confer Issue(s):**

We believe that this Response is false. Among other things unless Defendants actually initiated a call and/or selected the party be called, neither of which ever occurred, it would be literally impossible for Defendants to have **Actual Knowledge,** *at the time that the call transited the Avid Telecom network,* that any specific call was illegal. Demand is made that Plaintiffs either correct this Response to the affirmative or that it identify the facts that support the allegation that Mr. Lansky had **Actual Knowledge,** *at the time that it transited the Avid Telecom network,* that any specific call was illegal. As such, your denial cannot be true. Demand is made that Plaintiffs either revise their Response to "admit" or that Plaintiffs explain how Defendants could have had **Actual Knowledge,** *at the time it transited the Avid Telecom network,* that any specific call was illegal.

**Request for Admission No. 2:**

Please admit that none of the **State Law Action States** have facts that support the allegation that Mr. Lansky had **Actual Knowledge,** *at the time that it transited the Avid Telecom network,* that any specific call transited by Avid Telecom was illegal.

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No. 2.

**Meet and Confer Issue(s):**

We believe that this Response is false. Among other things unless Defendants actually initiated a call and/or selected the party be called, neither of which ever

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 126 of 139

occurred, it would be literally impossible for Defendants to have **Actual Knowledge,** *at the time that the call transited the Avid Telecom network,* that any specific call was illegal. Demand is made that Plaintiffs either correct this Response to the affirmative or that it identify the facts that support the allegation that Mr. Lansky had **Actual Knowledge,** *at the time that it transited the Avid Telecom network,* that any specific call was illegal. As such, your denial cannot be true. Demand is made that Plaintiffs either revise their Response to "admit" or that Plaintiffs explain how Defendants could have had **Actual Knowledge,** *at the time it transited the Avid Telecom network,* that any specific call was illegal.

**Request for Admission No. 3:**

Please admit that none of the **Lead Plaintiff States** have facts that support the allegation that Mr. Lansky had **Actual Knowledge** that any specific call transited by Avid Telecom was illegal.

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No. 3.

**Meet and Confer Issue(s):**

We believe that this Response is false. Among other things unless Defendants actually initiated a call and/or selected the party be called, neither of which ever occurred, it would be literally impossible for Defendants to have **Actual Knowledge,** *at the time that the call transited the Avid Telecom network,* that any specific call was illegal. Demand is made that Plaintiffs either correct this Response to the affirmative or that it identify the facts that support the allegation that Mr. Lansky had **Actual Knowledge,** *at the time that it transited the Avid Telecom network,* that any specific call was illegal. As such, your denial cannot be true. Demand is made that Plaintiffs either revise their Response to "admit" or that Plaintiffs explain how Defendants could have had **Actual Knowledge,** *at the time it transited the Avid Telecom network,* that any specific call was illegal.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 127 of 139


**Request for Admission No. 4:**

Please admit that none of the **State Law Action States** have facts that support the allegation that Mr. Lansky had **Actual Knowledge** that any specific call transited by Avid Telecom was illegal.

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No. 4.

**Meet and Confer Issue(s):**

> We believe that this Response is false. Among other things unless Defendants actually initiated a call and/or selected the party be called, neither of which ever occurred, it would be literally impossible for Defendants to have **Actual Knowledge,** *at the time that the call transited the Avid Telecom network,* that any specific call was illegal. Demand is made that Plaintiffs either correct this Response to the affirmative or that it identify the facts that support the allegation that Mr. Lansky had **Actual Knowledge,** *at the time that it transited the Avid Telecom network,* that any specific call was illegal. As such, your denial cannot be true. Demand is made that Plaintiffs either revise their Response to "admit" or that Plaintiffs explain how Defendants could have had **Actual Knowledge,** *at the time it transited the Avid Telecom network,* that any specific call was illegal.

**Request for Admission No. 5:**

Please admit that no regulatory authority in any of the **Lead Plaintiff States** has determined any call associated with the **Complaint** to be illegal.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 128 of 139

**Response:**

Plaintiffs object to the term "regulatory authority" to the extent that it is undefined and vague.

Plaintiffs object to the term "determined" to the extent that it is undefined and vague.

Plaintiffs object to the phrase, "call associated with the Complaint" as vague and overbroad.

Plaintiffs object to Defendants' Request as the term "illegal" is not defined and to the extent that it calls for legal conclusions or requires Plaintiffs to undertake legal research for Defendants or to analyze or organize factual evidence for Defendants.

Plaintiffs object to the term "Lead Plaintiff States" as defined by Defendant as factually incorrect, overbroad, and unduly burdensome, and to the extent that it purports to enlarge, expand, or in any way alter the plain meaning and scope of the Federal Rules of Civil Procedure. State attorneys general are the Plaintiffs who brought this action and are responding to the Request. State attorneys general construe this term to refer to the units, departments, or subdivisions known to have been involved in this action or underlying investigation.

Plaintiffs object to this Request to the extent that it suggests that a determination of illegality by a regulatory authority regarding a call associated with the Complaint is required for a successful claim under Plaintiffs' causes of action.

Plaintiffs object to this Request as not proportional to the needs of the case, calling for Plaintiffs to confer with an indefinite number of state and federal courts and agencies as to whether they ever determined that any of the calls associated with the Complaint were illegal. Subject to this objection, responding Plaintiffs have conducted a diligent search of the records available to them and are without knowledge. Therefore, Plaintiffs are unable to admit or deny whether any third-party regulators have determined that any call associated with the Complaint is illegal.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 129 of 139

Plaintiffs object to the term "determined" to the extent that it is undefined and vague.

Plaintiffs object to the phrase, "call associated with the Complaint" as vague and

**Meet and Confer Issue(s):**

> Plaintiffs' objections are disingenuous and without merit. Plaintiffs' entire case is predicated on the allegation that Defendants' must have known that they were transiting illegal calls because there were *allegations* that the calls that came to their network from third parties were illegal. Defendants are entitled to an admission that not a single regulatory authority in any of the Lead Plaintiff States has ever determined any call associated with the **Complaint** to be illegal.

With respect to the specific objections:

> <u>Objection based on failure to define term "regulatory authority", "determined" "call associated with the Complaint.</u>" Given that each of these terms is well understood, these objections are absurd and border on the frivolous. However, to obtain a response, the following clarifications are provided. The term "regulatory authority" includes any governmental authority with the authority to regulate telecommunications or any other matter relevant to the legal claims set forth in the Complaint. The term "determined" is defined to mean, "to find out or come to a decision by investigation or other means." Finally, the term "call associated with the Complaint" is defined to include any and all calls which Plaintiffs allege to have been illegal.

> <u>Objection based on use of the term "illegal".</u> This objection is disingenuous in the extreme as, among other things, that term appears at least 52 times in the Complaint. *See, e.g.,* paras. 8, 19, 20, 23, 24, 25, 26, 34, 43, 45, 46, 62, 73, 77, 79, 80, 82, 83, 84, 85, 87, 88, 93, 94, 98, 99, 100, 102, 104, 105, 106, 109, 110, 114, 115, 116, 173, 179, 188, 201, 220, 287, 299, 302, 303, 317, 318, 319, 320, 321, 330, 331, 333, 343, 356, 371, 383, 400, 401, 403, 405, 412, 416, 430, 433, 435, 437, 456, and 458. The word "illegal is also featured as in the heading of multiple sections of the Complaint and in the "Prayer for Relief". Plaintiffs should use whatever definition(s) that they

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 130 of 139

used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in response to this Request.

**Request for Admission No. 6:**

Please admit that no regulatory authority in any of the **State Law Action States** has determined any call associated with the **Complaint** to be illegal.

**Response:**

Plaintiffs object to the term "regulatory authority" to the extent that it is undefined and vague overbroad.

Plaintiffs object to Defendants' Request as the term "illegal" is not defined and to the extent that it calls for legal conclusions or requires Plaintiffs to undertake legal research for Defendants or to analyze or organize factual evidence for Defendants.

Plaintiffs object to the term State Law Action States as defined by Defendant as factually incorrect, overbroad, and unduly burdensome, and to the extent that it purports to enlarge, expand, or in any way alter the plain meaning and scope of the Federal Rules of Civil Procedure. State attorneys general are the Plaintiffs who brought this action and are responding to the Request. State attorneys general construe this term to refer to the units, departments, or subdivisions known to have been involved in this action or underlying investigation.

Plaintiffs object to this Request to the extent that it suggests that a determination of illegality by a regulatory authority regarding a call associated with the Complaint is required for a successful claim under Plaintiffs' causes of action.

Plaintiffs object to this Request as not proportional to the needs of the case, calling for Plaintiffs to confer with an indefinite number of state and federal courts and agencies as to whether they ever determined that any of the calls associated with the Complaint were illegal. Subject to this objection, responding Plaintiffs have conducted a diligent search of the records available to them and are without knowledge. Therefore, Plaintiffs are unable

**Technology Law Group, L.L.C.** [SM]

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 131 of 139

to admit or deny whether any third-party regulators have determined that any call associated with the Complaint is illegal.

**Meet and Confer Issue(s):**

> Plaintiffs' objections are disingenuous and without merit. Plaintiffs' entire case is predicated on the allegation that Defendants' must have known that they were transiting illegal calls because there were *allegations* that the calls that came to their network from third parties were illegal. Defendants are entitled to an admission that not a single regulatory authority in any of the Lead Plaintiff States has ever determined any call associated with the **Complaint** to be illegal.

**Request for Admission No. 7:**

Please admit that none of the **Lead Plaintiff States** have **Direct Evidence** from the **Customer of Record** that allegedly received a call associated with the **Complaint** evidencing that the **Customer of Record** had not agreed to receive that call.

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No. 7.

**Meet and Confer Issue(s):**

> We believe that this Response is false. Demand is made that that Plaintiffs either revise their Response to "admit" or that Plaintiffs identify the Customers of Record who told Plaintiffs that they had not agreed to receive that call associated with the Complaint.

**Request for Admission No. 8:**

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 132 of 139

Please admit that none of the **State Law Action States** have **Direct Evidence** from the **Customer of Record** that allegedly received a call associated with the **Complaint** evidencing that the **Customer of Record** had not agreed to receive that call.

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No. 8.

**Meet and Confer Issue(s):**

> We believe that this Response is false.  Demand is made that that Plaintiffs either revise their Response to "admit" or that Plaintiffs identify the Customers of Record who told Plaintiffs that they had not agreed to receive that call associated with the Complaint.

**Request for Admission No. 9:**

Please admit that none of the **Lead Plaintiff States** have **Direct Evidence** that any telephone number associated with the **Complaint** that was allegedly on the Do Not Call List was a residential (home) customer.

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No. 9.

**Meet and Confer Issue(s):**

> We believe that this Response is false.  Demand is made that that Plaintiffs either revise their Response to "admit" or that Plaintiffs identify the telephone number(s) associated with the **Complaint** that was allegedly on the Do Not Call List that was a residential (home/personal) number.

# Technology Law Group, L.L.C. <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 133 of 139

**Request for Admission No. 10:**

Please admit that none of the **State Law Action States** have **Direct Evidence** that any telephone number associated with the **Complaint** that was allegedly on the Do Not Call List was a residential (home) customer.

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No. 10.

**Meet and Confer Issue(s):**

>We believe that this Response is false.  Demand is made that that Plaintiffs either revise their Response to "admit" or that Plaintiffs identify the telephone number(s) associated with the **Complaint** that was allegedly on the Do Not Call List that was a residential (home/personal) number.

**Request for Admission No. 11:**

Please admit that none of the calls associated with a **Traceback** issued to Avid Telecom was determined by the FCC Enforcement Bureau to be an illegal robocall.

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No. 11.

**Meet and Confer Issue(s):**

>We believe that this Response is false.  Demand is made that that Plaintiffs either revise their Response to "admit" or that Plaintiffs identify the calls associated with a **Traceback** issued to Avid Telecom was ***determined by the FCC Enforcement Bureau*** to be an illegal robocall.

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 134 of 139

**Request for Admission No. 12:**

Please admit that none of the calls associated with a **Traceback** issued to Avid Telecom
was determined by any other state or federal law enforcement authority or agency with
jurisdiction to be an illegal robocall.

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and
Objections to Instructions and Definitions, responding Plaintiffs deny Request No. 12.

**Meet and Confer Issue(s):**

> We believe that this Response is false.  Demand is made that that Plaintiffs either
> revise their Response to "admit" or that Plaintiffs identify the calls associated with
> a **Traceback** issued to Avid Telecom was **determined by** state or federal law
> enforcement authority or agency with jurisdiction to be an illegal robocall.to be an
> illegal robocall.

**Request for Admission No. 13:**

Please admit that none of the **Lead Plaintiff States** have **Direct Evidence** that Avid
Telecom had an agreement to provide any telecommunications service to the person or
entity that was selling or marketing the underlying product or service identified in the call
(*e.g.,* a warranty service provider).

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and
Objections to Instructions and Definitions, responding Plaintiffs deny Request No.13.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 135 of 139

**Meet and Confer Issue(s):**

> We believe that this Response is false.  Demand is made that that Plaintiffs either revise their Response to "admit" or that Plaintiffs identify the agreement(s) under which Defendants agreed provide any telecommunications service to the person or entity that was selling or marketing the underlying product or service identified in the call (*e.g.,* a warranty service provider).

**Request for Admission No. 14:**

Please admit that none of the **State Law Action States** have **Direct Evidence** that Avid Telecom had an agreement to provide any telecommunications service to the person or entity that was selling or marketing the underlying product or service identified in the call (*e.g.,* a warranty service provider).

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No. 14.

**Meet and Confer Issue(s):**

> We believe that this Response is false.  Demand is made that that Plaintiffs either revise their Response to "admit" or that Plaintiffs identify the agreement(s) under which Defendants agreed provide any telecommunications service to the person or entity that was selling or marketing the underlying product or service identified in the call (*e.g.,* a warranty service provider).

**Request for Admission No. 18:**

Please admit that none of the **Lead Plaintiff States** sought or received permission directly from customers of **YouMail** to utilize their data.

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 136 of 139

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs admit Request No. 18 to the extent that responding Plaintiffs did not directly receive permission from YouMail subscribers. Lead Plaintiff States relied on the YouMail Terms of Use Agreement. *See* YouMail, *YouMail Terms of Use Agreement*, https://www.youmail.com/terms (Section 5, "YouMail As Your Agent").

**Meet and Confer Issue(s):**

We accept your admission, but not that the YouMail Terms and Conditions allow for the scraping of personal voicemail data or the delivery of those data to third parties, including Plaintiffs, presumably through misuse of interstate wires.

**Request for Admission No. 19:**

Please admit that some of the data utilized by the **State Law Action States** in the **Complaint** was obtained from customers of **YouMail**.

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs admit Request No. 19, to the extent that certain data referenced in the Complaint involved calls placed to YouMail subscribers.

**Meet and Confer Issue(s):**

We accept your admission, but not that the YouMail Terms and Conditions allow for the scraping of personal voicemail data or the delivery of those data to third parties, including Plaintiffs, presumably through use of the interstate wires.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 137 of 139

**Request for Admission No. 20:**

Please admit that none the **State Law Action States** sought or received permission directly from customers of **YouMail** to utilize their data.

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs admit Request No. 20, to the extent that responding Plaintiffs did not directly receive permission from YouMail subscribers. Responding Plaintiffs relied on the YouMail Terms of Use Agreement. *See* YouMail, *YouMail Terms of Use Agreement*, https://www.youmail.com/terms (Section 5, "YouMail As Your Agent").

**Meet and Confer Issue(s):**

> We accept your admission, but not that the YouMail Terms and Conditions allow for the scraping of personal voicemail data or the delivery of those data to third parties, including Plaintiffs, presumably through use of the interstate wires.

**Request for Admission No. 22:**

Please admit that none of the **Lead Plaintiff States** have evidence that the person or entity that recorded the calls had provided consent to record, where required (*i.e.,* in states requiring two party consent), to record those calls.

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No. 22.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 138 of 139

**Meet and Confer Issue(s):**

We believe that this Response is false.  Demand is made that that Plaintiffs either revise their Response to "admit" or that Plaintiffs identify the person or entity that recorded the calls had consent, where required (*i.e.,* in states requiring two party consent), to record those calls.

**Request for Admission No. 24:**

Please admit that none of the **State Law Action States** know whether the person or entity that recorded the calls had consent, where required (*i.e.,* in states requiring two party consent), to record those calls.

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No. 24.

**Meet and Confer Issue(s):**

We believe that this Response is false.  Demand is made that that Plaintiffs either revise their Response to "admit" or that Plaintiffs identify the person or entity that recorded the calls had consent, where required (*i.e.,* in states requiring two party consent), to record those calls.

**Request for Admission No. 29:**

Please admit that the **Lead Plaintiff States** have no **Direct Evidence** that **Stacey Reeves** was an employee of Avid Telecom (*i.e.,* that she received a W-2 for federal tax purposes).

**Response**:

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No. 29.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 139 of 139

**Meet and Confer Issue(s):**

We believe that this Response is false.  Demand is made that that Plaintiffs either revise their Response to "admit" or that Plaintiffs identify the facts evidencing that Ms. Reeves was a lawful employee of Avid Telecom.

**Request for Admission No. 30:**

Please admit that the **Lead Plaintiff States** have no **Direct Evidence** that **Stacey Reeves** had the authority to bind Avid Telecom to any statement or action.

**Response**:

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No. 30.

**Meet and Confer Issue(s):**

We believe that this Response is false.  Demand is made that that Plaintiffs either revise their Response to "admit" or that Plaintiffs identify the facts evidencing that Ms. Reeves had the authority to bind Avid Telecom to any statement or action.

Your substantive written response to each of the issues set forth in this letter is requested by Thursday, July 24, 2025.  We request that we be provided with a separate response from each Lead State Plaintiff and from each State Law Claim Plaintiff or that each Lead State Plaintiff and each State Law Claim Plaintiff provide a certification that it agrees with and adopts all aspects of the written response.

Very truly yours,

__/s/ Neil S. Ende_____
Neil S. Ende
Greg L. Taylor

cc:  Lead Plaintiff State AGs

# Exhibit MM

**Pelton, Sarah**

| | |
|---|---|
| **From:** | Erin Leahy <erin.leahy@OhioAGO.gov> |
| **Sent:** | Wednesday, August 6, 2025 1:14 PM |
| **To:** | Neil Ende; Sparko Rochelle |
| **Cc:** | Nayer Tracy; Martindale Thomas L; Swetnam Douglas; Singer Nelson Michel; Dilweg, Laura; Pelton, Sarah; Meislik, Alyse; Jones, Dylan; Trombley, Nikki; Dillon IV, John; Greg Taylor |
| **Subject:** | RE: [AZ v. Avid Telecom] RE: Documents Received by AGs In Response to Subpoenas to Financial Institutions |
| **Attachments:** | Pls' Response to Defs July 17 2025 Discovery Ltr.pdf |

Neil and Greg,

Attached please find Plaintiffs' written responses to Defendants' July 17 letter raising discovery disputes.

In its August 1, 2025 email, the Court required us to meet and confer within one week or at least agree to the date of the consultation within one week. Should the Plaintiffs' attached responses not resolve the Defendants' disputes, we are available to further meet and confer on the following dates/times:

Thursday, August 7th: 12pm-1pm or 2-3pm;
Friday, August 8th: 2pm-3:30pm; or
Tuesday, August 12th: 12pm-2pm or 3-5pm.
(All times referenced are Eastern time zone)

Please let us know which of these days/times would work best for Defendants should you find further conferral necessary.

Sincerely,



Erin B. Leahy
Senior Assistant Attorney General
Consumer Protection Section
Office of Ohio Attorney General Dave Yost
30 East Broad St., 14th Floor
Columbus, Ohio 43215

Office number: 614-752-4730
Erin.Leahy@OhioAGO.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

**From:** Erin Leahy
**Sent:** Tuesday, August 5, 2025 2:00 PM
**To:** Neil Ende <nende@tlgdc.com>; Sparko Rochelle <rsparko@ncdoj.gov>
**Cc:** Nayer Tracy <Tnayer@ncdoj.gov>; Martindale Thomas L <Thomas.Martindale@atg.in.gov>; Swetnam Douglas <douglas.swetnam@atg.in.gov>; Singer Nelson Michel <michel.singernelson@coag.gov>; Dilweg Laura <Laura.Dilweg@azag.gov>; Pelton Sarah <Sarah.Pelton@azag.gov>; Meislik Alyse <Alyse.Meislik@azag.gov>; Jones Dylan <Dylan.Jones@azag.gov>; Trombley Nikki <Nikki.Trombley@azag.gov>; Dillon IV John <John.DillonIV@azag.gov>; Greg Taylor <gtaylor@tlgdc.com>
**Subject:** RE: [AZ v. Avid Telecom] RE: Documents Received by AGs In Response to Subpoenas to Financial Institutions

Neil,

As we've indicated previously, we will not tolerate your attempts to create a false record regarding Plaintiffs' responses on discovery issues. Your mischaracterizations of Plaintiffs efforts are ridiculous. We have not ignored your requests and in fact, have gone to great efforts to accommodate your request to meet and confer. We remind you that, *at your request*, **21 attorneys representing 13 Plaintiff States** assembled for a meet and confer on July 15 that you failed to attend. In addition, despite your co-counsel's representations that he would provide an outline of disputes in advance of that meeting so that we could be prepared for a meaningful discussion, he failed to do so. Rather, he appeared wholly unprepared at the meeting with 21 Plaintiffs' attorneys in attendance. In fact, he refused to discuss the "2-3 hours" worth of disputes he claimed would be discussed. It was a significant investment of Plaintiffs' attorney time with little accomplished. As you did not attend, I am again attaching our memorialization of the substance of that meeting meet and confer.

Rather than using the time at the July 15 meet and confer that Plaintiffs had already set aside at your request, you sent a 139-page letter on the evening of July 17 and demanded a response within one week on behalf of 13 Plaintiffs. Despite your claims that we have repeatedly ignored your request, I responded on July 21 indicating that we would review the letter and respond as appropriate within a reasonable amount of time. Additionally, John Dillon also responded to you on July 30 indicating that we planned to respond within one week – which we intend to do. Repeated emails from you demanding responses and claiming that we are ignoring your requests are not productive and do not accurately reflect the discovery record.

I also remind you that while you demanded that 13 Plaintiffs respond within one week to Defendants' 139-page letter, Defendants Avid Telecom and Reeves provided ***outrageously*** late and insufficient written responses on *July 21 and 22* to discovery demands that were originally due *March 24* and *April 7 with extensions to May 2*. The responses provided to us that somehow you "inadvertently" attached the same response to your May 2 email three times are disingenuous. If that were the case, you had ample opportunity to correct that type of error in response to the repeated emails we sent you about it as early as May 5. You choose to ignore the emails for ***more than two full months***. In addition, you have not provided substantive responses to our disputes to those responses outlined in emails from John Dillon on July 21 and July 29.

Sincerely,



Erin B. Leahy
Senior Assistant Attorney General
Consumer Protection Section
Office of Ohio Attorney General Dave Yost
30 East Broad St., 14th Floor
Columbus, Ohio 43215

Office number: 614-752-4730
Erin.Leahy@OhioAGO.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

**From:** Neil Ende <nende@tlgdc.com>
**Sent:** Monday, August 4, 2025 7:52 PM
**To:** Sparko Rochelle <rsparko@ncdoj.gov>
**Cc:** Nayer Tracy <Tnayer@ncdoj.gov>; Martindale Thomas L <Thomas.Martindale@atg.in.gov>; Swetnam Douglas <douglas.swetnam@atg.in.gov>; Singer Nelson Michel <michel.singernelson@coag.gov>; Dilweg Laura <Laura.Dilweg@azag.gov>; Pelton Sarah <Sarah.Pelton@azag.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Meislik Alyse <Alyse.Meislik@azag.gov>; Jones Dylan <Dylan.Jones@azag.gov>; Trombley Nikki <Nikki.Trombley@azag.gov>; Dillon IV John <John.DillonIV@azag.gov>; Greg Taylor <gtaylor@tlgdc.com>
**Subject:** Re: [AZ v. Avid Telecom] RE: Documents Received by AGs In Response to Subpoenas to Financial Institutions

Rochelle:

Good evening!

Again, you have ignored our request to meet and confer on the issues set forth in our last meet and confer letter.  The issues in that letter include the AGs refusal to designate any 30B6 witnesses.

Your refusal to engage in the meet and confer process is clearly willful.  It is our intention to bring your conduct to the attention of the court and to seek authorization to file a motion to compel and for appropriate sanctions.

Also, just a reminder that we need also dates of availability to meet and confer on defendants' Motion to Revise as ordered by the court today.

Thank you.

Neil S. Ende
Managing Partner
Technology Law Group
202.256.0120
TLG Conference Bridge:
703.229.6741, PIN: 854#


Sent from my iPhone


On Aug 4, 2025, at 1:05 PM, Neil Ende <nende@tlgdc.com> wrote:


AGs:

We write *again*, *inter alia*, pursuant to FRCP Rule 45, to ask when you intend to: (i) produce documents that you received in response to the subpoenas that you issued to various financial institutions seeking records about Mr. Lansky (that are not part of any RFP from Defendants); (ii) respond to the detailed Meet and Confer letter that we sent the other week.

We ask, again, that you respond *directly and with specificity* with date(s) when each response can be expected by the close of business today.

Thank you!

Neil S. Ende, Esq.
Managing Partner
Technology Law Group, LLC
*nende@tlgdc.com*
202-895-1707 (Office)
202-256-0120 (Mobile)
703-229-6741 PIN 854# (Voice Conference Bridge)

---

**From:** Sparko, Rochelle <rsparko@NCDOJ.GOV>
**Date:** Tuesday, July 29, 2025 at 2:25 PM
**To:** Neil Ende <nende@tlgdc.com>, Greg Taylor <gtaylor@tlgdc.com>
**Cc:** Nayer, Tracy <Tnayer@ncdoj.gov>, Martindale Thomas L <Thomas.Martindale@atg.in.gov>, Swetnam Douglas <douglas.swetnam@atg.in.gov>, Singer Nelson Michel <michel.singernelson@coag.gov>, Dilweg, Laura <Laura.Dilweg@azag.gov>, Pelton, Sarah <Sarah.Pelton@azag.gov>, Erin Leahy <erin.leahy@OhioAGO.gov>, Meislik, Alyse <Alyse.Meislik@azag.gov>, Jones, Dylan <Dylan.Jones@azag.gov>, Trombley, Nikki <Nikki.Trombley@azag.gov>, Dillon IV, John <John.DillonIV@azag.gov>
**Subject:** [AZ v. Avid Telecom] RE: Documents Received by AGs In Response to Subpoenas to Financial Institutions

Good afternoon, Neil,

Plaintiffs are preparing a supplemental response to Defendants' First Request for Production of Documents pursuant to F.R.C.P 26(e)(1)(A) and will produce it to you when it is complete.

Regards,



**Rochelle Sparko**
Special Deputy Attorney General
Consumer Protection Division
North Carolina Department of Justice
(919) 716-6811
rsparko@ncdoj.gov
Post Office Box 629, Raleigh, NC 27602
114 West Edenton Street, Raleigh, NC 27603
https://ncdoj.gov/
Please note messages to or from this address may be public records.

---

**From:** Neil Ende <nende@tlgdc.com>
**Sent:** Tuesday, July 22, 2025 11:01 AM
**To:** Erin Leahy <erin.leahy@OhioAGO.gov>
**Cc:** Nayer, Tracy <Tnayer@ncdoj.gov>; Martindale Thomas L <Thomas.Martindale@atg.in.gov>;

Swetnam Douglas <douglas.swetnam@atg.in.gov>; Singer Nelson Michel
<michel.singernelson@coag.gov>; Sparko, Rochelle <rsparko@NCDOJ.GOV>; Dilweg, Laura
<Laura.Dilweg@azag.gov>; Pelton, Sarah <Sarah.Pelton@azag.gov>; Meislik, Alyse
<Alyse.Meislik@azag.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Trombley, Nikki
<Nikki.Trombley@azag.gov>; Dillon IV, John <John.DillonIV@azag.gov>; Greg Taylor
<gtaylor@tlgdc.com>
**Subject:** Documents Received by AGs In Response to Subpoenas to Financial Institutions
**Importance:** High


Erin:

Good morning.

To my knowledge, we have not received copies of any of the documents received by
the AGs in response to the numerous subpoenas issued to financial institutions that  the
AGs apparently believe have some relationship to Mr. Lansky or Avid Telecom.

Please advise which institutions you have received documents from and please provide
those documents to us no later than the end of this week. *See, e.g.,* FRCP Rule 26(e).

Please confirm that you will continue to provide all documents received from these
institutions, and any other third parties to which subpoenas are hereafter issued without
the need for a request.

Thank you.

Neil S. Ende, Esq.
Managing Partner
Technology Law Group, LLC
*nende@tlgdc.com*
202-895-1707 (Office)
202-256-0120 (Mobile)
703-229-6741 PIN 854# (Voice Conference Bridge)


**From:** Erin Leahy <erin.leahy@OhioAGO.gov>
**Date:** Monday, July 21, 2025 at 4:22 PM
**To:** Greg Taylor <gtaylor@tlgdc.com>, Neil Ende <nende@tlgdc.com>
**Cc:** Tracy Nayer <Tnayer@ncdoj.gov>, Martindale Thomas L <Thomas.Martindale@atg.in.gov>,
Swetnam Douglas <douglas.swetnam@atg.in.gov>, Singer Nelson Michel
<michel.singernelson@coag.gov>, Sparko Rochelle <rsparko@ncdoj.gov>, Dilweg, Laura
<Laura.Dilweg@azag.gov>, Pelton, Sarah <Sarah.Pelton@azag.gov>, Meislik, Alyse
<Alyse.Meislik@azag.gov>, Jones, Dylan <Dylan.Jones@azag.gov>, Trombley, Nikki
<Nikki.Trombley@azag.gov>, Dillon IV, John <John.DillonIV@azag.gov>
**Subject:** RE: [AZ v. Avid Telecom] meet and confer (as sent)

Greg,

Your email has been received.  As indicated in our written responses, now that both the protective
order the ESI order have been entered, Plaintiffs will be producing additional documents. You

should receive Volume 002 via a link from Everlaw tomorrow and Volume 003 via a hard drive delivered by courier this week to the address provided by Neil.  We will review your meet and confer letter and respond as appropriate within a reasonable amount of time.

<image002.png>    Erin B. Leahy
Senior Assistant Attorney General
Consumer Protection Section
Office of Ohio Attorney General Dave Yost
30 East Broad St., 14th Floor
Columbus, Ohio 43215

Office number: 614-752-4730
Erin.Leahy@OhioAGO.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

---

**From:** Greg Taylor <gtaylor@tlgdc.com>
**Sent:** Thursday, July 17, 2025 6:45 PM
**To:** Erin Leahy <erin.leahy@OhioAGO.gov>
**Cc:** Tracy Nayer <Tnayer@ncdoj.gov>; Martindale Thomas L <Thomas.Martindale@atg.in.gov>; Swetnam Douglas <douglas.swetnam@atg.in.gov>; Singer Nelson Michel <michel.singernelson@coag.gov>; Sparko Rochelle <rsparko@ncdoj.gov>; Dilweg, Laura <Laura.Dilweg@azag.gov>; Pelton, Sarah <Sarah.Pelton@azag.gov>; Meislik, Alyse <Alyse.Meislik@azag.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Trombley, Nikki <Nikki.Trombley@tlgdc.com>; Neil Ende <nende@tlgdc.com>; Dillon IV, John <John.DillonIV@azag.gov>
**Subject:** [AZ v. Avid Telecom] meet and confer (as sent)

Erin:

As promised, attached is Defendants' written meet and confer issues to resolve.  We ask that you respond in kind no later than Thursday, July 24th.

Kindly confirm receipt.

Best,

Greg Taylor, of Counsel
Technology Law Group, LLC
80 E. Fifth St. | Second Floor | Edmond, OK 73034
T: +1 405.896.2266 | F: +1 405.701.6174
gtaylor@tlgdc.com | Linkedin: Greg Taylor | Twitter: @telcoatty

# Exhibit NN



Consumer Protection Section
Main: (614) 466-8831
Toll-free: (800) 282-0515

Neil Ende
Greg Taylor
Technology Law Group L.L.C.
5335 Wisconsin Ave, NW
Suite 440
Washington, DC 20015

Via Email to: nende@tlgdc.com; gtaylor@tlgdc.com

Dear Neil and Greg:

I write on behalf of the Lead Plaintiff States and the Plaintiff States with state law claim in response to Defendants' July 17, 2025, meet-and-confer correspondence. As an initial matter, Plaintiffs again categorically reject your claim that Plaintiffs' counsel were abusive, dismissive or refused to engage in substantive discussions during the July 15, 2025, telephonic meet and confer.

To the contrary, as outlined in our July 18th email memorializing the meeting, 21 Plaintiffs' counsel representing 13 Plaintiff States attended at your request and were fully prepared and willing to substantively discuss any discovery issues raised by Defendants during that call. However, Mr. Taylor was utterly unprepared, unable and unwilling to engage in meaningful, substantive discussion about the disputes despite his demand that Plaintiffs' counsel come prepared to discuss "all" Plaintiffs' responses.

We further note that you failed to attend the meet and confer.  Your continued efforts to fabricate what actually occurred during the telephonic meet and confer – including in unilateral communications to the Court's Law Clerk – are not well taken. If this gamesmanship and intentional distortion of the record continues, Plaintiffs will seek appropriate relief.

## I.    Plaintiffs' Responses to Defendants' Requests for Production of Documents

Defendants' request to meet and confer about Plaintiffs' responses to Defendants' First Request for Production of Documents will not result in any change to Plaintiffs' responses. Plaintiffs' responses state that documents were not withheld on the basis of the objections at issue in Defendants' meet-and-confer correspondence.

Specifically, Defendants requested to meet and confer with Plaintiffs regarding their objections to the breadth and burden of Request Nos. 1-45, 48, and 51. Plaintiffs' objection to the breadth and burden of these Requests is valid, specific, and narrowly tailored to the fundamental defects in Defendants' Requests. Furthermore, Plaintiffs' responses to these Requests state that they did not withhold documents on the basis of this objection.

Defendants take issue with Plaintiffs' objection to the relevance of Request Nos. 29-32, 43-45, 48, and 51. Plaintiffs' stand by their objection that these Requests seek information that is not relevant to any claim or defense. For instance, Defendant's Request No. 29 seeks, "Documents... regarding when the telephone number associated with each call alleged to be illegal was obtained by the Called Party." When a Called Party obtained a number does not have bearing on Plaintiffs' claims or on the defenses raised by Defendants. Plaintiffs did not withhold any documents based on their relevance objection in response to Request 29, nor did they withhold any documents on the basis of this objection in their responses to Request Nos. 30-32, 43-45, 48, and 51.

Plaintiffs raised objections to Defendants' use of undefined and unclear terms in Request Nos. 1-42 and 45. Plaintiffs' responses to these Requests do not withhold any documents on the basis of this objection.

Defendants requested to meet and confer with Plaintiffs regarding their objections to the vagueness of Request Nos. 43 and 44. Plaintiffs' responses to these Requests do not withhold any documents on the basis of this objection.

Defendants requested to meet and confer with Plaintiffs regarding their objections to Request Nos. 1 and 4 as requesting documents that may be outside Plaintiffs' custody and control. Plaintiffs' responses to these Requests state that Plaintiffs' production will include responsive documents within their custody and control, as required by the Federal Rules of Civil Procedure.

Defendants requested to meet and confer with Plaintiffs regarding their response to Request No. 5. Plaintiffs stand on their original response, that there are no responsive documents. There are no responsive documents because there are no state notice requirements. Thus, there are no responsive documents.

Defendants requested to meet and confer with Plaintiffs regarding their responses to Request Nos. 13-14, 19-22, 24-45, 48, and 51, specifically to ask whether Plaintiffs withheld any documents based on Plaintiffs' objections. Plaintiffs state that no documents are being withheld based on their objections to Request Nos. 13-14, 19-22, 24-45, 48, and 51.

Defendants requested to meet and confer with Plaintiffs regarding their response to Request No. 27. Plaintiffs stand on their response; they possess no responsive documents. Plaintiffs did not withhold any documents in their response to Request No. 27.

Defendants requested to meet and confer with Plaintiffs regarding their response to Request Nos. 52 and 53. Those Requests state, "52. Please produce all Documents utilized by the Lead Plaintiff States to calculate the damages set forth in the Complaint arising out of federal law," and "53. Please produce all Document utilized by the State Law Action State [sic] to calculate the damages set forth in the Complaint arising out of state law." Plaintiffs responded to the Requests Defendants propounded and stand on their responses to these two Requests. In their request to meet and confer with Plaintiffs, Defendants wrote that Request Nos. 52 and 53 are "not limited to damage calculations set forth in the Complaint." The language of Defendants' Request Nos. 52 and 53 are, in fact, so limited.  Further, the Prayer for Relief section of

Plaintiffs' Complaint sets forth the remunerative relief the Plaintiff seeks. The applicable civil penalties will be determined at trial as to the type and number of violations. The Plaintiffs have no obligation to undertake legal research or organize factual evidence for Defendants to provide a calculation of the respective potential statutory civil penalties that may be applicable for each count of Plaintiffs' Complaint. Additionally, many of the initial calculations cited in Plaintiffs' Complaint are based upon an analysis of Defendants' call detail records which are equally, if not more readily available, to the Defendants.

## II.    Plaintiffs' Responses to Defendants' Facially Defective Rule 30(b)(6) Deposition Notices

As to Plaintiffs' responses to Defendants' Rule 30(b)(6) notices Defendants' letter fails to address - let alone refute - the fact that the deposition notices served to 49 Plaintiffs were facially defective under Rules 30(b)(1) and 30(b)(6) of the Federal Rules of Civil Procedure.

Plaintiffs have not taken the position that there is an unqualified barrier to taking the deposition of a representative of a governmental authority that is a party to the Complaint. The Lead Plaintiff States and the eleven Plaintiff States that brought state law claims do not object to Rule 30(b)(6) depositions of properly identified, relevant topics that otherwise comport with Rules 26 and 30 of the Federal Rules of Civil Procedure and other applicable state and federal laws. Rather, the Plaintiffs object to Defendants' insistence that Plaintiffs designate witnesses in advance of the parties resolving disputes as to the topics identified. Plaintiffs need to know the nature and scope of the topics subject to examination in order to designate the appropriate witnesses.

Plaintiffs' written objections, each labeled as "Response to Topic (-)" clearly pertained to the substance of the specific topics identified, not merely to the designation of a knowledgeable witness as your letter erroneously states. Further, your letter fails to address or refute Plaintiffs' specific objections to each of the substantive topics identified. Plaintiffs' objections are valid, specific, and narrowly tailored to the fundamental defects of each of Defendants' deposition topics. Plaintiffs will designate appropriate witnesses upon agreement by the parties as to the nature and scope of relevant topics that comport with Rules 26 and 30 of the Federal Rules of Civil Procedure and other applicable state and federal laws. We remain open to meet and confer after your re-examination of Plaintiffs' specific objections to the topics.

## III.    Plaintiffs' Responses to Defendants' Requests for Admission

As to the "General Meet and Confer Issue" identified on page 115, it is unclear from the description what dispute Defendant is raising as to Plaintiffs' responses. Plaintiffs will provide a response should Defendants properly identify the dispute that this section intended to describe.

As it relates to Defendants' Requests Nos. 1-4, 7-14, 22, 24, 29-30, Defendants contend – without any actual support – that Plaintiffs' responses are "false" and demand that Plaintiffs either "revise" their responses or "identify specific facts" supporting them. Tellingly, Defendants cite to no rule or legal authority justifying such demands. That is because none exists. Plaintiffs' responses fully

comply with Rule 36 of the Federal Rules of Civil Procedure. As there is no basis for Defendants' demands, Plaintiffs stand by their original responses to Requests Nos. 1-4, 7-14, 22, 24, 29-30.

As it relates to Defendants' Requests Nos. 5-6, Defendants contend-without providing any justification- that they are "entitled" to an admission from Plaintiffs. But there is no rule entitling Defendants to the specific admissions they seek. In reality, Plaintiffs asserted proper, narrowly tailored objections to both Requests, and after undertaking a reasonable inquiry, stated that they were unable to admit or deny the requests.

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, in response to a request for admission, a party may admit, deny, or state that it cannot admit or deny a request. Plaintiffs' responses to Requests Nos. 5 and 6 fully comply with that rule. Defendants have offered no explanation or legal authority to the contrary. Accordingly, Plaintiffs stand by their responses to Requests Nos. 5 and 6.

As it relates to Request Nos. 18-20, Defendants vaguely maintain that while they "accept" Plaintiffs' admissions they do not accept that "YouMail Terms and Conditions allow for the scraping of personal voicemail data or the delivery of those data to third parties, including Plaintiffs, presumably through misuse of interstate wires." However, it is unclear from Defendants' letter what, if anything, they are requesting from Plaintiffs with respect to their responses to Requests Nos. 18-20. Plaintiffs have responded to Requests Nos. 18-20 to the best of their ability based on how the Requests are currently phrased.

Plaintiffs remain ready and available to personally meet and confer with Defendants regarding the above issues, pursuant to Local Rule 7.2(j) and consistent with the Court's August 1, 2025, email instruction. We are available on the following dates/times:

Thursday, August 7th: 12pm-1pm or 2-3pm;
Friday, August 8th 2-3:30pm; or
Tuesday, August 12th 12pm-2pm or 3-5pm.
(All times referenced are Eastern time zone)

Please let us know which of these days/times would work best for Defendants.

Plaintiffs reserve all rights to revise or supplement their responses.


Sincerely,

Erin B. Leahy
Senior Assistant Attorney General
Consumer Protection Section
Office of Ohio Attorney General Dave Yost
Office number: 614-752-4730
Erin.Leahy@OhioAGO.gov

# Exhibit OO

**Pelton, Sarah**

| | |
|---|---|
| **From:** | Nayer, Tracy <Tnayer@ncdoj.gov> |
| **Sent:** | Thursday, August 28, 2025 12:09 PM |
| **To:** | Neil Ende; Greg Taylor |
| **Cc:** | Emily Dietz (OH AG) (Emily.Dietz@OhioAGO.gov); Erin Leahy (OH AG) (erin.leahy@ohioago.gov); Dillon IV, John; Pelton, Sarah; Sparko, Rochelle; Thomas Martindale (IN AG) (Thomas.Martindale@atg.in.gov) |
| **Subject:** | [AZ v Avid Telecom] Plaintiffs offer to withdraw select RFAs |
| **Attachments:** | Defs' Stipulations re Downstream Production.docx |

Neil, after further thought, Plaintiffs would be willing to withdraw 84 RFAs from the set of First RFAs issued to each Defendant if Defendants would agree to stipulate to the attached.

If Defendants agree to so stipulate or would, in good faith, consider this offer, let us know and we will identify the RFAs that Plaintiffs would be willing to withdraw.

Upon receiving an executed version of the attached document, Plaintiffs will withdraw the related 84 RFAs from each set issued upon Defendants, and will excuse Defendants from their current obligation to respond to those 84 RFAs.

Note that should Defendants execute the accompanying stipulation, Defendants are still obligated to timely respond to the remaining RFAs.  Moreover, the current deadline for Defendants' respective responses to Plaintiffs' RFAs is not tolled, enlarged, or otherwise moved as Defendants' consider Plaintiffs' offer to withdraw selected RFAs.

Thanks,
Tracy



**Tracy Nayer**
Special Deputy Attorney General
Consumer Protection Division
North Carolina Department of Justice
(919) 716-6581
tnayer@ncdoj.gov
Post Office Box 629, Raleigh, NC 27602
114 West Edenton Street, Raleigh, NC 27603
https://ncdoj.gov/

Please note messages to or from this address may be public records.

---

**From:** Nayer, Tracy
**Sent:** Wednesday, August 27, 2025 7:10 AM
**To:** Neil Ende <nende@tlgdc.com>; Greg Taylor <gtaylor@tlgdc.com>
**Cc:** Douglas Swetnam (IN AG) (douglas.swetnam@atg.in.gov) <douglas.swetnam@atg.in.gov>; Emily Dietz (OH AG) (Emily.Dietz@OhioAGO.gov) <Emily.Dietz@OhioAGO.gov>; Erin Leahy (OH AG) (erin.leahy@ohioago.gov) <erin.leahy@ohioago.gov>; John Dillon (AZ AG) (John.DillonIV@azag.gov) <John.DillonIV@azag.gov>; Sarah.Pelton@azag.gov; Sparko, Rochelle <rsparko@NCDOJ.GOV>; Thomas Martindale (IN AG)

(Thomas.Martindale@atg.in.gov) <Thomas.Martindale@atg.in.gov>
**Subject:** [AZ v Avid Telecom] Plaintiffs' Response to Defendants' Counsel's requests to modify the First RFAs

Neil,

We received your emails (attached) concerning the First Requests for Admission served by Plaintiffs on each of your clients on Wednesday, August 20.

Yet again. you leave us stunned by the fanciful mischaracterizations in your correspondence.

Over the course of this litigation, Plaintiffs issued only one set of discovery requests for production on each Defendant, to which we are still awaiting meaningful responses that comport with both your clients' obligations to participate in the litigation and your obligation to conform your own behavior to the Rules of Professional Conduct.

The RFAs issued by Plaintiffs last week are relevant to the claims addressed in the Complaint, the responses to which lie squarely within your clients' knowledge.  In the absence or dearth of responsive production from your clients regarding Plaintiffs' outstanding discovery requests, your clients' respective admissions are necessary.  Admitting to facts they know to be true about the business they conducted—particularly in light of the paucity of production from your clients to date—is the literal least that we can ask of your clients during what is supposed to be a reciprocal discovery process.

Accordingly, we decline your invitation to undermine our ability to prosecute our case, despite your efforts to frustrate our ability to do so by propounding the duplicative and harassing discovery requests that you have issued to Plaintiffs on behalf of your clients (*see, e.g.*, the ~570 Requests for Production set forth in Defendants' Second RFPs, in addition to the RFPs set forth in Defendants' First and Third RFPs and Defendant Reeves's First RFPs, as well as the RFAs set forth in Defendants' First RFAs and Defendant Reeves's First RFAs).

However, if you have been inspired to rethink <u>your</u> abusive discovery requests and would like to modify your clients' outstanding requests, please do let us know.



Tracy Nayer
Special Deputy Attorney General
Consumer Protection Division
North Carolina Department of Justice
(919) 716-6581
tnayer@ncdoj.gov
Post Office Box 629, Raleigh, NC 27602
114 West Edenton Street, Raleigh, NC 27603
https://ncdoj.gov/

Please note messages to or from this address may be public records.

# Exhibit PP

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

State of Arizona, *ex rel*. Kristin K. Mayes,
Attorney General; et al.,

      Plaintiffs,

      v.

Michael D. Lansky, L.L.C., dba Avid
Telecom, et al.,

      Defendants.

No. 4:23-CV-00233-TUC-CKJ

## STIPULATIONS BY DEFENDANT MICHAEL D. LANSKY, L.L.C., DBA AVID TELECOM, DEFENDANT MICHAEL D. LANSKY, AND DEFENDANT STACEY S. REEVES

Defendants Michael D. Lansky, L.L.C. dba Avid Telecom, Michael D. Lansky, and Stacey S. Reeves (collectively "Defendants"), stipulate to the following:

1.    Defendant Avid Telecom sent voice call traffic directly to each of the following voice service providers:

    a.    All Access Telecom;

    b.    Bandwidth;

    c.    Call48 - HFA Services - Skye Telecom;

    d.    Carrier Connect Corp;

    e.    Dorial Telecom;

    f.    G4 Telecom;

    g.    Inteliquent - Sinch - Neutral Tandem;

h.      NGN Latam Corp - Datora Telecom;

i.      Peerless Network - Airus;

j.      PNG Telecomms - PowerNet Global Commc'ns;

k.      Qwality Tel;

l.      Red Telecom;

m.      RingSquared - Magna5 Telecom - NovaTel;

n.      Secure Voice Corp;

o.      Talkie Commc'ns - Sonic Systems;

p.      Telco Connection;

q.      Touchtone Commc'ns;

r.      Verizon;

s.      VoIP Innovations - VoIP Street;

t.      Windstream; and

u.      XCast Labs.

2.      The documents and records produced by the providers listed in Paragraph 1 above pursuant to civil investigative demands issued by the State of North Carolina in January 2023 were produced to Defendants in Plaintiffs' Volumes AGTF_VOL002 and AGTF_VOL003.

3.      Defendants waive any objections or challenges to the authenticity of the documents and records referenced in Paragraph 2 as business records of a regularly conducted activity that meet the standards as set forth in Fed. R. Evid. 803(6)(A)–(C).

**FOR DEFENDANT MICHAEL D. LANSKY, L.L.C. DBA AVID TELECOM:**

Dated _____, 2025

_____
[INSERT NAME OF COUNSEL]
Technology Law Group, LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015
*Counsel to Michael D. Lansky, L.L.C. dba
Avid Telecom*

Dated _____, 2025

_____
Michael D. Lansky, on behalf of Michael
D. Lansky, L.L.C. dba Avid Telecom

**FOR DEFENDANT MICHAEL D. LANSKY:**

Dated _____, 2025

                                   [INSERT NAME OF COUNSEL]
Technology Law Group, LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015
*Counsel to Michael D. Lansky*

Dated _____, 2025

                                   Michael D. Lansky

**FOR DEFENDANT STACEY S. REEVES:**

Dated _____, 2025

 

 

                                                _____
[INSERT NAME OF COUNSEL]
Technology Law Group, LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015
*Counsel to Stacey S. Reeves*

 

 

Dated _____, 2025

                                                _____
Stacey S. Reeves

# Exhibit QQ

**Pelton, Sarah**

| | |
|---|---|
| **From:** | Dillon IV, John |
| **Sent:** | Wednesday, September 3, 2025 1:07 PM |
| **To:** | Greg Taylor; Neil Ende |
| **Cc:** | Nayer, Tracy; Erin Leahy (OH AG) (erin.leahy@ohioago.gov); Sparko, Rochelle; Emily Dietz (OH AG) (Emily.Dietz@OhioAGO.gov); Thomas Martindale (IN AG) (Thomas.Martindale@atg.in.gov); michel.singernelson@coag.gov; Pelton, Sarah; Trombley, Nikki; Miranda, Belen |
| **Subject:** | AZ v. Avid Telecom - Rule 11 Meet and Confer Re Declaration of Greg Taylor in support of Defendants' Brief Regarding Discovery Disputes |

Counsel,

We write pursuant to Rule 11 of the Federal Rules of Civil Procedure to address the significant factual inaccuracies and procedural deficiencies contained in the unsigned Declaration of Greg Taylor, submitted in support of Defendants' Brief Regarding Discovery Disputes.

As an initial matter, Mr. Taylor's declaration is rife with falsehoods and misrepresentations in violation of Rule 11 of the Federal Rules of Civil Procedure. For instance, Mr. Taylor claims that during the parties' July 15, 2025 telephonic meet and confer, Plaintiffs prevented him from offering substantive input, refused to engage on any substantive issues or provide any substantive responses to issues of concern to Defendants, and engaged in over-speaking for approximately 20 minutes until he was forced to unilaterally terminate the call. All of these statements are demonstrably false.

Plaintiffs' counsel duly appeared for the meet and confer in good faith, fully prepared to address all issues of concern to Defendants. Plaintiffs' counsel provided substantive responses concerning Defendants' 30(b)(6) deposition notices, Defendants' requests for production, and Defendants' requests for admission. At no time did Plaintiffs' counsel refuse to engage with Mr. Taylor on any substantive issues or refuse to provide substantive responses to Mr. Taylor regarding Defendants' purported concerns. To the contrary, it was Mr. Taylor who arrived wholly unprepared, having failed to provide the outline of disputed issues he had repeatedly promised in advance. When pressed for factual or legal support for the few positions he tried to articulate, Mr. Taylor had none. The meet and confer was unproductive solely because of Mr. Taylor's lack of preparation, not because of any conduct by Plaintiffs' counsel.

Defendants are well aware of what actually occurred during the July 15 meet and confer, as Plaintiffs sent follow-up emails contemporaneously recounting the events in question. Nevertheless, Defendants have repeatedly attempted to fabricate the record before the Court and in correspondence between the parties. Mr. Taylor's unsigned declaration simply repeats these falsehoods, despite his actual knowledge of their falsity. This conduct squarely violates Rule 11(b), which requires an attorney to certify that factual contentions in their pleadings have evidentiary support.

Furthermore, Mr. Taylor's declaration is also procedurally deficient. Under Rule 11(a), every paper filed with the Court must be signed by at least one attorney of record in the attorney's name. An unsigned declaration is a nullity and must be stricken unless promptly corrected. *See* Fed. R. Civ. P. 11(a). Given both the procedural deficiency in Mr. Taylor's unsigned declaration and the falsehoods asserted therein,

Plaintiffs will move to strike the unsigned declaration of Greg Taylor if Defendants do not withdraw it by close of business tomorrow (9/4).

We appreciate your professional courtesy and look forward to your prompt response.

Regards,

**John Raymond Dillon IV**
Senior Litigation Counsel



Arizona Attorney General Kris Mayes
2005 N. Central Ave.
Phoenix, AZ 85004
Desk: 602-542-7732
John.DillonIV@azag.gov
http://www.azag.gov

CONFIDENTIALITY NOTICE:  This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information, including information that may be protected through an attorney-client privilege.  Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

# Exhibit RR

**Pelton, Sarah**

| | |
|---|---|
| **From:** | Greg Taylor <gtaylor@tlgdc.com> |
| **Sent:** | Thursday, September 4, 2025 10:00 PM |
| **To:** | Dillon IV, John; Neil Ende |
| **Cc:** | Nayer, Tracy; Erin Leahy (OH AG) (erin.leahy@ohioago.gov); Sparko, Rochelle; Emily Dietz (OH AG) (Emily.Dietz@OhioAGO.gov); Thomas Martindale (IN AG) (Thomas.Martindale@atg.in.gov); michel.singernelson@coag.gov; Pelton, Sarah; Trombley, Nikki; Miranda, Belen |
| **Subject:** | Re: AZ v. Avid Telecom - Rule 11 Meet and Confer Re Declaration of Greg Taylor in support of Defendants' Brief Regarding Discovery Disputes |

John:

I am working on a substantive reply to your message.  I have been out of the office this week, back now but still working on reply.  I will have something to you by COB Friday.

Best,
Greg

**From:** "Dillon IV, John" <John.DillonIV@azag.gov>
**Date:** Wednesday, September 3, 2025 at 3:07 PM
**To:** Greg Taylor <gtaylor@tlgdc.com>, Neil Ende <nende@tlgdc.com>
**Cc:** "Nayer, Tracy" <Tnayer@ncdoj.gov>, "Erin Leahy (OH AG) (erin.leahy@ohioago.gov)" <erin.leahy@ohioago.gov>, "Sparko, Rochelle" <rsparko@NCDOJ.GOV>, "Emily Dietz (OH AG) (Emily.Dietz@OhioAGO.gov)" <Emily.Dietz@OhioAGO.gov>, "Thomas Martindale (IN AG) (Thomas.Martindale@atg.in.gov)" <Thomas.Martindale@atg.in.gov>, "michel.singernelson@coag.gov" <michel.singernelson@coag.gov>, "Pelton, Sarah" <Sarah.Pelton@azag.gov>, "Trombley, Nikki" <Nikki.Trombley@azag.gov>, "Miranda, Belen" <Belen.Miranda@azag.gov>
**Subject:** AZ v. Avid Telecom - Rule 11 Meet and Confer Re Declaration of Greg Taylor in support of Defendants' Brief Regarding Discovery Disputes

Counsel,

We write pursuant to Rule 11 of the Federal Rules of Civil Procedure to address the significant factual inaccuracies and procedural deficiencies contained in the unsigned Declaration of Greg Taylor, submitted in support of Defendants' Brief Regarding Discovery Disputes.

As an initial matter, Mr. Taylor's declaration is rife with falsehoods and misrepresentations in violation of Rule 11 of the Federal Rules of Civil Procedure. For instance, Mr. Taylor claims that during the parties' July 15, 2025 telephonic meet and confer, Plaintiffs prevented him from offering substantive input, refused to engage on any substantive issues or provide any substantive responses to issues of concern to Defendants, and engaged in over-speaking for approximately 20 minutes until he was forced to unilaterally terminate the call. All of these statements are demonstrably false.

Plaintiffs' counsel duly appeared for the meet and confer in good faith, fully prepared to address all issues of concern to Defendants. Plaintiffs' counsel provided substantive responses concerning Defendants'

30(b)(6) deposition notices, Defendants' requests for production, and Defendants' requests for admission. At no time did Plaintiffs' counsel refuse to engage with Mr. Taylor on any substantive issues or refuse to provide substantive responses to Mr. Taylor regarding Defendants' purported concerns. To the contrary, it was Mr. Taylor who arrived wholly unprepared, having failed to provide the outline of disputed issues he had repeatedly promised in advance. When pressed for factual or legal support for the few positions he tried to articulate, Mr. Taylor had none. The meet and confer was unproductive solely because of Mr. Taylor's lack of preparation, not because of any conduct by Plaintiffs' counsel.

Defendants are well aware of what actually occurred during the July 15 meet and confer, as Plaintiffs sent follow-up emails contemporaneously recounting the events in question. Nevertheless, Defendants have repeatedly attempted to fabricate the record before the Court and in correspondence between the parties. Mr. Taylor's unsigned declaration simply repeats these falsehoods, despite his actual knowledge of their falsity. This conduct squarely violates Rule 11(b), which requires an attorney to certify that factual contentions in their pleadings have evidentiary support.

Furthermore, Mr. Taylor's declaration is also procedurally deficient. Under Rule 11(a), every paper filed with the Court must be signed by at least one attorney of record in the attorney's name. An unsigned declaration is a nullity and must be stricken unless promptly corrected. *See* Fed. R. Civ. P. 11(a). Given both the procedural deficiency in Mr. Taylor's unsigned declaration and the falsehoods asserted therein, Plaintiffs will move to strike the unsigned declaration of Greg Taylor if Defendants do not withdraw it by close of business tomorrow (9/4).

We appreciate your professional courtesy and look forward to your prompt response.

Regards,

**John Raymond Dillon IV**
Senior Litigation Counsel



Arizona Attorney General Kris Mayes
2005 N. Central Ave.
Phoenix, AZ 85004
Desk: 602-542-7732
John.DillonIV@azag.gov
http://www.azag.gov

CONFIDENTIALITY NOTICE:  This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information, including information that may be protected through an attorney-client privilege.  Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.