Greg L. Taylor, Esq.
*gtaylor@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, ex rel. Kristin K. Mayes Attorney General et al.<br><br>    Plaintiffs<br><br>v.<br><br>Michael D. Lansky, LLC, dba Avid Telecom, an Arizona Limited Liability Company;<br><br>Michel D. Lansky, individually As a Member/Manager/Chief Executive Officer of Michael D. Lansky, LLC dba Avid Telecom; and<br><br>Stacey S. Reeves, individually as a Manager/Vice President of Michael D. Lansky LLC dba Avid Telecom<br><br>    Defendants. | Case No. 4:23-cv-00233-EJM |

1

## Table of Contents

I.   INTRODUCTION ................................................................................................... 1

II.  ARGUMENT ......................................................................................................... 1

    a.  Rule 34 Violations & Waiver of Objections ................................................ 1

    b.  Failure to Comply With Rule 34(b)(2)(C) Requirements ........................... 3

    c.   Inadequate Boilerplate Objections ............................................................. 4

    d.   Non-Compliance with ESI Order .............................................................. 5

III. FAILURE TO MEET & CONFER ....................................................................... 5

IV. CONCLUSION ..................................................................................................... 5

## Table of Authorities

**Cases**

*John Doe 1, et al. v. Swift Transportation Co., Inc., et al*., No. CV-12-01629-PHX-NVW (D. Ariz. July 15, 2015) ......................................................................................................... 3

*Osborn v. Bartos,* 2010 U.S.Dist.LEXIS 114119, Arizona District Court (September 17, 2010) ....... 3

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)………………………………………………………………………………3

**Statutes**

Rule 30(b)(6) ................................................................................................................. 4

Rule 34(b)(2)(B)-(C) ..................................................................................................... 4

## RESPONSE TO PLAINTIFF'S MEET AND CONFER BRIEF

I. INTRODUCTION

Defendants Michael D. Lansky, L.L.C., d/b/a Avid Telecom, Michael D. Lansky, and Stacey S. Reeves (collectively, "Defendants") respectfully submit this Opposition to Plaintiffs' Opening Brief on Discovery Disputes ("Opening Brief").

Plaintiffs' allegations of noncompliance and obstruction are unfounded and distort the parties' discovery communications, the scope of requests, and Defendants' efforts to cooperate in a complex, multi-state consumer protection action. Rather than an attempt to fairly resolve disputes, Plaintiffs' motion seeks to impose overbroad, unduly burdensome obligations and to cast routine, justified objections as sanctionable conduct. The record demonstrates Defendants' good faith participation, continued offer to confer substantively, and appropriate invocation of well-established privileges.

To be clear, *Defendants are not withholding any documents based on a stated objection or privilege nor have they refused to comply with any other discovery request*. Plaintiffs, who have at least 25x the number of attorneys who have filed appearances, cannot say the same.

II. ARGUMENT

    a. Rule 34 Violations & Waiver of Objections

Plaintiffs' Opening Brief alleges three violations regarding Rule 34: (i) Avid Telecom was required to respond by March 24, 2025; Defendants Lansky and Reeves by April 7, 2025, but none provided timely responses; (ii) Avid Telecom and Reeves have waived any objections to Plaintiffs' Requests pursuant to Rule 34(b)(2); and (iii) Reeves' and Defendant Avid

1

1    Telecom's Responses were not received until July 21, 2025, and July 22, 2025, respectively—
2    more than two months after deadline.
3        Defendants' discovery responses were initially due April 7, 2025. Defendants missed
4    discovery deadlines due to the unanticipated emergency hospitalization of Defendants' counsel
5    managing day-to-day discovery issues. Defendants provided their first discovery responses
6    shortly after counsel was released from the hospital. While counsel believed it had sent separate
7    responses for each Defendant, apparently, due to a document naming issue, it mistakenly sent
8    the same response (for Avid Telecom) for all three sets of requests. When Plaintiffs brought
9    the matter to the attention of Defendants' counsel, responses for Reeves and Lansky were
10   provided.[1]
11       At most, the delay in responding must be viewed as "excusable neglect". The
12   determination of "excusable neglect" is an equitable one, taking account of all relevant
13   circumstances surrounding the party's omission, including any negative impact on judicial
14   proceedings, whether the delay was within the reasonable control of the movant, and whether
15   the movant acted in good faith. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*,
16   507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). All of these factors favor a finding
17   that the delay here was excusable. Moreover, an attorney's failure to respond in a timely
18   manner due to a serious illness has generally been considered "excusable".[2]

---

[1] While a mistake was made in attaching the proper files to the email, given the extreme similarity (indeed, the virtual identify of the requests to Lansky and to Avid Telecom), the short delay in producing three separate responses—early in the discovery window--created little if any actual delay in the progress of the discovery process.

[2] The Supreme Court, Lockwood, J., held that failure of plaintiff's counsel to prevent dismissal of action for failure to have matter set for trial constituted **'excusable neglect'**, where counsel had been

### b. Failure to Comply With Rule 34(b)(2)(C) Requirements

A recurring issue in this litigation arises from Plaintiffs' use of undefined, ambiguous terms such as "illegal," "actual knowledge," and "actual authority." Requesting "all documents" relating to billions of calls (many of which Plaintiffs themselves cannot specifically identify) imposes an extreme, disproportionate burden, especially considering the minimal relevance or utility of much of the requested information. As noted in Defendants' July 17th letter, boilerplate requests divorced from a proper factual predicate are themselves improper. *See* e.g., *John Doe 1, et al. v. Swift Transportation Co., Inc., et al.*, No. CV-12-01629-PHX-NVW (D. Ariz. July 15, 2015).

Further, Plaintiffs have not demonstrated why the already substantial productions—including ESI responsive to targeted requests—are inadequate. Their position would convert the Federal Rules' discovery framework into a limitless fishing expedition, undermining both proportionality and fairness.

Even assuming *arguendo* some objections were untimely, FRCP 33(b)(4) provides that objections are waived unless the court, for good cause, excuses the failure. Courts have broad discretion to excuse technical violations where, as here, Defendants have shown good faith efforts to comply and no prejudice has resulted to Plaintiffs. Again, even if justified, Plaintiffs' focus on this issue is not substantive, as Defendants (unlike Plaintiffs) are not withholding any documents based on a stated objection. *See Osborn v. Bartos*, 2010 U.S.Dist.LEXIS 114119, Arizona District Court (September 17, 2010).

---

assertedly stricken with Valley Fever and such illness temporarily affected his ability to manage his office and conduct his practice. *See Walker v. Kendig*, 107 Ariz. 510, 489 P.2d 849 (1971)

### c. Inadequate Boilerplate Objections

Plaintiffs' Opening Brief wrongly insists that any objection not accompanied by exhaustive factual content is "boilerplate." To the contrary, federal precedent and local practice generally require specificity and clarity—not endless exposition, especially when Plaintiffs' own definitions are far from clear. Defendants' objections specify the basis on which categories of requests are overbroad, unduly burdensome, or vague, and, as required by Rule 34(b)(2)(B)-(C), indicate whether responsive material is being withheld. [3]Additionally, Plaintiffs' assertion that privilege objections are "unsubstantiated" is misplaced. Where privileged or protected information exists, Defendants are prepared to produce a privilege log in the normal course and upon meaningful identification of potentially responsive documents. There is no basis to require immediate, exhaustive logs regarding productions that Plaintiffs cannot describe with precision.

To date, Defendants have not withheld any documents on the basis of privilege. This fact has been communicated to Plaintiffs. Plaintiffs, in contrast, have refused to produce a privilege log on the absurd claim that it is not time to do so and they have yet to state when one will be produced and if any documents have been withheld on this basis.

---

[3] Plaintiffs' objections on this basis are disingenuous in the extreme—bordering of the outrageous and frivolous—given they have asserted generic objections to virtually every one of Defendants' requests—including every one of Defendants' requests for depositions under Rule 30(b)(6) and, unlike Defendants who have said that no documents are being withheld, to this date have failed and refused to so represent.

4

### d. Non-Compliance with ESI Order

On or around July 11, 2025, defense counsel provided its first document production as to Defendant Reeves – around 320 documents in total. While there were initial formatting issues with Bates numbering due to technical issues with Defendants' industry-leading (NextPoint) document program, this problem was resolved through a coordinated effort of counsel's document expert and the technical staff at NextPoint. As no pleadings that required reference to Bates numbers were due during this period, and Plaintiffs had the documents in hand during the correction process, Plaintiffs suffered no conceivable prejudice. Defendants expect to produce a large additional tranche of documents this week.

## III. FAILURE TO MEET & CONFER

Given the procedural posture and Defendants' ongoing work to comply, Plaintiffs' request for sanctions is not only premature, but also disproportionate.[4] The case law cited by Plaintiffs relates to willful non-compliance and bad faith, neither of which is present here. Defendants continue to seek a practical resolution and request that this Court order the parties to further confer on narrowly tailored, clearly defined discovery requests, reserving judicial intervention for genuinely intractable disputes.

## IV. CONCLUSION

Federal courts in Arizona recognize that discovery sanctions should not be imposed where parties demonstrate good faith compliance efforts. Here, Defendants have: (i) stipulated

---

[4] Given the material, continuing and apparently willful violations of their discovery obligations by Plaintiffs, Defendants would support the appointment of a discovery referee, with any associated costs paid by the Plaintiffs or shared by the parties.

to reasonable extensions; (ii) produced documents, with more to be produced this week; (iii) participated in the meet and confer process; (iv) actively worked to address technical ESI Order requirements; (v) not delayed such that Plaintiffs can demonstrate any actual prejudice from the timing of issues.

Discovery remains ongoing, and Defendants are actively producing responsive materials. Defendants respectfully submit that Plaintiffs' characterization of "obstruction" and "delay" is unsupported by the record. Defendants have engaged in good faith efforts to comply with discovery obligations, stipulated to reasonable extensions, and are actively producing responsive documents. Any technical violations should be excused under the good cause standard, particularly given the complexity of the requests and Defendants demonstrated commitment to compliance.

Plaintiffs, continue to refuse to produce a privilege log, assert boilerplate and insufficient bases for objections and  discovery requests, and refuse to identify witnesses for deposition. Defendants are producing documents while Plaintiffs withhold documents without explanation or agreement to meet and confer.  If any party should be subject to sanctions, it is the Plaintiffs.

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' request for relief as set forth in the Opening Brief and direct the parties to meaningfully confer in good faith to resolve any remaining disputes in accordance with the Federal Rules of Civil Procedure.

                                        Respectfully submitted,

                                        _____

                                        Greg Taylor, Esq.
                                        Technology Law Group, LLC
                                        5335 Wisconsin Avenue, N.W.
                                        Suite 440
                                        Washington, D.C. 20015

                                        *Attorneys for Defendants*

Dated: September 8, 2025

1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of September 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to all CM/ECF registrants

_____

Ritesh Warikallamath