Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes Attorney General et al. | ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | Case No. 4:23-cv-00233 |
| Michael D. Lansky, LLC, dba Avid Telecom, LLC, an Arizona Limited Liability Company; | ) ) ) ) ) | **MOTION FOR LEAVE TO FILE FURTHER SUPPLEMENTAL MOTION TO DISMISS** |
| Michel D. Lansky, individually As a Member/Manager/Chief Executive Officer of Michael D. Lansky, LLC dba Avid Telecom; and | ) ) ) ) ) ) | |
| Stacey S. Reeves, individually as a Manager/Vice President of Michael D. Lansky LLC dba Avid Telecom | ) ) ) ) ) | |
| Defendants. | ) ) | |

Motion for Leave to File Further Supplemental Motion to Dismiss

Defendants Michael D. Lansky, Michael D. Lansky, LLC dba Avid Telecom, LLC, and Stacey S. Reeves (collectively "Defendants"), through undersigned counsel, hereby submit this Motion for Leave to File Further Supplemental Motion to Dismiss.

**Background**

This Court has been asked to consider Plaintiffs' claims of personal liability against Mr. Lansky and Ms. Reeves on two occasions. In their Motion to Dismiss, Plaintiffs asked the Court to dismiss both the claim of personal liability against Mr. Lansky based on a common law piercing of the corporate veil and based on the inadequacy of Plaintiffs' claims arising under the Telecommunications Consumer Protection Act, 47 USC 47 USC § 227 (hereinafter referred to as "TCPA"). With respect to the common law piercing theory, by order dated July 7, 2024, the Court dismissed the personal liability claims against Mr. Lansky that were based on the piercing of the corporate veil theory without prejudice.

With respect to the personal liability claims against Defendants based on the application of the TCPA, Defendants submitted a Supplemental Motion to Dismiss, citing new caselaw decided after the original motion papers were filed in which several courts had rejected similar claims. For example, Defendants cited *Perrong v. Chase Data,* 2024 WL 329933 (E.D. Pa. Jan 26, 2024), where the court dismissed all TCPA claims against an individual business owner, concluding:

> The Third Circuit Court of Appeals has raised "doubt" as to whether "common-law-personal participation liability is available against corporate officers under the TCPA." *City Select Auto Sales, Inc.*, 885 F.3d 154, 160 (3d Cir. 2018). The court's opinion noted that because "Congress has

demonstrated in many statutes that it 'kn[ows] how to impose' personal-participation liability 'when it cho[oses] to do so,' the argument that Congressional silence indicates such an intent is a weak one at best." *Id.* at 161 (quoting *Cent. Bank of Denver N.A. v. First Interstate Bank of Denver, NA.*, 511 U.S. 164, 176-77 (1994)) (alterations in the original).

Since *City Select*, courts in this circuit have found that "a corporate officer is not liable under the TCPA common law personal liability principles." *KHS Corp. v. Singer Fin. Corp*, 376 F.Supp.3d 524, 530 (E.D. Pa. 2019) (finding no personal liability although defendant "personally directed and participated in" a TCPA violation); *see also Kline v. Advanced Ins. Underwriters, LLP*, No. 1:19-cv-00437, 2020 U.S. Dist. LEXIS 110453, *19 (M.D. Pa., June 23, 2020) (noting personal liability for corporate officers does "not appear to be a cognizable theory of liability under the TCPA.").

*Perrog* 2024 WL 329933 *4.

This Court refused to dismiss the individual liability claims arising under the Telecommunications Consumer Protection Act, 47 USC 47 USC § 227 (hereinafter referred as "TCPA") because it concluded that the caselaw cited was not sufficiently new and, in any event, it is not binding on this court.[1]

However, in the intervening year, the legal landscape has shifted dramatically. Unlike before, where the courts were generally obligated to defer to the views of an expert agency under the so-called "Chevron Doctrine", now, Courts are released from that obligation and can apply their independent judgment, and may consider the interpretation of federal statutes, including the TCPA, by courts that have jurisdiction over regulatory agencies like the FCC.  *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412–13, 144

---

[1] The court relied on a series of cases that found that personal liability could be imposed on the owners of companies found to have violated the TCPA. *See Campbell-Ewald Co. v. Gomez, 577 U.S. 153, 168, 136 S. Ct. 663, 193 L. Ed. 2d 571 (2016) (citing In re Joint Petition Filed by DISH Network, LLC, 28 FCC Rcd. 6574 (F.C.C. 2013)).*

1  S. Ct. 2244, 2273, 219 L. Ed. 2d 832 (2024).  Moreover, the filing of this Motion is timely,

2  now, because the Supreme Court has supplemented the essence of its decision in *Loper*

3  *Bright* as it applies to the FCC—which remained an open question following Loper

4  Bright—in its recent order in *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*,

5  145 S. Ct. 2006, 2022–23 (2025). The *McLaughlin* case closes the loop on the courts right

6  to interpret the TCPA in the post *Chevron* era, by concluding that the Hobbs Act[2] does not

7  create a bar to independent judicial interpretation of the TCPA.

8   With these two decisions, it is now undisputedly clear that this Court no longer needs

9  to defer to the FCC's interpretation of the TCPA.  As such, the time is now right for this

10  Court to substantively consider whether Defendants can be held personally liable under the

11  TCPA as a matter of statutory interpretation or Common Law.

12  **Argument**

13   As a starting point, it is essential that the Court keep in mind that there is no language

14  in the TCPA that provides for personal liability for violations of the Act by corporate

15  entities.  ***Not a single word***.  Indeed, the only basis for the application of personal and

16  vicarious liability has been the unilateral interpretation of the TCPA by the FCC that

17  personal liability can be applied.  Thus, while the *Chevron* Doctrine was the "law of the

---

[2] The Administrative Order Review Act (better known as the "Hobbs Act") grants "exclusive jurisdiction" to the federal courts of appeals to "determine the validity" of most FCC orders and rules and certain other agency orders. 28 U. S. C. § 2342.  28 U. S. C. § 2342.

1  land", courts generally fell in line and deferred to the FCC's interpretation, finding that

2  personal liability can be applied.[3]

3      That reality changed last year with the Supreme Court's rejection of *Chevron*

4  Doctrine deference. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412–13, 144 S.

5  Ct. 2244, 2273, 219 L. Ed. 2d 832 (2024).[4]  In that order, the Supreme Court concluded

6  that courts need not, ***and under the APA may not,*** defer to an agency interpretation of the

7  law simply because a statute is ambiguous.  *Id.* at 412–13, (2024).

8      Defendants seek leave to file this Further Motion to Dismiss to give the Court the

9  opportunity, *which did not exist at the time that Defendants' previous motions to dismiss*

10  *were filed*, to make an independent judgment regarding the availability of personal liability

11  under the TCPA. This motion is also proper under "Rule 12(g) as it will allow this Court

---

[3] FCC's interpretation of TCPA stating that "The agency has clarified that the sender subject to liability under the statute is the person "on whose behalf [the faxes] are transmitted,". *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 10 FCC Rcd. 12391, 12407 (1995) [hereinafter 1995 Order]. City Select Auto Sales Inc. v. David Randall Assocs., Inc., 885 F.3d 154, 159 (3d Cir. 2018) & also relied in Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A., 781 F.3d 1245 (11th Cir. 2015).* Even the Supreme Court, when determining whether vicarious Liability applies under the TCPA, has deferred to the FCC's interpretation of the statute. See Campbell-Ewald Co. v. Gomez, 577 U.S. 153, 168, 136 S. Ct. 663, 193 L. Ed. 2d 571 (2016) (citing In re Joint Petition Filed by DISH Network, LLC, 28 FCC Rcd. 6574 (F.C.C. 2013)).

[4] Notably, the *Loper Bright* order was issued after Defendants filed their Supplemental Motion to Dismiss.  While that decision provides substantial support for this Motion, Defendants held off filing this Further Motion pending the courts order in *McLaughlin*.

1    to properly and fully consider Defendants' new arguments, arising under *Loper* and *Hobbs*,

2    each of which was issued after Defendants' previous motions were filed."[5]

3           Although the FCC's application of personal liability was always on thin factual legal

4    ice, the Courts nonetheless adopted that interpretation as a matter of Chevron deference,

5    generally without any substantive analysis. But with Chevron being overruled, the courts

6    are encouraged to interpret the statutes independently.    Now, deference to the FCC's

7    interpretation based on the absence of language in the TCPA no longer rules the day. Rather,

8    courts like the Third Circuit have taken a much more comprehensive review of statutory

9    language and Congressional intent.  For example, in *City Select Auto Sales, Inc*., 885 F.3d

10   154, 160 (3d Cir. 2018), the court concluded that the fact that the TCPA is silent on the

11   issue of personal liability and is no longer a valid justification for imposing such liability.

12   Because Congress has demonstrated in many statutes that it "kn[ows] how to impose"

13   personal-participation liability "when it cho[oses] to do so," the argument that

14   Congressional silence indicates an intent to do so here is a weak one at best. *Cent. Bank of*

15   *Denver, N.A. v. First Interstate Bank of Denver, N.A*., 511 U.S. 164, 176–77 (1994).[6]

---

[5] This court has to grant this motion as Rule 12(g) technically prohibits successive motions to dismiss that raise arguments that could have been made in a prior motion ... courts faced with a successive motion often exercise their discretion to consider the new arguments in the interests of judicial economy.  Further, a 12(b)(6) defense is so basic and was not waived, [a district] court might properly entertain a second motion if it were convinced it was not interposed for delay and that addressing it would expedite disposition of the case on the merits. *See In re Apple iPhone Antitrust Litig., 846 F.3d 313, 319 (9th Cir. 2017), aff'd sub nom. Apple Inc. v. Pepper, 587 U.S. 273, 139 S. Ct. 1514, 203 L. Ed. 2d 802 (2019).*
[6] *City Select Auto Sales Inc. v. David Randall Assocs., Inc.,* 885 F.3d 154, 161 (3d Cir. 2018).

1     In furtherance of *Loper Bright*, recently, the Supreme Court has instructed district

2 courts to exercise independent interpretation of TCPA, in so doing, overruling a Ninth

3 Circuit's interpretation of TCPA, which relied on the FCC.  Specifically, the Supreme Court

4 held that "The District Court is not bound by the FCC's interpretation of the TCPA. The **[]**

5 District Court should interpret the statute as courts traditionally do under ordinary

6 principles of statutory interpretation, affording appropriate respect to the agency's

7 interpretation." *See McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp., 145 S. Ct.*

8 *2006, 2022–23 (2025). Corner Post v. Board of Governors*, ("parties may always assail a

9 regulation as exceeding the agency's statutory authority in enforcement proceedings against

10 them.").

11     Accordingly, Defendants respectfully seek leave to further supplement their Motion

12 to Dismiss the claims for personal liability under the TCPA.  As demonstrated in the

13 Supplemental Motion to Dismiss, which is being filed contemporaneously herewith,

14 consideration of this issue in the context of the brand new Supreme Court caselaw in

15 *McLaughlin*, further justifies the dismissal of all remaining claims of personal liability

16 against each Defendant with prejudice.

17                Respectfully submitted,

18

19                Neil S. Ende

20                *Pro Hac Vice*

21                *Counsel to Michael D. Lansky, LLC*

22                *dba Avid Telecom*

23 Dated:  September 12, 2025      *Michael D. Lansky and Stacey S. Reeves*

24

1       **UNITED STATES DISTRICT COURT**

2        **DISTRICT OF ARIZONA**

3

4 State of Arizona, ex rel. Kristin K. Mayes   )

5 Attorney General et al.          )

6                **)**

7       Plaintiffs      )

8                )

9 v.               )  Case No. 4:23-cv-00233

10               )

11 Michael D. Lansky, LLC, dba     )

12 Avid Telecom, an Arizona      )

13 Limited Liability Company;     )

14               )

15 Michel D. Lansky, individually    )

16 As a Member/Manager/Chief     )

17 Executive Officer of Michael D.    )

18 Lansky, LLC dba Avid Telecom;    )

19 and              )

20               )

21 Stacey S. Reeves, individually as    )

22 a Manager/Vice President of     )

23 Michael D. Lansky LLC dba     )

24 Avid Telecom         )

25               )

26       Defendants.    )

27 _____)

28

29         **[PROPOSED] ORDER**

30   Having considered the Motion For Leave and for good cause shown, Motion for

31 Leave to File Further Supplemental Motion to Dismiss is granted.

32 Dated:           _____

33