Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
 *dba* Avid Telecom
Michael D. Lansky and Stacey S. Reeves

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, ex rel. Kristin K. Mayes Attorney General et al.  )  )  **)**  Plaintiffs  )  )  v.  )  )  Michael D. Lansky, LLC, dba  )  Avid Telecom, LLC, an Arizona  )  Limited Liability Company;  )  )  Michel D. Lansky, individually  )  As a Member/Manager/Chief  )  Executive Officer of Michael D.  )  Lansky, LLC dba Avid Telecom;  )  and  )  )  Stacey S. Reeves, individually as  )  a Manager/Vice President of  )  Michael D. Lansky LLC dba  )  Avid Telecom  )  )  Defendants.  )  _____) | Case No. 4:23-cv-00233-EJM  **SUPPLEMENT TO DEFENDANTS' MOTION TO DISMISS** |

TABLE OF CONTENTS

BACKGROUND ................................................................................................................ 4

ARGUMENT .................................................................................................................... 5

  A.   This Court Is Not Bound By the FCC's Interpretation of the TCPA with Respect to the Issue of Personal or Vicarious Liability.................................................................. 5

  B.   Absent Chevron Deference, There Is No Basis in Fact or Law to Subject Either Defendant to Personal Liability ..................................................................................... 9

    1. The Absence of Statutory Language Expressly Creating Personal Liability    Precludes the Application of Such Liability.................................................................... 9

    2.    There Is No Factual Basis for the Application of Personal or Vicarious Liability .. 11

CONCLUSION ................................................................................................................ 13

## CASES

*Alexander v. Sandoval* (2001), 532 U.S. 275 (2001)--------------------------------------10, 11, 12

*Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies*, Inc., 961 F.3d 942 (7th Cir. 2020) ------------------------------------------------------------------------------------------------- 8

*Campbell-Ewald Co. v. Gomez,* 577 U.S. 153, 136 S. Ct. 663, 193 L. Ed. 2d 571 (2016) --- 12

*Cent. Bank of Denver N.A. v. First Interstate Bank of Denver, NA.*, 511 U.S. 164 (1994) ---- 7

*Chevron USA v. National Resources Defense Council*, 467 U.S. 837 (1984) ----------------- 5, 8

Citing *Jones v. Royal Admin. Servs., Inc.* 887 F.3d 443 (9th Cir. 2017) ------------------------- 4

*City Select Auto Sales Inc. v. David Randall Assocs., Inc.*, 885 F.3d 154 (3d Cir. 2018) ----10

*City Select Auto Sales, Inc.*, 885 F.3d 154 (3d Cir. 2018)------------------------------------------- 7

*Goodell v. BH Automotive, LLC*, 2023 WL 2691452 (USDC AZ 2023)------------------------- 4

*Jones v. Royal Admin. Servs., Inc.* 887 F.3d 443 (9th Cir. 2017) --------------------------------12

*Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443 (9th Cir. 2018)--------------------------------- 4

*Kline v. Advanced Ins. Underwriters, LLP*, No. 1:19-cv-00437, 2020 U.S. Dist. LEXIS 110453, *19 (M.D. Pa., June 23, 2020) ------------------------------------------------------------- 7

*Loper Bright Enterprises v. Raimondo*, 603 US 369 (2024)---------------------------------------- 5

*Marbury v. Madison*, 1 Cranch 137 (1803) ---------------------------------------------------------- 6

Perrong v. Chase Data, 2024 WL 329933 (E.D. Pa. Jan 26, 2024) -------------------------------- 7

*Rucker v. Nat'l Auto. Fin. Servs. LLC,* No. CV2016377MASTJB, 2021 WL 4482831, at *3 (D.N.J. Sept. 30, 2021) -------------------------------------------------------------------------8, 11

*Worsham v. Direct Energy Services, LLC*, No. SAG-20-00193, 2021 WL 948819 (D. Md. Mar. 12, 2021) ------------------------------------------------------------------------------------- 4

*Ziglar v. Abbasi* (2017), 582 U.S. 120 (2017) -------------------------------------------------------10

1  Defendants Stacey S. Reeves and Michael D. Lansky (collectively "Defendants"), through
2  undersigned counsel, hereby submit this Further Supplement to their Motion to Dismiss.

**BACKGROUND**

In their Motion to Dismiss, Defendants presented caselaw and argument demonstrating that the individual Defendants should not be held personally liable under the Telecommunications Consumer Protection Act, 47 USC § 227 ("TCPA"). Citing *Jones v. Royal Admin. Servs., Inc.* 887 F.3d 443 (9th Cir. 2017), which is the only case on point decided by *the Ninth Circuit*,[1] Defendants also established that, as an independent contractor with no decision-making authority, Ms. Reeves cannot be held personally or vicariously liable under the TCPA.[2] Secondly, Defendants demonstrated that Lansky cannot be held personally or

---

[1] The Court's attention was directed to the same conclusion reached by the District Court in Maryland. *Worsham v. Direct Energy Services, LLC*, No. SAG-20-00193, 2021 WL 948819 (D. Md. Mar. 12, 2021). *See also Goodell v. BH Automotive, LLC*, 2023 WL 2691452 (USDC AZ 2023). ("Moreover, to establish BHA's vicarious liability under an actual authority theory, Plaintiffs "must do more than establish an agency relationship. They must also establish actual authority to place the unlawful calls" *citing Jones v. Royal Admin. Servs., Inc*., 887 F.3d 443, 449 (9th Cir. 2018).") (A citable version of this case was not found at the time that briefing was completed.)

[2] The facts surrounding Ms. Reeves association with Avid Telecom meet all of the relevant factors for determining whether she is an employee or an independent contractor. First and foremost, as Plaintiffs are well aware, each year Ms. Reeves received an IRS Form 1099 which included all compensation that she was paid. She worked exclusively from an office that she established, furnished and outfitted in her house in Florida, thousands of miles away from Avid Telecom's sole office in Tucson, Arizona, she never had an ownership interest in Avid Telecom, she did not receive 401(k) retirement, healthcare or vacation benefits, she set her own hours, she had no hiring or firing authority and she had no authority of any kind to bind Avid Telecom to any decision. Every statement that she made, including every statement referenced by Plaintiffs, was made only after obtaining the express authorization from Mr. Lansky. In effect, Ms. Reeves conduct was exactly that of every customer service representative that we all speak with at, for example, our wireless carrier when we request a change in a service plan or an additional phone. Just because the customer service representative is able to grant our request, does not mean that the representative him or herself

vicariously liable for the acts of Avid Telecom, both because there was no showing that he was directly involved in making the calls or on a piercing theory.

We file this Further Supplement to Plaintiffs' Motion to Dismiss now to bring to the Court's attention the impact that the Supreme Court's decision to end *Chevron* deference,[3] along with its recent order in making it clear that, in the post *Chevron* era, the application of the Hobbs Act[4] does not create a bar to independent judicial interpretation of the TCPA. As set forth below, the simple answer is that neither of them provides a legal basis for this Court not to independently consider the issue of personal liability under applicable statutes and Common Law.

## ARGUMENT

**A.    This Court Is Not Bound By the FCC's Interpretation
of the TCPA with Respect to the Issue of Personal or Vicarious Liability**

At the time that the original Motion to Dismiss was filed, the Supreme Court order in *Chevron USA v. National Resources Defense Council*, 467 U.S. 837 (1984), which required the courts to show deference to the decisions of federal agencies, was still the law of the land. However, with the issuance of the Order in *Loper Bright Enterprises v. Raimondo*, 603 US 369 (2024), which followed the Court's Order of Defendants' Motion to Dismiss in this Case, Chevron deference was no longer required. Indeed, according to Chief Justice Roberts'

---

is responsible for the acts of the company. Rather the wireless service customer service representative, like Ms. Reeves, merely acted as the "front person" implementing the authorized decisions of senior management. Plaintiffs do not even purport to offer evidence to the contrary; they cannot because there is none.

[3] *See Chevron USA v. National Resources Defense Council*, 467 U.S. 837 (1984).
[4] 28 U. S. C. § 2342.

opinion in *Loper Bright*, the judiciary now has the sole prerogative to "say what the law is." *Loper* at 7 (quoting *Marbury v. Madison*, 1 Cranch 137, 177 (1803). The *Loper Bright* order shifts the final say on unclear laws from agencies to the judiciary, giving courts the authority to determine the single "best meaning" of a statute.[5]

While *Chevron* remained the law of the land, including in the consideration of the Complaint [Dkt 1] and the Motion to Dismiss [Dkt 39]and the Supplemental Motion to Dismiss [Dkt 62] in this Case, this Court, like many other Courts, showed deference to the FCC's interpretation of the TCPA as allowing the application of personal liability on individuals for claimed violations of the TCPA. While this view of the TCPA is and always was very controversial—among other reasons because there is not a scintilla of evidence either in the legislative history of the Act or in the words of the Act that Congress intended to impose personal liability—nonetheless, most courts deferred to the FCC's interpretation without substantive independent analysis.[6]

---

[5] According to the Court, "[t]he Framers [] envisioned that the final 'interpretation of the laws' would be 'the proper and peculiar province of the courts.'" *Loper* at p. 7 (quoting The Federalist No. 78, p. 525 (J. Cooke ed. 1961) (A. Hamilton). In executing their traditional interpretive duty, courts "accord[ed] due respect to Executive Branch interpretations of federal statutes," particularly where "an Executive Branch interpretation was issued roughly contemporaneously with enactment of the statute and remained consistent over time." *Id*. at p. 8. But this deference and "respect" were not absolute and could "not supersede" the judiciary's duty to interpret the law. *Id*. at p. 9

[6] The mandated application of *Chevron* deference can be viewed particularly inappropriate in this case as, in *Chevron*, the Supreme Court had "presum[ed] that Congress, when it left ambiguity in a statute meant for implementation by an agency, understood that the ambiguity would be resolved, first and foremost, by the agency, and desired the agency (rather than the courts) to possess whatever degree of discretion the ambiguity allows." *Smiley v. Citibank* (S.D.), N.A., 517 U.S. 735, 740–41 (1996). That presumption is especially strong for statutes where Congress has "explicitly left a gap for the agency to fill." *Chevron*, 467 U.S. at 843–44.

As Defendants argued in their Motion to Dismiss [Dkt 39] and in their Supplemental Motion to Dismiss [Dkt 62], even prior to the Supreme Courts's removal of *Chevron* deference, the growing trend in the caselaw has been that corporate officers, like Mr. Lansky, cannot be held liable for alleged violations of the TCPA.  As Defendants noted, one such case, issued following the close of briefing on the Motion to Dismiss [Dkt 39], is *Perrong v. Chase Data,* 2024 WL 329933 (E.D. Pa. Jan 26, 2024).  In the *Perrong* case, the court dismissed all TCPA claims against an individual business owner, concluding:

> The Third Circuit Court of Appeals has raised "doubt" as to whether "common-law-personal participation liability is available against corporate officers under the TCPA." *City Select Auto Sales, Inc.*, 885 F.3d 154, 160 (3d Cir. 2018). The court's opinion noted that because "Congress has demonstrated in many statutes that it 'kn[ows] how to impose' personal-participation liability 'when it cho[oses] to do so,' the argument that Congressional silence indicates such an intent is a weak one at best." *Id.* at 161 (quoting *Cent. Bank of Denver N.A. v. First Interstate Bank of Denver, NA.*, 511 U.S. 164, 176-77 (1994)) (alterations in the original).
>
> Since *City Select*, courts in this circuit have found that "a corporate officer is not liable under the TCPA common law personal liability principles." *KHS Corp. v. Singer Fin. Corp*, 376 F.Supp.3d 524, 530 (E.D. Pa. 2019) (finding no personal liability although defendant "personally directed and participated in" a TCPA violation); *see also Kline v. Advanced Ins. Underwriters, LLP*, No. 1:19-cv-00437, 2020 U.S. Dist. LEXIS 110453, *19 (M.D. Pa., June 23, 2020) (noting personal liability for corporate officers does "not appear to be a cognizable theory of liability under the TCPA.").

*Perrog* 2024 WL 329933 *4.  Although Defendants acknowledge that the *Perrong, City Select KHS Corp, and Kline* decisions are not binding precedent on this Court, they argued that the legal analyses set forth in those cases, finding no independent legal or factual basis (other than

---

With respect to the issue of personal liability under the TCPA, there is no basis to conclude that Congress had "explicitly left a gap for the agency to fill."

7

the FCC's interpretation) for finding personal liability, were sound. This Court disagreed, finding that those cases did not reflect sufficiently new law and, in any event, they were not binding precedent in the face of *Chevron* deference.

With the elimination of *Chevron* deference, the analysis of whether a defendant can be held personally liable under TCPA requires proof that the defendant actually made the call him or herself or that the call was made under their direction for a personal purpose. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 10 FCC Rcd. 12391, 12407 (1995) [holding that it is the device itself (in that case a facsimile), not the person using the facsimile, that is the only "sender" for the purposes of the TCPA.]; *see also Rucker v. Nat'l Auto. Fin. Servs. LLC,* No. CV2016377MASTJB, 2021 WL 4482831, at *3 (D.N.J. Sept. 30, 2021) (holding that mere findings that individual defendants personally "authorized," "oversaw," and "directed" violations at issue are not enough to sustain a claim for personal liability under the TCPA). Further, mere proof of knowledge or awareness that a call is being made is also not sufficient to hold personally liable under the TCPA. *See Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies*, Inc., 961 F.3d 942, 947 (7th Cir. 2020).

Even with the withdrawal of *Chevron* deference by the Supreme Court, there still remained the potential of uncertainty regarding this Court's right to independently interpret whether the TCPA allowed for the application of personal liability. This is because the Administrative Order Review Act (better known as the "Hobbs Act") grants "exclusive jurisdiction" to the federal courts of appeals to "determine the validity" of most FCC orders and rules and certain

other agency orders. 28 U. S. C. § 2342. Some argued that the Hobbs Act would interfere with the clear language of *Loper Bright*, creating new barriers to independent judicial interpretation of the TCPA. Thus, until McLaughlin, there remained a large measure of uncertainty as to just how much leeway this Court would have to interpret the TCPA in a manner contrary to the FCC's then-existing interpretation.

However, the Supreme Court has recently decided that the Hobbs Act is not a barrier to independent interpretation by this Court. Specifically, in *McLaughlin*, the Court rejected a claim that the Hobbs Act required courts to accept the agency's interpretation of the Communications Act embodied in its rules and orders. Specifically, the Supreme Court held that the "[t]he district court is not bound by the FCC's interpretation" of the TCPA and that district courts *must* independently determine whether the agency's interpretation of a statute is correct. Consistent with its recent rulings in *Loper Bright*, *McLaughlin* directs lower courts to assess an agency's statutory interpretation with no more deference to the logic of the agency's reasoning merits. Accordingly, this Court is now free to determine whether there is any legal basis for imposing personal liability on either Defendant under the TCPA or otherwise without reliance on the FCC's interpretation of the Act

### B. Absent Chevron Deference, There Is No Basis in Fact or Law to Subject Either Defendant to Personal Liability

#### 1. The Absence of Statutory Language Expressly Creating Personal Liability Precludes the Application of Such Liability

In the absence of *Chevron* deference, the analysis of whether personal liability can be applied under the TCPA may still commence with a review of the TCPA itself. That review

reveals no language that speaks directly or even indirectly to the issue of personal liability. The statute is completely silent. As Congress clearly understands how to include language establishing personal liability in statutes, where it fails to do so, the prevailing view is that the Courts should conclude that Congress did not intend to provide that remedy.[7] This concept is exemplified by the canon of statutory construction generally referred to as *expressio unius est exclusio alterius* ("the expression of one thing is the exclusion of another"). Applied to this context, the principle suggests that since the TCPA specifies particular remedies or forms of liability, but is silent on others, including personal liability, the enacting legislative body is presumed to have intentionally excluded the unmentioned remedies. Where this is the case, a court is free to infer that Congress did not intend to provide other, unmentioned grounds or remedies.

Examples of courts decisions refusing to apply remedies not found in the applicable statute abound. For example, in *Alexander v. Sandoval* (2001), 532 U.S. 275 (2001), the Supreme Court ruled that private individuals could not sue to enforce disparate-impact regulations under Title VI of the Civil Rights Act since the statute's text did not explicitly create a private right of action for disparate-impact claims, the Court concluded Congress did not intend for one to exist. Similarly, in *Ziglar v. Abbasi* (2017), 582 U.S. 120 (2017), the Supreme Court refused to create a new *Bivens* remedy (an implied right of action for damages against federal officials) for constitutional violations, inter alia, concluding that because Congress had not extended the kind of remedies sought, its silence must be viewed as

---

[7] *City Select Auto Sales Inc. v. David Randall Assocs., Inc.*, 885 F.3d 154, 161 (3d Cir. 2018)

intentional and relevant. See also *Meyer v. Holley* (2001), where the Supreme Court, reviewing a Ninth Circuit holding, held that the FHA does not automatically impose absolute personal liability on owners and officers for an agent's discriminatory acts, rejecting a strict liability standard and emphasizing that statutory intent, based on silence, prevented the automatic imposition of personal liability.

2. <u>There Is No Factual Basis for the Application of Personal or Vicarious Liability</u>

In their 630-count complaint, Plaintiffs offer *no evidence* that Mr. Lansky or Ms. Reeves actually made any of the allegedly illegal calls, and, in fact, it is apparent that they did not. Indeed, Plaintiffs argue over and over again that each and every call was delivered to Avid Telecom by another carrier or from a call center that originated those calls.[8] It is beyond dispute that all of the acts undertaken by the Defendants, as alleged in the complaint, were undertaken exclusively in the name of the corporation, and none of these acts were undertaken in either Defendant's personal name or personal capacity. Thus, given the reasoning in *Kline*—*i.e.,* that personal liability cannot be applied even where the Defendant personally directed and participated in" a TCPA violation—such liability can only be established through a piercing of the corporate veil. As Plaintiffs have only sought to apply personal liability on a piercing theory against Mr. Lansky,[9] and not against Ms. Reeves, and this Court has already

---

[8] *Rucker v. Nat'l Auto. Fin. Servs. LLC,* No. CV2016377MASTJB, 2021 WL 4482831, at *3 (D.N.J. Sept. 30, 2021).

[9] The Court wrote [Dkt 72]:

To be clear, the Plaintiffs, having failed to file an Amended Complaint, any claims relying on alter ego theories of liability, including piercing the corporate veil (Complaint (Doc. 1) ¶409),

11

1    dismissed that piercing claim [Dkt 72] at. p. 1, there is also no remaining basis for imposing

2    personal liability on either Defendant as a matter of common law.

3        Vicarious Liability cannot be applied to hold Mr. Lansky or Ms. Reeves liable under

4    TCPA, as it is based on Common Law Principles of Agency.[10] . Applying those principles, it

5    is well established that "an employer is subject to liability for torts committed by employees

6    while acting within the scope of their employment."[11] However, the courts have never applied

7    this principle the other way around, applying vicarious liability to an employee based solely

8    on the acts of a company.

9        Plaintiffs are alleging the claim of vicarious liability in the case of Ms. Reeves and Mr.

10   Lansky solely on the basis of their alleged position at Avid Telecom.  As noted above, to the

11   extent that the Court finds, as it inevitably will once discovery is closed, that Ms. Reeves was

12   never an employee of Avid Telecom, any claim of vicarious liability will be without factual or

13   legal basis.[12]  In all events, as there is no factual basis for the conclusion that either Ms. Reeves

---

are dismissed, without prejudice. There is no corresponding Count in the Complaint dedicated to this theory of liability; therefore, the Court dismisses this as a theory of liability ***for all Counts***.

(Emphasis added).

[10] *See Campbell-Ewald Co. v. Gomez,* 577 U.S. 153, 168, 136 S. Ct. 663, 193 L. Ed. 2d 571 (2016) (*citing In re Joint Petition Filed by DISH Network, LLC,* 28 FCC Rcd. 6574 (F.C.C. 2013)).

[11] Restatement (Third) Of Agency § 2.04 (2006).

[12] *See Jones v. Royal Admin. Servs., Inc.* 887 F.3d 443 (9th Cir. 2017).  The facts surrounding Ms. Reeves association with Avid Telecom meet all of the relevant factors for determining whether she is an employee or an independent contractor.  First and foremost, as Plaintiffs are well aware, each year Ms. Reeves received an IRS Form 1099 which included all compensation that she was paid.  She worked exclusively from an office that she established, furnished and outfitted in her house in Florida, thousands of miles away from Avid Telecom's

or Mr. Lansky acted in their personal capacity or made any of the alleged calls themselves, and vicarious liability cannot be applied to Ms. Reeves or to Mr. Lansky solely on the basis of the alleged actions of Avid Telecom, all claims based on personal liability must be dismissed.

## **Conclusion**

By filing and widely publicizing a massive, harshly worded Complaint, Plaintiffs put Avid Telecom out of business (almost immediately). And, through a series of related actions, Plaintiffs have effectively prevented Defendants from earning a living. In any context, let alone this one, where Plaintiffs are already financially crippled, the possibility that Defendants could be held personally for actions taken by a corporate entity is a serious matter, requiring the availability of specific facts and explicit statutory justification. Respectfully, Plaintiffs' claims do not come close to reaching this standard.

Plaintiffs' real claims, if any, are against Avid Telecom. There is no basis in law or fact to include Ms. Reeves as a defendant on any basis. Similarly, even if Plaintiffs could

---

sole office in Tucson, Arizona, she never had an ownership interest in Avid Telecom, she did not receive 401(k) retirement, healthcare or vacation benefits, she set her own hours, she had no hiring or firing authority and she had no authority of any kind to bind Avid Telecom to any decision. Every statement that she made, including every statement referenced by Plaintiffs, was made only after obtaining the express authorization from Mr. Lansky. In effect, Ms. Reeves conduct was exactly that of every customer service representative that we all speak with at, for example, our wireless carrier when we request a change in a service plan or an additional phone. Just because the customer service representative is able to grant our request, as Ms. Reeves did on occasion, does not mean that the representative him or herself can be held liable for the acts of the company. Rather the wireless representative, like Ms. Reeves, merely acts as the "front person" implementing the authorized decisions of senior management. As Defendant Reeves will demonstrate in an upcoming Motion for Summary Judgment, Plaintiffs have offered no proof to the contrary and the claims against Ms. Reeves must be dismissed.

demonstrate that either Defendant engaged in illegal activity, which the complaint clearly does not, and in fact they did not, there is no evidence or legal basis—particularly in the post *Chevron* era—that justifies continuing to subject them to personal liability.

It is time to bring this Case within its proper framework as a fight between the AGs and Avid Telecom and to stop allowing Plaintiffs to use baseless claims against Ms. Reeves and Mr. Lansky as some form of pre-judgment punishment.

Accordingly, based on the new legal framework adopted by the Supreme Court in its orders in *Loper Bright* and, recently, in *McLaughlin*, both of which were issued after the previous motions to dismiss were filed, Defendants respectfully renew their request that the Court independently consider whether personal liability may be attached to Defendants and that it conclude those claims must now be dismissed with prejudice.

                Respectfully submitted,

                _____
                Neil S. Ende
                *Pro Hac Vice*
                *Counsel to Michael D. Lansky, LLC*
                *dba Avid Telecom*

Dated:  September 12, 2025      *Michael D. Lansky and Stacey S. Reeves*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, ex rel. Kristin K. Mayes Attorney General et al.<br><br>  Plaintiffs<br><br>v.<br><br>Michael D. Lansky, LLC, dba Avid Telecom, an Arizona Limited Liability Company;<br><br>Michel D. Lansky, individually As a Member/Manager/Chief Executive Officer of Michael D. Lansky, LLC dba Avid Telecom; and<br><br>Stacey S. Reeves, individually as a Manager/Vice President of Michael D. Lansky LLC dba Avid Telecom<br><br>  Defendants. | Case No. 4:23-cv-00233-EJM |

**[PROPOSED] ORDER**

Having considered the Motion to Dismiss, opposition, reply, and supplemental pleadings, for good cause shown, all remaining claims of personal liability against Defendants are dismissed with prejudice.


Dated: _____