KRISTIN K. MAYES
Attorney General of Arizona
(Firm State Bar No. 14000)
John Raymond Dillon IV (AZ No. 036796)
Sarah Pelton (AZ Bar No. 039633)
Alyse C. Meislik (AZ Bar No. 024052)
Dylan Jones (AZ Bar No. 034185)
Office of the Arizona Attorney General
2005 North Central Avenue
Phoenix, AZ 85004
Phone: (602) 542-3725
Fax:    (602) 542-4377
consumer@azag.gov
*Counsel for Plaintiff State of Arizona*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| State of Arizona, *ex rel*. Kristin K. Mayes, Attorney General, *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>Michael D. Lansky, L.L.C., dba Avid Telecom, *et al.*,<br><br>  Defendants. | Case No.:  4:23-cv-00233-TUC-CKJ<br><br><br>**PLAINTIFFS' REPLY BRIEF ON DISCOVERY DISPUTES** |

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    <u>INTRODUCTION</u>**

Plaintiffs respectfully submit their Reply Brief to Defendants' Responsive Brief on Discovery Disputes ("Defendants' Responsive Brief"). Below, Plaintiffs establish the significant prejudice Plaintiffs have suffered due to Defendants' tactics, Defendants' continuing and troubling pattern of misrepresenting communications to Plaintiffs and the Court, and Defendants' tacit admissions of the inadequacy of their discovery responses.

## II. ARGUMENT

### a. Plaintiffs have Suffered Significant Prejudice Due to Defendants' Obstructive Tactics

Defendants claim at several points in their Responsive Brief that Plaintiffs have suffered no prejudice due to Defendants' actions. This is not so. Under the Scheduling Order [Dkt. #102], discovery for this case closes in less than 60 days. Plaintiffs' discovery schedule and timeline has been negatively affected by Defendants in three major ways. First, and most egregiously, Plaintiffs are *still* without a *single* document production from Defendant Avid Telecom and only late today (9/15) received document production from Defendant Lansky[1] – six months after both Defendants were originally served with Plaintiffs' requests. Defense counsel has repeatedly assured Plaintiffs that document production is forthcoming and have not delivered on their promises, despite having served responses for Defendant Avid Telecom on July 22, 2025 and Defendant Lansky on May 2, 2025. S*ee, e.g.,* Declaration of Sarah Pelton, dated August 27, 2025 ("Pelton Decl. I") at ¶ 28, Ex. Y ("We expect to be in a position to move them [additional Reeves documents] to the portal later this week [week of August 12, 2025]."); Declaration of Sarah Pelton, dated September 15, 2025 ("Pelton Decl. III"), at ¶ 6, Ex. VV ("[W]e plan to upload another batch of (non-privileged) documents next week [week of August 29, 2025] following our review."); *infra* II. c. Instead of producing documents, defense counsel is instead preoccupied with issuing more discovery requests – issuing their Fourth Set of Requests for Production on Plaintiffs (713 total RFPs propounded by Defendants to date) and sending each of the 36 non-state claims states duplicative Requests for Production in the last week alone (652 RFPs to each).

Second, even with respect to lone documents Defendant Reeves did produce, the production was wholly deficient under Rule 34 because Reeves failed to label or organize the documents to correspond with Plaintiffs' specific document requests. *See* ESI Order at

---

[1] Plaintiffs have not yet reviewed the September 15, 2025 production, and thus, will not make any characterizations regarding the production in this Brief. Plaintiffs reserve their right to make characterizations about the production in the future.

2

1  Section (A)(3) [Dkt. #120]; Fed. R. Civ. P. 34(2)(E)(i). As a result of this violation,
2  Plaintiffs have been prejudiced as they have no way of determining which documents – if
3  any – are responsive to particular requests. Despite being placed on notice of this
4  deficiency, Defendants have refused to remedy it and instead attempt to obscure their
5  noncompliance with red herrings and arbitrary demands that Plaintiffs explain why
6  Reeves's self-characterized "substantial" production is inadequate. The answer is simple:
7  the production is inadequate because it does not satisfy the fundamental requirements of
8  Rule 34. It is also abundantly clear to Plaintiffs that the production does not include any
9  documents at all that are responsive to the majority of the Plaintiffs' Requests.

10  Finally, because of Defendants' purposeful delay and obstruction, Plaintiffs have no
11  documents with which to depose, or even determine, key witnesses in the case. Defense
12  counsel's deliberate delay in serving discovery responses – over three months past the
13  original deadline – is not excusable neglect, particularly given Defendants were on notice
14  of their untimeliness as early as late March. *See* Pelton Decl. I at ¶ 7, Ex. D. Moreover, the
15  fact that after six months Plaintiffs have still not received a single document from
16  Defendant Avid Telecom, and only today received documents from Defendant Lansky, in
17  response to Plaintiffs' RFPs is not excusable neglect. With less than 60 days remaining
18  before the close of discovery, Defendants' outright failure to participate in discovery has
19  caused Plaintiffs severe prejudice and continues to stall resolution of this matter. Plaintiffs
20  have no idea what is outstanding from Defendant Reeves from a discovery perspective
21  because defense counsel refuses to state what documents are responsive to which Requests.

22  **b. Defendants Tacitly Concede their Untimely Discovery Responses**
23  **Consist of Boilerplate Objections and Baseless Privilege Claims.**

24  Defendants' Responsive Brief fails to address many of the detailed deficiencies
25  identified in Plaintiffs' Opening Brief. Specifically, Defendants do not explain why their
26  definitional objections and claims of 'undue burden' should stand when those same
27  objections were disregarded in response to other requests for which Defendants agreed to
28  produce documents. Nor do Defendants provide any explanation as to why or how

3

producing communications, interactions, or account history logs with suppliers or customers would require them to "reach one or more legal conclusions." Defendants likewise fail to offer any support for their invocation of the law enforcement privilege, or any explanation as to how their communications with downstream providers or payments to those providers, could possibly be protected by the attorney-client privilege. Equally baseless – and ignored by Defendants in their Responsive Brief – is Defendants' assertion that documents concerning their own affirmative defenses are privileged.

These omissions confirm that Defendants' boilerplate objections and unsupported privilege assertions are without merit. Defendants' silence on these points amounts to a tacit admission of the inadequacy of their discovery responses. Their generalized objections are insufficient under the rules and are tantamount to no objection at all. *See Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999).

### c. **Defendants' Misrepresentations and Procedural Deficiencies.**

Unlike Plaintiffs, in a recurring and troubling pattern, Defendants' Briefs offer little to no documentary evidence to support their stated positions. Plaintiffs have taken the liberty to chronicle Defendants' misrepresentations in the below table and correct each in turn.

| Misrepresentations by Defendants | Record Fact |
|---|---|
| "Defendants missed discovery deadlines due to the unanticipated emergency hospitalization of Defendants' counsel managing day-to-day discovery issues."<br><br>-Defendants' Responsive Brief at pg. 2 | On July 11, 2025, Defense counsel Greg Taylor (purportedly the counsel "managing the day-to-day discovery") noted that he did not have access to the discovery responses in counsel Neil Ende's file to be able to resend the responses. The three identical Responses were sent to Plaintiffs on May 2, 2025.<br><br>-Pelton Decl. III at ¶ 5, Ex. UU; Pelton Decl. I at Ex. I |
| "Defendants provided their first discovery responses shortly after counsel was released from the hospital."<br><br>-Defendants' Responsive Brief at pg. 2 | Defense counsel indicated to Plaintiffs that the hospitalization occurred around May 7, and he was discharged sometime prior to May 19, 2025. Defendants provided three |

|  | identical discovery responses for Defendant Lansky on May 2, 2025. Defendants Reeves and Avid Telecom did not provide their first discovery responses until July 21, 2025, and July 22, 2025, respectively.<br><br>-Pelton Decl. III at Exs. SS-TT, Pelton Decl. I at Exs. I-J, DD-EE |
|---|---|
| "When Plaintiffs brought the matter [the three identical discovery responses] to the attention of defense counsel, responses for Reeves and Lansky were already provided."<br><br>-Defendants' Responsive Brief at pg. 2 | Plaintiffs brought this issue to defense counsel on four separate occasions starting May 7, 2025. Defense counsel did not respond to these concerns until July 11, 2025, never provided the responses they purportedly intended to send on May 2 and did not provide separate responses for Defendants Reeves and Avid Telecom until July 21, 2025, and July 22, 2025, respectively, which were then identified as supplemental responses.<br><br>-Pelton Decl. I at Exs. K-M, V, DD-EE |
| "Defendants expect to produce an additional tranche of documents this week [week of September 8, 2025]."<br><br>-Defendants' Responsive Brief at pg. 5 | Defendants did not produce any documents within the week of September 8, 2025.<br><br>-Pelton Decl. III at ¶ 7 |
| "Defendants have not withheld any documents on the basis of privilege. This fact has been communicated to Plaintiffs."<br><br>-Defendants' Responsive Brief at pg. 4 | This is the first Plaintiffs have heard of this statement and it is contradicted by Defendants' own brief on page 4, where they refuse to provide a privilege log until potentially responsive documents are identified - "Defendants are prepared to produce a privilege log in the normal course and upon meaningful identification of potentially responsive documents."<br><br>-Defendants' Responsive Brief at pg. 4 |
| "Unlike Defendants who have said no documents are being withheld, Plaintiffs to this date have failed and refused to so represent."<br><br>-Defendants' Responsive Brief at pg. 4, FN 3 | Plaintiffs explained they did not withhold documents on the basis of their objections in their written responses and in Plaintiffs' response to Defendants' Meet and Confer letter. |

5

| | -Declaration of Sarah Pelton, dated September 8, 2025 ("Pelton Decl. II") at Ex. NN; Ex. B, Dkt. 116-2. |
|---|---|
| "[N]or have [Defendants] refused to comply with any other discovery request."<br><br>-Defendants' Responsive Brief at pg. 1 | Defendants have refused to comply with Plaintiffs' discovery requests by not producing documents for Defendant Avid Telecom, delaying production from Defendant Lansky, and significantly incomplete production from Defendant Reeves which also lacks any labeling or an index identifying the Requests to which the 320 produced documents are responsive.<br><br>-Pelton Decl. III at ¶ 7. |

Additionally, defense counsel has not signed any of the briefs or corrected their initial Declaration, a violation of Federal Rule 11(a), which requires every paper filed with the Court to be signed by at least one attorney of record in the attorney's name. *See* Fed. R. Civ. P. 11(a). To date, defense counsel has not corrected the procedural deficiencies in either of their submitted briefs.

### d. **Defendants Have Demonstrated a Commitment to Noncompliance and Deficiency.**

Contrary to Defendants' characterization, they are far from showing a demonstrated commitment to compliance in discovery. In fact, Defendants' briefing provides very little, if any, accompanying support for their assertions. The record before the Court is replete with examples from Plaintiffs showing Defendants' flagrant abuse of their discovery obligations and persistent obstructive tactics have caused significant delays in this case.[2] Defendants provided untimely and boilerplate responses to Plaintiffs' discovery requests, served late objections replete with issues, and now attempt to mislead the Plaintiffs and the Court by stating they have complied with their discovery responses.

Tellingly, in their Briefs, Defendants cite to no caselaw or evidentiary record for their claims. In just one example, Defendants did not cite any of the claimed "federal precedent and local practice" that support their position that their boilerplate objections are

---

[2] *See* delays caused by Defendants described in Plaintiffs' Motion for Entry of ESI Protocol, Dkt. 116.

6

sufficient. In fact, in previous briefs, Plaintiffs showed the opposite is true. *See Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 592–93 (W.D.N.Y. 1996) (general objections that discovery request was unduly burdensome were not sufficiently specific to allow court to ascertain objectionable character of discovery request and were improper); *Sabouri v. Ohio Bureau of Emp. Services*, 2:97-CV-715, 2000 WL 1620915, at *5 (S.D. Ohio 2000) ("Fed.R.Civ.P. 34 requires production of a document that is in the 'possession, custody or control' of a party; the fact that the document may also be available from another source is irrelevant."); *Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995) ("[A]ctual possession of the requested documents is not required. A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document.") (internal quotations and citations omitted).

### III. CONCLUSION

For the reasons set out in Plaintiffs' discovery briefings, Plaintiffs respectfully request judicial relief to overcome Defendants' ongoing obstruction of the discovery process, including leave to file motions to compel and appointment of a magistrate to ensure Defendants' compliance with their discovery obligations moving forward.

RESPECTFULLY SUBMITTED this 15th day of September 2025.

| FOR THE STATE OF ARIZONA: | FOR THE STATE OF INDIANA: |
|---|---|
| KRISTIN K. MAYES | TODD ROKITA |
| Attorney General for the State of Arizona | Attorney General for the State of Indiana |
| | |
| /s/ John Raymond Dillon IV | /s/ Douglas S. Swetnam |
| JOHN RAYMOND DILLON IV | DOUGLAS S. SWETNAM |
| SARAH PELTON | THOMAS L. MARTINDALE |
| Assistant Attorneys General | Deputy Attorneys General |
| *Attorneys for the State of Arizona* | *Attorneys for the State of Indiana* |

| FOR THE STATE OF NORTH CAROLINA: | FOR THE STATE OF OHIO: |
|---|---|
| JEFF JACKSON<br>Attorney General for the State of North Carolina | DAVE YOST<br>Attorney General for the State of Ohio |
| /s/ Tracy Nayer<br>TRACY NAYER<br>ROCHELLE SPARKO<br>Special Deputy Attorneys General<br>*Attorneys for the State of North Carolina* | /s/ Erin Leahy<br>ERIN B. LEAHY<br>Senior Assistant Attorney General<br>*Attorney for the State of Ohio* |

*Lead Counsel for Plaintiffs*

# LIST OF PLAINTIFFS' COUNSEL

John Raymond Dillon IV (AZ Bar No. 036796)
Sarah Pelton (AZ Bar No. 039633)
Assistant Attorneys General
Arizona Attorney General's Office
2005 North Central Avenue
Phoenix, AZ 85004
Phone: (602) 542-8018
Fax:    (602) 542-4377
john.dillonIV@azag.gov
sarah.pelton@azag.gov
*Attorneys for Plaintiff State of Arizona*

Douglas S. Swetnam (IN Bar No. 15860-49)
Thomas L. Martindale (IN Bar No. 29706-64)
Deputy Attorneys General
Office of the Indiana Attorney General Todd Rokita
Indiana Govt. Center South, 5th Fl.
302 W. Washington St.
Indianapolis, IN 46204-2770
Phone: (317) 232-6294 (Swetnam)
       (317) 232-7751 (Martindale)
Fax:   (317) 232-7979
douglas.swetnam@atg.in.gov
thomas.martindale@atg.in.gov
*Attorneys for Plaintiff State of Indiana*

Tracy Nayer (NC Bar No. 36964)
Rochelle Sparko (NC Bar No. 38528)
Special Deputy Attorneys General
North Carolina Department of Justice
Consumer Protection Division
P.O. Box 629
Raleigh, North Carolina 27602
Phone:  (919) 716-6000
Fax:    (919) 716-6050
tnayer@ncdoj.gov
rsparko@ncdoj.gov
*Attorneys for Plaintiff State of North Carolina*

Erin B. Leahy (OH Bar No. 0069509)
Senior Assistant Attorney General
Office of Attorney General Dave Yost
30 East Broad Street, 14th Fl.
Columbus, OH 43215
Phone: (614) 752-4730
Fax:   (866) 768-2648
Erin.Leahy@OhioAGO.gov
*Attorney for Plaintiff State of Ohio*

***Lead Counsel for Plaintiffs***

Lindsay D. Barton (AL Bar No. 1165-G00N)
Robert D. Tambling (AL Bar No. 6026-N67R)
Assistant Attorneys General
Office of the Alabama Attorney General
501 Washington Avenue
Montgomery, Alabama 36130
Phone: (334) 353-2609 (Barton)
       (334) 242-7445 (Tambling)
Fax:   (334) 353-8400
Lindsay.Barton@AlabamaAG.gov
Robert.Tambling@AlabamaAG.gov
*Attorneys for Plaintiff State of Alabama*

Amanda Wentz (AR Bar No. 2021066)
Assistant Attorney General
Office of Attorney General Tim Griffin
101 West Capitol Avenue
Little Rock, AR 72201
Phone: (501) 682-1178
Fax:   (501) 682-8118
amanda.wentz@arkansasag.gov
*Attorney for Plaintiff State of Arkansas*

Nicklas A. Akers (CA Bar No. 211222)
Senior Assistant Attorney General
Bernard A. Eskandari (CA Bar No. 244395)
Supervising Deputy Attorney General
Timothy D. Lundgren (CA Bar No. 254596)
Rosailda Perez (CA Bar No. 284646)
Deputy Attorneys General
Office of the California Attorney General
300 S. Spring St., Suite 1702
Los Angeles, CA 90013
Phone: (415) 510-3364 (Akers)
       (213) 269-6348 (Eskandari)
       (213) 269-6355 (Lundgren)
       (213) 269-6612 (Perez)
Fax:   (916) 731-2146
nicklas.akers@doj.ca.gov
bernard.eskandari@doj.ca.gov
timothy.lundgren@doj.ca.gov
rosailda.perez@doj.ca.gov
*Attorneys for Plaintiff People of the State of California*

Michel Singer Nelson (CO Bar No. 19779)
Assistant Attorney General II
Colorado Office of the Attorney General
Ralph L. Carr Judicial Building
1300 Broadway, 10th Floor
Denver, CO 80203
Phone: (720) 508-6220
michel.singernelson@coag.gov
*Attorney for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

| | |
|---|---|
| Brendan T. Flynn (Fed. Bar No. ct04545, CT Bar No. 419935)<br>Assistant Attorney General<br>Office of the Connecticut Attorney General William Tong<br>165 Capitol Avenue, Suite 4000<br>Hartford, CT 06106<br>Phone: (860) 808-5400<br>Fax:     (860) 808-5593<br>mailto:brendan.flynn@ct.gov<br>*Attorney for Plaintiff State of Connecticut* | Sean P. Saval (FL Bar No. 96500)<br>Sr. Assistant Attorney General<br>Office of the Florida Attorney General<br>Department of Legal Affairs<br>Consumer Protection Division<br>3507 E. Frontage Rd, Suite 325<br>Tampa, FL 33607<br>Phone: (813) 287-7950<br>Fax:     (813) 281-5515<br>Sean.Saval@myfloridalegal.com<br>*Attorney for Plaintiff James Uthmeier, Attorney General of the State of Florida* |
| Ryan Costa (DE Bar No. 5325)<br>Deputy Attorney General<br>Delaware Department of Justice<br>820 N. French Street, 5th Floor<br>Wilmington, DE 19801<br>Phone: (302) 683-8811<br>Fax:     (302) 577-6499<br>Ryan.costa@delaware.gov<br>*Attorney for Plaintiff State of Delaware* | David A. Zisook (GA Bar No. 310104)<br>Senior Assistant Attorney General<br>Office of the Georgia Attorney General<br>40 Capitol Square SW<br>Atlanta, GA 30334<br>Phone: (404) 458-4294<br>Fax:     (404) 464-8212<br>dzisook@law.ga.gov<br>*Attorney for Plaintiff State of Georgia* |
| Laura C. Beckerman (DC Bar No. 1008120)<br>Senior Trial Counsel<br>Public Advocacy Division<br>D.C. Office of the Attorney General<br>400 6th Street NW, 10th Floor<br>Washington, DC 20001<br>Phone: (202) 655-7906<br>Laura.Beckerman@dc.gov<br>*Attorney for Plaintiff District of Columbia* | Christopher J.I. Leong (HI Bar No. 9662)<br>Deputy Attorney General<br>Hawaii Department of the Attorney General<br>425 Queen Street<br>Honolulu, HI 96813<br>Phone: (808) 586-1180<br>Fax:     (808) 586-1205<br>christopher.ji.leong@hawaii.gov<br>*Attorney for Plaintiff State of Hawaii* |
| | James J. Simeri (ID Bar No. 12332)<br>Consumer Protection Division Chief<br>Idaho Attorney General's Office<br>P.O. Box 83720<br>Boise, ID 83720-0010<br>Phone: (208) 334-4114<br>james.simeri@ag.idaho.gov<br>*Attorney for Plaintiff State of Idaho* |

Philip Heimlich (IL Bar No. 6286375)
Assistant Attorney General
Elizabeth Blackston (IL Bar No. 6228859)
Consumer Fraud Bureau Chief
Office of the Illinois Attorney General
500 S. Second Street
Springfield, IL 62791
Phone: (217) 782-4436
philip.heimlich@ilag.gov
elizabeth.blackston@ilag.gov
*Attorneys for Plaintiff People of the State of Illinois*

Benjamin Bellus (IA Bar No. AT0000688)
William Pearson (IA Bar No. AT0012070)
Assistant Attorneys General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Phone: (515) 242-6536 (Bellus)
       (515) 242-6773 (Pearson)
Fax:   (515) 281-6771
Benjamin.Bellus@ag.iowa.gov
William.Pearson@ag.iowa.gov
*Attorneys for Plaintiff State of Iowa*

Nicholas C. Smith (KS Bar No. 29742)
Sarah M. Dietz (KS Bar No. 27457)
Assistant Attorneys General
Consumer Protection Section
Office of the Kansas Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, KS 66612
Phone: (785) 296-3751
Fax:   (785) 291-3699
Nicholas.Smith@ag.ks.gov
sarah.dietz@ag.ks.gov
*Attorneys for Plaintiff State of Kansas*

Jacob P. Ford (KY Bar No. 95546)
Assistant Attorney General
Office of the Attorney General,
Commonwealth of Kentucky
1024 Capital Center Drive, Ste. 200
Frankfort, KY 40601
Phone: (502) 871-2044
jacobp.ford@ky.gov
*Attorney for Plaintiff Commonwealth of Kentucky*

ZaTabia N. Williams (LA Bar No. 36933)
Assistant Attorney General
Office of the Attorney General Liz Murrill
1885 North Third St.
Baton Rouge, LA 70802
Phone: (225) 326-6164
Fax:   (225) 326-6499
WilliamsZ@ag.louisiana.gov
*Attorney for Plaintiff State of Louisiana*

Brendan O'Neil (ME Bar No. 009900)
Michael Devine (ME Bar No. 005048)
Assistant Attorneys General
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333
Phone: (207) 626-8800
Fax:   (207) 624-7730
brendan.oneil@maine.gov
michael.devine@maine.gov
*Attorneys for Plaintiff State of Maine*

Philip Ziperman (Fed. Bar No. 12430)
Deputy Counsel
Office of the Attorney General
200 St. Paul Place
Baltimore, MD 21202
Phone: (410) 576-6417
Fax:   (410) 576-6566
pziperman@oag.state.md.us
*Attorney for Plaintiff Maryland Office of the Attorney General*

Carol Guerrero (MA Bar No. 705419)
Assistant Attorney General
Michael N. Turi (MA Bar No. 706205)
Deputy Chief, Consumer Protection Division
Massachusetts Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Phone: (617) 963-2783
Fax:    (617) 727-5765
mailto:Carol.Guerrero@mass.gov
Michael.Turi@mass.gov
*Attorneys for Plaintiff Commonwealth of Massachusetts*

Kathy P. Fitzgerald (MI Bar No. P31454)
Michael S. Hill (MI Bar No. P73084)
Assistant Attorneys General
Michigan Department of Attorney General
Corporate Oversight Division
P.O. Box 30736
Lansing, MI 48909
Phone: (517) 335-7632
Fax:    (517) 335-6755
fitzgeraldk@michigan.gov
Hillm19@michigan.gov
*Attorneys for Plaintiff People of the State of Michigan*

Bennett Hartz (MN Bar No. 0393136)
Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1200
Saint Paul, MN 55404
Phone: (651) 757-1235
bennett.hartz@ag.state.mn.us
*Attorney for Plaintiff State of Minnesota, by its Attorney General, Keith Ellison*

James M. Rankin (MS Bar No. 102332)
Special Assistant Attorney General
Mississippi Attorney General's Office
P.O. Box 220
Jackson, MS 39205
Phone: (601) 359-4258
james.rankin@ago.ms.gov
*Attorney for Plaintiff Lynn Fitch, Attorney General State of Mississippi*

Luke Hawley (MO Bar No. 73749)
Assistant Attorney General
Office of the Missouri Attorney General
815 Olive Street, Suite 200
St. Louis, MO 63101
Phone: (314) 340-6816
Fax:    (314) 340-7891
luke.hawley@ago.mo.gov
*Attorney for Plaintiff State of Missouri, ex. rel. Andrew Bailey, Attorney General*

Brent Mead (MT Bar No. 68035000)
Deputy Solicitor General
Anna Schneider (MT Bar No. 13963)
Special Assistant Attorney General, Senior Counsel
Montana Attorney General's Office
Office of Consumer Protection
215 North Sanders Street
P.O. Box 200151
Helena, MT 59620-0151
Phone: (406) 444-4500
Brent.mead2@mt.gov
Anna.schneider@mt.gov
*Attorneys for Plaintiff State of Montana*

Gary E. Brollier (NE Bar No. 19785)
Assistant Attorney General
Office of the Attorney General Michael T. Hilgers
2115 State Capitol Building
Consumer Protection Division
Lincoln, NE 68509
Phone: (402) 471-1279
Fax:    (402) 471-4725
gary.brollier@nebraska.gov
*Attorney for Plaintiff State of Nebraska*

Michelle C. Badorine (NV Bar No. 13206)
Senior Deputy Attorney General
Office of the Nevada Attorney General
Bureau of Consumer Protection
100 North Carson Street
Carson City, NV 89701-4717
Phone: (775) 684-1164
Fax:    (775) 684-1299
MBadorine@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

Mary F. Stewart (NH Bar No. 10067)
Assistant Attorney General
New Hampshire Department of Justice
Office of the Attorney General
Consumer Protection and Antitrust Bureau
1 Granite Place South
Concord, NH 03301
Phone: (603) 271-1139
Mary.F.Stewart@doj.nh.gov
*Attorney for Plaintiff State of New Hampshire*

Blair Gerold (NJ Bar No. 294602019)
Jeffrey Koziar (NJ Bar No. 015131999)
Deputy Attorneys General
New Jersey Office of the Attorney General
Division of Law
124 Halsey Street
Newark, NJ 07101
Phone: (609) 696-5363 (Gerold)
       (973) 648-7819 (Koziar)
Fax:   (973) 648-3879 (Gerold)
       (973) 648-4887 (Koziar)
Blair.Gerold@law.njoag.gov
Jeff.koziar@law.njoag.gov
*Attorneys for Plaintiff State of New Jersey*

Billy Jimenez (NM Bar No. 144627)
Assistant Attorney General
New Mexico Department of Justice
408 Galisteo St.
Santa Fe, New Mexico 87501
Phone: (505) 527-2694
Fax:   (505) 490-4883
Bjimenez@nmdoj.gov
*Attorney for Plaintiff Raúl Torrez, New Mexico Attorney General*

Glenna Goldis (NY Bar No. 4868600)
Assistant Attorney General
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (646) 856-3697
Glenna.goldis@ag.ny.gov
*Attorney for Plaintiff Office of the Attorney General of the State of New York*

Elin S. Alm (ND Bar No. 05924)
Christopher Glenn Lindblad (ND Bar No. 06480)
Assistant Attorneys General
Office of North Dakota Attorney General
Consumer Protection & Antitrust Division
1720 Burlington Drive, Suite C
Bismarck, ND 58504-7736
Phone: (701) 328-5570
Fax:    (701) 328-5568
mailto:ealm@nd.gov
clindblad@nd.gov
*Attorneys for Plaintiff State of North Dakota*

Sylvia Lanfair (OK Bar No. 30144)
Assistant Attorney General
Office of the Oklahoma Attorney General
313 N.E. 21st St.
Oklahoma City, OK 73105
Phone: (405) 522- 8129
Fax:    (405) 522-0085
mailto:sylvia.lanfair@oag.ok.gov
*Attorney for Plaintiff State of Oklahoma ex rel. Attorney General Gentner Drummond*

Jordan M. Roberts (OR Bar No. 115010)
Senior Assistant Attorney General
Oregon Department of Justice
Consumer Protection Division
100 SW Market St.
Portland, OR 97201
Phone: (971) 673-1880
Fax:    (971) 673-1884
jordan.m.roberts@doj.oregon.gov
*Attorney for Plaintiff State of Oregon*

Mark W Wolfe (PA Bar No. 327807)
Deputy Attorney General
Pennsylvania Office of Attorney General
Strawberry Square, 15th Floor
Harrisburg, PA 17120-0001
Phone: (717) 772-3558
Fax:    (717) 705-3795
mwolfe@attorneygeneral.gov
*Attorney for Plaintiff Commonwealth of Pennsylvania by Attorney General David W. Sunday, Jr.*

Stephen N. Provazza (RI Bar No. 10435)
Special Assistant Attorney General
Rhode Island Office of the Attorney General
150 S. Main Street
Providence, RI 02903
Phone: (401) 274-4400, ext. 2476
Fax:    (401) 222-1766
sprovazza@riag.ri.gov
*Attorney for Plaintiff State of Rhode Island, by Attorney General Peter Neronha*

Kristin Simons (SC Bar No. 74004)
Senior Assistant Attorney General
South Carolina Attorney General's Office
P.O. Box 11549
Columbia, SC 29211-1549
Phone: (803) 734-6134
mailto:ksimons@scag.gov
*Attorney for Plaintiff State of South Carolina*

Austin C. Ostiguy (TN Bar No. 040301)
Tyler T. Corcoran (TN Bar No. 038887)
Assistant Attorneys General
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202
Phone: (615) 532-7271 (Ostiguy)
         (615) 770-1714 (Corcoran)
Fax:    (615) 532-2910
austin.ostiguy@ag.tn.gov
tyler.corcoran@ag.tn.gov
*Attorneys for Plaintiff State of Tennessee*

David Shatto (Fed. Bar No. 3725697; TX Bar No. 24104114)
Assistant Attorney General
Attorney General for the State of Texas
Office of the Attorney General
P.O. Box 12548 (MC-010)
Austin, TX 78711
Phone: (512) 463-2185
Fax:    (512) 473-9125
David.Shatto@oag.texas.gov
*Attorney for Plaintiff State of Texas*

Alexandra Butler (UT Bar No. 19238)
Assistant Attorney General
Utah Attorney General's Office
160 East 300 South, 5th Floor
P.O. Box 140872
Salt Lake City, UT 84114-0872
Phone: (385) 910-5533
Fax:    (801) 366-0315
alexandrabutler@agutah.gov
*Attorney for Plaintiff Utah Division of Consumer Protection*

James Layman (VT Bar No. 5236)
Office of the Vermont Attorney General
109 State Street
Montpelier, VT 05609-1001
Phone: (802) 828-2315
Fax:    (802) 304-1014
James.Layman@vermont.gov
*Attorney for Plaintiff State of Vermont*

Geoffrey L. Ward (VA Bar No. 89818)
Senior Assistant Attorney General
Office of the Attorney General of Virginia
202 N. Ninth St.
Richmond, VA 23219
Phone: (804) 371-0871
Fax:    (804) 786-0122
gward@oag.state.va.us
*Attorney for Plaintiff Commonwealth of Virginia, ex rel. Jason S. Miyares, Attorney General*

Zorba Leslie (WA Bar No. 58523)
Assistant Attorney General
Washington State Attorney General's Office
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Phone: (206) 340-6787
Fax:    (206) 464-6451
zorba.leslie@atg.wa.gov
*Attorney for Plaintiff State of Washington*

| | |
|---|---|
| Ashley T. Wentz (WV Bar No. 13486)<br>Assistant Attorney General<br>West Virginia Attorney General's Office<br>Consumer Protection/Antitrust Division<br>P.O. Box 1789<br>Charleston, WV 25326<br>Phone: (304) 558-8986<br>Fax:     (304) 558-0184<br>Ashley.T.Wentz@wvago.gov<br>*Attorney for Plaintiff State of West Virginia ex rel. John B. McCuskey, Attorney General* | Gregory A. Myszkowski (WI Bar No. 1050022)<br>Assistant Attorney General<br>Wisconsin Department of Justice<br>P.O. Box 7857<br>Madison, WI 53707-7857<br>Phone: (608) 266-7656<br>Fax:     (608) 294-2907<br>gregory.myszkowski@wisdoj.gov<br>*Attorney for Plaintiff State of Wisconsin*<br><br>Cameron W. Geeting (WY Bar No. 7-5338)<br>Senior Assistant Attorney General<br>Consumer Protection and Antitrust Unit<br>Wyoming Office of the Attorney General<br>2320 Capitol Avenue<br>Cheyenne, Wyoming 82002<br>Phone: (307) 777-3795<br>cameron.geeting1@wyo.gov<br>*Attorney for Plaintiff State of Wyoming* |

**CERTIFICATE OF SERVICE**

Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 5(a), I hereby certify that on September 15, 2025, a true and correct copy of the above and foregoing document has been served using the CM/ECF system to all counsel and parties of record.

/s/ Belen O. Miranda