Neil S. Ende, Esq.
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
*nende@tlgdc.com*
Telephone: (202) 895-1707
Attorneys for Michael D. Lansky,
Michael D. Lansky, LLC dba Avid Telecom

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____

State of Arizona, et al.,
Plaintiffs,

v.                                          Case No. 4:23-cv-00233

Michael D Lansky LLC, et al.,
Defendants.

_____

**<u>Reply Brief of Defendants to Response of Discovery Brief</u>**

# **Table of Contents**

**Introduction** ...................................................................................................2

**Argument**.......................................................................................................3

    **I.  Plaintiffs' Allegations Regarding Mr. Taylor's Declaration Are Not Accurate**..................................................................................................3

    **II.  Plaintiff's Objections Based on Overbreadth and Vagueness are Unfounded** ..............................................................................................4

    **III. Defendants' Request for Production are Relevant Under Rule 26**.........5

    **IV.  Plaintiffs Are Required to Provide Damage Calculations and Supporting Documents**.......................................................................6

    **V.      Plaintiffs Are Required to Produce a Privilege Log** ...........................6

    **VI.  Defendants' Rule 30(b)(6) Deposition Notices are Proper**.....................8

**Conclusion** ....................................................................................................8

# <u>Table Of Authorities</u>

<u>**Cases**</u>

*Burlington N. & Santa Fe Ry. Co. v. U.S.* (Dist. Ct. for Dist. of Mont.), 408 F.3d 1142 (9th Cir. 2005)..........................................................................................................6

*City & Cnty. of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219 (N.D. Cal. 2003) ...................................................................................................................................5

*Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443 (9th Cir. 2017) .................................5

*Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978)....................................................................................................................4

*See A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186 (C.D. Cal. 2006) .....................3

<u>**Other Authorities**</u>

F.R.E. 801(d)(2)................................................................................................................3

Fed. R. Civ. P. 26 .............................................................................................................5

FRCP Rule 26(a)(1)(A)(iii) .............................................................................................5

1    Michael D. Lansky, LLC dba Avid Telecom, LLC ("Avid Telecom"), Michael D.

2    Lansky ("Lansky"), and Stacey Reeves ("Reeves"), by and through their undersigned

3    counsel, hereby reply to the responsive Discovery Brief filed by the Plaintiffs.

## Introduction

4        Plaintiffs' apparent strategy in the meet and confer process is to refuse to produce

5    and then to try to distract by accusing Defendants, ***who have not failed or refused to***

6    ***respond to a single Interrogatory or failed or refused to produce a single document***.[1]

7    In stark contrast, Plaintiffs have steadfastly failed and refused to produce a single

8    additional document, to supplement any aspect of their production, to make any change

9    in a response to a Request for Admission, to produce a Privilege Log or even to

10   designate a single 30(b)(6) witness on a single topic, all as requested by Defendants in

11   their Meet and Confer letter.  If there were ever a circumstance in which the maximum

12   available sanctions should be applied against a Plaintiff, this is it.[2]

---

[1]  Unlike Plaintiffs, who have hundreds of staff available to manage document production, Defendants have no staff and have to perform searches after hours and on weekends.  It is a very cumbersome process for Defendants who do not have access to any of the tools available to make the process more efficient.  Nonetheless, counsel have produced approximately 291 files (about 1000 pages) for Defendant Reeves and counsel have produced just over 5,100 documents (approximately 8,800 pages). Counsel will be producing a similar number of documents for Avid Telecom in the next day or so (due to technical issues with that production) and we will be supplementing the Reeves production with a significant number of additional documents this week.

[2]  It is well recognized that governmental officials, specifically including law enforcement officials like attorneys general, are, due to their broad authority and positions of trust, held to higher ethical standards.  Defendants respectfully believe that Plaintiffs' conduct as described herein does not meet those standards.

1

<u>**Argument**</u>

2

**I.    <u>Plaintiffs' Allegations Regarding Mr. Taylor's Declaration Are Not Accurate</u>**

3

4

5

6

7

8

9

Plaintiffs' allegations are a red herring designed for the sole purpose of distracting the Court from the serious meet and confer issues set forth in Defendants' July 17, 139-page meet and confer *letter*.  *See* Exhibit II hereto.  First, as part of its plan to distract, Plaintiffs attempt to turn the inadvertent failure by Mr. Taylor to sign his Declaration into a violation of Rule 11.  The fact is that the failure to sign was an inadvertent oversight that has been corrected as provided for under the Federal Rules. *See* Fed. R. Civ. P. 11(a).

10

11

12

13

14

15

With respect to the call itself, the issue is a red herring.[3]  The simple fact is that, regardless of what happened in the call, Defendants undeniably sent Plaintiffs a comprehensive 139-page written Meet and Confer letter setting forth each of the issues that Mr. Taylor intended to discuss in the failed meet and confer call.[4] *See* Exhibit II. Plaintiffs have failed and refused to alter any aspect of their discovery responses in response to that letter.[5]

16

17

---

[3] Plaintiffs now admit that they continually "pressed" Mr. Taylor on a range of subjects unrelated to the purpose of the call.  Ultimately, Mr. Taylor terminated the call.  *See* Taylor Declaration at paras 10, 11, and 12.

[4] Plaintiffs appear to be using the dispute over what happened during the meet and confer call to suggest that Defendants did not come to the call prepared to identify and to address their concerns with Plaintiffs' discovery responses, and that for this reason Defendants' many serious concerns should be ignored.  As the delivery of Defendants' lengthy and detailed 139-page written meet and confer letter demonstrates, any such suggestion is, most generously put, untethered to the facts.

[5] In an effort to encourage a better relationship in the meet and confer process going forward, Defendants are not seeking sanctions for this aspect of Plaintiffs' conduct.

1    **II.    Plaintiff's Objections Based on Overbreadth and Vagueness are Unfounded**

2    Plaintiffs' "overbroad" objections to Requests Nos. 1-45, 48, and 51 are fully

3    addressed by Defendants in their July 17 meet and confer letter.  *See* Exhibit II hereto.

4    In apparent recognition of the unsustainability of their position, Plaintiffs now assert

5    that their objections are somehow sustainable under a "reasonable person" standard.

6    This new claim is also completely unavailing.  The law is clear: general or boilerplate

7    objections to discovery requests,  such as "overly burdensome and harassing," are improper,

8    especially when a party fails to submit any evidentiary declarations supporting such

9    objections.[6] *See A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186 (C.D. Cal. 2006).

10   Plaintiffs now seek to establish overbreadth by claiming that the use of the word

11   "Data" somehow—again without substantiation—creates an undue burden.[7] Rather, what is

12   again clear, is that Plaintiffs are using every well-known and disdained discovery tactic to

13   undermine and obstruct the discovery process in an attempt to avoid revealing that they have

14   no factual basis for most of their claims.  Plaintiffs should be sanctioned for their continuing

15   refusal to produce relevant documents or to meet the standards applicable to their objections.

16

---

[6] Notwithstanding Defendants' admonition in the meet and confer letter regarding the need for evidentiary declarations supporting overbroad objections, Plaintiffs have not provided a single declaration or any specific facts evidencing any claim of burden.

[7] For example, Plaintiff's point out the term **'Data'** used in request No. 19, stating that it "could refer to many, very different kinds of information," Yet, the data sought in the request is specific, pertaining only to calls transited by Avid Telecom obtained from any third party by the **Lead State Plaintiffs**. Plaintiffs also object to Request Nos. 48 and 51 on the claim, without any stated factual basis, that those documents are publicly available.  And, in any event, there is no doubt that they are not "equally available" to Defendants, who would need to find them one by one in each state, while each AG office certainly has them in a single file.  Moreover, the statements made in the Press Releases are directly relevant to the claims made by Plaintiffs, including for the purpose of admission. *See* F.R.E. 801(d)(2).

**III.    Defendants' Request for Production are Relevant Under Rule 26**

Plaintiffs have objected to the production of documents sought by Defendants in Request Nos. 29-32,[8] 43-45, 48, and 51 on the ground of "relevance".  Although Defendants have repeatedly addressed the impropriety of each of these objections, Plaintiffs still have not provided any substantive justification for them.

The bar is low to establish relevance; the information sought is relevant either if it is relevant on its face or if it is reasonably likely to lead to discoverable evidence.[9] These requests plainly meet both prongs of the standard.

Defendant Requests Nos. 43 and 44 seek information that Plaintiff relied upon regarding Defendants Reeves' relationship to Defendants.  As Plaintiffs seek to pursue claims against Ms. Reeves their objection on relevance grounds is truly absurd. Plaintiffs should not be allowed to assert both that Ms. Reeves is liable for the acts of Avid Telecom because she is an employee and then to object to requests that seek

---

[8] Request Nos. 29-32 seek documents regarding when the called party obtained the telephone number and whether the predecessor owner of the telephone number consented to receive calls at issue. Plaintiffs claim that the request seeks documents that are irrelevant. This objection is without basis.  Applicable FCC practice requires that telephone numbers that have been forfeited by a customer are subject to a "cooling-off period" (usually around 45 to 90 days) before reassignment. These Requests are relevant because, on information and belief, certain of the third parties who provided data the AGs, took numbers out of the pool prior to the end of the cooling off period as part of a plan and scheme to trap carriers who relied on consent and other information that was relevant to the previous "owner", but, not to the new "owner".

[9] In the Ninth Circuit, the relevance standard is generally broad, encompassing "virtually any material that might cast light on the allegations" being investigated, especially at the early stages of discovery. The requested documents do not need to be related to the law on which a complaint if predicated as alleged in the pleadings, rather relevance standard is met if the information sought through the requested documents helps the defense or is relevant to clarify facts. *See Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978).

documents directly relevant to that issue.[10]  Plaintiffs' efforts to preclude discovery are particularly disingenuous as the Court has advised the parties that discovery is required to determine the relationship between Ms. Reeves and Avid Telecom and thus her personal liability.[11]  Plaintiffs should be severely sanctioned for their obvious disregard of the Court's Order and their coordinated abuse of the discovery process.

## IV.    Plaintiffs Are Required to Provide Damage Calculations and Supporting Documents

Plaintiffs' continued refusal to produce their damages calculations and supporting documents is directly contrary to the requirements of FRCP Rule 26(a)(1)(A)(iii)[12] which requires parties with damage claims to "make available the supporting documents for inspection" as that information becomes available**.  See also** FRCP Rule 26(a)(1)(C); *see also City & Cnty. of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219 (N.D. Cal. 2003). Plaintiffs should be ordered to produce.

## V.    Plaintiffs Are Required to Produce a Privilege Log

Plaintiffs argue that pursuant to F.1.e of the ESI order [Dkt 120], they are not required to provide a Privilege Log.  Nor will Plaintiffs even provide a general statement as to whether any documents are being withheld based on their ubiquitous privilege

---

[10] If Ms. Reeves is an independent contractor, she cannot be held liable under TCPA. *See, e.g.*, *Jones v. Royal Admin. Servs.*, *Inc.*, 887 F.3d 443 (9th Cir. 2017).

[11] This court stated: "Questions of fact relevant to determining vicarious liability require discovery and preclude granting the motion to dismiss on this issue." [Dkt 64 at p. 16]

[12] FRCP Rule 26(a)(1)(A)(iii) requires the production of a computation of each category of damages claimed by the disclosing party claiming damages or other monetary relief must.  In addition to disclosing the calculation of such damages, the disclosing party must make available the supporting documents for inspection and copying as if a request for such materials had been made under Rule 34.  Fed. R. Civ. P. 26

1    objections. FRCP Rule 26 specifically requires the production of a Privilege Log when

2    a party withholds discoverable information by claiming it is privileged.[13]

3        Plaintiffs argue that the standard obligation under Rule 26 should be ignored in

4    its entirety based on the language of Section F.1.e. of the ESI Order.  This argument is

5    troublingly false.  Plaintiffs fail to advise the Court that Section F.i.a of the ESI Order

6    contains the following express and specific requirement to provide a Privilege Log:

7        a.  Any document falling within the scope of any request for
8        production or subpoena that is withheld on the basis of a claim of
9        attorney-client privilege, work product, or any other claim of
10       privilege or immunity from discovery is to be identified by the
11       Producing Party in a privilege log.
12

13       Notwithstanding this clear and unambiguous language, Plaintiffs instead rely

14   exclusively on the following language as the sole basis for steadfastly refusing to

15   provide a Privilege Log.

16       e. Privileged ***communications between or among counsel***
17       involving the facts that form the basis of or are related to the
18       allegations set forth in this Action do not need to be identified on
19       a privilege log.  (Emphasis added).
20

21       The language of Section F.1.ae is clearly intended only to limit the absolute

22   obligation to provide a Privilege Log to the single circumstance where the

23   communication is *between or among counsel*; *e.g.,* where the AG from one state is

24   communicating with the AG from another.  There is no credible reading of Sections

25   F.1.a, and/or Section F.1.e. that supports the complete refusal to provide a Privilege Log

26   for any other communication, and Plaintiffs have not provided any basis to believe that

27   their privilege objections are limited to communications between or among counsel.

---

[13] *See Burlington N. & Santa Fe Ry. Co. v. U.S.* (Dist. Ct. for Dist. of Mont.), 408 F.3d
1142, 1147 (9th Cir. 2005).

1    Plaintiffs' conduct constitutes an egregious effort to ignore a core obligation of

2  the federal rules by wilfully misrepresenting the content of the ESI Order.     Sanctions

3  should be imposed.

**VI.   Defendants' Rule 30(b)(6) Deposition Notices are Proper**

4    Plaintiffs have failed and refused to designate any witness for depositions that

5  were noticed pursuant to Rule 30(b)(6) on April 22nd, 2025.  *See* Exhibit III.  In contrast,

6  ***each and every*** *Lead State Plaintiff* and ***each and every*** *State Law Claim Plaintiff* has

7  refused to designate ***any witness on any topic***.  Given the complexity of the issues and

8  the massive number of facts alleged, most of them without any evident support,

9  deposition testimony from the AGs is essential.  Perhaps, that is why the AGs are

10  fighting so hard to prevent it.

11    As set forth in detail in Defendants' meet and confer letter, Plaintiffs' boilerplate

12  objections are completely absurd and evidently sanctionable.[14]  Plaintiffs must be

13  ordered to designate witnesses and to present the for deposition promptly.

## Conclusion

14    One party and one party alone has agreed to produce documents in response to

15  each and every discovery request.  For the reasons stated, Defendants respectfully

16  request that the Court issue an order requiring Plaintiffs to meet their discovery

17  obligations and that they be sanctioned as the Court deems appropriate.

18

---

[14] For example, Defendants asked Plaintiff North Carolina to designate a witness knowledgeable of the facts supporting the "allegation set forth in paragraph 89.gg. of the Complaint that Avid Telecom routed more than 46,375 calls containing unlawful content to phone numbers with North Carolina area codes".  It is inconceivable that Defendants could identify this topic with more specificity.

8

1

Respectfully submitted,

2

/s/ Neil S. Ende

3

_____

4

Neil S. Ende

5

Greg L. Taylor

6

Dated:  September 15, 2025

*Counsel to Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of September 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to all CM/ECF registrants

/s/ Silsa Cabezas
_____
Silsa Cabezas