**Exhibit II**

## <u>Defendants' Meet and Confer Letter</u>

Technology Law Group, L.L.C.<sup>SM</sup>
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC  20015
————
202-895-1707
FACSIMILE 202-478-5074
EMAIL nende@tlgdc.com

NEIL S. ENDE, ESQ.

July 17, 2025

*Via Email*
*(erin.leahy@OhioAGO.gov)*

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
30 East Broad Street
14th Floor
Columbus, Ohio 43215

> Re:  *State of Arizona ex rel. v. Avid Telecom*
> Case 4:23-cv-00233-EJM
>
> *Initial Meet & Confer Letter*

Ms. Leahy/Attorneys' General:

This email constitutes Defendants' written identification of Meet and Confer issues arising as a result of Plaintiffs' Responses to Defendants' First Requests for Documents, First Request for Admission, and its Notices of Deposition Pursuant to FRCP Rule 30(b)(6).  We view the delivery of this written Meet and Confer letter necessary given Plaintiffs' abusive and dismissive refusal to engage in a substantive manner with Mr. Taylor in the meet and confer call that occurred yesterday.

As Plaintiffs have produced very few documents to date, Defendants' reserve the right to supplement all portions this Meet & Confer, as appropriate, once full production is made and our review is completed.  Given the volume of objections, it is impossible to address them all here.  This letter addresses the most critical improprieties.  Defendants reserve the right to object to other objections if as necessary to ensure that full production is made.

**Technology Law Group, L.L.C.** [SM]

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 2 of 139

### <u>General Meet and Confer Issues</u>

<u>Boilerplate Objections</u>.  Plaintiffs' repetitious application of boilerplate objections that are either irrelevant to the Request posed and/or fail to meet the requirements of the federal rules are improper.  For example, Plaintiffs assert a boilerplate objection of "overly broad and unduly burdensome" at least 50 times, relevance at least 30 times and vague and ambiguous at least 25 times.  The caselaw underlying FRCP 34 is clear the party asserting a burden objection cannot simply use boilerplate language like "unduly burdensome". Rather, the party must provide factual support demonstrating the nature and extent of the burden in relation to the specific discovery request including details identifying the resources required, the cost involved, or the time it would take to comply. In addition, the party asserting the objection is required to clarify the acceptable scope of each objectionable request and to indicate what will be produced within those limits. *See* e.g., *Fischer v. Forrest*, 14 Civ. 1304 (PAE) (AJP), 2017 WL 128705 (S.D.N.Y. Feb. 28, 2017), and *Leibovitz v. City of New York*, 2017 WL 462515 (S.D.N.Y. Jan. 31, 2017). In no case does the objection provide any of the specificity required by the caselaw interpreting the requirements of the federal rules and thus all of the objections violate the requirements of the federal rules. In each instance where Plaintiffs have withheld responsive document on the basis of a boilerplate and unsupported objection based on breadth, vagueness and/or relevance, the objection should be ignored ass improper and responsive documents must be provided.

<u>Improper Privilege Objections</u>.  Plaintiffs' repetitious application of boilerplate objections based on a claim of privilege also fail to meet the requirements of the federal rules are improper.  Plaintiffs assert an objection based on privilege, in several forms, at least 20 times.  FRCP 26(b)(5)(A)(ii) requires a party withholding information based on a claimed privilege to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." *See* e.g., *In re Bard IVC Filters Prods. Liab. Litig*., MDL 2:12-md-02387-PHX-DGC (D. Ariz.), and United States v. First Nat'l Bank of Ariz., No. CV-07-8039-PHX-SMM (D. Ariz. 2008) Plaintiffs' privilege objections fail to come close to meeting this standard. Plaintiffs also fail to provide a compliant privilege log.  The assertion of a privilege cannot stand without providing a privilege log.  In each instance where a privilege has been

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 3 of 139

asserted, Plaintiffs' withholding of responsive document on the basis of a claimed privilege is improper and responsive documents must be provided.

    <u>Objections Based on Time</u>.  Defendants seek documents that were created and/or which refer to or relate to events which occurred on or after the first date on which any call which is the subject of the Complaint was allegedly transited by Defendants through the end of July 2023.

## **Specific Meet and Confer Issues**

### **Defendants' First Requests for Documents:**

**Document Request 1:**

Please produce all **Civil Investigative Demands** issued by any **Lead Plaintiff State** to any **Person** that refers to or relates to any Defendant and/or the telecommunications services provided by any Defendant.

**Response:**

Plaintiffs object to the Request as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the service provided by the Defendants.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome, calling for information beyond the scope of any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. This request is not reasonably limited in scope in relation to the subject matter of this case and calls for irrelevant information that would be unduly burdensome to produce.

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs define "relating to" to mean "directly concerning."

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 4 of 139


Plaintiffs object to Defendants' definition of "Civil Investigative Demand" or "CID" as a "discovery" tool. The authority of any responding Plaintiff to issue a civil investigative demand varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). Civil investigative demands are thus law enforcement-related pre-suit investigative tools, as opposed to discovery issued after litigation has commenced pursuant to state or federal rules of civil procedure.

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation. Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to include a temporal limitation.

Plaintiffs object to the Request to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

**Meet and Confer Issue(s):**

<u>Objection based on alleged absence of definition of "telecommunications".</u>
Plaintiffs' objection that the term "telecommunications service is not adequately defined is disingenuous in the extreme. Plaintiffs' Complaint relies on the application and interpretation (often misguided or false) of the Communications Act of 1934 as amended. 47 U.S. Code § 153(50) (Definitions) defines telecommunications as, "the transmission, between or among points specified by the user, of information

**Technology Law Group, L.L.C.** [SM]

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 5 of 139

of the user's choosing, without change in the form or content of the information as sent and received." Demand is made that this objection be withdrawn and that a complete response be provided based on this well-established definition. **Please confirm your production will be based on the application of this definition.** If all CIDs are not produced, Defendants will be entitled to an Order precluding the use of any data obtained through the CID process.

Objection based on breadth and burden. Fails for lack of required specificity and content (*See* General Objections above). This objection is also absurd on its face as it is well known *and Plaintiffs have admitted* the data used to support the Complaint was obtained, at least in part, through the CID process. Defendants are clearly entitled to receive all CIDs used to collect these data and there is no reason to believe producing them would be unduly burdensome as Plaintiffs were the source of each CID. Given Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face. If all CIDs are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the CID process.

Unilateral application of self-serving definition. Defendants' definitions of all relevant terms are reasonable, or the definitions of those terms are well established. Plaintiff must respond to this request applying those definitions, not its own.

Objection based on custody and control. Plaintiffs have failed to identify any instance in which a CID or the related data production is not within the custody and control of Defendants and thus the objection fails to provide the required specificity. As Plaintiffs are well aware and have admitted, much of the data used to support the Complaint was obtained, at least in part, through CIDs they know were not delivered to Defendants. Indeed, on information and belief, many of those CIDs contained language precluding the recipient from disclosing to any third party. Thus, Plaintiffs objection is disingenuous on its face. If all CIDs are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the CID process.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 6 of 139

**Document Request 2:**

Please produce all **Documents** that refer to, relate to or constitute notice by any **Lead Plaintiff State** to any Defendant that a **Civil Investigative Demand** seeking documents that refer to or relate to any Defendant was to be or had been issued.

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the term "refer or relate to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs define "relating to" to mean "directly concerning."

Plaintiffs object to Defendants' definition of "Civil Investigative Demand" or "CID" as a "discovery" tool. The authority of any responding Plaintiff to issue a civil investigative demand varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). Civil investigative demands are thus law enforcement-related pre-suit investigative tools, as opposed to discovery issued after litigation has commenced pursuant to state or federal rules of civil procedure.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation. Plaintiffs object to this Request because materials that constitute notice to any Defendant that a Civil Investigation Demand is to be

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 7 of 139

issued are not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Request to the extent it seeks any internal materials concerning internal deliberations and communications with other law enforcement regarding the issuance of Civil Investigation Demands because such information concerns legal conclusions are protected opinion work product and protected by the attorney work product privilege, joint prosecution/common interest privilege, and law enforcement prosecutorial privilege.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs have no responsive documents as the statute or rules under which civil investigative demands were issued have no general or specific requirements to provide any type of notice to the Person that is the subject of the demand.

**Meet and Confer Issue(s):**

Objection based on breadth and burden. Fails for lack of required specificity and content (*See* General Objections above). This objection is also absurd on its face as it is well known and Plaintiffs have admitted that the data used to support the Complaint was obtained, at least in part, through the CID process. Defendants are clearly entitled to receive all CIDs that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each CID. Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face. If all CIDs are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the CID process.

Unilateral application of self-serving definition. Defendants' definitions of all relevant terms are reasonable, or the definitions of those terms are well established.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 8 of 139

> Plaintiff must respond to this request applying those definitions, not its own. Please confirm that your production will be based on the application of Defendants' definition.

**Document Request 3:**

Please produce all **Documents** that were produced or otherwise provided by any third party in response a **Civil Investigative Demand** issued by any **Lead Plaintiff State** that refers to or relates to any Defendant and/or the telecommunications services provided by any Defendant.

**Response:**

Plaintiffs object to the Request, as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the services provided by the Defendants.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs define "relating to" to mean "directly concerning."

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to Defendants' definition of "Civil Investigative Demand" or "CID" as a "discovery" tool. The authority of any responding State to issue a civil investigative demand varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). Civil investigative demands are thus law enforcement-related pre-suit investigative tools,

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 9 of 139

as opposed to discovery issued after litigation has commenced pursuant to state or federal rules of civil procedure.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following entry of a protective order.

**Meet and Confer Issue(s):**

    <u>Objection based on alleged absence of definition of "telecommunications"</u>. Plaintiffs' objection that the term "telecommunications service is not adequately defined is disingenuous in the extreme. Plaintiffs' Complaint relies on the application and interpretation (often misguided or false) of the Communications Act of 1934 as amended. 47 U.S. Code § 153(50) (Definitions) defines telecommunications as, "the transmission, between or among points specified by the user, of information of the user's choosing, without change in the form or content of the information as sent and received." Please confirm that your production will be based on the application of this definition.

    <u>Unilateral application of self-serving definition</u>. Defendants' definitions of all relevant terms are reasonable, or the definitions of those terms are well established. Please confirm that your production will be based on the application of Defendants' definition.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 10 of 139

<u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  This objection is also absurd on its face as it is well known and Plaintiffs have admitted that the data used to support the Complaint was obtained, at least in part, through the CID process.  Defendants are clearly entitled to receive all CIDs that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each CID.  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face.  If all CIDs are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the CID process.

**Document Request 4:**

Please produce all **Civil Investigative Demands** issued by any **State Law Action State** to any **Person** that refers to or relates to any Defendant and/or the telecommunications services provided by any Defendant.

**Response:**

Plaintiffs object to the Request as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the services provided by the Defendants.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome, calling for information beyond the scope of any claim or defense in this matter or reasonably calculated to lead to the discover of admissible evidence. This request is not reasonably limited in scope in relation to the subject matter of this case and calls for irrelevant information that would be unduly burdensome to produce.

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 11 of 139

Plaintiffs define "relating to" to mean "directly concerning."

Plaintiffs object to Defendants' definition of "Civil Investigative Demand" or "CID" as a "discovery" tool. The authority of any responding State to issue a civil investigative demand varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). Civil investigative demands are thus law enforcement-related pre-suit investigative tools, as opposed to discovery issued after litigation has commenced pursuant to the state or federal rules of civil procedure.

Plaintiffs object to extent that "State Law Action States" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to include a temporal limitation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 12 of 139

**Meet and Confer Issue(s):**

<u>Objection based on alleged absence of definition of "telecommunications"</u>. Plaintiffs' objection that the term "telecommunications service is not adequately defined is disingenuous in the extreme. Plaintiffs' Complaint relies on the application and interpretation (often misguided or false) of the Communications Act of 1934 as amended. 47 U.S. Code § 153(50) (Definitions) defines telecommunications as, "the transmission, between or among points specified by the user, of information of the user's choosing, without change in the form or content of the information as sent and received." Please confirm that your production will be based on the application of this definition.

<u>Unilateral application of self-serving definition</u>. Defendants' definitions of all relevant terms are reasonable, or the definitions of those terms are well established. Plaintiff must respond to this request applying those definitions, not its own. Please confirm that your production will be based on the application of Defendants' definition.

<u>Objection based on breadth and burden.</u> Fails for lack of required specificity and content (*See* General Objections above). This objection is also absurd on its face as it is well known and Plaintiffs have admitted that the data used to support the Complaint was obtained, at least in part, through the CID process. Defendants are clearly entitled to receive all CIDs that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each CID. Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face. If all CIDs are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the CID process.

<u>Objection based on custody and control.</u> Plaintiffs have failed to identify any instance in which a CID is within the custody and control of Defendants and thus the objection fails to provide the required specificity. As Plaintiffs are well aware and have admitted, much of the data used to support the Complaint was obtained, at

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 13 of 139

> least in part, through CIDs that they know were not delivered to Defendants. Indeed, on information and belief, many of those CIDs contained language precluding the recipient from disclosing to any third party. Thus, Plaintiffs objection is disingenuous on its face. If all CIDs are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the CID process.

**Document Request 5:**

Please produce all **Documents** that refer to, relate to or constitute notice by any **State Law Action State** to any Defendant that a **Civil Investigative Demands** seeking documents that refer to or relate to any Defendant was to be or had been issued.

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the term "refer to, relate to or constitute" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiff defines "relating to" to mean "directly concerning."

Plaintiffs object to Defendants' definition of "Civil Investigative Demand" or "CID" as a "discovery" tool. The authority of any responding State to issue a civil investigative demand varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). Civil investigative demands are thus law enforcement-related pre-suit investigative tools, as opposed to discovery issued after litigation has commenced pursuant to state or federal rules of civil procedure.

Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

Plaintiffs object to extent that "State Law Action State" is not limited to Persons acting within the scope of the subject matter of this litigation.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 14 of 139

Plaintiffs object to this Request because materials that constitute notice to any Defendant that a Civil Investigation Demand is to be issued are not relevant to any claim or defense in this matter nor is it reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Request to the extent it seeks any internal materials concerning internal deliberations and communications with other law enforcement regarding the issuance of Civil Investigation Demands because such information concerns legal conclusions are protected opinion work product and protected by the attorney work product privilege, joint prosecution/common interest privilege, and law enforcement prosecutorial privilege.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to include a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs have no responsive documents as the statute or rules under which civil investigative demands were issued have no general or specific requirements to provide any type of notice to the Person that is the subject of the demand.

**Meet and Confer Issue(s):**

> Objection based on use of term "constitutes notice". The term "constitutes notice is clear on its face and this objection is lacking in merit. Without admitting any ambiguity, Defendants state that the term "constitutes_notice" means a communication informing individuals or parties about legal actions, proceedings, or changes, including the issuance of a CID, that may affect their rights or obligations." Please confirm that your production will be based on the application of this definition.

**Technology Law Group, L.L.C. ᴿᴹ**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 15 of 139

> <u>Unilateral application of self-serving definition</u>.  Defendants' definitions of all relevant terms are reasonable, or the definitions of those terms are well established.  Plaintiff must respond to this request applying those definitions, not its own.

> <u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  This objection is also absurd on its face as it is well known and Plaintiffs have admitted that the data used to support the Complaint was obtained, at least in part, through the CID process.  Defendants are clearly entitled to receive all CIDs that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each CID.  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face.  If all CIDs are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the CID process.

> <u>Objection based on state rules</u>. Your objection based on the allegation that the statute or rules under which civil investigative demands were issued have no general or specific requirements to provide any type of notice to the Person that is the subject of the demand is non-responsive.  Defendants did not ask Plaintiffs to produce documents evidencing the existence of state notice requirements.  Rather, by its express terms, the request is for documents that "constitute notice by any **State Law Action State** to any Defendant that a **Civil Investigative Demands** seeking documents that refer to or relate to any Defendant" whether required or not (as you allege).  Please respond directly to that request and produce any responsive documents.

**Document Request 6:**

Please produce all **Documents** that were produced or otherwise provided by any third party in response a **Civil Investigative Demand** issued by any **State Law Action State** that refers to or relates to any Defendant and/or the telecommunications services provided by any Defendant.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 16 of 139

**Response:**

Plaintiffs object to the Request, as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the services provided by the Defendants.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs define "relating to" to mean "directly concerning."

Plaintiffs object to Defendants' definition of "Civil Investigative Demand" or "CID" as a "discovery" tool. The authority of any responding State to issue a civil investigative demand varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). Civil investigative demands are thus law enforcement-related pre-suit investigative tools, as opposed to discovery issued after litigation has commenced pursuant to state or federal rules of civil procedure.

Plaintiffs object to extent that "State Law Action States" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 17 of 139

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following entry of a protective order.

**Meet and Confer Issue(s):**

Objection based on alleged absence of definition of "telecommunications".  Plaintiffs' objection that the term "telecommunications service is not adequately defined is disingenuous in the extreme.  Plaintiffs' Complaint relies on the application and interpretation (often misguided or false) of the Communications Act of 1934 as amended. 47 U.S. Code § 153(50) (Definitions) defines telecommunications as, "the transmission, between or among points specified by the user, of information of the user's choosing, without change in the form or content of the information as sent and received."  Please confirm that your production will be based on the application of this definition.

> Objection based on use of term "constitutes notice".  The term "constitutes notice is clear on its face and this objection is lacking in merit.  Without admitting any ambiguity, Defendants state that the term "constitutes notice" means a communication informing individuals or parties about legal actions, proceedings, or changes, including the issuance of a CID, that may affect their rights or obligations."  Please confirm that your production will be based on the application of this definition.

> Objection based on breadth and burden.  Fails for lack of required specificity and content (*See* General Objections above).  Defendants are clearly entitled to receive all subpoenas that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each subpoena.  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face.  If all subpoenas are not produced,

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 18 of 139

> Defendants will be entitled to an order precluding the use of any data obtained through the CID process.

**Document Request 7:**

Please produce all subpoenas issued by any **Lead Plaintiff State** that refers to or relates to any Defendant and/or the telecommunications services provided by any Defendant.

**Response:**

Plaintiffs object to the Request as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the services provided by the Defendants.

Plaintiffs object to the Request to the extent that Defendants define "Subpoena" as a "court issued writ" requiring a person or entity to produce documents and/or information and/or to appear and to provide testimony. The authority of any responding Plaintiff to issue an investigative pre-suit subpoena varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). The authority and procedure for the issuance of subpoenas varies by state and subpoenas may or may not be court issued.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to include a temporal limitation.

Plaintiffs object to the Request to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative,

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 19 of 139

and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

**Meet and Confer Issue(s):**

> Objection based on alleged absence of definition of "telecommunications". Plaintiffs' objection that the term "telecommunications service is not adequately defined is disingenuous in the extreme. Plaintiffs' Complaint relies on the application and interpretation (often misguided or false) of the Communications Act of 1934 as amended. 47 U.S. Code § 153(50) (Definitions) defines telecommunications as, "the transmission, between or among points specified by the user, of information of the user's choosing, without change in the form or content of the information as sent and received." Please confirm that your production will be based on the application of this definition.

> Objection based on breadth and burden. Fails for lack of required specificity and content (*See* General Objections above). Defendants are clearly entitled to receive all SUBPOENAs that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each subpoena. Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face. If all subpoenas are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the subpoena process.

**Document Request 8:**

Please produce all **Documents** that refer to, relate to or constitute notice by any **Lead Plaintiff State** to any Defendant that a subpoena seeking testimony and/or documents that refer to or relate to any Defendant was to be or had been issued.

**Technology Law Group, L.L.C.** [SM]

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 20 of 139

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the term "refer to, relate to or constitute" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs define "relating to" to mean "directly concerning."

Plaintiffs object to the Request to the extent that Defendants define "Subpoena" as a "court issued writ" requiring a person or entity to produce documents and/or information and/or to appear and to provide testimony. The authority of any responding Plaintiff to issue an investigative pre-suit subpoena varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). The authority and procedure for the issuance of subpoenas varies by state and subpoenas may or may not be court issued.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome, calling for information beyond the scope of any claim or defense in this matter or reasonably calculated to lead to the discover of admissible evidence. This request is not reasonably limited in scope in relation to the subject matter
of this case and calls for irrelevant information that would be unduly burdensome to produce.

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs define "relating to" to mean "directly concerning."

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 21 of 139

Plaintiffs object to this Request because materials that constitute notice to any Defendant that a Subpoena is to be issued are not relevant to any claim or defense in this matter nor are they reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Request to the extent it seeks any internal materials concerning internal deliberations and communications with other law enforcement regarding the issuance of Subpoenas because such information concerns legal conclusions are protected opinion work product and protected by the attorney work product privilege, joint prosecution/common interest privilege, and law enforcement prosecutorial privilege.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs have no responsive documents as the statute or rules under which subpoenas were issued have no general or specific requirements to provide any type of notice to the Person that is the subject of the demand.

**Meet and Confer Issue(s):**

> <u>Objection based on use of term "constitutes notice"</u>.  The term "constitutes notice is clear on its face and this objection is lacking in merit.  Without admitting any ambiguity, Defendants state that the term "constitutes notice" means a communication informing individuals or parties about legal actions, proceedings, or changes, including the issuance of a subpoena, that may affect their rights or

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 22 of 139

obligations."  Please confirm that your production will be based on the application of this definition.

Objection based on breadth and burden.  Fails for lack of required specificity and content (*See* General Objections above).  Defendants are clearly entitled to receive all subpoenas that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each subpoena.  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face.  If all subpoenas are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the subpoena process.

Unilateral application of self-serving definition.  Defendants' definitions of all relevant terms, including relate to, are reasonable or the definitions of those terms are well established.  Plaintiff must respond to this request applying those definitions, not its own.

**Document Request 9:**

Please produce all **Documents** that were produced or otherwise provided by any third party in response to any subpoena issued by any **Lead Plaintiff State** that refers to or relates to any Defendant and/or the telecommunications services provided by any Defendant.

**Response:**

Plaintiffs object to the Request, as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the services provided by the Defendants.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

**Technology Law Group, L.L.C.** ᔆᴹ

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 23 of 139

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs define "relating to" to mean "directly concerning."

Plaintiffs object to the Request to the extent that Defendants define "Subpoena" as a "court issued writ" requiring a person or entity to produce documents and/or information and/or to appear and to provide testimony. The authority of any responding Plaintiff to issue an investigative pre-suit subpoena varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). The authority and procedure for the issuance of subpoenas varies by state and subpoenas may or may not be "court issued."

Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following entry of a protective order.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 24 of 139

**Meet and Confer Issue(s):**

<u>Objection based on alleged absence of definition of "telecommunications"</u>.
Plaintiffs' objection that the term "telecommunications service is not adequately
defined is disingenuous in the extreme.   Plaintiffs' Complaint relies on the
application and interpretation (often misguided or false) of the Communications Act
of 1934 as amended.   47 U.S. Code § 153(50) (Definitions) defines telecommunications
as, "the transmission, between or among points specified by the user, of information
of the user's choosing, without change in the form or content of the information as
sent and received."   Please confirm that your production will be based on the
application of this definition.

<u>Objection based on use of term "constitutes notice"</u>.  The term "constitutes notice is
clear on its face and this objection is lacking in merit.   Without admitting any
ambiguity, Defendants state that the term "constitutes_notice" means a
communication informing individuals or parties about legal actions, proceedings, or
changes, including the issuance of a subpoena, that may affect their rights or
obligations."  Please confirm that your production will be based on the application
of this definition.

<u>Unilateral application of self-serving definition</u>.   Defendants' definitions of all
relevant terms are reasonable, or the definitions of those terms are well established.
Plaintiff must respond to this request applying those definitions, not its own.

<u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and
content (*See* General Objections above).  Defendants are clearly entitled to receive
all subpoenas that were used to collect these data and there is no reason to believe
that producing them would be unduly burdensome as Plaintiffs were the source of
each subpoena.  Given that Plaintiffs' claims in this Case, if accepted in full, could
subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of
proportionality are absurd on their face.   If all subpoenas are not produced,
Defendants will be entitled to an order precluding the use of any data obtained
through the subpoena process.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 25 of 139

**Document Request 10:**

Please produce the transcripts of all testimony that was provided by any third party in response to any subpoena issued by any **Lead Plaintiff State** that refers to or relates to any Defendant and/or the telecommunications services provided by any Defendant.

**Response:**

Plaintiffs object to the Request as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the services provided by the Defendants.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the Request to the extent that Defendants define "Subpoena" as a "court issued writ" requiring a person or entity to produce documents and/or information and/or to appear and to provide testimony. The authority of any responding Plaintiff to issue an investigative pre-suit subpoena varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). The authority and procedure for the issuance of subpoenas varies by state and subpoenas may or may not be court issued.

Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs define "relating to" to mean "directly concerning."

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 26 of 139

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs respond that there are no responsive documents.

**Meet and Confer Issue(s):**

Objection based on alleged absence of definition of "telecommunications". Plaintiffs' objection that the term "telecommunications service is not adequately defined is disingenuous in the extreme. Plaintiffs' Complaint relies on the application and interpretation (often misguided or false) of the Communications Act of 1934 as amended. 47 U.S. Code § 153(50) (Definitions) defines telecommunications as, "the transmission, between or among points specified by the user, of information of the user's choosing, without change in the form or content of the information as sent and received." Please confirm that your production will be based on the application of this definition.

Objection based on use of term "constitutes notice". The term "constitutes notice is clear on its face and this objection is lacking in merit. Without admitting any ambiguity, Defendants state that the term "constitutes notice" means a communication informing individuals or parties about legal actions, proceedings, or changes, including the issuance of a subpoena, that may affect their rights or obligations." Please confirm that your production will be based on the application of this definition.

Unilateral application of self-serving definition. Defendants' definitions of all relevant terms are reasonable, or the definitions of those terms are well established. Plaintiff must respond to this request applying those definitions, not its own.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 27 of 139

<u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  This objection is also absurd on its face as it is well known and Plaintiffs have admitted that the data used to support the Complaint was obtained, at least in part, through the subpoena process.  Defendants are clearly entitled to receive all subpoenas that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each subpoena.  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face.  If all subpoenas are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the subpoena process.

**Document Request 11:**

Please produce all subpoenas issued by any **State Law Action State** that refers to or relates to any Defendant and/or the telecommunications services provided by any Defendant.

**Response:**

Plaintiffs object to the Request as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the services provided by the Defendants.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome, calling for information beyond the scope of any claim or defense in this matter or reasonably calculated to lead to the discover of admissible evidence. This Request is not reasonably limited in scope in relation to the subject matter of this case and calls for irrelevant information that would be unduly burdensome to produce.

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs define "relating to" to mean "directly concerning."

**Technology Law Group, L.L.C. ˢᴹ**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 28 of 139

Plaintiffs object to the Request to the extent that Defendants define "Subpoena" as a "court issued writ" requiring a person or entity to produce documents and/or information and/or to appear and to provide testimony. The authority of any responding Plaintiff to issue an investigative pre-suit subpoena varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). The authority and procedure for the issuance of subpoenas varies by state and subpoenas may or may not be court issued.

Plaintiffs object to extent that "State Law Action State" is not limited to Persons acting within the scope of the subject matter of this litigation. Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to include a temporal limitation.

Plaintiffs object to the Request to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

# Technology Law Group, L.L.C. <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 29 of 139

**Meet and Confer Issue(s):**

<u>Objection based on alleged absence of definition of "telecommunications"</u>. Plaintiffs' objection that the term "telecommunications service is not adequately defined is disingenuous in the extreme. Plaintiffs' Complaint relies on the application and interpretation (often misguided or false) of the Communications Act of 1934 as amended. 47 U.S. Code § 153(50) (Definitions) defines telecommunications as, "the transmission, between or among points specified by the user, of information of the user's choosing, without change in the form or content of the information as sent and received." Please confirm that your production will be based on the application of this definition.

<u>Unilateral application of self-serving definition</u>. Defendants' definitions of all relevant terms are reasonable, or the definitions of those terms are well established. Plaintiff must respond to this request applying those definitions, not its own.

<u>Objection based on breadth and burden.</u> Fails for lack of required specificity and content (*See* General Objections above). Defendants are clearly entitled to receive all subpoenas that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each subpoena. Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face. If all subpoenas are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the subpoena process.

**Document Request 12:**

Please produce all Documents that refer to, relate to or constitute notice by any **State Law Action State** to any Defendant that a subpoena seeking testimony and/or documents that refer to or relate to any Defendant was to be or had been issued.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 30 of 139

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the term "refer to, relate to or constitute" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs define "relating to" to mean "directly concerning."

Plaintiffs object to the Request to the extent that Defendants define "Subpoena" as a "court issued writ" requiring a person or entity to produce documents and/or information and/or to appear and to provide testimony. The authority of any responding Plaintiff to issue an investigative pre-suit subpoena varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). The authority and procedure for the issuance of subpoenas varies by state and subpoenas may or may not be court issued.

Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

Plaintiffs object to extent that "State Law Action State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object because materials that constitute notice to any Defendant that a Subpoena is to be issued are not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Request to the extent it seeks any internal materials concerning internal deliberations and communications with other law enforcement regarding the issuance of Subpoenas because such information concerns legal conclusions are protected opinion work product and protected by the attorney work product privilege, joint prosecution/common interest privilege, and law enforcement prosecutorial privilege.

**Technology Law Group, L.L.C.** [SM]

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 31 of 139

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs have no responsive documents as the statute or rules under which subpoenas were issued have no general or specific requirements to provide any type of notice to the Person that is the subject of the demand.

**Meet and Confer Issue(s):**

Objection based on alleged absence of definition of "telecommunications". Plaintiffs' objection that the term "telecommunications service is not adequately defined is disingenuous in the extreme. Plaintiffs' Complaint relies on the application and interpretation (often misguided or false) of the Communications Act of 1934 as amended. 47 U.S. Code § 153(50) (Definitions) defines telecommunications as, "the transmission, between or among points specified by the user, of information of the user's choosing, without change in the form or content of the information as sent and received." Please confirm that your production will be based on the application of this definition.

Unilateral application of self-serving definition. Defendants' definitions of all relevant terms are reasonable, or the definitions of those terms are well established. Plaintiff must respond to this request applying those definitions, not its own.

Objection based on breadth and burden. Fails for lack of required specificity and content (*See* General Objections above). Defendants are clearly entitled to receive all subpoenas that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each subpoena. Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 32 of 139

> proportionality are absurd on their face.  If all subpoenas are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the subpoena process.

**Document Request 13:**

Please produce all Documents that were produced or otherwise provided by any third party in response to any subpoena issued by any **State Law Action State** that refers to or relates to any Defendant and/or the telecommunications services provided by any Defendant.

**Response:**

Plaintiffs object to the Request, as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the services provided by the Defendants.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff defines "relating to" to mean "directly concerning."

Plaintiffs object to the Request to the extent that Defendants define "Subpoena" as a "court issued writ" requiring a person or entity to produce documents and/or information and/or to appear and to provide testimony. The authority of any responding Plaintiff to issue an investigative pre-suit subpoena varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). The authority and procedure for the issuance of subpoenas varies by state and subpoenas may or may not be "court issued."

**Technology Law Group, L.L.C. ℠**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 33 of 139

Plaintiffs object to extent that "State Law Action States" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following entry of a protective order.

**Meet and Confer Issue(s):**

    <u>Objection based on alleged absence of definition of "telecommunications"</u>. Plaintiffs' objection that the term "telecommunications service is not adequately defined is disingenuous in the extreme. Plaintiffs' Complaint relies on the application and interpretation (often misguided or false) of the Communications Act of 1934 as amended. 47 U.S. Code § 153(50) (Definitions) defines telecommunications as, "the transmission, between or among points specified by the user, of information of the user's choosing, without change in the form or content of the information as sent and received." Please confirm that your production will be based on the application of this definition.

    <u>Unilateral application of self-serving definition</u>. Defendants' definitions of all relevant terms are reasonable, or the definitions of those terms are well established. Plaintiff must respond to this request applying those definitions, not its own.

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 34 of 139

<u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  Defendants are clearly entitled to receive all subpoenas that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each subpoena.  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face.  If all subpoenas are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the subpoena process.

<u>Lack of Clarity Regarding Scope of Production.</u>  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 14:**

Please produce the transcripts of all testimony that was provided by any third party in response to any subpoena issued by any **State Law Action State** that refers to or relates to any Defendant and/or the telecommunications services provided by any Defendant.

**Response:**

Plaintiffs object to the Request as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the services provided by the Defendants.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 35 of 139

Plaintiffs define "refers to" to mean "directly concerning."

Plaintiffs object to extent that "State Law Action State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request to the extent that Defendants define "Subpoena" as a "court issued writ" requiring a person or entity to produce documents and/or information and/or to appear and to provide testimony. The authority of any responding Plaintiff to issue an investigative pre-suit subpoena varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). The authority and procedure for the issuance of subpoenas varies by state and subpoenas may or may not be court issued.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs respond that there are no responsive documents.

**Meet and Confer Issue(s):**

Objection based on alleged absence of definition of "telecommunications". Plaintiffs' objection that the term "telecommunications service is not adequately defined is disingenuous in the extreme. Plaintiffs' Complaint relies on the application and interpretation (often misguided or false) of the Communications Act of 1934 as amended. 47 U.S. Code § 153(50) (Definitions) defines telecommunications as, "the transmission, between

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 36 of 139

or among points specified by the user, of information of the user's choosing, without change in the form or content of the information as sent and received." Please confirm that your production will be based on the application of this definition.

> Unilateral application of self-serving definition. Defendants' definitions of all relevant terms are reasonable, or the definitions of those terms are well established. Plaintiff must respond to this request applying those definitions, not its own.

> Objection based on breadth and burden. Fails for lack of required specificity and content (*See* General Objections above). Defendants are clearly entitled to receive all subpoenas that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each subpoena. Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face. If all subpoenas are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the subpoena process.

> Lack of Clarity Regarding Scope of Production. Plaintiffs do not state whether any documents are being withheld based on any of its several objections. Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 15:**

Please produce all **Documents** that refer to, relate to or constitute a request by any **Lead Plaintiff State** to any judicial authority for a wiretap of any communications device (wired, wireless or internet-based) associated with any Defendant and/or any attorney representing any Defendant. Where a wiretap has been placed, please produce a complete copy the authorizing court order as well as all content recorded via the wiretap.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 37 of 139

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the use of the terms "refer to, relate to or constitute" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the use "wiretap," "communications device," "wired," "wireless," and "internet based" as those are not defined terms. The use of those terms is vague and ambiguous.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs respond that there are no responsive documents.

**Meet and Confer Issue(s):**

> <u>Objection based on use of terms.</u> "wiretap," "communications device," "wired," "wireless," and "internet based" as vague and ambiguous. These terms are well established and clear on their face and this objection is lacking in merit. Without admitting any ambiguity, Defendants state that the term "wiretap" or "wiretapping"

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 38 of 139

means "the act of secretly monitoring or intercepting telephone, electronic, or oral communications, often without the knowledge or consent of the parties involved", that the term "communications device," means "any piece of hardware or software that enables the transmission and reception of information, facilitating communication between individuals or devices", that the term "wired" means the transmission of data or signals through a physical medium, typically cables or wires, as opposed to wireless methods", that the term "wireless" means "the transfer of information between two or more points without the use of cables, wires, or other physical connections"' and that the term "internet based" means anything that operates or is accessed through the internet."   Please confirm that your production will be based on the application of each of these definitions.

<u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  Defendants are clearly entitled to receive all wiretap data that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each wiretap.  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face.  If all wiretap is not produced, Defendants will be entitled to an order precluding the use of any data obtained through the wiretap process.

**Document Request 16:**

Please produce all **Documents** that refer to, relate to or constitute notice by any **Lead Plaintiff State** to any Defendant that a wiretap of any Defendant communications device (wired, wireless or internet-based) was to be or had been requested and/or issued.

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 39 of 139

Plaintiffs object to the use of the term "refer to, relate to or constitute" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

Plaintiffs object to the use "wiretap," "communications device," "wired," "wireless," and "internet based" as those are not defined terms. The use of those terms is vague and ambiguous.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs respond that there are no responsive documents.

**Meet and Confer Issue(s):**

> <u>Objection based on use of terms.</u> "wiretap," "communications device," "wired," "wireless," and "internet based" as vague and ambiguous.  These terms are well established and clear on their face and this objection is lacking in merit.  Without admitting any ambiguity, Defendants state that the term "wiretap" or "wiretapping" means "the act of secretly monitoring or intercepting telephone, electronic, or oral communications, often without the knowledge or consent of the parties involved", that the term "communications device," means "any piece of hardware or software

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 40 of 139

that enables the transmission and reception of information, facilitating communication between individuals or devices", that the term "wired" means the transmission of data or signals through a physical medium, typically cables or wires, as opposed to wireless methods", that the term "wireless" means  "the transfer of information between two or more points without the use of cables, wires, or other physical connections"' and that the term "internet based" means anything that operates or is accessed through the internet."   Please confirm that your production will be based on the application of each of these definitions.

<u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  Defendants are clearly entitled to receive all wiretap data that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each wiretap.  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face.  If all wiretap data is not produced, Defendants will be entitled to an order precluding the use of any data obtained through the wiretap process.

**Document Request 17:**

Please produce all **Documents** that refer to, relate to or constitute a request by any **State Law Action State** to any judicial authority for a wiretap of any communications device (wired, wireless or internet-based) associated with any Defendant and/or any attorney representing any Defendant. Where a wiretap has been placed, please produce a complete copy the authorizing court order as well as all content recorded via the wiretap.

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 41 of 139

Plaintiffs object to the use of the term "refer to, relate to or constitute" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to the use "wiretap," "communications device," "wired," "wireless," and "internet based" as those are not defined terms. The use of those terms is vague and ambiguous.

Plaintiffs object to extent that "State Law Action States" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs respond that there are no responsive documents.

**Meet and Confer Issue(s):**

> <u>Objection based on use of terms.</u> "wiretap," "communications device," "wired," "wireless," and "internet based" as vague and ambiguous. These terms are well established and clear on their face and this objection is lacking in merit. Without admitting any ambiguity, Defendants state that the term "wiretap" or "wiretapping" means "the act of secretly monitoring or intercepting telephone, electronic, or oral communications, often without the knowledge or consent of the parties involved", that the term "communications device," means "any piece of hardware or software

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 42 of 139

> that enables the transmission and reception of information, facilitating
> communication between individuals or devices", that the term "wired" means the
> transmission of data or signals through a physical medium, typically cables or wires,
> as opposed to wireless methods", that the term "wireless" means "the transfer of
> information between two or more points without the use of cables, wires, or other
> physical connections"' and that the term "internet based" means anything that
> operates or is accessed through the internet."   Please confirm that your production
> will be based on the application of each of these definitions.

> <u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and
> content (*See* General Objections above).  Defendants are clearly entitled to receive
> all wiretaps that were used to collect these data and there is no reason to believe that
> producing them would be unduly burdensome as Plaintiffs were the source of each
> wiretap.  Given that Plaintiffs' claims in this Case, if accepted in full, could subject
> Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality
> are absurd on their face.  If all wiretap data are not produced, Defendants will be
> entitled to an order precluding the use of any data obtained through the wiretap
> process.

**Document Request 18:**

Please produce all **Documents** that refer to, relate to or constitute notice by any **State Law
Action State** to any Defendant that a wiretap of any Defendant communications device
(wired, wireless or internet-based) was to be or had been requested and/or issued.

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and
unduly burdensome.

Plaintiffs object to the use of the term "refer to, relate to or constitute" as overly broad and
unduly burdensome, as it purports to call for information that is not relevant to any claim
or defense in this matter or reasonably calculated to lead to the discovery of admissible
evidence.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 43 of 139

Plaintiffs object to the use "wiretap," "communications device," "wired," "wireless," and "internet based" as those are not defined terms. The use of those terms is vague and ambiguous.

Plaintiffs object to extent that "State Law Action State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs respond that there are no responsive documents.

**Meet and Confer Issue(s):**

<u>Objection based on use of terms.</u> "wiretap," "communications device," "wired," "wireless," and "internet based" as vague and ambiguous.   These terms are well established and clear on their face and this objection is lacking in merit.  Without admitting any ambiguity, Defendants state that the term "wiretap" or "wiretapping" means "the act of secretly monitoring or intercepting telephone, electronic, or oral communications, often without the knowledge or consent of the parties involved", that the term "communications device," means "any piece of hardware or software that enables the transmission and reception of information, facilitating communication between individuals or devices", that the term "wired" means the transmission of data or signals through a physical medium, typically cables or wires, as opposed to wireless methods", that the term "wireless" means  "the transfer of

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 44 of 139

>information between two or more points without the use of cables, wires, or other physical connections"' and that the term "internet based" means anything that operates or is accessed through the internet."   Please confirm that your production will be based on the application of each of these definitions.

>Objection based on breadth and burden.  Fails for lack of required specificity and content (*See* General Objections above).  Defendants are clearly entitled to receive all wiretap data that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each wiretap.  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face.  If all wiretap data are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the wiretap process.

**Document Request 19:**

Please produce all Documents, including without limitation, **Call Detail Records (aka "CDRs"),** switch records, server records that contain data associated with calls transited by Avid Telecom obtained from any third party by the **Lead State Plaintiffs**.

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the use of the terms "Call Detail Records (aka "CDRs"), switch records, server records" as vague and ambiguous.

Plaintiffs object to the use of the term "data" as vague and ambiguous. The term is also overly broad and unduly burdensome, requesting records outside the scope of this litigation.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 45 of 139

Plaintiffs object to extent that "Lead State Plaintiffs" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the Lead Plaintiff States will produce responsive documents within a reasonable time following the entry of a protective order and ESI protocol.

**Meet and Confer Issue(s):**

Objection based on use of terms. "Call Detail Records (aka "CDRs")", "switch records", "server records", and "data" as vague and ambiguous. These terms are well established and clear on their face and this objection is lacking in merit. Without admitting any ambiguity, Defendants state that the terms Call Detail Records (aka "CDRs")", "switch records" refer to the data, including call path data and billing data, generated and stored by switches (both physical and virtual) that handle network traffic. These records, often referred to Call Detail Records (CDRs) or billing records, contain information about calls, data sessions, or other network activity passing through the switch. The term "server records" means "records that specify the hostname, port number, and protocol for services like VoIP or instant messaging. Finally, the word "data" means a collection of facts, figures, or information that can be used to analyze something or make decisions. Please confirm that your production will be based on the application of each of these definitions.

<u>Objection based on breadth and burden</u>. Plaintiffs' entire case is predicated on the contrived and false allegation that, somehow, Defendants' transiting of calls that it received from third parties was "illegal" and in violation of multiple federal and

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 46 of 139

certain state laws.  For Plaintiffs now to object to the production of all "**Documents**, including without limitation, **Call Detail Records (aka "CDRs"),** switch records, server records, sufficient to identify, by originating and terminating telephone number, *each and every call* that the **Lead Plaintiff States** allege was an illegal under federal law" that support its core claims is truly rich.  At a minimum, even if more data may be presented in Plaintiffs' expert report, to meet their obligations under Rule 11 and other applicable ethical codes, Plaintiffs must have in their possession CDRs and similar documents that support each their allegation regarding the legality of each and every call on which the Complaint is based.  We believe that Plaintiffs' self-serving objections reflect the fact that they do not have any CDRs or other call records that prove that a single call was, in fact, illegal.  If all CDRs that Plaintiffs' claim reflect calls transited in violation of federal law are not produced, Defendants will be entitled to an order precluding the use of any such call data to support its factually baseless claims.

<u>Lack of Clarity Regarding Scope of Production</u>.  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 20:**

Please produce all **Documents**, including without limitation, **Call Detail Records (aka "CDRs"),** switch records, server records, sufficient to identify, by originating and terminating telephone number, *each and every call* that the **Lead Plaintiff States** allege was an illegal under federal law. With respect to each and every call, the Documents produced must include Documents sufficient to identify the Person from whom the Call Data was obtained.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 47 of 139

Plaintiffs object to the use of the terms "Call Detail Records (aka "CDRs"), switch records, server records" as vague and ambiguous.

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that it fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

The responding Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (*See* ECF No. 102).

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 48 of 139

their possession, custody, or control within a reasonable time following entry of a protective order and an ESI agreement.

**Meet and Confer Issue(s):**

Objection based on use of the term "illegal". This objection is disingenuous in the extreme as, among other things, that term appears at least 52 times in the Complaint. *See, e.g.,* paras. 8, 19, 20, 23, 24, 25, 26, 34, 43, 45, 46, 62, 73, 77, 79, 80, 82, 83, 84, 85, 87, 88, 93, 94, 98, 99, 100, 102, 104, 105, 106, 109, 110, 114, 115, 116, 173, 179, 188, 201, 220, 287, 299, 302, 303, 317, 318, 319, 320, 321, 330, 331, 333, 343, 356, 371, 383, 400, 401, 403, 405, 412, 416, 430, 433, 435, 437, 456, and 458. The word "illegal is also featured as in the heading of multiple sections of the Complaint and in the "Prayer for Relief". Indeed, Plaintiffs' entire case is predicated on the contrived and false allegation that, somehow, Defendants' transiting of calls that it received from third parties was "illegal" and in violation of multiple federal and certain state laws. For Plaintiffs now to object to the production of all "**Documents, including without limitation, Call Detail Records (aka "CDRs"),** switch records, server records, sufficient to identify, by originating and terminating telephone number, *each and every call* that the **Lead Plaintiff States** allege was an illegal under federal law" that support its core claims is truly rich. At a minimum, even if more data may be presented in Plaintiffs' expert report, to meet their obligations under Rule 11 and other applicable ethical codes, Plaintiffs must have in their possession CDRs and similar documents that support each their allegation regarding the legality of each and every call on which the Complaint is based. We believe that Plaintiffs' self-serving objections reflect the fact that they do not have any CDRs or other call records that prove that a single call was, in fact, illegal. If all CDRs that Plaintiffs' claim reflect calls transited in violation of federal law are not produced, Defendants will be entitled to an order precluding the use of any such call data to support its factually baseless claims.

Objection based on use of other terms. "Call Detail Records (aka "CDRs")", refer to the data, including call path data and billing data, generated and stored by switches (both physical and virtual) that handle network traffic. These records, often referred to Call Detail Records (CDRs) or billing records, contain information about

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 49 of 139

calls, data sessions, or other network activity passing through the switch.  Please confirm that your production will be based on the application of each of this definition.

Objection based on breadth and burden.  Plaintiffs' entire case is predicated on the contrived and false allegation that, somehow, Defendants' transiting of calls that it received from third parties was "illegal" and in violation of multiple federal and certain state laws.  For Plaintiffs now to object to the production of all "**Documents**, including without limitation, **Call Detail Records (aka "CDRs"),** switch records, server records, sufficient to identify, by originating and terminating telephone number, *each and every call* that the **Lead Plaintiff States** allege was an illegal under federal law" that support its core claims is truly rich.  At a minimum, even if more data may be presented in Plaintiffs' expert report, to meet their obligations under Rule 11 and other applicable ethical codes, Plaintiffs must have in their possession CDRs and similar documents that support each their allegation regarding the legality of each and every call on which the Complaint is based.  We believe that Plaintiffs' self-serving objections reflect the fact that they do not have any CDRs or other call records that prove that a single call was, in fact, illegal.  If all CDRs that Plaintiffs' claim reflect calls transited in violation of federal law are not produced, Defendants will be entitled to an order precluding the use of any such call data to support its factually baseless claims.

Lack of Clarity Regarding Scope of Production.  Unlike the previous Responses, this Response does not contain the language stating that Plaintiffs are not knowingly withholding.  This makes it even more unclear (intentionally?) whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 21:**

Please produce all **Documents**, including without limitation, **Call Detail Records (aka "CDRs"),** switch records, server records that contain data associated with calls transited by **Avid Telecom** obtained from any third party by the **State Law Action States**.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 50 of 139

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the use of the terms "Call Detail Records (aka "CDRs"), switch records, server records" as vague and ambiguous.

Plaintiffs object to the use of the term "data" as vague and ambiguous. The term is also overly broad and unduly burdensome, requesting records outside the scope of this litigation.

Plaintiffs object to extent that "State Law Action States" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Subject to the Preliminary Statements and General Objections, the responding Plaintiffs further object to this Request as overly broad and therefore not proportional to the needs of the case. The responding Plaintiffs may collect Call Detail Records ("CDRs") from non-parties pursuant to separate investigations which are not directly related to any Defendant in the instant case. Such CDRs may contain data associated with calls which were also transited by Defendants. The responding Plaintiffs are unable to determine which calls reflected in CDRs obtained in otherwise unrelated investigations may have also been transited by Defendants. To the extent this Request seeks CDRs provided by non-parties which may contain records of calls also transited by Defendants, the responding Plaintiffs are unable to determine whether responsive documents exist and may be withholding such records on the basis of this objection.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with

**Technology Law Group, L.L.C.** [SM]

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 51 of 139

the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following entry of a protective order and an ESI agreement.

**Meet and Confer Issue(s):**

Objection based on use of terms. "Call Detail Records (aka "CDRs")", refer to the data, including call path data and billing data, generated and stored by switches (both physical and virtual) that handle network traffic. These records, often referred to Call Detail Records (CDRs) or billing records, contain information about calls, data sessions, or other network activity passing through the switch. Please confirm that your production will be based on the application of each of this definition.

Objection based on breadth and burden. Plaintiffs' entire case is predicated on the contrived and false allegation that, somehow, Defendants' transiting of calls that it received from third parties was "illegal" and in violation of multiple federal and certain state laws. For Plaintiffs now to object to the production of all "**Documents**, including without limitation, **Call Detail Records (aka "CDRs"),** switch records, server records, sufficient to identify, by originating and terminating telephone number, *each and every call* that the **Lead Plaintiff States** allege was an illegal under federal law" that support its core claims is truly rich. At a minimum, even if more data may be presented in Plaintiffs' expert report, to meet their obligations under Rule 11 and other applicable ethical codes, Plaintiffs must have in their possession CDRs and similar documents that support each their allegation regarding the legality of each and every call on which the Complaint is based. We believe that Plaintiffs' self-serving objections reflect the fact that they do not have any CDRs or other call records that prove that a single call was, in fact, illegal. If all CDRs that Plaintiffs' claim reflect calls transited in violation of federal law are not produced, Defendants will be entitled to an order precluding the use of any such call data to support its factually baseless claims.

Lack of Clarity Regarding Scope of Production. Unlike the previous Responses, this Response does not contain the language stating that Plaintiffs are not knowingly withholding. This makes it even more unclear (intentionally?) whether any

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 52 of 139

      documents are being withheld based on any of its several objections.  Please so state
and, if the statement is in the affirmative, please identify each document that is being
withheld and all reasons why.

**Document Request 22:**

Please produce all **Documents** including without limitation, ***Call Detail Records (aka
"CDRs"), switch records, server records***, sufficient to identify, by originating and
terminating telephone number, *each and every call* that the **State Law Action States** allege
was an illegal under federal law. With respect to each and every call, the **Documents**
produced must include **Documents** sufficient to identify the Person from whom the Call
Data was obtained.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly
burdensome. Plaintiffs object to the use of the terms "Call Detail Records (aka "CDRs"),
switch records, server records" as vague and ambiguous.

Plaintiffs object to extent that "State Law Action States" is not limited to Persons acting
within the scope of the subject matter of this litigation.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that
requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks
to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual
evidence for Defendants.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not
proportional to the needs of the case to the extent that the Request fails to provide a
temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs object to the Request to the extent that the Request requires Plaintiffs to analyze
or organize factual evidence for the Defendants or the extent that the Requests ask for a
compilation, summary or analysis of documents or information not in existence.

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 53 of 139

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

The responding Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102).

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following entry of a protective order and an ESI agreement.

**Meet and Confer Issue(s):**

> Objection based on use of the term "illegal". This objection is disingenuous in the extreme as, among other things, that term appears at least 52 times in the Complaint. *See, e.g.,* paras. 8, 19, 20, 23, 24, 25, 26, 34, 43, 45, 46, 62, 73, 77, 79, 80, 82, 83, 84, 85, 87, 88, 93, 94, 98, 99, 100, 102, 104, 105, 106, 109, 110, 114, 115, 116, 173, 179, 188, 201, 220, 287, 299, 302, 303, 317, 318, 319, 320, 321, 330, 331, 333, 343, 356, 371, 383, 400, 401, 403, 405, 412, 416, 430, 433, 435, 437, 456, and 458. The word "illegal is also featured as in the heading of multiple sections of the Complaint and in the "Prayer for Relief". Plaintiffs should use whatever definition(s) that they used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in response to this Request.

> Objection based on use of other terms. "Call Detail Records (aka "CDRs")", refer to the data, including call path data and billing data, generated and stored by switches (both physical and virtual) that handle network traffic. These records, often referred to Call Detail Records (CDRs) or billing records, contain information about

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 54 of 139

calls, data sessions, or other network activity passing through the switch.  Please confirm that your production will be based on the application of each of this definition.

Objection based on breadth and burden.  Plaintiffs' entire case is predicated on the contrived and false allegation that, somehow, Defendants' transiting of calls that it received from third parties was "illegal" and in violation of multiple federal and certain state laws.  For Plaintiffs now to object to the production of all "**Documents**, including without limitation, **Call Detail Records (aka "CDRs"),** switch records, server records, sufficient to identify, by originating and terminating telephone number, *each and every call* that the **Lead Plaintiff States** allege was an illegal under federal law" that support its core claims is truly rich.  At a minimum, even if more data may be presented in Plaintiffs' expert report, to meet their obligations under Rule 11 and other applicable ethical codes, Plaintiffs must have in their possession CDRs and similar documents that support each their allegation regarding the legality of each and every call on which the Complaint is based.  We believe that Plaintiffs' self-serving objections reflect the fact that they do not have any CDRs or other call records that prove that a single call was, in fact, illegal.  If all CDRs that Plaintiffs' claim reflect calls transited in violation of federal law are not produced, Defendants will be entitled to an order precluding the use of any such call data to support its factually baseless claims.

Lack of Clarity Regarding Scope of Production.  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 23:**

Please produce all **Documents**, including without limitations all research, analyses, studies and the like that support or refute allegations by the **State Law Action States** that calls to wireless phones that are alleged to be illegal were terminated to a phone that was physically located within the alleging state when the call was received.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 55 of 139

**Response:**

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the use of the terms "research, analyses, studies and the like" as vague and ambiguous. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to extent that "State Law Action State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs respond that there are no responsive documents.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 56 of 139

**Meet and Confer Issue(s):**

> Objection based on breadth and burden.  Fails for lack of required specificity and content (*See* General Objections above).  This objection is also outrageous and absurd on its face given that each and every Plaintiff has asserted that a specific number of calls were terminated to an area code presumably associated with a phone located within each state.  *See* Complaint para. 89.  Given these allegations, Defendants have the absolute right to access the data that Plaintiffs relied on to generate these call quantities. Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face.  If all requested data is not produced, Defendants will be entitled to an order precluding the use of any such data.

> Objection to the terms "research, analyses, studies and the like."  The term "constitutes notice is clear on its face and this objection is lacking in merit.  Without admitting any ambiguity, Defendants state that the term "research" means" investigation into and study of materials and sources in order to establish facts and reach new conclusions, that the term "analyses" means "the act of studying or examining something in detail in order to discover or understand more about it", and that the term "studies" means to "examine something carefully".  Please confirm that your production will be based on the application of these definitions.

**Document Request 24:**

Please produce all **Documents**, including without limitation, Do Not Call lists, **Call Detail Records (aka "CDRs")**, switch records, server records, sufficient to identify, *each and every call* that the **Lead Plaintiff States** allege was terminated in violation of an applicable federal Do Not Call List.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 57 of 139

Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "terminated in violation of an applicable federal Do Not Call List" is unclear. Plaintiffs interpret the Request as calling for Documents sufficient to identify calls which violate statutes or rules prohibiting certain calls to phone numbers listed on the National Do Not Call Registry maintained by the Federal Trade Commission.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, responding Plaintiffs have not yet compiled each and every call placed in violation of statutes or rules prohibiting calls to phone numbers appearing on the National Do Not Call Registry. Responding Plaintiffs expect to create and produce responsive documents as a part of their expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) and will be disclosed pursuant to the Case Management Order Case filed on December 12, 2024 (ECF No. 102).

**Meet and Confer Issue(s):**

> Objection based on use of term "terminated in violation of an applicable federal Do Not Call List".  The term ""terminated in violation of an applicable federal Do Not Call List" is clear on its face and this objection is lacking in merit.  This objection is disingenuous in the extreme as, among other things, that term appears at least 23 times in the Complaint. *See, e.g.,* paras. 176, 243, 310, 311, 313, 314, 333, 357, 358, 363, 396, 422, 423, 424, 425, 483, 487, 492, 497, 512, 513, 515, 531, 532, 536, 552 and 553.  To the extent that there is any uncertainty, you are advised the federal Do Not Call List is also known as the National Do Not Call Registry.  Plaintiffs should use whatever definition(s) that they used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 58 of 139

response to this Request.  Please confirm that your production will be based on the application of this definition.

Objection based on breadth and burden.  Plaintiffs' entire case is predicated on the contrived and false allegation that, somehow, Defendants' transiting of calls that it received from third parties was "illegal" and in violation of multiple federal and certain state laws.  For Plaintiffs now to object to the production of all "**Documents**, including without limitation, **Call Detail Records (aka "CDRs"),** switch records, server records, sufficient to identify, by originating and terminating telephone number, *each and every call* that the **Lead Plaintiff States** allege was an illegal under federal law" that support its core claims is truly rich.  At a minimum, even if more data may be presented in Plaintiffs' expert report, to meet their obligations under Rule 11 and other applicable ethical codes, Plaintiffs must have in their possession CDRs and similar documents that support each their allegation regarding the legality of each and every call on which the Complaint is based.  We believe that Plaintiffs' self-serving objections reflect the fact that they do not have any CDRs or other call records that prove that a single call was, in fact, illegal.  If all CDRs that Plaintiffs' claim reflect calls transited in violation of federal law are not produced, Defendants will be entitled to an order precluding the use of any such call data to support its factually baseless claims.

Lack of Clarity Regarding Scope of Production.  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 25:**

Please produce all **Documents**, including without limitation, Do Not Call lists, **Call Detail Records (aka "CDRs"),** switch records, server records, sufficient to identify, *each and every call* that the **State Law Action States** allege was terminated in violation of an applicable federal Do Not Call List.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 59 of 139

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "terminated in violation of an applicable federal Do Not Call List" is unclear. Plaintiffs interpret the Request as calling for Documents sufficient to identify calls which violate statutes or rules prohibiting certain calls to phone numbers listed on the National Do Not Call Registry maintained by the Federal Trade Commission.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, responding Plaintiffs have not yet compiled each and every call placed in violation of statutes or rules prohibiting calls to phone numbers appearing on the National Do Not Call Registry. Responding Plaintiffs expect to create and produce responsive documents as a part of their expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) and will be disclosed pursuant to the Case Management Order Case (ECF No. 102).

**Meet and Confer Issue(s):**

> <u>Objection based on use of term</u> "terminated in violation of an applicable federal Do Not Call List".  The term ""terminated in violation of an applicable federal Do Not Call List" is clear on its face and this objection is lacking in merit.  This objection is disingenuous in the extreme as, among other things, that term appears at least 23 times in the Complaint. *See, e.g.,* paras. 176, 243, 310, 311, 313, 314, 333, 357, 358, 363, 396, 422, 423, 424, 425, 483, 487, 492, 497, 512, 513, 515, 531, 532, 536, 552

# Technology Law Group, L.L.C. <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 60 of 139

and 553.  To the extent that there is any uncertainty, you are advised the federal Do Not Call List is also known as the National Do Not Call Registry.  Plaintiffs should use whatever definition(s) that they used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in response to this Request.  Please confirm that your production will be based on the application of this definition.

<u>Objection based on breadth and burden</u>.  Plaintiffs' entire case is predicated on the contrived and false allegation that, somehow, Defendants' transiting of calls that it received from third parties was "illegal" and in violation of multiple federal and certain state laws.  For Plaintiffs now to object to the production of all "**Documents**, including without limitation, **Call Detail Records (aka "CDRs"),** switch records, server records, sufficient to identify, by originating and terminating telephone number, *each and every call* that the **Lead Plaintiff States** allege was an illegal under federal law" that support its core claims is truly rich.  At a minimum, even if more data may be presented in Plaintiffs' expert report, to meet their obligations under Rule 11 and other applicable ethical codes, Plaintiffs must have in their possession CDRs and similar documents that support each their allegation regarding the legality of each and every call on which the Complaint is based.  We believe that Plaintiffs' self-serving objections reflect the fact that they do not have any CDRs or other call records that prove that a single call was, in fact, illegal.  If all CDRs that Plaintiffs' claim reflect calls transited in violation of federal law are not produced, Defendants will be entitled to an order precluding the use of any such call data to support its factually baseless claims.

<u>Lack of Clarity Regarding Scope of Production</u>.  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 26:**

Please produce all **Documents**, including without limitation, Do Not Call lists, **Call Detail Records (aka "CDRs")**, switch records, server records, sufficient to demonstrate, whether

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 61 of 139

*each and every call* that the **Lead Plaintiff States** allege was terminated in violation of an applicable Do Not Call List was registered as a residential or a business telephone number.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the Request as vague, ambiguous, overly broad and incomprehensible. Plaintiffs object to the extent that the meaning of the phrase "terminated in violation of an applicable Do Not Call List was registered as a residential or a business telephone number" is unclear. A call does not violate a "Do Not Call List" but rather a call may violate a statute or rule. Plaintiffs object to the extent that Defendants failed to identify which statute or rule or "violation" is at issue in the Request. Plaintiffs object as Defendants failed to provide a definition for "applicable Do Not Call List."

Plaintiffs interpret the Request as seeking Documents relevant to calls that Plaintiffs allege violate Count IV of the Complaint. Plaintiffs further interpret the Request as seeking data corresponding to each violative call which indicates whether the registered telephone number appearing on the National Do Not Call Registry is a residential or business number.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, responding Plaintiffs have no responsive documents as the National Do Not Call Registry does not contain data as to whether each number listed is a residential or business telephone number.

**Meet and Confer Issue(s):**

> <u>Objection based on use of term </u>"terminated in violation of an applicable federal Do Not Call List".  The term ""terminated in violation of an applicable federal Do Not

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 62 of 139

     Call List" is clear on its face and this objection is lacking in merit.  This objection is disingenuous in the extreme as, among other things, that term appears at least 23 times in the Complaint. *See, e.g.,* paras. 176, 243, 310, 311, 313, 314, 333, 357, 358, 363, 396, 422, 423, 424, 425, 483, 487, 492, 497, 512, 513, 515, 531, 532, 536, 552 and 553.  To the extent that there is any uncertainty, you are advised the "federal Do Not Call List" is also known as the National Do Not Call Registry.  As Plaintiffs know full well, it is the Telephone Consumer Protection Act (TCPA) prohibits telemarketers, in certain circumstances, from calling phone numbers registered on the National Do Not Call Registry. To be clear, this Request seeks the production of **Call Detail Records (aka "CDRs")**, switch records, and server records evidencing whether calls that the **Lead Plaintiff States** allege were terminated in violation of an applicable National Do Not Call Registry were registered to a residential/personal telephone number or to a business telephone number.

     <u>Objection based on breadth and burden</u>.  Plaintiffs' entire case is predicated on the contrived and false allegation that, somehow, Defendants' transiting of calls that it received from third parties was "illegal" and in violation of multiple federal and certain state laws.  For Plaintiffs now to object to the production of all "**Documents**, including without limitation, **Call Detail Records (aka "CDRs")**, switch records, server records, sufficient to identify, by originating and terminating telephone number, *each and every call* that the **Lead Plaintiff States** allege was an illegal under federal law" that support its core claims is truly rich.  At a minimum, even if more data may be presented in Plaintiffs' expert report, to meet their obligations under Rule 11 and other applicable ethical codes, Plaintiffs must have in their possession CDRs and similar documents that support each their allegation regarding the legality of each and every call on which the Complaint is based.  We believe that Plaintiffs' self-serving objections reflect the fact that they do not have any CDRs or other call records that prove that a single call was, in fact, illegal.  If all CDRs that Plaintiffs' claim reflect calls transited in violation of federal law are not produced, Defendants will be entitled to an order precluding the use of any such call data to support its factually baseless claims.

     <u>Lack of Clarity Regarding Scope of Production</u>.  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state

**Technology Law Group, L.L.C.** ᔆᴹ

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 63 of 139

> and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 27:**

Please produce all **Documents**, including without limitation, Do Not Call Lists, **Call Detail Records (aka "CDRs"),** switch records, server records, sufficient to demonstrate, whether *each and every call* that the **State Law Action States** allege was terminated in violation of an applicable federal Do Not Call List was registered as a residential or a business telephone number.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the Request as vague, ambiguous, overly broad and incomprehensible. Plaintiffs object to the extent that the meaning of the phrase "terminated in violation of an applicable federal Do Not Call List was registered as a residential or a business telephone number" is unclear. A call does not violate a "Do Not Call List" but rather a call may violate a statute or rule. Plaintiffs object to the extent that Defendants failed to identify which statute or rule or "violation" is at issue in the Request. Plaintiffs object as Defendants failed to provide a definition for "applicable federal Do Not Call List." Plaintiffs interpret the Request as seeking Documents relevant to calls that the State Law Action States allege violate any of their respective state law Counts and to the extent those state law claims rely on the National Do Not Call Registry. Plaintiffs further interpret the Request as seeking documents corresponding to each violative call which indicates whether the registered telephone number appearing on the National Do Not Call Registry is a residential or business number.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 64 of 139

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, responding Plaintiffs have no responsive documents.

**Meet and Confer Issue(s):**

The language of this request is simple and intelligible. Defendants seek all Do Not Call Lists, **Call Detail Records (aka "CDRs"),** switch records, server records, sufficient to demonstrate whether calls that the **State Law Action States** allege were terminated in violation of an applicable federal Do Not Call List residential (personal) or a business telephone number. As business telephone numbers are not supposed to be on the Do Not Call List and many if not most of the honey pt telephone numbers were obtained by a business, the status of these numbers is directly relevant to Plaintiffs' claims.

Objection based on use of term "terminated in violation of an applicable federal Do Not Call List". The term ""terminated in violation of an applicable federal Do Not Call List" is clear on its face and this objection is lacking in merit. This objection is disingenuous in the extreme as, among other things, that term appears at least 23 times in the Complaint. *See, e.g.,* paras. 176, 243, 310, 311, 313, 314, 333, 357, 358, 363, 396, 422, 423, 424, 425, 483, 487, 492, 497, 512, 513, 515, 531, 532, 536, 552 and 553. To the extent that there is any uncertainty, you are advised the "federal Do Not Call List" is also known as the National Do Not Call Registry. As Plaintiffs know full well, it is the Telephone Consumer Protection Act (TCPA) prohibits telemarketers, in certain circumstances, from calling phone numbers registered on the National Do Not Call Registry. To be clear, this Request seeks the production of **Call Detail Records (aka "CDRs")**, switch records, and server records evidencing whether calls that the **Lead Plaintiff States** allege were terminated in violation of an applicable National Do Not Call Registry were registered to a residential/personal telephone number or to a business telephone number.

Objection based on breadth and burden. Plaintiffs' entire case is predicated on the contrived and false allegation that, somehow, Defendants' transiting of calls that it received from third parties was "illegal" and in violation of multiple federal and certain state laws. For Plaintiffs now to object to the production of all "**Documents**,

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 65 of 139

including without limitation, **Call Detail Records (aka "CDRs"),** switch records, server records, sufficient to identify, by originating and terminating telephone number, *each and every call* that the **Lead Plaintiff States** allege was an illegal under federal law" that support its core claims is truly rich. At a minimum, even if more data may be presented in Plaintiffs' expert report, to meet their obligations under Rule 11 and other applicable ethical codes, Plaintiffs must have in their possession CDRs and similar documents that support each their allegation regarding the legality of each and every call on which the Complaint is based. We believe that Plaintiffs' self-serving objections reflect the fact that they do not have any CDRs or other call records that prove that a single call was, in fact, illegal. If all CDRs that Plaintiffs' claim reflect calls transited in violation of federal law are not produced, Defendants will be entitled to an order precluding the use of any such call data to support its factually baseless claims.

Lack of Clarity Regarding Scope of Production. Plaintiffs do not state whether any documents are being withheld based on any of its several objections. Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 28:**

Please produce all **Documents** including without limitation, all **Documents** containing information provided by the **Called Party**, that such **Called Party** stated that he/she had not authorized the sender to make the each and every call alleged to be illegal in the Complaint (*i.e.,* there was not a valid opt-in).

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the Request to the extent that the definition of "Called Party" asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 66 of 139

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request to the extent that the Request seeks documents already in the custody or control of the Defendants and will not produce those documents.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order. Additionally, responding Plaintiffs expect to supplement this response as their investigation continues.

**Meet and Confer Issue(s):**

> <u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  Defendants are clearly entitled to receive information provided by the **Called Party**, whether he/she had authorized the sender to make the each and every call alleged to be illegal in the Complaint (*i.e.,* there was not a valid opt-in).  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face.  If all such data are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the CID process.

> Objection to use of the term "Called Party".  Plaintiffs' object to the Request on the basis that the term Called Party asserts a legal conclusion, misstates the law is

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 67 of 139

nonsensical gibberish.  The Requests define the term **"Called Party"** as the person receiving each of the calls associated with the Lead Party States' and the State Law Action States' claims in this Civil Action.  This is the standard term in the industry used to identify the person who receives a call.  It is a purely descriptive term with no legal implications.  As you should be aware, Called Parties can authorize/consent to receive robocalls; such calls are not "illegal."  To prove the illegality of a call, the burden of proof is on Plaintiffs to demonstrate that such authorization consent was not provided *for that call*.  On information and belief, Plaintiffs have no data addressing the issue of consent for most if not all calls that are alleging to be illegal. The filing of a Complaint—particularly one of this magnitude—without any evidence regarding authorization/consent is, at best, negligent and, at worst, knowingly frivolous.  Defendants are clearly entitled to documents evidencing whether such consent was provided.  Defendants will be entitled to an order precluding the use of any supporting a claim or illegality where Plaintiffs fail or refuse to produce data addressing the issue of authorization/consent.

Objection based on use of the term "illegal".  This objection is disingenuous in the extreme as, among other things, that term appears at least 52 times in the Complaint. *See, e.g.,* paras. 8, 19, 20, 23, 24, 25, 26, 34, 43, 45, 46, 62, 73, 77, 79, 80, 82, 83, 84, 85, 87, 88, 93, 94, 98, 99, 100, 102, 104, 105, 106, 109, 110, 114, 115, 116, 173, 179, 188, 201, 220, 287, 299, 302, 303, 317, 318, 319, 320, 321, 330, 331, 333, 343, 356, 371, 383, 400, 401, 403, 405, 412, 416, 430, 433, 435, 437, 456, and 458.  The word "illegal is also featured as in the heading of multiple sections of the Complaint and in the "Prayer for Relief".  Plaintiffs should use whatever definition(s) that they used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in response to this Request.

Lack of Clarity Regarding Scope of Production.  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 68 of 139

**Document Request 29:**

Please produce all **Documents** that refer to, relate to or constitute data collected by the **Lead Plaintiff States**, regarding when the telephone number associated with each call alleged to be illegal was obtained by the **Called Party**.

**Response:**

Plaintiffs object to the Request based on the definition provided for "Called Party" to the extent that it asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs object to this Request as it calls for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs respond that there are no responsive documents.

**Meet and Confer Issue(s):**

> <u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  Defendants are clearly entitled to receive information regarding when the telephone number associated with each call alleged

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 69 of 139

to be illegal was obtained by the **Called Party** as those facts bear directly on numerous issues, including whether the call was actually transited by Defendants, the accuracy of CDR data and the issue of consent, all of which are potential defenses to the Complaint. Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face. If all such data are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the CID process.

<u>Objection based on relevance</u>. As Plaintiffs should know, Called Parties can consent to receive any call, including a robocall. If consent is given, the call cannot be considered "illegal" under any law identified in the Complaint. Thus, it is beyond legitimate dispute that Plaintiffs need to demonstrate the absence of authorization/consent to meet their burden of proof. As such, documents which evidence the existence or absence of consent are indisputably essential, far exceeding that standard required to establish discovery relevance.

<u>Objection to use of the term "Called Party"</u>. Plaintiffs' object to the Request on the basis that the term Called Party asserts a legal conclusion, misstates the law is nonsensical gibberish. The Requests define the term **"Called Party"** as the person receiving each of the calls associated with the Lead Party States' and the State Law Action States' claims in this Civil Action. This is the standard term in the industry used to identify the person who receives a call. It is a purely descriptive term with no legal implications. As you should be aware, Called Parties can authorize/consent to receive robocalls; such calls are not "illegal." To prove the illegality of a call, the burden of proof is on Plaintiffs to demonstrate that such authorization consent was not provided *for that call*. On information and belief, Plaintiffs have no data addressing the issue of consent for most if not all calls that are alleging to be illegal. The filing of a Complaint—particularly one of this magnitude—without any evidence regarding authorization/consent is, at best, negligent and, at worst, knowingly frivolous. Defendants are clearly entitled to documents evidencing whether such consent was provided. Defendants will be entitled to an order precluding the use of any supporting a claim or illegality where Plaintiffs fail or refuse to produce data addressing the issue of authorization/consent.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 70 of 139

> <u>Objection based on use of the term "illegal".</u>  This objection is disingenuous in the extreme as, among other things, that term appears at least 52 times in the Complaint. *See, e.g.,* paras. 8, 19, 20, 23, 24, 25, 26, 34, 43, 45, 46, 62, 73, 77, 79, 80, 82, 83, 84, 85, 87, 88, 93, 94, 98, 99, 100, 102, 104, 105, 106, 109, 110, 114, 115, 116, 173, 179, 188, 201, 220, 287, 299, 302, 303, 317, 318, 319, 320, 321, 330, 331, 333, 343, 356, 371, 383, 400, 401, 403, 405, 412, 416, 430, 433, 435, 437, 456, and 458.  The word "illegal is also featured as in the heading of multiple sections of the Complaint and in the "Prayer for Relief".  Plaintiffs should use whatever definition(s) that they used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in response to this Request.

> <u>Lack of Clarity Regarding Scope of Production.</u>  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 30:**

Please produce all **Documents** that refer to, relate to or constitute data collected by the **Lead Plaintiff States**, evidencing whether a predecessor to the **Called Party** had agreed to accept any of the calls at issue.

**Response:**

Plaintiffs object to the Request based on the definition provided for "Called Party" to the extent that it asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action.

Responding Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "predecessor" is unclear. The responding Plaintiffs interpret the term as referring to a subscriber to whom a phone number was previously assigned prior to being re-assigned to a different subscriber at the time of a call transited by Defendants.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 71 of 139

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs object to this Request as it calls for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs respond that there are no responsive documents.

**Meet and Confer Issue(s):**

> Objection based on breadth and burden.  Fails for lack of required specificity and content (*See* General Objections above).  Defendants are clearly entitled to receive information regarding whether a predecessor to the **Called Party** had agreed to accept any of the calls at issue as those facts bear directly on numerous issues, including the issue of consent, which is a potential defense to the Complaint.  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face.  If all such data are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the CID process.

> Objection based on relevance.  As Plaintiffs should know, Called Parties can consent to receive any call, including a robocall.  If consent is given, the call cannot be considered "illegal" under any law identified in the Complaint.  Thus, it is beyond legitimate dispute that Plaintiffs need to demonstrate the absence of authorization/consent to meet their burden of proof.  As numbers often change hands, it is plainly relevant to know whether a predecessor to the number provided authorization/consent.  As such, documents which evidence the existence or absence of consent are indisputably essential, far exceeding that standard required to establish discovery relevance.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 72 of 139

<u>Objection to use of the term "Called Party"</u>.  Plaintiffs' object to the Request on the basis that the term Called Party asserts a legal conclusion, misstates the law is nonsensical gibberish.  The Requests define the term **"Called Party"** as the person receiving each of the calls associated with the Lead Party States' and the State Law Action States' claims in this Civil Action.  This is the standard term in the industry used to identify the person who receives a call.  It is a purely descriptive term with no legal implications.  As you should be aware, Called Parties can authorize/consent to receive robocalls; such calls are not "illegal."  To prove the illegality of a call, the burden of proof is on Plaintiffs to demonstrate that such authorization consent was not provided *for that call*.  On information and belief, Plaintiffs have no data addressing the issue of consent for most if not all calls that are alleging to be illegal. The filing of a Complaint—particularly one of this magnitude—without any evidence regarding authorization/consent is, at best, negligent and, at worst, knowingly frivolous.  Defendants are clearly entitled to documents evidencing whether such consent was provided.  Defendants will be entitled to an order precluding the use of any supporting a claim or illegality where Plaintiffs fail or refuse to produce data addressing the issue of authorization/consent.

<u>Objection based on use of the term "predecessor"</u>.  The meaning of the term "<u>predecessor</u> is clear on its face and this objection is lacking in merit.  Without admitting any ambiguity, Defendants state that the term "predecessor" means the person who was authorized to use a telephone number prior to the person who was authorized to use a telephone number when the allegedly illegal call occurred."  This issue is relevant as telephone numbers are frequently surrendered and recycled and will often continue to reflect any authorization/consent that was provided by the predecessor in relevant databases.  Please confirm that your production will be based on the application of this definition.

<u>Lack of Clarity Regarding Scope of Production</u>.  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 73 of 139

**Document Request 31:**

Please produce all **Documents** that refer to, relate to or constitute data collected by the **State Law Action States**, regarding when the telephone number associated with each call alleged to be illegal was obtained by the **Called Party**.

**Response:**

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs object to this Request as it calls for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to the Request based on the definition provided for "Called Party," to the extent that it asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs respond that there are no responsive documents.

**Meet and Confer Issue(s):**

> <u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  Defendants are clearly entitled to receive information regarding when the telephone number associated with each call alleged

**Technology Law Group, L.L.C.** [SM]

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 74 of 139

to be illegal was obtained by the **Called Party** as those facts bear directly on numerous issues, including whether the call was actually transited by Defendants, the accuracy of CDR data and the issue of consent, all of which are potential defenses to the Complaint. Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face. If all such data are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the CID process.

Objection based on relevance. As Plaintiffs should know, Called Parties can consent to receive any call, including a robocall. If consent is given, the call cannot be considered "illegal" under any law identified in the Complaint. Thus, it is beyond legitimate dispute that Plaintiffs need to demonstrate the absence of authorization/consent to meet their burden of proof. As such, documents which evidence the existence or absence of consent are indisputably essential, far exceeding that standard required to establish discovery relevance.

Objection to use of the term "Called Party". Plaintiffs' object to the Request on the basis that the term Called Party asserts a legal conclusion, misstates the law is nonsensical gibberish. The Requests define the term **"Called Party"** as the person receiving each of the calls associated with the Lead Party States' and the State Law Action States' claims in this Civil Action. This is the standard term in the industry used to identify the person who receives a call. It is a purely descriptive term with no legal implications. As you should be aware, Called Parties can authorize/consent to receive robocalls; such calls are not "illegal." To prove the illegality of a call, the burden of proof is on Plaintiffs to demonstrate that such authorization consent was not provided *for that call*. On information and belief, Plaintiffs have no data addressing the issue of consent for most if not all calls that are alleging to be illegal. The filing of a Complaint—particularly one of this magnitude—without any evidence regarding authorization/consent is, at best, negligent and, at worst, knowingly frivolous. Defendants are clearly entitled to documents evidencing whether such consent was provided. Defendants will be entitled to an order precluding the use of any supporting a claim or illegality where Plaintiffs fail or refuse to produce data addressing the issue of authorization/consent.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 75 of 139

<u>Objection based on use of the term "illegal"</u>.  This objection is disingenuous in the extreme as, among other things, that term appears at least 52 times in the Complaint. *See, e.g.,* paras. 8, 19, 20, 23, 24, 25, 26, 34, 43, 45, 46, 62, 73, 77, 79, 80, 82, 83, 84, 85, 87, 88, 93, 94, 98, 99, 100, 102, 104, 105, 106, 109, 110, 114, 115, 116, 173, 179, 188, 201, 220, 287, 299, 302, 303, 317, 318, 319, 320, 321, 330, 331, 333, 343, 356, 371, 383, 400, 401, 403, 405, 412, 416, 430, 433, 435, 437, 456, and 458.  The word "illegal is also featured as in the heading of multiple sections of the Complaint and in the "Prayer for Relief".  Plaintiffs should use whatever definition(s) that they used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in response to this Request.

<u>Lack of Clarity Regarding Scope of Production</u>.  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 32:**

Please produce all **Documents** that refer to, relate to or constitute data collected by the **State Law Action States**, evidencing whether a predecessor to the **Called Party** had agreed to accept any of the calls at issue.

**Response:**

Plaintiffs object to the Request based on the definition provided for "Called Party," to the extent that it asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action.

Responding Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "predecessor" is unclear. The responding Plaintiffs interpret the term as referring to a subscriber to whom a phone number was previously assigned prior to being re-assigned to a different subscriber at the time of a call transited by Defendants.

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 76 of 139

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs object to this Request as it calls for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs respond that there are no responsive documents.

**Meet and Confer Issue(s):**

Objection based on breadth and burden. Fails for lack of required specificity and content (*See* General Objections above). Defendants are clearly entitled to receive information regarding whether a predecessor to the **Called Party** had agreed to accept any of the calls at issue as those facts bear directly on numerous issues, including the issue of consent, which is a potential defense to the Complaint. Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face. If all such data are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the CID process.

Objection based on relevance. As Plaintiffs should know, Called Parties can consent to receive any call, including a robocall. If consent is given, the call cannot be considered "illegal" under any law identified in the Complaint. Thus, it is beyond legitimate dispute that Plaintiffs need to demonstrate the absence of authorization/consent to meet their burden of proof. As numbers often change hands, it is plainly relevant to know whether a predecessor to the number provided authorization/consent. As such, documents which evidence the existence or absence of consent are indisputably essential, far exceeding that standard required to establish discovery relevance.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 77 of 139

<u>Objection to use of the term "Called Party"</u>.  Plaintiffs' object to the Request on the basis that the term Called Party asserts a legal conclusion, misstates the law is nonsensical gibberish.  The Requests define the term **"Called Party"** as the person receiving each of the calls associated with the Lead Party States' and the State Law Action States' claims in this Civil Action.  This is the standard term in the industry used to identify the person who receives a call.  It is a purely descriptive term with no legal implications.  As you should be aware, Called Parties can authorize/consent to receive robocalls; such calls are not "illegal."  To prove the illegality of a call, the burden of proof is on Plaintiffs to demonstrate that such authorization consent was not provided *for that call*.  On information and belief, Plaintiffs have no data addressing the issue of consent for most if not all calls that are alleging to be illegal.  The filing of a Complaint—particularly one of this magnitude—without any evidence regarding authorization/consent is, at best, negligent and, at worst, knowingly frivolous.  Defendants are clearly entitled to documents evidencing whether such consent was provided.  Defendants will be entitled to an order precluding the use of any supporting a claim or illegality where Plaintiffs fail or refuse to produce data addressing the issue of authorization/consent.

<u>Objection based on use of the term "predecessor"</u>.  The meaning of the term "<u>predecessor</u> is clear on its face and this objection is lacking in merit.  Without admitting any ambiguity, Defendants state that the term "predecessor" means the person who was authorized to use a telephone number prior to the person who was authorized to use a telephone number when the allegedly illegal call occurred."  This issue is relevant as telephone numbers are frequently surrendered and recycled and will often continue to reflect any authorization/consent that was provided by the predecessor in relevant databases.  Please confirm that your production will be based on the application of this definition.

<u>Lack of Clarity Regarding Scope of Production</u>.  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 78 of 139

**Document Request 33:**

Please produce all **Documents** that the **Lead Plaintiff States** allege demonstrate that **Michael D. Lansky**, in his individual capacity, had **Actual Knowledge** at the time that a call transited the Avid Telecom network that *each and every* call identified in the previous Request was an illegal robocall under federal law.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Plaintiffs object to the Request to the extent that the term "Actual Knowledge" asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action. Plaintiffs' response to this Request is based on authorities interpreting the term "Actual Knowledge." *See, e.g., Off. of Athy Gen. v. Smartbiz Telecom LLC*, No. 22-23945-CIV, 2024 WL 4251895, at *4 (S.D. Fla. Sept. 19, 2024) ("Defendant had actual notice of the illegal use of its network through the Traceback notifications and numerous complaints from suppliers. These notifications provided specific information about the illegal nature of the calls and required [d]efendant to locate and respond to the Tracebacks, demonstrating that [d]efendant had actual knowledge of the illegal use of its network."). Plaintiffs' response to this Request does not constitute an acceptance of Defendants' definition of the term "Actual Knowledge" or waive any argument related thereto.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 79 of 139

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, responding Plaintiffs state that there are no responsive documents related to Request 32, and so no responsive documents to this Request. In light of the vagueness and ambiguity of the Request, responding Plaintiffs are not purposefully withholding responsive documents.

In the alternative, to the extent that Defendants' use of the undefined term "previous Request" was meant to request the production of documents referenced in Request Nos. 20, 22, or 24 through 28, which use the term "each and every call," in response to those Requests, responding Plaintiffs have or will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Meet and Confer Issue(s):**

　　**The term "previous request" was included in error.  The Request was intended to read as follows:** "Please produce all **Documents** that the **Lead Plaintiff States** allege demonstrate that **Michael D. Lansky**, in his individual capacity, had **Actual Knowledge** at the time that a call transited the Avid Telecom network that *each and every* call asserted in the Complaint to be an illegal robocall under federal law was in fact an illegal call." Please respond to this corrected Request.  With respect to your current objections:

　　　　<u>Objection based on use of the term "illegal"</u>.  This objection is disingenuous in the extreme as, among other things, that term appears at least 52 times in the Complaint. *See, e.g.,* paras. 8, 19, 20, 23, 24, 25, 26, 34, 43, 45, 46, 62, 73, 77, 79, 80, 82, 83, 84, 85, 87, 88, 93, 94, 98, 99, 100, 102, 104, 105, 106, 109, 110, 114, 115, 116, 173, 179, 188, 201, 220, 287, 299, 302, 303, 317, 318, 319, 320, 321, 330, 331, 333, 343, 356, 371, 383, 400, 401, 403, 405, 412, 416, 430, 433, 435, 437, 456, and 458.  The word "illegal is also featured as in the heading of multiple sections of the Complaint and in the "Prayer for Relief".  Plaintiffs should use whatever definition(s) that they used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in response to this Request.

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 80 of 139

> Plaintiffs' objection to the Request to the extent that the term "**Actual Knowledge**" asserts a legal conclusion.  The Requests define the term **Actual Knowledge** as information which the person whose knowledge is at issue is consciously aware.  Neither the definition nor the Request assert a legal conclusion.  The Request merely seeks the production of documents that demonstrate that **Michael D. Lansky**, in his individual capacity, had **"Actual Knowledge"** at the time that a call transited the Avid Telecom network that calls alleged to be illegal were, in fact, illegal.  The cited case does not use the term "Actual Knowledge"; it refers to "actual notice," which is a very different thing.  Moreover, the case relies on the receipt of Tracebacks for the calls at issue.  During the entire period of its operations, it is undisputed—indeed asserted by Plaintiffs—that Defendants received fewer than 300 tracebacks, so those tracebacks—which are not findings of illegality—cannot possibly reflect "Actual Knowledge" of the billions of calls that Plaintiffs allege transited Avid's network.  Also, the Complaint is entirely bereft of any information that could support the conclusion that Defendants received any notice of illegality with respect to the overwhelming majority of the calls transited.  Indeed, the Complaint is entirely bereft of any proof that the allegations of illegality were factually based, including with respect to the issue of consent.   In this context, evidence of "Actual Knowledge" is plainly relevant.

> Objection based on breadth and burden.  Fails for lack of required specificity and content (*See* General Objections above).  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face.

> Lack of Clarity Regarding Scope of Production.  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 34:**

Please produce all **Documents** that the **Lead Plaintiff States** allege demonstrate that **Michael D. Lansky**, in his individual capacity, had **Actual Knowledge** at any time after a

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 81 of 139

call transited the **Avid Telecom** network that *each and every* call identified in the previous Request was an illegal robocall under federal law.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request to the extent that the term "Actual Knowledge" asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action. Plaintiffs' response to this Request is based on authorities interpreting the term "Actual Knowledge." *See, e.g.*, *Off. of Att'y Gen. v. Smartbiz Telecom LLC*, No. 22-23945-CIV, 2024 WL 4251895, at *4 (S.D. Fla. Sept. 19, 2024) ("Defendant had actual notice of the illegal use of its network through the traceback notifications and numerous complaints from suppliers. These notifications provided specific information about the illegal nature of the calls and required [d]efendant to locate and respond to the tracebacks, demonstrating that [d]efendant had actual knowledge of the illegal use of its network."). Plaintiffs' response to this Request does not constitute an acceptance of Defendants' definition of the term "Actual Knowledge" or waive any argument related thereto.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, Plaintiffs state that there are no responsive documents related to Request 33, and so no responsive documents to this Request.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 82 of 139

In the alternative, to the extent that Defendants' use of the undefined term "previous Request" was meant to request the production of documents referenced in Request Nos. 20, 22, or 24 through 28, which use the term "each and every call," in response to those Requests, the responding Plaintiffs have produced or will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Meet and Confer Issue(s):**

> <u>Objection based on use of the term "illegal"</u>.  This objection is disingenuous in the extreme as, among other things, that term appears at least 52 times in the Complaint. *See, e.g.,* paras. 8, 19, 20, 23, 24, 25, 26, 34, 43, 45, 46, 62, 73, 77, 79, 80, 82, 83, 84, 85, 87, 88, 93, 94, 98, 99, 100, 102, 104, 105, 106, 109, 110, 114, 115, 116, 173, 179, 188, 201, 220, 287, 299, 302, 303, 317, 318, 319, 320, 321, 330, 331, 333, 343, 356, 371, 383, 400, 401, 403, 405, 412, 416, 430, 433, 435, 437, 456, and 458.  The word "illegal is also featured as in the heading of multiple sections of the Complaint and in the "Prayer for Relief".  Plaintiffs should use whatever definition(s) that they used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in response to this Request.

> <u>Plaintiffs' objection to the Request to the extent that the term "**Actual Knowledge**" asserts a legal conclusion</u>.  The Requests define the term **Actual Knowledge** as information which the person whose knowledge is at issue is consciously aware. Neither the definition nor the Request assert a legal conclusion.  The Request merely seeks the production of documents that demonstrate that **Michael D. Lansky**, in his individual capacity, had **"Actual Knowledge"** at the time that a call transited the Avid Telecom network that calls alleged to be illegal were, in fact, illegal.  The cited case does not use the term "Actual Knowledge"; it refers to "actual notice," which is a very different thing.  Moreover, the case relies on the receipt of Tracebacks for the calls at issue.  During the entire period of its operations, it is undisputed—indeed asserted by Plaintiffs—that Defendants received fewer than 300 tracebacks, so those tracebacks—which are not findings of illegality—cannot possibly reflect "Actual

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 83 of 139

> Knowledge" of the billions of calls that Plaintiffs allege transited Avid's network.
> Also, the Complaint is entirely bereft of any information that could support the
> conclusion that Defendants received any notice of illegality with respect to the
> overwhelming majority of the calls transited. Indeed, the Complaint is entirely
> bereft of any proof that the allegations of illegality were factually based, including
> with respect to the issue of consent. In this context, evidence of "Actual
> Knowledge" is plainly relevant.

> <u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and
> content (*See* General Objections above). This objection is also absurd on its face as
> it is well known and Plaintiffs have admitted that the data used to support the
> Complaint was obtained, at least in part, through the CID process. Defendants are
> clearly entitled to receive all CIDs that were used to collect these data and there is
> no reason to believe that producing them would be unduly burdensome as Plaintiffs
> were the source of each CID. Given that Plaintiffs' claims in this Case, if accepted
> in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs'
> claims of proportionality are absurd on their face.

> <u>Lack of Clarity Regarding Scope of Production.</u>  Plaintiffs do not state whether any
> documents are being withheld based on any of its several objections. Please so state
> and, if the statement is in the affirmative, please identify each document that is being
> withheld and all reasons why.

**Document Request 35:**

Please produce all **Documents** that the **State Law Action States** allege demonstrate that
**Michael D. Lansky**, in his individual capacity, had **Actual Knowledge** at the time that a
call transited the **Avid Telecom** network that *each and every* call identified in the previous
Request was an illegal robocall under state law.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly
burdensome.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 84 of 139

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Plaintiffs object to the Request to the extent that the term "Actual Knowledge" asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action. Plaintiffs' response to this Request is based on authorities interpreting the term "Actual Knowledge'' *See, e.g.*, *Off. of Att'y Gen. v. Smartbiz Telecom LLC*, No. 22-23945-CIV, 2024 WL 4251895, at *4 (S.D. Fla. Sept. 19, 2024) ("Defendant had actual notice of the illegal use of its network through the traceback notifications and numerous complaints from suppliers. These notifications provided specific information about the illegal nature of the calls and required [d]efendant to locate and respond to the tracebacks, demonstrating that [d]efendant had actual knowledge of the illegal use of its network."). Plaintiffs' responses to this Request does not constitute an acceptance of Defendants' definition of the term "Actual Knowledge" or waive any argument related thereto.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, Plaintiffs state that there are no responsive documents related to Request 34, and so no responsive documents to this Request.

In the alternative, to the extent that Defendants' use of the undefined term "previous Request" was meant to request the production of documents referenced in Request Nos. 20, 22, or 24 through 28, which use the term "each and every call," in response to those Requests, the responding Plaintiffs have or will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 85 of 139

their possession, custody, or control within a reasonable time following the entry of a protective order.

**Meet and Confer Issue(s):**

<u>Objection based on use of the term "illegal"</u>. This objection is disingenuous in the extreme as, among other things, that term appears at least 52 times in the Complaint. *See, e.g.,* paras. 8, 19, 20, 23, 24, 25, 26, 34, 43, 45, 46, 62, 73, 77, 79, 80, 82, 83, 84, 85, 87, 88, 93, 94, 98, 99, 100, 102, 104, 105, 106, 109, 110, 114, 115, 116, 173, 179, 188, 201, 220, 287, 299, 302, 303, 317, 318, 319, 320, 321, 330, 331, 333, 343, 356, 371, 383, 400, 401, 403, 405, 412, 416, 430, 433, 435, 437, 456, and 458. The word "illegal is also featured as in the heading of multiple sections of the Complaint and in the "Prayer for Relief". Plaintiffs should use whatever definition(s) that they used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in response to this Request.

<u>Plaintiffs' objection to the Request to the extent that the term "**Actual Knowledge**" asserts a legal conclusion</u>. The Requests define the term **Actual Knowledge** as information which the person whose knowledge is at issue is consciously aware. Neither the definition nor the Request assert a legal conclusion. The Request merely seeks the production of documents that demonstrate that **Michael D. Lansky**, in his individual capacity, had "**Actual Knowledge**" at the time that a call transited the Avid Telecom network that calls alleged to be illegal were, in fact, illegal. The cited case does not use the term "Actual Knowledge"; it refers to "actual notice," which is a very different thing. Moreover, the case relies on the receipt of Tracebacks for the calls at issue. During the entire period of its operations, it is undisputed—indeed asserted by Plaintiffs—that Defendants received fewer than 300 tracebacks, so those tracebacks—which are not findings of illegality—cannot possibly reflect "Actual Knowledge" of the billions of calls that Plaintiffs allege transited Avid's network. Also, the Complaint is entirely bereft of any information that could support the conclusion that Defendants received any notice of illegality with respect to the overwhelming majority of the calls transited. Indeed, the Complaint is entirely bereft of any proof that the allegations of illegality were factually based, including

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 86 of 139

> with respect to the issue of consent.  In this context, evidence of "Actual Knowledge" is plainly relevant.
>
> <u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face.
>
> <u>Lack of Clarity Regarding Scope of Production.</u>  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 36:**

Please produce all **Documents** that the **State Law Action States** allege demonstrate that **Michael D. Lansky**, in his individual capacity, had **Actual Knowledge** at any time after a call transited the **Avid Telecom** network that *each and every* call identified in the previous Request was an illegal robocall under state law.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request to the extent that Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

**Technology Law Group, L.L.C.** [SM]

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 87 of 139

Plaintiffs object to the Request to the extent that the term "Actual Knowledge" asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action. Plaintiffs' response to this Request is based on authorities interpreting the term "Actual Knowledge." *See, e.g.*, *Off. of Att'y Gen. v. Smartbiz Telecom LLC*, No. 22-23945-CIV, 2024 WL 4251895, at *4 (S.D. Fla. Sept. 19, 2024) ("Defendant had actual notice of the illegal use of its network through the traceback notifications and numerous complaints from suppliers. These notifications provided specific information about the illegal nature of the calls and required [d]efendant to locate and respond to the tracebacks, demonstrating that [d]efendant had actual knowledge of the illegal use of its network."). Plaintiffs' responses to these Requests do not constitute an acceptance of

Defendants' definition of the term "Actual Knowledge" or waive any argument related thereto.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, Plaintiffs state that there are no responsive documents related to Request 35, and so there are no responsive documents to this Request.

In the alternative, to the extent that Defendants' use of the undefined term "previous Request" was meant to request the production of documents referenced in Request Nos. 20, 22, or 24 through 28, which use the term "each and every call," in response to those Requests, the responding Plaintiffs have produced or will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Meet and Confer Issue(s):**

> <u>Objection based on use of the term "illegal"</u>.  This objection is disingenuous in the extreme as, among other things, that term appears at least 52 times in the Complaint. *See, e.g.,* paras. 8, 19, 20, 23, 24, 25, 26, 34, 43, 45, 46, 62, 73, 77, 79, 80, 82, 83, 84, 85, 87, 88, 93, 94, 98, 99, 100, 102, 104, 105, 106, 109, 110, 114, 115, 116, 173, 179, 188, 201, 220, 287, 299, 302, 303, 317, 318, 319, 320, 321, 330, 331, 333, 343,

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 88 of 139

356, 371, 383, 400, 401, 403, 405, 412, 416, 430, 433, 435, 437, 456, and 458. The word "illegal is also featured as in the heading of multiple sections of the Complaint and in the "Prayer for Relief". Plaintiffs should use whatever definition(s) that they used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in response to this Request.

Plaintiffs' objection to the Request to the extent that the term "**Actual Knowledge**" asserts a legal conclusion. The Requests define the term **Actual Knowledge** as information which the person whose knowledge is at issue is consciously aware. Neither the definition nor the Request assert a legal conclusion. The Request merely seeks the production of documents that demonstrate that **Michael D. Lansky**, in his individual capacity, had **"Actual Knowledge"** at the time that a call transited the Avid Telecom network that calls alleged to be illegal were, in fact, illegal. The cited case does not use the term "Actual Knowledge"; it refers to "actual notice," which is a very different thing. Moreover, the case relies on the receipt of Tracebacks for the calls at issue. During the entire period of its operations, it is undisputed—indeed asserted by Plaintiffs—that Defendants received fewer than 300 tracebacks, so those tracebacks—which are not findings of illegality—cannot possibly reflect "Actual Knowledge" of the billions of calls that Plaintiffs allege transited Avid's network. Also, the Complaint is entirely bereft of any information that could support the conclusion that Defendants received any notice of illegality with respect to the overwhelming majority of the calls transited. Indeed, the Complaint is entirely bereft of any proof that the allegations of illegality were factually based, including with respect to the issue of consent. In this context, evidence of "Actual Knowledge" is plainly relevant.

Objection based on breadth and burden. Fails for lack of required specificity and content (*See* General Objections above). Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face.

Lack of Clarity Regarding Scope of Production. Plaintiffs do not state whether any documents are being withheld based on any of its several objections. Please so state

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 89 of 139

> and, if the statement is in the affirmative, please identify each document that is being
> withheld and all reasons why.

**Document Request 37:**

Please produce all **Documents** that the **Lead Plaintiff States** allege demonstrate that
**Stacey S. Reeves**, in her individual capacity, had **Actual Knowledge** at the time that a call
transited the Avid Telecom network that *each and every* call identified in the previous
Request was an illegal robocall under federal law.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly
burdensome.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that
requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks
to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual
evidence for Defendants.

Plaintiffs object to the Request to the extent that the term "Actual Knowledge" asserts a
legal conclusion, misstates the law or is not exclusively determinative as to each of the
Plaintiffs' causes of action. Plaintiffs' response to this Request is based on authorities
interpreting the term "Actual Knowledge." *See, e.g.*, *Off. of Att'y Gen. v. Smartbiz Telecom
LLC*, No. 22-23945-CIV, 2024 WL 4251895, at *4 (S.D. Fla. Sept. 19, 2024) ("Defendant
had actual notice of the illegal use of its network through the traceback notifications and
numerous complaints from suppliers. These notifications provided specific information
about the illegal nature of the calls and required [d]efendant to locate and respond to the
tracebacks, demonstrating that [d]efendant had actual knowledge of the illegal use of its
network."). Plaintiffs' response to this Request does not constitute an acceptance of
Defendants' definition of the term "Actual Knowledge" or waive any argument related
thereto.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 90 of 139

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, Plaintiffs state that there are no responsive documents related to Request 36, and so there are no responsive documents to this Request.

In the alternative, to the extent that Defendants' use of the undefined term "previous Request" was meant to request the production of documents referenced in Request Nos. 20, 22, or 24 through 28, which use the term "each and every call," in response to those Requests, the responding Plaintiffs have produced or will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Meet and Confer Issue(s):**

> Objection based on use of the term "illegal". This objection is disingenuous in the extreme as, among other things, that term appears at least 52 times in the Complaint. *See, e.g.,* paras. 8, 19, 20, 23, 24, 25, 26, 34, 43, 45, 46, 62, 73, 77, 79, 80, 82, 83, 84, 85, 87, 88, 93, 94, 98, 99, 100, 102, 104, 105, 106, 109, 110, 114, 115, 116, 173, 179, 188, 201, 220, 287, 299, 302, 303, 317, 318, 319, 320, 321, 330, 331, 333, 343, 356, 371, 383, 400, 401, 403, 405, 412, 416, 430, 433, 435, 437, 456, and 458. The word "illegal is also featured as in the heading of multiple sections of the Complaint and in the "Prayer for Relief". Plaintiffs should use whatever definition(s) that they used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in response to this Request.

> Plaintiffs' objection to the Request to the extent that the term "**Actual Knowledge**" asserts a legal conclusion. The Requests define the term **Actual Knowledge** as information which the person whose knowledge is at issue is consciously aware. Neither the definition nor the Request assert a legal conclusion. The Request merely

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 91 of 139

seeks the production of documents that demonstrate that **Michael D. Lansky**, in his individual capacity, had **"Actual Knowledge"** at the time that a call transited the Avid Telecom network that calls alleged to be illegal were, in fact, illegal. The cited case does not use the term "Actual Knowledge"; it refers to "actual notice," which is a very different thing. Moreover, the case relies on the receipt of Tracebacks for the calls at issue. During the entire period of its operations, it is undisputed—indeed asserted by Plaintiffs—that Defendants received fewer than 300 tracebacks, so those tracebacks—which are not findings of illegality—cannot possibly reflect "Actual Knowledge" of the billions of calls that Plaintiffs allege transited Avid's network. Also, the Complaint is entirely bereft of any information that could support the conclusion that Defendants received any notice of illegality with respect to the overwhelming majority of the calls transited. Indeed, the Complaint is entirely bereft of any proof that the allegations of illegality were factually based, including with respect to the issue of consent. In this context, evidence of "Actual Knowledge" is plainly relevant.

Objection based on breadth and burden. Fails for lack of required specificity and content (*See* General Objections above). Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face.

Lack of Clarity Regarding Scope of Production. Plaintiffs do not state whether any documents are being withheld based on any of its several objections. Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 38:**

Please produce all Documents that the **Lead Plaintiff States** allege demonstrate that\ **Stacey S. Reeves**, in her individual capacity, had **Actual Knowledge** at any time after a call transited the Avid Telecom network that *each and every* call identified in the previous Request was an illegal robocall under federal law.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 92 of 139

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Plaintiffs object to the Request to the extent that the term "Actual Knowledge" asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action. Plaintiffs' response to this Request is based on authorities interpreting the term "Actual Knowledge." *See, e.g.*, *Off. of Att'y Gen. v. Smartbiz Telecom LLC*, No. 22-23945-CIV, 2024 WL 4251895, at *4 (S.D. Fla. Sept. 19, 2024) ("Defendant had actual notice of the illegal use of its network through the traceback notifications and numerous complaints from suppliers. These notifications provided specific information about the illegal nature of the calls and required [d]efendant to locate and respond to the tracebacks, demonstrating that [d]efendant had actual knowledge of the illegal use of its network."). Plaintiffs' response to this Request does not constitute an acceptance of Defendants' definition of the term "Actual Knowledge" or waive any argument related thereto.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, Plaintiffs state that there are no responsive documents related to Request 37, and so no responsive documents to this Request.

In the alternative, to the extent that Defendants' use of the undefined term "previous Request" was meant to request the production of documents referenced in Request Nos. 20, 22, or 24 through 28, which use the term "each and every call," in response to those

**Technology Law Group, L.L.C.** $^{SM}$

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 93 of 139

Requests, the responding Plaintiffs have produced or will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Meet and Confer Issue(s):**

Objection based on use of the term "illegal". This objection is disingenuous in the extreme as, among other things, that term appears at least 52 times in the Complaint. *See, e.g.,* paras. 8, 19, 20, 23, 24, 25, 26, 34, 43, 45, 46, 62, 73, 77, 79, 80, 82, 83, 84, 85, 87, 88, 93, 94, 98, 99, 100, 102, 104, 105, 106, 109, 110, 114, 115, 116, 173, 179, 188, 201, 220, 287, 299, 302, 303, 317, 318, 319, 320, 321, 330, 331, 333, 343, 356, 371, 383, 400, 401, 403, 405, 412, 416, 430, 433, 435, 437, 456, and 458. The word "illegal is also featured as in the heading of multiple sections of the Complaint and in the "Prayer for Relief". Plaintiffs should use whatever definition(s) that they used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in response to this Request.

Plaintiffs' objection to the Request to the extent that the term "**Actual Knowledge**" asserts a legal conclusion. The Requests define the term **Actual Knowledge** as information which the person whose knowledge is at issue is consciously aware. Neither the definition nor the Request assert a legal conclusion. The Request merely seeks the production of documents that demonstrate that **Michael D. Lansky**, in his individual capacity, had "**Actual Knowledge**" at the time that a call transited the Avid Telecom network that calls alleged to be illegal were, in fact, illegal. The cited case does not use the term "Actual Knowledge"; it refers to "actual notice," which is a very different thing. Moreover, the case relies on the receipt of Tracebacks for the calls at issue. During the entire period of its operations, it is undisputed—indeed asserted by Plaintiffs—that Defendants received fewer than 300 tracebacks, so those tracebacks—which are not findings of illegality—cannot possibly reflect "Actual Knowledge" of the billions of calls that Plaintiffs allege transited Avid's network. Also, the Complaint is entirely bereft of any information that could support the conclusion that Defendants received any notice of illegality with respect to the

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 94 of 139

overwhelming majority of the calls transited. Indeed, the Complaint is entirely
bereft of any proof that the allegations of illegality were factually based, including
with respect to the issue of consent. In this context, evidence of "Actual
Knowledge" is plainly relevant.

<u>Objection based on breadth and burden.</u> Fails for lack of required specificity and
content (*See* General Objections above). Given that Plaintiffs' claims in this Case,
if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars,
Plaintiffs claims of proportionality are absurd on their face.

<u>Lack of Clarity Regarding Scope of Production.</u> Plaintiffs do not state whether any
documents are being withheld based on any of its several objections. Please so state
and, if the statement is in the affirmative, please identify each document that is being
withheld and all reasons why.

**Document Request 39:**

Please produce all **Documents** that the **State Law Action States** allege demonstrate that
**Stacey S. Reeves**, in her individual capacity, had **Actual Knowledge** at the time that a call
transited the Avid Network that *each and every* call identified in the previous Request was
an illegal robocall under state law.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly
burdensome.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that
requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks
to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual
evidence for Defendants.

**Technology Law Group, L.L.C.** [SM]

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 95 of 139

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Plaintiffs object to the Request to the extent that the term "Actual Knowledge" asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action. Plaintiffs' response to this Request is based on authorities interpreting the term "Actual Knowledge." *See, e.g., Off. of Att'y Gen. v. Smartbiz Telecom LLC*, No. 22-23945-CIV, 2024 WL 4251895, at *4 (S.D. Fla. Sept. 19, 2024) ("Defendant had actual notice of the illegal use of its network through the traceback notifications and numerous complaints from suppliers. These notifications provided specific information about the illegal nature of the calls and required [d]efendant to locate and respond to the tracebacks, demonstrating that [d]efendant had actual knowledge of the illegal use of its network."). Plaintiffs' response to this Request does not constitute an acceptance of Defendants' definition of the term "Actual Knowledge" or waive any argument related thereto.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, Plaintiffs state that there are no responsive documents related to Request 38, and so no responsive documents to this Request.

In the alternative, to the extent that Defendants' use of the undefined term "previous Request" was meant to request the production of documents referenced in Request Nos. 20, 22, or 24 through 28, which use the term "each and every call," in response to those Requests, the responding Plaintiffs have produced or will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Meet and Confer Issue(s):**

> Objection based on use of the term "illegal". This objection is disingenuous in the extreme as, among other things, that term appears at least 52 times in the Complaint.

# Technology Law Group, L.L.C. <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 96 of 139

*See, e.g.,* paras. 8, 19, 20, 23, 24, 25, 26, 34, 43, 45, 46, 62, 73, 77, 79, 80, 82, 83, 84, 85, 87, 88, 93, 94, 98, 99, 100, 102, 104, 105, 106, 109, 110, 114, 115, 116, 173, 179, 188, 201, 220, 287, 299, 302, 303, 317, 318, 319, 320, 321, 330, 331, 333, 343, 356, 371, 383, 400, 401, 403, 405, 412, 416, 430, 433, 435, 437, 456, and 458.  The word "illegal is also featured as in the heading of multiple sections of the Complaint and in the "Prayer for Relief".  Plaintiffs should use whatever definition(s) that they used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in response to this Request.

Plaintiffs' objection to the Request to the extent that the term "**Actual Knowledge**" asserts a legal conclusion.  The Requests define the term **Actual Knowledge** as information which the person whose knowledge is at issue is consciously aware. Neither the definition nor the Request assert a legal conclusion.  The Request merely seeks the production of documents that demonstrate that **Michael D. Lansky**, in his individual capacity, had "**Actual Knowledge**" at the time that a call transited the Avid Telecom network that calls alleged to be illegal were, in fact, illegal.  The cited case does not use the term "Actual Knowledge"; it refers to "actual notice," which is a very different thing.  Moreover, the case relies on the receipt of Tracebacks for the calls at issue.  During the entire period of its operations, it is undisputed—indeed asserted by Plaintiffs—that Defendants received fewer than 300 tracebacks, so those tracebacks—which are not findings of illegality—cannot possibly reflect "Actual Knowledge" of the billions of calls that Plaintiffs allege transited Avid's network. Also, the Complaint is entirely bereft of any information that could support the conclusion that Defendants received any notice of illegality with respect to the overwhelming majority of the calls transited.  Indeed, the Complaint is entirely bereft of any proof that the allegations of illegality were factually based, including with respect to the issue of consent.  In this context, evidence of "Actual Knowledge" is plainly relevant.

Objection based on breadth and burden.  Fails for lack of required specificity and content (*See* General Objections above).  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 97 of 139

<u>Lack of Clarity Regarding Scope of Production</u>.  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 40:**

Please produce all **Documents** that the **State Law Action States** allege demonstrate that **Stacey S. Reeves**, in her individual capacity, had **Actual Knowledge** at any time after a call transited the Avid Network that *each and every* call identified in the previous Request was an illegal robocall under state law.

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks factual evidence for Defendants.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Plaintiffs object to the Request to the extent that the term "Actual Knowledge" asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action. Plaintiffs' response to this Request is based on authorities interpreting the term "Actual Knowledge." *See, e.g.*, *Off. of Att'y Gen. v. Smartbiz Telecom LLC*, No. 22-23945-CIV, 2024 WL 4251895, at *4 (S.D. Fla. Sept. 19, 2024) ("Defendant had actual notice of the illegal use of its network through the traceback notifications and numerous complaints from suppliers. These notifications provided specific information about the illegal nature of the calls and required [d]efendant to locate and respond to the tracebacks, demonstrating that [d]efendant had actual knowledge of the illegal use of its

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 98 of 139

network."). Plaintiffs' response to this Request does not constitute an acceptance of Defendants' definition of the term "Actual Knowledge" or waive any argument related thereto.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, Plaintiffs state that there are no responsive documents related to Request 39, and so no responsive documents to this Request.

In the alternative, to the extent that Defendants' use of the undefined term "previous Request" was meant to request the production of documents referenced in Request Nos. 20, 22, or 24 through 28, which use the term "each and every call," in response to those Requests, the responding Plaintiffs have or will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Meet and Confer Issue(s):**

    <u>Objection based on use of the term "illegal"</u>.  This objection is disingenuous in the extreme as, among other things, that term appears at least 52 times in the Complaint. *See, e.g.,* paras. 8, 19, 20, 23, 24, 25, 26, 34, 43, 45, 46, 62, 73, 77, 79, 80, 82, 83, 84, 85, 87, 88, 93, 94, 98, 99, 100, 102, 104, 105, 106, 109, 110, 114, 115, 116, 173, 179, 188, 201, 220, 287, 299, 302, 303, 317, 318, 319, 320, 321, 330, 331, 333, 343, 356, 371, 383, 400, 401, 403, 405, 412, 416, 430, 433, 435, 437, 456, and 458.  The word "illegal is also featured as in the heading of multiple sections of the Complaint and in the "Prayer for Relief".  Plaintiffs should use whatever definition(s) that they used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in response to this Request.

    <u>Plaintiffs' objection to the Request to the extent that the term "**Actual Knowledge**"</u> <u>asserts a legal conclusion</u>.  The Requests define the term **Actual Knowledge** as information which the person whose knowledge is at issue is consciously aware. Neither the definition nor the Request assert a legal conclusion.  The Request merely

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 99 of 139

seeks the production of documents that demonstrate that **Michael D. Lansky**, in his individual capacity, had **"Actual Knowledge"** at the time that a call transited the Avid Telecom network that calls alleged to be illegal were, in fact, illegal. The cited case does not use the term "Actual Knowledge"; it refers to "actual notice," which is a very different thing. Moreover, the case relies on the receipt of Tracebacks for the calls at issue. During the entire period of its operations, it is undisputed—indeed asserted by Plaintiffs—that Defendants received fewer than 300 tracebacks, so those tracebacks—which are not findings of illegality—cannot possibly reflect "Actual Knowledge" of the billions of calls that Plaintiffs allege transited Avid's network. Also, the Complaint is entirely bereft of any information that could support the conclusion that Defendants received any notice of illegality with respect to the overwhelming majority of the calls transited. Indeed, the Complaint is entirely bereft of any proof that the allegations of illegality were factually based, including with respect to the issue of consent. In this context, evidence of "Actual Knowledge" is plainly relevant.

<u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face.

<u>Lack of Clarity Regarding Scope of Production.</u>  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 41:**

Please produce all **Documents** that the **Lead Plaintiff States** allege demonstrate that **Stacey S. Reeves** had the actual authority to make any decision on behalf Avid Telecom; *i.e.,* not just that she stated a position but that she had the authority to make the decision and did so on her own without input from Mr. Lansky).

**Technology Law Group, L.L.C.** [SM]

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 100 of 139

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the term "actual authority" as the term is not defined and calls for a legal conclusion.

Plaintiffs object to this Request as it calls for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it is vague and ambiguous as to whether it is seeking documents containing facts or seeking responding Plaintiffs' application of the law to those facts.

Plaintiffs object to this Request to the extent it seeks factual documents on the grounds that it calls for documents that are in the possession, custody, or control of the Defendants.

Plaintiffs object to this Request to the extent it seeks documents in which responding Plaintiffs applied the law to facts. Documents relating to Plaintiffs' legal conclusions are protected opinion work product and information protected by the deliberative process privilege, attorney-client privilege, law enforcement privilege, as well as the joint prosecution, common interest privilege, and the attorney trial preparation and attorney work product doctrines. Plaintiffs are not withholding any documents based on this privilege objection.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Technology Law Group, L.L.C.** [SM]

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 101 of 139

**Meet and Confer Issue(s):**

> Objection based on alleged absence of definition of "actual authority". Plaintiffs'
> objection that the term "actual authority" is not adequately defined is disingenuous
> in the extreme given Plaintiffs' repeated use of the similar term "authority to
> control" in describing Ms. Reeves relationship to Avid. *See, e.g.,* Complaint as para.
> 14. Without admitting that there is any ambiguity in the term, Plaintiffs should use
> whatever definition(s) that they used for the term "authority to control" in drafting
> the Complaint as the definition of "actual authority" for the purpose of producing
> documents in response to this Request.

> Objection based on breadth and burden. Fails for lack of required specificity and
> content (*See* General Objections above). Given that Plaintiffs' claims in this Case,
> if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars,
> Plaintiffs claims of proportionality are absurd on their face.

> Lack of Clarity Regarding Scope of Production. Plaintiffs do not state whether any
> documents are being withheld based on any of its several objections. Please so state
> and, if the statement is in the affirmative, please identify each document that is being
> withheld and all reasons why.

**Document Request 42:**

Please produce all **Documents** that the **State Law Action States** allege demonstrate that
**Stacey S. Reeves** had the actual authority to make any decision on behalf Avid Telecom;
*i.e.,* not just that she stated a position but that she had the authority to make the decision
and did so on her own without input from Mr. Lansky).

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and
unduly burdensome.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 102 of 139

Plaintiffs object to the term "actual authority" as the term is not defined and calls for a legal conclusion.

Plaintiffs object to this Request as it calls for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to the Request to the extent that is it vague and ambiguous as to whether it is seeking documents containing facts or responding Plaintiffs' application of the law to those facts.

Plaintiffs object to this Request to the extent it seeks factual documents on the grounds that it calls for documents that are in the possession, custody, or control of the Defendants.

Plaintiffs object to this Request to the extent it seeks documents in which responding Plaintiffs applied the law to facts. Documents relating to Plaintiffs' legal conclusions are protected opinion work product and information protected by the deliberative process privilege, attorney-client privilege, law enforcement privilege, as well as the joint prosecution, common interest privilege and the attorney trial preparation, and attorney work product doctrines. Plaintiffs are not withholding any documents based on this privilege objection.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Meet and Confer Issue(s):**

> <u>Objection based on alleged absence of definition of "actual authority"</u>. Plaintiffs' objection that the term "actual authority" is not adequately defined is disingenuous in the extreme given Plaintiffs' repeated use of the similar term "authority to

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 103 of 139

control" in describing Ms. Reeves relationship to Avid. *See, e.g.,* Complaint as para. 14. Without admitting that there is any ambiguity in the term, Plaintiffs should use whatever definition(s) that they used for the term "authority to control" in drafting the Complaint as the definition of "actual authority" for the purpose of producing documents in response to this Request.

<u>Objection based on breadth and burden.</u> Fails for lack of required specificity and content (*See* General Objections above). Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face.

<u>Lack of Clarity Regarding Scope of Production.</u> Plaintiffs do not state whether any documents are being withheld based on any of its several objections. Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 43:**

Please produce all **Documents** that the **Lead Plaintiff States** allege demonstrate that **Stacey S. Reeves** was an employee of Avid Telecom.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to this Request as it calls for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 104 of 139

Plaintiffs object to the Request to the extent that is it vague and ambiguous as to whether it is seeking documents containing facts or responding Plaintiffs' application of the law to those facts.

Plaintiffs object to this Request to the extent it seeks factual documents on the grounds that it calls for documents that are in the possession, custody, or control of the Defendants.

Plaintiffs object to this Request to the extent it seeks documents in which responding Plaintiffs applied the law to facts. Documents relating to Plaintiffs' legal conclusions are protected opinion work product and information protected by the deliberative process privilege, attorney-client privilege, law enforcement privilege, as well as the joint prosecution, common interest privilege and the attorney trial preparation, and attorney work product doctrines. Plaintiffs are not withholding any documents based on this privilege objection.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Meet and Confer Issue(s):**

> <u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  Defendants are clearly entitled to receive documents alleged to evidence that Ms. Reeves was an employee of Avid and there is no reason to believe that producing them would be unduly burdensome.  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face.  If the requested documents are not produced, Defendants will be entitled to an order precluding the use of any documentary evidence on the issue of Ms. Reeves' authority.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 105 of 139

Objection based on relevance.  It is hard to imagine how this objection could have been made in good faith as Plaintiffs specifically allege that Ms. Reeves acted as the Vice President of Avid and, on that basis, that she should be personally liable for activities of the company.  *See* Compliant at para. 14, 71, 405.  Defendants are plainly entitled to full production of responsive documents.

Objection based on vagueness.  It is hard to imagine how this objection could have been made in good faith as Plaintiffs specifically allege that Ms. Reeves acted as the Vice President of Avid and, on that basis, that she should be personally liable for activities of the company. *See* Compliant at para. 14, 71, 405.  This Request clearly and directly seeks documents that support that allegation. Defendants are plainly entitled to full production of responsive documents.

Objection based on breadth and burden.  Fails for lack of required specificity and content (*See* General Objections above).  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face.

Lack of Clarity Regarding Scope of Production.  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 44:**

Please produce all **Documents** that the **State Law Action States** allege demonstrate that **Stacey S. Reeves** was an employee of Avid Telecom.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 106 of 139

Plaintiffs object to extent that "State Law Action State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to this Request as calls for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to the Request to the extent that is it vague and ambiguous as to whether it is seeking documents containing facts or responding Plaintiffs' application of the law to those facts.

Plaintiffs object to this Request to the extent it seeks factual documents on the grounds that it calls for documents that are in the possession, custody, or control of the Defendants.

Plaintiffs object to this Request to the extent it seeks documents in which responding Plaintiffs applied the law to facts. Documents relating to Plaintiffs' legal conclusions are protected opinion work product and information protected by the deliberative process privilege, attorney-client privilege, law enforcement privilege, as well as the joint prosecution, common interest privilege and the attorney trial preparation, and attorney work product doctrines. Plaintiffs are not withholding any documents based on this privilege objection.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Meet and Confer Issue(s):**

Objection based on breadth and burden. Fails for lack of required specificity and content (*See* General Objections above). Defendants are clearly entitled to receive documents alleged to evidence that Ms. Reeves was an employee of Avid and there

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

is no reason to believe that producing them would be unduly burdensome. Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face. If the requested documents are not produced, Defendants will be entitled to an order precluding the use of any documentary evidence on the issue of Ms. Reeves' authority.

Objection based on relevance. It is hard to imagine how this objection could have been made in good faith as Plaintiffs specifically allege that Ms. Reeves acted as the Vice President of Avid and, on that basis, that she should be personally liable for activities of the company. *See* Compliant at para. 14, 71, 405. Defendants are plainly entitled to full production of responsive documents.

Objection based on vagueness. It is hard to imagine how this objection could have been made in good faith as Plaintiffs specifically allege that Ms. Reeves acted as the Vice President of Avid and, on that basis, that she should be personally liable for activities of the company. *See* Compliant at para. 14, 71, 405. This Request clearly and directly seeks documents that support that allegation. Defendants are plainly entitled to full production of responsive documents.

Objection based on breadth and burden. Fails for lack of required specificity and content (*See* General Objections above). Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face.

Lack of Clarity Regarding Scope of Production. Plaintiffs do not state whether any documents are being withheld based on any of its several objections. Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 45:**

Please produce all **Documents** that constitute a conclusion by an agency (*e.g.,* the FCC) or court with jurisdiction that any specific call transited by Avid Telecom was illegal.

**Technology Law Group, L.L.C. ^SM**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 108 of 139

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs object to the Request to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to the phrase "constitutes a conclusion by an agency" to the extent that such phrase is not defined, is vague and ambiguous and not relevant or determinative to the Plaintiffs' causes of action. Responding Plaintiffs interpret the phrase to mean documents which contain information sufficient to support a reasonable belief that a call transited by Avid Telecom was illegal.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, https://www.fcc.gov/robocall-facilitators-must-cease-and-desistsince, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs will not produce any documents because they are equally available to Defendants. *See, e.g.*, Complaint (ECF No. 1) at ¶¶ 110–19, 125; FCC, *Robocall Facilitators Must Cease and Desist*, https://www.fcc.gov/robocall-facilitators-must-cease-and-desist and publicly filed court documents.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 109 of 139

**Meet and Confer Issue(s):**

<u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  Given that Plaintiffs' claims, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face.  If the requested documents are not produced, Defendants will be entitled to an order precluding the use of any evidence regarding FCC decision-making about Avid calls.

<u>Objection based on failure to define the phrase "constitutes a conclusion by an agency."</u>  Plaintiffs' feigned inability to understand the term "constitutes a conclusion by an agency" is absurd.  Plainly that phrase is intended to seek the production of documents that evidence a finding by of illegality by the FCC.  As Plaintiffs improperly rely on the issuance of tracebacks as purported evidence of illegality—which they plainly are not—any evidence supporting the allegation that the FCC has concluded that Defendants have acted illegally is clearly relevant and material.  To the extent that Plaintiffs continue to argue that more definition is required, Defendants state that the phrase "constitutes a conclusion by an agency" include any Memorandum Opinion and Order, Order, or the like issued by the Enforcement Bureau and/or by the full Commission, which contains a conclusion that any specific call transited by Avid Telecom was illegal.

<u>Objection based on use of the term "illegal".</u>  This objection is disingenuous in the extreme as, among other things, that term appears at least 52 times in the Complaint. *See, e.g.,* paras. 8, 19, 20, 23, 24, 25, 26, 34, 43, 45, 46, 62, 73, 77, 79, 80, 82, 83, 84, 85, 87, 88, 93, 94, 98, 99, 100, 102, 104, 105, 106, 109, 110, 114, 115, 116, 173, 179, 188, 201, 220, 287, 299, 302, 303, 317, 318, 319, 320, 321, 330, 331, 333, 343, 356, 371, 383, 400, 401, 403, 405, 412, 416, 430, 433, 435, 437, 456, and 458.  The word "illegal is also featured as in the heading of multiple sections of the Complaint and in the "Prayer for Relief".  Plaintiffs should use whatever definition(s) that they used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in response to this Request.

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 110 of 139

> <u>Objection based on relevance.</u>  It is hard to imagine how this objection could have been made in good faith as Plaintiffs specifically allege that Defendants transited billions of illegal calls.  As the regulatory body with authority to regulate the telecommunications services and carriers at issue, the fact or the absence of an order or the like from the FCC regarding the legality of Defendants operations— especially given the issuance of tracebacks to Avid—plainly meets the standard for discovery relevance.  Defendants are plainly entitled to full production of responsive documents.

> <u>Lack of Clarity Regarding Scope of Production.</u>  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 48:**

Please produce all **Documents**, including without limitation, all press releases, statements to the press or any third party, made by each **Lead Plaintiff State** about any Defendant and/or this Civil Action.

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, and therefore requests records outside the scope of this litigation.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 111 of 139

Plaintiffs object to this Request as overly broad and unduly burdensome, as well as vague and ambiguous, to the extent that it seeks all press releases, statements to the press and any third party without restricting the request to the scope of the subject matter of this litigation.

Plaintiffs object to this Request as it calls for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

The responding Plaintiffs object to the Request, to the extent it is seeking any non- public records, as seeking information protected by the deliberative process privilege, joint prosecution/common interest privilege, law enforcement privilege and the attorney trial preparation and attorney work product doctrines.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

**Meet and Confer Issue(s):**

> <u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  Given that Plaintiffs' claims, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face.  If the requested documents are not produced, Defendants will be entitled to an order precluding the use of any evidence regarding FCC decision-making about Avid calls.

**Technology Law Group, L.L.C. ˢᴹ**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 112 of 139

> <u>Objection based on relevance.</u>  Plaintiffs' public statements regarding the actions undertaken by Avid are directly relevant both as a matter of fact and as a matter of credibility to the extent that they conflict with multiple allegations in the complaint.

> <u>Lack of Clarity Regarding Scope of Production</u>.  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 51:**

Please produce all **Documents**, including without limitation, all press releases, statements to the press or any third party, made by each **State Law Action State** about any Defendant and/or this Civil Action.

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to extent that "State Law Action State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, therefore requests records outside the scope of this litigation.

Plaintiffs object to this Request as overly broad and unduly burdensome, as well as vague and ambiguous, to the extent that it seeks all press releases, statements to the press and any third party without restricting the request to the scope of the subject matter of this litigation.

Plaintiffs object to this Request as it calls for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 113 of 139

The responding Plaintiffs object to the Request, to the extent it is seeking any non- public records, as seeking information protected by the deliberative process privilege, joint prosecution/common interest privilege, law enforcement privilege and the attorney trial preparation and attorney work product doctrines.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

**Meet and Confer Issue(s):**

> Objection based on breadth and burden.  Fails for lack of required specificity and content (*See* General Objections above).  Given that Plaintiffs' claims, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face.  If the requested documents are not produced, Defendants will be entitled to an order precluding the use of any evidence regarding FCC decision-making about Avid calls.

> Objection based on relevance.  Plaintiffs' public statements regarding the actions undertaken by Avid are directly relevant both as a matter of fact and as a matter of credibility to the extent that they conflict with multiple allegations in the complaint.

> Lack of Clarity Regarding Scope of Production.  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state

**Technology Law Group, L.L.C.** [SM]

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 114 of 139

and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 52:**

Please produce all **Documents** utilized by the **Lead Plaintiff States** to calculate the damages calculate the damages forth in the **Complaint** arising out of federal law.

**Response:**

Plaintiffs have no responsive documents as there are no damage calculations set forth in Plaintiffs' Complaint.

**Meet and Confer Issue(s):**

Defendants Request is not limited to damage calculations set forth in the Complaint. Defendant is entitled to all damage calculations regardless of whether they existed at the time that the Complaint was filed and regardless of whether they were reference in the Complaint.

Plaintiff is required to produce responsive documents when they come to exist and may not withhold them pending the service of its expert report. Please confirm that Plaintiffs will meet this obligation.

**Document Request 53:**

Please produce all **Documents** utilized by the **State Law Action State** to calculate the damages set forth in the **Complaint** arising out of state law.

**Response:**

Plaintiffs have no responsive documents as there are no damage calculations set forth in Plaintiffs' Complaint.

**Technology Law Group, L.L.C. ᔆᴹ**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 115 of 139

**Meet and Confer Issue(s):**

Defendants Request is not limited to damage calculations set forth in the Complaint. Defendant is entitled to all damage calculations regardless of whether they existed at the time that the Complaint was filed and regardless of whether they were reference in the Complaint.

Plaintiff is required to produce responsive documents when they come to exist and may not withhold them pending the service of its expert report. Please confirm that Plaintiffs will meet this obligation.

**Requests for Admission**:

General Meet and Confer Issue. FRCP Rule 36 provides that a matter is admitted unless, within 30 days after service of the request, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny.

**30(b)(6) Notices**:

To our knowledge, there is no barrier to taking the deposition of a representative of a governmental authority that is a party to a Complaint. As a general rule, this includes attorneys' general or their staff. At this point, Defendants' only request is for a designation of witnesses with knowledge. Defendants are plainly entitled to those designations. Defendants are prepared to meet and confer regarding the propriety of persons that are designated. Plaintiffs may not refuse wholesale to designate any witnesses with knowledge to address the topics set forth in the notices.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 116 of 139

We have reviewed your objections to our 30(b)(6) deposition notices. For the most part, your objections appear to be nothing more than a boilerplate recitation of every conceivable objection regardless of whether it has any bearing to the content or the subject matter of the request. We fail to see, under the most generous of views, how most of your objections were made in good faith.

For example, in paragraph b); we asked Respondent to identify a person knowledgeable of the facts supporting the "allegation of fact set forth in paragraph 89.gg. of the Complaint that Avid Telecom routed more than 46,375 calls containing unlawful content to phone numbers with North Carolina area codes." By any measure, this topic is extremely narrowly directed to a single representation of fact in a single paragraph of the Complaint. Nonetheless, Plaintiffs objected on the basis the request is:

*Vague*. No explanation is offered as to why this Request is supposedly "vague" and it plainly is not. The Request is specifically tied to the language in paragraph 89.gg. of the Complaint, which alleges Avid Telecom routed over 46,375 calls with unlawful content to North Carolina area codes. The Request merely seeks the identification and designation of a person with knowledge of the facts that support this allegation. It is literally inconceivable how this Request could be less "vague." As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Ambiguous*. No explanation is offered as to why this request is supposedly "ambiguous" and it plainly is not. The Request is specifically tied to the language in paragraph 89.gg. of the Complaint, which alleges Avid Telecom routed over 46,375 calls with unlawful content to North Carolina area codes. The Request merely seeks the identification and designation of a person with knowledge of the facts that support this allegation. The number of calls as well as the terms "routed," "unlawful content," and "North Carolina area codes" were chosen by North Carolina and come directly from the Complaint. It is literally inconceivable as to how this Request could be less "ambiguous". As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should

**Technology Law Group, L.L.C.** [SM]

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 117 of 139

North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Unintelligible*.    No explanation is offered as to why this request is supposedly "unintelligible" and it plainly is not.    The Request merely seeks the identification and designation of a person with knowledge of the facts that support this allegation.    The number of calls as well as the terms "routed," "unlawful content," and "North Carolina area codes" were chosen by North Carolina and come directly from its Complaint. The concept that a Request that is specifically tied to the words used by the State of North Carolina in its Complaint is "unintelligible" is literally the dictionary definition of disingenuous.    As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Fails to Describe the Matters for Examination with Any Reasonable Particularity*. No explanation is offered as to why this request supposedly lacks sufficient "particularity". Under FRCP 30(b)(6), a deposition notice must describe the matters for examination with "reasonable particularity" to allow the organization to designate an appropriate witness. This request meets that standard by pinpointing specific language found in paragraph 89.gg., which alleges specific conduct by Avid Telecom.  The request is not overly general or open-ended; it focuses on a single, well-defined allegation (*i.e.,* 46,375 calls), which plainly enables to understand the knowledge base at issue and thus to identify a witness with relevant knowledge.  As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Overbroad*.    No explanation is offered as to why this request supposedly "overbroad", and it plainly is not. The Request is narrowly tailored to a specific factual allegation in the Complaint. It does not seek information about all of Avid Telecom's operations or unrelated activities but focuses solely on the alleged routing of 46,375 calls with unlawful content to North Carolina area codes. The limited scope of the Request ensures that it is proportional to Defendants' needs. As the State of North Carolina relies

**Technology Law Group, L.L.C.** [SM]

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 118 of 139

heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Unduly Burdensome*.    No explanation (*e.g.,* time or personnel required or cost) is offered as to why this request supposedly "burdensome", let alone "unduly burdensome" and thus is fails on this ground alone. The request is not unduly burdensome because it only asks for the identity of a person knowledgeable about a single, specific allegation. Identifying such a person requires minimal effort. The burden of designating a witness under FRCP 30(b)(6) is a standard litigation obligation. As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Harassing*.    No explanation is provided as to how a Request that merely seek the identification of a fact witness to testify about a specific allegation of fact in Plaintiffs' Complaint could conceivably be "harassing."  The request is not harassing, as it seeks the designation of a witness with knowledge of facts that are directly taken from a material allegation in the Complaint. There is neither evidence nor any reason to believe that the request is intended to annoy, embarrass, or oppress. Requesting the identity of a witness to testify about a material factual claim is a standard discovery practice and does not constitute harassment. As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Oppressive*.  No explanation is provided as to how a Request that merely seek the identification of a fact witness to testify about a specific allegation of fact in Plaintiffs' Complaint could conceivably be "oppressive."  The request is not oppressive because it imposes no excessive or disproportionate burden. It asks for the identification of one individual with knowledge of a specific allegation, which is a routine discovery request. The effort required to comply is minimal compared to the importance of the information

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 119 of 139

in resolving the litigation. As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Not Proportional to the Needs of the Litigation*.   No explanation is provided as to how a Request that merely seek the identification of a fact witness to testify about a single specific allegation of fact in Plaintiffs' Complaint could conceivably not be proportional to the needs of the litigation.   Indeed, if accepted, the claim could result in a damage assessment of nearly 70 million dollars in damages.   This request is proportional because the allegation of fact in paragraph 89.gg. are central to the Plaintiff's claims and the cost of compliance is an infinitesimal portion of the clamed damages. Identifying the PMK for this allegation is critical to understanding the factual basis of the claim and is narrowly tailored to avoid unnecessary burden.

*Exceeds the Scope*.    No explanation is provided as to how a Request that merely seek the identification of a fact witness to testify about a single specific allegation of fact in Plaintiffs' Complaint could conceivably exceed the scope of permitted discovery.  The objection is absurd on its face and appears to have been asserted in bad faith.  As the allegations of fact that underly this Request is found in paragraph 89.gg. the surrounding facts are, by definition, relevant.  The identity of a witness with knowledge has not already been produced. Even if related documents or data were produced, the identity of a witness with knowledge is a distinct discovery request aimed at facilitating deposition testimony, which is separate from document production. As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Already Within Possession/Control of Defendant*.   This objection is plainly asserted in bad faith.  The identity of a witness with knowledge has not already been provided. Even if related documents or data were produced, the identity of a witness with knowledge is a distinct discovery request aimed at facilitating deposition testimony, which is separate from document production. As the State of North Carolina relies heavily on the sustainability of

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 120 of 139

this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Already Produced*.    As Plaintiffs plainly understand, this is not a valid objection to a notice issued under Rule 30(b)(6) and it is plainly asserted in bad faith.  The identity of a witness with knowledge has not already been provided and Defendants are not required to make that identification based on documents produced. As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Attorney-Client Privileged*.    The identity of the PMK (person most knowledgeable) is not protected by attorney-client privilege, which covers confidential communications between a client and attorney for legal advice. The request seeks a factual designation of a person with knowledge of the facts alleged in paragraph 88.gg; it does not seek any privileged communications. Plaintiffs provide no basis to believe that the identification of a witness would implicate such communications.   As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Work-Product*.    The work-product doctrine protects materials prepared in anticipation of litigation. Plaintiffs offer no reason to believe any issue of work product is implicated through these Requests, and, in any event, that is an issue to be handled at the deposition and trial, not in response to a notice under Rule 30(b)(6).  The identity of a witness with knowledge of the facts in paragraph 89.gg. is not work-product, as the subject matter of the Request only involves factual knowledge about the allegation of fact set forth in paragraph 88.gg, not any attorney-created materials. The request does not seek litigation strategies or attorney mental impressions. As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness,

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 121 of 139

Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Common Interest Privilege*.    The common interest privilege applies when parties with a shared legal interest exchange privileged information. Nothing of the sort has happened here and Plaintiffs' objection provides no basis to believe to the contrary.  This request does not implicate such communications, as it only seeks the identity of a witness with factual knowledge about the facts alleged in paragraph 88.gg. As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Deliberative Process Privilege*.    The deliberative process privilege protects internal government decision-making processes. This privilege is irrelevant here, as the request seeks a witness with knowledge of facts about a count of calls allegedly transited by Defendants, nothing more. As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Law Enforcement and Investigations Privileges*.    These privileges protect ongoing law enforcement investigations or sensitive government records. The request does not seek investigative materials or law enforcement records.    Rather, it merely seeks the identification of a witness with knowledge of how a call count was derived.  Any notion that this request implicates an enforcement investigation or sensitive governmental records (the number was included in a publicly filed Complaint) is absurd on its face.  As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

**Technology Law Group, L.L.C.** [SM]

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 122 of 139

*Any Other Applicable Privilege, Immunity, or Protection Against Disclosure*.    No explanation is offered as to which additional privileges North Carolina believes apply and no other privileges (*e.g.,* spousal, clergy, or trade secret protections) appear applicable. The request seeks the identity of a witness with knowledge, is not subject to specialized protections. This objection is yet another example of the baseless, kitchen sink approach to objections taken by Plaintiffs.    If North Carolina believes a specific protection applies (*e.g.,* trade secrets for call-routing data), it must articulate a factual basis, but the identity itself is unlikely to be protected. As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Seeks Legal Theories of the Case*.    No explanation is offered as to why this request supposedly seeks legal theories.  It plainly does not.  The Request does not seek legal theories or conclusions. The Request asks for the identity of the of a *fact* witness with knowledge to testify regarding a specific allegation regarding the number of allegedly illegal calls.  As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Seeks Information About Which North Carolina Has No Direct Knowledge*.    This objection is invalid and troubling.  North Carolina must have had direct knowledge of all of the facts set forth in paragraph 88.99 for it to have made in that paragraph 89.gg of the Complaint in good faith and in consistent with its ethical obligations to the Court.  If North Carolina fails to withdraw this objection immediately, Defendants will have no choice but to assume that North Carolina is admitting that it presented the allegations in paragraph 89.gg without any factual basis.  In that event, Defendants will seek appropriate preclusive rulings as well as sanctions under FRCP Rule 11.  Moreover, as the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 123 of 139

     *Seeks Personally Sensitive, Confidential, or Protected Information.*     North Carolina provides no facts in support of this objection, and it is absurd on its face. The request seeks only the designation of a witness with knowledge, no personally sensitive or confidential information about the individual is sought. Should any actual confidentiality concerns arise, can be addressed through the in-place Protective Order. As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

     *Seeks Information Beyond FRCP, FRE, and Local Rules.*   North Carolina provides no explanation as to why this Request supposedly seeks information beyond the allowed scope of the FRCP, FRE or the Local Rules. To the contrary, the Request complies fully with FRCP 30(b)(6), which allows a party to notice a deposition of an organization and specify the matters for examination. The request is also consistent with FRCP 26(b)(1) (relevance and proportionality) and does not violate FRE or local rules, as it seeks a witness to testify about a factual allegation in the Complaint. No specific rule violation is apparent. As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

     *Premature: Wait for Expert Disclosures.*    The request is not premature, as it seeks a fact witness to provide *fact* testimony under FRCP 30(b)(6), not an expert witness to provide expert (*opinion*) testimony under FRCP 26(a)(2). The allegation in paragraph 89.gg. involves factual matters (call routing, unlawful content, North Carolina area codes), which are appropriate for a fact witness deposition at any stage of discovery. Expert disclosures are irrelevant to this Request. As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

**Technology Law Group, L.L.C.** [SM]

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 124 of 139

*Not Suited for Oral Testimony*.    North Carolina provides no explanation as to why this Request is not well-suited for oral testimony.  FRCP 30(b)(6) expressly contemplates deposing a corporate representative to testify about matters within the organization's knowledge. The allegation in paragraph 89.gg. involves specific factual claims about call routing, which a fact witness can address through testimony. Indeed, it is only the back and forth available through oral testimony that will allow Defendants to understand the basis of the allegations of fact set forth in paragraph 88.gg.  Written discovery (*e.g.,* interrogatories) following the deposition might complement this request, but oral testimony is an appropriate and standard method to explore facts of this nature. As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

The burden of proving the validity of an objection (if challenged) is on the objecting party. *Cornet Stores v. Superior Court*, 108 Ariz. 84, 86 (1972).  Plaintiffs' objections do not come close to meeting this standard.

### Requests for Admission

We believe that a number of your responses to these requests are false and, likely, knowingly false.  Rule 37 of the Arizona Rules of Civil Procedure outlines other potential sanctions for discovery abuses, which can include: (i) Prohibiting the use of certain witnesses or exhibits at trial; (ii) Striking a pleading or a claim or defense; (iii) Entering a default judgment; (iv) Assessing reasonable attorneys' fees, costs, and expenses against the offending party; and (v) civil penalties, including monetary ones.

**Request for Admission No. 1:**

Please admit that none of the **Lead Plaintiff States** have facts that support the allegation that Mr. Lansky had **Actual Knowledge,** *at the time that it transited the Avid Telecom network,* that any specific call was illegal.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 125 of 139

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No. 1.

**Meet and Confer Issue(s):**

We believe that this Response is false. Among other things unless Defendants actually initiated a call and/or selected the party be called, neither of which ever occurred, it would be literally impossible for Defendants to have **Actual Knowledge,** *at the time that the call transited the Avid Telecom network,* that any specific call was illegal. Demand is made that Plaintiffs either correct this Response to the affirmative or that it identify the facts that support the allegation that Mr. Lansky had **Actual Knowledge,** *at the time that it transited the Avid Telecom network,* that any specific call was illegal. As such, your denial cannot be true. Demand is made that Plaintiffs either revise their Response to "admit" or that Plaintiffs explain how Defendants could have had **Actual Knowledge,** *at the time it transited the Avid Telecom network,* that any specific call was illegal.

**Request for Admission No. 2:**

Please admit that none of the **State Law Action States** have facts that support the allegation that Mr. Lansky had **Actual Knowledge,** *at the time that it transited the Avid Telecom network,* that any specific call transited by Avid Telecom was illegal.

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No. 2.

**Meet and Confer Issue(s):**

We believe that this Response is false. Among other things unless Defendants actually initiated a call and/or selected the party be called, neither of which ever

**Technology Law Group, L.L.C.** [SM]

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 126 of 139

occurred, it would be literally impossible for Defendants to have **Actual Knowledge,** *at the time that the call transited the Avid Telecom network,* that any specific call was illegal.  Demand is made that Plaintiffs either correct this Response to the affirmative or that it identify the facts that support the allegation that Mr. Lansky had **Actual Knowledge,** *at the time that it transited the Avid Telecom network,* that any specific call was illegal. As such, your denial cannot be true. Demand is made that Plaintiffs either revise their Response to "admit" or that Plaintiffs explain how Defendants could have had **Actual Knowledge,** *at the time it transited the Avid Telecom network,* that any specific call was illegal.

**Request for Admission No. 3:**

Please admit that none of the **Lead Plaintiff States** have facts that support the allegation that Mr. Lansky had **Actual Knowledge** that any specific call transited by Avid Telecom was illegal.

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No. 3.

**Meet and Confer Issue(s):**

We believe that this Response is false.  Among other things unless Defendants actually initiated a call and/or selected the party be called, neither of which ever occurred, it would be literally impossible for Defendants to have **Actual Knowledge,** *at the time that the call transited the Avid Telecom network,* that any specific call was illegal.  Demand is made that Plaintiffs either correct this Response to the affirmative or that it identify the facts that support the allegation that Mr. Lansky had **Actual Knowledge,** *at the time that it transited the Avid Telecom network,* that any specific call was illegal. As such, your denial cannot be true. Demand is made that Plaintiffs either revise their Response to "admit" or that Plaintiffs explain how Defendants could have had **Actual Knowledge,** *at the time it transited the Avid Telecom network,* that any specific call was illegal.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 127 of 139

**Request for Admission No. 4:**

Please admit that none of the **State Law Action States** have facts that support the allegation that Mr. Lansky had **Actual Knowledge** that any specific call transited by Avid Telecom was illegal.

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No. 4.

**Meet and Confer Issue(s):**

> We believe that this Response is false.  Among other things unless Defendants actually initiated a call and/or selected the party be called, neither of which ever occurred, it would be literally impossible for Defendants to have **Actual Knowledge,** *at the time that the call transited the Avid Telecom network,* that any specific call was illegal.  Demand is made that Plaintiffs either correct this Response to the affirmative or that it identify the facts that support the allegation that Mr. Lansky had **Actual Knowledge,** *at the time that it transited the Avid Telecom network,* that any specific call was illegal. As such, your denial cannot be true. Demand is made that Plaintiffs either revise their Response to "admit" or that Plaintiffs explain how Defendants could have had **Actual Knowledge,** *at the time it transited the Avid Telecom network,* that any specific call was illegal.

**Request for Admission No. 5:**

Please admit that no regulatory authority in any of the **Lead Plaintiff States** has determined any call associated with the **Complaint** to be illegal.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 128 of 139

**Response:**

Plaintiffs object to the term "regulatory authority" to the extent that it is undefined and vague.

Plaintiffs object to the term "determined" to the extent that it is undefined and vague.

Plaintiffs object to the phrase, "call associated with the Complaint" as vague and overbroad.

Plaintiffs object to Defendants' Request as the term "illegal" is not defined and to the extent that it calls for legal conclusions or requires Plaintiffs to undertake legal research for Defendants or to analyze or organize factual evidence for Defendants.

Plaintiffs object to the term "Lead Plaintiff States" as defined by Defendant as factually incorrect, overbroad, and unduly burdensome, and to the extent that it purports to enlarge, expand, or in any way alter the plain meaning and scope of the Federal Rules of Civil Procedure. State attorneys general are the Plaintiffs who brought this action and are responding to the Request. State attorneys general construe this term to refer to the units, departments, or subdivisions known to have been involved in this action or underlying investigation.

Plaintiffs object to this Request to the extent that it suggests that a determination of illegality by a regulatory authority regarding a call associated with the Complaint is required for a successful claim under Plaintiffs' causes of action.

Plaintiffs object to this Request as not proportional to the needs of the case, calling for Plaintiffs to confer with an indefinite number of state and federal courts and agencies as to whether they ever determined that any of the calls associated with the Complaint were illegal. Subject to this objection, responding Plaintiffs have conducted a diligent search of the records available to them and are without knowledge. Therefore, Plaintiffs are unable to admit or deny whether any third-party regulators have determined that any call associated with the Complaint is illegal.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 129 of 139

Plaintiffs object to the term "determined" to the extent that it is undefined and vague.

Plaintiffs object to the phrase, "call associated with the Complaint" as vague and

**Meet and Confer Issue(s):**

Plaintiffs' objections are disingenuous and without merit.  Plaintiffs' entire case is predicated on the allegation that Defendants' must have known that they were transiting illegal calls because there were *allegations* that the calls that came to their network from third parties were illegal.  Defendants are entitled to an admission that not a single regulatory authority in any of the Lead Plaintiff States has ever determined any call associated with the **Complaint** to be illegal.

With respect to the specific objections:

<u>Objection based on failure to define term "regulatory authority", "determined" "call associated with the Complaint.</u>" Given that each of these terms is well understood, these objections are absurd and border on the frivolous.  However, to obtain a response, the following clarifications are provided.  The term "regulatory authority" includes any governmental authority with the authority to regulate telecommunications or any other matter relevant to the legal claims set forth in the Complaint.  The term "determined" is defined to mean, "to find out or come to a decision by investigation or other means." Finally, the term "call associated with the Complaint" is defined to include any and all calls which Plaintiffs allege to have been illegal.

<u>Objection based on use of the term "illegal".</u>  This objection is disingenuous in the extreme as, among other things, that term appears at least 52 times in the Complaint. *See, e.g.,* paras. 8, 19, 20, 23, 24, 25, 26, 34, 43, 45, 46, 62, 73, 77, 79, 80, 82, 83, 84, 85, 87, 88, 93, 94, 98, 99, 100, 102, 104, 105, 106, 109, 110, 114, 115, 116, 173, 179, 188, 201, 220, 287, 299, 302, 303, 317, 318, 319, 320, 321, 330, 331, 333, 343, 356, 371, 383, 400, 401, 403, 405, 412, 416, 430, 433, 435, 437, 456, and 458.  The word "illegal is also featured as in the heading of multiple sections of the Complaint and in the "Prayer for Relief".  Plaintiffs should use whatever definition(s) that they

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 130 of 139

      used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in response to this Request.

**Request for Admission No. 6:**

Please admit that no regulatory authority in any of the **State Law Action States** has determined any call associated with the **Complaint** to be illegal.

**Response:**

Plaintiffs object to the term "regulatory authority" to the extent that it is undefined and vague overbroad.

Plaintiffs object to Defendants' Request as the term "illegal" is not defined and to the extent that it calls for legal conclusions or requires Plaintiffs to undertake legal research for Defendants or to analyze or organize factual evidence for Defendants.

Plaintiffs object to the term State Law Action States as defined by Defendant as factually incorrect, overbroad, and unduly burdensome, and to the extent that it purports to enlarge, expand, or in any way alter the plain meaning and scope of the Federal Rules of Civil Procedure. State attorneys general are the Plaintiffs who brought this action and are responding to the Request. State attorneys general construe this term to refer to the units, departments, or subdivisions known to have been involved in this action or underlying investigation.

Plaintiffs object to this Request to the extent that it suggests that a determination of illegality by a regulatory authority regarding a call associated with the Complaint is required for a successful claim under Plaintiffs' causes of action.

Plaintiffs object to this Request as not proportional to the needs of the case, calling for Plaintiffs to confer with an indefinite number of state and federal courts and agencies as to whether they ever determined that any of the calls associated with the Complaint were illegal. Subject to this objection, responding Plaintiffs have conducted a diligent search of the records available to them and are without knowledge. Therefore, Plaintiffs are unable

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 131 of 139

to admit or deny whether any third-party regulators have determined that any call associated with the Complaint is illegal.

**Meet and Confer Issue(s):**

> Plaintiffs' objections are disingenuous and without merit. Plaintiffs' entire case is predicated on the allegation that Defendants' must have known that they were transiting illegal calls because there were *allegations* that the calls that came to their network from third parties were illegal. Defendants are entitled to an admission that not a single regulatory authority in any of the Lead Plaintiff States has ever determined any call associated with the **Complaint** to be illegal.

**Request for Admission No. 7:**

Please admit that none of the **Lead Plaintiff States** have **Direct Evidence** from the **Customer of Record** that allegedly received a call associated with the **Complaint** evidencing that the **Customer of Record** had not agreed to receive that call.

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No. 7.

**Meet and Confer Issue(s):**

> We believe that this Response is false. Demand is made that that Plaintiffs either revise their Response to "admit" or that Plaintiffs identify the Customers of Record who told Plaintiffs that they had not agreed to receive that call associated with the Complaint.

**Request for Admission No. 8:**

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 132 of 139

Please admit that none of the **State Law Action States** have **Direct Evidence** from the **Customer of Record** that allegedly received a call associated with the **Complaint** evidencing that the **Customer of Record** had not agreed to receive that call.

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No. 8.

**Meet and Confer Issue(s):**

> We believe that this Response is false. Demand is made that that Plaintiffs either revise their Response to "admit" or that Plaintiffs identify the Customers of Record who told Plaintiffs that they had not agreed to receive that call associated with the Complaint.

**Request for Admission No. 9:**

Please admit that none of the **Lead Plaintiff States** have **Direct Evidence** that any telephone number associated with the **Complaint** that was allegedly on the Do Not Call List was a residential (home) customer.

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No. 9.

**Meet and Confer Issue(s):**

> We believe that this Response is false. Demand is made that that Plaintiffs either revise their Response to "admit" or that Plaintiffs identify the telephone number(s) associated with the **Complaint** that was allegedly on the Do Not Call List that was a residential (home/personal) number.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 133 of 139

**Request for Admission No. 10:**

Please admit that none of the **State Law Action States** have **Direct Evidence** that any telephone number associated with the **Complaint** that was allegedly on the Do Not Call List was a residential (home) customer.

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No. 10.

**Meet and Confer Issue(s):**

> We believe that this Response is false. Demand is made that that Plaintiffs either revise their Response to "admit" or that Plaintiffs identify the telephone number(s) associated with the **Complaint** that was allegedly on the Do Not Call List that was a residential (home/personal) number.

**Request for Admission No. 11:**

Please admit that none of the calls associated with a **Traceback** issued to Avid Telecom was determined by the FCC Enforcement Bureau to be an illegal robocall.

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No. 11.

**Meet and Confer Issue(s):**

> We believe that this Response is false. Demand is made that that Plaintiffs either revise their Response to "admit" or that Plaintiffs identify the calls associated with a **Traceback** issued to Avid Telecom was ***determined by the FCC Enforcement Bureau*** to be an illegal robocall.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 134 of 139

**Request for Admission No. 12:**

Please admit that none of the calls associated with a **Traceback** issued to Avid Telecom was determined by any other state or federal law enforcement authority or agency with jurisdiction to be an illegal robocall.

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No. 12.

**Meet and Confer Issue(s):**

> We believe that this Response is false. Demand is made that that Plaintiffs either revise their Response to "admit" or that Plaintiffs identify the calls associated with a **Traceback** issued to Avid Telecom was ***determined by*** state or federal law enforcement authority or agency with jurisdiction to be an illegal robocall.to be an illegal robocall.

**Request for Admission No. 13:**

Please admit that none of the **Lead Plaintiff States** have **Direct Evidence** that Avid Telecom had an agreement to provide any telecommunications service to the person or entity that was selling or marketing the underlying product or service identified in the call (*e.g.,* a warranty service provider).

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No.13.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 135 of 139

**Meet and Confer Issue(s):**

> We believe that this Response is false.  Demand is made that that Plaintiffs either revise their Response to "admit" or that Plaintiffs identify the agreement(s) under which Defendants agreed provide any telecommunications service to the person or entity that was selling or marketing the underlying product or service identified in the call (*e.g.,* a warranty service provider).

**Request for Admission No. 14:**

Please admit that none of the **State Law Action States** have **Direct Evidence** that Avid Telecom had an agreement to provide any telecommunications service to the person or entity that was selling or marketing the underlying product or service identified in the call (*e.g.,* a warranty service provider).

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No. 14.

**Meet and Confer Issue(s):**

> We believe that this Response is false.  Demand is made that that Plaintiffs either revise their Response to "admit" or that Plaintiffs identify the agreement(s) under which Defendants agreed provide any telecommunications service to the person or entity that was selling or marketing the underlying product or service identified in the call (*e.g.,* a warranty service provider).

**Request for Admission No. 18:**

Please admit that none of the **Lead Plaintiff States** sought or received permission directly from customers of **YouMail** to utilize their data.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 136 of 139

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs admit Request No. 18 to the extent that responding Plaintiffs did not directly receive permission from YouMail subscribers. Lead Plaintiff States relied on the YouMail Terms of Use Agreement. *See* YouMail, *YouMail Terms of Use Agreement*, https://www.youmail.com/terms (Section 5, "YouMail As Your Agent").

**Meet and Confer Issue(s):**

> We accept your admission, but not that the YouMail Terms and Conditions allow for the scraping of personal voicemail data or the delivery of those data to third parties, including Plaintiffs, presumably through misuse of interstate wires.

**Request for Admission No. 19:**

Please admit that some of the data utilized by the **State Law Action States** in the **Complaint** was obtained from customers of **YouMail**.

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs admit Request No. 19, to the extent that certain data referenced in the Complaint involved calls placed to YouMail subscribers.

**Meet and Confer Issue(s):**

> We accept your admission, but not that the YouMail Terms and Conditions allow for the scraping of personal voicemail data or the delivery of those data to third parties, including Plaintiffs, presumably through use of the interstate wires.

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 137 of 139

**Request for Admission No. 20:**

Please admit that none the **State Law Action States** sought or received permission directly from customers of **YouMail** to utilize their data.

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs admit Request No. 20, to the extent that responding Plaintiffs did not directly receive permission from YouMail subscribers. Responding Plaintiffs relied on the YouMail Terms of Use Agreement. *See* YouMail, *YouMail Terms of Use Agreement*, https://www.youmail.com/terms (Section 5, "YouMail As Your Agent").

**Meet and Confer Issue(s):**

> We accept your admission, but not that the YouMail Terms and Conditions allow for the scraping of personal voicemail data or the delivery of those data to third parties, including Plaintiffs, presumably through use of the interstate wires.

**Request for Admission No. 22:**

Please admit that none of the **Lead Plaintiff States** have evidence that the person or entity that recorded the calls had provided consent to record, where required (*i.e.,* in states requiring two party consent), to record those calls.

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No. 22.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 138 of 139

**Meet and Confer Issue(s):**

> We believe that this Response is false. Demand is made that that Plaintiffs either revise their Response to "admit" or that Plaintiffs identify the person or entity that recorded the calls had consent, where required (*i.e.,* in states requiring two party consent), to record those calls.

**Request for Admission No. 24:**

Please admit that none of the **State Law Action States** know whether the person or entity that recorded the calls had consent, where required (*i.e.,* in states requiring two party consent), to record those calls.

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No. 24.

**Meet and Confer Issue(s):**

> We believe that this Response is false. Demand is made that that Plaintiffs either revise their Response to "admit" or that Plaintiffs identify the person or entity that recorded the calls had consent, where required (*i.e.,* in states requiring two party consent), to record those calls.

**Request for Admission No. 29:**

Please admit that the **Lead Plaintiff States** have no **Direct Evidence** that **Stacey Reeves** was an employee of Avid Telecom (*i.e.,* that she received a W-2 for federal tax purposes).

**Response**:

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No. 29.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 139 of 139

**Meet and Confer Issue(s):**

We believe that this Response is false.  Demand is made that that Plaintiffs either revise their Response to "admit" or that Plaintiffs identify the facts evidencing that Ms. Reeves was a lawful employee of Avid Telecom.

**Request for Admission No. 30:**

Please admit that the **Lead Plaintiff States** have no **Direct Evidence** that **Stacey Reeves** had the authority to bind Avid Telecom to any statement or action.

**Response**:

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No. 30.

**Meet and Confer Issue(s):**

We believe that this Response is false.  Demand is made that that Plaintiffs either revise their Response to "admit" or that Plaintiffs identify the facts evidencing that Ms. Reeves had the authority to bind Avid Telecom to any statement or action.

Your substantive written response to each of the issues set forth in this letter is requested by Thursday, July 24, 2025.  We request that we be provided with a separate response from each Lead State Plaintiff and from each State Law Claim Plaintiff or that each Lead State Plaintiff and each State Law Claim Plaintiff provide a certification that it agrees with and adopts all aspects of the written response.

Very truly yours,

__/s/ Neil S. Ende_____
Neil S. Ende
Greg L. Taylor

cc:  Lead Plaintiff State AGs