Exhibit III

## Defendants' 30(b)(6) Notices

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
 dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) |
| | )  NO. CV-23-00233-TUC-CKJ |
| Plaintiffs, | ) ) |
| v. | ) ) |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) ) |
| Defendants. | ) |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Arizona (the "Arizona Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegation in paragraph 89.b of the Complaint that Avid Telecom routed more than 28,790 calls containing unlawful content to phone numbers with Arizona area codes.

b) The allegation in paragraph 93.u of the Complaint regarding illegally spoofed calling to "Do Not Originate Numbers".

c) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

e) The person(s) associated with the Arizona Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

f) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Arizona Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Arizona Attorney General is located at 2005 N Central Ave Phoenix, AZ 85004-1545.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.


By:

_____
Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015


Dated: April 22, 2025            *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:

Alyse Meislik (AZ Bar No. 024052)
Dylan Jones (AZ Bar No. 034185)
Laura Dilweg (AZ Bar No. 036066)
Sarah Pelton (AZ Bar No. 039633)
Assistant Attorneys General
Arizona Attorney General's Office
2005 North Central Avenue
Phoenix, AZ 85004
Phone: (602) 542-3725
Fax: (602) 542-4377
consumer@azag.gov
alyse.meislik@azag.gov
dylan.jones@azag.gov
laura.dilweg@azag.gov sarah.pelton@azag.gov
*Attorneys for Plaintiff State of Arizona*

/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Indiana (the "Indiana Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The specific allegations of fact set forth in paragraphs 487-492.

c) The allegation in paragraph 89.n. of the Complaint that Avid Telecom routed more than 3,225 calls containing unlawful content to phone numbers with Indiana area codes.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

e) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

f) The person(s) associated with the Indiana Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

g) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Indiana Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Indiana Attorney General is located at Indiana Govt. Center South, 5th Fl., 302 W. Washington St., Indianapolis, IN 46204-2770.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.

By:

_____

Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015

Dated: April 22, 2025          *Attorneys for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that a true and correct copy of the foregoing Notice of

Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of

record referenced below this 22nd day of April 2025:


Douglas S. Swetnam (IN Bar No. 15860-49)
Thomas L. Martindale (IN Bar No.29706-64)
Deputy Attorneys General
Office of the Indiana Attorney General
Todd Rokita
Indiana Govt. Center South, 5th Fl.
302 W. Washington St.
Indianapolis, IN 46204-2770
Phone:    (317) 232-6294 (Swetnam)
              (317) 232-7751 (Martindale)
Fax:      (317) 232-7979
douclas.swetnam@atg.in.gov
thomas.martindale@atg.in.gov
*Attorneys for Plaintiff State of Indiana*


/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, | ) | |
| Attorney General; et al., | ) | |
| | ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Michael D. Lansky, L.L.C., | ) | |
| dba Avid Telecom et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of North Carolina (the " North Carolina Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation of fact set forth in paragraphs 89.gg. of the complaint that Avid Telecom routed more than 46,375 calls containing unlawful content to phone numbers with North Carolina area codes.

c) The specific allegations of fact set forth in paragraphs 564-567 of the complaint.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

e) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

f) The person(s) associated with the North Carolina Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

g) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the North Carolina Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the North Carolina Attorney General is located at P.O. Box 629, Raleigh, North Carolina 27602.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.


By:

_____
Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015


Dated: April 22, 2025          *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:


Tracy Nayer (NC Bar No. 36964)
Rochelle Sparko (NC Bar No. 38528)
Special Deputy Attorneys General North Carolina Department of Justice Consumer Protection Division
P.O. Box 629
Raleigh, North Carolina 27602
Phone:  (919) 716-6000
Fax:    (919) 716-6050
tnayer@ncdoj.gov rsparko@ncdoj.gov
*Attorneys for Plaintiff State of North Carolina*

/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) |
| | )    NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) ) |
| v. | ) ) |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) ) |
| Defendants. | ) |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of

Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid

Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Ohio (the

"Ohio Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the

following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation of fact set forth in paragraphs 89.ii. of the complaint that Avid Telecom routed more than 36,890 calls containing unlawful content to phone numbers with Ohio area codes.

c) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

e) The person(s) associated with the Ohio Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

f) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Ohio Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Ohio Attorney General is located 30 East Broad Street, 14th Floor, Columbus, OH 43215.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.


By:

_____

Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015


Dated: April 22, 2025          *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:


Erin B. Leahy (OH Bar No. 0069509)
Senior Assistant Attorney General
Office of Attorney General Dave Yost
30 East Broad Street, 14th Fl.
Columbus, OH 43215
*Erin.Leahy@OhioAGO.gov*
*Attorney for Plaintiff State of Ohio*

/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, | ) | |
| Attorney General; et al., | ) | |
| | ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Michael D. Lansky, L.L.C., | ) | |
| dba Avid Telecom et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of California (the "California Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation of fact set forth in paragraphs 89.d. of the complaint that Avid Telecom routed more than 80,989 calls containing unlawful content to phone numbers with California area codes.

c) The allegations in paragraph 460 of the Complaint.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

e) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

f) The person(s) associated with the California Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

g) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the California Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the California Attorney General is located at 300 S. Spring St., Suite 1702, Los Angeles, CA 90013.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc.*, No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.


By:

_____
Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015


Dated: April 22, 2025          *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:

Nicklas A. Akers (CA Bar No. 211222)
Senior Assistant Attorney General
Bernard A. Eskandari (CA Bar No. 244395)
Supervising Deputy Attorney General
Timothy D. Lundgren (CA Bar No. 254596)
Rosailda Perez (CA Bar No. 284646)
Michelle Burkart (CA Bar No. 234121)
Deputy Attorneys General
Office of the California Attorney General
300 S. Spring St., Suite 1702
Los Angeles, CA 90013
Phone: (415) 510-3364
Fax:    (916) 731-2146
nicklas.akers@doj.ca.gov
bernard.eskandari@doj.ca.gov
timothy.lundgren@doj.ca.gov
rosailda.perez@doj.ca.gov
michelle.burkart@doj.ca.gov
*Attorneys for Plaintiff People of the State
of California*

/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, | ) | |
| Attorney General; et al., | ) | |
| | ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Michael D. Lansky, L.L.C., | ) | |
| dba Avid Telecom et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Florida (the "Florida Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation in paragraph 89.i. of the Complaint that Avid Telecom routed more than 91,989 calls containing unlawful content to phone numbers with Florida area codes.

c) The allegations in paragraph 472-488 of the Complaint.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

e) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

f) The person(s) associated with the Florida Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

g) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Florida Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Florida Attorney General is located at PL-01, The Capitol, Tallahassee, FL 32339.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at \*22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at \*9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at \*3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at \*2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at \*2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.

By:

_____
Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015

Dated: April 22, 2025          *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:

Patrick Crotty (FL Bar No. 108541)
Special Counsel, Asst. Attorney General
Miles Vaughn (FL Bar No. 1032235)
Assistant Attorney General
Office of the Florida Attorney General
Consumer Protection Division
3507 E.Frontage Rd, Suite 325
Tampa, FL 33607
Phone: (813) 287-7950
Fax:    (813) 281-5515
patrick.crotty@myfloridalegal.com
miles.vaughn@myfloridalegal.com
*Attorneys for Plaintiff Ashley Moody,*
*Attorney General of the State of Florida*


/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, | ) | |
| Attorney General; et al., | ) | |
| | ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Michael D. Lansky, L.L.C., | ) | |
| dba Avid Telecom et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Maryland (the "Maryland Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a)  The allegations of fact set forth in paragraphs 19-630 of the complaint.

b)  The allegation of fact set forth in paragraphs 89.t. of the complaint that Avid Telecom routed more than 27,097 calls containing unlawful content to phone numbers with Maryland area codes.

c)  The specific allegations of fact set forth in paragraphs 496-503.

d)  Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

e)  Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

f)  The person(s) associated with the Maryland Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

g)  Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Maryland Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Maryland Attorney General is located at 200 St. Paul Place, Baltimore, MD 21202.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.

By:

_____

Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015

Dated: April 22, 2025          *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:

Philip Ziperman (Fed. Bar No. 12430)
Deputy Counsel
Office of the Attorney General
200 St. Paul Place
Baltimore, MD 21202
Phone:(410)576-6417
Fax:    (410) 576-6566
pziperman@oag.state.md.us
*Attorney for Plaintiff Maryland Office of the Attorney General*

/s/ Silsa Cabezas
_____

Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Nevada (the "Nevada Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation of fact set forth in paragraphs 89.bb. of the complaint that Avid Telecom routed more than 13,990 calls containing unlawful content to phone numbers with Nevada area codes.

c) The specific allegations of fact set forth in paragraphs t15, 521, 524-534

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

e) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

f) The person(s) associated with the Nebraska Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

g) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Nebraska Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Nevada Attorney General is located at 100 North Carson Street, Carson City, NV 89701-4717.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

3

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.

By:

_____
Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015

Dated: April 22, 2025          *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:

Michelle C. Badorine (NV Bar No.13206)
Senior Deputy Attorney General
Office of the Nevada Attorney General
Bureau of Consumer Protection
100 North Carson Street
Carson City, NV 89701-4717
Phone: (775) 684-1164
Fax:    (775) 684-1299
MBadorine@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, | ) | |
| Attorney General; et al., | ) | |
| | ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Michael D. Lansky, L.L.C., | ) | |
| dba Avid Telecom et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of New York (the "New York Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation of fact set forth in paragraphs 89.ff. of the complaint that Avid Telecom routed more than 79,558 calls containing unlawful content to phone numbers with New York area codes.

c) The specific allegations of fact set forth in paragraphs 556-557 of the complaint.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

e) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

f) The person(s) associated with the New York Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

g) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the New York Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the New York Attorney General is located at 28 Liberty Street, New York, NY 10005.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

3

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.

By:

_____
Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015

Dated: April 22, 2025          *Attorneys for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:

Glenna Goldis (NY Bar No.4868600)
Assistant Attorney General
Office of the New York State Attorney
General
28 Liberty Street
New York, NY 10005
Phone: (646) 856-3697
Glenna.goldis@ag.ny.gov
*Attorney for Plaintiff Office of the*
*Attorney General of the State of New*
*York*

/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of North Dakota  (the " North Dakota Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation of fact set forth in paragraphs 89.hh. of the complaint that Avid Telecom routed more than 275 calls containing unlawful content to phone numbers with North Dakota area codes.

c) The specific allegations of fact set forth in paragraphs 578-580 and 585-587 of the complaint.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

e) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

f) The person(s) associated with the North Dakota Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

g) Defendants reserve the right to supplement this Notice at a future date.

2

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the North Dakota Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the North Dakota Attorney General is located at 1720 Burlington Drive, Suite C, Bismarck, ND 58504-7736.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at \*22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at \*9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at \*3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at \*2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at \*2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.


By:

_____

Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015


Dated: April 22, 2025          *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:


Elin S. Alm (ND Bar No. 05924)
Christopher Glenn Lindblad (ND Bar No. 06480)
Assistant Attorneys General
Office of North Dakota Attorney General
Consumer Protection & Antitrust
Division
1720 Burlington Drive, Suite C
Bismarck, ND 58504-7736
Phone: (701) 328-5570
Fax:    (701) 328-5568
ealm@nd.gov
clindblad@nd.gov
*Attorneys for Plaintiff State of North Dakota*

/s/ Silsa Cabezas

_____

Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, | ) | |
| Attorney General; et al., | ) | |
| | ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Michael D. Lansky, L.L.C., | ) | |
| dba Avid Telecom et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Rhode Island (the "Rhode Island Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation of fact set forth in paragraphs 89.mm. of the complaint that Avid Telecom routed more than 3,031 calls containing unlawful content to phone numbers with Rhode Island area codes.

c) The specific allegations of fact set forth in paragraphs 597, 603-606

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

e) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

f) The person(s) associated with the Rhode Island Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

g) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Rhode Island Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Rhode Island Attorney General is located at 150 S. Main Street, Providence, RI 02903.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc.*, No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.


By:

_____

Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015


Dated: April 22, 2025          *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of

Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of

record referenced below this 22nd day of April 2025:

Stephen N. Provazza (RI Bar No. 10435)
Special Assistant Attorney General
Rhode Island Office of the Attorney General
150 S. Main Street
Providence, RI 02903
Phone: (401) 274-4400, ext. 2476
Fax:   (401) 222-1766
sprovazza@riag.ri.gov

*Attorney for Plaintiff State of Rhode Island,*
*By Attorney General Peter Neronha*

/s/ Silsa Cabezas
_____

Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Washington (the "Washington Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation of fact set forth in paragraphs 89.tt. of the complaint that Avid Telecom routed more than 2,737 calls containing unlawful content to phone numbers with Washington area codes.

c) The specific allegations of fact set forth in paragraphs 609-10, 613-615.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

e) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

f) The person(s) associated with the Washington Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

g) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Washington Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Washington State Attorney General is located at 800 Fifth Avenue, Suite 2000, Seattle, WA 98104.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.


By:

_____

Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015


Dated:  April 22, 2025                   *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:

Alexandra Kory (WA Bar No. 49889)
Mina Shahin (WA Bar No. 46661)
Assistant Attorneys General
Washington State Attorney General's Office
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Phone: (206) 516-2997 (Kory)
(206) 326-5485 (Shahin)
Fax:   (206) 464-6451
Alexandra.Kory@atg.wa.gov
Mina.Shahin@atg.wa.gov
*Attorney for Plaintiff State of Washington*

/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Wisconsin (the "Wisconsin Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation of fact set forth in paragraphs 89.vv. of the complaint that Avid Telecom routed more than 11,692 calls containing unlawful content to phone numbers with Wisconsin area codes.

c) The specific allegations of fact set forth in paragraphs 618, 620-624, 627-630

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

e) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

f) The person(s) associated with the Wisconsin Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

g) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Wisconsin Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Wisconsin State Attorney General is located at P.O. Box 7857, Madison, WI 53707-7857.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.


By:

_____
Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015


Dated: April 22, 2025          *Attorneys for Plaintiffs*

## <u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:

Gregory A. Myszkowski (WI Bar No. 1050022)
Assistant Attorney General
Wisconsin Department of Justice
P.O. Box 7857
Madison, WI 53707-7857
Phone: (608) 266-7656
Fax:     (608) 294-2907
myszkowskiga@doj.state.wi.us
*Attorney for Plaintiff State of Wisconsin*

/s/ Silsa Cabezas
_____
Silsa Cabezas