IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, *ex rel.* Kristin K. Mayes, Attorney General; *et al.*,<br><br>        Plaintiffs,<br>v.<br><br>Michael D. Lansky, L.L.C., dba Avid Telecom; *et al.*,<br><br>        Defendants. | No. CIV 23-233-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is the Motion to Revise Discovery Schedule Pursuant to Rule 54(b) ("Motion") (Doc. 121) filed by Defendants Michael D. Lansky, *et al* ("Defendants" or "Avid"). Plaintiffs State of Arizona, *ex rel*. Kristin K. Mayes, *et al*. ("Plaintiffs" or "AGs") have filed a response (Doc. 127) and Avid has filed a reply (Doc. 137).

*Procedural History*

On August 22, 2024, this Court ordered the parties to each "file a detailed case management plan proposing its intended discovery, explaining both its necessary scope and time constraints." August 22, 2024, Order (Doc. 54, p. 3). In their filing, the AGs stated:

> The discovery relevant to the federal claims, Counts I through V, will largely be the same for all Plaintiffs as to the Defendants' business practices, conduct and knowledge or deliberate ignorance of the illegal robocalls at issue. The discovery needed for the federal claims will also be relevant to many of the state law claims alleged. Some of the state law counts can be proven, in whole or part, upon a finding of a violation of the federal counts or supported by substantially similar evidence.

AGs' Case Management Plan (Doc. 89, p. 2). The AGs proposed each side be permitted to

conduct 20 depositions, but did not request any other substantive changes to the limits provided in the Federal Rules of Civil Procedure. The AGs also stated:

> The Plaintiffs intend to conduct depositions including but not limited to the following parties, individuals or entities:
>
> [i-iii]. [Defendants];
>
> [iv-vi]. [Non-parties involved in management/accounts regarding customers/vendors];
>
> vii. Consumer Witnesses – if Court rules that consumer complaints are inadmissible under Rule 807 of the Federal Rules of Evidence, Plaintiffs will depose a greater number of consumer witnesses which may significantly increase the number of depositions needed;
>
> viii. Other Customers/Vendors;
>
> [ix-xii]. [Non-parties/experts];
>
> xiii. Witnesses identified by the Defendants in their initial disclosures;
>
> xiv. Defendants' accountant; and
>
> xv. Defendants' expert(s).

AG's Case Management Plan (Doc. 89, pp. 8-9).

Avid proposed they be permitted to conduct up to 40 fact depositions and stated their proposed depositions as follows:

> C. More specifically, Defendants intend to conduct depositions including but not limited to the following parties, individuals or entities:
>
> i. One fact deposition of each Plaintiff that filed a separate claim under state law (identifications to be determined).
>
> ii. One fact deposition of each member of the Plaintiff Lead Group (identifications to be determined).
>
> [iii-vii. Eleven (11) – nineteen (19) non-party witnesses.]

Avid's Case Management Plan ("Avid Plan") (Doc. 95, pp. 15-16). With the lead Plaintiff States of Arizona, Indiana, North Carolina, and Ohio, as well as the Plaintiff States of California, Florida, Indiana, Maryland, Nevada, New York, North Carolina, North Dakota, Rhode Island, Washington, and Wisconsin with state law claims, Avid named 27-35 proposed depositions. Although Avid couched its list of proposed deponents with

"including but not limited to," Avid did not express any specific interest in deposing any of the non-Lead State Plaintiffs or non-State Law Plaintiffs (collectively, "non-Lead Plaintiffs") in their proposed scheduling order (Doc. 89).  Additionally, Avid stated they were not seeking a modification of the number of interrogatories permitted under Fed.R.Civ.P. 33, but, "like Plaintiffs, reserve the right to seek an expansion of this limitation through later stipulation of the parties or motion to the Court as necessary."  Avid Plan (Doc. 95, pp. 13-14).

On December 10, 2024, after reviewing and considering the parties' plans, this Court ordered, *inter alia*:

> Generally, the limits on discovery by as set forth in Federal Rules 30, 31, and 33 shall apply: twenty-five (25) single-part question interrogatories, depositions of parties, except party depositions are limited to Defendants, the lead Plaintiff States of Arizona, Indiana, North Carolina, and Ohio, and any Plaintiff state bringing state law actions against Defendants. The parties may conduct depositions of respective experts and not more than ten non-party fact witness depositions per party.

Case Management Scheduling Order ("CMSO") (Doc. 102, p. 2).  In other words, each side is permitted to depose the parties as specified, experts, and up to ten non-party fact witnesses.  Additionally, each "side" is permitted to serve 25 interrogatories, without a limitation as to the recipient.

*Revision of Case Management Order*

Avid asserts it is seeking revision of the CMSO, not a modification.  Avid states:

> Notably, however, the Scheduling Order does not explain why it chose the specific number of written interrogatories or depositions, why Defendants are limited to discover only in the Lead States and the states who asserted state law claims or, critically, or why the Plaintiff states who have not asserted specific state law claims are allowed to discover without limit on Defendants while Defendants are expressly foreclosed from any discovery on them.

Motion (Doc. 121, p. 11).[1]  The Avid Plan did not seek any additional interrogatories based on Avid's interpretation of Fed.R.Civ.P. 33, i.e., that "Plaintiffs may serve 25 interrogatories

---

[1]The Court is unaware of any authority or common practice that requires scheduling orders to include a discussion of a court's reasoning.

- 3 -

1  to each of the three Defendants and that each of the three Defendants may serve 25
2  interrogatories on each of the 50 Plaintiffs." Avid Plan (Doc. 95, pp. 13). The Avid Plan
3  did not clarify why Plaintiffs *collectively* would be permitted to serve 25 interrogatories on
4  each of the three Defendants, while *each* of the three Defendants would be allowed to serve
5  25 interrogatories on each of the 50 Plaintiffs. Further, the CMSO permitted Avid to depose
6  the parties requested by Avid in its Plan.

7  Under the CMSO, Plaintiffs are permitted to depose most of their proposed
8  deponents, while Defendants are permitted to depose about 2/3 of the deponents proposed
9  in the Avid Plan. Avid filed their Motion to Revise Discovery Schedule Pursuant to Rule
10 54(b) in which they request the number of party and non-party depositions be increased to
11 allow all parties to be deposed and they be allowed written discovery on all Plaintiffs.
12 Alternatively, Avid requests all portions of the Complaint that alleges facts or claims
13 relating to non-Lead Plaintiffs from whom discovery is not permitted be stricken.
14 Additionally, Avid requests Plaintiffs be precluded from referencing, relying upon, or
15 pursuing any claim that is based on alleged facts or claims relating to the non-Lead
16 Plaintiffs from whom discovery is not permitted.

17 Avid specifically states it is not seeking modification pursuant to Fed.R.Civ.P.
18 16(b)(4). However, Avid is seeking to modify the limits of discovery - one of the very
19 purposes of a case management order. *See* Fed.R.Civ.P. 16(b)(3)(B)(ii) (extent of
20 discovery). The Court finds it appropriate to consider Avid's request pursuant to this rule
21 and that modification of the CMSO is only appropriate if good cause is shown.
22 Fed.R.Civ.P. 16(b)(4).

23 Avid's Motion states the CMSO shields Plaintiffs "from the obligation to produce
24 even a single document supporting [the non-Lead Plaintiffs'] claims." Motion (Doc. 121,
25 p. 6). However, the CMSO did not restrict Avid from seeking documents pursuant to
26 Fed.R.Civ.P. 34 from non-Lead Plaintiffs.

27 As to the depositions, the CMSO granted Avid the party depositions it sought, while
28

- 4 -

1  decreasing the number of non-party depositions. Additionally, the CMSO granted Avid one-third of the requested interrogatories. The CMSO was issued on December 10, 2024. Avid's Motion does not point to any new evidence or reason for needing more party depositions than had been requested in the Avid Plan. Indeed, it appears the reasons set forth in the Motion were all present when Avid submitted the Avid Plan.

Moreover, while the CMSO does limit the number of interrogatories compared to the amount requested in the Avid Plan, Avid has not presented any reason why they waited more than seven months to seek a revision of the CMSO or any new circumstances or evidence that warrants revision/modification of the CMSO as to the interrogatories.

For example, Avid argues the Complaint does not demonstrate the claims of the Lead Plaintiff States are representative of the claims of the non-Lead Plaintiffs and points to paragraph 89 of the Complaint that alleges a different number of calls with unlawful content routed to phone numbers of each Plaintiff State to show "direct evidence that the states experienced significantly different alleged interactions with Defendants, including a wide variety in the number and kinds of calls." Motion (Doc. 121, p. 2).[2] However, Avid does not point to any discovery they have received that now triggers a need, seven months after the CMSO, for the modification. In other words, Avid could have obtained discovery, *e.g.*, pursuant to Fed.R.Civ.P. 34, to demonstrate the differences in the number and kinds of calls are material differences to support this request, but Avid has not presented such a showing.

As such, the Court cannot conclude that Avid is being denied essential or material discovery such that Avid is being denied due process. *R.S. v. Thompson in & for Cnty. of Maricopa*, 485 P.3d 1068, 1074 (Ariz. 2021) (due process right to present a defense violated if party is denied discovery of essential or raw materials); *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 188, 191 (S.D.N.Y. 2014), *distinguishing Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 352 (2011).

---

[2] The AGs assert, however, the alleged federal claims against Avid do not rely state-specific misconduct but on the factual support, which is the same for each Plaintiff, for the numeric violations.

1  The Court finds good cause which would warrant modification of the CMSO is not
2  present.

4  *Fed.R.Civ.P. 54*

5  Assuming *arguendo* this Court has the authority to modify the CMSO pursuant to Fed.R.Civ.P. 54,[3] modification of the CMSO is not appropriate. The Court considered the proposed plans of the parties, the appropriate scope of discovery, Fed.R.Civ.P. 26(b), the interests of the parties in seeking relevant evidence, Fed.R.Civ.P. 26(b)(1), yet not permitting unreasonably duplicative/cumulative evidence, Fed.R.Civ.P.(b)(2)(C)(i). The Court also considered, *inter alia*, the need to discourage wasteful pretrial activities, Fed.R.Civ.P. 16(a) and the interests of conducting discovery efficiently and economically, Fed.R.Civ.P. 26, Notes of Advisory Committee on Rules – 1993 Amendment, subdivision (f).

The AGs argue courts routinely decline to allow individualized discovery upon every plaintiff where the plaintiffs share claims based on common facts. The Court agrees with the AGs that applicable rules generally disfavor duplicative and cumulative discovery, Fed. R. Civ. P. 26(b)(2)(C), and judges have broad discretion to set limitations on discovery. *Blackburn v. United States*, 100 F.3d 1426, 1436 (9th Cir. 1996); *Little v. City of Seattle*, 863 F.3d 681, 685 (9th Cir. 1988) (district courts have "wide discretion in controlling discovery"). Indeed, the Ninth Circuit has recognized that collective actions, distinguished from class actions, may capitalize "on efficiencies of scale." *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1105 (9th Cir. 2018); *see also Richards v. Eli Lilly & Co.*, No.

---

[3] The Court recognizes "Rule 54(b) exists 'to mitigate the danger of hardship resulting from a delay of appeal until the whole action is concluded and to enable a party to file an appeal sooner than would otherwise be available by waiting for a final judgment on all claims against all parties in the lawsuit.'" *Friends of Mariposa Creek v. Mariposa Pub. Utilities Dist.*, No. 1:15-CV-00583-EPG, 2016 WL 3746535, at *7 (E.D. Cal. July 6, 2016), *citations omitted*.

24-2574, 2025 WL 2218500, at *2 (7th Cir. Aug. 5, 2025) (discussing differences between class and collective actions). In other words, it is not only class actions that may consider efficiencies in discovery and such case management orders are a "subject of substantial judicial discretion." *Id*. at 1110. The AGs are, in effect, collectively litigating their cases. This procedure lowers "'individual costs to vindicate rights' and enables 'common legal issues to be resolved in one fell swoop.'" *Richards*, 2025 WL 2218500, at *2, *quoting Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

In light of judicial concerns of efficiency, unlikely prejudice to Avid based on similarity of Plaintiffs, and potential delay, Avid has not sustained their burden showing modification of the CMSO is appropriate. *See e.g. Sweidy v. Spring Ridge Acad.*, No. CV-21-08013-PCT-SPL, 2023 WL 11904977, at *1 (D. Ariz. Nov. 21, 2023) (addressing whether to delay entry of judgment); *see also Curtiss–Wright Corp.*, 446 U.S. 1, 9–10 (1980) (where movant argued it would suffer unjust harm if final judgment was delayed, movant beared the burden).

*Conclusion*

The Court finds no basis to modify the CMSO at this time. The Court does, however, find it appropriate to clarify that the CMSO does not restrict Avid from seeking discovery through means other than depositions or interrogatories. In other words, although Avid asserts it is being denied from "all discovery of more than seventy percent (70%) of the Plaintiffs," Motion (Doc. 121, p. 19), the CMSO does not limit's Avid ability to seek discovery through Fed.R.Civ.P. 34. In the event Avid can present a showing that essential or material information could be obtained from non-Lead Plaintiffs, instead of simply embarking on a fishing expedition, through depositions or interrogatories, Avid may file a future motion presenting good cause to modify the CMSO.[4]

---

[4] For example, if documents received from non-Lead Plaintiffs (or others) produce information disputing Plaintiffs's claims as to non-Lead Plaintiffs, Avid may have reason to

1       Accordingly, IT IS ORDERED the Motion to Revise Discovery Schedule Pursuant
2 to Rule 54(b) (Doc. 121) is DENIED.

3       DATED this 24th day of September, 2025.

_____
Cindy K. Jorgenson
United States District Judge

---

believe depositions/interrogatories to non-Lead Plaintiffs may produce essential or material information.