Neil S. Ende, Esq.
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
*nende@tlgdc.com*
Telephone: (202) 895-1707
Attorneys for Michael D. Lansky,
Michael D. Lansky, LLC dba Avid Telecom

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

State of Arizona, et al.,
Plaintiffs,

v.                                                          Case No. 4:23-cv-00233

Michael D Lansky LLC, et al.,
Defendants.

**Reply of Defendants to Response in Opposition to**
**Motion for Leave to File Further Supplemental Motion to Dismiss**

Michael D. Lansky, LLC dba Avid Telecom, LLC ("Avid Telecom"), Michael D. Lansky ("Lansky"), and Stacey Reeves ("Reeves"), by and through their undersigned counsel, hereby reply to the Response in Opposition to Motion for Leave to File Further Supplemental Motion to Dismiss filed by the Plaintiffs.

**Introduction**

Federal Rule of Civil Procedure 15(d) gives district courts broad discretion to allow supplemental pleadings, including after a motion to dismiss, and the Ninth Circuit is recognized for a permissive approach that allows parties to supplement their pleadings. Defendants generally have broad leeway to supplement their motions to dismiss where there is new relevant caselaw, particularly where that caselaw upends long-standing judicial precedent on issues material to the case at hand.

There is no question that the Supreme Court's decision in In *Loper Bright*—which overruled a decision that had been cited in over 18,000 federal court opinions--was, as described in the *Regulatory Review*[1] as "a sea change in administrative law" that ". . . marks the end of an era of judicial abdication." According to the Review, "[w]hat is certain is that the Supreme Court has handed down one of the most important decisions in the history of administrative law."[2] Justice Gorsuch described it as placing ". . . a tombstone on *Chevron* no one can miss."

---

[1] *"The End of the Chevron Era"* Penn Program on Regulation, University of Pennsylvania Carey Law School, (https://www.theregreview.org/author/t-berry/), (Thomas A. Berry August 2025).

[2] The Harvard Law Review described *Loper Bright* as "a momentous decision", 138 Har v. L . Re v. 227 ( https://harvardlawreview.org/print/vol 138/the-demise-of-deference-and-the-rise-of-delegation-to-interpret/).
Stanford Lawyer described *Loper Bright* as a " seismic shock to American administrative law." *Lessons from the End of Chevron*,

1

1   Notably, the Arizona legislature and courts have taken a similarly strong
2   approach to abandoning agency deference.[3] In 2018 and 2021, the Arizona legislature
3   amended Arizona Revised Statute § 12-910(F), which governs judicial review of
4   administrative agency decisions such that, in a regulated-party proceeding, Arizona
5   courts should decide questions of law and fact, interpreting administrative actions
6   without deference to prior agency interpretations.[4] Two recent Arizona cases, *S.*
7   *Arizona Home Bldg. Assoc. v. Town of Marana*, 522 P.3d 671, 254 Ariz. 281 (Ariz.
8   App. 2023) and *Simms v. Simms*, Case No. CA-CV23-0139 (Ariz. App. March 18,
9   2025), have interpreted A.R.S. § 12-910(F) and specifically curtailed deference to
10  agency interpretations by the Arizona Courts. As stated in *Simms*:

> "Now, in regulated-party cases, reviewing courts do not defer to an agency's legal interpretations. As 910(F) puts it, "[i]n proceeding" involving "the regulated party," courts "decide all questions of law." Questions of law include "the interpretation of a constitutional or statutory provision or a rule adopted by an agency[.]" A.R.S. § 12-910(F). And reviewing courts no longer defer even when an agency has interpreted a statute or regulation in the same way for a long time. *Id.* (instructing courts to decide "all" legal questions "without deference to any previous determination that may have been made on the

---

(https://law.stanford.edu/stanford-lawyer/articles/lessons-from-the-end-of-chevron/)(June 8, 2025).

[3] On April 11, 2018, Arizona Governor Doug Ducey signed into law H.B. 2238, which amended the state's administrative procedure laws to provide that courts are not required to defer to an agency's legal interpretation in lawsuits over administrative decisions. This law made Arizona the first state to formally eliminate Chevron deference in lawsuits involving administrative decisions.

[4] AZ Rev Stat § 12-910 (F) (2024) provides:

"F. . . . In a proceeding brought by or against the regulated party, the court shall decide all questions of law, including the interpretation of a constitutional or statutory provision or a rule adopted by an agency, without deference to any previous determination that may have been made on the question by the agency. In a proceeding brought by or against the regulated party, the court shall decide all questions of fact without deference to any previous determination that may have been made on the question by the agency. Notwithstanding any other law, this subsection applies in any action for judicial review of any agency action that is authorized by law."

2

question by the agency"). Put differently, reviewing courts have the final say on what the law is." (*See, Simms* ¶31)

There is no doubt—and Plaintiffs do not deny—that the deference required by *Chevron* has had a direct and material impact on this case. Indeed, as the TCPA contains no language establishing personal liability, the Court's deference to the FCC stands as the sole basis on which this Court allowed Plaintiffs' TCPA claims against Defendants Lansky and Reeves to stand. Thus, given the above evidence of the momentous impact of *Loper Bright* on that very issue, there can be little doubt that the Court must, at a minimum, take a careful look at whether there remains any legal basis for finding personal liability.

In their Motion for Leave to File Further Supplemental Motion to Dismiss, Defendants set forth multiple specific and cogent arguments justifying a grant of leave to file. Those arguments included a substantive discussion of the impact of the *Loper Bright* on the issues in this case. Defendants argued that, now, Courts are released from that obligation and can apply their independent judgment, and may consider the interpretation of federal statutes, including the TCPA, by courts that have jurisdiction over regulatory agencies like the FCC. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412–13, 144 S. Ct. 2244, 2273, 219 L. Ed. 2d 832 (2024). Moreover, the filing of this Motion is timely, now, because the Supreme Court has supplemented the essence of its decision in *Loper Bright* as it applies to the FCC—which remained an open question following *Loper Bright*—in its recent order in *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 145 S. Ct. 2006, 2022–23 (2025).

The *McLaughlin* case closes the loop on the courts' right to interpret the TCPA in the post *Chevron* era, by concluding that the Hobbs Act[5] does not create a bar to independent judicial interpretation of the TCPA. Plaintiffs offered no response. Indeed, in what can only be described as a "hide the ball" strategy, Plaintiffs do not even acknowledge- let alone respond to—the obvious fact that there has been a "change in controlling law". Indeed, as remarkable as it may seem, in their response, Plaintiffs do not even mention *Loper Bright* or *McLaughlin,* which create the foundational premises for a grant of leave and for substantive consideration of the Further Supplemental motion.

## Argument

### I. Defendants can Supplement a Motion that has already been Adjudicated when there is a "Change in Law".

On the 16th of October, 2023, Defendants filed a Motion to Dismiss under Rule 12(b) of Federal Civil Procedure. [Dkt. 39]. On 8th of May, 2024, this court issued an Order denying Defendant's Motion to Dismiss. [ Dkt. 64]. Oddly, Plaintiffs seem to agree that a Motion for reconsideration can be filed only if there is "a change in the controlling law," but they fail completely to explain why the *Loper Bright* and *McLaughlin* cases do not represent exactly the kind of change in law that justifies Defendant's request for leave.[6] Put as generously as possible, Plaintiffs' argument does

---

[5] The Administrative Order Review Act (better known as the "Hobbs Act") grants "exclusive jurisdiction" to the federal courts of appeals to "determine the validity" of most FCC orders and rules and certain other agency orders. 28 U. S. C. § 2342. 28 U. S. C. § 2342.

[6] *See* LRCiv. 7.2(g); *see also Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) ("[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered

4

not come close to the standard required to deny a request for leave. The courts in the Ninth Circuit cannot "manufacture arguments for an appellant. . ..." and "[a] bare assertion of an issue does not preserve a claim." *D.A.R.E. America v. Rolling Stone Magazine,* 270 F.3d 793, 793 (9th Cir. 2001). *See also Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003)

As mentioned above, the Court's Order has allowed the personal liability claims against Defendants to be maintained under the TCPA solely as a matter of deference to the FCC's interpretation of that statute.[7] At a minimum, the admitted/agreed change in the controlling law necessitates a review and reconsideration by this Court of whether the personal claims against the Defendants can be maintained under existing law without deference to the FCC. As set forth in Defendants' Further Supplemental Motion, they cannot.

## II.     **Defendants' Motion for Leave to Supplement is Procedurally and Substantially Correct.**

As a matter of procedure, a motion for reconsideration is procedurally appropriate if the district court (1) is presented with newly discovered evidence, (2)

---

evidence, committed clear error, or if there is an intervening change in the controlling law." [Dkt. 160]

[7] FCC's interpretation of TCPA stating that "The agency has clarified that the sender subject to liability under the statute is the person "on whose behalf [the faxes] are transmitted,". *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 10 FCC Rcd. 12391, 12407 (1995) [hereinafter 1995 Order]. City Select Auto Sales Inc. v. David Randall Assocs., Inc., 885 F.3d 154, 159 (3d Cir. 2018) & also relied in Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A., 781 F.3d 1245 (11th Cir. 2015).* Even the Supreme Court, when determining whether vicarious Liability applies under the TCPA, has deferred to the FCC's interpretation of the statute. See Campbell-Ewald Co. v. Gomez, 577 U.S. 153, 168, 136 S. Ct. 663, 193 L. Ed. 2d 571 (2016) (citing In re Joint Petition Filed by DISH Network, LLC, 28 FCC Rcd. 6574 (F.C.C. 2013)).

committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). As set forth above, it is both undisputable and undisputed that there has been a change in controlling law. Given that both *Loper Bright* and *McLaughlin* were issued after the Order on the Motion to Dismiss, none of the Defendants' arguments arising under those cases could "reasonably have been raised" in Defendants' Motion to Dismiss. [Dkt 39]. *See Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Indeed, as Defendants have noted, the filing of the Further Supplemental Motion was not finally ripe until the *McLaughlin* case, which was just issued this summer, that confirmed the Hobbs Act did not create a parallel barrier to full court review of the personal liability issue, thereby meeting their obligation under LRCiv. 7.2(g) that set forth "any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier "

    Plaintiffs' allegation that Defendants' Motion for Leave to Supplement is untimely because it had to be filed no later than fourteen (14) days after the filing of the challenged Order is absurd for a number of reasons. *See* LRCiv. 7.2(g)(2). First, Defendants could not have filed this Motion within 14 days, as the court order in *Loper Bright*, 144 S. Ct. at 2248, had yet to be issued.  In addition, to avoid any claims that the deference issue, as it specifically applied to the FCC under the Hobbs Act, remained open even after *Loper Bright*, Defendants held their Further Supplemental Motion until that Order was issued and final this summer.  Thus, there is no basis for the claim that Defendant's motion was untimely.  Defendants brought the "change in law" issue to the attention of this Court in a timely and appropriate manner. For the same reasons, there

is no legitimate basis either for denying leave or for rejecting the Further Supplemental Motion on the grounds that Defendants could have or should have filed sooner.

## **Conclusion**

Defendants have established each and every element required for the Motion for Leave to be granted. Defendants have established a "change in controlling law" sufficiently material, at the very minimum, to justify the grant of leave for consideration of its substantive Further Supplemental Motion.[8] Plaintiffs' half-hearted Opposition provides no basis to do otherwise.

Respectfully submitted,

/s/ Neil S. Ende

_____

Neil S. Ende
*Counsel to Defendants*

Dated: October 3, 2025

---

[8] The Supreme Court held that *Chevron Deference* was a longstanding practice of the government. This holding further confirms that the elimination of *Chevron deference* represents a material "change in controlling law". *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 144 S. Ct. 2244, 219 L. Ed. 2d 832 (2024).

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of October 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

/s/ Silsa Cabezas
_____
Silsa Cabezas