WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., <br><br> Plaintiffs, <br> v. <br><br> Michael D. Lansky, L.L.C., dba Avid Telecom; et al., <br><br> Defendants. | CV 23-00233-TUC-CKJ (MAA) <br><br><br> ORDER |

Pending before the court is the plaintiffs' brief raising discovery disputes, which was filed at the direction of the District Court (Doc. 126). Doc. 134. The plaintiffs' opening brief was filed on August 27, 2025. Doc. 134. The defendants filed a response on September 8, 2025. Doc. 148. The plaintiffs filed a reply on September 15, 2025. Doc. 153.

Background

"On May 23, 2023, Plaintiffs, [approximately 50 states represented by their state attorneys general], filed this action against Defendants Michael D. Lansky L.L.C., dba Avid Telecom (Avid Telecom), M. Lansky, individually, and Stacey Reeves, individually, and as Vice President of Operations and Sales of Avid Telecom." Order denying Motion to Dismiss, Doc. 64, p. 1. "Plaintiffs allege Defendants violated the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. § 6101 et seq.; the Telemarketing Sales Rule ("TSR"), 16 C.F.R. § 310 et seq.; the Telephone Consumer Protection Act

("TCPA"), 47 U.S.C. § 227 et seq., and certain state laws that protect consumers against unfair and deceptive trade practices, including unfair, deceptive, abusive, and illegal telemarketing practices." Doc. 64, p. 1.

"Plaintiffs' case focuses on the barrage of unwanted robocalls sent to millions of American consumers that are harassing, annoying, threatening, and malicious." Doc. 64, p. 1. The Complaint alleges the Defendants are in the business of providing Voice over Internet Protocol (VoIP) services, facilitating, or initiating robocalls, and/or helping others make robocalls. Doc. 64, p. 1 (citing Complaint (Doc. 1)).

The plaintiffs report that they served the defendants Avid Telecom, Lansky, and Reeves, with their First Set of Requests for the Production of Documents on February 21, 2025, March 6, 2025, and March 6, 2025, respectively. Doc. 134, p. 2; Doc. 135, Exhibits A, B, C. The defendants' responses were due by March 24, 2025, April 7, 2025, and April 7, 2025, respectively. Doc. 134, p. 3. None of the defendants provided timely responses however. *Id*.

The plaintiffs maintain that they attempted numerous times to get the defendants to respond to their discovery requests, but they achieved only limited success. Doc. 134, pp. 3-5.

On May 2, 2025, the defendant Lansky provided a response, but the plaintiffs assert that it was limited to boilerplate objections; no documents were disclosed. Doc. 134, p. 3; Exhibit J; Doc. 134, p. 6. Eventually, the defendant Reeves provided some document discovery on July 11, 2025, "around 320 documents in total." Doc. 134, p. 5. The plaintiffs maintain, however, that the disclosure does not comply with the court's ESI ("Electronically Stored Information") discovery order (Doc. 120). Doc. 134, p. 12. For example, Reeves did not indicate which documents were responsive to which request and all documents in a "parent-child" relationship were not disclosed. Doc. 134, pp. 5, 12. Originally the documents were not Bates numbered as ordered by the court (Doc. 120), but that error has been corrected apparently. Doc. 134, pp. 5, 12.

The court ordered the parties to meet and confer, which they did on July 15, 2025, but the plaintiffs have achieved only limited results. Doc. 134, pp. 4-5.

Defendant Reeves provided a written response on July 21, 2025. Doc. 134, p. 6. Defendant Avid Telecom provided a written response on July 22, 2025. Doc. 134, p. 6. Defendants Lansky and Avid Telecom had not provided any document disclosure[1] as of the date of the plaintiffs' opening brief. Doc. 134, p. 6.

The plaintiffs argue that the defendants' responses were (or will be) untimely and therefore the defendants have waived any objection. Doc. 134, p. 6 (citing *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992), *inter alia*). Assuming the objections are not waived, the plaintiffs assert they are meaningless because they consist entirely of boilerplate. Doc. 134, p. 9 (citing *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all.")). In the alternative, they argue the defendants' responses are improper because they seem to assert that some documents are being withheld due to privilege, but they fail to specifically identify the privilege or how it applies. Doc. 134, p. 8 (citing Fed.R.Civ.P. 34(b)(2)(C)).

The plaintiffs argue "each Defendant must supplement their Responses to Plaintiffs' Requests for Production," as listed at Doc. 134, p. 8, n.1, "provide the specific manner and date certain as to when each will complete production of all responsive documents/communications," and comply with the court's ESI order (Doc. 120) regarding Bates numbering, specifying which documents relate to which requests, and disclosing all documents with a "parent-child" relationship, among other things. Doc. 134, p. 12.

In their response brief, the defendants explain that their responses have been delayed by counsel's hospitalization and, since then, by the nature of the case, the limited resources available to defendants' counsel and the voluminous nature of the plaintiffs' discovery requests.

---

[1] The plaintiffs report in their reply brief that they received documents from Lansky later on September 15, 2025. Doc. 153, p. 2.

- 3 -

Doc. 148; *see also* Doc. 138, p. 2. They assert that "Defendants continue to seek a practical resolution and request that this Court order the parties to further confer on narrowly tailored, clearly defined discovery requests, reserving judicial intervention for genuinely intractable disputes." Doc. 148, p. 7.

On the issue of their discovery responses to date, the defendants explain that they "are not withholding any documents based on a stated objection or privilege nor have they refused to comply with any other discovery request." Doc. 148, p. 3. The plaintiffs' arguments alleging "waiver" and the insufficiency of "boilerplate" responses are therefore moot at this time.

**IT IS ORDERED** that the defendants shall by November 28, 2025, and to the extent they have not already done so, respond to the plaintiffs' First Set of Requests for Production of Documents and comply with the court's ESI ("Electronically Stored Information") order (Doc. 120) regarding Bates numbering, specifying which documents relate to which requests, and disclosing all documents with a "parent-child" relationship, among other things.

**IT IS FURTHER ORDERED** that the parties' counsel shall confer on or before **Friday, December 12, 2025,** regarding any discovery issues remaining following the responses ordered herein and attempt to resolve any such issues.

**IT IS FURTHER ORDERED** setting a telephonic status conference on **Friday, December 19, 2025, at 11:00 a.m.** The parties shall be prepared to identify and discuss any remaining discovery issues at that time. Counsel shall call in to the following number for the status conference: 1-855-244-8681, access code 2313 799 3220.

//
//
//
//

**IT IS FURTHER ORDERED** that this Order should not be interpreted as preventing or discouraging the parties from continuing to confer regarding the most satisfactory means of proceeding with the discovery process. Should the parties wish to amend the timing or process outlined by this Order, they may file a joint motion with proposed timing/method.

Dated this 24th day of October, 2025.

Honorable Michael A. Ambri
United States Magistrate Judge