**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

State of Arizona, ex rel. Kristin K. Mayes,)
Attorney General; et al.,                )        CV 23-00233-TUC-CKJ (MAA)
                                         )
              Plaintiffs,                )
                                         )
v.                                       )
                                         )        **ORDER**
Michael D. Lansky, L.L.C., dba Avid Telecom;)
et al.,                                  )
                                         )
              Defendants.                )
                                         )
_____)

Pending before the court is the defendants' brief raising discovery issues, which was filed at the direction of the District Court (Doc. 126). Doc. 138. The defendants' opening brief was filed on August 27, 2025. Doc. 138. The plaintiffs filed a response on September 8, 2025. Doc. 145. The defendants filed a reply on September 15, 2025. Doc. 155.

Background

"On May 23, 2023, Plaintiffs, [approximately 50 states represented by their state Attorneys General], filed this action against Defendants Michael D. Lansky L.L.C., dba Avid Telecom (Avid Telecom), M. Lansky, individually, and Stacey Reeves, individually, and as Vice President of Operations and Sales of Avid Telecom." Order Denying Motion to Dismiss, Doc. 64, p. 1. "Plaintiffs allege Defendants violated the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. § 6101 et seq.; the Telemarketing Sales Rule ("TSR"), 16 C.F.R. § 310 et seq.; the Telephone Consumer Protection Act

1  ("TCPA"), 47 U.S.C. § 227 et seq., and certain state laws that protect consumers against unfair

2  and deceptive trade practices, including unfair, deceptive, abusive, and illegal telemarketing

3  practices." Doc. 64, p. 1.

4       "Plaintiffs' case focuses on the barrage of unwanted robocalls sent to millions of

5  American consumers that are harassing, annoying, threatening, and malicious." Doc. 64, p. 1.

6  "The Complaint alleges the Defendants are in the business of providing Voice over Internet

7  Protocol (VoIP) services, facilitating, or initiating robocalls, and/or helping others make

8  robocalls." Doc. 64, p. 1 (citing Complaint, Doc. 1).

9       In their opening brief, the defendants assert as a preliminary matter that they should be

10  allowed to propound discovery requests on all plaintiffs, but they are prevented from doing so

11  because the court's scheduling order restricts them to propounding requests on only the lead

12  State Plaintiffs. Doc. 138, p. 3, n. 2. The defendants, however, fail to direct the court to that

13  part of the scheduling order with which they take issue. They may be referring to paragraph E1

14  of the Case Management Scheduling Order that states

15       Generally, the limits on discovery by as set forth in Federal Rules 30, 31, and 33
    shall apply: twenty-five (25) single-part question interrogatories, depositions of
16   parties, except party depositions are limited to Defendants, the lead Plaintiff
    States of Arizona, Indiana, North Carolina, and Ohio, and any Plaintiff state
17   bringing state law actions against Defendants.

18  Doc. 102, p. 2. This paragraph, however, does not forbid the defendants from propounding

19  discovery requests on non-lead Plaintiff States. If the defendants seek information about

20  telephone calls made to a non-lead Plaintiff State, this paragraph does not prevent them from

21  asking that state directly for documents. Of course, if the defendants seek documents that a

22  non-lead Plaintiff State might have, but those documents might also be held by a lead Plaintiff

23  State, it might be prudent to check with the lead Plaintiffs and get the information from them

24  if they indicate that they have it.

25       The defendants assert that they have made Requests for Production of Documents, but

26  the plaintiffs' responses to many of their requests are insufficient. They argue that the

27  plaintiffs' objections such as "over broad" or "burdensome" are improper because they consist

28                                          - 2 -

of generalized or "boilerplate" language and are not supported by particularized facts.  Doc. 138, p. 5.  They maintain that the plaintiffs' objections as to relevance are improper because the defendants are seeking information discoverable pursuant to Fed.R.Civ.P. 26(b)(1).

The plaintiffs, however, assert that even though they have raised certain objections, they are not withholding any documents on those grounds.  Doc. 138, pp. 5, 7.  The defendants' arguments, therefore, are moot at this time.

The defendants further argue that the plaintiffs "refused to produce documents" related to their damage calculations.  Doc. 138, p. 7.  The plaintiffs, however, state that they have "no responsive documents." *Id*.  The defendants' objections are therefore moot.  *See Edge Sys. LLC v. Ageless Serums LLC*, 2021 WL 4497505, at *8 (C.D. Cal. Aug. 20, 2021) ("[I]t is axiomatic that the court cannot order a party to produce documents that do not exist.  A mere suspicion that additional documents must exist is an insufficient basis to grant a motion to compel.").

The defendants further assert that the plaintiffs are required to provide a computation of each category of damages claimed along with supporting material in their initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1)(C).  Doc. 138, p. 8.  In their response brief, the plaintiffs assert that damages will be determined at trial and they "have no obligation to undertake legal research or organize factual evidence for Defendants to provide a calculation of the respective potential statutory civil penalties that may be applicable for each count of Plaintiffs' Complaint."  Doc. 145, p. 5.  In the alternative, they assert that because initial disclosures were due on September 6, 2024, the "Defendants' timing is much too late."  Doc. 145, p. 6.  The court does not agree.

"Under Rule 26(a) governing initial disclosures, the parties must, among other things, disclose 'a computation of any category of damages claimed' and make 'available for inspection and copying the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based.'"  *City & Cnty. of San Francisco v. Tutor-Saliba Corp*., 218 F.R.D. 219, 220 (N.D. Cal. 2003) (quoting Fed.R.Civ.P. 26(a)(1)(C)).  "These initial disclosure must be based on the information 'reasonably available' to the party

1    at or within 14 days of the Rule 26(f) initial discovery conference. *Id*. (citing Rule 26(a)(1)).

2    "Rule 26(e) also imposes a continuing obligation to supplement the initial disclosures whenever

3    the parties find that the initial disclosures were 'incomplete or incorrect,' making the operation

4    of Rule 26 the 'functional equivalent of a Standing Request for Production under Rule 34.'"

5    *Id*.

6        The court concludes that the plaintiffs "should provide [their] assessment of damages in

7    light of the information currently available to [them] in sufficient detail so as to enable each of

8    the multiple Defendants in this case to understand the contours of [their] potential exposure and

9    make informed decisions as to settlement and discovery." *City & Cnty. of San Francisco v.*

10   *Tutor-Saliba Corp*., 218 F.R.D. 219, 221 (N.D. Cal. 2003).

11       The defendants further argue that the plaintiffs are required to produce a privilege log

12   addressing the documents they are withholding based on a claim of privilege. Doc. 138, p. 8.

13   The plaintiffs explain, however, that these documents are covered by the court's ESI

14   (Electronically Stored Information) order, Doc. 120, section F(1)(e). Doc. 145, p. 6. This

15   section explains that

16       Privileged communications between or among counsel involving the facts that
         form the basis of or are related to the allegations set forth in this Action do not
17       need to be identified on a privilege log. Additionally, communications between
         or among counsel or experts retained for the purpose of this litigation that
18       post-date the issuance of the civil investigative demand by the Office of the
         Indiana Attorney General to Michael D. Lansky, L.L.C., dba Avid Telecom on
19       August 1, 2022, need not be placed on a privilege log.

20   Doc. 120, p. 12. The defendants provide no evidence tending to show that the plaintiffs are

21   incorrect when they assert that their documents fall within this rule. Accordingly, the court

22   finds that the documents are covered by Doc. 120, section F(1)(e) and the plaintiffs do not need

23   to provide a privilege log.

24       The defendants further assert that they served Rule 30(b)(6) notices on 49 plaintiffs but

25   the plaintiffs objected to the notices asserting that they failed to properly identify the topics that

26   the witnesses would be required to address. Doc. 138, p. 9. The defendants assert that they only

27   wanted the witnesses to discuss allegations of fact that were set forth in the Complaint. *Id*.

28                                              - 4 -

In their response, the plaintiffs assert that the notices were facially defective because they failed to specify the date and time of the deposition and failed to name the deponent in accordance with Rule 30(b)(6). They object to deposition questions addressing "investigations [the AGs] conducted that formed the basis for [their] Complaint" or the "discussions AG's offices had internally or with other law enforcement agencies, which are privileged" Doc. 145, p. 7.

The court concludes that defendants are entitled to Rule 30(b)(6) depositions addressing the factual allegations contained in the Complaint. They are free to notice such depositions in accordance with the Federal Rules of Civil Procedure.

Finally, the defendants direct the court to their Requests for Production. They assert that they have asked the plaintiffs to admit that "no regulatory authority in any of the Lead Plaintiff States or the State Law Claim States has determined any call associated with the Complaint to be illegal." Doc. 138, p. 10. They object to the plaintiffs' response that they are "without knowledge." *Id*.

"Generally, Rule 36(a) [the Rule addressing requests for admission] requires one of three answers: (1) an admission; (2) a denial; or (3) a statement detailing why the answering party is unable to admit or deny the matter." *AmeriPride Servs., Inc. v. Valley Indus. Servs., Inc*., No., 2011 WL 1321873, at *2 (E.D. Cal. Apr. 1, 2011). "If good faith requires that a party qualify its answer or deny only a part of the requested matter, it must specify so much of the request as is true and deny only the remainder." *Id*. "Instead of admitting or denying the request for admission, a party may respond by claiming inability (lack of sufficient information) to admit or deny the matter stated in the request." *Id*. "But a party responding in this manner must also state that he or she has made 'reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny.'" *Id*. "The responding party is required to undertake a 'good faith' investigation of sources reasonably available to him or her in formulating answers to request for admissions (similar to the duty owed in responding to interrogatories)." *Id*. "'Reasonable inquiry' is limited to persons and

- 5 -

1    documents within the responding party's control (e.g., its employees, partners, corporate

2    affiliates, etc.)." *Id*. "It does not require the responding party to interview or subpoena records

3    from independent third parties in order to admit or deny a Request for admission." *Id*.

4         The plaintiffs assert in their response brief that they "are not aware of the inner workings

5    of every State agency within their respective jurisdictions and what actions those agencies may

6    or may not have taken in regard to Defendants." Doc. 145, p. 8. This response seems to assume

7    that the plaintiffs are the various state Attorneys General. That is not correct. The state

8    Attorneys General appear on behalf of the states themselves. Complaint, Doc. 1, p. 5 ("The

9    Attorneys General of the Plaintiffs are the chief legal officers for their respective states and

10   commonwealths."). The State is the plaintiff, and a State should know what its agencies have

11   decided about the legality of the defendants' actions. The state Attorneys General, which

12   represent their respective States, must "undertake a 'good faith' investigation of sources

13   reasonably available [] in formulating answers to [these] request[s] for admissions."

14   *AmeriPride Servs., Inc. v. Valley Indus. Servs., Inc*., No., 2011 WL 1321873, at *2 (E.D. Cal.

15   Apr. 1, 2011).

16        The defendants further assert that, in response to Requests for Admissions Nos. 18-20,

17   "Plaintiffs' responses do not address the substance of the requests and fail to clarify their

18   position." Doc.138, p. 11. The defendants do not, however, explain the subject of those

19   Requests or the content of those responses.

20

21        **IT IS ORDERED** that the plaintiffs shall by November 28, 2025, and to the extent they

22   have not already done so, provide discovery in accordance with this order.

23        **IT IS FURTHER ORDERED** that the parties' counsel shall confer on or before

24   **Friday, December 12, 2025,** regarding any discovery issues remaining following the responses

25   ordered herein and attempt to resolve any such issues.

26        **IT IS FURTHER ORDERED** setting a telephonic status conference on **Friday,**

27   **December 19, 2025, at 11:00 a.m.** The parties shall be prepared to identify and discuss any

28                                         - 6 -

remaining discovery issues at that time.  Counsel shall call in to the following number for the status conference:  1-855-244-8681, access code 2313 799 3220.

IT IS FURTHER ORDERED that this Order should not be interpreted as preventing or discouraging the parties from continuing to confer regarding the most satisfactory means of proceeding with the discovery process.  Should the parties wish to amend the timing or process outlined by this Order, they may file a joint motion with proposed timing/method.

DATED this 24th day of October, 2025.

Honorable Michael A. Ambri
United States Magistrate Judge