IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, *ex rel*. Kristin K. Mayes, Attorney General; et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>Michael D. Lansky, L.L.C., dba Avid Telecom; et al.,<br><br>  Defendants. | NO. CV-23-00233-TUC-CKJ<br><br>**MOTION FOR ORDER PERMITTING HYBRID-FACT-EXPERT TESTIMONY BY MICHAEL D. LANSKY** |

Defendants Michael D. Lansky *dba* Avid Telecom, LLC, Michael D. Lansky, and Stacey Reeves ("Defendants"), by and through counsel, respectfully moves this Court for an Order permitting Michael D. Lansky to provide hybrid fact-expert testimony in the captioned matter.[1]

Introduction

Hybrid witnesses offer both fact and expert testimony derived from their direct involvement in, and personal knowledge of, the underlying events or circumstances at issue, as well as his specialized training and experience that qualifies him as an expert under FRE 701.

---

[1] The hybrid Expert Report of Michael D. Lansky is attached as Exhibit I hereto.

The economic realities of this case, which have forced Defendants to limit the scope of many aspects of their defense, have now forced to limit their ability to provide expert testimony. Having already spent tens of thousands of dollars to defend their rights to date, Defendants cannot afford to hire an independent expert and continue their defense of the complaint. The presentation of hybrid tract expertise is the only way in which defendants will be able to participate fully in this proceeding.

For the reasons set for below, Defendants believe that Mr. Lansky's personal knowledge of the facts to which he will testify, including each of the actions taken by Avid Telecom, including all aspects of its carrier relationships, along with his vast knowledge of the telecommunications industry, including the applicable rules and regulations, qualify him to testify both as a fact and as an expert witness.

## The Legal Standard

Federal Rule of Civil Procedure 26(a)(2)(C) permits the use of hybrid witnesses who are not specifically retained for litigation but whose opinions are based on facts learned in the course of their professional duties. A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C). Fed. R. Civ. P. 26(a)(2)(c) (2010 amendment).

Courts have recognized that hybrid witnesses may testify as both fact and expert witnesses so long as the expert opinions are grounded in personal knowledge obtained during regular duties, and appropriate disclosures are made. *See* Arizona Rule of Evidence

701 and 702. The 9th Circuit and the Arizona courts likewise recognize hybrid witnesses. *United States v. Diaz*, No. 15-50538 (9th Cir. 2017) (Hybrid witnesses may testify to issues at the intersection of fact and expertise). *See State v. Amaya-Ruiz*, 166 Ariz. 152, 167 (1990); *State v. Tucker*, 205 Ariz. 157 (2003) (dual role is permissible so long as the expert opinion was based on experience, not hearsay); *State v. Moran*, 151 Ariz. 378 (198) [permitted a treating physician to testify about both the medical treatment provided (fact testimony) and the diagnosis (expert testimony)]; and *State v. Lindner*, 197 Ariz. 319 (App. 2000) [allowing a forensic scientist to testify about lab procedures and results (fact) and also gave expert opinions on drug identification].

Defendants respectfully believe that the described facts and circumstances, the rationale of the referenced cases, the absence of prejudice and the interests of justice, all fully support allowing hybrid testimony in this case.

## Arguments

1. <u>Michael Lansky qualifies as a Hybrid- Fact-Expert Witness.</u>

Michael Lansky has served as the CEO and the day-to-day person in charge of all Avid Telecom operations since 1997. He has decades of experience in telecommunications, regulatory compliance, and robocall mitigation, including direct involvement in creating compliance protocols.[2]

Based on Mr. Lansky's direct observations and his involvement in every aspect of Avid Telecom's operations and his industry leading professional expertise, he is capable

---

[2] A Declaration setting forth Lansky's qualifications is attached as Exhibit II hereto.

1  of offering relevant factual testimony and expert opinions on all material issues in the case
2  that are essential to the trier of fact.  None of the fact evidence or expert opinions provided
3  are based on hearsay evidence but are based on personal Knowledge.

4      Specifically, Defendants request the Court to allow Mr. Lansky to provide hybrid
5  testimony regarding the company's operations, it's interactions with the Industry
6  Traceback Group and other regulatory authorities, its carrier and provider relationships, its
7  policies and procedures designed to limit illegal robocalls on its network, its compliance
8  with applicable rules and regulations associated with the transmission of telephone calls
9  and related matters, including those matters set forth in Plaintiffs' initial expert reports as
10 he qualifies as an expert witness.  Such facts and expert testimony are both permissible and
11 necessary to ensure a complete and accurate record, and to support just adjudication.[3]

12     In the Ninth Circuit, it is well-settled that an individual may serve the dual role of
13 both an expert witness and a fact witness in a case. *See U.S. v. Gadson*, 763 F.3d 1189,
14 1212-13 (9th Cir. 2014). *See* also *Nelson-Ricks Cheese Co., Inc. v. Lakeview Cheese Co.,*
15 *LLC*, 331 F. Supp. 3d 1131, 1146 (D. Idaho 2018), aff'd, 775 F. App'x 350 (9th Cir. 2019).
16 Further in *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997), the Ninth
17 circuit allowed hybrid witness by allowing "law enforcement agents to testify that the
18 defendant was acting suspiciously, without being qualified as experts; however, the rules

---

[3] Although FRCP 26(a)(2) only requires "summary disclosures" hybrid witness opinions. *See Merch. v. Corizon Health, Inc*., 993 F.3d 733, 739–40 (9th Cir. 2021). To ensure that the Court has a full visibility to his anticipated fact testimony and his expert opinions, and to ensure that Plaintiffs are not surprised, Lansky is filing a detailed Statement of Anticipated Fact and Expert Testimony along with this Motion.

on experts were applicable where the agents testified on the basis of extensive experience that the defendant was using code words to refer to drug quantities and prices.

### A. Michael Lansky Qualifies as a Fact Witness Based on his Personal Knowledge.

It is well established that Michael Lansky qualifies as a fact witness pursuant to FRE 701.[4] The testimony of Michael Lansky will be based on personal knowledge and experience surrounding all aspects of Avid Telecom's operations, its carrier and customer relationships, its regulatory compliance, including its interactions with the Industry Traceback Group, the FCC and various third parties, including a number of state attorneys general and other industry players. Mr. Lansky's ability to present these facts will be critical to the Court's ability to understand material facts alleged by Plaintiffs as well as the material facts supporting Avid Telecom's defense. None of the statements provided by Lansky will be based on fact outside of his personal knowledge or otherwise hearsay. As such, his testimony will remain within the bounds of Rule 701, as it will be entirely 'based upon personal observation and recollection of concrete facts. *See U.S. v. Beck*, 418 F.3d 1008, 1015 (9th Cir.2005).

The Federal Rules of Evidence also permit testimony specifically based on personal knowledge, to wit, "A witness may testify to a matter only if evidence is introduced

---

[4] If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
**(a)** rationally based on the witness's perception;
**(b)** helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
**(c)** not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701

sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." Fed. R. Evid. 602. A witness's personal knowledge includes opinions and inferences grounded in observations and experience. See *United States v. Whittemore*, 776 F.3d 1074 (9th Cir. 2015). The personal knowledge requirement may be met if the witness can demonstrate firsthand knowledge or observation. *See United States v. Lopez*, 762 F.3d 852 (9th Cir. 2014). Hence, there is no witness that has a more comprehensive, firsthand knowledge of all relevant facts.

b. Michael Lansky also Qualifies as an Expert Witness under FRE 702

Lansky has been involved with providing telecommunications services for more than 25 years. He has been the CEO of Avid Telecom, which itself has been continuously operating in the industry, for more than 2 decades.  During his time, he has developed considerable knowledge and expertise in the telecom industry and its business, with a specific expertise in interconnected VoIP and information services.

The courts have interpreted Rule 702's qualification requirement liberally and have held that a 'broad range of knowledge, skills, and training to as qualify an expert.[5] Lansky's decades of frontline and substantial real-world operational experience in the relevant portion of the telecom industry are well more than sufficient for him to be an expert witness under FRE 702.

---

[5] *See Pineda v. Ford Motor Co.*, 520 F.3d 237, 244 (3d Cir.2008). See also *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir.2009); *U.S. v. Parra*, 402 F.3d 752, 758 (7th Cir.2005).

       The Ninth Circuit in *U.S. v. Finley*, 301 F.3d 1000, 1007 (9th Cir.2002) has held FRE 702 "consists of three distinct but related requirements: (1) the subject matter at issue must be beyond the common knowledge of the average layman; (2) the witness must have sufficient expertise; and (3) the state of the pertinent art or scientific knowledge permits the assertion of a reasonable opinion."

Conclusion

       Considering Lansky's demonstrated experience and expertise, he clearly meets the requirements to provide expert testimony. His hybrid testimony differentiates between his fact testimony and expert opinions. Moreover, all disclosure requirements of FRCP Rule 26(a)(2)(C) are satisfied in the Expert Report that is being filed contemporaneously herewith. Mr. Lansky is prepared to supplement his disclosures prior to trial in the event the court believes it to be necessary.

       **WHEREFORE**, movant respectfully requests that the Court grant this motion to accept Michael Lansky as a hybrid expert witness and permit his testimony to encompass both factual and expert opinion evidence as set out herein.

Respectfully submitted,

/s/ Neil S. Ende

Neil S. Ende
*Pro Hac Vice*
*Counsel to Michael D. Lansky, LLC*
*dba Avid Telecom*

Dated: October 29, 2025    *Michael D. Lansky and Stacey S. Reeves*