DAVE YOST
Ohio Attorney General
Erin B. Leahy (OH Bar No. 0069509)
Emily G. Dietz (OH Bar No. 0104729)
Assistant Attorneys General
Office of Attorney General Dave Yost
30 East Broad Street, 14th Fl.
Columbus, OH 43215
Phone: (614) 752-4730 (Leahy)
          (614) 466-3493 (Dietz)
Erin.Leahy@OhioAGO.gov
Emily.Dietz@OhioAGO.gov
Attorneys for Plaintiff State of Ohio
*Lead Counsel for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, *ex rel*. Kristin K. Mayes, Attorney General; et al., <br><br> Plaintiffs, <br><br> v. <br><br> Michael D. Lansky, L.L.C., dba Avid Telecom; et al., <br><br> Defendants. | NO. 4:23-cv-00233-TUC-CKJ <br><br> **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR ORDER PERMITTING HYBRID-FACT-EXPERT TESTIMONY BY MICHAEL D. LANSKY (DOC. 173)** |

Plaintiffs respectfully file this Response in Opposition to Defendants' Motion for Order Permitting Hybrid-Fact-Expert Testimony by Michael D. Lansky (Doc. 173).

Defendants' Motion should be denied because Defendants do not demonstrate by a preponderance of the evidence that Defendant Lansky's proposed expert testimony meets the admissibility standards of Fed. R. Evid. 702. In the alternative, this Court should defer

its decision on Defendants' Motion until the close of expert discovery to allow Plaintiffs the time that they would otherwise have had to challenge an expert witness.

**I.    This Court should deny Defendants' Motion as it fails on its face to meet the requirements of Fed. R. Evid. 702.**

First, Defendants' Motion fails to identify, let alone prove, Fed. R. Evid. 702's four requirements for the admission of expert testimony. Additionally, Defendant Lansky is a named party with an obvious financial stake in this matter. Because of this clear conflict of interest, his qualification as an expert would violate public policy. *IceMOS Tech. Corp. v. Omron Corp.*, No. CV-17-02575-PHX-JAT, 2019 U.S. Dist. LEXIS 168539, at *24 (D. Ariz. Sept. 30, 2019) ("[A]n expert generally must be disqualified where the expert has a direct financial interest in the case beyond simply getting paid for rendering an expert opinion and testifying about it." (citation omitted)). Since Defendants' Motion fails to address the fundamental evidentiary and public policy concerns that would be implicated by Defendant Lansky's qualification as an expert, Defendants' Motion should be denied.

**a. Defendants fail to meet their burden of proof that Defendant Lansky's proposed expert testimony meets the four requirements of Fed. R. Evid. 702.**

Rule 702 of the Federal Rules of Evidence requires that the proponent of expert testimony "demonstrate[] to the court that it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case."

Defendants' Motion asks this Court to permit Defendant Lansky to offer expert testimony, but Defendants do not meet their burden of proof in establishing that Defendant Lansky is qualified as an expert. The section of Defendants' Motion purporting to show that Defendant Lansky qualifies as an expert witness under Fed. R. Evid. 702 consists of just six sentences. (Doc. 173, pgs. 6-7). The case that Defendants rely on to interpret Rule

2

702's requirements, *United States v. Finley*, was decided in 2002 and thus does not discuss the current language of Rule 702, which has been amended twice since then, in 2011 and 2023. (Doc. 173, pg. 7).

A district court must exclude expert testimony unless the party offering it is able to prove all four Fed. R. Evid. 702 criteria by a preponderance of the evidence. *Engilis v. Monsanto Co.*, 151 F.4th 1040, 1050 (9th Cir. 2025). The district court's "gatekeeping role" regarding the admissibility of expert testimony under Rule 702 was established by the Supreme Court in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). Specifically, trial judges are tasked with "ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Id*. A district court abuses its discretion if it abandons this gatekeeping role by admitting expert testimony without first finding it to be relevant and reliable. *United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1189 (9th Cir. 2019). Defendants have failed to provide any independent evidence as to why Defendant Lansky meets the requirements of Fed. R. Evid. 702.

### b. Defendants fail to address the inherent conflict of Defendant Lansky being both a party in the case and an expert witness.

The district court's gatekeeping obligation with regards to expert testimony is grounded in a desire to preserve "intellectual rigor." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). But when an expert witness has a direct financial interest in the outcome of the litigation, "any semblance of independence or promise of intellectual rigor that normally adheres to an expert witness is fatally wounded."[1] *Perfect 10 v. Giganews, Inc.*, No. CV 11-07098-AB (SHx), 2014 U.S. Dist. LEXIS 185066, at *12 (C.D. Cal. Oct. 31, 2014).

---

[1] Defendant Lansky appears to agree that the credibility of experts who have a "direct financial interest" in the case is suspect. In the Proposed Expert Report, Defendant Lansky mischaracterizes the commercial services of YouMail, one of Plaintiffs' experts, and attempts to attack YouMail with the incorrect and unsupported claim that such services result in YouMail having "a direct financial interest in maximizing the scale of illegal robocalling." (Doc. 174, pg. 3).

The conflict of interest inherent in a defendant serving as his own expert witness is comparable to that of an expert witness receiving compensation pursuant to a contingent fee agreement. In both situations, the proposed expert has a direct financial stake in the outcome of the litigation. And in both situations, courts have found that public policy requires the exclusion of the challenged expert, as the risk of witness bias would be too great if the expert were permitted to testify. *See Accrued Fin. Svcs., Inc. v. Prime Retail, Inc.*, 298 F.3d 291 (4th Cir. 2002); *Perfect 10*, 2014 U.S. Dist. LEXIS 185066, at *19.

In *Perfect 10*, when presented with the proposed expert testimony of a party (the plaintiff corporation's sole shareholder), the court found that a "direct financial stake provides too great a temptation to practice deceit and to commit the too common crime of perjury." 2014 U.S. Dist. LEXIS 185066, at *17 (internal quotations and citation omitted). Using its inherent power to disqualify expert witnesses "to protect the integrity of the adversary process and promote public confidence in the legal system," the court did not permit the plaintiff-sole shareholder to testify as an expert. *Id*. at *17-18 (internal quotations and citation omitted). The *Perfect 10* holding has been adopted by district courts that have been presented with an expert witness with a direct financial stake in the litigation, including a party who attempts to testify as its own expert. *See IceMOS Tech Corp.*, 2019 U.S. Dist. LEXIS 168539, at *24 (citing the *Perfect 10* holding as a general rule); *SEC v. Cornerstone Acquisition & Mgmt. Co. LLC*, No. 22-CV-765 JLS (VET), 2025 U.S. Dist. LEXIS 12419, at *57-58 (S.D. Cal. Jan. 23, 2025) (prohibiting two party defendants from testifying as experts); *Calfox, Inc. v. Certain Underwriters at Lloyd's*, No. 20-CV-02443-RM-KMT, 2024 U.S. Dist. LEXIS 42483, at *30-32 (D. Colo. March 11, 2024) (prohibiting a proposed expert from testifying when he was employed by a public adjuster firm that was employed by the plaintiff on a contingency basis).

Plaintiffs' Complaint alleges that Defendant Lansky is liable for at least millions of dollars in statutory damages and civil penalties due to his role in facilitating the transmission of billions of illegal robocalls. Aside from Lansky's co-defendants, no one has a more direct financial interest in the outcome of this litigation. Lansky's direct and

1  staggering financial interest in this litigation creates too great a temptation to provide false
2  testimony; public policy thus demands that he not be permitted to testify as an expert.
3        This Court holds the gatekeeping authority described in *Daubert* and its progeny
4  and the inherent power to make necessary evidentiary rulings concerning expert testimony
5  to ensure a fair trial. Defendants' Motion fails to meet the burden of proof required for the
6  admission of expert testimony, and Defendant Lansky has a conflict of interest from his
7  direct financial interest in the outcome of this litigation. Thus, this Court should exercise
8  its gatekeeping authority and deny Defendant's Motion for Order Permitting Hybrid-Fact-
9  Expert Testimony by Michael D. Lansky (Doc. 173).

**II. In the alternative, fairness requires this Court to defer deciding Defendants' Motion until the close of expert discovery.**

12        A party seeking to challenge the qualification of an opposing party's expert typically
13  does so through a specific type of motion in limine, a *Daubert* motion. A *Daubert* motion
14  is a comprehensive challenge to the admissibility of expert testimony on grounds such as
15  inadequate expertise, questionable methodology, or unsupported conclusions. It is typically
16  filed after the close of expert discovery, when the parties have obtained sufficient
17  information to assess the opposing expert's qualifications and methodology.
18        By filing their Motion for Order Permitting Hybrid-Fact-Expert Testimony,
19  Defendants are asking this Court to preclude Plaintiffs from later filing a *Daubert* motion.
20  But expert discovery in this case is still ongoing; Plaintiffs' rebuttal expert testimony has
21  not been served, nor have any expert depositions taken place. Plaintiffs intend to bring a
22  detailed challenge to Defendant Lansky's proposed expert testimony at a time permitted
23  under the current Scheduling Order.
24        Defendants' Motion unfairly deprives Plaintiffs of the opportunity to bring a
25  meaningful challenge to Defendants' expert witness by limiting Plaintiffs' ability to gather
26  facts through expert discovery before bringing such a challenge. Accordingly, if the Court
27  is not now inclined to deny Defendants' Motion, Plaintiffs request that it defer its ruling
28  until after the close of expert discovery. A deferred ruling would simply keep this litigation
on the standard timetable for challenges to expert witnesses.

### III. Conclusion

Defendants' Motion does not make more than a passing effort to argue that this Court should qualify Defendant Lansky as an expert. Defendants have not proven that Defendant Lansky's proposed expert testimony meets Fed. R. Evid. 702's requirements, and thus Rule 702 requires this Court to act in its gatekeeping role to disqualify Lansky as an expert. And because Defendant Lansky has a direct financial interest in the outcome of this litigation, public policy demands that this Court exercise its inherent evidentiary power by excluding Lansky's expert testimony. Accordingly, Plaintiffs respectfully request that this Court deny Defendants' Motion for Order Permitting Hybrid-Fact-Expert Testimony by Michael D. Lansky (Doc. 173).

In the alternative, Plaintiffs respectfully request that this Court defer deciding Defendants' Motion until after the close of expert discovery, to allow Plaintiffs the time that they would otherwise have had to challenge an opposing party's expert.

<mark>Case 4:23-cv-00233-CKJ-MAA   Document 177   Filed 11/12/25   Page 7 of 17</mark>

RESPECTFULLY SUBMITTED this 12th day of November, 2025.

**FOR THE STATE OF ARIZONA:**

KRISTIN K. MAYES
Attorney General for the State of Arizona

/s/ John Raymond Dillon IV
JOHN RAYMOND DILLON IV
SARAH PELTON
Assistant Attorneys General
*Attorneys for the State of Arizona*

**FOR THE STATE OF INDIANA:**

TODD ROKITA
Attorney General for the State of Indiana

/s/ Douglas S. Swetnam
DOUGLAS S. SWETNAM
THOMAS L. MARTINDALE
Deputy Attorneys General
*Attorneys for the State of Indiana*

**FOR THE STATE OF NORTH CAROLINA:**

JEFF JACKSON
Attorney General for the State of North Carolina

/s/ Tracy Nayer
TRACY NAYER
ROCHELLE SPARKO
Special Deputy Attorneys General
*Attorneys for the State of North Carolina*

**FOR THE STATE OF OHIO:**

DAVE YOST
Attorney General for the State of Ohio

/s/ Erin B. Leahy
ERIN B. LEAHY
EMILY G. DIETZ
Assistant Attorneys General
*Attorneys for the State of Ohio*

*Lead Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2025, I caused the foregoing **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR ORDER PERMITTING HYBRID-FACT-EXPERT TESTIMONY BY MICHAEL D. LANSKY (DOC. 173)** to be filed and served electronically via the Court's CM/ECF system upon counsel of record.

/s/ Emily G. Dietz
Assistant Attorney General
Counsel for the Plaintiff State of Ohio

**LIST OF PLAINTIFFS' COUNSEL**

| | |
|---|---|
| John Raymond Dillon IV (AZ Bar No. 036796)<br>Sarah Pelton (AZ Bar No. 039633)<br>Assistant Attorneys General<br>Arizona Attorney General's Office<br>2005 North Central Avenue<br>Phoenix, AZ 85004<br>Phone: (602) 542-8018<br>Fax:     (602) 542-4377<br>john.dillonIV@azag.gov<br>sarah.pelton@azag.gov<br>*Attorneys for Plaintiff State of Arizona* | Tracy Nayer (NC Bar No. 36964)<br>Rochelle Sparko (NC Bar No. 38528)<br>Special Deputy Attorneys General<br>North Carolina Department of Justice<br>Consumer Protection Division<br>P.O. Box 629<br>Raleigh, North Carolina 27602<br>Phone:  (919) 716-6000<br>Fax:      (919) 716-6050<br>tnayer@ncdoj.gov<br>rsparko@ncdoj.gov<br>*Attorneys for Plaintiff State of North Carolina* |
| Douglas S. Swetnam (IN Bar No. 15860-49)<br>Thomas L. Martindale (IN Bar No. 29706-64)<br>Deputy Attorneys General<br>Office of the Indiana Attorney General Todd Rokita<br>Indiana Govt. Center South, 5th Fl.<br>302 W. Washington St.<br>Indianapolis, IN 46204-2770<br>Phone: (317) 232-6294 (Swetnam)<br>            (317) 232-7751 (Martindale)<br>Fax:     (317) 232-7979<br>douglas.swetnam@atg.in.gov<br>thomas.martindale@atg.in.gov<br>*Attorneys for Plaintiff State of Indiana* | Erin B. Leahy (OH Bar No. 0069509)<br>Emily G. Dietz (OH Bar No. 0104729)<br>Assistant Attorneys General<br>Office of Attorney General Dave Yost<br>30 East Broad Street, 14th Fl.<br>Columbus, OH 43215<br>Phone: (614) 752-4730 (Leahy)<br>            (614) 466-3493 (Dietz)<br>Erin.Leahy@OhioAGO.gov<br>Emily.Dietz@OhioAGO.gov<br>*Attorneys for Plaintiff State of Ohio* |

***Lead Counsel for Plaintiffs***

Lindsay D. Barton (AL Bar No. 1165-G00N)
Robert D. Tambling (AL Bar No. 6026-N67R)
Assistant Attorneys General
Office of the Alabama Attorney General
501 Washington Avenue
Montgomery, Alabama 36130
Phone: (334) 353-2609 (Barton)
       (334) 242-7445 (Tambling)
Fax:   (334) 353-8400
Lindsay.Barton@AlabamaAG.gov
Robert.Tambling@AlabamaAG.gov
*Attorneys for Plaintiff State of Alabama*

Amanda Wentz (AR Bar No. 2021066)
Assistant Attorney General
Office of Attorney General Tim Griffin
101 West Capitol Avenue
Little Rock, AR 72201
Phone: (501) 682-1178
Fax:   (501) 682-8118
amanda.wentz@arkansasag.gov
*Attorney for Plaintiff State of Arkansas*

Nicklas A. Akers (CA Bar No. 211222)
Senior Assistant Attorney General
Bernard A. Eskandari (CA Bar No. 244395)
Supervising Deputy Attorney General
Timothy D. Lundgren (CA Bar No. 254596)
Rosailda Perez (CA Bar No. 284646)
Deputy Attorneys General
Office of the California Attorney General
300 S. Spring St., Suite 1702
Los Angeles, CA 90013
Phone: (415) 510-3364 (Akers)
       (213) 269-6348 (Eskandari)
       (213) 269-6355 (Lundgren)
       (213) 269-6612 (Perez)
Fax:   (916) 731-2146
nicklas.akers@doj.ca.gov
bernard.eskandari@doj.ca.gov
timothy.lundgren@doj.ca.gov
rosailda.perez@doj.ca.gov
*Attorneys for Plaintiff People of the State of California*

Michel Singer Nelson (CO Bar No. 19779)
Assistant Attorney General II
Colorado Office of the Attorney General
Ralph L. Carr Judicial Building
1300 Broadway, 10th Floor
Denver, CO 80203
Phone: (720) 508-6220
michel.singernelson@coag.gov
*Attorney for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

| | |
|---|---|
| Brendan T. Flynn (Fed. Bar No. ct04545, CT Bar No. 419935)<br>Assistant Attorney General<br>Office of the Connecticut Attorney General William Tong<br>165 Capitol Avenue, Suite 4000<br>Hartford, CT 06106<br>Phone: (860) 808-5400<br>Fax:    (860) 808-5593<br>brendan.flynn@ct.gov<br>*Attorney for Plaintiff State of Connecticut* | Sean P. Saval (FL Bar No. 96500)<br>Sr. Assistant Attorney General<br>Michael P. Roland (FL Bar No. 44856)<br>Assistant Attorney General<br>Office of the Florida Attorney General<br>Department of Legal Affairs<br>Consumer Protection Division<br>3507 E. Frontage Rd, Suite 325<br>Tampa, FL 33607<br>Phone: (813) 287-7950<br>Fax:    (813) 281-5515<br>Sean.Saval@myfloridalegal.com<br>michael.roland@myfloridalegal.com<br>Zivile.Rimkevicius@myfloridalegal.com<br>*Attorneys for Plaintiff James Uthmeier, Attorney General of the State of Florida* |
| Ryan Costa (DE Bar No. 5325)<br>Deputy Attorney General<br>Delaware Department of Justice<br>820 N. French Street, 5th Floor<br>Wilmington, DE 19801<br>Phone: (302) 683-8811<br>Fax:    (302) 577-6499<br>Ryan.costa@delaware.gov<br>*Attorney for Plaintiff State of Delaware* | David A. Zisook (GA Bar No. 310104)<br>Senior Assistant Attorney General<br>Office of the Georgia Attorney General<br>40 Capitol Square SW<br>Atlanta, GA 30334<br>Phone: (404) 458-4294<br>Fax:    (404) 464-8212<br>dzisook@law.ga.gov<br>*Attorney for Plaintiff State of Georgia* |
| Laura C. Beckerman (DC Bar No. 1008120)<br>Senior Trial Counsel<br>Public Advocacy Division<br>D.C. Office of the Attorney General<br>400 6th Street NW, 10th Floor<br>Washington, DC 20001<br>Phone: (202) 655-7906<br>Laura.Beckerman@dc.gov<br>*Attorney for Plaintiff District of Columbia* | Christopher J.I. Leong (HI Bar No. 9662)<br>Deputy Attorney General<br>Hawaii Department of the Attorney General<br>425 Queen Street<br>Honolulu, HI 96813<br>Phone: (808) 586-1180<br>Fax:    (808) 586-1205<br>christopher.ji.leong@hawaii.gov<br>*Attorney for Plaintiff State of Hawaii* |

James J. Simeri (ID Bar No. 12332)
Consumer Protection Division Chief
Idaho Attorney General's Office
P.O. Box 83720
Boise, ID 83720-0010
Phone: (208) 334-4114
james.simeri@ag.idaho.gov
*Attorney for Plaintiff State of Idaho*

Philip Heimlich (IL Bar No. 6286375)
Assistant Attorney General
Elizabeth Blackston (IL Bar No. 6228859)
Consumer Fraud Bureau Chief
Office of the Illinois Attorney General
500 S. Second Street
Springfield, IL 62791
Phone: (217) 782-4436
philip.heimlich@ilag.gov
elizabeth.blackston@ilag.gov
*Attorneys for Plaintiff People of the State of Illinois*

Benjamin Bellus (IA Bar No. AT0000688)
William Pearson (IA Bar No. AT0012070)
Assistant Attorneys General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Phone: (515) 242-6536 (Bellus)
           (515) 242-6773 (Pearson)
Fax:     (515) 281-6771
Benjamin.Bellus@ag.iowa.gov
William.Pearson@ag.iowa.gov
*Attorneys for Plaintiff State of Iowa*

Nicholas C. Smith (KS Bar No. 29742)
Sarah M. Dietz (KS Bar No. 27457)
Assistant Attorneys General
Consumer Protection Section
Office of the Kansas Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, KS 66612
Phone: (785) 296-3751
Fax:     (785) 291-3699
Nicholas.Smith@ag.ks.gov
sarah.dietz@ag.ks.gov
*Attorneys for Plaintiff State of Kansas*

Jonathan E. Farmer (KY Bar No. 91999)
Deputy Executive Director of Consumer Protection
Office of the Attorney General of Kentucky
1024 Capital Center Drive, Ste. 200
Frankfort, KY 40601
Phone: (502) 696-5448
Fax:     (502) 573-8317
Jonathan.Farmer@ky.gov
*Attorney for Plaintiff Commonwealth of Kentucky*

ZaTabia N. Williams (LA Bar No. 36933)
Assistant Attorney General
Office of the Attorney General Liz Murrill
1885 North Third St.
Baton Rouge, LA 70802
Phone: (225) 326-6164
Fax:     (225) 326-6499
WilliamsZ@ag.louisiana.gov
*Attorney for Plaintiff State of Louisiana*

Brendan O'Neil (ME Bar No. 009900)
Michael Devine (ME Bar No. 005048)
Assistant Attorneys General
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333
Phone: (207) 626-8800
Fax:    (207) 624-7730
brendan.oneil@maine.gov
michael.devine@maine.gov
*Attorneys for Plaintiff State of Maine*

Philip Ziperman (Fed. Bar No. 12430)
Deputy Counsel
Office of the Attorney General
200 St. Paul Place
Baltimore, MD 21202
Phone: (410) 576-6417
Fax:    (410) 576-6566
pziperman@oag.state.md.us
*Attorney for Plaintiff Maryland Office of the Attorney General*

Carol Guerrero (MA Bar No. 705419)
Assistant Attorney General
Michael N. Turi (MA Bar No. 706205)
Deputy Chief, Consumer Protection Division
Massachusetts Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Phone: (617) 963-2783
Fax:    (617) 727-5765
mailto:Carol.Guerrero@mass.gov
Michael.Turi@mass.gov
*Attorneys for Plaintiff Commonwealth of Massachusetts*

Kathy P. Fitzgerald (MI Bar No. P31454)
Michael S. Hill (MI Bar No. P73084)
Assistant Attorneys General
Michigan Department of Attorney General
Corporate Oversight Division
P.O. Box 30736
Lansing, MI 48909
Phone: (517) 335-7632
Fax:    (517) 335-6755
fitzgeraldk@michigan.gov
Hillm19@michigan.gov
*Attorneys for Plaintiff People of the State of Michigan*

Bennett Hartz (MN Bar No. 0393136)
Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1200
Saint Paul, MN 55404
Phone: (651) 757-1235
bennett.hartz@ag.state.mn.us
*Attorney for Plaintiff State of Minnesota, by its Attorney General, Keith Ellison*

James M. Rankin (MS Bar No. 102332)
Special Assistant Attorney General
Mississippi Attorney General's Office
P.O. Box 220
Jackson, MS 39205
Phone: (601) 359-4258
james.rankin@ago.ms.gov
*Attorney for Plaintiff Lynn Fitch, Attorney General State of Mississippi*

Eliot Gusdorf (MO Bar No. 73225)
Assistant Attorney General
Office of the Missouri Attorney General
815 Olive Street, Suite 200
St. Louis, MO 63101
Phone: (314) 340-6816
Fax:     (314) 340-7891
eliot.gusdorf@ago.mo.gov
*Attorney for Plaintiff State of Missouri, ex. rel. Catherine L. Hanaway, Attorney General*

Brent Mead (MT Bar No. 68035000)
Deputy Solicitor General
Anna Schneider (MT Bar No. 13963)
Special Assistant Attorney General, Senior Counsel
Montana Attorney General's Office
Office of Consumer Protection
215 North Sanders Street
P.O. Box 200151
Helena, MT 59620-0151
Phone: (406) 444-4500
Brent.mead2@mt.gov
Anna.schneider@mt.gov
*Attorneys for Plaintiff State of Montana*

Gary E. Brollier (NE Bar No. 19785)
Assistant Attorney General
Office of the Attorney General Michael T. Hilgers
2115 State Capitol Building
Consumer Protection Division
Lincoln, NE 68509
Phone: (402) 471-1279
Fax:     (402) 471-4725
gary.brollier@nebraska.gov
*Attorney for Plaintiff State of Nebraska*

Michelle C. Badorine (NV Bar No. 13206)
Senior Deputy Attorney General
Office of the Nevada Attorney General
Bureau of Consumer Protection
100 North Carson Street
Carson City, NV 89701-4717
Phone: (775) 684-1164
Fax:     (775) 684-1299
MBadorine@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

Mary F. Stewart (NH Bar No. 10067)
Assistant Attorney General
New Hampshire Department of Justice
Office of the Attorney General
Consumer Protection and Antitrust Bureau
1 Granite Place South
Concord, NH 03301
Phone: (603) 271-1139
Mary.F.Stewart@doj.nh.gov
*Attorney for Plaintiff State of New Hampshire*

Blair Gerold (NJ Bar No. 294602019)
Jeffrey Koziar (NJ Bar No. 015131999)
Deputy Attorneys General
New Jersey Office of the Attorney General
Division of Law
124 Halsey Street
Newark, NJ 07101
Phone: (609) 696-5363
Fax:     (973) 648-3879
Blair.Gerold@law.njoag.gov
Jeff.koziar@law.njoag.gov
*Attorneys for Plaintiff State of New Jersey*

Billy Jimenez (NM Bar No. 144627)
Assistant Attorney General
New Mexico Department of Justice
408 Galisteo St.
Santa Fe, New Mexico 87501
Phone: (505) 527-2694
Fax:     (505) 490-4883
Bjimenez@nmdoj.gov
*Attorney for Plaintiff Raúl Torrez, New Mexico Attorney General*

Glenna Goldis (NY Bar No. 4868600)
Assistant Attorney General
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (646) 856-3697
Glenna.goldis@ag.ny.gov
*Attorney for Plaintiff Office of the Attorney General of the State of New York*

Elin S. Alm (ND Bar No. 05924)
Christopher Glenn Lindblad (ND Bar No. 06480)
Assistant Attorneys General
Office of North Dakota Attorney General
Consumer Protection & Antitrust Division
1720 Burlington Drive, Suite C
Bismarck, ND 58504-7736
Phone: (701) 328-5570
Fax:     (701) 328-5568
mailto:ealm@nd.gov
clindblad@nd.gov
*Attorneys for Plaintiff State of North Dakota*

Sylvia Lanfair (OK Bar No. 30144)
Assistant Attorney General
Office of the Oklahoma Attorney General
313 N.E. 21st St.
Oklahoma City, OK 73105
Phone: (405) 522- 8129
Fax:     (405) 522-0085
mailto:sylvia.lanfair@oag.ok.gov
*Attorney for Plaintiff State of Oklahoma ex rel. Attorney General Gentner Drummond*

Jordan M. Roberts (OR Bar No. 115010)
Senior Assistant Attorney General
Oregon Department of Justice
Economic Justice Section
100 SW Market St.
Portland, OR 97201
Phone: (971) 673-1880
Fax:     (971) 673-1884
jordan.m.roberts@doj.oregon.gov
*Attorney for Plaintiff State of Oregon*

Mark W Wolfe (PA Bar No. 327807)
Deputy Attorney General
Pennsylvania Office of Attorney General
Strawberry Square, 15th Floor
Harrisburg, PA 17120-0001
Phone: (717) 772-3558
Fax:     (717) 705-3795
mwolfe@attorneygeneral.gov
*Attorney for Plaintiff Commonwealth of Pennsylvania by Attorney General David W. Sunday, Jr.*

| | |
|---|---|
| Stephen N. Provazza (RI Bar No. 10435)<br>Assistant Attorney General<br>Rhode Island Office of the Attorney General<br>150 S. Main Street<br>Providence, RI 02903<br>Phone: (401) 274-4400, ext. 2476<br>Fax:    (401) 222-1766<br>sprovazza@riag.ri.gov<br>*Attorney for Plaintiff State of Rhode Island* | David Shatto (Fed. Bar No. 3725697; TX Bar No. 24104114)<br>Assistant Attorney General<br>Attorney General for the State of Texas<br>Office of the Attorney General<br>P.O. Box 12548 (MC-010)<br>Austin, TX 78711<br>Phone: (512) 463-2185<br>Fax:    (512) 473-9125<br>David.Shatto@oag.texas.gov<br>*Attorney for Plaintiff State of Texas* |
| Kristin Simons (SC Bar No. 74004)<br>Senior Assistant Attorney General<br>South Carolina Attorney General's Office<br>P.O. Box 11549<br>Columbia, SC 29211-1549<br>Phone: (803) 734-6134<br>mailto:ksimons@scag.gov<br>*Attorney for Plaintiff State of South Carolina* | Alexandra Butler (UT Bar No. 19238)<br>Assistant Attorney General<br>Utah Attorney General's Office<br>160 East 300 South, 5th Floor<br>P.O. Box 140872<br>Salt Lake City, UT 84114-0872<br>Phone: (385) 910-5533<br>Fax:    (801) 366-0315<br>alexandrabutler@agutah.gov<br>*Attorney for Plaintiff Utah Division of Consumer Protection* |
| Austin C. Ostiguy (TN Bar No. 040301)<br>Tyler T. Corcoran (TN Bar No. 038887)<br>Assistant Attorneys General<br>Office of the Tennessee Attorney General<br>P.O. Box 20207<br>Nashville, TN 37202<br>Phone: (615) 532-7271 (Ostiguy)<br>           (615) 770-1714 (Corcoran)<br>Fax:    (615) 532-2910<br>austin.ostiguy@ag.tn.gov<br>tyler.corcoran@ag.tn.gov<br>*Attorneys for Plaintiff State of Tennessee* | James Layman (VT Bar No. 5236)<br>Office of the Vermont Attorney General<br>109 State Street<br>Montpelier, VT 05609-1001<br>Phone: (802) 828-2315<br>Fax:    (802) 304-1014<br>James.Layman@vermont.gov<br>*Attorney for Plaintiff State of Vermont* |

Geoffrey L. Ward (VA Bar No. 89818)
Senior Assistant Attorney General
Office of the Attorney General of Virginia
202 N. Ninth St.
Richmond, VA 23219
Phone: (804) 371-0871
Fax:    (804) 786-0122
gward@oag.state.va.us
*Attorney for Plaintiff Commonwealth of Virginia, ex rel. Jason S. Miyares, Attorney General*

Zorba Leslie (WA Bar No. 58523)
Assistant Attorney General
Washington State Attorney General's Office
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Phone: (206) 340-6787
Fax:    (206) 464-6451
zorba.leslie@atg.wa.gov
*Attorney for Plaintiff State of Washington*

Ashley T. Wentz (WV Bar No. 13486)
Assistant Attorney General
West Virginia Attorney General's Office
Consumer Protection/Antitrust Division
P.O. Box 1789
Charleston, WV 25326
Phone: (304) 558-8986
Fax:    (304) 558-0184
Ashley.T.Wentz@wvago.gov
*Attorney for Plaintiff State of West Virginia ex rel. John B. McCuskey, Attorney General*

Gregory A. Myszkowski (WI Bar No. 1050022)
Assistant Attorney General
Wisconsin Department of Justice
P.O. Box 7857
Madison, WI 53707-7857
Phone: (608) 266-7656
Fax:    (608) 294-2907
gregory.myszkowski@wisdoj.gov
*Attorney for Plaintiff State of Wisconsin*

Cameron W. Geeting (WY Bar No. 7--5338)
Senior Assistant Attorney General
Consumer Protection and Antitrust Unit
Wyoming Attorney General's Office
2320 Capitol Avenue
Cheyenne, Wyoming 82002
Phone: (307) 777-3795
cameron.geeting1@wyo.gov
*Attorney for Plaintiff State of Wyoming*