Neil S. Ende, Esq.
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
*nende@tlgdc.com*
Telephone: (202) 895-1707
Attorneys for Michael D. Lansky,
Michael D. Lansky, LLC *dba* Avid Telecom

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

―――――――――――――――――――――――――

State of Arizona, et al.,
Plaintiffs,

v.                                                          Case No. 4:23-cv-00233

Michael D Lansky LLC, et al.,
Defendants.

―――――――――――――――――――――――――

**Reply of Defendants to Response in Opposition to Motion for**
**<u>Order Permitting Hybrid Testimony by Michael D. Lansky</u>**

**TABLE OF CONTENTS**

Introduction ................................................................................................... 1

Argument ....................................................................................................... 2

   1.  Lansky Meets the Standard to be a Hybrid Witness ............................. 2

   2. Plaintiffs' Assertion of Inherent Conflict is a Desperate Distraction Lacking in Merit ........................................................................................................ 6

   3.  The Court Should Not Defer Ruling on the Motion .............................. 7

# TABLE OF AUTHORITIES
**Cases**

*Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993)..................................................................................................................8

*Engilis v. Monsanto Co.*, 151 F.4th 1040(9th Cir. 2025) ................................................8

*Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817(9th Cir. 2011) ...........3, 6

*Perfect 10 v. Giganews, Inc.*, No. CV 11-07098-AB (SHx), 2014 U.S. Dist. LEXIS 185066, at *12 (C.D. Cal. Oct. 31, 2014)....................................................................7

*Tagatz v. Marquette University,* 861 F.2d 1040 (7th Cir 1988)......................................7

*U.S. v. Betro,* 115 F.4th 429(6th Cir.2024) ....................................................................4

*U.S. v. Christian*, 673 F.3d 702(7th Cir.2012) ..............................................................3

*U.S. v. Perkins*, 470 F.3d 150 (4th Cir.2006) .................................................................4

*United States v. Figueroa-Lopez,* 125 F.3d 1241(9th Cir. 1997)...................................3

*United States v. Ruvalcaba-Garcia*, 923 F.3d 1183(9th Cir. 2019)...............................5

**Statutes**

FRE 701 ............................................................................................................................4

FRE 702 .........................................................................................................................2, 6

FRCP Rule 26(a)(2)(A) ....................................................................................................1

FRCP Rule 26(a)(2)(B) .................................................................................................1, 6

FRCP Rule 26(a)(2)(C) ....................................................................................................1

Michael D. Lansky, LLC dba Avid Telecom, LLC ("Avid Telecom"), Michael D. Lansky ("Lansky"), and Stacey Reeves ("Reeves"), by and through their undersigned counsel, hereby reply to the Response in Opposition Motion for Order Permitting Hybrid-Fact-Expert Testimony by Michael D. Lansky.

**Introduction**

Hybrid fact–expert witness is expressly permitted under Federal Rule of Civil Procedure 26(a)(2)(C). It is also an accepted and valued practice in courts across the country, including in Arizona and the Ninth Circuit.

Hybrid expert witnesses are not evaluated or treated in the same manner as traditional expert witnesses are treated under Rule 702. Among other things, hybrid expert witnesses are not required to provide a report under Rule 26(a)(2)(B), and they may testify both as a fact witness and also provide testimony based on their subject matter specific experience and expertise.

Parties presenting hybrid testimony must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C). Defendants have met each of these requirements. Lansky has also made very substantial disclosures, well in excess of those required under FRCP Rule 26(a)(2)(C). Yet, remarkably, in their response, Plaintiffs make no mention of Rule 26(a)(2)(C) and they repeatedly conflate the more stringent requirements imposed on expert witnesses under FRCP rule 26(a)(2)(B) with the lesser obligations imposed on hybrid expert witnesses under FRCP Rule 26(a)(2)(C). For this reason alone, Plaintiffs' cynical effort to deny Defendants the opportunity to fully challenge their expert report must fail.

Defendants did not volunteer to file hybrid testimony rather than traditional expert testimony. Rather, the sole reason for Michael Lansky to provide hybrid testimony is that Plaintiffs have intentionally taken steps to financially cripple Defendants, making it impossible for them to incur the significant costs associated with engaging an independent expert. Plaintiffs should not be rewarded for this conduct.

Even the most cursory review of Lansky's hybrid testimony reveals his extraordinary knowledge of the telecom industry as well as his personal knowledge of the facts alleged. Indeed, unlike Mr. Rudolph, who has no actual industry experience—choosing instead to opine from "on high" with generic platitudes and unsupported speculative allegations of fact—Lansky has decades of real world, on the ground day-to-day experience. Moreover, unlike Mr. Rudolph, who relies on but refuses to reveal any element of the self-serving "algorithm" on which his testimony is based, Lansky's hybrid testimony is based on facts of which he has personal knowledge and which he transparently discusses in detail. Given this contrast, it is no wonder that Plaintiffs fear the full consideration of the Lansky hybrid testimony and look for excuses to bar its admission.

As set forth below, the simple fact is that Lansky fully qualifies as a hybrid witness under FRCP Rule 26(a)(2)(C) and qualifies as an expert under FRE 702.

**Argument**

**1. Lansky Meets the Standard to be a Hybrid Witness**

The standard to qualify as a hybrid witness is different from the standard to be an expert witness. Plaintiffs' pleading, either intentionally or accidentally, ignores this difference. Lansky qualifies as a hybrid witness because he brings more than two

decades of specialized knowledge as the CEO of a telecom company. Moreover, and critically, unlike Plaintiffs' hired witness, who has no such experience, and who wilfully hides the "algorithm" that underlies every aspect of his testimony, Lansky has personal knowledge and fully reveals every factual allegation that is offered in his testimony and the basis of every conclusion that he offers. As a result, there is truly no comparison between the transparent testimony offered by Lansky, based on his personal knowledge, and the "take my word for it", opaque, self-serving testimony provided by Rudolph, who has no personal knowledge of any of the facts presented and whose company relies on claims of illegal robocalling for its economic survival.

The presentation of hybrid testimony in circumstances like these is widely accepted by courts across the country. "A witness can qualify as both a fact and expert witness, and an expert may base an opinion on fact or data in the case that the expert has personally observed." See *U.S. v. Christian*, 673 F.3d 702, 708-09 (7th Cir.2012). This is exactly the fact pattern presented to the Court here. ". . . the [FREs] do not distinguish between expert and lay *witnesses*, but rather between expert and lay testimony. [T]he distinction between expert and lay testimony is often far from clear in cases where … a witness with specialized knowledge was also personally involved in the factual underpinnings of the case." *Id*.

Applying these principles, the Ninth Circuit has considered a law enforcement agent and physician as a lay witness and an expert witness based on his experience and knowledge. See *United States v. Figueroa-Lopez,* 125 F.3d 1241, 1246 (9th Cir. 1997); *See also Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817, 819 (9th Cir. 2011). Again, applying these principles, the Sixth Circuit has allowed treating

3

physicians to testify to their first-hand observations and treatment of a patient without being qualified as experts. *See U.S. v. Betro,* 115 F.4th 429, 450-51 (6th Cir.2024).

The Fourth Circuit also has stated "While we have noted that '[a] critical distinction between [FRE] 701 and [FRE] 702 testimony is that an expert witness must possess some specialized knowledge or skill or education that is not in possession of the jurors,' … we also have acknowledged that the 'subject matter of Rule 702 testimony need not be arcane or even especially difficult to comprehend….' The interpretive waters are muddier still: while lay opinion testimony *must* be based on personal knowledge, … 'expert opinions may [also] be based on firsthand observation and experience.[1] Hence, as it is not disputed—indeed it is the core of Plaintiffs' claims of personal liability against Lansky—that Lansky has expertise and first-hand knowledge of all material facts, it is nothing short of cynical and disingenuous for Plaintiffs to challenge Lansky's right to provide hybrid testimony—which right flows from that exact same knowledge and experience—now.

It is also beyond legitimate dispute that Lansky qualifies as an expert. First, Lansky was the CEO of Avid Telecom for more than two decades; a company that he ran himself through direct involvement in all aspects of its operations. As a result, it is beyond reasonable dispute has considerable expertise in all aspects of the telecommunications business, including networking and technology issues, regulatory compliance, and robocall mitigation, including direct involvement in creating compliance protocols. Indeed, Lansky's actual real-world experience and his personal knowledge make a mockery of Rudolph's complete absence of real-world knowledge

---

[1] *U.S. v. Perkins*, 470 F.3d 150, 155-56 (4th Cir.2006)

4

and experience, his lack of any personal knowledge and his allegations of fact, all of which are based on data provided by unknown and unidentified third parties and the unexplained application of a hidden algorithm that has never been revealed or subject to peer review.

Second, for Plaintiffs to challenge Lansky's testimony, they must assume that the Court did not read any portion of their 630-paragraph complaint, which relies, both as a matter of fact and as a matter of law, on the very personal knowledge and conduct that Plaintiffs choose to ignore now.  For example, in the complaint, Plaintiffs allege that "Michael Lansky, the CEO of Avid Telecom in the business of providing VoIP services, facilitating or initiating robocalls, and/or helping others make robocalls". [Dkt. 1 at 9]. Also, Plaintiffs allege that Defendants have expertise in facilitating robocalls, DID Management, and industry compliance. [Dkt 1 at 20]. and, perhaps most cynically, it is these same Plaintiffs that attempt to hold Michael Lansky personally liable, based on the repeated allegation that he had direct knowledge of transmitting the call traffic through Avid Network.[Dkt 1 at 83-84].

Plaintiffs rely on *United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1189 (9th Cir. 2019) in support of the allegation that Defendants have somehow failed to provide adequate independent evidence as to why Defendant Lansky meets the requirements of Fed. R. Evid. 702.  This case is stunningly inapposite on many levels.  First, the case is factually inapposite as it turned on specific facts regarding the alleged failure by a witness to independently verify conclusions regarding a fingerprint. It did not turn on the issue of witness qualification. Moreover, even if considered on its facts, the Ninth Circuit held that the district court's lack of an explicit finding of reliability through

5

independent verification/evidence was harmless, and the Court relied on the expert testimony.

Even if considered, the Daubert standard is not applicable to the Hybrid-Fact expert witness. FRE 702, which is the lawful basis for the application of the Daubert standard, requires disclosure under FRCP rule 26(a)(2)(B). The disclosure requirement for a hybrid expert is provided under FRCP rule 26(a)(2)(C). That Rule merely requires that for a hybrid witness to testify, he/she is merely required to disclose the subject matter of his/her testimony along with a summary of facts and opinions to which the witness is expected to testify. For this reason, the Ninth Circuit has held that, where hybrid testimony is being offered, "A treating physician who is expected to testify regarding opinions formed during the course of treatment need not submit a detailed expert report." *Goodman*, 644 F.3d at 826; *See also Merch. v. Corizon Health, Inc.*, 993 F.3d 733, 739–40 (9th Cir. 2021). Lansky's hybrid testimony meets each of the standards of the FRE as interpreted by the Ninth Circuit.

**2. Plaintiffs' Assertion of Inherent Conflict is a Desperate Distraction Lacking in Merit**

First, the most obvious point. If accepted, Plaintiffs' unsupported claim that Lansky should be denied the right to provide hybrid testimony because he has a financial interest in the outcome of the case would effectively bar the presentation of hybrid testimony—which is almost always presented by a defendant—in any case. *See, e.g., Goodman*, *supra*. Perhaps, this reality explains why Plaintiffs offer no case support for this argument.

Lansky is offering hybrid testimony both because he has the personal knowledge and experience to do so and because the wilful destruction of his business and livelihood

preclude him from having the economic means to hire an outside expert.[2] Plaintiffs' argument that Lansky should be barred based on a financial interest also cynically ignores the fact that YouMail has a far more massive financial interest—tens of millions of dollars—in the outcome of this case, as the core of both its underlying voicemail business and its expert testimony business (YouMail Protective Services) relies directly on fostering a specific view of the reality and dangers of robocalling.

The weight of the binding precedent in the Ninth Circuit and in the Arizona district courts supports allowing hybrid testimony in circumstances just like these. Apparently, for this reason, Plaintiffs rely exclusively on non-binding and factually inapposite caselaw from other jurisdictions. This Court should ignore those cases for both reasons.[3]

### 3. The Court Should Not Defer Ruling on the Motion

Plaintiffs clearly understand that their opposition to the Motion lacks merit. In recognition of this reality, Plaintiffs seek to defer what they expect will be an adverse ruling based on the language of the applicable Rules as well as the overwhelming facts supporting the Motion. They offer this "hail Mary" request in the hope that deferring a decision until the parties argue their Daubert motions will give them a second

---

[2] *See, e.g., Tagatz v. Marquette University,* 861 F.2d 1040, 1042 (7th Cir 1988) ("the fact that a party testifying as his own expert is not disinterested does not distinguish him from any other party who testifies in his own behalf; and hired experts, who generally are highly compensated-and by the party on whose behalf they are testifying-are not notably disinterested.")

[3] For example Plaintiffs cite a California copyright case, *Perfect 10 v. Giganews, Inc.*, No. CV 11-07098-AB (SHx), 2014 U.S. Dist. LEXIS 185066, at *12 (C.D. Cal. Oct. 31, 2014), which was decided on its specific facts, where the Court refused to allow hybrid testimony from a witness who demonstrably did not have the personal knowledge or experience to provide that testimony.

opportunity to conflate the standard applicable for allowing hybrid testimony with inapplicable Daubert standards.

Plaintiffs' effort to defer judgment day should be rejected for several reasons. First, it is well established that a witness can qualify as both a fact and an expert witness, and an expert may base an opinion on fact or data in the case that the expert has personally observed. The [FREs] **do not distinguish between expert and lay witnesses**, but rather between expert and lay testimony.[4]

It is also important to note that the Daubert standard applies to the reliability of the testimony itself and not to the right to provide the testimony at issue. *See Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993); *Cooper v. Brown*, 510 F.3d 870, 880–81 (9th Cir.2007). Further, even the precedent relied on by the Plaintiff states it applies to the testimony and not the witness itself. *See Engilis v. Monsanto Co.*, 151 F.4th 1040, 1050 (9th Cir. 2025).

Plaintiffs will have an ample opportunity to address the reliability of Lansky's hybrid testimony in deposition and at trial. There is no reason to do so now. Hence, there is no reason to defer the decision of this court on admitting Michael Lansky as a hybrid expert witness.

## Conclusion

The use of hybrid testimony is well established in Arizona and in the Ninth Circuit. There is no dispute that Lansky has the personal knowledge and experience to provide valuable hybrid testimony, and his testimony meets each of the prerequisites to present that testimony. Any, fairly viewed, given the extraordinarily difficult personal

---

[4] *See U.S. v. Christian*, 673 F.3d 702, 708-09 (7th Cir.2012)

and circumstances that Defendants face, allowing them to present substantive hybrid testimony on all critical issues is the right and the fair thing to do.

Accordingly, for the reasons stated, Defendants respectfully request that the Court grant their motion to accept Michael Lansky as a hybrid expert witness and permit his testimony to encompass both factual and expert opinion evidence as set out therein.

                                            Respectfully submitted,

*/s/ Neil S. Ende*

_____
Neil S. Ende
*Pro Hac Vice*
*Counsel to Michael D. Lansky, LLC*
*dba Avid Telecom Michael D. Lansky*
Dated:  November 19, 2025       *and Stacey S. Reeves*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of November 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

/s/ Silsa Cabezas
_____
Silsa Cabezas