WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, *ex rel.* Kristin K. Mayes, Attorney General; *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>Michael D. Lansky, L.L.C., dba Avid Telecom; *et al.*,<br><br>    Defendants. | No. CIV 23-233-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is the Motion for Leave to File Further Supplemental Motion to Dismiss ("Motion to Supplement") (Doc. 150) filed by Defendants Michael D. Lansky, *et al* ("Defendants" or "Avid"). Plaintiffs State of Arizona, *ex rel*. Kristin K. Mayes, *et al*. ("Plaintiffs" or "AGs") have filed a response (Doc. 160) and Avid has filed a reply (Doc. 164).

*Applicable Procedural History*

In its original Motion to Dismiss, Avid sought dismissal of the claim of personal liability against Michael D. Lansky ("Lansky") based on a common law piercing of the corporate veil and on the alleged inadequacy of Plaintiffs' claims arising under the Telecommunications Consumer Protection Act ("TCPA") (Doc. 39).

Avid sought to supplement its Motion to Dismiss, citing new case law which had determined no personal liability existed even where a defendant personally participated in or directed a TCPA violation (Doc. 62). The Court denied the request, finding the case law was not binding precedent and was not issued before the filing of the original Motion (or

1  relied on those prior decisions).  May 8, 2024, Order (Doc. 64).

2  On September 12, 2025, Avid filed the pending Motion to Supplement.  Avid asserts new Supreme Court authority warrants supplementing his Motion to Dismiss.  *See e.g. Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412–13 (2024); *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146, 168 (2025).  Avid's Motion to Supplement also argues that, as interpreted by the Ninth Circuit, Fed.R.Civ.P. 12(g) allows consideration of the issues.  *See In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 319 (9th Cir. 2017), *aff'd sub nom. Apple Inc. v. Pepper*, 587 U.S. 273 (2019).  Finding "practical wisdom" in authority from the Third Circuit, the Tenth Circuit, and district court cases, as well as 2–12 Moore's Federal Practice—Civil § 12.23 ("[B]ecause [a 12(b)(6) defense] is so basic and was not waived, [a district] court might properly entertain a second motion if it were convinced it was not interposed for delay and that addressing it would expedite disposition of the case on the merits."), the Ninth Circuit determined "practical wisdom" leads to be "forgiving of a district court's ruling on the merits of a late-filed Rule 12(b)(6) motion."

Avid also argues Fed.R.Civ.P. "15(d) gives district courts broad discretion to allow supplemental pleadings, including after a motion to dismiss[.]" Reply (Doc. 164, p. 2.).  They further assert reconsideration is appropriate because there is an intervening change in law.

Plaintiffs assert, however, a Motion to Supplement is an inappropriate vehicle to request consideration of intervening law and, therefore, Avid's request should be denied.  Even if the Court considers the request as a motion for reconsideration, Plaintiffs assert the request should be denied because Avid did not include the argument in their original Motion to Dismiss and is untimely.

The Court disagrees with Avid that Fed.R.Civ.P. 15(d) affords the Court broad discretion to allow Avid to amend its motion to dismiss.  By its terms, Fed.R.Civ.P. 15(d), only applies to pleadings.  Fed.R.Civ.P. 7 makes clear there is a distinction between pleadings and motions.  *See also* Fed.R.Civ.P. 15, Committee Notes on Rules – 2009

1    Amendment ("a motion is not a 'pleading' as defined in Rule 7").

2          However, Ninth Circuit authority recognizes the practical wisdom of considering a
3    late-filed motion to dismiss. Whether entitled a late-filed motion to dismiss, a supplemental
4    motion to dismiss, or a motion to reconsider, the Court finds it appropriate to consider the
5    substance of Avid's arguments. *See e.g. Andersen v. United States*, 298 F.3d 804, 807 (9th
6    Cir. 2002) ("The substance of the motion, not its form, controls its disposition."); *Prudential*
7    *Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 880 (9th Cir.2000) ("[T]he
8    label attached to a motion does not control its substance."); *United States v. Dieter*, 429 U.S.
9    6, 8-9 (1976) ("It is true that the Government's post-dismissal motion was not captioned a
10   'petition for rehearing,' but there can be no doubt that in purpose and effect it was precisely
11   that, asking the District Court to 'reconsider (a) question decided in the case' in order to
12   effect an 'alteration of the rights adjudicated.'").

13         Asserting a change in controlling law, Avid seeks dismissal of the personal liability
14   claims based on the application of the TCPA. Avid asserts the deference afforded to the
15   interpretation of the Federal Communications Commission ("FCC") that personal liability
16   may be imposed is no longer required under *Loper Bright* and *McLaughlin*. Avid asserts:

> Indeed, the only basis for the application of personal and vicarious liability has been the unilateral interpretation of the TCPA by the FCC that personal liability can be applied. Thus, while the *Chevron* Doctrine was the "law of the land", courts generally fell in line and deferred to the FCC's interpretation, finding that personal liability can be applied.[3]
>
> [3]FCC's interpretation of TCPA stating that "The agency has clarified that the sender subject to liability under the statute is the person "on whose behalf [the faxes] are transmitted,". *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 10 FCC Rcd. 12391, 12407 (1995) [hereinafter 1995 Order]. *City Select Auto Sales Inc. v. David Randall Assocs., Inc.*, 885 F.3d 154, 159 (3d Cir. 2018) & also relied in *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245 (11th Cir. 2015). Even the Supreme Court, when determining whether vicarious Liability applies under the TCPA, has deferred to the FCC's interpretation of the statute. See *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 168, 136 S. Ct. 663, 193 L. Ed. 2d 571 (2016) (citing In re Joint Petition Filed by DISH Network, LLC, 28 FCC Rcd. 6574 (F.C.C. 2013)).

Motion to Supplement Motion to Dismiss (Doc. 150, p. 4).

         The issuance of *McLaughlin*, which made clear *Loper Bright* applied to the TCPA,

constitutes "new . . . legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g).  Further, because those opinions were issued more than 14 days after the Court's May 8, 2024, Order, good cause exists to accept the document if it is treated as a Motion for Reconsideration.

The Court finds it appropriate to grant Avid's Motion to Supplement (Doc. 150) and treat Avid's lodged Supplement to Defendants' Motion to Dismiss (Doc. 151) as a Motion for Reconsideration.  The Court will schedule a response and reply time for the Motion for Reconsideration.  *See* LRCiv 72.2(g)(2) (motion for reconsideration may not be granted without providing opposing party an opportunity to respond).

Accordingly, IT IS ORDERED:

1. Avid's Motion to Supplement (Doc. 150) is GRANTED.

2. Avid shall docket its lodged Supplement to Defendants' Motion to Dismiss (Doc. 151) as a Motion for Reconsideration on or before November 25, 2025.

3. Plaintiffs shall file any response on or before December 19, 2025; Avid shall file any reply on or before January 5, 2026.

DATED this 19th day of November, 2025.

_____
Cindy K. Jorgenson
United States District Judge