KRISTIN K. MAYES
Attorney General of Arizona
(Firm AZ State Bar No. 14000)
John Raymond Dillon IV (AZ State Bar No. 036796)
Sarah Pelton (AZ State Bar No. 039633)
Office of the Arizona Attorney General
2005 North Central Avenue
Phoenix, AZ 85004
Phone: (602) 542-3725
Fax:     (602) 542-4377
consumer@azag.gov
Counsel for Plaintiff State of Arizona

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, *ex rel*. Kristin K. Mayes, Attorney General, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>Michael D. Lansky, L.L.C., dba Avid Telecom, *et al.*,<br><br>　　　　Defendants. | CASE NO.:  4:23-cv-00233- TUC-CKJ (MAA)<br><br><br>**PLAINTIFFS' MOTION TO DETERMINE THE SUFFICIENCY OF DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUESTS FOR ADMISSION** |

Pursuant to Rule 36(a)(6) of the Federal Rules of Civil Procedure, Plaintiff States (collectively, "Plaintiffs"), respectfully request the Court to determine the sufficiency of certain answers and objections from Defendants Michael D. Lansky, L.L.C. dba Avid Telecom ("Avid Telecom"), Stacey S. Reeves ("Reeves"), and Michael D. Lansky ("Lansky"), collectively, "Defendants", in response to Plaintiffs' First Set of Requests for Admission (the "Requests").

This Motion is supported by the following Memorandum of Points and Authorities, the Declaration of Sarah Pelton and the exhibits attached thereto, any oral argument that

may be heard on this issue, all other pleadings and papers on file in this action, and any other evidence that may be presented to the Court.

## GOOD FAITH CONSULTATION CERTIFICATE

In accordance with Rule 37(a)(1) of the Federal Rules of Civil Procedure and Local Rule 7.2(j), undersigned counsel represents that prior to filing the instant Motion, Plaintiffs attempted to personally confer with Defendants' counsel regarding their failure to respond to Plaintiffs' Requests, but to no avail. *See* Declaration of Sarah Pelton ("Pelton Decl."), dated December 5, 2025 at ¶¶ 8-9, Ex. G. Accordingly, Plaintiffs were left with no alternative other than to file and serve this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION**

Plaintiffs brought this lawsuit to protect consumers from Defendants' illegal telemarketing and robocall schemes. As set forth in the Complaint, Defendants Avid Telecom, Lansky and Reeves are in the business of providing Voice over Internet Protocol ("VoIP") services, facilitating or initiating robocalls, and/or helping others make illegal robocalls – in violation of multiple state and federal laws.

On August 20, 2025, Plaintiffs served Defendants with the Requests seeking admission of relevant and admissible evidence in Defendants' knowledge related to Plaintiffs' causes of action under the Telemarketing and Consumer Fraud and Abuse Prevention Act, the Telemarketing Sales Rules, the Telephone Consumer Protection Act, the Truth in Caller ID Act, as well as other state and federal laws, and Defendant Avid Telecom's claimed defenses thereto. *See* Pelton Decl. at ¶ 3, Ex. A.

In violation of Rule 36, Defendants failed to provide timely and sufficient responses to Plaintiffs' Requests. *See* Pelton Decl. at ¶ 6. Accordingly, Plaintiffs request the Court to determine the sufficiency of Defendants' untimely responses.

## II.    **RELEVANT FACTS**

On or around August 20, 2025, Plaintiffs served each Defendant with the Requests pursuant to Rule 36 of the Federal Rules of Civil Procedure. *See* Pelton Decl. at ¶ 3, Ex. A. The Requests sought relevant discovery regarding matters at the heart of the Complaint and Defendants' defenses thereto, namely admissions concerning Defendants' business of facilitating, initiating, and/or helping others make illegal robocalls; Defendants' business records evidencing illegal telemarketing and robocalling activity; Defendants' purposeful failure to implement any mitigating or corrective measures to prevent the perpetration of illegal telemarketing and robocalling activity; and the monies and compensation Defendants earned through its illegal telemarketing and robocalling activity. *Id*. at Ex. A.

Pursuant to Rule 36(a)(3), Defendants were required to provide responses to Plaintiffs' Requests by September 19, 2025. *See* Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days of being served, the party to whom the request is directed serves on the requesting party a written answer or objection").

On or around September 19, 2025, defense counsel emailed Plaintiffs' counsel seeking an extension until September 23, 2025 to serve Defendants' responses. *See* Pelton Decl. at ¶ 5, Ex. B. Plaintiffs' counsel stipulated to the requested extended deadline; however, Defendants did not serve their responses until September 24, 2025. *Id*. at ¶ 6-7, Exs. C-F. Defendants' untimely responses were insufficient as they were replete with numbering and typographical errors, relied on meritless and boilerplate objections, and failed to address the substance of the Requests. Additionally, Defendant Reeves served a replacement set of RFAs the same day, as defense counsel recalled the first copy for retaining attorney work product. *Id*. at ¶ 7.

On or around October 17, 2025, Plaintiffs' counsel sent a meet and confer email correspondence to defense counsel regarding Defendants' deficient responses. *Id*. at ¶ 8, Ex. G. Defense counsel failed to respond to Plaintiffs' correspondence. *Id*. at ¶ 9.

3

On or around November 24, 2025, the Court held a discovery status conference for the parties, where Plaintiffs outlined the same concerns regarding Defendants' Responses as in the October 17, 2025 meet and confer email and detailed further below. During the conference, defense counsel repeatedly asserted the false statement they had produced supplemental Responses for all Defendants. *Id.* at ¶ 10. Later that week, defense counsel emailed Plaintiffs concerning their so-called "supplemental" Responses and asked what "other problems" Plaintiffs had with Defendants' Responses. *Id.* at ¶ 11, Ex. H. Plaintiffs responded, explaining that Plaintiffs were only in receipt of replacement responses from Defendant Reeves and attached the October 17, 2025 meet and confer email detailing Plaintiffs' concerns with Defendants' Responses. *Id.* at ¶ 12, Ex. I.

Instead of acknowledging their mistake, defense counsel doubled down on the claim that their initial Responses produced on September 24, 2025 were instead supplemental responses. *Id.* at ¶ 13, Ex. J. In their reply, Plaintiffs stated their understanding as such and that Plaintiffs had not received any supplemented responses from any Defendant since the September 24, 2025 production. *Id.* at ¶ 14, Ex. K. Defense counsel then sent a supplemented version of Reeves' Responses that were post-dated to October 23, 2025, and stated that supplemented versions of Defendant Lansky and Defendant Avid Telecom's Responses would be sent "shortly." *Id.* at ¶ 15, Exs. L-M. In a separate email later that day, defense counsel also falsely claimed that the October 17, 2025 meet and confer email "advise[d] of deficiencies in the Reeves responses only", and sent another version of supplemented responses for Defendant Reeves on November 26, 2025 that contained attorney work product. *Id.* at ¶ 16, Ex. N. Plaintiffs responded and assured defense counsel that the meet and confer email highlighted deficiencies in *all* Defendants' Responses, not just Defendant Reeves. *Id.* at ¶ 17, Ex. O. Defense counsel later served deficient supplemented Responses for Defendant Reeves with no attorney work product on or around December 1, 2025. *Id.* at ¶ 18, Ex. P.

4

Plaintiffs have attempted multiple times to clear up this issue with Defendants both before and after the Court's status conference to no avail. Accordingly, left with no other alternative, Plaintiffs were forced to file and serve the instant motion.

## III.    ARGUMENT

### A.    Defendants' Responses are Untimely and are Deemed Admitted under Rule 36 of the Federal Rules of Civil Procedure.

Rule 36 of the Federal Rules of Civil Procedure obligates the party to whom a request for admission is directed to respond in writing to the requests within 30 days after being served. *See* Fed. R. Civ. P. 36(a)(3). Failure to respond to Requests within the 30-day window results in automatic admission of all material contained in the Requests. Fed. R. Civ. P. 36(b); *see Hadley v. U.S.*, 45 F.3d 1345, 1348 (9th Cir. 1995) ("[I]f a party fails to answer a request for admissions within 30 days, the requested items are deemed admitted."); *FTC v. Medicor, LLC,* 217 F. Supp.2d 1048, 1053 (C.D. Cal. 2002) ("No motion to establish [late] admissions is needed because [Rule 36] is self executing."); *Wyles v. Sussman,* 445 F. Supp. 3d 751, 756 (C.D. Cal. 2020).

Here, Defendants were served with Plaintiffs' Requests for Admission on August 20, 2025. *See* Pelton Decl. at ¶ 3, Ex. A. The original statutory deadline for Defendants to serve their responses was Friday, September 19, 2025. However, Defendants did not serve any responses by that date. Instead, on the very day their responses were due, Defendants sought an extension of time to respond. *Id.* at ¶ 5, Ex. B.

The parties subsequently stipulated to extend Defendants' deadline to respond to September 23, 2025. *Id.* at ¶ 5, Ex. B. Despite this accommodation, Defendants again failed to meet their deadline and did not serve their responses until September 24, 2025. *Id.* at ¶¶ 6-7, Exs. C-F. Because Defendants failed to serve timely responses by both the statutory and stipulated deadlines, their untimely responses must be deemed admissions pursuant to Rule 36(a)(3) of the Federal Rules of Civil Procedure.

**B. Defendants' Untimely Responses Are Replete With Unintelligible Errors and Improper Objections Making Them Insufficient under the Federal Rules of Civil Procedure.**

Even if the Court were to excuse Defendants' untimeliness (*arguendo*), their responses are nonetheless deficient and violate Rule 36 of the Federal Rules of Civil Procedure.

**1.  Defendant Reeves' Responses Are Insufficient Because They Contain Numerous Errors Rending Them Unintelligible and Unusable at Trial.**

Defendants' untimely responses are insufficient because they contain typographical errors that render them unintelligible and unusable. Defendant Reeves' initial and supplemented responses inconsistently refer to the Defendant in both the first and third person, further compounding the confusion and lack of clarity in Defendant Reeves' responses.[1] These pervasive errors make it impractical to rely on the responses for any evidentiary or procedural purpose.

The numerous typographical errors contained in Defendant Reeves' initial untimely Responses, and still present in her supplemented Responses, render them insufficient under Rule 36 and require Defendant Reeves to serve corrected and supplemental responses that clearly correspond to each Request.

**2.  Defendants' Responses are Insufficient Because They Rely on Meritless and Boilerplate Objections.**

Defendants' untimely responses are further deficient because they rely almost entirely on meritless and boilerplate objections. Rule 36 requires any party objecting to a request for admission to state "[t]he grounds for objecting[.]" Fed. R. Civ. P. 36(a)(5). Boilerplate or copy-and-pasted objections to requests for admission are not sufficient. *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("[G]eneral or

---

[1] *See* Reeves Supplemented Response Nos. 40, 58, 85, 91, 99, 102, 113, 122, 128, 131, 134, 137, 140, 148, 151, 161, 181, 185, 189, 193, 197, 205, 211, 215, 219, 223, 227, 231, 235, 243, 255, 259.

boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections," and "boilerplate relevancy objections, without setting forth any explanation or argument why the requested documents are not relevant, are improper."); *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 379 (C.D. Cal. 2009) (noting that "unexplained and unsupported boilerplate objections are improper"); *Pellerin v. Wagner*, No. 2:14-cv-02318-JWS, 2016 WL 950792 at *1 (D. Ariz. Mar. 14, 2016). An objection that a request is "ambiguous" is not a sufficient ground unless the request is so ambiguous that a party cannot make good faith, intelligent reply.

Here, Plaintiffs' Requests are simple, narrow, and seek relevant and admissible admissions related to Plaintiffs' causes of action under the Telemarketing and Consumer Fraud and Abuse Act, the Telemarketing Sales Rule, the Telephone Consumer Protection Act, the Truth in Caller ID Act, and other state and federal laws protecting consumers against deceptive and illegal telemarketing practices and Defendants' claimed defenses thereto. Specifically, these Requests seek relevant admissions relating to:

> 1.   Defendants' direct/indirect knowledge of and involvement in assisting, facilitating, servicing, managing, permitting and compensating telemarketers, customers and/or sellers in transmitting and delivering millions of prerecorded telephone and robocalls[2];

---

[2] Request to Reeves Nos. 9, 14-158, 161-63, 165-67, 169-71, 173-75, 177-79, 181-83, 185-87, 189-91, 193-95, 197-99, 201-03, 205-09, 211-13, 2115-17, 219-21, 223-25, 227-29, 231-33, 235-37, 239-41, 243-45, 247-62, 264-75, 280-82, 284-89, 291-93, 295-97, 299, 308-310; Request to Avid Telecom Nos. 1-156, 159-61, 163-65, 167-69, 171-73, 175-77, 179-81, 183-85, 187-89, 191-93, 195-97, 199-201, 203-07, 209-11, 213-15, 217-19, 221-23, 225-27, 229-31, 233-35, 237-39, 241-43, 245-60, 262-68, 274-76, 278-80, 282-83, 285-87, 297-99; Request to Lansky Nos. 1-156, 159-61, 163-65, 167-69, 171-73, 175-77, 179-81, 183-85, 187-89, 191-93, 195-97, 199-201, 203-07, 209-11, 213-15, 217-19, 221-23, 225-27, 229-31, 233-35, 237-39, 241-43, 245-60, 262-74, 279-85, 287-97, 299-300, 302-04, 314-16.

2.      Defendants' knowledge of and compliance with applicable Federal and State laws and regulations regarding corporate record retention, telemarketing and robocall schemes[3];

3.      The procedures and methods to prevent—or even significantly mitigate—the perpetration of illegal call traffic onto and across Defendants' Avid Telecom's network[4];

4.      Defendants' prior statements regarding knowledge of and compliance with applicable Federal and State laws, regulations, and previous litigation regarding corporate record retention, telemarketing and robocall schemes[5];

5.      The veracity of Defendant Reeves's claims that she is/was "limited in her role as an independent contractor"[6];

6.      Evidentiary admissions regarding Defendants' existing document production[7].

In response to these Requests, Defendants assert the same tired objections, over and over, without explaining how the objections actually apply to each individual Request. Defendants repeat that the Requests are irrelevant, vague and ambiguous and call for legal

---

[3] Request to Reeves Nos. 1-8, 12, 13; Request to Avid Telecom Nos. 269-71; Request to Lansky Nos. 275-76.

[4] Request to Reeves Nos. 10-11, 276-79; Request to Avid Telecom Nos. 157-58, 272-73; Request to Lansky Nos. 277-78.

[5] Request to Reeves Nos. 159-60, 164, 168, 172, 176, 180, 184, 188, 192, 196, 200, 204, 210, 214, 218, 222, 226, 230, 234, 238, 242, 246, 263; Request to Avid Telecom Nos. 157-58, 162, 166, 170, 174, 178, 182, 186, 190, 194, 198, 202, 208, 212, 216, 220, 224, 228, 232, 236, 240, 244, 261; Request to Lansky Nos. 157-158, 162, 166, 170, 174, 178, 182, 186, 190, 194, 198, 202, 208, 212, 216, 220, 224, 228, 232, 236, 240, 244, 261.

[6] Request to Reeves Nos. 300-07; Request to Avid Telecom Nos. 289-96; Request to Lansky Nos. 306-313.

[7] Request to Reeves Nos. 283, 290, 294, 298; Request to Avid Telecom Nos. 277, 281, 284, 288; Request to Lansky Nos. 286, 298, 301, 305.

8

conclusions based on "specialized definitions" to which Defendants do not agree.[8] But Defendants' boilerplate and generalized objections are inadequate under the Rules and are tantamount to no objection at all. *See Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all."). For example, Defendants frequently object to the terms like "Business Relationship" as vague and ambiguous, although Plaintiffs defined this and other terms with ample specificity in their instructions. Defendants provide no substantiation to their frequent assertions that a Request is irrelevant. Additionally, in response to certain Requests[9], Defendant Reeves's Responses begin with "Response: Response:". The fact that this error and others similar were repeated multiple times further highlights the boilerplate or cut-and-paste nature of Defendants' responses and objections.[10]

### 3. Defendants' Untimely and Supplemented Responses Are Insufficient Because They are Evasive, Qualified, and Based on an Unreasonable Reading of Plaintiffs' Actual Requests.

Defendants' untimely and supplemented responses are also insufficient because they are evasive and based on Defendants' unilateral qualifications and unreasonable interpretations of Plaintiffs' actual Requests. Federal Rule of Civil Procedure 36 requires the answering party to respond in one of three ways to a Request for Admission: (1) admit the Request; (2) deny the Request; or (3) explain "why the answering party is unable to admit or deny the matter." Fed. R. Civ. P. 36(a)(4); *see also AmeriPride Servs., Inc. v. Valley Indus. Servs., Inc.*, No. CIV 2:00-cv-0113-LKK-JFM, 2011 WL 1321873, at *2

---

[8] *See, e.g.* Lansky Response No. 27 (objecting to "Telephony Services" because "he does not agree" with Plaintiffs' definition); Reeves Response No. 1 (objecting to "Interconnected VoIP services"); Avid Telecom Response No. 36 (objecting to "Non-Provider Customer").

[9] *See, e.g.,* Reeves Supplemented Response Nos. 44, 63, 73, 199.

[10] *See, e.g.,* Reeves Supplemented Response Nos. 15, 21-22, 24, 26, 29, 31, 43, 44, 60, 63, 73, 84, 106-07, 199, 215, 279.

(E.D. Cal. Apr. 1, 2011). Rule 36 serves to expedite matters for trial by "establishing certain material facts as true and thus narrowing the range of issues[.]" *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981). "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4).

Requests for admission should not focus on evasion and word play. *Marchand v. Mercy Med. Ctr.,* 22 F.3d 933, 936 (9th Cir. 1994) ("Parties may not view requests for admission as a mere procedural exercise requiring minimally acceptable conduct."). When the purpose and significance of a request are reasonably clear, courts do not permit denials based on an overly technical reading of the request. *Holmgren v. State Farm Mut. Auto. Ins. Co.,* 976 F.2d 573, 580 (9th Cir. 1992) ("[E]pistemological doubts speak highly of [a party's] philosophical sophistication, but poorly of its respect for Rule 36(a)."); *see also U.S. ex rel. Englund v. Los Angeles Cty.,* 235 F.R.D. 675, 684 (E.D. Cal. 2006) ("[A] party who is unable to agree with the exact wording of the request for admission should agree to an alternate wording or stipulation."). Further, evasive denials, or responses that do "not set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter, may be deemed an admission." *Asea, Inc.*, 669 F.2d at 1245.

Here, a majority, if not the entirety, of each Defendant's responses are deficient under Rule 36 because they (1) explicitly premise each response on stated objections, (2) improperly introduce unsupported opinions about observance of industry standards of care, and (3) claim they are unable to understand common terms.

Specifically, many responses include an unnecessary, self-serving qualification that Avid Telecom complied with all applicable state and federal regulations, which few, if any, of the Requests actually sought.[11] Rule 36 does not permit Defendants to rewrite Plaintiffs'

---

[11] *See, e.g.*, Reeves Supplemented Response No. 55 (**Request:** "Admit that Defendant Avid Telecom had a Business Relationship with Airespring." **Response:** "Subject to and without

10

specifically defined terms and fundamentally alter the terms of the request to avoid responding to the question Plaintiffs asked. Further, responses to nearly identical Requests are inconsistent from defendant to defendant. In response to Request 8, Defendant Reeves states she does not understand easily recognizable terms that do not require a separate definition, such as "Universal Service Fund filing", but Defendants Lansky and Avid Telecom do understand the term in their responses to Request 8. Additionally, in many instances where Defendants have issues on definitions, they do not provide a response at all, such as Defendant Reeves's response to Request No. 291, where she objected that the word "exclusive" was too vague. Finally, many of Defendants' responses are unintelligible and lack a clear indication of admission or denial.[12]

Defendants' deliberate efforts to evade and alter the substance of the Requests propounded upon them are improper and in direct violation of Rule 36 of the Federal Rules of Civil Procedure. Rule 36(a)(4) requires Defendants to admit or specifically deny each Request or state in detail why they cannot, which Defendants failed to do, instead relying on improper boilerplate objections and qualifications. Consequently, Plaintiffs request the Court order Defendants to strike the responses to the certain aforementioned Requests and order Defendants to serve new responses.

---

waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Airespring. It is my recollection that, among other things, the agreement governing that 'Business Relationship' required Airespring to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls"); Lansky Response No. 33, Avid Telecom Response No. 68.

[12] *E.g.* Lansky Response to Request No. 10 ("Lansky denies that, to the best of his current recollection, knowledge and belief, it is his understanding that Lansky has never, either directly or through a third party (e.g., a third-party switch provider), have ever instituted or implemented any policies or processes. . ."); Reeves's Supplemented Responses to Request Nos. 58, 85, 91, 99, 102, 113, 122, 128, 131, 134, 137, 140, 148, 151, 161, 181, 185, 189, 193, 197, 205, 211, 215, 219, 223, 227, 231, 235, 243, 255, 259.

## IV.   <u>CONCLUSION</u>

For the reasons set forth above, Plaintiffs respectfully request the Court to order Defendants to provide responses without objection to Plaintiffs' First Set of Requests for Admission.

RESPECTFULLY SUBMITTED this 5th day of December 2025.

**FOR THE STATE OF ARIZONA:**

KRISTIN K. MAYES
Attorney General for the State of
Arizona


/s/ John Raymond Dillon IV
JOHN RAYMOND DILLON IV
SARAH PELTON
Assistant Attorneys General
*Attorneys for the State of Arizona*

**FOR THE STATE OF NORTH CAROLINA:**

JEFF JACKSON
Attorney General for the State of North
Carolina

/s/ Tracy Nayer
TRACY NAYER
ROCHELLE SPARKO
Special Deputy Attorneys General
*Attorneys for the State of North Carolina*

**FOR THE STATE OF INDIANA:**

TODD ROKITA
Attorney General for the State of Indiana

/s/ Douglas S. Swetnam
DOUGLAS S. SWETNAM
THOMAS L. MARTINDALE
Deputy Attorneys General
*Attorneys for the State of Indiana*

**FOR THE STATE OF OHIO:**

DAVE YOST
Attorney General for the State of Ohio

/s/ Erin B. Leahy
ERIN B. LEAHY
EMILY G. DIETZ
Assistant Attorneys General
*Attorneys for the State of Ohio*

***Lead Counsel for Plaintiffs***

**CERTIFICATE OF SERVICE**

I hereby certify that on December 5, 2025, I caused the foregoing **PLAINTIFFS' MOTION TO DETERMINE THE SUFFICIENCY OF DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUESTS FOR ADMISSION** to be filed and served electronically via the Court's CM/ECF system upon counsel of record.

<u>/s/ Sarah Pelton</u>
Assistant Attorney General
Counsel for the Plaintiff State of Arizona

14

# LIST OF PLAINTIFFS' COUNSEL

John Raymond Dillon IV (AZ Bar
No. 036796)
Sarah Pelton (AZ Bar No. 039633)
Assistant Attorneys General
Arizona Attorney General's Office
2005 North Central Avenue
Phoenix, AZ 85004
Phone: (602) 542-8018
Fax:    (602) 542-4377
john.dillonIV@azag.gov
sarah.pelton@azag.gov
*Attorneys for Plaintiff State of Arizona*

Douglas S. Swetnam (IN Bar No. 15860-
49)
Thomas L. Martindale (IN Bar No.
29706-64)
Deputy Attorneys General
Office of the Indiana Attorney General
Todd Rokita
Indiana Govt. Center South, 5th Fl.
302 W. Washington St.
Indianapolis, IN 46204-2770
Phone: (317) 232-6294 (Swetnam)
        (317) 232-7751 (Martindale)
Fax:    (317) 232-7979
douglas.swetnam@atg.in.gov
thomas.martindale@atg.in.gov
*Attorneys for Plaintiff State of Indiana*

Tracy Nayer (NC Bar No. 36964)
Rochelle Sparko (NC Bar No. 38528)
Special Deputy Attorneys General
North Carolina Department of Justice
Consumer Protection Division
P.O. Box 629
Raleigh, North Carolina 27602
Phone:   (919) 716-6000
Fax:      (919) 716-6050
tnayer@ncdoj.gov
rsparko@ncdoj.gov
*Attorneys for Plaintiff State of North
Carolina*

Erin B. Leahy (OH Bar No. 0069509)
Emily G. Dietz (OH Bar No. 0104729)
Assistant Attorneys General
Office of Attorney General Dave Yost
30 East Broad Street, 14th Fl.
Columbus, OH 43215
Phone: (614) 752-4730 (Leahy)
        (614) 466-3493 (Dietz)
Erin.Leahy@OhioAGO.gov
Emily.Dietz@OhioAGO.gov
*Attorneys for Plaintiff State of Ohio*

***Lead Counsel for Plaintiffs***

Lindsay D. Barton (AL Bar No. 1165-G00N)
Robert D. Tambling (AL Bar No. 6026-N67R)
Assistant Attorneys General
Office of the Alabama Attorney General
501 Washington Avenue
Montgomery, Alabama 36130
Phone: (334) 353-2609 (Barton)
        (334) 242-7445 (Tambling)
Fax:    (334) 353-8400
Lindsay.Barton@AlabamaAG.gov
Robert.Tambling@AlabamaAG.gov
*Attorneys for Plaintiff State of Alabama*

Amanda Wentz (AR Bar No. 2021066)
Assistant Attorney General
Office of Attorney General Tim Griffin
101 West Capitol Avenue
Little Rock, AR 72201
Phone: (501) 682-1178
Fax:    (501) 682-8118
amanda.wentz@arkansasag.gov
*Attorney for Plaintiff State of Arkansas*

Nicklas A. Akers (CA Bar No. 211222)
Senior Assistant Attorney General
Bernard A. Eskandari (CA Bar No. 244395)
Supervising Deputy Attorney General
Timothy D. Lundgren (CA Bar No. 254596)
Rosailda Perez (CA Bar No. 284646)
Deputy Attorneys General
Office of the California Attorney General
300 S. Spring St., Suite 1702
Los Angeles, CA 90013
Phone: (415) 510-3364 (Akers)
        (213) 269-6348 (Eskandari)
        (213) 269-6355 (Lundgren)
        (213) 269-6612 (Perez)
Fax:    (916) 731-2146
nicklas.akers@doj.ca.gov
bernard.eskandari@doj.ca.gov
timothy.lundgren@doj.ca.gov
rosailda.perez@doj.ca.gov
*Attorneys for Plaintiff People of the State of California*

Michel Singer Nelson (CO Bar No. 19779)
Assistant Attorney General II
Colorado Office of the Attorney General
Ralph L. Carr Judicial Building
1300 Broadway, 10th Floor
Denver, CO 80203
Phone: (720) 508-6220
michel.singernelson@coag.gov
*Attorney for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

Brendan T. Flynn (Fed. Bar No. ct04545, CT Bar No. 419935)
Assistant Attorney General
Office of the Connecticut Attorney General William Tong
165 Capitol Avenue, Suite 4000
Hartford, CT 06106
Phone: (860) 808-5400
Fax:    (860) 808-5593
brendan.flynn@ct.gov
*Attorney for Plaintiff State of Connecticut*

Ryan Costa (DE Bar No. 5325)
Deputy Attorney General
Delaware Department of Justice
820 N. French Street, 5th Floor
Wilmington, DE 19801
Phone: (302) 683-8811
Fax:    (302) 577-6499
Ryan.costa@delaware.gov
*Attorney for Plaintiff State of Delaware*

Laura C. Beckerman (DC Bar No. 1008120)
Senior Trial Counsel
Public Advocacy Division
D.C. Office of the Attorney General
400 6th Street NW, 10th Floor
Washington, DC 20001
Phone: (202) 655-7906
Laura.Beckerman@dc.gov
*Attorney for Plaintiff District of Columbia*

Sean P. Saval (FL Bar No. 96500)
Sr. Assistant Attorney General
Michael P. Roland (FL Bar No. 44856)
Assistant Attorney General
Office of the Florida Attorney General
Department of Legal Affairs
Consumer Protection Division
3507 E. Frontage Rd, Suite 325
Tampa, FL 33607
Phone: (813) 287-7950
Fax:    (813) 281-5515
Sean.Saval@myfloridalegal.com
michael.roland@myfloridalegal.com
Zivile.Rimkevicius@myfloridalegal.com
*Attorneys for Plaintiff James Uthmeier, Attorney General of the State of Florida*

David A. Zisook (GA Bar No. 310104)
Senior Assistant Attorney General
Office of the Georgia Attorney General
40 Capitol Square SW
Atlanta, GA 30334
Phone: (404) 458-4294
Fax:    (404) 464-8212
dzisook@law.ga.gov
*Attorney for Plaintiff State of Georgia*

Christopher J.I. Leong (HI Bar No. 9662)
Deputy Attorney General
Hawaii Department of the Attorney General
425 Queen Street
Honolulu, HI 96813
Phone: (808) 586-1180
Fax:    (808) 586-1205
christopher.ji.leong@hawaii.gov
*Attorney for Plaintiff State of Hawaii*

James J. Simeri (ID Bar No. 12332)
Consumer Protection Division Chief
Idaho Attorney General's Office
P.O. Box 83720
Boise, ID 83720-0010
Phone: (208) 334-4114
james.simeri@ag.idaho.gov
*Attorney for Plaintiff State of Idaho*

Philip Heimlich (IL Bar No. 6286375)
Assistant Attorney General
Elizabeth Blackston (IL Bar No. 6228859)
Consumer Fraud Bureau Chief
Office of the Illinois Attorney General
500 S. Second Street
Springfield, IL 62791
Phone: (217) 782-4436
philip.heimlich@ilag.gov
elizabeth.blackston@ilag.gov
*Attorneys for Plaintiff People of the State of Illinois*

Benjamin Bellus (IA Bar No. AT0000688)
William Pearson (IA Bar No. AT0012070)
Assistant Attorneys General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Phone: (515) 242-6536 (Bellus)
          (515) 242-6773 (Pearson)
Fax:    (515) 281-6771
Benjamin.Bellus@ag.iowa.gov
William.Pearson@ag.iowa.gov
*Attorneys for Plaintiff State of Iowa*

Nicholas C. Smith (KS Bar No. 29742)
Sarah M. Dietz (KS Bar No. 27457)
Assistant Attorneys General
Consumer Protection Section
Office of the Kansas Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, KS 66612
Phone: (785) 296-3751
Fax:   (785) 291-3699
Nicholas.Smith@ag.ks.gov
sarah.dietz@ag.ks.gov
*Attorneys for Plaintiff State of Kansas*

Jonathan E. Farmer (KY Bar No. 91999)
Deputy Executive Director of Consumer Protection
Office of the Attorney General of Kentucky
1024 Capital Center Drive, Ste. 200
Frankfort, KY 40601
Phone: (502) 696-5448
Fax:    (502) 573-8317
Jonathan.Farmer@ky.gov
*Attorney for Plaintiff Commonwealth of Kentucky*

ZaTabia N. Williams (LA Bar No. 36933)
Assistant Attorney General
Office of the Attorney General Liz Murrill
1885 North Third St.
Baton Rouge, LA 70802
Phone: (225) 326-6164
Fax:    (225) 326-6499
WilliamsZ@ag.louisiana.gov
*Attorney for Plaintiff State of Louisiana*

Brendan O'Neil (ME Bar No. 009900)
Michael Devine (ME Bar No. 005048)
Assistant Attorneys General
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333
Phone: (207) 626-8800
Fax:    (207) 624-7730
brendan.oneil@maine.gov
michael.devine@maine.gov
*Attorneys for Plaintiff State of Maine*

Philip Ziperman (Fed. Bar No. 12430)
Deputy Counsel
Office of the Attorney General
200 St. Paul Place
Baltimore, MD 21202
Phone: (410) 576-6417
Fax:    (410) 576-6566
pziperman@oag.state.md.us
*Attorney for Plaintiff Maryland Office of the Attorney General*

Carol Guerrero (MA Bar No. 705419)
Assistant Attorney General
Michael N. Turi (MA Bar No. 706205)
Deputy Chief, Consumer Protection Division
Massachusetts Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Phone: (617) 963-2783
Fax:    (617) 727-5765
mailto:Carol.Guerrero@mass.gov
Michael.Turi@mass.gov
*Attorneys for Plaintiff Commonwealth of Massachusetts*

Kathy P. Fitzgerald (MI Bar No. P31454)
Michael S. Hill (MI Bar No. P73084)
Assistant Attorneys General
Michigan Department of Attorney General
Corporate Oversight Division
P.O. Box 30736
Lansing, MI 48909
Phone: (517) 335-7632
Fax:    (517) 335-6755
fitzgeraldk@michigan.gov
Hillm19@michigan.gov
*Attorneys for Plaintiff People of the State of Michigan*

Bennett Hartz (MN Bar No. 0393136)
Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1200
Saint Paul, MN 55404
Phone: (651) 757-1235
bennett.hartz@ag.state.mn.us
*Attorney for Plaintiff State of Minnesota, by its Attorney General, Keith Ellison*

James M. Rankin (MS Bar No. 102332)
Special Assistant Attorney General
Mississippi Attorney General's Office
P.O. Box 220
Jackson, MS 39205
Phone: (601) 359-4258
james.rankin@ago.ms.gov
*Attorney for Plaintiff Lynn Fitch, Attorney General State of Mississippi*

Eliot Gusdorf (MO Bar No. 73225)
Assistant Attorney General
Office of the Missouri Attorney General
815 Olive Street, Suite 200
St. Louis, MO 63101
Phone: (314) 340-6816
Fax:    (314) 340-7891
eliot.gusdorf@ago.mo.gov
*Attorney for Plaintiff State of Missouri,
ex. rel. Catherine L. Hanaway, Attorney
General*

Brent Mead (MT Bar No. 68035000)
Deputy Solicitor General
Anna Schneider (MT Bar No. 13963)
Special Assistant Attorney General,
Senior Counsel
Montana Attorney General's Office
Office of Consumer Protection
215 North Sanders Street
P.O. Box 200151
Helena, MT 59620-0151
Phone: (406) 444-4500
Brent.mead2@mt.gov
Anna.schneider@mt.gov
*Attorneys for Plaintiff State of Montana*

Gary E. Brollier (NE Bar No. 19785)
Assistant Attorney General
Office of the Attorney General Michael
T. Hilgers
2115 State Capitol Building
Consumer Protection Division
Lincoln, NE 68509
Phone: (402) 471-1279
Fax:    (402) 471-4725
gary.brollier@nebraska.gov
*Attorney for Plaintiff State of Nebraska*

Michelle C. Badorine (NV Bar No.
13206)
Senior Deputy Attorney General
Office of the Nevada Attorney General
Bureau of Consumer Protection
100 North Carson Street
Carson City, NV 89701-4717
Phone: (775) 684-1164
Fax:    (775) 684-1299
MBadorine@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

Mary F. Stewart (NH Bar No. 10067)
Assistant Attorney General
New Hampshire Department of Justice
Office of the Attorney General
Consumer Protection and Antitrust
Bureau
1 Granite Place South
Concord, NH 03301
Phone: (603) 271-1139
Mary.F.Stewart@doj.nh.gov
*Attorney for Plaintiff State of New
Hampshire*

Blair Gerold (NJ Bar No. 294602019)
Jeffrey Koziar (NJ Bar No. 015131999)
Deputy Attorneys General
New Jersey Office of the Attorney
General
Division of Law
124 Halsey Street
Newark, NJ 07101
Phone: (609) 696-5363
Fax:    (973) 648-3879
Blair.Gerold@law.njoag.gov
Jeff.koziar@law.njoag.gov
*Attorneys for Plaintiff State of New
Jersey*

Anthony Juzaitis (NM Bar No. 164428)
Assistant Attorney General
New Mexico Department of Justice
408 Galisteo St.
Santa Fe, New Mexico 87501
Phone: (505) 651-7565
Fax:     (505) 490-4883
Ajuzaitis@nmdoj.gov
*Attorney for Plaintiff Raúl Torrez, New Mexico Attorney General*

Glenna Goldis (NY Bar No. 4868600)
Assistant Attorney General
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (646) 856-3697
Glenna.goldis@ag.ny.gov
*Attorney for Plaintiff Office of the Attorney General of the State of New York*

Elin S. Alm (ND Bar No. 05924)
Christopher Glenn Lindblad (ND Bar No. 06480)
Assistant Attorneys General
Office of North Dakota Attorney General
Consumer Protection & Antitrust Division
1720 Burlington Drive, Suite C
Bismarck, ND 58504-7736
Phone: (701) 328-5570
Fax:     (701) 328-5568
mailto:ealm@nd.gov
clindblad@nd.gov
*Attorneys for Plaintiff State of North Dakota*

Sylvia Lanfair (OK Bar No. 30144)
Assistant Attorney General
Office of the Oklahoma Attorney General
313 N.E. 21st St.
Oklahoma City, OK 73105
Phone: (405) 522- 8129
Fax:     (405) 522-0085
mailto:sylvia.lanfair@oag.ok.gov
*Attorney for Plaintiff State of Oklahoma ex rel. Attorney General Gentner Drummond*

Jordan M. Roberts (OR Bar No. 115010)
Senior Assistant Attorney General
Oregon Department of Justice
Economic Justice Section
100 SW Market St.
Portland, OR 97201
Phone: (971) 673-1880
Fax:     (971) 673-1884
jordan.m.roberts@doj.oregon.gov
*Attorney for Plaintiff State of Oregon*

Mark W Wolfe (PA Bar No. 327807)
Deputy Attorney General
Pennsylvania Office of Attorney General
Strawberry Square, 15th Floor
Harrisburg, PA 17120-0001
Phone: (717) 772-3558
Fax:     (717) 705-3795
mwolfe@attorneygeneral.gov
*Attorney for Plaintiff Commonwealth of Pennsylvania by Attorney General David W. Sunday, Jr.*

Stephen N. Provazza (RI Bar No. 10435)
Assistant Attorney General
Rhode Island Office of the Attorney General
150 S. Main Street
Providence, RI 02903
Phone: (401) 274-4400, ext. 2476
Fax:    (401) 222-1766
sprovazza@riag.ri.gov
*Attorney for Plaintiff State of Rhode Island*

Kristin Simons (SC Bar No. 74004)
Senior Assistant Attorney General
South Carolina Attorney General's Office
P.O. Box 11549
Columbia, SC 29211-1549
Phone: (803) 734-6134
mailto:ksimons@scag.gov
*Attorney for Plaintiff State of South Carolina*

Austin C. Ostiguy (TN Bar No. 040301)
Tyler T. Corcoran (TN Bar No. 038887)
Assistant Attorneys General
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202
Phone: (615) 532-7271 (Ostiguy)
         (615) 770-1714 (Corcoran)
Fax:    (615) 532-2910
austin.ostiguy@ag.tn.gov
tyler.corcoran@ag.tn.gov
*Attorneys for Plaintiff State of Tennessee*

David Shatto (Fed. Bar No. 3725697; TX Bar No. 24104114)
Assistant Attorney General
Attorney General for the State of Texas
Office of the Attorney General
P.O. Box 12548 (MC-010)
Austin, TX 78711
Phone: (512) 463-2185
Fax:    (512) 473-9125
David.Shatto@oag.texas.gov
*Attorney for Plaintiff State of Texas*

Alexandra Butler (UT Bar No. 19238)
Assistant Attorney General
Utah Attorney General's Office
160 East 300 South, 5th Floor
P.O. Box 140872
Salt Lake City, UT 84114-0872
Phone: (385) 910-5533
Fax:    (801) 366-0315
alexandrabutler@agutah.gov
*Attorney for Plaintiff Utah Division of Consumer Protection*

James Layman (VT Bar No. 5236)
Office of the Vermont Attorney General
109 State Street
Montpelier, VT 05609-1001
Phone: (802) 828-2315
Fax:    (802) 304-1014
James.Layman@vermont.gov
*Attorney for Plaintiff State of Vermont*

Geoffrey L. Ward (VA Bar No. 89818)
Senior Assistant Attorney General
Office of the Attorney General of
Virginia
202 N. Ninth St.
Richmond, VA 23219
Phone: (804) 371-0871
Fax:    (804) 786-0122
gward@oag.state.va.us
*Attorney for Plaintiff Commonwealth of
Virginia, ex rel. Jason S. Miyares,
Attorney General*

Zorba Leslie (WA Bar No. 58523)
Assistant Attorney General
Washington State Attorney General's
Office
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Phone: (206) 340-6787
Fax:    (206) 464-6451
zorba.leslie@atg.wa.gov
*Attorney for Plaintiff State of
Washington*

Ashley T. Wentz (WV Bar No. 13486)
Assistant Attorney General
West Virginia Attorney General's Office
Consumer Protection/Antitrust Division
P.O. Box 1789
Charleston, WV 25326
Phone: (304) 558-8986
Fax:    (304) 558-0184
Ashley.T.Wentz@wvago.gov
*Attorney for Plaintiff State of West
Virginia ex rel. John B. McCuskey,
Attorney General*

Gregory A. Myszkowski (WI Bar No.
1050022)
Assistant Attorney General
Wisconsin Department of Justice
P.O. Box 7857
Madison, WI 53707-7857
Phone: (608) 266-7656
Fax:    (608) 294-2907
gregory.myszkowski@wisdoj.gov
*Attorney for Plaintiff State of Wisconsin*

Cameron W. Geeting (WY Bar No.
7--5338)
Senior Assistant Attorney General
Consumer Protection and Antitrust Unit
Wyoming Attorney General's Office
2320 Capitol Avenue
Cheyenne, Wyoming 82002
Phone: (307) 777-3795
cameron.geeting1@wyo.gov
*Attorney for Plaintiff State of Wyoming*