# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, *ex rel*. Kristin K. Mayes, Attorney General; et al., | |
| Plaintiffs, | No. 4:23-CV-00233-TUC-CKJ |
| v. | |
| Michael D. Lansky, L.L.C., dba Avid Telecom, et al., | |
| Defendants. | |

**PLAINTIFFS' FIRST RULE 36 REQUESTS FOR ADMISSION TO MICHAEL D. LANSKY, L.L.C., DBA AVID TELECOM**

Pursuant to Federal Rules of Civil Procedure 36, Plaintiffs, by and through the undersigned attorneys, hereby submit their First Rule 36 Requests for Admission ("Requests") to Defendant Michael D. Lansky, L.L.C. dba Avid Telecom. Please respond to the following Requests within thirty (30) days of service.

**DEFINITIONS AND INSTRUCTIONS**

As used herein, the following words shall have the following meanings:

1.     Use of singular shall be deemed to include the plural. As used herein, the terms "and" and "or," "any" and "all," and "each" and "every" shall be interpreted liberally, as conjunctive, disjunctive, or both depending on the context, to achieve the fullest disclosure of information.

1

2.     Use of the present or past tense of a verb in a Request shall be interpreted liberally, to achieve the fullest and most accurate disclosure of information, where the conduct, action, or activity described therein is construed to apply to the subject of the Request at any time during the Relevant Period when such conduct, action, or activity was capable of being applicable.

3.     "Business Relationship" refers to an agreement or arrangement, whether formal or informal, for Defendant Avid Telecom to do any of the following:

a.     provide VoIP Services to a Person in exchange for Compensation;

b.     purchase VoIP Services from a Person in exchange for Compensation;

c.     provide other products or services to a Person in exchange for Compensation; and/or

d.     purchase other products or services from a Person in exchange for Compensation.

4.     "Call Detail Records" or "CDRs" refer to business records that are generated by or for every Voice Service Provider for every call that is Transmitted across a provider's network.  Information captured and retained about a call in a CDR generally includes, but is not limited to:

a.     the date and time of the call in UTC unless otherwise specified;

b.     the originating or calling telephone number Transmitted as the Caller ID information or automatic number identification ("ANI") reflecting the digits Transmitted;

2

c.    the terminating, called, or receiving telephone number or the LRN, if applicable;

d.    the call duration in seconds, from answer to disconnect;

e.    the alphanumeric customer identifier indicating the entity that sent the call to a provider's network or was the customer for which the provider initiated the call;

f.    the internet protocol ("IP") address sending the call to the provider's network;

g.    any SIP Response Codes associated with the call or attempted call including information that accompanied the SIP Response Code;

h.    the Downstream Provider to which a provider next Transmitted the call; and

i.    all information collected or generated as part of STIR/SHAKEN.

5.    "Compensation" means any donation, remittance, gift of money, or any other payment, salary, bonus, consideration, contribution, or exchange of something of value including, without limitation, Telephony Services, Voice Service, VoIP Services (whether Interconnected or Non-Interconnected), personally identifiable information, or any other personal data.

6.    "Defendants" means the following, individually, collectively or in any combination.

a.    "Corporate Defendant" or "Defendant Avid Telecom" means Michael D. Lansky, L.L.C., dba Avid Telecom, its members, agents,

independent contractors, associates, employees, affiliates, supervisors, representatives and/or any other Person entitled to act or purporting to act on the Corporate Defendant's behalf, which includes, but is not limited to any trade names, fictitious names, or "doing business as" names, and its successors and assigns. The term also includes present and former owners, officers, directors, employees, independent contractors, agents, representatives, attorneys, and all Persons working for or acting on behalf of the foregoing.

b.    "Individual Defendants" means Michael D. Lansky and Stacey S. Reeves collectively.

c.    "Defendant Lansky" means Michael D. Lansky individually.

d.    "Defendant Reeves" means Stacey S. Reeves individually.

7.    "Direct Inward Dial Numbers" or "DIDs" mean telephone numbers that conform to the North American Numbering Plan and can be used to Transmit inbound or outbound voice calls.

8.    "Downstream Provider" means any Voice Service Provider to which an Upstream Provider directly Transmits voice call traffic. A Downstream Provider may also be a point of entry provider onto the U.S. telephone network, or an intermediate or transit provider. A Voice Service Provider's classification as a Downstream Provider may change on a per-call basis.

9.    "FCC" means the Federal Communications Commission.

4

10.    "FTC" means the Federal Trade Commission.

11.    "Interconnected Voice over Internet Protocol Service" or "Interconnected VoIP Service" means a service that (1) enables real-time, two-way voice communications; (2) requires a broadband connection from the user's location; (3) requires internet protocol compatible customer premises equipment; and (4) permits users generally to receive calls that originate on the public switched telephone network and to terminate calls to the public switched telephone network.

12.    "Lead Generation" means the assignment, creation, sourcing, sale, subscription, leasing, renting, distribution, provisioning, purchase, reselling, wholesaling, or transfer of any list or compilation of telephone numbers utilized or intended to be utilized for the purpose of generating or initiating Outbound Telephone Calls and/or Telemarketing.

13.    "Location Routing Number" or "LRN" means an identification for a telephone switch for the purpose of routing telephone calls through the public switched telephone network in the United States.

14.    "Non-interconnected Voice over Internet Protocol Service" or "Non-Interconnected VoIP Service" means a service that (1) enables real-time voice communications that originate from or terminate to the user's location using Internet protocol or any successor protocol; (2) requires Internet protocol compatible customer premises equipment; and (3) does not include any service that is an Interconnected VoIP Service.

15.    "Non-Provider Customer" shall mean any voice customers that, at the time they were a customer of Defendant Avid Telecom, did not have a valid FCC Registration Number, did not have a valid Form 499 number, or did not provide either Voice over Internet Protocol ("VoIP") or a telecommunication service as those services are defined in the Communications Act, 47 U.S.C. § 153.

16.    "North American Numbering Plan" or "NANP" means the basic numbering scheme for telecommunications networks located in the United States and its territories, Canada, and parts of the Caribbean, as defined in 47 C.F.R. § 52.5, as amended, and are ten-digit numbers consisting of a three-digit area code, followed by a three-digit central office code, followed by a four-digit line number.

17.    "Numbering Resources" means North American Numbering Plan telephone numbers and/or toll-free telephone numbers.

18.    "Outbound Telephone Call" means a telephone call initiated to:

a.    Induce the purchase of goods or services;

b.    Solicit Compensation or payment;

c.    Advertise or offer a loan or extension of credit; or

d.    Obtain information, including, without limitation, through the arrangement of a meeting, that may be used to induce the purchase of goods or services, solicit Compensation, or solicit a loan or extension of credit.

19.    "Person" means any individual, group, organization, unincorporated association, limited or general partnership, corporation, subsidiary, affiliate, or other legal entity. This includes any entity that holds itself out and conducts business as a legally formed entity but has failed to comply with all applicable state laws to form a legally recognized entity in the jurisdiction in which it conducts its business.

20.    "Regarding," "Relating to," "Relate," "Related" and any derivation of these words mean consisting of, referring to, reflecting, supporting, evidencing, prepared in connection with, used in preparation for, underlying, or being in any way legally, logically, or factually connected to the matter discussed, whether in whole or in part, directly or indirectly.

21.    "Relevant Period" means the period starting five years prior to the date the initial Complaint in this action was filed through the present. All Requests pertain to the Relevant Period unless otherwise stated.

22.    "Robocall(s)" means a telephone call that delivers artificial, artificially generated, or prerecorded voice messages, in whole or in part, including, without limitation, telephone calls utilizing soundboard technology and ringless voicemail messages.

23.    "Short Duration Call" means any voice call of a duration of less than six seconds.

24.    "SIP Response Code" means a three-digit integer response code that details the status of a request to establish a telephone connection.

25.    "STIR/SHAKEN" or "STIR/SHAKEN authentication framework" means the secure telephone identity revisited and signature-based handling of asserted information using tokens standards. *See* 47 U.S.C. § 227b.

26.    "Telephony Services" means wireline or wireless telecommunications services and VoIP services, including, without limitation:

a.    the dialing, origination, termination, routing, or transmission of any telephone calls to and/or from U.S.-based toll-free or NANP telephone numbers, including Robocalls and Telemarketing calls;

b.    Voice Service;

c.    Interconnected and Non-Interconnected VoIP Services;

d.    electronic or text messaging services including, but not limited to, "text message" as defined in 47 C.F.R. § 64.1600(o), and as amended;

e.    ringless voicemail messages;

f.    Lead Generation;

g.    Numbering Resources;

h.    Reselling services provided by any Voice Service Provider or owning, operating, providing customer service for, or otherwise controlling or managing a Mobile Virtual Network Operator (MVNO);

i.    any products or services related to caller ID authentication as required by 47 C.F.R. Part 64 Subpart HH, 64.6300 *et seq.*, and as amended; and/or

j.     any other common carriage, telecommunications, or information services.

27.    "Telemarketing" means a campaign or program that uses one or more telephone calls, whether Robocalls or direct-dialed, and whether interstate or intrastate calls, for the purpose of encouraging or inducing or otherwise soliciting the purchase of goods, services, or charitable contributions, or the rental of, or investment in, property. *See* 47 C.F.R. § 64.1200(f)(13); 16 C.F.R. § 310.2(gg).

28.    "Traceback" or "traceback" means any effort to trace back the origin of a call or calls, including, but not limited to, a request from the industry traceback consortium as defined in 47 C.F.R. § 64.6300(f), another Voice Service Provider in the call path, the FCC, or a civil or criminal law enforcement agency.

29.    "Transmit" or "Transmitted" means to accept, initiate, send, transit, route, make, and/or complete calls.

30.    "Upstream Provider" means any Voice Service Provider, whether U.S. -based or physically located and/or registered as a business outside of the United States in a foreign jurisdiction, that Transmits voice call traffic directly to a Downstream Provider. An Upstream Provider may also be a point of entry provider onto the U.S. telephone network. A Voice Service Provider's classification as an Upstream Provider may change on a per-call basis.

31.    "Voice Service" means any service that is interconnected with the public switched telephone network and that furnishes voice communications using resources from the North American Numbering Plan.

32.    "Voice Service Provider" means a provider of Voice Service. The role of a Voice Service Provider is determined on a call-by-call—rather than entity-by-entity—basis.

33.    "VoIP" means Voice over Internet Protocol.

34.    "VoIP Service" shall have the meanings ascribed to "interconnected VoIP" and "non-interconnected VoIP" in 47 C.F.R. § 9.3 and 47 U.S.C. § 153(25) and (36).

35.    "You" or "Your" shall refer to Defendant Michael D. Lansky, L.L.C. dba Avid Telecom, and Your members, agents, independent contractors, associates, employees, affiliates, supervisors, representatives and/or any other Person entitled to act or purporting to act on Your behalf, which includes, but is not limited to any trade names, fictitious names, or "doing business as" names. The terms also include present and former owners, officers, directors, employees, independent contractors, agents, representatives, attorneys, and all Persons working for or acting on behalf of the foregoing.

## REQUESTS FOR ADMISSION

1.    Admit that Defendant Avid Telecom provides, or has provided, Interconnected VoIP Services.

2.    Admit that Defendant Avid Telecom provides, or has provided, Non-Interconnected VoIP Services.

3.     Admit that Defendant Avid Telecom provides, or has provided, VoIP Services to its Upstream Provider customers.

4.     Admit that Defendant Avid Telecom provides, or has provided, Telephony Services to its Upstream Provider customers.

5.     Admit that Defendant Avid Telecom purchases, or has purchased, VoIP Services from its Downstream Provider customers.

6.     Admit that Defendant Avid Telecom purchases, or has purchased, Telephony Services from its Downstream Provider customers.

7.     Admit that Defendant Avid Telecom specializes in the delivery of automated calls for its customers.

8.     Admit that Defendant Avid Telecom indicated in its Universal Service Fund filings with the FCC that it conducted its business in all U.S. states and territories.

9.     Admit that Defendant Avid Telecom has Transmitted calls into, and across, the U.S. Voice Service network.

10.     Admit that You, either directly or through a third-party (e.g., a third-party switch provider), have never instituted or implemented any policies or processes regarding network-level blocking on Defendant Avid Telecom's network for one or more U.S.-based area codes from North American Numbering Plan numbers that would prevent Defendant Avid Telecom from Transmitting calls to called numbers with such area codes.

11.     Admit that You, either directly or through a third-party (e.g., a third-party switch provider), have never instituted or implemented any policies or processes regarding network-level blocking on Defendant Avid Telecom's network for all U.S.-based area

codes from North American Numbering Plan numbers assigned to any one of the Plaintiff States that would prevent Defendant Avid Telecom from Transmitting calls to called numbers for all area codes assigned to that state.

12.     Admit that, as an Interconnected VoIP Service provider, Defendant Avid Telecom used broadband internet technology to Transmit calls for its Upstream Provider customers.

13.     Admit that, as a Non-Interconnected VoIP Service provider, Defendant Avid Telecom used broadband internet technology to Transmit calls for its Upstream Provider customers.

14.     Admit that Defendant Avid Telecom was issued at least 329 Traceback notifications from the USTelecom-led Industry Traceback Group.

15.     Admit that at least a portion of the audio recordings of prerecorded or artificial voice messages associated with Traceback requests received by Defendant Avid Telecom from the USTelecom-led Industry Traceback Group were obtained from the voicemail services of YouMail subscribers.

16.     Admit that at least a portion of the calls referenced in Tracebacks related to Defendant Avid Telecom call traffic were prerecorded or artificial voice messages.

17.     Admit that at least a portion of the calls referenced in Tracebacks related to Defendant Avid Telecom call traffic were delivered to voicemail mailboxes.

18.     Admit that a CDR was generated for every call that was Transmitted over Defendant Avid Telecom's network.

19.     Admit that Defendant Avid Telecom used CDRs to bill for services it provided to its Upstream Provider customers.

20.     Admit that Defendant Avid Telecom Transmitted calls across its network where no other Voice Service Providers had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

21.     Admit that Defendant Avid Telecom offered rates for its outbound Voice Service that differed based on call duration.

22.     Admit that Defendant Avid Telecom offered a Voice Service product that was intended to Transmit only Short Duration Call traffic.

23.     Admit that Defendant Avid Telecom had a Business Relationship with Boomsourcing, LLC.

24.     Admit that Defendant Avid Telecom has received Compensation from Boomsourcing, LLC.

25.     Admit that Defendant Avid Telecom has received Compensation from Mercury for services that Defendant Avid Telecom provided to Boomsourcing, LLC.

26.     Admit that Defendant Avid Telecom provided Compensation to Boomsourcing, LLC.

27.     Admit that Defendant Avid Telecom provided Telephony Services to Boomsourcing, LLC.

28.     Admit that Boomsourcing, LLC was a Non-Provider Customer of Defendant Avid Telecom.

29.    Admit that, during the course of its Business Relationship with Boomsourcing, LLC, Defendant Avid Telecom Transmitted calls that it received directly from Boomsourcing, LLC.

30.    Admit that, during the course of its Business Relationship with Boomsourcing, LLC, Defendant Avid Telecom Transmitted calls that it received from Boomsourcing, LLC where no other Voice Service Providers had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

31.    Admit that, during the course of its Business Relationship with Boomsourcing, LLC, Defendant Avid Telecom Transmitted calls directly to Boomsourcing, LLC.

32.    Admit that Defendant Avid Telecom had a Business Relationship with Glass Roots Marketing.

33.    Admit that Defendant Avid Telecom has received Compensation from Glass Roots Marketing.

34.    Admit that Defendant Avid Telecom provided Compensation to Glass Roots Marketing.

35.    Admit that Defendant Avid Telecom provided Telephony Services to Glass Roots Marketing.

36.    Admit that Glass Roots Marketing was a Non-Provider Customer of Defendant Avid Telecom.

37.     Admit that, during the course of its Business Relationship with Glass Roots Marketing, Defendant Avid Telecom Transmitted calls that it received directly from Glass Roots Marketing.

38.     Admit that, during the course of its Business Relationship with Glass Roots Marketing, Defendant Avid Telecom Transmitted calls that it received from Glass Roots Marketing where no other Voice Service Providers had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

39.     Admit that, during the course of its Business Relationship with Glass Roots Marketing, Defendant Avid Telecom Transmitted calls directly to Glass Roots Marketing.

40.     Admit that Defendant Avid Telecom had a Business Relationship with Zealous Services, Inc.

41.     Admit that Defendant Avid Telecom has received Compensation from Zealous Services, Inc.

42.     Admit that Defendant Avid Telecom provided Compensation to Zealous Services, Inc.

43.     Admit that Defendant Avid Telecom provided Telephony Services to Zealous Services, Inc.

44.     Admit that Zealous Services, Inc. was a Non-Provider Customer of Defendant Avid Telecom.

45.     Admit that, during the course of its Business Relationship with Zealous Services, Inc., Defendant Avid Telecom Transmitted calls that it received directly from Zealous Services, Inc.

46.    Admit that, during the course of its Business Relationship with Zealous Services, Inc., Defendant Avid Telecom Transmitted calls that it received from Zealous Services, Inc. where no other Voice Service Providers had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

47.    Admit that, during the course of its Business Relationship with Zealous Services, Inc., Defendant Avid Telecom Transmitted calls directly to Zealous Services, Inc.

48.    Admit that Defendant Avid Telecom had a Business Relationship with SipNav.

49.    Admit that Defendant Avid Telecom provided Compensation to SipNav.

50.    Admit that Defendant Avid Telecom had a Business Relationship with Dean Hansen.

51.    Admit that Defendant Avid Telecom has received Compensation from Dean Hansen.

52.    Admit that Defendant Avid Telecom provided Compensation to Dean Hansen.

53.    Admit that Defendant Avid Telecom had a Business Relationship with Scott Presta.

54.    Admit that Defendant Avid Telecom provided Compensation to Scott Presta.

55.    Admit that Defendant Avid Telecom had a Business Relationship with Airespring.

56. Admit that Defendant Avid Telecom has received Compensation from Airespring.

57. Admit that, during the course of its Business Relationship with Airespring, Defendant Avid Telecom Transmitted calls that it received directly from Airespring.

58. Admit that Defendant Avid Telecom had a Business Relationship with AllClear Connect.

59. Admit that Defendant Avid Telecom has received Compensation from AllClear Connect.

60. Admit that, during the course of its Business Relationship with AllClear Connect, Defendant Avid Telecom Transmitted calls that it received directly from AllClear Connect.

61. Admit that Defendant Avid Telecom had a Business Relationship with Autelecom LLC.

62. Admit that Defendant Avid Telecom has received Compensation from Autelecom LLC.

63. Admit that, during the course of its Business Relationship with Autelecom LLC, Defendant Avid Telecom Transmitted calls that it received directly from Autelecom LLC.

64. Admit that Defendant Avid Telecom had a Business Relationship with BestiumPro.

65. Admit that Defendant Avid Telecom has received Compensation from BestiumPro.

66.     Admit that, during the course of its Business Relationship with BestiumPro, Defendant Avid Telecom Transmitted calls that it received directly from BestiumPro.

67.     Admit that Defendant Avid Telecom had a Business Relationship with Connexum LLC.

68.     Admit that Defendant Avid Telecom has received Compensation from Connexum LLC.

69.     Admit that, during the course of its Business Relationship with Connexum LLC, Defendant Avid Telecom Transmitted calls that it received directly from Connexum LLC.

70.     Admit that Defendant Avid Telecom had a Business Relationship with Contact Center Specialists LLC.

71.     Admit that Defendant Avid Telecom has received Compensation from Contact Center Specialists LLC.

72.     Admit that, during the course of its Business Relationship with Contact Center Specialists LLC, Defendant Avid Telecom Transmitted calls that it received directly from Contact Center Specialists LLC.

73.     Admit that Defendant Avid Telecom had a Business Relationship with DID Central.

74.     Admit that Defendant Avid Telecom has received Compensation from DID Central.

75.     Admit that, during the course of its Business Relationship with DID Central, Defendant Avid Telecom Transmitted calls that it received directly from DID Central.

76.     Admit that Defendant Avid Telecom had a Business Relationship with Digital Media Solutions LLC.

77.     Admit that Defendant Avid Telecom has received Compensation from Digital Media Solutions LLC. for the provision of Voice Services.

78.     Admit that Defendant Avid Telecom has received Compensation from Digital Media Solutions LLC. for the provision of Telephony Services.

79.     Admit that Digital Media Solutions LLC is not a Voice Service Provider.

80.     Admit that Digital Media Solutions LLC is not a provider of Telephony Service.

81.     Admit that, during the course of its Business Relationship with Digital Media Solutions LLC, Defendant Avid Telecom Transmitted calls from Digital Media Solutions LLC where no other Voice Service Provider had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

82.     Admit that Defendant Avid Telecom had a Business Relationship with Global Voicecom.

83.     Admit that Defendant Avid Telecom has received Compensation from Global Voicecom.

84.     Admit that, during the course of its Business Relationship with Global Voicecom, Defendant Avid Telecom Transmitted calls that it received directly from Global Voicecom.

85.     Admit that Defendant Avid Telecom had a Business Relationship with Great Lakes Communication.

86.     Admit that Defendant Avid Telecom has received Compensation from Great Lakes Communication.

87.     Admit that, during the course of its Business Relationship with Great Lakes Communication, Defendant Avid Telecom Transmitted calls that it received directly from Great Lakes Communication.

88.     Admit that Defendant Avid Telecom had a Business Relationship with Icon Global Services.

89.     Admit that Defendant Avid Telecom has received Compensation from Icon Global Services.

90.     Admit that, during the course of its Business Relationship with Icon Global Services, Defendant Avid Telecom Transmitted calls that it received directly from Icon Global Services.

91.     Admit that Defendant Avid Telecom had a Business Relationship with Virtual Telecom/Mobi Telecom LLC.

92.     Admit that Defendant Avid Telecom has received Compensation from Virtual Telecom/Mobi Telecom LLC.

93.     Admit that, during the course of its Business Relationship with Virtual Telecom/Mobi Telecom LLC, Defendant Avid Telecom Transmitted calls that it received directly from Virtual Telecom/Mobi Telecom LLC.

94.     Admit that Defendant Avid Telecom had a Business Relationship with Modok Telecom.

95.    Admit that Defendant Avid Telecom has received Compensation from Modok Telecom.

96.    Admit that, during the course of its Business Relationship with Modok Telecom, Defendant Avid Telecom Transmitted calls that it received directly from Modok Telecom.

97.    Admit that Defendant Avid Telecom had a Business Relationship with NGL Communications LLC.

98.    Admit that Defendant Avid Telecom has received Compensation from NGL Communications LLC.

99.    Admit that, during the course of its Business Relationship with NGL Communications LLC, Defendant Avid Telecom Transmitted calls that it received directly from NGL Communications LLC.

100.    Admit that Defendant Avid Telecom had a Business Relationship with Perfect Pitch Technology, LLC.

101.    Admit that Defendant Avid Telecom has received Compensation from Perfect Pitch Technology, LLC.

102.    Admit that Defendant Avid Telecom provided Compensation to Perfect Pitch Technology, LLC.

103.    Admit that Defendant Avid Telecom provided Telephony Services to Perfect Pitch Technology, LLC.

104.    Admit that Perfect Pitch Technology, LLC was a Non-Provider Customer of Defendant Avid Telecom.

105.    Admit that, during the course of its Business Relationship with Perfect Pitch Technology, LLC, Defendant Avid Telecom Transmitted calls that it received directly from Perfect Pitch Technology, LLC.

106.    Admit that, during the course of its Business Relationship with Perfect Pitch Technology, LLC, Defendant Avid Telecom Transmitted calls that it received from Perfect Pitch Technology, LLC where no other Voice Service Providers had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

107.    Admit that, during the course of its Business Relationship with Perfect Pitch Technology, LLC, Defendant Avid Telecom Transmitted calls directly to Perfect Pitch Technology, LLC.

108.    Admit that Defendant Avid Telecom had a Business Relationship with R Squared / 200 Networks.

109.    Admit that Defendant Avid Telecom has received Compensation from R Squared / 200 Networks.

110.    Admit that, during the course of its Business Relationship with R Squared / 200 Networks, Defendant Avid Telecom Transmitted calls that it received directly from R Squared / 200 Networks.

111.    Admit that Defendant Avid Telecom had a Business Relationship with Sipnex Telecom LLC.

112.    Admit that Defendant Avid Telecom has received Compensation from Sipnex Telecom LLC.

113.    Admit that, during the course of its Business Relationship with Sipnex Telecom LLC, Defendant Avid Telecom Transmitted calls that it received directly from Sipnex Telecom LLC.

114.    Admit that Defendant Avid Telecom had a Business Relationship with StrategicIT.

115.    Admit that Defendant Avid Telecom has received Compensation from StrategicIT.

116.    Admit that, during the course of its Business Relationship with StrategicIT, Defendant Avid Telecom Transmitted calls that it received directly from StrategicIT.

117.    Admit that Defendant Avid Telecom had a Business Relationship with TCA VoIP / Telecom Carrier Access / TeleSpan.

118.    Admit that Defendant Avid Telecom received Compensation from TCA VoIP / Telecom Carrier Access / TeleSpan.

119.    Admit that, during the course of its Business Relationship with TCA VoIP / Telecom Carrier Access / TeleSpan, Defendant Avid Telecom Transmitted calls that it received directly from TCA VoIP / Telecom Carrier Access / TeleSpan.

120.    Admit that Defendant Avid Telecom had a Business Relationship with Telcast Network / Voovertel.

121.    Admit that Defendant Avid Telecom received Compensation from Telcast Network / Voovertel.

122.    Admit that, during the course of its Business Relationship with Telcast Network / Voovertel, Defendant Avid Telecom Transmitted calls that it received directly from Telcast Network / Voovertel.

123.    Admit that Defendant Avid Telecom had a Business Relationship with Telesero / Fiducia.

124.    Admit that Defendant Avid Telecom has received Compensation from Telesero / Fiducia.

125.    Admit that, during the course of its Business Relationship with Telesero / Fiducia, Defendant Avid Telecom Transmitted calls that it received directly from Telesero / Fiducia.

126.    Admit that Defendant Avid Telecom had a Business Relationship with Tellza / Phonetime / Matchcom.

127.    Admit that Defendant Avid Telecom has received Compensation from Tellza / Phonetime / Matchcom.

128.    Admit that, during the course of its Business Relationship with Tellza / Phonetime / Matchcom, Defendant Avid Telecom Transmitted calls that it received directly from Tellza / Phonetime / Matchcom.

129.    Admit that Defendant Avid Telecom had a Business Relationship with Third Rock Telecom.

130.    Admit that Defendant Avid Telecom has received Compensation from Third Rock Telecom.

131.    Admit that, during the course of its Business Relationship with Third Rock Telecom, Defendant Avid Telecom Transmitted calls that it received directly from Third Rock Telecom.

132.    Admit that Defendant Avid Telecom had a Business Relationship with TouchTone.

133.    Admit that Defendant Avid Telecom has received Compensation from TouchTone.

134.    Admit that, during the course of its Business Relationship with TouchTone, Defendant Avid Telecom Transmitted calls that it received directly from TouchTone.

135.    Admit that Defendant Avid Telecom had a Business Relationship with Trixcom / Vibtree Technologies, LLC.

136.    Admit that Defendant Avid Telecom has received Compensation from Trixcom / Vibtree Technologies, LLC.

137.    Admit that, during the course of its Business Relationship with Trixcom / Vibtree Technologies, LLC, Defendant Avid Telecom Transmitted calls that it received directly from Trixcom / Vibtree Technologies, LLC.

138.    Admit that Defendant Avid Telecom had a Business Relationship with Urth Access, LLC.

139.    Admit that Defendant Avid Telecom has received Compensation from Urth Access, LLC.

140.    Admit that Defendant Avid Telecom received Compensation from Tracto, LLC. for service provided by Defendant Avid Telecom to Urth Access, LLC.

141.    Admit that Defendant Avid Telecom received Compensation from Creditum, LLC. for service provided by Defendant Avid Telecom to Urth Access, LLC.

142.    Admit that, during the course of its Business Relationship with Urth Access, LLC, Defendant Avid Telecom Transmitted calls that it received directly from Urth Access, LLC.

143.    Admit that Defendant Avid Telecom had a Business Relationship with VOIP Terminator / BL Marketing.

144.    Admit that Defendant Avid Telecom has received Compensation from VOIP Terminator / BL Marketing.

145.    Admit that, during the course of its Business Relationship with VOIP Terminator / BL Marketing, Defendant Avid Telecom Transmitted calls that it received directly from VOIP Terminator / BL Marketing.

146.    Admit that Defendant Avid Telecom had a Business Relationship with Vultik Inc.

147.    Admit that Defendant Avid Telecom has received Compensation from Vultik Inc.

148.    Admit that, during the course of its Business Relationship with Vultik Inc., Defendant Avid Telecom Transmitted calls that it received directly from Vultik Inc.

149.    Admit that Defendant Avid Telecom had a Business Relationship with Yodel Technologies / Yodel Voice.

150.    Admit that Defendant Avid Telecom has received Compensation from Yodel Technologies / Yodel Voice.

151.   Admit that Defendant Avid Telecom provided Compensation to Yodel Technologies / Yodel Voice.

152.   Admit that Defendant Avid Telecom provided Telephony Services to Yodel Technologies / Yodel Voice.

153.   Admit that Yodel Technologies / Yodel Voice was a Non-Provider Customer of Defendant Avid Telecom.

154.   Admit that, during the course of its Business Relationship with Yodel Technologies / Yodel Voice, Defendant Avid Telecom Transmitted calls that it received directly from Yodel Technologies / Yodel Voice.

155.   Admit that, during the course of its Business Relationship with Yodel Technologies / Yodel Voice, Defendant Avid Telecom Transmitted calls that it received from Yodel Technologies / Yodel Voice where no other Voice Service Providers had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

156.   Admit that, during the course of its Business Relationship with Yodel Technologies / Yodel Voice, Defendant Avid Telecom Transmitted calls directly to Yodel Technologies / Yodel Voice.

157.   Admit that Defendants Avid Telecom and Lansky were issued a civil investigative demand on August 1, 2022, by the Office of the Indiana Attorney General.

158.   Admit that Defendants Avid Telecom and Lansky did not produce any documents or answers in response to the Requests for Production and Interrogatories, respectively, set forth in the civil investigative demand issued on August 1, 2022, by the Office of the Indiana Attorney General.

159.   Admit that Defendant Avid Telecom had a Business Relationship with All Access Telecom.

160.   Admit that Defendant Avid Telecom provided Compensation to All Access Telecom.

161.   Admit that, during the course of its Business Relationship with All Access Telecom, Defendant Avid Telecom Transmitted calls directly to All Access Telecom.

162.   Admit that the files consisting of CDRs produced by All Access Telecom to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143523—satisfy Fed. R. Evid. 803(6)(A)–(C).

163.   Admit that Defendant Avid Telecom had a Business Relationship with Bandwidth.

164.   Admit that Defendant Avid Telecom provided Compensation to Bandwidth.

165.   Admit that, during the course of its Business Relationship with Bandwidth, Defendant Avid Telecom Transmitted calls directly to Bandwidth.

166.   Admit that the files consisting of CDRs produced by Bandwidth to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143524—satisfy Fed. R. Evid. 803(6)(A)–(C).

167.   Admit that Defendant Avid Telecom had a Business Relationship with Call48 - HFA Services - Skye Telecom.

168.   Admit that Defendant Avid Telecom provided Compensation to Call48 - HFA Services - Skye Telecom.

169.   Admit that, during the course of its Business Relationship with Call48 - HFA Services - Skye Telecom, Defendant Avid Telecom Transmitted calls directly to Call48 - HFA Services - Skye Telecom.

170.   Admit that the files consisting of CDRs produced by Call48 - HFA Services - Skye Telecom to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143620—satisfy Fed. R. Evid. 803(6)(A)–(C).

171.   Admit that Defendant Avid Telecom had a Business Relationship with Carrier Connect Corp.

172.   Admit that Defendant Avid Telecom provided Compensation to Carrier Connect Corp.

173.   Admit that, during the course of its Business Relationship with Carrier Connect Corp, Defendant Avid Telecom Transmitted calls directly to Carrier Connect Corp.

174.   Admit that the files consisting of CDRs produced by Carrier Connect Corp to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume

AGTF_VOL003 production and which file names are enumerated on AGTF_000143520—satisfy Fed. R. Evid. 803(6)(A)–(C).

175.   Admit that Defendant Avid Telecom had a Business Relationship with Dorial Telecom.

176.   Admit that Defendant Avid Telecom provided Compensation to Dorial Telecom.

177.   Admit that, during the course of its Business Relationship with Dorial Telecom, Defendant Avid Telecom Transmitted calls directly to Dorial Telecom.

178.   Admit that the files consisting of CDRs produced by Dorial Telecom to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143621 through AGTF_000143630—satisfy Fed. R. Evid. 803(6)(A)–(C).

179.   Admit that Defendant Avid Telecom had a Business Relationship with G4 Telecom.

180.   Admit that Defendant Avid Telecom provided Compensation to G4 Telecom.

181.   Admit that, during the course of its Business Relationship with G4 Telecom, Defendant Avid Telecom Transmitted calls directly to G4 Telecom.

182.   Admit that the files consisting of CDRs produced by G4 Telecom to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume

AGTF_VOL003 production and which file names are enumerated on AGTF_000143639—satisfy Fed. R. Evid. 803(6)(A)–(C).

183.    Admit that Defendant Avid Telecom had a Business Relationship with Inteliquent - Sinch - Neutral Tandem.

184.    Admit that Defendant Avid Telecom provided Compensation to Inteliquent – Sinch – Neutral Tandem.

185.    Admit that, during the course of its Business Relationship with Inteliquent - Sinch - Neutral Tandem, Defendant Avid Telecom Transmitted calls directly to Inteliquent - Sinch - Neutral Tandem.

186.    Admit that the files consisting of CDRs produced by Inteliquent - Sinch - Neutral Tandem to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143509 through AGTF_000143511—satisfy Fed. R. Evid. 803(6)(A)–(C).

187.    Admit that Defendant Avid Telecom had a Business Relationship with NGN Latam Corp - Datora Telecom.

188.    Admit that Defendant Avid Telecom provided Compensation to NGN Latam Corp – Datora Telecom.

189.    Admit that, during the course of its Business Relationship with NGN Latam Corp - Datora Telecom, Defendant Avid Telecom Transmitted calls directly to NGN Latam Corp - Datora Telecom.

190.    Admit that the files consisting of CDRs produced by NGN Latam Corp - Datora Telecom to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143525 through AGTF_000143544—satisfy Fed. R. Evid. 803(6)(A)–(C).

191.    Admit that Defendant Avid Telecom had a Business Relationship with Peerless Network - Airus.

192.    Admit that Defendant Avid Telecom provided Compensation to Peerless Network – Airus.

193.    Admit that, during the course of its Business Relationship with Peerless Network - Airus, Defendant Avid Telecom Transmitted calls directly to Peerless Network - Airus.

194.    Admit that the files consisting of CDRs produced by Peerless Network - Airus to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143618—satisfy Fed. R. Evid. 803(6)(A)–(C).

195.    Admit that Defendant Avid Telecom had a Business Relationship with PNG Telecomms - PowerNet Global Communications.

196.    Admit that Defendant Avid Telecom provided Compensation to PNG Telecomms – PowerNet Global Communications.

197.    Admit that, during the course of its Business Relationship with PNG Telecomms - PowerNet Global Communications, Defendant Avid Telecom Transmitted calls directly to PNG Telecomms - PowerNet Global Communications.

198.    Admit that the files consisting of CDRs produced by PNG Telecomms - PowerNet Global Communications to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143638—satisfy Fed. R. Evid. 803(6)(A)–(C).

199.    Admit that Defendant Avid Telecom had a Business Relationship with Qwality Tel.

200.    Admit that Defendant Avid Telecom provided Compensation to Qwality Tel.

201.    Admit that, during the course of its Business Relationship with Qwality Tel, Defendant Avid Telecom Transmitted calls directly to Qwality Tel.

202.    Admit that the files consisting of CDRs produced by Qwality Tel to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143519—satisfy Fed. R. Evid. 803(6)(A)–(C).

203.    Admit that Defendant Avid Telecom had a Business Relationship with Red Telecom LLC.

204.    Admit that Defendant Avid Telecom provided Compensation to Red Telecom LLC.

205.   Admit that Defendant Avid Telecom received Compensation from Red Telecom LLC.

206.   Admit that, during the course of its Business Relationship with Red Telecom LLC, Defendant Avid Telecom Transmitted calls that it received directly from Red Telecom LLC.

207.   Admit that, during the course of its Business Relationship with Red Telecom LLC, Defendant Avid Telecom Transmitted calls directly to Red Telecom LLC.

208.   Admit that the files consisting of CDRs produced by Red Telecom to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143521 through AGTF_000143522—satisfy Fed. R. Evid. 803(6)(A)–(C).

209.   Admit that Defendant Avid Telecom had a Business Relationship with RingSquared - Magna5 Telecom - NovaTel.

210.   Admit that Defendant Avid Telecom provided Compensation to RingSquared – Magna5 Telecom – NovaTel.

211.   Admit that, during the course of its Business Relationship with RingSquared - Magna5 Telecom - NovaTel, Defendant Avid Telecom Transmitted calls directly to RingSquared - Magna5 Telecom - NovaTel.

212.   Admit that the files consisting of CDRs produced by RingSquared - Magna5 Telecom - NovaTel to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to

Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143594 through AGTF_000143595—satisfy Fed. R. Evid. 803(6)(A)–(C).

213.    Admit that Defendant Avid Telecom had a Business Relationship with Secure Voice Corp.

214.    Admit that Defendant Avid Telecom provided Compensation to Secure Voice Corp.

215.    Admit that, during the course of its Business Relationship with Secure Voice Corp, Defendant Avid Telecom Transmitted calls directly to Secure Voice Corp.

216.    Admit that the files consisting of CDRs produced by Secure Voice Corp to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143596 through AGTF_000143617—satisfy Fed. R. Evid. 803(6)(A)–(C).

217.    Admit that Defendant Avid Telecom had a Business Relationship with Talkie Communications - Sonic Systems.

218.    Admit that Defendant Avid Telecom provided Compensation to Talkie Communications – Sonic Systems.

219.    Admit that, during the course of its Business Relationship with Talkie Communications - Sonic Systems, Defendant Avid Telecom Transmitted calls directly to Talkie Communications - Sonic Systems.

220.    Admit that the files consisting of CDRs produced by Talkie Communications - Sonic Systems to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143631 through AGTF_000143637—satisfy Fed. R. Evid. 803(6)(A)–(C).

221.    Admit that Defendant Avid Telecom had a Business Relationship with Telco Connection.

222.    Admit that Defendant Avid Telecom provided Compensation to Telco Connection.

223.    Admit that, during the course of its Business Relationship with Telco Connection, Defendant Avid Telecom Transmitted calls directly to Telco Connection.

224.    Admit that the files consisting of CDRs produced by Telco Connection to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143545 through AGTF_000143551—satisfy Fed. R. Evid. 803(6)(A)–(C).

225.    Admit that Defendant Avid Telecom had a Business Relationship with Touchtone Communications.

226.    Admit that Defendant Avid Telecom provided Compensation to Touchtone Communications.

227.    Admit that, during the course of its Business Relationship with Touchtone Communications, Defendant Avid Telecom Transmitted calls directly to Touchtone Communications.

228.    Admit that the files consisting of CDRs produced by Touchtone Communications to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143518—satisfy Fed. R. Evid. 803(6)(A)–(C).

229.    Admit that Defendant Avid Telecom had a Business Relationship with Verizon.

230.    Admit that Defendant Avid Telecom provided Compensation to Verizon.

231.    Admit that, during the course of its Business Relationship with Verizon, Defendant Avid Telecom Transmitted calls directly to Verizon.

232.    Admit that the files consisting of CDRs produced by Verizon to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143517—satisfy Fed. R. Evid. 803(6)(A)–(C).

233.    Admit that Defendant Avid Telecom had a Business Relationship with VoIP Innovations - VoIP Street.

234.    Admit that Defendant Avid Telecom provided Compensation to VoIP Innovations – VoIP Street.

235.    Admit that, during the course of its Business Relationship with VoIP Innovations - VoIP Street, Defendant Avid Telecom Transmitted calls directly to VoIP Innovations - VoIP Street.

236.    Admit that the files consisting of CDRs produced by VoIP Innovations - VoIP Street to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143619—satisfy Fed. R. Evid. 803(6)(A)–(C).

237.    Admit that Defendant Avid Telecom had a Business Relationship with Windstream.

238.    Admit that Defendant Avid Telecom provided Compensation to Windstream.

239.    Admit that, during the course of its Business Relationship with Windstream, Defendant Avid Telecom Transmitted calls directly to Windstream.

240.    Admit that the files consisting of CDRs produced by Windstream to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143513 through AGTF_000143516—satisfy Fed. R. Evid. 803(6)(A)–(C).

241.    Admit that Defendant Avid Telecom had a Business Relationship with XCast Labs.

242.    Admit that Defendant Avid Telecom provided Compensation to XCast Labs.

243.    Admit that, during the course of its Business Relationship with XCast Labs, Defendant Avid Telecom Transmitted calls directly to XCast Labs.

244.    Admit that the files consisting of CDRs produced by XCast Labs to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143512—satisfy Fed. R. Evid. 803(6)(A)–(C).

245.    Admit that Defendant Avid Telecom had a Business Relationship with John C. Spiller, II.

246.    Admit that Defendant Avid Telecom had a Business Relationship with John C. Spiller, II, while Mr. Spiller used the pseudonym Mikel Quinn.

247.    Admit that Defendant Avid Telecom received Compensation from John C. Spiller, II.

248.    Admit that Defendant Avid Telecom provided Compensation to John C. Spiller, II.

249.    Admit that Defendant Avid Telecom had a Business Relationship with JSquared Telecom LLC.

250.    Admit that Defendant Avid Telecom received Compensation from JSquared Telecom LLC.

251.    Admit that Defendant Avid Telecom provided Compensation to JSquared Telecom LLC.

252.    Admit that, during the course of its Business Relationship with JSquared Telecom LLC, Defendant Avid Telecom Transmitted calls that it received directly from JSquared Telecom LLC.

253.    Admit that Defendant Avid Telecom had a Business Relationship with Rising Eagle Capital Group LLC.

254.    Admit that Defendant Avid Telecom received Compensation from Rising Eagle Capital Group LLC.

255.    Admit that Defendant Avid Telecom provided Compensation to Rising Eagle Captial Group LLC.

256.    Admit that, during the course of its Business Relationship with Rising Eagle Capital Group LLC, Defendant Avid Telecom Transmitted calls that it received directly from Rising Eagle Capital Group LLC.

257.    Admit that Defendant Avid Telecom had a Business Relationship with Great Choice Telecom LLC.

258.    Admit that Defendant Avid Telecom received Compensation from Great Choice Telecom LLC.

259.    Admit that Defendant Avid Telecom provided Compensation to Great Choice Telecom LLC.

260.    Admit that, during the course of its Business Relationship with Great Choice Telecom LLC, Defendant Avid Telecom Transmitted calls that it received directly from Great Choice Telecom LLC.

261.   Admit that the files consisting of CDRs produced by Defendant Avid Telecom to the Plaintiff States of North Carolina and Texas during the investigation and litigation of John C. Spiller, II—which files were produced back to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143552 through AGTF_000143593—satisfy Fed. R. Evid. 803(6)(A)–(C).

262.   Admit that You sold, rented and/or leased DIDs to John C. Spiller, II.

263.   Admit that You sold, rented and/or leased DIDs to Rising Eagle Capital Group LLC.

264.   Admit that You sold, rented and/or leased DIDs to JSquared Telecom LLC.

265.   Admit that You sold, rented, and/or leased DIDs to Great Choice Telecom LLC.

266.   Admit that You knew that John C. Spiller II owned, managed, and/or operated Rising Eagle Telecom LLC.

267.   Admit that You knew that John C. Spiller II owned, managed, and/or operated JSquared Telecom LLC.

268.   Admit that You knew that John C. Spiller II owned, managed, and/or operated Great Choice Telecom LLC.

269.   Admit that, on or about June 10, 2020, You were aware of the enforcement action by the FCC against John C. Spiller, II.

270.   Admit that You never purchased a copy of the FTC's National Do Not Call Registry for any single area code.

271.   Admit that You never purchased a copy of the FTC's National Do Not Call Registry for all area codes nationwide.

272.   Admit that You, either directly or through a third-party (e.g., a third-party switch provider), have never instituted or implemented any policies or processes regarding network-level blocking for any calls Transmitted across Defendant Avid Telecom's network that were sent from calling numbers that were not assigned or recognized as valid by the North American Numbering Plan Administrator.

273.   Admit that You, either directly or through a third-party (e.g., a third-party switch provider), never instituted or implemented any policies or processes regarding mitigation practices that resulted in blocking any calls Transmitted across Defendant Avid Telecom's network that were sent from calling numbers that were not assigned or recognized as valid by the North American Numbering Plan Administrator.

274.   Admit that Defendant Lansky was the exclusive user of the email address Lansky@avidtelecom.com.

275.   Admit that Defendant Lansky was the primary, if not exclusive, user of the email address Lansky@avidtelecom.com.

276.   Admit that Defendant Lansky used the email address Lansky@avidtelecom.com for business related correspondence regarding Defendant Avid Telecom.

277.   Admit that emails produced to the Plaintiffs that were sent from, or received by, the email address Lansky@avidtelecom.com are admissible under Fed. R. Evid. 803(6).

278.    Admit that Defendant Lansky was the exclusive user of the email address Lansky@avid-telecom.com.

279.    Admit that Defendant Lansky was the primary, if not exclusive, user of the email address Lansky@avid-telecom.com.

280.    Admit that Defendant Lansky used the email address Lansky@avid-telecom.com for business related correspondence regarding Defendant Avid Telecom.

281.    Admit that emails produced to the Plaintiffs that were sent from, or received by, the email address Lansky@avid-telecom.com are admissible under Fed. R. Evid. 803(6).

282.    Admit that owners, employees, agents, independent contractors, and/or representatives entitled to act on behalf of Defendant Avid Telecom used the email address noc@avid-telecom.com.

283.    Admit that owners, employees, agents, independent contractors, and/or representatives entitled to act on behalf of Defendant Avid Telecom used the email address noc@avid-telecom.com for business related correspondence regarding Defendant Avid Telecom.

284.    Admit that emails produced to the Plaintiffs that were sent from, or received by, the email address noc@avid-telecom.com are admissible under Fed. R. Evid. 803(6).

285.    Admit that Defendant Reeves was the exclusive user of the email address Reeves@avid-telecom.com.

286.    Admit that Defendant Reeves was the primary, if not exclusive, user of the email address Reeves@avid-telecom.com.

287.    Admit that Defendant Reeves used the email address Reeves@avid-telecom.com for business related correspondence regarding Defendant Avid Telecom.

288.    Admit that emails produced to the Plaintiffs that were sent from, or received by, the email address Reeves@avid-telecom.com are admissible under Fed. R. Evid. 803(6).

289.    Admit that Defendant Reeves performed services for the benefit of Defendant Avid Telecom at the direction of Defendant Lansky.

290.    Admit that Defendant Reeves performed services for the benefit of Defendant Avid Telecom at the direction of Defendant Avid Telecom.

291.    Admit that Defendant Reeves held herself out to Defendant Avid Telecom's customers as the Vice President of Operations and Sales of Defendant Avid Telecom.

292.    Admit that Defendant Reeves held herself out to the USTelecom-led Industry Traceback Group as the Vice President of Operations and Sales of Avid Telecom.

293.    Admit that Defendant Avid Telecom had the authority to control and/or direct the actions of Defendant Reeves in her performance of any duties on behalf of Defendant Avid Telecom.

294.    Admit that Defendant Reeves is an agent of Defendant Avid Telecom.

295.    Admit that Defendant Reeves had the authority to act on behalf of Defendant Avid Telecom.

296.    Admit that Defendant Reeves has received Compensation from Defendant Avid Telecom.

297.    Admit that Defendant Lansky is an agent of Defendant Avid Telecom.

298.   Admit that Defendant Lansky has authority to act on behalf of Defendant Avid Telecom.

299.   Admit that Defendant Lansky has received Compensation from Defendant Avid Telecom.

*The remainder of this page is intentionally left blank.*

RESPECTFULLY SUBMITTED this 20th day of August 2025.

**FOR THE STATE OF ARIZONA:**

KRISTIN K. MAYES
Attorney General for the State of Arizona

/s/ John Raymond Dillon IV
JOHN RAYMOND DILLON IV
SARAH PELTON
DYLAN JONES
LAURA DILWEG
ALYSE MEISLIK
Assistant Attorneys General
*Attorneys for the State of Arizona*

**FOR THE STATE OF INDIANA:**

TODD ROKITA
Attorney General for the State of Indiana

s/ Douglas S. Swetnam
DOUGLAS S. SWETNAM
THOMAS L. MARTINDALE
Deputy Attorneys General
*Attorneys for the State of Indiana*

**FOR THE STATE OF NORTH CAROLINA:**

JEFF JACKSON
Attorney General for the State of North Carolina

/s/ Tracy Nayer
TRACY NAYER
ROCHELLE SPARKO
Special Deputy Attorneys General
*Attorneys for the State of North Carolina*

**FOR THE STATE OF OHIO:**

DAVE YOST
Attorney General for the State of Ohio

/s/ Erin B. Leahy
ERIN B. LEAHY
Senior Assistant Attorney General
*Attorney for the State of Ohio*

*Lead Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2025, I served the foregoing **PLAINTIFFS'**

**FIRST RULE 36 REQUESTS FOR ADMISSION TO MICHAEL D. LANSKY,**

**L.L.C., DBA AVID TELECOM** upon Defendants by electronically mailing a copy of the

same to their counsel of record as follows:

Neil S. Ende
Technology Law Group, LLC
nende@tlgdc.com

Greg Taylor
Technology Law Group, LLC
gtaylor@tlgdc.com

/s/ Tracy Nayer
Special Deputy Attorney General
Counsel for the Plaintiff State of North Carolina

## LIST OF PLAINTIFFS' COUNSEL

John Raymond Dillon IV (AZ Bar
No. 036796)
Sarah Pelton (AZ Bar No. 039633)
Dylan Jones (AZ Bar No. 034185)
Laura Dilweg (AZ No. 036066)
Alyse Meislik (AZ No. 024052)
Assistant Attorneys General
Arizona Attorney General's Office
2005 North Central Avenue
Phoenix, AZ 85004
Phone: (602) 542-8018
Fax:   (602) 542-4377
john.dillonIV@azag.gov
sarah.pelton@azag.gov
mailto:dylan.jones@azag.gov
laura.dilweg@azag.gov
alyse.meislik@azag.gov
*Attorneys for Plaintiff State of Arizona*

Douglas S. Swetnam (IN Bar No. 15860-
49)
Thomas L. Martindale (IN Bar No. 29706-
64)
Deputy Attorneys General
Office of the Indiana Attorney General
Todd Rokita
Indiana Govt. Center South, 5th Fl.
302 W. Washington St.
Indianapolis, IN 46204-2770
Phone: (317) 232-6294 (Swetnam)
          (317) 232-7751 (Martindale)
Fax:   (317) 232-7979
douglas.swetnam@atg.in.gov
thomas.martindale@atg.in.gov
*Attorneys for Plaintiff State of Indiana*

Tracy Nayer (NC Bar No. 36964)
Rochelle Sparko (NC Bar No. 38528)
Special Deputy Attorneys General
North Carolina Department of Justice
Consumer Protection Division
P.O. Box 629
Raleigh, North Carolina 27602
Phone:   (919) 716-6000
Fax:     (919) 716-6050
tnayer@ncdoj.gov
rsparko@ncdoj.gov
*Attorneys for Plaintiff State of North
Carolina*

Erin B. Leahy (OH Bar No. 0069509)
Senior Assistant Attorney General
Office of Attorney General Dave Yost
30 East Broad Street, 14th Fl.
Columbus, OH 43215
Phone: (614) 752-4730
Fax:     (866) 768-2648
Erin.Leahy@OhioAGO.gov
*Attorney for Plaintiff State of Ohio*

***Lead Counsel for Plaintiffs***

Lindsay D. Barton (AL Bar No. 1165-G00N)
Robert D. Tambling (AL Bar No. 6026-N67R)
Assistant Attorneys General
Office of the Alabama Attorney General
501 Washington Avenue
Montgomery, Alabama 36130
Phone: (334) 353-2609 (Barton)
         (334) 242-7445 (Tambling)
Fax:     (334) 353-8400
Lindsay.Barton@AlabamaAG.gov
Robert.Tambling@AlabamaAG.gov
*Attorneys for Plaintiff State of Alabama*

Amanda Wentz (AR Bar No. 2021066)
Assistant Attorney General
Office of Attorney General Tim Griffin
101 West Capitol Avenue
Little Rock, AR 72201
Phone: (501) 682-1178
Fax:     (501) 682-8118
amanda.wentz@arkansasag.gov
*Attorney for Plaintiff State of Arkansas*

Nicklas A. Akers (CA Bar No. 211222)
Senior Assistant Attorney General
Bernard A. Eskandari (CA Bar No. 244395)
Supervising Deputy Attorney General
Timothy D. Lundgren (CA Bar No. 254596)
Rosailda Perez (CA Bar No. 284646)
Deputy Attorneys General
Office of the California Attorney General
300 S. Spring St., Suite 1702
Los Angeles, CA 90013
Phone: (415) 510-3364 (Akers)
         (213) 269-6348 (Eskandari)
         (213) 269-6355 (Lundgren)
         (213) 269-6612 (Perez)
Fax:     (916) 731-2146
nicklas.akers@doj.ca.gov
bernard.eskandari@doj.ca.gov
timothy.lundgren@doj.ca.gov
rosailda.perez@doj.ca.gov
*Attorneys for Plaintiff People of the State of California*

Michel Singer Nelson (CO Bar No. 19779)
Assistant Attorney General II
Colorado Office of the Attorney General
Ralph L. Carr Judicial Building
1300 Broadway, 10th Floor
Denver, CO 80203
Phone: (720) 508-6220
michel.singernelson@coag.gov
*Attorney for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

Brendan T. Flynn (Fed. Bar No. ct04545, CT Bar No. 419935)
Assistant Attorney General
Office of the Connecticut Attorney General William Tong
165 Capitol Avenue, Suite 4000
Hartford, CT 06106
Phone: (860) 808-5400
Fax:    (860) 808-5593
mailto:brendan.flynn@ct.gov
*Attorney for Plaintiff State of Connecticut*

Ryan Costa (DE Bar No. 5325)
Deputy Attorney General
Delaware Department of Justice
820 N. French Street, 5th Floor
Wilmington, DE 19801
Phone: (302) 683-8811
Fax:    (302) 577-6499
Ryan.costa@delaware.gov
*Attorney for Plaintiff State of Delaware*

Laura C. Beckerman (DC Bar No. 1008120)
Senior Trial Counsel
Public Advocacy Division
D.C. Office of the Attorney General
400 6th Street NW, 10th Floor
Washington, DC 20001
Phone: (202) 655-7906
Laura.Beckerman@dc.gov
*Attorney for Plaintiff District of Columbia*

Miles Vaughn (FL Bar No. 1032235)
Assistant Attorney General
Office of the Florida Attorney General
Consumer Protection Division
3507 E. Frontage Rd, Suite 325
Tampa, FL 33607
Phone: (813) 287-7950
Fax:    (813) 281-5515
miles.vaughn@myfloridalegal.com
*Attorney for Plaintiff James Uthmeier, Attorney General of the State of Florida*

David A. Zisook (GA Bar No. 310104)
Senior Assistant Attorney General
Office of the Georgia Attorney General
40 Capitol Square SW
Atlanta, GA 30334
Phone: (404) 458-4294
Fax:    (404) 464-8212
dzisook@law.ga.gov
*Attorney for Plaintiff State of Georgia*

Christopher J.I. Leong (HI Bar No. 9662)
Deputy Attorney General
Hawaii Department of the Attorney General
425 Queen Street
Honolulu, HI 96813
Phone: (808) 586-1180
Fax:    (808) 586-1205
christopher.ji.leong@hawaii.gov
*Attorney for Plaintiff State of Hawaii*

James J. Simeri (ID Bar No. 12332)
Consumer Protection Division Chief
Idaho Attorney General's Office
P.O. Box 83720
Boise, ID 83720-0010
Phone: (208) 334-4114
james.simeri@ag.idaho.gov
*Attorney for Plaintiff State of Idaho*

Philip Heimlich (IL Bar No. 6286375)
Assistant Attorney General
Elizabeth Blackston (IL Bar No. 6228859)
Consumer Fraud Bureau Chief
Office of the Illinois Attorney General
500 S. Second Street
Springfield, IL 62791
Phone: (217) 782-4436
philip.heimlich@ilag.gov
elizabeth.blackston@ilag.gov
*Attorneys for Plaintiff People of the State of Illinois*

Benjamin Bellus (IA Bar No. AT0000688)
William Pearson (IA Bar No. AT0012070)
Assistant Attorneys General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Phone: (515) 242-6536 (Bellus)
        (515) 242-6773 (Pearson)
Fax:    (515) 281-6771
Benjamin.Bellus@ag.iowa.gov
William.Pearson@ag.iowa.gov
*Attorneys for Plaintiff State of Iowa*

Nicholas C. Smith (KS Bar No. 29742)
Sarah M. Dietz (KS Bar No. 27457)
Assistant Attorneys General
Consumer Protection Section
Office of the Kansas Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, KS 66612
Phone: (785) 296-3751
Fax:    (785) 291-3699
Nicholas.Smith@ag.ks.gov
sarah.dietz@ag.ks.gov
*Attorneys for Plaintiff State of Kansas*

Jacob P. Ford (KY Bar No. 95546)
Assistant Attorney General
Office of the Attorney General,
Commonwealth of Kentucky
1024 Capital Center Drive, Ste. 200
Frankfort, KY 40601
Phone: (502) 871-2044
jacobp.ford@ky.gov
*Attorney for Plaintiff Commonwealth of Kentucky*

ZaTabia N. Williams (LA Bar No. 36933)
Assistant Attorney General
Office of the Attorney General Liz Murrill
1885 North Third St.
Baton Rouge, LA 70802
Phone: (225) 326-6164
Fax:    (225) 326-6499
WilliamsZ@ag.louisiana.gov
*Attorney for Plaintiff State of Louisiana*

Brendan O'Neil (ME Bar No. 009900)
Michael Devine (ME Bar No. 005048)
Assistant Attorneys General
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333
Phone: (207) 626-8800
Fax:    (207) 624-7730
brendan.oneil@maine.gov
michael.devine@maine.gov
*Attorneys for Plaintiff State of Maine*

Philip Ziperman (Fed. Bar No. 12430)
Deputy Counsel
Office of the Attorney General
200 St. Paul Place
Baltimore, MD 21202
Phone: (410) 576-6417
Fax:    (410) 576-6566
pziperman@oag.state.md.us
*Attorney for Plaintiff Maryland Office of the Attorney General*

Carol Guerrero (MA Bar No. 705419)
Assistant Attorney General
Michael N. Turi (MA Bar No. 706205)
Deputy Chief, Consumer Protection Division
Massachusetts Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Phone: (617) 963-2783
Fax:    (617) 727-5765
mailto:Carol.Guerrero@mass.gov
Michael.Turi@mass.gov
*Attorneys for Plaintiff Commonwealth of Massachusetts*

Kathy P. Fitzgerald (MI Bar No. P31454)
Michael S. Hill (MI Bar No. P73084)
Assistant Attorneys General
Michigan Department of Attorney General
Corporate Oversight Division
P.O. Box 30736
Lansing, MI 48909
Phone: (517) 335-7632
Fax:    (517) 335-6755
fitzgeraldk@michigan.gov
Hillm19@michigan.gov
*Attorneys for Plaintiff People of the State of Michigan*

Bennett Hartz (MN Bar No. 0393136)
Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1200
Saint Paul, MN 55404
Phone: (651) 757-1235
bennett.hartz@ag.state.mn.us
*Attorney for Plaintiff State of Minnesota, by its Attorney General, Keith Ellison*

James M. Rankin (MS Bar No. 102332)
Special Assistant Attorney General
Mississippi Attorney General's Office
P.O. Box 220
Jackson, MS 39205
Phone: (601) 359-4258
james.rankin@ago.ms.gov
*Attorney for Plaintiff Lynn Fitch, Attorney General State of Mississippi*

Luke Hawley (MO Bar No. 73749)
Assistant Attorney General
Office of the Missouri Attorney General
815 Olive Street, Suite 200
St. Louis, MO 63101
Phone: (314) 340-6816
Fax:    (314) 340-7891
luke.hawley@ago.mo.gov
*Attorney for Plaintiff State of Missouri, ex. rel. Andrew Bailey, Attorney General*

Brent Mead (MT Bar No. 68035000)
Deputy Solicitor General
Anna Schneider (MT Bar No. 13963)
Special Assistant Attorney General,
Senior Counsel
Montana Attorney General's Office
Office of Consumer Protection
215 North Sanders Street
P.O. Box 200151
Helena, MT 59620-0151
Phone: (406) 444-4500
Brent.mead2@mt.gov
Anna.schneider@mt.gov
*Attorneys for Plaintiff State of Montana*

Gary E. Brollier (NE Bar No. 19785)
Assistant Attorney General
Office of the Attorney General Michael
T. Hilgers
2115 State Capitol Building
Consumer Protection Division
Lincoln, NE 68509
Phone: (402) 471-1279
Fax:    (402) 471-4725
gary.brollier@nebraska.gov
*Attorney for Plaintiff State of Nebraska*

Michelle C. Badorine (NV Bar No.
13206)
Senior Deputy Attorney General
Office of the Nevada Attorney General
Bureau of Consumer Protection
100 North Carson Street
Carson City, NV 89701-4717
Phone: (775) 684-1164
Fax:    (775) 684-1299
MBadorine@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

Mary F. Stewart (NH Bar No. 10067)
Assistant Attorney General
New Hampshire Department of Justice
Office of the Attorney General
Consumer Protection and Antitrust
Bureau
1 Granite Place South
Concord, NH 03301
Phone: (603) 271-1139
Mary.F.Stewart@doj.nh.gov
*Attorney for Plaintiff State of New
Hampshire*

Jeffrey Koziar (NJ Bar No. 015131999)
Deputy Attorney General
New Jersey Office of the Attorney
General
Division of Law
124 Halsey Street
Newark, NJ 07101
Phone: (973) 648-7819
Fax:    (973) 648-4887
mailto:Jeff.koziar@law.njoag.gov
*Attorney for Plaintiff State of New Jersey*

Billy Jimenez (NM Bar No. 144627)
Assistant Attorney General
New Mexico Department of Justice
408 Galisteo St.
Santa Fe, New Mexico 87501
Phone: (505) 527-2694
Fax:    (505) 490-4883
Bjimenez@nmdoj.gov
*Attorney for Plaintiff Raúl Torrez, New
Mexico Attorney General*

Glenna Goldis (NY Bar No. 4868600)
Assistant Attorney General
Office of the New York State Attorney
General
28 Liberty Street
New York, NY 10005
Phone: (646) 856-3697
Glenna.goldis@ag.ny.gov
*Attorney for Plaintiff Office of the
Attorney General of the State of New
York*

Elin S. Alm (ND Bar No. 05924)
Christopher Glenn Lindblad (ND Bar
No. 06480)
Assistant Attorneys General
Office of North Dakota Attorney General
Consumer Protection & Antitrust
Division
1720 Burlington Drive, Suite C
Bismarck, ND 58504-7736
Phone: (701) 328-5570
Fax:    (701) 328-5568
mailto:ealm@nd.gov
clindblad@nd.gov
*Attorneys for Plaintiff State of North
Dakota*

Stephanie Powers (OK Bar No. 22892)
Assistant Attorney General
Office of the Oklahoma Attorney
General
313 N.E. 21st St.
Oklahoma City, OK 73105
Phone: (405) 522-3412
Fax:    (405) 522-0085
Stephanie.Powers@oag.ok.gov
*Attorney for Plaintiff State of Oklahoma
ex rel. Attorney General Gentner
Drummond*

Jordan M. Roberts (OR Bar No. 115010)
Senior Assistant Attorney General
Oregon Department of Justice
Consumer Protection Division
100 SW Market St.
Portland, OR 97201
Phone: (971) 673-1880
Fax:    (971) 673-1884
jordan.m.roberts@doj.oregon.gov
*Attorney for Plaintiff State of Oregon*

Mark W Wolfe (PA Bar No. 327807)
Deputy Attorney General
Pennsylvania Office of Attorney General
Strawberry Square, 15th Floor
Harrisburg, PA 17120-0001
Phone: (717) 772-3558
Fax:    (717) 705-3795
mwolfe@attorneygeneral.gov
*Attorney for Plaintiff Commonwealth of
Pennsylvania by Attorney General David
W. Sunday, Jr.*

Stephen N. Provazza (RI Bar No. 10435)
Special Assistant Attorney General
Rhode Island Office of the Attorney
General
150 S. Main Street
Providence, RI 02903
Phone: (401) 274-4400, ext. 2476
Fax:    (401) 222-1766
sprovazza@riag.ri.gov
*Attorney for Plaintiff State of Rhode
Island, by Attorney General Peter
Neronha*

Kristin Simons (SC Bar No. 74004)
Senior Assistant Attorney General
South Carolina Attorney General's
Office
P.O. Box 11549
Columbia, SC 29211-1549
Phone: (803) 734-6134
mailto:ksimons@scag.gov
*Attorney for Plaintiff State of South
Carolina*

Austin C. Ostiguy (TN Bar No. 040301)
Tyler T. Corcoran (TN Bar No. 038887)
Assistant Attorneys General
Office of the Tennessee Attorney
General
P.O. Box 20207
Nashville, TN 37202
Phone: (615) 532-7271 (Ostiguy)
          (615) 770-1714 (Corcoran)
Fax:     (615) 532-2910
austin.ostiguy@ag.tn.gov
tyler.corcoran@ag.tn.gov
*Attorneys for Plaintiff State of Tennessee*

David Shatto (Fed. Bar No. 3725697; TX
Bar No. 24104114)
Assistant Attorney General
Attorney General for the State of Texas
Office of the Attorney General
P.O. Box 12548 (MC-010)
Austin, TX 78711
Phone: (512) 463-2185
Fax:     (512) 473-9125
David.Shatto@oag.texas.gov
*Attorney for Plaintiff State of Texas*

Alexandra Butler (UT Bar No. 19238)
Assistant Attorney General
Utah Attorney General's Office
160 East 300 South, 5th Floor
P.O. Box 140872
Salt Lake City, UT 84114-0872
Phone: (385) 910-5533
Fax:     (801) 366-0315
alexandrabutler@agutah.gov
*Attorney for Plaintiff Utah Division of
Consumer Protection*

James Layman (VT Bar No. 5236)
Office of the Vermont Attorney General
109 State Street
Montpelier, VT 05609-1001
Phone: (802) 828-2315
Fax:     (802) 304-1014
James.Layman@vermont.gov
*Attorney for Plaintiff State of Vermont*

Geoffrey L. Ward (VA Bar No. 89818)
Senior Assistant Attorney General
Office of the Attorney General of
Virginia
202 N. Ninth St.
Richmond, VA 23219
Phone: (804) 371-0871
Fax:     (804) 786-0122
gward@oag.state.va.us
*Attorney for Plaintiff Commonwealth of
Virginia, ex rel. Jason S. Miyares,
Attorney General*

Zorba Leslie (WA Bar No. 58523)
Assistant Attorney General
Washington State Attorney General's
Office
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Phone: (206) 340-6787
Fax:     (206) 464-6451
zorba.leslie@atg.wa.gov
*Attorney for Plaintiff State of
Washington*


Ashley T. Wentz (WV Bar No. 13486)
Assistant Attorney General
West Virginia Attorney General's Office
Consumer Protection/Antitrust Division
P.O. Box 1789
Charleston, WV 25326
Phone: (304) 558-8986
Fax:     (304) 558-0184
Ashley.T.Wentz@wvago.gov
*Attorney for Plaintiff State of West
Virginia ex rel. John B. McCuskey,
Attorney General*

Gregory A. Myszkowski (WI Bar No.
1050022)
Assistant Attorney General
Wisconsin Department of Justice
P.O. Box 7857
Madison, WI 53707-7857
Phone: (608) 266-7656
Fax:     (608) 294-2907
gregory.myszkowski@wisdoj.gov
*Attorney for Plaintiff State of Wisconsin*


Cameron W. Geeting (WY Bar No.
7-5338)
Senior Assistant Attorney General
Consumer Protection and Antitrust Unit
Wyoming Office of the Attorney General
2320 Capitol Avenue
Cheyenne, Wyoming 82002
Phone: (307) 777-3795
cameron.geeting1@wyo.gov
*Attorney for Plaintiff State of Wyoming*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, *ex rel*. Kristin K. Mayes, Attorney General; et al.,<br><br>　　　Plaintiffs,<br><br>　　v.<br><br>Michael D. Lansky, L.L.C., dba Avid Telecom, et al.,<br><br>　　　Defendants. | No. 4:23-CV-00233-TUC-CKJ |

## PLAINTIFFS' FIRST RULE 36 REQUESTS FOR ADMISSION TO MICHAEL D. LANSKY

Pursuant to Federal Rules of Civil Procedure 36, Plaintiffs, by and through the undersigned attorneys, hereby submit their First Rule 36 Requests for Admission ("Requests") to Defendant Michael D. Lansky. Please respond to the following Requests within thirty (30) days of service.

## DEFINITIONS AND INSTRUCTIONS

As used herein, the following words shall have the following meanings:

1.　　Use of singular shall be deemed to include the plural. As used herein, the terms "and" and "or," "any" and "all," and "each" and "every" shall be interpreted liberally, as conjunctive, disjunctive, or both depending on the context, to achieve the fullest disclosure of information.

1

2.      Use of the present or past tense of a verb in a Request shall be interpreted liberally, to achieve the fullest and most accurate disclosure of information, where the conduct, action, or activity described therein is construed to apply to the subject of the Request at any time during the Relevant Period when such conduct, action, or activity was capable of being applicable.

3.      "Business Relationship" refers to an agreement or arrangement, whether formal or informal, for Defendant Avid Telecom to do any of the following:

a.      provide VoIP Services to a Person in exchange for Compensation;

b.      purchase VoIP Services from a Person in exchange for Compensation;

c.      provide other products or services to a Person in exchange for Compensation; and/or

d.      purchase other products or services from a Person in exchange for Compensation.

4.      "Call Detail Records" or "CDRs" refer to business records that are generated by or for every Voice Service Provider for every call that is Transmitted across a provider's network.  Information captured and retained about a call in a CDR generally includes, but is not limited to:

a.      the date and time of the call in UTC unless otherwise specified;

b.      the originating or calling telephone number Transmitted as the Caller ID information or automatic number identification ("ANI") reflecting the digits Transmitted;

2

c.  the terminating, called, or receiving telephone number or the LRN, if applicable;

d.  the call duration in seconds, from answer to disconnect;

e.  the alphanumeric customer identifier indicating the entity that sent the call to a provider's network or was the customer for which the provider initiated the call;

f.  the internet protocol ("IP") address sending the call to the provider's network;

g.  any SIP Response Codes associated with the call or attempted call including information that accompanied the SIP Response Code;

h.  the Downstream Provider to which a provider next Transmitted the call; and

i.  all information collected or generated as part of STIR/SHAKEN.

5.  "Compensation" means any donation, remittance, gift of money, or any other payment, salary, bonus, consideration, contribution, or exchange of something of value including, without limitation, Telephony Services, Voice Service, VoIP Services (whether Interconnected or Non-Interconnected), personally identifiable information, or any other personal data.

6.  "Defendants" means the following, individually, collectively or in any combination.

a.  "Corporate Defendant" or "Defendant Avid Telecom" means Michael D. Lansky, L.L.C., dba Avid Telecom, its members, agents,

3

independent contractors, associates, employees, affiliates, supervisors, representatives and/or any other Person entitled to act or purporting to act on the Corporate Defendant's behalf, which includes, but is not limited to any trade names, fictitious names, or "doing business as" names, and its successors and assigns. The term also includes present and former owners, officers, directors, employees, independent contractors, agents, representatives, attorneys, and all Persons working for or acting on behalf of the foregoing.

b.    "Individual Defendants" means Michael D. Lansky and Stacey S. Reeves collectively.

c.    "Defendant Lansky" means Michael D. Lansky individually.

d.    "Defendant Reeves" means Stacey S. Reeves individually.

7.    "Direct Inward Dial Numbers" or "DIDs" mean telephone numbers that conform to the North American Numbering Plan and can be used to Transmit inbound or outbound voice calls.

8.    "Downstream Provider" means any Voice Service Provider to which an Upstream Provider directly Transmits voice call traffic. A Downstream Provider may also be a point of entry provider onto the U.S. telephone network, or an intermediate or transit provider. A Voice Service Provider's classification as a Downstream Provider may change on a per-call basis.

9.    "FCC" means the Federal Communications Commission.

4

10.    "FTC" means the Federal Trade Commission.

11.    "Interconnected Voice over Internet Protocol Service" or "Interconnected VoIP Service" means a service that (1) enables real-time, two-way voice communications; (2) requires a broadband connection from the user's location; (3) requires internet protocol compatible customer premises equipment; and (4) permits users generally to receive calls that originate on the public switched telephone network and to terminate calls to the public switched telephone network.

12.    "Lead Generation" means the assignment, creation, sourcing, sale, subscription, leasing, renting, distribution, provisioning, purchase, reselling, wholesaling, or transfer of any list or compilation of telephone numbers utilized or intended to be utilized for the purpose of generating or initiating Outbound Telephone Calls and/or Telemarketing.

13.    "Location Routing Number" or "LRN" means an identification for a telephone switch for the purpose of routing telephone calls through the public switched telephone network in the United States.

14.    "Non-interconnected Voice over Internet Protocol Service" or "Non-Interconnected VoIP Service" means a service that (1) enables real-time voice communications that originate from or terminate to the user's location using Internet protocol or any successor protocol; (2) requires Internet protocol compatible customer premises equipment; and (3) does not include any service that is an Interconnected VoIP Service.

5

15.     "Non-Provider Customer" shall mean any voice customers that, at the time they were a customer of Defendant Avid Telecom, did not have a valid FCC Registration Number, did not have a valid Form 499 number, or did not provide either Voice over Internet Protocol ("VoIP") or a telecommunication service as those services are defined in the Communications Act, 47 U.S.C. § 153.

16.     "North American Numbering Plan" or "NANP" means the basic numbering scheme for telecommunications networks located in the United States and its territories, Canada, and parts of the Caribbean, as defined in 47 C.F.R. § 52.5, as amended, and are ten-digit numbers consisting of a three-digit area code, followed by a three-digit central office code, followed by a four-digit line number.

17.     "Numbering Resources" means North American Numbering Plan telephone numbers and/or toll-free telephone numbers.

18.     "Outbound Telephone Call" means a telephone call initiated to:

    a.     Induce the purchase of goods or services;

    b.     Solicit Compensation or payment;

    c.     Advertise or offer a loan or extension of credit; or

    d.     Obtain information, including, without limitation, through the arrangement of a meeting, that may be used to induce the purchase of goods or services, solicit Compensation, or solicit a loan or extension of credit.

19.    "Person" means any individual, group, organization, unincorporated association, limited or general partnership, corporation, subsidiary, affiliate, or other legal entity. This includes any entity that holds itself out and conducts business as a legally formed entity but has failed to comply with all applicable state laws to form a legally recognized entity in the jurisdiction in which it conducts its business.

20.    "Regarding," "Relating to," "Relate," "Related" and any derivation of these words mean consisting of, referring to, reflecting, supporting, evidencing, prepared in connection with, used in preparation for, underlying, or being in any way legally, logically, or factually connected to the matter discussed, whether in whole or in part, directly or indirectly.

21.    "Relevant Period" means the period starting five years prior to the date the initial Complaint in this action was filed through the present. All Requests pertain to the Relevant Period unless otherwise stated.

22.    "Robocall(s)" means a telephone call that delivers artificial, artificially generated, or prerecorded voice messages, in whole or in part, including, without limitation, telephone calls utilizing soundboard technology and ringless voicemail messages.

23.    "Short Duration Call" means any voice call of a duration of less than six seconds.

24.    "SIP Response Code" means a three-digit integer response code that details the status of a request to establish a telephone connection.

25.    "STIR/SHAKEN" or "STIR/SHAKEN authentication framework" means the secure telephone identity revisited and signature-based handling of asserted information using tokens standards. *See* 47 U.S.C. § 227b.

26.    "Telephony Services" means wireline or wireless telecommunications services and VoIP services, including, without limitation:

      a.    the dialing, origination, termination, routing, or transmission of any telephone calls to and/or from U.S.-based toll-free or NANP telephone numbers, including Robocalls and Telemarketing calls;

      b.    Voice Service;

      c.    Interconnected and Non-Interconnected VoIP Services;

      d.    electronic or text messaging services including, but not limited to, "text message" as defined in 47 C.F.R. § 64.1600(o), and as amended;

      e.    ringless voicemail messages;

      f.    Lead Generation;

      g.    Numbering Resources;

      h.    Reselling services provided by any Voice Service Provider or owning, operating, providing customer service for, or otherwise controlling or managing a Mobile Virtual Network Operator (MVNO);

      i.    any products or services related to caller ID authentication as required by 47 C.F.R. Part 64 Subpart HH, 64.6300 *et seq.*, and as amended; and/or

j.    any other common carriage, telecommunications, or information services.

27.    "Telemarketing" means a campaign or program that uses one or more telephone calls, whether Robocalls or direct-dialed, and whether interstate or intrastate calls, for the purpose of encouraging or inducing or otherwise soliciting the purchase of goods, services, or charitable contributions, or the rental of, or investment in, property. *See* 47 C.F.R. § 64.1200(f)(13); 16 C.F.R. § 310.2(gg).

28.    "Traceback" or "traceback" means any effort to trace back the origin of a call or calls, including, but not limited to, a request from the industry traceback consortium as defined in 47 C.F.R. § 64.6300(f), another Voice Service Provider in the call path, the FCC, or a civil or criminal law enforcement agency.

29.    "Transmit" or "Transmitted" means to accept, initiate, send, transit, route, make, and/or complete calls.

30.    "Upstream Provider" means any Voice Service Provider, whether U.S. -based or physically located and/or registered as a business outside of the United States in a foreign jurisdiction, that Transmits voice call traffic directly to a Downstream Provider. An Upstream Provider may also be a point of entry provider onto the U.S. telephone network. A Voice Service Provider's classification as an Upstream Provider may change on a per-call basis.

31.    "Voice Service" means any service that is interconnected with the public switched telephone network and that furnishes voice communications using resources from the North American Numbering Plan.

32.    "Voice Service Provider" means a provider of Voice Service. The role of a Voice Service Provider is determined on a call-by-call—rather than entity-by-entity—basis.

33.    "VoIP" means Voice over Internet Protocol.

34.    "VoIP Service" shall have the meanings ascribed to "interconnected VoIP" and "non-interconnected VoIP" in 47 C.F.R. § 9.3 and 47 U.S.C. § 153(25) and (36).

35.    "You" or "Your" refers to Defendant Michael D. Lansky.

## REQUESTS FOR ADMISSION

1.    Admit that Defendant Avid Telecom provides, or has provided, Interconnected VoIP Services.

2.    Admit that Defendant Avid Telecom provides, or has provided, Non-Interconnected VoIP Services.

3.    Admit that Defendant Avid Telecom provides, or has provided, VoIP Services to its Upstream Provider customers.

4.    Admit that Defendant Avid Telecom provides, or has provided, Telephony Services to its Upstream Provider customers.

5.    Admit that Defendant Avid Telecom purchases, or has purchased, VoIP Services from its Downstream Provider customers.

6.    Admit that Defendant Avid Telecom purchases, or has purchased, Telephony Services from its Downstream Provider customers.

7.    Admit that Defendant Avid Telecom specializes in the delivery of automated calls for its customers.

8.    Admit that Defendant Avid Telecom indicated in its Universal Service Fund filings with the FCC that it conducted its business in all U.S. states and territories.

9.    Admit that Defendant Avid Telecom has Transmitted calls into, and across, the U.S. Voice Service network.

10.    Admit that You, either directly or through a third-party (e.g., a third-party switch provider), have never instituted or implemented any policies or processes regarding network-level blocking on Defendant Avid Telecom's network for one or more U.S.-based area codes from North American Numbering Plan numbers that would prevent Defendant Avid Telecom from Transmitting calls to called numbers with such area codes.

11.    Admit that You, either directly or through a third-party (e.g., a third-party switch provider), have never instituted or implemented any policies or processes regarding network-level blocking on Defendant Avid Telecom's network for all U.S.-based area codes from North American Numbering Plan numbers assigned to any one of the Plaintiff States that would prevent Defendant Avid Telecom from Transmitting calls to called numbers for all area codes assigned to that state.

12.    Admit that, as an Interconnected VoIP Service provider, Defendant Avid Telecom used broadband internet technology to Transmit calls for its Upstream Provider customers.

11

13.     Admit that, as a Non-Interconnected VoIP Service provider, Defendant Avid Telecom used broadband internet technology to Transmit calls for its Upstream Provider customers.

14.     Admit that Defendant Avid Telecom was issued at least 329 Traceback notifications from the USTelecom-led Industry Traceback Group.

15.     Admit that at least a portion of the audio recordings of prerecorded or artificial voice messages associated with Traceback requests received by Defendant Avid Telecom from the USTelecom-led Industry Traceback Group were obtained from the voicemail services of YouMail subscribers.

16.     Admit that at least a portion of the calls referenced in Tracebacks related to Defendant Avid Telecom call traffic were prerecorded or artificial voice messages.

17.     Admit that at least a portion of the calls referenced in Tracebacks related to Defendant Avid Telecom call traffic were delivered to voicemail mailboxes.

18.     Admit that a CDR was generated for every call that was Transmitted over Defendant Avid Telecom's network.

19.     Admit that Defendant Avid Telecom used CDRs to bill for services it provided to its Upstream Provider customers.

20.     Admit that Defendant Avid Telecom Transmitted calls across its network where no other Voice Service Providers had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

21.     Admit that Defendant Avid Telecom offered rates for its outbound Voice Service that differed based on call duration.

22.    Admit that Defendant Avid Telecom offered a Voice Service product that was intended to Transmit only Short Duration Call traffic.

23.    Admit that Defendant Avid Telecom had a Business Relationship with Boomsourcing, LLC.

24.    Admit that Defendant Avid Telecom has received Compensation from Boomsourcing, LLC.

25.    Admit that Defendant Avid Telecom has received Compensation from Mercury for services that Defendant Avid Telecom provided to Boomsourcing, LLC.

26.    Admit that Defendant Avid Telecom provided Compensation to Boomsourcing, LLC.

27.    Admit that Defendant Avid Telecom provided Telephony Services to Boomsourcing, LLC.

28.    Admit that Boomsourcing, LLC was a Non-Provider Customer of Defendant Avid Telecom.

29.    Admit that, during the course of its Business Relationship with Boomsourcing, LLC, Defendant Avid Telecom Transmitted calls that it received directly from Boomsourcing, LLC.

30.    Admit that, during the course of its Business Relationship with Boomsourcing, LLC, Defendant Avid Telecom Transmitted calls that it received from Boomsourcing, LLC where no other Voice Service Providers had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

31.    Admit that, during the course of its Business Relationship with Boomsourcing, LLC, Defendant Avid Telecom Transmitted calls directly to Boomsourcing, LLC.

32.    Admit that Defendant Avid Telecom had a Business Relationship with Glass Roots Marketing.

33.    Admit that Defendant Avid Telecom has received Compensation from Glass Roots Marketing.

34.    Admit that Defendant Avid Telecom provided Compensation to Glass Roots Marketing.

35.    Admit that Defendant Avid Telecom provided Telephony Services to Glass Roots Marketing.

36.    Admit that Glass Roots Marketing was a Non-Provider Customer of Defendant Avid Telecom.

37.    Admit that, during the course of its Business Relationship with Glass Roots Marketing, Defendant Avid Telecom Transmitted calls that it received directly from Glass Roots Marketing.

38.    Admit that, during the course of its Business Relationship with Glass Roots Marketing, Defendant Avid Telecom Transmitted calls that it received from Glass Roots Marketing where no other Voice Service Providers had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

39.    Admit that, during the course of its Business Relationship with Glass Roots Marketing, Defendant Avid Telecom Transmitted calls directly to Glass Roots Marketing.

14

40.     Admit that Defendant Avid Telecom had a Business Relationship with Zealous Services, Inc.

41.     Admit that Defendant Avid Telecom has received Compensation from Zealous Services, Inc.

42.     Admit that Defendant Avid Telecom provided Compensation to Zealous Services, Inc.

43.     Admit that Defendant Avid Telecom provided Telephony Services to Zealous Services, Inc.

44.     Admit that Zealous Services, Inc. was a Non-Provider Customer of Defendant Avid Telecom.

45.     Admit that, during the course of its Business Relationship with Zealous Services, Inc., Defendant Avid Telecom Transmitted calls that it received directly from Zealous Services, Inc.

46.     Admit that, during the course of its Business Relationship with Zealous Services, Inc., Defendant Avid Telecom Transmitted calls that it received from Zealous Services, Inc. where no other Voice Service Providers had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

47.     Admit that, during the course of its Business Relationship with Zealous Services, Inc., Defendant Avid Telecom Transmitted calls directly to Zealous Services, Inc.

48.     Admit that Defendant Avid Telecom had a Business Relationship with SipNav.

49.     Admit that Defendant Avid Telecom provided Compensation to SipNav.

50.     Admit that Defendant Avid Telecom had a Business Relationship with Dean Hansen.

51.     Admit that Defendant Avid Telecom has received Compensation from Dean Hansen.

52.     Admit that Defendant Avid Telecom provided Compensation to Dean Hansen.

53.     Admit that Defendant Avid Telecom had a Business Relationship with Scott Presta.

54.     Admit that Defendant Avid Telecom provided Compensation to Scott Presta.

55.     Admit that Defendant Avid Telecom had a Business Relationship with Airespring.

56.     Admit that Defendant Avid Telecom has received Compensation from Airespring.

57.     Admit that, during the course of its Business Relationship with Airespring, Defendant Avid Telecom Transmitted calls that it received directly from Airespring.

58.     Admit that Defendant Avid Telecom had a Business Relationship with AllClear Connect.

59.     Admit that Defendant Avid Telecom has received Compensation from AllClear Connect.

60.     Admit that, during the course of its Business Relationship with AllClear Connect, Defendant Avid Telecom Transmitted calls that it received directly from AllClear Connect.

61.     Admit that Defendant Avid Telecom had a Business Relationship with Autelecom LLC.

62.     Admit that Defendant Avid Telecom has received Compensation from Autelecom LLC.

63.     Admit that, during the course of its Business Relationship with Autelecom LLC, Defendant Avid Telecom Transmitted calls that it received directly from Autelecom LLC.

64.     Admit that Defendant Avid Telecom had a Business Relationship with BestiumPro.

65.     Admit that Defendant Avid Telecom has received Compensation from BestiumPro.

66.     Admit that, during the course of its Business Relationship with BestiumPro, Defendant Avid Telecom Transmitted calls that it received directly from BestiumPro.

67.     Admit that Defendant Avid Telecom had a Business Relationship with Connexum LLC.

68.     Admit that Defendant Avid Telecom has received Compensation from Connexum LLC.

69.     Admit that, during the course of its Business Relationship with Connexum LLC, Defendant Avid Telecom Transmitted calls that it received directly from Connexum LLC.

70.     Admit that Defendant Avid Telecom had a Business Relationship with Contact Center Specialists LLC.

71.     Admit that Defendant Avid Telecom has received Compensation from Contact Center Specialists LLC.

72.     Admit that, during the course of its Business Relationship with Contact Center Specialists LLC, Defendant Avid Telecom Transmitted calls that it received directly from Contact Center Specialists LLC.

73.     Admit that Defendant Avid Telecom had a Business Relationship with DID Central.

74.     Admit that Defendant Avid Telecom has received Compensation from DID Central.

75.     Admit that, during the course of its Business Relationship with DID Central, Defendant Avid Telecom Transmitted calls that it received directly from DID Central.

76.     Admit that Defendant Avid Telecom had a Business Relationship with Digital Media Solutions LLC.

77.     Admit that Defendant Avid Telecom has received Compensation from Digital Media Solutions LLC. for the provision of Voice Services.

78.     Admit that Defendant Avid Telecom has received Compensation from Digital Media Solutions LLC. for the provision of Telephony Services.

79.     Admit that Digital Media Solutions LLC is not a Voice Service Provider.

80.     Admit that Digital Media Solutions LLC is not a provider of Telephony Service.

81.     Admit that, during the course of its Business Relationship with Digital Media Solutions LLC, Defendant Avid Telecom Transmitted calls from Digital Media Solutions LLC where no other Voice Service Provider had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

82.     Admit that Defendant Avid Telecom had a Business Relationship with Global Voicecom.

83.     Admit that Defendant Avid Telecom has received Compensation from Global Voicecom.

84.     Admit that, during the course of its Business Relationship with Global Voicecom, Defendant Avid Telecom Transmitted calls that it received directly from Global Voicecom.

85.     Admit that Defendant Avid Telecom had a Business Relationship with Great Lakes Communication.

86.     Admit that Defendant Avid Telecom has received Compensation from Great Lakes Communication.

87.     Admit that, during the course of its Business Relationship with Great Lakes Communication, Defendant Avid Telecom Transmitted calls that it received directly from Great Lakes Communication.

88.     Admit that Defendant Avid Telecom had a Business Relationship with Icon Global Services.

89.     Admit that Defendant Avid Telecom has received Compensation from Icon Global Services.

90.     Admit that, during the course of its Business Relationship with Icon Global Services, Defendant Avid Telecom Transmitted calls that it received directly from Icon Global Services.

91.     Admit that Defendant Avid Telecom had a Business Relationship with Virtual Telecom/Mobi Telecom LLC.

92.     Admit that Defendant Avid Telecom has received Compensation from Virtual Telecom/Mobi Telecom LLC.

93.     Admit that, during the course of its Business Relationship with Virtual Telecom/Mobi Telecom LLC, Defendant Avid Telecom Transmitted calls that it received directly from Virtual Telecom/Mobi Telecom LLC.

94.     Admit that Defendant Avid Telecom had a Business Relationship with Modok Telecom.

95.     Admit that Defendant Avid Telecom has received Compensation from Modok Telecom.

96.     Admit that, during the course of its Business Relationship with Modok Telecom, Defendant Avid Telecom Transmitted calls that it received directly from Modok Telecom.

97.    Admit that Defendant Avid Telecom had a Business Relationship with NGL Communications LLC.

98.    Admit that Defendant Avid Telecom has received Compensation from NGL Communications LLC.

99.    Admit that, during the course of its Business Relationship with NGL Communications LLC, Defendant Avid Telecom Transmitted calls that it received directly from NGL Communications LLC.

100.    Admit that Defendant Avid Telecom had a Business Relationship with Perfect Pitch Technology, LLC.

101.    Admit that Defendant Avid Telecom has received Compensation from Perfect Pitch Technology, LLC.

102.    Admit that Defendant Avid Telecom provided Compensation to Perfect Pitch Technology, LLC.

103.    Admit that Defendant Avid Telecom provided Telephony Services to Perfect Pitch Technology, LLC.

104.    Admit that Perfect Pitch Technology, LLC was a Non-Provider Customer of Defendant Avid Telecom.

105.    Admit that, during the course of its Business Relationship with Perfect Pitch Technology, LLC, Defendant Avid Telecom Transmitted calls that it received directly from Perfect Pitch Technology, LLC.

106.    Admit that, during the course of its Business Relationship with Perfect Pitch Technology, LLC, Defendant Avid Telecom Transmitted calls that it received from Perfect

Pitch Technology, LLC where no other Voice Service Providers had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

107.    Admit that, during the course of its Business Relationship with Perfect Pitch Technology, LLC, Defendant Avid Telecom Transmitted calls directly to Perfect Pitch Technology, LLC.

108.    Admit that Defendant Avid Telecom had a Business Relationship with R Squared / 200 Networks.

109.    Admit that Defendant Avid Telecom has received Compensation from R Squared / 200 Networks.

110.    Admit that, during the course of its Business Relationship with R Squared / 200 Networks, Defendant Avid Telecom Transmitted calls that it received directly from R Squared / 200 Networks.

111.    Admit that Defendant Avid Telecom had a Business Relationship with Sipnex Telecom LLC.

112.    Admit that Defendant Avid Telecom has received Compensation from Sipnex Telecom LLC.

113.    Admit that, during the course of its Business Relationship with Sipnex Telecom LLC, Defendant Avid Telecom Transmitted calls that it received directly from Sipnex Telecom LLC.

114.    Admit that Defendant Avid Telecom had a Business Relationship with StrategicIT.

115.   Admit that Defendant Avid Telecom has received Compensation from StrategicIT.

116.   Admit that, during the course of its Business Relationship with StrategicIT, Defendant Avid Telecom Transmitted calls that it received directly from StrategicIT.

117.   Admit that Defendant Avid Telecom had a Business Relationship with TCA VoIP / Telecom Carrier Access / TeleSpan.

118.   Admit that Defendant Avid Telecom received Compensation from TCA VoIP / Telecom Carrier Access / TeleSpan.

119.   Admit that, during the course of its Business Relationship with TCA VoIP / Telecom Carrier Access / TeleSpan, Defendant Avid Telecom Transmitted calls that it received directly from TCA VoIP / Telecom Carrier Access / TeleSpan.

120.   Admit that Defendant Avid Telecom had a Business Relationship with Telcast Network / Voovertel.

121.   Admit that Defendant Avid Telecom received Compensation from Telcast Network / Voovertel.

122.   Admit that, during the course of its Business Relationship with Telcast Network / Voovertel, Defendant Avid Telecom Transmitted calls that it received directly from Telcast Network / Voovertel.

123.   Admit that Defendant Avid Telecom had a Business Relationship with Telesero / Fiducia.

124.   Admit that Defendant Avid Telecom has received Compensation from Telesero / Fiducia.

125.    Admit that, during the course of its Business Relationship with Telesero / Fiducia, Defendant Avid Telecom Transmitted calls that it received directly from Telesero / Fiducia.

126.    Admit that Defendant Avid Telecom had a Business Relationship with Tellza / Phonetime / Matchcom.

127.    Admit that Defendant Avid Telecom has received Compensation from Tellza / Phonetime / Matchcom.

128.    Admit that, during the course of its Business Relationship with Tellza / Phonetime / Matchcom, Defendant Avid Telecom Transmitted calls that it received directly from Tellza / Phonetime / Matchcom.

129.    Admit that Defendant Avid Telecom had a Business Relationship with Third Rock Telecom.

130.    Admit that Defendant Avid Telecom has received Compensation from Third Rock Telecom.

131.    Admit that, during the course of its Business Relationship with Third Rock Telecom, Defendant Avid Telecom Transmitted calls that it received directly from Third Rock Telecom.

132.    Admit that Defendant Avid Telecom had a Business Relationship with TouchTone.

133.    Admit that Defendant Avid Telecom has received Compensation from TouchTone.

134.     Admit that, during the course of its Business Relationship with TouchTone, Defendant Avid Telecom Transmitted calls that it received directly from TouchTone.

135.     Admit that Defendant Avid Telecom had a Business Relationship with Trixcom / Vibtree Technologies, LLC.

136.     Admit that Defendant Avid Telecom has received Compensation from Trixcom / Vibtree Technologies, LLC.

137.     Admit that, during the course of its Business Relationship with Trixcom / Vibtree Technologies, LLC, Defendant Avid Telecom Transmitted calls that it received directly from Trixcom / Vibtree Technologies, LLC.

138.     Admit that Defendant Avid Telecom had a Business Relationship with Urth Access, LLC.

139.     Admit that Defendant Avid Telecom has received Compensation from Urth Access, LLC.

140.     Admit that Defendant Avid Telecom received Compensation from Tracto, LLC. for service provided by Defendant Avid Telecom to Urth Access, LLC.

141.     Admit that Defendant Avid Telecom received Compensation from Creditum, LLC. for service provided by Defendant Avid Telecom to Urth Access, LLC.

142.     Admit that, during the course of its Business Relationship with Urth Access, LLC, Defendant Avid Telecom Transmitted calls that it received directly from Urth Access, LLC.

143.     Admit that Defendant Avid Telecom had a Business Relationship with VOIP Terminator / BL Marketing.

25

144.   Admit that Defendant Avid Telecom has received Compensation from VOIP Terminator / BL Marketing.

145.   Admit that, during the course of its Business Relationship with VOIP Terminator / BL Marketing, Defendant Avid Telecom Transmitted calls that it received directly from VOIP Terminator / BL Marketing.

146.   Admit that Defendant Avid Telecom had a Business Relationship with Vultik Inc.

147.   Admit that Defendant Avid Telecom has received Compensation from Vultik Inc.

148.   Admit that, during the course of its Business Relationship with Vultik Inc., Defendant Avid Telecom Transmitted calls that it received directly from Vultik Inc.

149.   Admit that Defendant Avid Telecom had a Business Relationship with Yodel Technologies / Yodel Voice.

150.   Admit that Defendant Avid Telecom has received Compensation from Yodel Technologies / Yodel Voice.

151.   Admit that Defendant Avid Telecom provided Compensation to Yodel Technologies / Yodel Voice.

152.   Admit that Defendant Avid Telecom provided Telephony Services to Yodel Technologies / Yodel Voice.

153.   Admit that Yodel Technologies / Yodel Voice was a Non-Provider Customer of Defendant Avid Telecom.

154.    Admit that, during the course of its Business Relationship with Yodel Technologies / Yodel Voice, Defendant Avid Telecom Transmitted calls that it received directly from Yodel Technologies / Yodel Voice.

155.    Admit that, during the course of its Business Relationship with Yodel Technologies / Yodel Voice, Defendant Avid Telecom Transmitted calls that it received from Yodel Technologies / Yodel Voice where no other Voice Service Providers had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

156.    Admit that, during the course of its Business Relationship with Yodel Technologies / Yodel Voice, Defendant Avid Telecom Transmitted calls directly to Yodel Technologies / Yodel Voice.

157.    Admit that Defendants Avid Telecom and Lansky were issued a civil investigative demand on August 1, 2022, by the Office of the Indiana Attorney General.

158.    Admit that Defendants Avid Telecom and Lansky did not produce any documents or answers in response to the Requests for Production and Interrogatories, respectively, set forth in the civil investigative demand issued on August 1, 2022, by the Office of the Indiana Attorney General.

159.    Admit that Defendant Avid Telecom had a Business Relationship with All Access Telecom.

160.    Admit that Defendant Avid Telecom provided Compensation to All Access Telecom.

161.    Admit that, during the course of its Business Relationship with All Access Telecom, Defendant Avid Telecom Transmitted calls directly to All Access Telecom.

27

162.    Admit that the files consisting of CDRs produced by All Access Telecom to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143523—satisfy Fed. R. Evid. 803(6)(A)–(C).

163.    Admit that Defendant Avid Telecom had a Business Relationship with Bandwidth.

164.    Admit that Defendant Avid Telecom provided Compensation to Bandwidth.

165.    Admit that, during the course of its Business Relationship with Bandwidth, Defendant Avid Telecom Transmitted calls directly to Bandwidth.

166.    Admit that the files consisting of CDRs produced by Bandwidth to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143524—satisfy Fed. R. Evid. 803(6)(A)–(C).

167.    Admit that Defendant Avid Telecom had a Business Relationship with Call48 - HFA Services - Skye Telecom.

168.    Admit that Defendant Avid Telecom provided Compensation to Call48 - HFA Services - Skye Telecom.

169.    Admit that, during the course of its Business Relationship with Call48 - HFA Services - Skye Telecom, Defendant Avid Telecom Transmitted calls directly to Call48 - HFA Services - Skye Telecom.

170.    Admit that the files consisting of CDRs produced by Call48 - HFA Services - Skye Telecom to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143620—satisfy Fed. R. Evid. 803(6)(A)–(C).

171.    Admit that Defendant Avid Telecom had a Business Relationship with Carrier Connect Corp.

172.    Admit that Defendant Avid Telecom provided Compensation to Carrier Connect Corp.

173.    Admit that, during the course of its Business Relationship with Carrier Connect Corp, Defendant Avid Telecom Transmitted calls directly to Carrier Connect Corp.

174.    Admit that the files consisting of CDRs produced by Carrier Connect Corp to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143520—satisfy Fed. R. Evid. 803(6)(A)–(C).

175.    Admit that Defendant Avid Telecom had a Business Relationship with Dorial Telecom.

176.    Admit that Defendant Avid Telecom provided Compensation to Dorial Telecom.

177.    Admit that, during the course of its Business Relationship with Dorial Telecom, Defendant Avid Telecom Transmitted calls directly to Dorial Telecom.

178.    Admit that the files consisting of CDRs produced by Dorial Telecom to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143621 through AGTF_000143630—satisfy Fed. R. Evid. 803(6)(A)–(C).

179.    Admit that Defendant Avid Telecom had a Business Relationship with G4 Telecom.

180.    Admit that Defendant Avid Telecom provided Compensation to G4 Telecom.

181.    Admit that, during the course of its Business Relationship with G4 Telecom, Defendant Avid Telecom Transmitted calls directly to G4 Telecom.

182.    Admit that the files consisting of CDRs produced by G4 Telecom to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143639—satisfy Fed. R. Evid. 803(6)(A)–(C).

183.    Admit that Defendant Avid Telecom had a Business Relationship with Inteliquent - Sinch - Neutral Tandem.

184.    Admit that Defendant Avid Telecom provided Compensation to Inteliquent – Sinch – Neutral Tandem.

185.    Admit that, during the course of its Business Relationship with Inteliquent - Sinch - Neutral Tandem, Defendant Avid Telecom Transmitted calls directly to Inteliquent - Sinch - Neutral Tandem.

186.    Admit that the files consisting of CDRs produced by Inteliquent - Sinch - Neutral Tandem to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143509 through AGTF_000143511—satisfy Fed. R. Evid. 803(6)(A)–(C).

187.    Admit that Defendant Avid Telecom had a Business Relationship with NGN Latam Corp - Datora Telecom.

188.    Admit that Defendant Avid Telecom provided Compensation to NGN Latam Corp – Datora Telecom.

189.    Admit that, during the course of its Business Relationship with NGN Latam Corp - Datora Telecom, Defendant Avid Telecom Transmitted calls directly to NGN Latam Corp - Datora Telecom.

190.    Admit that the files consisting of CDRs produced by NGN Latam Corp - Datora Telecom to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143525 through AGTF_000143544—satisfy Fed. R. Evid. 803(6)(A)–(C).

191.    Admit that Defendant Avid Telecom had a Business Relationship with Peerless Network - Airus.

192.    Admit that Defendant Avid Telecom provided Compensation to Peerless Network – Airus.

193.    Admit that, during the course of its Business Relationship with Peerless Network - Airus, Defendant Avid Telecom Transmitted calls directly to Peerless Network - Airus.

194.    Admit that the files consisting of CDRs produced by Peerless Network - Airus to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143618—satisfy Fed. R. Evid. 803(6)(A)–(C).

195.    Admit that Defendant Avid Telecom had a Business Relationship with PNG Telecomms - PowerNet Global Communications.

196.    Admit that Defendant Avid Telecom provided Compensation to PNG Telecomms – PowerNet Global Communications.

197.    Admit that, during the course of its Business Relationship with PNG Telecomms - PowerNet Global Communications, Defendant Avid Telecom Transmitted calls directly to PNG Telecomms - PowerNet Global Communications.

198.    Admit that the files consisting of CDRs produced by PNG Telecomms - PowerNet Global Communications to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143638—satisfy Fed. R. Evid. 803(6)(A)–(C).

199.    Admit that Defendant Avid Telecom had a Business Relationship with Qwality Tel.

200.    Admit that Defendant Avid Telecom provided Compensation to Qwality Tel.

201.    Admit that, during the course of its Business Relationship with Qwality Tel, Defendant Avid Telecom Transmitted calls directly to Qwality Tel.

202.    Admit that the files consisting of CDRs produced by Qwality Tel to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143519—satisfy Fed. R. Evid. 803(6)(A)–(C).

203.    Admit that Defendant Avid Telecom had a Business Relationship with Red Telecom LLC.

204.    Admit that Defendant Avid Telecom provided Compensation to Red Telecom LLC.

205.    Admit that Defendant Avid Telecom received Compensation from Red Telecom LLC.

206.    Admit that, during the course of its Business Relationship with Red Telecom LLC, Defendant Avid Telecom Transmitted calls that it received directly from Red Telecom LLC.

207.    Admit that, during the course of its Business Relationship with Red Telecom LLC, Defendant Avid Telecom Transmitted calls directly to Red Telecom LLC.

208.  Admit that the files consisting of CDRs produced by Red Telecom to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143521 through AGTF_000143522—satisfy Fed. R. Evid. 803(6)(A)–(C).

209.  Admit that Defendant Avid Telecom had a Business Relationship with RingSquared - Magna5 Telecom - NovaTel.

210.  Admit that Defendant Avid Telecom provided Compensation to RingSquared – Magna5 Telecom – NovaTel.

211.  Admit that, during the course of its Business Relationship with RingSquared - Magna5 Telecom - NovaTel, Defendant Avid Telecom Transmitted calls directly to RingSquared - Magna5 Telecom - NovaTel.

212.  Admit that the files consisting of CDRs produced by RingSquared - Magna5 Telecom - NovaTel to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143594 through AGTF_000143595—satisfy Fed. R. Evid. 803(6)(A)–(C).

213.  Admit that Defendant Avid Telecom had a Business Relationship with Secure Voice Corp.

214.  Admit that Defendant Avid Telecom provided Compensation to Secure Voice Corp.

34

215.    Admit that, during the course of its Business Relationship with Secure Voice Corp, Defendant Avid Telecom Transmitted calls directly to Secure Voice Corp.

216.    Admit that the files consisting of CDRs produced by Secure Voice Corp to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143596 through AGTF_000143617—satisfy Fed. R. Evid. 803(6)(A)–(C).

217.    Admit that Defendant Avid Telecom had a Business Relationship with Talkie Communications - Sonic Systems.

218.    Admit that Defendant Avid Telecom provided Compensation to Talkie Communications – Sonic Systems.

219.    Admit that, during the course of its Business Relationship with Talkie Communications - Sonic Systems, Defendant Avid Telecom Transmitted calls directly to Talkie Communications - Sonic Systems.

220.    Admit that the files consisting of CDRs produced by Talkie Communications - Sonic Systems to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143631 through AGTF_000143637—satisfy Fed. R. Evid. 803(6)(A)–(C).

221.    Admit that Defendant Avid Telecom had a Business Relationship with Telco Connection.

222.    Admit that Defendant Avid Telecom provided Compensation to Telco Connection.

223.    Admit that, during the course of its Business Relationship with Telco Connection, Defendant Avid Telecom Transmitted calls directly to Telco Connection.

224.    Admit that the files consisting of CDRs produced by Telco Connection to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143545 through AGTF_000143551—satisfy Fed. R. Evid. 803(6)(A)–(C).

225.    Admit that Defendant Avid Telecom had a Business Relationship with Touchtone Communications.

226.    Admit that Defendant Avid Telecom provided Compensation to Touchtone Communications.

227.    Admit that, during the course of its Business Relationship with Touchtone Communications, Defendant Avid Telecom Transmitted calls directly to Touchtone Communications.

228.    Admit that the files consisting of CDRs produced by Touchtone Communications to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143518—satisfy Fed. R. Evid. 803(6)(A)–(C).

229.     Admit that Defendant Avid Telecom had a Business Relationship with Verizon.

230.     Admit that Defendant Avid Telecom provided Compensation to Verizon.

231.     Admit that, during the course of its Business Relationship with Verizon, Defendant Avid Telecom Transmitted calls directly to Verizon.

232.     Admit that the files consisting of CDRs produced by Verizon to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143517—satisfy Fed. R. Evid. 803(6)(A)–(C).

233.     Admit that Defendant Avid Telecom had a Business Relationship with VoIP Innovations - VoIP Street.

234.     Admit that Defendant Avid Telecom provided Compensation to VoIP Innovations – VoIP Street.

235.     Admit that, during the course of its Business Relationship with VoIP Innovations - VoIP Street, Defendant Avid Telecom Transmitted calls directly to VoIP Innovations - VoIP Street.

236.     Admit that the files consisting of CDRs produced by VoIP Innovations - VoIP Street to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143619—satisfy Fed. R. Evid. 803(6)(A)–(C).

237.    Admit that Defendant Avid Telecom had a Business Relationship with Windstream.

238.    Admit that Defendant Avid Telecom provided Compensation to Windstream.

239.    Admit that, during the course of its Business Relationship with Windstream, Defendant Avid Telecom Transmitted calls directly to Windstream.

240.    Admit that the files consisting of CDRs produced by Windstream to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143513 through AGTF_000143516—satisfy Fed. R. Evid. 803(6)(A)–(C).

241.    Admit that Defendant Avid Telecom had a Business Relationship with XCast Labs.

242.    Admit that Defendant Avid Telecom provided Compensation to XCast Labs.

243.    Admit that, during the course of its Business Relationship with XCast Labs, Defendant Avid Telecom Transmitted calls directly to XCast Labs.

244.    Admit that the files consisting of CDRs produced by XCast Labs to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143512— satisfy Fed. R. Evid. 803(6)(A)–(C).

245.    Admit that Defendant Avid Telecom had a Business Relationship with John C. Spiller, II.

246.    Admit that Defendant Avid Telecom had a Business Relationship with John C. Spiller, II, while Mr. Spiller used the pseudonym Mikel Quinn.

247.    Admit that Defendant Avid Telecom received Compensation from John C. Spiller, II.

248.    Admit that Defendant Avid Telecom provided Compensation to John C. Spiller, II.

249.    Admit that Defendant Avid Telecom had a Business Relationship with JSquared Telecom LLC.

250.    Admit that Defendant Avid Telecom received Compensation from JSquared Telecom LLC.

251.    Admit that Defendant Avid Telecom provided Compensation to JSquared Telecom LLC.

252.    Admit that, during the course of its Business Relationship with JSquared Telecom LLC, Defendant Avid Telecom Transmitted calls that it received directly from JSquared Telecom LLC.

253.    Admit that Defendant Avid Telecom had a Business Relationship with Rising Eagle Capital Group LLC.

254.    Admit that Defendant Avid Telecom received Compensation from Rising Eagle Capital Group LLC.

255.    Admit that Defendant Avid Telecom provided Compensation to Rising Eagle Captial Group LLC.

256.    Admit that, during the course of its Business Relationship with Rising Eagle Capital Group LLC, Defendant Avid Telecom Transmitted calls that it received directly from Rising Eagle Capital Group LLC.

257.    Admit that Defendant Avid Telecom had a Business Relationship with Great Choice Telecom LLC.

258.    Admit that Defendant Avid Telecom received Compensation from Great Choice Telecom LLC.

259.    Admit that Defendant Avid Telecom provided Compensation to Great Choice Telecom LLC.

260.    Admit that, during the course of its Business Relationship with Great Choice Telecom LLC, Defendant Avid Telecom Transmitted calls that it received directly from Great Choice Telecom LLC.

261.    Admit that the files consisting of CDRs produced by Defendant Avid Telecom to the Plaintiff States of North Carolina and Texas during the investigation and litigation of John C. Spiller, II—which files were produced back to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143552 through AGTF_000143593—satisfy Fed. R. Evid. 803(6)(A)–(C).

262.    Admit that Defendant Avid Telecom sold, rented and/or leased DIDs to John C. Spiller, II.

263.    Admit that Defendant Avid Telecom sold, rented and/or leased DIDs to Rising Eagle Capital Group LLC.

264.    Admit that Defendant Avid Telecom sold, rented and/or leased DIDs to JSquared Telecom LLC.

265.    Admit that Defendant Avid Telecom sold, rented, and/or leased DIDs to Great Choice Telecom LLC.

266.    Admit that You sold, rented and/or leased DIDs to John C. Spiller, II.

267.    Admit that You sold, rented and/or leased DIDs to Rising Eagle Capital Group LLC.

268.    Admit that You sold, rented and/or leased DIDs to JSquared Telecom LLC.

269.    Admit that You sold, rented, and/or leased DIDs to Great Choice Telecom LLC.

270.    Admit that You knew that John C. Spiller II owned, managed, and/or operated Rising Eagle Telecom LLC.

271.    Admit that You knew that John C. Spiller II owned, managed, and/or operated JSquared Telecom LLC.

272.    Admit that You knew that John C. Spiller II owned, managed, and/or operated Great Choice Telecom LLC.

273.    Admit that, on or about June 10, 2020, You were aware of the enforcement action by the FCC against John C. Spiller, II.

274.    Admit that You knew that, on or about September 30, 2020, John C. Spiller, II was operating Great Choice Telecom LLC while using the alias "Mikel Quinn."

275.    Admit that You never purchased a copy of the FTC's National Do Not Call Registry for any single area code.

276.    Admit that You never purchased a copy of the FTC's National Do Not Call Registry for all area codes nationwide.

277.    Admit that You, either directly or through a third-party (e.g., a third-party switch provider), have never instituted or implemented any policies or processes regarding network-level blocking for any calls Transmitted across Defendant Avid Telecom's network that were sent from calling numbers that were not assigned or recognized as valid by the North American Numbering Plan Administrator.

278.    Admit that You, either directly or through a third-party (e.g., a third-party switch provider), never instituted or implemented any policies or processes regarding mitigation practices that resulted in blocking any calls Transmitted across Defendant Avid Telecom's network that were sent from calling numbers that were not assigned or recognized as valid by the North American Numbering Plan Administrator.

279.    Admit that You were the exclusive user of the email address Lansky@avidtelecom.com.

280.    Admit that You were the primary, if not exclusive, user of the email address Lansky@avidtelecom.com.

281.    Admit that You used the email address Lansky@avidtelecom.com for business related correspondence regarding Defendant Avid Telecom.

282.    Admit that emails produced to the Plaintiffs that were sent from, or received by, the email address Lansky@avidtelecom.com are admissible under Fed. R. Evid. 803(6).

283.    Admit that You were the exclusive user of the email address Lansky@avid-telecom.com.

284.    Admit that You were the primary, if not exclusive, user of the email address Lansky@avid-telecom.com.

285.    Admit that You used the email address Lansky@avid-telecom.com for business related correspondence regarding Defendant Avid Telecom.

286.    Admit that emails produced to the Plaintiffs that were sent from, or received by, the email address Lansky@avid-telecom.com are admissible under Fed. R. Evid. 803(6).

287.    Admit that You were the exclusive user of the email address Lansky@dakotacom.net.

288.    Admit that You were the primary, if not exclusive, user of the email address Lansky@dakotacom.net.

289.    Admit that You used the email address Lansky@dakotacom.net, either in whole or in part, for business related correspondence regarding Defendant Avid Telecom.

290.    Admit that emails produced to the Plaintiffs that were sent from, or received by, the email address Lansky@dakotacom.net are admissible under Fed. R. Evid. 803(6).

291.    Admit that You were the exclusive user of the email address m.lansky@dakotacom.net.

292.    Admit that You were the primary, if not exclusive, user of the email address m.lansky@dakotacom.net.

293.    Admit that You used the email address m.lansky@dakotacom.net, either in whole or in part, for business related correspondence regarding Defendant Avid Telecom.

294.    Admit that emails produced to the Plaintiffs that were sent from, or received by, the email address m.lansky@dakotacom.net are admissible under Fed. R. Evid. 803(6).

295.    Admit that You were the exclusive user of the email address Mlansky@yahoo.com.

296.    Admit that You were the primary, if not exclusive, user of the email address Mlansky@yahoo.com.

297.    Admit that You used the email address Mlansky@yahoo.com, either in whole or in part, for business related correspondence regarding Defendant Avid Telecom.

298.    Admit that emails produced to the Plaintiffs that were sent from, or received by, the email address Mlansky@yahoo.com are admissible under Fed. R. Evid. 803(6).

299.    Admit that owners, employees, agents, independent contractors, and/or representatives entitled to act on behalf of Defendant Avid Telecom used the email address noc@avid-telecom.com.

300.    Admit that owners, employees, agents, independent contractors, and/or representatives entitled to act on behalf of Defendant Avid Telecom used the email address noc@avid-telecom.com for business related correspondence regarding Defendant Avid Telecom.

301.    Admit that emails produced to the Plaintiffs that were sent from, or received by, the email address noc@avid-telecom.com are admissible under Fed. R. Evid. 803(6).

302.    Admit that Defendant Reeves was the exclusive user of the email address Reeves@avid-telecom.com.

303.    Admit that Defendant Reeves was the primary, if not exclusive, user of the email address Reeves@avid-telecom.com.

304.    Admit that Defendant Reeves used the email address Reeves@avid-telecom.com for business related correspondence regarding Defendant Avid Telecom.

305.    Admit that emails produced to the Plaintiffs that were sent from, or received by, the email address Reeves@avid-telecom.com are admissible under Fed. R. Evid. 803(6).

306.    Admit that Defendant Reeves performed services for the benefit of Defendant Avid Telecom at Your direction.

307.    Admit that Defendant Reeves performed services for the benefit of Defendant Avid Telecom at the direction of Defendant Avid Telecom.

308.    Admit that Defendant Reeves held herself out to Defendant Avid Telecom's customers as the Vice President of Operations and Sales of Defendant Avid Telecom.

309.    Admit that Defendant Reeves held herself out to the USTelecom-led Industry Traceback Group as the Vice President of Operations and Sales of Avid Telecom.

310.    Admit that Defendant Avid Telecom had the authority to control and/or direct the actions of Defendant Reeves in her performance of any duties on behalf of Defendant Avid Telecom.

311.    Admit that Defendant Reeves is an agent of Defendant Avid Telecom.

312.    Admit that Defendant Reeves had the authority to act on behalf of Defendant Avid Telecom.

313.    Admit that Defendant Reeves has received Compensation from Defendant Avid Telecom.

314.    Admit that You are an agent of Defendant Avid Telecom.

315.    Admit that You have authority to act on behalf of Defendant Avid Telecom.

316.    Admit that You have received Compensation from Defendant Avid Telecom.

*The remainder of this page is intentionally left blank.*

RESPECTFULLY SUBMITTED this 20th day of August 2025.

**FOR THE STATE OF ARIZONA:**

KRISTIN K. MAYES
Attorney General for the State of Arizona


/s/ John Raymond Dillon IV
JOHN RAYMOND DILLON IV
SARAH PELTON
DYLAN JONES
LAURA DILWEG
ALYSE MEISLIK
Assistant Attorneys General
*Attorneys for the State of Arizona*


**FOR THE STATE OF INDIANA:**

TODD ROKITA
Attorney General for the State of Indiana


s/ Douglas S. Swetnam
DOUGLAS S. SWETNAM
THOMAS L. MARTINDALE
Deputy Attorneys General
*Attorneys for the State of Indiana*

**FOR THE STATE OF NORTH CAROLINA:**

JEFF JACKSON
Attorney General for the State of North Carolina


/s/ Tracy Nayer
TRACY NAYER
ROCHELLE SPARKO
Special Deputy Attorneys General
*Attorneys for the State of North Carolina*


**FOR THE STATE OF OHIO:**

DAVE YOST
Attorney General for the State of Ohio


/s/ Erin B. Leahy
ERIN B. LEAHY
Senior Assistant Attorney General
*Attorney for the State of Ohio*


*Lead Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2025, I served the foregoing **PLAINTIFFS'**

**FIRST RULE 36 REQUESTS FOR ADMISSION TO MICHAEL D. LANSKY** upon

Defendants by electronically mailing a copy of the same to their counsel of record as

follows:

Neil S. Ende
Technology Law Group, LLC
nende@tlgdc.com

Greg Taylor
Technology Law Group, LLC
gtaylor@tlgdc.com

/s/ Tracy Nayer
Special Deputy Attorney General
Counsel for the Plaintiff State of North Carolina

48

## LIST OF PLAINTIFFS' COUNSEL

John Raymond Dillon IV (AZ Bar
No. 036796)
Sarah Pelton (AZ Bar No. 039633)
Dylan Jones (AZ Bar No. 034185)
Laura Dilweg (AZ No. 036066)
Alyse Meislik (AZ No. 024052)
Assistant Attorneys General
Arizona Attorney General's Office
2005 North Central Avenue
Phoenix, AZ 85004
Phone: (602) 542-8018
Fax:   (602) 542-4377
john.dillonIV@azag.gov
sarah.pelton@azag.gov
mailto:dylan.jones@azag.gov
laura.dilweg@azag.gov
alyse.meislik@azag.gov
*Attorneys for Plaintiff State of Arizona*

Douglas S. Swetnam (IN Bar No. 15860-
49)
Thomas L. Martindale (IN Bar No. 29706-
64)
Deputy Attorneys General
Office of the Indiana Attorney General
Todd Rokita
Indiana Govt. Center South, 5th Fl.
302 W. Washington St.
Indianapolis, IN 46204-2770
Phone: (317) 232-6294 (Swetnam)
        (317) 232-7751 (Martindale)
Fax:   (317) 232-7979
douglas.swetnam@atg.in.gov
thomas.martindale@atg.in.gov
*Attorneys for Plaintiff State of Indiana*

Tracy Nayer (NC Bar No. 36964)
Rochelle Sparko (NC Bar No. 38528)
Special Deputy Attorneys General
North Carolina Department of Justice
Consumer Protection Division
P.O. Box 629
Raleigh, North Carolina 27602
Phone:  (919) 716-6000
Fax:     (919) 716-6050
tnayer@ncdoj.gov
rsparko@ncdoj.gov
*Attorneys for Plaintiff State of North
Carolina*

Erin B. Leahy (OH Bar No. 0069509)
Senior Assistant Attorney General
Office of Attorney General Dave Yost
30 East Broad Street, 14th Fl.
Columbus, OH 43215
Phone: (614) 752-4730
Fax:     (866) 768-2648
Erin.Leahy@OhioAGO.gov
*Attorney for Plaintiff State of Ohio*

***Lead Counsel for Plaintiffs***

Lindsay D. Barton (AL Bar No. 1165-G00N)
Robert D. Tambling (AL Bar No. 6026-N67R)
Assistant Attorneys General
Office of the Alabama Attorney General
501 Washington Avenue
Montgomery, Alabama 36130
Phone: (334) 353-2609 (Barton)
         (334) 242-7445 (Tambling)
Fax:    (334) 353-8400
Lindsay.Barton@AlabamaAG.gov
Robert.Tambling@AlabamaAG.gov
*Attorneys for Plaintiff State of Alabama*

Amanda Wentz (AR Bar No. 2021066)
Assistant Attorney General
Office of Attorney General Tim Griffin
101 West Capitol Avenue
Little Rock, AR 72201
Phone: (501) 682-1178
Fax:    (501) 682-8118
amanda.wentz@arkansasag.gov
*Attorney for Plaintiff State of Arkansas*

Nicklas A. Akers (CA Bar No. 211222)
Senior Assistant Attorney General
Bernard A. Eskandari (CA Bar No. 244395)
Supervising Deputy Attorney General
Timothy D. Lundgren (CA Bar No. 254596)
Rosailda Perez (CA Bar No. 284646)
Deputy Attorneys General
Office of the California Attorney General
300 S. Spring St., Suite 1702
Los Angeles, CA 90013
Phone: (415) 510-3364 (Akers)
         (213) 269-6348 (Eskandari)
         (213) 269-6355 (Lundgren)
         (213) 269-6612 (Perez)
Fax:    (916) 731-2146
nicklas.akers@doj.ca.gov
bernard.eskandari@doj.ca.gov
timothy.lundgren@doj.ca.gov
rosailda.perez@doj.ca.gov
*Attorneys for Plaintiff People of the State of California*

Michel Singer Nelson (CO Bar No. 19779)
Assistant Attorney General II
Colorado Office of the Attorney General
Ralph L. Carr Judicial Building
1300 Broadway, 10th Floor
Denver, CO 80203
Phone: (720) 508-6220
michel.singernelson@coag.gov
*Attorney for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

Brendan T. Flynn (Fed. Bar No. ct04545,
CT Bar No. 419935)
Assistant Attorney General
Office of the Connecticut Attorney
General William Tong
165 Capitol Avenue, Suite 4000
Hartford, CT 06106
Phone: (860) 808-5400
Fax:    (860) 808-5593
mailto:brendan.flynn@ct.gov
*Attorney for Plaintiff State of
Connecticut*

Ryan Costa (DE Bar No. 5325)
Deputy Attorney General
Delaware Department of Justice
820 N. French Street, 5th Floor
Wilmington, DE 19801
Phone: (302) 683-8811
Fax:    (302) 577-6499
Ryan.costa@delaware.gov
*Attorney for Plaintiff State of Delaware*

Laura C. Beckerman (DC Bar No.
1008120)
Senior Trial Counsel
Public Advocacy Division
D.C. Office of the Attorney General
400 6th Street NW, 10th Floor
Washington, DC 20001
Phone: (202) 655-7906
Laura.Beckerman@dc.gov
*Attorney for Plaintiff District of
Columbia*

Miles Vaughn (FL Bar No. 1032235)
Assistant Attorney General
Office of the Florida Attorney General
Consumer Protection Division
3507 E. Frontage Rd, Suite 325
Tampa, FL 33607
Phone: (813) 287-7950
Fax:    (813) 281-5515
miles.vaughn@myfloridalegal.com
*Attorney for Plaintiff James Uthmeier,
Attorney General of the State of Florida*

David A. Zisook (GA Bar No. 310104)
Senior Assistant Attorney General
Office of the Georgia Attorney General
40 Capitol Square SW
Atlanta, GA 30334
Phone: (404) 458-4294
Fax:    (404) 464-8212
dzisook@law.ga.gov
*Attorney for Plaintiff State of Georgia*

Christopher J.I. Leong (HI Bar No.
9662)
Deputy Attorney General
Hawaii Department of the Attorney
General
425 Queen Street
Honolulu, HI 96813
Phone: (808) 586-1180
Fax:    (808) 586-1205
christopher.ji.leong@hawaii.gov
*Attorney for Plaintiff State of Hawaii*

James J. Simeri (ID Bar No. 12332)
Consumer Protection Division Chief
Idaho Attorney General's Office
P.O. Box 83720
Boise, ID 83720-0010
Phone: (208) 334-4114
james.simeri@ag.idaho.gov
*Attorney for Plaintiff State of Idaho*

Philip Heimlich (IL Bar No. 6286375)
Assistant Attorney General
Elizabeth Blackston (IL Bar No. 6228859)
Consumer Fraud Bureau Chief
Office of the Illinois Attorney General
500 S. Second Street
Springfield, IL 62791
Phone: (217) 782-4436
philip.heimlich@ilag.gov
elizabeth.blackston@ilag.gov
*Attorneys for Plaintiff People of the State of Illinois*

Benjamin Bellus (IA Bar No. AT0000688)
William Pearson (IA Bar No. AT0012070)
Assistant Attorneys General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Phone: (515) 242-6536 (Bellus)
        (515) 242-6773 (Pearson)
Fax:    (515) 281-6771
Benjamin.Bellus@ag.iowa.gov
William.Pearson@ag.iowa.gov
*Attorneys for Plaintiff State of Iowa*

Nicholas C. Smith (KS Bar No. 29742)
Sarah M. Dietz (KS Bar No. 27457)
Assistant Attorneys General
Consumer Protection Section
Office of the Kansas Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, KS 66612
Phone: (785) 296-3751
Fax:    (785) 291-3699
Nicholas.Smith@ag.ks.gov
sarah.dietz@ag.ks.gov
*Attorneys for Plaintiff State of Kansas*

Jacob P. Ford (KY Bar No. 95546)
Assistant Attorney General
Office of the Attorney General, Commonwealth of Kentucky
1024 Capital Center Drive, Ste. 200
Frankfort, KY 40601
Phone: (502) 871-2044
jacobp.ford@ky.gov
*Attorney for Plaintiff Commonwealth of Kentucky*

ZaTabia N. Williams (LA Bar No. 36933)
Assistant Attorney General
Office of the Attorney General Liz Murrill
1885 North Third St.
Baton Rouge, LA 70802
Phone: (225) 326-6164
Fax:    (225) 326-6499
WilliamsZ@ag.louisiana.gov
*Attorney for Plaintiff State of Louisiana*

Brendan O'Neil (ME Bar No. 009900)
Michael Devine (ME Bar No. 005048)
Assistant Attorneys General
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333
Phone: (207) 626-8800
Fax:    (207) 624-7730
brendan.oneil@maine.gov
michael.devine@maine.gov
*Attorneys for Plaintiff State of Maine*

Philip Ziperman (Fed. Bar No. 12430)
Deputy Counsel
Office of the Attorney General
200 St. Paul Place
Baltimore, MD 21202
Phone: (410) 576-6417
Fax:    (410) 576-6566
pziperman@oag.state.md.us
*Attorney for Plaintiff Maryland Office of the Attorney General*

Carol Guerrero (MA Bar No. 705419)
Assistant Attorney General
Michael N. Turi (MA Bar No. 706205)
Deputy Chief, Consumer Protection Division
Massachusetts Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Phone: (617) 963-2783
Fax:    (617) 727-5765
mailto:Carol.Guerrero@mass.gov
Michael.Turi@mass.gov
*Attorneys for Plaintiff Commonwealth of Massachusetts*

Kathy P. Fitzgerald (MI Bar No. P31454)
Michael S. Hill (MI Bar No. P73084)
Assistant Attorneys General
Michigan Department of Attorney General
Corporate Oversight Division
P.O. Box 30736
Lansing, MI 48909
Phone: (517) 335-7632
Fax:    (517) 335-6755
fitzgeraldk@michigan.gov
Hillm19@michigan.gov
*Attorneys for Plaintiff People of the State of Michigan*

Bennett Hartz (MN Bar No. 0393136)
Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1200
Saint Paul, MN 55404
Phone: (651) 757-1235
bennett.hartz@ag.state.mn.us
*Attorney for Plaintiff State of Minnesota, by its Attorney General, Keith Ellison*

James M. Rankin (MS Bar No. 102332)
Special Assistant Attorney General
Mississippi Attorney General's Office
P.O. Box 220
Jackson, MS 39205
Phone: (601) 359-4258
james.rankin@ago.ms.gov
*Attorney for Plaintiff Lynn Fitch, Attorney General State of Mississippi*

Luke Hawley (MO Bar No. 73749)
Assistant Attorney General
Office of the Missouri Attorney General
815 Olive Street, Suite 200
St. Louis, MO 63101
Phone: (314) 340-6816
Fax:    (314) 340-7891
luke.hawley@ago.mo.gov
*Attorney for Plaintiff State of Missouri, ex. rel. Andrew Bailey, Attorney General*

Brent Mead (MT Bar No. 68035000)
Deputy Solicitor General
Anna Schneider (MT Bar No. 13963)
Special Assistant Attorney General,
Senior Counsel
Montana Attorney General's Office
Office of Consumer Protection
215 North Sanders Street
P.O. Box 200151
Helena, MT 59620-0151
Phone: (406) 444-4500
Brent.mead2@mt.gov
Anna.schneider@mt.gov
*Attorneys for Plaintiff State of Montana*

Gary E. Brollier (NE Bar No. 19785)
Assistant Attorney General
Office of the Attorney General Michael
T. Hilgers
2115 State Capitol Building
Consumer Protection Division
Lincoln, NE 68509
Phone: (402) 471-1279
Fax:     (402) 471-4725
gary.brollier@nebraska.gov
*Attorney for Plaintiff State of Nebraska*

Michelle C. Badorine (NV Bar No.
13206)
Senior Deputy Attorney General
Office of the Nevada Attorney General
Bureau of Consumer Protection
100 North Carson Street
Carson City, NV 89701-4717
Phone: (775) 684-1164
Fax:     (775) 684-1299
MBadorine@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

Mary F. Stewart (NH Bar No. 10067)
Assistant Attorney General
New Hampshire Department of Justice
Office of the Attorney General
Consumer Protection and Antitrust
Bureau
1 Granite Place South
Concord, NH 03301
Phone: (603) 271-1139
Mary.F.Stewart@doj.nh.gov
*Attorney for Plaintiff State of New
Hampshire*

Jeffrey Koziar (NJ Bar No. 015131999)
Deputy Attorney General
New Jersey Office of the Attorney
General
Division of Law
124 Halsey Street
Newark, NJ 07101
Phone: (973) 648-7819
Fax:     (973) 648-4887
mailto:Jeff.koziar@law.njoag.gov
*Attorney for Plaintiff State of New Jersey*

Billy Jimenez (NM Bar No. 144627)
Assistant Attorney General
New Mexico Department of Justice
408 Galisteo St.
Santa Fe, New Mexico 87501
Phone: (505) 527-2694
Fax:     (505) 490-4883
Bjimenez@nmdoj.gov
*Attorney for Plaintiff Raúl Torrez, New
Mexico Attorney General*

Glenna Goldis (NY Bar No. 4868600)
Assistant Attorney General
Office of the New York State Attorney
General
28 Liberty Street
New York, NY 10005
Phone: (646) 856-3697
Glenna.goldis@ag.ny.gov
*Attorney for Plaintiff Office of the
Attorney General of the State of New
York*

Elin S. Alm (ND Bar No. 05924)
Christopher Glenn Lindblad (ND Bar
No. 06480)
Assistant Attorneys General
Office of North Dakota Attorney General
Consumer Protection & Antitrust
Division
1720 Burlington Drive, Suite C
Bismarck, ND 58504-7736
Phone: (701) 328-5570
Fax:    (701) 328-5568
mailto:ealm@nd.gov
clindblad@nd.gov
*Attorneys for Plaintiff State of North
Dakota*

Stephanie Powers (OK Bar No. 22892)
Assistant Attorney General
Office of the Oklahoma Attorney
General
313 N.E. 21st St.
Oklahoma City, OK 73105
Phone: (405) 522-3412
Fax:    (405) 522-0085
Stephanie.Powers@oag.ok.gov
*Attorney for Plaintiff State of Oklahoma
ex rel. Attorney General Gentner
Drummond*

Jordan M. Roberts (OR Bar No. 115010)
Senior Assistant Attorney General
Oregon Department of Justice
Consumer Protection Division
100 SW Market St.
Portland, OR 97201
Phone: (971) 673-1880
Fax:    (971) 673-1884
jordan.m.roberts@doj.oregon.gov
*Attorney for Plaintiff State of Oregon*

Mark W Wolfe (PA Bar No. 327807)
Deputy Attorney General
Pennsylvania Office of Attorney General
Strawberry Square, 15th Floor
Harrisburg, PA 17120-0001
Phone: (717) 772-3558
Fax:    (717) 705-3795
mwolfe@attorneygeneral.gov
*Attorney for Plaintiff Commonwealth of
Pennsylvania by Attorney General David
W. Sunday, Jr.*

Stephen N. Provazza (RI Bar No. 10435)
Special Assistant Attorney General
Rhode Island Office of the Attorney
General
150 S. Main Street
Providence, RI 02903
Phone: (401) 274-4400, ext. 2476
Fax:    (401) 222-1766
sprovazza@riag.ri.gov
*Attorney for Plaintiff State of Rhode
Island, by Attorney General Peter
Neronha*

Kristin Simons (SC Bar No. 74004)
Senior Assistant Attorney General
South Carolina Attorney General's
Office
P.O. Box 11549
Columbia, SC 29211-1549
Phone: (803) 734-6134
mailto:ksimons@scag.gov
*Attorney for Plaintiff State of South
Carolina*

Austin C. Ostiguy (TN Bar No. 040301)
Tyler T. Corcoran (TN Bar No. 038887)
Assistant Attorneys General
Office of the Tennessee Attorney
General
P.O. Box 20207
Nashville, TN 37202
Phone: (615) 532-7271 (Ostiguy)
         (615) 770-1714 (Corcoran)
Fax:     (615) 532-2910
austin.ostiguy@ag.tn.gov
tyler.corcoran@ag.tn.gov
*Attorneys for Plaintiff State of Tennessee*

David Shatto (Fed. Bar No. 3725697; TX
Bar No. 24104114)
Assistant Attorney General
Attorney General for the State of Texas
Office of the Attorney General
P.O. Box 12548 (MC-010)
Austin, TX 78711
Phone: (512) 463-2185
Fax:     (512) 473-9125
David.Shatto@oag.texas.gov
*Attorney for Plaintiff State of Texas*

Alexandra Butler (UT Bar No. 19238)
Assistant Attorney General
Utah Attorney General's Office
160 East 300 South, 5th Floor
P.O. Box 140872
Salt Lake City, UT 84114-0872
Phone: (385) 910-5533
Fax:     (801) 366-0315
alexandrabutler@agutah.gov
*Attorney for Plaintiff Utah Division of
Consumer Protection*

James Layman (VT Bar No. 5236)
Office of the Vermont Attorney General
109 State Street
Montpelier, VT 05609-1001
Phone: (802) 828-2315
Fax:     (802) 304-1014
James.Layman@vermont.gov
*Attorney for Plaintiff State of Vermont*

Geoffrey L. Ward (VA Bar No. 89818)
Senior Assistant Attorney General
Office of the Attorney General of
Virginia
202 N. Ninth St.
Richmond, VA 23219
Phone: (804) 371-0871
Fax:     (804) 786-0122
gward@oag.state.va.us
*Attorney for Plaintiff Commonwealth of
Virginia, ex rel. Jason S. Miyares,
Attorney General*

Zorba Leslie (WA Bar No. 58523)
Assistant Attorney General
Washington State Attorney General's
Office
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Phone: (206) 340-6787
Fax:    (206) 464-6451
zorba.leslie@atg.wa.gov
*Attorney for Plaintiff State of
Washington*


Ashley T. Wentz (WV Bar No. 13486)
Assistant Attorney General
West Virginia Attorney General's Office
Consumer Protection/Antitrust Division
P.O. Box 1789
Charleston, WV 25326
Phone: (304) 558-8986
Fax:    (304) 558-0184
Ashley.T.Wentz@wvago.gov
*Attorney for Plaintiff State of West
Virginia ex rel. John B. McCuskey,
Attorney General*

Gregory A. Myszkowski (WI Bar No.
1050022)
Assistant Attorney General
Wisconsin Department of Justice
P.O. Box 7857
Madison, WI 53707-7857
Phone: (608) 266-7656
Fax:    (608) 294-2907
gregory.myszkowski@wisdoj.gov
*Attorney for Plaintiff State of Wisconsin*


Cameron W. Geeting (WY Bar No.
7-5338)
Senior Assistant Attorney General
Consumer Protection and Antitrust Unit
Wyoming Office of the Attorney General
2320 Capitol Avenue
Cheyenne, Wyoming 82002
Phone: (307) 777-3795
cameron.geeting1@wyo.gov
*Attorney for Plaintiff State of Wyoming*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

State of Arizona, *ex rel.* Kristin K. Mayes,
Attorney General; et al.,

      Plaintiffs,

      v.

Michael D. Lansky, L.L.C., dba Avid
Telecom, et al.,

      Defendants.

No. 4:23-CV-00233-TUC-CKJ

## PLAINTIFFS' FIRST RULE 36 REQUESTS FOR ADMISSION TO STACEY S. REEVES

Pursuant to Federal Rules of Civil Procedure 36, Plaintiffs, by and through the undersigned attorneys, hereby submit their First Rule 36 Requests for Admission ("Requests") to Defendant Stacey S. Reeves. Please respond to the following Requests within thirty (30) days of service.

## DEFINITIONS AND INSTRUCTIONS

As used herein, the following words shall have the following meanings:

1.     Use of singular shall be deemed to include the plural. As used herein, the terms "and" and "or," "any" and "all," and "each" and "every" shall be interpreted liberally, as conjunctive, disjunctive, or both depending on the context, to achieve the fullest disclosure of information.

1

2.      Use of the present or past tense of a verb in a Request shall be interpreted liberally, to achieve the fullest and most accurate disclosure of information, where the conduct, action, or activity described therein is construed to apply to the subject of the Request at any time during the Relevant Period when such conduct, action, or activity was capable of being applicable.

3.      "Business Relationship" refers to an agreement or arrangement, whether formal or informal, for Defendant Avid Telecom to do any of the following:

a.      provide VoIP Services to a Person in exchange for Compensation;

b.      purchase VoIP Services from a Person in exchange for Compensation;

c.      provide other products or services to a Person in exchange for Compensation; and/or

d.      purchase other products or services from a Person in exchange for Compensation.

4.      "Call Detail Records" or "CDRs" refer to business records that are generated by or for every Voice Service Provider for every call that is Transmitted across a provider's network.  Information captured and retained about a call in a CDR generally includes, but is not limited to:

a.      the date and time of the call in UTC unless otherwise specified;

b.      the originating or calling telephone number Transmitted as the Caller ID information or automatic number identification ("ANI") reflecting the digits Transmitted;

2

c.     the terminating, called, or receiving telephone number or the LRN, if applicable;

d.     the call duration in seconds, from answer to disconnect;

e.     the alphanumeric customer identifier indicating the entity that sent the call to a provider's network or was the customer for which the provider initiated the call;

f.     the internet protocol ("IP") address sending the call to the provider's network;

g.     any SIP Response Codes associated with the call or attempted call including information that accompanied the SIP Response Code;

h.     the Downstream Provider to which a provider next Transmitted the call; and

i.     all information collected or generated as part of STIR/SHAKEN.

5.     "Compensation" means any donation, remittance, gift of money, or any other payment, salary, bonus, consideration, contribution, or exchange of something of value including, without limitation, Telephony Services, Voice Service, VoIP Services (whether Interconnected or Non-Interconnected), personally identifiable information, or any other personal data.

6.     "Defendants" means the following, individually, collectively or in any combination.

a.     "Corporate Defendant" or "Defendant Avid Telecom" means Michael D. Lansky, L.L.C., dba Avid Telecom, its members, agents,

independent contractors, associates, employees, affiliates, supervisors, representatives and/or any other Person entitled to act or purporting to act on the Corporate Defendant's behalf, which includes, but is not limited to any trade names, fictitious names, or "doing business as" names, and its successors and assigns. The term also includes present and former owners, officers, directors, employees, independent contractors, agents, representatives, attorneys, and all Persons working for or acting on behalf of the foregoing.

b.    "Individual Defendants" means Michael D. Lansky and Stacey S. Reeves collectively.

c.    "Defendant Lansky" means Michael D. Lansky individually.

d.    "Defendant Reeves" means Stacey S. Reeves individually.

7.    "Direct Inward Dial Numbers" or "DIDs" mean telephone numbers that conform to the North American Numbering Plan and can be used to Transmit inbound or outbound voice calls.

8.    "Downstream Provider" means any Voice Service Provider to which an Upstream Provider directly Transmits voice call traffic. A Downstream Provider may also be a point of entry provider onto the U.S. telephone network, or an intermediate or transit provider. A Voice Service Provider's classification as a Downstream Provider may change on a per-call basis.

9.    "FCC" means the Federal Communications Commission.

10.    "FTC" means the Federal Trade Commission.

11.    "Interconnected Voice over Internet Protocol Service" or "Interconnected VoIP Service" means a service that (1) enables real-time, two-way voice communications; (2) requires a broadband connection from the user's location; (3) requires internet protocol compatible customer premises equipment; and (4) permits users generally to receive calls that originate on the public switched telephone network and to terminate calls to the public switched telephone network.

12.    "Lead Generation" means the assignment, creation, sourcing, sale, subscription, leasing, renting, distribution, provisioning, purchase, reselling, wholesaling, or transfer of any list or compilation of telephone numbers utilized or intended to be utilized for the purpose of generating or initiating Outbound Telephone Calls and/or Telemarketing.

13.    "Location Routing Number" or "LRN" means an identification for a telephone switch for the purpose of routing telephone calls through the public switched telephone network in the United States.

14.    "Non-interconnected Voice over Internet Protocol Service" or "Non-Interconnected VoIP Service" means a service that (1) enables real-time voice communications that originate from or terminate to the user's location using Internet protocol or any successor protocol; (2) requires Internet protocol compatible customer premises equipment; and (3) does not include any service that is an Interconnected VoIP Service.

15.    "Non-Provider Customer" shall mean any voice customers that, at the time they were a customer of Defendant Avid Telecom, did not have a valid FCC Registration Number, did not have a valid Form 499 number, or did not provide either Voice over Internet Protocol ("VoIP") or a telecommunication service as those services are defined in the Communications Act, 47 U.S.C. § 153.

16.    "North American Numbering Plan" or "NANP" means the basic numbering scheme for telecommunications networks located in the United States and its territories, Canada, and parts of the Caribbean, as defined in 47 C.F.R. § 52.5, as amended, and are ten-digit numbers consisting of a three-digit area code, followed by a three-digit central office code, followed by a four-digit line number.

17.    "Numbering Resources" means North American Numbering Plan telephone numbers and/or toll-free telephone numbers.

18.    "Outbound Telephone Call" means a telephone call initiated to:

    a.    Induce the purchase of goods or services;

    b.    Solicit Compensation or payment;

    c.    Advertise or offer a loan or extension of credit; or

    d.    Obtain information, including, without limitation, through the arrangement of a meeting, that may be used to induce the purchase of goods or services, solicit Compensation, or solicit a loan or extension of credit.

19.    "Person" means any individual, group, organization, unincorporated association, limited or general partnership, corporation, subsidiary, affiliate, or other legal entity. This includes any entity that holds itself out and conducts business as a legally formed entity but has failed to comply with all applicable state laws to form a legally recognized entity in the jurisdiction in which it conducts its business.

20.    "Regarding," "Relating to," "Relate," "Related" and any derivation of these words mean consisting of, referring to, reflecting, supporting, evidencing, prepared in connection with, used in preparation for, underlying, or being in any way legally, logically, or factually connected to the matter discussed, whether in whole or in part, directly or indirectly.

21.    "Relevant Period" means the period starting five years prior to the date the initial Complaint in this action was filed through the present. All Requests pertain to the Relevant Period unless otherwise stated.

22.    "Robocall(s)" means a telephone call that delivers artificial, artificially generated, or prerecorded voice messages, in whole or in part, including, without limitation, telephone calls utilizing soundboard technology and ringless voicemail messages.

23.    "Short Duration Call" means any voice call of a duration of less than six seconds.

24.    "SIP Response Code" means a three-digit integer response code that details the status of a request to establish a telephone connection.

25. "STIR/SHAKEN" or "STIR/SHAKEN authentication framework" means the secure telephone identity revisited and signature-based handling of asserted information using tokens standards. *See* 47 U.S.C. § 227b.

26. "Telephony Services" means wireline or wireless telecommunications services and VoIP services, including, without limitation:

   a. the dialing, origination, termination, routing, or transmission of any telephone calls to and/or from U.S.-based toll-free or NANP telephone numbers, including Robocalls and Telemarketing calls;

   b. Voice Service;

   c. Interconnected and Non-Interconnected VoIP Services;

   d. electronic or text messaging services including, but not limited to, "text message" as defined in 47 C.F.R. § 64.1600(o), and as amended;

   e. ringless voicemail messages;

   f. Lead Generation;

   g. Numbering Resources;

   h. Reselling services provided by any Voice Service Provider or owning, operating, providing customer service for, or otherwise controlling or managing a Mobile Virtual Network Operator (MVNO);

   i. any products or services related to caller ID authentication as required by 47 C.F.R. Part 64 Subpart HH, 64.6300 *et seq.*, and as amended; and/or

j.      any other common carriage, telecommunications, or information services.

27.     "Telemarketing" means a campaign or program that uses one or more telephone calls, whether Robocalls or direct-dialed, and whether interstate or intrastate calls, for the purpose of encouraging or inducing or otherwise soliciting the purchase of goods, services, or charitable contributions, or the rental of, or investment in, property. *See* 47 C.F.R. § 64.1200(f)(13); 16 C.F.R. § 310.2(gg).

28.     "Traceback" or "traceback" means any effort to trace back the origin of a call or calls, including, but not limited to, a request from the industry traceback consortium as defined in 47 C.F.R. § 64.6300(f), another Voice Service Provider in the call path, the FCC, or a civil or criminal law enforcement agency.

29.     "Transmit" or "Transmitted" means to accept, initiate, send, transit, route, make, and/or complete calls.

30.     "Upstream Provider" means any Voice Service Provider, whether U.S. -based or physically located and/or registered as a business outside of the United States in a foreign jurisdiction, that Transmits voice call traffic directly to a Downstream Provider. An Upstream Provider may also be a point of entry provider onto the U.S. telephone network. A Voice Service Provider's classification as an Upstream Provider may change on a per-call basis.

31.    "Voice Service" means any service that is interconnected with the public switched telephone network and that furnishes voice communications using resources from the North American Numbering Plan.

32.    "Voice Service Provider" means a provider of Voice Service. The role of a Voice Service Provider is determined on a call-by-call—rather than entity-by-entity—basis.

33.    "VoIP" means Voice over Internet Protocol.

34.    "VoIP Service" shall have the meanings ascribed to "interconnected VoIP" and "non-interconnected VoIP" in 47 C.F.R. § 9.3 and 47 U.S.C. § 153(25) and (36).

35.    "You" or "Your" refers to Defendant Stacey S. Reeves.

## <u>REQUESTS FOR ADMISSION</u>

1.    Admit that Defendant Avid Telecom provides, or has provided, Interconnected VoIP Services.

2.    Admit that Defendant Avid Telecom provides, or has provided, Non-Interconnected VoIP Services.

3.    Admit that Defendant Avid Telecom provides, or has provided, VoIP Services to its Upstream Provider customers.

4.    Admit that Defendant Avid Telecom provides, or has provided, Telephony Services to its Upstream Provider customers.

5.    Admit that Defendant Avid Telecom purchases, or has purchased, VoIP Services from its Downstream Provider customers.

6.     Admit that Defendant Avid Telecom purchases, or has purchased, Telephony Services from its Downstream Provider customers.

7.     Admit that Defendant Avid Telecom specializes in the delivery of automated calls for its customers.

8.     Admit that Defendant Avid Telecom indicated in its Universal Service Fund filings with the FCC that it conducted its business in all U.S. states and territories.

9.     Admit that Defendant Avid Telecom has Transmitted calls into, and across, the U.S. Voice Service network.

10.    Admit that You, either directly or through a third-party (e.g., a third-party switch provider), have never instituted or implemented any policies or processes regarding network-level blocking on Defendant Avid Telecom's network for one or more U.S.-based area codes from North American Numbering Plan numbers that would prevent Defendant Avid Telecom from Transmitting calls to called numbers with such area codes.

11.    Admit that You, either directly or through a third-party (e.g., a third-party switch provider), have never instituted or implemented any policies or processes regarding network-level blocking on Defendant Avid Telecom's network for all U.S.-based area codes from North American Numbering Plan numbers assigned to any one of the Plaintiff States that would prevent Defendant Avid Telecom from Transmitting calls to called numbers for all area codes assigned to that state.

12.    Admit that, as an Interconnected VoIP Service provider, Defendant Avid Telecom used broadband internet technology to Transmit calls for its Upstream Provider customers.

11

13.    Admit that, as a Non-Interconnected VoIP Service provider, Defendant Avid Telecom used broadband internet technology to Transmit calls for its Upstream Provider customers.

14.    Admit that Defendant Avid Telecom was issued at least 329 Traceback notifications from the USTelecom-led Industry Traceback Group.

15.    Admit that at least a portion of the audio recordings of prerecorded or artificial voice messages associated with Traceback requests received by Defendant Avid Telecom from the USTelecom-led Industry Traceback Group were obtained from the voicemail services of YouMail subscribers.

16.    Admit that at least a portion of the calls referenced in Tracebacks related to Defendant Avid Telecom call traffic were prerecorded or artificial voice messages.

17.    Admit that at least a portion of the calls referenced in Tracebacks related to Defendant Avid Telecom call traffic were delivered to voicemail mailboxes.

18.    Admit that a CDR was generated for every call that was Transmitted over Defendant Avid Telecom's network.

19.    Admit that Defendant Avid Telecom used CDRs to bill for services it provided to its Upstream Provider customers.

20.    Admit that Defendant Avid Telecom Transmitted calls across its network where no other Voice Service Providers had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

21.    Admit that Defendant Avid Telecom offered rates for its outbound Voice Service that differed based on call duration.

22.     Admit that Defendant Avid Telecom offered a Voice Service product that was intended to Transmit only Short Duration Call traffic.

23.     Admit that Defendant Avid Telecom had a Business Relationship with Boomsourcing, LLC.

24.     Admit that Defendant Avid Telecom has received Compensation from Boomsourcing, LLC.

25.     Admit that Defendant Avid Telecom has received Compensation from Mercury for services that Defendant Avid Telecom provided to Boomsourcing, LLC.

26.     Admit that Defendant Avid Telecom provided Compensation to Boomsourcing, LLC.

27.     Admit that Defendant Avid Telecom provided Telephony Services to Boomsourcing, LLC.

28.     Admit that Boomsourcing, LLC was a Non-Provider Customer of Defendant Avid Telecom.

29.     Admit that, during the course of its Business Relationship with Boomsourcing, LLC, Defendant Avid Telecom Transmitted calls that it received directly from Boomsourcing, LLC.

30.     Admit that, during the course of its Business Relationship with Boomsourcing, LLC, Defendant Avid Telecom Transmitted calls that it received from Boomsourcing, LLC where no other Voice Service Providers had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

31.     Admit that, during the course of its Business Relationship with Boomsourcing, LLC, Defendant Avid Telecom Transmitted calls directly to Boomsourcing, LLC.

32.     Admit that Defendant Avid Telecom had a Business Relationship with Glass Roots Marketing.

33.     Admit that Defendant Avid Telecom has received Compensation from Glass Roots Marketing.

34.     Admit that Defendant Avid Telecom provided Compensation to Glass Roots Marketing.

35.     Admit that Defendant Avid Telecom provided Telephony Services to Glass Roots Marketing.

36.     Admit that Glass Roots Marketing was a Non-Provider Customer of Defendant Avid Telecom.

37.     Admit that, during the course of its Business Relationship with Glass Roots Marketing, Defendant Avid Telecom Transmitted calls that it received directly from Glass Roots Marketing.

38.     Admit that, during the course of its Business Relationship with Glass Roots Marketing, Defendant Avid Telecom Transmitted calls that it received from Glass Roots Marketing where no other Voice Service Providers had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

39.     Admit that, during the course of its Business Relationship with Glass Roots Marketing, Defendant Avid Telecom Transmitted calls directly to Glass Roots Marketing.

14

40.     Admit that Defendant Avid Telecom had a Business Relationship with Zealous Services, Inc.

41.     Admit that Defendant Avid Telecom has received Compensation from Zealous Services, Inc.

42.     Admit that Defendant Avid Telecom provided Compensation to Zealous Services, Inc.

43.     Admit that Defendant Avid Telecom provided Telephony Services to Zealous Services, Inc.

44.     Admit that Zealous Services, Inc. was a Non-Provider Customer of Defendant Avid Telecom.

45.     Admit that, during the course of its Business Relationship with Zealous Services, Inc., Defendant Avid Telecom Transmitted calls that it received directly from Zealous Services, Inc.

46.     Admit that, during the course of its Business Relationship with Zealous Services, Inc., Defendant Avid Telecom Transmitted calls that it received from Zealous Services, Inc. where no other Voice Service Providers had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

47.     Admit that, during the course of its Business Relationship with Zealous Services, Inc., Defendant Avid Telecom Transmitted calls directly to Zealous Services, Inc.

48.     Admit that Defendant Avid Telecom had a Business Relationship with SipNav.

49.    Admit that Defendant Avid Telecom provided Compensation to SipNav.

50.    Admit that Defendant Avid Telecom had a Business Relationship with Dean Hansen.

51.    Admit that Defendant Avid Telecom has received Compensation from Dean Hansen.

52.    Admit that Defendant Avid Telecom provided Compensation to Dean Hansen.

53.    Admit that Defendant Avid Telecom had a Business Relationship with Scott Presta.

54.    Admit that Defendant Avid Telecom provided Compensation to Scott Presta.

55.    Admit that Defendant Avid Telecom had a Business Relationship with Airespring.

56.    Admit that Defendant Avid Telecom has received Compensation from Airespring.

57.    Admit that, during the course of its Business Relationship with Airespring, Defendant Avid Telecom Transmitted calls that it received directly from Airespring.

58.    Admit that Defendant Avid Telecom had a Business Relationship with AllClear Connect.

59.    Admit that Defendant Avid Telecom has received Compensation from AllClear Connect.

60.     Admit that, during the course of its Business Relationship with AllClear Connect, Defendant Avid Telecom Transmitted calls that it received directly from AllClear Connect.

61.     Admit that Defendant Avid Telecom had a Business Relationship with Autelecom LLC.

62.     Admit that Defendant Avid Telecom has received Compensation from Autelecom LLC.

63.     Admit that, during the course of its Business Relationship with Autelecom LLC, Defendant Avid Telecom Transmitted calls that it received directly from Autelecom LLC.

64.     Admit that Defendant Avid Telecom had a Business Relationship with BestiumPro.

65.     Admit that Defendant Avid Telecom has received Compensation from BestiumPro.

66.     Admit that, during the course of its Business Relationship with BestiumPro, Defendant Avid Telecom Transmitted calls that it received directly from BestiumPro.

67.     Admit that Defendant Avid Telecom had a Business Relationship with Connexum LLC.

68.     Admit that Defendant Avid Telecom has received Compensation from Connexum LLC.

69.     Admit that, during the course of its Business Relationship with Connexum LLC, Defendant Avid Telecom Transmitted calls that it received directly from Connexum LLC.

70.     Admit that Defendant Avid Telecom had a Business Relationship with Contact Center Specialists LLC.

71.     Admit that Defendant Avid Telecom has received Compensation from Contact Center Specialists LLC.

72.     Admit that, during the course of its Business Relationship with Contact Center Specialists LLC, Defendant Avid Telecom Transmitted calls that it received directly from Contact Center Specialists LLC.

73.     Admit that Defendant Avid Telecom had a Business Relationship with DID Central.

74.     Admit that Defendant Avid Telecom has received Compensation from DID Central.

75.     Admit that, during the course of its Business Relationship with DID Central, Defendant Avid Telecom Transmitted calls that it received directly from DID Central.

76.     Admit that Defendant Avid Telecom had a Business Relationship with Digital Media Solutions LLC.

77.     Admit that Defendant Avid Telecom has received Compensation from Digital Media Solutions LLC. for the provision of Voice Services.

78.     Admit that Defendant Avid Telecom has received Compensation from Digital Media Solutions LLC. for the provision of Telephony Services.

79.     Admit that Digital Media Solutions LLC is not a Voice Service Provider.

80.     Admit that Digital Media Solutions LLC is not a provider of Telephony Service.

81.     Admit that, during the course of its Business Relationship with Digital Media Solutions LLC, Defendant Avid Telecom Transmitted calls from Digital Media Solutions LLC where no other Voice Service Provider had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

82.     Admit that Defendant Avid Telecom had a Business Relationship with Global Voicecom.

83.     Admit that Defendant Avid Telecom has received Compensation from Global Voicecom.

84.     Admit that, during the course of its Business Relationship with Global Voicecom, Defendant Avid Telecom Transmitted calls that it received directly from Global Voicecom.

85.     Admit that Defendant Avid Telecom had a Business Relationship with Great Lakes Communication.

86.     Admit that Defendant Avid Telecom has received Compensation from Great Lakes Communication.

87.     Admit that, during the course of its Business Relationship with Great Lakes Communication, Defendant Avid Telecom Transmitted calls that it received directly from Great Lakes Communication.

88.     Admit that Defendant Avid Telecom had a Business Relationship with Icon Global Services.

89.     Admit that Defendant Avid Telecom has received Compensation from Icon Global Services.

90.     Admit that, during the course of its Business Relationship with Icon Global Services, Defendant Avid Telecom Transmitted calls that it received directly from Icon Global Services.

91.     Admit that Defendant Avid Telecom had a Business Relationship with Virtual Telecom/Mobi Telecom LLC.

92.     Admit that Defendant Avid Telecom has received Compensation from Virtual Telecom/Mobi Telecom LLC.

93.     Admit that, during the course of its Business Relationship with Virtual Telecom/Mobi Telecom LLC, Defendant Avid Telecom Transmitted calls that it received directly from Virtual Telecom/Mobi Telecom LLC.

94.     Admit that Defendant Avid Telecom had a Business Relationship with Modok Telecom.

95.     Admit that Defendant Avid Telecom has received Compensation from Modok Telecom.

96.     Admit that, during the course of its Business Relationship with Modok Telecom, Defendant Avid Telecom Transmitted calls that it received directly from Modok Telecom.

97.    Admit that You have received Compensation from Modok Telecom, whether or not such Compensation was received before or during the Relevant Period.

98.    Admit that You previously worked for Modok Telecom at a time during which Sumco Panama was a customer of Modok.

99.    Admit that Defendant Avid Telecom had a Business Relationship with NGL Communications LLC.

100.    Admit that Defendant Avid Telecom has received Compensation from NGL Communications LLC.

101.    Admit that, during the course of its Business Relationship with NGL Communications LLC, Defendant Avid Telecom Transmitted calls that it received directly from NGL Communications LLC.

102.    Admit that Defendant Avid Telecom had a Business Relationship with Perfect Pitch Technology, LLC.

103.    Admit that Defendant Avid Telecom has received Compensation from Perfect Pitch Technology, LLC.

104.    Admit that Defendant Avid Telecom provided Compensation to Perfect Pitch Technology, LLC.

105.    Admit that Defendant Avid Telecom provided Telephony Services to Perfect Pitch Technology, LLC.

106.    Admit that Perfect Pitch Technology, LLC was a Non-Provider Customer of Defendant Avid Telecom.

107.    Admit that, during the course of its Business Relationship with Perfect Pitch Technology, LLC, Defendant Avid Telecom Transmitted calls that it received directly from Perfect Pitch Technology, LLC.

108.    Admit that, during the course of its Business Relationship with Perfect Pitch Technology, LLC, Defendant Avid Telecom Transmitted calls that it received from Perfect Pitch Technology, LLC where no other Voice Service Providers had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

109.    Admit that, during the course of its Business Relationship with Perfect Pitch Technology, LLC, Defendant Avid Telecom Transmitted calls directly to Perfect Pitch Technology, LLC.

110.    Admit that Defendant Avid Telecom had a Business Relationship with R Squared / 200 Networks.

111.    Admit that Defendant Avid Telecom has received Compensation from R Squared / 200 Networks.

112.    Admit that, during the course of its Business Relationship with R Squared / 200 Networks, Defendant Avid Telecom Transmitted calls that it received directly from R Squared / 200 Networks.

113.    Admit that Defendant Avid Telecom had a Business Relationship with Sipnex Telecom LLC.

114.    Admit that Defendant Avid Telecom has received Compensation from Sipnex Telecom LLC.

115.   Admit that, during the course of its Business Relationship with Sipnex Telecom LLC, Defendant Avid Telecom Transmitted calls that it received directly from Sipnex Telecom LLC.

116.   Admit that Defendant Avid Telecom had a Business Relationship with StrategicIT.

117.   Admit that Defendant Avid Telecom has received Compensation from StrategicIT.

118.   Admit that, during the course of its Business Relationship with StrategicIT, Defendant Avid Telecom Transmitted calls that it received directly from StrategicIT.

119.   Admit that Defendant Avid Telecom had a Business Relationship with TCA VoIP / Telecom Carrier Access / TeleSpan.

120.   Admit that Defendant Avid Telecom received Compensation from TCA VoIP / Telecom Carrier Access / TeleSpan.

121.   Admit that, during the course of its Business Relationship with TCA VoIP / Telecom Carrier Access / TeleSpan, Defendant Avid Telecom Transmitted calls that it received directly from TCA VoIP / Telecom Carrier Access / TeleSpan.

122.   Admit that Defendant Avid Telecom had a Business Relationship with Telcast Network / Voovertel.

123.   Admit that Defendant Avid Telecom received Compensation from Telcast Network / Voovertel.

124.    Admit that, during the course of its Business Relationship with Telcast Network / Voovertel, Defendant Avid Telecom Transmitted calls that it received directly from Telcast Network / Voovertel.

125.    Admit that Defendant Avid Telecom had a Business Relationship with Telesero / Fiducia.

126.    Admit that Defendant Avid Telecom has received Compensation from Telesero / Fiducia.

127.    Admit that, during the course of its Business Relationship with Telesero / Fiducia, Defendant Avid Telecom Transmitted calls that it received directly from Telesero / Fiducia.

128.    Admit that Defendant Avid Telecom had a Business Relationship with Tellza / Phonetime / Matchcom.

129.    Admit that Defendant Avid Telecom has received Compensation from Tellza / Phonetime / Matchcom.

130.    Admit that, during the course of its Business Relationship with Tellza / Phonetime / Matchcom, Defendant Avid Telecom Transmitted calls that it received directly from Tellza / Phonetime / Matchcom.

131.    Admit that Defendant Avid Telecom had a Business Relationship with Third Rock Telecom.

132.    Admit that Defendant Avid Telecom has received Compensation from Third Rock Telecom.

133.    Admit that, during the course of its Business Relationship with Third Rock Telecom, Defendant Avid Telecom Transmitted calls that it received directly from Third Rock Telecom.

134.    Admit that Defendant Avid Telecom had a Business Relationship with TouchTone.

135.    Admit that Defendant Avid Telecom has received Compensation from TouchTone.

136.    Admit that, during the course of its Business Relationship with TouchTone, Defendant Avid Telecom Transmitted calls that it received directly from TouchTone.

137.    Admit that Defendant Avid Telecom had a Business Relationship with Trixcom / Vibtree Technologies, LLC.

138.    Admit that Defendant Avid Telecom has received Compensation from Trixcom / Vibtree Technologies, LLC.

139.    Admit that, during the course of its Business Relationship with Trixcom / Vibtree Technologies, LLC, Defendant Avid Telecom Transmitted calls that it received directly from Trixcom / Vibtree Technologies, LLC.

140.    Admit that Defendant Avid Telecom had a Business Relationship with Urth Access, LLC.

141.    Admit that Defendant Avid Telecom has received Compensation from Urth Access, LLC.

142.    Admit that Defendant Avid Telecom received Compensation from Tracto, LLC. for service provided by Defendant Avid Telecom to Urth Access, LLC.

25

143.    Admit that Defendant Avid Telecom received Compensation from Creditum, LLC. for service provided by Defendant Avid Telecom to Urth Access, LLC.

144.    Admit that, during the course of its Business Relationship with Urth Access, LLC, Defendant Avid Telecom Transmitted calls that it received directly from Urth Access, LLC.

145.    Admit that Defendant Avid Telecom had a Business Relationship with VOIP Terminator / BL Marketing.

146.    Admit that Defendant Avid Telecom has received Compensation from VOIP Terminator / BL Marketing.

147.    Admit that, during the course of its Business Relationship with VOIP Terminator / BL Marketing, Defendant Avid Telecom Transmitted calls that it received directly from VOIP Terminator / BL Marketing.

148.    Admit that Defendant Avid Telecom had a Business Relationship with Vultik Inc.

149.    Admit that Defendant Avid Telecom has received Compensation from Vultik Inc.

150.    Admit that, during the course of its Business Relationship with Vultik Inc., Defendant Avid Telecom Transmitted calls that it received directly from Vultik Inc.

151.    Admit that Defendant Avid Telecom had a Business Relationship with Yodel Technologies / Yodel Voice.

152.    Admit that Defendant Avid Telecom has received Compensation from Yodel Technologies / Yodel Voice.

153.    Admit that Defendant Avid Telecom provided Compensation to Yodel Technologies / Yodel Voice.

154.    Admit that Defendant Avid Telecom provided Telephony Services to Yodel Technologies / Yodel Voice.

155.    Admit that Yodel Technologies / Yodel Voice was a Non-Provider Customer of Defendant Avid Telecom.

156.    Admit that, during the course of its Business Relationship with Yodel Technologies / Yodel Voice, Defendant Avid Telecom Transmitted calls that it received directly from Yodel Technologies / Yodel Voice.

157.    Admit that, during the course of its Business Relationship with Yodel Technologies / Yodel Voice, Defendant Avid Telecom Transmitted calls that it received from Yodel Technologies / Yodel Voice where no other Voice Service Providers had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

158.    Admit that, during the course of its Business Relationship with Yodel Technologies / Yodel Voice, Defendant Avid Telecom Transmitted calls directly to Yodel Technologies / Yodel Voice.

159.    Admit that Defendants Avid Telecom and Lansky were issued a civil investigative demand on August 1, 2022, by the Office of the Indiana Attorney General.

160.    Admit that Defendants Avid Telecom and Lansky did not produce any documents or answers in response to the Requests for Production and Interrogatories, respectively, set forth in the civil investigative demand issued on August 1, 2022, by the Office of the Indiana Attorney General.

161.    Admit that Defendant Avid Telecom had a Business Relationship with All Access Telecom.

162.    Admit that Defendant Avid Telecom provided Compensation to All Access Telecom.

163.    Admit that, during the course of its Business Relationship with All Access Telecom, Defendant Avid Telecom Transmitted calls directly to All Access Telecom.

164.    Admit that the files consisting of CDRs produced by All Access Telecom to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143523— satisfy Fed. R. Evid. 803(6)(A)–(C).

165.    Admit that Defendant Avid Telecom had a Business Relationship with Bandwidth.

166.    Admit that Defendant Avid Telecom provided Compensation to Bandwidth.

167.    Admit that, during the course of its Business Relationship with Bandwidth, Defendant Avid Telecom Transmitted calls directly to Bandwidth.

168.    Admit that the files consisting of CDRs produced by Bandwidth to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143524— satisfy Fed. R. Evid. 803(6)(A)–(C).

169.    Admit that Defendant Avid Telecom had a Business Relationship with Call48 - HFA Services - Skye Telecom.

170.    Admit that Defendant Avid Telecom provided Compensation to Call48 - HFA Services - Skye Telecom.

171.    Admit that, during the course of its Business Relationship with Call48 - HFA Services - Skye Telecom, Defendant Avid Telecom Transmitted calls directly to Call48 - HFA Services - Skye Telecom.

172.    Admit that the files consisting of CDRs produced by Call48 - HFA Services - Skye Telecom to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143620—satisfy Fed. R. Evid. 803(6)(A)–(C).

173.    Admit that Defendant Avid Telecom had a Business Relationship with Carrier Connect Corp.

174.    Admit that Defendant Avid Telecom provided Compensation to Carrier Connect Corp.

175.    Admit that, during the course of its Business Relationship with Carrier Connect Corp, Defendant Avid Telecom Transmitted calls directly to Carrier Connect Corp.

176.    Admit that the files consisting of CDRs produced by Carrier Connect Corp to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume

AGTF_VOL003 production and which file names are enumerated on AGTF_000143520—satisfy Fed. R. Evid. 803(6)(A)–(C).

177.    Admit that Defendant Avid Telecom had a Business Relationship with Dorial Telecom.

178.    Admit that Defendant Avid Telecom provided Compensation to Dorial Telecom.

179.    Admit that, during the course of its Business Relationship with Dorial Telecom, Defendant Avid Telecom Transmitted calls directly to Dorial Telecom.

180.    Admit that the files consisting of CDRs produced by Dorial Telecom to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143621 through AGTF_000143630—satisfy Fed. R. Evid. 803(6)(A)–(C).

181.    Admit that Defendant Avid Telecom had a Business Relationship with G4 Telecom.

182.    Admit that Defendant Avid Telecom provided Compensation to G4 Telecom.

183.    Admit that, during the course of its Business Relationship with G4 Telecom, Defendant Avid Telecom Transmitted calls directly to G4 Telecom.

184.    Admit that the files consisting of CDRs produced by G4 Telecom to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume

AGTF_VOL003 production and which file names are enumerated on AGTF_000143639—satisfy Fed. R. Evid. 803(6)(A)–(C).

185.    Admit that Defendant Avid Telecom had a Business Relationship with Inteliquent - Sinch - Neutral Tandem.

186.    Admit that Defendant Avid Telecom provided Compensation to Inteliquent – Sinch – Neutral Tandem.

187.    Admit that, during the course of its Business Relationship with Inteliquent - Sinch - Neutral Tandem, Defendant Avid Telecom Transmitted calls directly to Inteliquent - Sinch - Neutral Tandem.

188.    Admit that the files consisting of CDRs produced by Inteliquent - Sinch - Neutral Tandem to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143509 through AGTF_000143511—satisfy Fed. R. Evid. 803(6)(A)–(C).

189.    Admit that Defendant Avid Telecom had a Business Relationship with NGN Latam Corp - Datora Telecom.

190.    Admit that Defendant Avid Telecom provided Compensation to NGN Latam Corp – Datora Telecom.

191.    Admit that, during the course of its Business Relationship with NGN Latam Corp - Datora Telecom, Defendant Avid Telecom Transmitted calls directly to NGN Latam Corp - Datora Telecom.

192.   Admit that the files consisting of CDRs produced by NGN Latam Corp - Datora Telecom to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143525 through AGTF_000143544—satisfy Fed. R. Evid. 803(6)(A)–(C).

193.   Admit that Defendant Avid Telecom had a Business Relationship with Peerless Network - Airus.

194.   Admit that Defendant Avid Telecom provided Compensation to Peerless Network – Airus.

195.   Admit that, during the course of its Business Relationship with Peerless Network - Airus, Defendant Avid Telecom Transmitted calls directly to Peerless Network - Airus.

196.   Admit that the files consisting of CDRs produced by Peerless Network - Airus to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143618—satisfy Fed. R. Evid. 803(6)(A)–(C).

197.   Admit that Defendant Avid Telecom had a Business Relationship with PNG Telecomms - PowerNet Global Communications.

198.   Admit that Defendant Avid Telecom provided Compensation to PNG Telecomms – PowerNet Global Communications.

199.    Admit that, during the course of its Business Relationship with PNG Telecomms - PowerNet Global Communications, Defendant Avid Telecom Transmitted calls directly to PNG Telecomms - PowerNet Global Communications.

200.    Admit that the files consisting of CDRs produced by PNG Telecomms - PowerNet Global Communications to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143638—satisfy Fed. R. Evid. 803(6)(A)–(C).

201.    Admit that Defendant Avid Telecom had a Business Relationship with Qwality Tel.

202.    Admit that Defendant Avid Telecom provided Compensation to Qwality Tel.

203.    Admit that, during the course of its Business Relationship with Qwality Tel, Defendant Avid Telecom Transmitted calls directly to Qwality Tel.

204.    Admit that the files consisting of CDRs produced by Qwality Tel to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143519—satisfy Fed. R. Evid. 803(6)(A)–(C).

205.    Admit that Defendant Avid Telecom had a Business Relationship with Red Telecom LLC.

206.    Admit that Defendant Avid Telecom provided Compensation to Red Telecom LLC.

207.    Admit that Defendant Avid Telecom received Compensation from Red Telecom LLC.

208.    Admit that, during the course of its Business Relationship with Red Telecom LLC, Defendant Avid Telecom Transmitted calls that it received directly from Red Telecom LLC.

209.    Admit that, during the course of its Business Relationship with Red Telecom LLC, Defendant Avid Telecom Transmitted calls directly to Red Telecom LLC.

210.    Admit that the files consisting of CDRs produced by Red Telecom to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143521 through AGTF_000143522—satisfy Fed. R. Evid. 803(6)(A)–(C).

211.    Admit that Defendant Avid Telecom had a Business Relationship with RingSquared - Magna5 Telecom - NovaTel.

212.    Admit that Defendant Avid Telecom provided Compensation to RingSquared – Magna5 Telecom – NovaTel.

213.    Admit that, during the course of its Business Relationship with RingSquared - Magna5 Telecom - NovaTel, Defendant Avid Telecom Transmitted calls directly to RingSquared - Magna5 Telecom - NovaTel.

214.    Admit that the files consisting of CDRs produced by RingSquared - Magna5 Telecom - NovaTel to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to

34

Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143594 through AGTF_000143595—satisfy Fed. R. Evid. 803(6)(A)–(C).

215.    Admit that Defendant Avid Telecom had a Business Relationship with Secure Voice Corp.

216.    Admit that Defendant Avid Telecom provided Compensation to Secure Voice Corp.

217.    Admit that, during the course of its Business Relationship with Secure Voice Corp, Defendant Avid Telecom Transmitted calls directly to Secure Voice Corp.

218.    Admit that the files consisting of CDRs produced by Secure Voice Corp to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143596 through AGTF_000143617—satisfy Fed. R. Evid. 803(6)(A)–(C).

219.    Admit that Defendant Avid Telecom had a Business Relationship with Talkie Communications - Sonic Systems.

220.    Admit that Defendant Avid Telecom provided Compensation to Talkie Communications – Sonic Systems.

221.    Admit that, during the course of its Business Relationship with Talkie Communications - Sonic Systems, Defendant Avid Telecom Transmitted calls directly to Talkie Communications - Sonic Systems.

222.     Admit that the files consisting of CDRs produced by Talkie Communications - Sonic Systems to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143631 through AGTF_000143637—satisfy Fed. R. Evid. 803(6)(A)–(C).

223.     Admit that Defendant Avid Telecom had a Business Relationship with Telco Connection.

224.     Admit that Defendant Avid Telecom provided Compensation to Telco Connection.

225.     Admit that, during the course of its Business Relationship with Telco Connection, Defendant Avid Telecom Transmitted calls directly to Telco Connection.

226.     Admit that the files consisting of CDRs produced by Telco Connection to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143545 through AGTF_000143551—satisfy Fed. R. Evid. 803(6)(A)–(C).

227.     Admit that Defendant Avid Telecom had a Business Relationship with Touchtone Communications.

228.     Admit that Defendant Avid Telecom provided Compensation to Touchtone Communications.

229.    Admit that, during the course of its Business Relationship with Touchtone Communications, Defendant Avid Telecom Transmitted calls directly to Touchtone Communications.

230.    Admit that the files consisting of CDRs produced by Touchtone Communications to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143518—satisfy Fed. R. Evid. 803(6)(A)–(C).

231.    Admit that Defendant Avid Telecom had a Business Relationship with Verizon.

232.    Admit that Defendant Avid Telecom provided Compensation to Verizon.

233.    Admit that, during the course of its Business Relationship with Verizon, Defendant Avid Telecom Transmitted calls directly to Verizon.

234.    Admit that the files consisting of CDRs produced by Verizon to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143517—satisfy Fed. R. Evid. 803(6)(A)–(C).

235.    Admit that Defendant Avid Telecom had a Business Relationship with VoIP Innovations - VoIP Street.

236.    Admit that Defendant Avid Telecom provided Compensation to VoIP Innovations – VoIP Street.

237.   Admit that, during the course of its Business Relationship with VoIP Innovations - VoIP Street, Defendant Avid Telecom Transmitted calls directly to VoIP Innovations - VoIP Street.

238.   Admit that the files consisting of CDRs produced by VoIP Innovations - VoIP Street to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143619—satisfy Fed. R. Evid. 803(6)(A)–(C).

239.   Admit that Defendant Avid Telecom had a Business Relationship with Windstream.

240.   Admit that Defendant Avid Telecom provided Compensation to Windstream.

241.   Admit that, during the course of its Business Relationship with Windstream, Defendant Avid Telecom Transmitted calls directly to Windstream.

242.   Admit that the files consisting of CDRs produced by Windstream to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143513 through AGTF_000143516—satisfy Fed. R. Evid. 803(6)(A)–(C).

243.   Admit that Defendant Avid Telecom had a Business Relationship with XCast Labs.

244.   Admit that Defendant Avid Telecom provided Compensation to XCast Labs.

245.    Admit that, during the course of its Business Relationship with XCast Labs, Defendant Avid Telecom Transmitted calls directly to XCast Labs.

246.    Admit that the files consisting of CDRs produced by XCast Labs to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143512—satisfy Fed. R. Evid. 803(6)(A)–(C).

247.    Admit that Defendant Avid Telecom had a Business Relationship with John C. Spiller, II.

248.    Admit that Defendant Avid Telecom had a Business Relationship with John C. Spiller, II, while Mr. Spiller used the pseudonym Mikel Quinn.

249.    Admit that Defendant Avid Telecom received Compensation from John C. Spiller, II.

250.    Admit that Defendant Avid Telecom provided Compensation to John C. Spiller, II.

251.    Admit that Defendant Avid Telecom had a Business Relationship with JSquared Telecom LLC.

252.    Admit that Defendant Avid Telecom received Compensation from JSquared Telecom LLC.

253.    Admit that Defendant Avid Telecom provided Compensation to JSquared Telecom LLC.

254.    Admit that, during the course of its Business Relationship with JSquared Telecom LLC, Defendant Avid Telecom Transmitted calls that it received directly from JSquared Telecom LLC.

255.    Admit that Defendant Avid Telecom had a Business Relationship with Rising Eagle Capital Group LLC.

256.    Admit that Defendant Avid Telecom received Compensation from Rising Eagle Capital Group LLC.

257.    Admit that Defendant Avid Telecom provided Compensation to Rising Eagle Captial Group LLC.

258.    Admit that, during the course of its Business Relationship with Rising Eagle Capital Group LLC, Defendant Avid Telecom Transmitted calls that it received directly from Rising Eagle Capital Group LLC.

259.    Admit that Defendant Avid Telecom had a Business Relationship with Great Choice Telecom LLC.

260.    Admit that Defendant Avid Telecom received Compensation from Great Choice Telecom LLC.

261.    Admit that Defendant Avid Telecom provided Compensation to Great Choice Telecom LLC.

262.    Admit that, during the course of its Business Relationship with Great Choice Telecom LLC, Defendant Avid Telecom Transmitted calls that it received directly from Great Choice Telecom LLC.

263.    Admit that the files consisting of CDRs produced by Defendant Avid Telecom to the Plaintiff States of North Carolina and Texas during the investigation and litigation of John C. Spiller, II—which files were produced back to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143552 through AGTF_000143593—satisfy Fed. R. Evid. 803(6)(A)–(C).

264.    Admit that Defendant Avid Telecom sold, rented and/or leased DIDs to John C. Spiller, II.

265.    Admit that Defendant Avid Telecom sold, rented and/or leased DIDs to Rising Eagle Capital Group LLC.

266.    Admit that Defendant Avid Telecom sold, rented and/or leased DIDs to JSquared Telecom LLC.

267.    Admit that Defendant Avid Telecom sold, rented, and/or leased DIDs to Great Choice Telecom LLC.

268.    Admit that You sold, rented and/or leased DIDs to John C. Spiller, II.

269.    Admit that You sold, rented and/or leased DIDs to Rising Eagle Capital Group LLC.

270.    Admit that You sold, rented and/or leased DIDs to JSquared Telecom LLC.

271.    Admit that You sold, rented, and/or leased DIDs to Great Choice Telecom LLC.

272.    Admit that You knew that John C. Spiller II owned, managed, and/or operated Rising Eagle Telecom LLC.

273.    Admit that You knew that John C. Spiller II owned, managed, and/or operated JSquared Telecom LLC.

274.    Admit that You knew that John C. Spiller II owned, managed, and/or operated Great Choice Telecom LLC.

275.    Admit that, on or about June 10, 2020, You were aware of the enforcement action by the FCC against John C. Spiller, II.

276.    Admit that You never purchased a copy of the FTC's National Do Not Call Registry for any single area code.

277.    Admit that You never purchased a copy of the FTC's National Do Not Call Registry for all area codes nationwide.

278.    Admit that You, either directly or through a third-party (e.g., a third-party switch provider), have never instituted or implemented any policies or processes regarding network-level blocking for any calls Transmitted across Defendant Avid Telecom's network that were sent from calling numbers that were not assigned or recognized as valid by the North American Numbering Plan Administrator.

279.    Admit that You, either directly or through a third-party (e.g., a third-party switch provider), never instituted or implemented any policies or processes regarding mitigation practices that resulted in blocking any calls Transmitted across Defendant Avid Telecom's network that were sent from calling numbers that were not assigned or recognized as valid by the North American Numbering Plan Administrator.

280.    Admit that Defendant Lansky was the exclusive user of the email address Lansky@avidtelecom.com.

281.    Admit that Defendant Lansky was the primary, if not exclusive, user of the email address Lansky@avidtelecom.com.

282.    Admit that Defendant Lansky used the email address Lansky@avidtelecom.com for business related correspondence regarding Defendant Avid Telecom.

283.    Admit that emails produced to the Plaintiffs that were sent from, or received by, the email address Lansky@avidtelecom.com are admissible under Fed. R. Evid. 803(6).

284.    Admit that Defendant Lansky was the exclusive user of the email address Lansky@avid-telecom.com.

285.    Admit that Defendant Lansky was the primary, if not exclusive, user of the email address Lansky@avid-telecom.com.

286.    Admit that Defendant Lansky used the email address Lansky@avid-telecom.com for business related correspondence regarding Defendant Avid Telecom.

287.    Admit that emails produced to the Plaintiffs that were sent from, or received by, the email address Lansky@avid-telecom.com are admissible under Fed. R. Evid. 803(6).

288.    Admit that owners, employees, agents, independent contractors, and/or representatives entitled to act on behalf of Defendant Avid Telecom used the email address noc@avid-telecom.com.

289.    Admit that owners, employees, agents, independent contractors, and/or representatives entitled to act on behalf of Defendant Avid Telecom used the email address

noc@avid-telecom.com for business related correspondence regarding Defendant Avid Telecom.

290.    Admit that emails produced to the Plaintiffs that were sent from, or received by, the email address noc@avid-telecom.com are admissible under Fed. R. Evid. 803(6).

291.    Admit that You were the exclusive user of the email address Stacey@reeveshouse.net.

292.    Admit that You were the primary, if not exclusive, user of the email address Stacey@reeveshouse.net.

293.    Admit that You used the email address Stacey@reeveshouse.net, either in whole or in part, for business related correspondence regarding Defendant Avid Telecom.

294.    Admit that emails produced to the Plaintiffs that were sent from, or received by, the email address Stacey@reeveshouse.net are admissible under Fed. R. Evid. 803(6).

295.    Admit that You were the exclusive user of the email address Reeves@avid-telecom.com.

296.    Admit that You were the primary, if not exclusive, user of the email address Reeves@avid-telecom.com.

297.    Admit that You used the email address Reeves@avid-telecom.com for business related correspondence regarding Defendant Avid Telecom.

298.    Admit that emails produced to the Plaintiffs that were sent from, or received by, the email address Reeves@avid-telecom.com are admissible under Fed. R. Evid. 803(6).

299.   Admit that You are the primary, if not exclusive, user of the Skype user id ssreevesms.

300.   Admit that You performed services for the benefit of Defendant Avid Telecom at the direction of Defendant Lansky.

301.   Admit that You performed services for the benefit of Defendant Avid Telecom at the direction of Defendant Avid Telecom.

302.   Admit that You held yourself out to Defendant Avid Telecom's customers as the Vice President of Operations and Sales of Defendant Avid Telecom.

303.   Admit that You held yourself out to the USTelecom-led Industry Traceback Group as the Vice President of Operations and Sales of Avid Telecom.

304.   Admit that Defendant Avid Telecom had the authority to control and/or direct Your actions in the performance of any duties on behalf of Defendant Avid Telecom.

305.   Admit that You are, or were, an agent of Defendant Avid Telecom.

306.   Admit that You have, or had, the authority to act on behalf of Defendant Avid Telecom.

307.   Admit that You have received Compensation from Defendant Avid Telecom.

308.   Admit that Defendant Lansky is an agent of Defendant Avid Telecom.

309.   Admit that Defendant Lansky has authority to act on behalf of Defendant Avid Telecom.

310.   Admit that Defendant Lansky has received Compensation from Defendant Avid Telecom.

RESPECTFULLY SUBMITTED this 20th day of August 2025.

**FOR THE STATE OF ARIZONA:**

KRISTIN K. MAYES
Attorney General for the State of Arizona

/s/ John Raymond Dillon IV
JOHN RAYMOND DILLON IV
SARAH PELTON
DYLAN JONES
LAURA DILWEG
ALYSE MEISLIK
Assistant Attorneys General
*Attorneys for the State of Arizona*

**FOR THE STATE OF INDIANA:**

TODD ROKITA
Attorney General for the State of Indiana

s/ Douglas S. Swetnam
DOUGLAS S. SWETNAM
THOMAS L. MARTINDALE
Deputy Attorneys General
*Attorneys for the State of Indiana*

**FOR THE STATE OF NORTH CAROLINA:**

JEFF JACKSON
Attorney General for the State of North Carolina

/s/ Tracy Nayer
TRACY NAYER
ROCHELLE SPARKO
Special Deputy Attorneys General
*Attorneys for the State of North Carolina*

**FOR THE STATE OF OHIO:**

DAVE YOST
Attorney General for the State of Ohio

/s/ Erin B. Leahy
ERIN B. LEAHY
Senior Assistant Attorney General
*Attorney for the State of Ohio*

*Lead Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2025, I served the foregoing **PLAINTIFFS'**

**FIRST RULE 36 REQUESTS FOR ADMISSION TO STACEY S. REEVES** upon

Defendants by electronically mailing a copy of the same to their counsel of record as

follows:

Neil S. Ende
Technology Law Group, LLC
nende@tlgdc.com

Greg Taylor
Technology Law Group, LLC
gtaylor@tlgdc.com

/s/ Tracy Nayer
Special Deputy Attorney General
Counsel for the Plaintiff State of North Carolina

47

## LIST OF PLAINTIFFS' COUNSEL

John Raymond Dillon IV (AZ Bar
No. 036796)
Sarah Pelton (AZ Bar No. 039633)
Dylan Jones (AZ Bar No. 034185)
Laura Dilweg (AZ No. 036066)
Alyse Meislik (AZ No. 024052)
Assistant Attorneys General
Arizona Attorney General's Office
2005 North Central Avenue
Phoenix, AZ 85004
Phone: (602) 542-8018
Fax:   (602) 542-4377
john.dillonIV@azag.gov
sarah.pelton@azag.gov
mailto:dylan.jones@azag.gov
laura.dilweg@azag.gov
alyse.meislik@azag.gov
*Attorneys for Plaintiff State of Arizona*

Douglas S. Swetnam (IN Bar No. 15860-
49)
Thomas L. Martindale (IN Bar No. 29706-
64)
Deputy Attorneys General
Office of the Indiana Attorney General
Todd Rokita
Indiana Govt. Center South, 5th Fl.
302 W. Washington St.
Indianapolis, IN 46204-2770
Phone: (317) 232-6294 (Swetnam)
        (317) 232-7751 (Martindale)
Fax:   (317) 232-7979
douglas.swetnam@atg.in.gov
thomas.martindale@atg.in.gov
*Attorneys for Plaintiff State of Indiana*

Tracy Nayer (NC Bar No. 36964)
Rochelle Sparko (NC Bar No. 38528)
Special Deputy Attorneys General
North Carolina Department of Justice
Consumer Protection Division
P.O. Box 629
Raleigh, North Carolina 27602
Phone:   (919) 716-6000
Fax:     (919) 716-6050
tnayer@ncdoj.gov
rsparko@ncdoj.gov
*Attorneys for Plaintiff State of North
Carolina*

Erin B. Leahy (OH Bar No. 0069509)
Senior Assistant Attorney General
Office of Attorney General Dave Yost
30 East Broad Street, 14th Fl.
Columbus, OH 43215
Phone: (614) 752-4730
Fax:    (866) 768-2648
Erin.Leahy@OhioAGO.gov
*Attorney for Plaintiff State of Ohio*

***Lead Counsel for Plaintiffs***

Lindsay D. Barton (AL Bar No. 1165-G00N)
Robert D. Tambling (AL Bar No. 6026-N67R)
Assistant Attorneys General
Office of the Alabama Attorney General
501 Washington Avenue
Montgomery, Alabama 36130
Phone: (334) 353-2609 (Barton)
        (334) 242-7445 (Tambling)
Fax:    (334) 353-8400
Lindsay.Barton@AlabamaAG.gov
Robert.Tambling@AlabamaAG.gov
*Attorneys for Plaintiff State of Alabama*

Amanda Wentz (AR Bar No. 2021066)
Assistant Attorney General
Office of Attorney General Tim Griffin
101 West Capitol Avenue
Little Rock, AR 72201
Phone: (501) 682-1178
Fax:    (501) 682-8118
amanda.wentz@arkansasag.gov
*Attorney for Plaintiff State of Arkansas*

Nicklas A. Akers (CA Bar No. 211222)
Senior Assistant Attorney General
Bernard A. Eskandari (CA Bar No. 244395)
Supervising Deputy Attorney General
Timothy D. Lundgren (CA Bar No. 254596)
Rosailda Perez (CA Bar No. 284646)
Deputy Attorneys General
Office of the California Attorney General
300 S. Spring St., Suite 1702
Los Angeles, CA 90013
Phone: (415) 510-3364 (Akers)
        (213) 269-6348 (Eskandari)
        (213) 269-6355 (Lundgren)
        (213) 269-6612 (Perez)
Fax:    (916) 731-2146
nicklas.akers@doj.ca.gov
bernard.eskandari@doj.ca.gov
timothy.lundgren@doj.ca.gov
rosailda.perez@doj.ca.gov
*Attorneys for Plaintiff People of the State of California*

Michel Singer Nelson (CO Bar No. 19779)
Assistant Attorney General II
Colorado Office of the Attorney General
Ralph L. Carr Judicial Building
1300 Broadway, 10th Floor
Denver, CO 80203
Phone: (720) 508-6220
michel.singernelson@coag.gov
*Attorney for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

Brendan T. Flynn (Fed. Bar No. ct04545, CT Bar No. 419935)
Assistant Attorney General
Office of the Connecticut Attorney General William Tong
165 Capitol Avenue, Suite 4000
Hartford, CT 06106
Phone: (860) 808-5400
Fax:    (860) 808-5593
mailto:brendan.flynn@ct.gov
*Attorney for Plaintiff State of Connecticut*

Ryan Costa (DE Bar No. 5325)
Deputy Attorney General
Delaware Department of Justice
820 N. French Street, 5th Floor
Wilmington, DE 19801
Phone: (302) 683-8811
Fax:    (302) 577-6499
Ryan.costa@delaware.gov
*Attorney for Plaintiff State of Delaware*

Laura C. Beckerman (DC Bar No. 1008120)
Senior Trial Counsel
Public Advocacy Division
D.C. Office of the Attorney General
400 6th Street NW, 10th Floor
Washington, DC 20001
Phone: (202) 655-7906
Laura.Beckerman@dc.gov
*Attorney for Plaintiff District of Columbia*

Miles Vaughn (FL Bar No. 1032235)
Assistant Attorney General
Office of the Florida Attorney General
Consumer Protection Division
3507 E. Frontage Rd, Suite 325
Tampa, FL 33607
Phone: (813) 287-7950
Fax:    (813) 281-5515
miles.vaughn@myfloridalegal.com
*Attorney for Plaintiff James Uthmeier,
Attorney General of the State of Florida*

David A. Zisook (GA Bar No. 310104)
Senior Assistant Attorney General
Office of the Georgia Attorney General
40 Capitol Square SW
Atlanta, GA 30334
Phone: (404) 458-4294
Fax:    (404) 464-8212
dzisook@law.ga.gov
*Attorney for Plaintiff State of Georgia*

Christopher J.I. Leong (HI Bar No. 9662)
Deputy Attorney General
Hawaii Department of the Attorney General
425 Queen Street
Honolulu, HI 96813
Phone: (808) 586-1180
Fax:    (808) 586-1205
christopher.ji.leong@hawaii.gov
*Attorney for Plaintiff State of Hawaii*

James J. Simeri (ID Bar No. 12332)
Consumer Protection Division Chief
Idaho Attorney General's Office
P.O. Box 83720
Boise, ID 83720-0010
Phone: (208) 334-4114
james.simeri@ag.idaho.gov
*Attorney for Plaintiff State of Idaho*

Philip Heimlich (IL Bar No. 6286375)
Assistant Attorney General
Elizabeth Blackston (IL Bar No.
6228859)
Consumer Fraud Bureau Chief
Office of the Illinois Attorney General
500 S. Second Street
Springfield, IL 62791
Phone: (217) 782-4436
philip.heimlich@ilag.gov
elizabeth.blackston@ilag.gov
*Attorneys for Plaintiff People of the State
of Illinois*

Benjamin Bellus (IA Bar No.
AT0000688)
William Pearson (IA Bar No.
AT0012070)
Assistant Attorneys General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Phone: (515) 242-6536 (Bellus)
         (515) 242-6773 (Pearson)
Fax:    (515) 281-6771
Benjamin.Bellus@ag.iowa.gov
William.Pearson@ag.iowa.gov
*Attorneys for Plaintiff State of Iowa*

Nicholas C. Smith (KS Bar No. 29742)
Sarah M. Dietz (KS Bar No. 27457)
Assistant Attorneys General
Consumer Protection Section
Office of the Kansas Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, KS 66612
Phone: (785) 296-3751
Fax:    (785) 291-3699
Nicholas.Smith@ag.ks.gov
sarah.dietz@ag.ks.gov
*Attorneys for Plaintiff State of Kansas*

Jacob P. Ford (KY Bar No. 95546)
Assistant Attorney General
Office of the Attorney General,
Commonwealth of Kentucky
1024 Capital Center Drive, Ste. 200
Frankfort, KY 40601
Phone: (502) 871-2044
jacobp.ford@ky.gov
*Attorney for Plaintiff Commonwealth of
Kentucky*

ZaTabia N. Williams (LA Bar No.
36933)
Assistant Attorney General
Office of the Attorney General Liz
Murrill
1885 North Third St.
Baton Rouge, LA 70802
Phone: (225) 326-6164
Fax:    (225) 326-6499
WilliamsZ@ag.louisiana.gov
*Attorney for Plaintiff State of Louisiana*

Brendan O'Neil (ME Bar No. 009900)
Michael Devine (ME Bar No. 005048)
Assistant Attorneys General
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333
Phone: (207) 626-8800
Fax:    (207) 624-7730
brendan.oneil@maine.gov
michael.devine@maine.gov
*Attorneys for Plaintiff State of Maine*

Philip Ziperman (Fed. Bar No. 12430)
Deputy Counsel
Office of the Attorney General
200 St. Paul Place
Baltimore, MD 21202
Phone: (410) 576-6417
Fax:    (410) 576-6566
pziperman@oag.state.md.us
*Attorney for Plaintiff Maryland Office of the Attorney General*

Carol Guerrero (MA Bar No. 705419)
Assistant Attorney General
Michael N. Turi (MA Bar No. 706205)
Deputy Chief, Consumer Protection Division
Massachusetts Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Phone: (617) 963-2783
Fax:    (617) 727-5765
mailto:Carol.Guerrero@mass.gov
Michael.Turi@mass.gov
*Attorneys for Plaintiff Commonwealth of Massachusetts*

Kathy P. Fitzgerald (MI Bar No. P31454)
Michael S. Hill (MI Bar No. P73084)
Assistant Attorneys General
Michigan Department of Attorney General
Corporate Oversight Division
P.O. Box 30736
Lansing, MI 48909
Phone: (517) 335-7632
Fax:    (517) 335-6755
fitzgeraldk@michigan.gov
Hillm19@michigan.gov
*Attorneys for Plaintiff People of the State of Michigan*

Bennett Hartz (MN Bar No. 0393136)
Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1200
Saint Paul, MN 55404
Phone: (651) 757-1235
bennett.hartz@ag.state.mn.us
*Attorney for Plaintiff State of Minnesota, by its Attorney General, Keith Ellison*

James M. Rankin (MS Bar No. 102332)
Special Assistant Attorney General
Mississippi Attorney General's Office
P.O. Box 220
Jackson, MS 39205
Phone: (601) 359-4258
james.rankin@ago.ms.gov
*Attorney for Plaintiff Lynn Fitch, Attorney General State of Mississippi*

Luke Hawley (MO Bar No. 73749)
Assistant Attorney General
Office of the Missouri Attorney General
815 Olive Street, Suite 200
St. Louis, MO 63101
Phone: (314) 340-6816
Fax:    (314) 340-7891
luke.hawley@ago.mo.gov
*Attorney for Plaintiff State of Missouri, ex. rel. Andrew Bailey, Attorney General*

Brent Mead (MT Bar No. 68035000)
Deputy Solicitor General
Anna Schneider (MT Bar No. 13963)
Special Assistant Attorney General,
Senior Counsel
Montana Attorney General's Office
Office of Consumer Protection
215 North Sanders Street
P.O. Box 200151
Helena, MT 59620-0151
Phone: (406) 444-4500
Brent.mead2@mt.gov
Anna.schneider@mt.gov
*Attorneys for Plaintiff State of Montana*

Gary E. Brollier (NE Bar No. 19785)
Assistant Attorney General
Office of the Attorney General Michael
T. Hilgers
2115 State Capitol Building
Consumer Protection Division
Lincoln, NE 68509
Phone: (402) 471-1279
Fax:    (402) 471-4725
gary.brollier@nebraska.gov
*Attorney for Plaintiff State of Nebraska*

Michelle C. Badorine (NV Bar No.
13206)
Senior Deputy Attorney General
Office of the Nevada Attorney General
Bureau of Consumer Protection
100 North Carson Street
Carson City, NV 89701-4717
Phone: (775) 684-1164
Fax:    (775) 684-1299
MBadorine@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

Mary F. Stewart (NH Bar No. 10067)
Assistant Attorney General
New Hampshire Department of Justice
Office of the Attorney General
Consumer Protection and Antitrust
Bureau
1 Granite Place South
Concord, NH 03301
Phone: (603) 271-1139
Mary.F.Stewart@doj.nh.gov
*Attorney for Plaintiff State of New
Hampshire*

Jeffrey Koziar (NJ Bar No. 015131999)
Deputy Attorney General
New Jersey Office of the Attorney
General
Division of Law
124 Halsey Street
Newark, NJ 07101
Phone: (973) 648-7819
Fax:    (973) 648-4887
mailto:Jeff.koziar@law.njoag.gov
*Attorney for Plaintiff State of New Jersey*

Billy Jimenez (NM Bar No. 144627)
Assistant Attorney General
New Mexico Department of Justice
408 Galisteo St.
Santa Fe, New Mexico 87501
Phone: (505) 527-2694
Fax:    (505) 490-4883
Bjimenez@nmdoj.gov
*Attorney for Plaintiff Raúl Torrez, New
Mexico Attorney General*

Glenna Goldis (NY Bar No. 4868600)
Assistant Attorney General
Office of the New York State Attorney
General
28 Liberty Street
New York, NY 10005
Phone: (646) 856-3697
Glenna.goldis@ag.ny.gov
*Attorney for Plaintiff Office of the
Attorney General of the State of New
York*


Elin S. Alm (ND Bar No. 05924)
Christopher Glenn Lindblad (ND Bar
No. 06480)
Assistant Attorneys General
Office of North Dakota Attorney General
Consumer Protection & Antitrust
Division
1720 Burlington Drive, Suite C
Bismarck, ND 58504-7736
Phone: (701) 328-5570
Fax:    (701) 328-5568
mailto:ealm@nd.gov
clindblad@nd.gov
*Attorneys for Plaintiff State of North
Dakota*


Stephanie Powers (OK Bar No. 22892)
Assistant Attorney General
Office of the Oklahoma Attorney
General
313 N.E. 21st St.
Oklahoma City, OK 73105
Phone: (405) 522-3412
Fax:    (405) 522-0085
Stephanie.Powers@oag.ok.gov
*Attorney for Plaintiff State of Oklahoma
ex rel. Attorney General Gentner
Drummond*

Jordan M. Roberts (OR Bar No. 115010)
Senior Assistant Attorney General
Oregon Department of Justice
Consumer Protection Division
100 SW Market St.
Portland, OR 97201
Phone: (971) 673-1880
Fax:    (971) 673-1884
jordan.m.roberts@doj.oregon.gov
*Attorney for Plaintiff State of Oregon*


Mark W Wolfe (PA Bar No. 327807)
Deputy Attorney General
Pennsylvania Office of Attorney General
Strawberry Square, 15th Floor
Harrisburg, PA 17120-0001
Phone: (717) 772-3558
Fax:    (717) 705-3795
mwolfe@attorneygeneral.gov
*Attorney for Plaintiff Commonwealth of
Pennsylvania by Attorney General David
W. Sunday, Jr.*


Stephen N. Provazza (RI Bar No. 10435)
Special Assistant Attorney General
Rhode Island Office of the Attorney
General
150 S. Main Street
Providence, RI 02903
Phone: (401) 274-4400, ext. 2476
Fax:    (401) 222-1766
sprovazza@riag.ri.gov
*Attorney for Plaintiff State of Rhode
Island, by Attorney General Peter
Neronha*

Kristin Simons (SC Bar No. 74004)
Senior Assistant Attorney General
South Carolina Attorney General's
Office
P.O. Box 11549
Columbia, SC 29211-1549
Phone: (803) 734-6134
mailto:ksimons@scag.gov
*Attorney for Plaintiff State of South Carolina*

Austin C. Ostiguy (TN Bar No. 040301)
Tyler T. Corcoran (TN Bar No. 038887)
Assistant Attorneys General
Office of the Tennessee Attorney
General
P.O. Box 20207
Nashville, TN 37202
Phone: (615) 532-7271 (Ostiguy)
       (615) 770-1714 (Corcoran)
Fax:   (615) 532-2910
austin.ostiguy@ag.tn.gov
tyler.corcoran@ag.tn.gov
*Attorneys for Plaintiff State of Tennessee*

David Shatto (Fed. Bar No. 3725697; TX
Bar No. 24104114)
Assistant Attorney General
Attorney General for the State of Texas
Office of the Attorney General
P.O. Box 12548 (MC-010)
Austin, TX 78711
Phone: (512) 463-2185
Fax:   (512) 473-9125
David.Shatto@oag.texas.gov
*Attorney for Plaintiff State of Texas*

Alexandra Butler (UT Bar No. 19238)
Assistant Attorney General
Utah Attorney General's Office
160 East 300 South, 5th Floor
P.O. Box 140872
Salt Lake City, UT 84114-0872
Phone: (385) 910-5533
Fax:   (801) 366-0315
alexandrabutler@agutah.gov
*Attorney for Plaintiff Utah Division of Consumer Protection*

James Layman (VT Bar No. 5236)
Office of the Vermont Attorney General
109 State Street
Montpelier, VT 05609-1001
Phone: (802) 828-2315
Fax:   (802) 304-1014
James.Layman@vermont.gov
*Attorney for Plaintiff State of Vermont*

Geoffrey L. Ward (VA Bar No. 89818)
Senior Assistant Attorney General
Office of the Attorney General of
Virginia
202 N. Ninth St.
Richmond, VA 23219
Phone: (804) 371-0871
Fax:   (804) 786-0122
gward@oag.state.va.us
*Attorney for Plaintiff Commonwealth of Virginia, ex rel. Jason S. Miyares, Attorney General*

Zorba Leslie (WA Bar No. 58523)
Assistant Attorney General
Washington State Attorney General's
Office
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Phone: (206) 340-6787
Fax:     (206) 464-6451
zorba.leslie@atg.wa.gov
*Attorney for Plaintiff State of
Washington*

Ashley T. Wentz (WV Bar No. 13486)
Assistant Attorney General
West Virginia Attorney General's Office
Consumer Protection/Antitrust Division
P.O. Box 1789
Charleston, WV 25326
Phone: (304) 558-8986
Fax:     (304) 558-0184
Ashley.T.Wentz@wvago.gov
*Attorney for Plaintiff State of West
Virginia ex rel. John B. McCuskey,
Attorney General*

Gregory A. Myszkowski (WI Bar No.
1050022)
Assistant Attorney General
Wisconsin Department of Justice
P.O. Box 7857
Madison, WI 53707-7857
Phone: (608) 266-7656
Fax:     (608) 294-2907
gregory.myszkowski@wisdoj.gov
*Attorney for Plaintiff State of Wisconsin*

Cameron W. Geeting (WY Bar No.
7-5338)
Senior Assistant Attorney General
Consumer Protection and Antitrust Unit
Wyoming Office of the Attorney General
2320 Capitol Avenue
Cheyenne, Wyoming 82002
Phone: (307) 777-3795
cameron.geeting1@wyo.gov
*Attorney for Plaintiff State of Wyoming*

# Exhibit B

**Pelton, Sarah**

| | |
|---|---|
| **From:** | Neil Ende <nende@tlgdc.com> |
| **Sent:** | Friday, September 19, 2025 10:29 AM |
| **To:** | Nayer, Tracy; Greg Taylor |
| **Cc:** | Douglas Swetnam (IN AG) (douglas.swetnam@atg.in.gov); Emily Dietz (OH AG) (Emily.Dietz@OhioAGO.gov); Erin Leahy (OH AG) (erin.leahy@ohioago.gov); Dillon IV, John; Pelton, Sarah; Sparko, Rochelle; Thomas Martindale (IN AG) (Thomas.Martindale@atg.in.gov) |
| **Subject:** | Re: [AZ v. Avid Telecom] RFA response extension request |

Thank you!

Neil S. Ende, Esq.
Managing Partner
Technology Law Group, LLC
*nende@tlgdc.com*
202-895-1707 (Office)
202-256-0120 (Mobile)
703-229-6741 PIN 854# (Voice Conference Bridge)

---

**From:** Nayer, Tracy <Tnayer@ncdoj.gov>
**Date:** Friday, September 19, 2025 at 10:53 AM
**To:** Greg Taylor <gtaylor@telecomlawattorney.com>, Neil Ende <nende@tlgdc.com>
**Cc:** Douglas Swetnam (IN AG) (douglas.swetnam@atg.in.gov) <douglas.swetnam@atg.in.gov>, Emily Dietz (OH AG) (Emily.Dietz@OhioAGO.gov) <Emily.Dietz@OhioAGO.gov>, Erin Leahy (OH AG) (erin.leahy@ohioago.gov) <erin.leahy@ohioago.gov>, John Dillon (AZ AG) (John.DillonIV@azag.gov) <John.DillonIV@azag.gov>, Sarah.Pelton@azag.gov <Sarah.Pelton@azag.gov>, Sparko, Rochelle <rsparko@NCDOJ.GOV>, Thomas Martindale (IN AG) (Thomas.Martindale@atg.in.gov) <Thomas.Martindale@atg.in.gov>
**Subject:** RE: [AZ v. Avid Telecom] RFA response extension request

Thank you for reaching out, Greg. Plaintiffs have no objection to your request to serve responses to the RFAs issued to Defendant Avid Telecom, Defendant Reeves, and Defendant Lansky all on/before Tuesday, September 23, 2025.

Have a good weekend,
Tracy



**Tracy Nayer**
Special Deputy Attorney General
Consumer Protection Division
North Carolina Department of Justice
(919) 716-6581

tnayer@ncdoj.gov
Post Office Box 629, Raleigh, NC 27602
114 West Edenton Street, Raleigh, NC 27603
https://ncdoj.gov/

Please note messages to or from this address may be public records.

---

**From:** Greg Taylor <gtaylor@telecomlawattorney.com>
**Sent:** Friday, September 19, 2025 10:38 AM
**To:** Nayer, Tracy <Tnayer@ncdoj.gov>; Neil Ende <nende@tlgdc.com>; Erin Leahy <erin.leahy@OhioAGO.gov>; Dillon IV, John <John.DillonIV@azag.gov>
**Cc:** Martindale Thomas L <Thomas.Martindale@atg.in.gov>; Swetnam Douglas <douglas.swetnam@atg.in.gov>; Singer Nelson Michel <michel.singernelson@coag.gov>; Sparko, Rochelle <rsparko@NCDOJ.GOV>; Dilweg, Laura <Laura.Dilweg@azag.gov>; Pelton, Sarah <Sarah.Pelton@azag.gov>; Meislik, Alyse <Alyse.Meislik@azag.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Trombley, Nikki <Nikki.Trombley@azag.gov>; Neil Ende <nende@tlgdc.com>; Greg Taylor <gtaylor@tlgdc.com>
**Subject:** FW: [AZ v. Avid Telecom] RFA response extension request

**EXTERNAL SENDER:** This email originated from outside the organization. Do not click on links or open attachments unless you can validate the sender and the contents are safe.

Please see below.

---

**From:** Greg Taylor <gtaylor@telecomlawattorney.com>
**Date:** Friday, September 19, 2025 at 9:33 AM
**To:** "Nayer, Tracy" <Tnayer@ncdoj.gov>
**Cc:** Neil Ende <nende@tlgdc.com>
**Subject:** [AZ v. Avid Telecom] RFA response extension request

Tracy:

The responses to the RFAs you served 8.20 are due today.  We are working on the approx. 750 RFAs but have some work left before we can finalize.  We are requesting an extension until Tuesday, Sep. 23rd to provide responses from Defendants.

Because of the late hour, we ask respectfully that you let us know if you can agree to the extension at your earliest opportunity.

Best,
--
GLT

Greg Taylor, Telecom Law Attorney, PLLC
80 E. Fifth St. | Second Floor | Edmond, OK 73034
T: +1 405.896.2266 | F: +1 405.701.6174
gtaylor@telecomlawattorney.com | Linkedin: Greg Taylor | Twitter: @telcoatty






THE INFORMATION CONTAINED IN THIS TRANSMISSION IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED.  IF YOU ARE NOT THE INTENDED RECIPIENT OR AN AGENT OF THE RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY VIA EMAIL OR BY TELEPHONE AT (405) 896-2266 AND THEN DESTROY ALL COPIES OF THIS EMAIL.

# Exhibit C

**Pelton, Sarah**

| | |
|---|---|
| **From:** | Greg Taylor <gtaylor@tlgdc.com> |
| **Sent:** | Wednesday, September 24, 2025 1:47 AM |
| **To:** | Nayer, Tracy |
| **Cc:** | Meislik, Alyse; Douglas Swetnam (IN AG) (douglas.swetnam@atg.in.gov); Jones, Dylan; Emily Dietz (OH AG) (Emily.Dietz@OhioAGO.gov); Erin Leahy (OH AG) (erin.leahy@ohioago.gov); Erin Leahy; Dillon IV, John; Laura Dilweg (AZ AG) (Laura.Dilweg@azag.gov); Neil Ende; Pelton, Sarah; Sparko, Rochelle; Thomas Martindale (IN AG) (Thomas.Martindale@atg.in.gov) |
| **Subject:** | [AZ v. Avid Telecom] Defendants' RFA Responses |
| **Attachments:** | Reeves RFA Responses (Final).pdf; RFA of Lanksy(Final).pdf; RFA of Avid(Final).pdf |

Tracy:

Please find Defendants' Responses to Plaintiffs' First Requests for Admissions attached.

Best,

Greg Taylor, of Counsel
Technology Law Group, LLC
80 E. Fifth St. | Second Floor | Edmond, OK 73034
T: +1 405.896.2266 | F: +1 405.701.6174
gtaylor@tlgdc.com | Linkedin: Greg Taylor | Twitter: @telcoatty






# Exhibit D

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, ex rel. Kristin K. Mayes<br>Attorney General et al.<br><br>    Plaintiffs<br><br>v.<br><br>Michael D. Lansky, LLC, dba<br>Avid Telecom, an Arizona<br>Limited Liability Company;<br><br>Michel D. Lansky, individually<br>As a Member/Manager/Chief<br>Executive Officer of Michael D.<br>Avid, LLC dba Avid Telecom;<br>and<br><br>Stacey S. Reeves, individually as<br>a Manager/Vice President of<br>Michael D. Lansky LLC dba<br>Avid Telecom<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 4:23-cv-00233<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **RESPONSE OF DEFENDANT-AVID TELECOM TO PLAINTIFFS' FIRST RULE 36**

## **REQUESTS FOR ADMISSION**

Pursuant to Federal Rules of Civil Procedure 36, Defendants, by and through the undersigned attorneys, hereby respond to the First Rule 36 Requests for Admission ("Requests") to Defendant Avid Telecom.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

### General Objections

Avid objects generally to Plaintiffs' Requests for Admission ("RFAs") to the extent they are vague, ambiguous, overbroad, unduly burdensome, disproportionate to the needs of the case, compound, assume disputed facts, call for legal conclusions, or lack a reasonable temporal limitation.

Avid also objects to the extent any RFA seeks information protected by the attorney-client privilege, common-interest doctrine, or attorney work-product doctrine, or seeks confidential/proprietary information of third parties.

Avid also objects to any definitions, instructions, or assumptions that purport to impose obligations beyond or inconsistent with the Federal Rules of Civil Procedure, including Rules 26, 33, and 36.  Notwithstanding the content of any Response, Avid does not adopt Plaintiffs' definitions to the extent they are inconsistent with fact, contextually irrelevant an/or they are contrary to governing law.

Avid responds only in its individual capacity, based on information reasonably available to him after a reasonable inquiry. By providing a Response, Avid does not concede that the Response is relevant or admissible.

All objections are expressly preserved and incorporated into each Response below. Avid reserves the right to supplement or amend these Responses as permitted by Rule 26(e).

Subject to and without waiving the foregoing General Objections, Avid answers the RFAs below based on information presently known and reasonably available to him after a reasonable inquiry. These Responses are made primarily for purposes of this litigation and are not admissions for any other purpose. Avid reserves the right to assert additional objections, to amend or supplement these Responses as permitted by Fed. R. Civ. P. 26(e), 33, and 36, and to withhold privileged information.

## **RESPONSES**

1.    Admit that Defendant Avid Telecom provides, or has provided, Interconnected VoIP Services.

*Specific Objections to RFA No. 1: Avid objects to this request as irrelevant to the issues in this case, as written, and unlikely to lead to the discovery of relevant evidence. Avid objects that this Request to the extent that the Request calls for a legal conclusion based on specialized definitions of "Interconnected VoIP Services," to which he does not agree. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*
*:*

**Response:   After a reasonable inquiry, the information known or readily obtainable by Avid is not sufficient to respond to this Request.**

2.    Admit that Defendant Avid Telecom provides, or has provided, Non-Interconnected VoIP Services.

*Specific Objections to RFA No. 2: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid objects that this Request to the extent that the Request calls for a legal conclusion based on specialized definitions of "Non-Interconnected VoIP Services" to which he does not agree. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response:   After a reasonable inquiry, the information known or readily obtainable by Avid is not sufficient to respond to this Request.**

3.    Admit that Defendant Avid Telecom provides, or has provided, VoIP Services to its Upstream Provider customers.

*Specific Objections to RFA No. 3: Avid objects to this request as irrelevant to the issues in this case, as written and unlikely to lead to the discovery of relevant evidence. Avid objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions of "Upstream Provider" to which he does not agree. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response:   Subject to and without waiving the General Objections and the Specific Objections stated above** *Avid* **admits that to the best of its current recollection, knowledge and belief, its understanding that Avid Telecom provided VoIP Service to its Upstream Provider customers, pursuant to the terms of an agreement that, among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

4.    Admit that Defendant Avid Telecom provides, or has provided, Telephony Services to its Upstream Provider customers.

Specific Objections to RFA No. 4: *Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions of "Telephony Services" and "Upstream Provider" to which he does not agree. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above** *Avid* **admits that to the best of its current recollection, knowledge and belief, it is its understanding that Avid Telecom provided Telephony Service to its Upstream Provider customers, pursuant to the terms of an agreement that, among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

5.    Admit that Defendant Avid Telecom purchases, or has purchased, VoIP Services from its Downstream Provider customers.

*Specific Objections to RFA No. 5: Avid objects to this request as irrelevant to the issues in this*

*case as written and unlikely to lead to the discovery of relevant evidence. Avid objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions of "VoIP Services" and "Downstream Provider" to which he does not agree. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that to the best of its current recollection, knowledge and belief, it is its understanding that Avid Telecom has purchased VoIP Service from its Downstream Provider customers, pursuant to the terms of an agreement that, among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

6.    Admit that Defendant Avid Telecom purchases, or has purchased, Telephony

Services from its Downstream Provider customers.

*Specific Objections to RFA No. 6: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions of "Telephony Services" and "Downstream Provider" to which he does not agree. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Avid is not sufficient to respond to this Request.**

7.    Admit that Defendant Avid Telecom specializes in the delivery of automated

calls for its customers.

*Specific Objections to RFA No. 7: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid objects that this Request is vague and ambiguous (including as to the term "specializes") and argumentative to which he does not agree. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* denies that to the best of its current recollection, knowledge and belief, it is its understanding that Avid Telecom never "specialized" in the delivery of automated calls for its customers (a term which is also not defined).**

8.    Admit that Defendant Avid Telecom indicated in its Universal Service Fund filings with the FCC that it conducted its business in all U.S. states and territories.

*Specific Objections to RFA No. 8: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid objects that this Request is vague and ambiguous (including as to the term "indicated" and "Conducted its business") and argumentative to which he does not agree. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, *Avid* denies that, to the best of its current recollection, knowledge and belief, it is its understanding that Avid Telecom never "indicated" in in its Universal Service Fund filings with FCC that it conducted its business in all U.S(a term which is also not defined).**

9.    Admit that Defendant Avid Telecom has Transmitted calls into, and across, the U.S. Voice Service network.

*Specific Objections to RFA No. 9: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid objects that this Request is vague and ambiguous. Specifically, Avid objects to the suggestion that Avid Telecom Transmitted calls "into" the U.S. Voice Service network as a false premise as all calls that Avid Telecom allegedly Transmitted were already "in" the U.S. Voice Service network. As such, Avid's Response does not address this false premise. Avid also objects to this Request as the term "U.S. Voice Service network" is not defined and is not a term generally used in the telecom industry (i.e., there is not a single U.S. Voice Service network to which he does not agree. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that to the best of its current recollection, knowledge and belief, it is its understanding Avid Telecom has Transmitted calls into, and across, the U.S. Voice Service network, pursuant to the terms of an agreement that, among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls**

10.    Admit that You, either directly or through a third-party (e.g., a third-party switch provider), have never instituted or implemented any policies or processes regarding network-level

blocking on Defendant Avid Telecom's network for one or more U.S.-based area codes from North American Numbering Plan numbers that would prevent Defendant Avid Telecom from Transmitting calls to called numbers with such area codes.

*Specific Objections to RFA No. 10: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request, which is compound (e.g., "instituted or implemented," "policies or processes," "directly or through a third-party"), vague, and overbroad as to time (using "never"). Avid also objects to this Request as the term "third party switch provider" is not defined with sufficient specificity to permit a proper response. Avid also objects to this Request to the extent it calls for the disclosure of attorney-client communications or attorney work product regarding blocking issues to which he does not agree. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that to the best of its current recollection, knowledge and belief, it is its understanding Avid Telecom has Transmitted calls into, and across, the U.S. Voice Service network, pursuant to the terms of an agreement that, among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls**

11.    Admit that You, either directly or through a third-party (e.g., a third-party switch provider), have never instituted or implemented any policies or processes regarding network-level blocking on Defendant Avid Telecom's network for all U.S.-based area codes from North American Numbering Plan numbers assigned to any one of the Plaintiff States that would prevent Defendant Avid Telecom from Transmitting calls to called numbers for all area codes assigned to that state.

*Specific Objections to RFA No. 11: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request is compound, vague, and overbroad as to time (using "never"). Avid also objects to this Request to the extent that it is premised on the unproven and likely false assumption that Avid Telecom transited calls to "all U.S.-based area codes". Avid further objects to the extent the Request calls for disclosure of privileged attorney-client communications or attorney work product concerning blocking policies to which he does not agree. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, *Avid* denies that, to the best of its current recollection, knowledge and belief, it is its understanding that Avid has never either directly or through a third-party (e.g., a third-party switch provider), have ever instituted or implemented any policies or processes regarding network-level blocking on Defendant Avid Telecom's network for all U.S.-based area codes from North American Numbering Plan numbers assigned to any one of the Plaintiff States that would prevent Defendant Avid Telecom from Transmitting calls to called numbers for all area codes assigned to that state.**

12. Admit that, as an Interconnected VoIP Service provider, Defendant Avid Telecom used broadband internet technology to Transmit calls for its Upstream Provider customers.

*Specific Objections to RFA No. 12: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request of the basis to this Request as it assumes, without basis, that Avid Telecom was an "Interconnected VoIP Service" provider. Avid also objects to this Request as the term "broadband internet technology" is not defined with sufficient specificity to permit a proper response to which he does not agree. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Avid is not sufficient to respond to this Request.**

13.    Admit that, as a Non-Interconnected VoIP Service provider, Defendant Avid Telecom used broadband internet technology to Transmit calls for its Upstream Provider customers.

*Specific Objections to RFA No. 13: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request of the basis to this Request as it assumes, without basis, that Avid Telecom was an "Non-Interconnected VoIP Service" provider and that assumption is directly contrary to the assumption in the previous Request that Avid Telecom was an "Interconnected VoIP Service provider." Avid also objects to this Request as the term "broadband internet technology" is not defined with sufficient specificity to permit a proper response to which he does not agree. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Avid is not sufficient to respond to this Request.**

14.    Admit that Defendant Avid Telecom was issued at least 329 Traceback notifications from the USTelecom-led Industry Traceback Group.

*Specific Objections to RFA No. 14: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request is vague and ambiguous as to time and as to the phrase "at least 329," and as to whom "issued" refers (e.g., to Avid Telecom, to a specific person, or to a general inbox). Avid also objects that this Request on the basis that the term "Tracebacks notifications" is not a term with which he is familiar, nor is it commonly used in the telecom industry, to which he does not agree. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, *Avid* denies that, to the best of its current recollection, knowledge and belief, it is its understanding that Avid has never either directly or through a third-party (e.g., a third-party switch provider), have ever instituted or implemented any policies or processes regarding network-level blocking on Defendant Avid Telecom's network for all U.S.-based area codes from North American Numbering Plan numbers assigned to any one of the Plaintiff States that would prevent Defendant Avid Telecom from Transmitting calls to called numbers for all area codes assigned to that state.**

15.    Admit that at least a portion of the audio recordings of prerecorded or artificial voice messages associated with Traceback requests received by Defendant Avid Telecom from the USTelecom-led Industry Traceback Group were obtained from the voicemail services of YouMail subscribers.

*Specific Objections to RFA No. 15: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request on the basis to this Request as vague and ambiguous (e.g., "at least a portion"). Avid objects to this Request because the allegation regarding YouMail lacks foundation and would require Avid to speculate regarding the third-party sources (including YouMail) of certain unidentified audio recordings that have never been provided to him. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Avid is not sufficient to respond to this Request.**

16.    Admit that at least a portion of the calls referenced in Tracebacks related to Defendant Avid Telecom call traffic were prerecorded or artificial voice messages.

*Specific Objections to RFA No. 16: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request of the basis to this Request as vague and ambiguous as the term "at least a portion" is not defined with sufficient specificity to permit a proper response. Avid objects to this Request as vague and ambiguous as the term "related to Avid Telecom call traffic" is not defined with sufficient specificity to permit a proper response, including whether that term is intended to refer only to Tracebacks sent to Avid Telecom (as referenced in the previous Request) or some other set of Tracebacks.   Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Avid is not sufficient to respond to this Request.**

17.    Admit that at least a portion of the calls referenced in Tracebacks related to Defendant Avid Telecom call traffic were delivered to voicemail mailboxes.

*Specific Objections to RFA No. 17: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request on the basis to this Request as vague and ambiguous as the term "at least a portion" is not defined with sufficient specificity to permit a proper response. Avid objects to this Request as vague and ambiguous, as the term "related to Avid Telecom call traffic" is not defined with sufficient specificity to permit a proper response, including whether that term is intended to refer only to Tracebacks sent to Avid Telecom (as referenced in the previous Request) or some other set of Tracebacks. Avid objects to this Request as vague and ambiguous as the term "voice mailboxes" is not defined with sufficient specificity to permit a proper response, including whether that term is intended to refer only to YouMail electronic "voice mailboxes" or to traditional stand-alone home voice mailboxes. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Avid is not sufficient to respond to this Request.**

18.    Admit that a CDR was generated for every call that was Transmitted over Defendant Avid Telecom's network.

*Specific Objections to RFA No. 18: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request is overbroad and unduly burdensome to the extent it seeks an unqualified admission about "every call". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, *Avid* denies that, to the best of its current recollection, knowledge and belief, it is its understanding that Avid has never either directly or through a third-party (e.g., a third-party switch provider), have ever instituted or implemented any policies or processes regarding network-level blocking on Defendant Avid Telecom's network for all U.S.-based area codes from North American Numbering Plan numbers assigned to any one of the Plaintiff States that would prevent Defendant Avid Telecom from Transmitting calls to called numbers for all area codes assigned to that state.**

19.    Admit that Defendant Avid Telecom used CDRs to bill for services it provided to its Upstream Provider customers.

*Specific Objections to RFA No. 19: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also*

*objects to this request is overbroad and unduly burdensome to the extent it seeks an unqualified admission about "every call". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, *Avid* denies that, to the best of its current recollection, knowledge and belief, it is its understanding that Avid has never either directly or through a third-party (e.g., a third-party switch provider), have ever instituted or implemented any policies or processes regarding network-level blocking on Defendant Avid Telecom's network for all U.S.-based area codes from North American Numbering Plan numbers assigned to any one of the Plaintiff States that would prevent Defendant Avid Telecom from Transmitting calls to called numbers for all area codes assigned to that state.**

20.     Admit that Defendant Avid Telecom Transmitted calls across its network where no other Voice Service Providers had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

*Specific Objections to RFA No. 20: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request as vague, overbroad and unduly burdensome to the extent that it is unclear which calls are at issue. Avid objects that this Request to the extent that it assumes without foundation that Avid Telecom has a "network" and that Avid Telecom transmits calls "across its network" and that it "accepted" calls on that network.  Avid also objects to this Request to the extent that it requires him to agree to the definition of Voice Service Provider that differs from its understanding of that term.  Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Avid is not sufficient to respond to this Request.**

21.     Admit that Defendant Avid Telecom offered rates for its outbound Voice Service that differed based on call duration.

*Specific Objections to RFA No. 21: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request to the extent that it assumes without foundation that Avid Telecom had a single "Outbound Voice Service". Avid also objects to this Request to the extent that it requires him to agree to the definition of Voice Service that differs from its understanding of that term.  Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that to the best of its current recollection, knowledge and belief, it is its understanding Avid Telecom offered rates for its outbound Voice Service that differed based on call duration, pursuant to the terms of an agreement that, among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

22.    Admit that Defendant Avid Telecom offered a Voice Service product that was intended to Transmit only Short Duration Call traffic.

*Specific Objections to RFA No. 22: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request  to the extent that it requires him to agree to the definition of Voice Service product that differs from its understanding of that term.  Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that to the best of its current recollection, knowledge and belief, it is its understanding Avid Telecom offered a Voice Service product that was intended to transmit only Short Duration Call traffic, pursuant to the terms of an agreement that, among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

23.    Admit that Defendant Avid Telecom had a Business Relationship with Boomsourcing, LLC.

*Specific Objections to RFA No. 23: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request is vague and ambiguous as to the term "Business Relationship".  Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that to the best of its current recollection, knowledge and belief, it is its understanding Avid Telecom had a Business Relationship with**

**Boomsourcing, LLC, pursuant to the terms of an agreement that, among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

24.    Admit that Defendant Avid Telecom has received Compensation from Boomsourcing, LLC.

*Specific Objections to RFA No. 24: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that to the best of its current recollection, knowledge and belief, it is its understanding Avid Telecom has received compensation from Boomsourcing, LLC, pursuant to the terms of an agreement that, among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

25.    Admit that Defendant Avid Telecom has received Compensation from Mercury for services that Defendant Avid Telecom provided to Boomsourcing, LLC.

*Specific Objections to RFA No. 25: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Avid is not sufficient to respond to this Request.**

26.    Admit that Defendant Avid Telecom provided Compensation to Boomsourcing, LLC.

*Specific Objections to RFA No. 26: Avid objects to this request as irrelevant to the issues in*

*this case as written, and unlikely to lead to the discovery of relevant evidence. Avid objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was provided. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Avid is not sufficient to respond to this Request.**

27.    Admit that Defendant Avid Telecom provided Telephony Services to Boomsourcing, LLC.

*Specific Objections to RFA No. 27: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Telephony Services") to which he does not agree. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that to the best of its current recollection, knowledge and belief, it is its understanding Avid Telecom provided Telephony Services to Boomsourcing, LLC, pursuant to the terms of an agreement that, among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

28.    Admit that Boomsourcing, LLC was a Non-Provider Customer of Defendant Avid Telecom.

*Specific Objections to RFA No. 28: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Non-Provider Customer") to which she does not agree. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Avid denies that, to the best of its current recollection, knowledge and belief, the allegation Boomsourcing, LLC was a Non-Provider Customer of Defendant Avid Telecom.**

29.    Admit that, during the course of its Business Relationship with Boomsourcing, LLC, Defendant Avid Telecom Transmitted calls that it received directly from Boomsourcing, LLC.

*Specific Objections to RFA No. 29: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that to the best of its current recollection, knowledge and belief, it is its understanding during  the course of its Business Relationship with Boomsourcing, LLC, Avid Telecom Transmitted calls that it received directly from Boomsourcing, LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

30.    Admit that, during the course of its Business Relationship with Boomsourcing, LLC, Defendant Avid Telecom Transmitted calls that it received from Boomsourcing, LLC where no other Voice Service Providers had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

*Specific Objections to RFA No. 30: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request is vague and ambiguous as to the term "Business Relationship". Avid also objects to this request to the extent that it requires him to respond based on a definition of "Voice Service Provider" to which he does not agree.   Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Avid is not sufficient to respond to this Request.**

31.     Admit that, during the course of its Business Relationship with Boomsourcing, LLC, Defendant Avid Telecom Transmitted calls directly to Boomsourcing, LLC.

*Specific Objections to RFA No. 31: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Avid denies that, to the best of its current recollection, knowledge and belief, the allegation during the course of its Business Relationship with Boomsourcing, LLC, Avid Telecom transmitted calls directly to Boomsourcing, LLC.**

32.     Admit that Defendant Avid Telecom had a Business Relationship with Glass Roots Marketing.

*Specific Objections to RFA No. 32: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that to the best of its current recollection, knowledge and belief, it is its understanding that Avid Telecom had a Business Relationship with Glass Roots Marketing, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

33.     Admit that Defendant Avid Telecom has received Compensation from Glass Roots Marketing.

*Specific Objections to RFA No. 33: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as vague and ambiguous to the extent that it does not set forth the*

*context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that Avid Telecom has received Compensation from Glass Roots Marketing, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

34.    Admit that Defendant Avid Telecom provided Compensation to Glass Roots

Marketing.

*Specific Objections to RFA No. 34: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was provided. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Avid denies that, to the best of its current recollection, knowledge and belief, the allegation Avid Telecom has provided Compensation to Glass Roots Marketing.**

35.    Admit that Defendant Avid Telecom provided Telephony Services to Glass

Roots Marketing.

*Specific Objections to RFA No. 35: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Telephony Services") to which he does not agree. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that to the best of its current recollection, knowledge and belief, it is its understanding that Avid Telecom provided Telephony Services to Glass Roots Marketing, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically**

**including without limitation, all state and federal regulations governing robocalls.**

36.    Admit that Glass Roots Marketing was a Non-Provider Customer of Defendant Avid Telecom.

*Specific Objections to RFA No. 36: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Non-Provider Customer") to which he does not agree. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Avid denies that, to the best of its current recollection, knowledge, and belief, the allegation that Glass Roots Marketing was a Non-Provider Customer of Avid Telecom.**

37.    Admit that, during the course of its Business Relationship with Glass Roots Marketing, Defendant Avid Telecom Transmitted calls that it received directly from Glass Roots Marketing.

*Specific Objections to RFA No. 37: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that to the best of its current recollection, knowledge and belief, it is its understanding that during the course of its Business Relationship with Glass Roots Marketing, Avid Telecom Transmitted calls that it received directly from Glass Roots Marketing, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

38.    Admit that, during the course of its Business Relationship with Glass Roots Marketing, Defendant Avid Telecom Transmitted calls that it received from Glass Roots

Marketing where no other Voice Service Providers had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

*Specific Objections to RFA No. 38: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request is vague and ambiguous as to the term "Business Relationship". Avid also objects to this request to the extent that it requires him to respond based on a definition of "Voice Service Provider" to which he does not agree. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response:**

39.    Admit that, during the course of its Business Relationship with Glass Roots Marketing, Defendant Avid Telecom Transmitted calls directly to Glass Roots Marketing.

*Specific Objections to RFA No. 39: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Avid denies that, to the best of its current recollection, knowledge, and belief, the allegation during the course of its Business Relationship with Glass Roots Marketing, Avid Telecom Transmitted calls directly to Glass Roots Marketing.**

40.    Admit that Defendant Avid Telecom had a Business Relationship with Zealous Services, Inc.

*Specific Objections to RFA No. 40: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that to the best of its current recollection, knowledge and belief, it is its understanding that  Avid Telecom had a Business Relationship with Zealous Services, Inc, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they**

**sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

41.    Admit that Defendant Avid Telecom has received Compensation from

Zealous Services, Inc.

*Specific Objections to RFA No. 41: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that to the best of its current recollection, knowledge and belief, it is its understanding that  Avid Telecom has received Compensation from Zealous Services, Inc, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

42.    Admit that Defendant Avid Telecom provided Compensation to Zealous

Services, Inc.

*Specific Objections to RFA No. 42: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was provided. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Avid denies that, to the best of its current recollection, knowledge, and belief, the allegation Avid Telecom provided compensation to Zealous Services. Inc.**

43.    Admit that Defendant Avid Telecom provided Telephony Services to

Zealous Services, Inc.

*Specific Objections to RFA No. 43: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Avid also*

21

*objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Telephony Services") to which he does not agree. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that to the best of its current recollection, knowledge and belief, it is its understanding that Avid Telecom provided Telephony Services to Zealous Services, Inc, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

44.    Admit that Zealous Services, Inc. was a Non-Provider Customer of Defendant Avid Telecom.

*Specific Objections to RFA No. 44: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Non-Provider Customer") to which he does not agree. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Avid denies that, to the best of its current recollection, knowledge, and belief, the allegation that Zealous Services, Inc. was a Non-Provider Customer of Avid Telecom**

45.    Admit that, during the course of its Business Relationship with Zealous Services, Inc., Defendant Avid Telecom Transmitted calls that it received directly from Zealous Services, Inc.

*Specific Objections to RFA No. 45: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific**

**Objections stated above *Avid* admits that to the best of its current recollection, knowledge and belief, it is its understanding that during the course of its Business Relationship with Zealous Services, Inc., Avid Telecom Transmitted calls that it received directly from Zealous Services, Inc, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

46.    Admit that, during the course of its Business Relationship with Zealous Services, Inc., Defendant Avid Telecom Transmitted calls that it received from Zealous Services, Inc. where no other Voice Service Providers had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

*Specific Objections to RFA No. 46: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request is vague and ambiguous as to the term "Business Relationship". Avid also objects to this request to the extent that it requires him to respond based on a definition of "Voice Service Provider" to which he does not agree. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Avid is not sufficient to respond to this Request.**

47.    Admit that, during the course of its Business Relationship with Zealous Services, Inc., Defendant Avid Telecom Transmitted calls directly to Zealous Services, Inc.

*Specific Objections to RFA No. 47: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request is vague and ambiguous as to the term "Business Relationship". Avid also objects to this request to the extent that it requires him to respond based on a definition of "Voice Service Provider" to which he does not agree. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Avid denies that, to the best of its current recollection, knowledge, and belief, the allegation during the course of its Business Relationship with Zealous Services, Inc., Avid Telecom Transmitted calls directly to Zealous**

Services, Inc.

48.    Admit that Defendant Avid Telecom had a Business Relationship with SipNav.

*Specific Objections to RFA No. 48: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that to the best of its current recollection, knowledge and belief, it is its understanding that during the course of its Business Relationship with Zealous Services, Inc., Avid Telecom had a Business Relationship with SipNav, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

49.    Admit that Defendant Avid Telecom provided Compensation to SipNav.

*Specific Objections to RFA No. 49: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was provided. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that to the best of its current recollection, knowledge and belief, it is its understanding that Avid Telecom provided Compensation to SipNav, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

50.    Admit that Defendant Avid Telecom had a Business Relationship with Dean Hansen.

*Specific Objections to RFA No. 50: Avid objects to this request as irrelevant to the issues*

*in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above** *Avid* **admits that to the best of its current recollection, knowledge and belief, it is its understanding that Avid Telecom had a Business Relationship with Dean Hansen, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

51.    Admit that Defendant Avid Telecom has received Compensation from Dean

Hansen.

*Specific Objections to RFA No. 51: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Avid denies that, to the best of its current recollection, knowledge, and belief, the allegation Avid Telecom has received Compensation from Deam Hansen.**

52.    Admit that Defendant Avid Telecom provided Compensation to Dean

Hansen.

*Specific Objections to RFA No. 52: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was provided. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above** *Avid* **admits that to the best of its current recollection, knowledge and belief, it is its understanding that Avid Telecom provided Compensation to Dean Hansen, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

53.    Admit that Defendant Avid Telecom had a Business Relationship with Scott Presta.

*Specific Objections to RFA No. 53: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Avid denies that, to the best of its current recollection, knowledge, and belief, the allegation Avid Telecom had a business relationship with Scott Presta.**

54.    Admit that Defendant Avid Telecom provided Compensation to Scott Presta.

*Specific Objections to RFA No. 54: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was provided. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Avid denies that, to the best of its current recollection, knowledge, and belief, the allegation Avid Telecom provided Compensation to Scott Presta**

55.    Admit that Defendant Avid Telecom had a Business Relationship with

Airespring.

*Specific Objections to RFA No. 55: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that to the best of its current recollection, knowledge and belief, it is its understanding that Avid Telecom had a Business relationship with Airespring, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid**

**Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

56.    Admit that Defendant Avid Telecom has received Compensation from Airespring.

*Specific Objections to RFA No. 56: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that to the best of its current recollection, knowledge and belief, it is its understanding that Avid Telecom has received Compensation from Airespring, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

57.    Admit that, during the course of its Business Relationship with Airespring, Defendant Avid Telecom Transmitted calls that it received directly from Airespring.

*Specific Objections to RFA No. 57: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that to the best of its current recollection, knowledge and belief, it is its understanding that during the course of its Business Relationship with Airespring, Avid Telecom Transmitted calls that it received directly from Airespring, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

58.    Admit that Defendant Avid Telecom had a Business Relationship with AllClear Connect.

*Specific Objections to RFA No. 57: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that to the best of its current recollection, knowledge and belief, it is its understanding that Avid Telecom had a Business Relationship with AllClear Connect, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

59.    Admit that Defendant Avid Telecom has received Compensation from

AllClear Connect.

*Specific Objections to RFA No. 59: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that to the best of its current recollection, knowledge and belief, it is its understanding that Avid Telecom has received compensation from AllClear Connect, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

60.    Admit that, during the course of its Business Relationship with AllClear Connect, Defendant Avid Telecom Transmitted calls that it received directly from AllClear Connect.

*Specific Objections to RFA No. 60: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that to the best of its current recollection, knowledge and belief, it is its understanding that during the course of its Business Relationship with AllClear Connect, Avid Telecom Transmitted calls that it received directly from AllClear Connect, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

61.    Admit that Defendant Avid Telecom had a Business Relationship with Autelecom LLC.

*Specific Objections to RFA No. 60: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that to the best of its current recollection, knowledge and belief, it is its understanding that Avid Telecom had a Business Relationship with Autelecom LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

62.    Admit that Defendant Avid Telecom has received Compensation from Autelecom LLC.

*Specific Objections to RFA No. 62: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that Avid Telecom has received compensation from Autelecom LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

63.    Admit that, during the course of its Business Relationship with Autelecom LLC, Defendant Avid Telecom Transmitted calls that it received directly from Autelecom LLC.

*Specific Objections to RFA No. 63: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that during the course of its Business Relationship with Autelecom LLC, Avid Telecom Transmitted calls that it received directly from Autelecom LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

64.    Admit that Defendant Avid Telecom had a Business Relationship with BestiumPro.

*Specific Objections to RFA No. 64: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that Avid Telecom had a Business Relationship with BestiumPro, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

65.    Admit that Defendant Avid Telecom has received Compensation from BestiumPro.

*Specific Objections to RFA No. 65: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that Avid Telecom has received Compensation from BestiumPro, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

66.    Admit that, during the course of its Business Relationship with BestiumPro, Defendant Avid Telecom Transmitted calls that it received directly from BestiumPro.

*Specific Objections to RFA No. 66: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that Avid Telecom has received Compensation from BestiumPro, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

67.    Admit that Defendant Avid Telecom had a Business Relationship with

Connexum LLC.

*Specific Objections to RFA No. 67: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that Avid Telecom had a Business Relationship with Connexum LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

68.    Admit that Defendant Avid Telecom has received Compensation from

Connexum LLC.

*Specific Objections to RFA No. 68: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that Avid Telecom has received Compensation from Connexum LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

69.    Admit that, during the course of its Business Relationship with Connexum

LLC, Defendant Avid Telecom Transmitted calls that it received directly from Connexum

LLC.

*Specific Objections to RFA No. 69: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that during the course of its Business Relationship with Connexum LLC, Avid Telecom Transmitted Calls that it received directly from Connexum LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

70.    Admit that Defendant Avid Telecom had a Business Relationship with

Contact Center Specialists LLC.

*Specific Objections to RFA No. 70: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that Avid Telecom had a Business Relationship with Contact Center Specialists LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

71.    Admit that Defendant Avid Telecom has received Compensation from

Contact Center Specialists LLC

*Specific Objections to RFA No. 68: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that Avid Telecom received compensation from Contact Center Specialists LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically**

**including without limitation, all state and federal regulations governing robocalls.**

72.     Admit that, during the course of its Business Relationship with Contact Center Specialists LLC, Defendant Avid Telecom Transmitted calls that it received directly from Contact Center Specialists LLC.

*Specific Objections to RFA No. 72: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above** *Avid* **admits that during the course of its Business Relationship with Contact Center Specialists LLC, Avid Telecom Transmitted Calls that it received directly from Contact Center Specialists  LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

73.     Admit that Defendant Avid Telecom had a Business Relationship with DID Central.

*Specific Objections to RFA No. 73: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above** *Avid* **admits that Avid Telecom had a Business Relationship with DID Central, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

74.     Admit that Defendant Avid Telecom has received Compensation from DID

Central.

*Specific Objections to RFA No. 68: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above** *Avid* **admits that Avid Telecom has received Compensation with DID Central, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

75.    Admit that, during the course of its Business Relationship with DID Central,

Defendant Avid Telecom Transmitted calls that it received directly from DID Central.

*Specific Objections to RFA No. 75: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above** *Avid* **admits that during the course of its Business Relationship with DID Central, Avid Telecom Transmitted Calls that it received directly from DID Central, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

76.    Admit that Defendant Avid Telecom had a Business Relationship with

Digital Media Solutions LLC.

*Specific Objections to RFA No. 75: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that Avid Telecom had a Business Relationship with Digital Media Solutions LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

77.    Admit that Defendant Avid Telecom has received Compensation from

Digital Media Solutions LLC. for the provision of Voice Services.

*Specific Objections to RFA No. 77: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that Avid Telecom has received Compensation from Digital Media Solutions LLC for provision of Voice Services, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

78.    Admit that Defendant Avid Telecom has received Compensation from

Digital Media Solutions LLC. for the provision of Telephony Services.

*Specific Objections to RFA No. 78: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that Avid Telecom has received Compensation from Digital Media Solutions LLC for provision of Telephony Services, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

79.     Admit that Digital Media Solutions LLC is not a Voice Service Provider.

*Specific Objections to RFA No. 79: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Avid also objects  that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Voice Provider") to which he does not agree. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that Digital Media Solutions LLC is not a voice provider.**

80.     Admit that Digital Media Solutions LLC is not a provider of Telephony

Service.

*Specific Objections to RFA No. 80: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Avid also objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Telephony Service") to which he does not agree. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* denies that to the best of its current recollection, knowledge and belief, the allegation that Digital Media Solutions LLC is not a provider Telephony Service.**

81.     Admit that, during the course of its Business Relationship with Digital Media

Solutions LLC, Defendant Avid Telecom Transmitted calls from Digital Media Solutions

LLC where no other Voice Service Provider had Transmitted the call before it was accepted

on Defendant Avid Telecom's network.

*Specific Objections to RFA No. 81: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable**

**by Avid is not sufficient to respond to this Request.**

82.    Admit that Defendant Avid Telecom had a Business Relationship with Global Voicecom.

*Specific Objections to RFA No. 82: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship".  Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that Avid Telecom had a Business Relationship with Global Voicecom, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

83.    Admit that Defendant Avid Telecom has received Compensation from Global Voicecom.

*Specific Objections to RFA No. 78: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that Avid Telecom has received compensation from Global Voicecom, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

84.    Admit that, during the course of its Business Relationship with Global Voicecom, Defendant Avid Telecom Transmitted calls that it received directly from Global Voicecom.

*Specific Objections to RFA No. 84: Avid objects to this request as irrelevant to the issues*

*in this case as written, and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that during the course of its Business Relationship with Global Voicecom, Avid Telecom Transmitted Calls that it received directly from Global Voicecom, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

85.    Admit that Defendant Avid Telecom had a Business Relationship with Great

Lakes Communication.

*Specific Objections to RFA No. 85: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that Avid Telecom had a Business Relationship with Great Lakes Communication, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

86.    Admit that Defendant Avid Telecom has received Compensation from Great

Lakes Communication.

*Specific Objections to RFA No. 78: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that Avid Telecom has received Compensation**

**from Great Lakes Communication, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

87.     Admit that, during the course of its Business Relationship with Great Lakes Communication, Defendant Avid Telecom Transmitted calls that it received directly from Great Lakes Communication.

*Specific Objections to RFA No. 87: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that during the course of its Business Relationship with Great Lakes Communication, Avid Telecom Transmitted Calls that it received directly from Great Lakes Communication, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

88.     Admit that Defendant Avid Telecom had a Business Relationship with Icon Global Services.

*Specific Objections to RFA No. 87: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that Avid Telecom had a Business Relationship with Icon Global Services, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

89.    Admit that Defendant Avid Telecom has received Compensation from Icon Global Services.

*Specific Objections to RFA No. 89: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that Avid Telecom has received Compensation from Icon Global Services, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

90.    Admit that, during the course of its Business Relationship with Icon Global Services, Defendant Avid Telecom Transmitted calls that it received directly from Icon Global Services.

*Specific Objections to RFA No. 90: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that during the course of its Business Relationship with Icon Global Services, Avid Telecom Transmitted Calls that it received directly from Icon Global Services, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

91.    Admit that Defendant Avid Telecom had a Business Relationship with Virtual Telecom/Mobi Telecom LLC.

*Specific Objections to RFA No. 91: Avid objects to this request as irrelevant to the issues*

*in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above** *Avid* **admits that Avid Telecom had a Business Relationship with Virtual Telecom/Mobi Telecom LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

92.    Admit that Defendant Avid Telecom has received Compensation from Virtual Telecom/Mobi Telecom LLC.

*Specific Objections to RFA No. 92: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above** *Avid* **admits that Avid Telecom has received Compensation from Virtual Telecom/Mobi Telecom LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

93.    Admit that, during the course of its Business Relationship with Virtual Telecom/Mobi Telecom LLC, Defendant Avid Telecom Transmitted calls that it received directly from Virtual Telecom/Mobi Telecom LLC.

*Specific Objections to RFA No. 93: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that during the course of its Business Relationship with Virtual Telecom/Mobi Telecom LLC, Avid Telecom Transmitted Calls that it received directly from Virtual Telecom/Mobi Telecom LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

94.    Admit that Defendant Avid Telecom had a Business Relationship with Modok Telecom.

*Specific Objections to RFA No. 94: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits Avid had a Business Relationship with Modok Telecom, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

95.    Admit that Defendant Avid Telecom has received Compensation from Modok Telecom.

*Specific Objections to RFA No. 95: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits Avid has received Compensation from Modok Telecom, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without**

**limitation, all state and federal regulations governing robocalls.**

96.    Admit that, during the course of its Business Relationship with Modok Telecom, Defendant Avid Telecom Transmitted calls that it received directly from Modok Telecom.

*Specific Objections to RFA No. 96: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that during the course of its Business Relationship with Modok Telecom, Avid Telecom Transmitted Calls that it received directly from Modok Telecom, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

97.    Admit that Defendant Avid Telecom had a Business Relationship with NGL Communications LLC.

*Specific Objections to RFA No. 97: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits Avid Telecom had a Business Relationship with NGL communication LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

98.    Admit that Defendant Avid Telecom has received Compensation from NGL Communications LLC.

*Specific Objections to RFA No. 98: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits Avid Telecom has received Compensation from NGL communication LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

99.    Admit that, during the course of its Business Relationship with NGL Communications LLC, Defendant Avid Telecom Transmitted calls that it received directly from NGL Communications LLC.

*Specific Objections to RFA No. 99: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that during the course of its Business Relationship with NGL Communication, Avid Telecom Transmitted Calls that it received directly from NGL Communication, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

100.    Admit that Defendant Avid Telecom had a Business Relationship with Perfect Pitch Technology, LLC.

*Specific Objections to RFA No. 100 : Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits Avid Telecom had a Business Relationship with Perfect Pitch Technology, LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

101.    Admit that Defendant Avid Telecom has received Compensation from

Perfect Pitch Technology, LLC.

*Specific Objections to RFA No. 101: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits Avid Telecom has received Compensation from Perfect Pitch Technology, LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

102.    Admit that Defendant Avid Telecom provided Compensation to Perfect Pitch

Technology, LLC.

*Specific Objections to RFA No. 102: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was provided. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Avid denies that, to the best of its current recollection, knowledge and belief, the allegation Avid Telecom provided Compensation to Perfect Pitch Technology, LLC.**

103.    Admit that Defendant Avid Telecom provided Telephony Services to Perfect

Pitch Technology, LLC.

*Specific Objections to RFA No. 103: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Telephony Services") to which he does not agree. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits Avid Telecom provided Telephony Services to Perfect Pitch Technology, LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

104.    Admit that Perfect Pitch Technology, LLC was a Non-Provider Customer of Defendant Avid Telecom.

*Specific Objections to RFA No. 104: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Non-Provider Customer") to which he does not agree. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Avid denies that, to the best of its current recollection, knowledge and belief, the allegation Perfect Pitch Technology, LLC was a Non-Provider Customer of Avid Telecom.**

105.    Admit that, during the course of its Business Relationship with Perfect Pitch Technology, LLC, Defendant Avid Telecom Transmitted calls that it received directly from Perfect Pitch Technology, LLC.

*Specific Objections to RFA No. 105: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

47

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits that during the course of its Business Relationship with Perfect Pitch Technolog, LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

106.    Admit that, during the course of its Business Relationship with Perfect Pitch Technology, LLC, Defendant Avid Telecom Transmitted calls that it received from Perfect Pitch Technology, LLC where no other Voice Service Providers had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

*Specific Objections to RFA No. 106: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request is vague and ambiguous as to the term "Business Relationship". Avid also objects to this request to the extent that it requires him to respond based on a definition of "Voice Service Provider" to which he does not agree. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Avid is not sufficient to respond to this Request.**

107.    Admit that, during the course of its Business Relationship with Perfect Pitch Technology, LLC, Defendant Avid Telecom Transmitted calls directly to Perfect Pitch Technology, LLC.

*Specific Objections to RFA No. 107: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Avid denies that, to the best of its current recollection, knowledge and belief, the allegation during the course of the Business Relationship**

**with Perfect Pitch Technology, LLC, Avid Telecom Transmitted calls directly to Perfect Pitch Technology, LLC.**

108.    Admit that Defendant Avid Telecom had a Business Relationship with R

Squared / 200 Networks.

*Specific Objections to RFA No. 108: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits Avid Telecom had a Business Relationship with R Squared/ 200 Networks, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

109.    Admit that Defendant Avid Telecom has received Compensation from R

Squared / 200 Networks.

*Specific Objections to RFA No. 102: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits Avid Telecom has received Compensation from R Squared/ 200 Networks, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

110.    Admit that, during the course of its Business Relationship with R Squared /

200 Networks, Defendant Avid Telecom Transmitted calls that it received directly from R

Squared / 200 Networks.

*Specific Objections to RFA No. 110: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits during the course of its Business Relationship with R Squared/ 200 Networks, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

111.    Admit that Defendant Avid Telecom had a Business Relationship with

Sipnex Telecom LLC.

*Specific Objections to RFA No. 111: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits Avid Telecom had a Business Relationship with Sipnex Telecom LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

112.    Admit that Defendant Avid Telecom has received Compensation from

Sipnex Telecom LLC.

*Specific Objections to RFA No. 112: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits Avid Telecom has received Compensation from Sipnex Telecom LLC, pursuant to the terms of an agreement that among other things,**

**required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

113.   Admit that, during the course of its Business Relationship with Sipnex Telecom LLC, Defendant Avid Telecom Transmitted calls that it received directly from Sipnex Telecom LLC.

*Specific Objections to RFA No. 113: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above** *Avid* **admits that during the course of its Business Relationship with Sipnex Telecom, LLC, Avid Telecom Transmitted calls that it received directly from Sipnex Telecom, LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

114.   Admit that Defendant Avid Telecom had a Business Relationship with StrategicIT.

*Specific Objections to RFA No. 114: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above** *Avid* **admits Avid Telecom had a Business Relationship with StrategicIT, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

115.    Admit that Defendant Avid Telecom has received Compensation from StrategicIT.

*Specific Objections to RFA No. 115: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits Avid Telecom has received Compensation from StrategicIT, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

116.    Admit that, during the course of its Business Relationship with StrategicIT, Defendant Avid Telecom Transmitted calls that it received directly from StrategicIT.

*Specific Objections to RFA No. 116: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits during the course of its Business relationship with StrategicIT, Avid Telecom Transmitted calls that it received directly from StrategicIT, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

117.    Admit that Defendant Avid Telecom had a Business Relationship with TCA VoIP / Telecom Carrier Access / TeleSpan.

*Specific Objections to RFA No. 117: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits Avid Telecom had a Business Relationship with TCA VoIP/ Telecom Carrier Access/ TeleSpan, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

118.    Admit that Defendant Avid Telecom received Compensation from TCA

VoIP / Telecom Carrier Access / TeleSpan.

*Specific Objections to RFA No. 118: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits Avid Telecom has received Compensation from with TCA VoIP/ Telecom Carrier Access/ TeleSpan, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

119.    Admit that, during the course of its Business Relationship with TCA VoIP /

Telecom Carrier Access / TeleSpan, Defendant Avid Telecom Transmitted calls that it

received directly from TCA VoIP / Telecom Carrier Access / TeleSpan.

*Specific Objections to RFA No. 119: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits during the course of its Business Relationship with TCA VoIP/ Telecom Carrier Access/ Telespan, Avid Telecom Transmitted Calls**

**that it received directly from TCA VoIP/ Telecom Carrier Access/ Telespan, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

120.    Admit that Defendant Avid Telecom had a Business Relationship with

Telcast Network / Voovertel.

*Specific Objections to RFA No. 120: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits Avid Telecom had Business with Telcast Network/ Voovertel Relationship, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

121.    Admit that Defendant Avid Telecom received Compensation from Telcast

Network / Voovertel.

*Specific Objections to RFA No. 121: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits Avid Telecom has received Compensation from Telcast Network/ Voovertel Relationship, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

122.    Admit that, during the course of its Business Relationship with Telcast

Network / Voovertel, Defendant Avid Telecom Transmitted calls that it received directly

from Telcast Network / Voovertel.

*Specific Objections to RFA No. 122: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits Avid Telecom Transmitted calls that it received directly from Telcast Network/ Voovertel Relationship, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

123.    Admit that Defendant Avid Telecom had a Business Relationship with

Telesero / Fiducia.

*Specific Objections to RFA No. 123: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits Avid Telecom had a Business Relationship with Telesero/ Fidcuia, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

124.    Admit that Defendant Avid Telecom has received Compensation from

Telesero / Fiducia.

*Specific Objections to RFA No. 124: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits Avid Telecom has received Compensation from Telesero/ Fidcuia, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

125.    Admit that, during the course of its Business Relationship with Telesero / Fiducia, Defendant Avid Telecom Transmitted calls that it received directly from Telesero / Fiducia.

*Specific Objections to RFA No. 125: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits Avid Telecom Transmitted calls that it received directly from Telesero/ Fidcuia, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls**

126.    Admit that Defendant Avid Telecom had a Business Relationship with Tellza / Phonetime / Matchcom.

*Specific Objections to RFA No. 126: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits Avid Telecom had a Business Relationship with Tellza/Phonetime/ Matchcom, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls**

127.    Admit that Defendant Avid Telecom has received Compensation from Tellza

/ Phonetime / Matchcom.

*Specific Objections to RFA No. 127: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits Avid Telecom has received Compensation from Tellza/Phonetime/ Matchcom, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls**

128.    Admit that, during the course of its Business Relationship with Tellza /

Phonetime / Matchcom, Defendant Avid Telecom Transmitted calls that it received directly

from Tellza / Phonetime / Matchcom.

*Specific Objections to RFA No. 128: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits Avid Telecom Transmitted Calls that it received directly from Tellza/Phonetime/ Matchcom, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls**

129.    Admit that Defendant Avid Telecom had a Business Relationship with Third

Rock Telecom.

*Specific Objections to RFA No. 129: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Avid also*

*objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits Avid Telecom had a Business relationship with Third Rock Telecom, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls**

130.    Admit that Defendant Avid Telecom has received Compensation from Third

Rock Telecom.

*Specific Objections to RFA No. 130: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits Avid Telecom has received compensation from Third Rock Telecom, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls**

131.    Admit that, during the course of its Business Relationship with Third Rock

Telecom, Defendant Avid Telecom Transmitted calls that it received directly from Third

Rock Telecom.

*Specific Objections to RFA No. 131: Avid objects to this request as irrelevant to the issues in this case, as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits Avid Telecom Transmitted calls directly form Third Rock Telecom, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom**

**complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

132.    Admit that Defendant Avid Telecom had a Business Relationship with

TouchTone.

*Specific Objections to RFA No. 132: Avid objects to this request as irrelevant to the issues in this case, as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits Avid Telecom had a Business Relationship with TouchTone, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

133.    Admit that Defendant Avid Telecom has received Compensation from

TouchTone.

*Specific Objections to RFA No. 133: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits Avid Telecom has received Compensation from TouchTone, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

134.    Admit that, during the course of its Business Relationship with TouchTone,

Defendant Avid Telecom Transmitted calls that it received directly from TouchTone.

*Specific Objections to RFA No. 134: Avid objects to this request as irrelevant to the issues*

*in this case, as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits Avid Telecom Transmitted calls that it received directly from TouchTone, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

135.    Admit that Defendant Avid Telecom had a Business Relationship with

Trixcom / Vibtree Technologies, LLC.

*Specific Objections to RFA No. 135: Avid objects to this request as irrelevant to the issues in this case, as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits Avid Telecom had a Business Relationship with Trixcom/Vibtree Technologies, LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

136.    Admit that Defendant Avid Telecom has received Compensation from

Trixcom / Vibtree Technologies, LLC.

*Specific Objections to RFA No. 136: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits Avid Telecom has received Compensation from Trixcom/Vibtree Technologies, LLC, pursuant to the terms of an agreement that**

**among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

137.    Admit that, during the course of its Business Relationship with Trixcom / Vibtree Technologies, LLC, Defendant Avid Telecom Transmitted calls that it received directly from Trixcom / Vibtree Technologies, LLC.

*Specific Objections to RFA No. 137: Avid objects to this request as irrelevant to the issues in this case, as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits Avid Telecom Transmitted Calls that it received directly from  Trixcom/Vibtree Technologies, LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

138.    Admit that Defendant Avid Telecom had a Business Relationship with Urth Access, LLC.

*Specific Objections to RFA No. 138: Avid objects to this request as irrelevant to the issues in this case, as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits Avid Telecom had a Business Relationship with Urth Access, LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

139.    Admit that Defendant Avid Telecom has received Compensation from Urth

Access, LLC.

*Specific Objections to RFA No. 139: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits Avid Telecom has received Compensation from Urth Access, LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

140.    Admit that Defendant Avid Telecom received Compensation from Tracto,

LLC. for service provided by Defendant Avid Telecom to Urth Access, LLC.

*Specific Objections to RFA No. 140: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Avid is not sufficient to respond to this Request.**

141.    Admit that Defendant Avid Telecom received Compensation from Creditum,

LLC. for service provided by Defendant Avid Telecom to Urth Access, LLC.

*Specific Objections to RFA No. 140: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Avid is not sufficient to respond to this Request.**

142.    Admit that, during the course of its Business Relationship with Urth Access,

LLC, Defendant Avid Telecom Transmitted calls that it received directly from Urth

Access, LLC.

*Specific Objections to RFA No. 142: Avid objects to this request as irrelevant to the issues in this case, as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits Avid Telecom Transmitted calls that it received directly from Urth Access, LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

143.    Admit that Defendant Avid Telecom had a Business Relationship with VOIP

Terminator / BL Marketing.

*Specific Objections to RFA No. 143: Avid objects to this request as irrelevant to the issues in this case, as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits Avid Telecom had a Business Relationship with VoIP Terminator/ BL Marketing, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

144.    Admit that Defendant Avid Telecom has received Compensation from VOIP

Terminator / BL Marketing.

*Specific Objections to RFA No. 144: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits Avid Telecom has received Compensation from VoIP Terminator/ BL Marketing, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

145.   Admit that, during the course of its Business Relationship with VOIP Terminator / BL Marketing, Defendant Avid Telecom Transmitted calls that it received directly from VOIP Terminator / BL Marketing.

*Specific Objections to RFA No. 145: Avid objects to this request as irrelevant to the issues in this case, as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits Avid Telecom Transmitted Calls that it received directly from VoIP Terminator/ BL Marketing, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

146.   Admit that Defendant Avid Telecom had a Business Relationship with Vultik Inc.

*Specific Objections to RFA No. 146: Avid objects to this request as irrelevant to the issues in this case, as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits Avid Telecom had a Business Relationship with Vultik Inc, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

147.    Admit that Defendant Avid Telecom has received Compensation from Vultik Inc.

*Specific Objections to RFA No. 147: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits Avid Telecom has received Compensation from Vultik Inc, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

148.    Admit that, during the course of its Business Relationship with Vultik Inc.,

Defendant Avid Telecom Transmitted calls that it received directly from Vultik Inc.

*Specific Objections to RFA No. 146: Avid objects to this request as irrelevant to the issues in this case, as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits Avid Telecom Transmitted calls that it received directly from Vultik Inc, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

149.    Admit that Defendant Avid Telecom had a Business Relationship with Yodel

Technologies / Yodel Voice.

*Specific Objections to RFA No. 149: Avid objects to this request as irrelevant to the issues in this case, as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits Avid Telecom had a Business Relationship with**

**Yodel Technologies/Yodel Voice, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

150.  Admit that Defendant Avid Telecom has received Compensation from Yodel Technologies / Yodel Voice.

*Specific Objections to RFA No. 150: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits Avid Telecom has received Compensation from Yodel Technologies/Yodel Voice, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

151.  Admit that Defendant Avid Telecom provided Compensation to Yodel Technologies / Yodel Voice.

*Specific Objections to RFA No. 151: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was provided. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Avid denies that, to the best of its current recollection, knowledge and belief, the allegation that Avid Telecom provided Compensation to Yodel Technologies/ Yodel Voice.**

152.  Admit that Defendant Avid Telecom provided Telephony Services to Yodel Technologies / Yodel Voice.

*Specific Objections to RFA No. 152: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also*

*objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Telephony Services") to which he does not agree. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits Avid Telecom provided Telephony Services to Yodel Technologies/Yodel Voice, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

153.    Admit that Yodel Technologies / Yodel Voice was a Non-Provider Customer

of Defendant Avid Telecom.

*Specific Objections to RFA No. 152: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects that this Request, to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Non-Provider Customer") to which he does not agree. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Avid denies that, to the best of its current recollection, knowledge, and belief, the allegation that Yodel Technologies/ Yodel was a Non-Provider Customer of Avid Telecom**

154.    Admit that, during the course of its Business Relationship with Yodel

Technologies / Yodel Voice, Defendant Avid Telecom Transmitted calls that it received

directly from Yodel Technologies / Yodel Voice.

*Specific Objections to RFA No. 154: Avid objects to this request as irrelevant to the issues in this case, as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Avid* admits Avid Telecom Transmitted Calls that it received directly from Yodel Technologies/Yodel Voice, pursuant to the terms of an agreement**

**that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls**

155.   Admit that, during the course of its Business Relationship with Yodel Technologies / Yodel Voice, Defendant Avid Telecom Transmitted calls that it received from Yodel Technologies / Yodel Voice where no other Voice Service Providers had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

*Specific Objections to RFA No. 155: Avid objects to this request as irrelevant to the issues in this case, as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Avid is not sufficient to respond to this Request.**

156.   Admit that, during the course of its Business Relationship with Yodel Technologies / Yodel Voice, Defendant Avid Telecom Transmitted calls directly to Yodel Technologies / Yodel Voice.

*Specific Objections to RFA No. 156: Avid objects to this request as irrelevant to the issues in this case, as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Avid denies that, to the best of its current recollection, knowledge, and belief, the allegation Avid Telecom Transmitted calls directly to Yodel Technologies/ Yodel Voice.**

157.   Admit that Defendants Avid Telecom and Avid were issued a civil investigative demand on August 1, 2022, by the Office of the Indiana Attorney General.

*Specific Objections to RFA No. 157: Avid objects to this request as irrelevant to the issues in this case, as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous. ". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*
.
**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Avid denies that, to the best of its current recollection, knowledge, and belief, the allegation that Avid was issued a civil investigative demand on August 1, 2022 by the Office of the Indiana Attorney General transmitted.**

158.    Admit that Defendants Avid Telecom and Avid did not produce any documents or answers in response to the Requests for Production and Interrogatories, respectively, set forth in the civil investigative demand issued on August 1, 2022, by the Office of the Indiana Attorney General.

*Specific Objections to RFA No. 158: This RFA is compound (documents and answers), vague and ambiguous (including what constitutes "produce any"), calls for legal and procedural conclusions regarding a government investigative demand. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Avid denies that, to the best of its current recollection, knowledge and belief, the allegation that Avid Telecom and Avid did not produce any documents or answers in response to the Request for Production and Interrogatories, respectively, set forth in the Civil investigative demand issued on August 1, 2022, by the Office of Indian Attorney General.**

159.    Admit that Defendant Avid Telecom had a Business Relationship with All Access Telecom.

*Specific Objections to RFA No. 159: Avid objects to this request as irrelevant to the issues in this case, as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific**

**Objections stated above *Avid* admits Avid Telecom had a Business Relationship with All Access Telecom, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls**

160.    Admit that Defendant Avid Telecom provided Compensation to All Access Telecom.

*Specific Objections to RFA No. 160: Avid objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was provided. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted**

161.    Admit that, during the course of its Business Relationship with All Access Telecom, Defendant Avid Telecom Transmitted calls directly to All Access Telecom.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted**

162.    Admit that the files consisting of CDRs produced by All Access Telecom to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143523— satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA No. 162: Avid objects to this request as irrelevant to the issues in this case, as written, and unlikely to lead to the discovery of relevant evidence. Avid objects that this Request to the extent that the Request calls for a legal conclusion. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds*

*as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Avid is not sufficient to respond to this Request.**

163.    Admit that Defendant Avid Telecom had a Business Relationship with

Bandwidth.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

***Response: Admitted***

164.    Admit that Defendant Avid Telecom provided Compensation to Bandwidth.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Avid objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response**: **Admitted**

165.    Admit that, during the course of its Business Relationship with Bandwidth,

Defendant Avid Telecom Transmitted calls directly to Bandwidth.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted**

166.    Admit that the files consisting of CDRs produced by Bandwidth to the

Plaintiff State of North Carolina in response to a civil investigative demand issued on

January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume

AGTF_VOL003 production and which file names are enumerated on AGTF_000143524—

satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid objects that this Request to the extent the Request calls for a legal conclusion. Avid also objects to this Request to the extent is directed to his, in its personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Avid is not sufficient to respond to this Request.**

167. Admit that Defendant Avid Telecom had a Business Relationship with Call48 - HFA Services - Skye Telecom.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted.**

168. Admit that Defendant Avid Telecom provided Compensation to Call48 - HFA Services - Skye Telecom.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted.**

169. Admit that, during the course of its Business Relationship with Call48 - HFA Services - Skye Telecom, Defendant Avid Telecom Transmitted calls directly to Call48 - HFA Services - Skye Telecom.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted**

170.    Admit that the files consisting of CDRs produced by Call48 - HFA Services Skye Telecom to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143620—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Avid objects that this Request to the extent the Request calls for a legal conclusion.  Avid also objects to this Request to the extent is directed to his, in its personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services.  Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Avid is not sufficient to respond to this Request.**

171. Admit that Defendant Avid Telecom had a Business Relationship with Carrier Connect Corp.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted.**

172. Admit that Defendant Avid Telecom provided Compensation to Carrier Connect Corp.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Avid objects to this request as*

73

*vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response**: **Admitted.**

173. Admit that, during the course of its Business Relationship with Carrier Connect Corp, Defendant Avid Telecom Transmitted calls directly to Carrier Connect Corp.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted.**

174. Admit that the files consisting of CDRs produced by Carrier Connect Corp to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143520— satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid objects that this Request to the extent the Request calls for a legal conclusion. Avid also objects to this Request to the extent is directed to his, in its personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Avid is not sufficient to respond to this Request.**

175. Admit that Defendant Avid Telecom had a Business Relationship with Dorial Telecom.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted.**

176. Admit that Defendant Avid Telecom provided Compensation to Dorial Telecom.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response**: **Admitted.**

177. Admit that, during the course of its Business Relationship with Dorial Telecom, Defendant Avid Telecom Transmitted calls directly to Dorial Telecom.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response**: **Admitted.**

178. Admit that the files consisting of CDRs produced by Dorial Telecom to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143621 through AGTF_000143630—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid objects that this Request to the extent the Request calls for a legal conclusion. Avid also objects to this Request to the extent is directed to his, in its personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services. Subject to and without limiting the scope or the effect of its General and Specific objections,*

*Avid responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Avid is not sufficient to respond to this Request.**

179.    Admit that Defendant Avid Telecom provided Compensation to G4 Telecom.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Avid objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response**: **Admitted.**

180.    Admit that, during the course of its Business Relationship with G4 Telecom,

Defendant Avid Telecom Transmitted calls directly to G4 Telecom.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response**: **Admitted**

181.Admit that, during the course of its Business Relationship with G4 Telecom,

Defendant Avid Telecom Transmitted calls directly to G4 Telecom

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted.**

182.Admit that the files consisting of CDRs produced by G4 Telecom to the Plaintiff State

of North Carolina in response to a civil investigative demand issued on January 18,

2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003

production and which file names are enumerated on AGTF_000143639— satisfy Fed.

R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid objects that this Request to the extent the Request calls for a legal conclusion. Avid also objects to this Request to the extent is directed to his, in its personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Avid is not sufficient to respond to this Request.**

183.    Admit that Defendant Avid Telecom had a Business Relationship with

Inteliquent - Sinch - Neutral Tandem.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted.**

184.    Admit that Defendant Avid Telecom provided Compensation to Inteliquent

– Sinch – Neutral Tandem.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted.**

185. Admit that, during the course of its Business Relationship with Inteliquent - Sinch - Neutral Tandem, Defendant Avid Telecom Transmitted calls directly to Inteliquent- Sinch - Neutral Tandem.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response**: **Admitted.**

186.    Admit that the files consisting of CDRs produced by Inteliquent - Sinch - Neutral Tandem to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143509 through AGTF_000143511—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid objects that this Request to the extent the Request calls for a legal conclusion. Avid also objects to this Request to the extent is directed to his, in its personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Avid is not sufficient to respond to this Request.**

187.    Admit that Defendant Avid Telecom had a Business Relationship with NGN Latam Corp - Datora Telecom.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted.**

188.    Admit that Defendant Avid Telecom provided Compensation to NGN Latam Corp – Datora Telecom.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response**: **Admitted.**

189.    Admit that, during the course of its Business Relationship with NGN Latam

Corp - Datora Telecom, Defendant Avid Telecom Transmitted calls directly to NGN Latam

Corp - Datora Telecom.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted.**

190.    Admit that the files consisting of CDRs produced by NGN Latam Corp -

Datora Telecom to the Plaintiff State of North Carolina in response to a civil investigative

demand issued on January 18, 2023—which files were produced to Defendants in

Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on

AGTF_000143525 through AGTF_000143544—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Avid objects that this Request to the extent the Request calls for a legal conclusion.  Avid also objects to this Request to the extent is directed to his, in its personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services.  Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Avid is not sufficient to respond to this Request.**

191.    Admit that Defendant Avid Telecom had a Business Relationship with

Peerless Network - Airus.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds*

*as follows:*

**Response: Admitted.**

192.  Admit that Defendant Avid Telecom provided Compensation to Peerless

Network – Airus.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Avid objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response**: **Admitted.**

193.  Admit that, during the course of its Business Relationship with Peerless

Network - Airus, Defendant Avid Telecom Transmitted calls directly to Peerless Network

- Airus.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted.**

194.  Admit that the files consisting of CDRs produced by Peerless Network -

Airus to the Plaintiff State of North Carolina in response to a civil investigative demand

issued on January 18, 2023—which files were produced to Defendants in Plaintiffs'

Volume  AGTF_VOL003  production  and  which  file  names  are  enumerated  on

AGTF_000143618—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Avid objects that this Request to the extent the Request calls for a legal conclusion.  Avid also objects to this Request to the extent is directed to his, in its personal capacity, rather than to Avid Telecom, as the*

*entity which allegedly provided the Telephony Services.  Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Avid is not sufficient to respond to this Request.**

195.    Admit that Defendant Avid Telecom had a Business Relationship with PNG

Telecomms - PowerNet Global Communications.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted.**

196.    Admit that Defendant Avid Telecom provided Compensation to PNG

Telecomms – PowerNet Global Communications.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Avid objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted.**

197.    Admit that, during the course of its Business Relationship with PNG

Telecomms - PowerNet Global Communications, Defendant Avid Telecom Transmitted

calls directly to PNG Telecomms - PowerNet Global Communications.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Denied**

198.    Admit that the files consisting of CDRs produced by PNG Telecomms - PowerNet Global Communications to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143638—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Avid objects that this Request to the extent the Request calls for a legal conclusion.  Avid also objects to this Request to the extent is directed to his, in its personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services.  Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Avid is not sufficient to respond to this Request.**

199.    Admit that Defendant Avid Telecom had a Business Relationship with Qwality Tel.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted**.

200.    Admit that Defendant Avid Telecom provided Compensation to Qwality Tel.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Avid objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response**: **Admitted.**

201.    Admit that, during the course of its Business Relationship with Qwality Tel,

Defendant Avid Telecom Transmitted calls directly to Qwality Tel.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted.**

202.    Admit that the files consisting of CDRs produced by Qwality Tel to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143519—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Avid objects that this Request to the extent the Request calls for a legal conclusion.  Avid also objects to this Request to the extent is directed to his, in its personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services.  Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

 **Response:  After a reasonable inquiry, the information known or readily obtainable by Avid is not sufficient to respond to this Request.**

203.    Admit that Defendant Avid Telecom had a Business Relationship with Red Telecom LLC.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted.**

204.    Admit that Defendant Avid Telecom provided Compensation to Red

Telecom LLC.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response**: **Admitted.**

205.   Admit that Defendant Avid Telecom received Compensation from Red

Telecom LLC.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted.**

206.   Admit that, during the course of its Business Relationship with Red Telecom

LLC, Defendant Avid Telecom Transmitted calls that it received directly from Red

Telecom LLC.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted.**

207.   Admit that, during the course of its Business Relationship with Red Telecom

LLC, Defendant Avid Telecom Transmitted calls directly to Red Telecom LLC.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted**

208. Admit that the files consisting of CDRs produced by Red Telecom to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143521 through AGTF_000143522—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid objects that this Request to the extent the Request calls for a legal conclusion. Avid also objects to this Request to the extent is directed to his, in its personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Avid is not sufficient to respond to this Request.**

209. Admit that Defendant Avid Telecom had a Business Relationship with RingSquared - Magna5 Telecom - NovaTel.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted.**

210. Admit that Defendant Avid Telecom provided Compensation to RingSquared – Magna5 Telecom – NovaTel.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General*

*and Specific objections, Avid responds as follows:*

**Response: Admitted.**

211.    Admit that, during the course of its Business Relationship with RingSquared

- Magna5 Telecom - NovaTel, Defendant Avid Telecom Transmitted calls directly to

RingSquared - Magna5 Telecom - NovaTel.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request is vague and ambiguous as to the term "Business Relationship".  Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted.**

212.    Admit that the files consisting of CDRs produced by RingSquared - Magna5

Telecom - NovaTel to the Plaintiff State of North Carolina in response to a civil

investigative demand issued on January 18, 2023—which files were produced to

Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are

enumerated on AGTF_000143594 through AGTF_000143595—satisfy Fed. R. Evid.

803(6)(A)–(C).

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Avid objects that this Request to the extent the Request calls for a legal conclusion.  Avid also objects to this Request to the extent is directed to his, in its personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services.  Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Avid is not sufficient to respond to this Request.**

213.    Admit that Defendant Avid Telecom had a Business Relationship with

Secure Voice Corp.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted.**

214.    Admit that Defendant Avid Telecom provided Compensation to Secure Voice Corp.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted**

215. Admit that, during the course of its Business Relationship with Secure Voice Corp, Defendant Avid Telecom Transmitted calls directly to Secure Voice Corp.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted**

216.    Admit that the files consisting of CDRs produced by Secure Voice Corp to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143596 through AGTF_000143617—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid objects that this*

*Request to the extent the Request calls for a legal conclusion. Avid also objects to this Request to the extent is directed to his, in its personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Avid is not sufficient to respond to this Request.**

217.    Admit that Defendant Avid Telecom had a Business Relationship with Talkie Communications - Sonic Systems.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted.**

218.    Admit that Defendant Avid Telecom provided Compensation to Talkie Communications – Sonic Systems.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted.**

219.    Admit that, during the course of its Business Relationship with Talkie Communications - Sonic Systems, Defendant Avid Telecom Transmitted calls directly to Talkie Communications - Sonic Systems.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted.**

220.   Admit that the files consisting of CDRs produced by Talkie Communications

Sonic Systems to the Plaintiff State of North Carolina in response to a civil investigative

demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs'

Volume AGTF_VOL003 production and which file names are enumerated on

AGTF_000143631 through AGTF_000143637—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid objects that this Request to the extent the Request calls for a legal conclusion. Avid also objects to this Request to the extent is directed to his, in its personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Avid is not sufficient to respond to this Request.**

221.   Admit that Defendant Avid Telecom had a Business Relationship with Telco

Connection.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted.**

222.   Admit that Defendant Avid Telecom provided Compensation to Telco

Connection.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted.**

223.    Admit that, during the course of its Business Relationship with Telco Connection, Defendant Avid Telecom Transmitted calls directly to Telco Connection.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted.**

224.    Admit that the files consisting of CDRs produced by Telco Connection to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143545 through AGTF_000143551—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid objects that this Request to the extent the Request calls for a legal conclusion. Avid also objects to this Request to the extent is directed to his, in its personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Avid is not sufficient to respond to this Request.**

225.    Admit that Defendant Avid Telecom had a Business Relationship with Touchtone Communications.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

Response: Admitted.

226.    Admit that Defendant Avid Telecom provided Compensation to Touchtone Communications.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Avid objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response**: **Admitted.**

227.    Admit that, during the course of its Business Relationship with Touchtone Communications, Defendant Avid Telecom Transmitted calls directly to Touchtone Communications.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted**

228.    Admit that the files consisting of CDRs produced by Touchtone Communications to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143518—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Avid objects that this Request to the extent the Request calls for a legal conclusion.  Avid also objects to this Request to the extent is directed to his, in its personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services.  Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Avid is not sufficient to respond to this Request.**

229.    Admit that Defendant Avid Telecom had a Business Relationship with Verizon.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted.**

230.    Admit that Defendant Avid Telecom provided Compensation to Verizon.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response**: **Admitted**

231.    Admit that, during the course of its Business Relationship with Verizon, Defendant Avid Telecom Transmitted calls directly to Verizon.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted.**

232.    Admit that the files consisting of CDRs produced by Verizon to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143517—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid objects that this*

*Request to the extent the Request calls for a legal conclusion. Avid also objects to this Request to the extent is directed to his, in its personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Avid is not sufficient to respond to this Request.**

233.    Admit that Defendant Avid Telecom had a Business Relationship with VoIP

Innovations - VoIP Street.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted.**

234.    Admit that Defendant Avid Telecom provided Compensation to VoIP

Innovations – VoIP Street.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response**: **Admitted.**

235.    Admit that, during the course of its Business Relationship with VoIP

Innovations - VoIP Street, Defendant Avid Telecom Transmitted calls directly to VoIP

Innovations - VoIP Street.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted.**

236.    Admit that the files consisting of CDRs produced by VoIP Innovations -
VoIP Street to the Plaintiff State of North Carolina in response to a civil investigative
demand issued on January 18, 2023—which files were produced to Defendants in
Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on
AGTF_000143619—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid objects that this Request to the extent the Request calls for a legal conclusion. Avid also objects to this Request to the extent is directed to his, in its personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Avid is not sufficient to respond to this Request.**

237.    Admit that Defendant Avid Telecom had a Business Relationship with
Windstream.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted.**

238.    Admit that Defendant Avid Telecom provided Compensation to Windstream.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response**: **Admitted.**

239.    Admit that, during the course of its Business Relationship with Windstream,

Defendant Avid Telecom Transmitted calls directly to Windstream.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted.**

240.    Admit that the files consisting of CDRs produced by Windstream to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143513 through AGTF_000143516—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid objects that this Request to the extent the Request calls for a legal conclusion. Avid also objects to this Request to the extent is directed to his, in its personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Avid is not sufficient to respond to this Request.**

241.    Admit that Defendant Avid Telecom had a Business Relationship with XCast Labs.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted.**

242.    Admit that Defendant Avid Telecom provided Compensation to XCast Labs.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid objects to this request as*

*vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted.**

243.    Admit that, during the course of its Business Relationship with XCast Labs,

Defendant Avid Telecom Transmitted calls directly to XCast Labs.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted.**

244.    Admit that the files consisting of CDRs produced by XCast Labs to the

Plaintiff State of North Carolina in response to a civil investigative demand issued on

January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume

AGTF_VOL003 production and which file names are enumerated on AGTF_000143512—

satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid objects that this Request to the extent the Request calls for a legal conclusion. Avid also objects to this Request to the extent is directed to his, in its personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Avid is not sufficient to respond to this Request.**

245.    Admit that Defendant Avid Telecom had a Business Relationship with

John C. Spiller, II.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request*

*as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

Response: Admitted.

246.    Admit that Defendant Avid Telecom had a Business Relationship with

John C. Spiller, II, while Mr. Spiller used the pseudonym Mikel Quinn.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Denied**

247.    Admit that Defendant Avid Telecom received Compensation from John C.

Spiller, II.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Denied.**

248.    Admit that Defendant Avid Telecom provided Compensation to John C.

Spiller, II.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response**: **Denied.**

249.    Admit that Defendant Avid Telecom had a Business Relationship with

JSquared Telecom LLC.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted**.

250.    Admit that Defendant Avid Telecom received Compensation from JSquared

Telecom LLC.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted**.

251.    Admit that Defendant Avid Telecom provided Compensation to  JSquared

Telecom LLC.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response**: **Denied.**

252.    Admit that, during the course of its Business Relationship with JSquared

Telecom LLC, Defendant Avid Telecom Transmitted calls that it received directly from

JSquared Telecom LLC.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted.**

253.    Admit that Defendant Avid Telecom had a Business Relationship with Rising

Eagle Capital Group LLC.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship".  Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted.**

254.    Admit that Defendant Avid Telecom received Compensation from Rising

Eagle Capital Group LLC.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Avid objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

Response: Admitted.

255. Admit that Defendant Avid Telecom provided Compensation to Rising Eagle Capital Group LLC.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Avid objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response**: **Denied.**

256.    Admit that, during the course of its Business Relationship with Rising Eagle

Capital Group LLC, Defendant Avid Telecom Transmitted calls that it received directly

from Rising Eagle Capital Group LLC.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship".  Subject to and without*

*limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted.**

257.    Admit that Defendant Avid Telecom had a Business Relationship with Great

Choice Telecom LLC.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted.**

258.    Admit that Defendant Avid Telecom received Compensation from Great

Choice Telecom LLC.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted.**

259.    Admit that Defendant Avid Telecom provided Compensation to Great

Choice Telecom LLC.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Denied.**

260.    Admit that, during the course of its Business Relationship with Great Choice

Telecom LLC, Defendant Avid Telecom Transmitted calls that it received directly from

Great Choice Telecom LLC.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Avid also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted.**

261.    Admit that the files consisting of CDRs produced by Defendant Avid Telecom to the Plaintiff States of North Carolina and Texas during the investigation and litigation of John C. Spiller, II—which files were produced back to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143552 through AGTF_000143593—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Avid objects that this Request to the extent the Request calls for a legal conclusion.  Avid also objects to this Request to the extent is directed to his, in its personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services.  Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Avid is not sufficient to respond to this Request.**

262.    Admit that Defendant Avid Telecom sold, rented and/or leased DIDs to John C. Spiller, II.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

***Response: Denied***

263.    Admit that Defendant Avid Telecom sold, rented and/or leased DIDs to Rising Eagle Capital Group LLC.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as*

*written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted**

264.    Admit that Defendant Avid Telecom sold, rented and/or leased DIDs to

JSquared Telecom LLC.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted**

265.    Admit that Defendant Avid Telecom sold, rented, and/or leased DIDs to

Great Choice Telecom LLC.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted**

266.    Admit that You knew that John C. Spiller II owned, managed, and/or

operated Rising Eagle Telecom LLC.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid also objects to this Request to the extent that it is directed to his, in its personal capacity, rather than to Avid Telecom, as the entity which allegedly had the Business Relationship with Spiller. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted**

267.    Admit that You knew that John C. Spiller II owned, managed, and/or operated JSquared Telecom LLC.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid also objects to this Request to the extent that it is directed to his, in its personal capacity, rather than to Avid Telecom, as the entity which allegedly had the Business Relationship with Spiller. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted**

268.    Admit that You knew that John C. Spiller II owned, managed, and/or operated Great Choice Telecom LLC.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid also objects to this Request to the extent that it is directed to his, in its personal capacity, rather than to Avid Telecom, as the entity which allegedly had the Business Relationship with Spiller. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted**

269.    Admit that, on or about June 10, 2020, You were aware of the enforcement action by the FCC against John C. Spiller, II.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Avid also objects to this Request to the extent that it is directed to his, in its personal capacity, rather than to Avid Telecom, as the entity which allegedly had the Business Relationship with Spiller. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Avid is not sufficient to respond to this Request.**

270.    Admit that You never purchased a copy of the FTC's National Do Not Call Registry for any single area code.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

***Response: Admitted***

271.    Admit that You never purchased a copy of the FTC's National Do Not Call Registry for all area codes nationwide.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted**

272.    Admit that You, either directly or through a third-party (e.g., a third-party switch provider), have never instituted or implemented any policies or processes regarding network-level blocking for any calls Transmitted across Defendant Avid Telecom's network that were sent from calling numbers that were not assigned or recognized as valid by the North American Numbering Plan Administrator.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Denied**

273.    Admit that You, either directly or through a third-party (e.g., a third-party switch provider), never instituted or implemented any policies or processes regarding mitigation practices that resulted in blocking any calls Transmitted across Defendant Avid Telecom's network that were sent from calling numbers that were not assigned or recognized as valid by the North American Numbering Plan Administrator.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Denied**

274.   Admit that Defendant Avid was the exclusive user of the email address Avid@avidtelecom.com.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Denied**

275.   Admit that Defendant Avid was the primary, if not exclusive, user of the email address Avid@avidtelecom.com.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Denied**

276.   Admit that Defendant Avid used the email address Avid@avidtelecom.com for business related correspondence regarding Defendant Avid Telecom.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Denied**

277.    Admit that emails produced to the Plaintiffs that were sent from, or received by, the email address Avid@avidtelecom.com are admissible under Fed. R. Evid. 803(6).

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence and the request calls for a legal conclusion.  Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Denied**

278. Admit that Defendant Avid was the exclusive user of the email address Avid@avid-telecom.com.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted**

279. Admit that Defendant Avid was the primary, if not exclusive, user of the email address Avid@avid-telecom.com.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted**

280. Admit that Defendant Avid used the email address Avid@avid-telecom.com for business related correspondence regarding Defendant Avid Telecom.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted**

281. Admit that emails produced to the Plaintiffs that were sent from, or received by, the email address Avid@avid-telecom.com are admissible under Fed. R. Evid.

803(6).

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence and the request calls for a legal conclusion.  Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Avid is not sufficient to respond to this Request.**

282.    Admit that owners, employees, agents, independent contractors, and/or representatives entitled to act on behalf of Defendant Avid Telecom used the email address noc@avid-telecom.com.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

***Response: Admitted***

283.    Admit that owners, employees, agents, independent contractors, and/or representatives entitled to act on behalf of Defendant Avid Telecom used the email address noc@avid-telecom.com for business related correspondence regarding Defendant Avid Telecom.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

***Response: Admitted***

284.    Admit that emails produced to the Plaintiffs that were sent from, or received

by, the email address noc@avid-telecom.com are admissible under Fed. R. Evid. 803(6).

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence and the request calls for a legal conclusion.  Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Avid is not sufficient to respond to this Request.**

285.    Admit that Defendant Avid was the exclusive user of the email address

Reeves@avid-telecom.com.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

***Response: Admitted***

286.    Admit that Defendant Avid was the primary, if not exclusive, user of the

email address Reeves@avid-telecom.com.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

***Response: Admitted***

287.    Admit that Defendant Avid used the email address Reeves@avid-

telecom.com for business related correspondence regarding Defendant Avid Telecom.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted**

288.    Admit that emails produced to the Plaintiffs that were sent from, or received by, the email address [Reeves@avid-telecom.com](mailto:Reeves@avid-telecom.com) are admissible under Fed. R. Evid. 803(6).

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence and the request calls for a legal conclusion.  Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Avid is not sufficient to respond to this Request.**

289.    Admit that Defendant Avid performed services for the benefit of Defendant Avid Telecom at the direction of Defendant Avid.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted**

290.    Admit that Defendant Reeves performed services for the benefit of Defendant Avid Telecom at the direction of Defendant Avid Telecom.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted**

291.    Admit that Defendant Reeves held herself out to Defendant Avid Telecom's customers as the Vice President of Operations and Sales of Defendant Avid Telecom.

292.    Admit that Defendant Reeves held herself out to the USTelecom-led Industry Traceback Group as the Vice President of Operations and Sales of Avid Telecom.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence and calls for a legal conclusion to which no response is required.*

293.    Admit that Defendant Avid Telecom had the authority to control and/or direct the actions of Defendant Reeves in her performance of any duties on behalf of Defendant Avid Telecom.

294.    Admit that Defendant Reeves is an agent of Defendant Avid Telecom.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence and calls for a legal conclusion to which no response is required.*

295.    Admit that Defendant Reeves had the authority to act on behalf of Defendant Avid Telecom.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted**

296.    Admit that Defendant Reeves has received Compensation from Defendant Avid Telecom.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted**

297.    Admit that Defendant Avid is an agent of Defendant Avid Telecom.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence and calls for a legal conclusion to which no response is required.*

298.    Admit that Defendant Avid has authority to act on behalf of Defendant  Avid Telecom.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted**

299.    Admit that Defendant Avid has received Compensation from Defendant Avid Telecom.

*Specific Objections to RFA: Avid objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Subject to and without limiting the scope or the effect of its General and Specific objections, Avid responds as follows:*

**Response: Admitted**

RESPECTFULLY SUBMITTED this 23rd day of September 2025.

Respectfully submitted,

/s/ Greg L. Taylor

_____

Neil S. Ende
Greg L. Taylor
*Pro Hac Vice*
*Counsel to Michael D. Lansky, LLC*
*dba Avid Telecom Michael D. Lansky*
*and Stacey S. Reeves*

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2025, I served the foregoing **DEFENDANT- AVID TELECOM'S RESPONSES TO PLAINTIFFS' FIRST RULE 36 REQUESTS FOR ADMISSION TO AVID TELECOM, LLC** upon Plaintiffs by electronically mailing a copy of the same to their counsel of record as follows:

Tnayer@ncdoj.gov;

Alyse.Meislik@azag.gov;

douglas.swetnam@atg.in.gov;

Dylan.Jones@azag.gov;

erin.leahy@OhioAGO.gov;

john.DillonIV@azag.gov;

Sarah.Pelton@azag.gov;

Thomas.Martindale@atg.in.gov;

rsparko@ncdoj.gov;

lindsay.dawson@AlabamaAG.gov;

Robert.Tambling@AlabamaAG.gov;

Amanda.wentz@arkansasag.gov;

nicklas.akers@doj.ca.gov;

bernard.eskandari@doj.ca.gov

michelle.burkart@doj.ca.gov

rosailda.perez@doj.ca.gov

timothy.lundgren@doj.ca.gov

michel.singernelson@coag.gov;

brendan.flynn@ct.gov;

Ryan.costa@delaware.gov;

adamt2005@gmail.com

dzisook@law.ga.gov;

christopher.ji.leong@hawaii.gov;

james.simeri@ag.idaho.gov;

Nicholas.Smith@ag.ks.gov;

sarah.dietz@ag.ks.gov;

philip.heimlich@ilag.gov;

elizabeth.blackston@ilag.gov;

WilliamsZ@ag.louisiana.gov;

Benjamin.Bellus@ag.iowa.gov;

William.Pearson@ag.iowa.gov;

brendan.oneil@maine.gov;

Michael.devine@maine.gov

hillm19@michigan.gov

pziperman@oag.state.md.us;

bennett.hartz@ag.state.mn.us;

Emily.morgan@ago.ms.gov

james.rankin@ago.ms.gov;

Michael.turi@mass.gov

Carol.guerrero@mass.gov

jeff.koziar@law.njoag.gov

blair.gerold@law.njoag.gov

Anna.schneider@mt.gov;

Andrew.butler@mt.gov;

gary.brollier@nebraska.gov;

mbadorine@ag.nv.gov

rfulghum@ag.nv.gov

sfeeley@ag.nv.gov

zzheng@ag.nv.gov

Mary.F.Stewart@doj.nh.gov;

Deepta.Janardhan@law.njoag.gov;

bjimenez@nmag.gov

Sylvia.lanfair@oag.ok.gov

Glenna.goldis@ag.ny.gov;

jordan.m.roberts@doj.state.or.us;

ealm@nd.gov;

mwolfe@attorneygeneral.gov;

bbingle@attorneygeneral.gov

sprovazza@riag.ri.gov;

tyler.corcoran@ag.tn.gov;

David.Shatto@oag.texas.gov;

kmclean@agutah.gov;

alexandrabutler@agutah.gov;

ksimons@scag.gov

James.Layman@vermont.gov;

gward@oag.state.va.us;

austin.ostiguy@ag.tn.gov

Ashley.T.Wentz@wvago.gov;

myszkowskiga@doj.state.wi.us;

zorba.leslie@atg.wa.gov;

cameron.geeting1@wyo.gov;

Benjamin.peterson2@wyo.gov

laura.beckerman@dc.gov

jacobp.ford@ky.gov;

haaslawoffice@gmail.com

sean.saval@myfloridalegal.com

Michael.roland@myfloridalegal.com

fitzgeraldk@michigan.gov;

clindblad@nd.gov;

luke.hawley@ago.mo.gov

eliot.gusdorf@ago.mo.gov

**NOT IN DOCKET**

Laura.Dilweg@azag.gov;

jessica.jasper@ago.ms.gov;

jsakura@nmdoj.gov;

Robert.Carlson@oag.ok.gov

scornaby@agutah.gov

danirobertson@scag.gov;

Alexandra.Kory@atg.wa.gov;

kevin.vermillion@dc.gov;

miles.vaughn@myfloridalegal.com;

matt.hehemann@atg.wa.gov;

Alison.Esbeck@ago.mo.gov;

Zachary.Elam@ago.mo.govstace

khyland@oag.state.md.us (bounceback)

Patrick.crotty@myfloridalegal.com (bounceback)

Joseph.yeoman@atg.in.gov (bounceback)

/s/ Greg L. Taylor
Greg L. Taylor
Neil S. Ende
TECHNOLOGY LAW GROUP
Counsel for Defendant-Avid Telecom, LLC

# Exhibit E

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, ex rel. Kristin K. Mayes Attorney General et al.   ) <br> ) <br> **)** <br> Plaintiffs   ) <br> ) <br> v.   ) <br> ) <br> Michael D. Lansky, LLC, dba ) <br> Avid Telecom, an Arizona ) <br> Limited Liability Company; ) <br> ) <br> Michel D. Lansky, individually ) <br> As a Member/Manager/Chief ) <br> Executive Officer of Michael D. ) <br> Lansky, LLC dba Avid Telecom; ) <br> and ) <br> ) <br> Stacey S. Reeves, individually as ) <br> a Manager/Vice President of ) <br> Michael D. Lansky LLC dba ) <br> Avid Telecom ) <br> ) <br> Defendants.   ) <br> _____) | Case No. 4:23-cv-00233 |

## <u>RESPONSE OF DEFENDANT MICHAEL LANSKY TO PLAINTIFFS' FIRST RULE</u>

## <u>36 REQUESTS FOR ADMISSION</u>

Pursuant to Federal Rules of Civil Procedure 36, Defendants, by and through the undersigned attorneys, hereby respond to the First Rule 36 Requests for Admission ("Requests") to Defendant Michael Lansky.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

### General Objections

Lansky objects generally to Plaintiffs' Requests for Admission ("RFAs") to the extent they are vague, ambiguous, overbroad, unduly burdensome, disproportionate to the needs of the case, compound, assume disputed facts, call for legal conclusions, or lack a reasonable temporal limitation.

Lansky also objects to the extent any RFA seeks information protected by the attorney-client privilege, common-interest doctrine, or attorney work-product doctrine, or seeks confidential/proprietary information of third parties.

Lansky also objects to any definitions, instructions, or assumptions that purport to impose obligations beyond or inconsistent with the Federal Rules of Civil Procedure, including Rules 26, 33, and 36. Notwithstanding the content of any Response, Lansky does not adopt Plaintiffs' definitions to the extent they are inconsistent with fact, contextually irrelevant an/or they are contrary to governing law.

Lansky responds only in his individual capacity, based on information reasonably available to him after a reasonable inquiry. By providing a Response, Lansky does not concede that the Response is relevant or admissible.

All objections are expressly preserved and incorporated into each Response below. Lansky reserves the right to supplement or amend these Responses as permitted by Rule 26(e).

Subject to and without waiving the foregoing General Objections, Lansky answers the RFAs below based on information presently known and reasonably available to him after a reasonable inquiry. These Responses are made primarily for purposes of this litigation and are not admissions for any other purpose. Lansky reserves the right to assert additional objections, to amend or supplement these Responses as permitted by Fed. R. Civ. P. 26(e), 33, and 36, and to withhold privileged information.

## RESPONSES

1.    Admit that Defendant Avid Telecom provides, or has provided, Interconnected VoIP Services.

*Specific Objections to RFA No. 1: Lansky objects to this request as irrelevant to the issues in this case, as written, and unlikely to lead to the discovery of relevant evidence. Lansky objects that this Request to the extent that the Request calls for a legal conclusion based on specialized definitions of "Interconnected VoIP Services," to which he does not agree. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*
*:*

**Response:   After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

2.    Admit that Defendant Avid Telecom provides, or has provided, Non-Interconnected VoIP Services.

*Specific Objections to RFA No. 2: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky objects that this Request to the extent that the Request calls for a legal conclusion based on specialized definitions of "Non-Interconnected VoIP Services" to which he does not agree. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response:   After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

3.      Admit that Defendant Avid Telecom provides, or has provided, VoIP

Services to its Upstream Provider customers.

*Specific Objections to RFA No. 3: Lansky objects to this request as irrelevant to the issues in this case, as written and unlikely to lead to the discovery of relevant evidence. Lansky objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions of "Upstream Provider" to which he does not agree. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that to the best of his current recollection, knowledge and belief, it is his  understanding that Avid Telecom provided VoIP Service to its Upstream Provider customers, pursuant to the terms of an agreement that, among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

4.      Admit that Defendant Avid Telecom provides, or has provided, Telephony

Services to its Upstream Provider customers.

Specific Objections to RFA No. 4: *Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions of "Telephony Services" and "Upstream Provider" to which he does not agree. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that to the best of his current recollection, knowledge and belief, it is his understanding that Avid Telecom provided Telephony Service to its Upstream Provider customers, pursuant to the terms of an agreement that, among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

5.      Admit that Defendant Avid Telecom purchases, or has purchased, VoIP

Services from its Downstream Provider customers.

*Specific Objections to RFA No. 5: Lansky objects to this request as irrelevant to the issues in*

*this case as written and unlikely to lead to the discovery of relevant evidence. Lansky objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions of "VoIP Services" and "Downstream Provider" to which he does not agree. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that to the best of his current recollection, knowledge and belief, it is his understanding that Avid Telecom has purchased VoIP Service from its Downstream Provider customers, pursuant to the terms of an agreement that, among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

6.     Admit that Defendant Avid Telecom purchases, or has purchased, Telephony Services from its Downstream Provider customers.

*Specific Objections to RFA No. 6: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions of "Telephony Services" and "Downstream Provider" to which he does not agree. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

7.     Admit that Defendant Avid Telecom specializes in the delivery of automated calls for its customers.

*Specific Objections to RFA No. 7: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky objects that this Request is vague and ambiguous (including as to the term "specializes") and argumentative to which he does not agree. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* denies that to the best of his current recollection, knowledge and belief, it is his understanding that Avid Telecom never "specialized" in the delivery of automated calls for its customers (a term which is also not defined).**

8.    Admit that Defendant Avid Telecom indicated in its Universal Service Fund

filings with the FCC that it conducted its business in all U.S. states and territories.

*Specific Objections to RFA No. 8: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky objects that this Request is vague and ambiguous (including as to the term "indicated" and "Conducted its business") and argumentative to which he does not agree. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, *Lansky* denies that, to the best of his current recollection, knowledge and belief, it is his understanding that Avid Telecom never "indicated" in in its Universal Service Fund filings with FCC that it conducted its business in all U.S(a term which is also not defined).**

9.    Admit that Defendant Avid Telecom has Transmitted calls into, and across,

the U.S. Voice Service network.

*Specific Objections to RFA No. 9: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky objects that this Request is vague and ambiguous. Specifically, Lansky objects to the suggestion that Avid Telecom Transmitted calls "into" the U.S. Voice Service network as a false premise as all calls that Avid Telecom allegedly Transmitted were already "in" the U.S. Voice Service network. As such, Lansky's Response does not address this false premise. Lansky also objects to this Request as the term "U.S. Voice Service network" is not defined and is not a term generally used in the telecom industry (i.e., there is not a single U.S. Voice Service network to which he does not agree. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that to the best of his current recollection, knowledge and belief, it is his understanding Avid Telecom has Transmitted calls into, and across, the U.S. Voice Service network, pursuant to the terms of an agreement that, among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls**

10.    Admit that You, either directly or through a third-party (e.g., a third-party switch provider), have never instituted or implemented any policies or processes regarding network-level blocking on Defendant Avid Telecom's network for one or more U.S.-based area codes from North American Numbering Plan numbers that would prevent Defendant Avid Telecom from Transmitting calls to called numbers with such area codes.

*Specific Objections to RFA No. 10: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request, which is compound (e.g., "instituted or implemented," "policies or processes," "directly or through a third-party"), vague, and overbroad as to time (using "never"). Lansky also objects to this Request as the term "third party switch provider" is not defined with sufficient specificity to permit a proper response. Lansky also objects to this Request to the extent it calls for the disclosure of attorney-client communications or attorney work product regarding blocking issues to which he does not agree. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, *Lansky* denies that, to the best of his current recollection, knowledge and belief, it is his understanding that Lansky has never, either directly or through a third-party (e.g., a third-party switch provider), have ever instituted or implemented any policies or processes regarding network-level blocking on Defendant Avid Telecom's network for one or more U.S.-based area codes from North American Numbering Plan numbers that would prevent Defendant Avid Telecom from Transmitting calls to called numbers with such area codes.**

11.    Admit that You, either directly or through a third-party (e.g., a third-party switch provider), have never instituted or implemented any policies or processes regarding network-level blocking on Defendant Avid Telecom's network for all U.S.-based area codes from North American Numbering Plan numbers assigned to any one of the Plaintiff States that would prevent Defendant Avid Telecom from Transmitting calls to called numbers for all area codes assigned to that state.

*Specific Objections to RFA No. 11: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request is compound, vague, and overbroad as to time (using "never"). Lansky*

*also objects to this Request to the extent that it is premised on the unproven and likely false assumption that Avid Telecom transited calls to "all U.S.-based area codes". Lansky further objects to the extent the Request calls for disclosure of privileged attorney-client communications or attorney work product concerning blocking policies to which he does not agree. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, *Lansky* denies that, to the best of his current recollection, knowledge and belief, it is his understanding that Lansky has never either directly or through a third-party (e.g., a third-party switch provider), have ever instituted or implemented any policies or processes regarding network-level blocking on Defendant Avid Telecom's network for all U.S.-based area codes from North American Numbering Plan numbers assigned to any one of the Plaintiff States that would prevent Defendant Avid Telecom from Transmitting calls to called numbers for all area codes assigned to that state.**

12.    Admit that, as an Interconnected VoIP Service provider, Defendant Avid Telecom used broadband internet technology to Transmit calls for its Upstream Provider customers.

*Specific Objections to RFA No. 12: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request of the basis to this Request as it assumes, without basis, that Avid Telecom was an "Interconnected VoIP Service" provider. Lansky also objects to this Request as the term "broadband internet technology" is not defined with sufficient specificity to permit a proper response to which he does not agree. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

13.    Admit that, as a Non-Interconnected VoIP Service provider, Defendant Avid Telecom used broadband internet technology to Transmit calls for its Upstream Provider customers.

*Specific Objections to RFA No. 13: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Lansky also objects to this request of the basis to this Request as it assumes, without basis, that Avid Telecom was an "Non-Interconnected VoIP Service" provider and that assumption is directly contrary to the assumption in the previous Request that Avid Telecom was an "Interconnected VoIP Service provider."  Lansky also objects to this Request as the term "broadband internet technology" is not defined with sufficient specificity to permit a proper response to which he does not agree.  Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

14.    Admit that Defendant Avid Telecom was issued at least 329 Traceback notifications from the USTelecom-led Industry Traceback Group.

*Specific Objections to RFA No. 14: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Lansky also objects to this request   is vague and ambiguous as to time and as to the phrase "at least 329," and as to whom "issued" refers (e.g., to Avid Telecom, to a specific person, or to a general inbox).  Lansky also objects that this Request on the basis that the term "Tracebacks notifications" is not a term with which he is familiar, nor is it commonly used in the telecom industry, to which he does not agree.  Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that to the best of his current recollection, knowledge and belief, it is his understanding Avid Telecom was issued atleast 329 Traceback notification froms the USTelecom-led industry Traceback group, pursuant to the terms of an agreement that, among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls**

15.     Admit that at least a portion of the audio recordings of prerecorded or artificial voice messages associated with Traceback requests received by Defendant Avid Telecom from the USTelecom-led Industry Traceback Group were obtained from the voicemail services of YouMail subscribers.

*Specific Objections to RFA No. 15: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Lansky also objects to this request on the basis to this Request as vague and ambiguous (e.g., "at least a portion"). Lansky objects to this Request because the allegation regarding YouMail lacks foundation and would require Lansky to speculate regarding the third-party sources (including YouMail) of certain unidentified audio recordings that have never been provided to him.  Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

16.     Admit that at least a portion of the calls referenced in Tracebacks related to Defendant Avid Telecom call traffic were prerecorded or artificial voice messages.

*Specific Objections to RFA No. 16: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Lansky also objects to this request of the basis to this Request as vague and ambiguous as the term "at least a portion" is not defined with sufficient specificity to permit a proper response. Lansky objects to this Request as vague and ambiguous as the term "related to Avid Telecom call traffic" is not defined with sufficient specificity to permit a proper response, including whether that term is intended to refer only to Tracebacks sent to Avid Telecom (as referenced in the previous Request) or some other set of Tracebacks.   Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

17.     Admit that at least a portion of the calls referenced in Tracebacks related to Defendant Avid Telecom call traffic were delivered to voicemail mailboxes.

*Specific Objections to RFA No. 17: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request on the basis to this Request as vague and ambiguous as the term "at least a portion" is not defined with sufficient specificity to permit a proper response. Lanksy objects to this Request as vague and ambiguous, as the term "related to Avid Telecom call traffic" is not defined with sufficient specificity to permit a proper response, including whether that term is intended to refer only to Tracebacks sent to Avid Telecom (as referenced in the previous Request) or some other set of Tracebacks. Lansky objects to this Request as vague and ambiguous as the term "voice mailboxes" is not defined with sufficient specificity to permit a proper response, including whether that term is intended to refer only to YouMail electronic "voice mailboxes" or to traditional stand-alone home voice mailboxes. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

18.    Admit that a CDR was generated for every call that was Transmitted over Defendant Avid Telecom's network.

*Specific Objections to RFA No. 18: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request is overbroad and unduly burdensome to the extent it seeks an unqualified admission about "every call". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that to the best of his current recollection, knowledge and belief, it is his understanding CDR was generated for every call that transmitted over Avid Telecom's network, pursuant to the terms of an agreement that, among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls**

19.    Admit that Defendant Avid Telecom used CDRs to bill for services it provided to its Upstream Provider customers.

*Specific Objections to RFA No. 19: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also*

*objects to this request is overbroad and unduly burdensome to the extent it seeks an unqualified admission about "every call". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that to the best of his current recollection, knowledge and belief, it is his understanding Avid Telecom used CDRs to bill for services it provided to its Upstream Provider customers, pursuant to the terms of an agreement that, among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

20.    Admit that Defendant Avid Telecom Transmitted calls across its network

where no other Voice Service Providers had Transmitted the call before it was accepted on

Defendant Avid Telecom's network.

*Specific Objections to RFA No. 20: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as vague, overbroad and unduly burdensome to the extent that it is unclear which calls are at issue. Lansky objects that this Request to the extent that it assumes without foundation that Avid Telecom has a "network" and that Avid Telecom transmits calls "across its network" and that it "accepted" calls on that network. Lansky also objects to this Request to the extent that it requires him to agree to the definition of Voice Service Provider that differs from his understanding of that term. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

21.    Admit that Defendant Avid Telecom offered rates for its outbound Voice

Service that differed based on call duration.

*Specific Objections to RFA No. 21: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request to the extent that it assumes without foundation that Avid Telecom had a single "Outbound Voice Service". Lansky also objects to this Request to the extent that it requires him to agree to the definition of Voice Service that differs from his understanding of that term. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above** *Lansky* **admits that to the best of his current recollection, knowledge and belief, it is his understanding Avid Telecom offered rates for its outbound Voice Service that differed based on call duration, pursuant to the terms of an agreement that, among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

22.    Admit that Defendant Avid Telecom offered a Voice Service product that

was intended to Transmit only Short Duration Call traffic.

*Specific Objections to RFA No. 22: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Lansky also objects to this request  to the extent that it requires him to agree to the definition of Voice Service product that differs from his understanding of that term.  Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above** *Lansky* **admits that to the best of his current recollection, knowledge and belief, it is his understanding Avid Telecom offered a Voice Service product that was intended to transmit only Short Duration Call traffic, pursuant to the terms of an agreement that, among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

23.    Admit that Defendant Avid Telecom had a Business Relationship with

Boomsourcing, LLC.

*Specific Objections to RFA No. 23: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Lansky also objects to this request is vague and ambiguous as to the term "Business Relationship".  Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above** *Lansky* **admits that to the best of his current recollection, knowledge and belief, it is his understanding Avid Telecom had a Business Relationship**

with Boomsourcing, LLC, pursuant to the terms of an agreement that, among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.

24.    Admit that Defendant Avid Telecom has received Compensation from Boomsourcing, LLC.

*Specific Objections to RFA No. 24: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Lansky objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.   Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that to the best of his current recollection, knowledge and belief, it is his understanding Avid Telecom has received compensation from Boomsourcing, LLC, pursuant to the terms of an agreement that, among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

25.    Admit that Defendant Avid Telecom has received Compensation from Mercury for services that Defendant Avid Telecom provided to Boomsourcing, LLC.

*Specific Objections to RFA No. 25: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Lansky objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.   Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

26.    Admit that Defendant Avid Telecom provided Compensation to Boomsourcing, LLC.

*Specific Objections to RFA No. 26: Lansky objects to this request as irrelevant to the issues in*

*this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was provided. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

27.    Admit that Defendant Avid Telecom provided Telephony Services to Boomsourcing, LLC.

*Specific Objections to RFA No. 27: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Telephony Services") to which he does not agree. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that to the best of his current recollection, knowledge and belief, it is his understanding Avid Telecom provided Telephony Services to Boomsourcing, LLC, pursuant to the terms of an agreement that, among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

28.    Admit that Boomsourcing, LLC was a Non-Provider Customer of Defendant Avid Telecom.

*Specific Objections to RFA No. 28: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky Reeves objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Non-Provider Customer") to which she does not agree. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Lansky denies that, to the best of his current recollection, knowledge and belief, the allegation Boomsourcing, LLC was a Non-Provider Customer of Defendant Avid Telecom.**

29.    Admit that, during the course of its Business Relationship with Boomsourcing, LLC, Defendant Avid Telecom Transmitted calls that it received directly from Boomsourcing, LLC.

*Specific Objections to RFA No. 29: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that to the best of his current recollection, knowledge and belief, it is his understanding during the course of its Business Relationship with Boomsourcing, LLC, Avid Telecom Transmitted calls that it received directly from Boomsourcing, LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

30.    Admit that, during the course of its Business Relationship with Boomsourcing, LLC, Defendant Avid Telecom Transmitted calls that it received from Boomsourcing, LLC where no other Voice Service Providers had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

*Specific Objections to RFA No. 30: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request is vague and ambiguous as to the term "Business Relationship". Lansky also objects to this request to the extent that it requires him to respond based on a definition of "Voice Service Provider" to which he does not agree. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

31.     Admit that, during the course of its Business Relationship with Boomsourcing, LLC, Defendant Avid Telecom Transmitted calls directly to Boomsourcing, LLC.

*Specific Objections to RFA No. 31: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Lansky denies that, to the best of his current recollection, knowledge and belief, the allegation during the course of its Business Relationship with Boomsourcing, LLC, Avid Telecom transmitted calls directly to Boomsourcing, LLC.**

32.     Admit that Defendant Avid Telecom had a Business Relationship with Glass Roots Marketing.

*Specific Objections to RFA No. 32: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that to the best of his current recollection, knowledge and belief, it is his understanding that Avid Telecom had a Business Relationship with Glass Roots Marketing, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

33.     Admit that Defendant Avid Telecom has received Compensation from Glass Roots Marketing.

*Specific Objections to RFA No. 33: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as vague and ambiguous to the extent that it does not set forth*

*the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that Avid Telecom has received Compensation from Glass Roots Marketing, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

34.     Admit that Defendant Avid Telecom provided Compensation to Glass Roots

Marketing.

*Specific Objections to RFA No. 34: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was provided. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Lansky denies that, to the best of his current recollection, knowledge and belief, the allegation Avid Telecom has provided Compensation to Glass Roots Marketing.**

35.     Admit that Defendant Avid Telecom provided Telephony Services to Glass

Roots Marketing.

*Specific Objections to RFA No. 35: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Telephony Services") to which he does not agree. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that to the best of his current recollection, knowledge and belief, it is his understanding that Avid Telecom provided Telephony Services to Glass Roots Marketing, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically**

**including without limitation, all state and federal regulations governing robocalls.**

36.    Admit that Glass Roots Marketing was a Non-Provider Customer of Defendant Avid Telecom.

*Specific Objections to RFA No. 36: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Lansky also objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Non-Provider Customer") to which he does not agree. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Lansky denies that, to the best of his current recollection, knowledge, and belief, the allegation that Glass Roots Marketing was a Non-Provider Customer of Avid Telecom.**

37.    Admit that, during the course of its Business Relationship with Glass Roots Marketing, Defendant Avid Telecom Transmitted calls that it received directly from Glass Roots Marketing.

*Specific Objections to RFA No. 37: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Lansky also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that to the best of his current recollection, knowledge and belief, it is his understanding that during the course of its Business Relationship with Glass Roots Marketing, Avid Telecom Transmitted calls that it received directly from Glass Roots Marketing, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

38.    Admit that, during the course of its Business Relationship with Glass Roots Marketing, Defendant Avid Telecom Transmitted calls that it received from Glass Roots

Marketing where no other Voice Service Providers had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

*Specific Objections to RFA No. 38: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request is vague and ambiguous as to the term "Business Relationship". Lansky also objects to this request to the extent that it requires him to respond based on a definition of "Voice Service Provider" to which he does not agree. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response:**

39.     Admit that, during the course of its Business Relationship with Glass Roots Marketing, Defendant Avid Telecom Transmitted calls directly to Glass Roots Marketing.

*Specific Objections to RFA No. 39: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Lansky denies that, to the best of his current recollection, knowledge, and belief, the allegation during the course of its Business Relationship with Glass Roots Marketing, Avid Telecom Transmitted calls directly to Glass Roots Marketing.**

40.     Admit that Defendant Avid Telecom had a Business Relationship with Zealous Services, Inc.

*Specific Objections to RFA No. 40: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that to the best of his current recollection, knowledge and belief, it is his understanding that  Avid Telecom had a Business Relationship with Zealous Services, Inc, pursuant to the terms of an agreement that**

among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.

41.    Admit that Defendant Avid Telecom has received Compensation from Zealous Services, Inc.

*Specific Objections to RFA No. 41: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that to the best of his current recollection, knowledge and belief, it is his understanding that  Avid Telecom has received Compensation from Zealous Services, Inc, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

42.    Admit that Defendant Avid Telecom provided Compensation to Zealous Services, Inc.

*Specific Objections to RFA No. 42: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was provided. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Lansky denies that, to the best of his current recollection, knowledge, and belief, the allegation Avid Telecom provided compensation to Zealous Services. Inc.**

43.    Admit that Defendant Avid Telecom provided Telephony Services to Zealous Services, Inc.

*Specific Objections to RFA No. 43: Lansky objects to this request as irrelevant to the issues*

*in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Telephony Services") to which he does not agree. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that to the best of his current recollection, knowledge and belief, it is his understanding that Avid Telecom provided Telephony Services to Zealous Services, Inc, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

44. Admit that Zealous Services, Inc. was a Non-Provider Customer of Defendant Avid Telecom.

*Specific Objections to RFA No. 44: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Non-Provider Customer") to which he does not agree. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Lansky denies that, to the best of his current recollection, knowledge, and belief, the allegation that Zealous Services, Inc. was a Non-Provider Customer of Avid Telecom**

45. Admit that, during the course of its Business Relationship with Zealous Services, Inc., Defendant Avid Telecom Transmitted calls that it received directly from Zealous Services, Inc.

*Specific Objections to RFA No. 45: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that to the best of his current recollection, knowledge and belief, it is his understanding that during the course of its Business Relationship with Zealous Services, Inc., Avid Telecom Transmitted calls that it received directly from Zealous Services, Inc, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

46.  Admit that, during the course of its Business Relationship with Zealous Services, Inc., Defendant Avid Telecom Transmitted calls that it received from Zealous Services, Inc. where no other Voice Service Providers had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

*Specific Objections to RFA No. 46: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request is vague and ambiguous as to the term "Business Relationship". Lansky also objects to this request to the extent that it requires him to respond based on a definition of "Voice Service Provider" to which he does not agree. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

47.  Admit that, during the course of its Business Relationship with Zealous Services, Inc., Defendant Avid Telecom Transmitted calls directly to Zealous Services, Inc.

*Specific Objections to RFA No. 47: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request is vague and ambiguous as to the term "Business Relationship". Lansky also objects to this request to the extent that it requires him to respond based on a definition of "Voice Service Provider" to which he does not agree. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific**

**Objections stated above, Lansky denies that, to the best of his current recollection, knowledge, and belief, the allegation during the course of its Business Relationship with Zealous Services, Inc., Avid Telecom Transmitted calls directly to Zealous Services, Inc.**

48.    Admit that Defendant Avid Telecom had a Business Relationship with

SipNav.

*Specific Objections to RFA No. 48: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that to the best of his current recollection, knowledge and belief, it is his understanding that during the course of its Business Relationship with Zealous Services, Inc., Avid Telecom had a Business Relationship with SipNav, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

49.    Admit that Defendant Avid Telecom provided Compensation to SipNav.

*Specific Objections to RFA No. 49: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was provided. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that to the best of his current recollection, knowledge and belief, it is his understanding that Avid Telecom provided Compensation to SipNav, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

50.    Admit that Defendant Avid Telecom had a Business Relationship with Dean

Hansen.

*Specific Objections to RFA No. 50: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that to the best of his current recollection, knowledge and belief, it is his understanding that Avid Telecom had a Business Relationship with Dean Hansen, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

51.    Admit that Defendant Avid Telecom has received Compensation from Dean

Hansen.

*Specific Objections to RFA No. 51: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Lansky denies that, to the best of his current recollection, knowledge, and belief, the allegation Avid Telecom has received Compensation from Deam Hansen.**

52.    Admit that Defendant Avid Telecom provided Compensation to Dean

Hansen.

*Specific Objections to RFA No. 52: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was provided. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that to the best of his current recollection, knowledge and belief, it is his understanding that Avid Telecom provided Compensation to Dean Hansen, pursuant to the terms of an agreement that among**

other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.

53.    Admit that Defendant Avid Telecom had a Business Relationship with Scott Presta.

*Specific Objections to RFA No. 53: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Lansky denies that, to the best of his current recollection, knowledge, and belief, the allegation Avid Telecom had a business relationship with Scott Presta.**

54.    Admit that Defendant Avid Telecom provided Compensation to Scott Presta.

*Specific Objections to RFA No. 54: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was provided. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Lansky denies that, to the best of his current recollection, knowledge, and belief, the allegation Avid Telecom provided Compensation to Scott Presta**

55.    Admit that Defendant Avid Telecom had a Business Relationship with Airespring.

*Specific Objections to RFA No. 55: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that to the best of his current recollection,**

**knowledge and belief, it is his understanding that Avid Telecom had a Business relationship with Airespring, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

56.    Admit that Defendant Avid Telecom has received Compensation from Airespring.

*Specific Objections to RFA No. 56: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that to the best of his current recollection, knowledge and belief, it is his understanding that Avid Telecom has received Compensation from Airespring, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

57.    Admit that, during the course of its Business Relationship with Airespring, Defendant Avid Telecom Transmitted calls that it received directly from Airespring.

*Specific Objections to RFA No. 57: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that to the best of his current recollection, knowledge and belief, it is his understanding that during the course of its Business Relationship with Airespring, Avid Telecom Transmitted calls that it received directly from Airespring, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

58.    Admit that Defendant Avid Telecom had a Business Relationship with

AllClear Connect.

*Specific Objections to RFA No. 57: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that to the best of his current recollection, knowledge and belief, it is his understanding that Avid Telecom had a Business Relationship with AllClear Connect, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

59.    Admit that Defendant Avid Telecom has received Compensation from

AllClear Connect.

*Specific Objections to RFA No. 59: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that to the best of his current recollection, knowledge and belief, it is his understanding that Avid Telecom has received compensation from AllClear Connect, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

60.    Admit that, during the course of its Business Relationship with AllClear Connect, Defendant Avid Telecom Transmitted calls that it received directly from AllClear Connect.

*Specific Objections to RFA No. 60: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that to the best of his current recollection, knowledge and belief, it is his understanding that during the course of its Business Relationship with AllClear Connect, Avid Telecom Transmitted calls that it received directly from AllClear Connect, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

61.    Admit that Defendant Avid Telecom had a Business Relationship with Autelecom LLC.

*Specific Objections to RFA No. 60: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that to the best of his current recollection, knowledge and belief, it is his understanding that Avid Telecom had a Business Relationship with Autelecom LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

62.    Admit that Defendant Avid Telecom has received Compensation from Autelecom LLC.

*Specific Objections to RFA No. 62: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that Avid Telecom has received compensation from Autelecom LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

63.    Admit that, during the course of its Business Relationship with Autelecom LLC, Defendant Avid Telecom Transmitted calls that it received directly from Autelecom LLC.

*Specific Objections to RFA No. 63: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that during the course of its Business Relationship with Autelecom LLC, Avid Telecom Transmitted calls that it received directly from Autelecom LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

64.    Admit that Defendant Avid Telecom had a Business Relationship with BestiumPro.

*Specific Objections to RFA No. 64: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that Avid Telecom had a Business Relationship with BestiumPro, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

65.    Admit that Defendant Avid Telecom has received Compensation from

BestiumPro.

*Specific Objections to RFA No. 65: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that Avid Telecom has received Copensation from BestiumPro, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

66.    Admit that, during the course of its Business Relationship with BestiumPro,

Defendant Avid Telecom Transmitted calls that it received directly from BestiumPro.

*Specific Objections to RFA No. 66: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that Avid Telecom has received Compensation from BestiumPro, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

67.    Admit that Defendant Avid Telecom had a Business Relationship with

Connexum LLC.

*Specific Objections to RFA No. 67: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that Avid Telecom had a Business Relationship with Connexum LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

68.    Admit that Defendant Avid Telecom has received Compensation from Connexum LLC.

*Specific Objections to RFA No. 68: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Lansky also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that Avid Telecom has received Compensation from Connexum LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

69.    Admit that, during the course of its Business Relationship with Connexum LLC, Defendant Avid Telecom Transmitted calls that it received directly from Connexum LLC.

*Specific Objections to RFA No. 69: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that during the course of its Business Relationship with Connexum LLC, Avid Telecom Transmitted Calls that it received directly from Connexum LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

      70.   Admit that Defendant Avid Telecom had a Business Relationship with

Contact Center Specialists LLC.

*Specific Objections to RFA No. 70: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that Avid Telecom had a Business Relationship with Contact Center Specialists LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

      71.   Admit that Defendant Avid Telecom has received Compensation from

Contact Center Specialists LLC

*Specific Objections to RFA No. 68: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that Avid Telecom received compensation from Contact Center Specialists LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations,**

**specifically including without limitation, all state and federal regulations governing robocalls.**

72.     Admit that, during the course of its Business Relationship with Contact Center Specialists LLC, Defendant Avid Telecom Transmitted calls that it received directly from Contact Center Specialists LLC.

*Specific Objections to RFA No. 72: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that during the course of its Business Relationship with Contact Center Specialists LLC, Avid Telecom Transmitted Calls that it received directly from Contact Center Specialists LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

73.     Admit that Defendant Avid Telecom had a Business Relationship with DID Central.

*Specific Objections to RFA No. 73: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that Avid Telecom had a Business Relationship with DID Central, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

74.    Admit that Defendant Avid Telecom has received Compensation from DID

Central.

*Specific Objections to RFA No. 68: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that Avid Telecom has received Compensation with DID Central, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

75.    Admit that, during the course of its Business Relationship with DID Central,

Defendant Avid Telecom Transmitted calls that it received directly from DID Central.

*Specific Objections to RFA No. 75: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that during the course of its Business Relationship with DID Central, Avid Telecom Transmitted Calls that it received directly from DID Central, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

76.    Admit that Defendant Avid Telecom had a Business Relationship with

Digital Media Solutions LLC.

*Specific Objections to RFA No. 75: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and*

*Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that Avid Telecom had a Business Relationship with Digital Media Solutions LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

77.     Admit that Defendant Avid Telecom has received Compensation from Digital Media Solutions LLC. for the provision of Voice Services.

*Specific Objections to RFA No. 77: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Lansky also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that Avid Telecom has received Compensation from Digital Media Solutions LLC for provision of Voice Services, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

78.     Admit that Defendant Avid Telecom has received Compensation from Digital Media Solutions LLC. for the provision of Telephony Services.

*Specific Objections to RFA No. 78: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Lansky also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that Avid Telecom has received Compensation from Digital Media Solutions LLC for provision of Telephony Services, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

79.    Admit that Digital Media Solutions LLC is not a Voice Service Provider.

*Specific Objections to RFA No. 79: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Voice Provider") to which he does not agree. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that Digital Media Solutions LLC is not a voice provider.**

80.    Admit that Digital Media Solutions LLC is not a provider of Telephony

Service.

*Specific Objections to RFA No. 80: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Telephony Service") to which he does not agree. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* denies that to the best of his current recollection, knowledge and belief, the allegation that Digital Media Solutions LLC is not a provider Telephony Service.**

81.    Admit that, during the course of its Business Relationship with Digital Media

Solutions LLC, Defendant Avid Telecom Transmitted calls from Digital Media Solutions

LLC where no other Voice Service Provider had Transmitted the call before it was accepted

on Defendant Avid Telecom's network.

*Specific Objections to RFA No. 81: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and*

*Specific objections, Lansky responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

82.    Admit that Defendant Avid Telecom had a Business Relationship with

Global Voicecom.

*Specific Objections to RFA No. 82: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that Avid Telecom had a Business Relationship with Global Voicecom, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

83.    Admit that Defendant Avid Telecom has received Compensation from

Global Voicecom.

*Specific Objections to RFA No. 78: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Lansky also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that Avid Telecom has received compensation from Global Voicecom, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

84.    Admit that, during the course of its Business Relationship with Global

Voicecom, Defendant Avid Telecom Transmitted calls that it received directly from Global

Voicecom.

*Specific Objections to RFA No. 84: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that during the course of its Business Relationship with Global Voicecom, Avid Telecom Transmitted Calls that it received directly from Global Voicecom, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

85.    Admit that Defendant Avid Telecom had a Business Relationship with Great

Lakes Communication.

*Specific Objections to RFA No. 85: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that Avid Telecom had a Business Relationship with Great Lakes Communcation, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

86.    Admit that Defendant Avid Telecom has received Compensation from Great

Lakes Communication.

*Specific Objections to RFA No. 78: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Lansky also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above** *Lansky* **admits that Avid Telecom has received Compensation from Great Lakes Communication, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

87.    Admit that, during the course of its Business Relationship with Great Lakes Communication, Defendant Avid Telecom Transmitted calls that it received directly from Great Lakes Communication.

*Specific Objections to RFA No. 87: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above** *Lansky* **admits that during the course of its Business Relationship with Great Lakes Communication, Avid Telecom Transmitted Calls that it received directly from Great Lakes Communication, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

88.    Admit that Defendant Avid Telecom had a Business Relationship with Icon Global Services.

*Specific Objections to RFA No. 87: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above** *Lansky* **admits that Avid Telecom had a Business Relationship with Icon Global Services, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid**

**Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

89.    Admit that Defendant Avid Telecom has received Compensation from Icon Global Services.

*Specific Objections to RFA No. 89: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that Avid Telecom has received Compensation from Icon Global Services, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

90.    Admit that, during the course of its Business Relationship with Icon Global Services, Defendant Avid Telecom Transmitted calls that it received directly from Icon Global Services.

*Specific Objections to RFA No. 90: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that during the course of its Business Relationship with Icon Global Services, Avid Telecom Transmitted Calls that it received directly from Icon Global Services, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

91.     Admit that Defendant Avid Telecom had a Business Relationship with

Virtual Telecom/Mobi Telecom LLC.

*Specific Objections to RFA No. 91: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that Avid Telecom had a Business Relationship with Virtual Telecom/Mobi Telecom LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

92.     Admit that Defendant Avid Telecom has received Compensation from

Virtual Telecom/Mobi Telecom LLC.

*Specific Objections to RFA No. 92: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that Avid Telecom has received Compensation from Virtual Telecom/Mobi Telecom LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

93.     Admit that, during the course of its Business Relationship with Virtual

Telecom/Mobi Telecom LLC, Defendant Avid Telecom Transmitted calls that it received

directly from Virtual Telecom/Mobi Telecom LLC.

*Specific Objections to RFA No. 93: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that during the course of its Business Relationship with Virtual Telecom/Mobi Telecom LLC, Avid Telecom Transmitted Calls that it received directly from Virtual Telecom/Mobi Telecom LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

94.    Admit that Defendant Avid Telecom had a Business Relationship with Modok Telecom.

*Specific Objections to RFA No. 94: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits Avid had a Business Relationship with Modok Telecom, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

95.    Admit that Defendant Avid Telecom has received Compensation from Modok Telecom.

*Specific Objections to RFA No. 95: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Lansky also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits Avid has received Compensation from Modok Telecom, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

96.    Admit that, during the course of its Business Relationship with Modok Telecom, Defendant Avid Telecom Transmitted calls that it received directly from Modok Telecom.

*Specific Objections to RFA No. 96: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that during the course of its Business Relationship with Modok Telecom, Avid Telecom Transmitted Calls that it received directly from Modok Telecom, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

97.    Admit that Defendant Avid Telecom had a Business Relationship with NGL Communications LLC.

*Specific Objections to RFA No. 97: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits Avid Telecom had a Business Relationship with NGL communication LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically**

**including without limitation, all state and federal regulations governing robocalls.**

98.    Admit that Defendant Avid Telecom has received Compensation from NGL Communications LLC.

*Specific Objections to RFA No. 98: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Lansky also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits Avid Telecom has received Compensation from NGL communication LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

99.    Admit that, during the course of its Business Relationship with NGL Communications LLC, Defendant Avid Telecom Transmitted calls that it received directly from NGL Communications LLC.

*Specific Objections to RFA No. 99: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence.  Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that during the course of its Business Relationship with NGL Communication, Avid Telecom Transmitted Calls that it received directly from NGL Communication, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

100.    Admit that Defendant Avid Telecom had a Business Relationship with Perfect Pitch Technology, LLC.

*Specific Objections to RFA No. 100 : Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits Avid Telecom had a Business Relationship with Perfect Pitch Technology, LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

101.    Admit that Defendant Avid Telecom has received Compensation from

Perfect Pitch Technology, LLC.

*Specific Objections to RFA No. 101: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits Avid Telecom has received Compensation from Perfect Pitch Technology, LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

102.    Admit that Defendant Avid Telecom provided Compensation to Perfect Pitch

Technology, LLC.

*Specific Objections to RFA No. 102: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was provided. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Lansky denies that, to the best of his current recollection, knowledge and belief, the allegation Avid Telecom provided Compensation to Perfect Pitch Technology, LLC.**

103.    Admit that Defendant Avid Telecom provided Telephony Services to Perfect

Pitch Technology, LLC.

*Specific Objections to RFA No. 103: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Telephony Services") to which he does not agree. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits Avid Telecom provided Telephony Services to Perfect Pitch Technology, LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

104.    Admit that Perfect Pitch Technology, LLC was a Non-Provider Customer of

Defendant Avid Telecom.

*Specific Objections to RFA No. 104: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Non-Provider Customer") to which he does not agree. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Lansky denies that, to the best of his current recollection, knowledge and belief, the allegation Perfect Pitch Technology, LLC was a Non-Provider Customer of Avid Telecom.**

105.    Admit that, during the course of its Business Relationship with Perfect Pitch

Technology, LLC, Defendant Avid Telecom Transmitted calls that it received directly from

Perfect Pitch Technology, LLC.

*Specific Objections to RFA No. 105: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits that during the course of its Business Relationship with Perfect Pitch Technolog, LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

106.    Admit that, during the course of its Business Relationship with Perfect Pitch Technology, LLC, Defendant Avid Telecom Transmitted calls that it received from Perfect Pitch Technology, LLC where no other Voice Service Providers had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

*Specific Objections to RFA No. 106: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request is vague and ambiguous as to the term "Business Relationship". Lansky also objects to this request to the extent that it requires him to respond based on a definition of "Voice Service Provider" to which he does not agree. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

107.    Admit that, during the course of its Business Relationship with Perfect Pitch Technology, LLC, Defendant Avid Telecom Transmitted calls directly to Perfect Pitch Technology, LLC.

*Specific Objections to RFA No. 107: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Lansky denies that, to the best of his current recollection, knowledge and belief, the allegation during the course of the Business Relationship with Perfect Pitch Technology, LLC, Avid Telecom Transmitted calls directly to Perfect Pitch Technology, LLC.**

     108.   Admit that Defendant Avid Telecom had a Business Relationship with R

Squared / 200 Networks.

*Specific Objections to RFA No. 108: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits Avid Telecom had a Business Relationship with R Squared/ 200 Networks, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

     109.   Admit that Defendant Avid Telecom has received Compensation from R

Squared / 200 Networks.

*Specific Objections to RFA No. 102: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits Avid Telecom has received Compensation from R Squared/ 200 Networks, pursuant to the terms of an agreement that among**

other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.

110.    Admit that, during the course of its Business Relationship with R Squared / 200 Networks, Defendant Avid Telecom Transmitted calls that it received directly from R Squared / 200 Networks.

*Specific Objections to RFA No. 110: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits during the course of its Business Relationship with R Squared/ 200 Networks, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

111.    Admit that Defendant Avid Telecom had a Business Relationship with Sipnex Telecom LLC.

*Specific Objections to RFA No. 111: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits Avid Telecom had a Business Relationship with Sipnex Telecom LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

112.    Admit that Defendant Avid Telecom has received Compensation from Sipnex Telecom LLC.

*Specific Objections to RFA No. 112: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above** ***Lansky*** **admits Avid Telecom has received Compensation from Sipnex Telecom LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

113.    Admit that, during the course of its Business Relationship with Sipnex Telecom LLC, Defendant Avid Telecom Transmitted calls that it received directly from Sipnex Telecom LLC.

*Specific Objections to RFA No. 113: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above** ***Lansky*** **admits that during the course of its Business Relationship with Sipnex Telecom, LLC, Avid Telecom Transmitted calls that it received directly from Sipnex Telecom, LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

114.    Admit that Defendant Avid Telecom had a Business Relationship with StrategicIT.

*Specific Objections to RFA No. 114: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business*

*Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits Avid Telecom had a Business Relationship with StrategicIT, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

115.    Admit that Defendant Avid Telecom has received Compensation from

StrategicIT.

*Specific Objections to RFA No. 115: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits Avid Telecom has received Compensation from StrategicIT, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

116.    Admit that, during the course of its Business Relationship with StrategicIT,

Defendant Avid Telecom Transmitted calls that it received directly from StrategicIT.

*Specific Objections to RFA No. 116: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits during the course of its Business relationship with StrategicIT, Avid Telecom Transmitted calls that it received directly from StrategicIT, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without**

**limitation, all state and federal regulations governing robocalls.**

117.    Admit that Defendant Avid Telecom had a Business Relationship with TCA

VoIP / Telecom Carrier Access / TeleSpan.

*Specific Objections to RFA No. 117: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits Avid Telecom had a Business Relationship with TCA VoIP/ Telecom Carrier Access/ TeleSpan, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

118.    Admit that Defendant Avid Telecom received Compensation from TCA

VoIP / Telecom Carrier Access / TeleSpan.

*Specific Objections to RFA No. 118: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits Avid Telecom has received Compensation from with TCA VoIP/ Telecom Carrier Access/ TeleSpan, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

119.    Admit that, during the course of its Business Relationship with TCA VoIP /

Telecom Carrier Access / TeleSpan, Defendant Avid Telecom Transmitted calls that it

received directly from TCA VoIP / Telecom Carrier Access / TeleSpan.

*Specific Objections to RFA No. 119: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits during the course of its Business Relationship with TCA VoIP/ Telecom Carrier Access/ Telespan, Avid Telecom Transmitted Calls that it received directly from TCA VoIP/ Telecom Carrier Access/ Telespan, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

120.    Admit that Defendant Avid Telecom had a Business Relationship with

Telcast Network / Voovertel.

*Specific Objections to RFA No. 120: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits Avid Telecom had Business with Telcast Network/ Voovertel Relationship, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

121.    Admit that Defendant Avid Telecom received Compensation from Telcast

Network / Voovertel.

*Specific Objections to RFA No. 121: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as*

*follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits Avid Telecom has received Compensation from Telcast Network/ Voovertel Relationship, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

122.    Admit that, during the course of its Business Relationship with Telcast Network / Voovertel, Defendant Avid Telecom Transmitted calls that it received directly from Telcast Network / Voovertel.

*Specific Objections to RFA No. 122: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits Avid Telecom Transmitted calls that it received directly from Telcast Network/ Voovertel Relationship, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

123.    Admit that Defendant Avid Telecom had a Business Relationship with Telesero / Fiducia.

*Specific Objections to RFA No. 123: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits Avid Telecom had a Business Relationship with Telesero/ Fidcuia, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid**

Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.

124.    Admit that Defendant Avid Telecom has received Compensation from Telesero / Fiducia.

*Specific Objections to RFA No. 124: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits Avid Telecom has received Compensation from Telesero/ Fidcuia, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

125.    Admit that, during the course of its Business Relationship with Telesero / Fiducia, Defendant Avid Telecom Transmitted calls that it received directly from Telesero / Fiducia.

*Specific Objections to RFA No. 125: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits Avid Telecom Transmitted calls that it received directly from from Telesero/ Fidcuia, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls**

126.    Admit that Defendant Avid Telecom had a Business Relationship with Tellza

/ Phonetime / Matchcom.

*Specific Objections to RFA No. 126: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above** *Lansky* **admits Avid Telecom had a Business Relationship with Tellza/Phonetime/ Matchcom, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls**

127.    Admit that Defendant Avid Telecom has received Compensation from Tellza

/ Phonetime / Matchcom.

*Specific Objections to RFA No. 127: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above** *Lansky* **admits Avid Telecom has received Compensation from Tellza/Phonetime/ Matchcom, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls**

128.    Admit that, during the course of its Business Relationship with Tellza /

Phonetime / Matchcom, Defendant Avid Telecom Transmitted calls that it received directly

from Tellza / Phonetime / Matchcom.

*Specific Objections to RFA No. 128: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and*

*Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above** *Lansky* **admits Avid Telecom Transmitted Calls that it received directly from Tellza/Phonetime/ Matchcom, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls**

129.    Admit that Defendant Avid Telecom had a Business Relationship with Third Rock Telecom.

*Specific Objections to RFA No. 129: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above** *Lansky* **admits Avid Telecom had a Business relationship with Third Rock Telecom, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls**

130.    Admit that Defendant Avid Telecom has received Compensation from Third Rock Telecom.

*Specific Objections to RFA No. 130: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above** *Lansky* **admits Avid Telecom has received compensation from Third Rock Telecom, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls**

131.    Admit that, during the course of its Business Relationship with Third Rock Telecom, Defendant Avid Telecom Transmitted calls that it received directly from Third Rock Telecom.

*Specific Objections to RFA No. 131: Lansky objects to this request as irrelevant to the issues in this case, as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits Avid Telecom Transmitted calls directly form Third Rock Telecom, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

132.    Admit that Defendant Avid Telecom had a Business Relationship with TouchTone.

*Specific Objections to RFA No. 132: Lansky objects to this request as irrelevant to the issues in this case, as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits Avid Telecom had a Business Relationship with TouchTone, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

133.    Admit that Defendant Avid Telecom has received Compensation from TouchTone.

*Specific Objections to RFA No. 133: Lansky objects to this request as irrelevant to the*

*issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits Avid Telecom has received Compensation from TouchTone, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

134.    Admit that, during the course of its Business Relationship with TouchTone,

Defendant Avid Telecom Transmitted calls that it received directly from TouchTone.

*Specific Objections to RFA No. 134: Lansky objects to this request as irrelevant to the issues in this case, as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits Avid Telecom Transmitted calls that it received directly from TouchTone, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

135.    Admit that Defendant Avid Telecom had a Business Relationship with

Trixcom / Vibtree Technologies, LLC.

*Specific Objections to RFA No. 135: Lansky objects to this request as irrelevant to the issues in this case, as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits Avid Telecom had a Business Relationship with Trixcom/Vibtree Technologies, LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they**

sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.

136.    Admit that Defendant Avid Telecom has received Compensation from Trixcom / Vibtree Technologies, LLC.

*Specific Objections to RFA No. 136: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits Avid Telecom has received Compensation from Trixcom/Vibtree Technologies, LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

137.    Admit that, during the course of its Business Relationship with Trixcom / Vibtree Technologies, LLC, Defendant Avid Telecom Transmitted calls that it received directly from Trixcom / Vibtree Technologies, LLC.

*Specific Objections to RFA No. 137: Lansky objects to this request as irrelevant to the issues in this case, as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits Avid Telecom Transmitted Calls that it received directly from Trixcom/Vibtree Technologies, LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

138.    Admit that Defendant Avid Telecom had a Business Relationship with Urth

Access, LLC.

*Specific Objections to RFA No. 138: Lansky objects to this request as irrelevant to the issues in this case, as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits Avid Telecom had a Business Relationship with Urth Access, LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

139.    Admit that Defendant Avid Telecom has received Compensation from Urth

Access, LLC.

*Specific Objections to RFA No. 139: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits Avid Telecom has received Compensation from  Urth Access, LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

140.    Admit that Defendant Avid Telecom received Compensation from Tracto,

LLC. for service provided by Defendant Avid Telecom to Urth Access, LLC.

*Specific Objections to RFA No. 140: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as vague and ambiguous to the extent that it does not*

*set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

141.    Admit that Defendant Avid Telecom received Compensation from Creditum,

LLC. for service provided by Defendant Avid Telecom to Urth Access, LLC.

*Specific Objections to RFA No. 140: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

142.    Admit that, during the course of its Business Relationship with Urth Access,

LLC, Defendant Avid Telecom Transmitted calls that it received directly from Urth

Access, LLC.

*Specific Objections to RFA No. 142: Lansky objects to this request as irrelevant to the issues in this case, as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits Avid Telecom Transmitted calls that it received directly from from Urth Access, LLC, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

143.    Admit that Defendant Avid Telecom had a Business Relationship with VOIP

Terminator / BL Marketing.

*Specific Objections to RFA No. 143: Lansky objects to this request as irrelevant to the issues in this case, as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits Avid Telecom had a Business Relationship with VoIP Terminator/ BL Marketing, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

144.    Admit that Defendant Avid Telecom has received Compensation from VOIP

Terminator / BL Marketing.

*Specific Objections to RFA No. 144: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits Avid Telecom has received Compensation from VoIP Terminator/ BL Marketing, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

145.    Admit that, during the course of its Business Relationship with VOIP

Terminator / BL Marketing, Defendant Avid Telecom Transmitted calls that it received

directly from VOIP Terminator / BL Marketing.

*Specific Objections to RFA No. 145: Lansky objects to this request as irrelevant to the issues in this case, as written, and unlikely to lead to the discovery of relevant evidence.*

*Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits Avid Telecom Transmitted Calls that it received directly from VoIP Terminator/ BL Marketing, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

146.    Admit that Defendant Avid Telecom had a Business Relationship with Vultik Inc.

*Specific Objections to RFA No. 146: Lansky objects to this request as irrelevant to the issues in this case, as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits Avid Telecom had a Business Relationship with Vultik Inc, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

147.    Admit that Defendant Avid Telecom has received Compensation from Vultik Inc.

*Specific Objections to RFA No. 147: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits Avid Telecom has received Compensation from Vultik Inc, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

148.    Admit that, during the course of its Business Relationship with Vultik Inc.,

Defendant Avid Telecom Transmitted calls that it received directly from Vultik Inc.

*Specific Objections to RFA No. 146: Lansky objects to this request as irrelevant to the issues in this case, as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits Avid Telecom Transmitted calls that it received directly from Vultik Inc, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

149.    Admit that Defendant Avid Telecom had a Business Relationship with Yodel

Technologies / Yodel Voice.

*Specific Objections to RFA No. 149: Lansky objects to this request as irrelevant to the issues in this case, as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits Avid Telecom had a Business Relationship with Yodel Technologies/Yodel Voice, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

150.    Admit that Defendant Avid Telecom has received Compensation from Yodel

Technologies / Yodel Voice.

*Specific Objections to RFA No. 150: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without*

*limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits Avid Telecom has received Compensation from Yodel Technologies/Yodel Voice, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

151.    Admit that Defendant Avid Telecom provided Compensation to Yodel

Technologies / Yodel Voice.

*Specific Objections to RFA No. 151: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was provided. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Lansky denies that, to the best of his current recollection, knowledge and belief, the allegation that Avid Telecom provided Compensation to Yodel Technologies/ Yodel Voice.**

152.    Admit that Defendant Avid Telecom provided Telephony Services to Yodel

Technologies / Yodel Voice.

*Specific Objections to RFA No. 152: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Telephony Services") to which he does not agree. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits Avid Telecom provided Telephony Services to Yodel Technologies/Yodel Voice, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically**

**including without limitation, all state and federal regulations governing robocalls.**

153.    Admit that Yodel Technologies / Yodel Voice was a Non-Provider Customer of Defendant Avid Telecom.

*Specific Objections to RFA No. 152: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects that this Request, to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Non-Provider Customer") to which he does not agree. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Lansky denies that, to the best of his current recollection, knowledge, and belief, the allegation that Yodel Technologies/ Yodel was a Non-Provider Customer of Avid Telecom**

154.    Admit that, during the course of its Business Relationship with Yodel Technologies / Yodel Voice, Defendant Avid Telecom Transmitted calls that it received directly from Yodel Technologies / Yodel Voice.

*Specific Objections to RFA No. 154: Lansky objects to this request as irrelevant to the issues in this case, as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits Avid Telecom Transmitted Calls that it received directly from Yodel Technologies/Yodel Voice, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls**

155.    Admit that, during the course of its Business Relationship with Yodel Technologies / Yodel Voice, Defendant Avid Telecom Transmitted calls that it received

from Yodel Technologies / Yodel Voice where no other Voice Service Providers had

Transmitted the call before it was accepted on Defendant Avid Telecom's network.

*Specific Objections to RFA No. 155: Lansky objects to this request as irrelevant to the issues in this case, as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

156.    Admit that, during the course of its Business Relationship with Yodel

Technologies / Yodel Voice, Defendant Avid Telecom Transmitted calls directly to Yodel

Technologies / Yodel Voice.

*Specific Objections to RFA No. 156: Lansky objects to this request as irrelevant to the issues in this case, as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Lansky denies that, to the best of his current recollection, knowledge, and belief, the allegation Avid Telecom Transmitted calls directly to Yodel Technologies/ Yodel Voice.**

157.    Admit that Defendants Avid Telecom and Lansky were issued a civil

investigative demand on August 1, 2022, by the Office of the Indiana Attorney General.

*Specific Objections to RFA No. 157: Lansky objects to this request as irrelevant to the issues in this case, as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous. ". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*
.

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Lansky denies that, to the best of his current recollection, knowledge, and belief, the allegation that Lansky was issued a civil investigative**

**demand on August 1, 2022 by the Office of the Indiana Attorney General transmitted.**

158.    Admit that Defendants Avid Telecom and Lansky did not produce any documents or answers in response to the Requests for Production and Interrogatories, respectively, set forth in the civil investigative demand issued on August 1, 2022, by the Office of the Indiana Attorney General.

*Specific Objections to RFA No. 158: This RFA is compound (documents and answers), vague and ambiguous (including what constitutes "produce any"), calls for legal and procedural conclusions regarding a government investigative demand. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Lansky denies that, to the best of his current recollection, knowledge and belief, the allegation that Avid Telecom and Lansky did not produce any documents or answers in response to the Request for Production and Interrogatories, respectively, set forth in the Civil investigative demand issued on August 1, 2022, by the Office of Indian Attorney General.**

159.    Admit that Defendant Avid Telecom had a Business Relationship with All Access Telecom.

*Specific Objections to RFA No. 159: Lansky objects to this request as irrelevant to the issues in this case, as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above *Lansky* admits Avid Telecom had a Business Relationship with All Access Telecom, pursuant to the terms of an agreement that among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls**

160.    Admit that Defendant Avid Telecom provided Compensation to All Access

Telecom.

*Specific Objections to RFA No. 160: Lansky objects to this request as irrelevant to the issues in this case as written, and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was provided. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted**

161.    Admit that, during the course of its Business Relationship with All Access Telecom, Defendant Avid Telecom Transmitted calls directly to All Access Telecom.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted**

162.    Admit that the files consisting of CDRs produced by All Access Telecom to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143523— satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA No. 162: Lansky objects to this request as irrelevant to the issues in this case, as written, and unlikely to lead to the discovery of relevant evidence. Lansky objects that this Request to the extent that the Request calls for a legal conclusion. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

163.    Admit that Defendant Avid Telecom had a Business Relationship with

Bandwidth.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted**

164.    Admit that Defendant Avid Telecom provided Compensation to Bandwidth.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response**: **Admitted**

165.    Admit that, during the course of its Business Relationship with Bandwidth, Defendant Avid Telecom Transmitted calls directly to Bandwidth.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted**

166.    Admit that the files consisting of CDRs produced by Bandwidth to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143524—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky objects that this Request to the extent the Request calls for a legal conclusion. Lansky also objects to this*

*Request to the extent is directed to his, in his personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

167. Admit that Defendant Avid Telecom had a Business Relationship with Call48 - HFA Services - Skye Telecom.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted.**

168. Admit that Defendant Avid Telecom provided Compensation to Call48 - HFA Services - Skye Telecom.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response**: **Admitted.**

169. Admit that, during the course of its Business Relationship with Call48 - HFA Services - Skye Telecom, Defendant Avid Telecom Transmitted calls directly to Call48 - HFA Services - Skye Telecom.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted**

170.    Admit that the files consisting of CDRs produced by Call48 - HFA Services Skye Telecom to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143620—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky objects that this Request to the extent the Request calls for a legal conclusion. Lansky also objects to this Request to the extent is directed to his, in his personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

171. Admit that Defendant Avid Telecom had a Business Relationship with Carrier Connect Corp.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted.**

172. Admit that Defendant Avid Telecom provided Compensation to Carrier Connect Corp.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response**: **Admitted.**

173. Admit that, during the course of its Business Relationship with Carrier Connect Corp, Defendant Avid Telecom Transmitted calls directly to Carrier Connect Corp.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted.**

174. Admit that the files consisting of CDRs produced by Carrier Connect Corp to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143520— satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky objects that this Request to the extent the Request calls for a legal conclusion. Lansky also objects to this Request to the extent is directed to his, in his personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

175. Admit that Defendant Avid Telecom had a Business Relationship with Dorial Telecom.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted.**

176. Admit that Defendant Avid Telecom provided Compensation to Dorial Telecom.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response**: **Admitted.**

177. Admit that, during the course of its Business Relationship with Dorial Telecom, Defendant Avid Telecom Transmitted calls directly to Dorial Telecom.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response**: **Admitted.**

178. Admit that the files consisting of CDRs produced by Dorial Telecom to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143621 through AGTF_000143630—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky objects that this Request to the extent the Request calls for a legal conclusion. Lansky also objects to this Request to the extent is directed to his, in his personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

179. Admit that Defendant Avid Telecom provided Compensation to G4 Telecom.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response**: **Admitted.**

180.    Admit that, during the course of its Business Relationship with G4 Telecom,

Defendant Avid Telecom Transmitted calls directly to G4 Telecom.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response**: **Admitted**

181. Admit that, during the course of its Business Relationship with G4 Telecom,

Defendant Avid Telecom Transmitted calls directly to G4 Telecom

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted.**

182. Admit that the files consisting of CDRs produced by G4 Telecom to the Plaintiff State

of North Carolina in response to a civil investigative demand issued on January 18,

2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003

production and which file names are enumerated on AGTF_000143639— satisfy Fed.

R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky objects that this Request to the extent the Request calls for a legal conclusion. Lansky also objects to this*

*Request to the extent is directed to his, in his personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services.  Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

183.    Admit that Defendant Avid Telecom had a Business Relationship with

Inteliquent - Sinch - Neutral Tandem.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted.**

184.    Admit that Defendant Avid Telecom provided Compensation to Inteliquent

– Sinch – Neutral Tandem.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Lansky objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted.**

185.Admit that, during the course of its Business Relationship with Inteliquent - Sinch - Neutral Tandem, Defendant Avid Telecom Transmitted calls directly to Inteliquent- Sinch - Neutral Tandem.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Lansky also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response**: **Admitted.**

186.    Admit that the files consisting of CDRs produced by Inteliquent - Sinch -

Neutral Tandem to the Plaintiff State of North Carolina in response to a civil investigative

demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143509 through AGTF_000143511—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky objects that this Request to the extent the Request calls for a legal conclusion. Lansky also objects to this Request to the extent is directed to his, in his personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

187.    Admit that Defendant Avid Telecom had a Business Relationship with NGN Latam Corp - Datora Telecom.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted.**

188.    Admit that Defendant Avid Telecom provided Compensation to NGN Latam Corp – Datora Telecom.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response**: **Admitted.**

189.    Admit that, during the course of its Business Relationship with NGN Latam Corp - Datora Telecom, Defendant Avid Telecom Transmitted calls directly to NGN Latam

Corp - Datora Telecom.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted.**

190.    Admit that the files consisting of CDRs produced by NGN Latam Corp - Datora Telecom to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143525 through AGTF_000143544—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky objects that this Request to the extent the Request calls for a legal conclusion. Lansky also objects to this Request to the extent is directed to his, in his personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

191.    Admit that Defendant Avid Telecom had a Business Relationship with Peerless Network - Airus.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted.**

192.    Admit that Defendant Avid Telecom provided Compensation to Peerless

Network – Airus.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response**: **Admitted.**

193.    Admit that, during the course of its Business Relationship with Peerless Network - Airus, Defendant Avid Telecom Transmitted calls directly to Peerless Network - Airus.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted.**

194.    Admit that the files consisting of CDRs produced by Peerless Network - Airus to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143618—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky objects that this Request to the extent the Request calls for a legal conclusion. Lansky also objects to this Request to the extent is directed to his, in his personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

195.    Admit that Defendant Avid Telecom had a Business Relationship with PNG Telecomms - PowerNet Global Communications.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted.**

196.    Admit that Defendant Avid Telecom provided Compensation to PNG Telecomms – PowerNet Global Communications.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Lansky objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted.**

197.    Admit that, during the course of its Business Relationship with PNG Telecomms - PowerNet Global Communications, Defendant Avid Telecom Transmitted calls directly to PNG Telecomms - PowerNet Global Communications.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Lansky also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Denied**

198.    Admit that the files consisting of CDRs produced by PNG Telecomms - PowerNet Global Communications to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to

Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143638—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky objects that this Request to the extent the Request calls for a legal conclusion. Lansky also objects to this Request to the extent is directed to his, in his personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

199.    Admit that Defendant Avid Telecom had a Business Relationship with Qwality Tel.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted**.

200.    Admit that Defendant Avid Telecom provided Compensation to Qwality Tel.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response**: **Admitted.**

201.    Admit that, during the course of its Business Relationship with Qwality Tel, Defendant Avid Telecom Transmitted calls directly to Qwality Tel.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this*

*request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted.**

202.    Admit that the files consisting of CDRs produced by Qwality Tel to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143519—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Lansky objects that this Request to the extent the Request calls for a legal conclusion.  Lansky also objects to this Request to the extent is directed to his, in his personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services.  Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

 **Response:   After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

203.    Admit that Defendant Avid Telecom had a Business Relationship with Red Telecom LLC.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted.**

204.    Admit that Defendant Avid Telecom provided Compensation to Red Telecom LLC.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Lansky objects to this request*

*as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response**: **Admitted.**

205.    Admit that Defendant Avid Telecom received Compensation from Red Telecom LLC.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Lansky objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted.**

206.    Admit that, during the course of its Business Relationship with Red Telecom LLC, Defendant Avid Telecom Transmitted calls that it received directly from Red Telecom LLC.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted.**

207.    Admit that, during the course of its Business Relationship with Red Telecom LLC, Defendant Avid Telecom Transmitted calls directly to Red Telecom LLC.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Lansky also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted**

208. Admit that the files consisting of CDRs produced by Red Telecom to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143521 through AGTF_000143522—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky objects that this Request to the extent the Request calls for a legal conclusion. Lansky also objects to this Request to the extent is directed to his, in his personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

209. Admit that Defendant Avid Telecom had a Business Relationship with RingSquared - Magna5 Telecom - NovaTel.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted.**

210. Admit that Defendant Avid Telecom provided Compensation to RingSquared – Magna5 Telecom – NovaTel.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted.**

211. Admit that, during the course of its Business Relationship with RingSquared

- Magna5 Telecom - NovaTel, Defendant Avid Telecom Transmitted calls directly to

RingSquared - Magna5 Telecom - NovaTel.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted.**

212. Admit that the files consisting of CDRs produced by RingSquared - Magna5

Telecom - NovaTel to the Plaintiff State of North Carolina in response to a civil

investigative demand issued on January 18, 2023—which files were produced to

Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are

enumerated on AGTF_000143594 through AGTF_000143595—satisfy Fed. R. Evid.

803(6)(A)–(C).

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky objects that this Request to the extent the Request calls for a legal conclusion. Lansky also objects to this Request to the extent is directed to his, in his personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

213. Admit that Defendant Avid Telecom had a Business Relationship with

Secure Voice Corp.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky also objects*

*to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted.**

> 214.    Admit that Defendant Avid Telecom provided Compensation to Secure
>
> Voice Corp.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response:Admitted**

> 215.Admit that, during the course of its Business Relationship with Secure Voice Corp,
>
> Defendant Avid Telecom Transmitted calls directly to Secure Voice Corp.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted**

> 216.    Admit that the files consisting of CDRs produced by Secure Voice Corp to
>
> the Plaintiff State of North Carolina in response to a civil investigative demand issued on
>
> January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume
>
> AGTF_VOL003 production and which file names are enumerated on AGTF_000143596
>
> through AGTF_000143617—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky objects that this Request to the extent the Request calls for a legal conclusion. Lansky also objects to this Request to the extent is directed to his, in his personal capacity, rather than to Avid Telecom,*

*as the entity which allegedly provided the Telephony Services. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

217.    Admit that Defendant Avid Telecom had a Business Relationship with Talkie

Communications - Sonic Systems.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted.**

218.    Admit that Defendant Avid Telecom provided Compensation to Talkie

Communications – Sonic Systems.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response:Admitted.**

219.    Admit that, during the course of its Business Relationship with Talkie

Communications - Sonic Systems, Defendant Avid Telecom Transmitted calls directly to

Talkie Communications - Sonic Systems.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted.**

220.    Admit that the files consisting of CDRs produced by Talkie Communications

Sonic Systems to the Plaintiff State of North Carolina in response to a civil investigative

demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs'

Volume AGTF_VOL003 production and which file names are enumerated on

AGTF_000143631 through AGTF_000143637—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky objects that this Request calls for a legal conclusion. Lansky also objects to this Request to the extent is directed to his, in his personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

221.    Admit that Defendant Avid Telecom had a Business Relationship with Telco

Connection.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted.**

222.    Admit that Defendant Avid Telecom provided Compensation to Telco

Connection.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted.**

223.    Admit that, during the course of its Business Relationship with Telco Connection, Defendant Avid Telecom Transmitted calls directly to Telco Connection.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Lansky also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted.**

224.    Admit that the files consisting of CDRs produced by Telco Connection to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143545 through AGTF_000143551—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Lansky objects that this Request to the extent the Request calls for a legal conclusion.  Lansky also objects to this Request to the extent is directed to his, in his personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services.  Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response:   After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

225.    Admit that Defendant Avid Telecom had a Business Relationship with Touchtone Communications.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

Response: Admitted**.**

226. Admit that Defendant Avid Telecom provided Compensation to Touchtone Communications.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response**: **Admitted.**

227. Admit that, during the course of its Business Relationship with Touchtone Communications, Defendant Avid Telecom Transmitted calls directly to Touchtone Communications.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted**

228. Admit that the files consisting of CDRs produced by Touchtone Communications to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143518—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky objects that this Request to the extent the Request calls for a legal conclusion. Lansky also objects to this Request to the extent is directed to his, in his personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services. Subject to and without limiting*

*the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response:   After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

229.   Admit that Defendant Avid Telecom had a Business Relationship with Verizon.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted.**

230.   Admit that Defendant Avid Telecom provided Compensation to Verizon.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Lansky objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response**: **Admitted**

231.   Admit that, during the course of its Business Relationship with Verizon, Defendant Avid Telecom Transmitted calls directly to Verizon.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Lansky also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted.**

232.   Admit that the files consisting of CDRs produced by Verizon to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003

production and which file names are enumerated on AGTF_000143517—satisfy Fed. R.

Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky objects that this Request to the extent the Request calls for a legal conclusion. Lansky also objects to this Request to the extent is directed to his, in his personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**


233.    Admit that Defendant Avid Telecom had a Business Relationship with VoIP

Innovations - VoIP Street.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted.**

234.    Admit  that  Defendant  Avid  Telecom  provided  Compensation  to  VoIP

Innovations – VoIP Street.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response**: **Admitted.**

235.    Admit  that,  during  the  course  of  its  Business  Relationship  with  VoIP

Innovations - VoIP Street, Defendant Avid Telecom Transmitted calls directly to VoIP

Innovations - VoIP Street.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted.**

236.    Admit that the files consisting of CDRs produced by VoIP Innovations - VoIP Street to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143619—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky objects that this Request to the extent the Request calls for a legal conclusion. Lansky also objects to this Request to the extent is directed to his, in his personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response:   After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

237.    Admit that Defendant Avid Telecom had a Business Relationship with Windstream.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted.**

238.    Admit that Defendant Avid Telecom provided Compensation to Windstream.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that*

*Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response**: **Admitted.**

239.    Admit that, during the course of its Business Relationship with Windstream,

Defendant Avid Telecom Transmitted calls directly to Windstream.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted.**

240.    Admit that the files consisting of CDRs produced by Windstream to the

Plaintiff State of North Carolina in response to a civil investigative demand issued on

January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume

AGTF_VOL003 production and which file names are enumerated on AGTF_000143513

through AGTF_000143516—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky objects that this Request to the extent the Request calls for a legal conclusion. Lansky also objects to this Request to the extent is directed to his, in his personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response:   After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

241.    Admit that Defendant Avid Telecom had a Business Relationship with XCast

Labs.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and*

*without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted.**

242.    Admit that Defendant Avid Telecom provided Compensation to XCast Labs.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Lansky objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted.**

243.    Admit that, during the course of its Business Relationship with XCast Labs, Defendant Avid Telecom Transmitted calls directly to XCast Labs.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Lansky also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted.**

244.    Admit that the files consisting of CDRs produced by XCast Labs to the Plaintiff State of North Carolina in response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143512—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Lansky objects that this Request to the extent the Request calls for a legal conclusion.  Lansky also objects to this Request to the extent is directed to his, in his personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services.  Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

245.    Admit that Defendant Avid Telecom had a Business Relationship with

John C. Spiller, II.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

Response: Admitted.

246.    Admit that Defendant Avid Telecom had a Business Relationship with

John C. Spiller, II, while Mr. Spiller used the pseudonym Mikel Quinn.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Denied**

247.    Admit that Defendant Avid Telecom received Compensation from John C.

Spiller, II.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Lansky objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Denied.**

248.    Admit that Defendant Avid Telecom provided Compensation to John C.

Spiller, II.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response**: **Denied.**

249.    Admit that Defendant Avid Telecom had a Business Relationship with

JSquared Telecom LLC.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted**.

250.    Admit that Defendant Avid Telecom received Compensation from JSquared

Telecom LLC.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted**.

251.    Admit that Defendant Avid Telecom provided Compensation to JSquared

Telecom LLC.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Lansky objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response**: **Denied.**

252.   Admit that, during the course of its Business Relationship with JSquared Telecom LLC, Defendant Avid Telecom Transmitted calls that it received directly from JSquared Telecom LLC.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted.**

253.   Admit that Defendant Avid Telecom had a Business Relationship with Rising Eagle Capital Group LLC.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted.**

254.   Admit that Defendant Avid Telecom received Compensation from Rising Eagle Capital Group LLC.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Lansky objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

Response: Admitted.

255. Admit that Defendant Avid Telecom provided Compensation to Rising Eagle Captial Group LLC.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Lansky objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that*

*Compensation was received.  Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response**: **Denied.**

256.    Admit that, during the course of its Business Relationship with Rising Eagle

Capital Group LLC, Defendant Avid Telecom Transmitted calls that it received directly

from Rising Eagle Capital Group LLC.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted.**

257.    Admit that Defendant Avid Telecom had a Business Relationship with Great

Choice Telecom LLC.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted.**

258.    Admit that Defendant Avid Telecom received Compensation from Great

Choice Telecom LLC.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Lansky objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted.**

259.    Admit that Defendant Avid Telecom provided Compensation to Great Choice Telecom LLC.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Lansky objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Denied.**

260.    Admit that, during the course of its Business Relationship with Great Choice Telecom LLC, Defendant Avid Telecom Transmitted calls that it received directly from Great Choice Telecom LLC.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Lansky also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted.**

261.    Admit that the files consisting of CDRs produced by Defendant Avid Telecom to the Plaintiff States of North Carolina and Texas during the investigation and litigation of John C. Spiller, II—which files were produced back to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143552 through AGTF_000143593—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Lansky objects that this Request to the extent the Request calls for a legal conclusion.  Lansky also objects to this Request to the extent is directed to his, in his personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services.  Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

262.   Admit that Defendant Avid Telecom sold, rented and/or leased DIDs to John

C. Spiller, II.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Denied**

263.   Admit that Defendant Avid Telecom sold, rented and/or leased DIDs to Rising

Eagle Capital Group LLC.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted**

264.   Admit that Defendant Avid Telecom sold, rented and/or leased DIDs to

JSquared Telecom LLC.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted**

265.   Admit that Defendant Avid Telecom sold, rented, and/or leased DIDs to

Great Choice Telecom LLC.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted**

266.  Admit that You sold, rented and/or leased DIDs to John C. Spiller, II.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted**

267.  Admit that You sold, rented and/or leased DIDs to Rising Eagle Capital Group

LLC.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted**

268.  Admit that You sold, rented and/or leased DIDs to JSquared Telecom LLC.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted**

269.  Admit that You sold, rented, and/or leased DIDs to Great Choice Telecom

LLC.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted**

270.  Admit that You knew that John C. Spiller II owned, managed, and/or

operated Rising Eagle Telecom LLC.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted**

271.   Admit that You knew that John C. Spiller II owned, managed, and/or operated JSquared Telecom LLC.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted**

272.   Admit that You knew that John C. Spiller II owned, managed, and/or operated Great Choice Telecom LLC.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted**

273.   Admit that, on or about June 10, 2020, You were aware of the enforcement action by the FCC against John C. Spiller, II.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

274.   Admit that You knew that, on or about September 30, 2020, John C. Spiller,

II was operating Great Choice Telecom LLC while using the alias "Mikel Quinn."

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Denied**

275.    Admit that You never purchased a copy of the FTC's National Do Not Call Registry for any single area code.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted**

276.    Admit that You never purchased a copy of the FTC's National Do Not Call Registry for all area codes nationwide.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted**

277.    Admit that You, either directly or through a third-party (e.g., a third-party switch provider), have never instituted or implemented any policies or processes regarding network-level blocking for any calls Transmitted across Defendant Avid Telecom's network that were sent from calling numbers that were not assigned or recognized as valid by the North American Numbering Plan Administrator.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Denied**

278.    Admit that You, either directly or through a third-party (e.g., a third-party switch provider), never instituted or implemented any policies or processes regarding mitigation practices that resulted in blocking any calls Transmitted across Defendant Avid Telecom's network that were sent from calling numbers that were not assigned or recognized as valid by the North American Numbering Plan Administrator.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Denied**

279.    Admit that You were the exclusive user of the email address

[Lansky@avidtelecom.com](Lansky@avidtelecom.com).

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Denied**

280.    Admit that You were the primary, if not exclusive, user of the email address

[Lansky@avidtelecom.com](Lansky@avidtelecom.com).

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Denied**

281.    Admit that You used the email address [Lansky@avidtelecom.com](Lansky@avidtelecom.com) for business related correspondence regarding Defendant Avid Telecom.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Denied**

282.    Admit that emails produced to the Plaintiffs that were sent from, or received by, the email address Lansky@avidtelecom.com are admissible under Fed. R. Evid. 803(6).

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Denied.**

283.    Admit that You were the exclusive user of the email address Lansky@avid-telecom.com.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted**

284.    Admit that You were the primary, if not exclusive, user of the email address Lansky@avid-telecom.com.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted**

285.    Admit that You used the email address Lansky@avid-telecom.com for business related correspondence regarding Defendant Avid Telecom.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without*

*limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted**

286.    Admit that emails produced to the Plaintiffs that were sent from, or received

by, the email address Lansky@avid-telecom.com are admissible under Fed. R. Evid.

803(6).

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

287.    Admit  that  You  were  the  exclusive  user  of  the  email  address

Lansky@dakotacom.net.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted**

288.    Admit that You were the primary, if not exclusive, user of the email address

Lansky@dakotacom.net.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted**

289.    Admit that You used the email address Lansky@dakotacom.net, either in

whole or in part, for business related correspondence regarding Defendant Avid Telecom.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Denied**

290.    Admit that emails produced to the Plaintiffs that were sent from, or received

by, the email address Lansky@dakotacom.net are admissible under Fed. R. Evid. 803(6).

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

291.    Admit that You were the exclusive user of the email address

m.lansky@dakotacom.net.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Denied**

292.    Admit that You were the primary, if not exclusive, user of the email address

m.lansky@dakotacom.net.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Denied.**

293.    Admit that You used the email address m.lansky@dakotacom.net, either in

whole or in part, for business related correspondence regarding Defendant Avid Telecom.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Denied**

294.    Admit that emails produced to the Plaintiffs that were sent from, or received by, the email address m.lansky@dakotacom.net are admissible under Fed. R. Evid. 803(6).

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

295.    Admit that You were the exclusive user of the email address Mlansky@yahoo.com.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Denied**

296.    Admit that You were the primary, if not exclusive, user of the email address Mlansky@yahoo.com.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Denied**

297.    Admit that You used the email address Mlansky@yahoo.com, either in whole or in part, for business related correspondence regarding Defendant Avid Telecom.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Denied**

298. Admit that emails produced to the Plaintiffs that were sent from, or received by, the email address Mlansky@yahoo.com are admissible under Fed. R. Evid. 803(6).

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Denied**

299. Admit that owners, employees, agents, independent contractors, and/or representatives entitled to act on behalf of Defendant Avid Telecom used the email address noc@avid-telecom.com.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted**

300. Admit that owners, employees, agents, independent contractors, and/or representatives entitled to act on behalf of Defendant Avid Telecom used the email address noc@avid-telecom.com for business related correspondence regarding Defendant Avid Telecom.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted**

301.    Admit that emails produced to the Plaintiffs that were sent from, or received

by, the email address noc@avid-telecom.com are admissible under Fed. R. Evid. 803(6).

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

302.    Admit that Defendant Reeves was the exclusive user of the email address

Reeves@avid-telecom.com.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

303.    Admit that Defendant Reeves was the primary, if not exclusive, user of the

email address Reeves@avid-telecom.com.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted**

304.    Admit that Defendant Reeves used the email address Reeves@avid-telecom.com for business related correspondence regarding Defendant Avid Telecom.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response: Admitted**

305.    Admit that emails produced to the Plaintiffs that were sent from, or received

by, the email address Reeves@avid-telecom.com are admissible under Fed. R. Evid.

803(6).

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Lansky is not sufficient to respond to this Request.**

306.   Admit that Defendant Reeves performed services for the benefit of Defendant Avid Telecom at Your direction.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response:  Admitted**

307.   Admit that Defendant Reeves performed services for the benefit of Defendant Avid Telecom at the direction of Defendant Avid Telecom.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response:  Admitted**

308.   Admit that Defendant Reeves held herself out to Defendant Avid Telecom's customers as the Vice President of Operations and Sales of Defendant Avid Telecom.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. The Request calls for a legal conclusion, to which no response is required.*

**Response:** Lansky objects to this Request on the ground that it improperly calls for a legal conclusion. Hence, Lansky Declines to respond.

309.    Admit that Defendant Reeves held herself out to the USTelecom-led Industry Traceback Group as the Vice President of Operations and Sales of Avid Telecom.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. The Request calls for a legal conclusion, to which no response is required.*

*Response:* Lansky objects to this Request on the ground that it improperly calls for a legal conclusion. Hence, Lansky Declines to respond.

310.    Admit that Defendant Avid Telecom had the authority to control and/or direct the actions of Defendant Reeves in her performance of any duties on behalf of Defendant Avid Telecom.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response:  Admitted**

311.    Admit that Defendant Reeves is an agent of Defendant Avid Telecom.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response:  Denied**

312.    Admit that Defendant Reeves had the authority to act on behalf of Defendant Avid Telecom.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response:  Denied**

313.    Admit that Defendant Reeves has received Compensation from Defendant

Avid Telecom.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response:  Admitted**

314.    Admit that You are an agent of Defendant Avid Telecom.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response:  Denied**

315.    Admit that You have authority to act on behalf of Defendant Avid Telecom.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response:  Admitted**

316.    Admit that You have received Compensation from Defendant Avid Telecom.

*Specific Objections to RFA: Lansky objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of his General and Specific objections, Lansky responds as follows:*

**Response:  Admitted**

RESPECTFULLY SUBMITTED this 23rd day of September 2025.

Respectfully submitted,

/s/ Greg L. Taylor

_____
Neil S. Ende
Greg L. Taylor

*Pro Hac Vice*
*Counsel to Michael D. Lansky, LLC*
*dba Avid Telecom Michael D. Lansky*
*and Stacey S. Reeves*

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2025, I served the foregoing **DEFENDANT- AVID**

**TELECOM'S RESPONSES TO PLAINTIFFS' FIRST RULE 36 REQUESTS FOR**

**ADMISSION TO AVID TELECOM, LLC** upon Plaintiffs by electronically mailing a copy

of the same to their counsel of record as follows:

Tnayer@ncdoj.gov;

Alyse.Meislik@azag.gov;

douglas.swetnam@atg.in.gov;

Dylan.Jones@azag.gov;

erin.leahy@OhioAGO.gov;

john.DillonIV@azag.gov;

Sarah.Pelton@azag.gov;

Thomas.Martindale@atg.in.gov;

rsparko@ncdoj.gov;

lindsay.dawson@AlabamaAG.gov;

Robert.Tambling@AlabamaAG.gov;

Amanda.wentz@arkansasag.gov;

nicklas.akers@doj.ca.gov;

bernard.eskandari@doj.ca.gov

michelle.burkart@doj.ca.gov

rosailda.perez@doj.ca.gov

timothy.lundgren@doj.ca.gov

michel.singernelson@coag.gov;

brendan.flynn@ct.gov;

Ryan.costa@delaware.gov;

adamt2005@gmail.com

dzisook@law.ga.gov;

christopher.ji.leong@hawaii.gov;

james.simeri@ag.idaho.gov;

Nicholas.Smith@ag.ks.gov;

sarah.dietz@ag.ks.gov;

philip.heimlich@ilag.gov;

elizabeth.blackston@ilag.gov;

WilliamsZ@ag.louisiana.gov;

Benjamin.Bellus@ag.iowa.gov;

William.Pearson@ag.iowa.gov;

brendan.oneil@maine.gov;

Michael.devine@maine.gov

hillm19@michigan.gov

pziperman@oag.state.md.us;

bennett.hartz@ag.state.mn.us;

Emily.morgan@ago.ms.gov

james.rankin@ago.ms.gov;

Michael.turi@mass.gov

Carol.guerrero@mass.gov

jeff.koziar@law.njoag.gov

blair.gerold@law.njoag.gov

Anna.schneider@mt.gov;

Andrew.butler@mt.gov;

gary.brollier@nebraska.gov;

**mbadorine@ag.nv.gov**

**rfulghum@ag.nv.gov**

**sfeeley@ag.nv.gov**

**zzheng@ag.nv.gov**

Mary.F.Stewart@doj.nh.gov;

Deepta.Janardhan@law.njoag.gov;

bjimenez@nmag.gov

Sylvia.lanfair@oag.ok.gov

Glenna.goldis@ag.ny.gov;

jordan.m.roberts@doj.state.or.us;

ealm@nd.gov;

mwolfe@attorneygeneral.gov;

bbingle@attorneygeneral.gov

sprovazza@riag.ri.gov;

tyler.corcoran@ag.tn.gov;

David.Shatto@oag.texas.gov;

kmclean@agutah.gov;

alexandrabutler@agutah.gov;

ksimons@scag.gov

James.Layman@vermont.gov;

gward@oag.state.va.us;

austin.ostiguy@ag.tn.gov

Ashley.T.Wentz@wvago.gov;

myszkowskiga@doj.state.wi.us;

zorba.leslie@atg.wa.gov;

cameron.geeting1@wyo.gov;

Benjamin.peterson2@wyo.gov

laura.beckerman@dc.gov

jacobp.ford@ky.gov;

haaslawoffice@gmail.com

sean.saval@myfloridalegal.com

Michael.roland@myfloridalegal.com

fitzgeraldk@michigan.gov;

clindblad@nd.gov;

luke.hawley@ago.mo.gov

eliot.gusdorf@ago.mo.gov

**NOT IN DOCKET**

Laura.Dilweg@azag.gov;

jessica.jasper@ago.ms.gov;

jsakura@nmdoj.gov;

Robert.Carlson@oag.ok.gov

scornaby@agutah.gov

danirobertson@scag.gov;

Alexandra.Kory@atg.wa.gov;

kevin.vermillion@dc.gov;

miles.vaughn@myfloridalegal.com;

matt.hehemann@atg.wa.gov;

Alison.Esbeck@ago.mo.gov;

Zachary.Elam@ago.mo.govstace

khyland@oag.state.md.us (bounceback)

Patrick.crotty@myfloridalegal.com (bounceback)

Joseph.yeoman@atg.in.gov (bounceback)


/s/ Greg L. Taylor
Greg L. Taylor
Neil S. Ende
TECHNOLOGY LAW GROUP
Counsel for Defendant-Avid Telecom, LLC

# Exhibit F

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

State of Arizona, ex rel. Kristin K. Mayes            )
Attorney General et al.                               )
                                                      **)**
      Plaintiffs                                 )
                                                      )
v.                                                    )            Case No. 4:23-cv-00233-EJM
                                                      )
                                                      )
Michael D. Lansky, LLC, dba                           )
Avid Telecom, an Arizona                              )
Limited Liability Company;                            )
                                                      )
Michel D. Lansky, individually                        )
As a Member/Manager/Chief                             )
Executive Officer of Michael D.                       )
Lansky, LLC dba Avid Telecom;                         )
and                                                   )
                                                      )
Stacey S. Reeves, individually as                     )
a Manager/Vice President of                           )
Michael D. Lansky LLC dba                             )
Avid Telecom                                          )
                                                      )
      Defendants.                                )

_____

## RESPONSE OF DEFENDANT STACEY REEVES
## TO PLAINTIFFS' FIRST RULE 36 REQUESTS FOR ADMISSION

Pursuant to Federal Rules of Civil Procedure 36, Defendants, by and through the undersigned attorneys, hereby respond to the First Rule 36 Requests for Admission ("Requests") to Defendant Stacey S. Reeves.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

### General Objections

Reeves objects generally to Plaintiffs' Requests for Admission ("RFAs") to the extent they are vague, ambiguous, overbroad, unduly burdensome, disproportionate to the needs of the case, compound, assume disputed facts, call for legal conclusions, or lack a reasonable temporal limitation.

Reeves also objects to the extent any RFA seeks information protected by the attorney-client privilege, common-interest doctrine, or attorney work-product doctrine, or seeks confidential/proprietary information of third parties.

Reeves also objects to any definitions, instructions, or assumptions that purport to impose obligations beyond or inconsistent with the Federal Rules of Civil Procedure, including Rules 26, 33, and 36.  Notwithstanding the content of any

Response, Reeves does not adopt Plaintiffs' definitions to the extent they are inconsistent with fact, contextually irrelevant an/or they are contrary to governing law.

Reeves responds only in her individual capacity, based on information reasonably available to her after a reasonable inquiry. By providing a Response, Reeves does not concede that the Response is relevant or admissible.

All objections are expressly preserved and incorporated into each Response below. Reeves reserves the right to supplement or amend these Responses as permitted by Rule 26(e).

Subject to and without waiving the foregoing General Objections, Reeves answers the RFAs below based on information presently known and reasonably available to her after a reasonable inquiry. These Responses are made primarily for purposes of this litigation and are not admissions for any other purpose. Reeves reserves the right to assert additional objections, to amend or supplement these Responses as permitted by Fed. R. Civ. P. 26(e), 33, and 36, and to withhold privileged information.

## **<u>RESPONSES</u>**

1.     Admit that Defendant Avid Telecom provides, or has provided, Interconnected VoIP Services.

*Specific Objections to RFA No. 1: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request to the extent the Request calls for a legal conclusion based on a specialized definition of "Interconnected VoIP Services". Reeves also objects that this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the service provider. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  See above objection.**

2.     Admit that Defendant Avid Telecom provides, or has provided, Non-Interconnected VoIP Services.

*Specific Objections to RFA No. 2: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request to the extent the Request calls for a legal conclusion based on a specialized definition of "Non-Interconnected VoIP Services". Reeves also objects that this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the service provider. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  See above objection.**

3.     Admit that Defendant Avid Telecom provides, or has provided, VoIP Services to its Upstream Provider customers.

*Specific Objections to RFA No. 3: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "VoIP Services" and "Upstream Provider"). Reeves also objects that this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the service provider. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that she believes, based on her current understanding of the term "Upstream Providers customers" and based on the fact that, as an independent contractor she may not have had full visibility to all of Avid Telecom's services, Avid Telecom provided VoIP Services, as she understands that term, to certain Upstream Provider customers at certain times. Reeves does not have information sufficient to respond to the relationship between Avid Telecom and any Upstream Provider customer; *i.e.,* whether they were "customers" (that term in not defined). It is Reeves' understanding that, as a direct byproduct of the claims set forth in the Complaint, including the false claims alleged in the Complaint, and the widespread publication of those false claims to the industry and to the public, which Plaintiffs knew or should have known would destroy Avid Telecom's business, Avid Telecom ceased providing any services in or about July 2023.**

4.     Admit that Defendant Avid Telecom provides, or has provided, Telephony Services to its Upstream Provider customers.

Specific Objections to RFA No. 4: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request to the extent the Request calls for a legal conclusion based on specialized definitions (*e.g.,* "Upstream Provider") and is directed to Avid Telecom rather than Reeves individually. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that she believes, based on her current understanding of the term "Upstream Providers customers" and based on the fact that, as an independent contractor she may not have had full visibility to all of Avid Telecom's services, Avid Telecom provided Telephony Services, as she understands that term, to certain Upstream Provider customers at certain times. Reeves does not have information sufficient to respond to the relationship between Avid Telecom and any Upstream Provider customer; *i.e.,* whether they were "customers" (that term in not defined). It is Reeves' understanding that, as a direct byproduct of the claims set forth in the Complaint, including the false claims alleged in the Complaint, and the widespread publication of those false claims to the industry and to the public, which Plaintiffs knew or should have known would destroy Avid Telecom's business, Avid Telecom ceased providing any services in or about July 2023.**

5.    Admit that Defendant Avid Telecom purchases, or has purchased, VoIP Services from its Downstream Provider customers.

*Specific Objections to RFA No. 3: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "VoIP Services" and "Downstream Provider"). Reeves also objects that this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the service provider. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that she believes, based on her current understanding of the term "Downstream Providers customers" and based on the fact that, as an independent contractor she may not have had full visibility to all of Avid Telecom's services, Avid Telecom may have purchased VoIP**

**Services, as she understands that term, from certain Downstream Provider customers at certain times. Reeves does not have information sufficient to respond to the relationship between Avid Telecom and any Downstream Provider customers; *i.e.,* whether they were "customers" (that term in not defined). It is Reeves' understanding that, as a direct byproduct of the claims set forth in the Complaint, including the false claims alleged in the Complaint, and the widespread publication of those false claims to the industry and to the public, which Plaintiffs knew or should have known would destroy Avid Telecom's business, Avid Telecom ceased purchasing any services in or about July 2023.**

6.      Admit that Defendant Avid Telecom purchases, or has purchased,

Telephony Services from its Downstream Provider customers.

*Specific Objections to RFA No. 3: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "VoIP Services" and "Downstream Provider"). Reeves also objects that this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the service provider. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:     Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that she believes, based on her current understanding of the term   "Downstream Providers customers" and based on the fact that, as an independent contractor she may not have had full visibility to all of Avid Telecom's services, Avid Telecom may have purchased Telephony Services, as she understands that term, from certain Downstream Provider customers at certain times. Reeves does not have information sufficient to respond to the relationship between Avid Telecom and any Downstream Provider customers; *i.e.,* whether they were "customers" (that term in not defined). It is Reeves' understanding that, as a direct byproduct of**

the claims set forth in the Complaint, including the false claims alleged in the Complaint, and the widespread publication of those false claims to the industry and to the public, which Plaintiffs knew or should have known would destroy Avid Telecom's business, Avid Telecom ceased purchasing any services in or about July 2023.

7.    Admit that Defendant Avid Telecom specializes in the delivery of

automated calls for its customers.

*Specific Objections to RFA No. 7: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request   is vague and ambiguous (including as to the term "specializes") and argumentative. Reeves also objects that this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the service provider. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, and notwithstanding the improper tense (*i.e.,* "specializes") applied to the Request and based on the fact that, as an independent contractor she may not have had full visibility to all of Avid Telecom's services, as a courtesy, Reeves denies that Avid Telecom ever "specialized" in the delivery of automated calls for its customers (a term which is also not defined). It is Reeves' understanding that, as a direct byproduct of the claims set forth in the Complaint, including the false claims alleged in the Complaint, and the widespread publication of those false claims to the industry and to the public, which Plaintiffs knew or should have known would destroy Avid Telecom's business, Avid Telecom ceased delivering any calls in or about July 2023.**

8.    Admit that Defendant Avid Telecom indicated in its Universal Service

Fund filings with the FCC that it conducted its business in all U.S. states and territories.

*Specific Objections to RFA No. 9: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request   is vague and ambiguous (including as to the terms "indicated" and "conducted its business"). Reeves also objects that this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as filing entity. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that she Reeves states that those filings, if any, speak for themselves and that after a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request. Reeves is also unable to respond as the term "Universal Service Fund filing" is not defined nor is it a term that she understands. Notwithstanding the previous, based on the fact that, as an independent contractor and may not have had full visibility to all of Avid Telecom's services, Reeves denies that Avid Telecom actually terminated calls into every state in the United States or its Territories and thus it did not "conduct its business", as she understands that term, as a terminating carrier in any of those states.**

10.    Admit that Defendant Avid Telecom has Transmitted calls into, and

across, the U.S. Voice Service network.

*Specific Objections to RFA No. 10: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous. Specifically, Reeves objects to the suggestion that Avid Telecom Transmitted calls "into" the U.S. Voice Service network as a false premise as all calls that Avid Telecom allegedly Transmitted were already "in" the U.S. Voice Service network. As such, Reeves Response does not address this false premise. Reeves also objects to this Request as the term "U.S. Voice Service network" is not defined and is not a term generally used in the telecom industry (i.e., there is not a single U.S. Voice Service network. Reeves*

*also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as filing entity. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that she believes, based on her current understanding of the term "Transmitted" and the term "U.S. Voice Service network" and based on the fact that, as an independent contractor she may not have had full visibility to all of Avid Telecom's services, Avid Telecom has Transmitted calls that are associated with U.S. Voice Service network. Reeves denies that Avid Telecom was the party that initially Transmitted any calls "into" the U.S. Voice Service network, that it Transmitted calls to all locations "across" the U.S. Voice Service network and that it ever originated or completed a call associated with the U.S. Voice Service network.**

11.    Admit that You, either directly or through a third-party (*e.g.,* a third-party switch provider), have never instituted or implemented any policies or processes regarding network-level blocking on Defendant Avid Telecom's network for one or more U.S.-based area codes from North American Numbering Plan numbers that would prevent Defendant Avid Telecom from Transmitting calls to called numbers with such area codes.

*Specific Objections to RFA No. 11: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Reeves also objects to this request is compound (e.g., "instituted or implemented," "policies or processes," "directly or through a third-party"), vague, and overbroad as to time (using "never"). Reeves also objects to this Request as the term "third party switch provider" is not defined with sufficient specificity to permit a*

*proper response. Reeves also objects to this Request to the extent it calls for the disclosure of attorney-client communications or attorney work product regarding blocking issues. Reeves also objects to this Request to the extent it is directed to her, in her personal capacity, rather than to Avid Telecom, as filing entity. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that, in my exclusive capacity as an independent contractor, I had any authority to institute or to implement any policies on any issue. Reeves also denies that she "never" instituted or implemented any policies or processes regarding network-level blocking on Defendant Avid Telecom's network for one or more U.S.-based area codes from North American Numbering Plan numbers that prevented Avid Telecom from Transmitting many billions of calls to called numbers and thus I also deny the statement on this basis.**

12.    Admit that You, either directly or through a third-party (e.g., a third party switch provider), have never instituted or implemented any policies or processes regarding network-level blocking on Defendant Avid Telecom's network for all U.S.-based area codes from North American Numbering Plan numbers assigned to any one of the Plaintiff States that would prevent Defendant Avid Telecom from Transmitting calls to called numbers for all area codes assigned to that state.

*Specific Objections to RFA No. 13: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is compound, vague, and overbroad as to time (using "never"), and seeks information regarding policies of Avid Telecom*

*beyond Reeves's individual capacity. Reeves also objects to this Request to the extent that it is premised on the unproven and likely false assumption that Avid Telecom transited calls to "all U.S.-based area codes". Reeves further objects to the extent the Request calls for disclosure of privileged attorney-client communications or attorney work product concerning blocking policies. Subject to these objections, see the Response below.*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that, in her exclusive capacity as an independent contractor, she had any authority to institute or to implement any policies on any issue.   Reeves also denies that she "never" instituted or implemented any policies or processes regarding network-level blocking on Defendant Avid Telecom's network for one or more U.S.-based area codes from North American Numbering Plan numbers that prevent Avid Telecom from Transmitting many billions of calls to called numbers and thus I also deny the statement on this basis. Reeves is without sufficient information to determine whether Avid Telecom ever received or transited calls "for all U.S.-based area codes" and thus whether it had the opportunity to block such calls.**

13.    Admit that, as an Interconnected VoIP Service provider, Defendant Avid Telecom used broadband internet technology to Transmit calls for its Upstream Provider customers.

*Specific Objections to RFA No. 14: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Reeves also objects to this request of the basis to this Request as it assumes, without basis, that Avid Telecom was an "Interconnected VoIP Service" provider. Reeves also objects to this Request as the term "broadband internet technology" is not defined with sufficient specificity to permit a proper response.   Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to*

*Avid Telecom, as the transiting entity. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that she is unable to Respond in her personal capacity as she does not have the necessary information.**

14.    Admit that, as a Non-Interconnected VoIP Service provider,  Defendant Avid Telecom used broadband internet technology to Transmit calls for its Upstream Provider customers.

*Specific Objections to RFA No. 14: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Reeves also objects to this request of the basis to this Request as it assumes, without basis, that Avid Telecom was a "Non-Interconnected VoIP Service" provider and that assumption is directly contrary to the assumption in the previous Request that Avid Telecom was an "Interconnected VoIP Service provider." Reeves also objects to this Request as the term "broadband internet technology" is not defined with sufficient specificity to permit a proper response.   Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the transiting entity. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that she is unable to Respond in her personal capacity as she does not have the necessary information.**

15.    Admit that Defendant Avid Telecom was issued at least 329 Traceback notifications from the USTelecom-led Industry Traceback Group.

*Specific Objections to RFA No. 14: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to time and as to the phrase "at least 329," and as to whom "issued" refers (e.g., to Avid Telecom, to a specific person, or to a general inbox). Reeves also objects that this Request on the basis that the term "Tracebacks notifications" is not a term with which she is familiar nor is it commonly used in the telecom industry. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity to which the tracebacks were allegedly issued. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:    Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that she Reeves does not have sufficient knowledge to confirm the exact number of "Traceback notifications" Defendant Avid Telecom was issued nor does she have sufficient knowledge to confirm that the Traceback Group was "USTelecom-led. Reeves does have sufficient knowledge to confirm that Avid Telecom responded in a timely manner to each Traceback that it received. Reeves also has sufficient knowledge to confirm that USTelecom is an industry lobbying organization comprised of many entities that compete directly with Avid Telecom and that the "Traceback Group"—which is required by the Traced Act to be an "independent" organization—is instead comprised of many of these same competitors, all of which have a direct economic incentive to impose costs on burdens on Avid Telecom to cripple its ability to compete. Reeves is also aware that it was often the only party that received Tracebacks for calls that were transited by multiple carriers, including carriers that were then members of the Traceback Group. Reeves is also aware that many of the carrier-members of the Traceback Group received far more Tracebacks than Avid Telecom, yet, to her knowledge, have never been the subject of a nationwide complaint.**

16.    Admit that at least a portion of the audio recordings of prerecorded or artificial voice messages associated with Traceback requests received by Defendant Avid Telecom from the USTelecom-led Industry Traceback Group were obtained from the voicemail services of YouMail subscribers.

Specific Objections to RFA No. 17: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Reeves also objects to this request of the basis *to this Request as vague and ambiguous (e.g., "at least a portion"). Reeves objects to this Request because the allegation regarding YouMail lacks foundation and would require Reeves to speculate regarding the third-party sources (including YouMail) of certain unidentified audio recordings that have never been provided to her. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity to which the tracebacks were allegedly issued.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that she does not have sufficient knowledge or information to respond to this Request.**

17.    Admit that at least a portion of the calls referenced in Tracebacks related to Defendant Avid Telecom call traffic were prerecorded or artificial voice messages.

*Specific Objections to RFA No. 18: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Reeves also objects to this request of the basis to this Request as vague and ambiguous as the term "at least a portion" is not defined with sufficient specificity to permit a proper response. Reeves objects to this Request as vague and ambiguous as*

*the term "related to Avid Telecom call traffic" is not defined with sufficient specificity to permit a proper response, including whether that term is intended to refer only to Tracebacks sent to Avid Telecom (as referenced in the previous Request) or some other set of Tracebacks. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity to which the tracebacks were allegedly issued.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that she does not have sufficient knowledge or information to respond to this Request.**

18.    Admit that at least a portion of the calls referenced in Tracebacks related to Defendant Avid Telecom call traffic were delivered to voicemail mailboxes.

*Specific Objections to RFA No. 19: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Reeves also objects to this request of the basis to this Request as vague and ambiguous as the term "at least a portion" is not defined with sufficient specificity to permit a proper response.  Reeves objects to this Request as vague and ambiguous as the term "related to Avid Telecom call traffic" is not defined with sufficient specificity to permit a proper response, including whether that term is intended to refer only to Tracebacks sent to Avid Telecom (as referenced in the previous Request) or some other set of Tracebacks. Reeves objects to this Request as vague and ambiguous as the term "voice mailboxes" is not defined with sufficient specificity to permit a proper response, including whether that term is intended to refer only to YouMail electronic "voice mailboxes" or to traditional stand-alone home voice mailboxes.  Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity to which the tracebacks were allegedly issued.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that she does not have sufficient knowledge or information to respond to this Request.**

19.    Admit that a CDR was generated for every call that was Transmitted over

Defendant Avid Telecom's network.

*Specific Objections to RFA No. 20: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is overbroad and unduly burdensome to the extent it seeks an unqualified admission about "every call". Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly Transmitted the calls. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that she does not have sufficient knowledge or information to respond to this Request. to the extent that a Response is possible, Reeves denies the allegation as it is her understanding that where a call was blocked (and, in fact, Avid Telecom blocked billions of calls) a CDR was not created and the call was never Transmitted by Avid Telecom.**

20.    Admit that Defendant Avid Telecom used CDRs to bill for services it

provided to its Upstream Provider customers.

*Specific Objections to RFA No. 21: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is overbroad and unduly burdensome to the extent it seeks an unqualified admission about "every call". Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to*

*Avid Telecom, as the entity which allegedly billed for services. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves was not involved in the billing process and, as an independent contractor, she did not have had full visibility to the billing process. to the extent that a Response is possible, Reeves denies the allegation that Avid Telecom used CDRs to bill for services. It is her understanding that it was the third-party switch used by Avid Telecom generated and used CDRs to bill for services Avid Telecom provided to its Upstream Provider customers.**

21. Admit that Defendant Avid Telecom Transmitted calls across its network where no other Voice Service Providers had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

*Specific Objections to RFA No. 22: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as vague, overbroad and unduly burdensome to the extent that it is unclear which calls are at issue. Reeves objects that this Request to the extent that it assumes without foundation that Avid Telecom has a "network" and that Avid Telecom transmits calls "across its network" and that it "accepted" calls on that network. Reeves also objects to this Request to the extent that it requires her to agree to the definition of Voice Service Provider that differs from her understanding of that term. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly billed for services. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that, based on**

her understanding of the term "Voice Service Provider", Reeves denies the allegation.

22.    Admit that Defendant Avid Telecom offered rates for its outbound Voice

Service that differed based on call duration.

*Specific Objections to RFA No. 23: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Reeves also objects to this request  to the extent that it assumes without foundation that Avid Telecom had a single "Outbound Voice Service". Reeves also objects to this Request to the extent that it requires her to agree to the definition of Voice Service that differs from her understanding of that term.  Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly billed for services.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:    Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves was an independent contractor without full visibility to Avid rate plans and that she had no rate setting role or authority, Avid Telecom's rates, like those of most carriers, including most if not all carriers that are members of USTelecom, differed based on a wide variety of factors, including without limitation, the originating location, the terminating location the customer and the call volume.  In all instances, however, it is her  recollection that the price per minute was always *much higher* for short duration  calls (generally 6 seconds or less) than it was for longer duration calls, thereby *discouraging* customers from using Avid Telecom for short duration calls.  It is also my recollection that, as a further disincentive to short duration calling on its network, Avid Telecom did not accept traffic that it believed would be more than ten percent (10%) short**

**duration and that it had the right to terminate carriers that delivered traffic at levels above that percentage.**

23.    Admit that Defendant Avid Telecom offered a Voice Service product that was intended to Transmit only Short Duration Call traffic.

*Specific Objections to RFA No. 24: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request to the extent that it requires her to agree to the definition of Voice Service product that differs from her understanding of that term. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly billed for services. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no rate setting role or authority, Avid Telecom's had rate plans that were specifically designed to transmit Short Duration Call traffic.  It is my recollection that the price per minute was always *much higher* for short duration calls (generally less than 6 seconds) than it was for longer duration calls, thereby discouraging customers from using Avid Telecom for short duration calls.  It is also my recollection that, as a further disincentive to short duration calling on its network, Avid Telecom did not accept traffic that it believed would be more than ten percent (10%), it penalized carriers that delivered traffic that was more than ten percent (10%) through higher rates and that short duration and that it had the right to terminate carriers that delivered traffic at levels above that percentage.**

24.    Admit that Defendant Avid Telecom had a Business Relationship with Boomsourcing, LLC.

*Specific Objections to RFA No. 25: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly has the Business Relationship. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:    Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Boomsourcing, LLC.  It is my recollection that, among other things, the agreement governing that "Business Relationship" required Boomsourcing, LLC to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

25.    Admit that Defendant Avid Telecom has received Compensation from Boomsourcing, LLC.

*Specific Objections to RFA No. 26: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly received the Compensation. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Boomsourcing, LLC primarily for the transiting of calls delivered to Avid Telecom.**

26.     Admit that Defendant Avid Telecom has received Compensation from

Mercury for services that Defendant Avid Telecom provided to Boomsourcing, LLC.

*Specific Objections to RFA No. 26: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly received the Compensation. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that after a reasonable inquiry, the information known or readily obtainable by Reeves is insufficient to enable her to admit or deny this RFA, including because the identity of "Mercury" is unclear and because Defendant Reeves, as an independent contract, did not and does not have access to the information that would allow her to respond. Admit that Defendant Avid Telecom provided Compensation to Boomsourcing, LLC.**

*Specific Objections to RFA No. 26: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Reeves*

*also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Compensation. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

27.    Admit that Defendant Avid Telecom provided Telephony Services to Boomsourcing, LLC.

*Specific Objections to RFA No. 26: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Reeves objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Telephony Services") to which she does not agree.  Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to provide any Telephony Service to Boomsourcing, it is her understanding that Avid Telecom provided Telephony Services to Boomsourcing, pursuant to the terms of an agreement that, among other things, required Boomsourcing to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

28.    Admit that Boomsourcing, LLC was a Non-Provider Customer of Defendant Avid Telecom.

*Specific Objections to RFA No. 30: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Non-Provider Customer") to which she does not agree. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly had the relationship with Boomsourcing, LLC. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that, to the best of her current recollection and based on the information available to her at the time and now, the allegation Boomsourcing, LLC was a Non-Provider Customer of Defendant Avid Telecom.**

29.    Admit that, during the course of its Business Relationship with Boomsourcing, LLC, Defendant Avid Telecom Transmitted calls that it received directly from Boomsourcing, LLC.

*Specific Objections to RFA No. 31: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Reeves also objects to this Request to the extent that it is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly had the Business Relationship with Boomsourcing, LLC. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom transmitted calls it received directly from Boomsourcing, LLC pursuant to the terms of an agreement that, among other things, required Boomsourcing to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

30.    Admit that, during the course of its Business Relationship with Boomsourcing, LLC, Defendant Avid Telecom Transmitted calls that it received from Boomsourcing, LLC where no other Voice Service Providers had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

*Specific Objections to RFA No. 32: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Reeves also objects to this request to the extent that it requires her to respond based on a definition of "Voice Service Provider" to which she does not agree. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies the allegation. Avid Telecom never had a direct relationship with the party that created the content for any call or the party on whose behalf the call was being made. All calls that reached the Avid Telecom network were originated by a party that delivered the call to Avid Telecom from a switch that they owned and/or controlled.**

31.    Admit that, during the course of its Business Relationship with Boomsourcing, LLC, Defendant Avid Telecom Transmitted calls directly to Boomsourcing, LLC.

*Specific Objections to RFA No. 32: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls directly to Boomsourcing.**

32.    Admit that Defendant Avid Telecom had a Business Relationship with Glass Roots Marketing.

*Specific Objections to RFA No. 34: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding**

**that Avid Telecom had a Business Relationship with Glass Roots Marketing. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Glass Roots Marketing to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

33. Admit that Defendant Avid Telecom has received Compensation from

Glass Roots Marketing.

*Specific Objections to RFA No. 35: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Glass Roots Marketing primarily for the transiting of calls delivered to Avid Telecom.**

34. Admit that Defendant Avid Telecom provided Compensation to Glass

Roots Marketing.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without*

*limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

35.    Admit that Defendant Avid Telecom provided Telephony Services to

Glass Roots Marketing.

*Specific Objections to RFA No. 37: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Reeves objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Telephony Services") to which she does not agree.  Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the "Telephony Services".  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to provide any Telephony Service to Glass Roots Marketing, it is her understanding that Avid Telecom provided Telephony Services to Glass Roots Marketing, pursuant to the terms of an agreement that, among other things, required Glass Roots Marketing to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

36.    Admit that Glass Roots Marketing was a Non-Provider Customer of

Defendant Avid Telecom.

*Specific Objections to RFA No. 26: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Non-Provider Customer") to which she does not agree. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly had the relationship. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that, to the best of her current recollection and based on the information available to her at the time and now, the allegation Glass Roots Marketing was a Non-Provider Customer of Defendant Avid Telecom.**

37.    Admit that, during the course of its Business Relationship with Glass Roots Marketing, Defendant Avid Telecom Transmitted calls that it received directly from Glass Roots Marketing.

*Specific Objections to RFA No. 39: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly Transmitted the calls. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Glass Roots Marketing.**

38.     Admit that, during the course of its Business Relationship with Glass Roots Marketing, Defendant Avid Telecom Transmitted calls that it received from Glass Roots Marketing where no other Voice Service Providers had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

*Specific Objections to RFA No. 40: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Reeves also objects to this request to the extent that it requires her to respond based on a definition of "Voice Service Provider" to which she does not agree. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies the allegation. Avid Telecom never had a direct relationship with the party that created the content for any call or the party on whose behalf the call was being made. All calls that reached the Avid Telecom network were originated by a party that delivered the call to Avid Telecom from a switch that they owned and/or controlled.**

39.     Admit that, during the course of its Business Relationship with Glass Roots Marketing, Defendant Avid Telecom Transmitted calls directly to Glass Roots Marketing.

*Specific Objections to RFA No. 41: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Reeves also objects to this Request to the extent is directed*

*to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly Transmitted the calls. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies the allegation.**

40.     Admit that Defendant Avid Telecom had a Business Relationship with Zealous Services, Inc.

*Specific Objections to RFA No. 43 : Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly had the Business Relationship. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Zealous Services. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Zealous Services to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

41.     Admit that Defendant Avid Telecom has received Compensation from

Zealous Services, Inc.

*Specific Objections to RFA No. 44: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly received the compensation. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from** Zealous Services **primarily for the transiting of calls delivered to Avid Telecom.**

42.    Admit that Defendant Avid Telecom provided Compensation to Zealous Services, Inc.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Compensation. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

43.    Admit that Defendant Avid Telecom provided Telephony Services to

Zealous Services, Inc.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case, as written, and unlikely to lead to the discovery of relevant evidence. Reeves also objects that this Request to the extent that the Request calls for a legal conclusion based on specialized definitions (e.g., "Telephony Services") to which he does not agree. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services.*

**Response: Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that, to the best of her current recollection and based on the information available to her at the time and now, Avid Telecom provided telephony services to Zealous Services, Inc.**

44.    Admit that Zealous Services, Inc. was a   Customer of Defendant Avid Telecom.

*Specific Objections to RFA No. 46: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Non-Provider Customer") to which she does not agree. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly has the relationship. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Response: Subject to and without waiving the General Objections and the Specific Objections stated above, to the best of her current recollection and based on the information available to her at the time and now, Reeves admits that the data available at the time indicated that Zealous Services. did not meet all of the criteria Plaintiffs set forth the definition.**

45.    Admit that, during the course of its Business Relationship with Zealous Services, Inc., Defendant Avid Telecom Transmitted calls that it received directly from Zealous Services, Inc.

*Specific Objections to RFA No. 47: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as vague and ambiguous as to the term "Business Relationship". Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly has the Business Relationship. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, to the best of her current recollection and based on the information available to her at the time and now,  Reeves admits that to the best of her current recollection, knowledge and belief Glass Roots Marketing delivered calls directly to Avid Telecom.**

46.    Admit that, during the course of its Business Relationship with Zealous Services, Inc., Defendant Avid Telecom Transmitted calls that it received from Zealous Services, Inc. where no other Voice Service Providers had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Reeves also objects to this request to the extent that it requires her to respond based on a definition of "Voice Service Provider" to which she does not agree.*

*Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies the allegation. Avid Telecom never had a direct relationship with the party that created the content for any call or the party on whose behalf the call was being made. All calls that reached the Avid Telecom network were originated by a party that delivered the call to Avid Telecom from a switch that they owned and/or controlled.**

47.    Admit that, during the course of its Business Relationship with Zealous Services, Inc., Defendant Avid Telecom Transmitted calls directly to Zealous Services, Inc.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls directly to Zealous Services.**

48.    Admit that Defendant Avid Telecom had a Business Relationship with SipNav.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.*

*Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with SipNav. It is my recollection that, among other things, the agreement governing that "Business Relationship" required SipNav to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

49.    Admit that Defendant Avid Telecom provided Compensation to

SipNav.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to SipNav primarily for providing switch services to Avid Telecom.**

50.    Admit that Defendant Avid Telecom had a Business Relationship with

Dean Hansen.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

51. Admit that Defendant Avid Telecom has received Compensation from

Dean Hansen.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Reeves is insufficient to enable her to admit or deny this request.**

52. Admit that Defendant Avid Telecom provided Compensation to Dean

Hansen.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.*

*Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Reeves is insufficient to enable her to admit or deny this request.**

53.    Admit that Defendant Avid Telecom had a Business Relationship with

Scott Presta.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

54.    Admit that Defendant Avid Telecom provided Compensation to Scott Presta.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Reeves is insufficient to enable her to admit or deny this request.**

55.    Admit that Defendant Avid Telecom had a Business Relationship with

Airespring.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Airespring.  It is my recollection that, among other things, the agreement governing that "Business Relationship" required Airespring to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

56. Admit that Defendant Avid Telecom has received Compensation from

Airespring.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Airespring primarily for the transiting of calls delivered to Avid Telecom.**

57.    Admit that, during the course of its Business Relationship with Airespring, Defendant Avid Telecom Transmitted calls that it received directly from Airespring.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the foregoing objections, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Airespring.**

58.    Admit that Defendant Avid Telecom had a Business Relationship with AllClear Connect.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with AllClear Connect.  It is my recollection that, among other things, the agreement governing that "Business Relationship" required AllClear Connect to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

59. Admit that Defendant Avid Telecom has received Compensation from

AllClear Connect.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from AllClear Connect primarily for the transiting of calls delivered to Avid Telecom.**

60.    Admit that, during the course of its Business Relationship with AllClear Connect, Defendant Avid Telecom Transmitted calls that it received directly from AllClear Connect.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from AllClear Connect.**

61.    Admit that Defendant Avid Telecom had a Business Relationship with Autelecom LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Autelecom.  It is my**

**recollection that, among other things, the agreement governing that "Business Relationship" required Autelecom to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocall.**

62.    Admit that Defendant Avid Telecom has received Compensation from

Autelecom LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Autelecom primarily for the transiting of calls delivered to Avid Telecom.**

63.    Admit that, during the course of its Business Relationship with

Autelecom LLC, Defendant Avid Telecom Transmitted calls that it received directly

from Autelecom LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business*

*Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Autelecom.**

64.    Admit that Defendant Avid Telecom had a Business Relationship with

BestiumPro.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Bestium Pro.  It is my recollection that, among other things, the agreement governing that "Business Relationship" required Bestium Pro to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

65.    Admit that Defendant Avid Telecom has received Compensation from

BestiumPro.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Bestium Pro primarily for the transiting of calls delivered to Avid Telecom.**

66.    Admit that, during the course of its Business Relationship with

BestiumPro, Defendant Avid Telecom Transmitted calls that it received directly from

BestiumPro.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Bestium Pro.**

67. Admit that Defendant Avid Telecom had a Business Relationship with

Connexum LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Connexum.  It is my recollection that, among other things, the agreement governing that "Business Relationship" required Connexum to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

68. Admit that Defendant Avid Telecom has received Compensation from

Connexum LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no**

**authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Connexum primarily for the transiting of calls delivered to Avid Telecom.**

69. Admit that, during the course of its Business Relationship with Connexum LLC, Defendant Avid Telecom Transmitted calls that it received directly from Connexum LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Connexum**

*70.* Admit that Defendant Avid Telecom had a Business Relationship with Contact Center Specialists LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Contact Center Specialists. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Contact Center Specialists to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

71. Admit that Defendant Avid Telecom has received Compensation from

Contact Center Specialists LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Contact Center Specialists primarily for the transiting of calls delivered to Avid Telecom.**

72.    Admit that, during the course of its Business Relationship with Contact Center Specialists LLC, Defendant Avid Telecom Transmitted calls that it received directly from Contact Center Specialists LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Contact Center Specialists. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Contact Center Specialists to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

73.    Admit that Defendant Avid Telecom had a Business Relationship with DID Central.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from DID Central.**

*74.*    Admit that Defendant Avid Telecom has received Compensation from DID Central.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from DID Central primarily for the transiting of calls delivered to Avid Telecom**

75.    Admit that, during the course of its Business Relationship with DID Central, Defendant Avid Telecom Transmitted calls that it received directly from DID Central.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term*

*"Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with DID Central. It is my recollection that, among other things, the agreement governing that "Business Relationship" required DID Central to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls**

*76.* Admit that Defendant Avid Telecom had a Business Relationship with Digital Media Solutions LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Digital Media Solutions. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Digital Media Solutions to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

77.    Admit that Defendant Avid Telecom has received Compensation from

Digital Media Solutions LLC. for the provision of Voice Services.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:   Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Digital Media Solutions primarily for the transiting of calls delivered to Avid Telecom.**

78. Admit that Defendant Avid Telecom has received Compensation from

Digital Media Solutions LLC. for the provision of Telephony Services.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:   Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current**

**recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Digital Media Solutions primarily for the transiting of calls delivered to Avid Telecom.**

79.    Admit that Digital Media Solutions LLC is not a Voice Service Provider.

*Specific Objections to RFA No. 26: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Reeves objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Non-Provider Customer") to which she does not agree.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that, to the best of her current recollection and based on the information available to her at the time and now, the allegation DMS, LLC was a Non-Provider Customer of Defendant Avid Telecom.**

80.    Admit that Digital Media Solutions LLC is not a provider of

Telephony Service.

*Specific Objections to RFA No. 26: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Reeves objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Non-Provider Customer") to which she does not agree.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that, to the best of her current**

**recollection and based on the information available to her at the time and now, the allegation DMS, LLC was a Non-Provider Customer of Defendant Avid Telecom.**

81.    Admit that, during the course of its Business Relationship with Digital Media Solutions LLC, Defendant Avid Telecom Transmitted calls from Digital Media Solutions LLC where no other Voice Service Provider had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

*Specific Objections to RFA No. 32: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Reeves also objects to this request to the extent that it requires her to respond based on a definition of "Voice Service Provider" to which she does not agree. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies the allegation. Avid Telecom never had a direct relationship with the party that created the content for any call or the party on whose behalf the call was being made. All calls that reached the Avid Telecom network were originated by a party that delivered the call to Avid Telecom from a switch that they owned and/or controlled.**

82. Admit that Defendant Avid Telecom had a Business Relationship with Global Voicecom.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.*

*Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Global Voicecom. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Global Voicecom to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

83. Admit that Defendant Avid Telecom has received Compensation from

Global Voicecom.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Global Voicecom primarily for the transiting of calls delivered to Avid Telecom.**

84.    Admit that, during the course of its Business Relationship with Global

Voicecom, Defendant Avid Telecom Transmitted calls that it received directly from

Global Voicecom.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Global Voicecom.**

85. Admit that Defendant Avid Telecom had a Business Relationship with

Great Lakes Communication.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Great Lakes**

**Communications.  It is my recollection that, among other things, the agreement governing that "Business Relationship" required Great Lakes Communications to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

86. Admit that Defendant Avid Telecom has received Compensation from

Great Lakes Communication.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Great Lakes Communications primarily for the transiting of calls delivered to Avid Telecom.**

87. Admit that, during the course of its Business Relationship with Great

Lakes Communication, Defendant Avid Telecom Transmitted calls that it received

directly from Great Lakes Communication.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.*

*Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Great Lakes Communications.**

88. Admit that Defendant Avid Telecom had a Business Relationship with

Icon Global Services.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with IGS. It is my recollection that, among other things, the agreement governing that "Business Relationship" required IGS to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

89. Admit that Defendant Avid Telecom has received Compensation from

Icon Global Services.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from IGS primarily for the transiting of calls delivered to Avid Telecom.**

90.    Admit that, during the course of its Business Relationship with Icon Global Services, Defendant Avid Telecom Transmitted calls that it received directly from Icon Global Services.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from IGS.**

91.    Admit that Defendant Avid Telecom had a Business Relationship with

Virtual Telecom/Mobi Telecom LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Virtual/Mobi. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Virtual/Mobi to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

92.    Admit that Defendant Avid Telecom has received Compensation from Virtual Telecom/Mobi Telecom LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Subject to and without waiving the General Objections and the Specific Objections stated above Reeves admits that to the**

**best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Virtual/Mobi primarily for the transiting of calls delivered to Avid Telecom.**

93.    Admit that, during the course of its Business Relationship with Virtual Telecom/Mobi Telecom LLC, Defendant Avid Telecom Transmitted calls that it received directly from Virtual Telecom/Mobi Telecom LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Virtual/Mobi.**

94.    Admit that Defendant Avid Telecom had a Business Relationship with Modok Telecom.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Virtual/Mobi. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Modok to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

95. Admit that Defendant Avid Telecom has received Compensation from

Modok Telecom.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Modok primarily for the transiting of calls delivered to Avid Telecom.**

96.    Admit that, during the course of its Business Relationship with Modok Telecom, Defendant Avid Telecom Transmitted calls that it received directly from Modok Telecom.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Modok.**

97.    Admit that You have received Compensation from Modok Telecom, whether or not such Compensation was received before or during the Relevant Period.

*Specific Objections: The Request is vague and ambiguous as to the undefined terms "Compensation" and "Relevant Period," and is overbroad in temporal scope. Subject to and without waiving the foregoing, and after a reasonable inquiry under FRCP 36(a)(4), the foregoing qualified admission is made*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits to having received compensation from Modok Telecom while serving as an independent contractor for Modok Telecom from September 2017 to June 2020.**

98.    Admit that You previously worked for Modok Telecom at a time

during which Sumco Panama was a customer of Modok.

*Specific Objections: The Request is vague and ambiguous as to "worked for" and assumes facts regarding the status/timing of Sumco Panama's customer relationship. Subject to and without waiving the foregoing, and after a reasonable inquiry under FRCP 36(a)(4), the foregoing qualified admission is made.*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits working as an independent contractor for Modok Telecom at a time during which Sumco Panama was a customer of Modok.**

99.    Admit that Defendant Avid Telecom had a Business Relationship with

NGL Communications LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with NGL.  It is my recollection that, among other things, the agreement governing that "Business Relationship" required NGL to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

100.    Admit that Defendant Avid Telecom has received Compensation from

NGL Communications LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from NGL primarily for the transiting of calls delivered to Avid Telecom.**

101.    Admit that, during the course of its Business Relationship with NGL

Communications LLC, Defendant Avid Telecom Transmitted calls that it received

directly from NGL Communications LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now,**

**that Defendant Avid Telecom Transmitted calls that it received directly from NGL.**

102.    Admit that Defendant Avid Telecom had a Business Relationship with

Perfect Pitch Technology, LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with PP Technology.  It is my recollection that, among other things, the agreement governing that "Business Relationship" required PP Technology to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

103.    Admit that Defendant Avid Telecom has received Compensation from

Perfect Pitch Technology, LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without*

*limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from PP Technology primarily for the transiting of calls delivered to Avid Telecom.**

104.    Admit that Defendant Avid Telecom provided Compensation to

Perfect Pitch Technology, LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that after a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

105.    Admit that Defendant Avid Telecom provided Telephony Services to

Perfect Pitch Technology, LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects that this Request to the extent the Request calls for a legal conclusion*

*based on specialized definitions (e.g., "Telephony Services") to which she does not agree. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to provide any Telephony Service to PP Technology, it is her understanding that Avid Telecom provided "Telephony Services" to PP Technology, pursuant to the terms of an agreement that, among other things, required PP Technology to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

106.    Admit that Perfect Pitch Technology, LLC was a Non-Provider

Customer of Defendant Avid Telecom.

*Specific Objections to RFA No. 26: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Non-Provider Customer") to which she does not agree. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that, to the best of her current recollection and based on the information available to her at the time and now, the allegation PP Technology was a Non-Provider Customer of Defendant Avid Telecom.**

107.    Admit that, during the course of its Business Relationship with Perfect Pitch Technology, LLC, Defendant Avid Telecom Transmitted calls that it received directly from Perfect Pitch Technology, LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from PP Technology.**

108.    Admit that, during the course of its Business Relationship with Perfect Pitch Technology, LLC, Defendant Avid Telecom Transmitted calls that it received from Perfect Pitch Technology, LLC where no other Voice Service Providers had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

*Specific Objections to RFA No.: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Reeves also objects to this request to the extent that it requires her to respond based on a definition of "Voice Service Provider" to which she does not*

*agree. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies the allegation. Avid Telecom never had a direct relationship with the party that created the content for any call or the party on whose behalf the call was being made. All calls that reached the Avid Telecom network were originated by a party that delivered the call to Avid Telecom from a switch that they owned and/or controlled.**

109.    Admit that, during the course of its Business Relationship with Perfect

Pitch Technology, LLC, Defendant Avid Telecom Transmitted calls directly to Perfect

Pitch Technology, LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that after a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request**

110.    Admit that Defendant Avid Telecom had a Business Relationship with

R Squared / 200 Networks.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves*

*also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that after a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request**

111. Admit that Defendant Avid Telecom has received Compensation from R Squared / 200 Networks.

*Specific Objections to RF: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that after a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

112. Admit that, during the course of its Business Relationship with R Squared / 200 Networks, Defendant Avid Telecom Transmitted calls that it received directly from R Squared / 200 Networks.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from R Squared.**

113.    Admit that Defendant Avid Telecom had a Business Relationship with

Sipnex Telecom LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Sipnex.  It is my recollection that, among other things, the agreement governing that "Business Relationship" required Sipnex to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

114.    Admit that Defendant Avid Telecom has received Compensation from Sipnex Telecom LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Sipnex primarily for the transiting of calls delivered to Avid Telecom.**

115.    Admit that, during the course of its Business Relationship with Sipnex Telecom LLC, Defendant Avid Telecom Transmitted calls that it received directly from Sipnex Telecom LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Sipnex.**

116.    Admit that Defendant Avid Telecom had a Business Relationship with

StrategicIT.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that after a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

117.    Admit that Defendant Avid Telecom has received Compensation from

StrategicIT.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that after a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

118. Admit that, during the course of its Business Relationship with StrategicIT, Defendant Avid Telecom Transmitted calls that it received directly from StrategicIT.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that after a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

119. Admit that Defendant Avid Telecom had a Business Relationship with TCA VoIP / Telecom Carrier Access / TeleSpan.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

120.    Admit that Defendant Avid Telecom received Compensation from TCA VoIP / Telecom Carrier Access / TeleSpan.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

121.    Admit that, during the course of its Business Relationship with TCA VoIP / Telecom Carrier Access / TeleSpan, Defendant Avid Telecom Transmitted calls that it received directly from TCA VoIP / Telecom Carrier Access / TeleSpan.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that after a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

122.    Admit that Defendant Avid Telecom had a Business Relationship with

Telcast Network / Voovertel.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Voovertel.  It is my recollection that, among other things, the agreement governing that "Business Relationship" required Voovertel to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

123.    Admit that Defendant Avid Telecom received Compensation from

Telcast Network / Voovertel.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Voovertel primarily for the transiting of calls delivered to Avid Telecom.**

124.    Admit that, during the course of its Business Relationship with Telcast Network / Voovertel, Defendant Avid Telecom Transmitted calls that it received directly from Telcast Network / Voovertel.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Voovertel.**

125.    Admit that Defendant Avid Telecom had a Business Relationship with Telesero / Fiducia.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term*

*"Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that after a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

126.    Admit that Defendant Avid Telecom has received Compensation from

Telesero / Fiducia.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that after a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

127.    Admit that, during the course of its Business Relationship with

Telesero / Fiducia, Defendant Avid Telecom Transmitted calls that it received directly

from Telesero / Fiducia.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business*

*Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that after a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

128.    Admit that Defendant Avid Telecom had a Business Relationship with

Tellza / Phonetime / Matchcom.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Matchcom. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Matchcom to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

129.    Admit that Defendant Avid Telecom has received Compensation from

Tellza / Phonetime / Matchcom.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Matchcom primarily for the transiting of calls delivered to Avid Telecom.**

130.    Admit that, during the course of its Business Relationship with Tellza / Phonetime / Matchcom, Defendant Avid Telecom Transmitted calls that it received directly from Tellza / Phonetime / Matchcom.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Matchcom.**

131.    Admit that Defendant Avid Telecom had a Business Relationship with

Third Rock Telecom.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Third Rock.  It is my recollection that, among other things, the agreement governing that "Business Relationship" required Third Rock to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

132.    Admit that Defendant Avid Telecom has received Compensation from

Third Rock Telecom.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Third Rock primarily for the transiting of calls delivered to Avid Telecom.**

133.    Admit that, during the course of its Business Relationship with Third Rock Telecom, Defendant Avid Telecom Transmitted calls that it received directly from Third Rock Telecom.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Third Rock.**

134.    Admit that Defendant Avid Telecom had a Business Relationship with TouchTone.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term*

*"Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with TouchTone. It is my recollection that, among other things, the agreement governing that "Business Relationship" required TouchTone to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

135.    Admit that Defendant Avid Telecom has received Compensation from TouchTone.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from TouchTone primarily for the transiting of calls delivered to Avid Telecom.**

136.    Admit that, during the course of its Business Relationship with TouchTone, Defendant Avid Telecom Transmitted calls that it received directly from TouchTone.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from TouchTone.**

137.    Admit that Defendant Avid Telecom had a Business Relationship with Trixcom / Vibtree Technologies, LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Vibtree.  It is my recollection**

**that, among other things, the agreement governing that "Business Relationship"**
**required Vibtree to represent and warrant to Avid Telecom that all of the traffic**
**that they sent to Avid Telecom complied with all applicable state and federal**
**regulations, specifically including without limitation, all state and federal**
**regulations governing robocalls.**

138.    Admit that Defendant Avid Telecom has received Compensation from

Trixcom / Vibtree Technologies, LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the*
*issues in this case as written and unlikely to lead to the discovery of relevant evidence.*
*Reeves objects to this request as vague and ambiguous to the extent that it does not set*
*forth the context of the reason that Compensation was received. Subject to and without*
*limiting the scope or the effect of her General and Specific objections, Reeves responds*
*as follows:*

**Response:  Subject to and without waiving the General Objections and the**
**Specific Objections stated above, Reeves states that after a reasonable inquiry,**
**the information known or readily obtainable by Reeves is not sufficient to respond**
**to this Request.**

139.    Admit that, during the course of its Business Relationship with Trixcom

/ Vibtree Technologies, LLC, Defendant Avid Telecom Transmitted calls that it

received directly from Trixcom / Vibtree Technologies, LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the*
*issues in this case as written and unlikely to lead to the discovery of relevant evidence.*
*Reeves also objects to this request is vague and ambiguous as to the term "Business*
*Relationship". Subject to and without limiting the scope or the effect of her General*
*and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that after a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

140.   Admit that Defendant Avid Telecom had a Business Relationship with

Urth Access, LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Urth.  It is my recollection that, among other things, the agreement governing that "Business Relationship" required Urth to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

141.   Admit that Defendant Avid Telecom has received Compensation from

Urth Access, LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.*

*Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Urth primarily for the transiting of calls delivered to Avid Telecom.**

142. Admit that Defendant Avid Telecom received Compensation from Tracto, LLC. for service provided by Defendant Avid Telecom to Urth Access, LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Subject to and without waiving the General Objections and the Specific Objections stated above Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Urth primarily for the transiting of calls delivered to Avid Telecom.**

143.    Admit that Defendant Avid Telecom received Compensation from

Creditum, LLC. for service provided by Defendant Avid Telecom to Urth Access, LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Subject to and without waiving the General Objections and the Specific Objections stated above Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Urth primarily for the transiting of calls delivered to Avid Telecom.**

144.    Admit that, during the course of its Business Relationship with Urth

Access, LLC, Defendant Avid Telecom Transmitted calls that it received directly from

Urth

Access, LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Urth.**

145.    Admit that Defendant Avid Telecom had a Business Relationship with

VOIP Terminator / BL Marketing.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admit that Defendant Avid Telecom had a Business Relationship with VOIP Terminator/BL Marketing, but Reeves was not an independent contractor for Avid Telecom during the time the Business Relationship was active.**

146.    Admit that Defendant Avid Telecom has received Compensation from

VOIP Terminator / BL Marketing.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that she does not have the information required to respond to this request.**

147.    Admit that, during the course of its Business Relationship with VOIP Terminator / BL Marketing, Defendant Avid Telecom Transmitted calls that it received directly from VOIP Terminator / BL Marketing.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that she does not have the information required to respond to this request.**

148.    Admit that Defendant Avid Telecom had a Business Relationship with Vultik Inc.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no**

**authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with BL Marketing. It is my recollection that, among other things, the agreement governing that "Business Relationship" required BL Marketing to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

149.    Admit that Defendant Avid Telecom has received Compensation from

Vultik Inc.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Vultik primarily for the transiting of calls delivered to Avid Telecom.**

150.    Admit that, during the course of its Business Relationship with Vultik

Inc., Defendant Avid Telecom Transmitted calls that it received directly from Vultik

Inc.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Vultik.**

151.    Admit that Defendant Avid Telecom had a Business Relationship with

Yodel Technologies / Yodel Voice.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Yodel.  It is my recollection that, among other things, the agreement governing that "Business Relationship" required Yodel to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

152.    Admit that Defendant Avid Telecom has received Compensation from Yodel Technologies / Yodel Voice.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Yodel primarily for the transiting of calls delivered to Avid Telecom.**

153.    Admit that Defendant Avid Telecom provided Compensation to Yodel Technologies / Yodel Voice.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that after a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

154.    Admit that Defendant Avid Telecom provided Telephony Services to Yodel Technologies / Yodel Voice.

*Specific Objections to RFA No. 26: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Telephony Services") to which she does not agree. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to provide any Telephony Service to Yodel, it is her understanding that Avid Telecom provided Telephony Services to Yodel, pursuant to the terms of an agreement that, among other things, required Yodel to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

155.    Admit that Yodel Technologies / Yodel Voice was a Non-Provider Customer of Defendant Avid Telecom.

*Specific Objections to RFA No. 26: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Non-Provider Customer") to which*

*she does not agree.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that, to the best of her current recollection and based on the information available to her at the time and now, the allegation Yodel, LLC was a had h Customer of Defendant Avid Telecom.**

156.   Admit that, during the course of its Business Relationship with Yodel Technologies / Yodel Voice, Defendant Avid Telecom Transmitted calls that it received directly from Yodel Technologies / Yodel Voice.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Yodel.**

157.   Admit that, during the course of its Business Relationship with Yodel Technologies / Yodel Voice, Defendant Avid Telecom Transmitted calls that it received

from Yodel Technologies / Yodel Voice where no other Voice Service Providers had

Transmitted the call before it was accepted on Defendant Avid Telecom's network.

*Specific Objections to RFA No. 32: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Reeves also objects to this request to the extent that it requires her to respond based on a definition of "Voice Service Provider" to which she does not agree. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies the allegation. Avid Telecom never had a direct relationship with the party that created the content for any call or the party on whose behalf the call was being made. All calls that reached the Avid Telecom network were originated by a party that delivered the call to Avid Telecom from a switch that they owned and/or controlled.**

158.    Admit that, during the course of its Business Relationship with Yodel

Technologies / Yodel Voice, Defendant Avid Telecom Transmitted calls directly to

Yodel Technologies / Yodel Voice.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Ms. Reeves states that, to her understanding, Defendant Avid Telecom transmitted certain calls that were originated by an unknown third party either directly or through a third party to DID's leased by Yodel Technologies/Yodel Voice. To the extent this RFA seeks an admission broader than the foregoing, it is denied.**

159.    Admit that Defendants Avid Telecom and Lansky were issued a civil investigative demand on August 1, 2022, by the Office of the Indiana Attorney General.

*Specific Objections to RFA: This RFA seeks admissions regarding other parties (Avid Telecom and Mr. Lansky) and may be outside Ms. Reeves's personal knowledge. Subject to and without waiving these objections, Ms. Reeves admits that a civil investigative demand was issued to Avid Telecom and Michael Lansky on August 1, 2022, by the Office of the Indiana Attorney General on behalf of an attorneys general consortium.*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that, to the best of her recollection, Avid Telecom was issued a civil investigative demand on or about August 1, 2022 by the Office of the Indiana Attorney General.**

160.    Admit that Defendants Avid Telecom and Lansky did not produce any documents or answers in Response to the Requests for Production and Interrogatories, respectively, set forth in the civil investigative demand issued on August 1, 2022, by the Office of the Indiana Attorney General.

*Specific Objections: Reeves objects to this RFA as compound (documents and answers), vague and ambiguous (including what constitutes "produce any"), calls for legal and procedural conclusions regarding a government investigative demand, seeks information concerning other parties (Avid Telecom and Mr. Lansky), and may be outside Ms. Reeves's personal knowledge.*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Ms. Reeves denies that Avid Telecom did not produce any or answers in Response to the Requests for Production and Interrogatories, respectively, set forth in the civil investigative demand issued on August 1, 2022, by the Office of the Indiana Attorney General. To the contrary, it was the Indiana Attorney General that repeatedly refused to engage in good faith with Avid Telecom, and which directly misrepresented the parties' interaction in a manner much like this RFA to the court in Indiana before it withdrew its pleading.**

161.    Admit that Defendant Avid Telecom had a Business Relationship with

All Access Telecom.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with All Access. It is my recollection that, among other things, the agreement governing that "Business Relationship" required All Access to represent and warrant to Avid Telecom that**

**all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

162.    Admit that Defendant Avid Telecom provided Compensation to All Access Telecom.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to All Access primarily for the transiting of calls delivered to Avid Telecom.**

163.    Admit that, during the course of its Business Relationship with All Access Telecom, Defendant Avid Telecom Transmitted calls directly to All Access Telecom.

*Specific Objections: This RFA is vague and ambiguous (including the undefined terms "Business Relationship" and "Transmitted"), lacks a temporal limitation, and seeks technical/routing facts potentially outside Ms. Reeves's personal knowledge.*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Ms. Reeves admits that Reeves admits that to the best of her current recollection, knowledge and belief, Defendant Avid Telecom transmitted calls directly to All Access Telecom.**

164.    Admit that the files consisting of CDRs produced by All Access Telecom to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143523— satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections: This RFA improperly seeks a legal conclusion regarding admissibility and evidentiary foundation under Fed. R. Evid. 803(6), concerns third-party records, is vague and overbroad as to the specific "files" at issue, and seeks information outside Ms. Reeves's personal knowledge, possession, custody, or control. Subject to and without waiving these objections, after a reasonable inquiry*

**Response: Ms. Reeves lacks sufficient information to admit or deny and therefore denies this RFA pursuant to Fed. R. Civ. P. 36(a)(4).**

165.    Admit that Defendant Avid Telecom had a Business Relationship with Bandwidth.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Bandwidth. It is her recollection that, among other things, the agreement governing that "Business Relationship" required Bandwidth to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

166.    Admit that Defendant Avid Telecom provided Compensation to

Bandwidth.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to Bandwidth primarily for the transiting of calls delivered to Avid Telecom.**

167.    Admit that, during the course of its Business Relationship with

Bandwidth, Defendant Avid Telecom Transmitted calls directly to Bandwidth.

*Response: General Objections incorporated by reference. Specific Objections: This RFA is vague and ambiguous (including the undefined terms "Business Relationship" and "Transmitted"), lacks a temporal limitation, and seeks technical/routing information potentially outside Ms. Reeves's personal knowledge.*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, Reeves admits that Defendant Avid Telecom transmitted calls directly to Bandwidth.**

168.    Admit that the files consisting of CDRs produced by Bandwidth to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003production and which file names are enumerated on AGTF_000143524—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections: This RFA seeks a legal conclusion regarding evidentiary foundation under Fed. R. Evid. 803(6), concerns third-party records, is vague and overbroad as to the specific "files" at issue, and seeks information outside Ms. Reeves's personal knowledge, possession, custody, or control. Subject to and without waiving these objections, after a reasonable inquiry.*

**Response: See above objection.**

169.    Admit that Defendant Avid Telecom had a Business Relationship with Call48 - HFA Services - Skye Telecom.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Skype. It is her recollection that, among other things, the agreement governing that "Business Relationship" required Skype to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

170. Admit that Defendant Avid Telecom provided Compensation to Call48 - HFA Services - Skye Telecom.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no**

**authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to Skype primarily for the transiting of calls delivered to Avid Telecom.**

171.    Admit that, during the course of its Business Relationship with Call48 - HFA Services - Skye Telecom, Defendant Avid Telecom Transmitted calls directly to Call48 HFA Services - Skye Telecom.

*Response: General Objections incorporated by reference. Specific Objections: This RFA is vague and ambiguous (including the undefined terms "Business Relationship" and "Transmitted"), lacks a temporal limitation, and seeks technical/routing information potentially outside Ms. Reeves's personal knowledge.*

**Response: Subject to and without waiving these objections, Ms. Reeves admits that Defendant Avid Telecom transmitted calls directly to Call 48 – HFA Services – Skye Telecom for termination.**

172.    Admit that the files consisting of CDRs produced by Call48 - HFA Services - Skye Telecom to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143620—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: This RFA seeks a legal conclusion regarding admissibility and evidentiary foundation under Fed. R. Evid. 803(6), concerns third-party records, is vague and overbroad as to the specific "files" at issue, and seeks information outside Ms. Reeves's personal knowledge, possession, custody, or control.*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, after a reasonable inquiry Ms. Reeves lacks sufficient information to admit or deny and therefore denies this RFA pursuant to Fed. R. Civ. P. 36(a)(4).**

173.    Admit that Defendant Avid Telecom had a Business Relationship with

Carrier Connect Corp.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Carrier Connect that, among other things, the agreement governing that "Business Relationship" required Carrier Connect to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

174.    Admit that Defendant Avid Telecom provided Compensation to

Carrier Connect Corp.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to Carrier Connect primarily for the transiting of calls delivered to Avid Telecom.**

175.    Admit that, during the course of its Business Relationship with Carrier Connect Corp, Defendant Avid Telecom Transmitted calls directly to Carrier Connect Corp.

*Specific Objections: This RFA is vague and ambiguous (including the undefined terms "Business Relationship" and "Transmitted"), lacks a temporal limitation, and seeks technical/routing information potentially outside Ms. Reeves's personal knowledge.*

**Response: Subject to and without waiving these objections, Ms. Reeves admits that Defendant Avid Telecom transmitted calls directly to Carrier Connect Corp.**

176.    Admit that the files consisting of CDRs produced by Carrier Connect Corp to the Plaintiff State of North Carolina in Response to a civil investigative

demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003production and which file names are enumerated on AGTF_000143520— satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections: This RFA seeks a legal conclusion regarding admissibility and evidentiary foundation under Fed. R. Evid. 803(6), concerns third-party records, is vague and overbroad as to the specific "files" at issue, and seeks information outside Ms. Reeves's personal knowledge, possession, custody, or control.*

**Subject to and without waiving the General Objections and the Specific Objections stated above, after a reasonable inquiry Ms. Reeves lacks sufficient information to admit or deny and therefore denies this RFA pursuant to Fed. R. Civ. P. 36(a)(4).**

177.    Admit that Defendant Avid Telecom had a Business Relationship with Dorial Telecom.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Dorial.  It is her recollection that, among other things, the agreement governing that "Business Relationship" required Dorial to represent and warrant to Avid Telecom that all of the traffic**

**that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

178.    Admit that Defendant Avid Telecom provided Compensation to

Dorial Telecom.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to Dorial primarily for the transiting of calls delivered to Avid Telecom.**

179.    Admit that, during the course of its Business Relationship with Dorial

Telecom, Defendant Avid Telecom Transmitted calls directly to Dorial Telecom.

*Specific Objections: This RFA is vague and ambiguous (including the undefined terms "Business Relationship" and "Transmitted"), lacks a temporal limitation, and seeks technical/routing information potentially outside Ms. Reeves's personal knowledge.*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current**

**recollection, knowledge and belief, Reeves admits that Defendant Avid Telecom transmitted calls directly to Dorial Telecom.**

180.    Admit that the files consisting of CDRs produced by Dorial Telecom to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143621 through AGTF_000143630—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections: This RFA seeks a legal conclusion regarding admissibility and evidentiary foundation under Fed. R. Evid. 803(6), concerns third-party records, is vague and overbroad as to the specific "files" at issue, and seeks information outside Ms. Reeves's personal knowledge, possession, custody, or control.*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that to the best of her current recollection, knowledge and belief, after a reasonable inquiry she lacks sufficient information to admit or deny and therefore denies this RFA pursuant to Fed. R. Civ. P. 36(a)(4).**

181.    Admit that Defendant Avid Telecom had a Business Relationship with G4 Telecom.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with G4.  It is my recollection that, among other things, the agreement governing that "Business Relationship" required G4 to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

182.    Admit that Defendant Avid Telecom provided Compensation to G4 Telecom.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to G4 primarily for the transiting of calls delivered to G4 Telecom.**

183.    Admit that, during the course of its Business Relationship with G4 Telecom, Defendant Avid Telecom Transmitted calls directly to G4 Telecom.

*Specific Objections: This RFA is vague and ambiguous (including the undefined terms "Business Relationship" and "Transmitted"), lacks a temporal limitation, and seeks technical/routing information potentially outside Ms. Reeves's personal knowledge.*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Ms. Reeves admits that Defendant Avid Telecom transmitted calls directly to G4 Telecom.**

184.    Admit that the files consisting of CDRs produced by G4 Telecom to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003production and which file names are enumerated on AGTF_000143639—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections: This Request improperly seeks a legal conclusion regarding whether third-party documents satisfy Fed. R. Evid. 803(6)(A)-(C); is vague and ambiguous as to the meaning of "satisfy" and the scope of the "files"; and assumes authentication, foundation, and record-keeping practices of G4 Telecom outside Responding Party's personal knowledge.*

**Response: Subject to and without waiving the foregoing objections, after a reasonable inquiry, the information known or readily obtainable is insufficient to enable Responding Party to admit or deny.**

185.    Admit that Defendant Avid Telecom had a Business Relationship with Inteliquent - Sinch - Neutral Tandem.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Sinch. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Sinch to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

186.    Admit that Defendant Avid Telecom provided Compensation to

Inteliquent – Sinch – Neutral Tandem.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid**

**Telecom provided Compensation to Sinch primarily for the transiting of calls delivered to Avid Telecom.**

187.    Admit that, during the course of its Business Relationship with Inteliquent Sinch - Neutral Tandem, Defendant Avid Telecom Transmitted calls directly to Inteliquent - Sinch - Neutral Tandem.

*Specific Objections to RFA: Reeves objects that this Request as vague and ambiguous (including the undefined terms "Business Relationship," "Transmitted," and "directly").*

**Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief that Defendant Avid Telecom transmitted calls directly to Inteliquent. No admission is made herein as to Sinch or Neutral Tandem.**

188.    Admit that the files consisting of CDRs produced by Inteliquent - Sinch Neutral Tandem to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143509 through AGTF_000143511—satisfy Fed. R. Evid. 803(6)(A)–(C).

**Response: Subject to and without waiving the foregoing objections, after a reasonable inquiry, the information known or readily obtainable is insufficient to enable Responding Party to admit or deny.**

189. Admit that Defendant Avid Telecom had a Business Relationship with

NGN Latam Corp - Datora Telecom.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Datora. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Datora to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

190. Admit that Defendant Avid Telecom provided Compensation to NGN

Latam Corp – Datora Telecom.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to NGN primarily for the transiting of calls delivered to Avid Telecom.**

191.    Admit that, during the course of its Business Relationship with NGN Latam Corp - Datora Telecom, Defendant Avid Telecom Transmitted calls directly to NGN Latam Corp - Datora Telecom.

*Specific Objections: The Request combines multiple entities in a single Request and lacks any defined period.*

**Response: Subject to and without waiving the foregoing objections, Responding Party admits that Defendant Avid Telecom transmitted calls directly to NGN Latam Corp – Datora Telecom.**

192.    Admit that the files consisting of CDRs produced by NGN Latam Corp Datora Telecom to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143525 through AGTF_000143544—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Responding Party objects that the Request is vague, ambiguous, overly broad, and compound, and that it improperly calls for a legal conclusion regarding the admissibility of third-party documents under Fed. R. Evid. 803(6). Rights under Fed. R. Civ. P. 26, 33, and 36 are preserved. Specific Objections: The Request assumes facts regarding record-keeping and foundation outside Responding Party's personal knowledge and is unclear as to the scope of the "files."*

**Response: Subject to and without waiving the foregoing objections, after a reasonable inquiry, the information known or readily obtainable is insufficient to admit or deny, and therefore the Request is denied.**

193.    Admit that Defendant Avid Telecom had a Business Relationship with

Peerless Network - Airus.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Airus. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Airus to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

194.    Admit that Defendant Avid Telecom provided Compensation to

Peerless Network – Airus.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to Airus primarily for the transiting of calls delivered to Avid Telecom.**

195.    Admit that, during the course of its Business Relationship with Peerless Network - Airus, Defendant Avid Telecom Transmitted calls directly to Peerless Network - Airus.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that the definition of Transmitted is unclear. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that Defendant Avid Telecom transmitted calls directly to Peerless Network – Airus.**

196.    Admit that the files consisting of CDRs produced by Peerless Network - Airus to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143618—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Responding Party objects that the Request is vague, ambiguous, overly broad, and compound, and that it improperly calls for a legal conclusion regarding the admissibility of third-party documents under Fed. R. Evid. 803(6). Rights under Fed. R. Civ. P. 26, 33, and 36 are preserved. Specific Objections: The Request assumes facts regarding record-keeping and foundation outside Responding Party's personal knowledge and is unclear as to the scope of the "files."*

**Response: Subject to and without waiving the foregoing objections, after a reasonable inquiry, the information known or readily obtainable is insufficient to admit or deny, and therefore the Request is denied.**

197.    Admit that Defendant Avid Telecom had a Business Relationship with PNG Telecomms - PowerNet Global Communications.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current**

**recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with PowerNet.  It is my recollection that, among other things, the agreement governing that "Business Relationship" required PowerNet to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

198.    Admit that Defendant Avid Telecom provided Compensation to PNG Telecomms – PowerNet Global Communications.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to PNG primarily for the transiting of calls delivered to Avid Telecom.**

199.    Admit that, during the course of its Business Relationship with PNG Telecomms - PowerNet Global Communications, Defendant Avid Telecom Transmitted calls directly to PNG Telecomms - PowerNet Global Communications.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that the definition of Transmitted is unclear. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, Defendant Avid Telecom transmitted calls directly to PNG Telecomms – PowerNet Global Communications.**

200. Admit that the files consisting of CDRs produced by PNG Telecomms PowerNet Global Communications to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143638—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Responding Party objects that this Request is vague, ambiguous, overly broad, and compound, and that it calls for a legal conclusion regarding admissibility under Fed. R. Evid. 803(6). Rights are preserved under Fed. R. Civ. P. 26, 33, and 36. The Request assumes foundation and authenticity of third-party records outside Responding Party's personal knowledge and is unclear as to the scope of the "files."*

**Response: Subject to and without waiving the foregoing objections, after a reasonable inquiry, the information known or readily obtainable is insufficient to admit or deny, and therefore the Request is denied.**

201.    Admit that Defendant Avid Telecom had a Business Relationship with

Qwality Tel.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

202.    Admit that Defendant Avid Telecom provided Compensation to

Qwality Tel.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

203.    Admit that, during the course of its Business Relationship with

Qwality Tel, Defendant Avid Telecom Transmitted calls directly to Qwality Tel.

**Response:  After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

204.    Admit that the files consisting of CDRs produced by Qwality Tel to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003production and which file names are enumerated on AGTF_000143519— satisfy Fed. R. Evid. 803(6)(A)–(C).

**Response:  After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

205.    Admit that Defendant Avid Telecom had a Business Relationship with Red Telecom LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Red Telecom.  It is my recollection that, among other things, the agreement governing that "Business Relationship" required Red Telecom to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and**

**federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

206.    Admit that Defendant Avid Telecom provided Compensation to Red Telecom LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to Red Telecom primarily for the transiting of calls delivered to Avid Telecom.**

207.    Admit that Defendant Avid Telecom received Compensation from Red Telecom LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Red Telecom primarily for the transiting of calls delivered to Avid Telecom.**

208.    Admit that, during the course of its Business Relationship with Red Telecom LLC, Defendant Avid Telecom Transmitted calls that it received directly from Red Telecom LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Red Telecom.**

209.    Admit that, during the course of its Business Relationship with Red Telecom LLC, Defendant Avid Telecom Transmitted calls directly to Red Telecom LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.*

*Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Responding Party admits that Defendant Avid Telecom transmitted calls directly to Red Telecom LLC.**

210.    Admit that the files consisting of CDRs produced by Red Telecom to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143521 through AGTF_000143522—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, after a reasonable inquiry, the information known or readily obtainable is insufficient to admit or deny, and therefore the Request is denied.**

211.    Admit that Defendant Avid Telecom had a Business Relationship with RingSquared - Magna5 Telecom - NovaTel.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with NovaTel. It is my recollection that, among other things, the agreement governing that "Business Relationship" required NovaTel to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

212.    Admit that Defendant Avid Telecom provided Compensation to

RingSquared – Magna5 Telecom – NovaTel.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid**

**Telecom provided Compensation to NovaTel primarily for the transiting of calls delivered to Avid Telecom.**

213.    Admit that, during the course of its Business Relationship with RingSquared - Magna5 Telecom - NovaTel, Defendant Avid Telecom Transmitted calls directly to RingSquared - Magna5 Telecom - NovaTel.

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Responding Party admits that Defendant Avid Telecom transmitted calls directly to RingSquared – Magna5 Telecom – NovaTel.**

214.    Admit that the files consisting of CDRs produced by RingSquared – Magna5 Telecom - NovaTel to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143594 through AGTF_000143595—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, and after a reasonable inquiry, Responding**

**Party lacks knowledge or information sufficient to admit or deny, and on that basis denies. See Fed. R. Civ. P. 36(a)(4).**

215.    Admit that Defendant Avid Telecom had a Business Relationship with

Secure Voice Corp.

**Response:** *Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Secure Voice. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Secure Voice to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

216.    Admit that Defendant Avid Telecom provided Compensation to

Secure Voice Corp.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without*

*limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to Secure Voice primarily for the transiting of calls delivered to Avid Telecom.**

217.    Admit that, during the course of its Business Relationship with Secure

Voice Corp, Defendant Avid Telecom Transmitted calls directly to Secure Voice Corp.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, that Avid Telecom transmitted calls to Secure Voice Corp.**

218.    Admit that the files consisting of CDRs produced by Secure Voice

Corp to the Plaintiff State of North Carolina in Response to a civil investigative

demand issued on January 18, 2023—which files were produced to Defendants in

Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated

on AGTF_000143596 through AGTF_000143617—satisfy Fed. R. Evid. 803(6)(A)–

(C).

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states after a reasonable inquiry, Responding Party lacks knowledge or information sufficient to admit or deny this RFA, and on that basis denies. See Fed. R. Civ. P. 36(a)(4).**

219.    Admit that Defendant Avid Telecom had a Business Relationship with

Talkie Communications - Sonic Systems.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Sonic.  It is my recollection that, among other things, the agreement governing that "Business Relationship" required Sonic to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal**

**regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

220.    Admit that Defendant Avid Telecom provided Compensation to Talkie Communications – Sonic Systems.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to Sonic primarily for the transiting of calls delivered to Avid Telecom.**

221.    Admit that, during the course of its Business Relationship with Talkie Communications - Sonic Systems, Defendant Avid Telecom Transmitted calls directly to Talkie Communications - Sonic Systems.

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, admits that that to the best of her current recollection, knowledge and belief, Avid Telecom transmitted calls to Talkie Communications – Sonic Systems.**

222.    Admit that the files consisting of CDRs produced by Talkie

Communications - Sonic Systems to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143631 through AGTF_000143637—satisfy Fed. R. Evid. 803(6)(A)–(C).

**Response: Reeves lacks knowledge or information sufficient to admit or deny, and on that basis denies. See Fed. R. Civ. P. 36(a)(4).**

223.    Admit that Defendant Avid Telecom had a Business Relationship with Telco Connection.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, admits that that to the best of her current recollection, knowledge and belief, , and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Telco Connection.  It is my recollection that, among other things, the agreement governing that "Business Relationship" required Telco Connection to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

224.    Admit that Defendant Avid Telecom provided Compensation to Telco Connection.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to Telco Connection primarily for the transiting of calls delivered to Avid Telecom.**

225.    Admit that, during the course of its Business Relationship with Telco Connection, Defendant Avid Telecom Transmitted calls directly to Telco Connection.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, admits that that to the best of her current recollection, knowledge and belief, admits that Avid Telecom transmitted calls to Telco Connection.**

226.    Admit that the files consisting of CDRs produced by Telco Connection to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated onAGTF_000143545 through AGTF_000143551—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Reeves lacks knowledge or information sufficient to admit or deny this RFA, and on that basis denies. See Fed. R. Civ. P. 36(a)(4).**

227.    Admit that Defendant Avid Telecom had a Business Relationship with Touchtone Communications.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business**

**Relationship with TouchTone. It is my recollection that, among other things, the agreement governing that "Business Relationship" required TouchTone to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

228.     Admit that Defendant Avid Telecom provided Compensation to

Touchtone Communications.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, admits that that to the best of her current recollection, knowledge and belief, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to TouchTone primarily for the transiting of calls delivered to Avid Telecom.**

229.     Admit that, during the course of its Business Relationship with

Touchtone Communications, Defendant Avid Telecom Transmitted calls directly to

Touchtone Communications.

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that that to the best of her**

**current recollection, knowledge and belief, admits that Avid Telecom transmitted calls to Touchtone Communications.**

230.    Admit that the files consisting of CDRs produced by Touchtone Communications to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143518—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Reeves lacks knowledge or information sufficient to admit or deny this RFA, and on that basis denies. See Fed. R. Civ. P. 36(a)(4).**

231.    Admit that Defendant Avid Telecom had a Business Relationship with Verizon.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Verizon.  It is my recollection that, among other things, the agreement governing that "Business Relationship" required Verizon to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

232.    Admit that Defendant Avid Telecom provided Compensation to

Verizon.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, admits that that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to Verizon primarily for the transiting of calls delivered to Avid Telecom.**

233.    Admit that, during the course of its Business Relationship with

Verizon, Defendant Avid Telecom Transmitted calls directly to Verizon.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, admits that that to the best of her current recollection, knowledge and belief, admits that Avid Telecom transmitted calls to Verizon.**

234.    Admit that the files consisting of CDRs produced by Verizon to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143517—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Reeves lacks knowledge or information sufficient to admit or deny this RFA, and on that basis denies. See Fed. R. Civ. P. 36(a)(4).**

235.    Admit that Defendant Avid Telecom had a Business Relationship with VoIP Innovations - VoIP Street.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with VoIP St.  It is my recollection that, among other things, the agreement governing that "Business Relationship" required VoIP St. to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

236.    Admit that Defendant Avid Telecom provided Compensation to

VoIPInnovations – VoIP Street.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, admits that that to the best of her current recollection, knowledge and belief, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no**

**authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to VoIP St. primarily for the transiting of calls delivered to Avid Telecom.**

237.    Admit that, during the course of its Business Relationship with VoIPInnovations - VoIP Street, Defendant Avid Telecom Transmitted calls directly to VoIP Innovations - VoIP Street.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, admits that that to the best of her current recollection, knowledge and belief, admits that Avid Telecom transmitted calls to VoIP Innovations – VoIP Street.**

238.    Admit that the files consisting of CDRs produced by VoIP Innovations VoIP Street to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143619—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.*

*Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Reeves lacks knowledge or information sufficient to admit or deny, and on that basis denies. See Fed. R. Civ. P. 36(a)(4).**

239.    Admit that Defendant Avid Telecom had a Business Relationship with

Windstream.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that that to the best of her current recollection, knowledge and belief, , and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Windstream. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Windstream to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

240.    Admit that Defendant Avid Telecom provided Compensation to

Windstream.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.*

*Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to Windstream primarily for the transiting of calls delivered to Avid Telecom.**

241. Admit that, during the course of its Business Relationship with Windstream, Defendant Avid Telecom Transmitted calls directly to Windstream.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that that to the best of her current recollection, knowledge and belief, Avid Telecom transmitted calls to Windstream.**

242. Admit that the files consisting of CDRs produced by Windstream to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume

AGTF_VOL003 production and which file names are enumerated on AGTF_000143513 through AGTF_000143516—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Reeves lacks knowledge or information sufficient to admit or deny, and on that basis denies.**

243.    Admit that Defendant Avid Telecom had a Business Relationship with XCast Labs.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with XCast. It is my recollection that, among other things, the agreement governing that "Business Relationship" required XCast to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

244.    Admit that Defendant Avid Telecom provided Compensation to XCast Labs.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to XCast primarily for the transiting of calls delivered to Avid Telecom.**

245.    Admit that, during the course of its Business Relationship with XCast Labs, Defendant Avid Telecom Transmitted calls directly to XCast Labs.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that that to the best of her current recollection, knowledge and belief, admits that Avid Telecom transmitted calls to XCast Labs.**

246.    Admit that the files consisting of CDRs produced by XCast Labs to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003production and which file names are enumerated on AGTF_000143512—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  After a reasonable inquiry, Responding Party lacks knowledge or information sufficient to admit or deny, and on that basis denies. See Fed. R. Civ. P. 36(a)(4).**

247.    Telecom had a Business Relationship with John C. Spiller, II.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

248.    Admit that Defendant Avid Telecom had a Business Relationship with

John C. Spiller, II, while Mr. Spiller used the pseudonym, Mikel Quinn.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:    Reeves denies that Defendant Avid Telecom had a Business Relationship with John C. Spiller, II.  After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request as t related to the pseydonym.**

249.    Admit that Defendant Avid Telecom received Compensation from John C. Spiller, II.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:      Reeves denies that Defendant Avid Telecom received compensation from John C. Spiller, II.**

250.    Admit that Defendant Avid Telecom provided Compensation to John C. Spiller, II.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.*

*Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Reeves denies that Defendant Avid Telecom paid compensation to John C. Spiller, II.**

251.    Admit that Defendant Avid Telecom had a Business Relationship with

JSquared Telecom LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

252.    Admit that Defendant Avid Telecom received Compensation from

JSquared Telecom LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

253.    Admit that Defendant Avid Telecom provided Compensation to

JSquared Telecom LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

254.    Admit that, during the course of its Business Relationship with JSquared

Telecom LLC, Defendant Avid Telecom Transmitted calls that it received directly from

JSquared Telecom LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the foregoing objections, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from JSquared.**

255.    Admit that Defendant Avid Telecom had a Business Relationship with

Rising Eagle Capital Group LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with RE Capital. It is my recollection that, among other things, the agreement governing that "Business Relationship" required RE Capital to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

256.    Admit that Defendant Avid Telecom received Compensation from

Rising Eagle Capital Group LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from RE Capital primarily for the transiting of calls delivered to Avid Telecom.**

257.    Admit that Defendant Avid Telecom provided Compensation to

Rising Eagle Captial Group LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

258.    Admit that, during the course of its Business Relationship with Rising

Eagle Capital Group LLC, Defendant Avid Telecom Transmitted calls that it received

directly from Rising Eagle Capital Group LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the foregoing objections, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from RE Capital.**

259.  Admit that Defendant Avid Telecom had a Business Relationship with

Great Choice Telecom LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that that to the best of her current recollection, knowledge and belief, , and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with GC Telecom. It is my recollection that, among other things, the agreement governing that "Business Relationship" required GC Telecom to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

260.  Admit that Defendant Avid Telecom received Compensation from Great

Choice Telecom LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set*

*forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from GC Telecom primarily for the transiting of calls delivered to Avid Telecom.**

261.    Admit that Defendant Avid Telecom provided Compensation to Great Choice Telecom LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

262.    Admit that, during the course of its Business Relationship with Great Choice Telecom LLC, Defendant Avid Telecom Transmitted calls that it received directly from Great Choice Telecom LLC.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.*

*Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that that to the best of her current recollection, knowledge and belief, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from GC Telecom.**

263.    Admit that the files consisting of CDRs produced by Defendant Avid Telecom to the Plaintiff States of North Carolina and Texas during the investigation and litigation of John C. Spiller, II—which files were produced back to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143552 through AGTF_000143593—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections: Reeves objects that this RFA calls for a legal conclusion regarding admissibility and satisfaction of evidentiary rules (Fed. R. Evid. 803(6)), is vague and ambiguous as to "files" and their contents, foundation, and authenticity, and is overbroad and compound by referencing multiple productions and enumerations.*

**Response:  After a reasonable inquiry, Responding Party lacks knowledge or information sufficient to admit or deny, and on that basis denies. See Fed. R. Civ. P. 36(a)(4).**

264.    Admit that Defendant Avid Telecom sold, rented and/or leased DIDs to John C. Spiller, II.

*Specific Objections: Reeves objects that this RFA is compound ("sold, rented and/or leased"), vague and ambiguous as to "DIDs," lacks a defined time period, and seeks corporate records beyond Reeves's personal knowledge.*

**Response: Reeves denies that Defendant Avid Telecom sold, rented and/or leased DIDs to John C. Spiller, II.**

265.    Admit that Defendant Avid Telecom sold, rented and/or leased DIDs to Rising Eagle Capital Group LLC.

*Specific Objections: Reeves objects that this RFA is compound ("sold, rented and/or leased"), vague and ambiguous as to "DIDs," lacks a defined time period, and seeks corporate records beyond Reeves's personal knowledge.*

**Response: After a reasonable inquiry, Reeves lacks information sufficient to admit or deny this RFA.**

266.    Admit that Defendant Avid Telecom sold, rented and/or leased DIDs to JSquared Telecom LLC.

*Specific Objections: Reeves objects that this RFA is compound ("sold, rented and/or leased"), vague and ambiguous as to "DIDs," lacks a defined time period, and seeks corporate records beyond Reeves's personal knowledge.*

**Response: After a reasonable inquiry, Reeves lacks information sufficient to admit or deny this RFA.**

267.    Admit that Defendant Avid Telecom sold, rented, and/or leased DIDs to Great Choice Telecom LLC.

*Specific Objections: Reeves objects that this RFA is compound ("sold, rented, and/or leased"), vague and ambiguous as to "DIDs," and lacks a defined time period.*

**Response: Reeves admits that to the best of her current recollection, knowledge and belief Avid Telecom sold, rented, and/or leased DIDs to Great Choice Telecom LLC.**

268.    Admit that You sold, rented and/or leased DIDs to John C. Spiller II.

*Specific Objections: Reeves objects that this RFA is compound ("sold, rented and/or leased"), vague and ambiguous as to "DIDs," and assumes facts not established.*

**Response: Denied.**

269.    Admit that You sold, rented and/or leased DIDs to Rising Eagle Capital Group LLC.

*Specific Objections: Reeves objects that this RFA is compound ("sold, rented and/or leased"), vague and ambiguous as to "DIDs," and assumes facts not established.*

**Response: Subject to and without waiving the General and foregoing Reeves denies the allegation.**

270.    Admit that You sold, rented and/or leased DIDs to JSquared Telecom LLC.

*Specific Objections: Reeves objects that this RFA is compound ("sold, rented and/or leased"), vague and ambiguous as to "DIDs," and assumes facts not established.*

**Response: Subject to and without waiving the General and foregoing Reeves denies the allegation.**

271.    Admit that You sold, rented, and/or leased DIDs to Great Choice Telecom LLC.

*Specific Objections: Reeves objects that this RFA is compound ("sold, rented, and/or leased"), vague and ambiguous as to "DIDs," and assumes facts not established.*

**Response: Subject to and without waiving the General and foregoing Reeves denies the allegation.**

272.    Admit that You knew that John C. Spiller II owned, managed, and/or

operated Rising Eagle Telecom LLC.

*Specific Objections:: Reeves objects that this RFA is vague and ambiguous as to "knew," lacks a defined timeframe, and calls for facts regarding ownership/management outside Reeves's personal knowledge.*

**Response:  Reeves does not have sufficient ppersonal knowledge regarding the nature or extent of any ownership, management, or operational role that John Spiller had with Rising Eagle to respond to this allegation.**

273.    Admit that You knew that John C. Spiller II owned, managed, and/or

operated JSquared Telecom LLC.

*Objections\Response: Reeves objects that this RFA is vague and ambiguous as to "knew," lacks a defined timeframe, and calls for facts regarding ownership/management outside Reeves's personal knowledge.*

**Response:  Reeves denies that to the best of her current recollection, knowledge and belief that she had personal knowledge regarding the nature or extent of any ownership, management, or operational role that John Spiller had with JSquared Telecom.**

274.    Admit that You knew that John C. Spiller II owned, managed, and/or operated Great Choice Telecom LLC.

*Specific Objections: Reeves objects that this RFA is vague and ambiguous as to "knew," lacks a defined timeframe, and calls for facts regarding ownership/management outside Reeves's personal knowledge.*

**Response:  Reeves denies that to the best of her current recollection, knowledge and belief that she had personal knowledge regarding the nature or extent of any ownership, management, or operational role that John Spiller had with JSquared Telecom.**

275.    Admit that, on or about June 10, 2020, You were aware of the enforcement action by the FCC against John C. Spiller, II.

**Response: After a reasonable inquiry, Reeves lacks information sufficient to admit or deny this RFA.**

276.    Admit that You never purchased a copy of the FTC's National Do Not Call Registry for any single area code.

*Specific Objection: Reeves objects to this request as irrelevant to any issue in the proceeding and unlikely to lead to discoverable evidence.*

**Response:  See objection.**

277.    Admit that You never purchased a copy of the FTC's National Do Not Call Registry for all area codes nationwide.

*Specific Objection: Reeves objects to this request as irrelevant to any issue in the proceeding and unlikely to lead to discoverable evidence.*

**Response:  See objection.**

278.    Admit that You, either directly or through a third-party (e.g., a third-party switch provider), have never instituted or implemented any policies or processes regarding network-level blocking for any calls Transmitted across Defendant Avid Telecom's network that were sent from calling numbers that were not assigned or recognized as valid by the North American Numbering Plan Administrator.

*Specific Objections: Reeves objects that this RFA is compound and overbroad, vague and ambiguous as to "policies or processes regarding network-level blocking," lacks a defined timeframe, and seeks information concerning corporate systems and third-party providers beyond Reeves's personal knowledge.*

**Response: Subject to and without waiving the General and foregoing Specific Objections, Reeves denies that she never instituted policies to block at a network level.  Information reasonably available to Reeves demonstrates that**

**Avid Telecom blocked 48,463,779 calls in 2022 that were made with invalid numbers.**

279.     Admit that You, either directly or through a third-party (e.g., a third-party switch provider), never instituted or implemented any policies or processes regarding mitigation practices that resulted in blocking any calls Transmitted across Defendant Avid Telecom's network that were sent from calling numbers that were not assigned or recognized as valid by the North American Numbering Plan Administrator.

**Objections: Response: Subject to and without waiving the General and foregoing Specific Objections, Reeves denies that she never instituted policies to block at a network level. Information reasonably available to Reeves demonstrates that Avid Telecom blocked 48,463,779 calls in 2022 that were made with invalid numbers.**

280.     Admit that Defendant Lansky was the exclusive user of the email address Lansky@avidtelecom.com.

*Specific Objections: Reeves objects that this RFA lacks foundation, seeks information outside her personal knowledge, is vague and ambiguous as to "exclusive user," and assumes facts not established.*

**Response: Subject to and without waiving the General and foregoing Specific Objections, after a reasonable inquiry, Reeves lacks information sufficient to admit or deny this RFA.**

281.    Admit that Defendant Lansky was the primary, if not exclusive, use of the email address Lansky@avidtelecom.com.

*Specific Objections: Reeves objects that this RFA lacks foundation, seeks information outside her personal knowledge, is vague and ambiguous as to "exclusive user," and assumes facts not established.*

**Response: Subject to and without waiving the General and foregoing Specific Objections, after a reasonable inquiry, Reeves lacks information sufficient to admit or deny this RFA.**

282.    Admit that Defendant Lansky used the email address Lansky@avidtelecom.com for business related correspondence regarding Defendant Avid Telecom.

*Specific Objections: Reeves objects that this RFA lacks foundation, seeks information outside her personal knowledge, is vague and ambiguous as to "exclusive user," and assumes facts not established.*

**Response: Subject to and without waiving the General and foregoing Specific Objections, after a reasonable inquiry, Reeves admits that she is aware that Lansky used that email address.**

283.    Admit that emails produced to the Plaintiffs that were sent from, or received by, the email address Lansky@avidtelecom.com are admissible under Fed. R.Evid.803(6).

*Specific Objections: Reeves objects that this RFA lacks foundation, seeks information outside her personal knowledge, is vague and ambiguous as to "exclusive user," and assumes facts not established.*

**Response: Reeves lacks sufficient information to respond to this request.**

284.    Admit that Defendant Lansky was the exclusive user of the email address Lansky@avid-telecom.com.

*Specific Objections: Reeves objects that this RFA lacks foundation, seeks information outside her personal knowledge, is vague and ambiguous as to "exclusive user," and assumes facts not established.*

**Response: Subject to and without waiving the General and foregoing Specific Objections, after a reasonable inquiry, Reeves lacks information sufficient to admit or deny this RFA.**

285.    Admit that Defendant Lansky was the primary, if not exclusive, user of the email address Lansky@avid-telecom.com.

*Specific Objections: Reeves objects that this RFA lacks foundation, seeks information outside her personal knowledge, is vague and ambiguous as to "exclusive user," and assumes facts not established.*

**Response: Subject to and without waiving the General and foregoing Specific Objections, after a reasonable inquiry, Reeves lacks information sufficient to admit or deny this RFA.**

286.    Admit that Defendant Lansky used the email address

Lansky@avidtelecom.com for business related correspondence regarding Defendant

Avid Telecom.

**Response: Subject to and without waiving the General and foregoing Specific Objections, after a reasonable inquiry, Reeves lacks information sufficient to admit or deny this RFA.**

287.    Admit that emails produced to the Plaintiffs that were sent from, or

received by, the email address Lansky@avid-telecom.com are admissible under Fed.

R. Evid. 803(6).

*Specific Objections: Reeves objects that this RFA calls for a legal conclusion regarding admissibility and the business-records exception under Fed. R. Evid. 803(6), is vague as to the specific emails at issue, and lacks foundation and authentication.*

**Response: See objection.**

288.    Admit that owners, employees, agents, independent contractors,

and/or representatives entitled to act on behalf of Defendant Avid Telecom used the

email address noc@avid-telecom.com.

*Specific Objections: Reeves objects that this RFA calls for a legal conclusion regarding admissibility and the business-records exception under Fed. R. Evid. 803(6), is vague as to the specific emails at issue, and lacks foundation and authentication.*

**Response: See objection.**

289.    Admit that owners, employees, agents, independent contractors, and/or representatives entitled to act on behalf of Defendant Avid Telecom used the email address noc@avid-telecom.com for business related correspondence regarding Defendant Avid Telecom.

*Specific Objections: Reeves objects that this RFA calls for a legal conclusion regarding admissibility and the business-records exception under Fed. R. Evid. 803(6), is vague as to the specific emails at issue, and lacks foundation and authentication.*

**Response: See objection.**

290.    Admit that emails produced to the Plaintiffs that were sent from, or received by, the email address noc@avid-telecom.com are admissible under Fed. R. Evid. 803(6).

**Response: Reeves does not have information sufficient to respond to this Request.**

291.    Admit that You were the    exclusive    user    of the email    address Stacey@reeveshouse.net.

*Specific Objections: Object that "exclusive" is vague, absolute, and undefined, and that the RFA lacks any temporal limitation.*

**Response: Subject to and without waiving the General Objections and these Specific Objections, Reeves denies this Request.**

292.   Admit that You were the primary, if not exclusive, user of the email address Stacey@reeveshouse.net.

*Specific Objections: Object that the phrase "primary, if not exclusive" renders the RFA compound and vague, and that it lacks a temporal limitation.*

**Response: Subject to and without waiving the General Objections and these Specific Objections, and after a reasonable inquiry, Reeves admit that she was a user of the email address.**

293.   Admit that You used the email address Stacey@reeveshouse.net, either in whole or in part, for business related correspondence regarding Defendant Avid Telecom.

*Specific Objections: Object that the question is compound, thereby preventing a clear response.*

**Response: See objection**

294.   Admit that emails produced to the Plaintiffs that were sent from, or received by, the email address Stacey@reeveshouse.net are admissible under Fed. R. Evid. 803(6).

*Specific Objections: Object that the Request calls for a legal conclusion.*

**Response: See objection.**

295.    Admit that You were the exclusive user of the email address

Reeves@avidtelecom.com.

**Response: Deny.**

296.    Admit that You were the primary, if not exclusive, user of the email address Reeves@avid-telecom.com.

*Specific Objections: Object that the phrase "primary, if not exclusive" renders the RFA compound and vague, and that it lacks a temporal limitation. Subject to and without waiving the General Objections and these Specific Objections, and after a reasonable inquiry, Responding Party states:*

**Response: Reeves admits that she was a user of the email address Reeves@avid-telecom.com.**

297.    Admit that You used the email address Reeves@avid-telecom.com for

business related correspondence regarding Defendant Avid Telecom.

*Specific Objections: Object that "business related correspondence" is vague and ambiguous and that the RFA lacks a temporal limitation.*

**Response: Reeves admits that she was a user of the email address Reeves@avid-telecom.com for business purposes.**

298.    Admit that emails produced to the Plaintiffs that were sent from, or

received by, the email address [Reeves@avid-telecom.com](mailto:Reeves@avid-telecom.com) are admissible under Fed.

R. Evid. 803(6).

*Specific Objections: Object that the RFA calls for a legal conclusion.*

**Response:  See objection.**

299.    Admit that You are the primary, if not exclusive, user of the Skype user

id ssreevesms.

*Specific Objections: Object that the phrase "primary, if not exclusive" renders the RFA compound and vague, and that it lacks a temporal limitation.*

**Response: Reeves admits that she was a user of the Skype user ID "ssreevesms".**

300.    Admit that You performed services for the benefit of Defendant Avid

Telecom at the direction of Defendant Lansky.

*Specific Objections: Object that the RFA is vague and ambiguous as to "services," "for the benefit," and "at the direction," and lacks a temporal limitation.*

**Response: Subject to and without waiving the General Objections and these Specific Objections, Reeves admits that she performed services for Avid Telecom exclusively as an independent contractor without authority to bind the company and at only at the direction of Michael D. Lansky.**

301.    Admit that You performed services for the benefit of Defendant Avid Telecom at the direction of Defendant Avid Telecom.

*Specific Objections: Object that the RFA is vague and ambiguous as to "services" and "for the benefit," and lacks a temporal limitation.*

**Response: Subject to and without waiving the General Objections and these Specific Objections, Reeves admits that she performed services for Avid Telecom exclusively as an independent contractor without authority to bind the company and at only at the direction of Michael D. Lansky.**

302. Admit that You held yourself out to Defendant Avid Telecom's customers as the Vice President of Operations and Sales of Defendant Avid Telecom.

*Specific Objections: Object that "held yourself out" is vague, ambiguous, and argumentative, and that the RFA calls for a legal conclusion regarding agency/apparent authority and lacks temporal scope.*

**Response: See objections.**

303. Admit that Defendant Avid Telecom had the authority to control and/or direct Your actions in the performance of any duties on behalf of Defendant Avid Telecom.

*Specific Objections: Object that "authority to control and/or direct" and "any duties" are vague and ambiguous, and that the RFA calls for a legal conclusion regarding control.*

**Response: See objections.**

305. Admit that You are, or were, an agent of Defendant Avid Telecom.

*Specific Objections: Object that the RFA calls for a legal conclusion regarding "agent" and is vague and ambiguous and lacks a temporal limitation.*

**Response: See objections.**

306.    Admit that You have, or had, the authority to act on behalf of Defendant Avid Telecom.

*Specific Objections: Object that the RFA calls for a legal conclusion regarding "authority to act" and is vague and ambiguous and lacks a temporal limitation.*

**Response: See objections.**

307.    Admit that You have received Compensation from Defendant Avid Telecom

**Response: Admit**

308.    Admit that Defendant Lansky is an agent of Defendant Avid Telecom.

*Specific Objections: Object that the RFA calls for a legal conclusion regarding "agent" and seeks information outside Responding Party's personal knowledge.*

**Response: See objection.**

309.    Admit that Defendant Lansky has authority to act on behalf of

Defendant Avid Telecom.

*Specific Objections: Object that the RFA calls for a legal conclusion regarding "authority to act" and is vague and ambiguous.*

**Response: See objection.**

310.    Admit that Defendant Lansky has received Compensation from

Defendant Avid Telecom.

*Specific Objections to RFA: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

RESPECTFULLY SUBMITTED this 23rd day of September 2025.


/s/ Greg L. Taylor
_____
Neil S. Ende
Greg L. Taylor
*Pro Hac Vice*
*Counsel to Michael D. Lansky, LLC*
*dba Avid Telecom Michael D. Lansky*
*and Stacey S. Reeves*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2025, I served the foregoing **DEFENDANT-AVID TELECOM'S RESPONSES TO PLAINTIFFS' FIRST RULE 36 REQUESTS FOR ADMISSION TO AVID TELECOM, LLC** upon Plaintiffs by electronically mailing a copy of the same to their counsel of record as follows:

Tnayer@ncdoj.gov;
Alyse.Meislik@azag.gov;
douglas.swetnam@atg.in.gov;
Dylan.Jones@azag.gov;
erin.leahy@OhioAGO.gov;
john.DillonIV@azag.gov;
Sarah.Pelton@azag.gov;
Thomas.Martindale@atg.in.gov;
rsparko@ncdoj.gov;
lindsay.dawson@AlabamaAG.gov;
Robert.Tambling@AlabamaAG.gov;
Amanda.wentz@arkansasag.gov;
nicklas.akers@doj.ca.gov;
bernard.eskandari@doj.ca.gov
michelle.burkart@doj.ca.gov
rosailda.perez@doj.ca.gov
timothy.lundgren@doj.ca.gov
michel.singernelson@coag.gov;
brendan.flynn@ct.gov;
Ryan.costa@delaware.gov;
adamt2005@gmail.com
dzisook@law.ga.gov;
christopher.ji.leong@hawaii.gov;
james.simeri@ag.idaho.gov;

Nicholas.Smith@ag.ks.gov;
sarah.dietz@ag.ks.gov;
philip.heimlich@ilag.gov;
elizabeth.blackston@ilag.gov;
WilliamsZ@ag.louisiana.gov;
Benjamin.Bellus@ag.iowa.gov;
William.Pearson@ag.iowa.gov;
brendan.oneil@maine.gov;
Michael.devine@maine.gov
hillm19@michigan.gov
pziperman@oag.state.md.us;
bennett.hartz@ag.state.mn.us;
Emily.morgan@ago.ms.gov
james.rankin@ago.ms.gov;
Michael.turi@mass.gov
Carol.guerrero@mass.gov
jeff.koziar@law.njoag.gov
blair.gerold@law.njoag.gov
Anna.schneider@mt.gov;
Andrew.butler@mt.gov;
gary.brollier@nebraska.gov;
mbadorine@ag.nv.gov
rfulghum@ag.nv.gov
sfeeley@ag.nv.gov
zzheng@ag.nv.gov
Mary.F.Stewart@doj.nh.gov;
Deepta.Janardhan@law.njoag.gov;
bjimenez@nmag.gov
Sylvia.lanfair@oag.ok.gov
Glenna.goldis@ag.ny.gov;
jordan.m.roberts@doj.state.or.us;
ealm@nd.gov;

mwolfe@attorneygeneral.gov;
bbingle@attorneygeneral.gov
sprovazza@riag.ri.gov;
tyler.corcoran@ag.tn.gov;
David.Shatto@oag.texas.gov;
kmclean@agutah.gov;
alexandrabutler@agutah.gov;
ksimons@scag.gov
James.Layman@vermont.gov;
gward@oag.state.va.us;
austin.ostiguy@ag.tn.gov
Ashley.T.Wentz@wvago.gov;
myszkowskiga@doj.state.wi.us;
zorba.leslie@atg.wa.gov;
cameron.geeting1@wyo.gov;
Benjamin.peterson2@wyo.gov
laura.beckerman@dc.gov
jacobp.ford@ky.gov;
haaslawoffice@gmail.com
sean.saval@myfloridalegal.com
Michael.roland@myfloridalegal.com
fitzgeraldk@michigan.gov;
clindblad@nd.gov;
luke.hawley@ago.mo.gov
eliot.gusdorf@ago.mo.gov


**NOT IN DOCKET**
Laura.Dilweg@azag.gov;
jessica.jasper@ago.ms.gov;
jsakura@nmdoj.gov;
Robert.Carlson@oag.ok.gov
scornaby@agutah.gov

danirobertson@scag.gov;
Alexandra.Kory@atg.wa.gov;
kevin.vermillion@dc.gov;
miles.vaughn@myfloridalegal.com;
matt.hehemann@atg.wa.gov;
Alison.Esbeck@ago.mo.gov;
Zachary.Elam@ago.mo.govstace
khyland@oag.state.md.us (bounceback)
Patrick.crotty@myfloridalegal.com (bounceback)
Joseph.yeoman@atg.in.gov (bounceback)


/s/ Greg L. Taylor
Greg L. Taylor
Neil S. Ende
TECHNOLOGY LAW GROUP
Counsel for Defendant-Avid Telecom, LLC

# Exhibit G

**Pelton, Sarah**

| | |
|---|---|
| **From:** | Pelton, Sarah |
| **Sent:** | Friday, October 17, 2025 11:49 AM |
| **To:** | Neil Ende; 'gtaylor@tlgdc.com'; 'Virginia.Flynn@troutman.com'; 'Ashley.Taylor@troutman.com' |
| **Cc:** | 'Nayer, Tracy'; 'Erin Leahy'; 'Martindale, Thomas L'; 'Sparko, Rochelle'; 'Emily.Dietz@OhioAGO.gov'; Dillon IV, John |
| **Subject:** | [AZ v. Avid Telecom] Plaintiffs' Meet and Confer Request Re Defendants' Responses to Plaintiffs' First Set of Requests for Admission |

Counsel,

We write regarding Defendants' Responses to Plaintiffs' First Set of Requests for Admission ("Requests"). As set forth below, certain Responses were deficient and improper under the Federal Rules of Civil Procedure.

### Defendant Reeves' Responses are Replete with Errors which Require Immediate Revision.

Defendant Reeves' responses contain numerous numbering and typographical errors that render them unintelligible and unusable. For example, Defendant Reeves' numbering skips over the number "9", resulting in mis-numbering throughout the remainder of the document. Consequently, it is impossible to determine which response corresponds to which request. Additionally, Defendant Reeves' responses switch between referring to Defendant Reeves in the first and third person, which adds confusion (*i.e.* Request 11 – "Reeves denies that, in my exclusive capacity as an independent contractor, I had any authority to institute or to implement any policies on any issue."). Accordingly, Defendant Reeves must supplement her responses to Plaintiffs' First Set of Requests for Admissions to correct the numbering and typographical errors and provide clear, properly formatted responses.

### Defendants' Responses Rely on Meritless and Boilerplate Objections.

Defendant Reeves' responses to Requests Nos. 1-187, 189-202, 205-212, 214-220, 223-228, 230-267, 269-294, 296-306, 308-310, Defendant Avid Telecom's responses to Requests Nos. 1-290, 292, 294-299, and Defendant Lansky's responses to Requests Nos. 1-157, 159-316 rely on meritless and boilerplate objections. These Requests seek relevant and admissible evidence related to Plaintiffs' causes of action under the Telemarketing and Consumer Fraud and Abuse Prevention Act, the Telemarketing Sales Rules, the Telephone Consumer Protection Act, the Truth in Caller ID Act, and other State and Federal laws protecting consumers against deceptive and illegal telemarketing practices and Defendants' claimed defenses thereto. Specifically, these Requests seek relevant evidence and admissions relating to (categories are not mutually exclusive):

a.  Defendants' direct/indirect knowledge of and involvement in assisting, facilitating, servicing, managing, permitting and compensating telemarketers, customers and/or sellers in transmitting and delivering millions of prerecorded telephone and robocalls (*e.g.* Requests to Reeves Nos. 9, 14-158, 161-63, 165-67, 169-71, 173-75, 177-79, 181-83, 185-87, 189-91, 193-95, 197-99, 201-03, 205-09, 211-13, 2115-17, 219-21, 223-25, 227-29, 231-33, 235-37, 239-41, 243-45, 247-62, 264-75, 280-82, 284-89, 291-93, 295-97, 299, 308-310; Requests to Avid Telecom Nos. 1-156, 159-61, 163-65, 167-69, 171-73, 175-77, 179-81, 183-85, 187-89, 191-93, 195-97, 199-201, 203-07, 209-11, 213-15, 217-19, 221-23, 225-27, 229-31, 233-35, 237-39, 241-43, 245-60, 262-68, 274-76, 278-80, 282-83, 285-87, 297-99; Requests to Lansky Nos. 1-156, 159-61, 163-65, 167-69, 171-73, 175-77, 179-81, 183-85, 187-89, 191-93, 195-97, 199-201, 203-07, 209-11, 213-15, 217-19, 221-23, 225-27, 229-31, 233-35, 237-39, 241-43, 245-60, 262-74, 279-85, 287-97, 299-300, 302-04, 314-16).

b.  Defendants' knowledge of and compliance with applicable Federal and State laws and regulations regarding corporate record retention, telemarketing and robocall schemes (*e.g.* Requests to Reeves Nos. 1-8, 12, 13; Requests to Avid Telecom Nos. 269-71; Requests to Lansky Nos. 275-76).

c.    The procedures and methods to prevent—or even significantly mitigate—the perpetration of illegal call traffic onto and across Defendants' Avid Telecom's network (*e.g.* Requests to Reeves Nos. 10-11, 276-79; Requests to Avid Telecom Nos. 157-58, 272-73; Requests to Lansky Nos. 277-78).

d.    Defendants' prior statements regarding knowledge of and compliance with applicable Federal and State laws, regulations, and previous litigation regarding corporate record retention, telemarketing and robocall schemes (*e.g.* Requests to Reeves Nos. 159-60, 164, 168, 172, 176, 180, 184, 188, 192, 196, 200, 204, 210, 214, 218, 222, 226, 230, 234, 238, 242, 246, 263; Requests to Avid Telecom Nos. 157-58, 162, 166, 170, 174, 178, 182, 186, 190, 194, 198, 202, 208, 212, 216, 220, 224, 228, 232, 236, 240, 244, 261; Requests to Lansky Nos. 157-158, 162, 166, 170, 174, 178, 182, 186, 190, 194, 198, 202, 208, 212, 216, 220, 224, 228, 232, 236, 240, 244, 261).

e.    The veracity of Defendant Reeves' claims that she is/was "limited in her role as an independent contractor" (*e.g.* Requests to Reeves Nos. 300-07; Requests to Avid Telecom Nos. 289-96; Requests to Lansky Nos. 306-313).

f.    Evidentiary admissions regarding Defendants' existing document production (*e.g.* Requests to Reeves Nos. 283, 290, 294, 298; Requests to Avid Telecom Nos. 277, 281, 284, 288; Requests to Lansky Nos. 286, 298, 301, 305).

In response to these Requests, Defendants assert the same tired objections, over and over, without explaining how the objections actually apply to each individual Request. Defendants repeat that the Requests are irrelevant, vague and ambiguous and call for legal conclusions based on "specialized definitions" to which Defendants do not agree. But Defendants' boilerplate and generalized objections are inadequate under the Rules and are tantamount to no objection at all. *See Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all.").

For example, Defendants frequently object to the terms like "Business Relationship" as vague and ambiguous, although Plaintiffs defined terms with ample specificity. Additionally, in response to Requests 79 and 80, Defendant Reeves' objections start with "Specific Objections to RFA No. 26." The fact that this error and others similar were repeated multiple times only highlights the boilerplate or cut-and-paste nature of Defendants' objections. *See, e.g.,* Reeves Responses Nos. 15, 21-22, 24, 26, 29, 31, 43, 44, 60, 63, 73, 84, 106-07, 199, 215, 279.

## **Defendants' Responses are Evasive, Vague, and Based on an Unreasonable Reading of Plaintiffs' Requests.**

Defendant Reeves' responses to Requests Nos. 3-8, 10-12, 20-25, 27-30, 32-33, 35-38, 39, 40-41, 43-49, 55-103, 105, 108, 112-15, 122-24, 128-37, 140, 141-45, 148-52, 154-59, 160-63, 165-67, 169-74, 177-79, 181-83, 185-87, 189-200, 205-46, 248, 249-50, 254-56, 258-60, 262-64, 267, 269-74, 278-79, 282, 291-92, 296-97, 299, 300-01, Defendant Avid Telecom's responses to Requests Nos. 3-5, 7-11, 14, 18-19, 21-24, 27-29, 31-37, 39-45, 47-105, 107-08, 107-139, 142-54, 156-159, and Defendant Lansky's responses to Requests Nos. 3-5, 7-11, 14, 18-19, 21-24, 27-29, 31-37, 39-45, 47-55, 56-80, 82-105, 108-139, 142-154, 146-159 show a troubling pattern of avoiding the substance of each Request in such a way that makes the response unusable. Federal Rule of Civil Procedure 36 exists to expedite matters for trial by establishing certain matters as true. "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). Requests for admission should not focus on evasion and word play. *Marchand v. Merch Med. Ctr.,* 22 F.3d 933, 938 (9th Cir. 1994).

When the purpose and significance of a request are reasonably clear, courts do not permit denials based on an overly technical reading of the request. *Holmgren v. State Farm Mut. Auto. Ins. Co.,* 976 F.2d 573, 580 (9th Cir.1992) ("Epistemological doubts speak highly of (party's) philosophical sophistication, but poorly of its respect for Rule 36(a)."); *see also U.S. ex rel. Englund v. Los Angeles Cty.,* 235 F.R.D. 675, 685 (E.D. Cal. 2006) ("[A] party who is unable to agree with the exact wording of the request for admission should agree to an alternate wording or stipulation."). Finally, an objection that a request is "ambiguous" is not a sufficient ground unless the request is so ambiguous that a party cannot make good faith, intelligent reply. *Marchand,* 22 F.3d at 938 ("[Parties should] admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted.").

Here, a majority (if not entirety) of each Defendant's responses are so qualified as to be inadequate under Rule 36. For example, many responses include an unnecessary, self-serving qualification that Avid Telecom complied with all applicable state and federal regulations, which few, if any, of the Requests actually sought. Additionally, in other requests, Defendants state they do not understand easily recognizable terms that do not require a separate definition, such as "Universal Service Fund filing" in Request 8 to Defendant Reeves, which she claims to "not understand", but Defendant Lansky does understand in his response to Request 8. Defendants' deliberate efforts to evade and alter the substance of the Requests propounded upon them are improper and in direct violation of Rule 36 of the Federal Rules of Civil Procedure.

Plaintiffs demand that Defendants make themselves available to meet and confer regarding their responses by no later than October 22, 2025. Should Defendants fail to do so, Plaintiffs will proceed with filing motions to compel and will seek all appropriate relief, including sanctions, for having to bring such motions.

Thank you in advance for your anticipated professional courtesy and cooperation.

Plaintiffs reserve all rights.

Regards,

**Sarah Pelton**
Assistant Attorney General
Antitrust & Privacy Unit



Arizona Attorney General Kris Mayes
2005 N. Central Ave.
Phoenix, AZ 85004
Desk: (602) 542-8018
Sarah.Pelton@azag.gov
http://www.azag.gov

# Exhibit H

**Pelton, Sarah**

| | |
|---|---|
| **From:** | Greg Taylor <gtaylor@telecomlawattorney.com> |
| **Sent:** | Tuesday, November 25, 2025 3:26 AM |
| **To:** | Dillon IV, John |
| **Subject:** | Defendants' document producion |

John:

I understand from Erin Leahy in the hearing yesterday that Plaintiffs have received Defendants supplemental production correcting numerical errors among other items. But you indicated there were other problems with the production and I wanted to understand from you specifically what is lacking so that I can forward that information to our document production person.

Best,
--
GLT

Greg Taylor, Telecom Law Attorney, PLLC
80 E. Fifth St. **|** Second Floor **|** Edmond, OK 73034
T: +1 405.896.2266 **|** F: +1 405.701.6174
gtaylor@telecomlawattorney.com **|** Linkedin: Greg Taylor **|** Twitter: @telcoatty






THE INFORMATION CONTAINED IN THIS TRANSMISSION IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT OR AN AGENT OF THE RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY VIA EMAIL OR BY TELEPHONE AT (405) 896-2266 AND THEN DESTROY ALL COPIES OF THIS EMAIL.

# Exhibit I

## Pelton, Sarah

| | |
|---|---|
| **From:** | Pelton, Sarah |
| **Sent:** | Tuesday, November 25, 2025 10:40 AM |
| **To:** | 'Neil Ende'; Greg Taylor |
| **Cc:** | 'Nayer, Tracy'; 'Erin Leahy'; Dillon IV, John; 'Martindale, Thomas L'; 'Sparko, Rochelle'; 'Emily.Dietz@OhioAGO.gov' |
| **Subject:** | [AZ v. Avid Telecom] Replacement RFA Responses and Motion to Determine Sufficiency of First RFA Responses |
| **Attachments:** | [AZ v. Avid Telecom] Plaintiffs' Meet and Confer Request Re Defendants' Responses to Plaintiffs' First Set of Requests for Admission |

Counsel,

As was stated during the status conference with Judge Ambri yesterday, Plaintiffs are in receipt of replacement RFA responses only from Defendant Reeves, sent to us on September 24, 2025, after Neil informed us that the previous version sent earlier that day contained attorney work product. Plaintiffs reviewed the replacement responses in the email we sent on October 17, 2025 (attached), where Plaintiffs chronicled concerns with Defendants' responses and requested a meet and confer. If you have since made any changes to any Defendant's responses to Plaintiffs' First RFAs, Plaintiffs have not received them and intend to file a motion to determine the sufficiency of Defendants' responses with the Court shortly.

Regards,
Sarah

**Sarah Pelton**
Assistant Attorney General
Antitrust & Privacy Unit



Arizona Attorney General Kris Mayes
2005 N. Central Ave.
Phoenix, AZ 85004
Desk: (602) 542-8018
Sarah.Pelton@azag.gov
http://www.azag.gov

# Exhibit J

## Pelton, Sarah

| | |
|---|---|
| **From:** | Greg Taylor <gtaylor@telecomlawattorney.com> |
| **Sent:** | Tuesday, November 25, 2025 12:32 PM |
| **To:** | Pelton, Sarah; 'Neil Ende' |
| **Cc:** | 'Nayer, Tracy'; 'Erin Leahy'; Dillon IV, John; 'Martindale, Thomas L'; 'Sparko, Rochelle'; 'Emily.Dietz@OhioAGO.gov' |
| **Subject:** | Re: [AZ v. Avid Telecom] Replacement RFA Responses and Motion to Determine Sufficiency of First RFA Responses |
| **Attachments:** | [AZ v. Avid Telecom] Defendants' RFA Responses |

Sarah:

Thank you for your email.

Please see attached email from me to the AGs (which included Mr. Dillon), with the three supplemented RFAs which was sent originally September 24, 2025. We did not, as Mr. Dillon or Ms. Leahy incorrectly state in the conference, send one of the responses. All three were sent in the same 9/24 email (attached).

I do not know where the breakdown was, if any, but it does not appear to be on this end.

Kindly confirm receipt.

Best,
Greg

---

**From:** "Pelton, Sarah" <Sarah.Pelton@azag.gov>
**Date:** Tuesday, November 25, 2025 at 11:40 AM
**To:** Neil Ende <nende@tlgdc.com>, Greg Taylor <gtaylor@telecomlawattorney.com>
**Cc:** "'Nayer, Tracy'" <Tnayer@ncdoj.gov>, 'Erin Leahy' <erin.leahy@OhioAGO.gov>, "Dillon IV, John" <John.DillonIV@azag.gov>, "'Martindale, Thomas L'" <Thomas.Martindale@atg.in.gov>, "'Sparko, Rochelle'" <rsparko@ncdoj.gov>, "'Emily.Dietz@OhioAGO.gov'" <Emily.Dietz@OhioAGO.gov>
**Subject:** [AZ v. Avid Telecom] Replacement RFA Responses and Motion to Determine Sufficiency of First RFA Responses

Counsel,

As was stated during the status conference with Judge Ambri yesterday, Plaintiffs are in receipt of replacement RFA responses only from Defendant Reeves, sent to us on September 24, 2025, after Neil informed us that the previous version sent earlier that day contained attorney work product. Plaintiffs reviewed the replacement responses in the email we sent on October 17, 2025 (attached), where Plaintiffs chronicled concerns with Defendants' responses and requested a meet and confer. If you have since made any changes to any Defendant's responses to Plaintiffs' First RFAs, Plaintiffs have not received them and intend to file a motion to determine the sufficiency of Defendants' responses with the Court shortly.

Regards,
Sarah

**Sarah Pelton**

1

Assistant Attorney General
Antitrust & Privacy Unit



Arizona Attorney General Kris Mayes
2005 N. Central Ave.
Phoenix, AZ 85004
Desk: (602) 542-8018
Sarah.Pelton@azag.gov
http://www.azag.gov

# Exhibit K

**Pelton, Sarah**

| | |
|---|---|
| **From:** | Erin Leahy <erin.leahy@OhioAGO.gov> |
| **Sent:** | Wednesday, November 26, 2025 10:06 AM |
| **To:** | Greg Taylor; Pelton, Sarah; 'Neil Ende' |
| **Cc:** | 'Nayer, Tracy'; Dillon IV, John; 'Martindale, Thomas L'; 'Sparko, Rochelle'; Emily Dietz; Ashley.Taylor@troutman.com; Virginia Bell Flynn (Virginia.Flynn@troutman.com); Michael.Lacy@troutman.com |
| **Subject:** | RE: [AZ v. Avid Telecom] Replacement RFA Responses and Motion to Determine Sufficiency of First RFA Responses |
| **Attachments:** | [AZ v Avid Telecom] Reeves RFA responses (corrected); TIME SENSITIVE FOLLOW-UP  Re [AZ v. Avid Telecom] Defendants' RFA Responses |

Greg,

The email you attached, from September 25, 2025, serving the Defendants' answers to the 1st sets of RFAs was the first response to those demands, not supplemental responses as you referenced below.  We did not misstate any facts at the status conference.  I am attaching your second email providing a corrected version of only Def Reeves's answers and the follow up email received from Neil.  This is the supplementation of the RFAs that we assumed you were referring to when you told the Magistrate Ambri that Defs supplemented something about month ago that contained corrections.  Please forward the email to which you were referring when you made this statement to Magistrate Ambri as we are not aware of any other supplementations in the last month or so that contained any corrections.

Thanks



Erin B. Leahy
Senior Assistant Attorney General
Consumer Protection Section
Office of Ohio Attorney General Dave Yost
30 East Broad St., 14th Floor
Columbus, Ohio 43215

Office number: 614-752-4730
Erin.Leahy@OhioAGO.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

**From:** Greg Taylor <gtaylor@telecomlawattorney.com>
**Sent:** Tuesday, November 25, 2025 2:32 PM
**To:** Pelton, Sarah <Sarah.Pelton@azag.gov>; 'Neil Ende' <nende@tlgdc.com>
**Cc:** 'Nayer, Tracy' <Tnayer@ncdoj.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Dillon IV, John <John.DillonIV@azag.gov>; 'Martindale, Thomas L' <Thomas.Martindale@atg.in.gov>; 'Sparko, Rochelle'

&lt;rsparko@ncdoj.gov&gt;; Emily Dietz &lt;Emily.Dietz@OhioAGO.gov&gt;
**Subject:** Re: [AZ v. Avid Telecom] Replacement RFA Responses and Motion to Determine Sufficiency of First RFA
Responses

Sarah:

Thank you for your email.

Please see attached email from me to the AGs (which included Mr. Dillon), with the three supplemented RFAs which was
sent originally September 24, 2025.  We did not, as Mr. Dillon or Ms. Leahy incorrectly state in the conference, send one
of the responses.  All three were sent in the same 9/24 email (attached).

I do not know where the breakdown was, if any, but it does not appear to be on this end.

Kindly confirm receipt.

Best,
Greg

---

**From:** "Pelton, Sarah" &lt;Sarah.Pelton@azag.gov&gt;
**Date:** Tuesday, November 25, 2025 at 11:40 AM
**To:** Neil Ende &lt;nende@tlgdc.com&gt;, Greg Taylor &lt;gtaylor@telecomlawattorney.com&gt;
**Cc:** "'Nayer, Tracy'" &lt;Tnayer@ncdoj.gov&gt;, 'Erin Leahy' &lt;erin.leahy@OhioAGO.gov&gt;, "Dillon IV, John"
&lt;John.DillonIV@azag.gov&gt;, "'Martindale, Thomas L'" &lt;Thomas.Martindale@atg.in.gov&gt;, "'Sparko, Rochelle'"
&lt;rsparko@ncdoj.gov&gt;, "'Emily.Dietz@OhioAGO.gov'" &lt;Emily.Dietz@OhioAGO.gov&gt;
**Subject:** [AZ v. Avid Telecom] Replacement RFA Responses and Motion to Determine Sufficiency of First RFA
Responses

Counsel,

As was stated during the status conference with Judge Ambri yesterday, Plaintiffs are in receipt of replacement RFA
responses only from Defendant Reeves, sent to us on September 24, 2025, after Neil informed us that the previous
version sent earlier that day contained attorney work product. Plaintiffs reviewed the replacement responses in the
email we sent on October 17, 2025 (attached), where Plaintiffs chronicled concerns with Defendants' responses and
requested a meet and confer. If you have since made any changes to any Defendant's responses to Plaintiffs' First RFAs,
Plaintiffs have not received them and intend to file a motion to determine the sufficiency of Defendants' responses with
the Court shortly.

Regards,
Sarah

**Sarah Pelton**
Assistant Attorney General
Antitrust & Privacy Unit


Arizona Attorney General Kris Mayes
2005 N. Central Ave.
Phoenix, AZ 85004
Desk: (602) 542-8018
Sarah.Pelton@azag.gov
http://www.azag.gov

2

# Exhibit L

## Pelton, Sarah

| | |
|---|---|
| **From:** | Greg Taylor <gtaylor@telecomlawattorney.com> |
| **Sent:** | Wednesday, November 26, 2025 11:11 AM |
| **To:** | Erin Leahy; Pelton, Sarah; 'Neil Ende' |
| **Cc:** | 'Nayer, Tracy'; Dillon IV, John; 'Martindale, Thomas L'; 'Sparko, Rochelle'; Emily Dietz; Ashley.Taylor@troutman.com; Virginia Bell Flynn (Virginia.Flynn@troutman.com); Michael.Lacy@troutman.com |
| **Subject:** | Re: [AZ v. Avid Telecom] Replacement RFA Responses and Motion to Determine Sufficiency of First RFA Responses |
| **Attachments:** | Reeves RFA Responses (Final)[Corrected 10-23-2025][4].pdf |

Erin:

Thank you for your email.

Please see attached file for Reeves which may or may not have been mailed to the AGs previously; I'll presume the wrong files were attached originally.

I am tracking down the Responses for Lansky and Avid and will forward them shortly.

Hope you have an enjoyable holiday.

Best,
Greg

---

**From:** Erin Leahy <erin.leahy@OhioAGO.gov>
**Date:** Wednesday, November 26, 2025 at 11:06 AM
**To:** Greg Taylor <gtaylor@telecomlawattorney.com>, "Pelton, Sarah" <Sarah.Pelton@azag.gov>, Neil Ende <nende@tlgdc.com>
**Cc:** "'Nayer, Tracy'" <Tnayer@ncdoj.gov>, "Dillon IV, John" <John.DillonIV@azag.gov>, "'Martindale, Thomas L'" <Thomas.Martindale@atg.in.gov>, "'Sparko, Rochelle'" <rsparko@ncdoj.gov>, Emily Dietz <Emily.Dietz@OhioAGO.gov>, "Ashley.Taylor@troutman.com" <ashley.taylor@troutman.com>, "Virginia Bell Flynn (Virginia.Flynn@troutman.com)" <virginia.flynn@troutman.com>, "Michael.Lacy@troutman.com" <Michael.Lacy@troutman.com>
**Subject:** RE: [AZ v. Avid Telecom] Replacement RFA Responses and Motion to Determine Sufficiency of First RFA Responses

Greg,

The email you attached, from September 25, 2025, serving the Defendants' answers to the 1st sets of RFAs was the first response to those demands, not supplemental responses as you referenced below. We did not misstate any facts at the status conference. I am attaching your second email providing a corrected version of only Def Reeves's answers and the follow up email received from Neil. This is the supplementation of the RFAs that we assumed you were referring to when you told the Magistrate Ambri that Defs supplemented something about month ago that contained corrections. Please forward the email to which you were referring when you made this statement to Magistrate Ambri as we are not aware of any other supplementations in the last month or so that contained any corrections.

1

Thanks



Erin B. Leahy
Senior Assistant Attorney General
Consumer Protection Section
Office of Ohio Attorney General Dave Yost
30 East Broad St., 14th Floor
Columbus, Ohio 43215

Office number: 614-752-4730
Erin.Leahy@OhioAGO.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

---

**From:** Greg Taylor <gtaylor@telecomlawattorney.com>
**Sent:** Tuesday, November 25, 2025 2:32 PM
**To:** Pelton, Sarah <Sarah.Pelton@azag.gov>; 'Neil Ende' <nende@tlgdc.com>
**Cc:** 'Nayer, Tracy' <Tnayer@ncdoj.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Dillon IV, John <John.DillonIV@azag.gov>; 'Martindale, Thomas L' <Thomas.Martindale@atg.in.gov>; 'Sparko, Rochelle' <rsparko@ncdoj.gov>; Emily Dietz <Emily.Dietz@OhioAGO.gov>
**Subject:** Re: [AZ v. Avid Telecom] Replacement RFA Responses and Motion to Determine Sufficiency of First RFA Responses

Sarah:

Thank you for your email.

Please see attached email from me to the AGs (which included Mr. Dillon), with the three supplemented RFAs which was sent originally September 24, 2025. We did not, as Mr. Dillon or Ms. Leahy incorrectly state in the conference, send one of the responses. All three were sent in the same 9/24 email (attached).

I do not know where the breakdown was, if any, but it does not appear to be on this end.

Kindly confirm receipt.

Best,
Greg

---

**From:** "Pelton, Sarah" <Sarah.Pelton@azag.gov>
**Date:** Tuesday, November 25, 2025 at 11:40 AM
**To:** Neil Ende <nende@tlgdc.com>, Greg Taylor <gtaylor@telecomlawattorney.com>
**Cc:** "'Nayer, Tracy'" <Tnayer@ncdoj.gov>, 'Erin Leahy' <erin.leahy@OhioAGO.gov>, "Dillon IV, John" <John.DillonIV@azag.gov>, "'Martindale, Thomas L'" <Thomas.Martindale@atg.in.gov>, "'Sparko, Rochelle'" <rsparko@ncdoj.gov>, "'Emily.Dietz@OhioAGO.gov'" <Emily.Dietz@OhioAGO.gov>

2

**Subject:** [AZ v. Avid Telecom] Replacement RFA Responses and Motion to Determine Sufficiency of First RFA Responses

Counsel,

As was stated during the status conference with Judge Ambri yesterday, Plaintiffs are in receipt of replacement RFA responses only from Defendant Reeves, sent to us on September 24, 2025, after Neil informed us that the previous version sent earlier that day contained attorney work product. Plaintiffs reviewed the replacement responses in the email we sent on October 17, 2025 (attached), where Plaintiffs chronicled concerns with Defendants' responses and requested a meet and confer. If you have since made any changes to any Defendant's responses to Plaintiffs' First RFAs, Plaintiffs have not received them and intend to file a motion to determine the sufficiency of Defendants' responses with the Court shortly.

Regards,
Sarah

**Sarah Pelton**
Assistant Attorney General
Antitrust & Privacy Unit



Arizona Attorney General Kris Mayes
2005 N. Central Ave.
Phoenix, AZ 85004
Desk: (602) 542-8018
Sarah.Pelton@azag.gov
http://www.azag.gov

# Exhibit M

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

State of Arizona, ex rel. Kristin K. Mayes )
Attorney General et al. )
 )
       Plaintiffs )
 )
v. )    Case No. 4:23-cv-00233-EJM
 )
 )
Michael D. Lansky, LLC, dba )
Avid Telecom, an Arizona )
Limited Liability Company; )
 )
Michel D. Lansky, individually )
As a Member/Manager/Chief )
Executive Officer of Michael D. )
Lansky, LLC dba Avid Telecom; )
and )
 )
Stacey S. Reeves, individually as )
a Manager/Vice President of )
Michael D. Lansky LLC dba )
Avid Telecom )
 )
       Defendants. )

### RESPONSE OF DEFENDANT STACEY REEVES
### TO PLAINTIFFS' FIRST RULE 36 REQUESTS FOR ADMISSION

Pursuant to Federal Rules of Civil Procedure 36, Defendants, by and through the undersigned attorneys, hereby respond to the First Rule 36 Requests for Admission ("Requests") to Defendant Stacey S. Reeves.

### OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

#### General Objections

Reeves objects generally to Plaintiffs' Requests for Admission ("RFAs") to the extent they are vague, ambiguous, overbroad, unduly burdensome, disproportionate to the needs of the case, compound, assume disputed facts, call for legal conclusions, or lack a reasonable temporal limitation.

Reeves also objects to the extent any RFA seeks information protected by the attorney-client privilege, common-interest doctrine, or attorney work-product doctrine, or seeks confidential/proprietary information of third parties.

Reeves also objects to any definitions, instructions, or assumptions that purport to impose obligations beyond or inconsistent with the Federal Rules of Civil Procedure, including Rules 26, 33, and 36. Notwithstanding the content of any

Response, Reeves does not adopt Plaintiffs' definitions to the extent they are inconsistent with fact, contextually irrelevant an/or they are contrary to governing law.

Reeves responds only in her individual capacity, based on information reasonably available to her after a reasonable inquiry. By providing a Response, Reeves does not concede that the Response is relevant or admissible.

All objections are expressly preserved and incorporated into each Response below. Reeves reserves the right to supplement or amend these Responses as permitted by Rule 26(e).

Subject to and without waiving the foregoing General Objections, Reeves answers the RFAs below based on information presently known and reasonably available to her after a reasonable inquiry. These Responses are made primarily for purposes of this litigation and are not admissions for any other purpose. Reeves reserves the right to assert additional objections, to amend or supplement these Responses as permitted by Fed. R. Civ. P. 26(e), 33, and 36, and to withhold privileged information.

## **RESPONSES**

1.      Admit that Defendant Avid Telecom provides, or has provided, Interconnected VoIP Services.

*Specific Objections to RFA No. 1: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request to the extent the Request calls for a legal conclusion based on a specialized definition of "Interconnected VoIP Services". Reeves also objects that this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the service provider. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  See above objection.**

2.      Admit that Defendant Avid Telecom provides, or has provided, Non-Interconnected VoIP Services.

*Specific Objections to RFA No. 2: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request to the extent the Request calls for a legal conclusion based on a specialized definition of "Non-Interconnected VoIP Services". Reeves also objects that this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the service provider. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  See above objection.**

3.      Admit that Defendant Avid Telecom provides, or has provided, VoIP Services to its Upstream Provider customers.

*Specific Objections to RFA No. 3: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "VoIP Services" and "Upstream Provider"). Reeves also objects that this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the service provider. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that she believes, based on her current understanding of the term "Upstream Providers customers" and based on the fact that, as an independent contractor she may not have had full visibility to all of Avid Telecom's services, Avid Telecom provided VoIP Services, as she understands that term, to certain Upstream Provider customers at certain times. Reeves does not have information sufficient to respond to the relationship between Avid Telecom and any Upstream Provider customer; *i.e.,* whether they were "customers" (that term in not defined). It is Reeves' understanding that, as a direct byproduct of the claims set forth in the Complaint, including the false claims alleged in the Complaint, and the widespread publication of those false claims to the industry and to the public, which Plaintiffs knew or should have known would destroy Avid Telecom's business, Avid Telecom ceased providing any services in or about July 2023.**

4.    Admit that Defendant Avid Telecom provides, or has provided, Telephony Services to its Upstream Provider customers.

Specific Objections to RFA No. 4: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request to the extent the Request calls for a legal conclusion based on specialized definitions (*e.g.,* "Upstream Provider") and is directed to Avid Telecom rather than Reeves individually. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that she believes, based on her current understanding of the term "Upstream Providers customers" and based on the fact that, as an independent contractor she may not have had full visibility to all of Avid Telecom's services, Avid Telecom provided Telephony Services, as she understands that term, to certain Upstream Provider customers at certain times. Reeves does not have information sufficient to respond to the relationship between Avid Telecom and any Upstream Provider customer; *i.e.,* whether they were "customers" (that term in not defined). It is Reeves' understanding that, as a direct byproduct of the claims set forth in the Complaint, including the false claims alleged in the Complaint, and the widespread publication of those false claims to the industry and to the public, which Plaintiffs knew or should have known would destroy Avid Telecom's business, Avid Telecom ceased providing any services in or about July 2023.**

5. Admit that Defendant Avid Telecom purchases, or has purchased, VoIP Services from its Downstream Provider customers.

*Specific Objections to RFA No. 3: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "VoIP Services" and "Downstream Provider"). Reeves also objects that this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the service provider. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that she believes, based on her current understanding of the term "Downstream Providers customers" and based on the fact that, as an independent contractor she may not have had full visibility to all of Avid Telecom's services, Avid Telecom may have purchased VoIP**

**Services, as she understands that term, from certain Downstream Provider customers at certain times. Reeves does not have information sufficient to respond to the relationship between Avid Telecom and any Downstream Provider customers;** *i.e.,* **whether they were "customers" (that term in not defined). It is Reeves' understanding that, as a direct byproduct of the claims set forth in the Complaint, including the false claims alleged in the Complaint, and the widespread publication of those false claims to the industry and to the public, which Plaintiffs knew or should have known would destroy Avid Telecom's business, Avid Telecom ceased purchasing any services in or about July 2023.**

6.      Admit that Defendant Avid Telecom purchases, or has purchased,

Telephony Services from its Downstream Provider customers.

*Specific Objections to RFA No. 3: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "VoIP Services" and "Downstream Provider"). Reeves also objects that this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the service provider. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that she believes, based on her current understanding of the term "Downstream Providers customers" and based on the fact that, as an independent contractor she may not have had full visibility to all of Avid Telecom's services, Avid Telecom may have purchased Telephony Services, as she understands that term, from certain Downstream Provider customers at certain times. Reeves does not have information sufficient to respond to the relationship between Avid Telecom and any Downstream Provider customers;** *i.e.,* **whether they were "customers" (that term in not defined). It is Reeves' understanding that, as a direct byproduct of**

**the claims set forth in the Complaint, including the false claims alleged in the Complaint, and the widespread publication of those false claims to the industry and to the public, which Plaintiffs knew or should have known would destroy Avid Telecom's business, Avid Telecom ceased purchasing any services in or about July 2023.**

7.    Admit that Defendant Avid Telecom specializes in the delivery of automated calls for its customers.

*Specific Objections to RFA No. 7: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request  is vague and ambiguous (including as to the term "specializes") and argumentative. Reeves also objects that this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the service provider. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, and notwithstanding the improper tense (*i.e.,* "specializes") applied to the Request and based on the fact that, as an independent contractor she may not have had full visibility to all of Avid Telecom's services, as a courtesy, Reeves denies that Avid Telecom ever "specialized" in the delivery of automated calls for its customers (a term which is also not defined). It is Reeves' understanding that, as a direct byproduct of the claims set forth in the Complaint, including the false claims alleged in the Complaint, and the widespread publication of those false claims to the industry and to the public, which Plaintiffs knew or should have known would destroy Avid Telecom's business, Avid Telecom ceased delivering any calls in or about July 2023.**

8.    Admit that Defendant Avid Telecom indicated in its Universal Service Fund filings with the FCC that it conducted its business in all U.S. states and territories.

*Specific Objections to RFA No. 8: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous (including as to the terms "indicated" and "conducted its business"). Reeves also objects that this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as filing entity. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that she Reeves states that those filings, if any, speak for themselves and that after a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request. Reeves is also unable to respond as the term "Universal Service Fund filing" is not defined nor is it a term that she understands. Notwithstanding the previous, based on the fact that, as an independent contractor and may not have had full visibility to all of Avid Telecom's services, Reeves denies that Avid Telecom actually terminated calls into every state in the United States or its Territories and thus it did not "conduct its business", as she understands that term, as a terminating carrier in any of those states.**

9. <u>Admit that Defendant Avid Telecom has Transmitted calls into, and across, the U.S. Voice Service network.</u>

9. Admit that Defendant Avid Telecom has Transmitted calls into, and across, the U.S. Voice Service network.

*Specific Objections to RFA No. 9: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous. Specifically, Reeves objects to the suggestion that Avid Telecom Transmitted calls "into" the U.S. Voice Service network as a false premise as all calls that Avid Telecom allegedly Transmitted were already "in" the U.S. Voice Service network. As such, Reeves Response does not address this false premise. Reeves also objects to this Request as the term "U.S. Voice Service network" is not defined and is not a term generally used in the telecom industry (i.e., there is not a single U.S. Voice Service network. Reeves*

*also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as filing entity. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that she believes, based on her current understanding of the term "Transmitted" and the term "U.S. Voice Service network" and based on the fact that, as an independent contractor she may not have had full visibility to all of Avid Telecom's services, Avid Telecom has Transmitted calls that are associated with U.S. Voice Service network. Reeves denies that Avid Telecom was the party that initially Transmitted any calls "into" the U.S. Voice Service network, that it Transmitted calls to all locations "across" the U.S. Voice Service network and that it ever originated or completed a call associated with the U.S. Voice Service network.**

10.    Admit that You, either directly or through a third-party (*e.g.,* a third-party switch provider), have never instituted or implemented any policies or processes regarding network-level blocking on Defendant Avid Telecom's network for one or more U.S.-based area codes from North American Numbering Plan numbers that would prevent Defendant Avid Telecom from Transmitting calls to called numbers with such area codes.

*Specific Objections to RFA No. 10: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is compound (e.g., "instituted or implemented," "policies or processes," "directly or through a third-party"), vague, and overbroad as to time (using "never"). Reeves also objects to this Request as the term "third party switch provider" is not defined with sufficient specificity to permit a*

Deleted: *I*

*proper response. Reeves also objects to this Request to the extent it calls for the disclosure of attorney-client communications or attorney work product regarding blocking issues. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as filing entity. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that, in my exclusive capacity as an independent contractor, I had any authority to institute or to implement any policies on any issue. Reeves also denies that she "never" instituted or implemented any policies or processes regarding network-level blocking on Defendant Avid Telecom's network for one or more U.S.-based area codes from North American Numbering Plan numbers that prevented Avid Telecom from Transmitting many billions of calls to called numbers and thus I also deny the statement on this basis.**

11.    Admit that You, either directly or through a third-party (e.g., a third party switch provider), have never instituted or implemented any policies or processes regarding network-level blocking on Defendant Avid Telecom's network for all U.S.- based area codes from North American Numbering Plan numbers assigned to any one of the Plaintiff States that would prevent Defendant Avid Telecom from Transmitting calls to called numbers for all area codes assigned to that state.

*Specific Objections to RFA No. 11; Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is compound, vague, and overbroad as to time (using "never"), and seeks information regarding policies of Avid Telecom*

Deleted: 3

*beyond Reeves's individual capacity. Reeves also objects to this Request to the extent that it is premised on the unproven and likely false assumption that Avid Telecom transited calls to "all U.S.-based area codes". Reeves further objects to the extent the Request calls for disclosure of privileged attorney-client communications or attorney work product concerning blocking policies. Subject to these objections, see the Response below.*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that, in her exclusive capacity as an independent contractor, she had any authority to institute or to implement any policies on any issue. Reeves also denies that she "never" instituted or implemented any policies or processes regarding network-level blocking on Defendant Avid Telecom's network for one or more U.S.-based area codes from North American Numbering Plan numbers that prevent Avid Telecom from Transmitting many billions of calls to called numbers and thus I also deny the statement on this basis. Reeves is without sufficient information to determine whether Avid Telecom ever received or transited calls "for all U.S.-based area codes" and thus whether it had the opportunity to block such calls.**

12. Admit that, as an Interconnected VoIP Service provider, Defendant Avid Telecom used broadband internet technology to Transmit calls for its Upstream Provider customers.

*Specific Objections to RFA No. 12: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request of the basis to this Request as it assumes, without basis, that Avid Telecom was an "Interconnected VoIP Service" provider. Reeves also objects to this Request as the term "broadband internet technology" is not defined with sufficient specificity to permit a proper response. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to*

Deleted: 4

*Avid Telecom, as the transiting entity. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that she is unable to Respond in her personal capacity as she does not have the necessary information.**

13.    Admit that, as a Non-Interconnected VoIP Service provider,

Defendant Avid Telecom used broadband internet technology to Transmit calls

for its Upstream Provider customers.

*Specific Objections to RFA No. 13: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request of the basis to this Request as it assumes, without basis, that Avid Telecom was a "Non-Interconnected VoIP Service" provider and that assumption is directly contrary to the assumption in the previous Request that Avid Telecom was an "Interconnected VoIP Service provider." Reeves also objects to this Request as the term "broadband internet technology" is not defined with sufficient specificity to permit a proper response. Reeves also objects to this Request to the extent it is directed to her, in her personal capacity, rather than to Avid Telecom, as the transiting entity. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that she is unable to Respond in her personal capacity as she does not have the necessary information.**

14.    Admit that Defendant Avid Telecom was issued at least 329

Traceback notifications from the USTelecom-led Industry Traceback Group.

**Deleted:** *4*

*Specific Objections to RFA No. 14: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to time and as to the phrase "at least 329," and as to whom "issued" refers (e.g., to Avid Telecom, to a specific person, or to a general inbox). Reeves also objects that this Request on the basis that the term "Tracebacks notifications" is not a term with which she is familiar nor is it commonly used in the telecom industry. Reeves also objects to this Request to the extent it is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity to which the tracebacks were allegedly issued. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that she Reeves does not have sufficient knowledge to confirm the exact number of "Traceback notifications" Defendant Avid Telecom was issued nor does she have sufficient knowledge to confirm that the Traceback Group was "USTelecom-led. Reeves does have sufficient knowledge to confirm that Avid Telecom responded in a timely manner to each Traceback that it received. Reeves also has sufficient knowledge to confirm that USTelecom is an industry lobbying organization comprised of many entities that compete directly with Avid Telecom and that the "Traceback Group"—which is required by the Traced Act to be an "independent" organization—is instead comprised of many of these same competitors, all of which have a direct economic incentive to impose costs on burdens on Avid Telecom to cripple its ability to compete. Reeves is also aware that it was often the only party that received Tracebacks for calls that were transited by multiple carriers, including carriers that were then members of the Traceback Group. Reeves is also aware that many of the carrier-members of the Traceback Group received far more Tracebacks than Avid Telecom, yet, to her knowledge, have never been the subject of a nationwide complaint.**

15.    Admit that at least a portion of the audio recordings of prerecorded or artificial voice messages associated with Traceback requests received by Defendant Avid Telecom from the USTelecom-led Industry Traceback Group were obtained from the voicemail services of YouMail subscribers.

Specific Objections to RFA No. 15: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request of the basis *to this Request as vague and ambiguous (e.g., "at least a portion"). Reeves objects to this Request because the allegation regarding YouMail lacks foundation and would require Reeves to speculate regarding the third-party sources (including YouMail) of certain unidentified audio recordings that have never been provided to her. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity to which the tracebacks were allegedly issued. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that she does not have sufficient knowledge or information to respond to this Request.**

16.    Admit that at least a portion of the calls referenced in Tracebacks related to Defendant Avid Telecom call traffic were prerecorded or artificial voice messages.

*Specific Objections to RFA No. 16: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request of the basis to this Request as vague and ambiguous as the term "at least a portion" is not defined with sufficient specificity to permit a proper response. Reeves objects to this Request as vague and ambiguous as*

Deleted: 7

Deleted: 8

*the term "related to Avid Telecom call traffic" is not defined with sufficient specificity to permit a proper response, including whether that term is intended to refer only to Tracebacks sent to Avid Telecom (as referenced in the previous Request) or some other set of Tracebacks. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity to which the tracebacks were allegedly issued. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that she does not have sufficient knowledge or information to respond to this Request.**

17.    Admit that at least a portion of the calls referenced in Tracebacks related to Defendant Avid Telecom call traffic were delivered to voicemail mailboxes.

*Specific Objections to RFA No. 17: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request of the basis to this Request as vague and ambiguous as the term "at least a portion" is not defined with sufficient specificity to permit a proper response. Reeves objects to this Request as vague and ambiguous as the term "related to Avid Telecom call traffic" is not defined with sufficient specificity to permit a proper response, including whether that term is intended to refer only to Tracebacks sent to Avid Telecom (as referenced in the previous Request) or some other set of Tracebacks. Reeves objects to this Request as vague and ambiguous as the term "voice mailboxes" is not defined with sufficient specificity to permit a proper response, including whether that term is intended to refer only to YouMail electronic "voice mailboxes" or to traditional stand-alone home voice mailboxes. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity to which the tracebacks were allegedly issued. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

Deleted: 9

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that she does not have sufficient knowledge or information to respond to this Request.**

18.    Admit that a CDR was generated for every call that was

Transmitted over Defendant Avid Telecom's network.

*Specific Objections to RFA No. 18: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is overbroad and unduly burdensome to the extent it seeks an unqualified admission about "every call". Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly Transmitted the calls. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that she does not have sufficient knowledge or information to respond to this Request. to the extent that a Response is possible, Reeves denies the allegation as it is her understanding that where a call was blocked (and, in fact, Avid Telecom blocked billions of calls) a CDR was not created and the call was never Transmitted by Avid Telecom.**

19.    Admit that Defendant Avid Telecom used CDRs to bill for

services it provided to its Upstream Provider customers.

*Specific Objections to RFA No. 19: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is overbroad and unduly burdensome to the extent it seeks an unqualified admission about "every call". Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to*

| Deleted: 20 |
| --- |

| Deleted: 2 |
| --- |

*Avid Telecom, as the entity which allegedly billed for services.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves was not involved in the billing process and, as an independent contractor, she did not have had full visibility to the billing process. to the extent that a Response is possible, Reeves denies the allegation that Avid Telecom used CDRs to bill for services.  It is her understanding that it was the third-party switch used by Avid Telecom generated and used CDRs to bill for services Avid Telecom provided to its Upstream Provider customers.**

20.    Admit that Defendant Avid Telecom Transmitted calls across its network where no other Voice Service Providers had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

*Specific Objections to RFA No. 20: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Reeves also objects to this request  as vague,  overbroad and unduly burdensome to the extent that it is unclear which calls are at issue. Reeves objects that this Request to the extent that it assumes without foundation that Avid Telecom has a "network" and that Avid Telecom transmits calls "across its network" and that it "accepted" calls on that network.  Reeves also objects to this Request to the extent that it requires her to agree to the definition of Voice Service Provider that differs from her understanding of that term.  Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly billed for services.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that, based on**

**Deleted:** *2*

her understanding of the term "Voice Service Provider", Reeves denies the allegation.

21.    Admit that Defendant Avid Telecom offered rates for its

outbound Voice Service that differed based on call duration.

*Specific Objections to RFA No. 21: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request to the extent that it assumes without foundation that Avid Telecom had a single "Outbound Voice Service". Reeves also objects to this Request to the extent that it requires her to agree to the definition of Voice Service that differs from her understanding of that term. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly billed for services. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves was an independent contractor without full visibility to Avid rate plans and that she had no rate setting role or authority, Avid Telecom's rates, like those of most carriers, including most if not all carriers that are members of USTelecom, differed based on a wide variety of factors, including without limitation, the originating location, the terminating location the customer and the call volume.  In all instances, however, it is her  recollection that the price per minute was always *much higher* for short duration  calls (generally 6 seconds or less) than it was for longer duration calls, thereby *discouraging* customers from using Avid Telecom for short duration calls.  It is also my recollection that, as a further disincentive to short duration calling on its network, Avid Telecom did not accept  traffic  that  it  believed  would  be  more  than  ten  percent  (10%)  short**

Deleted: 3

**duration and that it had the right to terminate carriers that delivered traffic at levels above that percentage.**

22.    Admit that Defendant Avid Telecom offered a Voice Service product that was intended to Transmit only Short Duration Call traffic.

*Specific Objections to RFA No. 22: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request to the extent that it requires her to agree to the definition of Voice Service product that differs from her understanding of that term. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly billed for services. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no rate setting role or authority, Avid Telecom's had rate plans that were specifically designed to transmit Short Duration Call traffic. It is my recollection that the price per minute was always *much higher* for short duration calls (generally less than 6 seconds) than it was for longer duration calls, thereby discouraging customers from using Avid Telecom for short duration calls. It is also my recollection that, as a further disincentive to short duration calling on its network, Avid Telecom did not accept traffic that it believed would be more than ten percent (10%), it penalized carriers that delivered traffic that was more than ten percent (10%) through higher rates and that short duration and that it had the right to terminate carriers that delivered traffic at levels above that percentage.**

23.    Admit that Defendant Avid Telecom had a Business Relationship with Boomsourcing, LLC.

Deleted: *1*

*Specific Objections to RFA No. 23: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly has the Business Relationship. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Boomsourcing, LLC. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Boomsourcing, LLC to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

24.    Admit that Defendant Avid Telecom has received Compensation from Boomsourcing, LLC.

*Specific Objections to RFA No. 24: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly received the Compensation. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

Deleted: 5

Deleted: 6

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Boomsourcing, LLC primarily for the transiting of calls delivered to Avid Telecom.**

25.    Admit that Defendant Avid Telecom has received Compensation from Mercury for services that Defendant Avid Telecom provided to Boomsourcing, LLC.

*Specific Objections to RFA No. 25: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly received the Compensation. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that after a reasonable inquiry, the information known or readily obtainable by Reeves is insufficient to enable her to admit or deny this RFA, including because the identity of "Mercury" is unclear and because Defendant Reeves, as an independent contract, did not and does not have access to the information that would allow her to respond. Admit that Defendant Avid Telecom provided Compensation to Boomsourcing, LLC.**

26.    Admit that Defendant Avid Telecom provided Compensation to Boomsourcing, LLC.

*Specific Objections to RFA No. 26: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Reeves*

Deleted: 6

Deleted:  Response:

Formatted: Justified, Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 9 + Alignment: Left + Aligned at:  0.31" + Indent at:  0.81"

Formatted: Font: Not Bold

*also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Compensation. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

27.     Admit that Defendant Avid Telecom provided Telephony

Services to Boomsourcing, LLC.

*Specific Objections to RFA No. 27: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Reeves objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Telephony Services") to which she does not agree.  Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to provide any Telephony Service to Boomsourcing, it is her understanding that Avid Telecom provided Telephony Services to Boomsourcing, pursuant to the terms of an agreement that, among other things, required Boomsourcing to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

**Deleted:** *6*

28.       Admit that Boomsourcing, LLC was a Non-Provider Customer of Defendant Avid Telecom.

*Specific Objections to RFA No. 28: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Non-Provider Customer") to which she does not agree. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly had the relationship with Boomsourcing, LLC. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that, to the best of her current recollection and based on the information available to her at the time and now, the allegation Boomsourcing, LLC was a Non-Provider Customer of Defendant Avid Telecom.**

29.       Admit that, during the course of its Business Relationship with Boomsourcing, LLC, Defendant Avid Telecom Transmitted calls that it received directly from Boomsourcing, LLC.

*Specific Objections to RFA No. 29: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Reeves also objects to this Request to the extent that it is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly had the Business Relationship with Boomsourcing, LLC. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

Deleted: 30

Deleted: 31

**Response: Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom transmitted calls it received directly from Boomsourcing, LLC pursuant to the terms of an agreement that, among other things, required Boomsourcing to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

30.     Admit that, during the course of its Business Relationship with Boomsourcing, LLC, Defendant Avid Telecom Transmitted calls that it received from Boomsourcing, LLC where no other Voice Service Providers had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

*Specific Objections to RFA No. 30: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Reeves also objects to this request to the extent that it requires her to respond based on a definition of "Voice Service Provider" to which she does not agree. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies the allegation.  Avid Telecom never had a direct relationship with the party that created the content for any call or the party on whose behalf the call was being made.  All calls that reached the Avid Telecom network were originated by a party that delivered the call to Avid Telecom from a switch that they owned and/or controlled.**

Deleted: 2

31.     Admit that, during the course of its Business Relationship with Boomsourcing, LLC, Defendant Avid Telecom Transmitted calls directly to Boomsourcing, LLC.

*Specific Objections to RFA No. 31: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls directly to Boomsourcing.**

32.     Admit that Defendant Avid Telecom had a Business Relationship with Glass Roots Marketing.

*Specific Objections to RFA No. 32: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding**

Deleted: 2

Deleted: 4

**that Avid Telecom had a Business Relationship with Glass Roots Marketing.  It is my recollection that, among other things, the agreement governing that "Business Relationship" required Glass Roots Marketing to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

33.     Admit    that    Defendant    Avid    Telecom    has    received

Compensation from Glass Roots Marketing.

*Specific Objections to RFA No. 33: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Glass Roots Marketing primarily for the transiting of calls delivered to Avid Telecom.**

34.     Admit that Defendant Avid Telecom provided Compensation

to Glass Roots Marketing.

*Specific Objections to RFA 34: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without*

Deleted: 5

*limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

35.    Admit that Defendant Avid Telecom provided Telephony Services to Glass Roots Marketing.

*Specific Objections to RFA No. 35: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Reeves objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Telephony Services") to which she does not agree.  Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the "Telephony Services".  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to provide any Telephony Service to Glass Roots Marketing, it is her understanding that Avid Telecom provided Telephony Services to Glass Roots Marketing, pursuant to the terms of an agreement that, among other things, required Glass Roots Marketing to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

36.    Admit that Glass Roots Marketing was a Non-Provider Customer of Defendant Avid Telecom.

| Deleted: 7 |
| --- |

*Specific Objections to RFA No. 36: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Non-Provider Customer") to which she does not agree. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly had the relationship. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that, to the best of her current recollection and based on the information available to her at the time and now, the allegation Glass Roots Marketing was a Non-Provider Customer of Defendant Avid Telecom.**

37.     Admit that, during the course of its Business Relationship with Glass Roots Marketing, Defendant Avid Telecom Transmitted calls that it received directly from Glass Roots Marketing.

*Specific Objections to RFA No. 37: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly Transmitted the calls. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Glass Roots Marketing.**

Deleted: 2

Deleted: 9

38.    Admit that, during the course of its Business Relationship with Glass Roots Marketing, Defendant Avid Telecom Transmitted calls that it received from Glass Roots Marketing where no other Voice Service Providers had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

*Specific Objections to RFA No. 38: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Reeves also objects to this request to the extent that it requires her to respond based on a definition of "Voice Service Provider" to which she does not agree. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies the allegation. Avid Telecom never had a direct relationship with the party that created the content for any call or the party on whose behalf the call was being made. All calls that reached the Avid Telecom network were originated by a party that delivered the call to Avid Telecom from a switch that they owned and/or controlled.**

39.    Admit that, during the course of its Business Relationship with Glass Roots Marketing, Defendant Avid Telecom Transmitted calls directly to Glass Roots Marketing.

*Specific Objections to RFA No. 39: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Reeves also objects to this Request to the extent is directed*

Deleted: *40*

Deleted: *41*

*to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly Transmitted the calls. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies the allegation.**

40.    Admit that Defendant Avid Telecom had a Business Relationship with Zealous Services, Inc.

*Specific Objections to RFA No. 40.: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly had the Business Relationship. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

Deleted: 3

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Zealous Services. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Zealous Services to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

41.    Admit that Defendant Avid Telecom has received

Compensation from Zealous Services, Inc.

*Specific Objections to RFA No. 41: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly received the compensation. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from** Zealous Services **primarily for the transiting of calls delivered to Avid Telecom.**

42.    Admit that Defendant Avid Telecom provided Compensation to Zealous Services, Inc.

*Specific Objections to RFA 42: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Compensation. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

43.    Admit that Defendant Avid Telecom provided Telephony Services to

Deleted: 4

Deleted: :

Zealous Services, Inc.

*Specific Objections to RFA 43: Reeves objects to this request as irrelevant to the issues in this case, as written, and unlikely to lead to the discovery of relevant evidence. Reeves also objects that this Request to the extent that the Request calls for a legal conclusion based on specialized definitions (e.g., "Telephony Services") to which he does not agree. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services.*

**Response: Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that, to the best of her current recollection and based on the information available to her at the time and now, Avid Telecom provided telephony services to Zealous Services, Inc.**

44.    Admit that Zealous Services, Inc. was a   Customer of Defendant Avid Telecom.

*Specific Objections to RFA No. 44: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Non-Provider Customer") to which she does not agree. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly has the relationship. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Response: Subject to and without waiving the General Objections and the Specific Objections stated above, to the best of her current recollection and based on the information available to her at the time and now, Reeves admits that the data available at the time indicated that Zealous Services. did not meet all of the criteria Plaintiffs set forth the definition.**

Deleted: 6

45.     Admit that, during the course of its Business Relationship with Zealous Services, Inc., Defendant Avid Telecom Transmitted calls that it received directly from Zealous Services, Inc.

*Specific Objections to RFA No. 45: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly has the Business Relationship. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, to the best of her current recollection and based on the information available to her at the time and now, Reeves admits that to the best of her current recollection, knowledge and belief Glass Roots Marketing delivered calls directly to Avid Telecom.**

46.     Admit that, during the course of its Business Relationship with Zealous Services, Inc., Defendant Avid Telecom Transmitted calls that it received from Zealous Services, Inc. where no other Voice Service Providers had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

*Specific Objections to RFA 46: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Reeves also objects to this request to the extent that it requires her to respond based on a definition of "Voice Service Provider" to which she does not agree.*

Deleted: 7

*Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies the allegation. Avid Telecom never had a direct relationship with the party that created the content for any call or the party on whose behalf the call was being made. All calls that reached the Avid Telecom network were originated by a party that delivered the call to Avid Telecom from a switch that they owned and/or controlled.**

47.    Admit that, during the course of its Business Relationship with Zealous Services, Inc., Defendant Avid Telecom Transmitted calls directly to Zealous Services, Inc.

*Specific Objections to RFA 47: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls directly to Zealous Services.**

48.    Admit that Defendant Avid Telecom had a Business Relationship with SipNav.

*Specific Objections to RFA 48: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.*

*Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with SipNav. It is my recollection that, among other things, the agreement governing that "Business Relationship" required SipNav to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

49. Admit that Defendant Avid Telecom provided Compensation to SipNav.

*Specific Objections to RFA 49: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to SipNav primarily for providing switch services to Avid Telecom.**

50.     Admit that Defendant Avid Telecom had a Business

Relationship with Dean Hansen.

*Specific Objections to RFA 50: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

51.     Admit that Defendant Avid Telecom has received

Compensation from Dean Hansen.

*Specific Objections to RFA 51: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Reeves is insufficient to enable her to admit or deny this request.**

52.     Admit that Defendant Avid Telecom provided

Compensation to Dean Hansen.

*Specific Objections to RFA 52: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.*

*Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Reeves is insufficient to enable her to admit or deny this request.**

53.    Admit that Defendant Avid Telecom had a Business

Relationship with Scott Presta.

*Specific Objections to RFA 53: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

54.    Admit that Defendant Avid Telecom provided Compensation to Scott Presta.

*Specific Objections to RFA 54: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Reeves is insufficient to enable her to admit or deny this request.**

55.     Admit that Defendant Avid Telecom had a Business Relationship with Airespring.

*Specific Objections to RFA 55: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Airespring. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Airespring to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

56.     Admit that Defendant Avid Telecom has received Compensation from Airespring.

*Specific Objections to RFA 56: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Airespring primarily for the transiting of calls delivered to Avid Telecom.**

57.    Admit that, during the course of its Business Relationship with Airespring, Defendant Avid Telecom Transmitted calls that it received directly from Airespring.

*Specific Objections to RFA 57: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the foregoing objections, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Airespring.**

58.    Admit that Defendant Avid Telecom had a Business Relationship with AllClear Connect.

*Specific Objections to RFA 58: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with AllClear Connect.  It is my recollection that, among other things, the agreement governing that "Business Relationship" required AllClear Connect to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

        59.    Admit that Defendant Avid Telecom has received

Compensation from AllClear Connect.

*Specific Objections to RFA 59: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from AllClear Connect primarily for the transiting of calls delivered to Avid Telecom.**

60.    Admit that, during the course of its Business Relationship with AllClear Connect, Defendant Avid Telecom Transmitted calls that it received directly from AllClear Connect.

*Specific Objections to RFA 60: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from AllClear Connect.**

61.    Admit that Defendant Avid Telecom had a Business Relationship with Autelecom LLC.

*Specific Objections to RFA 61: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Autelecom.  It is my**

**recollection that, among other things, the agreement governing that "Business Relationship" required Autelecom to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocall.**

62.     Admit that Defendant Avid Telecom has received Compensation from Autelecom LLC.

*Specific Objections to RFA 62: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Autelecom primarily for the transiting of calls delivered to Avid Telecom.**

63.     Admit that, during the course of its Business Relationship with Autelecom LLC, Defendant Avid Telecom Transmitted calls that it received directly from Autelecom LLC.

*Specific          Objections          to          RFA          63 : Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business*

*Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Autelecom.**

64.    Admit that Defendant Avid Telecom had a Business

Relationship with BestiumPro.

*Specific Objections to RFA 64: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Bestium Pro. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Bestium Pro to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

65.    Admit that Defendant Avid Telecom has received

Compensation from BestiumPro.

*Specific Objections to RFA 65: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Bestium Pro primarily for the transiting of calls delivered to Avid Telecom.**

66.    Admit that, during the course of its Business Relationship with BestiumPro, Defendant Avid Telecom Transmitted calls that it received directly from BestiumPro.

*Specific Objections to RFA 66: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Bestium Pro.**

67. Admit that Defendant Avid Telecom had a Business Relationship with

Connexum LLC.

*Specific Objections to RFA 67: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Connexum. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Connexum to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

68. Admit that Defendant Avid Telecom has received Compensation from

Connexum LLC.

*Specific Objections to RFA 68: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no**

**authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Connexum primarily for the transiting of calls delivered to Avid Telecom.**

69.     Admit that, during the course of its Business Relationship with Connexum LLC, Defendant Avid Telecom Transmitted calls that it received directly from Connexum LLC.

*Specific Objections to RFA 69: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Connexum**

*70.* Admit that Defendant Avid Telecom had a Business Relationship with Contact Center Specialists LLC.

*Specific Objections to RFA 70: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Contact Center Specialists. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Contact Center Specialists to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

71. Admit that Defendant Avid Telecom has received Compensation from

Contact Center Specialists LLC.

*Specific Objections to RFA 71: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Contact Center Specialists primarily for the transiting of calls delivered to Avid Telecom.**

72.     Admit that, during the course of its Business Relationship with Contact Center Specialists LLC, Defendant Avid Telecom Transmitted calls that it received directly from Contact Center Specialists LLC.

*Specific Objections to RFA 72: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Contact Center Specialists. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Contact Center Specialists to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

73.     Admit that Defendant Avid Telecom had a Business Relationship with DID Central.

*Specific Objections to RFA 73: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from DID Central.**

74. Admit that Defendant Avid Telecom has received Compensation from DID Central.

*Specific Objections to RFA 74: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from DID Central primarily for the transiting of calls delivered to Avid Telecom**

75. Admit that, during the course of its Business Relationship with DID Central, Defendant Avid Telecom Transmitted calls that it received directly from DID Central.

*Specific Objections to RFA 75: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term*

*"Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with DID Central. It is my recollection that, among other things, the agreement governing that "Business Relationship" required DID Central to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls**

*76.* Admit that Defendant Avid Telecom had a Business Relationship with Digital Media Solutions LLC.

*Specific Objections to RFA 76: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Digital Media Solutions. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Digital Media Solutions to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

77.    Admit that Defendant Avid Telecom has received Compensation from

Digital Media Solutions LLC. for the provision of Voice Services.

*Specific Objections to RFA 77: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Digital Media Solutions primarily for the transiting of calls delivered to Avid Telecom.**

78. Admit that Defendant Avid Telecom has received Compensation from

Digital Media Solutions LLC. for the provision of Telephony Services.

*Specific Objections to RFA 78: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current**

**recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Digital Media Solutions primarily for the transiting of calls delivered to Avid Telecom.**

79.     Admit that Digital Media Solutions LLC is not a Voice Service Provider.

*Specific Objections to RFA No. 79: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Reeves objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Non-Provider Customer") to which she does not agree.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that, to the best of her current recollection and based on the information available to her at the time and now, the allegation DMS, LLC was a Non-Provider Customer of Defendant Avid Telecom.**

80.     Admit that Digital Media Solutions LLC is not a

provider of Telephony Service.

*Specific Objections to RFA No. 80: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Reeves objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Non-Provider Customer") to which she does not agree.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that, to the best of her current**

Deleted: 26

Deleted: 26

**recollection and based on the information available to her at the time and now, the allegation DMS, LLC was a Non-Provider Customer of Defendant Avid Telecom.**

81.    Admit that, during the course of its Business Relationship with Digital Media Solutions LLC, Defendant Avid Telecom Transmitted calls from Digital Media Solutions LLC where no other Voice Service Provider had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

*Specific Objections to RFA No. 81: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Reeves also objects to this request to the extent that it requires her to respond based on a definition of "Voice Service Provider" to which she does not agree.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies the allegation.  Avid Telecom never had a direct relationship with the party that created the content for any call or the party on whose behalf the call was being made.  All calls that reached the Avid Telecom network were originated by a party that delivered the call to Avid Telecom from a switch that they owned and/or controlled.**

82. Admit that Defendant Avid Telecom had a Business Relationship with Global Voicecom.

*Specific Objections to RFA 82: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.*

Deleted: 32

*Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Global Voicecom. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Global Voicecom to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

83. Admit that Defendant Avid Telecom has received Compensation from Global Voicecom.

*Specific Objections to RFA 83: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Global Voicecom primarily for the transiting of calls delivered to Avid Telecom.**

84.    Admit that, during the course of its Business Relationship with Global Voicecom, Defendant Avid Telecom Transmitted calls that it received directly from Global Voicecom.

*Specific Objections to RFA 84: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Global Voicecom.**

85.    Admit that Defendant Avid Telecom had a Business Relationship with Great Lakes Communication.

*Specific Objections to RFA 85: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Great Lakes**

**Communications. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Great Lakes Communications to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

86.    Admit that Defendant Avid Telecom has received Compensation from Great Lakes Communication.

*Specific Objections to RFA 86: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Great Lakes Communications primarily for the transiting of calls delivered to Avid Telecom.**

87.    Admit that, during the course of its Business Relationship with Great Lakes Communication, Defendant Avid Telecom Transmitted calls that it received directly from Great Lakes Communication.

*Specific Objections to RFA 87: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.*

*Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Great Lakes Communications.**

88.    Admit that Defendant Avid Telecom had a Business

Relationship with Icon Global Services.

*Specific Objections to RFA 88: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with IGS. It is my recollection that, among other things, the agreement governing that "Business Relationship" required IGS to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

89.    Admit that Defendant Avid Telecom has received Compensation from

Icon Global Services.

*Specific Objections to RFA 89: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from IGS primarily for the transiting of calls delivered to Avid Telecom.**

90.     Admit that, during the course of its Business Relationship with Icon Global Services, Defendant Avid Telecom Transmitted calls that it received directly from Icon Global Services.

*Specific Objections to RFA 90: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from IGS.**

91.     Admit that Defendant Avid Telecom had a Business Relationship with

Virtual Telecom/Mobi Telecom LLC.

*Specific Objections to RFA 91: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Virtual/Mobi. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Virtual/Mobi to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

92.    Admit that Defendant Avid Telecom has received Compensation from

Virtual Telecom/Mobi Telecom LLC.

*Specific Objections to RFA 92: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Subject to and without waiving the General Objections and the Specific Objections stated above Reeves admits that to the**

**best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Virtual/Mobi primarily for the transiting of calls delivered to Avid Telecom.**

93.     Admit that, during the course of its Business Relationship

with Virtual Telecom/Mobi Telecom LLC, Defendant Avid Telecom

Transmitted calls that it received directly from Virtual Telecom/Mobi

Telecom LLC.

*Specific Objections to RFA 93: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Virtual/Mobi.**

94.     Admit that Defendant Avid Telecom had a Business Relationship with

Modok Telecom.

*Specific Objections to RFA 94: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:** Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Virtual/Mobi. **It is my recollection that, among other things, the agreement governing that "Business Relationship" required Modok to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

95.    Admit that Defendant Avid Telecom has received Compensation from

Modok Telecom.

*Specific Objections to RFA 95: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Modok primarily for the transiting of calls delivered to Avid Telecom.**

**Formatted:** Indent: Left:  0.75", Right:  0", Space Before:  0 pt, Line spacing:  Exactly 14.15 pt

**Deleted:** ¶

96.    Admit that, during the course of its Business Relationship with Modok Telecom, Defendant Avid Telecom Transmitted calls that it received directly from Modok Telecom.

*Specific Objections to RFA 96: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Modok.**

97.    Admit that You have received Compensation from Modok Telecom, whether or not such Compensation was received before or during the Relevant Period.

*Specific Objections to RFA 97: The Request is vague and ambiguous as to the undefined terms "Compensation" and "Relevant Period," and is overbroad in temporal scope. Subject to and without waiving the foregoing, and after a reasonable inquiry under FRCP 36(a)(4), the foregoing qualified admission is made*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits to having received compensation from Modok Telecom while serving as an independent contractor for Modok Telecom from September 2017 to June 2020.**

98.    Admit that You previously worked for Modok Telecom at a time

during which Sumco Panama was a customer of Modok.

*Specific Objections to RFA 98: The Request is vague and ambiguous as to "worked for" and assumes facts regarding the status/timing of Sumco Panama's customer relationship. Subject to and without waiving the foregoing, and after a reasonable inquiry under FRCP 36(a)(4), the foregoing qualified admission is made.*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits working as an independent contractor for Modok Telecom at a time during which Sumco Panama was a customer of Modok.**

99.      Admit that Defendant Avid Telecom had a Business

Relationship with NGL Communications LLC.

*Specific Objections to RFA 99: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with NGL.  It is my recollection that, among other things, the agreement governing that "Business Relationship" required NGL to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

100. Admit that Defendant Avid Telecom has received Compensation from

NGL Communications LLC.

*Specific Objections to RFA 100: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from NGL primarily for the transiting of calls delivered to Avid Telecom.**

101. Admit that, during the course of its Business Relationship

with NGL Communications LLC, Defendant Avid Telecom Transmitted

calls that it received directly from NGL Communications LLC.

*Specific Objections to RFA 101: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now,**

**that Defendant Avid Telecom Transmitted calls that it received directly from NGL.**

102.     Admit that Defendant Avid Telecom had a Business Relationship with

Perfect Pitch Technology, LLC.

*Specific Objections to RFA 102: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with PP Technology. It is my recollection that, among other things, the agreement governing that "Business Relationship" required PP Technology to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

103.     Admit that Defendant Avid Telecom has received Compensation from

Perfect Pitch Technology, LLC.

*Specific Objections to RFA 103: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without*

*limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from PP Technology primarily for the transiting of calls delivered to Avid Telecom.**

104.    Admit that Defendant Avid Telecom provided

Compensation to Perfect Pitch Technology, LLC.

*Specific Objections to RFA 104: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that after a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

105.    Admit that Defendant Avid Telecom provided Telephony

Services to Perfect Pitch Technology, LLC.

*Specific Objections to RFA 105: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects that this Request to the extent the Request calls for a legal conclusion*

*based on specialized definitions (e.g., "Telephony Services") to which she does not agree. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to provide any Telephony Service to PP Technology, it is her understanding that Avid Telecom provided "Telephony Services" to PP Technology, pursuant to the terms of an agreement that, among other things, required PP Technology to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

106.    Admit that Perfect Pitch Technology, LLC was a

Non-Provider Customer of Defendant Avid Telecom.

*Specific Objections to RFA No. 106: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Non-Provider Customer") to which she does not agree. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that, to the best of her current recollection and based on the information available to her at the time and now, the allegation PP Technology was a Non-Provider Customer of Defendant Avid Telecom.**

Deleted: 2

107.    Admit that, during the course of its Business Relationship with Perfect Pitch Technology, LLC, Defendant Avid Telecom Transmitted calls that it received directly from Perfect Pitch Technology, LLC.

*Specific Objections to RFA 107: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from PP Technology.**

108.    Admit that, during the course of its Business Relationship with Perfect Pitch Technology, LLC, Defendant Avid Telecom Transmitted calls that it received from Perfect Pitch Technology, LLC where no other Voice Service Providers had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

*Specific Objections to RFA No 108: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Reeves also objects to this request to the extent that it requires her to respond based on a definition of "Voice Service Provider" to which she does not*

| | |
|---|---|
| **Deleted:** . | |

*agree.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies the allegation.  Avid Telecom never had a direct relationship with the party that created the content for any call or the party on whose behalf the call was being made.  All calls that reached the Avid Telecom network were originated by a party that delivered the call to Avid Telecom from a switch that they owned and/or controlled.**

109.    Admit that, during the course of its Business Relationship with

Perfect Pitch Technology, LLC, Defendant Avid Telecom Transmitted calls

directly to Perfect Pitch Technology, LLC.

*Specific Objections to RFA 109: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that after a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request**

110.    Admit that Defendant Avid Telecom had a Business Relationship with

R Squared / 200 Networks.

*Specific Objections to RFA 110: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves*

*also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that after a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request**

111. Admit that Defendant Avid Telecom has received Compensation from

R Squared / 200 Networks.

*Specific Objections to RF 111: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that after a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

112.    Admit  that,  during  the  course  of  its  Business

Relationship  with  R  Squared  /  200  Networks,  Defendant  Avid  Telecom

Transmitted calls that it received directly from R Squared / 200 Networks.

*Specific Objections to RFA 112: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from R Squared.**

113.    Admit that Defendant Avid Telecom had a Business Relationship with Sipnex Telecom LLC.

*Specific Objections to RFA 113: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Sipnex. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Sipnex to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

114.    Admit that Defendant Avid Telecom has received

Compensation from Sipnex Telecom LLC.

*Specific Objections to RFA 114: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Sipnex primarily for the transiting of calls delivered to Avid Telecom.**

115.    Admit that, during the course of its Business Relationship with Sipnex

Telecom LLC, Defendant Avid Telecom Transmitted calls that it received directly from

Sipnex Telecom LLC.

*Specific Objections to RFA 115: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Sipnex.**

116.    Admit that Defendant Avid Telecom had a Business Relationship with

StrategicIT.

*Specific Objections to RFA 116: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that after a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

117.    Admit that Defendant Avid Telecom has received Compensation from

StrategicIT.

*Specific Objections to RFA 117: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that after a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

118.    Admit that, during the course of its Business Relationship with StrategicIT, Defendant Avid Telecom Transmitted calls that it received directly from StrategicIT.

*Specific Objections to RFA 118: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that after a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

119.    Admit that Defendant Avid Telecom had a Business Relationship with

TCA VoIP / Telecom Carrier Access / TeleSpan.

*Specific Objections to RFA 119: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

120.    Admit that Defendant Avid Telecom received Compensation from TCA VoIP / Telecom Carrier Access / TeleSpan.

*Specific Objections to RFA 120: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

121.    Admit that, during the course of its Business Relationship with TCA VoIP / Telecom Carrier Access / TeleSpan, Defendant Avid Telecom Transmitted calls that it received directly from TCA VoIP / Telecom Carrier Access / TeleSpan.

*Specific Objections to RFA 121: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that after a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

122.     Admit that Defendant Avid Telecom had a Business

Relationship with Telcast Network / Voovertel.

*Specific Objections to RFA 122: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Voovertel.  It is my recollection that, among other things, the agreement governing that "Business Relationship" required Voovertel to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

123.     Admit that Defendant Avid Telecom received Compensation

from Telcast Network / Voovertel.

*Specific Objections to RFA 123: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Voovertel primarily for the transiting of calls delivered to Avid Telecom.**

124.    Admit that, during the course of its Business Relationship with Telcast Network / Voovertel, Defendant Avid Telecom Transmitted calls that it received directly from Telcast Network / Voovertel.

*Specific Objections to RFA 124: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Voovertel.**

125.    Admit that Defendant Avid Telecom had a Business Relationship with Telesero / Fiducia.

*Specific Objections to RFA 125: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term*

*"Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that after a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

126.    Admit    that    Defendant    Avid    Telecom    has    received

Compensation from Telesero / Fiducia.

*Specific Objections to RFA 126: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that after a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

127.    Admit that, during the course of its Business Relationship

with  Telesero / Fiducia, Defendant Avid Telecom Transmitted calls that it

received directly from Telesero / Fiducia.

*Specific Objections to RFA 127: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business*

*Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that after a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

128.    Admit that Defendant Avid Telecom had a Business Relationship with Tellza / Phonetime / Matchcom.

*Specific Objections to RFA 128: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Matchcom. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Matchcom to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

129.    Admit that Defendant Avid Telecom has received Compensation from Tellza / Phonetime / Matchcom.

*Specific Objections to RFA 129: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Matchcom primarily for the transiting of calls delivered to Avid Telecom.**

130.    Admit that, during the course of its Business Relationship with Tellza / Phonetime / Matchcom, Defendant Avid Telecom Transmitted calls that it received directly from Tellza / Phonetime / Matchcom.

*Specific Objections to RFA 130: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Matchcom.**

131. Admit that Defendant Avid Telecom had a Business Relationship with Third Rock Telecom.

*Specific Objections to RFA 131: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Third Rock. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Third Rock to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

132. Admit that Defendant Avid Telecom has received Compensation from Third Rock Telecom.

*Specific Objections to RFA 132: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Third Rock primarily for the transiting of calls delivered to Avid Telecom.**

133.    Admit that, during the course of its Business Relationship with Third Rock Telecom, Defendant Avid Telecom Transmitted calls that it received directly from Third Rock Telecom.

*Specific Objections to RFA 133: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Third Rock.**

134.    Admit that Defendant Avid Telecom had a Business Relationship with TouchTone.

*Specific Objections to RFA 134: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term*

*"Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with TouchTone.  It is my recollection that, among other things, the agreement governing that "Business Relationship" required TouchTone to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

135.    Admit that Defendant Avid Telecom has received Compensation from TouchTone.

*Specific Objections to RFA 135: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from TouchTone primarily for the transiting of calls delivered to Avid Telecom.**

136.    Admit that, during the course of its Business Relationship with TouchTone, Defendant Avid Telecom Transmitted calls that it received directly from TouchTone.

*Specific Objections to RFA 136: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from TouchTone.**

137.    Admit that Defendant Avid Telecom had a Business Relationship with Trixcom / Vibtree Technologies, LLC.

*Specific Objections to RFA 137: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Vibtree. It is my recollection**

**that, among other things, the agreement governing that "Business Relationship" required Vibtree to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

138. Admit that Defendant Avid Telecom has received Compensation from Trixcom / Vibtree Technologies, LLC.

*Specific Objections to RFA 138: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that after a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

139. Admit that, during the course of its Business Relationship with Trixcom / Vibtree Technologies, LLC, Defendant Avid Telecom Transmitted calls that it received directly from Trixcom / Vibtree Technologies, LLC.

*Specific Objections to RFA 139: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that after a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

140.    Admit that Defendant Avid Telecom had a Business Relationship with Urth Access, LLC.

*Specific Objections to RFA 140: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Urth.  It is my recollection that, among other things, the agreement governing that "Business Relationship" required Urth to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

141.    Admit that Defendant Avid Telecom has received Compensation from Urth Access, LLC.

*Specific Objections to RFA 141: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.*

*Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Urth primarily for the transiting of calls delivered to Avid Telecom.**

142.    Admit that Defendant Avid Telecom received Compensation from Tracto, LLC. for service provided by Defendant Avid Telecom to Urth Access, LLC.

*Specific Objections to RFA 142: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Subject to and without waiving the General Objections and the Specific Objections stated above Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Urth primarily for the transiting of calls delivered to Avid Telecom.**

143.    Admit that Defendant Avid Telecom received Compensation from Creditum, LLC. for service provided by Defendant Avid Telecom to Urth Access, LLC.

*Specific Objections to RFA 143: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Subject to and without waiving the General Objections and the Specific Objections stated above Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Urth primarily for the transiting of calls delivered to Avid Telecom.**

144.    Admit that, during the course of its Business Relationship with Urth Access, LLC, Defendant Avid Telecom Transmitted calls that it received directly from Urth Access, LLC.

*Specific Objections to RFA 144: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Urth.**

145.    Admit that Defendant Avid Telecom had a Business Relationship with VOIP Terminator / BL Marketing.

*Specific Objections to RFA 145: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admit that Defendant Avid Telecom had a Business Relationship with VOIP Terminator/BL Marketing, but Reeves was not an independent contractor for Avid Telecom during the time the Business Relationship was active.**

146.    Admit that Defendant Avid Telecom has received Compensation from VOIP Terminator / BL Marketing.

*Specific Objections to RFA 146: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that she does not have the information required to respond to this request.**

147.    Admit that, during the course of its Business Relationship with

VOIP Terminator / BL Marketing, Defendant Avid Telecom Transmitted calls

that it received directly from VOIP Terminator / BL Marketing.

*Specific Objections to RFA 147: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that she does not have the information required to respond to this request.**

148.    Admit that Defendant Avid Telecom had a Business

Relationship with Vultik Inc.

*Specific Objections to RFA 148: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no**

authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with BL Marketing. It is my recollection that, among other things, the agreement governing that "Business Relationship" required BL Marketing to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.

149.    Admit that Defendant Avid Telecom has received Compensation from Vultik Inc.

*Specific Objections to RFA 149: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Vultik primarily for the transiting of calls delivered to Avid Telecom.**

150.    Admit that, during the course of its Business Relationship with Vultik Inc., Defendant Avid Telecom Transmitted calls that it received directly from Vultik Inc.

*Specific Objections to RFA 150: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Vultik.**

151.    Admit that Defendant Avid Telecom had a Business Relationship with Yodel Technologies / Yodel Voice.

*Specific Objections to RFA 151: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Yodel.  It is my recollection that, among other things, the agreement governing that "Business Relationship" required Yodel to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

152.     Admit that Defendant Avid Telecom has received

Compensation from Yodel Technologies / Yodel Voice.

*Specific Objections to RFA 152: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Yodel primarily for the transiting of calls delivered to Avid Telecom.**

153.     Admit that Defendant Avid Telecom provided Compensation

to Yodel Technologies / Yodel Voice.

*Specific Objections to RFA 153: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that after a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

154.     Admit that Defendant Avid Telecom provided Telephony

Services to Yodel Technologies / Yodel Voice.

*Specific Objections to RFA No. 154: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Telephony Services") to which she does not agree. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to provide any Telephony Service to Yodel, it is her understanding that Avid Telecom provided Telephony Services to Yodel, pursuant to the terms of an agreement that, among other things, required Yodel to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

155.     Admit that Yodel Technologies / Yodel Voice was a Non-

Provider Customer of Defendant Avid Telecom.

*Specific Objections to RFA No. 155: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Reeves objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Non-Provider Customer") to which*

Deleted: 26

Deleted: 26

*she does not agree. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that, to the best of her current recollection and based on the information available to her at the time and now, the allegation Yodel, LLC was a had h Customer of Defendant Avid Telecom.**

156.    Admit that, during the course of its Business Relationship with Yodel Technologies / Yodel Voice, Defendant Avid Telecom Transmitted calls that it received directly from Yodel Technologies / Yodel Voice.

*Specific Objections to RFA 156: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Yodel.**

157.    Admit that, during the course of its Business Relationship with Yodel Technologies / Yodel Voice, Defendant Avid Telecom Transmitted calls that it received

from Yodel Technologies / Yodel Voice where no other Voice Service Providers had

Transmitted the call before it was accepted on Defendant Avid Telecom's network.

*Specific Objections to RFA No. 157: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Reeves also objects to this request to the extent that it requires her to respond based on a definition of "Voice Service Provider" to which she does not agree. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies the allegation. Avid Telecom never had a direct relationship with the party that created the content for any call or the party on whose behalf the call was being made. All calls that reached the Avid Telecom network were originated by a party that delivered the call to Avid Telecom from a switch that they owned and/or controlled.**

158.    Admit that, during the course of its Business Relationship with Yodel Technologies / Yodel Voice, Defendant Avid Telecom Transmitted calls directly to Yodel Technologies / Yodel Voice.

*Specific Objections to RFA 158: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Deleted:** *32*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Ms. Reeves states that, to her understanding, Defendant Avid Telecom transmitted certain calls that were originated by an unknown third party either directly or through a third party to DID's leased by Yodel Technologies/Yodel Voice. To the extent this RFA seeks an admission broader than the foregoing, it is denied.**

159.   Admit that Defendants Avid Telecom and Lansky were issued a civil investigative demand on August 1, 2022, by the Office of the Indiana Attorney General.

*Specific Objections to RFA 159: This RFA seeks admissions regarding other parties (Avid Telecom and Mr. Lansky) and may be outside Ms. Reeves's personal knowledge. Subject to and without waiving these objections, Ms. Reeves admits that a civil investigative demand was issued to Avid Telecom and Michael Lansky on August 1, 2022, by the Office of the Indiana Attorney General on behalf of an attorneys general consortium.*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that, to the best of her recollection, Avid Telecom was issued a civil investigative demand on or about August 1, 2022 by the Office of the Indiana Attorney General.**

160.   Admit that Defendants Avid Telecom and Lansky did not produce any documents or answers in Response to the Requests for Production and Interrogatories, respectively, set forth in the civil investigative demand issued on August 1, 2022, by the Office of the Indiana Attorney General.

*Specific Objections to 160: Reeves objects to this RFA as compound (documents and answers), vague and ambiguous (including what constitutes "produce any"), calls for legal and procedural conclusions regarding a government investigative demand, seeks information concerning other parties (Avid Telecom and Mr. Lansky), and may be outside Ms. Reeves's personal knowledge.*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Ms. Reeves denies that Avid Telecom did not produce any or answers in Response to the Requests for Production and Interrogatories, respectively, set forth in the civil investigative demand issued on August 1, 2022, by the Office of the Indiana Attorney General. To the contrary, it was the Indiana Attorney General that repeatedly refused to engage in good faith with Avid Telecom, and which directly misrepresented the parties' interaction in a manner much like this RFA to the court in Indiana before it withdrew its pleading.**

161.    Admit that Defendant Avid Telecom had a Business

Relationship with All Access Telecom.

*Specific Objections to RFA 161: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with All Access. It is my recollection that, among other things, the agreement governing that "Business Relationship" required All Access to represent and warrant to Avid Telecom that**

**all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

162.     Admit that Defendant Avid Telecom provided Compensation

to All Access Telecom.

*Specific Objections to RFA 162: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to All Access primarily for the transiting of calls delivered to Avid Telecom.**

163.     Admit that, during the course of its Business Relationship

with All Access Telecom, Defendant Avid Telecom Transmitted calls

directly to All Access Telecom.

*Specific Objections to 163: This RFA is vague and ambiguous (including the undefined terms "Business Relationship" and "Transmitted"), lacks a temporal limitation, and seeks technical/routing facts potentially outside Ms. Reeves's personal knowledge.*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Ms. Reeves admits that Reeves admits that to the best of her current recollection, knowledge and belief, Defendant Avid Telecom transmitted calls directly to All Access Telecom.**

164.    Admit that the files consisting of CDRs produced by All Access Telecom to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143523— satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections 164: This RFA improperly seeks a legal conclusion regarding admissibility and evidentiary foundation under Fed. R. Evid. 803(6), concerns third-party records, is vague and overbroad as to the specific "files" at issue, and seeks information outside Ms. Reeves's personal knowledge, possession, custody, or control. Subject to and without waiving these objections, after a reasonable inquiry*

**Response: Ms. Reeves lacks sufficient information to admit or deny and therefore denies this RFA pursuant to Fed. R. Civ. P. 36(a)(4).**

165.    Admit that Defendant Avid Telecom had a Business Relationship with Bandwidth.

*Specific Objections to RFA 165: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Bandwidth. It is her recollection that, among other things, the agreement governing that "Business Relationship" required Bandwidth to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

166. Admit that Defendant Avid Telecom provided

Compensation to Bandwidth.

*Specific Objections to RFA 166: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to Bandwidth primarily for the transiting of calls delivered to Avid Telecom.**

167. Admit that, during the course of its Business Relationship with

Bandwidth, Defendant Avid Telecom Transmitted calls directly to Bandwidth.

*Response to 167: General Objections incorporated by reference. Specific Objections: This RFA is vague and ambiguous (including the undefined terms "Business Relationship" and "Transmitted"), lacks a temporal limitation, and seeks technical/routing information potentially outside Ms. Reeves's personal knowledge.*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, Reeves admits that Defendant Avid Telecom transmitted calls directly to Bandwidth.**

168.    Admit that the files consisting of CDRs produced by Bandwidth to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003production and which file names are enumerated on AGTF_000143524—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections 168: This RFA seeks a legal conclusion regarding evidentiary foundation under Fed. R. Evid. 803(6), concerns third-party records, is vague and overbroad as to the specific "files" at issue, and seeks information outside Ms. Reeves's personal knowledge, possession, custody, or control. Subject to and without waiving these objections, after a reasonable inquiry.*

**Response: See above objection.**

169.    Admit that Defendant Avid Telecom had a Business Relationship with Call48 - HFA Services - Skye Telecom.

*Specific Objections to RFA 169: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Skype. It is her recollection that, among other things, the agreement governing that "Business Relationship" required Skype to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

170.    Admit that Defendant Avid Telecom provided

Compensation to Call48 - HFA Services - Skye Telecom.

*Specific Objections to RFA 170: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no**

**authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to Skype primarily for the transiting of calls delivered to Avid Telecom.**

171.     Admit that, during the course of its Business Relationship with Call48 - HFA Services - Skye Telecom, Defendant Avid Telecom Transmitted calls directly to Call48 HFA Services - Skye Telecom.

*Response to 171: General Objections incorporated by reference. Specific Objections: This RFA is vague and ambiguous (including the undefined terms "Business Relationship" and "Transmitted"), lacks a temporal limitation, and seeks technical/routing information potentially outside Ms. Reeves's personal knowledge.*

**Response: Subject to and without waiving these objections, Ms. Reeves admits that Defendant Avid Telecom transmitted calls directly to Call 48 – HFA Services – Skye Telecom for termination.**

172.     Admit that the files consisting of CDRs produced by Call48 - HFA Services - Skye Telecom to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143620— satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA 172: This RFA seeks a legal conclusion regarding admissibility and evidentiary foundation under Fed. R. Evid. 803(6), concerns third-party records, is vague and overbroad as to the specific "files" at issue, and seeks information outside Ms. Reeves's personal knowledge, possession, custody, or control.*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, after a reasonable inquiry Ms. Reeves lacks sufficient information to admit or deny and therefore denies this RFA pursuant to Fed. R. Civ. P. 36(a)(4).**

173.     Admit that Defendant Avid Telecom had a Business

Relationship with Carrier Connect Corp.

*Specific Objections to RFA 173: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Carrier Connect that, among other things, the agreement governing that "Business Relationship" required Carrier Connect to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

174.     Admit that Defendant Avid Telecom provided

Compensation to Carrier Connect Corp.

*Specific Objections to RFA 174: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to Carrier Connect primarily for the transiting of calls delivered to Avid Telecom.**

175.    Admit that, during the course of its Business Relationship with Carrier Connect Corp, Defendant Avid Telecom Transmitted calls directly to Carrier Connect Corp.

*Specific Objections to 175: This RFA is vague and ambiguous (including the undefined terms "Business Relationship" and "Transmitted"), lacks a temporal limitation, and seeks technical/routing information potentially outside Ms. Reeves's personal knowledge.*

**Response: Subject to and without waiving these objections, Ms. Reeves admits that Defendant Avid Telecom transmitted calls directly to Carrier Connect Corp.**

176.    Admit that the files consisting of CDRs produced by Carrier Connect Corp to the Plaintiff State of North Carolina in Response to a civil investigative

demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003production and which file names are enumerated on AGTF_000143520— satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections 176: This RFA seeks a legal conclusion regarding admissibility and evidentiary foundation under Fed. R. Evid. 803(6), concerns third-party records, is vague and overbroad as to the specific "files" at issue, and seeks information outside Ms. Reeves's personal knowledge, possession, custody, or control.*

**Subject to and without waiving the General Objections and the Specific Objections stated above, after a reasonable inquiry Ms. Reeves lacks sufficient information to admit or deny and therefore denies this RFA pursuant to Fed. R. Civ. P. 36(a)(4).**

177.    Admit that Defendant Avid Telecom had a Business Relationship with Dorial Telecom.

*Specific Objections to RFA 177: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Dorial. It is her recollection that, among other things, the agreement governing that "Business Relationship" required Dorial to represent and warrant to Avid Telecom that all of the traffic**

**that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

178.    Admit that Defendant Avid Telecom provided

Compensation to Dorial Telecom.

*Specific Objections to RFA 178: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to Dorial primarily for the transiting of calls delivered to Avid Telecom.**

179.    Admit that, during the course of its Business Relationship

with Dorial Telecom, Defendant Avid Telecom Transmitted calls directly to

Dorial Telecom.

*Specific Objections to 179: This RFA is vague and ambiguous (including the undefined terms "Business Relationship" and "Transmitted"), lacks a temporal limitation, and seeks technical/routing information potentially outside Ms. Reeves's personal knowledge.*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current**

**recollection, knowledge and belief, Reeves admits that Defendant Avid Telecom transmitted calls directly to Dorial Telecom.**

180.  Admit that the files consisting of CDRs produced by Dorial Telecom to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143621 through AGTF_000143630— satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections 180: This RFA seeks a legal conclusion regarding admissibility and evidentiary foundation under Fed. R. Evid. 803(6), concerns third-party records, is vague and overbroad as to the specific "files" at issue, and seeks information outside Ms. Reeves's personal knowledge, possession, custody, or control.*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that to the best of her current recollection, knowledge and belief, after a reasonable inquiry she lacks sufficient information to admit or deny and therefore denies this RFA pursuant to Fed. R. Civ. P. 36(a)(4).**

181.  Admit that Defendant Avid Telecom had a Business Relationship with G4 Telecom.

*Specific Objections to RFA 181: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with G4. It is my recollection that, among other things, the agreement governing that "Business Relationship" required G4 to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

182.    Admit that Defendant Avid Telecom provided Compensation

to G4 Telecom.

*Specific Objections to RFA 182: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to G4 primarily for the transiting of calls delivered to G4 Telecom.**

183.    Admit that, during the course of its Business Relationship

with G4 Telecom, Defendant Avid Telecom Transmitted calls directly to G4

Telecom.

*Specific Objections 183: This RFA is vague and ambiguous (including the undefined terms "Business Relationship" and "Transmitted"), lacks a temporal limitation, and seeks technical/routing information potentially outside Ms. Reeves's personal knowledge.*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Ms. Reeves admits that Defendant Avid Telecom transmitted calls directly to G4 Telecom.**

184.    Admit that the files consisting of CDRs produced by G4 Telecom to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003production and which file names are enumerated on AGTF_000143639—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections 184: This Request improperly seeks a legal conclusion regarding whether third-party documents satisfy Fed. R. Evid. 803(6)(A)-(C); is vague and ambiguous as to the meaning of "satisfy" and the scope of the "files"; and assumes authentication, foundation, and record-keeping practices of G4 Telecom outside Responding Party's personal knowledge.*

**Response: Subject to and without waiving the foregoing objections, after a reasonable inquiry, the information known or readily obtainable is insufficient to enable Responding Party to admit or deny.**

185.    Admit that Defendant Avid Telecom had a Business Relationship with Inteliquent - Sinch - Neutral Tandem.

*Specific Objections to RFA 185: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Sinch.  It is my recollection that, among other things, the agreement governing that "Business Relationship" required Sinch to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

186.    Admit that Defendant Avid Telecom provided

Compensation to Inteliquent – Sinch – Neutral Tandem.

*Specific Objections to RFA 186: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid**

**Telecom provided Compensation to Sinch primarily for the transiting of calls delivered to Avid Telecom.**

187.    Admit that, during the course of its Business Relationship with Inteliquent Sinch - Neutral Tandem, Defendant Avid Telecom Transmitted calls directly to Inteliquent - Sinch - Neutral Tandem.

*Specific Objections to RFA 187: Reeves objects that this Request as vague and ambiguous (including the undefined terms "Business Relationship," "Transmitted," and "directly").*

**Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief that Defendant Avid Telecom transmitted calls directly to Inteliquent. No admission is made herein as to Sinch or Neutral Tandem.**

188.    Admit that the files consisting of CDRs produced by Inteliquent - Sinch Neutral Tandem to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143509 through AGTF_000143511—satisfy Fed. R. Evid. 803(6)(A)–(C).

**Response: Subject to and without waiving the foregoing objections, after a reasonable inquiry, the information known or readily obtainable is insufficient to enable Responding Party to admit or deny.**

189.     Admit that Defendant Avid Telecom had a Business

Relationship with NGN Latam Corp - Datora Telecom.

*Specific Objections to RFA 189: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Datora. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Datora to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

190.     Admit that Defendant Avid Telecom provided Compensation

to NGN Latam Corp – Datora Telecom.

*Specific Objections to RFA 190: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to NGN primarily for the transiting of calls delivered to Avid Telecom.**

191.    Admit that, during the course of its Business Relationship with NGN Latam Corp - Datora Telecom, Defendant Avid Telecom Transmitted calls directly to NGN Latam Corp - Datora Telecom.

*Specific Objections to RFA 191: The Request combines multiple entities in a single Request and lacks any defined period.*

**Response: Subject to and without waiving the foregoing objections, Responding Party admits that Defendant Avid Telecom transmitted calls directly to NGN Latam Corp – Datora Telecom.**

192.    Admit that the files consisting of CDRs produced by NGN Latam Corp Datora Telecom to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143525 through AGTF_000143544—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA 192: Responding Party objects that the Request is vague, ambiguous, overly broad, and compound, and that it improperly calls for a legal conclusion regarding the admissibility of third-party documents under Fed. R. Evid.*
*803(6). Rights under Fed. R. Civ. P. 26, 33, and 36 are preserved. Specific Objections: The Request assumes facts regarding record-keeping and foundation outside Responding Party's personal knowledge and is unclear as to the scope of the "files."*

**Response: Subject to and without waiving the foregoing objections, after a reasonable inquiry, the information known or readily obtainable is insufficient to admit or deny, and therefore the Request is denied.**

193.     Admit that Defendant Avid Telecom had a Business

Relationship with Peerless Network - Airus.

*Specific Objections to RFA 193: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Airus. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Airus to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

194.     Admit that Defendant Avid Telecom provided Compensation to

Peerless Network – Airus.

*Specific Objections to RFA 194: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to Airus primarily for the transiting of calls delivered to Avid Telecom.**

195.    Admit that, during the course of its Business Relationship with Peerless Network - Airus, Defendant Avid Telecom Transmitted calls directly to Peerless Network - Airus.

*Specific Objections to RFA 195: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that the definition of Transmitted is unclear. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that Defendant Avid Telecom transmitted calls directly to Peerless Network – Airus.**

196.    Admit that the files consisting of CDRs produced by Peerless Network - Airus to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143618—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA 196: Responding Party objects that the Request is vague, ambiguous, overly broad, and compound, and that it improperly calls for a legal conclusion regarding the admissibility of third-party documents under Fed. R. Evid.*
*803(6). Rights under Fed. R. Civ. P. 26, 33, and 36 are preserved. Specific Objections: The Request assumes facts regarding record-keeping and foundation outside Responding Party's personal knowledge and is unclear as to the scope of the "files."*

**Response: Subject to and without waiving the foregoing objections, after a reasonable inquiry, the information known or readily obtainable is insufficient to admit or deny, and therefore the Request is denied.**

197.    Admit that Defendant Avid Telecom had a Business Relationship with PNG Telecomms - PowerNet Global Communications.

*Specific Objections to RFA 197: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current**

**recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with PowerNet. It is my recollection that, among other things, the agreement governing that "Business Relationship" required PowerNet to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

198.    Admit that Defendant Avid Telecom provided Compensation

to PNG Telecomms – PowerNet Global Communications.

*Specific Objections to RFA 198: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to PNG primarily for the transiting of calls delivered to Avid Telecom.**

199.    Admit that, during the course of its Business Relationship

with PNG Telecomms - PowerNet Global Communications, Defendant Avid

Telecom Transmitted calls directly to PNG Telecomms - PowerNet Global

Communications.

*Specific Objections to RFA 199: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that the definition of Transmitted is unclear. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, Defendant Avid Telecom transmitted calls directly to PNG Telecomms – PowerNet Global Communications.**

200.    Admit that the files consisting of CDRs produced by PNG Telecomms PowerNet Global Communications to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143638—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA 200: Responding Party objects that this Request is vague, ambiguous, overly broad, and compound, and that it calls for a legal conclusion regarding admissibility under Fed. R. Evid. 803(6). Rights are preserved under Fed. R. Civ. P. 26, 33, and 36. The Request assumes foundation and authenticity of third-party records outside Responding Party's personal knowledge and is unclear as to the scope of the "files."*

**Response: Subject to and without waiving the foregoing objections, after a reasonable inquiry, the information known or readily obtainable is insufficient to admit or deny, and therefore the Request is denied.**

201.    Admit that Defendant Avid Telecom had a Business Relationship with Qwality Tel.

*Specific Objections to RFA 201: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

202.    Admit that Defendant Avid Telecom provided Compensation to Qwality Tel.

*Specific Objections to RFA 202: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

203.    Admit that, during the course of its Business Relationship with Qwality Tel, Defendant Avid Telecom Transmitted calls directly to Qwality Tel.

**Response:  After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

**Formatted:** Highlight

204.    Admit that the files consisting of CDRs produced by Qwality Tel to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003production and which file names are enumerated on AGTF_000143519— satisfy Fed. R. Evid. 803(6)(A)–(C).

**Response:  After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

205.    Admit that Defendant Avid Telecom had a Business Relationship with Red Telecom LLC.

*Specific Objections to RFA 205: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Red Telecom. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Red Telecom to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and**

**federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

206.    Admit that Defendant Avid Telecom provided

Compensation to Red Telecom LLC.

*Specific Objections to RFA 206: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to Red Telecom primarily for the transiting of calls delivered to Avid Telecom.**

207.    Admit that Defendant Avid Telecom received Compensation

from Red Telecom LLC.

*Specific Objections to RFA 207: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Red Telecom primarily for the transiting of calls delivered to Avid Telecom.**

208.    Admit that, during the course of its Business Relationship with Red Telecom LLC, Defendant Avid Telecom Transmitted calls that it received directly from Red Telecom LLC.

*Specific Objections to RFA 208: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Red Telecom.**

209.    Admit that, during the course of its Business Relationship with Red Telecom LLC, Defendant Avid Telecom Transmitted calls directly to Red Telecom LLC.

*Specific Objections to RFA 209: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.*

*Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Responding Party admits that Defendant Avid Telecom transmitted calls directly to Red Telecom LLC.**

210.    Admit that the files consisting of CDRs produced by Red Telecom to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143521 through AGTF_000143522—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA 210: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, after a reasonable inquiry, the information known or readily obtainable is insufficient to admit or deny, and therefore the Request is denied.**

211.    Admit that Defendant Avid Telecom had a Business Relationship with RingSquared - Magna5 Telecom - NovaTel.

*Specific Objections to RFA 211: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with NovaTel. It is my recollection that, among other things, the agreement governing that "Business Relationship" required NovaTel to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

212.    Admit that Defendant Avid Telecom provided Compensation to

RingSquared – Magna5 Telecom – NovaTel.

*Specific Objections to RFA 212: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid**

**Telecom provided Compensation to NovaTel primarily for the transiting of calls delivered to Avid Telecom.**

213.    Admit that, during the course of its Business Relationship with RingSquared - Magna5 Telecom - NovaTel, Defendant Avid Telecom Transmitted calls directly to RingSquared - Magna5 Telecom - NovaTel.

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Responding Party admits that Defendant Avid Telecom transmitted calls directly to RingSquared – Magna5 Telecom – NovaTel.**

214.    Admit that the files consisting of CDRs produced by RingSquared – Magna5 Telecom - NovaTel to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143594 through AGTF_000143595—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA 214: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, and after a reasonable inquiry, Responding**

**Party lacks knowledge or information sufficient to admit or deny, and on that basis denies. See Fed. R. Civ. P. 36(a)(4).**

215.    Admit that Defendant Avid Telecom had a Business Relationship with

Secure Voice Corp.

**Response:** *Specific Objections to RFA 215: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Secure Voice. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Secure Voice to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

216.    Admit    that    Defendant    Avid    Telecom    provided

Compensation to Secure Voice Corp.

*Specific Objections to RFA 216: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without*

*limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to Secure Voice primarily for the transiting of calls delivered to Avid Telecom.**

217.    Admit that, during the course of its Business Relationship with Secure Voice Corp, Defendant Avid Telecom Transmitted calls directly to Secure Voice Corp.

*Specific Objections to RFA 217: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, that Avid Telecom transmitted calls to Secure Voice Corp.**

218.    Admit that the files consisting of CDRs produced by Secure Voice Corp to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated

Deleted: ¶

on AGTF_000143596 through AGTF_000143617—satisfy Fed. R. Evid. 803(6)(A)–

(C).

*Specific Objections to RFA 218:* Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states after a reasonable inquiry, Responding Party lacks knowledge or information sufficient to admit or deny this RFA, and on that basis denies. See Fed. R. Civ. P. 36(a)(4).**

219.    Admit that Defendant Avid Telecom had a Business Relationship with Talkie Communications - Sonic Systems.

*Specific Objections to RFA 219:* Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Sonic. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Sonic to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal**

**regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

220.    Admit that Defendant Avid Telecom provided Compensation

to Talkie Communications – Sonic Systems.

*Specific Objections to RFA to 220: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to Sonic primarily for the transiting of calls delivered to Avid Telecom.**

221.    Admit that, during the course of its Business Relationship

with Talkie Communications - Sonic Systems, Defendant Avid Telecom

Transmitted calls directly to Talkie Communications - Sonic Systems.

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, admits that that to the best of her current recollection, knowledge and belief, Avid Telecom transmitted calls to Talkie Communications – Sonic Systems.**

222.    Admit that the files consisting of CDRs produced by Talkie

Communications - Sonic Systems to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143631 through AGTF_000143637—satisfy Fed. R. Evid. 803(6)(A)–(C).

**Response: Reeves lacks knowledge or information sufficient to admit or deny, and on that basis denies. See Fed. R. Civ. P. 36(a)(4).**

223.    Admit that Defendant Avid Telecom had a Business Relationship with Telco Connection.

*Specific Objections to RFA 223: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, admits that that to the best of her current recollection, knowledge and belief, , and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Telco Connection. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Telco Connection to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

224.    Admit that Defendant Avid Telecom provided Compensation

to Telco Connection.

*Specific Objections to RFA 224: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to Telco Connection primarily for the transiting of calls delivered to Avid Telecom.**

225.    Admit that, during the course of its Business Relationship

with Telco Connection, Defendant Avid Telecom Transmitted calls directly to

Telco Connection.

*Specific Objections to RFA 225: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, admits that that to the best of her current recollection, knowledge and belief, admits that Avid Telecom transmitted calls to Telco Connection.**

226.    Admit that the files consisting of CDRs produced by Telco Connection to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated onAGTF_000143545 through AGTF_000143551—satisfy Fed. R. Evid. 803(6)(A)– (C).

*Specific Objections to RFA 226: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Reeves lacks knowledge or information sufficient to admit or deny this RFA, and on that basis denies. See Fed. R. Civ. P. 36(a)(4).**

227.    Admit that Defendant Avid Telecom had a Business Relationship with Touchtone Communications.

*Specific Objections to RFA 227: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business**

**Relationship with TouchTone. It is my recollection that, among other things, the agreement governing that "Business Relationship" required TouchTone to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

228.    Admit that Defendant Avid Telecom provided

Compensation to Touchtone Communications.

*Specific Objections to RFA 228: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, admits that that to the best of her current recollection, knowledge and belief, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to TouchTone primarily for the transiting of calls delivered to Avid Telecom.**

229.    Admit that, during the course of its Business Relationship

with Touchtone Communications, Defendant Avid Telecom Transmitted

calls directly to Touchtone Communications.

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that that to the best of her**

**current recollection, knowledge and belief, admits that Avid Telecom transmitted calls to Touchtone Communications.**

230.    Admit that the files consisting of CDRs produced by Touchtone Communications to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143518—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA 230: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Reeves lacks knowledge or information sufficient to admit or deny this RFA, and on that basis denies. See Fed. R. Civ. P. 36(a)(4).**

231.    Admit that Defendant Avid Telecom had a Business Relationship with Verizon.

*Specific Objections to RFA 231: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Verizon. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Verizon to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

232.    Admit that Defendant Avid Telecom provided Compensation to Verizon.

*Specific Objections to RFA 232: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, admits that that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to Verizon primarily for the transiting of calls delivered to Avid Telecom.**

233.    Admit that, during the course of its Business Relationship with Verizon, Defendant Avid Telecom Transmitted calls directly to Verizon.

*Specific Objections to RFA 233: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, admits that that to the best of her current recollection, knowledge and belief, admits that Avid Telecom transmitted calls to Verizon.**

234.    Admit that the files consisting of CDRs produced by Verizon to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143517—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA 234: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Reeves lacks knowledge or information sufficient to admit or deny this RFA, and on that basis denies. See Fed. R. Civ. P. 36(a)(4).**

235.    Admit that Defendant Avid Telecom had a Business Relationship with VoIP Innovations - VoIP Street.

*Specific Objections to RFA 235: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with VoIP St. It is my recollection that, among other things, the agreement governing that "Business Relationship" required VoIP St. to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

236.     Admit that Defendant Avid Telecom provided Compensation

to VoIPInnovations – VoIP Street.

*Specific Objections to RFA 236: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, admits that that to the best of her current recollection, knowledge and belief, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no**

**authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to VoIP St. primarily for the transiting of calls delivered to Avid Telecom.**

237.     Admit that, during the course of its Business Relationship with VoIPInnovations - VoIP Street, Defendant Avid Telecom Transmitted calls directly to VoIP Innovations - VoIP Street.

*Specific Objections to RFA 237: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, admits that that to the best of her current recollection, knowledge and belief, admits that Avid Telecom transmitted calls to VoIP Innovations – VoIP Street.**

238.     Admit that the files consisting of CDRs produced by VoIP Innovations VoIP Street to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143619—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA 238: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.*

*Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Reeves lacks knowledge or information sufficient to admit or deny, and on that basis denies. See Fed. R. Civ. P. 36(a)(4).**

239.     Admit that Defendant Avid Telecom had a Business Relationship with Windstream.

*Specific Objections to RFA 239: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that that to the best of her current recollection, knowledge and belief, , and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Windstream. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Windstream to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

240.     Admit that Defendant Avid Telecom provided Compensation to Windstream.

*Specific Objections to RFA 240: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.*

*Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to Windstream primarily for the transiting of calls delivered to Avid Telecom.**

241. Admit that, during the course of its Business Relationship with Windstream, Defendant Avid Telecom Transmitted calls directly to Windstream.

*Specific Objections to RFA 241: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that that to the best of her current recollection, knowledge and belief, Avid Telecom transmitted calls to Windstream.**

242. Admit that the files consisting of CDRs produced by Windstream to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume

AGTF_VOL003 production and which file names are enumerated on AGTF_000143513 through AGTF_000143516—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA 242: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Reeves lacks knowledge or information sufficient to admit or deny, and on that basis denies.**

243.    Admit that Defendant Avid Telecom had a Business Relationship with XCast Labs.

*Specific Objections to RFA 243: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with XCast.  It is my recollection that, among other things, the agreement governing that "Business Relationship" required XCast to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

244.    Admit that Defendant Avid Telecom provided Compensation to XCast Labs.

*Specific Objections to RFA 244: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to XCast primarily for the transiting of calls delivered to Avid Telecom.**

245.    Admit that, during the course of its Business Relationship with XCast Labs, Defendant Avid Telecom Transmitted calls directly to XCast Labs.

*Specific Objections to RFA 245: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that that to the best of her current recollection, knowledge and belief, admits that Avid Telecom transmitted calls to XCast Labs.**

246.    Admit that the files consisting of CDRs produced by XCast Labs to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003production and which file names are enumerated on AGTF_000143512—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA 246: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  After a reasonable inquiry, Responding Party lacks knowledge or information sufficient to admit or deny, and on that basis denies. See Fed. R. Civ. P. 36(a)(4).**

247.    Telecom had a Business Relationship with John C. Spiller, II.

*Specific Objections to RFA 247: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

248.    Admit that Defendant Avid Telecom had a Business Relationship with John C. Spiller, II, while Mr. Spiller used the pseudonym, Mikel Quinn.

*Specific Objections to RFA 248: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Reeves denies that Defendant Avid Telecom had a Business Relationship with John C. Spiller, II.  After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request as t related to the pseydonym.**

249.    Admit that Defendant Avid Telecom received Compensation from John C. Spiller, II.

*Specific Objections to RFA 249: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Reeves denies that Defendant Avid Telecom received compensation from John C. Spiller, II.**

250.    Admit that Defendant Avid Telecom provided Compensation to John C. Spiller, II.

*Specific Objections to RFA 250: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.*

*Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Reeves denies that Defendant Avid Telecom paid compensation to John C. Spiller, II.**

251. Admit that Defendant Avid Telecom had a Business

Relationship with JSquared Telecom LLC.

*Specific Objections to RFA 251: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

252. Admit that Defendant Avid Telecom received

Compensation from JSquared Telecom LLC.

*Specific Objections to RFA 252: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

253.    Admit that Defendant Avid Telecom provided

Compensation to JSquared Telecom LLC.

*Specific Objections to RFA 253: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

254.    Admit that, during the course of its Business Relationship with

JSquared Telecom LLC, Defendant Avid Telecom Transmitted calls that it

received directly from JSquared Telecom LLC.

*Specific Objections to RFA 254: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the foregoing objections, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from JSquared.**

255.    Admit that Defendant Avid Telecom had a Business Relationship with

Rising Eagle Capital Group LLC.

*Specific Objections to RFA 255: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with RE Capital. It is my recollection that, among other things, the agreement governing that "Business Relationship" required RE Capital to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

256.    Admit that Defendant Avid Telecom received Compensation

from Rising Eagle Capital Group LLC.

*Specific Objections to RFA 256: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from RE Capital primarily for the transiting of calls delivered to Avid Telecom.**

257.    Admit that Defendant Avid Telecom provided

Compensation to Rising Eagle Captial Group LLC.

*Specific Objections to RFA 257: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

258.    Admit that, during the course of its Business Relationship

with Rising Eagle Capital Group LLC, Defendant Avid Telecom Transmitted

calls that it received directly from Rising Eagle Capital Group LLC.

*Specific Objections to RFA 258: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the foregoing objections, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from RE Capital.**

259.    Admit that Defendant Avid Telecom had a Business

Relationship with Great Choice Telecom LLC.

*Specific Objections to RFA 259: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that that to the best of her current recollection, knowledge and belief, , and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with GC Telecom. It is my recollection that, among other things, the agreement governing that "Business Relationship" required GC Telecom to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

260.    Admit that Defendant Avid Telecom received Compensation

from Great Choice Telecom LLC.

*Specific Objections to RFA 260: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set*

*forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from GC Telecom primarily for the transiting of calls delivered to Avid Telecom.**

261.    Admit that Defendant Avid Telecom provided Compensation to Great Choice Telecom LLC.

*Specific Objections to RFA 261: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

262.    Admit that, during the course of its Business Relationship with Great Choice Telecom LLC, Defendant Avid Telecom Transmitted calls that it received directly from Great Choice Telecom LLC.

*Specific Objections to RFA to 262: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.*

*Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that that to the best of her current recollection, knowledge and belief, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from GC Telecom.**

263.    Admit that the files consisting of CDRs produced by

Defendant Avid Telecom to the Plaintiff States of North Carolina and Texas

during the investigation and litigation of John C. Spiller, II—which files were

produced back to Defendants in Plaintiffs' Volume AGTF_VOL003

production and which file names are enumerated on AGTF_000143552

through AGTF_000143593—satisfy Fed. R. Evid. 803(6)(A)– (C).

*Specific Objections to 263: Reeves objects that this RFA calls for a legal conclusion regarding admissibility and satisfaction of evidentiary rules (Fed. R. Evid. 803(6)), is vague and ambiguous as to "files" and their contents, foundation, and authenticity, and is overbroad and compound by referencing multiple productions and enumerations.*

**Response:  After a reasonable inquiry, Responding Party lacks knowledge or information sufficient to admit or deny, and on that basis denies. See Fed. R. Civ. P. 36(a)(4).**

264.    Admit that Defendant Avid Telecom sold, rented and/or leased DIDs to John C. Spiller, II.

*Specific Objections to 264: Reeves objects that this RFA is compound ("sold, rented and/or leased"), vague and ambiguous as to "DIDs," lacks a defined time period, and seeks corporate records beyond Reeves's personal knowledge.*

**Response: Reeves denies that Defendant Avid Telecom sold, rented and/or leased DIDs to John C. Spiller, II.**

265.    Admit that Defendant Avid Telecom sold, rented and/or leased DIDs to Rising Eagle Capital Group LLC.

*Specific Objections to 265: Reeves objects that this RFA is compound ("sold, rented and/or leased"), vague and ambiguous as to "DIDs," lacks a defined time period, and seeks corporate records beyond Reeves's personal knowledge.*

**Response: After a reasonable inquiry, Reeves lacks information sufficient to admit or deny this RFA.**

266.    Admit that Defendant Avid Telecom sold, rented and/or leased DIDs to JSquared Telecom LLC.

*Specific Objections to 266: Reeves objects that this RFA is compound ("sold, rented and/or leased"), vague and ambiguous as to "DIDs," lacks a defined time period, and seeks corporate records beyond Reeves's personal knowledge.*

**Response: After a reasonable inquiry, Reeves lacks information sufficient to admit or deny this RFA.**

267.    Admit that Defendant Avid Telecom sold, rented, and/or leased DIDs to Great Choice Telecom LLC.

*Specific Objections to 267: Reeves objects that this RFA is compound ("sold, rented, and/or leased"), vague and ambiguous as to "DIDs," and lacks a defined time period.*

**Response: Reeves admits that to the best of her current recollection, knowledge and belief Avid Telecom sold, rented, and/or leased DIDs to Great Choice Telecom LLC.**

268.    Admit that You sold, rented and/or leased DIDs to John C. Spiller II.

*Specific Objections to 268: Reeves objects that this RFA is compound ("sold, rented and/or leased"), vague and ambiguous as to "DIDs," and assumes facts not established.*

**Response: Denied.**

269.    Admit that You sold, rented and/or leased DIDs to Rising Eagle Capital Group LLC.

*Specific Objections to 269: Reeves objects that this RFA is compound ("sold, rented and/or leased"), vague and ambiguous as to "DIDs," and assumes facts not established.*

**Response: Subject to and without waiving the General and foregoing Reeves denies the allegation.**

270.    Admit that You sold, rented and/or leased DIDs to JSquared Telecom LLC.

*Specific Objections to 270: Reeves objects that this RFA is compound ("sold, rented and/or leased"), vague and ambiguous as to "DIDs," and assumes facts not established.*

**Response: Subject to and without waiving the General and foregoing Reeves denies the allegation.**

271.    Admit that You sold, rented, and/or leased DIDs to Great Choice Telecom LLC.

*Specific Objections to 271: Reeves objects that this RFA is compound ("sold, rented, and/or leased"), vague and ambiguous as to "DIDs," and assumes facts not established.*

**Response: Subject to and without waiving the General and foregoing Reeves denies the allegation.**

272.    Admit that You knew that John C. Spiller II owned, managed, and/or operated Rising Eagle Telecom LLC.

*Specific Objections to 272; Reeves objects that this RFA is vague and ambiguous as to "knew," lacks a defined timeframe, and calls for facts regarding ownership/management outside Reeves's personal knowledge.*

**Response:  Reeves does not have sufficient ppersonal knowledge regarding the nature or extent of any ownership, management, or operational role that John Spiller had with Rising Eagle to respond to this allegation.**

273.    Admit that You knew that John C. Spiller II owned, managed, and/or operated JSquared Telecom LLC.

**Deleted: :**

*Objections\Response to 273: Reeves objects that this RFA is vague and ambiguous as to "knew," lacks a defined timeframe, and calls for facts regarding ownership/management outside Reeves's personal knowledge.*

**Response: Reeves denies that to the best of her current recollection, knowledge and belief that she had personal knowledge regarding the nature or extent of any ownership, management, or operational role that John Spiller had with JSquared Telecom.**

274.    Admit that You knew that John C. Spiller II owned, managed,

and/or operated Great Choice Telecom LLC.

*Specific Objections to 274: Reeves objects that this RFA is vague and ambiguous as to "knew," lacks a defined timeframe, and calls for facts regarding ownership/management outside Reeves's personal knowledge.*

**Response: Reeves denies that to the best of her current recollection, knowledge and belief that she had personal knowledge regarding the nature or extent of any ownership, management, or operational role that John Spiller had with JSquared Telecom.**

275.    Admit that, on or about June 10, 2020, You were

aware of the enforcement action by the FCC against John C.

Spiller, II.

**Response: After a reasonable inquiry, Reeves lacks information sufficient to admit or deny this RFA.**

276.    Admit that You never purchased a copy of the FTC's National Do Not Call Registry for any single area code.

*Specific Objection to 276: Reeves objects to this request as irrelevant to any issue in the proceeding and unlikely to lead to discoverable evidence.*

**Response: See objection.**

277. Admit that You never purchased a copy of the FTC's

National Do Not Call Registry for all area codes nationwide.

*Specific Objection to 277: Reeves objects to this request as irrelevant to any issue in the proceeding and unlikely to lead to discoverable evidence.*

**Response: See objection.**

278. Admit that You, either directly or through a third-party (e.g.,

a third- party switch provider), have never instituted or implemented any

policies or processes regarding network-level blocking for any calls

Transmitted across Defendant Avid Telecom's network that were sent from

calling numbers that were not assigned or recognized as valid by the North

American Numbering Plan Administrator.

*Specific Objections to 278: Reeves objects that this RFA is compound and overbroad, vague and ambiguous as to "policies or processes regarding network-level blocking," lacks a defined timeframe, and seeks information concerning corporate systems and third-party providers beyond Reeves's personal knowledge.*

**Response: Subject to and without waiving the General and foregoing Specific Objections, Reeves denies that she never instituted policies to block at a network level. Information reasonably available to Reeves demonstrates that**

**Avid Telecom blocked 48,463,779 calls in 2022 that were made with invalid numbers.**

279.     Admit that You, either directly or through a third-party (e.g., a third- party switch provider), never instituted or implemented any policies or processes regarding mitigation practices that resulted in blocking any calls Transmitted across Defendant Avid Telecom's network that were sent from calling numbers that were not assigned or recognized as valid by the North American Numbering Plan Administrator.

**Objections: Response: Subject to and without waiving the General and foregoing Specific Objections, Reeves denies that she never instituted policies to block at a network level. Information reasonably available to Reeves demonstrates that Avid Telecom blocked 48,463,779 calls in 2022 that were made with invalid numbers.**

280.     Admit that Defendant Lansky was the exclusive user of the email address Lansky@avidtelecom.com.

*Specific Objections to 280: Reeves objects that this RFA lacks foundation, seeks information outside her personal knowledge, is vague and ambiguous as to "exclusive user," and assumes facts not established.*

**Response: Subject to and without waiving the General and foregoing Specific Objections, after a reasonable inquiry, Reeves lacks information sufficient to admit or deny this RFA.**

281.    Admit that Defendant Lansky was the primary, if not

exclusive, use of the email address Lansky@avidtelecom.com.

*Specific Objections to 281: Reeves objects that this RFA lacks foundation, seeks information outside her personal knowledge, is vague and ambiguous as to "exclusive user," and assumes facts not established.*

**Response: Subject to and without waiving the General and foregoing Specific Objections, after a reasonable inquiry, Reeves lacks information sufficient to admit or deny this RFA.**

282.    Admit that    Defendant Lansky    used    the    email

address Lansky@avidtelecom.com for business related correspondence

regarding Defendant

Avid Telecom.

*Specific Objections to 282: Reeves objects that this RFA lacks foundation, seeks information outside her personal knowledge, is vague and ambiguous as to "exclusive user," and assumes facts not established.*

**Response: Subject to and without waiving the General and foregoing Specific Objections, after a reasonable inquiry, Reeves admits that she is aware that Lansky used that email address.**

283.    Admit that emails produced to the Plaintiffs that were sent

from, or received by, the email address Lansky@avidtelecom.com are

admissible under Fed.

R.Evid.803(6).

*Specific Objections to 283: Reeves objects that this RFA lacks foundation, seeks information outside her personal knowledge, is vague and ambiguous as to "exclusive user," and assumes facts not established.*

**Response: Reeves lacks sufficient information to respond to this request.**

284.     Admit that Defendant Lansky was the exclusive user of the email address Lansky@avid-telecom.com.

*Specific Objections to 284: Reeves objects that this RFA lacks foundation, seeks information outside her personal knowledge, is vague and ambiguous as to "exclusive user," and assumes facts not established.*

**Response: Subject to and without waiving the General and foregoing Specific Objections, after a reasonable inquiry, Reeves lacks information sufficient to admit or deny this RFA.**

285.   Admit that Defendant Lansky was the primary, if not exclusive, user of

the email address Lansky@avid-telecom.com.

*Specific Objections to 285: Reeves objects that this RFA lacks foundation, seeks information outside her personal knowledge, is vague and ambiguous as to "exclusive user," and assumes facts not established.*

**Response: Subject to and without waiving the General and foregoing Specific Objections, after a reasonable inquiry, Reeves lacks information sufficient to admit or deny this RFA.**

286.   Admit that Defendant Lansky used the email address

Lansky@avidtelecom.com for business related correspondence regarding Defendant

Avid Telecom.

**Response: Subject to and without waiving the General and foregoing Specific Objections, after a reasonable inquiry, Reeves lacks information sufficient to admit or deny this RFA.**

287.    Admit that emails produced to the Plaintiffs that were

sent from, or received by, the email address Lansky@avid-telecom.com are

admissible under Fed.

R. Evid. 803(6).

*Specific Objections to 287: Reeves objects that this RFA calls for a legal conclusion regarding admissibility and the business-records exception under Fed. R. Evid. 803(6), is vague as to the specific emails at issue, and lacks foundation and authentication.*

**Response: See objection.**

288.    Admit that owners, employees, agents, independent contractors,

and/or representatives entitled to act on behalf of Defendant Avid Telecom used the

email address noc@avid-telecom.com.

*Specific Objections to 288: Reeves objects that this RFA calls for a legal conclusion regarding admissibility and the business-records exception under Fed. R. Evid. 803(6), is vague as to the specific emails at issue, and lacks foundation and authentication.*

**Response: See objection.**

289.    Admit that owners, employees, agents, independent

contractors, and/or representatives entitled to act on behalf of Defendant

Avid Telecom used the email address noc@avid-telecom.com for business

related correspondence regarding

Defendant Avid Telecom.

*Specific Objections to 289: Reeves objects that this RFA calls for a legal conclusion regarding admissibility and the business-records exception under Fed. R. Evid. 803(6), is vague as to the specific emails at issue, and lacks foundation and authentication.*

**Response: See objection.**

290.    Admit that emails produced to the Plaintiffs that were sent from, or received by, the email address noc@avid-telecom.com are admissible under Fed. R. Evid. 803(6).

**Response: Reeves does not have information sufficient to respond to this Request.**

291.                Admit that You were the

exclusive            user        of the email        address

Stacey@reeveshouse.net.

*Specific Objections to 291: Object that "exclusive" is vague, absolute, and undefined, and that the RFA lacks any temporal limitation.*

**Response: Subject to and without waiving the General Objections and these Specific Objections, Reeves denies this Request.**

292.   Admit that You were the primary, if not exclusive, user of the email address Stacey@reeveshouse.net.

*Specific Objections to 292: Object that the phrase "primary, if not exclusive" renders the RFA compound and vague, and that it lacks a temporal limitation.*

**Response: Subject to and without waiving the General Objections and these Specific Objections, and after a reasonable inquiry, Reeves admit that she was a user of the email address.**

293.   Admit that You used the email address Stacey@reeveshouse.net, either in whole or in part, for business related correspondence regarding Defendant Avid Telecom.

*Specific Objections to 293: Object that the question is compound, thereby preventing a clear response.*

**Response: See objection**

294.   Admit that emails produced to the Plaintiffs that were sent from, or received by, the email address Stacey@reeveshouse.net are admissible under Fed. R. Evid. 803(6).

*Specific Objections to 294: Object that the Request calls for a legal conclusion.*

**Response: See objection.**

295.     Admit that You were the exclusive user of the

email address Reeves@avidtelecom.com.

**Response: Deny.**

296.   Admit that You were the primary, if not exclusive, user of the email address Reeves@avid-telecom.com.

*Specific Objections to 296: Object that the phrase "primary, if not exclusive" renders the RFA compound and vague, and that it lacks a temporal limitation. Subject to and without waiving the General Objections and these Specific Objections, and after a reasonable inquiry, Responding Party states:*

**Response: Reeves admits that she was a user of the email address Reeves@avid-telecom.com.**

297.     Admit that You used the email address Reeves@avid-telecom.com for

business related correspondence regarding Defendant Avid Telecom.

*Specific Objections to 297: Object that "business related correspondence" is vague and ambiguous and that the RFA lacks a temporal limitation.*

**Response: Reeves admits that she was a user of the email address Reeves@avid-telecom.com for business purposes.**

298.     Admit that emails produced to the Plaintiffs that were sent from, or

received by, the email address Reeves@avid-telecom.com are admissible under Fed. R. Evid. 803(6).

*Specific Objections to 298: Object that the RFA calls for a legal conclusion.*

**Response: See objection.**

299.   Admit that You are the primary, if not exclusive, user of the Skype user id ssreevesms.

*Specific Objections to 299: Object that the phrase "primary, if not exclusive" renders the RFA compound and vague, and that it lacks a temporal limitation.*

**Response: Reeves admits that she was a user of the Skype user ID "ssreevesms".**

300.    Admit that You performed services for the benefit of Defendant Avid Telecom at the direction of Defendant Lansky.

*Specific Objections to 300: Object that the RFA is vague and ambiguous as to "services," "for the benefit," and "at the direction," and lacks a temporal limitation.*

**Response: Subject to and without waiving the General Objections and these Specific Objections, Reeves admits that she performed services for Avid Telecom exclusively as an independent contractor without authority to bind the company and at only at the direction of Michael D. Lansky.**

301.    Admit that You performed services for the benefit of Defendant Avid Telecom at the direction of Defendant Avid Telecom.

*Specific Objections to 301: Object that the RFA is vague and ambiguous as to "services" and "for the benefit," and lacks a temporal limitation.*

**Response: Subject to and without waiving the General Objections and these Specific Objections, Reeves admits that she performed services for Avid Telecom exclusively as an independent contractor without authority to bind the company and at only at the direction of Michael D. Lansky.**

302.     Admit that You held yourself out to Defendant Avid Telecom's customers as the Vice President of Operations and Sales of Defendant Avid Telecom.

*Specific Objections to 302: Object that "held yourself out" is vague, ambiguous, and argumentative, and that the RFA calls for a legal conclusion regarding agency/apparent authority and lacks temporal scope.*

**Response: See objections.**

303.     Admit that Defendant Avid Telecom had the authority to control and/or direct Your actions in the performance of any duties on behalf of Defendant Avid Telecom.

*Specific Objections to 303: Object that "authority to control and/or direct" and "any duties" are vague and ambiguous, and that the RFA calls for a legal conclusion regarding control.*

**Response: See objections.**

304. Admit Defendant Avid Telecom had the authority to control and\or direct Your actions in the performance of any duties on behalf of Defendant Avid Telecom.

305. Admit that You are, or were, an agent of Defendant Avid Telecom.

*Specific Objections to 305: Object that the RFA calls for a legal conclusion regarding "agent" and is vague and ambiguous and lacks a temporal limitation.*

**Response: See objections.**

306.   Admit that You have, or had, the authority to act on behalf of Defendant Avid Telecom.

*Specific Objections to 306: Object that the RFA calls for a legal conclusion regarding "authority to act" and is vague and ambiguous and lacks a temporal limitation.*

**Response: See objections.**

307.   Admit that You have received Compensation from Defendant Avid Telecom

**Response: Admit**

308.   Admit that Defendant Lansky is an agent of Defendant Avid Telecom.

*Specific Objections to 308: Object that the RFA calls for a legal conclusion regarding "agent" and seeks information outside Responding Party's personal knowledge.*

**Response: See objection.**

309.   Admit that Defendant Lansky has authority to act on behalf of

Defendant Avid Telecom.

*Specific Objections to 309: Object that the RFA calls for a legal conclusion regarding "authority to act" and is vague and ambiguous.*

**Response: See objection.**

310.    Admit that Defendant Lansky has received Compensation from

Defendant Avid Telecom.

*Specific Objections to RFA 310: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

RESPECTFULLY SUBMITTED this 23rd day of September 2025.


/s/ Greg L. Taylor
_____
Neil S. Ende
Greg L. Taylor
*Pro Hac Vice*
*Counsel to Michael D. Lansky, LLC*
*dba Avid Telecom Michael D. Lansky*
*and Stacey S. Reeves*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2025, I served the foregoing **DEFENDANT-AVID TELECOM'S RESPONSES TO PLAINTIFFS' FIRST RULE 36 REQUESTS FOR ADMISSION TO AVID TELECOM, LLC** upon Plaintiffs by electronically mailing a copy of the same to their counsel of record as follows:

Tnayer@ncdoj.gov;
Alyse.Meislik@azag.gov;
douglas.swetnam@atg.in.gov;
Dylan.Jones@azag.gov;
erin.leahy@OhioAGO.gov;
john.DillonIV@azag.gov;
Sarah.Pelton@azag.gov;
Thomas.Martindale@atg.in.gov;
rsparko@ncdoj.gov;
lindsay.dawson@AlabamaAG.gov;
Robert.Tambling@AlabamaAG.gov;
Amanda.wentz@arkansasag.gov;
nicklas.akers@doj.ca.gov;
bernard.eskandari@doj.ca.gov
michelle.burkart@doj.ca.gov
rosailda.perez@doj.ca.gov
timothy.lundgren@doj.ca.gov
michel.singernelson@coag.gov;
brendan.flynn@ct.gov;
Ryan.costa@delaware.gov;
adamt2005@gmail.com
dzisook@law.ga.gov;
christopher.ji.leong@hawaii.gov;
james.simeri@ag.idaho.gov;

Nicholas.Smith@ag.ks.gov;
sarah.dietz@ag.ks.gov;
philip.heimlich@ilag.gov;
elizabeth.blackston@ilag.gov;
WilliamsZ@ag.louisiana.gov;
Benjamin.Bellus@ag.iowa.gov;
William.Pearson@ag.iowa.gov;
brendan.oneil@maine.gov;
Michael.devine@maine.gov
hillm19@michigan.gov
pziperman@oag.state.md.us;
bennett.hartz@ag.state.mn.us;
Emily.morgan@ago.ms.gov
james.rankin@ago.ms.gov;
Michael.turi@mass.gov
Carol.guerrero@mass.gov
jeff.koziar@law.njoag.gov
blair.gerold@law.njoag.gov
Anna.schneider@mt.gov;
Andrew.butler@mt.gov;
gary.brollier@nebraska.gov;
**mbadorine@ag.nv.gov**
**rfulghum@ag.nv.gov**
**sfeeley@ag.nv.gov**
**zzheng@ag.nv.gov**
Mary.F.Stewart@doj.nh.gov;
Deepta.Janardhan@law.njoag.gov;
bjimenez@nmag.gov
Sylvia.lanfair@oag.ok.gov
Glenna.goldis@ag.ny.gov;
jordan.m.roberts@doj.state.or.us;
ealm@nd.gov;

mwolfe@attorneygeneral.gov;
bbingle@attorneygeneral.gov
sprovazza@riag.ri.gov;
tyler.corcoran@ag.tn.gov;
David.Shatto@oag.texas.gov;
kmclean@agutah.gov;
alexandrabutler@agutah.gov;
ksimons@scag.gov
James.Layman@vermont.gov;
gward@oag.state.va.us;
austin.ostiguy@ag.tn.gov
Ashley.T.Wentz@wvago.gov;
myszkowskiga@doj.state.wi.us;
zorba.leslie@atg.wa.gov;
cameron.geeting1@wyo.gov;
Benjamin.peterson2@wyo.gov
laura.beckerman@dc.gov
jacobp.ford@ky.gov;
haaslawoffice@gmail.com
sean.saval@myfloridalegal.com
Michael.roland@myfloridalegal.com
fitzgeraldk@michigan.gov;
clindblad@nd.gov;
luke.hawley@ago.mo.gov
eliot.gusdorf@ago.mo.gov

**NOT IN DOCKET**
Laura.Dilweg@azag.gov;
jessica.jasper@ago.ms.gov;
jsakura@nmdoj.gov;
Robert.Carlson@oag.ok.gov
scornaby@agutah.gov

danirobertson@scag.gov;
Alexandra.Kory@atg.wa.gov;
kevin.vermillion@dc.gov;
miles.vaughn@myfloridalegal.com;
matt.hehemann@atg.wa.gov;
Alison.Esbeck@ago.mo.gov;
Zachary.Elam@ago.mo.govstace
khyland@oag.state.md.us (bounceback)
Patrick.crotty@myfloridalegal.com (bounceback)
Joseph.yeoman@atg.in.gov (bounceback)


/s/ Greg L. Taylor
Greg L. Taylor
Neil S. Ende
TECHNOLOGY LAW GROUP
Counsel for Defendant-Avid Telecom, LLC

# Exhibit N

**Pelton, Sarah**

| | |
|---|---|
| **From:** | Greg Taylor <gtaylor@tlgdc.com> |
| **Sent:** | Wednesday, November 26, 2025 2:42 PM |
| **To:** | Erin Leahy; Pelton, Sarah; Neil Ende; Ritesh Warikallamath |
| **Cc:** | 'Nayer, Tracy'; Dillon IV, John; 'Martindale, Thomas L'; 'Sparko, Rochelle'; Emily Dietz; Ashley.Taylor@troutman.com; Virginia Bell Flynn (Virginia.Flynn@troutman.com); Michael.Lacy@troutman.com; Swetnam, Douglas |
| **Subject:** | Re: [AZ v. Avid Telecom] Replacement RFA Responses and Motion to Determine Sufficiency of First RFA Responses |
| **Attachments:** | Reeves RFA Responses (as sent - 11-26-2025).pdf |

Erin:

We have gone through our records and have determined the RFA responses for Defendants Lansky, Avid, and Reeves were produced 9.24.25. We received the attached email from Sarah Pelton October 17th, to advise of deficiencies in the Reeves Responses only (i.e., she did not express any concerns regarding Lansky or Avid).

During the status conference, you mentioned receiving a corrected version to the Reeves responses, and again in your email today. However, it was not clear until after having gone through the paper trail of emails that you are referring to a 2nd Reeves version of RFA responses that were made shortly after initial production and it was determined the responses had some privileged information in the responses. That information was removed and the responses supplemented.

Attached is a revised version of Reeves' RFA responses. Although we do not think our original responses create any material confusion, as a courtesy, we have conformed the first\third person references as we deemed appropriate.

The Lansky and Avid responses were produced in September and as far as we know, you have raised no issue with any of the defendants except Reeves (per Pelton email dated 10.17.25).

We hope this clears up the confusion regarding Defendants' responses.

Best,

Greg Taylor, of Counsel
Technology Law Group, LLC
80 E. Fifth St. | Second Floor | Edmond, OK 73034
T: +1 405.896.2266 | F: +1 405.701.6174
gtaylor@tlgdc.com | Linkedin: Greg Taylor | Twitter: @telcoatty






# Exhibit O

## Pelton, Sarah

| | |
|---|---|
| **From:** | Erin Leahy <erin.leahy@OhioAGO.gov> |
| **Sent:** | Monday, December 1, 2025 9:29 AM |
| **To:** | Greg Taylor; Pelton, Sarah; Neil Ende; Ritesh Warikallamath |
| **Cc:** | 'Nayer, Tracy'; Dillon IV, John; 'Martindale, Thomas L'; 'Sparko, Rochelle'; Emily Dietz; Ashley.Taylor@troutman.com; Virginia Bell Flynn (Virginia.Flynn@troutman.com); Michael.Lacy@troutman.com; Swetnam, Douglas |
| **Subject:** | RE: [AZ v. Avid Telecom] Replacement RFA Responses and Motion to Determine Sufficiency of First RFA Responses |
| **Attachments:** | [AZ v. Avid Telecom] Plaintiffs' Meet and Confer Request Re Defendants' Responses to Plaintiffs' First Set of Requests for Admission |

Greg,

Plaintiffs had no confusion about the fact that the three Defendants served untimely RFA responses on 9/24/2025 with Reeves later providing a corrected version which removed the tracked changes that included purported work product. Any confusion we had on Defendants' untimely RFA responses related to your comments at the status conference. Magistrate Ambri requested information on discovery disputes that have arisen since our discovery briefing. John Dillon raised the fact that Plaintiffs attempted to meet and confer on Defendants' untimely RFAs responses by sending written disputes on 10/17/25 (email attached for reference) and had received no responses from Defendants. Your response to the Magistrate on this issue was that supplemental responses were sent about a month ago and perhaps Plaintiffs had not received them. We responded that we were not aware of any supplementation for the RFAs except for the correction from Reeves. It appears from your response below that you are acknowledging that your representation to the Magistrate was false and that there indeed were no responses or supplemental answers sent in response to our 10/17/2025 meet and confer communication.

It is our understanding that you are now attempting to serve a supplemental response for Def. Reeves with this fourth version. However, it appears the version you attached below is again in tracked changes format and appears to include some work product. (See, Response 303) We assume you will want to serve a corrected version again. With the numerous versions you have sent, we would appreciate your changing the title of the document to reflect the fact that it is a First Supplemental Response and serving with the current date on the certificate of service so that we have a clear record.

Additionally, our 10/17/2025 meet and confer communication clearly address the deficiencies with all three Defendants' untimely RFA responses, not just Def. Reeves. The email unmistakably identifies and addresses the numerous deficiencies in all three defendants' responses to Plaintiffs' First Set of Requests for Admission. (*See* headings titled "Defendants' Responses Rely on Meritless and Boilerplate Objections"; *see also* "Defendants' Responses are Evasive, Vague, and Based on an Unreasonable Reading of Plaintiffs' Requests"; *see also* citations to Defendant Avid Telecom's responses to Requests Nos. 1-290, 294-299, 3-5, 7-11, 14, 18-19, 21-24, 27-29, 31-37, 39-45, 47-105, 107-08, 107-139, 142-54, 156-159 and Defendant Lansky's responses to Requests Nos. 1-157, 159-316, 3-5, 7-11, 14, 18-19, 21-24, 27-29, 31-37, 39-45, 47-55, 56-80, 82-105, 108-139, 142-154, 146-159). It has been six weeks since we raised these objections, and we've received no substantive responses - just the attempt this week to correct the typos/misnumbering. Given our fast approaching discovery deadline, we will move forward with filing motions.

Sincerely,



Erin B. Leahy
Senior Assistant Attorney General
Consumer Protection Section
Office of Ohio Attorney General Dave Yost
30 East Broad St., 14th Floor
Columbus, Ohio 43215

Office number: 614-752-4730
Erin.Leahy@OhioAGO.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

**From:** Greg Taylor <gtaylor@tlgdc.com>
**Sent:** Wednesday, November 26, 2025 4:42 PM
**To:** Erin Leahy <erin.leahy@OhioAGO.gov>; Pelton, Sarah <Sarah.Pelton@azag.gov>; Neil Ende <nende@tlgdc.com>; Ritesh Warikallamath <rwarikallamath@tlgdc.com>
**Cc:** 'Nayer, Tracy' <Tnayer@ncdoj.gov>; Dillon IV, John <John.DillonIV@azag.gov>; 'Martindale, Thomas L' <Thomas.Martindale@atg.in.gov>; 'Sparko, Rochelle' <rsparko@ncdoj.gov>; Emily Dietz <Emily.Dietz@OhioAGO.gov>; Ashley.Taylor@troutman.com; Virginia Bell Flynn (Virginia.Flynn@troutman.com) <virginia.flynn@troutman.com>; Michael.Lacy@troutman.com; Swetnam, Douglas <douglas.swetnam@atg.in.gov>
**Subject:** Re: [AZ v. Avid Telecom] Replacement RFA Responses and Motion to Determine Sufficiency of First RFA Responses

Erin:

We have gone through our records and have determined the RFA responses for Defendants Lansky, Avid, and Reeves were produced 9.24.25.  We received the attached email from Sarah Pelton October 17th, to advise of deficiencies in the Reeves Responses only (i.e., she did not express any concerns regarding Lansky or Avid).

During the status conference, you mentioned receiving a corrected version to the Reeves responses, and again in your email today.  However, it was not clear until after having gone through the paper trail of emails that you are referring to a 2nd Reeves version of RFA responses that were made shortly after initial production and it was determined the responses had some privileged information in the responses.  That information was removed and the responses supplemented.

Attached is a revised version of Reeves' RFA responses.  Although we do not think our original responses create any material confusion, as a courtesy, we have conformed the first\third person references as we deemed appropriate.

The Lansky and Avid responses were produced in September and as far as we know, you have raised no issue with any of the defendants except Reeves (per Pelton email dated 10.17.25).

We hope this clears up the confusion regarding Defendants' responses.

Best,

Greg Taylor, of Counsel

2

Technology Law Group, LLC
80 E. Fifth St. **|** Second Floor **|** Edmond, OK 73034
T: +1 405.896.2266 **|** F: +1 405.701.6174
gtaylor@tlgdc.com **|** Linkedin: Greg Taylor **|** Twitter: @telcoatty






# Exhibit P

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

State of Arizona, ex rel. Kristin K. Mayes )
Attorney General et al. )
                                         )
         Plaintiffs )
                                         )
v. )     Case No. 4:23-cv-00233-EJM
                                       )
Michael D. Lansky, LLC, dba )
Avid Telecom, an Arizona )
Limited Liability Company; )
                                       )
Michel D. Lansky, individually )
As a Member/Manager/Chief )
Executive Officer of Michael D. )
Lansky, LLC dba Avid Telecom; )
and )
                                       )
Stacey S. Reeves, individually as )
a Manager/Vice President of )
Michael D. Lansky LLC dba )
Avid Telecom )
                                       )
        Defendants. )

**<u>FIRST SUPPLEMENTAL RESPONSE OF DEFENDANT STACEY REEVES
TO PLAINTIFFS' FIRST RULE 36 REQUESTS FOR ADMISSION</u>**

Pursuant to Federal Rules of Civil Procedure 36, Defendants, by and through
the undersigned attorneys, hereby provide Supplemental response to the First Rule 36
Requests for Admission ("Requests") of Defendant Stacey S. Reeves.

**<u>OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS</u>**

<u>General Objections</u>

Reeves objects generally to Plaintiffs' Requests for Admission ("RFAs") to the
extent they are vague, ambiguous, overbroad, unduly burdensome, disproportionate to
the needs of the case, compound, assume disputed facts, call for legal conclusions, or
lack a reasonable temporal limitation.

Reeves also objects to the extent any RFA seeks information protected by the
attorney-client privilege, common-interest doctrine, or attorney work-product
doctrine, or seeks confidential/proprietary information of third parties.

Reeves also objects to any definitions, instructions, or assumptions that purport
to impose obligations beyond or inconsistent with the Federal Rules of Civil
Procedure, including Rules 26, 33, and 36.  Notwithstanding the content of any

Response, Reeves does not adopt Plaintiffs' definitions to the extent they are inconsistent with fact, contextually irrelevant an/or they are contrary to governing law.

Reeves responds only in her individual capacity, based on information reasonably available to her after a reasonable inquiry. By providing a Response, Reeves does not concede that the Response is relevant or admissible.

All objections are expressly preserved and incorporated into each Response below. Reeves reserves the right to supplement or amend these Responses as permitted by Rule 26(e).

Subject to and without waiving the foregoing General Objections, Reeves answers the RFAs below based on information presently known and reasonably available to her after a reasonable inquiry. These Responses are made primarily for purposes of this litigation and are not admissions for any other purpose. Reeves reserves the right to assert additional objections, to amend or supplement these Responses as permitted by Fed. R. Civ. P. 26(e), 33, and 36, and to withhold privileged information.

**<u>RESPONSES</u>**

1.      Admit that Defendant Avid Telecom provides, or has provided, Interconnected VoIP Services.

*Specific Objections to RFA No. 1: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request to the extent the Request calls for a legal conclusion based on a specialized definition of "Interconnected VoIP Services". Reeves also objects that this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the service provider. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: See above objection.**

2.      Admit that Defendant Avid Telecom provides, or has provided, Non-Interconnected VoIP Services.

*Specific Objections to RFA No. 2: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request to the extent the Request calls for a legal conclusion based on a specialized definition of "Non-Interconnected VoIP Services". Reeves also objects that this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the service provider. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: See above objection.**

3.      Admit that Defendant Avid Telecom provides, or has provided, VoIP Services to its Upstream Provider customers.

*Specific Objections to RFA No. 3: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "VoIP Services" and "Upstream Provider"). Reeves also objects that this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the service provider. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that she believes, based on her current understanding of the term "Upstream Providers customers" and based on the fact that, as an independent contractor she may not have had full visibility to all of Avid Telecom's services, Avid Telecom provided VoIP Services, as she understands that term, to certain Upstream Provider customers at certain times. Reeves does not have information sufficient to respond to the relationship between Avid Telecom and any Upstream Provider customer; *i.e.,* whether they were "customers" (that term in not defined). It is Reeves' understanding that, as a direct byproduct of the claims set forth in the Complaint, including the false claims alleged in the Complaint, and the widespread publication of those false claims to the industry and to the public, which Plaintiffs knew or should have known would destroy Avid Telecom's business, Avid Telecom ceased providing any services in or about July 2023.**

4.    Admit that Defendant Avid Telecom provides, or has provided, Telephony Services to its Upstream Provider customers.

Specific Objections to RFA No. 4: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request to the extent the Request calls for a legal conclusion based on specialized definitions (*e.g.,* "Upstream Provider") and is directed to Avid Telecom rather than Reeves individually. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that she believes, based on her current understanding of the term "Upstream Providers customers" and based on the fact that, as an independent contractor she may not have had full visibility to all of Avid Telecom's services, Avid Telecom provided Telephony Services, as she understands that term, to certain Upstream Provider customers at certain times. Reeves does not have information sufficient to respond to the relationship between Avid Telecom and any Upstream Provider customer; *i.e.,* whether they were "customers" (that term in not defined). It is Reeves' understanding that, as a direct byproduct of the claims set forth in the Complaint, including the false claims alleged in the Complaint, and the widespread publication of those false claims to the industry and to the public, which Plaintiffs knew or should have known would destroy Avid Telecom's business, Avid Telecom ceased providing any services in or about July 2023.**

       5.    Admit that Defendant Avid Telecom purchases, or has purchased, VoIP Services from its Downstream Provider customers.

*Specific Objections to RFA No. 3: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "VoIP Services" and "Downstream Provider"). Reeves also objects that this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the service provider. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that she believes, based on her current understanding of the term "Downstream Providers customers" and based on the fact that, as an independent contractor she may not have had full visibility to all of Avid Telecom's services, Avid Telecom may have purchased VoIP**

Services, as she understands that term, from certain Downstream Provider customers at certain times. Reeves does not have information sufficient to respond to the relationship between Avid Telecom and any Downstream Provider customers; *i.e.,* whether they were "customers" (that term in not defined). It is Reeves' understanding that, as a direct byproduct of the claims set forth in the Complaint, including the false claims alleged in the Complaint, and the widespread publication of those false claims to the industry and to the public, which Plaintiffs knew or should have known would destroy Avid Telecom's business, Avid Telecom ceased purchasing any services in or about July 2023.

       6.    Admit that Defendant Avid Telecom purchases, or has purchased,

Telephony Services from its Downstream Provider customers.

*Specific Objections to RFA No. 3: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "VoIP Services" and "Downstream Provider"). Reeves also objects that this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the service provider. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that she believes, based on her current understanding of the term "Downstream Providers customers" and based on the fact that, as an independent contractor she may not have had full visibility to all of Avid Telecom's services, Avid Telecom may have purchased Telephony Services, as she understands that term, from certain Downstream Provider customers at certain times. Reeves does not have information sufficient to respond to the relationship between Avid Telecom and any Downstream Provider customers; *i.e.,* whether they were "customers" (that term in not defined). It is Reeves' understanding that, as a direct byproduct of**

the claims set forth in the Complaint, including the false claims alleged in the Complaint, and the widespread publication of those false claims to the industry and to the public, which Plaintiffs knew or should have known would destroy Avid Telecom's business, Avid Telecom ceased purchasing any services in or about July 2023.

7.      Admit that Defendant Avid Telecom specializes in the delivery of

automated calls for its customers.

*Specific Objections to RFA No. 7: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request  is vague and ambiguous (including as to the term "specializes") and argumentative. Reeves also objects that this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the service provider. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, and notwithstanding the improper tense (*i.e.,* "specializes") applied to the Request and based on the fact that, as an independent contractor she may not have had full visibility to all of Avid Telecom's services, as a courtesy, Reeves denies that Avid Telecom ever "specialized" in the delivery of automated calls for its customers (a term which is also not defined). It is Reeves' understanding that, as a direct byproduct of the claims set forth in the Complaint, including the false claims alleged in the Complaint, and the widespread publication of those false claims to the industry and to the public, which Plaintiffs knew or should have known would destroy Avid Telecom's business, Avid Telecom ceased delivering any calls in or about July 2023.**

8.      Admit that Defendant Avid Telecom indicated in its Universal Service

Fund filings with the FCC that it conducted its business in all U.S. states and territories.

*Specific Objections to RFA No. 8: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous (including as to the terms "indicated" and "conducted its business"). Reeves also objects that this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as filing entity. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that she Reeves states that those filings, if any, speak for themselves and that after a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request. Reeves is also unable to respond as the term "Universal Service Fund filing" is not defined nor is it a term that she understands. Notwithstanding the previous, based on the fact that, as an independent contractor and may not have had full visibility to all of Avid Telecom's services, Reeves denies that Avid Telecom actually terminated calls into every state in the United States or its Territories and thus it did not "conduct its business", as she understands that term, as a terminating carrier in any of those states.**

9. Admit that Defendant Avid Telecom has Transmitted calls into, and across, the U.S. Voice Service network.

*Specific Objections to RFA No. 9: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous. Specifically, Reeves objects to the suggestion that Avid Telecom Transmitted calls "into" the U.S. Voice Service network as a false premise as all calls that Avid Telecom allegedly Transmitted were already "in" the U.S. Voice Service network. As such, Reeves Response does not address this false premise. Reeves also objects to this Request as the term "U.S. Voice Service network" is not defined and is not a term generally used in the telecom industry (i.e., there is not a single U.S. Voice Service network. Reeves*

*also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as filing entity. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that she believes, based on her current understanding of the term "Transmitted" and the term "U.S. Voice Service network" and based on the fact that, as an independent contractor she may not have had full visibility to all of Avid Telecom's services, Avid Telecom has Transmitted calls that are associated with U.S. Voice Service network. Reeves denies that Avid Telecom was the party that initially Transmitted any calls "into" the U.S. Voice Service network, that it Transmitted calls to all locations "across" the U.S. Voice Service network and that it ever originated or completed a call associated with the U.S. Voice Service network.**

10.    Admit that You, either directly or through a third-party (*e.g.,* a third-party switch provider), have never instituted or implemented any policies or processes regarding network-level blocking on Defendant Avid Telecom's network for one or more U.S.-based area codes from North American Numbering Plan numbers that would prevent Defendant Avid Telecom from Transmitting calls to called numbers with such area codes.

*Specific Objections to RFA No. 10: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is compound (e.g., "instituted or implemented," "policies or processes," "directly or through a third-party"), vague, and overbroad as to time (using "never"). Reeves also objects to this Request as the term "third party switch provider" is not defined with sufficient specificity to permit a*

*proper response. Reeves also objects to this Request to the extent it calls for the disclosure of attorney-client communications or attorney work product regarding blocking issues. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as filing entity. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that, in my exclusive capacity as an independent contractor, I had any authority to institute or to implement any policies on any issue. Reeves also denies that she "never" instituted or implemented any policies or processes regarding network-level blocking on Defendant Avid Telecom's network for one or more U.S.-based area codes from North American Numbering Plan numbers that prevented Avid Telecom from Transmitting many billions of calls to called numbers and thus also denies the statement on this basis.**

11.     Admit that You, either directly or through a third-party (e.g., a third party switch provider), have never instituted or implemented any policies or processes regarding network-level blocking on Defendant Avid Telecom's network for all U.S.- based area codes from North American Numbering Plan numbers assigned to any one of the Plaintiff States that would prevent Defendant Avid Telecom from Transmitting calls to called numbers for all area codes assigned to that state.

*Specific Objections to RFA No. 11: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is compound, vague, and overbroad as to time (using "never"), and seeks information regarding policies of Avid Telecom*

*beyond Reeves's individual capacity. Reeves also objects to this Request to the extent that it is premised on the unproven and likely false assumption that Avid Telecom transited calls to "all U.S.-based area codes". Reeves further objects to the extent the Request calls for disclosure of privileged attorney-client communications or attorney work product concerning blocking policies. Subject to these objections, see the Response below.*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that, in her exclusive capacity as an independent contractor, she had any authority to institute or to implement any policies on any issue.  Reeves also denies that she "never" instituted or implemented any policies or processes regarding network-level blocking on Defendant Avid Telecom's network for one or more U.S.-based area codes from North American Numbering Plan numbers that prevent Avid Telecom from Transmitting many billions of calls to called numbers and thus also denies the statement on this basis. Reeves is without sufficient information to determine whether Avid Telecom ever received or transited calls "for all U.S.-based area codes" and thus whether it had the opportunity to block such calls.**

12.    Admit that, as an Interconnected VoIP Service provider, Defendant Avid Telecom used broadband internet technology to Transmit calls for its Upstream Provider customers.

*Specific Objections to RFA No. 12: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Reeves also objects to this request of the basis to this Request as it assumes, without basis, that Avid Telecom was an "Interconnected VoIP Service" provider. Reeves also objects to this Request as the term "broadband internet technology" is not defined with sufficient specificity to permit a proper response.  Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to*

*Avid Telecom, as the transiting entity. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that she is unable to Respond in her personal capacity as she does not have the necessary information.**

      13.      Admit that, as a Non-Interconnected VoIP Service provider,

Defendant Avid Telecom used broadband internet technology to Transmit calls

for its Upstream Provider customers.

*Specific Objections to RFA No. 13: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request of the basis to this Request as it assumes, without basis, that Avid Telecom was a "Non-Interconnected VoIP Service" provider and that assumption is directly contrary to the assumption in the previous Request that Avid Telecom was an "Interconnected VoIP Service provider." Reeves also objects to this Request as the term "broadband internet technology" is not defined with sufficient specificity to permit a proper response. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the transiting entity. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that she is unable to Respond in her personal capacity as she does not have the necessary information.**

      14.      Admit that Defendant Avid Telecom was issued at least 329

Traceback notifications from the USTelecom-led Industry Traceback Group.

*Specific Objections to RFA No. 14: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to time and as to the phrase "at least 329," and as to whom "issued" refers (e.g., to Avid Telecom, to a specific person, or to a general inbox). Reeves also objects that this Request on the basis that the term "Tracebacks notifications" is not a term with which she is familiar nor is it commonly used in the telecom industry. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity to which the tracebacks were allegedly issued. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that she Reeves does not have sufficient knowledge to confirm the exact number of "Traceback notifications" Defendant Avid Telecom was issued nor does she have sufficient knowledge to confirm that the Traceback Group was "USTelecom-led. Reeves does have sufficient knowledge to confirm that Avid Telecom responded in a timely manner to each Traceback that it received. Reeves also has sufficient knowledge to confirm that USTelecom is an industry lobbying organization comprised of many entities that compete directly with Avid Telecom and that the "Traceback Group"—which is required by the Traced Act to be an "independent" organization—is instead comprised of many of these same competitors, all of which have a direct economic incentive to impose costs on burdens on Avid Telecom to cripple its ability to compete. Reeves is also aware that it was often the only party that received Tracebacks for calls that were transited by multiple carriers, including carriers that were then members of the Traceback Group. Reeves is also aware that many of the carrier-members of the Traceback Group received far more Tracebacks than Avid Telecom, yet, to her knowledge, have never been the subject of a nationwide complaint.**

15.    Admit that at least a portion of the audio recordings of prerecorded or artificial voice messages associated with Traceback requests received by Defendant Avid Telecom from the USTelecom-led Industry Traceback Group were obtained from the voicemail services of YouMail subscribers.

Specific Objections to RFA No. 15: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request of the basis *to this Request as vague and ambiguous (e.g., "at least a portion"). Reeves objects to this Request because the allegation regarding YouMail lacks foundation and would require Reeves to speculate regarding the third-party sources (including YouMail) of certain unidentified audio recordings that have never been provided to her. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity to which the tracebacks were allegedly issued. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that she does not have sufficient knowledge or information to respond to this Request.**

16.    Admit that at least a portion of the calls referenced in Tracebacks related to Defendant Avid Telecom call traffic were prerecorded or artificial voice messages.

*Specific Objections to RFA No. 16: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request of the basis to this Request as vague and ambiguous as the term "at least a portion" is not defined with sufficient specificity to permit a proper response. Reeves objects to this Request as vague and ambiguous as*

the term "related to Avid Telecom call traffic" is not defined with sufficient specificity to permit a proper response, including whether that term is intended to refer only to Tracebacks sent to Avid Telecom (as referenced in the previous Request) or some other set of Tracebacks. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity to which the tracebacks were allegedly issued. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that she does not have sufficient knowledge or information to respond to this Request.**

17.     Admit that at least a portion of the calls referenced in Tracebacks related to Defendant Avid Telecom call traffic were delivered to voicemail mailboxes.

*Specific Objections to RFA No. 17: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request of the basis to this Request as vague and ambiguous as the term "at least a portion" is not defined with sufficient specificity to permit a proper response. Reeves objects to this Request as vague and ambiguous as the term "related to Avid Telecom call traffic" is not defined with sufficient specificity to permit a proper response, including whether that term is intended to refer only to Tracebacks sent to Avid Telecom (as referenced in the previous Request) or some other set of Tracebacks. Reeves objects to this Request as vague and ambiguous as the term "voice mailboxes" is not defined with sufficient specificity to permit a proper response, including whether that term is intended to refer only to YouMail electronic "voice mailboxes" or to traditional stand-alone home voice mailboxes. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity to which the tracebacks were allegedly issued. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that she does not have sufficient knowledge or information to respond to this Request.**

18.     Admit that a CDR was generated for every call that was

Transmitted over Defendant Avid Telecom's network.

*Specific Objections to RFA No. 18: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is overbroad and unduly burdensome to the extent it seeks an unqualified admission about "every call". Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly Transmitted the calls. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that she does not have sufficient knowledge or information to respond to this Request. to the extent that a Response is possible, Reeves denies the allegation as it is her understanding that where a call was blocked (and, in fact, Avid Telecom blocked billions of calls) a CDR was not created and the call was never Transmitted by Avid Telecom.**

19.     Admit that Defendant Avid Telecom used CDRs to bill for

services it provided to its Upstream Provider customers.

*Specific Objections to RFA No. 19: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is overbroad and unduly burdensome to the extent it seeks an unqualified admission about "every call". Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to*

*Avid Telecom, as the entity which allegedly billed for services. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves was not involved in the billing process and, as an independent contractor, she did not have had full visibility to the billing process. to the extent that a Response is possible, Reeves denies the allegation that Avid Telecom used CDRs to bill for services. It is her understanding that it was the third-party switch used by Avid Telecom generated and used CDRs to bill for services Avid Telecom provided to its Upstream Provider customers.**

20.     Admit that Defendant Avid Telecom Transmitted calls across its network where no other Voice Service Providers had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

*Specific Objections to RFA No. 20: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as vague, overbroad and unduly burdensome to the extent that it is unclear which calls are at issue. Reeves objects that this Request to the extent that it assumes without foundation that Avid Telecom has a "network" and that Avid Telecom transmits calls "across its network" and that it "accepted" calls on that network. Reeves also objects to this Request to the extent that it requires her to agree to the definition of Voice Service Provider that differs from her understanding of that term. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly billed for services. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that, based on**

**her understanding of the term "Voice Service Provider", Reeves denies the allegation.**

    21.  Admit that Defendant Avid Telecom offered rates for its outbound Voice Service that differed based on call duration.

 *Specific Objections to RFA No. 21: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request to the extent that it assumes without foundation that Avid Telecom had a single "Outbound Voice Service". Reeves also objects to this Request to the extent that it requires her to agree to the definition of Voice Service that differs from her understanding of that term. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly billed for services. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

 **Response: Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves was an independent contractor without full visibility to Avid rate plans and that she had no rate setting role or authority, Avid Telecom's rates, like those of most carriers, including most if not all carriers that are members of USTelecom, differed based on a wide variety of factors, including without limitation, the originating location, the terminating location the customer and the call volume. In all instances, however, it is her recollection that the price per minute was always *much higher* for short duration calls (generally 6 seconds or less) than it was for longer duration calls, thereby *discouraging* customers from using Avid Telecom for short duration calls. It is also my recollection that, as a further disincentive to short duration calling on its network, Avid Telecom did not accept traffic that it believed would be more than ten percent (10%) short**

**duration and that it had the right to terminate carriers that delivered traffic at levels above that percentage.**

22.    Admit that Defendant Avid Telecom offered a Voice Service

product that was intended to Transmit only Short Duration Call traffic.

*Specific Objections to RFA No. 22: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request to the extent that it requires her to agree to the definition of Voice Service product that differs from her understanding of that term. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly billed for services. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no rate setting role or authority, Avid Telecom's had rate plans that were specifically designed to transmit Short Duration Call traffic. It is my recollection that the price per minute was always *much higher* for short duration calls (generally less than 6 seconds) than it was for longer duration calls, thereby discouraging customers from using Avid Telecom for short duration calls. It is also my recollection that, as a further disincentive to short duration calling on its network, Avid Telecom did not accept traffic that it believed would be more than ten percent (10%), it penalized carriers that delivered traffic that was more than ten percent (10%) through higher rates and that short duration and that it had the right to terminate carriers that delivered traffic at levels above that percentage.**

23.    Admit that Defendant Avid Telecom had a Business

Relationship with Boomsourcing, LLC.

*Specific Objections to RFA No. 23: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly has the Business Relationship. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Boomsourcing, LLC. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Boomsourcing, LLC to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

24.    Admit that Defendant Avid Telecom has received Compensation from Boomsourcing, LLC.

*Specific Objections to RFA No. 24: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly received the Compensation. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Boomsourcing, LLC primarily for the transiting of calls delivered to Avid Telecom.**

25.     Admit that Defendant Avid Telecom has received Compensation from

Mercury for services that Defendant Avid Telecom provided to Boomsourcing, LLC.

*Specific Objections to RFA No. 25: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly received the Compensation. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that after a reasonable inquiry, the information known or readily obtainable by Reeves is insufficient to enable her to admit or deny this RFA, including because the identity of "Mercury" is unclear and because Defendant Reeves, as an independent contract, did not and does not have access to the information that would allow her to respond. Admit that Defendant Avid Telecom provided Compensation to Boomsourcing, LLC.**

26.     Admit that Defendant Avid Telecom provided Compensation to Boomsourcing, LLC.

*Specific Objections to RFA No. 26: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Reeves*

*also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Compensation. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

27.    Admit that Defendant Avid Telecom provided Telephony

Services to Boomsourcing, LLC.

*Specific Objections to RFA No. 27: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Reeves objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Telephony Services") to which she does not agree.  Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to provide any Telephony Service to Boomsourcing, it is her understanding that Avid Telecom provided Telephony Services to Boomsourcing, pursuant to the terms of an agreement that, among other things, required Boomsourcing to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

28.    Admit that Boomsourcing, LLC was a Non-Provider Customer of Defendant Avid Telecom.

*Specific Objections to RFA No. 28: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Non-Provider Customer") to which she does not agree. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly had the relationship with Boomsourcing, LLC. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that, to the best of her current recollection and based on the information available to her at the time and now, the allegation Boomsourcing, LLC was a Non-Provider Customer of Defendant Avid Telecom.**

29.    Admit that, during the course of its Business Relationship with Boomsourcing, LLC, Defendant Avid Telecom Transmitted calls that it received directly from Boomsourcing, LLC.

*Specific Objections to RFA No. 29: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Reeves also objects to this Request to the extent that it is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly had the Business Relationship with Boomsourcing, LLC. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom transmitted calls it received directly from Boomsourcing, LLC pursuant to the terms of an agreement that, among other things, required Boomsourcing to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

30.     Admit that, during the course of its Business Relationship with Boomsourcing, LLC, Defendant Avid Telecom Transmitted calls that it received from Boomsourcing, LLC where no other Voice Service Providers had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

*Specific Objections to RFA No. 30: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Reeves also objects to this request to the extent that it requires her to respond based on a definition of "Voice Service Provider" to which she does not agree. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies the allegation. Avid Telecom never had a direct relationship with the party that created the content for any call or the party on whose behalf the call was being made. All calls that reached the Avid Telecom network were originated by a party that delivered the call to Avid Telecom from a switch that they owned and/or controlled.**

31.    Admit that, during the course of its Business Relationship with Boomsourcing, LLC, Defendant Avid Telecom Transmitted calls directly to Boomsourcing, LLC.

*Specific Objections to RFA No. 31: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls directly to Boomsourcing.**

32.    Admit that Defendant Avid Telecom had a Business Relationship with Glass Roots Marketing.

*Specific Objections to RFA No. 32: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding**

**that Avid Telecom had a Business Relationship with Glass Roots Marketing. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Glass Roots Marketing to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

   33. Admit that Defendant Avid Telecom has received

Compensation from Glass Roots Marketing.

* Specific Objections to RFA No. 33: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

  **Response: Subject to and without waiving the General Objections and the Specific Objections stated above Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Glass Roots Marketing primarily for the transiting of calls delivered to Avid Telecom.**

   34. Admit that Defendant Avid Telecom provided Compensation

to Glass Roots Marketing.

* Specific Objections to RFA 34: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without*

*limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

35.    Admit that Defendant Avid Telecom provided Telephony

Services to Glass Roots Marketing.

*Specific Objections to RFA No. 35: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Telephony Services") to which she does not agree. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the "Telephony Services". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to provide any Telephony Service to Glass Roots Marketing, it is her understanding that Avid Telecom provided Telephony Services to Glass Roots Marketing, pursuant to the terms of an agreement that, among other things, required Glass Roots Marketing to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

36.    Admit that Glass Roots Marketing was a Non-Provider

Customer of Defendant Avid Telecom.

*Specific Objections to RFA No. 36: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Non-Provider Customer") to which she does not agree. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly had the relationship. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that, to the best of her current recollection and based on the information available to her at the time and now, the allegation Glass Roots Marketing was a Non-Provider Customer of Defendant Avid Telecom.**

37.     Admit that, during the course of its Business Relationship with Glass Roots Marketing, Defendant Avid Telecom Transmitted calls that it received directly from Glass Roots Marketing.

*Specific Objections to RFA No. 37: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly Transmitted the calls. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Glass Roots Marketing.**

38.    Admit that, during the course of its Business Relationship with Glass Roots Marketing, Defendant Avid Telecom Transmitted calls that it received from Glass Roots Marketing where no other Voice Service Providers had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

*Specific Objections to RFA No. 38: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Reeves also objects to this request to the extent that it requires her to respond based on a definition of "Voice Service Provider" to which she does not agree. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies the allegation. Avid Telecom never had a direct relationship with the party that created the content for any call or the party on whose behalf the call was being made. All calls that reached the Avid Telecom network were originated by a party that delivered the call to Avid Telecom from a switch that they owned and/or controlled.**

39.    Admit that, during the course of its Business Relationship with Glass Roots Marketing, Defendant Avid Telecom Transmitted calls directly to Glass Roots Marketing.

*Specific Objections to RFA No. 39: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Reeves also objects to this Request to the extent is directed*

*to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly Transmitted the calls. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies the allegation.**

40.    Admit that Defendant Avid Telecom had a Business Relationship with Zealous Services, Inc.

*Specific Objections to RFA No. 40 : Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly had the Business Relationship. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Zealous Services. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Zealous Services to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

41.    Admit that Defendant Avid Telecom has received

Compensation from Zealous Services, Inc.

*Specific Objections to RFA No. 41: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly received the compensation. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from** Zealous Services **primarily for the transiting of calls delivered to Avid Telecom.**

42.    Admit that Defendant Avid Telecom provided Compensation to Zealous Services, Inc.

*Specific Objections to RFA 42 Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Compensation. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

43.    Admit that Defendant Avid Telecom provided Telephony Services to

Zealous Services, Inc.

*Specific Objections to RFA 43: Reeves objects to this request as irrelevant to the issues in this case, as written, and unlikely to lead to the discovery of relevant evidence. Reeves also objects that this Request to the extent that the Request calls for a legal conclusion based on specialized definitions (e.g., "Telephony Services") to which he does not agree. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services.*

**Response: Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that, to the best of her current recollection and based on the information available to her at the time and now, Avid Telecom provided telephony services to Zealous Services, Inc.**

44.    Admit that Zealous Services, Inc. was a Non-ProviderCustomer of Defendant Avid Telecom.

*Specific Objections to RFA No. 44: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Non-Provider Customer") to which she does not agree. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly has the relationship. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Response: Subject to and without waiving the General Objections and the Specific Objections stated above, to the best of her current recollection and based on the information available to her at the time and now, Reeves admits that the data available at the time indicated that Zealous Services. did not meet all of the criteria Plaintiffs set forth the definition.**

45.     Admit that, during the course of its Business Relationship with Zealous Services, Inc., Defendant Avid Telecom Transmitted calls that it received directly from Zealous Services, Inc.

*Specific Objections to RFA No. 45: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly has the Business Relationship. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, to the best of her current recollection and based on the information available to her at the time and now, Reeves admits that to the best of her current recollection, knowledge and belief Glass Roots Marketing delivered calls directly to Avid Telecom.**

46.     Admit that, during the course of its Business Relationship with Zealous Services, Inc., Defendant Avid Telecom Transmitted calls that it received from Zealous Services, Inc. where no other Voice Service Providers had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

*Specific Objections to RFA 46: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Reeves also objects to this request to the extent that it requires her to respond based on a definition of "Voice Service Provider" to which she does not agree.*

*Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies the allegation. Avid Telecom never had a direct relationship with the party that created the content for any call or the party on whose behalf the call was being made. All calls that reached the Avid Telecom network were originated by a party that delivered the call to Avid Telecom from a switch that they owned and/or controlled.**

47.     Admit that, during the course of its Business Relationship with Zealous Services, Inc., Defendant Avid Telecom Transmitted calls directly to Zealous Services, Inc.

*Specific Objections to RFA 47: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls directly to Zealous Services.**

48.     Admit that Defendant Avid Telecom had a Business Relationship with SipNav.

*Specific Objections to RFA 48: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.*

*Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with SipNav. It is my recollection that, among other things, the agreement governing that "Business Relationship" required SipNav to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

49.     Admit that Defendant Avid Telecom provided

Compensation to SipNav.

*Specific Objections to RFA 49: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to SipNav primarily for providing switch services to Avid Telecom.**

50.    Admit that Defendant Avid Telecom had a Business
Relationship with Dean Hansen.

*Specific Objections to RFA 50: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

51.    Admit that Defendant Avid Telecom has received
Compensation from Dean Hansen.

*Specific Objections to RFA 51: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Reeves is insufficient to enable her to admit or deny this request.**

52.    Admit that Defendant Avid Telecom provided
Compensation to Dean Hansen.

*Specific Objections to RFA 52: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.*

*Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Reeves is insufficient to enable her to admit or deny this request.**

53.      Admit that Defendant Avid Telecom had a Business

Relationship with Scott Presta.

*Specific Objections to RFA 53: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

54.    Admit that Defendant Avid Telecom provided Compensation to Scott Presta.

*Specific Objections to RFA 54: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Reeves is insufficient to enable her to admit or deny this request.**

55.     Admit that Defendant Avid Telecom had a Business

Relationship with Airespring.

*Specific Objections to RFA 55: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Airespring. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Airespring to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

56.     Admit that Defendant Avid Telecom has received

Compensation from Airespring.

*Specific Objections to RFA 56: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Airespring primarily for the transiting of calls delivered to Avid Telecom.**

57.    Admit that, during the course of its Business Relationship with Airespring, Defendant Avid Telecom Transmitted calls that it received directly from Airespring.

*Specific Objections to RFA 57: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the foregoing objections, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Airespring.**

58.    Admit that Defendant Avid Telecom had a Business Relationship with AllClear Connect.

*Specific Objections to RFA 58: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with AllClear Connect. It is my recollection that, among other things, the agreement governing that "Business Relationship" required AllClear Connect to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

59.    Admit that Defendant Avid Telecom has received

Compensation from AllClear Connect.

*Specific Objections to RFA 59: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from AllClear Connect primarily for the transiting of calls delivered to Avid Telecom.**

60.     Admit that, during the course of its Business Relationship with

AllClear Connect, Defendant Avid Telecom Transmitted calls that it received

directly from AllClear Connect.

*Specific Objections to RFA 60: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from AllClear Connect.**

61.     Admit that Defendant Avid Telecom had a Business

Relationship with Autelecom LLC.

*Specific Objections to RFA 61: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Autelecom.  It is my**

recollection that, among other things, the agreement governing that "Business Relationship" required Autelecom to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocall.

62.    Admit that Defendant Avid Telecom has received

Compensation from Autelecom LLC.

*Specific Objections to RFA 62: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Autelecom primarily for the transiting of calls delivered to Avid Telecom.**

63.    Admit that, during the course of its Business Relationship

with Autelecom LLC, Defendant Avid Telecom Transmitted calls that it

received directly from Autelecom LLC.

*Specific                 Objections                 to                 RFA                 63
Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business*

*Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Autelecom.**

64.      Admit that Defendant Avid Telecom had a Business

Relationship with BestiumPro.

*Specific Objections to RFA 64: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Bestium Pro. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Bestium Pro to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

65.      Admit that Defendant Avid Telecom has received

Compensation from BestiumPro.

*Specific Objections to RFA 65: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Bestium Pro primarily for the transiting of calls delivered to Avid Telecom.**

66. Admit that, during the course of its Business Relationship with BestiumPro, Defendant Avid Telecom Transmitted calls that it received directly from BestiumPro.

*Specific Objections to RFA 66: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Bestium Pro.**

67. Admit that Defendant Avid Telecom had a Business Relationship with

Connexum LLC.

*Specific Objections to RFA 67: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Connexum. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Connexum to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

68. Admit that Defendant Avid Telecom has received Compensation from

Connexum LLC.

*Specific Objections to RFA 68: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no**

**authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Connexum primarily for the transiting of calls delivered to Avid Telecom.**

69.    Admit that, during the course of its Business Relationship with Connexum LLC, Defendant Avid Telecom Transmitted calls that it received directly from Connexum LLC.

*Specific Objections to RFA 69: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Connexum**

*70.* Admit that Defendant Avid Telecom had a Business Relationship with Contact Center Specialists LLC.

*Specific Objections to RFA 70: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Contact Center Specialists. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Contact Center Specialists to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

71. Admit that Defendant Avid Telecom has received Compensation from

Contact Center Specialists LLC.

*Specific Objections to RFA 71: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Contact Center Specialists primarily for the transiting of calls delivered to Avid Telecom.**

72.      Admit that, during the course of its Business Relationship with Contact Center Specialists LLC, Defendant Avid Telecom Transmitted calls that it received directly from Contact Center Specialists LLC.

*Specific Objections to RFA 72: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Contact Center Specialists. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Contact Center Specialists to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

73.      Admit that Defendant Avid Telecom had a Business Relationship with DID Central.

*Specific Objections to RFA 73: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from DID Central.**

*74.* Admit that Defendant Avid Telecom has received Compensation from DID Central.

*Specific Objections to RFA 74: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from DID Central primarily for the transiting of calls delivered to Avid Telecom**

75. Admit that, during the course of its Business Relationship with DID Central, Defendant Avid Telecom Transmitted calls that it received directly from DID Central.

*Specific Objections to RFA 75: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term*

*"Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with DID Central. It is my recollection that, among other things, the agreement governing that "Business Relationship" required DID Central to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls**

*76.* Admit that Defendant Avid Telecom had a Business Relationship with Digital Media Solutions LLC.

*Specific Objections to RFA 76: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Digital Media Solutions. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Digital Media Solutions to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

77. Admit that Defendant Avid Telecom has received Compensation from

Digital Media Solutions LLC. for the provision of Voice Services.

*Specific Objections to RFA 77: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Digital Media Solutions primarily for the transiting of calls delivered to Avid Telecom.**

78. Admit that Defendant Avid Telecom has received Compensation from

Digital Media Solutions LLC. for the provision of Telephony Services.

*Specific Objections to RFA 78: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current**

**recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Digital Media Solutions primarily for the transiting of calls delivered to Avid Telecom.**

79.    Admit that Digital Media Solutions LLC is not a Voice Service Provider.

*Specific Objections to RFA No. 79: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Non-Provider Customer") to which she does not agree. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that, to the best of her current recollection and based on the information available to her at the time and now, the allegation DMS, LLC was a Non-Provider Customer of Defendant Avid Telecom.**

80.    Admit that Digital Media Solutions LLC is not a

provider of Telephony Service.

*Specific Objections to RFA No. 80: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Non-Provider Customer") to which she does not agree. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that, to the best of her current**

**recollection and based on the information available to her at the time and now, the allegation DMS, LLC was a Non-Provider Customer of Defendant Avid Telecom.**

81. Admit that, during the course of its Business Relationship with Digital Media Solutions LLC, Defendant Avid Telecom Transmitted calls from Digital Media Solutions LLC where no other Voice Service Provider had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

*Specific Objections to RFA No. 81: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Reeves also objects to this request to the extent that it requires her to respond based on a definition of "Voice Service Provider" to which she does not agree. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies the allegation. Avid Telecom never had a direct relationship with the party that created the content for any call or the party on whose behalf the call was being made. All calls that reached the Avid Telecom network were originated by a party that delivered the call to Avid Telecom from a switch that they owned and/or controlled.**

82. Admit that Defendant Avid Telecom had a Business Relationship with Global Voicecom.

*Specific Objections to RFA 82: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.*

*Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Global Voicecom. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Global Voicecom to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

83. Admit that Defendant Avid Telecom has received Compensation from

Global Voicecom.

*Specific Objections to RFA 83: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Global Voicecom primarily for the transiting of calls delivered to Avid Telecom.**

84.     Admit that, during the course of its Business Relationship with Global Voicecom, Defendant Avid Telecom Transmitted calls that it received directly from Global Voicecom.

*Specific Objections to RFA 84: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Global Voicecom.**

85.     Admit that Defendant Avid Telecom had a Business Relationship with Great Lakes Communication.

*Specific Objections to RFA 85: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Great Lakes**

**Communications. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Great Lakes Communications to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

86.    Admit that Defendant Avid Telecom has received

Compensation from Great Lakes Communication.

*Specific Objections to RFA 86: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Great Lakes Communications primarily for the transiting of calls delivered to Avid Telecom.**

87.    Admit that, during the course of its Business Relationship

with Great Lakes Communication, Defendant Avid Telecom Transmitted

calls that it received directly from Great Lakes Communication.

*Specific Objections to RFA 87: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.*

*Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Great Lakes Communications.**

88.    Admit that Defendant Avid Telecom had a Business Relationship with Icon Global Services.

*Specific Objections to RFA 88: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with IGS. It is my recollection that, among other things, the agreement governing that "Business Relationship" required IGS to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

89.    Admit that Defendant Avid Telecom has received Compensation from

Icon Global Services.

*Specific Objections to RFA 89: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from IGS primarily for the transiting of calls delivered to Avid Telecom.**

90.    Admit that, during the course of its Business Relationship with Icon Global Services, Defendant Avid Telecom Transmitted calls that it received directly from Icon Global Services.

*Specific Objections to RFA 90: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from IGS.**

91.    Admit that Defendant Avid Telecom had a Business Relationship with

Virtual Telecom/Mobi Telecom LLC.

*Specific Objections to RFA 91: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Virtual/Mobi. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Virtual/Mobi to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

92.     Admit that Defendant Avid Telecom has received Compensation from

Virtual Telecom/Mobi Telecom LLC.

*Specific Objections to RFA 92: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Subject to and without waiving the General Objections and the Specific Objections stated above Reeves admits that to the**

**best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Virtual/Mobi primarily for the transiting of calls delivered to Avid Telecom.**

93.    Admit that, during the course of its Business Relationship with Virtual Telecom/Mobi Telecom LLC, Defendant Avid Telecom Transmitted calls that it received directly from Virtual Telecom/Mobi Telecom LLC.

*Specific Objections to RFA 93: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Virtual/Mobi.**

94.    Admit that Defendant Avid Telecom had a Business Relationship with Modok Telecom.

*Specific Objections to RFA 94: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Virtual/Mobi. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Modok to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

95.     Admit that Defendant Avid Telecom has received Compensation from

Modok Telecom.

*Specific Objections to RFA 95: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Modok primarily for the transiting of calls delivered to Avid Telecom.**

96.    Admit that, during the course of its Business Relationship with Modok Telecom, Defendant Avid Telecom Transmitted calls that it received directly from Modok Telecom.

*Specific Objections to RFA 96: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Modok.**

97.    Admit that You have received Compensation from Modok Telecom, whether or not such Compensation was received before or during the Relevant Period.

*Specific Objections to RFA 97: The Request is vague and ambiguous as to the undefined terms "Compensation" and "Relevant Period," and is overbroad in temporal scope. Subject to and without waiving the foregoing, and after a reasonable inquiry under FRCP 36(a)(4), the foregoing qualified admission is made*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits to having received compensation from Modok Telecom while serving as an independent contractor for Modok Telecom from September 2017 to June 2020.**

98.    Admit that You previously worked for Modok Telecom at a time

during which Sumco Panama was a customer of Modok.

*Specific Objections to RFA 98: The Request is vague and ambiguous as to "worked for" and assumes facts regarding the status/timing of Sumco Panama's customer relationship. Subject to and without waiving the foregoing, and after a reasonable inquiry under FRCP 36(a)(4), the foregoing qualified admission is made.*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits working as an independent contractor for Modok Telecom at a time during which Sumco Panama was a customer of Modok.**

99.     Admit that Defendant Avid Telecom had a Business

Relationship with NGL Communications LLC.

*Specific Objections to RFA 99: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with NGL. It is my recollection that, among other things, the agreement governing that "Business Relationship" required NGL to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

100.    Admit that Defendant Avid Telecom has received Compensation from NGL Communications LLC.

*Specific Objections to RFA 100: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from NGL primarily for the transiting of calls delivered to Avid Telecom.**

101.    Admit that, during the course of its Business Relationship with NGL Communications LLC, Defendant Avid Telecom Transmitted calls that it received directly from NGL Communications LLC.

*Specific Objections to RFA 101: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now,**

**that Defendant Avid Telecom Transmitted calls that it received directly from NGL.**

102.    Admit that Defendant Avid Telecom had a Business Relationship with

Perfect Pitch Technology, LLC.

*Specific Objections to RFA 102: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with PP Technology. It is my recollection that, among other things, the agreement governing that "Business Relationship" required PP Technology to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

103.    Admit that Defendant Avid Telecom has received Compensation from

Perfect Pitch Technology, LLC.

*Specific Objections to RFA 103: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without*

*limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from PP Technology primarily for the transiting of calls delivered to Avid Telecom.**

104.    Admit that Defendant Avid Telecom provided

Compensation to Perfect Pitch Technology, LLC.

*Specific Objections to RFA 104: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that after a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

105.    Admit that Defendant Avid Telecom provided Telephony

Services to Perfect Pitch Technology, LLC.

*Specific Objections to RFA 105: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects that this Request to the extent the Request calls for a legal conclusion*

*based on specialized definitions (e.g., "Telephony Services") to which she does not agree. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to provide any Telephony Service to PP Technology, it is her understanding that Avid Telecom provided "Telephony Services" to PP Technology, pursuant to the terms of an agreement that, among other things, required PP Technology to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

106.    Admit that Perfect Pitch Technology, LLC was a

Non-Provider Customer of Defendant Avid Telecom.

*Specific Objections to RFA No. 106: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Non-Provider Customer") to which she does not agree. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that, to the best of her current recollection and based on the information available to her at the time and now, the allegation PP Technology was a Non-Provider Customer of Defendant Avid Telecom.**

107.    Admit that, during the course of its Business Relationship with Perfect Pitch Technology, LLC, Defendant Avid Telecom Transmitted calls that it received directly from Perfect Pitch Technology, LLC.

*Specific Objections to RFA 107: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from PP Technology.**

108.    Admit that, during the course of its Business Relationship with Perfect Pitch Technology, LLC, Defendant Avid Telecom Transmitted calls that it received from Perfect Pitch Technology, LLC where no other Voice Service Providers had Transmitted the call before it was accepted on Defendant Avid Telecom's network.

*Specific Objections to RFA No 108: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Reeves also objects to this request to the extent that it requires her to respond based on a definition of "Voice Service Provider" to which she does not*

*agree. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies the allegation. Avid Telecom never had a direct relationship with the party that created the content for any call or the party on whose behalf the call was being made. All calls that reached the Avid Telecom network were originated by a party that delivered the call to Avid Telecom from a switch that they owned and/or controlled.**

109.    Admit that, during the course of its Business Relationship with

Perfect Pitch Technology, LLC, Defendant Avid Telecom Transmitted calls

directly to Perfect Pitch Technology, LLC.

*Specific Objections to RFA 109: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that after a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request**

110.    Admit that Defendant Avid Telecom had a Business Relationship with

R Squared / 200 Networks.

*Specific Objections to RFA 110: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves*

*also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that after a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request**

111. Admit that Defendant Avid Telecom has received Compensation from

R Squared / 200 Networks.

*Specific Objections to RF 111: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that after a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

112.    Admit that, during the course of its Business Relationship with R Squared / 200 Networks, Defendant Avid Telecom Transmitted calls that it received directly from R Squared / 200 Networks.

*Specific Objections to RFA 112: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from R Squared.**

113.    Admit that Defendant Avid Telecom had a Business Relationship with Sipnex Telecom LLC.

*Specific Objections to RFA 113: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Sipnex. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Sipnex to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

114.    Admit that Defendant Avid Telecom has received Compensation from Sipnex Telecom LLC.

*Specific Objections to RFA 114: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Sipnex primarily for the transiting of calls delivered to Avid Telecom.**

115.    Admit that, during the course of its Business Relationship with Sipnex Telecom LLC, Defendant Avid Telecom Transmitted calls that it received directly from Sipnex Telecom LLC.

*Specific Objections to RFA 115: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Sipnex.**

116.    Admit that Defendant Avid Telecom had a Business Relationship with StrategicIT.

*Specific Objections to RFA 116: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that after a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

117.    Admit that Defendant Avid Telecom has received Compensation from StrategicIT.

*Specific Objections to RFA 117: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that after a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

118.    Admit that, during the course of its Business Relationship with StrategicIT, Defendant Avid Telecom Transmitted calls that it received directly from StrategicIT.

*Specific Objections to RFA 118: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that after a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

119.    Admit that Defendant Avid Telecom had a Business Relationship with

TCA VoIP / Telecom Carrier Access / TeleSpan.

*Specific Objections to RFA 119: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

120.    Admit that Defendant Avid Telecom received Compensation from TCA VoIP / Telecom Carrier Access / TeleSpan.

*Specific Objections to RFA 120: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

121.    Admit that, during the course of its Business Relationship with TCA VoIP / Telecom Carrier Access / TeleSpan, Defendant Avid Telecom Transmitted calls that it received directly from TCA VoIP / Telecom Carrier Access / TeleSpan.

*Specific Objections to RFA 121: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that after a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

122.    Admit that Defendant Avid Telecom had a Business

Relationship with Telcast Network / Voovertel.

*Specific Objections to RFA 122: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Voovertel. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Voovertel to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

123.    Admit that Defendant Avid Telecom received Compensation

from Telcast Network / Voovertel.

*Specific Objections to RFA 123: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Voovertel primarily for the transiting of calls delivered to Avid Telecom.**

124.     Admit that, during the course of its Business Relationship with Telcast Network / Voovertel, Defendant Avid Telecom Transmitted calls that it received directly from Telcast Network / Voovertel.

*Specific Objections to RFA 124: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Voovertel.**

125.     Admit that Defendant Avid Telecom had a Business Relationship with Telesero / Fiducia.

*Specific Objections to RFA 125: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term*

*"Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that after a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

126.    Admit that Defendant Avid Telecom has received Compensation from Telesero / Fiducia.

*Specific Objections to RFA 126: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that after a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

127.    Admit that, during the course of its Business Relationship with Telesero / Fiducia, Defendant Avid Telecom Transmitted calls that it received directly from Telesero / Fiducia.

*Specific Objections to RFA 127: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business*

*Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that after a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

128.    Admit that Defendant Avid Telecom had a Business

Relationship with Tellza / Phonetime / Matchcom.

*Specific Objections to RFA 128: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Matchcom. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Matchcom to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

129.    Admit that Defendant Avid Telecom has received

Compensation from Tellza / Phonetime / Matchcom.

*Specific Objections to RFA 129: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Matchcom primarily for the transiting of calls delivered to Avid Telecom.**

130.    Admit that, during the course of its Business Relationship with Tellza / Phonetime / Matchcom, Defendant Avid Telecom Transmitted calls that it received directly from Tellza / Phonetime / Matchcom.

*Specific Objections to RFA 130: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Matchcom.**

131.    Admit that Defendant Avid Telecom had a Business Relationship with Third Rock Telecom.

*Specific Objections to RFA 131: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Third Rock. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Third Rock to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

132.    Admit that Defendant Avid Telecom has received Compensation from Third Rock Telecom.

*Specific Objections to RFA 132: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Third Rock primarily for the transiting of calls delivered to Avid Telecom.**

133.     Admit that, during the course of its Business Relationship with Third Rock Telecom, Defendant Avid Telecom Transmitted calls that it received directly from Third Rock Telecom.

*Specific Objections to RFA 133: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Third Rock.**

134.     Admit that Defendant Avid Telecom had a Business Relationship with TouchTone.

*Specific Objections to RFA 134: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term*

*"Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with TouchTone. It is my recollection that, among other things, the agreement governing that "Business Relationship" required TouchTone to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

135.    Admit that Defendant Avid Telecom has received Compensation from TouchTone.

*Specific Objections to RFA 135: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from TouchTone primarily for the transiting of calls delivered to Avid Telecom.**

136.    Admit that, during the course of its Business Relationship with TouchTone, Defendant Avid Telecom Transmitted calls that it received directly from TouchTone.

*Specific Objections to RFA 136: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from TouchTone.**

137.    Admit that Defendant Avid Telecom had a Business Relationship with Trixcom / Vibtree Technologies, LLC.

*Specific Objections to RFA 137: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Vibtree. It is my recollection**

**that, among other things, the agreement governing that "Business Relationship" required Vibtree to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

138. Admit that Defendant Avid Telecom has received

Compensation from Trixcom / Vibtree Technologies, LLC.

*Specific Objections to RFA 138: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that after a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

139. Admit that, during the course of its Business Relationship with Trixcom

/ Vibtree Technologies, LLC, Defendant Avid Telecom Transmitted calls that it

received directly from Trixcom / Vibtree Technologies, LLC.

*Specific Objections to RFA 139: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that after a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

140.    Admit that Defendant Avid Telecom had a Business

Relationship with Urth Access, LLC.

*Specific Objections to RFA 140: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Urth. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Urth to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

141.    Admit that Defendant Avid Telecom has received

Compensation from Urth Access, LLC.

*Specific Objections to RFA 141: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.*

*Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Urth primarily for the transiting of calls delivered to Avid Telecom.**

142.    Admit that Defendant Avid Telecom received Compensation from Tracto, LLC. for service provided by Defendant Avid Telecom to Urth Access, LLC.

*Specific Objections to RFA 142: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Subject to and without waiving the General Objections and the Specific Objections stated above Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Urth primarily for the transiting of calls delivered to Avid Telecom.**

143.    Admit that Defendant Avid Telecom received Compensation from Creditum, LLC. for service provided by Defendant Avid Telecom to Urth Access, LLC.

*Specific Objections to RFA 143: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Subject to and without waiving the General Objections and the Specific Objections stated above Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Urth primarily for the transiting of calls delivered to Avid Telecom.**

144.    Admit that, during the course of its Business Relationship with Urth Access, LLC, Defendant Avid Telecom Transmitted calls that it received directly from Urth Access, LLC.

*Specific Objections to RFA 144: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Urth.**

145.    Admit that Defendant Avid Telecom had a Business Relationship with VOIP Terminator / BL Marketing.

*Specific Objections to RFA 145: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admit that Defendant Avid Telecom had a Business Relationship with VOIP Terminator/BL Marketing, but Reeves was not an independent contractor for Avid Telecom during the time the Business Relationship was active.**

146.    Admit that Defendant Avid Telecom has received Compensation from VOIP Terminator / BL Marketing.

*Specific Objections to RFA 146: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that she does not have the information required to respond to this request.**

147.    Admit that, during the course of its Business Relationship with

VOIP Terminator / BL Marketing, Defendant Avid Telecom Transmitted calls

that it received directly from VOIP Terminator / BL Marketing.

*Specific Objections to RFA 147: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that she does not have the information required to respond to this request.**

148.    Admit that Defendant Avid Telecom had a Business

Relationship with Vultik Inc.

*Specific Objections to RFA 148: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no**

**authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with BL Marketing.  It is my recollection that, among other things, the agreement governing that "Business Relationship" required BL Marketing to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

149.    Admit that Defendant Avid Telecom has received

Compensation from Vultik Inc.

*Specific Objections to RFA 149: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Vultik primarily for the transiting of calls delivered to Avid Telecom.**

150.    Admit that, during the course of its Business Relationship

with Vultik Inc., Defendant Avid Telecom Transmitted calls that it received

directly from Vultik Inc.

*Specific Objections to RFA 150: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Vultik.**

151.    Admit that Defendant Avid Telecom had a Business

Relationship with Yodel Technologies / Yodel Voice.

*Specific Objections to RFA 151: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Yodel. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Yodel to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

152.    Admit that Defendant Avid Telecom has received Compensation from Yodel Technologies / Yodel Voice.

*Specific Objections to RFA 152: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Yodel primarily for the transiting of calls delivered to Avid Telecom.**

153.    Admit that Defendant Avid Telecom provided Compensation to Yodel Technologies / Yodel Voice.

*Specific Objections to RFA 153: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that after a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

154.    Admit that Defendant Avid Telecom provided Telephony Services to Yodel Technologies / Yodel Voice.

*Specific Objections to RFA No. 154: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Telephony Services") to which she does not agree. Reeves also objects to this Request to the extent is directed to her, in her personal capacity, rather than to Avid Telecom, as the entity which allegedly provided the Telephony Services. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to provide any Telephony Service to Yodel, it is her understanding that Avid Telecom provided Telephony Services to Yodel, pursuant to the terms of an agreement that, among other things, required Yodel to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

155.    Admit that Yodel Technologies / Yodel Voice was a Non-Provider Customer of Defendant Avid Telecom.

*Specific Objections to RFA No. 155: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects that this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., "Non-Provider Customer") to which*

*she does not agree.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that, to the best of her current recollection and based on the information available to her at the time and now, the allegation Yodel, LLC was a had h Customer of Defendant Avid Telecom.**

156.    Admit that, during the course of its Business Relationship with Yodel Technologies / Yodel Voice, Defendant Avid Telecom Transmitted calls that it received directly from Yodel Technologies / Yodel Voice.

*Specific Objections to RFA 156: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Yodel.**

157.    Admit that, during the course of its Business Relationship with Yodel Technologies / Yodel Voice, Defendant Avid Telecom Transmitted calls that it received

from Yodel Technologies / Yodel Voice where no other Voice Service Providers had

Transmitted the call before it was accepted on Defendant Avid Telecom's network.

*Specific Objections to RFA No. 157: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Reeves also objects to this request to the extent that it requires her to respond based on a definition of "Voice Service Provider" to which she does not agree. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies the allegation. Avid Telecom never had a direct relationship with the party that created the content for any call or the party on whose behalf the call was being made. All calls that reached the Avid Telecom network were originated by a party that delivered the call to Avid Telecom from a switch that they owned and/or controlled.**

158.    Admit that, during the course of its Business Relationship with Yodel

Technologies / Yodel Voice, Defendant Avid Telecom Transmitted calls directly to

Yodel Technologies / Yodel Voice.

*Specific Objections to RFA 158: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Ms. Reeves states that, to her understanding, Defendant Avid Telecom transmitted certain calls that were originated by an unknown third party either directly or through a third party to DID's leased by Yodel Technologies/Yodel Voice. To the extent this RFA seeks an admission broader than the foregoing, it is denied.**

159.    Admit that Defendants Avid Telecom and Lansky were issued a civil investigative demand on August 1, 2022, by the Office of the Indiana Attorney General.

*Specific Objections to RFA 159: This RFA seeks admissions regarding other parties (Avid Telecom and Mr. Lansky) and may be outside Ms. Reeves's personal knowledge. Subject to and without waiving these objections, Ms. Reeves admits that a civil investigative demand was issued to Avid Telecom and Michael Lansky on August 1, 2022, by the Office of the Indiana Attorney General on behalf of an attorneys general consortium.*

**Response:  Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that, to the best of her recollection, Avid Telecom was issued a civil investigative demand on or about August 1, 2022 by the Office of the Indiana Attorney General.**

160.    Admit that Defendants Avid Telecom and Lansky did not produce any documents or answers in Response to the Requests for Production and Interrogatories, respectively, set forth in the civil investigative demand issued on August 1, 2022, by the Office of the Indiana Attorney General.

*Specific Objections to 160: Reeves objects to this RFA as compound (documents and answers), vague and ambiguous (including what constitutes "produce any"), calls for legal and procedural conclusions regarding a government investigative demand, seeks information concerning other parties (Avid Telecom and Mr. Lansky), and may be outside Ms. Reeves's personal knowledge.*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Ms. Reeves denies that Avid Telecom did not produce any or answers in Response to the Requests for Production and Interrogatories, respectively, set forth in the civil investigative demand issued on August 1, 2022, by the Office of the Indiana Attorney General. To the contrary, it was the Indiana Attorney General that repeatedly refused to engage in good faith with Avid Telecom, and which directly misrepresented the parties' interaction in a manner much like this RFA to the court in Indiana before it withdrew its pleading.**

161.    Admit that Defendant Avid Telecom had a Business

Relationship with All Access Telecom.

*Specific Objections to RFA 161: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with All Access. It is my recollection that, among other things, the agreement governing that "Business Relationship" required All Access to represent and warrant to Avid Telecom that**

**all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

162.    Admit that Defendant Avid Telecom provided Compensation

to All Access Telecom.

*Specific Objections to RFA 162: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to All Access primarily for the transiting of calls delivered to Avid Telecom.**

163.    Admit that, during the course of its Business Relationship

with All Access Telecom, Defendant Avid Telecom Transmitted calls

directly to All Access Telecom.

*Specific Objections to 163: This RFA is vague and ambiguous (including the undefined terms "Business Relationship" and "Transmitted"), lacks a temporal limitation, and seeks technical/routing facts potentially outside Ms. Reeves's personal knowledge.*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Ms. Reeves admits that Reeves admits that to the best of her current recollection, knowledge and belief, Defendant Avid Telecom transmitted calls directly to All Access Telecom.**

164.    Admit that the files consisting of CDRs produced by All Access Telecom to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143523— satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections 164: This RFA improperly seeks a legal conclusion regarding admissibility and evidentiary foundation under Fed. R. Evid. 803(6), concerns third-party records, is vague and overbroad as to the specific "files" at issue, and seeks information outside Ms. Reeves's personal knowledge, possession, custody, or control. Subject to and without waiving these objections, after a reasonable inquiry*

**Response: Ms. Reeves lacks sufficient information to admit or deny and therefore denies this RFA pursuant to Fed. R. Civ. P. 36(a)(4).**

165.    Admit that Defendant Avid Telecom had a Business Relationship with Bandwidth.

*Specific Objections to RFA 165: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Bandwidth. It is her recollection that, among other things, the agreement governing that "Business Relationship" required Bandwidth to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

166.    Admit that Defendant Avid Telecom provided

Compensation to Bandwidth.

*Specific Objections to RFA 166: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to Bandwidth primarily for the transiting of calls delivered to Avid Telecom.**

167.    Admit that, during the course of its Business Relationship with

Bandwidth, Defendant Avid Telecom Transmitted calls directly to Bandwidth.

*Response to 167: General Objections incorporated by reference. Specific Objections: This RFA is vague and ambiguous (including the undefined terms "Business Relationship" and "Transmitted"), lacks a temporal limitation, and seeks technical/routing information potentially outside Ms. Reeves's personal knowledge.*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, Reeves admits that Defendant Avid Telecom transmitted calls directly to Bandwidth.**

168.    Admit that the files consisting of CDRs produced by Bandwidth to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003production and which file names are enumerated on AGTF_000143524—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections 168: This RFA seeks a legal conclusion regarding evidentiary foundation under Fed. R. Evid. 803(6), concerns third-party records, is vague and overbroad as to the specific "files" at issue, and seeks information outside Ms. Reeves's personal knowledge, possession, custody, or control. Subject to and without waiving these objections, after a reasonable inquiry.*

**Response: See above objection.**

169.    Admit that Defendant Avid Telecom had a Business Relationship with Call48 - HFA Services - Skye Telecom.

*Specific Objections to RFA 169: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Skype. It is her recollection that, among other things, the agreement governing that "Business Relationship" required Skype to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

170.    Admit that Defendant Avid Telecom provided Compensation to Call48 - HFA Services - Skye Telecom.

*Specific Objections to RFA 170: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no**

**authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to Skype primarily for the transiting of calls delivered to Avid Telecom.**

171.    Admit that, during the course of its Business Relationship with Call48 - HFA Services - Skye Telecom, Defendant Avid Telecom Transmitted calls directly to Call48 HFA Services - Skye Telecom.

*Response to 171: General Objections incorporated by reference. Specific Objections: This RFA is vague and ambiguous (including the undefined terms "Business Relationship" and "Transmitted"), lacks a temporal limitation, and seeks technical/routing information potentially outside Ms. Reeves's personal knowledge.*

**Response: Subject to and without waiving these objections, Ms. Reeves admits that Defendant Avid Telecom transmitted calls directly to Call 48 – HFA Services – Skye Telecom for termination.**

172.    Admit that the files consisting of CDRs produced by Call48 - HFA Services - Skye Telecom to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143620— satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA 172: This RFA seeks a legal conclusion regarding admissibility and evidentiary foundation under Fed. R. Evid. 803(6), concerns third-party records, is vague and overbroad as to the specific "files" at issue, and seeks information outside Ms. Reeves's personal knowledge, possession, custody, or control.*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, after a reasonable inquiry Ms. Reeves lacks sufficient information to admit or deny and therefore denies this RFA pursuant to Fed. R. Civ. P. 36(a)(4).**

173.    Admit that Defendant Avid Telecom had a Business Relationship with Carrier Connect Corp.

*Specific Objections to RFA 173: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Carrier Connect that, among other things, the agreement governing that "Business Relationship" required Carrier Connect to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

174.    Admit that Defendant Avid Telecom provided Compensation to Carrier Connect Corp.

*Specific Objections to RFA 174: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to Carrier Connect primarily for the transiting of calls delivered to Avid Telecom.**

175.    Admit that, during the course of its Business Relationship with Carrier Connect Corp, Defendant Avid Telecom Transmitted calls directly to Carrier Connect Corp.

*Specific Objections to 175: This RFA is vague and ambiguous (including the undefined terms "Business Relationship" and "Transmitted"), lacks a temporal limitation, and seeks technical/routing information potentially outside Ms. Reeves's personal knowledge.*

**Response: Subject to and without waiving these objections, Ms. Reeves admits that Defendant Avid Telecom transmitted calls directly to Carrier Connect Corp.**

176.    Admit that the files consisting of CDRs produced by Carrier Connect Corp to the Plaintiff State of North Carolina in Response to a civil investigative

demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003production and which file names are enumerated on AGTF_000143520— satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections 176: This RFA seeks a legal conclusion regarding admissibility and evidentiary foundation under Fed. R. Evid. 803(6), concerns third-party records, is vague and overbroad as to the specific "files" at issue, and seeks information outside Ms. Reeves's personal knowledge, possession, custody, or control.*

**Subject to and without waiving the General Objections and the Specific Objections stated above, after a reasonable inquiry Ms. Reeves lacks sufficient information to admit or deny and therefore denies this RFA pursuant to Fed. R. Civ. P. 36(a)(4).**

177.    Admit that Defendant Avid Telecom had a Business Relationship with Dorial Telecom.

*Specific Objections to RFA 177: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Dorial.  It is her recollection that, among other things, the agreement governing that "Business Relationship" required Dorial to represent and warrant to Avid Telecom that all of the traffic**

that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.

178.    Admit that Defendant Avid Telecom provided

Compensation to Dorial Telecom.

*Specific Objections to RFA 178: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to Dorial primarily for the transiting of calls delivered to Avid Telecom.**

179.    Admit that, during the course of its Business Relationship

with Dorial Telecom, Defendant Avid Telecom Transmitted calls directly to

Dorial Telecom.

*Specific Objections to 179: This RFA is vague and ambiguous (including the undefined terms "Business Relationship" and "Transmitted"), lacks a temporal limitation, and seeks technical/routing information potentially outside Ms. Reeves's personal knowledge.*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current**

**recollection, knowledge and belief, Reeves admits that Defendant Avid Telecom transmitted calls directly to Dorial Telecom.**

180.    Admit that the files consisting of CDRs produced by Dorial Telecom to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143621 through AGTF_000143630— satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections 180: This RFA seeks a legal conclusion regarding admissibility and evidentiary foundation under Fed. R. Evid. 803(6), concerns third-party records, is vague and overbroad as to the specific "files" at issue, and seeks information outside Ms. Reeves's personal knowledge, possession, custody, or control.*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that to the best of her current recollection, knowledge and belief, after a reasonable inquiry she lacks sufficient information to admit or deny and therefore denies this RFA pursuant to Fed. R. Civ. P. 36(a)(4).**

181.    Admit that Defendant Avid Telecom had a Business Relationship with G4 Telecom.

*Specific Objections to RFA 181: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with G4. It is my recollection that, among other things, the agreement governing that "Business Relationship" required G4 to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

182.    Admit that Defendant Avid Telecom provided Compensation

to G4 Telecom.

*Specific Objections to RFA 182: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to G4 primarily for the transiting of calls delivered to G4 Telecom.**

183.    Admit that, during the course of its Business Relationship

with G4 Telecom, Defendant Avid Telecom Transmitted calls directly to G4

Telecom.

*Specific Objections 183: This RFA is vague and ambiguous (including the undefined terms "Business Relationship" and "Transmitted"), lacks a temporal limitation, and seeks technical/routing information potentially outside Ms. Reeves's personal knowledge.*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Ms. Reeves admits that Defendant Avid Telecom transmitted calls directly to G4 Telecom.**

184.    Admit that the files consisting of CDRs produced by G4 Telecom to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003production and which file names are enumerated on AGTF_000143639—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections 184: This Request improperly seeks a legal conclusion regarding whether third-party documents satisfy Fed. R. Evid. 803(6)(A)-(C); is vague and ambiguous as to the meaning of "satisfy" and the scope of the "files"; and assumes authentication, foundation, and record-keeping practices of G4 Telecom outside Responding Party's personal knowledge.*

**Response: Subject to and without waiving the foregoing objections, after a reasonable inquiry, the information known or readily obtainable is insufficient to enable Responding Party to admit or deny.**

185.    Admit that Defendant Avid Telecom had a Business Relationship with Inteliquent - Sinch - Neutral Tandem.

*Specific Objections to RFA 185: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Sinch. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Sinch to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

186.    Admit that Defendant Avid Telecom provided

Compensation to Inteliquent – Sinch – Neutral Tandem.

*Specific Objections to RFA 186: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid**

**Telecom provided Compensation to Sinch primarily for the transiting of calls delivered to Avid Telecom.**

187.     Admit that, during the course of its Business Relationship

with Inteliquent Sinch - Neutral Tandem, Defendant Avid Telecom

Transmitted calls directly to Inteliquent - Sinch - Neutral Tandem.

*Specific Objections to RFA 187: Reeves objects that this Request as vague and ambiguous (including the undefined terms "Business Relationship," "Transmitted," and "directly").*

**Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief that Defendant Avid Telecom transmitted calls directly to Inteliquent. No admission is made herein as to Sinch or Neutral Tandem.**

188.     Admit that the files consisting of CDRs produced by

Inteliquent - Sinch Neutral Tandem to the Plaintiff State of North Carolina in

Response to a civil investigative demand issued on January 18, 2023—which

files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003

production and which file names are enumerated on AGTF_000143509 through

AGTF_000143511—satisfy Fed. R. Evid. 803(6)(A)–(C).

**Response: Subject to and without waiving the foregoing objections, after a reasonable inquiry, the information known or readily obtainable is insufficient to enable Responding Party to admit or deny.**

189.    Admit that Defendant Avid Telecom had a Business Relationship with NGN Latam Corp - Datora Telecom.

*Specific Objections to RFA 189: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Datora. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Datora to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

190.    Admit that Defendant Avid Telecom provided Compensation to NGN Latam Corp – Datora Telecom.

*Specific Objections to RFA 190: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to NGN primarily for the transiting of calls delivered to Avid Telecom.**

191.    Admit that, during the course of its Business Relationship with NGN Latam Corp - Datora Telecom, Defendant Avid Telecom Transmitted calls directly to NGN Latam Corp - Datora Telecom.

*Specific Objections to RFA 191: The Request combines multiple entities in a single Request and lacks any defined period.*

**Response: Subject to and without waiving the foregoing objections, Responding Party admits that Defendant Avid Telecom transmitted calls directly to NGN Latam Corp – Datora Telecom.**

192.    Admit that the files consisting of CDRs produced by NGN Latam Corp Datora Telecom to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143525 through AGTF_000143544—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA 192: Responding Party objects that the Request is vague, ambiguous, overly broad, and compound, and that it improperly calls for a legal conclusion regarding the admissibility of third-party documents under Fed. R. Evid.*
*803(6). Rights under Fed. R. Civ. P. 26, 33, and 36 are preserved. Specific Objections: The Request assumes facts regarding record-keeping and foundation outside Responding Party's personal knowledge and is unclear as to the scope of the "files."*

**Response: Subject to and without waiving the foregoing objections, after a reasonable inquiry, the information known or readily obtainable is insufficient to admit or deny, and therefore the Request is denied.**

193.    Admit that Defendant Avid Telecom had a Business Relationship with Peerless Network - Airus.

*Specific Objections to RFA 193: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Airus. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Airus to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

194.    Admit that Defendant Avid Telecom provided Compensation to

Peerless Network – Airus.

*Specific Objections to RFA 194: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to Airus primarily for the transiting of calls delivered to Avid Telecom.**

195.    Admit that, during the course of its Business Relationship with

Peerless Network - Airus, Defendant Avid Telecom Transmitted calls directly

to Peerless Network - Airus.

*Specific Objections to RFA 195: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that the definition of Transmitted is unclear. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that Defendant Avid Telecom transmitted calls directly to Peerless Network – Airus.**

196.    Admit that the files consisting of CDRs produced by Peerless Network - Airus to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143618—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA 196: Responding Party objects that the Request is vague, ambiguous, overly broad, and compound, and that it improperly calls for a legal conclusion regarding the admissibility of third-party documents under Fed. R. Evid.*
*803(6). Rights under Fed. R. Civ. P. 26, 33, and 36 are preserved. Specific Objections: The Request assumes facts regarding record-keeping and foundation outside Responding Party's personal knowledge and is unclear as to the scope of the "files."*

**Response: Subject to and without waiving the foregoing objections, after a reasonable inquiry, the information known or readily obtainable is insufficient to admit or deny, and therefore the Request is denied.**

197.    Admit that Defendant Avid Telecom had a Business Relationship with PNG Telecomms - PowerNet Global Communications.

*Specific Objections to RFA 197: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current**

**recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with PowerNet. It is my recollection that, among other things, the agreement governing that "Business Relationship" required PowerNet to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

198.    Admit that Defendant Avid Telecom provided Compensation to PNG Telecomms – PowerNet Global Communications.

*Specific Objections to RFA 198: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to PNG primarily for the transiting of calls delivered to Avid Telecom.**

199.    Admit that, during the course of its Business Relationship with PNG Telecomms - PowerNet Global Communications, Defendant Avid Telecom Transmitted calls directly to PNG Telecomms - PowerNet Global Communications.

*Specific Objections to RFA 199: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that the definition of Transmitted is unclear.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, Defendant Avid Telecom transmitted calls directly to PNG Telecomms – PowerNet Global Communications.**

200.    Admit that the files consisting of CDRs produced by PNG Telecomms PowerNet Global Communications to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143638—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA 200: Responding Party objects that this Request is vague, ambiguous, overly broad, and compound, and that it calls for a legal conclusion regarding admissibility under Fed. R. Evid. 803(6). Rights are preserved under Fed. R. Civ. P. 26, 33, and 36. The Request assumes foundation and authenticity of third-party records outside Responding Party's personal knowledge and is unclear as to the scope of the "files."*

**Response: Subject to and without waiving the foregoing objections, after a reasonable inquiry, the information known or readily obtainable is insufficient to admit or deny, and therefore the Request is denied.**

201.    Admit that Defendant Avid Telecom had a Business Relationship with Qwality Tel.

*Specific Objections to RFA 201: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

202.    Admit that Defendant Avid Telecom provided Compensation to Qwality Tel.

*Specific Objections to RFA 202: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

203.    Admit that, during the course of its Business Relationship with Qwality Tel, Defendant Avid Telecom Transmitted calls directly to Qwality Tel.

**Response: After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

204.    Admit that the files consisting of CDRs produced by Qwality Tel to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003production and which file names are enumerated on AGTF_000143519— satisfy Fed. R. Evid. 803(6)(A)–(C).

**Response:  After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

205.    Admit that Defendant Avid Telecom had a Business Relationship with Red Telecom LLC.

*Specific Objections to RFA 205: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Red Telecom. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Red Telecom to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and**

**federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

206.     Admit that Defendant Avid Telecom provided

Compensation to Red Telecom LLC.

*Specific Objections to RFA 206: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to Red Telecom primarily for the transiting of calls delivered to Avid Telecom.**

207.     Admit that Defendant Avid Telecom received Compensation

from Red Telecom LLC.

*Specific Objections to RFA 207: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from Red Telecom primarily for the transiting of calls delivered to Avid Telecom.**

208.    Admit that, during the course of its Business Relationship with Red Telecom LLC, Defendant Avid Telecom Transmitted calls that it received directly from Red Telecom LLC.

*Specific Objections to RFA 208: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from Red Telecom.**

209.    Admit that, during the course of its Business Relationship with Red Telecom LLC, Defendant Avid Telecom Transmitted calls directly to Red Telecom LLC.

*Specific Objections to RFA 209: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.*

*Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Responding Party admits that Defendant Avid Telecom transmitted calls directly to Red Telecom LLC.**

210.    Admit that the files consisting of CDRs produced by Red Telecom to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143521 through AGTF_000143522— satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA 210: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, after a reasonable inquiry, the information known or readily obtainable is insufficient to admit or deny, and therefore the Request is denied.**

211.    Admit that Defendant Avid Telecom had a Business Relationship with RingSquared - Magna5 Telecom - NovaTel.

*Specific Objections to RFA 211: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with NovaTel. It is my recollection that, among other things, the agreement governing that "Business Relationship" required NovaTel to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

212. Admit that Defendant Avid Telecom provided Compensation to

RingSquared – Magna5 Telecom – NovaTel.

*Specific Objections to RFA 212: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid**

**Telecom provided Compensation to NovaTel primarily for the transiting of calls delivered to Avid Telecom.**

213.    Admit that, during the course of its Business Relationship with RingSquared - Magna5 Telecom - NovaTel, Defendant Avid Telecom Transmitted calls directly to RingSquared - Magna5 Telecom - NovaTel.

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Responding Party admits that Defendant Avid Telecom transmitted calls directly to RingSquared – Magna5 Telecom – NovaTel.**

214.    Admit that the files consisting of CDRs produced by RingSquared – Magna5 Telecom - NovaTel to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143594 through AGTF_000143595—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA 214: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, and after a reasonable inquiry, Responding**

Party lacks knowledge or information sufficient to admit or deny, and on that basis denies. See Fed. R. Civ. P. 36(a)(4).

215.    Admit that Defendant Avid Telecom had a Business Relationship with

Secure Voice Corp.

**Response:** *Specific Objections to RFA 215: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Secure Voice. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Secure Voice to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

216.    Admit that Defendant Avid Telecom provided

Compensation to Secure Voice Corp.

*Specific Objections to RFA 216: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without*

*limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to Secure Voice primarily for the transiting of calls delivered to Avid Telecom.**

217.    Admit that, during the course of its Business Relationship with Secure Voice Corp, Defendant Avid Telecom Transmitted calls directly to Secure Voice Corp.

*Specific Objections to RFA 217: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, that Avid Telecom transmitted calls to Secure Voice Corp.**

218.    Admit that the files consisting of CDRs produced by Secure Voice Corp to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated

on AGTF_000143596 through AGTF_000143617—satisfy Fed. R. Evid. 803(6)(A)–

(C).

*Specific Objections to RFA 218: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states after a reasonable inquiry, Responding Party lacks knowledge or information sufficient to admit or deny this RFA, and on that basis denies. See Fed. R. Civ. P. 36(a)(4).**

219.    Admit that Defendant Avid Telecom had a Business

Relationship with Talkie Communications - Sonic Systems.

*Specific Objections to RFA 219: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Sonic. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Sonic to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal**

**regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

220.    Admit that Defendant Avid Telecom provided Compensation

to Talkie Communications – Sonic Systems.

*Specific Objections to RFA to 220: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to Sonic primarily for the transiting of calls delivered to Avid Telecom.**

221.    Admit that, during the course of its Business Relationship

with Talkie Communications - Sonic Systems, Defendant Avid Telecom

Transmitted calls directly to Talkie Communications - Sonic Systems.

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, admits that that to the best of her current recollection, knowledge and belief, Avid Telecom transmitted calls to Talkie Communications – Sonic Systems.**

222.    Admit that the files consisting of CDRs produced by Talkie

Communications - Sonic Systems to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143631 through AGTF_000143637—satisfy Fed. R. Evid. 803(6)(A)–(C).

**Response: Reeves lacks knowledge or information sufficient to admit or deny, and on that basis denies. See Fed. R. Civ. P. 36(a)(4).**

223.    Admit that Defendant Avid Telecom had a Business Relationship with Telco Connection.

*Specific Objections to RFA 223: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, admits that that to the best of her current recollection, knowledge and belief, , and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Telco Connection. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Telco Connection to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

224.    Admit that Defendant Avid Telecom provided Compensation

to Telco Connection.

*Specific Objections to RFA 224: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to Telco Connection primarily for the transiting of calls delivered to Avid Telecom.**

225.    Admit that, during the course of its Business Relationship

with Telco Connection, Defendant Avid Telecom Transmitted calls directly to

Telco Connection.

*Specific Objections to RFA 225: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, admits that that to the best of her current recollection, knowledge and belief, admits that Avid Telecom transmitted calls to Telco Connection.**

226. Admit that the files consisting of CDRs produced by Telco Connection to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated onAGTF_000143545 through AGTF_000143551— satisfy Fed. R. Evid. 803(6)(A)– (C).

*Specific Objections to RFA 226: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Reeves lacks knowledge or information sufficient to admit or deny this RFA, and on that basis denies. See Fed. R. Civ. P. 36(a)(4).**

227. Admit that Defendant Avid Telecom had a Business Relationship with Touchtone Communications.

*Specific Objections to RFA 227: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business**

**Relationship with TouchTone. It is my recollection that, among other things, the agreement governing that "Business Relationship" required TouchTone to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

228.    Admit that Defendant Avid Telecom provided

Compensation to Touchtone Communications.

*Specific Objections to RFA 228: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, admits that that to the best of her current recollection, knowledge and belief, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to TouchTone primarily for the transiting of calls delivered to Avid Telecom.**

229.    Admit that, during the course of its Business Relationship

with Touchtone Communications, Defendant Avid Telecom Transmitted

calls directly to Touchtone Communications.

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that that to the best of her**

**current recollection, knowledge and belief, admits that Avid Telecom transmitted calls to Touchtone Communications.**

230.    Admit that the files consisting of CDRs produced by Touchtone Communications to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143518— satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA 230: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Reeves lacks knowledge or information sufficient to admit or deny this RFA, and on that basis denies. See Fed. R. Civ. P. 36(a)(4).**

231.    Admit that Defendant Avid Telecom had a Business Relationship with Verizon.

*Specific Objections to RFA 231: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Verizon. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Verizon to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

232.    Admit that Defendant Avid Telecom provided

Compensation to Verizon.

*Specific Objections to RFA 232: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, admits that that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to Verizon primarily for the transiting of calls delivered to Avid Telecom.**

233.    Admit that, during the course of its Business

Relationship with Verizon, Defendant Avid Telecom Transmitted

calls directly to Verizon.

*Specific Objections to RFA 233: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, admits that that to the best of her current recollection, knowledge and belief, admits that Avid Telecom transmitted calls to Verizon.**

234.    Admit that the files consisting of CDRs produced by Verizon to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143517—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA 234: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Reeves lacks knowledge or information sufficient to admit or deny this RFA, and on that basis denies. See Fed. R. Civ. P. 36(a)(4).**

235.    Admit that Defendant Avid Telecom had a Business Relationship with VoIP Innovations - VoIP Street.

*Specific Objections to RFA 235: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that to the best of her current recollection, knowledge and belief, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with VoIP St. It is my recollection that, among other things, the agreement governing that "Business Relationship" required VoIP St. to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

236.     Admit that Defendant Avid Telecom provided Compensation to VoIPInnovations – VoIP Street.

*Specific Objections to RFA 236: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, admits that that to the best of her current recollection, knowledge and belief, Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no**

**authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to VoIP St. primarily for the transiting of calls delivered to Avid Telecom.**

237.    Admit that, during the course of its Business Relationship with VoIPInnovations - VoIP Street, Defendant Avid Telecom Transmitted calls directly to VoIP Innovations - VoIP Street.

*Specific Objections to RFA 237: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, admits that that to the best of her current recollection, knowledge and belief, admits that Avid Telecom transmitted calls to VoIP Innovations – VoIP Street.**

238.    Admit that the files consisting of CDRs produced by VoIP Innovations VoIP Street to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143619—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA 238: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.*

*Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Reeves lacks knowledge or information sufficient to admit or deny, and on that basis denies. See Fed. R. Civ. P. 36(a)(4).**

239. Admit that Defendant Avid Telecom had a Business Relationship with Windstream.

*Specific Objections to RFA 239: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that that to the best of her current recollection, knowledge and belief, , and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with Windstream. It is my recollection that, among other things, the agreement governing that "Business Relationship" required Windstream to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

240. Admit that Defendant Avid Telecom provided Compensation to Windstream.

*Specific Objections to RFA 240: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.*

*Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to Windstream primarily for the transiting of calls delivered to Avid Telecom.**

241.    Admit that, during the course of its Business Relationship with Windstream, Defendant Avid Telecom Transmitted calls directly to Windstream.

*Specific Objections to RFA 241: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that that to the best of her current recollection, knowledge and belief, Avid Telecom transmitted calls to Windstream.**

242.    Admit that the files consisting of CDRs produced by Windstream to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume

AGTF_VOL003 production and which file names are enumerated on AGTF_000143513 through AGTF_000143516—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA 242: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Reeves lacks knowledge or information sufficient to admit or deny, and on that basis denies.**

243.   Admit that Defendant Avid Telecom had a Business Relationship with XCast Labs.

*Specific Objections to RFA 243: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with XCast. It is my recollection that, among other things, the agreement governing that "Business Relationship" required XCast to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

244.    Admit that Defendant Avid Telecom provided Compensation to XCast Labs.

*Specific Objections to RFA 244: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom provided Compensation to XCast primarily for the transiting of calls delivered to Avid Telecom.**

245.    Admit that, during the course of its Business Relationship with XCast Labs, Defendant Avid Telecom Transmitted calls directly to XCast Labs.

*Specific Objections to RFA 245: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that that to the best of her current recollection, knowledge and belief, admits that Avid Telecom transmitted calls to XCast Labs.**

246.    Admit that the files consisting of CDRs produced by XCast Labs to the Plaintiff State of North Carolina in Response to a civil investigative demand issued on January 18, 2023—which files were produced to Defendants in Plaintiffs' Volume AGTF_VOL003production and which file names are enumerated on AGTF_000143512—satisfy Fed. R. Evid. 803(6)(A)–(C).

*Specific Objections to RFA 246: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  After a reasonable inquiry, Responding Party lacks knowledge or information sufficient to admit or deny, and on that basis denies. See Fed. R. Civ. P. 36(a)(4).**

247.    Telecom had a Business Relationship with John C. Spiller, II.

*Specific Objections to RFA 247: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

248.    Admit that Defendant Avid Telecom had a Business Relationship with John C. Spiller, II, while Mr. Spiller used the pseudonym, Mikel Quinn.

*Specific Objections to RFA 248: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Reeves denies that Defendant Avid Telecom had a Business Relationship with John C. Spiller, II. After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request as t related to the pseydonym.**

249.    Admit that Defendant Avid Telecom received Compensation from John C. Spiller, II.

*Specific Objections to RFA 249: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Reeves denies that Defendant Avid Telecom received compensation from John C. Spiller, II.**

250.    Admit that Defendant Avid Telecom provided Compensation to John C. Spiller, II.

*Specific Objections to RFA 250: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.*

*Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Reeves denies that Defendant Avid Telecom paid compensation to John C. Spiller, II.**

251.    Admit that Defendant Avid Telecom had a Business

Relationship with JSquared Telecom LLC.

*Specific Objections to RFA 251: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

252.    Admit that Defendant Avid Telecom received

Compensation from JSquared Telecom LLC.

*Specific Objections to RFA 252: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

253.    Admit that Defendant Avid Telecom provided

Compensation to JSquared Telecom LLC.

*Specific Objections to RFA 253: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received.  Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

254.    Admit that, during the course of its Business Relationship with

JSquared Telecom LLC, Defendant Avid Telecom Transmitted calls that it

received directly from JSquared Telecom LLC.

*Specific Objections to RFA 254: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the foregoing objections, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from JSquared.**

255.    Admit that Defendant Avid Telecom had a Business Relationship with

Rising Eagle Capital Group LLC.

*Specific Objections to RFA 255: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with RE Capital. It is my recollection that, among other things, the agreement governing that "Business Relationship" required RE Capital to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

256.    Admit that Defendant Avid Telecom received Compensation

 from Rising Eagle Capital Group LLC.

*Specific Objections to RFA 256: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from RE Capital primarily for the transiting of calls delivered to Avid Telecom.**

257. Admit that Defendant Avid Telecom provided Compensation to Rising Eagle Captial Group LLC.

*Specific Objections to RFA 257: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

258. Admit that, during the course of its Business Relationship with Rising Eagle Capital Group LLC, Defendant Avid Telecom Transmitted calls that it received directly from Rising Eagle Capital Group LLC.

*Specific Objections to RFA 258: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the foregoing objections, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from RE Capital.**

259.     Admit that Defendant Avid Telecom had a Business

Relationship with Great Choice Telecom LLC.

*Specific Objections to RFA 259: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request as it is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that that to the best of her current recollection, knowledge and belief, , and on the understanding that Reeves had no authority to agree to establish a Business Relationship, it is her understanding that Avid Telecom had a Business Relationship with GC Telecom. It is my recollection that, among other things, the agreement governing that "Business Relationship" required GC Telecom to represent and warrant to Avid Telecom that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.**

260.     Admit that Defendant Avid Telecom received Compensation

from Great Choice Telecom LLC.

*Specific Objections to RFA 260: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set*

*forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Subject to and without waiving the General Objections and the Specific Objections stated above Reeves admits that to the best of her current recollection, knowledge and belief, and on the understanding that Reeves had no authority to agree to set or to accept any Compensation, it is her understanding that Avid Telecom received Compensation from GC Telecom primarily for the transiting of calls delivered to Avid Telecom.**

261.   Admit that Defendant Avid Telecom provided Compensation

to Great Choice Telecom LLC.

*Specific Objections to RFA 261: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

262.   Admit that, during the course of its Business Relationship

with Great Choice Telecom LLC, Defendant Avid Telecom Transmitted

calls that it received directly from Great Choice Telecom LLC.

*Specific Objections to RFA to 262: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence.*

*Reeves also objects to this request is vague and ambiguous as to the term "Business Relationship". Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves admits that that to the best of her current recollection, knowledge and belief, Reeves denies that to the best of her current recollection and based on the information available to her at the time and now, that Defendant Avid Telecom Transmitted calls that it received directly from GC Telecom.**

263.    Admit that the files consisting of CDRs produced by Defendant Avid Telecom to the Plaintiff States of North Carolina and Texas during the investigation and litigation of John C. Spiller, II—which files were produced back to Defendants in Plaintiffs' Volume AGTF_VOL003 production and which file names are enumerated on AGTF_000143552 through AGTF_000143593—satisfy Fed. R. Evid. 803(6)(A)– (C).

*Specific Objections to 263: Reeves objects that this RFA calls for a legal conclusion regarding admissibility and satisfaction of evidentiary rules (Fed. R. Evid. 803(6)), is vague and ambiguous as to "files" and their contents, foundation, and authenticity, and is overbroad and compound by referencing multiple productions and enumerations.*

**Response:  After a reasonable inquiry, Responding Party lacks knowledge or information sufficient to admit or deny, and on that basis denies. See Fed. R. Civ. P. 36(a)(4).**

264.    Admit that Defendant Avid Telecom sold, rented and/or leased DIDs to John C. Spiller, II.

*Specific Objections to 264: Reeves objects that this RFA is compound ("sold, rented and/or leased"), vague and ambiguous as to "DIDs," lacks a defined time period, and seeks corporate records beyond Reeves's personal knowledge.*

**Response: Reeves denies that Defendant Avid Telecom sold, rented and/or leased DIDs to John C. Spiller, II.**

265.    Admit that Defendant Avid Telecom sold, rented and/or leased DIDs to Rising Eagle Capital Group LLC.

*Specific Objections to 265: Reeves objects that this RFA is compound ("sold, rented and/or leased"), vague and ambiguous as to "DIDs," lacks a defined time period, and seeks corporate records beyond Reeves's personal knowledge.*

**Response: After a reasonable inquiry, Reeves lacks information sufficient to admit or deny this RFA.**

266.    Admit that Defendant Avid Telecom sold, rented and/or leased DIDs to JSquared Telecom LLC.

*Specific Objections to 266: Reeves objects that this RFA is compound ("sold, rented and/or leased"), vague and ambiguous as to "DIDs," lacks a defined time period, and seeks corporate records beyond Reeves's personal knowledge.*

**Response: After a reasonable inquiry, Reeves lacks information sufficient to admit or deny this RFA.**

267.    Admit that Defendant Avid Telecom sold, rented, and/or leased DIDs to Great Choice Telecom LLC.

*Specific Objections to 267: Reeves objects that this RFA is compound ("sold, rented, and/or leased"), vague and ambiguous as to "DIDs," and lacks a defined time period.*

**Response: Reeves admits that to the best of her current recollection, knowledge and belief Avid Telecom sold, rented, and/or leased DIDs to Great Choice Telecom LLC.**

268.    Admit that You sold, rented and/or leased DIDs to John C. Spiller II.

*Specific Objections to 268: Reeves objects that this RFA is compound ("sold, rented and/or leased"), vague and ambiguous as to "DIDs," and assumes facts not established.*

**Response: Denied.**

269.    Admit that You sold, rented and/or leased DIDs to Rising Eagle Capital Group LLC.

*Specific Objections to 269: Reeves objects that this RFA is compound ("sold, rented and/or leased"), vague and ambiguous as to "DIDs," and assumes facts not established.*

**Response: Subject to and without waiving the General and foregoing Reeves denies the allegation.**

270.    Admit that You sold, rented and/or leased DIDs to JSquared Telecom LLC.

*Specific Objections to 270: Reeves objects that this RFA is compound ("sold, rented and/or leased"), vague and ambiguous as to "DIDs," and assumes facts not established.*

**Response: Subject to and without waiving the General and foregoing Reeves denies the allegation.**

271.    Admit that You sold, rented, and/or leased DIDs to Great Choice Telecom LLC.

*Specific Objections to 271: Reeves objects that this RFA is compound ("sold, rented, and/or leased"), vague and ambiguous as to "DIDs," and assumes facts not established.*

**Response: Subject to and without waiving the General and foregoing Reeves denies the allegation.**

272.    Admit that You knew that John C. Spiller II owned, managed,

and/or operated Rising Eagle Telecom LLC.

*Specific Objections to 272: Reeves objects that this RFA is vague and ambiguous as to "knew," lacks a defined timeframe, and calls for facts regarding ownership/management outside Reeves's personal knowledge.*

**Response:  Reeves does not have sufficient ppersonal knowledge regarding the nature or extent of any ownership, management, or operational role that John Spiller had with Rising Eagle to respond to this allegation.**

273.    Admit that You knew that John C. Spiller II owned, managed,

and/or operated JSquared Telecom LLC.

*Objections\Response to 273: Reeves objects that this RFA is vague and ambiguous as to "knew," lacks a defined timeframe, and calls for facts regarding ownership/management outside Reeves's personal knowledge.*

**Response: Reeves denies that to the best of her current recollection, knowledge and belief that she had personal knowledge regarding the nature or extent of any ownership, management, or operational role that John Spiller had with JSquared Telecom.**

274.    Admit that You knew that John C. Spiller II owned, managed,

and/or operated Great Choice Telecom LLC.

*Specific Objections to 274: Reeves objects that this RFA is vague and ambiguous as to "knew," lacks a defined timeframe, and calls for facts regarding ownership/management outside Reeves's personal knowledge.*

**Response: Reeves denies that to the best of her current recollection, knowledge and belief that she had personal knowledge regarding the nature or extent of any ownership, management, or operational role that John Spiller had with JSquared Telecom.**

275.    Admit that, on or about June 10, 2020, You were

aware of the enforcement action by the FCC against John C.

Spiller, II.

**Response: After a reasonable inquiry, Reeves lacks information sufficient to admit or deny this RFA.**

276.    Admit that You never purchased a copy of the FTC's National Do Not Call Registry for any single area code.

*Specific Objection to 276: Reeves objects to this request as irrelevant to any issue in the proceeding and unlikely to lead to discoverable evidence.*

**Response:  See objection.**

277.    Admit that You never purchased a copy of the FTC's

National Do Not Call Registry for all area codes nationwide.

*Specific Objection to 277: Reeves objects to this request as irrelevant to any issue in the proceeding and unlikely to lead to discoverable evidence.*

**Response:  See objection.**

278.    Admit that You, either directly or through a third-party (e.g.,

a third- party switch provider), have never instituted or implemented any

policies or processes regarding network-level blocking for any calls

Transmitted across Defendant Avid Telecom's network that were sent from

calling numbers that were not assigned or recognized as valid by the North

American Numbering Plan Administrator.

*Specific Objections to 278: Reeves objects that this RFA is compound and overbroad, vague and ambiguous as to "policies or processes regarding network-level blocking," lacks a defined timeframe, and seeks information concerning corporate systems and third-party providers beyond Reeves's personal knowledge.*

**Response: Subject to and without waiving the General and foregoing Specific Objections, Reeves denies that she never instituted policies to block at a network level.  Information reasonably available to Reeves demonstrates that**

**Avid Telecom blocked 48,463,779 calls in 2022 that were made with invalid numbers.**

279.    Admit that You, either directly or through a third-party (e.g., a third- party switch provider), never instituted or implemented any policies or processes regarding mitigation practices that resulted in blocking any calls Transmitted across Defendant Avid Telecom's network that were sent from calling numbers that were not assigned or recognized as valid by the North American Numbering Plan Administrator.

**: Response: Subject to and without waiving the General and foregoing Specific Objections, Reeves denies that she never instituted policies to block at a network level.  Information reasonably available to Reeves demonstrates that Avid Telecom blocked 48,463,779 calls in 2022 that were made with invalid numbers.**

280.    Admit that Defendant Lansky was the exclusive user of the email address Lansky@avidtelecom.com.

*Specific Objections to 280: Reeves objects that this RFA lacks foundation, seeks information outside her personal knowledge, is vague and ambiguous as to "exclusive user," and assumes facts not established.*

**Response: Subject to and without waiving the General and foregoing Specific Objections, after a reasonable inquiry, Reeves lacks information sufficient to admit or deny this RFA.**

281.    Admit that Defendant Lansky was the primary, if not

exclusive, use of the email address [Lansky@avidtelecom.com](Lansky@avidtelecom.com).

*Specific Objections to 281: Reeves objects that this RFA lacks foundation, seeks information outside her personal knowledge, is vague and ambiguous as to "exclusive user," and assumes facts not established.*

**Response: Subject to and without waiving the General and foregoing Specific Objections, after a reasonable inquiry, Reeves lacks information sufficient to admit or deny this RFA.**

282.    Admit that    Defendant Lansky    used    the    email

address [Lansky@avidtelecom.com](Lansky@avidtelecom.com) for business related correspondence

regarding Defendant

Avid Telecom.

*Specific Objections to 282: Reeves objects that this RFA lacks foundation, seeks information outside her personal knowledge, is vague and ambiguous as to "exclusive user," and assumes facts not established.*

**Response: Subject to and without waiving the General and foregoing Specific Objections, after a reasonable inquiry, Reeves admits that she is aware that Lansky used that email address.**

283.    Admit that emails produced to the Plaintiffs that were sent

from, or received by, the email address [Lansky@avidtelecom.com](Lansky@avidtelecom.com) are

admissible under Fed. R.Evid.803(6).

*Specific Objections to 283: Reeves objects that this RFA lacks foundation, seeks information outside her personal knowledge, is vague and ambiguous as to "exclusive user," and assumes facts not established.*

**Response: Reeves lacks sufficient information to respond to this request.**

284.    Admit that Defendant Lansky was the exclusive user of the email address Lansky@avid-telecom.com.

*Specific Objections to 284: Reeves objects that this RFA lacks foundation, seeks information outside her personal knowledge, is vague and ambiguous as to "exclusive user," and assumes facts not established.*

**Response: Subject to and without waiving the General and foregoing Specific Objections, after a reasonable inquiry, Reeves lacks information sufficient to admit or deny this RFA.**

285.    Admit that Defendant Lansky was the primary, if not exclusive, user of the email address Lansky@avid-telecom.com.

*Specific Objections to 285: Reeves objects that this RFA lacks foundation, seeks information outside her personal knowledge, is vague and ambiguous as to "exclusive user," and assumes facts not established.*

**Response: Subject to and without waiving the General and foregoing Specific Objections, after a reasonable inquiry, Reeves lacks information sufficient to admit or deny this RFA.**

286.    Admit    that    Defendant    Lansky    used    the    email    address Lansky@avidtelecom.com    for    business    related    correspondence regarding Defendant Avid Telecom.

**Response: Subject to and without waiving the General and foregoing Specific Objections, after a reasonable inquiry, Reeves lacks information sufficient to admit or deny this RFA.**

287.    Admit that emails produced to the Plaintiffs that were sent from, or received by, the email address Lansky@avid-telecom.com are

admissible under Fed. R. Evid. 803(6).

*Specific Objections to 287: Reeves objects that this RFA calls for a legal conclusion regarding admissibility and the business-records exception under Fed. R. Evid. 803(6), is vague as to the specific emails at issue, and lacks foundation and authentication.*

**Response: See objection.**

288.    Admit that owners, employees, agents, independent contractors, and/or representatives entitled to act on behalf of Defendant Avid Telecom used the email address noc@avid-telecom.com.

*Specific Objections to 288: Reeves objects that this RFA calls for a legal conclusion regarding admissibility and the business-records exception under Fed. R. Evid. 803(6), is vague as to the specific emails at issue, and lacks foundation and authentication.*

**Response: See objection.**

289.    Admit that owners, employees, agents, independent contractors, and/or representatives entitled to act on behalf of Defendant Avid Telecom used the email address noc@avid-telecom.com for business related correspondence regarding Defendant Avid Telecom.

*Specific Objections to 289: Reeves objects that this RFA calls for a legal conclusion regarding admissibility and the business-records exception under Fed. R. Evid. 803(6), is vague as to the specific emails at issue, and lacks foundation and authentication.*

**Response: See objection.**

290.    Admit that emails produced to the Plaintiffs that were sent from, or received by, the email address noc@avid-telecom.com are admissible under Fed. R. Evid. 803(6).

**Response: Reeves does not have information sufficient to respond to this Request.**

291.  Admit that You were the exclusive user of the email address Stacey@reeveshouse.net.

*Specific Objections to 291: Object that "exclusive" is vague, absolute, and undefined, and that the RFA lacks any temporal limitationResponse: Subject to and without waiving the General Objections and these Specific Objections, Reeves denies this Request.*

292.  Admit that You were the primary, if not exclusive, user of the email address Stacey@reeveshouse.net.

*Specific Objections to 292: Object that the phrase "primary, if not exclusive" renders the RFA compound and vague, and that it lacks a temporal limitation.*

**Response: Subject to and without waiving the General Objections and these Specific Objections, and after a reasonable inquiry, Reeves admit that she was a user of the email address.**

293.  Admit that You used the email address Stacey@reeveshouse.net, either in whole or in part, for business related correspondence regarding Defendant Avid Telecom.

*Specific Objections to 293: Object that the question is compound, thereby preventing a clear response.*

**Response: See objection**

294.  Admit that emails produced to the Plaintiffs that were sent from, or received by, the email address Stacey@reeveshouse.net are admissible under Fed. R. Evid. 803(6).

*Specific Objections to 294: Object that the Request calls for a legal conclusion.*

**Response: See objection.**

295.    Admit that You were the exclusive user of the email address Reeves@avidtelecom.com.

**Response: Deny.**

296.    Admit that You were the primary, if not exclusive, user of the email address Reeves@avid-telecom.com.

*Specific Objections to 296: Object that the phrase "primary, if not exclusive" renders the RFA compound and vague, and that it lacks a temporal limitation. Subject to and without waiving the General Objections and these Specific Objections, and after a reasonable inquiry, Responding Party states:*

**Response: Reeves admits that she was a user of the email address Reeves@avid-telecom.com.**

297.    Admit that You used the email address Reeves@avid-telecom.com for business related correspondence regarding Defendant Avid Telecom.

*Specific Objections to 297: Object that "business related correspondence" is vague and ambiguous and that the RFA lacks a temporal limitation.*

**Response: Reeves admits that she was a user of the email address Reeves@avid-telecom.com for business purposes.**

298.    Admit that emails produced to the Plaintiffs that were sent from, or received by, the email address Reeves@avid-telecom.com are admissible under Fed. R. Evid. 803(6).

*Specific Objections to 298: Object that the RFA calls for a legal conclusion.*

**Response:  See objection.**

299.    Admit that You are the primary, if not exclusive, user of the Skype user id ssreevesms.

*Specific Objections to 299: Object that the phrase "primary, if not exclusive" renders the RFA compound and vague, and that it lacks a temporal limitation.*

**Response: Reeves admits that she was a user of the Skype user ID "ssreevesms".**

300.    Admit that You performed services for the benefit of Defendant Avid Telecom at the direction of Defendant Lansky.

*Specific Objections to 300: Object that the RFA is vague and ambiguous as to "services," "for the benefit," and "at the direction," and lacks a temporal limitation.*

**Response: Subject to and without waiving the General Objections and these Specific Objections, Reeves admits that she performed services for Avid Telecom exclusively as an independent contractor without authority to bind the company and at only at the direction of Michael D. Lansky.**

301.    Admit that You performed services for the benefit of Defendant Avid Telecom at the direction of Defendant Avid Telecom Specific Objections to 301: Object that the RFA is vague and ambiguous as to "services" and "for the benefit," and lacks a temporal limitation.

**Response: Subject to and without waiving the General Objections and these Specific Objections, Reeves admits that she performed services for Avid Telecom exclusively as an independent contractor without authority to bind the company and at only at the direction of Michael D. Lansky.**

302.    Admit that You held yourself out to Defendant Avid Telecom's customers as the Vice President of Operations and Sales of Defendant Avid Telecom.

*Specific Objections to 302: Object that "held yourself out" is vague, ambiguous, and argumentative, and that the RFA calls for a legal conclusion regarding agency/apparent authority and lacks temporal scope.*

**Response: See objections.**

303.   Admit that You held yourself out to the USTelecom-led Industry Traceback

Group as the Vice President of Operations and Sales of Avid Telecom.

*Specific Objections to 303: Object that the RFA Calls for a legal conclusion.*

**Response: Admit that the words "Vice president of Operation and sales of Avid Telecom" is in my signature block. Deny that I have spoke those words to anyone at the US Telecom-led Industry Traceback group aggressive, or that I've ever held myself out as holding that position as I understand the term.**

304.   Admit that Defendant Avid Telecom had the authority

to control and/or direct Your actions in the performance of any duties on behalf

of Defendant Avid Telecom.

*Specific Objections to 304: Object that "authority to control and/or direct" and "any duties" are vague and ambiguous, and that the RFA calls for a legal conclusion regarding control.*

**Response: See objections.**

305.   Admit that You are, or were, an agent of Defendant Avid Telecom.

*Specific Objections to 305: Object that the RFA calls for a legal conclusion regarding "agent" and is vague and ambiguous and lacks a temporal limitation.*

**Response: See objections.**

306. Admit that You have, or had, the authority to act on behalf of

Defendant Avid Telecom.

*Specific Objections to 306: Object that the RFA calls for a legal conclusion regarding "authority to act" and is vague and ambiguous and lacks a temporal limitation.*

**Response: See objections.**

307.        Admit that You have received Compensation from Defendant Avid Telecom

**Response: Admit.**

308. Admit that Defendant Lansky is an agent of Defendant Avid Telecom.

*Specific Objections to 308: Object that the RFA calls for a legal conclusion regarding "agent" and seeks information outside Responding Party's personal knowledge.*

**Response: See objection.**

309.        Admit that Defendant Lansky has authority to act on behalf of Defendant Avid Telecom.

*Specific Objections to 309: Object that the RFA calls for a legal conclusion regarding "authority to act" and is vague and ambiguous.*

**Response: See objection.**

310. Admit that Defendant Lansky has received Compensation from Defendant Avid Telecom.

*Specific Objections to RFA 310: Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves objects to this request as vague and ambiguous to the extent that it does not set forth the context of the reason that Compensation was received. Subject to and without limiting the scope or the effect of her General and Specific objections, Reeves responds as follows:*

**Response:  After a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request.**

RESPECTFULLY SUBMITTED this 1st day of December 2025.

/s/ Greg L. Taylor

_____

Neil  S.  Ende
Greg L. Taylor
*Pro Hac Vice*
*Counsel to Michael D. Lansky, LLC dba*
*Avid Telecom Michael D. Lansky  and*
*Stacey S. Reeves*

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2025, I served the foregoing **DEFENDANT REEVES' FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST RULE 36 REQUESTS FOR ADMISSION** upon Plaintiffs by electronically mailing a copy of the same to their counsel of record as follows:

> Tnayer@ncdoj.gov;
> Alyse.Meislik@azag.gov;
> douglas.swetnam@atg.in.gov;
> Dylan.Jones@azag.gov;
> erin.leahy@OhioAGO.gov;
> john.DillonIV@azag.gov;
> Sarah.Pelton@azag.gov;
> Thomas.Martindale@atg.in.gov;
> rsparko@ncdoj.gov;
> lindsay.dawson@AlabamaAG.gov;
> Robert.Tambling@AlabamaAG.gov;
> Amanda.wentz@arkansasag.gov;
> nicklas.akers@doj.ca.gov;
> bernard.eskandari@doj.ca.gov
> michelle.burkart@doj.ca.gov
> rosailda.perez@doj.ca.gov
> timothy.lundgren@doj.ca.gov
> michel.singernelson@coag.gov;
> brendan.flynn@ct.gov;
> Ryan.costa@delaware.gov;
> dzisook@law.ga.gov;
> christopher.ji.leong@hawaii.gov;
> james.simeri@ag.idaho.gov;
> Nicholas.Smith@ag.ks.gov;
> sarah.dietz@ag.ks.gov;
> philip.heimlich@ilag.gov;
> elizabeth.blackston@ilag.gov;
> WilliamsZ@ag.louisiana.gov;
> Benjamin.Bellus@ag.iowa.gov;
> William.Pearson@ag.iowa.gov;
> brendan.oneil@maine.gov;
> Michael.devine@maine.gov

hillm19@michigan.gov
pziperman@oag.state.md.us;
bennett.hartz@ag.state.mn.us;
Emily.morgan@ago.ms.gov
james.rankin@ago.ms.gov;
Michael.turi@mass.gov
Carol.guerrero@mass.gov
jeff.koziar@law.njoag.gov
blair.gerold@law.njoag.gov
Anna.schneider@mt.gov;
Andrew.butler@mt.gov;
gary.brollier@nebraska.gov;
mbadorine@ag.nv.gov;
rfulghum@ag.nv.gov;
sfeeley@ag.nv.gov;
zzheng@ag.nv.gov;
Mary.F.Stewart@doj.nh.gov;
Deepta.Janardhan@law.njoag.gov;
bjimenez@nmag.gov
Sylvia.lanfair@oag.ok.gov
Glenna.goldis@ag.ny.gov;
jordan.m.roberts@doj.state.or.us;
ealm@nd.gov;
mwolfe@attorneygeneral.gov;
bbingle@attorneygeneral.gov
sprovazza@riag.ri.gov;
tyler.corcoran@ag.tn.gov;
David.Shatto@oag.texas.gov;
alexandrabutler@agutah.gov;
ksimons@scag.gov
James.Layman@vermont.gov;
gward@oag.state.va.us;
austin.ostiguy@ag.tn.gov
Ashley.T.Wentz@wvago.gov;
myszkowskiga@doj.state.wi.us;
zorba.leslie@atg.wa.gov;
cameron.geeting1@wyo.gov;
laura.beckerman@dc.gov
haaslawoffice@gmail.com
sean.saval@myfloridalegal.com
Michael.roland@myfloridalegal.com
fitzgeraldk@michigan.gov;
clindblad@nd.gov;
eliot.gusdorf@ago.mo.gov