Neil S. Ende, Esq.
nende@tlgdc.com
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Attorneys for Michael D. Lansky,
Michael D. Lansky, LLC dba Avid Telecom
Stacey S. Reeves

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| State of Arizona, ex rel. Kristin K. Mayes Attorney General et al. | )<br>)<br>) |
| Plaintiffs | )<br>) |
| v. | ) Case No. 4:23-cv-00233-EJM<br>) |
| Michael D. Lansky, LLC, dba Avid Telecom, an Arizona Limited Liability Company; | )<br>)<br>)<br>) |
| Michel D. Lansky, individually As a Member/Manager/Chief Executive Officer of Michael D. Lansky, LLC dba Avid Telecom; and | )<br>)<br>)<br>)<br>)<br>) |
| Stacey S. Reeves, individually as a Manager/Vice President of Michael D. Lansky LLC dba Avid Telecom | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**Response of Defendants to Plaintiffs' Motion to Determine the Sufficiency of Defendants' Response to First Requests for Admission**

Defendants Michael D. Lansky, LLC dba Avid Telecom, LLC, Michael D. Lansky and Stacey Reeves ("Defendants"), by and through their undersigned counsel, hereby responds to Plaintiffs' Motion to Determine the Sufficiency of Defendants' Response to First Requests for Admission ("Motion").

## Introduction

Plaintiffs' Motion is nothing more than the latest example of overreach and an attempt to impose unnecessary and punitive cost on a company and individuals that they have already willfully crushed economically without justification or cause. Indeed, even the most cursory review of the Motion reveals that there is no "there-there". As explained below, each the alleged issues are either of Plaintiffs' own making, are so insignificant that they cannot be a cause of concern or have already been resolved. Plaintiffs apparently believe that the constant flow of specious pleadings will somehow create cover for their continuing refusal to engage in good faith on material issues of concern, *including their continuing refusal to designate even a single witness in response to FRCP Rule 30(b)(6) Notices issued more than seven months ago or in response to the Magistrate's Order requiring designation and setting forth the relevant topic*. Plaintiffs also apparently believe that these pleading will serve as cover for their apparent and continuing abuse of the discovery process, *inter alia*, through the issuance of around 900 separate Requests for Admission. In this context, the formatting (Word paragraph "autonumbering" glitches and "pronoun") issues can only be viewed as petty. Of course, Plaintiffs' petty claims are all the more absurd (and disingenuous) as Defendants resolved them in a timely manner, well before the Motion was filed.

While Defendants regret that the Court is required to spend its valuable time addressing Defendants outrageous, unprofessional and abusive misrepresentations regarding statements made by Mr. Taylor during the Discovery status conference held on November 24, 2025, we believe that it is necessary to do so. Here are the facts: Plaintiff's email requesting a Meet and confer, that was sent on October 17, 2025, raised two separate issues. The first issue related to the alleged auto-numbering numbering and supposed typographical errors in the Reeves' Response to Plaintiffs' First Request for Admission, to wit: "Accordingly, ***Defendant Reeves must supplement her responses to Plaintiffs' First Set of Requests for Admissions to correct the numbering and typographical errors and provide clear, properly formatted responses.***" The second issue was a claim that certain **unidentified objections** to the Requests directed at Reeves, Lansky and Avid Telecom were boilerplate. Thus, when asked at the discovery status conference about the supplemental Response, Mr. Taylor's statement was completely accurate as the only revised Response requested by Plaintiffs was for Reeves supplemental, not the Avid Telecom or the Lansky supplemental. *See* the October 17, 2025 email from Plaintiffs. *See* Exhibit I hereto. The accuracy of Mr. Taylor's statement is further supported by the email sent on November 26, 2025, which states that the response provided was the Supplemental Reeves Response. *See* Exhibit II hereto. Put simply, in their endless effort to disparage Defendants, including their counsel, Plaintiffs have demonstrated to the Court, once and again, that it is the Plaintiffs who are misrepresenting the facts, not the Defendants.[1]

---

[1] Arizona case law establishes a clear expectation for AGs to uphold higher ethical standards, ensuring that they act in the best interests of the public and maintain the integrity of their office.

2

Plaintiffs also contend that the objections by the Defendants with respect to First Request for Admissions are boilerplate and evasive.[2] Again, contrary to Plaintiff's' allegations, in fact, Defendants did respond to the meet and confer sought by the Plaintiffs on December 4, 2025. In that email, Defendants addressed the issues put forth by Plaintiffs by asking Plaintiffs to ***identify each objection that they believed were boilerplate and why they believe so***, in order to full engage and resolve the issues at the meet and confer. *See* Exhibit III hereto(email from Greg Taylor to Plaintiffs). Yet, without the required meet and confer pursuant to FRCP Rule 37(a)(1), and without providing any response to Defendants' email, Plaintiffs filed this motion. To be clear, the Defendants remain available to meet and confer to resolve all issues.

## Argument

### I. Plaintiffs Did Not Meet and Confer in Good Faith Prior to Filing the Motion

Pursuant to FRCP rule 37(a)(1), the Plaintiffs are required "in good faith conferred or attempted to confer with the person or party failing to make disclosure or

---

[2] As per the precedent cited by Plaintiffs which held that "They should focus on the goal of the Federal Rules of Civil Procedure, full and efficient discovery, not evasion and word play." *See Marchand v. Mercy Medical Ctr.,* 22 F.3d 933, 935, 1994 U.S. App. LEXIS 8436, *1, 94 Cal. Daily Op. Service 2838, 94 Daily Journal DAR 5437, 28 Fed. R. Serv. 3d (Callaghan) 771. But, when it comes to them above the standard, word play and boilerplate objections are Plaintiffs' forte, for example, the Response of Plaintiffs to Defendants' First Request for Admission No.5,6 alone, they have objected to term "regulatory Authority", "determined", "call associated with the complaint", "illegal", "Lead Plaintiff states", "state law action states". These are just the objections based on the terms with no justification and the rest of the objection regarding proportional, vagueness and overbroad are way beyond the number of times that the defendants can count.

3

discovery in an effort to obtain it without court action." The courts have repeatedly asserted the importance of this meet and confer and held that the movants motion should be denied failure to meet and confer. *Cavanaugh v. S. California Permanente Med. Grp., Inc.*, 583 F. Supp. 2d 1109, 1139 (C.D. Cal. 2008); *See Acosta v. Austin Elec. Servs. LLC*, 324 F.R.D. 210, 212, 2017 U.S. Dist. LEXIS 219834, *8, 2017 WL 8682116.

Plaintiffs have failed to meet and confer in good faith before filing this Motion as required under FRCP rule 37(a)(1) and Local Rule 7.2(j). Nonetheless. Plaintiffs attach a Good Faith Consultation Certificate falsely representing to the Court that they had done so.

In fact, Plaintiffs sent *a single email* requesting a meet and confer call. Defendants responded well before the Motion was filed, stating that they were prepared to meet and confer and requested that Plaintiffs to "identify each objection within each identified Response that you believe to be "boilerplate" and explain why you so believe". Defendants made these requests in good faith so that they would understand which objection to each Response was of concern, and why, so that Defendants could be prepared to engage substantively in the meet and confer call. Instead of responding with that information and engaging in good faith, Plaintiffs chose to file this performative Motion, unnecessarily burdening the Court with a baseless and petty allegations.

The courts have held that a single request to meet and confer is not sufficient to meet the good faith requirement prior to the filing of a Motion seeking relief. *See Cardoza v. Bloomin' Brands, Inc.,* 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015); *See also*

*Acosta v. Austin Elec. Servs. LLC*, 324 F.R.D. 210, 212, 2017 U.S. Dist. LEXIS 219834, *8, 2017 WL 8682116.

In apparent recognition of the limitations of the meet and confer rule, Plaintiffs have disingenuously avoided titling this pleading as a motion to compel, instead titling it a as a Motion to Determine Sufficiency. Plaintiff's pleading is just more gamesmanship, more needless expense, more waste of the Court's time.

II.     <u>Defendants Responses Should Not be Considered Admitted</u>

Once again, Plaintiffs' effort to impose the draconian remedy of treating every Response as admitted is clear overreach and a further waste of the Court's time. Remarkably, Plaintiffs seek this remedy on the basis that Defendant's Response was filed early in the morning of September 24, 2025, approximately four hours after the close of the due date. *See* Exhibit IV hereto(email covering delivery of Defendants Responses). As Plaintiffs are well aware, Defendants were having formatting and auto-numbering issues with the huge documents that were required to respond to more than 900+ admissions set forth in approximately 400 pages of text. Anyone who has tried to manage Word documents of this size understands that issues often arise with formatting and autonumbering. Defendants faced those challenges, which led to the very brief overtime service and served their Responses the same night that they were due.

Obviously, Plaintiffs suffered no prejudice from the four-hour, middle of the night, delay in service and no rational party would ask a court to deem all 900 of the Requests admitted on this basis. By any rationale evaluation, the delay should be deemed non-material and the request that all Responses be deemed admitted rejected as the nonsense that it is.

5

In all events, if the Court chooses to consider the request, the minor delay should fall well within the walls of "excusable neglect" associated with circumstances that are beyond the control of a party (even though there was actually no neglect here). The Supreme Court has held that the factors to be considered for excusable neglect are whether it was prejudicial to other party, reason for delay, length of delay and good faith. *See Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 382; *See also Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1222, 2000 U.S. App. LEXIS 34823, *1, 2000 Cal. Daily Op. Service 8857, 2000 Daily Journal DAR 11749. Given the undisputed facts underlying the delay, including its extremely brief term, occurring exclusively in the middle of the night, and the absence of any possible prejudice to Plaintiffs, the delay is clearly excusable and should be so found.

In stark contrast, treating over 900 requests as admitted would impose substantial prejudice on Defendants, unfairly benefitting Plaintiffs who have suffered no prejudice and merely seek to abuse the intent of the rule to gain an unfair and unjustified advantage. The courts have held that when the delay is short and no prejudice against defendants, it's an excusable neglect. Further the mere possibility of prejudice—a lower bar that Plaintiffs also do not come close to reaching--is also insufficient. *See Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1222*; see also Cook v. Industrial Comm'n*, 133 Ariz. 310, 311, 651 P.2d 365, 366, 1982 Ariz. LEXIS 247, *1.

Plaintiffs reference to *Hadley v. U.S.*, 45 F.3d 1345, 1348 (9th Cir. 1995) does not support the requested relief as the facts of that case were very different. In *Hadley*, the responses were filed ***47 days (1127 hours) late***; here the responses were filed 4 hours late (rendering the delay in *Hadley* 282 times the delay in the instant matter).

6

Although the Ninth Circuit imposed the requested relief it did so in the face of a far more egregious conduct and along with clear evidence of actual prejudice  Plaintiffs citation of *Hadley* without advising the Court of the material difference in each of the critical criteria of decision—i.e., the scope of the delay and the actual evidence of prejudice—is misleading and disingenuous.  Thus, properly read, Haly supports the two criteria evidencing that Defendants' delay was neither material nor prejudicial; does not and should not be considered relevant precedent for deeming any of the admissions in this case as admitted.

### III. Defendant Reeves' Responses are Sufficient.

Once again, contrary to Plaintiffs' baseless claims, Defendant Reeves' Supplemental Response are proper and devoid of any continuing numbering or typographical errors. Not only did Defendants correct the auto-numbering issue of which it was unaware when it submitted its original responses (again to 900+ Requests) it also fixed the petty and absurd allegation that the use of the Reeves name and/or "I" and/or the word "she" in the same response (*i.e.,* first and third person references to the same person) somehow caused confusion.  *See* Exhibit V.. Indeed, as the responses were all from Ms. Reeves, who Plaintiffs know is a woman, and as Ms. Reeves is the only female defendant, the allegation that there could be any actual confusion is, again, absurd. The only possible explanation for this issue is  that Plaintiffs knew and intended that it would impose costs on Defendants to respond.  Notwithstanding the absurdity of the issue, as a matter of professional courtesy, Defendants conformed all of their references and sent back a revised version to Plaintiffs well before this Motion was filed.

   IV. <u>Defendants' Responses are Not boilerplate Objections</u>

  Once again, Plaintiffs' Motion is baseless and, at best, premature. As stated above, the defendants have expressly agreed for the meet and confer to resolve any actual boilerplate issues. As Plaintiffs allegations do not identify which specific objections are viewed as boilerplate (as each Response has more than one objection) or why, Defendants responded in good faith to Plaintiffs concern by asking Plaintiffs to *identify each objection that they believed were boilerplate (as there were more than on objection to each of the numbered responses) and to explain why they believe each is boilerplate.* *See* Exhibit III. To date, Plaintiffs have failed and refused to do so (or even to respond to the request).

  Remarkably, despite Plaintiffs knowledge that Defendants are prepared to meet and confer once Plaintiffs identify the objections at issue and explain why they believe each is boilerplate—which we believe is a proper request and will facilitate a substantive meet and confer session—in the Motion Plaintiffs also fail to advise the Court which specific objections in each identified Request is boilerplate and why. Unless the Court is more clairvoyant than Defendants, we believe that the Court will also find Plaintiffs complaint impossible to understand or to justify. As the moving party has the burden to establish both the factual and legal grounds for the relief sought, Plaintiffs' unsupported request for relief fails *ab initio*.[3] *See McDonald v. Harding*, 57 F.2d 119, 124, 5 Alaska Fed. 635 (9th Cir. 1932); *see also Parsons v. Ryan,* 949 F.3d

---

[3] The very few times Plaintiffs pointed out the objections--e.g., where the Defendants objected based on a "specialized definition", Defendants have explained that the term(s) used are technical, requiring greater definition and/or the Request calls for a legal conclusion.

443, 471, 2020 U.S. App. LEXIS 2837, *57, 111 Fed. R. Evid. Serv. (Callaghan) 528, 2020 WL 466709.

    V.    <u>Defendant's Response Meet the Requirements of FRCP Rule 36</u>

Defendants have followed the procedures for responding as set forth by Plaintiff to either; to wit: 1) admit the Request; (2) deny the Request; or (3) explain "why the answering party is unable to admit or deny the matter." Fed. R. Civ. P. 36(a)(4); *see also AmeriPride Servs., Inc. v. Valley Indus. Servs., Inc.*, No. CIV 2:00-cv-0113-LKK-JFM, 2011 WL 1321873, at *2 (E.D. Cal. Apr. 1, 2011). Plaintiffs have no basis for complaint in this regard. Each of Defendants' Responses falls into one of these categories.

Defendants also do not meet the standard for finding a response evasive. Indeed, the case cited by Plaintiffs, *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981) confirms the propriety of Defendants' responses. In that case, the court held that the standard for an evasive response is "[a]n evasive denial, one that does not specifically deny the matter, or a response that does not set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter." As an initial matter, in almost every case, even where a Defendant asserted one more objection, that Defendant provided an admit or deny response. For example, in the Lansky Response to Request No. 27, to which Plaintiffs refer, Mr. Lansky objects to the definition "Telephony Services", yet the narrative response provided is fully consistent with the requirements of FRCP rule 36.[4] Plaintiffs also refer to Lansky Response No. 33, Avid

---

[4] Lansky Response to Request No. 27: Subject to and without waiving the General Objections and the Specific

9

1 Telecom Response No. 68 and Reeves Supplemental Response No. 55 asserting that each has unnecessarily included the words "Avid Telecom complied with all applicable state and federal regulations". Once again, Defendants' each of Defendants' Responses is direct, admitting or denying the Request—as required by the rules. While Plaintiffs may not like the fact that Avid Telecom complied with all applicable state and federal regulations as it runs contrary to Plaintiffs baseless narrative, there is nothing in the rules that prohibits a responding party from putting its response in context.

Plaintiffs also have truly bizarre concern with the fact that Reeves' assertion that she cannot respond because Plaintiffs do not provide a definition of "Universal Service Fund Filing". The apparent support for this concern is that Avid and Lansky had no issue with the same definition. Respectfully, this argument makes no sense. Lansky and Avid responded because they understand the term. Reeves could not respond with certainty because she does not understand the term. If anything, the differences in their responses evidence that Defendants did not simply issue boilerplate responses; rather each response was properly based on the actual knowledge of each Defendant.[5]

---

Objections stated above Lansky admits that to the best of his current recollection, knowledge and belief, it is his understanding Avid Telecom provided Telephony Services to Boomsourcing, LLC, pursuant to the terms of an agreement that, among other things, required to represent and warrant that all of the traffic that they sent to Avid Telecom complied with all applicable state and federal regulations, specifically including without limitation, all state and federal regulations governing robocalls.

[5] Reeves Response to RFA No. 8: Subject to and without waiving the General Objections and the Specific Objections stated above, Reeves states that she Reeves states that those filings, if any, speak for themselves and that after a reasonable inquiry, the information known or readily obtainable by Reeves is not sufficient to respond to this Request. Reeves is also unable to respond as the term "Universal Service Fund filing" is not defined nor is it a term that she understands. Notwithstanding the previous, based on the fact that, as an independent contractor and may not have had full visibility to all of Avid Telecom's services, Reeves denies that Avid Telecom actually terminated

Plaintiffs have provided literally no basis for concluding that any of Defendants' response were improper or evasive under the applicable standard. *See Asea, Inc.*, 669 F.2d at 1245. Plaintiffs strained and baseless effort to create issues of evasiveness where they do not exist should be rejected.

### Conclusion

Plaintiffs have not only failed to make a proper effort to meet and confer—while falsely certifying that they did—they have also completely failed to meet their burden to show that any of Defendants' responses are improper. Plaintiffs' extraordinary request that Defendants should be deemed to have admitted 900+ requests for admission based a brief, 4-hour, middle of the night, delay in serving responses—***where Plaintiffs do not even attempt to show prejudice***—is irresponsible and contrary to every relevant precedent requiring proof of materiality and prejudice. Nonetheless, Defendants remain ready and willing to meet and confer should the Court deem any of Plaintiffs' allegations meritorious.

Respectfully submitted,

/s/ Neil S. Ende

_____

Neil S. Ende
*Pro Hac Vice*
Counsel to Michael D. Lansky, LLC
dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

Dated: December 19, 2025

---

calls into every state in the United States or its Territories and thus it did not "conduct its business", as she understands that term, as a terminating carrier in any of those states.

11

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of December 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

/s/ Silsa Cabezas
_____
Silsa Cabezas