**Exhibit I**

**<u>October 17, 2025 Email sent by Plaintiffs</u>**

Greg Taylor                                                          Friday, December 19, 2025 at 4:17:41 PM Central Standard Time

| | |
|---|---|
| **Subject:** | [AZ v. Avid Telecom] Plaintiffs' Meet and Confer Request Re Defendants' Responses to Plaintiffs' First Set of Requests for Admission |
| **Date:** | Friday, October 17, 2025 at 1:49:02 PM Central Daylight Time |
| **From:** | Pelton, Sarah <Sarah.Pelton@azag.gov> |
| **To:** | Neil Ende <nende@tlgdc.com>, Greg Taylor <gtaylor@tlgdc.com>, 'Virginia.Flynn@troutman.com' <Virginia.Flynn@troutman.com>, 'Ashley.Taylor@troutman.com' <Ashley.Taylor@troutman.com> |
| **CC:** | 'Nayer, Tracy' <Tnayer@ncdoj.gov>, 'Erin Leahy' <erin.leahy@OhioAGO.gov>, 'Martindale, Thomas L' <Thomas.Martindale@atg.in.gov>, 'Sparko, Rochelle' <rsparko@NCDOJ.GOV>, 'Emily.Dietz@OhioAGO.gov' <Emily.Dietz@OhioAGO.gov>, Dillon IV, John <John.DillonIV@azag.gov> |
| **Attachments:** | image001.png |

Counsel,

We write regarding Defendants' Responses to Plaintiffs' First Set of Requests for Admission ("Requests"). As set forth below, certain Responses were deficient and improper under the Federal Rules of Civil Procedure.

## **Defendant Reeves' Responses are Replete with Errors which Require Immediate Revision.**

Defendant Reeves' responses contain numerous numbering and typographical errors that render them unintelligible and unusable. For example, Defendant Reeves' numbering skips over the number "9", resulting in mis-numbering throughout the remainder of the document. Consequently, it is impossible to determine which response corresponds to which request. Additionally, Defendant Reeves' responses switch between referring to Defendant Reeves in the first and third person, which adds confusion (*i.e.* Request 11 – "Reeves denies that, in my exclusive capacity as an independent contractor, I had any authority to institute or to implement any policies on any issue."). Accordingly, Defendant Reeves must supplement her responses to Plaintiffs' First Set of Requests for Admissions to correct the numbering and typographical errors and provide clear, properly formatted responses.

## **Defendants' Responses Rely on Meritless and Boilerplate Objections.**

Defendant Reeves' responses to Requests Nos. 1-187, 189-202, 205-212, 214-220, 223-228, 230-267, 269-294, 296-306, 308-310, Defendant Avid Telecom's responses to Requests Nos. 1-290, 292, 294-299, and Defendant Lansky's responses to Requests Nos. 1-157, 159-316 rely on meritless and boilerplate objections. These Requests seek relevant and admissible evidence related to Plaintiffs' causes of action under the Telemarketing and Consumer Fraud and Abuse Prevention Act, the Telemarketing Sales Rules, the Telephone Consumer Protection Act, the Truth in Caller ID Act, and other State and Federal laws protecting consumers against deceptive and illegal telemarketing practices and Defendants' claimed defenses thereto. Specifically, these Requests seek relevant evidence and admissions relating to (categories are not mutually exclusive):

   a. Defendants' direct/indirect knowledge of and involvement in assisting, facilitating, servicing, managing, permitting and compensating telemarketers, customers and/or sellers in transmitting and delivering millions of prerecorded telephone and robocalls (*e.g.* Requests to Reeves Nos. 9, 14-158, 161-63, 165-67, 169-71, 173-75, 177-79, 181-83, 185-87, 189-91, 193-95, 197-99, 201-03, 205-09, 211-13, 2115-17, 219-21, 223-25, 227-29, 231-33, 235-37, 239-41, 243-45, 247-62, 264-75, 280-82, 284-89, 291-93, 295-97, 299, 308-310; Requests to Avid Telecom Nos. 1-156, 159-61, 163-65, 167-69, 171-73, 175-77, 179-81, 183-85, 187-89, 191-93, 195-97, 199-201, 203-07, 209-

11, 213-15, 217-19, 221-23, 225-27, 229-31, 233-35, 237-39, 241-43, 245-60, 262-68, 274-76, 278-80, 282-83, 285-87, 297-99; Requests to Lansky Nos. 1-156, 159-61, 163-65, 167-69, 171-73, 175-77, 179-81, 183-85, 187-89, 191-93, 195-97, 199-201, 203-07, 209-11, 213-15, 217-19, 221-23, 225-27, 229-31, 233-35, 237-39, 241-43, 245-60, 262-74, 279-85, 287-97, 299-300, 302-04, 314-16).

b. Defendants' knowledge of and compliance with applicable Federal and State laws and regulations regarding corporate record retention, telemarketing and robocall schemes (*e.g.* Requests to Reeves Nos. 1-8, 12, 13; Requests to Avid Telecom Nos. 269-71; Requests to Lansky Nos. 275-76).

c. The procedures and methods to prevent—or even significantly mitigate—the perpetration of illegal call traffic onto and across Defendants' Avid Telecom's network (*e.g.* Requests to Reeves Nos. 10-11, 276-79; Requests to Avid Telecom Nos. 157-58, 272-73; Requests to Lansky Nos. 277-78).

d. Defendants' prior statements regarding knowledge of and compliance with applicable Federal and State laws, regulations, and previous litigation regarding corporate record retention, telemarketing and robocall schemes (*e.g.* Requests to Reeves Nos. 159-60, 164, 168, 172, 176, 180, 184, 188, 192, 196, 200, 204, 210, 214, 218, 222, 226, 230, 234, 238, 242, 246, 263; Requests to Avid Telecom Nos. 157-58, 162, 166, 170, 174, 178, 182, 186, 190, 194, 198, 202, 208, 212, 216, 220, 224, 228, 232, 236, 240, 244, 261; Requests to Lansky Nos. 157-158, 162, 166, 170, 174, 178, 182, 186, 190, 194, 198, 202, 208, 212, 216, 220, 224, 228, 232, 236, 240, 244, 261).

e. The veracity of Defendant Reeves' claims that she is/was "limited in her role as an independent contractor" (*e.g.* Requests to Reeves Nos. 300-07; Requests to Avid Telecom Nos. 289-96; Requests to Lansky Nos. 306-313).

f. Evidentiary admissions regarding Defendants' existing document production (*e.g.* Requests to Reeves Nos. 283, 290, 294, 298; Requests to Avid Telecom Nos. 277, 281, 284, 288; Requests to Lansky Nos. 286, 298, 301, 305).

In response to these Requests, Defendants assert the same tired objections, over and over, without explaining how the objections actually apply to each individual Request. Defendants repeat that the Requests are irrelevant, vague and ambiguous and call for legal conclusions based on "specialized definitions" to which Defendants do not agree. But Defendants' boilerplate and generalized objections are inadequate under the Rules and are tantamount to no objection at all. *See Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all.").

For example, Defendants frequently object to the terms like "Business Relationship" as vague and ambiguous, although Plaintiffs defined terms with ample specificity. Additionally, in response to Requests 79 and 80, Defendant Reeves' objections start with "Specific Objections to RFA No. 26." The fact that this error and others similar were repeated multiple times only highlights the boilerplate or cut-and-paste nature of Defendants' objections. *See, e.g.,* Reeves Responses Nos. 15, 21-22, 24, 26, 29, 31, 43, 44, 60, 63, 73, 84, 106-07, 199, 215, 279.

**Defendants' Responses are Evasive, Vague, and Based on an Unreasonable Reading of Plaintiffs' Requests.**

Defendant Reeves' responses to Requests Nos. 3-8, 10-12, 20-25, 27-30, 32-33, 35-38, 39, 40-41, 43-49,

55-103, 105, 108, 112-15, 122-24, 128-37, 140, 141-45, 148-52, 154-59, 160-63, 165-67, 169-74, 177-79, 181-83, 185-87, 189-200, 205-46, 248, 249-50, 254-56, 258-60, 262-64, 267, 269-74, 278-79, 282, 291-92, 296-97, 299, 300-01, Defendant Avid Telecom's responses to Requests Nos. 3-5, 7-11, 14, 18-19, 21-24, 27-29, 31-37, 39-45, 47-105, 107-08, 107-139, 142-54, 156-159, and Defendant Lansky's responses to Requests Nos. 3-5, 7-11, 14, 18-19, 21-24, 27-29, 31-37, 39-45, 47-55, 56-80, 82-105, 108-139, 142-154, 146-159 show a troubling pattern of avoiding the substance of each Request in such a way that makes the response unusable. Federal Rule of Civil Procedure 36 exists to expedite matters for trial by establishing certain matters as true. "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). Requests for admission should not focus on evasion and word play. *Marchand v. Merch Med. Ctr.,* 22 F.3d 933, 938 (9th Cir. 1994).

When the purpose and significance of a request are reasonably clear, courts do not permit denials based on an overly technical reading of the request. *Holmgren v. State Farm Mut. Auto. Ins. Co.,* 976 F.2d 573, 580 (9th Cir.1992) ("Epistemological doubts speak highly of (party's) philosophical sophistication, but poorly of its respect for Rule 36(a)."); *see also U.S. ex rel. Englund v. Los Angeles Cty.,* 235 F.R.D. 675, 685 (E.D. Cal. 2006) ("[A] party who is unable to agree with the exact wording of the request for admission should agree to an alternate wording or stipulation."). Finally, an objection that a request is "ambiguous" is not a sufficient ground unless the request is so ambiguous that a party cannot make good faith, intelligent reply. *Marchand,* 22 F.3d at 938 ("[Parties should] admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted.").

Here, a majority (if not entirety) of each Defendant's responses are so qualified as to be inadequate under Rule 36. For example, many responses include an unnecessary, self-serving qualification that Avid Telecom complied with all applicable state and federal regulations, which few, if any, of the Requests actually sought. Additionally, in other requests, Defendants state they do not understand easily recognizable terms that do not require a separate definition, such as "Universal Service Fund filing" in Request 8 to Defendant Reeves, which she claims to "not understand", but Defendant Lansky does understand in his response to Request 8. Defendants' deliberate efforts to evade and alter the substance of the Requests propounded upon them are improper and in direct violation of Rule 36 of the Federal Rules of Civil Procedure.

Plaintiffs demand that Defendants make themselves available to meet and confer regarding their responses by no later than October 22, 2025. Should Defendants fail to do so, Plaintiffs will proceed with filing motions to compel and will seek all appropriate relief, including sanctions, for having to bring such motions.

Thank you in advance for your anticipated professional courtesy and cooperation.

Plaintiffs reserve all rights.

Regards,

**Sarah Pelton**
Assistant Attorney General
Antitrust & Privacy Unit

> Arizona Attorney General Kris Mayes
> 2005 N. Central Ave.
> Phoenix, AZ 85004



Desk: (602) 542-8018
Sarah.Pelton@azag.gov
http://www.azag.gov