**Exhibit III**

**<u>December 4, 2025 Email for request for Meet and Confer sent by Greg Taylor.</u>**

Greg Taylor                                                    Friday, December 19, 2025 at 4:20:09 PM Central Standard Time

| | |
|---|---|
| **Subject:** | Re: [AZ v. Avid Telecom] Replacement RFA Responses and Motion to Determine Sufficiency of First RFA Responses |
| **Date:** | Thursday, December 4, 2025 at 9:38:11 AM Central Standard Time |
| **From:** | Greg Taylor <gtaylor@tlgdc.com> |
| **To:** | Erin Leahy <erin.leahy@OhioAGO.gov>, Pelton, Sarah <Sarah.Pelton@azag.gov>, Neil Ende <nende@tlgdc.com>, Ritesh Warikallamath <rwarikallamath@tlgdc.com> |
| **CC:** | 'Nayer, Tracy' <Tnayer@ncdoj.gov>, Dillon IV, John <John.DillonIV@azag.gov>, 'Martindale, Thomas L' <Thomas.Martindale@atg.in.gov>, 'Sparko, Rochelle' <rsparko@ncdoj.gov>, Emily Dietz <Emily.Dietz@OhioAGO.gov>, Ashley.Taylor@troutman.com <ashley.taylor@troutman.com>, Virginia Bell Flynn (Virginia.Flynn@troutman.com) <virginia.flynn@troutman.com>, Michael.Lacy@troutman.com <Michael.Lacy@troutman.com>, Swetnam, Douglas <douglas.swetnam@atg.in.gov> |
| **Attachments:** | image001.png, image002.png, image003.png, image004.png, image005.png |

Sarah/Erin:

We are preparing for the parties' meet and confer next week and have some preliminary matters to bring to your attention.

Each of you have alleged Defendants' RFA responses are replete with "boilerplate" objections. We have several concerns. First, your emails do not provide any basis on which we can understand why you believe the objections are improper as "boilerplate." Moreover, while you list a large number of Responses, your emails do not identify which of the objections to each Response you believe to be "boilerplate", nor do you provide any explanation as to why you believe any of the objections are "boilerplate." Our uncertainty is enhanced by the fact that Plaintiffs' Responses to Defendants' discovery contain volumes of these very objections in a similar form.

Boilerplate objections are only improper where the objection is not tied specifically to the request or is even applicable to the request. Our objections are not "boilerplate" under that standard. Moreover, as you likely understand, the mere fact that the same objection appears more than once, does not make any of those objections "boilerplate." To the contrary, the question of whether an objection is "boilerplate" requires a separate analysis of each objection.

Thus, for us to engage fully, we need for you to; (i) identify each objection within each identified Response that you believe to be "boilerplate" and (II) explain why you so believe. If you do so, we will be pleased to respond at the meet and confer.

Your cooperation in facilitating a productive meet and confer next week is appreciated.

Best,
Greg

---

**From:** Erin Leahy <erin.leahy@OhioAGO.gov>
**Date:** Monday, December 1, 2025 at 10:29 AM
**To:** Greg Taylor <gtaylor@tlgdc.com>, "Pelton, Sarah" <Sarah.Pelton@azag.gov>, Neil Ende <nende@tlgdc.com>, Ritesh Warikallamath <rwarikallamath@tlgdc.com>

**Cc:** "'Nayer, Tracy'" <Tnayer@ncdoj.gov>, "Dillon IV, John" <John.DillonIV@azag.gov>, "'Martindale, Thomas L'" <Thomas.Martindale@atg.in.gov>, "'Sparko, Rochelle'" <rsparko@ncdoj.gov>, Emily Dietz <Emily.Dietz@OhioAGO.gov>, "Ashley.Taylor@troutman.com" <ashley.taylor@troutman.com>, "Virginia Bell Flynn (Virginia.Flynn@troutman.com)" <virginia.flynn@troutman.com>, "Michael.Lacy@troutman.com" <Michael.Lacy@troutman.com>, "Swetnam, Douglas" <douglas.swetnam@atg.in.gov>
**Subject:** RE: [AZ v. Avid Telecom] Replacement RFA Responses and Motion to Determine Sufficiency of First RFA Responses

Greg,

Plaintiffs had no confusion about the fact that the three Defendants served untimely RFA responses on 9/24/2025 with Reeves later providing a corrected version which removed the tracked changes that included purported work product. Any confusion we had on Defendants' untimely RFA responses related to your comments at the status conference. Magistrate Ambri requested information on discovery disputes that have arisen since our discovery briefing. John Dillon raised the fact that Plaintiffs attempted to meet and confer on Defendants' untimely RFAs responses by sending written disputes on 10/17/25 (email attached for reference) and had received no responses from Defendants. Your response to the Magistrate on this issue was that supplemental responses were sent about a month ago and perhaps Plaintiffs had not received them. We responded that we were not aware of any supplementation for the RFAs except for the correction from Reeves. It appears from your response below that you are acknowledging that your representation to the Magistrate was false and that there indeed were no responses or supplemental answers sent in response to our 10/17/2025 meet and confer communication.

It is our understanding that you are now attempting to serve a supplemental response for Def. Reeves with this fourth version. However, it appears the version you attached below is again in tracked changes format and appears to include some work product. (See, Response 303) We assume you will want to serve a corrected version again. With the numerous versions you have sent, we would appreciate your changing the title of the document to reflect the fact that it is a First Supplemental Response and serving with the current date on the certificate of service so that we have a clear record.

Additionally, our 10/17/2025 meet and confer communication clearly address the deficiencies with all three Defendants' untimely RFA responses, not just Def. Reeves. The email unmistakably identifies and addresses the numerous deficiencies in all three defendants' responses to Plaintiffs' First Set of Requests for Admission. (*See* headings titled "Defendants' Responses Rely on Meritless and Boilerplate Objections"; *see also* "Defendants' Responses are Evasive, Vague, and Based on an Unreasonable Reading of Plaintiffs' Requests"; *see also* citations to Defendant Avid Telecom's responses to Requests Nos. 1-290, 292, 294-299, 3-5, 7-11, 14, 18-19, 21-24, 27-29, 31-37, 39-45, 47-105, 107-08, 107-139, 142-54, 156-159 and Defendant Lansky's responses to Requests Nos. 1-157, 159-316, 3-5, 7-11, 14, 18-19, 21-24, 27-29, 31-37, 39-45, 47-55, 56-80, 82-105, 108-139, 142-154, 146-159). It has been six weeks since we raised these objections, and we've received no substantive responses  -  just the attempt this week to correct the typos/misnumbering. Given our fast approaching discovery deadline, we will move forward with filing motions.

Sincerely,

                Erin B. Leahy
                Senior Assistant Attorney General



Consumer Protection Section
Office of Ohio Attorney General Dave Yost
30 East Broad St., 14th Floor
Columbus, Ohio 43215

Office number: 614-752-4730
Erin.Leahy@OhioAGO.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

---

**From:** Greg Taylor <gtaylor@tlgdc.com>
**Sent:** Wednesday, November 26, 2025 4:42 PM
**To:** Erin Leahy <erin.leahy@OhioAGO.gov>; Pelton, Sarah <Sarah.Pelton@azag.gov>; Neil Ende <nende@tlgdc.com>; Ritesh Warikallamath <rwarikallamath@tlgdc.com>
**Cc:** 'Nayer, Tracy' <Tnayer@ncdoj.gov>; Dillon IV, John <John.DillonIV@azag.gov>; 'Martindale, Thomas L' <Thomas.Martindale@atg.in.gov>; 'Sparko, Rochelle' <rsparko@ncdoj.gov>; Emily Dietz <Emily.Dietz@OhioAGO.gov>; Ashley.Taylor@troutman.com; Virginia Bell Flynn (Virginia.Flynn@troutman.com) <virginia.flynn@troutman.com>; Michael.Lacy@troutman.com; Swetnam, Douglas <douglas.swetnam@atg.in.gov>
**Subject:** Re: [AZ v. Avid Telecom] Replacement RFA Responses and Motion to Determine Sufficiency of First RFA Responses

Erin:

We have gone through our records and have determined the RFA responses for Defendants Lansky, Avid, and Reeves were produced 9.24.25. We received the attached email from Sarah Pelton October 17th, to advise of deficiencies in the Reeves Responses only (i.e., she did not express any concerns regarding Lansky or Avid).

During the status conference, you mentioned receiving a corrected version to the Reeves responses, and again in your email today. However, it was not clear until after having gone through the paper trail of emails that you are referring to a 2nd Reeves version of RFA responses that were made shortly after initial production and it was determined the responses had some privileged information in the responses. That information was removed and the responses supplemented.

Attached is a revised version of Reeves' RFA responses. Although we do not think our original responses create any material confusion, as a courtesy, we have conformed the first\third person references as we deemed appropriate.

The Lansky and Avid responses were produced in September and as far as we know, you have raised no issue with any of the defendants except Reeves (per Pelton email dated 10.17.25).

We hope this clears up the confusion regarding Defendants' responses.

Best,
Greg Taylor, of Counsel
Technology Law Group, LLC
80 E. Fifth St. **|** Second Floor **|** Edmond, OK 73034
T: +1 405.896.2266 **|** F: +1 405.701.6174
[gtaylor@tlgdc.com](mailto:gtaylor@tlgdc.com) **|** Linkedin: Greg Taylor **|** Twitter: @telcoatty




