KRISTIN K. MAYES
Attorney General of Arizona
(Firm AZ State Bar No. 14000)
John Raymond Dillon IV (AZ State Bar No. 036796)
Sarah Pelton (AZ State Bar No. 039633)
Office of the Arizona Attorney General
2005 North Central Avenue
Phoenix, AZ 85004
Phone: (602) 542-3725
Fax:    (602) 542-4377
consumer@azag.gov

Counsel for Plaintiff State of Arizona

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, *ex rel*. Kristin K. Mayes, Attorney General, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Michael D. Lansky, L.L.C., dba Avid Telecom, *et al.*,<br><br>Defendants. | CASE NO.: 4:23-cv-00233-TUC-CKJ (MAA)<br><br>**DECLARATION OF SARAH PELTON IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEFENDANT MICHAEL D. LANSKY, L.L.C., DBA AVID TELECOM'S DOCUMENT PRODUCTION IN RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

1. I am an Assistant Attorney General in the Civil Litigation Division at the Arizona Attorney General's Office, and counsel of record for Plaintiffs. I have personal knowledge of the facts set forth herein. If called as a witness, I could and would competently testify to the matters stated herein.

2. I submit this declaration in support of Plaintiffs' Motion to Compel Defendant Michael D. Lansky, L.L.C.'s, dba Avid Telecom's ("Avid Telecom"), Document Production in Response to Plaintiffs' First Set of Requests for Production of Documents (the "Motion").

3. On or around February 21, 2025, Plaintiffs served their First Set of Requests for Production of Documents on Defendant Avid Telecom (the "Requests"). Attached hereto as **Exhibit A** is a true and correct copy of Plaintiffs' Requests.

4. Pursuant to Rule 34(b)(2) of the Federal Rules of Civil Procedure, and as requested by Plaintiffs, Defendant Avid Telecom was required to respond to Plaintiffs' Requests within 30-days after being served. *See* Fed. R. Civ. P. 34(b)(2) ("The party to whom the request is directed must respond in writing within 30 days after being served"). This would have made March 24, 2025 the deadline for Defendant Avid Telecom to respond to Plaintiffs' Requests.

5. However, Defendant Avid Telecom did not respond to Plaintiffs' Requests by the required March 24, 2025 deadline.

6. Accordingly, on or around March 26, 2025, Plaintiffs' counsel emailed defense counsel seeking an update on the status of Avid Telecom's overdue responses to Plaintiffs' Requests. A true and correct copy of Plaintiffs' March 26, 2025 email is attached hereto as **Exhibit B**.

7. Defense counsel did not respond to Plaintiffs' March 26, 2025 email correspondence.

8. On or around March 31, 2025, Plaintiffs' counsel once again emailed defense counsel requesting an update on Defendant Avid Telecom's overdue responses to Plaintiffs' Requests. A true and correct copy of Plaintiffs' March 31, 2025 email is attached hereto as **Exhibit C**.

9. Also on or around March 31, 2025, defense counsel responded to Plaintiffs' March 31 email, apologizing for his "late reply" and requesting until April 30, 2025 to "fully respond" to Plaintiffs' Requests. A true and correct copy of defense counsel's March 31, 2025 email is attached hereto as **Exhibit D**.

10. The parties subsequently stipulated to an April 30, 2025 deadline for Defendant Avid Telecom to respond to Plaintiffs' Request. A true and correct copy of the parties' stipulation is attached hereto as **Exhibit E**.

2

11. On or around April 30, 2025, defense counsel emailed Plaintiffs' counsel maintaining that they were "still working on the document responses" and that they were "not sure we will be finished today, but [sic] am sure we will have them completed by COB, Friday [May 2, 2025]." A true and correct copy of defense counsel's April 30, 2025 email is attached hereto as **Exhibit F**.

12. On or around May 2, 2025, defense counsel served three copies of Defendant Lansky's responses to Plaintiffs' Requests via email. However, responses from Defendants Avid Telecom and Defendant Reeves were not included in this email. A true and correct copy of defense counsel's May 2, 2025 email and the identical Responses are attached hereto as **Exhibit G** and **Exhibit H.**

13. Accordingly, on or around May 7, 2025, Plaintiffs' counsel emailed defense counsel requesting Defendant Avid Telecom's responses to Plaintiffs' Requests. A true and correct copy of Plaintiffs' May 7, 2025 email is attached hereto as **Exhibit I**.

14. Defense counsel did not respond to Plaintiffs' May 7, 2025 correspondence.

15. On or around May 16, 2025, Plaintiffs' counsel sent a meet and confer request correspondence to defense counsel, requesting defense counsel's availability for a meet and confer regarding Defendant Avid Telecom's failure to respond to Plaintiffs' Requests. Attached hereto as **Exhibit J** is a true and correct copy of the May 16, 2025 email to defense counsel.

16. Defense counsel did not respond to the May 16, 2025 meet and confer request correspondence.

17. On or around May 27, 2025, Plaintiffs sent another email correspondence to counsel for Defendant Avid Telecom, once again seeking their availability for a meet and confer regarding Defendant Avid Telecom's failure to respond to Plaintiffs' Requests. Attached hereto as **Exhibit K** is a true and correct copy of the May 27, 2025 email to defense counsel.

18. The following day, May 28, 2025, defense counsel emailed Plaintiffs and stated that he would "try to have a substantive response for you later today or tomorrow."

3

A true and correct copy of defense counsel's May 28, 2025 email is attached hereto as **Exhibit L**.

19. Defense counsel never provided a response to Plaintiffs' meet and confer correspondences. Nor did Defendant Avid Telecom provide documents responsive to Plaintiffs' Requests.

20. On or around June 19, 2025, Plaintiffs notified the Court of Defendant Avid Telecom's failure to respond to Plaintiffs' First Set of Requests for Production. The Court later instructed the parties to meet and confer by June 27, 2025. A true and correct copy of the Court's instruction is attached hereto as **Exhibit M**.

21. On or around June 20, 2025, pursuant to the Court's instruction, Plaintiffs emailed defense counsel to schedule a meet and confer. A true and correct copy of Plaintiffs' email is attached hereto as **Exhibit N**.

22. Defense counsel did not respond to Plaintiffs' June 20, 2025 correspondence.

23. On or around June 30, 2025, Plaintiffs notified the Court of defense counsel's failure to even provide dates of availability to schedule a meet and confer regarding Plaintiffs' disputes.

24. On or around July 1, 2025, the Court ordered the parties to "consult and make sincere efforts to resolve the dispute" related to Defendant Avid Telecom's failure to respond to Plaintiffs' First Set of Requests for Production by July 11, 2025. *See* Dkt. #118. A true and correct copy of the Court's order (Dkt. #118) is attached hereto as **Exhibit O**.

25. On or around July 2, 2025, Plaintiffs emailed defense counsel asking for availability for a meet and confer. A true and correct copy of Plaintiffs' email is attached hereto as **Exhibit P**. The parties subsequently scheduled a meet and confer for the following week.

26. On or around July 9, 2025, the parties held a telephonic meet and confer, regarding among other issues, Defendant Avid Telecom's failure to respond to Plaintiffs' First Set of Requests for Production.

27. As a result of the parties' meet and confer, Defendants agreed to provide Defendant Avid Telecom's written responses to Plaintiffs' First Set of Requests for Production and inform Plaintiffs when document production could be expected by July 11, 2025. A true and correct copy of the parties' correspondence is attached hereto as **Exhibit Q**.

28. However, Defendant Avid Telecom failed to provide its responses to Plaintiffs' First Set of Requests for Production or inform Plaintiffs when document production could be expected by July 11, 2025.

29. On or around July 18, 2025, defense counsel acknowledged that three identical Responses were served for all Defendants. A true and correct copy of defense counsel's July 18, 2025 email is attached hereto as **Exhibit R**.

30. On or around July 22, 2025, defense counsel served Avid Telecom's supplemental responses to Plaintiffs' First RFPs. A true and correct copy of defense counsel's July 22 email and attached supplemental responses are attached hereto as **Exhibit S** and **Exhibit T**.

31. On or around August 11, 2025, Plaintiffs contacted the Court to request that discovery disputes be referred to a Magistrate Judge. A true and correct copy of Plaintiffs' email is attached hereto as **Exhibit U**.

32. Defendant Avid Telecom did not provide a conforming document production by the court's deadline (Dkt. #169) of November 28, 2025. A true and correct copy of the Court's order (Dkt. #169) is attached hereto as **Exhibit V**.

33. On or around December 3, 2025, Plaintiffs emailed defense counsel informing them that Defendants had not met the Court's deadline. A true and correct copy of Plaintiffs' email is attached hereto as **Exhibit W**.

34. Defense counsel did not respond to Plaintiffs' December 3, 2025 correspondence.

35. On or around December 9, 2025, the parties participated in a meet and confer. During the meeting, Plaintiffs raised the issue of Defendant Avid Telecom's nonexistent document production.

36. To date, Defendant Avid Telecom has still not made a production of documents.

37. Due to Defendant Avid Telecom's unwillingness to engage in any meet and confer process or produce documents to Plaintiffs' First Set of Requests for Production of Documents, Plaintiffs had no choice but to draft and file the Motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 7, 2026 at Phoenix, Arizona.

*/s/   Sarah Pelton*
Sarah Pelton (AZ State Bar No. 039633)

Counsel for Plaintiff State of Arizona

**CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2026, I caused the foregoing **DECLARATION OF SARAH PELTON IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEFENDANT MICHAEL D. LANSKY, L.L.C., DBA AVID TELECOM'S DOCUMENT PRODUCTION IN RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** to be filed and served electronically via the Court's CM/ECF system upon counsel of record.

/s/ Sarah Pelton
Assistant Attorney General
Counsel for the Plaintiff State of Arizona