# Exhibit A

**Pelton, Sarah**

| | |
|---|---|
| **From:** | Martindale, Thomas L <Thomas.Martindale@atg.in.gov> |
| **Sent:** | Thursday, March 6, 2025 1:41 PM |
| **To:** | Neil Ende; Greg Taylor |
| **Cc:** | Nayer, Tracy; Erin Leahy; Sparko, Rochelle; Patrick Crotty; Michel Singer Nelson; Swetnam, Douglas; Meislik, Alyse; Jones, Dylan; Dilweg, Laura; Pelton, Sarah; Martindale, Thomas L |
| **Subject:** | Plaintiffs' First Request for Production to Michael Lansky |
| **Attachments:** | Pls' 1st RFPs to LANSKY (Issued 03-06-2025).pdf |

Good afternoon,

Attached you will find Plaintiffs' First Request for Production to Michael Lansky.  Please respond with your production within 30 days.  If physical production is necessary, please provide that to the Arizona Attorney General's Office.

Thank you, Tom


**Thomas Martindale**
Deputy Attorney General
Data Privacy & Identity Theft Unit
Consumer Protection Division
Office of Attorney General Todd Rokita
302 West Washington Street, IGCS 5th Floor
Indianapolis, IN 46204
p: (317)232-7751 |f: (317)232-7979
thomas.martindale@atg.in.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, *ex rel*. Kristin K. Mayes, Attorney General; et al., | |
| Plaintiffs, | No. 4:23-CV-00233-TUC-CKJ |
| v. | |
| Michael D. Lansky, L.L.C., dba Avid Telecom, et al., | |
| Defendants. | |

## PLAINTIFFS' FIRST RULE 34 REQUESTS FOR PRODUCTION TO MICHAEL D. LANSKY

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs, by and through the undersigned attorneys, hereby submit their First Rule 34 Requests for Production ("Requests") to Defendant Michael D. Lansky. Please produce the following documents within thirty (30) days.

## DEFINITIONS

As used herein, the following words shall have the following meanings:

1. Use of singular shall be deemed to include the plural. As used herein, the terms "and" and "or," "any" and "all," and "each" and "every" shall be interpreted liberally, as conjunctive, disjunctive, or both depending on the context, to achieve the fullest disclosure of information.

2.     "Communication" or "communications" means any act, action, oral speech, written correspondence, contact, expression of words, thoughts, or ideas, or transmission or exchange of data or other information to another Person, whether orally, Person to Person, in a group, by telephone, letter, personal delivery, intercom, fax, e-mail, text message, voicemail, audio recording, video recording, social media, or any other process, electric, electronic or otherwise in any medium. All such communications in writing shall include, without limitation, printed, typed, handwritten, or other readable Documents.

3.     "Defendants" means the Corporate Defendant and Individual Defendants, individually, collectively or in any combination.

a.     "Corporate Defendant" means Michael D. Lansky, L.L.C., dba Avid Telecom its members, agents, independent contractors, associates, employees, affiliates, supervisors, representatives and/or any other Person entitled to act or purporting to act on the Corporate Defendant's behalf, which includes, but is not limited to any trade names, fictitious names, or "doing business as" names, and its successors and assigns. The term also includes present and former owners, officers, directors, employees, independent contractors, agents, representatives, attorneys, and all Persons working for or acting on behalf of the foregoing.

b.     "Individual Defendants" means Michael D. Lansky and Stacey S. Reeves collectively.

c.     "Defendant Lansky" means Michael D. Lansky individually.

       d.    "Defendant Reeves" means Stacey S. Reeves individually.

4.    "Direct Inward Dial" or "DID" means any telephone number that conforms to the North American Numbering Plan and can be used to Transmit inbound or outbound voice calls.

5.    "Do Not Call Complaints" means a complaint or inquiry from any source that references an unwanted call(s) or a pattern of calling made to telephone number(s) listed on the National Do Not Call Registry maintained by the FTC or a comparable Do Not Call list maintained pursuant to a state law.

6.    "Document" or "documents" as used herein includes all paper records and all electronically stored information, including the original and any non-identical copy (whether different from the original because of notations on such copy or otherwise, and including all draft versions of the original), of any written, recorded, or graphic matter, however produced or reproduced, including, but not limited to, all correspondence, Communications, web pages, social media communications, photographs, contracts (including drafts, proposals, and any and all exhibits thereto), drafts, minutes and agendas, memoranda (including inter- and intra-office memoranda, memoranda for file, pencil jottings, diary entries, desk calendar entries, reported recollections, and any other written form of notation of events or intentions), transcripts and recordings of conversations and telephone calls, audio and video media files, books of account, ledgers, publications, professional journals, invoices, financial statements, purchase orders, receipts, canceled checks, machine generated records of events, and all other paper or electronic documentary material of any nature whatsoever, together with any attachments thereto or enclosures

therewith. The term also includes information stored in, or accessible through, computer or other information retrieval systems, together with instructions and all other materials necessary to use or interpret such data complications.

7.    "Downstream Provider" means any voice service provider to which an Upstream Provider directly Transmits voice call traffic. A Downstream Provider may also be a point of entry provider onto the U.S. telephone network, or an intermediate or transit provider. A voice service provider's classification as a Downstream Provider may change on a per call basis.

8.    "FCC" means the Federal Communications Commission.

9.    "FTC" means the Federal Trade Commission.

10.    "Location Routing Number" or "LRN" means an identification for a telephone switch for the purpose of routing telephone calls through the public switched telephone network in the United States.

11.    "Non-Provider Customer" means any of the Corporate Defendant's voice customers that do not have a valid FCC Registration Number or do not have a valid Form 499 number and it does not provide either Voice over Internet Protocol ("VoIP") or a telecommunication service as those services are defined in the Communications Act, 47 U.S.C. § 153.

12.    "Person" means any individual, group, organization, unincorporated association, limited or general partnership, corporation, subsidiary, affiliate, or other legal entity. This includes any entity that holds itself out and conducts business as a legally

4

formed entity but has failed to comply with all applicable state laws to form a legally recognized entity in the jurisdiction in which it conducts its business.

13.    "Regarding," "Relating to," "Relate," "Related" and any derivation of these words mean consisting of, referring to, reflecting, supporting, evidencing, prepared in connection with, used in preparation for, underlying, or being in any way legally, logically, or factually connected to the matter discussed, whether in whole or in part, directly or indirectly.

14.    "Relevant Period" means the period starting five years prior to the date the initial Complaint in this action was filed through the present. All Requests pertain to the Relevant Period unless otherwise stated.

15.    "SIP Response Code" means a three-digit integer response code that details the status of a request to establish a telephone connection.

16.    "Robocall" means a voice call that delivers an artificial or prerecorded voice message, in whole or in part, including, without limitation, a voice call that utilizes soundboard technology and/or ringless voicemail messages, whether acting directly or through an intermediary. Robocall can also include calls that introduce an advertisement or constitute telemarketing, and are meant to be synonymous with non-conversational call traffic, including calls lasting less than one minute.

17.    "Spoof" or "Spoofing" means causing or causing to be Transmitted misleading or inaccurate caller identification information that disguises the caller's true identity.

18. "STIR/SHAKEN" or "STIR/SHAKEN authentication framework" means the secure telephone identity revisited and signature-based handling of asserted information using tokens standards. *See* 47 U.S.C. § 227b.

19. "Supported Data Format" means Microsoft Excel 2016 spreadsheet files or prior *.xlsx or *.xls files, Microsoft Access 2016 database files or prior *.accdb or *.mdb files, and ASCII delimited, comma- or tab-separated format text files with field names as the first record.

20. "Suspicious Call Traffic" means a pattern of voice calls that: (1) transit one or more voice service provider networks and (2) have characteristics associated with abusive, unlawful, or fraudulent practices (including, but not limited to, lack of header information, volumetric anomalies, calling or called party information modification, complaints received from called parties, law enforcement, third-party aggregators, or call transcripts). *See* USTelecom, *Industry Traceback Group Policies and Procedures*, at 5 (last revised April 2022), *available at* https://tracebacks.org/wp-content/uploads/2022/04/ITG-Policies-and-Procedures-Updated-Apr-2022.pdf.

21. "Traceback" or "traceback" means any effort to trace back the origin of a call or calls, including, but not limited to, a request from the industry traceback consortium as defined in 47 C.F.R. § 64.6300(f), another voice service provider in the call path, the FCC, or a civil or criminal law enforcement agency.

22. "Transmit" or "Transmitted" means to accept, initiate, send, transit, route, make, and/or complete calls.

23.    "Upstream Customers" means each of the following:

    a.    Airespring;

    b.    AllClear Connect;

    c.    Autelecom LLC;

    d.    BestiumPro;

    e.    Connexum LLC;

    f.    DID Central;

    g.    Digital Media Solutions and any subsidiaries or affiliates;

    h.    Great Choice Telecom LLC;

    i.    Great Lakes Communication;

    j.    Icon Global Services;

    k.    JSquared / RPG / Rising Eagle;

    l.    Virtual Telecom/Mobi Telecom LLC;

    m.    Modok Telecom;

    n.    NGL Communications LLC;

    o.    Red Telecom LLC;

    p.    StrategicIT;

    q.    TCA VoIP;

    r.    Telcast Network / Voovertel;

    s.    Telesero / Fiducia;

    t.    Tellza / Phonetime / Matchcom;

    u.    Third Rock Telecom;

  v.  TouchTone;

  w.  Trixcom / Vibtree Technologies, LLC;

  x.  Urth Access, LLC;

  y.  VOIP Terminator / BL Marketing;

  z.  Yodel Technologies / Yodel Voice;

  aa. Any provider whose principal place of business is outside of the United States, or who is incorporated in Wyoming;

  bb. Any entity who has Transmitted a call to Corporate Defendant's network where the calling telephone number was 911; and

  cc. Any entity who has Transmitted a call to Corporate Defendant's network that was the subject of a Traceback.

24. "Upstream Provider" means any voice service provider, whether U.S.-based or physically located and/or registered as a business outside of the United States in a foreign jurisdiction, from which a Downstream Provider directly accepts voice call traffic. An Upstream Provider may also be a point of entry provider onto the U.S. telephone network. A voice service provider's classification as an Upstream Provider may change on a per-call basis.

25. "You" or "Your" refers to Defendant Michael D. Lansky.

## REQUESTS FOR PRODUCTION

1.      Provide all Documents reflecting and Communications Regarding the terms of all contracts, agreements, and other business relationships between You and Corporate Defendant.

2.      Provide Documents and Communications Regarding all invoices, bills, payment records or other Documents Relating to requests for payment or otherwise Regarding payment between You and Corporate Defendant's Upstream Customers.

3.      Provide all Documents and Communications Regarding any soft switches or other services Corporate Defendant uses or used to Transmit calls, including but not limited to contracts, terms of use, user guides, and technical manuals.

4.      Provide all Documents and Communications describing actions You took as a result of Corporate Defendant's written policies, practices, or procedures Relating to Your or the Corporate Defendant's compliance with the Telemarketing and Consumer Fraud and Abuse Prevention Act (15 U.S.C. § 6103), the Telemarketing Sales Rule (16 C.F.R. § 310 *et seq.*), the Telephone Consumer Protection Act and its rules (47 U.S.C. § 227, 47 C.F.R. Part 64, Subparts L (§ 64.1200), P (§§ 64.1600 to 64.1604), and HH (§§ 64.6300 to 6308)) and all other state and federal laws that regulate any of the following: telemarketing, autodialed calls, calls to numbers on the National Do Not Call Registry, Robocalls, and calls using Spoofed calling numbers.

5.      Provide all Documents and Communications describing actions You took as a result of Corporate Defendant's written policies, practices, or procedures Relating to the training of Your or Corporate Defendant's officers, employees, independent contractors,

partners, agents, parents, controlled subsidiaries, affiliates, assigns, representatives, and all Persons acting on You or Corporate Defendant's behalf to instruct them about compliance with the Telemarketing and Consumer Fraud and Abuse Prevention Act (15 U.S.C. § 6103), the Telemarketing Sales Rule (16 C.F.R. § 310 *et seq.*), the Telephone Consumer Protection Act and its rules (47 U.S.C. § 227, 47 C.F.R. Part 64, Subparts L (§ 64.1200),P (§§ 64.1600 to 64.1604), and HH (§§64.6300 to 6308)), and all other state and federal laws that regulate any of the following: telemarketing, autodialed calls, calls to numbers on the National Do Not Call Registry, Robocalls, and calls using Spoofed calling numbers.

6.    Provide all Communications or Documents Relating to Communications, including all text messages, emails, Skype/WhatsApp/Signal/Telegram messages, or any other forms of Communication that Relate to compliance with the Telemarketing and Consumer Fraud and Abuse Prevention Act (15 U.S.C. § 6103), the Telemarketing Sales Rule (16 C.F.R. § 310 *et seq.*), the Telephone Consumer Protection Act and its rules (47 U.S.C. § 227, 47 C.F.R. Part 64, Subparts L (§ 64.1200), P (§§ 64.1600 to 64.1604), HH (§§64.6300 to 6308)), or any other state and federal laws that regulate any of the following: telemarketing, autodialed calls, calls to numbers on the National Do Not Call Registry, Robocalls, and calls using Spoofed calling numbers.

7.    Provide all Documents and Communications Relating to actions You took as a result of Corporate Defendant's written policies, practices, or procedures Relating to screening, onboarding, and Know Your Customer due diligence review for Non-Provider Customers and Upstream Providers for which Corporate Defendant was the Downstream

Provider, including specifications provided to any third parties used to help conduct Your review or Corporate Defendant's review.

8.    Provide all Documents and Communications Regarding actions You took to verify or confirm the credibility, authenticity, or truthfulness of the following Documents provided by each Upstream Customer prior to or at the time the Upstream Customer was onboarded and before the Upstream Customer was activated on Corporate Defendant's network:

      a.    FCC 499 Filer ID;

      b.    FCC Registration Number ("FRN");

      c.    Trade references from respected sources;

      d.    A STIR/SHAKEN compliance plan;

      e.    Bank references;

      f.    State of incorporation;

      g.    Federal tax ID;

      h.    A description of kind(s) of traffic that they will deliver;

      i.    Company's responsible parties;

      j.    Any signed Master Service Agreement (MSA) with Avid Telecom;

      k.    Proof of federal Universal Service Fund ("FUSF") compliance for the current year; and

      l.    Robocall Mitigation Plan filed in the Robocall Mitigation Database maintained by the FCC.

9. Provide all Documents and Communications Regarding actions You took to verify or confirm the credibility, authenticity, or truthfulness of the Documents described in Request No. 8 that were provided after the Upstream Customer was activated on Corporate Defendant's network.

10. Provide all Documents and Communications Relating to the activation and/or termination of the automated processes that You or Corporate Defendant had in place to block calls prior to hitting the routing engine in Your or Corporate Defendant's switch, as described in ECF Nos. 46-1 at 1, 46-2 at 1, 47-1 at 18, 48-2 at 1, 49-1 at 18.

11. Provide all Documents and Communications Relating to the implementation of automated processes that You or Corporate Defendant had in place to block calls prior to hitting the routing engine in Corporate Defendant's switch, as described in ECF Nos. 46-1 at 1, 46-2 at 1, 47-1 at 18, 48-2 at 1, 49-1 at 18, including the following processes:

    a. blocking calls with an invalid caller ID;

    b. blocking calls with matching originating and terminating numbers;

    c. blocking "Neighborhood Spoofing" calls (i.e., calls with the same "NPA/NXX");

    d. blocking calls from blacklisted media IP's (i.e., media IP's that are known to have been used for scams, such as government and corporate impersonation.);

    e. blocking calls from phone numbers that are known to be used for Spoofing;

f.   blocking ANIs on a real time basis that produce less than 5% ASR, 5 second or less ACD, and any number with greater than 60% short duration calls (calls of 6 seconds or less);

g.   blocking calls from wireless ANIs unless the customer is a wireless carrier;

h.   blocking calls that have been labeled as "almost certainly" spam by YouMail; and

i.   blocking calls that are labeled as "scam" by YouMail.

12.   Provide all Documents and Communications Relating to actions You took as a result of Corporate Defendant's written policies, practices, or procedures Relating to blocking any calls that are not STIR/SHAKEN compliant.  (*See* ECF Nos. 46-1 at 17, 46-2 at 17, 47-1 at 41, 48-2 at 17, 49-1 at 41)

13.   Provide all Documents and Communications Relating to actions You took as a result of Corporate Defendant's written policies, practices, or procedures Relating to blocking any calls from originating numbers on the SOMOS Do Not Originate list.  (*See* ECF Nos. 46-1 at 17, 46-2 at 17, 47-1 at 41, 48-2 at 17, 49-1 at 41)

14.   Provide all Documents and Communications Relating to actions You took as a result of Corporate Defendant's written policies, practices, or procedures Relating to terminating Upstream or Downstream Providers where a provider has received "a material number of traceback 'tickets,'" as described by Defendants in ECF Nos. 46-1 at 4, 46-2 at 4, 47-1 at 21, 48-2 at 4, 49-1 at 21.

15.     Provide any Documents and Communications Relating to actions You took as a result of Corporate Defendant's written policies, practices, or procedures Relating to terminating Non-Provider Customers where they have received a material number of Tracebacks.

16.     Provide all Documents and Communications Relating to actions You took as a result of Corporate Defendant's written policies, practices, or procedures Relating to determining, setting or modifying voice services switch settings such as call capacity, call routing, call blocking and filtering, or call analytics (e.g., thresholds for answer-seizure ratios and/or average call durations).

17.     Provide all Documents and Communications Relating to actions You took in determining, setting, or modifying voice services switch settings such as call capacity, call routing, call blocking and filtering, or call analytics (e.g., thresholds for answer-seizure ratios and/or average call durations), call signaling, and other network-wide settings.

18.     Provide all Documents and Communications Relating to actions You took in determining, setting, or modifying voice services switch settings such as call capacity, call routing, call blocking and filtering, or call analytics (e.g., thresholds for answer-seizure ratios and/or average call durations), call signaling, and other customer specific account settings for all Upstream Customers.

19.     Provide all Documents and Communications Relating to the "Dialer Special" product or service, including Your role in developing or setting the same.

20.     Provide all Documents and Communications describing actions You took as a result of Corporate Defendant's written policies, practices, or procedures to verify that

14

Corporate Defendant's Non-Provider Customers are authorized to use the calling numbers that are passed to its network.

21.    Provide all Documents and Communications describing actions You took to continue to monitor the authorizations to use the calling numbers described in Request No. 20, and the actions You took if noncompliance was suspected and/or identified by You or Corporate Defendant, or brought to Your attention by  members, agents, independent contractors, associates, employees, affiliates, supervisors, representatives and/or any other Person entitled to act or purporting to act on the Corporate Defendant's behalf, or by any third party.

22.    Provide all Documents and Communications describing actions You took as a result of Corporate Defendant's written policies, practices, or procedures Relating to monitoring, reviewing, and analyzing voice call traffic to identify patterns consistent with Suspicious Call Traffic or Robocalls from Non-Provider Customers or Upstream Providers for which Corporate Defendant was the Downstream Provider.

23.    Provide all Documents and Communications describing actions You took as a result of Corporate Defendant's written policies, practices, or procedures Relating to processes for segregating high volume, short duration traffic from other call traffic.

24.    Provide all Documents and Communications describing actions You took as a result of Corporate Defendant's written policies, practices, or procedures Relating to processes for screening, monitoring, reviewing, and analyzing each type of traffic described in Request No. 23 to identify patterns consistent with Suspicious Call Traffic or Robocalls.

25.     Provide all Documents and Communications describing actions You took as a result of Corporate Defendant's written policies, practices, or procedures Relating to any consequences, including but not limited to suspension or termination, for an Upstream Provider or Non-Provider Customer if its call traffic demonstrates a pattern consistent with Suspicious Call Traffic or Robocalls. Please include Documents and Communications describing consequences Relating to misrouting high volume, short duration calls over non-short-duration routes.

26.     Provide all Documents and Communications Relating to any regulatory investigations, complaints, and inquiries that have been conducted against You or Corporate Defendant Relating to Suspicious Call Traffic or Robocalls.

27.     Provide all Documents and Communications Relating to the customer onboarding process for all Upstream Providers or Non-Provider Customers for which Corporate Defendant Transmitted calls to telephone numbers with area codes assigned to the United States.

28.     Provide all Documents and Communications, including all text messages, emails, Skype/WhatsApp/Signal/Telegram messages, or any other forms of Communications with all Upstream Providers or Non-Provider Customers from which Corporate Defendant Transmitted calls to telephone numbers with area codes assigned to the United States.

29.     Provide all Documents and Communications, including all text messages, emails, Skype/WhatsApp/Signal/Telegram messages, or any other forms of Communications with all Upstream Providers or Non-Provider Customers from which

Corporate Defendant Transmitted calls addressing implementation or violations of any of Corporate Defendant's policies, practices, or procedures.

30.    Provide all Communications between You and (1) the other Individual Defendant, (2) Corporate Defendant, or (3) any Downstream Providers, including all text messages, emails, Skype/WhatsApp/Signal/Telegram messages, or any other forms of Communications, Regarding Tracebacks, Robocalls, Do Not Call Complaints, or any suspensions, terminations, and/or threats of suspension or termination You or Corporate Defendant received from any source.

31.    Provide all Communications between You and (1) the other Individual Defendant, (2) Corporate Defendant, or (3) any Upstream Customer, including all text messages, emails, Skype/WhatsApp/Signal/Telegram messages, or any other forms of Communications, Relating to Suspicious Call Traffic or Robocalls.

32.    Provide all Communications between You and (1) the other Individual Defendant, (2) Corporate Defendant, (3) any third party, or (4) any Upstream Customer including all text messages, emails, Skype/WhatsApp/Signal/Telegram messages, or any other forms of Communication Regarding regulatory investigations, Do Not Call Complaints, civil investigative demands, subpoenas or inquiries from civil or criminal law enforcement agencies or third parties that have been directed toward You or Corporate Defendant Relating to Suspicious Call Traffic or Robocalls.

33.    Provide all Communications between You and (1) the other Individual Defendant, (2) Corporate Defendant, (3) any third party, or (4) any Downstream Provider, Regarding Tracebacks, Robocalls, or Do Not Call Complaints. Provide Communications

17

involving You, Corporate Defendant, or the other Individual Defendant, as senders or recipients, Regarding any calls that Corporate Defendant Transmitted to telephone numbers assigned to any public safety answering point, hospital, medical physician or service office, health care facility, poison control center, or fire protection or law enforcement agency.

34.     Provide all Communications involving You, Corporate Defendant, and/or the other Individual Defendant, as senders or recipients, Regarding the call traffic received from any Upstream Customer that Corporate Defendant Transmitted to telephone numbers with area codes assigned to the United States.

35.     Provide all Documents and Communications involving You, Corporate Defendant, and/or the other Individual Defendant, as senders or recipients, Regarding the solicitation and/or onboarding of customers or potential customers.

36.     Provide all Documents and Communications involving You, Corporate Defendant, and/or the other Individual Defendant, as senders or recipients, Relating to suspension or termination of business relationships with Upstream Providers and Non-Provider Customers.

37.     Provide all Documents and Communications that Relate to Your or Corporate Defendant's receipt of and response to complaints about abusive, fraudulent, or unwanted telephone calls, or ensuring Corporate Defendant's compliance with state and federal telemarking laws.

38.     Provide all Documents and Communications Regarding Your payroll and other compensation records, including but not limited to Your W-2 and/or 1099 forms, any

retirement or pension benefits, health, vision, dental, disability, and/or life insurance plans or premium reimbursements.

39.    Provide all Documents Relating to any payments to You for services provided by You or the Corporate Defendant.

40.    Provide all Documents Relating to payments You made on behalf of Corporate Defendant for corporate purchases and expenses.

41.    Provide all Documents Relating to Your requests for reimbursement from Corporate Defendant, and reimbursements made to You by Corporate Defendant, for corporate purchases and expenses.

42.    Provide all Documents Relating to payments Corporate Defendant made on Your behalf for personal purchases or expenses.

43.    Provide all Documents Relating to Corporate Defendant's requests for reimbursements from You, and reimbursements made by You to Corporate Defendant, for personal purchases and expenses.

44.    Provide all Documents and Communications Relating to Corporate Defendant's acquisition or sale of fixed assets, and Corporate Defendant's authorization for You or the other Individual Defendant to use such assets.

45.    Provide all Documents Regarding any payment made by You to switch providers and/or any Person providing Robocall mitigation analytics or services.

46.    Provide all Documents Regarding all annual payments You made to access phone numbers on the FTC's National Do Not Call Registry.

47.     Provide all Documents Relating to Your policies and/or procedures Regarding the sale, lease, assignment, or any other way in which You make DIDs available for use by any Person, to the extent that those policies and/or procedures differ from those of the Corporate Defendant, including but not limited to Documents Relating to payments.

48.     Provide all Documents and Communications describing actions You took as a result of Corporate Defendant's written policies and procedures Regarding the sale, lease, assignment, or any other way in which You make DIDs available for use by any Person, including but not limited to Documents Relating to payments.

49.     Provide all Documents Relating to Your purchase, lease, and/or assignment of DIDs from any Person, including but not limited to Documents Relating to payments.

50.     Provide all Documents identifying any Person to which You sold, leased, assigned, or otherwise made DIDs available.

51.     Provide all Documents Regarding payments made to You by any Person to which You sold, leased, assigned, or otherwise made DIDs available.

52.     Provide all Documents showing on a monthly basis the total number of DIDs sold, leased, assigned, or otherwise made available to each Person identified in Request No. 50.

53.     Provide all Documents and Communications involving You, Corporate Defendant, and/or the other Individual Defendant, as senders or recipients, Regarding Corporate Defendant's filings with the FCC, including but not limited to:

    a.      Domestic Section 214 approval form;

    b.      FCC Form 477;

      c.      FCC Form 499-A Telecommunications Reporting Worksheet;

      d.      FCC Form 499-Q Telecommunications Reporting Worksheet;

      e.      FCC Form 502 Numbering Resource Utilization Forecast;

      f.      Section 64.2009 Annual CPNI Compliance Certification;

      g.      Annual Regulatory Fee Forms;

      h.      International 214 Approval;

      i.      International Service Tariff;

      j.      All current or previous versions of any Robocall Mitigation Program or Plan filed in the Robocall Mitigation Database pursuant to 47 C.F.R. § 64.6305.

54.    Provide all Documents and Communications involving You, Corporate Defendant, and/or the other Individual Defendant, as senders or recipients, Relating to Corporate Defendant's filings with any state public service commission or public utility commission Relating to Corporate Defendant's provision of voice services.

55.    Provide all versions of the Documents and Communications involving You, Corporate Defendant, and/or the other Individual Defendant, as senders or recipients, Relating to the following Documents maintained by Corporate Defendant pursuant to Arizona Revised Statute § 29-3410(A):

      a.      Any lists of the full name and last known address of each member and manager;

      b.      Any copies of the articles of organization and all amendments to the articles of organization;

c.      Any copies of all current and prior written operating agreements and amendments to all current and prior written operating agreements;

d.      Any record of a member's obligation to make a capital contribution to the company;

e.      Any copies of the company's federal, state and local income tax returns and reports, if any, for the three most recent years; and

f.      Any copies of the company's financial statements, if any, for the three most recent years.

56.    Provide all Documents and Communications involving You, Corporate Defendant, and/or the other Individual Defendant, as senders or recipients, Relating to discovery requests in the *Avid Telecom LLC, et al. v. Frankel, et al.*, No. 4:22-cv-00558 (D. Ariz. 2022) litigation.

57.    Provide all Documents and Communications involving You, Corporate Defendant, and/or the other Individual Defendant, as senders or recipients, Relating to discovery requests in the *Michael D. Lansky, LLC, et al. v. TransNexus, Inc.*, No. 1:22-cv-04829 (N.D. Ga. 2022) litigation.

58.    Provide all Communications between You, Corporate Defendant, and/or the other Individual Defendant, as senders or recipients, and third parties Regarding this litigation.

59.    Provide all Communications between You. Corporate Defendant, and/or the other Individual Defendant, as senders or recipients, with Downstream Providers

Regarding the civil investigative demands Relating to the Corporate Defendant issued by the North Carolina Department of Justice.

60.    Provide all Communications between You, Corporate Defendant, and/or the other Individual Defendant, as senders or recipients, and third parties Relating to the *Rokita v. Michael D. Lansky, LLC, et al.*, No. 49D02-2211-MI-037726 (Marion County Superior Court 2, Ind., filed Nov. 1, 2022) litigation.

61.    Provide all Documents and Communications Relating to any written policies, practices, or procedures Relating to Corporate Defendant's record retention.

62.    Provide all account history logs for each Upstream Customer.

63.    Provide all Documents and Communications between You, Corporate Defendant, and/or the other Individual Defendant, as senders or recipients, Relating to prior express consent or prior express written consent given by call recipients to the calling party, seller or telemarketer for calls Corporate Defendant Transmitted on behalf of the Upstream Customers.

64.    Provide all Documents and Communications between You, Corporate Defendant, and/or the other Individual Defendant, as senders or recipients, Relating to any actions to determine the veracity, credibility, or trustworthiness of any assertion by an Upstream Customer that a caller had prior express consent of the called party prior to the initiation of a call that was subsequently the subject of a Traceback, Do Not Call Complaint or an inquiry from any third party.

65.    Provide all Documents and Communications between You, Corporate Defendant, and/or the other Individual Defendant, as senders or recipients, Relating to the

assertion that Corporate Defendant "spend[s] at least an additional $400,000 each year to purchase enhanced switch data service that allow[s Corporate Defendant] to identify illegal calls and terminate the providers of those calls." (ECF Nos. 46-1 at 2, 46-2 at 2, 47-1 at 20, 48-2 at 2, 49-1 at 20)

66.     Provide all Documents and Communications Relating to any Upstream Provider or Non-Provider Customer that was terminated as a result of services identified in response to Request No. 65.

67.     Provide all Documents and Communications Relating to the affirmative defense entitled "Due Care" identified in Defendants' Amended Answer. (ECF No. 85 at 173, lines 14–17)

68.     Provide all Documents and Communications Relating to the affirmative defense entitled, "The Industry Traceback Group Legal Authority" identified in Defendants' Amended Answer.  (ECF No. 85 at 173, lines 18–20)

69.     Provide all Documents and Communications Relating to the affirmative defense entitled, "Tracebacks are Not Notice of Illegal Activity" identified in Defendants' Amended Answer.  (ECF No. 85 at 173, line 21 to 174, line 2)

70.     Provide all Documents and Communications Relating to the affirmative defense entitled, "Failure to State a Claim upon which Relief may be Granted Against Avid Telecom" identified in Defendants' Amended Answer.  (ECF No. 85 at 174, lines 3–5)

71.     Provide all Documents and Communications Relating to the affirmative defense entitled, "Failure to State a Claim upon which Relief may be Granted Against

Michael Lansky" identified in Defendants' Amended Answer. (ECF No. 85 at 174, lines 7–9)

72.     Provide all Documents and Communications Relating to the affirmative defense entitled, "Failure to State a Claim upon which Relief may be Granted Against Stacey Reeves" identified in Defendants' Amended Answer. (ECF No. 85 at 174, lines 10–12)

73.     Provide all Documents and Communications Relating to the affirmative defense entitled, "Statute of Limitations" identified in Defendants' Amended Answer. (ECF No. 85 at 174, lines 13–15)

74.     Provide all Documents and Communications Relating to the affirmative defense entitled, "Consent" identified in Defendants' Amended Answer. (ECF No. 85 at 174, lines 16–18)

75.     Provide all Documents and Communications Relating to the affirmative defense entitled, "Laches" identified in Defendants' Amended Answer. (ECF No. 85 at 174, lines 19–21)

76.     Provide all Documents and Communications Relating to the affirmative defense entitled, "Unclean Hands" identified in Defendants' Amended Answer. (ECF No. 85 at 174, line 22 to 175, line 1)

77.     Provide all Documents and Communications Relating to the affirmative defense entitled, "Conduct" identified in Defendants' Amended Answer. (ECF No. 85 at 175, lines 2–4)

78.    Provide all Documents and Communications Relating to the affirmative defense entitled, "Estoppel" identified in Defendants' Amended Answer.  (ECF No. 85 at 175, lines 6–8)

79.    Provide all Documents and Communications Relating to the affirmative defense entitled, "Unconstitutionality of Statutory Damages" identified in Defendants' Amended Answer.  (ECF No. 85 at 175, lines 9–12)

80.    Provide all Documents and Communications Relating to the affirmative defense entitled, "Standing" identified in Defendants' Amended Answer.  (ECF No. 85 at 175, lines 13–16)

81.    Provide all Documents and Communications between You, Corporate Defendant, and/or the other Individual Defendant, as senders or recipients, Relating to each change made to the account history log for the account name and identifiers for each Upstream Customer.

82.    Provide all Documents and Communications Relating to Zealous Services, LLC., including payments You received from or on behalf of Zealous Services, LLC., services You provided, any service agreements and any account history logs.

83.    Provide all Documents and Communications Relating to Your working relationship with Corporate Defendant Regarding each of the following:

        a.      job description;

        b.      general job duties;

        c.      daily responsibilities and tasks;

        d.      scope of work;

e.    performance expectations;

f.    employee/contractor handbook;

g.    working hours;

h.    timekeeping policies, procedures, and daily records;

i.    work location;

j.    equipment and software provided for job tasks (if any);

k.    access authorization to Corporate Defendant's network software applications, soft switch(es), and other information technology infrastructure;

l.    availability of support or technical staff for job tasks;

m.    provision of benefits, including retirement or pension plans, health, vision, dental, disability and/or life insurance plans or premium reimbursements offered or provided;

n.    time limitations on the duration of business relationship;

o.    compensation structure and method of payment of compensation (including commission structure and/or eligibility for overtime compensation, if/where applicable);

p.    scope of authority to act on behalf of Corporate Defendant; and

q.    any written agreement(s) Relating to the enumeration of terms and services You would and did provide for the duration of the business relationship.

84.     Provide all Documents and Communications Related to Your and/or Corporate Defendant's offer to Defendant Reeves to enter into a business relationship and Defendant Reeves' acceptance of the offer to engage in the relationship.

85.     Provide all Documents and Communications Relating to and otherwise memorializing the terms of Defendant Reeves' working relationship with You and/or Corporate Defendant at the beginning of the working relationship Regarding each of the following:

      a.     job description;

      b.     general job duties;

      c.     daily responsibilities and tasks;

      d.     scope of work;

      e.     performance expectations;

      f.     employee/contractor handbook;

      g.     working hours;

      h.     timekeeping policies and procedures;

      i.     work location;

      j.     equipment and software provided for job tasks (if any);

      k.     access authorization to Corporate Defendant's network software applications, soft switch(es), and other information technology infrastructure;

      l.     availability of support or technical staff for job tasks;

    m.     provision of benefits, including retirement or pension plans, health, vision, dental, disability and/or life insurance plans or premium reimbursements offered or provided;

    n.     time limitations on the duration of business relationship;

    o.     compensation structure and method of payment of compensation (including commission structure and/or eligibility for overtime compensation, if/where applicable);

    p.     scope of authority to act on behalf of Corporate Defendant; and

    q.     any written agreement(s) Relating to the enumeration of terms and services Defendant Reeves would and did provide for the duration of the business relationship.

86.    Provide all Documents and Communications Relating to changes in the terms of Defendant Reeves' working relationship with You and/or Corporate Defendant as described in Request No. 85.

87.    Provide all Documents and Communications Relating to Defendant Reeves' records memorializing her working relationship with You and/or Corporate Defendant as to the following:

    a.     timekeeping records;

    b.     personnel file records; and

    c.     performance reviews.

88.     Provide all Documents and Communications Relating to Defendants' assertion that any Plaintiff obtained evidence "illegally and/or through improper means." (ECF Nos. 46-1 at 1, 46-2 at 1, 47-1 at 18, 48-2 at 1, 49-1 at 18)

89.     Provide all Documents and Communications Relating to Defendants' assertion that Plaintiffs' Complaint contains allegations that are either unsupported, misleading, or demonstrably false. (ECF No. 46-2 at p. 8)

90.     Provide all Documents and Communications describing actions You took as a result of Corporate Defendant's written policies and procedures to implement the STIR/SHAKEN attestation requirement to verify that Corporate Defendant's Non-Provider Customers are authorized to use the calling numbers that are passed to Corporate Defendant's network.

91.     Provide all Documents You drafted or assisted in drafting which Relate to any policies or procedures implemented or considered for implementation by Corporate Defendant, and all Communications Regarding the same.

92.     Provide all Communications between You, Corporate Defendant, and/or the other Individual Defendant, as senders or recipients, and any agent, employee, independent contractor or other representative of an Upstream Provider or Non-Provider Customer Relating to any agreement with the Upstream Provider or Non-Provider Customer.

93.     Provide all Communications between You, Corporate Defendant, and/or the other Individual Defendant, as senders or recipients, and any agent, employee, independent contractor or other representative of an Upstream Provider or Non-Provider Customer

Relating to the content, quality, or volume of call traffic Transmitted by the Upstream Provider or Non-Provider Customer to Corporate Defendant's network.

94.    Provide all Communications involving You, Corporate Defendant, and/or the other Individual Defendant as senders or recipients, including all text messages, emails, Skype/WhatsApp/Signal/Telegram messages, or any other forms of Communications with Downstream Providers Relating to (1) Tracebacks, (2) Robocall complaints, or (3) any call traffic Transmitted by Corporate Defendant's network to a Downstream Provider.

95.    Provide all Communications involving You, Corporate Defendant, and/or the other Individual Defendant as senders or recipients, including all text messages, emails, Skype/WhatsApp/Signal/Telegram messages, or any other forms of Communications with Upstream Providers or Non-Provider Customers Relating to (1) Tracebacks, (2) Robocall complaints, or (3) any call traffic Transmitted from an Upstream Provider or Non-Provider Customer onto Corporate Defendant's network.

96.    Provide all Communications, including all text messages, emails, Skype/WhatsApp/Signal/Telegram messages, or any other forms of Communications, between You and any regulatory or enforcement agency Relating to call traffic Transmitted by Corporate Defendant's network.

97.    Provide Documents and Communications Relating to the creation of Makohoh LLC, Brewery LLC, and any other corporate forms created after the commencement of the instant litigation.

98.     Provide Documents and Communications Relating to the creation of, and transfer of Your assets to, the Makohoh Management Trust, Brewery Management Trust, and any other trusts created after the commencement of the instant litigation.

99.     Provide Documents Relating to Your cryptocurrency accounts to which or from which any assets of the Corporate Defendant were transferred.

100.    Provide all Documents Relating to any account in which You have an interest at any financial institution.

101.    Provide any Documents and Communications Relating to Your participation in Corporate Defendant's members' or directors' meetings, including minutes and/or other summaries of those meetings.

102.    Provide all Documents and Communications involving You, Corporate Defendant, and/or the other Individual Defendant as senders or recipients, Regarding call capacity requirements, troubleshooting product performance, and transmitting pricing updates for Upstream Providers or Non-Provider Customers.

103.    Provide all Documents and Communications, including all text messages, emails, Skype/WhatsApp/Signal/Telegram messages, or any other forms of Communications, between You and any Upstream Customers about changes to the point of contact or entity name changes for any customer accounts, including but not limited to Virtual Telecom KFT, Mobi Telecom, JSquared Telecom, Rising Eagle, and Great Choice Telecom LLC.

104.    Provide all Documents and Communications, including all text messages, emails, Skype/WhatsApp/Signal/Telegram messages, or any other forms of

Communications, between You and any Upstream Customers about changes to the account history log, including but not limited to Virtual Telecom KFT, Mobi Telecom, JSquared Telecom, Rising Eagle, and Great Choice Telecom LLC.

105.    Provide all Documents and Communications, including all text messages, emails, Skype/WhatsApp/Signal/Telegram messages, or any other forms of Communications, between You and John Spiller, Jakob Mears, JSquared Telecom, Rising Eagle, Rising Eagle Cayman, Great Choice Telecom LLC, and/or Mikel Quinn.

106.    Provide all Documents and Communications, including all text messages, emails, Skype/WhatsApp/Signal/Telegram messages, or any other forms of Communications, between You and Peerless Network Related to a credit reference request You offered on behalf of any Upstream Customer, including but not limited to John Spiller, JSquared Telecom, Rising Eagle, Rising Eagle Cayman, Great Choice Telecom LLC, and/or Mikel Quinn.

*The remainder of this page is intentionally left blank.*

RESPECTFULLY SUBMITTED this 6th day of March 2025.

**FOR THE STATE OF ARIZONA:**

KRISTIN K. MAYES
Attorney General for the State of Arizona


/s/ Alyse Meislik
ALYSE MEISLIK
DYLAN JONES
LAURA DILWEG
SARAH PELTON
Assistant Attorneys General
*Attorneys for the State of Arizona*


**FOR THE STATE OF INDIANA:**

TODD ROKITA
Attorney General for the State of Indiana


/s/ Douglas S. Swetnam
DOUGLAS S. SWETNAM
THOMAS L. MARTINDALE
Deputy Attorneys General
*Attorneys for the State of Indiana*

**FOR THE STATE OF NORTH CAROLINA:**

JEFF JACKSON
Attorney General for the State of North Carolina


/s/ Tracy Nayer
TRACY NAYER
ROCHELLE SPARKO
Special Deputy Attorneys General
*Attorneys for the State of North Carolina*


**FOR THE STATE OF OHIO:**

DAVE YOST
Attorney General for the State of Ohio


/s/ Erin B. Leahy
ERIN B. LEAHY
Senior Assistant Attorney General
*Attorney for the State of Ohio*


*Lead Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2025, I served the foregoing PLAINTIFFS' FIRST RULE 34 REQUESTS FOR PRODUCTION TO MICHAEL D. LANSKY upon Defendants by electronically mailing a copy of the same to their counsel of record as follows:

Neil S. Ende
Technology Law Group, LLC
nende@tlgdc.com

Greg Taylor
*(Pro Hac Vice forthcoming)*
Technology Law Group, LLC
gtaylor@tlgdc.com

*/s/ Thomas L. Martindale*
Thomas L. Martindale

## LIST OF PLAINTIFFS' COUNSEL

Alyse Meislik (AZ No. 024052)
Dylan Jones (AZ Bar No. 034185)
Laura Dilweg (AZ No. 036066)
Sarah Pelton (AZ Bar No. 039633)
Assistant Attorneys General
Arizona Attorney General's Office
2005 North Central Avenue
Phoenix, AZ 85004
Phone: (602) 542-3725
Fax:   (602) 542-4377
consumer@azag.gov
alyse.meislik@azag.gov
dylan.jones@azag.gov
laura.dilweg@azag.gov
sarah.pelton@azag.gov
*Attorneys for Plaintiff State of Arizona*

Douglas S. Swetnam (IN Bar No. 15860-49)
Thomas L. Martindale (IN Bar No. 29706-64)
Deputy Attorneys General
Office of the Indiana Attorney General
Todd Rokita
Indiana Govt. Center South, 5th Fl.
302 W. Washington St.
Indianapolis, IN 46204-2770
Phone: (317) 232-6294 (Swetnam)
          (317) 232-7751 (Martindale)
Fax:    (317) 232-7979
douglas.swetnam@atg.in.gov
thomas.martindale@atg.in.gov
*Attorneys for Plaintiff State of Indiana*

Tracy Nayer (NC Bar No. 36964)
Rochelle Sparko (NC Bar No. 38528)
Special Deputy Attorneys General
North Carolina Department of Justice
Consumer Protection Division
P.O. Box 629
Raleigh, North Carolina 27602
Phone:  (919) 716-6000
Fax:     (919) 716-6050
tnayer@ncdoj.gov
rsparko@ncdoj.gov
*Attorneys for Plaintiff State of North Carolina*

Erin B. Leahy (OH Bar No. 0069509)
Senior Assistant Attorney General
Office of Attorney General Dave Yost
30 East Broad Street, 14th Fl.
Columbus, OH 43215
Phone: (614) 752-4730
Fax:    (866) 768-2648
Erin.Leahy@OhioAGO.gov
*Attorney for Plaintiff State of Ohio*

***Lead Counsel for Plaintiffs***

Lindsay D. Barton (AL Bar No. 1165-G00N)
Robert D. Tambling (AL Bar No. 6026-N67R)
Assistant Attorneys General
Office of the Alabama Attorney General
501 Washington Avenue
Montgomery, Alabama 36130
Phone: (334) 353-2609 (Barton)
        (334) 242-7445 (Tambling)
Fax:    (334) 353-8400
Lindsay.Barton@AlabamaAG.gov
Robert.Tambling@AlabamaAG.gov
*Attorneys for Plaintiff State of Alabama*

Amanda Wentz (AR Bar No. 2021066)
Assistant Attorney General
Office of Attorney General Tim Griffin
323 Center St., Ste. 200
Little Rock, AR 72201
Phone: (501) 682-1178
Fax:    (501) 682-8118
Amanda.wentz@arkansasag.gov
*Attorney for Plaintiff State of Arkansas*

Nicklas A. Akers (CA Bar No. 211222)
Senior Assistant Attorney General
Bernard A. Eskandari (CA Bar No. 244395)
Supervising Deputy Attorney General
Timothy D. Lundgren (CA Bar No. 254596)
Rosailda Perez (CA Bar No. 284646)
Michelle Burkart (CA Bar No. 234121)
Deputy Attorneys General
Office of the California Attorney General
300 S. Spring St., Suite 1702
Los Angeles, CA 90013
Phone: (415) 510-3364 (Akers)
        (213) 269-6348 (Eskandari)
        (213) 269-6355 (Lundgren)
        (213) 269-6612 (Perez)
        (213) 269-6357 (Burkart)
Fax:    (916) 731-2146
nicklas.akers@doj.ca.gov
bernard.eskandari@doj.ca.gov
timothy.lundgren@doj.ca.gov
rosailda.perez@doj.ca.gov
michelle.burkart@doj.ca.gov
*Attorneys for Plaintiff People of the State of California*

Michel Singer Nelson (CO Bar No. 19779)
Assistant Attorney General II
Colorado Office of the Attorney General
Ralph L. Carr Judicial Building
1300 Broadway, 10th Floor
Denver, CO 80203
Phone: (720) 508-6220
michel.singernelson@coag.gov
*Attorney for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

Brendan T. Flynn (Fed. Bar No. ct04545,
CT Bar No. 419935)
Assistant Attorney General
Office of the Connecticut Attorney
General William Tong
165 Capitol Avenue, Suite 4000
Hartford, CT 06106
Phone: (860) 808-5400
Fax:    (860) 808-5593
mailto:brendan.flynn@ct.gov
*Attorney for Plaintiff State of
Connecticut*


Ryan Costa (DE Bar No. 5325)
Deputy Attorney General
Delaware Department of Justice
820 N. French Street, 5th Floor
Wilmington, DE 19801
Phone: (302) 683-8811
Fax:    (302) 577-6499
Ryan.costa@delaware.gov
*Attorney for Plaintiff State of Delaware*


Adam Teitelbaum (DC Bar No.
1015715)
Director, Office of Consumer Protection
Assistant Attorney General
D.C. Office of the Attorney General
Office of Consumer Protection
400 6th Street NW, 10th Floor
Washington, DC 20001
Phone: (202) 741-0764
Adam.Teitelbaum@dc.gov
*Attorney for Plaintiff District of
Columbia*

Patrick Crotty (FL Bar No. 108541)
Special Counsel, Asst. Attorney General
Miles Vaughn (FL Bar No. 1032235)
Assistant Attorney General
Office of the Florida Attorney General
Consumer Protection Division
3507 E. Frontage Rd, Suite 325
Tampa, FL 33607
Phone: (813) 287-7950
Fax:    (813) 281-5515
patrick.crotty@myfloridalegal.com
miles.vaughn@myfloridalegal.com
*Attorneys for Plaintiff Ashley Moody,
Attorney General of the State of Florida*


David A. Zisook (GA Bar No. 310104)
Senior Assistant Attorney General
Office of the Attorney General of the
State of Georgia
2 Martin Luther King Jr. Drive, SE, Ste.
356
Atlanta, GA 30334
Phone: (404) 458-4294
Fax:    (404) 464-8212
dzisook@law.ga.gov
*Attorney for Plaintiff State of Georgia*


Christopher J.I. Leong (HI Bar No.
9662)
Deputy Attorney General
Hawaii Department of the Attorney
General
425 Queen Street
Honolulu, HI 96813
Phone: (808) 586-1180
Fax:    (808) 586-1205
christopher.ji.leong@hawaii.gov
*Attorney for Plaintiff State of Hawaii*

James J. Simeri (ID Bar No. 12332)
*(Pro Hac Vice motion forthcoming)*
Consumer Protection Division Chief
Idaho Attorney General's Office
P.O. Box 83720
Boise, ID 83720-0010
Phone: (208) 334-4114
james.simeri@ag.idaho.gov
*Attorney for Plaintiff State of Idaho*

Philip Heimlich (IL Bar No. 6286375)
Assistant Attorney General
Elizabeth Blackston (IL Bar No. 6228859)
Consumer Fraud Bureau Chief
Office of the Illinois Attorney General
500 S. Second Street
Springfield, IL 62791
Phone: (217) 782-4436
philip.heimlich@ilag.gov
elizabeth.blackston@ilag.gov
*Attorneys for Plaintiff People of the State of Illinois*

Benjamin Bellus (IA Bar No. AT0000688)
William Pearson (IA Bar No. AT0012070)
Assistant Attorneys General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Phone: (515) 242-6536 (Bellus)
          (515) 242-6773 (Pearson)
Fax:     (515) 281-6771
Benjamin.Bellus@ag.iowa.gov
William.Pearson@ag.iowa.gov
*Attorneys for Plaintiff State of Iowa*

Nicholas C. Smith (KS Bar No. 29742)
Sarah M. Dietz (KS Bar No. 27457)
Assistant Attorneys General
Consumer Protection Section
Office of the Kansas Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, KS 66612
Phone: (785) 296-3751
Fax:     (785) 291-3699
Nicholas.Smith@ag.ks.gov
sarah.dietz@ag.ks.gov
*Attorneys for Plaintiff State of Kansas*

Jacob P. Ford (KY Bar No. 95546)
Assistant Attorney General
Office of the Attorney General,
Commonwealth of Kentucky
1024 Capital Center Drive, Ste. 200
Frankfort, KY 40601
Phone: (502) 871-2044
jacobp.ford@ky.gov
*Attorney for Plaintiff Commonwealth of Kentucky*

ZaTabia N. Williams (LA Bar No. 36933)
Assistant Attorney General
Office of the Attorney General Liz Murrill
1885 North Third St.
Baton Rouge, LA 70802
Phone: (225) 326-6164
Fax:     (225) 326-6499
WilliamsZ@ag.louisiana.gov
*Attorney for Plaintiff State of Louisiana*

Brendan O'Neil (ME Bar No. 009900)
Assistant Attorney General
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333
Phone: (207) 626-8800
Fax:    (207) 624-7730
brendan.oneil@maine.gov
*Attorney for Plaintiff State of Maine*

Philip Ziperman (Fed. Bar No. 12430)
Deputy Counsel
Office of the Attorney General
200 St. Paul Place
Baltimore, MD 21202
Phone: (410) 576-6417
Fax:    (410) 576-6566
pziperman@oag.state.md.us
*Attorney for Plaintiff Maryland Office of the Attorney General*

Carol Guerrero (MA Bar No. 705419)
Assistant Attorney General
Massachusetts Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Phone: (617) 963-2783
Fax:    (617) 727-5765
mailto:Carol.Guerrero@mass.gov
*Attorney for Plaintiff Commonwealth of Massachusetts*

Kathy P. Fitzgerald (MI Bar No. P31454)
Michael S. Hill (MI Bar No. P73084)
Assistant Attorneys General
Michigan Department of Attorney General
Corporate Oversight Division
P.O. Box 30736
Lansing, MI 48909
Phone: (517) 335-7632
Fax:    (517) 335-6755
fitzgeraldk@michigan.gov
Hillm19@michigan.gov
*Attorneys for Plaintiff People of the State of Michigan*

Bennett Hartz (MN Bar No. 0393136)
Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1200
Saint Paul, MN 55404
Phone: (651) 757-1235
bennett.hartz@ag.state.mn.us
*Attorney for Plaintiff State of Minnesota, by its Attorney General, Keith Ellison*

James M. Rankin (MS Bar No. 102332)
Jessica D. Jasper (MS Bar No. 106305)
*(Pro Hac Vice motion forthcoming)*
Special Assistant Attorneys General
Mississippi Attorney General's Office
P.O. Box 220
Jackson, MS 39205
Phone: (601) 359-4258 (Rankin)
        (601) 359-3800 (Jasper)
james.rankin@ago.ms.gov
jessica.jasper@ago.ms.gov
*Attorneys for Plaintiff Lynn Fitch, Attorney General State of Mississippi*

Michael Schwalbert (MO Bar No. 63299)
Assistant Attorney General
Office of the Missouri Attorney General
815 Olive Street, Suite 200
St. Louis, MO 63101
Phone: (314) 340-6816
Fax:    (314) 340-7891
michael.schwalbert@ago.mo.gov
*Attorney for Plaintiff State of Missouri, ex. rel. Andrew Bailey, Attorney General*

Anna Schneider (MT Bar No. 13963)
Special Assistant Attorney General,
Senior Counsel
Andrew Butler (MT Bar No. 53936812)
Assistant Attorney General
Montana Attorney General's Office
Office of Consumer Protection
555 Fuller Avenue
Helena, MT 59601
Phone: (406) 444-4500
Anna.schneider@mt.gov
Andrew.butler@mt.gov
*Attorneys for Plaintiff State of Montana*

Gary E. Brollier (NE Bar No. 19785)
Assistant Attorney General
Office of the Attorney General Michael T. Hilgers
2115 State Capitol Building
Consumer Protection Division
Lincoln, NE 68509
Phone: (402) 471-1279
Fax:    (402) 471-4725
gary.brollier@nebraska.gov
*Attorney for Plaintiff State of Nebraska*

Michelle C. Badorine (NV Bar No. 13206)
Senior Deputy Attorney General
Office of the Nevada Attorney General
Bureau of Consumer Protection
100 North Carson Street
Carson City, NV 89701-4717
Phone: (775) 684-1164
Fax:    (775) 684-1299
MBadorine@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

Mary F. Stewart (NH Bar No. 10067)
Assistant Attorney General
New Hampshire Department of Justice
Office of the Attorney General
Consumer Protection and Antitrust Bureau
33 Capitol St.
Concord, NH 03301-6397
Phone: (603) 271-1139
Fax:    (603) 271-2110
Mary.F.Stewart@doj.nh.gov
*Attorney for Plaintiff State of New Hampshire*

Deepta Janardhan (NJ Bar No. 309022020)
Jeffrey Koziar (NJ Bar No. 015131999)
Deputy Attorneys General
New Jersey Office of the Attorney General
Division of Law
124 Halsey Street
Newark, NJ 07101
Phone: (973) 648-7819
Fax:    (973) 648-4887
Deepta.Janardhan@law.njoag.gov
Jeff.koziar@law.njoag.gov
*Attorneys for Plaintiff State of New Jersey*

Julie Sakura (NM Bar No. 19253)
Assistant Attorney General
State of New Mexico Department of
Justice
408 Galisteo St.
Santa Fe, New Mexico 87501
Phone: (505) 859-8074
Fax:    (505) 490-4883
jsakura@nmdoj.gov
*Attorney for Plaintiff Raúl Torrez, New
Mexico Attorney General*

Glenna Goldis (NY Bar No. 4868600)
Assistant Attorney General
Office of the New York State Attorney
General
28 Liberty Street
New York, NY 10005
Phone: (646) 856-3697
Glenna.goldis@ag.ny.gov
*Attorney for Plaintiff Office of the
Attorney General of the State of New
York*

Elin S. Alm (ND Bar No. 05924)
Christopher Glenn Lindblad (ND Bar
No. 06480)
Assistant Attorneys General
Office of North Dakota Attorney General
Consumer Protection & Antitrust
Division
1720 Burlington Drive, Suite C
Bismarck, ND 58504-7736
Phone: (701) 328-5570
Fax:    (701) 328-5568
mailto:ealm@nd.gov
clindblad@nd.gov
*Attorneys for Plaintiff State of North
Dakota*

Robert J. Carlson (OK Bar No. 19312)
Assistant Attorney General
Office of the Oklahoma Attorney
General
313 N.E. 21st St.
Oklahoma City, OK 73105
Phone: (918) 581-2384
Fax:    (405) 522-0085
Robert.Carlson@oag.ok.gov
*Attorney for Plaintiff State of Oklahoma
ex rel. Attorney General Gentner
Drummond*

Jordan M. Roberts (OR Bar No. 115010)
Senior Assistant Attorney General
Oregon Department of Justice
Consumer Protection Division
100 SW Market St.
Portland, OR 97201
Phone: (971) 673-1880
Fax:    (971) 673-1884
jordan.m.roberts@doj.state.or.us
*Attorney for Plaintiff State of Oregon*

Mark W Wolfe (PA Bar No. 327807)
Deputy Attorney General
Pennsylvania Office of Attorney General
Strawberry Square, 15th Floor
Harrisburg, PA 17120-0001
Phone: (717) 772-3558
Fax:    (717) 705-3795
mwolfe@attorneygeneral.gov
*Attorney for Plaintiff Commonwealth of
Pennsylvania by Attorney General David
W. Sunday, Jr.*

Stephen N. Provazza (RI Bar No. 10435)
Special Assistant Attorney General
Rhode Island Office of the Attorney
General
150 S. Main Street
Providence, RI 02903
Phone: (401) 274-4400, ext. 2476
Fax:    (401) 222-1766
sprovazza@riag.ri.gov
*Attorney for Plaintiff State of Rhode
Island, by Attorney General Peter
Neronha*


Kristin Simons (SC Bar No. 74004)
Senior Assistant Attorney General
Danielle Robertson (SC Bar No. 105846)
Assistant Attorney General
South Carolina Attorney General's
Office
P.O. Box 11549
Columbia, SC 29211-1549
Phone: (803) 734-6134 (Simons)
        (803) 734-8044 (Robertson)
mailto:ksimons@scag.gov
danirobertson@scag.gov
*Attorneys for Plaintiff State of South
Carolina*


Austin C. Ostiguy (TN Bar No. 040301)
Tyler T. Corcoran (TN Bar No. 038887)
Assistant Attorneys General
Office of the Tennessee Attorney
General
P.O. Box 20207
Nashville, TN 37202
Phone: (615) 532-7271 (Ostiguy)
        (615) 770-1714 (Corcoran)
Fax:    (615) 532-2910
austin.ostiguy@ag.tn.gov
tyler.corcoran@ag.tn.gov
*Attorneys for Plaintiff State of Tennessee*

David Shatto (Fed. Bar No. 3725697; TX
Bar No. 24104114)
Assistant Attorney General
Attorney General for the State of Texas
Office of the Attorney General
P.O. Box 12548 (MC-010)
Austin, TX 78711
Phone: (512) 463-2185
Fax:    (512) 473-9125
David.Shatto@oag.texas.gov
*Attorney for Plaintiff State of Texas*


Kevin McLean (UT Bar No. 16101)
Assistant Attorney General
Utah Attorney General's Office
160 East 300 South, 5th Floor
P.O. Box 140872
Salt Lake City, UT 84114-0872
Phone: (801) 366-0310
Fax:    (801) 366-0315
kmclean@agutah.gov
*Attorney for Plaintiff Utah Division of
Consumer Protection*


James Layman (VT Bar No. 5236)
Office of the Vermont Attorney General
109 State Street
Montpelier, VT 05609-1001
Phone: (802) 828-2315
Fax:    (802) 304-1014
James.Layman@vermont.gov
*Attorney for Plaintiff State of Vermont*

Geoffrey L. Ward (VA Bar No. 89818)
Senior Assistant Attorney General
Office of the Attorney General of
Virginia
202 N. Ninth St.
Richmond, VA 23219
Phone: (804) 371-0871
Fax:    (804) 786-0122
gward@oag.state.va.us
*Attorney for Plaintiff Commonwealth of
Virginia, ex rel. Jason S. Miyares,
Attorney General*

Alexandra Kory (WA Bar No. 49889)
Mina Shahin (WA Bar No. 46661)
Assistant Attorneys General
Washington State Attorney General's
Office
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Phone: (206) 516-2997 (Kory)
        (206) 326-5485 (Shahin)
Fax:    (206) 464-6451
Alexandra.Kory@atg.wa.gov
Mina.Shahin@atg.wa.gov
*Attorneys for Plaintiff State of
Washington*

Ashley T. Wentz (WV Bar No. 13486)
Assistant Attorney General
West Virginia Attorney General's Office
Consumer Protection/Antitrust Division
P.O. Box 1789
Charleston, WV 25326
Phone: (304) 558-8986
Fax:    (304) 558-0184
Ashley.T.Wentz@wvago.gov
*Attorney for Plaintiff State of West
Virginia ex rel. Patrick Morrisey,
Attorney General*

Gregory A. Myszkowski (WI Bar No.
1050022)
Assistant Attorney General
Wisconsin Department of Justice
P.O. Box 7857
Madison, WI 53707-7857
Phone: (608) 266-7656
Fax:    (608) 294-2907
myszkowskiga@doj.state.wi.us
*Attorney for Plaintiff State of Wisconsin*

Cameron W. Geeting (WY Bar No.
7-5338)
Senior Assistant Attorney General
Consumer Protection and Antitrust Unit
Wyoming Office of the Attorney General
2320 Capitol Avenue
Cheyenne, Wyoming 82002
Phone: (307) 777-3795
cameron.geeting1@wyo.gov
*Attorney for Plaintiff State of Wyoming*

# Exhibit B

**Pelton, Sarah**

| | |
|---|---|
| **From:** | Erin Leahy <erin.leahy@OhioAGO.gov> |
| **Sent:** | Friday, April 11, 2025 10:17 AM |
| **To:** | Neil Ende; Nayer, Tracy |
| **Cc:** | Meislik, Alyse; Douglas Swetnam (IN AG) (douglas.swetnam@atg.in.gov); Jones, Dylan; Dilweg, Laura; Michel Singer Nelson (CO AG) (michel.singernelson@coag.gov); Pelton, Sarah; Sparko, Rochelle; Thomas Martindale (IN AG) (Thomas.Martindale@atg.in.gov); Greg Taylor |
| **Subject:** | RE: RE: Plaintiffs' First Request for Production to Avid Telecom |

Hi Neil,

We will agree to extensions to April 30 for responses from all three defendants.  If you require additional time beyond these extensions, we ask you to seek intervention of the Court based on the narratives Greg has provided to us as to why you require additional time to respond to Plaintiffs' outstanding discovery requests.  As to your confusion on the receipt of the discovery demands for Avid described in Greg's emails, moving forward, let's all agree that email correspondence will lead with the following in the subject line: "**AZ v. Avid Telecom**".  Additionally, *all* counsel of record for the lead plaintiff states should be included in all emails, not just Tracy and me.

Further, if Greg would like us to continue to correspond with him directly, he will need to file his pro hac in this matter so that he is recognized as counsel of record and receives the ECF notifications.

We have been working on an ESI protocol.  We will send it later today or by Monday/Tuesday next week at the latest.

We have shared with the State Claims States your request to have a meet-and-confer that includes counsel for the State Claims States in addition to the Leadership team.  We have also kept the State Claims States apprised of all of our dealings with counsel in this matter.  For this reason and others, the State Claims States would prefer for you to continue to deal with the Leadership team exclusively on this matter.  Nevertheless, if necessary, they are willing to join a call with you and the Lead states.  However, we must insist that you provide a detailed agenda in advance as to the nature of the disputes at issue so that we may be prepared to discuss.  This will ensure the meeting is as productive as possible.  Please let us know when you will provide an agenda and we will send you dates/times of availability.

Have a good weekend.

Thanks, Erin



Erin B. Leahy
Senior Assistant Attorney General
Consumer Protection Section
Office of Ohio Attorney General Dave Yost
30 East Broad St., 14th Floor
Columbus, Ohio 43215

Office number: 614-752-4730
Erin.Leahy@OhioAGO.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable

law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

---

**From:** Neil Ende <nende@tlgdc.com>
**Sent:** Friday, April 11, 2025 11:00 AM
**To:** Erin Leahy <erin.leahy@OhioAGO.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>
**Cc:** Alyse.Meislik@azag.gov; Douglas Swetnam (IN AG) (douglas.swetnam@atg.in.gov) <douglas.swetnam@atg.in.gov>; Dylan Jones (AZ AG) (Dylan.Jones@azag.gov) <Dylan.Jones@azag.gov>; Laura Dilweg (AZ AG) (Laura.Dilweg@azag.gov) <Laura.Dilweg@azag.gov>; Michel Singer Nelson (CO AG) (michel.singernelson@coag.gov) <michel.singernelson@coag.gov>; Sarah Pelton (AZ AG) (Sarah.Pelton@azag.gov) <Sarah.Pelton@azag.gov>; Sparko, Rochelle <rsparko@NCDOJ.GOV>; Thomas Martindale (IN AG) (Thomas.Martindale@atg.in.gov) <Thomas.Martindale@atg.in.gov>; Greg Taylor <gtaylor@tlgdc.com>
**Subject:** Re: RE: Plaintiffs' First Request for Production to Avid Telecom

We will respond to your outstanding requests to all three defendants by April 30 on the assumption that we have an ESI agreement in place by then that makes it possible for both sides to respond.

Given the number of players on your side, I suggest that you determine several common dates of availability and provide them to me rather than my picking dates essentially at random.  Agreed?

Neil S. Ende, Esq.
Managing Partner
Technology Law Group, LLC
*nende@tlgdc.com*
202-895-1707 (Office)
202-256-0120 (Mobile)
703-229-6741 PIN 854# (Voice Conference Bridge)

---

**From:** Erin Leahy <erin.leahy@OhioAGO.gov>
**Date:** Friday, April 4, 2025 at 3:04 PM
**To:** Neil Ende <nende@tlgdc.com>, Nayer, Tracy <Tnayer@ncdoj.gov>
**Cc:** Alyse.Meislik@azag.gov <Alyse.Meislik@azag.gov>, Douglas Swetnam (IN AG) (douglas.swetnam@atg.in.gov) <douglas.swetnam@atg.in.gov>, Dylan Jones (AZ AG) (Dylan.Jones@azag.gov) <Dylan.Jones@azag.gov>, Laura Dilweg (AZ AG) (Laura.Dilweg@azag.gov) <Laura.Dilweg@azag.gov>, Michel Singer Nelson (CO AG) (michel.singernelson@coag.gov) <michel.singernelson@coag.gov>, Sarah Pelton (AZ AG) (Sarah.Pelton@azag.gov) <Sarah.Pelton@azag.gov>, Sparko, Rochelle <rsparko@NCDOJ.GOV>, Thomas Martindale (IN AG) (Thomas.Martindale@atg.in.gov) <Thomas.Martindale@atg.in.gov>, Greg Taylor <gtaylor@tlgdc.com>
**Subject:** RE: Plaintiffs' First Request for Production to Avid Telecom

Hi Neil,

As indicated in the attached previous email, Plaintiffs would like to get an ESI agreement in place prior to producing the remaining production so that we have agreement on the specifics of the production. The CDRs records alone are 7 terabytes. We have been working on a draft and plan to get that to you next week.

Regarding your request for a meet and confer as to our responses to the Requests for Admission, we are happy to coordinate a call and will ensure that a representative from each of the states with state law claims is available to discuss issues of law and fact, as well as the other states you mentioned to discuss the federal claims. Would you like to propose some dates and times that will work for you? Given the number of participants that may be involved, it would be best to provide a handful of date/time options and likely in the afternoon since we have some folks in other time zones. We have a group of states that meet weekly for this case on Tuesdays at 2pmET. The standing group does not include all the states with state law claims, but it may be a good day/time option since it is already reserved on many of our calendars.

Additionally, in light of our need to get the ESI agreement in place for the production of documents, we will consent to the requested extension (to April 30) to respond to Plaintiffs' First Set of Requests for Production to Avid Telecom. If possible, we would appreciate it if you are able to at least provide the written responses by April 11.

Sincerely,



Erin B. Leahy
Senior Assistant Attorney General
Consumer Protection Section
Office of Ohio Attorney General Dave Yost
30 East Broad St., 14th Floor
Columbus, Ohio 43215

Office number: 614-752-4730
Fax number: 866-768-2648
Erin.Leahy@OhioAGO.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

**From:** Neil Ende <nende@tlgdc.com>
**Sent:** Wednesday, April 2, 2025 11:23 AM
**To:** Nayer, Tracy <Tnayer@ncdoj.gov>
**Cc:** Alyse.Meislik@azag.gov; Douglas Swetnam (IN AG) (douglas.swetnam@atg.in.gov) <douglas.swetnam@atg.in.gov>; Dylan Jones (AZ AG) (Dylan.Jones@azag.gov) <Dylan.Jones@azag.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Laura Dilweg (AZ AG) (Laura.Dilweg@azag.gov) <Laura.Dilweg@azag.gov>; Michel Singer Nelson (CO AG) (michel.singernelson@coag.gov) <michel.singernelson@coag.gov>; Sarah Pelton (AZ AG) (Sarah.Pelton@azag.gov) <Sarah.Pelton@azag.gov>; Sparko, Rochelle <rsparko@NCDOJ.GOV>; Thomas Martindale (IN AG) (Thomas.Martindale@atg.in.gov) <Thomas.Martindale@atg.in.gov>; Greg Taylor <gtaylor@tlgdc.com>

**Subject:** Re: Plaintiffs' First Request for Production to Avid Telecom
**Importance:** High

Tracy:

Good morning!

Thank you for your email and the offer of a short extension of time.

Given the extraordinary (we'll leave it as that for now)scope of your requests (hundreds of requests, many with large numbers of subparts) and the very limited economic and personnel resources available to our clients, we will not be able to respond by April 11. We will need *at least* the 30-day extension that we requested.

Please advise if you will consent or whether we need to seek relief from the Court.

Do you have an update of the AG's incomplete responses to our first requests? We would like to receive full production/responses ASAP and we want to set a time shortly thereafter for a meet and confer call. We are particularly interested in discussion as number of very concerning responses we received to our Requests for Admission. To be clear, at a minimum, we need to have an AG-representative on that meet and confer call that works directly for each of the (12) individual state Plaintiffs to address state law fact/law issues, as well as an AG-representative of the following states to address the facts/legal issues relevant to the federal claims: Arizona, Colorado Indiana, North Carolina and Ohio. As each of the individual states has made factual and legal representations and claims, we clearly have the right to engage with a representative of each Plaintiff *directly*. As a member of the leadership team, we ask that you facilitate our ability to do so by coordinating a day/time for a call that includes a AAG from each if the identified states.

We look forward to your timely response.

Thank you.

Neil S. Ende, Esq.
Managing Partner
Technology Law Group, LLC
nende@tlgdc.com
202-895-1707 (Office)
202-256-0120 (Mobile)
703-229-6741 PIN 854# (Voice Conference Bridge)

---

**From:** Nayer, Tracy
**Date:** Wednesday, April 2, 2025 at 10:51 AM
**To:** Greg Taylor , Neil Ende
**Cc:** Alyse.Meislik@azag.gov , Douglas Swetnam (IN AG) (douglas.swetnam@atg.in.gov) , Dylan Jones (AZ AG) (Dylan.Jones@azag.gov) , Erin Leahy (OH AG) (erin.leahy@ohioago.gov) , Laura Dilweg (AZ AG) (Laura.Dilweg@azag.gov) , Michel Singer Nelson (CO AG) (michel.singernelson@coag.gov) , Sarah Pelton (AZ AG) (Sarah.Pelton@azag.gov) , Sparko, Rochelle , Thomas Martindale (IN AG) (Thomas.Martindale@atg.in.gov)
**Subject:** RE: Plaintiffs' First Request for Production to Avid Telecom

Thank you for your response, Greg. At this time, Plaintiffs can agree to enlarge the date responses are due to Plaintiffs' First Set of Requests for Production to Avid Telecom to Friday, April 11.



**Tracy Nayer**
Special Deputy Attorney General
Consumer Protection Division
North Carolina Department of Justice
(919) 716-6581
tnayer@ncdoj.gov
Post Office Box 629, Raleigh, NC 27602
114 West Edenton Street, Raleigh, NC 27603
https://ncdoj.gov/

Please note messages to or from this address may be public records.

---

**From:** Greg Taylor
**Sent:** Monday, March 31, 2025 2:40 PM
**To:** Erin Leahy ; Neil Ende
**Cc:** Nayer, Tracy ; Sparko, Rochelle ; Michel Singer Nelson ; Swetnam, Douglas ; Meislik, Alyse ; Jones, Dylan ; Dilweg, Laura ; Pelton, Sarah ; Martindale, Thomas L
**Subject:** Re: Plaintiffs' First Request for Production to Avid Telecom

Erin:

Apologies for the late reply.

We are working diligently to provide responses to the voluminous requests. Despite our efforts, we are still in the process of gathering documents that still need to be reviewed for privilege, etc.

We ask to amend our response date to April 30 to give us time to fully respond to your requests.

Please confirm your agreement with the forgoing.

Best,
Greg

---

**From:** Erin Leahy <erin.leahy@OhioAGO.gov>
**Date:** Monday, March 31, 2025 at 12:08 PM
**To:** Neil Ende <nende@tlgdc.com>, Greg Taylor <gtaylor@tlgdc.com>
**Cc:** "Nayer, Tracy" <Tnayer@ncdoj.gov>, "Sparko, Rochelle" <rsparko@ncdoj.gov>, Michel Singer Nelson <michel.singernelson@coag.gov>, "Swetnam, Douglas" <Douglas.Swetnam@atg.in.gov>, "Meislik, Alyse" <Alyse.Meislik@azag.gov>, "Jones, Dylan" <Dylan.Jones@azag.gov>, "Dilweg, Laura" <ldilweg@azag.gov>, "Pelton, Sarah" <Sarah.Pelton@azag.gov>, "Martindale, Thomas L" <Thomas.Martindale@atg.in.gov>
**Subject:** RE: Plaintiffs' First Request for Production to Avid Telecom

Hello Neil and Greg,

I have not received a response to my email below regarding the overdue discovery responses from Avid Telecom. Please provide an update.

Sincerely,



Erin B. Leahy
Senior Assistant Attorney General
Consumer Protection Section
Office of Ohio Attorney General Dave Yost
30 East Broad St., 14th Floor
Columbus, Ohio 43215

Office number: 614-752-4730
Fax number: 866-768-2648
Erin.Leahy@OhioAGO.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

---

**From:** Erin Leahy
**Sent:** Wednesday, March 26, 2025 5:02 PM
**To:** Neil Ende <nende@tlgdc.com>; gtaylor@tlgdc.com
**Cc:** Nayer, Tracy <Tnayer@ncdoj.gov>; Sparko, Rochelle <rsparko@ncdoj.gov>; Michel Singer Nelson <michel.singernelson@coag.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Meislik, Alyse <Alyse.Meislik@azag.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Dilweg, Laura <ldilweg@azag.gov>; Pelton, Sarah <Sarah.Pelton@azag.gov>; Martindale, Thomas L <Thomas.Martindale@atg.in.gov>
**Subject:** RE: Plaintiffs' First Request for Production to Avid Telecom

Good afternoon Neil and Greg,

We have not received written responses to the Plaintiffs' First Set of Requests for Production to Avid Telecom which were served on February 21, 2025. The responses were due Monday, March 24, 2025.

Please provide the responses at your earliest convenience.

Sincerely,



Erin B. Leahy
Senior Assistant Attorney General
Consumer Protection Section
Office of Ohio Attorney General Dave Yost
30 East Broad St., 14th Floor
Columbus, Ohio 43215

Office number: 614-752-4730
Fax number: 866-768-2648
Erin.Leahy@OhioAGO.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable

law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

---

**From:** Martindale, Thomas L <Thomas.Martindale@atg.in.gov>
**Sent:** Friday, February 21, 2025 12:39 PM
**To:** Neil Ende <nende@tlgdc.com>; gtaylor@tlgdc.com
**Cc:** Nayer, Tracy <Tnayer@ncdoj.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Sparko, Rochelle <rsparko@ncdoj.gov>; Patrick Crotty <Patrick.Crotty@MyFloridaLegal.com>; Michel Singer Nelson <michel.singernelson@coag.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Meislik, Alyse <Alyse.Meislik@azag.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Dilweg, Laura <ldilweg@azag.gov>; Pelton, Sarah <Sarah.Pelton@azag.gov>; Martindale, Thomas L <Thomas.Martindale@atg.in.gov>
**Subject:** Plaintiffs' First Request for Production to Avid Telecom

Good afternoon,

Attached you will find Plaintiffs' First Request for Production to Avid Telecom. Please respond with your production within 30 days. If physical production is necessary, please provide that to the Arizona Attorney General's Office.

Thank you, Tom

**Thomas Martindale**
Deputy Attorney General
Data Privacy & Identity Theft Unit
Consumer Protection Division
Office of Attorney General Todd Rokita
302 West Washington Street, IGCS 5th Floor
Indianapolis, IN 46204
p: (317)232-7751 |f: (317)232-7979
thomas.martindale@atg.in.gov

# Exhibit C

**Pelton, Sarah**

| | |
|---|---|
| **From:** | Erin Leahy <erin.leahy@OhioAGO.gov> |
| **Sent:** | Wednesday, April 30, 2025 12:13 PM |
| **To:** | Greg Taylor; Neil Ende |
| **Cc:** | Tracy Nayer; Meislik, Alyse; Swetnam Douglas; Jones, Dylan; Dilweg, Laura; Singer Nelson Michel; Pelton, Sarah; Sparko Rochelle; Martindale Thomas |
| **Subject:** | RE: AZ v Avid Telecom et al. - Plaintiffs' First Request for Production to Avid Telecom |

Hi Greg:

We are amenable to an extension to Friday, May 2nd for responses to the three sets of RFPs to Defendants.

We will get back to you on dates/times of availability next week for a call about the ESI.

Thanks, Erin

---

**From:** Greg Taylor <gtaylor@tlgdc.com>
**Sent:** Wednesday, April 30, 2025 2:49 PM
**To:** Erin Leahy <erin.leahy@OhioAGO.gov>; Neil Ende <nende@tlgdc.com>
**Cc:** Tracy Nayer <Tnayer@ncdoj.gov>; alyse.meislik@azag.gov; Swetnam Douglas <douglas.swetnam@atg.in.gov>; Jones Dylan <Dylan.Jones@azag.gov>; Dilweg Laura <Laura.Dilweg@azag.gov>; Singer Nelson Michel <michel.singernelson@coag.gov>; Pelton Sarah <Sarah.Pelton@azag.gov>; Sparko Rochelle <rsparko@ncdoj.gov>; Martindale Thomas <Thomas.Martindale@atg.in.gov>
**Subject:** Re: AZ v Avid Telecom et al. - Plaintiffs' First Request for Production to Avid Telecom

Erin:

We are still working on the document responses. I'm not sure we will be finished today, but I am sure we will have them completed before COB, Friday.  Relatedly, we would like to have our discussion next week so that it does not detract our attention from the RFPs.

If it is acceptable to you and\or the leadership states to allow us until COB Friday to respond to the RFPs, please confirm.  Also, please advise of your availability next week for the discussion re: ESI.

Best,
Greg

---

**From:** Erin Leahy <erin.leahy@OhioAGO.gov>
**Date:** Wednesday, April 30, 2025 at 11:52 AM
**To:** Neil Ende <nende@tlgdc.com>
**Cc:** Tracy Nayer <Tnayer@ncdoj.gov>, "alyse.meislik@azag.gov" <alyse.meislik@azag.gov>, Swetnam Douglas <douglas.swetnam@atg.in.gov>, Jones Dylan <Dylan.Jones@azag.gov>, Dilweg Laura <Laura.Dilweg@azag.gov>, Singer Nelson Michel <michel.singernelson@coag.gov>, Pelton Sarah <Sarah.Pelton@azag.gov>, Sparko Rochelle <rsparko@ncdoj.gov>, Martindale Thomas <Thomas.Martindale@atg.in.gov>, Greg Taylor <gtaylor@tlgdc.com>
**Subject:** RE: AZ v Avid Telecom et al. - Plaintiffs' First Request for Production to Avid Telecom

Hi Neil,

We are available to talk tomorrow between 1:30-3:00pmET.  Does that timeframe work for you?  If so, we can send a calendar invite.

---

**From:** Erin Leahy
**Sent:** Wednesday, April 30, 2025 11:50 AM
**To:** Neil Ende <nende@tlgdc.com>
**Cc:** Tracy Nayer <Tnayer@ncdoj.gov>; alyse.meislik@azag.gov; Swetnam Douglas <douglas.swetnam@atg.in.gov>; Jones Dylan <Dylan.Jones@azag.gov>; Dilweg Laura <Laura.Dilweg@azag.gov>; Singer Nelson Michel <michel.singernelson@coag.gov>; Pelton Sarah <Sarah.Pelton@azag.gov>; Sparko Rochelle <rsparko@ncdoj.gov>; Martindale Thomas <Thomas.Martindale@atg.in.gov>; Greg Taylor <gtaylor@tlgdc.com>
**Subject:** RE: AZ v Avid Telecom et al. - Plaintiffs' First Request for Production to Avid Telecom

We will get back with you later today with some dates/times when we are available to discuss the ESI.

Erin B. Leahy
Senior Assistant Attorney General
Consumer Protection Section
Office of Ohio Attorney General Dave Yost
30 East Broad St., 14th Floor
Columbus, Ohio 43215

Office number: 614-752-4730
Erin.Leahy@OhioAGO.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

---

**From:** Neil Ende <nende@tlgdc.com>
**Sent:** Wednesday, April 30, 2025 10:53 AM
**To:** Erin Leahy <erin.leahy@OhioAGO.gov>
**Cc:** Tracy Nayer <Tnayer@ncdoj.gov>; alyse.meislik@azag.gov; Swetnam Douglas <douglas.swetnam@atg.in.gov>; Jones Dylan <Dylan.Jones@azag.gov>; Dilweg Laura <Laura.Dilweg@azag.gov>; Singer Nelson Michel <michel.singernelson@coag.gov>; Pelton Sarah <Sarah.Pelton@azag.gov>; Sparko Rochelle <rsparko@ncdoj.gov>; Martindale Thomas <Thomas.Martindale@atg.in.gov>; Greg Taylor <gtaylor@tlgdc.com>
**Subject:** Re: AZ v Avid Telecom et al. - Plaintiffs' First Request for Production to Avid Telecom

Please let us know when you are available for a call to discuss.

Neil S. Ende, Esq.
Managing Partner

2

Technology Law Group, LLC
*nende@tlgdc.com*
202-895-1707 (Office)
202-256-0120 (Mobile)
703-229-6741 PIN 854# (Voice Conference Bridge)

---

**From:** Erin Leahy <erin.leahy@OhioAGO.gov>
**Date:** Monday, April 28, 2025 at 1:24 PM
**To:** Neil Ende <nende@tlgdc.com>
**Cc:** Tracy Nayer <Tnayer@ncdoj.gov>, alyse.meislik@azag.gov <alyse.meislik@azag.gov>, Swetnam Douglas <douglas.swetnam@atg.in.gov>, Jones Dylan <Dylan.Jones@azag.gov>, Dilweg Laura <Laura.Dilweg@azag.gov>, Singer Nelson Michel <michel.singernelson@coag.gov>, Pelton Sarah <Sarah.Pelton@azag.gov>, Sparko Rochelle <rsparko@ncdoj.gov>, Martindale Thomas <Thomas.Martindale@atg.in.gov>, Greg Taylor <gtaylor@tlgdc.com>
**Subject:** RE: AZ v Avid Telecom et al. - Plaintiffs' First Request for Production to Avid Telecom

Hi Neil and Greg,

We wanted to follow up with you to see if you had any revisions to the draft ESI protocol circulated to you on Tuesday, April 15th.  I am attaching it again.  If it is acceptable to you, we can get it filed by submitting it for the Court's review with an unopposed motion similar to the one filed for the entry of the protective order.

Please let us know if this version is acceptable to you, if you have revisions or would like to set up a call to discuss.

Thanks, Erin

---

**From:** Erin Leahy
**Sent:** Tuesday, April 15, 2025 5:04 PM
**To:** Neil Ende <nende@tlgdc.com>
**Cc:** Tracy Nayer <Tnayer@ncdoj.gov>; alyse.meislik@azag.gov <alyse.meislik@azag.gov>; Swetnam Douglas <douglas.swetnam@atg.in.gov>; Jones Dylan <Dylan.Jones@azag.gov>; Dilweg Laura <Laura.Dilweg@azag.gov>; Singer Nelson Michel <michel.singernelson@coag.gov>; Pelton Sarah <Sarah.Pelton@azag.gov>; Sparko Rochelle <rsparko@ncdoj.gov>; Martindale Thomas <Thomas.Martindale@atg.in.gov>; Greg Taylor <gtaylor@tlgdc.com>
**Subject:** AZ v Avid Telecom et al. - Plaintiffs' First Request for Production to Avid Telecom
**Importance:** High

Hi Neil:

It seems that you are raising a concern that is not currently at issue.  Defendants' Requests for Admission were not directed to each of the 49 Plaintiffs. The Requests for Admission were directed to the four Lead Plaintiff States and to the eleven States that brought state law claims.

The purpose of our request for an agenda as to nature of your disputes is to ensure that we are prepared to have a meaningful discussion.  It is unclear why you would not want us to be prepared to discuss and respond to your concerns as that is the point of a meet and confer.  As you are requesting a meeting with at least 13 attorneys, it would certainly be the best use of time for everyone to be prepared to discuss the nature of the disputes.  For these reasons, we ask that you, at a minimum, identify the specific requests you want to address during any meeting.  We can certainly listen to your concerns on the call and respond if we are able.  However, without some notice as to the nature of the disputes,

it may be likely that we would need to set another call to fully respond to your concerns after we've had a chance to review the specific requests at issue and discuss with the respective Plaintiffs.  Please let us know how you'd like to proceed.

I am attaching a draft of a Stipulated Protocol for ESI and Hard Copy documents.  Please let us know if you'd like to set up a call to discuss.

Thank you,  Erin



Erin B. Leahy
Senior Assistant Attorney General
Consumer Protection Section
Office of Ohio Attorney General Dave Yost
30 East Broad St., 14th Floor
Columbus, Ohio 43215

Office number: 614-752-4730
Erin.Leahy@OhioAGO.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

---

**From:** Neil Ende <nende@tlgdc.com>
**Sent:** Monday, April 14, 2025 11:49 AM
**To:** Erin Leahy <erin.leahy@OhioAGO.gov>
**Cc:** Tracy Nayer <Tnayer@ncdoj.gov>; alyse.meislik@azag.gov; Swetnam Douglas <douglas.swetnam@atg.in.gov>; Jones Dylan <Dylan.Jones@azag.gov>; Dilweg Laura <Laura.Dilweg@azag.gov>; Singer Nelson Michel <michel.singernelson@coag.gov>; Pelton Sarah <Sarah.Pelton@azag.gov>; Sparko Rochelle <rsparko@ncdoj.gov>; Martindale Thomas <Thomas.Martindale@atg.in.gov>; Greg Taylor <gtaylor@tlgdc.com>
**Subject:** Re: Plaintiffs' First Request for Production to Avid Telecom

Erin:

Thank you for your email and for agreeing to have an authorized representative of each of the 12 individual state Plaintiffs present at the meet and confer.   Upon further consideration, however, we believe that we need to have an authorized representative of *each* of the 50 Plaintiffs present at the meet and confer at as well as at all future meetings regarding discovery issues.  Indeed, as you certainly understand, by signing the complaint, a representative of each of the Plaintiffs—not just the leadership team—has personally represented that he/she has conducted a good faith review of the complaint and that each allegation of fact and each claim at law— both federal and state—is well founded.  Moreover, as the Requests for Admission were directed to each of the Plaintiffs—not just certain Plaintiffs or to the leadership team—we have the absolute right to inquire directly of each of them as to their personal knowledge of the state-specific facts allegedly supporting the complaint as well as their discovery responses, of which only each state-specific representative has the required personal knowledge.  ***Thus, to be clear, the request by the non-leadership team states that we deal only with the leadership team is rejected.***

Please reach out directly to a representative of each state to confirm their availability (or let us know if you would prefer that we do so). If any state is not prepared to participate fully in the discovery process and defend its federal and state claims on an individual basis, it is welcome to withdraw. (or we will request that the complaint be dismissed with prejudice as to that state, e.g., for failure to prosecute). However, as long as each state is a signatory to the complaint, it must defend its claims as well as its discovery responses to all state and federal claims on an individual basis.

It is our intention to take this matter to the judge if we cannot reach agreement with each of the states. Please note that our insistence on interacting directly with each state, for now, relates only to discovery matters; we are willing to work with the leadership team on other generic pleading/legal issues.

We are not comfortable sending our topics of inquiry in advance and we do not believe that we are required to do so. We will make those inquiries, as we deem appropriate, on a state-by-state basis, at the meet and confer conference.

Neil S. Ende
Managing Partner
Technology Law Group
202.256.0120
TLG Conference Bridge:
703.229.6741, PIN: 854#


Sent from my iPhone


On Apr 11, 2025, at 1:17 PM, Erin Leahy <erin.leahy@ohioago.gov> wrote:


Hi Neil,

We will agree to extensions to April 30 for responses from all three defendants. If you require additional time beyond these extensions, we ask you to seek intervention of the Court based on the narratives Greg has provided to us as to why you require additional time to respond to Plaintiffs' outstanding discovery requests. As to your confusion on the receipt of the discovery demands for Avid described in Greg's emails, moving forward, let's all agree that email correspondence will lead with the following in the subject line: "**AZ v. Avid Telecom**". Additionally, *all* counsel of record for the lead plaintiff states should be included in all emails, not just Tracy and me.

Further, if Greg would like us to continue to correspond with him directly, he will need to file his pro hac in this matter so that he is recognized as counsel of record and receives the ECF notifications.

We have been working on an ESI protocol. We will send it later today or by Monday/Tuesday next week at the latest.

We have shared with the State Claims States your request to have a meet-and-confer that includes counsel for the State Claims States in addition to the Leadership team. We have also kept the State Claims States apprised of all of our dealings with counsel in this matter. For this reason and others, the State Claims States would prefer for you to continue to deal with the Leadership team exclusively on this matter. Nevertheless, if necessary, they are willing to join a call with you and the Lead states. However, we must insist that you provide a detailed agenda in advance as to the nature of the disputes at issue so that we may be prepared to discuss. This will ensure the meeting is as productive as possible. Please let us know when you will provide an agenda and we will send you dates/times of availability.

Have a good weekend.

Thanks, Erin


&lt;image001.png&gt;     Erin B. Leahy
                    Senior Assistant Attorney General
                    Consumer Protection Section
                    Office of Ohio Attorney General Dave Yost
                    30 East Broad St., 14th Floor
                    Columbus, Ohio 43215

                    Office number: 614-752-4730
                    Erin.Leahy@OhioAGO.gov


Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.



**From:** Neil Ende <nende@tlgdc.com>
**Sent:** Friday, April 11, 2025 11:00 AM
**To:** Erin Leahy <erin.leahy@OhioAGO.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>
**Cc:** Alyse.Meislik@azag.gov; Douglas Swetnam (IN AG) (douglas.swetnam@atg.in.gov) <douglas.swetnam@atg.in.gov>; Dylan Jones (AZ AG) (Dylan.Jones@azag.gov) <Dylan.Jones@azag.gov>; Laura Dilweg (AZ AG) (Laura.Dilweg@azag.gov) <Laura.Dilweg@azag.gov>; Michel Singer Nelson (CO AG) (michel.singernelson@coag.gov) <michel.singernelson@coag.gov>; Sarah Pelton (AZ AG) (Sarah.Pelton@azag.gov) <Sarah.Pelton@azag.gov>; Sparko, Rochelle <rsparko@NCDOJ.GOV>; Thomas Martindale (IN AG) (Thomas.Martindale@atg.in.gov) <Thomas.Martindale@atg.in.gov>; Greg Taylor <gtaylor@tlgdc.com>
**Subject:** Re: RE: Plaintiffs' First Request for Production to Avid Telecom

We will respond to your outstanding requests to all three defendants by April 30 on the assumption that we have an ESI agreement in place by then that makes it possible for both sides to respond.

Given the number of players on your side, I suggest that you determine several common dates of availability and provide them to me rather than my picking dates essentially at random.  Agreed?

Neil S. Ende, Esq.
Managing Partner
Technology Law Group, LLC
*nende@tlgdc.com*
202-895-1707 (Office)

202-256-0120 (Mobile)
703-229-6741 PIN 854# (Voice Conference Bridge)

---

**From:** Erin Leahy <erin.leahy@OhioAGO.gov>
**Date:** Friday, April 4, 2025 at 3:04 PM
**To:** Neil Ende <nende@tlgdc.com>, Nayer, Tracy <Tnayer@ncdoj.gov>
**Cc:** Alyse.Meislik@azag.gov <Alyse.Meislik@azag.gov>, Douglas Swetnam (IN AG)
(douglas.swetnam@atg.in.gov) <douglas.swetnam@atg.in.gov>, Dylan Jones (AZ AG)
(Dylan.Jones@azag.gov) <Dylan.Jones@azag.gov>, Laura Dilweg (AZ AG)
(Laura.Dilweg@azag.gov) <Laura.Dilweg@azag.gov>, Michel Singer Nelson (CO AG)
(michel.singernelson@coag.gov) <michel.singernelson@coag.gov>, Sarah Pelton (AZ AG)
(Sarah.Pelton@azag.gov) <Sarah.Pelton@azag.gov>, Sparko, Rochelle <rsparko@NCDOJ.GOV>,
Thomas Martindale (IN AG) (Thomas.Martindale@atg.in.gov)
<Thomas.Martindale@atg.in.gov>, Greg Taylor <gtaylor@tlgdc.com>
**Subject:** RE: Plaintiffs' First Request for Production to Avid Telecom

Hi Neil,

As indicated in the attached previous email, Plaintiffs would like to get an ESI agreement in place prior
to producing the remaining production so that we have agreement on the specifics of the
production. The CDRs records alone are 7 terabytes. We have been working on a draft and plan to get
that to you next week.

Regarding your request for a meet and confer as to our responses to the Requests for Admission, we are
happy to coordinate a call and will ensure that a representative from each of the states with state law
claims is available to discuss issues of law and fact, as well as the other states you mentioned to discuss
the federal claims. Would you like to propose some dates and times that will work for you? Given the
number of participants that may be involved, it would be best to provide a handful of date/time options
and likely in the afternoon since we have some folks in other time zones. We have a group of states that
meet weekly for this case on Tuesdays at 2pmET. The standing group does not include all the states
with state law claims, but it may be a good day/time option since it is already reserved on many of our
calendars.

Additionally, in light of our need to get the ESI agreement in place for the production of documents, we
will consent to the requested extension (to April 30) to respond to Plaintiffs' First Set of Requests for
Production to Avid Telecom. If possible, we would appreciate it if you are able to at least provide the
written responses by April 11.

Sincerely,


                        Erin B. Leahy
<image001.png>          Senior Assistant Attorney General
                        Consumer Protection Section
                        Office of Ohio Attorney General Dave Yost
                        30 East Broad St., 14th Floor
                        Columbus, Ohio 43215

7

Office number: 614-752-4730
Fax number: 866-768-2648
Erin.Leahy@OhioAGO.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

---

**From:** Neil Ende <nende@tlgdc.com>
**Sent:** Wednesday, April 2, 2025 11:23 AM
**To:** Nayer, Tracy <Tnayer@ncdoj.gov>
**Cc:** Alyse.Meislik@azag.gov; Douglas Swetnam (IN AG) (douglas.swetnam@atg.in.gov) <douglas.swetnam@atg.in.gov>; Dylan Jones (AZ AG) (Dylan.Jones@azag.gov) <Dylan.Jones@azag.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Laura Dilweg (AZ AG) (Laura.Dilweg@azag.gov) <Laura.Dilweg@azag.gov>; Michel Singer Nelson (CO AG) (michel.singernelson@coag.gov) <michel.singernelson@coag.gov>; Sarah Pelton (AZ AG) (Sarah.Pelton@azag.gov) <Sarah.Pelton@azag.gov>; Sparko, Rochelle <rsparko@NCDOJ.GOV>; Thomas Martindale (IN AG) (Thomas.Martindale@atg.in.gov) <Thomas.Martindale@atg.in.gov>; Greg Taylor <gtaylor@tlgdc.com>
**Subject:** Re: Plaintiffs' First Request for Production to Avid Telecom
**Importance:** High

Tracy:

Good morning!

Thank you for your email and the offer of a short extension of time.

Given the extraordinary (we'll leave it as that for now)scope of your requests (hundreds of requests, many with large numbers of subparts) and the very limited economic and personnel resources available to our clients, we will not be able to respond by April 11. We will need *at least* the 30-day extension that we requested.

Please advise if you will consent or whether we need to seek relief from the Court.

Do you have an update of the AG's incomplete responses to our first requests? We would like to receive full production/responses ASAP and we want to set a time shortly thereafter for a meet and confer call. We are particularly interested in discussion as number of very concerning responses we received to our Requests for Admission. To be clear, at a minimum, we need to have an AG-representative on that meet and confer call that works directly for each of the (12) individual state Plaintiffs to address state law fact/law issues, as well as an AG-representative of the following states to address the facts/legal issues relevant to the federal claims: Arizona, Colorado Indiana, North Carolina and Ohio. As each of the individual states has made factual and legal representations and claims, we clearly have the right to engage with a representative of each Plaintiff *directly*. As a member of the leadership team, we ask that

you facilitate our ability to do so by coordinating a day/time for a call that includes a AAG from each of the identified states.

We look forward to your timely response.

Thank you.

Neil S. Ende, Esq.
Managing Partner
Technology Law Group, LLC
nende@tlgdc.com
202-895-1707 (Office)
202-256-0120 (Mobile)
703-229-6741 PIN 854# (Voice Conference Bridge)

---

**From:** Nayer, Tracy
**Date:** Wednesday, April 2, 2025 at 10:51 AM
**To:** Greg Taylor , Neil Ende
**Cc:** Alyse.Meislik@azag.gov , Douglas Swetnam (IN AG) (douglas.swetnam@atg.in.gov) , Dylan Jones (AZ AG) (Dylan.Jones@azag.gov) , Erin Leahy (OH AG) (erin.leahy@ohioago.gov) , Laura Dilweg (AZ AG) (Laura.Dilweg@azag.gov) , Michel Singer Nelson (CO AG) (michel.singernelson@coag.gov) , Sarah Pelton (AZ AG) (Sarah.Pelton@azag.gov) , Sparko, Rochelle , Thomas Martindale (IN AG) (Thomas.Martindale@atg.in.gov)
**Subject:** RE: Plaintiffs' First Request for Production to Avid Telecom

Thank you for your response, Greg. At this time, Plaintiffs can agree to enlarge the date responses are due to Plaintiffs' First Set of Requests for Production to Avid Telecom to Friday, April 11.

**Tracy Nayer**
Special Deputy Attorney General
Consumer Protection Division
North Carolina Department of Justice
(919) 716-6581
tnayer@ncdoj.gov
Post Office Box 629, Raleigh, NC 27602
114 West Edenton Street, Raleigh, NC 27603
https://ncdoj.gov/

Please note messages to or from this address may be public records.

---

**From:** Greg Taylor
**Sent:** Monday, March 31, 2025 2:40 PM
**To:** Erin Leahy ; Neil Ende
**Cc:** Nayer, Tracy ; Sparko, Rochelle ; Michel Singer Nelson ; Swetnam, Douglas ; Meislik, Alyse ; Jones, Dylan ; Dilweg, Laura ; Pelton, Sarah ; Martindale, Thomas L
**Subject:** Re: Plaintiffs' First Request for Production to Avid Telecom

Erin:

Apologies for the late reply.

We are working diligently to provide responses to the voluminous requests. Despite our efforts, we are still in the process of gathering documents that still need to be reviewed for privilege, etc.

We ask to amend our response date to April 30 to give us time to fully respond to your requests.

Please confirm your agreement with the forgoing.

Best,
Greg

**From:** Erin Leahy <erin.leahy@OhioAGO.gov>
**Date:** Monday, March 31, 2025 at 12:08 PM
**To:** Neil Ende <nende@tlgdc.com>, Greg Taylor <gtaylor@tlgdc.com>
**Cc:** "Nayer, Tracy" <Tnayer@ncdoj.gov>, "Sparko, Rochelle" <rsparko@ncdoj.gov>, Michel Singer Nelson <michel.singernelson@coag.gov>, "Swetnam, Douglas" <Douglas.Swetnam@atg.in.gov>, "Meislik, Alyse" <Alyse.Meislik@azag.gov>, "Jones, Dylan" <Dylan.Jones@azag.gov>, "Dilweg, Laura" <ldilweg@azag.gov>, "Pelton, Sarah" <Sarah.Pelton@azag.gov>, "Martindale, Thomas L" <Thomas.Martindale@atg.in.gov>
**Subject:** RE: Plaintiffs' First Request for Production to Avid Telecom

Hello Neil and Greg,

I have not received a response to my email below regarding the overdue discovery responses from Avid Telecom. Please provide an update.

Sincerely,

<image003.png>
                      Erin B. Leahy
                      Senior Assistant Attorney General
                      Consumer Protection Section
                      Office of Ohio Attorney General Dave Yost
                      30 East Broad St., 14th Floor
                      Columbus, Ohio 43215

                      Office number: 614-752-4730
                      Fax number: 866-768-2648
                      Erin.Leahy@OhioAGO.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

**From:** Erin Leahy
**Sent:** Wednesday, March 26, 2025 5:02 PM
**To:** Neil Ende <nende@tlgdc.com>; gtaylor@tlgdc.com
**Cc:** Nayer, Tracy <Tnayer@ncdoj.gov>; Sparko, Rochelle <rsparko@ncdoj.gov>; Michel Singer Nelson <michel.singernelson@coag.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Meislik, Alyse <Alyse.Meislik@azag.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Dilweg, Laura <ldilweg@azag.gov>; Pelton, Sarah <Sarah.Pelton@azag.gov>; Martindale, Thomas L <Thomas.Martindale@atg.in.gov>
**Subject:** RE: Plaintiffs' First Request for Production to Avid Telecom

Good afternoon Neil and Greg,

We have not received written responses to the Plaintiffs' First Set of Requests for Production to Avid Telecom which were served on February 21, 2025. The responses were due Monday, March 24, 2025.

Please provide the responses at your earliest convenience.

Sincerely,

<image003.png>    Erin B. Leahy
Senior Assistant Attorney General
Consumer Protection Section
Office of Ohio Attorney General Dave Yost
30 East Broad St., 14th Floor
Columbus, Ohio 43215

Office number: 614-752-4730
Fax number: 866-768-2648
Erin.Leahy@OhioAGO.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

---

**From:** Martindale, Thomas L <Thomas.Martindale@atg.in.gov>
**Sent:** Friday, February 21, 2025 12:39 PM
**To:** Neil Ende <nende@tlgdc.com>; gtaylor@tlgdc.com
**Cc:** Nayer, Tracy <Tnayer@ncdoj.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Sparko, Rochelle <rsparko@ncdoj.gov>; Patrick Crotty <Patrick.Crotty@MyFloridaLegal.com>; Michel Singer Nelson <michel.singernelson@coag.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Meislik, Alyse <Alyse.Meislik@azag.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Dilweg, Laura <ldilweg@azag.gov>; Pelton, Sarah <Sarah.Pelton@azag.gov>; Martindale, Thomas L <Thomas.Martindale@atg.in.gov>
**Subject:** Plaintiffs' First Request for Production to Avid Telecom

Good afternoon,

Attached you will find Plaintiffs' First Request for Production to Avid Telecom. Please respond with your production within 30 days. If physical production is necessary, please provide that to the Arizona Attorney General's Office.

Thank you, Tom

**Thomas Martindale**
Deputy Attorney General
Data Privacy & Identity Theft Unit
Consumer Protection Division
Office of Attorney General Todd Rokita
302 West Washington Street, IGCS 5th Floor
Indianapolis, IN 46204
p: (317)232-7751 | f: (317)232-7979
thomas.martindale@atg.in.gov

# Exhibit D

**Pelton, Sarah**

| | |
|---|---|
| **From:** | Neil Ende <nende@tlgdc.com> |
| **Sent:** | Friday, May 2, 2025 6:29 PM |
| **To:** | Erin Leahy |
| **Cc:** | Tracy Nayer; Meislik, Alyse; Swetnam Douglas; Jones, Dylan; Dilweg, Laura; Singer Nelson Michel; Pelton, Sarah; Sparko Rochelle; Martindale Thomas |
| **Subject:** | Re: AZ v Avid Telecom et al. - Plaintiffs' First Request for Production to Avid Telecom |
| **Attachments:** | Pls' 1st RFPs to Lansky (Responses-As Served-05-02-25).pdf; Pls' 1st RFPs to Lansky (Responses-As Served-05-02-25).pdf; Pls' 1st RFPs to Lansky (Responses-As Served-05-02-25).pdf |

Attached are Defendants' Responses.

Neil S. Ende, Esq.
Managing Partner
Technology Law Group, LLC
*nende@tlgdc.com*
202-895-1707 (Office)
202-256-0120 (Mobile)
703-229-6741 PIN 854# (Voice Conference Bridge)

---

**From:** Erin Leahy <erin.leahy@OhioAGO.gov>
**Date:** Wednesday, April 30, 2025 at 5:41 PM
**To:** Greg Taylor <gtaylor@tlgdc.com>, Neil Ende <nende@tlgdc.com>
**Cc:** Tracy Nayer <Tnayer@ncdoj.gov>, alyse.meislik@azag.gov <alyse.meislik@azag.gov>, Swetnam Douglas <douglas.swetnam@atg.in.gov>, Jones Dylan <Dylan.Jones@azag.gov>, Dilweg Laura <Laura.Dilweg@azag.gov>, Singer Nelson Michel <michel.singernelson@coag.gov>, Pelton Sarah <Sarah.Pelton@azag.gov>, Sparko Rochelle <rsparko@ncdoj.gov>, Martindale Thomas <Thomas.Martindale@atg.in.gov>
**Subject:** RE: AZ v Avid Telecom et al. - Plaintiffs' First Request for Production to Avid Telecom

Hi Greg,

It looks like the best time for us to meet next week will be Thursday, May 8 between 1pm-3pmET.  Does that work for you?

Thanks

---

**From:** Erin Leahy
**Sent:** Wednesday, April 30, 2025 3:13 PM
**To:** Greg Taylor <gtaylor@tlgdc.com>; Neil Ende <nende@tlgdc.com>
**Cc:** Tracy Nayer <Tnayer@ncdoj.gov>; alyse.meislik@azag.gov; Swetnam Douglas <douglas.swetnam@atg.in.gov>; Jones Dylan <Dylan.Jones@azag.gov>; Dilweg Laura <Laura.Dilweg@azag.gov>; Singer Nelson Michel <michel.singernelson@coag.gov>; Pelton Sarah <Sarah.Pelton@azag.gov>; Sparko Rochelle <rsparko@ncdoj.gov>; Martindale Thomas <Thomas.Martindale@atg.in.gov>
**Subject:** RE: AZ v Avid Telecom et al. - Plaintiffs' First Request for Production to Avid Telecom

Hi Greg:

We are amenable to an extension to Friday, May 2nd for responses to the three sets of RFPs to Defendants.

We will get back to you on dates/times of availability next week for a call about the ESI.

Thanks, Erin

---

**From:** Greg Taylor <gtaylor@tlgdc.com>
**Sent:** Wednesday, April 30, 2025 2:49 PM
**To:** Erin Leahy <erin.leahy@OhioAGO.gov>; Neil Ende <nende@tlgdc.com>
**Cc:** Tracy Nayer <Tnayer@ncdoj.gov>; alyse.meislik@azag.gov; Swetnam Douglas <douglas.swetnam@atg.in.gov>; Jones Dylan <Dylan.Jones@azag.gov>; Dilweg Laura <Laura.Dilweg@azag.gov>; Singer Nelson Michel <michel.singernelson@coag.gov>; Pelton Sarah <Sarah.Pelton@azag.gov>; Sparko Rochelle <rsparko@ncdoj.gov>; Martindale Thomas <Thomas.Martindale@atg.in.gov>
**Subject:** Re: AZ v Avid Telecom et al. - Plaintiffs' First Request for Production to Avid Telecom

Erin:

We are still working on the document responses. I'm not sure we will be finished today, but I am sure we will have them completed before COB, Friday. Relatedly, we would like to have our discussion next week so that it does not detract our attention from the RFPs.

If it is acceptable to you and\or the leadership states to allow us until COB Friday to respond to the RFPs, please confirm. Also, please advise of your availability next week for the discussion re: ESI.

Best,
Greg

---

**From:** Erin Leahy <erin.leahy@OhioAGO.gov>
**Date:** Wednesday, April 30, 2025 at 11:52 AM
**To:** Neil Ende <nende@tlgdc.com>
**Cc:** Tracy Nayer <Tnayer@ncdoj.gov>, "alyse.meislik@azag.gov" <alyse.meislik@azag.gov>, Swetnam Douglas <douglas.swetnam@atg.in.gov>, Jones Dylan <Dylan.Jones@azag.gov>, Dilweg Laura <Laura.Dilweg@azag.gov>, Singer Nelson Michel <michel.singernelson@coag.gov>, Pelton Sarah <Sarah.Pelton@azag.gov>, Sparko Rochelle <rsparko@ncdoj.gov>, Martindale Thomas <Thomas.Martindale@atg.in.gov>, Greg Taylor <gtaylor@tlgdc.com>
**Subject:** RE: AZ v Avid Telecom et al. - Plaintiffs' First Request for Production to Avid Telecom

Hi Neil,

We are available to talk tomorrow between 1:30-3:00pmET. Does that timeframe work for you? If so, we can send a calendar invite.

---

**From:** Erin Leahy
**Sent:** Wednesday, April 30, 2025 11:50 AM
**To:** Neil Ende <nende@tlgdc.com>
**Cc:** Tracy Nayer <Tnayer@ncdoj.gov>; alyse.meislik@azag.gov; Swetnam Douglas <douglas.swetnam@atg.in.gov>; Jones Dylan <Dylan.Jones@azag.gov>; Dilweg Laura <Laura.Dilweg@azag.gov>; Singer Nelson Michel

2

<michel.singernelson@coag.gov>; Pelton Sarah <Sarah.Pelton@azag.gov>; Sparko Rochelle <rsparko@ncdoj.gov>;
Martindale Thomas <Thomas.Martindale@atg.in.gov>; Greg Taylor <gtaylor@tlgdc.com>
**Subject:** RE: AZ v Avid Telecom et al. - Plaintiffs' First Request for Production to Avid Telecom

We will get back with you later today with some dates/times when we are available to discuss the ESI.

Erin B. Leahy
Senior Assistant Attorney General
Consumer Protection Section
Office of Ohio Attorney General Dave Yost
30 East Broad St., 14th Floor
Columbus, Ohio 43215

Office number: 614-752-4730
Erin.Leahy@OhioAGO.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

**From:** Neil Ende <nende@tlgdc.com>
**Sent:** Wednesday, April 30, 2025 10:53 AM
**To:** Erin Leahy <erin.leahy@OhioAGO.gov>
**Cc:** Tracy Nayer <Tnayer@ncdoj.gov>; alyse.meislik@azag.gov; Swetnam Douglas <douglas.swetnam@atg.in.gov>; Jones
Dylan <Dylan.Jones@azag.gov>; Dilweg Laura <Laura.Dilweg@azag.gov>; Singer Nelson Michel
<michel.singernelson@coag.gov>; Pelton Sarah <Sarah.Pelton@azag.gov>; Sparko Rochelle <rsparko@ncdoj.gov>;
Martindale Thomas <Thomas.Martindale@atg.in.gov>; Greg Taylor <gtaylor@tlgdc.com>
**Subject:** Re: AZ v Avid Telecom et al. - Plaintiffs' First Request for Production to Avid Telecom

Please let us know when you are available for a call to discuss.

Neil S. Ende, Esq.
Managing Partner
Technology Law Group, LLC
*nende@tlgdc.com*
202-895-1707 (Office)
202-256-0120 (Mobile)
703-229-6741 PIN 854# (Voice Conference Bridge)

**From:** Erin Leahy <erin.leahy@OhioAGO.gov>
**Date:** Monday, April 28, 2025 at 1:24 PM
**To:** Neil Ende <nende@tlgdc.com>
**Cc:** Tracy Nayer <Tnayer@ncdoj.gov>, alyse.meislik@azag.gov <alyse.meislik@azag.gov>, Swetnam Douglas
<douglas.swetnam@atg.in.gov>, Jones Dylan <Dylan.Jones@azag.gov>, Dilweg Laura
<Laura.Dilweg@azag.gov>, Singer Nelson Michel <michel.singernelson@coag.gov>, Pelton Sarah

<Sarah.Pelton@azag.gov>, Sparko Rochelle <rsparko@ncdoj.gov>, Martindale Thomas
<Thomas.Martindale@atg.in.gov>, Greg Taylor <gtaylor@tlgdc.com>
**Subject:** RE: AZ v Avid Telecom et al. - Plaintiffs' First Request for Production to Avid Telecom

Hi Neil and Greg,

We wanted to follow up with you to see if you had any revisions to the draft ESI protocol circulated to you on
Tuesday, April 15th. I am attaching it again. If it is acceptable to you, we can get it filed by submitting it for the
Court's review with an unopposed motion similar to the one filed for the entry of the protective order.

Please let us know if this version is acceptable to you, if you have revisions or would like to set up a call to discuss.

Thanks, Erin

---

**From:** Erin Leahy
**Sent:** Tuesday, April 15, 2025 5:04 PM
**To:** Neil Ende <nende@tlgdc.com>
**Cc:** Tracy Nayer <Tnayer@ncdoj.gov>; alyse.meislik@azag.gov; Swetnam Douglas <douglas.swetnam@atg.in.gov>; Jones
Dylan <Dylan.Jones@azag.gov>; Dilweg Laura <Laura.Dilweg@azag.gov>; Singer Nelson Michel
<michel.singernelson@coag.gov>; Pelton Sarah <Sarah.Pelton@azag.gov>; Sparko Rochelle <rsparko@ncdoj.gov>;
Martindale Thomas <Thomas.Martindale@atg.in.gov>; Greg Taylor <gtaylor@tlgdc.com>
**Subject:** AZ v Avid Telecom et al. - Plaintiffs' First Request for Production to Avid Telecom
**Importance:** High

Hi Neil:

It seems that you are raising a concern that is not currently at issue. Defendants' Requests for Admission were not
directed to each of the 49 Plaintiffs. The Requests for Admission were directed to the four Lead Plaintiff States and
to the eleven States that brought state law claims.

The purpose of our request for an agenda as to nature of your disputes is to ensure that we are prepared to have a
meaningful discussion. It is unclear why you would not want us to be prepared to discuss and respond to your
concerns as that is the point of a meet and confer. As you are requesting a meeting with at least 13 attorneys, it
would certainly be the best use of time for everyone to be prepared to discuss the nature of the disputes. For these
reasons, we ask that you, at a minimum, identify the specific requests you want to address during any meeting. We
can certainly listen to your concerns on the call and respond if we are able. However, without some notice as to the
nature of the disputes, it may be likely that we would need to set another call to fully respond to your concerns
after we've had a chance to review the specific requests at issue and discuss with the respective Plaintiffs. Please
let us know how you'd like to proceed.

I am attaching a draft of a Stipulated Protocol for ESI and Hard Copy documents. Please let us know if you'd like to
set up a call to discuss.

Thank you, Erin



Erin B. Leahy
Senior Assistant Attorney General
Consumer Protection Section
Office of Ohio Attorney General Dave Yost
30 East Broad St., 14th Floor
Columbus, Ohio 43215

Office number: 614-752-4730
Erin.Leahy@OhioAGO.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

---

**From:** Neil Ende <nende@tlgdc.com>
**Sent:** Monday, April 14, 2025 11:49 AM
**To:** Erin Leahy <erin.leahy@OhioAGO.gov>
**Cc:** Tracy Nayer <Tnayer@ncdoj.gov>; alyse.meislik@azag.gov; Swetnam Douglas <douglas.swetnam@atg.in.gov>; Jones Dylan <Dylan.Jones@azag.gov>; Dilweg Laura <Laura.Dilweg@azag.gov>; Singer Nelson Michel <michel.singernelson@coag.gov>; Pelton Sarah <Sarah.Pelton@azag.gov>; Sparko Rochelle <rsparko@ncdoj.gov>; Martindale Thomas <Thomas.Martindale@atg.in.gov>; Greg Taylor <gtaylor@tlgdc.com>
**Subject:** Re: Plaintiffs' First Request for Production to Avid Telecom

Erin:

Thank you for your email and for agreeing to have an authorized representative of each of the 12 individual state Plaintiffs present at the meet and confer.   Upon further consideration, however, we believe that we need to have an authorized representative of ***each*** of the 50 Plaintiffs present at the meet and confer at as well as at all future meetings regarding discovery issues.  Indeed, as you certainly understand, by signing the complaint, a representative of each of the Plaintiffs—not just the leadership team—has personally represented that he/she has conducted a good faith review of the complaint and that each allegation of fact and each claim at law— both federal and state—is well founded.  Moreover, as the Requests for Admission were directed to each of the Plaintiffs—not just certain Plaintiffs or to the leadership team—we have the absolute right to inquire directly of each of them as to their personal knowledge of the state-specific facts allegedly supporting the complaint as well as their discovery responses, of which only each state-specific representative has the required personal knowledge.  ***Thus, to be clear, the request by the non-leadership team states that we deal only with the leadership team is rejected.***

Please reach out directly to a representative of each state to confirm their availability (or let us know if you would prefer that we do so).  If any state is not prepared to participate fully in the discovery process and defend its  federal and state claims on an individual basis, it is welcome to withdraw. (or we will request that the complaint be dismissed with prejudice as to that state, e.g., for failure to prosecute). However, as long as each state is a signatory to the complaint, it must defend its claims as well as its discovery responses to all state and federal claims on an individual basis.

It is our intention to take this matter to the judge if we cannot reach agreement with each of the states.  Please note that our insistence on interacting directly with each state, for now, relates only to discovery matters; we are willing to work with the leadership team on other generic pleading/legal issues.

We are not comfortable sending our topics of inquiry in advance and we do not believe that we are required to do so.  We will make those inquiries, as we deem appropriate, on a state-by-state basis, at the meet and confer conference.

Neil S. Ende
Managing Partner
Technology Law Group
202.256.0120
TLG Conference Bridge:
703.229.6741, PIN: 854#

Sent from my iPhone

On Apr 11, 2025, at 1:17 PM, Erin Leahy <erin.leahy@ohioago.gov> wrote:

Hi Neil,

We will agree to extensions to April 30 for responses from all three defendants.  If you require additional time beyond these extensions, we ask you to seek intervention of the Court based on the narratives Greg has provided to us as to why you require additional time to respond to Plaintiffs' outstanding discovery requests.  As to your confusion on the receipt of the discovery demands for Avid described in Greg's emails, moving forward, let's all agree that email correspondence will lead with the following in the subject line: "**AZ v. Avid Telecom**".  Additionally, *all* counsel of record for the lead plaintiff states should be included in all emails, not just Tracy and me.

Further, if Greg would like us to continue to correspond with him directly, he will need to file his pro hac in this matter so that he is recognized as counsel of record and receives the ECF notifications.

We have been working on an ESI protocol.  We will send it later today or by Monday/Tuesday next week at the latest.

We have shared with the State Claims States your request to have a meet-and-confer that includes counsel for the State Claims States in addition to the Leadership team.  We have also kept the State Claims States apprised of all of our dealings with counsel in this matter.  For this reason and others, the State Claims States would prefer for you to continue to deal with the Leadership team exclusively on this matter.  Nevertheless, if necessary, they are willing to join a call with you and the Lead states.  However, we must insist that you provide a detailed agenda in advance as to the nature of the disputes at issue so that we may be prepared to discuss.  This will ensure the meeting is as productive as possible.  Please let us know when you will provide an agenda and we will send you dates/times of availability.

Have a good weekend.

Thanks, Erin


<image001.png>     Erin B. Leahy
                   Senior Assistant Attorney General
                   Consumer Protection Section
                   Office of Ohio Attorney General Dave Yost
                   30 East Broad St., 14th Floor
                   Columbus, Ohio 43215

                   Office number: 614-752-4730
                   Erin.Leahy@OhioAGO.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this

communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

---

**From:** Neil Ende <nende@tlgdc.com>
**Sent:** Friday, April 11, 2025 11:00 AM
**To:** Erin Leahy <erin.leahy@OhioAGO.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>
**Cc:** Alyse.Meislik@azag.gov; Douglas Swetnam (IN AG) (douglas.swetnam@atg.in.gov) <douglas.swetnam@atg.in.gov>; Dylan Jones (AZ AG) (Dylan.Jones@azag.gov) <Dylan.Jones@azag.gov>; Laura Dilweg (AZ AG) (Laura.Dilweg@azag.gov) <Laura.Dilweg@azag.gov>; Michel Singer Nelson (CO AG) (michel.singernelson@coag.gov) <michel.singernelson@coag.gov>; Sarah Pelton (AZ AG) (Sarah.Pelton@azag.gov) <Sarah.Pelton@azag.gov>; Sparko, Rochelle <rsparko@NCDOJ.GOV>; Thomas Martindale (IN AG) (Thomas.Martindale@atg.in.gov) <Thomas.Martindale@atg.in.gov>; Greg Taylor <gtaylor@tlgdc.com>
**Subject:** Re: RE: Plaintiffs' First Request for Production to Avid Telecom

We will respond to your outstanding requests to all three defendants by April 30 on the assumption that we have an ESI agreement in place by then that makes it possible for both sides to respond.

Given the number of players on your side, I suggest that you determine several common dates of availability and provide them to me rather than my picking dates essentially at random.  Agreed?

Neil S. Ende, Esq.
Managing Partner
Technology Law Group, LLC
*nende@tlgdc.com*
202-895-1707 (Office)
202-256-0120 (Mobile)
703-229-6741 PIN 854# (Voice Conference Bridge)

---

**From:** Erin Leahy <erin.leahy@OhioAGO.gov>
**Date:** Friday, April 4, 2025 at 3:04 PM
**To:** Neil Ende <nende@tlgdc.com>, Nayer, Tracy <Tnayer@ncdoj.gov>
**Cc:** Alyse.Meislik@azag.gov <Alyse.Meislik@azag.gov>, Douglas Swetnam (IN AG) (douglas.swetnam@atg.in.gov) <douglas.swetnam@atg.in.gov>, Dylan Jones (AZ AG) (Dylan.Jones@azag.gov) <Dylan.Jones@azag.gov>, Laura Dilweg (AZ AG) (Laura.Dilweg@azag.gov) <Laura.Dilweg@azag.gov>, Michel Singer Nelson (CO AG) (michel.singernelson@coag.gov) <michel.singernelson@coag.gov>, Sarah Pelton (AZ AG) (Sarah.Pelton@azag.gov) <Sarah.Pelton@azag.gov>, Sparko, Rochelle <rsparko@NCDOJ.GOV>, Thomas Martindale (IN AG) (Thomas.Martindale@atg.in.gov) <Thomas.Martindale@atg.in.gov>, Greg Taylor <gtaylor@tlgdc.com>
**Subject:** RE: Plaintiffs' First Request for Production to Avid Telecom

Hi Neil,

As indicated in the attached previous email, Plaintiffs would like to get an ESI agreement in place prior to producing the remaining production so that we have agreement on the specifics of the production.  The CDRs records alone are 7 terabytes. We have been working on a draft and plan to get that to you next week.

Regarding your request for a meet and confer as to our responses to the Requests for Admission, we are happy to coordinate a call and will ensure that a representative from each of the states with state law claims is available to discuss issues of law and fact, as well as the other states you mentioned to discuss the federal claims.  Would you like to propose some dates and times that will work for you? Given the number of participants that may be involved, it would be best to provide a handful of date/time options and likely in the afternoon since we have some folks in other time zones. We have a group of states that meet weekly for this case on Tuesdays at 2pmET.  The standing group does not include all the states with state law claims, but it may be a good day/time option since it is already reserved on many of our calendars.

Additionally, in light of our need to get the ESI agreement in place for the production of documents, we will consent to the requested extension (to April 30) to respond to Plaintiffs' First Set of Requests for Production to Avid Telecom.  If possible, we would appreciate it if you are able to at least provide the written responses by April 11.

Sincerely,

<image001.png>      Erin B. Leahy
Senior Assistant Attorney General
Consumer Protection Section
Office of Ohio Attorney General Dave Yost
30 East Broad St., 14th Floor
Columbus, Ohio 43215

Office number: 614-752-4730
Fax number: 866-768-2648
Erin.Leahy@OhioAGO.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

**From:** Neil Ende <nende@tlgdc.com>
**Sent:** Wednesday, April 2, 2025 11:23 AM
**To:** Nayer, Tracy <Tnayer@ncdoj.gov>
**Cc:** Alyse.Meislik@azag.gov; Douglas Swetnam (IN AG) (douglas.swetnam@atg.in.gov) <douglas.swetnam@atg.in.gov>; Dylan Jones (AZ AG) (Dylan.Jones@azag.gov) <Dylan.Jones@azag.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Laura Dilweg (AZ AG) (Laura.Dilweg@azag.gov) <Laura.Dilweg@azag.gov>; Michel Singer Nelson (CO AG) (michel.singernelson@coag.gov) <michel.singernelson@coag.gov>; Sarah Pelton (AZ AG) (Sarah.Pelton@azag.gov) <Sarah.Pelton@azag.gov>; Sparko, Rochelle <rsparko@NCDOJ.GOV>; Thomas Martindale (IN AG)

(Thomas.Martindale@atg.in.gov) <Thomas.Martindale@atg.in.gov>; Greg Taylor <gtaylor@tlgdc.com>
**Subject:** Re: Plaintiffs' First Request for Production to Avid Telecom
**Importance:** High

Tracy:

Good morning!

Thank you for your email and the offer of a short extension of time.

Given the extraordinary (we'll leave it as that for now)scope of your requests (hundreds of requests, many with large numbers of subparts) and the very limited economic and personnel resources available to our clients, we will not be able to respond by April 11. We will need *at least* the 30-day extension that we requested.

Please advise if you will consent or whether we need to seek relief from the Court.

Do you have an update of the AG's incomplete responses to our first requests? We would like to receive full production/responses ASAP and we want to set a time shortly thereafter for a meet and confer call. We are particularly interested in discussion as number of very concerning responses we received to our Requests for Admission. To be clear, at a minimum, we need to have an AG-representative on that meet and confer call that works directly for each of the (12) individual state Plaintiffs to address state law fact/law issues, as well as an AG-representative of the following states to address the facts/legal issues relevant to the federal claims: Arizona, Colorado Indiana, North Carolina and Ohio. As each of the individual states has made factual and legal representations and claims, we clearly have the right to engage with a representative of each Plaintiff *directly*. As a member of the leadership team, we ask that you facilitate our ability to do so by coordinating a day/time for a call that includes a AAG from each if the identified states.

We look forward to your timely response.

Thank you.

Neil S. Ende, Esq.
Managing Partner
Technology Law Group, LLC
nende@tlgdc.com
202-895-1707 (Office)
202-256-0120 (Mobile)
703-229-6741 PIN 854# (Voice Conference Bridge)

---

**From:** Nayer, Tracy
**Date:** Wednesday, April 2, 2025 at 10:51 AM
**To:** Greg Taylor , Neil Ende
**Cc:** Alyse.Meislik@azag.gov , Douglas Swetnam (IN AG) (douglas.swetnam@atg.in.gov) , Dylan Jones (AZ AG) (Dylan.Jones@azag.gov) , Erin Leahy (OH AG) (erin.leahy@ohioago.gov) , Laura Dilweg (AZ AG) (Laura.Dilweg@azag.gov) , Michel Singer Nelson (CO AG) (michel.singernelson@coag.gov) , Sarah Pelton (AZ AG) (Sarah.Pelton@azag.gov) , Sparko,

Rochelle , Thomas Martindale (IN AG) (Thomas.Martindale@atg.in.gov)
**Subject:** RE: Plaintiffs' First Request for Production to Avid Telecom

Thank you for your response, Greg. At this time, Plaintiffs can agree to enlarge the date responses are due to Plaintiffs' First Set of Requests for Production to Avid Telecom to Friday, April 11.

**Tracy Nayer**
Special Deputy Attorney General
Consumer Protection Division
North Carolina Department of Justice
(919) 716-6581
tnayer@ncdoj.gov
Post Office Box 629, Raleigh, NC 27602
114 West Edenton Street, Raleigh, NC 27603
https://ncdoj.gov/

Please note messages to or from this address may be public records.

---

**From:** Greg Taylor
**Sent:** Monday, March 31, 2025 2:40 PM
**To:** Erin Leahy ; Neil Ende
**Cc:** Nayer, Tracy ; Sparko, Rochelle ; Michel Singer Nelson ; Swetnam, Douglas ; Meislik, Alyse ; Jones, Dylan ; Dilweg, Laura ; Pelton, Sarah ; Martindale, Thomas L
**Subject:** Re: Plaintiffs' First Request for Production to Avid Telecom

Erin:

Apologies for the late reply.

We are working diligently to provide responses to the voluminous requests. Despite our efforts, we are still in the process of gathering documents that still need to be reviewed for privilege, etc.

We ask to amend our response date to April 30 to give us time to fully respond to your requests.

Please confirm your agreement with the forgoing.

Best,
Greg

---

**From:** Erin Leahy <erin.leahy@OhioAGO.gov>
**Date:** Monday, March 31, 2025 at 12:08 PM
**To:** Neil Ende <nende@tlgdc.com>, Greg Taylor <gtaylor@tlgdc.com>
**Cc:** "Nayer, Tracy" <Tnayer@ncdoj.gov>, "Sparko, Rochelle" <rsparko@ncdoj.gov>, Michel Singer Nelson <michel.singernelson@coag.gov>, "Swetnam, Douglas" <Douglas.Swetnam@atg.in.gov>, "Meislik, Alyse" <Alyse.Meislik@azag.gov>, "Jones, Dylan" <Dylan.Jones@azag.gov>, "Dilweg, Laura" <ldilweg@azag.gov>, "Pelton, Sarah" <Sarah.Pelton@azag.gov>, "Martindale, Thomas L" <Thomas.Martindale@atg.in.gov>
**Subject:** RE: Plaintiffs' First Request for Production to Avid Telecom

Hello Neil and Greg,

I have not received a response to my email below regarding the overdue discovery responses from Avid Telecom. Please provide an update.

Sincerely,

> Erin B. Leahy
> Senior Assistant Attorney General
> Consumer Protection Section
> Office of Ohio Attorney General Dave Yost
> 30 East Broad St., 14th Floor
> Columbus, Ohio 43215
>
> Office number: 614-752-4730
> Fax number: 866-768-2648
> Erin.Leahy@OhioAGO.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

---

**From:** Erin Leahy
**Sent:** Wednesday, March 26, 2025 5:02 PM
**To:** Neil Ende <nende@tlgdc.com>; gtaylor@tlgdc.com
**Cc:** Nayer, Tracy <Tnayer@ncdoj.gov>; Sparko, Rochelle <rsparko@ncdoj.gov>; Michel Singer Nelson <michel.singernelson@coag.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Meislik, Alyse <Alyse.Meislik@azag.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Dilweg, Laura <ldilweg@azag.gov>; Pelton, Sarah <Sarah.Pelton@azag.gov>; Martindale, Thomas L <Thomas.Martindale@atg.in.gov>
**Subject:** RE: Plaintiffs' First Request for Production to Avid Telecom

Good afternoon Neil and Greg,

We have not received written responses to the Plaintiffs' First Set of Requests for Production to Avid Telecom which were served on February 21, 2025. The responses were due Monday, March 24, 2025.

Please provide the responses at your earliest convenience.

Sincerely,

Erin B. Leahy
Senior Assistant Attorney General
Consumer Protection Section
Office of Ohio Attorney General Dave Yost
30 East Broad St., 14th Floor
Columbus, Ohio 43215

Office number: 614-752-4730
Fax number: 866-768-2648
Erin.Leahy@OhioAGO.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

---

**From:** Martindale, Thomas L <Thomas.Martindale@atg.in.gov>
**Sent:** Friday, February 21, 2025 12:39 PM
**To:** Neil Ende <nende@tlgdc.com>; gtaylor@tlgdc.com
**Cc:** Nayer, Tracy <Tnayer@ncdoj.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Sparko, Rochelle <rsparko@ncdoj.gov>; Patrick Crotty <Patrick.Crotty@MyFloridaLegal.com>; Michel Singer Nelson <michel.singernelson@coag.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Meislik, Alyse <Alyse.Meislik@azag.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Dilweg, Laura <ldilweg@azag.gov>; Pelton, Sarah <Sarah.Pelton@azag.gov>; Martindale, Thomas L <Thomas.Martindale@atg.in.gov>
**Subject:** Plaintiffs' First Request for Production to Avid Telecom

Good afternoon,

Attached you will find Plaintiffs' First Request for Production to Avid Telecom. Please respond with your production within 30 days. If physical production is necessary, please provide that to the Arizona Attorney General's Office.

Thank you, Tom

**Thomas Martindale**
Deputy Attorney General
Data Privacy & Identity Theft Unit
Consumer Protection Division
Office of Attorney General Todd Rokita
302 West Washington Street, IGCS 5th Floor
Indianapolis, IN 46204
p: (317)232-7751 |f: (317)232-7979
thomas.martindale@atg.in.gov

# Exhibit E

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| State of Arizona, *ex rel*. Kristin K. Mayes, Attorney General; et al., | |
| Plaintiffs, v. | No. 4:23-CV-00233-TUC-CKJ |
| Michael D. Lansky, L.L.C., dba Avid Telecom, et al., | |
| Defendants. | |

1

**RESPONSE TO PLAINTIFFS' FIRST RULE 34**
**REQUESTS FOR PRODUCTION TO MICHAEL D. LANSKY**

Defendant Michael D. Lansky, by and through its undersigned counsel, hereby responds to Plaintiffs' First Requests for Production of Documents to Michael D. Lansky.

## GENERAL OBJECTIONS

Lansky objects to these Requests to the extent that they seek to require production of documents in a manner that is inconsistent with and/or in excess of the requirements of any applicable evidentiary rule, including without limitation, the federal rules.

**RESPONSES TO REQUESTS FOR PRODUCTION**

1.    Provide all Documents reflecting and Communications Regarding the terms of all contracts, agreements, and other business relationships between You and Corporate Defendant.

**RESPONSE:**  Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case.  Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5).  Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants.  Subject to and without waiving the forgoing objections, Defendants will produce all non-privileged, responsive documents in their possession, custody or control.

Notwithstanding and without limiting the scope or effect of the above objections, any responsive documents will be made available (i.e., electronic, hard copy).

2.    Provide Documents and Communications Regarding all invoices, bills, payment records or other Documents Relating to requests for payment or otherwise Regarding payment between You and Corporate Defendant's Upstream Customers.

**RESPONSE:**  Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs

2

of the case.  Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5).  Notwithstanding and without limiting the scope of the effect of the above objections, Defendant also objects to this request as it is unintelligible as drafted.  Defendant is prepared to meet and confer to gain an understanding of what documents are being sought.

3.    Provide all Documents and Communications  Regarding any soft switches or other services Corporate Defendant uses or used to Transmit calls, including but not limited to contracts, terms of use, user guides, and technical manuals.

**RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case.  Defendants further object on the basis the request seeks production of data obtainable from another source that is more convenient, less burdensome, or less expensive, and to the extent it seeks information already in the possession, custody, or control of Plaintiffs.  Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5).  Defendant objects to this request to the extent it seeks discovery of information not in the possession, custody, or control of Defendant.  Defendant is prepared to meet and confer to discuss a response to a properly narrowed request.

4.    Provide all Documents and Communications describing actions You took as a  result  of  Corporate  Defendant's  written policies, practices, or procedures Relating to Your or the Corporate Defendant's compliance with the Telemarketing and Consumer Fraud and  Abuse  Prevention  Act  (15  U.S.C.  §  6103),  the  Telemarketing  Sales  Rule (16 C.F.R. § 310 *et seq.*), the Telephone Consumer Protection Act and its rules (47 U.S.C. § 227, 47 C.F.R. Part 64, Subparts L (§ 64.1200), P (§§ 64.1600 to 64.1604), and HH (§§64.6300 to 6308)) and all other state and federal laws that regulate any of the following: telemarketing, autodialed calls, calls to numbers on the National Do Not Call Registry, Robocalls, and calls using Spoofed calling numbers.

**RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible

discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case.  Defendants further object on the basis the request seeks production of data obtainable from another source that is more convenient, less burdensome, or less expensive, and to the extent it seeks information already in the possession, custody, or control of Plaintiffs.  Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5).  Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants.  Defendant is prepared to meet and confer to discuss a response to a properly narrowed request.

     5.     Provide all Documents and Communications describing actions You took as a result of Corporate Defendant's written policies, practices, or procedures Relating to the training of Your or Corporate Defendant's officers, employees, independent contractors, partners, agents, parents, controlled subsidiaries, affiliates, assigns, representatives, and all Persons acting on You or Corporate Defendant's behalf to instruct them about compliance with the Telemarketing and Consumer Fraud and Abuse Prevention Act (15 U.S.C. § 6103), the Telemarketing Sales Rule (16 C.F.R. § 310 *et seq.*), the Telephone Consumer Protection Act and its rules (47 U.S.C. § 227, 47 C.F.R. Part 64, Subparts L (§ 64.1200),P (§§ 64.1600 to 64.1604), and HH (§§64.6300 to 6308)), and all other state and federal laws that regulate any of the following: telemarketing, autodialed calls, calls to numbers on the National Do Not Call Registry, Robocalls, and calls using Spoofed calling numbers.

     **RESPONSE:**  Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case.  Defendants further object on the basis the request seeks production of data obtainable from another source that is more convenient, less burdensome, or less expensive, and to the extent it seeks information already in the possession, custody, or control of Plaintiffs.  Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5).  Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants.  Defendant is prepared to meet and confer to discuss a response to a properly narrowed request.

6.      Provide all Communications or Documents Relating to Communications, including all text messages, emails, Skype/WhatsApp/Signal/Telegram messages, or any other forms of Communication that Relate to compliance with the Telemarketing and Consumer Fraud and Abuse Prevention Act (15 U.S.C. § 6103), the Telemarketing Sales Rule (16 C.F.R. § 310 *et seq.*), the Telephone Consumer Protection Act and its rules (47 U.S.C. § 227, 47 C.F.R. Part 64, Subparts L (§ 64.1200), P (§§ 64.1600 to 64.1604), HH (§§64.6300 to 6308)), or any other state and federal laws that regulate any of the following: telemarketing, autodialed calls, calls to numbers on the National Do Not Call Registry, Robocalls, and calls using Spoofed calling numbers.

**RESPONSE:**  Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case.  Defendants further object on the basis the request seeks production of data obtainable from another source that is more convenient, less burdensome, or less expensive, and to the extent it seeks information already in the possession, custody, or control of Plaintiffs.  Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5).  Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants.  Defendant is prepared to meet and confer to discuss a response to a properly narrowed request.

7.      Provide all Documents and Communications Relating to actions You took as a result of Corporate Defendant's written policies, practices, or procedures Relating to screening, onboarding, and Know Your Customer due diligence review for Non-Provider Customers and Upstream Providers for which Corporate Defendant was the Downstream

Provider, including specifications provided to any third parties used to help conduct Your review or Corporate Defendant's review.

**RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendants further object on the basis the request seeks production of data obtainable from another source that is more convenient, less burdensome, or less expensive, and to the extent it seeks information already in the possession, custody, or control of Plaintiffs. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants. Defendant is prepared to meet and confer to discuss a response to a properly narrowed request.

**RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendants further object on the basis the request seeks production of data obtainable from another source that is more convenient, less burdensome, or less expensive, and to the extent it seeks information already in the possession, custody, or control of Plaintiffs. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants. Defendant is prepared to meet and confer to discuss a response to a properly narrowed request.

8.      Provide all Documents and Communications Regarding actions You took to verify or confirm the credibility, authenticity, or truthfulness of the following Documents provided by each Upstream Customer prior to or at the time the Upstream Customer was onboarded and before the Upstream Customer was activated on Corporate Defendant's network:

      a.      FCC 499 Filer ID;

      b.      FCC Registration Number ("FRN");

c.       Trade references from respected sources;

d.       A STIR/SHAKEN compliance plan;

e.       Bank references;

f.       State of incorporation;

g.       Federal tax ID;

h.       A description of kind(s) of traffic that they will deliver;

i.       Company's responsible parties;

j.       Any signed Master Service Agreement (MSA) with Avid Telecom;

k.       Proof of federal Universal Service Fund ("FUSF") compliance for the

            current year; and

l.       Robocall Mitigation Plan filed in the Robocall Mitigation Database maintained by the FCC.

**RESPONSE:**  Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case.  Defendants further object on the basis the request seeks production of data obtainable from another source that is more convenient, less burdensome, or less expensive, and to the extent it seeks information already in the possession, custody, or control of Plaintiffs.  Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5).  Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants.  Defendant is prepared to meet and confer to discuss a response to a properly narrowed request.

9.    Provide all Documents and Communications Regarding actions You took to verify or confirm the credibility, authenticity, or truthfulness of the Documents described in Request No. 8 that were provided after the Upstream Customer was activated on Corporate Defendant's network.

**RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendants further object on the basis the request seeks production of data obtainable from another source that is more convenient, less burdensome, or less expensive, and to the extent it seeks information already in the possession, custody, or control of Plaintiffs. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants. Defendant is prepared to meet and confer to discuss a response to a properly narrowed request.

10.    Provide all Documents and Communications Relating to the activation and/or termination of the automated processes that You or Corporate Defendant had in place to block calls prior to hitting the routing engine in Your or Corporate Defendant's switch, as described in ECF Nos. 46-1 at 1, 46-2 at 1, 47-1 at 18, 48-2 at 1, 49-1 at 18.

**RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendants further object on the basis the request seeks production of data obtainable from another source that is more convenient, less burdensome, or less expensive, and to the extent it seeks information already in the possession, custody, or control of Plaintiffs. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants. Notwithstanding and without limiting the scope or effect of the above objections, any responsive documents will be made available (i.e., electronic, hard copy).

11.    Provide all Documents and Communications Relating to the implementation of automated processes that You or Corporate Defendant had in place to block calls prior to hitting the routing engine in Corporate Defendant's switch, as described in ECF Nos.

46-1 at 1, 46-2 at 1, 47-1 at 18, 48-2 at 1, 49-1 at 18, including the following processes:

a.      blocking calls with an invalid caller ID;

b.      blocking calls with matching originating and terminating numbers;

c.      blocking "Neighborhood Spoofing" calls (i.e., calls with the same "NPA/NXX");

d.      blocking calls from blacklisted media IP's (i.e., media IP's that are known to have been used for scams, such as government and corporate impersonation.);

e.      blocking calls from phone numbers that are known to be used for Spoofing;

f.      blocking ANIs on a real time basis that produce less than 5% ASR, 5 second or less ACD, and any number with greater than 60% short duration calls (calls of 6 seconds or less);

g.      blocking calls from wireless ANIs unless the customer is a wireless carrier;

h.      blocking calls that have been labeled as "almost certainly" spam by YouMail; and

i.      blocking calls that are labeled as "scam" by YouMail.


**RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendants further object on the basis the request seeks production of data obtainable from another source that is more convenient, less burdensome, or less expensive, and to the extent it seeks information already in the possession, custody, or control of Plaintiffs. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants. Notwithstanding and without limiting the scope or effect of the above objections, any responsive documents will be made

available (i.e., electronic, hard copy).

12.    Provide all Documents and Communications Relating to actions You took as a result of Corporate Defendant's written policies, practices, or procedures Relating to blocking any calls that are not STIR/SHAKEN compliant. (*See* ECF Nos. 46-1 at 17, 46-2 at 17, 47-1 at 41, 48-2 at 17, 49-1 at 41)

**RESPONSE:**  Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case.  Defendants further object on the basis the request seeks production of data obtainable from another source that is more convenient, less burdensome, or less expensive, and to the extent it seeks information already in the possession, custody, or control of Plaintiffs.  Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5).  Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants.  Notwithstanding and without limiting the scope or effect of the above objections, any responsive documents will be made available (i.e., electronic, hard copy).

13.    Provide all Documents and Communications Relating to actions You took as a result of Corporate Defendant's written policies, practices, or procedures Relating to blocking any calls from originating numbers on the SOMOS Do Not Originate list. (*See* ECF Nos. 46-1 at 17, 46-2 at 17, 47-1 at 41, 48-2 at 17, 49-1 at 41)

**RESPONSE:**  Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case.  Defendants further object on the basis the request seeks production of data obtainable from another source that is more convenient, less burdensome, or less expensive, and to the extent it seeks information already in the possession, custody, or control of Plaintiffs.  Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5).  Defendant

objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants. Notwithstanding and without limiting the scope or effect of the above objections, any responsive documents will be made available (i.e., electronic, hard copy).

14.     Provide all Documents and Communications Relating to actions You took as a result of Corporate Defendant's written policies, practices, or procedures Relating to terminating Upstream or Downstream Providers where a provider has received "a material number of traceback 'tickets,'" as described by Defendants in ECF Nos. 46-1 at 4, 46-2 at 4, 47-1 at 21, 48-2 at 4, 49-1 at 21.

**RESPONSE:**  Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendants further object on the basis the request seeks production of data obtainable from another source that is more convenient, less burdensome, or less expensive, and to the extent it seeks information already in the possession, custody, or control of Plaintiffs. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants. Notwithstanding and without limiting the scope or effect of the above objections, any responsive documents will be made available (i.e., electronic, hard copy).

15.     Provide any Documents and Communications Relating to actions You took as a result of Corporate Defendant's written policies, practices, or procedures Relating to terminating Non-Provider Customers where they have received a material number of Tracebacks.

**RESPONSE:**  Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs

of the case. Defendants further object on the basis the request seeks production of data obtainable from another source that is more convenient, less burdensome, or less expensive, and to the extent it seeks information already in the possession, custody, or control of Plaintiffs. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants. Notwithstanding and without limiting the scope or effect of the above objections, any responsive documents will be made available (i.e., electronic, hard copy).

16.    Provide all Documents and Communications Relating to actions You took as a result of Corporate Defendant's written policies, practices, or procedures Relating to determining, setting or modifying voice services switch settings such as call capacity, call routing, call blocking and filtering, or call analytics (e.g., thresholds for answer-seizure ratios and/or average call durations).

**RESPONSE:**  Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendants further object on the basis the request seeks production of data obtainable from another source that is more convenient, less burdensome, or less expensive, and to the extent it seeks information already in the possession, custody, or control of Plaintiffs. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants. Notwithstanding and without limiting the scope or effect of the above objections, any responsive documents will be made available (i.e., electronic, hard copy).

17.    Provide all Documents and Communications Relating to actions You took in determining, setting, or modifying voice services switch settings such as call capacity, call routing, call blocking and filtering, or call analytics (e.g., thresholds for answer-seizure ratios and/or average call durations), call signaling, and other network-wide settings.

**RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendants further object on the basis the request seeks production of data obtainable from another source that is more convenient, less burdensome, or less expensive, and to the extent it seeks information already in the possession, custody, or control of Plaintiffs. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants. Notwithstanding and without limiting the scope or effect of the above objections, any responsive documents will be made available (i.e., electronic, hard copy).

18.    Provide all Documents and Communications Relating to actions You took in determining, setting, or modifying voice services switch settings such as call capacity, call routing, call blocking and filtering, or call analytics (e.g., thresholds for answer-seizure ratios and/or average call durations), call signaling, and other customer specific account settings for all Upstream Customers.

**RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendants further object on the basis the request seeks production of data obtainable from another source that is more convenient, less burdensome, or less expensive, and to the extent it seeks information already in the possession, custody, or control of Plaintiffs. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants. Notwithstanding and without limiting the scope or effect of the above objections, any responsive documents will be made available (i.e., electronic, hard copy).

19.    Provide all Documents and Communications Relating to the "Dialer Special"

13

product or service, including Your role in developing or setting the same.

**RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendants further object on the basis the request seeks production of data obtainable from another source that is more convenient, less burdensome, or less expensive, and to the extent it seeks information already in the possession, custody, or control of Plaintiffs. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants. Notwithstanding and without limiting the scope or effect of the above objections, any responsive documents will be made available (i.e., electronic, hard copy).

20.     Provide all Documents and Communications describing actions You took as a result of Corporate Defendant's written policies, practices, or procedures to verify that Corporate Defendant's Non-Provider Customers are authorized to use the calling numbers that are passed to its network.

**RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendants further object on the basis the request seeks production of data obtainable from another source that is more convenient, less burdensome, or less expensive, and to the extent it seeks information already in the possession, custody, or control of Plaintiffs. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants. Notwithstanding and without limiting the scope or effect of the above objections, any responsive documents will be made available (i.e., electronic, hard copy).

21.    Provide all Documents and Communications describing actions You took to continue to monitor the authorizations to use the calling numbers described in Request No. 20, and the actions You took if noncompliance was suspected and/or identified by You or Corporate Defendant, or brought to Your attention by members, agents, independent contractors, associates, employees, affiliates, supervisors, representatives and/or any other Person entitled to act or purporting to act on the Corporate Defendant's behalf, or by any third party.

**RESPONSE:**  Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case.  Defendants also object to this request as improperly compound. Defendants further object on the basis the request seeks production of data obtainable from another source that is more convenient, less burdensome, or less expensive, and to the extent it seeks information already in the possession, custody, or control of Plaintiffs.  Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5).  Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants.  Defendants are prepared to consider a properly framed request on these subjects.

22.    Provide all Documents and Communications describing actions You took as a result of Corporate Defendant's written policies, practices, or procedures Relating to monitoring, reviewing, and analyzing voice call traffic to identify patterns consistent with Suspicious Call Traffic or Robocalls from Non-Provider Customers or Upstream Providers for which Corporate Defendant was the Downstream Provider.

**RESPONSE:**  Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case.  Defendants also object to this request as improperly compound. Defendants further object on the basis the request seeks production of data obtainable from another source that is more convenient, less burdensome, or less expensive, and to the extent it seeks information already in the possession, custody, or control of Plaintiffs.  Defendant objects to the request to the extent it seeks information

15

protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5).  Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants.  Defendants are prepared to consider a properly framed request on these subjects.

23.     Provide all Documents and Communications describing actions You took as a result of Corporate Defendant's written policies, practices, or procedures Relating to processes for segregating high volume, short duration traffic from other call traffic.

RESPONSE:  Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendants also object to this request to the extent that the terms "segregating", "high volume", and "short duration" traffic are not adequately defined to allow a proper response.  Defendants further object on the basis the request seeks production of data obtainable from another source that is more convenient, less burdensome, or less expensive, and to the extent it seeks information already in the possession, custody, or control of Plaintiffs.  Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5).  Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants.  Defendants are prepared to consider a properly framed request on these subjects.

24.     Provide all Documents and Communications describing actions You took as a result of Corporate Defendant's written policies, practices, or procedures Relating to processes for screening, monitoring, reviewing, and analyzing each type of traffic described in Request No. 23 to identify patterns consistent with Suspicious Call Traffic or Robocalls.

RESPONSE:  Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendants also object to this request to the extent that the terms "screening", "monitoring", reviewing, and "analyzing" each type of traffic are not adequately defined to allow a proper response.  Defendants further object

16

on the basis the request seeks production of data obtainable from another source that is more convenient, less burdensome, or less expensive, and to the extent it seeks information already in the possession, custody, or control of Plaintiffs. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants. Defendants are prepared to consider a properly framed request on these subjects.

25.      Provide all Documents and Communications describing actions You took as a result of Corporate Defendant's written policies, practices, or procedures Relating to any consequences, including but not limited to suspension or termination, for an Upstream Provider or Non-Provider Customer if its call traffic demonstrates a pattern consistent with Suspicious Call Traffic or Robocalls. Please include Documents and Communications describing consequences Relating to misrouting high volume, short duration calls over non-short-duration routes.

**RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendants also object to this request to the extent that the terms "a pattern consistent with" are not adequately defined to allow a proper response. Defendants further object on the basis the request seeks production of data obtainable from another source that is more convenient, less burdensome, or less expensive, and to the extent it seeks information already in the possession, custody, or control of Plaintiffs. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants. Defendants are prepared to consider a properly framed request on these subjects.

26.      Provide all Documents and Communications Relating to any regulatory investigations, complaints, and inquiries that have been conducted against You or Corporate Defendant Relating to Suspicious Call Traffic or Robocalls.

**RESPONSE:** Defendant objects to this request as the information it seeks is neither relevant nor reasonably likely to lead to admissible evidence. Defendants further object on the basis the request seeks production of data obtainable from another source that is more convenient, less burdensome, or less expensive, and to the extent it seeks information already in the possession, custody, or control of Plaintiffs. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Subject to and without waiving the forgoing objections, Defendants will produce all non-privileged, responsive documents in their possession, custody or control.

27.     Provide all Documents and Communications Relating to the customer onboarding process for all Upstream Providers or Non-Provider Customers for which Corporate Defendant Transmitted calls to telephone numbers with area codes assigned to the United States.

**RESPONSE:** Defendant objects to this request as the information it seeks is neither relevant nor reasonably likely to lead to admissible evidence. Defendants further object on the basis the request seeks production of data obtainable from another source that is more convenient, less burdensome, or less expensive, and to the extent it seeks information already in the possession, custody, or control of Plaintiffs. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Subject to and without waiving the forgoing objections, Defendants will produce all non-privileged, responsive documents in their possession, custody or control.

28.     Provide all Documents and Communications, including all text messages, emails, Skype/WhatsApp/Signal/Telegram messages, or any other forms of Communications with all Upstream Providers or Non-Provider Customers from which Corporate Defendant Transmitted calls to telephone numbers with area codes assigned to the United States.

**RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs

of the case. Defendants further object on the basis the request seeks production of data obtainable from another source that is more convenient, less burdensome, or less expensive, and to the extent it seeks information already in the possession, custody, or control of Plaintiffs. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants. Defendant is prepared to meet and confer to discuss a properly narrowed request.

29.     Provide all Documents and Communications, including all text messages, emails, Skype/WhatsApp/Signal/Telegram messages, or any other forms of Communications with all Upstream Providers or Non-Provider Customers from which Corporate Defendant Transmitted calls addressing implementation or violations of any of Corporate Defendant's policies, practices, or procedures.

**RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendant also objects to this request as the phrase "calls addressing implementation or violations of any of Corporate Defendant's policies, practices, or procedures" is unintelligible as drafted. Defendants further object on the basis the request seeks production of data obtainable from another source that is more convenient, less burdensome, or less expensive, and to the extent it seeks information already in the possession, custody, or control of Plaintiffs. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants. Defendant is prepared to meet and confer to discuss a properly reworded request.

30.     Provide all Communications between You and (1) the other Individual Defendant, (2) Corporate Defendant, or (3) any Downstream Providers, including all text messages, emails, Skype/WhatsApp/Signal/Telegram messages, or any other forms of Communications, Regarding Tracebacks, Robocalls, Do Not Call Complaints, or any suspensions, terminations, and/or threats of

suspension or termination You or Corporate Defendant received from any source.

**RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendant also objects to this request because it is compound and cannot be responded to as drafted. Defendants further object on the basis the request seeks production of data obtainable from another source that is more convenient, less burdensome, or less expensive, and to the extent it seeks information already in the possession, custody, or control of Plaintiffs. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants. Defendant is prepared to meet and confer to discuss a properly reworded request.

31.    Provide all Communications between You and (1) the other Individual Defendant, (2) Corporate Defendant, or (3) any Upstream Customer, including all text messages, emails, Skype/WhatsApp/Signal/Telegram messages, or any other forms of Communications, Relating to Suspicious Call Traffic or Robocalls.

**RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants. Notwithstanding and without limiting the scope or effect of the above objections, any responsive documents will be made available (i.e., electronic, hard copy).

32.    Provide all Communications between You and (1) the other Individual Defendant, (2) Corporate Defendant, (3) any third party, or (4) any Upstream Customer including all text messages, emails, Skype/WhatsApp/Signal/Telegram messages, or any other forms of Communication Regarding regulatory investigations, Do Not Call Complaints, civil investigative demands, subpoenas or inquiries

from civil or criminal law enforcement agencies or third parties that have been directed toward You or Corporate Defendant Relating to Suspicious Call Traffic or Robocalls.

**RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants. Notwithstanding and without limiting the scope or effect of the above objections, any responsive documents will be made available (i.e., electronic, hard copy).

33.     Provide all Communications between You and (1) the other Individual Defendant, (2) Corporate Defendant, (3) any third party, or (4) any Downstream Provider, Regarding Tracebacks, Robocalls, or Do Not Call Complaints. Provide Communications involving You, Corporate Defendant, or the other Individual Defendant, as senders or recipients, Regarding any calls that Corporate Defendant Transmitted to telephone numbers assigned to any public safety answering point, hospital, medical physician or service office, health care facility, poison control center, or fire protection or law enforcement agency.

**RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants. Notwithstanding and without limiting the scope or effect of the above objections, any responsive documents will be made available (i.e., electronic, hard copy).

34.     Provide all Communications involving You, Corporate Defendant, and/or the other Individual Defendant, as senders or recipients, Regarding the call traffic received from any Upstream Customer that Corporate Defendant Transmitted to telephone numbers with area codes assigned to the United States.

21

**RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants. Notwithstanding and without limiting the scope or effect of the above objections, any responsive documents will be made available (i.e., electronic, hard copy).

35.     Provide all Documents and Communications involving You, Corporate Defendant, and/or the other Individual Defendant, as senders or recipients, Regarding the solicitation and/or onboarding of customers or potential customers.

**RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants. Notwithstanding and without limiting the scope or effect of the above objections, any responsive documents will be made available (i.e., electronic, hard copy).

36.     Provide all Documents and Communications involving You, Corporate Defendant, and/or the other Individual Defendant, as senders or recipients, Relating to suspension or termination of business relationships with Upstream Providers and Non- Provider Customers.

**RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants. Notwithstanding and

without limiting the scope or effect of the above objections, any responsive documents will be made available (i.e., electronic, hard copy).

37.    Provide all Documents and Communications that Relate to Your or Corporate Defendant's receipt of and response to complaints about abusive, fraudulent, or unwanted telephone calls, or ensuring Corporate Defendant's compliance with state and federal telemarking laws.

**RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendant also objects to this request as improperly compound. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants. Notwithstanding and without limiting the scope or effect of the above objections, any responsive documents will be made available (i.e., electronic, hard copy).

38.    Provide all Documents and Communications Regarding Your payroll and other compensation records, including but not limited to Your W-2 and/or 1099 forms, any retirement or pension benefits, health, vision, dental, disability, and/or life insurance plans or premium reimbursements.

**RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants.

39.    Provide all Documents Relating to any payments to You for services provided by You or the Corporate Defendant.

**RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the

23

case.  Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5).  Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants.

40.    Provide all Documents Relating to payments You made on behalf of Corporate Defendant for corporate purchases and expenses.

**RESPONSE:**  Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case.  Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5).  Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants.

41.    Provide all Documents Relating to Your requests for reimbursement from Corporate Defendant, and reimbursements made to You by Corporate Defendant, for corporate purchases and expenses.

**RESPONSE:**  Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case.  Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5).  Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants.

42.    Provide all Documents Relating to payments Corporate Defendant made on Your behalf for personal purchases or expenses.

**RESPONSE:**  Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case.  Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine,

common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5).  Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants.

43.    Provide all Documents Relating to Corporate Defendant's requests for reimbursements from You, and reimbursements made by You to Corporate Defendant, for personal purchases and expenses.

**RESPONSE:**  Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case.  Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5).  Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants.

44.    Provide all Documents and Communications Relating to Corporate Defendant's acquisition or sale of fixed assets, and Corporate Defendant's authorization for You or the other Individual Defendant to use such assets.

**RESPONSE:**  Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case.  Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5).  Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants.

45.    Provide all Documents Regarding any payment made by You to switch providers and/or any Person providing Robocall mitigation analytics or services.

Any responsive documents will be made available (i.e., electronic, hard copy).

46.    Provide all Documents Regarding all annual payments You made to access phone numbers on the FTC's National Do Not Call Registry.

**RESPONSE:**  Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery

under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants.

47.    Provide all Documents Relating to Your policies and/or procedures Regarding the sale, lease, assignment, or any other way in which You make DIDs available for use by any Person, to the extent that those policies and/or procedures differ from those of the Corporate Defendant, including but not limited to Documents Relating to payments.

**RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants.

48.    Provide all Documents and Communications describing actions You took as a result of Corporate Defendant's written policies and procedures Regarding the sale, lease, assignment, or any other way in which You make DIDs available for use by any Person, including but not limited to Documents Relating to payments.

**RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendant also objects to this request ass improperly compound. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants. Notwithstanding and without limiting the scope or effect of the above objections, any responsive documents will be made available (i.e., electronic, hard copy).

49.    Provide all Documents Relating to Your purchase, lease, and/or assignment of DIDs from any Person, including but not limited to Documents Relating to payments.

**RESPONSE:**  Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case.  Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5).  Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants.

50.    Provide all Documents identifying any Person to which You sold, leased, assigned, or otherwise made DIDs available.

**RESPONSE:**  Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case.  Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5).  Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants.

51.    Provide all Documents Regarding payments made to You by any Person to which You sold, leased, assigned, or otherwise made DIDs available.

**RESPONSE:**  Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case.  Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5).  Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants.

52.    Provide all Documents showing on a monthly basis the total number of DIDs sold, leased, assigned, or otherwise made available to each Person identified in Request No. 50.

**RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants.

53.    Provide all Documents and Communications involving You, Corporate Defendant, and/or the other Individual Defendant, as senders or recipients, Regarding Corporate Defendant's filings with the FCC, including but not limited to:

   a.    Domestic Section 214 approval form;

   b.    FCC Form 477;

   c.    FCC Form 499-A Telecommunications Reporting Worksheet; d.    FCC Form 499-Q Telecommunications Reporting Worksheet; e.    FCC Form 502 Numbering Resource Utilization Forecast;

   f.    Section 64.2009 Annual CPNI Compliance Certification;

   g.    Annual Regulatory Fee Forms;

   h.    International 214 Approval;

   i.    International Service Tariff;

   j.    All current or previous versions of any Robocall Mitigation Program or Plan filed in the Robocall

        Mitigation Database pursuant to 47

        C.F.R. § 64.6305.


**RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to

any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants.

54.    Provide all Documents and Communications involving You, Corporate Defendant, and/or the other Individual Defendant, as senders or recipients, Relating to Corporate Defendant's filings with any state public service commission or public utility commission Relating to Corporate Defendant's provision of voice services.

**RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants.

55.    Provide all versions of the Documents and Communications involving You, Corporate Defendant, and/or the other Individual Defendant, as senders or recipients, Relating to the following Documents maintained by Corporate Defendant pursuant to Arizona Revised Statute § 29-3410(A):

a.    Any lists of the full name and last known address of each member and manager;

b.    Any copies of the articles of organization and all amendments to the articles of organization;

c.    Any copies of all current and prior written operating agreements and amendments to all current and prior written operating agreements;

d.    Any record of a member's obligation to make a capital contribution to the company;

e.    Any copies of the company's federal, state and local income tax returns and reports, if any, for the three most recent years; and

f.    Any copies of the company's financial statements, if any, for the three most recent years.

**RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the

case.  Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5).  Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants.

56.    Provide all Documents and Communications involving You, Corporate Defendant, and/or the other Individual Defendant, as senders or recipients, Relating to discovery requests in the *Avid Telecom LLC, et al. v. Frankel, et al.*, No. 4:22-cv-00558 (D. Ariz. 2022) litigation.

57.    Provide all Documents and Communications involving You, Corporate Defendant, and/or the other Individual Defendant, as senders or recipients, Relating to discovery requests in the *Michael D. Lansky, LLC, et al. v. TransNexus, Inc.*, No. 1:22-cv-04829 (N.D. Ga. 2022) litigation.

**RESPONSE:**  Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case.  Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5).  Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants.

59.    Provide all Communications between You. Corporate Defendant, and/or the other  Individual  Defendant,  as  senders or  recipients,  with  Downstream  Providers Regarding the civil investigative demands Relating to the Corporate Defendant issued by the North Carolina Department of Justice.

**RESPONSE:**  Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case.  Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5).  Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants.

60.    Provide all Communications between You, Corporate Defendant, and/or the other Individual Defendant, as senders or recipients, and third parties Relating to the *Rokita v. Michael D. Lansky, LLC, et al.*, No. 49D02-2211-MI-037726 (Marion County Superior Court 2, Ind., filed Nov. 1, 2022) litigation.

**RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants.

61.    Provide all Documents and Communications Relating to any written policies, practices, or procedures Relating to Corporate Defendant's record retention.

**RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants.

62.    Provide all account history logs for each Upstream Customer.

**RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendant also objects to this request as the term "account history logs" is not defined with sufficient specificity to allow a proper response. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants. Defendants are prepared

31

to meet and confer to discuss a properly worded request.

63.    Provide all Documents and Communications between You, Corporate Defendant, and/or the other Individual Defendant, as senders or recipients, Relating to prior express consent or prior express written consent given by call recipients to the calling party, seller or telemarketer for calls Corporate Defendant Transmitted on behalf of the Upstream Customers.

**RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants. Notwithstanding and without limiting the scope or effect of the above objections, any responsive documents will be made available (i.e., electronic, hard copy).

64.    Provide all Documents and Communications between You, Corporate Defendant, and/or the other Individual Defendant, as senders or recipients, Relating to any actions to determine the veracity, credibility, or trustworthiness of any assertion by an Upstream Customer that a caller had prior express consent of the called party prior to the initiation of a call that was subsequently the subject of a Traceback, Do Not Call Complaint or an inquiry from any third party.

**RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendant also objects to this request because the terms "veracity", "credibility", and "trustworthiness" are not defined with sufficient specificity to permit a response and because the request is compound in a manner that prevents a response. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants. Defendants are prepared to meet and confer to discuss a properly worded request.

65.    Provide all Documents and Communications between You, Corporate

Defendant, and/or the other Individual Defendant, as senders or recipients, Relating to the

assertion that Corporate Defendant "spend[s] at least an additional $400,000 each year to purchase enhanced switch data service that allow[s

Corporate Defendant] to identify illegal calls and terminate the providers of those calls." (ECF Nos. 46-1 at 2, 46-2 at 2, 47-1 at 20, 48-2 at 2,

49-1 at 20)

**RESPONSE:**  Any responsive documents will be made available (i.e., electronic, hard copy).

66.    Provide all Documents and Communications Relating to any Upstream Provider or Non-Provider Customer that was

terminated as a result of services identified in response to Request No. 65.

**RESPONSE:**  Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery

under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the

case.  Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine,

common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5).  Defendant objects to

any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants.  Notwithstanding and

without limiting the scope or effect of the above objections, any responsive documents will be made available (i.e., electronic, hard copy).

67.    Provide all Documents and Communications Relating to the affirmative defense entitled "Due Care" identified in

Defendants' Amended Answer. (ECF No. 85 at

173, lines 14–17)

**RESPONSE:**  Any responsive documents will be made available (i.e., electronic, hard copy).

68.    Provide all Documents and Communications Relating to the affirmative defense entitled, "The Industry Traceback Group

Legal Authority" identified in Defendants' Amended Answer.  (ECF No. 85 at 173, lines 18–20)

**RESPONSE:**  Any responsive documents will be made available (i.e., electronic, hard copy).

69.    Provide all Documents and Communications Relating to the affirmative defense entitled, "Tracebacks are Not Notice of

Illegal Activity" identified in Defendants' Amended Answer.  (ECF No. 85 at 173, line 21 to 174, line 2)

      **RESPONSE:**  Any responsive documents will be made available (i.e., electronic, hard copy).

    70.    Provide all Documents and Communications Relating to the affirmative defense entitled, "Failure to State a Claim upon which Relief may be Granted Against Avid Telecom" identified in Defendants' Amended Answer.  (ECF No. 85 at 174, lines 3–5)

      **RESPONSE:**  Any responsive documents will be made available (i.e., electronic, hard copy).

    71.    Provide all Documents and Communications Relating to the affirmative defense entitled, "Failure to State a Claim upon which Relief may be Granted Against

Michael Lansky" identified in Defendants' Amended Answer.  (ECF No. 85 at 174, lines 7–9)

      **RESPONSE:**  Any responsive documents will be made available (i.e., electronic, hard copy).

    72.    Provide all Documents and Communications Relating to the affirmative defense entitled, "Failure to State a Claim upon which Relief may be Granted Against Stacey Reeves" identified in Defendants' Amended Answer.  (ECF No. 85 at 174, lines 10–12)

      **RESPONSE:**  Any responsive documents will be made available (i.e., electronic, hard copy).

    73.    Provide all Documents and Communications Relating to the affirmative defense entitled, "Statute of Limitations" identified in Defendants' Amended Answer. (ECF No. 85 at 174, lines 13–15)

      **RESPONSE:**  Any responsive documents will be made available (i.e., electronic, hard copy).

    74.    Provide all Documents and Communications Relating to the affirmative defense entitled, "Consent" identified in Defendants' Amended Answer.  (ECF No. 85 at 174, lines 16–18)

      **RESPONSE:**  Any responsive documents will be made available (i.e., electronic, hard copy).

75.    Provide all Documents and Communications Relating to the affirmative defense entitled, "Laches" identified in Defendants' Amended Answer.  (ECF No. 85 at 174, lines 19–21)

**RESPONSE:**  Any responsive documents will be made available (i.e., electronic, hard copy).

76.    Provide all Documents and Communications Relating to the affirmative defense entitled, "Unclean Hands" identified in Defendants' Amended Answer.  (ECF No. 85 at 174, line 22 to 175, line 1)

**RESPONSE:**  Any responsive documents will be made available (i.e., electronic, hard copy).

77.    Provide all Documents and Communications Relating to the affirmative defense entitled, "Conduct" identified in Defendants' Amended Answer.  (ECF No. 85 at 175, lines 2–4)

**RESPONSE:**  Any responsive documents will be made available (i.e., electronic, hard copy).

78.    Provide all Documents and Communications Relating to the affirmative defense entitled, "Estoppel" identified in Defendants' Amended Answer.  (ECF No. 85 at 175, lines 6–8)

**RESPONSE:**  Any responsive documents will be made available (i.e., electronic, hard copy).

79.    Provide all Documents and Communications Relating to the affirmative defense entitled, "Unconstitutionality of Statutory Damages" identified in Defendants' Amended Answer.  (ECF No. 85 at 175, lines 9–12)

**RESPONSE:**  Any responsive documents will be made available (i.e., electronic, hard copy).

80.    Provide all Documents and Communications Relating to the affirmative defense entitled, "Standing" identified in

Defendants' Amended Answer.  (ECF No. 85 at

175, lines 13–16)

> **RESPONSE:**  Any responsive documents will be made available (i.e., electronic, hard copy).

81.    Provide all Documents and Communications between You, Corporate Defendant, and/or the other Individual Defendant, as senders or recipients, Relating to each change made to the account history log for the account name and identifiers for each Upstream Customer.

> **RESPONSE:**  Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case.  Defendant also objects to this request as the term "account history log" is not defined with sufficient specificity to allow a proper response.  Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5).  Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants.  Defendants are prepared to meet and confer to discuss a properly worded request.

82.    Provide all Documents and Communications Relating to Zealous Services, LLC., including payments You received from or on behalf of Zealous Services, LLC., services You provided, any service agreements and any account history logs.

> **RESPONSE:**  Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case.  Defendant also objects to this request as the term "account history logs" is not defined with sufficient specificity to allow a proper response.  Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5).  Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants.  Defendants are prepared to meet and confer to discuss a properly worded request.

83.     Provide all Documents and Communications Relating to Your working relationship with Corporate Defendant

Regarding each of the following:

      a.       job description;

      b.       general job duties;

      c.       daily responsibilities and tasks;

      d.       scope of work;

    e.       performance expectations;

    f.       employee/contractor handbook;

    g.       working hours;

    h.       timekeeping policies, procedures, and daily records;

    i.       work location;

    j.       equipment and software provided for job tasks (if any);

    k.       access authorization to Corporate Defendant's network software applications, soft switch(es), and other information technology infrastructure;

    l.       availability of support or technical staff for job tasks;

    m.       provision of benefits, including retirement or pension plans, health, vision, dental, disability and/or life insurance plans or premium reimbursements offered or provided;

    n.       time limitations on the duration of business relationship;

    o.       compensation structure and method of payment of compensation (including commission structure and/or eligibility for overtime compensation, if/where applicable);

    p.       scope of authority to act on behalf of Corporate Defendant; and

    q.       any written agreement(s) Relating to the enumeration of terms and services You would and did provide for the duration of the business relationship.

**RESPONSE:** Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendant also objects to this request as the term "is" is not defined with sufficient specificity to allow a proper response. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants. Notwithstanding and without limiting the scope or effect of the above objections, any responsive documents will be made available (i.e., electronic, hard copy).

84.    Provide all Documents and Communications Related to Your and/or Corporate Defendant's offer to Defendant Reeves to enter into a business relationship and Defendant Reeves' acceptance of the offer to engage in the relationship.

**RESPONSE:** Any responsive documents will be made available (i.e., electronic, hard copy).

85.    Provide all Documents and Communications Relating to and otherwise memorializing the terms of Defendant Reeves' working relationship with You and/or Corporate Defendant at the beginning of the working relationship Regarding each of the following:

    a.    job description;

    b.    general job duties;

    c.    daily responsibilities and tasks;

    d.    scope of work;

    e.    performance expectations;

    f.    employee/contractor handbook;

    g.    working hours;

    h.    timekeeping policies and procedures;

    i.    work location;

38

j.      equipment and software provided for job tasks (if any);

k.      access authorization to Corporate Defendant's network software applications, soft switch(es), and other information technology infrastructure;

l.      availability of support or technical staff for job tasks;

m.      provision of benefits, including retirement or pension plans, health, vision, dental, disability and/or life insurance plans or premium reimbursements offered or provided;

n.      time limitations on the duration of business relationship;

o.      compensation structure and method of payment of compensation (including commission structure and/or eligibility for overtime compensation, if/where applicable);

p.      scope of authority to act on behalf of Corporate Defendant; and

q.      any written agreement(s) Relating to the enumeration of terms and services Defendant Reeves would and did provide for the duration of the business relationship.

**RESPONSE: A**ny responsive documents will be made available (i.e., electronic, hard copy).

86.    Provide all Documents and Communications Relating to changes in the terms of Defendant Reeves' working relationship with You and/or Corporate Defendant as described in Request No. 85.

**RESPONSE: A**ny responsive documents will be made available (i.e., electronic, hard copy).

87.    Provide all Documents and Communications Relating to Defendant Reeves' records memorializing her working relationship with You and/or Corporate Defendant as to the following:

a.      timekeeping records;

b.      personnel file records; and c.

performance reviews.

**RESPONSE: A**ny responsive documents will be made available (i.e., electronic, hard copy).

88.   Provide all Documents and Communications Relating to Defendants' assertion that any Plaintiff obtained evidence "illegally and/or through improper means." (ECF Nos. 46-1 at 1, 46-2 at 1, 47-1 at 18, 48-2 at 1, 49-1 at 18)

**RESPONSE: A**ny responsive documents will be made available (i.e., electronic, hard copy).

89.   Provide all Documents and Communications Relating to Defendants' assertion that Plaintiffs' Complaint contains allegations that are either unsupported, misleading, or demonstrably false. (ECF No. 46-2 at p. 8)

**RESPONSE: A**ny responsive documents will be made available (i.e., electronic, hard copy).

90.   Provide all Documents and Communications describing actions You took as a result of Corporate Defendant's written policies and procedures to implement the STIR/SHAKEN attestation requirement to verify that Corporate Defendant's Non-Provider Customers are authorized to use the calling numbers that are passed to Corporate Defendant's network.

**RESPONSE:** This request is overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case.  Defendant also objects top the request as unintelligible as written.  Defendants further object on the basis the request seeks production of data obtainable from another source that is more convenient, less burdensome, or less expensive, and to the extent it seeks information already in the possession, custody, or control of Plaintiffs.  Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5).  Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants.  Defendant is prepared to meet and confer.

91.   Provide all Documents You drafted or assisted in drafting which Relate to any policies or procedures implemented or considered for implementation by Corporate Defendant, and all Communications Regarding the same.

**RESPONSE:** This request is overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R.

Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case.  Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5).  Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants.

92.    Provide all Communications between You, Corporate Defendant, and/or the other Individual Defendant, as senders or recipients, and any agent, employee, independent contractor or other representative of an Upstream Provider or Non-Provider Customer Relating to any agreement with the Upstream Provider or Non-Provider Customer.

**RESPONSE:** This request is overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case.  Defendants further object on the basis the request seeks production of data obtainable from another source that is more convenient, less burdensome, or less expensive, and to the extent it seeks information already in the possession, custody, or control of Plaintiffs.  Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5).  Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants.  Subject to and without waiving the forgoing objections, Defendants will produce all non-privileged, responsive documents in their possession, custody or control.  Notwithstanding and without limiting the scope or effect of the above objections, any responsive documents will be made available (i.e., electronic, hard copy).

93.    Provide all Communications between You, Corporate Defendant, and/or the other Individual Defendant, as senders or recipients, and any agent, employee, independent contractor or other representative of an Upstream Provider or Non-Provider Customer Relating to the content, quality, or volume of call traffic Transmitted by the Upstream Provider or Non-Provider Customer to Corporate Defendant's network.

**RESPONSE:** This request is overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed.

R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendants further object on the basis the request seeks production of data obtainable from another source that is more convenient, less burdensome, or less expensive, and to the extent it seeks information already in the possession, custody, or control of Plaintiffs. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants. Subject to and without waiving the forgoing objections, Defendants will produce all non-privileged, responsive documents in their possession, custody or control.

94.    Provide all Communications involving You, Corporate Defendant, and/or the other Individual Defendant as senders or recipients, including all text messages, emails, Skype/WhatsApp/Signal/Telegram messages, or any other forms of Communications with Downstream Providers Relating to (1) Tracebacks, (2) Robocall complaints, or (3) any call traffic Transmitted by Corporate Defendant's network to a Downstream Provider.

**RESPONSE:** This request is overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendants further object on the basis the request seeks production of data obtainable from another source that is more convenient, less burdensome, or less expensive, and to the extent it seeks information already in the possession, custody, or control of Plaintiffs. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants. Subject to and without waiving the forgoing objections, Defendants will produce all non-privileged, responsive documents in their possession, custody or control.

95.    Provide all Communications involving You, Corporate Defendant, and/or the other Individual Defendant as senders

or recipients, including all text messages, emails, Skype/WhatsApp/Signal/Telegram messages, or any other forms of Communications with Upstream Providers or Non-Provider Customers Relating to (1) Tracebacks, (2) Robocall complaints, or (3) any call traffic Transmitted from an Upstream Provider or Non-Provider Customer onto Corporate Defendant's network.

**RESPONSE:** This request is overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendants further object on the basis the request seeks production of data obtainable from another source that is more convenient, less burdensome, or less expensive, and to the extent it seeks information already in the possession, custody, or control of Plaintiffs. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants. Subject to and without waiving the forgoing objections, Defendants will produce all non-privileged, responsive documents in their possession, custody or control.

96.   Provide all Communications, including all text messages, emails, Skype/WhatsApp/Signal/Telegram messages, or any other forms of Communications, between You and any regulatory or enforcement agency Relating to call traffic Transmitted by Corporate Defendant's network.

**RESPONSE:** This request is overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendants further object on the basis the request seeks production of data obtainable from another source that is more convenient, less burdensome, or less expensive, and to the extent it seeks information already in the possession, custody, or control of Plaintiffs. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of

Defendants. Subject to and without waiving the forgoing objections, Defendants will produce all non-privileged, responsive documents in their possession, custody or control.

97.    Provide Documents and Communications Relating to the creation of Makohoh LLC, Brewery LLC, and any other corporate forms created after the commencement of the instant litigation.

**RESPONSE:** This request is outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants.

98.    Provide Documents and Communications Relating to the creation of, and transfer of Your assets to, the Makohoh Management Trust, Brewery Management Trust, and any other trusts created after the commencement of the instant litigation.

**RESPONSE:** This request is outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants.

99.    Provide Documents Relating to Your cryptocurrency accounts to which or from which any assets of the Corporate Defendant were transferred.

**RESPONSE:** This request is outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent

it seeks discovery of information not in the possession, custody, or control of Defendants.

100.    Provide all Documents Relating to any account in which You have an interest at any financial institution.

**RESPONSE:** This request is outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants.

101.    Provide any Documents and Communications Relating to Your participation in Corporate Defendant's members' or directors' meetings, including minutes and/or other summaries of those meetings.

**RESPONSE:** This request is outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants.

102.    Provide all Documents and Communications involving You, Corporate Defendant, and/or the other Individual Defendant as senders or recipients, Regarding call capacity requirements, troubleshooting product performance, and transmitting pricing updates for Upstream Providers or Non-Provider Customers.

**RESPONSE:** This request is overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendants also objects to this request as compound. Defendants further object on the basis the request seeks production of data obtainable from another source that is more convenient, less burdensome, or less expensive, and to the extent it seeks information already in the possession, custody, or control of Plaintiffs. Defendant objects to the request to the extent it seeks information

45

protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege,

Federal Rule of Civil Procedure 26(b)(4) or (5).  Defendant objects to any request to the extent it seeks discovery of information not

in the possession, custody, or control of Defendants.

103.        Provide    all    Documents    and    Communications,    including    all    text    messages,    emails,

Skype/WhatsApp/Signal/Telegram  messages, or any other forms of Communications, between You and any Upstream Customers

about changes to the point of contact or entity name changes for any customer accounts, including but not limited to Virtual Telecom

KFT, Mobi Telecom, JSquared Telecom, Rising Eagle, and Great Choice Telecom LLC.

**RESPONSE:**  This request is outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it

seeks is neither relevant nor reasonably calculated as proportional to the needs of the case.  Defendant objects to the request to the

extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law

enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5).  Defendant objects to any request to the extent

it seeks discovery of information not in the possession, custody, or control of Defendants.  Notwithstanding and without limiting the

scope or effect of the above objections, any responsive documents will be made available (i.e., electronic, hard copy).

104.        Provide    all    Documents    and    Communications,    including    all    text    messages,    emails,

Skype/WhatsApp/Signal/Telegram    messages,    or    any    other    forms    of

Communications, between You and any Upstream Customers about changes to the account history log, including but not limited to Virtual

Telecom KFT, Mobi Telecom, JSquared Telecom, Rising Eagle, and Great Choice Telecom LLC.

**RESPONSE:**  Defendant objects to this request as overbroad, unduly burdensome, and outside the scope of permissible

discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the

needs of the case.  Defendant also objects to this request as the term "account history log" is not defined with sufficient specificity

to allow a proper response.  Defendant objects to the request to the extent it seeks information protected by the attorney-client

privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil

Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants. Notwithstanding and without limiting the scope or effect of the above objections, any responsive documents will be made available (i.e., electronic, hard copy).

105.     Provide all Documents and Communications, including all text messages, emails, Skype/WhatsApp/Signal/Telegram messages, or any other forms of Communications, between You and John Spiller, Jakob Mears, JSquared Telecom, Rising Eagle, Rising Eagle Cayman, Great Choice Telecom LLC, and/or Mikel Quinn.

**RESPONSE:** This request is overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendants further object on the basis the request seeks production of data obtainable from another source that is more convenient, less burdensome, or less expensive, and to the extent it seeks information already in the possession, custody, or control of Plaintiffs. Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5). Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants. Subject to and without waiving the forgoing objections, Defendants will produce all non-privileged, responsive documents in their possession, custody or control.

106.   Provide all Documents and Communications, including all text messages, emails, Skype/WhatsApp/Signal/Telegram messages, or any other forms of Communications, between You and Peerless Network Related to a credit reference request You offered on behalf of any Upstream Customer, including but not limited to John Spiller, JSquared Telecom, Rising Eagle, Rising Eagle Cayman, Great Choice Telecom LLC, and/or Mikel Quinn.

**RESPONSE:** This request is overbroad, unduly burdensome, and outside the scope of permissible discovery under Fed. R. Civ. P. 26(b) as the information it seeks is neither relevant nor reasonably calculated as proportional to the needs of the case. Defendants further object on the basis the request seeks production of data obtainable from another source that is more

convenient, less burdensome, or less expensive, and to the extent it seeks information already in the possession, custody, or control of Plaintiffs.  Defendant objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, common interest privilege, law enforcement investigatory privilege, Federal Rule of Civil Procedure 26(b)(4) or (5).  Defendant objects to any request to the extent it seeks discovery of information not in the possession, custody, or control of Defendants.  Subject to and without waiving the forgoing objections, Defendants will produce all non-privileged, responsive documents in their possession, custody or control.

**Technology Law Group.** LLC

/s/ Neil S. Ende

_____

Neil. S. Ende

**CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2025, I served the foregoing RESPONSE TO PLAINTIFFS' FIRST RULE 34 REQUESTS FOR PRODUCTION TO MICHAEL D. LANSKY upon the Plaintiff leadership by electronically mailing a copy of the same to their counsel of record as follows:

Alyse Meislik (AZ No. 024052)

Dylan Jones (AZ Bar No. 034185)

Laura Dilweg (AZ No. 036066)

Sarah Pelton (AZ Bar No. 039633)

Assistant Attorneys General Arizona Attorney General's Office

2005 North Central Avenue

Phoenix, AZ 85004

Phone: (602) 542-3725

Fax:    (602) 542-4377

consumer@azag.gov

alyse.meislik@azag.gov

dylan.jones@azag.gov

laura.dilweg@azag.gov

sarah.pelton@azag.gov

*Attorneys for Plaintiff State of Arizona*

Douglas S. Swetnam

Thomas L. Martindale

Deputy Attorneys General

Office of the Indiana Attorney General

Todd Rokita

Indiana Govt. Center South, 5th Fl.

302 W. Washington St.

Indianapolis, IN 46204-2770

Phone: (317) 232-6294

douglas.swetnam@atg.in.gov

thomas.martindale@atg.in.gov

*Attorneys for Plaintiff State of Indiana*

*/s/ Neil S. Ende*

Neil S. Ende

# Exhibit F

**Pelton, Sarah**

| | |
|---|---|
| **From:** | Dillon IV, John |
| **Sent:** | Friday, May 16, 2025 12:15 PM |
| **To:** | Neil Ende; Greg Taylor |
| **Cc:** | Dilweg, Laura; Pelton, Sarah; Meislik, Alyse; Jones, Dylan; Nayer, Tracy; Sparko, Rochelle; Martindale, Thomas L; Swetnam, Douglas; michel.singernelson@coag.gov; Dillon IV, John |
| **Subject:** | [AZ v Avid Telecom] - Plaintiffs' Meet and Confer Request Re Defendant Michael D. Lansky's Responses to Plaintiffs' First Set of Requests for Production of Documents |
| **Importance:** | High |

Counsel,

We write in regards to Defendant Michael D. Lansky's ("Defendant") Responses to Plaintiffs' First Set of Requests for Production of Documents ("Responses"). As set forth below, Defendant's Responses were deficient and wholly improper under the Federal Rules of Civil Procedure. Accordingly, Plaintiffs demand that Defendant provide supplemental responses by no later than May 23, 2025.

**Defendants Michael D. Lansky, L.L.C., dba Avid Telecom and Stacey Reeves Failed to Respond to Plaintiffs' First Set of Requests for Production of Documents.**

As an initial matter, to date, Defendants Michael D. Lansky, L.L.C., dba Avid Telecom and Stacey Reeves have failed to provide responses to Plaintiffs' First Set of Requests for Production which were duly served on March 6, 2025. It is well established under Federal law that a failure to object to discovery requests within the time required constitutes a waiver of any objection. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992); *see also Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999)("Not only must the objections be served and the grounds articulated in a specific manner, but the objections must also be served in a timely fashion. The failure to serve objections in the time and manner required by the Rules will result in a waiver of valid objections."); *see also SiteLock LLC v. GoDaddy.com LLC*, No. CV-19-02746-PHX-DWL, 2020 WL 6135189, at *12 (D. Ariz. Oct. 19, 2020). Accordingly, Plaintiffs demand that Defendants Michael D. Lansky, L.L.C., dba Avid Telecom and Stacey Reeves immediately provide responses, without objection, to each of Plaintiff's Requests for Production.

**Defendant Lansky's Responses to Plaintiffs' Requests for Production Nos. 1, 10-20, 31-37, 45, 48, 63, 65-80, 83-89, 92, 103-104 Are Improper Under Rule 34(b)(2) of the Federal Rules of Civil Procedure.**

Despite agreeing to produce all documents/communications responsive to Plaintiff's Requests for Production Nos. 1, 10-20, 31-37, 45, 48, 63, 65-80, 83-89, 92, 103-104, Defendant failed to provide the specific manner, date and time that he will produce such responsive documents as required by Rule 34(b). *See* Fed. R. Civ. P. 34(b)(2); see also *Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.*, 173 F.R.D. 651, 656 (D. Md. 1997) ("a response to a request for production of documents which merely promises to produce the requested documents at some unidentified time in the future, without offering a specific time, place and manner, is not a complete answer as required by Rule 34(b) and, therefore, pursuant to Rule 37(a)(3) is treated as a failure to answer or respond."). Accordingly, Defendant must supplement his responses to Plaintiff's Requests for Production Nos. 1, 10-20, 31-37, 45, 48, 63, 65-80, 83-89, 92, 103-104 and provide the specific manner and date certain as to when he will complete his production of all responsive documents/communications.

**Defendant Lansky's Responses to Plaintiffs' Requests for Production Nos. 1, 26-27, 92-96, 105-106 Are Improper Under Rule 34(b)(2)(C) of the Federal Rules of Civil Procedure.**

In response to Plaintiff's Requests for Production Nos. 1, 26-27, 92-96 and 105-106, Defendant stated that he "will produce all **non-privileged**, responsive documents in their possession, custody or control." (emphasis added). However, Defendant's Responses are improper under Rule 34(b)(2)(C) because they fail to provide Plaintiff with any information as to whether Defendant is withholding any responsive documents on the basis of any privilege. As you are no doubt aware, when responding to a request for production, the responding party must alert other parties to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection. *See Murillo v. Arizona*, No. CV2001580PHXSPLJZB, 2023 WL 2540245, at *2 (D. Ariz. Mar. 16, 2023). It is not Plaintiffs' burden to guess whether any relevant and responsive information has been withheld from production for Requests Nos. 1, 26-27, 92-96 and 105-106. Accordingly, Defendant must supplement his responses to Plaintiff's Requests for Production Nos. 1, 26-27, 92-96 and 105-106 and state whether he is withholding any "privileged" responsive documents and state the specific manner, date and time by which he will complete his production of all "non-privileged" responsive documents/communications.

**Defendant Lansky's Failure to Respond to Plaintiffs' Requests for Production Nos. 56 and 58 Constitutes a Waiver of Any Objection.**

Defendant failed to provide any response to Plaintiffs' Requests Nos. 56 and 58. It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992); *see also Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999)("Not only must the objections be served and the grounds articulated in a specific manner, but the objections must also be served in a timely fashion. The failure to serve objections in the time and manner required by the Rules will result in a waiver of valid objections."); *see also SiteLock LLC v. GoDaddy.com LLC*, No. CV-19-02746-PHX-DWL, 2020 WL 6135189, at *12 (D. Ariz. Oct. 19, 2020). Accordingly, Defendant must supplement his Responses and provide responses, without objection, to Plaintiffs' Requests Nos. 56 and 58.

**Defendant Lansky's Responses to Plaintiffs' Requests for Production Nos. 2-9, 21-25, 28-30, 38-44, 46-47, 49-55, 57, 59-62, 64, 81-82, 90-91, 97-102 Are Evasive, Vague and Rely Entirely on Boilerplate Objections.**

Defendant's Responses to Requests Nos. 2-9, 21-25, 28-30, 38-44, 46-47, 49-55, 57, 59-62, 64, 81-82, 90-91, 97-102 are plainly evasive, vague and rely entirely on meritless objections. These Requests seek relevant and admissible evidence related to Plaintiffs' causes of action under the Telemarketing and Consumer Fraud and Abuse Prevention Act, the Telemarketing Sales Rules, the Telephone Consumer Protection Act, the Truth in Caller ID Act, and other state and federal laws protecting consumers against deceptive and illegal telemarketing practices and Defendants' claimed defenses thereto. Specifically, these Requests seek relevant and admissible evidence relating to: (a) Defendant's knowledge of and involvement in assisting, facilitating, servicing, managing, permitting and compensating telemarketers, customers and/or sellers in transmitting and delivering millions of prerecorded telephone and robocalls (*e.g.*, Requests Nos. 2-9, 21-25, 28-30, 38-44, 46-47, 62, 64, 81-82, 101-102); (b) Defendant's knowledge of and compliance with applicable Federal and State laws and regulations regarding corporate record retention, telemarketing and robocall schemes (*e.g.*, Requests Nos. 2-9, 21-25, 28-30, 53-61, 101-102); (c) the compensation and monies spent/earned by Defendants, their agents, and/or any other corporate forms or trusts created by Defendants and/or their agents, through their use of illegal telemarketing schemes and Plaintiffs' damages resulting therefrom (*e.g.*, Requests Nos. 38-44, 46-47, 49-52, 97-100); and (d) procedures and methods to prevent—or even significantly mitigate—the perpetration of illegal behavior onto and across Defendants' Avid Telecom's network (*e.g.*, Requests Nos. 21-25, 28-30, 90-91).

In response to these Requests, Defendant posits the same tired boilerplate objection, over and over, without explaining how those objections actually apply to each of the specific document requests. For instance, in response

to Plaintiffs' Requests Nos. 2-9, 21-25, 28-30, 38-44, 46-47, 49-55, 57, 59-62, 64, 81-82, 90-91, 97-102, Defendant copied and pasted the same objections, namely that the Requests are overbroad, burdensome, outside the scope of permissible discovery, seek documents obtainable from other sources, and seek documents protected from disclosure under the law enforcement investigatory privilege. But Defendant's boilerplate and generalized objections are inadequate under the Rules and are tantamount to no objection at all. *See Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999)("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all."); *see also Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co.*, 246 F.R.D. 522, 528 (S.D.W. Va. 2007)("boilerplate objections in response to a Rule 34 request for production of documents are widely rejected."); *see also St. Paul Reins. Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 512 (N.D.Iowa 2000) (Boilerplate objections, including that a particular document request was oppressive, burdensome and harassing, were "[i]n every respect ... text-book examples of what federal courts have routinely deemed to be improper objections."); *see also see also Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 592–93 (W.D.N.Y.1996) (general objections that discovery request was overbroad, vague and unduly burdensome were not sufficiently specific to allow court to ascertain objectionable character of discovery request and were improper).

To be effective, an objection must be specific and state whether any responsive materials are being withheld on the basis of that specific objection. *See* Fed. R. Civ. P. 34(b)(2)(B); *see also Militante v. Banner Health*, No. CV-22-0352-PHX-DWL (JFM), 2023 WL 12073895, at *3 (D. Ariz. Dec. 20, 2023). The burden is on the party resisting discovery to show discovery should not be allowed and to justify his asserted objections with sufficient information. *See U.S. ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 648 (C.D. Cal. 2007). When asserting claims of privilege or work product protection, the objecting party must provide sufficient factual information to enable the other parties to evaluate the merits of the claim, including a privilege log if necessary. *See* Fed. R. Civ. P. 26; *see also United States v. Martin*, 278 F.3d 988, 1000 (9th Cir. 2002), as amended on denial of reh'g (Mar. 13, 2002) ("party claiming the privilege must identify specific communications and the grounds supporting the privilege as to each piece of evidence over which privilege is asserted. Blanket assertions are extremely disfavored."). Here, Defendant's baseless objections provide little or no information and make it impossible to tell whether Defendant ever appropriately investigated the existence of responsive material and/or whether he is withholding responsive information. *See Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 379 (C.D. Cal. 2009) ("unexplained and unsupported boilerplate objections are improper"). Nor did Defendant provide any factual information for Plaintiffs to evaluate the merits of his privilege claims – like for instance factual information supporting Defendant's claim of the law enforcement privilege. That is because Defendant cannot legitimately do so. Accordingly, Plaintiffs demand that Defendant provide supplemental responses and produce responsive documents to Requests Nos. 2-9, 21-25, 28-30, 38-44, 46-47, 49-55, 57, 59-62, 64, 81-82, 90-91, 97-102.

We believe the parties should be able to resolve the aforementioned issues without judicial involvement. Accordingly, we request your availability to meet and confer regarding Defendant's Responses by May 19, 2025.

Thank you in advance for your anticipated professional courtesy and cooperation.

Regards,

**John Raymond Dillon IV**
Senior Litigation Counsel



Arizona Attorney General Kris Mayes
2005 N. Central Ave.
Phoenix, AZ 85004
Desk: 602-542-7732
John.DillonIV@azag.gov
http://www.azag.gov

CONFIDENTIALITY NOTICE:  This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information, including information that may be protected through an attorney-client privilege.  Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

# Exhibit G

**Pelton, Sarah**

| | |
|---|---|
| **From:** | Dillon IV, John |
| **Sent:** | Tuesday, May 27, 2025 4:24 PM |
| **To:** | 'Neil Ende'; 'Greg Taylor' |
| **Cc:** | Dilweg, Laura; Pelton, Sarah; Meislik, Alyse; Jones, Dylan; 'Nayer, Tracy'; 'Sparko, Rochelle'; 'Martindale, Thomas L'; 'Swetnam, Douglas'; 'michel.singernelson@coag.gov'; Erin Leahy; Dillon IV, John |
| **Subject:** | RE: [AZ v Avid Telecom] - Plaintiffs' Meet and Confer Request Re Defendant Michael D. Lansky's Responses to Plaintiffs' First Set of Requests for Production of Documents |
| **Importance:** | High |

Counsel,

It's been over ten days since my previous email and I have yet to receive a response from you. Please advise on your availability for a meet and confer regarding Defendant's Responses to Plaintiffs' First Set of Requests for Production of Documents.

Regards,

**John Raymond Dillon IV**
Senior Litigation Counsel



Arizona Attorney General Kris Mayes
2005 N. Central Ave.
Phoenix, AZ 85004
Desk: 602-542-7732
John.DillonIV@azag.gov
http://www.azag.gov

CONFIDENTIALITY NOTICE:  This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information, including information that may be protected through an attorney-client privilege.  Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

---

**From:** Dillon IV, John
**Sent:** Friday, May 16, 2025 12:15 PM
**To:** Neil Ende <nende@tlgdc.com>; Greg Taylor <gtaylor@tlgdc.com>
**Cc:** Dilweg, Laura <Laura.Dilweg@azag.gov>; Pelton, Sarah <Sarah.Pelton@azag.gov>; Meislik, Alyse <Alyse.Meislik@azag.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>; Sparko, Rochelle <rsparko@NCDOJ.GOV>; Martindale, Thomas L <Thomas.Martindale@atg.in.gov>; Swetnam, Douglas <douglas.swetnam@atg.in.gov>; michel.singernelson@coag.gov; Dillon IV, John <John.DillonIV@azag.gov>
**Subject:** [AZ v Avid Telecom] - Plaintiffs' Meet and Confer Request Re Defendant Michael D. Lansky's Responses to Plaintiffs' First Set of Requests for Production of Documents
**Importance:** High

Counsel,

We write in regards to Defendant Michael D. Lansky's ("Defendant") Responses to Plaintiffs' First Set of Requests for Production of Documents ("Responses"). As set forth below, Defendant's Responses were deficient and wholly improper under the Federal Rules of Civil Procedure. Accordingly, Plaintiffs demand that Defendant provide supplemental responses by no later than May 23, 2025.

## Defendants Michael D. Lansky, L.L.C., dba Avid Telecom and Stacey Reeves Failed to Respond to Plaintiffs' First Set of Requests for Production of Documents.

As an initial matter, to date, Defendants Michael D. Lansky, L.L.C., dba Avid Telecom and Stacey Reeves have failed to provide responses to Plaintiffs' First Set of Requests for Production which were duly served on March 6, 2025. It is well established under Federal law that a failure to object to discovery requests within the time required constitutes a waiver of any objection. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992); *see also Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999)("Not only must the objections be served and the grounds articulated in a specific manner, but the objections must also be served in a timely fashion. The failure to serve objections in the time and manner required by the Rules will result in a waiver of valid objections."); *see also SiteLock LLC v. GoDaddy.com LLC*, No. CV-19-02746-PHX-DWL, 2020 WL 6135189, at *12 (D. Ariz. Oct. 19, 2020). Accordingly, Plaintiffs demand that Defendants Michael D. Lansky, L.L.C., dba Avid Telecom and Stacey Reeves immediately provide responses, without objection, to each of Plaintiff's Requests for Production.

## Defendant Lansky's Responses to Plaintiffs' Requests for Production Nos. 1, 10-20, 31-37, 45, 48, 63, 65-80, 83-89, 92, 103-104 Are Improper Under Rule 34(b)(2) of the Federal Rules of Civil Procedure.

Despite agreeing to produce all documents/communications responsive to Plaintiff's Requests for Production Nos. 1, 10-20, 31-37, 45, 48, 63, 65-80, 83-89, 92, 103-104, Defendant failed to provide the specific manner, date and time that he will produce such responsive documents as required by Rule 34(b). *See* Fed. R. Civ. P. 34(b)(2); see also *Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.*, 173 F.R.D. 651, 656 (D. Md. 1997) ("a response to a request for production of documents which merely promises to produce the requested documents at some unidentified time in the future, without offering a specific time, place and manner, is not a complete answer as required by Rule 34(b) and, therefore, pursuant to Rule 37(a)(3) is treated as a failure to answer or respond."). Accordingly, Defendant must supplement his responses to Plaintiff's Requests for Production Nos. 1, 10-20, 31-37, 45, 48, 63, 65-80, 83-89, 92, 103-104 and provide the specific manner and date certain as to when he will complete his production of all responsive documents/communications.

## Defendant Lansky's Responses to Plaintiffs' Requests for Production Nos. 1, 26-27, 92-96, 105-106 Are Improper Under Rule 34(b)(2)(C) of the Federal Rules of Civil Procedure.

In response to Plaintiff's Requests for Production Nos. 1, 26-27, 92-96 and 105-106, Defendant stated that he "will produce all **non-privileged**, responsive documents in their possession, custody or control." (emphasis added). However, Defendant's Responses are improper under Rule 34(b)(2)(C) because they fail to provide Plaintiff with any information as to whether Defendant is withholding responsive documents on the basis of any privilege. As you are no doubt aware, when responding to a request for production, the responding party must alert other parties to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection. *See Murillo v. Arizona*, No. CV2001580PHXSPLJZB, 2023 WL 2540245, at *2 (D. Ariz. Mar. 16, 2023). It is not Plaintiffs' burden to guess whether any relevant and responsive information has been withheld from production for Requests Nos. 1, 26-27, 92-96 and 105-106. Accordingly, Defendant must supplement his responses to Plaintiff's Requests for Production Nos. 1, 26-27, 92-96 and 105-106 and state whether he is withholding any "privileged" responsive documents and state the specific manner, date and time by which he will complete his production of all "non-privileged" responsive documents/communications.

**Defendant Lansky's Failure to Respond to Plaintiffs' Requests for Production Nos. 56 and 58 Constitutes a Waiver of Any Objection.**

Defendant failed to provide any response to Plaintiffs' Requests Nos. 56 and 58. It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992); *see also Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999)("Not only must the objections be served and the grounds articulated in a specific manner, but the objections must also be served in a timely fashion. The failure to serve objections in the time and manner required by the Rules will result in a waiver of valid objections."); *see also SiteLock LLC v. GoDaddy.com LLC*, No. CV-19-02746-PHX-DWL, 2020 WL 6135189, at \*12 (D. Ariz. Oct. 19, 2020). Accordingly, Defendant must supplement his Responses and provide responses, without objection, to Plaintiffs' Requests Nos. 56 and 58.

**Defendant Lansky's Responses to Plaintiffs' Requests for Production Nos. 2-9, 21-25, 28-30, 38-44, 46-47, 49-55, 57, 59-62, 64, 81-82, 90-91, 97-102 Are Evasive, Vague and Rely Entirely on Boilerplate Objections.**

Defendant's Responses to Requests Nos. 2-9, 21-25, 28-30, 38-44, 46-47, 49-55, 57, 59-62, 64, 81-82, 90-91, 97-102 are plainly evasive, vague and rely entirely on meritless objections. These Requests seek relevant and admissible evidence related to Plaintiffs' causes of action under the Telemarketing and Consumer Fraud and Abuse Prevention Act, the Telemarketing Sales Rules, the Telephone Consumer Protection Act, the Truth in Caller ID Act, and other state and federal laws protecting consumers against deceptive and illegal telemarketing practices and Defendants' claimed defenses thereto. Specifically, these Requests seek relevant and admissible evidence relating to: (a) Defendant's knowledge of and involvement in assisting, facilitating, servicing, managing, permitting and compensating telemarketers, customers and/or sellers in transmitting and delivering millions of prerecorded telephone and robocalls (*e.g.*, Requests Nos. 2-9, 21-25, 28-30, 38-44, 46-47, 62, 64, 81-82, 101-102); (b) Defendant's knowledge of and compliance with applicable Federal and State laws and regulations regarding corporate record retention, telemarketing and robocall schemes (*e.g.*, Requests Nos. 2-9, 21-25, 28-30, 53-61, 101-102); (c) the compensation and monies spent/earned by Defendants, their agents, and/or any other corporate forms or trusts created by Defendants and/or their agents, through their use of illegal telemarketing schemes and Plaintiffs' damages resulting therefrom (*e.g.*, Requests Nos. 38-44, 46-47, 49-52, 97-100); and (d) procedures and methods to prevent—or even significantly mitigate—the perpetration of illegal behavior onto and across Defendants' Avid Telecom's network (*e.g.*, Requests Nos. 21-25, 28-30, 90-91).

In response to these Requests, Defendant posits the same tired boilerplate objection, over and over, without explaining how those objections actually apply to each of the specific document requests. For instance, in response to Plaintiffs' Requests Nos. 2-9, 21-25, 28-30, 38-44, 46-47, 49-55, 57, 59-62, 64, 81-82, 90-91, 97-102, Defendant copied and pasted the same objections, namely that the Requests are overbroad, burdensome, outside the scope of permissible discovery, seek documents obtainable from other sources, and seek documents protected from disclosure under the law enforcement investigatory privilege. But Defendant's boilerplate and generalized objections are inadequate under the Rules and are tantamount to no objection at all. *See Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999)("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all."); *see also Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co.*, 246 F.R.D. 522, 528 (S.D.W. Va. 2007)("boilerplate objections in response to a Rule 34 request for production of documents are widely rejected."); *see also St. Paul Reins. Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 512 (N.D.Iowa 2000) (Boilerplate objections, including that a particular document request was oppressive, burdensome and harassing, were "[i]n every respect ... text-book examples of what federal courts have routinely deemed to be improper objections."); *see also see also Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 592–93 (W.D.N.Y.1996) (general objections that discovery request was overbroad, vague and unduly burdensome were not sufficiently specific to allow court to ascertain objectionable character of discovery request and were improper).

To be effective, an objection must be specific and state whether any responsive materials are being withheld on the basis of that specific objection. *See* Fed. R. Civ. P. 34(b)(2)(B); *see also Militante v. Banner Health*, No. CV-22-0352-PHX-DWL (JFM), 2023 WL 12073895, at *3 (D. Ariz. Dec. 20, 2023). The burden is on the party resisting discovery to show discovery should not be allowed and to justify his asserted objections with sufficient information. *See U.S. ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 648 (C.D. Cal. 2007). When asserting claims of privilege or work product protection, the objecting party must provide sufficient factual information to enable the other parties to evaluate the merits of the claim, including a privilege log if necessary. *See* Fed. R. Civ. P. 26; *see also United States v. Martin*, 278 F.3d 988, 1000 (9th Cir. 2002), as amended on denial of reh'g (Mar. 13, 2002) ("party claiming the privilege must identify specific communications and the grounds supporting the privilege as to each piece of evidence over which privilege is asserted. Blanket assertions are extremely disfavored."). Here, Defendant's baseless objections provide little or no information and make it impossible to tell whether Defendant ever appropriately investigated the existence of responsive material and/or whether he is withholding responsive information. *See Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 379 (C.D. Cal. 2009) ("unexplained and unsupported boilerplate objections are improper"). Nor did Defendant provide any factual information for Plaintiffs to evaluate the merits of his privilege claims – like for instance factual information supporting Defendant's claim of the law enforcement privilege. That is because Defendant cannot legitimately do so. Accordingly, Plaintiffs demand that Defendant provide supplemental responses and produce responsive documents to Requests Nos. 2-9, 21-25, 28-30, 38-44, 46-47, 49-55, 57, 59-62, 64, 81-82, 90-91, 97-102.

We believe the parties should be able to resolve the aforementioned issues without judicial involvement. Accordingly, we request your availability to meet and confer regarding Defendant's Responses by May 19, 2025.

Thank you in advance for your anticipated professional courtesy and cooperation.

Regards,

**John Raymond Dillon IV**
Senior Litigation Counsel



Arizona Attorney General Kris Mayes
2005 N. Central Ave.
Phoenix, AZ 85004
Desk: 602-542-7732
John.DillonIV@azag.gov
http://www.azag.gov

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information, including information that may be protected through an attorney-client privilege. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

# Exhibit H

**Pelton, Sarah**

| | |
|---|---|
| **From:** | Greg Taylor <gtaylor@tlgdc.com> |
| **Sent:** | Wednesday, May 28, 2025 5:14 AM |
| **To:** | Dillon IV, John; Neil Ende |
| **Cc:** | Dilweg, Laura; Pelton, Sarah; Meislik, Alyse; Jones, Dylan; 'Nayer, Tracy'; 'Sparko, Rochelle'; 'Martindale, Thomas L'; 'Swetnam, Douglas'; 'michel.singernelson@coag.gov'; Erin Leahy |
| **Subject:** | Re: [AZ v Avid Telecom] - Plaintiffs' Meet and Confer Request Re Defendant Michael D. Lansky's Responses to Plaintiffs' First Set of Requests for Production of Documents |

Mr. Dillon:

I have been in the hospital for some time.  Discharged now, but still recovering.  Will try to have a substantive response for you later today or tomorrow.

Best,
Greg

**From:** "Dillon IV, John" <John.DillonIV@azag.gov>
**Date:** Tuesday, May 27, 2025 at 6:24 PM
**To:** Neil Ende <nende@tlgdc.com>, Greg Taylor <gtaylor@tlgdc.com>
**Cc:** "Dilweg, Laura" <Laura.Dilweg@azag.gov>, "Pelton, Sarah" <Sarah.Pelton@azag.gov>, "Meislik, Alyse" <Alyse.Meislik@azag.gov>, "Jones, Dylan" <Dylan.Jones@azag.gov>, "'Nayer, Tracy'" <Tnayer@ncdoj.gov>, "'Sparko, Rochelle'" <rsparko@NCDOJ.GOV>, "'Martindale, Thomas L'" <Thomas.Martindale@atg.in.gov>, "'Swetnam, Douglas'" <douglas.swetnam@atg.in.gov>, "'michel.singernelson@coag.gov'" <michel.singernelson@coag.gov>, Erin Leahy <erin.leahy@OhioAGO.gov>, "Dillon IV, John" <John.DillonIV@azag.gov>
**Subject:** RE: [AZ v Avid Telecom] - Plaintiffs' Meet and Confer Request Re Defendant Michael D. Lansky's Responses to Plaintiffs' First Set of Requests for Production of Documents

Counsel,

It's been over ten days since my previous email and I have yet to receive a response from you. Please advise on your availability for a meet and confer regarding Defendant's Responses to Plaintiffs' First Set of Requests for Production of Documents.

Regards,

**John Raymond Dillon IV**
Senior Litigation Counsel

 Arizona Attorney General Kris Mayes
2005 N. Central Ave.
Phoenix, AZ 85004
Desk: 602-542-7732
John.DillonIV@azag.gov
http://www.azag.gov

CONFIDENTIALITY NOTICE:  This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information, including information that may be protected

1

through an attorney-client privilege.  Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

---

**From:** Dillon IV, John
**Sent:** Friday, May 16, 2025 12:15 PM
**To:** Neil Ende <nende@tlgdc.com>; Greg Taylor <gtaylor@tlgdc.com>
**Cc:** Dilweg, Laura <Laura.Dilweg@azag.gov>; Pelton, Sarah <Sarah.Pelton@azag.gov>; Meislik, Alyse <Alyse.Meislik@azag.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>; Sparko, Rochelle <rsparko@NCDOJ.GOV>; Martindale, Thomas L <Thomas.Martindale@atg.in.gov>; Swetnam, Douglas <douglas.swetnam@atg.in.gov>; michel.singernelson@coag.gov; Dillon IV, John <John.DillonIV@azag.gov>
**Subject:** [AZ v Avid Telecom] - Plaintiffs' Meet and Confer Request Re Defendant Michael D. Lansky's Responses to Plaintiffs' First Set of Requests for Production of Documents
**Importance:** High

Counsel,

We write in regards to Defendant Michael D. Lansky's ("Defendant") Responses to Plaintiffs' First Set of Requests for Production of Documents ("Responses"). As set forth below, Defendant's Responses were deficient and wholly improper under the Federal Rules of Civil Procedure. Accordingly, Plaintiffs demand that Defendant provide supplemental responses by no later than May 23, 2025.

## Defendants Michael D. Lansky, L.L.C., dba Avid Telecom and Stacey Reeves Failed to Respond to Plaintiffs' First Set of Requests for Production of Documents.

As an initial matter, to date, Defendants Michael D. Lansky, L.L.C., dba Avid Telecom and Stacey Reeves have failed to provide responses to Plaintiffs' First Set of Requests for Production which were duly served on March 6, 2025. It is well established under Federal law that a failure to object to discovery requests within the time required constitutes a waiver of any objection. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992); *see also Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999)("Not only must the objections be served and the grounds articulated in a specific manner, but the objections must also be served in a timely fashion. The failure to serve objections in the time and manner required by the Rules will result in a waiver of valid objections."); *see also SiteLock LLC v. GoDaddy.com LLC*, No. CV-19-02746-PHX-DWL, 2020 WL 6135189, at *12 (D. Ariz. Oct. 19, 2020). Accordingly, Plaintiffs demand that Defendants Michael D. Lansky, L.L.C., dba Avid Telecom and Stacey Reeves immediately provide responses, without objection, to each of Plaintiff's Requests for Production.

## Defendant Lansky's Responses to Plaintiffs' Requests for Production Nos. 1, 10-20, 31-37, 45, 48, 63, 65-80, 83-89, 92, 103-104 Are Improper Under Rule 34(b)(2) of the Federal Rules of Civil Procedure.

Despite agreeing to produce all documents/communications responsive to Plaintiff's Requests for Production Nos. 1, 10-20, 31-37, 45, 48, 63, 65-80, 83-89, 92, 103-104, Defendant failed to provide the specific manner, date and time that he will produce such responsive documents as required by Rule 34(b). *See* Fed. R. Civ. P. 34(b)(2); see also *Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.*, 173 F.R.D. 651, 656 (D. Md. 1997) ("a response to a request for production of documents which merely promises to produce the requested documents at some unidentified time in the future, without offering a specific time, place and manner, is not a complete answer as required by Rule 34(b) and, therefore, pursuant to Rule 37(a)(3) is treated as a failure to answer or respond."). Accordingly, Defendant must supplement his responses to Plaintiff's Requests for Production Nos. 1, 10-20, 31-37, 45, 48, 63, 65-80, 83-89, 92, 103-104 and provide the specific manner and date certain as to when he will complete his production of all responsive documents/communications.

**Defendant Lansky's Responses to Plaintiffs' Requests for Production Nos. 1, 26-27, 92-96, 105-106 Are Improper Under Rule 34(b)(2)(C) of the Federal Rules of Civil Procedure.**

In response to Plaintiff's Requests for Production Nos. 1, 26-27, 92-96 and 105-106, Defendant stated that he "will produce all **non-privileged**, responsive documents in their possession, custody or control." (emphasis added). However, Defendant's Responses are improper under Rule 34(b)(2)(C) because they fail to provide Plaintiff with any information as to whether Defendant is withholding any responsive documents on the basis of any privilege. As you are no doubt aware, when responding to a request for production, the responding party must alert other parties to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection. *See Murillo v. Arizona*, No. CV2001580PHXSPLJZB, 2023 WL 2540245, at *2 (D. Ariz. Mar. 16, 2023). It is not Plaintiffs' burden to guess whether any relevant and responsive information has been withheld from production for Requests Nos. 1, 26-27, 92-96 and 105-106. Accordingly, Defendant must supplement his responses to Plaintiff's Requests for Production Nos. 1, 26-27, 92-96 and 105-106 and state whether he is withholding any "privileged" responsive documents and state the specific manner, date and time by which he will complete his production of all "non-privileged" responsive documents/communications.

**Defendant Lansky's Failure to Respond to Plaintiffs' Requests for Production Nos. 56 and 58 Constitutes a Waiver of Any Objection.**

Defendant failed to provide any response to Plaintiffs' Requests Nos. 56 and 58. It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992); *see also Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999)("Not only must the objections be served and the grounds articulated in a specific manner, but the objections must also be served in a timely fashion. The failure to serve objections in the time and manner required by the Rules will result in a waiver of valid objections."); *see also SiteLock LLC v. GoDaddy.com LLC*, No. CV-19-02746-PHX-DWL, 2020 WL 6135189, at *12 (D. Ariz. Oct. 19, 2020). Accordingly, Defendant must supplement his Responses and provide responses, without objection, to Plaintiffs' Requests Nos. 56 and 58.

**Defendant Lansky's Responses to Plaintiffs' Requests for Production Nos. 2-9, 21-25, 28-30, 38-44, 46-47, 49-55, 57, 59-62, 64, 81-82, 90-91, 97-102 Are Evasive, Vague and Rely Entirely on Boilerplate Objections.**

Defendant's Responses to Requests Nos. 2-9, 21-25, 28-30, 38-44, 46-47, 49-55, 57, 59-62, 64, 81-82, 90-91, 97-102 are plainly evasive, vague and rely entirely on meritless objections. These Requests seek relevant and admissible evidence related to Plaintiffs' causes of action under the Telemarketing and Consumer Fraud and Abuse Prevention Act, the Telemarketing Sales Rules, the Telephone Consumer Protection Act, the Truth in Caller ID Act, and other state and federal laws protecting consumers against deceptive and illegal telemarketing practices and Defendants' claimed defenses thereto. Specifically, these Requests seek relevant and admissible evidence relating to: (a) Defendant's knowledge of and involvement in assisting, facilitating, servicing, managing, permitting and compensating telemarketers, customers and/or sellers in transmitting and delivering millions of prerecorded telephone and robocalls (*e.g.*, Requests Nos. 2-9, 21-25, 28-30, 38-44, 46-47, 62, 64, 81-82, 101-102); (b) Defendant's knowledge of and compliance with applicable Federal and State laws and regulations regarding corporate record retention, telemarketing and robocall schemes (*e.g.*, Requests Nos. 2-9, 21-25, 28-30, 53-61, 101-102); (c) the compensation and monies spent/earned by Defendants, their agents, and/or any other corporate forms or trusts created by Defendants and/or their agents, through their use of illegal telemarketing schemes and Plaintiffs' damages resulting therefrom (*e.g.*, Requests Nos. 38-44, 46-47, 49-52, 97-100); and (d) procedures and methods to prevent—or even significantly mitigate—the perpetration of illegal behavior onto and across Defendants' Avid Telecom's network (*e.g.*, Requests Nos. 21-25, 28-30, 90-91).

In response to these Requests, Defendant posits the same tired boilerplate objection, over and over, without explaining how those objections actually apply to each of the specific document requests. For instance, in response

to Plaintiffs' Requests Nos. 2-9, 21-25, 28-30, 38-44, 46-47, 49-55, 57, 59-62, 64, 81-82, 90-91, 97-102, Defendant copied and pasted the same objections, namely that the Requests are overbroad, burdensome, outside the scope of permissible discovery, seek documents obtainable from other sources, and seek documents protected from disclosure under the law enforcement investigatory privilege. But Defendant's boilerplate and generalized objections are inadequate under the Rules and are tantamount to no objection at all. *See Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999)("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all."); *see also Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co.*, 246 F.R.D. 522, 528 (S.D.W. Va. 2007)("boilerplate objections in response to a Rule 34 request for production of documents are widely rejected."); *see also St. Paul Reins. Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 512 (N.D.Iowa 2000) (Boilerplate objections, including that a particular document request was oppressive, burdensome and harassing, were "[i]n every respect ... text-book examples of what federal courts have routinely deemed to be improper objections."); *see also see also Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 592–93 (W.D.N.Y.1996) (general objections that discovery request was overbroad, vague and unduly burdensome were not sufficiently specific to allow court to ascertain objectionable character of discovery request and were improper).

To be effective, an objection must be specific and state whether any responsive materials are being withheld on the basis of that specific objection. *See* Fed. R. Civ. P. 34(b)(2)(B); *see also Militante v. Banner Health*, No. CV-22-0352-PHX-DWL (JFM), 2023 WL 12073895, at *3 (D. Ariz. Dec. 20, 2023). The burden is on the party resisting discovery to show discovery should not be allowed and to justify his asserted objections with sufficient information. *See U.S. ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 648 (C.D. Cal. 2007). When asserting claims of privilege or work product protection, the objecting party must provide sufficient factual information to enable the other parties to evaluate the merits of the claim, including a privilege log if necessary. *See* Fed. R. Civ. P. 26; *see also United States v. Martin*, 278 F.3d 988, 1000 (9th Cir. 2002), as amended on denial of reh'g (Mar. 13, 2002) ("party claiming the privilege must identify specific communications and the grounds supporting the privilege as to each piece of evidence over which privilege is asserted. Blanket assertions are extremely disfavored."). Here, Defendant's baseless objections provide little or no information and make it impossible to tell whether Defendant ever appropriately investigated the existence of responsive material and/or whether he is withholding responsive information. *See Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 379 (C.D. Cal. 2009) ("unexplained and unsupported boilerplate objections are improper"). Nor did Defendant provide any factual information for Plaintiffs to evaluate the merits of his privilege claims – like for instance factual information supporting Defendant's claim of the law enforcement privilege. That is because Defendant cannot legitimately do so. Accordingly, Plaintiffs demand that Defendant provide supplemental responses and produce responsive documents to Requests Nos. 2-9, 21-25, 28-30, 38-44, 46-47, 49-55, 57, 59-62, 64, 81-82, 90-91, 97-102.

We believe the parties should be able to resolve the aforementioned issues without judicial involvement. Accordingly, we request your availability to meet and confer regarding Defendant's Responses by May 19, 2025.

Thank you in advance for your anticipated professional courtesy and cooperation.

Regards,

**John Raymond Dillon IV**
Senior Litigation Counsel



Arizona Attorney General Kris Mayes
2005 N. Central Ave.
Phoenix, AZ 85004
Desk: 602-542-7732
John.DillonIV@azag.gov
http://www.azag.gov

CONFIDENTIALITY NOTICE:  This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information, including information that may be protected through an attorney-client privilege.  Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

# Exhibit I

**Pelton, Sarah**

| | |
|---|---|
| **From:** | Elizabeth Jarecki <Elizabeth_Jarecki@azd.uscourts.gov> |
| **Sent:** | Friday, June 20, 2025 10:17 AM |
| **To:** | Dillon IV, John; nende@tlgdc.com; gtaylor@telecomlawattorney.com |
| **Subject:** | CV 23-233 Arizona, et al., v Lansky, et al. |

Good morning counsel.

I was contacted by John Dillon to clarify whether the filing of motions to compel would trigger the discovery dispute procedure set forth in the 12/10/24 Scheduling Order (consult and confer, make sincere efforts to resolve, notify the Court). I have discussed the issue with Judge Jorgenson and she has asked me to email you with the following directive:

The parties/counsel must consult and confer within one week to seek to resolve the issues of the potential motions to compel. This requires, at a minimum if counsel's schedules do not permit consultation next week, of counsel agreeing to the date of the initial consultation by the end of the week (6/27/25). If such consultation/scheduling has not occurred by 6/7/25, please notify me and the judge will decide from there how to proceed.

John, please forward this to appropriate co-counsel.

If you have any questions, please let me know. Thank you.

*Elizabeth*

Elizabeth J. Jarecki
Law Clerk to the Hon. Cindy K. Jorgenson
Tracy Nayer
Douglas S. Swetnam
542-4377
john.dillonIV@azag.gov
sarah.pelton@azag.gov
dylan.jones@azag.gov
laura.dilweg@azag.gov
alyse.meislik@azag.gov
Erin.Leahy@OhioAGO.gov

# Exhibit J

**Pelton, Sarah**

| | |
|---|---|
| **From:** | Dillon IV, John |
| **Sent:** | Friday, June 20, 2025 12:41 PM |
| **To:** | Greg Taylor; nende@tlgdc.com |
| **Cc:** | Nayer, Tracy; Martindale, Thomas L; Erin Leahy; Swetnam, Douglas; Michel Singer Nelson; Sparko, Rochelle; Dilweg, Laura; Pelton, Sarah; Meislik, Alyse; Jones, Dylan; Trombley, Nikki |
| **Subject:** | CV 23-233 Arizona, et al., v Lansky, et al. - Meet and Confer Re Plaintiffs' First Set of Requests for Production |

Counsel,

Pursuant to the Court's instruction, please advise your availability for a meet and confer regarding Plaintiffs' First Set of Requests for Production next week (June 23-June 27). The Plaintiff States are available during the following days/times:

- Monday, June 23, between 1:00 pm to 5:00 pm ET

- Thursday, June 26, between 11:00 am to 3:00 pm ET

- Friday, June 27, between 11:30 am to 1:00 pm ET

- Friday, June 27, between 3:00 pm to 5:00 pm ET

Regards,

**John Raymond Dillon IV**
Senior Litigation Counsel

 Arizona Attorney General Kris Mayes
2005 N. Central Ave.
Phoenix, AZ 85004
Desk: 602-542-7732
John.DillonIV@azag.gov
http://www.azag.gov

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information, including information that may be protected through an attorney-client privilege. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

# Exhibit K

**Pelton, Sarah**

| | |
|---|---|
| **From:** | Dillon IV, John |
| **Sent:** | Wednesday, July 2, 2025 4:21 PM |
| **To:** | Greg Taylor; nende@tlgdc.com; Greg Taylor |
| **Cc:** | Nayer, Tracy; Erin Leahy; Martindale, Thomas L; Swetnam, Douglas; Michel Singer Nelson; Sparko, Rochelle; Dilweg, Laura; Pelton, Sarah; Meislik, Alyse; Jones, Dylan; Trombley, Nikki |
| **Subject:** | CV 23-233 Arizona, et al., v Lansky, et al. - Meet and Confer Re Plaintiffs' First Set of Requests for Production |

Counsel,

Pursuant to the Court's July 1, 2025 Order, please advise your availability for a meet and confer regarding Plaintiffs' First Set of Requests for Production. The Plaintiff States are available during the following days/times:

- Monday, July 7, between 3:00 pm to 5:30 pm ET

- Tuesday, July 8, between 2:00pm to 5:30 pm ET

- Wednesday, July 9, between 12:00 pm to 2:00 pm ET, and 4:00 pm to 5:30 pm ET

- Thursday, July 10, between 12:30 pm to 5:30 pm ET

Regards,

**John Raymond Dillon IV**
Senior Litigation Counsel





Arizona Attorney General Kris Mayes
2005 N. Central Ave.
Phoenix, AZ 85004
Desk: 602-542-7732
John.DillonIV@azag.gov
http://www.azag.gov

CONFIDENTIALITY NOTICE:  This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information, including information that may be protected through an attorney-client privilege.  Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

# Exhibit L

**Pelton, Sarah**

| | |
|---|---|
| **From:** | Dillon IV, John |
| **Sent:** | Wednesday, July 9, 2025 4:36 PM |
| **To:** | Greg Taylor |
| **Cc:** | Tracy Nayer; Martindale Thomas L; Swetnam Douglas; Singer Nelson Michel; Sparko Rochelle; Dilweg, Laura; Pelton, Sarah; Erin Leahy; Meislik, Alyse; Jones, Dylan; Trombley, Nikki; Neil Ende |
| **Subject:** | RE: CV 23-233 Arizona, et al., v Lansky, et al. - Meet and Confer Re Plaintiffs' First Set of Requests for Production |

Greg,

Plaintiffs will agree to you providing a response as to when we can expect Defendants' production by close of business Friday (7/11). Please confirm your understanding of the following, which was also discussed during our meet and confer this afternoon:

1. Defense counsel will provide Defendant Avid Telecom's and Defendant Stacey Reeves' written responses to Plaintiffs' First Set of Requests for Production by close of business Friday, July 11, 2025.

2. Defense counsel will provide Defendant Michael Lansky's supplemental responses to Plaintiffs' First Set of Requests for Production by close of business Tuesday, July 15 , 2025.

3. Plaintiffs' deadline to bring Motions to Compel will be Thursday, July 31, 2025.

Regards,

**John Raymond Dillon IV**
Senior Litigation Counsel



Arizona Attorney General Kris Mayes
2005 N. Central Ave.
Phoenix, AZ 85004
Desk: 602-542-7732
John.DillonIV@azag.gov
http://www.azag.gov

CONFIDENTIALITY NOTICE:  This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information, including information that may be protected through an attorney-client privilege.  Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

---

**From:** Greg Taylor <gtaylor@tlgdc.com>
**Sent:** Wednesday, July 9, 2025 2:06 PM
**To:** Dillon IV, John <John.DillonIV@azag.gov>
**Cc:** Tracy Nayer <Tnayer@ncdoj.gov>; Martindale Thomas L <Thomas.Martindale@atg.in.gov>; Swetnam Douglas <douglas.swetnam@atg.in.gov>; Singer Nelson Michel <michel.singernelson@coag.gov>; Sparko Rochelle <rsparko@ncdoj.gov>; Dilweg, Laura <Laura.Dilweg@azag.gov>; Pelton, Sarah <Sarah.Pelton@azag.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Meislik, Alyse <Alyse.Meislik@azag.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Trombley,

Nikki <Nikki.Trombley@azag.gov>; Neil Ende <nende@tlgdc.com>
**Subject:** Re: CV 23-233 Arizona, et al., v Lansky, et al. - Meet and Confer Re Plaintiffs' First Set of Requests for Production

John:

In our call today I promised to have a response for you by COB re when to expect the share-file for the document download from Defendants.

It did not occur to me until a few minutes ago that I will be out of the office tomorrow for an outpatient procedure.  I should return home tomorrow, but it may not be before COB.

I've already sent the email requesting the file.  I expect to hear something today or tomorrow.  If, however, I have not heard from Chris before I need to leave, I will need to follow up with you after COB (but presumably still tomorrow).

Apologies for not remembering that during our call.

Best,
Greg Taylor, of Counsel
Technology Law Group, LLC
80 E. Fifth St. **|** Second Floor **|** Edmond, OK 73034
T: +1 405.896.2266 **|** F: +1 405.701.6174
gtaylor@tlgdc.com **|** Linkedin: Greg Taylor **|** Twitter: @telcoatty






# Exhibit M

**Pelton, Sarah**

| | |
|---|---|
| **From:** | Dillon IV, John |
| **Sent:** | Monday, July 21, 2025 4:16 PM |
| **To:** | Greg Taylor |
| **Cc:** | Tracy Nayer; Martindale Thomas L; Swetnam Douglas; Singer Nelson Michel; Sparko Rochelle; Dilweg, Laura; Pelton, Sarah; Erin Leahy; Meislik, Alyse; Jones, Dylan; Trombley, Nikki; Neil Ende |
| **Subject:** | RE: CV 23-233 Arizona, et al., v Lansky, et al. - Meet and Confer Re Plaintiffs' First Set of Requests for Production |
| **Attachments:** | Defendants' Supplemental discovery Responses |

Greg,

Regarding the document requests served on Defendant Lansky, Plaintiffs served **106** Requests for Production, not 103 as you suggested. Furthermore, Defendant Lansky declined to produced documents for **27** of the Requests, not nine. The 27 Responses included only objections and had no language indicating (a) Defendant Lansky would produce responsive documents notwithstanding the objections or (b) opposing counsel wanted to meet and confer as to that specific Request. As such, Defendant Lansky agreed to produce documents in response to only **79** of the 106 Requests.

Additionally, after having briefly reviewed the document production, there are several deficiencies that are not in compliance with the ESI Order the Court entered on July 10, 2025 that call for <u>immediate</u> correction. Below is a summary of the most egregious discrepancies:

- No documents provided were marked with Bates numbers (ESI Order Appendix A, Paragraph A.14).
- There is no indication of which documents are responsive to which Requests (Federal Rule of Civil Procedure 34(b)(2)(E)(i) and ESI Order Section A(2)).
- Documents with a parent-child relationship to certain produced documents were not produced (e.g. Document titled "RE_Traceback.msg" in the "Telecast" folder referencing having received "the below traceback" and the production did not include corresponding traceback information referenced in the document) (ESI Order Appendix A, Paragraph A.4).
- Image documents, some of which appear to be images from an enterprise database, were not produced as TIFF files or exported as Excel or Access files as indicated in the order (see ESI Order Section B(3) and Appendix A), the following files were produced as png files:
  - 2025.07.11_Avid Production.zip//Modok KYC.png
  - 2025.07.11_Avid Production.zip//Trixcom KYC.png
  - 2025.07.11_Avid Production.zip//Telecom Carrier Access KYC.png
  - 2025.07.11_Avid Production.zip//Global Voicecom KYC.png
  - 2025.07.11_Avid Production.zip//Third Rock KYC.png
  - 2025.07.11_Avid Production.zip//BL Marketing - Voip Terminator KYC.png
  - 2025.07.11_Avid Production.zip//Yodel KYC.png
  - 2025.07.11_Avid Production.zip//DMS Traceback Opt Ins/Screenshot 2022-10-03 113255.png
  - 2025.07.11_Avid Production.zip//DMS Traceback Opt Ins/URL 10589.png
  - 2025.07.11_Avid Production.zip//DMS Traceback Opt Ins/Screenshot URL 2022-10-03 104941 10576.png
- The metadata on select documents reveal the documents were created after the filing of this action and/or recently created. For example, the document titled "Avid Telecom Standard Rates Terms of Agreement" was created 6/22/2025 and "Avid Telecom Policies and Procedures" was created 8/29/2022; Plaintiffs' discovery demands seek records during the relevant period of five years prior to the filing of the Complaint through the present, if there are versions of those documents that served to document terms of agreements with customers prior to 6/22/2025 or Avid's policies and procedures prior to 8/29/2022, produce those document(s).

Finally, as admitted by your co-counsel (email attached), only Defendant Lansky's responses were served. We thus expect to receive the long-overdue written Responses without objections from Defendant Avid Telecom and Defendant Stacey Reeves by the end of the day today, July 21, 2025.

Regards,

**John Raymond Dillon IV**
Senior Litigation Counsel



Arizona Attorney General Kris Mayes
2005 N. Central Ave.
Phoenix, AZ 85004
Desk: 602-542-7732
John.DillonIV@azag.gov
http://www.azag.gov

CONFIDENTIALITY NOTICE:  This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information, including information that may be protected through an attorney-client privilege.  Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

---

**From:** Greg Taylor <gtaylor@tlgdc.com>
**Sent:** Friday, July 11, 2025 1:26 PM
**To:** Dillon IV, John <John.DillonIV@azag.gov>
**Cc:** Tracy Nayer <Tnayer@ncdoj.gov>; Martindale Thomas L <Thomas.Martindale@atg.in.gov>; Swetnam Douglas <douglas.swetnam@atg.in.gov>; Singer Nelson Michel <michel.singernelson@coag.gov>; Sparko Rochelle <rsparko@ncdoj.gov>; Dilweg, Laura <Laura.Dilweg@azag.gov>; Pelton, Sarah <Sarah.Pelton@azag.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Meislik, Alyse <Alyse.Meislik@azag.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Trombley, Nikki <Nikki.Trombley@azag.gov>; Neil Ende <nende@tlgdc.com>
**Subject:** Re: CV 23-233 Arizona, et al., v Lansky, et al. - Meet and Confer Re Plaintiffs' First Set of Requests for Production

John:

First, here is the link to documents we have uploaded to-date:  Avid - Doc Production from Stacey Reeves (📁 Avid - Doc Production from Stacey Reeves).

Second, regarding the supplemented responses for Reeves and Avid Mr. Ende has not been in the office this and I do not have access to his files as necessary to confirm what was sent and to resend if necessary.  If we conclude that the Lansky responses were inadvertently sent three times, we will supplement our production with the prepared Avid and Reeves responses by Tuesday of next week.

As you are aware, of the 103 documents requests that were served on Lansky, Lansky agreed to produce in response to 93 and declined to produced documents pending a meet and confer on the other nine.  As full production will be made on the 93, there is no practical need or obligation under the rules to meet and confer on those as argument on the objections is preserved for trial. To the extent that you have concerns with the objections to one or more of the 9 where we did

not agree to produce (at least not yet), we remain ready to meet and confer, as we were during the call earlier in the week (where you declined to do so).

As far as I know (I was in the hospital during that period), with the agreed extensions, the three responses were timely served.  If you have different understanding, please let me know.

Best,
Greg

---

**From:** "Dillon IV, John" <John.DillonIV@azag.gov>
**Date:** Wednesday, July 9, 2025 at 6:35 PM
**To:** Greg Taylor <gtaylor@tlgdc.com>
**Cc:** Tracy Nayer <Tnayer@ncdoj.gov>, Martindale Thomas L <Thomas.Martindale@atg.in.gov>, Swetnam Douglas <douglas.swetnam@atg.in.gov>, Singer Nelson Michel <michel.singernelson@coag.gov>, Sparko Rochelle <rsparko@ncdoj.gov>, "Dilweg, Laura" <Laura.Dilweg@azag.gov>, "Pelton, Sarah" <Sarah.Pelton@azag.gov>, Erin Leahy <erin.leahy@OhioAGO.gov>, "Meislik, Alyse" <Alyse.Meislik@azag.gov>, "Jones, Dylan" <Dylan.Jones@azag.gov>, "Trombley, Nikki" <Nikki.Trombley@azag.gov>, Neil Ende <nende@tlgdc.com>
**Subject:** RE: CV 23-233 Arizona, et al., v Lansky, et al. - Meet and Confer Re Plaintiffs' First Set of Requests for Production


Greg,

Plaintiffs will agree to you providing a response as to when we can expect Defendants' production by close of business Friday (7/11). Please confirm your understanding of the following, which was also discussed during our meet and confer this afternoon:

1. Defense counsel will provide Defendant Avid Telecom's and Defendant Stacey Reeves' written responses to Plaintiffs' First Set of Requests for Production by close of business Friday, July 11, 2025.

2. Defense counsel will provide Defendant Michael Lansky's supplemental responses to Plaintiffs' First Set of Requests for Production by close of business Tuesday, July 15 , 2025.

3. Plaintiffs' deadline to bring Motions to Compel will be Thursday, July 31, 2025.

Regards,


**John Raymond Dillon IV**
Senior Litigation Counsel



Arizona Attorney General Kris Mayes
2005 N. Central Ave.
Phoenix, AZ 85004
Desk: 602-542-7732
John.DillonIV@azag.gov
http://www.azag.gov

CONFIDENTIALITY NOTICE:  This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information, including information that may be protected

through an attorney-client privilege. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

---

**From:** Greg Taylor <gtaylor@tlgdc.com>
**Sent:** Wednesday, July 9, 2025 2:06 PM
**To:** Dillon IV, John <John.DillonIV@azag.gov>
**Cc:** Tracy Nayer <Tnayer@ncdoj.gov>; Martindale Thomas L <Thomas.Martindale@atg.in.gov>; Swetnam Douglas <douglas.swetnam@atg.in.gov>; Singer Nelson Michel <michel.singernelson@coag.gov>; Sparko Rochelle <rsparko@ncdoj.gov>; Dilweg, Laura <Laura.Dilweg@azag.gov>; Pelton, Sarah <Sarah.Pelton@azag.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Meislik, Alyse <Alyse.Meislik@azag.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Trombley, Nikki <Nikki.Trombley@azag.gov>; Neil Ende <nende@tlgdc.com>
**Subject:** Re: CV 23-233 Arizona, et al., v Lansky, et al. - Meet and Confer Re Plaintiffs' First Set of Requests for Production

John:

In our call today I promised to have a response for you by COB re when to expect the share-file for the document download from Defendants.

It did not occur to me until a few minutes ago that I will be out of the office tomorrow for an outpatient procedure. I should return home tomorrow, but it may not be before COB.

I've already sent the email requesting the file. I expect to hear something today or tomorrow. If, however, I have not heard from Chris before I need to leave, I will need to follow up with you after COB (but presumably still tomorrow).

Apologies for not remembering that during our call.

Best,
Greg Taylor, of Counsel
Technology Law Group, LLC
80 E. Fifth St. **|** Second Floor **|** Edmond, OK 73034
T: +1 405.896.2266 **|** F: +1 405.701.6174
gtaylor@tlgdc.com **|** Linkedin: Greg Taylor **|** Twitter: @telcoatty






# Exhibit N

**Pelton, Sarah**

| | |
|---|---|
| **From:** | Martindale, Thomas L <Thomas.Martindale@atg.in.gov> |
| **Sent:** | Monday, August 11, 2025 1:01 PM |
| **To:** | Elizabeth_Jarecki@azd.uscourts.gov; Neil Ende; Greg Taylor; Greg Taylor |
| **Cc:** | Nayer, Tracy; Erin Leahy; Sparko, Rochelle; Martindale, Thomas L; Swetnam, Douglas; Michel Singer Nelson; Dillon IV, John; Dilweg, Laura; Pelton, Sarah; Jones, Dylan; Emily Dietz |
| **Subject:** | Re: CV 23-233 Arizona, et al., v Lansky, et al. |

Good afternoon, Madam Clerk,

I am writing on behalf of the Plaintiff States to report on the status of discovery disputes addressed by the Court in Order (Dkt. #118). The Plaintiffs' discovery disputes remain unresolved as to the Defendants' responses to requests for document production served on February 21 and March 6. Extensions were granted to May 2. To date, Plaintiffs have not received sufficient responses and Defendants' are unresponsive on requests to meet and confer.

Considering on-going discovery issues in the above referenced matter, the Plaintiff States would like to request a referral to a Magistrate to conduct a Status Conference regarding several discovery disputes. Please advise if our request should be made in a different manner.

Thank you for all your prior assistance regarding this matter and for your consideration of this request.

Tom Martindale

**Thomas Martindale**
Deputy Attorney General
Data Privacy & Identity Theft Unit
Consumer Protection Division
Office of Attorney General Todd Rokita
302 West Washington Street, IGCS 5th Floor
Indianapolis, IN 46204
p: (317)232-7751 |f: (317)232-7979
thomas.martindale@atg.in.gov

# Exhibit O

## Pelton, Sarah

| | |
|---|---|
| **From:** | Neil Ende <nende@tlgdc.com> |
| **Sent:** | Tuesday, August 12, 2025 1:53 PM |
| **To:** | Elizabeth Jarecki |
| **Cc:** | Nayer, Tracy; Erin Leahy; Sparko, Rochelle; Swetnam, Douglas; Michel Singer Nelson; Dillon IV, John; Dilweg, Laura; Pelton, Sarah; Jones, Dylan; Emily Dietz; Greg Taylor; Martindale, Thomas L; Greg Taylor |
| **Subject:** | Re: CV 23-233 Arizona, et al., v Lansky, et al. |
| **Importance:** | High |

**SENT ON BEHALF OF GREG TAYLOR (HE LOST POWER AT HIS OFFICE)**

Ms. Jarecki:

Good afternoon.

As promised, below is our response to Plaintiff-AGs' known discovery disputes with Defendants.

***Please confirm receipt by return email.***

Both individual defendants have made a diligent effort to search for documents and produce them in a manner consistent with the Federal Rules of Civil Procedure and the parties' Court-approved ESI agreement.

As an initial matter, it is important that the Court keep in mind that both individual defendants are just that; indifcual defendants. They do not have any support staff and thus the work identifying and accessing documents is very personally time consuming and difficult. This, of course is in stark contrast to the AG's who have a "cast of thousands" working on this case from nearly 50 states. Yet, the truth is that there is not a wide gulf between the volume of documents produced by each side of the "v."

With that said, please be aware that, contrary to the impression that the Plaintiff's are trying to present, Defendant Reeves has uploaded a large number of documents that have been and are available for download via our document management software's portal. As of today, Defendant Reeves has uploaded a total of 2,612 documents. Mrs. Reeves recently advised she has located additional documents responsive to Plaintiffs' Requests, and she will be sending then to counsel for review soon. We expect to be in a position to move them to the portal later this week.

Defendants Mr. Lansky and Avid Telecom (i.e., again, Mr. Lansky) have returned from extended travel and he is completing searches for documents on his computer. It is our understanding that there is very substantial overlap in his production, and Avid's, with Mrs. Reeves because it was standard practice for them to copy the other person on email. Nonetheless all responsive documents that are not subject to withholding based on an applicable objection are being identified and all reasonable efforts are being used to expedite production.

Mr. Dillon states there are 27 Responses by Mr. Lansky to document requests that Mr. Lansky is refusing to produce documents. Mr. Dillon's statement is not a correct reading of the response. In none of those cases does Mr. Lansky state that he is refusing to respond. He intends to respond. The confusion apparently is the result of the fact that he inadvertently forgot to include the final sentence stating that notwithstanding the objection, a response will be provided.

There are nine Requests where Defendants are not now prepared to produce documents. Those Requests related to circumstance in which there is a stated need to meet and confer to clarify, narrow, or otherwise

restate those nine Requests and allow Defendants to understand what is being sought so that Defendants can commence their search for responsive documents.

Plaintiffs have offered several dates for a meet and confer on all outstanding issues. Due to serious issues with the previous meet and confer, Defendants have asked (as have Plaintiffs) that the parties exchange meet and confer correspondence in order to have a clear record of the parties' respective positions.

With respect to Plaintiffs concern that certain documents were not Bates-stamped, I have determined that this was the byproduct of a software issue. This issue has been corrected and Bates stamped documents are now available for download.

With respect to the manner of production, Defendants have produced documents in the manner in which they were maintained in accordance with the Federal Rules.

Finally, Defendants are aware Plaintiffs state there are technical deficiencies with the format of fewer than two dozen (of thousands) of files. We consulted our document management vendor, and we are advised there is nothing that can be done to change or otherwise alter the format for these files at our end. We are producing them in the only format we have them. We note that many of the files are common graphics files which can be easily displayed on any computer, tablet, phone, or similar device, so, we do not understand the concern. If Plaintiffs cannot view the files or they are aware of a way in which the format can be changed to facilitate review, we are pleased to listen.

To our knowledge, the foregoing are all of the issues Plaintiffs raise. However, as explained, all issues have been resolved, or are in the process of being resolved, or we are waiting for Plaintiffs to initiate\respond.

As we will make the Court aware shortly, Defendants have asserted a far greater number of troubling objections to Defendants' discovery. This conduct caused Defendants to send a 120-page meet and confer letter. Among the serious issues are Plaintiffs' **wholesale refusal** to date to agree to designate a witness in response to any of the 30(b)(6) deposition notices issued by Defendants. Perhaps, of even greater concern is that Plaintiff, apparently willfully, withheld the documents that they received in response to numerous subpoenas issued to financial institutions used by Mr. Lansky. In all cases, we believe, that the withholding continued—despite repeated requests from Defendants for production—for at least two months and, in some cases three months. And, we could go on an on.

Put as gently as possible, discovery disputes in this case are definitely not a one-way street. The only difference is that Plaintiffs have been far more aggressive both in refusing to comply with their discovery obligations and, ironically, in complaining to the Court. Defendants have chosen to be more respectful of the Court's resources, but our patience is nearing an end.

We remain available to address any remaining concerns.

Best,

Neil S. Ende, Esq.
Managing Partner
Technology Law Group, LLC
*nende@tlgdc.com*
202-895-1707 (Office)
202-256-0120 (Mobile)
703-229-6741 PIN 854# (Voice Conference Bridge)

---

**From:** Elizabeth Jarecki <Elizabeth_Jarecki@azd.uscourts.gov>
**Date:** Monday, August 11, 2025 at 6:03 PM

**To:** Greg Taylor <gtaylor@telecomlawattorney.com>, Martindale, Thomas L <Thomas.Martindale@atg.in.gov>, Neil Ende <nende@tlgdc.com>, Greg Taylor <gtaylor@tlgdc.com>
**Cc:** Nayer, Tracy <Tnayer@ncdoj.gov>, Erin Leahy <erin.leahy@OhioAGO.gov>, Sparko, Rochelle <rsparko@ncdoj.gov>, Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>, Michel Singer Nelson <michel.singernelson@coag.gov>, Dillon IV, John <John.DillonIV@azag.gov>, Dilweg, Laura <ldilweg@azag.gov>, Pelton, Sarah <Sarah.Pelton@azag.gov>, Jones, Dylan <Dylan.Jones@azag.gov>, Emily Dietz <Emily.Dietz@OhioAGO.gov>
**Subject:** RE: CV 23-233 Arizona, et al., v Lansky, et al.

Greg,

I have emailed Judge Jorgenson with the request for a referral to a magistrate judge for resolution of the discovery disputes. I will let her know of your intent to provide further info (and will forward any such info when I receive it), but I will inform counsel if she decides how she'd like proceed before your submission.

Elizabeth

---

**From:** Greg Taylor <gtaylor@telecomlawattorney.com>
**Sent:** Monday, August 11, 2025 2:57 PM
**To:** Elizabeth Jarecki <Elizabeth_Jarecki@azd.uscourts.gov>; Martindale, Thomas L <Thomas.Martindale@atg.in.gov>; Neil Ende <nende@tlgdc.com>; Greg Taylor <gtaylor@tlgdc.com>
**Cc:** Nayer, Tracy <Tnayer@ncdoj.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Sparko, Rochelle <rsparko@ncdoj.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Michel Singer Nelson <michel.singernelson@coag.gov>; Dillon IV, John <John.DillonIV@azag.gov>; Dilweg, Laura <ldilweg@azag.gov>; Pelton, Sarah <Sarah.Pelton@azag.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Emily Dietz <Emily.Dietz@OhioAGO.gov>
**Subject:** Re: CV 23-233 Arizona, et al., v Lansky, et al.

<mark>CAUTION - EXTERNAL:</mark>

Ms. Jarecki:

We are reviewing the files and will have a detailed response by COB tomorrow.

Best,
Greg Taylor

---

**From:** Elizabeth Jarecki <Elizabeth_Jarecki@azd.uscourts.gov>
**Date:** Monday, August 11, 2025 at 3:18 PM
**To:** "Martindale, Thomas L" <Thomas.Martindale@atg.in.gov>, Neil Ende <nende@tlgdc.com>, Greg Taylor <gtaylor@tlgdc.com>, Greg Taylor <gtaylor@telecomlawattorney.com>
**Cc:** "Nayer, Tracy" <Tnayer@ncdoj.gov>, Erin Leahy <erin.leahy@OhioAGO.gov>, "Sparko, Rochelle" <rsparko@ncdoj.gov>, "Swetnam, Douglas" <Douglas.Swetnam@atg.in.gov>, Michel Singer Nelson <michel.singernelson@coag.gov>, "Dillon IV, John" <John.DillonIV@azag.gov>, "Dilweg, Laura" <ldilweg@azag.gov>, "Pelton, Sarah" <Sarah.Pelton@azag.gov>, "Jones, Dylan" <Dylan.Jones@azag.gov>, Emily Dietz <Emily.Dietz@OhioAGO.gov>
**Subject:** RE: CV 23-233 Arizona, et al., v Lansky, et al.

Counsel,

Before I inquire how CKJ would like to proceed (e.g., briefs, telephonic hearing, or the requested referral to a magistrate judge), would someone please apprise me of the status of the dispute raised by the defense and discussed during the August 1, emails?

Thank you.

*Elizabeth*

Elizabeth J. Jarecki
Law Clerk to the Hon. Cindy K. Jorgenson

---

**From:** Martindale, Thomas L <Thomas.Martindale@atg.in.gov>
**Sent:** Monday, August 11, 2025 1:01 PM
**To:** Elizabeth Jarecki <Elizabeth_Jarecki@azd.uscourts.gov>; Neil Ende <nende@tlgdc.com>; Greg Taylor <gtaylor@tlgdc.com>; Greg Taylor <gtaylor@telecomlawattorney.com>
**Cc:** Nayer, Tracy <Tnayer@ncdoj.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Sparko, Rochelle <rsparko@ncdoj.gov>; Martindale, Thomas L <Thomas.Martindale@atg.in.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Michel Singer Nelson <michel.singernelson@coag.gov>; Dillon IV, John <John.DillonIV@azag.gov>; Dilweg, Laura <ldilweg@azag.gov>; Pelton, Sarah <Sarah.Pelton@azag.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Emily Dietz <Emily.Dietz@OhioAGO.gov>
**Subject:** Re: CV 23-233 Arizona, et al., v Lansky, et al.

<mark>CAUTION - EXTERNAL:</mark>

Good afternoon, Madam Clerk,

I am writing on behalf of the Plaintiff States to report on the status of discovery disputes addressed by the Court in Order (Dkt. #118). The Plaintiffs' discovery disputes remain unresolved as to the Defendants' responses to requests for document production served on February 21 and March 6. Extensions were granted to May 2. To date, Plaintiffs have not received sufficient responses and Defendants' are unresponsive on requests to meet and confer.

Considering on-going discovery issues in the above referenced matter, the Plaintiff States would like to request a referral to a Magistrate to conduct a Status Conference regarding several discovery disputes. Please advise if our request should be made in a different manner.

Thank you for all your prior assistance regarding this matter and for your consideration of this request.

Tom Martindale

**Thomas Martindale**
Deputy Attorney General
Data Privacy & Identity Theft Unit
Consumer Protection Division
Office of Attorney General Todd Rokita
302 West Washington Street, IGCS 5th Floor
Indianapolis, IN 46204
p: (317)232-7751 │f: (317)232-7979
thomas.martindale@atg.in.gov

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

# Exhibit P

**Pelton, Sarah**

| | |
|---|---|
| **From:** | Nayer, Tracy <Tnayer@ncdoj.gov> |
| **Sent:** | Wednesday, December 3, 2025 9:08 AM |
| **To:** | Neil Ende; Greg Taylor; Taylor, Ashley L.; Virginia Bell Flynn (Virginia.Flynn@troutman.com); Michael.Lacy@troutman.com |
| **Cc:** | Douglas Swetnam (IN AG) (douglas.swetnam@atg.in.gov); Emily Dietz (OH AG) (Emily.Dietz@OhioAGO.gov); Erin Leahy (OH AG) (erin.leahy@ohioago.gov); Dillon IV, John; Pelton, Sarah; Sparko, Rochelle; Thomas Martindale (IN AG) (Thomas.Martindale@atg.in.gov) |
| **Subject:** | [AZ v. Avid Telecom] Defendants' Missed Deadlines |
| **Importance:** | High |

Neil et al.,

On Monday, December 1, 2025, Defendants' responses were due for Plaintiffs' Second Rule 34 Requests for Production, which were issued to Defendants on Thursday, October 30, 2025.  As of this morning, Defendants have produced no responses and have not corresponded with Plaintiffs to explain their failure to comply with this deadline.  Is this another discovery deficiency we should add to the list to raise with Judge Ambri at the next status conference while you buy yourself 3 more weeks to provide us the requested documents moments before the conference, or should we expect to receive these untimely responses any time this week?

Moreover, Plaintiffs still have yet to receive any supplemental responses from Defendants to Plaintiffs' First Requests for Production or accompanying conforming documents and indices as Judge Ambri directed Defendants to provide by Friday, November 28, pursuant to his October 24 Order (Doc. 169).

Further, Defendants have still failed to produce the purported supplemental responses to Plaintiffs' First RFAs that Greg represented to the Court in the Nov. 24 Court conference were actually served on Plaintiffs for either Defendant Avid Telecom or Defendant Lansky.  Because Plaintiffs never received any supplements from either Defendants Avid or Lansky, Plaintiffs requested that you send the copies of the emails where these were supposedly originally served, and to date we have received nothing.

Finally, when should we expect to hear from you about our proposed meet and confer date and time?  Greg proposed the date.  We proposed a time.  You declined that time.  We provided another time.  We have heard nothing back.

We look forward to hearing from you with respect to all of these open items promptly.
Tracy



**Tracy Nayer**
Special Deputy Attorney General
Consumer Protection Division
North Carolina Department of Justice
(919) 716-6581
tnayer@ncdoj.gov
Post Office Box 629, Raleigh, NC 27602
114 West Edenton Street, Raleigh, NC 27603
https://ncdoj.gov/

Please note messages to or from this address may be public records.

# Exhibit Q

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

State of Arizona, ex rel.    )  NO. 4:23-cv-00233-TUC-CKJ
Kristin K. Mayes, Attorney  )
General; et al.,            )
                           )
        Plaintiffs,         )
                           )
v.                          )
                           )
Michael D. Lansky, L.L.C.,  )
dba Avid Telecom; et al.,   )
                           )
        Defendants.         )


                MEET-AND-CONFER MEETING


        DATE:       DECEMBER 10, 2025

        TIME:       2:06 P.M.

        HELD VIA:   TEAMS

Meet and Confer Meeting

```
 1   Office, and I believe John Isaacs
 2   (phonetic) -- Investigator John Isaacs
 3   may also be on the line.  And, Emily.
 4           MS. DIETZ:  And so -- Emily
 5   Dietz.
 6           MS. LEAHY:  Yeah.
 7           MS. DIETZ:  I'm assistant
 8   attorney general with the Ohio Attorney
 9   General's Office as well.
10           MR. MARTINDALE:  North
11   Carolina.
12           MS. SPARKO:  Good afternoon,
13   everyone.  My name is Rochelle Sparko.
14   I'm a special deputy attorney general
15   with the North Carolina Department of
16   Justice, and I am joined today in this
17   meeting by my colleague, Tracy Nayer.
18           MR. MARTINDALE:  Okay.  And
19   we've got other individuals from various
20   other states.  We won't go through all
21   those.  I'll have a list of all the
22   individuals that have attended.  So with
23   that, Erin or John, I don't know who
24   wanted to start things off.
25           MS. LEAHY:  Sure.  I can start
```

855-204-8184          Lexitas operates in all 50 states and is licensed where required.
www.lexitaslegal.com          Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

1    things off here for the Plaintiffs.  I

2    guess the first thing that we want to

3    raise is that the discovery deadline has

4    passed, and the Defendants still have

5    not produced any indices for the

6    documents that they have produced.

7    We have one very partial index from

8    Defendant Lansky, which identifies that

9    there have been documents produced to

10   only 36 RFPs from the first set.  There

11   have been no indices at all from Reeves

12   or Avid, nor has there been any document

13   production from Avid.  And I know you've

14   made passing comments at times that, you

15   know, there's going to be overlap

16   between the documents, but even to that

17   extent, David has also still not

18   provided an index.  Would you like to

19   respond to that?

20            MR. ENDE:  I would.  First of

21   all, can you point me to where you

22   believe the requirement exists to

23   provide an index?

24            MS. LEAHY:  It's Civil Rules.

25   Rule 34(b)(2)(E)(i), plus the ESI order

855-204-8184          Lexitas operates in all 50 states and is licensed where required.
www.lexitaslegal.com      Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

1  in Section (a)(2).

2          MR. ENDE:  So we've not

3  received --

4          MS. LEAHY:  This is very

5  typical --

6          MR. ENDE:  We've not --

7          MS. LEAHY:  -- of civil cases,

8  Neil.

9          MR. ENDE:  Thank you very much.

10  We've not refused to provide an index.

11  And the Troutman firm that has joined us

12  to help manage this matter is working on

13  an index.  The index you guys provided

14  is useless.  That is, you provided an

15  index that you know or should know is

16  useless.

17          MS. LEAHY:  Neil, we can

18  discuss what the Plaintiffs have

19  produced when it's your time.  I would

20  like to just address --

21          MR. ENDE:  No, we're not going

22  to --

23          MS. LEAHY:  You just need to

24  address --

25          MR. ENDE:  That's not how --

855-204-8184
www.lexitaslegal.com

Lexitas operates in all 50 states and is licensed where required.
Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

1  no, no, no.

2          MS. LEAHY:  -- what you're --

3          MR. ENDE:  That's not how we're

4  going to do this.  This is a two-sided

5  issue.  And we will address what you did

6  in context of what we did, or we are

7  doing.  Troutman is working on preparing

8  an index.  We are told by Troutman's

9  expert document person -- a woman,

10  Crystal (phonetic) -- that the normal

11  procedure for issuing an index like this

12  is to issue one that is by request

13  number, because the value of the index

14  is that I can go or you can go to

15  request number X and see every document

16  that supposedly was produced in

17  response.

18          Doing it the opposite way is

19  completely valueless because then you go

20  by doc -- by Bates number, and you have

21  to go to literally thousands of

22  locations to figure out all the

23  documents that were produced in response

24  to a specific request.  And so what I'm

25  told by Crystal is it's more difficult

855-204-8184
www.lexitaslegal.com    Lexitas operates in all 50 states and is licensed where required.
Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

```
 1    to do it the right way, by request, and
 2    that they are working hard to get it
 3    done, and expect to have it done soon.
 4    But we would request that -- if we're
 5    required to, we'll go to the court for
 6    an order requiring that you do the same.
 7            MS. LEAHY:  Okay.  Well -- and
 8    just so you know, it is --
 9            MR. ZIPERMAN:  And can you tell
10    us -- sorry.  I was just going to ask,
11    can you tell us when?  I mean, that's
12    part of what we're trying to get here,
13    is the schedule.  When will you be
14    providing us with that index?
15            MR. ENDE:  Well, based on the
16    extension that I'm told you guys
17    requested, I don't know there's any
18    great exigency here.  I'm told -- I'm
19    not the document person -- I'm told by
20    the Troutman document people -- and they
21    have a very, as you would assume,
22    capable department doing this.  I mean,
23    this was handed to them -- you know, I'm
24    not complaining -- weeks ago.  I mean,
25    we didn't sit back until yesterday.
```

Meet and Confer Meeting

1    They've been working on it.  And I will

2    commit that, after this phone call, I

3    will reach out to her again and try to

4    get an estimate of when they think they

5    can produce the index in the proper

6    manner, because we want to produce it in

7    the proper manner, and I will report

8    back to you on a date.  I have nothing

9    to do with this work that's being done

10   by the expert document people inside

11   Troutman.

12         MR. ZIPERMAN:  Okay.  Then can

13   I ask then, when can we expect you to

14   report back on when you'll give us a

15   date for the index?

16         MR. ENDE:  We'll reach out to

17   her.  You know -- well, it's going to be

18   late in the day -- to reach out to her

19   today, tomorrow.  I can't promise when

20   she'll get back to me.  I don't know if

21   people have started Christmas issues,

22   but on assumption she's there, I don't

23   imagine it will take more than a couple

24   days.

25         MR. ZIPERMAN:  Right.  To be

855-204-8184
www.lexitaslegal.com

Lexitas operates in all 50 states and is licensed where required.
Nevada Registration #116F. California Firm Registration #179.

LEXITAS™

Meet and Confer Meeting

1   clear --
2           MR. ENDE:  But I'm not in
3   control, because, obviously, she holds
4   the information.
5           MR. ZIPERMAN:  To be clear,
6   this is an index that was supposed to be
7   included in response to the document
8   requests within 30 days by the rules,
9   and so when you say there's no exigency,
10  I mean, we're well beyond the deadline,
11  and we're just trying to figure out,
12  well, now that we're well beyond the
13  deadline, when can we expect to get a
14  written response to the document
15  request, consistent with the rules, so
16  that we can determine whether or not we
17  need to take any action to get it in a
18  more timely fashion.
19          And so I think it would be
20  helpful if you could at least give us
21  some sort of a firm understanding, in
22  this meet-and-confer, when you expect to
23  provide --
24          MR. ENDE:  I can't --
25          MR. ZIPERMAN:  -- compliant

855-204-8184          Lexitas operates in all 50 states and is licensed where required.
www.lexitaslegal.com        Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

1    written responses to our document
2    requests.
3              MR. ENDE:  Okay.  First of all,
4    I don't think your index is compliant,
5    and therefore that we're on the same --
6    I'd ask the same of you.  And, secondly,
7    I can't give you an answer on the phone
8    call today because it's outside of my
9    control.  That is, Troutman is working
10   on it.  I'm committing to you that we
11   will reach out to Troutman promptly, and
12   hopefully get an answer, and we will
13   give you the answer we get promptly.
14   But I'm not going to go on the record
15   saying I'll do it by Tuesday if it turns
16   out that the person at Troutman who's
17   working on it is out until next Friday.
18   I don't know that.  But we will get you
19   an answer promptly, and that's as much
20   as I'm willing to say.
21             MR. ZIPERMAN:  And so that
22   we're clear, there's --
23             MS. NAYER:  Sorry --
24             MR. ZIPERMAN:  So that we're
25   clear, there's nobody from Troutman

855-204-8184
www.lexitaslegal.com

Lexitas operates in all 50 states and is licensed where required.
Nevada Registration #116F. California Firm Registration #179.

LEXITAS

# Exhibit R

**Pelton, Sarah**

| | |
|---|---|
| **From:** | Dillon IV, John |
| **Sent:** | Thursday, December 11, 2025 3:23 PM |
| **To:** | Ashley.Taylor@troutman.com; Virginia Bell Flynn (Virginia.Flynn@troutman.com); michael.lacy@troutman.com |
| **Cc:** | Pelton, Sarah; Miranda, Belen; Nayer, Tracy; Sparko, Rochelle; Erin Leahy; Emily Dietz; Martindale, Thomas L; 'Michel Singer Nelson'; Neil Ende; Greg Taylor |
| **Subject:** | AZ v. Avid |
| | |
| **Importance:** | High |

Ashley,

On February 21, 2025, Plaintiffs served Defendant Avid Telecom with Plaintiffs' First Set of Requests for Production of Documents ("Requests"). On March 6, 2025, Plaintiffs also served Requests on Defendant Lansky and Defendant Reeves. The Requests sought production of relevant and admissible evidence in each Defendants' possession related to Plaintiffs' causes of action under the Telemarketing and Consumer Fraud and Abuse Prevention Act, the Telemarketing Sales Rule, the Telephone Consumer Protection Act, the Truth in Caller ID Act, as well as other state and federal laws and Defendants' claimed defenses thereto.

The discovery deadline in this case was December 8, 2025. To date, Plaintiffs have yet to receive code compliant responses from Defendants to our Requests, nor have we received any document production from Defendants that complies with the Court's ESI Order. In fact, Defendant Avid Telecom has yet to produce any documents whatsoever. For the document productions that we have received, the productions are wholly deficient. For example, Defendant Reeves' and Lansky's productions appear to be document dumps riddled with duplicates, contain insufficient and non-contemporaneous meta data, omit documents necessary to maintain proper parent-child relationships, and missing/incomplete indexes which make it impossible to determine which documents are responsive to which Requests.

During yesterday's meet and confer, Neil Ende informed us that your firm is responsible for managing Defendants' responses to Plaintiffs' Requests for Production, and that you "control" Defendants' document production. Accordingly, please advise on the status of Defendants' supplemental responses to Plaintiffs' Requests and the status of Defendants' document productions. Given that Plaintiffs' Requests were served ten months ago, and in light of the multiple meet and confer efforts - both written and telephonic - Plaintiffs intend to file motions to compel next week should compliant responses and productions not be received.

Moreover, please advise on the status of your filing of a Notice of Appearance in this case. Given your "control" of Defendants' document production and your involvement in discovery, we believe your formal appearance in this case is immediately necessary.

Regards,

**John Raymond Dillon IV**
Senior Litigation Counsel



Arizona Attorney General Kris Mayes
2005 N. Central Ave.
Phoenix, AZ 85004
Desk: 602-542-7732
John.DillonIV@azag.gov
http://www.azag.gov

CONFIDENTIALITY NOTICE:  This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information, including information that may be protected through an attorney-client privilege.  Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

# Exhibit S

**Pelton, Sarah**

| | |
|---|---|
| **From:** | Erin Leahy <erin.leahy@OhioAGO.gov> |
| **Sent:** | Friday, December 12, 2025 12:22 PM |
| **To:** | Neil Ende; Greg Taylor |
| **Cc:** | Ashley.Taylor@troutman.com; Virginia Bell Flynn (Virginia.Flynn@troutman.com); Michael.Lacy@troutman.com; Tracy Nayer; Sparko, Rochelle; Emily Dietz; Martindale, Thomas L; Swetnam, Douglas; Dillon IV, John; Pelton, Sarah |
| **Subject:** | AZ v. Avid Telecom - Plaintiffs' Index to RFP Responses |
| **Attachments:** | Lansky_September_2025_RFP_Resp.csv |

Neil and Greg,

I am writing to follow up from our meet and confer earlier this week.  You raised a concern with the indices that Plaintiffs provided to accompany all of our responses to Defendants' Requests for Production of Documents.

We have consulted with Ohio's Litigation Support Unit and they advised that the indices provided contain the appropriate information and that they are laid out in the most usable manner possible.  Your difficulties in using the indices already provided are a reflection of the outrageousness of the <span style="color:red">**23,379 RFP demands**</span> that Defendants served, not a problem with the format of the indices that Plaintiffs provided.

You further indicated that you were informed by one of the attorneys from the Troutman firm that the indices were not provided in a customary format.  That is not the case.  In fact, even the **extremely** limited index Defendant Lansky provided was laid out in the exact same format. (attached)  Defendants Avid Telecom and Defendant Reeves provided NO indices at all.  You advised in our meet and confer that you would be following up with us after checking with the Troutman firm on the status of the overdue indices from Defendants.  **We expect to receive the completed indices, as well as the supplemented Responses, next week so that Plaintiffs have a reasonable time to review them before our status conference with Judge Ambri on Friday, December 19.**

For the reasons stated above, Plaintiffs have met our obligations under the civil rules and our ESI Order to appropriately index the RFP to which the documents are responsive.

Sincerely,



Erin B. Leahy
Senior Assistant Attorney General
Consumer Protection Section
Office of Ohio Attorney General Dave Yost
30 East Broad St., 14th Floor
Columbus, Ohio 43215

Office number: 614-752-4730
Erin.Leahy@OhioAGO.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

# Exhibit T

**Pelton, Sarah**

| | |
|---|---|
| **From:** | Neil Ende <nende@tlgdc.com> |
| **Sent:** | Wednesday, December 17, 2025 7:48 AM |
| **To:** | Dillon IV, John; Ashley.Taylor@troutman.com; Virginia Bell Flynn (Virginia.Flynn@troutman.com); michael.lacy@troutman.com |
| **Cc:** | Pelton, Sarah; Miranda, Belen; Nayer, Tracy; Sparko, Rochelle; Erin Leahy; Emily Dietz; Martindale, Thomas L; 'Michel Singer Nelson'; Greg Taylor |
| **Subject:** | Re: AZ v. Avid |
| | |
| **Importance:** | High |

John:

We are tiring of the AG's endless misrepresentations, including direct misrepresentations to the Court.

Your allegation that I said the TP is in "control" of the discovery process is patently false. I never said nor did I imply that the Troutman "controls" document production. As you we3ll know, the only mention of TP was in the context of the Bates spreadsheet, on which they are taking the lead based on their access to more sophisticated software. I expect that project will be complete sometime this week, as promised. The presentation of that knowingly false allegation to attorneys at TP, raises serious issues under applicable ethical cannons. TLG reserves all rights.

We will respond to the remainder of your allegations under separate cover.

Neil S. Ende, Esq.
Managing Partner
Technology Law Group, LLC
*nende@tlgdc.com*
202-895-1707 (Office)
202-256-0120 (Mobile)
703-229-6741 PIN 854# (Voice Conference Bridge)

---

**From:** Dillon IV, John <John.DillonIV@azag.gov>
**Date:** Thursday, December 11, 2025 at 5:22 PM
**To:** Ashley.Taylor@troutman.com <Ashley.Taylor@troutman.com>, Virginia Bell Flynn (Virginia.Flynn@troutman.com) <virginia.flynn@troutman.com>, michael.lacy@troutman.com <michael.lacy@troutman.com>
**Cc:** Pelton, Sarah <Sarah.Pelton@azag.gov>, Miranda, Belen <Belen.Miranda@azag.gov>, Nayer, Tracy <Tnayer@ncdoj.gov>, Sparko, Rochelle <rsparko@NCDOJ.GOV>, Erin Leahy <erin.leahy@OhioAGO.gov>, Emily Dietz <Emily.Dietz@OhioAGO.gov>, Martindale, Thomas L <Thomas.Martindale@atg.in.gov>, 'Michel Singer Nelson' <michel.singernelson@coag.gov>, Neil Ende <nende@tlgdc.com>, Greg Taylor <gtaylor@tlgdc.com>
**Subject:** AZ v. Avid

Ashley,

On February 21, 2025, Plaintiffs served Defendant Avid Telecom with Plaintiffs' First Set of Requests for Production of Documents ("Requests"). On March 6, 2025, Plaintiffs also served Requests on Defendant Lansky and Defendant Reeves. The Requests sought production of relevant and admissible evidence in each Defendants' possession related to Plaintiffs' causes of action under the Telemarketing and Consumer Fraud and Abuse Prevention Act, the Telemarketing Sales Rule, the Telephone Consumer Protection Act, the Truth in Caller ID Act, as well as other state and federal laws and Defendants' claimed defenses thereto.

The discovery deadline in this case was December 8, 2025. To date, Plaintiffs have yet to receive code compliant responses from Defendants to our Requests, nor have we received any document production from Defendants that complies with the Court's ESI Order. In fact, Defendant Avid Telecom has yet to produce any documents whatsoever. For the document productions that we have received, the productions are wholly deficient. For example, Defendant Reeves' and Lansky's productions appear to be document dumps riddled with duplicates, contain insufficient and non-contemporaneous meta data, omit documents necessary to maintain proper parent-child relationships, and missing/incomplete indexes which make it impossible to determine which documents are responsive to which Requests.

During yesterday's meet and confer, Neil Ende informed us that your firm is responsible for managing Defendants' responses to Plaintiffs' Requests for Production, and that you "control" Defendants' document production. Accordingly, please advise on the status of Defendants' supplemental responses to Plaintiffs' Requests and the status of Defendants' document productions. Given that Plaintiffs' Requests were served ten months ago, and in light of the multiple meet and confer efforts - both written and telephonic - Plaintiffs intend to file motions to compel next week should compliant responses and productions not be received.

Moreover, please advise on the status of your filing of a Notice of Appearance in this case. Given your "control" of Defendants' document production and your involvement in discovery, we believe your formal appearance in this case is immediately necessary.

Regards,


**John Raymond Dillon IV**
Senior Litigation Counsel



Arizona Attorney General Kris Mayes
2005 N. Central Ave.
Phoenix, AZ 85004
Desk: 602-542-7732
John.DillonIV@azag.gov
http://www.azag.gov


CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information, including information that may be protected through an attorney-client privilege. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.