KRISTIN K. MAYES
Attorney General of Arizona
(Firm AZ State Bar No. 14000)
John Raymond Dillon IV (AZ State Bar No. 036796)
Sarah Pelton (AZ State Bar No. 039633)
Office of the Arizona Attorney General
2005 North Central Avenue
Phoenix, AZ 85004
Phone: (602) 542-3725
Fax:    (602) 542-4377
consumer@azag.gov

Counsel for Plaintiff State of Arizona

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, *ex rel.* Kristin K. Mayes, Attorney General, *et al.*,<br><br>　　　Plaintiffs,<br><br>　　v.<br><br>Michael D. Lansky, L.L.C., dba Avid Telecom, *et al.*,<br><br>　　　Defendants. | CASE NO.: 4:23-cv-00233-TUC-CKJ (MAA)<br><br>**DECLARATION OF SARAH PELTON IN SUPPORT OF THE PLAINTIFFS' MOTION TO COMPEL DEFENDANT MICHAEL D. LANSKY'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

1.　　I am an Assistant Attorney General in the Civil Litigation Division at the Arizona Attorney General's Office, and counsel of record for Plaintiffs. I have personal knowledge of the facts set forth herein. If called as a witness, I could and would competently testify to the matters stated herein.

2.　　I submit this declaration in support of Plaintiffs' Motion to Compel Defendant Michael D. Lansky's ("Lansky"), Further Responses to Plaintiffs' First Set of Requests for Production of Documents (the "Motion").

3.　　On or around March 6, 2025, Plaintiffs served their First Set of Requests for Production of Documents on Defendant Lansky (the "Requests"). Attached hereto as **Exhibit A** is a true and correct copy of Plaintiffs' Requests.

4. Pursuant to Rule 34(b)(2) of the Federal Rules of Civil Procedure, and as requested by Plaintiffs, Defendant Lansky was required to respond to Plaintiffs' Requests within 30-days after being served. This would have made April 7, 2025 the deadline for Defendant Lansky to respond to Plaintiffs' Requests.

5. However, Defendant Lansky did not respond to Plaintiffs' Requests by the required April 7, 2025 deadline.

6. On or around April 11, 2025, defense counsel emailed Plaintiffs requesting until April 30, 2025 to "fully respond" to Plaintiffs' Requests. The parties subsequently stipulated to an April 30, 2025 deadline for Defendant Lansky to respond to Plaintiffs' Requests. A true and correct copy of the parties' stipulation is attached hereto as **Exhibit B**.

7. On or around April 30, 2025, counsel for Defendant Lansky emailed Plaintiffs stating that they were "still working on the document responses" and that they were "not sure we will be finished today, but [sic] am sure we will have them completed by COB, Friday [May 2, 2025]." The parties subsequently stipulated to a May 2, 2025 deadline for Defendant Lansky to respond to Plaintiffs' Requests. A true and correct copy of the parties' stipulation is attached hereto as **Exhibit C**.

8. On or around May 2, 2025, defense counsel email served three copies of Defendant Lansky's responses to Plaintiffs' Requests via email. A true and correct copy of defense counsel's May 2, 2025 email is attached hereto as **Exhibit D**. A true and correct copy of Defendant Lansky's responses is attached hereto as **Exhibit E**.

9. On or around May 16, 2025, Plaintiffs sent a meet and confer request correspondence to defense counsel. In the email, Plaintiffs requested defense counsel's availability for a meet and confer regarding Defendant Lansky's insufficient responses and objections to Plaintiffs' Requests. Attached hereto as **Exhibit F** is a true and correct copy of Plaintiffs' May 16, 2025 email to defense counsel.

10. Defense counsel did not respond to Plaintiffs' May 16, 2025 meet and confer request correspondence.

2

11. On or around May 27, 2025, Plaintiffs sent another email correspondence to defense counsel, once again seeking their availability for a meet and confer regarding Defendant Lansky's insufficient responses and objections to Plaintiffs' Requests. Attached hereto as **Exhibit G** is a true and correct copy of Plaintiffs' May 27, 2025 email.

12. On or around May 28, 2025, defense counsel emailed Plaintiffs and stated that he would "try to have a substantive response for you later today or tomorrow." A true and correct copy of defense counsel's email is attached hereto as **Exhibit H**.

13. On or around June 19, 2025, Plaintiffs called the Court to inform it of the dispute regarding Plaintiffs' First Set of Requests for Production. The Court responded by email and instructed the parties to meet and confer by June 27, 2025. A true and correct copy of the Court's instruction is attached hereto as **Exhibit I**.

14. On or around June 20, 2025, Plaintiffs emailed defense counsel to schedule a meet and confer. A true and correct copy of Plaintiffs' email is attached hereto as **Exhibit J**.

15. Defense counsel did not respond to Plaintiffs' counsel's June 19, 2025 correspondence.

16. On or around June 30, 2025, Plaintiffs notified the Court of defense counsel's failure to even provide dates of availability to schedule a meet and confer regarding Plaintiffs' disputes.

17. On or around July 2, 2025, Plaintiffs emailed defense counsel asking for their availability to meet and confer in light of the Court's Order (Dkt. #118). The parties scheduled a meet and confer for the following week. A true and correct copy of the parties' correspondence is attached hereto as **Exhibit K**.

18. On or around July 9, 2025, the parties conducted the meet and confer. In follow-up emails between the parties, defense counsel agreed to provide supplemental written responses for Defendant Lansky by no later than July 15, 2025. Defense counsel also agreed to inform Plaintiff's counsel by July 11, 2025 when document production could

be expected. A true and correct copy of the parties' correspondence is attached hereto as **Exhibit L**.

19. Defense counsel failed to provide the supplemental written responses or a date by which Plaintiffs could expect document production by their respective deadlines.

20. On or around July 21, 2025, Plaintiffs sent defense counsel an email outlining deficiencies with Defendant Reeves' and Defendant Lansky's document production. A true and correct copy of Plaintiffs' email is attached hereto as **Exhibit M**.

21. On or around August 11, 2025, Plaintiffs contacted the Court to request that discovery disputes be referred to a Magistrate Judge. A true and correct copy of Plaintiffs' email is attached hereto as **Exhibit N**.

22. On or around August 12, 2025, defense counsel replied to Court correspondence regarding discovery disputes. Defense counsel stated: "Mr. Dillon states there are 27 Responses by Mr. Lansky to document requests that Mr. Lansky is refusing to produce documents. Mr. Dillon's statement is not a correct reading of the response. In none of those cases does Mr. Lansky state that he is refusing to respond. He intends to respond. The confusion apparently is the result of the fact that he inadvertently forgot to include the final sentence stating that notwithstanding the objection, a response will be provided." A true and correct copy of defense counsel's email is attached hereto as **Exhibit O**.

23. On or around September 15, 2025, Defendant Lansky made a document production. No document index was included.

24. On or around October 15, 2025, Defendant Lansky made another document production. No document index was included.

25. Defendant Lansky did not provide supplemental responses or a conforming document production by the court's deadline (Dkt. #169) of November 28, 2025.

26. On or around December 3, 2025, Plaintiffs emailed defense counsel and notified them that Defendant Lansky had not met the Court's November 28, 2025 deadline. A true and correct copy of Plaintiffs' email is attached hereto as **Exhibit P**.

27. Defense counsel did not respond to Plaintiffs' December 3, 2025 correspondence.

28. On or around December 10, 2025, the parties participated in a meet and confer. During the meeting, Plaintiffs raised the issue of Defendant Lansky's partial index. Defense counsel indicated that a new firm – Troutman Pepper Locke – is now in charge of document production and defense counsel would check with the Troutman team and provide Plaintiffs with an update. A true and correct copy of an excerpt of the transcript of the meet and confer is attached hereto as **Exhibit Q.**

29. To date, defense counsel has failed to provide Plaintiffs with an update.

30. On December 11, 2025, Plaintiffs emailed counsel at Troutman to inquire about the status of Defendant Lansky's document production. A true and correct copy of Plaintiffs' email is attached hereto as **Exhibit R**.

31. Plaintiffs have not received a response from Troutman.

32. On or around December 12, 2025, Plaintiffs emailed defense counsel and again raised the issue of the overdue document indices. A true and correct copy of Plaintiffs' email is attached hereto as **Exhibit S**.

33. Defense counsel did not respond to Plaintiffs' December 12, 2025 correspondence.

34. On or around December 17, 2025, defense counsel responded to Plaintiffs' December 11, 2025 email to Troutman, stating they expected to produce the overdue indices "sometime this week". A true and correct copy of defense counsel's email is attached hereto as **Exhibit T**.

35. Defendant Lansky has still not produced the overdue document indices.

36. Due to the substantial delay and prejudice suffered by Plaintiffs in attempting to obtain a compliant document production, Plaintiffs had no choice but to draft and file the Motion.

1    I declare under penalty of perjury that the foregoing is true and correct.

3    Executed on January 7, 2026 at Phoenix, Arizona.


                                          */s/    Sarah Pelton*
                                          Sarah Pelton (AZ State Bar No. 039633)
                                          Counsel for Plaintiff State of Arizona

**CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2026, I caused the foregoing **DECLARATION OF SARAH PELTON IN SUPPORT OF THE PLAINTIFFS' MOTION TO COMPEL DEFENDANT MICHAEL D. LANSKY'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** to be filed and served electronically via the Court's CM/ECF system upon counsel of record.

/s/ Sarah Pelton
Assistant Attorney General
Counsel for the Plaintiff State of Arizona