KRISTIN K. MAYES
Attorney General of Arizona
(Firm AZ State Bar No. 14000)
John Raymond Dillon IV (AZ State Bar No. 036796)
Sarah Pelton (AZ State Bar No. 039633)
Office of the Arizona Attorney General
2005 North Central Avenue
Phoenix, AZ 85004
Phone: (602) 542-3725
Fax:     (602) 542-4377
consumer@azag.gov
Counsel for Plaintiff State of Arizona

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, *ex rel*. Kristin K. Mayes, Attorney General, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Michael D. Lansky, L.L.C., dba Avid Telecom, *et al.*,<br><br>Defendants. | CASE NO.:  4:23-cv-00233-TUC-CKJ (MAA)<br><br>[ORAL ARGUMENT REQUESTED]<br><br>PLAINTIFFS' MOTION TO COMPEL DEFENDANT STACEY S. REEVES' DOCUMENT PRODUCTION IN RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS |

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiff States (collectively, "Plaintiffs"), respectfully request the Court to order Defendant Stacey S. Reeves ("Reeves") to provide requested documents that she has failed to produce and/or not logged correctly under the Court's ESI Order (Dkt. #120) ("ESI Order").

This Motion is supported by the following Memorandum of Points and Authorities, the Declaration of Sarah Pelton and the exhibits attached thereto, any oral argument that may be heard on this issue, all other pleadings and papers on file in this action, and any other evidence that may be presented to the Court.

**GOOD FAITH CONSULTATION CERTIFICATE**

In accordance with Rule 37(a)(1) of the Federal Rules of Civil Procedure and Local Rule 7.2(j), undersigned counsel represents that prior to filing the instant Motion, Plaintiffs attempted multiple times to personally confer with Defendant Reeves' counsel regarding its failure to respond to Plaintiffs' Requests, but to no avail. *See* Declaration of Sarah Pelton ("Pelton Decl."), dated January 7, 2025 at ¶¶ 11-15, 17-18, 28-29, 36-37, Exs. G-I, K, S, W. Accordingly, Plaintiffs were left with no alternative other than to file and serve this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Plaintiffs brought this lawsuit to protect consumers from Defendant Avid Telecom – and its co-defendants Michael D. Lansky's ("Defendant Lansky") and Stacey S. Reeves'– illegal telemarketing and robocall schemes. As set forth in the Complaint, Defendants Avid Telecom, Lansky and Reeves are in the business of providing Voice over Internet Protocol ("VoIP") services, facilitating or initiating robocalls, and/or helping others make illegal robocalls – in violation of multiple state and federal laws.

On or around March 6, 2025, Plaintiffs served Defendant Reeves with the Requests seeking production of relevant and admissible evidence in Avid Telecom's possession related to Plaintiffs' causes of action under the Telemarketing and Consumer Fraud and Abuse Prevention Act, the Telemarketing Sales Rules, the Telephone Consumer Protection Act, the Truth in Caller ID Act, as well as other state and federal laws, and Defendants' claimed defenses thereto. *See* Pelton Decl. at ¶ 3, Ex. A.

The Plaintiffs have met and conferred to discuss concerns with Defendant Reeves' production and have made no progress with defense counsel. Defendant Reeves is unwilling to resolve disputes regarding Plaintiffs' written discovery requests without court intervention. Plaintiffs insist that Defendant Reeves comply with her discovery obligations, and Defendant Reeves consistently refuses to do so. Accordingly, Defendant Reeves

2

should be compelled to provide compliant document production in response to Plaintiffs' Requests.

## II. RELEVANT FACTS

On or about March 6, 2025, Plaintiffs served Defendant Reeves with the Requests pursuant to Rule 34 of the Federal Rules of Civil Procedure. *See* Pelton Decl. at ¶ 3, Ex. A. The Requests sought documents regarding Defendant Reeves' purported role and involvement in Defendant Avid Telecom's conduct of transmitting illegal robocalls. *Id.* at Ex. A. The statutory deadline, April 7, 2025, came and went with no response from Defendant Reeves. *See* Fed. R. Civ. P. 34(b)(2) ("The party to whom the request is directed must respond in writing within 30 days after being served"); Pelton Decl. at ¶¶ 4-5.

On or around April 11, 2025, defense counsel requested to extend the deadline to April 30, 2025, in line with an extension granted to Defendant Avid Telecom's deadline to respond. Pelton Decl. at ¶ 6, Ex. B. Plaintiffs agreed to the April 30, 2025 extension as to Defendant Reeves and stated that defense counsel should seek intervention of the Court should they require additional time. *Id*.

On or around April 30, 2025, defense counsel emailed Plaintiffs' counsel stating counsel was "still working on the document responses" and unsure whether the Responses would be completed by the end of the day, but in any instance, defense counsel was "sure" the Responses would be completed by the end of the day on Friday, May 2, 2025. *Id.* at ¶ 7, Ex. C.

On or around May 2, 2025, defense counsel email served three copies of Defendant Lansky's responses to Plaintiffs' Requests via email. However, responses from Defendants Reeves and Avid Telecom were not included in this email. *Id.* at ¶ 8, Exs. D-E.

On or around May 7, 2025, Plaintiffs' counsel emailed defense counsel requesting Defendant Reeves' responses to Plaintiffs' Requests. *Id.* at ¶ 9, Ex. F. Defense counsel did not respond to Plaintiffs' May 7, 2025 correspondence. *Id.* at ¶ 10.

After hearing nothing further from defense counsel, on or around May 16, 2025, Plaintiffs' counsel sent a meet and confer email correspondence regarding Defendant

3

Reeves' failure to respond to Plaintiffs' Requests. *Id.* at ¶ 11, Ex. G. Once again, defense counsel failed to respond to Plaintiffs' correspondence. *Id.* at ¶ 12.

On or around May 27, 2025, Plaintiffs' counsel again emailed defense counsel seeking his availability for a meet and confer regarding Defendant Reeves' failure to respond to Plaintiffs' Requests. *Id.* at ¶ 13, Ex. H. The following day, May 28, 2025, defense counsel emailed Plaintiffs' counsel and stated that he would try to have a "substantive response for you later today or tomorrow." *Id.* at ¶ 14, Ex. I. However, defense counsel never responded to Plaintiffs' meet and confer correspondences. *Id.* at ¶ 15. Eventually, defense counsel sent Defendant Reeves' first responses on July 21, 2025. *Id.* at ¶ 27, Exs. Q-R.

On or around June 19, 2025, Plaintiffs notified the Court of the dispute regarding Plaintiffs' First Set of Requests for Production. *Id.* at ¶ 16. On June 20, 2025, the Court responded by email instructing the parties to meet and confer by June 27, 2025. *Id.* at ¶ 16, Ex. J. On or around June 20, 2025, Plaintiffs' counsel emailed defense counsel to schedule a meet and confer. *Id.* at ¶ 17, Ex. K. Defense counsel did not respond to Plaintiffs' counsel's June 20, 2025 correspondence. *Id.* at ¶ 18. Plaintiffs later notified the Court of defense counsel's failure to respond. *Id.* at ¶ 19.

In a July 1, 2025 Order (Dkt. #118), the Court instructed the parties to meet and confer on or before July 11, 2025. *Id.* at ¶ 20, Ex. L.

On or around July 2, 2025, Plaintiffs emailed defense counsel asking for availability for a meet and confer. The parties scheduled a meet and confer for the following week. *Id.* at ¶ 21, Ex. M.

During the July 9, 2025 meet and confer and in follow-up emails between the parties, defense counsel agreed to provide Defendant Reeves' first written responses by no later than July 11, 2025. *Id.* at ¶ 22, Ex. N. Defense counsel failed to provide Defendant Reeves' written responses by the July 11, 2025 deadline. *Id.* at ¶ 23.

Although defense counsel did not provide Defendant Reeves's first written responses on July 11, 2025, Defendant Reeves's first production of approximately 320 documents was produced on July 11, 2025. *Id.* at ¶ 24. The production was deficient under

4

the ESI Order because, among other things, the production was not Bates numbered and did not include an index identifying the Request to which each document corresponded. Plaintiffs' counsel notified defense counsel of these deficiencies by email on or around July 21, 2025. *Id.* at ¶ 26, Ex. P.

On or around July 18, 2025, defense counsel emailed Plaintiffs and acknowledged their "apparent inadvertent production of the same Responses" to Plaintiffs' First Requests for Production of Documents, issued on March 6, 2025. *Id.* at ¶ 25, Ex. O. Defense counsel promised to file supplemental responses by July 21, 2025, and asserted that "this issue has not delayed document searches…and we expect to be in a position to make additional productions shortly." *Id.*

On or around July 21, 2025, Plaintiffs sent defense counsel an email outlining the deficiencies with Defendant Reeves' and Defendant Lansky's document production. *Id.* at ¶ 26, Ex. P. That same day, defense counsel served Defendant Reeves's first Responses to Plaintiffs' First Requests for Production. *Id.* at ¶ 27, Exs. Q-R. Plaintiffs responded to defense counsel's email and to meet and confer regarding the deficient nature of the Responses. *Id.* at ¶ 28, Ex. S. Defense counsel did not reply. *Id.* at ¶ 29.

As Plaintiffs' disputes regarding Defendant Reeves' lack of production remained unresolved, Plaintiffs contacted the Court to request that discovery disputes be referred to a Magistrate. *Id.* at ¶ 30, Ex. T. In its August 11, 2025 Order (Dkt. #126), the Court set a briefing schedule to allow the parties to present their discovery disputes.

Defendant Reeves later reproduced her July 11, 2025 production. *Id.* at ¶ 31. After Plaintiffs informed Defendant Reeves that her production was noncompliant with the ESI Order, Defendant Reeves again reproduced her July 11, 2025 production on August 13, 2025. *Id.* at ¶ 31-32, Ex. U. The August 13 reproduction addressed some of the errors previously present, but it remained noncompliant with the ESI Order because, among other things, the production did not include an index identifying the Request to which each document corresponded. Additionally, documents produced had non-contemporaneous creation dates in the metadata.

In its October 24, 2025 Order (Dkt. #169), the Court instructed Defendant Reeves to fully respond to the Requests and comply with the Court's ESI Order by November 28, 2025. Defendant Reeves did not provide a conforming production by that date. *Id.* at ¶ 33. Plaintiffs emailed defense counsel and notified them that Defendant Reeves had missed the Court's November 28, 2025 deadline. *Id.* at ¶ 34, Ex. V. Defense counsel did not respond. *Id.* at ¶ 35.

On December 10, 2025, the parties participated in a meet and confer. During the meeting, Plaintiffs raised the issue of Defendant Reeves' deficient document production. Defense counsel stated that a new law firm that has not entered a notice of appearance in this case—Troutman Pepper Locke—is now responsible for Defendants' document production. *Id.* at ¶ 36, Ex. W. Defense counsel indicated they would check with the Troutman team and provide Plaintiffs' counsel with an update. *Id.* To date, defense counsel has failed to do so. *Id.* at ¶ 37. Plaintiffs also emailed counsel at Troutman to inquire about the status of Defendant Reeves' document production. *Id.* at ¶ 38, Ex. X. Plaintiffs have not received a response from Troutman. *Id.* at ¶ 39.

On or around December 12, 2025, Plaintiffs emailed defense counsel and again raised the issue of the overdue indices. *Id.* at ¶ 40, Ex. Y. Defense counsel did not respond to Plaintiffs' correspondence. *Id.* at ¶ 41. On or around December 17, 2025, defense counsel responded to Plaintiffs' email to Troutman, stating they expected to produce the overdue indices "sometime this week". *Id.* at ¶ 42, Ex. Z. Defendant Reeves has still not produced the overdue document indices. *Id.* at ¶ 43.

### III.   ARGUMENT

Good cause exists to compel Defendant Reeves' compliance with her discovery obligations. In her Responses, Defendant Reeves repeatedly asserted that she would "produce any non-privileged, responsive documents in Ms. Reeves' possession, custody or control that are located through a reasonable search of Ms. Reeves files." Pelton Decl. at ¶ 27, Ex. R. Additionally, in their responsive discovery brief, all Defendants stated they are not withholding any documents from production. *See* Dkt. #148 at p. 4, n. 3.

Defendant Reeves has made document productions to date, but the productions do not comply with the terms of the Court's ESI Order (Dkt. #120) or Rule 34 of the Federal Rules of Civil Procedure, and are thus deficient. Plaintiffs brought the issue of deficiency to Defendants multiple times with no corrections. Specifically, Plaintiffs' review identified the following deficiencies:

- In violation of Rule 34(b)(2)(B) and Section B(1)(a) of the Court's ESI Order, which required Defendant Reeves to produce all documents in her possession, custody, and control that she agreed to produce in her Responses to Plaintiffs' Requests, Defendant Reeves failed to produce responsive documents to Request Nos. 1-18, 20-55, 63, 65, 81-84, 86, 89-97, 99-102. Plaintiffs have been severely prejudiced in finding relevant documents and preparing for depositions and trial due to Defendant Reeves' delay in producing these key documents.

- In violation of Rule 34(b)(2)(E)(i) and Section A(3) and Appendix A.4 of the ESI Order, which required Defendant Reeves to produce documents as they are kept in the usual course of business, Defendant Reeves' production was deficient as the documents she produced were in non-native format (e.g., Quickbooks data was produced in Excel format, rather than in its native Quickbooks format)[1], contain non-contemporaneous metadata and have missing parent-child associated documents (e.g. emails with missing attachments). For example, one document brought to Defendant's attention titled "Avid Telecom Standard Rates Terms of Agreement" was created 6/22/2025, more than two years after the commencement of this action. Pelton Decl. at Ex. P. Plaintiffs are prejudiced in not having access to complete and accurate copies of documents at this late stage in the case.

- In violation of Rule 34(b)(2)(E)(i) and Section A(3) of the ESI Order, which required Defendant Reeves to organize and label produced documents to correspond to the categories in Plaintiffs' Requests, Defendant Reeves' production was

---

[1] *See Plan Pros, Inc. v. Torczon*, No. 8:08CV136, 2009 U.S. Dist. LEXIS 92512, at *14-16 (D. Neb. Sept. 18, 2009) (when Quickbooks data was produced in Excel format, motion to compel production of data in original Quickbooks format was granted).

deficient because she failed to label the documents in any way that corresponds to Plaintiffs' Requests. Moreover, Reeves did not provide a document index as required under paragraph 3 of the ESI Order. The ESI Order contains a document index requirement so the parties can easily identify which documents are responsive to which Requests to expedite review. Plaintiffs are prejudiced in having to sort through Defendant Reeves' document production with no indication of what documents are responsive to which Requests, which has greatly delayed identification of relevant documents to be used in party depositions.

- Defendant Reeves has produced little to no records with respect to significant customers of Avid Telecom, including but not limited to Virtual Telecom, Mobi Telecom, and Geist Telecom, entities that were discussed at length in Plaintiffs' Complaint.[2]

- Defendant Reeves has produced no account history logs for any of Avid Telecom's customers nor any production in response to a request seeking information related to entries on those logs.[3] The account history logs provide information as to customer identifiers, payments, network settings that determine call routing, call signaling and call volume capacity and the Avid representative who made changes to each[4]. Plaintiffs are prejudiced in not having this significant relevant information.

Plaintiffs have attempted to meet and confer with Defendants on these issues multiple times – both in writing and telephonically – to no avail. *See* Pelton Decl. at ¶¶ 11-15, 17-18, 28-29, 36-37, Exs. G-I, K, S, W. Defense counsel stated that a new law firm that has not entered a notice of appearance in this case—Troutman Pepper Locke—is responsible for Defendant Reeves' document production. *Id.* at ¶ 36, Ex. W. However, when Plaintiffs' counsel contacted Troutman to inquire about the status of Defendant Reeves' document production, counsel received no response. *Id.* at ¶¶ 38-39, Ex. X.

---

[2] *See* Response Nos. 2, 7-9, 14, 18, 22, 25, 27-29, 31-32, 34, 36, 62-64, 66, 81, 91-94, 99-101.
[3] *See, e.g.,* Request No. 101.
[4] *See, e.g.,* Account history logs, Dkt. #45-1 at ¶ 13, Att. C.

Given the significant delay caused by Defendant Reeves' deficient document production, Plaintiffs respectfully request the Court to order Defendant Reeves to (1) provide an ESI-Order compliant index that encompasses all Requests; and (2) fix all above-identified issues with her production.

## IV. CONCLUSION

For the reasons set forth above, the Plaintiffs respectfully request the Court to order Defendant Reeves to provide compliant document production to Plaintiffs' First Set of Requests for the Production of Documents.

RESPECTFULLY SUBMITTED this 7th day of January, 2026.

**FOR THE STATE OF ARIZONA:**

KRISTIN K. MAYES
Attorney General for the State of Arizona

/s/ John Raymond Dillon IV
JOHN RAYMOND DILLON IV
SARAH PELTON
Assistant Attorneys General
*Attorneys for the State of Arizona*

**FOR THE STATE OF INDIANA:**

TODD ROKITA
Attorney General for the State of Indiana

/s/ Douglas S. Swetnam
DOUGLAS S. SWETNAM
THOMAS L. MARTINDALE
Deputy Attorneys General
*Attorneys for the State of Indiana*

**FOR THE STATE OF NORTH CAROLINA:**

JEFF JACKSON
Attorney General for the State of North Carolina

/s/ Tracy Nayer
TRACY NAYER
ROCHELLE SPARKO
Special Deputy Attorneys General
*Attorneys for the State of North Carolina*

**FOR THE STATE OF OHIO:**

DAVE YOST
Attorney General for the State of Ohio

/s/ Erin B. Leahy
ERIN B. LEAHY
EMILY G. DIETZ
Assistant Attorneys General
*Attorneys for the State of Ohio*

*Lead Counsel for Plaintiffs*

|   |   |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that on January 7, 2025, I caused the foregoing **PLAINTIFFS'** |
| 3 | **MOTION TO COMPEL DEFENDANT STACEY S. REEVES' DOCUMENT** |
| 4 | **PRODUCTION IN RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS** |
| 5 | **FOR PRODUCTION OF DOCUMENTS** to be filed and served electronically via the |
| 6 | Court's CM/ECF system upon counsel of record. |

/s/ Sarah Pelton
Assistant Attorney General
Counsel for the Plaintiff State of Arizona

**LIST OF PLAINTIFFS' COUNSEL**

| | |
|---|---|
| John Raymond Dillon IV (AZ Bar No. 036796)<br>Sarah Pelton (AZ Bar No. 039633)<br>Assistant Attorneys General<br>Arizona Attorney General's Office<br>2005 North Central Avenue<br>Phoenix, AZ 85004<br>Phone: (602) 542-8018<br>Fax:    (602) 542-4377<br>john.dillonIV@azag.gov<br>sarah.pelton@azag.gov<br>*Attorneys for Plaintiff State of Arizona* | Tracy Nayer (NC Bar No. 36964)<br>Rochelle Sparko (NC Bar No. 38528)<br>Special Deputy Attorneys General<br>North Carolina Department of Justice<br>Consumer Protection Division<br>P.O. Box 629<br>Raleigh, North Carolina 27602<br>Phone:  (919) 716-6000<br>Fax:      (919) 716-6050<br>tnayer@ncdoj.gov<br>rsparko@ncdoj.gov<br>*Attorneys for Plaintiff State of North Carolina* |
| Douglas S. Swetnam (IN Bar No. 15860-49)<br>Thomas L. Martindale (IN Bar No. 29706-64)<br>Deputy Attorneys General<br>Office of the Indiana Attorney General Todd Rokita<br>Indiana Govt. Center South, 5th Fl.<br>302 W. Washington St.<br>Indianapolis, IN 46204-2770<br>Phone: (317) 232-6294 (Swetnam)<br>            (317) 232-7751 (Martindale)<br>Fax:     (317) 232-7979<br>douglas.swetnam@atg.in.gov<br>thomas.martindale@atg.in.gov<br>*Attorneys for Plaintiff State of Indiana* | Erin B. Leahy (OH Bar No. 0069509)<br>Emily G. Dietz (OH Bar No. 0104729)<br>Assistant Attorneys General<br>Office of Attorney General Dave Yost<br>30 East Broad Street, 14th Fl.<br>Columbus, OH 43215<br>Phone: (614) 752-4730 (Leahy)<br>            (614) 466-3493 (Dietz)<br>Erin.Leahy@OhioAGO.gov<br>Emily.Dietz@OhioAGO.gov<br>*Attorneys for Plaintiff State of Ohio* |

***Lead Counsel for Plaintiffs***

Lindsay D. Barton (AL Bar No. 1165-G00N)
Robert D. Tambling (AL Bar No. 6026-N67R)
Assistant Attorneys General
Office of the Alabama Attorney General
501 Washington Avenue
Montgomery, Alabama 36130
Phone: (334) 353-2609 (Barton)
           (334) 242-7445 (Tambling)
Fax:     (334) 353-8400
Lindsay.Barton@AlabamaAG.gov
Robert.Tambling@AlabamaAG.gov
*Attorneys for Plaintiff State of Alabama*

Amanda Wentz (AR Bar No. 2021066)
Assistant Attorney General
Office of Attorney General Tim Griffin
101 West Capitol Avenue
Little Rock, AR 72201
Phone: (501) 682-1178
Fax:     (501) 682-8118
amanda.wentz@arkansasag.gov
*Attorney for Plaintiff State of Arkansas*

Nicklas A. Akers (CA Bar No. 211222)
Senior Assistant Attorney General
Bernard A. Eskandari (CA Bar No. 244395)
Supervising Deputy Attorney General
Timothy D. Lundgren (CA Bar No. 254596)
Rosailda Perez (CA Bar No. 284646)
Deputy Attorneys General
Office of the California Attorney General
300 S. Spring St., Suite 1702
Los Angeles, CA 90013
Phone: (415) 510-3364 (Akers)
           (213) 269-6348 (Eskandari)
           (213) 269-6355 (Lundgren)
           (213) 269-6612 (Perez)
Fax:     (916) 731-2146
nicklas.akers@doj.ca.gov
bernard.eskandari@doj.ca.gov
timothy.lundgren@doj.ca.gov
rosailda.perez@doj.ca.gov
*Attorneys for Plaintiff People of the State of California*

Michel Singer Nelson (CO Bar No. 19779)
Assistant Attorney General II
Colorado Office of the Attorney General
Ralph L. Carr Judicial Building
1300 Broadway, 10th Floor
Denver, CO 80203
Phone: (720) 508-6220
michel.singernelson@coag.gov
*Attorney for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

Brendan T. Flynn (Fed. Bar No. ct04545, CT Bar No. 419935)
Assistant Attorney General
Office of the Connecticut Attorney General William Tong
165 Capitol Avenue, Suite 4000
Hartford, CT 06106
Phone: (860) 808-5400
Fax:    (860) 808-5593
brendan.flynn@ct.gov
*Attorney for Plaintiff State of Connecticut*

Ryan Costa (DE Bar No. 5325)
Deputy Attorney General
Delaware Department of Justice
820 N. French Street, 5th Floor
Wilmington, DE 19801
Phone: (302) 683-8811
Fax:    (302) 577-6499
Ryan.costa@delaware.gov
*Attorney for Plaintiff State of Delaware, ex rel. Kathleen Jennings*

Laura C. Beckerman (DC Bar No. 1008120)
Senior Trial Counsel
Public Advocacy Division
D.C. Office of the Attorney General
400 6th Street NW, 10th Floor
Washington, DC 20001
Phone: (202) 655-7906
Laura.Beckerman@dc.gov
*Attorney for Plaintiff District of Columbia*

Sean P. Saval (FL Bar No. 96500)
Sr. Assistant Attorney General
Michael P. Roland (FL Bar No. 44856)
Assistant Attorney General
Office of the Florida Attorney General
Department of Legal Affairs
Consumer Protection Division
3507 E. Frontage Rd, Suite 325
Tampa, FL 33607
Phone: (813) 287-7950
Fax:    (813) 281-5515
Sean.Saval@myfloridalegal.com
michael.roland@myfloridalegal.com
Zivile.Rimkevicius@myfloridalegal.com
*Attorneys for Plaintiff James Uthmeier, Attorney General of the State of Florida*

David A. Zisook (GA Bar No. 310104)
Senior Assistant Attorney General
Office of the Georgia Attorney General
40 Capitol Square SW
Atlanta, GA 30334
Phone: (404) 458-4294
Fax:    (404) 464-8212
dzisook@law.ga.gov
*Attorney for Plaintiff State of Georgia*

Christopher J.I. Leong (HI Bar No. 9662)
Deputy Attorney General
Hawaii Department of the Attorney General
425 Queen Street
Honolulu, HI 96813
Phone: (808) 586-1180
Fax:    (808) 586-1205
christopher.ji.leong@hawaii.gov
*Attorney for Plaintiff State of Hawaii*

James J. Simeri (ID Bar No. 12332)
Consumer Protection Division Chief
Idaho Attorney General's Office
P.O. Box 83720
Boise, ID 83720-0010
Phone: (208) 334-4114
james.simeri@ag.idaho.gov
*Attorney for Plaintiff State of Idaho*

Philip Heimlich (IL Bar No. 6286375)
Assistant Attorney General
Elizabeth Blackston (IL Bar No. 6228859)
Consumer Fraud Bureau Chief
Office of the Illinois Attorney General
500 S. Second Street
Springfield, IL 62791
Phone: (217) 782-4436
philip.heimlich@ilag.gov
elizabeth.blackston@ilag.gov
*Attorneys for Plaintiff People of the State of Illinois*

Benjamin Bellus (IA Bar No. AT0000688)
William Pearson (IA Bar No. AT0012070)
Assistant Attorneys General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Phone: (515) 242-6536 (Bellus)
       (515) 242-6773 (Pearson)
Fax:   (515) 281-6771
Benjamin.Bellus@ag.iowa.gov
William.Pearson@ag.iowa.gov
*Attorneys for Plaintiff State of Iowa*

Nicholas C. Smith (KS Bar No. 29742)
Sarah M. Dietz (KS Bar No. 27457)
Assistant Attorneys General
Consumer Protection Section
Office of the Kansas Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, KS 66612
Phone: (785) 296-3751
Fax:   (785) 291-3699
Nicholas.Smith@ag.ks.gov
sarah.dietz@ag.ks.gov
*Attorneys for Plaintiff State of Kansas*

Jonathan E. Farmer (KY Bar No. 91999)
Deputy Executive Director of Consumer Protection
Office of the Attorney General of Kentucky
1024 Capital Center Drive, Ste. 200
Frankfort, KY 40601
Phone: (502) 696-5448
Fax:   (502) 573-8317
Jonathan.Farmer@ky.gov
*Attorney for Plaintiff Commonwealth of Kentucky*

ZaTabia N. Williams (LA Bar No. 36933)
Assistant Attorney General
Office of the Attorney General Liz Murrill
1885 North Third St.
Baton Rouge, LA 70802
Phone: (225) 326-6164
Fax:   (225) 326-6499
WilliamsZ@ag.louisiana.gov
*Attorney for Plaintiff State of Louisiana*

Brendan O'Neil (ME Bar No. 009900)
Michael Devine (ME Bar No. 005048)
Assistant Attorneys General
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333
Phone: (207) 626-8800
Fax:     (207) 624-7730
brendan.oneil@maine.gov
michael.devine@maine.gov
*Attorneys for Plaintiff State of Maine*

Philip Ziperman (Fed. Bar No. 12430)
Deputy Counsel
Office of the Attorney General
200 St. Paul Place
Baltimore, MD 21202
Phone: (410) 576-6417
Fax:     (410) 576-6566
pziperman@oag.state.md.us
*Attorney for Plaintiff Maryland Office of the Attorney General*

Carol Guerrero (MA Bar No. 705419)
Assistant Attorney General
Michael N. Turi (MA Bar No. 706205)
Deputy Chief, Consumer Protection Division
Massachusetts Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Phone: (617) 963-2783
Fax:     (617) 727-5765
mailto:Carol.Guerrero@mass.gov
Michael.Turi@mass.gov
*Attorneys for Plaintiff Commonwealth of Massachusetts*

Kathy P. Fitzgerald (MI Bar No. P31454)
Michael S. Hill (MI Bar No. P73084)
Assistant Attorneys General
Michigan Department of Attorney General
Corporate Oversight Division
P.O. Box 30736
Lansing, MI 48909
Phone: (517) 335-7632
Fax:     (517) 335-6755
fitzgeraldk@michigan.gov
Hillm19@michigan.gov
*Attorneys for Plaintiff People of the State of Michigan*

Bennett Hartz (MN Bar No. 0393136)
Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1200
Saint Paul, MN 55404
Phone: (651) 757-1235
bennett.hartz@ag.state.mn.us
*Attorney for Plaintiff State of Minnesota, by its Attorney General, Keith Ellison*

James M. Rankin (MS Bar No. 102332)
Special Assistant Attorney General
Mississippi Attorney General's Office
P.O. Box 220
Jackson, MS 39205
Phone: (601) 359-4258
james.rankin@ago.ms.gov
*Attorney for Plaintiff Lynn Fitch, Attorney General State of Mississippi*

Eliot Gusdorf (MO Bar No. 73225)
Assistant Attorney General
Office of the Missouri Attorney General
815 Olive Street, Suite 200
St. Louis, MO 63101
Phone: (314) 340-6816
Fax:     (314) 340-7891
eliot.gusdorf@ago.mo.gov
*Attorney for Plaintiff State of Missouri, ex. rel. Catherine L. Hanaway, Attorney General*

Brent Mead (MT Bar No. 68035000)
Deputy Solicitor General
Anna Schneider (MT Bar No. 13963)
Special Assistant Attorney General, Senior Counsel
Montana Attorney General's Office
Office of Consumer Protection
215 North Sanders Street
P.O. Box 200151
Helena, MT 59620-0151
Phone: (406) 444-4500
Brent.mead2@mt.gov
Anna.schneider@mt.gov
*Attorneys for Plaintiff State of Montana*

Gary E. Brollier (NE Bar No. 19785)
Assistant Attorney General
Office of the Attorney General Michael T. Hilgers
2115 State Capitol Building
Consumer Protection Division
Lincoln, NE 68509
Phone: (402) 471-1279
Fax:     (402) 471-4725
gary.brollier@nebraska.gov
*Attorney for Plaintiff State of Nebraska*

Michelle C. Badorine (NV Bar No. 13206)
Senior Deputy Attorney General
Office of the Nevada Attorney General
Bureau of Consumer Protection
100 North Carson Street
Carson City, NV 89701-4717
Phone: (775) 684-1164
Fax:     (775) 684-1299
MBadorine@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

Mary F. Stewart (NH Bar No. 10067)
Assistant Attorney General
New Hampshire Department of Justice
Office of the Attorney General
Consumer Protection and Antitrust Bureau
1 Granite Place South
Concord, NH 03301
Phone: (603) 271-1139
Mary.F.Stewart@doj.nh.gov
*Attorney for Plaintiff State of New Hampshire*

Zeyad A. Assaf (NJ Bar No. 290002021)
Blair Gerold (NJ Bar No. 294602019)
Deputy Attorneys General
New Jersey Office of the Attorney General
Division of Law
124 Halsey Street
Newark, NJ 07101
Phone: (609) 696-5363
Fax:     (973) 648-3879
Zeyad.Assaf@law.njoag.gov
Blair.Gerold@law.njoag.gov
*Attorneys for Plaintiff State of New Jersey*

Anthony Juzaitis (NM Bar No. 164428)
Assistant Attorney General
New Mexico Department of Justice
408 Galisteo St.
Santa Fe, New Mexico 87501
Phone: (505) 651-7565
Fax:     (505) 490-4883
Ajuzaitis@nmdoj.gov
*Attorney for Plaintiff Raúl Torrez, New Mexico Attorney General*

Glenna Goldis (NY Bar No. 4868600)
Assistant Attorney General
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (646) 856-3697
Glenna.goldis@ag.ny.gov
*Attorney for Plaintiff Office of the Attorney General of the State of New York*

Elin S. Alm (ND Bar No. 05924)
Christopher Glenn Lindblad (ND Bar No. 06480)
Assistant Attorneys General
Office of North Dakota Attorney General
Consumer Protection & Antitrust Division
1720 Burlington Drive, Suite C
Bismarck, ND 58504-7736
Phone: (701) 328-5570
Fax:     (701) 328-5568
mailto:ealm@nd.gov
clindblad@nd.gov
*Attorneys for Plaintiff State of North Dakota*

Sylvia Lanfair (OK Bar No. 30144)
Assistant Attorney General
Office of the Oklahoma Attorney General
313 N.E. 21st St.
Oklahoma City, OK 73105
Phone: (405) 522- 8129
Fax:     (405) 522-0085
mailto:sylvia.lanfair@oag.ok.gov
*Attorney for Plaintiff State of Oklahoma ex rel. Attorney General Gentner Drummond*

Jordan M. Roberts (OR Bar No. 115010)
Senior Assistant Attorney General
Oregon Department of Justice
Economic Justice Section
100 SW Market St.
Portland, OR 97201
Phone: (971) 673-1880
Fax:     (971) 673-1884
jordan.m.roberts@doj.oregon.gov
*Attorney for Plaintiff State of Oregon*

Mark W Wolfe (PA Bar No. 327807)
Deputy Attorney General
Pennsylvania Office of Attorney General
Strawberry Square, 15th Floor
Harrisburg, PA 17120-0001
Phone: (717) 772-3558
Fax:     (717) 705-3795
mwolfe@attorneygeneral.gov
*Attorney for Plaintiff Commonwealth of Pennsylvania by Attorney General David W. Sunday, Jr.*

Stephen N. Provazza (RI Bar No. 10435)
Assistant Attorney General
Rhode Island Office of the Attorney General
150 S. Main Street
Providence, RI 02903
Phone: (401) 274-4400, ext. 2476
Fax:     (401) 222-1766
sprovazza@riag.ri.gov
*Attorney for Plaintiff State of Rhode Island*

Kristin Simons (SC Bar No. 74004)
Senior Assistant Attorney General
South Carolina Attorney General's Office
P.O. Box 11549
Columbia, SC 29211-1549
Phone: (803) 734-6134
mailto:ksimons@scag.gov
*Attorney for Plaintiff State of South Carolina*

Austin C. Ostiguy (TN Bar No. 040301)
Tyler T. Corcoran (TN Bar No. 038887)
Assistant Attorneys General
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202
Phone: (615) 532-7271 (Ostiguy)
           (615) 770-1714 (Corcoran)
Fax:     (615) 532-2910
austin.ostiguy@ag.tn.gov
tyler.corcoran@ag.tn.gov
*Attorneys for Plaintiff State of Tennessee*

David Shatto (Fed. Bar No. 3725697; TX Bar No. 24104114)
Assistant Attorney General
Attorney General for the State of Texas
Office of the Attorney General
P.O. Box 12548 (MC-010)
Austin, TX 78711
Phone: (512) 463-2185
Fax:     (512) 473-9125
David.Shatto@oag.texas.gov
*Attorney for Plaintiff State of Texas*

Alexandra Butler (UT Bar No. 19238)
Assistant Attorney General
Utah Attorney General's Office
160 East 300 South, 5th Floor
P.O. Box 140872
Salt Lake City, UT 84114-0872
Phone: (385) 910-5533
Fax:     (801) 366-0315
alexandrabutler@agutah.gov
*Attorney for Plaintiff Utah Division of Consumer Protection*

James Layman (VT Bar No. 5236)
Office of the Vermont Attorney General
109 State Street
Montpelier, VT 05609-1001
Phone: (802) 828-2315
Fax:     (802) 304-1014
James.Layman@vermont.gov
*Attorney for Plaintiff State of Vermont*

| | |
|---|---|
| Geoffrey L. Ward (VA Bar No. 89818)<br>Senior Assistant Attorney General<br>Office of the Attorney General of Virginia<br>202 N. Ninth St.<br>Richmond, VA 23219<br>Phone: (804) 371-0871<br>Fax:     (804) 786-0122<br>gward@oag.state.va.us<br>*Attorney for Plaintiff Commonwealth of Virginia, ex rel. Jason S. Miyares, Attorney General* | Ashley T. Wentz (WV Bar No. 13486)<br>Assistant Attorney General<br>West Virginia Attorney General's Office<br>Consumer Protection/Antitrust Division<br>P.O. Box 1789<br>Charleston, WV 25326<br>Phone: (304) 558-8986<br>Fax:     (304) 558-0184<br>Ashley.T.Wentz@wvago.gov<br>*Attorney for Plaintiff State of West Virginia ex rel. John B. McCuskey, Attorney General* |
| Zorba Leslie (WA Bar No. 58523)<br>Assistant Attorney General<br>Washington State Attorney General's Office<br>800 Fifth Avenue, Suite 2000<br>Seattle, WA 98104<br>Phone: (206) 340-6787<br>Fax:     (206) 464-6451<br>zorba.leslie@atg.wa.gov<br>*Attorney for Plaintiff State of Washington* | Gregory A. Myszkowski (WI Bar No. 1050022)<br>Assistant Attorney General<br>Wisconsin Department of Justice<br>P.O. Box 7857<br>Madison, WI 53707-7857<br>Phone: (608) 266-7656<br>Fax:     (608) 294-2907<br>gregory.myszkowski@wisdoj.gov<br>*Attorney for Plaintiff State of Wisconsin* |
| | Cameron W. Geeting (WY Bar No. 7--5338)<br>Senior Assistant Attorney General<br>Consumer Protection and Antitrust Unit<br>Wyoming Attorney General's Office<br>2320 Capitol Avenue<br>Cheyenne, Wyoming 82002<br>Phone: (307) 777-3795<br>cameron.geeting1@wyo.gov<br>*Attorney for Plaintiff State of Wyoming* |