```
KRISTIN K. MAYES
Attorney General of Arizona
(Firm AZ State Bar No. 14000)
John Raymond Dillon IV (AZ State Bar No. 036796)
Sarah Pelton (AZ State Bar No. 039633)
Office of the Arizona Attorney General
2005 North Central Avenue
Phoenix, AZ 85004
Phone: (602) 542-3725
Fax:    (602) 542-4377
consumer@azag.gov
```

Counsel for Plaintiff State of Arizona

### UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, *ex rel*. Kristin K. Mayes, Attorney General, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Michael D. Lansky, L.L.C., dba Avid Telecom, *et al.*,<br><br>Defendants. | CASE NO.: 4:23-cv-00233-TUC-CKJ (MAA)<br><br>**DECLARATION OF SARAH PELTON IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEFENDANT STACEY REEVES' DOCUMENT PRODUCTION IN RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

1. I am an Assistant Attorney General in the Civil Litigation Division at the Arizona Attorney General's Office, and counsel of record for Plaintiffs. I have personal knowledge of the facts set forth herein. If called as a witness, I could and would competently testify to the matters stated herein.

2. I submit this declaration in support of Plaintiffs' Motion to Compel Defendant Stacey S. Reeves ("Reeves"), Responses to Plaintiffs' First Set of Requests for Production of Documents (the "Motion").

3. On or around March 6, 2025, Plaintiffs served their First Set of Requests for Production of Documents on Defendant Reeves (the "Requests"). Attached hereto as **Exhibit A** is a true and correct copy of Plaintiffs' Requests.

4. Pursuant to Rule 34(b)(2) of the Federal Rules of Civil Procedure, and as requested by Plaintiffs, Defendant Reeves was required to respond to Plaintiffs' Requests within 30-days after being served. This would have made April 7, 2025 the deadline for Defendant Reeves to respond to Plaintiffs' Requests.

5. However, Defendant Reeves did not respond to Plaintiffs' Requests by the required April 7, 2025 deadline.

6. On or around April 11, 2025, defense counsel emailed Plaintiffs requesting until April 30, 2025 to "fully respond" to Plaintiffs' Requests. The parties subsequently stipulated to an April 30, 2025 deadline for Defendant Reeves to respond to Plaintiffs' Requests. A true and correct copy of the parties' stipulation is attached hereto as **Exhibit B**.

7. On or around April 30, 2025, defense counsel emailed Plaintiffs stating that they were "still working on the document responses" and that they were "not sure we will be finished today, but [sic] am sure we will have them completed by COB, Friday [May 2, 2025]." A true and correct copy of defense counsel's April 30, 2025 email is attached hereto as **Exhibit C**.

8. On or around May 2, 2025, defense counsel email served three copies of Defendant Lansky's responses to Plaintiffs' Requests via email. However, responses from Defendants Reeves and Avid Telecom were not included in this email. A true and correct copy of defense counsel's May 2, 2025 email and the identical Responses are attached hereto as **Exhibit D** and **Exhibit E**.

9. Accordingly, on or around May 7, 2025, Plaintiffs emailed defense counsel requesting Defendant Reeves' responses to Plaintiffs' Requests. A true and correct copy of Plaintiffs' May 7, 2025 email is attached hereto as **Exhibit F**.

10. Defense counsel did not respond to Plaintiffs' May 7, 2025 correspondence.

2

11. On or around May 16, 2025, Plaintiffs sent a meet and confer request correspondence to defense counsel. In the email, Plaintiffs requested defense counsel's availability for a meet and confer regarding Defendant Reeves' failure to respond to Plaintiffs' Requests. Attached hereto as **Exhibit G** is a true and correct copy of Plaintiffs' May 16, 2025 email to defense counsel.

12. Defense counsel did not respond to Plaintiffs' May 16, 2025 meet and confer request correspondence.

13. On or around May 27, 2025, Plaintiffs sent another email correspondence to defense counsel, once again seeking their availability for a meet and confer regarding Defendant Reeves' failure to respond to Plaintiffs' Requests. Attached hereto as **Exhibit H** is a true and correct copy of Plaintiffs' May 27, 2025 email to defense counsel.

14. On or around May 28, 2025, defense counsel emailed Plaintiffs and stated that he would "try to have a substantive response for you later today or tomorrow." A true and correct copy of defense counsel's May 28, 2025 email is attached hereto as **Exhibit I**.

15. However, defense counsel never provided a response to Plaintiffs' meet and confer correspondences.

16. On or around June 19, 2025, Plaintiffs notified the Court of the dispute regarding Plaintiffs' First Set of Requests for Production. The Court responded by email and instructed the parties to meet and confer by June 27, 2025. A true and correct copy of the Court's instruction is attached hereto as **Exhibit J**.

17. On or around June 20, 2025, Plaintiffs' counsel emailed defense counsel to schedule a meet and confer. A true and correct copy of Plaintiffs' email is attached hereto as **Exhibit K**.

18. Defense counsel did not respond to Plaintiffs' counsel's June 20, 2025 correspondence.

19. On or around June 30, 2025, Plaintiffs notified the Court of defense counsel's failure to even provide dates of availability to schedule a meet and confer regarding Plaintiffs' disputes.

20. On or around July 1, 2025, the Court ordered the parties to "consult and make sincere efforts to resolve the dispute" related to Defendant Reeves' failure to respond to Plaintiffs' First Set of Requests for Production by July 11, 2025. *See* Dkt. #118. A true and correct copy of the Court's order (Dkt. #118) is attached hereto as **Exhibit L**.

21. On or around July 2, 2025, Plaintiffs emailed defense counsel asking for their availability to meet and confer in light of the Court's Order (Dkt. #118). The parties scheduled a meet and confer for the following week. A true and correct copy of the parties' correspondence is attached hereto as **Exhibit M**.

22. On or around July 9, 2025, the parties conducted the meet and confer. In follow-up emails between the parties, defense counsel agreed to provide initial written responses for Defendant Reeves by no later than July 11, 2025. A true and correct copy of the parties' correspondence is attached hereto as **Exhibit N**.

23. Defense counsel failed to provide Defendant Reeves' written responses by the July 11, 2025 deadline.

24. On or around July 11, 2025, defense counsel sent Defendant Reeves' first production of approximately 320 documents.

25. On or around July 18, 2025, defense counsel emailed Plaintiffs and acknowledged their "apparent inadvertent production of the same Responses" to Plaintiffs' First Requests for Production of Documents. Defense counsel promised to file supplemental responses by July 21, 2025, and asserted that "this issue has not delayed document searches…and we expect to be in a position to make additional productions shortly." A true and correct copy of defense counsel's email is attached hereto as **Exhibit O.**

26. On or around July 21, 2025, Plaintiffs sent defense counsel an email outlining the deficiencies with Defendant Reeves' and Defendant Lansky's document production. A true and correct copy of Plaintiffs' email is attached hereto as **Exhibit P**.

27. On or around July 21, 2025, defense counsel served Defendant Reeves's first Responses to Plaintiffs' First Requests for Production. A true and correct copy of defense

4

1  counsel's email and Defendant Reeves' Responses are attached hereto as **Exhibit Q** and
2  **Exhibit R**.
3   28. On or around July 29, 2025, Plaintiffs responded to defense counsel's July
4  21, 2025 email to meet and confer regarding the deficient Responses. A true and correct
5  copy of Plaintiffs' email is attached hereto as **Exhibit S**.
6   29. Defense counsel did not respond to Plaintiffs' counsel's July 29, 2025
7  correspondence.
8   30. On or around August 11, 2025, Plaintiffs contacted the Court to request that
9  discovery disputes be referred to a Magistrate Judge. A true and correct copy of Plaintiffs'
10 August 11, 2025 email is attached hereto as **Exhibit T**.
11  31. On or around August 13, 2025, Defendant Reeves reproduced her July 11,
12 2025 production. Later that day, Plaintiffs informed defense counsel that the production
13 was noncompliant with the ESI Order. A true and correct copy of Plaintiffs' email is
14 attached hereto as **Exhibit U**.
15  32. On or around August 14, 2025, Defendant Reeves again reproduced her July
16 11, 2025 production.
17  33. Defendant Reeves did not provide a conforming document production by the
18 court's deadline (Dkt. #169) of November 28, 2025.
19  34. On or around December 3, 2025, Plaintiffs emailed defense counsel notifying
20 them that Defendant Reeves had missed the Court's November 28, 2025 deadline. A true
21 and correct copy of Plaintiffs' email is attached hereto as **Exhibit V**.
22  35. Defense counsel did not respond to Plaintiffs' December 3, 2025
23 correspondence.
24  36. On or around December 10, 2025, the parties participated in a meet and
25 confer. During the meeting, Plaintiffs raised the issue of Defendant Reeves' deficient
26 production. Defense counsel stated that a new law firm that has not entered a notice of
27 appearance in this case—Troutman Pepper Locke—is now responsible for Defendants'
28 document production. Defense counsel indicated they would check with the Troutman

team and provide Plaintiffs with an update. A true and correct copy of an excerpt of the transcript of the meet and confer is attached hereto as **Exhibit W**.

37. To date, defense counsel has failed to provide Plaintiffs with an update.

38. On December 11, 2025, Plaintiffs emailed counsel at Troutman to inquire about the status of Defendant Reeves' document production. A true and correct copy of Plaintiffs' email is attached hereto as **Exhibit X**.

39. Plaintiffs have not received a response from Troutman.

40. On or around December 12, 2025, Plaintiffs emailed defense counsel and again raised the issue of the overdue document indices. A true and correct copy of Plaintiffs' email is attached hereto as **Exhibit Y**.

41. To date, defense counsel has not responded to Plaintiffs' December 12, 2025 correspondence.

42. On or around December 17, 2025, defense counsel responded to Plaintiffs' December 11, 2025 email to Troutman, stating they expected to produce the overdue indices "sometime this week". A true and correct copy of defense counsel's email is attached hereto as **Exhibit Z**.

43. Defendant Reeves has still not produced the overdue document indices.

44. Due to the substantial delay and prejudice suffered by Plaintiffs in attempting to obtain a compliant document production, Plaintiffs had no choice but to draft and file the Motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 7, 2026 at Phoenix, Arizona.

*/s/    Sarah Pelton*
Sarah Pelton (AZ State Bar No. 039633)
Counsel for Plaintiff State of Arizona

6

**CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2025, I caused the foregoing **DECLARATION OF SARAH PELTON IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEFENDANT STACEY REEVES' DOCUMENT PRODUCTION IN RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** to be filed and served electronically via the Court's CM/ECF system upon counsel of record.

/s/ Sarah Pelton
Assistant Attorney General
Counsel for the Plaintiff State of Arizona