Neil S. Ende, Esq.
nende@tlgdc.com
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Attorneys for Michael D. Lansky,
Michael D. Lansky, LLC dba Avid Telecom

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, ex rel. Kristin K. Mayes Attorney General et al.,<br><br>Plaintiffs<br><br>v.<br><br>Michael D. Lansky, LLC, dba Avid Telecom, an Arizona Limited Liability Company;<br><br>Michel D. Lansky, individually As a Member/Manager/Chief Executive Officer of Michael D. Lansky, LLC dba Avid Telecom; and<br><br>Stacey S. Reeves, individually as a Manager/Vice President of Michael D. Lansky LLC dba Avid Telecom<br><br>Defendants. | Case No. 4:23-cv-00233-EJM |

**Response of Defendants to Plaintiff's Motion to Compel Defendant**
<u>**Michael D. Lansky LLC dba Avid Telecom**</u>

Michael D. Lansky, LLC dba Avid Telecom, LLC ("Avid Telecom"), Michael D. Lansky ("Lansky"), and Stacey Reeves ("Reeves"), by and through their undersigned counsel, hereby respond to the Plaintiff's Motion to Compel Defendant Michael D. Lanksy LLC dba Avid Telecom's Document production in response to Plaintiff's First set of Request for Production of Documents.

## Introduction

The entire theory of Plaintiffs' Motion is misplaced.  As the Court is aware, the parties were each provided the opportunity to set forth discovery issues of concern in pleadings filed last Fall.  The stated purpose of those pleadings was to identify and to address all extant issues.  Each of the Parties did so.  The magistrates' order stated "that the defendants shall by November 28, 2025, and to the extent they have not already done so, respond to the plaintiffs' First Set of Requests for Production of Documents and comply with the court's ESI ("Electronically Stored Information") order (Doc. 120) regarding Bates numbering, specifying which documents relate to which requests, and disclosing all documents with a "parent-child" relationship, among other things." The Magistrate's subsequent order provided "that the parties' counsel shall confer on or before Friday, December 12, 2025*, regarding any discovery issues remaining following the responses ordered herein and attempt to resolve any such issues*."

Defendants have complied with the order and are steadily producing the documents with Bates, along with a spreadsheet setting forth the applicable Bates numbers. As Defendants' responses clearly demonstrate, *they have not withheld any documents based on any of the asserted objections*. Plaintiffs appear to be trying to game the process by hiding the ball and then accusing Defendants of a failure to comply. Indeed, while Plaintiffs now complain about alleged failures to produce, no mention

was made of most of the RFP's identified in the Motion, including RFP Nos. 2-24, 27-39, 41-42, 44-45, 48-55, 57-60, 64 subsection j, 66, 72, 76, 92-95, 98.  The addressed issues in the Meet and Confer were completely different. As a result, there has never been the good-faith consultation that is expressly required by the federal rules.

In recognition of the fact that the 2-hour meet and confer (which was increased from one hour at Defendants' request) did not allow either party to identify and for the parties to address the large number of issues, the parties agreed that they would exchange lists of additional issues and, as necessary, set another meet and confer. However, rather than meet the terms of this agreement, Plaintiffs preferred to cast false aspersions on Defendants by filing this motion seeking judicial intervention rather than actually resolving all issues in good faith.[1]. Defendants have seen this disingenuous "movie" before.  Plaintiffs' motion should be denied in its entirety until that meet the requirements of the federal rules to meet and confer.

### Argument

Pursuant to FRCP rule 37(a)(1), the Plaintiffs are required "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." The courts have repeatedly asserted the importance of this meet and confer and held that the movants motion should be denied for failure to meet and confer. *Cavanaugh v. S. California Permanente Med. Grp., Inc.*, 583 F. Supp. 2d 1109, 1139 (C.D. Cal. 2008); *See Acosta v. Austin Elec.*

---

[1] In contrast, Defendants have met the terms of the parties' agreement by sending a list of meet and confer issues before seeking court intervention.  *See* issues list Exhibit I hereto.

*Servs. LLC*, 324 F.R.D. 210, 212, 2017 U.S. Dist. LEXIS 219834, *8, 2017 WL 8682116.

Plaintiffs have failed to meet and confer in good faith before filing this Motion as required under FRCP rule 37(a)(1) and Local Rule 7.2(j). Nonetheless. Plaintiffs attach a Good Faith Consultation Certificate falsely representing to the Court that they had done so. During the Meet and Confer, the only pertinent issues addressed with respect to any document production by Plaintiffs were the following:

- No usable document Index from Avid
    - Responsive documents already produced
- Avid's Policies and Procedures/ Robocall Mitigation Documents
    - Responsive documents already produced
- The General Ledger issue for the missing year
    - All available documents have been produced
- Account history logs for upstream customers
    - All available documents have been produced
- Unsigned Discovery Responses.
    - Issue resolved.

Beyond these, the Plaintiffs did state that there were some more issues that they agreed to meet and confer through the writing regarding RFP's and RFAs. No issue was raised with respect to the specific Requests identified in the Motion to Compel.[2] Defendants remain ready and anxious to set a time for an additional meet and confer in which each party can set forth its remaining concerns in an effort to resolve them in good faith.

---

[2] Request Nos 2-24, 27-39, 41-42, 44-45, 48-55, 57-60, 64 subsection j, 66, 72, 76, 92-95, 98. The responsive requests sought by the Plaintiffs in Motion to Compel were not addressed or even pointed out by the Plaintiffs in the Meet and Confer on December 9, 2025.

## Conclusion

For the reasons stated, Defendants respectfully request that the Magistrate order the parties to engage in a further meet and confer call and to report back as to any remaining unresolved issues.

Respectfully submitted,

*/s/ Neil S. Ende*

Neil S. Ende
*Pro Hac Vice*
*Counsel to Michael D. Lansky, LLC*
*dba Avid Telecom*
*Michael D. Lansky and Stacey S. Reeves*

Dated: January 21, 2026