Exhibit I

**List of Meet and Confer Issues by Defendants**

**General M&C Issues**

- Plaintiffs' continuing failure and refusal to designate 30b6 witnesses ordered by the Magistrate

- Plaintiffs' continuing failure and refusal to produce a privilege log

- Plaintiffs' delivery of a useless Bates spreadsheet (based on Bates numbers not Request numbers)

- Boilerplate objections to virtually every discovery request (see examples below)

- Boilerplate objections throughout based on relevance are not properly documented in any case

    - FRCP Rule 33(b)(3) for interrogatories and FRCP Rule 34(b)(2) for requests for production of documents both require that the grounds for an objection must be stated with specificity.

- Boilerplate objections throughout based on based on "breadth" and "burden" are improper boilerplate

- Boilerplate objections throughout based on the use of "any" or "all" are improper and boilerplate

- Boilerplate objections throughout based on the fact that responsive document was allegedly already produced is improper without providing the Bates number of the document.

- Objection based on use of term "CID" is bad faith in that is term used by each issuing Plaintiff  - See, e.g., First RFP #5.

- Objections based on materials that constitute notice to any Defendant that a Civil Investigation Demand is to be issued are not relevant to any claim or defense in this matter - See, e.g., First RFP #6.

- Boilerplate objections based on failure to define "telecommunications service" is bad faith as definition of that term is well established and specifically defined in the Communications Act Section 153(53) - See, e.g., First RFP #6.

- Objections based on the use of "subpoena" is bad faith as that term is well understood. - See, e.g., First RFP #7, 8

- Boilerplate objections based on the use of the term "Lead Plaintiff State" are extreme bad faith due to the Lead Plaintiff State's self-serving decision as to which Plaintiffs serve in that capacity as well as its continuing refusal designate a "Person" with knowledge to testify - See, e.g., First RFP #7, 8

- Boilerplate objections based on the claim that the documents are "internal materials concerning internal deliberations and communications" are improper, especially without the production of a privilege log, which Plaintiffs have refused to produce.   See [Federal Rule of Civil Procedure (FRCP) 26(b)(5)(A)(ii)](#) (FRCP 26(b)(5)(A)(ii)).  – See, e.g., First RFP # 8.

- Boilerplate objections throughout the Responses based on failure to identify a time period are bad faith as the complaint clearly sets forth the relevant time period.

- Objection based on use of term "CDR" is bad faith in that is term used in the complaint by each issuing Plaintiff - See, e.g., First RFP #19, 20.

- Improper withholding of CDRs—which are the core data points of Plaintiffs allegations-- See, e.g., First RFP # 21, 22.

- Objections based on the use of "called party" are bad faith as that term appears repeatedly in the complaint and thus Plaintiffs are well aware of the meaning. - See, e.g., First RFP # 29, 30, 31, 32

- Objections based on the use of term "Actual Knowledge" are bad faith as that term is used in the complaint and thus Plaintiffs are well aware of the meaning of the term and the definition provided is clear and reasonable.  Plaintiffs' bad faith is further evidenced by the use of the term "actual knowledge" in the cited case.  - See, e.g., First RFP # 33, 34, 35, 36, 37, 38, 39, 40

- Objections based on the use of term "illegal" are bad faith as that term is used repeatedly in the complaint and thus Plaintiffs are well aware of the meaning of the term.  See, e.g., First RFP # 20, 22, 23, 28, 33, 34, 35, 36, 37, 38, 39, 40

- Boilerplate objections throughout based on the claim that the investigation is "ongoing", particularly without more specificity are not proper. - See, e.g., First RFP # 20, 22, 24, 25, 26, 27, 28, 29, 31, 33, 34, 35, 36, 37, 38, 39, 40.

- The objection to Defendants' request (RFP # 47) to identify the person who decided to file the complaint is not proper, particularly in the context of Plaintiffs continuing refusal to designate "corporate" witnesses.

- Plaintiffs Response to RFP # 655 is unclear whether production is being made.  Please clarify.

- Plaintiffs Response to RFP # 656 is unclear whether production is being made.  Please clarify.

- Plaintiffs Response to RFP # 657 is unclear whether production is being made.  Please clarify.

- Plaintiffs Response to RFP # 658 is unclear whether production is being made.  Please clarify.

- Plaintiffs' refusal to produce documents in response to RFP #660 is bad faith given the extensive mention of "Spiller" in the complaint and discovery. Demand is made that Plaintiffs respond fully to this RFP.

- Plaintiffs' refusal to produce documents in response to RFP #661 is bad faith given the extensive use of data derived from carriers through the CID process in the complaint and Expert Report. Demand is made that Plaintiffs respond fully to this RFP.  In the absence of a proper response, Defendants will seek to bar the introduction of any data obtained through the CID process.

- Plaintiffs' refusal to produce documents in response to RFP #662 is extraordinary bad faith given the extensive use of data derived from carriers through the CID process in the complaint and Expert Report. Demand is made that Plaintiffs respond fully to this RFP. In the absence of a proper response, Defendants will seek to bar the introduction of any data obtained through the CID process.

- Plaintiffs' refusal to produce documents in response to RFP #663 is extraordinary bad faith and improper given Plaintiffs' reliance on the claim that Defendants knew that they were receiving illegal calls from multiple carriers. Demand is made that Plaintiffs respond fully to this RFP. In the absence of a proper response, Defendants will seek to bar the introduction of any evidence of knowledge.

- Plaintiffs' refusal to produce documents in response to RFP #665 is extraordinary bad faith and improper given Plaintiffs' reliance on the claim that Defendants should have known that they were receiving illegal calls from multiple carriers. Demand is made that Plaintiffs respond fully to this RFP. In the absence of a proper response, Defendants will seek to bar the introduction of any evidence of knowledge.

- Plaintiffs' refusal to produce documents in response to RFP #666 is bad faith given the extensive mention of "Spiller" in the complaint and discovery. Demand is made that Plaintiffs respond fully to this RFP. In the absence of a proper response, Defendants will seek to bar the introduction of any evidence

that refers to or relates to Spiller.

- Plaintiffs' refusal to produce documents in response to RFP #667 is bad faith given the extensive mention of "Spiller" in the complaint and discovery. Demand is made that Plaintiffs respond fully to this RFP. In the absence of a proper response, Defendants will seek to bar the introduction of any evidence that refers to or relates to Spiller.

- Plaintiffs' refusal to produce documents in response to RFP #668 is bad faith given the extensive mention of "Spiller" in the complaint and discovery. Demand is made that Plaintiffs respond fully to this RFP. In the absence of a proper response, Defendants will seek to bar the introduction of any evidence that refers to or relates to Spiller.

- Plaintiffs' refusal to produce documents in response to RFP #669 is bad faith given the extensive mention of "Spiller" in the complaint and discovery as well as Plaintiffs' unique access to confidential documents associated with the Consent Decree. Demand is made that Plaintiffs respond fully to this RFP. In the absence of a proper response, Defendants will seek to bar the introduction of any evidence that refers to or relates to Spiller.

- Plaintiffs' refusal to produce documents in response to RFP #673 is bad faith given that Plaintiffs have made this allegation, repeatedly. Demand is made that the requested documents be produced.

- Plaintiffs' refusal to produce documents in response to RFP #675 is bad faith given that Plaintiffs have made this allegation, repeatedly. Demand is made that the requested documents be produced.

- Plaintiffs' refusal to produce documents in response to RFP #676 is bad faith given core relevance of each of these issues. Demand is made that the requested documents be produced.

- Plaintiffs' refusal to produce documents in response to RFP #678 based on the vague and non-specific suggestion that it has already done so. At a minimum, more specificity is required as to which previous responses Plaintiffs are referring to.

- Plaintiffs' refusal to produce documents in response to RFP #679 based on the vague and non-specific suggestion that it has already done so. At a minimum, more specificity is required as to which previous responses Plaintiffs are referring to.

- Plaintiffs' refusal to produce documents in response to RFP #680 based on the vague and non-specific suggestion that it has already done so. At a minimum, more specificity is required as to which previous responses Plaintiffs are

referring to.

**<u>Admissions</u>**

- We believe that a response is required to RFA # 5, 6

- The response to RFA # 17 is unintelligible.  A proper response is demanded.

- The response to RFA # 18 is unintelligible.  A proper response is demanded.

- The response to RFA # 19 is unintelligible.  A proper response is demanded.

- The response to RFA # 19 is unintelligible.  A proper response is demanded.

- The response to RFA # 23 is incomplete to the extent that it is limited to voicemails taken by YouMail.  Plaintiffs have admitted that some of the calls were recorded by Honey Pots, that are by definition, not YouMail.  Demand is made that you revise your Response to directly admit or deny that calls received by Honey Pots were recorded.

- Now that Plaintiffs have (belatedly) provided their damages, please update the Response to RFAs # 27 and 28.

- We believe that your denial of RFA #29 is not correct.  Demand is made that you correct that Response.