**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | CV 23-00233-TUC-CKJ (MAA) |
| Plaintiffs, v. | |
| Michael D. Lansky, L.L.C., dba Avid Telecom; et al., | **ORDER** |
| Defendants. | |

Pending before the court is the plaintiffs' motion, filed on December 5, 2025, to determine the sufficiency of the defendants' answers to the plaintiffs' First Set of Requests for Admission. Doc. 187. The defendants filed a response on December 19, 2025. Doc. 191. The plaintiffs filed a reply on December 29, 2025. Doc. 192.

Background

"On May 23, 2023, Plaintiffs, [48 states and the District of Columbia], filed this action against Defendants Michael D. Lansky L.L.C., dba Avid Telecom (Avid Telecom), M. Lansky, individually, and Stacey Reeves, individually and as Vice President of Operations and Sales of Avid Telecom." Order denying Motion to Dismiss, Doc. 64, p. 1. "Plaintiffs allege Defendants violated the Telemarketing and Consumer Fraud and Abuse Prevention Act ('Telemarketing Act'), 15 U.S.C. § 6101 et seq.; the Telemarketing Sales Rule ('TSR'), 16 C.F.R. § 310 et seq.; the Telephone Consumer Protection Act ('TCPA'), 47 U.S.C. § 227 et seq., and certain state

laws that protect consumers against unfair and deceptive trade practices, including unfair, deceptive, abusive, and illegal telemarketing practices." Doc. 64, p. 1.

"Plaintiffs' case focuses on the barrage of unwanted robocalls sent to millions of American consumers that are harassing, annoying, threatening, and malicious." Doc. 64, p. 1. "The Complaint alleges the Defendants are in the business of providing Voice over Internet Protocol (VoIP) services, facilitating, or initiating robocalls, and/or helping others make robocalls." Doc. 64, p. 1 (*citing* Complaint, Doc. 1).

In the pending motion, the plaintiffs move, pursuant to Fed.R.Civ.P. 36(a)(6), that the court "determine the sufficiency of certain answers and objections" from the defendants "in response to Plaintiffs' First Set of Requests for Admissions." Doc. 187, p. 1. They served their First Set of Requests for Admissions on August 20, 2025. Doc 187, p. 2.

Rule 36 discusses Requests for Admission. Fed.R.Civ.P. Under the Rule, "[a] party may serve on any other party a written request to admit . . . the truth of any [relevant] matters . . . relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed.R.Civ.P. 36(a)(1).

The plaintiffs argue first that the defendants failed to timely respond to their First Set of Requests. Doc. 187, p. 5. On the issue of timeliness, the Rule provides as follows:

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

Fed. R. Civ. P. 36(a)(3).

The plaintiffs explain that the original deadline for the defendants' answers was September 19, 2025. Doc. 187, p. 5. On that day, however, the defendants sought an extension of the deadline, and the parties agreed to an extension to September 23, 2025. *Id*. The plaintiffs assert that the defendants "did not serve their responses until September 24, 2025." *Id*. Accordingly, they argue that their Requests should be deemed "admitted" due to the defendants' failure to serve timely responses pursuant to Fed.R.Civ.P. 36(a)(3). *Id*.

- 2 -

In their response brief, the defendants explain that their written answers were filed on the morning of September 24, 2025, a mere four hours after the deadline, due to "formatting and auto-numbering issues" that arose due to the "huge . . . 900+ admissions set forth in approximately 400 pages of text." Doc. 191, p. 6. They argue, among other things, that the court should find that the delay constitutes "excusable neglect." Doc. 191, p. 7. The plaintiffs do not address the issue of "excusable neglect" in their reply brief. Doc. 192.

"When an act . . . must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed.R.Civ.P. 6(b)(1)(B). "Excusable neglect is an elastic concept that is determined by considering, *inter alia*: the danger of prejudice to the party not under scrutiny, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Williams v. Levi Strauss & Co.*, 2024 WL 472727, at *1 (D. Nev. Feb. 7, 2024) (punctuation modified).

Here, there is no allegation of prejudice. The delay was minimal, and the reason for the delay is understandable. The court finds that the defendants failed to timely file their answers due to "excusable neglect" and there is good cause to excuse the failure. *See* Fed.R.Civ.P. 6(b)(1)(B). The pending motion is denied to the extent it relies on Fed. R. Civ. P. 36(a)(3).

The plaintiffs argue in the alternative that if the defendants' answers were not untimely, they are substantively insufficient. Doc, 187, pp. 6-11.

Addressing the content of the answer, the Rule reads in pertinent part as follows:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4). If the proponent of the request is dissatisfied with the answer, the Rule contemplates a motion as follows:

> The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. . . .

Fed. R. Civ. P. 36(a)(6).

The plaintiffs assert specifically that the defendants' responses are "insufficient because they contain typographical errors that render them unintelligible and unusable." Doc. 187, p. 6. They further argue that the defendant Reeves' "initial and supplemented responses inconsistently refer to the Defendant in both the first and third person, further compounding the confusion and lack of clarity." *Id*.

In their response brief, the defendants assert that their Supplemental Responses have already resolved the numbering, typographical, and point-of-view errors. Doc. 191, p. 8. They cite to their Exhibit V, but this Exhibit is only a record that the First Supplemental Response was transmitted on December 1, 2025. Doc. 191-5, p. 2. It is not a copy of those Responses.

The plaintiffs disagree with the defendants and assert that errors still remain. Doc. 192, pp. 4-5. They cite to 32 separate sections in the Supplemental Responses, which they deem insufficient, but they do not direct the court specifically to what errors they found in each section or why they deem those errors problematic. Doc. 192, p. 5. Without specific direction, the court cannot properly evaluate the plaintiffs' objections. However, as a general matter, the court agrees that, in the absence of a valid, specific and timely objection, Defendants should respond to the interrogatories and the responses should be clear and unambiguous. Plaintiffs may supplement the briefing with specific reference to any deficiencies that remain, for the court to evaluate the particular issues.

The plaintiffs further argue that the "defendants' responses are insufficient because they rely on meritless and boilerplate objections." Doc. 187, p. 6. According to the plaintiffs, the defendants "repeat that the Requests are irrelevant, vague and ambiguous and call for legal

- 4 -

conclusions based on 'specialized definitions' to which Defendants do not agree." Doc. 187, pp. 8-9. The plaintiffs direct the court to Lansky Response No. 27, Reeves Response No. 1, and Avid Telecom Response No. 36. Doc. 187, p. 9, n. 8.

The Request for Admission No. 27 that was directed at defendant Lansky asks the defendant to "Admit that Defendant Avid Telecom provided Telephony Services to Boomsourcing, LLC." Doc. 187-2, p. 312. The plaintiffs object to Lansky's Response No. 27 because the defendant states that he "objects [to] this Request to the extent the Request calls for a legal conclusion based on specialized definitions (e.g., 'Telephony Services') to which he does not agree." *Id*., Doc. 187, pp. 8-9.

The court agrees that the defendant's objection is somewhat problematic. However, the defendant's response did not stop with this objection. He further stated that "[W]ithout waiving the General Objections and the Specific Objections stated above Lansky admits that to the best of his current recollection, knowledge and belief, it is his understanding Avid Telecom provided Telephony Services to Boomsourcing, LLC . . . ." Doc. 187-2, p. 312. The court concludes that the defendant did "Admit" the fact proposed subject to a good faith qualification. *See* Fed. R. Civ. P. 36(a)(4). The defendant's answer was "sufficient" for the purposes of Fed. R. Civ. P. 36(a)(4). *See Pellerin v. Wagner*, No. 2:14-CV-02318 JWS, 2016 WL 950792, at *2 (D. Ariz. Mar. 14, 2016) ("But, because Wagner did not withhold any information on account of these objections, this ruling [rejecting the use of boilerplate objections] does not, by itself, establish that any of Wagner's discovery responses are deficient.").

The Request for Admission No. 1 that was directed at defendant Reeves asks the defendant to "Admit that Defendant Avid Telecom provides, or has provided, Interconnected VoIP Services." Doc. 187-2, p. 423. "'Interconnected VoIP Service' means a service that (1) enables real-time, two-way voice communications; (2) requires a broadband connection from the user's location; (3) requires internet protocol compatible customer premises equipment; and (4) permits users generally to receive calls that originate on the public switched telephone network and to terminate calls to the public switched telephone network." Doc. 187-2, p. 6.

The defendant's response reads as follows:

> Reeves objects to this request as irrelevant to the issues in this case as written and unlikely to lead to the discovery of relevant evidence. Reeves also objects to this request to the extent the Request calls for a legal conclusion based on a specialized definition of "Interconnected VoIP Services." Reeves also objects [to] this Request to the extent [it] is directed to her, in her personal capacity, rather than to Avid Telecom, as the service provider . . . .

Doc. 187-2, p. 423. The court concludes that Reeves's answer is insufficient pursuant to Fed. R. Civ. P. 36(a)(4).

"The Complaint alleges the Defendants are in the business of providing Voice over Internet Protocol (VoIP) services, facilitating, or initiating robocalls, and/or helping others make robocalls." Doc. 64, p. 1 (*citing* Complaint, Doc. 1). A Request to Admit that Avid Telecom provides or has provided VoIP service is relevant. *See* Fed.R.Civ.P. 36(a)(1), 26(b)(1).

The court agrees with the defendant that a Request for Admissions may not be posed to establish questions of law, but this Request does not ask for a legal conclusion. It asks the defendant to admit a fact or an opinion about a fact, which is proper. Fed.R.Civ.P. 36(a)(1).

The defendant's objection that the Request is directed to her in her personal capacity is also overruled. The Rules do not require that a Request for Admission be directed to the most knowledgeable party.

The defendant's answer does not admit, deny "or state in detail why the answering party cannot truthfully admit or deny it." Fed.R.Civ.P. 36(a)(4). The answer is insufficient. *Id*. The defendant must serve an amended answer to this Request and any other Request to which the defendant did not admit, deny, "or state in detail why the answering party cannot truthfully admit or deny it." Fed.R.Civ.P. 36(a)(4); Fed.R.Civ.P. 36(a)(6); *see also* Fed.R.Civ.P. 1.

The Request for Admission No. 36 that was directed at the defendant Avid Telecom asks the defendant to "Admit that Glass Roots Marketing was a Non-Provider Customer of Defendant Avid Telecom." Doc. 187-2, p. 196.

In Avid's Response No. 36, the defendant objects due to relevance, and because the Request calls for a "legal conclusion based on specialized definitions. . . . to which he does not agree." Doc. 187-2, p. 196.

The court agrees that the defendant's initial objections are somewhat problematic. However, the defendant's response did not stop there. It further stated that "[W]ithout waiving the General Objections and the Specific Objections stated above Avid denies that [sic],[1] to the best of its current recollection, knowledge, and belief, the allegation that Glass Roots Marketing was a Non-Provider Customer of Avid Telecom." Doc. 187-2, p. 196. The court concludes that the defendant did "Deny" the fact proposed in the Request for Admission No. 36 subject to a good faith qualification. *See* Fed. R. Civ. P. 36(a)(4). The defendant's answer was "sufficient" for the purposes of Fed. R. Civ. P. 36(a)(4).

The plaintiffs argue generally that the "Defendant's responses are deficient under Rule 36 because they (1) explicitly premise each response on stated objections, (2) improperly introduce unsupported opinions about observance of industry standards of care, and (3) claim they are unable to understand common terms." Doc. 187, p. 10. As the court observed above, however, whether the responses are deficient depends in large part on whether they ultimately admit, deny or "state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). The court cannot categorically state that these objections are or are not permitted.

The plaintiffs further object that "responses to nearly identical Requests are inconsistent from defendant to defendant." Doc. 187, p. 11. For example in Request 8, Reeves states that she does not understand a particular term, while Lansky and Avid do understand it. *Id*. Without more, however, the court finds nothing suspicious about the fact that some defendants understand things that another defendant does not.

---

[1] The answer contains a grammatical error, but it is still understandable.

- 7 -

The plaintiffs further argue that defendant Reeves' response to Request No. 291 is deficient because she objected that the word "exclusive" was too vague. Doc. 187, p. 11. In that Request for Admissions, Reeves was asked to "Admit that You were the exclusive user of the email address Stacey@reeveshouse.net." Doc. 187-2, p. 583. Reeves responded as follows:

> Specific Objections: Object that "exclusive" is vague, absolute, and undefined, and that the RFA lacks any temporal limitation.
>
> Response: Subject to and without waiving the General Objections and these Specific Objections, Reeves denies this Request.

Doc. 187-2, pp. 583-584. The court observes that, while Reeves did voice an objection, she did ultimately "Deny" the Request subject to a qualification. *See* Fed. R. Civ. P. 36(a)(4). The court finds that the response is sufficient. *See* Fed. R. Civ. P. 36(a)(4).

IT IS ORDERED that the plaintiffs' motion, filed on December 5, 2025, to determine the sufficiency of the defendants' answers to the plaintiffs' First Set of Requests for Admission is Granted-in-Part. Doc. 187. Defendant Reeves must serve an amended answer to Request for Admission No. 1. Defendants must serve amended answers for any Request to which the defendant did not admit, deny, "or state in detail why the answering party cannot truthfully admit or deny it." Fed.R.Civ.P. 36(a)(4); Fed.R.Civ.P. 36(a)(6). Defendants must ensure that their written responses are intelligible and unambiguous. The parties should continue to conduct their discovery in accordance with this order.

DATED this 22nd day of January, 2026.

Honorable Michael A. Ambri
United States Magistrate Judge