Neil S. Ende, Esq.
nende@tlgdc.com
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Attorneys for Michael D. Lansky,
Michael D. Lansky, LLC dba Avid Telecom
Stacey S. Reeves

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, ex rel. Kristin K. Mayes Attorney General et al.<br><br>  Plaintiffs<br><br>v.<br><br>Michael D. Lansky, LLC, dba Avid Telecom, an Arizona Limited Liability Company;<br><br>Michel D. Lansky, individually As a Member/Manager/Chief Executive Officer of Michael D. Lansky, LLC dba Avid Telecom; and<br><br>Stacey S. Reeves, individually as a Manager/Vice President of Michael D. Lansky LLC dba Avid Telecom<br><br>  Defendants. | Case No. 4:23-cv-00233-EJM |

**Motion to Compel Designation of 30(b)(6) Witnesses and for Sanctions**

Defendants Michael D. Lansky, LLC dba Avid Telecom, LLC, Michael D. Lansky and Stacey Reeves ("Defendants"), by and through their undersigned counsel, and pursuant to FRCP Rule 37(a)(3)(B) and D. Ariz. LRCiv 37.1, hereby respectfully ask this Court to Compel the Plaintiffs to designate of witnesses in response to the Notices of Deposition *first issued more than nine months ago, in April 2025*. As the witnesses at issue are among the most critical fact witnesses in the case, Plaintiffs' continuing refusal to designate undeniably constitutes a material, continuing, and willful violation of the federal rules, in direct and knowing defiance of the Magistrate's October 24th order, which expressly confirmed Defendants' right to depose each of the named states. This level of willful obstruction and defiance of a specific court order cannot be countenanced.

**Background**

On April 22, 2025, Plaintiff served Notices of Deposition pursuant to Fed. R. Civ. P. 30(b)(6) on each of the so-called (and self-designated) Lead Plaintiff states and each of the states with state law claims. *See* Exhibit I(Original Deposition Notices).

As set forth in Defendants' meet and confer pleadings, filed last fall, the first step in Plaintiffs' continuing effort to avoid witness designations consisted of multiple boilerplates and facially absurd objections (*e.g.,* objecting on the grounds that the Notice sought the production of personally identifiable information). To no surprise, the Magistrate concluded that "*defendants are entitled to Rule 30(b)(6) depositions addressing the factual allegations contained in the Complaint*." The Order required Plaintiffs to resolve all discovery issues "by November 28, 2025." [Dkt. 170].

Plaintiffs made no effort to resolve these issues by the due date. Thus, in an effort to break the seven-month logjam, on November 28, 2026, Defendants sent revised 30(b)(6) deposition Notices. To avoid further conflict regarding the topics for designation, Defendants revised Notices incorporated the exact language of the Magistrate's order, asking Plaintiffs to designate witnesses with knowledge of "the factual allegations contained in the Complaint."

One would think that the clear language of the Magistrate's Order, along with the issuance of these revised Notices quoting that language, verbatim, would finally lead to witness designation. Unfortunately, instead, the bad faith gamesmanship continued. Indeed, rather than simply comply with the Magistrate's clear order, Plaintiffs argued that "The Court's Order said nothing about witness designations being due to Defendants on November 28." *See* Exhibit II (Emails).

In a further attempt to break the logjam, on January 23, 2026, Defendants sent yet another set of Notices containing even narrower topics along with the specific proposed date for each deposition. *See* Exhibit III (Revised Deposition Notices). To date, Plaintiffs have still refused to designate even a single witness. Remarkably, even though the topics identified by Defendants are narrower than the original topics, after nine months of obfuscation, Plaintiffs claim that they need even more time to identify and to designate. *See* Exhibit IV (Additional Emails)

Plaintiffs know exactly what they are doing. As the Court has recognized, Defendants are entitled to depose witnesses designated by Plaintiffs with knowledge of "the factual allegations contained in the Complaint." If Plaintiffs truly believed that they

have witnesses who could present facts evidencing that the Defendants have violated the law, they would be happy to present them. Yet, they are fighting tooth and nail not to do so. Why? Because Plaintiffs know full well that if they are required to present such witnesses for deposition, it will be come immediately apparent that: (i) in many instances, the designated witness(es) will have no such facts or personal knowledge; (ii) in many instances, there is not a witness with the required personal knowledge of the facts; (iii) in many instances, all of the facts come from the hearsay and otherwise unreliable testimony of third parties who have been declared suspect by Plaintiffs in this or other contexts; and/or, most disturbingly, (iv) many, if not all of the Plaintiffs, apparently signed the complaint without taking the actions required to verify "the factual allegations contained [therein]" as required by FRCP Rule 11."[1] Indeed, as amazing as it may seem, Plaintiffs have repeatedly argued to Defendants that 30(b)(6) depositions cannot be justified specifically because no signing Plaintiff has personal knowledge of the material facts and, thus, depositions would be a waste of time.

     Plaintiffs' continuing failure and refusal to designate is not only extreme bad faith and a willful violation of both the federal rules and the Magistrate's October Order, but also has the *intended effect* of materially obstructing the discovery process and materially prejudicing Defendants' ability to prepare for trial.

---

[1] Under Federal Rule of Civil Procedure 11, an attorney's "signature certifies to the court that the signer has read the document, has conducted a reasonable inquiry into the facts and the law and is satisfied that the document is well grounded in both, and is acting without any improper motive." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 542, 111 S. Ct. 922, 112 L. Ed. 2d 1140 (1991). *See United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1179, 2016 U.S. App. LEXIS 22368, *37.

**ARGUMENT**

FRCP 30(b)(6) could not be clearer: upon receipt of notice, an entity must designate one or more representatives to testify as to matters known or reasonably available to the organization." *See McDivitt v. Gov't Emps. Ins. Co.,* No. 1 CA-CV 15-0732, 2017 WL 631621, at *3 (Ariz. Ct. App. Feb. 16, 2017)

Attorneys General are not exempt from this obligation. The obligations of Rule 30(b)(6) expressly apply to "a public or private corporation, a partnership, an association, a governmental agency, or other entity," and requires the named organization to designate one or more persons to testify on its behalf. *See Donoghue v. Orange Cnty.*, 848 F.2d 926 (9th Cir. 1987). Courts have held that an attorney general's office, as a government "agency" that is a party, is subject to Rule 30(b)(6) like any other organizational litigant and must designate one or more witnesses. Moreover, the commentary to Rule 30(b)(6) discussing enforcement authorities notes that courts recognize Rule 30(b)(6) "expressly applies to a government agency and provides neither an exemption from Rule 30(b)(6) nor special consideration concerning the scope of discovery, ***especially when [as here, the agency] voluntarily initiates an action***." (Emphasis added).[2]  *See SEC v. Merkin*, 283

---

[2] Multiple Courts around the country have held that "the Government Agency are not given special consideration or exempted from the Rule 30(b)(6*)." See SEC v. Kramer,* 778 F. Supp. 2d 1320, 1322, 2011 U.S. Dist. LEXIS 38968, *1*; United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, 2009 U.S. Dist. LEXIS 122533, *7; *SEC v. Collins & Aikman Corp.*, 256 F.R.D. 403, 414, 2009 U.S. Dist. LEXIS 3367, *28, Fed. Sec. L. Rep. (CCH) P95,045; *EEOC v. Sterling Jewelers, Inc.*, 2010 U.S. Dist. LEXIS 71429, *5, 2010 WL 2803017

F.R.D. 689, 690, 2012 U.S. Dist. LEXIS 80922, *1, Fed. Sec. L. Rep. (CCH) P96,930. The Magistrate's Order recognizes this obligation.

## CONCLUSION

There is nothing complex or difficult about the facts underlying this Motion or the proper response from the Court. For *nine months*, Plaintiffs refused to designate witnesses in response to legitimate Notices issued under Rule 30(b)(6). That conduct was an affront to this Court, the mandates of the federal rules, and to Defendants' counsel. When Defendants brought this conduct to the attention of the Magistrate, and the Magistrate considered Plaintiffs' response last fall, he issued a clear and direct order requiring Plaintiffs to designate witnesses with knowledge of "the factual allegations contained in the Complaint." [Dkt 170] In the full knowledge of the Order, as well as the repeated requests from Defendants, Plaintiffs have wilfully failed and refused to comply when and as ordered. This conduct, and the cynical manner in which it has been pursued, constitutes a direct and wilful affront to the Court.

Rules matter. Respect for the Court orders matters. Respect for Court orders relating to witnesses whose testimony is central to the core issues in this case matters even more. From the outset of this case, Plaintiffs have acted as if they are in a special protected class and that the rules simply do not apply to them. The fact is that Plaintiffs are not excused from complying with court orders just because they present under the title of attorneys general. Indeed, just the opposite. The Arizona Supreme Court has found that prosecutors "like judges, are held to a higher standard" and must act as "ministers of justice." *See In re Ethics Opinion No. 74-28*, 111 Ariz. 519, 533 P.2d 1154

(1975). Plaintiffs' willful defiance of the express language of the Magistrate's order authorizing 30(b)(6) depositions falls far below this standard.

Plaintiffs' wholesale and willful disobedience of the clear language of the Magistrate's October Order warrants the imposition of the harshest available sanctions under FRCP Rule 37(b)(2)(A).[3] *See Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1336, 1985 U.S. App. LEXIS 21291, *1, 2 Fed. R. Serv. 3d (Callaghan) 196; *See also Henry v. Gill Industries, Inc.,* 983 F.2d 943, 945, 1993 U.S. App. LEXIS 240, *1, 93 Cal. Daily Op. Service 233, 93 Daily Journal DAR 536, 24 Fed. R. Serv. 3d (Callaghan) 1164.

Refusing to designate or identify a witness on a noticed topic is functionally a failure to disclose "information or witness" within the meaning of Rules 26.1 and 37(c)(1), which triggers the default sanction that the party "shall not…use as evidence at trial…the information or witness not disclosed." Accordingly, given the scope, duration, and plainly wilful nature of the failure, and the arrogant disrespect of this Court that it embodies, Defendants respectfully ask that the Court bar all Plaintiffs from introducing any evidence

---

[3] **(2)** *Sanctions Sought in the District Where the Action Is Pending.*
**(A)** For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
**(i)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
**(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
**(iii)** striking pleadings in whole or in part;
**(iv)** staying further proceedings until the order is obeyed;
**(v)** dismissing the action or proceeding in whole or in part;
**(vi)** rendering a default judgment against the disobedient party; or
**(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. USCS Fed Rules Civ Proc R 37

about any of the topics for which designations were requested and not provided. *See, e.g.,* Arizona Rule of Civil Procedure 26.1(c) (which provides that, in addition to other sanctions, the court **shall exclude** at trial any evidence offered by a party that was not timely disclosed, absent leave of court for good cause; Arizona Rule of Civil Procedure 37(c)(1); *Marquez v. Ortega*, 231 Ariz. 437, 296 P.3d 100 (App. 2013).

For the foregoing reasons, Plaintiff respectfully requests that the Court include the following relief:

- Bar all Plaintiffs from introducing any evidence about any of the topics for which designations were requested and not provided;

- In the event that the Court is not willing to impose a bar on the introduction of evidence:
  - Compel Defendant to designate Rule 30(b)(6) witness(es) with knowledge of each topic immediately upon the issuance of this Order, but in all events no later than two business days thereafter;

- Award Plaintiff reasonable attorney's fees and costs; and

- Grant such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Neil S. Ende

_____
Neil Ende, Esq.
Technology Law Group, LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015
*Attorneys for Defendants*

Dated: January 28, 2026

**Certificate of Service**

I hereby certify that on the 28th day of January 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

/s/ Silsa Cabezas

_____
Silsa Cabezas