Exhibit I

# **Original Deposition Notices**

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) |
| | ) NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) |
| | ) |
| Defendants. | ) |

    **PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Alabama (the "Alabama Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation of fact set forth in paragraphs 89.a. of the complaint that Avid Telecom routed more than 25,983 calls containing unlawful content to phone numbers with Alabama area codes.

c) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

e) The person(s) associated with the Alabama Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

f) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Alabama Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Alabama Attorney General is located at 501 Washington Avenue, Montgomery, Alabama 36130.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.


By:

_____

Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015


Dated: April 22, 2025        *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:


Lindsay D. Barton (AL Bar No. 1165G00N)
Robert D. Tambling (AL Bar No. 6026N67R)
Assistant Attorneys General
Office of the Alabama Attorney General
501 Washington  Avenue
Montgomery, Alabama 36130
Phone: (334) 353-2609 (Barton)
        (334) 242-7445 (Tambling)
Fax:    (334)353-8400
Lindsay.Barton@AlabamaAG.gov
Robert.Tambling@AlabamaAG.gov
*Attorneys for Plaintiff State of Alabama*


                                        /s/ Silsa Cabezas
                                _____

                                        Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, | ) | |
| Attorney General; et al., | ) | |
| | ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Michael D. Lansky, L.L.C., | ) | |
| dba Avid Telecom et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Arkansas (the "Arkansas Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a)  The allegations of fact set forth in paragraphs 19-630 of the complaint.

b)  The allegation of fact set forth in paragraphs 89.c. of the complaint that Avid Telecom routed more than 28,790 calls containing unlawful content to phone numbers with Arkansas area codes.

c)  Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

d)  Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

e)  The person(s) associated with the Arkansas Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

f)  Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Arkansas Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Arkansas Attorney General is located at 323 Center St., Ste. 200, Little Rock, AR 72201.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.

By:

_____
Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015


Dated: April 22, 2025          *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:

Amanda Wentz (AR Bar No. 2021066)
Assistant Attorney General
Office of Attorney General Tim Griffin
323 Center St., Ste. 200
Little Rock, AR 72201
Phone: (501) 682-1178
Fax:     (501)682-8118
Amanda.wentz@arkansasag.gov
*Attorney for Plaintiff State of Arkansas*

/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of California (the "California Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation of fact set forth in paragraphs 89.d. of the complaint that Avid Telecom routed more than 80,989 calls containing unlawful content to phone numbers with California area codes.

c) The allegations in paragraph 460 of the Complaint.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

e) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

f) The person(s) associated with the California Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

g) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the California Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the California Attorney General is located at 300 S. Spring St., Suite 1702, Los Angeles, CA 90013.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.

By:

_____
Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015

Dated: April 22, 2025          *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of

Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of

record referenced below this 22nd day of April 2025:


Nicklas A. Akers (CA Bar No. 211222)
Senior Assistant Attorney General
Bernard A. Eskandari (CA Bar No. 244395)
Supervising Deputy Attorney General
Timothy D. Lundgren (CA Bar No. 254596)
Rosailda Perez (CA Bar No. 284646)
Michelle Burkart (CA Bar No. 234121)
Deputy Attorneys General
Office of the California Attorney General
300 S. Spring St., Suite 1702
Los Angeles, CA 90013
Phone: (415) 510-3364
Fax:    (916) 731-2146
nicklas.akers@doj.ca.gov
bernard.eskandari@doj.ca.gov
timothy.lundgren@doj.ca.gov
rosailda.perez@doj.ca.gov
michelle.burkart@doj.ca.gov
*Attorneys for Plaintiff People of the State*
*of California*


/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, | ) | |
| Attorney General; et al., | ) | |
| | ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) | |
| | ) | |
|  v. | ) | |
| | ) | |
| Michael D. Lansky, L.L.C., | ) | |
| dba Avid Telecom et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Connecticut (the "Connecticut Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation in paragraph 89.f of the Complaint that Avid Telecom routed more than 13,825 calls containing unlawful content to phone numbers with Connecticut area codes.

c) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

e) The person(s) associated with the Connecticut Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

f) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Connecticut Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Connecticut Attorney General is located at 165 Capitol Avenue, Suite 4000, Hartford, CT 06106.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.


By:

_____
Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015


Dated: April 22, 2025          *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:

Brendan T. Flynn (Fed. Bar No. ct04545,
CT Bar No. 419935)
Assistant Attorney General
Office of the Connecticut Attorney
General William Tong
165 Capitol Avenue, Suite 4000
Hartford, CT 06106
Phone: (860) 808-5400
Fax:   (860) 808-5593
brendan.flyyn@ct.gov
*Attorney for Plaintiff State of Connecticut*

/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Hawaii (the "Hawaii Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation in paragraph 89.k. of the Complaint that Avid Telecom routed more than 1,975 calls containing unlawful content to phone numbers with Hawaii area codes.

c) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

e) The person(s) associated with the Hawaii Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

f) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Hawaii Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Hawaii Attorney General is located at 425 Queen Street, Honolulu, HI 96813.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc.*, No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp.*, No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.


By:

_____
Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015


Dated: April 22, 2025          *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:

Christopher J.I. Leong (HI Bar No. 9662)
Deputy Attorney General
Hawaii Department of the Attorney General
425 Queen Street
Honolulu, m96813
Phone: (808) 586-1180
Fax:  (808) 586-1205
christopher.ji.leong@hawaii.gov
*Attorney for Plaintiff State of Hawaii*

/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, | ) | |
| Attorney General; et al., | ) | |
| | ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Michael D. Lansky, L.L.C., | ) | |
| dba Avid Telecom et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Nevada (the "Nevada Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation of fact set forth in paragraphs 89.bb. of the complaint that Avid Telecom routed more than 13,990 calls containing unlawful content to phone numbers with Nevada area codes.

c) The specific allegations of fact set forth in paragraphs t15, 521, 524-534

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

e) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

f) The person(s) associated with the Nebraska Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

g) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Nebraska Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Nevada Attorney General is located at 100 North Carson Street, Carson City, NV 89701-4717.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.

By:

_____
Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015

Dated: April 22, 2025          *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:

Michelle C. Badorine (NV Bar No.13206)
Senior Deputy Attorney General
Office of the Nevada Attorney General
Bureau of Consumer Protection
100 North Carson Street
Carson City, NV 89701-4717
Phone: (775) 684-1164
Fax:    (775) 684-1299
MBadorine@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

/s/ Silsa Cabezas
_____

Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) | |
| | ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of New Hampshire (the "New Hampshire Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation of fact set forth in paragraphs 89.cc. of the complaint that Avid Telecom routed more than 4,666 calls containing unlawful content to phone numbers with New Hampshire area codes.

c) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

e) The person(s) associated with the New Hampshire Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

f) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the New Hampshire Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the New Hampshire Attorney General is located at 33 Capitol St., Concord, NH 03301-6397.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.

By:

_____
Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015

Dated: April 22, 2025          *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:

Mary F. Stewart (NH BarNo. 10067)
Assistant Attorney General
New Hampshire Department of Justice
Office of the Attorney General
Consumer Protection and Antitrust Bureau
33 Capitol St.
Concord, NH 03301-6397
Phone: (603) 271-1139
Fax:    (603) 271-2110
Mary.F.Stewart@doj.nh.gov
*Attorney for Plaintiff State of New Hampshire*

/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, | ) | |
| Attorney General; et al., | ) | |
| | ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) | |
| | ) | |
|  v. | ) | |
| | ) | |
| Michael D. Lansky, L.L.C., | ) | |
| dba Avid Telecom et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of New Jersey (the "New Jersey Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation of fact set forth in paragraphs 89.dd. of the complaint that Avid Telecom routed more than 33,514 calls containing unlawful content to phone numbers with New Jersey area codes.

c) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

d) The person(s) associated with the New Jersey Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

e) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553,

Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the New Jersey Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the New Jersey Attorney General is located at 124 Halsey Street, Newark, NJ 07101.

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.

---

at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

By:

_____

Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015

Dated: April 22, 2025          *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:

Deepta Janardhan (NJ Bar No.309022020)
Jeffrey Koziar (NJ BarNo. 015131999)
Deputy Attorneys General
New Jersey Office of the Attorney General
Division of Law
124 Halsey Street
Newark, NJ 07101
Phone: (973) 648-7819
Fax:    (973) 648-4887
Deepta.Janardhan@law.njoag.gov
Jeff.koziar@law.njoag.gov
*Attorneys for Plaintiff State of New Jersey*

/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Rhode Island (the "Rhode Island Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation of fact set forth in paragraphs 89.mm. of the complaint that Avid Telecom routed more than 3,031 calls containing unlawful content to phone numbers with Rhode Island area codes.

c) The specific allegations of fact set forth in paragraphs 597, 603-606

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

e) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

f) The person(s) associated with the Rhode Island Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

g) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Rhode Island Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Rhode Island Attorney General is located at 150 S. Main Street, Providence, RI 02903.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.


By:

_____
Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015


Dated: April 22, 2025          *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:

Stephen N. Provazza (RI Bar No. 10435)
Special Assistant Attorney General
Rhode Island Office of the Attorney General
150 S. Main Street
Providence, RI 02903
Phone: (401) 274-4400, ext. 2476
Fax:   (401) 222-1766
sprovazza@riag.ri.gov

*Attorney for Plaintiff State of Rhode Island,*
*By Attorney General Peter Neronha*

/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, | ) | |
| Attorney General; et al., | ) | |
| | ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) | |
| | ) | |
|  v. | ) | |
| | ) | |
| Michael D. Lansky, L.L.C., | ) | |
| dba Avid Telecom et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Texas (the "Texas Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation of fact set forth in paragraphs 89.pp. of the complaint that Avid Telecom routed more than 82,140 calls containing unlawful content to phone numbers with Texas area codes.

c) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

e) The person(s) associated with the Texas Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

f) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Texas Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Texas Attorney General is located at P.O. Box 12548 (MC-010) Austin, TX 78711.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.


By:

_____
Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015


Dated: April 22, 2025          *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:

David Shatto (Fed. Bar No. 3725697;
TX Bar No. 24104114)
Assistant Attorney General
Attorney General for the State of Texas
Office of the Attorney General
P.O. Box 12548 (MC-010)
Austin, TX 78711
Phone: (512) 463-2185
Fax:    (512) 473-9125
David.Shatto@oag.texas.gov
*Attorney for Plaintiff State of Texas*

/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) |
| | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) ) |
| v. | ) ) |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) ) |
| Defendants. | ) |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Utah (the "Utah Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation of fact set forth in paragraphs 89.qq. of the complaint that Avid Telecom routed more than 10,078 calls containing unlawful content to phone numbers with Utah area codes.

c) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

e) The person(s) associated with the Utah Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

f) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Utah Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Utah Attorney General is located at 160 East 300 South, 5th Floor, P.O. Box 140872, Salt Lake City, UT 84114-0872.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc.*, No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.

By:

_____

Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015

Dated: April 22, 2025          *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:

Kevin McLean (UT Bar No. 16101)
Assistant Attorney General
Utah Attorney General's Office
160 East 300 South, 5th Floor
P.O. Box 140872
Salt Lake City, UT 84114-0872
Phone:(801)366-0310
Fax:   (801) 366-0315
kmclean@agytah.gov
*Attorney for Plaintiff Utah Division of
Consumer Protection*

/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) |
| | ) NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) ) |
| v. | ) ) |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) ) |
| Defendants. | ) |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, Commonwealth of Virginia (the "Virginia Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation of fact set forth in paragraphs 89.rr. of the complaint that Avid Telecom routed more than 1,895 calls containing unlawful content to phone numbers with Virginia area codes.

c) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

e) The person(s) associated with the Virginia Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

f) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Virginia Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Virginia Attorney General is located at 202 N. Ninth St., Richmond, VA 23219

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.


By:

_____
Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015


Dated: April 22, 2025          *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:

Geoffrey L. Ward (VA Bar No. 89818)
Senior Assistant Attorney General
Office of the Attorney General of Virginia
202 N. Ninth St.
Richmond, VA 23219
Phone:(804)371-0871
Fax:    (804)786-0122
gward@oag.state.va.us
*Attorney for Plaintiff Commonwealth of Virginia,*
*ex rei. Jason* S. *Miyares, Attorney General*

/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of West Virginia (the "West Virginia Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation of fact set forth in paragraphs 89.uu. of the complaint that Avid Telecom routed more than 3,983 calls containing unlawful content to phone numbers with West Virginia area codes.

c) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

e) The person(s) associated with the West Virginia Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

f) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the West Virginia Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the West Virginia Attorney General is located at P.O. Box 1789, Charleston, WV 25326.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.


By:

_____

Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015


Dated: April 22, 2025          *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:

Ashley T. Wentz (WVBar No. 13486)
Assistant Attorney General
West Virginia Attorney General's Office
Consumer Protection/Antitrust Division
P.O. Box 1789
Charleston, WV 25326
Phone: (304) 558-8986
Fax:    (304) 558-0184
Ashley.T.Wentz@wvago.gov
*Attorney for Plaintiff State of West Virginia*
*ex rel. Patrick Morrisey, Attorney General*

/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Wisconsin (the "Wisconsin Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation of fact set forth in paragraphs 89.vv. of the complaint that Avid Telecom routed more than 11,692 calls containing unlawful content to phone numbers with Wisconsin area codes.

c) The specific allegations of fact set forth in paragraphs 618, 620-624, 627-630

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

e) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

f) The person(s) associated with the Wisconsin Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

g) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Wisconsin Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Wisconsin State Attorney General is located at P.O. Box 7857, Madison, WI 53707-7857.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.


By:

_____
Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015


Dated: April 22, 2025            *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of

Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of

record referenced below this 22nd day of April 2025:

Gregory A. Myszkowski (WI Bar No.
 1050022)
Assistant Attorney General
Wisconsin Department of Justice
P.O. Box 7857
Madison, WI 53707-7857
Phone: (608) 266-7656
Fax:    (608) 294-2907
myszkowskiga@doj.state.wi.us
*Attorney for Plaintiff State of Wisconsin*

/s/ Silsa Cabezas

_____

Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) | |
| | ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, Commonwealth of Massachusetts (the "Massachusetts Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation of fact set forth in paragraphs 89.u. of the complaint that Avid Telecom routed more than 6,894 calls containing unlawful content to phone numbers with Massachusetts area codes.

c) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

e) The person(s) associated with the Massachusetts Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

f) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Massachusetts Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Massachusetts Attorney General is located at One Ashburton Place, 18th Floor, Boston, MA 02108.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.


By:

_____
Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015


Dated: April 22, 2025          *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:

Carol Guerrero (MA Bar No. 705419)
Assistant Attorney General
Massachusetts Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Phone: (617) 963-2783
Fax:   (617) 727-5765
Carol.Guerrero@mass.gov
*Attorney for Plaintiff Commonwealth of Massachusetts*

/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, Comonwealth of Pennsylvania (the "Pennsylvania Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation of fact set forth in paragraphs 89.ll. of the complaint that Avid Telecom routed more than 48,933 calls containing unlawful content to phone numbers with Pennsylvania area codes.

c) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

e) The person(s) associated with the Pennsylvania Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

f) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Pennsylvania Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Pennsylvania Attorney General is located at Strawberry Square, 15th Floor, Harrisburg, PA 17120-0001.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.

By:

_____

Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015

Dated: April 22, 2025          *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:

Mark W Wolfe (PA Bar No. 327807)
Deputy Attorney General
Pennsylvania Office of Attorney General
Strawberry Square, 15th Floor
Harrisburg, PA 17120-0001
Phone: (717) 772-3558
Fax:    (717) 705-3795
mwolfe@attorneygeneral.gov
*Attorney for Plaintiff Commonwealth of Pennsylvania*
*by Attorney General David W. Sunday, Jr.*

/s/ Silsa Cabezas

_____

Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, District of Columbia (the "District of Columbia Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation in paragraph 89.h. of the Complaint that Avid Telecom routed more than 1,004 calls containing unlawful content to phone numbers with District of Columbia area codes.

c) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

e) The person(s) associated with the District of Columbia Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

f) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the District of Columbia Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the District of Columbia Attorney General is located at 400 6th Street NW, 10th Floor Washington, DC 20001.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

3

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.


By:

_____

Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015


Dated: April 22, 2025          *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:

Adam Teitelbaum (DC Bar No. 1015715)
Director, Office of Consumer Protection
Assistant Attorney General
D.C. Office of the Attorney General
Office of Consumer Protection
400 6th Street NW, 1Oth Floor
Washington, DC 20001
Phone: (202) 741-0764
Adam.Teitelbaum@dc.gov
*Attorney for Plaintiff District of Columbia*

/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) |
| | ) NO. CV-23-00233-TUC-CKJ |
| Plaintiffs, | ) ) |
| v. | ) ) |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) ) |
| Defendants. | ) |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Arizona (the "Arizona Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegation in paragraph 89.b of the Complaint that Avid Telecom routed more than 28,790 calls containing unlawful content to phone numbers with Arizona area codes.

b) The allegation in paragraph 93.u of the Complaint regarding illegally spoofed calling to "Do Not Originate Numbers".

c) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

e) The person(s) associated with the Arizona Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

f) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Arizona Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Arizona Attorney General is located at 2005 N Central Ave Phoenix, AZ 85004-1545.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.


By:

_____

Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015


Dated: April 22, 2025        *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of

Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of

record referenced below this 22nd day of April 2025:

Alyse Meislik (AZ Bar No. 024052)
Dylan Jones (AZ Bar No. 034185)
Laura Dilweg (AZ Bar No. 036066)
Sarah Pelton (AZ Bar No. 039633)
Assistant Attorneys General
Arizona Attorney General's Office
2005 North Central Avenue
Phoenix, AZ 85004
Phone: (602) 542-3725
Fax: (602) 542-4377
consumer@azag.gov
alyse.meislik@azag.gov
dylan.jones@azag.gov
laura.dilweg@azag.gov sarah.pelton@azag.gov
*Attorneys for Plaintiff State of Arizona*

/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Colorado (the "Colorado Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation in paragraph 89.e. of the Complaint that Avid Telecom routed more than 19,861 calls containing unlawful content to phone numbers with Colorado area codes.

c) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

e) The person(s) associated with the Colorado Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

f) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Colorado Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Colorado Attorney General is located at 1300 Broadway, l0th Floor, Denver, CO 80203.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc.*, No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

3

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.


By:

_____

Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015


Dated: April 22, 2025          *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:

Michel Singer Nelson (CO Bar No. 19779)
Assistant Attorney General II
Colorado Office of the Attorney General
Ralph L. Carr Judicial Building
1300 Broadway, l0th Floor
Denver, CO 80203
Phone: (720)508-6220
michel.singernelson@coag.gov
*Attorney for Plaintiff State of Colorado,*
*ex ref. Philip J. Weiser, Attorney General*

/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) | |
| | ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Delaware (the "Delaware Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation in paragraph 89.g. of the Complaint that Avid Telecom routed more than 3,601 calls containing unlawful content to phone numbers with Delaware area codes.

c) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

e) The person(s) associated with the Delaware Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

f) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Delaware Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Delaware Attorney General is located at 820 N. French Street, 5th Floor, Wilmington, DE 19801

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.


By:

_____
Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015


Dated: April 22, 2025          *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:

Ryan Costa (DE Bar No. 5325)
Deputy Attorney General
Delaware Department of Justice
820 N. French Street, 5th Floor
Wilmington, DE 19801
Phone: (302) 683-8811
Fax:   (302) 577-6499
Ryan.costa@delaware.gov
*Attorney for Plaintiff State of Delaware*

/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, | ) | |
| Attorney General; et al., | ) | |
| | ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Michael D. Lansky, L.L.C., | ) | |
| dba Avid Telecom et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of

Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid

Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Florida

(the "Florida Plaintiff"), designate one or more employee(s) who is/are knowledgeable

about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation in paragraph 89.i. of the Complaint that Avid Telecom routed more than 91,989 calls containing unlawful content to phone numbers with Florida area codes.

c) The allegations in paragraph 472-488 of the Complaint.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

e) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

f) The person(s) associated with the Florida Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

g) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Florida Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Florida Attorney General is located at PL-01, The Capitol, Tallahassee, FL 32339.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.

By:

_____

Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015

Dated: April 22, 2025          *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:

Patrick Crotty (FL Bar No. 108541)
Special Counsel, Asst. Attorney General
Miles Vaughn (FL Bar No. 1032235)
Assistant Attorney General
Office of the Florida Attorney General
Consumer Protection Division
3507 E.Frontage Rd, Suite 325
Tampa, FL 33607
Phone: (813) 287-7950
Fax:    (813) 281-5515
patrick.crotty@myfloridalegal.com
miles.vaughn@myfloridalegal.com
*Attorneys for Plaintiff Ashley Moody,*
*Attorney General of the State of Florida*

/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Georgia (the "Georgia Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a)  The allegations of fact set forth in paragraphs 19-630 of the complaint.

b)  The allegation in paragraph 89.j. of the Complaint that Avid Telecom routed more than 56,779 calls containing unlawful content to phone numbers with Georgia area codes.

c)  Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

d)  Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

e)  The person(s) associated with the Georgia Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

f)  Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Georgia Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Georgia Attorney General is located at 2 Martin Luther King Jr. Drive, SE, Ste.356, Atlanta, GA 30334.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc.*, No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.


By:

_____

Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015


Dated: April 22, 2025          *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:

DavidA. Zisook (GA BarNo. 310104)
Senior Assistant Attorney General Office
of the Attorney General of the State of Georgia
2 Martin Luther King Jr. Drive, SE, Ste.356
Atlanta, GA 30334
Phone: (404) 458-4294
Fax:  (404) 464-8212
dzisook@law.ga.gov
*Attorney for Plaintiff State of Georgia*

/s/ Silsa Cabezas

_____

Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, | ) | |
| Attorney General; et al., | ) | |
| | ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Michael D. Lansky, L.L.C., | ) | |
| dba Avid Telecom et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Idaho (the "Idaho Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a)  The allegations of fact set forth in paragraphs 19-630 of the complaint.

b)  The allegation in paragraph 89.l. of the Complaint that Avid Telecom routed more than 5,920 calls containing unlawful content to phone numbers with Idaho area codes.

c)  Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

d)  Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

e)  The person(s) associated with the Idaho Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

f)  Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Idaho Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Idaho Attorney General is located at P.O. Box 83720, Boise, ID 83720-0010.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.

By:

_____
Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015

Dated: April 22, 2025            *Attorneys for Plaintiffs*

4

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:

James J. Simeri (ID Bar No. 12332)
*(Pro Hac Vice motion forthcoming)*
Consumer Protection Division Chief
Idaho Attorney General's Office
P.O. Box 83720
Boise, ID 83720-0010
Phone:  (208) 334-4114
james.simeri@ag.idaho.gov
*Attorney for Plaintiff State of Idaho*

/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Illinois (the "Illinois Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a)  The allegations of fact set forth in paragraphs 19-630 of the complaint.

b)  The allegation in paragraph 89.m. of the Complaint that Avid Telecom routed more than 46,737 calls containing unlawful content to phone numbers with Illinois area codes.

c)  Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

d)  Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

e)  The person(s) associated with the Illinois Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

f)  Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Illinois Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Illinois Attorney General is located at 500 S. Second Street, Springfield, IL 62791.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.

By:

_____
Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015

Dated: April 22, 2025          *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:


Philip Heimlich (IL Bar No. 6286375)
Assistant Attorney General
Elizabeth Blackston (IL Bar No. 6228859)
Consumer Fraud Bureau Chief
Office of the Illinois Attorney General
500 S. Second Street
Springfield, IL 62791
Phone:  (217) 782-4436
philip.heimlich@ilag.gov
elizabeth.blackston@ilag.gov
*Attorneys for Plaintiff*
*People of the State of Illinois*

/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) |
| | )   NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) |
| | ) |
| Defendants. | ) |

      **PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of

Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid

Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Indiana

(the "Indiana Plaintiff"), designate one or more employee(s) who is/are knowledgeable

about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The specific allegations of fact set forth in paragraphs 487-492.

c) The allegation in paragraph 89.n. of the Complaint that Avid Telecom routed more than 3,225 calls containing unlawful content to phone numbers with Indiana area codes.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

e) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

f) The person(s) associated with the Indiana Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

g) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Indiana Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Indiana Attorney General is located at Indiana Govt. Center South, 5th Fl., 302 W. Washington St., Indianapolis, IN 46204-2770.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.


By:

_____

Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015


Dated: April 22, 2025         *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:

Douglas S. Swetnam (IN Bar No. 15860-49)
Thomas L. Martindale (IN Bar No.29706-64)
Deputy Attorneys General
Office of the Indiana Attorney General
Todd Rokita
Indiana Govt. Center South, 5th Fl.
302 W. Washington St.
Indianapolis, IN 46204-2770
Phone:    (317) 232-6294 (Swetnam)
          (317) 232-7751 (Martindale)
Fax:      (317) 232-7979
douclas.swetnam@atg.in.gov
thomas.martindale@atg.in.gov
*Attorneys for Plaintiff State of Indiana*

/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Iowa (the "Iowa Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation in paragraph 89.o. of the Complaint that Avid Telecom routed more than 8,197 calls containing unlawful content to phone numbers with Iowa area codes.

c) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

e) The person(s) associated with the Iowa Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

f) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Iowa Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Iowa Attorney General is located at 1305 E. Walnut St., Des Moines, IA 50319.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.

By:

_____

Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015

Dated: April 22, 2025          *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:


Benjamin Bellus (IA Bar No. AT0000688)
William Pearson (IA Bar No. AT0012070)
Assistant Attorneys General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Phone:  (515) 242-6536
Fax:      (515) 281-6771
Benjamin.Bellus@ag.iowa.gov
William.Pearson@ag.iowa.gov
*Attorneys for Plaintiff State of Iowa*

/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, | ) | |
| Attorney General; et al., | ) | |
| | ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Michael D. Lansky, L.L.C., | ) | |
| dba Avid Telecom et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Kansas (the "Kansas Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation of fact set forth in paragraphs 89.p. of the complaint that Avid Telecom routed more than 7,509 calls containing unlawful content to phone numbers with Kansas area codes.

c) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

e) The person(s) associated with the Kansas Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

f) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Kansas Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Kansas Attorney General is located at 120 SW l0th Avenue, 2nd Floor, Topeka, KS 66612.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.


By:

_____

Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015


Dated: April 22, 2025          *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:


Nicholas C. Smith (KS Bar No. 29742)
Sarah M. Dietz (KS Bar No. 27457)
Assistant Attorneys General
Consumer Protection Section
Office of the Kansas Attorney General
120 SW l0th Avenue, 2nd Floor
Topeka, KS 66612
Phone: (785) 296-3751
Fax:   (785) 291-3699
Nicholas.Smith@ag.ks.gov
sarah.dietz@ag.ks.gov
*Attorneys for Plaintiff State of Kansas*


/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) |
| | ) NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) ) |
| v. | ) ) |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) ) |
| Defendants. | ) |

    **PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, Commonwealth of Kentucky (the "Kentucky Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation of fact set forth in paragraphs 89.q. of the complaint that Avid Telecom routed more than 12,819 calls containing unlawful content to phone numbers with Kentucky area codes.

c) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

e) The person(s) associated with the Kentucky Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

f) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Kentucky Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Kentucky Attorney General is located at 1024 Capital Center Drive, Ste. 200, Frankfort, KY 40601.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc.*, No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.

By:

_____

Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015

Dated: April 22, 2025          *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:


Jacob P. Ford (KY Bar No. 95546)
Assistant Attorney General
Office of the Attorney General,
Commonwealth of Kentucky
1024 Capital Center Drive, Ste. 200
Frankfort, KY 40601
Phone: (502) 871-2044
jacobp.ford@ky.gov
*Attorney for Plaintiff Commonwealth  of Kentucky*

/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, Commonwealth of Louisiana (the "Louisiana Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation of fact set forth in paragraphs 89.r. of the complaint that Avid Telecom routed more than 13,870 calls containing unlawful content to phone numbers with Louisiana area codes.

c) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

e) The person(s) associated with the Louisiana Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

f) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Louisiana Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Louisiana Attorney General is located at 1885 North Third St. Baton Rouge, LA 70802.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc.*, No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.

By:

_____

Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015

Dated: April 22, 2025          *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:

ZaTabia N. Williams (LA Bar No. 36933)
Assistant Attorney General
Office of the Attorney General Liz Murrill
1885 North Third St.
Baton Rouge, LA 70802
Phone:(225)326-6164
Fax:   (225)326-6499
WilliamsZ@ag.louisiana.gov
*Attorney for Plaintiff State of Louisiana*

/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, | ) | |
| Attorney General; et al., | ) | |
| | ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Michael D. Lansky, L.L.C., | ) | |
| dba Avid Telecom et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Maine (the "Maine Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation of fact set forth in paragraphs 89.s. of the complaint that Avid Telecom routed more than 3,208 calls containing unlawful content to phone numbers with Maine area codes.

c) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

e) The person(s) associated with the Maine Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

f) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Maine Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Maine Attorney General is located at 6 State House Station, Augusta, ME 04333.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.

By:

_____
Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015

Dated: April 22, 2025          *Attorneys for Plaintiffs*

4

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:

Brendan O'Neil (ME Bar No. 009900)
Assistant Attorney General
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333
Phone: (207) 626-8800
Fax:   (207) 624-7730
brendan.oneil@maine.gov
*Attorney for Plaintiff State of Maine*

/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of
Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid
Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Maryland
(the "Maryland Plaintiff"), designate one or more employee(s) who is/are knowledgeable
about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation of fact set forth in paragraphs 89.t. of the complaint that Avid Telecom routed more than 27,097 calls containing unlawful content to phone numbers with Maryland area codes.

c) The specific allegations of fact set forth in paragraphs 496-503.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

e) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

f) The person(s) associated with the Maryland Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

g) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Maryland Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Maryland Attorney General is located at 200 St. Paul Place, Baltimore, MD 21202.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc.*, No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.


By:

_____
Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015


Dated: April 22, 2025        *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:

Philip Ziperman (Fed. Bar No. 12430)
Deputy Counsel
Office of the Attorney General
200 St. Paul Place
Baltimore, MD 21202
Phone:(410)576-6417
Fax:    (410) 576-6566
pziperman@oag.state.md.us
*Attorney for Plaintiff Maryland Office of
the Attorney General*

/s/ Silsa Cabezas
_____

Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Michigan (the "Michigan Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation of fact set forth in paragraphs 89.v. of the complaint that Avid Telecom routed more than 16,861 calls containing unlawful content to phone numbers with Michigan area codes.

c) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

e) The person(s) associated with the Michigan Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

f) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Michigan Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Michigan Attorney General is located at P.O. Box 30736, Lansing, MI 48909.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.


By:

_____
Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015


Dated: April 22, 2025          *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:

Kathy P. Fitzgerald (MI Bar No. P31454)
Michael S. Hill (MI Bar No. P73084)
Assistant Attorneys General Michigan
Department of Attorney General
Corporate Oversight Division
P.O. Box 30736
Lansing, MI 48909
Phone: (517) 335-7632
Fax:  (517) 335-6755
fitzgeraldk@michigan.gov
Hillm19@michigan.gov
*Attorneys for Plaintiff People of the*
*State of Michigan*

/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Minnesota (the "Minnesota Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation of fact set forth in paragraphs 89.w. of the complaint that Avid Telecom routed more than 14,935 calls containing unlawful content to phone numbers with Minnesota area codes.

c) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

e) The person(s) associated with the Minnesota Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

f) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Minnesota Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Minnesota Attorney General is located at 445 Minnesota Street, Suite 1200, Saint Paul, MN 55404.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc.*, No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.

By:

_____
Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015

Dated: April 22, 2025            *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:

Bennett Hartz (MN Bar No. 0393136)
Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1200
Saint Paul, MN 55404
Phone: (651) 757-1235
bennett.hartz@ag.state.mn.us
*Attorney for Plaintiff State of Minnesota,*
*by its Attorney General, Keith Ellison*

/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, | ) | |
| Attorney General; et al., | ) | |
| | ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Michael D. Lansky, L.L.C., | ) | |
| dba Avid Telecom et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Mississippi (the "Mississippi Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a)  The allegations of fact set forth in paragraphs 19-630 of the complaint.

b)  The allegation of fact set forth in paragraphs 89.x. of the complaint that Avid Telecom routed more than 7,611 calls containing unlawful content to phone numbers with Mississippi area codes.

c)  Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

d)  Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

e)  The person(s) associated with the Mississippi Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

f)  Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Mississippi Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Mississippi Attorney General is located at P.O. Box 220, Jackson, MS 39205.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.


By:

_____

Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015


Dated: April 22, 2025          *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:

James M. Rankin (MS Bar No. 102332)
Jessica D. Jasper (MS Bar No. 106305)
*(Pro Hac Vice motion forthcoming)*
Special Assistant Attorneys General
Mississippi Attorney General's Office
P.O. Box220
Jackson, MS 39205
Phone: (601) 359-4258 (Rankin)
         (601) 359-3800 (Jasper)
james.rankin@ago.ms.gov
jessica.jasRer@ago.ms.gov
*Attorneys for Plaintiff Lynn Fitch,*
*Attorney General State of Mississippi*

/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of

Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid

Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Missouri

(the "Missouri Plaintiff"), designate one or more employee(s) who is/are knowledgeable

about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation of fact set forth in paragraphs 89.y. of the complaint that Avid Telecom routed more than 2,734 calls containing unlawful content to phone numbers with Missouri area codes.

c) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

e) The person(s) associated with the Missouri Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

f) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Missouri Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Missouri Attorney General is located at 815 Olive Street, Suite 200, St. Louis, MO 63101.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.


By:

_____

Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015


Dated: April 22, 2025        *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:

Michael Schwalbert (MO Bar No.63299)
Assistant Attorney General
Office of the Missouri Attorney General
815 Olive Street, Suite 200
St. Louis, MO 63101
Phone: (314) 340-6816
Fax:    (314) 340-7891
michael.schwalbert@ago.mo.gov
*Attorney for Plaintiff State of Missouri,*
*ex. rel. Andrew Bailey, Attorney General*

/s/ Silsa Cabezas

_____

Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) |
| | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) ) ) |
|  v. | ) ) |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) ) |
| Defendants. | ) |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Montana (the "Montana Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation of fact set forth in paragraphs 89.z. of the complaint that Avid Telecom routed more than 3,539 calls containing unlawful content to phone numbers with Montana area codes.

c) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

e) The person(s) associated with the Montana Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

f) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Montana Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Montana Attorney General is located at 555 Fuller Avenue, Helena, MT 59601.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc.*, No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.

By:

_____
Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015

Dated: April 22, 2025         *Attorneys for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:

Anna Schneider (MT Bar No. 13963)
Special Assistant Attorney General, Senior Counsel
Andrew Butler (MT Bar No. 53936812)
Assistant Attorney General
Montana Attorney General's Office
Office of Consumer Protection
555 Fuller Avenue
Helena, MT 59601
Phone: (406) 444-4500
Anna.schneider@mt.gov
Andrew.butler@mt.gov
*Attorneys for Plaintiff State of Montana*

/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Nebraska (the "Nebraska Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation of fact set forth in paragraphs 89.aa. of the complaint that Avid Telecom routed more than 1,119 calls containing unlawful content to phone numbers with Nebraska area codes.

c) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

e) The person(s) associated with the Nebraska Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

f) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Nebraska Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Nebraska Attorney General is located at 2115 State Capitol Building, Consumer Protection Division, Lincoln, NE 68509.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

3

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.


By:

_____
Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015


Dated: April 22, 2025          *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:

Gary E. Brollier (NE Bar No. 19785)
Assistant Attorney General
Office of the Attorney General Michael T. Hilgers
2115 State Capitol Building
Consumer Protection Division
Lincoln, NE 68509
Phone: (402) 471-1279
Fax:   (402) 471-4725
gaa.brollier@nebraska.gov
*Attorney for Plaintiff State of Nebraska*

/s/ Silsa Cabezas
_____

Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of New Mexico (the "New Mexico Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation of fact set forth in paragraphs 89.ee. of the complaint that Avid Telecom routed more than 6,034 calls containing unlawful content to phone numbers with New Mexico area codes.

c) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

e) The person(s) associated with the New Mexico Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

f) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the New Mexico Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the New Mexico Attorney General is located at 408 Galisteo St., Santa Fe, New Mexico 87501.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

3

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.


By:

_____

Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015


Dated: April 22, 2025          *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:

Julie Sakura (NM Bar No. 19253)
Assistant Attorney General
State of New Mexico Department of Justice
408 Galisteo St.
Santa Fe, New Mexico 87501
Phone: (505) 859-8074
Fax:    (505) 490-4883
jsakura@nmdoj.gov
*Attorney for Plaintiff Raul Torrez,*
*New Mexico Attorney General*

/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of New York (the "New York Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation of fact set forth in paragraphs 89.ff. of the complaint that Avid Telecom routed more than 79,558 calls containing unlawful content to phone numbers with New York area codes.

c) The specific allegations of fact set forth in paragraphs 556-557 of the complaint.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

e) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

f) The person(s) associated with the New York Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

g) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the New York Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the New York Attorney General is located at 28 Liberty Street, New York, NY 10005.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

3

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.


By:

_____
Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015


Dated: April 22, 2025          *Attorneys for Plaintiffs*

4

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:

Glenna Goldis (NY Bar No.4868600)
Assistant Attorney General
Office of the New York State Attorney
General
28 Liberty Street
New York, NY 10005
Phone: (646) 856-3697
Glenna.goldis@ag.ny.gov
*Attorney for Plaintiff Office of the Attorney General of the State of New York*

/s/ Silsa Cabezas

_____

Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of North Carolina (the " North Carolina Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation of fact set forth in paragraphs 89.gg. of the complaint that Avid Telecom routed more than 46,375 calls containing unlawful content to phone numbers with North Carolina area codes.

c) The specific allegations of fact set forth in paragraphs 564-567 of the complaint.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

e) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

f) The person(s) associated with the North Carolina Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

g) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the North Carolina Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the North Carolina Attorney General is located at P.O. Box 629, Raleigh, North Carolina 27602.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc.*, No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.


By:

_____

Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015


Dated: April 22, 2025          *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:


Tracy Nayer (NC Bar No. 36964)
Rochelle Sparko (NC Bar No. 38528)
Special Deputy Attorneys General North Carolina Department of Justice Consumer Protection Division
P.O. Box 629
Raleigh, North Carolina 27602
Phone:  (919) 716-6000
Fax:    (919) 716-6050
tnayer@ncdoj.gov rsparko@ncdoj.gov
*Attorneys for Plaintiff State of North Carolina*

/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, | ) | |
| Attorney General; et al., | ) | |
| | ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Michael D. Lansky, L.L.C., | ) | |
| dba Avid Telecom et al., | ) | |
| | ) | |
| Defendants. | ) | |

     **PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of North Dakota  (the " North Dakota Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation of fact set forth in paragraphs 89.hh. of the complaint that Avid Telecom routed more than 275 calls containing unlawful content to phone numbers with North Dakota area codes.

c) The specific allegations of fact set forth in paragraphs 578-580 and 585-587 of the complaint.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

e) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

f) The person(s) associated with the North Dakota Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

g) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the North Dakota Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the North Dakota Attorney General is located at 1720 Burlington Drive, Suite C, Bismarck, ND 58504-7736.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc.*, No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

3

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.

By:

_____

Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015

Dated:  April 22, 2025          *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:

Elin S. Alm (ND Bar No. 05924)
Christopher Glenn Lindblad (ND Bar No. 06480)
Assistant Attorneys General
Office of North Dakota Attorney General
Consumer Protection & Antitrust
Division
1720 Burlington Drive, Suite C
Bismarck, ND 58504-7736
Phone: (701) 328-5570
Fax:    (701) 328-5568
ealm@nd.gov
clindblad@nd.gov
*Attorneys for Plaintiff State of North Dakota*

/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, | ) | |
| Attorney General; et al., | ) | |
| | ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Michael D. Lansky, L.L.C., | ) | |
| dba Avid Telecom et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of
Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid
Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Ohio (the
"Ohio Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the
following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation of fact set forth in paragraphs 89.ii. of the complaint that Avid Telecom routed more than 36,890 calls containing unlawful content to phone numbers with Ohio area codes.

c) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

e) The person(s) associated with the Ohio Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

f) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Ohio Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Ohio Attorney General is located 30 East Broad Street, 14th Floor, Columbus, OH 43215.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.


By:

_____
Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015


Dated: April 22, 2025         *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:

Erin B. Leahy (OH Bar No. 0069509)
Senior Assistant Attorney General
Office of Attorney General Dave Yost
30 East Broad Street, 14th Fl.
Columbus, OH 43215
*Erin.Leahy@OhioAGO.gov*
*Attorney for Plaintiff State of Ohio*

/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Oklahoma (the "Oklahoma Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation of fact set forth in paragraphs 89.jj. of the complaint that Avid Telecom routed more than 11,828 calls containing unlawful content to phone numbers with Oklahoma area codes.

c) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

d) The person(s) associated with the Oklahoma Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

e) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553,

Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Oklahoma Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Oklahoma Attorney General is located at 313 N.E. 21st St., Oklahoma City, OK 73105.

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.

---

at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

3

By:

_____

Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015

Dated: April 22, 2025            *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:

Robert J. Carlson (OK Bar No. 19312)
Assistant Attorney General
Office of the Oklahoma Attorney General
313 N.E. 21st St.
Oklahoma City, OK 73105
Phone: (918) 581-2384
Fax:    (405) 522-0085
Robert.Carlson@oag.ok.gov
*Attorney for Plaintiff State of Oklahoma*
*ex rei. Attorney General Gentner Drummond*

/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Oregon (the "Oregon Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a)  The allegations of fact set forth in paragraphs 19-630 of the complaint.

b)  The allegation of fact set forth in paragraphs 89.kk. of the complaint that Avid Telecom routed more than 11,450 calls containing unlawful content to phone numbers with Oregon area codes.

c)  Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

d)  Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

e)  The person(s) associated with the Oregon Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

f)  Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Oregon Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Oregon Attorney General is located at 100 SW Market St. Portland, OR 97201.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.


By:

_____

Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015


Dated: April 22, 2025          *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of

Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of

record referenced below this 22nd day of April 2025:


Jordan M. Roberts (OR Bar No. 115010)
Senior Assistant Attorney General
Oregon Department of Justice
Consumer Protection Division
100 SW Market St.
Portland, OR 97201
Phone: (971) 673-1880
Fax:   (971) 673-1884
jordan.m.roberts@doj.state.or.us
*Attorney for Plaintiff State of Oregon*

/s/ Silsa Cabezas
_____

Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, | ) | |
| Attorney General; et al., | ) | |
| | ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Michael D. Lansky, L.L.C., | ) | |
| dba Avid Telecom et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of South Carolina (the "South Carolina Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation of fact set forth in paragraphs 89.nn. of the complaint that Avid Telecom routed more than 11,339 calls containing unlawful content to phone numbers with South Carolina area codes.

c) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

e) The person(s) associated with the South Carolina Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

f) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the South Carolina Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the South Carolina Attorney General is located at P.O. Box 11549, Columbia, SC 29211-1549.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.

By:

_____

Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015

Dated: April 22, 2025          *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of

Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of

record referenced below this 22nd day of April 2025:


Kristin Simons (SC Bar No. 74004)
Senior Assistant Attorney General
Danielle Robertson (SC Bar No. I05846)
Assistant Attorney General
South Carolina Attorney General's Office
P.O. Box 11549
Columbia, SC 29211-1549
Phone: (803) 734-6134 (Simons)
(803) 734-8044 (Robertson)
mailto:ksimons@scag.gov
danirobertson@scag.gov
*Attorneys for Plaintiff State of South Carolina*


/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) ) | |
| Defendants. | ) | |

    **PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Tennessee (the "Tennessee Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation of fact set forth in paragraphs 89.oo. of the complaint that Avid Telecom routed more than 36,455 calls containing unlawful content to phone numbers with Tennessee area codes.

c) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

e) The person(s) associated with the Tennessee Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

f) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Tennessee Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Tennessee Attorney General is located at P.O. Box 20207, Nashville, TN 37202.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.

By:

_____

Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015

Dated: April 22, 2025          *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:

Austin C. Ostiguy (TN Bar No. 040301)
Tyler T. Corcoran (TN Bar No. 038887)
Assistant Attorneys General
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202
Phone: (615) 532-7271 (Ostiguy)
Fax:    (615) 532-2910
austin.ostigyy@ag.tn.gov
tyler.corcoran@ag.tn.gov
*Attorneys for Plaintiff State of Tennessee*

/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Vermont (the "Vermont Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation of fact set forth in paragraphs 89.mm. of the complaint that Avid Telecom routed more than 3,031 calls containing unlawful content to phone numbers with Vermont area codes.

c) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

e) The person(s) associated with the Vermont Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

f) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Vermont Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Vermont Attorney General is located at 109 State Street, Montpelier, VT 05609-1001.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.


By:

_____
Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015


Dated: April 22, 2025          *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of

Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of

record referenced below this 22nd day of April 2025:


James Layman (VT Bar No. 5236)
Office of the Vermont Attorney General
109 State Street
Montpelier, VT 05609-1001
Phone: (802) 828-2315
Fax:    (802)304-1014
James.Layman@vermont.gov
*Attorney for Plaintiff State of Vermont*


/s/ Silsa Cabezas
_____
Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) ) | |
| Defendants. | ) | |

    **PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Washington (the "Washington Plaintiff"), designate one or more employee(s) who is/are knowledgeable about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation of fact set forth in paragraphs 89.tt. of the complaint that Avid Telecom routed more than 2,737 calls containing unlawful content to phone numbers with Washington area codes.

c) The specific allegations of fact set forth in paragraphs 609-10, 613-615.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

e) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

f) The person(s) associated with the Washington Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

g) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Washington Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Washington State Attorney General is located at 800 Fifth Avenue, Suite 2000, Seattle, WA 98104.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.


By:

_____

Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015


Dated: April 22, 2025          *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:

Alexandra Kory (WA Bar No. 49889)
Mina Shahin (WA Bar No. 46661)
Assistant Attorneys General
Washington State Attorney General's Office
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Phone: (206) 516-2997 (Kory)
(206) 326-5485 (Shahin)
Fax:   (206) 464-6451
Alexandra.Kory@atg.wa.gov
Mina.Shahin@atg.wa.gov
*Attorney for Plaintiff State of Washington*

/s/ Silsa Cabezas
_____

Silsa Cabezas

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) ) | |
| Defendants. | ) | |

    **PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of

Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid

Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Wyoming

(the "Wyoming Plaintiff"), designate one or more employee(s) who is/are knowledgeable

about the following matters to testify on its behalf:

a) The allegations of fact set forth in paragraphs 19-630 of the complaint.

b) The allegation of fact set forth in paragraphs 89.ww. of the complaint that Avid Telecom routed more than 2,255 calls containing unlawful content to phone numbers with Wyoming area codes.

c) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

d) Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

e) The person(s) associated with the Wyoming Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

f) Defendants reserve the right to supplement this Notice at a future date.

Without admitting that such a belief would have any basis in law, or that the production of anyone other than counsel would be acceptable,[1] to the extent that the Arizona Plaintiff believes that the designation of counsel would implicate any work product or privilege issue, demand is made that the Wyoming Plaintiff designate and prepare a non-attorney to appear on its behalf to address the above issues.

On information and belief, the Wyoming Attorney General is located at 2320 Capitol Avenue, Cheyenne, Wyoming 82002.

---

[1] Arizona Rules of Civil Procedure 57. *See, also William Beaumont Hosp. v. Medtronic, Inc*., No. 09-CV-11941, 2010 U.S. Dist. Lexis 60370, at *22–23 (E.D. Mich. June 18, 2010) (granting a motion to compel a 30(b)(6) deposition because the "[p]laintiffs should have the opportunity to more fully probe [defendant's] [interrogatory] response using the traditional method for ascertaining facts in the litigation process examination of a witness"); *see also Serrano v. Cintas Corp*., No. 04-40132, 2007 U.S. Dist. Lexis 66553, at *9–10 (E.D. Mich. Sept. 10, 2007) (denying the EEOC's motion for a protective order barring a 30(b)(6) deposition and noting that "[t]he arguments and caselaw cited by [d]efendant… are [more] compelling and persuasive" than *EEOC v. HBE Corp*.). As one federal court put it, an attorney general must submit to a deposition "like any other litigant" by preparing a witness to testify on his or her behalf. *See United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *3 (S.D. Ohio Nov. 20, 2009) ("[T]he fact that government attorneys are the only individuals with the requisite knowledge to answer Defendants['] questions does not prevent them from preparing a designee to answer the questions.… The United States, like any other litigant, has the duty to prepare a witness to testify under oath on its behalf."). *See also Town of Colorado City v. United Effort Plan Trust*, No. CV11-8037-PHX-DGC, 2012 WL 5989482, at *2 (D. Ariz. Nov. 29, 2012) (stating that the Utah Attorney General's office must submit to a representative deposition); Oklahoma ex rel. Edmonson v. Tyson Foods, Inc., No. 05-CV-329-GKF-SAJ, 2007 WL 649335, at *2 (N.D. Okla. Feb. 26, 2007) ("Defendant has a method under the Federal Rules of Civil Procedure that will permit Defendant to obtain the information Defendant seeks— a Fed. R. Civ. Proc. 30(b)(6) deposition of Plaintiff [Attorney General of Oklahoma] on topics listed by Defendant."); *Brown, Rudnick, Freed & Gesmer v. Commonwealth*, 17 Mass. L. Rptr. 11 (Super. Ct. 2003) (noting that representative of Massachusetts Attorney General's office was deposed as representative of office).

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties (a final Notice setting forth that date will be issued once the date is agreed).

Defendants are prepared to meet and confer with this Plaintiff regarding this Notice in the event that this Plaintiff objects to the designation in whole or part.

By:

_____

Neil Ende, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015

Dated: April 22, 2025          *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 22nd day of April 2025:

Cameron W. Geeting (WY Bar No. 7-5338)
Senior Assistant Attorney General
Consumer Protection and Antitrust Unit
Wyoming Office of the Attorney General
2320 Capitol Avenue
Cheyenne, Wyoming 82002
Phone: (307) 777-3795
cameron.geeting1@wyo.gov
*Attorney for Plaintiff State of Wyoming*

/s/ Silsa Cabezas
_____
Silsa Cabezas