Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Attorneys for Michael D. Lansky,
Michael D. Lansky, LLC dba Avid Telecom
Stacey S. Reeves

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes<br>Attorney General et al.<br><br>Plaintiffs<br><br>v.<br><br>Michael D. Lansky, LLC, dba<br>Avid Telecom, an Arizona<br>Limited Liability Company;<br><br>Michel D. Lansky, individually<br>As a Member/Manager/Chief<br>Executive Officer of Michael D.<br>Lansky, LLC dba Avid Telecom;<br>and<br><br>Stacey S. Reeves, individually as<br>a Manager/Vice President of<br>Michael D. Lansky LLC dba<br>Avid Telecom<br><br>Defendants. | ) | Case No. 4:23-cv-00233-EJM |

**<u>Response of Defendants to Plaintiffs' Motion to Compel Defendant Michael D. Lansky's document production in response to Plaintiffs' First Set of Requests for Production of Documents</u>**

Defendants Michael D. Lansky, LLC dba Avid Telecom, LLC, Michael D. Lansky, and Stacey Reeves ("Defendants"), by and through their undersigned counsel, hereby responds to Plaintiffs' Motion to Compel Defendant Michael D. Lansky's document production with regard to First Request for Production of Documents.

**Introduction**

At some point, enough is enough. Having brought a complaint that literally does ***not assert a single fact*** that even purports to meet the legal standard of the TCPA—*i.e.,* that the calls at issue were (i) predictive dialed; (ii) pre-recorded; and contained a commercial purpose, through counsel who have repeatedly admitted (including directly to the Magistrate in hearing conferences) that they took no measures to verify a single fact in the complaint, and who have refused to designate witnesses as required by FRCP Rule 30(b)(6) ***and specifically mandated by the Magistrate's October order***, Plaintiffs have the gall to complain about Defendants' conduct in the discovery process. While Plaintiffs' continuing effort to distract is understandable, even minimal scrutiny reveals that there is little material substance to their claims and that Plaintiffs' demands are an abuse of process.

The Plaintiff's allegations that Defendant Lansky has failed to produce the documents borders on the surreal. Notwithstanding Plaintiffs aggressive approach to discovery, which has included dozens and dozens of requests that stray well outside permitted grounds, rather than object and refuse to produce without repeated demands to meet and confer (as Plaintiffs have done with respect to every 30(b)(6) Notice that they have received, in virtually every instance, Defendant Lansky has stated the he would "produce any non-privileged, responsive documents in Defendant's possession,

custody or control that are located through a reasonable search of Avid Telecom's files." And, they have done so. Moreover, from the outset, even where legitimate objections have been lodged, Defendant Lansky has consistently stated that he is not withholding any documents from production. Again, there has been no withholding on that basis. In this context, the only reason Plaintiffs are seeking judicial intervention is to create the impression of non-compliance by Defendants (all on relatively minor issues) as cover for Plaintiffs' wholesale refusal to produce witnesses who should have (but admittedly do not) have facts that go to the core of Plaintiffs' case, which facts they were required by Rule to have when they signed and filed the complaint.

Defendant has followed the Magistrate's order to "respond[ing] to the Plaintiffs' First Set of Requests for Production of Documents. Defendants have also complied with the court's ESI ("Electronically Stored Information") Order (Doc. 120) regarding Bates numbering, by providing indices specifying which documents relate to which requests, and disclosing all documents with a "parent-child" relationship, among other things." Despite these efforts, Plaintiffs continue to make false allegations of non-compliance while, at the same time, telling Defendants that Plaintiffs' own Bates numbering spreadsheets are compliant because they follow the same scheme as Defendants. The simple fact is that, while Defendants—who have extremely limited financial resources and staffing—are not always perfect, their conduct has always represented a good faith effort to comply with all applicable rules and orders. This conduct is in stark contrast to the conduct of the 49 well-funded and staffed Plaintiffs who continue to refuse to even identify and designate a single witness for deposition and who continue to stonewall on dozens of discovery issues that have been identified by Defendants.

## **Argument**

I. Plaintiffs' Motion to Compel Does Not Meet the Good Cause Standard

Under Arizona law, a party seeking to compel discovery must demonstrate "good cause" to compel the production of the requested documents. This requirement is not a mere formality but a substantive standard that must be satisfied with specific factual showings. As they always do, Plaintiffs merely *assert* that good cause exists without undertaking the effort to actually show that and *why* there is good cause. Good cause is not a mere formality to be lightly considered, *Watts v. Superior Court In and For Maricopa County*, 87 Ariz. 1, 347 P.2d 565 (1959), nor is good cause established by mere conclusory allegations that it exists or by allegations that the document sought to be discovered is essential for the preparation of the case in the absence of a factual showing of how the documents are essential. Martin v. Capital Transit Co., 83 U.S.App.D.C. 239, 170 F.2d 811 (1948) (cited with approval in *Watts*) Ariz. R. Civ. P. 34 explains further that a moving party must show that (1) there is good cause for the production and inspection of the desired material; (2) the material requested must be designated with reasonable definiteness and particularity; (3) the material must not be privileged; (4) the material must constitute or contain evidence relating to matters within the scope of the examination permitted by Ariz. R. Civ. P. 26(b); that is, it must be relevant to the subject matter involved in the pending action; and (5) the material must be within the possession, custody and control of the party upon whom the demand it made. *See State Farm Ins. Co. v. Roberts*, 97 Ariz. 169, 172, 398 P.2d 671, 672, 1965 Ariz. LEXIS 185, *1. *See also Kirkpatrick v. Industrial Comm'n*, 460 P.2d 670, 672, 1969 Ariz. App. LEXIS 640, *1, 10 Ariz. App. 564, 566. Hence, *mere assertions* that

good cause exists, no matter how many times they are repeated, simply because "Defendant Lansky has failed to produce [any] responsive documents, even if true (*e.g.,* for Request Nos 1, 10-12, 14-16, 26, 31-37, 44-47, 49-56, 66-68, 70, 72-74, 83-85,87-89, 91-94, 97-98, 100-106," without actual proof of the failure, do not suffice.

As shown above, Plaintiffs' manifest failure to meet the good cause standard, as well as their concerning willingness to misrepresent to this Court, is apparent from even the most cursory review of the Bates spreadsheet that Plaintiffs are apparently falsely alleging that they do not have.[1]

## II. The QuickBooks Spreadsheet Produced by Defendant is Proper Under FRCP Rule 34

The Plaintiffs allege that the production of Lansky was deficient, as the QuickBooks documents produced were in a non-native format. Plaintiffs are incorrect for several reasons. First, Plaintiffs did not request the native format, and thus, without the Requests themselves, there is no obligation. Second, contrary to Plaintiffs' claim, FRCP Rule 34 does not create an independent obligation to do so. To the contrary, FRCP Rule 34(b)(2)(E)(ii) states, "If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." USCS Fed Rules Civ. Proc R 34. As the spreadsheet format is the manner in which Defendants maintain this data, production in spreadsheet form is fully compliant with FRCP 34.

---

[1] A copy of the Bates spreadsheet that Defendants produced to Plaintiffs on January 9, 2026, is attached as Exhibit I hereto. As you will see, the spreadsheet identifies the Bates numbers of numerous documents that are on the list of RFPs that Plaintiffs claim was not produced.

Moreover, the courts have held that providing the electronically stored information in Excel spreadsheet format is consistent with Fed. R. Civ. P. 34, because it will give the plaintiff the ability to search, sort, and filter the information. *See Laub v. Horbaczewski*, 331 F.R.D. 516, 517, 2019 U.S. Dist. LEXIS 114103, *1; *See also City of Colton v. Am. Promotional Events, Inc*., 277 F.R.D. 578, 579, 2011 U.S. Dist. LEXIS 126848, *1, 80 Fed. R. Serv. 3d (Callaghan) 1261. Thus, Defendants' production is also fully compliant with the governing caselaw.

## III. The Indexes Produced Are or Will Be in full Compliance with the ESI Order and Rule 34

Plaintiffs assert 2 issues regarding the index. First, with regard to the index provided by Lanksy being deficient because it identifies only 37 of 106 demands for which documents have been produced. After the query from the Senior discovery Attorney at Troutman law firm, the stance with respect to List 2 is the same by the Troutman law firm, claiming "I still contend there is no issue with the list 2." With respect to Lists 3 and 4, Defendants are in the process of addressing these issues and will rectify and produce the corrected versions within the next 7–10 days, as confirmed by Troutman Attorneys.

In regard to the second issue asserted by the Plaintiffs alleging violation of FRCP rule 34 and ESI order, the labelling of the produced documents is blatant misinformation of fact provided by the Plaintiffs. The defendant pursuant to FRCP rule 34 and ESI order have labelled the documents with bates numbering for the ease of identifying the documents for the plaintiffs, just because the defendants did not label the documents in a way the plaintiffs felt appropriate does not make it a violation of ESI order and FRCP rule 34.

IV. <u>Defendant has Produced all Identified Documents that are in their "Possession, Custody, and Control.</u>

FRCP Rule 34 requires a responding party to produce responsive documents in its possession, custody, and control. *See* Fed. R. Civ. P. 34(b)(2)(B). The Ninth Circuit has held that "a party could only be compelled to produce documents actually in its physical control, or having the legal right to the documents on demand. *See 7-UP Bottling Co. v. Archer Daniels Midland Co. (In re Citric Acid Litig.)*, 191 F.3d 1090, 1092, 1999 U.S. App. LEXIS 20892, *1, 1999-2 Trade Cas. (CCH) P72,641, 99 Cal. Daily Op. Service 7223, 99 Daily Journal DAR 9233. Defendant has produced all of the documents sought by the Plaintiffs that they were able to find through a reasonable search that are in their possession, custody, and control. Defendant has not produced—because they cannot produce the documents which are not in their possession, custody, or control.

Specifically, with respect to Request Nos 1, 10-12, 14-16, 26, 31-37, 44-47, 49-56, 66-68, 70, 72-74, 83-85,87-89, 91-94, 97-98, 100-106, Plaintiffs contend that there have been no responsive documents produced. Yet, Defendants' review of the Bates Spreadsheet produced by a senior discovery attorney at the Troutman law firm, which Plaintiffs had access to when they filed their Motion to Compel, plainly shows that documents have been produced in response to many of the identified RFPs. A copy of the Bates spreadsheet that Defendants produced to Plaintiffs on January 9, 2026, is attached as Exhibit I hereto.

V. <u>Plaintiff's Fail to Meet the Standard Required to Compel Discovery</u>

Plaintiffs' leap of logic that the absence of production in response to a specific request is somehow evidence of a failed discovery response process ignores the fact that

the Defendant may not have possession, custody, and control of certain categories of documents. Of course, standing alone, without any evidence that the requested documents are actually in the custody or control of Defendant—which Plaintiffs do not purport to provide—the mere absence of production in response to a specific RFP is not evidence of a breach of FRCP Rule 34, and it certainly is not a sufficient basis to move to compel.

Similarly, Plaintiff's suggestion that the number of aggregate documents produced across all RFPs and/or the number of documents produced in response to a specific RFP somehow evidences a failure to produce as required by FRCP Rule 34 is fanciful at best. As FRCP Rule 34 and the applicable caselaw plainly require, Plaintiffs need to come forward with specific evidence that Defendant has failed to produce documents in its possession, custody, or control, or it needs to stop wasting Defendant and the Court's time with baseless allegations.[2]

Providing a proper reason for the belief of deficient response is a well-established practice in Arizona, as it is under Ariz. R. Civ. P. 26(d). When a motion for an order compelling discovery is brought pursuant to Rule 37(a), Arizona Rules of Civil Procedure, or in connection with an expedited discovery dispute proceeding under Rule 26(d), Arizona Rules of Civil Procedure, the party requesting relief shall set forth, separately from any memoranda of law or Rule 26(d) joint statement, and in distinct, numbered paragraphs, the following:

[2] Of course, as indicated, Plaintiffs relentless allegations regarding Defendants' conduct are nothing short of rich given their willful and continuing refusal to designate witnesses who should have (but apparently do not) have personal knowledge of the many baseless and scurrilous allegations in the complaint.

**(1)** the question propounded, the interrogatory submitted, the designation requested, or the inspection requested;

**(2)** the answer, designation, or response received; and

**(3)** ***the reason(s) why said answer, designation, or response is deficient***. *See Ariz. Super. Ct. Mohave Co. R. CV-1; See also Ariz. Super. Ct. Maricopa Co. R. 3.2.*

Plaintiff's motion does not meet any of the above requirements. As such, once again, Plaintiffs' motion is nothing short of unsupported boilerplate and should be rejected as such.

**<u>Conclusion</u>**

Fairly read, Plaintiffs' Motion to Compel is really nothing more than the latest hit piece. It does not include a scintilla of evidence of an actual failure to produce, evidence which is undeniably required to support their Motion. Plaintiffs do not, because they cannot, show any good cause for the grant of their Motion. Moreover, the actual (and only) facts before the Court, which Plaintiffs do not mention, let alone challenge, show that Defendants have produced many documents in response to the identified RFPs. And, of course, there is the unavoidable fact that, absent proof that documents exist, there is no basis for compelling production merely because no documents were produced in response to a specific RFP. Plaintiffs have not attempted, let alone succeeded in meeting their burden to show an actual failure to produce.

Nonetheless, despite the complete failure of Plaintiffs to meet their burden, counsel has asked Defendant to go back and look again for any circumstances where

they did not previously find documents and to produce anything they find to counsel promptly.

With respect to the index, counsel is advised that the discovery team, working with Defendant, expects to be able to complete their supplemental review within the next seven to ten business days. We will report what they find to the Court and to Plaintiffs. As such, there is no need now for the Court to utilize its valuable time chasing down the ghosts that only Plaintiffs see.

Respectfully submitted,

__________________________

Neil S. Ende
*Pro Hac Vice*
*Counsel to Michael D. Lansky, LLC*
*dba Avid Telecom*
*Michael D. Lansky and Stacey S. Reeves*

Dated: February 11, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of February 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

/s/ Silsa Cabezas

Silsa Cabezas