JEFF JACKSON
Attorney General of North Carolina
TRACY NAYER (NC Bar No. 36964)
ROCHELLE SPARKO (NC Bar No. 38528)
Special Deputy Attorneys General
North Carolina Department of Justice
Consumer Protection Division
P.O. Box 629
Raleigh, North Carolina 27602
Phone: (919) 716-6400
Fax:    (919) 716-6050
tnayer@ncdoj.gov
rsparko@ncdoj.gov
*Attorneys for the State of North Carolina*
*Lead Counsel for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| State of Arizona, *ex rel*. Kristin K. Mayes, Attorney General; et al., | NO. 4:23-cv-00233-TUC-CKJ (MAA) |
| Plaintiffs, | **PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO COMPEL DESIGNATION OF 30(b)(6) WITNESSES AND FOR SANCTIONS [DOC. 204] AND CROSS-MOTION FOR PROTECTIVE ORDER** |
| v. | |
| Michael D. Lansky, L.L.C., dba Avid Telecom; et al., | |
| Defendants. | |

Plaintiff States of Arizona, California, Florida, Indiana, Maryland, Nevada, New York, North Carolina, North Dakota, Ohio, Rhode Island, Washington, and Wisconsin (hereinafter "Plaintiff States"), respectfully file this Response to Defendants' Motion to Compel Designation of 30(b)(6) Witness and For Sanctions ("Motion to Compel") (Doc.

204), and contemporaneously move for a Protective Order with respect to the thirteen topic areas of inquiry listed in Defendants' January 22, 2026 amended Rule 30(b)(6) deposition notices.

As set forth below, Plaintiffs' counsel have made repeated, good faith efforts to meet and confer with Defendants on the topics for Defendants' Rule 30(b)(6) depositions. Defendants have refused to substantively engage with Plaintiffs. By omitting extensive communications between Plaintiffs' counsel and defense counsel, Defendants' Motion to Compel blatantly misrepresents the facts of this discovery dispute.

Plaintiffs should not be sanctioned for failing to designate witnesses in response to Defendants' Rule 30(b)(6) notices when Defendants have failed to meet and confer on the topics prior to filing their Motion to Compel. Further, as set forth below, each of Defendants' proposed topics are improper areas of inquiry for a Rule 30(b)(6) deposition. Similar to the Defendants' deposition notices issued in April of 2025, a number of the topics appear to seek testimony on matters that include attorney work product. Additionally, the first topic alone would burden the 13 Plaintiff States with an impossible task: familiarizing a Rule 30(b)(6) designee with every facet of this complex litigation.

Therefore, Plaintiffs seek a protective order to prevent Plaintiffs' counsel, state government attorneys from 13 states – or witnesses who can only be prepared by those state government attorneys – from being subjected to questioning on topics that are overbroad, duplicative, cumulative, unduly burdensome, not stated with the reasonable particularity required by Fed. R. Civ. P. 30(b)(6), disproportionate to the needs of the case, are subject to deliberative process privilege, attorney-client privilege, common interest doctrine, and/or attorney work product privilege, call for expert testimony, and/or seek information that Defendants already have or are in the best position to know.

## I.    Facts and Background

This is a consolidated civil enforcement action brought by 49 state Attorneys General, with claims based on violations of federal telemarketing laws and rules. Additionally, 11 Plaintiffs claim violations of related state laws. As Plaintiffs have explained numerous

times throughout this litigation and as is common in a multistate action, each state's claims are based on common facts and the same evidence from the same sources. (*See, e.g.*, Doc. 79, at 23; Doc. 89 at 2; Doc. 127, at I.B). For efficiency in prosecution, multistate litigation is typically directed by designated lead states. Recognizing the reality that the investigatory work in this case was performed by a small subset of Plaintiffs, the Court's December 10, 2024, Case Management Scheduling Order ("CMSO") limited party depositions to the 13 Plaintiff States. (Doc. 102, reaffirmed at Doc. 158).

On or about April 22, 2025, Defendants served notices of deposition on all 49 Plaintiff States (Doc. 204-1), in flagrant violation of the CMSO's limitation on party depositions. (Doc. 102, at E.1).  The notices of deposition included between four and six topics of inquiry for each state. Several of the identified topics clearly sought attorney work product or other privileged information. Contrary to the unsupported assertions in Defendants' Motion to Compel, Plaintiffs have attempted to work with defense counsel to reach an agreement on suitable deposition topics since receiving these initial notices.

On or about April 25, 2025, each Plaintiff responded by email to Defendants' notice of deposition. The 13 Plaintiffs' response emails expressed concern about the topics seeking privileged information and requested to meet and confer on the topics. (Sparko Decl. ¶ 4, Ex. A). The remaining 36 Plaintiffs' response emails pointed out that the CMSO did not permit a party deposition of the responding Plaintiff and accordingly requested that the notice be withdrawn. (Sparko Decl. ¶ 4, Ex. B). Defense counsel did not respond to any of Plaintiffs' emails.

On or about May 23, 2025, the 13 Plaintiffs separately served responses and objections to Defendants' notices of Rule 30(b)(6) depositions, each of which contained specific objections to the topics identified and indicated the Plaintiffs' willingness to meet and confer.  (Sparko Decl. ¶ 5, Ex. C). Defense counsel did not respond.

On July 15, 2025, at Defendants' request, counsel from each of the 13 Plaintiff States met and conferred telephonically with Greg Taylor, counsel for the Defendants. Mr. Taylor did not address the substance of Plaintiffs' objections to the Rule 30(b)(6) topics. Rather,

the only issue raised by Mr. Taylor regarding Defendants' Rule 30(b)(6) depositions was whether the other 36 states would consent to being deposed, as Defendants planned to file a motion to revise the scheduling order so they could "confront their accusers." Plaintiffs' counsel declined to consent to the expansion of depositions to all 49 Plaintiffs. Plaintiffs' counsel raised an objection that at least one of the proposed topics appeared to relate to a malicious prosecution issue that was neither a claim nor a defense. Mr. Taylor indicated Defendants had a theory on "how this case came to light" and were trying to discover whether that theory was true. Specifically, Mr. Taylor indicated Defendants thought a third party was providing information to the States. There was no other substantive discussion regarding Plaintiffs' written objections or narrowing any of the topics. Plaintiffs memorialized these key points from the July 15, 2025 meet and confer in an email on July 18, 2025. (Sparko Decl. ¶ 6, Ex. D).

On July 17, 2025, Defendants sent a 139-page letter describing disputes on other written discovery which included the lack of designations for the depositions. (Sparko Decl. ¶ 7, Ex. E). In their letter, Defendants claimed the deposition notices only sought the *identity* of witnesses and dismissed Plaintiffs' substantive objections on the topics. On August 6, 2025, Plaintiffs sent a written response which reiterated objections to the topics, offered several dates and times to confer on the topics, and indicated that witness designation would be made upon the parties' agreement on the nature and scope of the topics. (Sparko Decl. ¶ 7, Ex. F).

Prior to Defendants' receiving Plaintiffs' August 6, 2025 response to their 139-page letter, Defendants sent several interim emails. On July 28, 2025, Defendants sent an email claiming Plaintiffs were refusing to designate witnesses. (Sparko Decl. ¶ 8, Ex. G). Plaintiffs responded on July 30, 2025 reiterating the objections previously raised at the July 15, 2025 telephonic meeting and in writing by email July 18, 2025. (Sparko Decl. ¶ 8, Ex. H). On August 4, 2025, Defendants sent an email claiming Plaintiffs were ignoring their requests and refusing to meet and confer. On August 5, 2025, Plaintiffs responded that, at the request of Defendants, 21 Plaintiffs' counsel met telephonically with Defense counsel

already on July 15, 2025, and that Plaintiffs' written response to Defendants' 139-page letter was forthcoming. (Sparko Decl. ¶ 8, Ex. I).

On July 31, 2025, Defendants filed a Motion to Revise Discovery Schedule seeking, among other things, the expansion of party depositions to all 49 Plaintiffs. (Doc. 121). The Court denied Defendants' Motion in its September 25, 2025, Order. (Doc. 158).

On or around September 25, 2025, defense counsel emailed Plaintiffs and requested that Plaintiffs provide their availability to meet and confer on "the AGs [sic] continuing refusal to designate any witnesses in response to Defendants' 30(b)(6) notices." In follow-up correspondence on or around September 25 and 26, Plaintiffs requested that Defendants either provide revised topics or substantive responses to the Plaintiffs' objections before any meet and confer. (Sparko Decl. ¶ 10, Ex. J).

Pursuant to this Court's Order (Doc. 126), the parties provided briefing on the various outstanding discovery disputes. In an Order on October 24, 2025 (Doc. 170), Magistrate Judge Michael A. Ambri addressed the discovery issues raised in Defendants' briefs, including the ongoing disagreement over deposition topics. (*see* Docs. 138, 145, 155). Magistrate Judge Ambri noted Plaintiffs' objections "to deposition questions addressing 'investigations [the AGs] conducted that formed the basis for [their] Complaint' or the 'discussions AG's offices had internally or with other law enforcement agencies.'" Doc. 170, p. 5 *citing* Doc. 145, p. 7.  The Court concluded, "defendants are entitled to Rule 30(b)(6) depositions ***addressing the factual allegations in the Complaint***.  They are free to notice such depositions in accordance with the Federal Rules of Civil Procedure." Doc. 170, p. 5 (***emphasis added***).

Following entry of the Order, on or around October 27, 2025, defense counsel sent Plaintiffs an email demanding, among other things, that the 13 Plaintiff States designate a witness for Rule 30(b)(6) depositions "with knowledge of ***all*** of the facts (*i.e.,* not just the state-specific facts) to which each state certified and verified that it had confirmed to be true (*e.g.,* under Rule 11) in signing the complaint (without limitation)". Defense counsel did not propose any modifications of the topics from the April 2025 notices. (Sparko Decl.

¶ 12, Ex. K). On October 28, 2025, Plaintiffs' counsel responded to defense counsel's email, asking for service of revised deposition notices, or at a minimum, revised topics that would allow Plaintiffs to identify appropriate witnesses and noted that Plaintiffs would continue to object to the inclusion of privileged topics and attorney work product. (Sparko Decl. ¶ 12, Ex. L).

On or around November 24, 2025, Defendants served deposition notices on four of the 13 Plaintiff States, Arizona, Indiana, Ohio, and North Carolina.[1] With respect to topics for examination, the notices identified the topic as "the factual allegations contained in the Complaint," merely recited the language of the Court's Oct. 25 Order. (Sparko Decl. ¶ 13, Ex. M).

On or around December 1, 2025, defense counsel emailed Plaintiffs and incorrectly asserted that the Court's October 25, 2025 Order (Doc. 170) required Plaintiffs to provide deposition witness designations by November 28, 2025. (Sparko Decl. ¶ 14, Ex. N). In a response email, Plaintiffs correctly stated that the Court's Order did not require Plaintiffs to designate witnesses by that date. On or around December 9 and 10, 2025, defense counsel again emailed Plaintiffs to demand witness designations. (Sparko Decl. ¶ 14, Ex. O).

On December 10, 2025, the parties met and conferred on various pending discovery issues.[2] During the meet and confer, the parties engaged in extensive discussion about deposing the 13 Plaintiff States. (Sparko Decl. ¶ 15, Ex. P at 73:5-101:23; 117:25-142:13). Defense counsel raised the issue of Defendants' Rule 30(b)(6) notices, asking, "[I]s the issue here agreeing on topics—which we're happy to engage with you on—or are you flatly refusing to produce 30(b)(6) witnesses…?" Id. at 74:10-14. Plaintiffs' counsel assured defense counsel that Plaintiffs were not refusing to be deposed but that Plaintiffs objections

---

[1] Deposition notices were also served on Texas and Oklahoma on this date, although defense counsel later acknowledged that those notices were sent in error. (*See* Sparko Decl. ¶ 15, Ex. P, 75: 4-7).

[2] To avoid previous communication difficulties, Plaintiffs retained the services of a court reporter to obtain a clear record.

related to the topics. *Id.* at 74:20-21;77:9-19; 79:4-81:20; 82:1-8; 83:4-90:19; 95:16-96:19; Plaintiffs emphasized concerns that Defendants' deposition topics identified in the April notices sought attorney work product and burdensome testimony on information already produced by Plaintiffs, including the analysis of the call detail records by Plaintiffs' expert. *Id.* at 77:9-19; 79:4-81:20; 82:1-8; 83:4-90:19; 95:16-96:19; 125:22-126:12; 131:20-133:24; 135:10-138:5-139:9:17;  Defense counsel, while taking the position that he didn't yet have topics, also emphasized repeatedly the intention to seek testimony as to how each Plaintiff independently "developed and verified facts," and the measures that each attorney took prior to signing the Complaint to verify the truthfulness of each factual allegation, including verifying the number of calls to each state. Id. at 76:21-78:1; 81:21-93:6; 101:8-20; 118:1-5; 129:1-6; 141:2-4.   Plaintiffs explained that the information sought by Defendants was derived from facts collected from records obtained from third parties and the analysis done by Plaintiffs' expert witness on Defendants' call traffic - all of which had been produced to Defendants. Id. at 84:21-24; 131:20-133:24. The parties reached no resolution as to the scope of the topics but defense counsel stated he would send revised topics later that day or in a day or two. *Id.* at 101:8-20; 118:1-5; 141:2-4.

Nearly six weeks after the meet and confer, on or around January 19, 2026, defense counsel emailed Plaintiffs a list of 13 proposed deposition topics and demanded that each of the 13 Plaintiff States designate a witness by January 21. (Sparko Decl. ¶ 16, Ex. Q). When Plaintiffs' counsel responded that Defendants' suggested timeframe was not sufficient for Plaintiffs to review the newly identified topics, defense counsel offered to extend the deadline to January 23, provided that Plaintiffs' counsel intended to provide witness designations without asserting objections. (Sparko Decl. ¶ 16, Ex. R). Plaintiffs' counsel indicated in further correspondence that Plaintiffs would provide a response the following week after counsel had an opportunity to confer on the topics.  (Sparko Decl. ¶ 16, Ex. S).

On January 22, 2026, Defendants served amended notices of deposition with the revised topics on the 13 Plaintiff States.  Doc. 204-3.  The 13 amended notices all contained

identical topics of inquiry.  (Doc. 204-3). Two of these topics, Topics 1 and 13, appeared in Defendants' initial Rule 30(b)(6) deposition notices propounded in April 2025. (Doc. 204-1). The remaining 11 topics, Topics 2 through 12, were new. Each amended notice states, "…The deponent's availability should be confirmed on or before January 28, 2026."

On January 28, 2026, Plaintiffs emailed initial objections to the revised topics and requested to meet and confer further with defense counsel.  (Sparko Decl. ¶ 18, Ex. T**).** Despite having Plaintiffs' objections as to the topics and a request to meet and confer, Defendants filed the instant Motion to Compel on January 28, 2026.  (Doc. 204).

For reasons set forth below, Plaintiffs assert that the deposition topics proposed by Defendants are improper under Fed. R. Civ. 30(b)(6), and, thus, Plaintiffs are unable to prepare or produce designated witness(es) to sit for deposition unless and until the topics are properly limited.

## II.    Because Defendants failed to comply with Local Rules of Civil Procedure 7.2 and 37.1, Defendants' Motion should be denied.

As Defendants did not comply with Local Rules 7.2 and 37.1 prior to the filing of their Motion to Compel, this Motion should be summarily denied.

With regards to the filing of discovery motions, generally, Rule 7.2(j) of the Local Rules of Civil Procedure provides:

> No discovery motion will be considered or decided unless a statement of moving counsel is attached thereto certifying that after personal consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter.  Any discovery motion brought before the Court without prior personal consultation with the other party and a sincere effort to resolve the matter, may result in sanctions.

LRCiv 7.2(j). Defendants' Motion to Compel does not include this required certification. Accordingly, this Court should not consider it.

Rule 37.1 of the Local Rules of Civil Procedure also applies to Motions to Compel. It requires that the moving party:

…set forth, separately from a memorandum of law, the following in separate, distinct, numbered paragraphs:

(1) the question propounded, the interrogatory submitted, the designation requested or the inspection requested;

(2) the answer, designation or response received; and

(3) the reason(s) why said answer, designation or response is deficient.

LRCiv 37.1(a).

Local Rule 37.1(b) provides that these requirements apply to all motions to compel discovery unless "there has been a complete and total failure to respond to a discovery request or set of discovery requests." That condition has not been met here, as Plaintiffs responded in writing to Defendants' notices and further offered to meet and confer. However, Defendants' Motion to Compel does not include the information required by Local Rule 37.1(a).

Notably, although Defendants' Motion to Compel claims Plaintiffs have refused to designate witnesses for more than nine months, it does not refer to or include copies of Plaintiffs' May 23, 2025 responses and objections to Defendants' original 30(b)(6) notices or the extensive communications between the parties. Nor does Defendants' Motion to Compel refer to or include copies of Plaintiffs' January 28, 2026 responses and objections to Defendants' January 22, 2026 notices. Plaintiffs' January 28, 2026 correspondence, which requested the opportunity to meet and confer on the identified topics, was delivered to defense counsel prior to Defendants' counsel filing its Motion to Compel.

In filing their Motion to Compel, Defendants demand sanctions against the Plaintiffs while Defendants failed to comply with two of this Court's Local Rules: LRCiv 7.2(j) and 37.1(a). Both of the rules disregarded by Defendants encourage the parties to resolve discovery disputes by meeting and conferring in good faith, rather than by seeking court intervention. Defendants' rule violations evidence a greater concern—they did not sufficiently meet and confer before filing their Motion to Compel. As described above, the heart of this dispute is and continues to be Defendants' refusal to substantively engage with

Plaintiffs to reach an agreement on deposition topics. Instead, Defendants chose to make repeated unilateral demands for witness designations, heedless of the fact that Defendants never addressed the substance of Plaintiffs' objections on the topics and that Plaintiffs could not designate appropriate witnesses without satisfactory topics. As the full record of the parties' communications clearly reflects, Defendants' refusal to meet and confer on topics in good faith has created the delay they describe in their Motion to Compel.

As Defendants have failed to meet and confer and failed to comply with this Court's Local Rules, Defendants' Motion to Compel should be denied. *See Sandpiper Resorts Development Corp. v. Global Realty Investments*, No. 2:08-CV-01360 JWS, 2012 WL 2009965 (D. Ariz., June 5, 2012) (motion to compel denied because there had been no personal consultation in an effort to resolve discovery dispute per Fed.R.Civ.P. 37(a)(1) and LRCiv 7.2(j)); *Robinson v. Hall*, No. CV-12-166-PHX-FJM (LOA), 2013 WL 791268, at *3 (D. Ariz. Mar. 4, 2013) (failure to satisfy District Court's certification requirements necessary for it to consider a discovery dispute provided additional basis to deny motion to compel); *Berkadia Real Est. Advisors LLC v. Wadlund*, No. CV-22-00049-TUC-CKJ, 2023 WL 2072494, at *12 (D. Ariz. Feb. 17, 2023) (motion to compel production of a Rule 30(b)(6) deponent denied where defendants failed to comply with LRCiv 37.1 and plaintiff did not object to producing a Rule 30(b)(6) deponent).

**III.    The topics included in Defendants' January 22, 2026 Rule 30(b)(6) deposition notices are improper for numerous reasons.**

**a.    The topics are improper because many of the topics necessitate that counsel for each noticed Plaintiff be designated as a witness, and Defendants do not show good cause to depose opposing counsel.**

Depositions of opposing counsel are largely disfavored by courts. *See, e.g.*, *Hickman v. Taylor*, 329 U.S. 495 (1947); *Jennings v. Family Mgmt.*, 201 F.R.D. 272, 276–77 (D.D.C. 2001); *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986); *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 (5th Cir. 1999); *EEOC v. HBE Corp.*, 157 F.R.D. 465, 466 (E.D. Mo. 1994) ("Taking an opposing counsel's deposition has 'long

10

1  been discouraged.'" (quoting *Shelton*, 805 F.2d at 1327)). "Because deposition of a party's
2  attorney is usually both burdensome and disruptive, the mere request to depose a party's
3  attorney constitutes good cause for obtaining a Rule 26(c), Fed. R. Civ. P., protective order
4  unless the party seeking the deposition can show both the propriety and need for the
5  deposition." *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83, 85 (M.D.N.C.
6  1987).

7      The Eighth Circuit's decision in *Shelton v. American Motors Corporation* is
8  "generally regarded as the leading case on attorney depositions." *Massachusetts Mutual
9  Life Ins. Co. v. Cerf.*, 177 F.R.D. 472, 479 (N.D. Cal. 1998). In *Shelton*, the court
10 reaffirmed the widespread disfavor of attempts to depose opposing counsel, establishing a
11 three-part test for situations in which a deposition of opposing counsel is implicated. To
12 take such a deposition, a party must establish that: "(1) no other means exist to obtain the
13 information than to depose opposing counsel; (2) the information sought is relevant and
14 nonprivileged; and (3) the information is crucial to the preparation of the case." 805 F.2d
15 at 1327 (internal citation omitted). Similarly, in the case of *In re Subpoena Issued to Dennis
16 Friedman*, 350 F.3d 65 (2d Cir. 2003), the Second Circuit emphasized a court must "take[]
17 into consideration all of the relevant facts and circumstances," such as "the need to depose
18 the lawyer, the lawyer's role in connection with the matter on which discovery is sought
19 and in relation to the pending litigation, the risk of encountering privilege and work-
20 product issues, and the extent of discovery already conducted." *Id.* at 71-72.

21     Where, as here, deponents are civil prosecutors who conducted the investigation
22 underlying the enforcement action, the first and second prongs of the *Shelton* test cannot
23 be met. Critically, Plaintiffs have *no independent percipient knowledge* about the facts
24 relevant to this action because they were not present for or involved in the conduct that
25 they allege gives rise to liability. Rather, Plaintiffs learned relevant facts by conducting
26 attorney-led investigations that were carried out by attorneys and agents working under
27 their direction in anticipation of potential litigation. Every decision that went into those
28 investigations—such as whether, when, and how to use certain investigative tools, what

information to seek, which witnesses to examine, and what questions to ask—are the Plaintiffs' work product. *U.S. v. Nobles*, 422 U.S. 225, 238 (1975) (explaining that, "[a]t its core, the work-product doctrine shelters the mental processes of the attorney," as well as his agents); *Hickman*, 329 U.S. at 511 (holding that the work-product doctrine protects an attorney's ability to "assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference."). Every impression or opinion Plaintiffs' attorneys or their staff formed about the information and evidence acquired in the investigation is also work product. *Id.* (describing an attorney's thoughts as "inviolate"). There is very little a state attorney or their staff can say in a deposition about the facts learned through investigation that does not reveal a protected impression, conclusion, opinion, or theory. To the extent a state attorney knows objective facts about the case or the investigation itself—such as the identity of a witness or a fact gleaned from a piece of evidence—and those facts are not protected by qualified law-enforcement privileges, those facts can be acquired through written discovery.

For this reason, federal courts applying *Shelton* generally do not order prosecutors to produce 30(b)(6) witnesses for the purpose of "fact" discovery. *See e.g., S.E.C. v. Buntrock*, 217 F.R.D. 441, 446 (N.D. Ill. 2003) (declining to order a 30(b)(6) deposition regarding the "facts" supporting SEC allegations because the notice "clearly seeks not the facts, but the manner in which the SEC intends to marshal them"); *S.E.C. v. Jasper*, No. C07-06122 JW (HRL), 2009 WL 1457755, at *5 (N.D. Ca. May 25, 2009) ("[I]t appears that what defendant really seeks is a probing examination as to [a third party's] (reconstructed) statements through the recollections of the SEC counsel who are prosecuting this matter—recollections which this court finds are not easily segregated from those attorneys' thoughts, mental impressions, opinions or conclusions about this case."); *EEOC v. HBE Corp.*, 157 F.R.D. 465, 466 (E.D. Mo. 1994) ("As defendant well knows, it is the selection and compilation of the relevant facts that is at the heart of the work product doctrine."); *S.E.C. v. Monterosso*, No. 07-61693-CIV-LENARD/GARBER, 2009 WL

8708868, at *1 (S.D. Fl. June 2, 2009) ("[A]ny question on the 'factual basis' for an allegation [by the SEC] implicates attorney work product.").

While the Plaintiff States understand there is no blanket immunity from deposing the prosecuting attorney, and further, that this Court has concluded that "defendants are entitled to Rule 30(b)(6) depositions addressing the factual allegations in the Complaint," (Doc. 170), the very broad topics contained in Defendants' January 22, 2026, Deposition Notices served on the 13 Plaintiff States grossly overstep Defendants' need for discovery in this matter and unnecessarily exceed the scope of what has been ordered by this Court. As set forth in greater detail below, Defendants' identified topics, particularly Topics 4 and 13, appear to directly seek attorney work product.

### b. The topics are improper because they are overbroad, highly duplicative, and cumulative.

Rule 26(b) establishes the scope of discovery: "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b).

However, this does not give a party free rein in pursing discovery. Under Rule 26(c), the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden and expense." Fed. R. Civ. P. 26(c)(1). Such orders can include "forbidding the disclosure or discovery" or "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(A), (D). Pursuant to Rule 26(b)(2)(C), a court "must limit the frequency or extent of discovery otherwise allowed" under the Federal Rules:

If it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking the discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C)(i) – 26(b)(2)(C)(iii). The Court must also limit discovery when the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

The Plaintiffs in this case are acting as prosecuting entities that are collectively litigating to address common legal issues across all states while maximizing government efficiency. Acting in their enforcement capacities, a small group of Plaintiffs gathered and reviewed records from Defendants, third-parties and publicly available sources. The work product completed by the small group of Plaintiffs was shared among all Plaintiffs. Plaintiffs engaged two shared experts for the benefit all of Plaintiffs, including one that analyzed Defendants' call traffic. While the number of calls to each state may vary, the same common facts support all the Plaintiffs' claims.

Defendants' proposed deposition topics seek all information relating to the allegations in the Complaint, but Plaintiffs have already provided the information sought by Defendants in response to written discovery demands. In fact, Defendants have served approximately 25,461 discovery requests upon Plaintiffs. Plaintiffs sent timely written responses to 306 interrogatories, 1,776 requests for admission, and 23,379 document production requests. Plaintiffs have produced 169,788 pages of responsive documents, along with timely indices identifying the Request to which each document is responsive, and over 7 terabytes of call detail records. Further, in September 2025, Plaintiffs' experts both provided written reports with extensive supporting data.

Plaintiffs provided the third-party records that form the basis of this case to Defendants in response to written discovery demands, and Plaintiffs are working with Defendants to make the expert witnesses available for deposition. As Defendants' proposed deposition topics do not cover new ground, they are clearly cumulative, duplicative, and outside of the scope of Fed. R. Civ. P. 26.

### i. Topic 1

Topic 1 requests testimony on "[t]he allegations of fact set forth in paragraphs 19-88 and 90-630 of the complaint."[3] As other courts have observed, Rule 30(b)(6) topics which seek to elicit deposition testimony on *all* facts in support of a claim or contention are unduly burdensome, unwieldy, and likely disproportionate to the needs of the case. *Fairview Health Servs. v. Quest Software Inc.*, No. 20-CV-1326 (SRN/LIB), 2021 WL 5087564, at *7 (D. Minn. Sept. 24, 2021) (collecting cases).

Topic 1 is facially overbroad and fails to describe the matters for examination with reasonable particularity as required by Rule 30(b)(6).  Courts have explained that Rule 30(b)(6)'s requirement that matters for examination be described with reasonable particularity is necessary "[b]ecause Rule 30(b)(6) places substantial responsibilities and burdens on the responding corporate party." *Memory Integrity, LLC v. Intel Corp.*, 308 F.R.D. 656, 661 (D. Or. 2015). For the Rule "to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 638 (D. Minn. 2000).  While an organization must make a good faith effort to prepare a Rule 30(b)(6) witness to "fully and unevasively answer questions about the designated subject matter, … that task becomes less realistic and increasingly impossible as the number and breadth of noticed subject areas expand." *Apple Inc. v. Samsung Elecs. Co.*, No. C 11-1846 LHK PSG, 2012 WL 1511901, at *2 (N.D. Cal. Jan. 27, 2012) (internal quotation omitted).  Rule 30(b)(6) does not permit "burdening the responding party with production and preparation of a witness on every facet of the litigation." *Apple*, 2012 WL 1511901, at *2; *ReBath LLC v. HD Sols. LLC*, No. CV-19-04873-PHX-JJT, 2021 WL 2291377, at *1 (D. Ariz. June 4, 2021).

---

[3] This topic was previously identified in Defendants' April 2025 deposition notices. (Doc. 204-1) When Defendants included this topic again in the January 22, 2026 deposition notices, they were well aware of Plaintiffs' objections from previous responses sent in May 2025. (Sparko Decl. ¶ 5, Ex. C)

In *ReBath v. HD Sols. LLC*, this Court determined that two topics seeking a Rule 30(b)(6) witness to testify regarding "all facts and evidence concerning, regarding and relating to" claims, defenses, and counterclaims lacked the reasonable particularity required by Rule 30(b)(6). *Id.* Specifically, the Court explained that the two topics "encompass all aspects of the litigation such that it will be overly burdensome…to properly prepare [a] representative to testify." *Id. at 2. See also Doe v. Swift Transp. Co., Inc.*, No. 2:10-CV-00899-JWS, 2015 WL 11110892, at *4 (D. Ariz. Nov. 13, 2015) (holding that 30(b)(6) topic requesting representative to be prepared to testify about "the existence *vel non* of any other evidence relevant to the claims and defenses in this case" was an "unreasonable catch-all topic" that should not have been included in the deposition notice).

In this case, Defendants' Topic 1 encompasses nearly every allegation in the Complaint without identifying specific areas relevant to the issues in dispute. If not stricken, Topic 1 would require designated witnesses from each of the 13 Plaintiff States to familiarize themselves with every facet of this litigation – litigation which involves billions of alleged unlawful robocalls – and, thus, Topic 1 is a textbook example of an overly broad and unduly burdensome request. Requiring each of the responding parties to marshal all factual proof and prepare a witness to testify on every aspect of the case would be highly inefficient and burdensome. *In re Indep. Serv. Orgs. Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996).

Topic 1 is also cumulative and disproportionate under Fed. R. Civ, P, 26(b)(2). Plaintiffs have already produced extensive information and records pursuant to Fed. R. Civ. P. 26 and in response to Defendants' written discovery demands.[4] *See Berkadia Real Est. Advisors LLC*, 2023 WL 2072494, at *5 ("Plaintiff shall not seek discovery from

---

[4]The Plaintiffs' Joint Responses to Defendants' 2nd Requests for Production of Documents (Sparko Decl. ¶ 19, Ex. U) and the Plaintiff States' Supplemental Responses and Objections to Defendants' 2nd Requests for Production of Documents (Sparko Decl. ¶ 19, Ex. V) each responded to separate requests for all documents that refer or relate to nearly every Complaint paragraph referenced in this topic. Plaintiffs produced responsive documents along with a timely index identifying to which Request each document was responsive.

Defendants of documents that are in the control of the Plaintiff that are unreasonably cumulative or duplicative or that can be obtained from some other source that is more convenient, less burdensome, or less expensive, such as seeking it in-house." (citing Fed. R. Civ. P. 26(b)(2)(C)(i))). Further, as Defendants have served identical Rule 30(b)(6) topics on the 13 Plaintiff States, the burden multiplies exponentially without increasing the value of the information.  It is not reasonable for each of the 13 Plaintiff States to separately prepare a designee to testify on the same allegations spread across over 600 paragraphs of the Complaint, especially where the Complaint is a unified pleading and the facts are already available through the Plaintiffs' prior discovery responses.

Topic 1 also implicates concerns requiring the protection of information under the work-product doctrine. Fed. R. Civ. P. 26(b)(3) provides the Court "must protect against the disclosure of the mental impressions, conclusions, opinions or legal theories of a party's attorney other representative concerning the litigation."  Even if a Plaintiff State chose to designate a lay witness as its Rule 30(b)(6) designee, the only way for that designee to know which facts laid the basis for "allegations of fact" set forth in the Complaint would be to ask that Plaintiff's counsel for said information, which would violate the attorney work-product doctrine. *See Fairview Health Services v. Quest Software Inc.,* 2021 WL 5087564, at *7, (D. Minn. 2021) (When asked to explain all facts supporting a defense or claim, the 30(b)(6) designee's deposition testimony reveals which facts opposing counsel found important, counsel's mental impressions, and counsel's conclusions or opinions about those facts).

Here, discovery under other rules is more appropriate. Plaintiffs contend the information sought by Topic 1 is better suited for contention interrogatories or written discovery, which Defendants have already propounded and to which Plaintiffs have already responded. *See Fid. Mgmt & Research Co. v. Actuate Corp.*, 275 F.R.D. 63, 65 (D. Mass. 2011) (contention interrogatories are more appropriate than 30(b)(6) for discovering the factual basis of allegations); *see also In re Indep. Serv. Organizations Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996) ("To provide the information defendants seek would in

effect require the Government to marshal all of its factual proof and then provide it to [the 30(b)(6) designee] so that she could respond to what are essentially a form of contention interrogatories. Aside from any issues of privilege, this would be highly inefficient and burdensome, rather than the most direct manner of securing relevant information.") (internal quotation and citation omitted).

### ii.  Topics 2, 3, 4, 9, 10, and 11

Topics 2, 3, 4, 9, 10, and 11 each focus on Paragraph 89 of the Complaint, which alleges that Defendants routed calls containing unlawful content to phone numbers with area codes in specific states, *See, e.g.,* "Avid Telecom routed more than 28,790 calls containing unlawful content to phone numbers with Arizona area codes." Doc. 1 (Complaint), ¶ 89(b).

- Topic 2 seeks testimony on "[t]he allegations of fact set forth in subparagraph 89 of the complaint applicable to the state on whose behalf the witness is appearing."

- Topic 3 seeks testimony on "[t]he origin of all data (e.g., a CID, a subpoena, YouMail, an AG Expert Witness) used to calculate the number of calls set forth in the subparagraph of paragraph 89 of the complaint applicable to the state on whose behalf the witness is appearing."

- Topic 4 seeks testimony on "[a]ctions taken to confirm that the data associated with each of the calls referenced in the subparagraph of paragraph 89 of the Complaint on whose behalf the witness is appearing is true and correct."

- Topic 9 seeks testimony on "[f]acts supporting the allegation that each of the individual calls referenced in the subparagraph of paragraph 89 of the complaint on whose behalf the witness is appearing contained a pre-recorded message."

- Topic 10 seeks testimony on "[f]acts supporting the allegation that each of the individual calls referenced in the subparagraph of paragraph 89 of the complaint on whose behalf the witness is appearing contained a commercial message."

- Topic 11 seeks testimony on "[f]acts supporting the allegation that each of the individual calls referenced in the subparagraph of paragraph 89 of the complaint

on whose behalf the witness is appearing originated from a predictive dialer (or similar device)."

Topics 2, 3, 4, 9, 10, and 11 are overbroad, unduly burdensome, and not proportional to the needs of the case as they would require designated witnesses from each of the 13 Plaintiff States to familiarize themselves with the details of hundreds – and, in most cases, tens of thousands - of calls.  As discussed *supra* Section III.b.i (Topic 1), "Rule 30(b)(6) topics which seek to elicit deposition testimony on all facts in support of a claim or contention are unduly burdensome, unwieldy, and likely disproportionate to the needs of the case."  *Fairview Health Servs.*, 2021 WL 5087564, at *7.

These topics are so vast that preparing a witness to testify would be an impossible task.  "Rule 30(b)(6) is not designed to be a memory contest."  *Great Am. Ins. Co. Of New York*, 251 F.R.D. at 539; *Risinger v. SOC, LLC*, 306 F.R.D. 655, 663 (D. Nev. 2015).  "[I]t is simply impractical to expect Rule 30(b)(6) witnesses to know the intimate details of everything."  *Fed. Ins. Co. v. Delta Mech. Contractors, LLC*, No. 11-048ML, 2013 WL 1343528, at *4 (D. R.I. Apr. 2, 2013); *Dealer Computer Servs., Inc. v. Curry*, No. 12 Civ. 3457 (JMF) (JLC), 2013 WL 499520, at *2 (S.D. N.Y. Feb. 7, 2013) ("A [30(b)(6)] deposition is not a quiz, nor is it the most practical way to obtain [all types of] information.").  Even if Plaintiffs could prepare witnesses to testify on the number of calls at issue, much of the preparation would be wasted in light of the limited number of hours that Defendants have to complete the deposition.

Requiring the Plaintiffs to prepare a witness to testify on these broad Topics without narrowing their scope would create an undue burden and expense, especially considering Defendants have already obtained the information sought relating to the calls by written discovery in this action[5].  Fed. R. Civ. P. 26(b)(2)(C)(ii).

---

[5] Plaintiff States' Supplemental Responses and Objections to Defendants' 2nd Request for Production of Documents Request 153 (Sparko Decl. ¶ 19, Ex. V), 36 Plaintiffs' Joint Responses 2nd RFP  Request 127 (Sparko Decl. ¶ 20, Ex. Exhibit W), Plaintiffs' Responses to 5th RFP Request 677 (Sparko Decl. ¶ 20, Ex. X), Plaintiffs' Objections and

As Plaintiffs have informed Defendants on several occasions, Plaintiffs engaged expert witness Mike Rudolph from YouMail to analyze Defendants' call traffic and the information Defendants seek can be found in the expert's reports and the supporting data. (Doc. 79, p. 23; Doc. 89 p. 2-3; Sparko Decl. ¶ 15, Ex. P at 131:20-133:12; Sparko Decl. ¶ 18, Ex. T, p. 3-4, 7-8.) The specific number of phone calls listed for each state and the nature of calls described in Paragraph 89 of the Complaint information were obtained from a preliminary call analysis completed by Mr. Rudolph. Mr. Rudolph's expert report, which Defendants have had since September 2, 2025, explains the source of these data from third parties, the YouMail subscriber data that matched specific calls from the call detail records at issue, the methodology underlying the analyses, and the findings based on those analyses. Further, in response to Defendants' written discovery demands, Plaintiffs have produced other information and documents relating to the calls referenced in Paragraph 89—including more than 7 terabytes of data containing all call detail records that were included in the expert witness's analyses.[6] Thus, the information sought by these Topics is unreasonably cumulative and duplicative of discovery already in the possession of Defendants.  Fed. R. Civ. P. 26(b)(2)(C)(i).

If Defendants wish to obtain information regarding Mr. Rudolph's expert report, it can be obtained from "some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Specifically, Defendants could simply depose Mr. Rudolph—as they have already noticed they intend to do this month—as explicitly

---

Answers to Defendants' 2nd Request For Admissions Requests 33, 66 -70 (Sparko Decl. ¶ 20, Ex. Y), Plaintiffs' Responses and Objections to Defendants' Interrogatories and First Consolidated Interrogatories Requests 4-5, 13-14, 16 (Sparko Decl. ¶ 20, Ex. Z).

[6] As to Defendants' Topic 3 requesting the "origin of all data," in addition to data produced along with the expert report, Plaintiffs have already responded to Defendants' written demands and produced documents, including but not limited to Plaintiffs' Responses to Defendants' 1st Requests for Production Requests 1, 3, 4, 6, 7, 9, 13, 19, 20, 21 and 22. (Sparko Decl. ¶ 20, Ex. AA) The records produced included copies of all prelitigation subpoenas and civil investigative demands issued and the production received.

allowed under Fed. R. Civ. P. 26(b)(4)(A). The information sought by these Topics is better suited for expert testimony. *Sierra Club v. BNSF Ry. Co.*, No. C13-0967-JCC, 2016 WL 4528452, at *4-5 (W.D. Wa. Aug. 30, 2016) (disallowing 30(b)(6) deposition about the factual bases of allegations in Plaintiff's complaint where Plaintiff had already submitted expert reports on the matter, "the underlying factual information ha[d] already been disclosed," and where "deposing a 30(b)(6) witness on this topic would fail to provide any new or meaningful information and would only serve to reveal [plaintiff's] attorney's interpretation of previously provided information); *Atwood v. Union Pac. R.R. Co.*, No. 8:21CV394, 2022 WL 17585893, at *9-10 (D. Neb. Dec. 12, 2022) (granting protective order where it would be unnecessarily cumulative to require railroad to provide corporate deponent when experts provided basis of railroad's claims; finding it would be more productive and accurate for experts to state their opinions and identify facts upon which they relied in formulating opinions as opposed to corporate deponent providing that information); *Burton v. Abbvie, Inc.*, No. 2:22-CV-05920-FMO-MAR, 2023 WL 4677024, at *5 (C.D. Ca. June 21, 2023) (granting a protective order where Rule 30(b)(6) topics "appear to seek the assessment of an expert"); *Trustees of Boston Univ. V. Everlight Elecs. Co.*, No. 12-cv-11935-PBS, 2014 WL 5786492, at *4 (D. Mass. Sept. 24, 2014) ("A party may properly resist a Rule 30(b)(6) deposition on grounds that the information sought is more appropriately discoverable through ... expert discovery.").

Topic 4 is also objectionable as it seeks to discover information protected by the work product privilege, and like Topic 13, discussed in Section III(b)(v), *infra*, prematurely and impermissibly delves into Rule 11 compliance issues which are not relevant to the claims and defenses before the Court.

As to Topic 11, Defendants seek information related to calls in Paragraph 89 that were alleged to have originated from a predictive dialer. Plaintiffs object on the basis of relevance to this Topic, as Paragraph 89 does not contain any allegations that the calls originated from a predictive dialer. Further, the use of a predictive dialer is a subject area

that is entirely irrelevant to most Plaintiffs' counts, with the exception of the state law claims brought by Plaintiff States of Indiana, New York and Nevada.

Plaintiffs request that Topics 2, 3, 4, 9, 10 and 11 be stricken in their entirety as the information Defendants seek is unreasonably duplicative and cumulative of discovery already in Defendants' possession; any additional information sought is more appropriately discoverable through expert testimony. Plaintiffs are willing to meet and confer on any topics identified by Defendants related to the engagement of the expert witnesses that is not already addressed in the reports and the supporting data produced. To date, Defendants have not identified such topics. To the extent that the Court believes 30(b)(6) depositions of Plaintiffs are appropriate, the Plaintiffs propose the 30(b)(6) depositions be taken after Defendants conduct expert discovery and that these topics be narrowed to a limited subset of specifically identified calls that Avid Telecom allegedly routed to the Plaintiff States to limit the burden and expense of the parties in preparing for said depositions.

### iii.   Topics 5, 6, 7, and 8

Topics 5, 6, 7, and 8 each focus on allegations that Defendants Lansky and Reeves knew or should have known that calls transited by Avid Telecom were illegal robocalls.

- Topic 5 seeks testimony on "[f]acts supporting the allegation that Lansky knew that the calls transited by Avid Telecom were illegal robocalls."
- Topic 6 seeks testimony on "[f]acts supporting the allegation that Lansky should have known that the calls transited by Avid Telecom were illegal robocalls."
- Topic 7 seeks testimony on "[f]acts the allegation that Reeves knew that the calls transited by Avid Telecom were illegal robocalls."
- Topic 8 seeks testimony on "[f]acts supporting the allegation that Reeves should have known that the calls transited by Avid Telecom were illegal robocalls."

These topics are unduly burdensome, cumulative, duplicative and/or not proportional to the needs of the case.

The allegations that Lansky and Reeves knew or should have known that the calls transited by Avid Telecom were illegal robocalls are supported by records that are already

in Defendants' possession or are publicly available. Plaintiffs already produced records related to these topics in response to Defendants' written discovery demands or pursuant to Fed. R. Civ. P. 26 disclosures.[7] These records were originally obtained from third parties that communicated with Defendants Lansky and Reeves about the suspicious or illegal robocall traffic transited on Avid Telecom's network.[8] The records of communications with Defendants speak for themselves and are in Defendants' possession, custody, and control. Plaintiffs were not parties to these communications and do not have firsthand knowledge about information sought in these topics. Any further inquiry as to how Plaintiffs analyzed or assessed those communications or Plaintiffs' mental impressions as to how those communications with Defendant may or may not be sufficient to meet any burden of proof for Complaint count is clearly attorney work product. Fed. R. Civ. P. 26(b)(3)(A); *United States v. Nobles*, 422 U.S. 225, 238–39 (1975).

Thus, deposition testimony of Plaintiffs on these topics are not reasonably calculated to lead to the discovery of admissible evidence and has no legitimate purpose other than to harass.

Furthermore, these topics are objectionable to the extent Defendants seek testimony or information as to the manner in which Plaintiffs conducted its multistate investigation - including the review and analysis of records, verification of facts contained therein, and determination of which factual allegations to include in the Complaint – and Plaintiffs' consultations with decisionmakers in Plaintiffs' respective offices and communications with attorneys representing the other Plaintiff States.  These lines of inquiry are protected

---

[7] Plaintiffs' have already provided responses on these Topics in Plaintiffs' Responses to First Consolidated Interrogatory Requests 19, 20, 21 (Sparko Decl. ¶ 20, Ex. Z), Plaintiffs' Responses to Defendants' 2nd RFP Requests 525. 527, 529, and 593 (Sparko Decl. ¶ 20, Ex. U), as well as substantially similar Requests to which the supporting documents would be largely the same, including but not limited to Plaintiffs' Responses to Defendants 1st RFP Requests 20, 22, 24, 28, 33-40 (Sparko Decl. ¶ 21, Ex. AA), Plaintiffs' Supplemental Responses to Defendants' 2nd RFP Requests 80, 235, 241, 248, 254, 261, and 341 (Sparko Decl. ¶ 19, Ex. V).
[8] See, Complaint paragraphs 174-369. (Doc. 1 at pp. 53-77).

by work-product doctrine, common interest privilege, law enforcement privilege, and/or any other applicable privilege immunity or protection. Fed. R. Civ. P. 26(b)(1), (3).

### iv.   Topic 12

Topic 12 seeks testimony on "[f]acts supporting the allegation that Avid Telecom did not block any illegal robocalls."

Topic 12 is not relevant.  The Complaint does not allege that Avid "did not block any illegal robocalls." Thus, Topic 12 should be stricken in its entirety.

### v.   Topic 13

Topic 13 seeks testimony on "[t]he identity of the person(s) who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or needless increase the cost of litigation."

This topic was included in Defendants' original April 22, 2025, deposition notices. (Doc. 204-1) When Defendants included this topic again in the January 22, 2026 deposition notices, they were well aware of Plaintiffs' objections from our previous responses sent in May 2025. (Sparko Decl. ¶ 5, Ex. C). Further, Plaintiffs believe the Court properly excluded this topic area in its October 24, 2025, Order (Doc. 170).

Topic 13 mirrors the language of Fed. R. Civ. P. 11 and is an improper attempt by Defendants to depose Plaintiffs' counsel on Rule 11 compliance issues.  Relatedly, Topic 4, which seeks testimony on "actions taken to confirm data associated with calls referenced in... paragraph 89..." is another attempt to depose Plaintiffs' counsel on their prelitigation work and compliance with Rule 11.  Defendants' attempt to conduct discovery into Rule 11 compliance cannot meet the criteria of the *Shelton* standard, discussed *supra*, as counsel's pre-filing investigation is subject to a variety of privileges, work product,

common interest privilege, etc.  Further, the information is not "crucial" to the actual claims or defenses in this litigation. *See Shelton*, 805 F.2d at 1327.

For Defendants to identify the information they seek under Topic 13, Defendants need only to review the names of the attorneys who signed the Complaint.  To the extent Defendants seek information as to all persons – including attorneys and non-attorneys - who reviewed drafts of the Complaint prior to filing, such information is not relevant to any claim or defense in this case and is covered by privilege.

To the extent Defendants seek testimony (under Topics 4 and 13) on whether the Plaintiffs' attorneys complied with Rule 11, using a Rule 30(b)(6) deposition for that purpose (or any other method of discovery) is an improper fishing expedition to search for facts not relevant to any claim or defense in this case.  As this Court has observed:

> The 2000 amendments to Rule 26(b)(1) replaced prior language defining relevant discovery as that relating to the "subject matter" of the litigation to the more restrictive "claim or defense" language… The rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings.

*Vantage Mobility Int'l, LLC v. Kersey Mobility, LLC*, No. CV-19-04684-PHX-JJT, 2020 WL 3103945, at *3 (D. Ariz. June 11, 2020) (emphasis in original) (citing Fed. R. Civ. P. 26(b)(1) Advisory Committee's Note (2000 Amendment)).

The Court in *Vantage Mobility Int'l* found this limitation imposed by the 2000 Amendments to Rule 26(b)(1) "ensured that discovery would no longer be used to troll for new claims or causes of action, but that the requested discovery was relevant to the specific claims and defenses before the court." *Id.* (citing *Franklin v. United States*, No. 12-1167 KBM/LFG, 2013 WL 11336864, at *2 (D.N.M. Aug. 28, 2013); *see also Monte H. Greenawalt Revocable Trust v. Brown*, No. 2:12–cv–01983 LRH–VCF, 2013 WL 6844760, at *3 (D. Nev. Dec. 19, 2013) ("This prevents litigants from engaging in 'fishing expeditions' that may expose the defendant to claims not previously asserted in the

plaintiff's complaint."); *Dymnioski v. Crown Equip. Corp.*, No. CIV. 11-3696, 2012 WL 1986584, at *6 (D.N.J. June 4, 2012) ("Discovery ... cannot serve as a fishing expedition through which plaintiff searches for evidence to support facts he has not yet pleaded.")). As the 1983 Advisory Committee Notes to Rule 11 provide, in relevant part:

> To assure that the efficiencies achieved through more effective operation of the pleading regimen will not be offset by the cost of satellite litigation over the imposition of sanctions, the court must to the extent possible limit the scope of sanction proceedings to the record. Thus, discovery should be conducted only by leave of the court, and then only in extraordinary circumstances.

Fed. R. Civ. P. 11 Advisory Committee's Note (1983 Amendment).

Here, Defendants neither asked for leave of court to depose opposing counsel on Rule 11 counsel nor attempted to demonstrate the extraordinary circumstances exist to conduct such discovery.

Additionally, Rule 11 sanctions are ordinarily not determined until the end of a case. To impose sanctions under Fed. R. Civ. P. 11, a court must determine the pleading is "both baseless and made without a reasonable and competent inquiry." *Lake v. Gates*, 130 F.4th 1064, 1068 (9th Cir. 2025) (internal quotations and citations omitted). Here, Defendants have not made an initial showing that the Complaint is baseless or frivolous. The Ninth Circuit has held that an attorney cannot be sanctioned for a complaint which is well-founded solely because she failed to conduct a reasonable inquiry. *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 434 (9th Cir. 1996). To the extent Defendants previewed a potential argument that states may have violated Rule 11 by relying, in large part, on an investigation conducted by the Lead States and Plaintiffs' expert, Rule 11 does not require the signer to conduct the reasonable inquiry himself; others may conduct the required inquiry. *US Sprint Commc'ns Co. v. Kaczmarek*, 121 F.R.D. 414, 416 (D. Kan. 1988) (citing *Kendrick v. Zanides*, 609 F. Supp. 1162, 1172 (N.D. Cal. 1985) ("Rule 11 requires that [signers] have in hand sufficient credible information (as opposed to opinions or

conclusions) from whatever source to enable them to form a reasonable belief that the allegations to which they put their signature are well-grounded in fact.").

For these reasons, Topics 4 and 13 should be stricken in their entirety.

**IV.    Because the topics are improper, Plaintiffs should be granted a protective order with respect to these identified topics.**

Based on the factors set forth above, Plaintiffs are entitled to a protective order with respect to Topics 1 – 13. Under Rule 26(c), the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden and expense." Fed. R. Civ. P. 26(c)(1). Such orders can include "forbidding the disclosure or discovery" or "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(A), (D).

"The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *BioD, LLC v. Amnio Tech., LLC*, No. 2:13-CV-1670-HRH, 2014 WL 3864658, at *3–4 (D. Ariz. Aug. 6, 2014) citing *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004) (quoting *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002)). "Specifically, the moving party must make a clear showing of a particular and specific need for the order." *Nutratech, Inc. v. Syntech (SSPF) Intern., Inc.*, 242 F.R.D. 552, 555 (C.D. Cal. 2007) (citations omitted) "The burden then shifts to the party seeking discovery to show that the information is relevant to a party's claims or defenses or the subject matter of the lawsuit and is necessary to prepare the case for trial." *Id.* (citations omitted). In addition to "limiting the scope of discovery, or fixing the terms of disclosure," the protective order may "prohibit[ ] the requested discovery altogether." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir.2004).

**V.    Conclusion**

Defendants' Motion to Compel Designation of 30(b)(6) Witnesses and for Sanctions (Doc. 204) should be DENIED.

1        As Defendants' January 22, 2026 notices fail to comply with Rule 30(b)(6), and the

2  identified topics are improper and unduly burdensome, the 13 Plaintiff States request that

3  the Court issue a protective order pursuant to F. R. Civ. P 26(c), quash Defendants' Rule

4  30(b)(6) notices, and order Defendants to reissue 30(b)(6) notices that comply with the

5  Federal Rules.

6

7        RESPECTFULLY SUBMITTED this 11th day of February, 2026.

8

9  **FOR THE STATE OF ARIZONA:**      **FOR THE STATE OF INDIANA:**

10

11  KRISTIN K. MAYES              TODD ROKITA
Attorney General for the State of Arizona      Attorney General for the State of Indiana

12

13  /s/ John Raymond Dillon IV         /s/ Douglas S. Swetnam
JOHN RAYMOND DILLON IV (AZ Bar   DOUGLAS S. SWETNAM (IN Bar No.

14  No. 036796)                      15860-49)
SARAH PELTON (AZ Bar No. 039633)   THOMAS L. MARTINDALE (IN Bar No.

15  Assistant Attorneys General         29706-64)
Arizona Attorney General's Office     Deputy Attorneys General

16  2005 North Central Avenue        Office of the Indiana Attorney General
Phoenix, AZ 85004              Todd Rokita

17  Phone:  (602) 542-8018          Indiana Govt. Center South, 5th Fl.
Fax:    (602) 542-4377          302 W. Washington St.

18  john.dillonIV@azag.gov          Indianapolis, IN 46204-2770

19  sarah.pelton@azag.gov           Phone: (317) 232-6294 (Swetnam)
*Attorneys for the State of Arizona*             (317) 232-7751 (Martindale)

20                                Fax:    (317) 232-7979

21                                douglas.swetnam@atg.in.gov

22                                thomas.martindale@atg.in.gov

23                                *Attorneys for the State of Indiana*

24

25

26

27

28

28

<table>
<tr>
<td>1</td>
<td colspan="2">

**FOR THE STATE OF NORTH CAROLINA:**

JEFF JACKSON
Attorney General for the State of North Carolina

/s/ Tracy Nayer
TRACY NAYER (NC Bar No. 36964)
ROCHELLE SPARKO (NC Bar No. 38528)
Special Deputy Attorneys General
North Carolina Department of Justice
Consumer Protection Division
P.O. Box 629
Raleigh, North Carolina 27602
Phone:  (919) 716-6400
Fax:      (919) 716-6050
tnayer@ncdoj.gov
rsparko@ncdoj.gov
*Attorneys for the State of North Carolina*

</td>
</tr>
</table>

**FOR THE STATE OF OHIO:**

DAVE YOST
Attorney General for the State of Ohio

/s/ Erin B. Leahy
ERIN B. LEAHY (OH Bar No. 0069509)
EMILY G. DIETZ (OH Bar No. 0104729)
Assistant Attorneys General
Office of Attorney General Dave Yost
30 East Broad Street, 14th Fl.
Columbus, OH 43215
Phone: (614) 752-4730 (Leahy)
          (614) 466-3493 (Dietz)
Erin.Leahy@OhioAGO.gov
Emily.Dietz@OhioAGO.gov
*Attorneys for the State of Ohio*

*Lead Counsel for Plaintiffs*

1

2

**ROB BONTA**
**Attorney General of California**

3

/s/ Rosailda Perez

4

Nicklas A. Akers (CA Bar No. 211222)
Senior Assistant Attorney General

5

Bernard A. Eskandari (CA Bar No.
244395)

6

Supervising Deputy Attorney General
Timothy D. Lundgren (CA Bar No.

7

254596)

8

Rosailda Perez (CA Bar No. 284646)
Deputy Attorneys General

9

Office of the California Attorney General
300 S. Spring St., Suite 1702

10

Los Angeles, CA 90013

11

Phone:(415) 510-3364 (Akers)
        (213) 269-6348 (Eskandari)

12

        (213) 269-6355 (Lundgren)
        (213) 269-6612 (Perez)

13

Fax:    (916) 731-2146

14

nicklas.akers@doj.ca.gov

15

bernard.eskandari@doj.ca.gov
timothy.lundgren@doj.ca.gov

16

rosailda.perez@doj.ca.gov

17

*Attorneys for Plaintiff People of the State*
*of California*

18

19

20

21

22

23

24

25

26

27

28

**JAMES UTHMEIER**
**Attorney General of Florida**

/s/ Sean P. Saval

Sean P. Saval (FL Bar No. 96500)
Sr. Assistant Attorney General
Michael P. Roland (FL Bar No. 44856)
Assistant Attorney General
Office of the Florida Attorney General
Department of Legal Affairs
Consumer Protection Division
3507 E. Frontage Rd, Suite 325
Tampa, FL 33607
Phone: (813) 287-7950
Fax:    (813) 281-5515
Sean.Saval@myfloridalegal.com
michael.roland@myfloridalegal.com
Zivile.Rimkevicius@myfloridalegal.com
*Attorneys for Plaintiff James Uthmeier,*
*Attorney General of the State of Florida*

**ANTHONY G. BROWN**
**Attorney General of Maryland**

/s/ Philip Ziperman

Philip Ziperman (Fed. Bar No. 12430)
Deputy Counsel
Office of the Attorney General
200 St. Paul Place
Baltimore, MD 21202
Phone: (410) 576-6417
Fax:    (410) 576-6566
pziperman@oag.state.md.us
*Attorney for Plaintiff Maryland Office of*
*the Attorney General*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**AARON D. FORD**
**Attorney General of Nevada**

/s/ Michelle C. Badorine
Michelle C. Badorine (NV Bar No. 13206)
Senior Deputy Attorney General
Office of the Nevada Attorney General
Bureau of Consumer Protection
100 North Carson Street
Carson City, NV 89701-4717
Phone: (775) 684-1164
Fax:    (775) 684-1299
MBadorine@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

**LETITIA JAMES**
**Attorney General of New York**

/s/ Oluwadamilola E. Obaro
Oluwadamilola E. Obaro (NY Bar No. 5558275)
Assistant Attorney General
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (212) 416-6316
dami.obaro@ag.ny.gov
*Attorney for Plaintiff Office of the Attorney General of the State of New York*

**DREW H. WRIGLEY**
**Attorney General of North Dakota**

/s/ Elin S. Alm
Elin S. Alm (ND Bar No. 05924)
Christopher Glenn Lindblad (ND Bar No. 06480)
Assistant Attorneys General
Office of North Dakota Attorney General
Consumer Protection & Antitrust Division
1720 Burlington Drive, Suite C
Bismarck, ND 58504-7736
Phone: (701) 328-5570
Fax:    (701) 328-5568
ealm@nd.gov
clindblad@nd.gov
*Attorneys for Plaintiff State of North Dakota*

**PETER F. NERONHA**
**Attorney General of Rhode Island**

/s/ Alex M. Carnevale
Alex M. Carnevale (R.I. Bar No. 10724)
Special Assistant Attorney General
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Phone: (860) 287-7156
acarnevale@riag.ri.gov
*Attorney for Plaintiff State of Rhode Island, by Attorney General Peter Neronha*

1

2

**NICHOLAS W. BROWN**
**Attorney General of Washington**

**JOSHUA L. KAUL**
**Attorney General of Wisconsin**

3

/s/ Zorba Leslie
Zorba Leslie (WA Bar No. 58523)

/s/ Gregory A. Myszkowski
Gregory A. Myszkowski (WI Bar No.

4

Assistant Attorney General

1050022)
Assistant Attorney General

5

Washington State Attorney General's
Office

Wisconsin Department of Justice

6

800 Fifth Avenue, Suite 2000
Seattle, WA 98104

P.O. Box 7857
Madison, WI 53707-7857

7

Phone: (206) 340-6787

Phone: (608) 266-7656

8

Fax:    (206) 464-6451
zorba.leslie@atg.wa.gov

Fax:    (608) 294-2907
gregory.myszkowski@wisdoj.gov

9

*Attorney for Plaintiff State of Washington*

*Attorney for Plaintiff State of Wisconsin*

10

11

12

*Counsel for Plaintiffs with State Claims*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on February 11, 2026, I caused the foregoing Plaintiffs'
Response to Defendants' Motion to Compel Designation of 30(b)(6) Witnesses and for
Sanctions and Cross-Motion for Protective Order to be filed and served electronically via
the Court's CM/ECF system upon counsel of record.


/s/ Rochelle Sparko_____
ROCHELLE SPARKO

*Attorney for the State of North Carolina*

1

## LIST OF PLAINTIFFS' COUNSEL

2

3    John Raymond Dillon IV (AZ Bar
No. 036796)

4    Sarah Pelton (AZ Bar No. 039633)
Assistant Attorneys General

5    Arizona Attorney General's Office
2005 North Central Avenue

6    Phoenix, AZ 85004

7    Phone: (602) 542-8018
Fax:    (602) 542-4377

8    john.dillonIV@azag.gov

9    sarah.pelton@azag.gov
*Attorneys for Plaintiff State of Arizona*

10

11    Douglas S. Swetnam (IN Bar No. 15860-
49)

12    Thomas L. Martindale (IN Bar No. 29706-
64)

13    Deputy Attorneys General

14    Office of the Indiana Attorney General
Todd Rokita

15    Indiana Govt. Center South, 5th Fl.

16    302 W. Washington St.

17    Indianapolis, IN 46204-2770
Phone: (317) 232-6294 (Swetnam)

18            (317) 232-7751 (Martindale)
Fax:    (317) 232-7979

19    douglas.swetnam@atg.in.gov

20    thomas.martindale@atg.in.gov

21    *Attorneys for Plaintiff State of Indiana*

22

23

24

25

26

27

28

Tracy Nayer (NC Bar No. 36964)
Rochelle Sparko (NC Bar No. 38528)
Special Deputy Attorneys General
North Carolina Department of Justice
Consumer Protection Division
P.O. Box 629
Raleigh, North Carolina 27602
Phone:   (919) 716-6000
Fax:      (919) 716-6050
tnayer@ncdoj.gov
rsparko@ncdoj.gov
*Attorneys for Plaintiff State of North
Carolina*

Erin B. Leahy (OH Bar No. 0069509)
Emily G. Dietz (OH Bar No. 0104729)
Assistant Attorneys General
Office of Attorney General Dave Yost
30 East Broad Street, 14th Fl.
Columbus, OH 43215
Phone: (614) 752-4730 (Leahy)
          (614) 466-3493 (Dietz)
Erin.Leahy@OhioAGO.gov
Emily.Dietz@OhioAGO.gov
*Attorneys for Plaintiff State of Ohio*

***Lead Counsel for Plaintiffs***

Lindsay D. Barton (AL Bar No. 1165-G00N)
Robert D. Tambling (AL Bar No. 6026-N67R)
Assistant Attorneys General
Office of the Alabama Attorney General
501 Washington Avenue
Montgomery, Alabama 36130
Phone: (334) 353-2609 (Barton)
        (334) 242-7445 (Tambling)
Fax:    (334) 353-8400
Lindsay.Barton@AlabamaAG.gov
Robert.Tambling@AlabamaAG.gov
*Attorneys for Plaintiff State of Alabama*

Amanda Wentz (AR Bar No. 2021066)
Assistant Attorney General
Office of Attorney General Tim Griffin
101 West Capitol Avenue
Little Rock, AR 72201
Phone: (501) 682-1178
Fax:    (501) 682-8118
amanda.wentz@arkansasag.gov
*Attorney for Plaintiff State of Arkansas*

Nicklas A. Akers (CA Bar No. 211222)
Senior Assistant Attorney General
Bernard A. Eskandari (CA Bar No. 244395)
Supervising Deputy Attorney General
Timothy D. Lundgren (CA Bar No. 254596)
Rosailda Perez (CA Bar No. 284646)
Deputy Attorneys General
Office of the California Attorney General
300 S. Spring St., Suite 1702
Los Angeles, CA 90013
Phone: (415) 510-3364 (Akers)
        (213) 269-6348 (Eskandari)
        (213) 269-6355 (Lundgren)
        (213) 269-6612 (Perez)
Fax:    (916) 731-2146
nicklas.akers@doj.ca.gov
bernard.eskandari@doj.ca.gov
timothy.lundgren@doj.ca.gov
rosailda.perez@doj.ca.gov
*Attorneys for Plaintiff People of the State of California*

Michel Singer Nelson (CO Bar No. 19779)
Assistant Attorney General II
Colorado Office of the Attorney General
Ralph L. Carr Judicial Building
1300 Broadway, 10th Floor
Denver, CO 80203
Phone: (720) 508-6220
michel.singernelson@coag.gov
*Attorney for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

Brendan T. Flynn (Fed. Bar No. ct04545,
CT Bar No. 419935)
Assistant Attorney General
Office of the Connecticut Attorney
General William Tong
165 Capitol Avenue, Suite 4000
Hartford, CT 06106
Phone: (860) 808-5400
Fax:    (860) 808-5593
mailto:brendan.flynn@ct.gov
*Attorney for Plaintiff State of Connecticut*

Ryan Costa (DE Bar No. 5325)
Deputy Attorney General
Delaware Department of Justice
820 N. French Street, 5th Floor
Wilmington, DE 19801
Phone: (302) 683-8811
Fax:    (302) 577-6499
Ryan.costa@delaware.gov
*Attorney for Plaintiff State of Delaware,
ex rel. Kathleen Jennings*

Laura C. Beckerman (DC Bar No.
1008120)
Senior Trial Counsel
Public Advocacy Division
D.C. Office of the Attorney General
400 6th Street NW, 10th Floor
Washington, DC 20001
Phone: (202) 655-7906
Laura.Beckerman@dc.gov
*Attorney for Plaintiff District of Columbia*

Sean P. Saval (FL Bar No. 96500)
Sr. Assistant Attorney General
Michael P. Roland (FL Bar No. 44856)
Assistant Attorney General
Office of the Florida Attorney General
Department of Legal Affairs
Consumer Protection Division
3507 E. Frontage Rd, Suite 325
Tampa, FL 33607
Phone: (813) 287-7950
Fax:    (813) 281-5515
Sean.Saval@myfloridalegal.com
michael.roland@myfloridalegal.com
Zivile.Rimkevicius@myfloridalegal.com
*Attorneys for Plaintiff James Uthmeier,
Attorney General of the State of Florida*

David A. Zisook (GA Bar No. 310104)
Senior Assistant Attorney General
Office of the Georgia Attorney General
40 Capitol Square SW
Atlanta, GA 30334
Phone: (404) 458-4294
Fax:    (404) 464-8212
dzisook@law.ga.gov
*Attorney for Plaintiff State of Georgia*

Christopher J.I. Leong (HI Bar No. 9662)
Deputy Attorney General
Hawaii Department of the Attorney
General
425 Queen Street
Honolulu, HI 96813
Phone: (808) 586-1180
Fax:    (808) 586-1205
christopher.ji.leong@hawaii.gov
*Attorney for Plaintiff State of Hawaii*

James J. Simeri (ID Bar No. 12332)
Consumer Protection Division Chief
Idaho Attorney General's Office
P.O. Box 83720
Boise, ID 83720-0010
Phone: (208) 334-4114
james.simeri@ag.idaho.gov
*Attorney for Plaintiff State of Idaho*

Philip Heimlich (IL Bar No. 6286375)
Assistant Attorney General
Elizabeth Blackston (IL Bar No. 6228859)
Consumer Fraud Bureau Chief
Office of the Illinois Attorney General
500 S. Second Street
Springfield, IL 62791
Phone: (217) 782-4436
philip.heimlich@ilag.gov
elizabeth.blackston@ilag.gov
*Attorneys for Plaintiff People of the State of Illinois*

Benjamin Bellus (IA Bar No. AT0000688)
William Pearson (IA Bar No. AT0012070)
Assistant Attorneys General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Phone: (515) 242-6536 (Bellus)
        (515) 242-6773 (Pearson)
Fax:    (515) 281-6771
Benjamin.Bellus@ag.iowa.gov
William.Pearson@ag.iowa.gov
*Attorneys for Plaintiff State of Iowa*

Nicholas C. Smith (KS Bar No. 29742)
Sarah M. Dietz (KS Bar No. 27457)
Assistant Attorneys General
Consumer Protection Section
Office of the Kansas Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, KS 66612
Phone: (785) 296-3751
Fax:    (785) 291-3699
Nicholas.Smith@ag.ks.gov
sarah.dietz@ag.ks.gov
*Attorneys for Plaintiff State of Kansas*

Jonathan E. Farmer (KY Bar No. 91999)
Deputy Executive Director of Consumer Protection
Office of the Attorney General of Kentucky
1024 Capital Center Drive, Ste. 200
Frankfort, KY 40601
Phone: (502) 696-5448
Fax:    (502) 573-8317
Jonathan.Farmer@ky.gov
*Attorney for Plaintiff Commonwealth of Kentucky*

ZaTabia N. Williams (LA Bar No. 36933)
Assistant Attorney General
Office of the Attorney General Liz Murrill
1885 North Third St.
Baton Rouge, LA 70802
Phone: (225) 326-6164
Fax:    (225) 326-6499
WilliamsZ@ag.louisiana.gov
*Attorney for Plaintiff State of Louisiana*

Brendan O'Neil (ME Bar No. 009900)
Michael Devine (ME Bar No. 005048)
Assistant Attorneys General
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333
Phone: (207) 626-8800
Fax:    (207) 624-7730
brendan.oneil@maine.gov
michael.devine@maine.gov
*Attorneys for Plaintiff State of Maine*

Philip Ziperman (Fed. Bar No. 12430)
Deputy Counsel
Office of the Attorney General
200 St. Paul Place
Baltimore, MD 21202
Phone: (410) 576-6417
Fax:    (410) 576-6566
pziperman@oag.state.md.us
*Attorney for Plaintiff Maryland Office of the Attorney General*

Carol Guerrero (MA Bar No. 705419)
Assistant Attorney General
Michael N. Turi (MA Bar No. 706205)
Deputy Chief, Consumer Protection Division
Massachusetts Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Phone: (617) 963-2783
Fax:    (617) 727-5765
mailto:Carol.Guerrero@mass.gov
Michael.Turi@mass.gov
*Attorneys for Plaintiff Commonwealth of Massachusetts*

Kathy P. Fitzgerald (MI Bar No. P31454)
Michael S. Hill (MI Bar No. P73084)
Assistant Attorneys General
Michigan Department of Attorney General
Corporate Oversight Division
P.O. Box 30736
Lansing, MI 48909
Phone: (517) 335-7632
Fax:    (517) 335-6755
fitzgeraldk@michigan.gov
Hillm19@michigan.gov
*Attorneys for Plaintiff People of the State of Michigan*

Bennett Hartz (MN Bar No. 0393136)
Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1200
Saint Paul, MN 55404
Phone: (651) 757-1235
bennett.hartz@ag.state.mn.us
*Attorney for Plaintiff State of Minnesota, by its Attorney General, Keith Ellison*

James M. Rankin (MS Bar No. 102332)
Special Assistant Attorney General
Mississippi Attorney General's Office
P.O. Box 220
Jackson, MS 39205
Phone: (601) 359-4258
james.rankin@ago.ms.gov
*Attorney for Plaintiff Lynn Fitch, Attorney General State of Mississippi*

John W. Grantham (MO Bar No. 60556)
Assistant Attorney General
Office of the Missouri Attorney General
P.O. Box 899
Jefferson City, MO 65102
Phone: (573) 751-3942
Fax:    (573) 751-7948
john.grantham@ago.mo.gov
*Attorney for Plaintiff State of Missouri, ex.
rel. Catherine L. Hanaway, Attorney
General*

Brent Mead (MT Bar No. 68035000)
Deputy Solicitor General
Anna Schneider (MT Bar No. 13963)
Special Assistant Attorney General, Senior
Counsel
Montana Attorney General's Office
Office of Consumer Protection
215 North Sanders Street
P.O. Box 200151
Helena, MT 59620-0151
Phone: (406) 444-4500
Brent.mead2@mt.gov
Anna.schneider@mt.gov
*Attorneys for Plaintiff State of Montana*

Gary E. Brollier (NE Bar No. 19785)
Assistant Attorney General
Office of the Attorney General Michael T.
Hilgers
2115 State Capitol Building
Consumer Protection Division
Lincoln, NE 68509
Phone: (402) 471-1279
Fax:    (402) 471-4725
gary.brollier@nebraska.gov
*Attorney for Plaintiff State of Nebraska*

Michelle C. Badorine (NV Bar No. 13206)
Senior Deputy Attorney General
Office of the Nevada Attorney General
Bureau of Consumer Protection
100 North Carson Street
Carson City, NV 89701-4717
Phone: (775) 684-1164
Fax:    (775) 684-1299
MBadorine@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

Mary F. Stewart (NH Bar No. 10067)
Assistant Attorney General
New Hampshire Department of Justice
Office of the Attorney General
Consumer Protection and Antitrust Bureau
1 Granite Place South
Concord, NH 03301
Phone: (603) 271-1139
Mary.F.Stewart@doj.nh.gov
*Attorney for Plaintiff State of New
Hampshire*

Blair Gerold (NJ Bar No. 294602019)
Zeyad A. Assaf (NJ Bar No. 290002021)
Deputy Attorneys General
New Jersey Office of the Attorney General
Division of Law
124 Halsey Street
Newark, NJ 07101
Phone: (609) 696-5363
Fax:    (973) 648-3879
Blair.Gerold@law.njoag.gov
Zeyad.Assaf@law.njoag.gov
*Attorneys for Plaintiff State of New Jersey*

42

Anthony Juzaitis (NM Bar No. 164428)
Assistant Attorney General
New Mexico Department of Justice
408 Galisteo St.
Santa Fe, New Mexico 87501
Phone: (505) 651-7565
Fax:    (505) 490-4883
Ajuzaitis@nmdoj.gov
*Attorney for Plaintiff Raúl Torrez, New Mexico Attorney General*

Oluwadamilola E. Obaro (NY Bar No. 5558275)
Assistant Attorney General
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (212) 416-6316
dami.obaro@ag.ny.gov
*Attorney for Plaintiff Office of the Attorney General of the State of New York*

Elin S. Alm (ND Bar No. 05924)
Christopher Glenn Lindblad (ND Bar No. 06480)
Assistant Attorneys General
Office of North Dakota Attorney General
Consumer Protection & Antitrust Division
1720 Burlington Drive, Suite C
Bismarck, ND 58504-7736
Phone: (701) 328-5570
Fax:    (701) 328-5568
mailto:ealm@nd.gov
clindblad@nd.gov
*Attorneys for Plaintiff State of North Dakota*

Sylvia Lanfair (OK Bar No. 30144)
Assistant Attorney General
Office of the Oklahoma Attorney General
313 N.E. 21st St.
Oklahoma City, OK 73105
Phone: (405) 522- 8129
Fax:    (405) 522-0085
mailto:sylvia.lanfair@oag.ok.gov
*Attorney for Plaintiff State of Oklahoma ex rel. Attorney General Gentner Drummond*

Jordan M. Roberts (OR Bar No. 115010)
Senior Assistant Attorney General
Oregon Department of Justice
Economic Justice Section
100 SW Market St.
Portland, OR 97201
Phone: (971) 673-1880
Fax:    (971) 673-1884
jordan.m.roberts@doj.oregon.gov
*Attorney for Plaintiff State of Oregon*

Mark W Wolfe (PA Bar No. 327807)
Deputy Attorney General
Pennsylvania Office of Attorney General
Strawberry Square, 15th Floor
Harrisburg, PA 17120-0001
Phone: (717) 772-3558
Fax:    (717) 705-3795
mwolfe@attorneygeneral.gov
*Attorney for Plaintiff Commonwealth of Pennsylvania by Attorney General David W. Sunday, Jr.*

Stephen N. Provazza (RI Bar No. 10435)
Assistant Attorney General
Rhode Island Office of the Attorney
General
150 S. Main Street
Providence, RI 02903
Phone: (401) 274-4400, ext. 2476
Fax:    (401) 222-1766
sprovazza@riag.ri.gov
*Attorney for Plaintiff State of Rhode Island*

Kristin Simons (SC Bar No. 74004)
Senior Assistant Attorney General
South Carolina Attorney General's Office
P.O. Box 11549
Columbia, SC 29211-1549
Phone: (803) 734-6134
mailto:ksimons@scag.gov
*Attorney for Plaintiff State of South
Carolina*

Austin C. Ostiguy (TN Bar No. 040301)
Tyler T. Corcoran (TN Bar No. 038887)
Assistant Attorneys General
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202
Phone: (615) 532-7271 (Ostiguy)
        (615) 770-1714 (Corcoran)
Fax:    (615) 532-2910
austin.ostiguy@ag.tn.gov
tyler.corcoran@ag.tn.gov
*Attorneys for Plaintiff State of Tennessee*

David Shatto (Fed. Bar No. 3725697; TX
Bar No. 24104114)
Assistant Attorney General
Attorney General for the State of Texas
Office of the Attorney General
P.O. Box 12548 (MC-010)
Austin, TX 78711
Phone: (512) 463-2185
Fax:    (512) 473-9125
David.Shatto@oag.texas.gov
*Attorney for Plaintiff State of Texas*

Alexandra Butler (UT Bar No. 19238)
Assistant Attorney General
Utah Attorney General's Office
160 East 300 South, 5th Floor
P.O. Box 140872
Salt Lake City, UT 84114-0872
Phone: (385) 910-5533
Fax:    (801) 366-0315
alexandrabutler@agutah.gov
*Attorney for Plaintiff Utah Division of
Consumer Protection*

James Layman (VT Bar No. 5236)
Office of the Vermont Attorney General
109 State Street
Montpelier, VT 05609-1001
Phone: (802) 828-2315
Fax:    (802) 304-1014
James.Layman@vermont.gov
*Attorney for Plaintiff State of Vermont*

Geoffrey L. Ward (VA Bar No. 89818)
Senior Assistant Attorney General
Office of the Attorney General of Virginia
202 N. Ninth St.
Richmond, VA 23219
Phone: (804) 371-0871
Fax:    (804) 786-0122
gward@oag.state.va.us
*Attorney for Plaintiff Commonwealth of
Virginia, ex rel. Jason S. Miyares,
Attorney General*

Zorba Leslie (WA Bar No. 58523)
Assistant Attorney General
Washington State Attorney General's
Office
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Phone: (206) 340-6787
Fax:    (206) 464-6451
zorba.leslie@atg.wa.gov
*Attorney for Plaintiff State of Washington*

Ashley T. Wentz (WV Bar No. 13486)
Assistant Attorney General
West Virginia Attorney General's Office
Consumer Protection/Antitrust Division
P.O. Box 1789
Charleston, WV 25326
Phone: (304) 558-8986
Fax:    (304) 558-0184
Ashley.T.Wentz@wvago.gov
*Attorney for Plaintiff State of West
Virginia ex rel. John B. McCuskey,
Attorney General*

Gregory A. Myszkowski (WI Bar No.
1050022)
Assistant Attorney General
Wisconsin Department of Justice
P.O. Box 7857
Madison, WI 53707-7857
Phone: (608) 266-7656
Fax:    (608) 294-2907
gregory.myszkowski@wisdoj.gov
*Attorney for Plaintiff State of Wisconsin*

Cameron W. Geeting (WY Bar No.
7-5338)
Senior Assistant Attorney General
Consumer Protection and Antitrust Unit
Wyoming Attorney General's Office
2320 Capitol Avenue
Cheyenne, Wyoming 82002
Phone: (307) 777-3795
cameron.geeting1@wyo.gov
*Attorney for Plaintiff State of Wyoming*