Neil S. Ende, Esq.
nende@tlgdc.com
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Attorneys for Michael D. Lansky,
Michael D. Lansky, LLC dba Avid Telecom

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| State of Arizona, ex rel. Kristin K. Mayes Attorney General et al. | )<br>)<br>) |
| Plaintiffs | )<br>) |
| v. | ) Case No. 4:23-cv-00233-EJM<br>) |
| Michael D. Lansky, LLC, dba Avid Telecom, an Arizona Limited Liability Company; | )<br>)<br>)<br>) |
| Michel D. Lansky, individually As a Member/Manager/Chief Executive Officer of Michael D. Lansky, LLC dba Avid Telecom; and | )<br>)<br>)<br>)<br>)<br>) |
| Stacey S. Reeves, individually as a Manager/Vice President of Michael D. Lansky LLC dba Avid Telecom | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**EXPEDITED MOTION TO STRIKE PLAINTIFF'S OVERSIZED RESPONSE TO DEFENDANT'S MOTION TO COMPEL DESIGNATION OF 30(b)(6) WITNESSES**

Defendants Michael D. Lansky, LLC, Michael D. Lansky, LLC dba Avid Telecom, LLC, and Stacey S. Reeves ("Defendants"), pursuant to Local Rule 7.2, respectfully move the Court to strike Plaintiff's Response to Defendants' Motion to Compel Designation of 30(b)(6) Witnesses in its entirety.

**Introduction**

On January 28, 2026, the Defendants filed a Motion to Compel Designation of 30(b)(6) Witnesses. Plaintiffs responded to that Motion on February 11, 2026. Plaintiffs' response was comprised of twenty-seven (27) pages of substantive text. The page limit applicable to responsive pleadings of this nature is seventeen (17) pages. Plaintiffs did not seek leave to exceed the applicable page limit, nor does the pleading suggest, let alone demonstrate, the existence of good cause.

**Argument**

LRCiv7.2(e)(1) provides as follows regarding the page limit applicable to responsive pleadings:

> Unless otherwise permitted by the Court, a motion including its supporting memorandum, and the response including its supporting memorandum, may not exceed seventeen (17) pages, exclusive of attachments and any required statement of facts.

Similarly, the Scheduling Order [Dkt. 102] also expressly limits the page limit for responding memorandum to seventeen (17) pages unless otherwise permitted by the court.

2

As set forth in Defendants' Motion to Compel, the federal rules and the applicable caselaw explicitly require all plaintiffs, including attorneys general, to identify and designate "corporate" witnesses to testify on their behalf in response to notices issued under FRCP 30(b)(6).  Defendants properly noticed depositions pursuant to FRCP 30(b)(6) on April 22, 2025.  Plaintiffs failed and refused to make the requested designations.

By Order [Dkt. 170], the Court confirmed Defendants' right to take FRCP 30(b)(6) depositions of each of the so-called Lead Plaintiff States and each of the states with state law claims.  Plaintiffs were ordered to "by November 28, 2025, and to the extent they have not already done so, provide discovery in accordance with this order." Plaintiffs disregarded that Order in its entirety and continued their lawless refusal to identify and designate even a single witness by the ordered due date.

Having willfully ignored the Court's specific order, Plaintiffs now seek to further stall off their obligation to identify and designate a witness by filing an oversized, twenty-seven (27) page response to Defendants' Motion to Compel without seeking leave from this court.  As Plaintiffs' response was signed off on by at least twelve (12) experienced attorneys general, it is inconceivable that their blatant disregard for the applicable page limit rule and limitation of the Scheduling Order was accidental.  Rather, the filing can only be viewed as the latest example of Plaintiffs' apparent belief that they do not need to play by the same rules and that any form of misconduct is acceptable when it comes to producing witnesses for deposition.

Arizona courts treat page limits as mandatory and it is well recognized that they have discretion to strike or refuse overlength filings when parties do not obtain leave in advance.

*See Anserv Ins. Servs. v. Albrecht*, 192 Ariz. 48, 49, 960 P.2d 1159, 1160, 1998 Ariz. LEXIS 62, *2, 272 Ariz. Adv. Rep. 38; *See also King County v. Rasmussen*, 299 F.3d 1077, 1082, 2002 U.S. App. LEXIS 16044, *8, 2002 Cal. Daily Op. Service 7242, 2002 Daily Journal DAR 9108. Moreover, Arizona Rule of Civil Procedure 7.1(a)(3) authorizes the court to "strike or deny" a motion that does not comply with applicable rules, including rules regarding document formatting and length requirements.

LRCiv 7.2(m) allows a party to file a motion to strike that "seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." LRCiv 7.2(m)(1). Arizona local rules also require a party to seek leave to exceed the applicable page limit before filing a non-conforming pleading. Plaintiffs have not done so.

In federal practice in Arizona, page limits and a motion-to-strike mechanism are also routinely enforced, and courts have expressly stated that a failure to adhere to page limits may result in pleadings being stricken. *See King County v. Rasmussen*, 299 F.3d 1077, 1082, 2002 U.S. App. LEXIS 16044, *8, 2002 Cal. Daily Op. Service 7242, 2002 Daily Journal DAR 9108. *See also* LRCiv 7.2. Similarly, Federal courts possess inherent authority, as well as authority under the Federal Rules and local rules, to strike filings that do not comply with governing procedural requirements. *See* Fed. R. Civ. P. 12(f), 16(f), and 83(b). That authority includes striking or refusing to consider overlength briefs filed without leave of court. The serious manner in which the courts view wilful violations of local rules is demonstrated in the fact that the Ninth Circuit has imposed sanctions to demonstrate the commitment to

compliance with local rules and the court's order. *See Kano v. National Consumer Coop. Bank*, 22 F.3d 899, 899, 1994 U.S. App. LEXIS 7616, *1, 94 Cal. Daily Op. Service 2657, 94 Daily Journal DAR 5091, 28 Fed. R. Serv. 3d (Callaghan) 1273; *See also MACINTYRE v. BUTLER*, 181 B.R. 420, 421, 1995 Bankr. LEXIS 697, *4, 31 Fed. R. Serv. 3d (Callaghan) 1391.

### Conclusion

Plaintiffs' disregard of the Scheduling Order, the applicable federal rules, as well as this Court's Local Rules, is not an isolated occurrence.  Rather, it is part of a broader pattern of willful non-compliance with their clear obligation to identify and to designate "corporate" 30(b)(6) witnesses.

Plaintiffs' plan and scheme to ignore their discovery obligations is both transparent and admitted:  (i) Plaintiffs do not want to designate witnesses whose testimony will dramatically evidence that they do not have a scintilla of evidence that either Defendant violated applicable state or federal law; and (ii) perhaps more driven by professional concerns, Plaintiffs do not want to produce witnesses who will be forced to admit that they (and, or their colleagues) may have signed and filed a complaint without the required personal knowledge and, by their own repeated assertion and admission, without taking any action or measure to verify even a single fact (as required by FRCP 11 and related caselaw).

In considering Plaintiffs' conduct, the Court should keep in mind that the persons identified and designated in response to Defendants' FRCP 30(b)(6) notices are the only persons who *could* possess the knowledge required to sign the complaint and to meet Plaintiffs' burden of proof.  Plaintiffs' so-called experts are *opinion witnesses* whose testimony

cannot form the basis of any finding of fact, and, therefore, Plaintiffs cannot limit Defendants' access to deposition testimony to Plaintiffs' experts alone.

Plaintiffs' months-long effort to preclude any FRCP 30(b)(6) testimony is improper and unheard-of. It can no longer be countenanced.

Accordingly, Defendants request that the Court strike the Response of Plaintiffs' to Defendants' Motion to Compel in its entirety, that it grant Defendant's Motion to Compel and that it set a date certain for each of the so-called Lead Plaintiff States and each of the states with state law claims to designate witness(es) with knowledge of each of the topics identified in the Notices.[1] A copy of the revised Notices is attached as Exhibit III to Dkt. 204.

In all events, given the context in which Plaintiffs acted—both in willfully failing and refusing to identify and designate witnesses for more than six (6) months and by willfully defying and continuing to defy the Court's October Order—Defendants respectfully believe that this Court should strongly admonish Plaintiffs and order Plaintiffs to pay all costs associated with Defendants' pursuit of FRCP 30(b)(6) depositions.

Respectfully submitted,

/s/ Neil S. Ende

_____

Neil S. Ende
*Pro Hac Vice*
*Counsel to Michael D. Lansky, LLC*
*dba Avid Telecom*

Dated: February 17, 2026          *Michael D. Lansky and Stacey S. Reeves*

---

[1] If the Court is not willing to strike and order as described, Defendants request that the Court order Plaintiffs to refile their responsive pleading within the applicable seventeen (17) page limit within three (3) days, and that the Court schedule Defendants' reply pleading to be filed seven (7) days thereafter.

# **CERTIFICTE OF SERVICE**

I hereby certify that on this 17th day of February, the foregoing Expedited Motion was served on each of the parties identified in the ECF system.

                                                                      /s/ Silsa Cabezas
                                                                      _____
                                                                      Silsa Cabezas