DAVE YOST
Erin B. Leahy (OH Bar No. 0069509)
Emily G. Dietz (OH Bar No. 0104729)
Assistant Attorneys General
Office of Attorney General Dave Yost
30 East Broad Street, 14th Fl.
Columbus, OH 43215
Phone: (614) 752-4730 (Leahy)
        (614)466-3493 (Dietz)
Erin.Leahy@OhioAGO.gov
Emily.Dietz@OhioAGO.gov
*Lead Counsel for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, *ex rel*. Kristin K. Mayes, Attorney General; et al., | No. 4:23-cv-00233-TUC-CKJ-MAA |
| Plaintiffs, | |
| v. | **PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION (DOC. 207)** |
| Michael D. Lansky, L.L.C., dba Avid Telecom; et al., | |
| Defendants. | |

Plaintiffs respectfully file this Response in Opposition to Defendants' Motion for Reconsideration ("Motion") (Doc. 207).

## I.    FACTS AND BACKGROUND

On October 16, 2023, Defendants filed a Motion to Dismiss. (Doc. 39). Among other arguments, Defendants' Motion to Dismiss asked the court to dismiss the claims of personal liability against both individual defendants. Specifically, Defendants argued that (1) Defendant Stacey Reeves could not be liable as she was an independent contractor for

Avid Telecom, and that (2) Defendant Michael Lansky could not be liable as Plaintiffs failed to allege sufficient facts to support piercing the corporate veil.

On March 5, 2024, after the close of briefing on the Motion to Dismiss, Defendants filed a Supplement to Defendants' Motion to Dismiss. (Doc. 62, "initial Supplement"). Defendants' initial Supplement asked the Court to consider "new" case law from the Third Circuit which held that it was not appropriate to apply personal liability under the Telephone Consumer Protection Act ("TCPA"), even where the defendant personally participated in the violations. (*Id.*). Defendants cited *Perrong v. Chase Data*, which was decided in January 2024, as the new law justifying supplementation of the completed briefing. (Doc. 62 at 2-4; *Perrong v. Chase Data*, No. 22-2628, 2024 U.S. Dist. LEXIS 14907 (E.D. Penn. Jan. 26, 2024)).

On March 19, 2024, Plaintiffs filed a Motion to Strike or Ignore Defendants' Supplement to Defendants' Motion to Dismiss. (Doc. 63). In their Motion to Strike, Plaintiffs pointed out Defendants' initial Supplement did not rely on new law, as *Perrong* was merely a recent application of a 2018 case, *City Select Auto Sales, Inc. v. David Randall Assocs.*, 885 F.3d 154 (3d Cir. 2018). Since the caselaw underlying Defendants' initial Supplement was in existence at the time Defendants filed their Motion to Dismiss, Plaintiffs argued that the initial Supplement should be stricken as an improper attempt to introduce a new argument following the close of briefing.

On May 8, 2024, this Court issued an Order denying Defendants' Motion to Dismiss. (Doc. 64). With respect to Defendants' argument that Defendant Reeves could not be held liable because she was an independent contractor, the Court found that, "Defendants ask the Court to consider facts outside of those alleged in the Complaint….Questions of fact relevant to determining vicarious liability require discovery and preclude granting the motion to dismiss on this issue." (*Id.* at 16). The Court agreed with Defendants that the Plaintiffs had "failed to allege specific facts to support the assertion that there is a unity of interest or ownership between Lansky and Michael D. Lansky L.L.C.," expressly permitting Plaintiffs to amend the Complaint to allege further

facts in support of piercing the corporate veil. (*Id.* at 19). Finally, the Court declined to consider Defendants' initial Supplement, finding that it did not present "new law" and "included two plus pages" of "inappropriate" additional argument. (*Id.* at 21).

On September 12, 2025, Defendants filed a Motion for Leave to File Further Supplemental Motion to Dismiss ("Motion to Supplement"). (Doc. 150). The purported basis for the Motion to Supplement was new Supreme Court authority—*Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412-13 (2024) and *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146, 168 (2025)—which Defendants contend present intervening changes in the law. Contemporaneously with the Motion to Supplement, Defendants filed a proposed Supplemental Motion to Dismiss ("Supplemental Motion"). (Doc. 151). Following a response by Plaintiffs (Doc. 160) and a reply by Defendants (Doc. 164), this Court entered an Order on November 20, 2025 granting the Motion to Supplement and directing Defendants to "docket its lodged Supplement to Defendants' Motion to Dismiss (Doc. 151) as a Motion for Reconsideration **on or before November 25, 2025**." (Doc. 181 at 4) (emphasis added). It was not until February 3, 2026, ten (10) weeks after the November 25, 2025, court-ordered deadline, that Defendants docketed the instant Motion. (Doc. 207). Notably, other than the addition of an Introduction to the Motion, it is otherwise identical to the Supplemental Motion (*Cf.* Doc. 151 at 4-14 to Doc. 207 at 5-15)—a fact which Defendants openly admit. (Doc. 207 at 5). Defendants did not seek an extension of the filing deadline or otherwise request a modification of the scheduling order.

Following Defendants' docketing of the Motion, this Court entered an Order on February 5, 2026 amending the filing deadlines from its November 20, 2025 Order for a response and a reply. (Doc. 208). In the February 5, 2026 Order, this Court specifically "advise[d] the parties it will [] consider the timeliness of the filing of the Motion" and invited "the parties [to] address this issue in their briefs." (Doc. 208).

3

## II.    ARGUMENT

### A.    Defendants' Motion should be denied as untimely

#### 1.    The Motion disregards the Court's Order, and Defendants failed to seek leave for their untimely filing under Fed. R. Civ. P. 6

A court order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (citation omitted). "Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Id.* "As such, a court need not consider an untimely motion, particularly where, as here, the movant failed to seek or obtain an extension of the filing deadline." *Cummings v. Worktap, Inc.*, No. C 17-6246 SBA, 2019 WL 4221652, at *4 n.5 (N.D. Cal. Sept. 4, 2019).

Fed. R. Civ. P. 6 provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "To determine whether missing a deadline constitutes excusable neglect, the Ninth Circuit applies the factors set forth by the United States Supreme Court in *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993)." *Helix Elec., Inc. v. QBE Specialty Ins. Co.*, No. 20CV295-CAB-LL, 2020 WL 7385830, at *4 (S.D. Cal. Dec. 16, 2020) (citing *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997)). The factors include: (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party acted in good faith. *Helix Elec.*, 2020 WL 7385830, at *4 (citing *Pioneer*, 507 U.S. at 395). The weighing of these equitable factors is left to the discretion of the district court. *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

In the instant case, Defendants blatantly disregarded this Court's Order to file their motion by November 25, 2025, before finally docketing their Motion on February 3, 2026,

ten weeks after the deadline. Defendants failed to seek leave to file an untimely motion before the deadline or even after the deadline passed. Had Defendants requested an extension prior to the November 25, 2025 deadline, or had Defendants filed a motion pursuant to Rule 6(b)(1)(B), they still would have had to show their neglect was excusable under the *Pioneer* factors.

But the *Pioneer* factors do not support a finding that Defendants' neglect was excusable. First, Plaintiffs have suffered prejudice as a result of Defendants' delay. Defendants seek reconsideration of this Court's May 2024 denial of their Motion to Dismiss. As described above, the parties' briefing on the Motion to Dismiss and initial Supplement was extensive. Defendants' September 2025 attempt to "supplement" their Motion to Dismiss and the instant Motion for Reconsideration have prolonged this litigation and again required Plaintiffs to expend resources in responding. In the context of the *Pioneer* factors, courts have found that unnecessary motion practice and prolonged litigation constitute prejudice to the nonmoving party. *Torres v. Autozone, Inc.*, No. 2:24-cv-06103-CV (PVCx), 2025 U.S. Dist. LEXIS 271442, at *11 (C.D. Cal. Dec. 31, 2025) ("Granting the request [for relief from an expired, Court-imposed deadline] would thus impose unfair costs on Defendants by forcing them to repeatedly re-file motions and unnecessarily prolonging [the] lawsuit.").

Second, the length of delay weighs against a finding that Defendants' neglect was excusable. Defendants missed this Court's deadline by 10 weeks. Courts have found much shorter delays to be untenable, especially when combined with a pattern of missing deadlines. *Torres*, 2025 U.S. Dist. LEXIS 271442, at *13-14 ("Plaintiffs' three-week delay without providing a valid justification weighs against them, especially when viewed in light of earlier delays caused by their repeated failure" to abide by deadlines.). In this case, Defendants have regularly missed deadlines and filed untimely briefs without first seeking leave to do so. In a January 29, 2026 Minute Entry memorializing the telephonic status conference held that day with Magistrate Judge Ambri, the Court noted, "that the defendants have not filed responses to the plaintiffs' discovery motions at Documents

[189], [196], and [197]." (Doc. 206). To rectify their failure to respond, the Court directed defense counsel to "follow up and file adequate motions to extend the deadlines for any responses." (*Id.*). Disregarding the Court's explicit instructions, Defendants filed Documents 209 and 210 (responses to Docs. 196 and 197, respectively) *without* seeking leave from the Court to do so. Defendants have yet to file any response to Document 189.

Third, Defendants failed to provide any plausible reason for the delay of the filing. Instead, Defendants merely acknowledge their late filing in the Motion's Introduction and cavalierly ask the Court to overlook the missed deadline and "accept this pleading[1] nunc pro tunc to December 15, 2025."[2] (Doc. 207 at 5). Defendants attempt to claim the delay was outside of their control by describing their dilatory conduct as a consequence of ongoing discovery disputes. Defendants bizarrely assert that they waited to file their Motion because they were seeking access to unrelated witness testimony and seemingly admit that they intentionally, willfully, and without excuse refused to follow the Order of this Court, as they state "it is no longer practical to put off the re-docketing further." (Doc. 207 at 5). But Defendants are seeking reconsideration of their Fed. R. Civ. P. 12(b)(6) Motion to Dismiss, which may not consider evidence outside of the pleadings. (*See* Doc. 64, Order denying Motion to Dismiss, at 23 ("The Court will not consider evidence of facts outside of those alleged in the Complaint.")). Therefore, the discovery disputes are wholly unrelated to both the issue presented in their brief as well as their failure to seek leave of court.

Fourth, Defendants have not acted in good faith as they failed to seek leave to file an untimely response, and Defendants failed to provide any plausible reason for the delay which meets the *Pioneer* standards of excusable neglect—particularly when the instant

---

[1] To be clear, this filing is a motion, *not* a pleading. This Court previously pointed out in its November 20, 2025 Order the difference between motions and pleadings under Fed. R. Civ. P. 7 and 15. (Doc. 181 at 2).

[2] It is unclear why Defendants chose December 15, 2025 as their proposed *nunc pro tunc* docketing date, as it would still be twenty (20) days later than the November 25, 2025 docketing date set by the Court in its November 20, 2025 Order. (Doc. 181).

1   motion is substantively the same as the one filed on September 12, 2025. Further,

2   Defendants absurdly attempt to the shift blame for their grossly late filing to the Plaintiffs,

3   despite their being precluded from admitting any evidence outside of the pleadings in their

4   motion.

5          As Defendants failed to follow this Court's Order, failed to move for an extension

6   of time under Rule 6(b)(1)(B), and have not shown excusable neglect per the *Pioneer*

7   factors, the Motion should be denied, the Court need not consider the merits of the Motion

8   and would be well within its discretion in summarily denying the Motion.

9

10                    2.      The Motion is untimely under LRCiv 7.2

11         Even in its initial form of a Supplemental Motion to Dismiss (Doc. 150),

12  Defendants' request for reconsideration was untimely. The District of Arizona's Local

13  Rules require that a showing of new legal authority "could not have been brought to [the

14  Court's] attention earlier with reasonable diligence. Any such motion shall point out with

15  specificity…any new matters being brought to the Court's attention for the first time and

16  the reasons they were not presented earlier." LRCiv 7.2(g)(1). "Failure to comply with this

17  subsection may be grounds for denial of the motion." LRCiv 7.2(g)(1).

18         Defendants' Motion does not meet the timeliness requirement for reconsideration

19  set out by LRCiv 7.2(g)(1). Defendants cite as new authority *Loper Bright Enters. v.*

20  *Raimondo*, 603 U.S. 369 (2024) and *McLaughlin Chiropractic Assocs., Inc. v. McKesson*

21  *Corp.*, 606 U.S. 146 (2025).

22         Both *Loper Bright* and *McLaughlin* could have been brought to the Court's attention

23  much earlier with reasonable diligence. The *Loper Bright* decision was issued on June 28,

24  2024; the *McLaughlin* decision was issued on June 20, 2025. Defendants, however, did not

25  file their Motion for Leave to File Further Supplemental Motion to Dismiss (Doc. 150), the

26  precursor to the present Motion, until September 12, 2025. This is three months after

27  *McLaughlin*, and over a year after *Loper Bright*. Defendants had ample opportunity to raise

28  these cases with the Court. Defendants fail to explain why these cases were not raised in a

timely manner, ignoring LRCiv 7.2(g)(1)'s requirement to do so. Defendants' unexplained ten-week delay in refiling the instant motion further exacerbates the lack of reasonable diligence.

Neither do Defendants provide an adequate explanation in the present Motion as to why they are only now raising these "new" authorities—the Motion attempts to shift the blame on Plaintiffs, asserting that the States' 30(b)(6) deposition testimony was necessary for the Motion, but no fact discovery could have been included in their Rule 12(b)(6) motion and therefore not relevant to their arguments concerning *Loper Bright* or *McLaughlin*. No reason exists for Defendants to have delayed so long in presenting these cases to the Court. Defendants could and should have presented these cases sooner. Accordingly, Defendants' Motion should be denied on grounds of untimeliness.

### B. Defendants' Motion should be denied on the merits

Even if Defendants' Motion was timely, it still would not meet the standard for reconsideration, and their arguments still would not meet the standard for dismissal.

#### 1. Defendants' Motion does not meet the standard for reconsideration

While a court may revise any of its orders or decisions that adjudicate fewer than all the claims "at any time before the entry of a judgment," Fed. R. Civ. P. 54(b), reconsideration is "an extraordinary remedy" that "should not be granted, absent highly unusual circumstances." *Novalpina Cap. Partners I GP S.A.R.L v. Read*, 149 F.4th 1092, 1104 (9th Cir. 2025) (internal quotations and citation omitted). Reconsideration is "disfavored" and "rarely granted." *Resol. Tr. Corp. v. Aetna Cas. & Sur. Co.*, 873 F. Supp. 1386, 1393 (D. Ariz. 1994). "The court will ordinarily deny a motion for reconsideration absent a showing of manifest error or a showing of new facts or legal authority." LRCiv 7.2(g)(1). Appropriate circumstances for reconsideration include "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist.*

1 | *No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also*
2 | *Benge v. Ryan*, 154 F. Supp. 3d 857, 878 (D. Ariz. 2016).

3 | "No motion for reconsideration of an Order may repeat any oral or written argument
4 | made by the movant in support of or in opposition to the motion that resulted in the Order."
5 | LRCiv 7.2(g)(1); *see also K.W. Brock Directories Inc. v. Arvig Enters. Inc.*, No. CV-25-
6 | 08172-PCT-ROS, 2026 WL 205651, at *2 (D. Ariz. Jan. 27, 2026). Failure to adhere to the
7 | requirements contained in LRCiv 7.2(g)(1) may be "grounds for denial of the motion."
8 | LRCiv 7.2(g)(1).

9 | Defendants' Motion fails to meet the standards set forth in LRCiv 7.2(g)(1). The
10 | parties do not dispute that there is no newly discovered evidence. The Motion does not
11 | assert, much less demonstrate, manifest error on the part of this Court, and Defendants do
12 | not explain how the legal authorities cited as a change in law control or supersede this
13 | Court's reasoning for finding that individual liability may attach to Defendants Lansky and
14 | Reeves.

15 | First, the Motion falsely states that this Court "showed deference to the [Federal
16 | Communications Commission's ("FCC")] interpretation of the TCPA as allowing the
17 | application of personal liability on individuals for claimed violations of the TCPA." (Doc.
18 | 207 at 8). This is incorrect. The Court's reasoning does not cite FCC interpretations of the
19 | TCPA in holding that the claims against the individual defendants could proceed. To the
20 | contrary, this Court found support for its holding in district court decisions, including, but
21 | not limited to the following: *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415
22 | (D. Md. 2011) (finding liability under the TCPA if they "had direct, personal participation
23 | in or personally authorized the conduct found to have violated the statute") (quoting *Texas
24 | v. Am. Blastfax*, 164 F. Supp. 2d 892, 898 (W.D. Tex. 2001)). (Doc. 64 at 20).

25 | Second, the Motion is a naked attempt to re-raise authorities and arguments that this
26 | Court has already rejected. In their Motion to Dismiss, Defendants did not argue that this
27 | Court should follow the Third Circuit's 2018 *City Select* case in precluding personal
28 | liability under the TCPA. Realizing the omission, Defendants filed their initial Supplement

1   to the Motion to Dismiss, attempting to use the then-recently-decided *Perrong v. Chase*
2   *Data Corp.* as a vehicle for introducing the *City Select* line of cases after the close of
3   briefing. (Doc. 62). This Court disregarded Defendants' initial Supplement, finding that
4   *Perrong*, as a mere application of *City Select*, was not new law; further, the Court held that
5   neither *Perrong* nor *City Select* were binding precedent. (Doc. 64 at 21). Since *City Select*
6   was not new law, the Court held that Defendants' filing inappropriately used a notice of
7   supplemental authority as "an opportunity to argue outside the pleadings." (*Id.*). With the
8   instant motion, Defendants again attempt to use "new" case law as a vehicle for introducing
9   the *City Select* line of cases after the close of briefing.[3] (Doc. 207 at 11). This Court should
10  again disregard it.

11          To the extent that Defendants argue that *Loper Bright* and *McLaughlin* create
12  manifest error on the part of this Court or that those cases supersede this Court's prior
13  reasoning, those cases would not have affected this Court's order on the Motion to Dismiss
14  (Doc. 64). These cases provide that courts are not required to defer to a federal agency's
15  reasonable interpretation of an ambiguous statute—which the Court did not do in this case.
16  Thus, *Loper Bright* and *McLaughlin* do not render the Court's decision erroneous.

17          Of the eighteen cases referenced in the Motion's Table of Authorities, only *Loper*
18  *Bright* was issued after the Court's Order denying Defendants' Motion to Dismiss (Doc.
19  64).[4] With no actual grounds for reconsideration, Defendants resort to arguing that they
20  already demonstrated their correctness in previous filings, with large swaths of the Motion
21  merely regurgitating arguments already rejected by this Court. The Motion itself is
22  peppered with admissions of this reiteration: "As Defendants argued in their Motion to

---

24  [3] Defendants also cite other cases that this Court has declined to consider. *See, e.g.*, *KHS*
25  *Corp. v. Singer Fin. Corp.*, 376 F.Supp.3d 524, 530 (E.D. Pa. 2019) (determining whether
    individual liability attaches after a full trial on the merits); *Kline v. Advanced Ins.*
26  *Underwriters, LLP*, No. 1:19-cv-00437, 2020 U.S. Dist. LEXIS 110453, at *19 (M.D. Pa.,
    June 23, 2020).

27  [4] *McLaughlin*, despite being the ostensible center of Defendants' argument, does not appear
28  in the Motion's Table of Authorities.

1  Dismiss…" (Doc. 207 at 8); "As Defendants noted…" (Doc. 207 at 8); "[Defendants]
2  argued…" (Doc. 207 at 9). These arguments clearly ignore LRCiv 7.2(g)(1)'s requirement
3  that "[n]o motion for reconsideration of an Order may repeat any oral or written argument
4  made by the movant in support of or in opposition to the motion that resulted in the Order."
5        Defendants' Motion fails to meet the requirements of reconsideration under LRCiv
6  7.2(g) on all grounds, and the Court should deny the Motion.
7
8                        2.    Defendants erroneously claim that FCC interpretation of the
9                              TCPA is the only basis for personal and vicarious liability
10        Defendants argue that the TCPA is "completely silent" on the issue of personal
11  liability and conclude that no basis exists for personal liability. (Doc. 207 at 11). Citing to
12  *City Select Auto Sales Inc. v. David Randall Assocs.*, 885 F.3d 154 (3d Cir. 2018), they
13  argue "[a]s Congress clearly understands how to include language establishing personal
14  liability in statutes, where it fails to do so, the prevailing view is that the Courts should
15  conclude that Congress did not intend to provide that remedy." *Id.*
16        However, even the *City Select* decision acknowledges the Supreme Court's decision
17  in *Meyer v. Holley*, which provides that where a statute is silent, Congress intended for
18  ordinary tort rules to apply. *City Select*, 885 F.3d at 160-61. In declining to apply *City
19  Select*, other district courts have pointed to this acknowledgement:
20                  The Third Circuit seems to be the only court that has questioned the
21                  availability of direct liability against third parties regardless of their
22                  level of direct involvement in the proscribed conduct…. Yet, even in
23                  doing so, the Third Circuit acknowledges that personal-participation
24                  liability existed at common-law at the time Congress passed the
25                  TCPA, and that "when Congress creates a tort action, it legislates
26                  against a legal background of ordinary tort-related … liability rules
27                  and consequently intends its legislation to incorporate those rules.
28

1          *City Select*, 885 F.3d at 160-61 (quoting *Meyer v. Holley*, 537 U.S.

2          280, 285 (2003)).

3    *Bank v. Dorfman*, No. 18CV6457MKBST, 2021 WL 7185786, at *5–6 (E.D.N.Y. Dec. 21,

4    2021), report and recommendation adopted, No. 18CV6457MKBST, 2022 WL 341195

5    (E.D.N.Y. Feb. 4, 2022).

6          This Court has already determined that Defendants Lansky and Reeves may be

7    subject to individual liability. (Doc. 64, at 15-21). In reaching this determination, the Court

8    relied on a series of cases that are completely divorced from the FCC's interpretation of

9    individual liability under the TCPA. For example, one case cited by the Court, *Albers v.*

10   *Edelson Tech. Partners L.P.*, states that even though "officers and directors are generally

11   shielded from liability for acts done in good faith on behalf of the corporation, their status

12   does not shield them from personal liability to those harmed as a result of intentional

13   harmful or fraudulent conduct." 31 P.3d 821, 826 (Ariz. App. 2001). In *Albers*, the court

14   determined that claims against officers and directors could proceed in part because

15   plaintiffs alleged that defendants owed a duty to the plaintiffs and because plaintiffs

16   suffered damages. In denying Defendants' Motion to Dismiss, this Court cited with

17   approval the *Albers* reasoning, stating that "a director or officer of a corporation is

18   individually liable for fraudulent acts or false representations of his own or in which he

19   participates, even though his action in such respect may be in furtherance of the corporate

20   business." (Doc. 64 at 20). Defendants' Motion for Reconsideration does not address the

21   Court's stated framework for assessing individual liability, and Defendants' failure to

22   explain how the Court's reasoning is manifest error or incorrect in light of subsequent case

23   law is fatal to their Motion.

24

25                      3.    <u>It is premature to determine whether there is a factual basis</u>

26                        <u>for individual liability before the close of discovery</u>

27         This Court concluded that the roles and responsibilities of Defendants Lansky and

28   Reeves, as "remains to be seen" through discovery, will determine whether Defendants

may be "individually liable." (Doc. 207 at 20–21). Even if this Court were to adopt Defendants' framework for assessing individual liability—which it should not—the appropriate point to determine liability would be after discovery has closed. Defendants recognize this, conceding that the Court will be able to determine Defendant Reeves' role "once discovery is closed" yet inexplicably still seek dismissal of all TCPA claims against her. (Doc. 207 at 14, 17). Defendants also state they waited over two months after the court-ordered deadline to docket the instant Motion for Reconsideration because they expected to "have access to witness testimony prior to the date on which the re-docketing was to occur." (Doc. 207 at 4). In addition, in one case cited by Defendants, the court assessed whether a corporate officer was personally liable *after* a full trial on the merits. *See KHS Corp. v. Singer Fin. Corp.*, 376 F.Supp.3d 524, 530 (E.D. Pa. 2019). The Court has already determined that discovery is necessary to adjudicate these fact-intensive issues. Defendants' Motion fails to raise a compelling argument to the contrary.

### C.    The Motion does not address Plaintiffs' claims under the TSR or the TCIA

Defendants request dismissal of all claims based on personal liability, but even if Defendants were to prevail on the merits of the Motion, it would not be fatal to *all* claims included in Plaintiffs' lawsuit. Plaintiffs' Complaint includes counts for violations of the Telemarketing Sales Rule ("TSR"), 16 C.F.R. ¶ 310.3(b), the Truth in Caller ID Act ("TCIA"), 47 U.S.C. § 227(e), and numerous other states laws. Of the twenty-three (23) Counts pleaded in Plaintiffs' Complaint, only a handful make claims under the TCPA. Plaintiffs' other counts allege violations of the TSR, the TCIA, and the laws of 11 states—none of which are affected by the substance of Defendants' Motion. Despite the fact that Defendants' Motion seeks dismissal of "all claims based on personal liability," (Doc. 207 at 15), it only argues that the individual defendants "should not be held personally liable under the [TCPA]." (Doc. 207 at 5).

13

Defendants' Motion seeks relief that exceeds its legal arguments, which is improper under Fed. R. Civ. P. 7(b)(1) (requiring that "[a]n application to the court for an order shall be by motion which … shall be in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought"). *See also Registration Control Sys., v. Compusystems, Inc.*, 922 F.2d 805, 807 (Fed. Cir. 1990). Particularity means "reasonable specification." *Talano v. Nw. Med. Fac. Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001) (quoting *Martinez v. Trainor*, 556 F.2d 818, 819–20 (7th Cir. 1977)). "[T]he purpose of the particularity requirement in Rule 7 is to afford notice of the grounds and prayer of the motion to both the court and to the opposing party, providing that party with a meaningful opportunity to respond and the court with enough information to process the motion correctly." *Strain v. Payette Sch. Dist. No. 371J*, No. 96-35865, 1998 U.S. App. LEXIS 623, at \*11 (9th Cir. 1998) (quoting *Registration Control Sys.*, 922 F.2d at 807–08).

The relief sought by the Motion is limited to determining whether Lansky and Reeves can be held individually liable under the TCPA in light of *Loper Bright* and *McLaughlin*. Defendants' Motion does not address personal liability under the TSR or the TCIA. As such, any relief afforded by this Court must similarly be limited under Rule 7(b)(1)(C).

### III. CONCLUSION

As demonstrated above, Defendants' Motion fails to prove that reconsideration of their motion to dismiss is appropriate. The Motion is untimely under both this Court's Order and the Local Rules. It fails to meet the standard for reconsideration, is based on arguments that were not the foundation of the Court's original ruling, and otherwise fails on the merits. For the reasons stated, Plaintiffs respectfully request that this Court deny Defendants' Motion for Reconsideration.

14

1           RESPECTFULLY SUBMITTED this 20th day of February 2026.

2

3     **FOR THE STATE OF ARIZONA:**       **FOR THE STATE OF INDIANA:**

4     KRISTIN K. MAYES            TODD ROKITA

5     Attorney General for the State of      Attorney General for the State of Indiana
     Arizona

6

7     /s/ John Raymond Dillon IV        /s/ Douglas S. Swetnam
     JOHN RAYMOND DILLON IV (AZ    DOUGLAS S. SWETNAM (IN Bar No.

8     Bar No. 036796)              15860-49)
     SARAH PELTON (AZ Bar No. 039633)  THOMAS L. MARTINDALE (IN Bar

9     Assistant Attorneys General         No. 29706-64)
     Arizona Attorney General's Office    Deputy Attorneys General

10     2005 North Central Avenue       Office of the Indiana Attorney General
     Phoenix, AZ 85004            Todd Rokita

11     Phone:  (602) 542-8018        Indiana Govt. Center South, 5th Fl.
     Fax:     (602) 542-4377       302 W. Washington St.

12     john.dillonIV@azag.gov         Indianapolis, IN 46204-2770

13     sarah.pelton@azag.gov         Phone: (317) 232-6294 (Swetnam)
     *Attorneys for the State of Arizona*         (317) 232-7751 (Martindale)

14                                   Fax:     (317) 232-7979

15                                douglas.swetnam@atg.in.gov

16                                thomas.martindale@atg.in.gov

17                                *Attorneys for the State of Indiana*

18

19

20

21

22

23

24

25

26

27

28

**FOR THE STATE OF NORTH CAROLINA:**

JEFF JACKSON
Attorney General for the State of North Carolina

/s/ Tracy Nayer
TRACY NAYER (NC Bar No. 36964)
ROCHELLE SPARKO (NC Bar No. 38528)
Special Deputy Attorneys General
North Carolina Department of Justice
Consumer Protection Division
P.O. Box 629
Raleigh, North Carolina 27602
Phone:  (919) 716-6400
Fax:      (919) 716-6050
tnayer@ncdoj.gov
rsparko@ncdoj.gov
*Attorneys for the State of North Carolina*

**FOR THE STATE OF OHIO:**

DAVE YOST
Attorney General for the State of Ohio

/s/ Erin B. Leahy
ERIN B. LEAHY (OH Bar No. 0069509)
EMILY G. DIETZ (OH Bar No. 0104729)
Assistant Attorneys General
Office of Attorney General Dave Yost
30 East Broad Street, 14th Fl.
Columbus, OH 43215
Phone: (614) 752-4730 (Leahy)
            (614) 466-3493 (Dietz)
Erin.Leahy@OhioAGO.gov
Emily.Dietz@OhioAGO.gov
*Attorneys for the State of Ohio*

***Lead Counsel for Plaintiffs***

**STEVE MARSHALL**
**Attorney General of Alabama**

/s/ Lindsay D. Barton
Lindsay D. Barton (AL Bar No. 1165-G00N)
Robert D. Tambling (AL Bar No. 6026-N67R)
Assistant Attorneys General
Office of the Alabama Attorney General
501 Washington Avenue
Montgomery, Alabama 36130
Phone:(334) 353-2609 (Barton)
       (334) 242-7445 (Tambling)
Fax:   (334) 353-8400
Lindsay.Barton@AlabamaAG.gov
Robert.Tambling@AlabamaAG.gov
*Attorneys for Plaintiff State of Alabama*

**TIM GRIFFIN**
**Attorney General of Arkansas**

/s/ Amanda Wentz
Amanda Wentz (AR Bar No. 2021066)
Assistant Attorney General
Office of Attorney General Tim Griffin
101 West Capitol Avenue
Little Rock, AR 72201
Phone:(501) 682-1178
Fax:   (501) 682-8118
amanda.wentz@arkansasag.gov
*Attorney for Plaintiff State of Arkansas*

**ROB BONTA**
**Attorney General of California**

/s/ Rosailda Perez
Nicklas A. Akers (CA Bar No. 211222)
Senior Assistant Attorney General
Bernard A. Eskandari (CA Bar No. 244395)
Supervising Deputy Attorney General
Timothy D. Lundgren (CA Bar No. 254596)
Rosailda Perez (CA Bar No. 284646)
Deputy Attorneys General
Office of the California Attorney General
300 S. Spring St., Suite 1702
Los Angeles, CA 90013
Phone:(415) 510-3364 (Akers)
       (213) 269-6348 (Eskandari)
       (213) 269-6355 (Lundgren)
       (213) 269-6612 (Perez)
Fax:   (916) 731-2146
nicklas.akers@doj.ca.gov
bernard.eskandari@doj.ca.gov
timothy.lundgren@doj.ca.gov
rosailda.perez@doj.ca.gov
*Attorneys for Plaintiff People of the State of California*

1

2

**PHILIP J. WEISER**
**Attorney General of Colorado**

/s/ Michel Singer Nelson
Michel Singer Nelson (CO Bar No.
19779)
Assistant Attorney General II
Colorado Office of the Attorney General
Ralph L. Carr Judicial Building
1300 Broadway, 10th Floor
Denver, CO 80203
Phone: (720) 508-6220
michel.singernelson@coag.gov
*Attorney for Plaintiff State of Colorado,*
*ex rel. Philip J. Weiser, Attorney*
*General*

**WILLIAM TONG**
**Attorney General of Connecticut**

/s/ Brendan T. Flynn
Brendan T. Flynn (Fed. Bar No. ct04545,
CT Bar No. 419935)
Assistant Attorney General
Office of the Connecticut Attorney
General William Tong
165 Capitol Avenue, Suite 4000
Hartford, CT 06106
Phone: (860) 808-5400
Fax:     (860) 808-5593
miles.vaughn@myfloridalegal.combrend
an.flynn@ct.gov
*Attorney for Plaintiff State of*
*Connecticut*

**KATHLEEN JENNINGS**
**Attorney General of Delaware**

/s/ Ryan Costa
Ryan Costa (DE Bar No. 5325)
Deputy Attorney General
Delaware Department of Justice
820 N. French Street, 5th Floor
Wilmington, DE 19801
Phone: (302) 683-8811
Fax:     (302) 577-6499
Ryan.costa@delaware.gov
*Attorney for Plaintiff State of Delaware,*
*ex rel. Kathleen Jennings*

**BRIAN C. SCHWALB**
**Attorney General of District of**
**Columbia**

/s/ Laura C. Beckerman
Laura C. Beckerman (DC Bar No.
1008120)
Senior Trial Counsel
Public Advocacy Division
D.C. Office of the Attorney General
400 6th Street NW, 10th Floor
Washington, DC 20001
Phone: (202) 655-7906
Laura.Beckerman@dc.gov
*Attorney for Plaintiff District of*
*Columbia*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**JAMES UTHMEIER**
**Attorney General of Florida**

/s/ Sean P. Saval
Sean P. Saval (FL Bar No. 96500)
Sr. Assistant Attorney General
Michael P. Roland (FL Bar No. 44856)
Assistant Attorney General
Office of the Florida Attorney General
Department of Legal Affairs
Consumer Protection Division
3507 E. Frontage Rd, Suite 325
Tampa, FL 33607
Phone: (813) 287-7950
Fax:    (813) 281-5515
Sean.Saval@myfloridalegal.com
michael.roland@myfloridalegal.com
Zivile.Rimkevicius@myfloridalegal.com
*Attorneys for Plaintiff James Uthmeier,*
*Attorney General of the State of Florida*

**CHRISTOPHER M. CARR**
**Attorney General of Georgia**

/s/ David A. Zisook
David A. Zisook (GA Bar No. 310104)
Senior Assistant Attorney General
Office of the Georgia Attorney General
40 Capitol Square SW
Atlanta, GA 30334
Phone: (404) 458-4294
Fax:    (404) 464-8212
dzisook@law.ga.gov
*Attorney for Plaintiff State of Georgia*

**ANNE E. LOPEZ**
**Attorney General of Hawaii**

/s/ Christopher J.I. Leong
Christopher J.I. Leong (HI Bar No. 9662)
Deputy Attorney General
Hawaii Department of the Attorney General
425 Queen Street
Honolulu, HI 96813
Phone: (808) 586-1180
Fax:    (808) 586-1205
christopher.ji.leong@hawaii.gov
*Attorney for Plaintiff State of Hawaii*

**RAÚL R. LABRADOR**
**Attorney General of Idaho**

/s/ James J. Simeri
James J. Simeri (ID Bar No. 12332)
Consumer Protection Division Chief
Idaho Attorney General's Office
P.O. Box 83720
Boise, ID 83720-0010
Phone: (208) 334-4114
james.simeri@ag.idaho.gov
*Attorney for Plaintiff State of Idaho*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**KWAME RAOUL**
**Attorney General of Illinois**

3

/s/ Philip Heimlich
Philip Heimlich (IL Bar No. 6286375)

4

Assistant Attorney General
Elizabeth Blackston (IL Bar No.

5

6228859)

6

Consumer Fraud Bureau Chief
Office of the Illinois Attorney General

7

500 S. Second Street

8

Springfield, IL 62791
Phone: (217) 782-4436

9

philip.heimlich@ilag.gov

10

elizabeth.blackston@ilag.gov
*Attorneys for Plaintiff People of the State*

11

*of Illinois*

12

**BRENNA BIRD**

13

**Attorney General of Iowa**

14

/s/ Benjamin Bellus

15

Benjamin Bellus (IA Bar No.
AT0000688)

16

William Pearson (IA Bar No.

17

AT0012070)
Assistant Attorneys General

18

Office of the Iowa Attorney General

19

1305 E. Walnut St.
Des Moines, IA 50319

20

Phone: (515) 242-6536 (Bellus)

21

     (515) 242-6773 (Pearson)
Fax:  (515) 281-6771

22

Benjamin.Bellus@ag.iowa.gov

23

William.Pearson@ag.iowa.gov
*Attorneys for Plaintiff State of Iowa*

24

25

26

27

28

**KRIS W. KOBACH**
**Attorney General of Kansas**

/s/ Nicholas C. Smith
Nicholas C. Smith (KS Bar No. 29742)
Sarah M. Dietz (KS Bar No. 27457)
Assistant Attorneys General
Consumer Protection Section
Office of the Kansas Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, KS 66612
Phone: (785) 296-3751
Fax:  (785) 291-3699
Nicholas.Smith@ag.ks.gov
sarah.dietz@ag.ks.gov
*Attorneys for Plaintiff State of Kansas*

**RUSSELL COLEMAN**
**Attorney General of Kentucky**

/s/ Jonathan E. Farmer
Jonathan E. Farmer (KY Bar No. 91999)
Deputy Executive Director of Consumer
Protection
Office of the Attorney General of
Kentucky
1024 Capital Center Drive, Ste. 200
Frankfort, KY 40601
Phone: (502) 696-5448
Fax:  (502) 573-8317
Jonathan.Farmer@ky.gov
*Attorney for Plaintiff Commonwealth of*
*Kentucky*

20

**LIZ MURRILL**
**Attorney General of Louisiana**

/s/ ZaTabia N. Williams
ZaTabia N. Williams (LA Bar No.
36933)
Assistant Attorney General
Office of the Attorney General Liz
Murrill
1885 North Third St.
Baton Rouge, LA 70802
Phone: (225) 326-6164
Fax:    (225) 326-6499
WilliamsZ@ag.louisiana.gov
*Attorney for Plaintiff State of Louisiana*

**AARON M. FREY**
**Attorney General of Maine**

/s/ Brendan O'Neil
Brendan O'Neil (ME Bar No. 009900)
Michael Devine (ME Bar No. 005048)
Assistant Attorneys General
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333
Phone: (207) 626-8800
Fax:    (207) 624-7730
brendan.oneil@maine.gov
michael.devine@maine.gov
*Attorneys for Plaintiff State of Maine*

**ANTHONY G. BROWN**
**Attorney General of Maryland**

/s/ Philip Ziperman
Philip Ziperman (Fed. Bar No. 12430)
Deputy Counsel
Office of the Attorney General
200 St. Paul Place
Baltimore, MD 21202
Phone: (410) 576-6417
Fax:    (410) 576-6566
pziperman@oag.state.md.us
*Attorney for Plaintiff Maryland Office of
the Attorney General*

**ANDREA JOY CAMPBELL**
**Attorney General of Massachusetts**

/s/ Carol Guerrero
Carol Guerrero (MA Bar No. 705419)
Assistant Attorney General
Michael N. Turi (MA Bar No. 706205)
Deputy Chief, Consumer Protection
Division
Massachusetts Office of the Attorney
General
One Ashburton Place, 18th Floor
Boston, MA 02108
Phone: (617) 963-2783
Fax:    (617) 727-5765
Carol.Guerrero@mass.gov
Michael.Turi@mass.gov
*Attorneys for Plaintiff Commonwealth of
Massachusetts*

1

2

**DANA NESSEL**
**Attorney General of Michigan**

3

/s/ Kathy P. Fitzgerald
Kathy P. Fitzgerald (MI Bar No.

4

P31454)
Michael S. Hill (MI Bar No. P73084)

5

Assistant Attorneys General

6

Michigan Department of Attorney
General

7

Corporate Oversight Division

8

P.O. Box 30736
Lansing, MI 48909

9

Phone: (517) 335-7632

10

Fax:    (517) 335-6755
fitzgeraldk@michigan.gov

11

Hillm19@michigan.gov

12

*Attorneys for Plaintiff People of the State*
*of Michigan*

13

**KEITH ELLISON**

14

**Attorney General of Minnesota**

15

/s/ Bennett Hartz

16

Bennett Hartz (MN Bar No. 0393136)

17

Assistant Attorney General
Office of the Minnesota Attorney

18

General

19

445 Minnesota Street, Suite 1200
Saint Paul, MN 55404

20

Phone: (651) 757-1235

21

bennett.hartz@ag.state.mn.us
*Attorney for Plaintiff State of Minnesota,*

22

*by its Attorney General, Keith Ellison*

23

24

25

26

27

28

**LYNN FITCH**
**Attorney General of Mississippi**

/s/ James M. Rankin
James M. Rankin (MS Bar No. 102332)
Special Assistant Attorney General
Mississippi Attorney General's Office
P.O. Box 220
Jackson, MS 39205
Phone: (601) 359-4258
james.rankin@ago.ms.gov
*Attorney for Plaintiff Lynn Fitch,*
*Attorney General State of Mississippi*

**CATHERINE L. HANAWAY**
**Attorney General of Missouri**

/s/ John W. Grantham
John W. Grantham (MO Bar No. 60556)
Assistant Attorney General
Office of the Missouri Attorney General
P.O. Box 899
Jefferson City, MO 65102
Phone: (573) 751-3942
Fax:    (573) 751-7948
john.grantham@ago.mo.gov
*Attorney for Plaintiff State of Missouri,*
*ex. rel. Catherine L. Hanaway, Attorney*
*General*

**AUSTIN KNUDSEN**
**Attorney General of Montana**

/s/ Brent Mead
Brent Mead (MT Bar No. 68035000)
Deputy Solicitor General
Anna Schneider (MT Bar No. 13963)
Special Assistant Attorney General,
Senior Counsel
Montana Attorney General's Office
Office of Consumer Protection
215 North Sanders Street
P.O. Box 200151
Helena, MT 59620-0151
Phone: (406) 444-4500
Brent.mead2@mt.gov
Anna.schneider@mt.gov
*Attorneys for Plaintiff State of Montana*

**MICHAEL T. HILGERS**
**Attorney General of Nebraska**

/s/ Gary E. Brollier
Gary E. Brollier (NE Bar No. 19785)
Assistant Attorney General
Office of the Attorney General Michael
T. Hilgers
2115 State Capitol Building
Consumer Protection Division
Lincoln, NE 68509
Phone: (402) 471-1279
Fax:    (402) 471-4725
gary.brollier@nebraska.gov
*Attorney for Plaintiff State of Nebraska*

**AARON D. FORD**
**Attorney General of Nevada**

/s/ Michelle C. Badorine
Michelle C. Badorine (NV Bar No.
13206)
Senior Deputy Attorney General
Office of the Nevada Attorney General
Bureau of Consumer Protection
100 North Carson Street
Carson City, NV 89701-4717
Phone: (775) 684-1164
Fax:    (775) 684-1299
MBadorine@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

**JOHN M. FORMELLA**
**Attorney General of New Hampshire**

/s/ Mary F. Stewart
Mary F. Stewart (NH Bar No. 10067)
Assistant Attorney General
New Hampshire Department of Justice
Office of the Attorney General
Consumer Protection and Antitrust
Bureau
1 Granite Place South
Concord, NH 03301
Phone: (603) 271-1139
Mary.F.Stewart@doj.nh.gov
*Attorney for Plaintiff State of New
Hampshire*

**MATTHEW J. PLATKIN**
**Attorney General of New Jersey**

/s/ Zeyad A. Assaf
Zeyad A. Assaf (NJ Bar No. 290002021)
Blair Gerold (NJ Bar No. 294602019)
Deputy Attorneys General
New Jersey Office of the Attorney
General
Division of Law
124 Halsey Street
Newark, NJ 07101
Phone: (609) 696-5363
Fax:    (973) 648-3879
Zeyad.Assaf@law.njoag.gov
Blair.Gerold@law.njoag.gov
*Attorneys for Plaintiff State of New
Jersey*

**RAÚL TORREZ**
**Attorney General of New Mexico**

/s/ Anthony Juzaitis
Anthony Juzaitis (NM Bar No. 164428)
Assistant Attorney General
New Mexico Department of Justice
408 Galisteo St.
Santa Fe, New Mexico 87501
Phone: (505) 651-7565
Fax:    (505) 490-4883
Ajuzaitis@nmdoj.gov
*Attorney for Plaintiff Raúl Torrez, New
Mexico Attorney General*

**LETITIA JAMES**
**Attorney General of New York**

/s/ Oluwadamilola E. Obaro
Oluwadamilola E. Obaro (NY Bar No.
5558275)
Assistant Attorney General
Office of the New York State Attorney
General
28 Liberty Street
New York, NY 10005
Phone: (212) 416-6316
dami.obaro@ag.ny.gov
*Attorney for Plaintiff Office of the
Attorney General of the State of New
York*

**DREW H. WRIGLEY**
**Attorney General of North Dakota**

/s/ Elin S. Alm
Elin S. Alm (ND Bar No. 05924)
Christopher Glenn Lindblad (ND Bar
No. 06480)
Assistant Attorneys General
Office of North Dakota Attorney General
Consumer Protection & Antitrust
Division
1720 Burlington Drive, Suite C
Bismarck, ND 58504-7736
Phone: (701) 328-5570
Fax:    (701) 328-5568
ealm@nd.gov
clindblad@nd.gov
*Attorneys for Plaintiff State of North
Dakota*

**GENTNER DRUMMOND**
**Attorney General of Oklahoma**

/s/ Sylvia Lanfair
Sylvia Lanfair (OK Bar No. 30144)
Assistant Attorney General
Office of the Oklahoma Attorney
General
313 N.E. 21st St.
Oklahoma City, OK 73105
Phone: (405) 522-8129
Fax:    (405) 522-0085
sylvia.lanfair@oag.ok.gov
*Attorney for Plaintiff State of Oklahoma*
*ex rel. Attorney General Gentner*
*Drummond*

**DAN RAYFIELD**
**Attorney General of Oregon**

/s/ Jordan M. Roberts
Jordan M. Roberts (OR Bar No. 115010)
Senior Assistant Attorney General
Oregon Department of Justice
Economic Justice Section
100 SW Market St.
Portland, OR 97201
Phone: (971) 673-1880
Fax:    (971) 673-1884
jordan.m.roberts@doj.oregon.gov
*Attorney for Plaintiff State of Oregon*

**DAVID W. SUNDAY, JR.**
**Attorney General of Pennsylvania**

/s/ Mark W Wolfe
Mark W Wolfe (PA Bar No. 327807)
Deputy Attorney General
Pennsylvania Office of Attorney General
Strawberry Square, 15th Floor
Harrisburg, PA 17120-0001
Phone: (717) 772-3558
Fax:    (717) 705-3795
mwolfe@attorneygeneral.gov
*Attorney for Plaintiff Commonwealth of*
*Pennsylvania by Attorney General David*
*W. Sunday, Jr.*

**PETER F. NERONHA**
**Attorney General of Rhode Island**

/s/ Alex M. Carnevale
Alex M. Carnevale (R.I. Bar No. 10724)
Special Assistant Attorney General
Rhode Island Office of the Attorney
General
150 South Main Street
Providence, RI 02903
Phone: (860) 287-7156
acarnevale@riag.ri.gov
*Attorney for Plaintiff State of Rhode*
*Island*

**ALAN WILSON**
**Attorney General of South Carolina**

/s/ Kristin Simons
Kristin Simons (SC Bar No. 74004)
Senior Assistant Attorney General
South Carolina Attorney General's
Office
P.O. Box 11549
Columbia, SC 29211-1549
Phone: (803) 734-6134
ksimons@scag.gov
*Attorney for Plaintiff State of South
Carolina*

**JONATHAN SKRMETTI**
**Attorney General of Tennessee**

/s/ Austin C. Ostiguy
Austin C. Ostiguy (TN Bar No. 040301)
Tyler T. Corcoran (TN Bar No. 038887)
Jimmie B. Webb (TN Bar No. 042680)
Assistant Attorneys General
Office of the Tennessee Attorney
General
P.O. Box 20207
Nashville, TN 37202
Phone: (615) 532-7271 (Ostiguy)
        (615) 770-1714 (Corcoran)
        (615) 532-4223 (Webb)
Fax:    (615) 532-2910
austin.ostiguy@ag.tn.gov
tyler.corcoran@ag.tn.gov
jimmie.webb@ag.tn.gov
*Attorneys for Plaintiff State of Tennessee*

**KEN PAXTON**
**Attorney General of Texas**

/s/ David Shatto
David Shatto (Fed. Bar No. 3725697; TX
Bar No. 24104114)
Assistant Attorney General
Attorney General for the State of Texas
Office of the Attorney General
P.O. Box 12548 (MC-010)
Austin, TX 78711
Phone: (512) 463-2185
Fax:    (512) 473-9125
David.Shatto@oag.texas.gov
*Attorney for Plaintiff State of Texas*

**DEREK E. BROWN**
**Attorney General of Utah**

/s/ Alexandra Butler
Alexandra Butler (UT Bar No. 19238)
Assistant Attorney General
Utah Attorney General's Office
160 East 300 South, 5th Floor
P.O. Box 140872
Salt Lake City, UT 84114-0872
Phone: (385) 910-5533
Fax:    (801) 366-0315
alexandrabutler@agutah.gov
*Attorney for Plaintiff Utah Division of
Consumer Protection*

**CHARITY R. CLARK**
**Attorney General of Vermont**

/s/ James Layman
James Layman (VT Bar No. 5236)
Office of the Vermont Attorney General
109 State Street
Montpelier, VT 05609-1001
Phone: (802) 828-2315
Fax:    (802) 304-1014
James.Layman@vermont.gov
*Attorney for Plaintiff State of Vermont*

**JASON S. MIYARES**
**Attorney General of Virginia**

/s/ Geoffrey L. Ward
Geoffrey L. Ward (VA Bar No. 89818)
Senior Assistant Attorney General
Office of the Attorney General of
Virginia
202 N. Ninth St.
Richmond, VA 23219
Phone: (804) 371-0871
Fax:    (804) 786-0122
gward@oag.state.va.us
*Attorney for Plaintiff Commonwealth of
Virginia, ex rel. Jason S. Miyares,
Attorney General*

**NICHOLAS W. BROWN**
**Attorney General of Washington**

/s/ Zorba Leslie
Zorba Leslie (WA Bar No. 58523)
Assistant Attorney General
Washington State Attorney General's
Office
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Phone: (206) 340-6787
Fax:    (206) 464-6451
zorba.leslie@atg.wa.gov
*Attorney for Plaintiff State of
Washington*

**JOHN B. MCCUSKEY**
**Attorney General of West Virginia**

/s/ Ashley T. Wentz
Ashley T. Wentz (WV Bar No. 13486)
Assistant Attorney General
West Virginia Attorney General's Office
Consumer Protection/Antitrust Division
P.O. Box 1789
Charleston, WV 25326
Phone: (304) 558-8986
Fax:    (304) 558-0184
Ashley.T.Wentz@wvago.gov
*Attorney for Plaintiff State of West
Virginia ex rel. John B. McCuskey,
Attorney General*

**JOSHUA L. KAUL**
**Attorney General of Wisconsin**

/s/ Gregory A. Myszkowski
Gregory A. Myszkowski (WI Bar No.
1050022)
Assistant Attorney General
Wisconsin Department of Justice
P.O. Box 7857
Madison, WI 53707-7857
Phone: (608) 266-7656
Fax:    (608) 294-2907
gregory.myszkowski@wisdoj.gov
*Attorney for Plaintiff State of Wisconsin*

**KEITH G. KAUTZ**
**Attorney General of Wyoming**

/s/ Cameron W. Geeting
Cameron W. Geeting (WY Bar No.
7--5338)
Senior Assistant Attorney General
Consumer Protection and Antitrust Unit
Wyoming Attorney General's Office
2320 Capitol Avenue
Cheyenne, Wyoming 82002
Phone: (307) 777-3795
cameron.geeting1@wyo.gov
*Attorney for Plaintiff State of Wyoming*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2026, I caused the foregoing **PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION (DOC. 207)** to be filed and served electronically via the Court's CM/ECF system upon counsel of record.

/s/ Emily G. Dietz
EMILY G. DIETZ
Assistant Attorney General
Counsel for the Plaintiff State of Ohio

29