JEFF JACKSON
Attorney General of North Carolina
TRACY NAYER (NC Bar No. 36964)
ROCHELLE SPARKO (NC Bar No. 38528)
Special Deputy Attorneys General
North Carolina Department of Justice
Consumer Protection Division
P.O. Box 629
Raleigh, North Carolina 27602
Phone: (919) 716-6400
Fax:     (919) 716-6050
tnayer@ncdoj.gov
rsparko@ncdoj.gov
*Attorneys for the State of North Carolina*
*Lead Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| State of Arizona, *ex rel.* Kristin K. Mayes, Attorney General; et al., <br><br> Plaintiffs, <br><br> v. <br><br> Michael D. Lansky, L.L.C., dba Avid Telecom; et al., <br><br> Defendants. | NO. 4:23-cv-00233-TUC-CKJ (MAA) <br><br> **Declaration of Rochelle Sparko in Support of Plaintiffs' Response to Defendants' Motion to Compel Designation of 30(b)(6) Witnesses and For Sanctions [Doc. 204] and Cross-Motion for Protective Order** |

1. I am a Special Deputy Attorney General in the Consumer Protection Division of the North Carolina Department of Justice and counsel of record for Plaintiff State of North Carolina *ex rel.* Attorney General Jeff Jackson. I am also designated by co-Plaintiffs in this action as a Lead Plaintiff. I have personal knowledge of the facts set forth herein. If called as a witness, I could and would competently testify to the matters stated herein.

2. I submit this declaration in support of Plaintiffs' Response to Defendants' Motion to Compel Designation of 30(b)(6) Witnesses and for Sanctions and Plaintiffs' Cross Motion for Protective Order. For purposes of the Response, the Plaintiffs include the States of Arizona, California, Florida, Indiana, Maryland, Nevada, New York, North Carolina, North Dakota, Ohio, Rhode Island, Washington, and Wisconsin (hereinafter "13 Plaintiff States").

3. On or about April 22, 2025, Defendants served notices of deposition on all 49 Plaintiff States (Doc. 204-1), in flagrant violation of the Case Management Scheduling Order's (hereinafter "CMSO") limitation on party depositions. (Doc. 102, at E.1). The notices of deposition did not state the time and place of the depositions to be taken, and included between four and six topics of inquiry for each Plaintiff. Several of the identified topics clearly sought attorney work product or other privileged information. Contrary to the unsupported assertions in Defendants' Motion to Compel, Plaintiffs have attempted to work with defense counsel to reach an agreement on suitable deposition topics since receiving these initial notices.

4. On or about April 25, 2025, each Plaintiff responded by email to Defendants' notice of deposition. The 13 Plaintiff States' response emails expressed concern about the topics seeking privileged information and requested to meet and confer on the topics. A true and correct copy of the 13 Plaintiffs' response emails is attached hereto as Exhibit A. The remaining 36 Plaintiffs' response emails pointed out that the CMSO did not permit a party deposition of the responding Plaintiff and accordingly requested that the notice be withdrawn. A true and correct copy of the 36 Plaintiffs' response emails is attached hereto as Exhibit B. Defense counsel did not respond to any of Plaintiffs' emails.

5. On or about May 23, 2025, the 13 Plaintiff States separately served responses and objections to Defendants' notices of Rule 30(b)(6) depositions, each of which contained specific objections to the topics identified and indicated the Plaintiffs' willingness to meet and confer. A true and correct copy of Plaintiffs' responses and objections is attached hereto as Exhibit C. Defense counsel did not respond.

1        6.     On July 15, 2025, at Defendants' request, counsel from each of the 13 Plaintiff States met and conferred telephonically with Greg Taylor, counsel for the Defendants. Mr. Taylor did not address the substance of the 13 Plaintiff States' objections to the Rule 30(b)(6) topics. Rather, the only issue raised by Mr. Taylor regarding Defendants' Rule 30(b)(6) depositions was whether the other 36 Plaintiffs would consent to be deposed, as Defendants planned to file a motion to revise the scheduling order so they could "confront their accusers." Plaintiffs' counsel declined to consent to the expansion of depositions to all 49 Plaintiffs. Plaintiffs' counsel raised an objection that at least one of the proposed topics appeared to relate to a malicious prosecution issue that was neither a claim nor a defense. Mr. Taylor indicated Defendants had a theory on "how this case came to light" and were trying to discover whether that theory was true. Specifically, Mr. Taylor indicated Defendants thought a third party was providing information to the States. There was no other substantive discussion regarding Plaintiffs' written objections or narrowing any of the topics. Plaintiffs memorialized these key points from the July 15, 2025 meet and confer in an email on July 18, 2025. A true and correct copy of Plaintiffs' July 18, 2025 email is attached hereto as Exhibit D.

7.     On July 17, 2025, Defendants sent a 139-page letter describing disputes with written discovery, including the lack of designations for the depositions. A true and correct copy of Defendants' letter is attached hereto as Exhibit E. In their letter, Defendants claimed the deposition notices only sought the *identity* of witnesses and dismissed Plaintiffs' substantive objections on the topics. On August 6, 2025, the 13 Plaintiff States sent a written response which reiterated objections to the topics, offered several dates and times to confer on the topics, and indicated that witness designation would be made when the parties agreed on the nature and scope of the topics. A true and correct copy of the 13 Plaintiff States' written response is attached hereto as Exhibit F.

8.     Prior to Defendants' receiving the 13 Plaintiff States' August 6, 2025 response to their 139-page letter, Defendants sent several interim emails. On July 28, 2025, Defendants sent an email claiming the 13 Plaintiff States were refusing to designate

witnesses. A true and correct copy of Defendants' July 28, 2025 email is attached hereto as Exhibit G. Plaintiffs responded on July 30, 2025 reiterating objections previously raised at the July 15, 2025 telephonic meeting and in writing by email on July 18, 2025. A true and correct copy of Plaintiffs' July 30, 2025 email is attached hereto as Exhibit H. On August 4, 2025, Defendants sent an email claiming Plaintiffs were ignoring their requests and refusing to meet and confer. On August 5, 2025, the 13 Plaintiff States responded that at the request of Defendants, 21 Plaintiffs' counsel met telephonically with defense counsel on July 15, 2025, and that Plaintiffs' written response to Defendants' 139-page letter was forthcoming. A true and correct copy of the parties' August 4 and 5, 2025 emails is attached hereto as Exhibit I.

9. On July 31, 2025, Defendants filed a Motion to Revise Discovery Schedule seeking, among other things, the expansion of party depositions to all 49 Plaintiffs. (Doc. 121). The Court denied Defendants' Motion in its September 25, 2025, Order. (Doc. 158).

10. On or around September 25, 2025, defense counsel emailed Plaintiffs and requested that Plaintiffs provide their availability to meet and confer on "the AGs [sic] continuing refusal to designate any witnesses in response to Defendants' 30(b)(6) notices." In follow-up correspondence on or around September 25 and 26, 2025, the 13 Plaintiff States requested that Defendants either provide revised topics or substantive responses to the Plaintiffs' objections before any meet and confer. A true and correct copy of the parties' September 25 and 26, 2025 emails are attached hereto as Exhibit J.

11. Pursuant to this Court's Order (Doc. 126), the parties provided briefing on the various outstanding discovery disputes. In an Order on October 24, 2025 (Doc. 170), Magistrate Judge Michael A. Ambri addressed the discovery issues raised in Defendants' briefs, including the ongoing disagreement over deposition topics. (*see* Docs. 138, 145, 155). Magistrate Judge Ambri noted Plaintiffs' objections "to deposition questions addressing 'investigations [the AGs] conducted that formed the basis for [their] Complaint' or the 'discussions AG's offices had internally or with other law enforcement agencies.'" Doc. 170, p. 5 *citing* Doc. 145, p. 7. The Court concluded, "defendants are entitled to Rule

30(b)(6) depositions *addressing the factual allegations in the Complaint*. They are free to notice such depositions in accordance with the Federal Rules of Civil Procedure." Doc. 170, p. 5 (*emphasis added*).

12. Following entry of the Order, on or around October 27, 2025, defense counsel sent Plaintiffs an email demanding, among other things, that the 13 Plaintiff States designate a witness for Rule 30(b)(6) depositions "with knowledge of *all* of the facts (*i.e.,* not just the state-specific facts) to which each state certified and verified that it had confirmed to be true (*e.g.,* under Rule 11) in signing the complaint (without limitation)". Defense counsel did not propose any modifications of the topics from the April 2025 notices. A true and correct copy of defense counsel's October 27, 2025 email is attached hereto as Exhibit K. On October 28, 2025, Plaintiffs' counsel responded to defense counsel's email, asking for service of revised deposition notices, or at a minimum, revised topics that would allow Plaintiffs to identify appropriate witnesses. The email further noted that Plaintiffs would continue to object to the inclusion of privileged topics and attorney work product. A true and correct copy of Plaintiffs' counsel's October 28, 2025 email is attached hereto as Exhibit L.

13. On or around November 24, 2025, Defendants served deposition notices on four of the 13 Plaintiff States, Arizona, Indiana, Ohio, and North Carolina.[1] With respect to topics for examination, the notices identified the topic as "the factual allegations contained in the Complaint", merely recited the language of the Court's Oct. 25 Order. A true and correct copy of the November 24, 2025 deposition notices is attached hereto as Exhibit M.

14. On or around December 1, 2025, defense counsel emailed Plaintiffs and incorrectly asserted that the Court's October 25, 2025 Order (Doc. 170) required Plaintiffs to provide deposition witness designations by November 28, 2025. A true and correct copy

---

[1] Deposition notices were also served on Texas and Oklahoma on this date, although defense counsel later acknowledged that those notices were sent in error. (*See* Meet and Confer Transcript, pg. 75, ll. 4-7).

1  of defense counsel's December 1, 2025 email is attached hereto as Exhibit N. In a response
2  email, Plaintiffs correctly stated that the Court's Order did not require Plaintiffs to
3  designate witnesses by that date. On or around December 9, 2025, defense counsel again
4  emailed Plaintiffs to demand witness designations. A true and correct copy of defense
5  counsel's December 9, 2025 email is attached hereto as Exhibit O. The parties had already
6  scheduled a meet and confer for the following day in which Plaintiffs planned to discuss
7  objections to the "factual allegations" topic identified in the November 24, 2025 deposition
8  notices.

9      15.     On December 10, 2025, the parties met and conferred on various pending
10 discovery issues. During the meet and confer, defense counsel raised the issue of
11 Defendants' Rule 30(b)(6) notices, asking, "[I]s the issue here agreeing on topics—which
12 we're happy to engage with you on—or are you flatly refusing to produce 30(b)(6)
13 witnesses…?" A true and correct excerpt of the transcript of the parties' December 10,
14 2025 meet and confer is attached hereto as Exhibit P (the quote in the preceding sentence
15 is found at p. 74, ll. 10-14). Plaintiffs' counsel assured defense counsel that 13 Plaintiff
16 States were not refusing to be deposed and would designate witnesses upon agreement of
17 the topics. The 13 Plaintiff States emphasized concerns that Defendants' deposition topics
18 sought attorney work product and burdensome testimony on information already produced
19 by Plaintiffs, including the analysis of the call detail records by Plaintiffs' expert. Defense
20 counsel emphasized the intention to seek testimony as to how each Plaintiff independently
21 "developed and verified facts" and the measures that each attorney took prior to signing
22 the Complaint to verify the truthfulness of each factual allegation, including verifying the
23 number of calls to each state. *Id.* at 82:25-83:1, 83:21-84:3, 86:17-88:3.

24     16.     Nearly six weeks after the meet and confer, on or around January 19, 2026,
25 defense counsel emailed Plaintiffs a list of 13 proposed deposition topics and demanded
26 that each of the 13 Plaintiff States designate a witness by January 21. A true and correct
27 copy of defense counsel's January 19, 2026 email is attached hereto as Exhibit Q. When
28 Plaintiffs' counsel responded that Defendants' suggested timeframe was not sufficient for

1  Plaintiffs to review the newly identified topics, defense counsel offered to extend the
2  deadline to January 23, provided that Plaintiffs' counsel intended to provide witness
3  designations without asserting objections. A true and correct copy of the parties' emails is
4  attached hereto as Exhibit R. Plaintiffs' counsel indicated in further correspondence that
5  Plaintiffs would provide a response the following week after counsel had an opportunity to
6  confer on the topics. A true and correct copy of Plaintiffs' counsel's correspondence is
7  attached hereto as Exhibit S.

8      17.   On January 22, 2026, Defendants served amended notices of deposition with
9  the revised topics on the 13 Plaintiff States. Doc. 204-3. The 13 amended notices all
10 contained identical proposed topics of inquiry. Doc. 204-3. Two of these topics, Topics 1
11 and 13, appeared in Defendants' initial Rule 30(b)(6) deposition notices propounded in
12 April 2025. Doc. 204-1. The remaining 11 topics, Topics 2 through 12, appeared to be new.
13 Each amended notice states, "…The deponent's availability should be confirmed on or
14 before January 28, 2026." Doc. 204-3.

15     18.   On January 28, 2026, the 13 Plaintiff States emailed initial objections
16 to the revised topics and requested to meet and confer further with defense counsel. A true
17 and correct copy of the 13 Plaintiff States' objections and request to meet and confer is
18 attached hereto as Exhibit T. Despite having the 13 Plaintiff States' objections as to the
19 topics and a request to meet and confer, Defendants filed the instant Motion to Compel on
20 January 28, 2026. (Doc. 204).

21     19.   Defendants' January 22, 2026 amended notices of deposition seek
22 information Plaintiffs already provided to Defendants in response to written discovery
23 demands. Topic 1 of the Defendants' amended notices of deposition encompasses nearly
24 every allegation in the Complaint. Plaintiffs' Joint Response to Defendants' 2nd Requests
25 for Production of Documents, a true and correct copy of which is attached hereto as Exhibit
26 U, and Plaintiff States' Supplemental Responses and Objections to Defendants' 2nd
27 Requests for Production of Documents, a true and correct copy of which is attached hereto
28

as Exhibit V, each responded to separate requests for all documents that refer or relate to nearly every Complaint paragraph referenced in Topic 1.

20. Topics 2, 3, 4, 9, 10, and 11 of Defendants' January 22, 2026 amended notices of deposition seek to have the 13 Plaintiff States produce a witness to testify to hundreds or up to tens of thousands of individual calls. Defendants received this information in Plaintiffs' responses to written discovery. 36 Plaintiffs' Joint Responses to Defendants' 2nd RFP Request 127, a true and correct excerpt of which is attached hereto as Exhibit W; Plaintiffs' Responses to Defendants' 5th RFP Request 677, a true and correct excerpt of which is attached hereto as Exhibit X; Plaintiffs' Objections and Answers to Defendants' 2nd Request For Admissions, Requests 33, 66 -70, a true and correct excerpt of which is attached hereto as Exhibit Y; and Plaintiffs' Responses and Objections to Defendants' Interrogatories and First Consolidated Interrogatories Requests 4-5, 13-14, 16 a true and correct excerpt of which is attached hereto as Exhibit Z, include information relating to the calls.

21. Topic 3 of Defendants' January 22, 2026 amended notices of deposition further requests the "origin of all data (e.g., a CID, a subpoena, YouMail, an AG Expert Witness) used to calculate the number of calls set forth in the subparagraph of paragraph 89 of the complaint." Doc. 204-3. Plaintiffs provided this information in response to several of Defendants' written discovery demands, including Plaintiffs' Responses to Defendants' 1st Requests for Production Requests 1, 3, 4, 6, 7, 9, 13, 19, 20, 21 and 22, a true and correct excerpt of which is attached hereto as Exhibit AA.

1  I declare under the penalty of perjury that the foregoing is true and correct.

2

3  Executed this 11th Day of February, 2026 in Durham, North Carolina.

4

5  /s/ Rochelle Sparko
ROCHELLE SPARKO (NC Bar No. 38528)
6  Special Deputy Attorney General
North Carolina Department of Justice
7  Consumer Protection Division
8  P.O. Box 629
Raleigh, North Carolina 27602
9  Phone: (919) 716-6400
10  Fax:   (919) 716-6050
rsparko@ncdoj.gov
11  *Attorney for the State of North Carolina*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 11, 2026, I caused the foregoing Declaration of Rochelle Sparko in Support of Plaintiff's Response to Defendants' Motion to Compel to be filed and served electronically via the Court's CM/ECF system upon counsel of record.

/s/ Rochelle Sparko
ROCHELLE SPARKO

*Attorney for the State of North Carolina*