| | |
|---|---|
| **From:** | Goldis, Glenna |
| **To:** | nende@tlgdc.com; gtaylor@tlgdc.com |
| **Cc:** | Meislik, Alyse; Swetnam, Douglas; Dylan Jones (AZ AG) (Dylan.Jones@azag.gov); Erin Leahy; laura.dilweg@azag.gov; Nayer, Tracy; Sarah Pelton (AZ AG) (Sarah.Pelton@azag.gov); Sparko, Rochelle; Thomas Martindale (IN AG) (Thomas.Martindale@atg.in.gov) |
| **Subject:** | Arizona v. Lansky |
| **Date:** | Friday, April 25, 2025 12:06:18 PM |

Dear Counsel,

We confirm that the State of New York received a notice from Defendants for a 30(b)(6) deposition in *State of Arizona, et al. v. Michael Lansky, dba Avid Telecom, et al.*, No. 4:23-cv-00233-TUC-CKJ (D. Ariz. 2023).

Without conceding that 30(b)(6) depositions are ever appropriate in a law enforcement action like this, we request an opportunity to meet and confer as we seek to narrow the scope of the topics listed in the notice. We are concerned that the bulk of the topics seek my agency to disclose either the investigation it conducted that formed the basis for its complaint (e.g., attorney work product), or the discussions we had within our own agencies or with other law enforcement agencies, which are privileged. We have previously raised similar objections that have not yet been addressed in Plaintiffs' responses to Defendants' First Request for Production of Documents (specifically in our responses to Requests 46 and 49). If an agreement is reached on topics of testimony that are relevant and do not require my agency to either provide work product or divulge privileged communications, we will offer a witness who can appear and provide testimony.

Because this is a multistate case in which we are working collaboratively with other states and have appointed the Offices of the Attorney General for Arizona, Indiana, Ohio, and North Carolina to act as the Lead States in this matter, for administrative ease, we have asked counsel for the Lead States, who are copied on this email, to assist in coordinating a meet and confer with you for all states bringing state claims to which you issued a similar notice. Please work with the Lead States to coordinate a specific date and time for this meet and confer with the group.

Sincerely,

**Glenna Goldis | Assistant Attorney General**
Bureau of Consumer Frauds and Protection
New York State Office of the Attorney General
28 Liberty Street, 20th Floor | New York, New York 10005
646-856-3697 | glenna.goldis@ag.ny.gov

**IMPORTANT NOTICE:** This e-mail, including any attachments, may be confidential, privileged or otherwise legally protected. It is intended only for the addressee. If you received this e-mail in error or from someone who was not authorized to send it to you, do not disseminate, copy or otherwise use this e-mail or its attachments. Please notify the sender immediately by reply e-mail and delete the e-mail from your system.

| | |
|---|---|
| **From:** | Lindblad, Christopher |
| **To:** | scabezas@tlgdc.com; nende@tlgdc.com; gtaylor@telecomlawattorney.com |
| **Cc:** | Alm, Elin S.; Alyse.Meislik@azag.gov; douglas.swetnam@atg.in.gov; Dylan.Jones@azag.gov; erin.leahy@ohioago.gov; Laura.Dilweg@azag.gov; Nayer, Tracy; Sarah.Pelton@azag.gov; Sparko, Rochelle; Thomas.Martindale@atg.in.gov |
| **Subject:** | North Dakota: Confirming Receipt of a Notice for a 30(b)(6) Deposition |
| **Date:** | Friday, April 25, 2025 12:19:32 PM |

Counsel:

I write to confirm that Elin Alm and I, on behalf of the State of North Dakota ex rel. Drew H. Wrigley, Attorney General, have received a notice from Defendants for a 30(b)(6) deposition in *State of Arizona, et al. v. Michael Lansky, dba Avid Telecom, et al.*, No. 4:23-cv-00233-TUC-CKJ (D. Ariz. 2023). Ms. Alm is copied on this email.

Without conceding that 30(b)(6) depositions are ever appropriate in a law enforcement action like this, the North Dakota Office of Attorney General Consumer Protection and Antitrust Division ("Division") requests an opportunity to meet and confer as we seek to narrow the scope of the topics listed in the notice. We are primarily concerned that many of the topics seek for the Division to disclose either the investigation it conducted that formed the basis for its complaint (e.g., attorney work product) or the discussions we had with other law enforcement agencies, which are privileged. Plaintiff States have previously raised similar objections, which remain unaddressed. These objections were specifically articulated in Plaintiff States' Responses to Defendants' First Request for Production of Documents, see, e.g., responses to Requests 46 and 49.

If an agreement is reached on topics of testimony that are relevant and do not require the Division to either provide work product or divulge privilege communications, we will offer a witness who can appear and provide testimony.

As this is a multistate case, we are working collaboratively with other states and have designated the Offices of Attorney General for Arizona, Indiana, Ohio and North Carolina to act as the Lead States in this matter. For the sake of administrative efficiency, we have asked counsel for the Lead States, who are copied on this email, to assist in coordinating a meet and confer with you for all states bringing state claims to which you issued a similar notice. Please work with the Lead States to coordinate a specific date and time for this meet and confer with the group.

Thank you,


Christopher G. Lindblad
Assistant Attorney General
Consumer Protection & Antitrust Division
Office of Attorney General
1720 Burlington Drive, Suite C
Bismarck, ND 58504-7736
Telephone: (701) 328-5570
Fax: (701) 328-5568
clindblad@nd.gov
www.attorneygeneral.nd.gov

**Confidentiality Notice**: This electronic mail transmission is intended for the use of the individual or entity to which it is addressed and may contain confidential information belonging to the sender.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited.  If you have received this transmission In error, please notify the sender immediately by e-mail and delete the original message.

| From: | Martindale, Thomas L |
|---|---|
| To: | Neil Ende; Greg Taylor |
| Cc: | Nayer, Tracy; Meislik, Alyse; Swetnam, Douglas; Jones, Dylan; Dilweg, Laura; Pelton, Sarah; Sparko, Rochelle; Erin Leahy; Silsa Cabezas |
| Subject: | RE: AZ v Avid Telecom -Deposition Notice - 30b6 - State of Indiana (4-22-25) |
| Date: | Friday, April 25, 2025 1:03:07 PM |

Neil and Greg,

We confirm the State of Indiana received a notice from Defendants for a 30(b)(6) deposition in *State of Arizona, et al. v. Michael Lansky, dba Avid Telecom, et al.*, No. 4:23-cv-00233-TUC-CKJ (D. Ariz. 2023).

Without conceding that 30(b)(6) depositions are ever appropriate in a law enforcement action like this, we request an opportunity to meet and confer as we seek to narrow the scope of the topics listed in the notice.  We are concerned that the bulk of the topics seek my agency to disclose either the investigation it conducted that formed the basis for its complaint (e.g., attorney work product), or the discussions we had within our own agencies or with other law enforcement agencies, which are privileged.  We have previously raised similar objections that have not yet been addressed in Plaintiffs' responses to Defendants' First Request for Production of Documents (specifically in our responses to Requests 46 and 49).  If an agreement is reached on topics of testimony that are relevant and do not require my agency to either provide work product or divulge privileged communications, we will offer a witness who can appear and provide testimony.

Because this is a multistate case in which we are working collaboratively with other states who have appointed the Offices of the Attorney General for Arizona, North Carolina, Ohio, and our office as the Lead States in this matter, for administrative ease, please reply to the Leads copied on this email to let us know specific dates and times where you would be available for a meet and confer with the Lead and all states bringing state claims to which you issued a similar notice.

Thank you, Tom

**Thomas Martindale**
Deputy Attorney General
Data Privacy & Identity Theft Unit
Consumer Protection Division
Office of Attorney General Todd Rokita

302 West Washington Street, IGCS 5th Floor
Indianapolis, IN 46204
p: (317)232-7751 |f: (317)232-7979
thomas.martindale@atg.in.gov

**From:** Silsa Cabezas <scabezas@tlgdc.com>
**Sent:** Tuesday, April 22, 2025 5:10 PM
**To:** douclas.swetnam@atg.in.gov; Martindale, Thomas L <Thomas.Martindale@atg.in.gov>
**Cc:** Nayer, Tracy <Tnayer@ncdoj.gov>; Meislik, Alyse <Alyse.Meislik@azag.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Dilweg, Laura

<ldilweg@azag.gov>; Michel Singer Nelson <michel.singernelson@coag.gov>; Pelton, Sarah
<Sarah.Pelton@azag.gov>; Sparko, Rochelle <rsparko@ncdoj.gov>; Martindale, Thomas L
<Thomas.Martindale@atg.in.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Neil Ende
<nende@tlgdc.com>; Greg Taylor <gtaylor@telecomlawattorney.com>
**Subject:** AZ v Avid Telecom -Deposition Notice - 30b6 - State of Indiana (4-22-25)

**EXTERNAL EMAIL:** This email was sent from outside your organization. Exercise caution when clicking
links, opening attachments or taking further action, before validating its authenticity.

Please see attached 30 (b)(6) deposition notice.

Please confirm receipt by return email. We ask that you designate and provide the
name of a witness with knowledge, to testify on behalf of the State/Commonwealth as
soon as possible and that you provide dates of availability in May and June.

Thank you.


TECHNOLOGY LAW GROUP
202.895.1707 (Office)
202.478.5074 (Facsimile)
scabezas@tlgdc.com

ATTORNEY-CLIENT PRIVILEGE/CONFIDENTIALITY NOTICE:  This message and any attachments may contain
confidential information and may be ATTORNEY CLIENT PRIVILEGED AND/OR constitute ATTORNEY WORK PRODUCT
and should not be shared with third parties.  This message is for use by the intended recipient(s) only. If you have
received this email in error, do not read the contents and do not share with any third party.  Please notify the
sender of the erroneous delivery immediately by reply email and promptly delete this message and all attachments
from your system.

| | |
|---|---|
| **From:** | Pelton, Sarah |
| **To:** | Neil Ende; Greg Taylor; "scabezas@tlgdc.com" |
| **Cc:** | Nayer, Tracy; Meislik, Alyse; douglas.swetnam@atg.in.gov; Jones, Dylan; Dilweg, Laura; Sparko, Rochelle; thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov |
| **Subject:** | RE: AZ v Avid Telecom -Deposition Notice - 30b6 - State of Arizona (4-22-25) |
| **Date:** | Friday, April 25, 2025 1:17:31 PM |
| **Attachments:** | image001.png |
| **Importance:** | High |

Neil and Greg,

We confirm the State of Arizona received a notice from Defendants for a 30(b)(6) deposition in *State of Arizona, et al. v. Michael Lansky, dba Avid Telecom, et al.*, No. 4:23-cv-00233-TUC-CKJ (D. Ariz. 2023).

Without conceding that 30(b)(6) depositions are ever appropriate in a law enforcement action like this, we request an opportunity to meet and confer as we seek to narrow the scope of the topics listed in the notice. We are concerned that the bulk of the topics seek my agency to disclose either the investigation it conducted that formed the basis for its complaint (e.g., attorney work product), or the discussions we had within our own agencies or with other law enforcement agencies, which are privileged. We have previously raised similar objections that have not yet been addressed in Plaintiffs' responses to Defendants' First Request for Production of Documents (specifically in our responses to Requests 46 and 49). If an agreement is reached on topics of testimony that are relevant and do not require my agency to either provide work product or divulge privileged communications, we will offer a witness who can appear and provide testimony.

Because this is a multistate case in which we are working collaboratively with other states who have appointed the Offices of the Attorney General for Indiana, Ohio, North Carolina, and our office as the Lead States in this matter, for administrative ease, please reply to the Leads copied on this email to let us know specific dates and times where you would be available for a meet and confer with the Lead and all states bringing state claims to which you issued a similar notice.

Thanks,
Sarah

**Sarah Pelton**
Assistant Attorney General
Antitrust & Privacy Unit



Arizona Attorney General Kris Mayes
2005 N. Central Ave.
Phoenix, AZ 85004
Desk: (602) 542-8018
Sarah.Pelton@azag.gov
http://www.azag.gov

**From:** Silsa Cabezas <scabezas@tlgdc.com>
**Sent:** Tuesday, April 22, 2025 1:38 PM
**To:** Consumer <Consumer@azag.gov>; Meislik, Alyse <Alyse.Meislik@azag.gov>; Jones, Dylan

<Dylan.Jones@azag.gov>; Dilweg, Laura <Laura.Dilweg@azag.gov>; Pelton, Sarah
<Sarah.Pelton@azag.gov>
**Cc:** tnayer@ncdoj.gov; Meislik, Alyse <Alyse.Meislik@azag.gov>; douglas.swetnam@atg.in.gov;
Jones, Dylan <Dylan.Jones@azag.gov>; Dilweg, Laura <Laura.Dilweg@azag.gov>;
michel.singernelson@coag.gov; Pelton, Sarah <Sarah.Pelton@azag.gov>; rsparko@ncdoj.gov;
thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov; Neil Ende <nende@tlgdc.com>; Greg
Taylor <gtaylor@telecomlawattorney.com>
**Subject:** AZ v Avid Telecom -Deposition Notice - 30b6 - State of Arizona (4-22-25)

Please see attached 30 (b)(6) deposition notice.

Please confirm receipt by return email. We ask that you designate and provide the name of a
witness with knowledge, to testify on behalf of the State/Commonwealth as soon as possible
and that you provide dates of availability in May and June.

Thank you.

TECHNOLOGY LAW GROUP
202.895.1707 (Office)
202.478.5074 (Facsimile)
scabezas@tlgdc.com

ATTORNEY-CLIENT PRIVILEGE/CONFIDENTIALITY NOTICE:  This message and any attachments may contain
confidential information and may be ATTORNEY CLIENT PRIVILEGED AND/OR constitute ATTORNEY WORK PRODUCT
and should not be shared with third parties.  This message is for use by the intended recipient(s) only. If you have
received this email in error, do not read the contents and do not share with any third party.  Please notify the
sender of the erroneous delivery immediately by reply email and promptly delete this message and all attachments
from your system.

| From: | Miles Vaughn |
|---|---|
| To: | Silsa Cabezas; Henry.johnson@myfloridalegal.com; Sean Saval; Michael Roland; nende@tlgdc.com; gtaylor@tlgdc.com |
| Cc: | Nayer, Tracy; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; sarah.pelton@azag.gov; Sparko, Rochelle; thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov |
| Subject: | RE: AZ v Avid Telecom -Deposition Notice - 30b6 - State of Florida (4-22-25) |
| Date: | Friday, April 25, 2025 12:43:37 PM |
| Attachments: | image001.png |

We confirm the Florida Office of Attorney General, Department of Legal Affairs received a notice from Defendants for a 30(b)(6) deposition in *State of Arizona, et al. v. Michael Lansky, dba Avid Telecom, et al.*, No. 4:23-cv-00233-TUC-CKJ (D. Ariz. 2023).

Without conceding that 30(b)(6) depositions are ever appropriate in a law enforcement action like this, we request an opportunity to meet and confer as we seek to narrow the scope of the topics listed in the notice. We are concerned that the bulk of the topics seek my agency to disclose either the investigation it conducted that formed the basis for its complaint (e.g., attorney work product), or the discussions we had within our own agencies or with other law enforcement agencies, which are privileged. We have previously raised similar objections that have not yet been addressed in Plaintiffs' responses to Defendants' First Request for Production of Documents (specifically in our responses to Requests 46 and 49). If an agreement is reached on topics of testimony that are relevant and do not require my agency to either provide work product or divulge privileged communications, we will offer a witness who can appear and provide testimony.

Because this is a multistate case in which we are working collaboratively with other states and have appointed the Offices of the Attorney General for Arizona, Indiana, Ohio, and North Carolina to act as the Lead States in this matter, for administrative ease, we have asked counsel for the Lead States, who are copied on this email, to assist in coordinating a meet and confer with you for all states bringing state claims to which you issued a similar notice. Please work with the Lead States to coordinate a specific date and time for this meet and confer with the group.

Thank you,



Miles Vaughn
*Senior Assistant Attorney General, CIPP/E, CIPP/US*
*Consumer Protection Division-Cyber Fraud Unit*
OFFICE OF ATTORNEY GENERAL JAMES UTHMEIER
Tel.: (813) 287-7950
Fax: (813) 281-5515
Miles.Vaughn@myfloridalegal.com

*Florida has a broad public records law. All correspondence to and from me may be subject to public disclosure.*

**From:** Silsa Cabezas <scabezas@tlgdc.com>

**Sent:** Tuesday, April 22, 2025 4:49 PM
**To:** patrick.crotty@myfloridalegal.com; Miles Vaughn <Miles.Vaughn@myfloridalegal.com>
**Cc:** tnayer@ncdoj.gov; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; rsparko@ncdoj.gov; thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov; Neil Ende <nende@tlgdc.com>; Greg Taylor <gtaylor@telecomlawattorney.com>
**Subject:** AZ v Avid Telecom -Deposition Notice - 30b6 - State of Florida (4-22-25)

Please see attached 30 (b)(6) deposition notice.

Please confirm receipt by return email. We ask that you designate and provide the name of a witness with knowledge, to testify on behalf of the State/Commonwealth as soon as possible and that you provide dates of availability in May and June.

Thank you.


TECHNOLOGY LAW GROUP
202.895.1707 (Office)
202.478.5074 (Facsimile)
scabezas@tlgdc.com

ATTORNEY-CLIENT PRIVILEGE/CONFIDENTIALITY NOTICE:  This message and any attachments may contain confidential information and may be ATTORNEY CLIENT PRIVILEGED AND/OR constitute ATTORNEY WORK PRODUCT and should not be shared with third parties.  This message is for use by the intended recipient(s) only. If you have received this email in error, do not read the contents and do not share with any third party.  Please notify the sender of the erroneous delivery immediately by reply email and promptly delete this message and all attachments from your system.

| From: | Ziperman, Philip |
|---|---|
| To: | Silsa Cabezas; nende@tlgdc.com; gtaylor@tlgdc.com |
| Cc: | Nayer, Tracy; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; sarah.pelton@azag.gov; Sparko, Rochelle; thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov |
| Subject: | RE: AZ v Avid Telecom -Deposition Notice - 30b6 - State of Maryland (4-22-25) |
| Date: | Monday, April 28, 2025 10:48:45 AM |

Resending email below because there was an error I introduced into in Mr. Taylor's email address.



**Philip Ziperman**
*Assistant Attorney General*
*Deputy Chief*
**Office of the Attorney General**
Consumer Protection Division
200 Saint Paul Place
Baltimore, Maryland 21202
p: 410-576-6417
**pziperman@oag.state.md.us**
**www.marylandattorneygeneral.gov**

The information contained in this communication (including any attachments) may be confidential and legally privileged. This email may not serve as a contractual agreement unless explicit written agreement for this purpose has been made. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication or any of its contents is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender indicating that it was received in error and delete the original message and any copy of it from your computer system.

**From:** Ziperman, Philip
**Sent:** Monday, April 28, 2025 10:04 AM
**To:** Silsa Cabezas <scabezas@tlgdc.com>; nende@tlgdc.com; gtaylor@tlgdc.vom
**Cc:** tnayer@ncdoj.gov; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; sarah.pelton@azag.gov; rsparko@ncdoj.gov; thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov
**Subject:** RE: AZ v Avid Telecom -Deposition Notice - 30b6 - State of Maryland (4-22-25)

Counsel – We have received the Notice issued by your office and have a number of concerns.

Without conceding that 30(b)(6) depositions are ever appropriate in a law enforcement action like this, we request an opportunity to meet and confer as we seek to narrow the scope of the topics listed in the notice.  We are concerned that the bulk of the topics seek my agency to disclose either the investigation it conducted that formed the basis for its complaint (e.g., attorney work product), or the discussions we had within our own agencies or with other law enforcement agencies, which are privileged.  We have previously raised similar objections that have not yet been addressed in Plaintiffs' responses to Defendants' First Request for Production of Documents (specifically in our responses to Requests 46 and 49).  If an agreement is reached on topics of testimony that are relevant and do not require my agency to either provide work product or divulge privileged communications, we will offer a witness who can appear and provide testimony. Without limiting either of the first two objections, any designee in this case will likely be counsel as there are not other

members of this office that have worked on this matter. We point this out so that you may consider it when we meet to discuss the notice and the appropriateness of the topics designated therein.

Because this is a multistate case in which we are working collaboratively with other states and have appointed the Offices of the Attorney General for Arizona, Indiana, Ohio, and North Carolina to act as the Lead States in this matter, for administrative ease, we have asked counsel for the Lead States, who are copied on this email, to assist in coordinating a meet and confer with you for all states bringing state claims to which you issued a similar notice.  Please work with the Lead States to coordinate a specific date and time for this meet and confer with the group.

Thank you for your attention to this matter.



**Philip Ziperman**
*Assistant Attorney General*
*Deputy Chief*
**Office of the Attorney General**
Consumer Protection Division
200 Saint Paul Place
Baltimore, Maryland 21202
p: 410-576-6417
**pziperman@oag.state.md.us**
**www.marylandattorneygeneral.gov**

The information contained in this communication (including any attachments) may be confidential and legally privileged. This email may not serve as a contractual agreement unless explicit written agreement for this purpose has been made. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication or any of its contents is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender indicating that it was received in error and delete the original message and any copy of it from your computer system.

**From:** Silsa Cabezas <scabezas@tlgdc.com>
**Sent:** Tuesday, April 22, 2025 5:22 PM
**To:** Ziperman, Philip <pziperman@oag.state.md.us>
**Cc:** tnayer@ncdoj.gov; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; rsparko@ncdoj.gov; thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov; Neil Ende <nende@tlgdc.com>; Greg Taylor <gtaylor@telecomlawattorney.com>
**Subject:** AZ v Avid Telecom -Deposition Notice - 30b6 - State of Maryland (4-22-25)

You don't often get email from scabezas@tlgdc.com. Learn why this is important

Please see attached 30 (b)(6) deposition notice.

Please confirm receipt by return email. We ask that you designate and provide the name of a witness with knowledge, to testify on behalf of the State/Commonwealth as soon as possible and that you provide dates of availability in May and June.

Thank you.

TECHNOLOGY LAW GROUP
202.895.1707 (Office)
202.478.5074 (Facsimile)
scabezas@tlgdc.com

ATTORNEY-CLIENT PRIVILEGE/CONFIDENTIALITY NOTICE:  This message and any attachments may contain confidential information and may be ATTORNEY CLIENT PRIVILEGED AND/OR constitute ATTORNEY WORK PRODUCT and should not be shared with third parties.  This message is for use by the intended recipient(s) only. If you have received this email in error, do not read the contents and do not share with any third party.  Please notify the sender of the erroneous delivery immediately by reply email and promptly delete this message and all attachments from your system.

| From: | Myszkowski, Gregory A. |
|---|---|
| To: | Silsa Cabezas |
| Cc: | Nayer, Tracy; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; Sparko, Rochelle; thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov; Neil Ende; Greg Taylor; Beilin, Lewis W.; Rossman, Lisa K. |
| Subject: | RE: AZ v Avid Telecom -Deposition Notice - 30b6 - State of Wisconsin (4-22-25) |
| Date: | Friday, April 25, 2025 5:05:37 PM |
| Attachments: | image001.png |

We confirm the State of Wisconsin received a notice from Defendants for a 30(b)(6) deposition in *State of Arizona, et al. v. Michael Lansky, dba Avid Telecom, et al.*, No. 4:23-cv-00233-TUC-CKJ (D. Ariz. 2023).

Without conceding that 30(b)(6) depositions are ever appropriate in a law enforcement action like this, we request an opportunity to meet and confer as we seek to narrow the scope of the topics listed in the notice. We are concerned that the bulk of the topics seek my agency to disclose either the investigation it conducted that formed the basis for its complaint (e.g., attorney work product), or the discussions we had within our own agencies or with other law enforcement agencies, which are privileged. We have previously raised similar objections that have not yet been addressed in Plaintiffs' responses to Defendants' First Request for Production of Documents (specifically in our responses to Requests 46 and 49). If an agreement is reached on topics of testimony that are relevant and do not require my agency to either provide work product or divulge privileged communications, we will offer a witness who can appear and provide testimony.

Because this is a multistate case in which we are working collaboratively with other states and have appointed the Offices of the Attorney General for Arizona, Indiana, Ohio, and North Carolina to act as the Lead States in this matter, for administrative ease, we have asked counsel for the Lead States, who are copied on this email, to assist in coordinating a meet and confer with you for all states bringing state claims to which you issued a similar notice. Please work with the Lead States to coordinate a specific date and time for this meet and confer with the group.

Sincerely,
Greg Myszkowski




**Gregory A. Myszkowski CIPP/US, CIPT**
**Assistant Attorney General**
State of Wisconsin Department of Justice
Division of Legal Services
17 West Main Street
P.O. Box 7857
Madison, WI  53707-7857
myszkowskiga@doj.state.wi.us
Phone: (608) 266-7656

PLEASE NOTE: While government records are generally subject to disclosure pursuant to the public records law, this email, including any attachments, may contain confidential and/or privileged information exempt from public disclosure. If you are not the intended recipient or believe that you received this email in error, please notify the sender immediately.

**From:** Silsa Cabezas <scabezas@tlgdc.com>
**Sent:** Tuesday, April 22, 2025 3:33 PM
**To:** Myszkowski, Gregory A. <Gregory.Myszkowski@wisdoj.gov>
**Cc:** tnayer@ncdoj.gov; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; rsparko@ncdoj.gov; thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov; Neil Ende <nende@tlgdc.com>; Greg Taylor <gtaylor@telecomlawattorney.com>
**Subject:** AZ v Avid Telecom -Deposition Notice - 30b6 - State of Wisconsin (4-22-25)

**EXTERNAL EMAIL:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Please see attached 30 (b)(6) deposition notice.

Please confirm receipt by return email. We ask that you designate and provide the name of a witness with knowledge, to testify on behalf of the State/Commonwealth as soon as possible and that you provide dates of availability in May and June.

Thank you.


TECHNOLOGY LAW GROUP
202.895.1707 (Office)
202.478.5074 (Facsimile)
scabezas@tlgdc.com

ATTORNEY-CLIENT PRIVILEGE/CONFIDENTIALITY NOTICE:  This message and any attachments may contain confidential information and may be ATTORNEY CLIENT PRIVILEGED AND/OR constitute ATTORNEY WORK PRODUCT and should not be shared with third parties.  This message is for use by the intended recipient(s) only. If you have received this email in error, do not read the contents and do not share with any third party.  Please notify the sender of the erroneous delivery immediately by reply email and promptly delete this message and all attachments from your system.

| | |
|---|---|
| **From:** | Nayer, Tracy |
| **To:** | Neil Ende; Greg Taylor |
| **Cc:** | Alyse Meislik (AZ AG) (Alyse.Meislik@azag.gov); Douglas Swetnam (IN AG) (douglas.swetnam@atg.in.gov); Dylan Jones (AZ AG) (Dylan.Jones@azag.gov); Erin Leahy (OH AG) (erin.leahy@ohioago.gov); Laura Dilweg (AZ AG) (Laura.Dilweg@azag.gov); Sarah Pelton (AZ AG) (Sarah.Pelton@azag.gov); Sparko, Rochelle; Thomas Martindale (IN AG) (Thomas.Martindale@atg.in.gov); Silsa Cabezas |
| **Subject:** | RE: AZ v Avid Telecom -Deposition Notice - State of North Carolina (4-22-25) |
| **Date:** | Friday, April 25, 2025 1:00:02 PM |
| **Attachments:** | image001.png |

Neil and Greg,

We confirm the State of North Carolina received a notice from Defendants for a 30(b)(6) deposition in *State of Arizona, et al. v. Michael Lansky, dba Avid Telecom, et al.*, No. 4:23-cv-00233-TUC-CKJ (D. Ariz. 2023).

Without conceding that 30(b)(6) depositions are ever appropriate in a law enforcement action like this, we request an opportunity to meet and confer as we seek to narrow the scope of the topics listed in the notice.  We are concerned that the bulk of the topics seek my agency to disclose either the investigation it conducted that formed the basis for its complaint (e.g., attorney work product), or the discussions we had within our own agency or with other law enforcement agencies, which are privileged.  We have previously raised similar objections that have not yet been addressed in Plaintiffs' responses to Defendants' First Request for Production of Documents (specifically in our responses to Requests 46 and 49).  If an agreement is reached on topics of testimony that are relevant and do not require my agency to either provide work product or divulge privileged communications, we will offer a witness who can appear and provide testimony.

Because this is a multistate case in which we are working collaboratively with other states who have appointed the Offices of the Attorney General for Arizona, Indiana, Ohio, and our office as the Lead States in this matter, for administrative ease, please reply to the Leads copied on this email to let us know specific dates and times where you would be available for a meet and confer with the Lead States and all states bringing state claims to which you issued a similar notice.

Have a great weekend,
Tracy



**Tracy Nayer**
Special Deputy Attorney General
Consumer Protection Division
North Carolina Department of Justice
(919) 716-6581
tnayer@ncdoj.gov
Post Office Box 629, Raleigh, NC 27602
114 West Edenton Street, Raleigh, NC 27603
https://ncdoj.gov/

Please note messages to or from this address may be public records.

**From:** Silsa Cabezas <scabezas@tlgdc.com>
**Sent:** Tuesday, April 22, 2025 5:47 PM
**To:** Nayer, Tracy <Tnayer@ncdoj.gov>; Sparko, Rochelle <rsparko@NCDOJ.GOV>
**Cc:** Nayer, Tracy <Tnayer@ncdoj.gov>; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov;
dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov;
Sparko, Rochelle <rsparko@NCDOJ.GOV>; thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov;
Neil Ende <nende@tlgdc.com>; Greg Taylor <gtaylor@telecomlawattorney.com>
**Subject:** AZ v Avid Telecom -Deposition Notice - State of North Carolina (4-22-25)

Please see attached 30 (b)(6) deposition notice.

Please confirm receipt by return email. We ask that you designate and provide the name
of a witness with knowledge, to testify on behalf of the State/Commonwealth as soon as
possible and that you provide dates of availability in May and June.

Thank you.


TECHNOLOGY LAW GROUP
202.895.1707 (Office)
202.478.5074 (Facsimile)
scabezas@tlgdc.com

ATTORNEY-CLIENT PRIVILEGE/CONFIDENTIALITY NOTICE:  This message and any attachments may contain confidential
information and may be ATTORNEY CLIENT PRIVILEGED AND/OR constitute ATTORNEY WORK PRODUCT and should not
be shared with third parties.  This message is for use by the intended recipient(s) only. If you have received this email in
error, do not read the contents and do not share with any third party.  Please notify the sender of the erroneous delivery
immediately by reply email and promptly delete this message and all attachments from your system.

| From: | Erin Leahy |
|---|---|
| To: | Neil Ende; Greg Taylor; Silsa Cabezas |
| Cc: | Nayer, Tracy; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; sarah.pelton@azag.gov; Sparko, Rochelle; thomas.martindale@atg.in.gov |
| Subject: | RE: AZ v Avid Telecom -Deposition Notice - State of North Ohio (4-22-25) |
| Date: | Friday, April 25, 2025 1:05:17 PM |
| Attachments: | image001.png |
| Importance: | High |

Neil and Greg:

We confirm the State of Ohio received Defendants' Notice for a 30(b)(6) deposition in *State of Arizona, et al. v. Michael Lansky, dba Avid Telecom, et al.*, No. 4:23-cv-00233-TUC-CKJ (D. Ariz. 2023).

Without conceding that 30(b)(6) depositions are ever appropriate in a law enforcement action like this, we request an opportunity to meet and confer as we seek to narrow the scope of the topics listed in the notice. We are concerned that the bulk of the topics seek my office to disclose either the investigation it conducted that formed the basis for its complaint (e.g., attorney work product), or the discussions we had within our own office or with other law enforcement agencies, which are privileged. We have previously raised similar objections that have not yet been addressed in Plaintiffs' Responses to Defendants' First Request for Production of Documents (specifically in our responses to Requests 46 and 49). If an agreement is reached on topics of testimony that are relevant and do not require my agency to either provide work product or divulge privileged communications, we will offer a witness who can appear and provide testimony.

Because this is a multistate case in which we are working collaboratively with other states who have appointed the Offices of the Attorney General for Arizona, Indiana, North Caroline, and our office as the Lead States in this matter, for administrative ease, please reply to the Leads copied on this email to let us know specific dates and times when you would be available for a meet and confer with the Lead and all states bringing state claims to which you issued a similar notice.

Sincerely,



Erin B. Leahy
Senior Assistant Attorney General
Consumer Protection Section
Office of Ohio Attorney General Dave Yost

30 East Broad St., 14th Floor
Columbus, Ohio 43215

Office number: 614-752-4730
Erin.Leahy@OhioAGO.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the

message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

**From:** Silsa Cabezas <scabezas@tlgdc.com>
**Sent:** Tuesday, April 22, 2025 5:52 PM
**To:** Erin Leahy <erin.leahy@OhioAGO.gov>
**Cc:** tnayer@ncdoj.gov; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; rsparko@ncdoj.gov; thomas.martindale@atg.in.gov; Erin Leahy <erin.leahy@OhioAGO.gov>; Neil Ende <nende@tlgdc.com>; Greg Taylor <gtaylor@telecomlawattorney.com>
**Subject:** AZ v Avid Telecom -Deposition Notice - State of North Ohio (4-22-25)

You don't often get email from scabezas@tlgdc.com. Learn why this is important

Please see attached 30 (b)(6) deposition notice.

Please confirm receipt by return email. We ask that you designate and provide the name of a witness with knowledge, to testify on behalf of the State/Commonwealth as soon as possible and that you provide dates of availability in May and June.

Thank you.

TECHNOLOGY LAW GROUP
202.895.1707 (Office)
202.478.5074 (Facsimile)
scabezas@tlgdc.com

ATTORNEY-CLIENT PRIVILEGE/CONFIDENTIALITY NOTICE: This message and any attachments may contain confidential information and may be ATTORNEY CLIENT PRIVILEGED AND/OR constitute ATTORNEY WORK PRODUCT and should not be shared with third parties. This message is for use by the intended recipient(s) only. If you have received this email in error, do not read the contents and do not share with any third party. Please notify the sender of the erroneous delivery immediately by reply email and promptly delete this message and all attachments from your system.

| From: | Kory, Alexandra (ATG) |
|---|---|
| To: | Silsa Cabezas |
| Cc: | Nayer, Tracy; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; sarah.pelton@azag.gov; Sparko, Rochelle; thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov; Neil Ende; Greg Taylor; Shahin, Mina (ATG) |
| Subject: | RE: AZ v Avid Telecom -Deposition Notice - State of Washington (4-22-25) |
| Date: | Friday, April 25, 2025 5:18:31 PM |

Good afternoon:

We confirm the Washington State Office of the Attorney General received a notice from Defendants for a 30(b)(6) deposition in *State of Arizona, et al. v. Michael Lansky, dba Avid Telecom, et al.*, No. 4:23-cv-00233-TUC-CKJ (D. Ariz. 2023).

Without conceding that 30(b)(6) depositions are ever appropriate in a law enforcement action like this, we request an opportunity to meet and confer as we seek to narrow the scope of the topics listed in the notice. We are concerned that the bulk of the topics seek my office to disclose either the investigation it conducted that formed the basis for its complaint (e.g., attorney work product), or the discussions we had within our own or other law enforcement agencies, which are privileged. We have previously raised similar objections that have not yet been addressed in Plaintiffs' responses to Defendants' First Request for Production of Documents (specifically in our responses to Requests 46 and 49). If an agreement is reached on topics of testimony that are relevant and do not require my office to either provide work product or divulge privileged communications, we will offer a witness who can appear and provide testimony.

Because this is a multistate case in which we are working collaboratively with other states and have appointed the Offices of the Attorney General for Arizona, Indiana, Ohio, and North Carolina to act as the Lead States in this matter, for administrative ease, we have asked counsel for the Lead States, who are copied on this email, to assist in coordinating a meet and confer with you for all states bringing state claims to which you issued a similar notice. Please work with the Lead States to coordinate a specific date and time for this meet and confer with the group.

Thank you,


**Alex Kory** | Assistant Attorney General | she/her
Consumer Protection Division | Office of the Attorney General
800 Fifth Avenue, Suite 2000 | Seattle, WA 98104
206.516.2997 Direct | 206.464.6684 Main | 206.389.2800 Fax

The material contained herein may be subject to the attorney/client or work product privilege.

**From:** Silsa Cabezas <scabezas@tlgdc.com>
**Sent:** Tuesday, April 22, 2025 3:08 PM
**To:** Kory, Alexandra (ATG) <alexandra.kory@atg.wa.gov>; Shahin, Mina (ATG)
<mina.shahin@atg.wa.gov>
**Cc:** tnayer@ncdoj.gov; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov;
dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov;
sarah.pelton@azag.gov; rsparko@ncdoj.gov; thomas.martindale@atg.in.gov;
Erin.Leahy@OhioAGO.gov; Neil Ende <nende@tlgdc.com>; Greg Taylor
<gtaylor@telecomlawattorney.com>
**Subject:** AZ v Avid Telecom -Deposition Notice - State of Washington (4-22-25)

[EXTERNAL]

Please see attached 30 (b)(6) deposition notice.

Please confirm receipt by return email. We ask that you designate and provide the
name of a witness with knowledge, to testify on behalf of the State/Commonwealth as
soon as possible and that you provide dates of availability in May and June.

Thank you.

TECHNOLOGY LAW GROUP
202.895.1707 (Office)
202.478.5074 (Facsimile)
scabezas@tlgdc.com

ATTORNEY-CLIENT PRIVILEGE/CONFIDENTIALITY NOTICE:  This message and any attachments may contain
confidential information and may be ATTORNEY CLIENT PRIVILEGED AND/OR constitute ATTORNEY WORK PRODUCT
and should not be shared with third parties.  This message is for use by the intended recipient(s) only. If you have
received this email in error, do not read the contents and do not share with any third party.  Please notify the
sender of the erroneous delivery immediately by reply email and promptly delete this message and all attachments
from your system.

| From: | Rosailda Perez |
|-------|----------------|
| To: | Silsa Cabezas; Neil Ende; Greg Taylor |
| Cc: | Timothy Lundgren; Bernard Eskandari; Nicklas Akers; Alyse Meislik ; Swetnam, Douglas; Jones, Dylan; Erin Leahy; Laura Dilweg (AZ AG) (Laura.Dilweg@azag.gov); Nayer, Tracy; Sarah.Pelton@azag.gov; Sparko, Rochelle; Thomas Martindale (IN AG) (Thomas.Martindale@atg.in.gov) |
| Subject: | RE: Deposition Notice - 30b6 - State of California (4-22-25) |
| Date: | Friday, April 25, 2025 1:27:48 PM |

Counsel,

We confirm receipt of a notice from Defendants for a 30(b)(6) deposition in *State of Arizona, et al. v. Michael Lansky, dba Avid Telecom, et al.*, No. 4:23-cv-00233-TUC-CKJ (D. Ariz. 2023).

Without conceding that 30(b)(6) depositions are ever appropriate in a law enforcement action like this, we request an opportunity to meet and confer as we seek to narrow the scope of the topics listed in the notice. We are concerned that the bulk of the topics seek my agency to disclose either the investigation it conducted that formed the basis for its complaint (e.g., attorney work product), or the discussions we had within our own agencies or with other law enforcement agencies, which are privileged. We have previously raised similar objections that have not yet been addressed in Plaintiffs' responses to Defendants' First Request for Production of Documents (specifically in our responses to Requests 46 and 49). If an agreement is reached on topics of testimony that are relevant and do not require my agency to either provide work product or divulge privileged communications, we will offer a witness who can appear and provide testimony.

Because this is a multistate case in which we are working collaboratively with other states and have appointed the Offices of the Attorney General for Arizona, Indiana, Ohio, and North Carolina to act as the Lead States in this matter, for administrative ease, we have asked counsel for the Lead States, who are copied on this email, to assist in coordinating a meet and confer with you for all states bringing state claims to which you issued a similar notice.  Please work with the Lead States to coordinate a specific date and time for this meet and confer with the group.

Thank you,
Rosailda

**Rosailda Perez** |Deputy Attorney General
California Department of Justice
 300 S. Spring St., Suite 1702, Los Angeles, CA 90013
Tel: (213) 269-6612 | Fax: (213) 897-2802 | rosailda.perez@doj.ca.gov
Secure Filedrop: https://fx.doj.ca.gov/filedrop/~DVY6LF

---

**From:** Silsa Cabezas <scabezas@tlgdc.com>
**Sent:** Tuesday, April 22, 2025 12:47 PM
**To:** Nicklas Akers <Nicklas.Akers@doj.ca.gov>; Bernard Eskandari <Bernard.Eskandari@doj.ca.gov>; Timothy Lundgren <Timothy.Lundgren@doj.ca.gov>; Rosailda Perez <Rosailda.Perez@doj.ca.gov>; Michelle Burkart <Michelle.Burkart@doj.ca.gov>
**Cc:** tnayer@ncdoj.gov; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov;

sarah.pelton@azag.gov; rsparko@ncdoj.gov; thomas.martindale@atg.in.gov; Neil Ende
<nende@tlgdc.com>; Greg Taylor <gtaylor@telecomlawattorney.com>
**Subject:** Deposition Notice - 30b6 - State of California (4-22-25)

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Please see attached 30 (b)(6) deposition notice.

Please confirm receipt by return email. We ask that you designate and provide the name of a witness with knowledge, to testify on behalf of the State/Commonwealth as soon as possible and that you provide dates of availability in May and June.

Thank you.


TECHNOLOGY LAW GROUP
202.895.1707 (Office)
202.478.5074 (Facsimile)
scabezas@tlgdc.com

ATTORNEY-CLIENT PRIVILEGE/CONFIDENTIALITY NOTICE:  This message and any attachments may contain confidential information and may be ATTORNEY CLIENT PRIVILEGED AND/OR constitute ATTORNEY WORK PRODUCT and should not be shared with third parties.  This message is for use by the intended recipient(s) only. If you have received this email in error, do not read the contents and do not share with any third party.  Please notify the sender of the erroneous delivery immediately by reply email and promptly delete this message and all attachments from your system.



CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

| | |
|---|---|
| **From:** | Michelle C. Badorine |
| **To:** | Silsa Cabezas; nende@tlgdc.com; gtaylor@tlgdc.com |
| **Cc:** | Alyse.Meislik@azag.gov; Jones, Dylan; douglas.swetnam@atg.in.gov; Erin Leahy (Erin.Leahy@OhioAGO.gov); Dilweg, Laura; Nayer, Tracy; Sarah Pelton; Sparko, Rochelle; Thomas Martindale (IN AG; Raquel Y. Fulghum; Zzheng@ag.nv.gov |
| **Subject:** | RE: Deposition Notice - 30b6 - State of Nevada (4-22-25) |
| **Date:** | Monday, April 28, 2025 11:36:25 AM |

Good morning,

We confirm the State of Nevada received a notice from Defendants for a 30(b)(6) deposition in State of Arizona, et al. v. Michael Lansky, dba Avid Telecom, et al., No. 4:23-cv-00233-TUC-CKJ (D. Ariz. 2023).

Without conceding that 30(b)(6) depositions are ever appropriate in a law enforcement action like this, we request an opportunity to meet and confer as we seek to narrow the scope of the topics listed in the notice.  We are concerned that the bulk of the topics seek my agency to disclose either the investigation it conducted that formed the basis for its complaint (e.g., attorney work product), or the discussions we had within our own agencies or with other law enforcement agencies, which are privileged.  We have previously raised similar objections that have not yet been addressed in Plaintiffs' responses to Defendants' First Request for Production of Documents (specifically in our responses to Requests 46 and 49).  If an agreement is reached on topics of testimony that are relevant and do not require my agency to either provide work product or divulge privileged communications, we will offer a witness who can appear and provide testimony.

Because this is a multistate case in which we are working collaboratively with other states and have appointed the Offices of the Attorney General for Arizona, Indiana, Ohio, and North Carolina to act as the Lead States in this matter, for administrative ease, we have asked counsel for the Lead States, who are copied on this email, to assist in coordinating a meet and confer with you for all states bringing state claims to which you issued a similar notice.  Please work with the Lead States to coordinate a specific date and time for this meet and confer with the group.


Sincerely,


**Michelle C. Badorine**
Senior Deputy Attorney General
State of Nevada
Office of the Attorney General
Bureau of Consumer Protection
100 North Carson Street
Carson City, NV 89701-4717
Phone: (775) 684-1164
Fax: (775) 684-1299
MBadorine@ag.nv.gov

---

**From:** Silsa Cabezas <scabezas@tlgdc.com>
**Sent:** Tuesday, April 22, 2025 12:54 PM
**To:** Michelle C. Badorine <mbadorine@ag.nv.gov>
**Cc:** tnayer@ncdoj.gov; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov;

dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov;
sarah.pelton@azag.gov; rsparko@ncdoj.gov; thomas.martindale@atg.in.gov; Neil Ende
<nende@tlgdc.com>; Greg Taylor <gtaylor@telecomlawattorney.com>
**Subject:** Deposition Notice - 30b6 - State of Nevada (4-22-25)

**WARNING** - This email originated from outside the State of Nevada. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Please see attached 30 (b)(6) deposition notice.

Please confirm receipt by return email. We ask that you designate and provide the name of a witness with knowledge, to testify on behalf of the State/Commonwealth as soon as possible and that you provide dates of availability in May and June.

Thank you.

TECHNOLOGY LAW GROUP
202.895.1707 (Office)
202.478.5074 (Facsimile)
scabezas@tlgdc.com

ATTORNEY-CLIENT PRIVILEGE/CONFIDENTIALITY NOTICE:  This message and any attachments may contain confidential information and may be ATTORNEY CLIENT PRIVILEGED AND/OR constitute ATTORNEY WORK PRODUCT and should not be shared with third parties.  This message is for use by the intended recipient(s) only. If you have received this email in error, do not read the contents and do not share with any third party.  Please notify the sender of the erroneous delivery immediately by reply email and promptly delete this message and all attachments from your system.

| | |
|---|---|
| **From:** | Stephen Provazza |
| **To:** | Silsa Cabezas |
| **Cc:** | Nayer, Tracy; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; Sparko, Rochelle; thomas.martindale@atg.in.gov; Neil Ende; Greg Taylor |
| **Subject:** | RE: Deposition Notice - 30b6 - State of Rhode Island (4-22-25) |
| **Date:** | Monday, April 28, 2025 6:53:40 PM |
| **Attachments:** | image001.png<br>image003.png |

Hi Silas – I write to confirm that the Rhode Island Office of the Attorney General is in receipt of the below notice from Defendants for a 30(b)(6) deposition in *State of Arizona, et al. v. Michael Lansky, dba Avid Telecom, et al.*, No. 4:23-cv-00233-TUC-CKJ (D. Ariz. 2023).

Without waiving any rights or conceding that 30(b)(6) depositions are ever appropriate in a law enforcement action like this, we request an opportunity to meet and confer regarding the scope of the topics listed in the notice. We are concerned that the bulk of the topics seek my agency to disclose either the investigation it conducted that formed the basis for its complaint (e.g., attorney work product), or the discussions we had within our own agencies or with other law enforcement agencies, which are privileged. We have previously raised similar objections that have not yet been addressed in Plaintiffs' responses to Defendants' First Request for Production of Documents (specifically in our responses to Requests 46 and 49).

Because this is a multistate case in which we are working collaboratively with other states and have appointed the Offices of the Attorney General for Arizona, Indiana, Ohio, and North Carolina to act as the Lead States in this matter, for administrative ease, we have asked counsel for the Lead States, who are copied on this email, to assist in coordinating a meet and confer with you for all states bringing state claims to which you issued a similar notice. Please work with the Lead States to coordinate a specific date and time for this meet and confer with the group.

**Stephen N. Provazza | Unit Chief, Consumer and Economic Justice Unit**
**Public Protection Bureau, Civil Division**
The State of Rhode Island | Office of the Attorney General
150 South Main Street | Providence, RI – 02903
Office: +1 401 274 4400 | Ext: 2476
sprovazza@riag.ri.gov | www.riag.ri.gov

---

**From:** Silsa Cabezas <scabezas@tlgdc.com>
**Sent:** Tuesday, April 22, 2025 4:01 PM
**To:** Stephen Provazza <SProvazza@riag.ri.gov>
**Cc:** tnayer@ncdoj.gov; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; rsparko@ncdoj.gov; thomas.martindale@atg.in.gov; Neil Ende <nende@tlgdc.com>; Greg Taylor <gtaylor@telecomlawattorney.com>
**Subject:** Deposition Notice - 30b6 - State of Rhode Island (4-22-25)

[External email: Use caution with links and attachments]

Please see attached 30 (b)(6) deposition notice.

Please confirm receipt by return email. We ask that you designate and provide the name of a witness with knowledge, to testify on behalf of the State/Commonwealth as soon as possible and that you provide dates of availability in May and June.

Thank you.

TECHNOLOGY LAW GROUP
202.895.1707 (Office)
202.478.5074 (Facsimile)
scabezas@tlgdc.com

ATTORNEY-CLIENT PRIVILEGE/CONFIDENTIALITY NOTICE:  This message and any attachments may contain confidential information and may be ATTORNEY CLIENT PRIVILEGED AND/OR constitute ATTORNEY WORK PRODUCT and should not be shared with third parties.  This message is for use by the intended recipient(s) only. If you have received this email in error, do not read the contents and do not share with any third party.  Please notify the sender of the erroneous delivery immediately by reply email and promptly delete this message and all attachments from your system.

# Exhibit B

| | |
|---|---|
| **From:** | Schwalbert, Michael |
| **To:** | "nende@tlgdc.com"; "gtaylor@tlgdc.com" |
| **Cc:** | "erin.leahy@OhioAGO.gov"; "Alyse.Meislik@azag.gov"; "douglas.swetnam@atg.in.gov"; "Dylan.Jones@azag.gov"; "Laura.Dilweg@azag.gov"; "michel.singernelson@coag.gov"; Nayer, Tracy; "Sarah.Pelton@azag.gov"; Sparko, Rochelle; "Thomas.Martindale@atg.in.gov" |
| **Subject:** | Arizona v Avid Telecom - Response to Defs" 30(b)(6) deposition notice to Missouri |
| **Date:** | Tuesday, May 6, 2025 10:45:36 AM |

Counsel:

Pursuant to the Court's Case Management Scheduling Order, Plaintiff State of Missouri, *ex. rel.* Andrew Bailey, Attorney General objects to the notice of deposition as outside the scope of the discovery limitations set by the Court. The Order expressly limits party depositions to Defendants, the lead Plaintiff states of Arizona, Indiana, North Carolina, and Ohio, and any Plaintiff state bringing state law claims against Defendants. Because State of Missouri, *ex. rel.* Andrew Bailey, Attorney General, is neither a lead plaintiff state nor a plaintiff state bringing state law claims, it is not subject to being deposed in this action. Accordingly, State of Missouri, *ex. rel.* Andrew Bailey, Attorney General requests that you withdraw your 30(b)(6) notice of deposition.

Michael Schwalbert (MO Bar No. 63299)

Assistant Attorney General

Office of the Missouri Attorney General

815 Olive Street, Suite 200

St. Louis,. MO 63101

Phone: 314-340-6816

Fax:    314-640-7891

Michael.schwalbert@ago.mo.gov

Attorney for Plaintiff State of Missouri, ex. rel. Andrew Bailey, Attorney General

This email message, including the attachments, is from the Missouri Attorney General's Office. It is for the sole use of the intended recipient(s) and may contain confidential and privileged information, including that covered by § 32.057, RSMo. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. Thank you.

| | |
|---|---|
| **From:** | Heimlich, Philip |
| **To:** | Silsa Cabezas; nende@tlgdc.com; gtaylor@tlgdc.com |
| **Cc:** | Alyse.Meislik@azag.gov; douglas.swetnam@atg.in.gov; Dylan.Jones@azag.gov; erin.leahy@ohioago.gov; Laura.Dilweg@azag.gov; Nayer, Tracy; Sarah.Pelton@azag.gov; Sparko, Rochelle; Thomas.Martindale@atg.in.gov; Blackston, Elizabeth; Lee, Christen |
| **Subject:** | AZ v Avid Telecom -Deposition Notice - 30b6 - State of Illinois |
| **Date:** | Tuesday, April 29, 2025 2:23:05 PM |

Counsel:

Pursuant to the Court's Case Management Scheduling Order, Plaintiff State of Illinois objects to the notice of deposition as outside the scope of the discovery limitations set by the Court.  The Order expressly limits party depositions to Defendants, the lead Plaintiff states of Arizona, Indiana, North Carolina, and Ohio, and any Plaintiff state bringing state law claims against Defendants.  Because the State of Illinois is neither a lead plaintiff state nor a plaintiff state bringing state law claims, it is not subject to being deposed in this action.  Accordingly, the State of Illinois requests that you withdraw your 30(b)(6) notice of deposition. Thank you.

| | |
|---|---|
| **From:** | Stephanie Guyon |
| **To:** | nende@tlgdc.com; gtaylor@tlgdc.com |
| **Cc:** | alyse.meislik@azag.gov; Douglas Swetnam (IN AG) (douglas.swetnam@atg.in.gov); dylan.jones@azag.gov; Erin Leahy; laura.dilweg@azag.gov; Nayer, Tracy; sarah.pelton@azag.gov; Sparko, Rochelle; thomas.martindale@atg.in.gov; Tammy Wilson |
| **Subject:** | AZ v. Avid Telecom / Idaho 30(b)(6) Depo Notice |
| **Date:** | Wednesday, April 30, 2025 10:57:33 AM |
| **Attachments:** | image001.png |

Counsel:

Pursuant to the Court's Case Management Scheduling Order, Plaintiff State of Idaho objects to the notice of deposition as outside the scope of the discovery limitations set by the Court.  The Order expressly limits party depositions to Defendants, the lead Plaintiff states of Arizona, Indiana, North Carolina, and Ohio, and any Plaintiff state bringing state law claims against Defendants.  Because the State of Idaho is neither a lead plaintiff state nor a plaintiff state bringing state law claims, it is not subject to being deposed in this action. Accordingly, the State of Idaho requests that you withdraw your 30(b)(6) notice of deposition.

Thank you,



Stephanie N. Guyon | Lead Deputy Attorney General
Consumer Protection Division
Office of the Attorney General | State of Idaho
O: 208-332-3548 | W: ag.idaho.gov

**NOTICE:** This message, including any attachments, is intended only for the individual(s) or entity(ies) named above and may contain information that is confidential, privileged, attorney work product, or otherwise exempt from disclosure under applicable law. If you are not the intended recipient, please reply to the sender that you have received this transmission in error, and then please delete this email.

| From: | Wolfe, Mark W. |
|---|---|
| To: | "Silsa Cabezas" |
| Cc: | Nayer, Tracy; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; Sparko, Rochelle; thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov; Neil Ende; Greg Taylor |
| Subject: | RE: [ EXTERNAL ] AZ v Avid Telecom -Deposition Notice - 30b6 - Commonwealth of Pennsylvania (4-22-25) |
| Date: | Thursday, April 24, 2025 10:13:14 AM |
| Attachments: | image001.png |

Counsel:

Pursuant to the Court's Case Management Scheduling Order, Plaintiff the Commonwealth of Pennsylvania objects to the notice of deposition as outside the scope of the discovery limitations set by the Court. The Order expressly limits party depositions to Defendants; the lead Plaintiff states of Arizona, Indiana, North Carolina and Ohio; and any Plaintiff state bringing state law claims against Defendants. Because the Commonwealth of Pennsylvania is neither a lead Plaintiff state nor a Plaintiff state bringing state law claims, it is not subject to being deposed in this action. Accordingly, the Commonwealth of Pennsylvania requests that you withdraw your 30(b)(6) notice of deposition.

Sincerely,
Mark Wolfe

OAG generic seal



**Mark W. Wolfe**

Deputy Attorney General

Pennsylvania Office of Attorney General

Bureau of Consumer Protection

Strawberry Square | 15th Floor

Harrisburg, Pennsylvania 17120

Office (717) 787.9707 | Desk (717) 772.3558

mwolfe@attorneygeneral.gov

**From:** Silsa Cabezas [mailto:scabezas@tlgdc.com]
**Sent:** Tuesday, April 22, 2025 6:00 PM
**To:** Wolfe, Mark W.
**Cc:** tnayer@ncdoj.gov; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; rsparko@ncdoj.gov; thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov; Neil Ende; Greg Taylor
**Subject:** [ EXTERNAL ] AZ v Avid Telecom -Deposition Notice - 30b6 - Commonwealth of Pennsylvania (4-22-25)

**CAUTION:** This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Please see attached 30 (b)(6) deposition notice.

Please confirm receipt by return email. We ask that you designate and provide the name of a witness with knowledge, to testify on behalf of the State/Commonwealth as soon as possible and that you provide dates of availability in May and June.

Thank you.

TECHNOLOGY LAW GROUP
202.895.1707 (Office)
202.478.5074 (Facsimile)
scabezas@tlgdc.com

ATTORNEY-CLIENT PRIVILEGE/CONFIDENTIALITY NOTICE:  This message and any attachments may contain confidential information and may be ATTORNEY CLIENT PRIVILEGED AND/OR constitute ATTORNEY WORK PRODUCT and should not be shared with third parties.  This message is for use by the intended recipient(s) only. If you have received this email in error, do not read the contents and do not share with any third party.  Please notify the sender of the erroneous delivery immediately by reply email and promptly delete this message and all attachments from your system.

Click here to report this email as spam.

The information transmitted is intended only for the person or entity to whom it is addressed and may contain confidential and/or privileged material.  Any use of this information other than by the intended recipient is prohibited. If you receive this message in error, please send a reply e-mail to the sender and delete the material from any and all computers.  Unintended transmissions shall not constitute waiver of any applicable attorney-client or any other applicable privilege. PA-OAG

This message has been scanned for malware by Websense. www.websense.com

| From: | Flynn, Brendan |
|---|---|
| To: | Silsa Cabezas; Neil Ende; Greg Taylor |
| Cc: | Nayer, Tracy; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; Sparko, Rochelle; thomas.martindale@atg.in.gov |
| Subject: | RE: AZ v Avid Telecom - Deposition Notice - 30b6 - State of Connecticut (4-22-25) [CTAG-IM.CP.CP2301359.FID3512961] |
| Date: | Thursday, May 1, 2025 2:18:54 PM |
| Attachments: | image001.png |
| Importance: | High |

Counsel:

Pursuant to the Court's Case Management Scheduling Order, Plaintiff State of Connecticut, objects to the notice of deposition as outside the scope of the discovery limitations set by the Court. The Order expressly limits party depositions to Defendants, the lead Plaintiff states of Arizona, Indiana, North Carolina, and Ohio, and any Plaintiff state bringing state law claims against Defendants. Because State of Connecticut is neither a lead plaintiff state nor a plaintiff state bringing state law claims, it is not subject to being deposed in this action. Accordingly, the State of Connecticut requests that you withdraw your 30(b)(6) notice of deposition.



**BRENDAN T. FLYNN**
**Assistant Attorney General**

Office of the Attorney General
165 Capitol Ave, Hartford, CT 06106
Office: +1 860-808-5400 | Fax: +1 860-808-5593 | URL: https://ct.gov/ag/

Confidential Information: The information contained in this e-mail is confidential and protected from general disclosure. If the recipient or the reader of this e-mail is not the intended recipient, or person responsible to receive this e-mail, you are requested to delete this e-mail immediately and do not disseminate or distribute or copy. If you have received this e-mail by mistake, please notify us immediately by replying to the message so that we can take appropriate action immediately and see to it that this mistake is rectified.

**From:** Silsa Cabezas <scabezas@tlgdc.com>
**Sent:** Wednesday, April 23, 2025 11:39 AM
**To:** Flynn, Brendan <Brendan.Flynn@ct.gov>
**Subject:** FW: AZ v Avid Telecom - Deposition Notice - 30b6 - State of Connecticut (4-22-25)

EXTERNAL EMAIL: This email originated from outside of the organization. Do not click any links or open any attachments unless you trust the sender and know the content is safe.

Please excuse the typo in your email address, in the original email sent.

Thank you.

**From:** Silsa Cabezas
**Sent:** Tuesday, April 22, 2025 3:48 PM
**To:** brendan.flyyn@ct.gov
**Cc:** tnayer@ncdoj.gov; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; rsparko@ncdoj.gov; thomas.martindale@atg.in.gov; Neil Ende <nende@tlgdc.com>; Greg Taylor <gtaylor@telecomlawattorney.com>
**Subject:** Deposition Notice - 30b6 - State of Connecticut (4-22-25)

Please see attached 30 (b)(6) deposition notice.

Please confirm receipt by return email. We ask that you designate and provide the name of a witness with knowledge, to testify on behalf of the State/Commonwealth as soon as possible and that you provide dates of availability in May and June.

Thank you.

TECHNOLOGY LAW GROUP
202.895.1707 (Office)
202.478.5074 (Facsimile)
scabezas@tlgdc.com

ATTORNEY-CLIENT PRIVILEGE/CONFIDENTIALITY NOTICE:  This message and any attachments may contain confidential information and may be ATTORNEY CLIENT PRIVILEGED AND/OR constitute ATTORNEY WORK PRODUCT and should not be shared with third parties.  This message is for use by the intended recipient(s) only. If you have received this email in error, do not read the contents and do not share with any third party.  Please notify the sender of the erroneous delivery immediately by reply email and promptly delete this message and all attachments from your system.

| | |
|---|---|
| **From:** | Guerrero, Carol (AGO) |
| **To:** | Silsa Cabezas |
| **Cc:** | Nayer, Tracy; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; Sparko, Rochelle; thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov; Neil Ende; Greg Taylor |
| **Subject:** | RE: AZ v Avid Telecom -Deposition Notice - 30b6 - Commonwealth of Massachusetts (4-22-25) |
| **Date:** | Friday, April 25, 2025 3:03:50 PM |

Counsel:

Pursuant to the Court's Case Management Scheduling Order, Plaintiff Commonwealth of Massachusetts objects to the notice of deposition as outside the scope of the discovery limitations set by the Court. The Order expressly limits party depositions to Defendants, the lead Plaintiff states of Arizona, Indiana, North Carolina, and Ohio, and any Plaintiff state bringing state law claims against Defendants. Because the Commonwealth of Massachusetts is neither a lead plaintiff state nor a plaintiff state bringing state law claims, it is not subject to being deposed in this action. Accordingly, the Commonwealth of Massachusetts requests that you withdraw your 30(b)(6) notice of deposition.

The Commonwealth of Massachusetts reserves all rights and objections.

Respectfully,
Carol

**Carol Guerrero** (she/her)
Assistant Attorney General
Consumer Protection Division
Office of the Massachusetts Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
617-963-2783
Carol.Guerrero@mass.gov


**From:** Silsa Cabezas <scabezas@tlgdc.com>
**Sent:** Tuesday, April 22, 2025 5:25 PM
**To:** Guerrero, Carol (AGO) <Carol.Guerrero@mass.gov>
**Cc:** tnayer@ncdoj.gov; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; rsparko@ncdoj.gov; thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov; Neil Ende <nende@tlgdc.com>; Greg Taylor <gtaylor@telecomlawattorney.com>
**Subject:** AZ v Avid Telecom -Deposition Notice - 30b6 - Commonwealth of Massachusetts (4-22-25)

CAUTION: This email originated from a sender outside of the Commonwealth of Massachusetts mail system.  Do not click on links or open attachments unless you

recognize the sender and know the content is safe.

Please see attached 30 (b)(6) deposition notice.

Please confirm receipt by return email. We ask that you designate and provide the name of a witness with knowledge, to testify on behalf of the State/Commonwealth as soon as possible and that you provide dates of availability in May and June.

Thank you.

TECHNOLOGY LAW GROUP
202.895.1707 (Office)
202.478.5074 (Facsimile)
scabezas@tlgdc.com

ATTORNEY-CLIENT PRIVILEGE/CONFIDENTIALITY NOTICE:  This message and any attachments may contain confidential information and may be ATTORNEY CLIENT PRIVILEGED AND/OR constitute ATTORNEY WORK PRODUCT and should not be shared with third parties.  This message is for use by the intended recipient(s) only. If you have received this email in error, do not read the contents and do not share with any third party.  Please notify the sender of the erroneous delivery immediately by reply email and promptly delete this message and all attachments from your system.

| | |
|---|---|
| **From:** | Teitelbaum, Adam (OAG) |
| **To:** | Silsa Cabezas |
| **Cc:** | Nayer, Tracy; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; Sparko, Rochelle; thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov; Neil Ende; Greg Taylor; Barth, Emily (OAG); Vermillion, Kevin (OAG); Dylan Jones (AZ AG; Thomas Martindale (IN AG |
| **Subject:** | RE: AZ v Avid Telecom -Deposition Notice - 30b6 - District of Columbia (4-22-25) |
| **Date:** | Thursday, April 24, 2025 10:47:18 AM |

Counsel:

Pursuant to the Court's Case Management Scheduling Order, Plaintiff District of Columbia objects to the notice of deposition as outside the scope of the discovery limitations set by the Court. The Order expressly limits party depositions to Defendants, the lead Plaintiff states of Arizona, Indiana, North Carolina, and Ohio, and any Plaintiff state bringing state law claims against Defendants. Because the District of Columbia is neither a lead plaintiff state nor a plaintiff state bringing state law claims, it is not subject to being deposed in this action. Accordingly, the District of Columbia requests that you withdraw your 30(b)(6) notice of deposition.

Regards,
Adam

**Adam Teitelbaum**

Director, Office of Consumer Protection | Public Advocacy Division
Office of the Attorney General for the District of Columbia
400 Sixth Street N.W., Washington, D.C. 20001
(202) 256-3713 (cell) | (202) 741-5226 (desk) | adam.teitelbaum@dc.gov
Pronouns: He/Him/His

---

**From:** Silsa Cabezas <scabezas@tlgdc.com>
**Sent:** Tuesday, April 22, 2025 4:46 PM
**To:** Teitelbaum, Adam (OAG) <Adam.Teitelbaum@dc.gov>
**Cc:** tnayer@ncdoj.gov; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; rsparko@ncdoj.gov; thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov; Neil Ende <nende@tlgdc.com>; Greg Taylor <gtaylor@telecomlawattorney.com>
**Subject:** AZ v Avid Telecom -Deposition Notice - 30b6 - District of Columbia (4-22-25)

**CAUTION:** This email originated from outside of the DC Government. Do not click on links or open attachments unless you recognize the sender and know that the content is safe. If you believe that this email is suspicious, please forward to phishing@dc.gov for additional analysis by OCTO Security Operations Center (SOC).

You don't often get email from scabezas@tlgdc.com. Learn why this is important

Please see attached 30 (b)(6) deposition notice.

Please confirm receipt by return email. We ask that you designate and provide the name of a witness with knowledge, to testify on behalf of the State/Commonwealth as

soon as possible and that you provide dates of availability in May and June.

Thank you.

TECHNOLOGY LAW GROUP
202.895.1707 (Office)
202.478.5074 (Facsimile)
scabezas@tlgdc.com

ATTORNEY-CLIENT PRIVILEGE/CONFIDENTIALITY NOTICE:  This message and any attachments may contain confidential information and may be ATTORNEY CLIENT PRIVILEGED AND/OR constitute ATTORNEY WORK PRODUCT and should not be shared with third parties.  This message is for use by the intended recipient(s) only. If you have received this email in error, do not read the contents and do not share with any third party.  Please notify the sender of the erroneous delivery immediately by reply email and promptly delete this message and all attachments from your system.

| | |
|---|---|
| **From:** | Bellus, Benjamin [AG] |
| **To:** | Silsa Cabezas; Pearson, William [AG] |
| **Cc:** | Nayer, Tracy; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; Sparko, Rochelle; thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov; Neil Ende; Greg Taylor |
| **Subject:** | RE: AZ v Avid Telecom -Deposition Notice - 30b6 - State of Iowa (4-22-25) |
| **Date:** | Thursday, April 24, 2025 1:36:01 PM |
| **Attachments:** | image001.png |

Counsel:

Pursuant to the Court's Case Management Scheduling Order, Plaintiff State of Iowa objects to the notice of deposition as outside the scope of the discovery limitations set by the Court. The Order expressly limits party depositions to Defendants, the lead Plaintiff states of Arizona, Indiana, North Carolina, and Ohio, and any Plaintiff state bringing state law claims against Defendants. Because State of Iowa is neither a lead plaintiff state nor a plaintiff state bringing state law claims, it is not subject to being deposed in this action. Accordingly, State of Iowa requests that you withdraw your 30(b)(6) notice of deposition.



**Benjamin E. Bellus**
**Assistant Attorney General**
Office of Iowa Attorney General
Consumer Protection Division
1305 E. Walnut St.
Des Moines, Iowa 50319
Main: (515) 281-5164 I Direct: (515) 281-5926
Email: Benjamin.Bellus@ag.iowa.gov | www.iowaattorneygeneral.gov

---

**From:** Silsa Cabezas <scabezas@tlgdc.com>
**Sent:** Tuesday, April 22, 2025 4:12 PM
**To:** Bellus, Benjamin [AG] <Benjamin.Bellus@ag.iowa.gov>; Pearson, William [AG] <William.Pearson@ag.iowa.gov>
**Cc:** tnayer@ncdoj.gov; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; rsparko@ncdoj.gov; thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov; Neil Ende <nende@tlgdc.com>; Greg Taylor <gtaylor@telecomlawattorney.com>
**Subject:** AZ v Avid Telecom -Deposition Notice - 30b6 - State of Iowa (4-22-25)

Please see attached 30 (b)(6) deposition notice.

Please confirm receipt by return email. We ask that you designate and provide the name of a witness with knowledge, to testify on behalf of the State/Commonwealth as soon as possible and that you provide dates of availability in May and June.

Thank you.

TECHNOLOGY LAW GROUP
202.895.1707 (Office)
202.478.5074 (Facsimile)
scabezas@tlgdc.com

ATTORNEY-CLIENT PRIVILEGE/CONFIDENTIALITY NOTICE:  This message and any attachments may contain confidential information and may be ATTORNEY CLIENT PRIVILEGED AND/OR constitute ATTORNEY WORK PRODUCT and should not be shared with third parties.  This message is for use by the intended recipient(s) only. If you have received this email in error, do not read the contents and do not share with any third party.  Please notify the sender of the erroneous delivery immediately by reply email and promptly delete this message and all attachments from your system.

| | |
|---|---|
| **From:** | Michel Singer Nelson |
| **To:** | "Silsa Cabezas" |
| **Cc:** | Nayer, Tracy; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; Laura Dilweg; Sarah Pelton; Sparko, Rochelle; thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov; Neil Ende; Greg Taylor |
| **Subject:** | RE: AZ v Avid Telecom -Deposition Notice - 30b6 - State of Colorado (4-22-25) |
| **Date:** | Thursday, April 24, 2025 11:23:42 AM |

Dear Counsel:

      Colorado objects to the attached 30(b)(6) deposition notice on the basis that it contravenes the Court's scheduling order with respect to Colorado as a plaintiff. The Court's scheduling order in this case expressly limits party depositions of the lead Plaintiff states of Arizona, Indiana, North Carolina, Ohio, and any Plaintiff state bringing state law claims against Defendant. Because Colorado is neither a lead plaintiff state nor a plaintiff state bringing state law claims, it is not subject to being deposed in this action. Accordingly, Colorado will not comply with your deposition notice and requests that you withdraw the attached 30(b)(6) notice for Colorado.

Best,

Michel

Michel Singer Nelson
Senior Assistant Attorney General
Utility Consumer Advocate Unit
Consumer Protection Section
Colorado Office of the Attorney General
1300 Broadway, 7th Floor
Denver, Colorado 80203
Email:  Michel.singernelson@coag.gov
Office Phone:  720 508 6220
Cell Phone:  303 810 1710

---

**From:** Silsa Cabezas <scabezas@tlgdc.com>
**Sent:** Tuesday, April 22, 2025 2:40 PM
**To:** Michel Singer Nelson <Michel.Singernelson@coag.gov>
**Cc:** tnayer@ncdoj.gov; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; Laura Dilweg <Laura.Dilweg@azag.gov>; Michel Singer Nelson <Michel.Singernelson@coag.gov>; Sarah Pelton <Sarah.Pelton@azag.gov>; rsparko@ncdoj.gov; thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov; Neil Ende <nende@tlgdc.com>; Greg Taylor <gtaylor@telecomlawattorney.com>
**Subject:** AZ v Avid Telecom -Deposition Notice - 30b6 - State of Colorado (4-22-25)

Please see attached 30 (b)(6) deposition notice.

Please confirm receipt by return email. We ask that you designate and provide the name of a witness with knowledge, to testify on behalf of the State/Commonwealth as

soon as possible and that you provide dates of availability in May and June.

Thank you.


TECHNOLOGY LAW GROUP
202.895.1707 (Office)
202.478.5074 (Facsimile)
scabezas@tlgdc.com

ATTORNEY-CLIENT PRIVILEGE/CONFIDENTIALITY NOTICE:  This message and any attachments may contain
confidential information and may be ATTORNEY CLIENT PRIVILEGED AND/OR constitute ATTORNEY WORK PRODUCT
and should not be shared with third parties.  This message is for use by the intended recipient(s) only. If you have
received this email in error, do not read the contents and do not share with any third party.  Please notify the
sender of the erroneous delivery immediately by reply email and promptly delete this message and all attachments
from your system.

| | |
|---|---|
| **From:** | Costa, Ryan (DOJ) |
| **To:** | Silsa Cabezas |
| **Cc:** | Nayer, Tracy; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; Sparko, Rochelle; thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov; Neil Ende; Greg Taylor |
| **Subject:** | RE: AZ v Avid Telecom -Deposition Notice - 30b6 - State of Delaware (4-22-25) |
| **Date:** | Thursday, April 24, 2025 2:20:10 PM |

Dear Counsel:

Under the Court's Case Management Scheduling Order, Plaintiff State of Delaware, *ex rel.* Kathleen Jennings, Attorney General of the State of Delaware objects to the notice of deposition as outside the scope of the discovery limitations set by the Court. The Order expressly limits party depositions to Defendants, the lead Plaintiff states of Arizona, Indiana, North Carolina, and Ohio, and any Plaintiff state bringing state law claims against Defendants. Because Delaware is neither a lead plaintiff state nor a plaintiff state bringing state law claims, it is not subject to being deposed in this action. Accordingly, Delaware requests that you withdraw your 30(b)(6) notice of deposition.

Sincerely,


Ryan T. Costa
Deputy Director of Consumer Protection
State of Delaware Department of Justice
820 N. French Street, 5th Floor
Wilmington, Delaware 19801
(302) 683-8811
Ryan.Costa@delaware.gov



**From:** Silsa Cabezas <scabezas@tlgdc.com>
**Sent:** Tuesday, April 22, 2025 4:42 PM
**To:** Costa, Ryan (DOJ) <Ryan.Costa@delaware.gov>
**Cc:** tnayer@ncdoj.gov; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; rsparko@ncdoj.gov; thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov; Neil Ende <nende@tlgdc.com>; Greg Taylor <gtaylor@telecomlawattorney.com>
**Subject:** AZ v Avid Telecom -Deposition Notice - 30b6 - State of Delaware (4-22-25)

Please see attached 30 (b)(6) deposition notice.

Please confirm receipt by return email. We ask that you designate and provide the name of a witness with knowledge, to testify on behalf of the State/Commonwealth as soon as possible and that you provide dates of availability in May and June.

Thank you.

TECHNOLOGY LAW GROUP
202.895.1707 (Office)
202.478.5074 (Facsimile)
scabezas@tlgdc.com

ATTORNEY-CLIENT PRIVILEGE/CONFIDENTIALITY NOTICE:  This message and any attachments may contain confidential information and may be ATTORNEY CLIENT PRIVILEGED AND/OR constitute ATTORNEY WORK PRODUCT and should not be shared with third parties.  This message is for use by the intended recipient(s) only. If you have received this email in error, do not read the contents and do not share with any third party.  Please notify the sender of the erroneous delivery immediately by reply email and promptly delete this message and all attachments from your system.

| | |
|---|---|
| **From:** | David Zisook |
| **To:** | Silsa Cabezas |
| **Cc:** | Alyse.Meislik@azag.gov; Douglas Swetnam (IN AG); Dylan Jones (AZ AG); Laura Dilweg (AZ AG); Michel Singer Nelson (CO AG; Nayer, Tracy; Sarah Pelton (AZ AG; Sparko, Rochelle; Thomas Martindale (IN AG; Erin Leahy |
| **Subject:** | RE: AZ v Avid Telecom -Deposition Notice - 30b6 - State of Georgia (4-22-25) |
| **Date:** | Friday, April 25, 2025 4:42:58 PM |
| **Attachments:** | image001.jpg |
| | image002.png |
| | image003.png |

Counsel:

Pursuant to the Court's Case Management Scheduling Order, Plaintiff the State of Georgia objects to the notice of deposition as outside the scope of the discovery limitations set by the Court.  The Order expressly limits party depositions to Defendants, the lead Plaintiff states of Arizona, Indiana, North Carolina, and Ohio, and any Plaintiff state bringing state law claims against Defendants.  Because the State of Georgia is neither a lead plaintiff state nor a plaintiff state bringing state law claims, it is not subject to being deposed in this action. Accordingly, the State of Georgia requests that you withdraw your 30(b)(6) notice of deposition.

David Zisook



**David Zisook**
**Senior Assistant Attorney General**
**Office of the Attorney General Chris Carr**
**Consumer Protection Division**
(404) 458-4294
dzisook@law.ga.gov
Georgia Department of Law
40 Capitol Square SW
Atlanta, Georgia 30334

**From:** Silsa Cabezas <scabezas@tlgdc.com>
**Sent:** Tuesday, April 22, 2025 4:52 PM
**To:** David Zisook <DZisook@LAW.GA.GOV>
**Cc:** tnayer@ncdoj.gov; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; rsparko@ncdoj.gov; thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov; Neil Ende <nende@tlgdc.com>; Greg Taylor <gtaylor@telecomlawattorney.com>
**Subject:** AZ v Avid Telecom -Deposition Notice - 30b6 - State of Georgia (4-22-25)

You don't often get email from scabezas@tlgdc.com. Learn why this is important

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Please see attached 30 (b)(6) deposition notice.

Please confirm receipt by return email. We ask that you designate and provide the name of a witness with knowledge, to testify on behalf of the State/Commonwealth as soon as possible and that you provide dates of availability in May and June.

Thank you.

TECHNOLOGY LAW GROUP
202.895.1707 (Office)
202.478.5074 (Facsimile)
scabezas@tlgdc.com

ATTORNEY-CLIENT PRIVILEGE/CONFIDENTIALITY NOTICE:  This message and any attachments may contain confidential information and may be ATTORNEY CLIENT PRIVILEGED AND/OR constitute ATTORNEY WORK PRODUCT and should not be shared with third parties.  This message is for use by the intended recipient(s) only. If you have received this email in error, do not read the contents and do not share with any third party.  Please notify the sender of the erroneous delivery immediately by reply email and promptly delete this message and all attachments from your system.

| | |
|---|---|
| **From:** | Smith, Nicholas |
| **To:** | Neil Ende; Greg Taylor |
| **Cc:** | Dietz, Sarah; "Silsa Cabezas"; Alyse.Meislik@azag.gov; Douglas Swetnam (IN AG; Dylan Jones (AZ AG; Erin Leahy; Laura Dilweg (AZ AG; Michel Singer Nelson (CO AG; Nayer, Tracy; Sarah Pelton (AZ AG; Sparko, Rochelle; Thomas Martindale (IN AG; Erin Leahy |
| **Subject:** | RE: AZ v Avid Telecom -Deposition Notice - 30b6 - State of Kansas (4-22-25) |
| **Date:** | Wednesday, April 23, 2025 5:51:18 PM |
| **Importance:** | High |

Good evening Neil and Greg,

Under the Court's Case Management Scheduling Order, (Doc. 102), Plaintiff State of Kansas objects to your notice of deposition because it is outside the scope of the discovery limits set by the Court. The Court's Order expressly limits party depositions to Defendants, the lead Plaintiff States of Arizona, Indiana, North Carolina, and Ohio, and any Plaintiff State bringing state law claims against the Defendants.

The State of Kansas is not subject to being deposed in this action because Kansas is not a lead plaintiff state nor a plaintiff state bringing state law claims. Accordingly, the State of Kansas requests you withdraw your 30(b)(6) notice of deposition. Thank you.

Warmest regards,
Nicholas

_____
Nicholas C. Smith | Assistant Attorney General
**Office of Attorney General Kris W. Kobach**
Public Protection Division | Consumer Protection
120 SW 10th Avenue, 2nd Floor | Topeka, KS 66612
Main: (785) 296-3751 | Fax: (785) 291-3699

This communication, and any attachments, is private and confidential and for the exclusive use of the intended recipient. The information contained herein as well as any attachments is confidential and privileged under the joint prosecution or investigation privilege, attorney-client privilege, work product privilege, joint defense privilege, or any other applicable privilege or immunity. If you are not the intended recipient and have received this communication in error, please notify the sender immediately and destroy the original message and all copies. Any unauthorized disclosure, copying, distribution, or the taking of any action in reliance on the contents of this communication is strictly prohibited. Receipt by anyone other than the intended recipient is not a waiver of any protection, privilege, or immunity. Please note also that the Kansas Open Records Act provides that public records, including correspondence to me via e-mail, may be subject to disclosure unless otherwise protected by law.

**From:** Silsa Cabezas <scabezas@tlgdc.com>
**Sent:** Tuesday, April 22, 2025 4:15 PM
**To:** Smith, Nicholas <Nicholas.Smith@ag.ks.gov>; Dietz, Sarah <Sarah.Dietz@ag.ks.gov>
**Cc:** tnayer@ncdoj.gov; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; rsparko@ncdoj.gov; thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov; Neil Ende <nende@tlgdc.com>; Greg Taylor <gtaylor@telecomlawattorney.com>
**Subject:** AZ v Avid Telecom -Deposition Notice - 30b6 - State of Kansas (4-22-25)

**CAUTION:** This email originated from outside of the Office of The Attorney General of Kansas organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Please see attached 30 (b)(6) deposition notice.

Please confirm receipt by return email. We ask that you designate and provide the name of a witness with knowledge, to testify on behalf of the State/Commonwealth as soon as possible and that you provide dates of availability in May and June.

Thank you.

TECHNOLOGY LAW GROUP
202.895.1707 (Office)
202.478.5074 (Facsimile)
scabezas@tlgdc.com

ATTORNEY-CLIENT PRIVILEGE/CONFIDENTIALITY NOTICE:  This message and any attachments may contain confidential information and may be ATTORNEY CLIENT PRIVILEGED AND/OR constitute ATTORNEY WORK PRODUCT and should not be shared with third parties.  This message is for use by the intended recipient(s) only. If you have received this email in error, do not read the contents and do not share with any third party.  Please notify the sender of the erroneous delivery immediately by reply email and promptly delete this message and all attachments from your system.

| | |
|---|---|
| **From:** | Ford, Jacob P (KYOAG) |
| **To:** | Silsa Cabezas |
| **Cc:** | Alyse.Meislik@azag.gov; Douglas Swetnam (IN AG; Dylan Jones (AZ AG; Laura Dilweg (AZ AG; Michel Singer Nelson (CO AG; Nayer, Tracy; Sarah Pelton (AZ AG; Sparko, Rochelle; Thomas Martindale (IN AG; Farmer, Jonathan E (KYOAG) |
| **Subject:** | RE: AZ v Avid Telecom -Deposition Notice - 30b6 - State of Kentucky (4-22-25) |
| **Date:** | Friday, April 25, 2025 4:21:35 PM |
| **Attachments:** | image001.png<br>image002.png<br>image003.png |

Counsel:

Pursuant to the Court's Case Management Scheduling Order, Plaintiff Commonwealth of Kentucky objects to the notice of deposition as outside the scope of the discovery limitations set by the Court.  The Order expressly limits party depositions to Defendants, the lead Plaintiff states of Arizona, Indiana, North Carolina, and Ohio, and any Plaintiff state bringing state law claims against Defendants.  Because Kentucky is neither a lead plaintiff state nor a plaintiff state bringing state law claims, it is not subject to being deposed in this action. Accordingly, the Commonwealth of Kentucky requests that you withdraw your 30(b)(6) notice of deposition.



**Jacob P. Ford**
**Asst. Attorney General | Office of Consumer Protection**
**Office of the Kentucky Attorney General**
**1024 Capital Center Drive| Suite 200 | Frankfort, Kentucky 40601**
**502.871.2044 |** jacobp.ford@ky.gov
**Follow the Attorney General's Office:**  □ □ **| w:** https://ag.ky.gov/

This email message and any attachments may contain legally privileged, confidential or proprietary information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this email message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this email message from your computer.

**From:** Silsa Cabezas <scabezas@tlgdc.com>
**Sent:** Tuesday, April 22, 2025 4:17 PM
**To:** Ford, Jacob P (KYOAG) <jacobp.ford@ky.gov>
**Cc:** tnayer@ncdoj.gov; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; rsparko@ncdoj.gov; thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov; Neil Ende <nende@tlgdc.com>; Greg Taylor <gtaylor@telecomlawattorney.com>
**Subject:** AZ v Avid Telecom -Deposition Notice - 30b6 - State of Kentucky (4-22-25)

  **\*\*CAUTION\*\*  PDF attachments may contain links to malicious sites.  Please contact the COT Service Desk** ServiceCorrespondence@ky.gov **for any assistance.**

Please see attached 30 (b)(6) deposition notice.

Please confirm receipt by return email. We ask that you designate and provide the

name of a witness with knowledge, to testify on behalf of the State/Commonwealth as soon as possible and that you provide dates of availability in May and June.

Thank you.


TECHNOLOGY LAW GROUP
202.895.1707 (Office)
202.478.5074 (Facsimile)
scabezas@tlgdc.com

ATTORNEY-CLIENT PRIVILEGE/CONFIDENTIALITY NOTICE:  This message and any attachments may contain confidential information and may be ATTORNEY CLIENT PRIVILEGED AND/OR constitute ATTORNEY WORK PRODUCT and should not be shared with third parties.  This message is for use by the intended recipient(s) only. If you have received this email in error, do not read the contents and do not share with any third party.  Please notify the sender of the erroneous delivery immediately by reply email and promptly delete this message and all attachments from your system.

| | |
|---|---|
| **From:** | Williams, Zatabia |
| **To:** | Silsa Cabezas |
| **Cc:** | Nayer, Tracy; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; Sparko, Rochelle; thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov; Neil Ende; Greg Taylor |
| **Subject:** | RE: AZ v Avid Telecom -Deposition Notice - 30b6 - State of Louisiana (4-22-25) |
| **Date:** | Thursday, April 24, 2025 11:28:24 AM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |
| **Importance:** | High |

Counsel:

Pursuant to the Court's Case Management Scheduling Order, Plaintiff State of Louisiana objects to the notice of deposition as outside the scope of the discovery limitations set by the Court. The Order expressly limits party depositions to Defendants, the lead Plaintiff states of Arizona, Indiana, North Carolina, and Ohio, and any Plaintiff state bringing state law claims against Defendants. Because State of Louisiana is neither a lead plaintiff state nor a plaintiff state bringing state law claims, it is not subject to being deposed in this action. **Accordingly, State of Louisiana requests that you withdraw your 30(b)(6) notice of deposition.**



**ZaTabia N. Williams**
Assistant Attorney General
Public Protection Division
Consumer Protection Section
Office of Attorney General Liz Murrill
Phone: (225) 326-6164  Fax: (225) 326-6499
www.ag.louisiana.gov

   

**From:** Silsa Cabezas <scabezas@tlgdc.com>
**Sent:** Tuesday, April 22, 2025 4:19 PM
**To:** Williams, Zatabia <WilliamsZ@ag.louisiana.gov>
**Cc:** tnayer@ncdoj.gov; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; rsparko@ncdoj.gov; thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov; Neil Ende <nende@tlgdc.com>; Greg Taylor <gtaylor@telecomlawattorney.com>
**Subject:** AZ v Avid Telecom -Deposition Notice - 30b6 - State of Louisiana (4-22-25)

Please see attached 30 (b)(6) deposition notice.

Please confirm receipt by return email. We ask that you designate and provide the name of a

witness with knowledge, to testify on behalf of the State/Commonwealth as soon as possible and that you provide dates of availability in May and June.

Thank you.


TECHNOLOGY LAW GROUP
202.895.1707 (Office)
202.478.5074 (Facsimile)
scabezas@tlgdc.com

ATTORNEY-CLIENT PRIVILEGE/CONFIDENTIALITY NOTICE: This message and any attachments may contain confidential information and may be ATTORNEY CLIENT PRIVILEGED AND/OR constitute ATTORNEY WORK PRODUCT and should not be shared with third parties. This message is for use by the intended recipient(s) only. If you have received this email in error, do not read the contents and do not share with any third party. Please notify the sender of the erroneous delivery immediately by reply email and promptly delete this message and all attachments from your system.


The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. To reply to our e-mail administrator directly, please send an e-mail to postmaster@ag.state.la.us.

| From: | ONeil, Brendan |
|---|---|
| To: | Silsa Cabezas; nende@tlgdc.com; gtaylor@tlgdc.com |
| Cc: | Alyse.Meislik@azag.gov; douglas.swetnam@atg.in.gov; Dylan.Jones@azag.gov; erin.leahy@ohioago.gov; Laura.Dilweg@azag.gov; Nayer, Tracy; Sarah.Pelton@azag.gov; Sparko, Rochelle; Thomas.Martindale@atg.in.gov |
| Subject: | RE: AZ v Avid Telecom -Deposition Notice - 30b6 - State of Maine (4-22-25) |
| Date: | Tuesday, April 29, 2025 12:16:30 PM |
| Attachments: | image001.png |
| | image002.png |

Counsel:

Pursuant to the Court's Case Management Scheduling Order, Plaintiff State of Maine objects to the notice of deposition as outside the scope of the discovery limitations set by the Court. The Order expressly limits party depositions to Defendants, the lead Plaintiff states of Arizona, Indiana, North Carolina, and Ohio, and any Plaintiff state bringing state law claims against Defendants. Because the State of Maine is neither a lead plaintiff state nor a plaintiff state bringing state law claims, it is not subject to being deposed in this action. Accordingly, the State of Maine requests that you withdraw your 30(b)(6) notice of deposition.

BRENDAN O'NEIL | ASSISTANT ATTORNEY GENERAL
CONSUMER PROTECTION DIVISION
OFFICE OF THE MAINE ATTORNEY GENERAL
6 STATE HOUSE STATION | AUGUSTA, ME 04333
(207) 626-8842 (DIRECT DIAL) | (207) 626-8800 (MAIN OFFICE)
brendan.oneil@maine.gov | www.maine.gov/ag

---

**From:** Silsa Cabezas <scabezas@tlgdc.com>
**Sent:** Tuesday, April 22, 2025 5:21 PM
**To:** ONeil, Brendan <Brendan.ONeil@maine.gov>
**Cc:** tnayer@ncdoj.gov; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; rsparko@ncdoj.gov; thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov; Neil Ende <nende@tlgdc.com>; Greg Taylor <gtaylor@telecomlawattorney.com>
**Subject:** AZ v Avid Telecom -Deposition Notice - 30b6 - State of Maine (4-22-25)

**EXTERNAL: This email originated from outside of the State of Maine Mail System. Do not click links or open attachments unless you recognize the sender and know the content is safe.**

Please see attached 30 (b)(6) deposition notice.

Please confirm receipt by return email. We ask that you designate and provide the name of a witness with knowledge, to testify on behalf of the State/Commonwealth as

soon as possible and that you provide dates of availability in May and June.

Thank you.


TECHNOLOGY LAW GROUP
202.895.1707 (Office)
202.478.5074 (Facsimile)
scabezas@tlgdc.com

ATTORNEY-CLIENT PRIVILEGE/CONFIDENTIALITY NOTICE:  This message and any attachments may contain confidential information and may be ATTORNEY CLIENT PRIVILEGED AND/OR constitute ATTORNEY WORK PRODUCT and should not be shared with third parties.  This message is for use by the intended recipient(s) only. If you have received this email in error, do not read the contents and do not share with any third party.  Please notify the sender of the erroneous delivery immediately by reply email and promptly delete this message and all attachments from your system.

| | |
|---|---|
| **From:** | Hill, Michael (AG) |
| **To:** | Silsa Cabezas; Neil Ende; Greg Taylor |
| **Cc:** | Nayer, Tracy; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; Sparko, Rochelle; thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov; Fitzgerald, Kathy (AG) |
| **Subject:** | RE: AZ v Avid Telecom -Deposition Notice - 30b6 - State of Michigan (4-22-25) |
| **Date:** | Friday, April 25, 2025 10:02:25 AM |

Counsel:

This Rule 30(b)(6) deposition notice is not proper as it names the State of Michigan which is not a party to this action. To the extent you intended to serve a third-party subpoena on the State of Michigan, we cannot accept service of the subpoena and do not represent the State of Michigan in this matter. Thank you.

**Michael S. Hill**
**Kathy Fitzgerald**
Assistant Attorneys General
Counsel for The People of the State of Michigan
Corporate Oversight Division
525 West Ottawa Street
P.O. Box 30736
Lansing, MI 48909
Ph: 517-335-7632

The information contained in this communication may be attorney-client privileged, may be privileged under the deliberative-process doctrine, or may otherwise constitute confidential information; it is intended only for the use of the proper addressee. Unauthorized use, disclosure, or copying of this communication, or any part thereof, is strictly prohibited and may be unlawful. If you receive this communication in error, please notify the sender immediately by return e-mail and destroy this communication and all copies thereof, including all attachments.

**From:** Silsa Cabezas <scabezas@tlgdc.com>
**Sent:** Tuesday, April 22, 2025 5:28 PM
**To:** Fitzgerald, Kathy (AG) <fitzgeraldk@michigan.gov>; Hill, Michael (AG) <HillM19@michigan.gov>
**Cc:** tnayer@ncdoj.gov; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; rsparko@ncdoj.gov; thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov; Neil Ende <nende@tlgdc.com>; Greg Taylor <gtaylor@telecomlawattorney.com>
**Subject:** AZ v Avid Telecom -Deposition Notice - 30b6 - State of Michigan (4-22-25)

**CAUTION: This is an External email. Please send suspicious emails to abuse@michigan.gov**

Please see attached 30 (b)(6) deposition notice.

Please confirm receipt by return email. We ask that you designate and provide the name of a witness with knowledge, to testify on behalf of the State/Commonwealth as soon as possible and that you provide dates of availability in May and June.

Thank you.


TECHNOLOGY LAW GROUP
202.895.1707 (Office)
202.478.5074 (Facsimile)
scabezas@tlgdc.com

ATTORNEY-CLIENT PRIVILEGE/CONFIDENTIALITY NOTICE:  This message and any attachments may contain confidential information and may be ATTORNEY CLIENT PRIVILEGED AND/OR constitute ATTORNEY WORK PRODUCT and should not be shared with third parties.  This message is for use by the intended recipient(s) only. If you have received this email in error, do not read the contents and do not share with any third party.  Please notify the sender of the erroneous delivery immediately by reply email and promptly delete this message and all attachments from your system.

| From: | Ward, Geoffrey L. |
|-------|-------------------|
| To: | Silsa Cabezas |
| Cc: | Greg Taylor; Neil Ende; Kubiak, Mark S. |
| Subject: | RE: AZ v Avid Telecom -Deposition Notice - 30b6 - State of Virginia (4-22-25) - Letter re: Case Management Order and Withdrawal of Notice |
| Date: | Thursday, April 24, 2025 9:06:03 AM |
| Attachments: | 4.24.25 VA OAG Letter to Counsel re 30b6 Depo Notice and Case Management Order 2.pdf |

Counsel,

Please see the attached letter requesting the withdrawal of this deposition notice for non-conformity with the Court's case management order in this matter.

Regards,

Geoff

---

**From:** Silsa Cabezas <scabezas@tlgdc.com>
**Sent:** Tuesday, April 22, 2025 4:25 PM
**To:** Ward, Geoffrey L. <GWard@oag.state.va.us>
**Cc:** tnayer@ncdoj.gov; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; rsparko@ncdoj.gov; thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov; Neil Ende <nende@tlgdc.com>; Greg Taylor <gtaylor@telecomlawattorney.com>
**Subject:** AZ v Avid Telecom -Deposition Notice - 30b6 - State of Virginia (4-22-25)

Please see attached 30 (b)(6) deposition notice.

Please confirm receipt by return email. We ask that you designate and provide the name of a witness with knowledge, to testify on behalf of the State/Commonwealth as soon as possible and that you provide dates of availability in May and June.

Thank you.

TECHNOLOGY LAW GROUP
202.895.1707 (Office)
202.478.5074 (Facsimile)
scabezas@tlgdc.com

ATTORNEY-CLIENT PRIVILEGE/CONFIDENTIALITY NOTICE:  This message and any attachments may contain confidential information and may be ATTORNEY CLIENT PRIVILEGED AND/OR constitute ATTORNEY WORK PRODUCT and should not be shared with third parties.  This message is for use by the intended recipient(s) only. If you have received this email in error, do not read the contents and do not share with any third party.  Please notify the sender of the erroneous delivery immediately by reply email and promptly delete this message and all attachments from your system.



# COMMONWEALTH *of* VIRGINIA
### *Office of the Attorney General*

**Jason S. Miyares**
Attorney General

202 North 9th Street
Richmond, Virginia 23219
804-786-2071
FAX 804-786-1991
Virginia Relay Services
800-828-1120

April 24, 2025

**By Email and U.S. Mail**

Neil S. Ende
Silsa Cabezas
Technology Law Group
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015

Re: 30(b)(6) Deposition Notice and Case Management Scheduling Order in *State of Arizona et. al v. Michael D. Lansky, L.L.C., dba Avid Telecom et al.*

Dear Counsel:

In above captioned case, pursuant to the Court's Case Management Scheduling Order, Plaintiff Commonwealth of Virginia objects to the notice of a 30(b)(6) deposition issued on April 22, 2025 to my Office as outside the scope of the discovery limitations set by the Court. The Order expressly limits party depositions to Defendants, the lead Plaintiff states of Arizona, Indiana, North Carolina, and Ohio, and any Plaintiff state bringing state law claims against Defendants. Because the Commonwealth of Virginia is neither a lead plaintiff state nor a plaintiff state bringing state law claims, it is not subject to being deposed in this action. Accordingly, we request that you withdraw your 30(b)(6) notice of deposition.

Sincerely,

Geoffrey L. Ward
Senior Assistant Attorney General
Consumer Protection Section

| From: | Ashley T. Wentz |
|---|---|
| To: | Silsa Cabezas; Neil Ende; "Greg Taylor" |
| Cc: | ann.l.haight@wvago.gov; Meislik, Alyse; Douglas Swetnam (IN AG; Dylan Jones (AZ AG; Erin Leahy; laura.dilweg@azag.gov; Michel Singer Nelson (CO AG; Nayer, Tracy; Sarah Pelton (AZ AG; Sparko, Rochelle; Thomas Martindale (IN AG |
| Subject: | RE: AZ v Avid Telecom -Deposition Notice - 30b6 - State of West Virginia (4-22-25) |
| Date: | Thursday, April 24, 2025 1:08:59 PM |

Counsel:

Pursuant to the Court's Case Management Scheduling Order, Plaintiff, State of West Virginia ex rel. John B McCuskey, Attorney General, objects to the notice of deposition as outside the scope of the discovery limitations set by the Court. The Order expressly limits party depositions to Defendants, the lead Plaintiff states of Arizona, Indiana, North Carolina, and Ohio, and any Plaintiff state bringing state law claims against Defendants. Because West Virginia is neither a lead plaintiff state nor a plaintiff state bringing state law claims, it is not subject to being deposed in this action. Accordingly, West Virginia requests that you withdraw your 30(b)(6) notice of deposition.

**Ashley T. Wentz**
Assistant Attorney General
West Virginia Attorney General's Office
Consumer Protection Division
P.O. Box 1789
Charleston, WV 25326
T: 304-558-8986 | F: 304-558-0184
Ashley.T.Wentz@wvago.gov

The information contained in this electronic message is legally privileged and confidential under applicable law and is intended for the use of the individual or entity named above.  If the recipient of this message is not the above-named recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited.  If you have received this communication in error, please notify the WV Attorney General's Office at (304) 558-8986, and purge this communication immediately without making any copy or distribution.

**From:** Silsa Cabezas <scabezas@tlgdc.com>
**Sent:** Tuesday, April 22, 2025 4:30 PM
**To:** Ashley T. Wentz <Ashley.T.Wentz@wvago.gov>
**Cc:** 'tnayer@ncdoj.gov'; 'alyse.meislik@azag.gov'; 'douglas.swetnam@atg.in.gov'; 'dylan.jones@azag.gov'; 'laura.dilweg@azag.gov'; 'michel.singernelson@coag.gov'; 'sarah.pelton@azag.gov'; 'rsparko@ncdoj.gov'; 'thomas.martindale@atg.in.gov'; 'Erin.Leahy@OhioAGO.gov'; Neil Ende <nende@tlgdc.com>; 'Greg Taylor' <gtaylor@telecomlawattorney.com>
**Subject:** AZ v Avid Telecom -Deposition Notice - 30b6 - State of West Virginia (4-22-25)

You don't often get email from scabezas@tlgdc.com. Learn why this is important
Please see attached 30 (b)(6) deposition notice.

Please confirm receipt by return email. We ask that you designate and provide the name of a witness with knowledge, to testify on behalf of the State/Commonwealth as soon as possible and that you provide dates of availability in May and June.

Thank you.

TECHNOLOGY LAW GROUP
202.895.1707 (Office)
202.478.5074 (Facsimile)
scabezas@tlgdc.com

ATTORNEY-CLIENT PRIVILEGE/CONFIDENTIALITY NOTICE:  This message and any attachments may contain confidential information and may be ATTORNEY CLIENT PRIVILEGED AND/OR constitute ATTORNEY WORK PRODUCT and should not be shared with third parties.  This message is for use by the intended recipient(s) only. If you have received this email in error, do not read the contents and do not share with any third party.  Please notify the sender of the erroneous delivery immediately by reply email and promptly delete this message and all attachments from your system.

| From: | Bennett Hartz |
| --- | --- |
| To: | Silsa Cabezas |
| Cc: | Nayer, Tracy; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; Sparko, Rochelle; thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov; Neil Ende; Greg Taylor; Jason Pleggenkuhle |
| Subject: | Re: AZ v Avid Telecom -Deposition Notice - State of Minnesota (4-22-25) |
| Date: | Thursday, April 24, 2025 11:30:50 AM |

Good morning Ms. Cabezas:

Pursuant to the Court's Case Management Scheduling Order, Plaintiff State of Minnesota, by its Attorney General, Keith Ellison ("Minnesota AGO"), objects to the notice of deposition as outside the scope of the discovery limitations set by the Court. The Order expressly limits party depositions to Defendants, the lead Plaintiff states of Arizona, Indiana, North Carolina, and Ohio, and any Plaintiff state bringing state law claims against Defendants. Because the Minnesota AGO is neither a lead plaintiff state nor a plaintiff state bringing state law claims, it is not subject to being deposed in this action. Accordingly, the Minnesota AGO requests that you withdraw your 30(b)(6) notice of deposition.

Sincerely,

**Bennett Hartz**

Assistant Attorney General | Consumer Protection Division

**Office of the Minnesota Attorney General**

445 Minnesota Street, Suite 1200 Saint Paul, MN 55101

Office: (651) 757-1235

---

**From:** Silsa Cabezas <scabezas@tlgdc.com>
**Date:** Tuesday, April 22, 2025 at 4:31 PM
**To:** Bennett Hartz <Bennett.Hartz@ag.state.mn.us>
**Cc:** tnayer@ncdoj.gov <tnayer@ncdoj.gov>, alyse.meislik@azag.gov <alyse.meislik@azag.gov>, douglas.swetnam@atg.in.gov <douglas.swetnam@atg.in.gov>, dylan.jones@azag.gov <dylan.jones@azag.gov>, laura.dilweg@azag.gov <laura.dilweg@azag.gov>, michel.singernelson@coag.gov <michel.singernelson@coag.gov>, sarah.pelton@azag.gov <sarah.pelton@azag.gov>, rsparko@ncdoj.gov <rsparko@ncdoj.gov>, thomas.martindale@atg.in.gov <thomas.martindale@atg.in.gov>, Erin.Leahy@OhioAGO.gov <Erin.Leahy@OhioAGO.gov>, Neil Ende <nende@tlgdc.com>, Greg Taylor <gtaylor@telecomlawattorney.com>
**Subject:** AZ v Avid Telecom -Deposition Notice - State of Minnesota (4-22-25)

You don't often get email from scabezas@tlgdc.com. Learn why this is important

Please see attached 30 (b)(6) deposition notice.

Please confirm receipt by return email. We ask that you designate and provide the name of a witness with knowledge, to testify on behalf of the State/Commonwealth as soon as possible and that you provide dates of availability in May and June.

Thank you.

TECHNOLOGY LAW GROUP
202.895.1707 (Office)
202.478.5074 (Facsimile)
scabezas@tlgdc.com

ATTORNEY-CLIENT PRIVILEGE/CONFIDENTIALITY NOTICE:  This message and any attachments may contain confidential information and may be ATTORNEY CLIENT PRIVILEGED AND/OR constitute ATTORNEY WORK PRODUCT and should not be shared with third parties.  This message is for use by the intended recipient(s) only. If you have received this email in error, do not read the contents and do not share with any third party.  Please notify the sender of the erroneous delivery immediately by reply email and promptly delete this message and all attachments from your system.

Office of the Minnesota Attorney General Disclaimer: This e-mail is intended to be read only by the intended recipient. This e-mail may be legally privileged or protected from disclosure by law. If you are not the intended recipient, any dissemination of this e-mail or any attachments is strictly prohibited, and you should refrain from reading this e-mail or examining any attachments. If you received this e-mail in error, please notify the sender immediately and delete this e-mail and any attachments. This electronic communication is available in alternative formats to individuals with disabilities by contacting the sender. Thank you.

| From: | James Rankin |
|---|---|
| To: | Silsa Cabezas |
| Cc: | Neil Ende; Greg Taylor; Alyse.Meislik@azag.gov; Douglas Swetnam (IN AG); Dylan Jones (AZ AG); Erin Leahy; Laura Dilweg (AZ AG); Michel Singer Nelson (CO AG); Nayer, Tracy; Sarah Pelton (AZ AG); Sparko, Rochelle; Thomas Martindale (IN AG; Erin Leahy; Jessica Jasper; Crystal Utley Secoy |
| Subject: | RE: AZ v Avid Telecom -Deposition Notice - State of Mississippi (4-22-25) |
| Date: | Thursday, April 24, 2025 12:11:31 PM |
| Attachments: | image001.png |

Counsel:

Pursuant to the Court's Case Management Scheduling Order, Plaintiff, State of Mississippi, objects to the notice of deposition as outside the scope of the discovery limitations set by the Court. The Order expressly limits party depositions to Defendants, the lead Plaintiff states of Arizona, Indiana, North Carolina, and Ohio, and any Plaintiff state bringing state law claims against Defendants. Because Mississippi is neither a lead plaintiff state nor a plaintiff state bringing state law claims, it is not subject to being deposed in this action. Accordingly, Mississippi requests that you withdraw your 30(b)(6) notice of deposition.

**JAMES M. RANKIN**
**Special Assistant Attorney General**
**Consumer Protection Division**
**Mississippi Attorney General's Office**
**Post Office Box 220**
**Jackson, Mississippi  39205**
**Telephone:  601-359-4258**
**Email:  james.rankin@ago.ms.gov**



**From:** Silsa Cabezas <scabezas@tlgdc.com>
**Sent:** Tuesday, April 22, 2025 4:33 PM
**To:** James Rankin <James.Rankin@ago.ms.gov>; jessica.jasRer@ago.ms.gov
**Cc:** tnayer@ncdoj.gov; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; rsparko@ncdoj.gov; thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov; Neil Ende <nende@tlgdc.com>; Greg Taylor <gtaylor@telecomlawattorney.com>
**Subject:** AZ v Avid Telecom -Deposition Notice - State of Mississippi (4-22-25)

Please see attached 30 (b)(6) deposition notice.

Please confirm receipt by return email. We ask that you designate and provide the name of a witness with knowledge, to testify on behalf of the State/Commonwealth as soon as possible and that you provide dates of availability in May and June.

Thank you.


TECHNOLOGY LAW GROUP
202.895.1707 (Office)
202.478.5074 (Facsimile)
scabezas@tlgdc.com

ATTORNEY-CLIENT PRIVILEGE/CONFIDENTIALITY NOTICE:  This message and any attachments may contain confidential information and may be ATTORNEY CLIENT PRIVILEGED AND/OR constitute ATTORNEY WORK PRODUCT and should not be shared with third parties.  This message is for use by the intended recipient(s) only. If you have received this email in error, do not read the contents and do not share with any third party.  Please notify the sender of the erroneous delivery immediately by reply email and promptly delete this message and all attachments from your system.

| From: | Schneider, Anna |
|---|---|
| To: | Silsa Cabezas |
| Cc: | Nayer, Tracy; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; Sparko, Rochelle; thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov; Neil Ende; Greg Taylor; Dylan Jones (AZ AG; Mead, Brent; Franks, Renee" |
| Subject: | RE: AZ v Avid Telecom -Deposition Notice - State of Montana (4-22-25) |
| Date: | Monday, April 28, 2025 11:26:16 AM |
| Attachments: | image001.jpg |

Counsel:

Pursuant to the Court's Case Management Scheduling Order, Plaintiff State of Montana objects to the notice of deposition as outside the scope of the discovery limitations set by the Court. The Order expressly limits party depositions to Defendants, the lead Plaintiff states of Arizona, Indiana, North Carolina, and Ohio, and any Plaintiff state bringing state law claims against Defendants. Because Montana is neither a lead plaintiff state nor a plaintiff state bringing state law claims, it is not subject to being deposed in this action. Accordingly, Montana requests that you withdraw your 30(b)(6) notice of deposition.

In the event that you chose not to withdraw this deposition notice, Montana intends to file a motion to quash.

**Anna Schneider**

Special Assistant Attorney General, Senior Counsel

Attorney General Austin Knudsen, Montana Department of Justice

Phone: (406) 594-9936

anna.schneider@mt.gov



**CONFIDENTIAL—PRIVILEGED—DELIBERATIVE**
**Notice:** This email message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential, privileged, or deliberative and pre-decisional material, including attorney-client communications and attorney work product. Any unauthorized review, use, disclosure, or distribution is prohibited. This electronic transmission does not constitute a waiver of privilege. If you are not the intended recipient, and have received this message in error, please contact the sender immediately by email reply and destroy all copies of the original message, including any attachments.

**From:** Silsa Cabezas <scabezas@tlgdc.com>
**Sent:** Tuesday, April 22, 2025 4:37 PM
**To:** Schneider, Anna <Anna.Schneider@mt.gov>; Butler, Andrew <Andrew.Butler@mt.gov>
**Cc:** tnayer@ncdoj.gov; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov;

sarah.pelton@azag.gov; rsparko@ncdoj.gov; thomas.martindale@atg.in.gov;
Erin.Leahy@OhioAGO.gov; Neil Ende <nende@tlgdc.com>; Greg Taylor
<gtaylor@telecomlawattorney.com>
**Subject:** [EXTERNAL] AZ v Avid Telecom -Deposition Notice - State of Montana (4-22-25)

Please see attached 30 (b)(6) deposition notice.

Please confirm receipt by return email. We ask that you designate and provide the
name of a witness with knowledge, to testify on behalf of the State/Commonwealth as
soon as possible and that you provide dates of availability in May and June.

Thank you.

TECHNOLOGY LAW GROUP
202.895.1707 (Office)
202.478.5074 (Facsimile)
scabezas@tlgdc.com

ATTORNEY-CLIENT PRIVILEGE/CONFIDENTIALITY NOTICE:  This message and any attachments may contain
confidential information and may be ATTORNEY CLIENT PRIVILEGED AND/OR constitute ATTORNEY WORK PRODUCT
and should not be shared with third parties.  This message is for use by the intended recipient(s) only. If you have
received this email in error, do not read the contents and do not share with any third party.  Please notify the
sender of the erroneous delivery immediately by reply email and promptly delete this message and all attachments
from your system.

| | |
|---|---|
| **From:** | Billy Jimenez |
| **To:** | Silsa Cabezas |
| **Cc:** | Nayer, Tracy; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; Sparko, Rochelle; thomas.martindale@atg.in.gov; Erin Leahy; Neil Ende; Greg Taylor; JMeade@nmdoj.gov; Lawrence Otero; JSakura@nmdoj.gov |
| **Subject:** | RE: AZ v Avid Telecom -Deposition Notice - State of New Mexico (4-22-25) |
| **Date:** | Tuesday, May 6, 2025 10:39:30 AM |
| **Attachments:** | image001.png |

Dear Counsel:

Pursuant to the Court's Case Management Scheduling Order, Plaintiff State of New Mexico objects to the notice of deposition as outside the scope of the discovery limitations set by the Court. The Order expressly limits party depositions to Defendants, the lead Plaintiff states of Arizona, Indiana, North Carolina, and Ohio, and any Plaintiff state bringing state law claims against Defendants. Because State of New Mexico is neither a lead plaintiff state nor a plaintiff state bringing state law claims, it is not subject to being deposed in this action. Accordingly, State of New Mexico requests that you withdraw your 30(b)(6) notice of deposition.

Sincerely,

Billy Jimenez



**Billy J. Jimenez**
Deputy Attorney General
Civil Affairs
**State of New Mexico Department of Justice**
505-527-2694
bjimenez@nmdoj.gov

**CONFIDENTIALITY NOTICE:** The information in this e-mail and in any attachment may contain information that is legally privileged. It is intended only for the attention and use of the named recipient. If you are not the intended recipient, you are not authorized to retain, disclose, copy or distribute the message and/or any of its attachments. If you received this e-mail in error, please notify sender at the State of New Mexico Department of Justice and delete this message. Thank you.

**From:** Silsa Cabezas <scabezas@tlgdc.com>
**Sent:** Tuesday, April 22, 2025 3:43 PM
**To:** Julie Sakura <JSakura@nmdoj.gov>
**Cc:** tnayer@ncdoj.gov; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; rsparko@ncdoj.gov; thomas.martindale@atg.in.gov; Erin Leahy <erin.leahy@OhioAGO.gov>; Neil Ende <nende@tlgdc.com>; Greg Taylor <gtaylor@telecomlawattorney.com>
**Subject:** AZ v Avid Telecom -Deposition Notice - State of New Mexico (4-22-25)

> You don't often get email from scabezas@tlgdc.com. Learn why this is important

Please see attached 30 (b)(6) deposition notice.

Please confirm receipt by return email. We ask that you designate and provide the name of a witness with knowledge, to testify on behalf of the State/Commonwealth as soon as possible and that you provide dates of availability in May and June.

Thank you.

TECHNOLOGY LAW GROUP
202.895.1707 (Office)
202.478.5074 (Facsimile)
scabezas@tlgdc.com

ATTORNEY-CLIENT PRIVILEGE/CONFIDENTIALITY NOTICE:  This message and any attachments may contain confidential information and may be ATTORNEY CLIENT PRIVILEGED AND/OR constitute ATTORNEY WORK PRODUCT and should not be shared with third parties.  This message is for use by the intended recipient(s) only. If you have received this email in error, do not read the contents and do not share with any third party.  Please notify the sender of the erroneous delivery immediately by reply email and promptly delete this message and all attachments from your system.

| From: | Roberts Jordan M |
|---|---|
| To: | Silsa Cabezas |
| Cc: | Nayer, Tracy; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; Sparko, Rochelle; thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov; Neil Ende; Greg Taylor |
| Subject: | RE: AZ v Avid Telecom -Deposition Notice - State of North Oregon (4-22-25) |
| Date: | Friday, April 25, 2025 2:42:26 PM |

Counsel:

Pursuant to the Court's Case Management Scheduling Order, Plaintiff State of Oregon objects to the notice of deposition as outside the scope of the discovery limitations set by the Court.  The Order expressly limits party depositions to Defendants, the lead Plaintiff states of Arizona, Indiana, North Carolina, and Ohio, and any Plaintiff state bringing state law claims against Defendants.  Because the State of Oregon is neither a lead plaintiff state nor a plaintiff state bringing state law claims, it is not subject to being deposed in this action. Accordingly, Oregon requests that you withdraw your 30(b)(6) notice of deposition.

Jordan

**Jordan M. Roberts**

Assistant Attorney General│Consumer Protection Section

Civil Enforcement Division

Oregon Department of Justice

1162 Court St NE, Salem, OR 97301

(503) 934-4400

---

**From:** Silsa Cabezas <scabezas@tlgdc.com>
**Sent:** Tuesday, April 22, 2025 2:56 PM
**To:** Roberts Jordan M <Jordan.M.Roberts@doj.oregon.gov>
**Cc:** tnayer@ncdoj.gov; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; rsparko@ncdoj.gov; thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov; Neil Ende <nende@tlgdc.com>; Greg Taylor <gtaylor@telecomlawattorney.com>
**Subject:** AZ v Avid Telecom -Deposition Notice - State of North Oregon (4-22-25)

**\*CAUTION EXTERNAL EMAIL\* This email originated from outside of DOJ. Treat attachments and links with caution. \*CAUTION EXTERNAL EMAIL\***

Please see attached 30 (b)(6) deposition notice.

Please confirm receipt by return email. We ask that you designate and provide the name of a witness with knowledge, to testify on behalf of the State/Commonwealth as soon as possible and that you provide dates of availability in May and June.

Thank you.


TECHNOLOGY LAW GROUP
202.895.1707 (Office)
202.478.5074 (Facsimile)
scabezas@tlgdc.com

ATTORNEY-CLIENT PRIVILEGE/CONFIDENTIALITY NOTICE:  This message and any attachments may contain confidential information and may be ATTORNEY CLIENT PRIVILEGED AND/OR constitute ATTORNEY WORK PRODUCT and should not be shared with third parties.  This message is for use by the intended recipient(s) only. If you have received this email in error, do not read the contents and do not share with any third party.  Please notify the sender of the erroneous delivery immediately by reply email and promptly delete this message and all attachments from your system.


***** CONFIDENTIALITY NOTICE ***** This e-mail may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. If you are not the addressee or it appears from the context or otherwise that you have received this e-mail in error, please advise me immediately by reply e-mail, keep the contents confidential, and immediately delete the message and any attachments from your system.
**********************************

| From: | Stephanie Powers |
|---|---|
| To: | scabezas@tlgdc.com |
| Cc: | Alyse.Meislik@azag.gov; Douglas Swetnam (IN AG) (douglas.swetnam@atg.in.gov); Dylan Jones (AZ AG); Erin Leahy (OH AG) (erin.leahy@ohioago.gov); Laura Dilweg (AZ AG) (Laura.Dilweg@azag.gov); Michel Singer Nelson (CO AG); Nayer, Tracy; Sarah Pelton (AZ AG); Sparko, Rochelle; Thomas Martindale (IN AG) (Thomas.Martindale@atg.in.gov); Erin Leahy (OH AG) (erin.leahy@ohioago.gov) |
| Subject: | Re: AZ v Avid Telecom -Deposition Notice - State of Oklahoma (4-22-25) |
| Date: | Thursday, April 24, 2025 5:32:17 PM |

Counsel:

Pursuant to the Court's Case Management Scheduling Order, Plaintiff, State of Oklahoma objects to the notice of deposition as outside the scope of the discovery limitations set by the Court. The Order expressly limits party depositions to Defendants, the lead Plaintiff states of Arizona, Indiana, North Carolina, and Ohio, and any Plaintiff state bringing state law claims against Defendants. Because Oklahoma is neither a lead plaintiff state nor a plaintiff state bringing state law claims, it is not subject to being deposed in this action. Accordingly, the State of Oklahoma requests that you withdraw your 30(b)(6) notice of deposition.

Stephanie Powers
Deputy Attorney General
Oklahoma Attorney General's Office
313 NE 21st Street
Oklahoma City, Oklahoma 73105
405-522-3412

---

**From:** Silsa Cabezas <scabezas@tlgdc.com>
**Sent:** Tuesday, April 22, 2025 4:54 PM
**To:** Robert Carlson <Robert.Carlson@oag.ok.gov>
**Cc:** tnayer@ncdoj.gov; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; rsparko@ncdoj.gov; thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov; Neil Ende <nende@tlgdc.com>; Greg Taylor <gtaylor@telecomlawattorney.com>
**Subject:** [EXTERNAL] AZ v Avid Telecom -Deposition Notice - State of Oklahoma (4-22-25)

Please see attached 30 (b)(6) deposition notice.

Please confirm receipt by return email. We ask that you designate and provide the name of a witness with knowledge, to testify on behalf of the State/Commonwealth as soon as possible and that you provide dates of availability in May and June.

Thank you.

TECHNOLOGY LAW GROUP
202.895.1707 (Office)
202.478.5074 (Facsimile)
scabezas@tlgdc.com

ATTORNEY-CLIENT PRIVILEGE/CONFIDENTIALITY NOTICE:  This message and any attachments may contain confidential information and may be ATTORNEY CLIENT PRIVILEGED AND/OR constitute ATTORNEY WORK PRODUCT and should not be shared with third parties.  This message is for use by the intended recipient(s) only. If you have received this email in error, do not read the contents and do not share with any third party.  Please notify the sender of the erroneous delivery immediately by reply email and promptly delete this message and all attachments from your system.

| | |
|---|---|
| **From:** | Kristin Simons |
| **To:** | Silsa Cabezas; danirobertson@scag.gov |
| **Cc:** | Nayer, Tracy; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; Sparko, Rochelle; thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov; Neil Ende; Greg Taylor; Mary Frances Jowers |
| **Subject:** | RE: AZ v Avid Telecom -Deposition Notice - State of South Carolina (4-22-25) |
| **Date:** | Thursday, April 24, 2025 3:58:12 PM |
| **Attachments:** | image001.png |

Counsel:

Pursuant to the Court's Case Management Scheduling Order, Plaintiff State of South Carolina objects to the notice of deposition as outside the scope of the discovery limitations set by the Court.  The Order expressly limits party depositions to Defendants, the lead Plaintiff states of Arizona, Indiana, North Carolina, and Ohio, and any Plaintiff state bringing state law claims against Defendants.  Because the State of South Carolina is neither a lead plaintiff state nor a plaintiff state bringing state law claims, it is not subject to being deposed in this action. Accordingly, South Carolina requests that you withdraw your notice of 30(b)(6) deposition.

Thank you,

Kristin Simons

**Kristin Simons**, Senior Assistant Attorney General
South Carolina Attorney General's Office
Consumer Protection & Antitrust | Office 803-734-6134
P.O. Box 11549 | Columbia, SC 29211


emailsigseal

*This email and any attachments may be legally privileged. If you have received this email or attachment in error please notify the sender immediately and delete it from your system. This email and attachments may be subject to disclosure under the Freedom of Information Act.*

---

**From:** Silsa Cabezas <scabezas@tlgdc.com>
**Sent:** Tuesday, April 22, 2025 6:03 PM
**To:** Kristin Simons <ksimons@scag.gov>; Dani Robertson <DaniRobertson@scag.gov>
**Cc:** tnayer@ncdoj.gov; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; rsparko@ncdoj.gov; thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov; Neil Ende <nende@tlgdc.com>; Greg Taylor <gtaylor@telecomlawattorney.com>
**Subject:** AZ v Avid Telecom -Deposition Notice - State of South Carolina (4-22-25)

> Some people who received this message don't often get email from scabezas@tlgdc.com. Learn why this is important

Please see attached 30 (b)(6) deposition notice.

Please confirm receipt by return email. We ask that you designate and provide the name of a witness with knowledge, to testify on behalf of the State/Commonwealth as soon as possible and that you provide dates of availability in May and June.

Thank you.

TECHNOLOGY LAW GROUP
202.895.1707 (Office)
202.478.5074 (Facsimile)
scabezas@tlgdc.com

ATTORNEY-CLIENT PRIVILEGE/CONFIDENTIALITY NOTICE:  This message and any attachments may contain confidential information and may be ATTORNEY CLIENT PRIVILEGED AND/OR constitute ATTORNEY WORK PRODUCT and should not be shared with third parties.  This message is for use by the intended recipient(s) only. If you have received this email in error, do not read the contents and do not share with any third party.  Please notify the sender of the erroneous delivery immediately by reply email and promptly delete this message and all attachments from your system.

| | |
|---|---|
| **From:** | Jimmie Webb |
| **To:** | Silsa Cabezas |
| **Cc:** | Ostiguy, Austin; tyler.corcoran@ag.tn.gov; Alyse.Meislik@azag.gov; Douglas Swetnam (IN AG; Dylan Jones (AZ AG; Erin Leahy; Laura Dilweg (AZ AG; Michel Singer Nelson (CO AG; Nayer, Tracy; Sarah Pelton (AZ AG; Sparko, Rochelle; Thomas Martindale (IN AG |
| **Subject:** | RE: AZ v Avid Telecom -Deposition Notice - State of Tennessee (4-22-25) |
| **Date:** | Friday, April 25, 2025 11:08:42 AM |
| **Attachments:** | image001.png<br>102 - Scheduling ORDER.pdf |

Counsel:

Pursuant to the Court's Case Management Scheduling Order, Plaintiff Tennessee objects to the notice of deposition as outside the scope of the discovery limitations set by the Court.  The Order expressly limits party depositions to Defendants, the lead Plaintiff states of Arizona, Indiana, North Carolina, and Ohio, and any Plaintiff state bringing state law claims against Defendants.  Because Tennessee is neither a lead plaintiff state nor a plaintiff state bringing state law claims, it is not subject to being deposed in this action. Accordingly, Tennessee requests that you withdraw your 30(b)(6) notice of deposition.


**Jimmie B. Webb**
Assistant Attorney General
Consumer Protection Division
Office of the Tennessee Attorney General
UBS Building, 20th Floor
315 Deaderick Street, Nashville, TN 37243
Mailing Address:
P.O. Box 20207
Nashville, TN 37202
Phone: (615)-532-4223   Fax: (615)-532-2910
jimmie.webb@ag.tn.gov

Making the case for Tennessee



***Our Mission - We are the State's law office serving Tennessee with principled, independent, and excellent counsel.***

---

**From:** Silsa Cabezas <scabezas@tlgdc.com>
**Sent:** Tuesday, April 22, 2025 5:05 PM
**To:** austin.ostigyy@ag.tn.gov; Tyler T. Corcoran <Tyler.Corcoran@ag.tn.gov>
**Cc:** tnayer@ncdoj.gov; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; rsparko@ncdoj.gov; thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov; Neil Ende <nende@tlgdc.com>; Greg Taylor

&lt;gtaylor@telecomlawattorney.com&gt;
**Subject:** AZ v Avid Telecom -Deposition Notice - State of Tennessee (4-22-25)

Please see attached 30 (b)(6) deposition notice.

Please confirm receipt by return email. We ask that you designate and provide the name of a witness with knowledge, to testify on behalf of the State/Commonwealth as soon as possible and that you provide dates of availability in May and June.

Thank you.


TECHNOLOGY LAW GROUP
202.895.1707 (Office)
202.478.5074 (Facsimile)
scabezas@tlgdc.com

ATTORNEY-CLIENT PRIVILEGE/CONFIDENTIALITY NOTICE:  This message and any attachments may contain confidential information and may be ATTORNEY CLIENT PRIVILEGED AND/OR constitute ATTORNEY WORK PRODUCT and should not be shared with third parties.  This message is for use by the intended recipient(s) only. If you have received this email in error, do not read the contents and do not share with any third party.  Please notify the sender of the erroneous delivery immediately by reply email and promptly delete this message and all attachments from your system.

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, et al., | No. CV-23-00233-TUC-CKJ |
| Plaintiffs, | **CASE MANAGEMENT SCHEDULING ORDER** |
| v. | |
| Michael D Lansky LLC, et al., | |
| Defendants. | |

The Court, having reviewed the parties' Supplemental Joint Case Management Report (Doc. 96), the original case management plan (Doc. 79), and the individual discovery plans (Docs. 89 and 95),

**IT IS ORDERED** that the parties abide by the following schedule and rules:

A.     **Initial disclosures,** under Federal Rules of Civil Procedure ("Federal Rules") 26(a)(1) the parties made these disclosures on **September 6, 2024, except** Defendants failed to produce a copy or description by category and location of all documents, electronically stored information and tangible things that they have in their possession, custody, or control and may use to support their claims or defenses, unless the use would be solely for impeachment. Fed. R. Civ. P. 26(a)(1)(A)(ii). If such disclosures have not been made, Defendants shall make these disclosures within 14 days of the filing date of this Order.

The Court notifies the parties that to satisfy the requirement of Rule 26, the parties shall file a Notice of Service of discovery papers with the Clerk of the Court, rather than

copies of actual disclosures.  See Rules of Practice of the United States District Court for the District of Arizona, Civil ("Local Rules") 5.2.

      B.    **The Federal Rule of Civil Procedure, Rule 15**, shall apply for any joinder of additional parties or to amend the pleadings.

      C.    **Expert Testimony,** pursuant to Federal Rule 26(a)(2), shall take place as follows: Plaintiff shall notice initial expert testimony on or before **September 1, 2025**. Notice of Defendant's initial expert testimony pursuant to Federal Rule 26(a)(2) shall take place on or before **October 1, 2025.** Notice of rebuttal expert testimony shall be completed on or before **October 15, 2025**.

      D.    **Fact witnesses** shall be disclosed by name (i.e., a witness list) to be used at trial pursuant to the provisions of Federal Rule 26(a)(3) on or before **September 1, 2025.**

      E.    **All discovery**, including depositions of parties and witnesses, shall be completed by **November 3, 2025**.

      1.    Generally, the limits on discovery by as set forth in Federal Rules 30, 31, and 33 shall apply:  twenty-five (25) single-part question interrogatories, depositions of parties, except party depositions are limited to Defendants, the lead Plaintiff States of Arizona, Indiana, North Carolina, and Ohio, and any Plaintiff state bringing state law actions against Defendants. The parties may conduct depositions of respective experts and not more than ten non-party fact witness depositions per party.

      2.    Notwithstanding any provisions of the Federal Rules or any other provisions of this Order, non-party witnesses shall not be allowed to attend, physically, electronically or otherwise, the deposition of any other witness in this case without an Order of the Court to the contrary.

      3.    The parties and counsel are reminded of their duty under Federal Rule 26(e) to supplement all Rule 26(a) disclosures and responses to discovery requests. Pursuant to Rule 26(e)(1), any additions or other changes to information previously disclosed must be made prior to the time that Rule 26(a)(3) Pretrial Disclosures are due. *This Order contemplates that all exhibits and witnesses that may be offered at trial will*

*have been disclosed before the close of discovery.*  This Order, therefore, supersedes the "30 days before trial" disclosure deadline contained in Rule 26(a)(3).  Therefore, (1) failure to timely supplement Rule 26(a) disclosure, including but not limited to witnesses and exhibits, or (2) failure to timely supplement responses to any valid discovery requests, or (3) attempting to include any witnesses or exhibits in the Proposed Final Pretrial Order that were not previously disclosed in a timely manner as to allow for meaningful discovery prior to the discovery cutoff date, may result in the exclusion of such evidence at trial or the imposition of sanctions.

        4.      Pursuant to Local Rule 7.2(j), parties must personally consult and make a sincere effort to resolve a discovery dispute before seeking the Court's assistance.  If the parties are unable to resolve a discovery dispute, the parties shall notify the Court by calling the law clerk, Greer Barkley, by telephone at (520) 205-4550.  Written briefs shall be filed only at the direction of the Court.

    F.      Pursuant to Federal Rule of Evidence 502:

        1.      The production of privileged or work-product protected documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

        2.      Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

    G.      **Dispositive motions** shall be filed on or before **December 1, 2025**.

        1.      If a party seeks oral argument on a motion, the party shall request it at the time the motion or response is filed, pursuant to Local Rule 7.2(f).

        2.      Pursuant to Local Rule 7.2, parties may file a motion, response and reply.  No additional briefing on a motion is allowed unless leave of Court is granted.

1    Failure to file a response may be deemed a consent to a granting of the motion. A response

2    must be served and filed within fourteen (14) days of service of the motion; the moving

3    party has seven (7) days from service to serve and file a reply. Federal Rule 56 motions

4    for summary judgment and Federal Rule 12(b)(1) motions to dismiss for lack of subject

5    matter jurisdiction provide an exception to the above time limits – time for response is

6    thirty (30) days and for reply fifteen (15) days. See L.R. 56.1(d). Unless otherwise

7    permitted by the Court, a motion or response, inclusive of supporting memorandum but

8    exclusive of attachments and statement of facts, shall not exceed seventeen (17) pages; a

9    reply shall not exceed eleven (11) pages.

10          3.     The Court advises the parties that the Local Rule requirement that

11   "[a]ny party opposing a motion for summary judgment shall file a statement, separate from

12   that party's memorandum of law, setting forth . . . for each paragraph of the moving party's

13   separate statement of facts, a correspondingly numbered paragraph indicating whether the

14   party disputes the statement of fact set forth in that paragraph and a reference to the specific

15   admissible portion of the record supporting the party's position if the fact is disputed ... [,]"

16   L.R.Civ. 56.1, shall only apply to material facts that establish or dispute a genuine issue in

17   dispute.

18          4.     Any pleading which is submitted with more than one exhibit must be

19   accompanied by a Table of Contents. The exhibits must be indexed with tabs that

20   correspond to the Table of Contents.

21          5.     Absent exigent circumstances, the Court will not consider pleadings

22   which do not conform to these requirements.

23   H.     A brief **Joint Settlement Status Report** (containing no specific settlement

24   terms or offers) on or before **April 1, 2025**, and every three (3) months thereafter. Should

25   this action be resolved through settlement, the parties shall advise the Court within ten (10)

26   days of settlement.

27   I.     The **Joint Proposed Pretrial Order (Pretrial Statement)** shall be filed

28   **within thirty (30) days after resolution of dispositive motions** filed after the end of

- 4 -

discovery. If no such motions are filed, a Joint Proposed Pretrial Order will be due on or before **December 15, 2025**. The content of the proposed pretrial order shall include, but not be limited to, that prescribed in the **Form of Pretrial Order attached hereto**.

      1.    Pursuant to Federal Rule 37(c), the Court will not allow the parties to offer any exhibits, witnesses or other information that were not previously disclosed in accordance with the provisions of this Order and the Federal Rules of Civil Procedure, or not listed in the Proposed Pretrial Order, except for good cause.

      2.    The attorneys for each party who will be responsible for trial of the lawsuit shall appear and participate in a Pretrial Conference to be scheduled by the Court after receipt of the pretrial order. Because Pretrial Conferences are held for the parties' benefit, and because the parties' presence will facilitate frank discussion of the pertinent issues in the lawsuit, each party or a representative with binding settlement authority shall attend the Pretrial Conference.

      3.    Parties are directed to the District of Arizona website located at www.azd.uscourts.gov for instructions on marking and submitting exhibits including exhibit lists and witness lists for trial or evidentiary hearings. Parties are responsible for providing their own exhibit tags. Plaintiff must use yellow tags which are marked commencing with number 1. Defendant must use blue tags which are numbered sequentially following the last number used by Plaintiff. Counsel shall submit the witness and exhibit lists to the Deputy Clerk no later than the morning of trial. Copies of exhibits for the Judge shall be in a tabbed binder.

J.    For a **trial before the Court,** rather than to a jury, the parties shall submit with their Proposed Pretrial Order, **Proposed Findings of Fact and Conclusions of Law**. They shall be submitted in both written format and emailed to the chambers email address, see infra, in a format compatible with Microsoft Word.

K.    **Motions in limine** shall be filed along with the Proposed Pretrial Order. Responses to motions in limine are due fourteen (14) days after the motion is filed. No

1  replies are permitted.  Each motion in limine shall include the legal basis supporting it.

2  Any hearing on motions in limine will be set at the Pretrial Conference.

3      L.      All non-dispositive motions shall be accompanied by a form of order for the

4  Court's signature.  Pursuant to Local Rule 7.1(b)(2), the form of order shall be prepared on

5  a separate document containing the case caption.  The form of order shall not contain the

6  parties' letterhead.  The proposed form of order shall be emailed to the chambers email

7  address:  jorgenson_chambers@azd.uscourts.gov.  ECF Administrative Policies and

8  Procedures Manual, § II.G.1.c.

9      M.      Motions for extensions of any of the deadlines set forth above shall be

10  governed by Federal Rule 16 and Local Rule 7.3.  A motion for continuance shall be filed

11  prior to the expiration of the deadline.  See Local Rule 7.3.  The schedule set forth in this

12  Order may only be modified with leave of Court and upon a showing of good cause.  See

13  Federal Rule 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-10 (9th Cir.

14  1992) (requiring a showing of good cause under Rule 16 to amend complaint beyond the

15  scheduling order deadline).  Additionally, any motion for continuance of a discovery

16  deadline, including a stipulation, shall set forth specifically what discovery has been

17  conducted to date, the discovery to be completed, and the reasons why discovery has not

18  been completed within the deadline.

19      This order contemplates that each party will conduct discovery in such a manner as

20  to complete, within the deadline, any and all discovery.  "Last minute or eleventh hour"

21  discovery which results in insufficient time to undertake additional discovery and requires

22  an extension of the discovery deadline will be met with disfavor, and could result in denial

23  of an extension, exclusion of evidence, or the imposition of other sanctions.

24      Dated this 10th day of December, 2024.

25

26

27  Honorable Cindy K. Jorgenson
    United States District Judge

28

- 6 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ,<br><br>Plaintiff,<br><br>vs.<br><br>,<br><br>Defendant. | )<br>)<br>)<br>)    No. CIV          -TUC-CKJ<br>)<br>)    **PROPOSED JOINT PRETRIAL ORDER**<br>)<br>)<br>)<br>) |

Pursuant to the Scheduling Order entered _____, 20__, following is the Joint Proposed Final Pretrial Order to be considered at the pretrial conference.

**A.    COUNSEL FOR THE PARTIES**

Plaintiff(s):

Defendant(s):

**B.    STATEMENT OF JURISDICTION**

Cite the statute(s) that gives the Court jurisdiction, and whether jurisdiction is disputed.

(E.g.:  Jurisdiction in this case is based on diversity of citizenship under Title 28 U.S.C. § 1332.  Jurisdiction is (not) disputed.)

**C.    NATURE OF ACTION**

Provide a concise statement of the type of case, the cause of the action, and the relief sought.

(E.g.:  This is a products liability case wherein the plaintiff seeks damages for personal injuries sustained when he fell from the driver's seat of a forklift.  The

plaintiff contends that the forklift was defectively designed and manufactured by the defendant and that the defects were a producing cause of his injuries and damages.)

**D.   CONTENTIONS OF THE PARTIES**

With respect to each count of the complaint, counterclaim or cross-claim, and to any defense, affirmative defense, or the rebuttal of a presumption where the burden of proof has shifted, the party having the burden of proof shall list the elements or standards that must be proved in order for the party to prevail on that claim or defense.

(E.g.:  In order to prevail on this products liability case, the plaintiff must prove the following elements . . . )

(E.g.:  In order to defeat this products liability claim based on the statute of repose, the defendant must prove the following elements . . . )

**E.   STIPULATIONS AND UNCONTESTED FACTS**

**F.   CONTESTED ISSUES OF FACT AND LAW**

**G.   LISTS OF WITNESSES**

A jointly prepared list of witnesses, identifying each as either plaintiff's or defendant's and indicating whether a fact or expert witness, must accompany this proposed order.

A brief statement as to the testimony of each expert witness must be included.

**H.   LIST OF EXHIBITS**

Each party must submit with this proposed order a list of numbered exhibits, with a description of each containing sufficient information to identify the exhibit, and indicating whether an objection to its admission is anticipated.

Exhibits should be marked according to instructions received from the court.

**I.   MOTIONS IN LIMINE**

Motions in limine shall be filed and served upon each party with this proposed order.  Any opposition shall be filed and served within fourteen (14) days.

1    **J.**    **LIST OF ANY PENDING MOTIONS**

2    **K.**    **PROBABLE LENGTH OF TRIAL**

3    **L.**    **FOR A BENCH TRIAL**

4       Proposed findings of fact and conclusions of law shall be served and filed on each

5       party with this proposed order.

6    **M.**    **FOR A JURY TRIAL**

7       Stipulated jury instructions shall be filed thirty (30) days before trial.  Instructions

8       which are not agreed upon, and a concise argument in support of the instruction,

9       shall be filed and served upon each party thirty (30) days before trial.  Objections

10      to the non-agreed upon instructions shall be filed and served upon each party

11      within fourteen (14) days.

12    **N.**    **CERTIFICATION**

13      The undersigned counsel for each of the parties in this action do hereby certify and

14      acknowledge the following:

15      1.      All discovery has been completed.

16      2.      The identity of each witness has been disclosed to opposing counsel.

17      3.      Each exhibit listed herein:  (a) is in existence; (b) is numbered, and: (c) has

18           been disclosed and shown to opposing counsel.

19    **O.**    **ADOPTION**

20      The Court may adopt this proposed Joint Pretrial Order at the Pre-Trial Conference

21      or subsequent hearing.

22      DATED this _____ day of _____, 20___.

23             APPROVED AS TO FORM AND CONTENT

24

25 _____        _____

26 Attorney for Plaintiff                Attorney for Defendant

27

28

| From: | Layman, James |
|---|---|
| To: | Silsa Cabezas |
| Cc: | Nayer, Tracy; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; Sparko, Rochelle; thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov; Neil Ende; Greg Taylor |
| Subject: | RE: AZ v Avid Telecom -Deposition Notice - State of Vermont (4-22-25) |
| Date: | Thursday, April 24, 2025 10:32:51 AM |

Counsel:

Pursuant to the Court's Case Management Scheduling Order, Plaintiff State of Vermont objects to the notice of deposition as outside the scope of the discovery limitations set by the Court. The Order expressly limits party depositions to Defendants, the lead Plaintiff states of Arizona, Indiana, North Carolina, and Ohio, and any Plaintiff state bringing state law claims against Defendants. Because the State of Vermont is neither a lead plaintiff state nor a plaintiff state bringing state law claims, it is not subject to being deposed in this action. Accordingly, the State of Vermont requests that you withdraw your 30(b)(6) notice of deposition.

Sincerely,

James Layman

James Layman
Assistant Attorney General
Vermont Office of the Attorney General
Environmental and Public Protection Division
109 State Street
Montpelier, VT 05609-1001
802.828.2315
james.layman@vermont.gov

---

**From:** Silsa Cabezas <scabezas@tlgdc.com>
**Sent:** Tuesday, April 22, 2025 6:07 PM
**To:** Layman, James <James.Layman@vermont.gov>
**Cc:** tnayer@ncdoj.gov; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; rsparko@ncdoj.gov; thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov; Neil Ende <nende@tlgdc.com>; Greg Taylor <gtaylor@telecomlawattorney.com>
**Subject:** AZ v Avid Telecom -Deposition Notice - State of Vermont (4-22-25)

> You don't often get email from scabezas@tlgdc.com. Learn why this is important
> **EXTERNAL SENDER: Do not open attachments or click on links unless you recognize and trust the sender.**

Please see attached 30 (b)(6) deposition notice.

Please confirm receipt by return email. We ask that you designate and provide the name of a witness with knowledge, to testify on behalf of the State/Commonwealth as soon as possible and that you provide dates of availability in May and June.

Thank you.

TECHNOLOGY LAW GROUP
202.895.1707 (Office)
202.478.5074 (Facsimile)
scabezas@tlgdc.com

ATTORNEY-CLIENT PRIVILEGE/CONFIDENTIALITY NOTICE:  This message and any attachments may contain confidential information and may be ATTORNEY CLIENT PRIVILEGED AND/OR constitute ATTORNEY WORK PRODUCT and should not be shared with third parties.  This message is for use by the intended recipient(s) only. If you have received this email in error, do not read the contents and do not share with any third party.  Please notify the sender of the erroneous delivery immediately by reply email and promptly delete this message and all attachments from your system.

| | |
|---|---|
| **From:** | Cameron Geeting |
| **To:** | Silsa Cabezas |
| **Cc:** | Nayer, Tracy; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; Sparko, Rochelle; thomas.martindale@atg.in.gov; Erin.Leahy@OhioAGO.gov; Neil Ende; Greg Taylor |
| **Subject:** | Re: AZ v Avid Telecom -Deposition Notice - State of Wyoming (4-22-25) |
| **Date:** | Monday, April 28, 2025 11:18:03 AM |

Good morning counsel:

Pursuant to the Court's Case Management Scheduling Order, the State of Wyoming objects to the notice of deposition as outside the scope of the discovery limitations set by the Court. The Order expressly limits party depositions to Defendants, the lead Plaintiff states of Arizona, Indiana, North Carolina, and Ohio, and any Plaintiff state bringing state law claims against Defendants. Because the State of Wyoming is neither a lead plaintiff state nor a plaintiff state bringing state law claims, it is not subject to being deposed in this action. Accordingly, the State of Wyoming requests that you withdraw your 30(b)(6) notice of deposition.

Respectfully,
Cameron W. Geeting
Senior Assistant Attorney General
Consumer Protection and Antitrust Unit (CPAU)
Wyoming Attorney General's Office
2320 Capitol Avenue
Cheyenne, WY 82002
(307) 777-3795
cameron.geeting1@wyo.gov


On Tue, Apr 22, 2025 at 4:11 PM Silsa Cabezas <scabezas@tlgdc.com> wrote:

> Please see attached 30 (b)(6) deposition notice.
>
>
> Please confirm receipt by return email. We ask that you designate and provide the name of a witness with knowledge, to testify on behalf of the State/Commonwealth as soon as possible and that you provide dates of availability in May and June.
>
>
> Thank you.
>
>
>
> TECHNOLOGY LAW GROUP
> 202.895.1707 (Office)
> 202.478.5074 (Facsimile)

scabezas@tlgdc.com

ATTORNEY-CLIENT PRIVILEGE/CONFIDENTIALITY NOTICE:  This message and any attachments may contain confidential information and may be ATTORNEY CLIENT PRIVILEGED AND/OR constitute ATTORNEY WORK PRODUCT and should not be shared with third parties.  This message is for use by the intended recipient(s) only. If you have received this email in error, do not read the contents and do not share with any third party.  Please notify the sender of the erroneous delivery immediately by reply email and promptly delete this message and all attachments from your system.

E-Mail to and from me, in connection with the transaction of public business, is subject to the Wyoming Public Records Act and may be disclosed to third parties.

| From: | Amanda Wentz |
|---|---|
| To: | Silsa Cabezas |
| Cc: | Nayer, Tracy; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; Sparko, Rochelle; thomas.martindale@atg.in.gov; Neil Ende; Greg Taylor; Erin Leahy-Connolly; Johanna Hinkle |
| Subject: | Re: Deposition Notice - 30b6 - State of Arkansas (4-22-25) |
| Date: | Thursday, April 24, 2025 2:27:10 PM |
| Attachments: | Outlook-tbehgrfk.png |

Counsel:

 Pursuant to the Court's Case Management Scheduling Order, Plaintiff State of Arkansas, ex rel. Tim Griffin, Attorney General (the "State of Arkansas") objects to the notice of deposition as outside the scope of the discovery limitations set by the Court.  The Order expressly limits party depositions to Defendants, the lead Plaintiff states of Arizona, Indiana, North Carolina, and Ohio, and any Plaintiff state bringing state law claims against Defendants.  Because the State of Arkansas is neither a lead plaintiff state nor a plaintiff state bringing state law claims, it is not subject to being deposed in this action. Accordingly, the State of Arkansas requests that you withdraw your 30(b)(6) notice of deposition.


Best,


Amanda J. Wentz, Assistant Attorney General

**Office of Attorney General Tim Griffin**

323 Center Street, Suite 200

Little Rock, Arkansas 72201

www.ArkansasAG.gov


(501) 682-2007 (Main)

(501) 682-1178 (Direct)

(501) 682-8118 (Fax)



CONFIDENTIALITY NOTICE

This e-mail may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. If you are not the addressee or it appears from the context or otherwise that you have received this e-mail in error, please advise me immediately by reply e-mail, keep the contents confidential, and immediately delete the message and any attachments from your system.

**From:** Silsa Cabezas <scabezas@tlgdc.com>
**Sent:** Tuesday, April 22, 2025 2:46 PM
**To:** Amanda Wentz <amanda.wentz@arkansasag.gov>
**Cc:** tnayer@ncdoj.gov <tnayer@ncdoj.gov>; alyse.meislik@azag.gov <alyse.meislik@azag.gov>; douglas.swetnam@atg.in.gov <douglas.swetnam@atg.in.gov>; dylan.jones@azag.gov <dylan.jones@azag.gov>; laura.dilweg@azag.gov <laura.dilweg@azag.gov>; michel.singernelson@coag.gov <michel.singernelson@coag.gov>; sarah.pelton@azag.gov

<sarah.pelton@azag.gov>; rsparko@ncdoj.gov <rsparko@ncdoj.gov>;
thomas.martindale@atg.in.gov <thomas.martindale@atg.in.gov>; Neil Ende <nende@tlgdc.com>;
Greg Taylor <gtaylor@telecomlawattorney.com>
**Subject:** Deposition Notice - 30b6 - State of Arkansas (4-22-25)

You don't often get email from scabezas@tlgdc.com. Learn why this is important

Please see attached 30 (b)(6) deposition notice.

Please confirm receipt by return email. We ask that you designate and provide the
name of a witness with knowledge, to testify on behalf of the State/Commonwealth as
soon as possible and that you provide dates of availability in May and June.

Thank you.


TECHNOLOGY LAW GROUP
202.895.1707 (Office)
202.478.5074 (Facsimile)
scabezas@tlgdc.com

ATTORNEY-CLIENT PRIVILEGE/CONFIDENTIALITY NOTICE:  This message and any attachments may contain
confidential information and may be ATTORNEY CLIENT PRIVILEGED AND/OR constitute ATTORNEY WORK PRODUCT
and should not be shared with third parties.  This message is for use by the intended recipient(s) only. If you have
received this email in error, do not read the contents and do not share with any third party.  Please notify the
sender of the erroneous delivery immediately by reply email and promptly delete this message and all attachments
from your system.

| From: | Leong, Christopher JI |
|---|---|
| To: | Silsa Cabezas |
| Cc: | Nayer, Tracy; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; Sparko, Rochelle; thomas.martindale@atg.in.gov; erin.leahy@OhioAGO.gov; Neil Ende; Greg Taylor |
| Subject: | RE: Deposition Notice - 30b6 - State of Hawaii (4-22-25) |
| Date: | Thursday, April 24, 2025 10:34:32 PM |

Counsel:

Pursuant to the Court's Case Management Scheduling Order, Plaintiff State of Hawaii objects to the notice of deposition as outside the scope of the discovery limitations set by the Court. The Order expressly limits party depositions to Defendants, the lead Plaintiff states of Arizona, Indiana, North Carolina, and Ohio, and any Plaintiff state bringing state law claims against Defendants. Because the State of Hawaii is neither a lead plaintiff state nor a plaintiff state bringing state law claims, it is not subject to being deposed in this action. Accordingly, the State of Hawaii requests that you withdraw your 30(b)(6) notice of deposition.

Thank you.

**Christopher J.I. Leong**
Supervising Deputy Attorney General
Commerce and Economic Development Division
Department of the Attorney General
425 Queen Street
Honolulu, Hawai'i 96813
Phone: 808-586-1180
Fax:    808-586-1205
Email:  christopher.ji.leong@hawaii.gov

**Confidentiality Notice:** This email message (and any attachments) is for the sole use of the intended recipient(s). It may contain confidential and/or privileged information. It might also be protected from disclosure under the Hawai'i Uniform Information Practices Act (UIPA) or other laws or regulations. Any review, use, disclosure, or distribution by unintended recipients is prohibited. If you are not the intended recipient, please contact the sender immediately in a separate e-mail and destroy the original message and any copies.

**From:** Silsa Cabezas <scabezas@tlgdc.com>
**Sent:** Tuesday, April 22, 2025 9:52 AM
**To:** Leong, Christopher JI <christopher.ji.leong@hawaii.gov>
**Cc:** tnayer@ncdoj.gov; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; rsparko@ncdoj.gov; thomas.martindale@atg.in.gov; Neil Ende <nende@tlgdc.com>; Greg Taylor <gtaylor@telecomlawattorney.com>
**Subject:** [EXTERNAL] Deposition Notice - 30b6 - State of Hawaii (4-22-25)

Please see attached 30 (b)(6) deposition notice.

Please confirm receipt by return email. We ask that you designate and provide the name of a witness with knowledge, to testify on behalf of the State/Commonwealth as soon as possible and that you provide dates of availability in May and June.

Thank you.

TECHNOLOGY LAW GROUP
202.895.1707 (Office)
202.478.5074 (Facsimile)
scabezas@tlgdc.com

ATTORNEY-CLIENT PRIVILEGE/CONFIDENTIALITY NOTICE:  This message and any attachments may contain confidential information and may be ATTORNEY CLIENT PRIVILEGED AND/OR constitute ATTORNEY WORK PRODUCT and should not be shared with third parties.  This message is for use by the intended recipient(s) only. If you have received this email in error, do not read the contents and do not share with any third party.  Please notify the sender of the erroneous delivery immediately by reply email and promptly delete this message and all attachments from your system.

| From: | Stewart, Mary |
| --- | --- |
| To: | Silsa Cabezas |
| Cc: | Nayer, Tracy; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; Sparko, Rochelle; thomas.martindale@atg.in.gov; Neil Ende; Greg Taylor |
| Subject: | RE: Deposition Notice - 30b6 - State of New Hampshire (4-22-25) |
| Date: | Thursday, April 24, 2025 10:26:04 AM |

Attorney Ende,

Pursuant to the Court's Case Management Scheduling Order, party depositions are limited to Defendants, the lead Plaintiff states of Arizona, Indiana, North Carolina, and Ohio, and any Plaintiff state bringing state law claims against Defendants.  Because the State of New Hampshire is neither a lead plaintiff state nor a plaintiff state bringing state law claims, it is not subject to being deposed in this action.

Plaintiff State of New Hampshire objects to the notice of deposition as outside the scope of the discovery limitations set by the Court.

Accordingly, the State requests that you withdraw your 30(b)(6) notice of deposition to the State of New Hampshire.

Mary

Mary F. Stewart
Assistant Attorney General
NH Department of Justice/Office of the Attorney General
1 Granite Place South
Concord, NH  03301
603-271-1139

**From:** Silsa Cabezas <scabezas@tlgdc.com>
**Sent:** Tuesday, April 22, 2025 3:56 PM
**To:** Stewart, Mary <Mary.F.Stewart@doj.nh.gov>
**Cc:** tnayer@ncdoj.gov; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; rsparko@ncdoj.gov; thomas.martindale@atg.in.gov; Neil Ende <nende@tlgdc.com>; Greg Taylor <gtaylor@telecomlawattorney.com>
**Subject:** Deposition Notice - 30b6 - State of New Hampshire (4-22-25)

**EXTERNAL EMAIL WARNING!** This email originated outside of the New Hampshire Executive Branch network. Do not open attachments or click on links unless you recognize the sender and are expecting the email. Do not enter your username and password on sites that you have reached through an email link. Forward suspicious and unexpected messages by clicking the Phish Alert button in your Outlook and if you did click or enter credentials by mistake, report it immediately to helpdesk@doit.nh.gov!

Please see attached 30 (b)(6) deposition notice.

Please confirm receipt by return email. We ask that you designate and provide the name of a witness with knowledge, to testify on behalf of the State/Commonwealth as soon as possible and that you provide dates of availability in May and June.

Thank you.

TECHNOLOGY LAW GROUP
202.895.1707 (Office)
202.478.5074 (Facsimile)
scabezas@tlgdc.com

ATTORNEY-CLIENT PRIVILEGE/CONFIDENTIALITY NOTICE:  This message and any attachments may contain confidential information and may be ATTORNEY CLIENT PRIVILEGED AND/OR constitute ATTORNEY WORK PRODUCT and should not be shared with third parties.  This message is for use by the intended recipient(s) only. If you have received this email in error, do not read the contents and do not share with any third party.  Please notify the sender of the erroneous delivery immediately by reply email and promptly delete this message and all attachments from your system.

| From: | Jesse Sierant |
|---|---|
| To: | scabezas@tlgdc.com; nende@tlgdc.com; gtaylor@telecomlawattorney.com |
| Cc: | Jeff Koziar; Alyse.Meislik@azag.gov; Douglas Swetnam (IN AG; Dylan Jones (AZ AG; Erin Leahy; Laura Dilweg (AZ AG; Michel Singer Nelson (CO AG; Nayer, Tracy; Sarah Pelton (AZ AG; Sparko, Rochelle; Thomas Martindale (IN AG; Erin Leahy |
| Subject: | RE: Deposition Notice - 30b6 - State of New Jersey (4-22-25) |
| Date: | Thursday, April 24, 2025 7:55:32 PM |
| Attachments: | 102 - Scheduling ORDER.pdf |

Counsel,

Pursuant to the Court's Case Management Scheduling Order (attached), Plaintiff State of
New Jersey objects to the notice of deposition as outside the scope of the discovery
limitations set by the Court. The Case Management Scheduling Order expressly limits
party depositions to Defendants, the lead Plaintiff states of Arizona, Indiana, North
Carolina, and Ohio, and any Plaintiff state bringing state law claims against Defendants.
Because the State of New Jersey is neither a lead plaintiff state nor a plaintiff state
bringing state law claims, it is not subject to being deposed in this action.

Accordingly, the State of New Jersey requests that you withdraw your R. 30(b)(6) notice of
deposition.

Sincerely,


Jesse J. Sierant
Deputy Attorney General/Section Chief
Consumer Fraud Prosecution Section
Department of Law & Public Safety - Division of Law
State of New Jersey Office of the Attorney General
124 Halsey Street, P.O. Box 45029
Newark, NJ 07101
Tel:  609-696-5363
Fax:  973-648-3956
Jesse.Sierant@law.njoag.gov


**From:** Silsa Cabezas <scabezas@tlgdc.com>
**Sent:** Tuesday, April 22, 2025 3:58:37 PM
**To:** Deepta Janardhan <Deepta.Janardhan@law.njoag.gov>; Jeff Koziar <Jeff.Koziar@law.njoag.gov>
**Cc:** tnayer@ncdoj.gov <tnayer@ncdoj.gov>; alyse.meislik@azag.gov <alyse.meislik@azag.gov>;
douglas.swetnam@atg.in.gov <douglas.swetnam@atg.in.gov>; dylan.jones@azag.gov
<dylan.jones@azag.gov>; laura.dilweg@azag.gov <laura.dilweg@azag.gov>;
michel.singernelson@coag.gov <michel.singernelson@coag.gov>; sarah.pelton@azag.gov
<sarah.pelton@azag.gov>; rsparko@ncdoj.gov <rsparko@ncdoj.gov>;
thomas.martindale@atg.in.gov <thomas.martindale@atg.in.gov>; Neil Ende <nende@tlgdc.com>;
Greg Taylor <gtaylor@telecomlawattorney.com>
**Subject:** [EXTERNAL] Deposition Notice - 30b6 - State of New Jersey (4-22-25)

Please see attached 30 (b)(6) deposition notice.

Please confirm receipt by return email. We ask that you designate and provide the name of a witness with knowledge, to testify on behalf of the State/Commonwealth as soon as possible and that you provide dates of availability in May and June.

Thank you.

TECHNOLOGY LAW GROUP
202.895.1707 (Office)
202.478.5074 (Facsimile)
scabezas@tlgdc.com

ATTORNEY-CLIENT PRIVILEGE/CONFIDENTIALITY NOTICE: This message and any attachments may contain confidential information and may be ATTORNEY CLIENT PRIVILEGED AND/OR constitute ATTORNEY WORK PRODUCT and should not be shared with third parties. This message is for use by the intended recipient(s) only. If you have received this email in error, do not read the contents and do not share with any third party. Please notify the sender of the erroneous delivery immediately by reply email and promptly delete this message and all attachments from your system.

CONFIDENTIALITY NOTICE The information contained in this communication from the Office of the New Jersey Attorney General is privileged and confidential and is intended for the sole use of the persons or entities who are the addressees. If you are not an intended recipient of this e-mail, the dissemination, distribution, copying or use of the information it contains is strictly prohibited. If you have received this communication in error, please immediately contact the Office of the Attorney General at (609) 292-4925 to arrange for the return of this information.

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, et al., | No. CV-23-00233-TUC-CKJ |
| Plaintiffs, | **CASE MANAGEMENT SCHEDULING ORDER** |
| v. | |
| Michael D Lansky LLC, et al., | |
| Defendants. | |

The Court, having reviewed the parties' Supplemental Joint Case Management Report (Doc. 96), the original case management plan (Doc. 79), and the individual discovery plans (Docs. 89 and 95),

**IT IS ORDERED** that the parties abide by the following schedule and rules:

A. **Initial disclosures,** under Federal Rules of Civil Procedure ("Federal Rules") 26(a)(1) the parties made these disclosures on **September 6, 2024, except** Defendants failed to produce a copy or description by category and location of all documents, electronically stored information and tangible things that they have in their possession, custody, or control and may use to support their claims or defenses, unless the use would be solely for impeachment. Fed. R. Civ. P. 26(a)(1)(A)(ii). If such disclosures have not been made, Defendants shall make these disclosures within 14 days of the filing date of this Order.

The Court notifies the parties that to satisfy the requirement of Rule 26, the parties shall file a Notice of Service of discovery papers with the Clerk of the Court, rather than

copies of actual disclosures.  See Rules of Practice of the United States District Court for the District of Arizona, Civil ("Local Rules") 5.2.

B.      **The Federal Rule of Civil Procedure, Rule 15**, shall apply for any joinder of additional parties or to amend the pleadings.

C.      **Expert Testimony,** pursuant to Federal Rule 26(a)(2), shall take place as follows: Plaintiff shall notice initial expert testimony on or before **September 1, 2025**. Notice of Defendant's initial expert testimony pursuant to Federal Rule 26(a)(2) shall take place on or before **October 1, 2025.** Notice of rebuttal expert testimony shall be completed on or before **October 15, 2025**.

D.      **Fact witnesses** shall be disclosed by name (i.e., a witness list) to be used at trial pursuant to the provisions of Federal Rule 26(a)(3) on or before **September 1, 2025.**

E.      **All discovery**, including depositions of parties and witnesses, shall be completed by **November 3, 2025**.

1.      Generally, the limits on discovery by as set forth in Federal Rules 30, 31, and 33 shall apply:  twenty-five (25) single-part question interrogatories, depositions of parties, except party depositions are limited to Defendants, the lead Plaintiff States of Arizona, Indiana, North Carolina, and Ohio, and any Plaintiff state bringing state law actions against Defendants. The parties may conduct depositions of respective experts and not more than ten non-party fact witness depositions per party.

2.      Notwithstanding any provisions of the Federal Rules or any other provisions of this Order, non-party witnesses shall not be allowed to attend, physically, electronically or otherwise, the deposition of any other witness in this case without an Order of the Court to the contrary.

3.      The parties and counsel are reminded of their duty under Federal Rule 26(e) to supplement all Rule 26(a) disclosures and responses to discovery requests. Pursuant to Rule 26(e)(1), any additions or other changes to information previously disclosed must be made prior to the time that Rule 26(a)(3) Pretrial Disclosures are due. *This Order contemplates that all exhibits and witnesses that may be offered at trial will*

*have been disclosed before the close of discovery.* This Order, therefore, supersedes the "30 days before trial" disclosure deadline contained in Rule 26(a)(3). Therefore, (1) failure to timely supplement Rule 26(a) disclosure, including but not limited to witnesses and exhibits, or (2) failure to timely supplement responses to any valid discovery requests, or (3) attempting to include any witnesses or exhibits in the Proposed Final Pretrial Order that were not previously disclosed in a timely manner as to allow for meaningful discovery prior to the discovery cutoff date, may result in the exclusion of such evidence at trial or the imposition of sanctions.

       4.    Pursuant to Local Rule 7.2(j), parties must personally consult and make a sincere effort to resolve a discovery dispute before seeking the Court's assistance. If the parties are unable to resolve a discovery dispute, the parties shall notify the Court by calling the law clerk, Greer Barkley, by telephone at (520) 205-4550. Written briefs shall be filed only at the direction of the Court.

    F.    Pursuant to Federal Rule of Evidence 502:

       1.    The production of privileged or work-product protected documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

       2.    Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

    G.    **Dispositive motions** shall be filed on or before **December 1, 2025**.

       1.    If a party seeks oral argument on a motion, the party shall request it at the time the motion or response is filed, pursuant to Local Rule 7.2(f).

       2.    Pursuant to Local Rule 7.2, parties may file a motion, response and reply. No additional briefing on a motion is allowed unless leave of Court is granted.

Failure to file a response may be deemed a consent to a granting of the motion.  A response must be served and filed within fourteen (14) days of service of the motion; the moving party has seven (7) days from service to serve and file a reply.  Federal Rule 56 motions for summary judgment and Federal Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction provide an exception to the above time limits – time for response is thirty (30) days and for reply fifteen (15) days.  See L.R. 56.1(d).  Unless otherwise permitted by the Court, a motion or response, inclusive of supporting memorandum but exclusive of attachments and statement of facts, shall not exceed seventeen (17) pages; a reply shall not exceed eleven (11) pages.

3. The Court advises the parties that the Local Rule requirement that "[a]ny party opposing a motion for summary judgment shall file a statement, separate from that party's memorandum of law, setting forth . . . for each paragraph of the moving party's separate statement of facts, a correspondingly numbered paragraph indicating whether the party disputes the statement of fact set forth in that paragraph and a reference to the specific admissible portion of the record supporting the party's position if the fact is disputed ... [,]" L.R.Civ. 56.1, shall only apply to material facts that establish or dispute a genuine issue in dispute.

4. Any pleading which is submitted with more than one exhibit must be accompanied by a Table of Contents.  The exhibits must be indexed with tabs that correspond to the Table of Contents.

5. Absent exigent circumstances, the Court will not consider pleadings which do not conform to these requirements.

H. A brief **Joint Settlement Status Report** (containing no specific settlement terms or offers) on or before **April 1, 2025**, and every three (3) months thereafter.  Should this action be resolved through settlement, the parties shall advise the Court within ten (10) days of settlement.

I. The **Joint Proposed Pretrial Order (Pretrial Statement)** shall be filed **within thirty (30) days after resolution of dispositive motions** filed after the end of

discovery. If no such motions are filed, a Joint Proposed Pretrial Order will be due on or before **December 15, 2025**. The content of the proposed pretrial order shall include, but not be limited to, that prescribed in the **Form of Pretrial Order attached hereto**.

       1.    Pursuant to Federal Rule 37(c), the Court will not allow the parties to offer any exhibits, witnesses or other information that were not previously disclosed in accordance with the provisions of this Order and the Federal Rules of Civil Procedure, or not listed in the Proposed Pretrial Order, except for good cause.

       2.    The attorneys for each party who will be responsible for trial of the lawsuit shall appear and participate in a Pretrial Conference to be scheduled by the Court after receipt of the pretrial order. Because Pretrial Conferences are held for the parties' benefit, and because the parties' presence will facilitate frank discussion of the pertinent issues in the lawsuit, each party or a representative with binding settlement authority shall attend the Pretrial Conference.

       3.    Parties are directed to the District of Arizona website located at www.azd.uscourts.gov for instructions on marking and submitting exhibits including exhibit lists and witness lists for trial or evidentiary hearings. Parties are responsible for providing their own exhibit tags. Plaintiff must use yellow tags which are marked commencing with number 1. Defendant must use blue tags which are numbered sequentially following the last number used by Plaintiff. Counsel shall submit the witness and exhibit lists to the Deputy Clerk no later than the morning of trial. Copies of exhibits for the Judge shall be in a tabbed binder.

    J.    For a **trial before the Court,** rather than to a jury, the parties shall submit with their Proposed Pretrial Order, **Proposed Findings of Fact and Conclusions of Law**. They shall be submitted in both written format and emailed to the chambers email address, see infra, in a format compatible with Microsoft Word.

    K.    **Motions in limine** shall be filed along with the Proposed Pretrial Order. Responses to motions in limine are due fourteen (14) days after the motion is filed. No

1  replies are permitted. Each motion in limine shall include the legal basis supporting it.

2  Any hearing on motions in limine will be set at the Pretrial Conference.

3        L.     All non-dispositive motions shall be accompanied by a form of order for the

4  Court's signature. Pursuant to Local Rule 7.1(b)(2), the form of order shall be prepared on

5  a separate document containing the case caption. The form of order shall not contain the

6  parties' letterhead. The proposed form of order shall be emailed to the chambers email

7  address: jorgenson_chambers@azd.uscourts.gov. ECF Administrative Policies and

8  Procedures Manual, § II.G.1.c.

9        M.    Motions for extensions of any of the deadlines set forth above shall be

10 governed by Federal Rule 16 and Local Rule 7.3. A motion for continuance shall be filed

11 prior to the expiration of the deadline. See Local Rule 7.3. The schedule set forth in this

12 Order may only be modified with leave of Court and upon a showing of good cause. See

13 Federal Rule 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-10 (9th Cir.

14 1992) (requiring a showing of good cause under Rule 16 to amend complaint beyond the

15 scheduling order deadline). Additionally, any motion for continuance of a discovery

16 deadline, including a stipulation, shall set forth specifically what discovery has been

17 conducted to date, the discovery to be completed, and the reasons why discovery has not

18 been completed within the deadline.

19      This order contemplates that each party will conduct discovery in such a manner as

20 to complete, within the deadline, any and all discovery. "Last minute or eleventh hour"

21 discovery which results in insufficient time to undertake additional discovery and requires

22 an extension of the discovery deadline will be met with disfavor, and could result in denial

23 of an extension, exclusion of evidence, or the imposition of other sanctions.

24      Dated this 10th day of December, 2024.

25

26

27                                   Honorable Cindy K. Jorgenson

28                                   United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6            IN THE UNITED STATES DISTRICT COURT
7              FOR THE DISTRICT OF ARIZONA
8        ,                           )
9        Plaintiff,                  )
                                     )    No. CIV        -TUC-CKJ
10  vs.                              )
                                     )    **PROPOSED JOINT PRETRIAL ORDER**
11       ,                           )
                                     )
12       Defendant.                  )
                                     )
13  _____)

14        Pursuant to the Scheduling Order entered _____, 20__, following

15  is the Joint Proposed Final Pretrial Order to be considered at the pretrial conference.

16  **A.    COUNSEL FOR THE PARTIES**

17        Plaintiff(s):

18        Defendant(s):

19  **B.    STATEMENT OF JURISDICTION**

20        Cite the statute(s) that gives the Court jurisdiction, and whether jurisdiction is

21        disputed.

22        (E.g.:  Jurisdiction in this case is based on diversity of citizenship under Title 28

23        U.S.C. § 1332.  Jurisdiction is (not) disputed.)

24  **C.    NATURE OF ACTION**

25        Provide a concise statement of the type of case, the cause of the action, and the

26        relief sought.

27        (E.g.:  This is a products liability case wherein the plaintiff seeks damages for

28        personal injuries sustained when he fell from the driver's seat of a forklift.  The

plaintiff contends that the forklift was defectively designed and manufactured by the defendant and that the defects were a producing cause of his injuries and damages.)

**D.   CONTENTIONS OF THE PARTIES**

With respect to each count of the complaint, counterclaim or cross-claim, and to any defense, affirmative defense, or the rebuttal of a presumption where the burden of proof has shifted, the party having the burden of proof shall list the elements or standards that must be proved in order for the party to prevail on that claim or defense.

(E.g.:  In order to prevail on this products liability case, the plaintiff must prove the following elements . . . )

(E.g.:  In order to defeat this products liability claim based on the statute of repose, the defendant must prove the following elements . . . )

**E.   STIPULATIONS AND UNCONTESTED FACTS**

**F.   CONTESTED ISSUES OF FACT AND LAW**

**G.   LISTS OF WITNESSES**

A jointly prepared list of witnesses, identifying each as either plaintiff's or defendant's and indicating whether a fact or expert witness, must accompany this proposed order.

A brief statement as to the testimony of each expert witness must be included.

**H.   LIST OF EXHIBITS**

Each party must submit with this proposed order a list of numbered exhibits, with a description of each containing sufficient information to identify the exhibit, and indicating whether an objection to its admission is anticipated.

Exhibits should be marked according to instructions received from the court.

**I.   MOTIONS IN LIMINE**

Motions in limine shall be filed and served upon each party with this proposed order.  Any opposition shall be filed and served within fourteen (14) days.

- 2 -

**J.      LIST OF ANY PENDING MOTIONS**

**K.      PROBABLE LENGTH OF TRIAL**

**L.      FOR A BENCH TRIAL**

Proposed findings of fact and conclusions of law shall be served and filed on each party with this proposed order.

**M.      FOR A JURY TRIAL**

Stipulated jury instructions shall be filed thirty (30) days before trial.  Instructions which are not agreed upon, and a concise argument in support of the instruction, shall be filed and served upon each party thirty (30) days before trial.  Objections to the non-agreed upon instructions shall be filed and served upon each party within fourteen (14) days.

**N.      CERTIFICATION**

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

1.      All discovery has been completed.

2.      The identity of each witness has been disclosed to opposing counsel.

3.      Each exhibit listed herein:  (a) is in existence; (b) is numbered, and: (c) has been disclosed and shown to opposing counsel.

**O.      ADOPTION**

The Court may adopt this proposed Joint Pretrial Order at the Pre-Trial Conference or subsequent hearing.

DATED this _____ day of _____, 20___.

APPROVED AS TO FORM AND CONTENT

_____            _____
Attorney for Plaintiff                                      Attorney for Defendant

| | |
|---|---|
| **From:** | David Shatto |
| **To:** | Silsa Cabezas |
| **Cc:** | Nayer, Tracy; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; Sparko, Rochelle; thomas.martindale@atg.in.gov; Neil Ende; Greg Taylor; Emily Samuels; Pauline Sisson; Brad Schuelke; Erin Leahy; Laura Dilweg (AZ AG) (Laura.Dilweg@azag.gov) |
| **Subject:** | RE: Deposition Notice - 30b6 - State of Texas (4-22-25) |
| **Date:** | Friday, April 25, 2025 12:51:40 PM |

Counsel:

Pursuant to the Court's Case Management Scheduling Order, Plaintiff State of Texas objects to the notice of deposition as outside the scope of the discovery limitations set by the Court. The Order expressly limits party depositions to Defendants, the lead Plaintiff states of Arizona, Indiana, North Carolina, and Ohio, and any Plaintiff state bringing state law claims against Defendants. Because the State of Texas is neither a lead plaintiff state nor a plaintiff state bringing state law claims, it is not subject to being deposed in this action. Accordingly, the State of Texas requests that you withdraw your 30(b)(6) notice of deposition.

**David G. Shatto**
Assistant Attorney General . Consumer Protection . Office of the Attorney General
Phone: 512.475.4656 Email: David.Shatto@oag.texas.gov

PRIVILEGED AND CONFIDENTIAL: This communication and any attachments are intended solely for the use of the individual or entity to which it is addressed, may be confidential and/or privileged pursuant to Government Code sections 552.101, 552.103, 552.107 and 552.111, and should not be disclosed, copied, or distributed without the express authorization of the Attorney General. If you have received this e-mail in error, immediately delete same and contact the sender.

**From:** Silsa Cabezas <scabezas@tlgdc.com>
**Sent:** Tuesday, April 22, 2025 3:03 PM
**To:** David Shatto <David.Shatto@oag.texas.gov>
**Cc:** tnayer@ncdoj.gov; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; rsparko@ncdoj.gov; thomas.martindale@atg.in.gov; Neil Ende <nende@tlgdc.com>; Greg Taylor <gtaylor@telecomlawattorney.com>
**Subject:** Deposition Notice - 30b6 - State of Texas (4-22-25)

Please see attached 30 (b)(6) deposition notice.

Please confirm receipt by return email. We ask that you designate and provide the name of a witness with knowledge, to testify on behalf of the State/Commonwealth as soon as possible and that you provide dates of availability in May and June.

Thank you.

TECHNOLOGY LAW GROUP
202.895.1707 (Office)

202.478.5074 (Facsimile)
scabezas@tlgdc.com

ATTORNEY-CLIENT PRIVILEGE/CONFIDENTIALITY NOTICE:  This message and any attachments may contain confidential information and may be ATTORNEY CLIENT PRIVILEGED AND/OR constitute ATTORNEY WORK PRODUCT and should not be shared with third parties.  This message is for use by the intended recipient(s) only. If you have received this email in error, do not read the contents and do not share with any third party.  Please notify the sender of the erroneous delivery immediately by reply email and promptly delete this message and all attachments from your system.

| | |
|---|---|
| **From:** | Tambling, Robert |
| **To:** | Silsa Cabezas; Barton, Lindsay |
| **Cc:** | Nayer, Tracy; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; Sparko, Rochelle; thomas.martindale@atg.in.gov; Neil Ende; Greg Taylor; Erin Leahy |
| **Subject:** | RE: Deposition Notice - 30b6 -State of Alabama (4-22-25) |
| **Date:** | Wednesday, April 23, 2025 6:10:55 PM |

Counsel:

Pursuant to the Court's Case Management Scheduling Order, Plaintiff State of Alabama objects to the notice of deposition as outside the scope of the discovery limitations set by the Court. The Order expressly limits party depositions to Defendants, the lead Plaintiff states of Arizona, Indiana, North Carolina, and Ohio, and any Plaintiff state bringing state law claims against Defendants. Because Alabama is neither a lead plaintiff state nor a plaintiff state bringing state law claims, it is not subject to being deposed in this action. Accordingly, Alabama requests that you withdraw your 30(b)(6) notice of deposition.

Robert D. Tambling
Assistant Attorney General
Office of the Attorney General
State of Alabama
501 Washington Avenue
Montgomery, AL 36130

334.242.7445

**From:** Silsa Cabezas <scabezas@tlgdc.com>
**Sent:** Tuesday, April 22, 2025 2:47 PM
**To:** Barton, Lindsay <Lindsay.Barton@AlabamaAG.gov>; Tambling, Robert <Robert.Tambling@AlabamaAG.gov>
**Cc:** tnayer@ncdoj.gov; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; rsparko@ncdoj.gov; thomas.martindale@atg.in.gov; Neil Ende <nende@tlgdc.com>; Greg Taylor <gtaylor@telecomlawattorney.com>
**Subject:** Deposition Notice - 30b6 -State of Alabama (4-22-25)

Some people who received this message don't often get email from scabezas@tlgdc.com. Learn why this is important

This message has originated from an **External Source**. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

Please see attached 30 (b)(6) deposition notice.

Please confirm receipt by return email. We ask that you designate and provide the name of a witness with knowledge, to testify on behalf of the State/Commonwealth as soon as possible and that you provide dates of availability in May and June.

Thank you.


TECHNOLOGY LAW GROUP
202.895.1707 (Office)
202.478.5074 (Facsimile)
scabezas@tlgdc.com

ATTORNEY-CLIENT PRIVILEGE/CONFIDENTIALITY NOTICE:  This message and any attachments may contain confidential information and may be ATTORNEY CLIENT PRIVILEGED AND/OR constitute ATTORNEY WORK PRODUCT and should not be shared with third parties.  This message is for use by the intended recipient(s) only. If you have received this email in error, do not read the contents and do not share with any third party.  Please notify the sender of the erroneous delivery immediately by reply email and promptly delete this message and all attachments from your system.


Confidentiality Notice: The information contained in this email and the documents attached hereto contain confidential information intended only for the use of the intended recipients. If the reader of the message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of the information contained herein is strictly prohibited. If you have received this communication in error, please immediately notify me by reply email.

| | |
|---|---|
| **From:** | Brollier, Gary |
| **To:** | nende@tlgdc.com; gtaylor@tlgdc.com |
| **Cc:** | alyse.meislik@azag.gov; Douglas.swetnam@atg.in.gov; Dylan Jones; Erin Leahy; Laura.Dilweg@azag.gov; Nayer, Tracy; Sarah.Pelton@azag.gov; Sparko, Rochelle; Thomas.Martindale@atg.in.gov |
| **Subject:** | Response to 30(b)(6) deposition notice |
| **Date:** | Monday, April 28, 2025 5:42:09 PM |
| **Attachments:** | image001.png |

Counsel:

Pursuant to the Court's Case Management Scheduling Order, Plaintiff Nebraska objects to the notice of deposition as outside the scope of the discovery limitations set by the Court. The Order expressly limits party depositions to Defendants, the lead Plaintiff states of Arizona, Indiana, North Carolina, and Ohio, and any Plaintiff state bringing state law claims against Defendants. Because Nebraska is neither a lead plaintiff state nor a plaintiff state bringing state law claims, it is not subject to being deposed in this action. Accordingly, Nebraska requests that you withdraw your 30(b)(6) notice of deposition.

Gary E. Brollier
Assistant Attorney General
Consumer Protection Bureau
Nebraska Attorney General's Office
402-471-1279
gary.brollier@nebraska.gov



# Exhibit C

| | |
|---|---|
| **From:** | Ziperman, Philip |
| **To:** | Neil Ende; gtaylor@tlgdc.vom |
| **Cc:** | Erin Leahy; Thomas Martindale (IN AG) (Thomas.Martindale@atg.in.gov); Nayer, Tracy; Sparko, Rochelle; Sarah.Pelton@azag.gov; dylan.jones@azag.gov; john.dilloniv@azag.gov; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; laura.dilweg@azag.gov |
| **Subject:** | Arizona, et al. v. Lansky, et al., CASE NO.: 4:23-cv-00233-CKJ |
| **Date:** | Friday, May 23, 2025 4:28:56 PM |
| **Attachments:** | Maryland Objections to Defs 30(b)(6) Deposition Notice.pdf |

Counsel – Attached please find my Office's objection to the 30(b)(6) Notice served on it by the Defendants. Thank you for your attention to this matter.



**Philip Ziperman**
*Assistant Attorney General*
*Deputy Chief*
**Office of the Attorney General**
Consumer Protection Division
200 Saint Paul Place
Baltimore, Maryland 21202
p: 410-576-6417
pziperman@oag.state.md.us
www.marylandattorneygeneral.gov

The information contained in this communication (including any attachments) may be confidential and legally privileged. This email may not serve as a contractual agreement unless explicit written agreement for this purpose has been made. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication or any of its contents is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender indicating that it was received in error and delete the original message and any copy of it from your computer system.

Philip D. Ziperman
Deputy Chief
Consumer Protection Division
Office of the MRYLAND Attorney General
200 St. Paul Place, 16th Floor
Baltimore, MD 21202
Phone:  (410) 576-6417
Fax:      (410) 576-6566
pziperman@pag.state.md.us

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Maryland Attorney General, *ex rel*. Kristin K. Mayes, Attorney General, *et al*.,<br><br>       Plaintiffs,<br><br>       v.<br><br>Michael D. Lansky, L.L.C., dba Avid Telecom, *et al*.,<br><br>       Defendants. | CASE NO.:  4:23-cv-00233-CKJ<br><br>**MARYLAND OFFICE OF THE ATTORNEY GENERAL'S RESPONSE TO DEFENDANTS MICHAEL D. LANSKY, LLC'S, DBA AVID TELECOM, MICHAEL D. LANSKY'S AND STACEY REEVES'S NOTICE OF RULE 30(B)(6) DEPOSITION** |

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, the Office of the Maryland Attorney General ("Maryland Attorney General") hereby responds and objects to Defendants Michael D. Lansky, LLC's, dba Avid Telecom, Michael D. Lansky's and Stacey Reeves's (collectively, "Defendants") Notice of 30(b)(6) Deposition (the "Notice").

**OBJECTIONS AND LIMITATIONS APPLICABLE TO DEFENDANTS' NOTICE**

The following objections and limitations apply to and are incorporated in the Maryland Attorney General's specific objections and responses set forth below.

1.      The Maryland Attorney General objects to the Notice in its entirety on the grounds that it fails to specify the date and time of the 30(b)(6) deposition in violation of Rule 30(b)(1) of the Federal Rules of Civil Procedure.

2. The Maryland Attorney General objects to the Notice in its entirety on the grounds that the Notice was improperly served, failing to name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity as required by Rule 30(b)(6) of the Federal Rules of Civil Procedure.

3. The Maryland Attorney General objects to the Notice to the extent it seeks the disclosure of information and testimony protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, immunity or protection. Nothing contained in these objections or responses is intended to be, nor in any way shall deemed to be, a waiver of any such applicable privilege or immunity.

4. The Maryland Attorney General objects to the Notice to the extent it seeks the disclosure of information and testimony that is not relevant to any party's claims or defenses and/or not proportional to the needs of the litigation.

5. The Maryland Attorney General objects to the Notice to the extent it seeks information and testimony inconsistent with, or beyond the scope and requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The Maryland Attorney General further objects to the Notice to the extent it seeks to impose obligations in excess of or otherwise different from those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law.

6. The Maryland Attorney General objects to the Notice on the grounds that it fails to describe with reasonable particularity the matters and topics for examination.

7. The Maryland Attorney General objects to the Notice on the grounds that the matters and/or topics of deposition stated therein are vague, ambiguous, overbroad, unduly burdensome, cumulative, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation.

8. The Maryland Attorney General objects to the Notice to the extent it seeks the disclosure of information and testimony that is protected by the common interest privilege concerning privileged communications and materials shared between parties pursuant to a shared

1  legal interest. Nothing contained in these objections or responses is intended to be, nor in any way

2  shall deemed to be, a waiver of any such applicable privilege or immunity.

3        9.     The Maryland Attorney General objects to the Notice to the extent it seeks the

4  disclosure of information and testimony regarding the deliberative process, prosecutorial

5  discretion, the law enforcement or investigations privilege, or other information that would

6  improperly interfere with or undermine the administrative or regulatory functions of the Maryland

7  Attorney General implicated by Defendants' Notice. Nothing contained in these objections or

8  responses is intended to be, nor in any way shall deemed to be, a waiver of any such applicable

9  privilege or immunity.

10       10.    The Maryland Attorney General objects to the Notice to the extent it seeks sensitive

11  information regarding any ongoing or past law enforcement investigations, informants,

12  methodologies or practices for conducting investigations.

13       11.    The Maryland Attorney General objects to the Notice to the extent it seeks legal

14  analysis, legal theories or legal conclusions, or otherwise improper Rule 30(b)(6) deposition

15  matters or topics, rather than factual information.

16       12.    The Maryland Attorney General objects to the Notice to the extent it calls for

17  information and testimony not within the possession, custody or control of the Maryland Attorney

18  General.

19       13.    The Maryland Attorney General objects to the Notice to the extent it requires any

20  deponent to provide any information outside what is "known or reasonably available to the

21  organization." While reserving all rights to object to and/or narrow any matters or topics for

22  examination, the Maryland Attorney General notes that the scope of information "known or

23  reasonably available to the organization" should be limited to the Maryland Attorney General's

24  consumer protection agency.

25       14.    The Maryland Attorney General objects to the Notice to the extent it seeks improper

26  expert testimony and would require a designee to provide expert opinions and/or expert testimony

27  requiring specialized or technical expertise falling under Fed. R. Civ. P. 26(a)(2). *See, e.g., United*

28  *States v. HVI Cat Canyon, Inc*., Case No. CV 11-5097 FMO (SSX), 2016 WL 11683593, at *10

(C.D. Cal. Oct. 26, 2016).

15.     The Maryland Attorney General objects to the Notice to the extent it seeks information and testimony on behalf of any nonparty governmental branches, nonparty agencies, or nonparty divisions of State government for which the preparation of deposition testimony would violate Separation of Powers and the sovereignty of the State; and would be unduly prejudicial, impossible, and/or impracticable to provide or compel testimony on behalf of nonparties over whom the Maryland Attorney General has no control.

16.     The Maryland Attorney General objects to the Notice to the extent it seeks information and testimony reflecting confidential information, sensitive personal information, information about identifiable individuals, information that is protected by law or confidentiality agreements, or information from a non-Party. Responsive information, if discoverable, may be provided subject to the terms of the Protective Order entered by the Court, and the Maryland Attorney General reserves the right to seek additional protections beyond those provided in the Protective Order to the extent appropriate for any particularly sensitive information. The Maryland Attorney General may object to testimony altogether if its relevance is substantially outweighed by the risks associated with its disclosure in light of available protections.

17.     The Maryland Attorney General objects to the Notice to the extent it calls for information and testimony being provided or otherwise available to Defendants through written discovery, including but not limited to documents and communications produced in this litigation, contention interrogatories, or publicly available information. In such cases, the witness may respond to questions by referring the questioner to a written document or other information provided in this litigation.

18.     The Maryland Attorney General's objections and responses are made without waiving the right to object on any ground to the use of any testimony in any subsequent proceeding or trial of this or any other action; the right to object to a demand for further responses to this or any other discovery involving or related to the Notice; and the right at any time to revise, correct, add to, or clarify any or all of responses and objections.

19.     The Maryland Attorney General is willing to meet and confer regarding the Notice, and these responses and objections.

**SPECIFIC OBJECTIONS AND RESPONSES**

The Maryland Attorney General incorporates each of the foregoing objections and limitations into the specific objections and responses set forth below.

**TOPIC (a):**

The allegations of fact set forth in paragraphs 19-630 of the complaint.

**RESPONSE TO TOPIC (a):**

The Maryland Attorney General objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The Maryland Attorney General objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation. As phrased, this topic for examination implicates any and all conceivable matters related to paragraphs 19-630 of the Complaint, which grossly exceeds the scope of permitted Rule 30(b)(6) testimony. The Maryland Attorney General objects to this topic as it improperly seeks information that is already within the possession, control and/or custody of the Defendants, including but not limited to discovery already requested and/or provided to Defendants by Plaintiffs. The Maryland Attorney General objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure.  The Maryland Attorney General objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the Maryland Attorney General does not have direct knowledge. The Maryland Attorney General objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The Maryland Attorney General objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona,

5

and other applicable federal or state law. The Maryland Attorney General further objects to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The Maryland Attorney General objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed using other written discovery requests less burdensome than oral deposition, *e.g.* contention interrogatories or requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C). The Maryland Attorney General directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production No. 1, 3, 4, 6-14, 19-22, 28, 41-44, dated February 7, 2025. The Maryland Attorney General will not provide testimony on this topic for examination. The Maryland Attorney General requests that Defendants withdraw this topic for examination. The Maryland Attorney General is willing to meet and confer regarding the Notice and its responses and objections thereto.

**TOPIC (b):**

The allegation in paragraph 89.b of the Complaint that Avid Telecom routed more than 27,097 calls containing unlawful content to phone numbers with Maryland area codes.

**RESPONSE TO TOPIC (b):**

The Maryland Attorney General objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The Maryland Attorney General objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation. As phrased, this topic for examination implicates any and all conceivable matters related to paragraph 89.b of the Complaint, which grossly exceeds the scope of permitted Rule 30(b)(6) testimony. The Maryland Attorney General objects to this topic as it improperly seeks information that is already within the possession, control and/or custody of the Defendants, including but not limited to discovery already requested which has been or will be produced by Plaintiffs upon the entry of the ESI protocol agreement and/or the completion of expert witness disclosures. The

Maryland Attorney General objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The Maryland Attorney General further objects to this topic for examination on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The Maryland Attorney General objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the Maryland Attorney General does not have direct knowledge. The Maryland Attorney General objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The Maryland Attorney General objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The Maryland Attorney General further objects to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The Maryland Attorney General objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed through the use of other written discovery requests less burdensome than oral deposition, *e.g.* contention interrogatories or requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C). The Maryland Attorney General directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production No. 21, dated February 7, 2025.

The Maryland Attorney General will not provide testimony on this topic for examination. The Maryland Attorney General requests that Defendants withdraw this topic for examination. The Maryland Attorney General is willing to meet and confer regarding the Notice and its responses and objections thereto.

**TOPIC (c):**

The specific allegations of fact set forth in paragraphs 496-503 of the complaint.

**RESPONSE TO TOPIC (c):**

The Maryland Attorney General objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The Maryland Attorney General objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation. As phrased, this topic for examination implicates any and all conceivable matters related to paragraphs 496-503 of the Complaint, which grossly exceeds the scope of permitted Rule 30(b)(6) testimony. The Maryland Attorney General objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The Maryland Attorney General objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the Maryland Attorney General does not have direct knowledge. The Maryland Attorney General objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The Maryland Attorney General objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The Maryland Attorney General further objects to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The Maryland Attorney General objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed using other written discovery requests, *e.g.* contention interrogatories or requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C). The Maryland Attorney

General directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production No. 4- 6, 11-14, 17-18, 21-23, 25, 27- 28, 31-32, 35-36, 39-40, 42, and 44, dated February 7, 2025. The Maryland Attorney General will not provide testimony on this topic for examination. The Maryland Attorney General requests that Defendants withdraw this topic for examination. The Maryland Attorney General is willing to meet and confer regarding the Notice and its responses and objections thereto.

**TOPIC (d):**

Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

**RESPONSE TO TOPIC (d):**

Th Maryland Attorney General objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The Maryland Attorney General objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing and oppressive. The Maryland Attorney General objects to this topic for examination on the grounds that it seeks the disclosure of information and testimony that is not relevant to any party's claims or defenses and/or not proportional to the needs of the litigation. Whether the Maryland Attorney General has served requests for production on any third parties is irrelevant to the question of whether Defendants violated the law. To the extent Defendants believe this information has some marginal relevance to their defenses in this case, this topic for examination is still disproportional to the needs of the case considering the burden required to educate a witness on every request "of any kind" sent to "any third party" during an indeterminate period of time. The Maryland Attorney General objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or

9

protection against disclosure. The Maryland Attorney General further objects to this topic for examination on the grounds that it is seeking information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The Maryland Attorney General objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the Maryland Attorney General does not have direct knowledge. The Maryland Attorney General objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The Maryland Attorney General objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The Maryland Attorney General objects to this topic for examination on the grounds that it is not suited for oral testimony and directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production Nos. 1-14, 19, and 21, dated February 7, 2025.

The Maryland Attorney General will not provide testimony on this topic for examination. The Maryland Attorney General requests that Defendants withdraw this topic for examination. The Maryland Attorney General is willing to meet and confer regarding the Notice, and its responses and objections thereto.

**TOPIC (e):**

Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the complaint in the captioned case.

**RESPONSE TO TOPIC (e):**

The Maryland Attorney General objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The Maryland Attorney General objects to this topic for examination on the grounds that it is

10

overbroad, unduly burdensome, harassing and oppressive. The Maryland Attorney General objects to this topic for examination on the grounds that it seeks the disclosure of information and testimony that is not relevant to any party's claims or defenses and/or is not proportional to the needs of the litigation. Whether the Maryland Attorney General has served requests for production on any third parties is irrelevant to the question of whether Defendants violated the law. To the extent Defendants believe this information has some marginal relevance to their defenses in this case, this topic for examination is still disproportional to the needs of the case considering the burden required to educate a witness on every request "of any kind" sent to "any third party" during an indeterminate time period. The Maryland Attorney General objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The Maryland Attorney General further objects to this topic for examination on the grounds that it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The Maryland Attorney General objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the Maryland Attorney General does not have direct knowledge. The Maryland Attorney General objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The Maryland Attorney General objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The Maryland Attorney General objects to this topic for examination on the grounds that it is not suited for oral testimony and directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production Nos. 1-14, 19, and 21, dated February 7, 2025.

The Maryland Attorney General will not provide testimony on this topic for examination. The Maryland Attorney General requests that Defendants withdraw this topic for examination. The

11

Maryland Attorney General is willing to meet and confer regarding the Notice, and its responses and objections thereto.


**TOPIC (f):**

The person(s) associated with the Maryland Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

**RESPONSE TO TOPIC (f):**

The Maryland Attorney General objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The Maryland Attorney General objects to this topic for examination as being impermissibly compound, as it includes at least three different and distinct topics for examination under a single heading. The Maryland Attorney General objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation, as the topic seeks broad swaths of information and testimony regarding subject matters beyond the actual claims or defenses in this case, like for instance the identity of a person(s) who might have reviewed a pleading. The Maryland Attorney General objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The Maryland Attorney General further objects to this topic for examination on the grounds that it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The Maryland Attorney General also objects to this topic of examination as it seeks deposition testimony from the opposing counsel.

The Maryland Attorney General objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The Maryland Attorney General objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The Maryland Attorney General further objects to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The Maryland Attorney General objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed using other written discovery requests, *e.g.* contention interrogatories and requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C).

The Maryland Attorney General will not provide testimony on this topic for examination. The Maryland Attorney General requests that Defendants withdraw this topic for examination. The Maryland Attorney General is willing to meet and confer regarding the Notice, and its responses and objections thereto.

RESPECTFULLY SUBMITTED this 23rd day of May, 2025.


**FOR THE STATE OF MARYLAND:**

*/s/ Philip D. Ziperman*
Deputy Chief
Consumer Protection Division

Attorney for the Office of the Maryland Attorney General

**CERTIFICATE OF SERVICE**

I hereby certify that on 23rd day of May, 2025, I caused the foregoing Response to Defendants Michale D. Lansky, LLC's dba Avid Telecom, Michael D. Lansky's and Stacey Reeves's Notice of Rule 30(b)(6) Deposition to be served by email upon counsel of record.

_/s/ Philip D. Ziperman_

Philip D. Ziperman

| | |
|---|---|
| **From:** | Lindblad, Christopher |
| **To:** | gtaylor@tlgdc.com; nende@tlgdc.com |
| **Cc:** | Erin Leahy; Martindale, Thomas L; Nayer, Tracy; Sparko, Rochelle; Sarah Pelton (AZ AG) (Sarah.Pelton@azag.gov); Dylan Jones (AZ AG) (Dylan.Jones@azag.gov); john.dilloniv@azag.gov; Meislik, Alyse; "Douglas Swetnam (IN AG) (douglas.swetnam@atg.in.gov)"; Laura Dilweg (AZ AG) (Laura.Dilweg@azag.gov); Alm, Elin S. |
| **Subject:** | Avid: State of North Dakota"s Responses and Objections to Defendants" Notice of Rule 30(b)(6) Deposition |
| **Date:** | Friday, May 23, 2025 6:03:25 PM |
| **Attachments:** | North Dakota Objections to Avid Defendants" Rule 30(b)(6) Notice.pdf |

Dear counsel:

Please find attached the State of North Dakota, ex rel. Drew H. Wrigley, Attorney General's Response to Defendants Michael D. Lansky, LLC's, DBA Avid Telecom, Michael D. Lansky's and Stacey Reeves's notice of Rule 30(b)(6) Deposition to Plaintiff State of North Dakota and Certificate of Service.

Christopher G. Lindblad
Assistant Attorney General
Consumer Protection & Antitrust Division
Office of Attorney General
1720 Burlington  Drive, Suite C
Bismarck, ND 58504-7736
Telephone: (701) 328-5570
Fax: (701) 328-5568
clindblad@nd.gov
www.attorneygeneral.nd.gov

**Confidentiality Notice**: This electronic mail transmission is intended for the use of the individual or entity to which it is addressed and may contain confidential information belonging to the sender.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited.  If you have received this transmission In error, please notify the sender immediately by e-mail and delete the original message.

1  DREW H. WRIGLEY
   Attorney General of North Dakota
2  Elin S. Alm (ND Bar No. 05924)
   Christopher G. Lindblad (ND Bar No. 06480)
3  Assistant Attorney General
   Office of the North Dakota Attorney General
4  Consumer Protection & Antitrust Division
   1720 Burlington Drive, Suite C
5  Bismarck, ND 58504-7736
   Phone:  (701) 328-5570
6  Fax:      (701) 328-5558
   ealm@nd.gov
7  clindblad@nd.gov

8

9

10              **UNITED STATES DISTRICT COURT**
11                 **DISTRICT OF ARIZONA**

12

13                                                    CASE NO.:  4:23-cv-00233-CKJ
14  State of Arizona, *ex rel*. Kristin K. Mayes, Attorney
    General, *et al.*,
15                                                    **THE STATE OF NORTH**
                                                      **DAKOTA, *EX REL*. DREW H.**
16         Plaintiffs,                                **WRIGLEY, ATTORNEY**
                                                      **GENERAL'S RESPONSE TO**
17         v.                                         **DEFENDANTS MICHAEL D.**
                                                      **LANSKY, LLC'S, DBA AVID**
18  Michael D. Lansky, L.L.C., dba Avid Telecom, *et* **TELECOM, MICHAEL D.**
    *al.*,                                            **LANSKY'S AND STACEY**
19                                                    **REEVES'S NOTICE OF RULE**
                                                      **30(B)(6) DEPOSITION TO**
20         Defendants.                                **PLAINTIFF STATE OF NORTH**
21                                                    **DAKOTA**

22

23

24

25         Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, the State of North

26  Dakota, ex rel. Drew H. Wrigley (hereinafter, "the State of North Dakota") hereby responds and

27  objects to Defendants Michael D. Lansky, LLC's, dba Avid Telecom, Michael D. Lansky's and

28  Stacey Reeves's (collectively, "Defendants") Notice of 30(b)(6) Deposition (the "Notice").

1    **OBJECTIONS AND LIMITATIONS APPLICABLE TO DEFENDANTS' NOTICE**

2        The following objections and limitations apply to and are incorporated in the State of North

3    Dakota's specific objections and responses set forth below.

4        1.    The State of North Dakota objects to the Notice in its entirety on the grounds that

5    it fails to specify the date and time of the 30(b)(6) deposition in violation of Rule 30(b)(1) of the

6    Federal Rules of Civil Procedure.

7        2.    The State of North Dakota objects to the Notice in its entirety on the grounds that

8    the Notice was improperly served, failing to name as the deponent a public or private corporation,

9    a partnership, an association, a governmental agency, or other entity as required by Rule 30(b)(6)

10    of the Federal Rules of Civil Procedure.

11        3.    The State of North Dakota objects to the Notice to the extent it seeks the disclosure

12    of information and testimony protected by the attorney-client privilege, the work-product doctrine,

13    and/or any other applicable privilege, immunity or protection. Nothing contained in these

14    objections or responses is intended to be, nor in any way shall deemed to be, a waiver of any such

15    applicable privilege or immunity.

16        4.    The State of North Dakota objects to the Notice to the extent it seeks the disclosure

17    of information and testimony that is not relevant to any party's claims or defenses and/or not

18    proportional to the needs of the litigation.

19        5.    The State of North Dakota objects to the Notice to the extent it seeks information

20    and testimony inconsistent with, or beyond the scope and requirements of the Federal Rules of

21    Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court

22    for the District of Arizona, and other applicable federal or state law. The State of North Dakota

23    further objects to the Notice to the extent it seeks to impose obligations in excess of or otherwise

24    different from those imposed by the Federal Rules of Civil Procedure, the Federal Rules of

25    Evidence, the Local Rules of the United States District Court for the District of Arizona, and other

26    applicable federal or state law.

27        6.    The State of North Dakota objects to the Notice on the grounds that it fails to

28    describe with reasonable particularity the matters and topics for examination.

7. The State of North Dakota objects to the Notice on the grounds that the matters and/or topics of deposition stated therein are vague, ambiguous, overbroad, unduly burdensome, cumulative, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation.

8. The State of North Dakota objects to the Notice to the extent it seeks the disclosure of information and testimony that is protected by the common interest privilege concerning privileged communications and materials shared between parties pursuant to a shared legal interest. Nothing contained in these objections or responses is intended to be, nor in any way shall deemed to be, a waiver of any such applicable privilege or immunity.

9. The State of North Dakota objects to the Notice to the extent it seeks the disclosure of information and testimony regarding the deliberative process, prosecutorial discretion, the law enforcement or investigations privilege, or other information that would improperly interfere with or undermine the administrative or regulatory functions of the State of North Dakota implicated by Defendants' Notice. Nothing contained in these objections or responses is intended to be, nor in any way shall deemed to be, a waiver of any such applicable privilege or immunity.

10. The State of North Dakota objects to the Notice to the extent it seeks sensitive information regarding any ongoing or past law enforcement investigations, informants, methodologies or practices for conducting investigations.

11. The State of North Dakota objects to the Notice to the extent it seeks legal analysis, legal theories or legal conclusions, or otherwise improper Rule 30(b)(6) deposition matters or topics, rather than factual information.

12. The State of North Dakota objects to the Notice to the extent it calls for information and testimony not within the possession, custody or control of the State of North Dakota.

13. The State of North Dakota objects to the Notice to the extent it requires any deponent to provide any information outside what is "known or reasonably available to the organization." While reserving all rights to object to and/or narrow any matters or topics for examination, the State of North Dakota notes that the scope of information "known or reasonably available to the organization" should be limited to the State of North Dakota's Consumer Protection and Antitrust Division.

14.     The State of North Dakota objects to the Notice to the extent it seeks improper expert testimony and would require a designee to provide expert opinions and/or expert testimony requiring specialized or technical expertise falling under Fed. R. Civ. P. 26(a)(2). *See, e.g., United States v. HVI Cat Canyon, Inc.*, Case No. CV 11-5097 FMO (SSX), 2016 WL 11683593, at *10 (C.D. Cal. Oct. 26, 2016).

15.     The State of North Dakota objects to the Notice to the extent it seeks information and testimony on behalf of any nonparty governmental branches, nonparty agencies, or nonparty divisions of State government for which the preparation of deposition testimony would violate Separation of Powers and the sovereignty of the State; and would be unduly prejudicial, impossible, and/or impracticable to provide or compel testimony on behalf of nonparties over whom the State of North Dakota has no control.

16.     The State of North Dakota objects to the Notice to the extent it seeks information and testimony reflecting confidential information, sensitive personal information, information about identifiable individuals, information that is protected by law or confidentiality agreements, or information from a non-Party. Responsive information, if discoverable, may be provided subject to the terms of the Protective Order entered by the Court, and the State of North Dakota reserves the right to seek additional protections beyond those provided in the Protective Order to the extent appropriate for any particularly sensitive information. The State of North Dakota may object to testimony altogether if its relevance is substantially outweighed by the risks associated with its disclosure in light of available protections.

17.     The State of North Dakota objects to the Notice to the extent it calls for information and testimony being provided or otherwise available to Defendants through written discovery, including but not limited to documents and communications produced in this litigation, contention interrogatories, or publicly available information. In such cases, the witness may respond to questions by referring the questioner to a written document or other information provided in this litigation.

18.     The State of North Dakota's objections and responses are made without waiving the right to object on any ground to the use of any testimony in any subsequent proceeding or trial

of this or any other action; the right to object to a demand for further responses to this or any other discovery involving or related to the Notice; and the right at any time to revise, correct, add to, or clarify any or all of responses and objections.

19.    The State of North Dakota is willing to meet and confer regarding the Notice, and these responses and objections.

<div align="center">

**SPECIFIC OBJECTIONS AND RESPONSES**

</div>

The State of North Dakota incorporates each of the foregoing objections and limitations into the specific objections and responses set forth below.

**TOPIC (a):**

The allegations of fact set forth in paragraphs 19-630 of the complaint.

**RESPONSE TO TOPIC (a):**

The State of North Dakota objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of North Dakota objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation. As phrased, this topic for examination implicates any and all conceivable matters related to paragraphs 19-630 of the Complaint, which grossly exceeds the scope of permitted Rule 30(b)(6) testimony. The State of North Dakota objects to this topic as it improperly seeks information that is already within the possession, control and/or custody of the Defendants, including but not limited to discovery already requested and/or provided to Defendants by Plaintiffs. The State of North Dakota objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of North Dakota objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of North Dakota does not have direct

<div align="center">

5

</div>

1  knowledge. The State of North Dakota objects to this topic for examination on the grounds that it

2  seeks information and testimony that is personally sensitive or otherwise confidential or protected

3  information. The State of North Dakota objects to this topic for examination on the grounds that it

4  seeks information and testimony inconsistent with, and beyond the requirements of the Federal

5  Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States

6  District Court for the District of Arizona, and other applicable federal or state law. The State of

7  North Dakota further objects to this topic for examination on the grounds that it prematurely seeks

8  testimony and information not due to be disclosed until the parties' exchange of expert disclosures.

9  The State of North Dakota objects to this topic for examination on the grounds that it is not suited

10  for oral testimony and would be more appropriately addressed using other written discovery

11  requests less burdensome than oral deposition, *e.g.* contention interrogatories or requests for

12  production. *See* Fed. R. Civ. P. 26(c)(1)(C). The State of North Dakota directs Defendants to the

13  Plaintiff States' responses to Defendants' Requests for Production No. 1, 3, 4, 6-14, 19-22, 28, 41-

14  44, dated February 7, 2025. The State of North Dakota will not provide testimony on this topic for

15  examination. The State of North Dakota requests that Defendants withdraw this topic for

16  examination. The State of North Dakota is willing to meet and confer regarding the Notice and its

17  responses and objections thereto.

18

19  **TOPIC (b):**

20  The allegation in paragraph 89.hh. of the Complaint that Avid Telecom routed more than 275 calls

21  containing unlawful content to phone numbers with North Dakota area codes.

22  **RESPONSE TO TOPIC (b):**

23        The State of North Dakota objects to this topic for examination on the grounds that it is

24  vague, ambiguous, unintelligible and fails to describe the matters for examination with any

25  reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The

26  State of North Dakota objects to this topic for examination on the grounds that it is overbroad,

27  unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation.

28  As phrased, this topic for examination implicates any and all conceivable matters related to

paragraph 89.hh of the Complaint, which grossly exceeds the scope of permitted Rule 30(b)(6) testimony. The State of North Dakota objects to this topic as it improperly seeks information that is already within the possession, control and/or custody of the Defendants, including but not limited to discovery already requested which has been or will be produced by Plaintiffs upon the entry of the ESI protocol agreement and/or the completion of expert witness disclosures. The State of North Dakota objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of North Dakota further objects to this topic for examination on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The State of North Dakota objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of North Dakota does not have direct knowledge. The State of North Dakota objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of North Dakota objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of North Dakota further objects to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The State of North Dakota objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed through the use of other written discovery requests less burdensome than oral deposition, *e.g.* contention interrogatories or requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C). The State of North Dakota directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production No. 21 dated February 7, 2025.

1     The State of North Dakota will not provide testimony on this topic for examination. The

2     State of North Dakota requests that Defendants withdraw this topic for examination. The State of

3     North Dakota is willing to meet and confer regarding the Notice and its responses and objections

4     thereto.

5

6     **TOPIC (c):**

7     The specific allegations of fact set forth in paragraphs 578-580 and 585-587 of the complaint.

8     **RESPONSE TO TOPIC (c):**

9     The State of North Dakota objects to this topic for examination on the grounds that it

10     is vague, ambiguous, unintelligible and fails to describe the matters for examination with any

11     reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The

12     State of North Dakota objects to this topic for examination on the grounds that it is overbroad,

13     unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation.

14     As phrased, this topic for examination implicates any and all conceivable matters related to

15     paragraphs 578-580 and 585-587 of the Complaint, which grossly exceeds the scope of permitted

16     Rule 30(b)(6) testimony. The State of North Dakota objects to this topic for examination on the

17     grounds that it seeks information and testimony protected by the attorney-client privilege, the

18     attorney work product doctrine, common interest privilege, deliberative process privilege, law

19     enforcement and investigations privileges and/or any other applicable privilege, immunity or

20     protection against disclosure.  The State of North Dakota objects to this topic for examination to

21     the extent it seeks testimony regarding all factual underpinnings or other materials about which

22     the State of North Dakota does not have direct knowledge. The State of North Dakota objects to

23     this topic for examination on the grounds that it seeks information and testimony that is personally

24     sensitive or otherwise confidential or protected information. The State of North Dakota objects to

25     this topic for examination on the grounds that it seeks information and testimony inconsistent with,

26     and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of

27     Evidence, the Local Rules of the United States District Court for the District of Arizona, and other

28     applicable federal or state law. The State of North Dakota further objects to this topic for

8

examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The State of North Dakota objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed using other written discovery requests, *e.g.* contention interrogatories or requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C). The State of North Dakota directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production No. 4- 6, 11-14, 17-18, 21-23, 25, 27- 28, 31-32, 35-36, 39-40, 42, and 44, dated February 7, 2025. The State of North Dakota will not provide testimony on this topic for examination. The State of North Dakota requests that Defendants withdraw this topic for examination. The State of North Dakota is willing to meet and confer regarding the Notice and its responses and objections thereto.

**TOPIC (d):**

Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

**RESPONSE TO TOPIC (d):**

Th State of North Dakota objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of North Dakota objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing and oppressive. The State of North Dakota objects to this topic for examination on the grounds that it seeks the disclosure of information and testimony that is not relevant to any party's claims or defenses and/or not proportional to the needs of the litigation. Whether the State of North Dakota has served requests for production on any third parties is irrelevant to the question of whether Defendants violated the law. To the extent Defendants believe this information has some marginal relevance to their defenses in this case, this topic for examination is still disproportional to the needs of the case considering the burden required to educate a witness on every request "of any kind" sent to "any third party" during an indeterminate

period of time. The State of North Dakota objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of North Dakota further objects to this topic for examination on the grounds that it is seeking information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The State of North Dakota objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of North Dakota  does not have direct knowledge. The State of North Dakota objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of North Dakota objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of North Dakota objects to this topic for examination on the grounds that it is not suited for oral testimony and directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production Nos. 1-14, 19, and 21, dated February 7, 2025.

The State of North Dakota will not provide testimony on this topic for examination. The State of North Dakota requests that Defendants withdraw this topic for examination. State of North Dakota is willing to meet and confer regarding the Notice, and its responses and objections thereto.

**TOPIC (e):**

Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the complaint in the captioned case.

**RESPONSE TO TOPIC (e):**

The State of North Dakota objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any

reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of North Dakota objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing and oppressive. The State of North Dakota objects to this topic for examination on the grounds that it seeks the disclosure of information and testimony that is not relevant to any party's claims or defenses and/or is not proportional to the needs of the litigation. Whether the State of North Dakota has served requests for production on any third parties is irrelevant to the question of whether Defendants violated the law. To the extent Defendants believe this information has some marginal relevance to their defenses in this case, this topic for examination is still disproportional to the needs of the case considering the burden required to educate a witness on every request "of any kind" sent to "any third party" during an indeterminate time period. The State of North Dakota objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of North Dakota further objects to this topic for examination on the grounds that it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The State of North Dakota objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of North Dakota does not have direct knowledge. The State of North Dakota objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of North Dakota objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of North Dakota objects to this topic for examination on the grounds that it is not suited for oral testimony and directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production Nos. 1-14, 19, and 21, dated February 7, 2025.

The State of North Dakota will not provide testimony on this topic for examination. The State of North Dakota requests that Defendants withdraw this topic for examination. The State of North Dakota is willing to meet and confer regarding the Notice, and its responses and objections thereto.

**TOPIC (f):**

The person(s) associated with the North Dakota Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

**RESPONSE TO TOPIC (f):**

The State of North Dakota objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of North Dakota objects to this topic for examination as being impermissibly compound, as it includes at least three different and distinct topics for examination under a single heading. The State of North Dakota objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation, as the topic seeks broad swaths of information and testimony regarding subject matters beyond the actual claims or defenses in this case, like for instance the identity of a person(s) who might have reviewed a pleading. The State of North Dakota objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of North Dakota further objects to this topic for examination on the grounds that it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The State of North Dakota also objects to this

12

topic of examination as it seeks deposition testimony from the opposing counsel. The State of North Dakota objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of North Dakota objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of North Dakota further objects to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The State of North Dakota objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed using other written discovery requests, *e.g.* contention interrogatories and requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C).

The State of North Dakota will not provide testimony on this topic for examination. The State of North Dakota requests that Defendants withdraw this topic for examination. The State of North Dakota is willing to meet and confer regarding the Notice, and its responses and objections thereto.

Dated: May 23, 2025                           Respectfully Submitted,

**DREW H. WRIGLEY**
**Attorney General of North Dakota**

/s/ Christopher G. Lindblad
Elin S. Alm (ND Bar No. 05924)
Christopher Glenn Lindblad (ND Bar No. 06480)
Assistant Attorneys General
Office of North Dakota Attorney General
Consumer Protection & Antitrust Division
1720 Burlington Drive, Suite C
Bismarck, ND 58504-7736
Phone: (701) 328-5570
Fax:  (701) 328-5568
ealm@nd.gov
clindblad@nd.gov

*Attorneys for Plaintiff State of North Dakota*

13

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2025, I served a true and correct copy of the foregoing The State of North Dakota, ex rel. Drew H. Wrigley, Attorney General's Response to Defendant Michael D. Lansky, LLC's DBA Avid Telecom, Michael D. Lansky's and Stacey Reeves's Notice of Rule 30(b)(6) Deposition To Plaintiff State of North Dakota upon Defendants by electronically mailing a copy of the same to their counsel of record as follows:


Neil S. Ende
Technology Law Group, LLC
nende@tlgdc.com

Greg Taylor
Technology Law Group, LLC
gtaylor@ tlgdc.com


/s/ Christopher G. Lindblad
Christopher G. Lindblad
Assistant Attorney General

| From: | Miles Vaughn |
|---|---|
| To: | nende@tlgdc.com; gtaylor@tlgdc.com |
| Cc: | Erin.Leahy@OhioAGO.gov; thomas.martindale@atg.in.gov; Nayer, Tracy; Sparko, Rochelle; sarah.pelton@azag.gov; dylan.jones@azag.gov; john.dilloniv@azag.gov; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; laura.dilweg@azag.gov; Henry.johnson@myfloridalegal.com; Sean Saval; Michael Roland; Vivian Fung |
| Subject: | AZ v Avid Telecom - Deposition Notice - State of Florida |
| Date: | Thursday, May 29, 2025 1:24:48 PM |
| Attachments: | image001.png |
| | State of Florida Objections - 30(b)(6) Notice.pdf |

Neil and Greg,

Please find attached the State of Florida's response to the Notice of Deposition.

Thank you,
Miles Vaughn



Miles Vaughn
*Senior Assistant Attorney General, CIPP/E, CIPP/US*
*Consumer Protection Division-Cyber Fraud Unit*
OFFICE OF ATTORNEY GENERAL JAMES UTHMEIER
Tel.: (813) 287-7950
Fax: (813) 281-5515
Miles.Vaughn@myfloridalegal.com

*Florida has a broad public records law. All correspondence to and from me may be subject to public disclosure.*

JAMES UTHMEIER
Attorney General of Florida
Miles Vaughn (FL Bar No. 1032235)
Florida Office of the Attorney General
Department of Legal Affairs
Consumer Protection Division
3507 E. Frontage Road, Suite 325
Tampa, FL 33607
Phone: (813) 287-7950
Miles.Vaughn@myfloridalegal.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| State of Arizona, *ex rel*. Kristin K. Mayes, Attorney General, *et al.*, | CASE NO.:  4:23-cv-00233-CKJ |
| Plaintiffs, | **PLAINTIFF STATE OF FLORIDA'S RESPONSE TO DEFENDANTS MICHAEL D. LANSKY, LLC'S, DBA AVID TELECOM, MICHAEL D. LANSKY'S AND STACEY REEVES'S NOTICE OF RULE 30(B)(6) DEPOSITION** |
| v. | |
| Michael D. Lansky, L.L.C., dba Avid Telecom, *et al.*, | |
| Defendants. | |

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, the State of Florida, ex rel. James Uthmeier (hereinafter, "the State of Florida") hereby responds and objects to Defendants Michael D. Lansky, LLC's, dba Avid Telecom, Michael D. Lansky's and Stacey Reeves's (collectively, "Defendants") Notice of 30(b)(6) Deposition (the "Notice").

## OBJECTIONS AND LIMITATIONS APPLICABLE TO DEFENDANTS' NOTICE

The following objections and limitations apply to and are incorporated in the State of Florida's specific objections and responses set forth below.

1.    The State of Florida objects to the Notice in its entirety on the grounds that it fails to specify the date and time of the 30(b)(6) deposition in violation of Rule 30(b)(1) of the Federal Rules of Civil Procedure.

2.     The State of Florida objects to the Notice in its entirety on the grounds that the Notice was improperly served, failing to name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity as required by Rule 30(b)(6) of the Federal Rules of Civil Procedure.

3.     The State of Florida objects to the Notice to the extent it seeks the disclosure of information and testimony protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, immunity or protection. Nothing contained in these objections or responses is intended to be, nor in any way shall deemed to be, a waiver of any such applicable privilege or immunity.

4.     The State of Florida objects to the Notice to the extent it seeks the disclosure of information and testimony that is not relevant to any party's claims or defenses and/or not proportional to the needs of the litigation.

5.     The State of Florida objects to the Notice to the extent it seeks information and testimony inconsistent with, or beyond the scope and requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Florida further objects to the Notice to the extent it seeks to impose obligations in excess of or otherwise different from those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law.

6.     The State of Florida objects to the Notice on the grounds that it fails to describe with reasonable particularity the matters and topics for examination.

7.     The State of Florida objects to the Notice on the grounds that the matters and/or topics of deposition stated therein are vague, ambiguous, overbroad, unduly burdensome, cumulative, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation.

8.     The State of Florida objects to the Notice to the extent it seeks the disclosure of information and testimony that is protected by the common interest privilege concerning privileged communications and materials shared between parties pursuant to a shared legal interest. Nothing

contained in these objections or responses is intended to be, nor in any way shall deemed to be, a waiver of any such applicable privilege or immunity.

9.      The State of Florida objects to the Notice to the extent it seeks the disclosure of information and testimony regarding the deliberative process, prosecutorial discretion, the law enforcement or investigations privilege, or other information that would improperly interfere with or undermine the administrative or regulatory functions of the State of Florida implicated by Defendants' Notice. Nothing contained in these objections or responses is intended to be, nor in any way shall deemed to be, a waiver of any such applicable privilege or immunity.

10.     The State of Florida objects to the Notice to the extent it seeks sensitive information regarding any ongoing or past law enforcement investigations, informants, methodologies or practices for conducting investigations.

11.     The State of Florida objects to the Notice to the extent it seeks legal analysis, legal theories or legal conclusions, or otherwise improper Rule 30(b)(6) deposition matters or topics, rather than factual information.

12.     The State of Florida objects to the Notice to the extent it calls for information and testimony not within the possession, custody or control of the State of Florida.

13.     The State of Florida objects to the Notice to the extent it requires any deponent to provide any information outside what is "known or reasonably available to the organization." While reserving all rights to object to and/or narrow any matters or topics for examination, the State of Florida notes that the scope of information "known or reasonably available to the organization" should be limited to the State of Florida's Consumer Protection Division.

14.     The State of Florida objects to the Notice to the extent it seeks improper expert testimony and would require a designee to provide expert opinions and/or expert testimony requiring specialized or technical expertise falling under Fed. R. Civ. P. 26(a)(2). *See, e.g., United States v. HVI Cat Canyon, Inc*., Case No. CV 11-5097 FMO (SSX), 2016 WL 11683593, at *10 (C.D. Cal. Oct. 26, 2016).

15.     The State of Florida objects to the Notice to the extent it seeks information and testimony on behalf of any nonparty governmental branches, nonparty agencies, or nonparty divisions of State government for which the preparation of deposition testimony would violate

3

Separation of Powers and the sovereignty of the State; and would be unduly prejudicial, impossible, and/or impracticable to provide or compel testimony on behalf of nonparties over whom the State of Florida has no control.

16.     The State of Florida objects to the Notice to the extent it seeks information and testimony reflecting confidential information, sensitive personal information, information about identifiable individuals, information that is protected by law or confidentiality agreements, or information from a non-Party. Responsive information, if discoverable, may be provided subject to the terms of the Protective Order entered by the Court, and the State of Florida reserves the right to seek additional protections beyond those provided in the Protective Order to the extent appropriate for any particularly sensitive information. The State of Florida may object to testimony altogether if its relevance is substantially outweighed by the risks associated with its disclosure in light of available protections.

17.     The State of Florida objects to the Notice to the extent it calls for information and testimony being provided or otherwise available to Defendants through written discovery, including but not limited to documents and communications produced in this litigation, contention interrogatories, or publicly available information. In such cases, the witness may respond to questions by referring the questioner to a written document or other information provided in this litigation.

18.     The State of Florida's objections and responses are made without waiving the right to object on any ground to the use of any testimony in any subsequent proceeding or trial of this or any other action; the right to object to a demand for further responses to this or any other discovery involving or related to the Notice; and the right at any time to revise, correct, add to, or clarify any or all of responses and objections.

19.     The State of Florida is willing to meet and confer regarding the Notice, and these responses and objections.

4

**SPECIFIC OBJECTIONS AND RESPONSES**

The State of Florida incorporates each of the foregoing objections and limitations into the specific objections and responses set forth below.

**TOPIC (a):**

The allegations of fact set forth in paragraphs 19-630 of the complaint.

**RESPONSE TO TOPIC (a):**

The State of Florida objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of Florida objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation. As phrased, this topic for examination implicates any and all conceivable matters related to paragraphs 19-630 of the Complaint, which grossly exceeds the scope of permitted Rule 30(b)(6) testimony. The State of Florida objects to this topic as it improperly seeks information that is already within the possession, control and/or custody of the Defendants, including but not limited to discovery already requested and/or provided to Defendants by Plaintiffs. The State of Florida objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure.  The State of Florida objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of Florida does not have direct knowledge. The State of Florida objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of Florida objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Florida further objects to this topic for

5

examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The State of Florida objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed using other written discovery requests less burdensome than oral deposition, *e.g.* contention interrogatories or requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C). The State of Florida directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production No. 1, 3, 4, 6-14, 19-22, 28, 41-44, dated February 7, 2025. The State of Florida will not provide testimony on this topic for examination. The State of Florida requests that Defendants withdraw this topic for examination. The State of Florida is willing to meet and confer regarding the Notice and its responses and objections thereto.

**TOPIC (b):**

The allegation in paragraph 89.i of the Complaint that Avid Telecom routed more than 91,989 calls containing unlawful content to phone numbers with Florida area codes.

**RESPONSE TO TOPIC (b):**

The State of Florida objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of Florida objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing, oppressive, seeks information equally available to Defendants, and/or not proportional to the needs of the litigation. As phrased, this topic for examination implicates any and all conceivable matters related to paragraph 89.i of the Complaint, which grossly exceeds the scope of permitted Rule 30(b)(6) testimony. The State of Florida objects to this topic as it improperly seeks information that is already within the possession, control and/or custody of the Defendants, including but not limited to discovery already requested which has been or will be produced by Plaintiffs upon the entry of the ESI protocol agreement and/or the completion of expert witness disclosures. The State of Florida objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and

investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of Florida further objects to this topic for examination on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The State of Florida objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of Florida does not have direct knowledge. The State of Florida objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of Florida objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Florida further objects to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The State of Florida objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed through the use of other written discovery requests less burdensome than oral deposition, *e.g.* contention interrogatories or requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C). The State of Florida directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production No. 21, dated February 7, 2025.

The State of Florida will not provide testimony on this topic for examination. The State of Florida requests that Defendants withdraw this topic for examination. The State of Florida is willing to meet and confer regarding the Notice and its responses and objections thereto.

**TOPIC (c):**

The specific allegations of fact set forth in paragraphs 472-488 of the complaint.

**RESPONSE TO TOPIC (c):**

The State of Florida objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of Florida objects to this topic for examination on the grounds that it is overbroad, unduly

burdensome, harassing, oppressive and/or not proportional to the needs of the litigation. As phrased, this topic for examination implicates any and all conceivable matters related to paragraphs 472-488 of the Complaint, which grossly exceeds the scope of permitted Rule 30(b)(6) testimony. The State of Florida objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of Florida objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of Florida does not have direct knowledge. The State of Florida objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of Florida objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Florida further objects to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The State of Florida objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed using other written discovery requests, *e.g.* contention interrogatories or requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C). The State of Florida directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production No. 4- 6, 11-14, 17-18, 21-23, 25, 27- 28, 31-32, 35-36, 39-40, 42, and 44, dated February 7, 2025. The State of Florida will not provide testimony on this topic for examination. The State of Florida requests that Defendants withdraw this topic for examination. The State of Florida is willing to meet and confer regarding the Notice and its responses and objections thereto.

**TOPIC (d):**

Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

**RESPONSE TO TOPIC (d):**

Th State of Florida objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of Florida objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing and oppressive. The State of Florida objects to this topic for examination on the grounds that it seeks the disclosure of information and testimony that is not relevant to any party's claims or defenses and/or not proportional to the needs of the litigation. Whether the State of Florida has served requests for production on any third parties is irrelevant to the question of whether Defendants violated the law. To the extent Defendants believe this information has some marginal relevance to their defenses in this case, this topic for examination is still disproportional to the needs of the case considering the burden required to educate a witness on every request "of any kind" sent to "any third party" during an indeterminate period of time. The State of Florida objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of Florida further objects to this topic for examination on the grounds that it is seeking information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The State of Florida objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of Florida  does not have direct knowledge. The State of Florida objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of Florida objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Florida objects to this topic for examination on the grounds that it is not suited for oral testimony and directs Defendants to the

Plaintiff States' responses to Defendants' Requests for Production Nos. 1-14, 19, and 21, dated February 7, 2025.

The State of Florida will not provide testimony on this topic for examination. The State of Florida requests that Defendants withdraw this topic for examination. The State of Florida is willing to meet and confer regarding the Notice, and its responses and objections thereto.

**TOPIC (e):**

Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the complaint in the captioned case.

**RESPONSE TO TOPIC (e):**

The State of Florida objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of Florida objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing and oppressive. The State of Florida objects to this topic for examination on the grounds that it seeks the disclosure of information and testimony that is not relevant to any party's claims or defenses and/or is not proportional to the needs of the litigation. Whether the State of Florida has served requests for production on any third parties is irrelevant to the question of whether Defendants violated the law. To the extent Defendants believe this information has some marginal relevance to their defenses in this case, this topic for examination is still disproportional to the needs of the case considering the burden required to educate a witness on every request "of any kind" sent to "any third party" during an indeterminate time period. The State of Florida objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of Florida further objects to this topic for examination on the grounds that it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The State

of Florida objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of Florida does not have direct knowledge. The State of Florida objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of Florida objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Florida objects to this topic for examination on the grounds that it is not suited for oral testimony and directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production Nos. 1-14, 19, and 21, dated February 7, 2025.

The State of Florida will not provide testimony on this topic for examination. The State of Florida requests that Defendants withdraw this topic for examination. The State of Florida is willing to meet and confer regarding the Notice, and its responses and objections thereto.

**TOPIC (f):**

The person(s) associated with the Florida Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

**RESPONSE TO TOPIC (f):**

The State of Florida objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of Florida objects to this topic for examination as being impermissibly compound, as it includes at least three different and distinct topics for examination under a single heading. The State of Florida objects to this topic for examination on the grounds that it is overbroad, unduly burdensome,

11

harassing, oppressive and/or not proportional to the needs of the litigation, as the topic seeks broad swaths of information and testimony regarding subject matters beyond the actual claims or defenses in this case, like for instance the identity of a person(s) who might have reviewed a pleading. The State of Florida objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of Florida further objects to this topic for examination on the grounds that it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The State of Florida also objects to this topic of examination as it seeks deposition testimony from the opposing counsel. The State of Florida objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of Florida objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Florida further objects to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The State of Florida objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed using other written discovery requests, *e.g.* contention interrogatories and requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C).

The State of Florida will not provide testimony on this topic for examination. The State of Florida requests that Defendants withdraw this topic for examination. The State of Florida is willing to meet and confer regarding the Notice, and its responses and objections thereto.

1          RESPECTFULLY SUBMITTED this 29th day of May, 2025.

2

3    **FOR THE STATE OF FLORIDA:**

4    JAMES UTHMEIER
     Attorney General for the State of FLORIDA

5

6    <u>/s/ Miles Vaughn</u>
     Miles Vaughn (FL Bar No. 1032235)

7    Senior Assistant Attorney General
     *Attorney for the State of Florida*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2025, I caused the foregoing Response to Defendants Michale D. Lansky, LLC's dba Avid Telecom, Michael D. Lansky's and Stacey Reeves's Notice of Rule 30(b)(6) Deposition to be served by email upon counsel of record.

/s/ Miles Vaughn
Miles Vaughn (FL Bar No. 1032235)

| From: | Dorianne Potnar |
|---|---|
| To: | nende@tlgdc.com; gtaylor@tlgdc.com |
| Cc: | Alyse.Meislik@azag.gov; douglas.swetnam@atg.in.gov; Dylan.Jones@azag.gov; erin.leahy@ohioago.gov; Laura.Dilweg@azag.gov; Nayer, Tracy; Sarah.Pelton@azag.gov; Sparko, Rochelle; Thomas.Martindale@atg.in.gov; John.DillonIV@azag.gov; Michelle C. Badorine; Raquel Y. Fulghum |
| Subject: | AZ v. Avid Telecom |
| Date: | Thursday, June 5, 2025 2:43:54 PM |
| Attachments: | image001.jpg |
| | 2025 0605 State of NV"s Response to Ds" Ntc of Rule 30(b)(6) Depo.docx |
| Sensitivity: | Confidential |

Dear Counsel:

Attached please find the State of Nevada's Response to Defendants Michael D. Lansky, LLC's, dba Avid Telecom, Michael D. Lansky's and Stacey Reeves' Notice of Rule 30(b)(6) Deposition.

Thank you,
Dorianne

~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Dorianne Potnar
Supervising Legal Secretary
State of Nevada
Office of the Attorney General
Bureau of Consumer Protection
8945 W. Russell Road, Suite 204
Las Vegas, Nevada 89148



aglogo[1]

*Notice: This e-mail message and any attachments thereto may contain confidential, privileged or non-public information. Use, dissemination, distribution or reproduction of this information by unintended recipients is strictly prohibited. If you have received this message in error, please notify the sender immediately and destroy all copies.*

AARON D. FORD
Attorney General
ERNEST D. FIGUEROA
Consumer Advocate
MICHELLE C. BADORINE (NV Bar No. 13206)
State of Nevada, Office of the Attorney General
Bureau of Consumer Protection
100 N. Carson Street
Carson City, Nevada 89701
Phone: 775-684-1164
Fax:      775-684-1299
E-mail: mbadorine@ag.nv.gov
*Attorney for Plaintiff, State of Nevada*

### UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, *ex rel*. Kristin K. Mayes, Attorney General, *et al.*,<br><br>        Plaintiffs,<br><br>        v.<br><br>Michael D. Lansky, L.L.C., dba Avid Telecom, *et al.*,<br><br>        Defendants. | CASE NO.:  4:23-cv-00233-CKJ<br><br>**THE STATE OF NEVADA'S RESPONSE TO DEFENDANTS MICHAEL D. LANSKY, LLC'S, DBA AVID TELECOM, MICHAEL D. LANSKY'S AND STACEY REEVES' NOTICE OF RULE 30(B)(6) DEPOSITION** |

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, the State of Nevada, (hereinafter, "State of Nevada"),  hereby responds and objects to Defendants Michael D. Lansky, L.L.C.'s, dba Avid Telecom, Michael D. Lansky's and Stacey Reeves' (collectively, "Defendants") Notice of 30(b)(6) Deposition (the "Notice").

## OBJECTIONS AND LIMITATIONS APPLICABLE TO DEFENDANTS' NOTICE

The following objections and limitations apply to and are incorporated in the State of Nevada's specific objections and responses set forth below.

1.      The State of Nevada objects to the Notice in its entirety on the grounds that it fails to specify the date and time of the 30(b)(6) deposition in violation of Rule 30(b)(1) of the Federal Rules of Civil Procedure.

2.      The State of Nevada objects to the Notice in its entirety on the grounds that the Notice was improperly served, failing to name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity as required by Rule 30(b)(6) of the Federal Rules of Civil Procedure.

3.      The State of Nevada objects to the Notice to the extent it seeks the disclosure of information and testimony protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, immunity or protection. Nothing contained in these objections or responses is intended to be, nor in any way shall deemed to be, a waiver of any such applicable privilege or immunity.

4.      The State of Nevada objects to the Notice to the extent it seeks the disclosure of information and testimony that is not relevant to any party's claims or defenses and/or not proportional to the needs of the litigation.

///

5. The State of Nevada objects to the Notice to the extent it seeks information and testimony inconsistent with, or beyond the scope and requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Nevada further objects to the Notice to the extent it seeks to impose obligations in excess of or otherwise different from those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law.

6. The State of Nevada objects to the Notice on the grounds that it fails to describe with reasonable particularity the matters and topics for examination.

7. The State of Nevada objects to the Notice on the grounds that the matters and/or topics of deposition stated therein are vague, ambiguous, overbroad, unduly burdensome, cumulative, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation.

8. The State of Nevada objects to the Notice to the extent it seeks the disclosure of information and testimony that is protected by the common interest privilege concerning privileged communications and materials shared between parties pursuant to a shared legal interest. Nothing contained in these objections or responses is intended to be, nor in any way shall deemed to be, a waiver of any such applicable privilege or immunity.

9. The State of Nevada objects to the Notice to the extent it seeks the disclosure of information and testimony regarding the deliberative process, prosecutorial discretion, the law enforcement or investigations privilege, or other information that would improperly interfere with or undermine the administrative or regulatory functions of the State of Nevada implicated by Defendants' Notice.

Nothing contained in these objections or responses is intended to be, nor in any way shall deemed to be, a waiver of any such applicable privilege or immunity.

10.     The State of Nevada objects to the Notice to the extent it seeks sensitive information regarding any ongoing or past law enforcement investigations, informants, methodologies or practices for conducting investigations.

11.     The State of Nevada objects to the Notice to the extent it seeks legal analysis, legal theories or legal conclusions, or otherwise improper Rule 30(b)(6) deposition matters or topics, rather than factual information.

12.     The State of Nevada objects to the Notice to the extent it calls for information and testimony not within the possession, custody or control of the State of Nevada.

13.     The State of Nevada objects to the Notice to the extent it requires any deponent to provide any information outside what is "known or reasonably available to the organization." While reserving all rights to object to and/or narrow any matters or topics for examination, the State of Nevada notes that the scope of information "known or reasonably available to the organization" should be limited to the State of Nevada's Bureau of Consumer Protection.  The State of Nevada objects to the Notice to the extent it seeks improper expert testimony and would require a designee to provide expert opinions and/or expert testimony requiring specialized or technical expertise falling under Fed. R. Civ. P. 26(a)(2). *See, e.g., United States v. HVI Cat Canyon, Inc.*, Case No. CV 11-5097 FMO (SSX), 2016 WL 11683593, at *10 (C.D. Cal. Oct. 26, 2016).

14.     The State of Nevada objects to the Notice to the extent it seeks information and testimony on behalf of any nonparty governmental branches, nonparty agencies, or nonparty divisions of State government for which the preparation of deposition testimony would violate Separation of Powers and the sovereignty of the State; and would be unduly prejudicial, impossible, and/or

impracticable to provide or compel testimony on behalf of nonparties over whom the State of Nevada has no control.

15.    The State of Nevada objects to the Notice to the extent it seeks information and testimony reflecting confidential information, sensitive personal information, information about identifiable individuals, information that is protected by law or confidentiality agreements, or information from a non-Party. Responsive information, if discoverable, may be provided subject to the terms of the Protective Order entered by the Court, and the State of Nevada reserves the right to seek additional protections beyond those provided in the Protective Order to the extent appropriate for any particularly sensitive information. The State of Nevada may object to testimony altogether if its relevance is substantially outweighed by the risks associated with its disclosure in light of available protections.

16.    The State of Nevada objects to the Notice to the extent it calls for information and testimony being provided or otherwise available to Defendants through written discovery, including but not limited to documents and communications produced in this litigation, contention interrogatories, or publicly available information. In such cases, the witness may respond to questions by referring the questioner to a written document or other information provided in this litigation.

17.    The State of Nevada's objections and responses are made without waiving the right to object on any ground to the use of any testimony in any subsequent proceeding or trial of this or any other action; the right to object to a demand for further responses to this or any other discovery involving or related to the Notice; and the right at any time to revise, correct, add to, or clarify any or all of responses and objections.

18.    The State of Nevada is willing to meet and confer regarding the Notice, and these responses and objections.

## SPECIFIC OBJECTIONS AND RESPONSES

The State of Nevada incorporates each of the foregoing objections and limitations into the specific objections and responses set forth below.

**TOPIC (a):**

The allegations of fact set forth in paragraphs 19-630 of the Complaint.

**RESPONSE TO TOPIC (a):**

The State of Nevada objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of Nevada objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation. As phrased, this topic for examination implicates any and all conceivable matters related to paragraphs 19-630 of the Complaint, which grossly exceeds the scope of permitted Rule 30(b)(6) testimony. The State of Nevada objects to this topic as it improperly seeks information that is already within the possession, control and/or custody of the Defendants, including but not limited to discovery already requested and/or provided to Defendants by Plaintiffs. The State of Nevada objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of Nevada objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of Nevada does not have direct knowledge. The State of Nevada objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The

State of Nevada objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law.  The State of Nevada further objects to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures.  The State of Nevada objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed using other written discovery requests less burdensome than oral deposition, *e.g.* contention interrogatories or requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C).  The State of Nevada directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production No. 1, 3, 4, 6-14, 19-22, 28, 41-44, dated February 7, 2025. The State of Nevada will not provide testimony on this topic for examination.  The State of Nevada requests that Defendants withdraw this topic for examination.  The State of Nevada is willing to meet and confer regarding the Notice and its responses and objections thereto.

**TOPIC (b):**

The allegation in paragraph 89bb of the Complaint that Avid Telecom routed more than 13,990 calls containing unlawful content to phone numbers with Nevada area codes.

**RESPONSE TO TOPIC (b):**

The State of Nevada objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure.  The State of Nevada objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing,

oppressive and/or not proportional to the needs of the litigation. As phrased, this topic for examination implicates any and all conceivable matters related to paragraph 89bb of the Complaint, which grossly exceeds the scope of permitted Rule 30(b)(6) testimony.  The State of Nevada objects to this topic as it improperly seeks information that is already within the possession, control and/or custody of the Defendants, including but not limited to discovery already requested which has been or will be produced by Plaintiffs upon the entry of the ESI protocol agreement and/or the completion of expert witness disclosures. The State of Nevada objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of Nevada further objects to this topic for examination on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The State of Nevada objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of Nevada does not have direct knowledge.  The State of Nevada objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information.  The State of Nevada objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Nevada further objects to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures.  The State of Nevada objects to this topic

for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed through the use of other written discovery requests less burdensome than oral deposition, *e.g.* contention interrogatories or requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C). The State of Nevada directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production No. 21 dated February 7, 2025.

The State of Nevada will not provide testimony on this topic for examination. The State of Nevada requests that Defendants withdraw this topic for examination. The State of Nevada is willing to meet and confer regarding the Notice and its responses and objections thereto.

**TOPIC (c):**

The specific allegations of fact set forth in paragraphs t15 [sic][1], 521, and 524-534 of the Complaint.

**RESPONSE TO TOPIC (c):**

The State of Nevada objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of Nevada objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation. As phrased, this topic for examination implicates any and all conceivable matters related to paragraphs t15[sic], 521 and 524-534 of the Complaint, which grossly exceeds the scope of permitted Rule 30(b)(6) testimony. The State of Nevada objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and

---

[1] The State of Nevada notes there is no paragraph t15 in the Complaint.

investigations privileges and/or any other applicable privilege, immunity or protection against disclosure.  The State of Nevada objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of Nevada does not have direct knowledge.  The State of Nevada objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information.  The State of Nevada objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law.  The State of Nevada further objects to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures.  The State of Nevada objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed using other written discovery requests, *e.g.* contention interrogatories or requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C). The State of Nevada directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production No. 4- 6, 11-14, 17-18, 21-23, 25, 27- 28, 31-32, 35-36, 39-40, 42, and 44, dated February 7, 2025.  The State of Nevada will not provide testimony on this topic for examination.  The State of Nevada requests that Defendants withdraw this topic for examination.  The State of Nevada is willing to meet and confer regarding the Notice and its responses and objections thereto.

**TOPIC (d):**

Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to

one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

**RESPONSE TO TOPIC (d):**

The State of Nevada objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of Nevada objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing and oppressive. The State of Nevada objects to this topic for examination on the grounds that it seeks the disclosure of information and testimony that is not relevant to any party's claims or defenses and/or not proportional to the needs of the litigation. Whether the State of Nevada has served requests for production on any third parties is irrelevant to the question of whether Defendants violated the law. To the extent Defendants believe this information has some marginal relevance to their defenses in this case, this topic for examination is still disproportional to the needs of the case considering the burden required to educate a witness on every request "of any kind" sent to "any third party" during an indeterminate period of time. The State of Nevada objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of Nevada further objects to this topic for examination on the grounds that it is seeking information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The State of Nevada objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of Nevada does not have direct knowledge. The State of Nevada objects to

this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of Nevada objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Nevada objects to this topic for examination on the grounds that it is not suited for oral testimony and directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production Nos. 1-14, 19, and 21, dated February 7, 2025.

The will not provide testimony on this topic for examination. The State of Nevada requests that Defendants withdraw this topic for examination. State of Nevada is willing to meet and confer regarding the Notice, and its responses and objections thereto.

**TOPIC (e):**

Requests for the production of documents, information or data of any kind (*e.g.*, subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the Complaint in the captioned case.

**RESPONSE TO TOPIC (e):**

The State of Nevada objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of Nevada objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing and oppressive. The State of Nevada objects to this topic for examination on the grounds that it seeks the disclosure of information and testimony that is not

relevant to any party's claims or defenses and/or is not proportional to the needs of the litigation. Whether the State of Nevada has served requests for production on any third parties is irrelevant to the question of whether Defendants violated the law. To the extent Defendants believe this information has some marginal relevance to their defenses in this case, this topic for examination is still disproportional to the needs of the case considering the burden required to educate a witness on every request "of any kind" sent to "any third party" during an indeterminate time period. The State of Nevada objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of Nevada further objects to this topic for examination on the grounds that it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The State of Nevada objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of Nevada does not have direct knowledge. The State of Nevada objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of Nevada objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Nevada objects to this topic for examination on the grounds that it is not suited for oral testimony and directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production Nos. 1-14, 19, and 21, dated February 7, 2025.

The State of Nevada will not provide testimony on this topic for examination. The State of Nevada requests that Defendants withdraw this topic for examination. The State of Nevada is willing to meet and confer regarding the Notice, and its responses and objections thereto.

**TOPIC (f):**

The person(s) associated with the Nevada Plaintiff who reviewed the Complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the Complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

**RESPONSE TO TOPIC (f):**

The State of Nevada objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure.  The State of Nevada objects to this topic for examination as being impermissibly compound, as it includes at least three (3) different and distinct topics for examination under a single heading.  The State of Nevada objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation, as the topic seeks broad swaths of information and testimony regarding subject matters beyond the actual claims or defenses in this case, like for instance the identity of a person(s) who might have reviewed a pleading.  The State of Nevada objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege,

law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure.  The State of Nevada further objects to this topic for examination on the grounds that it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.  The State of Nevada also objects to this topic of examination as it seeks deposition testimony from the opposing counsel.  The State of Nevada objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information.  The State of Nevada objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law.  The State of Nevada further objects to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures.  The State of Nevada objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed using other written discovery requests, *e.g.* contention interrogatories and requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C).

///

///

///

///

///

///

///

///

1    The State of Nevada will not provide testimony on this topic for examination.

2    The State of Nevada requests that Defendants withdraw this topic for examination.

3    The State of Nevada is willing to meet and confer regarding the Notice, and its

4    responses and objections thereto.

5        Dated this 5th day of June, 2025.

6

7        FOR THE STATE OF NEVADA:

8        AARON D. FORD
         Attorney General

9
     By:    /s/ Michelle C. Badorine
10          MICHELLE C. BADORINE (NV Bar No. 13206)
            State of Nevada, Office of the Attorney General
11          Bureau of Consumer Protection
            100 N. Carson Street
12          Carson City, Nevada 89701
            Phone: 775-684-1164
13          Fax:    775-684-1299
            E-mail: mbadorine@ag.nv.gov
14          *Attorney for Plaintiff, State of Nevada*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I caused the foregoing **<u>STATE OF NEVADA'S</u>** **<u>RESPONSE TO DEFENDANTS MICHAEL D. LANSKY, L.L.C's, dba AVID</u>** **<u>TELECOM, MICHAEL D. LANSKY'S AND STACY REEVES' NOTICE OF</u>** **<u>RULE 30(b)(6) DEPOSITION</u>** to be served by email upon counsel of record.

Dated: <u>June 5, 2025</u>

<u>/s/ Dorianne Potnar</u>
An employee of the
Office of the Attorney General

| | |
|---|---|
| **From:** | Stephen Provazza |
| **To:** | nende@tlgdc.com; gtaylor@tlgdc.com |
| **Cc:** | Alyse.Meislik@azag.gov; douglas.swetnam@atg.in.gov; Dylan.Jones@azag.gov; erin.leahy@ohioago.gov; Dilweg, Laura; Nayer, Tracy; Sarah.Pelton@azag.gov; Sparko, Rochelle; Thomas.Martindale@atg.in.gov; John.DillonIV@azag.gov |
| **Subject:** | AZ v. Avid Telecom - RI"s Response to 30(b)(6) Notice |
| **Date:** | Monday, June 2, 2025 3:01:07 PM |
| **Attachments:** | image001.png |
| | image003.png |
| | State v. Michael Lansky L.L.C. et al. - Rhode Island"s Response to Defs 30(b)(6) Notice.pdf |

Hi Neil and Greg – Attached please find the State of Rhode Island's Responses and Objections to Defendants' Rule 30(B)(6) deposition notice.

Best,

**Stephen N. Provazza | Unit Chief, Consumer and Economic Justice Unit**
**Public Protection Bureau, Civil Division**
The State of Rhode Island | Office of the Attorney General
150 South Main Street | Providence, RI – 02903
Office: +1 401 274 4400 | Ext: 2476

sprovazza@riag.ri.gov | www.riag.ri.gov

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| State of Rhode Island, *ex rel*. Peter F. Neronha, Attorney General, *et al.*, | CASE NO.: 4:23-cv-00233-CKJ |
|---|---|
| Plaintiffs, | **THE STATE OF RHODE ISLAND, *EX REL*. ATTORNEY GENERAL PETER F. NERONHA'S RESPONSE TO DEFENDANTS MICHAEL D. LANSKY, LLC'S, DBA AVID TELECOM, MICHAEL D. LANSKY'S AND STACEY REEVES'S NOTICE OF RULE 30(B)(6) DEPOSITION** |
| v. | |
| Michael D. Lansky, L.L.C., dba Avid Telecom, *et al.*, | |
| Defendants. | |

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, the State of Rhode Island, ex rel. Peter F. Neronha (hereinafter, "the State of Rhode Island") hereby responds and objects to Defendants Michael D. Lansky, LLC's, dba Avid Telecom, Michael D. Lansky's and Stacey Reeves's (collectively, "Defendants") Notice of 30(b)(6) Deposition (the "Notice").

### OBJECTIONS AND LIMITATIONS APPLICABLE TO DEFENDANTS' NOTICE

The following objections and limitations apply to and are incorporated in the State of Rhode Island's specific objections and responses set forth below.

1.      The State of Rhode Island objects to the Notice in its entirety on the grounds that it fails to specify the date and time of the 30(b)(6) deposition in violation of Rule 30(b)(1) of the Federal Rules of Civil Procedure.

2.     The State of Rhode Island objects to the Notice in its entirety on the grounds that the Notice was improperly served, failing to name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity as required by Rule 30(b)(6) of the Federal Rules of Civil Procedure.

3.     The Rhode Island objects to the Notice to the extent it seeks the disclosure of information and testimony protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, immunity or protection. Nothing contained in these objections or responses is intended to be, nor in any way shall deemed to be, a waiver of any such applicable privilege or immunity.

4.     The State of Rhode Island objects to the Notice to the extent it seeks the disclosure of information and testimony that is not relevant to any party's claims or defenses and/or not proportional to the needs of the litigation.

5.     The State of Rhode Island objects to the Notice to the extent it seeks information and testimony inconsistent with, or beyond the scope and requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Rhode Island further objects to the Notice to the extent it seeks to impose obligations in excess of or otherwise different from those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law.

6.     The State of Rhode Island objects to the Notice on the grounds that it fails to describe with reasonable particularity the matters and topics for examination.

7.     The State of Rhode Island objects to the Notice on the grounds that the matters and/or topics of deposition stated therein are vague, ambiguous, overbroad, unduly burdensome, cumulative, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation.

8.     The State of Rhode Island objects to the Notice to the extent it seeks the disclosure of information and testimony that is protected by the common interest privilege concerning privileged communications and materials shared between parties pursuant to a shared legal

2

interest. Nothing contained in these objections or responses is intended to be, nor in any way shall deemed to be, a waiver of any such applicable privilege or immunity.

9.      The State of Rhode Island objects to the Notice to the extent it seeks the disclosure of information and testimony regarding the deliberative process, prosecutorial discretion, the law enforcement or investigations privilege, or other information that would improperly interfere with or undermine the administrative or regulatory functions of the State of Rhode Island implicated by Defendants' Notice. Nothing contained in these objections or responses is intended to be, nor in any way shall deemed to be, a waiver of any such applicable privilege or immunity.

10.      The State of Rhode Island objects to the Notice to the extent it seeks sensitive information regarding any ongoing or past law enforcement investigations, informants, methodologies or practices for conducting investigations.

11.      The State of Rhode Island objects to the Notice to the extent it seeks legal analysis, legal theories or legal conclusions, or otherwise improper Rule 30(b)(6) deposition matters or topics, rather than factual information.

12.      The State of Rhode Island objects to the Notice to the extent it calls for information and testimony not within the possession, custody or control of the State of Rhode Island.

13.      The State of Rhode Island objects to the Notice to the extent it requires any deponent to provide any information outside what is "known or reasonably available to the organization." While reserving all rights to object to and/or narrow any matters or topics for examination, the State of Rhode Island notes that the scope of information "known or reasonably available to the organization" should be limited to the Click or tap here to enter text.Office of the Attorney General's Consumer & Economic Justice Unit.

14.      The State of Rhode Island objects to the Notice to the extent it seeks improper expert testimony and would require a designee to provide expert opinions and/or expert testimony requiring specialized or technical expertise falling under Fed. R. Civ. P. 26(a)(2). *See, e.g., United States v. HVI Cat Canyon, Inc*., Case No. CV 11-5097 FMO (SSX), 2016 WL 11683593, at *10 (C.D. Cal. Oct. 26, 2016).

15.      The State of Rhode Island objects to the Notice to the extent it seeks information and testimony on behalf of any nonparty governmental branches, nonparty agencies, or nonparty

divisions of State government for which the preparation of deposition testimony would violate Separation of Powers and the sovereignty of the State; and would be unduly prejudicial, impossible, and/or impracticable to provide or compel testimony on behalf of nonparties over whom the State of Rhode Island has no control.

16.     The State of Rhode Island objects to the Notice to the extent it seeks information and testimony reflecting confidential information, sensitive personal information, information about identifiable individuals, information that is protected by law or confidentiality agreements, or information from a non-Party. Responsive information, if discoverable, may be provided subject to the terms of the Protective Order entered by the Court, and the State of Rhode Island reserves the right to seek additional protections beyond those provided in the Protective Order to the extent appropriate for any particularly sensitive information. The State of Rhode Island a may object to testimony altogether if its relevance is substantially outweighed by the risks associated with its disclosure in light of available protections.

17.     The State of Rhode Island objects to the Notice to the extent it calls for information and testimony being provided or otherwise available to Defendants through written discovery, including but not limited to documents and communications produced in this litigation, contention interrogatories, or publicly available information. In such cases, the witness may respond to questions by referring the questioner to a written document or other information provided in this litigation.

18.     The State of Rhode Island's objections and responses are made without waiving the right to object on any ground to the use of any testimony in any subsequent proceeding or trial of this or any other action; the right to object to a demand for further responses to this or any other discovery involving or related to the Notice; and the right at any time to revise, correct, add to, or clarify any or all of responses and objections.

19.     The State of Rhode Island is willing to meet and confer regarding the Notice, and these responses and objections.

## SPECIFIC OBJECTIONS AND RESPONSES

The State of Rhode Island incorporates each of the foregoing objections and limitations into the specific objections and responses set forth below.

**TOPIC (a):**

The allegations of fact set forth in paragraphs 19-630 of the complaint.

**RESPONSE TO TOPIC (a):**

The State of Rhode Island objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of Rhode Island objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation. As phrased, this topic for examination implicates any and all conceivable matters related to paragraphs 19-630 of the Complaint, which grossly exceeds the scope of permitted Rule 30(b)(6) testimony. The State of Rhode Island objects to this topic as it improperly seeks information that is already within the possession, control and/or custody of the Defendants, including but not limited to discovery already requested and/or provided to Defendants by Plaintiffs. The State of Rhode Island objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure.  The State of Rhode Island objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of Rhode Island does not have direct knowledge. The State of Rhode Island objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of Rhode Island objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of

Rhode Island further objects to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The State of Rhode Island objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed using other written discovery requests less burdensome than oral deposition, *e.g.* contention interrogatories or requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C).

The State of Rhode Island directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production No. 1, 3, 4, 6-14, 19-22, 28, 41-44, dated February 7, 2025. The State of Rhode Island will not provide testimony on this topic for examination. The State of Rhode Island requests that Defendants withdraw this topic for examination. The State of Rhode Island is willing to meet and confer regarding the Notice and its responses and objections thereto.

## TOPIC (b):

The allegation in paragraph 89.mm of the Complaint that Avid Telecom routed more than 3,031 calls containing unlawful content to phone numbers with Rhode Island area codes.

## RESPONSE TO TOPIC (b):

The State of Rhode Island objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of Rhode Island objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation. As phrased, this topic for examination implicates any and all conceivable matters related to paragraph 89.mm.of the Complaint, which grossly exceeds the scope of permitted Rule 30(b)(6) testimony. The State of Rhode Island objects to this topic as it improperly seeks information that is already within the possession, control and/or custody of the Defendants, including but not limited to discovery already requested which has been or will be produced by Plaintiffs upon the entry of the ESI protocol agreement and/or the completion of expert witness disclosures. The State of Rhode Island objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest

privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of Rhode Island further objects to this topic for examination on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The State of Rhode Island objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of Rhode Island does not have direct knowledge. The State of Rhode Island objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of Rhode Island objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Rhode Island further objects to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The State of Rhode Island objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed through the use of other written discovery requests less burdensome than oral deposition, *e.g.* contention interrogatories or requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C). The State of Rhode Island directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production No. 21, dated February 7, 2025.

The State of Rhode Island will not provide testimony on this topic for examination. The State of Rhode Island requests that Defendants withdraw this topic for examination. The State of Rhode Island is willing to meet and confer regarding the Notice and its responses and objections thereto.

**TOPIC (c):**

The specific allegations of fact set forth in paragraphs 597, 603-606 of the complaint.

**RESPONSE TO TOPIC (c):**

The State of Rhode Island objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of Rhode Island objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation. As phrased, this topic for examination implicates any and all conceivable matters related to paragraphs 597, 603-606 of the Complaint, which grossly exceeds the scope of permitted Rule 30(b)(6) testimony. The State of Rhode Island objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure.  The State of Rhode Island objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of Rhode Island does not have direct knowledge. The State of Rhode Island objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of Rhode Island objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Rhode Island further objects to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The State of Rhode Island objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed using other written discovery requests, *e.g.* contention interrogatories or requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C). The State of Rhode Island directs Defendants to the Plaintiff

States' responses to Defendants' Requests for Production No. 4- 6, 11-14, 17-18, 21-23, 25, 27-28, 31-32, 35-36, 39-40, 42, and 44, dated February 7, 2025. The State of Rhode Island will not provide testimony on this topic for examination. The State of Rhode Island requests that Defendants withdraw this topic for examination. The State of Rhode Island is willing to meet and confer regarding the Notice and its responses and objections thereto.

**TOPIC (d):**

Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

**RESPONSE TO TOPIC (d):**

The State of Rhode Island objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of Rhode Island objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing and oppressive. The State of Rhode Island objects to this topic for examination on the grounds that it seeks the disclosure of information and testimony that is not relevant to any party's claims or defenses and/or not proportional to the needs of the litigation. Whether the State of Rhode Island has served requests for production on any third parties is irrelevant to the question of whether Defendants violated the law. To the extent Defendants believe this information has some relevance to their defenses in this case, this topic for examination is still disproportional to the needs of the case considering the burden required to educate a witness on every request "of any kind" sent to "any third party" during an indeterminate period of time. The State of Rhode Island objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of Rhode Island further objects to this topic for examination on the grounds that it is seeking information and testimony regarding legal theories, analyses, and conclusions instead of fact

9

testimony. The State of Rhode Island objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of Rhode Island  does not have direct knowledge. The State of Rhode Island objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of Rhode Island objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of A Rhode Island objects to this topic for examination on the grounds that it is not suited for oral testimony and directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production Nos. 1-14, 19, and 21, dated February 7, 2025.

The State of Rhode Island will not provide testimony on this topic for examination. The State of Rhode Island requests that Defendants withdraw this topic for examination. The State of Rhode Island is willing to meet and confer regarding the Notice, and its responses and objections thereto.

**TOPIC (e):**

Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the complaint in the captioned case.

**RESPONSE TO TOPIC (e):**

The State of Rhode Island objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of Rhode Island objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing and oppressive. The State of Rhode Island objects to this topic for examination on the grounds that it seeks the disclosure of information and testimony that is not relevant to any party's claims or defenses and/or is not proportional to the needs of the litigation. Whether the State of Rhode Island has served requests for production on any third parties is

10

irrelevant to the question of whether Defendants violated the law. To the extent Defendants believe this information has some marginal relevance to their defenses in this case, this topic for examination is still disproportional to the needs of the case considering the burden required to educate a witness on every request "of any kind" sent to "any third party" during an indeterminate time period. The State of Rhode Island objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of Rhode Island further objects to this topic for examination on the grounds that it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The State of Rhode Island objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of Rhode Island does not have direct knowledge. The State of Rhode Island objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of Rhode Island objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Rhode Island objects to this topic for examination on the grounds that it is not suited for oral testimony and directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production Nos. 1-14, 19, and 21, dated February 7, 2025.

The State of Rhode Island will not provide testimony on this topic for examination. The State of Rhode Island requests that Defendants withdraw this topic for examination. The State of Rhode Island is willing to meet and confer regarding the Notice, and its responses and objections thereto.

**TOPIC (f):**

The person(s) associated with the Rhode Island Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

**RESPONSE TO TOPIC (f):**

The State of Rhode Island objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of Rhode Island objects to this topic for examination as being impermissibly compound, as it includes at least three different and distinct topics for examination under a single heading. The State of Rhode Island objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation, as the topic seeks broad swaths of information and testimony regarding subject matters beyond the actual claims or defenses in this case, like for instance the identity of a person(s) who might have reviewed a pleading. The State of Rhode Island objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of Rhode Island further objects to this topic for examination on the grounds that it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The State of Rhode Island also objects to this topic of examination as it seeks deposition testimony from the opposing counsel. The State of Rhode Island objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of Rhode Island objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and

12

beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Rhode Island further objects to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The State of Rhode Island objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed using other written discovery requests, *e.g.* contention interrogatories and requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C).

The State of Rhode Island will not provide testimony on this topic for examination. The State of Rhode Island requests that Defendants withdraw this topic for examination. The State of Rhode Island is willing to meet and confer regarding the Notice, and its responses and objections thereto.

RESPECTFULLY SUBMITTED this Second day of June, 2025.

**FOR THE STATE OF RHODE ISLAND:**

Peter F. Neronha
Attorney General for the State of Rhode Island

/s/ Stephen N. Provazza
**STEPHEN N. PROVAZZA** (# 10435)
Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

*Attorney for the State of Rhode Island*

13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2025, I caused the foregoing Response to Defendants Michale D. Lansky, LLC's dba Avid Telecom, Michael D. Lansky's and Stacey Reeves's Notice of Rule 30(b)(6) Deposition to be served by email upon counsel of record.

*/s/ Stephen N. Provazza*

Stephen N. Provazza

| | |
|---|---|
| **From:** | Sparko, Rochelle |
| **To:** | gtaylor@tlgdc.com; nende@tlgdc.com |
| **Cc:** | erin.leahy@ohioago.gov; Thomas.Martindale@atg.in.gov; Nayer, Tracy; Sarah.Pelton@azag.gov; dylan.jones@azag.gov; john.dilloniv@azag.gov; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; laura.dilweg@azag.gov |
| **Subject:** | AZ v. Avid Telecom |
| **Date:** | Wednesday, May 28, 2025 9:58:00 AM |
| **Attachments:** | image001.png |
| | NC objections 30(b)(6).pdf |

Dear Counsel,

Attached, please find North Carolina's Response to Defendants Notice of Rule 30(B)(6) deposition.

Regards,
Rochelle



**Rochelle Sparko**

Special Deputy Attorney General

Consumer Protection Division

North Carolina Department of Justice

(919) 716-6811

rsparko@ncdoj.gov

Post Office Box 629, Raleigh, NC 27602

114 West Edenton Street, Raleigh, NC 27603

https://ncdoj.gov/

Please note messages to or from this address may be public records.

**JEFF JACKSON**
Attorney General of North Carolina
TRACY NAYER (NC Bar No. 36964)
ROCHELLE SPARKO (NC Bar No. 38528)
North Carolina Department of Justice
P.O. Box 629
Raleigh, NC 27602
Phone:  (919) 716-6000
Fax:      (919) 716-6050
tnayer@ncdoj.gov
rsparko@ncdoj.gov

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, *ex rel*. Kristin K. Mayes, Attorney General, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>Michael D. Lansky, L.L.C., dba Avid Telecom, *et al.*,<br><br>    Defendants. | CASE NO.:  4:23-cv-00233-CKJ<br><br>**THE STATE OF NORTH CAROLINA, *EX REL*. JEFF JACKSON, ATTORNEY GENERAL'S RESPONSE TO DEFENDANTS MICHAEL D. LANSKY, LLC'S, DBA AVID TELECOM, MICHAEL D. LANSKY'S AND STACEY REEVES'S NOTICE OF RULE 30(B)(6) DEPOSITION** |

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, the State of North Carolina, ex rel. Jeff Jackso (hereinafter, "the State of North Carolina") hereby responds and objects to Defendants Michael D. Lansky, LLC's, dba Avid Telecom, Michael D. Lansky's and Stacey Reeves's (collectively, "Defendants") Notice of 30(b)(6) Deposition (the "Notice").

## OBJECTIONS AND LIMITATIONS APPLICABLE TO DEFENDANTS' NOTICE

The following objections and limitations apply to and are incorporated in the State of North Carolina's specific objections and responses set forth below.

1.      The State of North Carolina objects to the Notice in its entirety on the grounds that it fails to specify the date and time of the 30(b)(6) deposition in violation of Rule 30(b)(1) of the Federal Rules of Civil Procedure.

2.      The State of North Carolina objects to the Notice in its entirety on the grounds that the Notice was improperly served, failing to name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity as required by Rule 30(b)(6) of the Federal Rules of Civil Procedure.

3.      The State of North Carolina objects to the Notice to the extent it seeks the disclosure of information and testimony protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, immunity or protection. Nothing contained in these objections or responses is intended to be, nor in any way shall deemed to be, a waiver of any such applicable privilege or immunity.

4.      The State of North Carolina objects to the Notice to the extent it seeks the disclosure of information and testimony that is not relevant to any party's claims or defenses and/or not proportional to the needs of the litigation.

5.      The State of North Carolina objects to the Notice to the extent it seeks information and testimony inconsistent with, or beyond the scope and requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of North Carolina further objects to the Notice to the extent it seeks to impose obligations in excess of or otherwise different from those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law.

2

6.      The State of North Carolina objects to the Notice on the grounds that it fails to describe with reasonable particularity the matters and topics for examination.

7.      The State of North Carolina objects to the Notice on the grounds that the matters and/or topics of deposition stated therein are vague, ambiguous, overbroad, unduly burdensome, cumulative, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation.

8.      The State of North Carolina objects to the Notice to the extent it seeks the disclosure of information and testimony that is protected by the common interest privilege concerning privileged communications and materials shared between parties pursuant to a shared legal interest. Nothing contained in these objections or responses is intended to be, nor in any way shall deemed to be, a waiver of any such applicable privilege or immunity.

9.      The State of North Carolina objects to the Notice to the extent it seeks the disclosure of information and testimony regarding the deliberative process, prosecutorial discretion, the law enforcement or investigations privilege, or other information that would improperly interfere with or undermine the administrative or regulatory functions of the State of North Carolina implicated by Defendants' Notice. Nothing contained in these objections or responses is intended to be, nor in any way shall deemed to be, a waiver of any such applicable privilege or immunity.

10.      The State of North Carolina objects to the Notice to the extent it seeks sensitive information regarding any ongoing or past law enforcement investigations, informants, methodologies or practices for conducting investigations.

11.      The State of North Carolina objects to the Notice to the extent it seeks legal analysis, legal theories or legal conclusions, or otherwise improper Rule 30(b)(6) deposition matters or topics, rather than factual information.

12.      The State of North Carolina objects to the Notice to the extent it calls for information and testimony not within the possession, custody or control of the State of North Carolina.

13.      The State of North Carolina objects to the Notice to the extent it requires any deponent to provide any information outside what is "known or reasonably available to the organization." While reserving all rights to object to and/or narrow any matters or topics for

3

examination, the State of North Carolina notes that the scope of information "known or reasonably available to the organization" should be limited to the North Carolina Department of Justice.

14.     The State of North Carolina objects to the Notice to the extent it seeks improper expert testimony and would require a designee to provide expert opinions and/or expert testimony requiring specialized or technical expertise falling under Fed. R. Civ. P. 26(a)(2). *See, e.g., United States v. HVI Cat Canyon, Inc.*, Case No. CV 11-5097 FMO (SSX), 2016 WL 11683593, at *10 (C.D. Cal. Oct. 26, 2016).

15.     The State of North Carolina objects to the Notice to the extent it seeks information and testimony on behalf of any nonparty governmental branches, nonparty agencies, or nonparty divisions of State government for which the preparation of deposition testimony would violate Separation of Powers and the sovereignty of the State; and would be unduly prejudicial, impossible, and/or impracticable to provide or compel testimony on behalf of nonparties over whom the State of North Carolina has no control.

16.     The State of North Carolina objects to the Notice to the extent it seeks information and testimony reflecting confidential information, sensitive personal information, information about identifiable individuals, information that is protected by law or confidentiality agreements, or information from a non-Party. Responsive information, if discoverable, may be provided subject to the terms of the Protective Order entered by the Court, and the State of North Carolina reserves the right to seek additional protections beyond those provided in the Protective Order to the extent appropriate for any particularly sensitive information. The State of North Carolina may object to testimony altogether if its relevance is substantially outweighed by the risks associated with its disclosure in light of available protections.

17.     The State of North Carolina objects to the Notice to the extent it calls for information and testimony being provided or otherwise available to Defendants through written discovery, including but not limited to documents and communications produced in this litigation, contention interrogatories, or publicly available information. In such cases, the witness may respond to questions by referring the questioner to a written document or other information provided in this litigation.

4

18.     The State of North Carolina's objections and responses are made without waiving the right to object on any ground to the use of any testimony in any subsequent proceeding or trial of this or any other action; the right to object to a demand for further responses to this or any other discovery involving or related to the Notice; and the right at any time to revise, correct, add to, or clarify any or all of responses and objections.

19.     The State of North Carolina is willing to meet and confer regarding the Notice, and these responses and objections.

### SPECIFIC OBJECTIONS AND RESPONSES

The State of North Carolina incorporates each of the foregoing objections and limitations into the specific objections and responses set forth below.

**TOPIC (a):**

The allegations of fact set forth in paragraphs 19-630 of the complaint.

**RESPONSE TO TOPIC (a):**

The State of North Carolina objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of North Carolina objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation. As phrased, this topic for examination implicates any and all conceivable matters related to paragraphs 19-630 of the Complaint, which grossly exceeds the scope of permitted Rule 30(b)(6) testimony. The State of North Carolina objects to this topic as it improperly seeks information that is already within the possession, control and/or custody of the Defendants, including but not limited to discovery already requested and/or provided to Defendants by Plaintiffs. The State of North Carolina objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure.  The State of

5

North Carolina objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of North Carolina does not have direct knowledge. The State of North Carolina objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of North Carolina objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of North Carolina further objects to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The State of North Carolina objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed using other written discovery requests less burdensome than oral deposition, *e.g.* contention interrogatories or requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C). The State of North Carolina directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production No. 1, 3, 4, 6-14, 19-22, 28, 41-44, dated February 7, 2025. The State of North Carolina will not provide testimony on this topic for examination. The State of North Carolina requests that Defendants withdraw this topic for examination. The State of North Carolina is willing to meet and confer regarding the Notice and its responses and objections thereto.

**TOPIC (b):**

The allegation in paragraph 89.gg of the Complaint that Avid Telecom routed more than 46,375 calls containing unlawful content to phone numbers with North Carolina area codes.

**RESPONSE TO TOPIC (b):**

The State of North Carolina objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of North Carolina objects to this topic for examination on the grounds that it is overbroad,

unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation. As phrased, this topic for examination implicates any and all conceivable matters related to paragraph 89.gg of the Complaint, which grossly exceeds the scope of permitted Rule 30(b)(6) testimony. The State of North Carolina objects to this topic as it improperly seeks information that is already within the possession, control and/or custody of the Defendants, including but not limited to discovery already requested which has been or will be produced by Plaintiffs upon the entry of the ESI protocol agreement and/or the completion of expert witness disclosures. The State of North Carolina objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of North Carolina further objects to this topic for examination on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The State of North Carolina objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of North Carolina does not have direct knowledge. The State of North Carolina objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of North Carolina objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of North Carolina further objects to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The State of North Carolina objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed through the use of other written discovery requests less burdensome than oral deposition, *e.g.* contention interrogatories or requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C). The State of North Carolina directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production Nos. 20 and 21, dated February 7, 2025.

7

The State of North Carolina will not provide testimony on this topic for examination. The State of North Carolina requests that Defendants withdraw this topic for examination. The State of North Carolina is willing to meet and confer regarding the Notice and its responses and objections thereto.

**TOPIC (c):**

The specific allegations of fact set forth in paragraphs 564-567 of the complaint.

**RESPONSE TO TOPIC (c):**

The State of North Carolina objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of North Carolina objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation. As phrased, this topic for examination implicates any and all conceivable matters related to paragraphs 564-567 of the Complaint, which grossly exceeds the scope of permitted Rule 30(b)(6) testimony. The State of North Carolina objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of North Carolina objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of North Carolina does not have direct knowledge. The State of North Carolina objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of North Carolina objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of North Carolina further objects to this topic for examination on

8

the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The State of North Carolina objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed using other written discovery requests, *e.g.* contention interrogatories or requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C). The State of North Carolina directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production No. 4- 6, 11-14, 17-18, 21-23, 25, 27- 28, 31-32, 35-36, 39-40, 42, and 44, dated February 7, 2025. The State of North Carolina will not provide testimony on this topic for examination. The State of North Carolina requests that Defendants withdraw this topic for examination. The State of North Carolina is willing to meet and confer regarding the Notice and its responses and objections thereto.

**TOPIC (d):**

Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

**RESPONSE TO TOPIC (d):**

Th State of North Carolina objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of North Carolina objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing and oppressive. The State of North Carolina objects to this topic for examination on the grounds that it seeks the disclosure of information and testimony that is not relevant to any party's claims or defenses and/or not proportional to the needs of the litigation. Whether the State of North Carolina has served requests for production on any third parties is irrelevant to the question of whether Defendants violated the law. To the extent Defendants believe this information has some marginal relevance to their defenses in this case, this topic for examination is still disproportional to the needs of the case considering the burden required to educate a witness on every request "of any kind" sent to "any third party" during an indeterminate

9

period of time. The State of North Carolina objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of North Carolina further objects to this topic for examination on the grounds that it is seeking information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The State of North Carolina objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of North Carolina  does not have direct knowledge. The State of North Carolina objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of North Carolina objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of North Carolina objects to this topic for examination on the grounds that it is not suited for oral testimony and directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production Nos. 1-14, 19, and 21, dated February 7, 2025.

The State of North Carolina will not provide testimony on this topic for examination. The State of North Carolina requests that Defendants withdraw this topic for examination. The State of North Carolina is willing to meet and confer regarding the Notice, and its responses and objections thereto.


**TOPIC (e):**

Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the complaint in the captioned case.

**RESPONSE TO TOPIC (e):**

1    The State of North Carolina objects to this topic for examination on the grounds that it is
2    vague, ambiguous, unintelligible and fails to describe the matters for examination with any
3    reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The
4    State of North Carolina objects to this topic for examination on the grounds that it is overbroad,
5    unduly burdensome, harassing and oppressive. The State of North Carolina objects to this topic
6    for examination on the grounds that it seeks the disclosure of information and testimony that is not
7    relevant to any party's claims or defenses and/or is not proportional to the needs of the litigation.
8    Whether the State of North Carolina has served requests for production on any third parties is
9    irrelevant to the question of whether Defendants violated the law. To the extent Defendants believe
10   this information has some marginal relevance to their defenses in this case, this topic for
11   examination is still disproportional to the needs of the case considering the burden required to
12   educate a witness on every request "of any kind" sent to "any third party" during an indeterminate
13   time period. The State of North Carolina objects to this topic for examination on the grounds that
14   it seeks information and testimony protected by the attorney-client privilege, the attorney work
15   product doctrine, common interest privilege, deliberative process privilege, law enforcement and
16   investigations privileges and/or any other applicable privilege, immunity or protection against
17   disclosure. The State of North Carolina further objects to this topic for examination on the grounds
18   that it seeks information and testimony regarding legal theories, analyses, and conclusions instead
19   of fact testimony. The State of North Carolina objects to this topic for examination to the extent it
20   seeks testimony regarding all factual underpinnings or other materials about which the State of
21   North Carolina does not have direct knowledge. The State of North Carolina objects to this topic
22   for examination on the grounds that it seeks information and testimony that is personally sensitive
23   or otherwise confidential or protected information. The State of North Carolina objects to this topic
24   for examination on the grounds that it seeks information and testimony inconsistent with, and
25   beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence,
26   the Local Rules of the United States District Court for the District of Arizona, and other applicable
27   federal or state law. The State of North Carolina objects to this topic for examination on the
28   grounds that it is not suited for oral testimony and directs Defendants to the Plaintiff States'
     responses to Defendants' Requests for Production Nos. 1-14, 19, and 21, dated February 7, 2025.

The State of North Carolina will not provide testimony on this topic for examination. The State of North Carolina requests that Defendants withdraw this topic for examination. The State of North Carolina is willing to meet and confer regarding the Notice, and its responses and objections thereto.

**TOPIC (f):**

The person(s) associated with the North Carolina Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

**RESPONSE TO TOPIC (f):**

The State of North Carolina objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of North Carolina objects to this topic for examination as being impermissibly compound, as it includes at least three different and distinct topics for examination under a single heading. The State of North Carolina objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation, as the topic seeks broad swaths of information and testimony regarding subject matters beyond the actual claims or defenses in this case, like for instance the identity of a person(s) who might have reviewed a pleading. The State of North Carolina objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of North Carolina further objects to this topic for examination on the grounds that it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The State of North Carolina also objects to

12

this topic of examination as it seeks deposition testimony from the opposing counsel. The State of North Carolina objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of North Carolina objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of North Carolina further objects to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The State of North Carolina objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed using other written discovery requests, *e.g.* contention interrogatories and requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C).

The State of North Carolina will not provide testimony on this topic for examination. The State of North Carolina requests that Defendants withdraw this topic for examination. The State of North Carolina is willing to meet and confer regarding the Notice, and its responses and objections thereto.

      RESPECTFULLY SUBMITTED this 28th day of May 2025.

**FOR THE STATE OF NORTH CAROLINA:**

JEFF JACKSON
Attorney General for the State of North Carolina

/s/ Rochelle Sparko
TRACY NAYER
ROCHELLE SPARKO
Special Deputy Attorneys General
*Attorneys for the State of North Carolina*

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that on May 28, 2025, I caused the foregoing Response to Defendants

3  Michale D. Lansky, LLC's dba Avid Telecom, Michael D. Lansky's and Stacey Reeves's Notice

4  of Rule 30(b)(6) Deposition to be served by email upon counsel of record.

5

6      /s/*Rochelle Sparko*

7      Rochelle Sparko

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| **From:** | Pelton, Sarah |
| **To:** | Neil Ende; "gtaylor@tlgdc.com" |
| **Cc:** | "Erin Leahy"; Nayer, Tracy; douglas.swetnam@atg.in.gov; Martindale, Thomas L; Sparko, Rochelle; Dilweg, Laura; Dillon IV, John; Meislik, Alyse; Jones, Dylan |
| **Subject:** | AZ v. Avid Telecom et al. - Arizona"s Responses and Objections to 30(b)(6) Notice |
| **Date:** | Friday, May 23, 2025 6:00:44 PM |
| **Attachments:** | image001.png |
| | 2025-05-23 - State of Arizona"s Responses and Objections to Defendants" Rule 30(b)(6) Deposition Notice.pdf |

Neil and Greg,

Please see attached Arizona's responses and objections to Defendants' 30(b)(6) deposition notice.

Thanks,
Sarah

**Sarah Pelton**
Assistant Attorney General
Antitrust & Privacy Unit



Arizona Attorney General Kris Mayes
2005 N. Central Ave.
Phoenix, AZ 85004
Desk: (602) 542-8018
Sarah.Pelton@azag.gov
http://www.azag.gov

1  KRISTIN K. MAYES
   Attorney General of Arizona
2  (Firm State Bar No. 14000)
   Laura Dilweg (AZ No. 036066)
3  Alyse Meislik (AZ No. 024052)
   Dylan Jones (AZ Bar No. 034185)
4  Sarah Pelton (AZ Bar No. 039633)
   Assistant Attorneys General
5  Office of the Arizona Attorney General
6  2005 North Central Avenue
7  Phoenix, AZ 85004
   Phone: (602) 542-3725
8  Fax: (602) 542-4377
9  consumer@azag.gov
10 Counsel for Plaintiff State of Arizona

11

12              **IN THE UNITED STATES DISTRICT COURT**

13                **FOR THE DISTRICT OF ARIZONA**

14

15 | State of Arizona, *ex rel*. Kristin K. Mayes, Attorney General; et al., | NO. CV-23-00233-TUC-CKJ |

16 |  |  |

17 |         Plaintiffs, | **THE STATE OF ARIZONA, *EX REL*. KRISTIN K. MAYES, ATTORNEY GENERAL'S RESPONSE TO DEFENDANTS MICHAEL D. LANSKY, LLC'S, DBA AVID TELECOM, MICHAEL D. LANSKY'S AND STACEY REEVES'S NOTICE OF RULE 30(B)(6) DEPOSITION** |

18 |         v. | |

19 | Michael D. Lansky, L.L.C., dba Avid Telecom; et al., | |

20 | | |

21 | | |

22 |         Defendants. | |

23

24

25

26

27

28

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, the State of Arizona, *ex rel.* Kris Mayes (hereinafter, "the State of Arizona") hereby responds and objects to Defendants Michael D. Lansky, LLC's, dba Avid Telecom, Michael D. Lansky's and Stacey Reeves's (collectively, "Defendants") Notice of 30(b)(6) Deposition (the "Notice").

**OBJECTIONS AND LIMITATIONS APPLICABLE TO DEFENDANTS' NOTICE**

The following objections and limitations apply to and are incorporated in the State of Arizona's specific objections and responses set forth below.

1.      The State of Arizona objects to the Notice in its entirety on the grounds that it fails to specify the date and time of the 30(b)(6) deposition in violation of Rule 30(b)(1) of the Federal Rules of Civil Procedure.

2.      The State of Arizona objects to the Notice in its entirety on the grounds that the Notice was improperly served since it fails to name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity as required by Rule 30(b)(6) of the Federal Rules of Civil Procedure.

3.      The State of Arizona objects to the Notice to the extent it seeks the disclosure of information and testimony protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, immunity or protection. Nothing contained in these objections or responses is intended to be, nor in any way shall deemed to be, a waiver of any such applicable privilege or immunity.

4.      The State of Arizona objects to the Notice to the extent it seeks the disclosure of information and testimony that is not relevant to any party's claims or defenses and/or not proportional to the needs of the litigation.

5.      The State of Arizona objects to the Notice to the extent it seeks information and testimony inconsistent with, or beyond the scope and requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Arizona further objects to the Notice to the extent it seeks to impose obligations in excess of or otherwise different from those imposed by the Federal Rules of Civil

Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law.

6.  The State of Arizona objects to the Notice on the grounds that it fails to describe with reasonable particularity the matters and topics for examination.

7.  The State of Arizona objects to the Notice on the grounds that the matters and/or topics of deposition stated therein are vague, ambiguous, overbroad, unduly burdensome, cumulative, impermissibly compound, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation.

8.  The State of Arizona objects to the Notice to the extent it seeks the disclosure of information and testimony that is protected by the common interest privilege concerning privileged communications and materials shared between parties pursuant to a shared legal interest. Nothing contained in these objections or responses is intended to be, nor in any way shall deemed to be, a waiver of any such applicable privilege or immunity.

9.  The State of Arizona objects to the Notice to the extent it seeks the disclosure of information and testimony regarding the deliberative process, prosecutorial discretion, the law enforcement or investigations privilege, or other information that would improperly interfere with or undermine the administrative or regulatory functions of the State of Arizona implicated by Defendants' Notice. Nothing contained in these objections or responses is intended to be, nor in any way shall deemed to be, a waiver of any such applicable privilege or immunity.

10. The State of Arizona objects to the Notice to the extent it seeks sensitive information regarding any ongoing or past law enforcement investigations, informants, methodologies or practices for conducting investigations.

11. The State of Arizona objects to the Notice to the extent it seeks deposition testimony from an opposing counsel in a pending litigation.

12. The State of Arizona objects to the Notice to the extent it seeks legal analysis, legal theories or legal conclusions, or otherwise improper Rule 30(b)(6) deposition matters or topics, rather than factual information.

13. The State of Arizona objects to the Notice to the extent it calls for information and testimony not within the possession, custody or control of the State of Arizona.

14. The State of Arizona objects to the Notice to the extent it requires any deponent to provide any information outside what is "known or reasonably available to the organization." While reserving all rights to object to and/or narrow any matters or topics for examination, the State of Arizona notes that the scope of information "known or reasonably available to the organization" should be limited to publicly available information and information provided in discovery by the State of Arizona and separate state agencies.

15. The State of Arizona objects to the Notice to the extent it seeks improper expert testimony and would require a designee to provide expert opinions and/or expert testimony requiring specialized or technical expertise falling under Fed. R. Civ. P. 26(a)(2). *See, e.g., United States v. HVI Cat Canyon, Inc*., Case No. CV 11-5097 FMO (SSX), 2016 WL 11683593, at *10 (C.D. Cal. Oct. 26, 2016).

16. The State of Arizona objects to the Notice to the extent it seeks information and testimony on behalf of any nonparty governmental branches, nonparty agencies, or nonparty divisions of State government for which the preparation of deposition testimony would violate Separation of Powers and the sovereignty of the State; and would be unduly prejudicial, impossible, and/or impracticable to provide or compel testimony on behalf of nonparties over whom the State of Arizona has no control.

17. The State of Arizona objects to the Notice to the extent it seeks information and testimony reflecting confidential information, sensitive personal information, information about identifiable individuals, information that is protected by law or confidentiality agreements, or information from a non-Party. Responsive information, if discoverable, may be provided subject to the terms of the Protective Order entered by the Court, and the State of Arizona reserves the right to seek additional protections beyond those provided in the Protective Order to the extent appropriate for any particularly sensitive information. The State of Arizona may object to testimony altogether if its

relevance is substantially outweighed by the risks associated with its disclosure in light of available protections.

18.     The State of Arizona objects to the Notice to the extent it calls for information and testimony being provided or otherwise available to Defendants through written discovery, including but not limited to documents and communications produced in this litigation, contention interrogatories, or publicly available information. In such cases, the witness may respond to questions by referring the questioner to a written document or other information provided in this litigation.

19.     The State of Arizona's objections and responses are made without waiving the right to object on any ground to the use of any testimony in any subsequent proceeding or trial of this or any other action; the right to object to a demand for further responses to this or any other discovery involving or related to the Notice; and the right at any time to revise, correct, add to, or clarify any or all of responses and objections.

20.     The State of Arizona is willing to meet and confer regarding the Notice, and these responses and objections.

## SPECIFIC OBJECTIONS AND RESPONSES

The State of Arizona incorporates each of the foregoing objections and limitations into the specific objections and responses set forth below.

**TOPIC (a):**

The allegation in paragraph 89.b of the Complaint that Avid Telecom routed more than 28,790 calls containing unlawful content to phone numbers with Arizona area codes.

**RESPONSE TO TOPIC (a):**

The State of Arizona objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of Arizona objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation. As phrased, this topic for examination implicates any and all

conceivable matters related to paragraph 89.b of the Complaint, which grossly exceeds the scope of permitted Rule 30(b)(6) testimony. The State of Arizona objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of Arizona also objects to this topic of examination as it seeks deposition testimony from the opposing counsel in a pending litigation. The State of Arizona further objects to this topic for examination on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The State of Arizona objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of Arizona does not have direct knowledge. The State of Arizona objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of Arizona objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Arizona further objects to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The State of Arizona objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed through the use of other written discovery requests, *e.g.* contention interrogatories or requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C). The State of Arizona directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production No. 20, dated February 7, 2025.

The State of Arizona will not provide testimony on this topic for examination. The State of Arizona requests that Defendants withdraw this topic for examination. The State

of Arizona is willing to meet and confer regarding the Notice and its responses and objections thereto.

**TOPIC (b):**

The allegation in paragraph 93.u of the Complaint regarding illegally spoofed calling to "Do Not Originate Numbers".

**RESPONSE TO TOPIC (b):**

The State of Arizona objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of Arizona objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation. As phrased, this topic for examination implicates any and all conceivable matters related to paragraph 93.u of the Complaint, which grossly exceeds the scope of permitted Rule 30(b)(6) testimony. The State of Arizona objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of Arizona also objects to this topic of examination as it seeks deposition testimony from the opposing counsel in a pending litigation. The State of Arizona further objects to this topic for examination on the grounds that it is seeking information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The State of Arizona objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of Arizona does not have direct knowledge. The State of Arizona objects to this topic for examination on the grounds that it seeks information and testimony personally sensitive or otherwise confidential or protected information. The State of Arizona objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the

requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Arizona further objects to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The State of Arizona objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed through the use of other written discovery requests, *e.g.* contention interrogatories and requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C). The State of Arizona objects to this topic for examination on the grounds that it is not suited for oral testimony and directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production Nos. 20, 24, and 26, dated February 7, 2025.

The State of Arizona will not provide testimony on this topic for examination. The State of Arizona requests that Defendants withdraw this topic for examination. The State of Arizona is willing to meet and confer regarding the Notice, and its responses and objections thereto.

**TOPIC (c):**

Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

**RESPONSE TO TOPIC (c):**

The State of Arizona objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of Arizona objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, impermissibly compound, harassing and oppressive. The State of Arizona objects to this topic for examination as duplicative of or encompassed by Topic (d) in the Notice. The State of Arizona objects to this topic for examination on

the grounds that it seeks the disclosure of information and testimony that is not relevant to any party's claims or defenses and/or not proportional to the needs of the litigation. Whether the State of Arizona has served requests for production on any third parties is irrelevant to the question of whether Defendants violated the law. To the extent Defendants believe this information has some marginal relevance to their defenses in this case, this topic for examination is still disproportional to the needs of the case in light of the burden required to educate a witness on every request "of any kind" sent to "any third party" during an indeterminate time period. The State of Arizona objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of Arizona also objects to this topic of examination as it seeks deposition testimony from the opposing counsel in a pending litigation. The State of Arizona further objects to this topic for examination on the grounds that it is seeking information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The State of Arizona objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of Arizona does not have direct knowledge. The State of Arizona objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of Arizona objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Arizona objects to this topic for examination on the grounds that it is not suited for oral testimony and directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production Nos. 1, 3-4, 6-14, 19, 21, 48, and 51, dated February 7, 2025.

The State of Arizona will not provide testimony on this topic for examination. The State of Arizona requests that Defendants withdraw this topic for examination. The State of Arizona is willing to meet and confer regarding the Notice, and its responses and objections thereto.

**TOPIC (d):**

Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the complaint in the captioned case.

**RESPONSE TO TOPIC (d):**

The State of Arizona objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of Arizona objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, impermissibly compound, harassing and oppressive. The State of Arizona objects to this topic for examination as duplicative of or encompassed by Topic (c) in the Notice. The State of Arizona objects to this topic for examination on the grounds that it seeks the disclosure of information and testimony that is not relevant to any party's claims or defenses and/or is not proportional to the needs of the litigation. Whether the State of Arizona has served requests for production on any third parties is irrelevant to the question of whether Defendants violated the law. To the extent Defendants believe this information has some marginal relevance to their defenses in this case, this topic for examination is still disproportional to the needs of the case in light of the burden required to educate a witness on every request "of any kind" sent to "any third party" during an indeterminate time period. The State of Arizona objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other

applicable privilege, immunity or protection against disclosure. The State of Arizona also objects to this topic of examination as it seeks deposition testimony from the opposing counsel in a pending litigation. The State of Arizona further objects to this topic for examination on the grounds that it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The State of Arizona objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of Arizona does not have direct knowledge. The State of Arizona objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of Arizona objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Arizona objects to this topic for examination on the grounds that it is not suited for oral testimony and directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production Nos. 1, 3-4, 6-14, 19, 21, 48, and 51, dated February 7, 2025.

The State of Arizona will not provide testimony on this topic for examination. The State of Arizona requests that Defendants withdraw this topic for examination. The State of Arizona is willing to meet and confer regarding the Notice, and its responses and objections thereto.

**TOPIC (e):**

The person(s) associated with the Arizona Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being

presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

**RESPONSE TO TOPIC (e):**

The State of Arizona objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of Arizona objects to this topic for examination as being impermissibly compound, as it includes at least three different and distinct topics for examination under a single heading. The State of Arizona objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation, as the topic seeks broad swaths of information and testimony regarding subject matters beyond the actual claims or defenses in this case, like for instance the identity of a person(s) who might have reviewed a pleading. The State of Arizona objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of Arizona further objects to this topic for examination on the grounds that it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The State of Arizona also objects to this topic of examination as it seeks deposition testimony from the opposing counsel in a pending litigation. The State of Arizona objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of Arizona objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Arizona further objects to this topic for examination on the grounds that it prematurely seeks testimony and information not

due to be disclosed until the parties' exchange of expert disclosures. The State of Arizona objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed through the use of other written discovery requests, *e.g.* contention interrogatories and requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C).

The State of Arizona will not provide testimony on this topic for examination. The State of Arizona requests that Defendants withdraw this topic for examination. The State of Arizona is willing to meet and confer regarding the Notice, and its responses and objections thereto.

RESPECTFULLY SUBMITTED this 23rd day of May 2025

**FOR THE STATE OF ARIZONA:**

KRISTIN K. MAYES
Attorney General for the State of Arizona


/s/ *Sarah Pelton*
SARAH PELTON
DYLAN JONES
ALYSE MEISLIK
LAURA DILWEG
Assistant Attorney General
*Attorneys for the State of Arizona*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2025, I caused the foregoing, THE STATE OF ARIZONA, EX REL. KRISTIN K. MAYES, ATTORNEY GENERAL'S RESPONSE TO DEFENDANTS MICHAEL D. LANSKY, LLC'S, DBA AVID TELECOM, MICHAEL D. LANSKY'S AND STACEY REEVES'S NOTICE OF RULE 30(B)(6) DEPOSITION to be served electronically, via electronic mail, upon counsel of record:


Neil Ende, Esq.
Greg Taylor, Esq.
Technology Law Group LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015
(202) 895-1707
(202) 478-5074 (Facsimile)
nende@tlgdc.com
gtaylor@tlgdc.com
*Attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky, and Stacey Reeves*

/s/  *Sarah Pelton*
Sarah Pelton

| **From:** | Martindale, Thomas L |
| **To:** | Greg Taylor; Neil Ende |
| **Cc:** | Erin Leahy; Martindale, Thomas L; Nayer, Tracy; Pelton, Sarah; Jones, Dylan; Dillon IV, John; Swetnam, Douglas; Dilweg, Laura; Sparko, Rochelle |
| **Subject:** | AZ v. Avid Telecom |
| **Date:** | Thursday, May 29, 2025 3:26:04 PM |
| **Attachments:** | IN objections 30(b)(6).pdf |

Counsel,

Please find Indiana's Response to Defendants Notice of Rule 30(b)(6) deposition.

Thank you, Tom

**Thomas Martindale**
Deputy Attorney General
Data Privacy & Identity Theft Unit
Consumer Protection Division
Office of Attorney General Todd Rokita

302 West Washington Street, IGCS 5$^{th}$ Floor
Indianapolis, IN 46204
p: (317)232-7751 !f: (317)232-7979
thomas.martindale@atg.in.gov

**TODD ROKITA**
Attorney General of Indiana
Douglas Swetnam (IN Bar No. 15860-49)
Thomas L. Martindale (IN Bar No. 29706-64)
Office of the Indiana Attorney General Todd Rokita
Indiana Govt. Center, 5th Floor
302 West Washington Street
Indianapolis, IN  46204
Phone:  (317) 232-6294 Swetnam
Phone:  (317) 232-7751 Martindale
Fax:      (317) 232-7979
Douglas.Swetnam@atg.in.gov
Thomas.Martindale@atg.in.gov

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, *ex rel*. Kristin K. Mayes, Attorney General, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>Michael D. Lansky, L.L.C., dba Avid Telecom, *et al.*,<br><br>        Defendants. | CASE NO.:  4:23-cv-00233-CKJ<br><br>**THE STATE OF INDIANA, *EX REL*. TODD ROKITA, ATTORNEY GENERAL'S RESPONSE TO DEFENDANTS MICHAEL D. LANSKY, LLC'S, DBA AVID TELECOM, MICHAEL D. LANSKY'S AND STACEY REEVES'S NOTICE OF RULE 30(B)(6) DEPOSITION** |

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, the State of Indiana, ex rel. Todd Rokita (hereinafter, "the State of Indiana") hereby responds and objects to Defendants Michael D. Lansky, LLC's, dba Avid Telecom, Michael D. Lansky's and Stacey Reeves's (collectively, "Defendants") Notice of 30(b)(6) Deposition (the "Notice").

## OBJECTIONS AND LIMITATIONS APPLICABLE TO DEFENDANTS' NOTICE

The following objections and limitations apply to and are incorporated in the State of Indiana's specific objections and responses set forth below.

1.    The State of Indiana objects to the Notice in its entirety on the grounds that it fails to specify the date and time of the 30(b)(6) deposition in violation of Rule 30(b)(1) of the Federal Rules of Civil Procedure.

2.    The State of Indiana objects to the Notice in its entirety on the grounds that the Notice was improperly served, failing to name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity as required by Rule 30(b)(6) of the Federal Rules of Civil Procedure.

3.    The State of Indiana objects to the Notice to the extent it seeks the disclosure of information and testimony protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, immunity or protection. Nothing contained in these objections or responses is intended to be, nor in any way shall deemed to be, a waiver of any such applicable privilege or immunity.

4.    The State of Indiana objects to the Notice to the extent it seeks the disclosure of information and testimony that is not relevant to any party's claims or defenses and/or not proportional to the needs of the litigation.

5.    The State of Indiana objects to the Notice to the extent it seeks information and testimony inconsistent with, or beyond the scope and requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Indiana further objects to the Notice to the extent it seeks to impose obligations in excess of or otherwise different from those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law.

2

6. The State of Indiana objects to the Notice on the grounds that it fails to describe with reasonable particularity the matters and topics for examination.

7. The State of Indiana objects to the Notice on the grounds that the matters and/or topics of deposition stated therein are vague, ambiguous, overbroad, unduly burdensome, cumulative, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation.

8. The State of Indiana objects to the Notice to the extent it seeks the disclosure of information and testimony that is protected by the common interest privilege concerning privileged communications and materials shared between parties pursuant to a shared legal interest. Nothing contained in these objections or responses is intended to be, nor in any way shall deemed to be, a waiver of any such applicable privilege or immunity.

9. The State of Indiana objects to the Notice to the extent it seeks the disclosure of information and testimony regarding the deliberative process, prosecutorial discretion, the law enforcement or investigations privilege, or other information that would improperly interfere with or undermine the administrative or regulatory functions of the State of Indiana implicated by Defendants' Notice. Nothing contained in these objections or responses is intended to be, nor in any way shall deemed to be, a waiver of any such applicable privilege or immunity.

10. The State of Indiana objects to the Notice to the extent it seeks sensitive information regarding any ongoing or past law enforcement investigations, informants, methodologies or practices for conducting investigations.

11. The State of Indiana objects to the Notice to the extent it seeks legal analysis, legal theories or legal conclusions, or otherwise improper Rule 30(b)(6) deposition matters or topics, rather than factual information.

12. The State of Indiana objects to the Notice to the extent it calls for information and testimony not within the possession, custody or control of the State of Indiana.

13. The State of Indiana objects to the Notice to the extent it requires any deponent to provide any information outside what is "known or reasonably available to the organization." While reserving all rights to object to and/or narrow any matters or topics for examination, the State of Indiana notes that the scope of information "known or reasonably available to the organization" should be limited to the Indiana Attorney General's Office.

14.     The State of Indiana objects to the Notice to the extent it seeks improper expert testimony and would require a designee to provide expert opinions and/or expert testimony requiring specialized or technical expertise falling under Fed. R. Civ. P. 26(a)(2). *See, e.g., United States v. HVI Cat Canyon, Inc.*, Case No. CV 11-5097 FMO (SSX), 2016 WL 11683593, at *10 (C.D. Cal. Oct. 26, 2016).

15.     The State of Indiana objects to the Notice to the extent it seeks information and testimony on behalf of any nonparty governmental branches, nonparty agencies, or nonparty divisions of State government for which the preparation of deposition testimony would violate Separation of Powers and the sovereignty of the State; and would be unduly prejudicial, impossible, and/or impracticable to provide or compel testimony on behalf of nonparties over whom the State of Indiana has no control.

16.     The State of Indiana objects to the Notice to the extent it seeks information and testimony reflecting confidential information, sensitive personal information, information about identifiable individuals, information that is protected by law or confidentiality agreements, or information from a non-Party. Responsive information, if discoverable, may be provided subject to the terms of the Protective Order entered by the Court, and the State of Indiana reserves the right to seek additional protections beyond those provided in the Protective Order to the extent appropriate for any particularly sensitive information. The State of Indiana may object to testimony altogether if its relevance is substantially outweighed by the risks associated with its disclosure in light of available protections.

17.     The State of Indiana objects to the Notice to the extent it calls for information and testimony being provided or otherwise available to Defendants through written discovery, including but not limited to documents and communications produced in this litigation, contention interrogatories, or publicly available information. In such cases, the witness may respond to questions by referring the questioner to a written document or other information provided in this litigation.

18.     The State of Indiana's objections and responses are made without waiving the right to object on any ground to the use of any testimony in any subsequent proceeding or trial of this or any other action; the right to object to a demand for further responses to this or any other

4

discovery involving or related to the Notice; and the right at any time to revise, correct, add to, or clarify any or all of responses and objections.

19.     The State of Indiana is willing to meet and confer regarding the Notice, and these responses and objections.

<div align="center">

**SPECIFIC OBJECTIONS AND RESPONSES**

</div>

The State of Indiana incorporates each of the foregoing objections and limitations into the specific objections and responses set forth below.

**TOPIC (a):**

The allegations of fact set forth in paragraphs 19-630 of the complaint.

**RESPONSE TO TOPIC (a):**

The State of Indiana objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of Indiana objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation. As phrased, this topic for examination implicates any and all conceivable matters related to paragraphs 19-630 of the Complaint, which grossly exceeds the scope of permitted Rule 30(b)(6) testimony. The State of Indiana objects to this topic as it improperly seeks information that is already within the possession, control and/or custody of the Defendants, including but not limited to discovery already requested and/or provided to Defendants by Plaintiffs. The State of Indiana objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure.  The State of Indiana objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of Indiana does not have direct knowledge. The State of Indiana objects to this topic for examination on the grounds that it seeks information and testimony

<div align="center">5</div>

that is personally sensitive or otherwise confidential or protected information. The State of Indiana objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Indiana further objects to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The State of Indiana objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed using other written discovery requests less burdensome than oral deposition, *e.g.* contention interrogatories or requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C). The State of Indiana directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production No. 1, 3, 4, 6-14, 19-22, 28, 41-44, dated February 7, 2025. The State of Indiana will not provide testimony on this topic for examination. The State of Indiana requests that Defendants withdraw this topic for examination. The State of Indiana is willing to meet and confer regarding the Notice and its responses and objections thereto.

**TOPIC (b):**

The specific allegations of fact set forth in paragraphs 487-492 of the complaint.

**RESPONSE TO TOPIC (b):**

The State of Indiana objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of Indiana objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation. As phrased, this topic for examination implicates any and all conceivable matters related to paragraphs 487-492 of the Complaint, which grossly exceeds the scope of permitted Rule 30(b)(6) testimony. The State of Indiana objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations

privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of Indiana objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of Indiana does not have direct knowledge. The State of Indiana objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of Indiana objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Indiana further objects to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The State of Indiana objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed using other written discovery requests, *e.g.* contention interrogatories or requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C). The State of Indiana directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production No. 4- 6, 11-14, 17-18, 21-23, 25, 27- 28, 31-32, 35-36, 39-40, 42, and 44, dated February 7, 2025. The State of Indiana will not provide testimony on this topic for examination. The State of Indiana requests that Defendants withdraw this topic for examination. The State of Indiana is willing to meet and confer regarding the Notice and its responses and objections thereto.

**TOPIC (c):**

The allegation in paragraph 89.n of the Complaint that Avid Telecom routed more than 3,225 calls containing unlawful content to phone numbers with Indiana area codes.

**RESPONSE TO TOPIC (c):**

The State of Indiana objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of Indiana objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation. As

7

phrased, this topic for examination implicates any and all conceivable matters related to paragraph 89.n of the Complaint, which grossly exceeds the scope of permitted Rule 30(b)(6) testimony. The State of Indiana objects to this topic as it improperly seeks information that is already within the possession, control and/or custody of the Defendants, including but not limited to discovery already requested which has been or will be produced by Plaintiffs upon the entry of the ESI protocol agreement and/or the completion of expert witness disclosures. The State of Indiana objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of Indiana further objects to this topic for examination on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The State of Indiana objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of Indiana does not have direct knowledge. The State of Indiana objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of Indiana objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Indiana further objects to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The State of Indiana objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed through the use of other written discovery requests less burdensome than oral deposition, *e.g.* contention interrogatories or requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C). The State of Indiana directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production Nos. 20 and 21, dated February 7, 2025.

The State of Indiana will not provide testimony on this topic for examination. The State of Indiana requests that Defendants withdraw this topic for examination. The State of Indiana is willing to meet and confer regarding the Notice and its responses and objections thereto.

**TOPIC (d):**

Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

**RESPONSE TO TOPIC (d):**

The State of Indiana objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of Indiana objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing and oppressive. The State of Indiana objects to this topic for examination on the grounds that it seeks the disclosure of information and testimony that is not relevant to any party's claims or defenses and/or not proportional to the needs of the litigation. Whether the State of Indiana has served requests for production on any third parties is irrelevant to the question of whether Defendants violated the law. To the extent Defendants believe this information has some marginal relevance to their defenses in this case, this topic for examination is still disproportional to the needs of the case considering the burden required to educate a witness on every request "of any kind" sent to "any third party" during an indeterminate period of time. The State of Indiana objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of Indiana further objects to this topic for examination on the grounds that it is seeking information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The State of Indiana objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of Indiana does not have direct knowledge.

The State of Indiana objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of Indiana objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Indiana objects to this topic for examination on the grounds that it is not suited for oral testimony and directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production Nos. 1-14, 19, and 21, dated February 7, 2025.

The State of Indiana will not provide testimony on this topic for examination. The State of Indiana requests that Defendants withdraw this topic for examination. State of Indiana is willing to meet and confer regarding the Notice, and its responses and objections thereto.

## TOPIC (e):

Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the complaint in the captioned case.

## RESPONSE TO TOPIC (e):

The State of Indiana objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of Indiana objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing and oppressive. The State of Indiana objects to this topic for examination on the grounds that it seeks the disclosure of information and testimony that is not relevant to any party's claims or defenses and/or is not proportional to the needs of the litigation. Whether the State of Indiana has served requests for production on any third parties is irrelevant to the question of whether Defendants violated the law. To the extent Defendants believe this information has some marginal relevance to their defenses in this case, this topic for examination is still disproportional to the needs of the case considering the burden required to educate a witness on

10

every request "of any kind" sent to "any third party" during an indeterminate time period. The State of Indiana objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of Indiana further objects to this topic for examination on the grounds that it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The State of Indiana objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of Indiana does not have direct knowledge. The State of Indiana objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of Indiana objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Indiana objects to this topic for examination on the grounds that it is not suited for oral testimony and directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production Nos. 1-14, 19, and 21, dated February 7, 2025.

The State of Indiana will not provide testimony on this topic for examination. The State of Indiana requests that Defendants withdraw this topic for examination. The State of Indiana is willing to meet and confer regarding the Notice, and its responses and objections thereto.

**TOPIC (f):**

The person(s) associated with the Indiana Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

**<u>RESPONSE TO TOPIC (f):</u>**

The State of Indiana objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of Indiana objects to this topic for examination as being impermissibly compound, as it includes at least three different and distinct topics for examination under a single heading. The State of Indiana objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation, as the topic seeks broad swaths of information and testimony regarding subject matters beyond the actual claims or defenses in this case, like for instance the identity of a person(s) who might have reviewed a pleading. The State of Indiana objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of Indiana further objects to this topic for examination on the grounds that it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The State of Indiana also objects to this topic of examination as it seeks deposition testimony from the opposing counsel. The State of Indiana objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of Indiana objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Indiana further objects to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The State of Indiana objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed using other written discovery requests, *e.g.* contention interrogatories and requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C).

The State of Indiana will not provide testimony on this topic for examination. The State of Indiana requests that Defendants withdraw this topic for examination. The State of Indiana is willing to meet and confer regarding the Notice, and its responses and objections thereto.

RESPECTFULLY SUBMITTED this 29th day of May, 2025.

**FOR THE STATE OF INDIANA:**

TODD ROKITA
Attorney General for the State of Indiana

/s/ *Thomas L. Martindale*
DOUGLAS S. SWETNAM
THOMAS L. MARTINDALE
Deputy Attorneys General
*Attorneys for the State of Indiana*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2025, I caused the foregoing Response to Defendants Michale D. Lansky, LLC's dba Avid Telecom, Michael D. Lansky's and Stacey Reeves's Notice of Rule 30(b)(6) Deposition to be served by email upon counsel of record.


/s/ *Thomas L. Martindale*
DOUGLAS S. SWETNAM
THOMAS L. MARTINDALE
Deputy Attorneys General
*Attorneys for the State of Indiana*

14

| From: | Goldis, Glenna |
|---|---|
| To: | gtaylor@tlgdc.com; nende@tlgdc.com |
| Cc: | Erin Leahy; Thomas Martindale (IN AG) (Thomas.Martindale@atg.in.gov); Nayer, Tracy; Sparko, Rochelle; Sarah Pelton (AZ AG) (Sarah.Pelton@azag.gov); Dylan Jones (AZ AG) (Dylan.Jones@azag.gov); john.dilloniv@azag.gov; "Alyse Meislik,"; Douglas Swetnam (IN AG) (douglas.swetnam@atg.in.gov); Laura Dilweg (AZ AG) (Laura.Dilweg@azag.gov) |
| Subject: | NYAG Response to Rule 30(b)(6) Notice |
| Date: | Tuesday, May 27, 2025 11:07:25 AM |
| Attachments: | NYAG Response.pdf |

Counsel:

Attached please find the State of New York's response to the Rule 30(b)(6) notice issued to it by Michael Lansky and Stacey Reeves.

Sincerely,

**Glenna Goldis | Assistant Attorney General**
Bureau of Consumer Frauds and Protection
New York State Office of the Attorney General
28 Liberty Street, 20th Floor | New York, New York 10005
646-856-3697 | glenna.goldis@ag.ny.gov

**IMPORTANT NOTICE:** This e-mail, including any attachments, may be confidential, privileged or otherwise legally protected. It is intended only for the addressee. If you received this e-mail in error or from someone who was not authorized to send it to you, do not disseminate, copy or otherwise use this e-mail or its attachments. Please notify the sender immediately by reply e-mail and delete the e-mail from your system.

LETITIA JAMES
Attorney General of the State of New York
Glenna Goldis (admitted *pro hac vice*; New York Bar No. 4868600)
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (646) 856-3697
Glenna.Goldis@ag.ny.gov

## UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, *ex rel*. Kristin K. Mayes, Attorney General, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>Michael D. Lansky, L.L.C., dba Avid Telecom, *et al.*,<br><br>　　　　Defendants. | CASE NO.: 4:23-cv-00233-CKJ<br><br>**THE PEOPLE OF THE STATE OF NEW YORK BY LETITIA JAMES, THE ATTORNEY GENERAL OF THE STATE OF NEW YORK'S RESPONSE TO DEFENDANTS MICHAEL D. LANSKY, LLC'S, DBA AVID TELECOM, MICHAEL D. LANSKY'S AND STACEY REEVES'S NOTICE OF RULE 30(B)(6) DEPOSITION** |

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, the People of the State of New York by Letitia James, the Attorney General of the State of New York (hereinafter, "the State of New York") hereby responds and objects to Defendants Michael D. Lansky, LLC's, dba Avid Telecom, Michael D. Lansky's and Stacey Reeves's (collectively, "Defendants") Notice of 30(b)(6) Deposition (the "Notice").

## OBJECTIONS AND LIMITATIONS APPLICABLE TO DEFENDANTS' NOTICE

The following objections and limitations apply to and are incorporated in the State of New York's specific objections and responses set forth below.

1.    The State of New York objects to the Notice in its entirety on the grounds that it fails to specify the date and time of the 30(b)(6) deposition in violation of Rule 30(b)(1) of the Federal Rules of Civil Procedure.

2.    The State of New York objects to the Notice in its entirety on the grounds that the Notice was improperly served, failing to name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity as required by Rule 30(b)(6) of the Federal Rules of Civil Procedure.

3.    The State of New York objects to the Notice to the extent it seeks the disclosure of information and testimony protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, immunity or protection. Nothing contained in these objections or responses is intended to be, nor in any way shall deemed to be, a waiver of any such applicable privilege or immunity.

4.    The State of New York objects to the Notice to the extent it seeks the disclosure of information and testimony that is not relevant to any party's claims or defenses and/or not proportional to the needs of the litigation.

5.    The State of New York objects to the Notice to the extent it seeks information and testimony inconsistent with, or beyond the scope and requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of New York further objects to the Notice to the extent it seeks to impose obligations in excess of or otherwise different from those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the

1  Local Rules of the United States District Court for the District of Arizona, and other applicable

2  federal or state law.

3       6.     The State of New York objects to the Notice on the grounds that it fails to describe

4  with reasonable particularity the matters and topics for examination.

5       7.     The State of New York objects to the Notice on the grounds that the matters and/or

6  topics of deposition stated therein are vague, ambiguous, overbroad, unduly burdensome,

7  cumulative, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation.

8       8.     The State of New York objects to the Notice to the extent it seeks the disclosure of

9  information and testimony that is protected by the common interest privilege concerning privileged

10  communications and materials shared between parties pursuant to a shared legal interest. Nothing

11  contained in these objections or responses is intended to be, nor in any way shall deemed to be, a

12  waiver of any such applicable privilege or immunity.

13       9.     The State of New York objects to the Notice to the extent it seeks the disclosure of

14  information and testimony regarding the deliberative process, prosecutorial discretion, the law

15  enforcement or investigations privilege, or other information that would improperly interfere with

16  or undermine the administrative or regulatory functions of the State of New York implicated by

17  Defendants' Notice. Nothing contained in these objections or responses is intended to be, nor in

18  any way shall deemed to be, a waiver of any such applicable privilege or immunity.

19       10.     The State of New York objects to the Notice to the extent it seeks sensitive

20  information regarding any ongoing or past law enforcement investigations, informants,

21  methodologies or practices for conducting investigations.

22       11.     The State of New York objects to the Notice to the extent it seeks legal analysis,

23  legal theories or legal conclusions, or otherwise improper Rule 30(b)(6) deposition matters or

24  topics, rather than factual information.

25       12.     The State of New York objects to the Notice to the extent it calls for information

26  and testimony not within the possession, custody or control of the State of New York.

27       13.     The State of New York objects to the Notice to the extent it requires any deponent

28  to provide any information outside what is "known or reasonably available to the organization."

While reserving all rights to object to and/or narrow any matters or topics for examination, the

3

State of New York notes that the scope of information "known or reasonably available to the organization" should be limited to the Office of the New York State Attorney General.

14.     The State of New York objects to the Notice to the extent it seeks improper expert testimony and would require a designee to provide expert opinions and/or expert testimony requiring specialized or technical expertise falling under Fed. R. Civ. P. 26(a)(2). *See, e.g., United States v. HVI Cat Canyon, Inc.*, Case No. CV 11-5097 FMO (SSX), 2016 WL 11683593, at *10 (C.D. Cal. Oct. 26, 2016).

15.     The State of New York objects to the Notice to the extent it seeks information and testimony on behalf of any nonparty governmental branches, nonparty agencies, or nonparty divisions of State government for which the preparation of deposition testimony would violate Separation of Powers and the sovereignty of the State; and would be unduly prejudicial, impossible, and/or impracticable to provide or compel testimony on behalf of nonparties over whom the State of New York has no control.

16.     The State of New York objects to the Notice to the extent it seeks information and testimony reflecting confidential information, sensitive personal information, information about identifiable individuals, information that is protected by law or confidentiality agreements, or information from a non-Party. Responsive information, if discoverable, may be provided subject to the terms of the Protective Order entered by the Court, and the State of New York reserves the right to seek additional protections beyond those provided in the Protective Order to the extent appropriate for any particularly sensitive information. The State of New York may object to testimony altogether if its relevance is substantially outweighed by the risks associated with its disclosure in light of available protections.

17.     The State of New York objects to the Notice to the extent it calls for information and testimony being provided or otherwise available to Defendants through written discovery, including but not limited to documents and communications produced in this litigation, contention interrogatories, or publicly available information. In such cases, the witness may respond to questions by referring the questioner to a written document or other information provided in this litigation.

4

18.     The State of New York's objections and responses are made without waiving the right to object on any ground to the use of any testimony in any subsequent proceeding or trial of this or any other action; the right to object to a demand for further responses to this or any other discovery involving or related to the Notice; and the right at any time to revise, correct, add to, or clarify any or all of responses and objections.

19.     The State of New York is willing to meet and confer regarding the Notice, and these responses and objections.

<div align="center">

**SPECIFIC OBJECTIONS AND RESPONSES**

</div>

The State of New York incorporates each of the foregoing objections and limitations into the specific objections and responses set forth below.

**TOPIC (a):**

The allegations of fact set forth in paragraphs 19-630 of the complaint.

**RESPONSE TO TOPIC (a):**

The State of New York objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of New York objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation. As phrased, this topic for examination implicates any and all conceivable matters related to paragraphs 19-630 of the Complaint, which grossly exceeds the scope of permitted Rule 30(b)(6) testimony. The State of New York objects to this topic as it improperly seeks information that is already within the possession, control and/or custody of the Defendants, including but not limited to discovery already requested and/or provided to Defendants by Plaintiffs. The State of New York objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure.  The State of New York objects to this topic for examination to the extent it seeks testimony regarding all factual

<div align="center">

5

</div>

underpinnings or other materials about which the State of New York does not have direct knowledge. The State of New York objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of New York objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of New York further objects to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The State of New York objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed using other written discovery requests less burdensome than oral deposition, *e.g.* contention interrogatories or requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C). The State of New York directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production No. 1, 3, 4, 6-14, 19-22, 28, 41-44, dated February 7, 2025. The State of New York will not provide testimony on this topic for examination. The State of New York requests that Defendants withdraw this topic for examination. The State of New York is willing to meet and confer regarding the Notice and its responses and objections thereto.

**TOPIC (b):**

The allegation in paragraph 89.ff of the Complaint that Avid Telecom routed more than 79,558 calls containing unlawful content to phone numbers with New York area codes.

**RESPONSE TO TOPIC (b):**

The State of New York objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of New York objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation. As phrased, this topic for examination implicates any and all conceivable matters related to paragraph

89.ff of the Complaint, which grossly exceeds the scope of permitted Rule 30(b)(6) testimony. The State of New York objects to this topic as it improperly seeks information that is already within the possession, control and/or custody of the Defendants, including but not limited to discovery already requested which has been or will be produced by Plaintiffs upon the entry of the ESI protocol agreement and/or the completion of expert witness disclosures. The State of New York objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of New York further objects to this topic for examination on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The State of New York objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of New York does not have direct knowledge. The State of New York objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of New York objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of New York further objects to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The State of New York objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed through the use of other written discovery requests less burdensome than oral deposition, *e.g.* contention interrogatories or requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C). The State of New York directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production No. 21 dated February 7, 2025.

The State of New York will not provide testimony on this topic for examination. The State of New York requests that Defendants withdraw this topic for examination. The State of New York is willing to meet and confer regarding the Notice and its responses and objections thereto.

**TOPIC (c):**

The specific allegations of fact set forth in paragraphs 556-57 of the complaint.

**RESPONSE TO TOPIC (c):**

The State of New York objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of New York objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation. As phrased, this topic for examination implicates any and all conceivable matters related to paragraphs 556-57 of the Complaint, which grossly exceeds the scope of permitted Rule 30(b)(6) testimony. The State of New York objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of New York objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of New York does not have direct knowledge. The State of New York objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of New York objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of New York further objects to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The State of New York objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed using other written discovery requests, *e.g.* contention interrogatories or requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C). The State of New York directs Defendants to the Plaintiff States'

8

responses to Defendants' Requests for Production No. 4- 6, 11-14, 17-18, 21-23, 25, 27- 28, 31-32, 35-36, 39-40, 42, and 44, dated February 7, 2025. The State of New York will not provide testimony on this topic for examination. The State of New York requests that Defendants withdraw this topic for examination. The State of New York is willing to meet and confer regarding the Notice and its responses and objections thereto.

**TOPIC (d):**

Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

**RESPONSE TO TOPIC (d):**

The State of New York objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of New York objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing and oppressive. The State of New York objects to this topic for examination on the grounds that it seeks the disclosure of information and testimony that is not relevant to any party's claims or defenses and/or not proportional to the needs of the litigation. Whether the State of New York has served requests for production on any third parties is irrelevant to the question of whether Defendants violated the law. To the extent Defendants believe this information has some marginal relevance to their defenses in this case, this topic for examination is still disproportional to the needs of the case considering the burden required to educate a witness on every request "of any kind" sent to "any third party" during an indeterminate period of time. The State of New York objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of New York further objects to this topic for examination on the grounds that it is seeking information and testimony regarding legal theories, analyses, and conclusions instead

9

of fact testimony. The State of New York objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of New York does not have direct knowledge. The State of New York objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of New York objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of New York objects to this topic for examination on the grounds that it is not suited for oral testimony and directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production Nos. 1-14, 19, and 21, dated February 7, 2025.

The State of New York will not provide testimony on this topic for examination. The State of New York requests that Defendants withdraw this topic for examination. The State of New York is willing to meet and confer regarding the Notice, and its responses and objections thereto.

**TOPIC (e):**

Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the complaint in the captioned case.

**RESPONSE TO TOPIC (e):**

The State of New York objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of New York objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing and oppressive. The State of New York objects to this topic for examination on the grounds that it seeks the disclosure of information and testimony that is not relevant to any party's claims or defenses and/or is not proportional to the needs of the litigation. Whether the State of New York has served requests for production on any third parties is irrelevant to the question of whether Defendants violated the law. To the extent Defendants believe this

information has some marginal relevance to their defenses in this case, this topic for examination is still disproportional to the needs of the case considering the burden required to educate a witness on every request "of any kind" sent to "any third party" during an indeterminate time period. The State of New York objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of New York further objects to this topic for examination on the grounds that it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The State of New York objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of New York does not have direct knowledge. The State of New York objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of New York objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of New York objects to this topic for examination on the grounds that it is not suited for oral testimony and directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production Nos. 1-14, 19, and 21, dated February 7, 2025.

The State of New York will not provide testimony on this topic for examination. The State of New York requests that Defendants withdraw this topic for examination. The State of New York is willing to meet and confer regarding the Notice, and its responses and objections thereto.

**TOPIC (f):**

The person(s) associated with the New York Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual

contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

**RESPONSE TO TOPIC (f):**

The State of New York objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of New York objects to this topic for examination as being impermissibly compound, as it includes at least three different and distinct topics for examination under a single heading. The State of New York objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation, as the topic seeks broad swaths of information and testimony regarding subject matters beyond the actual claims or defenses in this case, like for instance the identity of a person(s) who might have reviewed a pleading. The State of New York objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of New York further objects to this topic for examination on the grounds that it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The State of New York also objects to this topic of examination as it seeks deposition testimony from the opposing counsel. The State of New York objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of New York objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of New York further objects to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The State of New York objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed

12

using other written discovery requests, *e.g.* contention interrogatories and requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C).

The State of New York will not provide testimony on this topic for examination. The State of New York requests that Defendants withdraw this topic for examination. The State of New York is willing to meet and confer regarding the Notice, and its responses and objections thereto.

        RESPECTFULLY SUBMITTED this 27 day of May, 2025.

**FOR THE STATE OF NEW YORK:**


LETITIA JAMES
Attorney General of the State of New York

By: _____
     Glenna Goldis
     Assistant Attorney General
     Consumer Frauds & Protection Bureau
     28 Liberty St., 20th Floor
     New York, New York 10005
     (646) 856-3697
     glenna.goldis@ag.ny.gov

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on May27, 2025, I caused the foregoing Response to Defendants Michale D. Lansky, LLC's dba Avid Telecom, Michael D. Lansky's and Stacey Reeves's Notice of Rule 30(b)(6) Deposition to be served by email upon counsel of record.

Glenna Goldis

| | |
|---|---|
| **From:** | Jake Fernandez |
| **To:** | gtaylor@tlgdc.com; nende@tlgdc.com |
| **Cc:** | Rosailda Perez; Timothy Lundgren; Bernard Eskandari; Nicklas Akers; erin.leahy@ohioago.gov; Thomas.Martindale@atg.in.gov; Nayer, Tracy; Sparko, Rochelle; Sarah.Pelton@azag.gov; dylan.jones@azag.gov; john.dilloniv@azag.gov; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; laura.dilweg@azag.gov |
| **Subject:** | People v. Avid Telecom |
| **Date:** | Tuesday, May 27, 2025 6:46:46 PM |
| **Attachments:** | CA Objections to Defs." 30(b)(6) Notice.pdf |

Dear Counsel:

Attached, please find **The People of the State of California's Response to Defendants Michael D. Lansky, LLC's dba Avid Telecom, Michael D. Lansky's and Stacey Reeve's Notice of Rule 30(B)(6) deposition**.

**Sincerely,**

**Jake Fernandez | Senior Legal Analyst**
California Department of Justice | Office of the Attorney General
Public Rights | Consumer Protection Section
455 Golden Gate Avenue, Suite 11000 | San Francisco, CA 94102-7004
Tel: (415) 510-3452 | Fax: (415) 703-5480
Jake.Fernandez@doj.ca.gov

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**ROB BONTA**
Attorney General of California
NICKLAS A. AKERS (CA Bar Nos. 211222)
Senior Assistant Attorney General
BERNARD A. ESKANDARI (CA Bar No. 244395)
Supervising Deputy Attorney General
TIMOTHY D. LUNDGREN (CA Bar No. 254596)
ROSAILDA PEREZ (CA Bar No. 284646)
Deputy Attorneys General
Office of the California Attorney General
300 S. Spring St., Suite 1702
Los Angeles, CA 90013
Phone:  (213) 269-6612
Fax:      (916) 731-2146
Email:  rosailda.perez@doj.ca.gov
*Attorneys for the People of the State of California*

## UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, *ex rel*. Kristin K. Mayes, Attorney General, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Michael D. Lansky, L.L.C., dba Avid Telecom, *et al.*, <br><br> Defendants. | CASE NO.:  4:23-cv-00233-CKJ <br><br> **THE PEOPLE OF THE STATE OF CALIFORNIA'S RESPONSE TO DEFENDANTS MICHAEL D. LANSKY, LLC'S, DBA AVID TELECOM, MICHAEL D. LANSKY'S AND STACEY REEVES'S NOTICE OF RULE 30(B)(6) DEPOSITION** |

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, the People of the State of California (hereinafter, "the People") hereby respond and object to Defendants Michael D. Lansky, LLC's, dba Avid Telecom, Michael D. Lansky's and Stacey Reeves's (collectively, "Defendants") Notice of 30(b)(6) Deposition (the "Notice").

**OBJECTIONS AND LIMITATIONS APPLICABLE TO DEFENDANTS' NOTICE**

The following objections and limitations apply to and are incorporated in the People's specific objections and responses set forth below.

1.    The People object to the Notice in its entirety on the grounds that it fails to specify the date and time of the 30(b)(6) deposition in violation of Rule 30(b)(1) of the Federal Rules of Civil Procedure.

2.    The People object to the Notice in its entirety on the grounds that the Notice was improperly served, failing to name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity as required by Rule 30(b)(6) of the Federal Rules of Civil Procedure.

3.    The People object to the Notice to the extent it seeks the disclosure of information and testimony protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, immunity or protection. Nothing contained in these objections or responses is intended to be, nor in any way shall deemed to be, a waiver of any such applicable privilege or immunity.

4.    The People object to the Notice to the extent it seeks the disclosure of information and testimony that is not relevant to any party's claims or defenses and/or not proportional to the needs of the litigation.

5.    The People object to the Notice to the extent it seeks information and testimony inconsistent with, or beyond the scope and requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The People further object to the Notice to the extent it seeks to impose obligations in excess of or otherwise different from those imposed by the

Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law.

6.     The People object to the Notice on the grounds that it fails to describe with reasonable particularity the matters and topics for examination.

7.     The People object to the Notice on the grounds that the matters and/or topics of deposition stated therein are vague, ambiguous, overbroad, unduly burdensome, cumulative, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation.

8.     The People object to the Notice to the extent it seeks the disclosure of information and testimony that is protected by the common interest privilege concerning privileged communications and materials shared between parties pursuant to a shared legal interest. Nothing contained in these objections or responses is intended to be, nor in any way shall deemed to be, a waiver of any such applicable privilege or immunity.

9.     The People object to the Notice to the extent it seeks the disclosure of information and testimony regarding the deliberative process, prosecutorial discretion, the law enforcement or investigations privilege, or other information that would improperly interfere with or undermine the administrative or regulatory functions of the People implicated by Defendants' Notice. Nothing contained in these objections or responses is intended to be, nor in any way shall deemed to be, a waiver of any such applicable privilege or immunity.

10.     The People object to the Notice to the extent it seeks sensitive information regarding any ongoing or past law enforcement investigations, informants, methodologies or practices for conducting investigations.

11.     The People object to the Notice to the extent it seeks legal analysis, legal theories or legal conclusions, or otherwise improper Rule 30(b)(6) deposition matters or topics, rather than factual information.

12.     The People object to the Notice to the extent it calls for information and testimony not within the possession, custody or control of the People.

13.     The People object to the Notice to the extent it requires any deponent to provide any information outside what is "known or reasonably available to the organization." While

3

reserving all rights to object to and/or narrow any matters or topics for examination, the People note that the scope of information "known or reasonably available to the organization" should be limited to the prosecution team of the Consumer Protection Section of the California Attorney General's Office.

14.    The People object to the Notice to the extent it seeks improper expert testimony and would require a designee to provide expert opinions and/or expert testimony requiring specialized or technical expertise falling under Fed. R. Civ. P. 26(a)(2). *See, e.g., United States v. HVI Cat Canyon, Inc*., Case No. CV 11-5097 FMO (SSX), 2016 WL 11683593, at *10 (C.D. Cal. Oct. 26, 2016).

15.    The People object to the Notice to the extent it seeks information and testimony on behalf of any nonparty governmental branches, nonparty agencies, or nonparty divisions of State government for which the preparation of deposition testimony would violate Separation of Powers and the sovereignty of the State; and would be unduly prejudicial, impossible, and/or impracticable to provide or compel testimony on behalf of nonparties over whom the People have no control.

16.    The People object to the Notice to the extent it seeks information and testimony reflecting confidential information, sensitive personal information, information about identifiable individuals, information that is protected by law or confidentiality agreements, or information from a non-party. Responsive information, if discoverable, may be provided subject to the terms of the Protective Order entered by the Court, and the People reserve the right to seek additional protections beyond those provided in the Protective Order to the extent appropriate for any particularly sensitive information. The People may object to testimony altogether if its relevance is substantially outweighed by the risks associated with its disclosure in light of available protections.

17.    The People object to the Notice to the extent it calls for information and testimony being provided or otherwise available to Defendants through written discovery, including but not limited to documents and communications produced in this litigation, contention interrogatories, or publicly available information. In such cases, the witness may respond to questions by referring the questioner to a written document or other information provided in this litigation.

18.     The People's objections and responses are made without waiving the right to object on any ground to the use of any testimony in any subsequent proceeding or trial of this or any other action; the right to object to a demand for further responses to this or any other discovery involving or related to the Notice; and the right at any time to revise, correct, add to, or clarify any or all of responses and objections.

19.     The People are willing to meet and confer regarding the Notice, and these responses and objections.

### SPECIFIC OBJECTIONS AND RESPONSES

The People incorporate each of the foregoing objections and limitations into the specific objections and responses set forth below.

**TOPIC (a):**

The allegations of fact set forth in paragraphs 19-630 of the complaint.

**RESPONSE TO TOPIC (a):**

The People object to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The People object to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation. As phrased, this topic for examination implicates any and all conceivable matters related to paragraphs 19-630 of the Complaint, which grossly exceeds the scope of permitted Rule 30(b)(6) testimony. The People object to this topic as it improperly seeks information that is already within the possession, control and/or custody of the Defendants, including but not limited to discovery already requested and/or provided to Defendants by Plaintiffs. The People object to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The People object to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the People do not have direct

knowledge. The People object to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The People object to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The People further object to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The People object to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed using other written discovery requests less burdensome than oral deposition, *e.g.* contention interrogatories or requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C). The People direct Defendants to the Plaintiff States' responses to Defendants' Requests for Production No. 1, 3, 4, 6-14, 19-22, 28, 41-44, dated February 7, 2025.

The People will not provide testimony on this topic for examination. The People request that Defendants withdraw this topic for examination. The People are willing to meet and confer regarding the Notice and its responses and objections thereto.

**TOPIC (b):**

The allegation in paragraph 89.d of the Complaint that Avid Telecom routed more than 80,989 calls containing unlawful content to phone numbers with California area codes.

**RESPONSE TO TOPIC (b):**

The People object to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The People object to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation. As phrased, this topic for examination implicates any and all conceivable matters related to paragraph 89.d of the Complaint, which grossly exceeds the scope of permitted Rule 30(b)(6) testimony. The People object to this topic as it improperly seeks information that is already within the possession, control and/or custody of the

Defendants, including but not limited to discovery already requested which has been or will be produced by Plaintiffs upon the entry of the ESI protocol agreement and/or the completion of expert witness disclosures. The People object to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The People further object to this topic for examination on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The People object to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the People do not have direct knowledge. The People object to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The People object to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The People further object to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The People object to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed through the use of other written discovery requests less burdensome than oral deposition, *e.g.* contention interrogatories or requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C). The People direct Defendants to the Plaintiff States' responses to Defendants' Requests for Production No. 21 dated February 7, 2025.

The People will not provide testimony on this topic for examination. The People request that Defendants withdraw this topic for examination. The People are willing to meet and confer regarding the Notice and its responses and objections thereto.

**TOPIC (c):**

The specific allegations of fact set forth in paragraphs 460 of the complaint.

**RESPONSE TO TOPIC (c):**

The People object to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The People object to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation. As phrased, this topic for examination implicates any and all conceivable matters related to paragraph 460 of the Complaint, which grossly exceeds the scope of permitted Rule 30(b)(6) testimony. The People object to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The People object to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the People do not have direct knowledge. The People object to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The People object to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The People further object to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The People object to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed using other written discovery requests, *e.g.* contention interrogatories or requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C). The People direct Defendants to the Plaintiff States' responses to Defendants' Requests for Production No. 4- 6, 11-14, 17-18, 21-23, 25, 27- 28, 31-32, 35-36, 39-40, 42, and 44, dated February 7, 2025.

1    The People will not provide testimony on this topic for examination. The People request

2    that Defendants withdraw this topic for examination. The People are willing to meet and confer

3    regarding the Notice and its responses and objections thereto.

4

5    **TOPIC (d):**

6    Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil

7    Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have

8    been sent or served on any third party prior to the filing of the Complaint in the captioned case.

9    **RESPONSE TO TOPIC (d):**

10    The People object to this topic for examination on the grounds that it is vague, ambiguous,

11    unintelligible and fails to describe the matters for examination with any reasonable particularity in

12    violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The People object to this topic

13    for examination on the grounds that it is overbroad, unduly burdensome, harassing and oppressive.

14    The People object to this topic for examination on the grounds that it seeks the disclosure of

15    information and testimony that is not relevant to any party's claims or defenses and/or not

16    proportional to the needs of the litigation. Whether the People have served requests for production

17    on any third parties is irrelevant to the question of whether Defendants violated the law. To the

18    extent Defendants believe this information has some marginal relevance to their defenses in this

19    case, this topic for examination is still disproportional to the needs of the case considering the

20    burden required to educate a witness on every request "of any kind" sent to "any third party" during

21    an indeterminate period of time. The People object to this topic for examination on the grounds

22    that it seeks information and testimony protected by the attorney-client privilege, the attorney work

23    product doctrine, common interest privilege, deliberative process privilege, law enforcement and

24    investigations privileges and/or any other applicable privilege, immunity or protection against

25    disclosure. The People further object to this topic for examination on the grounds that it is seeking

26    information and testimony regarding legal theories, analyses, and conclusions instead of fact

27    testimony. The People object to this topic for examination to the extent it seeks testimony regarding

28    all factual underpinnings or other materials about which the People do not have direct knowledge.

9

The People object to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The People object to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The People object to this topic for examination on the grounds that it is not suited for oral testimony and directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production Nos. 1-14, 19, and 21, dated February 7, 2025.

  The People will not provide testimony on this topic for examination. The People request that Defendants withdraw this topic for examination. The People are willing to meet and confer regarding the Notice, and its responses and objections thereto.

**TOPIC (e):**

Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the complaint in the captioned case.

**RESPONSE TO TOPIC (e):**

  The People object to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The People objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing and oppressive. The People object to this topic for examination on the grounds that it seeks the disclosure of information and testimony that is not relevant to any party's claims or defenses and/or is not proportional to the needs of the litigation. Whether the People have served requests for production on any third parties is irrelevant to the question of whether Defendants violated the law. To the extent Defendants believe this information has some marginal relevance to their defenses in this case, this topic for examination is still disproportional to the needs of the case considering the burden required to educate a witness on every request "of any kind" sent to "any third party" during an indeterminate time period. The People object to this topic for examination on the grounds that

it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The People further object to this topic for examination on the grounds that it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The People object to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the People do not have direct knowledge. The People object to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The People object to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The People object to this topic for examination on the grounds that it is not suited for oral testimony and directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production Nos. 1-14, 19, and 21, dated February 7, 2025.

The People will not provide testimony on this topic for examination. The People request that Defendants withdraw this topic for examination. The People are willing to meet and confer regarding the Notice, and its responses and objections thereto.

**TOPIC (f):**

The person(s) associated with the California Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

**RESPONSE TO TOPIC (f):**

The People object to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in

1    violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The People object to this topic

2    for examination as being impermissibly compound, as it includes at least three different and

3    distinct topics for examination under a single heading. The People object to this topic for

4    examination on the grounds that it is overbroad, unduly burdensome, harassing, oppressive and/or

5    not proportional to the needs of the litigation, as the topic seeks broad swaths of information and

6    testimony regarding subject matters beyond the actual claims or defenses in this case, like for

7    instance the identity of a person(s) who might have reviewed a pleading. The People object to this

8    topic for examination on the grounds that it seeks information and testimony protected by the

9    attorney-client privilege, the attorney work product doctrine, common interest privilege,

10   deliberative process privilege, law enforcement and investigations privileges and/or any other

11   applicable privilege, immunity or protection against disclosure. The People further object to this

12   topic for examination on the grounds that it seeks information and testimony regarding legal

13   theories, analyses, and conclusions instead of fact testimony. The People also object to this topic

14   of examination as it seeks deposition testimony from the opposing counsel. The People object to

15   this topic for examination on the grounds that it seeks information and testimony that is personally

16   sensitive or otherwise confidential or protected information. The People object to this topic for

17   examination on the grounds that it seeks information and testimony inconsistent with, and beyond

18   the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local

19   Rules of the United States District Court for the District of Arizona, and other applicable federal

20   or state law. The People further object to this topic for examination on the grounds that it

21   prematurely seeks testimony and information not due to be disclosed until the parties' exchange

22   of expert disclosures. The People object to this topic for examination on the grounds that it is not

23   suited for oral testimony and would be more appropriately addressed using other written discovery

24   requests, *e.g.* contention interrogatories and requests for production. *See* Fed. R. Civ. P.

25   26(c)(1)(C).

26       The People will not provide testimony on this topic for examination. The People request

27   that Defendants withdraw this topic for examination. The People are willing to meet and confer

28   regarding the Notice, and its responses and objections thereto.

RESPECTFULLY SUBMITTED this 27th day of May 2025.

**FOR THE PEOPLE OF THE STATE OF CALIFORNIA:**

ROB BONTA
Attorney General of California


/s/ *Rosailda Perez*
NICKLAS A. AKERS
Senior Assistant Attorney General
BERNARD A. ESKANDARI
Supervising Deputy Attorney General
TIMOTHY D. LUNDGREN
ROSAILDA PEREZ
Deputy Attorneys General
*Attorneys for the People of the State of California*

1

**CERTIFICATE OF SERVICE**

2       I hereby certify that on May 27, 2025, I caused the foregoing Response to Defendants

3   Michale D. Lansky, LLC's dba Avid Telecom, Michael D. Lansky's and Stacey Reeves's Notice

4   of Rule 30(b)(6) Deposition to be served by email upon counsel of record.

5

6       /s/ *Jacinto P. Fernandez, Jr.*

7       Jacinto P. Fernandez, Jr.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| From: | Erin Leahy |
|---|---|
| To: | Neil Ende; Greg Taylor; Silsa Cabezas |
| Cc: | Nayer, Tracy; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; sarah.pelton@azag.gov; Sparko, Rochelle; thomas.martindale@atg.in.gov; John Dillon (AZ AG) (John.DillonIV@azag.gov) |
| Subject: | RE: AZ v Avid Telecom -Deposition Notice - State of Ohio |
| Date: | Tuesday, May 27, 2025 12:56:10 PM |
| Attachments: | image001.png |
| | State of OH Objections - 30(b)(6) Notice.pdf |

Neil and Greg;

In further response to Defendants' Notice of Deposition to the State of Ohio, attached please find Ohio's objections.

Should you wish to schedule a time to meet and confer, please let me know.

Sincerely,



Erin B. Leahy
Senior Assistant Attorney General
Consumer Protection Section
Office of Ohio Attorney General Dave Yost
30 East Broad St., 14th Floor
Columbus, Ohio 43215

Office number: 614-752-4730
Erin.Leahy@OhioAGO.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

**From:** Erin Leahy
**Sent:** Friday, April 25, 2025 1:05 PM
**To:** Neil Ende <nende@tlgdc.com>; Greg Taylor <gtaylor@telecomlawattorney.com>; Silsa Cabezas <scabezas@tlgdc.com>
**Cc:** tnayer@ncdoj.gov; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; sarah.pelton@azag.gov; rsparko@ncdoj.gov; thomas.martindale@atg.in.gov
**Subject:** RE: AZ v Avid Telecom -Deposition Notice - State of North Ohio (4-22-25)
**Importance:** High

Neil and Greg:

We confirm the State of Ohio received Defendants' Notice for a 30(b)(6) deposition in *State of*

*Arizona, et al. v. Michael Lansky, dba Avid Telecom, et al.*, No. 4:23-cv-00233-TUC-CKJ (D. Ariz. 2023).

Without conceding that 30(b)(6) depositions are ever appropriate in a law enforcement action like this, we request an opportunity to meet and confer as we seek to narrow the scope of the topics listed in the notice. We are concerned that the bulk of the topics seek my office to disclose either the investigation it conducted that formed the basis for its complaint (e.g., attorney work product), or the discussions we had within our own office or with other law enforcement agencies, which are privileged. We have previously raised similar objections that have not yet been addressed in Plaintiffs' Responses to Defendants' First Request for Production of Documents (specifically in our responses to Requests 46 and 49). If an agreement is reached on topics of testimony that are relevant and do not require my agency to either provide work product or divulge privileged communications, we will offer a witness who can appear and provide testimony.

Because this is a multistate case in which we are working collaboratively with other states who have appointed the Offices of the Attorney General for Arizona, Indiana, North Caroline, and our office as the Lead States in this matter, for administrative ease, please reply to the Leads copied on this email to let us know specific dates and times when you would be available for a meet and confer with the Lead and all states bringing state claims to which you issued a similar notice.

Sincerely,



Erin B. Leahy
Senior Assistant Attorney General
Consumer Protection Section
Office of Ohio Attorney General Dave Yost
30 East Broad St., 14<sup>th</sup> Floor
Columbus, Ohio 43215

Office number: 614-752-4730
Erin.Leahy@OhioAGO.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

**From:** Silsa Cabezas <scabezas@tlgdc.com>
**Sent:** Tuesday, April 22, 2025 5:52 PM
**To:** Erin Leahy <erin.leahy@OhioAGO.gov>
**Cc:** tnayer@ncdoj.gov; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; dylan.jones@azag.gov; laura.dilweg@azag.gov; michel.singernelson@coag.gov; sarah.pelton@azag.gov; rsparko@ncdoj.gov; thomas.martindale@atg.in.gov; Erin Leahy <erin.leahy@OhioAGO.gov>; Neil Ende <nende@tlgdc.com>;

Greg Taylor <gtaylor@telecomlawattorney.com>

**Subject:** AZ v Avid Telecom -Deposition Notice - State of North Ohio (4-22-25)

> You don't often get email from scabezas@tlgdc.com. Learn why this is important

Please see attached 30 (b)(6) deposition notice.

Please confirm receipt by return email. We ask that you designate and provide the name of a witness with knowledge, to testify on behalf of the State/Commonwealth as soon as possible and that you provide dates of availability in May and June.

Thank you.


TECHNOLOGY LAW GROUP
202.895.1707 (Office)
202.478.5074 (Facsimile)
scabezas@tlgdc.com

ATTORNEY-CLIENT PRIVILEGE/CONFIDENTIALITY NOTICE:  This message and any attachments may contain confidential information and may be ATTORNEY CLIENT PRIVILEGED AND/OR constitute ATTORNEY WORK PRODUCT and should not be shared with third parties.  This message is for use by the intended recipient(s) only. If you have received this email in error, do not read the contents and do not share with any third party.  Please notify the sender of the erroneous delivery immediately by reply email and promptly delete this message and all attachments from your system.

DAVE YOST
Attorney General of Ohio
Erin B. Leahy (OH Bar No. 0069509
Office of the Arizona Attorney General
Consumer Protection Section
30 East Broad St., 14th Floor
Columbus, Ohio 43215
Phone:  (614) 752-4730
Erin.Leahy@OhioAGO.gov

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| State of Arizona, *ex rel*. Kristin K. Mayes, Attorney General, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>Michael D. Lansky, L.L.C., dba Avid Telecom, *et al.*,<br><br>    Defendants. | CASE NO.:  4:23-cv-00233-CKJ<br><br>**PLAINTIFF STATE OF OHIO'S RESPONSE TO DEFENDANTS MICHAEL D. LANSKY, LLC'S, DBA AVID TELECOM, MICHAEL D. LANSKY'S AND STACEY REEVES'S NOTICE OF RULE 30(B)(6) DEPOSITION** |

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, the State of Ohio, ex rel. Dave Yost (hereinafter, "State of Ohio") hereby responds and objects to Defendants Michael D. Lansky, LLC's, dba Avid Telecom, Michael D. Lansky's and Stacey Reeves's (collectively, "Defendants") Notice of 30(b)(6) Deposition (the "Notice").

**OBJECTIONS AND LIMITATIONS APPLICABLE TO DEFENDANTS' NOTICE**

The following objections and limitations apply to and are incorporated in the State of Ohio's specific objections and responses set forth below.

1.    The State of Ohio objects to the Notice in its entirety on the grounds that it fails to specify the date and time of the 30(b)(6) deposition in violation of Rule 30(b)(1) of the Federal Rules of Civil Procedure.

2.      The State of Ohio objects to the Notice in its entirety on the grounds that the Notice was improperly served, failing to name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity as required by Rule 30(b)(6) of the Federal Rules of Civil Procedure.

3.      The State of Ohio objects to the Notice to the extent it seeks the disclosure of information and testimony protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, immunity or protection. Nothing contained in these objections or responses is intended to be, nor in any way shall deemed to be, a waiver of any such applicable privilege or immunity.

4.      The State of Ohio objects to the Notice to the extent it seeks the disclosure of information and testimony that is not relevant to any party's claims or defenses and/or not proportional to the needs of the litigation.

5.      The State of Ohio objects to the Notice to the extent it seeks information and testimony inconsistent with, or beyond the scope and requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Ohio further objects to the Notice to the extent it seeks to impose obligations in excess of or otherwise different from those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law.

6.      The State of Ohio objects to the Notice on the grounds that it fails to describe with reasonable particularity the matters and topics for examination.

7.      The State of Ohio objects to the Notice on the grounds that the matters and/or topics of deposition stated therein are vague, ambiguous, overbroad, unduly burdensome, cumulative, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation.

8.      The State of Ohio objects to the Notice to the extent it seeks the disclosure of information and testimony that is protected by the common interest privilege concerning privileged communications and materials shared between parties pursuant to a shared legal interest. Nothing

contained in these objections or responses is intended to be, nor in any way shall deemed to be, a waiver of any such applicable privilege or immunity.

9.    The State of Ohio objects to the Notice to the extent it seeks the disclosure of information and testimony regarding the deliberative process, prosecutorial discretion, the law enforcement or investigations privilege, or other information that would improperly interfere with or undermine the administrative or regulatory functions of the State of Ohio implicated by Defendants' Notice. Nothing contained in these objections or responses is intended to be, nor in any way shall deemed to be, a waiver of any such applicable privilege or immunity.

10.   The State of Ohio objects to the Notice to the extent it seeks sensitive information regarding any ongoing or past law enforcement investigations, informants, methodologies or practices for conducting investigations.

11.   The State of Ohio objects to the Notice to the extent it seeks legal analysis, legal theories or legal conclusions, or otherwise improper Rule 30(b)(6) deposition matters or topics, rather than factual information.

12.   The State of Ohio objects to the Notice to the extent it calls for information and testimony not within the possession, custody or control of the State of Ohio.

13.   The State of Ohio objects to the Notice to the extent it requires any deponent to provide any information outside what is "known or reasonably available to the organization." While reserving all rights to object to and/or narrow any matters or topics for examination, the State of Ohio notes that the scope of information "known or reasonably available to the organization" should be limited to the Ohio Attorney General's Consumer Protection Section.

14.   The State of Ohio objects to the Notice to the extent it seeks improper expert testimony and would require a designee to provide expert opinions and/or expert testimony requiring specialized or technical expertise falling under Fed. R. Civ. P. 26(a)(2). *See, e.g., United States v. HVI Cat Canyon, Inc.*, Case No. CV 11-5097 FMO (SSX), 2016 WL 11683593, at *10 (C.D. Cal. Oct. 26, 2016).

15.   The State of Ohio objects to the Notice to the extent it seeks information and testimony on behalf of any nonparty governmental branches, nonparty agencies, or nonparty divisions of State government for which the preparation of deposition testimony would violate

1  Separation of Powers and the sovereignty of the State; and would be unduly prejudicial,

2  impossible, and/or impracticable to provide or compel testimony on behalf of nonparties over

3  whom the State of Ohio has no control.

4      16.    The State of Ohio objects to the Notice to the extent it seeks information and

5  testimony reflecting confidential information, sensitive personal information, information about

6  identifiable individuals, information that is protected by law or confidentiality agreements, or

7  information from a non-Party. Responsive information, if discoverable, may be provided subject

8  to the terms of the Protective Order entered by the Court, and the State of Ohio reserves the right

9  to seek additional protections beyond those provided in the Protective Order to the extent

10  appropriate for any particularly sensitive information. The State of Ohio may object to testimony

11  altogether if its relevance is substantially outweighed by the risks associated with its disclosure in

12  light of available protections.

13      17.    The State of Ohio objects to the Notice to the extent it calls for information and

14  testimony being provided or otherwise available to Defendants through written discovery,

15  including but not limited to documents and communications produced in this litigation, contention

16  interrogatories, or publicly available information. In such cases, the witness may respond to

17  questions by referring the questioner to a written document or other information provided in this

18  litigation.

19      18.    The State of Ohio's objections and responses are made without waiving the right to

20  object on any ground to the use of any testimony in any subsequent proceeding or trial of this or

21  any other action; the right to object to a demand for further responses to this or any other discovery

22  involving or related to the Notice; and the right at any time to revise, correct, add to, or clarify any

23  or all of responses and objections.

24      19.    The State of Ohio is willing to meet and confer regarding the Notice, and these

25  responses and objections.

26

27

28

## SPECIFIC OBJECTIONS AND RESPONSES

The State of Ohio incorporates each of the foregoing objections and limitations into the specific objections and responses set forth below.

**TOPIC (a):**

The allegations of fact set forth in paragraphs 19-630 of the complaint.

**RESPONSE TO TOPIC (a):**

The State of Ohio objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of Ohio objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation. As phrased, this topic for examination implicates any and all conceivable matters related to paragraphs 19-630 of the Complaint, which grossly exceeds the scope of permitted Rule 30(b)(6) testimony. The State of Ohio objects to this topic as it improperly seeks information that is already within the possession, control and/or custody of the Defendants, including but not limited to discovery already requested and/or provided to Defendants by Plaintiffs. The State of Ohio objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure.  The State of Ohio objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of Ohio does not have direct knowledge. The State of Ohio objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of Ohio objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Ohio further objects to this topic for examination on the grounds that it prematurely

5

seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The State of Ohio objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed using other written discovery requests less burdensome than oral deposition, *e.g.* contention interrogatories or requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C). The State of Ohio directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production No. 1, 3, 4, 6-14, 19-22, 28, 41-44, dated February 7, 2025. The State of Ohio will not provide testimony on this topic for examination. The State of Ohio requests that Defendants withdraw this topic for examination. The State of Ohio is willing to meet and confer regarding the Notice and its responses and objections thereto.

**TOPIC (b):**

The allegation in paragraph 89.ii of the Complaint that Avid Telecom routed more than 36,890 calls containing unlawful content to phone numbers with Ohio area codes.

**RESPONSE TO TOPIC (b):**

The State of Ohio objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of Ohio objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing, oppressive, seeks information equally available to Defendants, and/or not proportional to the needs of the litigation. As phrased, this topic for examination implicates any and all conceivable matters related to paragraph 89.ii of the Complaint, which grossly exceeds the scope of permitted Rule 30(b)(6) testimony. The State of Ohio objects to this topic as it improperly seeks information that is already within the possession, control and/or custody of the Defendants, including but not limited to discovery already requested which has been or will be produced by Plaintiffs upon the entry of the ESI protocol agreement and/or the completion of expert witness disclosures. The State of Ohio objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against

6

disclosure. The State of Ohio further objects to this topic for examination on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The State of Ohio objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of Ohio does not have direct knowledge. The State of Ohio objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of Ohio objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Ohio further objects to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The State of Ohio objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed through the use of other written discovery requests less burdensome than oral deposition, *e.g.* contention interrogatories or requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C). The State of Ohio directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production No. 20, dated February 7, 2025.

The State of Ohio will not provide testimony on this topic for examination. The State of Ohio requests that Defendants withdraw this topic for examination. The State of Ohio is willing to meet and confer regarding the Notice and its responses and objections thereto.

**TOPIC (c):**

Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

**RESPONSE TO TOPIC (c):**

Th State of Ohio objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of

Ohio objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing and oppressive. The State of Ohio objects to this topic for examination on the grounds that it seeks the disclosure of information and testimony that is not relevant to any party's claims or defenses and/or not proportional to the needs of the litigation. Whether the State of Ohio has served requests for production on any third parties is irrelevant to the question of whether Defendants violated the law. To the extent Defendants believe this information has some marginal relevance to their defenses in this case, this topic for examination is still disproportional to the needs of the case considering the burden required to educate a witness on every request "of any kind" sent to "any third party" during an indeterminate period of time. The State of Ohio objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of Ohio further objects to this topic for examination on the grounds that it is seeking information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The State of Ohio objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of Ohio  does not have direct knowledge. The State of Ohio objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of Ohio objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Ohio objects to this topic for examination on the grounds that it is not suited for oral testimony and directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production Nos. 1-14, 19, and 21, dated February 7, 2025.

The State of Ohio will not provide testimony on this topic for examination. The State of Ohio requests that Defendants withdraw this topic for examination. The State of Ohio is willing to meet and confer regarding the Notice, and its responses and objections thereto.

**TOPIC (d):**

Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the complaint in the captioned case.

**RESPONSE TO TOPIC (d):**

The State of Ohio objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of Ohio objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing and oppressive. The State of Ohio objects to this topic for examination on the grounds that it seeks the disclosure of information and testimony that is not relevant to any party's claims or defenses and/or is not proportional to the needs of the litigation. Whether the State of Ohio has served requests for production on any third parties is irrelevant to the question of whether Defendants violated the law. To the extent Defendants believe this information has some marginal relevance to their defenses in this case, this topic for examination is still disproportional to the needs of the case considering the burden required to educate a witness on every request "of any kind" sent to "any third party" during an indeterminate time period. The State of Ohio objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of Ohio further objects to this topic for examination on the grounds that it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The State of Ohio objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of Ohio does not have direct knowledge. The State of Ohio objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of Ohio objects to this topic for examination on the grounds that it seeks information and testimony inconsistent

with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Ohio objects to this topic for examination on the grounds that it is not suited for oral testimony and directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production Nos. 1-14, 19, and 21, dated February 7, 2025.

The State of Ohio will not provide testimony on this topic for examination. The State of Ohio requests that Defendants withdraw this topic for examination. The State of Ohio is willing to meet and confer regarding the Notice, and its responses and objections thereto.

**TOPIC (e):**

The person(s) associated with the Ohio Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

**RESPONSE TO TOPIC (e):**

The State of Ohio objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of Ohio objects to this topic for examination as being impermissibly compound, as it includes at least three different and distinct topics for examination under a single heading. The State of Ohio objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation, as the topic seeks broad swaths of information and testimony regarding subject matters beyond the actual claims or defenses in this case, like for instance the identity of a person(s) who might have reviewed a pleading. The State of Ohio objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any

other applicable privilege, immunity or protection against disclosure. The State of Ohio further objects to this topic for examination on the grounds that it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The State of Ohio also objects to this topic of examination as it seeks deposition testimony from the opposing counsel. The State of Ohio objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of Ohio objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Ohio further objects to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The State of Ohio objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed using other written discovery requests, *e.g.* contention interrogatories and requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C).

The State of Ohio will not provide testimony on this topic for examination. The State of Ohio requests that Defendants withdraw this topic for examination. The State of Ohio is willing to meet and confer regarding the Notice, and its responses and objections thereto.

RESPECTFULLY SUBMITTED this 27th day of May, 2025.

**FOR THE STATE OF OHIO:**

DAVE YOST
Attorney General for the State of Ohio

/s/ Erin B. Leahy
ERIN B. LEAHY
Senior Assistant Attorney General
*Counsel for the State of Ohio*

11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2025, I caused the foregoing Plaintiff State of Ohio's

Response to Defendants Michael D. Lansky, LLC's dba Avid Telecom, Michael D. Lansky's

and Stacey Reeves's Notice of Rule 30(b)(6) Deposition to be served by email upon counsel of

record.

/s/ Erin B. Leahy
Erin B. Leahy (OH Bar 0069509)

**From:** Kory, Alexandra (ATG)
**To:** gtaylor@tlgdc.com; Neil Ende
**Cc:** erin.leahy@ohioago.gov; Thomas Martindale (IN AG) (Thomas.Martindale@atg.in.gov); Nayer, Tracy; Sparko, Rochelle; Sarah.Pelton@azag.gov; dylan.jones@azag.gov; john.dilloniv@azag.gov; alyse.meislik@azag.gov; douglas.swetnam@atg.in.gov; laura.dilweg@azag.gov; Keopraseurt, Zaynah (ATG); Snider, Keriann (ATG)
**Subject:** State of Arizona, et al., v. Michael D. Lansky, L.L.C., dba Avid Telecom, et al.
**Date:** Wednesday, June 4, 2025 2:47:13 PM
**Attachments:** 2025_0604_Ntc_30b6Dep_Resp_WA.pdf

Good afternoon,

Please see attached correspondence from the Washington State Office of the Attorney General regarding Defendants' Notice of 30(b)(6) deposition of Washington State.

**Alex Kory** | Assistant Attorney General | she/her
Consumer Protection Division | Office of the Attorney General
800 Fifth Avenue, Suite 2000 | Seattle, WA 98104
206.516.2997 Direct | 206.464.6684 Main | 206.389.2800 Fax

The material contained herein may be subject to the attorney/client or work product privilege.

NICHOLAS W. BROWN
Attorney General

ALEXANDRA KORY, WSBA No. 49889
Assistant Attorney General
Washington State Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
Phone: (206) 464-7744
alexandra.kory@atg.wa.gov

<div align="center">

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

</div>

| | |
|---|---|
| State of Arizona, *ex rel*. Kristin K. Mayes, Attorney General, *et al.*, | CASE NO.:  4:23-cv-00233-CKJ |
| Plaintiffs, | **THE STATE OF WASHINGTON'S RESPONSE TO DEFENDANTS MICHAEL D. LANSKY, LLC'S, DBA AVID TELECOM, MICHAEL D. LANSKY'S AND STACEY REEVES'S NOTICE OF RULE 30(B)(6) DEPOSITION** |
| v. | |
| Michael D. Lansky, L.L.C., dba Avid Telecom, *et al.*, | |
| Defendants. | |

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, the State of Washington, (hereinafter, "the State of Washington") hereby responds and objects to Defendants Michael D. Lansky, LLC's, dba Avid Telecom, Michael D. Lansky's and Stacey Reeves's (collectively, "Defendants") Notice of 30(b)(6) Deposition (the "Notice").

**OBJECTIONS AND LIMITATIONS APPLICABLE TO DEFENDANTS' NOTICE**

The following objections and limitations apply to and are incorporated in the State of Washington's specific objections and responses set forth below.

1.      The State of Washington objects to the Notice in its entirety on the grounds that it fails to specify the date and time of the 30(b)(6) deposition in violation of Rule 30(b)(1) of the Federal Rules of Civil Procedure.

2.      The State of Washington objects to the Notice in its entirety on the grounds that the Notice was improperly served, failing to name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity as required by Rule 30(b)(6) of the Federal Rules of Civil Procedure.

3.      The State of Washington objects to the Notice to the extent it seeks the disclosure of information and testimony protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, immunity or protection. Nothing contained in these objections or responses is intended to be, nor in any way shall deemed to be, a waiver of any such applicable privilege or immunity.

4.      The State of Washington objects to the Notice to the extent it seeks the disclosure of information and testimony that is not relevant to any party's claims or defenses and/or not proportional to the needs of the litigation.

5.      The State of Washington objects to the Notice to the extent it seeks information and testimony inconsistent with, or beyond the scope and requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Washington further objects to the Notice to the extent it seeks to impose obligations in excess of or otherwise different from those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the

2

Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law.

6.      The State of Washington objects to the Notice on the grounds that it fails to describe with reasonable particularity the matters and topics for examination.

7.      The State of Washington objects to the Notice on the grounds that the matters and/or topics of deposition stated therein are vague, ambiguous, overbroad, unduly burdensome, cumulative, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation.

8.      The State of Washington objects to the Notice to the extent it seeks the disclosure of information and testimony that is protected by the common interest privilege concerning privileged communications and materials shared between parties pursuant to a shared legal interest. Nothing contained in these objections or responses is intended to be, nor in any way shall deemed to be, a waiver of any such applicable privilege or immunity.

9.      The State of Washington objects to the Notice to the extent it seeks the disclosure of information and testimony regarding the deliberative process, prosecutorial discretion, the law enforcement or investigations privilege, or other information that would improperly interfere with or undermine the administrative or regulatory functions of the State of Washington implicated by Defendants' Notice. Nothing contained in these objections or responses is intended to be, nor in any way shall deemed to be, a waiver of any such applicable privilege or immunity.

10.     The State of Washington objects to the Notice to the extent it seeks sensitive information regarding any ongoing or past law enforcement investigations, informants, methodologies or practices for conducting investigations.

11.     The State of Washington objects to the Notice to the extent it seeks legal analysis, legal theories or legal conclusions, or otherwise improper Rule 30(b)(6) deposition matters or topics, rather than factual information.

12.     The State of Washington objects to the Notice to the extent it calls for information and testimony not within the possession, custody or control of the State of Washington.

13.     The State of Washington objects to the Notice to the extent it requires any deponent to provide any information outside what is "known or reasonably available to the organization."

While reserving all rights to object to and/or narrow any matters or topics for examination, the State of Washington notes that the scope of information "known or reasonably available to the organization" should be limited to the Consumer Protection Division of the Office of the Attorney General of the State of Washington.

14.    The State of Washington objects to the Notice to the extent it seeks improper expert testimony and would require a designee to provide expert opinions and/or expert testimony requiring specialized or technical expertise falling under Fed. R. Civ. P. 26(a)(2). *See, e.g., United States v. HVI Cat Canyon, Inc.*, Case No. CV 11-5097 FMO (SSX), 2016 WL 11683593, at *10 (C.D. Cal. Oct. 26, 2016).

15.    The State of Washington objects to the Notice to the extent it seeks information and testimony on behalf of any nonparty governmental branches, nonparty agencies, or nonparty divisions of State government for which the preparation of deposition testimony would violate Separation of Powers and the sovereignty of the State; and would be unduly prejudicial, impossible, and/or impracticable to provide or compel testimony on behalf of nonparties over whom the State of Washington has no control.

16.    The State of Washington objects to the Notice to the extent it seeks information and testimony reflecting confidential information, sensitive personal information, information about identifiable individuals, information that is protected by law or confidentiality agreements, or information from a non-Party. Responsive information, if discoverable, may be provided subject to the terms of the Protective Order entered by the Court, and the State of Washington reserves the right to seek additional protections beyond those provided in the Protective Order to the extent appropriate for any particularly sensitive information. The State of Washington may object to testimony altogether if its relevance is substantially outweighed by the risks associated with its disclosure in light of available protections.

17.    The State of Washington objects to the Notice to the extent it calls for information and testimony being provided or otherwise available to Defendants through written discovery, including but not limited to documents and communications produced in this litigation, contention interrogatories, or publicly available information. In such cases, the witness may respond to

1  questions by referring the questioner to a written document or other information provided in this

2  litigation.

3       18.     The State of Washington's objections and responses are made without waiving the

4  right to object on any ground to the use of any testimony in any subsequent proceeding or trial of

5  this or any other action; the right to object to a demand for further responses to this or any other

6  discovery involving or related to the Notice; and the right at any time to revise, correct, add to, or

7  clarify any or all of responses and objections.

8       19.     The State of Washington is willing to meet and confer regarding the Notice, and

9  these responses and objections.

10                      **SPECIFIC OBJECTIONS AND RESPONSES**

11       The State of Washington incorporates each of the foregoing objections and limitations into

12  the specific objections and responses set forth below.

13  **TOPIC (a):**

14  The allegations of fact set forth in paragraphs 19-630 of the complaint.

15  **RESPONSE TO TOPIC (a):**

16       The State of Washington objects to this topic for examination on the grounds that it is

17  vague, ambiguous, unintelligible and fails to describe the matters for examination with any

18  reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The

19  State of Washington objects to this topic for examination on the grounds that it is overbroad,

20  unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation.

21  As phrased, this topic for examination implicates any and all conceivable matters related to

22  paragraphs 19-630 of the Complaint, which grossly exceeds the scope of permitted Rule 30(b)(6)

23  testimony. The State of Washington objects to this topic as it improperly seeks information that is

24  already within the possession, control and/or custody of the Defendants, including but not limited

25  to discovery already requested and/or provided to Defendants by Plaintiffs. The State of

26  Washington objects to this topic for examination on the grounds that it seeks information and

27  testimony protected by the attorney-client privilege, the attorney work product doctrine, common

28  interest privilege, deliberative process privilege, law enforcement and investigations privileges

and/or any other applicable privilege, immunity or protection against disclosure. The State of Washington objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of Washington does not have direct knowledge. The State of Washington objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of Washington objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Washington further objects to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The State of Washington objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed using other written discovery requests less burdensome than oral deposition, *e.g.* contention interrogatories or requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C). The State of Washington directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production No. 1, 3, 4, 6-14, 19-22, 28, 41-44, dated February 7, 2025. The State of Washington will not provide testimony on this topic for examination. The State of Washington requests that Defendants withdraw this topic for examination. The State of Washington is willing to meet and confer regarding the Notice and its responses and objections thereto.

**TOPIC (b):**

The allegation in paragraph 89.tt of the Complaint that Avid Telecom routed more than 2,737 calls containing unlawful content to phone numbers with Washington area codes.

**RESPONSE TO TOPIC (b):**

The State of Washington objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The

State of Washington objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation. As phrased, this topic for examination implicates any and all conceivable matters related to paragraph 89.tt of the Complaint, which grossly exceeds the scope of permitted Rule 30(b)(6) testimony. The State of Washington objects to this topic as it improperly seeks information that is already within the possession, control and/or custody of the Defendants, including but not limited to discovery already requested which has been or will be produced by Plaintiffs upon the entry of the ESI protocol agreement and/or the completion of expert witness disclosures. The State of Washington objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of Washington further objects to this topic for examination on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The State of Washington objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of Washington does not have direct knowledge. The State of Washington objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of Washington objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Washington further objects to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The State of Washington objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed through the use of other written discovery requests less burdensome than oral deposition, *e.g.* contention interrogatories or requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C). The State of Washington

7

1  directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production No. 21

2  dated February 7, 2025.

3        The State of Washington will not provide testimony on this topic for examination. The

4  State of Washington requests that Defendants withdraw this topic for examination. The State of

5  Washington is willing to meet and confer regarding the Notice and its responses and objections

6  thereto.

7

8  **TOPIC (c):**

9  The specific allegations of fact set forth in paragraphs 609-10 and 613-15 of the complaint.

10  **RESPONSE TO TOPIC (c):**

11        The State of Washington objects to this topic for examination on the grounds that it is

12  vague, ambiguous, unintelligible and fails to describe the matters for examination with any

13  reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The

14  State of Washington objects to this topic for examination on the grounds that it is overbroad,

15  unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation.

16  As phrased, this topic for examination implicates any and all conceivable matters related to

17  paragraphs 609-10 and 613-15 of the Complaint, which grossly exceeds the scope of permitted

18  Rule 30(b)(6) testimony. The State of Washington objects to this topic for examination on the

19  grounds that it seeks information and testimony protected by the attorney-client privilege, the

20  attorney work product doctrine, common interest privilege, deliberative process privilege, law

21  enforcement and investigations privileges and/or any other applicable privilege, immunity or

22  protection against disclosure. The State of Washington objects to this topic for examination to the

23  extent it seeks testimony regarding all factual underpinnings or other materials about which the

24  State of Washington does not have direct knowledge. The State of Washington objects to this topic

25  for examination on the grounds that it seeks information and testimony that is personally sensitive

26  or otherwise confidential or protected information. The State of Washington objects to this topic

27  for examination on the grounds that it seeks information and testimony inconsistent with, and

28  beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence,

the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Washington further objects to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The State of Washington objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed using other written discovery requests, *e.g.* contention interrogatories or requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C). The State of Washington directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production No. 4- 6, 11-14, 17-18, 21-23, 25, 27- 28, 31-32, 35-36, 39-40, 42, and 44, dated February 7, 2025. The State of Washington will not provide testimony on this topic for examination. The State of Washington requests that Defendants withdraw this topic for examination. The State of Washington is willing to meet and confer regarding the Notice and its responses and objections thereto.

**TOPIC (d):**

Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

**RESPONSE TO TOPIC (d):**

The State of Washington objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of Washington objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing and oppressive. The State of Washington objects to this topic for examination on the grounds that it seeks the disclosure of information and testimony that is not relevant to any party's claims or defenses and/or not proportional to the needs of the litigation. Whether the State of Washington has served requests for production on any third parties is irrelevant to the question of whether Defendants violated the law. To the extent Defendants believe this information has some marginal relevance to their defenses in this case, this topic for

9

examination is still disproportional to the needs of the case considering the burden required to educate a witness on every request "of any kind" sent to "any third party" during an indeterminate period of time. The State of Washington objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of Washington further objects to this topic for examination on the grounds that it is seeking information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The State of Washington objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of Washington does not have direct knowledge. The State of Washington objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of Washington objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Washington objects to this topic for examination on the grounds that it is not suited for oral testimony and directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production Nos. 1-14, 19, and 21, dated February 7, 2025.

The State of Washington will not provide testimony on this topic for examination. The State of Washington requests that Defendants withdraw this topic for examination. The State of Washington is willing to meet and confer regarding the Notice, and its responses and objections thereto.

**TOPIC (e):**

Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the complaint in the captioned case.

**RESPONSE TO TOPIC (e):**

The State of Washington objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of Washington objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing and oppressive. The State of Washington objects to this topic for examination on the grounds that it seeks the disclosure of information and testimony that is not relevant to any party's claims or defenses and/or is not proportional to the needs of the litigation. Whether the State of Washington has served requests for production on any third parties is irrelevant to the question of whether Defendants violated the law. To the extent Defendants believe this information has some marginal relevance to their defenses in this case, this topic for examination is still disproportional to the needs of the case considering the burden required to educate a witness on every request "of any kind" sent to "any third party" during an indeterminate time period. The State of Washington objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of Washington further objects to this topic for examination on the grounds that it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The State of Washington objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of Washington does not have direct knowledge. The State of Washington objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of Washington objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Washington objects to this topic for examination on the grounds

11

that it is not suited for oral testimony and directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production Nos. 1-14, 19, and 21, dated February 7, 2025.

The State of Washington will not provide testimony on this topic for examination. The State of Washington requests that Defendants withdraw this topic for examination. The State of Washington is willing to meet and confer regarding the Notice, and its responses and objections thereto.

**TOPIC (f):**

The person(s) associated with the Washington Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

**RESPONSE TO TOPIC (f):**

The State of Washington objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of Washington objects to this topic for examination as being impermissibly compound, as it includes at least three different and distinct topics for examination under a single heading. The State of Washington objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation, as the topic seeks broad swaths of information and testimony regarding subject matters beyond the actual claims or defenses in this case, like for instance the identity of a person(s) who might have reviewed a pleading. The State of Washington objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of Washington further objects to this topic for examination on the grounds

that it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The State of Washington also objects to this topic of examination as it seeks deposition testimony from the opposing counsel. The State of Washington objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of Washington objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Washington further objects to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The State of Washington objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed using other written discovery requests, *e.g.* contention interrogatories and requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C).

The State of Washington will not provide testimony on this topic for examination. The State of Washington requests that Defendants withdraw this topic for examination. The State of Washington is willing to meet and confer regarding the Notice, and its responses and objections thereto.

RESPECTFULLY SUBMITTED this 4th day of June, 2025.

**FOR THE STATE OF WASHINGTON:**
NICHOLAS W. BROWN
Attorney General

*/s/Alexandra Kory*
ALEXANDRA KORY, WSBA No. 49889
Assistant Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744
alexandra.kory@atg.wa.gov

*Attorneys for the State of Washington*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2025, I caused the foregoing Response to Defendants Michale D. Lansky, LLC's dba Avid Telecom, Michael D. Lansky's and Stacey Reeves's Notice of Rule 30(b)(6) Deposition to be served by email upon counsel of record.

*/s/Alexandra Kory*
ALEXANDRA KORY, WSBA No. 49889

| From: | Myszkowski, Gregory A. |
| --- | --- |
| To: | gtaylor@tlgdc.com; nende@tlgdc.com |
| Cc: | Erin Leahy (OH AG) (erin.leahy@ohioago.gov); Thomas Martindale (IN AG) (Thomas.Martindale@atg.in.gov); Nayer, Tracy; Sparko, Rochelle; Pelton, Sarah; "Dylan.Jones@azag.gov"; John.DillonIV@azag.gov; Alyse Meislik; "douglas.swetnam@atg.in.gov" |
| Subject: | Wisconsin Response to 30(b)(6) Notice |
| Date: | Friday, May 23, 2025 5:07:00 PM |
| Attachments: | image001.png |
|  | Wisconsin Response to 30(b)(6) Deposition Notice.pdf |

Dear Counsel,

Please see attached.

Sincerely,
Greg Myszkowski



**Gregory A. Myszkowski CIPP/US, CIPT**
**Assistant Attorney General**
State of Wisconsin Department of Justice
Division of Legal Services
17 West Main Street
P.O. Box 7857
Madison, WI  53707-7857
myszkowskiga@doj.state.wi.us
Phone: (608) 266-7656

PLEASE NOTE: While government records are generally subject to disclosure pursuant to the public records law, this email, including any attachments, may contain confidential and/or privileged information exempt from public disclosure. If you are not the intended recipient or believe that you received this email in error, please notify the sender immediately.



Joshua L. Kaul
Attorney General of Wisconsin
Gregory A. Myszkowski (WI Bar No. 1050022)
Wisconsin Department of Justice
17 West Main Street, P.O. Box 7857
Madison, WI 53707-7857
Phone:  (608) 266-7656
Fax:      (608) 294-2907
gregory.myszkowski@wisdoj.gov

**UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA**

| | |
|---|---|
| State of Wisconsin, *ex rel*. Kristin K. Mayes, Attorney General, *et al.*, | CASE NO.:  4:23-cv-00233-CKJ |
| Plaintiffs, | **THE STATE OF WISCONSIN'S, RESPONSE TO DEFENDANTS MICHAEL D. LANSKY, LLC'S, DBA AVID TELECOM, MICHAEL D. LANSKY'S AND STACEY REEVES'S NOTICE OF RULE 30(B)(6) DEPOSITION** |
| v. | |
| Michael D. Lansky, L.L.C., dba Avid Telecom, *et al.*, | |
| Defendants. | |

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, the State of Wisconsin hereby responds and objects to Defendants Michael D. Lansky, LLC's, dba Avid Telecom, Michael D. Lansky's and Stacey Reeves's (collectively, "Defendants") Notice of 30(b)(6) Deposition (the "Notice").

<u>**OBJECTIONS AND LIMITATIONS APPLICABLE TO DEFENDANTS' NOTICE**</u>

The following objections and limitations apply to and are incorporated in the State of Wisconsin's specific objections and responses set forth below.

1.     The State of Wisconsin objects to the Notice in its entirety on the grounds that it fails to specify the date and time of the 30(b)(6) deposition in violation of Rule 30(b)(1) of the Federal Rules of Civil Procedure.

2.     The State of Wisconsin objects to the Notice in its entirety on the grounds that the Notice was improperly served, failing to name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity as required by Rule 30(b)(6) of the Federal Rules of Civil Procedure.

3.     The State of Wisconsin objects to the Notice to the extent it seeks the disclosure of information and testimony protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, immunity or protection. Nothing contained in these objections or responses is intended to be, nor in any way shall deemed to be, a waiver of any such applicable privilege or immunity.

4.     The State of Wisconsin objects to the Notice to the extent it seeks the disclosure of information and testimony that is not relevant to any party's claims or defenses and/or not proportional to the needs of the litigation.

5.     The State of Wisconsin objects to the Notice to the extent it seeks information and testimony inconsistent with, or beyond the scope and requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Wisconsin further objects to the Notice to the extent it seeks to impose obligations in excess of or otherwise different from those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law.

6.     The State of Wisconsin objects to the Notice on the grounds that it fails to describe with reasonable particularity the matters and topics for examination.

7.      The State of Wisconsin objects to the Notice on the grounds that the matters and/or topics of deposition stated therein are vague, ambiguous, overbroad, unduly burdensome, cumulative, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation.

8.      The State of Wisconsin objects to the Notice to the extent it seeks the disclosure of information and testimony that is protected by the common interest privilege concerning privileged communications and materials shared between parties pursuant to a shared legal interest. Nothing contained in these objections or responses is intended to be, nor in any way shall deemed to be, a waiver of any such applicable privilege or immunity.

9.      The State of Wisconsin objects to the Notice to the extent it seeks the disclosure of information and testimony regarding the deliberative process, prosecutorial discretion, the law enforcement or investigations privilege, or other information that would improperly interfere with or undermine the administrative or regulatory functions of the State of Wisconsin implicated by Defendants' Notice. Nothing contained in these objections or responses is intended to be, nor in any way shall deemed to be, a waiver of any such applicable privilege or immunity.

10.    The State of Wisconsin objects to the Notice to the extent it seeks sensitive information regarding any ongoing or past law enforcement investigations, informants, methodologies or practices for conducting investigations.

11.    The State of Wisconsin objects to the Notice to the extent it seeks legal analysis, legal theories or legal conclusions, or otherwise improper Rule 30(b)(6) deposition matters or topics, rather than factual information.

12.    The State of Wisconsin objects to the Notice to the extent it calls for information and testimony not within the possession, custody or control of the State of Wisconsin.

13.    The State of Wisconsin objects to the Notice to the extent it requires any deponent to provide any information outside what is "known or reasonably available to the organization." While reserving all rights to object to and/or narrow any matters or topics for examination, the State of Wisconsin notes that the scope of information "known or reasonably available to the organization" should be limited to the State of Wisconsin agencies involved in the investigation, the Wisconsin Department of Justice and the Wisconsin Department of Agriculture, Trade and Consumer Protection.

14.     The State of Wisconsin objects to the Notice to the extent it seeks improper expert testimony and would require a designee to provide expert opinions and/or expert testimony requiring specialized or technical expertise falling under Fed. R. Civ. P. 26(a)(2). *See, e.g., United States v. HVI Cat Canyon, Inc.*, Case No. CV 11-5097 FMO (SSX), 2016 WL 11683593, at *10 (C.D. Cal. Oct. 26, 2016).

15.     The State of Wisconsin objects to the Notice to the extent it seeks information and testimony on behalf of any nonparty governmental branches, nonparty agencies, or nonparty divisions of State government for which the preparation of deposition testimony would violate Separation of Powers and the sovereignty of the State; and would be unduly prejudicial, impossible, and/or impracticable to provide or compel testimony on behalf of nonparties over whom the State of Wisconsin has no control.

16.     The State of Wisconsin objects to the Notice to the extent it seeks information and testimony reflecting confidential information, sensitive personal information, information about identifiable individuals, information that is protected by law or confidentiality agreements, or information from a non-Party. Responsive information, if discoverable, may be provided subject to the terms of the Protective Order entered by the Court, and the State of Wisconsin reserves the right to seek additional protections beyond those provided in the Protective Order to the extent appropriate for any particularly sensitive information. The State of Wisconsin may object to testimony altogether if its relevance is substantially outweighed by the risks associated with its disclosure in light of available protections.

17.     The State of Wisconsin objects to the Notice to the extent it calls for information and testimony being provided or otherwise available to Defendants through written discovery, including but not limited to documents and communications produced in this litigation, contention interrogatories, or publicly available information. In such cases, the witness may respond to questions by referring the questioner to a written document or other information provided in this litigation.

18.     The State of Wisconsin's objections and responses are made without waiving the right to object on any ground to the use of any testimony in any subsequent proceeding or trial of this or any other action; the right to object to a demand for further responses to this or any other

discovery involving or related to the Notice; and the right at any time to revise, correct, add to, or clarify any or all of responses and objections.

19.    The State of Wisconsin is willing to meet and confer regarding the Notice, and these responses and objections.

## SPECIFIC OBJECTIONS AND RESPONSES

The State of Wisconsin incorporates each of the foregoing objections and limitations into the specific objections and responses set forth below.

**TOPIC (a):**

The allegations of fact set forth in paragraphs 19-630 of the complaint.

**RESPONSE TO TOPIC (a):**

The State of Wisconsin objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of Wisconsin objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation. As phrased, this topic for examination implicates any and all conceivable matters related to paragraphs 19-630 of the Complaint, which grossly exceeds the scope of permitted Rule 30(b)(6) testimony. The State of Wisconsin objects to this topic as it improperly seeks information that is already within the possession, control and/or custody of the Defendants, including but not limited to discovery already requested and/or provided to Defendants by Plaintiffs. The State of Wisconsin objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure.  The State of Wisconsin objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of Wisconsin does not have direct knowledge. The State of Wisconsin objects to this topic for examination on the grounds that it

5

seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of Wisconsin objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Wisconsin further objects to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The State of Wisconsin objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed using other written discovery requests less burdensome than oral deposition, *e.g.* contention interrogatories or requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C). The State of Wisconsin directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production No. 1, 3, 4, 6-14, 19-22, 28, 41-44, dated February 7, 2025. The State of Wisconsin will not provide testimony on this topic for examination. The State of Wisconsin requests that Defendants withdraw this topic for examination. The State of Wisconsin is willing to meet and confer regarding the Notice and its responses and objections thereto.

**TOPIC (b):**

The allegation in paragraph 89.vv of the Complaint that Avid Telecom routed more than 11,692 calls containing unlawful content to phone numbers with Wisconsin area codes.

**RESPONSE TO TOPIC (b):**

The State of Wisconsin objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of Wisconsin objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation. As phrased, this topic for examination implicates any and all conceivable matters related to paragraph 89.vv of the Complaint, which grossly exceeds the scope of permitted Rule 30(b)(6) testimony.

6

The State of Wisconsin objects to this topic as it improperly seeks information that is already within the possession, control and/or custody of the Defendants, including but not limited to discovery already requested which has been or will be produced by Plaintiffs upon the entry of the ESI protocol agreement and/or the completion of expert witness disclosures. The State of Wisconsin objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of Wisconsin further objects to this topic for examination on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The State of Wisconsin objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of Wisconsin does not have direct knowledge. The State of Wisconsin objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of Wisconsin objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Wisconsin further objects to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The State of Wisconsin objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed through the use of other written discovery requests less burdensome than oral deposition, *e.g.* contention interrogatories or requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C). The State of Wisconsin directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production No. 21 dated February 7, 2025.

The State of Wisconsin will not provide testimony on this topic for examination. The State of Wisconsin requests that Defendants withdraw this topic for examination. The State of Wisconsin is willing to meet and confer regarding the Notice and its responses and objections thereto.

**TOPIC (c):**

The specific allegations of fact set forth in paragraphs 618, 620-624, 627-630 of the complaint.

**RESPONSE TO TOPIC (c):**

The State of Wisconsin objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of Wisconsin objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation. As phrased, this topic for examination implicates any and all conceivable matters related to paragraphs 618, 620-624, 627-630 of the Complaint, which grossly exceeds the scope of permitted Rule 30(b)(6) testimony. The State of Wisconsin objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure.  The State of Wisconsin objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of Wisconsin does not have direct knowledge. The State of– Wisconsin objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of Wisconsin objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Wisconsin further objects to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The State of Wisconsin objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed using other written discovery requests, *e.g.* contention interrogatories or requests for production.

*See* Fed. R. Civ. P. 26(c)(1)(C). The State of Wisconsin directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production No. 4- 6, 11-14, 17-18, 21-23, 25, 27- 28, 31-32, 35-36, 39-40, 42, and 44, dated February 7, 2025. The State of Wisconsin will not provide testimony on this topic for examination. The State of Wisconsin requests that Defendants withdraw this topic for examination. The State of Wisconsin is willing to meet and confer regarding the Notice and its responses and objections thereto.

**TOPIC (d):**

Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party prior to the filing of the Complaint in the captioned case.

**RESPONSE TO TOPIC (d):**

The State of Wisconsin objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of Wisconsin objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing and oppressive. The State of Wisconsin objects to this topic for examination on the grounds that it seeks the disclosure of information and testimony that is not relevant to any party's claims or defenses and/or not proportional to the needs of the litigation. Whether the State of Wisconsin has served requests for production on any third parties is irrelevant to the question of whether Defendants violated the law. To the extent Defendants believe this information has some marginal relevance to their defenses in this case, this topic for examination is still disproportional to the needs of the case considering the burden required to educate a witness on every request "of any kind" sent to "any third party" during an indeterminate period of time. The State of Wisconsin objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against

disclosure. The State of Wisconsin further objects to this topic for examination on the grounds that it is seeking information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The State of Wisconsin objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of Wisconsin does not have direct knowledge. The State of Wisconsin objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of Wisconsin objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Wisconsin objects to this topic for examination on the grounds that it is not suited for oral testimony and directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production Nos. 1-14, 19, and 21, dated February 7, 2025.

The State of Wisconsin will not provide testimony on this topic for examination. The State of Wisconsin requests that Defendants withdraw this topic for examination. The State of Wisconsin is willing to meet and confer regarding the Notice, and its responses and objections thereto.


**TOPIC (e):**

Requests for the production of documents, information or data of any kind (*e.g.,* subpoenas, Civil Investigative Demands or the like) that refer to or relate to one or more of the Defendants that have been sent or served on any third party following the filing of the complaint in the captioned case.

**RESPONSE TO TOPIC (e):**

The State of Wisconsin objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of Wisconsin objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing and oppressive. The State of Wisconsin objects to this topic for

examination on the grounds that it seeks the disclosure of information and testimony that is not relevant to any party's claims or defenses and/or is not proportional to the needs of the litigation. Whether the State of Wisconsin has served requests for production on any third parties is irrelevant to the question of whether Defendants violated the law. To the extent Defendants believe this information has some marginal relevance to their defenses in this case, this topic for examination is still disproportional to the needs of the case considering the burden required to educate a witness on every request "of any kind" sent to "any third party" during an indeterminate time period. The State of Wisconsin objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of Wisconsin further objects to this topic for examination on the grounds that it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The State of Wisconsin objects to this topic for examination to the extent it seeks testimony regarding all factual underpinnings or other materials about which the State of Wisconsin does not have direct knowledge. The State of Wisconsin objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of Wisconsin objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. The State of Wisconsin objects to this topic for examination on the grounds that it is not suited for oral testimony and directs Defendants to the Plaintiff States' responses to Defendants' Requests for Production Nos. 1-14, 19, and 21, dated February 7, 2025.

The State of Wisconsin will not provide testimony on this topic for examination. The State of Wisconsin requests that Defendants withdraw this topic for examination. The State of Wisconsin is willing to meet and confer regarding the Notice, and its responses and objections thereto.

**TOPIC (f):**

The person(s) associated with the Wisconsin Plaintiff who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

**RESPONSE TO TOPIC (f):**

The State of Wisconsin objects to this topic for examination on the grounds that it is vague, ambiguous, unintelligible and fails to describe the matters for examination with any reasonable particularity in violation of Rule 30(b)(6) of the Federal Rules of Civil Procedure. The State of Wisconsin objects to this topic for examination as being impermissibly compound, as it includes at least three different and distinct topics for examination under a single heading. The State of Wisconsin objects to this topic for examination on the grounds that it is overbroad, unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation, as the topic seeks broad swaths of information and testimony regarding subject matters beyond the actual claims or defenses in this case, like for instance the identity of a person(s) who might have reviewed a pleading. The State of Wisconsin objects to this topic for examination on the grounds that it seeks information and testimony protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. The State of Wisconsin further objects to this topic for examination on the grounds that it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. The State of Wisconsin also objects to this topic of examination as it seeks deposition testimony from the opposing counsel. The State of Wisconsin objects to this topic for examination on the grounds that it seeks information and testimony that is personally sensitive or otherwise confidential or protected information. The State of Wisconsin objects to this topic for examination on the grounds that it seeks information and testimony inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal

12

or state law. The State of Wisconsin further objects to this topic for examination on the grounds that it prematurely seeks testimony and information not due to be disclosed until the parties' exchange of expert disclosures. The State of Wisconsin objects to this topic for examination on the grounds that it is not suited for oral testimony and would be more appropriately addressed using other written discovery requests, *e.g.* contention interrogatories and requests for production. *See* Fed. R. Civ. P. 26(c)(1)(C).

The State of Wisconsin will not provide testimony on this topic for examination. The State of Wisconsin requests that Defendants withdraw this topic for examination. The State of Wisconsin is willing to meet and confer regarding the Notice, and its responses and objections thereto.

      RESPECTFULLY SUBMITTED this 23rd day of May, 2025.

**FOR THE STATE OF WISCONSIN:**

JOSHUA L. KAUL
Attorney General of Wisconsin

/s/ Gregory A. Myszkowski
GREGORY A. MYSZKOWSKI
Assistant Attorney General
*Attorney for the Plaintiff State of Wisconsin*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2023, I caused the foregoing Response to Defendants Michale D. Lansky, LLC's dba Avid Telecom, Michael D. Lansky's and Stacey Reeves's Notice of Rule 30(b)(6) Deposition to be served by email upon counsel of record.

/s/ Gregory A. Myszkowski
GREGORY A. MYSZKOWSKI
Assistant Attorney General
*Attorney for the Plaintiff State of Wisconsin*

# Exhibit D

| From: | Erin Leahy |
|---|---|
| To: | Greg Taylor |
| Cc: | Nayer, Tracy; Martindale Thomas L; Swetnam Douglas; Singer Nelson Michel; Sparko, Rochelle; Dilweg, Laura; Pelton, Sarah; Meislik, Alyse; Jones, Dylan; Trombley, Nikki; Neil Ende; Dillon IV, John |
| Subject: | RE: [AZ v. Avid Telecom] meet and confer |
| Date: | Friday, July 18, 2025 2:29:48 PM |
| Attachments: | image005.png |
| | image006.png |
| | image007.png |
| | image008.png |
| | image009.png |

Greg,

Your attempt to establish a false record concerning the July 15 meet and confer is wholly without merit and expressly rejected by Plaintiffs. To be clear, at no time during the meet and confer did Plaintiffs' counsel engage in any conduct that could be considered "disturbing".  At no time did any Plaintiffs counsel "refuse to engage in a substantive manner" as described in the letter from Mr. Ende dated July 17.  In fact, it was quite the opposite. You appeared wholly unprepared to discuss all or even a majority of your disputes. We repeatedly urged you to identify your disputes for discussion as we had all convened at your request prepared to discuss Plaintiffs' responses.  We did object to your lack of preparation or unwillingness to discuss your disputes at the meet-and-confer that you requested and expressed our unwillingness to convene again on these same topics.

 Plaintiffs duly appeared for your requested meet confer regarding Defendants' interrogatories (which Defendants have never actually propounded), requests for admissions, requests for production, and 30(b)(6) deposition notices. Prior to the meeting, you represented - multiple times - that you would provide an outline of the disputes to be discussed; however, no such outline was ever provided. Rather, you instructed Plaintiffs' counsel to be prepared to review "all" responses and even insisted that you would need 2-3 hours to go through each response.  Despite your misrepresentations on providing a written outline of your disputes in advance of the meeting, 21 attorneys representing the Lead Plaintiff States, and the Plaintiff States with State law claims, attended the meet and confer in good faith, prepared to address **"all"** plaintiff responses as you insisted.

The meet and confer was ultimately unproductive due to your inability to identify your disputes or articulate any substantive positions, cite any legal authority, or meaningfully engage on any issues.

Additionally, we note that despite numerous emails from Mr. Ende demanding that counsel for all "50" Plaintiffs appear for this meet and confer, he failed to attend.

We have further memorialized in detail below, the specific topics that were covered:

- Defense counsel's demands regarding attendance of all Plaintiff States at meet and confers:
  - Plaintiffs with state law claims objected to defense counsel's general demand that all Plaintiff attend all meet and confer despite having designated the Lead Plaintiff States to represent their interests and requested legal justification for demanding such attendance;

- You failed to provide any legal justification for the demand that all Plaintiffs attend each meet and confer;

- Plaintiffs underscored that designating Lead Plaintiffs to represent a voluminous number of parties is common and widely accepted by Courts, and that while all Plaintiffs will participate/respond to discovery as necessary/required, attendance at any future meet-and-confers would only be attended by the Lead Plaintiff States;

- After much discussion, you stated that, with your understanding that attendance at the meet-and-confers has no bearing on all Plaintiffs' participation in the litigation, you would cease insisting on the attendance of any non-lead Plaintiff States at any future meet and confers.

- 30(b)(6) depositions
    - You raised no disputes regarding Plaintiffs' written responses and objections to the topics listed in the deposition notices;

    - You stated that Defendants intend to file a motion to revise the scheduling order to allow Defendants to depose all the Plaintiff states, indicating it was Defendants' "right to confront their accusers."

    - Plaintiffs objected to amending the scheduling order based on this unsupported assertion, noting that this topic was already discussed in the context of the Rule 26 discovery plan and rejected by the Court with the issuance of the current Case Scheduling Order;

    - You asked if any state would consent to appear for Rule 30(b)(6) depositions. No states agreed and stood on the objections already provided in writing to the topics identified, and in addition stated that there are less burdensome methods of discovery on the identified topics that should be pursued first rather than requiring Plaintiffs to be subjected to a deposition.

- RFPs
    - Despite instructing Plaintiffs to be prepared to discuss your disputes with Plaintiffs' objections to "all" RFPs, you indicated that your only disputes related to responses where Plaintiffs indicated their intention to withhold documents (RFPs 46, 47, 49 and 50);
        - As to RFPs 46 and 49, you objected to Plaintiffs' withholding non-privileged documents. Plaintiffs directed you to the language in the response to RFPs 46 and 49, which clearly states that Plaintiffs ***will*** produce non-privileged documents. Accordingly, this dispute was resolved;

        - As to RFPs 47 and 50, which request documents identifying who made the decision to participate in the civil action, you objected to Plaintiffs' withholding documents on the basis of relevancy. We explained that the ultimate decision-makers are the Attorneys General and requested an explanation as to why Defendants would find further detail about who was involved in the decision-making to be relevant to any of the claims or defenses that are before the Court. You provided no supporting argument as to how those records would be relevant to the current claims or defenses and agreed that no document production was necessary, and this matter was resolved.

    - You indicated that if documents were being withheld based on any privilege

objection, that a privilege log is required and asked when it would be provided. We directed your attention to the recently-issued ESI protocol (July 10, 2025), which addresses procedures regarding the privilege log. We indicated that, if/where necessary, we would produce that information pursuant to the ESI order.

- RFAs
  - Despite instructing Plaintiffs to be prepared to discuss your disputes with Plaintiffs' objections to all the RFAs, you were not prepared to discuss any of Defendants' disputes.

  - Plaintiffs objected, indicating that Plaintiffs came prepared to discuss all of our responses, as you instructed and urged you to provide information on your disputes. You declined.

Sincerely,



Erin B. Leahy
Senior Assistant Attorney General
Consumer Protection Section
Office of Ohio Attorney General Dave Yost
30 East Broad St., 14$^{th}$ Floor
Columbus, Ohio 43215

Office number: 614-752-4730
Erin.Leahy@OhioAGO.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

**From:** Greg Taylor <gtaylor@tlgdc.com>
**Sent:** Wednesday, July 16, 2025 1:39 PM
**To:** Erin Leahy <erin.leahy@OhioAGO.gov>
**Cc:** Tracy Nayer <Tnayer@ncdoj.gov>; Martindale Thomas L <Thomas.Martindale@atg.in.gov>; Swetnam Douglas <douglas.swetnam@atg.in.gov>; Singer Nelson Michel <michel.singernelson@coag.gov>; Sparko Rochelle <rsparko@ncdoj.gov>; Dilweg, Laura <Laura.Dilweg@azag.gov>; Pelton, Sarah <Sarah.Pelton@azag.gov>; Meislik, Alyse <Alyse.Meislik@azag.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Trombley, Nikki <Nikki.Trombley@azag.gov>; Neil Ende <nende@tlgdc.com>; Dillon IV, John <John.DillonIV@azag.gov>
**Subject:** [AZ v. Avid Telecom] meet and confer

Erin:

Based on the disturbing manner in which Plaintiffs' counsel interacted during what was supposed to be a meet and confer discussion yesterday—which effectively precluded a meaningful discussion of our meet and confer issues—you are advised that we will be sending a comprehensive written meet and confer letter today or tomorrow setting forth the issues that we intended to discuss.

We do not believe a further telephonic meet and confer will be fruitful.  Accordingly, at least for the next round of discussions, we ask that you respond to each issue in the meet and confer letter in writing.

Hopefully, that engagement will narrow the issue sufficiently such that any remaining issue(s) can be effectively resolved in a short call (or the subject of a motion to compel).

Please confirm your receipt of this email.

Thank you.

Best,
Greg

Greg Taylor, of Counsel
Technology Law Group, LLC
80 E. Fifth St. | Second Floor | Edmond, OK 73034
T: +1 405.896.2266 | F: +1 405.701.6174
gtaylor@tlgdc.com | Linkedin: Greg Taylor | Twitter: @telcoatty



# Exhibit E

Technology Law Group, L.L.C.<sup>SM</sup>
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC  20015

―――――

202-895-1707
FACSIMILE 202-478-5074
EMAIL nende@tlgdc.com

NEIL S. ENDE, ESQ.

July 17, 2025

*Via Email*
*(erin.leahy@OhioAGO.gov)*

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
30 East Broad Street
14th Floor
Columbus, Ohio 43215

Re:    *State of Arizona ex rel. v. Avid Telecom*
         Case 4:23-cv-00233-EJM

*Initial Meet & Confer Letter*

Ms. Leahy/Attorneys' General:

This email constitutes Defendants' written identification of Meet and Confer issues arising as a result of Plaintiffs' Responses to Defendants' First Requests for Documents, First Request for Admission, and its Notices of Deposition Pursuant to FRCP Rule 30(b)(6).  We view the delivery of this written Meet and Confer letter necessary given Plaintiffs' abusive and dismissive refusal to engage in a substantive manner with Mr. Taylor in the meet and confer call that occurred yesterday.

As Plaintiffs have produced very few documents to date, Defendants' reserve the right to supplement all portions this Meet & Confer, as appropriate, once full production is made and our review is completed.  Given the volume of objections, it is impossible to address them all here.  This letter addresses the most critical improprieties.  Defendants reserve the right to object to other objections if as necessary to ensure that full production is made.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 2 of 139

<div align="center"><u>**General Meet and Confer Issues**</u></div>

    <u>Boilerplate Objections</u>.  Plaintiffs' repetitious application of boilerplate objections that are either irrelevant to the Request posed and/or fail to meet the requirements of the federal rules are improper.  For example, Plaintiffs assert a boilerplate objection of "overly broad and unduly burdensome" at least 50 times, relevance at least 30 times and vague and ambiguous at least 25 times.  The caselaw underlying FRCP 34 is clear the party asserting a burden objection cannot simply use boilerplate language like "unduly burdensome". Rather, the party must provide factual support demonstrating the nature and extent of the burden in relation to the specific discovery request including details identifying the resources required, the cost involved, or the time it would take to comply. In addition, the party asserting the objection is required to clarify the acceptable scope of each objectionable request and to indicate what will be produced within those limits. *See* e.g., *Fischer v. Forrest*, 14 Civ. 1304 (PAE) (AJP), 2017 WL 128705 (S.D.N.Y. Feb. 28, 2017), and *Leibovitz v. City of New York*, 2017 WL 462515 (S.D.N.Y. Jan. 31, 2017). In no case does the objection provide any of the specificity required by the caselaw interpreting the requirements of the federal rules and thus all of the objections violate the requirements of the federal rules. In each instance where Plaintiffs have withheld responsive document on the basis of a boilerplate and unsupported objection based on breadth, vagueness and/or relevance, the objection should be ignored ass improper and responsive documents must be provided.

    <u>Improper Privilege Objections</u>.  Plaintiffs' repetitious application of boilerplate objections based on a claim of privilege also fail to meet the requirements of the federal rules are improper.  Plaintiffs assert an objection based on privilege, in several forms, at least 20 times.  FRCP 26(b)(5)(A)(ii) requires a party withholding information based on a claimed privilege to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." *See* e.g., *In re Bard IVC Filters Prods. Liab. Litig*., MDL 2:12-md-02387-PHX-DGC (D. Ariz.), and United States v. First Nat'l Bank of Ariz., No. CV-07-8039-PHX-SMM (D. Ariz. 2008) Plaintiffs' privilege objections fail to come close to meeting this standard. Plaintiffs also fail to provide a compliant privilege log.  The assertion of a privilege cannot stand without providing a privilege log.  In each instance where a privilege has been

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 3 of 139

asserted, Plaintiffs' withholding of responsive document on the basis of a claimed privilege is improper and responsive documents must be provided.

<u>Objections Based on Time</u>. Defendants seek documents that were created and/or which refer to or relate to events which occurred on or after the first date on which any call which is the subject of the Complaint was allegedly transited by Defendants through the end of July 2023.

## **Specific Meet and Confer Issues**

### **Defendants' First Requests for Documents**:

**Document Request 1:**

Please produce all **Civil Investigative Demands** issued by any **Lead Plaintiff State** to any **Person** that refers to or relates to any Defendant and/or the telecommunications services provided by any Defendant.

**Response:**

Plaintiffs object to the Request as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the service provided by the Defendants.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome, calling for information beyond the scope of any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. This request is not reasonably limited in scope in relation to the subject matter of this case and calls for irrelevant information that would be unduly burdensome to produce.

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs define "relating to" to mean "directly concerning."

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 4 of 139

Plaintiffs object to Defendants' definition of "Civil Investigative Demand" or "CID" as a "discovery" tool. The authority of any responding Plaintiff to issue a civil investigative demand varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). Civil investigative demands are thus law enforcement-related pre-suit investigative tools, as opposed to discovery issued after litigation has commenced pursuant to state or federal rules of civil procedure.

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation. Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to include a temporal limitation.

Plaintiffs object to the Request to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

**Meet and Confer Issue(s):**

    <u>Objection based on alleged absence of definition of "telecommunications".</u> Plaintiffs' objection that the term "telecommunications service is not adequately defined is disingenuous in the extreme. Plaintiffs' Complaint relies on the application and interpretation (often misguided or false) of the Communications Act of 1934 as amended. 47 U.S. Code § 153(50) (Definitions) defines telecommunications as, "the transmission, between or among points specified by the user, of information

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 5 of 139

of the user's choosing, without change in the form or content of the information as sent and received." Demand is made that this objection be withdrawn and that a complete response be provided based on this well-established definition. Please confirm your production will be based on the application of this definition. If all CIDs are not produced, Defendants will be entitled to an Order precluding the use of any data obtained through the CID process.

Objection based on breadth and burden. Fails for lack of required specificity and content (*See* General Objections above). This objection is also absurd on its face as it is well known *and Plaintiffs have admitted* the data used to support the Complaint was obtained, at least in part, through the CID process. Defendants are clearly entitled to receive all CIDs used to collect these data and there is no reason to believe producing them would be unduly burdensome as Plaintiffs were the source of each CID. Given Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face. If all CIDs are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the CID process.

Unilateral application of self-serving definition. Defendants' definitions of all relevant terms are reasonable, or the definitions of those terms are well established. Plaintiff must respond to this request applying those definitions, not its own.

Objection based on custody and control. Plaintiffs have failed to identify any instance in which a CID or the related data production is not within the custody and control of Defendants and thus the objection fails to provide the required specificity. As Plaintiffs are well aware and have admitted, much of the data used to support the Complaint was obtained, at least in part, through CIDs they know were not delivered to Defendants. Indeed, on information and belief, many of those CIDs contained language precluding the recipient from disclosing to any third party. Thus, Plaintiffs objection is disingenuous on its face. If all CIDs are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the CID process.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 6 of 139

**Document Request 2:**

Please produce all **Documents** that refer to, relate to or constitute notice by any **Lead Plaintiff State** to any Defendant that a **Civil Investigative Demand** seeking documents that refer to or relate to any Defendant was to be or had been issued.

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the term "refer or relate to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs define "relating to" to mean "directly concerning."

Plaintiffs object to Defendants' definition of "Civil Investigative Demand" or "CID" as a "discovery" tool. The authority of any responding Plaintiff to issue a civil investigative demand varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). Civil investigative demands are thus law enforcement-related pre-suit investigative tools, as opposed to discovery issued after litigation has commenced pursuant to state or federal rules of civil procedure.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation. Plaintiffs object to this Request because materials that constitute notice to any Defendant that a Civil Investigation Demand is to be

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 7 of 139

issued are not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Request to the extent it seeks any internal materials concerning internal deliberations and communications with other law enforcement regarding the issuance of Civil Investigation Demands because such information concerns legal conclusions are protected opinion work product and protected by the attorney work product privilege, joint prosecution/common interest privilege, and law enforcement prosecutorial privilege.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs have no responsive documents as the statute or rules under which civil investigative demands were issued have no general or specific requirements to provide any type of notice to the Person that is the subject of the demand.

**Meet and Confer Issue(s):**

    <u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  This objection is also absurd on its face as it is well known and Plaintiffs have admitted that the data used to support the Complaint was obtained, at least in part, through the CID process.  Defendants are clearly entitled to receive all CIDs that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each CID.  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face.  If all CIDs are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the CID process.

    <u>Unilateral application of self-serving definition</u>.  Defendants' definitions of all relevant terms are reasonable, or the definitions of those terms are well established.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 8 of 139

      Plaintiff must respond to this request applying those definitions, not its own. Please confirm that your production will be based on the application of Defendants' definition.

**Document Request 3:**

Please produce all **Documents** that were produced or otherwise provided by any third party in response a **Civil Investigative Demand** issued by any **Lead Plaintiff State** that refers to or relates to any Defendant and/or the telecommunications services provided by any Defendant.

**Response:**

Plaintiffs object to the Request, as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the services provided by the Defendants.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs define "relating to" to mean "directly concerning."

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to Defendants' definition of "Civil Investigative Demand" or "CID" as a "discovery" tool. The authority of any responding State to issue a civil investigative demand varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). Civil investigative demands are thus law enforcement-related pre-suit investigative tools,

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 9 of 139

as opposed to discovery issued after litigation has commenced pursuant to state or federal rules of civil procedure.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following entry of a protective order.

**Meet and Confer Issue(s):**

    <u>Objection based on alleged absence of definition of "telecommunications".</u> Plaintiffs' objection that the term "telecommunications service is not adequately defined is disingenuous in the extreme. Plaintiffs' Complaint relies on the application and interpretation (often misguided or false) of the Communications Act of 1934 as amended. 47 U.S. Code § 153(50) (Definitions) defines telecommunications as, "the transmission, between or among points specified by the user, of information of the user's choosing, without change in the form or content of the information as sent and received." Please confirm that your production will be based on the application of this definition.

    <u>Unilateral application of self-serving definition.</u> Defendants' definitions of all relevant terms are reasonable, or the definitions of those terms are well established. Please confirm that your production will be based on the application of Defendants' definition.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 10 of 139

<u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  This objection is also absurd on its face as it is well known and Plaintiffs have admitted that the data used to support the Complaint was obtained, at least in part, through the CID process.  Defendants are clearly entitled to receive all CIDs that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each CID.  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face.  If all CIDs are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the CID process.

**Document Request 4:**

Please produce all **Civil Investigative Demands** issued by any **State Law Action State** to any **Person** that refers to or relates to any Defendant and/or the telecommunications services provided by any Defendant.

**Response:**

Plaintiffs object to the Request as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the services provided by the Defendants.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome, calling for information beyond the scope of any claim or defense in this matter or reasonably calculated to lead to the discover of admissible evidence. This request is not reasonably limited in scope in relation to the subject matter of this case and calls for irrelevant information that would be unduly burdensome to produce.

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 11 of 139

Plaintiffs define "relating to" to mean "directly concerning."

Plaintiffs object to Defendants' definition of "Civil Investigative Demand" or "CID" as a "discovery" tool. The authority of any responding State to issue a civil investigative demand varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). Civil investigative demands are thus law enforcement-related pre-suit investigative tools, as opposed to discovery issued after litigation has commenced pursuant to the state or federal rules of civil procedure.

Plaintiffs object to extent that "State Law Action States" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to include a temporal limitation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 12 of 139

**Meet and Confer Issue(s):**

> Objection based on alleged absence of definition of "telecommunications". Plaintiffs' objection that the term "telecommunications service is not adequately defined is disingenuous in the extreme. Plaintiffs' Complaint relies on the application and interpretation (often misguided or false) of the Communications Act of 1934 as amended. 47 U.S. Code § 153(50) (Definitions) defines telecommunications as, "the transmission, between or among points specified by the user, of information of the user's choosing, without change in the form or content of the information as sent and received." Please confirm that your production will be based on the application of this definition.

> Unilateral application of self-serving definition. Defendants' definitions of all relevant terms are reasonable, or the definitions of those terms are well established. Plaintiff must respond to this request applying those definitions, not its own. Please confirm that your production will be based on the application of Defendants' definition.

> Objection based on breadth and burden. Fails for lack of required specificity and content (*See* General Objections above). This objection is also absurd on its face as it is well known and Plaintiffs have admitted that the data used to support the Complaint was obtained, at least in part, through the CID process. Defendants are clearly entitled to receive all CIDs that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each CID. Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face. If all CIDs are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the CID process.

> Objection based on custody and control. Plaintiffs have failed to identify any instance in which a CID is within the custody and control of Defendants and thus the objection fails to provide the required specificity. As Plaintiffs are well aware and have admitted, much of the data used to support the Complaint was obtained, at

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 13 of 139

> least in part, through CIDs that they know were not delivered to Defendants.  Indeed, on information and belief, many of those CIDs contained language precluding the recipient from disclosing to any third party.    Thus, Plaintiffs objection is disingenuous on its face.   If all CIDs are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the CID process.

**Document Request 5:**

Please produce all **Documents** that refer to, relate to or constitute notice by any **State Law Action State** to any Defendant that a **Civil Investigative Demands** seeking documents that refer to or relate to any Defendant was to be or had been issued.

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the term "refer to, relate to or constitute" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiff defines "relating to" to mean "directly concerning."

Plaintiffs object to Defendants' definition of "Civil Investigative Demand" or "CID" as a "discovery" tool. The authority of any responding State to issue a civil investigative demand varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). Civil investigative demands are thus law enforcement-related pre-suit investigative tools, as opposed to discovery issued after litigation has commenced pursuant to state or federal rules of civil procedure.

Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

Plaintiffs object to extent that "State Law Action State" is not limited to Persons acting within the scope of the subject matter of this litigation.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 14 of 139

Plaintiffs object to this Request because materials that constitute notice to any Defendant that a Civil Investigation Demand is to be issued are not relevant to any claim or defense in this matter nor is it reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Request to the extent it seeks any internal materials concerning internal deliberations and communications with other law enforcement regarding the issuance of Civil Investigation Demands because such information concerns legal conclusions are protected opinion work product and protected by the attorney work product privilege, joint prosecution/common interest privilege, and law enforcement prosecutorial privilege.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to include a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs have no responsive documents as the statute or rules under which civil investigative demands were issued have no general or specific requirements to provide any type of notice to the Person that is the subject of the demand.

**Meet and Confer Issue(s):**

> Objection based on use of term "constitutes notice". The term "constitutes notice is clear on its face and this objection is lacking in merit. Without admitting any ambiguity, Defendants state that the term "constitutes_notice" means a communication informing individuals or parties about legal actions, proceedings, or changes, including the issuance of a CID, that may affect their rights or obligations." Please confirm that your production will be based on the application of this definition.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 15 of 139

> <u>Unilateral application of self-serving definition</u>.  Defendants' definitions of all relevant terms are reasonable, or the definitions of those terms are well established. Plaintiff must respond to this request applying those definitions, not its own.

> <u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  This objection is also absurd on its face as it is well known and Plaintiffs have admitted that the data used to support the Complaint was obtained, at least in part, through the CID process.  Defendants are clearly entitled to receive all CIDs that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each CID.  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face.  If all CIDs are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the CID process.

> <u>Objection based on state rules</u>. Your objection based on the allegation that the statute or rules under which civil investigative demands were issued have no general or specific requirements to provide any type of notice to the Person that is the subject of the demand is non-responsive.  Defendants did not ask Plaintiffs to produce documents evidencing the existence of state notice requirements.  Rather, by its express terms, the request is for documents that "constitute notice by any **State Law Action State** to any Defendant that a **Civil Investigative Demands** seeking documents that refer to or relate to any Defendant" whether required or not (as you allege).  Please respond directly to that request and produce any responsive documents.

**Document Request 6:**

Please produce all **Documents** that were produced or otherwise provided by any third party in response a **Civil Investigative Demand** issued by any **State Law Action State** that refers to or relates to any Defendant and/or the telecommunications services provided by any Defendant.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 16 of 139

**Response:**

Plaintiffs object to the Request, as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the services provided by the Defendants.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs define "relating to" to mean "directly concerning."

Plaintiffs object to Defendants' definition of "Civil Investigative Demand" or "CID" as a "discovery" tool. The authority of any responding State to issue a civil investigative demand varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). Civil investigative demands are thus law enforcement-related pre-suit investigative tools, as opposed to discovery issued after litigation has commenced pursuant to state or federal rules of civil procedure.

Plaintiffs object to extent that "State Law Action States" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 17 of 139

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following entry of a protective order.

**Meet and Confer Issue(s):**

<u>Objection based on alleged absence of definition of "telecommunications"</u>. Plaintiffs' objection that the term "telecommunications service is not adequately defined is disingenuous in the extreme. Plaintiffs' Complaint relies on the application and interpretation (often misguided or false) of the Communications Act of 1934 as amended. 47 U.S. Code § 153(50) (Definitions) defines telecommunications as, "the transmission, between or among points specified by the user, of information of the user's choosing, without change in the form or content of the information as sent and received." Please confirm that your production will be based on the application of this definition.

> <u>Objection based on use of term "constitutes notice"</u>. The term "constitutes notice is clear on its face and this objection is lacking in merit. Without admitting any ambiguity, Defendants state that the term "constitutes notice" means a communication informing individuals or parties about legal actions, proceedings, or changes, including the issuance of a CID, that may affect their rights or obligations." Please confirm that your production will be based on the application of this definition.

> <u>Objection based on breadth and burden.</u> Fails for lack of required specificity and content (*See* General Objections above). Defendants are clearly entitled to receive all subpoenas that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each subpoena. Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face. If all subpoenas are not produced,

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 18 of 139

> Defendants will be entitled to an order precluding the use of any data obtained through the CID process.

**Document Request 7:**

Please produce all subpoenas issued by any **Lead Plaintiff State** that refers to or relates to any Defendant and/or the telecommunications services provided by any Defendant.

**Response:**

Plaintiffs object to the Request as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the services provided by the Defendants.

Plaintiffs object to the Request to the extent that Defendants define "Subpoena" as a "court issued writ" requiring a person or entity to produce documents and/or information and/or to appear and to provide testimony. The authority of any responding Plaintiff to issue an investigative pre-suit subpoena varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). The authority and procedure for the issuance of subpoenas varies by state and subpoenas may or may not be court issued.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to include a temporal limitation.

Plaintiffs object to the Request to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative,

**Technology Law Group, L.L.C. ᔆᴹ**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 19 of 139

and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

**Meet and Confer Issue(s):**

> Objection based on alleged absence of definition of "telecommunications". Plaintiffs' objection that the term "telecommunications service is not adequately defined is disingenuous in the extreme. Plaintiffs' Complaint relies on the application and interpretation (often misguided or false) of the Communications Act of 1934 as amended. 47 U.S. Code § 153(50) (Definitions) defines telecommunications as, "the transmission, between or among points specified by the user, of information of the user's choosing, without change in the form or content of the information as sent and received." Please confirm that your production will be based on the application of this definition.

> Objection based on breadth and burden. Fails for lack of required specificity and content (*See* General Objections above). Defendants are clearly entitled to receive all SUBPOENAs that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each subpoena. Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face. If all subpoenas are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the subpoena process.

**Document Request 8:**

Please produce all **Documents** that refer to, relate to or constitute notice by any **Lead Plaintiff State** to any Defendant that a subpoena seeking testimony and/or documents that refer to or relate to any Defendant was to be or had been issued.

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 20 of 139

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the term "refer to, relate to or constitute" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs define "relating to" to mean "directly concerning."

Plaintiffs object to the Request to the extent that Defendants define "Subpoena" as a "court issued writ" requiring a person or entity to produce documents and/or information and/or to appear and to provide testimony. The authority of any responding Plaintiff to issue an investigative pre-suit subpoena varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). The authority and procedure for the issuance of subpoenas varies by state and subpoenas may or may not be court issued.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome, calling for information beyond the scope of any claim or defense in this matter or reasonably calculated to lead to the discover of admissible evidence. This request is not reasonably limited in scope in relation to the subject matter
of this case and calls for irrelevant information that would be unduly burdensome to produce.

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs define "relating to" to mean "directly concerning."

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 21 of 139

Plaintiffs object to this Request because materials that constitute notice to any Defendant that a Subpoena is to be issued are not relevant to any claim or defense in this matter nor are they reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Request to the extent it seeks any internal materials concerning internal deliberations and communications with other law enforcement regarding the issuance of Subpoenas because such information concerns legal conclusions are protected opinion work product and protected by the attorney work product privilege, joint prosecution/common interest privilege, and law enforcement prosecutorial privilege.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs have no responsive documents as the statute or rules under which subpoenas were issued have no general or specific requirements to provide any type of notice to the Person that is the subject of the demand.

**Meet and Confer Issue(s):**

> <u>Objection based on use of term "constitutes notice"</u>.  The term "constitutes notice is clear on its face and this objection is lacking in merit.  Without admitting any ambiguity, Defendants state that the term "constitutes notice" means a communication informing individuals or parties about legal actions, proceedings, or changes, including the issuance of a subpoena, that may affect their rights or

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 22 of 139

obligations." Please confirm that your production will be based on the application of this definition.

<u>Objection based on breadth and burden.</u> Fails for lack of required specificity and content (*See* General Objections above). Defendants are clearly entitled to receive all subpoenas that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each subpoena. Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face. If all subpoenas are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the subpoena process.

<u>Unilateral application of self-serving definition</u>. Defendants' definitions of all relevant terms, including relate to, are reasonable or the definitions of those terms are well established. Plaintiff must respond to this request applying those definitions, not its own.

**Document Request 9:**

Please produce all **Documents** that were produced or otherwise provided by any third party in response to any subpoena issued by any **Lead Plaintiff State** that refers to or relates to any Defendant and/or the telecommunications services provided by any Defendant.

**Response:**

Plaintiffs object to the Request, as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the services provided by the Defendants.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 23 of 139

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs define "relating to" to mean "directly concerning."

Plaintiffs object to the Request to the extent that Defendants define "Subpoena" as a "court issued writ" requiring a person or entity to produce documents and/or information and/or to appear and to provide testimony. The authority of any responding Plaintiff to issue an investigative pre-suit subpoena varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). The authority and procedure for the issuance of subpoenas varies by state and subpoenas may or may not be "court issued."

Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following entry of a protective order.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 24 of 139

**Meet and Confer Issue(s):**

Objection based on alleged absence of definition of "telecommunications".
Plaintiffs' objection that the term "telecommunications service is not adequately
defined is disingenuous in the extreme.   Plaintiffs' Complaint relies on the
application and interpretation (often misguided or false) of the Communications Act
of 1934 as amended.   47 U.S. Code § 153(50) (Definitions) defines telecommunications
as, "the transmission, between or among points specified by the user, of information
of the user's choosing, without change in the form or content of the information as
sent and received."   Please confirm that your production will be based on the
application of this definition.

Objection based on use of term "constitutes notice".  The term "constitutes notice is
clear on its face and this objection is lacking in merit.   Without admitting any
ambiguity, Defendants state that the term "constitutes_notice" means a
communication informing individuals or parties about legal actions, proceedings, or
changes, including the issuance of a subpoena, that may affect their rights or
obligations."  Please confirm that your production will be based on the application
of this definition.

Unilateral application of self-serving definition.   Defendants' definitions of all
relevant terms are reasonable, or the definitions of those terms are well established.
Plaintiff must respond to this request applying those definitions, not its own.

Objection based on breadth and burden.  Fails for lack of required specificity and
content (*See* General Objections above).  Defendants are clearly entitled to receive
all subpoenas that were used to collect these data and there is no reason to believe
that producing them would be unduly burdensome as Plaintiffs were the source of
each subpoena.  Given that Plaintiffs' claims in this Case, if accepted in full, could
subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of
proportionality are absurd on their face.   If all subpoenas are not produced,
Defendants will be entitled to an order precluding the use of any data obtained
through the subpoena process.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 25 of 139

**Document Request 10:**

Please produce the transcripts of all testimony that was provided by any third party in response to any subpoena issued by any **Lead Plaintiff State** that refers to or relates to any Defendant and/or the telecommunications services provided by any Defendant.

**Response:**

Plaintiffs object to the Request as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the services provided by the Defendants.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the Request to the extent that Defendants define "Subpoena" as a "court issued writ" requiring a person or entity to produce documents and/or information and/or to appear and to provide testimony. The authority of any responding Plaintiff to issue an investigative pre-suit subpoena varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). The authority and procedure for the issuance of subpoenas varies by state and subpoenas may or may not be court issued.

Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs define "relating to" to mean "directly concerning."

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 26 of 139

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs respond that there are no responsive documents.

**Meet and Confer Issue(s):**

> <u>Objection based on alleged absence of definition of "telecommunications".</u> Plaintiffs' objection that the term "telecommunications service is not adequately defined is disingenuous in the extreme. Plaintiffs' Complaint relies on the application and interpretation (often misguided or false) of the Communications Act of 1934 as amended. 47 U.S. Code § 153(50) (Definitions) defines telecommunications as, "the transmission, between or among points specified by the user, of information of the user's choosing, without change in the form or content of the information as sent and received." Please confirm that your production will be based on the application of this definition.

> <u>Objection based on use of term "constitutes notice".</u> The term "constitutes notice is clear on its face and this objection is lacking in merit. Without admitting any ambiguity, Defendants state that the term "constitutes_notice" means a communication informing individuals or parties about legal actions, proceedings, or changes, including the issuance of a subpoena, that may affect their rights or obligations." Please confirm that your production will be based on the application of this definition.

> <u>Unilateral application of self-serving definition.</u> Defendants' definitions of all relevant terms are reasonable, or the definitions of those terms are well established. Plaintiff must respond to this request applying those definitions, not its own.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 27 of 139

<u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  This objection is also absurd on its face as it is well known and Plaintiffs have admitted that the data used to support the Complaint was obtained, at least in part, through the subpoena process.  Defendants are clearly entitled to receive all subpoenas that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each subpoena.  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face.  If all subpoenas are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the subpoena process.

**Document Request 11:**

Please produce all subpoenas issued by any **State Law Action State** that refers to or relates to any Defendant and/or the telecommunications services provided by any Defendant.

**Response:**

Plaintiffs object to the Request as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the services provided by the Defendants.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome, calling for information beyond the scope of any claim or defense in this matter or reasonably calculated to lead to the discover of admissible evidence. This Request is not reasonably limited in scope in relation to the subject matter of this case and calls for irrelevant information that would be unduly burdensome to produce.

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs define "relating to" to mean "directly concerning."

**Technology Law Group, L.L.C. ℠**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 28 of 139

Plaintiffs object to the Request to the extent that Defendants define "Subpoena" as a "court issued writ" requiring a person or entity to produce documents and/or information and/or to appear and to provide testimony. The authority of any responding Plaintiff to issue an investigative pre-suit subpoena varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). The authority and procedure for the issuance of subpoenas varies by state and subpoenas may or may not be court issued.

Plaintiffs object to extent that "State Law Action State" is not limited to Persons acting within the scope of the subject matter of this litigation. Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to include a temporal limitation.

Plaintiffs object to the Request to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 29 of 139

**Meet and Confer Issue(s):**

> <u>Objection based on alleged absence of definition of "telecommunications"</u>. Plaintiffs' objection that the term "telecommunications service is not adequately defined is disingenuous in the extreme. Plaintiffs' Complaint relies on the application and interpretation (often misguided or false) of the Communications Act of 1934 as amended. 47 U.S. Code § 153(50) (Definitions) defines telecommunications as, "the transmission, between or among points specified by the user, of information of the user's choosing, without change in the form or content of the information as sent and received." Please confirm that your production will be based on the application of this definition.

> <u>Unilateral application of self-serving definition</u>. Defendants' definitions of all relevant terms are reasonable, or the definitions of those terms are well established. Plaintiff must respond to this request applying those definitions, not its own.

> <u>Objection based on breadth and burden.</u> Fails for lack of required specificity and content (*See* General Objections above). Defendants are clearly entitled to receive all subpoenas that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each subpoena. Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face. If all subpoenas are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the subpoena process.

**Document Request 12:**

Please produce all Documents that refer to, relate to or constitute notice by any **State Law Action State** to any Defendant that a subpoena seeking testimony and/or documents that refer to or relate to any Defendant was to be or had been issued.

**Technology Law Group, L.L.C.** ᴿᴹ

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 30 of 139

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the term "refer to, relate to or constitute" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs define "relating to" to mean "directly concerning."

Plaintiffs object to the Request to the extent that Defendants define "Subpoena" as a "court issued writ" requiring a person or entity to produce documents and/or information and/or to appear and to provide testimony. The authority of any responding Plaintiff to issue an investigative pre-suit subpoena varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). The authority and procedure for the issuance of subpoenas varies by state and subpoenas may or may not be court issued.

Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

Plaintiffs object to extent that "State Law Action State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object because materials that constitute notice to any Defendant that a Subpoena is to be issued are not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Request to the extent it seeks any internal materials concerning internal deliberations and communications with other law enforcement regarding the issuance of Subpoenas because such information concerns legal conclusions are protected opinion work product and protected by the attorney work product privilege, joint prosecution/common interest privilege, and law enforcement prosecutorial privilege.

**Technology Law Group, L.L.C.** [SM]

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 31 of 139

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs have no responsive documents as the statute or rules under which subpoenas were issued have no general or specific requirements to provide any type of notice to the Person that is the subject of the demand.

**Meet and Confer Issue(s):**

> Objection based on alleged absence of definition of "telecommunications". Plaintiffs' objection that the term "telecommunications service is not adequately defined is disingenuous in the extreme. Plaintiffs' Complaint relies on the application and interpretation (often misguided or false) of the Communications Act of 1934 as amended. 47 U.S. Code § 153(50) (Definitions) defines telecommunications as, "the transmission, between or among points specified by the user, of information of the user's choosing, without change in the form or content of the information as sent and received." Please confirm that your production will be based on the application of this definition.

> Unilateral application of self-serving definition. Defendants' definitions of all relevant terms are reasonable, or the definitions of those terms are well established. Plaintiff must respond to this request applying those definitions, not its own.

> Objection based on breadth and burden. Fails for lack of required specificity and content (*See* General Objections above). Defendants are clearly entitled to receive all subpoenas that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each subpoena. Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of

**Technology Law Group, L.L.C. ™**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 32 of 139

> proportionality are absurd on their face.  If all subpoenas are not produced,
> Defendants will be entitled to an order precluding the use of any data obtained
> through the subpoena process.

**Document Request 13:**

Please produce all Documents that were produced or otherwise provided by any third party
in response to any subpoena issued by any **State Law Action State** that refers to or relates
to any Defendant and/or the telecommunications services provided by any Defendant.

**Response:**

Plaintiffs object to the Request, as "telecommunications services" is not a defined term.
The use of the term is vague, ambiguous and may mischaracterize the services provided by
the Defendants.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and
unduly burdensome.

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome,
as it purports to call for information that is not relevant to any claim or defense in this
matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff defines "relating to" to mean "directly concerning."

Plaintiffs object to the Request to the extent that Defendants define "Subpoena" as a "court
issued writ" requiring a person or entity to produce documents and/or information and/or
to appear and to provide testimony. The authority of any responding Plaintiff to issue an
investigative pre-suit subpoena varies per each state's specific statute or rule providing
investigative authority to the attorneys general (or other designated officers/agencies with
investigative authority). The authority and procedure for the issuance of subpoenas varies
by state and subpoenas may or may not be "court issued."

**Technology Law Group, L.L.C.** [SM]

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 33 of 139

Plaintiffs object to extent that "State Law Action States" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following entry of a protective order.

**Meet and Confer Issue(s):**

Objection based on alleged absence of definition of "telecommunications". Plaintiffs' objection that the term "telecommunications service is not adequately defined is disingenuous in the extreme. Plaintiffs' Complaint relies on the application and interpretation (often misguided or false) of the Communications Act of 1934 as amended. 47 U.S. Code § 153(50) (Definitions) defines telecommunications as, "the transmission, between or among points specified by the user, of information of the user's choosing, without change in the form or content of the information as sent and received." Please confirm that your production will be based on the application of this definition.

Unilateral application of self-serving definition. Defendants' definitions of all relevant terms are reasonable, or the definitions of those terms are well established. Plaintiff must respond to this request applying those definitions, not its own.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 34 of 139

<u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  Defendants are clearly entitled to receive all subpoenas that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each subpoena.  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face.  If all subpoenas are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the subpoena process.

<u>Lack of Clarity Regarding Scope of Production.</u>  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 14:**

Please produce the transcripts of all testimony that was provided by any third party in response to any subpoena issued by any **State Law Action State** that refers to or relates to any Defendant and/or the telecommunications services provided by any Defendant.

**Response:**

Plaintiffs object to the Request as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the services provided by the Defendants.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

**Technology Law Group, L.L.C.** [SM]

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 35 of 139

Plaintiffs define "refers to" to mean "directly concerning."

Plaintiffs object to extent that "State Law Action State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request to the extent that Defendants define "Subpoena" as a "court issued writ" requiring a person or entity to produce documents and/or information and/or to appear and to provide testimony. The authority of any responding Plaintiff to issue an investigative pre-suit subpoena varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). The authority and procedure for the issuance of subpoenas varies by state and subpoenas may or may not be court issued.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs respond that there are no responsive documents.

**Meet and Confer Issue(s):**

Objection based on alleged absence of definition of "telecommunications". Plaintiffs' objection that the term "telecommunications service is not adequately defined is disingenuous in the extreme. Plaintiffs' Complaint relies on the application and interpretation (often misguided or false) of the Communications Act of 1934 as amended. 47 U.S. Code § 153(50) (Definitions) defines telecommunications as, "the transmission, between

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 36 of 139

or among points specified by the user, of information of the user's choosing, without change in the form or content of the information as sent and received." Please confirm that your production will be based on the application of this definition.

Unilateral application of self-serving definition. Defendants' definitions of all relevant terms are reasonable, or the definitions of those terms are well established. Plaintiff must respond to this request applying those definitions, not its own.

Objection based on breadth and burden. Fails for lack of required specificity and content (*See* General Objections above). Defendants are clearly entitled to receive all subpoenas that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each subpoena. Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face. If all subpoenas are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the subpoena process.

Lack of Clarity Regarding Scope of Production. Plaintiffs do not state whether any documents are being withheld based on any of its several objections. Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 15:**

Please produce all **Documents** that refer to, relate to or constitute a request by any **Lead Plaintiff State** to any judicial authority for a wiretap of any communications device (wired, wireless or internet-based) associated with any Defendant and/or any attorney representing any Defendant. Where a wiretap has been placed, please produce a complete copy the authorizing court order as well as all content recorded via the wiretap.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 37 of 139

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the use of the terms "refer to, relate to or constitute" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the use "wiretap," "communications device," "wired," "wireless," and "internet based" as those are not defined terms. The use of those terms is vague and ambiguous.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs respond that there are no responsive documents.

**Meet and Confer Issue(s):**

> Objection based on use of terms. "wiretap," "communications device," "wired," "wireless," and "internet based" as vague and ambiguous. These terms are well established and clear on their face and this objection is lacking in merit. Without admitting any ambiguity, Defendants state that the term "wiretap" or "wiretapping"

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 38 of 139

means "the act of secretly monitoring or intercepting telephone, electronic, or oral communications, often without the knowledge or consent of the parties involved", that the term "communications device," means "any piece of hardware or software that enables the transmission and reception of information, facilitating communication between individuals or devices", that the term "wired" means the transmission of data or signals through a physical medium, typically cables or wires, as opposed to wireless methods", that the term "wireless" means "the transfer of information between two or more points without the use of cables, wires, or other physical connections"' and that the term "internet based" means anything that operates or is accessed through the internet." Please confirm that your production will be based on the application of each of these definitions.

<u>Objection based on breadth and burden.</u> Fails for lack of required specificity and content (*See* General Objections above). Defendants are clearly entitled to receive all wiretap data that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each wiretap. Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face. If all wiretap is not produced, Defendants will be entitled to an order precluding the use of any data obtained through the wiretap process.

**Document Request 16:**

Please produce all **Documents** that refer to, relate to or constitute notice by any **Lead Plaintiff State** to any Defendant that a wiretap of any Defendant communications device (wired, wireless or internet-based) was to be or had been requested and/or issued.

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

**Technology Law Group, L.L.C.** [SM]

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 39 of 139

Plaintiffs object to the use of the term "refer to, relate to or constitute" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

Plaintiffs object to the use "wiretap," "communications device," "wired," "wireless," and "internet based" as those are not defined terms. The use of those terms is vague and ambiguous.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs respond that there are no responsive documents.

**Meet and Confer Issue(s):**

> Objection based on use of terms. "wiretap," "communications device," "wired," "wireless," and "internet based" as vague and ambiguous. These terms are well established and clear on their face and this objection is lacking in merit. Without admitting any ambiguity, Defendants state that the term "wiretap" or "wiretapping" means "the act of secretly monitoring or intercepting telephone, electronic, or oral communications, often without the knowledge or consent of the parties involved", that the term "communications device," means "any piece of hardware or software

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 40 of 139

that enables the transmission and reception of information, facilitating communication between individuals or devices", that the term "wired" means the transmission of data or signals through a physical medium, typically cables or wires, as opposed to wireless methods", that the term "wireless" means "the transfer of information between two or more points without the use of cables, wires, or other physical connections"' and that the term "internet based" means anything that operates or is accessed through the internet." Please confirm that your production will be based on the application of each of these definitions.

Objection based on breadth and burden. Fails for lack of required specificity and content (*See* General Objections above). Defendants are clearly entitled to receive all wiretap data that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each wiretap. Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face. If all wiretap data is not produced, Defendants will be entitled to an order precluding the use of any data obtained through the wiretap process.

**Document Request 17:**

Please produce all **Documents** that refer to, relate to or constitute a request by any **State Law Action State** to any judicial authority for a wiretap of any communications device (wired, wireless or internet-based) associated with any Defendant and/or any attorney representing any Defendant. Where a wiretap has been placed, please produce a complete copy the authorizing court order as well as all content recorded via the wiretap.

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 41 of 139

Plaintiffs object to the use of the term "refer to, relate to or constitute" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to the use "wiretap," "communications device," "wired," "wireless," and "internet based" as those are not defined terms. The use of those terms is vague and ambiguous.

Plaintiffs object to extent that "State Law Action States" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs respond that there are no responsive documents.

**Meet and Confer Issue(s):**

> <u>Objection based on use of terms.</u> "wiretap," "communications device," "wired," "wireless," and "internet based" as vague and ambiguous. These terms are well established and clear on their face and this objection is lacking in merit. Without admitting any ambiguity, Defendants state that the term "wiretap" or "wiretapping" means "the act of secretly monitoring or intercepting telephone, electronic, or oral communications, often without the knowledge or consent of the parties involved", that the term "communications device," means "any piece of hardware or software

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 42 of 139

> that enables the transmission and reception of information, facilitating communication between individuals or devices", that the term "wired" means the transmission of data or signals through a physical medium, typically cables or wires, as opposed to wireless methods", that the term "wireless" means "the transfer of information between two or more points without the use of cables, wires, or other physical connections"' and that the term "internet based" means anything that operates or is accessed through the internet."   Please confirm that your production will be based on the application of each of these definitions.

> Objection based on breadth and burden.  Fails for lack of required specificity and content (*See* General Objections above).  Defendants are clearly entitled to receive all wiretaps that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each wiretap.  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face.  If all wiretap data are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the wiretap process.

**Document Request 18:**

Please produce all **Documents** that refer to, relate to or constitute notice by any **State Law Action State** to any Defendant that a wiretap of any Defendant communications device (wired, wireless or internet-based) was to be or had been requested and/or issued.

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the use of the term "refer to, relate to or constitute" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 43 of 139

Plaintiffs object to the use "wiretap," "communications device," "wired," "wireless," and "internet based" as those are not defined terms. The use of those terms is vague and ambiguous.

Plaintiffs object to extent that "State Law Action State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs respond that there are no responsive documents.

**Meet and Confer Issue(s):**

> <u>Objection based on use of terms.</u> "wiretap," "communications device," "wired," "wireless," and "internet based" as vague and ambiguous.   These terms are well established and clear on their face and this objection is lacking in merit.  Without admitting any ambiguity, Defendants state that the term "wiretap" or "wiretapping" means "the act of secretly monitoring or intercepting telephone, electronic, or oral communications, often without the knowledge or consent of the parties involved", that the term "communications device," means "any piece of hardware or software that enables the transmission and reception of information, facilitating communication between individuals or devices", that the term "wired" means the transmission of data or signals through a physical medium, typically cables or wires, as opposed to wireless methods", that the term "wireless" means  "the transfer of

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 44 of 139

    information between two or more points without the use of cables, wires, or other physical connections"' and that the term "internet based" means anything that operates or is accessed through the internet." Please confirm that your production will be based on the application of each of these definitions.

    <u>Objection based on breadth and burden.</u> Fails for lack of required specificity and content (*See* General Objections above). Defendants are clearly entitled to receive all wiretap data that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each wiretap. Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face. If all wiretap data are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the wiretap process.

**Document Request 19:**

Please produce all Documents, including without limitation, **Call Detail Records (aka "CDRs"),** switch records, server records that contain data associated with calls transited by Avid Telecom obtained from any third party by the **Lead State Plaintiffs**.

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the use of the terms "Call Detail Records (aka "CDRs"), switch records, server records" as vague and ambiguous.

Plaintiffs object to the use of the term "data" as vague and ambiguous. The term is also overly broad and unduly burdensome, requesting records outside the scope of this litigation.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 45 of 139

Plaintiffs object to extent that "Lead State Plaintiffs" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the Lead Plaintiff States will produce responsive documents within a reasonable time following the entry of a protective order and ESI protocol.

**Meet and Confer Issue(s):**

Objection based on use of terms. "Call Detail Records (aka "CDRs")", "switch records", "server records", and "data" as vague and ambiguous. These terms are well established and clear on their face and this objection is lacking in merit. Without admitting any ambiguity, Defendants state that the terms Call Detail Records (aka "CDRs")", "switch records" refer to the data, including call path data and billing data, generated and stored by switches (both physical and virtual) that handle network traffic. These records, often referred to Call Detail Records (CDRs) or billing records, contain information about calls, data sessions, or other network activity passing through the switch. The term "server records" means "records that specify the hostname, port number, and protocol for services like VoIP or instant messaging. Finally, the word "data" means a collection of facts, figures, or information that can be used to analyze something or make decisions. Please confirm that your production will be based on the application of each of these definitions.

<u>Objection based on breadth and burden</u>. Plaintiffs' entire case is predicated on the contrived and false allegation that, somehow, Defendants' transiting of calls that it received from third parties was "illegal" and in violation of multiple federal and

Technology Law Group, L.L.C. [SM]

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 46 of 139

certain state laws.  For Plaintiffs now to object to the production of all "**Documents**, including without limitation, **Call Detail Records (aka "CDRs"),** switch records, server records, sufficient to identify, by originating and terminating telephone number, *each and every call* that the **Lead Plaintiff States** allege was an illegal under federal law" that support its core claims is truly rich.  At a minimum, even if more data may be presented in Plaintiffs' expert report, to meet their obligations under Rule 11 and other applicable ethical codes, Plaintiffs must have in their possession CDRs and similar documents that support each their allegation regarding the legality of each and every call on which the Complaint is based.  We believe that Plaintiffs' self-serving objections reflect the fact that they do not have any CDRs or other call records that prove that a single call was, in fact, illegal.  If all CDRs that Plaintiffs' claim reflect calls transited in violation of federal law are not produced, Defendants will be entitled to an order precluding the use of any such call data to support its factually baseless claims.

Lack of Clarity Regarding Scope of Production.  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 20:**

Please produce all **Documents**, including without limitation, **Call Detail Records (aka "CDRs"),** switch records, server records, sufficient to identify, by originating and terminating telephone number, *each and every call* that the **Lead Plaintiff States** allege was an illegal under federal law. With respect to each and every call, the Documents produced must include Documents sufficient to identify the Person from whom the Call Data was obtained.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 47 of 139

Plaintiffs object to the use of the terms "Call Detail Records (aka "CDRs"), switch records, server records" as vague and ambiguous.

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that it fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

The responding Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (*See* ECF No. 102).

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 48 of 139

their possession, custody, or control within a reasonable time following entry of a protective order and an ESI agreement.

**Meet and Confer Issue(s):**

Objection based on use of the term "illegal". This objection is disingenuous in the extreme as, among other things, that term appears at least 52 times in the Complaint. *See, e.g.,* paras. 8, 19, 20, 23, 24, 25, 26, 34, 43, 45, 46, 62, 73, 77, 79, 80, 82, 83, 84, 85, 87, 88, 93, 94, 98, 99, 100, 102, 104, 105, 106, 109, 110, 114, 115, 116, 173, 179, 188, 201, 220, 287, 299, 302, 303, 317, 318, 319, 320, 321, 330, 331, 333, 343, 356, 371, 383, 400, 401, 403, 405, 412, 416, 430, 433, 435, 437, 456, and 458. The word "illegal is also featured as in the heading of multiple sections of the Complaint and in the "Prayer for Relief". Indeed, Plaintiffs' entire case is predicated on the contrived and false allegation that, somehow, Defendants' transiting of calls that it received from third parties was "illegal" and in violation of multiple federal and certain state laws. For Plaintiffs now to object to the production of all "**Documents,** including without limitation, **Call Detail Records (aka "CDRs"),** switch records, server records, sufficient to identify, by originating and terminating telephone number, *each and every call* that the **Lead Plaintiff States** allege was an illegal under federal law" that support its core claims is truly rich. At a minimum, even if more data may be presented in Plaintiffs' expert report, to meet their obligations under Rule 11 and other applicable ethical codes, Plaintiffs must have in their possession CDRs and similar documents that support each their allegation regarding the legality of each and every call on which the Complaint is based. We believe that Plaintiffs' self-serving objections reflect the fact that they do not have any CDRs or other call records that prove that a single call was, in fact, illegal. If all CDRs that Plaintiffs' claim reflect calls transited in violation of federal law are not produced, Defendants will be entitled to an order precluding the use of any such call data to support its factually baseless claims.

Objection based on use of other terms. "Call Detail Records (aka "CDRs")", refer to the data, including call path data and billing data, generated and stored by switches (both physical and virtual) that handle network traffic. These records, often referred to Call Detail Records (CDRs) or billing records, contain information about

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 49 of 139

calls, data sessions, or other network activity passing through the switch. Please confirm that your production will be based on the application of each of this definition.

<u>Objection based on breadth and burden</u>. Plaintiffs' entire case is predicated on the contrived and false allegation that, somehow, Defendants' transiting of calls that it received from third parties was "illegal" and in violation of multiple federal and certain state laws. For Plaintiffs now to object to the production of all "**Documents**, including without limitation, **Call Detail Records (aka "CDRs"),** switch records, server records, sufficient to identify, by originating and terminating telephone number, *each and every call* that the **Lead Plaintiff States** allege was an illegal under federal law" that support its core claims is truly rich. At a minimum, even if more data may be presented in Plaintiffs' expert report, to meet their obligations under Rule 11 and other applicable ethical codes, Plaintiffs must have in their possession CDRs and similar documents that support each their allegation regarding the legality of each and every call on which the Complaint is based. We believe that Plaintiffs' self-serving objections reflect the fact that they do not have any CDRs or other call records that prove that a single call was, in fact, illegal. If all CDRs that Plaintiffs' claim reflect calls transited in violation of federal law are not produced, Defendants will be entitled to an order precluding the use of any such call data to support its factually baseless claims.

<u>Lack of Clarity Regarding Scope of Production</u>. Unlike the previous Responses, this Response does not contain the language stating that Plaintiffs are not knowingly withholding. This makes it even more unclear (intentionally?) whether any documents are being withheld based on any of its several objections. Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 21:**

Please produce all **Documents**, including without limitation, **Call Detail Records (aka "CDRs"),** switch records, server records that contain data associated with calls transited by **Avid Telecom** obtained from any third party by the **State Law Action States**.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 50 of 139

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the use of the terms "Call Detail Records (aka "CDRs"), switch records, server records" as vague and ambiguous.

Plaintiffs object to the use of the term "data" as vague and ambiguous. The term is also overly broad and unduly burdensome, requesting records outside the scope of this litigation.

Plaintiffs object to extent that "State Law Action States" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Subject to the Preliminary Statements and General Objections, the responding Plaintiffs further object to this Request as overly broad and therefore not proportional to the needs of the case. The responding Plaintiffs may collect Call Detail Records ("CDRs") from non-parties pursuant to separate investigations which are not directly related to any Defendant in the instant case. Such CDRs may contain data associated with calls which were also transited by Defendants. The responding Plaintiffs are unable to determine which calls reflected in CDRs obtained in otherwise unrelated investigations may have also been transited by Defendants. To the extent this Request seeks CDRs provided by non-parties which may contain records of calls also transited by Defendants, the responding Plaintiffs are unable to determine whether responsive documents exist and may be withholding such records on the basis of this objection.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 51 of 139

the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following entry of a protective order and an ESI agreement.

**Meet and Confer Issue(s):**

Objection based on use of terms. "Call Detail Records (aka "CDRs")", refer to the data, including call path data and billing data, generated and stored by switches (both physical and virtual) that handle network traffic. These records, often referred to Call Detail Records (CDRs) or billing records, contain information about calls, data sessions, or other network activity passing through the switch. Please confirm that your production will be based on the application of each of this definition.

Objection based on breadth and burden. Plaintiffs' entire case is predicated on the contrived and false allegation that, somehow, Defendants' transiting of calls that it received from third parties was "illegal" and in violation of multiple federal and certain state laws. For Plaintiffs now to object to the production of all "**Documents**, including without limitation, **Call Detail Records (aka "CDRs"),** switch records, server records, sufficient to identify, by originating and terminating telephone number, *each and every call* that the **Lead Plaintiff States** allege was an illegal under federal law" that support its core claims is truly rich. At a minimum, even if more data may be presented in Plaintiffs' expert report, to meet their obligations under Rule 11 and other applicable ethical codes, Plaintiffs must have in their possession CDRs and similar documents that support each their allegation regarding the legality of each and every call on which the Complaint is based. We believe that Plaintiffs' self-serving objections reflect the fact that they do not have any CDRs or other call records that prove that a single call was, in fact, illegal. If all CDRs that Plaintiffs' claim reflect calls transited in violation of federal law are not produced, Defendants will be entitled to an order precluding the use of any such call data to support its factually baseless claims.

Lack of Clarity Regarding Scope of Production. Unlike the previous Responses, this Response does not contain the language stating that Plaintiffs are not knowingly withholding. This makes it even more unclear (intentionally?) whether any

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 52 of 139

> documents are being withheld based on any of its several objections. Please so state
> and, if the statement is in the affirmative, please identify each document that is being
> withheld and all reasons why.

**Document Request 22:**

Please produce all **Documents** including without limitation, ***Call Detail Records (aka
"CDRs"), switch records, server records***, sufficient to identify, by originating and
terminating telephone number, *each and every call* that the **State Law Action States** allege
was an illegal under federal law. With respect to each and every call, the **Documents**
produced must include **Documents** sufficient to identify the Person from whom the Call
Data was obtained.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly
burdensome. Plaintiffs object to the use of the terms "Call Detail Records (aka "CDRs"),
switch records, server records" as vague and ambiguous.

Plaintiffs object to extent that "State Law Action States" is not limited to Persons acting
within the scope of the subject matter of this litigation.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that
requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks
to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual
evidence for Defendants.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not
proportional to the needs of the case to the extent that the Request fails to provide a
temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs object to the Request to the extent that the Request requires Plaintiffs to analyze
or organize factual evidence for the Defendants or the extent that the Requests ask for a
compilation, summary or analysis of documents or information not in existence.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 53 of 139

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

The responding Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102).

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following entry of a protective order and an ESI agreement.

**Meet and Confer Issue(s):**

> Objection based on use of the term "illegal". This objection is disingenuous in the extreme as, among other things, that term appears at least 52 times in the Complaint. *See, e.g.,* paras. 8, 19, 20, 23, 24, 25, 26, 34, 43, 45, 46, 62, 73, 77, 79, 80, 82, 83, 84, 85, 87, 88, 93, 94, 98, 99, 100, 102, 104, 105, 106, 109, 110, 114, 115, 116, 173, 179, 188, 201, 220, 287, 299, 302, 303, 317, 318, 319, 320, 321, 330, 331, 333, 343, 356, 371, 383, 400, 401, 403, 405, 412, 416, 430, 433, 435, 437, 456, and 458. The word "illegal is also featured as in the heading of multiple sections of the Complaint and in the "Prayer for Relief". Plaintiffs should use whatever definition(s) that they used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in response to this Request.

> Objection based on use of other terms. "Call Detail Records (aka "CDRs")", refer to the data, including call path data and billing data, generated and stored by switches (both physical and virtual) that handle network traffic. These records, often referred to Call Detail Records (CDRs) or billing records, contain information about

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 54 of 139

calls, data sessions, or other network activity passing through the switch. Please confirm that your production will be based on the application of each of this definition.

<u>Objection based on breadth and burden</u>. Plaintiffs' entire case is predicated on the contrived and false allegation that, somehow, Defendants' transiting of calls that it received from third parties was "illegal" and in violation of multiple federal and certain state laws. For Plaintiffs now to object to the production of all "**Documents**, including without limitation, **Call Detail Records (aka "CDRs"),** switch records, server records, sufficient to identify, by originating and terminating telephone number, *each and every call* that the **Lead Plaintiff States** allege was an illegal under federal law" that support its core claims is truly rich. At a minimum, even if more data may be presented in Plaintiffs' expert report, to meet their obligations under Rule 11 and other applicable ethical codes, Plaintiffs must have in their possession CDRs and similar documents that support each their allegation regarding the legality of each and every call on which the Complaint is based. We believe that Plaintiffs' self-serving objections reflect the fact that they do not have any CDRs or other call records that prove that a single call was, in fact, illegal. If all CDRs that Plaintiffs' claim reflect calls transited in violation of federal law are not produced, Defendants will be entitled to an order precluding the use of any such call data to support its factually baseless claims.

<u>Lack of Clarity Regarding Scope of Production</u>. Plaintiffs do not state whether any documents are being withheld based on any of its several objections. Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 23:**

Please produce all **Documents**, including without limitations all research, analyses, studies and the like that support or refute allegations by the **State Law Action States** that calls to wireless phones that are alleged to be illegal were terminated to a phone that was physically located within the alleging state when the call was received.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 55 of 139

**Response:**

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the use of the terms "research, analyses, studies and the like" as vague and ambiguous. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to extent that "State Law Action State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs respond that there are no responsive documents.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 56 of 139

**Meet and Confer Issue(s):**

> Objection based on breadth and burden.  Fails for lack of required specificity and content (*See* General Objections above).  This objection is also outrageous and absurd on its face given that each and every Plaintiff has asserted that a specific number of calls were terminated to an area code presumably associated with a phone located within each state.  *See* Complaint para. 89.  Given these allegations, Defendants have the absolute right to access the data that Plaintiffs relied on to generate these call quantities. Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face.  If all requested data is not produced, Defendants will be entitled to an order precluding the use of any such data.

> Objection to the terms "research, analyses, studies and the like."  The term "constitutes notice is clear on its face and this objection is lacking in merit.  Without admitting any ambiguity, Defendants state that the term "research" means" investigation into and study of materials and sources in order to establish facts and reach new conclusions, that the term "analyses" means "the act of studying or examining something in detail in order to discover or understand more about it", and that the term "studies" means to "examine something carefully".  Please confirm that your production will be based on the application of these definitions.

**Document Request 24:**

Please produce all **Documents**, including without limitation, Do Not Call lists, **Call Detail Records (aka "CDRs")**, switch records, server records, sufficient to identify, *each and every call* that the **Lead Plaintiff States** allege was terminated in violation of an applicable federal Do Not Call List.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 57 of 139

Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "terminated in violation of an applicable federal Do Not Call List" is unclear. Plaintiffs interpret the Request as calling for Documents sufficient to identify calls which violate statutes or rules prohibiting certain calls to phone numbers listed on the National Do Not Call Registry maintained by the Federal Trade Commission.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, responding Plaintiffs have not yet compiled each and every call placed in violation of statutes or rules prohibiting calls to phone numbers appearing on the National Do Not Call Registry. Responding Plaintiffs expect to create and produce responsive documents as a part of their expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) and will be disclosed pursuant to the Case Management Order Case filed on December 12, 2024 (ECF No. 102).

**Meet and Confer Issue(s):**

> Objection based on use of term "terminated in violation of an applicable federal Do Not Call List". The term ""terminated in violation of an applicable federal Do Not Call List" is clear on its face and this objection is lacking in merit. This objection is disingenuous in the extreme as, among other things, that term appears at least 23 times in the Complaint. *See, e.g.,* paras. 176, 243, 310, 311, 313, 314, 333, 357, 358, 363, 396, 422, 423, 424, 425, 483, 487, 492, 497, 512, 513, 515, 531, 532, 536, 552 and 553. To the extent that there is any uncertainty, you are advised the federal Do Not Call List is also known as the National Do Not Call Registry. Plaintiffs should use whatever definition(s) that they used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 58 of 139

response to this Request.  Please confirm that your production will be based on the application of this definition.

<u>Objection based on breadth and burden</u>.  Plaintiffs' entire case is predicated on the contrived and false allegation that, somehow, Defendants' transiting of calls that it received from third parties was "illegal" and in violation of multiple federal and certain state laws.  For Plaintiffs now to object to the production of all "**Documents**, including without limitation, **Call Detail Records (aka "CDRs"),** switch records, server records, sufficient to identify, by originating and terminating telephone number, *each and every call* that the **Lead Plaintiff States** allege was an illegal under federal law" that support its core claims is truly rich.  At a minimum, even if more data may be presented in Plaintiffs' expert report, to meet their obligations under Rule 11 and other applicable ethical codes, Plaintiffs must have in their possession CDRs and similar documents that support each their allegation regarding the legality of each and every call on which the Complaint is based.  We believe that Plaintiffs' self-serving objections reflect the fact that they do not have any CDRs or other call records that prove that a single call was, in fact, illegal.  If all CDRs that Plaintiffs' claim reflect calls transited in violation of federal law are not produced, Defendants will be entitled to an order precluding the use of any such call data to support its factually baseless claims.

<u>Lack of Clarity Regarding Scope of Production</u>.  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 25:**

Please produce all **Documents**, including without limitation, Do Not Call lists, **Call Detail Records (aka "CDRs"),** switch records, server records, sufficient to identify, *each and every call* that the **State Law Action States** allege was terminated in violation of an applicable federal Do Not Call List.

# Technology Law Group, L.L.C. <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 59 of 139

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "terminated in violation of an applicable federal Do Not Call List" is unclear. Plaintiffs interpret the Request as calling for Documents sufficient to identify calls which violate statutes or rules prohibiting certain calls to phone numbers listed on the National Do Not Call Registry maintained by the Federal Trade Commission.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, responding Plaintiffs have not yet compiled each and every call placed in violation of statutes or rules prohibiting calls to phone numbers appearing on the National Do Not Call Registry. Responding Plaintiffs expect to create and produce responsive documents as a part of their expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) and will be disclosed pursuant to the Case Management Order Case (ECF No. 102).

**Meet and Confer Issue(s):**

> <u>Objection based on use of term </u>"terminated in violation of an applicable federal Do Not Call List". The term ""terminated in violation of an applicable federal Do Not Call List" is clear on its face and this objection is lacking in merit. This objection is disingenuous in the extreme as, among other things, that term appears at least 23 times in the Complaint. *See, e.g.,* paras. 176, 243, 310, 311, 313, 314, 333, 357, 358, 363, 396, 422, 423, 424, 425, 483, 487, 492, 497, 512, 513, 515, 531, 532, 536, 552

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 60 of 139

and 553. To the extent that there is any uncertainty, you are advised the federal Do Not Call List is also known as the National Do Not Call Registry. Plaintiffs should use whatever definition(s) that they used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in response to this Request. Please confirm that your production will be based on the application of this definition.

Objection based on breadth and burden. Plaintiffs' entire case is predicated on the contrived and false allegation that, somehow, Defendants' transiting of calls that it received from third parties was "illegal" and in violation of multiple federal and certain state laws. For Plaintiffs now to object to the production of all "**Documents**, including without limitation, **Call Detail Records (aka "CDRs"),** switch records, server records, sufficient to identify, by originating and terminating telephone number, *each and every call* that the **Lead Plaintiff States** allege was an illegal under federal law" that support its core claims is truly rich. At a minimum, even if more data may be presented in Plaintiffs' expert report, to meet their obligations under Rule 11 and other applicable ethical codes, Plaintiffs must have in their possession CDRs and similar documents that support each their allegation regarding the legality of each and every call on which the Complaint is based. We believe that Plaintiffs' self-serving objections reflect the fact that they do not have any CDRs or other call records that prove that a single call was, in fact, illegal. If all CDRs that Plaintiffs' claim reflect calls transited in violation of federal law are not produced, Defendants will be entitled to an order precluding the use of any such call data to support its factually baseless claims.

Lack of Clarity Regarding Scope of Production. Plaintiffs do not state whether any documents are being withheld based on any of its several objections. Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 26:**

Please produce all **Documents**, including without limitation, Do Not Call lists, **Call Detail Records (aka "CDRs")**, switch records, server records, sufficient to demonstrate, whether

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 61 of 139

*each and every call* that the **Lead Plaintiff States** allege was terminated in violation of an applicable Do Not Call List was registered as a residential or a business telephone number.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the Request as vague, ambiguous, overly broad and incomprehensible. Plaintiffs object to the extent that the meaning of the phrase "terminated in violation of an applicable Do Not Call List was registered as a residential or a business telephone number" is unclear. A call does not violate a "Do Not Call List" but rather a call may violate a statute or rule. Plaintiffs object to the extent that Defendants failed to identify which statute or rule or "violation" is at issue in the Request. Plaintiffs object as Defendants failed to provide a definition for "applicable Do Not Call List."

Plaintiffs interpret the Request as seeking Documents relevant to calls that Plaintiffs allege violate Count IV of the Complaint. Plaintiffs further interpret the Request as seeking data corresponding to each violative call which indicates whether the registered telephone number appearing on the National Do Not Call Registry is a residential or business number.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, responding Plaintiffs have no responsive documents as the National Do Not Call Registry does not contain data as to whether each number listed is a residential or business telephone number.

**Meet and Confer Issue(s):**

> Objection based on use of term "terminated in violation of an applicable federal Do Not Call List".  The term ""terminated in violation of an applicable federal Do Not

**Technology Law Group, L.L.C.** [SM]

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 62 of 139

Call List" is clear on its face and this objection is lacking in merit. This objection is disingenuous in the extreme as, among other things, that term appears at least 23 times in the Complaint. *See, e.g.,* paras. 176, 243, 310, 311, 313, 314, 333, 357, 358, 363, 396, 422, 423, 424, 425, 483, 487, 492, 497, 512, 513, 515, 531, 532, 536, 552 and 553. To the extent that there is any uncertainty, you are advised the "federal Do Not Call List" is also known as the National Do Not Call Registry. As Plaintiffs know full well, it is the Telephone Consumer Protection Act (TCPA) prohibits telemarketers, in certain circumstances, from calling phone numbers registered on the National Do Not Call Registry. To be clear, this Request seeks the production of **Call Detail Records (aka "CDRs")**, switch records, and server records evidencing whether calls that the **Lead Plaintiff States** allege were terminated in violation of an applicable National Do Not Call Registry were registered to a residential/personal telephone number or to a business telephone number.

Objection based on breadth and burden. Plaintiffs' entire case is predicated on the contrived and false allegation that, somehow, Defendants' transiting of calls that it received from third parties was "illegal" and in violation of multiple federal and certain state laws. For Plaintiffs now to object to the production of all "**Documents**, including without limitation, **Call Detail Records (aka "CDRs")**, switch records, server records, sufficient to identify, by originating and terminating telephone number, *each and every call* that the **Lead Plaintiff States** allege was an illegal under federal law" that support its core claims is truly rich. At a minimum, even if more data may be presented in Plaintiffs' expert report, to meet their obligations under Rule 11 and other applicable ethical codes, Plaintiffs must have in their possession CDRs and similar documents that support each their allegation regarding the legality of each and every call on which the Complaint is based. We believe that Plaintiffs' self-serving objections reflect the fact that they do not have any CDRs or other call records that prove that a single call was, in fact, illegal. If all CDRs that Plaintiffs' claim reflect calls transited in violation of federal law are not produced, Defendants will be entitled to an order precluding the use of any such call data to support its factually baseless claims.

Lack of Clarity Regarding Scope of Production. Plaintiffs do not state whether any documents are being withheld based on any of its several objections. Please so state

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 63 of 139

and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 27:**

Please produce all **Documents**, including without limitation, Do Not Call Lists, **Call Detail Records (aka "CDRs"),** switch records, server records, sufficient to demonstrate, whether *each and every call* that the **State Law Action States** allege was terminated in violation of an applicable federal Do Not Call List was registered as a residential or a business telephone number.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the Request as vague, ambiguous, overly broad and incomprehensible. Plaintiffs object to the extent that the meaning of the phrase "terminated in violation of an applicable federal Do Not Call List was registered as a residential or a business telephone number" is unclear. A call does not violate a "Do Not Call List" but rather a call may violate a statute or rule. Plaintiffs object to the extent that Defendants failed to identify which statute or rule or "violation" is at issue in the Request. Plaintiffs object as Defendants failed to provide a definition for "applicable federal Do Not Call List." Plaintiffs interpret the Request as seeking Documents relevant to calls that the State Law Action States allege violate any of their respective state law Counts and to the extent those state law claims rely on the National Do Not Call Registry. Plaintiffs further interpret the Request as seeking documents corresponding to each violative call which indicates whether the registered telephone number appearing on the National Do Not Call Registry is a residential or business number.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

**Technology Law Group, L.L.C.** [SM]

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 64 of 139

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, responding Plaintiffs have no responsive documents.

**Meet and Confer Issue(s):**

The language of this request is simple and intelligible.  Defendants seek all Do Not Call Lists, **Call Detail Records (aka "CDRs"),** switch records, server records, sufficient to demonstrate whether calls that the **State Law Action States** allege were terminated in violation of an applicable federal Do Not Call List residential (personal) or a business telephone number.  As business telephone numbers are not supposed to be on the Do Not Call List and many if not most of the honey pt telephone numbers were obtained by a business, the status of these numbers is directly relevant to Plaintiffs' claims.

Objection based on use of term "terminated in violation of an applicable federal Do Not Call List".  The term ""terminated in violation of an applicable federal Do Not Call List" is clear on its face and this objection is lacking in merit.  This objection is disingenuous in the extreme as, among other things, that term appears at least 23 times in the Complaint. *See, e.g.,* paras. 176, 243, 310, 311, 313, 314, 333, 357, 358, 363, 396, 422, 423, 424, 425, 483, 487, 492, 497, 512, 513, 515, 531, 532, 536, 552 and 553.  To the extent that there is any uncertainty, you are advised the "federal Do Not Call List" is also known as the National Do Not Call Registry.  As Plaintiffs know full well, it is the Telephone Consumer Protection Act (TCPA) prohibits telemarketers, in certain circumstances, from calling phone numbers registered on the National Do Not Call Registry. To be clear, this Request seeks the production of **Call Detail Records (aka "CDRs")**, switch records, and server records evidencing whether calls that the **Lead Plaintiff States** allege were terminated in violation of an applicable National Do Not Call Registry were registered to a residential/personal telephone number or to a business telephone number.

Objection based on breadth and burden.  Plaintiffs' entire case is predicated on the contrived and false allegation that, somehow, Defendants' transiting of calls that it received from third parties was "illegal" and in violation of multiple federal and certain state laws.  For Plaintiffs now to object to the production of all "**Documents**,

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 65 of 139

including without limitation, **Call Detail Records (aka "CDRs"),** switch records, server records, sufficient to identify, by originating and terminating telephone number, *each and every call* that the **Lead Plaintiff States** allege was an illegal under federal law" that support its core claims is truly rich. At a minimum, even if more data may be presented in Plaintiffs' expert report, to meet their obligations under Rule 11 and other applicable ethical codes, Plaintiffs must have in their possession CDRs and similar documents that support each their allegation regarding the legality of each and every call on which the Complaint is based. We believe that Plaintiffs' self-serving objections reflect the fact that they do not have any CDRs or other call records that prove that a single call was, in fact, illegal. If all CDRs that Plaintiffs' claim reflect calls transited in violation of federal law are not produced, Defendants will be entitled to an order precluding the use of any such call data to support its factually baseless claims.

<u>Lack of Clarity Regarding Scope of Production</u>. Plaintiffs do not state whether any documents are being withheld based on any of its several objections. Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 28:**

Please produce all **Documents** including without limitation, all **Documents** containing information provided by the **Called Party**, that such **Called Party** stated that he/she had not authorized the sender to make the each and every call alleged to be illegal in the Complaint (*i.e.,* there was not a valid opt-in).

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the Request to the extent that the definition of "Called Party" asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 66 of 139

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request to the extent that the Request seeks documents already in the custody or control of the Defendants and will not produce those documents.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order. Additionally, responding Plaintiffs expect to supplement this response as their investigation continues.

**Meet and Confer Issue(s):**

> <u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  Defendants are clearly entitled to receive information provided by the **Called Party**, whether he/she had authorized the sender to make the each and every call alleged to be illegal in the Complaint (*i.e.,* there was not a valid opt-in).  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face.  If all such data are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the CID process.

> Objection to use of the term "Called Party".  Plaintiffs' object to the Request on the basis that the term Called Party asserts a legal conclusion, misstates the law is

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 67 of 139

nonsensical gibberish.  The Requests define the term **"Called Party"** as the person receiving each of the calls associated with the Lead Party States' and the State Law Action States' claims in this Civil Action.  This is the standard term in the industry used to identify the person who receives a call.  It is a purely descriptive term with no legal implications.  As you should be aware, Called Parties can authorize/consent to receive robocalls; such calls are not "illegal."  To prove the illegality of a call, the burden of proof is on Plaintiffs to demonstrate that such authorization consent was not provided *for that call*.  On information and belief, Plaintiffs have no data addressing the issue of consent for most if not all calls that are alleging to be illegal.  The filing of a Complaint—particularly one of this magnitude—without any evidence regarding authorization/consent is, at best, negligent and, at worst, knowingly frivolous.  Defendants are clearly entitled to documents evidencing whether such consent was provided.  Defendants will be entitled to an order precluding the use of any supporting a claim or illegality where Plaintiffs fail or refuse to produce data addressing the issue of authorization/consent.

Objection based on use of the term "illegal".  This objection is disingenuous in the extreme as, among other things, that term appears at least 52 times in the Complaint.  *See, e.g.,* paras. 8, 19, 20, 23, 24, 25, 26, 34, 43, 45, 46, 62, 73, 77, 79, 80, 82, 83, 84, 85, 87, 88, 93, 94, 98, 99, 100, 102, 104, 105, 106, 109, 110, 114, 115, 116, 173, 179, 188, 201, 220, 287, 299, 302, 303, 317, 318, 319, 320, 321, 330, 331, 333, 343, 356, 371, 383, 400, 401, 403, 405, 412, 416, 430, 433, 435, 437, 456, and 458.  The word "illegal is also featured as in the heading of multiple sections of the Complaint and in the "Prayer for Relief".  Plaintiffs should use whatever definition(s) that they used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in response to this Request.

Lack of Clarity Regarding Scope of Production.  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 68 of 139

**Document Request 29:**

Please produce all **Documents** that refer to, relate to or constitute data collected by the **Lead Plaintiff States**, regarding when the telephone number associated with each call alleged to be illegal was obtained by the **Called Party**.

**Response:**

Plaintiffs object to the Request based on the definition provided for "Called Party" to the extent that it asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs object to this Request as it calls for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs respond that there are no responsive documents.

**Meet and Confer Issue(s):**

> <u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  Defendants are clearly entitled to receive information regarding when the telephone number associated with each call alleged

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 69 of 139

to be illegal was obtained by the **Called Party** as those facts bear directly on numerous issues, including whether the call was actually transited by Defendants, the accuracy of CDR data and the issue of consent, all of which are potential defenses to the Complaint. Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face. If all such data are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the CID process.

Objection based on relevance. As Plaintiffs should know, Called Parties can consent to receive any call, including a robocall. If consent is given, the call cannot be considered "illegal" under any law identified in the Complaint. Thus, it is beyond legitimate dispute that Plaintiffs need to demonstrate the absence of authorization/consent to meet their burden of proof. As such, documents which evidence the existence or absence of consent are indisputably essential, far exceeding that standard required to establish discovery relevance.

Objection to use of the term "Called Party". Plaintiffs' object to the Request on the basis that the term Called Party asserts a legal conclusion, misstates the law is nonsensical gibberish. The Requests define the term **"Called Party"** as the person receiving each of the calls associated with the Lead Party States' and the State Law Action States' claims in this Civil Action. This is the standard term in the industry used to identify the person who receives a call. It is a purely descriptive term with no legal implications. As you should be aware, Called Parties can authorize/consent to receive robocalls; such calls are not "illegal." To prove the illegality of a call, the burden of proof is on Plaintiffs to demonstrate that such authorization consent was not provided *for that call*. On information and belief, Plaintiffs have no data addressing the issue of consent for most if not all calls that are alleging to be illegal. The filing of a Complaint—particularly one of this magnitude—without any evidence regarding authorization/consent is, at best, negligent and, at worst, knowingly frivolous. Defendants are clearly entitled to documents evidencing whether such consent was provided. Defendants will be entitled to an order precluding the use of any supporting a claim or illegality where Plaintiffs fail or refuse to produce data addressing the issue of authorization/consent.

Technology Law Group, L.L.C. <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 70 of 139

    <u>Objection based on use of the term "illegal".</u>  This objection is disingenuous in the extreme as, among other things, that term appears at least 52 times in the Complaint. *See, e.g.,* paras. 8, 19, 20, 23, 24, 25, 26, 34, 43, 45, 46, 62, 73, 77, 79, 80, 82, 83, 84, 85, 87, 88, 93, 94, 98, 99, 100, 102, 104, 105, 106, 109, 110, 114, 115, 116, 173, 179, 188, 201, 220, 287, 299, 302, 303, 317, 318, 319, 320, 321, 330, 331, 333, 343, 356, 371, 383, 400, 401, 403, 405, 412, 416, 430, 433, 435, 437, 456, and 458.  The word "illegal is also featured as in the heading of multiple sections of the Complaint and in the "Prayer for Relief".  Plaintiffs should use whatever definition(s) that they used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in response to this Request.

    <u>Lack of Clarity Regarding Scope of Production.</u>  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 30:**

Please produce all **Documents** that refer to, relate to or constitute data collected by the **Lead Plaintiff States**, evidencing whether a predecessor to the **Called Party** had agreed to accept any of the calls at issue.

**Response:**

Plaintiffs object to the Request based on the definition provided for "Called Party" to the extent that it asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action.

Responding Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "predecessor" is unclear. The responding Plaintiffs interpret the term as referring to a subscriber to whom a phone number was previously assigned prior to being re-assigned to a different subscriber at the time of a call transited by Defendants.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 71 of 139

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs object to this Request as it calls for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs respond that there are no responsive documents.

**Meet and Confer Issue(s):**

> <u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  Defendants are clearly entitled to receive information regarding whether a predecessor to the **Called Party** had agreed to accept any of the calls at issue as those facts bear directly on numerous issues, including the issue of consent, which is a potential defense to the Complaint.  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face.  If all such data are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the CID process.

> <u>Objection based on relevance.</u>  As Plaintiffs should know, Called Parties can consent to receive any call, including a robocall.  If consent is given, the call cannot be considered "illegal" under any law identified in the Complaint.  Thus, it is beyond legitimate dispute that Plaintiffs need to demonstrate the absence of authorization/consent to meet their burden of proof.  As numbers often change hands, it is plainly relevant to know whether a predecessor to the number provided authorization/consent.  As such, documents which evidence the existence or absence of consent are indisputably essential, far exceeding that standard required to establish discovery relevance.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 72 of 139

    <u>Objection to use of the term "Called Party"</u>.  Plaintiffs' object to the Request on the basis that the term Called Party asserts a legal conclusion, misstates the law is nonsensical gibberish.  The Requests define the term **"Called Party"** as the person receiving each of the calls associated with the Lead Party States' and the State Law Action States' claims in this Civil Action.  This is the standard term in the industry used to identify the person who receives a call.  It is a purely descriptive term with no legal implications.  As you should be aware, Called Parties can authorize/consent to receive robocalls; such calls are not "illegal."  To prove the illegality of a call, the burden of proof is on Plaintiffs to demonstrate that such authorization consent was not provided *for that call*.  On information and belief, Plaintiffs have no data addressing the issue of consent for most if not all calls that are alleging to be illegal.  The filing of a Complaint—particularly one of this magnitude—without any evidence regarding authorization/consent is, at best, negligent and, at worst, knowingly frivolous.  Defendants are clearly entitled to documents evidencing whether such consent was provided.  Defendants will be entitled to an order precluding the use of any supporting a claim or illegality where Plaintiffs fail or refuse to produce data addressing the issue of authorization/consent.

    <u>Objection based on use of the term "predecessor"</u>.  The meaning of the term "<u>predecessor</u> is clear on its face and this objection is lacking in merit.  Without admitting any ambiguity, Defendants state that the term "predecessor" means the person who was authorized to use a telephone number prior to the person who was authorized to use a telephone number when the allegedly illegal call occurred."  This issue is relevant as telephone numbers are frequently surrendered and recycled and will often continue to reflect any authorization/consent that was provided by the predecessor in relevant databases.  Please confirm that your production will be based on the application of this definition.

    <u>Lack of Clarity Regarding Scope of Production</u>.  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Technology Law Group, L.L.C.** [SM]

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 73 of 139

**Document Request 31:**

Please produce all **Documents** that refer to, relate to or constitute data collected by the **State Law Action States**, regarding when the telephone number associated with each call alleged to be illegal was obtained by the **Called Party**.

**Response:**

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs object to this Request as it calls for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to the Request based on the definition provided for "Called Party," to the extent that it asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs respond that there are no responsive documents.

**Meet and Confer Issue(s):**

> Objection based on breadth and burden. Fails for lack of required specificity and content (*See* General Objections above). Defendants are clearly entitled to receive information regarding when the telephone number associated with each call alleged

**Technology Law Group, L.L.C.** [SM]

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 74 of 139

to be illegal was obtained by the **Called Party** as those facts bear directly on numerous issues, including whether the call was actually transited by Defendants, the accuracy of CDR data and the issue of consent, all of which are potential defenses to the Complaint. Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face. If all such data are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the CID process.

Objection based on relevance. As Plaintiffs should know, Called Parties can consent to receive any call, including a robocall. If consent is given, the call cannot be considered "illegal" under any law identified in the Complaint. Thus, it is beyond legitimate dispute that Plaintiffs need to demonstrate the absence of authorization/consent to meet their burden of proof. As such, documents which evidence the existence or absence of consent are indisputably essential, far exceeding that standard required to establish discovery relevance.

Objection to use of the term "Called Party". Plaintiffs' object to the Request on the basis that the term Called Party asserts a legal conclusion, misstates the law is nonsensical gibberish. The Requests define the term **"Called Party"** as the person receiving each of the calls associated with the Lead Party States' and the State Law Action States' claims in this Civil Action. This is the standard term in the industry used to identify the person who receives a call. It is a purely descriptive term with no legal implications. As you should be aware, Called Parties can authorize/consent to receive robocalls; such calls are not "illegal." To prove the illegality of a call, the burden of proof is on Plaintiffs to demonstrate that such authorization consent was not provided *for that call*. On information and belief, Plaintiffs have no data addressing the issue of consent for most if not all calls that are alleging to be illegal. The filing of a Complaint—particularly one of this magnitude—without any evidence regarding authorization/consent is, at best, negligent and, at worst, knowingly frivolous. Defendants are clearly entitled to documents evidencing whether such consent was provided. Defendants will be entitled to an order precluding the use of any supporting a claim or illegality where Plaintiffs fail or refuse to produce data addressing the issue of authorization/consent.

Technology Law Group, L.L.C. <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 75 of 139

<u>Objection based on use of the term "illegal"</u>.  This objection is disingenuous in the extreme as, among other things, that term appears at least 52 times in the Complaint. *See, e.g.,* paras. 8, 19, 20, 23, 24, 25, 26, 34, 43, 45, 46, 62, 73, 77, 79, 80, 82, 83, 84, 85, 87, 88, 93, 94, 98, 99, 100, 102, 104, 105, 106, 109, 110, 114, 115, 116, 173, 179, 188, 201, 220, 287, 299, 302, 303, 317, 318, 319, 320, 321, 330, 331, 333, 343, 356, 371, 383, 400, 401, 403, 405, 412, 416, 430, 433, 435, 437, 456, and 458.  The word "illegal is also featured as in the heading of multiple sections of the Complaint and in the "Prayer for Relief".  Plaintiffs should use whatever definition(s) that they used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in response to this Request.

<u>Lack of Clarity Regarding Scope of Production</u>.  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 32:**

Please produce all **Documents** that refer to, relate to or constitute data collected by the **State Law Action States**, evidencing whether a predecessor to the **Called Party** had agreed to accept any of the calls at issue.

**Response:**

Plaintiffs object to the Request based on the definition provided for "Called Party," to the extent that it asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action.

Responding Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "predecessor" is unclear. The responding Plaintiffs interpret the term as referring to a subscriber to whom a phone number was previously assigned prior to being re-assigned to a different subscriber at the time of a call transited by Defendants.

**Technology Law Group, L.L.C.** [SM]

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 76 of 139

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs object to this Request as it calls for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs respond that there are no responsive documents.

**Meet and Confer Issue(s):**

Objection based on breadth and burden.  Fails for lack of required specificity and content (*See* General Objections above).  Defendants are clearly entitled to receive information regarding whether a predecessor to the **Called Party** had agreed to accept any of the calls at issue as those facts bear directly on numerous issues, including the issue of consent, which is a potential defense to the Complaint.  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face.  If all such data are not produced, Defendants will be entitled to an order precluding the use of any data obtained through the CID process.

Objection based on relevance.  As Plaintiffs should know, Called Parties can consent to receive any call, including a robocall.  If consent is given, the call cannot be considered "illegal" under any law identified in the Complaint.  Thus, it is beyond legitimate dispute that Plaintiffs need to demonstrate the absence of authorization/consent to meet their burden of proof.  As numbers often change hands, it is plainly relevant to know whether a predecessor to the number provided authorization/consent.  As such, documents which evidence the existence or absence of consent are indisputably essential, far exceeding that standard required to establish discovery relevance.

**Technology Law Group, L.L.C.** ᔆᴹ

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 77 of 139

<u>Objection to use of the term "Called Party"</u>.  Plaintiffs' object to the Request on the basis that the term Called Party asserts a legal conclusion, misstates the law is nonsensical gibberish.  The Requests define the term **"Called Party"** as the person receiving each of the calls associated with the Lead Party States' and the State Law Action States' claims in this Civil Action.  This is the standard term in the industry used to identify the person who receives a call.  It is a purely descriptive term with no legal implications.  As you should be aware, Called Parties can authorize/consent to receive robocalls; such calls are not "illegal."  To prove the illegality of a call, the burden of proof is on Plaintiffs to demonstrate that such authorization consent was not provided *for that call*.  On information and belief, Plaintiffs have no data addressing the issue of consent for most if not all calls that are alleging to be illegal.  The filing of a Complaint—particularly one of this magnitude—without any evidence regarding authorization/consent is, at best, negligent and, at worst, knowingly frivolous.  Defendants are clearly entitled to documents evidencing whether such consent was provided.  Defendants will be entitled to an order precluding the use of any supporting a claim or illegality where Plaintiffs fail or refuse to produce data addressing the issue of authorization/consent.

<u>Objection based on use of the term "predecessor"</u>.  The meaning of the term "<u>predecessor</u> is clear on its face and this objection is lacking in merit.  Without admitting any ambiguity, Defendants state that the term "predecessor" means the person who was authorized to use a telephone number prior to the person who was authorized to use a telephone number when the allegedly illegal call occurred."  This issue is relevant as telephone numbers are frequently surrendered and recycled and will often continue to reflect any authorization/consent that was provided by the predecessor in relevant databases.  Please confirm that your production will be based on the application of this definition.

<u>Lack of Clarity Regarding Scope of Production</u>.  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 78 of 139

**Document Request 33:**

Please produce all **Documents** that the **Lead Plaintiff States** allege demonstrate that **Michael D. Lansky**, in his individual capacity, had **Actual Knowledge** at the time that a call transited the Avid Telecom network that *each and every* call identified in the previous Request was an illegal robocall under federal law.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Plaintiffs object to the Request to the extent that the term "Actual Knowledge" asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action. Plaintiffs' response to this Request is based on authorities interpreting the term "Actual Knowledge." *See, e.g.*, *Off. of Athy Gen. v. Smartbiz Telecom LLC*, No. 22-23945-CIV, 2024 WL 4251895, at *4 (S.D. Fla. Sept. 19, 2024) ("Defendant had actual notice of the illegal use of its network through the Traceback notifications and numerous complaints from suppliers. These notifications provided specific information about the illegal nature of the calls and required [d]efendant to locate and respond to the Tracebacks, demonstrating that [d]efendant had actual knowledge of the illegal use of its network."). Plaintiffs' response to this Request does not constitute an acceptance of Defendants' definition of the term "Actual Knowledge" or waive any argument related thereto.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 79 of 139

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, responding Plaintiffs state that there are no responsive documents related to Request 32, and so no responsive documents to this Request. In light of the vagueness and ambiguity of the Request, responding Plaintiffs are not purposefully withholding responsive documents.

In the alternative, to the extent that Defendants' use of the undefined term "previous Request" was meant to request the production of documents referenced in Request Nos. 20, 22, or 24 through 28, which use the term "each and every call," in response to those Requests, responding Plaintiffs have or will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Meet and Confer Issue(s):**

**The term "previous request" was included in error.  The Request was intended to read as follows: "**Please produce all **Documents** that the **Lead Plaintiff States** allege demonstrate that **Michael D. Lansky**, in his individual capacity, had **Actual Knowledge** at the time that a call transited the Avid Telecom network that *each and every* call asserted in the Complaint to be an illegal robocall under federal law was in fact an illegal call." Please respond to this corrected Request.  With respect to your current objections:

<u>Objection based on use of the term "illegal"</u>.  This objection is disingenuous in the extreme as, among other things, that term appears at least 52 times in the Complaint. *See, e.g.,* paras. 8, 19, 20, 23, 24, 25, 26, 34, 43, 45, 46, 62, 73, 77, 79, 80, 82, 83, 84, 85, 87, 88, 93, 94, 98, 99, 100, 102, 104, 105, 106, 109, 110, 114, 115, 116, 173, 179, 188, 201, 220, 287, 299, 302, 303, 317, 318, 319, 320, 321, 330, 331, 333, 343, 356, 371, 383, 400, 401, 403, 405, 412, 416, 430, 433, 435, 437, 456, and 458.  The word "illegal is also featured as in the heading of multiple sections of the Complaint and in the "Prayer for Relief".  Plaintiffs should use whatever definition(s) that they used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in response to this Request.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 80 of 139

<u>Plaintiffs' objection to the Request to the extent that the term "**Actual Knowledge**" asserts a legal conclusion</u>.  The Requests define the term **Actual Knowledge** as information which the person whose knowledge is at issue is consciously aware.  Neither the definition nor the Request assert a legal conclusion.  The Request merely seeks the production of documents that demonstrate that **Michael D. Lansky**, in his individual capacity, had **"Actual Knowledge"** at the time that a call transited the Avid Telecom network that calls alleged to be illegal were, in fact, illegal.  The cited case does not use the term "Actual Knowledge"; it refers to "actual notice," which is a very different thing.  Moreover, the case relies on the receipt of Tracebacks for the calls at issue.  During the entire period of its operations, it is undisputed—indeed asserted by Plaintiffs—that Defendants received fewer than 300 tracebacks, so those tracebacks—which are not findings of illegality—cannot possibly reflect "Actual Knowledge" of the billions of calls that Plaintiffs allege transited Avid's network.  Also, the Complaint is entirely bereft of any information that could support the conclusion that Defendants received any notice of illegality with respect to the overwhelming majority of the calls transited.  Indeed, the Complaint is entirely bereft of any proof that the allegations of illegality were factually based, including with respect to the issue of consent.  In this context, evidence of "Actual Knowledge" is plainly relevant.

<u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face.

<u>Lack of Clarity Regarding Scope of Production</u>.  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 34:**

Please produce all **Documents** that the **Lead Plaintiff States** allege demonstrate that **Michael D. Lansky**, in his individual capacity, had **Actual Knowledge** at any time after a

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 81 of 139

call transited the **Avid Telecom** network that *each and every* call identified in the previous Request was an illegal robocall under federal law.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request to the extent that the term "Actual Knowledge" asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action. Plaintiffs' response to this Request is based on authorities interpreting the term "Actual Knowledge." *See, e.g.*, *Off. of Att'y Gen. v. Smartbiz Telecom LLC*, No. 22-23945-CIV, 2024 WL 4251895, at *4 (S.D. Fla. Sept. 19, 2024) ("Defendant had actual notice of the illegal use of its network through the traceback notifications and numerous complaints from suppliers. These notifications provided specific information about the illegal nature of the calls and required [d]efendant to locate and respond to the tracebacks, demonstrating that [d]efendant had actual knowledge of the illegal use of its network."). Plaintiffs' response to this Request does not constitute an acceptance of Defendants' definition of the term "Actual Knowledge" or waive any argument related thereto.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, Plaintiffs state that there are no responsive documents related to Request 33, and so no responsive documents to this Request.

**Technology Law Group, L.L.C.** [SM]

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 82 of 139

In the alternative, to the extent that Defendants' use of the undefined term "previous Request" was meant to request the production of documents referenced in Request Nos. 20, 22, or 24 through 28, which use the term "each and every call," in response to those Requests, the responding Plaintiffs have produced or will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Meet and Confer Issue(s):**

<u>Objection based on use of the term "illegal"</u>.  This objection is disingenuous in the extreme as, among other things, that term appears at least 52 times in the Complaint. *See, e.g.,* paras. 8, 19, 20, 23, 24, 25, 26, 34, 43, 45, 46, 62, 73, 77, 79, 80, 82, 83, 84, 85, 87, 88, 93, 94, 98, 99, 100, 102, 104, 105, 106, 109, 110, 114, 115, 116, 173, 179, 188, 201, 220, 287, 299, 302, 303, 317, 318, 319, 320, 321, 330, 331, 333, 343, 356, 371, 383, 400, 401, 403, 405, 412, 416, 430, 433, 435, 437, 456, and 458.  The word "illegal is also featured as in the heading of multiple sections of the Complaint and in the "Prayer for Relief".  Plaintiffs should use whatever definition(s) that they used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in response to this Request.

<u>Plaintiffs' objection to the Request to the extent that the term "**Actual Knowledge**" asserts a legal conclusion</u>.  The Requests define the term **Actual Knowledge** as information which the person whose knowledge is at issue is consciously aware.  Neither the definition nor the Request assert a legal conclusion.  The Request merely seeks the production of documents that demonstrate that **Michael D. Lansky**, in his individual capacity, had **"Actual Knowledge"** at the time that a call transited the Avid Telecom network that calls alleged to be illegal were, in fact, illegal.  The cited case does not use the term "Actual Knowledge"; it refers to "actual notice," which is a very different thing.  Moreover, the case relies on the receipt of Tracebacks for the calls at issue.  During the entire period of its operations, it is undisputed—indeed asserted by Plaintiffs—that Defendants received fewer than 300 tracebacks, so those tracebacks—which are not findings of illegality—cannot possibly reflect "Actual

**Technology Law Group, L.L.C.** [SM]

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 83 of 139

Knowledge" of the billions of calls that Plaintiffs allege transited Avid's network. Also, the Complaint is entirely bereft of any information that could support the conclusion that Defendants received any notice of illegality with respect to the overwhelming majority of the calls transited. Indeed, the Complaint is entirely bereft of any proof that the allegations of illegality were factually based, including with respect to the issue of consent. In this context, evidence of "Actual Knowledge" is plainly relevant.

Objection based on breadth and burden. Fails for lack of required specificity and content (*See* General Objections above). This objection is also absurd on its face as it is well known and Plaintiffs have admitted that the data used to support the Complaint was obtained, at least in part, through the CID process. Defendants are clearly entitled to receive all CIDs that were used to collect these data and there is no reason to believe that producing them would be unduly burdensome as Plaintiffs were the source of each CID. Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs' claims of proportionality are absurd on their face.

Lack of Clarity Regarding Scope of Production. Plaintiffs do not state whether any documents are being withheld based on any of its several objections. Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 35:**

Please produce all **Documents** that the **State Law Action States** allege demonstrate that **Michael D. Lansky**, in his individual capacity, had **Actual Knowledge** at the time that a call transited the **Avid Telecom** network that *each and every* call identified in the previous Request was an illegal robocall under state law.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 84 of 139

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Plaintiffs object to the Request to the extent that the term "Actual Knowledge" asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action. Plaintiffs' response to this Request is based on authorities interpreting the term "Actual Knowledge'' *See, e.g.*, *Off. of Att'y Gen. v. Smartbiz Telecom LLC*, No. 22-23945-CIV, 2024 WL 4251895, at *4 (S.D. Fla. Sept. 19, 2024) ("Defendant had actual notice of the illegal use of its network through the traceback notifications and numerous complaints from suppliers. These notifications provided specific information about the illegal nature of the calls and required [d]efendant to locate and respond to the tracebacks, demonstrating that [d]efendant had actual knowledge of the illegal use of its network."). Plaintiffs' responses to this Request does not constitute an acceptance of Defendants' definition of the term "Actual Knowledge" or waive any argument related thereto.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, Plaintiffs state that there are no responsive documents related to Request 34, and so no responsive documents to this Request.

In the alternative, to the extent that Defendants' use of the undefined term "previous Request" was meant to request the production of documents referenced in Request Nos. 20, 22, or 24 through 28, which use the term "each and every call," in response to those Requests, the responding Plaintiffs have or will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 85 of 139

their possession, custody, or control within a reasonable time following the entry of a protective order.

**Meet and Confer Issue(s):**

Objection based on use of the term "illegal". This objection is disingenuous in the extreme as, among other things, that term appears at least 52 times in the Complaint. *See, e.g.,* paras. 8, 19, 20, 23, 24, 25, 26, 34, 43, 45, 46, 62, 73, 77, 79, 80, 82, 83, 84, 85, 87, 88, 93, 94, 98, 99, 100, 102, 104, 105, 106, 109, 110, 114, 115, 116, 173, 179, 188, 201, 220, 287, 299, 302, 303, 317, 318, 319, 320, 321, 330, 331, 333, 343, 356, 371, 383, 400, 401, 403, 405, 412, 416, 430, 433, 435, 437, 456, and 458. The word "illegal is also featured as in the heading of multiple sections of the Complaint and in the "Prayer for Relief". Plaintiffs should use whatever definition(s) that they used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in response to this Request.

Plaintiffs' objection to the Request to the extent that the term "**Actual Knowledge**" asserts a legal conclusion. The Requests define the term **Actual Knowledge** as information which the person whose knowledge is at issue is consciously aware. Neither the definition nor the Request assert a legal conclusion. The Request merely seeks the production of documents that demonstrate that **Michael D. Lansky**, in his individual capacity, had "**Actual Knowledge**" at the time that a call transited the Avid Telecom network that calls alleged to be illegal were, in fact, illegal. The cited case does not use the term "Actual Knowledge"; it refers to "actual notice," which is a very different thing. Moreover, the case relies on the receipt of Tracebacks for the calls at issue. During the entire period of its operations, it is undisputed—indeed asserted by Plaintiffs—that Defendants received fewer than 300 tracebacks, so those tracebacks—which are not findings of illegality—cannot possibly reflect "Actual Knowledge" of the billions of calls that Plaintiffs allege transited Avid's network. Also, the Complaint is entirely bereft of any information that could support the conclusion that Defendants received any notice of illegality with respect to the overwhelming majority of the calls transited. Indeed, the Complaint is entirely bereft of any proof that the allegations of illegality were factually based, including

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 86 of 139

with respect to the issue of consent.  In this context, evidence of "Actual Knowledge" is plainly relevant.

Objection based on breadth and burden.  Fails for lack of required specificity and content (*See* General Objections above).  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face.

Lack of Clarity Regarding Scope of Production.  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 36:**

Please produce all **Documents** that the **State Law Action States** allege demonstrate that **Michael D. Lansky**, in his individual capacity, had **Actual Knowledge** at any time after a call transited the **Avid Telecom** network that *each and every* call identified in the previous Request was an illegal robocall under state law.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request to the extent that Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 87 of 139

Plaintiffs object to the Request to the extent that the term "Actual Knowledge" asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action. Plaintiffs' response to this Request is based on authorities interpreting the term "Actual Knowledge." *See, e.g.*, *Off. of Att'y Gen. v. Smartbiz Telecom LLC*, No. 22-23945-CIV, 2024 WL 4251895, at \*4 (S.D. Fla. Sept. 19, 2024) ("Defendant had actual notice of the illegal use of its network through the traceback notifications and numerous complaints from suppliers. These notifications provided specific information about the illegal nature of the calls and required [d]efendant to locate and respond to the tracebacks, demonstrating that [d]efendant had actual knowledge of the illegal use of its network."). Plaintiffs' responses to these Requests do not constitute an acceptance of

Defendants' definition of the term "Actual Knowledge" or waive any argument related thereto.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, Plaintiffs state that there are no responsive documents related to Request 35, and so there are no responsive documents to this Request.

In the alternative, to the extent that Defendants' use of the undefined term "previous Request" was meant to request the production of documents referenced in Request Nos. 20, 22, or 24 through 28, which use the term "each and every call," in response to those Requests, the responding Plaintiffs have produced or will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Meet and Confer Issue(s):**

  Objection based on use of the term "illegal".  This objection is disingenuous in the extreme as, among other things, that term appears at least 52 times in the Complaint. *See, e.g.,* paras. 8, 19, 20, 23, 24, 25, 26, 34, 43, 45, 46, 62, 73, 77, 79, 80, 82, 83, 84, 85, 87, 88, 93, 94, 98, 99, 100, 102, 104, 105, 106, 109, 110, 114, 115, 116, 173, 179, 188, 201, 220, 287, 299, 302, 303, 317, 318, 319, 320, 321, 330, 331, 333, 343,

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 88 of 139

356, 371, 383, 400, 401, 403, 405, 412, 416, 430, 433, 435, 437, 456, and 458. The word "illegal is also featured as in the heading of multiple sections of the Complaint and in the "Prayer for Relief". Plaintiffs should use whatever definition(s) that they used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in response to this Request.

<u>Plaintiffs' objection to the Request to the extent that the term "**Actual Knowledge**" asserts a legal conclusion</u>. The Requests define the term **Actual Knowledge** as information which the person whose knowledge is at issue is consciously aware. Neither the definition nor the Request assert a legal conclusion. The Request merely seeks the production of documents that demonstrate that **Michael D. Lansky**, in his individual capacity, had **"Actual Knowledge"** at the time that a call transited the Avid Telecom network that calls alleged to be illegal were, in fact, illegal. The cited case does not use the term "Actual Knowledge"; it refers to "actual notice," which is a very different thing. Moreover, the case relies on the receipt of Tracebacks for the calls at issue. During the entire period of its operations, it is undisputed—indeed asserted by Plaintiffs—that Defendants received fewer than 300 tracebacks, so those tracebacks—which are not findings of illegality—cannot possibly reflect "Actual Knowledge" of the billions of calls that Plaintiffs allege transited Avid's network. Also, the Complaint is entirely bereft of any information that could support the conclusion that Defendants received any notice of illegality with respect to the overwhelming majority of the calls transited. Indeed, the Complaint is entirely bereft of any proof that the allegations of illegality were factually based, including with respect to the issue of consent. In this context, evidence of "Actual Knowledge" is plainly relevant.

<u>Objection based on breadth and burden</u>. Fails for lack of required specificity and content (*See* General Objections above). Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face.

<u>Lack of Clarity Regarding Scope of Production</u>. Plaintiffs do not state whether any documents are being withheld based on any of its several objections. Please so state

**Technology Law Group, L.L.C.** [SM]

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 89 of 139

>  and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 37:**

Please produce all **Documents** that the **Lead Plaintiff States** allege demonstrate that **Stacey S. Reeves**, in her individual capacity, had **Actual Knowledge** at the time that a call transited the Avid Telecom network that *each and every* call identified in the previous Request was an illegal robocall under federal law.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request to the extent that the term "Actual Knowledge" asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action. Plaintiffs' response to this Request is based on authorities interpreting the term "Actual Knowledge." *See, e.g.*, *Off. of Att'y Gen. v. Smartbiz Telecom LLC*, No. 22-23945-CIV, 2024 WL 4251895, at *4 (S.D. Fla. Sept. 19, 2024) ("Defendant had actual notice of the illegal use of its network through the traceback notifications and numerous complaints from suppliers. These notifications provided specific information about the illegal nature of the calls and required [d]efendant to locate and respond to the tracebacks, demonstrating that [d]efendant had actual knowledge of the illegal use of its network."). Plaintiffs' response to this Request does not constitute an acceptance of Defendants' definition of the term "Actual Knowledge" or waive any argument related thereto.

# Technology Law Group, L.L.C. <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 90 of 139

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, Plaintiffs state that there are no responsive documents related to Request 36, and so there are no responsive documents to this Request.

In the alternative, to the extent that Defendants' use of the undefined term "previous Request" was meant to request the production of documents referenced in Request Nos. 20, 22, or 24 through 28, which use the term "each and every call," in response to those Requests, the responding Plaintiffs have produced or will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Meet and Confer Issue(s):**

> Objection based on use of the term "illegal". This objection is disingenuous in the extreme as, among other things, that term appears at least 52 times in the Complaint. *See, e.g.,* paras. 8, 19, 20, 23, 24, 25, 26, 34, 43, 45, 46, 62, 73, 77, 79, 80, 82, 83, 84, 85, 87, 88, 93, 94, 98, 99, 100, 102, 104, 105, 106, 109, 110, 114, 115, 116, 173, 179, 188, 201, 220, 287, 299, 302, 303, 317, 318, 319, 320, 321, 330, 331, 333, 343, 356, 371, 383, 400, 401, 403, 405, 412, 416, 430, 433, 435, 437, 456, and 458. The word "illegal is also featured as in the heading of multiple sections of the Complaint and in the "Prayer for Relief". Plaintiffs should use whatever definition(s) that they used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in response to this Request.

> Plaintiffs' objection to the Request to the extent that the term "**Actual Knowledge**" asserts a legal conclusion. The Requests define the term **Actual Knowledge** as information which the person whose knowledge is at issue is consciously aware. Neither the definition nor the Request assert a legal conclusion. The Request merely

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 91 of 139

      seeks the production of documents that demonstrate that **Michael D. Lansky**, in his individual capacity, had **"Actual Knowledge"** at the time that a call transited the Avid Telecom network that calls alleged to be illegal were, in fact, illegal.  The cited case does not use the term "Actual Knowledge"; it refers to "actual notice," which is a very different thing.  Moreover, the case relies on the receipt of Tracebacks for the calls at issue.  During the entire period of its operations, it is undisputed—indeed asserted by Plaintiffs—that Defendants received fewer than 300 tracebacks, so those tracebacks—which are not findings of illegality—cannot possibly reflect "Actual Knowledge" of the billions of calls that Plaintiffs allege transited Avid's network.  Also, the Complaint is entirely bereft of any information that could support the conclusion that Defendants received any notice of illegality with respect to the overwhelming majority of the calls transited.  Indeed, the Complaint is entirely bereft of any proof that the allegations of illegality were factually based, including with respect to the issue of consent.  In this context, evidence of "Actual Knowledge" is plainly relevant.

      <u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face.

      <u>Lack of Clarity Regarding Scope of Production.</u>  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 38:**

Please produce all Documents that the **Lead Plaintiff States** allege demonstrate that\ **Stacey S. Reeves**, in her individual capacity, had **Actual Knowledge** at any time after a call transited the Avid Telecom network that *each and every* call identified in the previous Request was an illegal robocall under federal law.

**Technology Law Group, L.L.C.** [SM]

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 92 of 139

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Plaintiffs object to the Request to the extent that the term "Actual Knowledge" asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action. Plaintiffs' response to this Request is based on authorities interpreting the term "Actual Knowledge." *See, e.g.*, *Off. of Att'y Gen. v. Smartbiz Telecom LLC*, No. 22-23945-CIV, 2024 WL 4251895, at \*4 (S.D. Fla. Sept. 19, 2024) ("Defendant had actual notice of the illegal use of its network through the traceback notifications and numerous complaints from suppliers. These notifications provided specific information about the illegal nature of the calls and required [d]efendant to locate and respond to the tracebacks, demonstrating that [d]efendant had actual knowledge of the illegal use of its network."). Plaintiffs' response to this Request does not constitute an acceptance of Defendants' definition of the term "Actual Knowledge" or waive any argument related thereto.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, Plaintiffs state that there are no responsive documents related to Request 37, and so no responsive documents to this Request.

In the alternative, to the extent that Defendants' use of the undefined term "previous Request" was meant to request the production of documents referenced in Request Nos. 20, 22, or 24 through 28, which use the term "each and every call," in response to those

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 93 of 139

Requests, the responding Plaintiffs have produced or will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Meet and Confer Issue(s):**

Objection based on use of the term "illegal". This objection is disingenuous in the extreme as, among other things, that term appears at least 52 times in the Complaint. *See, e.g.,* paras. 8, 19, 20, 23, 24, 25, 26, 34, 43, 45, 46, 62, 73, 77, 79, 80, 82, 83, 84, 85, 87, 88, 93, 94, 98, 99, 100, 102, 104, 105, 106, 109, 110, 114, 115, 116, 173, 179, 188, 201, 220, 287, 299, 302, 303, 317, 318, 319, 320, 321, 330, 331, 333, 343, 356, 371, 383, 400, 401, 403, 405, 412, 416, 430, 433, 435, 437, 456, and 458. The word "illegal is also featured as in the heading of multiple sections of the Complaint and in the "Prayer for Relief". Plaintiffs should use whatever definition(s) that they used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in response to this Request.

Plaintiffs' objection to the Request to the extent that the term "**Actual Knowledge**" asserts a legal conclusion. The Requests define the term **Actual Knowledge** as information which the person whose knowledge is at issue is consciously aware. Neither the definition nor the Request assert a legal conclusion. The Request merely seeks the production of documents that demonstrate that **Michael D. Lansky**, in his individual capacity, had "**Actual Knowledge**" at the time that a call transited the Avid Telecom network that calls alleged to be illegal were, in fact, illegal. The cited case does not use the term "Actual Knowledge"; it refers to "actual notice," which is a very different thing. Moreover, the case relies on the receipt of Tracebacks for the calls at issue. During the entire period of its operations, it is undisputed—indeed asserted by Plaintiffs—that Defendants received fewer than 300 tracebacks, so those tracebacks—which are not findings of illegality—cannot possibly reflect "Actual Knowledge" of the billions of calls that Plaintiffs allege transited Avid's network. Also, the Complaint is entirely bereft of any information that could support the conclusion that Defendants received any notice of illegality with respect to the

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 94 of 139

      overwhelming majority of the calls transited.  Indeed, the Complaint is entirely bereft of any proof that the allegations of illegality were factually based, including with respect to the issue of consent.  In this context, evidence of "Actual Knowledge" is plainly relevant.

      <u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face.

      <u>Lack of Clarity Regarding Scope of Production.</u>  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 39:**

Please produce all **Documents** that the **State Law Action States** allege demonstrate that **Stacey S. Reeves**, in her individual capacity, had **Actual Knowledge** at the time that a call transited the Avid Network that *each and every* call identified in the previous Request was an illegal robocall under state law.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 95 of 139

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Plaintiffs object to the Request to the extent that the term "Actual Knowledge" asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action. Plaintiffs' response to this Request is based on authorities interpreting the term "Actual Knowledge." *See, e.g., Off. of Att'y Gen. v. Smartbiz Telecom LLC*, No. 22-23945-CIV, 2024 WL 4251895, at *4 (S.D. Fla. Sept. 19, 2024) ("Defendant had actual notice of the illegal use of its network through the traceback notifications and numerous complaints from suppliers. These notifications provided specific information about the illegal nature of the calls and required [d]efendant to locate and respond to the tracebacks, demonstrating that [d]efendant had actual knowledge of the illegal use of its network."). Plaintiffs' response to this Request does not constitute an acceptance of Defendants' definition of the term "Actual Knowledge" or waive any argument related thereto.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, Plaintiffs state that there are no responsive documents related to Request 38, and so no responsive documents to this Request.

In the alternative, to the extent that Defendants' use of the undefined term "previous Request" was meant to request the production of documents referenced in Request Nos. 20, 22, or 24 through 28, which use the term "each and every call," in response to those Requests, the responding Plaintiffs have produced or will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Meet and Confer Issue(s):**

> Objection based on use of the term "illegal". This objection is disingenuous in the extreme as, among other things, that term appears at least 52 times in the Complaint.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

*See, e.g.,* paras. 8, 19, 20, 23, 24, 25, 26, 34, 43, 45, 46, 62, 73, 77, 79, 80, 82, 83, 84, 85, 87, 88, 93, 94, 98, 99, 100, 102, 104, 105, 106, 109, 110, 114, 115, 116, 173, 179, 188, 201, 220, 287, 299, 302, 303, 317, 318, 319, 320, 321, 330, 331, 333, 343, 356, 371, 383, 400, 401, 403, 405, 412, 416, 430, 433, 435, 437, 456, and 458. The word "illegal is also featured as in the heading of multiple sections of the Complaint and in the "Prayer for Relief". Plaintiffs should use whatever definition(s) that they used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in response to this Request.

<u>Plaintiffs' objection to the Request to the extent that the term "**Actual Knowledge**" asserts a legal conclusion</u>. The Requests define the term **Actual Knowledge** as information which the person whose knowledge is at issue is consciously aware. Neither the definition nor the Request assert a legal conclusion. The Request merely seeks the production of documents that demonstrate that **Michael D. Lansky**, in his individual capacity, had **"Actual Knowledge"** at the time that a call transited the Avid Telecom network that calls alleged to be illegal were, in fact, illegal. The cited case does not use the term "Actual Knowledge"; it refers to "actual notice," which is a very different thing. Moreover, the case relies on the receipt of Tracebacks for the calls at issue. During the entire period of its operations, it is undisputed—indeed asserted by Plaintiffs—that Defendants received fewer than 300 tracebacks, so those tracebacks—which are not findings of illegality—cannot possibly reflect "Actual Knowledge" of the billions of calls that Plaintiffs allege transited Avid's network. Also, the Complaint is entirely bereft of any information that could support the conclusion that Defendants received any notice of illegality with respect to the overwhelming majority of the calls transited. Indeed, the Complaint is entirely bereft of any proof that the allegations of illegality were factually based, including with respect to the issue of consent. In this context, evidence of "Actual Knowledge" is plainly relevant.

<u>Objection based on breadth and burden.</u> Fails for lack of required specificity and content (*See* General Objections above). Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 97 of 139

>  <u>Lack of Clarity Regarding Scope of Production</u>.  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 40:**

Please produce all **Documents** that the **State Law Action States** allege demonstrate that **Stacey S. Reeves**, in her individual capacity, had **Actual Knowledge** at any time after a call transited the Avid Network that *each and every* call identified in the previous Request was an illegal robocall under state law.

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks factual evidence for Defendants.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Plaintiffs object to the Request to the extent that the term "Actual Knowledge" asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action. Plaintiffs' response to this Request is based on authorities interpreting the term "Actual Knowledge." *See, e.g.*, *Off. of Att'y Gen. v. Smartbiz Telecom LLC*, No. 22-23945-CIV, 2024 WL 4251895, at *4 (S.D. Fla. Sept. 19, 2024) ("Defendant had actual notice of the illegal use of its network through the traceback notifications and numerous complaints from suppliers. These notifications provided specific information about the illegal nature of the calls and required [d]efendant to locate and respond to the tracebacks, demonstrating that [d]efendant had actual knowledge of the illegal use of its

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 98 of 139

network."). Plaintiffs' response to this Request does not constitute an acceptance of Defendants' definition of the term "Actual Knowledge" or waive any argument related thereto.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, Plaintiffs state that there are no responsive documents related to Request 39, and so no responsive documents to this Request.

In the alternative, to the extent that Defendants' use of the undefined term "previous Request" was meant to request the production of documents referenced in Request Nos. 20, 22, or 24 through 28, which use the term "each and every call," in response to those Requests, the responding Plaintiffs have or will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Meet and Confer Issue(s):**

Objection based on use of the term "illegal". This objection is disingenuous in the extreme as, among other things, that term appears at least 52 times in the Complaint. *See, e.g.,* paras. 8, 19, 20, 23, 24, 25, 26, 34, 43, 45, 46, 62, 73, 77, 79, 80, 82, 83, 84, 85, 87, 88, 93, 94, 98, 99, 100, 102, 104, 105, 106, 109, 110, 114, 115, 116, 173, 179, 188, 201, 220, 287, 299, 302, 303, 317, 318, 319, 320, 321, 330, 331, 333, 343, 356, 371, 383, 400, 401, 403, 405, 412, 416, 430, 433, 435, 437, 456, and 458. The word "illegal is also featured as in the heading of multiple sections of the Complaint and in the "Prayer for Relief". Plaintiffs should use whatever definition(s) that they used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in response to this Request.

Plaintiffs' objection to the Request to the extent that the term "**Actual Knowledge**" asserts a legal conclusion. The Requests define the term **Actual Knowledge** as information which the person whose knowledge is at issue is consciously aware. Neither the definition nor the Request assert a legal conclusion. The Request merely

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 99 of 139

seeks the production of documents that demonstrate that **Michael D. Lansky**, in his individual capacity, had **"Actual Knowledge"** at the time that a call transited the Avid Telecom network that calls alleged to be illegal were, in fact, illegal.  The cited case does not use the term "Actual Knowledge"; it refers to "actual notice," which is a very different thing.  Moreover, the case relies on the receipt of Tracebacks for the calls at issue.  During the entire period of its operations, it is undisputed—indeed asserted by Plaintiffs—that Defendants received fewer than 300 tracebacks, so those tracebacks—which are not findings of illegality—cannot possibly reflect "Actual Knowledge" of the billions of calls that Plaintiffs allege transited Avid's network.  Also, the Complaint is entirely bereft of any information that could support the conclusion that Defendants received any notice of illegality with respect to the overwhelming majority of the calls transited.  Indeed, the Complaint is entirely bereft of any proof that the allegations of illegality were factually based, including with respect to the issue of consent.   In this context, evidence of "Actual Knowledge" is plainly relevant.

Objection based on breadth and burden.  Fails for lack of required specificity and content (*See* General Objections above).  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face.

Lack of Clarity Regarding Scope of Production.  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 41:**

Please produce all **Documents** that the **Lead Plaintiff States** allege demonstrate that **Stacey S. Reeves** had the actual authority to make any decision on behalf Avid Telecom; *i.e.*, not just that she stated a position but that she had the authority to make the decision and did so on her own without input from Mr. Lansky).

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the term "actual authority" as the term is not defined and calls for a legal conclusion.

Plaintiffs object to this Request as it calls for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it is vague and ambiguous as to whether it is seeking documents containing facts or seeking responding Plaintiffs' application of the law to those facts.

Plaintiffs object to this Request to the extent it seeks factual documents on the grounds that it calls for documents that are in the possession, custody, or control of the Defendants.

Plaintiffs object to this Request to the extent it seeks documents in which responding Plaintiffs applied the law to facts. Documents relating to Plaintiffs' legal conclusions are protected opinion work product and information protected by the deliberative process privilege, attorney-client privilege, law enforcement privilege, as well as the joint prosecution, common interest privilege, and the attorney trial preparation and attorney work product doctrines. Plaintiffs are not withholding any documents based on this privilege objection.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 101 of 139

**Meet and Confer Issue(s):**

> <u>Objection based on alleged absence of definition of "actual authority"</u>. Plaintiffs' objection that the term "actual authority" is not adequately defined is disingenuous in the extreme given Plaintiffs' repeated use of the similar term "authority to control" in describing Ms. Reeves relationship to Avid. *See, e.g.,* Complaint as para. 14. Without admitting that there is any ambiguity in the term, Plaintiffs should use whatever definition(s) that they used for the term "authority to control" in drafting the Complaint as the definition of "actual authority" for the purpose of producing documents in response to this Request.

> <u>Objection based on breadth and burden.</u> Fails for lack of required specificity and content (*See* General Objections above). Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face.

> <u>Lack of Clarity Regarding Scope of Production.</u> Plaintiffs do not state whether any documents are being withheld based on any of its several objections. Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 42:**

Please produce all **Documents** that the **State Law Action States** allege demonstrate that **Stacey S. Reeves** had the actual authority to make any decision on behalf Avid Telecom; *i.e.,* not just that she stated a position but that she had the authority to make the decision and did so on her own without input from Mr. Lansky).

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 102 of 139

Plaintiffs object to the term "actual authority" as the term is not defined and calls for a legal conclusion.

Plaintiffs object to this Request as it calls for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to the Request to the extent that is it vague and ambiguous as to whether it is seeking documents containing facts or responding Plaintiffs' application of the law to those facts.

Plaintiffs object to this Request to the extent it seeks factual documents on the grounds that it calls for documents that are in the possession, custody, or control of the Defendants.

Plaintiffs object to this Request to the extent it seeks documents in which responding Plaintiffs applied the law to facts. Documents relating to Plaintiffs' legal conclusions are protected opinion work product and information protected by the deliberative process privilege, attorney-client privilege, law enforcement privilege, as well as the joint prosecution, common interest privilege and the attorney trial preparation, and attorney work product doctrines. Plaintiffs are not withholding any documents based on this privilege objection.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Meet and Confer Issue(s):**

> <u>Objection based on alleged absence of definition of "actual authority"</u>. Plaintiffs' objection that the term "actual authority" is not adequately defined is disingenuous in the extreme given Plaintiffs' repeated use of the similar term "authority to

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 103 of 139

control" in describing Ms. Reeves relationship to Avid. *See, e.g.,* Complaint as para. 14. Without admitting that there is any ambiguity in the term, Plaintiffs should use whatever definition(s) that they used for the term "authority to control" in drafting the Complaint as the definition of "actual authority" for the purpose of producing documents in response to this Request.

<u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face.

<u>Lack of Clarity Regarding Scope of Production.</u>  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 43:**

Please produce all **Documents** that the **Lead Plaintiff States** allege demonstrate that **Stacey S. Reeves** was an employee of Avid Telecom.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to this Request as it calls for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 104 of 139

Plaintiffs object to the Request to the extent that is it vague and ambiguous as to whether it is seeking documents containing facts or responding Plaintiffs' application of the law to those facts.

Plaintiffs object to this Request to the extent it seeks factual documents on the grounds that it calls for documents that are in the possession, custody, or control of the Defendants.

Plaintiffs object to this Request to the extent it seeks documents in which responding Plaintiffs applied the law to facts. Documents relating to Plaintiffs' legal conclusions are protected opinion work product and information protected by the deliberative process privilege, attorney-client privilege, law enforcement privilege, as well as the joint prosecution, common interest privilege and the attorney trial preparation, and attorney work product doctrines. Plaintiffs are not withholding any documents based on this privilege objection.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Meet and Confer Issue(s):**

> <u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  Defendants are clearly entitled to receive documents alleged to evidence that Ms. Reeves was an employee of Avid and there is no reason to believe that producing them would be unduly burdensome.  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face.  If the requested documents are not produced, Defendants will be entitled to an order precluding the use of any documentary evidence on the issue of Ms. Reeves' authority.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 105 of 139

<u>Objection based on relevance.</u>  It is hard to imagine how this objection could have been made in good faith as Plaintiffs specifically allege that Ms. Reeves acted as the Vice President of Avid and, on that basis, that she should be personally liable for activities of the company.  *See* Compliant at para. 14, 71, 405.  Defendants are plainly entitled to full production of responsive documents.

<u>Objection based on vagueness.</u>  It is hard to imagine how this objection could have been made in good faith as Plaintiffs specifically allege that Ms. Reeves acted as the Vice President of Avid and, on that basis, that she should be personally liable for activities of the company. *See* Compliant at para. 14, 71, 405.  This Request clearly and directly seeks documents that support that allegation. Defendants are plainly entitled to full production of responsive documents.

<u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face.

<u>Lack of Clarity Regarding Scope of Production</u>.  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 44:**

Please produce all **Documents** that the **State Law Action States** allege demonstrate that **Stacey S. Reeves** was an employee of Avid Telecom.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 106 of 139

Plaintiffs object to extent that "State Law Action State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to this Request as calls for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to the Request to the extent that is it vague and ambiguous as to whether it is seeking documents containing facts or responding Plaintiffs' application of the law to those facts.

Plaintiffs object to this Request to the extent it seeks factual documents on the grounds that it calls for documents that are in the possession, custody, or control of the Defendants.

Plaintiffs object to this Request to the extent it seeks documents in which responding Plaintiffs applied the law to facts. Documents relating to Plaintiffs' legal conclusions are protected opinion work product and information protected by the deliberative process privilege, attorney-client privilege, law enforcement privilege, as well as the joint prosecution, common interest privilege and the attorney trial preparation, and attorney work product doctrines. Plaintiffs are not withholding any documents based on this privilege objection.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Meet and Confer Issue(s):**

> <u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  Defendants are clearly entitled to receive documents alleged to evidence that Ms. Reeves was an employee of Avid and there

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 107 of 139

is no reason to believe that producing them would be unduly burdensome. Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face. If the requested documents are not produced, Defendants will be entitled to an order precluding the use of any documentary evidence on the issue of Ms. Reeves' authority.

Objection based on relevance. It is hard to imagine how this objection could have been made in good faith as Plaintiffs specifically allege that Ms. Reeves acted as the Vice President of Avid and, on that basis, that she should be personally liable for activities of the company. *See* Compliant at para. 14, 71, 405. Defendants are plainly entitled to full production of responsive documents.

Objection based on vagueness. It is hard to imagine how this objection could have been made in good faith as Plaintiffs specifically allege that Ms. Reeves acted as the Vice President of Avid and, on that basis, that she should be personally liable for activities of the company. *See* Compliant at para. 14, 71, 405. This Request clearly and directly seeks documents that support that allegation. Defendants are plainly entitled to full production of responsive documents.

Objection based on breadth and burden. Fails for lack of required specificity and content (*See* General Objections above). Given that Plaintiffs' claims in this Case, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face.

Lack of Clarity Regarding Scope of Production. Plaintiffs do not state whether any documents are being withheld based on any of its several objections. Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 45:**

Please produce all **Documents** that constitute a conclusion by an agency (*e.g.,* the FCC) or court with jurisdiction that any specific call transited by Avid Telecom was illegal.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 108 of 139

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs object to the Request to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to the phrase "constitutes a conclusion by an agency" to the extent that such phrase is not defined, is vague and ambiguous and not relevant or determinative to the Plaintiffs' causes of action. Responding Plaintiffs interpret the phrase to mean documents which contain information sufficient to support a reasonable belief that a call transited by Avid Telecom was illegal.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, https://www.fcc.gov/robocall-facilitators-must-cease-and-desistsince, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs will not produce any documents because they are equally available to Defendants. *See, e.g.*, Complaint (ECF No. 1) at ¶¶ 110–19, 125; FCC, *Robocall Facilitators Must Cease and Desist*, https://www.fcc.gov/robocall-facilitators-must-cease-and-desist and publicly filed court documents.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 109 of 139

**Meet and Confer Issue(s):**

> <u>Objection based on breadth and burden.</u>  Fails for lack of required specificity and content (*See* General Objections above).  Given that Plaintiffs' claims, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face.  If the requested documents are not produced, Defendants will be entitled to an order precluding the use of any evidence regarding FCC decision-making about Avid calls.

> <u>Objection based on failure to define the phrase "constitutes a conclusion by an agency."</u>  Plaintiffs' feigned inability to understand the term "constitutes a conclusion by an agency" is absurd.  Plainly that phrase is intended to seek the production of documents that evidence a finding by of illegality by the FCC.  As Plaintiffs improperly rely on the issuance of tracebacks as purported evidence of illegality—which they plainly are not—any evidence supporting the allegation that the FCC has concluded that Defendants have acted illegally is clearly relevant and material.  To the extent that Plaintiffs continue to argue that more definition is required, Defendants state that the phrase "constitutes a conclusion by an agency" include any Memorandum Opinion and Order, Order, or the like issued by the Enforcement Bureau and/or by the full Commission, which contains a conclusion that any specific call transited by Avid Telecom was illegal.

> <u>Objection based on use of the term "illegal".</u>  This objection is disingenuous in the extreme as, among other things, that term appears at least 52 times in the Complaint.  *See, e.g.,* paras. 8, 19, 20, 23, 24, 25, 26, 34, 43, 45, 46, 62, 73, 77, 79, 80, 82, 83, 84, 85, 87, 88, 93, 94, 98, 99, 100, 102, 104, 105, 106, 109, 110, 114, 115, 116, 173, 179, 188, 201, 220, 287, 299, 302, 303, 317, 318, 319, 320, 321, 330, 331, 333, 343, 356, 371, 383, 400, 401, 403, 405, 412, 416, 430, 433, 435, 437, 456, and 458.  The word "illegal is also featured as in the heading of multiple sections of the Complaint and in the "Prayer for Relief".  Plaintiffs should use whatever definition(s) that they used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in response to this Request.

**Technology Law Group, L.L.C.** [SM]

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 110 of 139

<u>Objection based on relevance.</u>  It is hard to imagine how this objection could have been made in good faith as Plaintiffs specifically allege that Defendants transited billions of illegal calls.  As the regulatory body with authority to regulate the telecommunications services and carriers at issue, the fact or the absence of an order or the like from the FCC regarding the legality of Defendants operations—especially given the issuance of tracebacks to Avid—plainly meets the standard for discovery relevance.  Defendants are plainly entitled to full production of responsive documents.

<u>Lack of Clarity Regarding Scope of Production.</u>  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 48:**

Please produce all **Documents**, including without limitation, all press releases, statements to the press or any third party, made by each **Lead Plaintiff State** about any Defendant and/or this Civil Action.

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, and therefore requests records outside the scope of this litigation.

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 111 of 139

Plaintiffs object to this Request as overly broad and unduly burdensome, as well as vague and ambiguous, to the extent that it seeks all press releases, statements to the press and any third party without restricting the request to the scope of the subject matter of this litigation.

Plaintiffs object to this Request as it calls for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

The responding Plaintiffs object to the Request, to the extent it is seeking any non- public records, as seeking information protected by the deliberative process privilege, joint prosecution/common interest privilege, law enforcement privilege and the attorney trial preparation and attorney work product doctrines.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

**Meet and Confer Issue(s):**

> Objection based on breadth and burden. Fails for lack of required specificity and content (*See* General Objections above). Given that Plaintiffs' claims, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face. If the requested documents are not produced, Defendants will be entitled to an order precluding the use of any evidence regarding FCC decision-making about Avid calls.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 112 of 139

<u>Objection based on relevance.</u>  Plaintiffs' public statements regarding the actions undertaken by Avid are directly relevant both as a matter of fact and as a matter of credibility to the extent that they conflict with multiple allegations in the complaint.

<u>Lack of Clarity Regarding Scope of Production</u>.  Plaintiffs do not state whether any documents are being withheld based on any of its several objections.  Please so state and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 51:**

Please produce all **Documents**, including without limitation, all press releases, statements to the press or any third party, made by each **State Law Action State** about any Defendant and/or this Civil Action.

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to extent that "State Law Action State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, therefore requests records outside the scope of this litigation.

Plaintiffs object to this Request as overly broad and unduly burdensome, as well as vague and ambiguous, to the extent that it seeks all press releases, statements to the press and any third party without restricting the request to the scope of the subject matter of this litigation.

Plaintiffs object to this Request as it calls for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 113 of 139

The responding Plaintiffs object to the Request, to the extent it is seeking any non- public records, as seeking information protected by the deliberative process privilege, joint prosecution/common interest privilege, law enforcement privilege and the attorney trial preparation and attorney work product doctrines.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

**Meet and Confer Issue(s):**

Objection based on breadth and burden. Fails for lack of required specificity and content (*See* General Objections above). Given that Plaintiffs' claims, if accepted in full, could subject Plaintiffs to damages of nearly a billion dollars, Plaintiffs claims of proportionality are absurd on their face. If the requested documents are not produced, Defendants will be entitled to an order precluding the use of any evidence regarding FCC decision-making about Avid calls.

Objection based on relevance. Plaintiffs' public statements regarding the actions undertaken by Avid are directly relevant both as a matter of fact and as a matter of credibility to the extent that they conflict with multiple allegations in the complaint.

Lack of Clarity Regarding Scope of Production. Plaintiffs do not state whether any documents are being withheld based on any of its several objections. Please so state

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 114 of 139

and, if the statement is in the affirmative, please identify each document that is being withheld and all reasons why.

**Document Request 52:**

Please produce all **Documents** utilized by the **Lead Plaintiff States** to calculate the damages calculate the damages forth in the **Complaint** arising out of federal law.

**Response:**

Plaintiffs have no responsive documents as there are no damage calculations set forth in Plaintiffs' Complaint.

**Meet and Confer Issue(s):**

Defendants Request is not limited to damage calculations set forth in the Complaint. Defendant is entitled to all damage calculations regardless of whether they existed at the time that the Complaint was filed and regardless of whether they were reference in the Complaint.

Plaintiff is required to produce responsive documents when they come to exist and may not withhold them pending the service of its expert report. Please confirm that Plaintiffs will meet this obligation.

**Document Request 53:**

Please produce all **Documents** utilized by the **State Law Action State** to calculate the damages set forth in the **Complaint** arising out of state law.

**Response:**

Plaintiffs have no responsive documents as there are no damage calculations set forth in Plaintiffs' Complaint.

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 115 of 139

**Meet and Confer Issue(s):**

Defendants Request is not limited to damage calculations set forth in the Complaint. Defendant is entitled to all damage calculations regardless of whether they existed at the time that the Complaint was filed and regardless of whether they were reference in the Complaint.

Plaintiff is required to produce responsive documents when they come to exist and may not withhold them pending the service of its expert report. Please confirm that Plaintiffs will meet this obligation.

    <u>**Requests for Admission**</u>:

       General Meet and Confer Issue. FRCP Rule 36 provides that a matter is admitted unless, within 30 days after service of the request, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny.

    <u>**30(b)(6) Notices**</u>:

       To our knowledge, there is no barrier to taking the deposition of a representative of a governmental authority that is a party to a Complaint. As a general rule, this includes attorneys' general or their staff. At this point, Defendants' only request is for a designation of witnesses with knowledge. Defendants are plainly entitled to those designations. Defendants are prepared to meet and confer regarding the propriety of persons that are designated. Plaintiffs may not refuse wholesale to designate any witnesses with knowledge to address the topics set forth in the notices.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 116 of 139

We have reviewed your objections to our 30(b)(6) deposition notices.  For the most part, your objections appear to be nothing more than a boilerplate recitation of every conceivable objection regardless of whether it has any bearing to the content or the subject matter of the request.  We fail to see, under the most generous of views, how most of your objections were made in good faith.

For example, in paragraph b); we asked Respondent to identify a person knowledgeable of the facts supporting the "allegation of fact set forth in paragraph 89.gg. of the Complaint that Avid Telecom routed more than 46,375 calls containing unlawful content to phone numbers with North Carolina area codes." By any measure, this topic is extremely narrowly directed to a single representation of fact in a single paragraph of the Complaint.  Nonetheless, Plaintiffs objected on the basis the request is:

*Vague*.    No explanation is offered as to why this Request is supposedly "vague" and it plainly is not.  The Request is specifically tied to the language in paragraph 89.gg. of the Complaint, which alleges Avid Telecom routed over 46,375 calls with unlawful content to North Carolina area codes. The Request merely seeks the identification and designation of a person with knowledge of the facts that support this allegation.  It is literally inconceivable how this Request could be less "vague."  As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Ambiguous*.      No explanation is offered as to why this request is supposedly "ambiguous" and it plainly is not.   The Request is specifically tied to the language in paragraph 89.gg. of the Complaint, which alleges Avid Telecom routed over 46,375 calls with unlawful content to North Carolina area codes. The Request merely seeks the identification and designation of a person with knowledge of the facts that support this allegation.  The number of calls as well as the terms "routed," "unlawful content," and "North Carolina area codes" were chosen by North Carolina and come directly from the Complaint. It is literally inconceivable as to how this Request could be less "ambiguous".  As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 117 of 139

North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Unintelligible*.    No explanation is offered as to why this request is supposedly "unintelligible" and it plainly is not.    The Request merely seeks the identification and designation of a person with knowledge of the facts that support this allegation.   The number of calls as well as the terms "routed," "unlawful content," and "North Carolina area codes" were chosen by North Carolina and come directly from its Complaint. The concept that a Request that is specifically tied to the words used by the State of North Carolina in its Complaint is "unintelligible" is literally the dictionary definition of disingenuous.   As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Fails to Describe the Matters for Examination with Any Reasonable Particularity*.  No explanation is offered as to why this request supposedly lacks sufficient "particularity". Under FRCP 30(b)(6), a deposition notice must describe the matters for examination with "reasonable particularity" to allow the organization to designate an appropriate witness. This request meets that standard by pinpointing specific language found in paragraph 89.gg., which alleges specific conduct by Avid Telecom.  The request is not overly general or open-ended; it focuses on a single, well-defined allegation (*i.e.,* 46,375 calls), which plainly enables to understand the knowledge base at issue and thus to identify a witness with relevant knowledge.  As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Overbroad*.    No explanation is offered as to why this request supposedly "overbroad", and it plainly is not. The Request is narrowly tailored to a specific factual allegation in the Complaint. It does not seek information about all of Avid Telecom's operations or unrelated activities but focuses solely on the alleged routing of 46,375 calls with unlawful content to North Carolina area codes. The limited scope of the Request ensures that it is proportional to Defendants' needs. As the State of North Carolina relies

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 118 of 139

heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Unduly Burdensome*.    No explanation (*e.g.,* time or personnel required or cost) is offered as to why this request supposedly "burdensome", let alone "unduly burdensome" and thus is fails on this ground alone. The request is not unduly burdensome because it only asks for the identity of a person knowledgeable about a single, specific allegation. Identifying such a person requires minimal effort. The burden of designating a witness under FRCP 30(b)(6) is a standard litigation obligation. As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Harassing*.    No explanation is provided as to how a Request that merely seek the identification of a fact witness to testify about a specific allegation of fact in Plaintiffs' Complaint could conceivably be "harassing."  The request is not harassing, as it seeks the designation of a witness with knowledge of facts that are directly taken from a material allegation in the Complaint. There is neither evidence nor any reason to believe that the request is intended to annoy, embarrass, or oppress. Requesting the identity of a witness to testify about a material factual claim is a standard discovery practice and does not constitute harassment. As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Oppressive*.  No explanation is provided as to how a Request that merely seek the identification of a fact witness to testify about a specific allegation of fact in Plaintiffs' Complaint could conceivably be "oppressive."  The request is not oppressive because it imposes no excessive or disproportionate burden. It asks for the identification of one individual with knowledge of a specific allegation, which is a routine discovery request. The effort required to comply is minimal compared to the importance of the information

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 119 of 139

in resolving the litigation. As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

   *Not Proportional to the Needs of the Litigation*.   No explanation is provided as to how a Request that merely seek the identification of a fact witness to testify about a single specific allegation of fact in Plaintiffs' Complaint could conceivably not be proportional to the needs of the litigation.   Indeed, if accepted, the claim could result in a damage assessment of nearly 70 million dollars in damages.   This request is proportional because the allegation of fact in paragraph 89.gg. are central to the Plaintiff's claims and the cost of compliance is an infinitesimal portion of the clamed damages. Identifying the PMK for this allegation is critical to understanding the factual basis of the claim and is narrowly tailored to avoid unnecessary burden.

   *Exceeds the Scope*.   No explanation is provided as to how a Request that merely seek the identification of a fact witness to testify about a single specific allegation of fact in Plaintiffs' Complaint could conceivably exceed the scope of permitted discovery.   The objection is absurd on its face and appears to have been asserted in bad faith.   As the allegations of fact that underly this Request is found in paragraph 89.gg. the surrounding facts are, by definition, relevant.   The identity of a witness with knowledge has not already been produced. Even if related documents or data were produced, the identity of a witness with knowledge is a distinct discovery request aimed at facilitating deposition testimony, which is separate from document production. As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

   *Already Within Possession/Control of Defendant*.   This objection is plainly asserted in bad faith.   The identity of a witness with knowledge has not already been provided. Even if related documents or data were produced, the identity of a witness with knowledge is a distinct discovery request aimed at facilitating deposition testimony, which is separate from document production. As the State of North Carolina relies heavily on the sustainability of

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 120 of 139

this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Already Produced.* As Plaintiffs plainly understand, this is not a valid objection to a notice issued under Rule 30(b)(6) and it is plainly asserted in bad faith. The identity of a witness with knowledge has not already been provided and Defendants are not required to make that identification based on documents produced. As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Attorney-Client Privileged.* The identity of the PMK (person most knowledgeable) is not protected by attorney-client privilege, which covers confidential communications between a client and attorney for legal advice. The request seeks a factual designation of a person with knowledge of the facts alleged in paragraph 88.gg; it does not seek any privileged communications. Plaintiffs provide no basis to believe that the identification of a witness would implicate such communications. As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Work-Product.* The work-product doctrine protects materials prepared in anticipation of litigation. Plaintiffs offer no reason to believe any issue of work product is implicated through these Requests, and, in any event, that is an issue to be handled at the deposition and trial, not in response to a notice under Rule 30(b)(6). The identity of a witness with knowledge of the facts in paragraph 89.gg. is not work-product, as the subject matter of the Request only involves factual knowledge about the allegation of fact set forth in paragraph 88.gg, not any attorney-created materials. The request does not seek litigation strategies or attorney mental impressions. As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness,

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 121 of 139

Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Common Interest Privilege*.    The common interest privilege applies when parties with a shared legal interest exchange privileged information. Nothing of the sort has happened here and Plaintiffs' objection provides no basis to believe to the contrary.  This request does not implicate such communications, as it only seeks the identity of a witness with factual knowledge about the facts alleged in paragraph 88.gg. As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Deliberative Process Privilege*.    The deliberative process privilege protects internal government decision-making processes. This privilege is irrelevant here, as the request seeks a witness with knowledge of facts about a count of calls allegedly transited by Defendants, nothing more. As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Law Enforcement and Investigations Privileges*.    These privileges protect ongoing law enforcement investigations or sensitive government records. The request does not seek investigative materials or law enforcement records.    Rather, it merely seeks the identification of a witness with knowledge of how a call count was derived.  Any notion that this request implicates an enforcement investigation or sensitive governmental records (the number was included in a publicly filed Complaint) is absurd on its face.  As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 122 of 139

*Any Other Applicable Privilege, Immunity, or Protection Against Disclosure.* No explanation is offered as to which additional privileges North Carolina believes apply and no other privileges (*e.g.,* spousal, clergy, or trade secret protections) appear applicable. The request seeks the identity of a witness with knowledge, is not subject to specialized protections. This objection is yet another example of the baseless, kitchen sink approach to objections taken by Plaintiffs. If North Carolina believes a specific protection applies (*e.g.,* trade secrets for call-routing data), it must articulate a factual basis, but the identity itself is unlikely to be protected. As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Seeks Legal Theories of the Case.* No explanation is offered as to why this request supposedly seeks legal theories. It plainly does not. The Request does not seek legal theories or conclusions. The Request asks for the identity of the of a *fact* witness with knowledge to testify regarding a specific allegation regarding the number of allegedly illegal calls. As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Seeks Information About Which North Carolina Has No Direct Knowledge.* This objection is invalid and troubling. North Carolina must have had direct knowledge of all of the facts set forth in paragraph 88.99 for it to have made in that paragraph 89.gg of the Complaint in good faith and in consistent with its ethical obligations to the Court. If North Carolina fails to withdraw this objection immediately, Defendants will have no choice but to assume that North Carolina is admitting that it presented the allegations in paragraph 89.gg without any factual basis. In that event, Defendants will seek appropriate preclusive rulings as well as sanctions under FRCP Rule 11. Moreover, as the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 123 of 139

*Seeks Personally Sensitive, Confidential, or Protected Information.* North Carolina provides no facts in support of this objection, and it is absurd on its face. The request seeks only the designation of a witness with knowledge, no personally sensitive or confidential information about the individual is sought. Should any actual confidentiality concerns arise, can be addressed through the in-place Protective Order. As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Seeks Information Beyond FRCP, FRE, and Local Rules.* North Carolina provides no explanation as to why this Request supposedly seeks information beyond the allowed scope of the FRCP, FRE or the Local Rules. To the contrary, the Request complies fully with FRCP 30(b)(6), which allows a party to notice a deposition of an organization and specify the matters for examination. The request is also consistent with FRCP 26(b)(1) (relevance and proportionality) and does not violate FRE or local rules, as it seeks a witness to testify about a factual allegation in the Complaint. No specific rule violation is apparent. As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

*Premature: Wait for Expert Disclosures.* The request is not premature, as it seeks a fact witness to provide *fact* testimony under FRCP 30(b)(6), not an expert witness to provide expert (*opinion*) testimony under FRCP 26(a)(2). The allegation in paragraph 89.gg. involves factual matters (call routing, unlawful content, North Carolina area codes), which are appropriate for a fact witness deposition at any stage of discovery. Expert disclosures are irrelevant to this Request. As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

**Technology Law Group, L.L.C.** ^SM

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 124 of 139

*Not Suited for Oral Testimony*.    North Carolina provides no explanation as to why this Request is not well-suited for oral testimony.  FRCP 30(b)(6) expressly contemplates deposing a corporate representative to testify about matters within the organization's knowledge. The allegation in paragraph 89.gg. involves specific factual claims about call routing, which a fact witness can address through testimony. Indeed, it is only the back and forth available through oral testimony that will allow Defendants to understand the basis of the allegations of fact set forth in paragraph 88.gg.  Written discovery (*e.g.,* interrogatories) following the deposition might complement this request, but oral testimony is an appropriate and standard method to explore facts of this nature. As the State of North Carolina relies heavily on the sustainability of this allegation, the refusal to designate a witness to testify is plainly improper and prejudicial and, should North Carolina refuse to designate a witness, Defendants will seek sanctions, including baring the presentation of any testimony on this issue.

The burden of proving the validity of an objection (if challenged) is on the objecting party. *Cornet Stores v. Superior Court*, 108 Ariz. 84, 86 (1972).  Plaintiffs' objections do not come close to meeting this standard.

### Requests for Admission

We believe that a number of your responses to these requests are false and, likely, knowingly false.  Rule 37 of the Arizona Rules of Civil Procedure outlines other potential sanctions for discovery abuses, which can include: (i) Prohibiting the use of certain witnesses or exhibits at trial; (ii) Striking a pleading or a claim or defense; (iii) Entering a default judgment; (iv) Assessing reasonable attorneys' fees, costs, and expenses against the offending party; and (v) civil penalties, including monetary ones.

**Request for Admission No. 1:**

Please admit that none of the **Lead Plaintiff States** have facts that support the allegation that Mr. Lansky had **Actual Knowledge,** *at the time that it transited the Avid Telecom network,* that any specific call was illegal.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 125 of 139

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No. 1.

**Meet and Confer Issue(s):**

We believe that this Response is false. Among other things unless Defendants actually initiated a call and/or selected the party be called, neither of which ever occurred, it would be literally impossible for Defendants to have **Actual Knowledge,** *at the time that the call transited the Avid Telecom network,* that any specific call was illegal. Demand is made that Plaintiffs either correct this Response to the affirmative or that it identify the facts that support the allegation that Mr. Lansky had **Actual Knowledge,** *at the time that it transited the Avid Telecom network,* that any specific call was illegal. As such, your denial cannot be true. Demand is made that Plaintiffs either revise their Response to "admit" or that Plaintiffs explain how Defendants could have had **Actual Knowledge,** *at the time it transited the Avid Telecom network,* that any specific call was illegal.

**Request for Admission No. 2:**

Please admit that none of the **State Law Action States** have facts that support the allegation that Mr. Lansky had **Actual Knowledge,** *at the time that it transited the Avid Telecom network,* that any specific call transited by Avid Telecom was illegal.

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No. 2.

**Meet and Confer Issue(s):**

We believe that this Response is false. Among other things unless Defendants actually initiated a call and/or selected the party be called, neither of which ever

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 126 of 139

occurred, it would be literally impossible for Defendants to have **Actual Knowledge,** *at the time that the call transited the Avid Telecom network,* that any specific call was illegal.  Demand is made that Plaintiffs either correct this Response to the affirmative or that it identify the facts that support the allegation that Mr. Lansky had **Actual Knowledge,** *at the time that it transited the Avid Telecom network,* that any specific call was illegal. As such, your denial cannot be true. Demand is made that Plaintiffs either revise their Response to "admit" or that Plaintiffs explain how Defendants could have had **Actual Knowledge,** *at the time it transited the Avid Telecom network,* that any specific call was illegal.

**Request for Admission No. 3:**

Please admit that none of the **Lead Plaintiff States** have facts that support the allegation that Mr. Lansky had **Actual Knowledge** that any specific call transited by Avid Telecom was illegal.

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No. 3.

**Meet and Confer Issue(s):**

We believe that this Response is false.  Among other things unless Defendants actually initiated a call and/or selected the party be called, neither of which ever occurred, it would be literally impossible for Defendants to have **Actual Knowledge,** *at the time that the call transited the Avid Telecom network,* that any specific call was illegal.  Demand is made that Plaintiffs either correct this Response to the affirmative or that it identify the facts that support the allegation that Mr. Lansky had **Actual Knowledge,** *at the time that it transited the Avid Telecom network,* that any specific call was illegal. As such, your denial cannot be true. Demand is made that Plaintiffs either revise their Response to "admit" or that Plaintiffs explain how Defendants could have had **Actual Knowledge,** *at the time it transited the Avid Telecom network,* that any specific call was illegal.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 127 of 139

**Request for Admission No. 4:**

Please admit that none of the **State Law Action States** have facts that support the allegation that Mr. Lansky had **Actual Knowledge** that any specific call transited by Avid Telecom was illegal.

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No. 4.

**Meet and Confer Issue(s):**

> We believe that this Response is false. Among other things unless Defendants actually initiated a call and/or selected the party be called, neither of which ever occurred, it would be literally impossible for Defendants to have **Actual Knowledge,** *at the time that the call transited the Avid Telecom network,* that any specific call was illegal. Demand is made that Plaintiffs either correct this Response to the affirmative or that it identify the facts that support the allegation that Mr. Lansky had **Actual Knowledge,** *at the time that it transited the Avid Telecom network,* that any specific call was illegal. As such, your denial cannot be true. Demand is made that Plaintiffs either revise their Response to "admit" or that Plaintiffs explain how Defendants could have had **Actual Knowledge,** *at the time it transited the Avid Telecom network,* that any specific call was illegal.

**Request for Admission No. 5:**

Please admit that no regulatory authority in any of the **Lead Plaintiff States** has determined any call associated with the **Complaint** to be illegal.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 128 of 139

**Response:**

Plaintiffs object to the term "regulatory authority" to the extent that it is undefined and vague.

Plaintiffs object to the term "determined" to the extent that it is undefined and vague.

Plaintiffs object to the phrase, "call associated with the Complaint" as vague and overbroad.

Plaintiffs object to Defendants' Request as the term "illegal" is not defined and to the extent that it calls for legal conclusions or requires Plaintiffs to undertake legal research for Defendants or to analyze or organize factual evidence for Defendants.

Plaintiffs object to the term "Lead Plaintiff States" as defined by Defendant as factually incorrect, overbroad, and unduly burdensome, and to the extent that it purports to enlarge, expand, or in any way alter the plain meaning and scope of the Federal Rules of Civil Procedure. State attorneys general are the Plaintiffs who brought this action and are responding to the Request. State attorneys general construe this term to refer to the units, departments, or subdivisions known to have been involved in this action or underlying investigation.

Plaintiffs object to this Request to the extent that it suggests that a determination of illegality by a regulatory authority regarding a call associated with the Complaint is required for a successful claim under Plaintiffs' causes of action.

Plaintiffs object to this Request as not proportional to the needs of the case, calling for Plaintiffs to confer with an indefinite number of state and federal courts and agencies as to whether they ever determined that any of the calls associated with the Complaint were illegal. Subject to this objection, responding Plaintiffs have conducted a diligent search of the records available to them and are without knowledge. Therefore, Plaintiffs are unable to admit or deny whether any third-party regulators have determined that any call associated with the Complaint is illegal.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 129 of 139

Plaintiffs object to the term "determined" to the extent that it is undefined and vague.

Plaintiffs object to the phrase, "call associated with the Complaint" as vague and

**Meet and Confer Issue(s):**

> Plaintiffs' objections are disingenuous and without merit. Plaintiffs' entire case is predicated on the allegation that Defendants' must have known that they were transiting illegal calls because there were *allegations* that the calls that came to their network from third parties were illegal. Defendants are entitled to an admission that not a single regulatory authority in any of the Lead Plaintiff States has ever determined any call associated with the **Complaint** to be illegal.

With respect to the specific objections:

> Objection based on failure to define term "regulatory authority", "determined" "call associated with the Complaint." Given that each of these terms is well understood, these objections are absurd and border on the frivolous. However, to obtain a response, the following clarifications are provided. The term "regulatory authority" includes any governmental authority with the authority to regulate telecommunications or any other matter relevant to the legal claims set forth in the Complaint. The term "determined" is defined to mean, "to find out or come to a decision by investigation or other means." Finally, the term "call associated with the Complaint" is defined to include any and all calls which Plaintiffs allege to have been illegal.

> Objection based on use of the term "illegal". This objection is disingenuous in the extreme as, among other things, that term appears at least 52 times in the Complaint. *See, e.g.,* paras. 8, 19, 20, 23, 24, 25, 26, 34, 43, 45, 46, 62, 73, 77, 79, 80, 82, 83, 84, 85, 87, 88, 93, 94, 98, 99, 100, 102, 104, 105, 106, 109, 110, 114, 115, 116, 173, 179, 188, 201, 220, 287, 299, 302, 303, 317, 318, 319, 320, 321, 330, 331, 333, 343, 356, 371, 383, 400, 401, 403, 405, 412, 416, 430, 433, 435, 437, 456, and 458. The word "illegal is also featured as in the heading of multiple sections of the Complaint and in the "Prayer for Relief". Plaintiffs should use whatever definition(s) that they

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 130 of 139

    used for the term "illegal" in drafting the Complaint as the definition of "illegal" for the purpose of producing documents in response to this Request.

**Request for Admission No. 6:**

Please admit that no regulatory authority in any of the **State Law Action States** has determined any call associated with the **Complaint** to be illegal.

**Response:**

Plaintiffs object to the term "regulatory authority" to the extent that it is undefined and vague overbroad.

Plaintiffs object to Defendants' Request as the term "illegal" is not defined and to the extent that it calls for legal conclusions or requires Plaintiffs to undertake legal research for Defendants or to analyze or organize factual evidence for Defendants.

Plaintiffs object to the term State Law Action States as defined by Defendant as factually incorrect, overbroad, and unduly burdensome, and to the extent that it purports to enlarge, expand, or in any way alter the plain meaning and scope of the Federal Rules of Civil Procedure. State attorneys general are the Plaintiffs who brought this action and are responding to the Request. State attorneys general construe this term to refer to the units, departments, or subdivisions known to have been involved in this action or underlying investigation.

Plaintiffs object to this Request to the extent that it suggests that a determination of illegality by a regulatory authority regarding a call associated with the Complaint is required for a successful claim under Plaintiffs' causes of action.

Plaintiffs object to this Request as not proportional to the needs of the case, calling for Plaintiffs to confer with an indefinite number of state and federal courts and agencies as to whether they ever determined that any of the calls associated with the Complaint were illegal. Subject to this objection, responding Plaintiffs have conducted a diligent search of the records available to them and are without knowledge. Therefore, Plaintiffs are unable

**Technology Law Group, L.L.C.** [SM]

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

to admit or deny whether any third-party regulators have determined that any call associated with the Complaint is illegal.

**Meet and Confer Issue(s):**

> Plaintiffs' objections are disingenuous and without merit. Plaintiffs' entire case is predicated on the allegation that Defendants' must have known that they were transiting illegal calls because there were *allegations* that the calls that came to their network from third parties were illegal. Defendants are entitled to an admission that not a single regulatory authority in any of the Lead Plaintiff States has ever determined any call associated with the **Complaint** to be illegal.

**Request for Admission No. 7:**

Please admit that none of the **Lead Plaintiff States** have **Direct Evidence** from the **Customer of Record** that allegedly received a call associated with the **Complaint** evidencing that the **Customer of Record** had not agreed to receive that call.

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No. 7.

**Meet and Confer Issue(s):**

> We believe that this Response is false. Demand is made that that Plaintiffs either revise their Response to "admit" or that Plaintiffs identify the Customers of Record who told Plaintiffs that they had not agreed to receive that call associated with the Complaint.

**Request for Admission No. 8:**

**Technology Law Group, L.L.C. ᴸᴹ**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 132 of 139

Please admit that none of the **State Law Action States** have **Direct Evidence** from the **Customer of Record** that allegedly received a call associated with the **Complaint** evidencing that the **Customer of Record** had not agreed to receive that call.

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No. 8.

**Meet and Confer Issue(s):**

> We believe that this Response is false. Demand is made that that Plaintiffs either revise their Response to "admit" or that Plaintiffs identify the Customers of Record who told Plaintiffs that they had not agreed to receive that call associated with the Complaint.

**Request for Admission No. 9:**

Please admit that none of the **Lead Plaintiff States** have **Direct Evidence** that any telephone number associated with the **Complaint** that was allegedly on the Do Not Call List was a residential (home) customer.

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No. 9.

**Meet and Confer Issue(s):**

> We believe that this Response is false. Demand is made that that Plaintiffs either revise their Response to "admit" or that Plaintiffs identify the telephone number(s) associated with the **Complaint** that was allegedly on the Do Not Call List that was a residential (home/personal) number.

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 133 of 139

**Request for Admission No. 10:**

Please admit that none of the **State Law Action States** have **Direct Evidence** that any telephone number associated with the **Complaint** that was allegedly on the Do Not Call List was a residential (home) customer.

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No. 10.

**Meet and Confer Issue(s):**

> We believe that this Response is false. Demand is made that that Plaintiffs either revise their Response to "admit" or that Plaintiffs identify the telephone number(s) associated with the **Complaint** that was allegedly on the Do Not Call List that was a residential (home/personal) number.

**Request for Admission No. 11:**

Please admit that none of the calls associated with a **Traceback** issued to Avid Telecom was determined by the FCC Enforcement Bureau to be an illegal robocall.

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No. 11.

**Meet and Confer Issue(s):**

> We believe that this Response is false. Demand is made that that Plaintiffs either revise their Response to "admit" or that Plaintiffs identify the calls associated with a **Traceback** issued to Avid Telecom was *determined by the FCC Enforcement Bureau* to be an illegal robocall.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 134 of 139


**Request for Admission No. 12:**

Please admit that none of the calls associated with a **Traceback** issued to Avid Telecom was determined by any other state or federal law enforcement authority or agency with jurisdiction to be an illegal robocall.

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No. 12.

**Meet and Confer Issue(s):**

> We believe that this Response is false. Demand is made that that Plaintiffs either revise their Response to "admit" or that Plaintiffs identify the calls associated with a **Traceback** issued to Avid Telecom was ***determined by*** state or federal law enforcement authority or agency with jurisdiction to be an illegal robocall.to be an illegal robocall.

**Request for Admission No. 13:**

Please admit that none of the **Lead Plaintiff States** have **Direct Evidence** that Avid Telecom had an agreement to provide any telecommunications service to the person or entity that was selling or marketing the underlying product or service identified in the call (*e.g.,* a warranty service provider).

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No.13.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 135 of 139

**Meet and Confer Issue(s):**

>We believe that this Response is false. Demand is made that that Plaintiffs either revise their Response to "admit" or that Plaintiffs identify the agreement(s) under which Defendants agreed provide any telecommunications service to the person or entity that was selling or marketing the underlying product or service identified in the call (*e.g.,* a warranty service provider).

**Request for Admission No. 14:**

Please admit that none of the **State Law Action States** have **Direct Evidence** that Avid Telecom had an agreement to provide any telecommunications service to the person or entity that was selling or marketing the underlying product or service identified in the call (*e.g.,* a warranty service provider).

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No. 14.

**Meet and Confer Issue(s):**

>We believe that this Response is false. Demand is made that that Plaintiffs either revise their Response to "admit" or that Plaintiffs identify the agreement(s) under which Defendants agreed provide any telecommunications service to the person or entity that was selling or marketing the underlying product or service identified in the call (*e.g.,* a warranty service provider).

**Request for Admission No. 18:**

Please admit that none of the **Lead Plaintiff States** sought or received permission directly from customers of **YouMail** to utilize their data.

**Technology Law Group, L.L.C. ᔆᴹ**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 136 of 139

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs admit Request No. 18 to the extent that responding Plaintiffs did not directly receive permission from YouMail subscribers. Lead Plaintiff States relied on the YouMail Terms of Use Agreement. *See* YouMail, *YouMail Terms of Use Agreement*, https://www.youmail.com/terms (Section 5, "YouMail As Your Agent").

**Meet and Confer Issue(s):**

> We accept your admission, but not that the YouMail Terms and Conditions allow for the scraping of personal voicemail data or the delivery of those data to third parties, including Plaintiffs, presumably through misuse of interstate wires.

**Request for Admission No. 19:**

Please admit that some of the data utilized by the **State Law Action States** in the **Complaint** was obtained from customers of **YouMail**.

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs admit Request No. 19, to the extent that certain data referenced in the Complaint involved calls placed to YouMail subscribers.

**Meet and Confer Issue(s):**

> We accept your admission, but not that the YouMail Terms and Conditions allow for the scraping of personal voicemail data or the delivery of those data to third parties, including Plaintiffs, presumably through use of the interstate wires.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 137 of 139

**Request for Admission No. 20:**

Please admit that none the **State Law Action States** sought or received permission directly from customers of **YouMail** to utilize their data.

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs admit Request No. 20, to the extent that responding Plaintiffs did not directly receive permission from YouMail subscribers. Responding Plaintiffs relied on the YouMail Terms of Use Agreement. *See* YouMail, *YouMail Terms of Use Agreement*, https://www.youmail.com/terms (Section 5, "YouMail As Your Agent").

**Meet and Confer Issue(s):**

> We accept your admission, but not that the YouMail Terms and Conditions allow for the scraping of personal voicemail data or the delivery of those data to third parties, including Plaintiffs, presumably through use of the interstate wires.

**Request for Admission No. 22:**

Please admit that none of the **Lead Plaintiff States** have evidence that the person or entity that recorded the calls had provided consent to record, where required (*i.e.,* in states requiring two party consent), to record those calls.

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No. 22.

**Technology Law Group, L.L.C.** <sup>SM</sup>

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 138 of 139

**Meet and Confer Issue(s):**

> We believe that this Response is false.  Demand is made that that Plaintiffs either revise their Response to "admit" or that Plaintiffs identify the person or entity that recorded the calls had consent, where required (*i.e.,* in states requiring two party consent), to record those calls.

**Request for Admission No. 24:**

Please admit that none of the **State Law Action States** know whether the person or entity that recorded the calls had consent, where required (*i.e.,* in states requiring two party consent), to record those calls.

**Response:**

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No. 24.

**Meet and Confer Issue(s):**

> We believe that this Response is false.  Demand is made that that Plaintiffs either revise their Response to "admit" or that Plaintiffs identify the person or entity that recorded the calls had consent, where required (*i.e.,* in states requiring two party consent), to record those calls.

**Request for Admission No. 29:**

Please admit that the **Lead Plaintiff States** have no **Direct Evidence** that **Stacey Reeves** was an employee of Avid Telecom (*i.e.,* that she received a W-2 for federal tax purposes).

**Response**:

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No. 29.

**Technology Law Group, L.L.C. <sup>SM</sup>**

Erin B. Leahy, Esq.
Senior Assistant Attorney General
Office of Attorney General Dave Yost
July 17, 2025

Page 139 of 139

**Meet and Confer Issue(s):**

We believe that this Response is false. Demand is made that that Plaintiffs either revise their Response to "admit" or that Plaintiffs identify the facts evidencing that Ms. Reeves was a lawful employee of Avid Telecom.

**Request for Admission No. 30:**

Please admit that the **Lead Plaintiff States** have no **Direct Evidence** that **Stacey Reeves** had the authority to bind Avid Telecom to any statement or action.

**Response**:

Subject to and without waiving the Preliminary Statements, General Objections, and Objections to Instructions and Definitions, responding Plaintiffs deny Request No. 30.

**Meet and Confer Issue(s):**

We believe that this Response is false. Demand is made that that Plaintiffs either revise their Response to "admit" or that Plaintiffs identify the facts evidencing that Ms. Reeves had the authority to bind Avid Telecom to any statement or action.

Your substantive written response to each of the issues set forth in this letter is requested by Thursday, July 24, 2025. We request that we be provided with a separate response from each Lead State Plaintiff and from each State Law Claim Plaintiff or that each Lead State Plaintiff and each State Law Claim Plaintiff provide a certification that it agrees with and adopts all aspects of the written response.

Very truly yours,

    /s/ Neil S. Ende_____
Neil S. Ende
Greg L. Taylor

cc: Lead Plaintiff State AGs

# Exhibit F

| From: | Erin Leahy |
|---|---|
| To: | Neil Ende; Sparko, Rochelle |
| Cc: | Nayer, Tracy; Martindale Thomas L; Swetnam Douglas; Singer Nelson Michel; Dilweg Laura; Pelton Sarah; Meislik Alyse; Jones Dylan; Trombley Nikki; Dillon IV John; Greg Taylor |
| Subject: | RE: [AZ v. Avid Telecom] RE: Documents Received by AGs In Response to Subpoenas to Financial Institutions |
| Date: | Wednesday, August 6, 2025 4:15:27 PM |
| Attachments: | image001.png |
| | Pls' Response to Defs July 17 2025 Discovery Ltr.pdf |

Neil and Greg,

Attached please find Plaintiffs' written responses to Defendants' July 17 letter raising discovery disputes.

In its August 1, 2025 email, the Court required us to meet and confer within one week or at least agree to the date of the consultation within one week. Should the Plaintiffs' attached responses not resolve the Defendants' disputes, we are available to further meet and confer on the following dates/times:

Thursday, August 7th: 12pm-1pm or 2-3pm;
Friday, August 8th: 2pm-3:30pm; or
Tuesday, August 12th : 12pm-2pm or 3-5pm.
(All times referenced are Eastern time zone)

Please let us know which of these days/times would work best for Defendants should you find further conferral necessary.

Sincerely,



Erin B. Leahy
Senior Assistant Attorney General
Consumer Protection Section
Office of Ohio Attorney General Dave Yost

30 East Broad St., 14th Floor
Columbus, Ohio 43215

Office number: 614-752-4730
Erin.Leahy@OhioAGO.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

**From:** Erin Leahy
**Sent:** Tuesday, August 5, 2025 2:00 PM
**To:** Neil Ende <nende@tlgdc.com>; Sparko Rochelle <rsparko@ncdoj.gov>

**Cc:** Nayer Tracy <Tnayer@ncdoj.gov>; Martindale Thomas L <Thomas.Martindale@atg.in.gov>; Swetnam Douglas <douglas.swetnam@atg.in.gov>; Singer Nelson Michel <michel.singernelson@coag.gov>; Dilweg Laura <Laura.Dilweg@azag.gov>; Pelton Sarah <Sarah.Pelton@azag.gov>; Meislik Alyse <Alyse.Meislik@azag.gov>; Jones Dylan <Dylan.Jones@azag.gov>; Trombley Nikki <Nikki.Trombley@azag.gov>; Dillon IV John <John.DillonIV@azag.gov>; Greg Taylor <gtaylor@tlgdc.com>
**Subject:** RE: [AZ v. Avid Telecom] RE: Documents Received by AGs In Response to Subpoenas to Financial Institutions

Neil,

As we've indicated previously, we will not tolerate your attempts to create a false record regarding Plaintiffs' responses on discovery issues.  Your mischaracterizations of Plaintiffs efforts are ridiculous. We have not ignored your requests and in fact, have gone to great efforts to accommodate your request to meet and confer.  We remind you that, *at your request*, **21 attorneys representing 13 Plaintiff States** assembled for a meet and confer on July 15 that you failed to attend.  In addition, despite your co-counsel's representations that he would provide an outline of disputes in advance of that meeting so that we could be prepared for a meaningful discussion, he failed to do so.  Rather, he appeared wholly unprepared at the meeting with 21 Plaintiffs' attorneys in attendance. In fact, he refused to discuss the "2-3 hours" worth of disputes he claimed would be discussed.  It was a significant investment of Plaintiffs' attorney time with little accomplished. As you did not attend, I am again attaching our memorialization of the substance of that meeting meet and confer.

Rather than using the time at the July 15 meet and confer that Plaintiffs had already set aside at your request, you sent a 139-page letter on the evening of July 17 and demanded a response within one week on behalf of 13 Plaintiffs.  Despite your claims that we have repeatedly ignored your request, I responded on July 21 indicating that we would review the letter and respond as appropriate within a reasonable amount of time. Additionally, John Dillon also responded to you on July 30 indicating that we planned to respond within one week – which we intend to do.  Repeated emails from you demanding responses and claiming that we are ignoring your requests are not productive and do not accurately reflect the discovery record.

I also remind you that while you demanded that 13 Plaintiffs respond within one week to Defendants' 139-page letter, Defendants Avid Telecom and Reeves provided ***outrageously*** late and insufficient written responses on *July 21 and 22* to discovery demands that were originally due *March 24* and *April 7 with extensions to May 2.*  The responses provided to us that somehow you "inadvertently" attached the same response to your May 2 email three times are disingenuous.  If that were the case, you had ample opportunity to correct that type of error in response to the repeated emails we sent you about it as early as May 5.  You choose to ignore the emails for ***more than two full months***.  In addition, you have not provided substantive responses to our disputes to those responses outlined in emails from John Dillon on July 21 and July 29.

Sincerely,



Erin B. Leahy
Senior Assistant Attorney General
Consumer Protection Section
Office of Ohio Attorney General Dave Yost
30 East Broad St., 14th Floor
Columbus, Ohio 43215

Office number: 614-752-4730
Erin.Leahy@OhioAGO.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

**From:** Neil Ende <nende@tlgdc.com>
**Sent:** Monday, August 4, 2025 7:52 PM
**To:** Sparko Rochelle <rsparko@ncdoj.gov>
**Cc:** Nayer Tracy <Tnayer@ncdoj.gov>; Martindale Thomas L <Thomas.Martindale@atg.in.gov>; Swetnam Douglas <douglas.swetnam@atg.in.gov>; Singer Nelson Michel <michel.singernelson@coag.gov>; Dilweg Laura <Laura.Dilweg@azag.gov>; Pelton Sarah <Sarah.Pelton@azag.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Meislik Alyse <Alyse.Meislik@azag.gov>; Jones Dylan <Dylan.Jones@azag.gov>; Trombley Nikki <Nikki.Trombley@azag.gov>; Dillon IV John <John.DillonIV@azag.gov>; Greg Taylor <gtaylor@tlgdc.com>
**Subject:** Re: [AZ v. Avid Telecom] RE: Documents Received by AGs In Response to Subpoenas to Financial Institutions

Rochelle:

Good evening!

Again, you have ignored our request to meet and confer on the issues set forth in our last meet and confer letter.  The issues in that letter include the AGs refusal to designate any 30B6 witnesses.

Your refusal to engage in the meet and confer process is clearly willful.  It is our intention to bring your conduct to the attention of the court and to seek authorization to file a motion to compel and for appropriate sanctions.

Also, just a reminder that we need also dates of availability to meet and confer on defendants' Motion to Revise as ordered by the court today.

Thank you.

Neil S. Ende
Managing Partner
Technology Law Group
202.256.0120
TLG Conference Bridge:
703.229.6741, PIN: 854#

Sent from my iPhone

> On Aug 4, 2025, at 1:05 PM, Neil Ende <nende@tlgdc.com> wrote:

> AGs:

> We write *again*, *inter alia*, pursuant to FRCP Rule 45, to ask when you intend to: (i) produce documents that you received in response to the subpoenas that you issued to

various financial institutions seeking records about Mr. Lansky (that are not part of any RFP from Defendants); (ii) respond to the detailed Meet and Confer letter that we sent the other week.

We ask, again, that you respond *directly and with specificity* with date(s) when each response can be expected  by the close of business today.

Thank you!

Neil S. Ende, Esq.
Managing Partner
Technology Law Group, LLC
*nende@tlgdc.com*
202-895-1707 (Office)
202-256-0120 (Mobile)
703-229-6741 PIN 854# (Voice Conference Bridge)

---

**From:** Sparko, Rochelle <rsparko@NCDOJ.GOV>
**Date:** Tuesday, July 29, 2025 at 2:25 PM
**To:** Neil Ende <nende@tlgdc.com>, Greg Taylor <gtaylor@tlgdc.com>
**Cc:** Nayer, Tracy <Tnayer@ncdoj.gov>, Martindale Thomas L <Thomas.Martindale@atg.in.gov>, Swetnam Douglas <douglas.swetnam@atg.in.gov>, Singer Nelson Michel <michel.singernelson@coag.gov>, Dilweg, Laura <Laura.Dilweg@azag.gov>, Pelton, Sarah <Sarah.Pelton@azag.gov>, Erin Leahy <erin.leahy@OhioAGO.gov>, Meislik, Alyse <Alyse.Meislik@azag.gov>, Jones, Dylan <Dylan.Jones@azag.gov>, Trombley, Nikki <Nikki.Trombley@azag.gov>, Dillon IV, John <John.DillonIV@azag.gov>
**Subject:** [AZ v. Avid Telecom] RE: Documents Received by AGs In Response to Subpoenas to Financial Institutions

Good afternoon, Neil,

Plaintiffs are preparing a supplemental response to Defendants' First Request for Production of Documents pursuant to F.R.C.P 26(e)(1)(A) and will produce it to you when it is complete.

Regards,



**Rochelle Sparko**
Special Deputy Attorney General
Consumer Protection Division
North Carolina Department of Justice
(919) 716-6811
rsparko@ncdoj.gov
Post Office Box 629, Raleigh, NC 27602
114 West Edenton Street, Raleigh, NC 27603
https://ncdoj.gov/
Please note messages to or from this address may be public records.

**From:** Neil Ende <nende@tlgdc.com>
**Sent:** Tuesday, July 22, 2025 11:01 AM
**To:** Erin Leahy <erin.leahy@OhioAGO.gov>
**Cc:** Nayer, Tracy <Tnayer@ncdoj.gov>; Martindale Thomas L <Thomas.Martindale@atg.in.gov>; Swetnam Douglas <douglas.swetnam@atg.in.gov>; Singer Nelson Michel <michel.singernelson@coag.gov>; Sparko, Rochelle <rsparko@NCDOJ.GOV>; Dilweg, Laura <Laura.Dilweg@azag.gov>; Pelton, Sarah <Sarah.Pelton@azag.gov>; Meislik, Alyse <Alyse.Meislik@azag.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Trombley, Nikki <Nikki.Trombley@azag.gov>; Dillon IV, John <John.DillonIV@azag.gov>; Greg Taylor <gtaylor@tlgdc.com>
**Subject:** Documents Received by AGs In Response to Subpoenas to Financial Institutions
**Importance:** High

Erin:

Good morning.

To my knowledge, we have not received copies of any of the documents received by the AGs in response to the numerous subpoenas issued to financial institutions that  the AGs apparently believe have some relationship to Mr. Lansky or Avid Telecom.

Please advise which institutions you have received documents from and please provide those documents to us no later than the end of this week. *See, e.g.,* FRCP Rule 26(e).

Please confirm that you will continue to provide all documents received from these institutions, and any other third parties to which subpoenas are hereafter issued without the need for a request.

Thank you.

Neil S. Ende, Esq.
Managing Partner
Technology Law Group, LLC
*nende@tlgdc.com*
202-895-1707 (Office)
202-256-0120 (Mobile)
703-229-6741 PIN 854# (Voice Conference Bridge)

---

**From:** Erin Leahy <erin.leahy@OhioAGO.gov>
**Date:** Monday, July 21, 2025 at 4:22 PM
**To:** Greg Taylor <gtaylor@tlgdc.com>, Neil Ende <nende@tlgdc.com>
**Cc:** Tracy Nayer <Tnayer@ncdoj.gov>, Martindale Thomas L <Thomas.Martindale@atg.in.gov>, Swetnam Douglas <douglas.swetnam@atg.in.gov>, Singer Nelson Michel <michel.singernelson@coag.gov>, Sparko Rochelle <rsparko@ncdoj.gov>, Dilweg, Laura <Laura.Dilweg@azag.gov>, Pelton, Sarah <Sarah.Pelton@azag.gov>, Meislik, Alyse <Alyse.Meislik@azag.gov>, Jones, Dylan <Dylan.Jones@azag.gov>, Trombley, Nikki <Nikki.Trombley@azag.gov>, Dillon IV, John <John.DillonIV@azag.gov>

**Subject:** RE: [AZ v. Avid Telecom] meet and confer (as sent)

Greg,

Your email has been received.  As indicated in our written responses, now that both the protective order the ESI order have been entered, Plaintiffs will be producing additional documents. You should receive Volume 002 via a link from Everlaw tomorrow and Volume 003 via a hard drive delivered by courier this week to the address provided by Neil.  We will review your meet and confer letter and respond as appropriate within a reasonable amount of time.



Erin B. Leahy
Senior Assistant Attorney General
Consumer Protection Section
Office of Ohio Attorney General Dave Yost
30 East Broad St., 14th Floor
Columbus, Ohio 43215

Office number: 614-752-4730
Erin.Leahy@OhioAGO.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

**From:** Greg Taylor <gtaylor@tlgdc.com>
**Sent:** Thursday, July 17, 2025 6:45 PM
**To:** Erin Leahy <erin.leahy@OhioAGO.gov>
**Cc:** Tracy Nayer <Tnayer@ncdoj.gov>; Martindale Thomas L <Thomas.Martindale@atg.in.gov>; Swetnam Douglas <douglas.swetnam@atg.in.gov>; Singer Nelson Michel <michel.singernelson@coag.gov>; Sparko Rochelle <rsparko@ncdoj.gov>; Dilweg, Laura <Laura.Dilweg@azag.gov>; Pelton, Sarah <Sarah.Pelton@azag.gov>; Meislik, Alyse <Alyse.Meislik@azag.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Trombley, Nikki <Nikki.Trombley@azag.gov>; Neil Ende <nende@tlgdc.com>; Dillon IV, John <John.DillonIV@azag.gov>
**Subject:** [AZ v. Avid Telecom] meet and confer (as sent)

Erin:

As promised, attached is Defendants' written meet and confer issues to resolve.  We ask that you respond in kind no later than Thursday, July 24th.

Kindly confirm receipt.

Best,

Greg Taylor, of Counsel
Technology Law Group, LLC
80 E. Fifth St. **|** Second Floor **|** Edmond, OK 73034
T: +1 405.896.2266 **|** F: +1 405.701.6174
gtaylor@tlgdc.com **|** Linkedin: Greg Taylor **|** Twitter: @telcoatty



Consumer Protection Section
Main: (614) 466-8831
Toll-free: (800) 282-0515

Neil Ende
Greg Taylor
Technology Law Group L.L.C.
5335 Wisconsin Ave, NW
Suite 440
Washington, DC 20015

Via Email to: nende@tlgdc.com; gtaylor@tlgdc.com

Dear Neil and Greg:

I write on behalf of the Lead Plaintiff States and the Plaintiff States with state law claim in response to Defendants' July 17, 2025, meet-and-confer correspondence. As an initial matter, Plaintiffs again categorically reject your claim that Plaintiffs' counsel were abusive, dismissive or refused to engage in substantive discussions during the July 15, 2025, telephonic meet and confer.

To the contrary, as outlined in our July 18th email memorializing the meeting, 21 Plaintiffs' counsel representing 13 Plaintiff States attended at your request and were fully prepared and willing to substantively discuss any discovery issues raised by Defendants during that call. However, Mr. Taylor was utterly unprepared, unable and unwilling to engage in meaningful, substantive discussion about the disputes despite his demand that Plaintiffs' counsel come prepared to discuss "all" Plaintiffs' responses.

We further note that you failed to attend the meet and confer. Your continued efforts to fabricate what actually occurred during the telephonic meet and confer – including in unilateral communications to the Court's Law Clerk – are not well taken. If this gamesmanship and intentional distortion of the record continues, Plaintiffs will seek appropriate relief.

## I.    Plaintiffs' Responses to Defendants' Requests for Production of Documents

Defendants' request to meet and confer about Plaintiffs' responses to Defendants' First Request for Production of Documents will not result in any change to Plaintiffs' responses. Plaintiffs' responses state that documents were not withheld on the basis of the objections at issue in Defendants' meet-and-confer correspondence.

Specifically, Defendants requested to meet and confer with Plaintiffs regarding their objections to the breadth and burden of Request Nos. 1-45, 48, and 51. Plaintiffs' objection to the breadth and burden of these Requests is valid, specific, and narrowly tailored to the fundamental defects in Defendants' Requests. Furthermore, Plaintiffs' responses to these Requests state that they did not withhold documents on the basis of this objection.

Defendants take issue with Plaintiffs' objection to the relevance of Request Nos. 29-32, 43-45, 48, and 51. Plaintiffs' stand by their objection that these Requests seek information that is not relevant to any claim or defense. For instance, Defendant's Request No. 29 seeks, "Documents... regarding when the telephone number associated with each call alleged to be illegal was obtained by the Called Party." When a Called Party obtained a number does not have bearing on Plaintiffs' claims or on the defenses raised by Defendants. Plaintiffs did not withhold any documents based on their relevance objection in response to Request 29, nor did they withhold any documents on the basis of this objection in their responses to Request Nos. 30-32, 43-45, 48, and 51.

Plaintiffs raised objections to Defendants' use of undefined and unclear terms in Request Nos. 1-42 and 45. Plaintiffs' responses to these Requests do not withhold any documents on the basis of this objection.

Defendants requested to meet and confer with Plaintiffs regarding their objections to the vagueness of Request Nos. 43 and 44. Plaintiffs' responses to these Requests do not withhold any documents on the basis of this objection.

Defendants requested to meet and confer with Plaintiffs regarding their objections to Request Nos. 1 and 4 as requesting documents that may be outside Plaintiffs' custody and control. Plaintiffs' responses to these Requests state that Plaintiffs' production will include responsive documents within their custody and control, as required by the Federal Rules of Civil Procedure.

Defendants requested to meet and confer with Plaintiffs regarding their response to Request No. 5. Plaintiffs stand on their original response, that there are no responsive documents. There are no responsive documents because there are no state notice requirements. Thus, there are no responsive documents.

Defendants requested to meet and confer with Plaintiffs regarding their responses to Request Nos. 13-14, 19-22, 24-45, 48, and 51, specifically to ask whether Plaintiffs withheld any documents based on Plaintiffs' objections. Plaintiffs state that no documents are being withheld based on their objections to Request Nos. 13-14, 19-22, 24-45, 48, and 51.

Defendants requested to meet and confer with Plaintiffs regarding their response to Request No. 27. Plaintiffs stand on their response; they possess no responsive documents. Plaintiffs did not withhold any documents in their response to Request No. 27.

Defendants requested to meet and confer with Plaintiffs regarding their response to Request Nos. 52 and 53. Those Requests state, "52. Please produce all Documents utilized by the Lead Plaintiff States to calculate the damages set forth in the Complaint arising out of federal law," and "53. Please produce all Document utilized by the State Law Action State [sic] to calculate the damages set forth in the Complaint arising out of state law." Plaintiffs responded to the Requests Defendants propounded and stand on their responses to these two Requests. In their request to meet and confer with Plaintiffs, Defendants wrote that Request Nos. 52 and 53 are "not limited to damage calculations set forth in the Complaint." The language of Defendants' Request Nos. 52 and 53 are, in fact, so limited. Further, the Prayer for Relief section of

Plaintiffs' Complaint sets forth the remunerative relief the Plaintiff seeks. The applicable civil penalties will be determined at trial as to the type and number of violations. The Plaintiffs have no obligation to undertake legal research or organize factual evidence for Defendants to provide a calculation of the respective potential statutory civil penalties that may be applicable for each count of Plaintiffs' Complaint. Additionally, many of the initial calculations cited in Plaintiffs' Complaint are based upon an analysis of Defendants' call detail records which are equally, if not more readily available, to the Defendants.

## II.    Plaintiffs' Responses to Defendants' Facially Defective Rule 30(b)(6) Deposition Notices

As to Plaintiffs' responses to Defendants' Rule 30(b)(6) notices Defendants' letter fails to address - let alone refute - the fact that the deposition notices served to 49 Plaintiffs were facially defective under Rules 30(b)(1) and 30(b)(6) of the Federal Rules of Civil Procedure.

Plaintiffs have not taken the position that there is an unqualified barrier to taking the deposition of a representative of a governmental authority that is a party to the Complaint. The Lead Plaintiff States and the eleven Plaintiff States that brought state law claims do not object to Rule 30(b)(6) depositions of properly identified, relevant topics that otherwise comport with Rules 26 and 30 of the Federal Rules of Civil Procedure and other applicable state and federal laws. Rather, the Plaintiffs object to Defendants' insistence that Plaintiffs designate witnesses in advance of the parties resolving disputes as to the topics identified. Plaintiffs need to know the nature and scope of the topics subject to examination in order to designate the appropriate witnesses.

Plaintiffs' written objections, each labeled as "Response to Topic (-)" clearly pertained to the substance of the specific topics identified, not merely to the designation of a knowledgeable witness as your letter erroneously states. Further, your letter fails to address or refute Plaintiffs' specific objections to each of the substantive topics identified. Plaintiffs' objections are valid, specific, and narrowly tailored to the fundamental defects of each of Defendants' deposition topics. Plaintiffs will designate appropriate witnesses upon agreement by the parties as to the nature and scope of relevant topics that comport with Rules 26 and 30 of the Federal Rules of Civil Procedure and other applicable state and federal laws. We remain open to meet and confer after your re-examination of Plaintiffs' specific objections to the topics.

## III.    Plaintiffs' Responses to Defendants' Requests for Admission

As to the "General Meet and Confer Issue" identified on page 115, it is unclear from the description what dispute Defendant is raising as to Plaintiffs' responses. Plaintiffs will provide a response should Defendants properly identify the dispute that this section intended to describe.

As it relates to Defendants' Requests Nos. 1-4, 7-14, 22, 24, 29-30, Defendants contend – without any actual support – that Plaintiffs' responses are "false" and demand that Plaintiffs either "revise" their responses or "identify specific facts" supporting them. Tellingly, Defendants cite to no rule or legal authority justifying such demands. That is because none exists. Plaintiffs' responses fully

comply with Rule 36 of the Federal Rules of Civil Procedure. As there is no basis for Defendants' demands, Plaintiffs stand by their original responses to Requests Nos. 1-4, 7-14, 22, 24, 29-30.

As it relates to Defendants' Requests Nos. 5-6, Defendants contend-without providing any justification- that they are "entitled" to an admission from Plaintiffs. But there is no rule entitling Defendants to the specific admissions they seek. In reality, Plaintiffs asserted proper, narrowly tailored objections to both Requests, and after undertaking a reasonable inquiry, stated that they were unable to admit or deny the requests.

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, in response to a request for admission, a party may admit, deny, or state that it cannot admit or deny a request. Plaintiffs' responses to Requests Nos. 5 and 6 fully comply with that rule. Defendants have offered no explanation or legal authority to the contrary. Accordingly, Plaintiffs stand by their responses to Requests Nos. 5 and 6.

As it relates to Request Nos. 18-20, Defendants vaguely maintain that while they "accept" Plaintiffs' admissions they do not accept that "YouMail Terms and Conditions allow for the scraping of personal voicemail data or the delivery of those data to third parties, including Plaintiffs, presumably through misuse of interstate wires." However, it is unclear from Defendants' letter what, if anything, they are requesting from Plaintiffs with respect to their responses to Requests Nos. 18-20. Plaintiffs have responded to Requests Nos. 18-20 to the best of their ability based on how the Requests are currently phrased.

Plaintiffs remain ready and available to personally meet and confer with Defendants regarding the above issues, pursuant to Local Rule 7.2(j) and consistent with the Court's August 1, 2025, email instruction. We are available on the following dates/times:

Thursday, August 7th: 12pm-1pm or 2-3pm;
Friday, August 8th 2-3:30pm; or
Tuesday, August 12th 12pm-2pm or 3-5pm.
(All times referenced are Eastern time zone)

Please let us know which of these days/times would work best for Defendants.

Plaintiffs reserve all rights to revise or supplement their responses.


Sincerely,

Erin B. Leahy
Senior Assistant Attorney General
Consumer Protection Section
Office of Ohio Attorney General Dave Yost
Office number: 614-752-4730
Erin.Leahy@OhioAGO.gov

# Exhibit G

| From: | Neil Ende |
|---|---|
| To: | Erin Leahy; Greg Taylor |
| Cc: | Nayer, Tracy; Martindale Thomas L; Swetnam Douglas; Singer Nelson Michel; Sparko, Rochelle; Dilweg, Laura; Pelton, Sarah; Meislik, Alyse; Jones, Dylan; Trombley, Nikki; Dillon IV, John |
| Subject: | Re: [AZ v. Avid Telecom] 30(b0(6) Deposition Notices |
| Date: | Monday, July 28, 2025 1:08:56 PM |
| Attachments: | image005.png |
| | image006.png |
| | image007.png |
| | image008.png |
| | image009.png |
| Importance: | High |

Erin:

Good afternoon.

It is our understanding that the AGs are refusing to designate any witness in any of the Lead Plaintiff States or in the States with State Law Claims in response to the 30(b)(6) Notice that we have issued.  Please advise if that understanding is correct and if each of the Lead Plaintiff States and the States with State Law Claims the AGs are prepared to Meet and Confer on that issue.

If we do not have designations for all of the Lead Plaintiff States and the States with State Law Claim—or a firm commitment of a date to meet and confer on this issue—by *noon EDT this Wednesday*, we will advise the Court of the AGs refusal to engage and of our intention to file a motion to compel.

Neil S. Ende, Esq.
Managing Partner
Technology Law Group, LLC
*nende@tlgdc.com*
202-895-1707 (Office)
202-256-0120 (Mobile)
703-229-6741 PIN 854# (Voice Conference Bridge)

---

**From:** Erin Leahy <erin.leahy@OhioAGO.gov>
**Date:** Monday, July 21, 2025 at 4:22 PM
**To:** Greg Taylor <gtaylor@tlgdc.com>, Neil Ende <nende@tlgdc.com>
**Cc:** Tracy Nayer <Tnayer@ncdoj.gov>, Martindale Thomas L <Thomas.Martindale@atg.in.gov>, Swetnam Douglas <douglas.swetnam@atg.in.gov>, Singer Nelson Michel <michel.singernelson@coag.gov>, Sparko Rochelle <rsparko@ncdoj.gov>, Dilweg, Laura <Laura.Dilweg@azag.gov>, Pelton, Sarah <Sarah.Pelton@azag.gov>, Meislik, Alyse <Alyse.Meislik@azag.gov>, Jones, Dylan <Dylan.Jones@azag.gov>, Trombley, Nikki <Nikki.Trombley@azag.gov>, Dillon IV, John <John.DillonIV@azag.gov>
**Subject:** RE: [AZ v. Avid Telecom] meet and confer (as sent)

Greg,

Your email has been received.  As indicated in our written responses, now that both the protective

order the ESI order have been entered, Plaintiffs will be producing additional documents. You should receive Volume 002 via a link from Everlaw tomorrow and Volume 003 via a hard drive delivered by courier this week to the address provided by Neil.  We will review your meet and confer letter and respond as appropriate within a reasonable amount of time.



Erin B. Leahy
Senior Assistant Attorney General
Consumer Protection Section
Office of Ohio Attorney General Dave Yost
30 East Broad St., 14<sup>th</sup> Floor
Columbus, Ohio 43215

Office number: 614-752-4730
Erin.Leahy@OhioAGO.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

---

**From:** Greg Taylor <gtaylor@tlgdc.com>
**Sent:** Thursday, July 17, 2025 6:45 PM
**To:** Erin Leahy <erin.leahy@OhioAGO.gov>
**Cc:** Tracy Nayer <Tnayer@ncdoj.gov>; Martindale Thomas L <Thomas.Martindale@atg.in.gov>; Swetnam Douglas <douglas.swetnam@atg.in.gov>; Singer Nelson Michel <michel.singernelson@coag.gov>; Sparko Rochelle <rsparko@ncdoj.gov>; Dilweg, Laura <Laura.Dilweg@azag.gov>; Pelton, Sarah <Sarah.Pelton@azag.gov>; Meislik, Alyse <Alyse.Meislik@azag.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Trombley, Nikki <Nikki.Trombley@azag.gov>; Neil Ende <nende@tlgdc.com>; Dillon IV, John <John.DillonIV@azag.gov>
**Subject:** [AZ v. Avid Telecom] meet and confer (as sent)

Erin:

As promised, attached is Defendants' written meet and confer issues to resolve.  We ask that you respond in kind no later than Thursday, July 24<sup>th</sup>.

Kindly confirm receipt.

Best,

Greg Taylor, of Counsel
Technology Law Group, LLC

80 E. Fifth St. **|** Second Floor **|** Edmond, OK 73034
T: +1 405.896.2266 **|** F: +1 405.701.6174
gtaylor@tlgdc.com **|** Linkedin: Greg Taylor **|** Twitter: @telcoatty



# Exhibit H

| | |
|---|---|
| **From:** | Martindale, Thomas L |
| **To:** | Neil Ende; Erin Leahy; Greg Taylor |
| **Cc:** | Nayer, Tracy; Swetnam, Douglas; Michel Singer Nelson; Sparko, Rochelle; Dilweg, Laura; Pelton, Sarah; Meislik, Alyse; Jones, Dylan; Trombley, Nikki; Dillon IV, John |
| **Subject:** | RE: [AZ v. Avid Telecom] 30(b0(6) Deposition Notices |
| **Date:** | Wednesday, July 30, 2025 8:47:41 AM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |
| | RE AZ v. Avid Telecom meet and confer.msg |

Greetings,

Thank you for your message.  The Plaintiff States stand by the previous responses sent individually by lead states and state claim states to your inquiry.  Further, the Plaintiff States stand by responses made at the July 15th Meet and Confer and those provided in the July 18th email, attached for your reference.

Thank you, Tom

**Thomas Martindale**
Deputy Attorney General
Data Privacy & Identity Theft Unit
Consumer Protection Division
Office of Attorney General Todd Rokita

302 West Washington Street, IGCS 5th Floor
Indianapolis, IN 46204
p: (317)232-7751 !f: (317)232-7979
thomas.martindale@atg.in.gov

---

**From:** Neil Ende <nende@tlgdc.com>
**Sent:** Monday, July 28, 2025 1:09 PM
**To:** Erin Leahy <erin.leahy@OhioAGO.gov>; Greg Taylor <gtaylor@tlgdc.com>
**Cc:** Nayer, Tracy <Tnayer@ncdoj.gov>; Martindale, Thomas L <Thomas.Martindale@atg.in.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Michel Singer Nelson <michel.singernelson@coag.gov>; Sparko, Rochelle <rsparko@ncdoj.gov>; Dilweg, Laura <ldilweg@azag.gov>; Pelton, Sarah <Sarah.Pelton@azag.gov>; Meislik, Alyse <Alyse.Meislik@azag.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Trombley, Nikki <Nikki.Trombley@azag.gov>; Dillon IV, John <John.DillonIV@azag.gov>
**Subject:** Re: [AZ v. Avid Telecom] 30(b0(6) Deposition Notices
**Importance:** High

> **EXTERNAL EMAIL:** This email was sent from outside your organization. Exercise caution when clicking links, opening attachments or taking further action, before validating its authenticity.

Erin:

Good afternoon.

It is our understanding that the AGs are refusing to designate any witness in any of the Lead Plaintiff States or in the States with State Law Claims in response to the 30(b)(6) Notice that we have issued.  Please advise if that understanding is correct and if each of the Lead Plaintiff States and the States with State Law Claims the AGs are prepared to Meet and Confer on that issue.

If we do not have designations for all of the Lead Plaintiff States and the States with State Law Claim—or a firm commitment of a date to meet and confer on this issue—by *noon EDT this Wednesday*, we will advise the Court of the AGs refusal to engage and of our intention to file a motion to compel.

Neil S. Ende, Esq.
Managing Partner
Technology Law Group, LLC
*nende@tlgdc.com*
202-895-1707 (Office)
202-256-0120 (Mobile)
703-229-6741 PIN 854# (Voice Conference Bridge)

---

**From:** Erin Leahy <erin.leahy@OhioAGO.gov>
**Date:** Monday, July 21, 2025 at 4:22 PM
**To:** Greg Taylor <gtaylor@tlgdc.com>, Neil Ende <nende@tlgdc.com>
**Cc:** Tracy Nayer <Tnayer@ncdoj.gov>, Martindale Thomas L <Thomas.Martindale@atg.in.gov>, Swetnam Douglas <douglas.swetnam@atg.in.gov>, Singer Nelson Michel <michel.singernelson@coag.gov>, Sparko Rochelle <rsparko@ncdoj.gov>, Dilweg, Laura <Laura.Dilweg@azag.gov>, Pelton, Sarah <Sarah.Pelton@azag.gov>, Meislik, Alyse <Alyse.Meislik@azag.gov>, Jones, Dylan <Dylan.Jones@azag.gov>, Trombley, Nikki <Nikki.Trombley@azag.gov>, Dillon IV, John <John.DillonIV@azag.gov>
**Subject:** RE: [AZ v. Avid Telecom] meet and confer (as sent)

Greg,

Your email has been received.  As indicated in our written responses, now that both the protective order the ESI order have been entered, Plaintiffs will be producing additional documents. You should receive Volume 002 via a link from Everlaw tomorrow and Volume 003 via a hard drive delivered by courier this week to the address provided by Neil.  We will review your meet and confer letter and respond as appropriate within a reasonable amount of time.



Erin B. Leahy
Senior Assistant Attorney General
Consumer Protection Section
Office of Ohio Attorney General Dave Yost
30 East Broad St., 14th Floor
Columbus, Ohio 43215

Office number: 614-752-4730
Erin.Leahy@OhioAGO.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

---

**From:** Greg Taylor <gtaylor@tlgdc.com>
**Sent:** Thursday, July 17, 2025 6:45 PM
**To:** Erin Leahy <erin.leahy@OhioAGO.gov>
Cc: Tracy Nayer <Tnayer@ncdoj.gov>; Martindale Thomas L <Thomas.Martindale@atg.in.gov>; Swetnam Douglas <douglas.swetnam@atg.in.gov>; Singer Nelson Michel <michel.singernelson@coag.gov>; Sparko Rochelle <rsparko@ncdoj.gov>; Dilweg, Laura <Laura.Dilweg@azag.gov>; Pelton, Sarah <Sarah.Pelton@azag.gov>; Meislik, Alyse <Alyse.Meislik@azag.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Trombley, Nikki <Nikki.Trombley@azag.gov>; Neil Ende <nende@tlgdc.com>; Dillon IV, John <John.DillonIV@azag.gov>
**Subject:** [AZ v. Avid Telecom] meet and confer (as sent)

Erin:

As promised, attached is Defendants' written meet and confer issues to resolve.  We ask that you respond in kind no later than Thursday, July 24th.

Kindly confirm receipt.

Best,

Greg Taylor, of Counsel
Technology Law Group, LLC
80 E. Fifth St. | Second Floor | Edmond, OK 73034
T: +1 405.896.2266 | F: +1 405.701.6174
gtaylor@tlgdc.com | Linkedin: Greg Taylor | Twitter: @telcoatty



| | |
|---|---|
| **From:** | Erin Leahy |
| **To:** | Greg Taylor |
| **Cc:** | Nayer, Tracy; Martindale, Thomas L; Swetnam, Douglas; Michel Singer Nelson; Sparko, Rochelle; Dilweg, Laura; Pelton, Sarah; Meislik, Alyse; Jones, Dylan; Trombley, Nikki; Neil Ende; Dillon IV, John |
| **Subject:** | RE: [AZ v. Avid Telecom] meet and confer |
| **Date:** | Friday, July 18, 2025 2:30:08 PM |
| **Attachments:** | image005.png |
| | image006.png |
| | image007.png |
| | image008.png |
| | image009.png |

---

> **EXTERNAL EMAIL:** This email was sent from outside your organization. Exercise caution when clicking links, opening attachments or taking further action, before validating its authenticity.

Greg,

Your attempt to establish a false record concerning the July 15 meet and confer is wholly without merit and expressly rejected by Plaintiffs. To be clear, at no time during the meet and confer did Plaintiffs' counsel engage in any conduct that could be considered "disturbing". At no time did any Plaintiffs counsel "refuse to engage in a substantive manner" as described in the letter from Mr. Ende dated July 17. In fact, it was quite the opposite. You appeared wholly unprepared to discuss all or even a majority of your disputes. We repeatedly urged you to identify your disputes for discussion as we had all convened at your request prepared to discuss Plaintiffs' responses. We did object to your lack of preparation or unwillingness to discuss your disputes at the meet-and-confer that you requested and expressed our unwillingness to convene again on these same topics.

Plaintiffs duly appeared for your requested meet confer regarding Defendants' interrogatories (which Defendants have never actually propounded), requests for admissions, requests for production, and 30(b)(6) deposition notices. Prior to the meeting, you represented - multiple times - that you would provide an outline of the disputes to be discussed; however, no such outline was ever provided. Rather, you instructed Plaintiffs' counsel to be prepared to review "all" responses and even insisted that you would need 2-3 hours to go through each response. Despite your misrepresentations on providing a written outline of your disputes in advance of the meeting, 21 attorneys representing the Lead Plaintiff States, and the Plaintiff States with State law claims, attended the meet and confer in good faith, prepared to address **"all"** plaintiff responses as you insisted.

The meet and confer was ultimately unproductive due to your inability to identify your disputes or articulate any substantive positions, cite any legal authority, or meaningfully engage on any issues.

Additionally, we note that despite numerous emails from Mr. Ende demanding that counsel for all "50" Plaintiffs appear for this meet and confer, he failed to attend.

We have further memorialized in detail below, the specific topics that were covered:

- Defense counsel's demands regarding attendance of all Plaintiff States at meet and confers:

○ Plaintiffs with state law claims objected to defense counsel's general demand that all Plaintiffs attend all meet and confer despite having designated the Lead Plaintiff States to represent their interests and requested legal justification for demanding such attendance;

○ You failed to provide any legal justification for the demand that all Plaintiffs attend each meet and confer;

○ Plaintiffs underscored that designating Lead Plaintiffs to represent a voluminous number of parties is common and widely accepted by Courts, and that while all Plaintiffs will participate/respond to discovery as necessary/required, attendance at any future meet-and-confers would only be attended by the Lead Plaintiff States;

○ After much discussion, you stated that, with your understanding that attendance at the meet-and-confers has no bearing on all Plaintiffs' participation in the litigation, you would cease insisting on the attendance of any non-lead Plaintiff States at any future meet and confers.

- 30(b)(6) depositions
  ○ You raised no disputes regarding Plaintiffs' written responses and objections to the topics listed in the deposition notices;

  ○ You stated that Defendants intend to file a motion to revise the scheduling order to allow Defendants to depose all the Plaintiff states, indicating it was Defendants' "right to confront their accusers."

  ○ Plaintiffs objected to amending the scheduling order based on this unsupported assertion, noting that this topic was already discussed in the context of the Rule 26 discovery plan and rejected by the Court with the issuance of the current Case Scheduling Order;

  ○ You asked if any state would consent to appear for Rule 30(b)(6) depositions. No states agreed and stood on the objections already provided in writing to the topics identified, and in addition stated that there are less burdensome methods of discovery on the identified topics that should be pursued first rather than requiring Plaintiffs to be subjected to a deposition.

- RFPs
  ○ Despite instructing Plaintiffs to be prepared to discuss your disputes with Plaintiffs' objections to "all" RFPs, you indicated that your only disputes related to responses where Plaintiffs indicated their intention to withhold documents (RFPs 46, 47, 49 and 50);
    ■ As to RFPs 46 and 49, you objected to Plaintiffs' withholding non-privileged documents. Plaintiffs directed you to the language in the response to RFPs 46 and 49, which clearly states that Plaintiffs **_will_** produce non-privileged documents. Accordingly, this dispute was resolved;

    ■ As to RFPs 47 and 50, which request documents identifying who made the decision to participate in the civil action, you objected to Plaintiffs' withholding documents on the basis of relevancy. We explained that the ultimate decision-makers are the Attorneys General and requested an explanation as to why Defendants would find further detail about who was involved in the decision-making to be relevant to any of the claims or defenses that are before the Court. You provided no supporting argument

as to how those records would be relevant to the current claims or defenses and agreed that no document production was necessary, and this matter was resolved.

- ○ You indicated that if documents were being withheld based on any privilege objection, that a privilege log is required and asked when it would be provided. We directed your attention to the recently-issued ESI protocol (July 10, 2025), which addresses procedures regarding the privilege log. We indicated that, if/where necessary, we would produce that information pursuant to the ESI order.

- • RFAs
  - ○ Despite instructing Plaintiffs to be prepared to discuss your disputes with Plaintiffs' objections to all the RFAs, you were not prepared to discuss any of Defendants' disputes.

  - ○ Plaintiffs objected, indicating that Plaintiffs came prepared to discuss all of our responses, as you instructed and urged you to provide information on your disputes. You declined.

Sincerely,



Erin B. Leahy
Senior Assistant Attorney General
Consumer Protection Section
Office of Ohio Attorney General Dave Yost

30 East Broad St., 14$^{th}$ Floor
Columbus, Ohio 43215

Office number: 614-752-4730
Erin.Leahy@OhioAGO.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

**From:** Greg Taylor <gtaylor@tlgdc.com>
**Sent:** Wednesday, July 16, 2025 1:39 PM
**To:** Erin Leahy <erin.leahy@OhioAGO.gov>
Cc: Tracy Nayer <Tnayer@ncdoj.gov>; Martindale Thomas L <Thomas.Martindale@atg.in.gov>;
Swetnam Douglas <douglas.swetnam@atg.in.gov>; Singer Nelson Michel
<michel.singernelson@coag.gov>; Sparko Rochelle <rsparko@ncdoj.gov>; Dilweg, Laura
<Laura.Dilweg@azag.gov>; Pelton, Sarah <Sarah.Pelton@azag.gov>; Meislik, Alyse
<Alyse.Meislik@azag.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Trombley, Nikki

<Nikki.Trombley@azag.gov>; Neil Ende <nende@tlgdc.com>; Dillon IV, John <John.DillonIV@azag.gov>
**Subject:** [AZ v. Avid Telecom] meet and confer

Erin:

Based on the disturbing manner in which Plaintiffs' counsel interacted during what was supposed to be a meet and confer discussion yesterday—which effectively precluded a meaningful discussion of our meet and confer issues—you are advised that we will be sending a comprehensive written meet and confer letter today or tomorrow setting forth the issues that we intended to discuss.

We do not believe a further telephonic meet and confer will be fruitful. Accordingly, at least for the next round of discussions, we ask that you respond to each issue in the meet and confer letter in writing.

Hopefully, that engagement will narrow the issue sufficiently such that any remaining issue(s) can be effectively resolved in a short call (or the subject of a motion to compel).

Please confirm your receipt of this email.

Thank you.

Best,
Greg

Greg Taylor, of Counsel
Technology Law Group, LLC
80 E. Fifth St. **|** Second Floor **|** Edmond, OK 73034
T: +1 405.896.2266 **|** F: +1 405.701.6174
gtaylor@tlgdc.com **|** Linkedin: Greg Taylor **|** Twitter: @telcoatty



# Exhibit I

| From: | Erin Leahy |
|---|---|
| To: | Neil Ende; Sparko, Rochelle |
| Cc: | Nayer, Tracy; Martindale Thomas L; Swetnam Douglas; Singer Nelson Michel; Dilweg Laura; Pelton Sarah; Meislik Alyse; Jones Dylan; Trombley Nikki; Dillon IV John; Greg Taylor |
| Subject: | RE: [AZ v. Avid Telecom] RE: Documents Received by AGs In Response to Subpoenas to Financial Institutions |
| Date: | Tuesday, August 5, 2025 2:00:14 PM |
| Attachments: | image001.png |
| | RE AZ v. Avid Telecom meet and confer.msg |

Neil,

As we've indicated previously, we will not tolerate your attempts to create a false record regarding Plaintiffs' responses on discovery issues. Your mischaracterizations of Plaintiffs efforts are ridiculous. We have not ignored your requests and in fact, have gone to great efforts to accommodate your request to meet and confer. We remind you that, *at your request*, **21 attorneys representing 13 Plaintiff States** assembled for a meet and confer on July 15 that you failed to attend. In addition, despite your co-counsel's representations that he would provide an outline of disputes in advance of that meeting so that we could be prepared for a meaningful discussion, he failed to do so. Rather, he appeared wholly unprepared at the meeting with 21 Plaintiffs' attorneys in attendance. In fact, he refused to discuss the "2-3 hours" worth of disputes he claimed would be discussed. It was a significant investment of Plaintiffs' attorney time with little accomplished. As you did not attend, I am again attaching our memorialization of the substance of that meeting meet and confer.

Rather than using the time at the July 15 meet and confer that Plaintiffs had already set aside at your request, you sent a 139-page letter on the evening of July 17 and demanded a response within one week on behalf of 13 Plaintiffs. Despite your claims that we have repeatedly ignored your request, I responded on July 21 indicating that we would review the letter and respond as appropriate within a reasonable amount of time. Additionally, John Dillon also responded to you on July 30 indicating that we planned to respond within one week – which we intend to do. Repeated emails from you demanding responses and claiming that we are ignoring your requests are not productive and do not accurately reflect the discovery record.

I also remind you that while you demanded that 13 Plaintiffs respond within one week to Defendants' 139-page letter, Defendants Avid Telecom and Reeves provided ***outrageously*** late and insufficient written responses on *July 21 and 22* to discovery demands that were originally due *March 24* and *April 7 with extensions to May 2.* The responses provided to us that somehow you "inadvertently" attached the same response to your May 2 email three times are disingenuous. If that were the case, you had ample opportunity to correct that type of error in response to the repeated emails we sent you about it as early as May 5. You choose to ignore the emails for ***more than two full months***. In addition, you have not provided substantive responses to our disputes to those responses outlined in emails from John Dillon on July 21 and July 29.

Sincerely,



Erin B. Leahy
Senior Assistant Attorney General
Consumer Protection Section
Office of Ohio Attorney General Dave Yost
30 East Broad St., 14th Floor
Columbus, Ohio 43215

Office number: 614-752-4730

Erin.Leahy@OhioAGO.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

---

**From:** Neil Ende <nende@tlgdc.com>
**Sent:** Monday, August 4, 2025 7:52 PM
**To:** Sparko Rochelle <rsparko@ncdoj.gov>
**Cc:** Nayer Tracy <Tnayer@ncdoj.gov>; Martindale Thomas L <Thomas.Martindale@atg.in.gov>; Swetnam Douglas <douglas.swetnam@atg.in.gov>; Singer Nelson Michel <michel.singernelson@coag.gov>; Dilweg Laura <Laura.Dilweg@azag.gov>; Pelton Sarah <Sarah.Pelton@azag.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Meislik Alyse <Alyse.Meislik@azag.gov>; Jones Dylan <Dylan.Jones@azag.gov>; Trombley Nikki <Nikki.Trombley@azag.gov>; Dillon IV John <John.DillonIV@azag.gov>; Greg Taylor <gtaylor@tlgdc.com>
**Subject:** Re: [AZ v. Avid Telecom] RE: Documents Received by AGs In Response to Subpoenas to Financial Institutions

Rochelle:

Good evening!

Again, you have ignored our request to meet and confer on the issues set forth in our last meet and confer letter. The issues in that letter include the AGs refusal to designate any 30B6 witnesses.

Your refusal to engage in the meet and confer process is clearly willful. It is our intention to bring your conduct to the attention of the court and to seek authorization to file a motion to compel and for appropriate sanctions.

Also, just a reminder that we need also dates of availability to meet and confer on defendants' Motion to Revise as ordered by the court today.

Thank you.

Neil S. Ende
Managing Partner
Technology Law Group
202.256.0120
TLG Conference Bridge:
703.229.6741, PIN: 854#

Sent from my iPhone

> On Aug 4, 2025, at 1:05 PM, Neil Ende <nende@tlgdc.com> wrote:

> AGs:

> We write *again*, *inter alia*, pursuant to FRCP Rule 45, to ask when you intend to: (i) produce documents that you received in response to the subpoenas that you issued to various financial institutions seeking records about Mr. Lansky (that are not part of any

RFP from Defendants); (ii) respond to the detailed Meet and Confer letter that we sent the other week.

We ask, again, that you respond *directly and with specificity* with date(s) when each response can be expected  by the close of business today.

Thank you!

Neil S. Ende, Esq.
Managing Partner
Technology Law Group, LLC
*nende@tlgdc.com*
202-895-1707 (Office)
202-256-0120 (Mobile)
703-229-6741 PIN 854# (Voice Conference Bridge)

---

**From:** Sparko, Rochelle <rsparko@NCDOJ.GOV>
**Date:** Tuesday, July 29, 2025 at 2:25 PM
**To:** Neil Ende <nende@tlgdc.com>, Greg Taylor <gtaylor@tlgdc.com>
**Cc:** Nayer, Tracy <Tnayer@ncdoj.gov>, Martindale Thomas L <Thomas.Martindale@atg.in.gov>, Swetnam Douglas <douglas.swetnam@atg.in.gov>, Singer Nelson Michel <michel.singernelson@coag.gov>, Dilweg, Laura <Laura.Dilweg@azag.gov>, Pelton, Sarah <Sarah.Pelton@azag.gov>, Erin Leahy <erin.leahy@OhioAGO.gov>, Meislik, Alyse <Alyse.Meislik@azag.gov>, Jones, Dylan <Dylan.Jones@azag.gov>, Trombley, Nikki <Nikki.Trombley@azag.gov>, Dillon IV, John <John.DillonIV@azag.gov>
**Subject:** [AZ v. Avid Telecom] RE: Documents Received by AGs In Response to Subpoenas to Financial Institutions

Good afternoon, Neil,

Plaintiffs are preparing a supplemental response to Defendants' First Request for Production of Documents pursuant to F.R.C.P 26(e)(1)(A) and will produce it to you when it is complete.

Regards,

**Rochelle Sparko**
Special Deputy Attorney General
Consumer Protection Division
North Carolina Department of Justice
(919) 716-6811
rsparko@ncdoj.gov
Post Office Box 629, Raleigh, NC 27602
114 West Edenton Street, Raleigh, NC 27603
https://ncdoj.gov/
Please note messages to or from this address may be public records.



---

**From:** Neil Ende <nende@tlgdc.com>

**Sent:** Tuesday, July 22, 2025 11:01 AM
**To:** Erin Leahy <erin.leahy@OhioAGO.gov>
**Cc:** Nayer, Tracy <Tnayer@ncdoj.gov>; Martindale Thomas L <Thomas.Martindale@atg.in.gov>;
Swetnam Douglas <douglas.swetnam@atg.in.gov>; Singer Nelson Michel
<michel.singernelson@coag.gov>; Sparko, Rochelle <rsparko@NCDOJ.GOV>; Dilweg, Laura
<Laura.Dilweg@azag.gov>; Pelton, Sarah <Sarah.Pelton@azag.gov>; Meislik, Alyse
<Alyse.Meislik@azag.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Trombley, Nikki
<Nikki.Trombley@azag.gov>; Dillon IV, John <John.DillonIV@azag.gov>; Greg Taylor
<gtaylor@tlgdc.com>
**Subject:** Documents Received by AGs In Response to Subpoenas to Financial Institutions
**Importance:** High

Erin:

Good morning.

To my knowledge, we have not received copies of any of the documents received
by the AGs in response to the numerous subpoenas issued to financial institutions
that the AGs apparently believe have some relationship to Mr. Lansky or Avid
Telecom.

Please advise which institutions you have received documents from and please
provide those documents to us no later than the end of this week. *See, e.g.,* FRCP
Rule 26(e).

Please confirm that you will continue to provide all documents received from these
institutions, and any other third parties to which subpoenas are hereafter issued
without the need for a request.

Thank you.

Neil S. Ende, Esq.
Managing Partner
Technology Law Group, LLC
*nende@tlgdc.com*
202-895-1707 (Office)
202-256-0120 (Mobile)
703-229-6741 PIN 854# (Voice Conference Bridge)

---

**From:** Erin Leahy <erin.leahy@OhioAGO.gov>
**Date:** Monday, July 21, 2025 at 4:22 PM
**To:** Greg Taylor <gtaylor@tlgdc.com>, Neil Ende <nende@tlgdc.com>
**Cc:** Tracy Nayer <Tnayer@ncdoj.gov>, Martindale Thomas L
<Thomas.Martindale@atg.in.gov>, Swetnam Douglas
<douglas.swetnam@atg.in.gov>, Singer Nelson Michel
<michel.singernelson@coag.gov>, Sparko Rochelle <rsparko@ncdoj.gov>, Dilweg,
Laura <Laura.Dilweg@azag.gov>, Pelton, Sarah <Sarah.Pelton@azag.gov>,
Meislik, Alyse <Alyse.Meislik@azag.gov>, Jones, Dylan <Dylan.Jones@azag.gov>,
Trombley, Nikki <Nikki.Trombley@azag.gov>, Dillon IV, John
<John.DillonIV@azag.gov>
**Subject:** RE: [AZ v. Avid Telecom] meet and confer (as sent)

Greg,

Your email has been received. As indicated in our written responses, now that both the protective order the ESI order have been entered, Plaintiffs will be producing additional documents. You should receive Volume 002 via a link from Everlaw tomorrow and Volume 003 via a hard drive delivered by courier this week to the address provided by Neil. We will review your meet and confer letter and respond as appropriate within a reasonable amount of time.

&lt;image002.png&gt;    Erin B. Leahy
Senior Assistant Attorney General
Consumer Protection Section
Office of Ohio Attorney General Dave Yost
30 East Broad St., 14th Floor
Columbus, Ohio 43215

Office number: 614-752-4730
Erin.Leahy@OhioAGO.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

---

**From:** Greg Taylor <gtaylor@tlgdc.com>
**Sent:** Thursday, July 17, 2025 6:45 PM
**To:** Erin Leahy <erin.leahy@OhioAGO.gov>
**Cc:** Tracy Nayer <Tnayer@ncdoj.gov>; Martindale Thomas L <Thomas.Martindale@atg.in.gov>; Swetnam Douglas <douglas.swetnam@atg.in.gov>; Singer Nelson Michel <michel.singernelson@coag.gov>; Sparko Rochelle <rsparko@ncdoj.gov>; Dilweg, Laura <Laura.Dilweg@azag.gov>; Pelton, Sarah <Sarah.Pelton@azag.gov>; Meislik, Alyse <Alyse.Meislik@azag.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Trombley, Nikki <Nikki.Trombley@azag.gov>; Neil Ende <nende@tlgdc.com>; Dillon IV, John <John.DillonIV@azag.gov>
**Subject:** [AZ v. Avid Telecom] meet and confer (as sent)

Erin:

As promised, attached is Defendants' written meet and confer issues to resolve. We ask that you respond in kind no later than Thursday, July 24th.

Kindly confirm receipt.

Best,

Greg Taylor, of Counsel
Technology Law Group, LLC
80 E. Fifth St. **|** Second Floor **|** Edmond, OK 73034
T: +1 405.896.2266 **|** F: +1 405.701.6174
gtaylor@tlgdc.com **|** Linkedin: Greg Taylor **|** Twitter: @telcoatty

| | |
|---|---|
| **From:** | Erin Leahy |
| **To:** | Greg Taylor |
| **Cc:** | Nayer, Tracy; Martindale Thomas L; Swetnam Douglas; Singer Nelson Michel; Sparko, Rochelle; Dilweg, Laura; Pelton, Sarah; Meislik, Alyse; Jones, Dylan; Trombley, Nikki; Neil Ende; Dillon IV, John |
| **Subject:** | RE: [AZ v. Avid Telecom] meet and confer |
| **Attachments:** | image005.png |
| | image006.png |
| | image007.png |
| | image008.png |
| | image009.png |

Greg,

Your attempt to establish a false record concerning the July 15 meet and confer is wholly without merit and expressly rejected by Plaintiffs. To be clear, at no time during the meet and confer did Plaintiffs' counsel engage in any conduct that could be considered "disturbing". At no time did any Plaintiffs counsel "refuse to engage in a substantive manner" as described in the letter from Mr. Ende dated July 17. In fact, it was quite the opposite. You appeared wholly unprepared to discuss all or even a majority of your disputes. We repeatedly urged you to identify your disputes for discussion as we had all convened at your request prepared to discuss Plaintiffs' responses. We did object to your lack of preparation or unwillingness to discuss your disputes at the meet-and-confer that you requested and expressed our unwillingness to convene again on these same topics.

Plaintiffs duly appeared for your requested meet confer regarding Defendants' interrogatories (which Defendants have never actually propounded), requests for admissions, requests for production, and 30(b)(6) deposition notices. Prior to the meeting, you represented - multiple times - that you would provide an outline of the disputes to be discussed; however, no such outline was ever provided. Rather, you instructed Plaintiffs' counsel to be prepared to review "all" responses and even insisted that you would need 2-3 hours to go through each response. Despite your misrepresentations on providing a written outline of your disputes in advance of the meeting, 21 attorneys representing the Lead Plaintiff States, and the Plaintiff States with State law claims, attended the meet and confer in good faith, prepared to address **"all"** plaintiff responses as you insisted.

The meet and confer was ultimately unproductive due to your inability to identify your disputes or articulate any substantive positions, cite any legal authority, or meaningfully engage on any issues.

Additionally, we note that despite numerous emails from Mr. Ende demanding that counsel for all "50" Plaintiffs appear for this meet and confer, he failed to attend.

We have further memorialized in detail below, the specific topics that were covered:

- Defense counsel's demands regarding attendance of all Plaintiff States at meet and confers:
    - Plaintiffs with state law claims objected to defense counsel's general demand that all Plaintiffs attend all meet and confer despite having designated the Lead Plaintiff States to represent their interests and requested legal justification for demanding such attendance;

- ○ You failed to provide any legal justification for the demand that all Plaintiffs attend each meet and confer;

- ○ Plaintiffs underscored that designating Lead Plaintiffs to represent a voluminous number of parties is common and widely accepted by Courts, and that while all Plaintiffs will participate/respond to discovery as necessary/required, attendance at any future meet-and-confers would only be attended by the Lead Plaintiff States;

- ○ After much discussion, you stated that, with your understanding that attendance at the meet-and-confers has no bearing on all Plaintiffs' participation in the litigation, you would cease insisting on the attendance of any non-lead Plaintiff States at any future meet and confers.

- 30(b)(6) depositions
  - ○ You raised no disputes regarding Plaintiffs' written responses and objections to the topics listed in the deposition notices;

  - ○ You stated that Defendants intend to file a motion to revise the scheduling order to allow Defendants to depose all the Plaintiff states, indicating it was Defendants' "right to confront their accusers."

  - ○ Plaintiffs objected to amending the scheduling order based on this unsupported assertion, noting that this topic was already discussed in the context of the Rule 26 discovery plan and rejected by the Court with the issuance of the current Case Scheduling Order;

  - ○ You asked if any state would consent to appear for Rule 30(b)(6) depositions. No states agreed and stood on the objections already provided in writing to the topics identified, and in addition stated that there are less burdensome methods of discovery on the identified topics that should be pursued first rather than requiring Plaintiffs to be subjected to a deposition.

- RFPs
  - ○ Despite instructing Plaintiffs to be prepared to discuss your disputes with Plaintiffs' objections to "all" RFPs, you indicated that your only disputes related to responses where Plaintiffs indicated their intention to withhold documents (RFPs 46, 47, 49 and 50);
    - As to RFPs 46 and 49, you objected to Plaintiffs' withholding non-privileged documents. Plaintiffs directed you to the language in the response to RFPs 46 and 49, which clearly states that Plaintiffs ***will*** produce non-privileged documents. Accordingly, this dispute was resolved;

    - As to RFPs 47 and 50, which request documents identifying who made the decision to participate in the civil action, you objected to Plaintiffs' withholding documents on the basis of relevancy. We explained that the ultimate decision-makers are the Attorneys General and requested an explanation as to why Defendants would find further detail about who was involved in the decision-making to be relevant to any of the claims or defenses that are before the Court. You provided no supporting argument as to how those records would be relevant to the current claims or defenses and agreed that no document production was necessary, and this matter was resolved.

  - ○ You indicated that if documents were being withheld based on any privilege

objection, that a privilege log is required and asked when it would be provided. We directed your attention to the recently-issued ESI protocol (July 10, 2025), which addresses procedures regarding the privilege log. We indicated that, if/where necessary, we would produce that information pursuant to the ESI order.

- RFAs
  - Despite instructing Plaintiffs to be prepared to discuss your disputes with Plaintiffs' objections to all the RFAs, you were not prepared to discuss any of Defendants' disputes.

  - Plaintiffs objected, indicating that Plaintiffs came prepared to discuss all of our responses, as you instructed and urged you to provide information on your disputes. You declined.

Sincerely,



Erin B. Leahy
Senior Assistant Attorney General
Consumer Protection Section
Office of Ohio Attorney General Dave Yost
30 East Broad St., 14th Floor
Columbus, Ohio 43215

Office number: 614-752-4730
Erin.Leahy@OhioAGO.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

**From:** Greg Taylor <gtaylor@tlgdc.com>
**Sent:** Wednesday, July 16, 2025 1:39 PM
**To:** Erin Leahy <erin.leahy@OhioAGO.gov>
**Cc:** Tracy Nayer <Tnayer@ncdoj.gov>; Martindale Thomas L <Thomas.Martindale@atg.in.gov>; Swetnam Douglas <douglas.swetnam@atg.in.gov>; Singer Nelson Michel <michel.singernelson@coag.gov>; Sparko Rochelle <rsparko@ncdoj.gov>; Dilweg, Laura <Laura.Dilweg@azag.gov>; Pelton, Sarah <Sarah.Pelton@azag.gov>; Meislik, Alyse <Alyse.Meislik@azag.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Trombley, Nikki <Nikki.Trombley@azag.gov>; Neil Ende <nende@tlgdc.com>; Dillon IV, John <John.DillonIV@azag.gov>
**Subject:** [AZ v. Avid Telecom] meet and confer

Erin:

Based on the disturbing manner in which Plaintiffs' counsel interacted during what was supposed to be a meet and confer discussion yesterday—which effectively precluded a meaningful discussion of our meet and confer issues—you are advised that we will be sending a comprehensive written meet and confer letter today or tomorrow setting forth the issues that we intended to discuss.

We do not believe a further telephonic meet and confer will be fruitful. Accordingly, at least for the next round of discussions, we ask that you respond to each issue in the meet and confer letter in writing.

Hopefully, that engagement will narrow the issue sufficiently such that any remaining issue(s) can be effectively resolved in a short call (or the subject of a motion to compel).

Please confirm your receipt of this email.

Thank you.

Best,
Greg

Greg Taylor, of Counsel
Technology Law Group, LLC
80 E. Fifth St. **|** Second Floor **|** Edmond, OK 73034
T: +1 405.896.2266 **|** F: +1 405.701.6174
gtaylor@tlgdc.com **|** Linkedin: Greg Taylor **|** Twitter: @telcoatty



# Exhibit J

| | |
|---|---|
| **From:** | Erin Leahy |
| **To:** | Greg Taylor |
| **Cc:** | Nayer, Tracy; Martindale Thomas L; Swetnam Douglas; Singer Nelson Michel; Sparko, Rochelle; Dilweg, Laura; Pelton, Sarah; Meislik, Alyse; Jones, Dylan; Trombley, Nikki; Neil Ende; Dillon IV. John |
| **Subject:** | RE: [AZ v. Avid Telecom] meet and confer |
| **Attachments:** | image005.png |
| | image006.png |
| | image007.png |
| | image008.png |
| | image009.png |

Greg,

Your attempt to establish a false record concerning the July 15 meet and confer is wholly without merit and expressly rejected by Plaintiffs. To be clear, at no time during the meet and confer did Plaintiffs' counsel engage in any conduct that could be considered "disturbing". At no time did any Plaintiffs counsel "refuse to engage in a substantive manner" as described in the letter from Mr. Ende dated July 17. In fact, it was quite the opposite. You appeared wholly unprepared to discuss all or even a majority of your disputes. We repeatedly urged you to identify your disputes for discussion as we had all convened at your request prepared to discuss Plaintiffs' responses. We did object to your lack of preparation or unwillingness to discuss your disputes at the meet-and-confer that you requested and expressed our unwillingness to convene again on these same topics.

Plaintiffs duly appeared for your requested meet confer regarding Defendants' interrogatories (which Defendants have never actually propounded), requests for admissions, requests for production, and 30(b)(6) deposition notices. Prior to the meeting, you represented - multiple times - that you would provide an outline of the disputes to be discussed; however, no such outline was ever provided. Rather, you instructed Plaintiffs' counsel to be prepared to review "all" responses and even insisted that you would need 2-3 hours to go through each response. Despite your misrepresentations on providing a written outline of your disputes in advance of the meeting, 21 attorneys representing the Lead Plaintiff States, and the Plaintiff States with State law claims, attended the meet and confer in good faith, prepared to address **"all"** plaintiff responses as you insisted.

The meet and confer was ultimately unproductive due to your inability to identify your disputes or articulate any substantive positions, cite any legal authority, or meaningfully engage on any issues.

Additionally, we note that despite numerous emails from Mr. Ende demanding that counsel for all "50" Plaintiffs appear for this meet and confer, he failed to attend.

We have further memorialized in detail below, the specific topics that were covered:

- Defense counsel's demands regarding attendance of all Plaintiff States at meet and confers:
  - Plaintiffs with state law claims objected to defense counsel's general demand that all Plaintiffs attend all meet and confer despite having designated the Lead Plaintiff States to represent their interests and requested legal justification for demanding such attendance;

○ You failed to provide any legal justification for the demand that all Plaintiffs attend each meet and confer;

○ Plaintiffs underscored that designating Lead Plaintiffs to represent a voluminous number of parties is common and widely accepted by Courts, and that while all Plaintiffs will participate/respond to discovery as necessary/required, attendance at any future meet-and-confers would only be attended by the Lead Plaintiff States;

○ After much discussion, you stated that, with your understanding that attendance at the meet-and-confers has no bearing on all Plaintiffs' participation in the litigation, you would cease insisting on the attendance of any non-lead Plaintiff States at any future meet and confers.

- 30(b)(6) depositions
  ○ You raised no disputes regarding Plaintiffs' written responses and objections to the topics listed in the deposition notices;

  ○ You stated that Defendants intend to file a motion to revise the scheduling order to allow Defendants to depose all the Plaintiff states, indicating it was Defendants' "right to confront their accusers."

  ○ Plaintiffs objected to amending the scheduling order based on this unsupported assertion, noting that this topic was already discussed in the context of the Rule 26 discovery plan and rejected by the Court with the issuance of the current Case Scheduling Order;

  ○ You asked if any state would consent to appear for Rule 30(b)(6) depositions. No states agreed and stood on the objections already provided in writing to the topics identified, and in addition stated that there are less burdensome methods of discovery on the identified topics that should be pursued first rather than requiring Plaintiffs to be subjected to a deposition.

- RFPs
  ○ Despite instructing Plaintiffs to be prepared to discuss your disputes with Plaintiffs' objections to "all" RFPs, you indicated that your only disputes related to responses where Plaintiffs indicated their intention to withhold documents (RFPs 46, 47, 49 and 50);
    ▪ As to RFPs 46 and 49, you objected to Plaintiffs' withholding non-privileged documents. Plaintiffs directed you to the language in the response to RFPs 46 and 49, which clearly states that Plaintiffs ***will*** produce non-privileged documents. Accordingly, this dispute was resolved;

    ▪ As to RFPs 47 and 50, which request documents identifying who made the decision to participate in the civil action, you objected to Plaintiffs' withholding documents on the basis of relevancy. We explained that the ultimate decision-makers are the Attorneys General and requested an explanation as to why Defendants would find further detail about who was involved in the decision-making to be relevant to any of the claims or defenses that are before the Court. You provided no supporting argument as to how those records would be relevant to the current claims or defenses and agreed that no document production was necessary, and this matter was resolved.

  ○ You indicated that if documents were being withheld based on any privilege

objection, that a privilege log is required and asked when it would be provided. We directed your attention to the recently-issued ESI protocol (July 10, 2025), which addresses procedures regarding the privilege log. We indicated that, if/where necessary, we would produce that information pursuant to the ESI order.

- RFAs
  - Despite instructing Plaintiffs to be prepared to discuss your disputes with Plaintiffs' objections to all the RFAs, you were not prepared to discuss any of Defendants' disputes.

  - Plaintiffs objected, indicating that Plaintiffs came prepared to discuss all of our responses, as you instructed and urged you to provide information on your disputes. You declined.

Sincerely,



Erin B. Leahy
Senior Assistant Attorney General
Consumer Protection Section
Office of Ohio Attorney General Dave Yost
30 East Broad St., 14<sup>th</sup> Floor
Columbus, Ohio 43215

Office number: 614-752-4730
Erin.Leahy@OhioAGO.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

**From:** Greg Taylor <gtaylor@tlgdc.com>
**Sent:** Wednesday, July 16, 2025 1:39 PM
**To:** Erin Leahy <erin.leahy@OhioAGO.gov>
**Cc:** Tracy Nayer <Tnayer@ncdoj.gov>; Martindale Thomas L <Thomas.Martindale@atg.in.gov>; Swetnam Douglas <douglas.swetnam@atg.in.gov>; Singer Nelson Michel <michel.singernelson@coag.gov>; Sparko Rochelle <rsparko@ncdoj.gov>; Dilweg, Laura <Laura.Dilweg@azag.gov>; Pelton, Sarah <Sarah.Pelton@azag.gov>; Meislik, Alyse <Alyse.Meislik@azag.gov>; Jones, Dylan <Dylan.Jones@azag.gov>; Trombley, Nikki <Nikki.Trombley@azag.gov>; Neil Ende <nende@tlgdc.com>; Dillon IV, John <John.DillonIV@azag.gov>
**Subject:** [AZ v. Avid Telecom] meet and confer

Erin:

Based on the disturbing manner in which Plaintiffs' counsel interacted during what was supposed to be a meet and confer discussion yesterday—which effectively precluded a meaningful discussion of our meet and confer issues—you are advised that we will be sending a comprehensive written meet and confer letter today or tomorrow setting forth the issues that we intended to discuss.

We do not believe a further telephonic meet and confer will be fruitful. Accordingly, at least for the next round of discussions, we ask that you respond to each issue in the meet and confer letter in writing.

Hopefully, that engagement will narrow the issue sufficiently such that any remaining issue(s) can be effectively resolved in a short call (or the subject of a motion to compel).

Please confirm your receipt of this email.

Thank you.

Best,
Greg

Greg Taylor, of Counsel
Technology Law Group, LLC
80 E. Fifth St. | Second Floor | Edmond, OK 73034
T: +1 405.896.2266 | F: +1 405.701.6174
gtaylor@tlgdc.com | Linkedin: Greg Taylor | Twitter: @telcoatty



| | |
|---|---|
| **From:** | Erin Leahy |
| **To:** | Neil Ende; Nayer, Tracy |
| **Cc:** | Douglas Swetnam (IN AG) (douglas.swetnam@atg.in.gov); Emily Dietz; John Dillon (AZ AG) (John.DillonIV@azag.gov); Sarah.Pelton@azag.gov; Sparko, Rochelle; Greg Taylor; Thomas Martindale (IN AG) (Thomas.Martindale@atg.in.gov) |
| **Subject:** | RE: [AZ v/ Avid] Request to Meet and Confer |
| **Date:** | Friday, September 26, 2025 1:35:11 PM |
| **Attachments:** | image006.png |
| | image007.png |
| | image008.png |
| | image009.png |
| | image010.png |
| | image011.png |
| | Pls" Response to Defs July 17 2025 Discovery Ltr.pdf |

> **EXTERNAL SENDER:** This email originated from outside the organization. Do not click on links or open attachments unless you can validate the sender and the contents are safe.

Neil,

Our position is already clear.  See highlighted below. Your attempt to mischaracterize our position as a refusal to meet and confer is utterly absurd. Despite having our written objections on the topics since late April/May, our further written responses sent August 6 (attached) and another detailed description below regarding our objections to the topics, you have provided no *substantive* response or even expressed a willingness to modify the topics. We remain willing to meet and confer should you provide revisions to the topics or greater detail as to why oral testimony is needed versus less burdensome written demands. If you want to take the position that Defendants are entitled to do 13 depositions of the Plaintiffs States on the topics you have identified, you will need to seek relief from the Court.



Erin B. Leahy
Senior Assistant Attorney General
Consumer Protection Section
Office of Ohio Attorney General Dave Yost

30 East Broad St., 14th Floor
Columbus, Ohio 43215

Office number: 614-752-4730
Erin.Leahy@OhioAGO.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

**From:** Neil Ende <nende@tlgdc.com>

**Sent:** Friday, September 26, 2025 10:12 AM
**To:** Erin Leahy <erin.leahy@OhioAGO.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>
**Cc:** Douglas Swetnam (IN AG) (douglas.swetnam@atg.in.gov) <douglas.swetnam@atg.in.gov>; Emily Dietz <Emily.Dietz@OhioAGO.gov>; John Dillon (AZ AG) (John.DillonIV@azag.gov) <John.DillonIV@azag.gov>; Sarah.Pelton@azag.gov; Sparko, Rochelle <rsparko@NCDOJ.GOV>; Greg Taylor <gtaylor@tlgdc.com>; Thomas Martindale (IN AG) (Thomas.Martindale@atg.in.gov) <Thomas.Martindale@atg.in.gov>
**Subject:** Re: [AZ v/ Avid] Request to Meet and Confer

Erin:

Good morning.

So the record is clear, do I correctly interpret your email as a refusal to meet and confer now with respect to any of the 30(b)(6) witness depositions and topics unless we meet each of the *preconditions* set forth in your September 25 email?  Either you will agree to meet and confer under current conditions or you will not.  So, please, "yes" or "no".

Neil S. Ende, Esq.
Managing Partner
Technology Law Group, LLC
*nende@tlgdc.com*
202-895-1707 (Office)
202-256-0120 (Mobile)
703-229-6741 PIN 854# (Voice Conference Bridge)

---

**From:** Erin Leahy <erin.leahy@OhioAGO.gov>
**Date:** Thursday, September 25, 2025 at 12:47 PM
**To:** Neil Ende <nende@tlgdc.com>, Nayer, Tracy <Tnayer@ncdoj.gov>
**Cc:** Douglas Swetnam (IN AG) (douglas.swetnam@atg.in.gov) <douglas.swetnam@atg.in.gov>, Emily Dietz <Emily.Dietz@OhioAGO.gov>, John Dillon (AZ AG) (John.DillonIV@azag.gov) <John.DillonIV@azag.gov>, Sarah.Pelton@azag.gov <Sarah.Pelton@azag.gov>, Sparko, Rochelle <rsparko@NCDOJ.GOV>, Greg Taylor <gtaylor@tlgdc.com>, Thomas Martindale (IN AG) (Thomas.Martindale@atg.in.gov) <Thomas.Martindale@atg.in.gov>
**Subject:** RE: [AZ v/ Avid] Request to Meet and Confer

Neil,

In April and May 2025, all Lead Plaintiffs and Plaintiffs with state law claims sent written objections to the topics identified in your deposition notices (among other objections), offered to meet and confer on the topics and indicated a willingness to designate a witness should there be an agreement on the topics.  Despite your continued misrepresentations, that is not a refusal to designate a witness.  We cannot identify the appropriate witness(es) without agreement on the topics.  Additionally, as we have all indicated in those responses, Plaintiffs objected to the topics for examination on the grounds that they are not suited for oral testimony and would be more appropriately addressed using other written discovery requests less burdensome than oral deposition, *See* Fed. R. Civ. P. 26(c)(1)(C).  Plaintiffs' evidence in this case is primarily, if not exclusively, in the form of records gathered from third parties and records already in the

possession and control of Defendants. Our work product for reviewing, assessing, and determining our legal theories for the Counts based upon our review of those records is privileged as we clearly noted in our written objections.  As Plaintiffs are not the creators of those records nor do they have any first-hand knowledge about the substance or creation of those records, therefore the topics identified remain objectionable for deposition. The records speak for themselves. The records have been produced to you or will be produced to you in response to your 740+ requests for document production.  The information you seek can be obtained from the records produced to date which include over 155,000 documents, 8 terabytes of call detail records and an expert report which provides the full analysis of the call detail records which support our allegations on the call violations and an expert report from the ITG.  A great deal of your outrageously duplicative interrogatories and document production requests relate directly to the analyses and findings in the expert reports and the underlying data sets.

Plaintiffs have indeed already participated in a meet and confer requested by you demanded on July 15 in which the topic of the deposition notices was discussed. As you failed to attend the call you demanded, we are once again attaching a summary of that call.  To date, Defendants have not provided any substantive responses to Plaintiffs' objections to the topics identified.  Plaintiffs' positions on the appropriateness of the topics identified in the current deposition notices will not change.  If Defendants would like to offer revised topics or greater detail to those topics that would reveal appropriate topics for oral testimony, we are more than willing to review those topics and participate in a meet and confer.

Sincerely,



Erin B. Leahy
Senior Assistant Attorney General
Consumer Protection Section
Office of Ohio Attorney General Dave Yost
30 East Broad St., 14th Floor
Columbus, Ohio 43215

Office number: 614-752-4730
Erin.Leahy@OhioAGO.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

**From:** Neil Ende <nende@tlgdc.com>
**Sent:** Thursday, September 25, 2025 10:26 AM
**To:** Nayer, Tracy <Tnayer@ncdoj.gov>

**Cc:** Alyse.Meislik@azag.gov; Douglas Swetnam (IN AG) (douglas.swetnam@atg.in.gov)
<douglas.swetnam@atg.in.gov>; Dylan.Jones@azag.gov; Emily Dietz <Emily.Dietz@OhioAGO.gov>; Erin
Leahy <erin.leahy@OhioAGO.gov>; John Dillon (AZ AG) (John.DillonIV@azag.gov)
<John.DillonIV@azag.gov>; Laura Dilweg (AZ AG) (Laura.Dilweg@azag.gov) <Laura.Dilweg@azag.gov>;
Sarah.Pelton@azag.gov; Sparko, Rochelle <rsparko@NCDOJ.GOV>; Greg Taylor <gtaylor@tlgdc.com>;
Thomas Martindale (IN AG) (Thomas.Martindale@atg.in.gov) <Thomas.Martindale@atg.in.gov>
**Subject:** [AZ v/ Avid] Request to Meet and Confer
**Importance:** High

Tracy:

Good Morning.

We would like to set a time to meet and confer with respect to the AGs continuing refusal
to designate any witnesses in response to Defendants' 30(b)(6) notices.

Please let us know when you can gather all of the Plaintiffs that were noticed for a call
*next week*.

Thank you.

Neil S. Ende, Esq.
Managing Partner
Technology Law Group, LLC
*nende@tlgdc.com*
202-895-1707 (Office)
202-256-0120 (Mobile)
703-229-6741 PIN 854# (Voice Conference Bridge)

---

**From:** Nayer, Tracy <Tnayer@ncdoj.gov>
**Date:** Wednesday, September 24, 2025 at 1:16 PM
**To:** Greg Taylor <gtaylor@tlgdc.com>
**Cc:** Alyse.Meislik@azag.gov <Alyse.Meislik@azag.gov>, Douglas Swetnam (IN AG)
(douglas.swetnam@atg.in.gov) <douglas.swetnam@atg.in.gov>, Dylan.Jones@azag.gov
<Dylan.Jones@azag.gov>, Emily Dietz (OH AG) (Emily.Dietz@OhioAGO.gov)
<Emily.Dietz@OhioAGO.gov>, Erin Leahy (OH AG) (erin.leahy@ohioago.gov)
<erin.leahy@ohioago.gov>, Erin Leahy <erin.leahy@ohioago.gov>, John Dillon (AZ AG)
(John.DillonIV@azag.gov) <John.DillonIV@azag.gov>, Laura Dilweg (AZ AG)
(Laura.Dilweg@azag.gov) <Laura.Dilweg@azag.gov>, Neil Ende <nende@tlgdc.com>,
Sarah.Pelton@azag.gov <Sarah.Pelton@azag.gov>, Sparko, Rochelle
<rsparko@NCDOJ.GOV>, Thomas Martindale (IN AG) (Thomas.Martindale@atg.in.gov)
<Thomas.Martindale@atg.in.gov>
**Subject:** RE: [AZ v/ Avid Telecom] Reeves RFA responses (corrected)

Received.  Thanks.


**Tracy Nayer**



Special Deputy Attorney General
Consumer Protection Division
North Carolina Department of Justice
(919) 716-6581
tnayer@ncdoj.gov
Post Office Box 629, Raleigh, NC 27602
114 West Edenton Street, Raleigh, NC 27603
https://ncdoj.gov/

Please note messages to or from this address may be public records.

---

**From:** Greg Taylor <gtaylor@tlgdc.com>
**Sent:** Wednesday, September 24, 2025 12:56 PM
**To:** Nayer, Tracy <Tnayer@ncdoj.gov>
**Cc:** Alyse.Meislik@azag.gov; Douglas Swetnam (IN AG) (douglas.swetnam@atg.in.gov) <douglas.swetnam@atg.in.gov>; Dylan.Jones@azag.gov; Emily Dietz (OH AG) (Emily.Dietz@OhioAGO.gov) <Emily.Dietz@OhioAGO.gov>; Erin Leahy (OH AG) (erin.leahy@ohioago.gov) <erin.leahy@ohioago.gov>; Erin Leahy <erin.leahy@ohioago.gov>; John Dillon (AZ AG) (John.DillonIV@azag.gov) <John.DillonIV@azag.gov>; Laura Dilweg (AZ AG) (Laura.Dilweg@azag.gov) <Laura.Dilweg@azag.gov>; Neil Ende <nende@tlgdc.com>; Sarah.Pelton@azag.gov; Sparko, Rochelle <rsparko@NCDOJ.GOV>; Thomas Martindale (IN AG) (Thomas.Martindale@atg.in.gov) <Thomas.Martindale@atg.in.gov>
**Subject:** [AZ v/ Avid Telecom] Reeves RFA responses (corrected)

**EXTERNAL SENDER:** This email originated from outside the organization. Do not click on links or open attachments unless you can validate the sender and the contents are safe.

Tracy:

As Neil advised, please find attached the corrected RFA responses for Defendant Reeves. This corrected version does not include the attorney work product like the original version.

Again, we ask pursuant to FRCP 26(b)(5)(B) that all copies of the original Reeves responses be destroyed without review.

Thank you!

Best,
Greg Taylor, of Counsel
Technology Law Group, LLC
80 E. Fifth St. | Second Floor | Edmond, OK 73034
T: +1 405.896.2266 | F: +1 405.701.6174
gtaylor@tlgdc.com | Linkedin: Greg Taylor | Twitter: @telcoatty





Consumer Protection Section
Main: (614) 466-8831
Toll-free: (800) 282-0515

Neil Ende
Greg Taylor
Technology Law Group L.L.C.
5335 Wisconsin Ave, NW
Suite 440
Washington, DC 20015

Via Email to: nende@tlgdc.com; gtaylor@tlgdc.com

Dear Neil and Greg:

I write on behalf of the Lead Plaintiff States and the Plaintiff States with state law claim in response to Defendants' July 17, 2025, meet-and-confer correspondence. As an initial matter, Plaintiffs again categorically reject your claim that Plaintiffs' counsel were abusive, dismissive or refused to engage in substantive discussions during the July 15, 2025, telephonic meet and confer.

To the contrary, as outlined in our July 18th email memorializing the meeting, 21 Plaintiffs' counsel representing 13 Plaintiff States attended at your request and were fully prepared and willing to substantively discuss any discovery issues raised by Defendants during that call. However, Mr. Taylor was utterly unprepared, unable and unwilling to engage in meaningful, substantive discussion about the disputes despite his demand that Plaintiffs' counsel come prepared to discuss "all" Plaintiffs' responses.

We further note that you failed to attend the meet and confer.  Your continued efforts to fabricate what actually occurred during the telephonic meet and confer – including in unilateral communications to the Court's Law Clerk – are not well taken. If this gamesmanship and intentional distortion of the record continues, Plaintiffs will seek appropriate relief.

## I.    Plaintiffs' Responses to Defendants' Requests for Production of Documents

Defendants' request to meet and confer about Plaintiffs' responses to Defendants' First Request for Production of Documents will not result in any change to Plaintiffs' responses. Plaintiffs' responses state that documents were not withheld on the basis of the objections at issue in Defendants' meet-and-confer correspondence.

Specifically, Defendants requested to meet and confer with Plaintiffs regarding their objections to the breadth and burden of Request Nos. 1-45, 48, and 51. Plaintiffs' objection to the breadth and burden of these Requests is valid, specific, and narrowly tailored to the fundamental defects in Defendants' Requests. Furthermore, Plaintiffs' responses to these Requests state that they did not withhold documents on the basis of this objection.

Defendants take issue with Plaintiffs' objection to the relevance of Request Nos. 29-32, 43-45, 48, and 51. Plaintiffs' stand by their objection that these Requests seek information that is not relevant to any claim or defense. For instance, Defendant's Request No. 29 seeks, "Documents... regarding when the telephone number associated with each call alleged to be illegal was obtained by the Called Party." When a Called Party obtained a number does not have bearing on Plaintiffs' claims or on the defenses raised by Defendants. Plaintiffs did not withhold any documents based on their relevance objection in response to Request 29, nor did they withhold any documents on the basis of this objection in their responses to Request Nos. 30-32, 43-45, 48, and 51.

Plaintiffs raised objections to Defendants' use of undefined and unclear terms in Request Nos. 1-42 and 45. Plaintiffs' responses to these Requests do not withhold any documents on the basis of this objection.

Defendants requested to meet and confer with Plaintiffs regarding their objections to the vagueness of Request Nos. 43 and 44. Plaintiffs' responses to these Requests do not withhold any documents on the basis of this objection.

Defendants requested to meet and confer with Plaintiffs regarding their objections to Request Nos. 1 and 4 as requesting documents that may be outside Plaintiffs' custody and control. Plaintiffs' responses to these Requests state that Plaintiffs' production will include responsive documents within their custody and control, as required by the Federal Rules of Civil Procedure.

Defendants requested to meet and confer with Plaintiffs regarding their response to Request No. 5. Plaintiffs stand on their original response, that there are no responsive documents. There are no responsive documents because there are no state notice requirements. Thus, there are no responsive documents.

Defendants requested to meet and confer with Plaintiffs regarding their responses to Request Nos. 13-14, 19-22, 24-45, 48, and 51, specifically to ask whether Plaintiffs withheld any documents based on Plaintiffs' objections. Plaintiffs state that no documents are being withheld based on their objections to Request Nos. 13-14, 19-22, 24-45, 48, and 51.

Defendants requested to meet and confer with Plaintiffs regarding their response to Request No. 27. Plaintiffs stand on their response; they possess no responsive documents. Plaintiffs did not withhold any documents in their response to Request No. 27.

Defendants requested to meet and confer with Plaintiffs regarding their response to Request Nos. 52 and 53. Those Requests state, "52. Please produce all Documents utilized by the Lead Plaintiff States to calculate the damages set forth in the Complaint arising out of federal law," and "53. Please produce all Document utilized by the State Law Action State [sic] to calculate the damages set forth in the Complaint arising out of state law." Plaintiffs responded to the Requests Defendants propounded and stand on their responses to these two Requests. In their request to meet and confer with Plaintiffs, Defendants wrote that Request Nos. 52 and 53 are "not limited to damage calculations set forth in the Complaint." The language of Defendants' Request Nos. 52 and 53 are, in fact, so limited. Further, the Prayer for Relief section of

Plaintiffs' Complaint sets forth the remunerative relief the Plaintiff seeks. The applicable civil penalties will be determined at trial as to the type and number of violations. The Plaintiffs have no obligation to undertake legal research or organize factual evidence for Defendants to provide a calculation of the respective potential statutory civil penalties that may be applicable for each count of Plaintiffs' Complaint. Additionally, many of the initial calculations cited in Plaintiffs' Complaint are based upon an analysis of Defendants' call detail records which are equally, if not more readily available, to the Defendants.

## II.    Plaintiffs' Responses to Defendants' Facially Defective Rule 30(b)(6) Deposition Notices

As to Plaintiffs' responses to Defendants' Rule 30(b)(6) notices Defendants' letter fails to address - let alone refute - the fact that the deposition notices served to 49 Plaintiffs were facially defective under Rules 30(b)(1) and 30(b)(6) of the Federal Rules of Civil Procedure.

Plaintiffs have not taken the position that there is an unqualified barrier to taking the deposition of a representative of a governmental authority that is a party to the Complaint. The Lead Plaintiff States and the eleven Plaintiff States that brought state law claims do not object to Rule 30(b)(6) depositions of properly identified, relevant topics that otherwise comport with Rules 26 and 30 of the Federal Rules of Civil Procedure and other applicable state and federal laws. Rather, the Plaintiffs object to Defendants' insistence that Plaintiffs designate witnesses in advance of the parties resolving disputes as to the topics identified. Plaintiffs need to know the nature and scope of the topics subject to examination in order to designate the appropriate witnesses.

Plaintiffs' written objections, each labeled as "Response to Topic (-)" clearly pertained to the substance of the specific topics identified, not merely to the designation of a knowledgeable witness as your letter erroneously states. Further, your letter fails to address or refute Plaintiffs' specific objections to each of the substantive topics identified. Plaintiffs' objections are valid, specific, and narrowly tailored to the fundamental defects of each of Defendants' deposition topics. Plaintiffs will designate appropriate witnesses upon agreement by the parties as to the nature and scope of relevant topics that comport with Rules 26 and 30 of the Federal Rules of Civil Procedure and other applicable state and federal laws. We remain open to meet and confer after your re-examination of Plaintiffs' specific objections to the topics.

## III.    Plaintiffs' Responses to Defendants' Requests for Admission

As to the "General Meet and Confer Issue" identified on page 115, it is unclear from the description what dispute Defendant is raising as to Plaintiffs' responses. Plaintiffs will provide a response should Defendants properly identify the dispute that this section intended to describe.

As it relates to Defendants' Requests Nos. 1-4, 7-14, 22, 24, 29-30, Defendants contend – without any actual support – that Plaintiffs' responses are "false" and demand that Plaintiffs either "revise" their responses or "identify specific facts" supporting them. Tellingly, Defendants cite to no rule or legal authority justifying such demands. That is because none exists. Plaintiffs' responses fully

comply with Rule 36 of the Federal Rules of Civil Procedure. As there is no basis for Defendants' demands, Plaintiffs stand by their original responses to Requests Nos. 1-4, 7-14, 22, 24, 29-30.

As it relates to Defendants' Requests Nos. 5-6, Defendants contend-without providing any justification- that they are "entitled" to an admission from Plaintiffs. But there is no rule entitling Defendants to the specific admissions they seek. In reality, Plaintiffs asserted proper, narrowly tailored objections to both Requests, and after undertaking a reasonable inquiry, stated that they were unable to admit or deny the requests.

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, in response to a request for admission, a party may admit, deny, or state that it cannot admit or deny a request. Plaintiffs' responses to Requests Nos. 5 and 6 fully comply with that rule. Defendants have offered no explanation or legal authority to the contrary. Accordingly, Plaintiffs stand by their responses to Requests Nos. 5 and 6.

As it relates to Request Nos. 18-20, Defendants vaguely maintain that while they "accept" Plaintiffs' admissions they do not accept that "YouMail Terms and Conditions allow for the scraping of personal voicemail data or the delivery of those data to third parties, including Plaintiffs, presumably through misuse of interstate wires." However, it is unclear from Defendants' letter what, if anything, they are requesting from Plaintiffs with respect to their responses to Requests Nos. 18-20. Plaintiffs have responded to Requests Nos. 18-20 to the best of their ability based on how the Requests are currently phrased.

Plaintiffs remain ready and available to personally meet and confer with Defendants regarding the above issues, pursuant to Local Rule 7.2(j) and consistent with the Court's August 1, 2025, email instruction. We are available on the following dates/times:

Thursday, August 7th: 12pm-1pm or 2-3pm;
Friday, August 8th 2-3:30pm; or
Tuesday, August 12th 12pm-2pm or 3-5pm.
(All times referenced are Eastern time zone)

Please let us know which of these days/times would work best for Defendants.

Plaintiffs reserve all rights to revise or supplement their responses.


Sincerely,

Erin B. Leahy
Senior Assistant Attorney General
Consumer Protection Section
Office of Ohio Attorney General Dave Yost
Office number: 614-752-4730
Erin.Leahy@OhioAGO.gov

# Exhibit K

| From: | Neil Ende |
|---|---|
| To: | Nayer, Tracy; Alyse.Meislik@azag.gov; douglas.swetnam@atg.in.gov; Dylan.Jones@azag.gov; erin.leahy@OhioAGO.gov; john.DillonIV@azag.gov; Sarah.Pelton@azag.gov; Thomas.Martindale@atg.in.gov; Sparko, Rochelle; lindsay.dawson@AlabamaAG.gov; Robert.Tambling@AlabamaAG.gov; amanda.wentz@arkansasag.gov; nicklas.akers@doj.ca.gov; bernard.eskandari@doj.ca.gov; michelle.burkart@doj.ca.gov; rosailda.perez@doj.ca.gov; timothy.lundgren@doj.ca.gov; michel.singernelson@coag.gov; brendan.flynn@ct.gov; Ryan.costa@delaware.gov; adamt2005@gmail.com; dzisook@law.ga.gov; christopher.ji.leong@hawaii.gov; james.simeri@ag.idaho.gov; Nicholas.Smith@ag.ks.gov; sarah.dietz@ag.ks.gov; philip.heimlich@ilag.gov; elizabeth.blackston@ilag.gov; WilliamsZ@ag.louisiana.gov; Benjamin.Bellus@ag.iowa.gov; William.Pearson@ag.iowa.gov; brendan.oneil@maine.gov; Michael.devine@maine.gov; hillm19@michigan.gov; pziperman@oag.state.md.us; bennett.hartz@ag.state.mn.us; Emily.morgan@ago.ms.gov; james.rankin@ago.ms.gov; Michael.turi@mass.gov; Carol.guerrero@mass.gov; jeff.koziar@law.njoag.gov; blair.gerold@law.njoag.gov; Anna.schneider@mt.gov; Andrew.butler@mt.gov; gary.brollier@nebraska.gov; mbadorine@ag.nv.gov; rfulghum@ag.nv.gov; sfeeley@ag.nv.gov; Zzheng@ag.nv.gov; Mary.F.Stewart@doj.nh.gov; Deepta.Janardhan@law.njoag.gov; bjimenez@nmag.gov; Sylvia.lanfair@oag.ok.gov; Glenna.goldis@ag.ny.gov; jordan.m.roberts@doj.state.or.us; ealm@nd.gov; mwolfe@attorneygeneral.gov; bbingle@attorneygeneral.gov; SProvazza@riag.ri.gov; tyler.corcoran@ag.tn.gov; David.Shatto@oag.texas.gov; kmclean@agutah.gov; alexandrabutler@agutah.gov; ksimons@scag.gov; James.Layman@vermont.gov; gward@oag.state.va.us; Ostiguy, Austin; Ashley.T.Wentz@wvago.gov; myszkowskiga@doj.state.wi.us; zorba.leslie@atg.wa.gov; cameron.geeting1@wyo.gov; Benjamin.peterson2@wyo.gov; laura.beckerman@dc.gov; jacobp.ford@ky.gov; haaslawoffice@gmail.com; sean.saval@myfloridalegal.com; Michael.roland@myfloridalegal.com; fitzgeraldk@michigan.gov; clindblad@nd.gov; luke.hawley@ago.mo.gov; eliot.gusdorf@ago.mo.gov; Laura.Dilweg@azag.gov; jessica.jasper@ago.ms.gov; JSakura@nmdoj.gov; Robert.Carlson@ag.ok.gov; scornaby@agutah.gov; danirobertson@scag.gov; Alexandra.Kory@atg.wa.gov; kevin.vermillion@dc.gov; miles.vaughn@myfloridalegal.com; matt.hehemann@atg.wa.gov; Alison.Esbeck@ago.mo.gov; Zachary.Elam@ago.mo.govstace; bounceback; bounceback; bounceback |
| Cc: | Greg Taylor; Ritesh Warikallamath |
| Subject: | Follow-up To Magistrate Order |
| Date: | Monday, October 27, 2025 2:44:34 PM |
| Importance: | High |

**EXTERNAL SENDER:** This email originated from outside the organization. Do not click on links or open attachments unless you can validate the sender and the contents are safe.

State AGs:

Good afternoon.

For months, Plaintiffs other than the so-called Lead Plaintiffs States, have failed and refused to provide direct responses to Defendants' discovery requests. This conduct is and always has been demonstrably improper and these states' failure and refusal to engage directly with Defendants extremely troubling. It is now clear from the Magistrate Order that Defendants are permitted to direct discovery to each Plaintiff state and that each of the non-Lead Plaintiff states must respond *directly* to all discovery requests.

Specifically, Magistrate Ambri's Order expressly and directly confirms our long-stated view that the language of the Scheduling Order allows; *i.e.,* as the Magistrate stated, "does not forbid the defendants from propounding discovery requests on non-lead Plaintiff States. If the defendants seek information about telephone calls made to a non-lead Plaintiff State, this paragraph does not prevent them from *asking that state directly for documents*." (Emphasis added.) Our outstanding discovery directed to each state does precisely that.

By this email, we ask that each of the states to whom discovery in all forms has been propounded by any Defendant, respond *individually and directly* to each of those requests; *i.e.,* responses provided by or through the Lead Plaintiff States or any other state are not acceptable. Please ensure that all responses are signed by an attorney from each

responding state certifying its validity under Federal Rule of Civil Procedure 26(g). As each state's direct response is untimely, objections are not allowed.

The Magistrate's Order also requires Plaintiffs to provide [their] assessment of damages in light of the information currently available to [them] in sufficient detail so as to enable each of the multiple Defendants in this case to understand the contours of [their] potential exposure and make informed decisions as to settlement and discovery." *City & Cnty. of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003)." As each of the states has different calls, different call mixes (*e.g.,* calls alleged to be willfully unlawful @ \$1500 and negligently unlawful @ \$500), different numbers of calls (*see* Complaint at para. 89), different TCPA and other state laws (where applicable) providing for damages in differing amounts and forms (see the individual state law counts), we believe that the Magistrate's Order requires that the assessment of damages be broken down ***separately*** by each of these categories of damages in each state, showing the calculation of damages due under each applicable law. Please advise if you agree and will comply with these disclosure requirements as stated or if we need to take the issue back to the Magistrate.

Finally, we would like to move forward expeditiously with the 30(b)(6) depositions of each Lead Plaintiff State and of each state with a state law claim. At your first convenience, please designate a witness(es) with knowledge of ***all*** of the facts (*i.e.,* not just the state-specific facts) to which each state certified and verified that it had confirmed to be true (*e.g.,* under Rule 11) in signing the complaint (without limitation) and provide dates of availability within the current discovery calendar.

***Please confirm your receipt of this email by return email.***

Thank you.

Neil S. Ende, Esq.
Managing Partner
Technology Law Group, LLC
*nende@tlgdc.com*
202-895-1707 (Office)
202-256-0120 (Mobile)
703-229-6741 PIN 854# (Voice Conference Bridge)

# Exhibit L

| From: | Erin Leahy |
|---|---|
| To: | Neil Ende; Greg Taylor; Virginia Bell Flynn (Virginia.Flynn@troutman.com); Ashley.Taylor@troutman.com; Michael.Lacy@troutman.com |
| Cc: | Alyssa Jauregui; Belen Miranda (AZ AG; Douglas Swetnam (IN AG; Erin Leahy; John Isaacs; Michel Singer Nelson (CO AG; Nayer, Tracy; Sarah Pelton (AZ AG; Sparko, Rochelle; Thomas Martindale (IN AG; John Dillon; Emily Dietz; Alan Kouns (AL AG; Bernard (Barney) Eskandari (CA; Brendan Flynn (CT AG; Casey.Rybak@ct.gov; Caylee.Ribeiro@ct.gov; Christen Lee (IL AG; Elizabeth Blackston (IL AG; Jeni Murphy (CO AG; Jennifer Lutz (IL AG; Jennifer Ashe (AL AG; jabel@attorneygeneral.gov; Jose Rene Martinez (CT AG; Lindsay Barton (AL AG; Mark Wolfe (PA AG; Michel Singer Nelson (CO AG; Michelle Burkart (CA AG; Michael Roland (FL AG; Nicholas.Smith@ag.ks.gov; Nick Akers (CA; Olivia Martin; Phil Ziperman (MD AG; Philip ("Ike") Heimlich (Illinois; Robert Tambling (AL AG; Rosailda Perez; Sarah.Dietz@ag.ks.gov; timothy.lundgren@doj.ca.gov; Henry.johnson@myfloridalegal.com; Sean Saval (FL AG; Victoria Butler (FL AG; Leslie, Zorba (ATG; Barber, Mary C (ATG; W.Stallings@ilag.gov; Zivile.Rimkevicius@myfloridalegal.com; Vincent.Amiri@ag.ks.gov; amanda.wentz@arkansasag.gov; Andre Souligny (VT AG; Andrew Butler (MT AG; ann.l.haight@wvago.gov; anna.schneider@mt.gov; Ashley.T.Wentz@wvago.gov; Ostiguy, Austin; Benjamin.Bellus@ag.iowa.gov; bennett.hartz@ag.state.mn.us; brandon.h.garod@doj.nh.gov; brendan.oneil@maine.gov; Brent Mead (MT AG; Cameron Geeting (WY AG; Carol Guerrero (Mass AG; Christopher (Chris) Lindblad (ND AG; christopher.jl.leong@hawaii.gov; Crystal.utley@ago.ms.gov; D"Arruda, Kimberley; Mcdowell, David; David.Shatto@oag.texas.gov; diana.anderson@delaware.gov; dknott@scag.gov; dzisook@law.ga.gov; ealm@nd.gov; Emily.barth@dc.gov; Emma Trichel (TN AG; evansj@michigan.gov; fitzgeraldk@michigan.gov; Gary Brollier (NE AG; glenna.goldis@ag.ny.gov; gward@oag.state.va.us; HillM19@michigan.gov; James Layman (VT AG; James Rankin (MS AG; James Simeri (ID AG; jane.azia@ag.ny.gov; jason.pleggenkuhle@ag.state.mn.us; Jeff.Hill@ag.ks.gov; Jeff.Koziar@law.njoag.gov; jesse.sierant@law.njoag.gov; Jimmie Webb (TN AG; jonathan.farmer@ky.gov; Jordan.M.Roberts@doj.oregon.gov; Kate.McKeon@doj.oregon.gov; Kevin Vermillion (DC AG; ksimons@scag.gov; Lewis Beilin (WI AG; lotero@nmag.gov; Mary Frances Jowers (SC AG; mary.f.stewart@doj.nh.gov; mcfarlanele@doj.state.wi.us; Michael Devine (Maine AG; Michael Greibrok (WVA AG; Michelle Badorine (NV AG; Michelle.Hinkl@ago.mo.gov; mkubiak@oag.state.va.us; gregory.myszkowski@wisdoj.gov; nicole.raisbeck@wisconsin.gov; patrickl.malone@delaware.gov; philip.heleringer@ky.gov; Raquel Fulghum (NV AG; renee.franks@mt.gov; Ryan.costa@delaware.gov; Samantha (Sam) Feeley (NV AG; Scott Froman (TX AG; SProvazza@riag.ri.gov; srice@riag.ri.gov; styronl@ag.louisiana.gov; tammy.wilson@ag.idaho.gov; thetzler@nd.gov; tyler.corcoran@ag.tn.gov; William.Pearson@ag.iowa.gov; ZaTabia Williams (LA AG; Zzheng@ag.nv.gov; Billy Jimenez; Stevenson Smith (UT AG; Blair Gerold; Laura Beckerman; Alex Butler; Michael M Turi; Sarah Most; Alex Carnevale; Stephanie Guyon; Kimberly.Warren@ago.ms.gov; Arlisa.Smith@ago.ms.gov; Sylvia Lanfair; Eliot Gusdorf; Anthony Juzaitis |
| Subject: | RE: Follow-up To Magistrate Order |
| Date: | Tuesday, October 28, 2025 1:40:21 PM |
| Attachments: | image001.png |

> **EXTERNAL SENDER:** This email originated from outside the organization. Do not click on links or open attachments unless you can validate the sender and the contents are safe.

Neil,

There is nothing new in Magistrate Judge Ambri's Order as to the Defendants' ability to serve written discovery demands on any of the non-Lead Plaintiffs. Judge Ambri's Order again corrects the erroneous nature of Defendants' assertion that the Case Mgmt Scheduling Order (Doc 102) prevented Defendants from propounding requests on any non-Lead Plaintiff. The Court previously corrected this erroneous assertion in its ruling denying Defs' motion to revise the Scheduling Order. (Doc. 158 at p. 4, 7) Defendants have been free to issue written demands to any Plaintiff since the scheduling order was entered on December 10, 2024.

At no point in time have any of the non-lead Plaintiffs failed or refused to provide direct responses to Defendants' written discovery requests. In fact, in response to each set of RFPs and RFAs served on the non-lead Plaintiffs, the responses and objections were properly served within 30 days and signed by respective counsel for each Plaintiff State. In the interests of conducting discovery efficiently and economically, the Plaintiffs provided consolidated/joint responses due to the highly repetitive and cumulative nature of Defendants' demands but that fact does not render those responses any less responsive or direct. Where appropriate, the consolidated/joint responses include state-specific responses as requested. As stated in Judge Ambri's Order, "if the defendants seek documents that a non-lead Plaintiff State might have, but those documents might

also be held by a lead Plaintiff State, it might be prudent to check with the lead Plaintiffs and get the information from them if they indicate that they have it." (Doc 170 at p. 2).  We have informed you on numerous occasions, including in the early stages of discovery in Dkt. Nos. 79 (p. 22) and 89 (p. 2-3), the investigative and pre-litigation work on this case was done by a small group of Plaintiffs for the benefit of all Plaintiffs as is common in Attorneys General multistate cases. Additionally, the relevant evidence to prove the federal claims, Counts I through V, will be largely the same evidence from the same sources for all Plaintiffs. This same evidence to prove the federal claims will similarly be largely relied upon to establish the elements of most state claims alleged. Those core documents and other responsive discoverable documents from non-lead Plaintiffs were uploaded to a single account on document review platform, Everlaw.  As you are aware, and has been reflected for the Court's benefit in the multiple Notices of Service filed with the Court detailing Plaintiffs' service of discovery requests and responses in accordance with the Local Rules, the Ohio Attorney General's Office has coordinated sending document production from Everlaw on behalf of all Plaintiffs and detailed spreadsheets have been provided identifying the duplicative requests for which documents are responsive.

As to the calculation of damages, Plaintiffs will supplement their disclosures pursuant Judge Ambri's Order for each Count in the Complaint for each Plaintiff.

As to the depositions, pursuant to Judge Ambri's Order, please serve the respective Plaintiffs with deposition notices pertaining to facts gathered by Plaintiffs, or at a minimum, provide revised topics for each Plaintiff so that we may identify the appropriate witnesses.  It is unclear from your language below whether you intend to continue to seek testimony on topics are privileged or attorney work product. For example, previous deposition notices included a topic describing Plaintiffs' staff review and assessment of its case, including but not limited to the Complaint allegations, legal contentions or arguments to be made, evaluation of factual contentions, or motivations in bringing the action.  Plaintiffs continue to object to the inclusion of privileged topics and attorney work product.

Sincerely,



Erin B. Leahy
Senior Assistant Attorney General
Consumer Protection Section
Office of Ohio Attorney General Dave Yost
30 East Broad St., 14th Floor
Columbus, Ohio 43215

Office number: 614-752-4730
Erin.Leahy@OhioAGO.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by

telephone.

---

**From:** Neil Ende <nende@tlgdc.com>
**Sent:** Monday, October 27, 2025 2:44 PM
**To:** Tnayer@ncdoj.gov; Alyse.Meislik@azag.gov; douglas.swetnam@atg.in.gov; Dylan.Jones@azag.gov; Erin Leahy <erin.leahy@OhioAGO.gov>; john.DillonIV@azag.gov; Sarah.Pelton@azag.gov; Thomas.Martindale@atg.in.gov; rsparko@ncdoj.gov; lindsay.dawson@AlabamaAG.gov; Robert.Tambling@AlabamaAG.gov; Amanda.wentz@arkansasag.gov; nicklas.akers@doj.ca.gov; bernard.eskandari@doj.ca.gov; michelle.burkart@doj.ca.gov; rosailda.perez@doj.ca.gov; timothy.lundgren@doj.ca.gov; michel.singernelson@coag.gov; brendan.flynn@ct.gov; Ryan.costa@delaware.gov; adamt2005@gmail.com; dzisook@law.ga.gov; christopher.ji.leong@hawaii.gov; james.simeri@ag.idaho.gov; Nicholas.Smith@ag.ks.gov; sarah.dietz@ag.ks.gov; philip.heimlich@ilag.gov; elizabeth.blackston@ilag.gov; WilliamsZ@ag.louisiana.gov; Benjamin.Bellus@ag.iowa.gov; William.Pearson@ag.iowa.gov; brendan.oneil@maine.gov; Michael.devine@maine.gov; hillm19@michigan.gov; pziperman@oag.state.md.us; bennett.hartz@ag.state.mn.us; Emily.morgan@ago.ms.gov; james.rankin@ago.ms.gov; Michael.turi@mass.gov; Carol.guerrero@mass.gov; jeff.koziar@law.njoag.gov; blair.gerold@law.njoag.gov; Anna.schneider@mt.gov; Andrew.butler@mt.gov; gary.brollier@nebraska.gov; mbadorine@ag.nv.gov; rfulghum@ag.nv.gov; sfeeley@ag.nv.gov; zzheng@ag.nv.gov; Mary.F.Stewart@doj.nh.gov; Deepta.Janardhan@law.njoag.gov; bjimenez@nmag.gov; Sylvia.lanfair@oag.ok.gov; Glenna.goldis@ag.ny.gov; jordan.m.roberts@doj.state.or.us; ealm@nd.gov; mwolfe@attorneygeneral.gov; bbingle@attorneygeneral.gov; sprovazza@riag.ri.gov; tyler.corcoran@ag.tn.gov; David.Shatto@oag.texas.gov; kmclean@agutah.gov; alexandrabutler@agutah.gov; ksimons@scag.gov; James.Layman@vermont.gov; gward@oag.state.va.us; austin.ostiguy@ag.tn.gov; Ashley.T.Wentz@wvago.gov; myszkowskiga@doj.state.wi.us; zorba.leslie@atg.wa.gov; cameron.geeting1@wyo.gov; Benjamin.peterson2@wyo.gov; laura.beckerman@dc.gov; jacobp.ford@ky.gov; haaslawoffice@gmail.com; sean.saval@myfloridalegal.com; Michael.roland@myfloridalegal.com; fitzgeraldk@michigan.gov; clindblad@nd.gov; luke.hawley@ago.mo.gov; eliot.gusdorf@ago.mo.gov; Laura.Dilweg@azag.gov; jessica.jasper@ago.ms.gov; jsakura@nmdoj.gov; Robert.Carlson@oag.ok.gov; scornaby@agutah.gov; danirobertson@scag.gov; Alexandra.Kory@atg.wa.gov; kevin.vermillion@dc.gov; miles.vaughn@myfloridalegal.com; matt.hehemann@atg.wa.gov; Alison.Esbeck@ago.mo.gov; Zachary.Elam@ago.mo.govstace; bounceback <khyland@oag.state.md.us>; bounceback <Patrick.crotty@myfloridalegal.com>; bounceback <Joseph.yeoman@atg.in.gov>
**Cc:** Greg Taylor <gtaylor@tlgdc.com>; Ritesh Warikallamath <rwarikallamath@tlgdc.com>
**Subject:** Follow-up To Magistrate Order
**Importance:** High

State AGs:

Good afternoon.

For months, Plaintiffs other than the so-called Lead Plaintiffs States, have failed and refused to

provide direct responses to Defendants' discovery requests. This conduct is and always has been demonstrably improper and these states' failure and refusal to engage directly with Defendants extremely troubling. It is now clear from the Magistrate Order that Defendants are permitted to direct discovery to each Plaintiff state and that each of the non-Lead Plaintiff states must respond *directly* to all discovery requests.

Specifically, Magistrate Ambri's Order expressly and directly confirms our long-stated view that the language of the Scheduling Order allows; *i.e.,* as the Magistrate stated, "does not forbid the defendants from propounding discovery requests on non-lead Plaintiff States. If the defendants seek information about telephone calls made to a non-lead Plaintiff State, this paragraph does not prevent them from ***asking that state directly for documents***." (Emphasis added). Our outstanding discovery directed to each state does precisely that.

By this email, we ask that each of the states to whom discovery in all forms has been propounded by any Defendant, respond ***individually and directly*** to each of those requests; *i.e.,* responses provided by or through the Lead Plaintiff States or any other state are not acceptable. Please ensure that all responses are signed by an attorney from each responding state certifying its validity under Federal Rule of Civil Procedure 26(g). As each state's direct response is untimely, objections are not allowed.

The Magistrate's Order also requires Plaintiffs to provide [their] assessment of damages in light of the information currently available to [them] in sufficient detail so as to enable each of the multiple Defendants in this case to understand the contours of [their] potential exposure and make informed decisions as to settlement and discovery." *City & Cnty. of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003)." As each of the states has different calls, different call mixes (*e.g.,* calls alleged to be willfully unlawful @ $1500 and negligently unlawful @ $500), different numbers of calls (*see* Complaint at para. 89), different TCPA and other state laws (where applicable) providing for damages in differing amounts and forms (see the individual state law counts), we believe that the Magistrate's Order requires that the assessment of damages be broken down ***separately*** by each of these categories of damages in each state, showing the calculation of damages due under each applicable law. Please advise if you agree and will comply with these disclosure requirements as stated or if we need to take the issue back to the Magistrate.

Finally, we would like to move forward expeditiously with the 30(b)(6) depositions of each Lead Plaintiff State and of each state with a state law claim. At your first convenience, please designate a witness(es) with knowledge of ***all*** of the facts (*i.e.,* not just the state-specific facts) to which each state certified and verified that it had confirmed to be true (*e.g.,* under Rule 11) in signing the complaint (without limitation) and provide dates of availability within the current discovery calendar.

***Please confirm your receipt of this email by return email.***

Thank you.

Neil S. Ende, Esq.
Managing Partner
Technology Law Group, LLC
*nende@tlgdc.com*
202-895-1707 (Office)
202-256-0120 (Mobile)
703-229-6741 PIN 854# (Voice Conference Bridge)

# Exhibit M

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of

Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid

Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Arizona

(the "Arizona Plaintiff"), designate one or more employee(s), pursuant to the Court's

October 24, 2025 Order stating "Defendants are entitled to Rule 30(b)(6) depositions

addressing the factual allegations contained in the Complaint" (Order at 5:7).

This notice replaces any prior Rule 30(b)(6) deposition notice issued by Defendants to Plaintiff.

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties in December 2025 or January 2026 (a final Notice setting forth that date will be issued once the date is agreed).

.

By: _____

Greg Taylor, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015

Dated: November 24, 2025        *Attorneys for Plaintiffs*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of record referenced below this 24th day of November 2025:

JOHN RAYMOND DILLON IV
Assistant Attorney General
Arizona Attorney General's Office
2005 North Central Avenue
Phoenix, AZ 85004
john.dillonIV@azag.gov
*Attorney for the State of Arizona*

/s/ Greg Taylor

_____

Greg Taylor

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Indiana (the "Indiana Plaintiff"), designate one or more employee(s), pursuant to the Court's October 24, 2025 Order stating "Defendants are entitled to Rule 30(b)(6) depositions addressing the factual allegations contained in the Complaint" (Order at 5:7).

This notice replaces any prior Rule 30(b)(6) deposition notice issued by Defendants to Plaintiff.

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties in December 2025 or January 2026 (a final Notice setting forth that date will be issued once the date is agreed).

.

By: _____

Greg Taylor, Esq.
Technology Law Group. LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015

Dated: November 24, 2025        *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of

Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of

record referenced below this 24th day of November 2025:


THOMAS L. MARTINDALE
Deputy Attorney General
Office of the Indiana Attorney General Todd Rokita
Indiana Govt. Center South, 5th Fl.
302 W. Washington St.
Indianapolis, IN 46204-2770
thomas.martindale@atg.in.gov
*Attorney for the State of Indiana*

/s/ Greg Taylor
_____
Greg Taylor

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) ) | |
| Defendants. | ) | |

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of North Carolina (the "North Carolina Plaintiff"), designate one or more employee(s), pursuant to the Court's October 24, 2025 Order stating "Defendants are entitled to Rule 30(b)(6) depositions addressing the factual allegations contained in the Complaint" (Order at 5:7).

This notice replaces any prior Rule 30(b)(6) deposition notice issued by Defendants to Plaintiff.

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties in December 2025 or January 2026 (a final Notice setting forth that date will be issued once the date is agreed).

.

By: _____
      Greg Taylor, Esq.
      Technology Law Group. LLC
      5335 Wisconsin Avenue, N.W.
      Suite 440
      Washington, D.C. 20015

Dated: November 24, 2025    *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of

Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of

record referenced below this 24th day of November 2025:


TRACY NAYER
ROCHELLE SPARKO
Special Deputy Attorneys General
North Carolina Department of Justice
Consumer Protection Division
P.O. Box 629
Raleigh, North Carolina 27602
tnayer@ncdoj.gov
rsparko@ncdoj.gov
*Attorneys for the State of North Carolina*

/s/ Greg Taylor

_____

Greg Taylor

Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Facsimile: (202) 478-5074
Attorneys for Michael D. Lansky, LLC
  dba Avid Telecom
Michael D. Lansky and Stacey S. Reeves

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al., | ) ) ) | NO. 4:23-cv-00233-CKJ |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Michael D. Lansky, L.L.C., dba Avid Telecom et al., | ) ) ) | |
| Defendants. | ) | |

    **PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the attorneys for Defendants Michael D. Lansky, LLC dba Avid Telecom, Michael D. Lansky and Stacey Reeves request that Plaintiff, State of Ohio (the "Ohio Plaintiff"), designate one or more employee(s), pursuant to the Court's October 24, 2025 Order stating "Defendants are entitled to Rule 30(b)(6) depositions addressing the factual allegations contained in the Complaint" (Order at 5:7).

This notice replaces any prior Rule 30(b)(6) deposition notice issued by Defendants to Plaintiff.

The deposition will be taken remotely by video conferencing by counsel to Defendants on a date hereafter agreed by the parties in December 2025 or January 2026 (a final Notice setting forth that date will be issued once the date is agreed).

.

By: _____
          Greg Taylor, Esq.
          Technology Law Group. LLC
          5335 Wisconsin Avenue, N.W.
          Suite 440
          Washington, D.C. 20015

Dated: November 24, 2025       *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing Notice of

Deposition pursuant to Rule 30(b)(6) has been sent, via electronic mail, to the attorney of

record referenced below this 24th day of November 2025:


ERIN B. LEAHY
Assistant Attorney General
Office of Attorney General Dave Yost
30 East Broad Street, 14th Fl.
Columbus, OH 43215
Erin.Leahy@OhioAGO.gov
*Attorney for the State of Ohio*

/s/ Greg Taylor

_____

Greg Taylor

# Exhibit N

| | |
|---|---|
| **From:** | Neil Ende |
| **To:** | Erin Leahy |
| **Cc:** | Nayer, Tracy; Dillon IV, John; "Martindale, Thomas L"; Sparko, Rochelle; Emily Dietz; Ashley.Taylor@troutman.com; Virginia Bell Flynn (Virginia.Flynn@troutman.com); Michael.Lacy@troutman.com; Swetnam, Douglas; Greg Taylor; Ritesh Warikallamath; Pelton, Sarah |
| **Subject:** | Re: 30(b)(6) Witness Designations |
| **Date:** | Monday, December 1, 2025 4:03:39 PM |
| **Attachments:** | image001.png |

> **EXTERNAL SENDER:** This email originated from outside the organization. Do not click on links or open attachments unless you can validate the sender and the contents are safe.

The Magistrate's Order states that "Plaintiffs shall by November 28, 2025, and to the extent they have not already done so, provide *discovery.* in accordance with this order."  As witness designations are clearly "discovery", the November 28, 2025, deadline clearly applies to those designations.  Please state if/when each of the lead plaintiff states intend to provide its designation.

Also, you have failed to provide your estimate of damages, which was due on November 28, 2025.  When can we expect to receive that/those numbers?

Thank you.

Neil S. Ende, Esq.
Managing Partner
Technology Law Group, LLC
*nende@tlgdc.com*
202-895-1707 (Office)
202-256-0120 (Mobile)
703-229-6741 PIN 854# (Voice Conference Bridge)

---

**From:** Erin Leahy <erin.leahy@OhioAGO.gov>
**Date:** Monday, December 1, 2025 at 2:37 PM
**To:** Neil Ende <nende@tlgdc.com>
**Cc:** 'Nayer, Tracy' <Tnayer@ncdoj.gov>, Dillon IV, John <John.DillonIV@azag.gov>, 'Martindale, Thomas L' <Thomas.Martindale@atg.in.gov>, 'Sparko, Rochelle' <rsparko@ncdoj.gov>, Emily Dietz <Emily.Dietz@OhioAGO.gov>, Ashley.Taylor@troutman.com <ashley.taylor@troutman.com>, Virginia Bell Flynn (Virginia.Flynn@troutman.com) <virginia.flynn@troutman.com>, Michael.Lacy@troutman.com <Michael.Lacy@troutman.com>, Swetnam, Douglas <douglas.swetnam@atg.in.gov>, Greg Taylor <gtaylor@tlgdc.com>, Ritesh Warikallamath <rwarikallamath@tlgdc.com>, Pelton, Sarah <Sarah.Pelton@azag.gov>
**Subject:** RE: 30(b)(6) Witness Designations

Neil,

The Court's Order (Doc. 170) said nothing about witness designations being due to Defendants on November 28.

The Court's Order (Doc. 169) did however, order Defendants to provide supplemental responses, documents and indices **by November 28.** We have not received any of the materials Defendants were ordered to provide by November 28.

Sincerely,



Erin B. Leahy
Senior Assistant Attorney General
Consumer Protection Section
Office of Ohio Attorney General Dave Yost

30 East Broad St., 14th Floor
Columbus, Ohio 43215

Office number: 614-752-4730
Erin.Leahy@OhioAGO.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

---

**From:** Neil Ende <nende@tlgdc.com>
**Sent:** Monday, December 1, 2025 2:18 PM
**To:** Erin Leahy <erin.leahy@OhioAGO.gov>
**Cc:** 'Nayer, Tracy' <Tnayer@ncdoj.gov>; Dillon IV, John <John.DillonIV@azag.gov>; 'Martindale, Thomas L' <Thomas.Martindale@atg.in.gov>; 'Sparko, Rochelle' <rsparko@ncdoj.gov>; Emily Dietz <Emily.Dietz@OhioAGO.gov>; Ashley.Taylor@troutman.com; Virginia Bell Flynn (Virginia.Flynn@troutman.com) <virginia.flynn@troutman.com>; Michael.Lacy@troutman.com; Swetnam, Douglas <douglas.swetnam@atg.in.gov>; Greg Taylor <gtaylor@tlgdc.com>; Ritesh Warikallamath <rwarikallamath@tlgdc.com>; Pelton, Sarah <Sarah.Pelton@azag.gov>
**Subject:** 30(b)(6) Witness Designations
**Importance:** High

Erin:

Good afternoon.

I do not believe that we received the list of AG 30(b)(6) witnesses designations when due on Friday.

Please advise when we can expect to receive them.

Thank you.

Neil S. Ende, Esq.
Managing Partner
Technology Law Group, LLC
*nende@tlgdc.com*
202-895-1707 (Office)
202-256-0120 (Mobile)
703-229-6741 PIN 854# (Voice Conference Bridge)

# Exhibit O

| | |
|---|---|
| **From:** | Neil Ende |
| **To:** | Erin Leahy; Martindale, Thomas L; Nayer, Tracy; Sparko, Rochelle; Emily Dietz; Dillon IV, John; Pelton, Sarah; Swetnam, Douglas; Michael Joseph |
| **Cc:** | Virginia Bell Flynn (Virginia.Flynn@troutman.com); Ashley.Taylor@troutman.com; Greg Taylor; Ritesh Warikallamath |
| **Subject:** | Missing 30b6 Designations |
| **Date:** | Tuesday, December 9, 2025 4:32:39 PM |
| **Attachments:** | image001.png |
| **Importance:** | High |

> **EXTERNAL SENDER:** This email originated from outside the organization. Do not click on links or open attachments unless you can validate the sender and the contents are safe.

Erin:

We have still not received the AG 30b6 designations that you were specifically ordered to provide by November 28. All of your baseless objections were rejected and other order was clear. Your continuing failure to comply is now plainly willful defiance. "Yes" or "No"—do you intend to provide them? If yes, when?

We understand why you are attempting to hide them. It will not work.

The deadline to designate is today. This is our last request.

Neil S. Ende, Esq.
Managing Partner
Technology Law Group, LLC
*nende@tlgdc.com*
202-895-1707 (Office)
202-256-0120 (Mobile)
703-229-6741 PIN 854# (Voice Conference Bridge)

# Exhibit P

Meet and Confer Meeting

```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF ARIZONA

State of Arizona, ex rel.   )  NO. 4:23-cv-00233-TUC-CKJ
Kristin K. Mayes, Attorney  )
General; et al.,            )
                            )
          Plaintiffs,       )
                            )
v.                          )
                            )
Michael D. Lansky, L.L.C.,  )
dba Avid Telecom; et al.,   )
                            )
          Defendants.       )
```

MEET-AND-CONFER MEETING


DATE:      DECEMBER 10, 2025

TIME:      2:06 P.M.

HELD VIA:  TEAMS

855-204-8184          Lexitas operates in all 50 states and is licensed where required.
www.lexitaslegal.com       Nevada Registration #116F. California Firm Registration #179.

LEXITAS™

Meet and Confer Meeting

 1  in a way that we think is more efficient

 2  and productive, and likely to resolve

 3  disputes, than trying to do it in

 4  realtime.

 5          Our first -- I mean, you know,

 6  the biggest issue for us is the

 7  30(b)(6).  And so we don't honestly

 8  understand your -- I mean, we served

 9  them -- am I right, Greg -- in April.

10          MR. TAYLOR:  Yeah.  Eight

11  months.  Whatever that works out to.

12          MR. ENDE:  And so, obviously,

13  for us, you know, all this stuff we're

14  talking about here, or most of it, is

15  around the fringes of the litigation,

16  you know, and, you know -- and Request

17  Permission 27 you didn't do correctly.

18  Yeah.  Okay.  We get that.  This is

19  right at the core.  There's nothing more

20  core to the litigation, to us, than

21  having access to the people who are, on

22  your side, the client; right?  I mean, I

23  know you're wearing multiple hats, but

24  the law is clear that we are entitled to

25  corporate style depositions of AGs.

855-204-8184                    Lexitas operates in all 50 states and is licensed where required.
www.lexitaslegal.com            Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

```
 1   Undoubtedly clear, and the magistrate
 2   has confirmed that.
 3          We are, obviously, extremely
 4   frustrated by most of the objections
 5   that you set forth.  They're, in our
 6   opinion, not good faith.  I think the
 7   magistrate agreed, even though he didn't
 8   go into much detail on anything.
 9          And so the first question is,
10   are you guys -- is the issue here
11   agreeing on topics -- which we're happy
12   to engage with you on -- or are you
13   flatly refusing to produce 30(b)(6)
14   witnesses for the lead Plaintiff states
15   and the states with state law claims?
16   That's two separate questions.
17          MS. LEAHY:  I can address that
18   first.
19          MR. ENDE:  Okay.
20          MS. LEAHY:  No.  We are not
21   flatly refusing.  It's my understanding
22   that there have been no depositions that
23   have been reserved to be states with
24   state law claims.  Have you sent them
25   deposition notices?
```

855-204-8184                    Lexitas operates in all 50 states and is licensed where required.
www.lexitaslegal.com            Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

```
1              MR. ENDE:  We sent -- Greg, I
2    think you sent them.  Did they just go
3    to the state?  The Plaintiff states --
4              MR. TAYLOR:  There were two --
5    yes.  But there were two that went to
6    Oklahoma and Texas that should not have
7    been issued; they were issued in error.
8              MR. ENDE:  Right.  But our plan
9    would be, honestly, once we get this
10   resolved, we're just going to have to do
11   it multiple times, that we will issue
12   agreed-upon -- hopefully, agreed-upon
13   30(b)(6) notices to each of the -- I
14   can't remember how many when you mix and
15   match the state law claims.  Or, I mean,
16   roughly 12, but I may be wrong about
17   that.
18              But, yes, that's our intention,
19   to do that.  And that the intention
20   would be to either agree or get a court
21   order on the topics, and then once we do
22   that, we will reissue -- no.  Now, as a
23   placeholder, we issued 30(b)(6) notices
24   using the exact words that the
25   magistrate said; that is, Defendants are
```

Lexitas operates in all 50 states and is licensed where required.
Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

 1  entitled to Rule 30(b)(6) depositions
 2  addressing the factual allegations
 3  contained in the complaint.  We did that
 4  to avoid -- hopefully, to avoid fights.
 5  We're perfectly happy to make that more
 6  granular so that we agree on specific
 7  topics.  I don't think any of them will
 8  be remark -- will be really surprising
 9  to you.  But we can either do it now or
10  we're happy to send you an email, or
11  letter, whatever, listing specific
12  topics -- not the same ones that we did
13  originally, although we think the ones
14  we did originally were actually totally
15  fine.  But we're bearing down a little
16  harder on specifics, and then you will
17  respond, hopefully, agreeing to them.
18  Or if you have a reason you don't agree
19  to one of them, you'll tell us, and
20  we'll either agree, disagree, and
21  reissue.  But we want to -- obviously,
22  we want to get this moving forward
23  because, for us, those are the most
24  important witnesses, and we think those
25  depositions will be quite revealing,

855-204-8184
www.lexitaslegal.com        Lexitas operates in all 50 states and is licensed where required.
                             Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

```
 1   including whether many of them actually
 2   have any factual basis to verify what
 3   they signed.
 4         But, anyway, so that's the
 5   process we're suggesting.  We're happy
 6   to -- we'll send you lists, and you will
 7   hopefully agree, or we'll go to the
 8   magistrate.
 9         MS. LEAHY:  That is fine.  We
10   do want a more granular breakdown on
11   what it is exactly that you want.  And
12   as I pointed out in my email earlier
13   today, your topics were specifically
14   rejected by the Court, except for the
15   facts.  So to the extent that you want
16   to get into attorney work product, and
17   you just indicated, again, that your
18   purpose for doing these depositions is
19   to see how we verified the facts --
20         MR. ENDE:  Absolutely not.
21         MS. LEAHY:  That is --
22         MR. ENDE:  Absolutely not.
23         MS. LEAHY:  That's what you
24   just said.
25         MR. ENDE:  That's among the
```

Meet and Confer Meeting

```
 1   things we seek, but it's a tiny corner
 2   of the things we seek.
 3            MS. LEAHY:  Okay.  Just so --
 4            MR. ENDE:  We ask you, for
 5   example, for the facts supporting
 6   paragraph 89, which is your paragraph in
 7   which each state lists the number of
 8   supposed illegal calls.
 9            MS. LEAHY:  Okay.
10            MR. ENDE:  I can't imagine a
11   topic that's more appropriate for a
12   30(b)(6) than to ask the person who
13   signed the complaint saying that they
14   had 27,420 illegal calls, to be able to
15   talk to that person about how they got
16   that number.  That's like --
17            MS. LEAHY:  Okay.
18            MR. ENDE:  -- the most obvious
19   30(b)(6) -- and you guys objected to it,
20   remarkably.  And so --
21            MS. LEAHY:  We did.  And I
22   think that we have explained to you
23   before the nature of our multistate
24   case.  And I don't know, Phil, if you're
25   on, if you'd like to address that --
```

855-204-8184
www.lexitaslegal.com

Lexitas operates in all 50 states and is licensed where required.
Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

```
 1            MR. ZIPERMAN:  Sure.
 2            MS. LEAHY:  -- a little bit
 3   more.
 4            MR. ZIPERMAN:  Sure.  I am.
 5   You know, the headline of what I'm about
 6   to say is I think for you to be deposing
 7   all of these states is probably going to
 8   be a waste of your time and a waste of
 9   ours.  But, you know, if we have to
10   address that in a motion, we will.
11            MR. ENDE:  Uh-huh.
12            MR. ZIPERMAN:  You know, this
13   is a collaborative litigation among
14   states.  It's multistate litigation
15   that's been -- it -- you know, briefly,
16   by way of background, I've been with two
17   AG's offices for 28 years.
18            MR. ENDE:  Uh-huh.
19            MR. ZIPERMAN:  You know, NAAG
20   has -- or National Association of
21   Attorneys General has a manual on it.
22   We've got multistate cases that have
23   proceeded for decades large and small
24   companies.  But the basic function of a
25   multistate case is -- and this was the
```

855-204-8184                Lexitas operates in all 50 states and is licensed where required.
www.lexitaslegal.com           Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

 1  original basis for it, was so that many

 2  states can prosecute a case efficiently.

 3  And we've always organized multistates

 4  in similar ways, in that there are lead

 5  states that lead the multistate.  The

 6  other ones that conduct the

 7  investigation, you know, they're the

 8  ones that prepare the crucial pleadings.

 9  They're the ones that then make

10  presentations to participating states,

11  and participating states are invited to

12  join.  They can -- we ask questions

13  among ourselves.  They share information

14  -- among ourselves.  But we're a group

15  of attorneys jointly determining whether

16  or not to prosecute litigation.

17          And so, you know, look, if you

18  were to come to Maryland, you're going

19  to probably be deposing me with other --

20  somebody in my Civil Division or my

21  chief, sitting next to me, who is going

22  to be objecting.  And we're not going to

23  answer any questions that relate to work

24  product.

25          And so, you know, what I'm

855-204-8184
www.lexitaslegal.com

Lexitas operates in all 50 states and is licensed where required.
Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

1    trying to say is, is that most of the

2    information that a participating state

3    in a multistate gathers, they're

4    gathering through consultation with

5    co-counsel.  And we rely on the nucleus

6    of the lead states to gather information

7    for the sole purpose of trying to narrow

8    the amount of work that we need to do.

9    So these aren't 41 states that are

10    separately conducting investigations.

11    You already know, I suspect, that

12    Maryland didn't issue any subpoenas in

13    this case.  And I think you know that

14    the lead states that you're talking to,

15    and have mostly talked to, are the ones

16    that investigated these cases.

17            And so, you know, I'm happy to

18    talk to you in more detail, but what

19    questions do you think that I should be

20    compelled to answer about --

21            MR. ENDE:  Did you sign the

22    complaint?

23            MR. ZIPERMAN:  Could -- I just

24    want to finish.

25            MR. ENDE:  Okay.

855-204-8184           Lexitas operates in all 50 states and is licensed where required.
www.lexitaslegal.com       Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

1          MR. ZIPERMAN:  I understand
2     that you're raising a Rule 11 issue, but
3     Rule 11 doesn't require me to conduct my
4     investigation outside of what would
5     normally be considered work product.  I
6     mean, that co-plaintiffs bring cases all
7     the time where they talk to each other.
8     And so the issue under Rule 11 is --
9          MR. ENDE:  It's not talking,
10    it's verifying.
11         MR. ZIPERMAN:  I'm sorry?
12         MR. ENDE:  It's not talking,
13    it's verifying.  The law is very --
14         MR. ZIPERMAN:  I understand
15    that.
16         MR. ENDE:  Hold on.  Let me
17    finish.
18         MR. ZIPERMAN:  Sure.
19         MR. ENDE:  The law is very
20    clear that you don't get a "get out of
21    jail free" card simply because you're in
22    a group and the law -- and I'm not
23    asking you to tell me what Bob told you
24    over in the state of Colorado.  I'm
25    asking you how you developed and

855-204-8184                    Lexitas operates in all 50 states and is licensed where required.
www.lexitaslegal.com            Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

```
 1   verified the fact that Maryland claims
 2   that we're making up 27,000 illegal
 3   calls.  I'm entitled to know that.
 4          MR. ZIPERMAN:  I reviewed
 5   information provided to me by the lead
 6   states, and that's all I'm going to tell
 7   you.  I'm not going to tell you what
 8   information that was.  It's work
 9   product.
10          MR. ENDE:  Okay.  I -- we're
11   going to have a war on this because I
12   think you're wrong.
13          MR. ZIPERMAN:  Well, then
14   it's --
15          MR. ENDE:  I think -- because
16   otherwise --
17          MR. ZIPERMAN:  Can I make a --
18          MR. ENDE:  -- how -- who do I
19   ask --
20          MR. ZIPERMAN:  Go ahead.
21          MR. ENDE:  -- how you got the
22   number 27,000?  If it's not you.
23          MR. ZIPERMAN:  That --
24          MR. ENDE:  And you signed the
25   complaint verifying.  That you not only
```

855-204-8184          Lexitas operates in all 50 states and is licensed where required.
www.lexitaslegal.com        Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

```
 1  verified your number by signing -- and
 2  this is black-letter law -- you verified
 3  everybody else's number.
 4          MR. ZIPERMAN:  Well, no, it's
 5  not black-letter law.
 6          MR. ENDE:  It is black-letter
 7  law.
 8          MR. ZIPERMAN:  And we're not --
 9  and, respectfully, we're not going to
10  war.  I think we're going to have a
11  disagreement that will be resolved by a
12  judge.  But let me just say --
13          MR. ENDE:  Okay.
14          MR. ZIPERMAN:  Hang on.  Hang
15  on.  Hang on.
16          MR. ENDE:  That's fine.  I'm
17  not talking.  Go ahead.
18          MR. ZIPERMAN:  Well, it sure
19  sounds like you are.  Respectfully, I
20  just told you, you go ask the lead
21  states.  And you've got discovery.  I
22  mean, we've provided you with the
23  information that we got from third
24  parties.  You've got written discovery.
25  And, you know, what -- so, you know,
```

855-204-8184
www.lexitaslegal.com

Lexitas operates in all 50 states and is licensed where required.
Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

```
 1   this isn't rocket science, not -- you
 2   know, this is litigation.  And --
 3           MR. ENDE:  Uh-huh.
 4           MR. ZIPERMAN:  But go ahead.  I
 5   mean, in your words, if you want to go
 6   to war, go to war.  I just think you're
 7   -- you know, we're prepared today.
 8   We're prepared today to offer you a
 9   solution, which is we're going to tell
10   you who you ought to depose, who ought
11   to have the information you're looking
12   for that we relied on.  And if you're
13   saying that's not good enough, then
14   fine.  Go to court and see if you can
15   convince a judge.
16           MR. ENDE:  So you --
17           MR. ZIPERMAN:  But we are -- to
18   be clear, we're willing to tell you who
19   you ought to be talking to, but it's not
20   -- and the last point I wanted to make,
21   you know, Maryland's claim, for example,
22   is entirely derivative of the federal
23   claim.  You know, my office relied on
24   the work product of other state AGs.  We
25   do it all the time.
```

855-204-8184          Lexitas operates in all 50 states and is licensed where required.
www.lexislegal.com      Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

```
1            MR. ENDE:  We are -- take this
2    for what it's worth -- famous for not
3    giving a darn when people do it all the
4    time.  And we're famous for making
5    people play by the rules, independent of
6    whether they do it all the time.  You
7    guys attacked us knowingly with a
8    48-party 630-count paragraph complaint.
9    You did it for the purpose of
10   intimidation.  No one disputes that.
11   I've got 500 press releases with people
12   thumping their chests, putting my life
13   -- my client's life in danger, getting
14   more than a hundred death threats.  I
15   got death threats because of what you
16   said.
17            And so the concept that you
18   would be allowed to do that for the
19   purpose of intimidation, put the company
20   out of business, and then hide behind
21   the fact that even though you, or
22   whoever it was, signed on behalf of
23   Maryland, under Rule 11, verifying that
24   you had taken a -- undertaken a diligent
25   effort to verify the facts, and then
```

855-204-8184
www.lexitaslegal.com

Lexitas operates in all 50 states and is licensed where required.
Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

1   saying, "Well, I really didn't do any
2   effort.  I just asked Bob over there,
3   who is a lead Plaintiff guy, 'You think
4   those facts are maybe sort of kind of
5   true?'"  Even though Bob, who is the
6   lead Plaintiff, has no personal
7   knowledge of how many calls Maryland in
8   fact received.
9           I don't think you're going to
10  get a "get out of jail free" card in
11  that context, and we would -- we're
12  going to ask to depose each of the
13  relevant states.  We should be allowed
14  to depose the other states too, who also
15  signed and verified.  The Judge is not
16  allowing us to do that.  We think that's
17  a reversible error, and we'll deal with
18  it at the appropriate time.  But you
19  don't get to file a complaint to beat up
20  on a small company by doing it with 48
21  and then saying, "Not me.  I don't know
22  anything.  You can't talk to me about
23  how I -- whether I verified the number
24  in 89, or whether the allegation on page
25  47, that this call occurred."  Did you

855-204-8184          Lexitas operates in all 50 states and is licensed where required.
www.lexitaslegal.com       Nevada Registration #116F. California Firm Registration #179.

LEXITAS

 1 | do anything to verify that?  Did you
 2 | even talk to the lead Plaintiff states?
 3 | The answer is obviously no.  And so --
 4 |          MR. ZIPERMAN:  Mr. Ende --
 5 |          MR. ENDE:  Yeah.
 6 |          MR. ZIPERMAN:  Sorry.  I
 7 | thought you were finished.  Please,
 8 | go --
 9 |          MR. ENDE:  No.  I am finished.
10 | Go ahead.
11 |          MR. ZIPERMAN:  You know,
12 | Mr. Ende, you've been accusing us all
13 | day of being offensive, and I think you
14 | just said about seven or eight
15 | accusations against my character that
16 | are really offensive.  I didn't say any
17 | of those things.  Don't mischaracterize
18 | what I said.  I'm glad --
19 |          MR. ENDE:  Okay.
20 |          MR. ZIPERMAN:  I know I'm very
21 | -- could you hang on?
22 |          MR. ENDE:  Uh-huh.
23 |          MR. ZIPERMAN:  We didn't attack
24 | your client.  We filed a law enforcement
25 | action.  We did so consistent with the

855-204-8184
www.lexitaslegal.com
Lexitas operates in all 50 states and is licensed where required.
Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

```
 1   statutory authority that we all have
 2   pursuant to our legislatures.  We issued
 3   press releases.  For your edification,
 4   my statute requires us to educate the
 5   public concerning the actions that we
 6   bring -- the Consumer Protection Act in
 7   Maryland.
 8           You know, I regret the fact
 9   that so many people are angry at your
10   client, but we're public prosecutors.
11   We're prosecuting a case.  We're not
12   attacking.  We filed a lawsuit against
13   your client.  We announced it in the
14   press like we always do.  We sue big
15   businesses, and we sue little
16   businesses.  You know, none of that is
17   relevant.
18           Number two.  I didn't say I
19   didn't review anything.  I told you that
20   I reviewed and I discussed this case
21   with the lead states.
22           MR. ENDE:  Uh-huh.
23           MR. ZIPERMAN:  That I discussed
24   it among co-counsel, which is the basis
25   for why I'm telling you it's work
```

855-204-8184          Lexitas operates in all 50 states and is licensed where required.
www.lexitaslegal.com        Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

1   product.  When attorneys work together

2   to develop a case, how they develop the

3   case and what they discuss with one

4   another is classic work product.  And

5   I'm going to object or my lawyer is

6   going to object to my responding to

7   every one of those questions when you

8   ask it.

9          But if -- you know, if you want

10  to try to get an order to compel -- and,

11  again, it's not war.  We don't attack.

12  You file your motion.  We'll oppose it.

13          MR. ENDE:  Okay.

14          MR. ZIPERMAN:  But for you to

15  suggest, as you just did, multiple

16  times, that Phil Ziperman from the State

17  of Maryland didn't investigate this

18  case, before I signed that complaint, is

19  just flat out wrong.

20          MR. ENDE:  I don't think I

21  suggested that.

22          MR. ZIPERMAN:  Well, the record

23  reflects what you said.

24          MR. ENDE:  What I -- what --

25  okay.  What I'm suggesting is that I

855-204-8184          Lexitas operates in all 50 states and is licensed where required.
www.lexitaslegal.com    Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

1    should be entitled -- and I believe I
2    will prevail on this -- to ask you that
3    question.  And you'll give me whatever
4    answer is appropriate.  But by signing
5    that complaint -- and we have no desire
6    to go down any road like this.  We just
7    want you guys to live up to your
8    responsibilities.  And if you sign a
9    complaint that says, on paragraph 67,
10   that Michael Lansky had a call with John
11   Spiller, did you in fact take measures
12   to verify that that allegation is true?
13   I'm assuming you did.
14           And when I ask you that
15   question, you'll say, "I read every
16   paragraph of this complaint, and I
17   undertook measures appropriate with the
18   applicable rules to make sure that that
19   statement is true -- in particular, the
20   ones that are particular to Maryland,
21   including the ones in paragraph 89."
22   That's not a discussion with colleagues.
23   That's a me sitting down, reading the
24   complaint.  It's a, oh my God, I got to
25   see if the -- what's true in paragraph

855-204-8184                 Lexitas operates in all 50 states and is licensed where required.
www.lexitaslegal.com         Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

1    67, and either you did or you didn't.

2    And -- but understand, you know, you're

3    sitting on the other side, and I have

4    eminent respect for you guys.  But when

5    this complaint was filed in Arizona, it

6    was so horrible, what happened to my

7    clients.  I mean, Stacey got threats

8    they were going to kill her children.  I

9    got threats they were going to kill my

10   children.

11           We went to Arizona through a

12   former attorney general, said, "Can you

13   please just issue a second press release

14   saying this is only an accusation and no

15   one should be issuing death threats?"

16   And you know what they said?  Call 911.

17   That's the level of --

18           MR. ZIPERMAN:  Mr. Ende,

19   just --

20           MR. ENDE:  -- arrogance we've

21   confronted, and therefore --

22           MR. ZIPERMAN:  This --

23           MR. ENDE:  -- why we think that

24   it's important that people who have

25   accused the client to the point of

855-204-8184            Lexitas operates in all 50 states and is licensed where required.
www.lexitaslegal.com      Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

 1   hundreds of death threats ought to be

 2   required to stand behind what they've

 3   accused, and evidence that they took the

 4   appropriate measures to verify the

 5   allegations, most of which, by the way,

 6   are patently either unproven or untrue.

 7           MR. ZIPERMAN:  Mr. Ende, this

 8   is a meet-and-confer.

 9           MR. ENDE:  Uh-huh.

10           MR. ZIPERMAN:  Have you done --

11   I mean, there's two questions.  Have you

12   done the research that talks about the

13   threshold that you have to overcome to

14   depose a prosecutor concerning why

15   they --

16           MR. ENDE:  I absolutely have.

17           MR. ZIPERMAN:  Wait.  Hang on.

18   Well, then good.  You'll be able to

19   answer my second question.  My first

20   question is, have you done the research

21   that talks about the threshold you have

22   to cross to depose a prosecutor

23   concerning why they bring a case?

24           And my second question is, if

25   you have done it, which apparently you

855-204-8184          Lexitas operates in all 50 states and is licensed where required.
www.lexitaslegal.com      Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

 1 | say you have, could you provide us with

 2 | those cases?

 3 |         MR. ENDE:  You're assuming

 4 | something that may not be true, which is

 5 | that that's going to be what the

 6 | questions are.  All we're talking about

 7 | today is do I have the right to put you

 8 | or anyone else in a chair and ask

 9 | questions.  That's all we're doing

10 | today.

11 |         MR. ZIPERMAN:  We're not --

12 |         MR. ENDE:  And I gather the

13 | answer is yes.  And so

14 | [indiscernible] --

15 |         MR. ZIPERMAN:  We're not,

16 | though.  We're not, though.  You just

17 | said a while ago that one of the

18 | questions that you want to ask -- not

19 | all of them --

20 |         MR. ENDE:  Uh-huh.

21 |         MR. ZIPERMAN:  -- but one of

22 | the questions that you want to ask is

23 | the decision-making concerning why we

24 | brought this case.

25 |         MR. ENDE:  I don't think I

855-204-8184          Lexitas operates in all 50 states and is licensed where required.
www.lexitaslegal.com      Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

```
 1   said --
 2          MR. ZIPERMAN:  That's asking --
 3   you're asking a prosecutor, that -- no.
 4   Seriously, you just spoke the last 10 --
 5          MR. ENDE:  I did not say --
 6          MR. ZIPERMAN:  Hang on.
 7          MR. ENDE:  Those are your
 8   words.
 9          MR. ZIPERMAN:  Hang on.  Hang
10   on.
11          MR. ENDE:  Not mine.  I did not
12   say that.
13          MR. ZIPERMAN:  Hang on.  This
14   is -- hang on.  This is my turn.
15          MR. ENDE:  Uh-huh.
16          MR. ZIPERMAN:  Then you'll have
17   your turn.  You just finished explaining
18   for the last 20 minutes concerning why
19   you should have the ability to depose
20   Phil Ziperman to talk to me about what I
21   looked at that formed the basis for my
22   decision to sign that complaint.  In
23   other words, you want to depose a
24   prosecutor to determine what
25   determinations did they make to
```

855-204-8184
www.lexitaslegal.com

Lexitas operates in all 50 states and is licensed where required.
Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

```
 1   determine --
 2           MR. ENDE:  No.
 3           MR. ZIPERMAN:  -- why to
 4   prosecute this.  Hang on.  I'm not
 5   finished.  And I just ask you if you've
 6   done that research, and you just said
 7   yes.
 8           MR. ENDE:  Uh-huh.
 9           MR. ZIPERMAN:  And so when you
10   had done it -- hang on.  This is a
11   meet-and-confer.
12           MR. ENDE:  Uh-huh.
13           MR. ZIPERMAN:  And so if you
14   believe that you've got cases from this
15   jurisdiction that justify the motion
16   that you're getting ready to file, then
17   I'm saying I'd like to read them so that
18   I can consider them before saying no,
19   I'm not going to agree to this.
20           MR. ENDE:  Okay.
21           MR. ZIPERMAN:  So could you
22   please, please just tell me what your
23   legal basis is.
24           MR. ENDE:  Okay.  The --
25           MR. ZIPERMAN:  I don't want to
```

855-204-8184                    Lexitas operates in all 50 states and is licensed where required.
www.lexitaslegal.com            Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

1    hear about what the magistrate said.  I
2    want to hear about what legal research
3    you did and why you think that legally
4    we're wrong.
5         MR. ENDE:  Okay.  The issue on
6    the table today is will you agree --
7    "you" meaning the group -- agree to
8    appear for 30(b)(6) depositions.  That's
9    the only issue on the table now.
10   Apparently the answer is yes.
11   Apparently you're willing to cooperate
12   in selecting topics.  Once we take care
13   of that, and we have the topics agreed
14   to, and we take the depositions, you or
15   your colleague who is defending the
16   deposition will have the right to object
17   to any question they think is
18   inappropriate.
19        I think you disrespect me by
20   suggesting I don't know where that line
21   is.  But that's not the question today.
22   The question today is merely, will you
23   agree?  And the answer apparently is
24   yes, so we can move on.
25        MR. ZIPERMAN:  No, I'm not

855-204-8184                    Lexitas operates in all 50 states and is licensed where required.
www.lexitaslegal.com              Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

```
 1  willing to move on.
 2          MR. ENDE:  Well, I am moving on
 3  because it's my time.
 4          MR. ZIPERMAN:  You said you --
 5  hang on.  All right.  Then let me --
 6          MR. ENDE:  And I'm moving --
 7          MR. ZIPERMAN:  Then let me just
 8  note --
 9          MR. ENDE:  It's my time, and
10  I'm moving on.
11          MR. ZIPERMAN:  Let me just note
12  for the record, I've asked you to
13  provide the legal support for your
14  position.  You said you've done the
15  research, but you're refusing to provide
16  me with your legal support.
17          MR. ENDE:  I --
18          MR. TAYLOR:  He hasn't refused
19  anything.
20          MR. ENDE:  You're assuming I
21  [indiscernible] --
22          MR. ZIPERMAN:  Well, then if
23  you're not refusing to give me the legal
24  support for the reason that you say
25  you --
```

855-204-8184            Lexitas operates in all 50 states and is licensed where required.
www.lexitaslegal.com       Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

```
 1            MR. ENDE:  There is no legal
 2   support to give because I haven't asked
 3   a question yet.  We're moving on.
 4            MR. ZIPERMAN:  You said you did
 5   legal research --
 6            MR. ENDE:  Okay.  We are
 7   moving --
 8            MR. ZIPERMAN:  -- while you
 9   were interrupting me.
10            MR. ENDE:  Okay.  We are moving
11   on.  You're wasting my time on purpose.
12   We're moving on.
13            MR. ZIPERMAN:  I'm not trying
14   to waste your time on purpose, I'm
15   trying to understand --
16            MR. ENDE:  Okay.  Well, we're
17   trying to have a conversation on
18   record --
19            MR. ZIPERMAN:  I want to
20   understand.  I want to understand the
21   legal basis for your claim that you can
22   depose a prosecutor.
23            MR. ENDE:  The legal --
24            MR. ZIPERMAN:  So could you
25   give me any cases that you've done
```

855-204-8118
www.lexitaslegal.com

Lexitas operates in all 50 states and is licensed where required.
Nevada Registration #116F. California Firm Registration #179.

LEXITAS™

Meet and Confer Meeting

```
 1   research on that support --
 2          MR. ENDE:  Oh, the law is
 3   absolutely clear, and the magistrate --
 4          MR. ZIPERMAN:  Then send me
 5   your cases so I can consider them.  This
 6   is a meet-and-confer.
 7          MR. ENDE:  Okay.  We are moving
 8   -- the magistrate has already ruled that
 9   we are entitled to take depositions of
10   the AGs.  That's the law of the case.
11   That's the only issue today, is are you
12   going to comply with that order and work
13   with us to get topics that we both agree
14   on.  Your colleagues have said yes.  Now
15   we can move on.
16          MR. ZIPERMAN:  If you haven't
17   outlined your topics, you're not giving
18   me your legal support, how the hell am I
19   supposed to have a meaningful
20   conversation with you concerning whether
21   or not I'm going to be willing --
22          MR. ENDE:  The magistrate has
23   ruled that you need to appear.  Period.
24   He's ruled on it.  And --
25          MR. ZIPERMAN:  And -- okay.
```

855-204-8184
www.lexitaslegal.com

Lexitas operates in all 50 states and is licensed where required.
Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

1   I'm ready to move.  But for the
2   record --
3           MR. ENDE:  We're ready to move
4   on.
5           MR. ZIPERMAN:  -- you've not
6   identified your topics, and you've not
7   identified your legal support.
8           MR. ENDE:  We identified lots
9   of topics.  You guys stonewalled
10  because --
11          MR. ZIPERMAN:  You've
12  identified -- you identified one single
13  topic.
14          MR. ENDE:  We identified seven
15  or eight topics in April, and your
16  objections were laughably absurd.  And
17  now we're going to -- to be cooperative,
18  we're going to identify new topics, and
19  your colleague said they would work with
20  us in good faith to agree on topics.
21  Then we'll take the depositions, and if
22  you don't like the questions, you'll
23  object.
24          The next topic is privilege
25  log.  We would like to know when you're

855-204-8184          Lexitas operates in all 50 states and is licensed where required.
www.lexitaslegal.com          Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

```
 1   upon those objections.

 2          MR. ENDE:  No.

 3          MS. LEAHY:  And if you think we

 4   have, you can identify those.

 5          MR. ENDE:  Nor did we, but --

 6          MS. LEAHY:  When you --

 7   whenever you identify those --

 8          MR. ENDE:  Nor did we, but Erin

 9   objected.

10          MS. LEAHY:  -- we'd be happy to

11   respond.

12          MR. ENDE:  We didn't --

13          MS. LEAHY:  Is there something

14   else I'm missing?

15          MR. ENDE:  -- withhold any

16   documents.  We didn't withhold any

17   documents either, but Erin listed 150

18   boilerplate objections.  So we're not

19   getting anywhere.  You know, we'll just

20   proceed in good faith.  We assume you

21   will too.  And if someone is upset,

22   unnecessarily apparently, they'll be

23   upset.  Anything else we need to go over

24   today?

25          MR. ZIPERMAN:  This is Phil
```

855-204-8184
www.lexitaslegal.com

Lexitas operates in all 50 states and is licensed where required.
Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

```
 1   from Maryland.  So is it my
 2   understanding that, for the 30(b)(6),
 3   you're going to be sending us proposed
 4   topics?
 5           MR. ENDE:  Yes.
 6           MR. ZIPERMAN:  All right.
 7           MR. ENDE:  We would like -- we
 8   would appreciate a reasonably prompt
 9   response because it's time to start
10   taking depositions.  So, you know, can
11   you give us a -- you know, we'll just
12   leave it open, but we would appreciate a
13   reasonably prompt response.  It could be
14   probably half a dozen to 10 of topics,
15   and we would appreciate, hopefully, a
16   good-faith response promptly.
17           MR. ZIPERMAN:  And it's also my
18   understanding, from our discussion
19   today, that you're not willing to limit
20   the pool of people who you'll be
21   deposing.  We've proposed you depose,
22   you know, representatives from lead
23   states, and you're not willing to agree
24   to that.
25           MR. ENDE:  We're willing to
```

855-204-8184                Lexitas operates in all 50 states and is licensed where required.
www.lexitaslegal.com        Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

1  agree to depose representatives from

2  lead states and at least some

3  representatives -- because, remember,

4  the states have separate claims.  They

5  may or may not be derivative of the

6  Communications Act, ECPA, and the states

7  have different facts.

8        MR. ZIPERMAN:  All right.

9  So --

10       MR. ENDE:  [Indiscernible].

11  Hold on.  Phil, let me finish, please.

12       MR. ZIPERMAN:  Okay.  Go ahead.

13  Sure.

14       MR. ENDE:  This is not a

15  class-action, the way you guys are

16  treating it.  It's not everyone has the

17  exact same facts and therefore deposing

18  the lead Plaintiff states.  It's

19  sufficient because their facts are

20  identical to the facts of everyone else.

21  That's absolutely not true here, as your

22  paragraph 89 and many, many other

23  paragraphs reveal.

24        And so deposing Erin -- I'm

25  making it up here.  But if I have

855-204-8184        Lexitas operates in all 50 states and is licensed where required.
www.lexitaslegal.com    Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

1    questions about the basis of Maryland's

2    claims, I don't expect she's going to

3    have personal knowledge to answer that.

4    Or if I want to know about Maryland's

5    alleged number of unlawful calls, I

6    don't expect Erin is going to have

7    knowledge of that.  And so I need to --

8    I should be able to depose as many of

9    the states as I want.  The Judge won't

10   let me.  So I'm going to --

11            MS. LEAHY:  Neil.

12            MR. ENDE:  -- we're going to

13   depose --

14            MS. LEAHY:  May I explain

15   something?

16            MR. ENDE:  Hold on.  Let me

17   finish, please.  We're going to -- to

18   answer his question, we're going to

19   depose lead Plaintiff states and at

20   least some of the states with state law

21   claims.

22            MR. ZIPERMAN:  Okay.  So let me

23   say just -- my question was -- it

24   doesn't appear to me that, at least

25   today, you're willing to agree to limit

855-204-8184          Lexitas operates in all 50 states and is licensed where required.
www.lexitaslegal.com        Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

 1  the pool of people that you've

 2  originally noticed.  I'll just tell you,

 3  for the record, you should take a look

 4  at Maryland's state law claim.

 5          MR. ENDE:  Uh-huh.

 6          MR. ZIPERMAN:  Our claim is

 7  entirely derivative.  In other words,

 8  the only thing that can violate the

 9  Maryland statute is a violation of the

10  federal law.

11          MR. ENDE:  Uh-huh.  But that's

12  not the -- that's not -- I'm not

13  deposing on the law, I'm deposing -- not

14  you, whoever it is -- on the facts.  And

15  there are lots and lots and lots of

16  facts --

17          MR. ZIPERMAN:  I'm

18  responding --

19          MR. ENDE:  Hold on.  Let me --

20          MR. ZIPERMAN:  I'm only

21  responding to your point that state law

22  claims are not made -- all or some may

23  not be derivative of the federal claim.

24  I'm telling you Maryland's is.

25          MR. ENDE:  I know.  I

855-204-8184          Lexitas operates in all 50 states and is licensed where required.
www.lexitaslegal.com      Nevada Registration #116F. California Firm Registration #179.

LEXITAS

1  understand that.  But what I'm saying to

2  you is Maryland has an individual

3  paragraph -- just by way of example, in

4  paragraph 89 -- in which it alleges a

5  certain number of unlawful calls.  I'm

6  entitled, I believe, to depose someone

7  to understand where that number came

8  from.  For example, how they know the

9  call was prerecorded, how they know the

10  call was autodialed, how they know the

11  -- each and every one of those calls --

12  because the TCPA is a call-by-call

13  statute.  You don't get the -- and so --

14       MR. ZIPERMAN:  I'm not trying

15  to relitigate these issues.

16       MR. ENDE:  Okay.

17       MR. ZIPERMAN:  I only asked a

18  single question.

19       MR. ENDE:  Uh-huh.

20       MR. ZIPERMAN:  Which is today,

21  you're not willing to agree to limit the

22  number of states that you want to

23  depose?

24       MR. ENDE:  Yeah.  Let me

25  just --

855-204-8184
www.lexitaslegal.com

Lexitas operates in all 50 states and is licensed where required.
Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

```
 1             MR. ZIPERMAN:  Maybe you'll --
 2             MR. ENDE:  Yeah.  Let me give
 3   you one other fact.  If you look at the
 4   scheduling order, we went back and forth
 5   with the Judge on this because we think
 6   we're entitled to depose everyone.  She
 7   disagreed.  Although I can never --
 8             MR. ZIPERMAN:  I --
 9             MR. ENDE:  Hold on.  Let me
10   finish.
11             MR. ZIPERMAN:  Sure.
12             MR. ENDE:  Never addressed our
13   argument but confirmed that we had the
14   right to depose all of the state law
15   claim states and all of the states that
16   are the lead Plaintiff states.
17             MR. ZIPERMAN:  It may be hard
18   -- I've read the pleadings in the case,
19   so I know.  I'm asking you a simple
20   question.  This is a meet-and-confer,
21   and my understanding is --
22             MR. ENDE:  Uh-huh.
23             MR. ZIPERMAN:  -- as of today,
24   you're not willing to limit the number
25   of states that -- we've offered to
```

855-204-8184
www.lexitaslegal.com          Lexitas operates in all 50 states and is licensed where required.
                              Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

```
 1   provide a representative, representative
 2   witnesses from our lead group, and
 3   you're refusing that offer.  You want to
 4   depose everybody.
 5           MR. ENDE:  I'm -- no, I'm
 6   following --
 7           MR. ZIPERMAN:  You're -- you
 8   want to depose everybody; is that your
 9   position today?
10           MR. ENDE:  No.  My position --
11           MR. ZIPERMAN:  Everybody that
12   has a state --
13           MR. ENDE:  My position is that,
14   under the scheduling order, I have the
15   right to depose all of states -- lead
16   Plaintiff states and all other states
17   with state law claims.  I have that
18   right.  I will exercise it.
19           MR. ZIPERMAN:  Mr. Ende, I'm
20   not debating.  We're not debating what
21   you have a right to.  This is a --
22           MR. ENDE:  You keep
23   interrupting, and I'm going to lose
24   patience very soon.
25           MR. ZIPERMAN:  Go ahead.
```

855-204-8184          Lexitas operates in all 50 states and is licensed where required.
www.lexitaslegal.com       Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

```
1           MR. ENDE:  What I said was the
2   scheduled order provides a limited right
3   to take depositions, far more limited
4   than we believe is appropriate, and that
5   limit is lead Plaintiff states and state
6   law claim states, it doesn't say that I
7   have to -- in fact, it says exactly the
8   opposite.  It says you might want to
9   think about deposing the lead Plaintiff
10  states first, or -- because they may
11  have what you need.  But it absolutely
12  allows me to depose whomever I want from
13  those two groups.  And whether we choose
14  to do so or not is up to us.
15          MR. ZIPERMAN:  I get that.
16          MR. ENDE:  I'm not taking any
17  position now on whether I will or won't.
18  I'm just saying I have the right.
19          MR. ZIPERMAN:  This is a
20  meet-and-confer.
21          MR. ENDE:  Uh-huh.
22          MR. ZIPERMAN:  And the proposal
23  that we've made is we're proposing that
24  you limit your initial depositions to
25  the folks that conducted the
```

Meet and Confer Meeting

```
 1   investigation in this case, that were
 2   primarily responsible, and that you not
 3   depose all of the states.  And my
 4   understanding is you're declining that
 5   offer.
 6         MR. ENDE:  I'm not taking a
 7   position one way or another on that
 8   offer.  I'm simply advising you that I
 9   have the right to do it, and I -- when
10   you see the deposition notices, the
11   30(b)(6)'s, you'll know who we decided
12   to depose.
13         MR. ZIPERMAN:  But that's what
14   we're proposing as a solution to --
15         MR. ENDE:  I understand that.
16   And --
17         MR. ZIPERMAN:  -- our concerns
18   in a meet-and-confer.  So your answer is
19   you're not going to respond to our
20   proposal?
21         MR. ENDE:  My answer is, as of
22   this moment, I am not willing to accept
23   your proposal.
24         MR. ZIPERMAN:  Okay.
25         MR. ENDE:  I haven't decided
```

855-204-8184            Lexitas operates in all 50 states and is licensed where required.
www.lexitaslegal.com      Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

 1  who I'm going to depose yet, as of now,

 2  and your proposal is contrary to the

 3  express language of the scheduling

 4  order, which expressly -- and, by the

 5  way, so does the magistrate's order --

 6  expressly allows me to depose --

 7  actually, the magistrate's order is even

 8  broader -- the lead Plaintiff states and

 9  the state law claim states.  I may or

10  may not choose to do it.

11          MR. ZIPERMAN:  I'm not going to

12  repeat myself.  I just don't think

13  there's a point in repeating myself

14  again.  I think your answer -- I think

15  we've got your answer.

16          MR. ENDE:  Again, my answer is

17  I'll decide, and we'll issue the

18  deposition notices based on that

19  decision.

20          MR. ZIPERMAN:  But we're trying

21  to have a meeting-and-confer.  It's not

22  just your motion to compel, sir.  We're

23  trying to have a meet-and-confer here

24  today --

25          MR. ENDE:  Uh-huh.

855-204-8184        Lexitas operates in all 50 states and is licensed where required.
www.lexitaslegal.com    Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

1          MR. ZIPERMAN:  -- to determine

2    whether or not we should be filing a

3    motion for protective order.

4          MR. ENDE:  Okay.

5          MR. ZIPERMAN:  And so we're

6    trying to find -- what I'm trying to

7    find out is, are you going to insist on

8    -- I'd like to know whether or not

9    you're going to take Maryland's

10   deposition, given everything --

11         MR. ENDE:  I haven't --

12         MR. ZIPERMAN:  -- I've told

13   you, and --

14         MR. ENDE:  I haven't decided

15   yet.

16         MR. ZIPERMAN:  So that I can --

17   but that's what you're supposed to be

18   deciding at a meet-and-confer --

19         MR. ENDE:  No, it's not.

20         MR. ZIPERMAN:  -- so that I

21   can --

22         MR. ENDE:  No, it's not.

23   There's no --

24         MR. ZIPERMAN:  --

25   [indiscernible].

855-204-8184          Lexitas operates in all 50 states and is licensed where required.
www.lexitaslegal.com        Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

1           MR. ENDE:  -- rule that

2    requires -- I don't even have the topics

3    yet.  So the concept that I would decide

4    who I'm going to depose before you guys

5    have agreed to topics is, respectfully,

6    silly.

7           MR. ZIPERMAN:  [Indiscernible].

8           MR. ENDE:  And so if you want

9    to file the protective order based on

10   the fact that I wouldn't agree to limit

11   the scope of my depositions that I'm

12   expressly allowed to take, by the

13   scheduling order and the magistrate's

14   order, before I even know what the

15   topics are, go file it.

16          MR. ZIPERMAN:  And,

17   respectfully, you've been complaining

18   that.  We've been delaying since -- what

19   is it?  You said April?

20          MR. ENDE:  Yeah.

21          MR. ZIPERMAN:  And you still

22   haven't -- but you don't have your

23   topics yet?

24          MR. ENDE:  [Indiscernible].

25          MR. ZIPERMAN:  And what is

855-204-8184        Lexitas operates in all 50 states and is licensed where required.
www.lexitaslegal.com    Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

1    going on here?  This is nothing -- this

2    is a --

3            MR. ENDE:  You're embarrassing

4    yourself now.

5            MR. ZIPERMAN:  This is a --

6            MR. ENDE:  I understand you're

7    scared to be deposed, but you're just --

8            MR. ZIPERMAN:  This is a

9    30(b)(6) --

10            MR. ENDE:  You're just

11    embarrassing yourself now.

12            MR. ZIPERMAN:  I'm not

13    embarrassing myself.  This is a 30(b)(6)

14    notice.  Your original topics were

15    rejected, and now you sent us a notice

16    that just says you're going to ask us

17    questions about the facts, because, as

18    you said, you just mimic the

19    magistrate's decisions without actually

20    -- that's not the way you're supposed to

21    conduct a 30(b)(6) notice.  How the hell

22    are we supposed to know what you're

23    going to ask us if you don't tell us?

24    That's the point of a 30(b)(6) notice.

25            UNIDENTIFIED SPEAKER:  Read the

855-204-8184
www.lexitaslegal.com

Lexitas operates in all 50 states and is licensed where required.
Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

 1  complaint.

 2          MR. ENDE:  Now you're really

 3  embarrassing yourself because --

 4          MR. TAYLOR:  Read the

 5  complaint.

 6          MR. ENDE:  Please stop

 7  interrupting me.

 8          MR. TAYLOR:  That was me.  I'm

 9  sorry.

10          MR. ENDE:  Now you're totally

11  embarrassing yourself because we -- your

12  colleagues already agreed that we will

13  give you granular topics.  Hopefully we

14  can agree to them, and then we'll

15  proceed on that basis.  And so do you

16  guys have anything else?  We're well

17  past our deadline.

18          MR. ZIPERMAN:  Okay.

19  [Indiscernible].

20          MS. LEAHY:  I would like to

21  make one additional point.  You've

22  raised the topic of paragraph 89 quite a

23  few times --

24          MR. ENDE:  Uh-huh.

25          MS. LEAHY:  -- as being the --

855-204-8184
www.lexitaslegal.com

Lexitas operates in all 50 states and is licensed where required.
Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

1  you know, where you'd like to see some

2  answers.  And I can offer this

3  explanation, is that the records that we

4  reviewed to compile this case --

5          MR. ENDE:  Uh-huh.

6          MS. LEAHY:  -- were all records

7  obtained from third parties, which have

8  been produced to you.

9          MR. ENDE:  Uh-huh.

10         MS. LEAHY:  So to the extent

11  that our analysis of those records, or

12  how we put together our case, from

13  looking at those records, is going to be

14  work product.

15         MR. ENDE:  It's not the

16  questions we're going to have.

17         MS. LEAHY:  And the answers --

18  please let me finish.  The answers that

19  you are seeking to your questions on

20  paragraph 89 are laid out in our expert

21  report.  How we determined, you know,

22  how many calls went to each state, we

23  did it by area code.  That's -- that was

24  our first-line swipe at that.  How we

25  determined whether or not someone was a

855-204-8184                Lexitas operates in all 50 states and is licensed where required.
www.lexitaslegal.com          Nevada Registration #116F. California Firm Registration #179.

LEXITAS™

Meet and Confer Meeting

1   resident of a state -- of a particular

2   state, that's also set forth in our

3   expert report.  How we determine that a

4   call was prerecorded is also set forth

5   in there.

6           MR. ENDE:  No, it's not.

7           MS. LEAHY:  A lot of those

8   questions are already answered, and that

9   is going to be our answer.  If you would

10  like to depose us on that -- that, those

11  facts, and how we came up with that is

12  already there, right in front of you.

13  So --

14          MR. ENDE:  Okay.

15          MS. LEAHY:  I'm just telling

16  you that we're not going to have a

17  discussion about the analysis that we

18  did of third-party records.  That is not

19  an appropriate topic for a 30(b)(6)

20  deposition, so if that is what you

21  intend to add on your list of topics, I

22  am just telling you right now that that

23  -- we're going to continue to object to

24  that.

25          MR. ENDE:  Okay.  Well, I mean,

855-204-8184          Lexitas operates in all 50 states and is licensed where required.
www.lexitaslegal.com        Nevada Registration #116F. California Firm Registration #179.

LEXITAS™

Meet and Confer Meeting

1    at some point --

2            MS. LEAHY:  But the answers

3    that you're seeking are --

4            MR. ENDE:  At some point we'll

5    let the magistrate decide.

6            MS. LEAHY:  That's fine.

7            MR. ENDE:  We're going to give

8    you topics that we believe are

9    appropriate.  If you decline, we'll go

10   to the magistrate.  I mean, I understand

11   why you don't want this to happen.  Take

12   my word for it, I understand.  And you

13   have no idea what I'm going to ask you.

14           MS. LEAHY:  You're right.  We

15   don't.

16           MR. ENDE:  Yeah.  You don't.

17           MS. LEAHY:  That's part of the

18   problem.

19           MR. ENDE:  No.  It's part of

20   the problem --

21           MS. LEAHY:  You haven't

22   identified what it is that you want.

23           MR. ENDE:  -- because you

24   objected to legitimate topics in an

25   attempt to hide for the last eight

855-204-8184          Lexitas operates in all 50 states and is licensed where required.
www.lexitaslegal.com      Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

```
 1   months.  But that hiding is over.
 2            MS. LEAHY:  No.  That's not
 3   appropriate nor accurate.  So you can
 4   take that advice on, you know, where you
 5   can find the answers that you're seeking
 6   or not.  So --
 7            MR. ENDE:  So --
 8            MS. LEAHY:  -- we're happy to
 9   proceed either way.
10            MR. ENDE:  It's your position
11   that there is no client here then;
12   right?  That the concept --
13            MS. LEAHY:  No, that is not
14   what we're saying.
15            MR. ENDE:  The concept of a
16   30(b)(6) witness simply doesn't apply to
17   you because everything you do is work
18   product or something else, and therefore
19   there is nobody at the -- at any of the
20   Plaintiffs that we're entitled to
21   inquire of as to how they develop those
22   data.  You're simply going to point to
23   the expert.
24            MR. ZIPERMAN:  No, that's not
25   what we're saying.
```

855-204-8184          Lexitas operates in all 50 states and is licensed where required.
www.lexitaslegal.com      Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

 1          MS. LEAHY:  That is not what
 2    we're saying at all.
 3          MR. ZIPERMAN:  That's why I
 4    asked you --
 5          MR. ENDE:  Okay.
 6          MR. ZIPERMAN:  That's why I
 7    asked for your legal support.  The --
 8    what the cases say is there's a very,
 9    very, very narrow window of topics --
10          MR. ENDE:  Uh-huh.
11          MR. ZIPERMAN:  -- that you can
12    address when you talk to a prosecutor.
13          MR. ENDE:  [Indiscernible].
14          MR. ZIPERMAN:  Hang on.  By the
15    way, that wasn't me interrupting you
16    before, that was Greg that was
17    [indiscernible] --
18          MR. TAYLOR:  Yeah.  That was
19    me.  And I'm sorry to interrupt you.
20          MR. ZIPERMAN:  It's all right.
21    We don't need to go down that --
22          MR. ENDE:  I don't have --
23          MR. ZIPERMAN:  We don't need to
24    go down that road.  When the cases say
25    what --

855-204-8184
www.lexitaslegal.com          Lexitas operates in all 50 states and is licensed where required.
          Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

```
 1          MR. ENDE:  When I -- hold on.
 2   When I --
 3          MR. ZIPERMAN:  Can I finish my
 4   point?
 5          MR. ENDE:  Let me -- no.  Let
 6   me -- I need to explain.  I didn't know
 7   it was Greg because when I was here
 8   twice, I lost the ability to see who was
 9   speaking.  So I apologize.  I did not
10   know it was Greg.
11          MR. ZIPERMAN:  It doesn't
12   matter.  It really doesn't matter.
13          MR. TAYLOR:  Well, you raised
14   it, so it does.
15          MR. ZIPERMAN:  But I know, I
16   know.  And it's just me being petty.
17   I'll say that for the record.
18          MR. TAYLOR:  Okay.
19          MR. ZIPERMAN:  The bottom line
20   is that what the case is saying is why I
21   wanted to have that discussion with you,
22   is you can depose a prosecutor, but you
23   need to make a showing, and that the
24   avenue that you can travel is very
25   narrow, because you're not allowed to
```

855-204-8184                Lexitas operates in all 50 states and is licensed where required.
www.lexitaslegal.com          Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

1    ask a prosecutor why they brought a

2    case.  And so I --

3              MR. ENDE:  Yeah.  I --

4              MR. ZIPERMAN:  Again, could I

5    finish?  I would strongly, strongly urge

6    you, if you're -- to provide us with any

7    legal support that you either have or

8    may have concerning why you feel you're

9    entitled to take these depositions

10   concerning our research, for the reasons

11   why we brought these cases, and I will

12   consider before at least I join --

13             MR. ENDE:  [Indiscernible] --

14             MR. ZIPERMAN:  Hang on.  I'm

15   not finished.  I would be happy to

16   consider it before I join any type of

17   motion for protective order here.

18   That's what we're supposed to be doing

19   in a meet-and-confer, is explaining what

20   our arguments are, explaining why we

21   want to ask these questions, and

22   explaining what questions we're going to

23   ask, so that the other side can decide

24   for itself do I want to fight this, or

25   do I want to give in and give them what

855-204-8184          Lexitas operates in all 50 states and is licensed where required.
www.lexitaslegal.com        Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

1  they want.  That hasn't happened today.

2  And so I'm going to say, could you send

3  me your legal support?  Could you tell

4  me what questions you really want to

5  ask?  And I'll consider it.  But the --

6          MR. ENDE:  I don't think you --

7          MR. ZIPERMAN:  But we're not

8  saying --

9          MR. ENDE:  I don't think you're

10  listening.

11          MR. ZIPERMAN:  But we're not

12  saying -- I'm almost finished.

13          MR. ENDE:  [Indiscernible] --

14          MR. ZIPERMAN:  I'm almost

15  finished.  But we're not saying what you

16  just said.  We're not saying you can't

17  depose prosecutors.

18          MR. ENDE:  Okay.

19          MR. ZIPERMAN:  We're just

20  saying that the grounds are very narrow,

21  and you haven't told us what you're

22  going to ask us, and you haven't told us

23  what your legal support is.

24          MR. ENDE:  I don't think you're

25  paying --

855-204-8184          Lexitas operates in all 50 states and is licensed where required.
www.lexitaslegal.com       Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

```
 1              MR. TAYLOR:  It's work product.
 2              MR. ENDE:  I don't think you're
 3      paying attention.  For like the 10th
 4      time, I'm going to say your colleagues
 5      agreed to look at a list of topics.
 6      And, hopefully, we will come to
 7      agreement on that list.  And if you want
 8      to argue that some of them are
 9      inappropriate, you can do that.  And
10      that we will either agree or let the
11      magistrate agree.
12              The only purpose of this call
13      today was to say, A, "Are you absolutely
14      objecting outright, period?"  You and
15      your colleagues have said no.  And Point
16      B is, will you take from us a list of
17      granular topics, and review them in good
18      faith, and work with us to come to a
19      list of topics that we all agree --
20      hopefully, without fights over
21      protective orders -- are appropriate for
22      a deposition.  And if we agree, great.
23      We'll move forward with those.  And if
24      we don't agree, we'll fight it out in
25      front of the magistrate.  And I don't
```

855-204-8184
www.lexitaslegal.com

Lexitas operates in all 50 states and is licensed where required.
Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

1   think we need to go beyond that today,

2   because we don't -- you guys are going

3   to see the topics in a day or two, or

4   maybe today.  Okay.  Are we all done?

5          MR. ZIPERMAN:  Okay.  So then

6   you agree our position is it's not that

7   we were refusing to provide a witness,

8   which is what you just said a minute

9   ago?

10          MR. ENDE:  I absolutely did not

11   say that.

12          MR. ZIPERMAN:  Okay.

13          MR. ENDE:  We went through this

14   at the beginning of the discussion.  I

15   said there are two questions.  One, will

16   you produce witnesses?  Flat out just

17   refusing.  And someone on your team said

18   no.  And then I said the second question

19   is, will you work with us on topics?

20   And the answer was yes.

21          MR. ZIPERMAN:  All right.

22   Well, we have --

23          MR. ENDE:  And it's we have to

24   do a multi-hour argument --

25          MR. ZIPERMAN:  We have the

855-204-8184
www.lexitaslegal.com

Lexitas operates in all 50 states and is licensed where required.
Nevada Registration #116F. California Firm Registration #179.

LEXITAS

Meet and Confer Meeting

```
 1    transcript.
 2            MR. ENDE:  -- on something
 3    that's not on the table today.
 4            MR. ZIPERMAN:  We have a
 5    transcript.  It says what it -- whatever
 6    it is, it is.
 7            MR. ENDE:  We have a
 8    transcript.  Thank you very much.  And
 9    so we will send you topics in the next
10    day or two, and hopefully we can come to
11    agreement.  Thank you very much for your
12    time, guys.  I think we're
13    [indiscernible] --
14            MR. TAYLOR:  Thank you, Court
15    Reporter.  I'm sorry that none of us
16    made it easy for you.  But thank you.
17            MR. ENDE:  Yeah.  Thank you.
18   (THE MEET-AND-CONFER MEETING ENDED AT 4:34 P.M.)
19
20
21
22
23
24
25
```

855-204-8184
www.lexitaslegal.com

Lexitas operates in all 50 states and is licensed where required.
Nevada Registration #116F. California Firm Registration #179.

LEXITAS

# Exhibit Q

| From: | Neil Ende |
|---|---|
| To: | Leahy Erin B.; Nayer, Tracy; Sparko, Rochelle; Emily Dietz; Swetnam, Douglas; Martindale, Thomas L; John Dillon (AZ AG) (John.DillonIV@azag.gov) |
| Cc: | Greg Taylor; Ritesh Warikallamath |
| Subject: | Further Demand for 30(b)(6) Designations |
| Date: | Monday, January 19, 2026 5:02:51 PM |
| Importance: | High |

**EXTERNAL SENDER:** This email originated from outside the organization. Do not click on links or open attachments unless you can validate the sender and the contents are safe.

AGs:

In the Magistrate's Order addressing the parties meet and confer pleadings, he ruled that "*defendants are entitled to Rule 30(b)(6) depositions addressing the factual allegations contained in the Complaint.*"  Defendants demand, for one final time,  that each of the so-called Lead Plaintiff States and **_each_** of the states with state law claims designate one or more witnesses capable of "*addressing the factual allegations contained in the Complaint.*"  Demand is made that **_each_** of these states separately designate one or more such witnesses by no later than noon, Wednesday January 21, 2026.

Without waiving or limiting the language of the Magistrate's order, at a minimum the witnesses designated by each of these states must be capable of testifying about the following specific topics as it relates to his/her state:

1. The allegations of fact set forth in paragraphs 19-88 and 90-630 of the complaint.

2. The allegations of fact set forth in the subparagraph of paragraph 89 of the complaint applicable to the state on whose behalf the witness is appearing.

3. The origin of all data (*e.g.,* a CID, a subpoena, YouMail, an AG Expert Witness) used to calculate the number of calls set forth in the subparagraph of paragraph 89 of the complaint applicable to the state on whose behalf the witness is appearing.

4. Actions taken to confirm that the data associated with each of the calls referenced in the subparagraph of paragraph 89 of the complaint on whose behalf the witness is appearing is true and correct.

5. Facts supporting the allegation that Lansky knew that the calls transited by Avid Telecom were illegal robocalls.

6. Facts supporting the allegation that Lansky should have known that Lansky knew that the calls transited by Avid Telecom were illegal robocalls.

7. Facts supporting the allegation that Reeves knew that the calls transited by Avid Telecom were illegal robocalls.

8. Facts supporting the allegation that Reeves should have known that the calls transited by Avid Telecom were illegal robocalls.

9. Facts supporting the allegation that each of the individual calls referenced in the subparagraph of paragraph 89 of the complaint on whose behalf the witness is appearing contained a pre-recorded message.

10. Facts supporting the allegation that each of the individual calls referenced in the subparagraph of paragraph 89 of the complaint on whose behalf the witness is appearing contained a commercial message.

11. Facts supporting the allegation that each of the individual calls referenced in the subparagraph of paragraph 89 of the complaint on whose behalf the witness is appearing originated from a predictive dialer (or a similar device).

12. Facts supporting the allegation that Avid Telecom did not block any illegal robocalls.

13. The identity of the person(s) who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

We will consider your failure to respond fully to this request by the described time as a further refusal to designate and we will seek relief from the Magistrate including a preclusion of the right to present affirmative testimony on any designated topic. See FRCP Rule 37(c)(1).

Neil S. Ende, Esq.
Managing Partner
Technology Law Group, LLC
*nende@tlgdc.com*
202-895-1707 (Office)

202-256-0120 (Mobile)
703-229-6741 PIN 854# (Voice Conference Bridge)

# Exhibit R

| | |
|---|---|
| **From:** | Neil Ende |
| **To:** | Martindale, Thomas L; Erin Leahy; Nayer, Tracy; Sparko, Rochelle; Emily Dietz; Swetnam, Douglas; Dillon IV, John; Pelton, Sarah |
| **Cc:** | Greg Taylor; Ritesh Warikallamath |
| **Subject:** | Re: Further Demand for 30(b)(6) Designations |
| **Date:** | Tuesday, January 20, 2026 4:26:19 PM |
| **Attachments:** | image001.png |

**EXTERNAL SENDER:** This email originated from outside the organization. Do not click on links or open attachments unless you can validate the sender and the contents are safe.

Tom:

Good afternoon.

We are prepared to extend the date until noon this Friday on the understanding that each of the identified states intends to designate a person knowledgeable for each topic, not merely to assert objections without providing names.  Please confirm that is the intention of each identified state.

Thank you.

Neil S. Ende, Esq.
Managing Partner
Technology Law Group, LLC
*nende@tlgdc.com*
202-895-1707 (Office)
202-256-0120 (Mobile)
703-229-6741 PIN 854# (Voice Conference Bridge)

---

**From:** Martindale, Thomas L <Thomas.Martindale@atg.in.gov>
**Date:** Tuesday, January 20, 2026 at 3:13 PM
**To:** Neil Ende <nende@tlgdc.com>, Erin Leahy <erin.leahy@OhioAGO.gov>, Nayer, Tracy <Tnayer@ncdoj.gov>, Sparko, Rochelle <rsparko@ncdoj.gov>, Emily Dietz <Emily.Dietz@OhioAGO.gov>, Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>, Dillon IV, John <John.DillonIV@azag.gov>, Pelton, Sarah <Sarah.Pelton@azag.gov>
**Cc:** Greg Taylor <gtaylor@tlgdc.com>, Ritesh Warikallamath <rwarikallamath@tlgdc.com>
**Subject:** RE: Further Demand for 30(b)(6) Designations

Greetings,
Plaintiffs' counsel acknowledges receipt of your demand.  As this the first time we have seen these revised topics, we will need additional time to review and properly respond.  Accordingly, we will not be able to provide you a response by your deadline of noon tomorrow.  We will review and provide you with a response in a timely manner.
Thank you,
Tom



**The OAG serves, protects, and defends Hoosiers by championing liberty, justice, and the Rule of Law.**

# Thomas Martindale

Deputy Attorney General
Data Privacy & Identity Theft Unit
Consumer Protection Division
Office of Attorney General Todd Rokita
302 West Washington Street, IGCS 5th Floor
Indianapolis, IN 46204
p: (317)232-7751 ¦f: (317)232-7979
thomas.martindale@atg.in.gov

---

**From:** Neil Ende <nende@tlgdc.com>
**Sent:** Monday, January 19, 2026 5:03 PM
**To:** Erin Leahy <erin.leahy@OhioAGO.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>; Sparko, Rochelle <rsparko@ncdoj.gov>; Emily Dietz <Emily.Dietz@OhioAGO.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Martindale, Thomas L <Thomas.Martindale@atg.in.gov>; Dillon IV, John <John.DillonIV@azag.gov>
**Cc:** Greg Taylor <gtaylor@tlgdc.com>; Ritesh Warikallamath <rwarikallamath@tlgdc.com>
**Subject:** Further Demand for 30(b)(6) Designations
**Importance:** High

> **EXTERNAL EMAIL:** This email was sent from outside your organization. Exercise caution when clicking links, opening attachments or taking further action, before validating its authenticity.

AGs:

In the Magistrate's Order addressing the parties meet and confer pleadings, he ruled that "*defendants are entitled to Rule 30(b)(6) depositions addressing the factual allegations contained in the Complaint*." Defendants demand, for one final time, that each of the so-called Lead Plaintiff States and **_each_** of the states with state law claims designate one or more witnesses capable of "*addressing the factual allegations contained in the Complaint*." Demand is made that **_each_** of these states separately designate one or more such witnesses by no later than noon, Wednesday January 21, 2026.

Without waiving or limiting the language of the Magistrate's order, at a minimum the witnesses designated by each of these states must be capable of testifying about the following specific topics as it relates to his/her state:

1. The allegations of fact set forth in paragraphs 19-88 and 90-630 of the complaint.
2. The allegations of fact set forth in the subparagraph of paragraph 89 of the complaint applicable to the state on whose behalf the witness is appearing.
3. The origin of all data (*e.g.,* a CID, a subpoena, YouMail, an AG Expert Witness) used to calculate the number of calls set forth in the subparagraph of paragraph 89 of the complaint applicable to the state on whose behalf the witness is appearing.

4. Actions taken to confirm that the data associated with each of the calls referenced in the subparagraph of paragraph 89 of the complaint on whose behalf the witness is appearing is true and correct.

5. Facts supporting the allegation that Lansky knew that the calls transited by Avid Telecom were illegal robocalls.

6. Facts supporting the allegation that Lansky should have known that Lansky knew that the calls transited by Avid Telecom were illegal robocalls.

7. Facts supporting the allegation that Reeves knew that the calls transited by Avid

Telecom were illegal robocalls.

8. Facts supporting the allegation that Reeves should have known that the calls transited

by Avid Telecom were illegal robocalls.

9. Facts supporting the allegation that each of the individual calls referenced in the subparagraph of paragraph 89 of the complaint on whose behalf the witness is appearing contained a pre-recorded message.

10. Facts supporting the allegation that each of the individual calls referenced in the subparagraph of paragraph 89 of the complaint on whose behalf the witness is appearing contained a commercial message.

11. Facts supporting the allegation that each of the individual calls referenced in the subparagraph of paragraph 89 of the complaint on whose behalf the witness is appearing originated from a predictive dialer (or a similar device).

12. Facts supporting the allegation that Avid Telecom did not block any illegal robocalls.

13. The identity of the person(s) who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

We will consider your failure to respond fully to this request by the described time as a further refusal to designate and we will seek relief from the Magistrate including a preclusion of the right to present affirmative testimony on any designated topic.  See FRCP Rule 37(c)(1).

Neil S. Ende, Esq.
Managing Partner
Technology Law Group, LLC
nende@tlgdc.com
202-895-1707 (Office)
202-256-0120 (Mobile)
703-229-6741 PIN 854# (Voice Conference Bridge)

# Exhibit S

| | |
|---|---|
| **From:** | Martindale, Thomas L |
| **To:** | Neil Ende; Erin Leahy; Nayer, Tracy; Sparko, Rochelle; Emily Dietz; Swetnam, Douglas; Dillon IV, John; Pelton, Sarah |
| **Cc:** | Greg Taylor |
| **Subject:** | RE: Further Demand for 30(b)(6) Designations |
| **Date:** | Thursday, January 22, 2026 12:15:22 PM |
| **Attachments:** | image001.png |

**EXTERNAL SENDER:** This email originated from outside the organization. Do not click on links or open attachments unless you can validate the sender and the contents are safe.

Greetings, Neil,

The Lead Plaintiffs and the Plaintiffs with state law claims have never objected to Rule 30(b)(6) depositions. The difficulty in this process has been Defendants' failure to properly identify relevant topics that comport with Fed Civ P. Rules 26 and 30 and other applicable state and federal laws and Defendants' failure to respond to our timely and proper objections on those topics. All Plaintiffs sent timely written objections to the topics identified in the April 2025 Notices and received no substantive responses to our topic objections. We have engaged a number of times to meet/confer in writing and by telephone on the topics and were advised that you would provide revised topics. In its October, 2024 Order, the Court **AGREED** with our objections to the original topics and limited the deposition topics to factual allegations contained in the Complaint. Six months after receiving Plaintiffs' written objections on the topics, Defendants provided their first revised topics on November 24, 2025. On December 10, 2025, we again engaged to meet/confer as to the overly broad designation of all factual allegations of the Complaint and were advised again that you would provide revised topics with greater detail within a day or two. Nearly six weeks later, you identified revised topics on January 19. We have requested a reasonable amount of time to review those topics and provide a response. The review of the topics involves more than simply coming up with the names of witnesses who may have knowledge of facts. Your threats to seek sanctions and exclusion of evidence if Plaintiffs fail to respond in less than two business days, and now as revised below, to less than 3.5 business days is wholly unreasonable.

We will provide a more comprehensive response after we have fully reviewed the topics you identified and have had a chance to confer next week. If you choose to seek Court intervention prior to the parties fully engaging in a meet and confer on the revised topics, that is your prerogative. We will respond accordingly.

Thank you,
Tom



**The OAG serves, protects, and defends Hoosiers by championing**

**Thomas Martindale**
Deputy Attorney General
Data Privacy & Identity Theft Unit
Consumer Protection Division
Office of Attorney General Todd Rokita
302 West Washington Street, IGCS 5th Floor
Indianapolis, IN 46204

**liberty, justice, and the Rule of Law.**

p: (317)232-7751  f: (317)232-7979
thomas.martindale@atg.in.gov

---

**From:** Neil Ende <nende@tlgdc.com>
**Sent:** Wednesday, January 21, 2026 4:23 PM
**To:** Martindale, Thomas L <Thomas.Martindale@atg.in.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>;
Nayer, Tracy <Tnayer@ncdoj.gov>; Sparko, Rochelle <rsparko@ncdoj.gov>; Emily Dietz
<Emily.Dietz@OhioAGO.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Dillon IV, John
<John.DillonIV@azag.gov>; Pelton, Sarah <Sarah.Pelton@azag.gov>
**Cc:** Greg Taylor <gtaylor@tlgdc.com>
**Subject:** Re: Further Demand for 30(b)(6) Designations
**Importance:** High

> **EXTERNAL EMAIL:** This email was sent from outside your organization. Exercise caution
> when clicking links, opening attachments or taking further action, before validating its
> authenticity.

Tom:

Hello.

Respectfully, Plaintiffs have had more than 6 months since the Notices were originally
served and nearly three months since the Magistrate issued his Order authorizing
Defendants to take 30b6 dispositions on essentially all facts in the complaint.  Plaintiffs
know or should know (sound familiar?) who their witness(es) are.  There is no reason,
other than obstinance and an understandable effort to prevent access, that Plaintiffs
cannot identify witness by the end of this week.

Plaintiffs' failure to designate represents a continuing and willful violation of the Court's
order expressly requiring designation by November 28.

It is Defendants' intention to file a motion for sanctions denying Plaintiffs the right to
present any affirmative testimony on any of the designated issues (which sanction is well
recognized) if we do not have a complete set of names by COB Friday.

Your cooperation in finally moving this issue to completion is appreciated.

Neil S. Ende, Esq.
Managing Partner
Technology Law Group, LLC
nende@tlgdc.com
202-895-1707 (Office)
202-256-0120 (Mobile)

703-229-6741 PIN 854# (Voice Conference Bridge)

---

**From:** Martindale, Thomas L <Thomas.Martindale@atg.in.gov>
**Date:** Wednesday, January 21, 2026 at 4:09 PM
**To:** Neil Ende <nende@tlgdc.com>, Erin Leahy <erin.leahy@OhioAGO.gov>, Nayer, Tracy <Tnayer@ncdoj.gov>, Sparko, Rochelle <rsparko@ncdoj.gov>, Emily Dietz <Emily.Dietz@OhioAGO.gov>, Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>, Dillon IV, John <John.DillonIV@azag.gov>, Pelton, Sarah <Sarah.Pelton@azag.gov>
**Cc:** Greg Taylor <gtaylor@tlgdc.com>
**Subject:** RE: Further Demand for 30(b)(6) Designations

Greetings,

As we have indicated on several occasions, the Lead Plaintiffs and Plaintiffs with state law claims have never refused to be deposed. Our responses will be informed by our review of the newly identified topics. We will not be able to respond before noon on Friday as the Lead Plaintiffs will not have the opportunity to confer this week due to unavailability of counsel. We hope to provide you with a response next week after we've had a chance to meet.

Thank you,
Tom



**The OAG serves, protects, and defends Hoosiers by championing liberty, justice, and the Rule of Law.**

# Thomas Martindale

Deputy Attorney General
Data Privacy & Identity Theft Unit
Consumer Protection Division
Office of Attorney General Todd Rokita
302 West Washington Street, IGCS 5th Floor
Indianapolis, IN 46204
p: (317)232-7751 f: (317)232-7979
thomas.martindale@atg.in.gov

---

**From:** Neil Ende <nende@tlgdc.com>
**Sent:** Tuesday, January 20, 2026 4:26 PM
**To:** Martindale, Thomas L <Thomas.Martindale@atg.in.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>; Sparko, Rochelle <rsparko@ncdoj.gov>; Emily Dietz <Emily.Dietz@OhioAGO.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Dillon IV, John <John.DillonIV@azag.gov>; Pelton, Sarah <Sarah.Pelton@azag.gov>
**Cc:** Greg Taylor <gtaylor@tlgdc.com>; Ritesh Warikallamath <rwarikallamath@tlgdc.com>
**Subject:** Re: Further Demand for 30(b)(6) Designations

> **EXTERNAL EMAIL:** This email was sent from outside your organization. Exercise caution when clicking links, opening attachments or taking further action, before validating its authenticity.

Tom:

Good afternoon.

We are prepared to extend the date until noon this Friday on the understanding that each of the identified states intends to designate a person knowledgeable for each topic, not merely to assert objections without providing names.  Please confirm that is the intention of each identified state.

Thank you.

Neil S. Ende, Esq.
Managing Partner
Technology Law Group, LLC
*nende@tlgdc.com*
202-895-1707 (Office)
202-256-0120 (Mobile)
703-229-6741 PIN 854# (Voice Conference Bridge)

---

**From:** Martindale, Thomas L <Thomas.Martindale@atg.in.gov>
**Date:** Tuesday, January 20, 2026 at 3:13 PM
**To:** Neil Ende <nende@tlgdc.com>, Erin Leahy <erin.leahy@OhioAGO.gov>, Nayer, Tracy <Tnayer@ncdoj.gov>, Sparko, Rochelle <rsparko@ncdoj.gov>, Emily Dietz <Emily.Dietz@OhioAGO.gov>, Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>, Dillon IV, John <John.DillonIV@azag.gov>, Pelton, Sarah <Sarah.Pelton@azag.gov>
**Cc:** Greg Taylor <gtaylor@tlgdc.com>, Ritesh Warikallamath <rwarikallamath@tlgdc.com>
**Subject:** RE: Further Demand for 30(b)(6) Designations
Greetings,
Plaintiffs' counsel acknowledges receipt of your demand.  As this the first time we have seen these revised topics, we will need additional time to review and properly respond.  Accordingly, we will not be able to provide you a response by your deadline of noon tomorrow.  We will review and provide you with a response in a timely manner.
Thank you,
Tom



**The OAG serves,
protects, and defends**

# Thomas Martindale

Deputy Attorney General
Data Privacy & Identity Theft Unit
Consumer Protection Division
Office of Attorney General Todd Rokita
302 West Washington Street, IGCS 5th Floor
Indianapolis, IN 46204

**Hoosiers by championing liberty, justice, and the Rule of Law.**

p: (317)232-7751 !f: (317)232-7979
thomas.martindale@atg.in.gov

---

**From:** Neil Ende <nende@tlgdc.com>
**Sent:** Monday, January 19, 2026 5:03 PM
**To:** Erin Leahy <erin.leahy@OhioAGO.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>; Sparko, Rochelle <rsparko@ncdoj.gov>; Emily Dietz <Emily.Dietz@OhioAGO.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Martindale, Thomas L <Thomas.Martindale@atg.in.gov>; Dillon IV, John <John.DillonIV@azag.gov>
**Cc:** Greg Taylor <gtaylor@tlgdc.com>; Ritesh Warikallamath <rwarikallamath@tlgdc.com>
**Subject:** Further Demand for 30(b)(6) Designations
**Importance:** High

> **EXTERNAL EMAIL:** This email was sent from outside your organization. Exercise caution when clicking links, opening attachments or taking further action, before validating its authenticity.

AGs:

In the Magistrate's Order addressing the parties meet and confer pleadings, he ruled that "*defendants are entitled to Rule 30(b)(6) depositions addressing the factual allegations contained in the Complaint.*"  Defendants demand, for one final time,  that each of the so-called Lead Plaintiff States and **_each_** of the states with state law claims designate one or more witnesses capable of "*addressing the factual allegations contained in the Complaint.*"  Demand is made that **_each_** of these states separately designate one or more such witnesses by no later than noon, Wednesday January 21, 2026.

Without waiving or limiting the language of the Magistrate's order, at a minimum the witnesses designated by each of these states must be capable of testifying about the following specific topics as it relates to his/her state:

1. The allegations of fact set forth in paragraphs 19-88 and 90-630 of the complaint.
2. The allegations of fact set forth in the subparagraph of paragraph 89 of the complaint applicable to the state on whose behalf the witness is appearing.
3. The origin of all data (*e.g.,* a CID, a subpoena, YouMail, an AG Expert Witness) used to calculate the number of calls set forth in the subparagraph of paragraph 89 of the complaint applicable to the state on whose behalf the witness is appearing.
4. Actions taken to confirm that the data associated with each of the calls referenced in the subparagraph of paragraph 89 of the complaint on whose behalf the witness is appearing is true and correct.
5. Facts supporting the allegation that Lansky knew that the calls transited by Avid Telecom were illegal robocalls.
6. Facts supporting the allegation that Lansky should have known that Lansky knew that the calls transited by Avid Telecom were illegal robocalls.
7. Facts supporting the allegation that Reeves knew that the calls transited by Avid

Telecom were illegal robocalls.

8. Facts supporting the allegation that Reeves should have known that the calls transited

   by Avid Telecom were illegal robocalls.

9. Facts supporting the allegation that each of the individual calls referenced in the subparagraph of paragraph 89 of the complaint on whose behalf the witness is appearing contained a pre-recorded message.

10. Facts supporting the allegation that each of the individual calls referenced in the subparagraph of paragraph 89 of the complaint on whose behalf the witness is appearing contained a commercial message.

11. Facts supporting the allegation that each of the individual calls referenced in the subparagraph of paragraph 89 of the complaint on whose behalf the witness is appearing originated from a predictive dialer (or a similar device).

12. Facts supporting the allegation that Avid Telecom did not block any illegal robocalls.

13. The identity of the person(s) who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

We will consider your failure to respond fully to this request by the described time as a further refusal to designate and we will seek relief from the Magistrate including a preclusion of the right to present affirmative testimony on any designated topic.  See FRCP Rule 37(c)(1).

Neil S. Ende, Esq.
Managing Partner
Technology Law Group, LLC
*nende@tlgdc.com*
202-895-1707 (Office)
202-256-0120 (Mobile)
703-229-6741 PIN 854# (Voice Conference Bridge)

# Exhibit T

| From: | Erin Leahy |
|---|---|
| To: | Neil Ende; Martindale Thomas L |
| Cc: | Nayer, Tracy; Sparko, Rochelle; Emily Dietz; Swetnam Douglas; Dillon IV John; Pelton Sarah; Greg Taylor; Ritesh Warikallamath; mcfarlanele@doj.state.wi.us; Bernard (Barney) Eskandari (CA; Christopher (Chris) Lindblad (ND AG; Douglas Swetnam (IN AG; Elin Alm (ND AG; Jane Azia (NY AG; Lewis Beilin (WI AG; Michelle Badorine (NV AG; Michelle Burkart (CA AG; gregory.myszkowski@wisdoj.gov; Nayer, Tracy; Nick Akers (CA; Nicole Raisbeck (WI AG; Phil Ziperman (MD AG; Raquel Fulghum (IN AG; Rosailda Perez (CA AG; Samantha (Sam) Feeley (NV AG; Sarah Rice (RI AG; Sparko, Rochelle; Thomas Martindale (IN AG; timothy.lundgren@doj.ca.gov; Victoria Butler (FL AG; Zzheng@ag.ny.gov; Henry.johnson@myfloridalegal.com; Sean Saval (FL AG; Michael Roland (FL AG; Victoria Butler (FL AG; Leslie, Zorba (ATG; Alex Carnevale; Zivile.Rimkevicius@myfloridalegal.com; Jackson, Deandre (ATG; Paules, Michelle (ATG; Dami.Obaro@ag.ny.gov; Ashley.Taylor@troutman.com; Virginia Bell Flynn (Virginia.Flynn@troutman.com); Michael.Lacy@troutman.com |
| Subject: | RE: Request for Meet and Confer Call |
| Date: | Wednesday, January 28, 2026 5:33:22 PM |
| Attachments: | image001.png |
| | image002.png |
| | 2026.01.28. Plaintiffs" Resp to Jan 22 Depo Notices to Lead + State Claim States.pdf |

> **EXTERNAL SENDER:** This email originated from outside the organization. Do not click on links or open attachments unless you can validate the sender and the contents are safe.

CounseL

We are writing to meet and confer on the topics identified in your January 19 email and the Rule 30(b)(6) deposition notices served on January 22, 2026 to the Lead Plaintiff States and the States with state law claims. As you have requested in repeated communications, we provide our objections in writing. Due to time constraints as a result of when we received the notices, Plaintiffs provide the attached objections but reserve the rights of any Plaintiff State that may wish to revise or supplement the response no later than Wednesday, February, 4, 2026.

Our responses are attached.  We are willing to meet and confer further on these topics.

Sincerely,



Erin B. Leahy
Senior Assistant Attorney General
Consumer Protection Section
Office of Ohio Attorney General Dave Yost
30 East Broad St., 14th Floor
Columbus, Ohio 43215

Office number: 614-752-4730
Erin.Leahy@OhioAGO.gov

Confidentiality Notice: This message is intended for use only by the individual or entity to whom or which it is addressed and may contain information that is privileged, confidential and/or otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone.

**From:** Neil Ende <nende@tlgdc.com>
**Sent:** Thursday, January 22, 2026 5:24 PM
**To:** Martindale Thomas L <Thomas.Martindale@atg.in.gov>

**Cc:** Erin Leahy <erin.leahy@OhioAGO.gov>; Nayer Tracy <Tnayer@ncdoj.gov>; Sparko Rochelle <rsparko@ncdoj.gov>; Emily Dietz <Emily.Dietz@OhioAGO.gov>; Swetnam Douglas <Douglas.Swetnam@atg.in.gov>; Dillon IV John <John.DillonIV@azag.gov>; Pelton Sarah <Sarah.Pelton@azag.gov>; Greg Taylor <gtaylor@tlgdc.com>; Ritesh Warikallamath <rwarikallamath@tlgdc.com>
**Subject:** Request for Meet and Confer Call

AGs:

Good afternoon.

We'd like to set a time for a meet and confer call addressing the issues we set forth in our email yesterday. We'd like that call to occur prior to the next pre-hearing conference.

Please let us know when you're available.

Thank you.

Neil S. Ende
Managing Partner
Technology Law Group
202.256.0120
TLG Conference Bridge:
703.229.6741, PIN: 854#


Sent from my iPhone


> On Jan 22, 2026, at 12:15 PM, Martindale, Thomas L <Thomas.Martindale@atg.in.gov> wrote:
>
>
> Greetings, Neil,
>
> The Lead Plaintiffs and the Plaintiffs with state law claims have never objected to Rule 30(b)(6) depositions. The difficulty in this process has been Defendants' failure to properly identify relevant topics that comport with Fed Civ P. Rules 26 and 30 and other applicable state and federal laws and Defendants' failure to respond to our timely and proper objections on those topics.  All Plaintiffs sent timely written objections to the topics identified in the April 2025 Notices and received no substantive responses to our topic objections.  We have engaged a number of times to meet/confer in writing and by telephone on the topics and were advised that you would provide revised topics.  In its October, 2024 Order, the Court **AGREED** with our objections to the original topics and limited the deposition topics to factual allegations contained in the Complaint.  Six months after receiving Plaintiffs' written objections on the topics, Defendants provided their first revised topics on November 24, 2025.  On December 10, 2025, we again engaged to meet/confer as to the overly broad designation of all factual allegations of the Complaint and were advised again that you would provide revised topics with greater detail within a day or two.  Nearly six weeks later, you identified revised topics on January 19.  We have requested a reasonable amount of time to review those topics and provide a response.  The review of the topics involves more than simply coming up with the names of witnesses who may have knowledge of facts.  Your threats to seek

sanctions and exclusion of evidence if Plaintiffs fail to respond in less than two business days, and now as revised below, to less than 3.5 business days is wholly unreasonable.

We will provide a more comprehensive response after we have fully reviewed the topics you identified and have had a chance to confer next week.  If you choose to seek Court intervention prior to the parties fully engaging in a meet and confer on the revised topics, that is your prerogative.   We will respond accordingly.

Thank you,
Tom



**Thomas Martindale**
Deputy Attorney General
Data Privacy & Identity Theft Unit
Consumer Protection Division
Office of Attorney General Todd Rokita
302 West Washington Street, IGCS 5th
Floor
Indianapolis, IN 46204
p: (317)232-7751  f: (317)232-7979
thomas.martindale@atg.in.gov

**The OAG serves, protects, and defends Hoosiers by championing liberty, justice, and the Rule of Law.**

**From:** Neil Ende <nende@tlgdc.com>
**Sent:** Wednesday, January 21, 2026 4:23 PM
**To:** Martindale, Thomas L <Thomas.Martindale@atg.in.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>; Sparko, Rochelle <rsparko@ncdoj.gov>; Emily Dietz <Emily.Dietz@OhioAGO.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Dillon IV, John <John.DillonIV@azag.gov>; Pelton, Sarah <Sarah.Pelton@azag.gov>
**Cc:** Greg Taylor <gtaylor@tlgdc.com>
**Subject:** Re: Further Demand for 30(b)(6) Designations
**Importance:** High

> **EXTERNAL EMAIL:** This email was sent from outside your organization. Exercise caution when clicking links, opening attachments or taking further action, before validating its authenticity.

Tom:

Hello.

Respectfully, Plaintiffs have had more than 6 months since the Notices were originally served and nearly three months since the Magistrate issued his Order authorizing Defendants to take 30b6 dispositions on essentially all facts in the complaint.  Plaintiffs know or should know (sound familiar?) who their witness(es) are.  There is no reason, other than obstinance and an understandable effort to prevent access, that Plaintiffs cannot identify witness by the end of this week.

Plaintiffs' failure to designate represents a continuing and willful violation of the Court's order expressly requiring designation by November 28.

It is Defendants' intention to file a motion for sanctions denying Plaintiffs the right to present any affirmative testimony on any of the designated issues (which sanction is well recognized) if we do not have a complete set of names by COB Friday.

Your cooperation in finally moving this issue to completion is appreciated.

Neil S. Ende, Esq.
Managing Partner
Technology Law Group, LLC
*nende@tlgdc.com*
202-895-1707 (Office)
202-256-0120 (Mobile)
703-229-6741 PIN 854# (Voice Conference Bridge)

---

**From:** Martindale, Thomas L <Thomas.Martindale@atg.in.gov>
**Date:** Wednesday, January 21, 2026 at 4:09 PM
**To:** Neil Ende <nende@tlgdc.com>, Erin Leahy <erin.leahy@OhioAGO.gov>, Nayer, Tracy <Tnayer@ncdoj.gov>, Sparko, Rochelle <rsparko@ncdoj.gov>, Emily Dietz <Emily.Dietz@OhioAGO.gov>, Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>, Dillon IV, John <John.DillonIV@azag.gov>, Pelton, Sarah <Sarah.Pelton@azag.gov>
**Cc:** Greg Taylor <gtaylor@tlgdc.com>
**Subject:** RE: Further Demand for 30(b)(6) Designations

Greetings,

As we have indicated on several occasions, the Lead Plaintiffs and Plaintiffs with state law claims have never refused to be deposed.  Our responses will be informed by our review of the newly identified topics.  We will not be able to respond before noon on Friday as the Lead Plaintiffs will not have the opportunity to confer this week due to unavailability of counsel. We hope to provide you with a response next week after we've had a chance to meet.

Thank you,
Tom

**Thomas Martindale**

Deputy Attorney General
Data Privacy & Identity Theft Unit
Consumer Protection Division
Office of Attorney General Todd Rokita
302 West Washington Street, IGCS
5th Floor
Indianapolis, IN 46204
p: (317)232-7751 ¦f: (317)232-7979
thomas.martindale@atg.in.gov

**The OAG serves, protects, and defends Hoosiers by championing liberty, justice, and the Rule of Law.**

---

**From:** Neil Ende <nende@tlgdc.com>
**Sent:** Tuesday, January 20, 2026 4:26 PM
**To:** Martindale, Thomas L <Thomas.Martindale@atg.in.gov>; Erin Leahy <erin.leahy@OhioAGO.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>; Sparko, Rochelle <rsparko@ncdoj.gov>; Emily Dietz <Emily.Dietz@OhioAGO.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Dillon IV, John <John.DillonIV@azag.gov>; Pelton, Sarah <Sarah.Pelton@azag.gov>
**Cc:** Greg Taylor <gtaylor@tlgdc.com>; Ritesh Warikallamath <rwarikallamath@tlgdc.com>
**Subject:** Re: Further Demand for 30(b)(6) Designations

> **EXTERNAL EMAIL:** This email was sent from outside your organization. Exercise caution when clicking links, opening attachments or taking further action, before validating its authenticity.

Tom:

Good afternoon.

We are prepared to extend the date until noon this Friday on the understanding that each of the identified states intends to designate a person knowledgeable for each topic, not merely to assert objections without providing names. Please confirm that is the intention of each identified state.

Thank you.

Neil S. Ende, Esq.
Managing Partner
Technology Law Group, LLC
*nende@tlgdc.com*
202-895-1707 (Office)
202-256-0120 (Mobile)

703-229-6741 PIN 854# (Voice Conference Bridge)

---

**From:** Martindale, Thomas L <Thomas.Martindale@atg.in.gov>
**Date:** Tuesday, January 20, 2026 at 3:13 PM
**To:** Neil Ende <nende@tlgdc.com>, Erin Leahy <erin.leahy@OhioAGO.gov>, Nayer, Tracy <Tnayer@ncdoj.gov>, Sparko, Rochelle <rsparko@ncdoj.gov>, Emily Dietz <Emily.Dietz@OhioAGO.gov>, Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>, Dillon IV, John <John.DillonIV@azag.gov>, Pelton, Sarah <Sarah.Pelton@azag.gov>
**Cc:** Greg Taylor <gtaylor@tlgdc.com>, Ritesh Warikallamath <rwarikallamath@tlgdc.com>
**Subject:** RE: Further Demand for 30(b)(6) Designations

Greetings,

Plaintiffs' counsel acknowledges receipt of your demand. As this the first time we have seen these revised topics, we will need additional time to review and properly respond. Accordingly, we will not be able to provide you a response by your deadline of noon tomorrow. We will review and provide you with a response in a timely manner.

Thank you,

Tom



**The OAG serves, protects, and defends Hoosiers by championing liberty, justice, and the Rule of Law.**

**Thomas Martindale**
Deputy Attorney General
Data Privacy & Identity Theft Unit
Consumer Protection Division
Office of Attorney General Todd Rokita
302 West Washington Street, IGCS 5th Floor
Indianapolis, IN 46204
p: (317)232-7751 f: (317)232-7979
thomas.martindale@atg.in.gov

---

**From:** Neil Ende <nende@tlgdc.com>
**Sent:** Monday, January 19, 2026 5:03 PM
**To:** Erin Leahy <erin.leahy@OhioAGO.gov>; Nayer, Tracy <Tnayer@ncdoj.gov>; Sparko, Rochelle <rsparko@ncdoj.gov>; Emily Dietz <Emily.Dietz@OhioAGO.gov>; Swetnam, Douglas <Douglas.Swetnam@atg.in.gov>; Martindale, Thomas L <Thomas.Martindale@atg.in.gov>; Dillon IV, John <John.DillonIV@azag.gov>
**Cc:** Greg Taylor <gtaylor@tlgdc.com>; Ritesh Warikallamath <rwarikallamath@tlgdc.com>

**Subject:** Further Demand for 30(b)(6) Designations
**Importance:** High

**EXTERNAL EMAIL:** This email was sent from outside your organization. Exercise caution when clicking links, opening attachments or taking further action, before validating its authenticity.

AGs:

In the Magistrate's Order addressing the parties meet and confer pleadings, he ruled that "*defendants are entitled to Rule 30(b)(6) depositions addressing the factual allegations contained in the Complaint.*"  Defendants demand, for one final time,  that each of the so-called Lead Plaintiff States and **_each_** of the states with state law claims designate one or more witnesses capable of "*addressing the factual allegations contained in the Complaint.*"  Demand is made that **_each_** of these states separately designate one or more such witnesses by no later than noon, Wednesday January 21, 2026.

Without waiving or limiting the language of the Magistrate's order, at a minimum the witnesses designated by each of these states must be capable of testifying about the following specific topics as it relates to his/her state:

1. The allegations of fact set forth in paragraphs 19-88 and 90-630 of the complaint.
2. The allegations of fact set forth in the subparagraph of paragraph 89 of the complaint applicable to the state on whose behalf the witness is appearing.
3. The origin of all data (*e.g.,* a CID, a subpoena, YouMail, an AG Expert Witness) used to calculate the number of calls set forth in the subparagraph of paragraph 89 of the complaint applicable to the state on whose behalf the witness is appearing.
4. Actions taken to confirm that the data associated with each of the calls referenced in the subparagraph of paragraph 89 of the complaint on whose behalf the witness is appearing is true and correct.
5. Facts supporting the allegation that Lansky knew that the calls transited by Avid Telecom were illegal robocalls.
6. Facts supporting the allegation that Lansky should have known that Lansky knew that the calls transited by Avid Telecom were illegal robocalls.
7. Facts supporting the allegation that Reeves knew that the calls transited by Avid Telecom were illegal robocalls.
8. Facts supporting the allegation that Reeves should have known that the calls transited by Avid Telecom were illegal robocalls.
9. Facts supporting the allegation that each of the individual calls referenced in the subparagraph of paragraph 89 of the complaint on whose behalf the witness is appearing contained a pre-recorded message.
10. Facts supporting the allegation that each of the individual calls referenced in the subparagraph of paragraph 89 of the complaint on whose behalf the witness is appearing contained a commercial message.
11. Facts supporting the allegation that each of the individual calls referenced in the subparagraph of paragraph 89 of the complaint on whose behalf the witness is appearing originated from a predictive dialer (or a similar device).
12. Facts supporting the allegation that Avid Telecom did not block any illegal robocalls.
13. The identity of the person(s) who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims,

defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.

We will consider your failure to respond fully to this request by the described time as a further refusal to designate and we will seek relief from the Magistrate including a preclusion of the right to present affirmative testimony on any designated topic.  See FRCP Rule 37(c)(1).

Neil S. Ende, Esq.
Managing Partner
Technology Law Group, LLC
*nende@tlgdc.com*
202-895-1707 (Office)
202-256-0120 (Mobile)
703-229-6741 PIN 854# (Voice Conference Bridge)

# DAVE YOST
## OHIO ATTORNEY GENERAL

Consumer Protection Section
Main: (614) 466-8831

January 28, 2026

Neil Ende
Greg Taylor
Technology Law Group L.L.C.
5335 Wisconsin Ave, NW
Suite 440
Washington, DC 20015

Via Email to: nende@tlgdc.com; gtaylor@tlgdc.com

RE:     Lead Plaintiffs and Plaintiff States with state law claims Objections to
        January 22, 2026 Rule 30(b)(6) Deposition Notices

Dear Neil and Greg:

We are writing to meet and confer on the topics identified in your January 19 email and the
Rule 30(b)(6) deposition notices served on January 22, 2026 to the Lead Plaintiff States and
the States with state law claims.

As you have requested in repeated communications, we provide our objections in writing.
We are willing to further meet and confer on the topics. Due to time constraints as a result
of when we received the notices, Plaintiffs provide the objections outline below but reserve
the rights of any Plaintiff State that may wish to revise or supplement their response no later
than Wednesday, February 4, 2026.

## Defendants' Identified Topics and Plaintiffs' Responses

**1.      The allegations of fact set forth in paragraphs 19-88 and 90-630 of the
complaint**.

**Response:**

Plaintiffs object to this topic as it is overbroad, unduly burdensome, and not proportional to
the needs of the litigation as it fails to "describe with reasonable particularity the matters for
examination" as required by Fed. Rule Civ. P. 30. *See ReBath LLC v. HD Solutions LLC*, No. CV-
19-04873-PHX-JJT, 2021 U.S. Dist. LEXIS 105768, at *5-6 (D. Ariz. June 4, 2021) (striking
topics that sought "all facts and evidence" concerning a defendant's defenses and
counterclaims, finding that "it will be overly burdensome for [the defendant] to properly
prepare its representative to testify"). The request that Plaintiffs prepare witnesses
sufficiently knowledgeable to discuss each and every factual allegation contained in 612

paragraphs of the Complaint is overbroad, unduly burdensome and not proportional to the needs of the case. "[T]he purpose served by Fed. R. Civ. P. 30(b)(6)…does not extend to burdening the responding party with production and preparation of a witness on every facet of the litigation." *Apple Inc. v. Samsung Elecs. Co.*, No. C 11–1846 LHK, 2012 U.S. Dist. LEXIS 9921, at *13 (N. D. Cal. Jan. 27, 2012).  This topic alone would exceed the 7-hour time limitation set forth in Fed. Rule Civ. P. 30.

Plaintiffs object to this topic as overbroad, unduly burdensome, cumulative, duplicative and/or not proportional to the needs of the litigation. The overbroad identification of nearly every paragraph of the Complaint as it attempts to shift the burden to Plaintiffs to identify with particularity a subset of those 612 paragraphs that contain substantive factual allegations appropriate for deposition and to *exclude* through our objections those Complaint paragraphs that do not contain substantive contested facts (such as statements of law, legal arguments/conclusions, statements of common knowledge, facts admitted in Defendants' Amended Answer, etc.), facts for which Defendant have already obtained information through written discovery demands (such as facts supported by Expert Report covering CDR analysis and call content, and extensive records obtained from third parties, etc.), information not already in Defendants' possession/custody or control (such as screenshots of Defendants' website and communications with Defendants, and Complaint paragraphs that are direct quotes or detailed descriptions of communications Defendants had with third parties) and information that is equally available to Defendants from third parties or public sources (references to public enforcement actions), or through alternate means that are less burdensome than deposition testimony.

Plaintiffs object to this topic as unduly burdensome, cumulative, duplicative and/or not proportional to the needs of the litigation. Plaintiffs have produced extensive information and records already in response to Defendants' written discovery demands and under Fed. Rule Civ. P. 26.  Plaintiffs are not obligated to be subjected to deposition questioning, which are highly burdensome for Plaintiffs, because Defendants would prefer to obtain the same information via testimony from Plaintiffs rather than reviewing the discovery responses and records produced. *See Prasad v. George Wash. Univ.*, 323 F.R.D. 88, 99 (D.D.C. 2017) ("It is not appropriate, however, to use a 30(b)(6) deposition as a catch-all technique to reexamine at the end of discovery the universe of information an adversary as produced during the discovery period.").

Plaintiffs object to the extent that the topic seeks information protected by the attorney-client privilege, the work-product doctrine, common interest privilege, law enforcement investigative privilege and/or any other applicable privilege, immunity or protection.  As Plaintiffs indicated in their Rule 26 disclosures, nearly all, if not all, of the factual support for the allegations in the Complaint were extracted from records obtained from third parties. Those records speak for themselves and are equally available to Defendants.  Plaintiffs object to Defendants seeking testimony or information as to Plaintiffs' mental impressions of the facts stated in those records. Plaintiffs further object to Defendants seeking testimony or information as to the manner in which Plaintiffs conducted their investigations, reviewed, analyzed, verified or determined which facts would be included in the Complaint, consulted

decision makers within Plaintiffs' respective offices and/or consulted with counsel from other Plaintiff States. Plaintiffs believed those lines of inquiry are protected by the attorney-client privilege, the work-product doctrine, common interest privilege, law enforcement investigative privilege and/or any other applicable privilege, immunity or protection.

To help Defendants identify suitable topics and Plaintiffs who may have information they seek that Plaintiffs have not already produced, we remind them once more of the following: Plaintiffs have been transparent about the fact that the pre-litigation investigative work was done by a core group of Plaintiffs, namely, the Lead Plaintiff States of Indiana, North Carolina and Ohio. That pre-litigation work product was shared for the benefit of all Plaintiffs. Counsel from all Plaintiff States conferred on the facts and the legal claims. Further, the supporting evidence and the violations are the same in terms of substance for all Plaintiff States for the federal claims, but differ only in the numbers of calls per state. There is also substantial, or for some states complete, issue alignment between the federal and state claims.

**2.      The allegations of fact set forth in the subparagraph of paragraph 89 of the complaint applicable to the state on whose behalf the witness is appearing.**

**Response:**

Plaintiffs object to this topic as unduly burdensome, cumulative, duplicative and/or not proportional to the needs of the litigation. The information sought has already been produced by Plaintiffs in response to written discovery demands and/or included in the report of Plaintiffs' Expert Witness, Mike Rudolph, from YouMail. As a courtesy, Plaintiffs direct Defendants' attention to the list of data sets reviewed by YouMail, identified on pages 8-10 of the Report. Those data sets have all been produced to Defendants or are records that Plaintiffs obtained from Defendants and therefore, are in the Defendants' possession, custody or control.

As previously explained in response to written discovery demands, the information sought in this topic was obtained from a call analysis completed by Plaintiffs' Expert Witness, Mike Rudolph, with YouMail. The specific numbers identified in paragraph 89 are instances in which the calls identified in call detail records were placed to YouMail subscribers and audio recordings were captured on the subscribers' voicemails. YouMail's preliminary analysis of the content identified in those voicemails as examples of call campaigns described in paragraph 88(i) of the Complaint. Additionally, the specific numbers referenced in paragraph 89 of Plaintiffs' Complaint were preliminary calculations based upon only a portion of the call detail records. The numbers in the Expert Report are higher because Plaintiffs' Expert Witness, Mike Rudolph, with YouMail, completed analysis of the entire data set available to Plaintiffs. As a courtesy, Plaintiffs direct Defendants attention to pages 35-40 of the Expert Report which provide greater detail as to how these analyses are performed. To the extent that Defendants seek further information regarding the contents of the Expert Report, Defendants should seek that information in a deposition of the expert witness. *See Sierra Club v. BNSF Ry. Co.*, No. C13-0967-JCC, 2016 U.S. Dist. LEXIS 116716, at *10-11 (W.D. Wash. Aug. 30, 2016) (finding that "the experts who have drafted the expert reports in question are better qualified to testify about their contents" and granting a protective order on the basis

that "deposing a Rule 30(b)(6) witness on this topic would fail to produce any new or meaningful information and would only serve to reveal [plaintiff's] attorneys' interpretation of previously provided information"); *Burton v. Abbvie, Inc.*, No. 2:22-CV-05920-FMO-MAR, 2023 U.S. Dist. LEXIS 128048, at *14-15 (C.D. Cal. June 21, 2023) (granting a protective order when Rule 30(b)(6) topics "appear to seek the assessment of an expert").

**3.      The origin of all data (e.g., a CID, a subpoena, YouMail, an AG Expert Witness) used to calculate the number of calls set forth in the subparagraph of paragraph 89 of the complaint applicable to the state on whose behalf the witness is appearing.**

**Response:**

Plaintiffs object to this topic as unduly burdensome, cumulative, duplicative, and/or not proportional to the needs of the litigation.  The information sought has already been produced in discovery by Plaintiffs in response to written discovery demands and/or included in the Report of Plaintiffs' Expert, Mike Rudolph, from YouMail.  The data sets reviewed by YouMail are identified on pages 8-10 of the report and all datasets were produced to Defendants. The call detail records were obtained pursuant to presuit subpoenas or civil investigative demands to Defendants or to Defendants' immediate downstream vendors.

**4.      Actions taken to confirm that the data associated with each of the calls referenced in the subparagraph of paragraph 89 of the complaint on whose behalf the witness is appearing is true and correct.**

**Response:**

Plaintiffs object to the topic as vague and ambiguous as the meaning of "confirm …the data associated" is unclear.

Plaintiffs engaged the services of Expert witness, Mike Rudolph, from YouMail, to perform the analyses on the call detail records obtained from directly from Defendants and from Avid's immediate downstream vendors.  Other than consulting with the retained expert about the analysis performed, Plaintiffs did not take actions to "confirm" the data associated with each of the calls referenced in paragraph 89 and therefore have no discoverable information.  Plaintiffs' Communications with the retained expert are protected under Fed. Rule Civ. P. 26.

Plaintiffs object to this topic as the "data" referenced is equally available to the Defendants to "confirm" data or perform any other analyses of their choosing.  Avid's call detail records are in Defendants' possession, custody or control or should be pursuant to Defendants' obligation to preserve records. All call detail records that were not obtained directly from Avid—principally because Avid refused to produce the requested call detail records prior to the initiation of this litigation pursuant to a subpoena—and that were included in YouMail's

analysis have been produced to Defendants. Defendants have equal access to the records to "confirm" the data or perform any other analysis on the data. Plaintiffs obtained records pursuant to pre-suit subpoenas or civil investigative demands from Avid Telecom directly and from Avid's immediate downstream vendors for records they received directly from Avid. Plaintiffs have no reason to believe—and Defendants have no reasonable basis to assert—that records produced by many voice service providers pursuant to a legal demand from a law enforcement agency would be unreliable. The information Defendants seek on this topic should be sought from Plaintiffs' expert witness, YouMail.

To the extent that Defendants seek this information in the support of the argument Defendants' counsel has asserted on numerous occasions that Plaintiffs had an obligation to independently "confirm" each of the calls referenced in paragraph 89 under Fed Rule Civ. P. 11, Plaintiffs object on the basis of relevance. Plaintiffs do not agree that Fed Rule Civ. P. 11 required such independent confirmation of each call and do not believe such information would be relevant to any claim or defense in this case.

Additionally, Plaintiffs object to Defendants seeking testimony or information as to Plaintiffs' mental impressions of the facts included in records obtained from third parties. Plaintiffs further object to Defendants seeking testimony or information as to the manner in which Plaintiffs conducted their investigations, reviewed, analyzed, verified or determined which facts would be included in the Complaint, consulted decision makers within Plaintiffs' respective offices and/or consulted with counsel from other Plaintiff States. Plaintiffs believe those lines of inquiry are protected by the attorney-client privilege, the work-product doctrine, common interest privilege, law enforcement investigative privilege and/or any other applicable privilege, immunity or protection.

### 5. Facts supporting the allegation that Lansky knew that the calls transited by Avid Telecom were illegal robocalls.

**Response:**

Plaintiffs object to this topic as unduly burdensome, cumulative, duplicative and/or not proportional to the needs of the litigation. The factual allegation is supported by records Plaintiffs already produced in response to written discovery demands or Fed. Rule Civ. P. 26 disclosures. Plaintiffs obtained the records from third parties that communicated with Defendants about suspicious or illegal robocall traffic transited on Avid's network. Those records speak for themselves and are equally available to Defendants. Plaintiffs object to Defendants seeking testimony or information as to Plaintiffs' mental impressions of the facts stated in those records. Plaintiffs further object to Defendants seeking testimony or information as to the manner in which Plaintiffs conducted their investigations, reviewed, analyzed, verified or determined which facts would be included in the Complaint, consulted decision makers within Plaintiffs' respective offices and/or consulted with counsel from other Plaintiff States. Plaintiffs believe those lines of inquiry are protected by the attorney-client privilege, the work-product doctrine, common interest privilege, law enforcement investigative privilege and/or any other applicable privilege, immunity or protection.

Additionally, the facts are supported by records of the same nature in Defendants' possession, custody or control.

**6.    Facts supporting the allegation that Lansky should have known that Lansky knew that the calls transited by Avid Telecom were illegal robocalls.**

**Response:**

Plaintiffs object to this topic as unduly burdensome, cumulative, duplicative and/or not proportional to the needs of the litigation. The factual allegation is supported by records Plaintiffs already produced in response to written discovery demands or Fed. Rule Civ. P. 26 disclosures.  Plaintiffs obtained the records from third parties that communicated with Defendants about suspicious or illegal robocall traffic transited on Avid's network.  Those records speak for themselves and are equally available to Defendants.  Plaintiffs object to Defendants seeking testimony or information as to Plaintiffs' mental impressions of the facts stated in those records. Plaintiffs further object to Defendants seeking testimony or information as to the manner in which Plaintiffs conducted their investigations, reviewed, analyzed, verified or determined which facts would be included in the Complaint, consulted decision makers within Plaintiffs' respective offices and/or consulted with counsel from other Plaintiff States. Plaintiffs believe those lines of inquiry are protected by the attorney-client privilege, the work-product doctrine, common interest privilege, law enforcement investigative privilege and/or any other applicable privilege, immunity or protection.

Additionally, the facts are supported by records of the same nature in Defendants' possession, custody or control.

**7.    Facts supporting the allegation that Reeves knew that the calls transited by Avid Telecom were illegal robocalls.**

**Response:**

Plaintiffs object to this topic as unduly burdensome, cumulative, duplicative and/or not proportional to the needs of the litigation. The factual allegation is supported by records Plaintiffs already produced in response to written discovery demands or Fed. Rule Civ. P. 26 disclosures.  Plaintiffs obtained the records from third parties that communicated with Defendants about suspicious or illegal robocall traffic transited on Avid's network.  Those records speak for themselves and are equally available to Defendants.  Plaintiffs object to Defendants seeking testimony or information as to Plaintiffs' mental impressions of the facts stated in those records. Plaintiffs further object to Defendants seeking testimony or information as to the manner in which Plaintiffs conducted their investigations, reviewed, analyzed, verified or determined which facts would be included in the Complaint, consulted decision makers within Plaintiffs' respective offices and/or consulted with counsel from other Plaintiff States. Plaintiffs believe those lines of inquiry are protected by the attorney-

client privilege, the work-product doctrine, common interest privilege, law enforcement investigative privilege and/or any other applicable privilege, immunity or protection.

Additionally, the facts are supported by records of the same nature in Defendants' possession, custody or control.

**8.    Facts supporting the allegation that Reeves should have known that the calls transited by Avid Telecom were illegal robocalls.**

**Response:**

Plaintiffs object to this topic as unduly burdensome, cumulative, duplicative and/or not proportional to the needs of the litigation. The factual allegation is supported by records Plaintiffs already produced in response to written discovery demands or Fed. Rule Civ. P. 26 disclosures.  Plaintiffs obtained the records from third parties that communicated with Defendants about suspicious or illegal robocall traffic transited on Avid's network.  Those records speak for themselves and are equally available to Defendants.  Plaintiffs object to Defendants seeking testimony or information as to Plaintiffs' mental impressions of the facts stated in those records. Plaintiffs further object to Defendants seeking testimony or information as to the manner in which Plaintiffs conducted their investigations, reviewed, analyzed, verified or determined which facts would be included in the Complaint, consulted decision makers within Plaintiffs' respective offices and/or consulted with counsel from other Plaintiff States. Plaintiffs believe those lines of inquiry are protected by the attorney-client privilege, the work-product doctrine, common interest privilege, law enforcement investigative privilege and/or any other applicable privilege, immunity or protection.

Additionally, the facts are supported by records of the same nature in Defendants' possession, custody or control.

**9.    Facts supporting the allegation that each of the individual calls referenced in the subparagraph of paragraph 89 of the complaint on whose behalf the witness is appearing contained a pre-recorded message.**

**Response:**

Plaintiffs object to this topic as unduly burdensome, cumulative, duplicative and/or not proportional to the needs of the litigation. The information sought was derived from a preliminary call analysis provided by Plaintiffs' Expert Witness, YouMail. Information on the content of the calls has since been updated and has been incorporated into the Expert's report which has already been produced along with the supporting data files. To the extent that Defendants seek further information regarding the contents of the Expert Report, Defendants should seek that information in a deposition of the expert witness.

**10.     Facts supporting the allegation that each of the individual calls referenced in the subparagraph of paragraph 89 of the complaint on whose behalf the witness is appearing contained a commercial message.**

**Response:**

Plaintiffs object to this topic as unduly burdensome, cumulative, duplicative and/or not proportional to the needs of the litigation. The information sought was derived from a preliminary call analysis provided by Plaintiffs' Expert Witness, YouMail. Information on the content of the calls has since been updated and has been incorporated into the Expert's report which has already been produced along with the supporting data files. To the extent that Defendants seek further information regarding the contents of the Expert Report, Defendants should seek that information in a deposition of the expert witness.

**11.     Facts supporting the allegation that each of the individual calls referenced in the subparagraph of paragraph 89 of the complaint on whose behalf the witness is appearing originated from a predictive dialer (or a similar device).**

**Response:**

Plaintiffs object to this topic on the basis of relevance as the Complaint does not allege that each of the individual calls referenced in paragraph 89 of the Complaint originated from a predictive dialer.

Plaintiffs have already responded as to the irrelevance of this topic to all of the federal claims and the majority of the state claims.  The inclusion of this topic on all of the deposition notices issued on January 22, 2026 further illustrates that Defendants have not thoroughly reviewed discovery responses already in their possession, yet continue to seek duplicative, cumulative and nonrelevant information and in this instance, via overly burdensome deposition testimony, further information.

**12.     Facts supporting the allegation that Avid Telecom did not block any illegal robocalls.**

**Response:**

Plaintiffs object to this topic on the basis of relevance as the Complaint does not allege this fact.

**13.     The identity of the person(s) who reviewed the complaint, including the portions setting forth claims arising under federal law, to confirm that: (i) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (ii) the factual contentions have evidentiary support; and (iii) the complaint is not being presented for any improper purpose, such as to harass and/or or needlessly increase the cost of litigation.**

**Response:**

Plaintiffs' Complaint already provides the identity of the attorney(s) of record who certified by virtue of their signature on the Complaint that they met the standards set forth in Rule 11 which are set forth in this topic.  To the extent that Defendants seek further information as to all staff who reviewed the Complaint, Plaintiffs object to the request as not relevant to any claim or defense in this case.

Although this topic is worded as only seeking the *identity* of a person, Defense Counsel has been very clear about the intention to seek testimony and information as to steps taken by counsel to review or "verify" each factual allegation in the Complaint under the standard reference in this topic. It is unclear why this is drafted inconsistently with Defense Counsel's other representations.  Plaintiffs object to this topic or any other topics to the extent that Defendants intend to pursue this line of inquiry, as it is not relevant to any claims or defenses asserted in this case, nor is it tailored to seek information which will prove or disprove the factual allegations of the complaint. Rather, this topic seeks information on how Plaintiffs conducted their investigations. This topic was included in Defendants' April 2025, deposition notice. Plaintiffs believe this topic was properly excluded by the Court in its October 24, 2025 Order (Dkt. 170).

Sincerely,

Erin B. Leahy
Senior Assistant Attorney General
Consumer Protection Section
Office of Ohio Attorney General Dave Yost
Office number: 614-752-4730
Erin.Leahy@OhioAGO.gov

# Exhibit U

KRISTIN K. MAYES
Attorney General of Arizona
(Firm State Bar No. 14000)
John Raymond Dillon IV (AZ No. 036796)
Laura Dilweg (AZ No. 036066)
Alyse C. Meislik (AZ Bar No. 024052)
Dylan Jones (AZ Bar No. 034185)
Sarah Pelton (AZ Bar No. 039633)
Office of the Arizona Attorney General
2005 North Central Avenue
Phoenix, AZ 85004
Phone:   (602) 542-3725
Fax:       (602) 542-4377
consumer@azag.gov
*Counsel for Plaintiff State of Arizona*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

State of Arizona, *ex rel*. Kristin K. Mayes, Attorney General, *et al.*,

Plaintiffs,

v.

Michael D. Lansky, L.L.C., dba Avid Telecom; *et al.*,

Defendants.

No.:  4:23-cv-00233-TUC-CKJ

**PLAINTIFF STATES' RESPONSE TO DEFENDANTS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

1   **PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' SECOND**
2   **SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

3      Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs, by
4   their counsel, hereby submit their responses and objections to Defendants' Second Set of
5   Requests for Production of Documents (the "Requests" or individually, "Request"), dated
6   July 25, 2025.

7   **PRELIMINARY STATEMENT**

8      Plaintiffs' responses are made without waiving, in any way, the right to object on any
9   basis permitted by law to any other discovery request or proceeding involving or relating to
10  the subject matter of these responses. By making these responses, Plaintiffs do not concede
11  that the documents or data sought are relevant and proportional to the needs of the case.
12  Moreover, the fact that Plaintiffs have responded to any document or data request is not
13  intended to be, and shall not be, construed as a waiver of all or part of any objection to any
14  request. Plaintiffs' production of documents or data in response to any request is not
15  intended to be, and shall not be, construed as a waiver of any objection to the admissibility
16  and use of these documents or data in trial, any other court proceeding arbitration,
17  mediation, or other alternative dispute resolution in this or any other action.

18     The responses set forth below are provided without prejudice to Plaintiffs' right to
19  amend these responses if additional documents or data come to its attention. This
20  reservation, however, is not to be construed as an undertaking by Plaintiffs of an affirmative
21  duty to alter, supplement, amend, or otherwise modify these responses and objections in any
22  manner, at any time, except as otherwise required by law.

23  **GENERAL OBJECTIONS**

24     These General Objections shall be, and hereby are, incorporated by reference into
25  each Specific Objection and response below as though set forth fully therein.

26     1.    Plaintiffs object to the Requests, definitions provided in the Requests (the
27  "Definitions"), and instructions provided in the Requests (the "Instructions"), to the extent
28  they seek to impose obligations that exceed or differ from those required by the Federal

Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Arizona, orders of the Court, or any other applicable law, rule, or orders (collectively, "Applicable Law"). For the avoidance of doubt, Plaintiffs specifically preserve, and do not waive, any objections they may have based on the ESI Protocol and Protective Order, including to the extent that Requests seek to impose obligations that exceed or differ from those required by such Protocol and Order, including with respect to any obligations to preserve or produce electronically-stored information ("ESI").

2.      Plaintiffs object to the Requests, Definitions, and Instructions, to the extent they seek information that is unreasonably cumulative or duplicative, is not relevant to any claims in the above-captioned action (the "Action") and not proportional to the needs of this Action, are already in Defendants' possession, are publicly available, and/or can be obtained from some other source that is more convenient, less burdensome, or less expensive. Plaintiffs' responses to the Requests are made expressly subject to, and without waiving or intending to waive, any questions or objections as to competence, relevance, materiality, privilege, or other questions concerning admissibility in any proceeding.

3.      Plaintiffs object to the Requests, Definitions, and Instructions, to the extent they are vague, ambiguous, and/or fail to describe the information sought with the required particularity such that Plaintiffs cannot respond.

4.      Plaintiffs object to the Requests, Definitions, and Instructions, to the extent they are overbroad, unduly burdensome, and inconsistent with the Federal Rules of Civil Procedure.

5.      Plaintiffs object to the Requests, Definitions, and Instructions, to the extent they are duplicative of requests already propounded by Defendants, and documents already searched and produced by Plaintiffs in this Action.

6.      Plaintiffs object to the Requests to the extent that they seek the production of "any" or "all" documents or data concerning a particular topic or topics when less than "any" or "all" documents or data are necessary and material to the claims in this Action. Such Requests are overly broad, unduly burdensome, and/or seek documents or data the

production of which is not proportional to the needs of the case, and impose burdens different from or in addition to those permitted under Applicable Law.

7.      Plaintiffs object to the Requests, Definitions, and Instructions, to the extent they purport to impose an obligation on Plaintiffs to conduct anything beyond a reasonable and diligent search of readily accessible files (including electronic files) where responsive documents reasonably would be expected to be found. Any Requests that seek to require Plaintiffs to go beyond such a search are overbroad and unduly burdensome.

8.      Plaintiffs object to the Requests, Definitions, and Instructions to the extent that they seek documents or information not in Plaintiffs' possession, custody, or control.

9.      Plaintiffs object to the Requests to the extent that they seek the disclosure of documents or data that are a matter of public record, are equally available to the Defendants, or are already in the Defendants' possession, custody, or control because those Requests are unduly burdensome.

10.      Plaintiffs object to the Requests, Definitions, and Instructions to the extent that they seek documents or information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense or common interest doctrine, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. To the extent that any Request seeks privileged or protected information, Plaintiffs will not knowingly provide it. Any inadvertent disclosure of privileged or protected documents or information shall not constitute a waiver of any such privilege, protection, doctrine, or immunity. Moreover, to the extent Plaintiffs inadvertently provide information protected from disclosure, Plaintiffs do not waive their rights, pursuant to Applicable Law, including Federal Rule of Evidence 502, to assert those privileges, protections, and/or objections to disclosure and to seek the prompt return of any such information.

11.      Plaintiffs object to the Requests to the extent that they assume facts not in evidence and to the extent that they state or assume legal conclusions. By providing these objections and responses, Plaintiffs do not admit the factual or legal premise of any of the

1    Requests.

2         12.    Plaintiffs object to the Requests, Definitions, and Instructions to the extent

3    they seek the disclosure of information that would violate a confidentiality agreement, court

4    order, or any other agreement between Plaintiffs and any individual or entity.

5         13.    Any response or objection to any Request, including a response that Plaintiffs

6    will search for documents, does not constitute a representation that responsive documents

7    exist; that responsive documents are in the possession, custody, or control of Plaintiffs; or

8    that Plaintiffs will search all files maintained by any person; but only that responsive, non-

9    privileged documents, if any, will be produced if they exist and can be located with a

10   reasonable and diligent search of readily accessible files, including central repositories,

11   where responsive documents reasonably would be expected to be found, and are not

12   otherwise protected from disclosure.

13        14.    By agreeing to search for documents, Plaintiffs do not concede that any

14   Request seeks information that is relevant to a claim or defense in this Action, nor that the

15   Request seeks information that is proportional to the needs of this Action. Plaintiffs

16   expressly reserve all further objections as to the admissibility of the information provided,

17   including at trial, as well as the right to object to further discovery relating to the subject

18   matter of any information provided.

19        15.    The failure to object on any particular ground or grounds shall not be

20   construed as a waiver of Plaintiffs' right to object on any additional ground(s). Plaintiffs

21   reserve the right to amend or supplement these objections at a later time as discovery

22   develops.

23        The General Objections set forth above apply to the Requests generally and to the

24   Definitions, Instructions, and the individual Requests set forth therein. Unless otherwise

25   stated, the General Objections shall have the same force and effect as if set forth in full in

26   response to each Definition, Instruction, and Request. Any undertaking to search for or

27   provide information or documents in response to any Request remains subject to the General

28   Objections. The responses set forth below are provided without prejudice to Plaintiffs' rights

to amend these responses if additional documents or data come to their attention. This reservation, however, is not to be construed as an undertaking by Plaintiffs of an affirmative duty to alter, supplement, amend, or otherwise modify these responses and objections in any manner, at any time, except as otherwise required by law.

## PLAINTIFFS' SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR DOCUMENTS

54.     Please produce all Documents, including without limitation, the notification Document itself, that refer to or relate to, support or refute the allegation in Paragraph 4 of the Complaint, that Plaintiffs "notified the Federal Trade Commission ("FTC") of this civil action prior to instituting such action, as required by 15 U.S.C. § 6103(b)."

**RESPONSE:**

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

55.     Please produce all Documents that constitute written notice to each Defendant that Plaintiffs had "notified the Federal Trade Commission ("FTC") of this civil action prior to instituting such action, as required by 15 U.S.C. § 6103(b)."

**RESPONSE:** Plaintiffs object on the grounds that there is no general/specific requirements to provide any type of notice to Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the responding Plaintiffs respond that there are no responsive documents.

56.     Please produce all Documents, including without limitation, the notification Document itself, that refer to or relate to, support or refute the allegation in Paragraph 5 of

1   the Complaint, that Plaintiffs "notified the Federal Communications Commission ("FCC")

2   of this civil action prior to instituting such action, as required by 47 U.S.C. §§ 227(e)(6)(B)

3   and (g)(3)."

4   **RESPONSE:**

5   Subject to and without waiving the general objections, the Plaintiffs will produce non-

6   privileged, non-duplicative, and relevant responsive documents that have not been

7   previously produced or filed with the District Court and that can be located through a

8   reasonable search of the documents in their possession, custody, or control.

9

10      57.     Please produce all Documents that constitute written notice to each

11  Defendant that Plaintiffs had "notified the Federal Communications Commission ("FCC")

12  of this civil action prior to instituting such action, as required by 47 U.S.C. §§ 227(e)(6)(B)

13  and (g)(3)."

14  **RESPONSE:**  Plaintiffs object on the grounds that there is no general/specific requirements

15  to provide any type of notice to Defendants. Subject to and without waiving the Preliminary

16  Statement, General Objections, and specific objections, the responding Plaintiffs state that

17  there are no responsive documents.

18

19      58.     Please produce all Documents, including without limitation, the notification

20  Document itself, that refer to or relate to, support or refute the allegation in Paragraph 6 of

21  the Complaint, that the Plaintiffs are the chief legal officers for their respective states and

22  commonwealths and whether they have the authority to participate in the instant complaint

23  and/or whether their participation is appropriate under applicable state laws and/or

24  regulations and applicable ethical standards.

25  **RESPONSE:**

26  Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it

27  seeks documents and information equally available to Defendants, including publicly

28  available documents and information, since, under Rule 26(b)(1), such information is

obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Plaintiffs object to this request as unintelligible as there is no notification document mentioned in Paragraph 6 of the Complaint.

Plaintiffs object to the Request as vague and ambiguous as to what Document Defendants seek.

Plaintiffs object to the Request to the extent that it seeks to have Plaintiffs to undertake legal research for Defendants or analyze or organize factual evidence for Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, Plaintiffs respond that there are no responsive documents.

59.    Please produce all Documents, including without limitation, the notification Document itself, that refer to or relate to, support or refute the allegation in Paragraph 6 of the Complaint, that Plaintiffs brought this action "in the public interest."

**RESPONSE:**

Plaintiffs object to this request as unintelligible as there is no notification document mentioned in Paragraph 6 of the Complaint.

Plaintiffs object to the Request as vague and ambiguous as to the Document Defendants seek.

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation.

Subject to and without waiving the General Objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

1

2

3     60.     Please produce Documents sufficient to identify each consumer protection,

4    business regulation, and/or telemarketing authority conferred by each state statutes and/or

5    pursuant to the doctrine of *parens patriae* and/or common law authority, referenced in

6    Paragraph 6 of the Complaint.

7    **RESPONSE:**

8

9    Plaintiffs object to the Request as it requires Plaintiffs to undertake legal research for

10    Defendants analyzing consumer protections laws and provide them with said research.

11    Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that

12    it seeks information equally available to Defendants, including in the Complaint itself.

13    Subject to and without waiving the Preliminary Statement, General Objections, and

14    specific objections, Plaintiffs state that there are no responsive documents.

15

16     61.     Please produce for each of the Plaintiff states, all Documents that refer to or

17    relate to, support or refute the allegation in Paragraph 12 of the Complaint, that "at all

18    relevant times to this Complaint, Avid Telecom was engaged in trade or commerce within

19    the scope of the statutes enforced by Plaintiffs and transacted business by routing telephone

20    calls to each of the Plaintiff's jurisdictions."

21    **RESPONSE:**

22    Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or

23    organize factual evidence for the Defendants or the extent that it asks for a compilation,

24    summary or analysis of documents or information not in existence. Plaintiffs object to this

25    request for production to the extent that the Request seeks Documents already in the

26    custody or control of the Defendants. The Plaintiffs further object to this Request to the

27    extent that it calls for information or analysis that is not yet complete and that is information

28    that is properly the subject of expert discovery. The disclosure and production of expert

1   reports and other expert-related materials will occur in accordance with Rule 26 and the

2   dates set forth in the Case Management Scheduling Order (ECF No. 102).

3

4        62.    Please produce all Documents that refer to or relate to, support or refute the

5   allegation in Paragraph 13 of the Complaint, that Defendant Lansky has "formulated,

6   directed, controlled, had the authority to control, or participated in many of the acts or

7   practices of Avid Telecom set forth in this Complaint."

8   **RESPONSE** Plaintiffs object to this request for production to the extent that the Request

9   seeks Documents already in the custody or control of the Defendants. Specifically,

10  **declarations** Defendants submitted in support of Reeves's Motion to Dismiss (Docs. 29-3

11  and 39-3) of this action.

12

13  Plaintiffs object to this request for production on the grounds that it is overbroad, unduly

14  burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the

15  litigation.

16  Subject to and without waiving the general objections, the Plaintiffs will produce non-

17  privileged, non-duplicative, and relevant responsive documents that have not been

18  previously produced or filed with the District Court and that can be located through a

19  reasonable search of the documents in their possession, custody, or control.

20

21       63.    Please produce all Documents that refer to or relate to, support or refute the

22  allegation in Paragraph 14 of the Complaint, that Defendant Reeves "holds herself out as a

23  Vice President of Operations and Sales for Avid Telecom."

24  **RESPONSE:**

25  Plaintiffs object to this request for production to the extent that the Request seeks

26  Documents already in the custody or control of the Defendants. Specifically, declarations

27  Defendants submitted in support of Defendant Reeves's Motion to Dismiss (Docs. 29-3

28  and 39-3) of this action.

1    Plaintiffs object to this request for production on the grounds that it is overbroad, unduly

2    burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the

3    litigation

4    Subject to and without waiving the general objections, the Plaintiffs will produce non-

5    privileged, non-duplicative, and relevant responsive documents that have not been

6    previously produced or filed with the District Court and that can be located through a

7    reasonable search of the documents in their possession, custody, or control.

8

9        64.     Please produce all Documents that refer to or relate to, support or refute the

10   allegation in Paragraph 14 of the Complaint, that Defendant Reeves "formulated, directed,

11   controlled, had the authority to control, or participated in the acts or practices of Avid

12   Telecom as set forth in this Complaint."

13   **RESPONSE:**

14   Plaintiffs object to this request for production to the extent that the Request seeks

15   Documents already in the custody or control of the Defendants. Specifically,  declarations

16   Defendants submitted in support of Reeves's Motion to Dismiss (Docs. 29-3 and 39-3) of

17   this action.

18   Plaintiffs object to this request for production on the grounds that it is overbroad, unduly

19   burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the

20   litigation.

21   Subject to and without waiving the general objections, the Plaintiffs will produce non-

22   privileged, non-duplicative, and relevant responsive documents that have not been

23   previously produced or filed with the District Court and that can be located through a

24   reasonable search of the documents in their possession, custody, or control.

25

26

27

28

65.     Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 15 of the Complaint that "Defendants Lansky and Reeves transacted business in this District through Avid Telecom and in their individual capacities."

**RESPONSE:**

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

66.     Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 17 of the Complaint that Avid Telecom "does business in all U.S. states and territories."

**RESPONSE:**

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation.

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a

1  reasonable search of the documents in their possession, custody, or control.

2

3      67.    Please produce all Documents, including without limitation, Call Detail and

4  switch records, that refer to or relate to, support or refute the allegation in Paragraph 18 of

5  the Complaint that Avid Telecom "uses broadband internet technology to route its

6  customers' calls into, and throughout, the U.S. telephone network." The production must

7  include Documents that specifically show that Avid Telecom used broadband internet

8  technology to route its customers' calls *into each Plaintiff state*."

9  **RESPONSE:**

10  Plaintiffs object to this request for production to the extent that the Request seeks

11  documents already in the custody or control of the Defendants.

12

13  Subject to and without waiving the general objections, the Plaintiffs will produce non-

14  privileged, non-duplicative, and relevant responsive documents that have not been

15  previously produced or filed with the District Court and that can be located through a

16  reasonable search of the documents in their possession, custody, or control.

17

18      68.    Please produce all Documents, including without limitation, Call Detail and

19  switch records, that refer to or relate to, support or refute the allegation that any Defendant

20  has physical presence other than in the State of Arizona.

21  **RESPONSE:**

22  Plaintiffs object to this request for production on the grounds that it is overbroad, unduly

23  burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the

24  litigation

25

26  Plaintiffs object to this request for production to the extent that the Request seeks

27  documents already in the custody or control of the Defendants.

28

1  Plaintiffs object to the term "refers to or relates to" as overly broad and unduly

2  burdensome, as it purports to call for information that is not relevant to any claim or

3  defense in this matter or reasonably calculated to lead to the discovery of admissible

4  evidence. Plaintiffs define "relating to" to mean "directly concerning."

5  Subject to and without waiving the general objections, the Plaintiffs will produce non-

6  privileged, non-duplicative, and relevant responsive documents that have not been

7  previously produced or filed with the District Court and that can be located through a

8  reasonable search of the documents in their possession, custody, or control.

9

10       69.    Please produce all Documents that refer to or relate to, support or refute the

11  allegation in Paragraph 19 of the Complaint that Avid Telecom transited calls which

12  included the statement telling a consumer "Social Security Number has been used for some kind

13  of fraudulent activity in the South Border of Texas."

14  **RESPONSE:**

15  Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly

16  burdensome.

17  Plaintiffs object to this request for production on the grounds that it is interposed for an

18  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

19  the cost of the litigation.

20  Plaintiffs object to this request for production to the extent that the Request seeks

21  documents already in the custody or control of the Defendants.

22  Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that

23  it seeks documents and information equally available to Defendants.

24  Subject to and without waiving the general objections, the Plaintiffs will produce non-

25  privileged, non-duplicative, and relevant responsive documents that have not been

26  previously produced or filed with the District Court and that can be located through a

27  reasonable search of the documents in their possession, custody, or control.

28       70.    Please produce all Documents that refer to or relate to, support or refute the

allegation in Paragraph 19 of the Complaint that Avid Telecom transited calls which included a message that "SSA department is filing a lawsuit against you."

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

71.    Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 19 of the Complaint that Avid Telecom transited calls which included a message that "An arrest warrant has been released on your name."

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

72.    Please produce all Documents that refer to or relate to, support or refute the

1 allegation in Paragraph 19 of the Complaint that Avid Telecom transited calls which

2 included a message that "purport[ed] to be from Amazon, luring the call recipient into a

3 scam."

4 **RESPONSE:**

5

6 Plaintiffs object to this request for production to the extent that the Request seeks

7 documents already in the custody or control of the Defendants.

8 Plaintiffs object to this request for production on the grounds that it is overbroad, unduly

9 burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the

10 litigation.

11 Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that

12 it seeks documents and information equally available to Defendants.

13 Subject to and without waiving the general objections, the Plaintiffs will produce non-

14 privileged, non-duplicative, and relevant responsive documents that have not been

15 previously produced or filed with the District Court and that can be located through a

16 reasonable search of the documents in their possession, custody, or control.

17

18       73.    Please produce Documents sufficient to identify each and every "scam" into

19 which a called party who received a call transited by Avid Telecom was "lured."

20 **RESPONSE:**

21

22 Plaintiffs object to this request for production to the extent that the Request seeks

23 documents already in the custody or control of the Defendants.

24 Plaintiffs object to this request for production on the grounds that it is overbroad, unduly

25 burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the

26 litigation.

27 Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that

28 it seeks documents and information equally available to Defendants.

1   Plaintiffs object to the Request as vague and incomprehensible.

2   Subject to and without waiving the general objections, the Plaintiffs will produce non-

3   privileged, non-duplicative, and relevant responsive documents that have not been

4   previously produced or filed with the District Court and that can be located through a

5   reasonable search of the documents in their possession, custody, or control.

6

7        74.     Please produce all Documents that refer to or relate to, support or refute the

8   allegation that any Defendant has knowledge of or involvement in the selection of the

9   persons originating any call at issue in the Complaint.

10  **RESPONSE:**

11

12  Plaintiffs object to this request for production to the extent that the Request seeks

13  documents already in the custody or control of the Defendants. Furthermore, Plaintiffs

14  have requested them in their First Request for Production of Documents and, to date,

15  Defendants have not produced them.

16

17  Plaintiffs object to this request for production on the grounds that it is overbroad, unduly

18  burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the

19  litigation. Plaintiffs object to this request for production on the grounds that it is interposed

20  for an improper purpose, such as to harass or to cause unnecessary delay or needless

21  increase in the cost of the litigation.

22

23  Subject to and without waiving the general objections, the Plaintiffs will produce non-

24  privileged, non-duplicative, and relevant responsive documents that have not been

25  previously produced or filed with the District Court and that can be located through a

26  reasonable search of the documents in their possession, custody, or control.

27       75.     Please produce all Documents that refer to or relate to, support or refute the

28  allegation that the persons originating the calls at issue are Avid Telecom's "customers."

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

Plaintiffs object to this request for production on the grounds that it is unreasonably duplicative or cumulative.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

76.    Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 20 of the Complaint that Avid Telecom ever "initiated" a robocall. **RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to this request for production on the grounds that it is unreasonably duplicative or cumulative.

Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that it asks for a compilation,

1  summary or analysis of documents or information not in existence.

2

3  Subject to and without waiving the general objections, the Plaintiffs will produce non-

4  privileged, non-duplicative, and relevant responsive documents that have not been

5  previously produced or filed with the District Court and that can be located through a

6  reasonable search of the documents in their possession, custody, or control.

7

8      77.    Please produce all Documents, including without limitation an order or the

9  like issued by the Federal Communications Commission, the Federal Trade Commission

10  and/or any court with jurisdiction, that refer to or relate to, support or refute the allegation

11  in Paragraph 22 of the Complaint that the calls associated with each of the Avid 329

12  tracebacks from the Industry Traceback Group were *determined to be "illegal*."

13  **RESPONSE:**

14

15  Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that

16  it seeks documents and information equally available to Defendants, including publicly

17  available documents and information, since, under Rule 26(b)(1), such information is

18  obtainable from another source that is more convenient, less burdensome, and/or less

19  expensive.

20  Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or

21  organize factual evidence for the Defendants or the extent that it asks for a compilation,

22  summary or analysis of documents or information not in existence.

23  Subject to and without waiving the Preliminary Statement, General Objections, and

24  specific objections, Plaintiffs state that there are no responsive documents, and therefore

25  they are not withholding any documents.

26

27      78.    Please produce all Documents that refer to or relate to, support or refute the

28  allegation in Paragraph 23 of the Complaint that Defendants "chose profits over running a

1  business that conforms to state law."

2  **RESPONSE:**

3  Plaintiffs object to this request for production on the grounds that it is overbroad, unduly

4  burdensome, unreasonably cumulative or duplicative, harassing and/or not proportional to

5  the needs of the litigation.

6

7  Plaintiffs object to this request for production to the extent that the Request seeks

8  documents already in the custody or control of the Defendants.

9

10  Subject to and without waiving the general objections, the Plaintiffs will produce non-

11  privileged, non-duplicative, and relevant responsive documents that have not been

12  previously produced or filed with the District Court and that can be located through a

13  reasonable search of the documents in their possession, custody, or control.

14

15      79.     Please produce all Documents that refer to or relate to, support or refute the

16  allegation in Paragraph 23 of the Complaint that Defendants "did not implement effective

17  and meaningful procedures to prevent—or even significantly mitigate—the perpetration of

18  illegal behavior."

19  **RESPONSE:**

20

21  Plaintiffs object to this request for production on the grounds that it is overbroad, unduly

22  burdensome, unreasonably cumulative or duplicative, harassing and/or not proportional to

23  the needs of the litigation.

24

25  Plaintiffs object to this request for production to the extent that the Request seeks

26  documents already in the custody or control of the Defendants.

27

28  Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or

organize factual evidence for the Defendants or the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

80.    Please produce all Documents that refer to or relate to, support or refute the allegation Paragraph 24 of the Complaint that the 329 tracebacks "informed Avid Telecom that they were carrying illegal robocall traffic".

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, unreasonably cumulative or duplicative, harassing and/or not proportional to the needs of the litigation.

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

81.    Please produce all Documents that refer to or relate to, support or refute the allegation that the Industry Traceback Group ever told any Defendant that they had concluded that any of the 329 tracebacks were found to be "illegal robocall traffic".

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, unreasonably cumulative or duplicative, harassing and/or not proportional to the needs of the litigation.

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

82.    Please produce all Documents that refer to or relate to, support or refute the allegation Paragraph 25 of the Complaint that Defendants were "on notice, through tracebacks" that Avid Telecom's network was being used by telemarketers or sellers to send "illegal" robocalls.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, unreasonably cumulative or duplicative, harassing and/or not proportional to

1   the needs of the litigation

2

3   Plaintiffs object to this request for production to the extent that the Request seeks

4   documents already in the custody or control of the Defendants.

5

6   Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or

7   organize factual evidence for the Defendants or the extent that it asks for a compilation,

8   summary or analysis of documents or information not in existence.

9

10  Subject to and without waiving the general objections, the Plaintiffs will produce non-

11  privileged, non-duplicative, and relevant responsive documents that have not been

12  previously produced or filed with the District Court and that can be located through a

13  reasonable search of the documents in their possession, custody, or control.

14

15      83.    Please produce all Documents that refer to or relate to, support or refute the

16  allegation that all calls associated with a traceback is an "illegal" robocall.

17  **RESPONSE:**

18

19  Plaintiffs object to this request for production on the grounds that it is overbroad, unduly

20  burdensome, unreasonably cumulative or duplicative, harassing and/or not proportional to

21  the needs of the litigation

22

23  Plaintiffs object to this request for production to the extent that the Request seeks

24  documents already in the custody or control of the Defendants.

25

26  Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or

27  organize factual evidence for the Defendants or the extent that it asks for a compilation,

28  summary or analysis of documents or information not in existence.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

84.    Please produce all Documents that refer to or relate to, support or refute the allegation Paragraph 26 of the Complaint that they "have been on notice about this illegal call traffic for many years."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, unreasonably cumulative or duplicative, harassing and/or not proportional to the needs of the litigation

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

85.     Please produce all Documents that refer to or relate to, support or refute the allegation Paragraph 27 of the Complaint that each Defendant "knew or consciously avoided knowing that telemarketers or sellers were transmitting robocalls across Avid Telecom's services to send call traffic that violated federal and state laws."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, unreasonably cumulative or duplicative, harassing and/or not proportional to the needs of the litigation

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

86.     Please produce all Documents that refer to or relate to, support or refute the allegation Paragraph 28 of the Complaint that each Defendant "provided substantial assistance to robocallers and facilitated the transmission and eventual delivery of millions of prerecorded telephone calls to residents in the Plaintiffs' respective jurisdictions."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly

burdensome, unreasonably cumulative or duplicative, harassing and/or not proportional to the needs of the litigation

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

87.    Please produce all Documents that refer to or relate to, support or refute the allegation Paragraph 29 of the Complaint that Defendants did not have "the prior express consent of the called parties."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, unreasonably cumulative or duplicative, harassing and/or not proportional to the needs of the litigation

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been

previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

88.    Please produce all Documents sufficient to identify each of the "telemarketers" described in Paragraph 30 of the Complaint.

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

89.    Please produce all Documents sufficient to identify each of the "telemarketers and/or sellers" described in Paragraph 30 of the Complaint.

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

1

2  Subject to and without waiving the general objections, the Plaintiffs will produce non-

3  privileged, non-duplicative, and relevant responsive documents that have not been

4  previously produced or filed with the District Court and that can be located through a

5  reasonable search of the documents in their possession, custody, or control.

6

7      90.    Please produce all Documents that refer to or relate to, support or refute the

8  allegation Paragraph 33 of the Complaint that Defendants allegedly "facilitated the

9  transmission of robocall campaigns" in each of the manners alleged in the each of the

10  enumerated (a-g) sub-paragraphs.

11  **RESPONSE:**

12  Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of

13  the phrase "refer to or relate to, support or refute the allegation" is unclear.

14

15  Plaintiffs object to the Request as it calls for legal conclusions and seeks to have Plaintiffs

16  undertake legal research for Defendants, applying facts to the law for Defendants. Plaintiff

17  further objects to this request for production on the grounds it seeks information and

18  testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

19

20      91.    Please produce all Documents that refer to or relate to, support or refute the

21  allegation Paragraph 34 of the Complaint that Defendants "provided services customized to

22  the needs of robocalling customers by enabling them to place a high volume of calls in quick

23  succession, billing only for the duration of completed calls—typically in as little as 6-second

24  increments—and ignoring clear indicia of illegal call traffic."

25  **RESPONSE:**

26  Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of

27  the phrase "refer to or relate to, support or refute the allegation" is unclear.

28

1   Plaintiffs object to the Request as it calls for legal conclusions and seeks to have Plaintiffs

2   undertake legal research for Defendants, applying facts to the law for Defendants. Plaintiff

3   further objects to this request for production on the grounds it seeks information and

4   testimony regarding legal theories, analyses, and conclusions instead of fact

5   testimony.laintiffs object to the Request on the grounds that these documents are in

6   Defendants' possession or control, have been requested by Plaintiffs and, to date,

7   Defendants have not produced them.

8

9       92.    Please produce all Documents that refer to or relate to, support or refute the

10  allegation Paragraph 35 of the Complaint that "Defendants provided their customers with

11  Direct Inward Dialing numbers ("DIDs")."

12  **RESPONSE:**

13  Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of

14  the phrase "refer to or relate to, support or refute the allegation" is unclear.

15

16  Plaintiffs object to the Request as it calls for legal conclusions and seeks to have Plaintiffs

17  undertake legal research for Defendants, applying facts to the law for Defendants. Plaintiff

18  further objects to this request for production on the grounds it seeks information and

19  testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

20  Plaintiffs object to the Request on the grounds that these documents are in Defendants'
    possession or control. Further, they have been requested by Plaintiffs and, to date,

21  Defendants have not produced them.

22

23

24      93.    Please produce all Documents sufficient to identify each instance, as alleged

25  in Paragraph 36 of the Complaint, that the delivery of DIDs by Avid Telecom actually

26  "circumvent[ed] the procedural guardrails of the caller authentication framework of

27  STIR/SHAKEN."

28  **RESPONSE:**

1    Plaintiffs object to this request for production on the grounds that it is overbroad, unduly

2    burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the

3    litigation

4    The Plaintiffs further object to this Request to the extent that it calls for information or

5    analysis that is not yet complete and that is information that is properly the subject of

6    expert discovery. The disclosure and production of expert reports and other expert-related

7    materials will occur in accordance with Rule 26 and the dates set forth in the Case

8    Management Scheduling Order (ECF No. 102).

9

10   Plaintiffs object to the Request on the grounds that these documents are in Defendants'

11   possession or control. Further, they have been requested by Plaintiffs and, to date,

12   Defendants have not produced them.

13

14   Plaintiffs object to the Request as it calls for legal conclusions and seeks to have Plaintiffs

15   undertake legal research for Defendants, applying facts to the law for Defendants. Plaintiff

16   further objects to this request for production on the grounds it seeks information and

17   testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

18

19   Subject to and without waiving the general objections, the Plaintiffs will produce non-

20   privileged, non-duplicative, and relevant responsive documents that have not been

21   previously produced or filed with the District Court and that can be located through a

22   reasonable search of the documents in their possession, custody, or control.

23

24        94.    Please produce all Documents sufficient to identify each instance, as alleged

25   in Paragraph 37 of the Complaint, that Defendants "have quick and inexpensive access to

26   millions of DIDs that they sell or lease to their customers."

27   **RESPONSE**:

28   Plaintiffs object to this request for production on the grounds that it is interposed for an

improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation, as a specific citation is included in the Complaint.

Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants.

95.     Please produce all Documents that refer to or relate to, support or refute the allegation Paragraph 38 of the Complaint that Defendants "sold DIDs in bulk and were capable of providing DIDs for telephone numbers from every area code in the United States."

**RESPONSE:**

Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control. Further, they have been requested by Plaintiffs and, to date, Defendants have not produced them.

Plaintiffs object to the Request as it calls for legal conclusions and seeks to have Plaintiffs undertake legal research for Defendants, applying facts to the law for Defendants.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

96.     Please produce all Documents that refer to or relate to, support or refute the

allegation Paragraph 40 of the Complaint they "used DIDs for 'neighbor' spoofing and/or 'snowshoe' spoofing."

**RESPONSE:**

The Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102).   Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control. Further, they have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

97.    Please produce all Documents that refer to or relate to, support or refute the allegation Paragraph 41 of the Complaint Defendants "provided or sold data in the form of call recipient phone numbers to their customers to use as 'leads' in their customers' telemarketing campaigns."

**RESPONSE:**

Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control. Further, they have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a

1  reasonable search of the documents in their possession, custody, or control.

2

3      98.    Please produce all Documents that refer to or relate to, support or refute the

4  allegation Paragraph 42 of the Complaint that Defendants provided formal or informal

5  "consulting services concerning how to effectively conduct robocalling operations to any

6  third party, including a 'known robocaller'".

7  **RESPONSE:**

8  Plaintiffs object to the Request on the grounds that these documents are in Defendants'

9  possession or control. Further, they have been requested by Plaintiffs and, to date,

10  Defendants have not produced them.

11

12  Subject to and without waiving the general objections, the Plaintiffs will produce non-

13  privileged, non-duplicative, and relevant responsive documents that have not been

14  previously produced or filed with the District Court and that can be located through a

15  reasonable search of the documents in their possession, custody, or control.

16

17      99.    Please produce all Documents that refer to or relate to, support or refute the

18  allegation Paragraph 43 of the Complaint that Defendants "actively participated in the

19  initiation of, or assisted and facilitated in the initiation of, *illegal* robocalls." (Emphasis

20  added.)

21  **RESPONSE:**

22  Plaintiffs object to the Request on the grounds that these documents are in Defendants'

23  possession or control. Further, they have been requested by Plaintiffs and, to date,

24  Defendants have not produced them.

25

26

27  Plaintiffs object to the Request as it calls for legal conclusions and seeks to have Plaintiffs

28  undertake legal research for Defendants, applying facts to the law for Defendants. Plaintiff

1  further objects to this request for production on the grounds it seeks information and

2  testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

3

4  Subject to and without waiving the general objections, the Plaintiffs will produce non-

5  privileged, non-duplicative, and relevant responsive documents that have not been

6  previously produced or filed with the District Court and that can be located through a

7  reasonable search of the documents in their possession, custody, or control.

8

9      100.    Please produce all Documents that refer to or relate to, support or refute the

10  allegation Paragraph 44 of the Complaint that Defendants "assisted and facilitated telephone

11  calls that used neighbor spoofing."

12  **RESPONSE:**

13  The Plaintiffs object to this Request to the extent that it calls for information or analysis

14  that is not yet complete and that is information that is properly the subject of expert

15  discovery. The disclosure and production of expert reports and other expert-related

16  materials will occur in accordance with Rule 26 and the dates set forth in the Case

17  Management Scheduling Order (ECF No. 102).

18

19  Plaintiffs object to the Request on the grounds that these documents are in Defendants'

20  possession or control. Further, they have been requested by Plaintiffs and, to date,

21  Defendants have not produced them.

22  Plaintiffs object to the Request as it requires Plaintiffs to provide legal analysis to

23  Defendants.

24

25  Subject to and without waiving the general objections, the Plaintiffs will produce non-

26  privileged, non-duplicative, and relevant responsive documents that have not been

27  previously produced or filed with the District Court and that can be located through a

28  reasonable search of the documents in their possession, custody, or control.

101.    Please produce all Documents that refer to or relate to, support or refute the allegation Paragraph 45 of the Complaint that Defendants "knew or consciously avoided knowing they were routing illegal robocall traffic."

**RESPONSE:**

The Plaintiffs object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102).

Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control. Further, they have been requested by Plaintiffs and, to date, Defendants have not produced them.

Plaintiffs object to the Request as it requires Plaintiffs to provide legal analysis to Defendants.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

102.    Please produce all Documents that refer to or relate to, support or refute the allegation Paragraph 46 of the Complaint that Defendants "provided substantial support and assisted sellers and telemarketers engaged in illegal robocalling," that they took "express steps to obscure the ownership of any of their customers from ITG or other thirdparties," that they "provid[ed] some customers with 'DID rotation support' so that the customer could circumvent and undermine consumer, law enforcement, and industry efforts to block and

mitigate illegal calls," that they "provid[ed] customers with leads and/or data used by their customers to make illegal calls to consumers in the Plaintiffs' respective jurisdictions," and that they "provid[ed] customers with expertise on how to most effectively and profitably run their illegal robocalling and telemarketing schemes."

**RESPONSE:**

Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control. Further, they have been requested by Plaintiffs and, to date, Defendants have not produced them.

The Plaintiffs object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102).

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

103.    Please produce all Documents that refer to or relate to, support or refute the allegation Paragraph 47 of the Complaint that Defendants knowingly provided "support, assistance, facilitation, and participation in the delivery of billions of illegal robocalls sent by, to, and through their network that allegedly reached millions of consumers across the United States."

**RESPONSE:**

Plaintiffs object to this request to the extent that it misstates the allegations Plaintiffs made

1  in the Complaint.

2

3  Plaintiffs object to this request for production on the grounds that it is interposed for an

4  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

5  the cost of the litigation.

6

7  Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of

8  the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are

9  also overly broad and unduly burdensome, to the extent that they call for information that

10  is not relevant to any claim or defense in this matter or reasonably calculated to lead to the

11  discovery of admissible evidence.

12  Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a

13  term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for

14  Defendants, or analyze or organize factual evidence for Defendants.

15

16  Plaintiffs object to the Request on the grounds that these documents are in Defendants'

17  possession or control. Further, they have been requested by Plaintiffs and, to date,

18  Defendants have not produced them.

19

20      104.    Please produce all Documents that refer to or relate to, support or refute the

21  allegation Paragraph 49 of the Complaint that "Avid Telecom provides services to retail

22  customers who are the originating callers that place robocall and telemarketing calls, as well

23  as wholesale customers who are other voice service providers that route and transmit

24  robocall and telemarketing calls."

25  **RESPONSE:**

26

27  Plaintiffs object to the Request on the grounds that these documents are in Defendants'

28  possession or control. Further, they have been requested by Plaintiffs and, to date,

1  Defendants have not produced them.

2

3  Subject to and without waiving the general objections, the Plaintiffs will produce non-

4  privileged, non-duplicative, and relevant responsive documents that have not been

5  previously produced or filed with the District Court and that can be located through a

6  reasonable search of the documents in their possession, custody, or control.

7

8      105.   Please produce all Documents that refer to or relate to, support or refute the

9  allegation Paragraph 50 of the Complaint that Avid Telecom's "position in the call paths

10 can vary from call to call."

11 **RESPONSE**:

12 The Plaintiffs further object to this Request to the extent that it calls for information or

13 analysis that is not yet complete and that is information that is properly the subject of

14 expert discovery. The disclosure and production of expert reports and other expert-related

15 materials will occur in accordance with Rule 26 and the dates set forth in the Case

16 Management Scheduling Order (ECF No. 102).

17

18 Plaintiffs object to the Request on the grounds that these documents are in Defendants'

19 possession or control.

20 Plaintiffs object to this request for production on the grounds that it is interposed for an

21 improper purpose, such as to harass or to cause unnecessary delay or needless increase in

22 the cost of the litigation.

23

24 Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of

25 the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are

26 also overly broad and unduly burdensome, to the extent that they call for information that

27 is not relevant to any claim or defense in this matter or reasonably calculated to lead to the

28 discovery of admissible evidence.

1

2    Subject to and without waiving the general objections, the Plaintiffs will produce non-

3    privileged, non-duplicative, and relevant responsive documents that have not been

4    previously produced or filed with the District Court and that can be located through a

5    reasonable search of the documents in their possession, custody, or control.

6

7

8        106.    Please produce all Documents that refer to or relate to, support or refute the

9    allegation in Paragraph 51 of the Complaint that Avid Telecom "makes or initiates the call

10   on behalf of its own retail customer". The response should include Documents sufficient to

11   identify each "retail customer" to which the allegation applies.

12   **RESPONSE:**

13   Plaintiffs object to this request for production to the extent that the Request seeks

14   documents already in the custody or control of the Defendants.

15

16   Plaintiffs object to the Request on the grounds that these documents are in Defendants'

17   possession or control, have been requested by Plaintiffs and, to date, Defendants have not

18   produced them.

19

20   Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or

21   organize factual evidence for the Defendants or the extent that it asks for a compilation,

22   summary or analysis of documents or information not in existence.

23

24   Subject to and without waiving the general objections, the Plaintiffs will produce non-

25   privileged, non-duplicative, and relevant responsive documents that have not been

26   previously produced or filed with the District Court and that can be located through a

27   reasonable search of the documents in their possession, custody, or control.

28

107.    Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 51 of the Complaint that Avid Telecom is the "originating provider" provider—with the relationship with the calling party—in the chain of providers or that it is ever the "downstream" provider that terminates the call to the "call recipient."

**RESPONSE:**

Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint.

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Plaintiffs object to this request for production on the grounds that it is unintelligible and seems to be interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

108.    Please produce any Documents that refer to or relate to, support or refute the allegation in Paragraph 51 of the Complaint that Avid Telecom is ever the last provider in a chain of providers that are involved in transiting a call is sometimes referred to as the "terminating provider."

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Plaintiffs object to the extent that the request misstates Plaintiffs' Complaint.

Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

Plaintiffs object to this request for production on the grounds that it is unintelligible and seems to be interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

109.    Please produce any Documents that refer to or relate to, support or refute the allegation in Paragraph 52 of the Complaint that Avid Telecom routes the call to another provider, which routes the call to another provider on the voice communications network13 and so on, until the call is routed to a provider that delivers or terminates the call to the intended call recipient.

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Plaintiffs object to the extent that the request misstates Plaintiffs' Complaint.

 Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

Plaintiffs object to this request for production on the grounds that it is unintelligible and seems to be interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

110.    Please produce any Documents that refer to or relate to, support or refute the allegation in Paragraph 53 of the Complaint that Avid Telecom's transit from provider to provider, and each stop is designated as a "hop" moving "downstream" to the call recipient.

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

111.    Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 55 of the Complaint that "Depending on the private contractual—whether formal or informal—agreements with each of its customers, Avid Telecom is either an originating provider or intermediate provider . . ."

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

1  Plaintiffs object to the Request on the grounds that these documents are in Defendants'

2  possession or control, have been requested by Plaintiffs and, to date, Defendants have not

3  produced them.

4

5  Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or

6  organize factual evidence for the Defendants or the extent that it asks for a compilation,

7  summary or analysis of documents or information not in existence.

8

9  Subject to and without waiving the general objections, the Plaintiffs will produce non-

10  privileged, non-duplicative, and relevant responsive documents that have not been

11  previously produced or filed with the District Court and that can be located through a

12  reasonable search of the documents in their possession, custody, or control.

13

14      112.    Please produce all Documents, other than Avid Telecom's FCC Form 499

15  Database registration, that refer to or relate to, support or refute the allegation in Paragraph

16  57 of the Complaint that Avid Telecom provides VoIP services in all of the Plaintiffs'

17  respective jurisdictions.

18  **RESPONSE:**

19  Plaintiffs object to this request for production to the extent that the Request seeks

20  documents already in the custody or control of the Defendants.

21

22  Plaintiffs object to the Request on the grounds that these documents are in Defendants'

23  possession or control, have been requested by Plaintiffs and, to date, Defendants have not

24  produced them.

25

26

27  The Plaintiffs further object to this Request to the extent that it calls for information or

28  analysis that is not yet complete and that is information that is properly the subject of

expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102).

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

113.    Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 58 of the Complaint that Avid Telecom structures some of its contracts and billing to appeal to 'upstream providers' that transmit illegal robocalls."

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

 Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

114.    Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 59 of the Complaint that Avid Telecom " Avid Telecom's downstream providers often provide Avid Telecom with separate call routes for dialer traffic and conversational traffic."

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

115.    Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 60 of the Complaint that "VoIP providers like Avid Telecom caterto callers using robocalling technology that allows for the transmission of high call volumes in short durations."

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

The Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102).

Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

116.    Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 61 of the Complaint that All Access Telecom, provided Avid Telecom with an unrestricted route for dialer traffic. This allowed Avid Telecom to send an unlimited number of below-six-second calls."

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks

documents already in the custody or control of the Defendants.

Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

117.   Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 62 of the Complaint that "scammers" elect to use one telecom technology or the other or whether they "troll for vulnerable customers who will fall victim to their financial or identity theft claims."

**RESPONSE:**

Plaintiffs object to the extent that the Request misstates the allegation in Plaintiffs' Complaint.

The Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case

1    Management Scheduling Order (ECF No. 102).

2

3    Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that
4    it seeks documents and information equally available to Defendants, including publicly
5    available documents and information, since, under Rule 26(b)(1), such information is
6    obtainable from another source that is more convenient, less burdensome, and/or less
7    expensive.

8

9    Subject to and without waiving the general objections, the Plaintiffs will produce non-
10    privileged, non-duplicative, and relevant responsive documents that have not been
11    previously produced or filed with the District Court and that can be located through a
12    reasonable search of the documents in their possession, custody, or control.

13

14        118.    Please produce all Documents that refer to or relate to, support or refute the
15    allegation in Paragraph 63 of the Complaint that Avid Telecom "catered its business to" or
16    "special dialer rates".

17    **RESPONSE:**

18

19    Plaintiffs object to this request for production to the extent that the Request seeks
20    documents already in the custody or control of the Defendants.

21

22    Subject to and without waiving the general objections, the Plaintiffs will produce non-
23    privileged, non-duplicative, and relevant responsive documents that have not been
24    previously produced or filed with the District Court and that can be located through a
25    reasonable search of the documents in their possession, custody, or control.

26

27

28        119.    Please produce all Documents that refer to or relate to, support or refute the

allegation in Paragraph 66 of the Complaint that Avid Telecom ever provided "Dialing Software", "Predictive Dialer", "Voice Broadcasting", "List Management" and "Agent Management."

**RESPONSE:**

Plaintiffs object on the grounds that the Request misstates the Plaintiffs' allegation in their Complaint.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, Plaintiffs state that there are no responsive documents and that they are not withholding any responsive documents.

120.   Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 67 of the Complaint that Avid Telecom has publicly held itself out as a provider of DID numbers and that it sold DID numbers both on a one-off basis, in bulk and on a regular rotation.

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

121.   Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 68 of the Complaint that "[t]he regular rotation of DID phone numbers is often indicative of callers that do not want to be identified. Legitimate businesses typically want their customers to be able to call them back with a DID phone number that does not change or rotate."

**RESPONSE:**

The Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102).

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

122.   Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 69 of the Complaint, that Avid Telecom "held itself out as providing telecom services that helped its customers complete calls and improve sales withno dead air or FAS."

1  **RESPONSE:**

2

3  Plaintiffs object to the extent that the Request misstates the allegations in Plaintiffs'

4  Complaint.

5

6  Plaintiffs object to this Request on the grounds that it is not material to the resolution of

7  the issues, to the extent that Defendants' Answer admitted the referenced facts.

8

9  Plaintiffs object to this request for production to the extent that the Request seeks

10  documents already in the custody or control of the Defendants.

11

12  Subject to and without waiving the Preliminary Statement, General Objections, and

13  specific objections, Plaintiffs state that there are no responsive documents and that they

14  are not withholding any responsive documents.

15      123.    Please produce all Documents that refer to or relate to, support or refute the

16  allegation in Paragraph 70 of the Complaint that "call data" appears on the Avid Telecom

17  website or that Avid Telecom ever provided "call data" to any customer.

18  **RESPONSE:**

19  Plaintiffs object to the extent that the Request misstates the allegations in Plaintiffs'

20  Complaint.

21  Plaintiffs object to this request for production to the extent that the Request seeks

22  documents already in the custody or control of the Defendants.

23

24  Subject to and without waiving the Preliminary Statement, General Objections, and

25  specific objections, Plaintiffs state that there are no responsive documents and that they

26  are not withholding any responsive documents.

27  .

28

124.    Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 71 of the Complaint that neither "employees" nor "experience" appear on the referenced Avid Telecom webpage.

**RESPONSE:**

Plaintiffs object to the extent that the Request misstates the allegations in Plaintiffs' Complaint.

Plaintiffs further object on the grounds that the Request is unintelligible.

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, Plaintiffs state that there are no responsive documents and that they are not withholding any responsive documents.

125.    Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 71 of the Complaint that Avid Telecom guided customers through any "data management" "taxation" and/or "industry compliance" issues.

**RESPONSE:**

Plaintiffs object to the extent that the Request misstates the allegations in Plaintiffs' Complaint.

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, Plaintiffs state that there are no responsive documents and that they are not withholding any responsive documents.

126.    Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 72 of the Complaint that "Avid Telecom's website and marketing made it clear that it was courting robocallers and other VoIP providers that send voluminous robocall traffic."

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

The Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102).

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

127.    Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 73 of the Complaint that many of the rules and processes on which Plaintiff relies to support its claims, have become essential to identifying and mitigating the sources of illegal robocall and telemarketing campaigns have been implemented by law

1    enforcement and voice communications members "[i]n the last several years."

2    **RESPONSE:**

3    Plaintiffs object to the extent that the Request misstates the allegations in Plaintiffs'

4    Complaint.

5

6    Plaintiffs object to this request for production on the grounds that it is interposed for an

7    improper purpose, such as to harass or to cause unnecessary delay or needless increase in

8    the cost of the litigation.

9

10    128.    Plaintiffs object to this Request as unduly burdensome and overly broad to

11    the extent that it seeks documents and information equally available to Defendants,

12    including publicly available documents and information, since, under Rule 26(b)(1), such

13    information is obtainable from another source that is more convenient, less burdensome,

14    and/or less expensive. Plaintiffs object to this request on the grounds that it is unintelligible.

15    Subject to and without waiving the general objections, the Plaintiffs will produce non-

16    privileged, non-duplicative, and relevant responsive documents that have not been

17    previously produced or filed with the District Court and that can be located through a

18    reasonable search of the documents in their possession, custody, or control.   Please produce

19    all Documents that refer to or relate to, support or refute the allegation in Paragraph 74 of

20    the Complaint that "every attempted or completed call that reaches a VoIP provider's network

21    *automatically* generates a record, known as a 'call detail record' or 'CDR.'" (Emphasis added.)

22    **RESPONSE:**

23    Plaintiffs object to this request for production on the grounds that it is interposed for an

24    improper purpose, such as to harass or to cause unnecessary delay or needless increase in

25    the cost of the litigation.

26    Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that

27    it seeks documents and information equally available to Defendants, including publicly

28    available documents and information, since, under Rule 26(b)(1), such information is

1  obtainable from another source that is more convenient, less burdensome, and/or less
2  expensive. ;
3  Plaintiffs object to this request for production to the extent that the Request seeks
4  documents already in the custody or control of the Defendants.
5  Subject to and without waiving the general objections, the Plaintiffs will produce non-
6  privileged, non-duplicative, and relevant responsive documents that have not been
7  previously produced or filed with the District Court and that can be located through a
8  reasonable search of the documents in their possession, custody, or control.
9

10      129.    Please produce all Documents that refer to or relate to, support or refute the
11  allegation in Paragraph 75 of the Complaint that "VoIP providers" are incentivized to ensure
12  that CDRs are complete or accurate.
13  **RESPONSE:**
14

15  Plaintiffs object to this request for production on the grounds that it is interposed for an
16  improper purpose, such as to harass or to cause unnecessary delay or needless increase in
17  the cost of the litigation.
18  Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that
19  it seeks documents and information equally available to Defendants, including publicly
20  available documents and information, since, under Rule 26(b)(1), such information is
21  obtainable from another source that is more convenient, less burdensome, and/or less
22  expensive.
23  Plaintiffs object to this request for production to the extent that the Request seeks
24  documents already in the custody or control of the Defendants.
25  Subject to and without waiving the general objections, the Plaintiffs will produce non-
26  privileged, non-duplicative, and relevant responsive documents that have not been
27  previously produced or filed with the District Court and that can be located through a
28  reasonable search of the documents in their possession, custody, or control.

1

2

3

4

5      130.    Please produce all Documents that refer to or relate to, support or refute the

6    allegation in Paragraph 77 of the Complaint that, "[i]llegal robocalls create distinctive and

7    identifiable patterns in CDRs."

8    **RESPONSE:**

9    Plaintiffs object to this request for production on the grounds that it is interposed for an

10   improper purpose, such as to harass or to cause unnecessary delay or needless increase in

11   the cost of the litigation.

12   Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that

13   it seeks documents and information equally available to Defendants, including publicly

14   available documents and information, since, under Rule 26(b)(1), such information is

15   obtainable from another source that is more convenient, less burdensome, and/or less

16   expensive.

17   The Plaintiffs further object to this Request to the extent that it calls for information or

18   analysis that is not yet complete and that is information that is properly the subject of

19   expert discovery. The disclosure and production of expert reports and other expert-related

20   materials will occur in accordance with Rule 26 and the dates set forth in the Case

21   Management Scheduling Order (ECF No. 102).

22   Plaintiffs object to this request for production to the extent that the Request seeks

23   documents already in the custody or control of the Defendants.

24   Subject to and without waiving the general objections, the Plaintiffs will produce non-

25   privileged, non-duplicative, and relevant responsive documents that have not been

26   previously produced or filed with the District Court and that can be located through a

27   reasonable search of the documents in their possession, custody, or control.

28

131.    Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 77 of the Complaint that, robocalls calls are universally unexpected and unwanted, and that most recipients hang up the phone immediately.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

The Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102).

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

132.    Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 77 of the Complaint that, robocalls "typically connect for a very short duration", that CDRs for illegal robocalls will often feature a high percentage of calls that are only a few seconds long" or that, [w]hen examined in the aggregate, CDRs tend to show a very short average call duration".

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

The Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102).

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been

previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

133.    Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 78 of the Complaint robocalls "typically have a much lower short call percentage, and a much longer average call duration."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

The Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102).

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

134.    Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 79 of the Complaint that "improper or questionable Caller ID spoofing—where a calling number is used relatively infrequently in relation to the total number of calls that are made with that number—is often apparent in CDRs and is indicative of illegal robocalls. Robocallers deceptively use spoofing to hide their identity, to circumvent call blocking and labeling tools, and to make it more likely that consumers will answer their calls."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

The Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102).

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the general objections, the Plaintiffs will produce non-

privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

135.    Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 80 of the Complaint that "Illegal robocallers frequently use caller ID spoofing to impersonate trusted organizations such as law enforcement, government agencies, and large corporations. These organizations' phone numbers are publicly available, and when these numbers appear in CDRs for calls that originate abroad, these robocalls are irrefutably illegal."

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

The Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102).

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a

1    reasonable search of the documents in their possession, custody, or control.

2

3    136.    Please produce all Documents that refer to or relate to, support or refute the
4    allegation in Paragraph 81 of the Complaint that "Patterns of neighbor spoofing or
5    impersonating trusted numbers are easy to detect when present in CDRs and indicate that
6    the upstream provider is sending illegal calls across the downstream provider's network."

7    **RESPONSE:**

8    Plaintiffs object to this request for production on the grounds that it is interposed for an
9    improper purpose, such as to harass or to cause unnecessary delay or needless increase in
10   the cost of the litigation.

11   Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that
12   it seeks documents and information equally available to Defendants, including publicly
13   available documents and information, since, under Rule 26(b)(1), such information is
14   obtainable from another source that is more convenient, less burdensome, and/or less
15   expensive.

16   The Plaintiffs further object to this Request to the extent that it calls for information or
17   analysis that is not yet complete and that is information that is properly the subject of
18   expert discovery. The disclosure and production of expert reports and other expert-related
19   materials will occur in accordance with Rule 26 and the dates set forth in the Case
20   Management Scheduling Order (ECF No. 102).

21   Plaintiffs object to this request for production to the extent that the Request seeks
22   documents already in the custody or control of the Defendants.

23   Subject to and without waiving the general objections, the Plaintiffs will produce non-
24   privileged, non-duplicative, and relevant responsive documents that have not been
25   previously produced or filed with the District Court and that can be located through a
26   reasonable search of the documents in their possession, custody, or control.

27

28

137. Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 82 of the Complaint that Defendants were involved in "snowshoeing" or using "disposable" phone numbers.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

The Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102).

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

138.    Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 84 of the Complaint that "[l]egitimate telemarketers and people who make calls for ordinary business or personal purposes use the same phone number ora certain limited block of numbers for each placed call. For this reason, CDRs for legitimate traffic reflect that the total number of calls is significantly greater than the total number ofunique calling phone numbers used. However, CDRs for illegal call traffic reflect close toa 1-1 ratio for the total number of calls to the total number of unique phone numbers."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

The Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102).

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

139.   Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 85 of the Complaint that, "The presence of high rates of calls to phone numbers on the National Do Not Call Registry ("National DNC Registry") is another way to  distinguish illegal robocalls and telemarketing calls from legitimate calls."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

The Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102).

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

140.   Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 86 of the Complaint that "between December 31, 2018, and January 31, 2023, Avid Telecom made and/or attempted to make more than 24.5 billion calls. Among

1    the approximately 21 billion calls made to valid U.S. phone numbers, about 93% of those

2    calls had a call duration of less than 15 seconds."

3    **RESPONSE:**

4

5    The Plaintiffs further object to this Request to the extent that it calls for information or

6    analysis that is not yet complete and that is information that is properly the subject of

7    expert discovery. The disclosure and production of expert reports and other expert-related

8    materials will occur in accordance with Rule 26 and the dates set forth in the Case

9    Management Scheduling Order (ECF No. 102).

10   Plaintiffs object to this request for production to the extent that the Request seeks

11   documents already in the custody or control of the Defendants.

12   Subject to and without waiving the general objections, the Plaintiffs will produce non-

13   privileged, non-duplicative, and relevant responsive documents that have not been

14   previously produced or filed with the District Court and that can be located through a

15   reasonable search of the documents in their possession, custody, or control.

16

17        141.    Please produce Documents sufficient to evidence which of the calls referred

18   to in Paragraph 86 were answered by the called party.

19   **RESPONSE:**

20

21   The Plaintiffs further object to this Request to the extent that it calls for information or

22   analysis that is not yet complete and that is information that is properly the subject of

23   expert discovery. The disclosure and production of expert reports and other expert-related

24   materials will occur in accordance with Rule 26 and the dates set forth in the Case

25   Management Scheduling Order (ECF No. 102).

26   Plaintiffs object to this request for production to the extent that the Request seeks

27   documents already in the custody or control of the Defendants.

28

1    Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or

2    organize factual evidence for the Defendants or the extent that it asks for a compilation,

3    summary or analysis of documents or information not in existence.

4    Subject to and without waiving the general objections, the Plaintiffs will produce non-

5    privileged, non-duplicative, and relevant responsive documents that have not been

6    previously produced or filed with the District Court and that can be located through a

7    reasonable search of the documents in their possession, custody, or control.

8

9        142.    Please produce Documents sufficient to evidence which of the calls referred

10   to in Paragraph 86 were delivered to a "honey pot".

11   **RESPONSE:**

12   Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or

13   organize factual evidence for the Defendants or the extent that it asks for a compilation,

14   summary or analysis of documents or information not in existence.

15   The Plaintiffs further object to this Request to the extent that it calls for information or

16   analysis that is not yet complete and that is information that is properly the subject of

17   expert discovery. The disclosure and production of expert reports and other expert-related

18   materials will occur in accordance with Rule 26 and the dates set forth in the Case

19   Management Scheduling Order (ECF No. 102).

20   Subject to and without waiving the general objections, the Plaintiffs will produce non-

21   privileged, non-duplicative, and relevant responsive documents that have not been

22   previously produced or filed with the District Court and that can be located through a

23   reasonable search of the documents in their possession, custody, or control.

24

25       143.    Please produce Documents sufficient to evidence which of the calls referred

26   to in Paragraph 86 were delivered to a "honey pot" controlled by David Frankel.

27   **RESPONSE:**

28

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, Plaintiffs state that there are no responsive documents and that they are not withholding any responsive documents.

144.    Please produce Documents sufficient to evidence which of the calls referred to in Paragraph 86 were delivered to a "honey pot" and recorded by the provider of the "honey pot".

**RESPONSE:** The Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102).

 Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control

145.    Please produce Documents sufficient to evidence which of the calls referred to in Paragraph 86 were delivered to a called party whose number was associated with YouMail.

**RESPONSE:**

The Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case

1  Management Scheduling Order (ECF No. 102).

2  Subject to and without waiving the general objections, the Plaintiffs will produce non-

3  privileged, non-duplicative, and relevant responsive documents that have not been

4  previously produced or filed with the District Court and that can be located through a

5  reasonable search of the documents in their possession, custody, or control.

6

7         146.    Please produce Documents sufficient to evidence which of the calls referred

8  to in Paragraph 86 were delivered to a called party who ***had not*** provided consent to receive the

9  call.

10  **RESPONSE:**

11  Plaintiffs object to this request for production to the extent that the Request seeks

12  documents already in the custody or control of the Defendants.

13

14  Plaintiffs object on the grounds that the Request evidences a misunderstanding of which

15  party bears the burden of proof.

16  Subject to and without waiving the general objections, the Plaintiffs will produce non-

17  privileged, non-duplicative, and relevant responsive documents that have not been

18  previously produced or filed with the District Court and that can be located through a

19  reasonable search of the documents in their possession, custody, or control.

20

21         147.    Please produce Documents sufficient to evidence which of the calls referred

22  to in Paragraph 86 were delivered to a called party who ***had*** provided consent to receive the

23  call.

24  **RESPONSE:**

25  Plaintiffs object on the grounds that the Request evidences a misunderstanding of which

26  party bears the burden of proof.

27

28  Plaintiffs object to this request for production to the extent that the Request seeks

1  documents already in the custody or control of the Defendants.

2  Plaintiffs object to this request for production on the grounds that it is, duplicative,

3  harassing, oppressive and/or not proportional to the needs of the litigation given that the

4  request is substantially similar to Defendants' Request for Production of Documents Nos.

5  30 and 32

6

7      148.    Please produce Documents sufficient to evidence where the phone associated

8  with ***each and every call*** that is the subject of the Complaint was physically located (*i.e.,*

9  what state)—not just the home state of the area code—at the time that the call was received.

10 **<u>RESPONSE</u>:**

11  Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or

12 organize factual evidence for the Defendants or the extent that it asks for a compilation,

13 summary or analysis of documents or information not in existence.

14

15 The Plaintiffs further object to this Request to the extent that it calls for information or

16 analysis that is not yet complete and that is information that is properly the subject of

17 expert discovery. The disclosure and production of expert reports and other expert-related

18 materials will occur in accordance with Rule 26 and the dates set forth in the Case

19 Management Scheduling Order (ECF No. 102).

20

21 Subject to and without waiving the general objections, the Plaintiffs will produce non-

22 privileged, non-duplicative, and relevant responsive documents that have not been

23 previously produced or filed with the District Court and that can be located through a

24 reasonable search of the documents in their possession, custody, or control.

25

26      149.    Please produce Documents sufficient to evidence whether the phone line (*i.e.,*

27 the telephone number) associated with ***each and every call*** that is the subject of the

28 Complaint was associated with a telephone line that was identified to the service provideras

a personal (residential) phone or a business phone.

**RESPONSE:**

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to this request for production on the grounds that it is, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation given that the request is substantially similar to Defendants' Request for Production of Documents Nos. 26 and 27

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

150.    Please produce Documents sufficient to evidence whether the phone line (*i.e.,* the telephone number) associated with ***each and every call*** that is the subject of the Complaint that is alleged to be delivered in violation of the Do Not Call Registry was associated with a telephone line that was identified to the service provider as a business phone.

**RESPONSE:**

1  Subject to and without waiving the Preliminary Statement, General Objections, and

2  specific objections, Plaintiffs state that there are no responsive documents and Plaintiffs

3  are not withholding any documents.

4

5      151.    Please produce all Documents, including without limitation, peer reviewed

6  studies, governmental studies or the like that You relied upon in support of the allegation in

7  Paragraph 87 of the Complaint that a "significantly high percentage of calls of 'short

8  duration' calls that lasted only 15 seconds or less, coupled with the use of high volumes of

9  different Caller IDs or DIDs to place the calls, which Caller IDs significantly matched the

10 call recipient's area code, are commonplace patterns of illegal call traffic."

11 **RESPONSE:**

12 Plaintiffs object to this request for production on the grounds that it is overbroad, unduly

13 burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the

14 litigation

15 Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that

16 it seeks documents and information equally available to Defendants, including publicly

17 available documents and information, since, under Rule 26(b)(1), such information is

18 obtainable from another source that is more convenient, less burdensome, and/or less

19 expensive.

20 Subject to and without waiving the general objections, the Plaintiffs will produce non-

21 privileged, non-duplicative, and relevant responsive documents that have not been

22 previously produced or filed with the District Court and that can be located through a

23 reasonable search of the documents in their possession, custody, or control.

24

25      152.    Please produce Documents, including without limitation all CDRs, that

26 identify which of the calls referenced in Paragraph 87 were "short duration" calls.

27 **RESPONSE:**

28 Plaintiffs object to the extent that Defendants' Request misstates the allegations in the

1 Complaint.

2

3 Plaintiffs object to this request for production to the extent that the Request seeks

4 documents already in the custody or control of the Defendants.

5

6 Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or

7 organize factual evidence for the Defendants or the extent that it asks for a compilation,

8 summary or analysis of documents or information not in existence.

9

10 Subject to and without waiving the Preliminary Statement, General Objections, and

11 specific objections, Plaintiffs state that there are no responsive documents.

12

13     153.    Please produce all Documents, including without limitation all CDRs, that

14 identify, refer to or relate to, support or refute the allegation in each subparagraph of

15 Paragraph 89 of the Complaint, regarding the number of calls allegedly "routed" by Avid

16 Telecom into each state.  With respect to each call, please produce Documents sufficient to

17 identify: (i) whether the call was "interstate" or "intrastate"; (ii) whether the called partyhad

18 provided consent to receive the call; (iii) whether the call was terminated to a line identified

19 as personal (residential) or business; (iv) whether the called number was associated with a

20 landline or a mobile number; (v) whether the called line was associated with a "honey pot;

21 (vi) whether the call was recorded; (vii) whether the call was recordedby YouMail; (vii)

22 whether the call was part of a program where the party delivering the data was compensation

23 for doing so; and (viii) was the call the subject of a traceback.

24 **RESPONSE:**

25 The Plaintiffs object to this Request to the extent that it calls for information or analysis

26 that is not yet complete and that is information that is properly the subject of expert

27 discovery. The disclosure and production of expert reports and other expert-related

28 materials will occur in accordance with Rule 26 and the dates set forth in the Case

Management Scheduling Order (ECF No. 102).

Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to the extent that the Request implies that the burden of proof of the existence of consent is borne by Plaintiffs when in fact, it is borne by Defendants.

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, Plaintiffs state that there are no responsive documents, and that Plaintiffs are not withholding any responsive documents

.

154.    Please produce Documents sufficient to identify each (*i.e.,* not just the samples provided) "illegal campaign", as that term is used in Paragraph 90 of the Complaint in which Avid Telecom is alleged to have participated.

**RESPONSE:**

The Plaintiffs object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related

materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102).

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

155.    Please provide compete copies of all transcripts and other Documents that evidence or are otherwise associated with each (*i.e.,* not just the samples provided) "illegal campaign", as that term is used in Paragraph 90 of the Complaint, in which Avid Telecom is alleged to have participated.

**RESPONSE:**

The Plaintiffs object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102).

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

1    156.    Please produce all Documents that refer to or relate to, support or refute the

2    allegation in each subparagraph of Paragraph 91 of the Complaint that Defendants "made

3    [*i.e.,* initiated] calls, including calls that used illegally spoofed phone numbers."

4    **RESPONSE:**

5

6    The Plaintiffs object to this Request to the extent that it calls for information or analysis

7    that is not yet complete and that is information that is properly the subject of expert

8    discovery. The disclosure and production of expert reports and other expert-related

9    materials will occur in accordance with Rule 26 and the dates set forth in the Case

10   Management Scheduling Order (ECF No. 102).

11   Plaintiffs object to this request for production to the extent that the Request seeks

12   documents already in the custody or control of the Defendants.

13   Subject to and without waiving the general objections, the Plaintiffs will produce non-

14   privileged, non-duplicative, and relevant responsive documents that have not been

15   previously produced or filed with the District Court and that can be located through a

16   reasonable search of the documents in their possession, custody, or control.

17

18

19   157.    Please produce all Documents that refer to or relate to, support or refute the

20   allegation in each subparagraph of Paragraph 92 of the Complaint that Defendants

21   "knowingly" sent and/or transmitted more than 8.4 million calls across Avid Telecom's

22   network that used spoofed CallerID numbers which misrepresented the callers' affiliations

23   with federal law enforcement agencies, state law enforcement agencies, and private sector

24   entities."

25   **RESPONSE:** Plaintiffs object to the extent that the Request misstates the allegations in

26   Plaintiffs' Complaint.

27   Subject to and without waiving the general objections, the Plaintiffs will produce non-

28   privileged, non-duplicative, and relevant responsive documents that have not been

previously produced or filed with the District Court and that can be located through a

reasonable search of the documents in their possession, custody, or control.

158.    Please produce all Documents that refer to or relate to, support or refute the allegation in each subparagraph of Paragraph 93 of the Complaint that that they "knowingly" sent and/or transmitted calls with spoofed calling numbers to any of the federal and state law enforcement agencies identified in paragraph 93 a.-w.

**RESPONSE:**

Plaintiffs object to the extent that the Request misstates the allegations in Plaintiffs' Complaint.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

159.    Please produce all Documents that refer to or relate to, support or refute the allegation in each subparagraph of Paragraph 94 of the Complaint that Defendants "knowingly" sent and/or transmitted calls with spoofed calling numbers associated with any of the private entities identified in paragraph 94.

**RESPONSE:**

Plaintiffs object to the extent that the Request misstates the allegations in Plaintiffs' Complaint.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

160.   Please produce Documents sufficient to identify each of the "Industry resources are available to voice service providers from various sources to implement blocking from numbers" referred to in Paragraph 95 of the Complaint.

**RESPONSE:**

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

161.   Please produce all Documents that refer to or relate to, support or refute the allegation that Defendants failed or refused to block illegal robocalls.

**RESPONSE:**

The Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102).

Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

1    Plaintiffs object to this request for production on the grounds that it is overbroad, unduly

2    burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the

3    litigation

4    Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or

5    organize factual evidence for the Defendants or the extent that it asks for a compilation,

6    summary or analysis of documents or information not in existence.

7

8    Plaintiffs object to the Request on the grounds that these documents are in Defendants'

9    possession or control, have been requested by Plaintiffs and, to date, Defendants have not

10   produced them.

11   =Subject to and without waiving the general objections, the Plaintiffs will produce non-

12   privileged, non-duplicative, and relevant responsive documents that have not been

13   previously produced or filed with the District Court and that can be located through a

14   reasonable search of the documents in their possession, custody, or control.

15

16       162.    Please produce all Documents that refer to or relate to, support or refute the

17   allegation (*e.g.,* in Paragraph 40 of the Complaint) that Defendants took any steps to

18   "bypass" or to "hinder" programs designed to block illegal robocalls.

19   **RESPONSE:**

20

21   Plaintiffs object to this request for production on the grounds that it is overbroad, unduly

22   burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the

23   litigation. Plaintiffs object to this request for production on the grounds that it is interposed

24   for an improper purpose, such as to harass or to cause unnecessary delay or needless

25   increase in the cost of the litigation. Plaintiffs object to this request for production to the

26   extent that it seeks information that is not relevant to any claim or defense in this matter

27   and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs

28   object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs

object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26

and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

163.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 96 of the Complaint that "Defendants sent and/or routed more than 21.5 billion calls that were made using more than 1.3 billion Caller ID or DID numbers."

**RESPONSE:**

The Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102).

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

164.    Please produce Documents sufficient to identify each member of the "team

of employees and contractors (associated with ITG) who work daily with industry and government partners to identify sources of illegal robocalling campaigns" as that term is used in Paragraph 99 of the Complaint.

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

165.    Please produce Documents sufficient to identify the member of the "team of employees and contractors (associated with ITG)" who provided each traceback referenced in the complaint.

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants

Subject to and without waiving the general objections, the Plaintiffs will produce non-

privileged, non-duplicative, and relevant responsive documents that have not been
previously produced or filed with the District Court and that can be located through a
reasonable search of the documents in their possession, custody, or control.

166.    Please provide a complete copy of each traceback referenced in the
Complaint along with all associated communications and other Documents.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an
improper purpose, such as to harass or to cause unnecessary delay or needless increase in
the cost of the litigation.

167.    Please produce all Documents that refer to or relate to, support or refute the
allegation set forth in paragraph 100 of the Complaint that "[e]very day, the ITG traces back
numerous robocalls, which are representative examples of the most prolific, ongoing,
identified and suspected illegal robocall campaigns in the United States, equally millions of
illegal calls targeting U.S. consumers."

**RESPONSE:**

The Plaintiffs further object to this Request to the extent that it calls for information or
analysis that is not yet complete and that is information that is properly the subject of
expert discovery. The disclosure and production of expert reports and other expert-related
materials will occur in accordance with Rule 26 and the dates set forth in the Case
Management Scheduling Order (ECF No. 102).

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that
it seeks documents and information equally available to Defendants, including publicly
available documents and information, since, under Rule 26(b)(1), such information is
obtainable from another source that is more convenient, less burdensome, and/or less
expensive.

1    Plaintiffs further object as the footnote in paragraph 100 of the Complaint provides

2    Defendants with the information requested.

3

4    168.    Please produce Documents sufficient to identify each of the "identified

5    and suspected illegal robocall campaigns in the United States" have been proven in a

6    proceeding at the FCC or otherwise to be actual illegal robocall campaigns.

7    **RESPONSE:**

8    Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that

9    it seeks documents and information equally available to Defendants, including publicly

10   available documents and information, since, under Rule 26(b)(1), such information is

11   obtainable from another source that is more convenient, less burdensome, and/or less

12   expensive.

13

14   169.    Please produce Documents sufficient to demonstrate if the ITG or the FCC

15   ever formally concluded that either of the two Traceback notices identified in paragraph in

16   paragraph 101 of the Complaint were illegal robocalls.

17   **RESPONSE:**

18   Plaintiffs object to this request for production on the grounds that it is overbroad, unduly

19   burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the

20   litigation

21

22   Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that

23   it seeks documents and information equally available to Defendants, including publicly

24   available documents and information, since, under Rule 26(b)(1), such information is

25   obtainable from another source that is more convenient, less burdensome, and/or less

26   expensive.

27

28

The Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102).

170.    Please produce all Documents, including all traceback notices and related Communications, in which the ITG states its "appreciation" or other approval of the manner in which Avid Telecom responds to tracebacks.

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.

171.    Please produce all Documents, including all traceback notices and related Communications in which the ITG states its disapproval of the manner in which Avid Telecom responds to tracebacks.

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

172.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 102 of the Complaint that "[t]he ITG traces back the most prolific or damaging ongoing identified or suspected illegal robocall campaigns in the United States."

**RESPONSE:**

The Plaintiffs further object to this Request to the extent that it calls for information or

analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102).

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

173.    Please produce all Documents, specifically including without limitations, all Communications from any Plaintiff, requesting traceback or other data regarding any traffic transited by Avid Telecom.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation

Plaintiffs object to the Request as vague, ambiguous, and unintelligible.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

174.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 104 of the Complaint that Avid Telecom received

1  notifications in which the sender alleges that Avid Telecom had transited calls made in
2  violation of the National DNC Registry and state Do Not Call Lists.

3  **RESPONSE:**

4  Plaintiffs object to this request for production to the extent that the Request seeks
5  documents already in the custody or control of the Defendants.

6  Subject to and without waiving the general objections, the Plaintiffs will produce non-
7  privileged, non-duplicative, and relevant responsive documents that have not been
8  previously produced or filed with the District Court and that can be located through a
9  reasonable search of the documents in their possession, custody, or control.

10

11     175.    Please produce all Documents, including all traceback notices and related
12  Documents, that refer to or relate to, support or refute the allegation set forth in paragraph
13  105 of the Complaint that the ITG notified Avid Telecom at least 329 times since (on or
14  about) January 6, 2020, about "suspected" illegal calls that transited Avid Telecom's
15  network.

16  **RESPONSE:**

17  Plaintiffs object to this request for production to the extent that the Request seeks
18  documents already in the custody or control of the Defendants.

19  The Plaintiffs further object to this Request to the extent that it calls for information or
20  analysis that is not yet complete and that is information that is properly the subject of
21  expert discovery. The disclosure and production of expert reports and other expert-related
22  materials will occur in accordance with Rule 26 and the dates set forth in the Case
23  Management Scheduling Order (ECF No. 102).

24  Subject to and without waiving the general objections, the Plaintiffs will produce non-
25  privileged, non-duplicative, and relevant responsive documents that have not been
26  previously produced or filed with the District Court and that can be located through a
27  reasonable search of the documents in their possession, custody, or control.

28

176.     Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 106 that each traced call it received is representative of a "large volume" of "similar" illegal calls.

**RESPONSE:**

The Plaintiffs object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102).

 Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that it asks for a compilation, summary or analysis of documents or information not in existence.


177.     Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 106 each traceback *that Avid Telecom received* is representative of a "large volume" of "similar" illegal calls.

**RESPONSE:**

The Plaintiffs object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102).

 Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

178.    Please produce Documents sufficient to identify the person or persons who told any one or more Plaintiffs that each traceback *that Avid Telecom received* is representative of a "large volume" of "similar" illegal calls

**RESPONSE:**

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants,

 Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

179.    Please produce all Documents, including without limitation each and every investigation, research, inquiry, analysis, review, study or the like, including any investigation, research, inquiry, analysis, review, study or the like conducted by the ITG, that refers to, related to supports or refutes the allegation that each traced call is representative of a large volume of "similar illegal calls" as the terms "similar illegal calls,"is used in Paragraph 106 of the Complaint.

**RESPONSE:**

The Plaintiffs object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102).

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants,

 Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

180.   Please produce all Documents, including without limitation each and every investigation, research, inquiry, analysis, review, study or the like, including any investigation, research, inquiry, analysis, review, study or the like conducted by the ITG, that refers to, related to supports or refutes the allegation that each Avid Telecom traced call is representative of a large volume of "similar illegal calls" *transited by Avid Telecom* as the terms "similar illegal calls," is used in Paragraph 106 of the Complaint.

**RESPONSE:**

The Plaintiffs object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102).

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants,

Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

181.   Please produce all Documents, including without limitation the data set(s) underlying each and every investigation, research, inquiry, analysis, review, study or the like, including any investigation, research, inquiry, analysis, review, study or the like conducted by the ITG, that refers to, related to supports or refutes the allegation that each traced call is representative of a large volume of "similar illegal calls" as the terms "similar illegal calls," is used in Paragraph 106 of the Complaint.

**RESPONSE:**

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants,

1  Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or

2  organize factual evidence for the Defendants or the extent that it asks for a compilation,

3  summary or analysis of documents or information not in existence.

4

5

6      182.   Please produce all Documents, including without limitation the data set(s)

7  underlying each and every investigation, research, inquiry, analysis, review, study or the

8  like, including any investigation, research, inquiry, analysis, review, study or the like

9  conducted by the ITG, that refers to, related to supports or refutes the allegation that each

10  traced call is representative of a large volume of "similar illegal calls" *transited by Avid*

11  *Telecom* as the terms "similar illegal calls," is used in Paragraph 106 of the Complaint.

12  **RESPONSE:**

13  Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that

14  it seeks documents and information equally available to Defendants,

15  Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or

16  organize factual evidence for the Defendants or the extent that it asks for a compilation,

17  summary or analysis of documents or information not in existence.

18

19      183.   Please produce Documents sufficient to identify each "[o]f the[se] 329

20  representative calls traced back by the ITG, 160 calls were made to phone numbers on the

21  National DNC Registry" as that allegation is set forth in Paragraph 107 of the Complaint

22  that.

23  **RESPONSE:**

24

25  Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that

26  it seeks documents and information equally available to Defendants,

27  Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or

28  organize factual evidence for the Defendants or the extent that it asks for a compilation,

1   summary or analysis of documents or information not in existence.

2

3   Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that

4   it seeks documents and information equally available to Defendants,

5    Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or

6   organize factual evidence for the Defendants or the extent that it asks for a compilation,

7   summary or analysis of documents or information not in existence.

8

9   Subject to and without waiving the general objections, the Plaintiffs will produce non-

10  privileged, non-duplicative, and relevant responsive documents that have not been

11  previously produced or filed with the District Court and that can be located through a

12  reasonable search of the documents in their possession, custody, or control.

13

14      184.    Please produce all Documents that refer to or relate to, support or refute the

15  allegation set forth in Paragraph 108 of the Complaint that the identified tracebacks were

16  determined to be illegal robocalls.

17  **RESPONSE:**

18

19  Plaintiffs object to the extent that the Request misstates the allegations of their Complaint.

20  Plaintiffs further object to the extent that this Request seeks a to have Plaintiffs apply facts

21  to the law for Defendants.

22  Plaintiffs object to this request for production to the extent that the Request seeks

23  documents already in the custody or control of the Defendants.  Plaintiffs object to this

24  Request as unduly burdensome and overly broad to the extent that it seeks documents and

25  information equally available to Defendants

26

27

28      185.    Please produce all Documents that refer to or relate to, support or refute the

1  allegation set forth in Paragraph 108 of the Complaint that "[b]ased on its (*sic*) Tracebacks,

2  Avid Telecom knew that it routed identified scam calls. . ."  We are looking for Documents

3  that evidence an actual knowledge of illegality.

4  **RESPONSE:**

5      186.    Plaintiffs object to the Request to the extent that it requires the Plaintiffs to

6  analyze or organize factual evidence for the Defendants or to the extent that it asks for a

7  compilation, summary or analysis of documents or information not in existence. Plaintiffs

8  object to this Request as unduly burdensome and overly broad to the extent that it seeks

9  documents and information equally available to Defendants. Plaintiffs object to this request

10  for production to the extent that the Request seeks documents already in the custody or

11  control of the Defendants. Subject to and without waiving the general objections, the

12  Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents

13  that have not been previously produced or filed with the District Court and that can be

14  located through a reasonable search of the documents in their possession, custody, or

15  control.  Please produce all Documents that refer to or relate to, support or refute the

16  allegation set forth in Paragraph 110 of the Complaint that Avid Telecom "accepted and

17  routed identified and known illegal robocalls."

18  **RESPONSE:**

19  Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or

20  organize factual evidence for the Defendants or to the extent that it asks for a compilation,

21  summary or analysis of documents or information not in existence. Plaintiffs object to this

22  Request as unduly burdensome and overly broad to the extent that it seeks documents and

23  information equally available to Defendants, including publicly available documents and

24  information, since, under Rule 26(b)(1), such information is obtainable from another

25  source that is more convenient, less burdensome, and/or less expensive.

26  Plaintiffs object to this request for production to the extent that the Request seeks

27  documents already in the custody or control of the Defendants. Subject to and without

28  waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative,

1   and relevant responsive documents that have not been previously produced or filed with

2   the District Court and that can be located through a reasonable search of the documents in

3   their possession, custody, or control.

4        187.   Please produce all Documents that refer to or relate to, support or refute the

5   allegation set forth in Paragraph 111 of the Complaint that ". . .on June 9, 2020, the FCC

6   brought an enforcement action against Avid Telecom's customer, John Spiller and

7   JSquared, which ultimately resulted in a record $225 million fine issued in March 2021."

8   **RESPONSE:**

9   Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or

10  organize factual evidence for the Defendants or to the extent that it asks for a compilation,

11  summary or analysis of documents or information not in existence. Plaintiffs object on the

12  grounds that the information Defendants seek is available at footnote 31 of the Complaint.

13  Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that

14  it seeks documents and information equally available to Defendants, including publicly

15  available documents and information, since, under Rule 26(b)(1), such information is

16  obtainable from another source that is more convenient, less burdensome, and/or less

17  expensive.

18       188.   Please produce Documents sufficient to demonstrate whether the

19  enforcement action against John Spiller and JSquared, as described in Paragraph 111 of the

20  Complaint, identified any of the traffic as being originated from or delivered to Avid

21  Telecom.

22  **RESPONSE:**

23

24  Subject to and without waiving the Preliminary Statement, General Objections, and

25  specific objections, Plaintiffs state that there are no responsive documents and that they

26  are not withholding any documents in response to this Request.

27

28       189.   Please produce all Documents that refer to or relate to, support or refute the

allegation set forth in Paragraph 112 that on June 9, 2020, eight states—Arkansas, Indiana, Michigan, Missouri, North Carolina, North Dakota, Ohio, and Texas—sued John Spiller, JSquared Telecom LLC, and several other related entities.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

190.    Please produce Documents sufficient to demonstrate whether the lawsuit against John Spiller and JSquared, as described in Paragraph 112 of the Complaint, identified any of the traffic as being originated from or delivered to Avid Telecom.

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants

 Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants.

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly

burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the

litigation

Objection. This request is burdensome, harassing, publicly available, equally available to

Defendants.

191.    Please produce all Documents that refer to or relate to, support or refute the

allegation set forth in Paragraph 113 of the Complaint that each of the Defendants "knew

about the FCC's enforcement action and/or the lawsuit by the several states identified in

Paragraph 112 of the Complaint against John Spiller and JSquared Telecom against its

customer John Spiller and JSquared Telecom LLC, and several other related entities" *at the*

*time when they transited* any Spiller/JSquared Telecom *traffic*.

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

interposed for an improper purpose, such as to harass or to cause unnecessary delay or

needless increase in the cost of the litigation. Plaintiffs further object to this Request as

unduly burdensome and overly broad to the extent that it seeks documents and information

equally available to Defendants, including publicly available documents and information,

since, under Rule 26(b)(1), such information is obtainable from another source that is

more convenient, less burdensome, and/or less expensive. Finally, Plaintiffs object to this

request for production to the extent that the Request seeks documents already in the

custody or control of the Defendants.

Subject to and without waiving the Preliminary Statement, General Objections,

and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

relevant responsive documents that have not been previously produced or filed with the

District Court and that can be located through a reasonable search of the documents in

their possession, custody, or control.

192.    Please produce all Documents that refer to or relate to, support or refute the

allegation set forth in Paragraph 114 of the Complaint that "[on] April 19, 2021, the State of Vermont and StrategicIT—another of Avid Telecom's customers—entered into an Assurance of Discontinuance because of StrategicIT's illegal robocall traffic.

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Finally, Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

193.    Please produce all Documents that evidence that any of the Defendants "knew about the Assurance of Discontinuance agreement between the State of Vermont and StrategicIT" *at the time when they transited* any StrategicIT traffic.

**RESPONSE:** Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, Plaintiffs state that there are no responsive documents and that Plaintiffs are not withholding any documents.

194.    Please produce Documents sufficient to demonstrate whether the Assurance of Discontinuance with StrategicIT, as described in Paragraph 114 of the Complaint, identified any of the traffic as being originated from or delivered to Avid Telecom.

1  **RESPONSE:** Plaintiffs object to the Request on the grounds that these documents are in

2  Defendants' possession or control, have been requested by Plaintiffs and, to date,

3  Defendants have not produced them.

4      Subject to and without waiving the Preliminary Statement, General Objections,

5  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

6  relevant responsive documents that have not been previously produced or filed with the

7  District Court and that can be located through a reasonable search of the documents in

8  their possession, custody, or control.

9

10      195.    Please produce all Documents that refer to or relate to, support or refute the

11  allegation set forth in Paragraph 115 that "On March 18, 2022, the State of Vermont brought

12  an action against TCA VoIP—another of Avid Telecom's customers—alleging that it

13  knowingly facilitated illegal robocalls."

14  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

15  interposed for an improper purpose, such as to harass or to cause unnecessary delay or

16  needless increase in the cost of the litigation. Plaintiffs further object to this Request as

17  unduly burdensome and overly broad to the extent that it seeks documents and information

18  equally available to Defendants, including publicly available documents and information,

19  since, under Rule 26(b)(1), such information is obtainable from another source that is

20  more convenient, less burdensome, and/or less expensive. Finally, Plaintiffs object to this

21  request for production to the extent that the Request seeks documents already in the

22  custody or control of the Defendants.

23      Subject to and without waiving the Preliminary Statement, General Objections,

24  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

25  relevant responsive documents that have not been previously produced or filed with the

26  District Court and that can be located through a reasonable search of the documents in

27  their possession, custody, or control.

28

196.   Please produce all Documents that demonstrate that Defendants "knew *at the time when they transited traffic* that "On March 18, 2022, the State of Vermont brought an action against TCA VoIP alleging that it knowingly facilitated illegal robocalls" (Emphasis added).

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Finally, Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

197.   Please produce Documents sufficient to demonstrate whether the action against TCA VoIP, as described in Paragraph 115 of the Complaint, identified any of the traffic as being originated from or delivered to Avid Telecom.

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is

more convenient, less burdensome, and/or less expensive. Finally, Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

198.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 116 of the Complaint that that "[on] April 26, 2022, the FTC brought a case against VoIP Terminator, Inc.—another of Avid Telecom's customers—for "assisting and facilitating the transmission of millions of illegal prerecorded telemarketing robocalls, including those they knew or should have known were scams, to consumers nationwide."

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Finally, Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in

1  their possession, custody, or control.

2

3      199.    Please produce all Documents that demonstrate that Defendants "knew *at the*
4  *time when they transited traffic* that "[on] April 26, 2022, the FTC brought a case against
5  VoIP Terminator, Inc.—another of Avid Telecom's customers—for "assisting and
6  facilitating the transmission of millions of illegal prerecorded telemarketing robocalls"
7  (Emphasis added).

8  **RESPONSE:** Plaintiffs object to this request for production to the extent that it misstates
9  the Plaintiffs' Complaint. Plaintiffs further object to this request for production on the
10 grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or
11 not proportional to the needs of the litigation misstatement of Plaintiffs' allegations.
12 Finally, Plaintiffs object to the Request on the grounds that these documents are in
13 Defendants' possession or control, have been requested by Plaintiffs and, to date,
14 Defendants have not produced them.

15      Subject to and without waiving the Preliminary Statement, General Objections,
16 and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and
17 relevant responsive documents that have not been previously produced or filed with the
18 District Court and that can be located through a reasonable search of the documents in
19 their possession, custody, or control.

20

21      200.    Please produce Documents sufficient to demonstrate whether the action
22 against VoIP Terminator, as described in Paragraph 116 of the Complaint, identified any of
23 the traffic as being originated from or delivered to Avid Telecom.

24 **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is
25 overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional
26 to the needs of the litigation. Plaintiffs further object to this Request as unduly
27 burdensome and overly broad to the extent that it seeks documents and information
28 equally available to Defendants, including publicly available documents and information,

since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Finally, Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

201.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 117 of the Complaint that Defendants had contemporaneous knowledge that "[o]n July 7, 2022, the FCC and the State of Ohio took simultaneous enforcement actions against a massive auto warranty robocall operation run by recidivist robocallers, Aaron Michael Jones ("Jones") and Roy M. Cox, Jr. ("Cox").

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

202.    Please produce Documents sufficient to demonstrate whether the action against Jones, as described in Paragraph 117 of the Complaint, identified any of the traffic as being originated from or delivered to Avid Telecom.

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

1  overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional
2  to the needs of the litigation.

3       Subject to and without waiving the Preliminary Statement, General Objections,
4  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and
5  relevant responsive documents that have not been previously produced or filed with the
6  District Court and that can be located through a reasonable search of the documents in
7  their possession, custody, or control.

8

9       203.   Please produce all Documents that refer to or relate to, support or refute the
10  allegation set forth in Paragraph 117 of the Complaint that Defendant was involved in the
11  "common enterprise" or otherwise party to any of these enforcement actions.
12  **RESPONSE:** Plaintiffs object to this request for production to the extent that it misstates
13  the Plaintiffs' Complaint.

14       Subject to and without waiving the Preliminary Statement, General Objections,
15  and specific objections, Plaintiffs state that there are no responsive documents.

16

17       204.   Please produce all Documents that refer to or relate to, support or refute the
18  allegation set forth in Paragraph 118 of the Complaint that that "[o]n December 23, 2022,
19  the FCC subsequently issued a Notice of Apparent Liability against certain individuals and
20  entities involved in the Sumco Enterprise robocall operation, proposing a $299,997,000
21  fine."
22  **RESPONSE:** Plaintiffs object to this Request as unduly burdensome and overly broad to
23  the extent that it seeks documents and information equally available to Defendants,
24  including publicly available documents and information, since, under Rule 26(b)(1), such
25  information is obtainable from another source that is more convenient, less burdensome,
26  and/or less expensive.

27       Subject to and without waiving the Preliminary Statement, General Objections,
28  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

1  relevant responsive documents that have not been previously produced or filed with the

2  District Court and that can be located through a reasonable search of the documents in

3  their possession, custody, or control.

4

5      205.   Please produce all Documents that demonstrate that Defendants "knew *at the*

6  *time when they transited traffic* that "[o]n December 23, 2022, the FCC subsequently issued a

7  Notice of Apparent Liability against certain individuals and entities involved in the Sumco

8  Enterprise robocall operation, proposing a $299,997,000 fine" (Emphasis added).

9  **RESPONSE:** Plaintiffs object to this request for production to the extent that it misstates

10 the Plaintiffs' Complaint. Plaintiffs further object to this request for production on the

11 grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or

12 not proportional to the needs of the litigation. Finally, Plaintiffs object to this Requests to

13 the extent that it seeks documents already in the custody or control of the Defendants.

14     Subject to and without waiving the Preliminary Statement, General Objections,

15 and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

16 relevant responsive documents that have not been previously produced or filed with the

17 District Court and that can be located through a reasonable search of the documents in

18 their possession, custody, or control.

19

20     206.   Please produce Documents sufficient to demonstrate whether the action

21 against Sumco Enterprise, as described in Paragraph 118 of the Complaint, identified any

22 of the traffic as being originated from or delivered to Avid Telecom.

23 **RESPONSE:** Plaintiffs object to this Request as unduly burdensome and overly broad to

24 the extent that it seeks documents and information equally available to Defendants,

25 including publicly available documents and information, since, under Rule 26(b)(1), such

26 information is obtainable from another source that is more convenient, less burdensome,

27 and/or less expensive. Plaintiffs further object to this Request to the extent that it calls for

28 information or analysis that is not yet complete and that is information that is properly the

subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

207. Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 119 of the Complaint that that on or about September 12 and 13, 2022, Avid Telecom received nine Tracebacks concerning another of its customers, Urth Access, for transmitting Student Loan robocalls or that three of the robocalls were made to phone numbers on the National DNC Registry."

**RESPONSE:** Plaintiffs object to this request for production to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs further object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control. Finally, Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in

1    their possession, custody, or control.

2

3        208.    Please produce all Documents that refer to or relate to, support or refute the

4    allegation set forth in Paragraph 120 that "On or around September 19, 2022, almost one

5    week after receiving the ITG notices concerning Urth Access, Reeves reached out to ITG

6    about these Tracebacks."

7    **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

8    interposed for an improper purpose, such as to harass or to cause unnecessary delay or

9    needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

10   grounds that these documents are in Defendants' possession or control, have been

11   requested by Plaintiffs and, to date, Defendants have not produced them. Finally, Plaintiffs

12   object to this Request as unduly burdensome and overly broad to the extent that it seeks

13   documents and information equally available to Defendants, including publicly available

14   documents and information, since, under Rule 26(b)(1), such information is obtainable

15   from another source that is more convenient, less burdensome, and/or less expensive.

16       Subject to and without waiving the Preliminary Statement, General Objections,

17   and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

18   relevant responsive documents that have not been previously produced or filed with the

19   District Court and that can be located through a reasonable search of the documents in

20   their possession, custody, or control.

21

22       209.    Please produce all Documents that refer to or relate to, support or refute the

23   allegation set forth in Paragraph 121 that, "[a] representative from ITG wrote . . . to Reeves" with

24   the message set forth in that paragraph.

25   **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

26   interposed for an improper purpose, such as to harass or to cause unnecessary delay or

27   needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

28   grounds that these documents are in Defendants' possession or control, have been

requested by Plaintiffs and, to date, Defendants have not produced them. Finally, Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

210. Please produce a complete copy of the email exchange referenced at Paragraph 121 of the Complaint, including **both** all statements made by the representative of ITG as well as all statements made by Reeves.

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Finally, Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

1

2      211.    Please produce Documents that evidence that the tracebacks sent to Avid

3   Telecom that were at issue in the email exchange referenced at Paragraph 121 of the

4   Complaint were ever determined to be illegal robocalls.

5   **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

6   interposed for an improper purpose, such as to harass or to cause unnecessary delay or

7   needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

8   grounds that these documents are in Defendants' possession or control, have been

9   requested by Plaintiffs and, to date, Defendants have not produced them. Finally, Plaintiffs

10  object to this Request as unduly burdensome and overly broad to the extent that it seeks

11  documents and information equally available to Defendants, including publicly available

12  documents and information, since, under Rule 26(b)(1), such information is obtainable

13  from another source that is more convenient, less burdensome, and/or less expensive.

14      Subject to and without waiving the Preliminary Statement, General Objections,

15  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

16  relevant responsive documents that have not been previously produced or filed with the

17  District Court and that can be located through a reasonable search of the documents in

18  their possession, custody, or control.

19

20      212.    Please produce Documents sufficient to support the allegation set forth in

21  Paragraph 122 that that Avid Telecom "continued sending Urth Access's traffic after this

22  notification from ITG."

23  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

24  interposed for an improper purpose, such as to harass or to cause unnecessary delay or

25  needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

26  grounds that these documents are in Defendants' possession or control, have been

27  requested by Plaintiffs and, to date, Defendants have not produced them.

28      Subject to and without waiving the Preliminary Statement, General Objections,

and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

213.    Please produce Documents sufficient to support the allegation set forth in Paragraph 123 that, "Avid Telecom allowed Urth Access to submit payment for services using bank accounts held in names of one or more other business entities."

**RESPONSE:** Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

214.    Please produce Documents sufficient to support the allegation set forth in Paragraph 124 that, "[o]n November 10, 2022, the FCC issued a robocall cease-and-desist letter to Avid Telecom's customer Urth Access."

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Subject to and without waiving the Preliminary Statement, General Objections,

1  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

2  relevant responsive documents that have not been previously produced or filed with the

3  District Court and that can be located through a reasonable search of the documents in

4  their possession, custody, or control.

5

6      215.    Please produce Documents sufficient to support the allegation set forth in

7  Paragraph 125 "[o]n December 8, 2022, the FCC ordered VoIP service providers, including Avid

8  Telecom, to block student loan robocalls coming from Urth Access."

9  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

10  interposed for an improper purpose, such as to harass or to cause unnecessary delay or

11  needless increase in the cost of the litigation. Plaintiffs further object to this Request as

12  unduly burdensome and overly broad to the extent that it seeks documents and information

13  equally available to Defendants, including publicly available documents and information,

14  since, under Rule 26(b)(1), such information is obtainable from another source that is

15  more convenient, less burdensome, and/or less expensive.

16      Subject to and without waiving the Preliminary Statement, General Objections,

17  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

18  relevant responsive documents that have not been previously produced or filed with the

19  District Court and that can be located through a reasonable search of the documents in

20  their possession, custody, or control.

21

22      216.    Please produce all Documents that refer to or relate to, support or refute the

23  allegation set forth in Paragraph 126 that Avid Telecom provided "problematic evidence"to

24  the ITG or that its response was improper form or substance."

25  **RESPONSE:** Plaintiffs object to this request for production to the extent that it misstates

26  the Plaintiffs' Complaint. Plaintiffs further object to this Request as unduly burdensome

27  and overly broad to the extent that it seeks documents and information equally available

28  to Defendants, including publicly available documents and information, since, under Rule

1  26(b)(1), such information is obtainable from another source that is more convenient, less

2  burdensome, and/or less expensive. Finally, Plaintiffs object to the Request on the

3  grounds that these documents are in Defendants' possession or control, have been

4  requested by Plaintiffs and, to date, Defendants have not produced them.

5        Subject to and without waiving the Preliminary Statement, General Objections,

6  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

7  relevant responsive documents that have not been previously produced or filed with the

8  District Court and that can be located through a reasonable search of the documents in

9  their possession, custody, or control.

10

11       217.   Please produce all Documents that refer to or relate to, support or refute the

12  allegation set forth in Paragraph 127 of the Complaint that, "[i]n response to a July 2021

13  Traceback, Avid Telecom responded, we have notified the customer and have asked that

14  they provide response. Until we have complete understanding, we have taken steps to block the

15  dialed number. We will update once we have their response."

16  **RESPONSE:** Plaintiffs object to this request for production to the extent that it misstates

17  the Plaintiffs' Complaint. Plaintiffs further object to this request for production on the

18  grounds that it is interposed for an improper purpose, such as to harass or to cause

19  unnecessary delay or needless increase in the cost of the litigation. Finally, Plaintiffs

20  object to the Request on the grounds that these documents are in Defendants' possession

21  or control, have been requested by Plaintiffs and, to date, Defendants have not produced

22  them.

23        Subject to and without waiving the Preliminary Statement, General Objections,

24  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

25  relevant responsive documents that have not been previously produced or filed with the

26  District Court and that can be located through a reasonable search of the documents in

27  their possession, custody, or control.

28

218.   Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 128 of the Complaint that, "[o]n July 23, 2021, Avid Telecom wrote to the ITG: "we have had additional conversations with our customer. They are performing an internal investigation to determine why these numbers were provided to them as valid numbers.  We will update with more detailed information as soon as we have it."

**RESPONSE:** Plaintiffs object to this request for production to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs further object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Finally, Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

219.   Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 129 of the Complaint that, in response to the Traceback, it reached out to its customer, it was told by its customer that the calls at issue were basedonly on valid permission, that it reported this information to the ITG, that it requested "optin" information from the customer and that it advised the ITG in a timely manner that it would provide that additional information once received.

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object to the Request on

1  the grounds that these documents are in Defendants' possession or control, have been

2  requested by Plaintiffs and, to date, Defendants have not produced them.

3      Subject to and without waiving the Preliminary Statement, General Objections,

4  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

5  relevant responsive documents that have not been previously produced or filed with the

6  District Court and that can be located through a reasonable search of the documents in

7  their possession, custody, or control.

8

9      220.    Please produce all Documents that refer to or relate to, support or refute the

10  allegation set forth in Paragraph 130 of the Complaint that "[t]his Traceback was for a

11  Medicare rewards related call."

12  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

13  interposed for an improper purpose, such as to harass or to cause unnecessary delay or

14  needless increase in the cost of the litigation. Plaintiffs further object to the Request on

15  the grounds that these documents are in Defendants' possession or control, have been

16  requested by Plaintiffs and, to date, Defendants have not produced them.

17      Subject to and without waiving the Preliminary Statement, General Objections,

18  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

19  relevant responsive documents that have not been previously produced or filed with the

20  District Court and that can be located through a reasonable search of the documents in

21  their possession, custody, or control.

22

23      221.    Please produce all Documents that refer to or relate to, support or refute the

24  allegation set forth  in Paragraph 131  of the Complaint that,  on or about December 10, 2021, it

25  provided the documentation that it received from its consumer of an "opt-in" to the callat

26  issue to the ITG.

27  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

28  interposed for an improper purpose, such as to harass or to cause unnecessary delay or

1  needless increase in the cost of the litigation. Plaintiffs further object to the Request on

2  the grounds that these documents are in Defendants' possession or control, have been

3  requested by Plaintiffs and, to date, Defendants have not produced them.

4       Subject to and without waiving the Preliminary Statement, General Objections,

5  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

6  relevant responsive documents that have not been previously produced or filed with the

7  District Court and that can be located through a reasonable search of the documents in

8  their possession, custody, or control.

9

10      222.    Please produce all Documents that refer to or relate to, support or refute the

11  allegation set forth in Paragraph 132 of the Complaint that, in December 2021, "[n]either of

12  these websites are (sic) related to Medicare, health insurance, or medicine."

13  **RESPONSE:** Plaintiffs object to this request for the production to the extent that the

14  Request seeks documents already in the custody or control of the Defendants.

15      Subject to and without waiving the Preliminary Statement, General Objections,

16  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

17  relevant responsive documents that have not been previously produced or filed with the

18  District Court and that can be located through a reasonable search of the documents in

19  their possession, custody, or control.

20

21      223.    Please produce all Documents that refer to or relate to, support or refute the

22  allegation set forth in Paragraph 133 of the Complaint that, in December 2021, "the alleged

23  consent for the December 3, 2021, Traceback was for an out-of-service number assigned to

24  a large voice communications provider. The owner of the number would not and couldnot

25  have consented to the call, as it was part of the voice service provider's robocall tracking

26  program.  No end user was assigned to the phone number that could have providedconsent."

27  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

28  overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional

to the needs of the litigation.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

224.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 134 of the Complaint that, "[f]or a similar Medicare call on December 10, 2021, Avid Telecom provided 'proof' of a consumer's consent or 'opt- in' information that was said to have been given on January 24, 2019, through a website of https://www.flashrewards.co/default.aspx."

**RESPONSE:**  Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

225.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 135 of the Complaint that, in December 2021, "[t]his website is (*sic*) not related to Medicare, health insurance, or medicine."

**RESPONSE:**  Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or

1  needless increase in the cost of the litigation. Plaintiffs further object to the Request on

2  the grounds that these documents are in Defendants' possession or control, have been

3  requested by Plaintiffs and, to date, Defendants have not produced them.

4      Subject to and without waiving the Preliminary Statement, General Objections,

5  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

6  relevant responsive documents that have not been previously produced or filed with the

7  District Court and that can be located through a reasonable search of the documents in

8  their possession, custody, or control.

9

10     226.   Please produce all Documents that refer to or relate to, support or refute the

11  allegation set forth in Paragraph 137 of the Complaint that, "[b]etween September 19 and

12  September 21, 2022, Avid Telecom provided ITG with screenshots of websites identifiedby

13  its customer from which the customer had obtained consent to call."

14  **RESPONSE:**  Plaintiffs object to this request for production on the grounds that it is

15  interposed for an improper purpose, such as to harass or to cause unnecessary delay or

16  needless increase in the cost of the litigation. Plaintiffs further object to the Request on

17  the grounds that these documents are in Defendants' possession or control, have been

18  requested by Plaintiffs and, to date, Defendants have not produced them.

19     Subject to and without waiving the Preliminary Statement, General Objections,

20  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

21  relevant responsive documents that have not been previously produced or filed with the

22  District Court and that can be located through a reasonable search of the documents in

23  their possession, custody, or control.

24

25     227.   Please produce all Documents that refer to or relate to, support or refute the

26  allegation set forth in Paragraph 138 of the Complaint that, Defendant Reeves provided ITG

27  with the screenshots shown of a website page identified by its customer from which the

28  customer had obtained consent to call.

1   **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

2   interposed for an improper purpose, such as to harass or to cause unnecessary delay or

3   needless increase in the cost of the litigation. Plaintiffs further object to the Request on

4   the grounds that these documents are in Defendants' possession or control, have been

5   requested by Plaintiffs and, to date, Defendants have not produced them.

6          Subject to and without waiving the Preliminary Statement, General Objections,

7   and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

8   relevant responsive documents that have not been previously produced or filed with the

9   District Court and that can be located through a reasonable search of the documents in

10   their possession, custody, or control.

11

12        228.   Please produce all Documents that refer to or relate to, support or refute the

13   allegation set forth in Paragraph 139 of the Complaint that the recording at the

14   https://portal.tracebacks.org/api/public/attachments/1041845 link  is complete, true  and

15   correct or that the call was actually transited by Avid Telecom.

16   **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

17   interposed for an improper purpose, such as to harass or to cause unnecessary delay or

18   needless increase in the cost of the litigation. Plaintiffs further object to the Request on

19   the grounds that these documents are in Defendants' possession or control, have been

20   requested by Plaintiffs and, to date, Defendants have not produced them.

21          Subject to and without waiving the Preliminary Statement, General Objections,

22   and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

23   relevant responsive documents that have not been previously produced or filed with the

24   District Court and that can be located through a reasonable search of the documents in

25   their possession, custody, or control.

26

27        229.   Please produce all Documents that refer to or relate to, support or refute the

28   allegation set forth in Paragraph 140 of the Complaint that, "[t]he robocall" was in fact

associated with the screenshot included in Paragraph 138 of the Complaint or that the call

with illegal or improper.

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

interposed for an improper purpose, such as to harass or to cause unnecessary delay or

needless increase in the cost of the litigation. Plaintiffs further object to the Request on

the grounds that these documents are in Defendants' possession or control, have been

requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections,

and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

relevant responsive documents that have not been previously produced or filed with the

District Court and that can be located through a reasonable search of the documents in

their possession, custody, or control.

230.    Please produce all Documents that refer to or relate to, support or refute the

allegation set forth in Paragraph 141 of the Complaint that, "[t]he robocall failed to

announce the name of the seller on [whose] behalf the robocall was being made."

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

interposed for an improper purpose, such as to harass or to cause unnecessary delay or

needless increase in the cost of the litigation. Plaintiffs further object to this Request on

the grounds that it is unreasonably cumulative and duplicative. Finally, Plaintiffs object to

the Request on the grounds that these documents are in Defendants' possession or

control, have been requested by Plaintiffs and, to date, Defendants have not produced

them.

Subject to and without waiving the Preliminary Statement, General Objections,

and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

relevant responsive documents that have not been previously produced or filed with the

District Court and that can be located through a reasonable search of the documents in

their possession, custody, or control.

1

2     231.    Please produce all Documents that refer to or relate to, support or refute the

3     allegation set forth in Paragraph 142 of the Complaint that, "[t]his is a clear violation of the

4     TSR."

5     **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

6     interposed for an improper purpose, such as to harass or to cause unnecessary delay or

7     needless increase in the cost of the litigation. Plaintiffs further object to this Request to the

8     extent that it calls for legal conclusions. Plaintiffs object to this request for production to

9     the extent that the Request seeks documents already in the custody or control of the

10    Defendants. Finally, Plaintiffs object to this Request to the extent that it calls for

11    information or analysis that is not yet complete and that is information that is properly the

12    subject of expert discovery. The disclosure and production of expert reports and other

13    expert-related materials will occur in accordance with Rule 26 and the dates set forth in

14    the Case Management Scheduling Order.

15          Subject to and without waiving the Preliminary Statement, General Objections,

16    and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

17    relevant responsive documents that have not been previously produced or filed with the

18    District Court and that can be located through a reasonable search of the documents in

19    their possession, custody, or control.

20

21    232.    Please produce all Documents that refer to or relate to, support or refute the

22    allegation set forth in Paragraph 142 of the Complaint that "Defendants were on notice that

23    their customer was violating the TSR."

24    **RESPONSE:** Plaintiffs object to this Request as unduly burdensome and overly broad to

25    the extent that it seeks documents and information equally available to Defendants,

26    including publicly available documents and information, since, under Rule 26(b)(1), such

27    information is obtainable from another source that is more convenient, less burdensome,

28    and/or less expensive. Plaintiffs further object to the Request on the grounds that these

1  documents are in Defendants' possession or control, have been requested by Plaintiffs and,
2  to date, Defendants have not produced them.

3          Subject to and without waiving the Preliminary Statement, General Objections,
4  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and
5  relevant responsive documents that have not been previously produced or filed with the
6  District Court and that can be located through a reasonable search of the documents in
7  their possession, custody, or control.

8

9          233.    Please produce all Documents that refer to or relate to, support or refute the
10 allegation set forth in Paragraph 143 of the Complaint that, "[t]he website purports to be for
11 nursing jobs in Las Vegas, Nevada and not calls about disability benefits, and was not
12 legitimate or actual proof of consent from a consumer to receive the call that was the subject of
13 the Traceback."

14 **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is
15 interposed for an improper purpose, such as to harass or to cause unnecessary delay or
16 needless increase in the cost of the litigation.

17          Subject to and without waiving the Preliminary Statement, General Objections,
18 and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and
19 relevant responsive documents that have not been previously produced or filed with the
20 District Court and that can be located through a reasonable search of the documents in
21 their possession, custody, or control.

22

23          234.    Please produce all Documents that refer to or relate to, support or refute the
24 allegation set forth in Paragraph 143 of the Complaint that the reference to the website
25 provided by the customer and forwarded by Avid Telecom to the ITG "was not legitimate
26 or actual proof of consent from a consumer to receive the call that was the subject of the
27 Traceback."

28 **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

1  interposed for an improper purpose, such as to harass or to cause unnecessary delay or

2  needless increase in the cost of the litigation.

3         Subject to and without waiving the Preliminary Statement, General Objections,

4  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

5  relevant responsive documents that have not been previously produced or filed with the

6  District Court and that can be located through a reasonable search of the documents in

7  their possession, custody, or control.

8

9         235.   Please produce all Documents that refer to or relate to, support or refute the

10  allegation set forth in Paragraph 144 of the Complaint that, "the grant of consent is to

11  thousands of potential calling entities, which could and should have alerted Defendants their

12  customer lacked proper consent to make these robocalls".

13  **RESPONSE:** Plaintiffs object to this request for production as unduly burdensome and

14  overly broad to the extent that it seeks documents and information equally available to

15  Defendants, including publicly available documents and information, since, under Rule

16  26(b)(1), such information is obtainable from another source that is more convenient, less

17  burdensome, and/or less expensive. Plaintiffs further object to the Request on the grounds

18  that these documents are in Defendants' possession or control, have been requested by

19  Plaintiffs and, to date, Defendants have not produced them.

20         Subject to and without waiving the Preliminary Statement, General Objections,

21  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

22  relevant responsive documents that have not been previously produced or filed with the

23  District Court and that can be located through a reasonable search of the documents in

24  their possession, custody, or control.

25

26         236.   Please produce all Documents that refer to or relate to, support or refute the

27  allegation set forth in Paragraph 145 of the Complaint that, "[f]or a call related to Social

28  Security Disability Consultant, Reeves provided this screenshot as proof of consent:"

1  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

2  interposed for an improper purpose, such as to harass or to cause unnecessary delay or

3  needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

4  grounds that these documents are in Defendants' possession or control, have been

5  requested by Plaintiffs and, to date, Defendants have not produced them.

6      Subject to and without waiving the Preliminary Statement, General Objections,

7  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

8  relevant responsive documents that have not been previously produced or filed with the

9  District Court and that can be located through a reasonable search of the documents in

10  their possession, custody, or control.

11

12      237.   Please produce all Documents that refer to or relate to, support or refute the

13  allegation set forth in Paragraph 146 of the Complaint that the recording at the

14  https://portal.tracebacks.org/api/public/attachments/1041847 link  is complete, true  and

15  correct or that the call was actually transited by Avid Telecom.

16  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

17  interposed for an improper purpose, such as to harass or to cause unnecessary delay or

18  needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

19  grounds that these documents are in Defendants' possession or control, have been

20  requested by Plaintiffs and, to date, Defendants have not produced them.

21      Subject to and without waiving the Preliminary Statement, General Objections,

22  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

23  relevant responsive documents that have not been previously produced or filed with the

24  District Court and that can be located through a reasonable search of the documents in

25  their possession, custody, or control.

26

27      238.   Please produce all Documents that refer to or relate to, support or refute the

28  allegation set forth in Paragraph 147 of the Complaint that, "[t]he robocall" was in fact

associated with the screenshot or that the call was illegal or improper.

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

239.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 148 of the Complaint that, "[t]he robocall failed to announce the name of the seller on behalf the robocall was being made."

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object to this Request as it is unreasonably cumulative or duplicative. Finally, Plaintiffs object to this Request to the extent that it seeks documents already in the custody or control of Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

240.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 149 of the Complaint that, "[t]his is a clear violation of the

TS and Defendants were on notice that their customer was violating the TSR.

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object to this Request as it calls for legal conclusions. Plaintiffs object to this Request to the extent that it seeks documents already in the custody or control of Defendants. Finally, Plaintiffs object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

241.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 150 of the Complaint that, "[t]his consent form purports to give to thousands of different people or entities consent to call the consumer, which should have alerted Defendants their customer lacked proper consent to make these robocalls."

**RESPONSE:** Plaintiffs object to this request for production on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs, and, to date, Defendants have not produced them. Plaintiffs further object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Subject to and without waiving the Preliminary Statement, General Objections,

1   and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

2   relevant responsive documents that have not been previously produced or filed with the

3   District Court and that can be located through a reasonable search of the documents in

4   their possession, custody, or control.

5

6       242.    Please produce all Documents that refer to or relate to, support or refute the

7   allegation set forth in Paragraph 151 of the Complaint that, "[f]or an auto warranty call,

8   Reeves provided this screenshot:"

9   **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

10  interposed for an improper purpose, such as to harass or to cause unnecessary delay or

11  needless increase in the cost of the litigation. Plaintiffs further object to this request for

12  production to the extent that the Request seeks documents already in the custody or

13  control of the Defendants.

14      Subject to and without waiving the Preliminary Statement, General Objections,

15  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

16  relevant responsive documents that have not been previously produced or filed with the

17  District Court and that can be located through a reasonable search of the documents in

18  their possession, custody, or control.

19

20      243.    Please produce all Documents that refer to or relate to, support or refute the

21  allegation set forth in Paragraph 152 of the Complaint that the recording at the

22  https://portal.tracebacks.org/api/public/attachments/1043172 link is complete, true and

23  correct or that the call was actually transited by Avid Telecom.

24  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

25  interposed for an improper purpose, such as to harass or to cause unnecessary delay or

26  needless increase in the cost of the litigation. Plaintiffs further object to this request for

27  production to the extent that the Request seeks documents already in the custody or

28  control of the Defendants.

1    Subject to and without waiving the Preliminary Statement, General Objections,

2  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

3  relevant responsive documents that have not been previously produced or filed with the

4  District Court and that can be located through a reasonable search of the documents in

5  their possession, custody, or control.

6

7    244.    Please produce all Documents that refer to or relate to, support or refute the

8  allegation set forth in Paragraph 154 of the Complaint that, "[t]he robocall failed to

9  announce the name of the seller on behalf the robocall was being made."

10  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

11  interposed for an improper purpose, such as to harass or to cause unnecessary delay or

12  needless increase in the cost of the litigation. Plaintiffs object to this Request as

13  unreasonably cumulative or duplicative. Plaintiffs further object to this request for

14  production to the extent that the Request seeks documents already in the custody or

15  control of the Defendants.

16    Subject to and without waiving the Preliminary Statement, General Objections,

17  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

18  relevant responsive documents that have not been previously produced or filed with the

19  District Court and that can be located through a reasonable search of the documents in

20  their possession, custody, or control.

21

22    245.    Please produce all Documents that refer to or relate to, support or refute the

23  allegation set forth in Paragraph 155 of the Complaint that, "[t]his is a clear violation of the

24  TSR, and Defendants were on notice that their customer was violating the TSR."

25  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

26  interposed for an improper purpose, such as to harass or to cause unnecessary delay or

27  needless increase in the cost of the litigation. Plaintiffs further object to this request for

28  production to the extent that the Request seeks documents already in the custody or

1  control of the Defendants. Plaintiffs object to this Request as it calls for legal conclusions.

2  Finally, Plaintiffs object to this Request to the extent that it calls for information or

3  analysis that is not yet complete and that is information that is properly the subject of

4  expert discovery. The disclosure and production of expert reports and other expert-related

5  materials will occur in accordance with Rule 26 and the dates set forth in the Case

6  Management Scheduling Order.

7      Subject to and without waiving the Preliminary Statement, General Objections,

8  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

9  relevant responsive documents that have not been previously produced or filed with the

10  District Court and that can be located through a reasonable search of the documents in

11  their possession, custody, or control.

12

13      246.    Please produce all Documents that refer to or relate to, support or refute the

14  allegation set forth in Paragraph 156 of the Complaint that, "[t]he website purports to be for

15  nursing jobs in Nevada and not information about auto warranties or auto warranty calls."

16  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

17  interposed for an improper purpose, such as to harass or to cause unnecessary delay or

18  needless increase in the cost of the litigation. Plaintiffs further object to this request for

19  production to the extent that the Request seeks documents already in the custody or

20  control of the Defendants.

21      Subject to and without waiving the Preliminary Statement, General Objections,

22  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

23  relevant responsive documents that have not been previously produced or filed with the

24  District Court and that can be located through a reasonable search of the documents in

25  their possession, custody, or control.

26

27      247.    Please produce all Documents that refer to or relate to, support or refute the

28  allegation set forth in Paragraph 156 of the Complaint that "was not legitimate or actual

proof of consent from a consumer to receive the call that was the subject of the Traceback."

**RESPONSE:** Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

248.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 157 of the Complaint that, "the grant of consent is to thousands of potential calling entities, which could and should have alerted Defendants their customer lacked proper consent to make these robocalls."

**RESPONSE:** Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the

1  District Court and that can be located through a reasonable search of the documents in

2  their possession, custody, or control.

3

4      249.    Please produce all Documents that refer to or relate to, support or refute the

5  allegation set forth in Paragraph 156 of the Complaint that 159 of the Complaint that the

6  recording   at   the   https://portal.tracebacks.org/api/public/attachments/1043174   link   is

7  complete, true and correct or that the call was actually transited by Avid Telecom.

8  **RESPONSE:** Plaintiffs object to this request for production to the extent that it

9  mischaracterizes the Plaintiffs' Complaint. Plaintiffs further object to this Request as

10  unintelligible. Finally, Plaintiffs object to the Request on the grounds that these documents

11  are in Defendants' possession or control, have been requested by Plaintiffs and, to date,

12  Defendants have not produced them.

13      Subject to and without waiving the Preliminary Statement, General Objections,

14  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

15  relevant responsive documents that have not been previously produced or filed with the

16  District Court and that can be located through a reasonable search of the documents in

17  their possession, custody, or control.

18

19      250.    Please produce all Documents that refer to or relate to, support or refute the

20  allegation set forth in Paragraph 160 of the Complaint that, "[t]he robocall" was in fact

21  associated with the screenshot, that the call was actually transited by Avid Telecom or that

22  the call was illegal or improper.

23  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

24  interposed for an improper purpose, such as to harass or to cause unnecessary delay or

25  needless increase in the cost of the litigation. Plaintiffs further object to this Request as it

26  is a compound request. Finally, Plaintiffs object to this Request to the extent that it seeks

27  documents already in the custody or control of the Defendants.

28      Subject to and without waiving the Preliminary Statement, General Objections,

1    and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

2    relevant responsive documents that have not been previously produced or filed with the

3    District Court and that can be located through a reasonable search of the documents in

4    their possession, custody, or control.

5

6        251.    Please produce all Documents that refer to or relate to, support or refute the

7    allegation set forth in Paragraph 161 of the Complaint that, "[t]he robocall failed to

8    announce the name of the seller on behalf the robocall was being made."

9    **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

10   interposed for an improper purpose, such as to harass or to cause unnecessary delay or

11   needless increase in the cost of the litigation. Plaintiffs further object to this Request as it

12   is unreasonably cumulative or duplicative. Plaintiffs object to this Request to the extent

13   that it seeks documents already in the custody or control of the Defendants.

14       Subject to and without waiving the Preliminary Statement, General Objections,

15   and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

16   relevant responsive documents that have not been previously produced or filed with the

17   District Court and that can be located through a reasonable search of the documents in

18   their possession, custody, or control.

19

20       252.    Please produce all Documents that refer to or relate to, support or refute the

21   allegation set forth in Paragraph 162 of the Complaint that, "[t]his is a clear violation of the

22   TSR and Defendants were on notice that their customer was violating the TSR."

23   **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

24   interposed for an improper purpose, such as to harass or to cause unnecessary delay or

25   needless increase in the cost of the litigation. Plaintiffs further object to this Request as it

26   calls for legal conclusions. Plaintiffs object to this Request to the extent that it seeks

27   documents already in the custody or control of the Defendants. Finally, Plaintiffs object to

28   this Request to the extent that it calls for information or analysis that is not yet complete

and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

253.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 163 of the Complaint that, "[t]he website purports to be for trying free products and not information about auto warranties or auto warranty calls, and was not legitimate or actual proof of consent from a consumer to receive the call that was the subject of the Traceback."

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

254.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 164 of the Complaint that, "[f]urther, the grant of consent is to thousands of potential calling entities, which should have alerted Defendants their customer lacked proper consent to make these robocalls."

**RESPONSE:** Plaintiffs object to this Request as unduly burdensome and overly broad to

the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Additionally, Plaintiffs object to this Request to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

255.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 165 of the Complaint that, "[f]or another auto warranty call, Reeves provided this screenshot:"

**RESPONSE:** Plaintiffs object to this Request on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Additionally, Plaintiffs object to this Request to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

256.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 166 of the Complaint that the recording at the https://portal.tracebacks.org/api/public/attachments/1043262 link  is complete, true  and correct or that the call was actually transited by Avid Telecom.

1    **RESPONSE:** Plaintiffs object to this Request on the grounds that it is overbroad, unduly

2    burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the

3    litigation. Additionally, Plaintiffs object to the Request on the grounds that these documents

4    are in Defendants' possession or control, have been requested by Plaintiffs and, to date,

5    Defendants have not produced them.

6         Subject to and without waiving the Preliminary Statement, General Objections, and

7    specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

8    responsive documents that have not been previously produced or filed with the District

9    Court and that can be located through a reasonable search of the documents in their

10   possession, custody, or control.

11

12        257.   Please produce all Documents that refer to or relate to, support or refute the

13   allegation set forth in Paragraph 167 of the Complaint that, "[t]he robocall" was in fact

14   associated with the screenshot or that the call was illegal or improper.

15   **RESPONSE:** Plaintiffs object to the Request on the grounds that these documents are in

16   Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants

17   have not  produced them.  Additionally, Plaintiffs object to this Request on the grounds that

18   it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or

19   needless increase in the cost of the litigation.

20        Subject to and without waiving the Preliminary Statement, General Objections, and

21   specific objections the Plaintiffs will produce non-privileged, non-duplicative, and relevant

22   responsive documents that have not been previously produced or filed with the District

23   Court and that can be located through a reasonable search of the documents in their

24   possession, custody, or control.

25

26        258.   Please produce all Documents that refer to or relate to, support or refute the

27   allegation set forth in Paragraph 168 of the Complaint that, "[t]he robocall failed to

28   announce the name of the seller on behalf the robocall was being made."

1   **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is
2   interposed for an improper purpose, such as to harass or to cause unnecessary delay or
3   needless increase in the cost of the litigation. Plaintiffs further object to this Request by
4   asserting that the recording of the robocall, which is included in paragraph 166 of Plaintiffs'
5   Complaint, speaks for itself.

6        Subject to and without waiving the Preliminary Statement, General Objections, and
7   specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
8   responsive documents that have not been previously produced or filed with the District Court
9   and that can be located through a reasonable search of the documents in their possession,
10  custody, or control.

11

12       259.   Please produce all Documents that refer to or relate to, support or refute the
13  allegation set forth in Paragraph 169 of the Complaint that, "[t]his is a clear violation of the
14  TSR, and Defendants were on notice that their customer was violating the TSR."

15  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is
16  interposed for an improper purpose, such as to harass or to cause unnecessary delay or
17  needless increase in the cost of the litigation. Plaintiffs object to this request for production to
18  the extent that the Request seeks documents already in the custody or control of the
19  Defendants. Plaintiffs further object to this Request to the extent that it calls for legal
20  conclusions. Finally, Plaintiffs object to this Request to the extent that it calls for information
21  or analysis that is not yet complete and that is information that is properly the subject of expert
22  discovery. The disclosure and production of expert reports and other expert-related materials
23  will occur in accordance with Rule 26 and the dates set forth in the Case Management
24  Scheduling Order.

25       Subject to and without waiving the Preliminary Statement, General Objections, and
26  specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
27  responsive documents that have not been previously produced or filed with the District
28  Court and that can be located through a reasonable search of the documents in their

1    possession, custody, or control.

2

3    260.    Please produce all Documents that refer to or relate to, support or refute the

4    allegation set forth in Paragraph 170 of the Complaint that, "[t]he website purports to be

5    for refinance programs or mortgage programs and not information about auto warranties or

6    auto warranty calls, and was not legitimate or actual proof of consent from a consumer to

7    receive the call that was the subject of the Traceback."

8    **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

9    interposed for an improper purpose, such as to harass or to cause unnecessary delay or

10   needless increase in the cost of the litigation. Plaintiffs further object to this request for

11   production to the extent that the Request seeks documents already in the custody or control

12   of the Defendants. Finally, Plaintiffs object to this Request by asserting that the website, a

13   screenshot of which is included in Plaintiffs' Complaint at paragraph 165, speaks for itself.

14   Subject to and without waiving the Preliminary Statement, General Objections, and

15   specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

16   responsive documents that have not been previously produced or filed with the District Court

17   and that can be located through a reasonable search of the documents in their possession,

18   custody, or control.

19

20   261.    Please produce all Documents that refer to or relate to, support or refute the

21   allegation set forth in Paragraph 171 of the Complaint that, "[f]urther, the grant of consent is

22   to thousands of potential calling entities, which should have alerted Defendants their

23   customer lacked proper consent to make these robocalls."

24   **RESPONSE:** Plaintiffs object to this Request as unduly burdensome and overly broad to the

25   extent that it seeks documents and information equally available to Defendants, including

26   publicly available documents and information, since, under Rule 26(b)(1), such information

27   is obtainable from another source that is more convenient, less burdensome, and/or less

28   expensive. Additionally, Plaintiffs object to the Request on the grounds that these documents

1  are in Defendants' possession or control, have been requested by Plaintiffs and, to date,

2  Defendants have not  produced them.

3      Subject to and without waiving the Preliminary Statement, General Objections, and

4  specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

5  responsive documents that have not been previously produced or filed with the District

6  Court and that can be located through a reasonable search of the documents in their

7  possession, custody, or control.

8

9      262.  Please produce all Documents that refer to or relate to, support or refute the

10  allegation set forth in Paragraph 173 of the Complaint that, "[a]ll these notices and the

11  obvious lack of consent make clear that this call traffic was part of one or more illegal

12  robocall schemes."

13  **RESPONSE:** Plaintiffs object to this Request to the extent that it calls for a legal conclusion.

14  Plaintiffs further object to the Request on the grounds that these documents are in Defendants'

15  possession or control, have been requested by Plaintiffs and, to date, Defendants have not

16  produced them. Finally, Plaintiffs object to this Request as unduly burdensome and overly

17  broad to the extent that it seeks documents and information equally available to Defendants,

18  including publicly available documents and information, since, under Rule 26(b)(1), such

19  information is obtainable from another source that is more convenient, less burdensome,

20  and/or less expensive.

21      Subject to and without waiving the Preliminary Statement, General Objections, and

22  specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

23  responsive documents that have not been previously produced or filed with the District Court

24  and that can be located through a reasonable search of the documents in their possession,

25  custody, or control.

26

27      263.  Please produce all Documents that refer to or relate to, support or refute the

28  allegation set forth in Paragraph 174 that on "March 10, 2023, Reeves responded to another

Traceback—ITG Traceback No. 12443—with evidence of alleged consent."

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Additionally, Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

264.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 176 that, on or about "March 10, 2023, Reeves responded to another Traceback—ITG Traceback No. 12480—as follows: "Although customer as valid opt-in as shown above, the number has been added to their global do not call list in order to resolve this consumer complaint. The number has also been blocked in Avid's switch."

**RESPONSE:** Plaintiffs object to this Request to the extent that it misquotes the Plaintiffs' Complaint. Additionally, Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in

1   their possession, custody, or control.

2

3        265.   Please produce all Documents that refer to or relate to, support or refute the

4   allegation set forth in Paragraph 177 of the Complaint that, "[a]n ITG representative

5   responded" and that the ITG "continue[d]" to investigate the call at issue.

6   **RESPONSE:**  Plaintiffs object to this Request to the extent that it misquotes the

7   Plaintiffs' Complaint. Additionally, Plaintiffs object to this request for production on the

8   grounds that it is interposed for an improper purpose, such as to harass or to cause

9   unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object

10   to the Request on the grounds that these documents are in Defendants' possession or

11   control, have been requested by Plaintiffs and, to date, Defendants have not produced

12   them.

13        Subject to and without waiving the Preliminary Statement, General Objections,

14   and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

15   relevant responsive documents that have not been previously produced or filed with the

16   District Court and that can be located through a reasonable search of the documents in

17   their possession, custody, or control.

18

19        266.   Please produce all Documents that refer to or relate to, support or refute the

20   allegation set forth in Paragraph 178 of the Complaint that, Avid Telecom continues to route

21   this customer's robocalls."

22   **RESPONSE:**  Plaintiffs object to this request for production on the grounds that it is

23   interposed for an improper purpose, such as to harass or to cause unnecessary delay or

24   needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

25   grounds that these documents are in Defendants' possession or control, have been

26   requested by Plaintiffs and, to date, Defendants have not produced them.

27        Subject to and without waiving the Preliminary Statement, General Objections,

28   and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

1  relevant responsive documents that have not been previously produced or filed with the
2  District Court and that can be located through a reasonable search of the documents in
3  their possession, custody, or control.

4

5    267.   Please produce all Documents that refer to or relate to, support or refute the
6  allegation set forth in Paragraph 179 of the Complaint that, they "were on notice from
7  downstream providers that their customers were sending identified and suspected illegal
8  traffic, which included illegal robocalls."

9  **RESPONSE:**  Plaintiffs object to this request for production on the grounds that it is
10  interposed for an improper purpose, such as to harass or to cause unnecessary delay or
11  needless increase in the cost of the litigation. Plaintiffs further object to the Request on the
12  grounds that these documents are in Defendants' possession or control, have been
13  requested by Plaintiffs and, to date, Defendants have not produced them.

14    Subject to and without waiving the Preliminary Statement, General Objections,
15  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and
16  relevant responsive documents that have not been previously produced or filed with the
17  District Court and that can be located through a reasonable search of the documents in
18  their possession, custody, or control.

19

20    268.   Please produce all Documents that refer to or relate to, support or refute the
21  allegation set forth in Paragraph 180 of the Complaint that, "[o]n March 3, 2020, Talkie
22  Communications ("Talkie") notified via email, Avid Telecom that Avid was sending 'toll
23  free pumping/spoofing' calls."

24  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is
25  interposed for an improper purpose, such as to harass or to cause unnecessary delay or
26  needless increase in the cost of the litigation. Plaintiffs further object to the Request on the
27  grounds that these documents are in Defendants' possession or control, have been
28  requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

269.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 182 of the Complaint that, "[o]n March 11, 2020, Talkie Communications ("Talkie") notified via email, Avid Telecom that Talkie had received several complaints (*sic*) Avid Telecom was sending a 'Google business verification scam.'"

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

270.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 182 of the Complaint that Avid Telecom took prompt action to address the issued, responding to the notice, saying, "[t]he ORIG number was blocked, and the upstream carrier was notified."

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

271.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 184 of the Complaint that, "[o]n April 15, 2020, a Red Telecom, LLC employee Skype messaged Lansky that "he was sending a TON of spoofed Social Security scam calls."

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

272.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 188 of the Complaint that "blocking robocall traffic to an area code—which Plaintiffs allege in this Complaint was required upon notice of potentially illegal traffic—is another indication Defendants knew their traffic was illegal"and the allegation that it blocked the traffic because it was "likely to draw an investigationby the

1 | Vermont Attorney General."

2 | **RESPONSE:** Plaintiffs object to this Request on the grounds that it is unintelligible,

3 | vague, and ambiguous. Plaintiffs further object to this Request to the extent that it

4 | misquotes Plaintiffs' Complaint.

5 | Subject to and without waiving the Preliminary Statement, General Objections,

6 | and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

7 | relevant responsive documents that have not been previously produced or filed with the

8 | District Court and that can be located through a reasonable search of the documents in

9 | their possession, custody, or control.

10 |

11 | 273. Please produce all Documents that refer to or relate to, support or refute the

12 | allegation set forth in Paragraph 189 of the Complaint that, "[o]n March 25, 2022, in a Skype

13 | chat, Reeves notified Red Telecom that, 'Most of my high short duration traffic willnow be

14 | coming to you signed with an A.'"

15 | **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

16 | interposed for an improper purpose, such as to harass or to cause unnecessary delay or

17 | needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

18 | grounds that these documents are in Defendants' possession or control, have been

19 | requested by Plaintiffs and, to date, Defendants have not produced them.

20 | Subject to and without waiving the Preliminary Statement, General Objections, and

21 | specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

22 | relevant responsive documents that have not been previously produced or filed with the

23 | District Court and that can be located through a reasonable search of the documents in

24 | their possession, custody, or control.

25 |

26 | 274. Please produce all Documents that refer to or relate to, support or refute the

27 | allegation set forth in Paragraph 190 of the Complaint that, "[o]n On May 5, 2022, in a

28 | Skype chat, when discussing a third-party call blocking feature, Reeves wrote to Red

1 Telecom that she was turning it off for some customers."

2 **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

3 interposed for an improper purpose, such as to harass or to cause unnecessary delay or

4 needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

5 grounds that these documents are in Defendants' possession or control, have been

6 requested by Plaintiffs and, to date, Defendants have not produced them.

7      Subject to and without waiving the Preliminary Statement, General Objections,

8 and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

9 relevant responsive documents that have not been previously produced or filed with the

10 District Court and that can be located through a reasonable search of the documents in

11 their possession, custody, or control.

12

13      275.   Please produce all Documents that refer to or relate to, support or refute the

14 allegation set forth in Paragraph 191 of the Complaint that, "[o]n July 11, 2022, in a Skype

15 chat, Red Telecom notified Reeves of a Traceback, regarding calls impersonating Amazon."

16 **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

17 interposed for an improper purpose, such as to harass or to cause unnecessary delay or

18 needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

19 grounds that these documents are in Defendants' possession or control, have been

20 requested by Plaintiffs and, to date, Defendants have not produced them.

21      Subject to and without waiving the Preliminary Statement, General Objections,

22 and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

23 relevant responsive documents that have not been previously produced or filed with the

24 District Court and that can be located through a reasonable search of the documents in

25 their possession, custody, or control.

26

27      276.   Please produce all Documents that refer to or relate to, support or refute the

28 allegation set forth in Paragraph 192 of the Complaint that, "Reeves responded: 'Nice-just

1   perfect.'"

2   **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

3   interposed for an improper purpose, such as to harass or to cause unnecessary delay or

4   needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

5   grounds that these documents are in Defendants' possession or control, have been

6   requested by Plaintiffs and, to date, Defendants have not produced them.

7        Subject to and without waiving the Preliminary Statement, General Objections,

8   and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

9   relevant responsive documents that have not been previously produced or filed with the

10   District Court and that can be located through a reasonable search of the documents in

11   their possession, custody, or control.

12

13        277.   Please produce all Documents that refer to or relate to, support or refute the

14   allegation set forth in Paragraph 193 of the Complaint that, "[o]n July 21, 2022, in a Skype

15   chat, Red Telecom notified Reeves of the FCC enforcement action against Sumco Panama."

16   **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

17   interposed for an improper purpose, such as to harass or to cause unnecessary delay or

18   needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

19   grounds that these documents are in Defendants' possession or control, have been

20   requested by Plaintiffs and, to date, Defendants have not produced them.

21        Subject to and without waiving the Preliminary Statement, General Objections,

22   and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

23   relevant responsive documents that have not been previously produced or filed with the

24   District Court and that can be located through a reasonable search of the documents in

25   their possession, custody, or control.

26

27        278.   Please produce all Documents that refer to or relate to, support or refute the

28   allegation set forth in Paragraph 194 of the Complaint that, "Reeves responded: 'I just saw

1   that.'"

2   **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

3   interposed for an improper purpose, such as to harass or to cause unnecessary delay or

4   needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

5   grounds that these documents are in Defendants' possession or control, have been

6   requested by Plaintiffs and, to date, Defendants have not produced them.

7          Subject to and without waiving the Preliminary Statement, General Objections,

8   and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

9   relevant responsive documents that have not been previously produced or filed with the

10  District Court and that can be located through a reasonable search of the documents in

11  their possession, custody, or control.

12

13         279.    Please produce all Documents that refer to or relate to, support or refute the

14  allegation set forth in Paragraph 195 of the Complaint that, "October 5, 2022, in a Skype

15  chat, Reeves described to Red Telecom that one of Avid Telecom's customers was a

16  'turnkey solution for call centers.'"

17  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

18  interposed for an improper purpose, such as to harass or to cause unnecessary delay or

19  needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

20  grounds that these documents are in Defendants' possession or control, have been

21  requested by Plaintiffs and, to date, Defendants have not produced them.

22         Subject to and without waiving the Preliminary Statement, General Objections,

23  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

24  relevant responsive documents that have not been previously produced or filed with the

25  District Court and that can be located through a reasonable search of the documents in

26  their possession, custody, or control.

27

28         280.    Please produce all Documents that refer to or relate to, support or refute the

1  allegation set forth in Paragraph 196 of the Complaint that, "[o]n October 11, 2022, in a
2  Skype chat, Reeves, regarding a third-party provider's honeypots, wrote to Red Telecom:
3  'and now I know what his honeypot AI sounds like. At least for now because I's sure he
4  will change it.'"

5  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is
6  interposed for an improper purpose, such as to harass or to cause unnecessary delay or
7  needless increase in the cost of the litigation. Plaintiffs further object to the Request on the
8  grounds that these documents are in Defendants' possession or control, have been
9  requested by Plaintiffs and, to date, Defendants have not produced them.

10     Subject to and without waiving the Preliminary Statement, General Objections,
11  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and
12  relevant responsive documents that have not been previously produced or filed with the
13  District Court and that can be located through a reasonable search of the documents in
14  their possession, custody, or control.

15

16     281.   Please produce all Documents that refer to or relate to, support or refute the
17  allegation set forth in Paragraph 197 of the Complaint that, "On December 9, 2022, in a
18  Skype chat, Red Telecom inquired about Avid Telecom's lower traffic.  Reeves responded:
19  'Many insurance campaigns are over, (sic) so this may be the volume through the end of the
20  year.'"

21  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is
22  interposed for an improper purpose, such as to harass or to cause unnecessary delay or
23  needless increase in the cost of the litigation. Plaintiffs further object to the Request on the
24  grounds that these documents are in Defendants' possession or control, have been
25  requested by Plaintiffs and, to date, Defendants have not produced them.

26     Subject to and without waiving the Preliminary Statement, General Objections,
27  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and
28  relevant responsive documents that have not been previously produced or filed with the

District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

282.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 198 of the Complaint that, "[o]n January 3, 2023, in a Skype chat, Red Telecom followed up on why the traffic was still slow. Reeves responded:'they've slowed down their dialing. New campaigns won't start until mid Jan.'"

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

283.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 199 of the Complaint that, "[o]n December 16, 2020, Verizon send Lansky a letter regarding the 'very large volume of' robocalls Avid Telecom was routing to Verizon."

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections,

1  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

2  relevant responsive documents that have not been previously produced or filed with the

3  District Court and that can be located through a reasonable search of the documents in

4  their possession, custody, or control.

5

6       284.    Please produce all Documents that refer to or relate to, support or refute the

7  allegation set forth in Paragraph 200 of the Complaint that, "[o]n December 16, 2020,

8  Lansky responded: 'I have asked that our VP of Operations quickly and thoroughly review

9  our traffic to Verizon and make adjustments as necessary to remove as much of this traffic

10 as possible, as quickly as possible. We understand the problematic issues that this type of

11 traffic produces and clearly are willing to work with Verizon to do everything possible to

12 mitigate this traffic altogether."

13 **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

14 interposed for an improper purpose, such as to harass or to cause unnecessary delay or

15 needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

16 grounds that these documents are in Defendants' possession or control, have been

17 requested by Plaintiffs and, to date, Defendants have not produced them.

18      Subject to and without waiving the Preliminary Statement, General Objections,

19 and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

20 relevant responsive documents that have not been previously produced or filed with the

21 District Court and that can be located through a reasonable search of the documents in

22 their possession, custody, or control.

23

24      285.    Please produce all Documents that refer to or relate to, support or refute the

25 allegation set forth in Paragraph 201 of the Complaint that, "[o]n January 20, 2021, Verizon

26 notified Lansky that Verizon was shutting off Avid Telecom's traffic because of

27 'unacceptable levels of illegal or unwanted calls.'"

28 **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

1  interposed for an improper purpose, such as to harass or to cause unnecessary delay or

2  needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

3  grounds that these documents are in Defendants' possession or control, have been

4  requested by Plaintiffs and, to date, Defendants have not produced them.

5      Subject to and without waiving the Preliminary Statement, General Objections,

6  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

7  relevant responsive documents that have not been previously produced or filed with the

8  District Court and that can be located through a reasonable search of the documents in

9  their possession, custody, or control.

10

11      286.    Please produce all Documents that refer to or relate to, support or refute the

12  allegation set forth in Paragraph 202 of the Complaint that, "Lansky responded: 'We of

13  course have not been sending you any traffic as your pricing has not been winning any. We

14  term over 10 million mins a day of voice traffic with Verizon winning only a few dollars of

15  it."

16  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

17  interposed for an improper purpose, such as to harass or to cause unnecessary delay or

18  needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

19  grounds that these documents are in Defendants' possession or control, have been

20  requested by Plaintiffs and, to date, Defendants have not produced them.

21      Subject to and without waiving the Preliminary Statement, General Objections,

22  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

23  relevant responsive documents that have not been previously produced or filed with the

24  District Court and that can be located through a reasonable search of the documents in

25  their possession, custody, or control.

26

27      287.    Please produce all Documents that refer to or relate to, support or refute the

28  allegation set forth in Paragraph 203 of the Complaint that, "[o]n September 13, 2021,

Call48 notified Avid Telecom of a 'high volume of SPAM calls" regarding auto warranty messages.'"

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

288.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 204 of the Complaint that, "Reeves responded: "These calls are not considered spam. Our customer has Opt-Ins for their calls, and, as you know, uses valid ANIs."

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

289.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 205 of the Complaint that, "[o]n October 19, 2021, Call48 notified Reeves of auto warranty robocalls being sent to someone whose number had been listed on the National DNC Registry since 2006."

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

290.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 206 of the Complaint that, "Reeves responded: 'We have blocked the destination number on Avid's network and have requested that number be removed from the customer call list."

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in

1   their possession, custody, or control.

2

3      291.    Please produce all Documents that refer to or relate to, support or refute the

4   allegation set forth in Paragraph 207 of the Complaint that, "[o]n November 1, 2021, Call48

5   notified Avid Telecom of robocalls from "Senior Aid Helper" to someone who was on the

6   National DNC Registry.

7   **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

8   interposed for an improper purpose, such as to harass or to cause unnecessary delay or

9   needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

10  grounds that these documents are in Defendants' possession or control, have been

11  requested by Plaintiffs and, to date, Defendants have not produced them.

12      Subject to and without waiving the Preliminary Statement, General Objections,

13  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

14  relevant responsive documents that have not been previously produced or filed with the

15  District Court and that can be located through a reasonable search of the documents in

16  their possession, custody, or control.

17

18      292.    Please produce all Documents that refer to or relate to, support or refute the

19  allegation set forth in Paragraph 208 of the Complaint that, "Reeves responded: "We have

20  blocked the destination number . . . on Avid's switch and have requested that our customer

21  remove the number from their call list."

22  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

23  interposed for an improper purpose, such as to harass or to cause unnecessary delay or

24  needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

25  grounds that these documents are in Defendants' possession or control, have been

26  requested by Plaintiffs and, to date, Defendants have not produced them.

27      Subject to and without waiving the Preliminary Statement, General Objections,

28   and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

1  relevant responsive documents that have not been previously produced or filed with the

2  District Court and that can be located through a reasonable search of the documents in

3  their possession, custody, or control.

4

5      293.    Please produce all Documents that refer to or relate to, support or refute the

6  allegation set forth in Paragraph 209 of the Complaint that, "[o]n November 8, 2021, Call48

7  notified Avid Telecom of unwanted calls to a phone number on the National DNC Registry."

8  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

9  interposed for an improper purpose, such as to harass or to cause unnecessary delay or

10  needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

11  grounds that these documents are in Defendants' possession or control, have been

12  requested by Plaintiffs and, to date, Defendants have not produced them.

13      Subject to and without waiving the Preliminary Statement, General Objections,

14  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

15  relevant responsive documents that have not been previously produced or filed with the

16  District Court and that can be located through a reasonable search of the documents in

17  their possession, custody, or control.

18

19      294.    Please produce all Documents that refer to or relate to, support or refute the

20  allegation set forth in Paragraph 210 of the Complaint that, Reeves responded: "[w]e have

21  blocked the destination number on Avid's switch and have requested that our customer

22  remove the number from their call list."

23  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

24  interposed for an improper purpose, such as to harass or to cause unnecessary delay or

25  needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

26  grounds that these documents are in Defendants' possession or control, have been

27  requested by Plaintiffs and, to date, Defendants have not produced them.

28      Subject to and without waiving the Preliminary Statement, General Objections,

1  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

2  relevant responsive documents that have not been previously produced or filed with the

3  District Court and that can be located through a reasonable search of the documents in

4  their possession, custody, or control.

5

6      295.    Please produce all Documents that refer to or relate to, support or refute the

7  allegation set forth in Paragraph 211 of the Complaint that, Reeves responded: "[t]o further

8  confirm, our customer complies with TCPA guidelines. Calls are made based on Opt Ins

9  only."

10 **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

11 interposed for an improper purpose, such as to harass or to cause unnecessary delay or

12 needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

13 grounds that these documents are in Defendants' possession or control, have been

14 requested by Plaintiffs and, to date, Defendants have not produced them.

15      Subject to and without waiving the Preliminary Statement, General Objections,

16 and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

17 relevant responsive documents that have not been previously produced or filed with the

18 District Court and that can be located through a reasonable search of the documents in

19 their possession, custody, or control.

20

21      296.    Please produce all Documents that refer to or relate to, support or refute the

22 allegation set forth in Paragraph 212 of the Complaint that, "[o]n January 21, 2022, Call48

23 notified Lansky and Reeves that: "My guys are complaining that you are sending his dialer traffic

24 down 2 of the 3 conversational trunks again and they are at risk of being shut downfor good.

25 Can you do what you can to clean this up and get them off my back?"

26 **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

27 interposed for an improper purpose, such as to harass or to cause unnecessary delay or

28 needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

1  grounds that these documents are in Defendants' possession or control, have been

2  requested by Plaintiffs and, to date, Defendants have not produced them.

3       Subject to and without waiving the Preliminary Statement, General Objections,

4  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

5  relevant responsive documents that have not been previously produced or filed with the

6  District Court and that can be located through a reasonable search of the documents in

7  their possession, custody, or control.

8

9       297.    Please produce all Documents that refer to or relate to, support or refute the

10  allegation set forth in Paragraph 213 of the Complaint that, "[o]n January 25, 2022, Call48

11  followed up that they were shutting down the route because the stats were too bad."

12  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

13  interposed for an improper purpose, such as to harass or to cause unnecessary delay or

14  needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

15  grounds that these documents are in Defendants' possession or control, have been

16  requested by Plaintiffs and, to date, Defendants have not produced them.

17       Subject to and without waiving the Preliminary Statement, General Objections,

18  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

19  relevant responsive documents that have not been previously produced or filed with the

20  District Court and that can be located through a reasonable search of the documents in

21  their possession, custody, or control.

22

23       298.    Please produce all Documents that refer to or relate to, support or refute the

24  allegation set forth in Paragraph 214 of the Complaint that, "[o]n May 18, 2022, Call48

25  notified Avid Telecom that an individual was receiving robocalls from the "vehicle service

26  center" despite not consenting to the calls or owning a car."

27  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

28  interposed for an improper purpose, such as to harass or to cause unnecessary delay or

needless increase in the cost of the litigation. Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

299.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 215 of the Complaint that Reeves advised Call48 that Avid Telecom had "blocked the terminating number from Avid's network and have required that our customer remove the number from all call lists."

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

300.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 216 of the Complaint that, "[o]n June 16, 2022, Call48 notified Avid Telecom of a complaint regarding auto warranty calls going to someone who was on the National DNC Registry. The complainant asked for more information about the

1  owner of the calling phone number."

2  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

3  interposed for an improper purpose, such as to harass or to cause unnecessary delay or

4  needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

5  grounds that these documents are in Defendants' possession or control, have been

6  requested by Plaintiffs and, to date, Defendants have not produced them.

7       Subject to and without waiving the Preliminary Statement, General Objections,

8  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

9  relevant responsive documents that have not been previously produced or filed with the

10  District Court and that can be located through a reasonable search of the documents in

11  their possession, custody, or control.

12

13       301.    Please produce all Documents that refer to or relate to, support or refute the

14  allegation set forth in Paragraph 218 of the Complaint that, "[o]n August 20, 2022, Call48

15  notified Avid Telecom unwanted car warranty calls, specifically that the caller does not

16  honor the National DNC Registry. The alleged calls were sent through Avid Telecom on

17  August 15, 2022. Call48 followed up on this notification several times."

18  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

19  interposed for an improper purpose, such as to harass or to cause unnecessary delay or

20  needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

21  grounds that these documents are in Defendants' possession or control, have been

22  requested by Plaintiffs and, to date, Defendants have not produced them.

23       Subject to and without waiving the Preliminary Statement, General Objections,

24  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

25  relevant responsive documents that have not been previously produced or filed with the

26  District Court and that can be located through a reasonable search of the documents in

27  their possession, custody, or control.

28

302.   Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 220 of the Complaint that, "[o]n October 12, 2020, Dorial Telecom ("Dorial") notified Avid Telecom and Lansky of Social Security Fraud traffic. The email included recordings of the illegal robocalls.

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

303.   Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 221 of the Complaint that, "[o]ne recording stated: "Hello, this call is from the Social Security Administration. The reason for this call is to inform you that your Social Security Number is suspended and there is an arrest warrant in your name. Please press one to talk to a Social Security Administration officer and know more about the case."

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

304.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 222 of the Complaint that, "[a] second recording stated: "This is an important notice from the Social Security Administration. The reason you have received this notice from our department because we have found some suspicious and fraudulent activities under your  Social Security Number, and we are going to suspend the IP. So, if you want to know about this and talk to our representative, please press one. I repeat, press one to connect."

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

305.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 223 of the Complaint that, "[o]n October 8, 2021, Dorial notified Avid Telecom that Dorial's downstream provider was complaining about auto warranty traffic."

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or

needless increase in the cost of the litigation. Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

306. Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 225 of the Complaint that, "[o]n November 3, 2021, Dorial notified Avid Telecom that: You sent us 34415 disconnected number calls, and these are the ones we had in our database, there where (sic) many more. We cannot assign you ports and misuse them for disconnected number calling  customers" . . .. and that "You sentus 9406 calls with unallocated ANI's, this is real fraud traffic, we do not want this traffic."

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

307. Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 226 of the Complaint that, "[o]n June 14, 2022, Dorial

1  notified Reeves that: 'Based on the excel sheet for the new/second trunk, that traffic has an SDP
2  over 80% and an ACD of less than 10 sec. I don't know what they are doing but I don't
3  think that we are interested in terminating that kind of traffic.'"

4  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is
5  interposed for an improper purpose, such as to harass or to cause unnecessary delay or
6  needless increase in the cost of the litigation. Plaintiffs further object to the Request on the
7  grounds that these documents are in Defendants' possession or control, have been
8  requested by Plaintiffs and, to date, Defendants have not produced them.

9    Subject to and without waiving the Preliminary Statement, General Objections,
10  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and
11  relevant responsive documents that have not been previously produced or filed with the
12  District Court and that can be located through a reasonable search of the documents in
13  their possession, custody, or control.

14

15    308.    Please produce all Documents that refer to or relate to, support or refute the
16  allegation set forth in Paragraph 227 of the Complaint that, "Reeves responded:
17  "Understood."

18  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is
19  interposed for an improper purpose, such as to harass or to cause unnecessary delay or
20  needless increase in the cost of the litigation. Plaintiffs further object to the Request on the
21  grounds that these documents are in Defendants' possession or control, have been
22  requested by Plaintiffs and, to date, Defendants have not produced them.

23    Subject to and without waiving the Preliminary Statement, General Objections,
24  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and
25  relevant responsive documents that have not been previously produced or filed with the
26  District Court and that can be located through a reasonable search of the documents in
27  their possession, custody, or control.

28

309.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 228 of the Complaint that, "[o]n August 17, 2022, Dorial's COO emailed Reeves asking why Avid Telecom's traffic was low."

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

310.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 229 of the Complaint that, "[o]n August 18, 2022, Reeves responded: "the majority of our traffic is high SD, low ACD traffic."

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

311.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 230 of the Complaint that, "Dorial's COO then asked how the traffic level was on Avid Telecom's side."

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

312.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 231 of the Complaint that, "Reeves responded: "We saw a decline with that 2nd FCC order regarding the auto warranty companies. Given the amount there was in the marketplace, I'm not surprised it effected (sic) traffic."

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

1

2    313.    Please produce all Documents that refer to or relate to, support or refute the

3    allegation set forth in Paragraph 232 of the Complaint that, "The companies in the

4    referenced FCC order were discussed above and direct customers of Avid Telecom."

5    **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

6    interposed for an improper purpose, such as to harass or to cause unnecessary delay or

7    needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

8    grounds that these documents are in Defendants' possession or control, have been

9    requested by Plaintiffs and, to date, Defendants have not produced them.

10    Subject to and without waiving the Preliminary Statement, General Objections,

11    and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

12    relevant responsive documents that have not been previously produced or filed with the

13    District Court and that can be located through a reasonable search of the documents in

14    their possession, custody, or control.

15

16    314.    Please produce all Documents that refer to or relate to, support or refute the

17    allegation set forth in Paragraph 233 of the Complaint that, '[o]n March 31, 2022, Telco

18    Connection notified Avid Telecom of "IRS impersonation calls/spoofing.'"

19    **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

20    interposed for an improper purpose, such as to harass or to cause unnecessary delay or

21    needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

22    grounds that these documents are in Defendants' possession or control, have been

23    requested by Plaintiffs and, to date, Defendants have not produced them.

24    Subject to and without waiving the Preliminary Statement, General Objections,

25    and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

26    relevant responsive documents that have not been previously produced or filed with the

27    District Court and that can be located through a reasonable search of the documents in

28    their possession, custody, or control.

1

2        315.    Please produce all Documents that refer to or relate to, support or refute the

3 allegation set forth in Paragraph 234 of the Complaint that, Avid Telecom blocked the ANI

4 and notified the originating carrier customer of the issue."

5 **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

6 interposed for an improper purpose, such as to harass or to cause unnecessary delay or

7 needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

8 grounds that these documents are in Defendants' possession or control, have been

9 requested by Plaintiffs and, to date, Defendants have not produced them.

10        Subject to and without waiving the Preliminary Statement, General Objections,

11 and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

12 relevant responsive documents that have not been previously produced or filed with the

13 District Court and that can be located through a reasonable search of the documents in

14 their possession, custody, or control.

15

16        316.    Please produce all Documents that refer to or relate to, support or refute the

17 allegation set forth in Paragraph 235 of the Complaint that, '[o]n August 4, 2022, Telco

18 Connection notified Avid Telecom of "IRS impersonation calls/spoofing."'

19 **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

20 interposed for an improper purpose, such as to harass or to cause unnecessary delay or

21 needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

22 grounds that these documents are in Defendants' possession or control, have been

23 requested by Plaintiffs and, to date, Defendants have not produced them.

24        Subject to and without waiving the Preliminary Statement, General Objections,

25 and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

26 relevant responsive documents that have not been previously produced or filed with the

27 District Court and that can be located through a reasonable search of the documents in

28 their possession, custody, or control.

1

2      317.    Please produce all Documents that refer to or relate to, support or refute the

3   allegation set forth in Paragraph 237 of the Complaint that, "[o]n April 26, 2021, All Access

4   Telecom notified Lansky and Reeves that: 'Please be advised, due to the recent multiple

5   tickets received, All Access Telecom is requesting Avid Telecom to remove customers from

6   routing that are related to the AutoWarrantyExtend US Telecom tracebacks  effective

7   ASAP.'"

8   **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

9   interposed for an improper purpose, such as to harass or to cause unnecessary delay or

10  needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

11  grounds that these documents are in Defendants' possession or control, have been

12  requested by Plaintiffs and, to date, Defendants have not produced them.

13      Subject to and without waiving the Preliminary Statement, General Objections,

14  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

15  relevant responsive documents that have not been previously produced or filed with the

16  District Court and that can be located through a reasonable search of the documents in

17  their possession, custody, or control.

18

19      318.    Please produce all Documents that refer to or relate to, support or refute the

20  allegation set forth in Paragraph 239 of the Complaint that, "[on] August 24, 2021, All

21  Access Telecom notified Avid Telecom of "Medicare scam" traffic."

22  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

23  interposed for an improper purpose, such as to harass or to cause unnecessary delay or

24  needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

25  grounds that these documents are in Defendants' possession or control, have been

26  requested by Plaintiffs and, to date, Defendants have not produced them.

27      Subject to and without waiving the Preliminary Statement, General Objections,

28  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

1  relevant responsive documents that have not been previously produced or filed with the
2  District Court and that can be located through a reasonable search of the documents in
3  their possession, custody, or control.

4

5  319.   Please produce all Documents that refer to or relate to, support or refute the
6  allegation set forth in Paragraph 240 of the Complaint that, "[o]n March 3, 2020, Peerless
7  Network notified Avid Telecom that: 'the following TNs Peerless assigned to your company
8  are experiencing high levels of complaints tied to the FTC DNC and IRS complaints.'"
9  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is
10 interposed for an improper purpose, such as to harass or to cause unnecessary delay or
11 needless increase in the cost of the litigation. Plaintiffs further object to the Request on the
12 grounds that these documents are in Defendants' possession or control, have been
13 requested by Plaintiffs and, to date, Defendants have not produced them.

14       Subject to and without waiving the Preliminary Statement, General Objections,
15 and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and
16 relevant responsive documents that have not been previously produced or filed with the
17 District Court and that can be located through a reasonable search of the documents in
18 their possession, custody, or control.

19

20 320.   Please produce all Documents that refer to or relate to, support or refute the
21 allegation set forth in Paragraph 241 of the Complaint that, '[o]n May 21, 2021, Peerless
22 Network notified Avid Telecom that Peerless had "been made aware of an issue from one
23 our downstream vendors and we need you guys to reach out to your end use that is sending
24 these call to stop sending the calls (Auto Warranty scam)."'
25 **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is
26 interposed for an improper purpose, such as to harass or to cause unnecessary delay or
27 needless increase in the cost of the litigation. Plaintiffs further object to the Request on the
28 grounds that these documents are in Defendants' possession or control, have been

1  requested by Plaintiffs and, to date, Defendants have not produced them.

2      Subject to and without waiving the Preliminary Statement, General Objections,

3  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

4  relevant responsive documents that have not been previously produced or filed with the

5  District Court and that can be located through a reasonable search of the documents in

6  their possession, custody, or control.

7

8      321.   Please produce all Documents that refer to or relate to, support or refute the

9  allegation set forth in Paragraph 242 of the Complaint that, "Reeves responded: 'What is

10  exactly the issue with the traffic?'"

11  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

12  interposed for an improper purpose, such as to harass or to cause unnecessary delay or

13  needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

14  grounds that these documents are in Defendants' possession or control, have been

15  requested by Plaintiffs and, to date, Defendants have not produced them.

16      Subject to and without waiving the Preliminary Statement, General Objections,

17  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

18  relevant responsive documents that have not been previously produced or filed with the

19  District Court and that can be located through a reasonable search of the documents in

20  their possession, custody, or control.

21

22      322.   Please produce all Documents that refer to or relate to, support or refute the

23  allegation set forth in Paragraph 243 of the Complaint that, Peerless Network responded:

24      Multiple carriers of ours have complained that the calls are for Car Warranty

25      scams. I have instructed the NOC to immediately block untilthe issue can be

26      resolved.

27      hi this is Katie and I'm giving you a call from the dealer service centerwe

28      recently noticed your card extended warranty was going to expireand wanted

to give you one final courtesy call before your warranty expires and your coverage is voided this would make you financially responsible for all Service Repairs press 1 now if you wish to extend or reinstate your cars warranty once again press one now or press 2 to be placed on a Do Not Call List you can also call 833-3041 for…

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

323.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 244 that "[o]n or about May 21, 2021, Lansky advised Peerless Network that Avid Telecom had blocked 'that customers (sic) traffic to you.'"
**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

1

2      324.    Please produce all Documents that refer to or relate to, support or refute the

3    allegation set forth in Paragraph 245 of the Complaint that, "[a]fter May 21, 2021, Avid

4    Telecom received 53 Tracebacks from ITG regarding Auto Warranty robocall traffic."

5    **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

6    interposed for an improper purpose, such as to harass or to cause unnecessary delay or

7    needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

8    grounds that these documents are in Defendants' possession or control, have been

9    requested by Plaintiffs and, to date, Defendants have not produced them.

10      Subject to and without waiving the Preliminary Statement, General Objections,

11    and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

12    relevant responsive documents that have not been previously produced or filed with the

13    District Court and that can be located through a reasonable search of the documents in

14    their possession, custody, or control.

15

16      325.    Please produce all Documents that refer to or relate to, support or refute the

17    allegation set forth in Paragraph 246 of the Complaint that, "[o]n June 7, 2021, Peerless

18    Network provided a list of FTC complaints related to DIDs Avid Telecom was renting or

19    owning."

20    **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

21    interposed for an improper purpose, such as to harass or to cause unnecessary delay or

22    needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

23    grounds that these documents are in Defendants' possession or control, have been

24    requested by Plaintiffs and, to date, Defendants have not produced them.

25      Subject to and without waiving the Preliminary Statement, General Objections,

26    and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

27    relevant responsive documents that have not been previously produced or filed with the

28    District Court and that can be located through a reasonable search of the documents in

1    their possession, custody, or control.

2

3    326.    Please produce all Documents that refer to or relate to, support or refute the

4    allegation set forth in Paragraph 247 of the Complaint that, "[o]n June 9, 2021, Peerless

5    Network notified Avid Telecom of unwanted calls to someone on the National DNC

6    Registry. The complainant specifically requested "I need to know who the carrier is, and the

7    business associated with these calls."

8    **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

9    interposed for an improper purpose, such as to harass or to cause unnecessary delay or

10   needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

11   grounds that these documents are in Defendants' possession or control, have been

12   requested by Plaintiffs and, to date, Defendants have not produced them.

13       Subject to and without waiving the Preliminary Statement, General Objections,

14   and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

15   relevant responsive documents that have not been previously produced or filed with the

16   District Court and that can be located through a reasonable search of the documents in

17   their possession, custody, or control.

18

19       327.    Please produce all Documents that refer to or relate to, support or refute the

20   allegation set forth in Paragraph 248 of the Complaint that, "Lansky responded: 'As I

21   understand, per APNI laws, rules and regulations until they have a subpoena, you nor Avid

22   can release any records to an individual or organization.'"

23   **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

24   interposed for an improper purpose, such as to harass or to cause unnecessary delay or

25   needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

26   grounds that these documents are in Defendants' possession or control, have been

27   requested by Plaintiffs and, to date, Defendants have not produced them.

28       Subject to and without waiving the Preliminary Statement, General Objections,

1 and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

2 relevant responsive documents that have not been previously produced or filed with the

3 District Court and that can be located through a reasonable search of the documents in

4 their possession, custody, or control.

5

6     328.    Please produce all Documents that refer to or relate to, support or refute the

7 allegation set forth in Paragraph 249 of the Complaint that, "[o]n June 11, 2021, Reeves

8 responded: 'DIDs are being used by a publicly traded company in compliance with all

9 regulations.'"

10 **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

11 interposed for an improper purpose, such as to harass or to cause unnecessary delay or

12 needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

13 grounds that these documents are in Defendants' possession or control, have been

14 requested by Plaintiffs and, to date, Defendants have not produced them.

15     Subject to and without waiving the Preliminary Statement, General Objections,

16 and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

17 relevant responsive documents that have not been previously produced or filed with the

18 District Court and that can be located through a reasonable search of the documents in

19 their possession, custody, or control.

20

21     329.    Please produce all Documents that refer to or relate to, support or refute the

22 allegation set forth in Paragraph 250 of the Complaint that, "[o]n June 26, 2020, Inteliquent

23 notified Avid Telecom of auto- warranty robocalls being routed by Avid Telecom."

24 **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

25 interposed for an improper purpose, such as to harass or to cause unnecessary delay or

26 needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

27 grounds that these documents are in Defendants' possession or control, have been

28 requested by Plaintiffs and, to date, Defendants have not produced them.

1    Subject to and without waiving the Preliminary Statement, General Objections,

2  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

3  relevant responsive documents that have not been previously produced or filed with the

4  District Court and that can be located through a reasonable search of the documents in

5  their possession, custody, or control.

6

7    330.    Please produce all Documents that refer to or relate to, support or refute the

8  allegation set forth in Paragraph 251 of the Complaint that, "[o]n March 3, 2021, Inteliquent

9  notified Avid Telecom of more auto warranty robocalls."

10  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

11  interposed for an improper purpose, such as to harass or to cause unnecessary delay or

12  needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

13  grounds that these documents are in Defendants' possession or control, have been

14  requested by Plaintiffs and, to date, Defendants have not produced them.

15    Subject to and without waiving the Preliminary Statement, General Objections,

16  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

17  relevant responsive documents that have not been previously produced or filed with the

18  District Court and that can be located through a reasonable search of the documents in

19  their possession, custody, or control.

20

21    331.    Please produce all Documents that refer to or relate to, support or refute the

22  allegation set forth in Paragraph 252 of the Complaint that "[o]n March 4, 2021, Reeves

23  responded: 'Customer has Opt Ins for all calls', and that Avid Telecom had 'blocked the

24  terminating number.'"

25  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

26  interposed for an improper purpose, such as to harass or to cause unnecessary delay or

27  needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

28  grounds that these documents are in Defendants' possession or control, have been

1    requested by Plaintiffs and, to date, Defendants have not produced them.

2    Subject to and without waiving the Preliminary Statement, General Objections,

3    and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

4    relevant responsive documents that have not been previously produced or filed with the

5    District Court and that can be located through a reasonable search of the documents in

6    their possession, custody, or control.

7

8    332.    Please produce all Documents that refer to or relate to, support or refute the

9    allegation set forth in Paragraph 253 of the Complaint that "Inteliquent then asked if the opt ins

10   could be passed along to the complainant."

11   **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

12   interposed for an improper purpose, such as to harass or to cause unnecessary delay or

13   needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

14   grounds that these documents are in Defendants' possession or control, have been

15   requested by Plaintiffs and, to date, Defendants have not produced them.

16   Subject to and without waiving the Preliminary Statement, General Objections,

17   and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

18   relevant responsive documents that have not been previously produced or filed with the

19   District Court and that can be located through a reasonable search of the documents in

20   their possession, custody, or control.

21

22   333.    Please produce all Documents that refer to or relate to, support or refute the

23   allegation set forth in Paragraph 254 of the Complaint that Reeves responded: "I do not have

24   access to the Opt In."

25   **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

26   interposed for an improper purpose, such as to harass or to cause unnecessary delay or

27   needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

28   grounds that these documents are in Defendants' possession or control, have been

1  requested by Plaintiffs and, to date, Defendants have not produced them.

2      Subject to and without waiving the Preliminary Statement, General Objections,

3  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

4  relevant responsive documents that have not been previously produced or filed with the

5  District Court and that can be located through a reasonable search of the documents in

6  their possession, custody, or control.

7

8      334.  Please produce all Documents that refer to or relate to, support or refute the

9  allegation set forth in Paragraph 255 of the Complaint that "[o]n April 14, 2021, Inteliquent

10  notified Avid Telecom of more auto warranty robocalls."

11  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

12  interposed for an improper purpose, such as to harass or to cause unnecessary delay or

13  needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

14  grounds that these documents are in Defendants' possession or control, have been

15  requested by Plaintiffs and, to date, Defendants have not produced them.

16      Subject to and without waiving the Preliminary Statement, General Objections,

17  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

18  relevant responsive documents that have not been previously produced or filed with the

19  District Court and that can be located through a reasonable search of the documents in

20  their possession, custody, or control.

21

22      335.  Please produce all Documents that refer to or relate to, support or refute the

23  allegation set forth in Paragraph 256 that on April 14, 2021, Reeves told Inteliquent that

24  Avid Telecom took the vetting of its customers very seriously, that Avid Telecom had

25  notified its customer of the complaint and asked that they investigate, and that Avid Telecom

26  had taken steps to block the ANI from terminating via Avid's network.

27  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

28  interposed for an improper purpose, such as to harass or to cause unnecessary delay or

needless increase in the cost of the litigation. Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

336.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 257, "[o]n May 11, 2021, Inteliquent notified Avid Telecom of more auto warranty robocalls.

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

337.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 258 that "on June 8, 2021, Inteliquent notified Avid Telecom of more auto warranty robocalls."

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or

1  needless increase in the cost of the litigation. Plaintiffs further object to the Request on the
2  grounds that these documents are in Defendants' possession or control, have been
3  requested by Plaintiffs and, to date, Defendants have not produced them.

4      Subject to and without waiving the Preliminary Statement, General Objections,
5  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and
6  relevant responsive documents that have not been previously produced or filed with the
7  District Court and that can be located through a reasonable search of the documents in
8  their possession, custody, or control.

9

10     338.   Please produce all Documents that refer to or relate to, support or refute the
11  allegation set forth in Paragraph 259 on June 9, 2021, Avid Telecom told Inteliquent that
12  "[b]ased on information Avid has received, Customer is compliant with all requests for  Opt Ins
13  and follows guidelines with regard to dialing" and that, consistent with company policy, Avid
14  Telecom had nonetheless blocked the listed ANI's from Inteliquent's network.
15  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is
16  interposed for an improper purpose, such as to harass or to cause unnecessary delay or
17  needless increase in the cost of the litigation. Plaintiffs further object to the Request on the
18  grounds that these documents are in Defendants' possession or control, have been
19  requested by Plaintiffs and, to date, Defendants have not produced them.

20     Subject to and without waiving the Preliminary Statement, General Objections,
21  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and
22  relevant responsive documents that have not been previously produced or filed with the
23  District Court and that can be located through a reasonable search of the documents in
24  their possession, custody, or control.

25

26     339.   Please produce all Documents that refer to or relate to, support or refute the
27  allegation set forth in Paragraph 260 of the Complaint that, on June 15, 2021, Inteliquent
28  notified Avid Telecom of more auto warranty robocalls.

1   **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

2   interposed for an improper purpose, such as to harass or to cause unnecessary delay or

3   needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

4   grounds that these documents are in Defendants' possession or control, have been

5   requested by Plaintiffs and, to date, Defendants have not produced them.

6        Subject to and without waiving the Preliminary Statement, General Objections,

7   and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

8   relevant responsive documents that have not been previously produced or filed with the

9   District Court and that can be located through a reasonable search of the documents in

10   their possession, custody, or control.

11

12       340.   Please produce all Documents that refer to or relate to, support or refute the

13   allegation set forth in Paragraph 261 of the Complaint that (based on information provided

14   by its customer, on or June 15, 2021) Reeves told Inteliquent that the "Customer is

15   compliant with regulations."

16   **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

17   interposed for an improper purpose, such as to harass or to cause unnecessary delay or

18   needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

19   grounds that these documents are in Defendants' possession or control, have been

20   requested by Plaintiffs and, to date, Defendants have not produced them.

21        Subject to and without waiving the Preliminary Statement, General Objections,

22   and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

23   relevant responsive documents that have not been previously produced or filed with the

24   District Court and that can be located through a reasonable search of the documents in

25   their possession, custody, or control.

26

27       341.   Please produce all Documents that refer to or relate to, support or refute the

28   allegation set forth in Paragraph 262 of the Complaint that Inteliquent responded: "You

should take another look at this. We are working directly with Verizon and their honeypot captures and those are numbers that could, in no way, be opted in to receive anything."

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

342. Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 263 of the Complaint that, on June 15, 2021, Inteliquent sent Avid Telecom a letter containing the language shown.

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

343. Please produce all Documents that refer to or relate to, support or refute the

1  allegation set forth in Paragraph 264 of the Complaint that Lansky responded: "Understood and

2  we take these issues incredibly serious. We have notified this customer of the issues and are

3  working with them as we do with customers to help them mitigate this from our network

4  and to keep all traffic within the acceptable regulatory guidelines."

5  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

6  interposed for an improper purpose, such as to harass or to cause unnecessary delay or

7  needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

8  grounds that these documents are in Defendants' possession or control, have been

9  requested by Plaintiffs and, to date, Defendants have not produced them.

10       Subject to and without waiving the Preliminary Statement, General Objections,

11  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

12  relevant responsive documents that have not been previously produced or filed with the

13  District Court and that can be located through a reasonable search of the documents in

14  their possession, custody, or control.

15

16       344.    Please produce all Documents that refer to or relate to, support or refute the

17  allegation set forth in Paragraph 265 of the Complaint that on or about July 13, 2021,

18  Inteliquent emailed Lansky and Reeves, stating: "It has been nearly a month since this initial

19  warning was sent and we have not seen improvement[.]"

20  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

21  interposed for an improper purpose, such as to harass or to cause unnecessary delay or

22  needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

23  grounds that these documents are in Defendants' possession or control, have been

24  requested by Plaintiffs and, to date, Defendants have not produced them.

25       Subject to and without waiving the Preliminary Statement, General Objections,

26  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

27  relevant responsive documents that have not been previously produced or filed with the

28  District Court and that can be located through a reasonable search of the documents in

1   their possession, custody, or control.

2

3      345.   Please produce all Documents that refer to or relate to, support or refute the

4 allegation set forth in Paragraph 266 of the Complaint that on July 13, 2021, Reeves

5 responded: "I've made the final changes to remove a couple of problematic customers. We've

6 also taken steps to notify the problematic carrier of the issues, but, again, the traffic has been

7 removed from Inteliquent."

8 **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

9 interposed for an improper purpose, such as to harass or to cause unnecessary delay or

10 needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

11 grounds that these documents are in Defendants' possession or control, have been

12 requested by Plaintiffs and, to date, Defendants have not produced them.

13      Subject to and without waiving the Preliminary Statement, General Objections,

14 and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

15 relevant responsive documents that have not been previously produced or filed with the

16 District Court and that can be located through a reasonable search of the documents in

17 their possession, custody, or control.

18

19      346.   Please produce all Documents that refer to or relate to, support or refute the

20 allegation set forth in Paragraph 267 of the Complaint that on or about July 22, 2021,

21 Inteliquent notified Reeves and Lansky: "Also, we have been receiving quite a few auto-

22 warranty scam complaints and as we've sent them out to our customers the traceback has

23 come back as a few points they are receiving those from, but you are one of them.  I've had

24 to turn a few customers down for these and hope we don't get there with AVID, can you

25 please share some details with me on what you are doing to get these off your network?"

26 **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

27 interposed for an improper purpose, such as to harass or to cause unnecessary delay or

28 needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

347.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 268 of the Complaint that on or about July 23, 2021, Reeves responded: "As to the warranty traffic, we are continually working to remove this traffic from our network. We have been able to identify most of our customers who are sending the traffic, but, as you know, it continues to pop up from other sources."

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

348.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 269 of the Complaint that Defendants knowingly continued to route illegal auto-warranty robocall traffic.

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

349. Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 270 of the Complaint that on or about September 21, 2021, Inteliquent notified Avid Telecom of auto warranty robocall traffic.

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

350. Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 271 of the Complaint that on April 11, 2022, Inteliquent sent Avid Telecom a Know-Your-Customer Notice because Avid Telecom's traffic was problematic. Further, Inteliquent notified Defendants that their traffic was hitting a large

1  number of honeypots.

2  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

3  interposed for an improper purpose, such as to harass or to cause unnecessary delay or

4  needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

5  grounds that these documents are in Defendants' possession or control, have been

6  requested by Plaintiffs and, to date, Defendants have not produced them.

7       Subject to and without waiving the Preliminary Statement, General Objections,

8  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

9  relevant responsive documents that have not been previously produced or filed with the

10  District Court and that can be located through a reasonable search of the documents in

11  their possession, custody, or control.

12

13       351.    Please produce all Documents that refer to or relate to, support or refute the

14  allegation set forth in Paragraph 272 of the Complaint that Reeves replied: "We are

15  reviewing the stats and had already resolved the SD issues on both trunks. I have now

16  removed the low ASR traffic from the SD trunk and will monitor tomorrow to ensure the

17  guidelines are met."

18  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

19  interposed for an improper purpose, such as to harass or to cause unnecessary delay or

20  needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

21  grounds that these documents are in Defendants' possession or control, have been

22  requested by Plaintiffs and, to date, Defendants have not produced them.

23       Subject to and without waiving the Preliminary Statement, General Objections,

24  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

25  relevant responsive documents that have not been previously produced or filed with the

26  District Court and that can be located through a reasonable search of the documents in

27  their possession, custody, or control.

28

352.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 273 of the Complaint that on July 30, 2022, Inteliquent sent Avid Telecom another Know-Your Customer Notice because  Avid  Telecom's traffic was problematic. Further, Inteliquent notified Defendants that their traffic was hitting a large number of honeypots.

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

353.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 274 of the Complaint that on September 27, 2022, Inteliquent sent Avid Telecom another Know-Your- Customer Notice because Avid Telecom's traffic was problematic.

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the

District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

354.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 275 of the Complaint, that Inteliquent stated: "For your traffic, specific concern would be the spike in Tracebacks this month.  Can you please take a look and advise?"

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

355.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 276 of the Complaint, that "Inteliquent counted five Avid Telecom Tracebacks."

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

1  relevant responsive documents that have not been previously produced or filed with the

2  District Court and that can be located through a reasonable search of the documents in

3  their possession, custody, or control.

4

5      356.    Please produce all Documents that refer to or relate to, support or refute the

6  allegation set forth in Paragraph 277 of the Complaint, in September of 2022, Avid Telecom

7  received at least 23 Tracebacks or that nine of the calls that were the subject of the

8  Tracebacks were to telephone numbers on the National DNC Registry.

9  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

10  interposed for an improper purpose, such as to harass or to cause unnecessary delay or

11  needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

12  grounds that these documents are in Defendants' possession or control, have been

13  requested by Plaintiffs and, to date, Defendants have not produced them.

14      Subject to and without waiving the Preliminary Statement, General Objections,

15  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

16  relevant responsive documents that have not been previously produced or filed with the

17  District Court and that can be located through a reasonable search of the documents in

18  their possession, custody, or control.

19

20      357.    Please produce all Documents that refer to or relate to, support or refute the

21  allegation set forth in Paragraph 278 that is apparently predicated upon Plaintiff's unstated

22  information and belief.

23  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

24  interposed for an improper purpose, such as to harass or to cause unnecessary delay or

25  needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

26  grounds that these documents are in Defendants' possession or control, have been

27  requested by Plaintiffs and, to date, Defendants have not produced them.

28      Subject to and without waiving the Preliminary Statement, General Objections,

1    and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

2    relevant responsive documents that have not been previously produced or filed with the

3    District Court and that can be located through a reasonable search of the documents in

4    their possession, custody, or control.

5

6        358.    Please produce all Documents that refer to or relate to, support or refute the

7    allegation set forth in Paragraph 279 of the Complaint that on September 27, 2022, Lansky

8    emailed Reeves: "Stupid tracebacks."

9    **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

10   interposed for an improper purpose, such as to harass or to cause unnecessary delay or

11   needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

12   grounds that these documents are in Defendants' possession or control, have been

13   requested by Plaintiffs and, to date, Defendants have not produced them.

14       Subject to and without waiving the Preliminary Statement, General Objections,

15   and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

16   relevant responsive documents that have not been previously produced or filed with the

17   District Court and that can be located through a reasonable search of the documents in

18   their possession, custody, or control.

19

20       359.    Please produce all Documents that refer to or relate to, support or refute the

21   allegation set forth in Paragraph 280 of the Complaint that on September 27, 2022, Reeves

22   responded to Inteliquent: "We have been working with our customer to obtain the consumer

23   permission documentation. The investigation is not completed, however, the information we

24   have received to this point is valid."

25   **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

26   interposed for an improper purpose, such as to harass or to cause unnecessary delay or

27   needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

28   grounds that these documents are in Defendants' possession or control, have been

1  requested by Plaintiffs and, to date, Defendants have not produced them.

2       Subject to and without waiving the Preliminary Statement, General Objections,

3  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

4  relevant responsive documents that have not been previously produced or filed with the

5  District Court and that can be located through a reasonable search of the documents in

6  their possession, custody, or control.

7

8      360.   Please produce all Documents that refer to or relate to, support or refute the

9  allegation set forth in Paragraph 281 of the Complaint that on September 14, 2022,

10  Inteliquent notified Avid Telecom that a call Avid Telecom routed went to a honeypot.

11  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

12  interposed for an improper purpose, such as to harass or to cause unnecessary delay or

13  needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

14  grounds that these documents are in Defendants' possession or control, have been

15  requested by Plaintiffs and, to date, Defendants have not produced them.

16       Subject to and without waiving the Preliminary Statement, General Objections,

17  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

18  relevant responsive documents that have not been previously produced or filed with the

19  District Court and that can be located through a reasonable search of the documents in

20  their possession, custody, or control.

21

22      361.   Please produce all Documents that refer to or relate to, support or refute the

23  allegation set forth in Paragraph 282 of the Complaint that on Reeves responded: "We have

24  blocked the destination number and have notified our customer of the issue. We are

25  requiring that the number be removed from their call list."

26  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

27  interposed for an improper purpose, such as to harass or to cause unnecessary delay or

28  needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

1    grounds that these documents are in Defendants' possession or control, have been

2    requested by Plaintiffs and, to date, Defendants have not produced them.

3         Subject to and without waiving the Preliminary Statement, General Objections,

4    and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

5    relevant responsive documents that have not been previously produced or filed with the

6    District Court and that can be located through a reasonable search of the documents in

7    their possession, custody, or control.

8

9         362.    Please produce all Documents that refer to or relate to, support or refute the

10   allegation set forth in Paragraph 283 of the Complaint that on November 7, 2022, Inteliquent

11   notified Avid Telecom that it was  terminating  the Master  Service Agreement.

12   **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

13   interposed for an improper purpose, such as to harass or to cause unnecessary delay or

14   needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

15   grounds that these documents are in Defendants' possession or control, have been

16   requested by Plaintiffs and, to date, Defendants have not produced them.

17        Subject to and without waiving the Preliminary Statement, General Objections,

18   and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

19   relevant responsive documents that have not been previously produced or filed with the

20   District Court and that can be located through a reasonable search of the documents in

21   their possession, custody, or control.

22

23        363.    Please produce all Documents that refer to or relate to, support or refute the

24   allegation set forth in Paragraph 284 of the Complaint that on November 7, 2022, Lansky

25   responded with this inserted email.

26   **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

27   interposed for an improper purpose, such as to harass or to cause unnecessary delay or

28   needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

1  grounds that these documents are in Defendants' possession or control, have been

2  requested by Plaintiffs and, to date, Defendants have not produced them.

3        Subject to and without waiving the Preliminary Statement, General Objections,

4  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

5  relevant responsive documents that have not been previously produced or filed with the

6  District Court and that can be located through a reasonable search of the documents in

7  their possession, custody, or control.

8

9        364.    Please produce all Documents that refer to or relate to, support or refute the

10  allegation set forth in Paragraph 285 of the Complaint that on November 8, 2022, a

11  representative from Inteliquent responded with the inserted email.

12  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

13  interposed for an improper purpose, such as to harass or to cause unnecessary delay or

14  needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

15  grounds that these documents are in Defendants' possession or control, have been

16  requested by Plaintiffs and, to date, Defendants have not produced them.

17        Subject to and without waiving the Preliminary Statement, General Objections,

18  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

19  relevant responsive documents that have not been previously produced or filed with the

20  District Court and that can be located through a reasonable search of the documents in

21  their possession, custody, or control.

22

23        365.    Please produce all Documents that refer to or relate to, support or refute the

24  allegation set forth in Paragraph 286 of the Complaint that Lansky responded with the

25  inserted email.

26  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

27  interposed for an improper purpose, such as to harass or to cause unnecessary delay or

28  needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

366.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 287 that on June 11, 2020, Bandwidth notified Avid Telecom and Lansky that Bandwidth "has been notified that Avid Telecom has been identified as the sender of improper or illegal robocalls in six different tracebacks . . . Bandwidth's review of Avid's traffic profile also raises further concerns."

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

367.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 288 of the Complaint that on January 20, 2021, Bandwidth notified Avid Telecom regarding spoofing and possible violations of Bandwidth's Acceptable Use Policy.

1    **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

2    interposed for an improper purpose, such as to harass or to cause unnecessary delay or

3    needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

4    grounds that these documents are in Defendants' possession or control, have been

5    requested by Plaintiffs and, to date, Defendants have not produced them.

6        Subject to and without waiving the Preliminary Statement, General Objections,

7    and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

8    relevant responsive documents that have not been previously produced or filed with the

9    District Court and that can be located through a reasonable search of the documents in

10   their possession, custody, or control.

11

12       368.   Please produce all Documents that refer to or relate to, support or refute the

13   allegation set forth in Paragraph 289 of the Complaint that Reeves responded: "We have

14   blocked the originating number and have notified our originating carrier customer. They are

15   working to identify their originating customer and will be blocking them."

16   **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

17   interposed for an improper purpose, such as to harass or to cause unnecessary delay or

18   needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

19   grounds that these documents are in Defendants' possession or control, have been

20   requested by Plaintiffs and, to date, Defendants have not produced them.

21       Subject to and without waiving the Preliminary Statement, General Objections,

22   and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

23   relevant responsive documents that have not been previously produced or filed with the

24   District Court and that can be located through a reasonable search of the documents in

25   their possession, custody, or control.

26

27       369.   Please produce all Documents that refer to or relate to, support or refute the

28   allegation set forth in Paragraph 290 of the Complaint that on January 26, 2021, Bandwidth

1  notified Avid Telecom regarding spoofing and possible violations of Bandwidth's
2  Acceptable Use Policy.
3  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is
4  interposed for an improper purpose, such as to harass or to cause unnecessary delay or
5  needless increase in the cost of the litigation. Plaintiffs further object to the Request on the
6  grounds that these documents are in Defendants' possession or control, have been
7  requested by Plaintiffs and, to date, Defendants have not produced them.
8      Subject to and without waiving the Preliminary Statement, General Objections,
9  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and
10  relevant responsive documents that have not been previously produced or filed with the
11  District Court and that can be located through a reasonable search of the documents in
12  their possession, custody, or control.
13
14      370.    Please produce all Documents that refer to or relate to, support or refute the
15  allegation set forth in Paragraph 291 of the Complaint that Avid Telecom responded: "We
16  have blocked this number."
17  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is
18  interposed for an improper purpose, such as to harass or to cause unnecessary delay or
19  needless increase in the cost of the litigation. Plaintiffs further object to the Request on the
20  grounds that these documents are in Defendants' possession or control, have been
21  requested by Plaintiffs and, to date, Defendants have not produced them.
22      Subject to and without waiving the Preliminary Statement, General Objections,
23  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and
24  relevant responsive documents that have not been previously produced or filed with the
25  District Court and that can be located through a reasonable search of the documents in
26  their possession, custody, or control.
27
28      371.    Please produce all Documents that refer to or relate to, support or refute the

allegation set forth in Paragraph 292 of the Complaint that on April 5, 2021, Bandwidth notified Avid Telecom regarding spoofing and possible violations of Bandwidth's Acceptable Use Policy.

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

372.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 293 of the Complaint that Avid Telecom responded to the spoofing notice: "We apologize for the issue. The ANI has been blocked, and the originating customer has been notified.

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

1

2      373.   Please produce all Documents that refer to or relate to, support or refute the

3  allegation set forth in Paragraph 294 of the Complaint that on April 24, 2021, Bandwidth

4  notified Avid Telecom regarding spoofing and possible violations of Bandwidth's

5  Acceptable Use Policy.

6  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

7  interposed for an improper purpose, such as to harass or to cause unnecessary delay or

8  needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

9  grounds that these documents are in Defendants' possession or control, have been

10  requested by Plaintiffs and, to date, Defendants have not produced them.

11      Subject to and without waiving the Preliminary Statement, General Objections,

12  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

13  relevant responsive documents that have not been previously produced or filed with the

14  District Court and that can be located through a reasonable search of the documents in

15  their possession, custody, or control.

16

17      374.   Please produce all Documents that refer to or relate to, support or refute the

18  allegation set forth in Paragraph 295 of the Complaint that Reeves responded: "We have

19  reviewed the information and have blocked the ANI and notified our originating customer.

20  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

21  interposed for an improper purpose, such as to harass or to cause unnecessary delay or

22  needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

23  grounds that these documents are in Defendants' possession or control, have been

24  requested by Plaintiffs and, to date, Defendants have not produced them.

25      Subject to and without waiving the Preliminary Statement, General Objections,

26  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

27  relevant responsive documents that have not been previously produced or filed with the

28  District Court and that can be located through a reasonable search of the documents in

1    their possession, custody, or control.

2

3        375.    Please produce all Documents that refer to or relate to, support or refute the

4    allegation set forth in Paragraph 296 of the Complaint that February 10, 2023, Bandwidth

5    notified Avid Telecom that Bandwidth has: "identified some potentially fraudulent traffic being

6    sent by your network to these areas." The area was: "USA-IA (+1712775*)".

7    **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

8    interposed for an improper purpose, such as to harass or to cause unnecessary delay or

9    needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

10   grounds that these documents are in Defendants' possession or control, have been

11   requested by Plaintiffs and, to date, Defendants have not produced them.

12       Subject to and without waiving the Preliminary Statement, General Objections,

13   and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

14   relevant responsive documents that have not been previously produced or filed with the

15   District Court and that can be located through a reasonable search of the documents in

16   their possession, custody, or control.

17

18       376.    Please produce all Documents that refer to or relate to, support or refute the

19   allegation set forth in Paragraph 297 of the Complaint that on February 10, 2023, Reeves

20   responded: "We have contacted our customer with regarding the nature of the traffic. In

21   the meantime, we have removed the conversational customer from routing via Bandwidth

22   and have blocked the originating number."

23   **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

24   interposed for an improper purpose, such as to harass or to cause unnecessary delay or

25   needless increase in the cost of the litigation. Plaintiffs further object to the Request on the

26   grounds that these documents are in Defendants' possession or control, have been

27   requested by Plaintiffs and, to date, Defendants have not produced them.

28       Subject to and without waiving the Preliminary Statement, General Objections,

1  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

2  relevant responsive documents that have not been previously produced or filed with the

3  District Court and that can be located through a reasonable search of the documents in

4  their possession, custody, or control.

5

6      377.    Please produce all Documents that refer to or relate to, support or refute the

7  allegation set forth in Paragraph 298 that "The notices above came from Avid Telecom's

8  downstream providers and/or ITG."

9  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

10  unreasonably cumulative or duplicative and interposed for an improper purpose, such as to

11  harass or to cause unnecessary delay or needless increase in the cost of the litigation.

12  Plaintiffs further object to the Request on the grounds that these documents are in

13  Defendants' possession or control, have been requested by Plaintiffs and, to date,

14  Defendants have not produced them.

15      Subject to and without waiving the Preliminary Statement, General Objections,

16  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

17  relevant responsive documents that have not been previously produced or filed with the

18  District Court and that can be located through a reasonable search of the documents in

19  their possession, custody, or control.

20

21      378.    Please produce all Documents that refer to or relate to, support or refute the

22  allegation set forth in Paragraph 299 that, "By receiving these notices, Defendants knew

23  their services were being used to facilitate illegal robocalling."

24  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

25  unreasonably cumulative or duplicative. Plaintiffs further object to this Request to the

26  extent that it calls for a legal conclusion.

27      Subject to and without waiving the Preliminary Statement, General Objections,

28  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

379.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 300 of the Complaint that "[d]espite the voluminous number of complaints and notices from multiple sources, Defendants continued offering services  to entities  and  persons  sending  illegal robocalls."

**RESPONSE:** Plaintiff objects to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants. Plaintiffs further object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Finally, Plaintiffs object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

380.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 301 of the Complaint that "[i]n several instances, despite being given evidence their clients did not have the legal authority to make or initiate so

1    many robocalls, Defendants portrayed their clients as having valid consent to send

2    robocalls."

3    **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

4    unreasonably cumulative or duplicative and interposed for an improper purpose, such as to

5    harass or to cause unnecessary delay or needless increase in the cost of the litigation.

6    Plaintiffs further object to this request for production to the extent that the Request seeks

7    documents already in the custody or control of the Defendants.

8        Subject to and without waiving the Preliminary Statement, General Objections,

9    and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

10    relevant responsive documents that have not been previously produced or filed with the

11    District Court and that can be located through a reasonable search of the documents in

12    their possession, custody, or control.

13

14        381.    Please produce all Documents that refer to or relate to, support or refute the

15    allegation set forth in Paragraph 302 of the Complaint that "Defendants had ample

16    opportunities to shut off their illegal traffic."

17    **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

18    unreasonably cumulative or duplicative and interposed for an improper purpose, such as to

19    harass or to cause unnecessary delay or needless increase in the cost of the litigation.

20    Plaintiffs further object to this request for production to the extent that the Request seeks

21    documents already in the custody or control of the Defendants.

22        Subject to and without waiving the Preliminary Statement, General Objections,

23    and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

24    relevant responsive documents that have not been previously produced or filed with the

25    District Court and that can be located through a reasonable search of the documents in

26    their possession, custody, or control.

27

28        382.    Please produce all Documents that refer to or relate to, support or refute the

1   allegation set forth in Paragraph 303 of the Complaint that, "in most instances, they made

2   the business decision to continue routing illegal robocalls."

3   **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

4   unreasonably cumulative or duplicative and interposed for an improper purpose, such as to

5   harass or to cause unnecessary delay or needless increase in the cost of the litigation.

6   Plaintiffs further object to this request for production to the extent that the Request seeks

7   documents already in the custody or control of the Defendants. Finally, Plaintiffs object to

8   this Request to the extent that it calls for information or analysis that is not yet complete

9   and that is information that is properly the subject of expert discovery. The disclosure and

10  production of expert reports and other expert-related materials will occur in accordance

11  with Rule 26 and the dates set forth in the Case Management Scheduling Order.

12        Subject to and without waiving the Preliminary Statement, General Objections,

13  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

14  relevant responsive documents that have not been previously produced or filed with the

15  District Court and that can be located through a reasonable search of the documents in

16  their possession, custody, or control.

17

18        383.   Please produce all Documents that refer to or relate to, support or refute the

19  allegation set forth in Paragraph 304 of the Complaint "the notices show a pattern of

20  Defendants not taking illegal robocalls seriously."

21  **RESPONSE:** Plaintiffs object to the Request as it requires Plaintiffs to ascertain the

22  meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal

23  research for Defendants, or analyze or organize factual evidence for Defendants.

24        Subject to and without waiving the Preliminary Statement, General Objections,

25  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

26  relevant responsive documents that have not been previously produced or filed with the

27  District Court and that can be located through a reasonable search of the documents in

28  their possession, custody, or control.

1

2       384.   Please produce all Documents that refer to or relate to, support or refute the

3  allegation set forth in Paragraph 305 of the Complaint that, "[o]n June 9, 2020, the States of

4  Arkansas, Indiana, Michigan, Missouri, North Carolina, North Dakota, Ohio,  and Texas

5  sued John Spiller ("Spiller"), Rising Eagle Capital Group LLC, JSquared Telecom LLC, and

6  other entities in *State of Texas et al. v. Rising Eagle Capital Group LLC et al.,* 4:20-cv-

7  02021 (S.D.T.X 2020).

8  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

9  overbroad, unduly burdensome, duplicative, harassing, oppressive, and/or not proportional

10  to the needs of the litigation. Additionally, Plaintiffs object to this Request as unduly

11  burdensome and overly broad to the extent that it seeks documents and information

12  equally available to Defendants, including publicly available documents and information,

13  since, under Rule 26(b)(1), such information is obtainable from another source that is

14  more convenient, less burdensome, and/or less expensive.

15       Subject to and without waiving the Preliminary Statement, General Objections,

16  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

17  relevant responsive documents that have not been previously produced or filed with the

18  District Court and that can be located through a reasonable search of the documents in

19  their possession, custody, or control.

20

21       385.   Please produce all Documents that refer to or relate to, support or refute the

22  allegation set forth in Paragraph 306 of the Complaint that John  Spiller was ever a customer of

23  Avid Telecom.

24  **RESPONSE:** Plaintiffs object to the Request on the grounds that these documents are in

25  Defendants' possession or control, have been requested by Plaintiffs and, to date,

26  Defendants have not produced them.

27       Subject to and without waiving the Preliminary Statement, General Objections,

28  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

1  relevant responsive documents that have not been previously produced or filed with the

2  District Court and that can be located through a reasonable search of the documents in

3  their possession, custody, or control.

4

5  386.    Please produce all Documents that refer to or relate to, support or refute the

6  allegation set forth in Paragraph 307 of the Complaint that Spiller used Avid Telecom to

7  send his own robocalls and the robocalls of his customers.

8  **RESPONSE:** Plaintiffs object to the Request on the grounds that these documents are in

9  Defendants' possession or control, have been requested by Plaintiffs and, to date,

10  Defendants have not produced them.

11  Subject to and without waiving the Preliminary Statement, General Objections,

12  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

13  relevant responsive documents that have not been previously produced or filed with the

14  District Court and that can be located through a reasonable search of the documents in

15  their possession, custody, or control.

16

17  387.    Please produce all Documents that refer to or relate to, support or refute the

18  allegation set forth in Paragraph 308 of the Complaint that, "[a]t some points in time, Spiller

19  was a seller or telemarketer."

20  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

21  overbroad, unduly burdensome, duplicative, harassing, oppressive, and/or not proportional

22  to the needs of the litigation.

23  Subject to and without waiving the Preliminary Statement, General Objections,

24  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

25  relevant responsive documents that have not been previously produced or filed with the

26  District Court and that can be located through a reasonable search of the documents in

27  their possession, custody, or control.

28

388.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 309 of the Complaint that "from May 2019 until March 2021, Spiller used Avid Telecom to send over 4 billion calls."

**RESPONSE:** Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

389.    Please produce Documents sufficient to identify which of the 4 billion calls stated in the previous Request were found to be illegal by the FCC or by any other agency with authority.

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this Request on the grounds that it is argumentative, not proportional to the needs of the litigation, and interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Finally, Plaintiffs object to this Request to the extent that it seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

1  relevant responsive documents that have not been previously produced or filed with the

2  District Court and that can be located through a reasonable search of the documents in

3  their possession, custody, or control.

4

5      390.   Please produce Documents sufficient identify each of the "4 billion calls"

6  referred to in Paragraph 309 were transited without the called party's consent.

7  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

8  overly broad, voluminous, and burdensome to produce. Plaintiffs further object to this

9  Request to the extent that it seeks documents already in the custody or control of the

10  Defendants.

11      Subject to and without waiving the Preliminary Statement, General Objections, and

12  specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

13  relevant responsive documents that have not been previously produced or filed with the

14  District Court and that can be located through a reasonable search of the documents in

15  their possession, custody, or control.

16

17      391.   Please produce Documents sufficient to identify, by CDR, each of the auto

18  warranty robocalls calls referred to in Paragraph 310 of the Complaint, that "Spiller sent to

19  Avid Telecom."

20  **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

21  overly broad, voluminous, and burdensome to produce. Plaintiffs further object to this

22  Request to the extent that it seeks documents already in the custody or control of the

23  Defendants. Finally, Plaintiffs object to this Request to the extent that it calls for

24  information or analysis that is not yet complete and that is information that is properly the

25  subject of expert discovery. The disclosure and production of expert reports and other

26  expert-related materials will occur in accordance with Rule 26 and the dates set forth in

27  the Case Management Scheduling Order.

28      Subject to and without waiving the Preliminary Statement, General Objections, and

specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

392.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 311 of the Complaint that, "[i]n some instances, the health care robocalls Spiller sent Avid Telecom delivered a pre-recorded message."

**RESPONSE:** Plaintiffs object to this Request to the extent that it seeks documents already in the custody or control of the Defendants. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

393.    Please produce Documents sufficient to identify, by CDR, each of the auto warranty robocalls calls referred to in Paragraph 310 of the Complaint, that "Spiller sent to Avid Telecom" that delivered a pre-recorded message.

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is overly broad, voluminous, and burdensome to produce. Plaintiffs further object to this Request to the extent that it seeks documents already in the custody or control of the Defendants. Finally, Plaintiffs object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the

subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

394.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 312 of the Complaint that "Spiller did not have the call recipient's consent to call them."

**RESPONSE:** Plaintiffs object to this Request to the extent that it seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

395.    Please produce Documents sufficient identify, by CDR, each of the auto warranty robocalls calls referred to in Paragraph 310 of the Complaint, that "Spiller sent to Avid Telecom" that "Spiller did not have the call recipient's consent to call them."

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is overly broad, voluminous, and burdensome to produce. Plaintiffs further object to this Request to the extent that it seeks documents already in the custody or control of the Defendants. Finally, Plaintiffs object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the

subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

396.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 313 of the Complaint that, "[m]any of Spiller's robocalls and the robocalls of his customers were to telephone numbers on the National DNC Registry and various state Do Not Call Lists."

**RESPONSE:** Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs further object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants. Equally available to Requesting Party. Finally, Plaintiffs object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in

1    their possession, custody, or control.

2

3    397.    Please produce Documents sufficient to identify, by CDR, each of the calls

4    referred to in Paragraph 313 of the Complaint, that were to telephone numbers on the

5    National DNC Registry and various state Do Not Call Lists."

6    **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

7    overly broad, voluminous, and burdensome to produce. Plaintiffs object to this Request as

8    unduly burdensome and overly broad to the extent that it seeks documents and information

9    equally available to Defendants, including publicly available documents and information,

10   since, under Rule 26(b)(1), such information is obtainable from another source that is

11   more convenient, less burdensome, and/or less expensive. Plaintiffs object to this Request

12   to the extent that it seeks documents already in the custody or control of the Defendants.

13   Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or

14   organize factual evidence for the Defendants or the extent that it asks for a compilation,

15   summary or analysis of documents or information not in existence. Finally, Plaintiffs

16   object to this Request to the extent that it calls for information or analysis that is not yet

17   complete and that is information that is properly the subject of expert discovery. The

18   disclosure and production of expert reports and other expert-related materials will occur in

19   accordance with Rule 26 and the dates set forth in the Case Management Scheduling

20   Order.

21   Subject to and without waiving the Preliminary Statement, General Objections,

22   and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

23   relevant responsive documents that have not been previously produced or filed with the

24   District Court and that can be located through a reasonable search of the documents in

25   their possession, custody, or control.

26

27   398.    Please produce all Documents that refer to or relate to, support or refute the

28   allegation set forth in Paragraph 314 of the Complaint that, "[m]any of Spiller's robocalling

1  customers initiated robocalls to telephone numbers on the National DNC Registry and

2  various state Do Not Call Lists."

3  **RESPONSE:** Plaintiffs object to this Request as unduly burdensome and overly broad to

4  the extent that it seeks documents and information equally available to Defendants,

5  including publicly available documents and information, since, under Rule 26(b)(1), such

6  information is obtainable from another source that is more convenient, less burdensome,

7  and/or less expensive. Plaintiffs object to this Request to the extent that it seeks documents

8  already in the custody or control of the Defendants. Plaintiffs object to the Request to the

9  extent that it requires the Plaintiffs to analyze or organize factual evidence for the

10 Defendants or the extent that it asks for a compilation, summary or analysis of documents

11 or information not in existence. Finally, Plaintiffs object to this Request to the extent that

12 it calls for information or analysis that is not yet complete and that is information that is

13 properly the subject of expert discovery. The disclosure and production of expert reports

14 and other expert-related materials will occur in accordance with Rule 26 and the dates set

15 forth in the Case Management Scheduling Order.

16      Subject to and without waiving the Preliminary Statement, General Objections,

17 and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

18 relevant responsive documents that have not been previously produced or filed with the

19 District Court and that can be located through a reasonable search of the documents in

20 their possession, custody, or control.

21

22      399.   Please produce Documents sufficient to identify, by CDR, each of the calls

23 referred to in Paragraph 314 of the Complaint, that were to telephone numbers on the

24 National DNC Registry and various state Do Not Call Lists."

25 **RESPONSE:** Plaintiffs object to this Request as unduly burdensome and overly broad to

26 the extent that it seeks documents and information equally available to Defendants,

27 including publicly available documents and information, since, under Rule 26(b)(1), such

28 information is obtainable from another source that is more convenient, less burdensome,

and/or less expensive. Plaintiffs object to this Request to the extent that it seeks documents already in the custody or control of the Defendants. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Finally, Plaintiffs object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

400.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 315 of the Complaint that Avid Telecom received payments from Rising Eagle, Great Choice and JSquared of at least $555,000.

**RESPONSE:** Plaintiffs object to this request for production to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs further object to this Request to the extent that it seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

401.    Please produce all Documents that refer to or relate to, support or refute the

1   allegation set forth in Paragraph 316 of the Complaint that 314 of the Complaint that, "Avid

2   Telecom sold Spiller tens of thousands of DIDs."

3   **RESPONSE:** Plaintiffs object to this request for production on the grounds that it is

4   unintelligible. Plaintiffs further object to the Request on the grounds that these documents

5   are in Defendants' possession or control, have been requested by Plaintiffs and, to date,

6   Defendants have not produced them.

7          Subject to and without waiving the Preliminary Statement, General Objections,

8   and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

9   relevant responsive documents that have not been previously produced or filed with the

10  District Court and that can be located through a reasonable search of the documents in

11  their possession, custody, or control.

12

13         402.   Please produce all Documents that refer to or relate to, support or refute the

14  allegation set forth in Paragraph 317 of the Complaint that, "Avid Telecom also purchased

15  DIDs for Rising Eagle Capital Group."

16  **RESPONSE:** Plaintiffs object to the Request on the grounds that these documents are in

17  Defendants' possession or control, have been requested by Plaintiffs and, to date,

18  Defendants have not produced them.

19         Subject to and without waiving the Preliminary Statement, General Objections,

20  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

21  relevant responsive documents that have not been previously produced or filed with the

22  District Court and that can be located through a reasonable search of the documents in

23  their possession, custody, or control.

24

25         403.   Please produce all Documents that refer to or relate to, support or refute the

26  allegation set forth in Paragraph 318 of the Complaint Defendants had direct knowledge that

27  Spiller was sending illegal call traffic to Avid Telecom's network.

28  **RESPONSE:** Plaintiffs object to the Request on the grounds that these documents are in

Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

404.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 319 of the Complaint that "Defendants have been on notice since on or around January 7, 2020, that Spiller was using their services and/or network to send illegal robocalls."

**RESPONSE:** Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

405.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 320 of the Complaint that "Defendants had many opportunities to shut down Spiller's traffic and did not choose to do so. Instead, Defendants accepted hundreds of thousands of dollars from Spiller to further his illegal robocalling schemes."

**RESPONSE:** Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date,

1    Defendants have not produced them.

2         Subject to and without waiving the Preliminary Statement, General Objections,

3    and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

4    relevant responsive documents that have not been previously produced or filed with the

5    District Court and that can be located through a reasonable search of the documents in

6    their possession, custody, or control.

7

8         406.   Please produce all Documents that refer to or relate to, support or refute the

9    allegation set forth in Paragraph 321 of the Complaint that Defendants knew Spiller was

10   using Avid Telecom to route illegal robocalls.

11   **RESPONSE:** Plaintiffs object to the Request on the grounds that these documents are in

12   Defendants' possession or control, have been requested by Plaintiffs and, to date,

13   Defendants have not produced them.

14        Subject to and without waiving the Preliminary Statement, General Objections,

15   and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

16   relevant responsive documents that have not been previously produced or filed with the

17   District Court and that can be located through a reasonable search of the documents in

18   their possession, custody, or control.

19

20        407.   Please produce all Documents that refer to or relate to, support or refute the

21   allegation set forth in Paragraph 322 of the Complaint that Defendants provided "substantial

22   assistance" to Spiller in this process.

23   **RESPONSE:** Plaintiffs object to the Request on the grounds that these documents are in

24   Defendants' possession or control, have been requested by Plaintiffs and, to date,

25   Defendants have not produced them.

26        Subject to and without waiving the Preliminary Statement, General Objections,

27   and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

28   relevant responsive documents that have not been previously produced or filed with the

District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

408.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 323 that, "[o]n or around January 7, 2020, Avid Telecom received its first Traceback related to JSquared for auto warranty robocalls."

**RESPONSE:** Plaintiffs object to this request to the extent that it misquotes the Plaintiffs' Complaint. Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Finally, Plaintiffs object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

409.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 324 that, "[o]n or around February 17, 2020, Avid received its first Traceback related to JSquared for auto warranty robocalls."

**RESPONSE:** Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports

1  and other expert-related materials will occur in accordance with Rule 26 and the dates set

2  forth in the Case Management Scheduling Order.

3        Subject to and without waiving the Preliminary Statement, General Objections,

4  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

5  relevant responsive documents that have not been previously produced or filed with the

6  District Court and that can be located through a reasonable search of the documents in

7  their possession, custody, or control.

8

9        410.    Please produce all Documents that refer to or relate to, support or refute the

10            allegation set forth in Paragraph 325 that, "[o]n or around June 19, 2020, Avid

11  receivedits last Traceback related to JSquared."

12  **RESPONSE:** Plaintiffs object to the Request on the grounds that these documents are in

13  Defendants' possession or control, have been requested by Plaintiffs and, to date,

14  Defendants have not produced them. Plaintiffs further object to this Request to the extent

15  that it calls for information or analysis that is not yet complete and that is information that

16  is properly the subject of expert discovery. The disclosure and production of expert reports

17  and other expert-related materials will occur in accordance with Rule 26 and the dates set

18  forth in the Case Management Scheduling Order.

19        Subject to and without waiving the Preliminary Statement, General Objections,

20  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

21  relevant responsive documents that have not been previously produced or filed with the

22  District Court and that can be located through a reasonable search of the documents in

23  their possession, custody, or control.

24

25        411.    Please produce all Documents that refer to or relate to, support or refute the

26  allegation set forth in Paragraph 326 that, "on or around August 24, 2020, Avid received

27  its first Traceback related to Great Choice Telecom, another entity owned by Spiller. The

28  Traceback was related to autowarranty robocalls."

1   **RESPONSE:** Plaintiffs object to the Request on the grounds that these documents are in

2   Defendants' possession or control, have been requested by Plaintiffs and, to date,

3   Defendants have not produced them. Plaintiffs further object to this Request to the extent

4   that it calls for information or analysis that is not yet complete and that is information that

5   is properly the subject of expert discovery. The disclosure and production of expert reports

6   and other expert-related materials will occur in accordance with Rule 26 and the dates set

7   forth in the Case Management Scheduling Order.

8        Subject to and without waiving the Preliminary Statement, General Objections,

9   and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

10   relevant responsive documents that have not been previously produced or filed with the

11   District Court and that can be located through a reasonable search of the documents in

12   their possession, custody, or control.

13

14       412.   Please produce all Documents that refer to or relate to, support or refute the

15   allegation set forth in Paragraph 327 of the Complaint that, "Avid Telecom continued to

16   receive Tracebacks related to Great Choice Telecom until on or around December 17,

17   2021."

18   **RESPONSE:** Plaintiffs object to the Request on the grounds that these documents are in

19   Defendants' possession or control, have been requested by Plaintiffs and, to date,

20   Defendants have not produced them. Plaintiffs further object to this Request to the extent

21   that it calls for information or analysis that is not yet complete and that is information that

22   is properly the subject of expert discovery. The disclosure and production of expert reports

23   and other expert-related materials will occur in accordance with Rule 26 and the dates set

24   forth in the Case Management Scheduling Order.

25        Subject to and without waiving the Preliminary Statement, General Objections,

26   and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

27   relevant responsive documents that have not been previously produced or filed with the

28   District Court and that can be located through a reasonable search of the documents in

1  their possession, custody, or control.

2

3  413.  Please produce all Documents that refer to or relate to, support or refute the

4  allegation set forth in Paragraph 328 of the Complaint that, "Avid Telecom received 19

5  Tracebacks for JSquared Telecom's traffic."

6  **RESPONSE:** Plaintiffs object to this Request on the grounds that it is not material to the

7  resolution of the issues, to the extent that Defendants' Answer admitted the referenced

8  facts. Plaintiffs further object to this request for production to the extent that the Request

9  seeks documents already in the custody or control of the Defendants.

10  Subject to and without waiving the Preliminary Statement, General Objections,

11  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

12  relevant responsive documents that have not been previously produced or filed with the

13  District Court and that can be located through a reasonable search of the documents in

14  their possession, custody, or control.

15

16  414.  Please produce all Documents that refer to or relate to, support or refute the

17  allegation set forth in Paragraph 329 of the Complaint that, "Avid Telecom received 22

18  Tracebacks for Great Choice Telecom's traffic."

19  **RESPONSE:** Plaintiffs object to this Request on the grounds that it is not material to the

20  resolution of the issues, to the extent that Defendants' Answer admitted the referenced

21  facts. Plaintiffs further object to this request for production to the extent that the Request

22  seeks documents already in the custody or control of the Defendants.

23  Subject to and without waiving the Preliminary Statement, General Objections,

24  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

25  relevant responsive documents that have not been previously produced or filed with the

26  District Court and that can be located through a reasonable search of the documents in

27  their possession, custody, or control.

28

415.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 330 of the Complaint that, "Avid Telecom received 41 Tracebacks regarding suspected or known illegal traffic sent to its network by a Spiller-owned entity."

**RESPONSE:** Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants. Plaintiffs further object to this Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

416.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 331 that Defendants were "on notice from the Tracebacks that Spiller was using Avid Telecom to route illegal robocall traffic."

**RESPONSE:** Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants. Plaintiffs further object to this Request as it calls for legal conclusions.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

417.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 332 that "Lansky and Reeves took steps to hide Great

1    Choice Telecom's true ownership from ITG and other entities."

2    **RESPONSE:** Plaintiffs object to the Request on the grounds that these documents are in

3    Defendants' possession or control, have been requested by Plaintiffs and, to date,

4    Defendants have not produced them. Plaintiffs further object to this Request as unduly

5    burdensome and overly broad to the extent that it seeks documents and information

6    equally available to Defendants, including publicly available documents and information,

7    since, under Rule 26(b)(1), such information is obtainable from another source that is

8    more convenient, less burdensome, and/or less expensive.

9       Subject to and without waiving the Preliminary Statement, General Objections,

10    and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

11    relevant responsive documents that have not been previously produced or filed with the

12    District Court and that can be located through a reasonable search of the documents in

13    their possession, custody, or control.

14

15       418.    Please produce all Documents that refer to or relate to, support or refute the

16    allegation set forth in Paragraph 333 that they knew  that " Spiller's traffic was  illegal and that

17    he was sending calls to phone numbers on the National DNC Registry and various state Do

18    Not Call Lists" and that "Lansky and Reeves continued working with Spiller."

19    **RESPONSE:** Plaintiffs object to the Request on the grounds that these documents are in

20    Defendants' possession or control, have been requested by Plaintiffs and, to date,

21    Defendants have not produced them. Plaintiffs further object to this Request as unduly

22    burdensome and overly broad to the extent that it seeks documents and information

23    equally available to Defendants, including publicly available documents and information,

24    since, under Rule 26(b)(1), such information is obtainable from another source that is

25    more convenient, less burdensome, and/or less expensive.

26       Subject to and without waiving the Preliminary Statement, General Objections,

27    and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

28    relevant responsive documents that have not been previously produced or filed with the

1  District Court and that can be located through a reasonable search of the documents in

2  their possession, custody, or control.

3

4       419.   Please produce all Documents that refer to or relate to, support or refute the

5  allegation set forth in Paragraph 334 of the Complaint that "Spiller regularly communicated

6  with Lansky and Reeves via Skype."

7  **RESPONSE:** Plaintiffs object to the Request on the grounds that these documents are in

8  Defendants' possession or control, have been requested by Plaintiffs and, to date,

9  Defendants have not produced them.

10       Subject to and without waiving the Preliminary Statement, General Objections,

11  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

12  relevant responsive documents that have not been previously produced or filed with the

13  District Court and that can be located through a reasonable search of the documents in

14  their possession, custody, or control.

15

16       420.   Please produce all Documents that refer to or relate to, support or refute the

17  allegation set forth in Paragraph 335 that, "[o]n June 10, 2020, Lansky and Spiller

18  discussed the States' lawsuit and the FCC action and the impact it would have on Lansky

19  and Spiller's relationship."

20  **RESPONSE:** Plaintiffs object to the Request on the grounds that these documents are in

21  Defendants' possession or control, have been requested by Plaintiffs and, to date,

22  Defendants have not produced them.

23       Subject to and without waiving the Preliminary Statement, General Objections,

24  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

25  relevant responsive documents that have not been previously produced or filed with the

26  District Court and that can be located through a reasonable search of the documents in

27  their possession, custody, or control.

28

421.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 336 of the Complaint that, "[o]n June 17, 2020, Lansky confirmed he knew Spiller was sending Avid Telecom health care and auto warranty robocall traffic."

**RESPONSE:** Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

422.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 337 that, "[o]n June 19, 2020, Spiller and Lansky discussed the creation of Great Choice Telecom. Spiller was going to use Great Choice  Telecom  "to run my traffic if the FCC shuts off my business." Spiller notified Lansky that Spiller would be the CEO of Great Choice but that the paperwork would be in someone else's name. Lansky responded: "let me know when you are ready to transit (sic) over to the new company."

**RESPONSE:** Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs further object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

423.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 338 of the Complaint that "Lansky agreed to help Spiller switch his traffic to a new company thus avoiding being shut down by the FCC."

**RESPONSE:** Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

424.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 339 of the Complaint that, "[o]n June 25, 2020, Lansky followed up with Spiller about when Spiller was going to switch the traffic to Great Choice."

**RESPONSE:** Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

425.   Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 340 of the Complaint that, "[s]ometime between June 25, 2020, and August 26, 2020, Lansky, Reeves, and/or Avid Telecom switched Spiller's JSquared Telecom account to Great Choice Telecom and replaced Spiller's information with that of Mikel Quinn."

**RESPONSE:** Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

426.   Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 341 of the Complaint that, "[o]n August 26, 2020, in responding to  Great  Choice  Telecom's  first Traceback, Avid Telecom responded to the ITG with Mikel Quinn's information, and not Spiller's."

**RESPONSE:** Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

427.   Please produce all Documents that refer to or relate to, support or refute the

allegation set forth in Paragraph 342 of the Complaint that, "[o]n September 30, 2020, Lansky agreed to be a credit reference for Spiller and Great Choice for Peerless Network, under Spiller's alias Mikel Quinn. Lansky wrote: "no worries. I will give you a good reference."

**RESPONSE:** Plaintiffs object to this Request on the grounds that it is not material to the resolution of the issues, to the extent that Defendants' Answer admitted the referenced facts. Plaintiffs further object to this Request on the grounds that it is unreasonably cumulative or duplicative. Finally, Plaintiffs object to this Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

428.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 343 of the Complaint that, "Through 2020 and 2021, Avid Telecom and Great Choice received Tracebacks regarding Great Choice's illegalrobocall traffic."

**RESPONSE:** Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of Defendants. Plaintiffs further object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Finally, Plaintiffs object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of

expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

429.    Please produce all documents that refer to or relate to, support or refute the allegation set forth in Paragraph 344 of the Complaint that, "[o]n June 29, 2021, Reeves wrote to ITG in response to another Great Choice Traceback:  "We are closing the customer route."

**RESPONSE:** Plaintiffs object to this request for production to the extent that it mischaracterizes and misquotes the Plaintiffs' Complaint. Plaintiffs further object to this Request on the grounds that it is not material to the resolution of the issues, to the extent that Defendants' Answer admitted the referenced facts. Plaintiffs object to this Request on the grounds that it is unreasonably cumulative or duplicative. Finally, Plaintiffs object to this Request to the extent that the Request seeks documents already in the possession or control of Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

430.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 345 of the Complaint that, "[o]n June 29, 2021, Reeves

wrote to ITG in response to another Great Choice Traceback: "We have blocked the customer until the issue can be investigated."

**RESPONSE:** Plaintiffs object to this Request on the grounds that it is not material to the resolution of the issues, to the extent that Defendants' Answer admitted the referenced facts. Plaintiffs further object to this Request on the grounds that it is unreasonably cumulative or duplicative. Finally, Plaintiffs object to this Request to the extent that the Request seeks documents already in the possession or control of Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

431.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 346 of the Complaint that, "[o]n August 26, 2021, Avid Telecom wrote to ITG in response to another Great Choice Traceback: "We  are informing the customer and blocking the customer pending further investigation (sic)," and "The customer had previously been permanently blocked." *Id.*

**RESPONSE:** Plaintiffs object to this Request on the grounds that it is not material to the resolution of the issues, to the extent that Defendants' Answer admitted the referenced facts. Plaintiffs further object to this Request on the grounds that it is unreasonably cumulative or duplicative. Finally, Plaintiffs object to this Request to the extent that the Request seeks documents already in the possession or control of Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

1

2      432.    Please produce all Documents that refer to or relate to, support or refute the

3  allegation set forth in Paragraph 347 of the Complaint that, "[f]rom August 26, 2021, to

4  August 27, 2021, Lansky and Spiller discussed Avid Telecom shutting off Spiller's traffic and

5  that "Lansky agreed to turn Spiller's traffic back on."

6  **RESPONSE:** Plaintiffs object to this Request on the grounds that it is not material to the

7  resolution of the issues, to the extent that Defendants' Answer admitted the referenced

8  facts. Plaintiffs further object to this Request on the grounds that it is unreasonably

9  cumulative or duplicative. Finally, Plaintiffs object to this Request to the extent that the

10  Request seeks documents already in the possession or control of Defendants.

11      Subject to and without waiving the Preliminary Statement, General Objections,

12  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

13  relevant responsive documents that have not been previously produced or filed with the

14  District Court and that can be located through a reasonable search of the documents in

15  their possession, custody, or control.

16

17      433.    Please produce all Documents that refer to or relate to, support or refute the

18  allegation set forth in Paragraph 348 of the Complaint that, "[o]n September 2, 2021,

19  Lansky notified Spiller to "be careful on your traffic" and that there was "very little room

20  for error right now."

21  **RESPONSE:** Plaintiffs object to this Request on the grounds that it is not material to the

22  resolution of the issues, to the extent that Defendants' Answer admitted the referenced

23  facts. Plaintiffs further object to this Request on the grounds that it is unreasonably

24  cumulative or duplicative. Finally, Plaintiffs object to this Request to the extent that the

25  Request seeks documents already in the possession or control of Defendants.

26      Subject to and without waiving the Preliminary Statement, General Objections,

27  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

28  relevant responsive documents that have not been previously produced or filed with the

1  District Court and that can be located through a reasonable search of the documents in

2  their possession, custody, or control.

3

4      434.   Please produce all Documents that refer to or relate to, support or refute the

5  allegation set forth in Paragraph 349 of the Complaint that, "[o]n October 14, 2021, Lansky

6  agreed to be a reference for a business loan for which Spiller was applying."

7  **RESPONSE:** Plaintiffs object to this Request on the grounds that it is not material to the

8  resolution of the issues, to the extent that Defendants' Answer admitted the referenced

9  facts. Plaintiffs further object to this Request on the grounds that it is unreasonably

10 cumulative or duplicative. Finally, Plaintiffs object to this Request to the extent that the

11 Request seeks documents already in the possession or control of Defendants.

12     Subject to and without waiving the Preliminary Statement, General Objections,

13 and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

14 relevant responsive documents that have not been previously produced or filed with the

15 District Court and that can be located through a reasonable search of the documents in

16 their possession, custody, or control.

17

18

19

20     435.   Please produce all Documents that refer to or relate to, support or refute the

21 allegation set forth in Paragraph 350 of the Complaint that, "[o]n October 27, 2021, Reeves

22 wrote to ITG in response to another Great Choice Traceback: "The customer was

23 disconnected this morning based on previous traceback received this morning."

24 **RESPONSE:** Plaintiffs object to this Request on the grounds that it is not material to the

25 resolution of the issues, to the extent that Defendants' Answer admitted the referenced

26 facts. Plaintiffs further object to this Request on the grounds that it is unreasonably

27 cumulative or duplicative. Finally, Plaintiffs object to this Request to the extent that the

28 Request seeks documents already in the possession or control of Defendants.

1    Subject to and without waiving the Preliminary Statement, General Objections,

2    and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

3    relevant responsive documents that have not been previously produced or filed with the

4    District Court and that can be located through a reasonable search of the documents in

5    their possession, custody, or control.

6

7    436.    Please produce all Documents that refer to or relate to, support or refute the

8    allegation set forth in Paragraph 351 of the Complaint that, "[o]n October 27, 2021, Lansky

9    notified Spiller of "two USTA tickets with horrible calls that you have not answered."

10   According to Lansky, these were "pure fraud" calls, and that they would have to block

11   Spiller's traffic."

12   **RESPONSE:** Plaintiffs object to this Request on the grounds that it is not material to the

13   resolution of the issues, to the extent that Defendants' Answer admitted the referenced

14   facts. Plaintiffs further object to this Request on the grounds that it is unreasonably

15   cumulative or duplicative. Finally, Plaintiffs object to this Request to the extent that the

16   Request seeks documents already in the possession or control of Defendants.

17    Subject to and without waiving the Preliminary Statement, General Objections, and

18   specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

19   relevant responsive documents that have not been previously produced or filed with the

20   District Court and that can be located through a reasonable search of the documents in

21   their possession, custody, or control.

22

23   437.    Please produce all Documents that refer to or relate to, support or refute the

24   allegation set forth in Paragraph 352 of the Complaint that "Spiller went on to ask if he

25   could earn Avid Telecom back as a vendor."

26   **RESPONSE:** Plaintiffs object to this Request on the grounds that it is not material to the

27   resolution of the issues, to the extent that Defendants' Answer admitted the referenced

28   facts. Plaintiffs further object to this Request on the grounds that it is unreasonably

1    cumulative or duplicative. Finally, Plaintiffs object to this Request to the extent that the

2    Request seeks documents already in the possession or control of Defendants.

3        Subject to and without waiving the Preliminary Statement, General Objections,

4    and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

5    relevant responsive documents that have not been previously produced or filed with the

6    District Court and that can be located through a reasonable search of the documents in

7    their possession, custody, or control.

8

9        438.   Please produce all Documents that refer to or relate to, support or refute the

10   allegation that the actions set forth in Paragraph 353 of the Complaint occurred.

11   **RESPONSE:** Plaintiffs object to this Request on the grounds that it is not material to the

12   resolution of the issues, to the extent that Defendants' Answer admitted the referenced

13   facts. Plaintiffs further object to this Request on the grounds that it is unreasonably

14   cumulative or duplicative. Finally, Plaintiffs object to this Request to the extent that the

15   Request seeks documents already in the possession or control of Defendants.

16       Subject to and without waiving the Preliminary Statement, General Objections,

17   and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

18   relevant responsive documents that have not been previously produced or filed with the

19   District Court and that can be located through a reasonable search of the documents in

20   their possession, custody, or control.

21

22       439.   Please produce all Documents that refer to or relate to, support or refute the

23   allegation set forth in Paragraph 354 of the Complaint that, "Avid Telecom continued

24   routing Spiller's call traffic after October 27, 2021."

25   **RESPONSE:** Plaintiffs object to this Request on the grounds that it is not material to the

26   resolution of the issues, to the extent that Defendants' Answer admitted the referenced

27   facts. Plaintiffs further object to this Request on the grounds that it is unreasonably

28   cumulative or duplicative. Finally, Plaintiffs object to this Request to the extent that the

1  Request seeks documents already in the possession or control of Defendants.

2  Subject to and without waiving the Preliminary Statement, General Objections,

3  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

4  relevant responsive documents that have not been previously produced or filed with the

5  District Court and that can be located through a reasonable search of the documents in

6  their possession, custody, or control.

7

8  440.   Please produce all Documents that refer to or relate to, support or refute the

9  allegation set forth in Paragraph 355 of the Complaint that "[o]n December 20, 2021,

10  Reeves wrote to the ITG in response to another Great Choice Traceback: "Customer route

11  has been permanently closed."

12  **RESPONSE:** Plaintiffs object to this Request on the grounds that it is not material to the

13  resolution of the issues, to the extent that Defendants' Answer admitted the referenced

14  facts. Plaintiffs further object to this Request on the grounds that it is unreasonably

15  cumulative or duplicative. Finally, Plaintiffs object to this Request to the extent that the

16  Request seeks documents already in the possession or control of Defendants.

17  Subject to and without waiving the Preliminary Statement, General Objections,

18  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

19  relevant responsive documents that have not been previously produced or filed with the

20  District Court and that can be located through a reasonable search of the documents in

21  their possession, custody, or control.

22

23  441.   Please produce all documents that refer to or relate to, support or refute the

24  allegation set forth in Paragraph 356 of the Complaint that, "while Spiller was a customer,

25  Avid Telecom emailed Spiller about illegal or suspect calls Spiller sent to Avid Telecom's

26  network."

27  **RESPONSE:** Plaintiffs object to this request for production to the extent that the Request

28  seeks documents already in the custody or control of Defendants.

1    Subject to and without waiving the Preliminary Statement, General Objections,
2    and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and
3    relevant responsive documents that have not been previously produced or filed with the
4    District Court and that can be located through a reasonable search of the documents in
5    their possession, custody, or control.

6

7    442.    Please produce all documents that refer to or relate to, support or refute the
8    allegation set forth in Paragraph 357 of the Complaint that "[o]n September 23, 2019, Avid
9    Telecom emailed Spiller regarding a person's complaint:  "I receive an insane amount of
10    unsolicited phones calls from telemarketers despite being listed on the national do not call
11    list"
12    **RESPONSE:** Plaintiffs object to this Request on the grounds that it is not material to the
13    resolution of the issues, to the extent that Defendants' Answer admitted the referenced
14    facts. Plaintiffs further object to this Request on the grounds that it is unreasonably
15    cumulative or duplicative. Finally, Plaintiffs object to this Request to the extent that the
16    Request seeks documents already in the possession or control of Defendants.

17    Subject to and without waiving the Preliminary Statement, General Objections,
18    and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and
19    relevant responsive documents that have not been previously produced or filed with the
20    District Court and that can be located through a reasonable search of the documents in
21    their possession, custody, or control.

22

23    443.    Please produce all Documents that refer to or relate to, support or refute the
24    allegation set forth in Paragraph 358 of the Complaint that "[o]n November 4, 2019, Avid
25    Telecom emailed Spiller another complaint.

26    "Stop all calls from Whitestone Health . . . to my phone number
       immediately. [Phone number] is on the DO NOT CALL REGISTRY."
27

28    **RESPONSE:** Plaintiffs object to this Request on the grounds that it is not material to the

resolution of the issues, to the extent that Defendants' Answer admitted the referenced facts. Plaintiffs further object to this Request on the grounds that it is unreasonably cumulative or duplicative. Finally, Plaintiffs object to this Request to the extent that the Request seeks documents already in the possession or control of Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

444.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 359 that, "[t]hese calls to phone numbers  on  the National DNC Registry are clear violations of the TSR prohibition of unsolicited and non-consensual telemarketing calls to phone numbers on the National DNC Registry."

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it calls for a legal conclusion and requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs further object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Finally, Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

1

2        445.    Please produce all Documents that refer to or relate to, support or refute the

3    allegation set forth in Paragraph 360 of the Complaint that "[o]n February 17, 2020, Avid

4    Telecom emailed Spiller regarding "Fraudulent IRS calls."

5    **RESPONSE:** Plaintiffs object to this Request on the grounds that it is not material to the

6    resolution of the issues, to the extent that Defendants' Answer admitted the referenced

7    facts. Plaintiffs further object to this Request on the grounds that it is unreasonably

8    cumulative or duplicative. Finally, Plaintiffs object to this Request to the extent that the

9    Request seeks documents already in the possession or control of Defendants.

10        Subject to and without waiving the Preliminary Statement, General Objections, and

11    specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

12    relevant responsive documents that have not been previously produced or filed with the

13    District Court and that can be located through a reasonable search of the documents in their

14    possession, custody, or control.

15

16        446.    Please produce all Documents that refer to or relate to, support or refute the

17    allegation set forth in Paragraph 361 of the Complaint that "[o]n February 21, 2020, Avid

18    Telecom emailed Spiller regarding more scam complaints."

19    **RESPONSE:** Plaintiffs object to this request for production to the extent that it misquotes

20    the Plaintiffs' Complaint. Plaintiffs further object to this Request on the grounds that it is

21    not material to the resolution of the issues, to the extent that Defendants' Answer admitted

22    the referenced facts. Plaintiffs object to this Request on the grounds that it is unreasonably

23    cumulative or duplicative. Finally, Plaintiffs object to this Request to the extent that the

24    Request seeks documents already in the possession or control of Defendants.

25        Subject to and without waiving the Preliminary Statement, General Objections,

26    and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

27    relevant responsive documents that have not been previously produced or filed with the

28    District Court and that can be located through a reasonable search of the documents in

1  their possession, custody, or control.

2

3      447.    Please produce all Documents that refer to or relate to, support or refute the

4  allegation set forth in Paragraph 362 of the Complaint that "[o]n March 4, 2020, Avid

5  Telecom emailed Spiller regarding a "Medical Insurance Scam."

6  **RESPONSE:** Plaintiffs object to this Request on the grounds that it is not material to the

7  resolution of the issues, to the extent that Defendants' Answer admitted the referenced

8  facts. Plaintiffs further object to this Request on the grounds that it is unreasonably

9  cumulative or duplicative. Finally, Plaintiffs object to this Request to the extent that the

10  Request seeks documents already in the possession or control of Defendants.

11      Subject to and without waiving the Preliminary Statement, General Objections,

12  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

13  relevant responsive documents that have not been previously produced or filed with the

14  District Court and that can be located through a reasonable search of the documents in

15  their possession, custody, or control.

16

17      448.    Please produce all Documents that refer to or relate to, support or refute the

18  allegation set forth in Paragraph 363 of the Complaint that "[o]n March 16, 2020, Avid

19  Telecom emailed Spiller regarding a call to a person on the "Do Not Call registry."

20  **RESPONSE:** Plaintiffs object to this Request on the grounds that it is not material to the

21  resolution of the issues, to the extent that Defendants' Answer admitted the referenced

22  facts. Plaintiffs further object to this Request on the grounds that it is unreasonably

23  cumulative or duplicative. Finally, Plaintiffs object to this Request to the extent that the

24  Request seeks documents already in the possession or control of Defendants.

25      Subject to and without waiving the Preliminary Statement, General Objections,

26  and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

27  relevant responsive documents that have not been previously produced or filed with the

28  District Court and that can be located through a reasonable search of the documents in

1    their possession, custody, or control.

2

3        449.    Please produce all Documents that refer to or relate to, support or refute the

4    allegation set forth in Paragraph 364 of the Complaint that "[o]n April 3, 2020, Avid

5    Telecom emailed Spiller: "Please remove [telephone number] from your calling lists as soon

6    as possible."

7    **RESPONSE:** Plaintiffs object to this Request on the grounds that it is not material to the

8    resolution of the issues, to the extent that Defendants' Answer admitted the referenced

9    facts. Plaintiffs further object to this Request on the grounds that it is unreasonably

10    cumulative or duplicative. Finally, Plaintiffs object to this Request to the extent that the

11    Request seeks documents already in the possession or control of Defendants.

12        Subject to and without waiving the Preliminary Statement, General Objections,

13    and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

14    relevant responsive documents that have not been previously produced or filed with the

15    District Court and that can be located through a reasonable search of the documents in

16    their possession, custody, or control.

17

18        450.    Please produce all Documents that refer to or relate to, support or refute the

19    allegation set forth in Paragraph 365 of the Complaint that "[o]n April 3, 2020, Lansky

20    emailed Spiller: "This number happens to belong to a senior exc of one of the largest mobile

21    providers in the country. they call the President of our ULC who called me. so please remove

22    from your lists. (sic)"

23    **RESPONSE:** Plaintiffs object to this Request on the grounds that it is not material to the

24    resolution of the issues, to the extent that Defendants' Answer admitted the referenced

25    facts. Plaintiffs further object to this Request on the grounds that it is unreasonably

26    cumulative or duplicative. Finally, Plaintiffs object to this Request to the extent that the

27    Request seeks documents already in the possession or control of Defendants.

28        Subject to and without waiving the Preliminary Statement, General Objections,

and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

451.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 366 of the Complaint that "[o]n April 8, 2020, Avid Telecom emailed Spiller regarding robocalls to a number on the National DNC Registry."

**RESPONSE:** Plaintiffs object to this Request on the grounds that it is not material to the resolution of the issues, to the extent that Defendants' Answer admitted the referenced facts. Plaintiffs further object to this Request on the grounds that it is unreasonably cumulative or duplicative. Finally, Plaintiffs object to this Request to the extent that the Request seeks documents already in the possession or control of Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

452.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 367 of the Complaint that "[o]n April 20, 2020, Avid Telecom emailed Spiller regarding spoofed robocalls."

**RESPONSE:** Plaintiffs object to this Request on the grounds that it is not material to the resolution of the issues, to the extent that Defendants' Answer admitted the referenced facts. Plaintiffs further object to this Request on the grounds that it is unreasonably cumulative or duplicative. Finally, Plaintiffs object to this Request to the extent that the Request seeks documents already in the possession or control of Defendants.

Subject to and without waiving the Preliminary Statement, General Objections,

and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

453.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 368 of the Complaint that "[o]n June 15, 2020, Avid Telecom emailed Spiller regarding unsolicited call to a phone number on the National DNC Registry."

**RESPONSE:** Plaintiffs object to this Request on the grounds that it is not material to the resolution of the issues, to the extent that Defendants' Answer admitted the referenced facts. Plaintiffs further object to this Request on the grounds that it is unreasonably cumulative or duplicative. Finally, Plaintiffs object to this Request to the extent that the Request seeks documents already in the possession or control of Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

454.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 369 of the Complaint that "[o]n June 26, 2020, Avid Telecom emailed Spiller regarding auto warranty robocalls."

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter

and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs

object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object

to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the

Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or

relate to, support or refute the allegation" is unclear. The terms are also overly broad and

unduly burdensome, to the extent that they call for information that is not relevant to any

claim or defense in this matter or reasonably calculated to lead to the discovery of admissible

evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze

or organize factual evidence for the Defendants or to the extent that it asks for a compilation,

summary or analysis of documents or information not in existence. Plaintiffs further object to

the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal

conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or

organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it

requires the responding Plaintiffs to marshal all of their available proof or the proof they

intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the

Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs

object to the Request on the grounds that these documents are in Defendants' possession or

control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it

seeks documents and information equally available to Defendants, including publicly

available documents and information, since, under Rule 26(b)(1), such information is

obtainable from another source that is more convenient, less burdensome, and/or less

expensive. Plaintiffs object to this request for production on the grounds that it seeks

information and documents inconsistent with, and beyond the requirements of the Federal

Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States

District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs

further object to this Request to the extent that it calls for information or analysis that is not

yet complete and that is information that is properly the subject of expert discovery. The

disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

455.    Please produce all Documents, including all deposition transcripts, that refer to or relate to, support or refute the allegation set forth in Paragraph 370 of the Complaint, that "in a deposition, Spiller testified that Lansky, personally, helped Spiller with the content of Spiller's prerecorded messages."

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it

seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

456.    Please produce all Documents, including all deposition transcripts, that refer to or relate to, support or refute the allegation set forth in Paragraph 371 that, "[b]efore joining Avid Telecom, Defendant she worked at Modok, LLC ("Modok") from June 2017 to June 2020 as the Director of Network Operations."

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they

intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

457.    Please produce all Documents, including all deposition transcripts, that refer to or relate to, support or refute the allegation set forth in Paragraph 371, that "Modok was a VoIP service provider which ceased business following an action by the Michigan Attorney General's Office for its role in facilitating illegal robocalls."

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation,

summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

458.    Please produce all Documents, including all deposition transcripts, that refer to or relate to, support or refute the allegation set forth in Paragraph 371 that, the "Robocalls specifically at issue in the action included 'Social Security Administration scams' and "suspected auto warranty scams.'"

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to

the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

459.    Please produce all Documents, including all deposition transcripts, that refer to or relate to, support or refute the allegation set forth in Paragraph 372 that, "In her position with Modok, Reeves knew the type of robocall traffic that Modok facilitated which caused it to be the subject of the Michigan law enforcement action and ultimately caused it to shut down in August of 2020."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the

litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

460.    Please produce all Documents that refer to or relate to, support or refute the

1    allegation set forth in Paragraph 373 that, "Sumco was a customer of Modok from January 1,
2    2020, through July 2020" and that she "assisted in its onboarding as a new retail (end- user)
     customer."

3    **RESPONSE:**

4    Plaintiffs object to this request for production on the grounds that it is overbroad, unduly
     burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the
5    litigation. Plaintiffs object to this request for production on the grounds that it is interposed
     for an improper purpose, such as to harass or to cause unnecessary delay or needless
6    increase in the cost of the litigation. Plaintiffs object to this request for production to the
7    extent that it seeks information that is not relevant to any claim or defense in this matter and
     is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs
8    object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs
9    object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to
     the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or
10   relate to, support or refute the allegation" is unclear. The terms are also overly broad and
11   unduly burdensome, to the extent that they call for information that is not relevant to any
     claim or defense in this matter or reasonably calculated to lead to the discovery of
12   admissible evidence. Plaintiffs object to the Request to the extent that it requires the
     Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it
13   asks for a compilation, summary or analysis of documents or information not in existence.
14   Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a
     term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for
15   Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this
16   Request to the extent that it requires the responding Plaintiffs to marshal all of their
     available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as
17   premature to the extent that the Plaintiffs' investigation and development of facts relating to
18   this action is ongoing. Plaintiffs object to the Request on the grounds that these documents
     are in Defendants' possession or control, have been requested by Plaintiffs and, to date,
19   Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome
20   and overly broad to the extent that it seeks documents and information equally available to
     Defendants, including publicly available documents and information, since, under Rule
21   26(b)(1), such information is obtainable from another source that is more convenient, less
22   burdensome, and/or less expensive. Plaintiffs object to this request for production on the
     grounds that it seeks information and documents inconsistent with, and beyond the
23   requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the
24   Local Rules of the United States District Court for the District of Arizona, and other
     applicable federal or state law. Plaintiffs further object to this Request to the extent that it
25   calls for information or analysis that is not yet complete and that is information that is
     properly the subject of expert discovery. The disclosure and production of expert reports and
26   other expert-related materials will occur in accordance with Rule 26 and the dates set forth
27   in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request
     for production on the grounds that it seeks information and documents protected by the
28   attorney-client privilege, the attorney work product doctrine, common interest privilege,

deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

461.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 374 that, … "she corresponded with the ITG regarding Traceback requests related to Sumco's robocall traffic" and that, "[w]ithin four months of opening the Sumco account, Modok had received 11 Traceback requests regarding Sumco's traffic."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other

applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

462.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 375 that "[d]ue to pressure Modok was receiving from the ITG to mitigate Sumco's robocall traffic, Modok opened a new wholesale account in April of 2020 for Sumco under the name, Virtual Telecom Kft."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to

Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

463.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 375 that Virtual Telecom Kft ("Virtual Telecom") was registered as a 499 Filer with the FCC and was purportedly located in Budapest, Hungary."
**RESPONSE:**
Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as

premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

464.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 375 that "Modok set up a wholesale account for Sumco so that Modok would no longer appear to be the originating voice service provider for the Sumco robocall traffic."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it

asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

465.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 375 that Reeves "assisted with the account set up for Virtual Telecom and facilitated the acquisition of over 800,000 DID numbers for Sumco's use."
**RESPONSE:**
Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or

relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

466.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 376 of the Complaint that, "[o]n June 17, 2020, Avid enrolled Virtual Telecom Kft as a wholesale voice service provider customer."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the

extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

467.   Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 377 of the Complaint that "Virtual Telecom provided Avid with an address from Budapest, Hungary and a Proton email address, which is an encrypted email service based in Switzerland."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony

1    regarding legal theories, analyses, and conclusions instead of fact testimony.

2    468.    Please produce all Documents that refer to or relate to, support or refute the

3    allegation set forth in Paragraph 378 of the Complaint that Avid allowed Virtual Telecom, like

     all of its prepaid carriers, " to enroll for its VoIP service without executing a written agreement

4    regarding the terms of services as Virtual Telecom agree to pay in advance for its services."

5    **RESPONSE:**

     Plaintiffs object to this request for production on the grounds that it is overbroad, unduly

6    burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the

7    litigation. Plaintiffs object to this request for production on the grounds that it is interposed

     for an improper purpose, such as to harass or to cause unnecessary delay or needless

8    increase in the cost of the litigation. Plaintiffs object to this request for production to the

9    extent that it seeks information that is not relevant to any claim or defense in this matter and

     is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs

10   object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs

11   object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to

     the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or

12   relate to, support or refute the allegation" is unclear. The terms are also overly broad and

13   unduly burdensome, to the extent that they call for information that is not relevant to any

     claim or defense in this matter or reasonably calculated to lead to the discovery of

14   admissible evidence. Plaintiffs object to the Request to the extent that it requires the

15   Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it

     asks for a compilation, summary or analysis of documents or information not in existence.

16   Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a

17   term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for

     Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this

18   Request to the extent that it requires the responding Plaintiffs to marshal all of their

19   available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as

     premature to the extent that the Plaintiffs' investigation and development of facts relating to

20   this action is ongoing. Plaintiffs object to the Request on the grounds that these documents

21   are in Defendants' possession or control, have been requested by Plaintiffs and, to date,

     Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome

22   and overly broad to the extent that it seeks documents and information equally available to

23   Defendants, including publicly available documents and information, since, under Rule

     26(b)(1), such information is obtainable from another source that is more convenient, less

24   burdensome, and/or less expensive. Plaintiffs object to this request for production on the

25   grounds that it seeks information and documents inconsistent with, and beyond the

     requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the

26   Local Rules of the United States District Court for the District of Arizona, and other

     applicable federal or state law. Plaintiffs further object to this Request to the extent that it

27   calls for information or analysis that is not yet complete and that is information that is

28   properly the subject of expert discovery. The disclosure and production of expert reports and

     other expert-related materials will occur in accordance with Rule 26 and the dates set forth

in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

469.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 379 of the Complaint that, "Virtual Telecom had access to Avid Telecom's 'Dialer Special' plan which allowed to run 15,000 sessions and 1,000 simultaneous calls per session."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the

requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

470.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 380 of the Complaint that, "[b]y August 28, 2020, Lansky had increased the calling capabilities to allow 40,000 sessions with each session able to initiate 3000 simultaneous calls per session."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date,

Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

471.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 382 of the Complaint that "[f]ollowing a temporary reduction in Virtual Telecom's call capacity on September 21, 2020, to 30,000 sessions with 3,000 calls per session, Reeves increased the calling capabilities on the account to back 40,000 sessions with 3,200 calls per session on December 9, 2020."

**RESPONSE:**
Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a

term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

472.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 383 of the Complaint that the Defendants provided call capabilities that were "astounding" and that they " knew or consciously avoided knowing that its customer was engaged in or facilitating illegal robocalling."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and

unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

473.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 384 that "[o]n August 25, 2020, Lansky changed the name and contact information in Avid Telecom's account management system for Virtual Telecom's account to Mobi Telecom, LLC ("Mobi")."

**RESPONSE**:
Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the

extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

474.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 385 that, "Mobi was a newly formed company registered with the Wyoming Secretary of State in June of 2020 and registered in the FCC's 499 Filer database as an interconnected VoIP provider on April 1, 2020."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony

1    regarding legal theories, analyses, and conclusions instead of fact testimony.

2        475.    Please produce all Documents that refer to or relate to, support or refute the
3    allegation set forth in Paragraph 386 that, "Avid received its *first* Traceback request from the
     ITG on August 18, 2020, related to robocalls from Virtual Telecom" (Emphasis added).
4    **RESPONSE:**

5    Plaintiffs object to this request for production on the grounds that it is overbroad, unduly
     burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the
6    litigation. Plaintiffs object to this request for production on the grounds that it is interposed
     for an improper purpose, such as to harass or to cause unnecessary delay or needless
7    increase in the cost of the litigation. Plaintiffs object to this request for production to the
8    extent that it seeks information that is not relevant to any claim or defense in this matter and
     is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs
9    object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs
10   object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to
     the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or
11   relate to, support or refute the allegation" is unclear. The terms are also overly broad and
12   unduly burdensome, to the extent that they call for information that is not relevant to any
     claim or defense in this matter or reasonably calculated to lead to the discovery of
13   admissible evidence. Plaintiffs object to the Request to the extent that it requires the
14   Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it
     asks for a compilation, summary or analysis of documents or information not in existence.
15   Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a
16   term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for
     Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this
17   Request to the extent that it requires the responding Plaintiffs to marshal all of their
18   available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as
     premature to the extent that the Plaintiffs' investigation and development of facts relating to
19   this action is ongoing. Plaintiffs object to the Request on the grounds that these documents
20   are in Defendants' possession or control, have been requested by Plaintiffs and, to date,
     Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome
21   and overly broad to the extent that it seeks documents and information equally available to
22   Defendants, including publicly available documents and information, since, under Rule
     26(b)(1), such information is obtainable from another source that is more convenient, less
23   burdensome, and/or less expensive. Plaintiffs object to this request for production on the
24   grounds that it seeks information and documents inconsistent with, and beyond the
     requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the
25   Local Rules of the United States District Court for the District of Arizona, and other
26   applicable federal or state law. Plaintiffs further object to this Request to the extent that it
     calls for information or analysis that is not yet complete and that is information that is
27   properly the subject of expert discovery. The disclosure and production of expert reports and
     other expert-related materials will occur in accordance with Rule 26 and the dates set forth
28   in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request

for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

476.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 387 that, "the Traceback request provided Avid with notice and evidence of the abusive nature of the robocall campaign at issue."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other

applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

477.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 388 that Avid Telecom transited "random dialed calls" that played "prerecorded messages" and that evidence that Defendants were on notice that their "customer was violating the TSR and the TCPA."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to

Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

478.    Please produce Documents sufficient to identify, by CDR, each and every randomly dialed call the You allege was transited by Avid Telecom.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to

this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

479.   Please produce Documents sufficient to identify, by CDR, each and every randomly dialed call the You allege played a prerecorded message.
**RESPONSE:**
Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for

Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

480.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 389 of the Complaint that "the transcript showed the prerecorded messages were sent with no disclosure as to the entity responsible for the solicitation."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any

claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

481.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 391 of the Complaint that "it supplied DID numbers used for caller ID to another Sumco entity, Geist Telecom, LLC ("Geist") and that that Geist was not obtaining VoIP services from Avid Telecom."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and

is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

482.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 392 of the Complaint that the "Ohio Attorney General's Office issued a subpoena to Avid related to the Virtual Telecom/Mobi Telecom account on February 10, 2021 referencing its investigatory authority under the Ohio's Consumer Sales Practices Act and Telephone Solicitation Sales Act."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony

regarding legal theories, analyses, and conclusions instead of fact testimony.

483.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 393 as "Avid provided substantial assistance and support to Sumco and its related entities."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request

for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

484.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 394 of the Complaint that, "[f]rom June 2020 to February 2021, Avid facilitated over 5 billion calls for Sumco through the Virtual Telecom/Mobi Telecom account."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the

Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

485.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 395 of the Complaint that, "Defendants knew or consciously avoided knowing that their customer was initiating massive volumes of robocalls to cellular and residential telephone numbers without having the requisite prior express written consent to deliver robocalls to 650 million unique telephone numbers."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date,

Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

486.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 396 of the Complaint that, "[m]any of Virtual Telecom's/Mobi Telecom's calls were to telephone numbers on the National DNC Registry and various state Do Not Call Lists. Of the 5 billion calls Avid facilitated, at least 100 million of them were placed to over 9 million telephone numbers with Ohio area codes that were listed on the National DNC Registry for at least 31 days at the time of the call."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

487.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 397 that Reeves knew from her employment at Modok that call center client, Sumco, changed its name to Virtual Telecom and that Virtual Telecom subsequently became an Avid customer. "

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or

relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

488.   Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 398 of the Complaint that they knew the true identity of the upstream provider.

**RESPONSE:**
Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the

extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

489.   Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 399 of the Complaint 399 of the Complaint that "Avid Telecom and Lansky were on notice since as early as August 18, 2020, that Virtual Telecom and Mobi were using Avid's services to send illegal robocalls."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to the request on the grounds that it is unintelligible. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request

1   for production on the grounds it seeks information and testimony regarding legal theories,
    analyses, and conclusions instead of fact testimony.

2

3       490.    Please produce all Documents that refer to or relate to, support or refute the
    allegation set forth in Paragraph 400 of the Complaint that Reeves "has been on notice since

4   as early as October 2020 that Sumco and its affiliated entities were using Avid's services to
    send illegal robocalls."

5   **RESPONSE:**

6   Plaintiffs object to this request for production on the grounds that it is overbroad, unduly
    burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the

7   litigation. Plaintiffs object to this request for production on the grounds that it is interposed

8   for an improper purpose, such as to harass or to cause unnecessary delay or needless
    increase in the cost of the litigation. Plaintiffs object to this request for production to the

9   extent that it seeks information that is not relevant to any claim or defense in this matter and

10  is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs
    object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs

11  object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to

12  the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or
    relate to, support or refute the allegation" is unclear. The terms are also overly broad and

13  unduly burdensome, to the extent that they call for information that is not relevant to any

14  claim or defense in this matter or reasonably calculated to lead to the discovery of
    admissible evidence. Plaintiffs object to the Request to the extent that it requires the

15  Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it

16  asks for a compilation, summary or analysis of documents or information not in existence.
    Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a

17  term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for

18  Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this
    Request to the extent that it requires the responding Plaintiffs to marshal all of their

19  available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as

20  premature to the extent that the Plaintiffs' investigation and development of facts relating to
    this action is ongoing. Plaintiffs object to the Request on the grounds that these documents

21  are in Defendants' possession or control, have been requested by Plaintiffs and, to date,

22  Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome
    and overly broad to the extent that it seeks documents and information equally available to

23  Defendants, including publicly available documents and information, since, under Rule

24  26(b)(1), such information is obtainable from another source that is more convenient, less
    burdensome, and/or less expensive. Plaintiffs object to this request for production on the

25  grounds that it seeks information and documents inconsistent with, and beyond the
    requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the

26  Local Rules of the United States District Court for the District of Arizona, and other

27  applicable federal or state law. Plaintiffs further object to this Request to the extent that it
    calls for information or analysis that is not yet complete and that is information that is

28  properly the subject of expert discovery. The disclosure and production of expert reports and

other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

491.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 401 of the Complaint that, "[t]he illegal robocall traffic associated with the Virtual Telecom/Mobi account was brought to Defendants' attention on many occasions."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the

grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

492.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 401 of the Complaint that that it failed to take action to mitigate the robocall traffic or that it knowingly "enabled Sumco, Virtual Telecom, and/or Mobi Telecom in furthering their illegal robocalling schemes."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents

are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

493.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 402 of the Complaint that "Avid provided substantial assistance and support to provided substantial assistance and support to the Sumco, Virtual Telecom, and/or Mobi Telecom and Geist Telecom by providing VoIP services necessary for the initiation of the robocalls and DIDs used for caller ID."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

494.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 403 that "Defendants had direct knowledge that Sumco was sending them illegal call traffic."

**RESPONSE**:

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and

unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

495.   Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 404 of the Complaint that "Lansky and Reeves are also both individually liable for the conduct alleged herein."

**RESPONSE:**
Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and

is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

496.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 405 of the Complaint that Reeves possessed and exercised the authority to control the policies and trade practices of Avid Telecom.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly

burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

497.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 405 of the Complaint that Lansky and Reeves created and implemented any illegal policies and trade practices, participated in any illegal trade practices.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege,

1
2
3

deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

4
5
6

498.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 405 of the Complaint that Lansky exhibited a lack of respect to the separate identities of each entity or that he improperly comingled corporate and personal assets.

**RESPONSE:**

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it

calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

499.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 405 of the Complaint that Lansky participated in the illegal trade practices that are described in the Complaint.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less

burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

500.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 405 of the Complaint that Lansky directed or supervised those employees of Michael D. Lansky, LLC who participated in the illegal trade practices that are described in the Complaint.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to

this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

501.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 405 of the Complaint that Lansky knew or should have known of the illegality of the trade practices that are described herein and had the power to stop them, but rather than stopping them, promoted their use.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

502.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 407 of the Complaint that Lansky demonstrated a complete lack of respect to the separate identities of each entity and comingled corporate and personal assets.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or

relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

503.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 408 of the Complaint that Michael D. Lansky, LLC's corporate bank account(s) corporate credit card(s), corporate check book(s), and corporate PayPal account(s)accounts comingled money for Lansky's personal business.
**RESPONSE:**
Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless

increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

504.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 414 of the Complaint that Lansky's conduct through Michael D. Lansky, LLC, has caused harm to consumers.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony

regarding legal theories, analyses, and conclusions instead of fact testimony.

505.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 415 of the Complaint that Treating Michael D. Lansky, LLC and Lansky as separate entities would further sanction a fraud, promote injustice, and lead to an evasion of legal obligations.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth

1   in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request

2   for production on the grounds that it seeks information and documents protected by the
    attorney-client privilege, the attorney work product doctrine, common interest privilege,

3   deliberative process privilege, law enforcement and investigations privileges and/or any

4   other applicable privilege, immunity or protection against disclosure. Plaintiff further
    objects to this request for production on the grounds it seeks information and testimony

5   regarding legal theories, analyses, and conclusions instead of fact testimony.

6       506.   Please produce all Documents that refer to or relate to, support or refute the

7   allegation set forth in Paragraph 422 of the Complaint Defendants transmitted or routed calls
    to the telephone numbers on the Indiana Do Not Call List.

8   **RESPONSE:**

9   Plaintiffs object to this request for production on the grounds that it is overbroad, unduly
    burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the

10  litigation. Plaintiffs object to this request for production on the grounds that it is interposed

11  for an improper purpose, such as to harass or to cause unnecessary delay or needless
    increase in the cost of the litigation. Plaintiffs object to this request for production to the

12  extent that it seeks information that is not relevant to any claim or defense in this matter and

13  is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs
    object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs

14  object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to

15  the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or
    relate to, support or refute the allegation" is unclear. The terms are also overly broad and

16  unduly burdensome, to the extent that they call for information that is not relevant to any

17  claim or defense in this matter or reasonably calculated to lead to the discovery of
    admissible evidence. Plaintiffs object to the Request to the extent that it requires the

18  Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it

19  asks for a compilation, summary or analysis of documents or information not in existence.
    Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a

20  term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for

21  Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this
    Request to the extent that it requires the responding Plaintiffs to marshal all of their

22  available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as

23  premature to the extent that the Plaintiffs' investigation and development of facts relating to
    this action is ongoing. Plaintiffs object to the Request on the grounds that these documents

24  are in Defendants' possession or control, have been requested by Plaintiffs and, to date,
    Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome

25  and overly broad to the extent that it seeks documents and information equally available to

26  Defendants, including publicly available documents and information, since, under Rule
    26(b)(1), such information is obtainable from another source that is more convenient, less

27  burdensome, and/or less expensive. Plaintiffs object to this request for production on the
    grounds that it seeks information and documents inconsistent with, and beyond the

28  requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the

Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

507.    Please produce a copy of each and every Indiana Do Not Call List that contains a telephone number to which You allege Defendants transited an illegal robocall.
**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous. The terms of the request are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less

burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

508.    Please produce a copy of each and every Indiana Do Not Call List that contains a telephone number to which You allege Defendants terminated an illegal robocall.
**RESPONSE:**
Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request as being duplicative of other requests propounded by Defendants, including, but not limited to Request No. 507. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous. The terms of the request are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been

requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

509.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 422 of the Complaint that the Indiana Attorney General issued a Civil Investigative Demand ("CID") to Avid Telecom related to, among other things, Avid Telecom assisting and facilitating persons or entities sending calls to telephone numbers on the Indiana Do Not Call List in violation of Indiana law.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a

term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

510.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 422 of the Complaint that "[o]n November 1, 2022, the Office of the Indiana Attorney General petitioned an Indiana court to enforce the CID. In the petition, the Office of the Indiana Attorney General highlighted that it was investigating Avid Telecom for violating Indiana law regarding the Indiana Do Not Call List."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or

relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

511.    Please produce all Documents, including without limitation, all withdrawal or dismissal papers filed by the Indiana Attorney General, that refer to or relate to or constitute the final outcome of the Attorney General petition November 1, 2022 Petition.

**RESPONSE:**
Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the

extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous. The terms of the request are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

512.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 423 of the Complaint that Defendants have been on notice that their clients are sending calls to Hoosiers who have telephone numbers on the Indiana Do Not Call List. Defendants have substantially assisted and facilitated or supported these clients in violating Indiana law.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of

admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

513.    Please produce a complete copy of the "analysis of a sampling of Call48 CDRs related to Defendants' traffic, from September 2022 to December 2022" referenced in Paragraph 424 of the Complaint.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs

object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

514.    Please produce all Documents, including without limitation CDRs, that refer to or relate to, support or refute the allegation set forth in Paragraph 424 of the Complaint that Defendants routed at least 11,369 phone calls to Hoosiers on the Indiana Do Not Call List.
**RESPONSE:**
Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed

for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

515.    Please produce all Documents, including without limitation CDRs, that refer to or relate to, support or refute the allegation set forth in Paragraph 424 of the Complaint that

During that time period, Defendants routed approximately 29,700 telephone calls to Indiana area codes.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any

1    other applicable privilege, immunity or protection against disclosure. Plaintiff further
2    objects to this request for production on the grounds it seeks information and testimony
     regarding legal theories, analyses, and conclusions instead of fact testimony.

3         516.    Please produce all Documents that refer to or relate to, support or refute the
4    allegation set forth in Paragraph 425 of the Complaint that Defendants helped sellers and/or
5    callers make many more calls to Hoosiers on the Indiana Do Not Call List after Defendants
     were on notice their clients were making calls to Hoosiers on the Indiana Do Not Call List.
6    Please ensure that Your Response includes all Documents that You claim constitute notice.
     **RESPONSE:**
7    Plaintiffs object to this request for production on the grounds that it is overbroad, unduly
8    burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the
     litigation. Plaintiffs object to this request for production on the grounds that it is interposed
9    for an improper purpose, such as to harass or to cause unnecessary delay or needless
10   increase in the cost of the litigation. Plaintiffs object to this request for production to the
     extent that it seeks information that is not relevant to any claim or defense in this matter and
11   is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs
12   object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs
     object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to
13   the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or
14   relate to, support or refute the allegation" is unclear. The terms are also overly broad and
     unduly burdensome, to the extent that they call for information that is not relevant to any
15   claim or defense in this matter or reasonably calculated to lead to the discovery of
16   admissible evidence. Plaintiffs object to the Request to the extent that it requires the
     Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it
17   asks for a compilation, summary or analysis of documents or information not in existence.
18   Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a
     term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for
19   Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this
20   Request to the extent that it requires the responding Plaintiffs to marshal all of their
     available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as
21   premature to the extent that the Plaintiffs' investigation and development of facts relating to
22   this action is ongoing. Plaintiffs object to the Request on the grounds that these documents
     are in Defendants' possession or control, have been requested by Plaintiffs and, to date,
23   Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome
24   and overly broad to the extent that it seeks documents and information equally available to
     Defendants, including publicly available documents and information, since, under Rule
25   26(b)(1), such information is obtainable from another source that is more convenient, less
26   burdensome, and/or less expensive. Plaintiffs object to this request for production on the
     grounds that it seeks information and documents inconsistent with, and beyond the
27   requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the
     Local Rules of the United States District Court for the District of Arizona, and other
28   applicable federal or state law. Plaintiffs further object to this Request to the extent that it

calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

517. Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 430 that "Many of the illegal robocalls that Defendants transmitted onto and across Avid Telecom's network constitute telemarketing and were created and initiated by sellers and/or telemarketers within the scope of the TSR."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule

26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

518.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 431 of the Complaint that Defendants provided substantial assistance or support to sellers and telemarketers that were violating the TSR through the identified actions.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as

premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

519.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 436 of the Complaint that Defendants did not choose to regularly, if at all, block calls made from telephone numbers that the FCC has authorized could be blocked so that those calls do not reach a called party pursuant to 47 C.F.R. § 64.1200(k).

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it

asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

520.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 437 of the Complaint that they violated 47 C.F.R. § 64.1200(n)(3) by failing to take affirmative effective measures to prevent new and renewing customers from using its network to originate illegal calls, including knowing its customers and exercising due diligence in ensuring that its services are not used to originate illegal traffic.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs

object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

521.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 442 of the Complaint that they violated 47 U.S.C. §§ 227(b)(1)(A)(iii) and (b)(1)(B) by engaging in a pattern or practice of initiating telephone calls to residential and cellular telephone lines using artificial or prerecorded voices to deliver messages without the prior express consent of the called parties.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

522.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 443 of the Complaint that they violated 47 C.F.R. § 64.1200(a)(2) by engaging in a pattern or practice of initiating or causing telephone calls to be initiated that include or introduce advertisements or constitute telemarketing to cellular telephone lines using artificial or prerecorded voices to deliver messages without the prior express written consent of the called parties.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth

in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

523.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 444 that Defendants violated 47 C.F.R. § 64.1200(a)(3) by engaging in a pattern or practice of initiating telephone calls to residential telephone lines using artificial or prerecorded voices to deliver messages without the prior express written consent of the called parties.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the

grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

524.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 446 of the Complaint that Defendants initiated calls that terminated within Plaintiffs' respective jurisdictions because the calls would not have connected but for Defendants' decision to allow transit their network despite having actual knowledge that many of the calls were scam robocalls delivering prerecorded or artificially voiced messages.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as

premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

525.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 447 of the Complaint that Defendants knew or should have known that many of these calls violated 47 U.S.C. § 227(b)(1)(A)(iii) and (b)(1)(B). **RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

526.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 451 of the Complaint that Defendants violated 47 C.F.R. § 64.1200(c)(2) by engaging in a pattern or practice of initiating telephone solicitations to residential telephone subscribers in the Plaintiffs' respective jurisdictions who have registered their telephone numbers on the National DNC Registry.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to

the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

527.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 452 of the Complaint that Defendants knew or should have known that many, if not most, of these calls were made in violation of 47 C.F.R. § 64.1200(c)(2).

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed

for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

528.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 457 of the Complaint that Defendants violated 47 U.S.C. §

227(e)(1) and 47 C.F.R. § 64.1604(a) by knowingly causing the caller identification services of the recipients of their call traffic with spoofed phone numbers to transmit misleading or inaccurate caller identification information.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege,

deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

529.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 458 of the Complaint that Defendants knew or should have known that they accepted and profited from illegal robocalls with misleading or inaccurate spoofed phone numbers, which sought to defraud, cause harm, or wrongfully obtain things of value from the call recipients.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other

applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

530.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 460 of the Complaint that they have engaged in and continue to engage in unfair competition as defined in California Business & Professions Code section 17200.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to

Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

531.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 472 of the Complaint that Defendants routinely transmit calls to consumers in Florida which misrepresent the identity of the caller and the nature of goods and services offered through the calls.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their

available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

532.    Please produce all Documents, including without limitation, CDRs that refer to or relate to, support or refute the allegation set forth in Paragraph 473 of the Complaint that Records of calls transmitted by the Defendants indicate that at least 1,184,200,778 calls were directed to phone numbers with area codes assigned to Florida during the period relevant to this Complaint.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of

admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

533.    Please produce all Documents, including without limitation each relevant National DNC Registry, that refer to or relate to, support or refute the allegation set forth in Paragraph 474 of the Complaint that Records of calls transmitted by the Defendants indicate that least 387,321,375, or 32.7%, of these calls were directed to phone numbers on the National DNC Registry.

**RESPONSE:**
Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and

is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

534.    Please produce all Documents, including without limitation each relevant National DNC Registry, that refer to or relate to, support or refute the allegation set forth in Paragraph 474 of the Complaint that "The average duration of the calls Defendants routed to Florida are only 16.7 seconds."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

535.    Please produce all Documents, including without limitation, all complaints filed with any relevant Florida regulatory or law enforcement agency, that refer to or relate to, support or refute the allegation set forth in Paragraph 475 of the Complaint that the vast majority of such calls were unwanted.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request

for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

536. Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 475 of the Complaint that the vast majority of such calls were unwanted likely because they are fraudulent, pre-recorded or artificially voiced messages.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other

applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

537.    Please produce all Documents, including all studies and the like, that refer to or relate to, support or refute the allegation set forth in Paragraph 475 of the Complaint that the vast majority of the called parties to such calls almost immediately hung up the phone.
**RESPONSE:**
Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrases "refer to or relate to, support or refute the allegation" and "and the like" are unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since,

under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

538.    Please produce Documents sufficient to identity the "campaign of calls" referenced in Paragraph 476 of the Complaint.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "sufficient to identity" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants'

possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

539.    Please produce all Documents that support the conclusion that Avid Telecom was involved in the transiting or the termination of the call to Vanessa referenced in Paragraph 476 of the Complaint.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "support the conclusion" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze

or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

540.    Please produce all Documents that support the conclusion that Avid Telecom was involved in the transiting or the termination of any of "campaign of calls" referenced in Paragraph 476 of the Complaint.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "support the conclusion" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to

the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

541.    Please produce all Documents, including without limitation, CDRs that identify each of the calls associated with "campaign of calls" referenced in Paragraph 476 of the Complaint that you allege was transited or terminated by Avid Telecom.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs

object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "CDRs that identify each of the calls associated with 'campaign of calls'" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

542.    Please produce a copy of each Document containing information regarding any of the calls associated with "campaign of calls" referenced in Paragraph 476 of the Complaint.
**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless

increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrases "Document containing information" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

543.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 477 of the Complaint that any of the calls that were part of the "campaign of calls" transited or terminated by Avid Telecom contained a spoofed CallerID.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrases "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony

1    regarding legal theories, analyses, and conclusions instead of fact testimony.

2        544.    Please produce all Documents that refer to or relate to, support or refute the
3    allegation set forth in Paragraph 484 of the Complaint that Defendants "caused" telephone
     sales calls to be made to consumers residing in Indiana.
4    **RESPONSE:**

5    Plaintiffs object to this request for production on the grounds that it is overbroad, unduly
     burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the
6    litigation. Plaintiffs object to this request for production on the grounds that it is interposed
     for an improper purpose, such as to harass or to cause unnecessary delay or needless
7    increase in the cost of the litigation. Plaintiffs object to this request for production to the
8    extent that it seeks information that is not relevant to any claim or defense in this matter and
     is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs
9    object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs
10   object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to
     the Request as vague and ambiguous to the extent that the meaning of the phrases "refer to
11   or relate to, support or refute the allegation" is unclear. The terms are also overly broad and
12   unduly burdensome, to the extent that they call for information that is not relevant to any
     claim or defense in this matter or reasonably calculated to lead to the discovery of
13   admissible evidence. Plaintiffs object to the Request to the extent that it requires the
14   Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it
     asks for a compilation, summary or analysis of documents or information not in existence.
15   Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a
16   term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for
     Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this
17   Request to the extent that it requires the responding Plaintiffs to marshal all of their
18   available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as
     premature to the extent that the Plaintiffs' investigation and development of facts relating to
19   this action is ongoing. Plaintiffs object to the Request on the grounds that these documents
20   are in Defendants' possession or control, have been requested by Plaintiffs and, to date,
     Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome
21   and overly broad to the extent that it seeks documents and information equally available to
22   Defendants, including publicly available documents and information, since, under Rule
     26(b)(1), such information is obtainable from another source that is more convenient, less
23   burdensome, and/or less expensive. Plaintiffs object to this request for production on the
24   grounds that it seeks information and documents inconsistent with, and beyond the
     requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the
25   Local Rules of the United States District Court for the District of Arizona, and other
26   applicable federal or state law. Plaintiffs further object to this Request to the extent that it
     calls for information or analysis that is not yet complete and that is information that is
27   properly the subject of expert discovery. The disclosure and production of expert reports and
     other expert-related materials will occur in accordance with Rule 26 and the dates set forth
28   in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request

1    for production on the grounds that it seeks information and documents protected by the
2    attorney-client privilege, the attorney work product doctrine, common interest privilege,
     deliberative process privilege, law enforcement and investigations privileges and/or any
3    other applicable privilege, immunity or protection against disclosure. Plaintiff further
     objects to this request for production on the grounds it seeks information and testimony
4    regarding legal theories, analyses, and conclusions instead of fact testimony.

5        545.    Please produce all Documents that refer to or relate to, support or refute the
6    allegation set forth in Paragraph 484 of the Complaint that Defendants have any "subscribers"
     in Indiana.
7    **RESPONSE:**
8    Plaintiffs object to this request for production on the grounds that it is overbroad, unduly
     burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the
9    litigation. Plaintiffs object to this request for production on the grounds that it is interposed
10   for an improper purpose, such as to harass or to cause unnecessary delay or needless
     increase in the cost of the litigation. Plaintiffs object to this request for production to the
11   extent that it seeks information that is not relevant to any claim or defense in this matter and
12   is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs
     object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs
13   object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to
14   the Request as vague and ambiguous to the extent that the meaning of the phrases "refer to
     or relate to, support or refute the allegation" is unclear. The terms are also overly broad and
15   unduly burdensome, to the extent that they call for information that is not relevant to any
16   claim or defense in this matter or reasonably calculated to lead to the discovery of
     admissible evidence. Plaintiffs object to the Request to the extent that it requires the
17   Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it
18   asks for a compilation, summary or analysis of documents or information not in existence.
     Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a
19   term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for
20   Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this
     Request to the extent that it requires the responding Plaintiffs to marshal all of their
21   available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as
22   premature to the extent that the Plaintiffs' investigation and development of facts relating to
     this action is ongoing. Plaintiffs object to the Request on the grounds that these documents
23   are in Defendants' possession or control, have been requested by Plaintiffs and, to date,
24   Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome
     and overly broad to the extent that it seeks documents and information equally available to
25   Defendants, including publicly available documents and information, since, under Rule
26   26(b)(1), such information is obtainable from another source that is more convenient, less
     burdensome, and/or less expensive. Plaintiffs object to this request for production on the
27   grounds that it seeks information and documents inconsistent with, and beyond the
     requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the
28   Local Rules of the United States District Court for the District of Arizona, and other

applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

546.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 484 of the Complaint that defendants "initiate" calls into Indiana.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrases "refer to or relate to, support or refute the allegation" and "initiate" are unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since,

under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

547.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 484 of the Complaint that Defendants "control" one or more persons who made or "caused" others to make telephone calls to consumers located in Indiana.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to

this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

548.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 487 of the Complaint that Defendants made sales calls to telephone numbers included on Indiana's Do Not Call List at the time of the calls.

**RESPONSE**:

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a

term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

549.    Please produce Documents, including without limitation, CDRs sufficient to identify each call that you allege in Paragraph 487 of the Complaint was transited or terminated by Avid Telecom to a telephone number that was then on Indiana's Do Not Call List.
**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "sufficient to identify" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter

or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

550.    Please provide a complete each and every Indiana Do Not Call list that You allege contains telephone numbers associated with calls that you allege were transited or terminated by Avid Telecom.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request as being duplicative of other requests propounded by Defendants, including, but not limited to Request No. 508. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant

to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "a complete each and every" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

551.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 488 that Defendant was the "calling party" to a consumer in Indiana.
**RESPONSE:**
Plaintiffs object to this request for production on the grounds that it is overbroad, unduly

burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

552.    Please produce Documents, including without limitation, CDRs sufficient to identify each call that You allege in Paragraph 488 of the Complaint Defendant was the "calling party" to a consumer in Indiana.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.    Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "sufficient to identify" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process

privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

553.    Please produce Documents, including without limitation, CDRs sufficient to identify each call that You allege in Paragraph 489 of the Complaint Defendant provided substantial assistance to a telephone solicitor, supplier, or caller.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "sufficient to identify" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert

discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

554.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 490 of the Complaint that Avid Telecom, Lansky, and Reeves knew or consciously avoided knowing that the telephone solicitor, supplier, or caller was engaged in a practice that violated Ind. Code 24-4.7-4.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less

burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

555.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 491 of the Complaint that Avid Telecom's equipment or services were used for more than the transportation, handling, or retransmitting of a call.
**RESPONSE:**
Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents

are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

556.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 491 of the Complaint that Defendants own equipment used to transit an incoming call and hand it off to another carrier.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for

Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

557.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 492 of the Complaint that Defendants made any telephone calls or that they knowingly transited any telephone calls to a number selected by the calling party that was legitimately on a Do Not Call list.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any

claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

558.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 496 of the Complaint that Defendants have knowingly provided substantial assistance or support, through the provision of Avid Telecom's services, to one or more sellers or telemarketers who Defendants knew or should have known were engaged in the deceptive or abusive telemarketing acts or practices.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the

extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

559.   Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 497 of the Complaint that Defendants originated any calls or that they transmitted calls from telephone solicitors who Defendants knew or consciously avoided knowing were violating the Telephone Consumer Protection Act by (1) making

1   telephone solicitations to numbers on the National Do Not Call Registry; (2) using automatic
2   dialing and prerecorded messages; and (3) causing misleading information to be transmitted
    to users of caller identification technologies or otherwise block or misrepresent the original
3   source of the call."

**RESPONSE:**

4   Plaintiffs object to this request for production on the grounds that it is overbroad, unduly
5   burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the
    litigation. Plaintiffs object to this request for production on the grounds that it is interposed
6   for an improper purpose, such as to harass or to cause unnecessary delay or needless
7   increase in the cost of the litigation. Plaintiffs object to this request for production to the
    extent that it seeks information that is not relevant to any claim or defense in this matter and
8   is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs
9   object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs
    object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to
10  the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or
11  relate to, support or refute the allegation" is unclear. The terms are also overly broad and
    unduly burdensome, to the extent that they call for information that is not relevant to any
12  claim or defense in this matter or reasonably calculated to lead to the discovery of
13  admissible evidence. Plaintiffs object to the Request to the extent that it requires the
    Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it
14  asks for a compilation, summary or analysis of documents or information not in existence.
15  Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a
    term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for
16  Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this
17  Request to the extent that it requires the responding Plaintiffs to marshal all of their
    available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as
18  premature to the extent that the Plaintiffs' investigation and development of facts relating to
19  this action is ongoing. Plaintiffs object to the Request on the grounds that these documents
    are in Defendants' possession or control, have been requested by Plaintiffs and, to date,
20  Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome
21  and overly broad to the extent that it seeks documents and information equally available to
    Defendants, including publicly available documents and information, since, under Rule
22  26(b)(1), such information is obtainable from another source that is more convenient, less
23  burdensome, and/or less expensive. Plaintiffs object to this request for production on the
    grounds that it seeks information and documents inconsistent with, and beyond the
24  requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the
    Local Rules of the United States District Court for the District of Arizona, and other
25  applicable federal or state law. Plaintiffs further object to this Request to the extent that it
26  calls for information or analysis that is not yet complete and that is information that is
    properly the subject of expert discovery. The disclosure and production of expert reports and
27  other expert-related materials will occur in accordance with Rule 26 and the dates set forth
    in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request
28  for production on the grounds that it seeks information and documents protected by the

1    attorney-client privilege, the attorney work product doctrine, common interest privilege,
2    deliberative process privilege, law enforcement and investigations privileges and/or any
     other applicable privilege, immunity or protection against disclosure. Plaintiff further
3    objects to this request for production on the grounds it seeks information and testimony
     regarding legal theories, analyses, and conclusions instead of fact testimony.
4
5        560.    Please produce all Documents that refer to or relate to, support or refute the
     allegation set forth in Paragraph 498 of the Complaint that Defendants violated the TCPA by
6    failing to take affirmative measures to prevent new and renewing customers from using their
     network to originate illegal calls, in violation of 47 CFR § 64.1200(n)(3).
7
     **RESPONSE:**
8    Plaintiffs object to this request for production on the grounds that it is overbroad, unduly
9    burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the
     litigation. Plaintiffs object to this request for production on the grounds that it is interposed
10   for an improper purpose, such as to harass or to cause unnecessary delay or needless
     increase in the cost of the litigation. Plaintiffs object to this request for production to the
11   extent that it seeks information that is not relevant to any claim or defense in this matter and
12   is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs
     object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs
13   object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to
14   the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or
     relate to, support or refute the allegation" is unclear. The terms are also overly broad and
15   unduly burdensome, to the extent that they call for information that is not relevant to any
16   claim or defense in this matter or reasonably calculated to lead to the discovery of
     admissible evidence. Plaintiffs object to the Request to the extent that it requires the
17   Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it
18   asks for a compilation, summary or analysis of documents or information not in existence.
     Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a
19   term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for
20   Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this
     Request to the extent that it requires the responding Plaintiffs to marshal all of their
21   available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as
22   premature to the extent that the Plaintiffs' investigation and development of facts relating to
     this action is ongoing. Plaintiffs object to the Request on the grounds that these documents
23   are in Defendants' possession or control, have been requested by Plaintiffs and, to date,
24   Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome
     and overly broad to the extent that it seeks documents and information equally available to
25   Defendants, including publicly available documents and information, since, under Rule
26   26(b)(1), such information is obtainable from another source that is more convenient, less
     burdensome, and/or less expensive. Plaintiffs object to this request for production on the
27   grounds that it seeks information and documents inconsistent with, and beyond the
     requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the
28   Local Rules of the United States District Court for the District of Arizona, and other

applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

561.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 499 of the Complaint that Defendants have devised and carried out the above-described business practices knowingly and deliberately.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule

26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

562.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 500 of the Complaint that Defendants failed to comply with the requirements of the Telemarketing Sales Rule, as set out in Count I above, in violation of § 14-3201(1) of the MTCPA.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as

premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

563.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 501 of the Complaint that Defendants failed to comply with the requirements of the Telephone Consumer Protection Act, as set out in Counts II and III above, in violation of § 14-3201(2) of the MTCPA.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it

asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

564.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 502 of the Complaint that Defendants have caused any harm to customers in Maryland.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or

relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

565.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 503 of the Complaint that Defendants have originated, facilitated and/or transmitted millions of illegal robocalls in Maryland and are liable for millions of dollars in damages.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless

increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

566.   Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 504 of the Complaint that Defendants have engaged in a prohibited practice.

**RESPONSE**:

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony

1    regarding legal theories, analyses, and conclusions instead of fact testimony.

2        567.    Please produce all Documents that refer to or relate to, support or refute the

3    allegation set forth in Paragraph 505 of the Complaint that Defendants have engaged in any

     unfair or deceptive trade practice or that they are is subject to the enforcement and penalty

4    provisions contained in Md. Code Ann., Com. Law § 13-401 through § 13-411.

5    **RESPONSE:**

     Plaintiffs object to this request for production on the grounds that it is overbroad, unduly

6    burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the

7    litigation. Plaintiffs object to this request for production on the grounds that it is interposed

     for an improper purpose, such as to harass or to cause unnecessary delay or needless

8    increase in the cost of the litigation. Plaintiffs object to this request for production to the

9    extent that it seeks information that is not relevant to any claim or defense in this matter and

     is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs

10   object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs

11   object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to

     the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or

12   relate to, support or refute the allegation" is unclear. The terms are also overly broad and

13   unduly burdensome, to the extent that they call for information that is not relevant to any

     claim or defense in this matter or reasonably calculated to lead to the discovery of

14   admissible evidence. Plaintiffs object to the Request to the extent that it requires the

15   Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it

     asks for a compilation, summary or analysis of documents or information not in existence.

16   Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a

17   term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for

     Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this

18   Request to the extent that it requires the responding Plaintiffs to marshal all of their

19   available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as

     premature to the extent that the Plaintiffs' investigation and development of facts relating to

20   this action is ongoing. Plaintiffs object to the Request on the grounds that these documents

21   are in Defendants' possession or control, have been requested by Plaintiffs and, to date,

     Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome

22   and overly broad to the extent that it seeks documents and information equally available to

23   Defendants, including publicly available documents and information, since, under Rule

24   26(b)(1), such information is obtainable from another source that is more convenient, less

     burdensome, and/or less expensive. Plaintiffs object to this request for production on the

25   grounds that it seeks information and documents inconsistent with, and beyond the

     requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the

26   Local Rules of the United States District Court for the District of Arizona, and other

     applicable federal or state law. Plaintiffs further object to this Request to the extent that it

27   calls for information or analysis that is not yet complete and that is information that is

     properly the subject of expert discovery. The disclosure and production of expert reports and

28   other expert-related materials will occur in accordance with Rule 26 and the dates set forth

in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

568.    Please produce Documents, including without limitation CDRs, sufficient to identify each of the 159,576,512 fraudulent robocalls to consumers in Nevada or to consumers with a Nevada based area code as alleged in Paragraph 511 of the Complaint.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "sufficient to identify" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the

United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

569.    Please produce Documents sufficient to explain the basis(es) on which You have concluded that the 159,576,512 calls to consumers in Nevada alleged in Paragraph 511 were "fraudulent".

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "sufficient to explain the basis(es) on which You have concluded" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to

Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

570.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 521 of the Complaint that Defendants' conduct in transmitting calls, and attendant acts regarding those calls, violated provisions of the NDTPA, by violating the provisions of NRS 597.814 and 597.818.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their

available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

571.   Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 524 of the Complaint that Defendant's conduct in transmitting calls, and attendant acts regarding those calls, including, without limitation, disseminating0020unsolicited prerecorded messages to solicit a person to purchase goods or services by telephone when Defendants did not have a preexisting business relationship with the person being called and/or failed to provide the person with statutory required information at the time the person answered the telephone, violated provisions of the NDTPA, by violating NRS 598.0916.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or

relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

572.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 525 of the Complaint that Defendants repeatedly or continuously conducted a solicitation or presentation in a manner that is considered by a reasonable person to be annoying, abusive, or harassing.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless

increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

573.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 526 of the Complaint that Defendants repeatedly or continuously conducted a solicitation or presentation in a manner that is considered by a

reasonable person to be annoying, abusive, or harassing in violation of the provisions of the NDTPA, by violating NRS 598.0918(2).

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any

1    other applicable privilege, immunity or protection against disclosure. Plaintiff further
2    objects to this request for production on the grounds it seeks information and testimony
     regarding legal theories, analyses, and conclusions instead of fact testimony.

3        574.    Please produce all Documents that refer to or relate to, support or refute the
4    allegation set forth in Paragraph 528 of the Complaint that Defendants' conduct in a l l e g e
5    d l y transmitting fraudulent robocalls to consumers in Nevada is in violation of provisions of
     federal law, including without limitation, the Telemarketing Sales Rule, 16 C.F.R. Part 310 via
6    15 U.S.C. § 6103(a) and provisions of federal law identified herein.
7    **RESPONSE:**
     Plaintiffs object to this request for production on the grounds that it is overbroad, unduly
8    burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the
9    litigation. Plaintiffs object to this request for production on the grounds that it is interposed
     for an improper purpose, such as to harass or to cause unnecessary delay or needless
10   increase in the cost of the litigation. Plaintiffs object to this request for production to the
11   extent that it seeks information that is not relevant to any claim or defense in this matter and
     is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs
12   object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs
13   object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to
     the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or
14   relate to, support or refute the allegation" is unclear. The terms are also overly broad and
15   unduly burdensome, to the extent that they call for information that is not relevant to any
     claim or defense in this matter or reasonably calculated to lead to the discovery of
16   admissible evidence. Plaintiffs object to the Request to the extent that it requires the
17   Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it
     asks for a compilation, summary or analysis of documents or information not in existence.
18   Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a
19   term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for
     Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this
20   Request to the extent that it requires the responding Plaintiffs to marshal all of their
     available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as
21   premature to the extent that the Plaintiffs' investigation and development of facts relating to
22   this action is ongoing. Plaintiffs object to the Request on the grounds that these documents
     are in Defendants' possession or control, have been requested by Plaintiffs and, to date,
23   Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome
24   and overly broad to the extent that it seeks documents and information equally available to
     Defendants, including publicly available documents and information, since, under Rule
25   26(b)(1), such information is obtainable from another source that is more convenient, less
26   burdensome, and/or less expensive. Plaintiffs object to this request for production on the
     grounds that it seeks information and documents inconsistent with, and beyond the
27   requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the
     Local Rules of the United States District Court for the District of Arizona, and other
28   applicable federal or state law. Plaintiffs further object to this Request to the extent that it

calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

575.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 528 that Defendants knew or should have known that the robocalls were in violation of those laws.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less

burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

576. Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 530 of the Complaint that Defendants transmitted 159,576,512 fraudulent robocalls to consumers in Nevada or to consumers with a Nevada based area code.
**RESPONSE:**
Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents

are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

577.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 531 of the Complaint that Defendants knowingly transmitted fraudulent robocalls to consumers in Nevada that is in violation of provisions of Nevada State law including, without limitation, the Do Not Call Law, the NDTPA, and other related statutory provisions.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

578.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 532 of the Complaint that Defendants knowingly transmitted calls, and undertook attendant acts regarding those calls, t h a t violated provisions of the NDTPA, and/or other statutory provisions violating provisions of federal law, including without limitation, the Telemarketing Sales Rule, 16 C.F.R. Part 310 via 15 U.S.C. § 6103(a), and/or provisions of Nevada State law including, without limitation, the Do Not Call Law and the NDTPA.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs

object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

579.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 534 of the Complaint that Defendants took advantage of the lack of knowledge, ability, experience or capacity of Nevada consumers to a grossly unfair degree by transmitting calls and carrying out attendant acts regarding those calls as alleged herein, thereby committing an unconscionable practice in a transaction in violation of NRS 598.0923(1)(e).

**RESPONSE**:

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony

1    regarding legal theories, analyses, and conclusions instead of fact testimony.

2        580.    Please produce all Documents that refer to or relate to, support or refute the
3    allegation set forth in Paragraph 536 of the Complaint that Defendants violated the Nevada Do
     Not Call Law, and/or the NDTPA.

4    **RESPONSE:**

5    Plaintiffs object to this request for production on the grounds that it is overbroad, unduly
     burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the
6    litigation. Plaintiffs object to this request for production on the grounds that it is interposed
     for an improper purpose, such as to harass or to cause unnecessary delay or needless
7    increase in the cost of the litigation. Plaintiffs object to this request for production to the
8    extent that it seeks information that is not relevant to any claim or defense in this matter and
     is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs
9    object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs
10   object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to
     the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or
11   relate to, support or refute the allegation" is unclear. The terms are also overly broad and
12   unduly burdensome, to the extent that they call for information that is not relevant to any
     claim or defense in this matter or reasonably calculated to lead to the discovery of
13   admissible evidence. Plaintiffs object to the Request to the extent that it requires the
14   Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it
     asks for a compilation, summary or analysis of documents or information not in existence.
15   Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a
16   term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for
     Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this
17   Request to the extent that it requires the responding Plaintiffs to marshal all of their
18   available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as
     premature to the extent that the Plaintiffs' investigation and development of facts relating to
19   this action is ongoing. Plaintiffs object to the Request on the grounds that these documents
20   are in Defendants' possession or control, have been requested by Plaintiffs and, to date,
     Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome
21   and overly broad to the extent that it seeks documents and information equally available to
22   Defendants, including publicly available documents and information, since, under Rule
     26(b)(1), such information is obtainable from another source that is more convenient, less
23   burdensome, and/or less expensive. Plaintiffs object to this request for production on the
24   grounds that it seeks information and documents inconsistent with, and beyond the
     requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the
25   Local Rules of the United States District Court for the District of Arizona, and other
26   applicable federal or state law. Plaintiffs further object to this Request to the extent that it
     calls for information or analysis that is not yet complete and that is information that is
27   properly the subject of expert discovery. The disclosure and production of expert reports and
     other expert-related materials will occur in accordance with Rule 26 and the dates set forth
28   in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request

for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

581.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 540 of the Complaint that Defendants have engaged in the carrying on, conducting or transaction of business in New York within the meaning of Executive Law § 63(12).

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the

Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

582.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 541 the Defendants have engaged in repeated and persistent illegality by facilitating illegal calls in violation of the GBL § 399-z as set forth in the following Sections.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome

and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

583.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 542 that Defendants are a "telemarketer" or that they "make or cause to be made any unsolicited telemarketing sales call to any customer when that customer's telephone number has been on the national 'do-not-call' registry..."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this

Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

584.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 543 that Defendants have "initiat[ed] any telemarketing sales call by means of a technology that delivers a pre-recorded message."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the

Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

585.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 544 that Defendants have repeatedly facilitated unsolicited telemarketing sales calls to customers whose telephone numbers were on the national do- not-call registry and had been for at least 31 days prior to the call being made.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs

object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

586.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 545 that Defendants have repeatedly provided (sic) facilitated the initiation of telemarketing sales calls by means of a technology that delivered pre-recorded messages, without the customers' prior express written consent.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the

litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

587.    Please produce all Documents that refer to or relate to, support or refute the

allegation set forth in Paragraph 546 that Defendants have engaged in repeated illegal conduct in violation of Executive Law § 63(12).

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any

1    other applicable privilege, immunity or protection against disclosure. Plaintiff further

2    objects to this request for production on the grounds it seeks information and testimony
     regarding legal theories, analyses, and conclusions instead of fact testimony.

3         588.   Please produce all Documents that refer to or relate to, support or refute the

4    allegation set forth in Paragraph 550 that Defendants were operating automatic dialing-
     announcing devices which use random or sequential number generators to produce numbers

5    to be called.

6    **RESPONSE:**

7    Plaintiffs object to this request for production on the grounds that it is overbroad, unduly
     burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the

8    litigation. Plaintiffs object to this request for production on the grounds that it is interposed
     for an improper purpose, such as to harass or to cause unnecessary delay or needless

9    increase in the cost of the litigation. Plaintiffs object to this request for production to the

10   extent that it seeks information that is not relevant to any claim or defense in this matter and
     is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs

11   object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs

12   object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to
     the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or

13   relate to, support or refute the allegation" is unclear. The terms are also overly broad and
     unduly burdensome, to the extent that they call for information that is not relevant to any

14   claim or defense in this matter or reasonably calculated to lead to the discovery of

15   admissible evidence. Plaintiffs object to the Request to the extent that it requires the
     Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it

16   asks for a compilation, summary or analysis of documents or information not in existence.

17   Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a
     term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for

18   Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this

19   Request to the extent that it requires the responding Plaintiffs to marshal all of their
     available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as

20   premature to the extent that the Plaintiffs' investigation and development of facts relating to

21   this action is ongoing. Plaintiffs object to the Request on the grounds that these documents
     are in Defendants' possession or control, have been requested by Plaintiffs and, to date,

22   Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome

23   and overly broad to the extent that it seeks documents and information equally available to
     Defendants, including publicly available documents and information, since, under Rule

24   26(b)(1), such information is obtainable from another source that is more convenient, less

25   burdensome, and/or less expensive. Plaintiffs object to this request for production on the
     grounds that it seeks information and documents inconsistent with, and beyond the

26   requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the

27   Local Rules of the United States District Court for the District of Arizona, and other
     applicable federal or state law. Plaintiffs further object to this Request to the extent that it

28   calls for information or analysis that is not yet complete and that is information that is

properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

589.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 556 of the Complaint that Defendants have transmitted calls from telephone solicitors who Defendants knew or consciously avoided knowing were violating the North Carolina Telephone Solicitations Act.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less

burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

590.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 563 of the Complaint that Defendants have acted affecting commerce based on those alleged acts.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents

are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

591.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 565 the Complaint that Defendants engaged in acts or practices that were offensive to established North Carolina public policy, as well as immoral, unethical, oppressive, unscrupulous, and substantially injurious to North Carolina consumers across the State.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

592.   Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 566 the Complaint that Defendants have devised and carried out the above-described business practices knowingly and deliberately.

**RESPONSE:**
Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and

unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

593.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 567 the Complaint that Defendants have provided substantial assistance or support, through the provision of Avid Telecom services, to one or more sellers or telemarketers who Defendants knew or should have known were engaged in the deceptive or abusive telemarketing acts or practices set out in the TSR Counts above.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless

increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

594.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 568 the Complaint that Defendants engaged in the acts or practices enumerated in the paragraphs above as deceptive telemarketing acts or practices in

violation of the TSR. 16 C.F.R. § 310.3(b).

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further

objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

595.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 570 of the Complaint that Defendants engaged in acts or practices that are unfair or deceptive trade practices under the TSR are also deceptive or misleading and constitute unfair or deceptive trade practices prohibited by N.C. Gen. Stat. § 75-1.1 and are violations of North Carolina's Unfair or Deceptive Trade Practices Act.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is

properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

596.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 571 of the Complaint that Defendants engaged in acts or practices, representations and omissions that violate the prohibition against unfair or deceptive business practices found in Section 75-1.1 of the North Carolina General Statutes.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less

expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

597.   Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 578 of the Complaint that Defendants Avid Telecom, Lansky, and Reeves engaged in violations of N.D.C.C. § 51-15-02.3 by providing assistance or support, through the provision of merchandise or services, to one or more callers who Defendants knew or consciously avoided knowing were engaged in violations of the North Dakota Telephone Solicitations Act, N.D.C.C. chapter 51-28, and Unlawful Sales or Advertising Practices law, N.D.C.C. chapter 51-15.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this

Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

598.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 579 of the Complaint that Defendants Avid Telecom, Lansky, and Reeves engaged in violations of N.D.C.C. § 51-15-02.3 by originating and/or transmitting calls from one or more caller who Defendants knew or consciously avoided knowing were engaged in violations of the North Dakota Telephone Solicitations Act, N.D.C.C. chapter 51-28, and Unlawful Sales or Advertising Practices law, N.D.C.C. chapter 51-15.

**RESPONSE:**
Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.    Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and

unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

599.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 580 of the Complaint that Defendants Avid Telecom, Lansky, and Reeves assisted or supported unlawful robocalls to North Dakota subscribers, which robocalls violated N.D.C.C. chs. 51-28 and 51-15.

**RESPONSE**:
Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the

extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

600.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 585 of the Complaint that Defendants Avid Telecom, Lansky, and Reeves originated, routed, or transmitted illegal robocalls across the U.S. telephone network to millions of telephone subscribers.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony

regarding legal theories, analyses, and conclusions instead of fact testimony.

601.   Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 586 of the Complaint that Defendants Avid Telecom, Lansky, and Reeves provided support and services to Avid Telecom's customers engaged in unlawful conduct, including dialing software, including a predictive dialer, call leads, and expertise, or directly participated in Avid Telecom's customers' unlawful acts or practices.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and

1    other expert-related materials will occur in accordance with Rule 26 and the dates set forth
2    in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request
     for production on the grounds that it seeks information and documents protected by the
3    attorney-client privilege, the attorney work product doctrine, common interest privilege,
4    deliberative process privilege, law enforcement and investigations privileges and/or any
     other applicable privilege, immunity or protection against disclosure. Plaintiff further
5    objects to this request for production on the grounds it seeks information and testimony
     regarding legal theories, analyses, and conclusions instead of fact testimony.
6
7        602.    Please produce all Documents that refer to or relate to, support or refute the
     allegation set forth in Paragraph 587 of the Complaint that Defendants Avid Telecom, Lansky,
8    and Reeves assisted and facilitated Avid Telecom's customers' attempts to circumvent legal
     and regulatory protections for consumers.
9    **RESPONSE:**
10   Plaintiffs object to this request for production on the grounds that it is overbroad, unduly
     burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the
11   litigation. Plaintiffs object to this request for production on the grounds that it is interposed
12   for an improper purpose, such as to harass or to cause unnecessary delay or needless
     increase in the cost of the litigation. Plaintiffs object to this request for production to the
13   extent that it seeks information that is not relevant to any claim or defense in this matter and
14   is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs
     object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs
15   object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to
16   the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or
     relate to, support or refute the allegation" is unclear. The terms are also overly broad and
17   unduly burdensome, to the extent that they call for information that is not relevant to any
18   claim or defense in this matter or reasonably calculated to lead to the discovery of
     admissible evidence. Plaintiffs object to the Request to the extent that it requires the
19   Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it
20   asks for a compilation, summary or analysis of documents or information not in existence.
     Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a
21   term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for
22   Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this
     Request to the extent that it requires the responding Plaintiffs to marshal all of their
23   available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as
24   premature to the extent that the Plaintiffs' investigation and development of facts relating to
     this action is ongoing. Plaintiffs object to the Request on the grounds that these documents
25   are in Defendants' possession or control, have been requested by Plaintiffs and, to date,
26   Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome
     and overly broad to the extent that it seeks documents and information equally available to
27   Defendants, including publicly available documents and information, since, under Rule
     26(b)(1), such information is obtainable from another source that is more convenient, less
28   burdensome, and/or less expensive. Plaintiffs object to this request for production on the

grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

603.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 588 of the Complaint that Defendants conduct offends public policy, as embodied in federal and state law, and is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents

are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

604.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 589 of the Complaint that the robocall traffic Defendants transmit and support causes injury, or is likely to cause substantial injury, to persons, which injury is not reasonably avoidable by the injured person and not outweighed by countervailing benefits to consumers or to competition.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

605.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 590 of the Complaint that Defendants Avid Telecom, Lansky, and Reeves' acts or practices, as described herein, are deceptive, unconscionable, or causes or is likely to cause substantial injury to a person which is not reasonably avoidable by the injured person and not outweighed by countervailing benefits to consumers or to competition, in violation of North Dakota's Unlawful Sales or Advertising Practices law, N.D.C.C., § 51-15-02.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs

object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

606.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 597 of the Complaint that Avid Telekom (sic), Lansky, and Reeves repeatedly facilitated and caused violations of the TSSA in support of their telephonic seller customers by the acts enumerated in that paragraph.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

607.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 603 of the Complaint that Defendants' acts or practices enumerated in the foregoing paragraphs have been in the conduct of any trade or commerce in Rhode Island.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the

attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

608.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 604 of the Complaint that Defendants originated and/or transmitted across the U.S. telephone network violated the TSSA and possessed the tendency or capacity to mislead, deceive, and/or create a likelihood of confusion or misunderstanding.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other

applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

609.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 604 that Defendants directly participated in these misleading, deceptive, and/or confusing acts and practices by supporting and servicing Avid Telecom's customers by, for example, providing them with DIDs, providing them with Rhode Islanders to target, and assisting them as they attempt to circumvent legal and regulatory protections for consumers.

**RESPONSE:**
Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date,

Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

610.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 605 of the Complaint that Defendants' acts or practices enumerated above were likewise a violation of public policy, embodied in federal and state law and regulation including the TSR, 16 C.F.R. § 310.3(b) and that these practices are also immoral, unethical, oppressive, unscrupulous, and substantially injurious to Rhode Island consumers.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

611.   Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 606 of the Complaint that Defendants' acts, practices, representations, and omissions of Defendants described herein, pursuant to R.I. Gen. Laws § 6-13.1-2 and § 6-13.1-5, violate the prohibition against unfair or deceptive trade practices found in RI DTPA.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to

the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

612.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 610 of the Complaint that the calls that Defendants originated and/or transmitted across the U.S. telephone network possessed the tendency or capacity to mislead or create the likelihood of deception.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed

for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

613.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 613 of the Complaint that Defendants have provided

substantial assistance or support, through the provision of Avid Telecom's services, to one or more sellers or telemarketers who Defendants knew or should have known were engaged in the deceptive or abusive telemarketing acts or practices set out in in the TSR Counts above.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege,

deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

614.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 614 of the Complaint that Defendants directed, controlled, had the authority to control, with knowledge approved of, and participated in the business practices described herein.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it

calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

615.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 615 of the Complaint that Defendants practices have impacted the public interest and is likely to continue without relief from this Court.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less

burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

616.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 620 of the Complaint that Defendants violated Wis. Admin. Code § ATCP 127.20 by knowingly assisting, through its VoIP provider services, sellers who Defendants knew were engaged in activities or practices which violated Subchapter II.
**RESPONSE**:

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to

this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

617.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 621 of the Complaint that Defendants knowingly assisted sellers who made telephone solicitations that violated Wis. Admin. Code § ATCP 127.04 when the sellers failed to disclose in a telephone solicitation.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

618.   Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 622 of the Complaint that Defendants knowingly assisted sellers who made telephone solicitations that violated Wis. Admin. Code § ATCP 127.14 when the sellers engaged in the described activities.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or

relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

619.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 623 of the Complaint that Defendants knowingly assisted sellers who initiated telephone solicitations to consumers before 8:00 AM or after 9:00 PM without the prior consent of the consumers in violation of Wis. Admin. Code § ATCP 127.16(3).

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed

for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

620.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 624 of the Complaint that Defendants violated Wis. Admin.

Code § ATCP 127.20 each time a seller, knowingly assisted by Defendants, violated Wis. Admin. Code §§ ATCP 127.04, 127.14 and/or 127.16(3).

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any

other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

621.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 628 of the Complaint that Defendants violated Wis. Admin. Code § ATCP 127.82(2) when the persons made telephone solicitations, either directly or through an employee or agent, to covered telephone customers whose telephone numbers then appeared on the state do-not-call registry.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not

yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

622.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 629 of the Complaint that Defendants violated Wis. Admin. Code § ATCP 127.83(2)(b) when the persons used electronically prerecorded messages in telephone calls for the purpose of encouraging a covered or noncovered telephone customer to purchase property, goods, or services, without first obtaining a written agreement that contains the telephone number and signature of the customer to be called, where the agreement discloses in writing that the customer is not required to sign the agreement as a condition of making a purchase and, by signing the agreement, the customer authorizes telemarketing calls from that person, and where the provisions of Wis. Admin. Code §§ ATCP 127.80(10)(a) or (b) do not apply.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the

Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

623.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 630 of the Complaint that Defendants violated Wis. Admin. Code § ATCP 127.83(2)(d) each time a person, knowingly facilitated by Defendants, violated Wis. Admin. Code § ATCP 127.82(2) and/or 127.83(2)(b).

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly compound. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants. Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to marshal all of their available proof or the proof they intend to offer at trial. Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs object to this request for production on the grounds that it seeks information and documents inconsistent with, and beyond the requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the District of Arizona, and other applicable federal or state law. Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102). Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege, the attorney work product doctrine, common interest privilege, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

RESPECTFULLY SUBMITTED this 25th day of August, 2025.

**FOR THE STATE OF ARIZONA:**

KRISTIN K. MAYES
Attorney General for the State of Arizona

/s/ John Raymond Dillon IV
JOHN RAYMOND DILLON IV
SARAH PELTON
DYLAN JONES
LAURA DILWEG
ALYSE MEISLIK
Assistant Attorneys General
*Attorneys for the State of Arizona*

**FOR THE STATE OF INDIANA:**

TODD ROKITA
Attorney General for the State of Indiana

/s/ Douglas S. Swetnam
DOUGLAS S. SWETNAM
THOMAS L. MARTINDALE
Deputy Attorneys General
*Attorneys for the State of Indiana*

**FOR THE STATE OF NORTH CAROLINA:**

JEFF JACKSON
Attorney General for the State of North Carolina

/s/ Tracy Nayer
TRACY NAYER
ROCHELLE SPARKO
Special Deputy Attorneys General
*Attorneys for the State of North Carolina*

**FOR THE STATE OF OHIO:**

DAVE YOST
Attorney General for the State of Ohio

/s/ Erin Leahy
ERIN B. LEAHY
Senior Assistant Attorney General
*Attorney for the State of Ohio*

*Lead Counsel for Plaintiffs*

1

1

## LIST OF PLAINTIFFS' COUNSEL

2

3

John Raymond Dillon IV (AZ Bar No. 036796)
Sarah Pelton (AZ Bar No. 039633)
Dylan Jones (AZ Bar No. 034185)
Laura Dilweg (AZ No. 036066)
Alyse Meislik (AZ No. 024052)
Assistant Attorneys General
Arizona Attorney General's Office
2005 North Central Avenue
Phoenix, AZ 85004
Phone: (602) 542-8018
Fax:    (602) 542-4377
john.dillonIV@azag.gov
sarah.pelton@azag.gov
dylan.jones@azag.gov
laura.dilweg@azag.gov
alyse.meislik@azag.gov
*Attorneys for Plaintiff State of Arizona*

Douglas S. Swetnam (IN Bar No. 15860-49)
Thomas L. Martindale (IN Bar No. 29706-64)
Deputy Attorneys General
Office of the Indiana Attorney General
Todd Rokita
Indiana Govt. Center South, 5th Fl.
302 W. Washington St.
Indianapolis, IN 46204-2770
Phone: (317) 232-6294 (Swetnam)
          (317) 232-7751 (Martindale)
Fax:    (317) 232-7979
douglas.swetnam@atg.in.gov
thomas.martindale@atg.in.gov
*Attorneys for Plaintiff State of Indiana*

Tracy Nayer (NC Bar No. 36964)
Rochelle Sparko (NC Bar No. 38528)
Special Deputy Attorneys General
North Carolina Department of Justice
Consumer Protection Division
P.O. Box 629
Raleigh, North Carolina 27602
Phone:  (919) 716-6000
Fax:      (919) 716-6050
tnayer@ncdoj.gov
rsparko@ncdoj.gov
*Attorneys for Plaintiff State of North Carolina*

Erin B. Leahy (OH Bar No. 0069509)
Senior Assistant Attorney General
Office of Attorney General Dave Yost
30 East Broad Street, 14th Fl.
Columbus, OH 43215
Phone: (614) 752-4730
Fax:    (866) 768-2648
Erin.Leahy@OhioAGO.gov
*Attorney for Plaintiff State of Ohio*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                        ***Lead Counsel for Plaintiffs***

27

28

2

Lindsay D. Barton (AL Bar No. 1165-G00N)
Robert D. Tambling (AL Bar No. 6026-N67R)
Assistant Attorneys General
Office of the Alabama Attorney General
501 Washington Avenue
Montgomery, Alabama 36130
Phone: (334) 353-2609 (Barton)
            (334) 242-7445 (Tambling)
Fax:      (334) 353-8400
Lindsay.Barton@AlabamaAG.gov
Robert.Tambling@AlabamaAG.gov
*Attorneys for Plaintiff State of Alabama*

Amanda Wentz (AR Bar No. 2021066)
Assistant Attorney General
Office of Attorney General Tim Griffin
101 West Capitol Avenue
Little Rock, AR 72201
Phone: (501) 682-1178
Fax:      (501) 682-8118
amanda.wentz@arkansasag.gov
*Attorney for Plaintiff State of Arkansas*

Nicklas A. Akers (CA Bar No. 211222)
Senior Assistant Attorney General
Bernard A. Eskandari (CA Bar No. 244395)
Supervising Deputy Attorney General
Timothy D. Lundgren (CA Bar No. 254596)
Rosailda Perez (CA Bar No. 284646)
Deputy Attorneys General
Office of the California Attorney General
300 S. Spring St., Suite 1702
Los Angeles, CA 90013
Phone: (415) 510-3364 (Akers)
            (213) 269-6348 (Eskandari)
            (213) 269-6355 (Lundgren)
            (213) 269-6612 (Perez)
Fax:      (916) 731-2146
nicklas.akers@doj.ca.gov
bernard.eskandari@doj.ca.gov
timothy.lundgren@doj.ca.gov
rosailda.perez@doj.ca.gov
*Attorneys for Plaintiff People of the State of California*

Michel Singer Nelson (CO Bar No. 19779)
Assistant Attorney General II
Colorado Office of the Attorney General
Ralph L. Carr Judicial Building
1300 Broadway, 10th Floor
Denver, CO 80203
Phone: (720) 508-6220
michel.singernelson@coag.gov
*Attorney for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

Brendan T. Flynn (Fed. Bar No. ct04545,
CT Bar No. 419935)
Assistant Attorney General
Office of the Connecticut Attorney
General William Tong
165 Capitol Avenue, Suite 4000
Hartford, CT 06106
Phone: (860) 808-5400
Fax:    (860) 808-5593
brendan.flynn@ct.gov
*Attorney for Plaintiff State of Connecticut*

Ryan Costa (DE Bar No. 5325)
Deputy Attorney General
Delaware Department of Justice
820 N. French Street, 5th Floor
Wilmington, DE 19801
Phone: (302) 683-8811
Fax:    (302) 577-6499
Ryan.costa@delaware.gov
*Attorney for Plaintiff State of Delaware*

Laura C. Beckerman (DC Bar No.
1008120)
Senior Trial Counsel
Public Advocacy Division
D.C. Office of the Attorney General
400 6th Street NW, 10th Floor
Washington, DC 20001
Phone: (202) 655-7906
Laura.Beckerman@dc.gov
*Attorney for Plaintiff District of Columbia*

Miles Vaughn (FL Bar No. 1032235)
Assistant Attorney General
Office of the Florida Attorney General
Consumer Protection Division
3507 E. Frontage Rd, Suite 325
Tampa, FL 33607
Phone: (813) 287-7950
Fax:    (813) 281-5515
miles.vaughn@myfloridalegal.com
*Attorney for Plaintiff James Uthmeier,
Attorney General of the State of Florida*

David A. Zisook (GA Bar No. 310104)
Senior Assistant Attorney General
Office of the Georgia Attorney General
40 Capitol Square SW
Atlanta, GA 30334
Phone: (404) 458-4294
Fax:    (404) 464-8212
dzisook@law.ga.gov
*Attorney for Plaintiff State of Georgia*

Christopher J.I. Leong (HI Bar No. 9662)
Deputy Attorney General
Hawaii Department of the Attorney
General
425 Queen Street
Honolulu, HI 96813
Phone: (808) 586-1180
Fax:    (808) 586-1205
christopher.ji.leong@hawaii.gov
*Attorney for Plaintiff State of Hawaii*

James J. Simeri (ID Bar No. 12332)
Consumer Protection Division Chief
Idaho Attorney General's Office
P.O. Box 83720
Boise, ID 83720-0010
Phone: (208) 334-4114
james.simeri@ag.idaho.gov
*Attorney for Plaintiff State of Idaho*

4

Philip Heimlich (IL Bar No. 6286375)
Assistant Attorney General
Elizabeth Blackston (IL Bar No. 6228859)
Consumer Fraud Bureau Chief
Office of the Illinois Attorney General
500 S. Second Street
Springfield, IL 62791
Phone: (217) 782-4436
philip.heimlich@ilag.gov
elizabeth.blackston@ilag.gov
*Attorneys for Plaintiff People of the State of Illinois*

Benjamin Bellus (IA Bar No. AT0000688)
William Pearson (IA Bar No. AT0012070)
Assistant Attorneys General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Phone: (515) 242-6536 (Bellus)
         (515) 242-6773 (Pearson)
Fax:     (515) 281-6771
Benjamin.Bellus@ag.iowa.gov
William.Pearson@ag.iowa.gov
*Attorneys for Plaintiff State of Iowa*

Nicholas C. Smith (KS Bar No. 29742)
Sarah M. Dietz (KS Bar No. 27457)
Assistant Attorneys General
Consumer Protection Section
Office of the Kansas Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, KS 66612
Phone: (785) 296-3751
Fax:     (785) 291-3699
Nicholas.Smith@ag.ks.gov
sarah.dietz@ag.ks.gov
*Attorneys for Plaintiff State of Kansas*

Jacob P. Ford (KY Bar No. 95546)
Assistant Attorney General
Office of the Attorney General,
Commonwealth of Kentucky
1024 Capital Center Drive, Ste. 200
Frankfort, KY 40601
Phone: (502) 871-2044
jacobp.ford@ky.gov
*Attorney for Plaintiff Commonwealth of Kentucky*

ZaTabia N. Williams (LA Bar No. 36933)
Assistant Attorney General
Office of the Attorney General Liz Murrill
1885 North Third St.
Baton Rouge, LA 70802
Phone: (225) 326-6164
Fax:     (225) 326-6499
WilliamsZ@ag.louisiana.gov
*Attorney for Plaintiff State of Louisiana*

Brendan O'Neil (ME Bar No. 009900)
Michael Devine (ME Bar No. 005048)
Assistant Attorneys General
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333
Phone: (207) 626-8800
Fax:     (207) 624-7730
brendan.oneil@maine.gov
michael.devine@maine.gov
*Attorneys for Plaintiff State of Maine*

Philip Ziperman (Fed. Bar No. 12430)
Deputy Counsel
Office of the Attorney General
200 St. Paul Place
Baltimore, MD 21202
Phone: (410) 576-6417
Fax:     (410) 576-6566
pziperman@oag.state.md.us
*Attorney for Plaintiff Maryland Office of the Attorney General*

Carol Guerrero (MA Bar No. 705419)
Assistant Attorney General
Michael N. Turi (MA Bar No. 706205)
Deputy Chief, Consumer Protection
Division
Massachusetts Office of the Attorney
General
One Ashburton Place, 18th Floor
Boston, MA 02108
Phone: (617) 963-2783
Fax:    (617) 727-5765
Carol.Guerrero@mass.gov
Michael.Turi@mass.gov
*Attorneys for Plaintiff Commonwealth of
Massachusetts*

Kathy P. Fitzgerald (MI Bar No. P31454)
Michael S. Hill (MI Bar No. P73084)
Assistant Attorneys General
Michigan Department of Attorney General
Corporate Oversight Division
P.O. Box 30736
Lansing, MI 48909
Phone: (517) 335-7632
Fax:    (517) 335-6755
fitzgeraldk@michigan.gov
Hillm19@michigan.gov
*Attorneys for Plaintiff People of the
State of Michigan*

Bennett Hartz (MN Bar No. 0393136)
Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1200
Saint Paul, MN 55404
Phone: (651) 757-1235
bennett.hartz@ag.state.mn.us
*Attorney for Plaintiff State of Minnesota,
by its Attorney General, Keith Ellison*

James M. Rankin (MS Bar No. 102332)
Special Assistant Attorney General
Mississippi Attorney General's Office
P.O. Box 220
Jackson, MS 39205
Phone: (601) 359-4258
james.rankin@ago.ms.gov
*Attorney for Plaintiff Lynn Fitch,
Attorney General State of Mississippi*

Luke Hawley (MO Bar No. 73749)
Assistant Attorney General
Office of the Missouri Attorney General
815 Olive Street, Suite 200
St. Louis, MO 63101
Phone: (314) 340-6816
Fax:    (314) 340-7891
luke.hawley@ago.mo.gov
*Attorney for Plaintiff State of Missouri, ex.
rel. Andrew Bailey, Attorney General*

Brent Mead (MT Bar No. 68035000)
Deputy Solicitor General
Anna Schneider (MT Bar No. 13963)
Special Assistant Attorney General, Senior
Counsel
Montana Attorney General's Office
Office of Consumer Protection
215 North Sanders Street
P.O. Box 200151
Helena, MT 59620-0151
Phone: (406) 444-4500
Brent.mead2@mt.gov
Anna.schneider@mt.gov
*Attorneys for Plaintiff State of Montana*

Gary E. Brollier (NE Bar No. 19785)
Assistant Attorney General
Office of the Attorney General Michael T.
Hilgers
2115 State Capitol Building
Consumer Protection Division
Lincoln, NE 68509
Phone: (402) 471-1279
Fax:    (402) 471-4725
gary.brollier@nebraska.gov
*Attorney for Plaintiff State of Nebraska*

Michelle C. Badorine (NV Bar No. 13206)
Senior Deputy Attorney General
Office of the Nevada Attorney General
Bureau of Consumer Protection
100 North Carson Street
Carson City, NV 89701-4717
Phone: (775) 684-1164
Fax:    (775) 684-1299
MBadorine@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

Mary F. Stewart (NH Bar No. 10067)
Assistant Attorney General
New Hampshire Department of Justice
Office of the Attorney General
Consumer Protection and Antitrust Bureau
1 Granite Place South
Concord, NH 03301
Phone: (603) 271-1139
Mary.F.Stewart@doj.nh.gov
*Attorney for Plaintiff State of New
Hampshire*

Jeffrey Koziar (NJ Bar No. 015131999)
Deputy Attorney General
New Jersey Office of the Attorney General
Division of Law
124 Halsey Street
Newark, NJ 07101
Phone: (973) 648-7819
Fax:    (973) 648-4887
Jeff.koziar@law.njoag.gov
*Attorney for Plaintiff State of New Jersey*

Billy Jimenez (NM Bar No. 144627)
Assistant Attorney General
New Mexico Department of Justice
408 Galisteo St.
Santa Fe, New Mexico 87501
Phone: (505) 527-2694
Fax:    (505) 490-4883
Bjimenez@nmdoj.gov
*Attorney for Plaintiff Raúl Torrez, New
Mexico Attorney General*

Glenna Goldis (NY Bar No. 4868600)
Assistant Attorney General
Office of the New York State Attorney
General
28 Liberty Street
New York, NY 10005
Phone: (646) 856-3697
Glenna.goldis@ag.ny.gov
*Attorney for Plaintiff Office of the Attorney
General of the State of New York*

Elin S. Alm (ND Bar No. 05924)
Christopher Glenn Lindblad (ND Bar
No. 06480)
Assistant Attorneys General
Office of North Dakota Attorney General
Consumer Protection & Antitrust Division
1720 Burlington Drive, Suite C
Bismarck, ND 58504-7736
Phone: (701) 328-5570
Fax:     (701) 328-5568
ealm@nd.gov
clindblad@nd.gov
*Attorneys for Plaintiff State of North
Dakota*

Stephanie Powers (OK Bar No. 22892)
Assistant Attorney General
Office of the Oklahoma Attorney General
313 N.E. 21st St.
Oklahoma City, OK 73105
Phone: (405) 522-3412
Fax:     (405) 522-0085
Stephanie.Powers@oag.ok.gov
*Attorney for Plaintiff State of Oklahoma ex
rel. Attorney General Gentner Drummond*

Jordan M. Roberts (OR Bar No. 115010)
Senior Assistant Attorney General
Oregon Department of Justice
Consumer Protection Division
100 SW Market St.
Portland, OR 97201
Phone: (971) 673-1880
Fax:     (971) 673-1884
jordan.m.roberts@doj.oregon.gov
*Attorney for Plaintiff State of Oregon*

Mark W Wolfe (PA Bar No. 327807)
Deputy Attorney General
Pennsylvania Office of Attorney General
Strawberry Square, 15th Floor
Harrisburg, PA 17120-0001
Phone: (717) 772-3558
Fax:     (717) 705-3795
mwolfe@attorneygeneral.gov
*Attorney for Plaintiff Commonwealth of
Pennsylvania by Attorney General David
W. Sunday, Jr.*

Stephen N. Provazza (RI Bar No. 10435)
Special Assistant Attorney General
Rhode Island Office of the Attorney
General
150 S. Main Street
Providence, RI 02903
Phone: (401) 274-4400, ext. 2476
Fax:     (401) 222-1766
sprovazza@riag.ri.gov
*Attorney for Plaintiff State of Rhode
Island, by Attorney General Peter
Neronha*

Kristin Simons (SC Bar No. 74004)
Senior Assistant Attorney General
South Carolina Attorney General's Office
P.O. Box 11549
Columbia, SC 29211-1549
Phone: (803) 734-6134
ksimons@scag.gov
*Attorney for Plaintiff State of South
Carolina*

Austin C. Ostiguy (TN Bar No. 040301)
Tyler T. Corcoran (TN Bar No. 038887)
Assistant Attorneys General
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202
Phone: (615) 532-7271 (Ostiguy)
         (615) 770-1714 (Corcoran)
Fax:     (615) 532-2910
austin.ostiguy@ag.tn.gov
tyler.corcoran@ag.tn.gov
*Attorneys for Plaintiff State of Tennessee*

David Shatto (Fed. Bar No. 3725697; TX
Bar No. 24104114)
Assistant Attorney General
Attorney General for the State of Texas
Office of the Attorney General
P.O. Box 12548 (MC-010)
Austin, TX 78711
Phone: (512) 463-2185
Fax:     (512) 473-9125
David.Shatto@oag.texas.gov
*Attorney for Plaintiff State of Texas*

Alexandra Butler (UT Bar No. 19238)
Assistant Attorney General
Utah Attorney General's Office
160 East 300 South, 5th Floor
P.O. Box 140872
Salt Lake City, UT 84114-0872
Phone: (385) 910-5533
Fax:     (801) 366-0315
alexandrabutler@agutah.gov
*Attorney for Plaintiff Utah Division of
Consumer Protection*

James Layman (VT Bar No. 5236)
Office of the Vermont Attorney General
109 State Street
Montpelier, VT 05609-1001
Phone: (802) 828-2315
Fax:     (802) 304-1014
James.Layman@vermont.gov
*Attorney for Plaintiff State of Vermont*

Geoffrey L. Ward (VA Bar No. 89818)
Senior Assistant Attorney General
Office of the Attorney General of Virginia
202 N. Ninth St.
Richmond, VA 23219
Phone: (804) 371-0871
Fax:     (804) 786-0122
gward@oag.state.va.us
*Attorney for Plaintiff Commonwealth of
Virginia, ex rel. Jason S. Miyares,
Attorney General*

Zorba Leslie (WA Bar No. 58523)
Assistant Attorney General
Washington State Attorney General's
Office
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Phone: (206) 340-6787
Fax:     (206) 464-6451
zorba.leslie@atg.wa.gov
*Attorney for Plaintiff State of Washington*

Ashley T. Wentz (WV Bar No. 13486)
Assistant Attorney General
West Virginia Attorney General's Office
Consumer Protection/Antitrust Division
P.O. Box 1789
Charleston, WV 25326
Phone: (304) 558-8986
Fax:    (304) 558-0184
Ashley.T.Wentz@wvago.gov
*Attorney for Plaintiff State of West
Virginia ex rel. John B. McCuskey,
Attorney General*

Gregory A. Myszkowski (WI Bar No. 1050022)
Assistant Attorney General
Wisconsin Department of Justice
P.O. Box 7857
Madison, WI 53707-7857
Phone: (608) 266-7656
Fax:    (608) 294-2907
gregory.myszkowski@wisdoj.gov
*Attorney for Plaintiff State of Wisconsin*

Cameron W. Geeting (WY Bar No. 7-5338)
Senior Assistant Attorney General
Consumer Protection and Antitrust Unit
Wyoming Office of the Attorney General
2320 Capitol Avenue
Cheyenne, Wyoming 82002
Phone: (307) 777-3795
cameron.geeting1@wyo.gov
*Attorney for Plaintiff State of Wyoming*

1

**CERTIFICATE OF SERVICE**

2

3

I hereby certify that on this 25th day of August 2025, the foregoing PLAINTIFFS'
RESPONSE TO DEFENDANTS' SECOND REQUEST FOR PRODUCTION OF
DOCUMENTS was served via electronic mail.

4

5

  */s*/Rochelle Sparko

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit V

JEFF JACKSON
Attorney General for the State of North Carolina
Tracy Nayer (NC Bar No. 36964)
Rochelle Sparko (NC Bar No. 38528)
Special Deputy Attorneys General
North Carolina Department of Justice
Consumer Protection Division
P.O. Box 629
Raleigh, North Carolina 27602
Phone: (919) 716-6000
Fax:    (919) 716-6050
tnayer@ncdoj.gov
rsparko@ncdoj.gov
*Lead Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| State of Arizona, *ex rel*. Kristin K. Mayes, Attorney General, *et al.*, | No.: 4:23-cv-00233-TUC-CKJ |
| Plaintiffs, | **PLAINTIFF STATES' SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS** |
| v. | |
| Michael D. Lansky, L.L.C., dba Avid Telecom; *et al.*, | |
| Defendants. | |

**PLAINTIFFS' SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs, by their counsel, hereby submit their supplemental responses and objections to Defendants' Second Set of Requests for Production of Documents (the "Requests" or individually, "Request"), dated July 25, 2025. This supplemental response shall *replace* the previous document as the responses that have not been supplemented are also restated herein.

## **PRELIMINARY STATEMENT**

Plaintiffs' responses are made without waiving, in any way, the right to object on any basis permitted by law to any other discovery request or proceeding involving or relating to the subject matter of these responses. By making these responses, Plaintiffs do not concede that the documents or data sought are relevant and proportional to the needs of the case. Moreover, the fact that Plaintiffs have responded to any document or data request is not intended to be, and shall not be, construed as a waiver of all or part of any objection to any request. Plaintiffs' production of documents or data in response to any request is not intended to be, and shall not be, construed as a waiver of any objection to the admissibility and use of these documents or data in trial, any other court proceeding arbitration, mediation, or other alternative dispute resolution in this or any other action.

The responses set forth below are provided without prejudice to Plaintiffs' right to amend these responses if additional documents or data come to their attention. This reservation, however, is not to be construed as an undertaking by Plaintiffs of an affirmative duty to alter, supplement, amend, or otherwise modify these responses and objections in any manner, at any time, except as otherwise required by law.

# GENERAL OBJECTIONS

These General Objections shall be, and hereby are, incorporated by reference into each Specific Objection and response below as though set forth fully therein.

1.      Plaintiffs object to the Requests, definitions provided in the Requests (the "Definitions"), and instructions provided in the Requests (the "Instructions"), to the extent they seek to impose obligations that exceed or differ from those required by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Arizona, orders of the Court, or any other applicable law, rule, or orders (collectively, "Applicable Law"). For the avoidance of doubt, Plaintiffs specifically preserve, and do not waive, any objections they may have based on the ESI Protocol and Protective Order, including to the extent that Requests seek to impose obligations that exceed or differ from those required by such Protocol and Order, including with respect to any obligations to preserve or produce electronically-stored information ("ESI").

2.      Plaintiffs object to the Requests, Definitions, and Instructions, to the extent they seek information that is unreasonably cumulative or duplicative, is not relevant to any claims in the above-captioned action (the "Action") and not proportional to the needs of this Action, are already in Defendants' possession, are publicly available, and/or can be obtained from some other source that is more convenient, less burdensome, or less expensive. Plaintiffs' responses to the Requests are made expressly subject to, and without waiving or intending to waive, any questions or objections as to competence, relevance, materiality, privilege, or other questions concerning admissibility in any proceeding.

3.      Plaintiffs object to the Requests, Definitions, and Instructions, to the extent they are vague, ambiguous, and/or fail to describe the information sought with the required particularity such that Plaintiffs cannot respond.

4.      Plaintiffs object to the Requests, Definitions, and Instructions, to the extent they are overbroad, unduly burdensome, and inconsistent with the Federal Rules of Civil Procedure.

5.     Plaintiffs object to the Requests, Definitions, and Instructions, to the extent they are duplicative of requests already propounded by Defendants, and documents already searched and produced by Plaintiffs in this Action.

6.     Plaintiffs object to the Requests to the extent that they seek the production of "any" or "all" documents or data concerning a particular topic or topics when less than "any" or "all" documents or data are necessary and material to the claims in this Action. Such Requests are overly broad, unduly burdensome, and/or seek documents or data the production of which is not proportional to the needs of the case, and impose burdens different from or in addition to those permitted under Applicable Law.

7.     Plaintiffs object to the Requests, Definitions, and Instructions, to the extent they purport to impose an obligation on Plaintiffs to conduct anything beyond a reasonable and diligent search of readily accessible files (including electronic files) where responsive documents reasonably would be expected to be found. Any Requests that seek to require Plaintiffs to go beyond such a search are overbroad and unduly burdensome.

8.     Plaintiffs object to the Requests, Definitions, and Instructions to the extent that they seek documents or information not in Plaintiffs' possession, custody, or control.

9.     Plaintiffs object to the Requests to the extent that they seek the disclosure of documents or data that are a matter of public record, are equally available to the Defendants, or are already in the Defendants' possession, custody, or control because those Requests are unduly burdensome.

10.     Plaintiffs object to the Requests, Definitions, and Instructions to the extent that they seek documents or information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense or common interest doctrine, deliberative process privilege, law enforcement and investigations privileges and/or any other applicable privilege, immunity or protection against disclosure. To the extent that any Request seeks privileged or protected information, Plaintiffs will not knowingly provide it. Any inadvertent disclosure of privileged or protected documents or information shall not constitute a waiver of any such privilege, protection, doctrine, or immunity. Moreover, to

–4–

the extent Plaintiffs inadvertently provide information protected from disclosure, Plaintiffs do not waive their rights, pursuant to Applicable Law, including Federal Rule of Evidence 502, to assert those privileges, protections, and/or objections to disclosure and to seek the prompt return of any such information.

11. Plaintiffs object to the Requests to the extent that they assume facts not in evidence and to the extent that they state or assume legal conclusions. By providing these objections and responses, Plaintiffs do not admit the factual or legal premise of any of the Requests.

12. Plaintiffs object to the Requests, Definitions, and Instructions to the extent they seek the disclosure of information that would violate a confidentiality agreement, court order, or any other agreement between Plaintiffs and any individual or entity.

13. Any response or objection to any Request, including a response that Plaintiffs will search for documents, does not constitute a representation that responsive documents exist; that responsive documents are in the possession, custody, or control of Plaintiffs; or that Plaintiffs will search all files maintained by any person; but only that responsive, non-privileged documents, if any, will be produced if they exist and can be located with a reasonable and diligent search of readily accessible files, including central repositories, where responsive documents reasonably would be expected to be found, and are not otherwise protected from disclosure.

14. By agreeing to search for documents, Plaintiffs do not concede that any Request seeks information that is relevant to a claim or defense in this Action, nor that the Request seeks information that is proportional to the needs of this Action. Plaintiffs expressly reserve all further objections as to the admissibility of the information provided, including at trial, as well as the right to object to further discovery relating to the subject matter of any information provided.

15. The failure to object on any particular ground or grounds shall not be construed as a waiver of Plaintiffs' right to object on any additional ground(s). Plaintiffs reserve the right to amend or supplement these objections at a later time as discovery

–5–

1  develops.

2      The General Objections set forth above apply to the Requests generally and to the

3  Definitions, Instructions, and the individual Requests set forth therein. Unless otherwise

4  stated, the General Objections shall have the same force and effect as if set forth in full in

5  response to each Definition, Instruction, and Request. Any undertaking to search for or

6  provide information or documents in response to any Request remains subject to the General

7  Objections. The responses set forth below are provided without prejudice to Plaintiffs' rights

8  to amend these responses if additional documents or data come to their attention. This

9  reservation, however, is not to be construed as an undertaking by Plaintiffs of an affirmative

10  duty to alter, supplement, amend, or otherwise modify these responses and objections in any

11  manner, at any time, except as otherwise required by law.

12

13              **PLAINTIFFS' SPECIFIC OBJECTIONS AND RESPONSES TO**

14                         **REQUESTS FOR DOCUMENTS**

15      54.    Please produce all Documents, including without limitation, the notification

16  Document itself, that refer to or relate to, support or refute the allegation in Paragraph 4 of

17  the Complaint, that Plaintiffs "notified the Federal Trade Commission ("FTC") of this civil

18  action prior to instituting such action, as required by 15 U.S.C. § 6103(b)."

19  **RESPONSE:**

20  Subject to and without waiving the general objections, the Plaintiffs will produce non-

21  privileged, non-duplicative, and relevant responsive documents that have not been

22  previously produced or filed with the District Court and that can be located through a

23  reasonable search of the documents in their possession, custody, or control.

24

25      55.    Please produce all Documents that constitute written notice to each

26  Defendant that Plaintiffs had "notified the Federal Trade Commission ("FTC") of this civil

27  action prior to instituting such action, as required by 15 U.S.C. § 6103(b)."

28

**RESPONSE:**

Plaintiffs object on the grounds that there is no general/specific requirements to provide any type of notice to Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the responding Plaintiffs respond that there are no responsive documents.

56.    Please produce all Documents, including without limitation, the notification Document itself, that refer to or relate to, support or refute the allegation in Paragraph 5 of the Complaint, that Plaintiffs "notified the Federal Communications Commission ("FCC") of this civil action prior to instituting such action, as required by 47 U.S.C. §§ 227(e)(6)(B) and (g)(3)."

**RESPONSE:**

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

57.    Please produce all Documents that constitute written notice to each Defendant that Plaintiffs had "notified the Federal Communications Commission ("FCC") of this civil action prior to instituting such action, as required by 47 U.S.C. §§ 227(e)(6)(B) and (g)(3)."

**RESPONSE:**

Plaintiffs object on the grounds that there is no general/specific requirements to provide any type of notice to Defendants. Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the responding Plaintiffs state that there are no responsive documents.

58.     Please produce all Documents, including without limitation, the notification Document itself, that refer to or relate to, support or refute the allegation in Paragraph 6 of the Complaint, that the Plaintiffs are the chief legal officers for their respective states and commonwealths and whether they have the authority to participate in the instant complaint and/or whether their participation is appropriate under applicable state laws and/or regulations and applicable ethical standards.

**RESPONSE:**

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Plaintiffs object to this request as unintelligible as there is no notification document mentioned in Paragraph 6 of the Complaint.

Plaintiffs object to the Request as vague and ambiguous as to what Document Defendants seek.

Plaintiffs object to the Request to the extent that it seeks to have Plaintiffs to undertake legal research for Defendants or analyze or organize factual evidence for Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, Plaintiffs respond that there are no responsive documents.


59.     Please produce all Documents, including without limitation, the notification Document itself, that refer to or relate to, support or refute the allegation in Paragraph 6 of the Complaint, that Plaintiffs brought this action "in the public interest."

**RESPONSE:**

Plaintiffs object to this request as unintelligible as there is no notification document mentioned in Paragraph 6 of the Complaint.

1  Plaintiffs object to the Request as vague and ambiguous as to the Document Defendants

2  seek.

3  Plaintiffs object to this request for production on the grounds that it is overbroad, unduly

4  burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the

5  litigation.

6  Subject to and without waiving the General Objections, the Plaintiffs will produce non-

7  privileged, non-duplicative, and relevant responsive documents that have not been

8  previously produced or filed with the District Court and that can be located through a

9  reasonable search of the documents in their possession, custody, or control.

10

11       60.    Please produce Documents sufficient to identify each consumer protection,

12  business regulation, and/or telemarketing authority conferred by each state statutes and/or

13  pursuant to the doctrine of *parens patriae* and/or common law authority, referenced in

14  Paragraph 6 of the Complaint.

15  **RESPONSE:**

16  Plaintiffs object to the Request as it requires Plaintiffs to undertake legal research for

17  Defendants analyzing consumer protections laws and provide them with said research.

18  Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it

19  seeks information equally available to Defendants, including in the Complaint itself.

20  Subject to and without waiving the Preliminary Statement, General Objections, and specific

21  objections, Plaintiffs state that there are no responsive documents.

22

23       61.    Please produce for each of the Plaintiff states, all Documents that refer to or

24  relate to, support or refute the allegation in Paragraph 12 of the Complaint, that "at all

25  relevant times to this Complaint, Avid Telecom was engaged in trade or commerce within

26  the scope of the statutes enforced by Plaintiffs and transacted business by routing telephone

27  calls to each of the Plaintiff's jurisdictions."

28

1  **RESPONSE:**

2  Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or

3  organize factual evidence for the Defendants or the extent that it asks for a compilation,

4  summary or analysis of documents or information not in existence.

5  Plaintiffs object to this request for production to the extent that the Request seeks

6  Documents already in the custody or control of the Defendants.

7  In response to previous requests, Plaintiffs have already produced expert witness

8  disclosures, expert reports and any supporting materials used or referenced by the expert(s).

9

10          62.     Please produce all Documents that refer to or relate to, support or refute the

11  allegation in Paragraph 13 of the Complaint, that Defendant Lansky has "formulated,

12  directed, controlled, had the authority to control, or participated in many of the acts or

13  practices of Avid Telecom set forth in this Complaint."

14  **RESPONSE**

15  Plaintiffs object to this request for production to the extent that the Request seeks

16  Documents already in the custody or control of the Defendants. Specifically, **declarations**

17  Defendants submitted in support of Reeves's Motion to Dismiss (Docs. 29-3 and 39-3) of

18  this action.

19  Plaintiffs object to this request for production on the grounds that it is overbroad, unduly

20  burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the

21  litigation.

22  Subject to and without waiving the general objections, the Plaintiffs will produce non-

23  privileged, non-duplicative, and relevant responsive documents that have not been

24  previously produced or filed with the District Court and that can be located through a

25  reasonable search of the documents in their possession, custody, or control.

26

27

28

–10–

63.    Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 14 of the Complaint, that Defendant Reeves "holds herself out as a Vice President of Operations and Sales for Avid Telecom."

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks Documents already in the custody or control of the Defendants. Specifically, declarations Defendants submitted in support of Defendant Reeves's Motion to Dismiss (Docs. 29-3 and 39-3) of this action.

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

64.    Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 14 of the Complaint, that Defendant Reeves "formulated, directed, controlled, had the authority to control, or participated in the acts or practices of Avid Telecom as set forth in this Complaint."

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks Documents already in the custody or control of the Defendants. Specifically, declarations Defendants submitted in support of Reeves's Motion to Dismiss (Docs. 29-3 and 39-3) of this action.

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

65.    Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 15 of the Complaint that "Defendants Lansky and Reeves transacted business in this District through Avid Telecom and in their individual capacities."

**RESPONSE:**

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

66.    Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 17 of the Complaint that Avid Telecom "does business in all U.S. states and territories."

**RESPONSE:**

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation.

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

1  Subject to and without waiving the general objections, the Plaintiffs will produce non-
2  privileged, non-duplicative, and relevant responsive documents that have not been
3  previously produced or filed with the District Court and that can be located through a
4  reasonable search of the documents in their possession, custody, or control.

5

6      67.    Please produce all Documents, including without limitation, Call Detail and
7  switch records, that refer to or relate to, support or refute the allegation in Paragraph 18 of
8  the Complaint that Avid Telecom "uses broadband internet technology to route its
9  customers' calls into, and throughout, the U.S. telephone network." The production must
10  include Documents that specifically show that Avid Telecom used broadband internet
11  technology to route its customers' calls *into each Plaintiff state*."
12  **RESPONSE:**
13  Plaintiffs object to this request for production to the extent that the Request seeks documents
14  already in the custody or control of the Defendants.
15  Subject to and without waiving the general objections, the Plaintiffs will produce non-
16  privileged, non-duplicative, and relevant responsive documents that have not been
17  previously produced or filed with the District Court and that can be located through a
18  reasonable search of the documents in their possession, custody, or control.

19

20      68.    Please produce all Documents, including without limitation, Call Detail and
21  switch records, that refer to or relate to, support or refute the allegation that any Defendant
22  has physical presence other than in the State of Arizona.
23  **RESPONSE:**
24  Plaintiffs object to this request for production on the grounds that it is overbroad, unduly
25  burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the
26  litigation.
27  Plaintiffs object to this request for production to the extent that the Request seeks documents
28  already in the custody or control of the Defendants.

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs define "relating to" to mean "directly concerning."

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

69.    Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 19 of the Complaint that Avid Telecom transited calls which included the statement telling a consumer "Social Security Number has been used for some kind of fraudulent activity in the South Border of Texas."

**RESPONSE:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

70.     Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 19 of the Complaint that Avid Telecom transited calls which included a message that "SSA department is filing a lawsuit against you."

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

71.     Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 19 of the Complaint that Avid Telecom transited calls which included a message that "An arrest warrant has been released on your name."

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

–15–

72.    Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 19 of the Complaint that Avid Telecom transited calls which included a message that "purport[ed] to be from Amazon, luring the call recipient into a scam."

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

73.    Please produce Documents sufficient to identify each and every "scam" into which a called party who received a call transited by Avid Telecom was "lured."

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants.

Plaintiffs object to the Request as vague and incomprehensible.

1  Subject to and without waiving the general objections, the Plaintiffs will produce non-
2  privileged, non-duplicative, and relevant responsive documents that have not been
3  previously produced or filed with the District Court and that can be located through a
4  reasonable search of the documents in their possession, custody, or control.

5

6      74.    Please produce all Documents that refer to or relate to, support or refute the
7  allegation that any Defendant has knowledge of or involvement in the selection of the
8  persons originating any call at issue in the Complaint.

9  **RESPONSE:**

10  Plaintiffs object to this request for production to the extent that the Request seeks documents
11  already in the custody or control of the Defendants. Furthermore, Plaintiffs have requested
12  them in their First Request for Production of Documents and, to date, Defendants have not
13  produced them.

14  Plaintiffs object to this request for production on the grounds that it is overbroad, unduly
15  burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the
16  litigation. Plaintiffs object to this request for production on the grounds that it is interposed
17  for an improper purpose, such as to harass or to cause unnecessary delay or needless increase
18  in the cost of the litigation.

19  Subject to and without waiving the general objections, the Plaintiffs will produce non-
20  privileged, non-duplicative, and relevant responsive documents that have not been
21  previously produced or filed with the District Court and that can be located through a
22  reasonable search of the documents in their possession, custody, or control.

23

24      75.    Please produce all Documents that refer to or relate to, support or refute the
25  allegation that the persons originating the calls at issue are Avid Telecom's "customers."

26  **RESPONSE:**

27  Plaintiffs object to this request for production to the extent that the Request seeks documents
28  already in the custody or control of the Defendants.

–17–

1  Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or

2  organize factual evidence for the Defendants or the extent that it asks for a compilation,

3  summary or analysis of documents or information not in existence.

4  Plaintiffs object to this request for production on the grounds that it is unreasonably

5  duplicative or cumulative.

6  Subject to and without waiving the general objections, the Plaintiffs will produce non-

7  privileged, non-duplicative, and relevant responsive documents that have not been

8  previously produced or filed with the District Court and that can be located through a

9  reasonable search of the documents in their possession, custody, or control.

10

11     76.     Please produce all Documents that refer to or relate to, support or refute the

12  allegation in Paragraph 20 of the Complaint that Avid Telecom ever "initiated" a robocall.

13  **RESPONSE:**

14  Plaintiffs object to this request for production to the extent that the Request seeks documents

15  already in the custody or control of the Defendants.

16  Plaintiffs object to this request for production on the grounds that it is unreasonably

17  duplicative or cumulative.

18  Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or

19  organize factual evidence for the Defendants or the extent that it asks for a compilation,

20  summary or analysis of documents or information not in existence.

21  Subject to and without waiving the general objections, the Plaintiffs will produce non-

22  privileged, non-duplicative, and relevant responsive documents that have not been

23  previously produced or filed with the District Court and that can be located through a

24  reasonable search of the documents in their possession, custody, or control.

25

26     77.     Please produce all Documents, including without limitation an order or the

27  like issued by the Federal Communications Commission, the Federal Trade Commission

28  and/or any court with jurisdiction, that refer to or relate to, support or refute the allegation

in Paragraph 22 of the Complaint that the calls associated with each of the Avid 329 tracebacks from the Industry Traceback Group were *determined to be "illegal*."

**RESPONSE:**

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, Plaintiffs state that they are not aware of any responsive documents.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, Plaintiffs state they will not produce documents to this Request because the documents sought are publicly available from those agencies or through court filings.


78.    Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 23 of the Complaint that Defendants "chose profits over running a business that conforms to state law."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, unreasonably cumulative or duplicative, harassing and/or not proportional to the needs of the litigation.

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been

1  previously produced or filed with the District Court and that can be located through a

2  reasonable search of the documents in their possession, custody, or control.

3

4  79. Please produce all Documents that refer to or relate to, support or refute the

5  allegation in Paragraph 23 of the Complaint that Defendants "did not implement effective

6  and meaningful procedures to prevent—or even significantly mitigate—the perpetration of

7  illegal behavior."

8  **RESPONSE:**

9  Plaintiffs object to this request for production on the grounds that it is overbroad, unduly

10  burdensome, unreasonably cumulative or duplicative, harassing and/or not proportional to

11  the needs of the litigation.

12  Plaintiffs object to this request for production to the extent that the Request seeks documents

13  already in the custody or control of the Defendants.

14  Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or

15  organize factual evidence for the Defendants or the extent that it asks for a compilation,

16  summary or analysis of documents or information not in existence.

17  Subject to and without waiving the general objections, the Plaintiffs will produce non-

18  privileged, non-duplicative, and relevant responsive documents that have not been

19  previously produced or filed with the District Court and that can be located through a

20  reasonable search of the documents in their possession, custody, or control.

21

22  80. Please produce all Documents that refer to or relate to, support or refute the

23  allegation Paragraph 24 of the Complaint that the 329 tracebacks "informed Avid Telecom

24  that they were carrying illegal robocall traffic".

25  **RESPONSE:**

26  Plaintiffs object to this request for production on the grounds that it is overbroad, unduly

27  burdensome, unreasonably cumulative or duplicative, harassing and/or not proportional to

28  the needs of the litigation.

1  Plaintiffs object to this request for production to the extent that the Request seeks documents
2  already in the custody or control of the Defendants.

3  Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or
4  organize factual evidence for the Defendants or the extent that it asks for a compilation,
5  summary or analysis of documents or information not in existence.

6  Subject to and without waiving the general objections, the Plaintiffs will produce non-
7  privileged, non-duplicative, and relevant responsive documents that have not been
8  previously produced or filed with the District Court and that can be located through a
9  reasonable search of the documents in their possession, custody, or control.

10

11      81.     Please produce all Documents that refer to or relate to, support or refute the
12  allegation that the Industry Traceback Group ever told any Defendant that they had
13  concluded that any of the 329 tracebacks were found to be "illegal robocall traffic".

14  **RESPONSE:**

15  Plaintiffs object to this request for production on the grounds that it is overbroad, unduly
16  burdensome, unreasonably cumulative or duplicative, harassing and/or not proportional to
17  the needs of the litigation.

18  Plaintiffs object to this request for production to the extent that the Request seeks documents
19  already in the custody or control of the Defendants.

20  Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or
21  organize factual evidence for the Defendants or the extent that it asks for a compilation,
22  summary or analysis of documents or information not in existence.

23  Subject to and without waiving the general objections, the Plaintiffs will produce non-
24  privileged, non-duplicative, and relevant responsive documents that have not been
25  previously produced or filed with the District Court and that can be located through a
26  reasonable search of the documents in their possession, custody, or control.

27

28

–21–

1    82.    Please produce all Documents that refer to or relate to, support or refute the
2    allegation Paragraph 25 of the Complaint that Defendants were "on notice, through
3    tracebacks" that Avid Telecom's network was being used by telemarketers or sellers to send
4    "illegal" robocalls.

5    **RESPONSE:**

6    Plaintiffs object to this request for production on the grounds that it is overbroad, unduly
7    burdensome, unreasonably cumulative or duplicative, harassing and/or not proportional to
8    the needs of the litigation.

9    Plaintiffs object to this request for production to the extent that the Request seeks documents
10   already in the custody or control of the Defendants.

11   Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or
12   organize factual evidence for the Defendants or the extent that it asks for a compilation,
13   summary or analysis of documents or information not in existence.

14   Subject to and without waiving the general objections, the Plaintiffs will produce non-
15   privileged, non-duplicative, and relevant responsive documents that have not been
16   previously produced or filed with the District Court and that can be located through a
17   reasonable search of the documents in their possession, custody, or control.

18

19   83.    Please produce all Documents that refer to or relate to, support or refute the
20   allegation that all calls associated with a traceback is an "illegal" robocall.

21   **RESPONSE:**

22   Plaintiffs object to this request for production on the grounds that it is overbroad, unduly
23   burdensome, unreasonably cumulative or duplicative, harassing and/or not proportional to
24   the needs of the litigation.

25   Plaintiffs object to this request for production to the extent that the Request seeks documents
26   already in the custody or control of the Defendants.

27   Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or
28   organize factual evidence for the Defendants or the extent that it asks for a compilation,

1  summary or analysis of documents or information not in existence.

2  Subject to and without waiving the general objections, the Plaintiffs will produce non-

3  privileged, non-duplicative, and relevant responsive documents that have not been

4  previously produced or filed with the District Court and that can be located through a

5  reasonable search of the documents in their possession, custody, or control.

6

7      84.    Please produce all Documents that refer to or relate to, support or refute the

8  allegation Paragraph 26 of the Complaint that they "have been on notice about this illegal

9  call traffic for many years."

10  **RESPONSE:**

11  Plaintiffs object to this request for production on the grounds that it is overbroad, unduly

12  burdensome, unreasonably cumulative or duplicative, harassing and/or not proportional to

13  the needs of the litigation.

14  Plaintiffs object to this request for production to the extent that the Request seeks documents

15  already in the custody or control of the Defendants.

16  Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or

17  organize factual evidence for the Defendants or the extent that it asks for a compilation,

18  summary or analysis of documents or information not in existence.

19  Subject to and without waiving the general objections, the Plaintiffs will produce non-

20  privileged, non-duplicative, and relevant responsive documents that have not been

21  previously produced or filed with the District Court and that can be located through a

22  reasonable search of the documents in their possession, custody, or control.

23

24      85.    Please produce all Documents that refer to or relate to, support or refute the

25  allegation Paragraph 27 of the Complaint that each Defendant "knew or consciously avoided

26  knowing that telemarketers or sellers were transmitting robocalls across Avid Telecom's

27  services to send call traffic that violated federal and state laws."

28

1    **RESPONSE:**

2    Plaintiffs object to this request for production on the grounds that it is overbroad, unduly

3    burdensome, unreasonably cumulative or duplicative, harassing and/or not proportional to

4    the needs of the litigation.

5    Plaintiffs object to this request for production to the extent that the Request seeks documents

6    already in the custody or control of the Defendants.

7    Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or

8    organize factual evidence for the Defendants or the extent that it asks for a compilation,

9    summary or analysis of documents or information not in existence.

10   Subject to and without waiving the general objections, the Plaintiffs will produce non-

11   privileged, non-duplicative, and relevant responsive documents that have not been

12   previously produced or filed with the District Court and that can be located through a

13   reasonable search of the documents in their possession, custody, or control.

14

15          86.    Please produce all Documents that refer to or relate to, support or refute the

16   allegation Paragraph 28 of the Complaint that each Defendant "provided substantial

17   assistance to robocallers and facilitated the transmission and eventual delivery of millions

18   of prerecorded telephone calls to residents in the Plaintiffs' respective jurisdictions."

19   **RESPONSE:**

20   Plaintiffs object to this request for production on the grounds that it is overbroad, unduly

21   burdensome, unreasonably cumulative or duplicative, harassing and/or not proportional to

22   the needs of the litigation.

23   Plaintiffs object to this request for production to the extent that the Request seeks documents

24   already in the custody or control of the Defendants.

25   Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or

26   organize factual evidence for the Defendants or the extent that it asks for a compilation,

27   summary or analysis of documents or information not in existence.

28   Subject to and without waiving the general objections, the Plaintiffs will produce non-

privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

87.    Please produce all Documents that refer to or relate to, support or refute the allegation Paragraph 29 of the Complaint that Defendants did not have "the prior express consent of the called parties."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, unreasonably cumulative or duplicative, harassing and/or not proportional to the needs of the litigation.

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

88.    Please produce all Documents sufficient to identify each of the "telemarketers" described in Paragraph 30 of the Complaint.

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been

1  previously produced or filed with the District Court and that can be located through a

2  reasonable search of the documents in their possession, custody, or control.

3

4      89.    Please produce all Documents sufficient to identify each of the

5  "telemarketers and/or sellers" described in Paragraph 30 of the Complaint.

6  **RESPONSE:**

7  Plaintiffs object to this request for production to the extent that the Request seeks documents

8  already in the custody or control of the Defendants.

9  Plaintiffs object to the Request on the grounds that these documents are in Defendants'

10  possession or control, have been requested by Plaintiffs and, to date, Defendants have not

11  produced them.

12  Subject to and without waiving the general objections, the Plaintiffs will produce non-

13  privileged, non-duplicative, and relevant responsive documents that have not been

14  previously produced or filed with the District Court and that can be located through a

15  reasonable search of the documents in their possession, custody, or control.

16

17      90.    Please produce all Documents that refer to or relate to, support or refute the

18  allegation Paragraph 33 of the Complaint that Defendants allegedly "facilitated the

19  transmission of robocall campaigns" in each of the manners alleged in the each of the

20  enumerated (a-g) sub-paragraphs.

21  **RESPONSE:**

22  Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of

23  the phrase "refer to or relate to, support or refute the allegation" is unclear.

24  Plaintiffs object to the Request as it calls for legal conclusions and seeks to have Plaintiffs

25  undertake legal research for Defendants, applying facts to the law for Defendants. Plaintiff

26  further objects to this request for production on the grounds it seeks information and

27  testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

28  Subject to and without waiving the Preliminary Statement, General Objections, and specific

–26–

1   objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

2   responsive documents that have not been previously produced or filed with the District

3   Court and that can be located through a reasonable search of the documents in their

4   possession, custody, or control.

5

6       91.    Please produce all Documents that refer to or relate to, support or refute the

7   allegation Paragraph 34 of the Complaint that Defendants "provided services customized to

8   the needs of robocalling customers by enabling them to place a high volume of calls in quick

9   succession, billing only for the duration of completed calls—typically in as little as 6-second

10  increments—and ignoring clear indicia of illegal call traffic."

11  **RESPONSE:**

12  Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of

13  the phrase "refer to or relate to, support or refute the allegation" is unclear.

14  Plaintiffs object to the Request as it calls for legal conclusions and seeks to have Plaintiffs

15  undertake legal research for Defendants, applying facts to the law for Defendants. Plaintiff

16  further objects to this request for production on the grounds it seeks information and

17  testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

18  Plaintiffs object to the Request on the grounds that these documents are in Defendants'

19  possession or control, have been requested by Plaintiffs and, to date, Defendants have not

20  produced them.

21  Subject to and without waiving the Preliminary Statement, General Objections, and specific

22  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

23  responsive documents that have not been previously produced or filed with the District

24  Court and that can be located through a reasonable search of the documents in their

25  possession, custody, or control.

26

27

28

92.     Please produce all Documents that refer to or relate to, support or refute the allegation Paragraph 35 of the Complaint that "Defendants provided their customers with Direct Inward Dialing numbers ("DIDs")."

**RESPONSE:**

Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear.

Plaintiffs object to the Request as it calls for legal conclusions and seeks to have Plaintiffs undertake legal research for Defendants, applying facts to the law for Defendants. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control. Further, they have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

93.     Please produce all Documents sufficient to identify each instance, as alleged in Paragraph 36 of the Complaint, that the delivery of DIDs by Avid Telecom actually "circumvent[ed] the procedural guardrails of the caller authentication framework of STIR/SHAKEN."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation.

In response to previous requests, Plaintiffs have already produced expert witness disclosures, expert reports and any supporting materials used or referenced by the expert(s). Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control. Further, they have been requested by Plaintiffs and, to date, Defendants have not produced them.

Plaintiffs object to the Request as it calls for legal conclusions and seeks to have Plaintiffs undertake legal research for Defendants, applying facts to the law for Defendants.

Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

94.    Please produce all Documents sufficient to identify each instance, as alleged in Paragraph 37 of the Complaint, that Defendants "have quick and inexpensive access to millions of DIDs that they sell or lease to their customers."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation, as a specific citation is included in the Complaint.

Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a

1  reasonable search of the documents in their possession, custody, or control.

2

3       95.    Please produce all Documents that refer to or relate to, support or refute the

4  allegation Paragraph 38 of the Complaint that Defendants "sold DIDs in bulk and were

5  capable of providing DIDs for telephone numbers from every area code in the United

6  States."

7  **RESPONSE:**

8  Plaintiffs object to the Request on the grounds that these documents are in Defendants'

9  possession or control. Further, they have been requested by Plaintiffs and, to date,

10  Defendants have not produced them.

11  Plaintiffs object to the Request as it calls for legal conclusions and seeks to have Plaintiffs

12  undertake legal research for Defendants, applying facts to the law for Defendants.

13  Subject to and without waiving the general objections, the Plaintiffs will produce non-

14  privileged, non-duplicative, and relevant responsive documents that have not been

15  previously produced or filed with the District Court and that can be located through a

16  reasonable search of the documents in their possession, custody, or control.

17

18       96.    Please produce all Documents that refer to or relate to, support or refute the

19  allegation Paragraph 40 of the Complaint they "used DIDs for 'neighbor' spoofing and/or

20  'snowshoe' spoofing."

21  **RESPONSE:**

22  In response to previous requests, Plaintiffs have already produced expert witness

23  disclosures, expert reports and any supporting materials used or referenced by the expert(s).

24  Plaintiffs object to the Request on the grounds that these documents are in Defendants'

25  possession or control. Further, they have been requested by Plaintiffs and, to date,

26  Defendants have not produced them.

27  Subject to and without waiving the general objections, the Plaintiffs will produce non-

28  privileged, non-duplicative, and relevant responsive documents that have not been

1  previously produced or filed with the District Court and that can be located through a
2  reasonable search of the documents in their possession, custody, or control.

3

4      97.    Please produce all Documents that refer to or relate to, support or refute the
5  allegation Paragraph 41 of the Complaint Defendants "provided or sold data in the form of
6  call recipient phone numbers to their customers to use as 'leads' in their customers'
7  telemarketing campaigns."
8  **RESPONSE:**
9  Plaintiffs object to the Request on the grounds that these documents are in Defendants'
10 possession or control. Further, they have been requested by Plaintiffs and, to date,
11 Defendants have not produced them.
12 Subject to and without waiving the general objections, the Plaintiffs will produce non-
13 privileged, non-duplicative, and relevant responsive documents that have not been
14 previously produced or filed with the District Court and that can be located through a
15 reasonable search of the documents in their possession, custody, or control.

16

17     98.    Please produce all Documents that refer to or relate to, support or refute the
18 allegation Paragraph 42 of the Complaint that Defendants provided formal or informal
19 "consulting services concerning how to effectively conduct robocalling operations to any
20 third party, including a 'known robocaller'".
21 **RESPONSE:**
22 Plaintiffs object to the Request on the grounds that these documents are in Defendants'
23 possession or control. Further, they have been requested by Plaintiffs and, to date,
24 Defendants have not produced them.
25 Subject to and without waiving the general objections, the Plaintiffs will produce non-
26 privileged, non-duplicative, and relevant responsive documents that have not been
27 previously produced or filed with the District Court and that can be located through a
28 reasonable search of the documents in their possession, custody, or control.

1

2        99.    Please produce all Documents that refer to or relate to, support or refute the

3 allegation Paragraph 43 of the Complaint that Defendants "actively participated in the

4 initiation of, or assisted and facilitated in the initiation of, ***illegal*** robocalls." (Emphasis

5 added.)

6 **RESPONSE:**

7 Plaintiffs object to the Request on the grounds that these documents are in Defendants'

8 possession or control. Further, they have been requested by Plaintiffs and, to date,

9 Defendants have not produced them.

10 Plaintiffs object to the Request as it calls for legal conclusions and seeks to have Plaintiffs

11 undertake legal research for Defendants, applying facts to the law for Defendants. Plaintiff

12 further objects to this request for production on the grounds it seeks information and

13 testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

14 Subject to and without waiving the general objections, the Plaintiffs will produce non-

15 privileged, non-duplicative, and relevant responsive documents that have not been

16 previously produced or filed with the District Court and that can be located through a

17 reasonable search of the documents in their possession, custody, or control.

18

19        100.    Please produce all Documents that refer to or relate to, support or refute the

20 allegation Paragraph 44 of the Complaint that Defendants "assisted and facilitated telephone

21 calls that used neighbor spoofing."

22 **RESPONSE:**

23 In response to previous requests, Plaintiffs have already produced expert witness

24 disclosures, expert reports and any supporting materials used or referenced by the expert(s).

25 Plaintiffs object to the Request on the grounds that these documents are in Defendants'

26 possession or control. Further, they have been requested by Plaintiffs and, to date,

27 Defendants have not produced them.

28 Plaintiffs object to the Request as it requires Plaintiffs to provide legal analysis to

1  Defendants.

2  Subject to and without waiving the general objections, the Plaintiffs will produce non-

3  privileged, non-duplicative, and relevant responsive documents that have not been

4  previously produced or filed with the District Court and that can be located through a

5  reasonable search of the documents in their possession, custody, or control.

6

7      101.  Please produce all Documents that refer to or relate to, support or refute the

8  allegation Paragraph 45 of the Complaint that Defendants "knew or consciously avoided

9  knowing they were routing illegal robocall traffic."

10  **RESPONSE:**

11  In response to previous requests, Plaintiffs have already produced expert witness

12  disclosures, expert reports and any supporting materials used or referenced by the expert(s).

13  Plaintiffs object to the Request on the grounds that these documents are in Defendants'

14  possession or control. Further, they have been requested by Plaintiffs and, to date,

15  Defendants have not produced them.

16  Plaintiffs object to the Request as it requires Plaintiffs to provide legal analysis to

17  Defendants.

18  Subject to and without waiving the general objections, the Plaintiffs will produce non-

19  privileged, non-duplicative, and relevant responsive documents that have not been

20  previously produced or filed with the District Court and that can be located through a

21  reasonable search of the documents in their possession, custody, or control.

22

23      102.  Please produce all Documents that refer to or relate to, support or refute the

24  allegation Paragraph 46 of the Complaint that Defendants "provided substantial support and

25  assisted sellers and telemarketers engaged in illegal robocalling," that they took "express

26  steps to obscure the ownership of any of their customers from ITG or other thirdparties,"

27  that they "provid[ed] some customers with 'DID rotation support' so that the customer could

28  circumvent and undermine consumer, law enforcement, and industry efforts to block and

1  mitigate illegal calls," that they "provid[ed] customers with leads and/or data used by their
2  customers to make illegal calls to consumers in the Plaintiffs' respective jurisdictions," and
3  that they "provid[ed] customers with expertise on how to most effectively and profitably
4  run their illegal robocalling and telemarketing schemes."

5  **RESPONSE:**

6  Plaintiffs object to the Request on the grounds that these documents are in Defendants'
7  possession or control. Further, they have been requested by Plaintiffs and, to date,
8  Defendants have not produced them.

9  In response to previous requests, Plaintiffs have already produced expert witness
10 disclosures, expert reports and any supporting materials used or referenced by the expert(s).
11 Subject to and without waiving the general objections, the Plaintiffs will produce non-
12 privileged, non-duplicative, and relevant responsive documents that have not been
13 previously produced or filed with the District Court and that can be located through a
14 reasonable search of the documents in their possession, custody, or control.

15

16      103.   Please produce all Documents that refer to or relate to, support or refute the
17 allegation Paragraph 47 of the Complaint that Defendants knowingly provided "support,
18 assistance, facilitation, and participation in the delivery of billions of illegal robocalls sent
19 by, to, and through their network that allegedly reached millions of consumers across the
20 United States."

21 **RESPONSE:**

22 Plaintiffs object to this request to the extent that it misstates the allegations Plaintiffs made
23 in the Complaint.

24 Plaintiffs object to this request for production on the grounds that it is interposed for an
25 improper purpose, such as to harass or to cause unnecessary delay or needless increase in
26 the cost of the litigation.

27 Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of
28 the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are

1  also overly broad and unduly burdensome, to the extent that they call for information that is

2  not relevant to any claim or defense in this matter or reasonably calculated to lead to the

3  discovery of admissible evidence.

4  Plaintiffs further object to the Request as it requires Plaintiffs to ascertain the meaning of a

5  term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for

6  Defendants, or analyze or organize factual evidence for Defendants.

7  Plaintiffs object to the Request on the grounds that these documents are in Defendants'

8  possession or control. Further, they have been requested by Plaintiffs and, to date,

9  Defendants have not produced them.

10

11      104.    Please produce all Documents that refer to or relate to, support or refute the

12  allegation Paragraph 49 of the Complaint that "Avid Telecom provides services to retail

13  customers who are the originating callers that place robocall and telemarketing calls, as well

14  as wholesale customers who are other voice service providers that route and transmit

15  robocall and telemarketing calls."

16  **RESPONSE:**

17  Plaintiffs object to the Request on the grounds that these documents are in Defendants'

18  possession or control. Further, they have been requested by Plaintiffs and, to date,

19  Defendants have not produced them.

20  Subject to and without waiving the general objections, the Plaintiffs will produce non-

21  privileged, non-duplicative, and relevant responsive documents that have not been

22  previously produced or filed with the District Court and that can be located through a

23  reasonable search of the documents in their possession, custody, or control.

24

25      105.    Please produce all Documents that refer to or relate to, support or refute the

26  allegation Paragraph 50 of the Complaint that Avid Telecom's "position in the call paths

27  can vary from call to call."

28

1  **RESPONSE:**

2  In response to previous requests, Plaintiffs have already produced expert witness

3  disclosures, expert reports and any supporting materials used or referenced by the expert(s).

4  Plaintiffs object to the Request on the grounds that these documents are in Defendants'

5  possession or control.

6  Plaintiffs object to this request for production on the grounds that it is interposed for an

7  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

8  the cost of the litigation.

9  Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of

10  the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are

11  also overly broad and unduly burdensome, to the extent that they call for information that is

12  not relevant to any claim or defense in this matter or reasonably calculated to lead to the

13  discovery of admissible evidence.

14  Subject to and without waiving the general objections, the Plaintiffs will produce non-

15  privileged, non-duplicative, and relevant responsive documents that have not been

16  previously produced or filed with the District Court and that can be located through a

17  reasonable search of the documents in their possession, custody, or control.

18

19       106.   Please produce all Documents that refer to or relate to, support or refute the

20  allegation in Paragraph 51 of the Complaint that Avid Telecom "makes or initiates the call

21  on behalf of its own retail customer". The response should include Documents sufficient to

22  identify each "retail customer" to which the allegation applies.

23  **RESPONSE:**

24  Plaintiffs object to this request for production to the extent that the Request seeks documents

25  already in the custody or control of the Defendants.

26  Plaintiffs object to the Request on the grounds that these documents are in Defendants'

27  possession or control, have been requested by Plaintiffs and, to date, Defendants have not

28  produced them.

1  Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or

2  organize factual evidence for the Defendants or the extent that it asks for a compilation,

3  summary or analysis of documents or information not in existence.

4  Subject to and without waiving the general objections, the Plaintiffs will produce non-

5  privileged, non-duplicative, and relevant responsive documents that have not been

6  previously produced or filed with the District Court and that can be located through a

7  reasonable search of the documents in their possession, custody, or control.

8

9  107.   Please produce all Documents that refer to or relate to, support or refute the

10  allegation in Paragraph 51 of the Complaint that Avid Telecom is the "originating provider"

11  provider—with the relationship with the calling party—in the chain of providers or that it is

12  ever the "downstream" provider that terminates the call to the "call recipient."

13  **RESPONSE:**

14  Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or

15  organize factual evidence for the Defendants or the extent that it asks for a compilation,

16  summary or analysis of documents or information not in existence.

17  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint.

18  Plaintiffs object to this request for production to the extent that the Request seeks documents

19  already in the custody or control of the Defendants.

20  Plaintiffs object to the Request on the grounds that these documents are in Defendants'

21  possession or control, have been requested by Plaintiffs and, to date, Defendants have not

22  produced them.

23  Plaintiffs object to this request for production on the grounds that it is unintelligible and

24  seems to be interposed for an improper purpose, such as to harass or to cause unnecessary

25  delay or needless increase in the cost of the litigation.

26  Subject to and without waiving the general objections, the Plaintiffs will produce non-

27  privileged, non-duplicative, and relevant responsive documents that have not been

28  previously produced or filed with the District Court and that can be located through a

–37–

1  reasonable search of the documents in their possession, custody, or control.

2

3      108.    Please produce any Documents that refer to or relate to, support or refute the

4  allegation in Paragraph 51 of the Complaint that Avid Telecom is ever the last provider in

5  a chain of providers that are involved in transiting a call is sometimes referred to as the

6  "terminating provider."

7  **RESPONSE:**

8  Plaintiffs object to this request for production to the extent that the Request seeks documents

9  already in the custody or control of the Defendants.

10  Plaintiffs object to the Request on the grounds that these documents are in Defendants'

11  possession or control, have been requested by Plaintiffs and, to date, Defendants have not

12  produced them.

13  Plaintiffs object to the extent that the request misstates Plaintiffs' Complaint.

14  Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or

15  organize factual evidence for the Defendants or the extent that it asks for a compilation,

16  summary or analysis of documents or information not in existence.

17  Plaintiffs object to this request for production on the grounds that it is unintelligible and

18  seems to be interposed for an improper purpose, such as to harass or to cause unnecessary

19  delay or needless increase in the cost of the litigation.

20  Subject to and without waiving the general objections, the Plaintiffs will produce non-

21  privileged, non-duplicative, and relevant responsive documents that have not been

22  previously produced or filed with the District Court and that can be located through a

23  reasonable search of the documents in their possession, custody, or control.

24

25      109.    Please produce any Documents that refer to or relate to, support or refute the

26  allegation in Paragraph 52 of the Complaint that Avid Telecom routes the call to another

27  provider, which routes the call to another provider on the voice communications network13 and

28  so on, until the call is routed to a provider that delivers or terminates the call to the intended

1  call recipient.

2  **RESPONSE:**

3  Plaintiffs object to this request for production to the extent that the Request seeks documents

4  already in the custody or control of the Defendants.

5  Plaintiffs object to the Request on the grounds that these documents are in Defendants'

6  possession or control, have been requested by Plaintiffs and, to date, Defendants have not

7  produced them.

8  Plaintiffs object to the extent that the request misstates Plaintiffs' Complaint.

9  Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or

10  organize factual evidence for the Defendants or the extent that it asks for a compilation,

11  summary or analysis of documents or information not in existence.

12  Plaintiffs object to this request for production on the grounds that it is unintelligible and

13  seems to be interposed for an improper purpose, such as to harass or to cause unnecessary

14  delay or needless increase in the cost of the litigation.

15  Subject to and without waiving the general objections, the Plaintiffs will produce non-

16  privileged, non-duplicative, and relevant responsive documents that have not been

17  previously produced or filed with the District Court and that can be located through a

18  reasonable search of the documents in their possession, custody, or control.

19

20      110.    Please produce any Documents that refer to or relate to, support or refute the

21  allegation in Paragraph 53 of the Complaint that Avid Telecom's transit from provider to

22  provider, and each stop is designated as a "hop" moving "downstream" to the call recipient.

23  **RESPONSE:**

24  Plaintiffs object to this request for production to the extent that the Request seeks documents

25  already in the custody or control of the Defendants.

26  Plaintiffs object to the Request on the grounds that these documents are in Defendants'

27  possession or control, have been requested by Plaintiffs and, to date, Defendants have not

28  produced them.

1  Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or

2  organize factual evidence for the Defendants or the extent that it asks for a compilation,

3  summary or analysis of documents or information not in existence.

4  Subject to and without waiving the general objections, the Plaintiffs will produce non-

5  privileged, non-duplicative, and relevant responsive documents that have not been

6  previously produced or filed with the District Court and that can be located through a

7  reasonable search of the documents in their possession, custody, or control.

8

9      111.    Please produce all Documents that refer to or relate to, support or refute the

10  allegation in Paragraph 55 of the Complaint that "Depending on the private contractual—

11  whether formal or informal—agreements with each of its customers, Avid Telecom is

12  either an originating provider or intermediate provider . . ."

13  **RESPONSE:**

14  Plaintiffs object to the Request on the grounds that these documents are in Defendants'

15  possession or control, have been requested by Plaintiffs and, to date, Defendants have not

16  produced them.

17  Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or

18  organize factual evidence for the Defendants or the extent that it asks for a compilation,

19  summary or analysis of documents or information not in existence.

20  Subject to and without waiving the general objections, the Plaintiffs will produce non-

21  privileged, non-duplicative, and relevant responsive documents that have not been

22  previously produced or filed with the District Court and that can be located through a

23  reasonable search of the documents in their possession, custody, or control.

24

25      112.    Please produce all Documents, other than Avid Telecom's FCC Form 499

26  Database registration, that refer to or relate to, support or refute the allegation in Paragraph

27  57 of the Complaint that Avid Telecom provides VoIP services in all of the Plaintiffs'

28  respective jurisdictions.

**RESPONSE:**

Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

In response to previous requests, Plaintiffs have already produced expert witness disclosures, expert reports and any supporting materials used or referenced by the expert(s). Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

113.    Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 58 of the Complaint that Avid Telecom structures some of its contracts and billing to appeal to 'upstream providers' that transmit illegal robocalls."

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

114.    Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 59 of the Complaint that Avid Telecom " Avid Telecom's downstream providers often provide Avid Telecom with separate call routes for dialer traffic and conversational traffic."

**RESPONSE:**

Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

115.    Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 60 of the Complaint that "VoIP providers like Avid Telecom cater to callers using robocalling technology that allows for the transmission of high call volumes in short durations."

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

In response to previous requests, Plaintiffs have already produced expert witness disclosures, expert reports and any supporting materials used or referenced by the expert(s).

1  Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or

2  organize factual evidence for the Defendants or the extent that it asks for a compilation,

3  summary or analysis of documents or information not in existence.

4  Subject to and without waiving the general objections, the Plaintiffs will produce non-

5  privileged, non-duplicative, and relevant responsive documents that have not been

6  previously produced or filed with the District Court and that can be located through a

7  reasonable search of the documents in their possession, custody, or control.

8

9       116.   Please produce all Documents that refer to or relate to, support or refute the

10  allegation in Paragraph 61 of the Complaint that All Access Telecom, provided Avid

11  Telecom with an unrestricted route for dialer traffic. This allowed Avid Telecom to send an

12  unlimited number of below-six-second calls."

13  **RESPONSE:**

14  Plaintiffs object to the Request on the grounds that these documents are in Defendants'

15  possession or control, have been requested by Plaintiffs and, to date, Defendants have not

16  produced them.

17  Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or

18  organize factual evidence for the Defendants or the extent that it asks for a compilation,

19  summary or analysis of documents or information not in existence.

20  Subject to and without waiving the general objections, the Plaintiffs will produce non-

21  privileged, non-duplicative, and relevant responsive documents that have not been

22  previously produced or filed with the District Court and that can be located through a

23  reasonable search of the documents in their possession, custody, or control.

24

25       117.   Please produce all Documents that refer to or relate to, support or refute the

26  allegation in Paragraph 62 of the Complaint that "scammers" elect to use one telecom

27  technology or the other or whether they "troll for vulnerable customers who will fall victim to

28  their financial or identity theft claims."

**RESPONSE:**

Plaintiffs object to the extent that the Request misstates the allegation in Plaintiffs' Complaint.

In response to previous requests, Plaintiffs have already produced expert witness disclosures, expert reports and any supporting materials used or referenced by the expert(s). Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

118.    Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 63 of the Complaint that Avid Telecom "catered its business to" or "special dialer rates".

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

1    119.    Please produce all Documents that refer to or relate to, support or refute the

2    allegation in Paragraph 66 of the Complaint that Avid Telecom ever provided "Dialing

3    Software", "Predictive Dialer", "Voice Broadcasting", "List Management" and "Agent

4    Management."

5    **RESPONSE:**

6    Plaintiffs object on the grounds that the Request misstates the Plaintiffs' allegation in their

7    Complaint.

8    Subject to and without waiving the Preliminary Statement, General Objections, and specific

9    objections, Plaintiffs state that there are no responsive documents and that they are not

10    withholding any responsive documents.

11

12    120.    Please produce all Documents that refer to or relate to, support or refute the

13    allegation in Paragraph 67 of the Complaint that Avid Telecom has publicly held itself out

14    as a provider of DID numbers and that it sold DID numbers both on a one-off basis, in bulk

15    and on a regular rotation.

16    **RESPONSE:**

17    Plaintiffs object to this request for production to the extent that the Request seeks documents

18    already in the custody or control of the Defendants, particularly as Paragraph 67 is an actual

19    screenshot of a version of Defendant Avid's own website.

20    Plaintiffs object to this request for production on the grounds that it is unduly burdensome,

21    duplicative, harassing, oppressive and/or not proportional to the needs of the litigation.

22    Plaintiffs object to the Request on the grounds that these documents are in Defendants'

23    possession or control, have been requested by Plaintiffs and, to date, Defendants have not

24    produced them.

25    Subject to and without waiving the general objections, the Plaintiffs will produce non-

26    privileged, non-duplicative, and relevant responsive documents that have not been

27    previously produced or filed with the District Court and that can be located through a

28    reasonable search of the documents in their possession, custody, or control.

1

2      121.    Please produce all Documents that refer to or relate to, support or refute the

3  allegation in Paragraph 68 of the Complaint that "[t]he regular rotation of DID phone

4  numbers is often indicative of callers that do not want to be identified. Legitimate

5  businesses typically want their customers to be able to call them back with a DID phone

6  number that does not change or rotate."

7  **RESPONSE:**

8  In response to previous requests, Plaintiffs have already produced expert witness

9  disclosures, expert reports and any supporting materials used or referenced by the expert(s).

10  Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it

11  seeks documents and information equally available to Defendants, including publicly

12  available documents and information, since, under Rule 26(b)(1), such information is

13  obtainable from another source that is more convenient, less burdensome, and/or less

14  expensive.

15  Subject to and without waiving the general objections, the Plaintiffs will produce non-

16  privileged, non-duplicative, and relevant responsive documents that have not been

17  previously produced or filed with the District Court and that can be located through a

18  reasonable search of the documents in their possession, custody, or control.

19

20      122.    Please produce all Documents that refer to or relate to, support or refute the

21  allegation in Paragraph 69 of the Complaint, that Avid Telecom "held itself out as providing

22  telecom services that helped its customers complete calls and improve sales withno dead air

23  or FAS."

24  **RESPONSE:**

25  Plaintiffs object to the extent that the Request misstates the allegations in Plaintiffs'

26  Complaint.

27  Plaintiffs object to this Request on the grounds that it is not material to the resolution of the

28  issues, to the extent that Defendants' Amended Answer admitted the referenced facts.

1 Plaintiffs object to this request for production to the extent that the Request seeks documents
2 already in the custody or control of the Defendants.

3 Subject to and without waiving the Preliminary Statement, General Objections, and specific
4 objections, Plaintiffs state that there are no responsive documents and that they are not
5 withholding any responsive documents.

6

7     123.    Please produce all Documents that refer to or relate to, support or refute the
8 allegation in Paragraph 70 of the Complaint that "call data" appears on the Avid Telecom
9 website or that Avid Telecom ever provided "call data" to any customer.

10 **RESPONSE**:

11 Plaintiffs object to the extent that the Request misstates the allegations in Plaintiffs'
12 Complaint.

13 Plaintiffs object to this request for production to the extent that the Request seeks documents
14 already in the custody or control of the Defendants.

15 Subject to and without waiving the Preliminary Statement, General Objections, and specific
16 objections, Plaintiffs state that there are no responsive documents and that they are not
17 withholding any responsive documents.

18

19     124.    Please produce all Documents that refer to or relate to, support or refute the
20 allegation in Paragraph 71 of the Complaint that neither "employees" nor "experience"
21 appear on the referenced Avid Telecom webpage.

22 **RESPONSE**:

23 Plaintiffs object to the extent that the Request misstates the allegations in Plaintiffs'
24 Complaint.

25 Plaintiffs further object on the grounds that the Request is unintelligible.

26 Plaintiffs object to this request for production to the extent that the Request seeks documents
27 already in the custody or control of the Defendant, particularly as Paragraph 71 is an actual
28 screenshot of a version of Defendant Avid's own website.

1  Subject to and without waiving the Preliminary Statement, General Objections, and specific

2  objections, Plaintiffs state that there are no responsive documents and that they are not

3  withholding any responsive documents.

4

5      125.   Please produce all Documents that refer to or relate to, support or refute the

6  allegation in Paragraph 71 of the Complaint that Avid Telecom guided customers through

7  any "data management" "taxation" and/or "industry compliance" issues.

8  **RESPONSE:**

9  Plaintiffs object to the extent that the Request misstates the allegations in Plaintiffs'

10  Complaint.

11  Plaintiffs object to this request for production to the extent that the Request seeks documents

12  already in the custody or control of the Defendants.

13  Subject to and without waiving the Preliminary Statement, General Objections, and specific

14  objections, Plaintiffs state that there are no responsive documents and that they are not

15  withholding any responsive documents.

16

17      126.   Please produce all Documents that refer to or relate to, support or refute the

18  allegation in Paragraph 72 of the Complaint that "Avid Telecom's website and marketing

19  made it clear that it was courting robocallers and other VoIP providers that send voluminous

20  robocall traffic."

21  **RESPONSE:**

22  Plaintiffs object to this request for production to the extent that the Request seeks documents

23  already in the custody or control of the Defendants.

24  In response to previous requests, Plaintiffs have already produced expert witness

25  disclosures, expert reports and any supporting materials used or referenced by the expert(s).

26  Plaintiffs object to this request for production on the grounds that it is interposed for an

27  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

28  the cost of the litigation.

1    Subject to and without waiving the general objections, the Plaintiffs will produce non-
2    privileged, non-duplicative, and relevant responsive documents that have not been
3    previously produced or filed with the District Court and that can be located through a
4    reasonable search of the documents in their possession, custody, or control.

5

6        127.    Please produce all Documents that refer to or relate to, support or refute the
7    allegation in Paragraph 73 of the Complaint that many of the rules and processes on which
8    Plaintiff relies to support its claims, have become essential to identifying and mitigating
9    the sources of illegal robocall and telemarketing campaigns have been implemented by law
10   enforcement and voice communications members "[i]n the last several years."
11   **RESPONSE:**
12   Plaintiffs object to the extent that the Request misstates the allegations in Plaintiffs'
13   Complaint.
14   Plaintiffs object to this request for production on the grounds that it is interposed for an
15   improper purpose, such as to harass or to cause unnecessary delay or needless increase in
16   the cost of the litigation. Plaintiffs object to this Request as unduly burdensome and overly
17   broad to the extent that it seeks documents and information equally available to Defendants,
18   including publicly available documents and information, since, under Rule 26(b)(1), such
19   information is obtainable from another source that is more convenient, less burdensome,
20   and/or less expensive. Plaintiffs object to this request on the grounds that it is unintelligible.
21   Subject to and without waiving the general objections, the Plaintiffs will produce non-
22   privileged, non-duplicative, and relevant responsive documents that have not been
23   previously produced or filed with the District Court and that can be located through a
24   reasonable search of the documents in their possession, custody, or control.

25

26       128.    Please produce all Documents that refer to or relate to, support or refute the
27   allegation in Paragraph 74 of the Complaint that "every attempted or completed call that
28   reaches a VoIP provider's network *automatically* generates a record, known as a 'call detail

1  record' or 'CDR.'" (Emphasis added.)

2  **RESPONSE:**

3  Plaintiffs object to this request for production on the grounds that it is interposed for an

4  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

5  the cost of the litigation.

6  Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it

7  seeks documents and information equally available to Defendants, including publicly

8  available documents and information, since, under Rule 26(b)(1), such information is

9  obtainable from another source that is more convenient, less burdensome, and/or less

10  expensive.

11  Plaintiffs object to this request for production to the extent that the Request seeks documents

12  already in the custody or control of the Defendants.

13  Subject to and without waiving the general objections, the Plaintiffs will produce non-

14  privileged, non-duplicative, and relevant responsive documents that have not been

15  previously produced or filed with the District Court and that can be located through a

16  reasonable search of the documents in their possession, custody, or control.

17

18      129.    Please produce all Documents that refer to or relate to, support or refute the

19  allegation in Paragraph 75 of the Complaint that "VoIP providers" are incentivized to ensure

20  that CDRs are complete or accurate.

21  **RESPONSE:**

22  Plaintiffs object to this request for production on the grounds that it is interposed for an

23  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

24  the cost of the litigation.

25  Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it

26  seeks documents and information equally available to Defendants, including publicly

27  available documents and information, since, under Rule 26(b)(1), such information is

28  obtainable from another source that is more convenient, less burdensome, and/or less

1  expensive.

2  Plaintiffs object to this request for production to the extent that the Request seeks documents

3  already in the custody or control of the Defendants.

4  Subject to and without waiving the general objections, the Plaintiffs will produce non-

5  privileged, non-duplicative, and relevant responsive documents that have not been

6  previously produced or filed with the District Court and that can be located through a

7  reasonable search of the documents in their possession, custody, or control.

8

9      130.   Please produce all Documents that refer to or relate to, support or refute the

10  allegation in Paragraph 77 of the Complaint that, "[i]llegal robocalls create distinctive and

11  identifiable patterns in CDRs."

12  **RESPONSE:**

13  Plaintiffs object to this request for production on the grounds that it is interposed for an

14  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

15  the cost of the litigation.

16  Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it

17  seeks documents and information equally available to Defendants, including publicly

18  available documents and information, since, under Rule 26(b)(1), such information is

19  obtainable from another source that is more convenient, less burdensome, and/or less

20  expensive.

21  In response to previous requests, Plaintiffs have already produced expert witness

22  disclosures, expert reports and any supporting materials used or referenced by the expert(s).

23  Plaintiffs object to this request for production to the extent that the Request seeks documents

24  already in the custody or control of the Defendants.

25  Subject to and without waiving the general objections, the Plaintiffs will produce non-

26  privileged, non-duplicative, and relevant responsive documents that have not been

27  previously produced or filed with the District Court and that can be located through a

28  reasonable search of the documents in their possession, custody, or control.

131.   Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 77 of the Complaint that, robocalls calls are universally unexpected and unwanted, and that most recipients hang up the phone immediately.

**<u>RESPONSE</u>:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

In response to previous requests, Plaintiffs have already produced expert witness disclosures, expert reports and any supporting materials used or referenced by the expert(s). Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

132.   Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 77 of the Complaint that, robocalls "typically connect for a very short duration", that CDRs for illegal robocalls will often feature a high percentage of calls that are only a few seconds long" or that, [w]hen examined in the aggregate, CDRs tend to show a very short average call duration".

1    **RESPONSE:**

2    Plaintiffs object to this request for production on the grounds that it is interposed for an

3    improper purpose, such as to harass or to cause unnecessary delay or needless increase in

4    the cost of the litigation.

5    Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it

6    seeks documents and information equally available to Defendants, including publicly

7    available documents and information, since, under Rule 26(b)(1), such information is

8    obtainable from another source that is more convenient, less burdensome, and/or less

9    expensive.

10   In response to previous requests, Plaintiffs have already produced expert witness

11   disclosures, expert reports and any supporting materials used or referenced by the expert(s).

12   Plaintiffs object to this request for production to the extent that the Request seeks documents

13   already in the custody or control of the Defendants.

14   Subject to and without waiving the general objections, the Plaintiffs will produce non-

15   privileged, non-duplicative, and relevant responsive documents that have not been

16   previously produced or filed with the District Court and that can be located through a

17   reasonable search of the documents in their possession, custody, or control.

18

19       133.    Please produce all Documents that refer to or relate to, support or refute the

20   allegation in Paragraph 78 of the Complaint robocalls "typically have a much lower short

21   call percentage, and a much longer average call duration."

22   **RESPONSE:**

23   Plaintiffs object to this request for production on the grounds that it is interposed for an

24   improper purpose, such as to harass or to cause unnecessary delay or needless increase in

25   the cost of the litigation.

26   Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it

27   seeks documents and information equally available to Defendants, including publicly

28   available documents and information, since, under Rule 26(b)(1), such information is

1  obtainable from another source that is more convenient, less burdensome, and/or less

2  expensive.

3  In response to previous requests, Plaintiffs have already produced expert witness

4  disclosures, expert reports and any supporting materials used or referenced by the expert(s).

5  Plaintiffs object to this request for production to the extent that the Request seeks documents

6  already in the custody or control of the Defendants.

7  Subject to and without waiving the general objections, the Plaintiffs will produce non-

8  privileged, non-duplicative, and relevant responsive documents that have not been

9  previously produced or filed with the District Court and that can be located through a

10  reasonable search of the documents in their possession, custody, or control.

11

12      134.    Please produce all Documents that refer to or relate to, support or refute the

13  allegation in Paragraph 79 of the Complaint that "improper or questionable Caller ID

14  spoofing—where a calling number is used relatively infrequently in relation to the total

15  number of calls that are made with that number—is often apparent in CDRs and is indicative

16  of illegal robocalls. Robocallers deceptively use spoofing to hide their identity, to

17  circumvent call blocking and labeling tools, and to make it more likely that consumers will

18  answer their calls."

19  **RESPONSE**:

20  Plaintiffs object to this request for production on the grounds that it is interposed for an

21  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

22  the cost of the litigation.

23  Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it

24  seeks documents and information equally available to Defendants, including publicly

25  available documents and information, since, under Rule 26(b)(1), such information is

26  obtainable from another source that is more convenient, less burdensome, and/or less

27  expensive.

28

In response to previous requests, Plaintiffs have already produced expert witness disclosures, expert reports and any supporting materials used or referenced by the expert(s). Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

135.    Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 80 of the Complaint that "Illegal robocallers frequently use caller ID spoofing to impersonate trusted organizations such as law enforcement, government agencies, and large corporations. These organizations' phone numbers are publicly available, and when these numbers appear in CDRs for calls that originate abroad, these robocalls are irrefutably illegal."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

In response to previous requests, Plaintiffs have already produced expert witness disclosures, expert reports and any supporting materials used or referenced by the expert(s). Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

1   Subject to and without waiving the general objections, the Plaintiffs will produce non-
2   privileged, non-duplicative, and relevant responsive documents that have not been
3   previously produced or filed with the District Court and that can be located through a
4   reasonable search of the documents in their possession, custody, or control.

5

6       136.    Please produce all Documents that refer to or relate to, support or refute the
7   allegation in Paragraph 81 of the Complaint that "Patterns of neighbor spoofing or
8   impersonating trusted numbers are easy to detect when present in CDRs and indicate that
9   the upstream provider is sending illegal calls across the downstream provider's network."

10  **RESPONSE:**

11  Plaintiffs object to this request for production on the grounds that it is interposed for an
12  improper purpose, such as to harass or to cause unnecessary delay or needless increase in
13  the cost of the litigation.

14  Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it
15  seeks documents and information equally available to Defendants, including publicly
16  available documents and information, since, under Rule 26(b)(1), such information is
17  obtainable from another source that is more convenient, less burdensome, and/or less
18  expensive.

19  In response to previous requests, Plaintiffs have already produced expert witness
20  disclosures, expert reports and any supporting materials used or referenced by the expert(s).
21  Plaintiffs object to this request for production to the extent that the Request seeks documents
22  already in the custody or control of the Defendants.

23  Subject to and without waiving the general objections, the Plaintiffs will produce non-
24  privileged, non-duplicative, and relevant responsive documents that have not been
25  previously produced or filed with the District Court and that can be located through a
26  reasonable search of the documents in their possession, custody, or control.

27

28

–56–

137.    Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 82 of the Complaint that Defendants were involved in "snowshoeing" or using "disposable" phone numbers.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

In response to previous requests, Plaintiffs have already produced expert witness disclosures, expert reports and any supporting materials used or referenced by the expert(s). Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

138.    Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 84 of the Complaint that "[l]egitimate telemarketers and people who make calls for ordinary business or personal purposes use the same phone number or a certain limited block of numbers for each placed call. For this reason, CDRs for legitimate traffic reflect that the total number of calls is significantly greater than the total number of unique calling phone numbers used. However, CDRs for illegal call traffic reflect close to a 1-1 ratio for the total number of calls to the total number of unique phone numbers."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

In response to previous requests, Plaintiffs have already produced expert witness disclosures, expert reports and any supporting materials used or referenced by the expert(s). Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

139.    Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 85 of the Complaint that, "The presence of high rates of calls to phone numbers on the National Do Not Call Registry ("National DNC Registry") is another way to  distinguish illegal robocalls and telemarketing calls from legitimate calls."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly

available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

In response to previous requests, Plaintiffs have already produced expert witness disclosures, expert reports and any supporting materials used or referenced by the expert(s). Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

140.    Please produce all Documents that refer to or relate to, support or refute the allegation in Paragraph 86 of the Complaint that "between December 31, 2018, and January 31, 2023, Avid Telecom made and/or attempted to make more than 24.5 billion calls. Among the approximately 21 billion calls made to valid U.S. phone numbers, about 93% of those calls had a call duration of less than 15 seconds."

**RESPONSE:**

In response to previous requests, Plaintiffs have already produced expert witness disclosures, expert reports and any supporting materials used or referenced by the expert(s). Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

141.    Please produce Documents sufficient to evidence which of the calls referred to in Paragraph 86 were answered by the called party.

**RESPONSE:**

In response to previous requests, Plaintiffs have already produced expert witness disclosures, expert reports and any supporting materials used or referenced by the expert(s). Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

142.    Please produce Documents sufficient to evidence which of the calls referred to in Paragraph 86 were delivered to a "honey pot".

**RESPONSE:**

Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

In response to previous requests, Plaintiffs have already produced expert witness disclosures, expert reports and any supporting materials used or referenced by the expert(s). Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

143.    Please produce Documents sufficient to evidence which of the calls referred to in Paragraph 86 were delivered to a "honey pot" controlled by David Frankel.

**RESPONSE:**

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, Plaintiffs state that there are no responsive documents and that they are not withholding any responsive documents.

144.    Please produce Documents sufficient to evidence which of the calls referred to in Paragraph 86 were delivered to a "honey pot" and recorded by the provider of the "honey pot".

**RESPONSE:**

In response to previous requests, Plaintiffs have already produced expert witness disclosures, expert reports and any supporting materials used or referenced by the expert(s). Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control

145.    Please produce Documents sufficient to evidence which of the calls referred to in Paragraph 86 were delivered to a called party whose number was associated with YouMail.

**RESPONSE:**

In response to previous requests, Plaintiffs have already produced expert witness disclosures, expert reports and any supporting materials used or referenced by the expert(s). Subject to and without waiving the general objections, the Plaintiffs will produce non-

1  privileged, non-duplicative, and relevant responsive documents that have not been
2  previously produced or filed with the District Court and that can be located through a
3  reasonable search of the documents in their possession, custody, or control.

4

5      146.    Please produce Documents sufficient to evidence which of the calls referred
6  to in Paragraph 86 were delivered to a called party who **had not** provided consent to receive the
7  call.

8  **RESPONSE:**

9  Plaintiffs object to this request for production to the extent that the Request seeks documents
10  already in the custody or control of the Defendants.

11  Plaintiffs object on the grounds that the Request evidences a misunderstanding of which
12  party bears the burden of proof.

13  Subject to and without waiving the general objections, the Plaintiffs will produce non-
14  privileged, non-duplicative, and relevant responsive documents that have not been
15  previously produced or filed with the District Court and that can be located through a
16  reasonable search of the documents in their possession, custody, or control.

17

18      147.    Please produce Documents sufficient to evidence which of the calls referred
19  to in Paragraph 86 were delivered to a called party who **had** provided consent to receive the
20  call.

21  **RESPONSE:**

22  Plaintiffs object on the grounds that the Request evidences a misunderstanding of which
23  party bears the burden of proof.

24  Plaintiffs object to this request for production to the extent that the Request seeks documents
25  already in the custody or control of the Defendants.

26  Plaintiffs object to this request for production on the grounds that it is, duplicative,
27  harassing, oppressive and/or not proportional to the needs of the litigation given that the
28  request is substantially similar to Defendants' Request for Production of Documents Nos.

1  30 and 32.

2  Subject to and without waiving the Preliminary Statement, General Objections, and specific

3  objections, Plaintiffs state that they have no responsive documents.

4

5      148.    Please produce Documents sufficient to evidence where the phone associated

6  with ***each and every call*** that is the subject of the Complaint was physically located (*i.e.,*

7  what state)—not just the home state of the area code—at the time that the call was received.

8  **RESPONSE:**

9  **P**laintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or

10  organize factual evidence for the Defendants or the extent that it asks for a compilation,

11  summary or analysis of documents or information not in existence.

12  In response to previous requests, Plaintiffs have already produced expert witness

13  disclosures, expert reports and any supporting materials used or referenced by the expert(s).

14  Subject to and without waiving the general objections, the Plaintiffs will produce non-

15  privileged, non-duplicative, and relevant responsive documents that have not been

16  previously produced or filed with the District Court and that can be located through a

17  reasonable search of the documents in their possession, custody, or control.

18

19      149.    Please produce Documents sufficient to evidence whether the phone line (*i.e.,*

20  the telephone number) associated with ***each and every call*** that is the subject of the

21  Complaint was associated with a telephone line that was identified to the service provider as

22  a personal (residential) phone or a business phone.

23  **RESPONSE:**

24  Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it

25  seeks documents and information equally available to Defendants, including publicly

26  available documents and information, since, under Rule 26(b)(1), such information is

27  obtainable from another source that is more convenient, less burdensome, and/or less

28  expensive.

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to this request for production on the grounds that it is, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation given that the request is substantially similar to Defendants' Request for Production of Documents Nos. 26 and 27

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

150.    Please produce Documents sufficient to evidence whether the phone line (*i.e.,* the telephone number) associated with ***each and every call*** that is the subject of the Complaint that is alleged to be delivered in violation of the Do Not Call Registry was associated with a telephone line that was identified to the service provider as a business phone.

**RESPONSE:**

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, Plaintiffs state that there are no responsive documents and Plaintiffs are not withholding any documents.

151.    Please produce all Documents, including without limitation, peer reviewed studies, governmental studies or the like that You relied upon in support of the allegation in Paragraph 87 of the Complaint that a "significantly high percentage of calls of 'short duration' calls that lasted only 15 seconds or less, coupled with the use of high volumes of different Caller IDs or DIDs to place the calls, which Caller IDs significantly matched the call recipient's area code, are commonplace patterns of illegal call traffic."

1  **RESPONSE:**

2  Plaintiffs object to this request for production on the grounds that it is overbroad, unduly

3  burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the

4  litigation

5  Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it

6  seeks documents and information equally available to Defendants, including publicly

7  available documents and information, since, under Rule 26(b)(1), such information is

8  obtainable from another source that is more convenient, less burdensome, and/or less

9  expensive.

10  Subject to and without waiving the general objections, the Plaintiffs will produce non-

11  privileged, non-duplicative, and relevant responsive documents that have not been

12  previously produced or filed with the District Court and that can be located through a

13  reasonable search of the documents in their possession, custody, or control.

14

15      152.    Please produce Documents, including without limitation all CDRs, that

16  identify which of the calls referenced in Paragraph 87 were "short duration" calls.

17  **RESPONSE:**

18  Plaintiffs object to the extent that Defendants' Request misstates the allegations in the

19  Complaint.

20  Plaintiffs object to this request for production to the extent that the Request seeks documents

21  already in the custody or control of the Defendants.

22  Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or

23  organize factual evidence for the Defendants or the extent that it asks for a compilation,

24  summary or analysis of documents or information not in existence.

25  Subject to and without waiving the Preliminary Statement, General Objections, and specific

26  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

27  responsive documents that have not been previously produced or filed with the District

28  Court and that can be located through a reasonable search of the documents in their

1  possession, custody, or control.

2

3  153.  Please produce all Documents, including without limitation all CDRs, that
4  identify, refer to or relate to, support or refute the allegation in each subparagraph of
5  Paragraph 89 of the Complaint, regarding the number of calls allegedly "routed" by Avid
6  Telecom into each state.  With respect to each call, please produce Documents sufficient to
7  identify: (i) whether the call was "interstate" or "intrastate"; (ii) whether the called party had
8  provided consent to receive the call; (iii) whether the call was terminated to a line identified
9  as personal (residential) or business; (iv) whether the called number was associated with a
10  landline or a mobile number; (v) whether the called line was associated with a "honey pot;
11  (vi) whether the call was recorded; (vii) whether the call was recorded by YouMail; (vii)
12  whether the call was part of a program where the party delivering the data was compensation
13  for doing so; and (viii) was the call the subject of a traceback.

14  **RESPONSE:**

15  The Plaintiffs object to this Request to the extent that it calls for information or analysis that
16  is not yet complete and that is information that is properly the subject of expert discovery.
17  The disclosure and production of expert reports and other expert-related materials will occur
18  in accordance with Rule 26 and the dates set forth in the Case Management Scheduling
19  Order (ECF No. 102).

20  Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or
21  organize factual evidence for the Defendants or the extent that it asks for a compilation,
22  summary or analysis of documents or information not in existence.

23  Plaintiffs object to this request for production to the extent that the Request seeks documents
24  already in the custody or control of the Defendants.

25  Plaintiffs object to the extent that the Request implies that the burden of proof of the
26  existence of consent is borne by Plaintiffs when in fact, it is borne by Defendants.

27  Plaintiffs object to this request for production on the grounds that it is overbroad, unduly
28  burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the

1    litigation.

2    Subject to and without waiving the Preliminary Statement, General Objections, and specific

3    objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

4    responsive documents that have not been previously produced or filed with the District

5    Court and that can be located through a reasonable search of the documents in their

6    possession, custody, or control.

7

8            154.    Please produce Documents sufficient to identify each (*i.e.,* not just the

9    samples provided) "illegal campaign", as that term is used in Paragraph 90 of the Complaint

10   in which Avid Telecom is alleged to have participated.

11   **RESPONSE:**

12   The Plaintiffs object to this Request to the extent that it calls for information or analysis that

13   is not yet complete and that is information that is properly the subject of expert discovery.

14   The disclosure and production of expert reports and other expert-related materials will occur

15   in accordance with Rule 26 and the dates set forth in the Case Management Scheduling

16   Order (ECF No. 102).

17   Plaintiffs object to this request for production to the extent that the Request seeks documents

18   already in the custody or control of the Defendants.

19   Subject to and without waiving the general objections, the Plaintiffs will produce non-

20   privileged, non-duplicative, and relevant responsive documents that have not been

21   previously produced or filed with the District Court and that can be located through a

22   reasonable search of the documents in their possession, custody, or control.

23

24           155.    Please provide compete copies of all transcripts and other Documents that

25   evidence or are otherwise associated with each (*i.e.,* not just the samples provided) "illegal

26   campaign", as that term is used in Paragraph 90 of the Complaint, in which Avid Telecomis

27   alleged to have participated.

28

**RESPONSE:**

In response to previous requests, Plaintiffs have already produced expert witness disclosures, expert reports and any supporting materials used or referenced by the expert(s). Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

156.    Please produce all Documents that refer to or relate to, support or refute the allegation in each subparagraph of Paragraph 91 of the Complaint that Defendants "made [*i.e.,* initiated] calls, including calls that used illegally spoofed phone numbers."

**RESPONSE:**

The Plaintiffs object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102).

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

157.   Please produce all Documents that refer to or relate to, support or refute the allegation in each subparagraph of Paragraph 92 of the Complaint that Defendants "knowingly" sent and/or transmitted more than 8.4 million calls across Avid Telecom's network that used spoofed CallerID numbers which misrepresented the callers' affiliations with federal law enforcement agencies, state law enforcement agencies, and private sector entities."

**RESPONSE:** Plaintiffs object to the extent that the Request misstates the allegations in Plaintiffs' Complaint.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

158.   Please produce all Documents that refer to or relate to, support or refute the allegation in each subparagraph of Paragraph 93 of the Complaint that that they "knowingly" sent and/or transmitted calls with spoofed calling numbers to any of the federal and state law enforcement agencies identified in paragraph 93 a.-w.

**RESPONSE:**

Plaintiffs object to the extent that the Request misstates the allegations in Plaintiffs' Complaint.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

159.   Please produce all Documents that refer to or relate to, support or refute the allegation in each subparagraph of Paragraph 94 of the Complaint that Defendants "knowingly" sent and/or transmitted calls with spoofed calling numbers associated with any

1    of the private entities identified in paragraph 94.

2    **RESPONSE:**

3    Plaintiffs object to the extent that the Request misstates the allegations in Plaintiffs'
4    Complaint.

5    Subject to and without waiving the general objections, the Plaintiffs will produce non-
6    privileged, non-duplicative, and relevant responsive documents that have not been
7    previously produced or filed with the District Court and that can be located through a
8    reasonable search of the documents in their possession, custody, or control.

9

10        160.    Please produce Documents sufficient to identify each of the "Industry
11    resources are available to voice service providers from various sources to implement
12    blocking from numbers" referred to in Paragraph 95 of the Complaint.

13    **RESPONSE:**

14    Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it
15    seeks documents and information equally available to Defendants, including publicly
16    available documents and information, since, under Rule 26(b)(1), such information is
17    obtainable from another source that is more convenient, less burdensome, and/or less
18    expensive.

19    Subject to and without waiving the general objections, the Plaintiffs will produce non-
20    privileged, non-duplicative, and relevant responsive documents that have not been
21    previously produced or filed with the District Court and that can be located through a
22    reasonable search of the documents in their possession, custody, or control.

23

24        161.    Please produce all Documents that refer to or relate to, support or refute the
25    allegation that Defendants failed or refused to block illegal robocalls.

26    **RESPONSE:**

27    In response to previous requests, Plaintiffs have already produced expert witness
28    disclosures, expert reports and any supporting materials used or referenced by the expert(s).

Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation

Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.


162.    Please produce all Documents that refer to or relate to, support or refute the allegation (*e.g.,* in Paragraph 40 of the Complaint) that Defendants took any steps to "bypass" or to "hinder" programs designed to block illegal robocalls.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation.

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs object to this request for production to the extent that it seeks information that is

1  not relevant to any claim or defense in this matter and is not reasonably calculated to lead

2  to the discovery of admissible evidence.

3  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint.

4  Plaintiffs object to the Request on the grounds that it is impermissibly compound.

5  Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of

6  the phrase "refer to or relate to, support or refute the allegation" is unclear. The terms are

7  also overly broad and unduly burdensome, to the extent that they call for information that is

8  not relevant to any claim or defense in this matter or reasonably calculated to lead to the

9  discovery of admissible evidence.

10  Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or

11  organize factual evidence for the Defendants or to the extent that it asks for a compilation,

12  summary or analysis of documents or information not in existence. Plaintiffs further object

13  to the Request as it requires Plaintiffs to ascertain the meaning of a term, calls for legal

14  conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze

15  or organize factual evidence for Defendants.

16  Plaintiffs object to this Request to the extent that it requires the responding Plaintiffs to

17  marshal all of their available proof or the proof they intend to offer at trial.

18  Plaintiffs object to the Request as premature to the extent that the Plaintiffs' investigation

19  and development of facts relating to this action is ongoing.

20  Plaintiffs object to the Request on the grounds that these documents are in Defendants'

21  possession or control, have been requested by Plaintiffs and, to date, Defendants have not

22  produced them.

23  Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it

24  seeks documents and information equally available to Defendants, including publicly

25  available documents and information, since, under Rule 26(b)(1), such information is

26  obtainable from another source that is more convenient, less burdensome, and/or less

27  expensive.

28

1   Plaintiffs object to this request for production on the grounds that it seeks information and
2   documents inconsistent with, and beyond the requirements of the Federal Rules of Civil
3   Procedure, the Federal Rules of Evidence, the Local Rules of the United States District
4   Court for the District of Arizona, and other applicable federal or state law.

5   In response to previous requests, Plaintiffs have already produced expert witness
6   disclosures, expert reports and any supporting materials used or referenced by the expert(s).
7    Plaintiffs object to this request for production on the grounds that it seeks information and
8   documents protected by the attorney-client privilege, the attorney work product doctrine,
9   common interest privilege, deliberative process privilege, law enforcement and
10  investigations privileges and/or any other applicable privilege, immunity or protection
11  against disclosure. Plaintiff further objects to this request for production on the grounds it
12  seeks information and testimony regarding legal theories, analyses, and conclusions instead
13  of fact testimony.

14  Subject to and without waiving the Preliminary Statement, General Objections, and specific
15  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
16  responsive documents that have not been previously produced or filed with the District
17  Court and that can be located through a reasonable search of the documents in their
18  possession, custody, or control.

19

20      163.    Please produce all Documents that refer to or relate to, support or refute the
21  allegation set forth in Paragraph 96 of the Complaint that "Defendants sent and/or routed
22  more than 21.5 billion calls that were made using more than 1.3 billion Caller ID or DID
23  numbers."

24  **RESPONSE:**

25  In response to previous requests, Plaintiffs have already produced expert witness
26  disclosures, expert reports and any supporting materials used or referenced by the expert(s).
27  Subject to and without waiving the general objections, the Plaintiffs will produce non-
28  privileged, non-duplicative, and relevant responsive documents that have not been

1  previously produced or filed with the District Court and that can be located through a

2  reasonable search of the documents in their possession, custody, or control.

3

4       164.   Please produce Documents sufficient to identify each member of the "team

5  of employees and contractors (associated with ITG) who work daily with industry and

6  government partners to identify sources of illegal robocalling campaigns" as that term is

7  used in Paragraph 99 of the Complaint.

8  **RESPONSE:**

9  Plaintiffs object to this request for production to the extent that the Request seeks documents

10  already in the custody or control of the Defendants.

11  Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it

12  seeks documents and information equally available to Defendants, including publicly

13  available documents and information, since, under Rule 26(b)(1), such information is

14  obtainable from another source that is more convenient, less burdensome, and/or less

15  expensive.

16  Subject to and without waiving the general objections, the Plaintiffs will produce non-

17  privileged, non-duplicative, and relevant responsive documents that have not been

18  previously produced or filed with the District Court and that can be located through a

19  reasonable search of the documents in their possession, custody, or control.

20

21       165.   Please produce Documents sufficient to identify the member of the "team of

22  employees and contractors (associated with ITG)" who provided each traceback referencedin

23  the complaint.

24  **RESPONSE:**

25  Plaintiffs object to this request for production to the extent that the Request seeks documents

26  already in the custody or control of the Defendants.

27  Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it

28  seeks documents and information equally available to Defendants

–74–

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

166.    Please provide a complete copy of each traceback referenced in the Complaint along with all associated communications and other Documents.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

167.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in paragraph 100 of the Complaint that "[e]very day, the ITG traces back numerous robocalls, which are representative examples of the most prolific, ongoing, identified and suspected illegal robocall campaigns in the United States, equally millions of illegal calls targeting U.S. consumers."

**RESPONSE:**

In response to previous requests, Plaintiffs have already produced expert witness disclosures, expert reports and any supporting materials used or referenced by the expert(s). Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is

1  obtainable from another source that is more convenient, less burdensome, and/or less
2  expensive.

3  Plaintiffs further object as the footnote in paragraph 100 of the Complaint provides
4  Defendants with the information requested.

5  Subject to and without waiving the Preliminary Statement, General Objections, and specific
6  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
7  responsive documents that have not been previously produced or filed with the District
8  Court and that can be located through a reasonable search of the documents in their
9  possession, custody, or control.

10

11      168.    Please produce Documents sufficient to identify each of the "identified
12  and suspected illegal robocall campaigns in the United States" have been proven in a
13  proceeding at the FCC or otherwise to be actual illegal robocall campaigns.

14  **RESPONSE:**

15  Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it
16  seeks documents and information equally available to Defendants, including publicly
17  available documents and information, since, under Rule 26(b)(1), such information is
18  obtainable from another source that is more convenient, less burdensome, and/or less
19  expensive.

20  Subject to and without waiving the Preliminary Statement, General Objections, and specific
21  objections, Plaintiffs state that they will not produce documents in response to this Request
22  because the documents sought are publicly available or in the possession and control of third
23  parties that Defendants can equally seek directly from those third parties.

24

25      169.    Please produce Documents sufficient to demonstrate if the ITG or the FCC
26  ever formally concluded that either of the two Traceback notices identified in paragraph in
27  paragraph 101 of the Complaint were illegal robocalls.

28

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

In response to previous requests, Plaintiffs have already produced expert witness disclosures, expert reports and any supporting materials used or referenced by the expert(s). Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, Plaintiffs state that they will not produce documents in response to this Request because the documents sought are publicly available or in the possession and control of third parties that Defendants can equally seek directly from those third parties.

170. Please produce all Documents, including all traceback notices and related Communications, in which the ITG states its "appreciation" or other approval of the manner in which Avid Telecom responds to tracebacks.

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to this request for production to the extent that it seeks information that is not relevant to any claim or defense in this matter and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District

Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

171.    Please produce all Documents, including all traceback notices and related Communications in which the ITG states its disapproval of the manner in which Avid Telecom responds to tracebacks.

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

172.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 102 of the Complaint that "[t]he ITG traces back the most prolific or damaging ongoing identified or suspected illegal robocall campaigns in the United States."

**RESPONSE:**

In response to previous requests, Plaintiffs have already produced expert witness disclosures, expert reports and any supporting materials used or referenced by the expert(s). Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

1  Subject to and without waiving the Preliminary Statement, General Objections, and specific
2  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
3  responsive documents that have not been previously produced or filed with the District
4  Court and that can be located through a reasonable search of the documents in their
5  possession, custody, or control.

6

7      173.    Please produce all Documents, specifically including without limitations, all
8  Communications from any Plaintiff, requesting traceback or other data regarding any traffic
9  transited by Avid Telecom.

10 **RESPONSE:**

11 Plaintiffs object to this request for production on the grounds that it is overbroad, unduly
12 burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the
13 litigation

14 Plaintiffs object to the Request as vague, ambiguous, and unintelligible.

15 Subject to and without waiving the general objections, the Plaintiffs will produce non-
16 privileged, non-duplicative, and relevant responsive documents that have not been
17 previously produced or filed with the District Court and that can be located through a
18 reasonable search of the documents in their possession, custody, or control.

19

20     174.    Please produce all Documents that refer to or relate to, support or refute the
21 allegation set forth in Paragraph 104 of the Complaint that Avid Telecom received
22 notifications in which the sender alleges that Avid Telecom had transited calls made in
23 violation of the National DNC Registry and state Do Not Call Lists.

24 **RESPONSE:**

25 Plaintiffs object to this request for production to the extent that the Request seeks documents
26 already in the custody or control of the Defendants.

27 Subject to and without waiving the general objections, the Plaintiffs will produce non-
28 privileged, non-duplicative, and relevant responsive documents that have not been

–79–

1  previously produced or filed with the District Court and that can be located through a

2  reasonable search of the documents in their possession, custody, or control.

3

4       175.    Please produce all Documents, including all traceback notices and related

5  Documents, that refer to or relate to, support or refute the allegation set forth in paragraph

6  105 of the Complaint that the ITG notified Avid Telecom at least 329 times since (on or

7  about) January 6, 2020, about "suspected" illegal calls that transited Avid Telecom's

8  network.

9  **RESPONSE:**

10  Plaintiffs object to this request for production to the extent that the Request seeks documents

11  already in the custody or control of the Defendants.

12  In response to previous requests, Plaintiffs have already produced expert witness

13  disclosures, expert reports and any supporting materials used or referenced by the expert(s).

14  Subject to and without waiving the general objections, the Plaintiffs will produce non-

15  privileged, non-duplicative, and relevant responsive documents that have not been

16  previously produced or filed with the District Court and that can be located through a

17  reasonable search of the documents in their possession, custody, or control.

18

19       176.    Please produce all Documents that refer to or relate to, support or refute the

20  allegation set forth in Paragraph 106 that each traced call it received is representative of a

21  "large volume" of "similar" illegal calls.

22  **RESPONSE:**

23  The Plaintiffs object to this Request to the extent that it calls for information or analysis that

24  is not yet complete and that is information that is properly the subject of expert discovery.

25  The disclosure and production of expert reports and other expert-related materials will occur

26  in accordance with Rule 26 and the dates set forth in the Case Management Scheduling

27  Order (ECF No. 102).

28

1  Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or

2  organize factual evidence for the Defendants or the extent that it asks for a compilation,

3  summary or analysis of documents or information not in existence.

4  Subject to and without waiving the Preliminary Statement, General Objections, and specific

5  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

6  responsive documents that have not been previously produced or filed with the District

7  Court and that can be located through a reasonable search of the documents in their

8  possession, custody, or control.

9

10  177.   Please produce all Documents that refer to or relate to, support or refute the

11  allegation set forth in Paragraph 106 each traceback *that Avid Telecom received* is

12  representative of a "large volume" of "similar" illegal calls.

13  **RESPONSE:**

14  In response to previous requests, Plaintiffs have already produced expert witness

15  disclosures, expert reports and any supporting materials used or referenced by the expert(s).

16  Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or

17  organize factual evidence for the Defendants or the extent that it asks for a compilation,

18  summary or analysis of documents or information not in existence.

19  Subject to and without waiving the Preliminary Statement, General Objections, and specific

20  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

21  responsive documents that have not been previously produced or filed with the District

22  Court and that can be located through a reasonable search of the documents in their

23  possession, custody, or control.

24

25  178.   Please produce Documents sufficient to identify the person or persons who

26  told any one or more Plaintiffs that each traceback *that Avid Telecom received* is

27  representative of a "large volume" of "similar" illegal calls

28

1  **RESPONSE:**

2  Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it

3  seeks documents and information equally available to Defendants,

4  Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or

5  organize factual evidence for the Defendants or the extent that it asks for a compilation,

6  summary or analysis of documents or information not in existence.

7  Subject to and without waiving the Preliminary Statement, General Objections, and specific

8  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

9  responsive documents that have not been previously produced or filed with the District

10  Court and that can be located through a reasonable search of the documents in their

11  possession, custody, or control.

12

13  179.  Please produce all Documents, including without limitation each and every

14  investigation, research, inquiry, analysis, review, study or the like, including any

15  investigation, research, inquiry, analysis, review, study or the like conducted by the ITG,

16  that refers to, related to supports or refutes the allegation that each traced call is

17  representative of a large volume of "similar illegal calls" as the terms "similar illegal calls,"is

18  used in Paragraph 106 of the Complaint.

19  **RESPONSE:**

20  In response to previous requests, Plaintiffs have already produced expert witness

21  disclosures, expert reports and any supporting materials used or referenced by the expert(s).

22  Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it

23  seeks documents and information equally available to Defendants,

24  Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or

25  organize factual evidence for the Defendants or the extent that it asks for a compilation,

26  summary or analysis of documents or information not in existence.

27  Subject to and without waiving the Preliminary Statement, General Objections, and specific

28  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

180.    Please produce all Documents, including without limitation each and every investigation, research, inquiry, analysis, review, study or the like, including any investigation, research, inquiry, analysis, review, study or the like conducted by the ITG, that refers to, related to supports or refutes the allegation that each Avid Telecom traced call is representative of a large volume of "similar illegal calls" *transited by Avid Telecom* as the terms "similar illegal calls," is used in Paragraph 106 of the Complaint.

**RESPONSE:**

The Plaintiffs object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102).

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants,

Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

181.   Please produce all Documents, including without limitation the data set(s) underlying each and every investigation, research, inquiry, analysis, review, study or the like, including any investigation, research, inquiry, analysis, review, study or the like conducted by the ITG, that refers to, related to supports or refutes the allegation that each traced call is representative of a large volume of "similar illegal calls" as the terms "similar illegal calls," is used in Paragraph 106 of the Complaint.

**RESPONSE:**

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants,

Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

182.   Please produce all Documents, including without limitation the data set(s) underlying each and every investigation, research, inquiry, analysis, review, study or the like, including any investigation, research, inquiry, analysis, review, study or the like conducted by the ITG, that refers to, related to supports or refutes the allegation that each traced call is representative of a large volume of "similar illegal calls" *transited by Avid Telecom* as the terms "similar illegal calls," is used in Paragraph 106 of the Complaint.

**RESPONSE:**

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants,

Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or

organize factual evidence for the Defendants or the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

183.    Please produce Documents sufficient to identify each "[o]f the[se] 329 representative calls traced back by the ITG, 160 calls were made to phone numbers on the National DNC Registry" as that allegation is set forth in Paragraph 107 of the Complaint that.

**RESPONSE:**

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants.

Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants,

Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

Subject to and without waiving the general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

1      184.  Please produce all Documents that refer to or relate to, support or refute the

2  allegation set forth in Paragraph 108 of the Complaint that the identified tracebacks were

3  determined to be illegal robocalls.

4  **RESPONSE:**

5  Plaintiffs object to the extent that the Request misstates the allegations of their Complaint.

6  Plaintiffs further object to the extent that this Request seeks a to have Plaintiffs apply facts

7  to the law for Defendants.

8  Plaintiffs object to this request for production to the extent that the Request seeks documents

9  already in the custody or control of the Defendants.  Plaintiffs object to this Request as

10  unduly burdensome and overly broad to the extent that it seeks documents and information

11  equally available to Defendants

12  Subject to and without waiving the Preliminary Statement, General Objections, and specific

13  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

14  responsive documents that have not been previously produced or filed with the District

15  Court and that can be located through a reasonable search of the documents in their

16  possession, custody, or control.

17

18      185.  Please produce all Documents that refer to or relate to, support or refute the

19  allegation set forth in Paragraph 108 of the Complaint that "[b]ased on its (*sic*) Tracebacks,

20  Avid Telecom knew that it routed identified scam calls. . ."  We are looking for Documents

21  that evidence an actual knowledge of illegality.

22  **RESPONSE:** Plaintiffs object to the Request to the extent that it requires the Plaintiffs to

23  analyze or organize factual evidence for the Defendants or to the extent that it asks for a

24  compilation, summary or analysis of documents or information not in existence. Plaintiffs

25  object to this Request as unduly burdensome and overly broad to the extent that it seeks

26  documents and information equally available to Defendants. Plaintiffs object to this request

27  for production to the extent that the Request seeks documents already in the custody or

28  control of the Defendants.

1  Subject to and without waiving the general objections, the Plaintiffs will produce non-

2  privileged, non-duplicative, and relevant responsive documents that have not been

3  previously produced or filed with the District Court and that can be located through a

4  reasonable search of the documents in their possession, custody, or control.

5

6      186.   Please produce all Documents that refer to or relate to, support or refute the

7  allegation set forth in Paragraph 110 of the Complaint that Avid Telecom "accepted and

8  routed identified and known illegal robocalls."

9  **RESPONSE:**

10 Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or

11 organize factual evidence for the Defendants or to the extent that it asks for a compilation,

12 summary or analysis of documents or information not in existence. Plaintiffs object to this

13 Request as unduly burdensome and overly broad to the extent that it seeks documents and

14 information equally available to Defendants, including publicly available documents and

15 information, since, under Rule 26(b)(1), such information is obtainable from another source

16 that is more convenient, less burdensome, and/or less expensive.

17 Plaintiffs object to this request for production to the extent that the Request seeks documents

18 already in the custody or control of the Defendants. Subject to and without waiving the

19 general objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

20 responsive documents that have not been previously produced or filed with the District

21 Court and that can be located through a reasonable search of the documents in their

22 possession, custody, or control.

23

24     187.   Please produce all Documents that refer to or relate to, support or refute the

25 allegation set forth in Paragraph 111 of the Complaint that ". . .on June 9, 2020, the FCC

26 brought an enforcement action against Avid Telecom's customer, John Spiller and

27 JSquared, which ultimately resulted in a record $225 million fine issued in March 2021."

28

**RESPONSE:**

Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or to the extent that it asks for a compilation, summary or analysis of documents or information not in existence. Plaintiffs object on the grounds that the information Defendants seek is available at footnote 31 of the Complaint. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, Plaintiffs state that they will not produce documents in response to this Request because the documents sought are publicly available or in the possession and control of third parties that Defendants can equally seek directly from those third parties.

188.    Please produce Documents sufficient to demonstrate whether the enforcement action against John Spiller and JSquared, as described in Paragraph 111 of the Complaint, identified any of the traffic as being originated from or delivered to Avid Telecom.

**RESPONSE:**

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, Plaintiffs state that there are no responsive documents and that they are not withholding any documents in response to this Request.

189.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 112 that on June 9, 2020, eight states—Arkansas, Indiana, Michigan, Missouri, North Carolina, North Dakota, Ohio, and Texas—sued John Spiller, JSquared Telecom LLC, and several other related entities.

**RESPONSE**:

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, Plaintiffs state that they will not produce documents in response to this Request because the documents sought are publicly available or in the possession and control of third parties that Defendants can equally seek directly from those third parties.


190.    Please produce Documents sufficient to demonstrate whether the lawsuit against John Spiller and JSquared, as described in Paragraph 112 of the Complaint, identified any of the traffic as being originated from or delivered to Avid Telecom.

**RESPONSE**:

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants

Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants.

1  Plaintiffs object to this request for production on the grounds that it is overbroad, unduly
2  burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the
3  litigation
4  Plaintiffs object to the Request as burdensome, harassing, publicly available, equally
5  available to Defendants.
6  Subject to and without waiving the Preliminary Statement, General Objections, and specific
7  objections, Plaintiffs state that they will not produce documents in response to this Request
8  because the documents requested are in Defendants' possession and control.

9

10      191.   Please produce all Documents that refer to or relate to, support or refute the
11  allegation set forth in Paragraph 113 of the Complaint that each of the Defendants "knew
12  about the FCC's enforcement action and/or the lawsuit by the several states identified in
13  Paragraph 112 of the Complaint against John Spiller and JSquared Telecom against its
14  customer John Spiller and JSquared Telecom LLC, and several other related entities" *at the*
15  *time when they transited* any Spiller/JSquared Telecom *traffic*.

16  **RESPONSE:**

17  Plaintiffs object to this request for production on the grounds that it is interposed for an
18  improper purpose, such as to harass or to cause unnecessary delay or needless increase in
19  the cost of the litigation.
20  Plaintiffs further object to this Request as unduly burdensome and overly broad to the extent
21  that it seeks documents and information equally available to Defendants, including publicly
22  available documents and information, since, under Rule 26(b)(1), such information is
23  obtainable from another source that is more convenient, less burdensome, and/or less
24  expensive.
25  Finally, Plaintiffs object to this request for production to the extent that the Request seeks
26  documents already in the custody or control of the Defendants.
27  Subject to and without waiving the Preliminary Statement, General Objections, and specific
28  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

192.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 114 of the Complaint that "[on] April 19, 2021, the State of Vermont and StrategicIT—another of Avid Telecom's customers—entered into an Assurance of Discontinuance because of StrategicIT's illegal robocall traffic.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Finally, Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

193.    Please produce all Documents that evidence that any of the Defendants "knew about the Assurance of Discontinuance agreement between the State of Vermont and StrategicIT" *at the time when they transited* any StrategicIT traffic.

**RESPONSE:**

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, Plaintiffs state that there are no responsive documents and that Plaintiffs are not withholding any documents.

194.    Please produce Documents sufficient to demonstrate whether the Assurance of Discontinuance with StrategicIT, as described in Paragraph 114 of the Complaint, identified any of the traffic as being originated from or delivered to Avid Telecom.

**RESPONSE:**

Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

195.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 115 that "On March 18, 2022, the State of Vermont brought an action against TCA VoIP—another of Avid Telecom's customers—alleging that it knowingly facilitated illegal robocalls."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly

1    available documents and information, since, under Rule 26(b)(1), such information is

2    obtainable from another source that is more convenient, less burdensome, and/or less

3    expensive.

4    Finally, Plaintiffs object to this request for production to the extent that the Request seeks

5    documents already in the custody or control of the Defendants.

6    Subject to and without waiving the Preliminary Statement, General Objections, and specific

7    objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

8    responsive documents that have not been previously produced or filed with the District

9    Court and that can be located through a reasonable search of the documents in their

10   possession, custody, or control.

11

12        196.    Please produce all Documents that demonstrate that Defendants "knew *at the*

13   *time when they transited traffic* that "On March 18, 2022, the State of Vermont brought an

14   action against TCA VoIP alleging that it knowingly facilitated illegal robocalls" (Emphasis

15   added).

16   **RESPONSE:**

17   Plaintiffs object to this request for production on the grounds that it is interposed for an

18   improper purpose, such as to harass or to cause unnecessary delay or needless increase in

19   the cost of the litigation.

20   Plaintiffs further object to this Request as unduly burdensome and overly broad to the extent

21   that it seeks documents and information equally available to Defendants, including publicly

22   available documents and information, since, under Rule 26(b)(1), such information is

23   obtainable from another source that is more convenient, less burdensome, and/or less

24   expensive.

25   Finally, Plaintiffs object to this request for production to the extent that the Request seeks

26   documents already in the custody or control of the Defendants.

27   Subject to and without waiving the Preliminary Statement, General Objections, and specific

28   objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

197.    Please produce Documents sufficient to demonstrate whether the action against TCA VoIP, as described in Paragraph 115 of the Complaint, identified any of the traffic as being originated from or delivered to Avid Telecom.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Finally, Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

198.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 116 of the Complaint that that "[on] April 26, 2022, the FTC brought a case against VoIP Terminator, Inc.—another of Avid Telecom's customers—for "assisting and facilitating the transmission of millions of illegal prerecorded

1  telemarketing robocalls, including those they knew or should have known were scams, to
2  consumers nationwide."

3  **RESPONSE**:

4  Plaintiffs object to this request for production on the grounds that it is interposed for an
5  improper purpose, such as to harass or to cause unnecessary delay or needless increase in
6  the cost of the litigation.

7  Plaintiffs further object to this Request as unduly burdensome and overly broad to the extent
8  that it seeks documents and information equally available to Defendants, including publicly
9  available documents and information, since, under Rule 26(b)(1), such information is
10 obtainable from another source that is more convenient, less burdensome, and/or less
11 expensive.

12 Finally, Plaintiffs object to this request for production to the extent that the Request seeks
13 documents already in the custody or control of the Defendants.

14 Subject to and without waiving the Preliminary Statement, General Objections, and specific
15 objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
16 responsive documents that have not been previously produced or filed with the District
17 Court and that can be located through a reasonable search of the documents in their
18 possession, custody, or control.

19

20      199.    Please produce all Documents that demonstrate that Defendants "knew *at the*
21 *time when they transited traffic* that "[on] April 26, 2022, the FTC brought a case against
22 VoIP Terminator, Inc.—another of Avid Telecom's customers—for "assisting and
23 facilitating the transmission of millions of illegal prerecorded telemarketing robocalls"
24 (Emphasis added).

25 **RESPONSE**:

26 Plaintiffs object to this request for production to the extent that it misstates the Plaintiffs'
27 Complaint.

28 Plaintiffs further object to this request for production on the grounds that it is overbroad,

1  unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs

2  of the litigation misstatement of Plaintiffs' allegations.

3  Finally, Plaintiffs object to the Request on the grounds that these documents are in

4  Defendants' possession or control, have been requested by Plaintiffs and, to date,

5  Defendants have not produced them.

6  Subject to and without waiving the Preliminary Statement, General Objections, and specific

7  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

8  responsive documents that have not been previously produced or filed with the District

9  Court and that can be located through a reasonable search of the documents in their

10  possession, custody, or control.

11

12      200.    Please produce Documents sufficient to demonstrate whether the action

13  against VoIP Terminator, as described in Paragraph 116 of the Complaint, identified any of

14  the traffic as being originated from or delivered to Avid Telecom.

15  **RESPONSE:**

16  Plaintiffs object to this request for production on the grounds that it is overbroad, unduly

17  burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the

18  litigation.

19  Plaintiffs further object to this Request as unduly burdensome and overly broad to the extent

20  that it seeks documents and information equally available to Defendants, including publicly

21  available documents and information, since, under Rule 26(b)(1), such information is

22  obtainable from another source that is more convenient, less burdensome, and/or less

23  expensive.

24  Finally, Plaintiffs object to this request for production to the extent that the Request seeks

25  documents already in the custody or control of the Defendants.

26  Subject to and without waiving the Preliminary Statement, General Objections, and specific

27  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

28  responsive documents that have not been previously produced or filed with the District

1   Court and that can be located through a reasonable search of the documents in their

2   possession, custody, or control.

3

4       201.   Please produce all Documents that refer to or relate to, support or refute the

5   allegation set forth in Paragraph 117 of the Complaint that Defendants had

6   contemporaneous knowledge that "[o]n July 7, 2022, the FCC and the State of Ohio took

7   simultaneous enforcement actions against a massive auto warranty robocall operation run

8   by recidivist robocallers, Aaron Michael Jones ("Jones") and Roy M. Cox, Jr. ("Cox").

9   **RESPONSE:**

10  Plaintiffs object to this request for production on the grounds that it is overbroad, unduly

11  burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the

12  litigation.

13  Subject to and without waiving the Preliminary Statement, General Objections, and specific

14  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

15  responsive documents that have not been previously produced or filed with the District

16  Court and that can be located through a reasonable search of the documents in their

17  possession, custody, or control.

18

19      202.   Please produce Documents sufficient to demonstrate whether the action

20  against Jones, as described in Paragraph 117 of the Complaint, identified any of the traffic

21  as being originated from or delivered to Avid Telecom.

22  **RESPONSE:**

23  Plaintiffs object to this request for production on the grounds that it is overbroad, unduly

24  burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the

25  litigation.

26  Subject to and without waiving the Preliminary Statement, General Objections, and specific

27  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

28  responsive documents that have not been previously produced or filed with the District

1  Court and that can be located through a reasonable search of the documents in their

2  possession, custody, or control.

3

4      203.    Please produce all Documents that refer to or relate to, support or refute the

5  allegation set forth in Paragraph 117 of the Complaint that Defendant was involved in the

6  "common enterprise" or otherwise party to any of these enforcement actions.

7  **RESPONSE:**

8  Plaintiffs object to this request for production to the extent that it misstates the Plaintiffs'

9  Complaint.

10  Subject to and without waiving the Preliminary Statement, General Objections, and specific

11  objections, Plaintiffs state that there are no responsive documents.

12

13      204.    Please produce all Documents that refer to or relate to, support or refute the

14  allegation set forth in Paragraph 118 of the Complaint that that "[o]n December 23, 2022,

15  the FCC subsequently issued a Notice of Apparent Liability against certain individuals and

16  entities involved in the Sumco Enterprise robocall operation, proposing a $299,997,000

17  fine."

18  **RESPONSE:**

19  Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it

20  seeks documents and information equally available to Defendants, including publicly

21  available documents and information, since, under Rule 26(b)(1), such information is

22  obtainable from another source that is more convenient, less burdensome, and/or less

23  expensive.

24  Subject to and without waiving the Preliminary Statement, General Objections, and specific

25  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

26  responsive documents that have not been previously produced or filed with the District

27  Court and that can be located through a reasonable search of the documents in their

28  possession, custody, or control.

1

2      205.   Please produce all Documents that demonstrate that Defendants "knew *at the*

3  *time when they transited traffic* that "[o]n December 23, 2022, the FCC subsequently issueda

4  Notice of Apparent Liability against certain individuals and entities involved in the Sumco

5  Enterprise robocall operation, proposing a $299,997,000 fine"  (Emphasis added).

6  **RESPONSE:**

7  Plaintiffs object to this request for production to the extent that it misstates the Plaintiffs'

8  Complaint. Plaintiffs further object to this request for production on the grounds that it is

9  overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional

10  to the needs of the litigation. Finally, Plaintiffs object to this Requests to the extent that it

11  seeks documents already in the custody or control of the Defendants.

12  Subject to and without waiving the Preliminary Statement, General Objections, and specific

13  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

14  responsive documents that have not been previously produced or filed with the District

15  Court and that can be located through a reasonable search of the documents in their

16  possession, custody, or control.

17

18      206.   Please produce Documents sufficient to demonstrate whether the action

19  against Sumco Enterprise, as described in Paragraph 118 of the Complaint, identified any

20  of the traffic as being originated from or delivered to Avid Telecom.

21  **RESPONSE:**

22  Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it

23  seeks documents and information equally available to Defendants, including publicly

24  available documents and information, since, under Rule 26(b)(1), such information is

25  obtainable from another source that is more convenient, less burdensome, and/or less

26  expensive.

27  In response to previous requests, Plaintiffs have already produced expert witness

28  disclosures, expert reports and any supporting materials used or referenced by the expert(s).

1    Subject to and without waiving the Preliminary Statement, General Objections, and specific

2    objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

3    responsive documents that have not been previously produced or filed with the District

4    Court and that can be located through a reasonable search of the documents in their

5    possession, custody, or control.

6

7    207.    Please produce all Documents that refer to or relate to, support or refute the

8    allegation set forth in Paragraph 119 of the Complaint that that on or about September 12

9    and 13, 2022, Avid Telecom received nine Tracebacks concerning another of its customers, Urth

10   Access, for transmitting Student Loan robocalls or that three of the robocalls were made to

11   phone numbers on the National DNC Registry."

12   **RESPONSE:**

13   Plaintiffs object to this request for production to the extent that it misstates the Plaintiffs'

14   Complaint.

15   Plaintiffs further object to this request for production on the grounds that it is interposed for

16   an improper purpose, such as to harass or to cause unnecessary delay or needless increase

17   in the cost of the litigation.

18   Plaintiffs object to the Request on the grounds that these documents are in Defendants'

19   possession or control.

20   Finally, Plaintiffs object to this Request as unduly burdensome and overly broad to the

21   extent that it seeks documents and information equally available to Defendants, including

22   publicly available documents and information, since, under Rule 26(b)(1), such information

23   is obtainable from another source that is more convenient, less burdensome, and/or less

24   expensive.

25   Subject to and without waiving the Preliminary Statement, General Objections, and specific

26   objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

27   responsive documents that have not been previously produced or filed with the District

28   Court and that can be located through a reasonable search of the documents in their

1    possession, custody, or control.

2

3    208.    Please produce all Documents that refer to or relate to, support or refute the

4    allegation set forth in Paragraph 120 that "On or around September 19, 2022, almost one

5    week after receiving the ITG notices concerning Urth Access, Reeves reached out to ITG

6    about these Tracebacks."

7    **RESPONSE:**

8    Plaintiffs object to this request for production on the grounds that it is interposed for an

9    improper purpose, such as to harass or to cause unnecessary delay or needless increase in

10   the cost of the litigation.

11   Plaintiffs further object to the Request on the grounds that these documents are in

12   Defendants' possession or control, have been requested by Plaintiffs and, to date,

13   Defendants have not produced them.

14   Finally, Plaintiffs object to this Request as unduly burdensome and overly broad to the

15   extent that it seeks documents and information equally available to Defendants, including

16   publicly available documents and information, since, under Rule 26(b)(1), such information

17   is obtainable from another source that is more convenient, less burdensome, and/or less

18   expensive.

19   Subject to and without waiving the Preliminary Statement, General Objections, and specific

20   objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

21   responsive documents that have not been previously produced or filed with the District

22   Court and that can be located through a reasonable search of the documents in their

23   possession, custody, or control.

24

25   209.    Please produce all Documents that refer to or relate to, support or refute the

26   allegation set forth in Paragraph 121 that, "[a] representative from ITG wrote . . . to Reeves" with

27   the message set forth in that paragraph.

28

–101–

1    **RESPONSE:**

2    Plaintiffs object to this request for production on the grounds that it is interposed for an

3    improper purpose, such as to harass or to cause unnecessary delay or needless increase in

4    the cost of the litigation.

5    Plaintiffs further object to the Request on the grounds that these documents are in

6    Defendants' possession or control, have been requested by Plaintiffs and, to date,

7    Defendants have not produced them.

8    Finally, Plaintiffs object to this Request as unduly burdensome and overly broad to the

9    extent that it seeks documents and information equally available to Defendants, including

10    publicly available documents and information, since, under Rule 26(b)(1), such information

11    is obtainable from another source that is more convenient, less burdensome, and/or less

12    expensive.

13    Subject to and without waiving the Preliminary Statement, General Objections, and specific

14    objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

15    responsive documents that have not been previously produced or filed with the District

16    Court and that can be located through a reasonable search of the documents in their

17    possession, custody, or control.

18

19         210.    Please produce a complete copy of the email exchange referenced at

20    Paragraph 121 of the Complaint, including **both** all statements made by the representative

21    of ITG as well as all statements made by Reeves.

22    **RESPONSE:**

23    Plaintiffs object to this request for production on the grounds that it is interposed for an

24    improper purpose, such as to harass or to cause unnecessary delay or needless increase in

25    the cost of the litigation.

26    Plaintiffs further object to the Request on the grounds that these documents are in

27    Defendants' possession or control, have been requested by Plaintiffs and, to date,

28    Defendants have not produced them.

Finally, Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

211.   Please produce Documents that evidence that the tracebacks sent to Avid Telecom that were at issue in the email exchange referenced at Paragraph 121 of the Complaint were ever determined to be illegal robocalls.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Finally, Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

1   responsive documents that have not been previously produced or filed with the District

2   Court and that can be located through a reasonable search of the documents in their

3   possession, custody, or control.

4

5       212.   Please produce Documents sufficient to support the allegation set forth in

6   Paragraph 122 that that Avid Telecom "continued sending Urth Access's traffic after this

7   notification from ITG."

8   **RESPONSE:**

9   Plaintiffs object to this request for production on the grounds that it is interposed for an

10  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

11  the cost of the litigation.

12  Plaintiffs further object to the Request on the grounds that these documents are in

13  Defendants' possession or control, have been requested by Plaintiffs and, to date,

14  Defendants have not produced them.

15  Subject to and without waiving the Preliminary Statement, General Objections, and specific

16  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

17  responsive documents that have not been previously produced or filed with the District

18  Court and that can be located through a reasonable search of the documents in their

19  possession, custody, or control.

20

21      213.   Please produce Documents sufficient to support the allegation set forth in

22  Paragraph 123 that, "Avid Telecom allowed Urth Access to submit payment for services

23  using bank accounts held in names of one or more other business entities."

24  **RESPONSE:**

25  Plaintiffs object to the Request on the grounds that these documents are in Defendants'

26  possession or control, have been requested by Plaintiffs and, to date, Defendants have not

27  produced them.

28  Subject to and without waiving the Preliminary Statement, General Objections, and specific

objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

214.    Please produce Documents sufficient to support the allegation set forth in Paragraph 124 that, "[o]n November 10, 2022, the FCC issued a robocall cease-and-desist letter to Avid Telecom's customer Urth Access."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, Plaintiffs state that they will not produce documents in response to this Request because the documents sought are publicly available or in the possession and control of third parties that Defendants can equally seek directly from those third parties.

215.    Please produce Documents sufficient to support the allegation set forth in Paragraph 125 "[o]n December 8, 2022, the FCC ordered VoIP service providers, including Avid Telecom, to block student loan robocalls coming from Urth Access."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in

1    the cost of the litigation.

2    Plaintiffs further object to this Request as unduly burdensome and overly broad to the extent

3    that it seeks documents and information equally available to Defendants, including publicly

4    available documents and information, since, under Rule 26(b)(1), such information is

5    obtainable from another source that is more convenient, less burdensome, and/or less

6    expensive.

7    Subject to and without waiving the Preliminary Statement, General Objections, and specific

8    objections, Plaintiffs state that they will not produce documents in response to this Request

9    because the documents sought are publicly available or in the possession and control of third

10    parties that Defendants can equally seek directly from those third parties.

11

12        216.    Please produce all Documents that refer to or relate to, support or refute the

13    allegation set forth in Paragraph 126 that Avid Telecom provided "problematic evidence"to

14    the ITG or that its response was improper form or substance."

15    **RESPONSE:**

16    Plaintiffs object to this request for production to the extent that it misstates the Plaintiffs'

17    Complaint.

18    Plaintiffs further object to this Request as unduly burdensome and overly broad to the extent

19    that it seeks documents and information equally available to Defendants, including publicly

20    available documents and information, since, under Rule 26(b)(1), such information is

21    obtainable from another source that is more convenient, less burdensome, and/or less

22    expensive.

23    Finally, Plaintiffs object to the Request on the grounds that these documents are in

24    Defendants' possession or control, have been requested by Plaintiffs and, to date,

25    Defendants have not produced them.

26    Subject to and without waiving the Preliminary Statement, General Objections, and specific

27    objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

28    responsive documents that have not been previously produced or filed with the District

1  Court and that can be located through a reasonable search of the documents in their

2  possession, custody, or control.

3

4      217.    Please produce all Documents that refer to or relate to, support or refute the

5  allegation set forth in Paragraph 127 of the Complaint that, "[i]n response to a July 2021

6  Traceback, Avid Telecom responded, we have notified the customer and have asked that

7  they provide response. Until we have complete understanding, we have taken steps to block the

8  dialed number. We will update once we have their response."

9  **RESPONSE:**

10  Plaintiffs object to this request for production to the extent that it misstates the Plaintiffs'

11  Complaint.

12  Plaintiffs further object to this request for production on the grounds that it is interposed for

13  an improper purpose, such as to harass or to cause unnecessary delay or needless increase

14  in the cost of the litigation.

15  Finally, Plaintiffs object to the Request on the grounds that these documents are in

16  Defendants' possession or control, have been requested by Plaintiffs and, to date,

17  Defendants have not produced them.

18  Subject to and without waiving the Preliminary Statement, General Objections, and specific

19  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

20  responsive documents that have not been previously produced or filed with the District

21  Court and that can be located through a reasonable search of the documents in their

22  possession, custody, or control.

23

24      218.    Please produce all Documents that refer to or relate to, support or refute the

25  allegation set forth in Paragraph 128 of the Complaint that, "[o]n July 23, 2021, Avid

26  Telecom wrote to the ITG: "we have had additional conversations with our customer. They

27  are performing an internal investigation to determine why these numbers were provided to

28  them as valid numbers.  We will update with more detailed information as soon as we have

1  it."

2  **RESPONSE:**

3  Plaintiffs object to this request for production to the extent that it misstates the Plaintiffs'

4  Complaint.

5  Plaintiffs further object to this request for production on the grounds that it is interposed for

6  an improper purpose, such as to harass or to cause unnecessary delay or needless increase

7  in the cost of the litigation.

8  Finally, Plaintiffs object to the Request on the grounds that these documents are in

9  Defendants' possession or control, have been requested by Plaintiffs and, to date,

10  Defendants have not produced them.

11  Subject to and without waiving the Preliminary Statement, General Objections, and specific

12  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

13  responsive documents that have not been previously produced or filed with the District

14  Court and that can be located through a reasonable search of the documents in their

15  possession, custody, or control.

16

17      219.    Please produce all Documents that refer to or relate to, support or refute the

18  allegation set forth in Paragraph 129 of the Complaint that, in response to the Traceback, it

19  reached out to its customer, it was told by its customer that the calls at issue were basedonly

20  on valid permission, that it reported this information to the ITG, that it requested "optin"

21  information from the customer and that it advised the ITG in a timely manner that it would

22  provide that additional information once received.

23  **RESPONSE:**

24  Plaintiffs object to this request for production on the grounds that it is interposed for an

25  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

26  the cost of the litigation.

27  Plaintiffs further object to the Request on the grounds that these documents are in

28  Defendants' possession or control, have been requested by Plaintiffs and, to date,

–108–

1   Defendants have not produced them.

2   Subject to and without waiving the Preliminary Statement, General Objections, and specific

3   objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

4   responsive documents that have not been previously produced or filed with the District

5   Court and that can be located through a reasonable search of the documents in their

6   possession, custody, or control.

7

8        220.   Please produce all Documents that refer to or relate to, support or refute the

9   allegation set forth in Paragraph 130 of the Complaint that "[t]his Traceback was for a

10  Medicare rewards related call."

11  **RESPONSE:**

12  Plaintiffs object to this request for production on the grounds that it is interposed for an

13  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

14  the cost of the litigation.

15  Plaintiffs further object to the Request on the grounds that these documents are in

16  Defendants' possession or control, have been requested by Plaintiffs and, to date,

17  Defendants have not produced them.

18  Subject to and without waiving the Preliminary Statement, General Objections, and specific

19  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

20  responsive documents that have not been previously produced or filed with the District

21  Court and that can be located through a reasonable search of the documents in their

22  possession, custody, or control.

23

24       221.   Please produce all Documents that refer to or relate to, support or refute the

25  allegation set forth in Paragraph 131 of the Complaint that, on or about December 10, 2021, it

26  provided the documentation that it received from its consumer of an "opt-in" to the call at

27  issue to the ITG.

28

**RESPONSE**:

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

222.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 132 of the Complaint that, in December 2021, "[n]either of these websites are (sic) related to Medicare, health insurance, or medicine."

**RESPONSE**:

Plaintiffs object to this request for the production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

223.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 133 of the Complaint that, in December 2021, "the alleged consent for the December 3, 2021, Traceback was for an out-of-service number assigned to

1  a large voice communications provider. The owner of the number would not and couldnot

2  have consented to the call, as it was part of the voice service provider's robocall tracking

3  program.  No end user was assigned to the phone number that could have providedconsent."

4  **RESPONSE:**

5  Plaintiffs object to this request for production on the grounds that it is overbroad, unduly

6  burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the

7  litigation.

8  Subject to and without waiving the Preliminary Statement, General Objections, and specific

9  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

10  responsive documents that have not been previously produced or filed with the District

11  Court and that can be located through a reasonable search of the documents in their

12  possession, custody, or control.

13

14      224.    Please produce all Documents that refer to or relate to, support or refute the

15  allegation set forth in Paragraph 134 of the Complaint that, "[f]or a similar Medicare call on

16  December 10, 2021, Avid Telecom provided 'proof' of a consumer's consent or 'opt- in'

17  information that was said to have been given on January 24, 2019, through a website of

18  https://www.flashrewards.co/default.aspx."

19  **RESPONSE:**

20  Plaintiffs object to this request for production on the grounds that it is interposed for an

21  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

22  the cost of the litigation.

23  Plaintiffs further object to the Request on the grounds that these documents are in

24  Defendants' possession or control, have been requested by Plaintiffs and, to date,

25  Defendants have not produced them.

26  Subject to and without waiving the Preliminary Statement, General Objections, and specific

27  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

28  responsive documents that have not been previously produced or filed with the District

1  Court and that can be located through a reasonable search of the documents in their

2  possession, custody, or control.

3

4     225.   Please produce all Documents that refer to or relate to, support or refute the

5  allegation set forth in Paragraph 135 of the Complaint that, in December 2021, "[t]his

6  website is (*sic*) not related to Medicare, health insurance, or medicine."

7  **RESPONSE:**

8  Plaintiffs object to this request for production on the grounds that it is interposed for an

9  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

10 the cost of the litigation.

11 Plaintiffs further object to the Request on the grounds that these documents are in

12 Defendants' possession or control, have been requested by Plaintiffs and, to date,

13 Defendants have not produced them.

14 Subject to and without waiving the Preliminary Statement, General Objections, and specific

15 objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

16 responsive documents that have not been previously produced or filed with the District

17 Court and that can be located through a reasonable search of the documents in their

18 possession, custody, or control.

19

20    226.   Please produce all Documents that refer to or relate to, support or refute the

21 allegation set forth in Paragraph 137 of the Complaint that, "[b]etween September 19 and

22 September 21, 2022, Avid Telecom provided ITG with screenshots of websites identified by

23 its customer from which the customer had obtained consent to call."

24 **RESPONSE:**

25 Plaintiffs object to this request for production on the grounds that it is interposed for an

26 improper purpose, such as to harass or to cause unnecessary delay or needless increase in

27 the cost of the litigation.

28 Plaintiffs further object to the Request on the grounds that these documents are in

1  Defendants' possession or control, have been requested by Plaintiffs and, to date,
2  Defendants have not produced them.

3  Subject to and without waiving the Preliminary Statement, General Objections, and specific
4  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
5  responsive documents that have not been previously produced or filed with the District
6  Court and that can be located through a reasonable search of the documents in their
7  possession, custody, or control.

8

9      227.  Please produce all Documents that refer to or relate to, support or refute the
10  allegation set forth in Paragraph 138 of the Complaint that, Defendant Reeves provided ITG
11  with the screenshots shown of a website page identified by its customer from which the
12  customer had obtained consent to call.

13  **RESPONSE:**

14  Plaintiffs object to this request for production on the grounds that it is interposed for an
15  improper purpose, such as to harass or to cause unnecessary delay or needless increase in
16  the cost of the litigation.

17  Plaintiffs further object to the Request on the grounds that these documents are in
18  Defendants' possession or control, have been requested by Plaintiffs and, to date,
19  Defendants have not produced them.

20  Subject to and without waiving the Preliminary Statement, General Objections, and specific
21  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
22  responsive documents that have not been previously produced or filed with the District
23  Court and that can be located through a reasonable search of the documents in their
24  possession, custody, or control.

25

26      228.  Please produce all Documents that refer to or relate to, support or refute the
27  allegation set forth in Paragraph 139 of the Complaint that the recording at the
28  https://portal.tracebacks.org/api/public/attachments/1041845 link  is complete, true  and

–113–

1  correct or that the call was actually transited by Avid Telecom.

2  **RESPONSE:**

3  Plaintiffs object to this request for production on the grounds that it is interposed for an

4  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

5  the cost of the litigation.

6  Plaintiffs further object to the Request on the grounds that these documents are in

7  Defendants' possession or control, have been requested by Plaintiffs and, to date,

8  Defendants have not produced them.

9  Subject to and without waiving the Preliminary Statement, General Objections, and specific

10 objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

11 responsive documents that have not been previously produced or filed with the District

12 Court and that can be located through a reasonable search of the documents in their

13 possession, custody, or control.

14

15      229.    Please produce all Documents that refer to or relate to, support or refute the

16 allegation set forth in Paragraph 140 of the Complaint that, "[t]he robocall" was in fact

17 associated with the screenshot included in Paragraph 138 of the Complaint or that the call

18 with illegal or improper.

19 **RESPONSE:**

20 Plaintiffs object to this request for production on the grounds that it is interposed for an

21 improper purpose, such as to harass or to cause unnecessary delay or needless increase in

22 the cost of the litigation.

23 Plaintiffs further object to the Request on the grounds that these documents are in

24 Defendants' possession or control, have been requested by Plaintiffs and, to date,

25 Defendants have not produced them.

26 Subject to and without waiving the Preliminary Statement, General Objections, and specific

27 objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

28 responsive documents that have not been previously produced or filed with the District

1  Court and that can be located through a reasonable search of the documents in their
2  possession, custody, or control.

3

4  230.   Please produce all Documents that refer to or relate to, support or refute the
5  allegation set forth in Paragraph 141 of the Complaint that, "[t]he robocall failed to
6  announce the name of the seller on [whose] behalf the robocall was being made."

7  **RESPONSE:**

8  Plaintiffs object to this request for production on the grounds that it is interposed for an
9  improper purpose, such as to harass or to cause unnecessary delay or needless increase in
10 the cost of the litigation.

11 Plaintiffs further object to this Request on the grounds that it is unreasonably cumulative
12 and duplicative.

13 Finally, Plaintiffs object to the Request on the grounds that these documents are in
14 Defendants' possession or control, have been requested by Plaintiffs and, to date,
15 Defendants have not produced them.

16 Subject to and without waiving the Preliminary Statement, General Objections, and specific
17 objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
18 responsive documents that have not been previously produced or filed with the District
19 Court and that can be located through a reasonable search of the documents in their
20 possession, custody, or control.

21

22 231.   Please produce all Documents that refer to or relate to, support or refute the
23 allegation set forth in Paragraph 142 of the Complaint that, "[t]his is a clear violation of the
24 TSR."

25 **RESPONSE:**

26 Plaintiffs object to this request for production on the grounds that it is interposed for an
27 improper purpose, such as to harass or to cause unnecessary delay or needless increase in
28 the cost of the litigation.

1  Plaintiffs further object to this Request to the extent that it calls for legal conclusions.

2  Plaintiffs object to this request for production to the extent that the Request seeks documents

3  already in the custody or control of the Defendants.

4  In response to previous requests, Plaintiffs have already produced expert witness

5  disclosures, expert reports and any supporting materials used or referenced by the expert(s).

6  Subject to and without waiving the Preliminary Statement, General Objections, and specific

7  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

8  responsive documents that have not been previously produced or filed with the District

9  Court and that can be located through a reasonable search of the documents in their

10  possession, custody, or control.

11

12      232.   Please produce all Documents that refer to or relate to, support or refute the

13  allegation set forth in Paragraph 142 of the Complaint that "Defendants were on notice that

14  their customer was violating the TSR."

15  **RESPONSE:**

16  Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it

17  seeks documents and information equally available to Defendants, including publicly

18  available documents and information, since, under Rule 26(b)(1), such information is

19  obtainable from another source that is more convenient, less burdensome, and/or less

20  expensive.

21  Plaintiffs further object to the Request on the grounds that these documents are in

22  Defendants' possession or control, have been requested by Plaintiffs and, to date,

23  Defendants have not produced them.

24  Subject to and without waiving the Preliminary Statement, General Objections, and specific

25  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

26  responsive documents that have not been previously produced or filed with the District

27  Court and that can be located through a reasonable search of the documents in their

28  possession, custody, or control.

233.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 143 of the Complaint that, "[t]he website purports to be for nursing jobs in Las Vegas, Nevada and not calls about disability benefits, and was not legitimate or actual proof of consent from a consumer to receive the call that was the subject of the Traceback."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

234.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 143 of the Complaint that the reference to the website provided by the customer and forwarded by Avid Telecom to the ITG "was not legitimate or actual proof of consent from a consumer to receive the call that was the subject of the Traceback."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their

1  possession, custody, or control.

2

3  235.   Please produce all Documents that refer to or relate to, support or refute the

4  allegation set forth in Paragraph 144 of the Complaint that, "the grant of consent is to

5  thousands of potential calling entities, which could and should have alerted Defendants their

6  customer lacked proper consent to make these robocalls".

7  **RESPONSE:**

8  Plaintiffs object to this request for production as unduly burdensome and overly broad to

9  the extent that it seeks documents and information equally available to Defendants,

10  including publicly available documents and information, since, under Rule 26(b)(1), such

11  information is obtainable from another source that is more convenient, less burdensome,

12  and/or less expensive.

13  Plaintiffs further object to the Request on the grounds that these documents are in

14  Defendants' possession or control, have been requested by Plaintiffs and, to date,

15  Defendants have not produced them.

16  Subject to and without waiving the Preliminary Statement, General Objections, and specific

17  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

18  responsive documents that have not been previously produced or filed with the District

19  Court and that can be located through a reasonable search of the documents in their

20  possession, custody, or control.

21

22  236.   Please produce all Documents that refer to or relate to, support or refute the

23  allegation set forth in Paragraph 145 of the Complaint that, "[f]or a call related to Social

24  Security Disability Consultant, Reeves provided this screenshot as proof of consent:"

25  **RESPONSE:**

26  Plaintiffs object to this request for production on the grounds that it is interposed for an

27  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

28  the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

237.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 146 of the Complaint that the recording at the https://portal.tracebacks.org/api/public/attachments/1041847 link  is complete, true  and correct or that the call was actually transited by Avid Telecom.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

238.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 147 of the Complaint that, "[t]he robocall" was in fact associated with the screenshot or that the call was illegal or improper.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

239.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 148 of the Complaint that, "[t]he robocall failed to announce the name of the seller on behalf the robocall was being made."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to this Request as it is unreasonably cumulative or duplicative.

Finally, Plaintiffs object to this Request to the extent that it seeks documents already in the custody or control of Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

240.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 149 of the Complaint that, "[t]his is a clear violation of the TS and Defendants were on notice that their customer was violating the TSR.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to this Request as it calls for legal conclusions.

Plaintiffs object to this Request to the extent that it seeks documents already in the custody or control of Defendants.

In response to previous requests, Plaintiffs have already produced expert witness disclosures, expert reports and any supporting materials used or referenced by the expert(s). Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

241.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 150 of the Complaint that, "[t]his consent form purports to give to thousands of different people or entities consent to call the consumer, which should have alerted Defendants their customer lacked proper consent to make these robocalls."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs, and, to date, Defendants have not produced them.

Plaintiffs further object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

242.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 151 of the Complaint that, "[f]or an auto warranty call, Reeves provided this screenshot:"

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their

1   possession, custody, or control.

2

3       243.    Please produce all Documents that refer to or relate to, support or refute the

4   allegation set forth in Paragraph 152 of the Complaint that the recording at the

5   https://portal.tracebacks.org/api/public/attachments/1043172 link is complete, true and

6   correct or that the call was actually transited by Avid Telecom.

7   **RESPONSE:**

8   Plaintiffs object to this request for production on the grounds that it is interposed for an

9   improper purpose, such as to harass or to cause unnecessary delay or needless increase in

10  the cost of the litigation.

11  Plaintiffs further object to this request for production to the extent that the Request seeks

12  documents already in the custody or control of the Defendants.

13  Subject to and without waiving the Preliminary Statement, General Objections, and specific

14  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

15  responsive documents that have not been previously produced or filed with the District

16  Court and that can be located through a reasonable search of the documents in their

17  possession, custody, or control.

18

19      244.    Please produce all Documents that refer to or relate to, support or refute the

20  allegation set forth in Paragraph 154 of the Complaint that, "[t]he robocall failed to

21  announce the name of the seller on behalf the robocall was being made."

22  **RESPONSE:**

23  Plaintiffs object to this request for production on the grounds that it is interposed for an

24  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

25  the cost of the litigation.

26  Plaintiffs object to this Request as unreasonably cumulative or duplicative.

27  Plaintiffs further object to this request for production to the extent that the Request seeks

28  documents already in the custody or control of the Defendants.

–123–

1  Subject to and without waiving the Preliminary Statement, General Objections, and specific
2  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
3  responsive documents that have not been previously produced or filed with the District
4  Court and that can be located through a reasonable search of the documents in their
5  possession, custody, or control.

6

7      245.   Please produce all Documents that refer to or relate to, support or refute the
8  allegation set forth in Paragraph 155 of the Complaint that, "[t]his is a clear violation of the
9  TSR, and Defendants were on notice that their customer was violating the TSR."

10  **RESPONSE**:

11  Plaintiffs object to this request for production on the grounds that it is interposed for an
12  improper purpose, such as to harass or to cause unnecessary delay or needless increase in
13  the cost of the litigation.

14  Plaintiffs further object to this request for production to the extent that the Request seeks
15  documents already in the custody or control of the Defendants.

16  Plaintiffs object to this Request as it calls for legal conclusions.

17  In response to previous requests, Plaintiffs have already produced expert witness
18  disclosures, expert reports and any supporting materials used or referenced by the expert(s).
19  Subject to and without waiving the Preliminary Statement, General Objections, and specific
20  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
21  responsive documents that have not been previously produced or filed with the District
22  Court and that can be located through a reasonable search of the documents in their
23  possession, custody, or control.

24

25      246.   Please produce all Documents that refer to or relate to, support or refute the
26  allegation set forth in Paragraph 156 of the Complaint that, "[t]he website purports to be for
27  nursing jobs in Nevada and not information about auto warranties or auto warranty calls."

28

1 **RESPONSE:**

2 Plaintiffs object to this request for production on the grounds that it is interposed for an

3 improper purpose, such as to harass or to cause unnecessary delay or needless increase in

4 the cost of the litigation.

5 Plaintiffs further object to this request for production to the extent that the Request seeks

6 documents already in the custody or control of the Defendants.

7 Subject to and without waiving the Preliminary Statement, General Objections, and specific

8 objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

9 responsive documents that have not been previously produced or filed with the District

10 Court and that can be located through a reasonable search of the documents in their

11 possession, custody, or control.

12

13     247.    Please produce all Documents that refer to or relate to, support or refute the

14 allegation set forth in Paragraph 156 of the Complaint that "was not legitimate or actual

15 proof of consent from a consumer to receive the call that was the subject of the Traceback."

16 **RESPONSE:**

17 Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it

18 seeks documents and information equally available to Defendants, including publicly

19 available documents and information, since, under Rule 26(b)(1), such information is

20 obtainable from another source that is more convenient, less burdensome, and/or less

21 expensive.

22 Plaintiffs further object to the Request on the grounds that these documents are in

23 Defendants' possession or control, have been requested by Plaintiffs and, to date,

24 Defendants have not produced them.

25 Subject to and without waiving the Preliminary Statement, General Objections, and specific

26 objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

27 responsive documents that have not been previously produced or filed with the District

28 Court and that can be located through a reasonable search of the documents in their

1  possession, custody, or control.

2

3  248.  Please produce all Documents that refer to or relate to, support or refute the

4  allegation set forth in Paragraph 157 of the Complaint that, "the grant of consent is to

5  thousands of potential calling entities, which could and should have alerted Defendants their

6  customer lacked proper consent to make these robocalls."

7  **RESPONSE:**

8  Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it

9  seeks documents and information equally available to Defendants, including publicly

10  available documents and information, since, under Rule 26(b)(1), such information is

11  obtainable from another source that is more convenient, less burdensome, and/or less

12  expensive.

13  Plaintiffs further object to the Request on the grounds that these documents are in

14  Defendants' possession or control, have been requested by Plaintiffs and, to date,

15  Defendants have not produced them.

16  Subject to and without waiving the Preliminary Statement, General Objections, and specific

17  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

18  responsive documents that have not been previously produced or filed with the District

19  Court and that can be located through a reasonable search of the documents in their

20  possession, custody, or control.

21

22  249.  Please produce all Documents that refer to or relate to, support or refute the

23  allegation set forth in Paragraph 156 of the Complaint that 159 of the Complaint that the

24  recording at the https://portal.tracebacks.org/api/public/attachments/1043174 link is

25  complete, true and correct or that the call was actually transited by Avid Telecom.

26  **RESPONSE:**

27  Plaintiffs object to this request for production to the extent that it mischaracterizes the

28  Plaintiffs' Complaint.

–126–

Plaintiffs further object to this Request as unintelligible. Finally, Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

250.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 160 of the Complaint that, "[t]he robocall" was in fact associated with the screenshot, that the call was actually transited by Avid Telecom or that the call was illegal or improper.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to this Request as it is a compound request.

Finally, Plaintiffs object to this Request to the extent that it seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

251.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 161 of the Complaint that, "[t]he robocall failed to announce the name of the seller on behalf the robocall was being made."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to this Request as it is unreasonably cumulative or duplicative.

Plaintiffs object to this Request to the extent that it seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

252.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 162 of the Complaint that, "[t]his is a clear violation of the TSR and Defendants were on notice that their customer was violating the TSR."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to this Request as it calls for legal conclusions.

Plaintiffs object to this Request to the extent that it seeks documents already in the custody or control of the Defendants.

In response to previous requests, Plaintiffs have already produced expert witness disclosures, expert reports and any supporting materials used or referenced by the expert(s).

–128–

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

253.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 163 of the Complaint that, "[t]he website purports to be for trying free products and not information about auto warranties or auto warranty calls, and was not legitimate or actual proof of consent from a consumer to receive the call that was the subject of the Traceback."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

254.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 164 of the Complaint that, "[f]urther, the grant of consent is to thousands of potential calling entities, which should have alerted Defendants their customer lacked proper consent to make these robocalls."

**RESPONSE:**

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly

–129–

available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Additionally, Plaintiffs object to this Request to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

255.   Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 165 of the Complaint that, "[f]or another auto warranty call, Reeves provided this screenshot:"

**RESPONSE:**

Plaintiffs object to this Request on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Additionally, Plaintiffs object to this Request to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

256.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 166 of the Complaint that the recording at the https://portal.tracebacks.org/api/public/attachments/1043262 link is complete, true and correct or that the call was actually transited by Avid Telecom.

**RESPONSE:**

Plaintiffs object to this Request on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation.

Additionally, Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

257.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 167 of the Complaint that, "[t]he robocall" was in fact associated with the screenshot or that the call was illegal or improper.

**RESPONSE:**

Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Additionally, Plaintiffs object to this Request on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections the Plaintiffs will produce non-privileged, non-duplicative, and relevant

1  responsive documents that have not been previously produced or filed with the District

2  Court and that can be located through a reasonable search of the documents in their

3  possession, custody, or control.

4

5       258.   Please produce all Documents that refer to or relate to, support or refute the

6  allegation set forth in Paragraph 168 of the Complaint that, "[t]he robocall failed to

7  announce the name of the seller on behalf the robocall was being made."

8  **RESPONSE:**

9  Plaintiffs object to this request for production on the grounds that it is interposed for an

10  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

11  the cost of the litigation.

12  Plaintiffs further object to this Request by asserting that the recording of the robocall, which

13  is included in paragraph 166 of Plaintiffs' Complaint, speaks for itself.

14  Subject to and without waiving the Preliminary Statement, General Objections, and specific

15  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

16  responsive documents that have not been previously produced or filed with the District

17  Court and that can be located through a reasonable search of the documents in their

18  possession, custody, or control.

19

20       259.   Please produce all Documents that refer to or relate to, support or refute the

21  allegation set forth in Paragraph 169 of the Complaint that, "[t]his is a clear violation of the

22  TSR, and Defendants were on notice that their customer was violating the TSR."

23  **RESPONSE:**

24  Plaintiffs object to this request for production on the grounds that it is interposed for an

25  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

26  the cost of the litigation.

27  Plaintiffs object to this request for production to the extent that the Request seeks documents

28  already in the custody or control of the Defendants.

1  Plaintiffs further object to this Request to the extent that it calls for legal conclusions.

2  In response to previous requests, Plaintiffs have already produced expert witness

3  disclosures, expert reports and any supporting materials used or referenced by the expert(s).

4  Subject to and without waiving the Preliminary Statement, General Objections, and specific

5  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

6  responsive documents that have not been previously produced or filed with the District

7  Court and that can be located through a reasonable search of the documents in their

8  possession, custody, or control.

9

10     260.    Please produce all Documents that refer to or relate to, support or refute the

11  allegation set forth in Paragraph 170 of the Complaint that, "[t]he website purports to be

12  for refinance programs or mortgage programs and not information about auto warranties or

13  auto warranty calls, and was not legitimate or actual proof of consent from a consumer to

14  receive the call that was the subject of the Traceback."

15  **RESPONSE:**

16  Plaintiffs object to this request for production on the grounds that it is interposed for an

17  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

18  the cost of the litigation.

19  Plaintiffs further object to this request for production to the extent that the Request seeks

20  documents already in the custody or control of the Defendants.

21  Finally, Plaintiffs object to this Request by asserting that the website, a screenshot of which

22  is included in Plaintiffs' Complaint at paragraph 165, speaks for itself.

23  Subject to and without waiving the Preliminary Statement, General Objections, and specific

24  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

25  responsive documents that have not been previously produced or filed with the District

26  Court and that can be located through a reasonable search of the documents in their

27  possession, custody, or control.

28

261.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 171 of the Complaint that, "[f]urther, the grant of consent is to thousands of potential calling entities, which should have alerted Defendants their customer lacked proper consent to make these robocalls."

**RESPONSE:**

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Additionally, Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

262.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 173 of the Complaint that, "[a]ll these notices and the obvious lack of consent make clear that this call traffic was part of one or more illegal robocall schemes."

**RESPONSE:**

Plaintiffs object to this Request to the extent that it calls for a legal conclusion.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

1   Finally, Plaintiffs object to this Request as unduly burdensome and overly broad to the extent

2   that it seeks documents and information equally available to Defendants, including publicly

3   available documents and information, since, under Rule 26(b)(1), such information is

4   obtainable from another source that is more convenient, less burdensome, and/or less

5   expensive.

6   Subject to and without waiving the Preliminary Statement, General Objections, and specific

7   objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

8   responsive documents that have not been previously produced or filed with the District

9   Court and that can be located through a reasonable search of the documents in their

10  possession, custody, or control.

11

12      263.    Please produce all Documents that refer to or relate to, support or refute the

13  allegation set forth in Paragraph 174 that on "March 10, 2023, Reeves responded to another

14  Traceback—ITG Traceback No. 12443—with evidence of alleged consent."

15  **RESPONSE:**

16  Plaintiffs object to this request for production on the grounds that it is interposed for an

17  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

18  the cost of the litigation.

19  Additionally, Plaintiffs object to the Request on the grounds that these documents are in

20  Defendants' possession or control, have been requested by Plaintiffs and, to date,

21  Defendants have not produced them.

22  Subject to and without waiving the Preliminary Statement, General Objections, and specific

23  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

24  responsive documents that have not been previously produced or filed with the District

25  Court and that can be located through a reasonable search of the documents in their

26  possession, custody, or control.

27

28

264.   Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 176 that, on or about "March 10, 2023, Reeves responded to another Traceback—ITG Traceback No. 12480—as follows: "Although customer as valid opt-in as shown above, the number has been added to their global do not call list in order to resolve this consumer complaint. The number has also been blocked in Avid's switch."

**RESPONSE:**

Plaintiffs object to this Request to the extent that it misquotes the Plaintiffs' Complaint. Additionally, Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

265.   Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 177 of the Complaint that, "[a]n ITG representative responded" and that the ITG "continue[d]" to investigate the call at issue.

**RESPONSE:**

Plaintiffs object to this Request to the extent that it misquotes the Plaintiffs' Complaint. Additionally, Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

266.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 178 of the Complaint that, Avid Telecom continues to route this customer's robocalls."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

267.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 179 of the Complaint that, they "were on notice from downstream providers that their customers were sending identified and suspected illegal

traffic, which included illegal robocalls."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

268.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 180 of the Complaint that, "[o]n March 3, 2020, Talkie Communications ("Talkie") notified via email, Avid Telecom that Avid was sending 'toll free pumping/spoofing' calls."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District

1  Court and that can be located through a reasonable search of the documents in their

2  possession, custody, or control.

3

4      269.    Please produce all Documents that refer to or relate to, support or refute the

5  allegation set forth in Paragraph 182 of the Complaint that, "[o]n March 11, 2020, Talkie

6  Communications ("Talkie") notified via email, Avid Telecom that Talkie had received

7  several complaints (*sic*) Avid Telecom was sending a 'Google business verificationscam.'"

8  **RESPONSE:**

9  Plaintiffs object to this request for production on the grounds that it is interposed for an

10  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

11  the cost of the litigation.

12  Plaintiffs further object to the Request on the grounds that these documents are in

13  Defendants' possession or control, have been requested by Plaintiffs and, to date,

14  Defendants have not produced them.

15  Subject to and without waiving the Preliminary Statement, General Objections, and specific

16  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

17  responsive documents that have not been previously produced or filed with the District

18  Court and that can be located through a reasonable search of the documents in their

19  possession, custody, or control.

20

21      270.    Please produce all Documents that refer to or relate to, support or refute the

22  allegation set forth in Paragraph 182 of the Complaint that Avid Telecom took prompt

23  action to address the issued, responding to the notice, saying, "[t]he ORIG number was

24  blocked, and the upstream carrier was notified."

25  **RESPONSE:**

26  Plaintiffs object to this request for production on the grounds that it is interposed for an

27  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

28  the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

271.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 184 of the Complaint that, "[o]n April 15, 2020, a Red Telecom, LLC employee Skype messaged Lansky that "he was sending a TON of spoofed Social Security scam calls."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

272.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 188 of the Complaint that "blocking robocall traffic to an area code—which Plaintiffs allege in this Complaint was required upon notice of potentially illegal traffic—is another indication Defendants knew their traffic was illegal" and the allegation that it blocked the traffic because it was "likely to draw an investigation by the Vermont Attorney General."

**RESPONSE:**

**P**laintiffs object to this Request on the grounds that it is unintelligible, vague, and ambiguous.

Plaintiffs further object to this Request to the extent that it misquotes Plaintiffs' Complaint. Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

273.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 189 of the Complaint that, "[o]n March 25, 2022, in a Skype chat, Reeves notified Red Telecom that, 'Most of my high short duration traffic will now be coming to you signed with an A.'"

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific

objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

274.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 190 of the Complaint that, "[o]n On May 5, 2022, in a Skype chat, when discussing a third-party call blocking feature, Reeves wrote to Red Telecom that she was turning it off for some customers."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

275.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 191 of the Complaint that, "[o]n July 11, 2022, in a Skype chat, Red Telecom notified Reeves of a Traceback, regarding calls impersonating Amazon."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in

1  the cost of the litigation.

2  Plaintiffs further object to the Request on the grounds that these documents are in

3  Defendants' possession or control, have been requested by Plaintiffs and, to date,

4  Defendants have not produced them.

5  Subject to and without waiving the Preliminary Statement, General Objections, and specific

6  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

7  responsive documents that have not been previously produced or filed with the District

8  Court and that can be located through a reasonable search of the documents in their

9  possession, custody, or control.

10

11  276. Please produce all Documents that refer to or relate to, support or refute the

12  allegation set forth in Paragraph 192 of the Complaint that, "Reeves responded: 'Nice-just

13  perfect.'"

14  **RESPONSE:**

15  Plaintiffs object to this request for production on the grounds that it is interposed for an

16  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

17  the cost of the litigation.

18  Plaintiffs further object to the Request on the grounds that these documents are in

19  Defendants' possession or control, have been requested by Plaintiffs and, to date,

20  Defendants have not produced them.

21  Subject to and without waiving the Preliminary Statement, General Objections, and specific

22  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

23  responsive documents that have not been previously produced or filed with the District

24  Court and that can be located through a reasonable search of the documents in their

25  possession, custody, or control.

26

27

28

–143–

277.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 193 of the Complaint that, "[o]n July 21, 2022, in a Skype chat, Red Telecom notified Reeves of the FCC enforcement action against Sumco Panama."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

278.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 194 of the Complaint that, "Reeves responded: 'I just saw that.'"

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

1   responsive documents that have not been previously produced or filed with the District
2   Court and that can be located through a reasonable search of the documents in their
3   possession, custody, or control.

4

5       279.   Please produce all Documents that refer to or relate to, support or refute the
6   allegation set forth in Paragraph 195 of the Complaint that, "October 5, 2022, in a Skype
7   chat, Reeves described to Red Telecom that one of Avid Telecom's customers was a
8   'turnkey solution for call centers.'"

9   **RESPONSE:**

10  Plaintiffs object to this request for production on the grounds that it is interposed for an
11  improper purpose, such as to harass or to cause unnecessary delay or needless increase in
12  the cost of the litigation.

13  Plaintiffs further object to the Request on the grounds that these documents are in
14  Defendants' possession or control, have been requested by Plaintiffs and, to date,
15  Defendants have not produced them.

16  Subject to and without waiving the Preliminary Statement, General Objections, and specific
17  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
18  responsive documents that have not been previously produced or filed with the District
19  Court and that can be located through a reasonable search of the documents in their
20  possession, custody, or control.

21

22      280.   Please produce all Documents that refer to or relate to, support or refute the
23  allegation set forth in Paragraph 196 of the Complaint that, "[o]n October 11, 2022, in a
24  Skype chat, Reeves, regarding a third-party provider's honeypots, wrote to Red Telecom:
25  'and now I know what his honeypot AI sounds like. At least for now because I's sure he
26  will change it.'"

27  **RESPONSE:**

28  Plaintiffs object to this request for production on the grounds that it is interposed for an

1  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

2  the cost of the litigation.

3  Plaintiffs further object to the Request on the grounds that these documents are in

4  Defendants' possession or control, have been requested by Plaintiffs and, to date,

5  Defendants have not produced them.

6  Subject to and without waiving the Preliminary Statement, General Objections, and specific

7  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

8  responsive documents that have not been previously produced or filed with the District

9  Court and that can be located through a reasonable search of the documents in their

10  possession, custody, or control.

11

12      281.    Please produce all Documents that refer to or relate to, support or refute the

13  allegation set forth in Paragraph 197 of the Complaint that, "On December 9, 2022, in a

14  Skype chat, Red Telecom inquired about Avid Telecom's lower traffic.  Reeves responded:

15  'Many insurance campaigns are over, (sic) so this may be the volume through the end of the

16  year.'"

17  **RESPONSE**:

18  Plaintiffs object to this request for production on the grounds that it is interposed for an

19  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

20  the cost of the litigation.

21  Plaintiffs further object to the Request on the grounds that these documents are in

22  Defendants' possession or control, have been requested by Plaintiffs and, to date,

23  Defendants have not produced them.

24  Subject to and without waiving the Preliminary Statement, General Objections, and specific

25  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

26  responsive documents that have not been previously produced or filed with the District

27  Court and that can be located through a reasonable search of the documents in their

28  possession, custody, or control.

1

2      282.    Please produce all Documents that refer to or relate to, support or refute the

3  allegation set forth in Paragraph 198 of the Complaint that, "[o]n January 3, 2023, in a Skype

4  chat, Red Telecom followed up on why the traffic was still slow. Reeves responded: 'they've

5  slowed down their dialing. New campaigns won't start until mid Jan.'"

6  **RESPONSE:**

7  Plaintiffs object to this request for production on the grounds that it is interposed for an

8  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

9  the cost of the litigation.

10  Plaintiffs further object to the Request on the grounds that these documents are in

11  Defendants' possession or control, have been requested by Plaintiffs and, to date,

12  Defendants have not produced them.

13  Subject to and without waiving the Preliminary Statement, General Objections, and specific

14  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

15  responsive documents that have not been previously produced or filed with the District

16  Court and that can be located through a reasonable search of the documents in their

17  possession, custody, or control.

18

19      283.    Please produce all Documents that refer to or relate to, support or refute the

20  allegation set forth in Paragraph 199 of the Complaint that, "[o]n December 16, 2020,

21  Verizon send Lansky a letter regarding the 'very large volume of' robocalls Avid Telecom

22  was routing to Verizon."

23  **RESPONSE:**

24  Plaintiffs object to this request for production on the grounds that it is interposed for an

25  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

26  the cost of the litigation.

27  Plaintiffs further object to the Request on the grounds that these documents are in

28  Defendants' possession or control, have been requested by Plaintiffs and, to date,

1  Defendants have not produced them.

2  Subject to and without waiving the Preliminary Statement, General Objections, and specific

3  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

4  responsive documents that have not been previously produced or filed with the District

5  Court and that can be located through a reasonable search of the documents in their

6  possession, custody, or control.

7

8      284.    Please produce all Documents that refer to or relate to, support or refute the

9  allegation set forth in Paragraph 200 of the Complaint that, "[o]n December 16, 2020,

10  Lansky responded: 'I have asked that our VP of Operations quickly and thoroughly review

11  our traffic to Verizon and make adjustments as necessary to remove as much of this traffic

12  as possible, as quickly as possible. We understand the problematic issues that this type of

13  traffic produces and clearly are willing to work with Verizon to do everything possible to

14  mitigate this traffic altogether."

15  **RESPONSE:**

16  Plaintiffs object to this request for production on the grounds that it is interposed for an

17  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

18  the cost of the litigation.

19  Plaintiffs further object to the Request on the grounds that these documents are in

20  Defendants' possession or control, have been requested by Plaintiffs and, to date,

21  Defendants have not produced them.

22  Subject to and without waiving the Preliminary Statement, General Objections, and specific

23  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

24  responsive documents that have not been previously produced or filed with the District

25  Court and that can be located through a reasonable search of the documents in their

26  possession, custody, or control.

27

28

285.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 201 of the Complaint that, "[o]n January 20, 2021, Verizon notified Lansky that Verizon was shutting off Avid Telecom's traffic because of 'unacceptable levels of illegal or unwanted calls.'"

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

286.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 202 of the Complaint that, "Lansky responded: 'We of course have not been sending you any traffic as your pricing has not been winning any. We term over 10 million mins a day of voice traffic with Verizon winning only a few dollars of it."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date,

1  Defendants have not produced them.

2  Subject to and without waiving the Preliminary Statement, General Objections, and specific

3  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

4  responsive documents that have not been previously produced or filed with the District

5  Court and that can be located through a reasonable search of the documents in their

6  possession, custody, or control.

7

8      287.   Please produce all Documents that refer to or relate to, support or refute the

9  allegation set forth in Paragraph 203 of the Complaint that, "[o]n September 13, 2021,

10  Call48 notified Avid Telecom of a 'high volume of SPAM calls" regarding auto warranty

11  messages.'"

12  **RESPONSE**:

13  Plaintiffs object to this request for production on the grounds that it is interposed for an

14  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

15  the cost of the litigation.

16  Plaintiffs further object to the Request on the grounds that these documents are in

17  Defendants' possession or control, have been requested by Plaintiffs and, to date,

18  Defendants have not produced them.

19  Subject to and without waiving the Preliminary Statement, General Objections, and specific

20  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

21  responsive documents that have not been previously produced or filed with the District

22  Court and that can be located through a reasonable search of the documents in their

23  possession, custody, or control.

24

25      288.   Please produce all Documents that refer to or relate to, support or refute the

26  allegation set forth in Paragraph 204 of the Complaint that, "Reeves responded: "These calls

27  are not considered spam. Our customer has Opt-Ins for their calls, and, as you know,uses

28  valid ANIs."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

289.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 205 of the Complaint that, "[o]n October 19, 2021, Call48 notified Reeves of auto warranty robocalls being sent to someone whose number had been listed on the National DNC Registry since 2006."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their

1  possession, custody, or control.

2

3      290.    Please produce all Documents that refer to or relate to, support or refute the

4  allegation set forth in Paragraph 206 of the Complaint that, "Reeves responded: 'We have

5  blocked the destination number on Avid's network and have requested that number be

6  removed from the customer call list."

7  **RESPONSE:**

8  Plaintiffs object to this request for production on the grounds that it is interposed for an

9  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

10  the cost of the litigation.

11  Plaintiffs further object to the Request on the grounds that these documents are in

12  Defendants' possession or control, have been requested by Plaintiffs and, to date,

13  Defendants have not produced them.

14  Subject to and without waiving the Preliminary Statement, General Objections, and specific

15  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

16  responsive documents that have not been previously produced or filed with the District

17  Court and that can be located through a reasonable search of the documents in their

18  possession, custody, or control.

19

20      291.    Please produce all Documents that refer to or relate to, support or refute the

21  allegation set forth in Paragraph 207 of the Complaint that, "[o]n November 1, 2021, Call48

22  notified Avid Telecom of robocalls from "Senior Aid Helper" to someone who was on the

23  National DNC Registry.

24  **RESPONSE:**

25  Plaintiffs object to this request for production on the grounds that it is interposed for an

26  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

27  the cost of the litigation.

28  Plaintiffs further object to the Request on the grounds that these documents are in

–152–

Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

292.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 208 of the Complaint that, "Reeves responded: "We have blocked the destination number . . . on Avid's switch and have requested that our customer remove the number from their call list."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

293.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 209 of the Complaint that, "[o]n November 8, 2021, Call48 notified Avid Telecom of unwanted calls to a phone number on the National DNC Registry."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

294.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 210 of the Complaint that, Reeves responded: "[w]e have blocked the destination number on Avid's switch and have requested that our customer remove the number from their call list."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their

–154–

1    possession, custody, or control.

2

3    295.    Please produce all Documents that refer to or relate to, support or refute the

4    allegation set forth in Paragraph 211 of the Complaint that, Reeves responded: "[t]o further

5    confirm, our customer complies with TCPA guidelines. Calls are made based on Opt Ins

6    only."

7    **RESPONSE:**

8    Plaintiffs object to this request for production on the grounds that it is interposed for an

9    improper purpose, such as to harass or to cause unnecessary delay or needless increase in

10   the cost of the litigation.

11   Plaintiffs further object to the Request on the grounds that these documents are in

12   Defendants' possession or control, have been requested by Plaintiffs and, to date,

13   Defendants have not produced them.

14   Subject to and without waiving the Preliminary Statement, General Objections, and specific

15   objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

16   responsive documents that have not been previously produced or filed with the District

17   Court and that can be located through a reasonable search of the documents in their

18   possession, custody, or control.

19

20   296.    Please produce all Documents that refer to or relate to, support or refute the

21   allegation set forth in Paragraph 212 of the Complaint that, "[o]n January 21, 2022, Call48

22   notified Lansky and Reeves that: "My guys are complaining that you are sending his dialer traffic

23   down 2 of the 3 conversational trunks again and they are at risk of being shut downfor good.

24   Can you do what you can to clean this up and get them off my back?"

25   **RESPONSE:**

26   Plaintiffs object to this request for production on the grounds that it is interposed for an

27   improper purpose, such as to harass or to cause unnecessary delay or needless increase in

28   the cost of the litigation.

–155–

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

297.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 213 of the Complaint that, "[o]n January 25, 2022, Call48 followed up that they were shutting down the route because the stats were too bad."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

298.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 214 of the Complaint that, "[o]n May 18, 2022, Call48 notified Avid Telecom that an individual was receiving robocalls from the "vehicle service

center" despite not consenting to the calls or owning a car."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

299.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 215 of the Complaint that Reeves advised Call48 that Avid Telecom had "blocked the terminating number from Avid's network and have required that our customer remove the number from all call lists."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District

1  Court and that can be located through a reasonable search of the documents in their

2  possession, custody, or control.

3

4       300.   Please produce all Documents that refer to or relate to, support or refute the

5  allegation set forth in Paragraph 216 of the Complaint that, "[o]n June 16, 2022, Call48

6  notified Avid Telecom of a complaint regarding auto warranty calls going to someone who

7  was on the National DNC Registry. The complainant asked for more information about the

8  owner of the calling phone number."

9  **RESPONSE:**

10  Plaintiffs object to this request for production on the grounds that it is interposed for an

11  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

12  the cost of the litigation.

13  Plaintiffs further object to the Request on the grounds that these documents are in

14  Defendants' possession or control, have been requested by Plaintiffs and, to date,

15  Defendants have not produced them.

16  Subject to and without waiving the Preliminary Statement, General Objections, and specific

17  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

18  responsive documents that have not been previously produced or filed with the District

19  Court and that can be located through a reasonable search of the documents in their

20  possession, custody, or control.

21

22       301.   Please produce all Documents that refer to or relate to, support or refute the

23  allegation set forth in Paragraph 218 of the Complaint that, "[o]n August 20, 2022, Call48

24  notified Avid Telecom unwanted car warranty calls, specifically that the caller does not

25  honor the National DNC Registry. The alleged calls were sent through Avid Telecom on

26  August 15, 2022. Call48 followed up on this notification several times."

27  **RESPONSE:**

28  Plaintiffs object to this request for production on the grounds that it is interposed for an

improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

302.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 220 of the Complaint that, "[o]n October 12, 2020, Dorial Telecom ("Dorial") notified Avid Telecom and Lansky of Social Security Fraud traffic. The email included recordings of the illegal robocalls.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

303.   Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 221 of the Complaint that, "[o]ne recording stated: "Hello, this call is from the Social Security Administration. The reason for this call is to inform you that your Social Security Number is suspended and there is an arrest warrant in your name. Please press one to talk to a Social Security Administration officer and know more about the case."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

304.   Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 222 of the Complaint that, "[a] second recording stated: "This is an important notice from the Social Security Administration. The reason you have received this notice from our department because we have found some suspicious and fraudulent activities under your Social Security Number, and we are going to suspend the IP. So, if you want to know about this and talk to our representative, please press one. I repeat, press one to connect."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an

1    improper purpose, such as to harass or to cause unnecessary delay or needless increase in

2    the cost of the litigation.

3    Plaintiffs further object to the Request on the grounds that these documents are in

4    Defendants' possession or control, have been requested by Plaintiffs and, to date,

5    Defendants have not produced them.

6    Subject to and without waiving the Preliminary Statement, General Objections, and specific

7    objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

8    responsive documents that have not been previously produced or filed with the District

9    Court and that can be located through a reasonable search of the documents in their

10    possession, custody, or control.

11

12       305.   Please produce all Documents that refer to or relate to, support or refute the

13    allegation set forth in Paragraph 223 of the Complaint that, "[o]n October 8, 2021, Dorial

14    notified Avid Telecom that Dorial's downstream provider was complaining about auto

15    warranty traffic."

16    **RESPONSE:**

17    Plaintiffs object to this request for production on the grounds that it is interposed for an

18    improper purpose, such as to harass or to cause unnecessary delay or needless increase in

19    the cost of the litigation.

20    Plaintiffs further object to the Request on the grounds that these documents are in

21    Defendants' possession or control, have been requested by Plaintiffs and, to date,

22    Defendants have not produced them.

23    Subject to and without waiving the Preliminary Statement, General Objections, and specific

24    objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

25    responsive documents that have not been previously produced or filed with the District

26    Court and that can be located through a reasonable search of the documents in their

27    possession, custody, or control.

28

306.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 225 of the Complaint that, "[o]n November 3, 2021, Dorial notified Avid Telecom that: You sent us 34415 disconnected number calls, and these are the ones we had in our database, there where (sic) many more. We cannot assign you ports and misuse them for disconnected number calling customers" . . .. and that "You sentus 9406 calls with unallocated ANI's, this is real fraud traffic, we do not want this traffic."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

307.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 226 of the Complaint that, "[o]n June 14, 2022, Dorial notified Reeves that: 'Based on the excel sheet for the new/second trunk, that traffic has an SDP over 80% and an ACD of less than 10 sec. I don't know what they are doing but I don't think that we are interested in terminating that kind of traffic.'"

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

1  Plaintiffs further object to the Request on the grounds that these documents are in
2  Defendants' possession or control, have been requested by Plaintiffs and, to date,
3  Defendants have not produced them.

4  Subject to and without waiving the Preliminary Statement, General Objections, and specific
5  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
6  responsive documents that have not been previously produced or filed with the District
7  Court and that can be located through a reasonable search of the documents in their
8  possession, custody, or control.

9

10  308.  Please produce all Documents that refer to or relate to, support or refute the
11  allegation set forth in Paragraph 227 of the Complaint that, "Reeves responded:
12  "Understood."

13  **RESPONSE:**

14  Plaintiffs object to this request for production on the grounds that it is interposed for an
15  improper purpose, such as to harass or to cause unnecessary delay or needless increase in
16  the cost of the litigation.

17  Plaintiffs further object to the Request on the grounds that these documents are in
18  Defendants' possession or control, have been requested by Plaintiffs and, to date,
19  Defendants have not produced them.

20  Subject to and without waiving the Preliminary Statement, General Objections, and specific
21  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
22  responsive documents that have not been previously produced or filed with the District
23  Court and that can be located through a reasonable search of the documents in their
24  possession, custody, or control.

25

26  309.  Please produce all Documents that refer to or relate to, support or refute the
27  allegation set forth in Paragraph 228 of the Complaint that, "[o]n August 17, 2022, Dorial's COO
28  emailed Reeves asking why Avid Telecom's traffic was low."

1  **RESPONSE:**

2  Plaintiffs object to this request for production on the grounds that it is interposed for an

3  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

4  the cost of the litigation.

5  Plaintiffs further object to the Request on the grounds that these documents are in

6  Defendants' possession or control, have been requested by Plaintiffs and, to date,

7  Defendants have not produced them.

8  Subject to and without waiving the Preliminary Statement, General Objections, and specific

9  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

10  responsive documents that have not been previously produced or filed with the District

11  Court and that can be located through a reasonable search of the documents in their

12  possession, custody, or control.

13

14      310.    Please produce all Documents that refer to or relate to, support or refute the

15  allegation set forth in Paragraph 229 of the Complaint that, "[o]n August 18, 2022, Reeves

16  responded: "the majority of our traffic is high SD, low ACD traffic."

17  **RESPONSE:**

18  Plaintiffs object to this request for production on the grounds that it is interposed for an

19  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

20  the cost of the litigation.

21  Plaintiffs further object to the Request on the grounds that these documents are in

22  Defendants' possession or control, have been requested by Plaintiffs and, to date,

23  Defendants have not produced them.

24  Subject to and without waiving the Preliminary Statement, General Objections, and specific

25  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

26  responsive documents that have not been previously produced or filed with the District

27  Court and that can be located through a reasonable search of the documents in their

28  possession, custody, or control.

1

2       311.   Please produce all Documents that refer to or relate to, support or refute the

3 allegation set forth in Paragraph 230 of the Complaint that, "Dorial's COO then asked how

4 the traffic level was on Avid Telecom's side."

5 **RESPONSE:**

6 Plaintiffs object to this request for production on the grounds that it is interposed for an

7 improper purpose, such as to harass or to cause unnecessary delay or needless increase in

8 the cost of the litigation.

9 Plaintiffs further object to the Request on the grounds that these documents are in

10 Defendants' possession or control, have been requested by Plaintiffs and, to date,

11 Defendants have not produced them.

12 Subject to and without waiving the Preliminary Statement, General Objections, and specific

13 objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

14 responsive documents that have not been previously produced or filed with the District

15 Court and that can be located through a reasonable search of the documents in their

16 possession, custody, or control.

17

18       312.   Please produce all Documents that refer to or relate to, support or refute the

19 allegation set forth in Paragraph 231 of the Complaint that, "Reeves responded: "We saw a

20 decline with that 2nd FCC order regarding the auto warranty companies. Given the amount there

21 was in the marketplace, I'm not surprised it effected (sic) traffic."

22 **RESPONSE:**

23 Plaintiffs object to this request for production on the grounds that it is interposed for an

24 improper purpose, such as to harass or to cause unnecessary delay or needless increase in

25 the cost of the litigation.

26 Plaintiffs further object to the Request on the grounds that these documents are in

27 Defendants' possession or control, have been requested by Plaintiffs and, to date,

28 Defendants have not produced them.

1   Subject to and without waiving the Preliminary Statement, General Objections, and specific
2   objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
3   responsive documents that have not been previously produced or filed with the District
4   Court and that can be located through a reasonable search of the documents in their
5   possession, custody, or control.

6

7       313.    Please produce all Documents that refer to or relate to, support or refute the
8   allegation set forth in Paragraph 232 of the Complaint that, "The companies in the
9   referenced FCC order were discussed above and direct customers of Avid Telecom."
10  **RESPONSE:**
11  Plaintiffs object to this request for production on the grounds that it is interposed for an
12  improper purpose, such as to harass or to cause unnecessary delay or needless increase in
13  the cost of the litigation.
14  Plaintiffs further object to the Request on the grounds that these documents are in
15  Defendants' possession or control, have been requested by Plaintiffs and, to date,
16  Defendants have not produced them.
17  Subject to and without waiving the Preliminary Statement, General Objections, and specific
18  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
19  responsive documents that have not been previously produced or filed with the District
20  Court and that can be located through a reasonable search of the documents in their
21  possession, custody, or control.

22

23      314.    Please produce all Documents that refer to or relate to, support or refute the
24  allegation set forth in Paragraph 233 of the Complaint that, '[o]n March 31, 2022, Telco
25  Connection notified Avid Telecom of "IRS impersonation calls/spoofing."'
26  **RESPONSE:**
27  Plaintiffs object to this request for production on the grounds that it is interposed for an
28  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

1    the cost of the litigation.

2    Plaintiffs further object to the Request on the grounds that these documents are in

3    Defendants' possession or control, have been requested by Plaintiffs and, to date,

4    Defendants have not produced them.

5    Subject to and without waiving the Preliminary Statement, General Objections, and specific

6    objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

7    responsive documents that have not been previously produced or filed with the District

8    Court and that can be located through a reasonable search of the documents in their

9    possession, custody, or control.

10

11       315.   Please produce all Documents that refer to or relate to, support or refute the

12   allegation set forth in Paragraph 234 of the Complaint that, Avid Telecom blocked the ANI

13   and notified the originating carrier customer of the issue."

14   **RESPONSE:**

15   Plaintiffs object to this request for production on the grounds that it is interposed for an

16   improper purpose, such as to harass or to cause unnecessary delay or needless increase in

17   the cost of the litigation.

18   Plaintiffs further object to the Request on the grounds that these documents are in

19   Defendants' possession or control, have been requested by Plaintiffs and, to date,

20   Defendants have not produced them.

21   Subject to and without waiving the Preliminary Statement, General Objections, and specific

22   objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

23   responsive documents that have not been previously produced or filed with the District

24   Court and that can be located through a reasonable search of the documents in their

25   possession, custody, or control.

26

27       316.   Please produce all Documents that refer to or relate to, support or refute the

28   allegation set forth in Paragraph 235 of the Complaint that, '[o]n August 4, 2022, Telco

–167–

1  Connection notified Avid Telecom of "IRS impersonation calls/spoofing.'"

2  **RESPONSE:**

3  Plaintiffs object to this request for production on the grounds that it is interposed for an

4  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

5  the cost of the litigation.

6  Plaintiffs further object to the Request on the grounds that these documents are in

7  Defendants' possession or control, have been requested by Plaintiffs and, to date,

8  Defendants have not produced them.

9  Subject to and without waiving the Preliminary Statement, General Objections, and specific

10  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

11  responsive documents that have not been previously produced or filed with the District

12  Court and that can be located through a reasonable search of the documents in their

13  possession, custody, or control.

14

15      317.    Please produce all Documents that refer to or relate to, support or refute the

16  allegation set forth in Paragraph 237 of the Complaint that, "[o]n April 26, 2021, All Access

17  Telecom notified Lansky and Reeves that: 'Please be advised, due to the recent multiple

18  tickets received, All Access Telecom is requesting Avid Telecom to remove customers from

19  routing that are related to the AutoWarrantyExtend US Telecom tracebacks effective

20  ASAP.'"

21  **RESPONSE:**

22  Plaintiffs object to this request for production on the grounds that it is interposed for an

23  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

24  the cost of the litigation.

25  Plaintiffs further object to the Request on the grounds that these documents are in

26  Defendants' possession or control, have been requested by Plaintiffs and, to date,

27  Defendants have not produced them.

28  Subject to and without waiving the Preliminary Statement, General Objections, and specific

objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

318.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 239 of the Complaint that, "[on] August 24, 2021, All Access Telecom notified Avid Telecom of "Medicare scam" traffic."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

319.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 240 of the Complaint that, "[o]n March 3, 2020, Peerless Network notified Avid Telecom that: 'the following TNs Peerless assigned to your company are experiencing high levels of complaints tied to the FTC DNC and IRS complaints.'"

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in

1   the cost of the litigation.

2   Plaintiffs further object to the Request on the grounds that these documents are in

3   Defendants' possession or control, have been requested by Plaintiffs and, to date,

4   Defendants have not produced them.

5   Subject to and without waiving the Preliminary Statement, General Objections, and specific

6   objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

7   responsive documents that have not been previously produced or filed with the District

8   Court and that can be located through a reasonable search of the documents in their

9   possession, custody, or control.

10

11       320.    Please produce all Documents that refer to or relate to, support or refute the

12   allegation set forth in Paragraph 241 of the Complaint that, '[o]n May 21, 2021, Peerless

13   Network notified Avid Telecom that Peerless had "been made aware of an issue from one

14   our downstream vendors and we need you guys to reach out to your end use that is sending

15   these call to stop sending the calls (Auto Warranty scam).'"

16   **RESPONSE:**

17   Plaintiffs object to this request for production on the grounds that it is interposed for an

18   improper purpose, such as to harass or to cause unnecessary delay or needless increase in

19   the cost of the litigation.

20   Plaintiffs further object to the Request on the grounds that these documents are in

21   Defendants' possession or control, have been requested by Plaintiffs and, to date,

22   Defendants have not produced them.

23   Subject to and without waiving the Preliminary Statement, General Objections, and specific

24   objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

25   responsive documents that have not been previously produced or filed with the District

26   Court and that can be located through a reasonable search of the documents in their

27   possession, custody, or control.

28

321.   Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 242 of the Complaint that, "Reeves responded: 'What is exactly the issue with the traffic?'"

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

322.   Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 243 of the Complaint that, Peerless Network responded:

Multiple carriers of ours have complained that the calls are for Car Warranty scams. I have instructed the NOC to immediately block untilthe issue can be resolved.

hi this is Katie and I'm giving you a call from the dealer service centerwe recently noticed your card extended warranty was going to expireand wanted to give you one final courtesy call before your warrantyexpires and your coverage is voided this would make you financially responsible for all Service Repairs press 1 now if you wishto extend or reinstate your cars warranty once again press one now orpress 2 to be placed on a Do Not Call List you can also call 833-3041for…

1  **RESPONSE:**

2  Plaintiffs object to this request for production on the grounds that it is interposed for an

3  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

4  the cost of the litigation.

5  Plaintiffs further object to the Request on the grounds that these documents are in

6  Defendants' possession or control, have been requested by Plaintiffs and, to date,

7  Defendants have not produced them.

8  Subject to and without waiving the Preliminary Statement, General Objections, and specific

9  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

10  responsive documents that have not been previously produced or filed with the District

11  Court and that can be located through a reasonable search of the documents in their

12  possession, custody, or control.

13

14      323.    Please produce all Documents that refer to or relate to, support or refute the

15  allegation set forth in Paragraph 244 that "[o]n or about May 21, 2021, Lansky advised

16  Peerless Network that Avid Telecom had blocked 'that customers (sic) traffic to you.'"

17  **RESPONSE:**

18  Plaintiffs object to this request for production on the grounds that it is interposed for an

19  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

20  the cost of the litigation.

21  Plaintiffs further object to the Request on the grounds that these documents are in

22  Defendants' possession or control, have been requested by Plaintiffs and, to date,

23  Defendants have not produced them.

24  Subject to and without waiving the Preliminary Statement, General Objections, and specific

25  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

26  responsive documents that have not been previously produced or filed with the District

27  Court and that can be located through a reasonable search of the documents in their

28  possession, custody, or control.

1

2       324.   Please produce all Documents that refer to or relate to, support or refute the

3 allegation set forth in Paragraph 245 of the Complaint that, "[a]fter May 21, 2021, Avid

4 Telecom received 53 Tracebacks from ITG regarding Auto Warranty robocall traffic."

5 **RESPONSE:**

6 Plaintiffs object to this request for production on the grounds that it is interposed for an

7 improper purpose, such as to harass or to cause unnecessary delay or needless increase in

8 the cost of the litigation.

9 Plaintiffs further object to the Request on the grounds that these documents are in

10 Defendants' possession or control, have been requested by Plaintiffs and, to date,

11 Defendants have not produced them.

12 Subject to and without waiving the Preliminary Statement, General Objections, and specific

13 objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

14 responsive documents that have not been previously produced or filed with the District

15 Court and that can be located through a reasonable search of the documents in their

16 possession, custody, or control.

17

18       325.   Please produce all Documents that refer to or relate to, support or refute the

19 allegation set forth in Paragraph 246 of the Complaint that, "[o]n June 7, 2021, Peerless

20 Network provided a list of FTC complaints related to DIDs Avid Telecom was renting or

21 owning."

22 **RESPONSE:**

23 Plaintiffs object to this request for production on the grounds that it is interposed for an

24 improper purpose, such as to harass or to cause unnecessary delay or needless increase in

25 the cost of the litigation.

26 Plaintiffs further object to the Request on the grounds that these documents are in

27 Defendants' possession or control, have been requested by Plaintiffs and, to date,

28 Defendants have not produced them.

1   Subject to and without waiving the Preliminary Statement, General Objections, and specific

2   objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

3   responsive documents that have not been previously produced or filed with the District

4   Court and that can be located through a reasonable search of the documents in their

5   possession, custody, or control.

6

7       326.    Please produce all Documents that refer to or relate to, support or refute the

8   allegation set forth in Paragraph 247 of the Complaint that, "[o]n June 9, 2021, Peerless

9   Network notified Avid Telecom of unwanted calls to someone on the National DNC

10  Registry. The complainant specifically requested "I need to know who the carrier is, and the

11  business associated with these calls."

12  **RESPONSE:**

13  Plaintiffs object to this request for production on the grounds that it is interposed for an

14  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

15  the cost of the litigation.

16  Plaintiffs further object to the Request on the grounds that these documents are in

17  Defendants' possession or control, have been requested by Plaintiffs and, to date,

18  Defendants have not produced them.

19  Subject to and without waiving the Preliminary Statement, General Objections, and specific

20  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

21  responsive documents that have not been previously produced or filed with the District

22  Court and that can be located through a reasonable search of the documents in their

23  possession, custody, or control.

24

25      327.    Please produce all Documents that refer to or relate to, support or refute the

26  allegation set forth in Paragraph 248 of the Complaint that, "Lansky responded: 'As I

27  understand, per APNI laws, rules and regulations until they have a subpoena, you nor Avid

28  can release any records to an individual or organization.'"

1 **RESPONSE:**

2 Plaintiffs object to this request for production on the grounds that it is interposed for an

3 improper purpose, such as to harass or to cause unnecessary delay or needless increase in

4 the cost of the litigation.

5 Plaintiffs further object to the Request on the grounds that these documents are in

6 Defendants' possession or control, have been requested by Plaintiffs and, to date,

7 Defendants have not produced them.

8 Subject to and without waiving the Preliminary Statement, General Objections, and specific

9 objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

10 responsive documents that have not been previously produced or filed with the District

11 Court and that can be located through a reasonable search of the documents in their

12 possession, custody, or control.

13

14      328.    Please produce all Documents that refer to or relate to, support or refute the

15 allegation set forth in Paragraph 249 of the Complaint that, "[o]n June 11, 2021, Reeves

16 responded: 'DIDs are being used by a publicly traded company in compliance with all

17 regulations.'"

18 **RESPONSE:**

19 Plaintiffs object to this request for production on the grounds that it is interposed for an

20 improper purpose, such as to harass or to cause unnecessary delay or needless increase in

21 the cost of the litigation.

22 Plaintiffs further object to the Request on the grounds that these documents are in

23 Defendants' possession or control, have been requested by Plaintiffs and, to date,

24 Defendants have not produced them.

25 Subject to and without waiving the Preliminary Statement, General Objections, and specific

26 objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

27 responsive documents that have not been previously produced or filed with the District

28 Court and that can be located through a reasonable search of the documents in their

–175–

1  possession, custody, or control.

2

3      329.    Please produce all Documents that refer to or relate to, support or refute the

4  allegation set forth in Paragraph 250 of the Complaint that, "[o]n June 26, 2020, Inteliquent

5  notified Avid Telecom of auto- warranty robocalls being routed by Avid Telecom."

6  **RESPONSE:**

7  Plaintiffs object to this request for production on the grounds that it is interposed for an

8  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

9  the cost of the litigation.

10 Plaintiffs further object to the Request on the grounds that these documents are in

11 Defendants' possession or control, have been requested by Plaintiffs and, to date,

12 Defendants have not produced them.

13 Subject to and without waiving the Preliminary Statement, General Objections, and specific

14 objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

15 responsive documents that have not been previously produced or filed with the District

16 Court and that can be located through a reasonable search of the documents in their

17 possession, custody, or control.

18

19     330.    Please produce all Documents that refer to or relate to, support or refute the

20 allegation set forth in Paragraph 251 of the Complaint that, "[o]n March 3, 2021, Inteliquent

21 notified Avid Telecom of more auto warranty robocalls."

22 **RESPONSE:**

23 Plaintiffs object to this request for production on the grounds that it is interposed for an

24 improper purpose, such as to harass or to cause unnecessary delay or needless increase in

25 the cost of the litigation.

26 Plaintiffs further object to the Request on the grounds that these documents are in

27 Defendants' possession or control, have been requested by Plaintiffs and, to date,

28 Defendants have not produced them.

1  Subject to and without waiving the Preliminary Statement, General Objections, and specific
2  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
3  responsive documents that have not been previously produced or filed with the District
4  Court and that can be located through a reasonable search of the documents in their
5  possession, custody, or control.

6

7      331.   Please produce all Documents that refer to or relate to, support or refute the
8  allegation set forth in Paragraph 252 of the Complaint that "[o]n March 4, 2021, Reeves
9  responded: 'Customer has Opt Ins for all calls', and that Avid Telecom had 'blocked the
10  terminating number.'"
11  **RESPONSE:**
12  Plaintiffs object to this request for production on the grounds that it is interposed for an
13  improper purpose, such as to harass or to cause unnecessary delay or needless increase in
14  the cost of the litigation.
15  Plaintiffs further object to the Request on the grounds that these documents are in
16  Defendants' possession or control, have been requested by Plaintiffs and, to date,
17  Defendants have not produced them.
18  Subject to and without waiving the Preliminary Statement, General Objections, and specific
19  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
20  responsive documents that have not been previously produced or filed with the District
21  Court and that can be located through a reasonable search of the documents in their
22  possession, custody, or control.

23

24      332.   Please produce all Documents that refer to or relate to, support or refute the
25  allegation set forth in Paragraph 253 of the Complaint that "Inteliquent then asked if the opt ins
26  could be passed along to the complainant."
27  **RESPONSE:**
28  Plaintiffs object to this request for production on the grounds that it is interposed for an

improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

333.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 254 of the Complaint that Reeves responded: "I do not have access to the Opt In."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

334.  Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 255 of the Complaint that "[o]n April 14, 2021, Inteliquent notified Avid Telecom of more auto warranty robocalls."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

335.  Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 256 that on April 14, 2021, Reeves told Inteliquent that Avid Telecom took the vetting of its customers very seriously, that Avid Telecom had notified its customer of the complaint and asked that they investigate, and that Avid Telecom had taken steps to block the ANI from terminating via Avid's network.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

–179–

1    Subject to and without waiving the Preliminary Statement, General Objections, and specific

2    objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

3    responsive documents that have not been previously produced or filed with the District

4    Court and that can be located through a reasonable search of the documents in their

5    possession, custody, or control.

6

7        336.    Please produce all Documents that refer to or relate to, support or refute the

8    allegation set forth in Paragraph 257, "[o]n May 11, 2021, Inteliquent notified Avid Telecom

9    of more auto warranty robocalls.

10    **RESPONSE:**

11    Plaintiffs object to this request for production on the grounds that it is interposed for an

12    improper purpose, such as to harass or to cause unnecessary delay or needless increase in

13    the cost of the litigation.

14    Plaintiffs further object to the Request on the grounds that these documents are in

15    Defendants' possession or control, have been requested by Plaintiffs and, to date,

16    Defendants have not produced them.

17    Subject to and without waiving the Preliminary Statement, General Objections, and specific

18    objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

19    responsive documents that have not been previously produced or filed with the District

20    Court and that can be located through a reasonable search of the documents in their

21    possession, custody, or control.

22

23        337.    Please produce all Documents that refer to or relate to, support or refute the

24    allegation set forth in Paragraph 258 that "on June 8, 2021, Inteliquent notified Avid

25    Telecom of more auto warranty robocalls."

26    **RESPONSE:**

27    Plaintiffs object to this request for production on the grounds that it is interposed for an

28    improper purpose, such as to harass or to cause unnecessary delay or needless increase in

1  the cost of the litigation.

2  Plaintiffs further object to the Request on the grounds that these documents are in

3  Defendants' possession or control, have been requested by Plaintiffs and, to date,

4  Defendants have not produced them.

5  Subject to and without waiving the Preliminary Statement, General Objections, and specific

6  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

7  responsive documents that have not been previously produced or filed with the District

8  Court and that can be located through a reasonable search of the documents in their

9  possession, custody, or control.

10

11       338.   Please produce all Documents that refer to or relate to, support or refute the

12  allegation set forth in Paragraph 259 on June 9, 2021, Avid Telecom told Inteliquent that

13  "[b]ased on information Avid has received, Customer is compliant with all requests for Opt Ins

14  and follows guidelines with regard to dialing" and that, consistent with company policy, Avid

15  Telecom had nonetheless blocked the listed ANI's from Inteliquent's network.

16  **RESPONSE:**

17  Plaintiffs object to this request for production on the grounds that it is interposed for an

18  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

19  the cost of the litigation.

20  Plaintiffs further object to the Request on the grounds that these documents are in

21  Defendants' possession or control, have been requested by Plaintiffs and, to date,

22  Defendants have not produced them.

23  Subject to and without waiving the Preliminary Statement, General Objections, and specific

24  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

25  responsive documents that have not been previously produced or filed with the District

26  Court and that can be located through a reasonable search of the documents in their

27  possession, custody, or control.

28

1   339.   Please produce all Documents that refer to or relate to, support or refute the

2   allegation set forth in Paragraph 260 of the Complaint that, on June 15, 2021, Inteliquent

3   notified Avid Telecom of more auto warranty robocalls.

4   **RESPONSE:**

5   Plaintiffs object to this request for production on the grounds that it is interposed for an

6   improper purpose, such as to harass or to cause unnecessary delay or needless increase in

7   the cost of the litigation.

8   Plaintiffs further object to the Request on the grounds that these documents are in

9   Defendants' possession or control, have been requested by Plaintiffs and, to date,

10  Defendants have not produced them.

11  Subject to and without waiving the Preliminary Statement, General Objections, and specific

12  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

13  responsive documents that have not been previously produced or filed with the District

14  Court and that can be located through a reasonable search of the documents in their

15  possession, custody, or control.

16

17  340.   Please produce all Documents that refer to or relate to, support or refute the

18  allegation set forth in Paragraph 261 of the Complaint that (based on information provided

19  by its customer, on or June 15, 2021) Reeves told Inteliquent that the "Customer is

20  compliant with regulations."

21  **RESPONSE:**

22  Plaintiffs object to this request for production on the grounds that it is interposed for an

23  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

24  the cost of the litigation.

25  Plaintiffs further object to the Request on the grounds that these documents are in

26  Defendants' possession or control, have been requested by Plaintiffs and, to date,

27  Defendants have not produced them.

28

1 Subject to and without waiving the Preliminary Statement, General Objections, and specific

2 objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

3 responsive documents that have not been previously produced or filed with the District

4 Court and that can be located through a reasonable search of the documents in their

5 possession, custody, or control.

6

7    341.    Please produce all Documents that refer to or relate to, support or refute the

8 allegation set forth in Paragraph 262 of the Complaint that Inteliquent responded: "You

9 should take another look at this. We are working directly with Verizon and their honeypot

10 captures and those are numbers that could, in no way, be opted in to receive anything."

11 **RESPONSE:**

12 Plaintiffs object to this request for production on the grounds that it is interposed for an

13 improper purpose, such as to harass or to cause unnecessary delay or needless increase in

14 the cost of the litigation.

15 Plaintiffs further object to the Request on the grounds that these documents are in

16 Defendants' possession or control, have been requested by Plaintiffs and, to date,

17 Defendants have not produced them.

18 Subject to and without waiving the Preliminary Statement, General Objections, and specific

19 objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

20 responsive documents that have not been previously produced or filed with the District

21 Court and that can be located through a reasonable search of the documents in their

22 possession, custody, or control.

23

24    342.    Please produce all Documents that refer to or relate to, support or refute the

25 allegation set forth in Paragraph 263 of the Complaint that, on June 15, 2021, Inteliquent

26 sent Avid Telecom a letter containing the language shown.

27 **RESPONSE:**

28 Plaintiffs object to this request for production on the grounds that it is interposed for an

improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

343.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 264 of the Complaint that Lansky responded: "Understood and we take these issues incredibly serious. We have notified this customer of the issues and are working with them as we do with customers to help them mitigate this from our network and to keep all traffic within the acceptable regulatory guidelines."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

–184–

1

2        344.   Please produce all Documents that refer to or relate to, support or refute the

3   allegation set forth in Paragraph 265 of the Complaint that on or about July 13, 2021,

4   Inteliquent emailed Lansky and Reeves, stating: "It has been nearly a month since this initial

5   warning was sent and we have not seen improvement[.]"

6   **RESPONSE:**

7   Plaintiffs object to this request for production on the grounds that it is interposed for an

8   improper purpose, such as to harass or to cause unnecessary delay or needless increase in

9   the cost of the litigation.

10   Plaintiffs further object to the Request on the grounds that these documents are in

11   Defendants' possession or control, have been requested by Plaintiffs and, to date,

12   Defendants have not produced them.

13   Subject to and without waiving the Preliminary Statement, General Objections, and specific

14   objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

15   responsive documents that have not been previously produced or filed with the District

16   Court and that can be located through a reasonable search of the documents in their

17   possession, custody, or control.

18

19        345.   Please produce all Documents that refer to or relate to, support or refute the

20   allegation set forth in Paragraph 266 of the Complaint that on July 13, 2021, Reeves

21   responded: "I've made the final changes to remove a couple of problematic customers. We've

22   also taken steps to notify the problematic carrier of the issues, but, again, the traffic has been

23   removed from Inteliquent."

24   **RESPONSE:**

25   Plaintiffs object to this request for production on the grounds that it is interposed for an

26   improper purpose, such as to harass or to cause unnecessary delay or needless increase in

27   the cost of the litigation.

28

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

346.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 267 of the Complaint that on or about July 22, 2021, Inteliquent notified Reeves and Lansky: "Also, we have been receiving quite a few auto-warranty scam complaints and as we've sent them out to our customers the traceback has come back as a few points they are receiving those from, but you are one of them.  I've had to turn a few customers down for these and hope we don't get there with AVID, can you please share some details with me on what you are doing to get these off your network?"

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

1

2        347.   Please produce all Documents that refer to or relate to, support or refute the

3 allegation set forth in Paragraph 268 of the Complaint that on or about July 23, 2021, Reeves

4 responded: "As to the warranty traffic, we are continually working to remove this traffic from

5 our network. We have been able to identify most of our customers who are sending the

6 traffic, but, as you know, it continues to pop up from other sources."

7 **RESPONSE:**

8 Plaintiffs object to this request for production on the grounds that it is interposed for an

9 improper purpose, such as to harass or to cause unnecessary delay or needless increase in

10 the cost of the litigation.

11 Plaintiffs further object to the Request on the grounds that these documents are in

12 Defendants' possession or control, have been requested by Plaintiffs and, to date,

13 Defendants have not produced them.

14 Subject to and without waiving the Preliminary Statement, General Objections, and specific

15 objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

16 responsive documents that have not been previously produced or filed with the District

17 Court and that can be located through a reasonable search of the documents in their

18 possession, custody, or control.

19

20        348.   Please produce all Documents that refer to or relate to, support or refute the

21 allegation set forth in Paragraph 269 of the Complaint that Defendants knowingly continued

22 to route illegal auto-warranty robocall traffic.

23 **RESPONSE:**

24 Plaintiffs object to this request for production on the grounds that it is interposed for an

25 improper purpose, such as to harass or to cause unnecessary delay or needless increase in

26 the cost of the litigation.

27 Plaintiffs further object to the Request on the grounds that these documents are in

28 Defendants' possession or control, have been requested by Plaintiffs and, to date,

1 | Defendants have not produced them.

2 | Subject to and without waiving the Preliminary Statement, General Objections, and specific

3 | objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

4 | responsive documents that have not been previously produced or filed with the District

5 | Court and that can be located through a reasonable search of the documents in their

6 | possession, custody, or control.

7 |

8 | 349.    Please produce all Documents that refer to or relate to, support or refute the

9 | allegation set forth in Paragraph 270 of the Complaint that on or about September 21, 2021,

10 | Inteliquent notified Avid Telecom of auto warranty robocall traffic.

11 | **RESPONSE:**

12 | Plaintiffs object to this request for production on the grounds that it is interposed for an

13 | improper purpose, such as to harass or to cause unnecessary delay or needless increase in

14 | the cost of the litigation.

15 | Plaintiffs further object to the Request on the grounds that these documents are in

16 | Defendants' possession or control, have been requested by Plaintiffs and, to date,

17 | Defendants have not produced them.

18 | Subject to and without waiving the Preliminary Statement, General Objections, and specific

19 | objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

20 | responsive documents that have not been previously produced or filed with the District

21 | Court and that can be located through a reasonable search of the documents in their

22 | possession, custody, or control.

23 |

24 | 350.    Please produce all Documents that refer to or relate to, support or refute the

25 | allegation set forth in Paragraph 271 of the Complaint that on April 11, 2022, Inteliquent

26 | sent Avid Telecom a Know-Your-Customer Notice because Avid Telecom's traffic was

27 | problematic. Further, Inteliquent notified Defendants that their traffic was hitting a large

28 | number of honeypots.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

351.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 272 of the Complaint that Reeves replied: "We are reviewing the stats and had already resolved the SD issues on both trunks. I have now removed the low ASR traffic from the SD trunk and will monitor tomorrow to ensure the guidelines are met."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District

1  Court and that can be located through a reasonable search of the documents in their

2  possession, custody, or control.

3

4      352.    Please produce all Documents that refer to or relate to, support or refute the

5  allegation set forth in Paragraph 273 of the Complaint that on July 30, 2022, Inteliquent sent

6  Avid Telecom another Know-Your Customer Notice because  Avid  Telecom's traffic was

7  problematic. Further, Inteliquent notified Defendants that their traffic was hitting a large

8  number of honeypots.

9  **RESPONSE:**

10  Plaintiffs object to this request for production on the grounds that it is interposed for an

11  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

12  the cost of the litigation.

13  Plaintiffs further object to the Request on the grounds that these documents are in

14  Defendants' possession or control, have been requested by Plaintiffs and, to date,

15  Defendants have not produced them.

16  Subject to and without waiving the Preliminary Statement, General Objections, and specific

17  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

18  responsive documents that have not been previously produced or filed with the District

19  Court and that can be located through a reasonable search of the documents in their

20  possession, custody, or control.

21

22      353.    Please produce all Documents that refer to or relate to, support or refute the

23  allegation set forth in Paragraph 274 of the Complaint that on September 27, 2022,

24  Inteliquent sent Avid Telecom another Know-Your- Customer Notice because Avid

25  Telecom's traffic was problematic.

26  **RESPONSE:**

27  Plaintiffs object to this request for production on the grounds that it is interposed for an

28  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

1  the cost of the litigation.

2  Plaintiffs further object to the Request on the grounds that these documents are in

3  Defendants' possession or control, have been requested by Plaintiffs and, to date,

4  Defendants have not produced them.

5  Subject to and without waiving the Preliminary Statement, General Objections, and specific

6  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

7  responsive documents that have not been previously produced or filed with the District

8  Court and that can be located through a reasonable search of the documents in their

9  possession, custody, or control.

10

11  354.  Please produce all Documents that refer to or relate to, support or refute the

12  allegation set forth in Paragraph 275 of the Complaint, that Inteliquent stated: "For your

13  traffic, specific concern would be the spike in Tracebacks this month.  Can you please take a

14  look and advise?"

15  **RESPONSE:**

16  Plaintiffs object to this request for production on the grounds that it is interposed for an

17  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

18  the cost of the litigation.

19  Plaintiffs further object to the Request on the grounds that these documents are in

20  Defendants' possession or control, have been requested by Plaintiffs and, to date,

21  Defendants have not produced them.

22  Subject to and without waiving the Preliminary Statement, General Objections, and specific

23  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

24  responsive documents that have not been previously produced or filed with the District

25  Court and that can be located through a reasonable search of the documents in their

26  possession, custody, or control.

27

28

355.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 276 of the Complaint, that "Inteliquent counted five Avid Telecom Tracebacks."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

356.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 277 of the Complaint, in September of 2022, Avid Telecom received at least 23 Tracebacks or that nine of the calls that were the subject of the Tracebacks were to telephone numbers on the National DNC Registry.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific

objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

357.   Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 278 that is apparently predicated upon Plaintiff's unstated information and belief.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

358.   Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 279 of the Complaint that on September 27, 2022, Lansky emailed Reeves: "Stupid tracebacks."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

359.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 280 of the Complaint that on September 27, 2022, Reeves responded to Inteliquent: "We have been working with our customer to obtain the consumer permission documentation. The investigation is not completed, however, the information we have received to this point is valid."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

360.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 281 of the Complaint that on September 14, 2022, Inteliquent notified Avid Telecom that a call Avid Telecom routed went to a honeypot.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

361.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 282 of the Complaint that on Reeves responded: "We have blocked the destination number and have notified our customer of the issue. We are requiring that the number be removed from their call list."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific

1 objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
2 responsive documents that have not been previously produced or filed with the District
3 Court and that can be located through a reasonable search of the documents in their
4 possession, custody, or control.

5

6     362.    Please produce all Documents that refer to or relate to, support or refute the
7 allegation set forth in Paragraph 283 of the Complaint that on November 7, 2022, Inteliquent
8 notified Avid Telecom that it was  terminating  the Master  Service Agreement.

9 **RESPONSE:**

10 Plaintiffs object to this request for production on the grounds that it is interposed for an
11 improper purpose, such as to harass or to cause unnecessary delay or needless increase in
12 the cost of the litigation.

13 Plaintiffs  further  object  to  the  Request  on  the  grounds  that  these  documents  are  in
14 Defendants'  possession  or  control,  have  been  requested  by  Plaintiffs  and,  to  date,
15 Defendants have not produced them.

16 Subject to and without waiving the Preliminary Statement, General Objections, and specific
17 objections,  the  Plaintiffs  will  produce  non-privileged,  non-duplicative,  and  relevant
18 responsive documents that have not been previously produced or filed with the District
19 Court  and  that  can  be  located  through  a  reasonable  search  of  the  documents  in  their
20 possession, custody, or control.

21

22     363.    Please produce all Documents that refer to or relate to, support or refute the
23 allegation set forth in Paragraph 284 of the Complaint that on November 7, 2022, Lansky
24 responded with this inserted email.

25 **RESPONSE:**

26 Plaintiffs object to this request for production on the grounds that it is interposed for an
27 improper purpose, such as to harass or to cause unnecessary delay or needless increase in
28 the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

364.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 285 of the Complaint that on November 8, 2022, a representative from Inteliquent responded with the inserted email.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

365.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 286 of the Complaint that Lansky responded with the inserted email.

1  **RESPONSE:**

2  Plaintiffs object to this request for production on the grounds that it is interposed for an

3  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

4  the cost of the litigation.

5  Plaintiffs further object to the Request on the grounds that these documents are in

6  Defendants' possession or control, have been requested by Plaintiffs and, to date,

7  Defendants have not produced them.

8  Subject to and without waiving the Preliminary Statement, General Objections, and specific

9  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

10  responsive documents that have not been previously produced or filed with the District

11  Court and that can be located through a reasonable search of the documents in their

12  possession, custody, or control.

13

14      366.    Please produce all Documents that refer to or relate to, support or refute the

15  allegation set forth in Paragraph 287 that on June 11, 2020, Bandwidth notified Avid

16  Telecom and Lansky that Bandwidth "has been notified that Avid Telecom has been

17  identified as the sender of improper or illegal robocalls in six different tracebacks . . .

18  Bandwidth's review of Avid's traffic profile also raises further concerns."

19  **RESPONSE:**

20  Plaintiffs object to this request for production on the grounds that it is interposed for an

21  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

22  the cost of the litigation.

23  Plaintiffs further object to the Request on the grounds that these documents are in

24  Defendants' possession or control, have been requested by Plaintiffs and, to date,

25  Defendants have not produced them.

26  Subject to and without waiving the Preliminary Statement, General Objections, and specific

27  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

28  responsive documents that have not been previously produced or filed with the District

–198–

1   Court and that can be located through a reasonable search of the documents in their

2   possession, custody, or control.

3

4       367.    Please produce all Documents that refer to or relate to, support or refute the

5   allegation set forth in Paragraph 288 of the Complaint that on January 20, 2021, Bandwidth

6   notified Avid Telecom regarding spoofing and possible violations of Bandwidth's

7   Acceptable Use Policy.

8   **RESPONSE:**

9   Plaintiffs object to this request for production on the grounds that it is interposed for an

10  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

11  the cost of the litigation.

12  Plaintiffs further object to the Request on the grounds that these documents are in

13  Defendants' possession or control, have been requested by Plaintiffs and, to date,

14  Defendants have not produced them.

15  Subject to and without waiving the Preliminary Statement, General Objections, and specific

16  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

17  responsive documents that have not been previously produced or filed with the District

18  Court and that can be located through a reasonable search of the documents in their

19  possession, custody, or control.

20

21      368.    Please produce all Documents that refer to or relate to, support or refute the

22  allegation set forth in Paragraph 289 of the Complaint that Reeves responded: "We have

23  blocked the originating number and have notified our originating carrier customer. They are

24  working to identify their originating customer and will be blocking them."

25  **RESPONSE:**

26  Plaintiffs object to this request for production on the grounds that it is interposed for an

27  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

28  the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

369.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 290 of the Complaint that on January 26, 2021, Bandwidth notified Avid Telecom regarding spoofing and possible violations of Bandwidth's Acceptable Use Policy.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

370.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 291 of the Complaint that Avid Telecom responded: "We

1  have blocked this number."

2  **RESPONSE:**

3  Plaintiffs object to this request for production on the grounds that it is interposed for an

4  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

5  the cost of the litigation.

6  Plaintiffs further object to the Request on the grounds that these documents are in

7  Defendants' possession or control, have been requested by Plaintiffs and, to date,

8  Defendants have not produced them.

9  Subject to and without waiving the Preliminary Statement, General Objections, and specific

10 objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

11 responsive documents that have not been previously produced or filed with the District

12 Court and that can be located through a reasonable search of the documents in their

13 possession, custody, or control.

14

15     371.    Please produce all Documents that refer to or relate to, support or refute the

16 allegation set forth in Paragraph 292 of the Complaint that on April 5, 2021, Bandwidth

17 notified Avid Telecom regarding spoofing and possible violations of Bandwidth's

18 Acceptable Use Policy.

19 **RESPONSE:**

20 Plaintiffs object to this request for production on the grounds that it is interposed for an

21 improper purpose, such as to harass or to cause unnecessary delay or needless increase in

22 the cost of the litigation.

23 Plaintiffs further object to the Request on the grounds that these documents are in

24 Defendants' possession or control, have been requested by Plaintiffs and, to date,

25 Defendants have not produced them.

26 Subject to and without waiving the Preliminary Statement, General Objections, and specific

27 objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

28 responsive documents that have not been previously produced or filed with the District

Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

372.   Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 293 of the Complaint that Avid Telecom responded to the spoofing notice: "We apologize for the issue. The ANI has been blocked, and the originating customer has been notified.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

373.   Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 294 of the Complaint that on April 24, 2021, Bandwidth notified Avid Telecom regarding spoofing and possible violations of Bandwidth's Acceptable Use Policy.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

374.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 295 of the Complaint that Reeves responded: "We have reviewed the information and have blocked the ANI and notified our originating customer.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

375.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 296 of the Complaint that February 10, 2023, Bandwidth notified Avid Telecom that Bandwidth has: "identified some potentially fraudulent traffic being

1  sent by your network to these areas." The area was: "USA-IA (+1712775*)".

2  **RESPONSE:**

3  Plaintiffs object to this request for production on the grounds that it is interposed for an

4  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

5  the cost of the litigation.

6  Plaintiffs further object to the Request on the grounds that these documents are in

7  Defendants' possession or control, have been requested by Plaintiffs and, to date,

8  Defendants have not produced them.

9  Subject to and without waiving the Preliminary Statement, General Objections, and specific

10 objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

11 responsive documents that have not been previously produced or filed with the District

12 Court and that can be located through a reasonable search of the documents in their

13 possession, custody, or control.

14

15    376.    Please produce all Documents that refer to or relate to, support or refute the

16 allegation set forth in Paragraph 297 of the Complaint that on February 10, 2023, Reeves

17 responded: "We have contacted our customer with regarding the nature of the traffic. In

18 the meantime, we have removed the conversational customer from routing via Bandwidth

19 and have blocked the originating number."

20 **RESPONSE:**

21 Plaintiffs object to this request for production on the grounds that it is interposed for an

22 improper purpose, such as to harass or to cause unnecessary delay or needless increase in

23 the cost of the litigation.

24 Plaintiffs further object to the Request on the grounds that these documents are in

25 Defendants' possession or control, have been requested by Plaintiffs and, to date,

26 Defendants have not produced them.

27 Subject to and without waiving the Preliminary Statement, General Objections, and specific

28 objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

1  responsive documents that have not been previously produced or filed with the District

2  Court and that can be located through a reasonable search of the documents in their

3  possession, custody, or control.

4

5      377.   Please produce all Documents that refer to or relate to, support or refute the

6  allegation set forth in Paragraph 298 that "The notices above came from Avid Telecom's

7  downstream providers and/or ITG."

8  **RESPONSE:**

9  Plaintiffs object to this request for production on the grounds that it is unreasonably

10  cumulative or duplicative and interposed for an improper purpose, such as to harass or to

11  cause unnecessary delay or needless increase in the cost of the litigation.

12  Plaintiffs further object to the Request on the grounds that these documents are in

13  Defendants' possession or control, have been requested by Plaintiffs and, to date,

14  Defendants have not produced them.

15  Subject to and without waiving the Preliminary Statement, General Objections, and specific

16  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

17  responsive documents that have not been previously produced or filed with the District

18  Court and that can be located through a reasonable search of the documents in their

19  possession, custody, or control.

20

21      378.   Please produce all Documents that refer to or relate to, support or refute the

22  allegation set forth in Paragraph 299 that, "By receiving these notices, Defendants knew

23  their services were being used to facilitate illegal robocalling."

24  **RESPONSE:**

25  Plaintiffs object to this request for production on the grounds that it is unreasonably

26  cumulative or duplicative.

27  Plaintiffs further object to this Request to the extent that it calls for a legal conclusion.

28  Subject to and without waiving the Preliminary Statement, General Objections, and specific

1 objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
2 responsive documents that have not been previously produced or filed with the District
3 Court and that can be located through a reasonable search of the documents in their
4 possession, custody, or control.

5

6       379.    Please produce all Documents that refer to or relate to, support or refute the
7 allegation set forth in Paragraph 300 of the Complaint that "[d]espite the voluminous number
8 of complaints and notices from multiple sources, Defendants continued offering services to
9 entities and persons sending illegal robocalls."

10 **RESPONSE:**

11 Plaintiff objects to this request for production to the extent that the Request seeks documents
12 already in the custody or control of the Defendants.

13 Plaintiffs further object to this Request as unduly burdensome and overly broad to the extent
14 that it seeks documents and information equally available to Defendants, including publicly
15 available documents and information, since, under Rule 26(b)(1), such information is
16 obtainable from another source that is more convenient, less burdensome, and/or less
17 expensive.

18 In response to previous requests, Plaintiffs have already produced expert witness
19 disclosures, expert reports and any supporting materials used or referenced by the expert(s).
20 Subject to and without waiving the Preliminary Statement, General Objections, and specific
21 objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
22 responsive documents that have not been previously produced or filed with the District
23 Court and that can be located through a reasonable search of the documents in their
24 possession, custody, or control.

25

26       380.    Please produce all Documents that refer to or relate to, support or refute the
27 allegation set forth in Paragraph 301 of the Complaint that "[i]n several instances, despite
28 being given evidence their clients did not have the legal authority to make or initiate so

many robocalls, Defendants portrayed their clients as having valid consent to send robocalls."

**RESPONSE**:

Plaintiffs object to this request for production on the grounds that it is unreasonably cumulative or duplicative and interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

381.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 302 of the Complaint that "Defendants had ample opportunities to shut off their illegal traffic."

**RESPONSE**:

Plaintiffs object to this request for production on the grounds that it is unreasonably cumulative or duplicative and interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs further object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

1

2       382.   Please produce all Documents that refer to or relate to, support or refute the

3 allegation set forth in Paragraph 303 of the Complaint that, "in most instances, they made

4 the business decision to continue routing illegal robocalls."

5 **RESPONSE:**

6 Plaintiffs object to this request for production on the grounds that it is unreasonably

7 cumulative or duplicative and interposed for an improper purpose, such as to harass or to

8 cause unnecessary delay or needless increase in the cost of the litigation.

9 Plaintiffs further object to this request for production to the extent that the Request seeks

10 documents already in the custody or control of the Defendants.

11 In response to previous requests, Plaintiffs have already produced expert witness

12 disclosures, expert reports and any supporting materials used or referenced by the expert(s).

13 Subject to and without waiving the Preliminary Statement, General Objections, and specific

14 objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

15 responsive documents that have not been previously produced or filed with the District

16 Court and that can be located through a reasonable search of the documents in their

17 possession, custody, or control.

18

19       383.   Please produce all Documents that refer to or relate to, support or refute the

20 allegation set forth in Paragraph 304 of the Complaint "the notices show a pattern of

21 Defendants not taking illegal robocalls seriously."

22 **RESPONSE:**

23 Plaintiffs object to the Request as it requires Plaintiffs to ascertain the meaning of a term,

24 calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for

25 Defendants, or analyze or organize factual evidence for Defendants.

26 Subject to and without waiving the Preliminary Statement, General Objections, and specific

27 objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

28 responsive documents that have not been previously produced or filed with the District

Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

384.     Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 305 of the Complaint that, "[o]n June 9, 2020, the States of Arkansas, Indiana, Michigan, Missouri, North Carolina, North Dakota, Ohio,  and Texas sued John Spiller ("Spiller"), Rising Eagle Capital Group LLC, JSquared Telecom LLC, and other entities in *State of Texas et al. v. Rising Eagle Capital Group LLC et al.,* 4:20-cv-02021 (S.D.T.X 2020).

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive, and/or not proportional to the needs of the litigation.

Additionally, Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

385.     Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 306 of the Complaint that John  Spiller was ever a customer of Avid Telecom.

1  **RESPONSE:**

2  Plaintiffs object to the Request on the grounds that these documents are in Defendants'

3  possession or control, have been requested by Plaintiffs and, to date, Defendants have not

4  produced them.

5  Subject to and without waiving the Preliminary Statement, General Objections, and specific

6  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

7  responsive documents that have not been previously produced or filed with the District

8  Court and that can be located through a reasonable search of the documents in their

9  possession, custody, or control.

10

11      386.    Please produce all Documents that refer to or relate to, support or refute the

12  allegation set forth in Paragraph 307 of the Complaint that Spiller used Avid Telecom to

13  send his own robocalls and the robocalls of his customers.

14  **RESPONSE:**

15  Plaintiffs object to the Request on the grounds that these documents are in Defendants'

16  possession or control, have been requested by Plaintiffs and, to date, Defendants have not

17  produced them.

18  Subject to and without waiving the Preliminary Statement, General Objections, and specific

19  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

20  responsive documents that have not been previously produced or filed with the District

21  Court and that can be located through a reasonable search of the documents in their

22  possession, custody, or control.

23

24      387.    Please produce all Documents that refer to or relate to, support or refute the

25  allegation set forth in Paragraph 308 of the Complaint that, "[a]t some points in time, Spiller

26  was a seller or telemarketer."

27  **RESPONSE:**

28  Plaintiffs object to this request for production on the grounds that it is overbroad, unduly

1    burdensome, duplicative, harassing, oppressive, and/or not proportional to the needs of the

2    litigation.

3    Subject to and without waiving the Preliminary Statement, General Objections, and specific

4    objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

5    responsive documents that have not been previously produced or filed with the District

6    Court and that can be located through a reasonable search of the documents in their

7    possession, custody, or control.

8

9        388.    Please produce all Documents that refer to or relate to, support or refute the

10   allegation set forth in Paragraph 309 of the Complaint that "from May 2019 until March

11   2021, Spiller used Avid Telecom to send over 4 billion calls."

12   **RESPONSE:**

13   Plaintiffs object to the Request on the grounds that these documents are in Defendants'

14   possession or control, have been requested by Plaintiffs and, to date, Defendants have not

15   produced them.

16   In response to previous requests, Plaintiffs have already produced expert witness

17   disclosures, expert reports and any supporting materials used or referenced by the expert(s).

18   Subject to and without waiving the Preliminary Statement, General Objections, and specific

19   objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

20   responsive documents that have not been previously produced or filed with the District

21   Court and that can be located through a reasonable search of the documents in their

22   possession, custody, or control.

23

24       389.    Please produce Documents sufficient to identify which of the 4 billion calls

25   stated in the previous Request were found to be illegal by the FCC or by any other agency

26   with authority.

27   **RESPONSE:**

28   Plaintiffs object to this request for production on the grounds that it is not relevant nor

1    reasonably calculated to lead to the discovery of admissible evidence.

2    Plaintiffs further object to this Request on the grounds that it is argumentative, not

3    proportional to the needs of the litigation, and interposed for an improper purpose, such as

4    to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

5    Finally, Plaintiffs object to this Request to the extent that it seeks documents already in the

6    custody or control of the Defendants.

7    Subject to and without waiving the Preliminary Statement, General Objections, and specific

8    objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

9    responsive documents that have not been previously produced or filed with the District

10   Court and that can be located through a reasonable search of the documents in their

11   possession, custody, or control.

12

13   390.   Please produce Documents sufficient identify each of the "4 billion calls"

14   referred to in Paragraph 309 were transited without the called party's consent.

15   **RESPONSE:**

16   Plaintiffs object to this request for production on the grounds that it is overly broad,

17   voluminous, and burdensome to produce.

18   Plaintiffs further object to this Request to the extent that it seeks documents already in the

19   custody or control of the Defendants.

20   Subject to and without waiving the Preliminary Statement, General Objections, and specific

21   objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

22   responsive documents that have not been previously produced or filed with the District

23   Court and that can be located through a reasonable search of the documents in their

24   possession, custody, or control.

25

26   391.   Please produce Documents sufficient to identify, by CDR, each of the auto

27   warranty robocalls calls referred to in Paragraph 310 of the Complaint, that "Spiller sent to

28   Avid Telecom."

1  **RESPONSE:**

2  Plaintiffs object to this request for production on the grounds that it is overly broad,

3  voluminous, and burdensome to produce.

4  Plaintiffs further object to this Request to the extent that it seeks documents already in the

5  custody or control of the Defendants.

6  In response to previous requests, Plaintiffs have already produced expert witness

7  disclosures, expert reports and any supporting materials used or referenced by the expert(s).

8  Subject to and without waiving the Preliminary Statement, General Objections, and specific

9  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

10  responsive documents that have not been previously produced or filed with the District

11  Court and that can be located through a reasonable search of the documents in their

12  possession, custody, or control.

13

14    392.    Please produce all Documents that refer to or relate to, support or refute the

15  allegation set forth in Paragraph 311 of the Complaint that, "[i]n some instances, the health

16  care robocalls Spiller sent Avid Telecom delivered a pre-recorded message."

17  **RESPONSE:**

18  Plaintiffs object to this Request to the extent that it seeks documents already in the custody

19  or control of the Defendants.

20  In response to previous requests, Plaintiffs have already produced expert witness

21  disclosures, expert reports and any supporting materials used or referenced by the expert(s).

22  Subject to and without waiving the Preliminary Statement, General Objections, and specific

23  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

24  responsive documents that have not been previously produced or filed with the District

25  Court and that can be located through a reasonable search of the documents in their

26  possession, custody, or control.

27

28

393.    Please produce Documents sufficient to identify, by CDR, each of the auto warranty robocalls calls referred to in Paragraph 310 of the Complaint, that "Spiller sent to Avid Telecom" that delivered a pre-recorded message.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overly broad, voluminous, and burdensome to produce.

Plaintiffs further object to this Request to the extent that it seeks documents already in the custody or control of the Defendants.

In response to previous requests, Plaintiffs have already produced expert witness disclosures, expert reports and any supporting materials used or referenced by the expert(s). Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

394.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 312 of the Complaint that "Spiller did not have the call recipient's consent to call them."

**RESPONSE:**

Plaintiffs object to this Request to the extent that it seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

395.    Please produce Documents sufficient identify, by CDR, each of the auto warranty robocalls calls referred to in Paragraph 310 of the Complaint, that "Spiller sent to Avid Telecom" that "Spiller did not have the call recipient's consent to call them."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overly broad, voluminous, and burdensome to produce.

Plaintiffs further object to this Request to the extent that it seeks documents already in the custody or control of the Defendants.

In response to previous requests, Plaintiffs have already produced expert witness disclosures, expert reports and any supporting materials used or referenced by the expert(s). Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

396.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 313 of the Complaint that, "[m]any of Spiller's robocalls and the robocalls of his customers were to telephone numbers on the National DNC Registry and various state Do Not Call Lists."

**RESPONSE:**

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Plaintiffs further object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

–215–

In response to previous requests, Plaintiffs have already produced expert witness disclosures, expert reports and any supporting materials used or referenced by the expert(s). Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

397.    Please produce Documents sufficient to identify, by CDR, each of the calls referred to in Paragraph 313 of the Complaint, that were to telephone numbers on the National DNC Registry and various state Do Not Call Lists."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is overly broad, voluminous, and burdensome to produce.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Plaintiffs object to this Request to the extent that it seeks documents already in the custody or control of the Defendants.

Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

In response to previous requests, Plaintiffs have already produced expert witness disclosures, expert reports and any supporting materials used or referenced by the expert(s). Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

398.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 314 of the Complaint that, "[m]any of Spiller's robocalling customers initiated robocalls to telephone numbers on the National DNC Registry and various state Do Not Call Lists."

**RESPONSE:**

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Plaintiffs object to this Request to the extent that it seeks documents already in the custody or control of the Defendants.

Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

In response to previous requests, Plaintiffs have already produced expert witness disclosures, expert reports and any supporting materials used or referenced by the expert(s). Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

399.    Please produce Documents sufficient to identify, by CDR, each of the calls referred to in Paragraph 314 of the Complaint, that were to telephone numbers on the National DNC Registry and various state Do Not Call Lists."

**RESPONSE:**

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Plaintiffs object to this Request to the extent that it seeks documents already in the custody or control of the Defendants.

Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

In response to previous requests, Plaintiffs have already produced expert witness disclosures, expert reports and any supporting materials used or referenced by the expert(s). Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

400.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 315 of the Complaint that Avid Telecom received payments from Rising Eagle, Great Choice and JSquared of at least $555,000.

**RESPONSE:**

Plaintiffs object to this request for production to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs further object to this Request to the extent that it seeks documents

–218–

1  already in the custody or control of the Defendants.

2  Subject to and without waiving the Preliminary Statement, General Objections, and specific

3  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

4  responsive documents that have not been previously produced or filed with the District

5  Court and that can be located through a reasonable search of the documents in their

6  possession, custody, or control.

7

8       401.   Please produce all Documents that refer to or relate to, support or refute the

9  allegation set forth in Paragraph 316 of the Complaint that 314 of the Complaint that, "Avid

10 Telecom sold Spiller tens of thousands of DIDs."

11 **RESPONSE:**

12 Plaintiffs object to this request for production on the grounds that it is unintelligible.

13 Plaintiffs further object to the Request on the grounds that these documents are in

14 Defendants' possession or control, have been requested by Plaintiffs and, to date,

15 Defendants have not produced them.

16 Subject to and without waiving the Preliminary Statement, General Objections, and specific

17 objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

18 responsive documents that have not been previously produced or filed with the District

19 Court and that can be located through a reasonable search of the documents in their

20 possession, custody, or control.

21

22      402.   Please produce all Documents that refer to or relate to, support or refute the

23 allegation set forth in Paragraph 317 of the Complaint that, "Avid Telecom also purchased

24 DIDs for Rising Eagle Capital Group."

25 **RESPONSE:**

26 Plaintiffs object to the Request on the grounds that these documents are in Defendants'

27 possession or control, have been requested by Plaintiffs and, to date, Defendants have not

28 produced them.

1  Subject to and without waiving the Preliminary Statement, General Objections, and specific

2  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

3  responsive documents that have not been previously produced or filed with the District

4  Court and that can be located through a reasonable search of the documents in their

5  possession, custody, or control.

6

7      403.    Please produce all Documents that refer to or relate to, support or refute the

8  allegation set forth in Paragraph 318 of the Complaint Defendants had direct knowledge that

9  Spiller was sending illegal call traffic to Avid Telecom's network.

10  **RESPONSE:**

11  Plaintiffs object to the Request on the grounds that these documents are in Defendants'

12  possession or control, have been requested by Plaintiffs and, to date, Defendants have not

13  produced them.

14  Subject to and without waiving the Preliminary Statement, General Objections, and specific

15  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

16  responsive documents that have not been previously produced or filed with the District

17  Court and that can be located through a reasonable search of the documents in their

18  possession, custody, or control.

19

20      404.    Please produce all Documents that refer to or relate to, support or refute the

21  allegation set forth in Paragraph 319 of the Complaint that "Defendants have been on notice

22  since on or around January 7, 2020, that Spiller was using their services and/or network to

23  send illegal robocalls."

24  **RESPONSE:**

25  Plaintiffs object to the Request on the grounds that these documents are in Defendants'

26  possession or control, have been requested by Plaintiffs and, to date, Defendants have not

27  produced them.

28

1  Subject to and without waiving the Preliminary Statement, General Objections, and specific

2  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

3  responsive documents that have not been previously produced or filed with the District

4  Court and that can be located through a reasonable search of the documents in their

5  possession, custody, or control.

6

7      405.   Please produce all Documents that refer to or relate to, support or refute the

8  allegation set forth in Paragraph 320 of the Complaint that "Defendants had many

9  opportunities to shut down Spiller's traffic and did not choose to do so. Instead, Defendants

10  accepted hundreds of thousands of dollars from Spiller to further his illegal robocalling

11  schemes."

12  **RESPONSE:**

13  **P**laintiffs object to the Request on the grounds that these documents are in Defendants'

14  possession or control, have been requested by Plaintiffs and, to date, Defendants have not

15  produced them.

16  Subject to and without waiving the Preliminary Statement, General Objections, and specific

17  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

18  responsive documents that have not been previously produced or filed with the District

19  Court and that can be located through a reasonable search of the documents in their

20  possession, custody, or control.

21

22      406.   Please produce all Documents that refer to or relate to, support or refute the

23  allegation set forth in Paragraph 321 of the Complaint that Defendants knew Spiller was

24  using Avid Telecom to route illegal robocalls.

25  **RESPONSE:**

26  **P**laintiffs object to the Request on the grounds that these documents are in Defendants'

27  possession or control, have been requested by Plaintiffs and, to date, Defendants have not

28  produced them.

1  Subject to and without waiving the Preliminary Statement, General Objections, and specific
2  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
3  responsive documents that have not been previously produced or filed with the District
4  Court and that can be located through a reasonable search of the documents in their
5  possession, custody, or control.

6

7       407.   Please produce all Documents that refer to or relate to, support or refute the
8  allegation set forth in Paragraph 322 of the Complaint that Defendants provided "substantial
9  assistance" to Spiller in this process.

10  **RESPONSE:**

11  Plaintiffs object to the Request on the grounds that these documents are in Defendants'
12  possession or control, have been requested by Plaintiffs and, to date, Defendants have not
13  produced them.

14  Subject to and without waiving the Preliminary Statement, General Objections, and specific
15  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
16  responsive documents that have not been previously produced or filed with the District
17  Court and that can be located through a reasonable search of the documents in their
18  possession, custody, or control.

19

20       408.   Please produce all Documents that refer to or relate to, support or refute the
21  allegation set forth in Paragraph 323 that, "[o]n or around January 7, 2020, Avid Telecom
22  received its first Traceback related to JSquared for auto warranty robocalls."

23  **RESPONSE:**

24  Plaintiffs object to this request to the extent that it misquotes the Plaintiffs' Complaint.
25  Plaintiffs further object to the Request on the grounds that these documents are in
26  Defendants' possession or control, have been requested by Plaintiffs and, to date,
27  Defendants have not produced them.

28

In response to previous requests, Plaintiffs have already produced expert witness disclosures, expert reports and any supporting materials used or referenced by the expert(s). Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

409.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 324 that, "[o]n or around February 17, 2020, Avid received its first Traceback related to JSquared for auto warranty robocalls."

**RESPONSE:**

Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

In response to previous requests, Plaintiffs have already produced expert witness disclosures, expert reports and any supporting materials used or referenced by the expert(s). Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

410.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 325 that, "[o]n or around June 19, 2020, Avid received its last Traceback related to JSquared."

**RESPONSE:**

Plaintiffs object to the Request on the grounds that these documents are in Defendants'

possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

In response to previous requests, Plaintiffs have already produced expert witness disclosures, expert reports and any supporting materials used or referenced by the expert(s). Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

411.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 326 that, "on or around August 24, 2020, Avid received its first Traceback related to Great Choice Telecom, another entity owned by Spiller. The Traceback was related to autowarranty robocalls."

**RESPONSE:**

Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

In response to previous requests, Plaintiffs have already produced expert witness disclosures, expert reports and any supporting materials used or referenced by the expert(s). Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

–224–

412.   Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 327 of the Complaint that, "Avid Telecom continued to receive Tracebacks related to Great Choice Telecom until on or around December 17, 2021."

**RESPONSE:**

Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

In response to previous requests, Plaintiffs have already produced expert witness disclosures, expert reports and any supporting materials used or referenced by the expert(s). Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

413.   Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 328 of the Complaint that, "Avid Telecom received 19 Tracebacks for JSquared Telecom's traffic."

**RESPONSE:**

Plaintiffs object to this Request on the grounds that it is not material to the resolution of the issues, to the extent that Defendants' Amended Answer admitted the referenced facts.

Plaintiffs further object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their

1 | possession, custody, or control.

2

3 | 414. Please produce all Documents that refer to or relate to, support or refute the

4 | allegation set forth in Paragraph 329 of the Complaint that, "Avid Telecom received 22

5 | Tracebacks for Great Choice Telecom's traffic."

6 | **RESPONSE:**

7 | Plaintiffs object to this Request on the grounds that it is not material to the resolution of the

8 | issues, to the extent that Defendants' Amended Answer admitted the referenced facts.

9 | Plaintiffs further object to this request for production to the extent that the Request seeks

10 | documents already in the custody or control of the Defendants.

11 | Subject to and without waiving the Preliminary Statement, General Objections, and specific

12 | objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

13 | responsive documents that have not been previously produced or filed with the District

14 | Court and that can be located through a reasonable search of the documents in their

15 | possession, custody, or control.

16

17 | 415. Please produce all Documents that refer to or relate to, support or refute the

18 | allegation set forth in Paragraph 330 of the Complaint that, "Avid Telecom received 41

19 | Tracebacks regarding suspected or known illegal traffic sent to its network by a Spiller-

20 | owned entity."

21 | **RESPONSE:**

22 | Plaintiffs object to this request for production to the extent that the Request seeks documents

23 | already in the custody or control of the Defendants.

24 | Plaintiffs further object to this Request to the extent that it requires the Plaintiffs to analyze

25 | or organize factual evidence for the Defendants.

26 | Subject to and without waiving the Preliminary Statement, General Objections, and specific

27 | objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

28 | responsive documents that have not been previously produced or filed with the District

1  Court and that can be located through a reasonable search of the documents in their
2  possession, custody, or control.

3

4      416.   Please produce all Documents that refer to or relate to, support or refute the
5  allegation set forth in Paragraph 331 that Defendants were "on notice from the Tracebacks
6  that Spiller was using Avid Telecom to route illegal robocall traffic."
7  **RESPONSE:**
8  Plaintiffs object to this request for production to the extent that the Request seeks documents
9  already in the custody or control of the Defendants.
10  Plaintiffs further object to this Request as it calls for legal conclusions.
11  Subject to and without waiving the Preliminary Statement, General Objections, and specific
12  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
13  responsive documents that have not been previously produced or filed with the District
14  Court and that can be located through a reasonable search of the documents in their
15  possession, custody, or control.

16

17     417.   Please produce all Documents that refer to or relate to, support or refute the
18  allegation set forth in Paragraph 332 that "Lansky and Reeves took steps to hide Great
19  Choice Telecom's true ownership from ITG and other entities."
20  **RESPONSE:**
21  Plaintiffs object to the Request on the grounds that these documents are in Defendants'
22  possession or control, have been requested by Plaintiffs and, to date, Defendants have not
23  produced them.
24  Plaintiffs further object to this Request as unduly burdensome and overly broad to the extent
25  that it seeks documents and information equally available to Defendants, including publicly
26  available documents and information, since, under Rule 26(b)(1), such information is
27  obtainable from another source that is more convenient, less burdensome, and/or less
28  expensive.

1   Subject to and without waiving the Preliminary Statement, General Objections, and specific
2   objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
3   responsive documents that have not been previously produced or filed with the District
4   Court and that can be located through a reasonable search of the documents in their
5   possession, custody, or control.

6

7        418.    Please produce all Documents that refer to or relate to, support or refute the
8   allegation set forth in Paragraph 333 that they knew  that  " Spiller's traffic was  illegal and that
9   he was sending calls to phone numbers on the National DNC Registry and various state Do
10  Not Call Lists" and that "Lansky and Reeves continued working with Spiller."
11  **RESPONSE:**
12  Plaintiffs object to the Request on the grounds that these documents are in Defendants'
13  possession or control, have been requested by Plaintiffs and, to date, Defendants have not
14  produced them.
15  Plaintiffs further object to this Request as unduly burdensome and overly broad to the extent
16  that it seeks documents and information equally available to Defendants, including publicly
17  available  documents  and  information,  since,  under  Rule  26(b)(1),  such  information  is
18  obtainable  from  another  source  that  is  more  convenient,  less  burdensome,  and/or  less
19  expensive.
20  Subject to and without waiving the Preliminary Statement, General Objections, and specific
21  objections,  the  Plaintiffs  will  produce  non-privileged,  non-duplicative,  and  relevant
22  responsive documents that have not been previously produced or filed with the District
23  Court  and  that  can  be  located  through  a  reasonable  search  of  the  documents  in  their
24  possession, custody, or control.

25

26        419.    Please produce all Documents that refer to or relate to, support or refute the
27  allegation set forth in Paragraph 334 of the Complaint that "Spiller regularly communicated
28  with Lansky and Reeves via Skype."

1  **RESPONSE:**

2  Plaintiffs object to the Request on the grounds that these documents are in Defendants'

3  possession or control, have been requested by Plaintiffs and, to date, Defendants have not

4  produced them.

5  Subject to and without waiving the Preliminary Statement, General Objections, and specific

6  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

7  responsive documents that have not been previously produced or filed with the District

8  Court and that can be located through a reasonable search of the documents in their

9  possession, custody, or control.

10

11      420.    Please produce all Documents that refer to or relate to, support or refute the

12  allegation set forth in Paragraph 335 that, "[o]n June 10, 2020, Lansky and Spiller

13  discussed the States' lawsuit and the FCC action and the impact it would have on Lansky

14  and Spiller's relationship."

15  **RESPONSE:**

16  Plaintiffs object to the Request on the grounds that these documents are in Defendants'

17  possession or control, have been requested by Plaintiffs and, to date, Defendants have not

18  produced them.

19  Subject to and without waiving the Preliminary Statement, General Objections, and specific

20  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

21  responsive documents that have not been previously produced or filed with the District

22  Court and that can be located through a reasonable search of the documents in their

23  possession, custody, or control.

24

25      421.    Please produce all Documents that refer to or relate to, support or refute the

26  allegation set forth in Paragraph 336 of the Complaint that, "[o]n June 17, 2020, Lansky

27  confirmed he knew Spiller was sending Avid Telecom health care and auto warranty

28  robocall traffic."

**RESPONSE:**

Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

422.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 337 that, "[o]n June 19, 2020, Spiller and Lansky discussed the creation of Great Choice Telecom. Spiller was going to use Great Choice Telecom "to run my traffic if the FCC shuts off my business." Spiller notified Lansky that Spiller would be the CEO of Great Choice but that the paperwork would be in someone else's name. Lansky responded: "let me know when you are ready to transit (sic) over to the new company."

**RESPONSE:**

Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Plaintiffs further object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District

–230–

1  Court and that can be located through a reasonable search of the documents in their

2  possession, custody, or control.

3

4      423.    Please produce all Documents that refer to or relate to, support or refute the

5  allegation set forth in Paragraph 338 of the Complaint that "Lansky agreed to help Spiller

6  switch his traffic to a new company thus avoiding being shut down by the FCC."

7  **RESPONSE:**

8  Plaintiffs object to the Request on the grounds that these documents are in Defendants'

9  possession or control, have been requested by Plaintiffs and, to date, Defendants have not

10  produced them.

11  Subject to and without waiving the Preliminary Statement, General Objections, and specific

12  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

13  responsive documents that have not been previously produced or filed with the District

14  Court and that can be located through a reasonable search of the documents in their

15  possession, custody, or control.

16

17      424.    Please produce all Documents that refer to or relate to, support or refute the

18  allegation set forth in Paragraph 339 of the Complaint that, "[o]n June 25, 2020, Lansky

19  followed up with Spiller about when Spiller was going to switch the traffic to Great Choice."

20  **RESPONSE:**

21  Plaintiffs object to the Request on the grounds that these documents are in Defendants'

22  possession or control, have been requested by Plaintiffs and, to date, Defendants have not

23  produced them.

24  Subject to and without waiving the Preliminary Statement, General Objections, and specific

25  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

26  responsive documents that have not been previously produced or filed with the District

27  Court and that can be located through a reasonable search of the documents in their

28  possession, custody, or control.

1    425.    Please produce all Documents that refer to or relate to, support or refute the

2    allegation set forth in Paragraph 340 of the Complaint that, "[s]ometime between June 25,

3    2020, and August 26, 2020, Lansky, Reeves, and/or Avid Telecom switched Spiller's

4    JSquared Telecom account to Great Choice Telecom and replaced Spiller's information

5    with that of Mikel Quinn."

6    **RESPONSE:**

7    Plaintiffs object to the Request on the grounds that these documents are in Defendants'

8    possession or control, have been requested by Plaintiffs and, to date, Defendants have not

9    produced them.

10    Subject to and without waiving the Preliminary Statement, General Objections, and specific

11    objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

12    responsive documents that have not been previously produced or filed with the District

13    Court and that can be located through a reasonable search of the documents in their

14    possession, custody, or control.

15

16    426.    Please produce all Documents that refer to or relate to, support or refute the

17    allegation set forth in Paragraph 341 of the Complaint that, "[o]n August 26, 2020, in

18    responding to  Great  Choice  Telecom's  first Traceback, Avid Telecom responded to the

19    ITG with Mikel Quinn's information, and not Spiller's."

20    **RESPONSE:**

21    Plaintiffs object to the Request on the grounds that these documents are in Defendants'

22    possession or control, have been requested by Plaintiffs and, to date, Defendants have not

23    produced them.

24    Subject to and without waiving the Preliminary Statement, General Objections, and specific

25    objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

26    responsive documents that have not been previously produced or filed with the District

27    Court and that can be located through a reasonable search of the documents in their

28    possession, custody, or control.

–232–

1

2    427.    Please produce all Documents that refer to or relate to, support or refute the

3  allegation set forth in Paragraph 342 of the Complaint that, "[o]n September 30, 2020,

4  Lansky agreed to be a credit reference for Spiller and Great Choice for Peerless Network,

5  under Spiller's alias Mikel Quinn. Lansky wrote: "no worries. I will give you a good

6  reference."

7  **RESPONSE:**

8  Plaintiffs object to this Request on the grounds that it is not material to the resolution of the

9  issues, to the extent that Defendants' Amended Answer admitted the referenced facts.

10  Plaintiffs further object to this Request on the grounds that it is unreasonably cumulative or

11  duplicative. Finally, Plaintiffs object to this Request on the grounds that these documents

12  are in Defendants' possession or control, have been requested by Plaintiffs and, to date,

13  Defendants have not produced them.

14  Subject to and without waiving the Preliminary Statement, General Objections, and specific

15  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

16  responsive documents that have not been previously produced or filed with the District

17  Court and that can be located through a reasonable search of the documents in their

18  possession, custody, or control.

19

20    428.    Please produce all Documents that refer to or relate to, support or refute the

21  allegation set forth in Paragraph 343 of the Complaint that, "Through 2020 and 2021, Avid

22  Telecom and Great Choice received Tracebacks regarding Great Choice's illegalrobocall

23  traffic."

24  **RESPONSE:**

25  Plaintiffs object to this request for production to the extent that the Request seeks documents

26  already in the custody or control of Defendants.

27  Plaintiffs further object to this Request as unduly burdensome and overly broad to the extent

28  that it seeks documents and information equally available to Defendants, including publicly

–233–

available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

In response to previous requests, Plaintiffs have already produced expert witness disclosures, expert reports and any supporting materials used or referenced by the expert(s). Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

429.    Please produce all documents that refer to or relate to, support or refute the allegation set forth in Paragraph 344 of the Complaint that, "[o]n June 29, 2021, Reeves wrote to ITG in response to another Great Choice Traceback:  "We are closing the customer route."

**RESPONSE:**

Plaintiffs object to this request for production to the extent that it mischaracterizes and misquotes the Plaintiffs' Complaint.

Plaintiffs further object to this Request on the grounds that it is not material to the resolution of the issues, to the extent that Defendants' Amended Answer admitted the referenced facts. Plaintiffs object to this Request on the grounds that it is unreasonably cumulative or duplicative.

Finally, Plaintiffs object to this Request to the extent that the Request seeks documents already in the possession or control of Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their

1  possession, custody, or control.

2

3      430.    Please produce all Documents that refer to or relate to, support or refute the

4  allegation set forth in Paragraph 345 of the Complaint that, "[o]n June 29, 2021, Reeves

5  wrote to ITG in response to another Great Choice Traceback: "We have blocked the

6  customer until the issue can be investigated."

7  **RESPONSE:**

8  Plaintiffs object to this Request on the grounds that it is not material to the resolution of the

9  issues, to the extent that Defendants' Amended Answer admitted the referenced facts.

10  Plaintiffs further object to this Request on the grounds that it is unreasonably cumulative or

11  duplicative.

12  Finally, Plaintiffs object to this Request to the extent that the Request seeks documents

13  already in the possession or control of Defendants.

14  Subject to and without waiving the Preliminary Statement, General Objections, and specific

15  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

16  responsive documents that have not been previously produced or filed with the District

17  Court and that can be located through a reasonable search of the documents in their

18  possession, custody, or control.

19

20      431.    Please produce all Documents that refer to or relate to, support or refute the

21  allegation set forth in Paragraph 346 of the Complaint that, "[o]n August 26, 2021, Avid

22  Telecom wrote to ITG in response to another Great Choice Traceback: "We  are informing

23  the customer and blocking the customer pending further investigation (sic)," and "The

24  customer had previously been permanently blocked." *Id.*

25  **RESPONSE:**

26  Plaintiffs object to this Request on the grounds that it is not material to the resolution of the

27  issues, to the extent that Defendants' Amended Answer admitted the referenced facts.

28  Plaintiffs further object to this Request on the grounds that it is unreasonably cumulative or

–235–

1  duplicative.

2  Finally, Plaintiffs object to this Request to the extent that the Request seeks documents

3  already in the possession or control of Defendants.

4   Subject to and without waiving the Preliminary Statement, General Objections, and specific

5  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

6  responsive documents that have not been previously produced or filed with the District

7  Court and that can be located through a reasonable search of the documents in their

8  possession, custody, or control.

9

10      432.    Please produce all Documents that refer to or relate to, support or refute the

11  allegation set forth in Paragraph 347 of the Complaint that, "[f]rom August 26, 2021, to

12  August 27, 2021, Lansky and  Spiller  discussed Avid Telecom shutting off Spiller's traffic and

13  that "Lansky agreed to turn Spiller's traffic back on."

14  **RESPONSE**:

15  Plaintiffs object to this Request on the grounds that it is not material to the resolution of the

16  issues, to the extent that Defendants' Amended Answer admitted the referenced facts.

17  Plaintiffs further object to this Request on the grounds that it is unreasonably cumulative or

18  duplicative.

19  Finally, Plaintiffs object to this Request to the extent that the Request seeks documents

20  already in the possession or control of Defendants.

21  Subject to and without waiving the Preliminary Statement, General Objections, and specific

22  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

23  responsive documents that have not been previously produced or filed with the District

24  Court and that can be located through a reasonable search of the documents in their

25  possession, custody, or control.

26

27

28

433.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 348 of the Complaint that, "[o]n September 2, 2021, Lansky notified Spiller to "be careful on your traffic" and that there was "very little room for error right now."

**RESPONSE:**

Plaintiffs object to this Request on the grounds that it is not material to the resolution of the issues, to the extent that Defendants' Amended Answer admitted the referenced facts.

Plaintiffs further object to this Request on the grounds that it is unreasonably cumulative or duplicative.

Finally, Plaintiffs object to this Request to the extent that the Request seeks documents already in the possession or control of Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

434.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 349 of the Complaint that, "[o]n October 14, 2021, Lansky agreed to be a reference for a business loan for which Spiller was applying."

**RESPONSE:**

Plaintiffs object to this Request to the extent that the Request seeks documents already in the possession or control of Defendants.

Plaintiffs object to this Request on the grounds that it is not material to the resolution of the issues, to the extent that Defendants' Amended Answer admitted the referenced facts.

Plaintiffs further object to this Request on the grounds that it is unreasonably cumulative or duplicative.

1    Subject to and without waiving the Preliminary Statement, General Objections, and specific

2    objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

3    responsive documents that have not been previously produced or filed with the District

4    Court and that can be located through a reasonable search of the documents in their

5    possession, custody, or control.

6

7        435.    Please produce all Documents that refer to or relate to, support or refute the

8    allegation set forth in Paragraph 350 of the Complaint that, "[o]n October 27, 2021, Reeves

9    wrote to ITG in response to another Great Choice Traceback: "The customer was

10   disconnected this morning based on previous traceback received this morning."

11   **RESPONSE:**

12   Plaintiffs object to this Request on the grounds that it is not material to the resolution of the

13   issues, to the extent that Defendants' Amended Answer admitted the referenced facts.

14   Plaintiffs further object to this Request on the grounds that it is unreasonably cumulative or

15   duplicative.

16   Finally, Plaintiffs object to this Request to the extent that the Request seeks documents

17   already in the possession or control of Defendants.

18   Subject to and without waiving the Preliminary Statement, General Objections, and specific

19   objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

20   responsive documents that have not been previously produced or filed with the District

21   Court and that can be located through a reasonable search of the documents in their

22   possession, custody, or control.

23

24        436.    Please produce all Documents that refer to or relate to, support or refute the

25   allegation set forth in Paragraph 351 of the Complaint that, "[o]n October 27, 2021, Lansky

26   notified Spiller of "two USTA tickets with horrible calls that you have not answered."

27   According to Lansky, these were "pure fraud" calls, and that they would have to block

28   Spiller's traffic."

–238–

1  **RESPONSE:**

2  Plaintiffs object to this Request on the grounds that it is not material to the resolution of the

3  issues, to the extent that Defendants' Amended Answer admitted the referenced facts.

4  Plaintiffs further object to this Request on the grounds that it is unreasonably cumulative or

5  duplicative.

6  Finally, Plaintiffs object to this Request to the extent that the Request seeks documents

7  already in the possession or control of Defendants.

8  Subject to and without waiving the Preliminary Statement, General Objections, and specific

9  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

10 responsive documents that have not been previously produced or filed with the District

11 Court and that can be located through a reasonable search of the documents in their

12 possession, custody, or control.

13

14     437.    Please produce all Documents that refer to or relate to, support or refute the

15 allegation set forth in Paragraph 352 of the Complaint that "Spiller went on to ask if he

16 could earn Avid Telecom back as a vendor."

17 **RESPONSE:**

18 Plaintiffs object to this Request on the grounds that it is not material to the resolution of the

19 issues, to the extent that Defendants' Amended Answer admitted the referenced facts.

20 Plaintiffs further object to this Request on the grounds that it is unreasonably cumulative or

21 duplicative.

22 Finally, Plaintiffs object to this Request to the extent that the Request seeks documents

23 already in the possession or control of Defendants.

24 Subject to and without waiving the Preliminary Statement, General Objections, and specific

25 objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

26 responsive documents that have not been previously produced or filed with the District

27 Court and that can be located through a reasonable search of the documents in their

28 possession, custody, or control.

1

2        438.    Please produce all Documents that refer to or relate to, support or refute the

3    allegation that the actions set forth in Paragraph 353 of the Complaint occurred.

4    **RESPONSE:**

5    Plaintiffs object to this Request on the grounds that it is not material to the resolution of the

6    issues, to the extent that Defendants' Amended Answer admitted the referenced facts.

7    Plaintiffs further object to this Request on the grounds that it is unreasonably cumulative or

8    duplicative.

9    Finally, Plaintiffs object to this Request to the extent that the Request seeks documents

10   already in the possession or control of Defendants.

11   Subject to and without waiving the Preliminary Statement, General Objections, and specific

12   objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

13   responsive documents that have not been previously produced or filed with the District

14   Court and that can be located through a reasonable search of the documents in their

15   possession, custody, or control.

16

17       439.    Please produce all Documents that refer to or relate to, support or refute the

18   allegation set forth in Paragraph 354 of the Complaint that, "Avid Telecom continued

19   routing Spiller's call traffic after October 27, 2021."

20   **RESPONSE:**

21   Plaintiffs object to this Request on the grounds that it is not material to the resolution of the

22   issues, to the extent that Defendants' Amended Answer admitted the referenced facts.

23   Plaintiffs further object to this Request on the grounds that it is unreasonably cumulative or

24   duplicative.

25   Finally, Plaintiffs object to this Request to the extent that the Request seeks documents

26   already in the possession or control of Defendants.

27   Subject to and without waiving the Preliminary Statement, General Objections, and specific

28   objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

1  responsive documents that have not been previously produced or filed with the District

2  Court and that can be located through a reasonable search of the documents in their

3  possession, custody, or control.

4

5      440.   Please produce all Documents that refer to or relate to, support or refute the

6  allegation set forth in Paragraph 355 of the Complaint that "[o]n December 20, 2021,

7  Reeves wrote to the ITG in response to another Great Choice Traceback: "Customer route

8  has been permanently closed."

9  **RESPONSE:**

10  Plaintiffs object to this Request on the grounds that it is not material to the resolution of the

11  issues, to the extent that Defendants' Amended Answer admitted the referenced facts.

12  Plaintiffs further object to this Request on the grounds that it is unreasonably cumulative or

13  duplicative.

14  Finally, Plaintiffs object to this Request to the extent that the Request seeks documents

15  already in the possession or control of Defendants.

16  Plaintiffs object to this request for production on the grounds that it is interposed for an

17  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

18  the cost of the litigation. Subject to and without waiving the Preliminary Statement, General

19  Objections, and specific objections, the Plaintiffs will produce non-privileged, non-

20  duplicative, and relevant responsive documents that have not been previously produced or

21  filed with the District Court and that can be located through a reasonable search of the

22  documents in their possession, custody, or control.

23

24      441.   Please produce all documents that refer to or relate to, support or refute the

25  allegation set forth in Paragraph 356 of the Complaint that, "while Spiller was a customer,

26  Avid Telecom emailed Spiller about illegal or suspect calls Spiller sent to Avid Telecom's

27  network."

28

1  **RESPONSE:**

2  Plaintiffs object to this request for production to the extent that the Request seeks documents

3  already in the custody or control of Defendants.

4  Plaintiffs object to this request for production on the grounds that it is interposed for an

5  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

6  the cost of the litigation.

7  Subject to and without waiving the Preliminary Statement, General Objections, and specific

8  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

9  responsive documents that have not been previously produced or filed with the District

10  Court and that can be located through a reasonable search of the documents in their

11  possession, custody, or control.

12

13      442.    Please produce all documents that refer to or relate to, support or refute the

14  allegation set forth in Paragraph 357 of the Complaint that "[o]n September 23, 2019, Avid

15  Telecom emailed Spiller regarding a person's complaint:  "I receive an insane amount of

16  unsolicited phones calls from telemarketers despite being listed on the national do not call

17  list"

18  **RESPONSE:**

19  Plaintiffs object to this Request on the grounds that it is not material to the resolution of the

20  issues, to the extent that Defendants' Amended Answer admitted the referenced facts.

21  Plaintiffs further object to this Request on the grounds that it is unreasonably cumulative or

22  duplicative.

23  Finally, Plaintiffs object to this Request to the extent that the Request seeks documents

24  already in the possession or control of Defendants.

25  Plaintiffs object to this request for production on the grounds that it is interposed for an

26  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

27  the cost of the litigation.

28   Subject to and without waiving the Preliminary Statement, General Objections, and specific

–242–

objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

443.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 358 of the Complaint that "[o]n November 4, 2019, Avid Telecom emailed Spiller another complaint. "Stop all calls from Whitestone Health . . . to my phone number immediately. [Phone number] is on the DO NOT CALL REGISTRY."

**RESPONSE:**

Plaintiffs object to this Request on the grounds that it is not material to the resolution of the issues, to the extent that Defendants' Amended Answer admitted the referenced facts.

Plaintiffs further object to this Request on the grounds that it is unreasonably cumulative or duplicative.

Finally, Plaintiffs object to this Request to the extent that the Request seeks documents already in the possession or control of Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

444.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 359 that, "[t]hese calls to phone numbers on the National DNC Registry are clear violations of the TSR prohibition of unsolicited and non-consensual telemarketing calls to phone numbers on the National DNC Registry."

1  **RESPONSE:**

2  Plaintiffs object to this request for production on the grounds that it calls for a legal

3  conclusion and requires the responding Plaintiffs to marshal all of their available proof or

4  the proof they intend to offer at trial.

5  Plaintiffs further object to this Request as unduly burdensome and overly broad to the extent

6  that it seeks documents and information equally available to Defendants, including publicly

7  available documents and information, since, under Rule 26(b)(1), such information is

8  obtainable from another source that is more convenient, less burdensome, and/or less

9  expensive.

10  Finally, Plaintiffs object to this request for production to the extent that the Request seeks

11  documents already in the custody or control of the Defendants.

12  Subject to and without waiving the Preliminary Statement, General Objections, and specific

13  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

14  responsive documents that have not been previously produced or filed with the District

15  Court and that can be located through a reasonable search of the documents in their

16  possession, custody, or control.

17

18      445.    Please produce all Documents that refer to or relate to, support or refute the

19  allegation set forth in Paragraph 360 of the Complaint that "[o]n February 17, 2020, Avid

20  Telecom emailed Spiller regarding "Fraudulent IRS calls."

21  **RESPONSE:**

22  Plaintiffs object to this Request on the grounds that it is not material to the resolution of the

23  issues, to the extent that Defendants' Amended Answer admitted the referenced facts.

24  Plaintiffs further object to this Request on the grounds that it is unreasonably cumulative or

25  duplicative.

26  Finally, Plaintiffs object to this Request to the extent that the Request seeks documents

27  already in the possession or control of Defendants.

28  Subject to and without waiving the Preliminary Statement, General Objections, and specific

1    objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
2    responsive documents that have not been previously produced or filed with the District
3    Court and that can be located through a reasonable search of the documents in their
4    possession, custody, or control.

5

6        446.    Please produce all Documents that refer to or relate to, support or refute the
7    allegation set forth in Paragraph 361 of the Complaint that "[o]n February 21, 2020, Avid
8    Telecom emailed Spiller regarding more scam complaints."

9    **RESPONSE:**

10   Plaintiffs object to this request for production to the extent that it misquotes the Plaintiffs'
11   Complaint.

12   Plaintiffs further object to this Request on the grounds that it is not material to the resolution
13   of the issues, to the extent that Defendants' Amended Answer admitted the referenced facts.
14   Plaintiffs object to this Request on the grounds that it is unreasonably cumulative or
15   duplicative.

16   Finally, Plaintiffs object to this Request to the extent that the Request seeks documents
17   already in the possession or control of Defendants.

18   Subject to and without waiving the Preliminary Statement, General Objections, and specific
19   objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
20   responsive documents that have not been previously produced or filed with the District
21   Court and that can be located through a reasonable search of the documents in their
22   possession, custody, or control.

23

24       447.    Please produce all Documents that refer to or relate to, support or refute the
25   allegation set forth in Paragraph 362 of the Complaint that "[o]n March 4, 2020, Avid
26   Telecom emailed Spiller regarding a "Medical Insurance Scam."

27

28

1  **RESPONSE**:

2  Plaintiffs object to this Request on the grounds that it is not material to the resolution of the

3  issues, to the extent that Defendants' Amended Answer admitted the referenced facts.

4  Plaintiffs further object to this Request on the grounds that it is unreasonably cumulative or

5  duplicative.

6  Finally, Plaintiffs object to this Request to the extent that the Request seeks documents

7  already in the possession or control of Defendants.

8  Subject to and without waiving the Preliminary Statement, General Objections, and specific

9  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

10  responsive documents that have not been previously produced or filed with the District

11  Court and that can be located through a reasonable search of the documents in their

12  possession, custody, or control.

13

14    448.    Please produce all Documents that refer to or relate to, support or refute the

15  allegation set forth in Paragraph 363 of the Complaint that "[o]n March 16, 2020, Avid

16  Telecom emailed Spiller regarding a call to a person on the "Do Not Call registry."

17  **RESPONSE**:

18  Plaintiffs object to this Request on the grounds that it is not material to the resolution of the

19  issues, to the extent that Defendants' Amended Answer admitted the referenced facts.

20  Plaintiffs further object to this Request on the grounds that it is unreasonably cumulative or

21  duplicative.

22  Finally, Plaintiffs object to this Request to the extent that the Request seeks documents

23  already in the possession or control of Defendants.

24  Subject to and without waiving the Preliminary Statement, General Objections, and specific

25  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

26  responsive documents that have not been previously produced or filed with the District

27  Court and that can be located through a reasonable search of the documents in their

28  possession, custody, or control.

–246–

1

2        449.   Please produce all Documents that refer to or relate to, support or refute the

3 allegation set forth in Paragraph 364 of the Complaint that "[o]n April 3, 2020, Avid

4 Telecom emailed Spiller: "Please remove [telephone number] from your calling lists as soon

5 as possible."

6 **RESPONSE:**

7 Plaintiffs object to this Request on the grounds that it is not material to the resolution of the

8 issues, to the extent that Defendants' Amended Answer admitted the referenced facts.

9 Plaintiffs further object to this Request on the grounds that it is unreasonably cumulative or

10 duplicative.

11 Finally, Plaintiffs object to this Request to the extent that the Request seeks documents

12 already in the possession or control of Defendants.

13 Subject to and without waiving the Preliminary Statement, General Objections, and specific

14 objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

15 responsive documents that have not been previously produced or filed with the District

16 Court and that can be located through a reasonable search of the documents in their

17 possession, custody, or control.

18

19        450.   Please produce all Documents that refer to or relate to, support or refute the

20 allegation set forth in Paragraph 365 of the Complaint that "[o]n April 3, 2020, Lansky

21 emailed Spiller: "This number happens to belong to a senior exc of one of the largest mobile

22 providers in the country. they call the President of our ULC who called me. so please remove

23 from your lists. (sic)"

24 **RESPONSE:**

25 Plaintiffs object to this Request on the grounds that it is not material to the resolution of the

26 issues, to the extent that Defendants' Amended Answer admitted the referenced facts.

27 Plaintiffs further object to this Request on the grounds that it is unreasonably cumulative or

28 duplicative.

1  Finally, Plaintiffs object to this Request to the extent that the Request seeks documents
2  already in the possession or control of Defendants.

3  Subject to and without waiving the Preliminary Statement, General Objections, and specific
4  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
5  responsive documents that have not been previously produced or filed with the District
6  Court and that can be located through a reasonable search of the documents in their
7  possession, custody, or control.

8

9      451.    Please produce all Documents that refer to or relate to, support or refute the
10  allegation set forth in Paragraph 366 of the Complaint that "[o]n April 8, 2020, Avid
11  Telecom emailed Spiller regarding robocalls to a number on the National DNC Registry."

12  **RESPONSE:**

13  Plaintiffs object to this Request on the grounds that it is not material to the resolution of the
14  issues, to the extent that Defendants' Amended Answer admitted the referenced facts.

15  Plaintiffs further object to this Request on the grounds that it is unreasonably cumulative or
16  duplicative.

17  Finally, Plaintiffs object to this Request to the extent that the Request seeks documents
18  already in the possession or control of Defendants.

19  Subject to and without waiving the Preliminary Statement, General Objections, and specific
20  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
21  responsive documents that have not been previously produced or filed with the District
22  Court and that can be located through a reasonable search of the documents in their
23  possession, custody, or control.

24

25      452.    Please produce all Documents that refer to or relate to, support or refute the
26  allegation set forth in Paragraph 367 of the Complaint that "[o]n April 20, 2020, Avid
27  Telecom emailed Spiller regarding spoofed robocalls."

28

–248–

1 **RESPONSE**:

2 Plaintiffs object to this Request on the grounds that it is not material to the resolution of the

3 issues, to the extent that Defendants' Amended Answer admitted the referenced facts.

4 Plaintiffs further object to this Request on the grounds that it is unreasonably cumulative or

5 duplicative.

6 Finally, Plaintiffs object to this Request to the extent that the Request seeks documents

7 already in the possession or control of Defendants.

8 Subject to and without waiving the Preliminary Statement, General Objections, and specific

9 objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

10 responsive documents that have not been previously produced or filed with the District

11 Court and that can be located through a reasonable search of the documents in their

12 possession, custody, or control.

13

14      453.   Please produce all Documents that refer to or relate to, support or refute the

15 allegation set forth in Paragraph 368 of the Complaint that "[o]n June 15, 2020, Avid

16 Telecom emailed Spiller regarding unsolicited call to a phone number on the National DNC

17 Registry."

18 **RESPONSE**:

19 Plaintiffs object to this Request on the grounds that it is not material to the resolution of the

20 issues, to the extent that Defendants' Amended Answer admitted the referenced facts.

21 Plaintiffs further object to this Request on the grounds that it is unreasonably cumulative or

22 duplicative.

23 Finally, Plaintiffs object to this Request to the extent that the Request seeks documents

24 already in the possession or control of Defendants.

25 Subject to and without waiving the Preliminary Statement, General Objections, and specific

26 objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

27 responsive documents that have not been previously produced or filed with the District

28 Court and that can be located through a reasonable search of the documents in their

1  possession, custody, or control.

2

3       454.    Please produce all Documents that refer to or relate to, support or refute the

4  allegation set forth in Paragraph 369 of the Complaint that "[o]n June 26, 2020, Avid

5  Telecom emailed Spiller regarding auto warranty robocalls."

6  **RESPONSE:**

7  Plaintiffs object to this request for production on the grounds that it is overbroad, unduly

8  burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the

9  litigation.

10  Plaintiffs object to this request for production on the grounds that it is interposed for an

11  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

12  the cost of the litigation.

13  Plaintiffs object to this request for production to the extent that the Request seeks documents

14  already in the custody or control of the Defendants.

15   Subject to and without waiving the Preliminary Statement, General Objections, and specific

16  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

17  responsive documents that have not been previously produced or filed with the District

18  Court and that can be located through a reasonable search of the documents in their

19  possession, custody, or control.

20

21       455.    Please produce all Documents, including all deposition transcripts, that refer

22  to or relate to, support or refute the allegation set forth in Paragraph 370 of the Complaint,

23  that "in a deposition, Spiller testified that Lansky, personally, helped Spiller with the content

24  of Spiller's prerecorded messages."

25  **RESPONSE:**

26  Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of

27  the phrase "refer to or relate to, support or refute the allegation" is unclear.

28  Subject to and without waiving the Preliminary Statement, General Objections, and specific

objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

456.    Please produce all Documents, including all deposition transcripts, that refer to or relate to, support or refute the allegation set forth in Paragraph 371 that, "[b]efore joining Avid Telecom, Defendant she worked at Modok, LLC ("Modok") from June 2017 to June 2020 as the Director of Network Operations."

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendant Reeves.

Defendant Reeves admitted this fact in the Amended Answer.

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of the litigation. It is also unduly burdensome as it is not reasonably calculated to lead to the discovery of admissible evidence as the fact is not in dispute.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

457.    Please produce all Documents, including all deposition transcripts, that refer to or relate to, support or refute the allegation set forth in Paragraph 371, that "Modok was a VoIP service provider which ceased business following an action by the Michigan Attorney General's Office for its role in facilitating illegal robocalls."

1   **RESPONSE:**

2   Plaintiffs object to this request for production to the extent that the Request seeks documents

3   already in the custody or control of the Defendant Reeves.

4   Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents

5   and information equally available to Defendants, including publicly available documents

6   and information, since, under Rule 26(b)(1), such information is obtainable from another

7   source that is more convenient, less burdensome, and/or less expensive.

8   Plaintiffs object to this request for production on the grounds that it is interposed for an

9   improper purpose, such as to harass or to cause unnecessary delay or needless increase in

10  the cost of the litigation.

11  Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of

12  the phrase "refer to or relate to, support or refute the allegation" is unclear.

13  Subject to and without waiving the Preliminary Statement, General Objections, and specific

14  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

15  responsive documents that have not been previously produced or filed with the District

16  Court and that can be located through a reasonable search of the documents in their

17  possession, custody, or control.

18

19       458.   Please produce all Documents, including all deposition transcripts, that refer

20  to or relate to, support or refute the allegation set forth in Paragraph 371 that, the "Robocalls

21  specifically at issue in the action included 'Social Security Administration scams' and

22  "suspected auto warranty scams.'"

23  **RESPONSE:**

24  Plaintiffs object to this request for production to the extent that the Request seeks documents

25  already in the custody or control of the Defendant Reeves.

26  Plaintiffs object to this Request as unduly burdensome to the extent that it seeks documents

27  and information equally available to Defendants, including publicly available documents

28  and information, since, under Rule 26(b)(1), such information is obtainable from another

source that is more convenient, less burdensome, and/or less expensive.

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "refer to or relate to, support or refute the allegation" is unclear.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

459.    Please produce all Documents, including all deposition transcripts, that refer to or relate to, support or refute the allegation set forth in Paragraph 372 that, "In her position with Modok, Reeves knew the type of robocall traffic that Modok facilitated which caused it to be the subject of the Michigan law enforcement action and ultimately caused it to shut down in August of 2020."

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendant Reeves.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

1    460.    Please produce all Documents that refer to or relate to, support or refute the

2    allegation set forth in Paragraph 373 that, "Sumco was a customer of Modok from January

3    1, 2020, through July 2020" and that she "assisted in its onboarding as a new retail (end-

4    user) customer."

5    **RESPONSE:**

6    Plaintiffs object to this request for production to the extent that the Request seeks documents

7    already in the custody or control of the Defendant Reeves.

8    Plaintiffs object to this Request on the grounds that it is not material to the resolution of the

9    issues, to the extent that Defendant Reeves's Amended Answer admitted the referenced

10   facts.

11   Plaintiffs object to this request for production on the grounds that it is interposed for an

12   improper purpose, such as to harass or to cause unnecessary delay or needless increase in

13   the cost of the litigation.

14   Subject to and without waiving the Preliminary Statement, General Objections, and specific

15   objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

16   responsive documents that have not been previously produced or filed with the District

17   Court and that can be located through a reasonable search of the documents in their

18   possession, custody, or control.

19

20   461.    Please produce all Documents that refer to or relate to, support or refute the

21   allegation set forth in Paragraph 374 that, … "she corresponded with the ITG regarding

22   Traceback requests related to Sumco's robocall traffic" and that, "[w]ithin four months of

23   opening the Sumco account, Modok had received 11 Traceback requests regarding Sumco's

24   traffic."

25   **RESPONSE:**

26   Plaintiffs object to this request for production to the extent that the Request seeks documents

27   already in the custody or control of the Defendant Reeves.

28   Plaintiffs object to this Request on the grounds that it is not material to the resolution of the

issues, to the extent that Defendant's Reeves Amended Answer admitted the referenced facts.

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation. Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

462.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 375 that "[d]ue to pressure Modok was receiving from the ITG to mitigate Sumco's robocall traffic, Modok opened a new wholesale account in April of 2020 for Sumco under the name, Virtual Telecom Kft."

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendant Reeves.

Subject to and without waiving the Preliminary Statement and General Objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

463.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 375 that Virtual Telecom Kft ("Virtual Telecom") was registered as a 499 Filer with the FCC and was purportedly located in Budapest, Hungary."

1  **RESPONSE:**

2  Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it

3  seeks documents and information equally available to Defendants, including publicly

4  available documents and information, since, under Rule 26(b)(1), such information is

5  obtainable from another source that is more convenient, less burdensome, and/or less

6  expensive.

7  Subject to and without waiving the Preliminary Statement, General Objections, and specific

8  objections, Plaintiffs state that they will not produce documents in response to this Request

9  because the documents sought are publicly available or in the possession and control of third

10 parties that Defendants can equally seek directly from those third parties.

11

12     464.   Please produce all Documents that refer to or relate to, support or refute the

13 allegation set forth in Paragraph 375 that "Modok set up a wholesale account for Sumco so

14 that Modok would no longer appear to be the originating voice service provider for the

15 Sumco robocall traffic."

16 **RESPONSE:**

17 Subject to and without waiving the Preliminary Statement and General Objections, the

18 Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents

19 that have not been previously produced or filed with the District Court and that can be

20 located through a reasonable search of the documents in their possession, custody, or

21 control.

22

23     465.   Please produce all Documents that refer to or relate to, support or refute the

24 allegation set forth in Paragraph 375 that Reeves "assisted with the account set up for Virtual

25 Telecom and facilitated the acquisition of over 800,000 DID numbers for Sumco's use."

26 **RESPONSE:**

27 Plaintiffs object to this request for production to the extent that the Request seeks documents

28 already in the custody or control of the Defendant Reeves.

1  Subject to and without waiving the Preliminary Statement and General Objections, the
2  Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents
3  that have not been previously produced or filed with the District Court and that can be
4  located through a reasonable search of the documents in their possession, custody, or
5  control.

6

7      466.    Please produce all Documents that refer to or relate to, support or refute the
8  allegation set forth in Paragraph 376 of the Complaint that, "[o]n June 17, 2020, Avid
9  enrolled Virtual Telecom Kft as a wholesale voice service provider customer."

10 **RESPONSE:**

11 Plaintiffs object to this Request on the grounds that it is not material to the resolution of the
12 issues, to the extent that Defendants' Amended Answer admitted the referenced facts.

13 Plaintiffs object to this request for production to the extent that the Request seeks documents
14 already in the custody or control of the Defendants.

15 Plaintiffs object to this request for production on the grounds that it is unduly burdensome,
16 harassing, oppressive and/or not proportional to the needs of the litigation.

17 Plaintiffs object to this request for production on the grounds that it is interposed for an
18 improper purpose, such as to harass or to cause unnecessary delay or needless increase in
19 the cost of the litigation.

20 Subject to and without waiving the Preliminary Statement, General Objections, and specific
21 objections, Plaintiffs state that they will not produce documents in response to this Request
22 because the documents requested are in Defendants' possession and control.

23

24     467.    Please produce all Documents that refer to or relate to, support or refute the
25 allegation set forth in Paragraph 377 of the Complaint that "Virtual Telecom provided Avid
26 with an address from Budapest, Hungary and a Proton email address, which is an encrypted
27 email service based in Switzerland."

28

1    **RESPONSE**:

2    Plaintiffs object to this request for production to the extent that the Request seeks documents

3    already in the custody or control of the Defendants.

4    Plaintiffs object to this request for production on the grounds that it is unduly burdensome,

5    harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object

6    to this request for production on the grounds that it is interposed for an improper purpose,

7    such as to harass or to cause unnecessary delay or needless increase in the cost of the

8    litigation.

9    Subject to and without waiving the Preliminary Statement, General Objections, and specific

10   objections, Plaintiffs state that they will not produce documents in response to this Request

11   because the documents requested are in Defendants' possession and control.

12

13       468.    Please produce all Documents that refer to or relate to, support or refute the

14   allegation set forth in Paragraph 378 of the Complaint that Avid allowed Virtual Telecom,

15   like all of its prepaid carriers, " to enroll for its VoIP service without executing a written

16   agreement regarding the terms of services as Virtual Telecom agree to pay in advance for

17   its services."

18   **RESPONSE**:

19   Plaintiffs object to this Request on the grounds that it is not material to the resolution of the

20   issues, to the extent that Defendants' Amended Answer admitted the referenced facts.

21   Plaintiffs object to this request for production to the extent that the Request seeks documents

22   already in the custody or control of the Defendants.

23   Plaintiffs object to this request for production on the grounds that it is unduly burdensome,

24   harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object

25   to this request for production on the grounds that it is interposed for an improper purpose,

26   such as to harass or to cause unnecessary delay or needless increase in the cost of the

27   litigation.

28   Subject to and without waiving the Preliminary Statement, General Objections, and specific

1  objections, Plaintiffs state that they will not produce documents in response to this Request

2  because the documents requested are in Defendants' possession and control.

3

4      469.    Please produce all Documents that refer to or relate to, support or refute the

5  allegation set forth in Paragraph 379 of the Complaint that, "Virtual Telecom had access to

6  Avid Telecom's 'Dialer Special' plan which allowed to run 15,000 sessions and 1,000

7  simultaneous calls per session."

8  **RESPONSE:**

9  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint.

10  Plaintiffs object to this request for production to the extent that the Request seeks documents

11  already in the custody or control of the Defendants.

12  Plaintiffs object to this Request on the grounds that it is not material to the resolution of the

13  issues, to the extent that Defendants' Amended Answer admitted the referenced facts.

14  Plaintiffs object to this request for production on the grounds that it is interposed for an

15  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

16  the cost of the litigation.

17  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint.

18  Subject to and without waiving the Preliminary Statement, General Objections, and specific

19  objections, Plaintiffs state that they will not produce documents in response to this Request

20  because the documents requested are in Defendants' possession and control.

21

22      470.    Please produce all Documents that refer to or relate to, support or refute the

23  allegation set forth in Paragraph 380 of the Complaint that, "[b]y August 28, 2020, Lansky

24  had increased the calling capabilities to allow 40,000 sessions with each session able to

25  initiate 3000 simultaneous calls per session."

26  **RESPONSE:**

27  Plaintiffs object to this request for production to the extent that the Request seeks documents

28  already in the custody or control of the Defendants.

–259–

1  Plaintiffs object to this Request on the grounds that it is not material to the resolution of the

2  issues, to the extent that Defendants' Amended Answer admitted the referenced facts.

3  Plaintiffs object to this request for production on the grounds that it is overbroad, unduly

4  burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the

5  litigation. Plaintiffs object to this request for production on the grounds that it is interposed

6  for an improper purpose, such as to harass or to cause unnecessary delay or needless increase

7  in the cost of the litigation.

8  Subject to and without waiving the Preliminary Statement, General Objections, and specific

9  objections, Plaintiffs state that they will not produce documents in response to this Request

10  because the documents requested are in Defendants' possession and control.

11

12      471.    Please produce all Documents that refer to or relate to, support or refute the

13  allegation set forth in Paragraph 382 of the Complaint that "[f]ollowing a temporary

14  reduction in Virtual Telecom's call capacity on September 21, 2020, to 30,000 sessions with

15  3,000 calls per session, Reeves increased the calling capabilities on the account to back

16  40,000 sessions with 3,200 calls per session on December 9, 2020."

17  **RESPONSE:**

18  Plaintiffs object to this request for production to the extent that the Request seeks documents

19  already in the custody or control of the Defendants.

20  Plaintiffs object to this request for production on the grounds that it is interposed for an

21  improper purpose, such as to harass or to cause unnecessary delay or needless increase in

22  the cost of the litigation.

23  Subject to and without waiving the Preliminary Statement, General Objections, and specific

24  objections, Plaintiffs state that they will not produce documents in response to this Request

25  because the documents requested are in Defendants' possession and control.

26

27

28

–260–

472.   Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 383 of the Complaint that the Defendants provided call capabilities that were "astounding" and that they " knew or consciously avoided knowing that its customer was engaged in or facilitating illegal robocalling."

**RESPONSE:**

Plaintiffs object to the Request as it calls for legal conclusions. Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

In response to previous requests, Plaintiffs have already produced expert witness disclosures, expert reports and any supporting materials used or referenced by the expert(s). Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.


473.   Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 384 that "[o]n August 25, 2020, Lansky changed the name and contact information in Avid Telecom's account management system for Virtual Telecom's account to Mobi Telecom, LLC ("Mobi")."

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, Plaintiffs state that they will not produce documents in response to this Request because the documents requested are in Defendants' possession and control.

474.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 385 that, "Mobi was a newly formed company registered with the Wyoming Secretary of State in June of 2020 and registered in the FCC's 499 Filer database as an interconnected VoIP provider on April 1, 2020."

**RESPONSE:**

**P**laintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will not produce documents in response to this Request because documents requested are publicly available and equally available to Defendants.

475.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 386 that, "Avid received its *first* Traceback request from the ITG on August 18, 2020, related to robocalls from Virtual Telecom" (Emphasis added).

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

476.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 387 that, "the Traceback request provided Avid with notice and evidence of the abusive nature of the robocall campaign at issue."

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

Subject to and without waiving the Preliminary Statement, General Objections, and specific

1    objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
2    responsive documents that have not been previously produced or filed with the District
3    Court and that can be located through a reasonable search of the documents in their
4    possession, custody, or control.

5

6        477.    Please produce all Documents that refer to or relate to, support or refute the
7    allegation set forth in Paragraph 388 that Avid Telecom transited "random dialed calls" that
8    played "prerecorded messages" and that evidence that Defendants were on notice that their
9    "customer was violating the TSR and the TCPA."
10   **RESPONSE:**
11   Plaintiffs object to this request for production to the extent that the Request seeks documents
12   already in the custody or control of the Defendants.
13   Plaintiffs object to the Request on the grounds that it is impermissibly compound.
14   Plaintiff further objects to this request for production on the grounds it seeks information
15   and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.
16   In response to previous requests, Plaintiffs have already produced expert witness
17   disclosures, expert reports and any supporting materials used or referenced by the expert(s).
18   Subject to and without waiving the Preliminary Statement, General Objections, and specific
19   objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
20   responsive documents that have not been previously produced or filed with the District
21   Court and that can be located through a reasonable search of the documents in their
22   possession, custody, or control.

23

24       478.    Please produce Documents sufficient to identify, by CDR, each and every
25   randomly dialed call the You allege was transited by Avid Telecom.
26   **RESPONSE:**
27   Plaintiffs object to this request for production to the extent that the Request seeks documents
28   already in the custody or control of the Defendants.

1   Plaintiffs object to this request for production on the grounds that it is overbroad, unduly
2 burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the
3 litigation. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to
4 analyze or organize factual evidence for the Defendants or to the extent that it asks for a
5 compilation, summary or analysis of documents or information not in existence.

6 In response to previous requests, Plaintiffs have already produced expert witness
7 disclosures, expert reports and any supporting materials used or referenced by the expert(s).
8 Subject to and without waiving the Preliminary Statement, General Objections, and specific
9 objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
10 responsive documents that have not been previously produced or filed with the District
11 Court and that can be located through a reasonable search of the documents in their
12 possession, custody, or control.

13

14     479.   Please produce Documents sufficient to identify, by CDR, each and every
15 randomly dialed call the You allege played a prerecorded message.

16 **RESPONSE:**

17 Plaintiffs object to this request for production to the extent that the Request seeks documents
18 already in the custody or control of the Defendants.

19 Plaintiffs object to this request for production on the grounds that it is overbroad, unduly
20 burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the
21 litigation. Plaintiffs object to the Request to the extent that it requires the Plaintiffs to
22 analyze or organize factual evidence for the Defendants or to the extent that it asks for a
23 compilation, summary or analysis of documents or information not in existence.

24 In response to previous requests, Plaintiffs have already produced expert witness
25 disclosures, expert reports and any supporting materials used or referenced by the expert(s).
26 Subject to and without waiving the Preliminary Statement, General Objections, and specific
27 objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
28 responsive documents that have not been previously produced or filed with the District

1   Court and that can be located through a reasonable search of the documents in their

2   possession, custody, or control.

3

4       480.    Please produce all Documents that refer to or relate to, support or refute the

5   allegation set forth in Paragraph 389 of the Complaint that "the transcript showed the

6   prerecorded messages were sent with no disclosure as to the entity responsible for the

7   solicitation."

8   **RESPONSE:**

9   Plaintiffs object to this request for production to the extent that the Request seeks documents

10  already in the custody or control of the Defendants.

11  Plaintiffs object to this Request on the grounds that it is not material to the resolution of the

12  issues, to the extent that Defendants' Amended Answer admitted the referenced facts.

13  Plaintiffs object to this request for production on the grounds that it is overbroad, unduly

14  burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the

15  litigation.

16  In response to previous requests, Plaintiffs have already produced expert witness

17  disclosures, expert reports and any supporting materials used or referenced by the expert(s).

18  Subject to and without waiving the Preliminary Statement, General Objections, and specific

19  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

20  responsive documents that have not been previously produced or filed with the District

21  Court and that can be located through a reasonable search of the documents in their

22  possession, custody, or control.

23

24      481.    Please produce all Documents that refer to or relate to, support or refute the

25  allegation set forth in Paragraph 391 of the Complaint that "it supplied DID numbers used

26  for caller ID to another Sumco entity, Geist Telecom, LLC ("Geist") and that that Geist was

27  not obtaining VoIP services from Avid Telecom."

28

**RESPONSE:**

**P**laintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to this Request on the grounds that it is not material to the resolution of the issues, to the extent that Defendants' Amended Answer admitted the referenced facts.

Plaintiffs object to this request for production on the grounds that it is overbroad, unduly burdensome, duplicative, harassing, oppressive and/or not proportional to the needs of the litigation. Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control. Plaintiffs will not produce any records obtained by Plaintiffs from Defendants.

482.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 392 of the Complaint that the "Ohio Attorney General's Office issued a subpoena to Avid related to the Virtual Telecom/Mobi Telecom account on February 10, 2021 referencing its investigatory authority under the Ohio's Consumer Sales Practices Act and Telephone Solicitation Sales Act."

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to this Request on the grounds that it is not material to the resolution of the issues, to the extent that Defendants' Amended Answer admitted the referenced facts.

Plaintiffs object to this request for production on the grounds that it is interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

483.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 393 as "Avid provided substantial assistance and support to Sumco and its related entities."

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

484.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 394 of the Complaint that, "[f]rom June 2020 to February 2021, Avid facilitated over 5 billion calls for Sumco through the Virtual Telecom/Mobi Telecom account."

1  **RESPONSE:**

2  In response to previous requests, Plaintiffs have already produced expert witness

3  disclosures, expert reports and any supporting materials used or referenced by the expert(s).

4  Plaintiffs object to this request for production to the extent that the Request seeks documents

5  already in the custody or control of the Defendants.

6  Subject to and without waiving the Preliminary Statement, General Objections, and specific

7  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

8  responsive documents that have not been previously produced or filed with the District

9  Court and that can be located through a reasonable search of the documents in their

10  possession, custody, or control.

11

12    485.    Please produce all Documents that refer to or relate to, support or refute the

13  allegation set forth in Paragraph 395 of the Complaint that, "Defendants knew or

14  consciously avoided knowing that their customer was initiating massive volumes of

15  robocalls to cellular and residential telephone numbers without having the requisite prior

16  express written consent to deliver robocalls to 650 million unique telephone numbers."

17  **RESPONSE:**

18  Plaintiffs object to the Request on the grounds that these documents are in Defendants'

19  possession or control, have been requested by Plaintiffs and, to date, Defendants have not

20  produced them.

21  In response to previous requests, Plaintiffs have already produced expert witness

22  disclosures, expert reports and any supporting materials used or referenced by the expert(s).

23  Subject to and without waiving the Preliminary Statement, General Objections, and specific

24  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

25  responsive documents that have not been previously produced or filed with the District

26  Court and that can be located through a reasonable search of the documents in their

27  possession, custody, or control.

28

486.   Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 396 of the Complaint that, "[m]any of Virtual Telecom's/Mobi Telecom's calls were to telephone numbers on the National DNC Registry and various state Do Not Call Lists. Of the 5 billion calls Avid facilitated, at least 100 million of them were placed to over 9 million telephone numbers with Ohio area codes that were listed on the National DNC Registry for at least 31 days at the time of the call."

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is unreasonably cumulative or duplicative.

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

In response to previous requests, Plaintiffs have already produced expert witness disclosures, expert reports and any supporting materials used or referenced by the expert(s). Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

487.   Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 397 that Reeves knew from her employment at Modok that call center client, Sumco, changed its name to Virtual Telecom and that Virtual Telecom subsequently became an Avid customer. "

**RESPONSE:**

Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

488.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 398 of the Complaint that they knew the true identity of the upstream provider.

**RESPONSE:**

Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

489.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 399 of the Complaint 399 of the Complaint that "Avid Telecom and Lansky were on notice since as early as August 18, 2020, that Virtual Telecom and Mobi were using Avid's services to send illegal robocalls."

**RESPONSE:**

Plaintiffs object to the request on the grounds that it is unintelligible.

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

490.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 400 of the Complaint that Reeves "has been on notice since as early as October 2020 that Sumco and its affiliated entities were using Avid's services to send illegal robocalls."

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

491.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 401 of the Complaint that, "[t]he illegal robocall traffic associated with the Virtual Telecom/Mobi account was brought to Defendants' attention on many occasions."

1  **RESPONSE:**

2  Plaintiffs object to this request for production to the extent that the Request seeks documents

3  already in the custody or control of the Defendants.

4  Subject to and without waiving the Preliminary Statement, General Objections, and specific

5  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

6  responsive documents that have not been previously produced or filed with the District

7  Court and that can be located through a reasonable search of the documents in their

8  possession, custody, or control.

9

10      492.    Please produce all Documents that refer to or relate to, support or refute the

11  allegation set forth in Paragraph 401 of the Complaint that that it failed to take action to

12  mitigate the robocall traffic or that it knowingly "enabled Sumco, Virtual Telecom, and/or

13  Mobi Telecom in furthering their illegal robocalling schemes."

14  **RESPONSE:**

15  Plaintiffs object to the Request on the grounds that these documents are in Defendants'

16  possession or control, have been requested by Plaintiffs and, to date, Defendants have not

17  produced them.

18  In response to previous requests, Plaintiffs have already produced expert witness

19  disclosures, expert reports and any supporting materials used or referenced by the expert(s).

20  Subject to and without waiving the Preliminary Statement, General Objections, and specific

21  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

22  responsive documents that have not been previously produced or filed with the District

23  Court and that can be located through a reasonable search of the documents in their

24  possession, custody, or control.

25

26      493.    Please produce all Documents that refer to or relate to, support or refute the

27  allegation set forth in Paragraph 402 of the Complaint that "Avid provided substantial

28  assistance and support to provided substantial assistance and support to the Sumco, Virtual

1  Telecom, and/or Mobi Telecom and Geist Telecom by providing VoIP services necessary
2  for the initiation of the robocalls and DIDs used for caller ID."

3  **RESPONSE:**

4  Plaintiffs object to the request on the grounds that it is unintelligible.

5  Plaintiffs object to this request for production to the extent that the Request seeks documents
6  already in the custody or control of the Defendants.

7  In response to previous requests, Plaintiffs have already produced expert witness
8  disclosures, expert reports and any supporting materials used or referenced by the expert(s).
9  Subject to and without waiving the Preliminary Statement, General Objections, and specific
10 objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
11 responsive documents that have not been previously produced or filed with the District
12 Court and that can be located through a reasonable search of the documents in their
13 possession, custody, or control.

14

15      494.    Please produce all Documents that refer to or relate to, support or refute the
16 allegation set forth in Paragraph 403 that "Defendants had direct knowledge that Sumco was
17 sending them illegal call traffic."

18 **RESPONSE:**

19 Plaintiffs object to this request for production to the extent that the Request seeks documents
20 already in the custody or control of the Defendants.

21 In response to previous requests, Plaintiffs have already produced expert witness
22 disclosures, expert reports and any supporting materials used or referenced by the expert(s).
23 Subject to and without waiving the Preliminary Statement, General Objections, and specific
24 objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
25 responsive documents that have not been previously produced or filed with the District
26 Court and that can be located through a reasonable search of the documents in their
27 possession, custody, or control.

28

1      495.   Please produce all Documents that refer to or relate to, support or refute the

2  allegation set forth in Paragraph 404 of the Complaint that "Lansky and Reeves are also

3  both individually liable for the conduct alleged herein."

4  **RESPONSE:**

5  Plaintiffs object to the Request on the grounds that these documents are in Defendants'

6  possession or control, have been requested by Plaintiffs and, to date, Defendants have not

7  produced them. Plaintiff further objects to this request for production on the grounds it seeks

8  information and testimony regarding legal theories, analyses, and conclusions instead of fact

9  testimony.

10  Subject to and without waiving the Preliminary Statement, General Objections, and specific

11  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

12  responsive documents that have not been previously produced or filed with the District

13  Court and that can be located through a reasonable search of the documents in their

14  possession, custody, or control.

15

16      496.   Please produce all Documents that refer to or relate to, support or refute the

17  allegation set forth in Paragraph 405 of the Complaint that Reeves possessed and exercised

18  the authority to control the policies and trade practices of Avid Telecom.

19  **RESPONSE:**

20  Plaintiffs object to the Request on the grounds that these documents are in Defendants'

21  possession or control, have been requested by Plaintiffs and, to date, Defendants have not

22  produced them.

23  Plaintiff further objects to this request for production on the grounds it seeks information

24  and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

25  Subject to and without waiving the Preliminary Statement, General Objections, and specific

26  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

27  responsive documents that have not been previously produced or filed with the District

28  Court and that can be located through a reasonable search of the documents in their

1  possession, custody, or control.

2

3      497.    Please produce all Documents that refer to or relate to, support or refute the
4  allegation set forth in Paragraph 405 of the Complaint that Lansky and Reeves created and
5  implemented any illegal policies and trade practices, participated in any illegal trade
6  practices.

7  **RESPONSE:**

8  Plaintiffs object to the Request on the grounds that these documents are in Defendants'
9  possession or control, have been requested by Plaintiffs and, to date, Defendants have not
10  produced them.

11  Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it
12  seeks documents and information equally available to Defendants, including publicly
13  available documents and information, since, under Rule 26(b)(1), such information is
14  obtainable from another source that is more convenient, less burdensome, and/or less
15  expensive.

16  Plaintiff further objects to this request for production on the grounds it seeks information
17  and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.
18  Subject to and without waiving the Preliminary Statement, General Objections, and specific
19  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
20  responsive documents that have not been previously produced or filed with the District
21  Court and that can be located through a reasonable search of the documents in their
22  possession, custody, or control.

23

24      498.    Please produce all Documents that refer to or relate to, support or refute the
25  allegation set forth in Paragraph 405 of the Complaint that Lansky exhibited a lack of respect
26  to the separate identities of each entity or that he improperly comingled corporate and
27  personal assets.

28

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants. Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

499.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 405 of the Complaint that Lansky participated in the illegal trade practices that are described in the Complaint.

**RESPONSE:**

Plaintiffs object to the Request on the grounds that these documents are in Defendants' possession or control, have been requested by Plaintiffs and, to date, Defendants have not produced them.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

1

2      500.    Please produce all Documents that refer to or relate to, support or refute the

3  allegation set forth in Paragraph 405 of the Complaint that Lansky directed or supervised

4  those employees of Michael D. Lansky, LLC who participated in the illegal trade practices

5  that are described in the Complaint.

6  **RESPONSE:**

7  Plaintiffs object to the Request on the grounds that these documents are in Defendants'

8  possession or control, have been requested by Plaintiffs and, to date, Defendants have not

9  produced them.

10  Subject to and without waiving the Preliminary Statement, General Objections, and specific

11  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

12  responsive documents that have not been previously produced or filed with the District

13  Court and that can be located through a reasonable search of the documents in their

14  possession, custody, or control.

15

16      501.    Please produce all Documents that refer to or relate to, support or refute the

17  allegation set forth in Paragraph 405 of the Complaint that Lansky knew or should have

18  known of the illegality of the trade practices that are described herein and had the power to

19  stop them, but rather than stopping them, promoted their use.

20  **RESPONSE:**

21  Plaintiffs object to the Request on the grounds that these documents are in Defendants'

22  possession or control, have been requested by Plaintiffs and, to date, Defendants have not

23  produced them.

24  Subject to and without waiving the Preliminary Statement, General Objections, and specific

25  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

26  responsive documents that have not been previously produced or filed with the District

27  Court and that can be located through a reasonable search of the documents in their

28  possession, custody, or control.

–278–

1

2       502.   Please produce all Documents that refer to or relate to, support or refute the

3  allegation set forth in Paragraph 407 of the Complaint that Lansky demonstrated a complete

4  lack of respect to the separate identities of each entity and comingled corporate and personal

5  assets.

6  **RESPONSE:**

7  Plaintiffs object to this request for production to the extent that the Request seeks documents

8  already in the custody or control of the Defendants.

9  Subject to and without waiving the Preliminary Statement, General Objections, and specific

10  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

11  responsive documents that have not been previously produced or filed with the District

12  Court and that can be located through a reasonable search of the documents in their

13  possession, custody, or control.

14

15       503.   Please produce all Documents that refer to or relate to, support or refute the

16  allegation set forth in Paragraph 408 of the Complaint that Michael D. Lansky, LLC's

17  corporate bank account(s) corporate credit card(s), corporate check book(s), and corporate

18  PayPal account(s)accounts comingled money for Lansky's personal business.

19  **RESPONSE:**

20  Plaintiffs object to this request for production to the extent that the Request seeks documents

21  already in the custody or control of the Defendants.

22  Subject to and without waiving the Preliminary Statement, General Objections, and specific

23  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

24  responsive documents that have not been previously produced or filed with the District

25  Court and that can be located through a reasonable search of the documents in their

26  possession, custody, or control.

27

28

504.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 414 of the Complaint that Lansky's conduct through Michael D. Lansky, LLC, has caused harm to consumers.

**RESPONSE:**

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

In response to previous requests, Plaintiffs have already produced expert witness disclosures, expert reports and any supporting materials used or referenced by the expert(s). Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

505.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 415 of the Complaint that Treating Michael D. Lansky, LLC and Lansky as separate entities would further sanction a fraud, promote injustice, and lead to an evasion of legal obligations.

**RESPONSE:**

Subject to and without waiving the Preliminary Statement and General Objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

1    506.    Please produce all Documents that refer to or relate to, support or refute the

2    allegation set forth in Paragraph 422 of the Complaint Defendants transmitted or routed calls

3    to the telephone numbers on the Indiana Do Not Call List.

4    **RESPONSE:**

5    Plaintiffs object to this request for production to the extent that the Request seeks documents

6    already in the custody or control of the Defendants.

7    Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it

8    seeks documents and information equally available to Defendants, including publicly

9    available documents and information, since, under Rule 26(b)(1), such information is

10   obtainable from another source that is more convenient, less burdensome, and/or less

11   expensive.

12   In response to previous requests, Plaintiffs have already produced expert witness

13   disclosures, expert reports and any supporting materials used or referenced by the expert(s).

14   Subject to and without waiving the Preliminary Statement, General Objections, and specific

15   objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

16   responsive documents that have not been previously produced or filed with the District

17   Court and that can be located through a reasonable search of the documents in their

18   possession, custody, or control.

19

20   507.    Please produce a copy of each and every Indiana Do Not Call List that

21   contains a telephone number to which You allege Defendants transited an illegal robocall.

22   **RESPONSE:**

23   Subject to and without waiving the Preliminary Statement and General Objections, the

24   Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents

25   that have not been previously produced or filed with the District Court and that can be

26   located through a reasonable search of the documents in their possession, custody, or

27   control.

28

508.   Please produce a copy of each and every Indiana Do Not Call List that contains a telephone number to which You allege Defendants terminated an illegal robocall.

**RESPONSE:**

Subject to and without waiving the Preliminary Statement and General Objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

509.   Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 422 of the Complaint that the Indiana Attorney General issued a Civil Investigative Demand ("CID") to Avid Telecom related to, among other things, Avid Telecom assisting and facilitating persons or entities sending calls to telephone numbers on the Indiana Do Not Call List in violation of Indiana law.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it is unreasonably cumulative and duplicative.

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

In response to previous requests, Plaintiffs have already produced expert witness disclosures, expert reports and any supporting materials used or referenced by the expert(s). Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

510.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 422 of the Complaint that "[o]n November 1, 2022, the Office of the Indiana Attorney General petitioned an Indiana court to enforce the CID. In the petition, the Office of the Indiana Attorney General highlighted that it was investigating Avid Telecom for violating Indiana law regarding the Indiana Do Not Call List."

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, Plaintiffs state that they are not aware of any responsive documents. Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, Plaintiffs state that they will not produce documents in response to this Request because the documents requested are in Defendants' possession and control.

511.    Please produce all Documents, including without limitation, all withdrawal or dismissal papers filed by the Indiana Attorney General, that refer to or relate to or constitute the final outcome of the Attorney General petition November 1, 2022 Petition.

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is

1 obtainable from another source that is more convenient, less burdensome, and/or less
2 expensive.

3 Subject to and without waiving the Preliminary Statement, General Objections, and specific
4 objections, Plaintiffs state that they are not aware of any responsive documents. Subject to
5 and without waiving the Preliminary Statement, General Objections, and specific
6 objections, Plaintiffs state that they will not produce documents in response to this Request
7 because the documents requested are in Defendants' possession and control.

8

9     512.    Please produce all Documents that refer to or relate to, support or refute the
10 allegation set forth in Paragraph 423 of the Complaint that Defendants have been on notice
11 that their clients are sending calls to Hoosiers who have telephone numbers on the Indiana
12 Do Not Call List. Defendants have substantially assisted and facilitated or supported these
13 clients in violating Indiana law.

14 **<u>RESPONSE</u>:**

15 Plaintiffs object to this request for production to the extent that the Request seeks documents
16 already in the custody or control of the Defendants.

17 Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it
18 seeks documents and information equally available to Defendants, including publicly
19 available documents and information, since, under Rule 26(b)(1), such information is
20 obtainable from another source that is more convenient, less burdensome, and/or less
21 expensive.

22 In response to previous requests, Plaintiffs have already produced expert witness
23 disclosures, expert reports and any supporting materials used or referenced by the expert(s).
24 Subject to and without waiving the Preliminary Statement, General Objections, and specific
25 objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
26 responsive documents that have not been previously produced or filed with the District
27 Court and that can be located through a reasonable search of the documents in their
28 possession, custody, or control.

1

2    513.    Please produce a complete copy of the "analysis of a sampling of Call48

3    CDRs related to Defendants' traffic, from September 2022 to December 2022" referenced

4    in Paragraph 424 of the Complaint.

5    **RESPONSE:**

6    In response to previous requests, Plaintiffs have already produced expert witness

7    disclosures, expert reports and any supporting materials used or referenced by the expert(s).

8    Subject to and without waiving the Preliminary Statement, General Objections, and specific

9    objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

10   responsive documents that have not been previously produced or filed with the District

11   Court and that can be located through a reasonable search of the documents in their

12   possession, custody, or control.

13

14   514.    Please produce all Documents, including without limitation CDRs, that refer

15   to or relate to, support or refute the allegation set forth in Paragraph 424 of the Complaint

16   that Defendants routed at least 11,369 phone calls to Hoosiers on the Indiana Do Not Call

17   List.

18   **RESPONSE:**

19   Plaintiffs object to this request for production to the extent that the Request seeks documents

20   already in the custody or control of the Defendants.

21   Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it

22   seeks documents and information equally available to Defendants, including publicly

23   available documents and information, since, under Rule 26(b)(1), such information is

24   obtainable from another source that is more convenient, less burdensome, and/or less

25   expensive.Subject to and without waiving the Preliminary Statement, General Objections,

26   and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and

27   relevant responsive documents that have not been previously produced or filed with the

28   District Court and that can be located through a reasonable search of the documents in their

1  possession, custody, or control.

2

3      515.    Please produce all Documents, including without limitation CDRs, that refer
4  to or relate to, support or refute the allegation set forth in Paragraph 424 of the Complaint
5  that During that time period, Defendants routed approximately 29,700 telephone calls to
6  Indiana area codes.

7  **RESPONSE:**

8  Plaintiffs object to this request for production to the extent that the Request seeks documents
9  already in the custody or control of the Defendants.

10  In response to previous requests, Plaintiffs have already produced expert witness
11  disclosures, expert reports and any supporting materials used or referenced by the expert(s).
12  Subject to and without waiving the Preliminary Statement, General Objections, and specific
13  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
14  responsive documents that have not been previously produced or filed with the District
15  Court and that can be located through a reasonable search of the documents in their
16  possession, custody, or control.

17

18      516.    Please produce all Documents that refer to or relate to, support or refute the
19  allegation set forth in Paragraph 425 of the Complaint that Defendants helped sellers and/or
20  callers make many more calls to Hoosiers on the Indiana Do Not Call List after Defendants
21  were on notice their clients were making calls to Hoosiers on the Indiana Do Not Call List.
22  Please ensure that Your Response includes all Documents that You claim constitute notice.

23  **RESPONSE:**

24  Plaintiffs object to this request for production to the extent that the Request seeks documents
25  already in the custody or control of the Defendants.

26  Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it
27  seeks documents and information equally available to Defendants, including publicly
28  available documents and information, since, under Rule 26(b)(1), such information is

1  obtainable from another source that is more convenient, less burdensome, and/or less
2  expensive.
3  In response to previous requests, Plaintiffs have already produced expert witness
4  disclosures, expert reports and any supporting materials used or referenced by the expert(s).
5  Subject to and without waiving the Preliminary Statement, General Objections, and specific
6  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
7  responsive documents that have not been previously produced or filed with the District
8  Court and that can be located through a reasonable search of the documents in their
9  possession, custody, or control.

10

11      517.   Please produce all Documents that refer to or relate to, support or refute the
12  allegation set forth in Paragraph 430 that "Many of the illegal robocalls that Defendants
13  transmitted onto and across Avid Telecom's network constitute telemarketing and were
14  created and initiated by sellers and/or telemarketers within the scope of the TSR."
15  **RESPONSE**:
16  Plaintiffs object to this request for production on the grounds that it seeks information and
17  documents protected by the attorney-client privilege and the attorney work product doctrine.
18  Plaintiff further objects to this request for production on the grounds it seeks information
19  and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.
20  Subject to and without waiving the Preliminary Statement, General Objections, and specific
21  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
22  responsive documents that have not been previously produced or filed with the District
23  Court and that can be located through a reasonable search of the documents in their
24  possession, custody, or control.

25

26      518.   Please produce all Documents that refer to or relate to, support or refute the
27  allegation set forth in Paragraph 431 of the Complaint that Defendants provided substantial
28  assistance or support to sellers and telemarketers that were violating the TSR through the

1   identified actions.

2   **RESPONSE:**

3   Plaintiffs object to this request for production on the grounds that it seeks information and

4   documents protected by the attorney-client privilege and the attorney work product doctrine.

5   Plaintiff further objects to this request for production on the grounds it seeks information

6   and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

7   Subject to and without waiving the Preliminary Statement, General Objections, and specific

8   objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

9   responsive documents that have not been previously produced or filed with the District

10  Court and that can be located through a reasonable search of the documents in their

11  possession, custody, or control.

12

13      519.    Please produce all Documents that refer to or relate to, support or refute the

14  allegation set forth in Paragraph 436 of the Complaint that Defendants did not choose to

15  regularly, if at all, block calls made from telephone numbers that the FCC has authorized

16  could be blocked so that those calls do not reach a called party pursuant to 47 C.F.R. §

17  64.1200(k).

18  **RESPONSE:**

19  Plaintiffs object to this request for production on the grounds that it seeks information and

20  documents protected by the attorney-client privilege and the attorney work product doctrine.

21  Plaintiff further objects to this request for production on the grounds it seeks information

22  and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

23  Subject to and without waiving the Preliminary Statement, General Objections, and specific

24  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

25  responsive documents that have not been previously produced or filed with the District

26  Court and that can be located through a reasonable search of the documents in their

27  possession, custody, or control.

28

520.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 437 of the Complaint that they violated 47 C.F.R. § 64.1200(n)(3) by failing to take affirmative effective measures to prevent new and renewing customers from using its network to originate illegal calls, including knowing its customers and exercising due diligence in ensuring that its services are not used to originate illegal traffic.

**RESPONSE**:

Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.


521.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 442 of the Complaint that they violated 47 U.S.C. §§ 227(b)(1)(A)(iii) and (b)(1)(B) by engaging in a pattern or practice of initiating telephone calls to residential and cellular telephone lines using artificial or prerecorded voices to deliver messages without the prior express consent of the called parties.

**RESPONSE**:

Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Subject to and without waiving the Preliminary Statement, General Objections, and specific

objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

522.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 443 of the Complaint that they violated 47 C.F.R. § 64.1200(a)(2) by engaging in a pattern or practice of initiating or causing telephone calls to be initiated that include or introduce advertisements or constitute telemarketing to cellular telephone lines using artificial or prerecorded voices to deliver messages without the prior express written consent of the called parties.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

523.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 444 that Defendants violated 47 C.F.R. § 64.1200(a)(3) by engaging in a pattern or practice of initiating telephone calls to residential telephone lines using artificial or prerecorded voices to deliver messages without the prior express written consent of the called parties.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

524.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 446 of the Complaint that Defendants initiated calls that terminated within Plaintiffs' respective jurisdictions because the calls would not have connected but for Defendants' decision to allow transit their network despite having actual knowledge that many of the calls were scam robocalls delivering prerecorded or artificially voiced messages.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

525.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 447 of the Complaint that Defendants knew or should have known that many of these calls violated 47 U.S.C. § 227(b)(1)(A)(iii) and (b)(1)(B).

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

526.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 451 of the Complaint that Defendants violated 47 C.F.R. § 64.1200(c)(2) by engaging in a pattern or practice of initiating telephone solicitations to residential telephone subscribers in the Plaintiffs' respective jurisdictions who have registered their telephone numbers on the National DNC Registry.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their

1  possession, custody, or control.

2

3      527.    Please produce all Documents that refer to or relate to, support or refute the

4  allegation set forth in Paragraph 452 of the Complaint that Defendants knew or should have

5  known that many, if not most, of these calls were made in violation of 47 C.F.R. §

6  64.1200(c)(2).

7  **RESPONSE:**

8  Plaintiffs object to this request for production on the grounds that it seeks information and

9  documents protected by the attorney-client privilege and the attorney work product doctrine.

10  Plaintiff further objects to this request for production on the grounds it seeks information

11  and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

12  Subject to and without waiving the Preliminary Statement, General Objections, and specific

13  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

14  responsive documents that have not been previously produced or filed with the District

15  Court and that can be located through a reasonable search of the documents in their

16  possession, custody, or control.

17

18      528.    Please produce all Documents that refer to or relate to, support or refute the

19  allegation set forth in Paragraph 457 of the Complaint that Defendants violated 47 U.S.C. §

20  227(e)(1) and 47 C.F.R. § 64.1604(a) by knowingly causing the caller identification services

21  of the recipients of their call traffic with spoofed phone numbers to transmit misleading or

22  inaccurate caller identification information.

23  **RESPONSE:**

24  Plaintiffs object to this request for production on the grounds that it seeks information and

25  documents protected by the attorney-client privilege and the attorney work product doctrine.

26  Plaintiff further objects to this request for production on the grounds it seeks information

27  and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

28  Subject to and without waiving the Preliminary Statement, General Objections, and specific

1  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
2  responsive documents that have not been previously produced or filed with the District
3  Court and that can be located through a reasonable search of the documents in their
4  possession, custody, or control.
5
6      529.    Please produce all Documents that refer to or relate to, support or refute the
7  allegation set forth in Paragraph 458 of the Complaint that Defendants knew or should have
8  known that they accepted and profited from illegal robocalls with misleading or inaccurate
9  spoofed phone numbers, which sought to defraud, cause harm, or wrongfully obtain things
10  of value from the call recipients.
11  **RESPONSE:**
12  Plaintiffs object to this request for production on the grounds that it seeks information and
13  documents protected by the attorney-client privilege and the attorney work product doctrine.
14  Plaintiff further objects to this request for production on the grounds it seeks information
15  and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.
16  Subject to and without waiving the Preliminary Statement, General Objections, and specific
17  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
18  responsive documents that have not been previously produced or filed with the District
19  Court and that can be located through a reasonable search of the documents in their
20  possession, custody, or control.
21
22      530.    Please produce all Documents that refer to or relate to, support or refute the
23  allegation set forth in Paragraph 460 of the Complaint that they have engaged in and
24  continue to engage in unfair competition as defined in California Business & Professions
25  Code section 17200.
26  **RESPONSE:**
27  Plaintiffs object to this request for production on the grounds that it seeks information and
28  documents protected by the attorney-client privilege and the attorney work product doctrine.

Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

531.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 472 of the Complaint that Defendants routinely transmit calls to consumers in Florida which misrepresent the identity of the caller and the nature of goods and services offered through the calls.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

532.    Please produce all Documents, including without limitation, CDRs that refer to or relate to, support or refute the allegation set forth in Paragraph 473 of the Complaint that Records of calls transmitted by the Defendants indicate that at least 1,184,200,778 calls were directed to phone numbers with area codes assigned to Florida during the period relevant to this Complaint.

1   **RESPONSE:**

2 Plaintiffs object to this request for production to the extent that the Request seeks documents

3 already in the custody or control of the Defendants.

4 Subject to and without waiving the Preliminary Statement, General Objections, and specific

5 objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

6 responsive documents that have not been previously produced or filed with the District

7 Court and that can be located through a reasonable search of the documents in their

8 possession, custody, or control.

9

10      533. Please produce all Documents, including without limitation each relevant

11 National DNC Registry, that refer to or relate to, support or refute the allegation set forth in

12 Paragraph 474 of the Complaint that Records of calls transmitted by the Defendants indicate

13 that least 387,321,375, or 32.7%, of these calls were directed to phone numbers on the

14 National DNC Registry.

15   **RESPONSE:**

16 **P**laintiffs object to this request for production to the extent that the Request seeks documents

17 already in the custody or control of the Defendants. Plaintiffs object to this Request as

18 unduly burdensome and overly broad to the extent that it seeks documents and information

19 equally available to Defendants, including publicly available documents and information,

20 since, under Rule 26(b)(1), such information is obtainable from another source that is more

21 convenient, less burdensome, and/or less expensive.

22 Subject to and without waiving the Preliminary Statement, General Objections, and specific

23 objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

24 responsive documents that have not been previously produced or filed with the District

25 Court and that can be located through a reasonable search of the documents in their

26 possession, custody, or control.

27

28

534.    Please produce all Documents, including without limitation each relevant National DNC Registry, that refer to or relate to, support or refute the allegation set forth in Paragraph 474 of the Complaint that "The average duration of the calls Defendants routed to Florida are only 16.7 seconds."

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants. Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

535.    Please produce all Documents, including without limitation, all complaints filed with any relevant Florida regulatory or law enforcement agency, that refer to or relate to, support or refute the allegation set forth in Paragraph 475 of the Complaint that the vast majority of such calls were unwanted.

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their

1  possession, custody, or control.

2

3      536.    Please produce all Documents that refer to or relate to, support or refute the

4  allegation set forth in Paragraph 475 of the Complaint that the vast majority of such calls

5  were unwanted likely because they are fraudulent, pre-recorded or artificially voiced

6  messages.

7  **RESPONSE**:

8  Plaintiffs object to this request for production to the extent that the Request seeks documents

9  already in the custody or control of the Defendants.

10  Subject to and without waiving the Preliminary Statement, General Objections, and specific

11  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

12  responsive documents that have not been previously produced or filed with the District

13  Court and that can be located through a reasonable search of the documents in their

14  possession, custody, or control.

15

16      537.    Please produce all Documents, including all studies and the like, that refer to

17  or relate to, support or refute the allegation set forth in Paragraph 475 of the Complaint that

18  the vast majority of the called parties to such calls almost immediately hung up the phone.

19  **RESPONSE**:

20  Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of

21  the phrase "and the like" is unclear.Subject to and without waiving the Preliminary

22  Statement, General Objections, and specific objections, the Plaintiffs will produce non-

23  privileged, non-duplicative, and relevant responsive documents that have not been

24  previously produced or filed with the District Court and that can be located through a

25  reasonable search of the documents in their possession, custody, or control.

26

27

28

538.    Please produce Documents sufficient to identity the "campaign of calls" referenced in Paragraph 476 of the Complaint.

**RESPONSE:**

Subject to and without waiving the Preliminary Statement and General Objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

539.    Please produce all Documents that support the conclusion that Avid Telecom was involved in the transiting or the termination of the call to Vanessa referenced in Paragraph 476 of the Complaint.

**RESPONSE:**

Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

540.    Please produce all Documents that support the conclusion that Avid Telecom was involved in the transiting or the termination of any of "campaign of calls" referenced in Paragraph 476 of the Complaint.

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

1   Subject to and without waiving the Preliminary Statement, General Objections, and specific

2   objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

3   responsive documents that have not been previously produced or filed with the District

4   Court and that can be located through a reasonable search of the documents in their

5   possession, custody, or control.

6

7       541.   Please produce all Documents, including without limitation, CDRs that

8   identify each of the calls associated with "campaign of calls" referenced in Paragraph 476

9   of the Complaint that you allege was transited or terminated by Avid Telecom.

10   **RESPONSE:**

11   Plaintiffs object to this request for production to the extent that the Request seeks documents

12   already in the custody or control of the Defendants.

13   Subject to and without waiving the Preliminary Statement, General Objections, and specific

14   objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

15   responsive documents that have not been previously produced or filed with the District

16   Court and that can be located through a reasonable search of the documents in their

17   possession, custody, or control.

18

19       542.   Please produce a copy of each Document containing information regarding

20   any of the calls associated with "campaign of calls" referenced in Paragraph 476 of the

21   Complaint.

22   **RESPONSE:**

23   Plaintiffs object to this request for production to the extent that the Request seeks documents

24   already in the custody or control of the Defendants.

25   Subject to and without waiving the Preliminary Statement, General Objections, and specific

26   objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

27   responsive documents that have not been previously produced or filed with the District

28   Court and that can be located through a reasonable search of the documents in their

1    possession, custody, or control.

2

3        543.    Please produce all Documents that refer to or relate to, support or refute the

4    allegation set forth in Paragraph 477 of the Complaint that any of the calls that were part of

5    the "campaign of calls" transited or terminated by Avid Telecom contained a spoofed

6    CallerID.

7    **RESPONSE**:

8    Plaintiffs object to this request for production to the extent that the Request seeks documents

9    already in the custody or control of the Defendants.

10   Subject to and without waiving the Preliminary Statement, General Objections, and specific

11   objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

12   responsive documents that have not been previously produced or filed with the District

13   Court and that can be located through a reasonable search of the documents in their

14   possession, custody, or control.

15

16       544.    Please produce all Documents that refer to or relate to, support or refute the

17   allegation set forth in Paragraph 484 of the Complaint that Defendants "caused" telephone

18   sales calls to be made to consumers residing in Indiana.

19   **RESPONSE**:

20   Plaintiffs object to this request for production to the extent that the Request seeks documents

21   already in the custody or control of the Defendants. Plaintiff further objects to this request

22   for production on the grounds it seeks information and testimony regarding legal theories,

23   analyses, and conclusions instead of fact testimony.

24   Subject to and without waiving the Preliminary Statement, General Objections, and specific

25   objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

26   responsive documents that have not been previously produced or filed with the District

27   Court and that can be located through a reasonable search of the documents in their

28   possession, custody, or control.

545.   Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 484 of the Complaint that Defendants have any "subscribers" in Indiana.

**RESPONSE:**

Plaintiffs object to this Request to the extent that it mischaracterizes the Plaintiffs' Complaint. Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

546.   Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 484 of the Complaint that defendants "initiate" calls into Indiana.

**RESPONSE:**

Plaintiffs object to this Request to the extent that it misquotes the Plaintiffs' Complaint. Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "initiate" is unclear. Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

547.   Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 484 of the Complaint that Defendants "control" one or more persons who made or "caused" others to make telephone calls to consumers located in Indiana.

**RESPONSE:**

Plaintiffs object to this Request to the extent that it misquotes the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly argumentative. Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

548.   Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 487 of the Complaint that Defendants made sales calls to telephone numbers included on Indiana's Do Not Call List at the time of the calls.

**RESPONSE:**

Plaintiffs object to this Request to the extent that it misquotes the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly argumentative. Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

549.    Please produce Documents, including without limitation, CDRs sufficient to identify each call that you allege in Paragraph 487 of the Complaint was transited or terminated by Avid Telecom to a telephone number that was then on Indiana's Do Not Call List.

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

550.    Please provide a complete each and every Indiana Do Not Call list that You allege contains telephone numbers associated with calls that you allege were transited or terminated by Avid Telecom.

**RESPONSE:**

Plaintiffs object to this request as being duplicative of other requests propounded by Defendants, including, but not limited to Request No. 508.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less

1  expensive.

2  Subject to and without waiving the Preliminary Statement, General Objections, and specific

3  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

4  responsive documents that have not been previously produced or filed with the District

5  Court and that can be located through a reasonable search of the documents in their

6  possession, custody, or control.

7

8      551.    Please produce all Documents that refer to or relate to, support or refute the

9  allegation set forth in Paragraph 488 that Defendant was the "calling party" to a consumer

10  in Indiana.

11  **RESPONSE**:

12  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint.

13  Plaintiffs object to the Request on the grounds that it is impermissibly ambiguous.

14  Subject to and without waiving the Preliminary Statement, General Objections, and specific

15  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

16  responsive documents that have not been previously produced or filed with the District

17  Court and that can be located through a reasonable search of the documents in their

18  possession, custody, or control.

19

20      552.    Please produce Documents, including without limitation, CDRs sufficient to

21  identify each call that You allege in Paragraph 488 of the Complaint Defendant was the

22  "calling party" to a consumer in Indiana.

23  **RESPONSE**:

24  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint.

25  Plaintiffs object to the Request on the grounds that it is impermissibly ambiguous.

26  Subject to and without waiving the Preliminary Statement, General Objections, and specific

27  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

28  responsive documents that have not been previously produced or filed with the District

Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

553.    Please produce Documents, including without limitation, CDRs sufficient to identify each call that You allege in Paragraph 489 of the Complaint Defendant provided substantial assistance to a telephone solicitor, supplier, or caller.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

554.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 490 of the Complaint that Avid Telecom, Lansky, and Reeves knew or consciously avoided knowing that the telephone solicitor, supplier, or caller was engaged in a practice that violated Ind. Code 24-4.7-4.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

–306–

responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

555.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 491 of the Complaint that Avid Telecom's equipment or services were used for more than the transportation, handling, or retransmitting of a call.

**RESPONSE:**

Plaintiff objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

556.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 491 of the Complaint that Defendants own equipment used to transit an incoming call and hand it off to another carrier.

**RESPONSE:**

Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint. Plaintiffs object to the Request on the grounds that it is impermissibly ambiguous.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

557.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 492 of the Complaint that Defendants made any telephone calls or that they knowingly transited any telephone calls to a number selected by the calling party that was legitimately on a Do Not Call list.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

558.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 496 of the Complaint that Defendants have knowingly provided substantial assistance or support, through the provision of Avid Telecom's services, to one or more sellers or telemarketers who Defendants knew or should have known were engaged in the deceptive or abusive telemarketing acts or practices.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District

1  Court and that can be located through a reasonable search of the documents in their
2  possession, custody, or control.

3

4       559.   Please produce all Documents that refer to or relate to, support or refute the
5  allegation set forth in Paragraph 497 of the Complaint that Defendants originated any calls
6  or that they transmitted calls from telephone solicitors who Defendants knew or consciously
7  avoided knowing were violating the Telephone Consumer Protection Act by (1) making
8  telephone solicitations to numbers on the National Do Not Call Registry; (2) using automatic
9  dialing and prerecorded messages; and (3) causing misleading information to be transmitted
10 to users of caller identification technologies or otherwise block or misrepresent the original
11 source of the call."
12 **RESPONSE:**
13 Plaintiffs object to this request for production on the grounds that it seeks information and
14 documents protected by the attorney-client privilege and the attorney work product doctrine.
15 Plaintiff further objects to this request for production on the grounds it seeks information
16 and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.
17 Subject to and without waiving the Preliminary Statement, General Objections, and specific
18 objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
19 responsive documents that have not been previously produced or filed with the District
20 Court and that can be located through a reasonable search of the documents in their
21 possession, custody, or control.

22

23      560.   Please produce all Documents that refer to or relate to, support or refute the
24 allegation set forth in Paragraph 498 of the Complaint that Defendants violated the TCPA
25 by failing to take affirmative measures to prevent new and renewing customers from using
26 their network to originate illegal calls, in violation of 47 CFR § 64.1200(n)(3).
27 **RESPONSE:**
28 Plaintiffs object to this request for production on the grounds that it seeks information and

documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

561.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 499 of the Complaint that Defendants have devised and carried out the above-described business practices knowingly and deliberately.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

562.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 500 of the Complaint that Defendants failed to comply with the requirements of the Telemarketing Sales Rule, as set out in Count I above, in violation of § 14-3201(1) of the MTCPA.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

563.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 501 of the Complaint that Defendants failed to comply with the requirements of the Telephone Consumer Protection Act, as set out in Counts II and III above, in violation of § 14-3201(2) of the MTCPA.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

564.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 502 of the Complaint that Defendants have caused any harm to customers in Maryland.

**RESPONSE:**

Plaintiffs object to this Request on the grounds that it grossly misstates the Plaintiffs' Complaint.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

565.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 503 of the Complaint that Defendants have originated, facilitated and/or transmitted millions of illegal robocalls in Maryland and are liable for millions of dollars in damages.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

566.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 504 of the Complaint that Defendants have engaged in a prohibited practice.

**RESPONSE:**

Plaintiff objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

567.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 505 of the Complaint that Defendants have engaged in any unfair or deceptive trade practice or that they are is subject to the enforcement and penalty provisions contained in Md. Code Ann., Com. Law § 13-401 through § 13-411.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

568.    Please produce Documents, including without limitation CDRs, sufficient to identify each of the 159,576,512 fraudulent robocalls to consumers in Nevada or to consumers with a Nevada based area code as alleged in Paragraph 511 of the Complaint.

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

569.    Please produce Documents sufficient to explain the basis(es) on which You have concluded that the 159,576,512 calls to consumers in Nevada alleged in Paragraph 511 were "fraudulent".

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

570.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 521 of the Complaint that Defendants' conduct in transmitting calls, and attendant acts regarding those calls, violated provisions of the NDTPA, by violating the provisions of NRS 597.814 and 597.818.

1  **RESPONSE:**

2  Plaintiffs object to this request for production on the grounds that it seeks information and

3  documents protected by the attorney-client privilege and the attorney work product doctrine.

4  Plaintiff further objects to this request for production on the grounds it seeks information

5  and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

6  Subject to and without waiving the Preliminary Statement, General Objections, and specific

7  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

8  responsive documents that have not been previously produced or filed with the District

9  Court and that can be located through a reasonable search of the documents in their

10 possession, custody, or control.

11

12      571.    Please produce all Documents that refer to or relate to, support or refute the

13 allegation set forth in Paragraph 524 of the Complaint that Defendant's conduct in

14 transmitting calls, and attendant acts regarding those calls, including, without limitation,

15 disseminating0020unsolicited prerecorded messages to solicit a person to purchase goods

16 or services by telephone when Defendants did not have a preexisting business relationship

17 with the person being called and/or failed to provide the person with statutory required

18 information at the time the person answered the telephone, violated provisions of the

19 NDTPA, by violating NRS 598.0916.

20 **RESPONSE:**

21 Plaintiffs object to this request for production on the grounds that it seeks information and

22 documents protected by the attorney-client privilege and the attorney work product doctrine.

23 Plaintiff further objects to this request for production on the grounds it seeks information

24 and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

25 Subject to and without waiving the Preliminary Statement, General Objections, and specific

26 objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

27 responsive documents that have not been previously produced or filed with the District

28 Court and that can be located through a reasonable search of the documents in their

1  possession, custody, or control.

2

3       572.   Please produce all Documents that refer to or relate to, support or refute the

4  allegation set forth in Paragraph 525 of the Complaint that Defendants repeatedly or

5  continuously conducted a solicitation or presentation in a manner that is considered by a

6  reasonable person to be annoying, abusive, or harassing.

7  **RESPONSE:**

8  Plaintiffs object to this request for production on the grounds that it seeks information and

9  documents protected by the attorney-client privilege and the attorney work product doctrine.

10 Plaintiff further objects to this request for production on the grounds it seeks information

11 and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

12 Subject to and without waiving the Preliminary Statement, General Objections, and specific

13 objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

14 responsive documents that have not been previously produced or filed with the District

15 Court and that can be located through a reasonable search of the documents in their

16 possession, custody, or control.

17

18      573.   Please produce all Documents that refer to or relate to, support or refute the

19 allegation set forth in Paragraph 526 of the Complaint that Defendants repeatedly or

20 continuously conducted a solicitation or presentation in a manner that is considered by a

21 reasonable person to be annoying, abusive, or harassing in violation of the provisions of the

22 NDTPA, by violating NRS 598.0918(2).

23 **RESPONSE:**

24 Plaintiffs object to this request for production on the grounds that it seeks information and

25 documents protected by the attorney-client privilege and the attorney work product doctrine.

26 Plaintiff further objects to this request for production on the grounds it seeks information

27 and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

28 Subject to and without waiving the Preliminary Statement, General Objections, and specific

objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

574.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 528 of the Complaint that Defendants' conduct in allegedly transmitting fraudulent robocalls to consumers in Nevada is in violation of provisions of federal law, including without limitation, the Telemarketing Sales Rule, 16 C.F.R. Part 310 via 15 U.S.C. § 6103(a) and provisions of federal law identified herein.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

575.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 528 that Defendants knew or should have known that the robocalls were in violation of those laws.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request for production on the grounds it seeks information

1  and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

2  Subject to and without waiving the Preliminary Statement, General Objections, and specific

3  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

4  responsive documents that have not been previously produced or filed with the District

5  Court and that can be located through a reasonable search of the documents in their

6  possession, custody, or control.

7

8      576.    Please produce all Documents that refer to or relate to, support or refute the

9  allegation set forth in Paragraph 530 of the Complaint that Defendants transmitted

10  159,576,512 fraudulent robocalls to consumers in Nevada or to consumers with a Nevada

11  based area code.

12  **RESPONSE:**

13  Plaintiffs object to this request for production to the extent that the Request seeks documents

14  already in the custody or control of the Defendants.

15  Subject to and without waiving the Preliminary Statement, General Objections, and specific

16  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

17  responsive documents that have not been previously produced or filed with the District

18  Court and that can be located through a reasonable search of the documents in their

19  possession, custody, or control.

20

21      577.    Please produce all Documents that refer to or relate to, support or refute the

22  allegation set forth in Paragraph 531 of the Complaint that Defendants knowingly

23  transmitted fraudulent robocalls to consumers in Nevada that is in violation of provisions of

24  Nevada State law including, without limitation, the Do Not Call Law, the NDTPA, and other

25  related statutory provisions.

26  **RESPONSE:**

27  Plaintiffs object to this request for production on the grounds that it seeks information and

28  documents protected by the attorney-client privilege and the attorney work product doctrine.

Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

578.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 532 of the Complaint that Defendants knowingly transmitted calls, and undertook attendant acts regarding those calls, t h a t violated provisions of the NDTPA, and/or other statutory provisions violating provisions of federal law, including without  limitation,  the Telemarketing Sales Rule, 16 C.F.R. Part 310 via 15 U.S.C. § 6103(a), and/or provisions of Nevada State law including, without limitation, the Do Not Call Law and the NDTPA.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

579.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 534 of the Complaint that Defendants took advantage of the lack of knowledge, ability, experience or capacity of Nevada consumers to a grossly unfair degree by transmitting calls and carrying out attendant acts regarding those calls as alleged herein, thereby committing an unconscionable practice in a transaction in violation of NRS 598.0923(1)(e).

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

580.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 536 of the Complaint that Defendants violated the Nevada Do Not Call Law, and/or the NDTPA.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District

1  Court and that can be located through a reasonable search of the documents in their
2  possession, custody, or control.

3

4      581.    Please produce all Documents that refer to or relate to, support or refute the
5  allegation set forth in Paragraph 540 of the Complaint that Defendants have engaged in the
6  carrying on, conducting or transaction of business in New York within the meaning of
7  Executive Law § 63(12).
8  **RESPONSE:**
9  Plaintiffs object to this request for production on the grounds that it seeks information and
10  documents protected by the attorney-client privilege and the attorney work product doctrine.
11  Plaintiff further objects to this request for production on the grounds it seeks information
12  and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.
13  Subject to and without waiving the Preliminary Statement, General Objections, and specific
14  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
15  responsive documents that have not been previously produced or filed with the District
16  Court and that can be located through a reasonable search of the documents in their
17  possession, custody, or control.

18

19      582.    Please produce all Documents that refer to or relate to, support or refute the
20  allegation set forth in Paragraph 541 the Defendants have engaged in repeated and persistent
21  illegality by facilitating illegal calls in violation of the GBL § 399-z as set forth in the
22  following Sections.
23  **RESPONSE:**
24  Plaintiffs object to this request for production on the grounds that it seeks information and
25  documents protected by the attorney-client privilege and the attorney work product doctrine.
26  Plaintiff further objects to this request for production on the grounds it seeks information
27  and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.
28  Subject to and without waiving the Preliminary Statement, General Objections, and specific

–321–

1   objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
2   responsive documents that have not been previously produced or filed with the District
3   Court and that can be located through a reasonable search of the documents in their
4   possession, custody, or control.
5
6       583.   Please produce all Documents that refer to or relate to, support or refute the
7   allegation set forth in Paragraph 542 that Defendants are a "telemarketer" or that they "make
8   or cause to be made any unsolicited telemarketing sales call to any customer when that
9   customer's telephone number has been on the national 'do-not-call' registry..."
10  **RESPONSE:**
11  Plaintiffs object to this request for production on the grounds that it seeks information and
12  documents protected by the attorney-client privilege and the attorney work product doctrine.
13  Plaintiff further objects to this request for production on the grounds it seeks information
14  and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.
15  Subject to and without waiving the Preliminary Statement, General Objections, and specific
16  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
17  responsive documents that have not been previously produced or filed with the District
18  Court and that can be located through a reasonable search of the documents in their
19  possession, custody, or control.
20
21      584.   Please produce all Documents that refer to or relate to, support or refute the
22  allegation set forth in Paragraph 543 that Defendants have "initiat[ed] any telemarketing
23  sales call by means of a technology that delivers a pre-recorded message."
24  **RESPONSE:**
25  Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint.
26  Subject to and without waiving the Preliminary Statement, General Objections, and specific
27  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
28  responsive documents that have not been previously produced or filed with the District

–322–

Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

585.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 544 that Defendants have repeatedly facilitated unsolicited telemarketing sales calls to customers whose telephone numbers were on the national do-not-call registry and had been for at least 31 days prior to the call being made.

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

586.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 545 that Defendants have repeatedly provided (sic) facilitated the initiation of telemarketing sales calls by means of a technology that delivered pre-recorded messages, without the customers' prior express written consent.

**RESPONSE:**

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

In response to previous requests, Plaintiffs have already produced expert witness disclosures, expert reports and any supporting materials used or referenced by the expert(s). Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

587.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 546 that Defendants have engaged in repeated illegal conduct in violation of Executive Law § 63(12).

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

588.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 550 that Defendants were operating automatic dialing-announcing devices which use random or sequential number generators to produce numbers to be called.

**RESPONSE:**

Plaintiffs object to this Request to the extent that it misstates the Plaintiffs' Complaint.

Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

In response to previous requests, Plaintiffs have already produced expert witness disclosures, expert reports and any supporting materials used or referenced by the expert(s). Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

589.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 556 of the Complaint that Defendants have transmitted calls from telephone solicitors who Defendants knew or consciously avoided knowing were violating the North Carolina Telephone Solicitations Act.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

590.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 563 of the Complaint that Defendants have acted affecting commerce based on those alleged acts.

1   **RESPONSE:**

2   Plaintiffs object to this request for production on the grounds that it seeks information and

3   documents protected by the attorney-client privilege and the attorney work product doctrine.

4   Plaintiff further objects to this request for production on the grounds it seeks information

5   and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

6   Subject to and without waiving the Preliminary Statement, General Objections, and specific

7   objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

8   responsive documents that have not been previously produced or filed with the District

9   Court and that can be located through a reasonable search of the documents in their

10  possession, custody, or control.

11

12      591.   Please produce all Documents that refer to or relate to, support or refute the

13  allegation set forth in Paragraph 565 the Complaint that Defendants engaged in acts or

14  practices that were offensive to established North Carolina public policy, as well as

15  immoral, unethical, oppressive, unscrupulous, and substantially injurious to North Carolina

16  consumers across the State.

17  **RESPONSE:**

18  Plaintiffs object to this request for production on the grounds that it seeks information and

19  documents protected by the attorney-client privilege and the attorney work product doctrine.

20  Plaintiff further objects to this request for production on the grounds it seeks information

21  and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

22  Subject to and without waiving the Preliminary Statement, General Objections, and specific

23  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

24  responsive documents that have not been previously produced or filed with the District

25  Court and that can be located through a reasonable search of the documents in their

26  possession, custody, or control.

27

28

592.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 566 the Complaint that Defendants have devised and carried out the above-described business practices knowingly and deliberately.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

593.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 567 the Complaint that Defendants have provided substantial assistance or support, through the provision of Avid Telecom services, to one or more sellers or telemarketers who Defendants knew or should have known were engaged in the deceptive or abusive telemarketing acts or practices set out in the TSR Counts above.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their

1    possession, custody, or control.

2

3       594.    Please produce all Documents that refer to or relate to, support or refute the

4    allegation set forth in Paragraph 568 the Complaint that Defendants engaged in the acts or

5    practices enumerated in the paragraphs above as deceptive telemarketing acts or practices

6    in violation of the TSR. 16 C.F.R. § 310.3(b).

7    **RESPONSE:**

8    Plaintiffs object to this request for production on the grounds that it seeks information and

9    documents protected by the attorney-client privilege and the attorney work product doctrine.

10    Plaintiff further objects to this request for production on the grounds it seeks information

11    and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

12    Subject to and without waiving the Preliminary Statement, General Objections, and specific

13    objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

14    responsive documents that have not been previously produced or filed with the District

15    Court and that can be located through a reasonable search of the documents in their

16    possession, custody, or control.

17

18       595.    Please produce all Documents that refer to or relate to, support or refute the

19    allegation set forth in Paragraph 570 of the Complaint that Defendants engaged in acts or

20    practices that are unfair or deceptive trade practices under the TSR are also deceptive or

21    misleading and constitute unfair or deceptive trade practices prohibited by N.C. Gen. Stat.

22    § 75-1.1 and are violations of North Carolina's Unfair or Deceptive Trade Practices Act.

23    **RESPONSE:**

24    Plaintiffs object to this request for production on the grounds that it seeks information and

25    documents protected by the attorney-client privilege and the attorney work product doctrine.

26    Plaintiff further objects to this request for production on the grounds it seeks information

27    and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

28    Subject to and without waiving the Preliminary Statement, General Objections, and specific

objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

596.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 571 of the Complaint that Defendants engaged in acts or practices, representations and omissions that violate the prohibition against unfair or deceptive business practices found in Section 75-1.1 of the North Carolina General Statutes.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

597.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 578 of the Complaint that Defendants Avid Telecom, Lansky, and Reeves engaged in violations of N.D.C.C. § 51-15-02.3 by providing assistance or support, through the provision of merchandise or services, to one or more callers who Defendants knew or consciously avoided knowing were engaged in violations of the North Dakota Telephone Solicitations Act, N.D.C.C. chapter 51-28, and Unlawful Sales or Advertising Practices law, N.D.C.C. chapter 51-15.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

598.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 579 of the Complaint that Defendants Avid Telecom, Lansky, and Reeves engaged in violations of N.D.C.C. § 51-15-02.3 by originating and/or transmitting calls from one or more caller who Defendants knew or consciously avoided knowing were engaged in violations of the North Dakota Telephone Solicitations Act, N.D.C.C. chapter 51-28, and Unlawful Sales or Advertising Practices law, N.D.C.C. chapter 51-15.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

599.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 580 of the Complaint that Defendants Avid Telecom, Lansky, and Reeves assisted or supported unlawful robocalls to North Dakota subscribers, which robocalls violated N.D.C.C. chs. 51-28 and 51-15.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

600.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 585 of the Complaint that Defendants Avid Telecom, Lansky, and Reeves originated, routed, or transmitted illegal robocalls across the U.S. telephone network to millions of telephone subscribers.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants. Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

1  responsive documents that have not been previously produced or filed with the District

2  Court and that can be located through a reasonable search of the documents in their

3  possession, custody, or control.

4

5      601.    Please produce all Documents that refer to or relate to, support or refute the

6  allegation set forth in Paragraph 586 of the Complaint that Defendants Avid Telecom,

7  Lansky, and Reeves provided support and services to Avid Telecom's customers engaged

8  in unlawful conduct, including dialing software, including a predictive dialer, call leads, and

9  expertise, or directly participated in Avid Telecom's customers' unlawful acts or practices.

10  **RESPONSE:**

11  Plaintiffs object to this request for production on the grounds that it seeks information and

12  documents protected by the attorney-client privilege and the attorney work product doctrine.

13  Plaintiff further objects to this request for production on the grounds it seeks information

14  and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

15  Subject to and without waiving the Preliminary Statement, General Objections, and specific

16  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

17  responsive documents that have not been previously produced or filed with the District

18  Court and that can be located through a reasonable search of the documents in their

19  possession, custody, or control.

20

21      602.    Please produce all Documents that refer to or relate to, support or refute the

22  allegation set forth in Paragraph 587 of the Complaint that Defendants Avid Telecom,

23  Lansky, and Reeves assisted and facilitated Avid Telecom's customers' attempts to

24  circumvent legal and regulatory protections for consumers.

25  **RESPONSE:**

26  Plaintiffs object to this request for production on the grounds that it seeks information and

27  documents protected by the attorney-client privilege and the attorney work product doctrine.

28  Plaintiff further objects to this request for production on the grounds it seeks information

–332–

1  and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

2  Subject to and without waiving the Preliminary Statement, General Objections, and specific

3  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

4  responsive documents that have not been previously produced or filed with the District

5  Court and that can be located through a reasonable search of the documents in their

6  possession, custody, or control.

7

8       603.   Please produce all Documents that refer to or relate to, support or refute the

9  allegation set forth in Paragraph 588 of the Complaint that Defendants conduct offends

10  public policy, as embodied in federal and state law, and is immoral, unethical, oppressive,

11  unscrupulous, or substantially injurious to consumers.

12  **RESPONSE:**

13  Plaintiffs object to this request for production on the grounds that it seeks information and

14  documents protected by the attorney-client privilege and the attorney work product doctrine.

15  Plaintiff further objects to this request for production on the grounds it seeks information

16  and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

17  Subject to and without waiving the Preliminary Statement, General Objections, and specific

18  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

19  responsive documents that have not been previously produced or filed with the District

20  Court and that can be located through a reasonable search of the documents in their

21  possession, custody, or control.

22

23       604.   Please produce all Documents that refer to or relate to, support or refute the

24  allegation set forth in Paragraph 589 of the Complaint that the robocall traffic Defendants

25  transmit and support causes injury, or is likely to cause substantial injury, to persons, which

26  injury is not reasonably avoidable by the injured person and not outweighed by

27  countervailing benefits to consumers or to competition.

28

1  **RESPONSE:**

2  Plaintiffs object to this request for production on the grounds that it seeks information and

3  documents protected by the attorney-client privilege and the attorney work product doctrine.

4  Plaintiff further objects to this request for production on the grounds it seeks information

5  and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

6  Subject to and without waiving the Preliminary Statement, General Objections, and specific

7  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

8  responsive documents that have not been previously produced or filed with the District

9  Court and that can be located through a reasonable search of the documents in their

10  possession, custody, or control.

11

12     605.   Please produce all Documents that refer to or relate to, support or refute the

13  allegation set forth in Paragraph 590 of the Complaint that Defendants Avid Telecom,

14  Lansky, and Reeves' acts or practices, as described herein, are deceptive, unconscionable,

15  or causes or is likely to cause substantial injury to a person which is not reasonably avoidable

16  by the injured person and not outweighed by countervailing benefits to consumers or to

17  competition, in violation of North Dakota's Unlawful Sales or Advertising Practices law,

18  N.D.C.C., § 51-15-02.

19  **RESPONSE:**

20  Plaintiffs object to this request for production on the grounds that it seeks information and

21  documents protected by the attorney-client privilege and the attorney work product doctrine.

22  Plaintiff further objects to this request for production on the grounds it seeks information

23  and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

24  Subject to and without waiving the Preliminary Statement, General Objections, and specific

25  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

26  responsive documents that have not been previously produced or filed with the District

27  Court and that can be located through a reasonable search of the documents in their

28  possession, custody, or control.

606.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 597 of the Complaint that Avid Telekom (sic), Lansky, and Reeves repeatedly facilitated and caused violations of the TSSA in support of their telephonic seller customers by the acts enumerated in that paragraph.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

607.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 603 of the Complaint that Defendants' acts or practices enumerated in the foregoing paragraphs have been in the conduct of any trade or commerce in Rhode Island.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

1  responsive documents that have not been previously produced or filed with the District

2  Court and that can be located through a reasonable search of the documents in their

3  possession, custody, or control.

4

5       608.   Please produce all Documents that refer to or relate to, support or refute the

6  allegation set forth in Paragraph 604 of the Complaint that Defendants originated and/or

7  transmitted across the U.S. telephone network violated the TSSA and possessed the

8  tendency or capacity to mislead, deceive, and/or create a likelihood of confusion or

9  misunderstanding.

10 **RESPONSE**:

11 Plaintiffs object to this request for production on the grounds that it seeks information and

12 documents protected by the attorney-client privilege and the attorney work product doctrine.

13 Plaintiff further objects to this request for production on the grounds it seeks information

14 and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

15 Subject to and without waiving the Preliminary Statement, General Objections, and specific

16 objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

17 responsive documents that have not been previously produced or filed with the District

18 Court and that can be located through a reasonable search of the documents in their

19 possession, custody, or control.

20

21      609.   Please produce all Documents that refer to or relate to, support or refute the

22 allegation set forth in Paragraph 604 that Defendants directly participated in these

23 misleading, deceptive, and/or confusing acts and practices by supporting and servicing Avid

24 Telecom's customers by, for example, providing them with DIDs, providing them with

25 Rhode Islanders to target, and assisting them as they attempt to circumvent legal and

26 regulatory protections for consumers.

27 **RESPONSE**:

28 Plaintiffs object to this request for production on the grounds that it seeks information and

documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

610. Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 605 of the Complaint that Defendants' acts or practices enumerated above were likewise a violation of public policy, embodied in federal and state law and regulation including the TSR, 16 C.F.R. § 310.3(b) and that these practices are also immoral, unethical, oppressive, unscrupulous, and substantially injurious to Rhode Island consumers.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

611.   Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 606 of the Complaint that Defendants' acts, practices, representations, and omissions of Defendants described herein, pursuant to R.I. Gen. Laws § 6-13.1-2 and § 6-13.1-5, violate the prohibition against unfair or deceptive trade practices found in RI DTPA.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

612.   Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 610 of the Complaint that the calls that Defendants originated and/or transmitted across the U.S. telephone network possessed the tendency or capacity to mislead or create the likelihood of deception.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District

1  Court and that can be located through a reasonable search of the documents in their

2  possession, custody, or control.

3

4      613.   Please produce all Documents that refer to or relate to, support or refute the

5  allegation set forth in Paragraph 613 of the Complaint that Defendants have provided

6  substantial assistance or support, through the provision of Avid Telecom's services, to one

7  or more sellers or telemarketers who Defendants knew or should have known were engaged

8  in the deceptive or abusive telemarketing acts or practices set out in in the TSR Counts

9  above.

10 **RESPONSE**:

11 Plaintiffs object to this request for production on the grounds that it seeks information and

12 documents protected by the attorney-client privilege and the attorney work product doctrine.

13 Plaintiff further objects to this request for production on the grounds it seeks information

14 and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

15 Subject to and without waiving the Preliminary Statement, General Objections, and specific

16 objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

17 responsive documents that have not been previously produced or filed with the District

18 Court and that can be located through a reasonable search of the documents in their

19 possession, custody, or control.

20

21     614.   Please produce all Documents that refer to or relate to, support or refute the

22 allegation set forth in Paragraph 614 of the Complaint that Defendants directed, controlled,

23 had the authority to control, with knowledge approved of, and participated in the business

24 practices described herein.

25 **RESPONSE**:

26 Plaintiffs object to this request for production on the grounds that it seeks information and

27 documents protected by the attorney-client privilege and the attorney work product doctrine.

28 Plaintiff further objects to this request for production on the grounds it seeks information

1  and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

2  Subject to and without waiving the Preliminary Statement, General Objections, and specific

3  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

4  responsive documents that have not been previously produced or filed with the District

5  Court and that can be located through a reasonable search of the documents in their

6  possession, custody, or control.

7

8      615.    Please produce all Documents that refer to or relate to, support or refute the

9  allegation set forth in Paragraph 615 of the Complaint that Defendants practices have

10  impacted the public interest and is likely to continue without relief from this Court.

11  **RESPONSE:**

12  Plaintiffs object to this request for production on the grounds that it seeks information and

13  documents protected by the attorney-client privilege and the attorney work product doctrine.

14  Plaintiff further objects to this request for production on the grounds it seeks information

15  and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

16  Subject to and without waiving the Preliminary Statement, General Objections, and specific

17  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

18  responsive documents that have not been previously produced or filed with the District

19  Court and that can be located through a reasonable search of the documents in their

20  possession, custody, or control.

21

22      616.    Please produce all Documents that refer to or relate to, support or refute the

23  allegation set forth in Paragraph 620 of the Complaint that Defendants violated Wis. Admin.

24  Code § ATCP 127.20 by knowingly assisting, through its VoIP provider services, sellers

25  who Defendants knew were engaged in activities or practices which violated Subchapter II.

26  **RESPONSE:**

27  Plaintiffs object to this request for production on the grounds that it seeks information and

28  documents protected by the attorney-client privilege and the attorney work product doctrine.

–340–

Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Plaintiffs object to this Request to the extent that the Request seeks documents already in the possession or control of Defendants. Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

617.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 621 of the Complaint that Defendants knowingly assisted sellers who made telephone solicitations that violated Wis. Admin. Code § ATCP 127.04 when the sellers failed to disclose in a telephone solicitation.

**RESPONSE:**

Plaintiffs object to this Request to the extent that the Request seeks documents already in the possession or control of Defendants.

Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

618.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 622 of the Complaint that Defendants knowingly assisted sellers who made telephone solicitations that violated Wis. Admin. Code § ATCP 127.14 when the sellers engaged in the described activities.

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

619.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 623 of the Complaint that Defendants knowingly assisted sellers who initiated telephone solicitations to consumers before 8:00 AM or after 9:00 PM without the prior consent of the consumers in violation of Wis. Admin. Code § ATCP 127.16(3).

**RESPONSE:**

Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

–342–

1   Subject to and without waiving the Preliminary Statement, General Objections, and specific
2   objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
3   responsive documents that have not been previously produced or filed with the District
4   Court and that can be located through a reasonable search of the documents in their
5   possession, custody, or control.

6

7       620.    Please produce all Documents that refer to or relate to, support or refute the
8   allegation set forth in Paragraph 624 of the Complaint that Defendants violated Wis. Admin.
9   Code § ATCP 127.20 each time a seller, knowingly assisted by Defendants, violated Wis.
10  Admin. Code §§ ATCP 127.04, 127.14 and/or 127.16(3).
11  **RESPONSE:**
12  Plaintiffs object to this request for production on the grounds that it seeks information and
13  documents protected by the attorney-client privilege and the attorney work product doctrine.
14  Plaintiff further objects to this request for production on the grounds it seeks information
15  and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.
16  Subject to and without waiving the Preliminary Statement, General Objections, and specific
17  objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant
18  responsive documents that have not been previously produced or filed with the District
19  Court and that can be located through a reasonable search of the documents in their
20  possession, custody, or control.

21

22      621.    Please produce all Documents that refer to or relate to, support or refute the
23  allegation set forth in Paragraph 628 of the Complaint that Defendants violated Wis. Admin.
24  Code § ATCP 127.82(2) when the persons made telephone solicitations, either directly or
25  through an employee or agent, to covered telephone customers whose telephone numbers
26  then appeared on the state do-not-call registry.
27  **RESPONSE:**
28  Plaintiffs object to this request for production on the grounds that it seeks information and

–343–

documents protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff further objects to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

622.    Please produce all Documents that refer to or relate to, support or refute the allegation set forth in Paragraph 629 of the Complaint that Defendants violated Wis. Admin. Code § ATCP 127.83(2)(b) when the persons used electronically prerecorded messages in telephone calls for the purpose of encouraging a covered or noncovered telephone customer to purchase property, goods, or services, without first obtaining a written agreement that contains the telephone number and signature of the customer to be called, where the agreement discloses in writing that the customer is not required to sign the agreement as a condition of making a purchase and, by signing the agreement, the customer authorizes telemarketing calls from that person, and where the provisions of Wis. Admin. Code §§ ATCP 127.80(10)(a) or (b) do not apply.

**RESPONSE:** Plaintiffs object to this request for production on the grounds that it seeks information and documents protected by the attorney-client privilege and the attorney work product doctrine.

Plaintiffs further object to this request for production on the grounds it seeks information and testimony regarding legal theories, analyses, and conclusions instead of fact testimony. Plaintiffs object to this request for production to the extent that the Request seeks documents already in the custody or control of the Defendants.

Subject to and without waiving the Preliminary Statement, General Objections, and specific objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

1 responsive documents that have not been previously produced or filed with the District

2 Court and that can be located through a reasonable search of the documents in their

3 possession, custody, or control.

4

5       623.   Please produce all Documents that refer to or relate to, support or refute the

6 allegation set forth in Paragraph 630 of the Complaint that Defendants violated Wis. Admin.

7 Code § ATCP 127.83(2)(d) each time a person, knowingly facilitated by Defendants,

8 violated Wis. Admin. Code § ATCP 127.82(2) and/or 127.83(2)(b).

9 **RESPONSE:**

10 Plaintiffs object to this request for production on the grounds that it seeks information and

11 documents protected by the attorney-client privilege and the attorney work product doctrine.

12 Plaintiff further objects to this request for production on the grounds it seeks information

13 and testimony regarding legal theories, analyses, and conclusions instead of fact testimony.

14 Subject to and without waiving the Preliminary Statement, General Objections, and specific

15 objections, the Plaintiffs will produce non-privileged, non-duplicative, and relevant

16 responsive documents that have not been previously produced or filed with the District

17 Court and that can be located through a reasonable search of the documents in their

18 possession, custody, or control.

19

20

21       *The remainder of this page is intentionally left blank.*

22

23

24

25

26

27

28

RESPECTFULLY SUBMITTED this 17th day of September 2025.

**FOR THE STATE OF ARIZONA:**

KRISTIN K. MAYES
Attorney General for the State of
Arizona

/s/ John Raymond Dillon IV
JOHN RAYMOND DILLON IV (AZ
Bar No. 036796)
SARAH PELTON (AZ Bar No.
039633)
Assistant Attorneys General
Arizona Attorney General's Office
2005 North Central Avenue
Phoenix, AZ 85004
Phone:  (602) 542-8018
Fax:     (602) 542-4377
john.dillonIV@azag.gov
sarah.pelton@azag.gov
*Attorneys for the State of Arizona*

**FOR THE STATE OF INDIANA:**

TODD ROKITA
Attorney General for the State of
Indiana

/s/ Douglas S. Swetnam
DOUGLAS S. SWETNAM (IN Bar No.
15860-49)
THOMAS L. MARTINDALE (IN Bar
No. 29706-64)
Deputy Attorneys General
Office of the Indiana Attorney General
Todd Rokita
Indiana Govt. Center South, 5th Fl.
302 W. Washington St.
Indianapolis, IN 46204-2770
Phone: (317) 232-6294 (Swetnam)
        (317) 232-7751 (Martindale)
Fax:    (317) 232-7979
douglas.swetnam@atg.in.gov
thomas.martindale@atg.in.gov
*Attorneys for the State of Indiana*

1

**FOR THE STATE OF NORTH CAROLINA:**

2

3

JEFF JACKSON
Attorney General for the State of North Carolina

4

5

/s/ Tracy Nayer

6

TRACY NAYER (NC Bar No. 36964)
ROCHELLE SPARKO (NC Bar No. 38528)

7

8

Special Deputy Attorneys General
North Carolina Department of Justice
Consumer Protection Division
P.O. Box 629
Raleigh, North Carolina 27602
Phone: (919) 716-6400
Fax: (919) 716-6050
tnayer@ncdoj.gov
rsparko@ncdoj.gov
*Attorneys for the State of North Carolina*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FOR THE STATE OF OHIO:**

DAVE YOST
Attorney General for the State of Ohio

/s/ Erin Leahy
ERIN B. LEAHY (OH Bar No. 0069509)
Senior Assistant Attorney General
Office of Attorney General Dave Yost
30 East Broad Street, 14th Fl.
Columbus, OH 43215
Phone: (614) 752-4730
Fax: (866) 768-2648
Erin.Leahy@OhioAGO.gov
*Attorney for the State of Ohio*

***Lead Counsel for Plaintiffs***

1

**ROB BONTA**
**Attorney General of California**

2

3
/s/ Nicklas A. Akers
Nicklas A. Akers (CA Bar No. 211222)

4
Senior Assistant Attorney General
Bernard A. Eskandari (CA Bar No.

5
244395)

6
Supervising Deputy Attorney General
Timothy D. Lundgren (CA Bar No.

7
254596)

8
Rosailda Perez (CA Bar No. 284646)
Deputy Attorneys General

9
Office of the California Attorney

10
General
300 S. Spring St., Suite 1702

11
Los Angeles, CA 90013
Phone:(415) 510-3364 (Akers)

12
        (213) 269-6348 (Eskandari)

13
        (213) 269-6355 (Lundgren)
        (213) 269-6612 (Perez)

14
Fax:    (916) 731-2146

15
nicklas.akers@doj.ca.gov

16
bernard.eskandari@doj.ca.gov
timothy.lundgren@doj.ca.gov

17
rosailda.perez@doj.ca.gov
*Attorneys for Plaintiff People of the*

18
*State of California*

19

20

21

22

23

24

25

26

27

28

**JAMES UTHMEIER**
**Attorney General of Florida**

/s/ Sean P. Saval
Sean P. Saval (FL Bar No. 96500)
Sr. Assistant Attorney General
Michael P. Roland (FL Bar No. 44856)
Assistant Attorney General
Office of the Florida Attorney General
Department of Legal Affairs
Consumer Protection Division
3507 E. Frontage Rd, Suite 325
Tampa, FL 33607
Phone: (813) 287-7950
Fax:    (813) 281-5515
Sean.Saval@myfloridalegal.com
michael.roland@myfloridalegal.com
Zivile.Rimkevicius@myfloridalegal.com
*Attorneys for Plaintiff James Uthmeier,*
*Attorney General of the State of Florida*

**ANTHONY G. BROWN**
**Attorney General of Maryland**

/s/ Philip Ziperman
Philip Ziperman (Fed. Bar No. 12430)
Deputy Counsel
Office of the Attorney General
200 St. Paul Place
Baltimore, MD 21202
Phone: (410) 576-6417
Fax:    (410) 576-6566
pziperman@oag.state.md.us
*Attorney for Plaintiff Maryland Office*
*of the Attorney General*

**AARON D. FORD**
**Attorney General of Nevada**

/s/ Michelle C. Badorine
Michelle C. Badorine (NV Bar No. 13206)
Senior Deputy Attorney General
Office of the Nevada Attorney General
Bureau of Consumer Protection
100 North Carson Street
Carson City, NV 89701-4717
Phone: (775) 684-1164
Fax:    (775) 684-1299
MBadorine@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

**LETITIA JAMES**
**Attorney General of New York**

/s/ Glenna Goldis
Glenna Goldis (NY Bar No. 4868600)
Assistant Attorney General
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (646) 856-3697
Glenna.goldis@ag.ny.gov
*Attorney for Plaintiff Office of the Attorney General of the State of New York*

**DREW H. WRIGLEY**
**Attorney General of North Dakota**

/s/ Elin S. Alm
Elin S. Alm (ND Bar No. 05924)
Christopher Glenn Lindblad (ND Bar No. 06480)
Assistant Attorneys General
Office of North Dakota Attorney General
Consumer Protection & Antitrust Division
1720 Burlington Drive, Suite C
Bismarck, ND 58504-7736
Phone: (701) 328-5570
Fax:    (701) 328-5568
ealm@nd.gov
clindblad@nd.gov
*Attorneys for Plaintiff State of North Dakota*

**PETER F. NERONHA**
**Attorney General of Rhode Island**

/s/ Stephen N. Provazza
Stephen N. Provazza (RI Bar No. 10435)
Special Assistant Attorney General
Rhode Island Office of the Attorney General
150 S. Main Street
Providence, RI 02903
Phone: (401) 274-4400, ext. 2476
Fax:    (401) 222-1766
sprovazza@riag.ri.gov
*Attorney for Plaintiff State of Rhode Island, by Attorney General Peter Neronha*

–349–

**NICHOLAS W. BROWN**
**Attorney General of Washington**

/s/ Zorba Leslie
Zorba Leslie (WA Bar No. 58523)
Assistant Attorney General
Washington State Attorney General's
Office
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Phone: (206) 340-6787
Fax:    (206) 464-6451
zorba.leslie@atg.wa.gov
*Attorney for Plaintiff State of
Washington*

**JOSHUA L. KAUL**
**Attorney General of Wisconsin**

/s/ Gregory A. Myszkowski
Gregory A. Myszkowski (WI Bar No.
1050022)
Assistant Attorney General
Wisconsin Department of Justice
P.O. Box 7857
Madison, WI 53707-7857
Phone: (608) 266-7656
Fax:    (608) 294-2907
gregory.myszkowski@wisdoj.gov
*Attorney for Plaintiff State of Wisconsin*

***Counsel for Plaintiffs with State Claims***

**CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2025, I caused the foregoing **PLAINTIFF STATES' SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS** to be served via electronic mail upon counsel of record.

/s/ Rochelle Sparko
Special Deputy Attorney General
Counsel for the Plaintiff State of North Carolina

## LIST OF PLAINTIFFS' COUNSEL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

John Raymond Dillon IV (AZ Bar No. 036796)
Sarah Pelton (AZ Bar No. 039633)
Assistant Attorneys General
Arizona Attorney General's Office
2005 North Central Avenue
Phoenix, AZ 85004
Phone: (602) 542-8018
Fax:    (602) 542-4377
john.dillonIV@azag.gov
sarah.pelton@azag.gov
*Attorneys for Plaintiff State of Arizona*

Douglas S. Swetnam (IN Bar No. 15860-49)
Thomas L. Martindale (IN Bar No. 29706-64)
Deputy Attorneys General
Office of the Indiana Attorney General
Todd Rokita
Indiana Govt. Center South, 5th Fl.
302 W. Washington St.
Indianapolis, IN 46204-2770
Phone: (317) 232-6294 (Swetnam)
        (317) 232-7751 (Martindale)
Fax:    (317) 232-7979
douglas.swetnam@atg.in.gov
thomas.martindale@atg.in.gov
*Attorneys for Plaintiff State of Indiana*

Tracy Nayer (NC Bar No. 36964)
Rochelle Sparko (NC Bar No. 38528)
Special Deputy Attorneys General
North Carolina Department of Justice
Consumer Protection Division
P.O. Box 629
Raleigh, North Carolina 27602
Phone:   (919) 716-6000
Fax:     (919) 716-6050
tnayer@ncdoj.gov
rsparko@ncdoj.gov
*Attorneys for Plaintiff State of North Carolina*

Erin B. Leahy (OH Bar No. 0069509)
Senior Assistant Attorney General
Office of Attorney General Dave Yost
30 East Broad Street, 14th Fl.
Columbus, OH 43215
Phone: (614) 752-4730
Fax:    (866) 768-2648
Erin.Leahy@OhioAGO.gov
*Attorney for Plaintiff State of Ohio*

***Lead Counsel for Plaintiffs***

Lindsay D. Barton (AL Bar No. 1165-G00N)
Robert D. Tambling (AL Bar No. 6026-N67R)
Assistant Attorneys General
Office of the Alabama Attorney General
501 Washington Avenue
Montgomery, Alabama 36130
Phone: (334) 353-2609 (Barton)
           (334) 242-7445 (Tambling)
Fax:     (334) 353-8400
Lindsay.Barton@AlabamaAG.gov
Robert.Tambling@AlabamaAG.gov
*Attorneys for Plaintiff State of Alabama*

Amanda Wentz (AR Bar No. 2021066)
Assistant Attorney General
Office of Attorney General Tim Griffin
101 West Capitol Avenue
Little Rock, AR 72201
Phone: (501) 682-1178
Fax:     (501) 682-8118
amanda.wentz@arkansasag.gov
*Attorney for Plaintiff State of Arkansas*

Nicklas A. Akers (CA Bar No. 211222)
Senior Assistant Attorney General
Bernard A. Eskandari (CA Bar No. 244395)
Supervising Deputy Attorney General
Timothy D. Lundgren (CA Bar No. 254596)
Rosailda Perez (CA Bar No. 284646)
Deputy Attorneys General
Office of the California Attorney General
300 S. Spring St., Suite 1702
Los Angeles, CA 90013
Phone: (415) 510-3364 (Akers)
           (213) 269-6348 (Eskandari)
           (213) 269-6355 (Lundgren)
           (213) 269-6612 (Perez)
Fax:     (916) 731-2146
nicklas.akers@doj.ca.gov
bernard.eskandari@doj.ca.gov
timothy.lundgren@doj.ca.gov
rosailda.perez@doj.ca.gov
*Attorneys for Plaintiff People of the State of California*

Michel Singer Nelson (CO Bar No. 19779)
Assistant Attorney General II
Colorado Office of the Attorney General
Ralph L. Carr Judicial Building
1300 Broadway, 10th Floor
Denver, CO 80203
Phone: (720) 508-6220
michel.singernelson@coag.gov
*Attorney for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

Brendan T. Flynn (Fed. Bar No. ct04545,
CT Bar No. 419935)
Assistant Attorney General
Office of the Connecticut Attorney General William Tong
165 Capitol Avenue, Suite 4000
Hartford, CT 06106
Phone: (860) 808-5400
Fax:    (860) 808-5593
brendan.flynn@ct.gov
*Attorney for Plaintiff State of Connecticut*

Ryan Costa (DE Bar No. 5325)
Deputy Attorney General
Delaware Department of Justice
820 N. French Street, 5th Floor
Wilmington, DE 19801
Phone: (302) 683-8811
Fax:    (302) 577-6499
Ryan.costa@delaware.gov
*Attorney for Plaintiff State of Delaware*

Laura C. Beckerman (DC Bar No. 1008120)
Senior Trial Counsel
Public Advocacy Division
D.C. Office of the Attorney General
400 6th Street NW, 10th Floor
Washington, DC 20001
Phone: (202) 655-7906
Laura.Beckerman@dc.gov
*Attorney for Plaintiff District of Columbia*

Sean P. Saval (FL Bar No. 96500)
Sr. Assistant Attorney General
Michael P. Roland (FL Bar No. 44856)
Assistant Attorney General
Office of the Florida Attorney General
Department of Legal Affairs
Consumer Protection Division
3507 E. Frontage Rd, Suite 325
Tampa, FL 33607
Phone: (813) 287-7950
Fax:    (813) 281-5515
Sean.Saval@myfloridalegal.com
michael.roland@myfloridalegal.com
Zivile.Rimkevicius@myfloridalegal.com
*Attorneys for Plaintiff James Uthmeier, Attorney General of the State of Florida*

David A. Zisook (GA Bar No. 310104)
Senior Assistant Attorney General
Office of the Georgia Attorney General
40 Capitol Square SW
Atlanta, GA 30334
Phone: (404) 458-4294
Fax:    (404) 464-8212
dzisook@law.ga.gov
*Attorney for Plaintiff State of Georgia*

Christopher J.I. Leong (HI Bar No. 9662)
Deputy Attorney General
Hawaii Department of the Attorney General
425 Queen Street
Honolulu, HI 96813
Phone: (808) 586-1180
Fax:    (808) 586-1205
christopher.ji.leong@hawaii.gov
*Attorney for Plaintiff State of Hawaii*

James J. Simeri (ID Bar No. 12332)
Consumer Protection Division Chief
Idaho Attorney General's Office
P.O. Box 83720
Boise, ID 83720-0010
Phone: (208) 334-4114
james.simeri@ag.idaho.gov
*Attorney for Plaintiff State of Idaho*

Philip Heimlich (IL Bar No. 6286375)
Assistant Attorney General
Elizabeth Blackston (IL Bar No. 6228859)
Consumer Fraud Bureau Chief
Office of the Illinois Attorney General
500 S. Second Street
Springfield, IL 62791
Phone: (217) 782-4436
philip.heimlich@ilag.gov
elizabeth.blackston@ilag.gov
*Attorneys for Plaintiff People of the State of Illinois*

Benjamin Bellus (IA Bar No. AT0000688)
William Pearson (IA Bar No. AT0012070)
Assistant Attorneys General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Phone: (515) 242-6536 (Bellus)
          (515) 242-6773 (Pearson)
Fax:    (515) 281-6771
Benjamin.Bellus@ag.iowa.gov
William.Pearson@ag.iowa.gov
*Attorneys for Plaintiff State of Iowa*

Nicholas C. Smith (KS Bar No. 29742)
Sarah M. Dietz (KS Bar No. 27457)
Assistant Attorneys General
Consumer Protection Section
Office of the Kansas Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, KS 66612
Phone: (785) 296-3751
Fax:    (785) 291-3699
Nicholas.Smith@ag.ks.gov
sarah.dietz@ag.ks.gov
*Attorneys for Plaintiff State of Kansas*

Jacob P. Ford (KY Bar No. 95546)
Assistant Attorney General
Office of the Attorney General,
Commonwealth of Kentucky
1024 Capital Center Drive, Ste. 200
Frankfort, KY 40601
Phone: (502) 871-2044
jacobp.ford@ky.gov
*Attorney for Plaintiff Commonwealth of Kentucky*

ZaTabia N. Williams (LA Bar No. 36933)
Assistant Attorney General
Office of the Attorney General Liz Murrill
1885 North Third St.
Baton Rouge, LA 70802
Phone: (225) 326-6164
Fax:    (225) 326-6499
WilliamsZ@ag.louisiana.gov
*Attorney for Plaintiff State of Louisiana*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Brendan O'Neil (ME Bar No. 009900)
Michael Devine (ME Bar No. 005048)
Assistant Attorneys General
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333
Phone: (207) 626-8800
Fax:    (207) 624-7730
brendan.oneil@maine.gov
michael.devine@maine.gov
*Attorneys for Plaintiff State of Maine*

Philip Ziperman (Fed. Bar No. 12430)
Deputy Counsel
Office of the Attorney General
200 St. Paul Place
Baltimore, MD 21202
Phone: (410) 576-6417
Fax:    (410) 576-6566
pziperman@oag.state.md.us
*Attorney for Plaintiff Maryland Office*
*of the Attorney General*

Carol Guerrero (MA Bar No. 705419)
Assistant Attorney General
Michael N. Turi (MA Bar No. 706205)
Deputy Chief, Consumer Protection
Division
Massachusetts Office of the Attorney
General
One Ashburton Place, 18th Floor
Boston, MA 02108
Phone: (617) 963-2783
Fax:    (617) 727-5765
Carol.Guerrero@mass.gov
Michael.Turi@mass.gov
*Attorneys for Plaintiff Commonwealth*
*of Massachusetts*

Kathy P. Fitzgerald (MI Bar No.
P31454)
Michael S. Hill (MI Bar No. P73084)
Assistant Attorneys General
Michigan Department of Attorney
General
Corporate Oversight Division
P.O. Box 30736
Lansing, MI 48909
Phone: (517) 335-7632
Fax:    (517) 335-6755
fitzgeraldk@michigan.gov
Hillm19@michigan.gov
*Attorneys for Plaintiff People of the*
*State of Michigan*

Bennett Hartz (MN Bar No. 0393136)
Assistant Attorney General
Office of the Minnesota Attorney
General
445 Minnesota Street, Suite 1200
Saint Paul, MN 55404
Phone: (651) 757-1235
bennett.hartz@ag.state.mn.us
*Attorney for Plaintiff State of*
*Minnesota, by its Attorney General,*
*Keith Ellison*

James M. Rankin (MS Bar No. 102332)
Special Assistant Attorney General
Mississippi Attorney General's Office
P.O. Box 220
Jackson, MS 39205
Phone: (601) 359-4258
james.rankin@ago.ms.gov
*Attorney for Plaintiff Lynn Fitch,*
*Attorney General State of Mississippi*

Eliot Gusdorf (MO Bar No. 73225)
Assistant Attorney General
Office of the Missouri Attorney General
815 Olive Street, Suite 200
St. Louis, MO 63101
Phone: (314) 340-6816
Fax:    (314) 340-7891
eliot.gusdorf@ago.mo.gov
*Attorney for Plaintiff State of Missouri,*
*ex. rel. Catherine L. Hanaway, Attorney*
*General*

Brent Mead (MT Bar No. 68035000)
Deputy Solicitor General
Anna Schneider (MT Bar No. 13963)
Special Assistant Attorney General,
Senior Counsel
Montana Attorney General's Office
Office of Consumer Protection
215 North Sanders Street
P.O. Box 200151
Helena, MT 59620-0151
Phone: (406) 444-4500
Brent.mead2@mt.gov
Anna.schneider@mt.gov
*Attorneys for Plaintiff State of Montana*

Gary E. Brollier (NE Bar No. 19785)
Assistant Attorney General
Office of the Attorney General Michael
T. Hilgers
2115 State Capitol Building
Consumer Protection Division
Lincoln, NE 68509
Phone: (402) 471-1279
Fax:    (402) 471-4725
gary.brollier@nebraska.gov
*Attorney for Plaintiff State of Nebraska*

Michelle C. Badorine (NV Bar No.
13206)
Senior Deputy Attorney General
Office of the Nevada Attorney General
Bureau of Consumer Protection
100 North Carson Street
Carson City, NV 89701-4717
Phone: (775) 684-1164
Fax:    (775) 684-1299
MBadorine@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

Mary F. Stewart (NH Bar No. 10067)
Assistant Attorney General
New Hampshire Department of Justice
Office of the Attorney General
Consumer Protection and Antitrust
Bureau
1 Granite Place South
Concord, NH 03301
Phone: (603) 271-1139
Mary.F.Stewart@doj.nh.gov
*Attorney for Plaintiff State of New*
*Hampshire*

Blair Gerold (NJ Bar No. 294602019)
Jeffrey Koziar (NJ Bar No. 015131999)
Deputy Attorneys General
New Jersey Office of the Attorney
General
Division of Law
124 Halsey Street
Newark, NJ 07101
Phone: (609) 696-5363 (Gerold)
        (973) 648-7819 (Koziar)
Fax:    (973) 648-3879 (Gerold)
        (973) 648-4887 (Koziar)
Blair.Gerold@law.njoag.gov
Jeff.koziar@law.njoag.gov
*Attorneys for Plaintiff State of New*
*Jersey*

Billy Jimenez (NM Bar No. 144627)
Assistant Attorney General
New Mexico Department of Justice
408 Galisteo St.
Santa Fe, New Mexico 87501
Phone: (505) 527-2694
Fax:    (505) 490-4883
Bjimenez@nmdoj.gov
*Attorney for Plaintiff Raúl Torrez, New
Mexico Attorney General*

Glenna Goldis (NY Bar No. 4868600)
Assistant Attorney General
Office of the New York State Attorney
General
28 Liberty Street
New York, NY 10005
Phone: (646) 856-3697
Glenna.goldis@ag.ny.gov
*Attorney for Plaintiff Office of the
Attorney General of the State of New
York*

Elin S. Alm (ND Bar No. 05924)
Christopher Glenn Lindblad (ND Bar
No. 06480)
Assistant Attorneys General
Office of North Dakota Attorney
General
Consumer Protection & Antitrust
Division
1720 Burlington Drive, Suite C
Bismarck, ND 58504-7736
Phone: (701) 328-5570
Fax:    (701) 328-5568
ealm@nd.gov
clindblad@nd.gov
*Attorneys for Plaintiff State of North
Dakota*

Sylvia Lanfair (OK Bar No. 30144)
Assistant Attorney General
Office of the Oklahoma Attorney
General
313 N.E. 21st St.
Oklahoma City, OK 73105
Phone: (405) 522- 8129
Fax:    (405) 522-0085
sylvia.lanfair@oag.ok.gov
*Attorney for Plaintiff State of Oklahoma
ex rel. Attorney General Gentner
Drummond*

Jordan M. Roberts (OR Bar No.
115010)
Senior Assistant Attorney General
Oregon Department of Justice
Consumer Protection Division
100 SW Market St.
Portland, OR 97201
Phone: (971) 673-1880
Fax:    (971) 673-1884
jordan.m.roberts@doj.oregon.gov
*Attorney for Plaintiff State of Oregon*

Mark W Wolfe (PA Bar No. 327807)
Deputy Attorney General
Pennsylvania Office of Attorney
General
Strawberry Square, 15th Floor
Harrisburg, PA 17120-0001
Phone: (717) 772-3558
Fax:    (717) 705-3795
mwolfe@attorneygeneral.gov
*Attorney for Plaintiff Commonwealth of
Pennsylvania by Attorney General
David W. Sunday, Jr.*

Stephen N. Provazza (RI Bar No. 10435)
Special Assistant Attorney General
Rhode Island Office of the Attorney General
150 S. Main Street
Providence, RI 02903
Phone: (401) 274-4400, ext. 2476
Fax:    (401) 222-1766
sprovazza@riag.ri.gov
*Attorney for Plaintiff State of Rhode Island, by Attorney General Peter Neronha*

Kristin Simons (SC Bar No. 74004)
Senior Assistant Attorney General
South Carolina Attorney General's Office
P.O. Box 11549
Columbia, SC 29211-1549
Phone: (803) 734-6134
ksimons@scag.gov
*Attorney for Plaintiff State of South Carolina*

Austin C. Ostiguy (TN Bar No. 040301)
Tyler T. Corcoran (TN Bar No. 038887)
Assistant Attorneys General
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202
Phone: (615) 532-7271 (Ostiguy)
          (615) 770-1714 (Corcoran)
Fax:    (615) 532-2910
austin.ostiguy@ag.tn.gov
tyler.corcoran@ag.tn.gov
*Attorneys for Plaintiff State of Tennessee*

David Shatto (Fed. Bar No. 3725697; TX Bar No. 24104114)
Assistant Attorney General
Attorney General for the State of Texas
Office of the Attorney General
P.O. Box 12548 (MC-010)
Austin, TX 78711
Phone: (512) 463-2185
Fax:    (512) 473-9125
David.Shatto@oag.texas.gov
*Attorney for Plaintiff State of Texas*

Alexandra Butler (UT Bar No. 19238)
Assistant Attorney General
Utah Attorney General's Office
160 East 300 South, 5th Floor
P.O. Box 140872
Salt Lake City, UT 84114-0872
Phone: (385) 910-5533
Fax:    (801) 366-0315
alexandrabutler@agutah.gov
*Attorney for Plaintiff Utah Division of Consumer Protection*

James Layman (VT Bar No. 5236)
Office of the Vermont Attorney General
109 State Street
Montpelier, VT 05609-1001
Phone: (802) 828-2315
Fax:    (802) 304-1014
James.Layman@vermont.gov
*Attorney for Plaintiff State of Vermont*

Geoffrey L. Ward (VA Bar No. 89818)
Senior Assistant Attorney General
Office of the Attorney General of
Virginia
202 N. Ninth St.
Richmond, VA 23219
Phone: (804) 371-0871
Fax:    (804) 786-0122
gward@oag.state.va.us
*Attorney for Plaintiff Commonwealth of*
*Virginia, ex rel. Jason S. Miyares,*
*Attorney General*

Zorba Leslie (WA Bar No. 58523)
Assistant Attorney General
Washington State Attorney General's
Office
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Phone: (206) 340-6787
Fax:    (206) 464-6451
zorba.leslie@atg.wa.gov
*Attorney for Plaintiff State of*
*Washington*

Ashley T. Wentz (WV Bar No. 13486)
Assistant Attorney General
West Virginia Attorney General's
Office
Consumer Protection/Antitrust Division
P.O. Box 1789
Charleston, WV 25326
Phone: (304) 558-8986
Fax:    (304) 558-0184
Ashley.T.Wentz@wvago.gov
*Attorney for Plaintiff State of West*
*Virginia ex rel. John B. McCuskey,*
*Attorney General*

Gregory A. Myszkowski (WI Bar No. 1050022)
Assistant Attorney General
Wisconsin Department of Justice
P.O. Box 7857
Madison, WI 53707-7857
Phone: (608) 266-7656
Fax:    (608) 294-2907
gregory.myszkowski@wisdoj.gov
*Attorney for Plaintiff State of Wisconsin*

Cameron W. Geeting (WY Bar No. 7-5338)
Senior Assistant Attorney General
Consumer Protection and Antitrust Unit
Wyoming Office of the Attorney General
2320 Capitol Avenue
Cheyenne, Wyoming 82002
Phone: (307) 777-3795
cameron.geeting1@wyo.gov
*Attorney for Plaintiff State of Wyoming*

# Exhibit W – Document Excerpts

1    CATHERINE L. HANAWAY
     Attorney General of Missouri
2    Eliot Gusdorf (MO Bar No. 73225)
3    Office of the Missouri Attorney General
     815 Olive Street, Suite 200
4    St. Louis, MO 63101
     Phone: (314) 340-6816
5    Fax:    (314) 340-7891
6    eliot.gusdorf@ago.mo.gov
7    *Attorney for Plaintiff State of Missouri, ex. rel.,*
     *Catherine L. Hanaway, Attorney General*
8

9

10              **IN THE UNITED STATES DISTRICT COURT**

11                **FOR THE DISTRICT OF ARIZONA**

12

13   State of Arizona, *ex rel*. Kristin K. Mayes,     CASE NO.: 4:23-cv-00233-TUC-CKJ
14   Attorney General; et al.,
                                                       **PLAINTIFFS' JOINT RESPONSES**
15          Plaintiffs,                                **AND OBJECTIONS TO**
                                                       **DEFENDANTS' SECOND REQUEST**
16   v.                                                **FOR PRODUCTION OF**
17                                                     **DOCUMENTS**
     Michael D. Lansky, L.L.C., dba Avid
18   Telecom, et al.,
19
            Defendants.
20

21

22          Plaintiffs, by and through their attorneys, and pursuant to Rule 26 and 34 of the

23   Federal Rules of Civil Procedure and the Local Rules of this Court, provide their joint

24   responses and objections to Defendants Michael D. Lansky, L.L.C., dba Avid Telecom,

25   Michael D. Lansky, and Stacey S. Reeves, ("Defendants") Second Request for Production

26   of Documents ("Request(s)"), served on September 10, 2025, as follows:

27

28

1  specific objections, Plaintiffs state that all responsive documents have previously been

2  produced to Defendants.

3

4       127/153.  Please produce all Documents, including without limitation all CDRs,

5  that identify, refer to or relate to, support or refute the allegation in each subparagraph of

6  Paragraph 89 of the Complaint, regarding the number of calls allegedly "routed" by Avid

7  Telecom into each state. With respect to each call, please produce Documents sufficient

8  to identify: (i) whether the call was "interstate" or "intrastate"; (ii) whether the called

9  party had provided consent to receive the call; (iii) whether the call was terminated to a

10 line identified as personal (residential) or business; (iv) whether the called number was

11 associated with a landline or a mobile number; (v) whether the called line was associated

12 with a "honey pot; (vi) whether the call was recorded; (vii) whether the call was recorded

13 by YouMail; (vii) whether the call was part of a program where the party delivering the

14 data was compensation for doing so; and (viii) was the call the subject of a traceback.

15 **<u>RESPONSE</u>:**

16 Plaintiffs object to this Request to the extent that it requires Plaintiffs to analyze or

17 organize factual evidence for the Defendants or the extent that it asks for a compilation,

18 summary or analysis of documents or information not in existence.

19 Plaintiffs object to this Request on the grounds that the Request seeks documents already

20 in the possession, custody, or control of Defendants.

21 Plaintiffs object to this Request to the extent that the Request implies that the burden of

22 proof of the existence of consent is borne by Plaintiffs when in fact, it is borne by

23 Defendants.

24 Plaintiffs object to this Request on the grounds that it is overbroad, unduly burdensome,

25 duplicative, harassing, oppressive and/or not proportional to the needs of the litigation.

26 Subject to and without waiving the Preliminary Statement, General Objections, and

27 specific objections, Plaintiffs state that all responsive documents have previously been

28 produced to Defendants.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2025, I served the foregoing **PLAINTIFFS' JOINT RESPONSES AND OBJECTIONS TO DEFENDANTS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS** upon Defendants by electronically mailing a copy of the same to their counsel of record as follows:

Neil Ende
Technology Law Group, LLC
nende@tlgdc.com

Greg Taylor
Technology Law Group, LLC
gtaylor@tlgdc.com

*/s/ Eliot Gusdorf*

Eliot Gusdorf

# Exhibit X – Document Excerpts

TODD ROKITA
Indiana Attorney General
Douglas S. Swetnam (IN Bar No. 15860-49)
Thomas L. Martindale (IN Bar No. 29706-64)
Deputy Attorneys General
Office of the Indiana Attorney General Todd Rokita
Indiana Govt. Center South, 5th Fl.
302 W. Washington St.
Indianapolis, IN 46204-2770
Phone: (317) 232-6294 (Swetnam)
(317) 232-7751 (Martindale)
Douglas.Swetnam@atg.in.gov
Thomas.Martindale@atg.in.gov
*Attorneys for Plaintiff State of Indiana*
*Lead Counsel for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, *ex rel*. Kristin K. Mayes, Attorney General, *et al.*, | No.: 4:23-cv-00233-TUC-CKJ |
| Plaintiffs, | |
| v. | **PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS** |
| Michael D. Lansky, L.L.C., dba Avid Telecom; *et al.*, | |
| Defendants. | |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs, by their counsel, hereby submit their responses and objections to Defendants' Fifth Request for Production of Documents (the "Requests" or individually, "Request"), dated September 24, 2025.

–1–

666.    Please produce all Documents that were obtained by any Plaintiff in any investigation undertaken by any Plaintiff, of John C. Spiller, II or any company with which he was believed to be affiliated.

**RESPONSE**:

Plaintiffs object on the grounds that their investigations of Spiller and his affiliated companies are not relevant to the instant litigation and will not lead to relevant evidence in this matter. Plaintiffs will not produce any Documents.

667.    Please produce all Documents, including all drafts of Documents, including all Consent Decrees or the like, that were entered into by and between any Plaintiff and Spiller or any company with which he was believed to be affiliated.

**RESPONSE**:

Plaintiffs object on the grounds that the requested Documents are not relevant to the instant litigation and will not lead to relevant evidence in this matter. Plaintiffs will not produce any Documents.

668.    Please produce Documents sufficient to evidence if Spiller has complied with all Consent Decrees or the like, that were entered into by and between any Plaintiff and Spiller or any company with which he was believed to be affiliated.

**RESPONSE**:

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2025, I served the foregoing **PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS** upon Defendants by electronically mailing a copy of the same to their counsel of record as follows.

Neil Ende
Technology Law Group, LLC
nende@tlgdc.com

Greg Taylor
Technology Law Group, LLC
gtaylor@tlgdc.com

Virginia Bell Flynn
Troutman Pepper Locke
Virginia.Flynn@troutman.com
*(Pro Hac Vice motion expected)*

Michael E. Lacy
Troutman Pepper Locke
Michael.Lacy@troutman.com
*(Pro Hac Vice motion expected)*

/s/ Thomas L. Martindale
Counsel for Plaintiff State of Indiana

# Exhibit Y – Document Excerpts

TODD ROKITA
Indiana Attorney General
Douglas S. Swetnam (IN Bar No. 15860-49)
Thomas L. Martindale (IN Bar No. 29706-64)
Deputy Attorneys General
Office of the Indiana Attorney General Todd Rokita
Indiana Govt. Center South, 5th Fl.
302 W. Washington St.
Indianapolis, IN 46204-2770
Phone: (317) 232-6294 (Swetnam)
(317) 232-7751 (Martindale)
Douglas.Swetnam@atg.in.gov
Thomas.Martindale@atg.in.gov
*Attorneys for Plaintiff State of Indiana*
*Lead Counsel for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, *ex rel.* Kristin K. Mayes, Attorney General; et al., | CASE NO.: 4:23-cv-00233-TUC-CKJ |
| Plaintiffs, | **PLAINTIFFS' OBJECTIONS AND ANSWERS TO DEFENDANTS' SECOND REQUEST FOR ADMISSIONS** |
| v. | |
| Michael D. Lansky, L.L.C., dba Avid Telecom, et al., | |
| Defendants. | |

Plaintiffs, by and through their attorneys, and pursuant to Rule 26 and 36 of the Federal Rules of Civil Procedure and the Local Rules of this Court, provide the following objections and answers in response to Defendants Michael D. Lansky, L.L.C., dba Avid Telecom ("Avid"), Michael D. Lansky ("Lansky"), and Stacey S. Reeves ("Reeves"), Second Request for Admissions to the Plaintiffs, as follows:

1

**RESPONSE:** Plaintiffs object to this Request on the grounds that it is unintelligible, vague, ambiguous.

Due to the unintelligible, vague, and ambiguous nature of this Request, Plaintiffs can neither admit nor deny this Request. Plaintiffs are willing to meet and confer with Defendants on this Request.

33.    Admit that some of the calls referenced in paragraph 89 of the complaint were terminated to a number assigned to a business.

**RESPONSE:** Subject to and without waiving the Preliminary Statement, General Objections, and Specific Objections, Plaintiffs deny this Request.

34.    Admit that the Federal Communications Commission does not have a single definition of the term "Short Duration Call".

**RESPONSE:** Plaintiffs object to this Request as irrelevant.

Subject to and without waiving the Preliminary Statement, General Objections, and Specific Objections, Plaintiffs can neither admit nor deny this Request.

35.    Admit that the State of Indiana Do Not Call list does not incorporate telephone numbers listed on the National Do Not Call List.

**RESPONSE:** Plaintiffs object to this Request as vague and ambiguous.

Subject to and without waiving the Preliminary Statement, General Objections, and Specific Objections, Plaintiffs deny this Request.

**RESPONSE:** Subject to and without waiving the Preliminary Statement and General Objections, Plaintiffs deny this Request.

66.    Admit that the call data presented in each subparagraph of paragraph 89 of the complaint was collected by YouMail.

**RESPONSE:** Plaintiffs object to this Request as vague and ambiguous to the extent the meaning of "collected" is unclear.

Subject to and without waiving the Preliminary Statement, General Objections, and Specific Objections, to the extent that YouMail has access to data through its subscribers, Plaintiffs admit this Request. To the extent that the Plaintiffs collected data from Avid's downstream providers, Plaintiffs deny this Request.

67.    Admit that the call data presented in each subparagraph of paragraph 89 of the complaint was collected by an unidentified "honeypot".

**RESPONSE:** Plaintiffs object to this Request as vague and ambiguous to the extent the meaning of "collected" is unclear.

Subject to and without waiving the Preliminary Statement and General Objections, Plaintiffs deny this Request.

68.    Admit that the call data presented in each subparagraph of paragraph 89 of the complaint was not collected by the referenced state.

**RESPONSE:** Plaintiffs object to this Request as vague and ambiguous to the extent the meaning of "collected" is unclear.

Plaintiffs are willing to meet and confer with Defendants on this Request.

69.     Admit that the call data presented in each subparagraph of paragraph 89 of the complaint was not verified for accuracy by the referenced state.

**RESPONSE:** Plaintiffs object to this Request as vague and ambiguous to the extent the meaning of "verified for accuracy" is unclear.

Plaintiffs are willing to meet and confer with Defendants on this Request.

70.     Admit that no state verified the accuracy of the call data presented in each subparagraph of paragraph 89 of the complaint that is associated with any other state.

**RESPONSE:** Plaintiffs object to this Request as vague and ambiguous to the extent the meaning of "verified for accuracy" is unclear.

Plaintiffs are willing to meet and confer with Defendants on this Request.

71.     Admit that no state, other than (potentially) a Lead Plaintiff State, has verified all of the facts presented in the Complaint.

**RESPONSE:** Plaintiffs object to this Request as vague and ambiguous to the extent the meaning of "verified" is unclear.

Subject to and without waiving the Preliminary Statement, General Objections, and Specific Objections, Plaintiffs deny this Request.

72.     Admit that charging customers on a per minute basis is common in the telecom industry.

**RESPONSE:** Subject to and without waiving the Preliminary Statement and General Objections, Plaintiffs admit this Request.

**CERTIFICATE OF SERVICE**

I hereby certify that on December 8, 2025, I served the foregoing **PLAINTIFFS' OBJECTIONS AND ANSWERS TO DEFENDANTS' SECOND REQUEST FOR ADMISSIONS** upon Defendants by electronically mailing a copy of the same to their counsel of record as follows:

Neil Ende
Technology Law Group, LLC
nende@tlgdc.com

Greg Taylor
Technology Law Group, LLC
gtaylor@tlgdc.com

/s/ Thomas L. Martindale
Counsel for Plaintiff State of Indiana

# Exhibit Z – Document Excerpts

TODD ROKITA
Indiana Attorney General
Douglas S. Swetnam (IN Bar No. 15860-49)
Thomas L. Martindale (IN Bar No. 29706-64)
Deputy Attorneys General
Office of the Indiana Attorney General Todd Rokita
Indiana Govt. Center South, 5th Fl.
302 W. Washington St.
Indianapolis, IN 46204-2770
Phone: (317) 232-6294 (Swetnam)
(317) 232-7751 (Martindale)
Douglas.Swetnam@atg.in.gov
Thomas.Martindale@atg.in.gov
*Attorneys for Plaintiff State of Indiana*
*Lead Counsel for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, *ex rel*. Kristin K. Mayes, Attorney General, *et al.*, | No.: 4:23-cv-00233-TUC-CKJ (MAA) |
| Plaintiffs, | **PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' INTERROGATORIES AND FIRST CONSOLIDATED INTERROGATORIES TO PLAINTIFF STATES** |
| v. | |
| Michael D. Lansky, L.L.C., dba Avid Telecom; *et al.*, | |
| Defendants. | |

On September 22, 2025, Defendants issued their "First Consolidated Interrogatories" to nine of the Plaintiffs in this matter. On October 22, 2025, those Plaintiffs served Defendants with their objections to the Interrogatories, which included the blanket objection that the Interrogatories misinterpreted the Case Management Scheduling Order

–1–

as the [Plaintiff State]) and will interpret the phrase to mean "by anyone acting for or on behalf of [Plaintiff State]." Responding Plaintiffs object to the term "all call data" as vague and ambiguous and lacking a timeframe and will interpret the phrase to mean call data relevant to this Action. Responding Plaintiffs object to this Interrogatory to the extent that it seeks information and documents protected by the attorney work product doctrine, common interest doctrine and/or any other applicable privilege, immunity or protection against disclosure.

Subject to and without waiving the Preliminary Statement, General Objections, and Specific Objections, the Responding Plaintiffs state that, in accordance with Rule 33(d) of the Rules of Civil Procedures, the information sought by this Interrogatory may be obtained by Defendants' reviewing records previously produced by Plaintiffs. Responding Plaintiffs direct Defendants to the Industry Traceback Group's expert report and supporting documents, produced to Defendants in Volumes 5, 6, and 10.

4.    For each call identified for the [Responding Plaintiff(s)] in paragraph 89, please separately state the reason(s) (e.g., the call content was pre-recorded, the call was auto dialed) that it was alleged to be "unlawful."

**RESPONSE**: Responding Plaintiffs object to this Interrogatory and its subparts as exceeding the numerical limitations of allowable interrogatories contained in Rule 33 of the Fed. R. Civ. P and the Case Management Scheduling Order filed on December 12, 2024 (ECF No. 102). Subparts are only considered one interrogatory if they are "logically or

factually subsumed within and necessarily related to the primary question." *Berkadia Real Estate Advisors LLC v. Wadlund*, No. CV-22-00049-TUC-CKJ, 2023 U.S. Dist. LEXIS 27432, at \*22 (D. Ariz. February 17, 2023) (internal quotations, citations, and emphasis omitted). If, instead, the "first question could be answered fully and completely without answering the second question," the second question should be counted as a separate interrogatory. *Id.* at \*23.

For this reason, Responding Plaintiffs are willing to interpret this Interrogatory as seeking information broadly about the calls referenced in paragraph 89 of Plaintiffs' Complaint.

In accordance with Rule 33(d) of the Rules of Civil Procedures, the information sought by this Interrogatory may be obtained by Defendants' reviewing records previously produced by Plaintiffs. Responding Plaintiffs direct Defendants to the expert reports and supporting documents of YouMail and the Industry Traceback Group, produced to Defendants in Volumes 5, 6, 7, and 10.

5.    Please Identify each Person who was involved in compiling the call data applicable to the [Responding Plaintiff(s)] referenced paragraph 89 of the complaint.

**RESPONSE**: Responding Plaintiffs object to this Interrogatory as overbroad, vague, and ambiguous, as the term "compiling" is undefined. Responding Plaintiffs further object to the extent that this Interrogatory seeks information that is in the possession, custody, or control of third parties and could be obtained directly from those third parties.

Responding Plaintiffs state that they have no information as to who was responsible for compiling the call data for each of the downstream provider companies, although each has certified that those records were kept in the ordinary course of business. These records were conveyed to the Plaintiffs in this matter pursuant to subpoenas/civil investigative demands issued by Plaintiff States of North Carolina, Ohio, and Texas; each of these states received at least some call detail records directly from Avid Telecom. Plaintiffs then provided these records to YouMail for analysis.

6.     Please state if You believe that Avid Telecom was the first carrier in a line of carriers that terminated calls into the [Responding Plaintiff(s)'s state, commonwealth, or district] and, if so, please Identify all facts that You believe support that conclusion.

**RESPONSE**: Responding Plaintiffs object to the extent that this Interrogatory seeks information already in the custody and control in Defendants. Responding Plaintiffs object to this Interrogatory to the extent that it asks for the attorneys general or counsel's personal opinion or legal opinion rather than a fact or contention, and object to the phrase "if You believe" as vague and ambiguous. Responding Plaintiffs further object to the Interrogatory as lacking a relevant timeframe. Further, Responding Plaintiffs object to this Interrogatory to the extent that it requires Responding Plaintiffs to analyze or organize factual evidence for the Defendants, marshal all of its available proof or the proof it intends to offer at trial.

time that calls reached the Avid Telecom network, that those calls were illegal robocalls. If so, please Identify all facts that You believe support that belief.

**RESPONSE**: North Dakota objects to the terms "knew" as vague and ambiguous (e.g. whether it means or includes actual, reasonable, notice, imputed, constructive knowledge etc.) and will interpret this to mean knew or consciously avoided knowing as required by N.D.C.C. § 51-15-02.3.

Responding Plaintiffs state that they do so believe.

In accordance with Rule 33(d) of the Rules of Civil Procedures, the information sought by this Interrogatory may be obtained by Defendants' reviewing records previously produced by Plaintiffs. For facts supporting Responding Plaintiffs' belief, Responding Plaintiffs direct Defendants to documents previously produced by Plaintiffs in response to Defendants' First Request for Production to the Lead States and State Claims States, Nos. 46 and 49, as well as Defendants' First Request for Production to the 36 Non-Lead, Non-State Claims States, No. 24.

13.    Please Identify all sources (e.g., YouMail, Industry Traceback Group, FCC, FTC, individual customers) of the data used to compile the number of calls presented for the [Responding Plaintiff(s)] in paragraph 89 of the complaint and state the number of calls associated with each source of data.

**RESPONSE**: Responding Plaintiffs object to this Interrogatory as overbroad, vague, and ambiguous, as the term "source" is undefined. Responding Plaintiffs further object to the

extent that this Interrogatory seeks information that is in the possession, custody, or control of third parties and could be obtained directly from those third parties.

Responding Plaintiffs state that the data was sourced from the downstream provider customers identified in Plaintiffs' Initial and Supplemental Disclosures, Defendant Avid Telecom itself, and YouMail.

In accordance with Rule 33(d) of the Rules of Civil Procedures, the information sought by this Interrogatory may be obtained by Defendants' reviewing records previously produced by Plaintiffs. Responding Plaintiffs direct Defendants to the call detail records, as well as YouMail's expert report and supporting documents, produced to Defendants in Volumes 3, 6, 7, and 10.

14.    Please state with specificity—i.e., with a "Yes" or a "No"—if You believe that each of the calls identified in Paragraph 89 of the Complaint that were allegedly transmitted into [the Responding Plaintiff(s)'s state, commonwealth, or district] was transmitted using an "Interconnect VoIP" telecommunications service. As to any call that You do not believe was transmitted using an Interconnect VoIP telecommunications service, please identify the transmission technology that you believe was utilized.

**RESPONSE**: Responding Plaintiffs object to this Request on the grounds that it is vague and ambiguous as to its use of the terms "Interconnect VoIP telecommunications service." Plaintiffs are unaware of a service identified as "Interconnect VoIP." If Defendants intended to refer to "Interconnected VoIP," Plaintiffs further object to the use of the term

"telecommunications" in the name of the service since "Interconnected VoIP," has not been identified by the FCC as a *telecommunications* service.

Based on these objections, Responding Plaintiffs are unable to respond to this Request.

15.    Please state with specificity if You believe that each of the calls allegedly transmitted into [the Responding Plaintiff(s)'s state, commonwealth, or district] was an interstate call (i.e., a call that originated outside of [the Responding Plaintiff(s)'s state, commonwealth, or district] and terminated in [the Responding Plaintiff(s)'s state, commonwealth, or district]) or an intrastate call (i.e., a call that originated and terminated in the [Responding Plaintiff(s)'s state, commonwealth, or district]).

**RESPONSE**: Responding Plaintiffs object to this Interrogatory and its subparts as exceeding the numerical limitations of allowable interrogatories contained in Rule 33 of the Fed. R. Civ. P and the Case Management Scheduling Order filed on December 12, 2024 (ECF No. 102). Subparts are only considered one interrogatory if they are "logically or factually subsumed within and necessarily related to the primary question." *Berkadia Real Estate Advisors LLC v. Wadlund*, No. CV-22-00049-TUC-CKJ, 2023 U.S. Dist. LEXIS 27432, at *22 (D. Ariz. February 17, 2023) (internal quotations, citations, and emphasis omitted). If, instead, the "first question could be answered fully and completely without answering the second question," the second question should be counted as a separate interrogatory. *Id*. at *23.

In accordance with Rule 33(d) of the Rules of Civil Procedures, the information sought by this Interrogatory may be obtained by Defendants' reviewing records previously produced by Plaintiffs. Responding Plaintiffs direct Defendants to the call detail records, produced to Defendants in Volume 3.

16.    Please state with specificity— "Yes" or "No"—if you believe that the calls associated with the [Responding Plaintiff(s)] that are identified in Paragraph 89 of the Complaint were transmitted in the [Responding Plaintiff(s)'s state, commonwealth, or district] using an Interconnected VoIP telecommunications service.  If your response is in the negative, in whole or in part, please state all reasons why you do not believe that those calls were transmitted in the [Responding Plaintiff(s)'s state, commonwealth, or district] using an Interconnected VoIP telecommunications service.

**RESPONSE**:  Responding Plaintiffs object to this Request on the grounds that it is vague and ambiguous as to its use of the term "telecommunications" in the name of the service since "Interconnected VoIP," has not been identified by the FCC as a *telecommunications* service.  Responding Plaintiffs cannot provide a response to this Request as Plaintiffs do not have records of the full call path and the technology used by each provider in the call path for each and every call.  Responding Plaintiffs are not aware of any single source that could provide the data that would be required to answer this Request.

## INDIANA-SPECIFIC INTERROGATORIES

18.     Please state with specificity— "Yes" or "No"—if you believe that the Indiana Telephone Solicitation of Consumer Act and the Auto Dialer Act (the "Act") contains rules regarding the transmission of robocalls that are "more restrictive" than the TCPA as those terms are set forth in 47 U.S. Code § 227(f)(1). If your response is in the affirmative, please state all reasons why you so believe.

**RESPONSE**: Responding Plaintiff objects to this Interrogatory as outside the scope of Fed. R. Civ. P. 33(a)(2), as it asks for a legal conclusion not relevant to any of the facts of this case. Responding Plaintiff further objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense in this matter and seeks to have Responding Plaintiff undertake legal research for Defendants.

19.     With respect to the allegations set forth in Paragraph 483 of the Complaint, please Identify with specificity: (i) each "consumer good or service"; and (ii) each computer support package" (including the product and/or service offered and the provider of each package) that was solicited in each call that is alleged to be an illegal robocall terminated in Indiana.

**RESPONSE**:   Responding Plaintiff objects to this Interrogatory and its subparts as exceeding the numerical limitations of allowable interrogatories contained in Rule 33 of the Fed. R. Civ. P and the Case Management Scheduling Order filed on December 12, 2024 (ECF No. 102). Subparts are only considered one interrogatory if they are "logically or

factually subsumed within and necessarily related to the primary question." *Berkadia Real Estate Advisors LLC v. Wadlund*, No. CV-22-00049-TUC-CKJ, 2023 U.S. Dist. LEXIS 27432, at *22 (D. Ariz. February 17, 2023) (internal quotations, citations, and emphasis omitted). If, instead, the "first question could be answered fully and completely without answering the second question," the second question should be counted as a separate interrogatory. *Id*. at *23.

20.    With respect to the allegations set forth in Paragraph 483 of the Complaint, please separately Identify with specificity for each call and for each Defendant the exact words that were allegedly used to solicit the information used to solicit the sale of each consumer good or service.

**RESPONSE**: Responding Plaintiff objects to this Interrogatory and its subparts as exceeding the numerical limitations of allowable interrogatories contained in Rule 33 of the Fed. R. Civ. P and the Case Management Scheduling Order filed on December 12, 2024 (ECF No. 102). Subparts are only considered one interrogatory if they are "logically or factually subsumed within and necessarily related to the primary question." *Berkadia Real Estate Advisors LLC v. Wadlund*, No. CV-22-00049-TUC-CKJ, 2023 U.S. Dist. LEXIS 27432, at *22 (D. Ariz. February 17, 2023) (internal quotations, citations, and emphasis omitted). If, instead, the "first question could be answered fully and completely without answering the second question," the second question should be counted as a separate interrogatory. *Id*. at *23.

In accordance with Rule 33(d) of the Rules of Civil Procedures, the information sought by this Interrogatory may be obtained by Defendants' reviewing records previously produced by Plaintiffs. Responding Plaintiff directs Defendants to the Industry Traceback Group's expert report and supporting documents, produced to Defendants in Volumes 5, 6, and 10.

21.    With respect to the allegations set forth in Paragraph 483 of the Complaint, please separately Identify with specificity for each call and for each Defendant all the "information to be used to solicit the sale of a computer support package."

**RESPONSE**: Responding Plaintiff objects to this Interrogatory to the extent that it mischaracterizes the Plaintiffs' Complaint. Responding Plaintiff objects to this Interrogatory and its subparts as exceeding the numerical limitations of allowable interrogatories contained in Rule 33 of the Fed. R. Civ. P and the Case Management Scheduling Order filed on December 12, 2024 (ECF No. 102). Subparts are only considered one interrogatory if they are "logically or factually subsumed within and necessarily related to the primary question." *Berkadia Real Estate Advisors LLC v. Wadlund*, No. CV-22-00049-TUC-CKJ, 2023 U.S. Dist. LEXIS 27432, at *22 (D. Ariz. February 17, 2023) (internal quotations, citations, and emphasis omitted). If, instead, the "first question could be answered fully and completely without answering the second question," the second question should be counted as a separate interrogatory. *Id*. at *23.

In accordance with Rule 33(d) of the Rules of Civil Procedures, the information sought by this Interrogatory may be obtained by Defendants' reviewing records previously produced by Plaintiffs. Responding Plaintiff directs Defendants to the Industry Traceback Group's expert report and supporting documents, produced to Defendants in Volumes 5, 6, and 10.

22.    With respect to the allegations set forth in Paragraph 484 of the Complaint, please state with specificity for each call each act undertaken by Defendants to "control" Persons who "made or caused others to make telephone calls to consumers located in Indiana."

**RESPONSE**: Responding Plaintiff objects to this Interrogatory and its subparts as exceeding the numerical limitations of allowable interrogatories contained in Rule 33 of the Fed. R. Civ. P and the Case Management Scheduling Order filed on December 12, 2024 (ECF No. 102). Subparts are only considered one interrogatory if they are "logically or factually subsumed within and necessarily related to the primary question." *Berkadia Real Estate Advisors LLC v. Wadlund*, No. CV-22-00049-TUC-CKJ, 2023 U.S. Dist. LEXIS 27432, at *22 (D. Ariz. February 17, 2023) (internal quotations, citations, and emphasis omitted). If, instead, the "first question could be answered fully and completely without answering the second question," the second question should be counted as a separate interrogatory. *Id*. at *23.

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2025, I served the foregoing **PLAINTIFFS'**

**RESPONSES AND OBJECTIONS TO DEFENDANTS' INTERROGATORIES**

**AND FIRST CONSOLIDATED INTERROGATORIES TO PLAINTIFF STATES**

upon Defendants by electronically mailing a copy of the same to their counsel of record as

follows.

Neil Ende
Technology Law Group, LLC
nende@tlgdc.com

Greg Taylor
Technology Law Group, LLC
gtaylor@tlgdc.com

/s/ Thomas L. Martindale
Counsel for Plaintiff State of Indiana

# Exhibit AA – Document Excerpts

1  KRISTIN K. MAYES
2  Attorney General of Arizona
   (Firm State Bar No. 14000)
3  Alyse Meislik (AZ No. 024052)
   Laura Dilweg (AZ Bar No. 036066)
4  Dylan Jones (AZ Bar No. 034185)
   Sarah Pelton (AZ Bar No. 039633)
5  Office of the Arizona Attorney General
6  2005 North Central Avenue
   Phoenix, AZ 85004
7  Phone: (602) 542-3725
8  Fax:    (602) 542-4377
9  consumer@azag.gov
   *Lead Counsel for Plaintiffs*
10 *(See signature pages for complete list*
   *of parties represented. LRCiv 7.1)*
11

12
13          **IN THE UNITED STATES DISTRICT COURT**

14             **FOR THE DISTRICT OF ARIZONA**

15

16 | State of Arizona, *ex rel*. Kristin K. Mayes, | CASE NO.: 4:23-cv-00233-TUC-CKJ |
   | Attorney General; et al., | |

17 |  | **PLAINTIFF STATES' RESPONSES** |
18 |            Plaintiffs, | **AND OBJECTIONS TO** |
   |  | **DEFENDANTS' FIRST REQUEST** |
19 | v. | **FOR PRODUCTION OF** |
   |  | **DOCUMENTS** |
20 | Michael D. Lansky, L.L.C., dba Avid | |
21 | Telecom, et al., | |

22 |            Defendants. | |
23

24

25        Plaintiff States, by and through their attorneys, and pursuant to Rule 26 and 34 of

26 the Federal Rules of Civil Procedure and the Local Rules of this Court, respond and object

27 to Defendants Michael D. Lansky, L.L.C., dba Avid Telecom, Michael D. Lansky, and

28

13.     Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

## OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

**Document Request 1:**

Please produce all **Civil Investigative Demands** issued by any **Lead Plaintiff State** to any **Person** that refers to or relates to any Defendant and/or the telecommunications services provided by any Defendant.

**Response:**

Plaintiffs object to the Request as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the services provided by the Defendants.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome, calling for information beyond the scope of any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. This request is not reasonably limited in scope in relation to the subject matter of this case and calls for irrelevant information that would be unduly burdensome to produce.

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs define "relating to" to mean "directly concerning."

Plaintiffs object to Defendants' definition of "Civil Investigative Demand" or "CID" as a "discovery" tool. The authority of any responding Plaintiff to issue a civil investigative demand varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative

authority). Civil investigative demands are thus law enforcement-related pre-suit investigative tools, as opposed to discovery issued after litigation has commenced pursuant to state or federal rules of civil procedure.

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to include a temporal limitation.

Plaintiffs object to the Request to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.


**Document Request 2:**

Please produce all **Documents** that refer to, relate to or constitute notice by any **Lead Plaintiff State** to any Defendant that a **Civil Investigative Demand** seeking documents that refer to or relate to any Defendant was to be or had been issued.

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the term "refer or relate to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense

in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs define "relating to" to mean "directly concerning."

Plaintiffs object to Defendants' definition of "Civil Investigative Demand" or "CID" as a "discovery" tool. The authority of any responding Plaintiff to issue a civil investigative demand varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). Civil investigative demands are thus law enforcement-related pre-suit investigative tools, as opposed to discovery issued after litigation has commenced pursuant to state or federal rules of civil procedure.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation. Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to this Request because materials that constitute notice to any Defendant that a Civil Investigation Demand is to be issued are not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Request to the extent it seeks any internal materials concerning internal deliberations and communications with other law enforcement regarding the issuance of Civil Investigation Demands because such information concerns legal conclusions are protected opinion work product and protected by the attorney work product privilege, joint prosecution/common interest privilege, and law enforcement prosecutorial privilege.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

11

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs have no responsive documents as the statute or rules under which civil investigative demands were issued have no general or specific requirements to provide any type of notice to the Person that is the subject of the demand.

**Document Request 3:**

Please produce all **Documents** that were produced or otherwise provided by any third party in response a **Civil Investigative Demand** issued by any **Lead Plaintiff State** that refers to or relates to any Defendant and/or the telecommunications services provided by any Defendant.

**Response:**

Plaintiffs object to the Request, as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the services provided by the Defendants.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs define "relating to" to mean "directly concerning."

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to Defendants' definition of "Civil Investigative Demand" or "CID" as a "discovery" tool. The authority of any responding State to issue a civil investigative demand varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). Civil investigative demands are thus law enforcement-related pre-suit

12

investigative tools, as opposed to discovery issued after litigation has commenced pursuant to state or federal rules of civil procedure.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following entry of a protective order.

**Document Request 4:**

Please produce all **Civil Investigative Demands** issued by any **State Law Action State** to any **Person** that refers to or relates to any Defendant and/or the telecommunications services provided by any Defendant.

**Response:**

Plaintiffs object to the Request as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the services provided by the Defendants.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome, calling for information beyond the scope of any claim or defense in this matter or reasonably calculated to lead to the discover of admissible evidence. This request is not reasonably limited in scope in relation to the subject matter of this case and calls for irrelevant information that would be unduly burdensome to produce.

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs define "relating to" to mean "directly concerning."

Plaintiffs object to Defendants' definition of "Civil Investigative Demand" or "CID" as a "discovery" tool. The authority of any responding State to issue a civil investigative demand varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). Civil investigative demands are thus law enforcement-related pre-suit investigative tools, as opposed to discovery issued after litigation has commenced pursuant to the state or federal rules of civil procedure.

Plaintiffs object to extent that "State Law Action States" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to include a temporal limitation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

**Document Request 5:**

Please produce all **Documents** that refer to, relate to or constitute notice by any **State Law Action State** to any Defendant that a **Civil Investigative Demands** seeking documents that refer to or relate to any Defendant was to be or had been issued.

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the term "refer to, relate to or constitute" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiff defines "relating to" to mean "directly concerning."

Plaintiffs object to Defendants' definition of "Civil Investigative Demand" or "CID" as a "discovery" tool. The authority of any responding State to issue a civil investigative demand varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). Civil investigative demands are thus law enforcement-related pre-suit investigative tools, as opposed to discovery issued after litigation has commenced pursuant to state or federal rules of civil procedure.

Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

Plaintiffs object to extent that "State Law Action State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to this Request because materials that constitute notice to any Defendant that a Civil Investigation Demand is to be issued are not relevant to any claim or defense in this matter nor is it reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to this Request to the extent it seeks any internal materials concerning internal deliberations and communications with other law enforcement regarding the issuance of Civil Investigation Demands because such information concerns

legal conclusions are protected opinion work product and protected by the attorney work product privilege, joint prosecution/common interest privilege, and law enforcement prosecutorial privilege.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to include a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs have no responsive documents as the statute or rules under which civil investigative demands were issued have no general or specific requirements to provide any type of notice to the Person that is the subject of the demand.

**Document Request 6:**

Please produce all **Documents** that were produced or otherwise provided by any third party in response a **Civil Investigative Demand** issued by any **State Law Action State** that refers to or relates to any Defendant and/or the telecommunications services provided by any Defendant.

**Response:**

Plaintiffs object to the Request, as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the services provided by the Defendants.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs define "relating to" to mean "directly concerning."

Plaintiffs object to Defendants' definition of "Civil Investigative Demand" or "CID" as a "discovery" tool. The authority of any responding State to issue a civil investigative demand varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). Civil investigative demands are thus law enforcement-related pre-suit investigative tools, as opposed to discovery issued after litigation has commenced pursuant to state or federal rules of civil procedure.

Plaintiffs object to extent that "State Law Action States" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following entry of a protective order.

**Document Request 7:**

Please produce all subpoenas issued by any **Lead Plaintiff State** that refers to or relates to any Defendant and/or the telecommunications services provided by any Defendant.

**Response:**

17

Plaintiffs object to the Request as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the services provided by the Defendants.

Plaintiffs object to the Request to the extent that Defendants define "Subpoena" as a "court issued writ" requiring a person or entity to produce documents and/or information and/or to appear and to provide testimony. The authority of any responding Plaintiff to issue an investigative pre-suit subpoena varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). The authority and procedure for the issuance of subpoenas varies by state and subpoenas may or may not be court issued.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to include a temporal limitation.

Plaintiffs object to the Request to the extent that the Request seeks documents already in the custody or control of the Defendants.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control.

**Document Request 8**:

Please produce all **Documents** that refer to, relate to or constitute notice by any **Lead Plaintiff State** to any Defendant that a subpoena seeking testimony and/or documents that refer to or relate to any Defendant was to be or had been issued.

**Response**:

18

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the term "refer to, relate to or constitute" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs define "relating to" to mean "directly concerning."

Plaintiffs object to the Request to the extent that Defendants define "Subpoena" as a "court issued writ" requiring a person or entity to produce documents and/or information and/or to appear and to provide testimony. The authority of any responding Plaintiff to issue an investigative pre-suit subpoena varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). The authority and procedure for the issuance of subpoenas varies by state and subpoenas may or may not be court issued.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome, calling for information beyond the scope of any claim or defense in this matter or reasonably calculated to lead to the discover of admissible evidence. This request is not reasonably limited in scope in relation to the subject matter of this case and calls for irrelevant information that would be unduly burdensome to produce.

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs define "relating to" to mean "directly concerning."

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to this Request because materials that constitute notice to any Defendant that a Subpoena is to be issued are not relevant to any claim or defense in this matter nor are they reasonably calculated to lead to the discovery of admissible evidence.

19

Plaintiffs object to this Request to the extent it seeks any internal materials concerning internal deliberations and communications with other law enforcement regarding the issuance of Subpoenas because such information concerns legal conclusions are protected opinion work product and protected by the attorney work product privilege, joint prosecution/common interest privilege, and law enforcement prosecutorial privilege.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs have no responsive documents as the statute or rules under which subpoenas were issued have no general or specific requirements to provide any type of notice to the Person that is the subject of the demand.

**Document Request 9:**

Please produce all **Documents** that were produced or otherwise provided by any third party in response to any subpoena issued by any **Lead Plaintiff State** that refers to or relates to any Defendant and/or the telecommunications services provided by any Defendant.

**Response:**

Plaintiffs object to the Request, as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the services provided by the Defendants.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs define "relating to" to mean "directly concerning."

Plaintiffs object to the Request to the extent that Defendants define "Subpoena" as a "court issued writ" requiring a person or entity to produce documents and/or information and/or to appear and to provide testimony. The authority of any responding Plaintiff to issue an investigative pre-suit subpoena varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). The authority and procedure for the issuance of subpoenas varies by state and subpoenas may or may not be "court issued."

Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following entry of a protective order.

or rules under which subpoenas were issued have no general or specific requirements to provide any type of notice to the Person that is the subject of the demand.

**Document Request 13:**

Please produce all Documents that were produced or otherwise provided by any third party in response to any subpoena issued by any **State Law Action State** that refers to or relates to any Defendant and/or the telecommunications services provided by any Defendant.

**Response:**

Plaintiffs object to the Request, as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the services provided by the Defendants.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiff defines "relating to" to mean "directly concerning."

Plaintiffs object to the Request to the extent that Defendants define "Subpoena" as a "court issued writ" requiring a person or entity to produce documents and/or information and/or to appear and to provide testimony. The authority of any responding Plaintiff to issue an investigative pre-suit subpoena varies per each state's specific statute or rule providing investigative authority to the attorneys general (or other designated officers/agencies with investigative authority). The authority and procedure for the issuance of subpoenas varies by state and subpoenas may or may not be "court issued."

Plaintiffs object to extent that "State Law Action States" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following entry of a protective order.

**Document Request 14:**

Please produce the transcripts of all testimony that was provided by any third party in response to any subpoena issued by any **State Law Action State** that refers to or relates to any Defendant and/or the telecommunications services provided by any Defendant.

**Response:**

Plaintiffs object to the Request as "telecommunications services" is not a defined term. The use of the term is vague, ambiguous and may mischaracterize the services provided by the Defendants.

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the term "refers to or relates to" as overly broad and unduly burdensome, as it purports to call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs define "refers to" to mean "directly concerning."

Plaintiffs object to extent that "State Law Action State" is not limited to Persons acting within the scope of the subject matter of this litigation.

27

1    Plaintiffs object to the use "wiretap," "communications device," "wired,"
2    "wireless," and "internet based" as those are not defined terms. The use of those terms is
3    vague and ambiguous.

4    Plaintiffs object to extent that "State Law Action State" is not limited to Persons
5    acting within the scope of the subject matter of this litigation.

6    Plaintiffs object to the Request as "constitute notice" is vague and ambiguous.

7    Plaintiffs object to the Request as overly broad and unduly burdensome and
8    therefore not proportional to the needs of the case to the extent that the Request fails to
9    provide a temporal limitation, requesting records outside the scope of this litigation

10    Plaintiffs are not knowingly withholding documents relevant to claims and defenses
11    in this litigation pursuant to the foregoing objections.

12    Subject to and without waiving the Preliminary Statements, General Objections, and
13    specific objections, the responding Plaintiffs respond that there are no responsive
14    documents.

15

16    **Document Request 19**:

17    Please produce all Documents, including without limitation, **Call Detail Records**
18    **(aka "CDRs")**, switch records, server records that contain data associated with calls
19    transited by Avid Telecom obtained from any third party by the **Lead State Plaintiffs**.

20    **Response**:

21    Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly
22    broad and unduly burdensome.

23    Plaintiffs object to the use of the terms "Call Detail Records (aka "CDRs"), switch
24    records, server records" as vague and ambiguous.

25    Plaintiffs object to the use of the term "data" as vague and ambiguous. The term is
26    also overly broad and unduly burdensome, requesting records outside the scope of this
27    litigation.

28

32

1  Plaintiffs object to extent that "Lead State Plaintiffs" is not limited to Persons acting

2  within the scope of the subject matter of this litigation.

3  Plaintiffs object to the Request as overly broad and unduly burdensome and

4  therefore not proportional to the needs of the case to the extent that the Request fails to

5  provide a temporal limitation, requesting records outside the scope of this litigation.

6  Plaintiffs are not knowingly withholding documents relevant to claims and defenses

7  in this litigation pursuant to the foregoing objections.

8  Subject to and without waiving the Preliminary Statements, General Objections, and

9  specific objections, the Lead Plaintiff States will produce responsive documents within a

10  reasonable time following the entry of a protective order and ESI protocol.

11

12  **Document Request 20:**

13  Please produce all **Documents**, including without limitation, **Call Detail Records**

14  **(aka "CDRs"),** switch records, server records, sufficient to identify, by originating and

15  terminating telephone number, *each and every call* that the **Lead Plaintiff States** allege

16  was an illegal under federal law. With respect to each and every call, the Documents

17  produced must include Documents sufficient to identify the Person from whom the Call

18  Data was obtained.

19  **Response:**

20  Plaintiffs object to the use of "all" as defined by Defendants as overly broad and

21  unduly burdensome.

22  Plaintiffs object to the use of the terms "Call Detail Records (aka "CDRs"), switch

23  records, server records" as vague and ambiguous.

24  Plaintiffs object to extent that "Lead Plaintiff State" is not limited to Persons acting

25  within the scope of the subject matter of this litigation.

26  Plaintiffs object to Defendants' failure to define "illegal," and object to any Request

27  that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions,

28

seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that it fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs object to the Request to the extent that it requires the Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that it asks for a compilation, summary or analysis of documents or information not in existence.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

The responding Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102).

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following entry of a protective order and an ESI agreement.

**Document Request 21:**

Please produce all **Documents**, including without limitation, **Call Detail Records (aka "CDRs"),** switch records, server records that contain data associated with calls transited by **Avid Telecom** obtained from any third party by the **State Law Action States**.

**Response:**

34

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the use of the terms "Call Detail Records (aka "CDRs"), switch records, server records" as vague and ambiguous.

Plaintiffs object to the use of the term "data" as vague and ambiguous. The term is also overly broad and unduly burdensome, requesting records outside the scope of this litigation.

Plaintiffs object to extent that "State Law Action States" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Subject to the Preliminary Statements and General Objections, the responding Plaintiffs further object to this Request as overly broad and therefore not proportional to the needs of the case. The responding Plaintiffs may collect Call Detail Records ("CDRs") from non-parties pursuant to separate investigations which are not directly related to any Defendant in the instant case. Such CDRs may contain data associated with calls which were also transited by Defendants. The responding Plaintiffs are unable to determine which calls reflected in CDRs obtained in otherwise unrelated investigations may have also been transited by Defendants. To the extent this Request seeks CDRs provided by non-parties which may contain records of calls also transited by Defendants, the responding Plaintiffs are unable to determine whether responsive documents exist and may be withholding such records on the basis of this objection.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in

their possession, custody, or control within a reasonable time following entry of a protective order and an ESI agreement.

### **Document Request 22:**

Please produce all **Documents** including without limitation, ***Call Detail Records (aka "CDRs"), switch records, server records***, sufficient to identify, by originating and terminating telephone number, *each and every call* that the **State Law Action States** allege was an illegal under federal law. With respect to each and every call, the **Documents** produced must include **Documents** sufficient to identify the Person from whom the Call Data was obtained.

### **Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome. Plaintiffs object to the use of the terms "Call Detail Records (aka "CDRs"), switch records, server records" as vague and ambiguous.

Plaintiffs object to extent that "State Law Action States" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs object to the Request to the extent that the Request requires Plaintiffs to analyze or organize factual evidence for the Defendants or the extent that the Requests ask for a compilation, summary or analysis of documents or information not in existence.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

The responding Plaintiffs further object to this Request to the extent that it calls for information or analysis that is not yet complete and that is information that is properly the subject of expert discovery. The disclosure and production of expert reports and other expert-related materials will occur in accordance with Rule 26 and the dates set forth in the Case Management Scheduling Order (ECF No. 102).

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following entry of a protective order and an ESI agreement.

**Document Request 23**:

Please produce all **Documents**, including without limitations all research, analyses, studies and the like that support or refute allegations by the **State Law Action States** that calls to wireless phones that are alleged to be illegal were terminated to a phone that was physically located within the alleging state when the call was received.

**Response**:

Plaintiffs object to this Request as unduly burdensome and overly broad to the extent that it seeks documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(1), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the use of the terms "research, analyses, studies and the like" as vague and ambiguous. The terms are also overly broad and unduly burdensome, to the extent that they call for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs object to extent that "State Law Action State" is not limited to Persons acting within the scope of the subject matter of this litigation.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs respond that there are no responsive documents.

**Document Request 24:**

Please produce all **Documents**, including without limitation, Do Not Call lists, **Call Detail Records (aka "CDRs")**, switch records, server records, sufficient to identify, *each and every call* that the **Lead Plaintiff States** allege was terminated in violation of an applicable federal Do Not Call List.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "terminated in violation of an applicable federal Do Not Call List" is unclear. Plaintiffs interpret the Request as calling for Documents sufficient to identify calls which violate statutes or rules prohibiting certain calls to phone numbers listed on the National Do Not Call Registry maintained by the Federal Trade Commission.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Plaintiffs are not knowingly withholding documents relevant to claims and defenses in this litigation pursuant to the foregoing objections.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, responding Plaintiffs have not yet compiled each and every call placed in violation of statutes or rules prohibiting calls to phone numbers appearing on the National Do Not Call Registry. Responding Plaintiffs expect to create and produce responsive documents as a part of their expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) and will be disclosed pursuant to the Case Management Order Case filed on December 12, 2024 (ECF No. 102).

**Document Request 25:**

Please produce all **Documents**, including without limitation, Do Not Call lists, **Call Detail Records (aka "CDRs")**, switch records, server records, sufficient to identify, *each and every call* that the **State Law Action States** allege was terminated in violation of an applicable federal Do Not Call List.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "terminated in violation of an applicable federal Do Not Call List"

business telephone number" is unclear. A call does not violate a "Do Not Call List" but rather a call may violate a statute or rule. Plaintiffs object to the extent that Defendants failed to identify which statute or rule or "violation" is at issue in the Request. Plaintiffs object as Defendants failed to provide a definition for "applicable federal Do Not Call List." Plaintiffs interpret the Request as seeking Documents relevant to calls that the State Law Action States allege violate any of their respective state law Counts and to the extent those state law claims rely on the National Do Not Call Registry. Plaintiffs further interpret the Request as seeking documents corresponding to each violative call which indicates whether the registered telephone number appearing on the National Do Not Call Registry is a residential or business number.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, responding Plaintiffs have no responsive documents.


**Document Request 28:**

Please produce all **Documents** including without limitation, all **Documents** containing information provided by the **Called Party**, that such **Called Party** stated that he/she had not authorized the sender to make the each and every call alleged to be illegal in the Complaint (*i.e.,* there was not a valid opt-in).

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the Request to the extent that the definition of "Called Party" asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request to the extent that the Request seeks documents already in the custody or control of the Defendants and will not produce those documents.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order. Additionally, responding Plaintiffs expect to supplement this response as their investigation continues.

**Document Request 29:**

Please produce all **Documents** that refer to, relate to or constitute data collected by the **Lead Plaintiff States**, regarding when the telephone number associated with each call alleged to be illegal was obtained by the **Called Party**.

**Response:**

Plaintiffs object to the Request based on the definition provided for "Called Party" to the extent that it asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions,

**Document Request 32:**

Please produce all **Documents** that refer to, relate to or constitute data collected by the **State Law Action States**, evidencing whether a predecessor to the **Called Party** had agreed to accept any of the calls at issue.

**Response:**

Plaintiffs object to the Request based on the definition provided for "Called Party," to the extent that it asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action.

Responding Plaintiffs object to the Request as vague and ambiguous to the extent that the meaning of the phrase "predecessor" is unclear. The responding Plaintiffs interpret the term as referring to a subscriber to whom a phone number was previously assigned prior to being re-assigned to a different subscriber at the time of a call transited by Defendants.

Plaintiffs object to the Request as overly broad and unduly burdensome and therefore not proportional to the needs of the case to the extent that the Request fails to provide a temporal limitation, requesting records outside the scope of this litigation.

Plaintiffs object to this Request as it calls for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, the responding Plaintiffs respond that there are no responsive documents.

**Document Request 33:**

Please produce all **Documents** that the **Lead Plaintiff States** allege demonstrate that **Michael D. Lansky**, in his individual capacity, had **Actual Knowledge** at the time that a call transited the Avid Telecom network that *each and every* call identified in the previous Request was an illegal robocall under federal law.

46

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Plaintiffs object to the Request to the extent that the term "Actual Knowledge" asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action. Plaintiffs' response to this Request is based on authorities interpreting the term "Actual Knowledge." *See, e.g.*, *Off. of Att'y Gen. v. Smartbiz Telecom LLC*, No. 22-23945-CIV, 2024 WL 4251895, at *4 (S.D. Fla. Sept. 19, 2024) ("Defendant had actual notice of the illegal use of its network through the Traceback notifications and numerous complaints from suppliers. These notifications provided specific information about the illegal nature of the calls and required [d]efendant to locate and respond to the Tracebacks, demonstrating that [d]efendant had actual knowledge of the illegal use of its network."). Plaintiffs' response to this Request does not constitute an acceptance of Defendants' definition of the term "Actual Knowledge" or waive any argument related thereto.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, responding Plaintiffs state that there are no responsive documents related to Request 32, and so no responsive documents to this Request. In light of the vagueness and ambiguity of the Request, responding Plaintiffs are not purposefully withholding responsive documents.

In the alternative, to the extent that Defendants' use of the undefined term "previous Request" was meant to request the production of documents referenced in Request Nos. 20, 22, or 24 through 28, which use the term "each and every call," in response to those Requests, responding Plaintiffs have or will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Document Request 34:**

Please produce all **Documents** that the **Lead Plaintiff States** allege demonstrate that **Michael D. Lansky**, in his individual capacity, had **Actual Knowledge** at any time after a call transited the **Avid Telecom** network that *each and every* call identified in the previous Request was an illegal robocall under federal law.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request to the extent that the term "Actual Knowledge" asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action. Plaintiffs' response to this Request is based on authorities interpreting the term "Actual Knowledge." *See, e.g.*, *Off. of Att'y Gen. v. Smartbiz Telecom LLC*, No. 22-23945-CIV, 2024 WL 4251895, at *4 (S.D. Fla. Sept. 19, 2024) ("Defendant had actual notice of the illegal use of its network through the traceback notifications and numerous complaints from suppliers. These notifications provided specific information

about the illegal nature of the calls and required [d]efendant to locate and respond to the tracebacks, demonstrating that [d]efendant had actual knowledge of the illegal use of its network."). Plaintiffs' response to this Request does not constitute an acceptance of Defendants' definition of the term "Actual Knowledge" or waive any argument related thereto.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, Plaintiffs state that there are no responsive documents related to Request 33, and so no responsive documents to this Request.

In the alternative, to the extent that Defendants' use of the undefined term "previous Request" was meant to request the production of documents referenced in Request Nos. 20, 22, or 24 through 28, which use the term "each and every call," in response to those Requests, the responding Plaintiffs have produced or will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Document Request 35:**

Please produce all **Documents** that the **State Law Action States** allege demonstrate that **Michael D. Lansky**, in his individual capacity, had **Actual Knowledge** at the time that a call transited the **Avid Telecom** network that *each and every* call identified in the previous Request was an illegal robocall under state law.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

49

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Plaintiffs object to the Request to the extent that the term "Actual Knowledge" asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action. Plaintiffs' response to this Request is based on authorities interpreting the term "Actual Knowledge'' *See, e.g.*, *Off. of Att'y Gen. v. Smartbiz Telecom LLC*, No. 22-23945-CIV, 2024 WL 4251895, at *4 (S.D. Fla. Sept. 19, 2024) ("Defendant had actual notice of the illegal use of its network through the traceback notifications and numerous complaints from suppliers. These notifications provided specific information about the illegal nature of the calls and required [d]efendant to locate and respond to the tracebacks, demonstrating that [d]efendant had actual knowledge of the illegal use of its network."). Plaintiffs' responses to this Request does not constitute an acceptance of Defendants' definition of the term "Actual Knowledge" or waive any argument related thereto.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, Plaintiffs state that there are no responsive documents related to Request 34, and so no responsive documents to this Request.

In the alternative, to the extent that Defendants' use of the undefined term "previous Request" was meant to request the production of documents referenced in Request Nos. 20, 22, or 24 through 28, which use the term "each and every call," in response to those Requests, the responding Plaintiffs have or will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in

their possession, custody, or control within a reasonable time following the entry of a protective order.

**Document Request 36:**

Please produce all **Documents** that the **State Law Action States** allege demonstrate that **Michael D. Lansky**, in his individual capacity, had **Actual Knowledge** at any time after a call transited the **Avid Telecom** network that *each and every* call identified in the previous Request was an illegal robocall under state law.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request to the extent that Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Plaintiffs object to the Request to the extent that the term "Actual Knowledge" asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action. Plaintiffs' response to this Request is based on authorities interpreting the term "Actual Knowledge." *See, e.g.*, *Off. of Att'y Gen. v. Smartbiz Telecom LLC*, No. 22-23945-CIV, 2024 WL 4251895, at *4 (S.D. Fla. Sept. 19, 2024) ("Defendant had actual notice of the illegal use of its network through the traceback notifications and numerous complaints from suppliers. These notifications provided specific information about the illegal nature of the calls and required [d]efendant to locate and respond to the tracebacks, demonstrating that [d]efendant had actual knowledge of the illegal use of its network."). Plaintiffs' responses to these Requests do not constitute an acceptance of

Defendants' definition of the term "Actual Knowledge" or waive any argument related thereto.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, Plaintiffs state that there are no responsive documents related to Request 35, and so there are no responsive documents to this Request.

In the alternative, to the extent that Defendants' use of the undefined term "previous Request" was meant to request the production of documents referenced in Request Nos. 20, 22, or 24 through 28, which use the term "each and every call," in response to those Requests, the responding Plaintiffs have produced or will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.


**Document Request 37:**

Please produce all **Documents** that the **Lead Plaintiff States** allege demonstrate that **Stacey S. Reeves**, in her individual capacity, had **Actual Knowledge** at the time that a call transited the Avid Telecom network that *each and every* call identified in the previous Request was an illegal robocall under federal law.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request to the extent that the term "Actual Knowledge" asserts a legal conclusion, misstates the law or is not exclusively determinative as to each

of the Plaintiffs' causes of action. Plaintiffs' response to this Request is based on authorities interpreting the term "Actual Knowledge." *See, e.g.*, *Off. of Att'y Gen. v. Smartbiz Telecom LLC*, No. 22-23945-CIV, 2024 WL 4251895, at *4 (S.D. Fla. Sept. 19, 2024) ("Defendant had actual notice of the illegal use of its network through the traceback notifications and numerous complaints from suppliers. These notifications provided specific information about the illegal nature of the calls and required [d]efendant to locate and respond to the tracebacks, demonstrating that [d]efendant had actual knowledge of the illegal use of its network."). Plaintiffs' response to this Request does not constitute an acceptance of Defendants' definition of the term "Actual Knowledge" or waive any argument related thereto.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, Plaintiffs state that there are no responsive documents related to Request 36, and so there are no responsive documents to this Request.

In the alternative, to the extent that Defendants' use of the undefined term "previous Request" was meant to request the production of documents referenced in Request Nos. 20, 22, or 24 through 28, which use the term "each and every call," in response to those Requests, the responding Plaintiffs have produced or will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Document Request 38:**

Please produce all Documents that the **Lead Plaintiff States** allege demonstrate that **Stacey S. Reeves**, in her individual capacity, had **Actual Knowledge** at any time after a

call transited the Avid Telecom network that *each and every* call identified in the previous Request was an illegal robocall under federal law.

**<u>Response</u>:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Plaintiffs object to the Request to the extent that the term "Actual Knowledge" asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action. Plaintiffs' response to this Request is based on authorities interpreting the term "Actual Knowledge." *See, e.g.*, *Off. of Att'y Gen. v. Smartbiz Telecom LLC*, No. 22-23945-CIV, 2024 WL 4251895, at *4 (S.D. Fla. Sept. 19, 2024) ("Defendant had actual notice of the illegal use of its network through the traceback notifications and numerous complaints from suppliers. These notifications provided specific information about the illegal nature of the calls and required [d]efendant to locate and respond to the tracebacks, demonstrating that [d]efendant had actual knowledge of the illegal use of its network."). Plaintiffs' response to this Request does not constitute an acceptance of Defendants' definition of the term "Actual Knowledge" or waive any argument related thereto.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, Plaintiffs state that there are no responsive documents related to Request 37, and so no responsive documents to this Request.

In the alternative, to the extent that Defendants' use of the undefined term "previous Request" was meant to request the production of documents referenced in Request Nos. 20, 22, or 24 through 28, which use the term "each and every call," in response to those Requests, the responding Plaintiffs have produced or will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Document Request 39:**

Please produce all **Documents** that the **State Law Action States** allege demonstrate that **Stacey S. Reeves**, in her individual capacity, had **Actual Knowledge** at the time that a call transited the Avid Network that *each and every* call identified in the previous Request was an illegal robocall under state law.

**Response:**

Plaintiffs object to the use of "all" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Plaintiffs object to the Request to the extent that the term "Actual Knowledge" asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action. Plaintiffs' response to this Request is based on authorities interpreting the term "Actual Knowledge." *See, e.g.*, *Off. of Att'y Gen. v. Smartbiz Telecom*

*LLC*, No. 22-23945-CIV, 2024 WL 4251895, at *4 (S.D. Fla. Sept. 19, 2024) ("Defendant had actual notice of the illegal use of its network through the traceback notifications and numerous complaints from suppliers. These notifications provided specific information about the illegal nature of the calls and required [d]efendant to locate and respond to the tracebacks, demonstrating that [d]efendant had actual knowledge of the illegal use of its network."). Plaintiffs' response to this Request does not constitute an acceptance of Defendants' definition of the term "Actual Knowledge" or waive any argument related thereto.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, Plaintiffs state that there are no responsive documents related to Request 38, and so no responsive documents to this Request.

In the alternative, to the extent that Defendants' use of the undefined term "previous Request" was meant to request the production of documents referenced in Request Nos. 20, 22, or 24 through 28, which use the term "each and every call," in response to those Requests, the responding Plaintiffs have produced or will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in their possession, custody, or control within a reasonable time following the entry of a protective order.

**Document Request 40:**

Please produce all **Documents** that the **State Law Action States** allege demonstrate that **Stacey S. Reeves**, in her individual capacity, had **Actual Knowledge** at any time after a call transited the Avid Network that *each and every* call identified in the previous Request was an illegal robocall under state law.

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to Defendants' failure to define "illegal," and object to any Request that requires Plaintiffs to ascertain the meaning of the term, calls for legal conclusions, seeks to have Plaintiffs to undertake legal research for Defendants, or analyze or organize factual evidence for Defendants.

Plaintiffs object to the Request to the extent that the Plaintiffs' investigation and development of facts relating to this action is ongoing. Plaintiffs' response is based upon Plaintiffs' knowledge, investigation and preparation to date.

Plaintiffs object to the Request to the extent that the term "Actual Knowledge" asserts a legal conclusion, misstates the law or is not exclusively determinative as to each of the Plaintiffs' causes of action. Plaintiffs' response to this Request is based on authorities interpreting the term "Actual Knowledge." *See, e.g.*, *Off. of Att'y Gen. v. Smartbiz Telecom LLC*, No. 22-23945-CIV, 2024 WL 4251895, at *4 (S.D. Fla. Sept. 19, 2024) ("Defendant had actual notice of the illegal use of its network through the traceback notifications and numerous complaints from suppliers. These notifications provided specific information about the illegal nature of the calls and required [d]efendant to locate and respond to the tracebacks, demonstrating that [d]efendant had actual knowledge of the illegal use of its network."). Plaintiffs' response to this Request does not constitute an acceptance of Defendants' definition of the term "Actual Knowledge" or waive any argument related thereto.

Subject to and without waiving the Preliminary Statements, General Objections, and specific objections, Plaintiffs state that there are no responsive documents related to Request 39, and so no responsive documents to this Request.

In the alternative, to the extent that Defendants' use of the undefined term "previous Request" was meant to request the production of documents referenced in Request Nos. 20, 22, or 24 through 28, which use the term "each and every call," in response to those Requests, the responding Plaintiffs have or will produce non-privileged, non-duplicative, and relevant responsive documents that have not been previously produced or filed with the District Court and that can be located through a reasonable search of the documents in

their possession, custody, or control within a reasonable time following the entry of a protective order.

**Document Request 41:**

Please produce all **Documents** that the **Lead Plaintiff States** allege demonstrate that **Stacey S. Reeves** had the actual authority to make any decision on behalf Avid Telecom; *i.e.,* not just that she stated a position but that she had the authority to make the decision and did so on her own without input from Mr. Lansky).

**Response:**

Plaintiffs object to the use of "all" and "any" as defined by Defendants as overly broad and unduly burdensome.

Plaintiffs object to the term "actual authority" as the term is not defined and calls for a legal conclusion.

Plaintiffs object to this Request as it calls for information that is not relevant to any claim or defense in this matter or reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it is vague and ambiguous as to whether it is seeking documents containing facts or seeking responding Plaintiffs' application of the law to those facts.

Plaintiffs object to this Request to the extent it seeks factual documents on the grounds that it calls for documents that are in the possession, custody, or control of the Defendants.

Plaintiffs object to this Request to the extent it seeks documents in which responding Plaintiffs applied the law to facts. Documents relating to Plaintiffs' legal conclusions are protected opinion work product and information protected by the deliberative process privilege, attorney-client privilege, law enforcement privilege, as well as the joint prosecution, common interest privilege, and the attorney trial preparation and attorney work product doctrines. Plaintiffs are not withholding any documents based on this privilege objection.

RESPECTFULLY SUBMITTED this 7th day of February 2025.

**FOR THE STATE OF ARIZONA:**

KRISTIN K. MAYES
Attorney General for the State of
Arizona


/s/ Alyse Meislik
ALYSE MEISLIK
DYLAN JONES
LAURA DILWEG
SARAH PELTON
Assistant Attorneys General
*Attorneys for the State of Arizona*


**FOR THE STATE OF INDIANA:**

TODD ROKITA
Attorney General for the State of Indiana


/s/ Douglas S. Swetnam
DOUGLAS S. SWETNAM
THOMAS L. MARTINDALE
Deputy Attorneys General
*Attorneys for the State of Indiana*

**FOR THE STATE OF NORTH
CAROLINA:**

JEFF JACKSON
Attorney General for the State of North
Carolina


/s/ Tracy Nayer
TRACY NAYER
ROCHELLE SPARKO
Special Deputy Attorneys General
*Attorneys for the State of North Carolina*


**FOR THE STATE OF OHIO:**

DAVE YOST
Attorney General for the State of Ohio


/s/ Erin B. Leahy
ERIN B. LEAHY
Senior Assistant Attorney General
*Attorney for the State of Ohio*


*Lead Counsel for Plaintiffs*

72