IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al.,<br><br>           Plaintiffs,<br>v.<br><br>Michael D. Lansky, L.L.C., dba Avid Telecom; et al.,<br><br>           Defendants. | CV 23-00233-TUC-CKJ (MAA)<br><br>**ORDER** |

Pending before the court is the plaintiffs' motion, filed on January 7, 2026, to compel the defendant Michael D. Lansky, L.L.C., dba Avid Telecom, to produce documents. Doc. 195. The defendants filed a response on January 21, 2026. Doc. 201. The plaintiffs did not file a reply. The court finds the motion suitable for decision without oral argument. *See* LRCiv 7.2 (f).

Background

"On May 23, 2023, Plaintiffs, [48 states and the District of Columbia], filed this action against Defendants Michael D. Lansky L.L.C., dba Avid Telecom (Avid Telecom), M. Lansky, individually, and Stacey Reeves, individually and as Vice President of Operations and Sales of Avid Telecom." Order denying Motion to Dismiss, Doc. 64, p. 1. "Plaintiffs allege Defendants

violated the Telemarketing and Consumer Fraud and Abuse Prevention Act ('Telemarketing Act'), 15 U.S.C. § 6101 et seq.; the Telemarketing Sales Rule ('TSR'), 16 C.F.R. § 310 et seq.; the Telephone Consumer Protection Act ('TCPA'), 47 U.S.C. § 227 et seq., and certain state laws that protect consumers against unfair and deceptive trade practices, including unfair, deceptive, abusive, and illegal telemarketing practices." Doc. 64, p. 1.

"Plaintiffs' case focuses on the barrage of unwanted robocalls sent to millions of American consumers that are harassing, annoying, threatening, and malicious." Doc. 64, p. 1. "The Complaint alleges the Defendants are in the business of providing Voice over Internet Protocol (VoIP) services, facilitating, or initiating robocalls, and/or helping others make robocalls." Doc. 64, p. 1 (*citing* Complaint, Doc. 1).

In the pending motion, the plaintiffs move, pursuant to Fed.R.Civ.P. 37, that the court order defendant Michael D. Lansky, L.L.C., dba Avid Telecom (Avid Telecom), to provide documents in response to the plaintiffs' First Set of Requests for Production of Documents ("Requests"). Doc. 195, p. 1.

The Requests were served on or about February 21, 2025. Doc. 195, p. 3. The initial deadline to respond was March 24, 3035. Doc. 195, p. 3.

Avid Telecom failed to timely produce any responses. Doc. 195, pp. 3-4. After consultation, the parties agreed to extend the deadline to April 30. Doc. 195, p. 4. The defendant failed to file responses by the new deadline but later explained that it was "still working on the document responses" and promised that they would be completed by May 2, 2025. Doc. 195, p. 4. They were not. *Id*.

On May 2, 2025, the individual defendants Lansky and Reeves provided responses to the Requests for Production served on them. Doc. 195, p. 4, n. 1; See Exhibit H; Doc. 195-1, pp. 83-131. But the defendant Avid Telecom did not. Doc. 195, p. 6.

The plaintiffs' counsel emailed the defense counsel on or around May 7, 2025, but the defense counsel did not respond. Doc. 195, p. 4.

The plaintiffs' counsel sent a meet and confer email on May 16, 2025. Doc. 195, p. 4. The defense counsel did not respond. *Id*.

The plaintiffs' counsel sent another meet and confer email on May 27, 2025. *Id*. On May 28, 2025, the defense counsel sent a reply email and stated that he would try to have a response "later today or tomorrow." Doc. 195, pp. 4-5.

The plaintiffs' counsel notified the court of Avid Telecom's failure to respond to their First Set of Requests for Production. Doc. 195, p. 5. The court instructed the parties to meet and confer, and the plaintiffs' counsel attempted to do so, but the defense counsel failed to respond to the plaintiffs' counsel's initial attempts to set up a meeting. Doc. 195, p. 5.

Eventually a meet and confer was conducted on July 9, 2025. Doc. 195, p. 5. The defense counsel agreed to provide Avid Telecom's first written responses. *Id*.

On or around July 22, 2025, Avid Telecom sent "supplemental" responses to Plaintiffs' First Set of Requests for Production. *Id*.; Exhibit T, Doc. 195-1, pp. 170-262. The plaintiffs found the "supplemental" responses insufficient. Doc. 195, p. 6.

The court set a briefing schedule for the parties to present their issues. Doc. 195, pp. 5-6. The court entered an order on October 24, 2025, instructing the defendant to respond to the plaintiffs' First Set of Requests for Production to the extent that it had not already done so, by November 28, 2025. Doc. 169, p. 4. Avid Telecom did not provide any additional documents by the deadline. Doc. 195, p. 6. The parties participated in a meet and confer on December 9, 2025. Doc. 195, p. 6. Avid Telecom "has still not made a production of documents." Doc. 195, p. 6.

On January 7, 2026, the plaintiffs filed the pending motion to compel Avid Telecom to properly respond to their requests for production. Doc. 195.

Discussion

In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering

- 3 -

the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Rule 34, in turn, permits a party to "serve on any other party a request within the scope of Rule 26(b) . . . to produce . . . any designated documents or electronically stored information . . . ."  Fed.R.Civ.P. 34(a)(1)(A).

And pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iv): "A party seeking discovery may move for an order compelling . . . production . . . if . . . a party fails to produce documents . . . ."

The plaintiffs argue in their motion that Avid Telecom should be required to comply with its discovery obligations.  They do not, however, specifically address the defendant's supplementary response and the various arguments Avid Telecom raised in response to the plaintiffs' 98 separate production requests.  *See* Exhibit T, Doc. 195-1, pp. 170-262; *see also* LRCiv 37.1.  The plaintiffs do state that Avid Telecom still has not produced "any responsive documents to Request Nos 2-24, 27-39, 41-42, 44-45, 48-55, 57-60, 64 subsection j, 66, 72, 76, 92-95, 98." Doc. 195, pp. 4-7.  The court will assume that these Requests are of a kind and present the same issues.  The court specifically examines the Request for Production 2 ("RFP 2").

In RFP 2, the plaintiffs request contracts and agreements that Avid Telecom made with "Upstream Providers or Non-Provider Customers for which You Transmitted calls . . . ."

In its supplemental response, Avid Telecom objected that the Request was an unreasonable burden and warned that it might seek documents that are privileged. Nevertheless, Avid Telecom stated that it would, subject to its objections, provide responsive documents. Doc. 195-1, pp. 172-173.

In light of the defendant's response, the court finds that production is appropriate.  The court will grant the motion to compel for those requests for which Avid Telecom has stated that it would, subject to its objections, provide responsive documents.

In their response, the defendants argue that the plaintiffs have failed to meet and confer in good faith as required by Fed.R.Civ.P. 37(a)(1) and Local Rule 7.2(j). They assert specifically that the plaintiffs did not raise any issues with Avid Telecom's response to Request Nos. 2-24, 27-39, 41-42, 44-45, 48-55, 57-60, 64 subsection j, 66, 72, 76, 92-95, 98. Doc. 195, pp. 4-7. Doc. 201, p. 4, n. 2.

The court agrees that the plaintiffs did not specifically address the issues raised in Avid Telecom's supplemental response other than to state generally that no documents have been produced. And if Avid Telecom has refused to produce documents based on an issue that must be resolved before discovery can proceed, then the court would agree that the parties should meet and confer about that issue and, if the issue is not resolved, bring the specific issue before the court. Neither party, however, has brought to the attention of the court any particular issue that fits under this category.

At this point, the court can only conclude that for those Requests for which Avid Telecom has stated that it would, subject to its objections, provide responsive documents, there is no need for a further meet and confer and the plaintiffs' motion is ripe.

**IT IS ORDERED** that the plaintiffs' motion, filed on January 7, 2026, to compel the defendant Michael D. Lansky, L.L.C., dba Avid Telecom, to produce documents is GRANTED IN PART. Doc. 195. The motion is GRANTED for those Requests for Production of Documents for which Avid Telecom has stated in its supplemental response that it would, subject to its objections, provide responsive documents.

Because the parties' counsel are in the process of analyzing Defendants' document productions and working on revised indexes for the documents, as discussed in the Court's telephonic status conferences, the Court will not set a deadline at this time for compliance with this Order. If Plaintiffs thereafter deem the document productions to be deficient, and the issues

are not resolved between the parties, Plaintiffs may bring those issues to the Court in a subsequent motion to compel with specific reference to the deficiencies.

DATED this 12th day of March, 2026.

Honorable Michael A. Ambri
United States Magistrate Judge