Neil S. Ende, Esq.
*nende@tlgdc.com*
Technology Law Group, LLC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
Telephone: (202) 895-1707
Attorneys for Michael D. Lansky,
Michael D. Lansky, LLC *dba* Avid Telecom
 and Stacey S. Reeves

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| State of Arizona, ex rel. Kristin K. Mayes Attorney General et al. | ) ) ) |
| Plaintiffs | ) ) |
| v. | ) Case No. 4:23-cv-00233-EJM ) |
| Michael D. Lansky, LLC, dba Avid Telecom, an Arizona Limited Liability Company; | ) ) ) ) |
| Michel D. Lansky, individually As a Member/Manager/Chief Executive Officer of Michael D. Lansky, LLC dba Avid Telecom; and | ) ) ) ) ) ) |
| Stacey S. Reeves, individually as a Manager/Vice President of Michael D. Lansky LLC dba Avid Telecom | ) ) ) ) ) |
| Defendants. | ) |

_____

**REPLY TO RESPONSE TO**
**MOTION TO COMPEL AND FOR SANCTIONS**

i

**Table of Contents**

**Introduction**................................................................................................1

**Argument**……………………………………………………………………………….3

   **1. Defendants Have Complied with Local Rules 7.2 and 37.1**……………………3

   **2. The Amended Deposition Topics Are Proper**……………………………………5

      a. Defendants Have Shown Good Cause to Obtain Witness Testimony……………5

      b. The Topics are Proper and Well Within the Scope of FRCP Rule 26……………6

         i.     Topic 1………………………………………………………………9

         ii.    Topics 2, 3, 4, 9, 10, and 11………………………………………..13

         iii.   Topics 5, 6, 7, and 8………………………………………………..15

         iv.   Topic 12…………………………………………………………..16

         v.     Topics 13………………………………………………………………16

**Conclusion**…………………………………..…………………………………..18

**Table of Authorities**

<u>Cases</u>

*Shuffle Master v. Progressive Games,* 170 F.R.D. 166, 171, 1996 U.S. Dist. LEXIS -- 19896, *13……………..…………………………………………………………………….4

*V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 297, 302, 2019 U.S. Dist. LEXIS 224448, *7…….4

*Shelton v. Am. Motors Corp.,* 805 F.2d 1323, 1327 (8th Cir. 1986)………………………6

*Smith v. Arizona*, 602 U.S. 1785 (2024)…………………………………………………..6

*Meyer v. Portfolio Recovery Assocs*., LLC, 707 F.3d 1036, 1040, 2012 U.S. App. LEXIS 26708, *1………………………………………………..…………………………...8,14

*Doe v. Horne*, 737 F. Supp. 3d 758, 766, 2024 U.S. Dist. LEXIS 108821, *14……..……9

*Doe v. Trump*, 329 F.R.D. 262, 265, 2018 U.S. Dist. LEXIS 214633, *1, 2018 WL 6696678…………………………………………………………………………..9, 16

*ReBath LLC v. HD Solutions LLC*, 2021 U.S. Dist. LEXIS 105768, *4, 2021 WL 2291377…………………………………………………………………………10, 11

*Doe v. Swift Transp. Co*., 2015 U.S. Dist. LEXIS 154017, *14………………………....12

*Shelton v. Am. Motors Corp.,* 805 F.2d 1323, 1327 (8th Cir. 1986)………………….…12

*Duran v. Cisco Sys.*, 258 F.R.D. 375, 379, 2009 U.S. Dist. LEXIS 66173, *8……....14, 16

*18 Unnamed "John Smith" Prisoners v. Meese*, 851 F.2d 1236, 1238, 1988 U.S. App. LEXIS 9769, *4…………………………………………………………………..13, 16, 19

*Burlington Northern & Santa Fe Ry. v. United States Dist. Court*, 408 F.3d 1142, 1145, 2005 U.S. App. LEXIS 5150, *1, 61 Fed. R. Serv. 3d (Callaghan) 271, 35 ELR 20069…………………………………………………………………………..16

*Goodman v. Staples the Office Superstore*, LLC, 644 F.3d 817, 819, 2011 U.S. App. - LEXIS 8979, *1, 79 Fed. R. Serv. 3d (Callaghan) 532; Ariz. R. Evid. R. 703………….14

*State v. Lundstrom,* 161 Ariz. 141, 776 P.2d 1067, 39 Ariz. Adv. Rep. 19, 1989 Ariz. LEXIS 141 (Ariz. 1989)…………………………….………………….………..14

*Assocs., LLC,* 696 F.3d 943, 946, 2012 U.S. App. LEXIS 21136, *1, 83 Fed. R. Serv. 3d (Callaghan) 1039, 2012 WL 4840814……………………………………..…..17

*City Select Auto Sales Inc. v. David Randall Assocs*., 885 F.3d 154 (2018)……………..15

*Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc*., 961 F.3d 942 (2020)…………………………………………………………………………………….15

*In re Levine*, 174 Ariz. 146, 153, 847 P.2d 1093, 1100, 1993 Ariz. LEXIS 16, *17, 133 Ariz. Adv. Rep. 3………………………………………………………………………...17

BioD, LLC v. Amnio Tech., LLC, No. 2:13-CV-1670-HRH, 2014 WL 3864658, at *3–4 (D. Ariz. Aug. 6, 2014) citing Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004) (quoting Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1210–11 (9th Cir. 2002)…………………………………………………………………18

*Beckman Indus. v. International Ins. Co*., 966 F.2d 470, 471, 1992 U.S. App. LEXIS 12324, *1, 22 Fed. R. Serv. 3d (Callaghan) 932, 92 Cal. Daily Op. Service 4700, 92 Daily Journal DAR 7499…………………………………………………………………...18

*Cordero v. Stemilt AG Servs., LLC*, 142 F.4th 1201, 1203, 2025 U.S. App. LEXIS 17010, *1, 2025 LX 290780, 122 Fed. R. Serv. 3d (Callaghan) 74, 2025 WL 1902292………...18

Other Authorities

47 U.S.C.S. § 227(b)(1*)*……………………………………………..………………..8, 12

Arizona Rule of Evidence 602……………………………………………………………8

Ariz. Rules of Prof'l Conduct R. 3.1……………………………………………………19

FRCP Rule 26(a)(2)(A)…………………………………………………………………14

FRCP Rule 26(a)(2)(C)…………………………………………………...………3,14

FRCP Rule 26(c)…………………………………………………………………...17,18

FRCP. 26(c)(1)……………………………………………………………………17

FRCP 30(b)(6)………………………………………………………………….*passim*

FRCP 30(a)………………………...…………………...………………………….6, 9

FRE 702……………………………………………………………………………15

LRCiv 37.1(a)……………………………………………………………………….5

Michael D. Lansky, LLC *dba* Avid Telecom, LLC ("Avid Telecom"), Michael D. Lansky ("Lansky"), and Stacey Reeves ("Reeves"), by and through their undersigned counsel, hereby reply to the Plaintiffs' Response to the Motion to Compel the designation of 30(b)(6) witnesses and for sanctions.

**Introduction**

The law is absolutely clear and undisputed:  a defendant in a civil action is entitled to the testimony of "corporate" witnesses with knowledge of material facts set forth in a complaint.  FRCP 30(b)(6).  Nearly a year ago, Defendants served notices on Defendants, as allowed under FRCP 30(b)(6), asking Plaintiffs to designate witnesses with knowledge of material facts set forth in Plaintiffs' 630-paragraph complaint.  Plaintiffs have, to date, effectively sidestepped the designation of any witness on any topic.

Defendants have tried and tried to address even the most absurd of Plaintiffs' objections, including a 139-page meet and confer letter and providing a revised list of topics that were even more closely tied to the specific allegations in the Complaint.  The Magistrate concluded that "*defendants are entitled to Rule 30(b)(6) depositions addressing the factual allegations contained in the Complaint*", ordering Plaintiffs to resolve all discovery issues "by November 28, 2025." [Dkt. 170].  Plaintiffs completely ignored the mandate of the Magistrate's Order, making no designations, and continuing to fail and refuse to engage in any manner with Defendants, even after Defendants sent a set of revised topics that sought to meet Plaintiffs' concerns.  Plaintiffs' failure to produce or even to engage in good faith can only be viewed as direct and willful disobedience of the Magistrate's order.

1

The substantive reason for Plaintiffs' intransigence is also no mystery. After filing a 630-paragraph complaint that sets forth literally hundreds of alleged facts, it is now clear from Plaintiffs' own statements that *not a single Plaintiff—not even the so-called and self-designated "Lead Plaintiff States" behind which the other states have tactically hidden since the outset—undertook any effort to obtain or to verify a single one of these facts*. Remarkably, rather than being ashamed or apologetic for this stunning violation of the most basic rules of professional practice, instead, Plaintiffs have weaponized their willful violation of the Rules, using it as a basis to avoid standard discovery/deposition practice.

Plaintiffs' conduct is unacceptable and worthy of the most comprehensive available sanctions. Moreover, and in some ways more critically, allowing Plaintiffs to sidestep their absolute obligations to designate witnesses to appear for deposition—as already ordered by the Magistrate—would irrevocably prejudice and cripple Defendants' ability to address the factual basis of the material and essential facts Plaintiffs alleged in their Complaint.

Plaintiffs' suggestion that Defendants should be limited to deposing Plaintiffs' expert on these facts is clearly a non-starter for a number of reasons. First, as Plaintiffs' expert did not write the Complaint, and his expert testimony does not address a myriad of factual issues pleaded in the Complaint, limiting Defendants to deposing him would inevitably (and intentionally) leave massive gaps in the subjects on which he can testify, as he plainly does not have personal knowledge of facts alleged in the Complaint that fall outside the scope of his expert report.

2

Moreover, even if this were not the case, absent proper disclosures as set forth in FRCP Rule 26(a)(2)(C), an expert witness cannot also testify as a fact witness. Plaintiffs have failed to make the required disclosures. Thus, should this Court require Defendants to depose Plaintiffs' expert on any matter of fact, Defendants respectfully believe that the Court must also strike his expert testimony in its entirety.

## **Argument**

### 1.  **Defendants Have Complied with Local Rules 7.2 and 37.1**

Plaintiffs assert that "Defendants did not comply with Local Rules 7.2 and 37.1 prior to the filing of their Motion to Compel; this Motion should be summarily denied." [Dkt. 212 at p. 8]. This allegation is both disingenuous and false.  Defendants have tried to meet and confer to address the Plaintiffs' concerns for more than 9 months. These efforts included more than a hundred pages of meet and confer arguments setting forth Defendants' position in extreme detail.[1]  Plaintiffs failed and refused to respond in a substantive or a complete manner to this letter.  Further, unlike Plaintiffs who willfully ignored the Magistrate's Order to address the 30(b)(6) topics by November 28, [Dkt. 170], Defendants fully complied with that Order, narrowing the enumerated FRCP 30(b)(6) topics even further in an attempt to address even the most absurd of Plaintiffs' objections.  Plaintiffs refused to budge, instead asserting new and equally baseless objections and withholding any designations despite the clear expectation of the Magistrate's Order. Put simply, there is no doubt that "movant has in good faith

---

[1] Plaintiffs put their meet and confer position in writing in an effort to ensure that Plaintiffs could not misrepresent the engagement process, exactly as they are doing here.

conferred or attempted to confer," as required by the Rules, and that it is Plaintiffs who are refusing to engage.[2]

Again, the Court need not speculate as to the reasons why Plaintiffs are refusing to engage.  The reason is clear:  Plaintiffs have admitted that they do not have a *fact witness* with knowledge of any of the facts alleged in the Complaint.  If that is their position, then the Court should order each lead Plaintiff to designate a witness who will testify to that fact so that their representation will be sworn to under oath, to ensure that it is not allowed merely to be an artful dodge to avoid their obligation to designate fact witnesses and that they bear the full consequences of their refusal to engage.

Judicial consideration of a discovery dispute is proper when "one party has acted in bad faith, either by refusing to engage in negotiations altogether or by refusing to provide specific support for its claims . . ." *See V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 297, 302, 2019 U.S. Dist. LEXIS 224448, *7.  As the Court recognized last fall, judicial intervention was required to address Plaintiffs' continuing refusal to designate witnesses in response to Defendants' FRCP 30(b)(6) Notices.  [Dkt. 170].  It is our belief that the Magistrate thought that he had resolved the issue in his order by making it clear that Defendants are entitled to take depositions on facts set forth in the Complaint and ordering Defendants to engage.  *Id*.  As Plaintiffs have continued to fail

---

[2] Plaintiffs' allegations of its good faith cannot be established merely through the perfunctory parroting of statutory language on the certificate to secure court intervention; rather, it mandates a genuine attempt to resolve the discovery dispute through non-judicial means. *See Shuffle Master v. Progressive Games,* 170 F.R.D. 166, 171, 1996 U.S. Dist. LEXIS 19896, *13. Plaintiffs have shown no sign of good faith meet and confer; their mere strategy is to prolong the designation of witnesses through boilerplate objections.

4

and refuse to do so, there is no question that the issue continues to be ripe for judicial determination.

Plaintiffs also assert that the Defendants have not met the requirement of showing (1) the question propounded, the interrogatory submitted, the designation requested, or the inspection requested; (2) the answer, designation or response received; and (3) the reason(s) why said answer, designation or response is deficient. LRCiv 37.1(a). [Dkt. 212 at p.11]. This argument is nothing more than rhetorical gamesmanship. All parties, and we are confident the Court knows full well what the issue is to be considered in the Defendants' Motion is whether, after nearly a year of obfuscation, Plaintiffs should be required to designate witnesses in response to the topics identified by Defendants. As the issue only involves the requirements of FRCP Rule 30(b)(6), Plaintiffs' references to interrogatories and other forms of discovery are nothing short of misplaced distraction, and they should be ignored as such.

**2. The Amended Deposition Topics Are Proper**

a. Defendants Have Shown Good Cause to Obtain Witness Testimony

Plaintiffs' argument that the "topics necessitate that the counsel for each noticed plaintiff be designated as a witness for which defendants do not show good cause" [Dkt. 212 at p. 10] is a red herring. To be clear: Defendants have never insisted that Plaintiffs designate counsel as their witness on any topic. To the contrary, when Defendants issued the original Notices, they assumed that the designees would be persons other than counsel (*e.g.,* an on-staff analyst). This fact is fully documented in the email sent by Defendants to Plaintiff on January 22, 2026, stating that anyone from the AG's office or employees, including analysts, can be designated as a witness for the identified

topics. [Dkt. 204 at Exhibit IV]. It is Plaintiffs, and only Plaintiffs, who have suggested that the designee must be an attorney.  Hence, the claim that a forced designation of counsel somehow justifies a wholesale refusal to designate cannot be the basis of a wholesale refusal to designate any non-attorney fact witnesses.

Of course, the Federal Rules of Civil Procedure do not specifically prohibit the taking of opposing counsel's deposition. *See* Fed. R. Civ. P. 30(a) ("a party may take the deposition of 'any *person*'"). And, more precisely, the courts have held that "[c]ircumstances may arise in which the court should order the taking of opposing counsel's deposition." *See Shelton v. Am. Motors Corp.,* 805 F.2d 1323, 1327 (8th Cir. 1986). Again, Defendants are willing to depose *anyone* from any AG office who was part of the investigation team who has knowledge of the facts set forth in the Complaint.

Clearly, Plaintiffs are entitled to take the depositions of fact witnesses designated by Plaintiffs and Plaintiffs are required to designate.  This right is clear in the federal rules, as confirmed in the express language of the Magistrate's October 2025 Order [Dkt. 170].  Each of the identified topics goes directly to allegations of fact set forth in the Complaint.  If the Court believes that Plaintiffs do not have any witnesses who can verify the specific allegations in the Complaint, and it allows Plaintiffs to avoid designation of witnesses on that basis, then it should and must bar Plaintiffs from producing any evidence on any designated Topic at trial.  *See,* Arizona Rule of Evidence 602; *see generally Smith v. Arizona*, 602 U.S. 1785 (2024).

          b.  <u>The Topics are Proper and Well Within the Scope of FRCP Rule 26</u>

Plaintiffs assert that "Topics are improper because they are overbroad, highly duplicative, and cumulative, hence assert such discovery should not be allowed

pursuant to FRCP rule 26(c)."[3] [Dkt. 212 at p. 13]. Plaintiffs also assert that "Acting in their enforcement capacities, a small group of Plaintiffs gathered and reviewed records from Defendants, third-parties, and publicly available sources. The work product completed by the small group of Plaintiffs was shared among all Plaintiffs." [Dkt. 212 at p. 14]. Further, Plaintiffs claim that "While the number of calls to each state may vary, the same common facts support all the Plaintiffs' claims." [Dkt. 212 at p. 14].

Plaintiffs' arguments are without merit on multiple grounds. First, Plaintiffs' claims remind Defendants of the old adage that "you cannot kill your parents and seek the mercy of the court because you are an orphan." Respectfully, Plaintiffs strategically chose to burden the Defendants and the Court with a massive, redundant Complaint, laced with repeated facts and allegations and rank speculation. Having done so, Plaintiffs should not now be allowed to avoid their discovery obligations by alleging that 30(b)(6) Topics that closely track these same allegations are somehow overbroad and not permissive.

Second, while Plaintiffs allege that "a small group of Plaintiffs gathered and reviewed records from Defendants, third-parties, and publicly available sources and that the work product completed by the small group of Plaintiffs was shared among all

---

[3] In this context, it is important to recall that the Court limited all oral discovery to 13 of Plaintiffs' states—*i.e.*, the so-called and self-designated "Lead Plaintiff States" and to states with state law claims—excusing all of the others from any oral discovery. Thus, Plaintiffs have already been relieved of much of the burden normally imposed on parties who chose to be Plaintiffs. As the TCPA requires individual proof of the illegality of each call and, as paragraph 89 of the Complaint plainly establishes that each state had different calls and numbers of calls (*i.e.,* this is not a class action where all Plaintiffs alleged identical facts), and as the dollar amount of damages at issue in the states excluded from deposition run into the billions of dollars (thus negating any claim of proportionality), Defendants continue to believe, as they previously argued, that they should have been allowed to depose each Plaintiff who apparently presented these facts.

Plaintiffs", [Dkt. 212 at p. 14] no detail is provided regarding the identities of the "small group", the nature and content of the "review process", the "records" or the "publicly available sources used", or the parties with whom the work product was allegedly shared.  Moreover, even if one were to accept this narrative as true, it makes it all the more remarkable that Plaintiffs remain unwilling to put forth the alleged "small group of Plaintiffs" to testify in response to the Notices.  Instead, Plaintiffs continue to stonewall completely, even as to the Topics that are pointed to exactly these issues.

Third, Plaintiffs' allegation that "While the number of calls to each state may vary, the same common facts support all the Plaintiffs' claims." This claim is obviously false as Plaintiffs aggressively argue that separate calls were placed into every Plaintiff state (see Complaint at para. 89) and, in any event, is entirely without factual support (either in the Complaint or even in Plaintiffs' expert report).   Moreover, Plaintiffs' effort to treat this case as if it were a class action, where all Plaintiffs share the exact same facts, is nonsense, as is their effort to avoid the call-by-call and Plaintiff-by-Plaintiff discovery that is plainly required to prove a violation of the TCPA.[4]

---

[4] The three elements of proof to demonstrate a violation of the TCPA claim are that the defendant called a telephone number; (1) using an automatic telephone dialing system; (2) using a pre-recorded or automated voice; (3) containing a commercial message; and (4) without the recipient's prior express consent. 47 U.S.C.S. § 227(b)(1). *See Meyer v. Portfolio Recovery Assocs*., LLC, 707 F.3d 1036, 1040, 2012 U.S. App. LEXIS 26708, *1.  Plaintiff has not produced even a scintilla of direct evidence for even a single specific call that actually establishes, for example, that an automatic dialing system was used for that call or that the call actually used a pre-recorded or AI voice.  All of the alleged supporting facts are merely assumed in the Complaint from generic data.  It is essential that Plaintiffs be subject to real time oral questioning on these specific allegations.

Plaintiffs also claim that "they have produced written discovery for the information sought by the defendants in relation to deposition topics". [Dkt. 212 at p. 17]. However, the mere fact of document production does not excuse Defendants from the deposition process. Indeed, document production is specifically targeted, *inter alia*, to obtain the documentary evidence needed to take effective depositions. Thus, the Plaintiffs' argument, if accepted, would gut the intention of FRCP Rule 30, effectively preventing parties from obtaining documents if they also want to take depositions.

Moreover, not only does the Scheduling Order specifically authorize the parties to engage in document production, interrogatories, admissions, *and* depositions of the 13 Plaintiff states, the propriety of both written and oral discovery is well established in the law. *See Doe v. Horne*, 737 F. Supp. 3d 758, 766, 2024 U.S. Dist. LEXIS 108821, *14. Further, the courts routinely allow depositions of government agencies even when prior written discovery had been conducted, reasoning that depositions provide an opportunity to clarify or challenge prior responses. *See Doe v. Trump*, 329 F.R.D. 262, 265, 2018 U.S. Dist. LEXIS 214633, *1, 2018 WL 6696678.

With these understandings in place, it is also clear that each of the topics identified by Defendants fits well within applicable parameters.

i. Topic 1

Plaintiffs assert that "Topic 1 is facially overbroad and fails to describe the matters for examination with reasonable particularity as required by Rule 30(b)(6)." Defendants are at a loss to understand. Topic 1 literally seeks a witness who has the knowledge to testify to the allegations of fact in each of the relevant paragraphs of the Complaint.

Hence, it easily meets the requirement of "describing with reasonable particularity" under FRCP Rule 30(b)6.

The cases cited by Plaintiffs do not demonstrate to the contrary. First, most of these are from other jurisdictions, and thus, they are not binding on this court.[5]  Second, none of the cases cited are factually equivalent as they involved very broad topics that are not, as here, tightly associated with specific allegations of fact set forth in specific paragraphs of the Complaint.  For example, the identified topics that the court held to be broad in the cited case were "[a]ll facts and evidence concerning, regarding and relating to" 1) HD Solutions's defenses to ReBath's claims; and 2) HD Solutions's counterclaims. *See ReBath LLC v. HD Solutions LLC*, 2021 U.S. Dist. LEXIS 105768, *4, 2021 WL 2291377. The topics identified by Defendants are, in contrast, directed to specific paragraphs and to specific factual allegations.

Notably, Plaintiffs assert that if Topic 1 is not stricken, then "Topic 1 would require designated witnesses from each of the 13 Plaintiff States to familiarize themselves with every facet of this litigation – litigation which involves billions of alleged unlawful robocalls". [Dkt. 212 at p. 16].  Again, Plaintiffs seek to punish Defendants for Plaintiffs' own conduct.  It is the Plaintiffs, not the Defendants, who chose to file a 630-paragraph complaint alleging hundreds of facts involving billions of alleged unlawful calls.  Having done so—to obtain nationwide headlines and to force Avid Telecom out of business—now, Plaintiffs seek to use their massive over-pleading as a shield to prevent Defendants from obtaining supporting facts from witnesses with

---

[5] This Court has made clear in its previous orders that it is not bound by the orders of Courts in other jurisdictions.

knowledge.   Defendants are entitled to assume that, when Plaintiffs chose to assert these facts, they did so through fact witnesses who have first-hand knowledge and verified them.  Defendants are seeking the designation of those witnesses and nothing more.  Pursuant to Rule 30, it is the Plaintiffs' obligation and burden to identify and prepare their witnesses "so that they may give complete, knowledgeable, and binding answers . . . regarding each of the facts alleged in the complaint as identified in the identified topics.  *See ReBath LLC v. HD Solutions LLC*, 2021 U.S. Dist. LEXIS 105768, *3, 2021 WL 2291377.

Plaintiffs also claim that "it is not reasonable for each of the 13 Plaintiff States to separately prepare a designee to testify on the same allegations when its unified complaint". [Dkt. 212 at p. 17].  Again, this argument seeks to blame and to punish Defendants for the decision made by Plaintiffs to file a massive, multi-Plaintiff complaint.  Had this case been brought by fewer Plaintiffs, the burden to provide witnesses would have been less.

Moreover, as noted, even though the identified topics are the same for all 13 Plaintiff states, the facts are not, as the calls at issue are not the same. The violations of the TCPA are determined on a call-by-call basis; Plaintiffs have the burden to prove that each of the thousands of calls alleged to have been terminated illegally in each state was illegal and, overall, that each of the billions of calls at issue meets all of the elements of illegality under the TCPA.  As such, Defendants are certainly entitled to depose a

11

witness with knowledge of the facts that could support such a call-by-call proof requirement.[6]

Plaintiffs' argument that Topic 1 implicates the protection of information under the work product doctrine is premature at best and wrong at worst. There is nothing in the topic that seeks or even suggests that there will be an inquiry into work product issues; indeed, Plaintiffs have yet to designate a witness, so there is not even a basis to assume that it will be counsel (and, again, Defendants have made it clear that they are not insisting on counsel as a designated witness). Moreover, even if one could concoct a theory in which attorney work product could be implicated, that is a matter for objection at the deposition, not for refusing to designate, In fact, as the case cited by Plaintiffs plainly recognizes, even if a deposition actually seeks testimony on the mental impressions of counsel—which is plainly not sought in Topic—the proper response is for Plaintiff to object during the deposition, not to exclude a topic of inquiry in its entirety on the self-serving assumption that it could arise. *See Shelton v. Am. Motors Corp.,* 805 F.2d 1323, 1327 (8th Cir. 1986). Hence, at most, this objection is premature and does not provide any basis for the wholesale exclusion of a topic that goes to the heart of the alleged factual support for the Complaint.

---

[6] It is also worth noting that some of the state law TCPA claims differ from federal TCPA claims, making the substantive facts different. The TCPA provides that: "[E]xcept for the standards prescribed under subsection (d) and subject to paragraph (2) of this subsection, nothing in this section or in the regulations prescribed under this section shall preempt any State law that imposes more restrictive intrastate requirements or regulations." 47 U.S.C.A. § 227 (West).

ii. Topics 2, 3, 4, 9, 10, and 11

Plaintiffs argue that "Topics 2, 3, 4, 9, 10, and 11 are overbroad, unduly burdensome, and not proportional to the needs of the case." [Dkt. 212 at p. 19]. As the Court is well aware, in its relentless effort to delay and to deny discovery, this is the Plaintiffs' standard boilerplate objection, which in every case is not supported by any facts, but is supported only by non-binding caselaw. The law is clear: unexplained and unsupported boilerplate objections are improper. *See Duran v. Cisco Sys.*, 258 F.R.D. 375, 379, 2009 U.S. Dist. LEXIS 66173, *8. Boilerplate objections are presumptively insufficient. *See Burlington Northern & Santa Fe Ry. v. United States Dist. Court*, 408 F.3d 1142, 1145, 2005 U.S. App. LEXIS 5150, *1, 61 Fed. R. Serv. 3d (Callaghan) 271, 35 ELR 20069. Plaintiffs' assertion that "much of the preparation would be wasted in light of the limited number of hours that Defendants have to complete the deposition." [Dkt. 212 at p. 19].

Plaintiffs' argument is premature at its best. The ripeness doctrine prevents courts, through avoidance of premature adjudication, from entanglement in theoretical or abstract disagreements that do not yet have a concrete impact on the parties. *See 18 Unnamed "John Smith" Prisoners v. Meese*, 851 F.2d 1236, 1238, 1988 U.S. App. LEXIS 9769, *4.

Plaintiffs also contend that these Topics are unreasonably cumulative and duplicative of discovery already in the possession of Defendants through the expert report and also through the deposition of the expert witness. [Dkt. 212 at p. 20]. Plaintiffs' argument conflates the "opinion" testimony allowed from an expert witness under FRE 702 with "fact" evidence presented by fact witnesses on deposition under

13

FRCP Rule 30(b)6. One is never a substitute for the other. Indeed, if Plaintiffs intended to designate their expert witness as their sole fact witness on every paragraph of the Complaint, they needed to have sought leave from this court to present him as a hybrid witness. *See* FRCP Rule 26(a)(2)(A) and FRCP Rule 26(a)(2)(C). Fed. R. Civ. P. 26(a)(2)(c) (2010 amendment).[7] Hence, an expert witness in the present proceeding cannot be presented as a 30(b)6 witness as, in his capacity as an expert, he possesses no direct or admissible factual or personal knowledge of what is alleged in the Complaint by Plaintiffs. Again, should Plaintiffs' expert be allowed to testify as a fact witness, his testimony as an expert must be stricken in its entirety.

Plaintiffs also object to Topic 11 on the basis of relevance, arguing that "Paragraph 89 does not contain any allegations that the calls originated from a predictive dialer." [Dkt. 212 at pp. 21-22]. This objection is completely lacking in merit. As noted, and as Plaintiffs are certainly aware, one of the elements of illegality under the TCPA is that the call was initiated through a predictive dialer or the like. Thus, as Plaintiffs directly and specifically claim that each of the calls identified by each state were "unlawful", by definition they were directly and undisputedly alleging that each call was originated by a predictive dialer.[8] Thus, if Plaintiffs are excused from

---

[7] *See also Goodman v. Staples the Office Superstore*, LLC, 644 F.3d 817, 819, 2011 U.S. App. LEXIS 8979, *1, 79 Fed. R. Serv. 3d (Callaghan) 532; Ariz. R. Evid. R. 703. *See State v. Lundstrom,* 161 Ariz. 141, 776 P.2d 1067, 39 Ariz. Adv. Rep. 19, 1989 Ariz. LEXIS 141 (Ariz. 1989)(an expert witness relies on facts provided by the party; the expert witness possesses no factual or personal knowledge of the case, but merely bases his expert opinion on facts provided by the plaintiffs.).

[8] Further, the Ninth Circuit and the FCC have held that *"predictive dialer" falls under the definition of "automatic telephone dialing system. See Meyer v. Portfolio Recovery Assocs., LLC,* 696 F.3d 943, 946, 2012 U.S. App. LEXIS 21136, *1, 83 Fed. R. Serv. 3d (Callaghan) 1039, 2012 WL 4840814.

their obligation to designate a witness based on this allegation, then the Court must also conclude that each of the Plaintiffs has failed to properly allege illegality under the TCPA in paragraph 89.

Hence, there can be no doubt that the facts sought under each of the identified Topics are highly relevant to the factual allegations asserted in the Complaint.

iii.    Topics 5, 6, 7, and 8

Plaintiffs argue that "Lansky and Reeves knew or should have known that the calls transited by Avid Telecom were illegal robocalls are supported by records that are already in Defendants' possession or are publicly available, and that they have already produced the written discovery regarding the same." [Dkt. 212 at pp. 22-23].  First, Plaintiffs' suggestion is both wrong as a matter of fact and completely irrelevant to the appropriateness of these Topics.  The fact that written discovery has been produced does not mean the deposition addressing the Topic(s) of that production is somehow barred.  This notion runs directly contrary to the standard practice of seeking document production for the purpose of using it in a deposition.  In fact, if Plaintiffs' unique view of the discovery process were actually credited, no party would ever be allowed to depose on documents that it received in discovery.

Moreover, the identified Topics are directly relevant to the alleged, but non-existent facts supporting personal liability under TCPA as, among other things, proof of direct participation by Lansky and/or Reeves is required to hold them liable.[9] Further, as noted above, courts routinely allow depositions of government agencies even when

---

[9] *See City Select Auto Sales Inc. v. David Randall Assocs.*, 885 F.3d 154 (2018); *See also Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc*., 961 F.3d 942 (2020)

prior written discovery had been conducted, reasoning that depositions provide an opportunity to clarify or challenge prior responses. *See Doe v. Trump,* 329 F.R.D. 262, 265, 2018 U.S. Dist. LEXIS 214633, *1, 2018 WL 6696678.

Once again, for the reasons set forth above, Plaintiffs' repeated objections regarding work product are not ripe for consideration as those objections, even if appropriate, must be asserted by Plaintiffs while the deposition is taking place.

    iv.    Topic 12

Plaintiffs assert that Topic 12 is not relevant and needs to be stricken. [Dkt. 212 at p. 24]. As above, no specific explanation is provided. Thus, again, the courts widely agree that unexplained and unsupported boilerplate objections are improper. *See Duran v. Cisco Sys.*, 258 F.R.D. 375, 379, 2009 U.S. Dist. LEXIS 66173, *8. Boilerplate objections are presumptively insufficient. *See Burlington Northern & Santa Fe Ry. v. United States Dist. Court*, 408 F.3d 1142, 1145, 2005 U.S. App. LEXIS 5150, *1, 61 Fed. R. Serv. 3d (Callaghan) 271, 35 ELR 20069. As such, Plaintiffs' objections cannot stand as the basis for rejecting this Topic.

    v.    Topic 13.

Plaintiffs' argument for Topic 13 is primarily based on the assumption that the Defendants are using it to impose FRCP Rule 11 sanctions. [Dkt. 212 at pp. 24-26]. This argument is nothing more than self-serving and premature speculation and, thus, not ripe for judicial intervention as a basis to preclude Plaintiffs from designating a witness on relevant topics.[10] Instead, Plaintiffs are attempting to weaponize their

---

[10] The ripeness doctrine prevents courts from entanglement in theoretical or abstract disagreements that do not yet have a concrete impact on the parties. *See 18 Unnamed "John Smith" Prisoners v. Meese*, 851 F.2d 1236, 1238.

16

transparent and admitted failure to meet even the most basic requirements of Rule 11 as the means to avoid designating witnesses.  This cynical approach to Plaintiffs ethical obligations should not be credited.[11]

Plaintiffs argue that "in an investigation conducted by the Lead States and Plaintiffs' expert, Rule 11 does not require the signer to conduct the reasonable inquiry himself; others may conduct the required inquiry."  True or not, that argument has no bearing whatsoever on Plaintiffs' obligation to designate witnesses, particularly where Defendants have made it clear that they are pleased to depose a witness with knowledge other than counsel.  Defendants request merely requires the designation of a "person" "who conducted the required inquiry." As such a designation does not, in and of itself, lead  to the imposition of Rule 11 sanctions against the AGs, it cannot be the basis of a sustainable objection to this Topic.

c.  Plaintiffs Are Not Entitled to a Protective Order

FRCP Rule 26(c) provides that the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden and expense." Fed. R. Civ. P. 26(c)(1). As Plaintiffs acknowledge, "The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or

---

[11] Regardless of the availability of Rule 11 sanctions, Plaintiffs have an ethical duty to verify and ensure the factual allegations set forth in the Complaint. It is not just the duty of the AG's but of every lawyer to do so. A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a good faith basis in law and fact. Ariz. Rules of Prof'l Conduct R. 3.1. This ethical duty is imposed on every attorney to ensure that the lawyer has brought this proceeding to the court in good faith. *See In re Levine*, 174 Ariz. 146, 153, 847 P.2d 1093, 1100, 1993 Ariz. LEXIS 16, *17, 133 Ariz. Adv. Rep. 3.

prejudice that will result from the discovery."[12] Plaintiffs have not met this burden. Indeed, to the extent that Plaintiffs' request relies entirely on the false claim that Defendants are insisting on deposing counsel, Plaintiffs request is and should be void *ab initio*. To the extent that Plaintiffs can identify witnesses other than counsel who have the required knowledge, they are free to designate those individuals as witnesses. Plaintiffs' broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Fed. R. Civ. P. 26(c) test for the issuance of a protective order.[13]

### Conclusion

The time has come to require Plaintiffs to meet the requirements of FRCP Rule 30 and to designate witnesses responsive to each of the Topics identified by Defendants. Defendants respectfully request that such an order be issued as soon as possible.

Respectfully submitted,

/s/ Neil S. Ende

Neil Ende, Esq.
Technology Law Group, LLC
5335 Wisconsin Avenue, N.W.
Suite 440

Washington, D.C. 20015

Dated: March 25, 2026    *Attorneys for Defendants*

---

[12] *See BioD, LLC v. Amnio Tech., LLC*, No. 2:13-CV-1670-HRH, 2014 WL 3864658, at *3–4 (D. Ariz. Aug. 6, 2014) *citing Rivera v. NIBCO, Inc*., 364 F.3d 1057, 1063 (9th Cir. 2004) (quoting *Phillips ex rel. Estates of Byrd v. General Motors Corp*., 307 F.3d 1206, 1210–11 (9th Cir. 2002).

[13] *See Beckman Indus. v. International Ins. Co*., 966 F.2d 470, 471, 1992 U.S. App. LEXIS 12324, *1, 22 Fed. R. Serv. 3d (Callaghan) 932, 92 Cal. Daily Op. Service 4700, 92 Daily Journal DAR 7499; *See also Cordero v. Stemilt AG Servs., LLC*, 142 F.4th 1201, 1203, 2025 U.S. App. LEXIS 17010, *1, 2025 LX 290780, 122 Fed. R. Serv. 3d (Callaghan) 74, 2025 WL 1902292.

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of March 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

/s/ Silsa Cabezas

_____

Silsa Cabezas