**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

State of Arizona, ex rel. Kristin K. Mayes,)
Attorney General; et al.,                )          CV 23-00233-TUC-CKJ (MAA)
                                         )
            Plaintiffs,                  )
v.                                       )
                                         )          **ORDER**
Michael D. Lansky, L.L.C., dba Avid Telecom;)
et al.,                                  )
                                         )
            Defendants.                  )
                                         )
_____)

Pending before the court is the plaintiffs' motion, filed on December 18, 2025, to Determine the Sufficiency of the Defendants' Responses and Objections to Plaintiffs' Second Requests for Admission.  Doc. 189.  The defendants did not file a response.  *See* Doc. 198.

Background

"On May 23, 2023, Plaintiffs, [48 states and the District of Columbia], filed this action against Defendants Michael D. Lansky L.L.C., dba Avid Telecom (Avid Telecom), M. Lansky, individually, and Stacey Reeves, individually and as Vice President of Operations and Sales of Avid Telecom."  Order denying Motion to Dismiss, Doc. 64, p. 1.  "Plaintiffs allege Defendants violated the Telemarketing and Consumer Fraud and Abuse Prevention Act ('Telemarketing Act'), 15 U.S.C. § 6101 et seq.; the Telemarketing Sales Rule ('TSR'), 16 C.F.R. § 310 et seq.; the Telephone Consumer Protection Act ('TCPA'), 47 U.S.C. § 227 et seq., and certain state

laws that protect consumers against unfair and deceptive trade practices, including unfair, deceptive, abusive, and illegal telemarketing practices." Doc. 64, p. 1.

"Plaintiffs' case focuses on the barrage of unwanted robocalls sent to millions of American consumers that are harassing, annoying, threatening, and malicious." Doc. 64, p. 1. "The Complaint alleges the Defendants are in the business of providing Voice over Internet Protocol (VoIP) services, facilitating, or initiating robocalls, and/or helping others make robocalls." Doc. 64, p. 1 (*citing* Complaint, Doc. 1).

In the pending motion, the plaintiffs move, pursuant to Fed.R.Civ.P. 36(a)(6), that the court "determine the sufficiency of certain answers and objections" from the defendants "in response to Plaintiffs' Second Set of Requests for Admissions." Doc. 189, p. 1; Exhibit A, Doc. 189-2. Defendants served their responses on November 16, 2025. Doc. 189, p. 2. The plaintiffs assert that those responses are insufficient and violate Rule 36. Doc. 189, p. 2; Exhibit B; Fed.R.Civ.P.

Rule 36 discusses Requests for Admission. Fed.R.Civ.P. Under the Rule, "[a] party may serve on any other party a written request to admit . . . the truth of any [relevant] matters . . . relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed.R.Civ.P. 36(a)(1).

Addressing the content of the answer, the Rule reads in pertinent part as follows:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).

Rule 36(a)(5) further explains that "The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial." Fed.R.Civ.P.

If the proponent of the request is dissatisfied with the answer, the Rule contemplates a motion as follows:

> The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. . . .

Fed. R. Civ. P. 36(a)(6). "On such a motion, the party objecting to the request or the party opposing the challenge to the sufficiency of the response has the burden of persuasion to show the court that the objection to the request is warranted or that the answer to the request is sufficient." *Daniels v. G4S Secure Sols. USA, Inc*., 2021 WL 1537040, at *3 (C.D. Cal. Jan. 21, 2021) (*citing* 7 Moore's Federal Practice, § 36.12[1] (Matthew Bender 3d Ed.)); *see* Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2263 (3d ed.2012) ("The burden is on the objecting party to persuade the court that there is a justification for the objection.").

In this case, the plaintiffs object generally to the defendants' responses to Requests for Admission Nos. 3-7, 15-19, 23-38, 40, 42-46, and 51. Doc. 189, p. 5. They do not address the particulars of each and every response.

The plaintiffs do object specifically to the defendants' response to Request 17, which they assert does not answer the entire Request. Doc. 189, p. 5. The Request states as follows: "Admit that Sumco Enterprise was a customer of Defendant Avid's VoIP service or DID product." Doc. 189-2, p. 9, ¶ 17.

The response states as follows:

> Defendants object to this request as compound as [sic], as such, a proper Response is not possible. Defendants are prepared to meet and confer in an effort to obtain an intelligible Request. Notwithstanding and without limiting the scope or the effect of this objection, Defendants deny that Sumco Enterprise was a customer of Defendant Avid's VoIP service.

Doc. 189-2, p. 34, ¶ 17.

The plaintiffs assert that the response does not respond to the request in so far as it asks, in the alternative, if Sumco was a customer of Avid's *DID product*. The court agrees. The

response does not "fairly respond to the substance of the matter." Fed. R. Civ. P. 36(a)(4). The court will grant the plaintiffs' motion that the court direct the defendants to serve an amended answer to Request 17.

The plaintiffs also object to the defendants' answer to Request 23, which states as follows:

> Admit that on August 18, 2020, Defendant Avid received a Traceback notice from ITG related to calls from Avid's customer, Virtual Telecom, regarding offers to extend or reinstate auto warranties, described in Plaintiffs' Complaint at Paragraph 386.

Doc. 189-2, p. 10, ¶ 23.

The defendants' response reads as follows:

> Response: Defendants do not have sufficient information to admit or to deny that the content of the call referred to offers to extend or reinstate auto warranties, described in Plaintiffs' Complaint at Paragraph 386. As the allegation of fact predates Reeves' association as an independent contractor to Avid Telecom, Defendant Reeves does not have sufficient information to admit or to deny. Defendants Lansky and Avid Telecom state further that Avid Telecom did not originate or terminate this call, that it was not the terminating carrier, that it had nothing to do with the creation of the content of the call, that it had no prior or contemporaneous knowledge call [sic] whether the call was for a commercial purpose, whether the called party had consented to receive the call, that it had nothing to do with the selection of the originating number or the terminating number, that it had no prior or contemporaneous knowledge of the content of the call, that it had no prior, contemporaneous or current knowledge of whether the call was auto-dialed, and that it had no prior, contemporaneous or current knowledge of whether the call utilized live voice or prerecorded voice or an AI voice.

Doc. 189-2, p. 36, ¶ 23.

The plaintiffs argue that the response "did not acknowledge a Traceback or the ITG in its response and added unnecessary, self-serving narrative that Avid Telecom complied with industry standards." Doc. 189, p. 5.

The court agrees that the response is directed to the content of the call instead of the "Traceback or the ITG" that is the crux of the Request. Accordingly, the response does not "fairly respond to the substance of the matter." Fed. R. Civ. P. 36(a)(4). The court will grant the plaintiffs' motion and direct the defendants to file an amended answer to Request 23. The court agrees that the response adds unnecessary narrative, but that narrative does not appear to

- 4 -

have caused the plaintiffs any prejudice. *See also Meese v. Eaton Mfg. Co.*, 35 F.R.D. 162, 166 (N.D. Ohio 1964) ("Whenever an answer accompanies an objection, the objection is deemed waived and the answer, if responsive, stands.").

The court has reviewed defendants' responses to the remainder of the requests that plaintiffs argue are not sufficiently responsive. The court similarly finds that the following responses do not "fairly respond to the substance of the matter":

- Responses 3-6 do not address whether Avid received a "Traceback from [ITG]" relating to the matter stated.

- Responses 15-16 do not address whether "Defendant Avid received" the referenced traceback.

- Response 19:  As to Defendants Lansky and Avid Telecom, the objection based on lack of personal knowledge or information is insufficient. The defendants to whom the request is directed must respond to the request based on a reasonable inquiry into information it knows *or can readily obtain.* Fed. R. Civ. P. 36(a)(4). If the answer is lack of knowledge or information, the answering party must state that it has made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny. *Id.* As to Defendant Reeves, the response does not address whether "Defendant Reeves wrote" the referenced chat.

- Responses 24-38:  As to Defendants Reeves and Avid Telecom, the objection based on lack of personal knowledge or information is insufficient. The defendants to whom the request is directed must respond to the request based on a reasonable inquiry into information it knows *or can readily obtain.* Fed. R. Civ. P. 36(a)(4).  If the answer is lack of knowledge or information, the answering party must state that it has made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny. *Id.* As to Defendant Lansky, the responses do not address whether "Defendant Lansky

used" the referenced account or credit card for the referenced purchase. Additionally, as to Responses 33-38, the sentence in which an admission is provided does not contain a verb, making the admission unintelligible.

Absent specific argument from the plaintiffs as to deficiencies in the responses to Requests 7, 18, 40, 42-46 and 51, the Court makes no determinations regarding those responses. The court will deny the motion without prejudice as to those responses.

The plaintiffs further object to the defendants' responses to Requests Nos. 8-9, 12, and 47, in which the defendants summarily asserted that the matters raised in those Requests are irrelevant. Doc. 189, p. 5. The plaintiffs argue that the responses failed to set forth "an explanation or argument why the requested discovery is not relevant," violating Fed.R.Civ.P. 36(a)(5). Doc. 189, p. 5. They direct the court to *Big City Dynasty v. FP Holdings, L.P.*, 336 F.R.D. 507, 510 (D. Nev. 2020) for the proposition that "The party resisting discovery must specifically detail the reasons why each request is irrelevant or otherwise objectionable, and may not rely on boilerplate, generalized, conclusory, or speculative arguments."

Rule 36(a)(5) reads as follows: "The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial." Fed.R.Civ.P.

In Request 8, the plaintiffs asked the defendants to admit that "customers paid a monthly recurring charge for the use of each DID." Doc. 189-2, p. 31, ¶ 8. The defendants objected stating that: "the facts associated with any alleged payment for each DID is [sic] not relevant to any issue in this proceeding nor is it [sic] likely to lead to the discovery of relevant evidence." Doc. 189-2, p. 31, ¶ 8.

The defendants objected on the grounds that the matters raised in Request are not relevant. Fed.R.Civ.P. 36(a)(1). They did not object "with specificity," but Rule 36(a)(5) does not explicitly require that. *Compare* Rule 36(a)(5) *with* Rule 33(b)(4) ("The grounds for objecting to an interrogatory must be stated *with specificity*.") (emphasis added). The defendants' response provides some notice that the defendants believe that the matters raised

- 6 -

in the Request are not relevant.  The response does not, however, provide a specific, reasoned argument that might persuade the court that those matters are, in fact, not relevant.

On a motion to determine the sufficiency of an answer or objection pursuant to Rule 36(a)(6), the objecting party has the burden of persuasion to show the court that their "objection to the request is warranted or that the answer to the request is sufficient." *Daniels v. G4S Secure Sols. USA, Inc.*, 2021 WL 1537040, at *3 (C.D. Cal. Jan. 21, 2021).  The defendants have not carried their burden.  The court will grant the plaintiffs' motion on this issue.  The court further finds that the defendants' answers to Requests 9, 12, and 47 are of a piece with their answer to Request 8.

IT IS ORDERED that the plaintiffs' motion, filed on December 18, 2025, to Determine the Sufficiency of the Defendants' Responses and Objections to Plaintiffs' Second  Requests for Admission (Doc. 189) is granted in part.  Defendants shall, within **30 days** after the date this Order is filed, serve amended responses to Requests 3-6, 8-9, 12, 15-17, 19, 23-38, and 47.  With respect to Requests 7, 18, 40, 42-46 and 51, the motion is denied without prejudice.  Plaintiffs may bring a further motion with specific argument as to those responses.

IT IS FURTHER ORDERED that, in the event the deadline set by this Order does not comport with the parties' ongoing efforts to resolve pending discovery matters, the Court will entertain a stipulation or motion to adjust the deadline for good cause shown.

DATED this 2nd day of April, 2026.

Honorable Michael A. Ambri
United States Magistrate Judge

- 7 -