**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| State of Arizona, ex rel. Kristin K. Mayes,)<br>Attorney General; et al., )<br> )<br>Plaintiffs, )<br>v. )<br> )<br>Michael D. Lansky, L.L.C., dba Avid Telecom;)<br>et al., )<br> )<br>Defendants. )<br> )<br>_____) | CV 23-00233-TUC-CKJ (MAA)<br><br><br>**ORDER** |

Pending before the court is the defendants' motion, filed on January 28, 2026, to compel the plaintiffs to designate witnesses in response to the Notices of Depositions issued pursuant to Fed.R.Civ.P. 30(b)(6) and for sanctions. Doc. 204. The plaintiffs filed a response on March 11, 2026, within which they move for a protective order. Doc. 225. The defendants filed a reply on March 25, 2026. Doc. 232.

Background

"On May 23, 2023, Plaintiffs, [48 states and the District of Columbia], filed this action against Defendants Michael D. Lansky L.L.C., dba Avid Telecom (Avid Telecom), M. Lansky, individually, and Stacey Reeves, individually and as Vice President of Operations and Sales of Avid Telecom." Order denying Motion to Dismiss, Doc. 64, p. 1. "Plaintiffs allege Defendants violated the Telemarketing and Consumer Fraud and Abuse Prevention Act ('Telemarketing Act'), 15 U.S.C. § 6101 et seq.; the Telemarketing Sales Rule ('TSR'), 16 C.F.R. § 310 et seq.; the Telephone Consumer Protection Act ('TCPA'), 47 U.S.C. § 227 et seq., and certain state

laws that protect consumers against unfair and deceptive trade practices, including unfair, deceptive, abusive, and illegal telemarketing practices." Doc. 64, p. 1.

"Plaintiffs' case focuses on the barrage of unwanted robocalls sent to millions of American consumers that are harassing, annoying, threatening, and malicious." Doc. 64, p. 1. "The Complaint alleges the Defendants are in the business of providing Voice over Internet Protocol (VoIP) services, facilitating, or initiating robocalls, and/or helping others make robocalls." Doc. 64, p. 1 (citing Complaint, Doc. 1).

In the pending motion, the defendants move, pursuant to Fed.R.Civ.P. 37(a)(3)(B), that the court order the plaintiffs to designate witnesses in response to the defendants' Notices of Deposition first issued in April of 2025 pursuant to Rule 30(b)(6). Doc. 204, p. 2; *see* Notices dated April 22, 2025, Doc. 204-1, pp. 2-246; *see also* Notices Dated January 22, 2026, Doc. 204-3, pp. 1-170.

The plaintiffs filed a response opposing the motion on March 11, 2026. Doc. 225. Within their response, they move for a protective order. *Id*. The defendants filed a reply on March 25, 2026. Doc. 232.

Discussion

In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Rule 30(b)(6) describes depositions and reads in pertinent part as follows:

> [A] party may name as the deponent a public or private corporation . . . or other entity and must describe with reasonable particularity the matters for examination. The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will

testify. . . . The persons designated must testify about information known or reasonably available to the organization. . . .

Fed.R.Civ.P.

If an entity "has knowledge or a position as to a set of alleged facts or an area of inquiry," it must provide a designee "who must present the position, give reasons for the position, and, more importantly, stand subject to cross-examination." *Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 487 (N.D. Cal. 2012). "The designee's role is to provide the entity's interpretation of events and documents." *Id*., p. 486. "It is not expected that the designee have personal knowledge as to all relevant facts; however, the designee must become educated and gain the requested knowledge to the extent reasonably available." *Id*.

However, the Rule 30(b)(6) deposition is not to be used by a party "seeking legal conclusions." *3M Co. v. Kanbar*, 2007 WL 1794936, at *2 (N.D. Cal. June 19, 2007). For example, asking a Rule 30(b)(6) designee to discuss "facts relied upon to support affirmative defenses" would not be allowed because the question requires a person with legal training and asks for legal conclusions. *Torres v. Cardenas Markets, LLC*, 2025 WL 1881247, at *2 (D. Nev. June 19, 2025). On the other hand, questions such as: "'Do you contend [] Plaintiff caused the liquid to spill on the floor?' and 'Do you contend Plaintiff slipped in the liquid she spilled?' address facts applicable to comparative negligence, but do not ask the witness to address that legal concept." *Id*. at *3.

Pursuant to Fed. R. Civ. P. 37(a)(3)(B)(ii): "A party seeking discovery may move for an order compelling . . . [a] designation . . . if . . . a corporation or other entity fails to make a designation under Rule 30(b)(6) . . . ."

And pursuant to Fed.R.Civ.P. 26(c)(1)(A): "A party . . . may move for a protective order . . . in the court for the district where the deposition will be taken. . . . [and the] court may for good cause, issue an order . . . forbidding the disclosure or discovery . . . ."

As an initial matter, the plaintiffs argue that the motion cannot be granted because the defendants did not comply with Local Rule 7.2(j) and attach a statement "certifying that after personal consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter." The court agrees that the defendants did not attach a certifying statement, but the defendants' motion and the response indicate that the parties have addressed the issues and have been unable to resolve the matter. *See* Doc. 225, p. 9 (discussing the "extensive communications between the parties"). Moreover, this court has engaged the parties in a series of status conferences regarding the progress of discovery and is aware that the parties have been discussing these issues without successful resolution. *See* Docs. 184, 190, 198, 206, 217, 226, 235. The court concludes that the parties have engaged in the required consultation and a dismissal with leave to refile would only lead to unnecessary delay. *See also Lapin v. NortonLifeLock Inc.*, 2022 WL 9408570, at *1 (D. Ariz. Oct. 14, 2022) ("The requirement to confer contained in LRCiv 7.2(j) is designed to avoid unnecessary litigation of discovery issues that the parties should be able to resolve themselves.").

The plaintiffs further assert that the motion does not comply with Local Rule 37.1 (a), which states that, when filing a motion to compel, the movant must state "(1) the question propounded, the interrogatory submitted, the designation requested or the inspection requested; (2) the answer, designation or response received; and (3) the reason(s) why said answer, designation or response is deficient." The plaintiffs maintain that the motion fails to include "copies of Plaintiffs' May 23, 2025 responses and objections to Defendants' original 30(b)(6) notices or the extensive communications between the parties." Doc. 225, p. 9. Neither does it "refer to or include copies of Plaintiffs' January 28, 2026 responses and objections to Defendants' January 22, 2026 notices." *Id*.

The court agrees that the inclusion of the plaintiffs' previous responses might have made it easier for the court to understand the evolution of parties' positions. Nevertheless, the court believes that the briefing by the parties is sufficient for the court to render a reasoned decision on the motion. The motion will not be denied for failure to comply with the Local Rules. *See*

Fed.R.Civ.P. 1; *Miranda v. S. Pac. Transp. Co.*, 710 F.2d 516, 521 (9th Cir. 1983) ("District courts have broad discretion in interpreting and applying their local rules.").

The defendants served their first Notices of Depositions pursuant to Rule 30(b)(6) on April 22, 2025. Doc. 204, p. 2. The plaintiffs objected, and the defendants sent revised Notices on November 28, 2026. Doc. 204, p. 3. The revised Notices did not "break the logjam," so the defendants issued an additional set of Notices on January 23, 2026. Doc. 204, p. 3; Doc. 204-3, pp. 1-170. These latter Notices were sent to each of the 13 plaintiff states[1] that are either lead plaintiff states or states with state law claims. *Id*.; Doc. 225, p. 7. The court directs its attention to the Topics listed in this last set of Notices.

Topic 1 reads as follows: "The allegations of fact set forth in paragraphs 19-88 and 90-630 of the complaint." Doc. 204-3, p. 1. As the court stated previously, the defendants are entitled under Rule 30(b)(6) to inquire about facts alleged in the Compliant. Doc. 204, p. 2. They may not ask how those facts support the various claims, however, because that would be a legal question, which would require a person with legal training to make a legal conclusion. *See, e.g., Torres v. Cardenas Markets, LLC*, 2025 WL 1881247, at *2 (D. Nev. June 19, 2025).

The plaintiffs argue that the defendants may not ask about facts alleged in the complaint because the designee could not disclose what evidence the plaintiffs relied upon to prove each fact without disclosing attorney work product. Doc. 225, p. 17. The court does not agree. Simply asking what evidence supports each factual allegation in the Complaint does not require the designee to disclose in any meaningful way the "mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." *See* Fed.R.Civ.P. 26(b)(3).

---

[1] There are four the lead Plaintiff States: Arizona, Indiana, North Carolina, and Ohio. There are 11 states with state law claims: California, Florida, Indiana, Maryland, Nevada, New York, North Carolina, North Dakota, Rhode Island, Washington, and Wisconsin. Doc. 158, p. 2. There are 13 states in one or both groups.

The plaintiffs argue generally that "[d]epositions of opposing counsel are largely disfavored by courts." Doc. 225, p. 10. They seem to assume that the designee must be an attorney. The court does not agree with that assumption. Questions limited to inquiring about the factual allegations in the Complaint need not be answered by an attorney. *See* Doc. 232, p. 10 ("Defendants have never insisted that Plaintiffs designate counsel as their witness on any topic."). Those questions that cannot be answered without legal training or ask for a legal conclusion are generally not allowed in a Rule 30(b)(6) deposition.

The plaintiffs direct the court to the case *S.E.C. v. Buntrock*, 217 F.R.D. 441, 446 (N.D. Ill. 2003), where that court refused to order a 30(b)(6) deposition because "[s]uch discovery clearly seeks not the facts but the manner in which the SEC intends to marshal them."). Doc. 225, p. 12. This court agrees that the defendants are not entitled to ask how the plaintiffs intend to marshal the facts alleged in the complaint to prove the various claims. They are, however, entitled to ask what evidence underlies the facts alleged in the complaint and the plaintiffs' position. *See also S.E.C. v. Buntrock*, 217 F.R.D. 441, 446 (N.D. Ill. 2003) ("There is simply nothing wrong with asking for facts from a deponent even though those facts may have been communicated to the deponent by the deponent's counsel."), *aff'd*, 2004 WL 1470278 (N.D. Ill. June 29, 2004).

The plaintiffs assert that the defendants could obtain the information they seek by using interrogatories or written discovery. Doc. 225, p. 17. The plaintiffs, however, overlook the purpose of Rule 30(b)(6), which is to depose an individual "who must present the position [of the entity], give reasons for the position, and, more importantly, stand subject to cross-examination." *Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 487 (N.D. Cal. 2012). The discovery techniques proposed by the plaintiffs are not an adequate substitute for the discovery Rule 30(b)(6) provides. *See Ball Corp. v. Air Tech of Michigan, Inc*., 329 F.R.D. 599, 603 (N.D. Ind. 2019) ("Courts recognize that, because of the unique nature of Rule 30(b)(6) testimony, other forms of discovery typically would not be an adequate substitute.").

The court agrees with the plaintiffs, however, that it is unreasonably duplicative to expect the 13 plaintiff states to participate in 13 separate Rule 30(b)(6) depositions covering the entirely of Topic 1. The plaintiff states are collectively litigating common issues based on a common set of records. Doc. 225, pp. 3, 14. The plaintiffs admit that "the same common facts support all the Plaintiffs' claims." Doc. 225, p. 14. The defendants may notice separate Rule 30(b)(6) depositions for states bringing state law claims, who are not lead plaintiff states, but only where the depositions relate to the facts used exclusively to support those state law claims. *See* Doc. 102, p. 2 (limiting depositions to the four lead plaintiff states and states bringing state law claims).

The plaintiffs further argue that the Notice is overly burdensome. They maintain that "the first topic alone would burden the 13 Plaintiff States with an impossible task: familiarizing a Rule 30(b)(6) designee with every facet in this complex litigation." Doc. 225, p. 2. The court does not agree.

Topic 1 asks for the facts behind paragraphs 19-88 and 90-630 of the complaint, which total some 611 items. Doc. 204-3, p. 1. It might not be practical to expect the plaintiffs to prepare a single designee to testify about that number of items. The Rule, however, does not limit the states to choosing a single designee. They may choose a number of designees each assigned to answer a reasonable subset of the items noticed in Topic 1.

Topics 2, 3, 4, 9, 10, and 11 relate to the various sub-parts of Paragraph 89 in the Complaint. For example, Paragraph 89(a) states that "since 2019 . . . Avid Telecom routed more than 25,983 calls containing unlawful content to phone numbers with Alabama area codes." Doc. 1, p. 27. Topic 2 reads as follows: "The allegations of fact set forth in the subparagraph of paragraph 89 of the complaint applicable to the state on whose behalf the witness is appearing." Doc. 204-3, p. 2. Topic 3 reads as follows: "The origin of all data . . . used to calculate the number of calls set forth in the subparagraph of paragraph 89 of the complaint applicable to the state on whose behalf the witness if appearing." Doc. 204-3, p. 2.

The plaintiffs argue that these Topics are "overbroad, unduly burdensome, and not proportional to the needs of the case" because the designees would have to "familiarize themselves with the details of hundreds – and, in most cases, tens of thousands – of calls." Doc. 225, p. 19. The court is not convinced. The plaintiffs' designees need not listen to all 25,983 calls to explain how that number was determined. Presumably, it was determined by referencing call records or reading a summary from one of their experts. *See* Doc. 225, p. 20. The plaintiffs' designees should be able to explain the facts alleged in that paragraph of the Complaint without needing to obtain first-hand information about each call.

The court does agree, however, that the defendants should be mindful of the time constraints with which the depositions must comply. *See* Doc. 225, p. 19. The defendants can not expect the plaintiffs to prepare their designees to answer questions about more topics and issues than the parties could reasonably cover during the period of the deposition.

The plaintiffs further argue that it would be "more convenient, less burdensome, or less expensive" to simply depose the plaintiffs' expert Mr. Rudolph and ask him about the allegations in that paragraph. Doc. 225, p. 20. That might be so. But as the court observed above, other forms of discovery typically would not be an adequate substitute for a Rule 30(b)(6) deposition. *See Ball Corp. v. Air Tech of Michigan, Inc.*, 329 F.R.D. 599, 603-604 (N.D. Ind. 2019) ("A deposition of an individual is not the equivalent of a deposition of an organization under Rule 30(b)(6)."); *DSM Desotech Inc. v. 3D Sys. Corp.*, 2011 WL 117048, at *10 (N.D. Ill. Jan. 12, 2011) ("A deposition pursuant to Rule 30(b)(6) is substantially different from a witness's deposition as an individual. A 30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity.").

In Topic 4, the defendants seek information about "[a]ctions taken to confirm that the data associated with each of the calls referenced in the subparagraph of paragraph 89 of the complaint on whose behalf the witness is appearing is true and correct." Doc. 204-3, p. 2. The plaintiffs argue that this Topic seeks information covered by the work-product privilege. The

court agrees. This Topic does not concern facts alleged in the Complaint directly. It concerns the actions and thought processes undertaken by the plaintiffs to confirm facts before including them in the Complaint. *See* Fed.R.Civ.P. 26(b)(3).

Topics 5, 6, 7 and 8 concern the allegations that the defendants Lansky and Reeves "knew [or should have known] that the calls transited by Avid Telecom were illegal robocalls." Doc. 204-3, p. 2. The plaintiffs assert that these facts "are already in Defendants' possession or are publicly available." Doc. 225, pp. 22-23. The plaintiffs maintain that these records came from third parties that "speak for themselves" and are "in the Defendants' possession, custody and control." *Id*. That might be so, but as the court noted above, the purpose of a Rule 30(b)(6) deposition is not just to obtain facts but also to obtain the plaintiffs' position on the issue and cross-examine the designee. The plaintiffs maintain that "[a]ny further inquiry as to how Plaintiffs analyzed or assessed those communications or Plaintiffs' mental impressions as to how those communications with Defendant may or may not be sufficient to meet any burden of proof for Complaint count is clearly attorney work product." Doc. 225, p. 23. The court agrees. The defendants may ask about the facts that support these allegations, but they may not ask about the plaintiffs' assessment of those facts in relation to the plaintiffs' claims.

The plaintiffs do not offer specific arguments concerning Topics 9, 10, and 11 apart from their previous arguments that the depositions are "overbroad, unduly burdensome, [] not proportional to the needs of the case" or "unreasonably duplicative and cumulative." Doc.225, pp. 19, 22. These Topics concern the allegations in the Complaint that the individual calls "contained a pre-recorded message," "contained a commercial message," or "originated from a predictive dialer (or a similar device)." Doc. 204-3, pp. 2-3 *Id*. The defendants are entitled to ask about the evidence that supports those allegations and the plaintiffs' position as to those allegations.

Topic 12 asks for "[f]acts supporting the allegation that Avid Telecom did not block any illegal robocalls." Doc. 204-3, p. 3. The plaintiffs argue this Topic is not relevant because "[t]he Complaint does not allege that Avid did not block any illegal robocalls." Doc. 225, p. 24

(punctuation modified).  The court does not agree.  The Complaint contains a number of allegations that the defendants were encouraged by the FCC and others to block certain calls, but the defendants did not do so despite assurances that they would.  *See, e.g.*, Doc. 1, ¶¶ 125, 127, 217, 244, 256, 434, 436.

Topic 13 asks for "[t]he identity of the person(s) who reviewed the complaint . . . to confirm that . . . the claims . . . are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . ."  Doc. 204-3, p. 3.  The plaintiffs maintain that this question improperly seeks to depose the plaintiffs on Rule 11 compliance issues.  Doc. 225, p. 24.  The court agrees.  This Topic is not "relevant to any party's claim or defense . . . ."  *See* Fed.R.Civ.P. 26(b)(1).

Discussion: Sanctions

The defendants further move that this court impose sanctions for the plaintiffs' failure to comply with the court's "October Order" in accordance with Fed.R.Civ.P. 37(b)(2)(A).  Doc. 204, p. 7.  Pursuant to Fed.R.Civ.P. 37(b)(2)(A), "[i]f a party or a party's officer, director, or managing agent . . . or a witness designated under Rule 30(b)(6) . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders."

On October 24, 2025, this court issued an order addressing discovery issues.  Doc. 170.  At that time, the defendants had issued Rule 30(b)(6) Notices, but the plaintiffs objected arguing, among other things, that their investigations and internal discussions are privileged.  Doc. 170, p. 5.  The court stated that "defendants are entitled to Rule 30(b)(6) depositions addressing the factual allegations contained in the Complaint" and "[t]hey are free to notice such depositions in accordance with the Federal Rules of Civil Procedure."  *Id*.

These statements were instructions to guide the discovery process.  They were not an order compelling the plaintiffs to comply with any Rule 30(b)(6) Notice that the defendants

might file in the future "addressing the factual allegations contained in the Complaint." They were not an "order" for the purposes of Rule 37(b)(2)(A).

Pursuant to Fed.R.Civ.P. 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The plaintiffs did not fail to "identify a witness as required by Rule 26(a)(or (e)." Rule 36(c)(1), therefore, has no application here.

**IT IS ORDERED** that the defendants' motion, filed on January 28, 2026, to compel the plaintiffs to designate witnesses in response to their Notices of Depositions issued pursuant to Fed.R.Civ.P. 30(b)(6) and for sanctions is GRANTED IN PART. Doc. 204. The Notices as currently issued are quashed, but Topics 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, and 12 may be included in future Notice(s) issued in accordance with this order. The parties are ordered to confer as to the best way of complying with this order. The court denies that part of the motion that requests sanctions.

**IT IS FURTHER ORDERED** that the plaintiffs' motion for a protective order is GRANTED IN PART. Doc. 225. Topics 4 and 13 are not permitted.

DATED this 21st day of April, 2026.

_____
Honorable Michael A. Ambri
United States Magistrate Judge

- 11 -