WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

State of Arizona, ex rel. Kristin K. Mayes, Attorney General; et al.,

    Plaintiffs,

v.

Michael D. Lansky, L.L.C., dba Avid Telecom; et al.,

    Defendants.

CV 23-00233-TUC-CKJ (MAA)

**ORDER**

Pending before the court is the plaintiffs' motion, filed on January 7, 2026, to compel the defendant Michael D. Lansky to produce documents. Doc. 196. The defendants filed a response on February 11, 2026. Doc. 210. The plaintiffs filed a reply on February 18, 2026. Doc. 215. The court finds the motion suitable for decision without oral argument. *See* LRCiv 7.2 (f).

Background

"On May 23, 2023, Plaintiffs, [48 states and the District of Columbia], filed this action against Defendants Michael D. Lansky L.L.C., dba Avid Telecom (Avid Telecom), M. Lansky, individually, and Stacey Reeves, individually and as Vice President of Operations and Sales of Avid Telecom." Order denying Motion to Dismiss, Doc. 64, p. 1. "Plaintiffs allege Defendants violated the Telemarketing and Consumer Fraud and Abuse Prevention Act ('Telemarketing Act'), 15 U.S.C. § 6101 et seq.; the Telemarketing Sales Rule ('TSR'), 16 C.F.R. § 310 et seq.;

the Telephone Consumer Protection Act ('TCPA'), 47 U.S.C. § 227 et seq., and certain state laws that protect consumers against unfair and deceptive trade practices, including unfair, deceptive, abusive, and illegal telemarketing practices." Doc. 64, p. 1.

"Plaintiffs' case focuses on the barrage of unwanted robocalls sent to millions of American consumers that are harassing, annoying, threatening, and malicious." Doc. 64, p. 1. "The Complaint alleges the Defendants are in the business of providing Voice over Internet Protocol (VoIP) services, facilitating, or initiating robocalls, and/or helping others make robocalls." Doc. 64, p. 1 (*citing* Complaint, Doc. 1).

In the pending motion, the plaintiffs move, pursuant to Fed.R.Civ.P. 37, that the court order defendant Michael D. Lansky to provide documents in response to the plaintiffs' First Set of Requests for Production of Documents ("Requests"). Doc. 196, p. 1.

The Requests were served on March 6, 2025. Doc. 196, p. 3. The initial deadline to respond was April 7, 2025. Doc. 196, p. 3. After consultation, the parties agreed to extend the deadline to April 30. Doc. 196, p. 3. On or about the new deadline, defense counsel asked for an extension of the deadline to Friday, May 2, 2025, to which the plaintiffs agreed. Doc. 196, p. 3.

Defense counsel sent Lansky's written responses on or about May 2, 2025. Doc. 196, p. 3. The plaintiffs found the responses unsatisfactory, but the plaintiffs' counsel was unable to engage the defendants' counsel in a meet and confer until July 9, 2025. Doc. 196, pp. 3–4. The defendants' counsel agreed to provide supplemental written responses but failed to comply in a timely manner. Doc. 196, p. 4.

Defense counsel provided additional documents on or about September 15, 2025. Doc. 196, p. 5. The plaintiffs assert that the production was deficient under the court's Electronically Stored Information (ESI) order (Doc. 120) "because, among other things, the production did not include a complete index identifying the Request to which each document corresponded, and it failed to provide a full production of documents." Doc. 196, p. 5.

Defense counsel provided additional documents on or about October 15, 2025. Doc. 196, p. 5. The plaintiffs assert that "[t]he production did not comport with the ESI Order because, among other things, the production did not include an index identifying the Request to which each document corresponded and again did not provide a full production of documents." Doc. 196, p. 5.

On October 24, 2025, the court ordered that "the defendants shall by November 28, 2025, and to the extent they have not already done so, respond to the plaintiffs' First Set of Requests for Production of Documents and comply with the court's ESI ("Electronically Stored Information") order (Doc. 120) regarding Bates numbering, specifying which documents relate to which requests, and disclosing all documents with a 'parent-child' relationship, among other things." Doc. 169, p. 4. The plaintiffs maintain that the defendants did not provide the ordered discovery by the due date. Doc. 196, p. 5.

On December 10, 2025, the defendants stated that a new law firm, Troutman Pepper Lock, was now responsible for their document production. Doc. 196, p. 5. The plaintiffs have contacted the new law firm, but the overdue document indicies still have not been produced. Doc. 196, p. 6.

Discussion

In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Rule 34, in turn, permits a party to "serve on any other party a request within the scope of Rule 26(b) . . . to produce . . . any designated documents or electronically stored information . . . ." Fed.R.Civ.P. 34(a)(1)(A).

- 3 -

And pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iv): "A party seeking discovery may move for an order compelling . . . production . . . if . . . a party fails to produce documents . . . ."

"The Federal Rules of Civil Procedure strongly favor full discovery whenever possible." *Militante v. Banner Health*, No. CV-22-0352-PHX-DWL (JFM), 2023 WL 12073895, at *2 (D. Ariz. Dec. 20, 2023). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Id*.

In their motion, the plaintiffs make four specific objections to Lansky's failure to comply with discovery:

A.  The plaintiffs maintain that the court should order Lansky to provide responsive documents, in compliance with the ESI Order, for Request Nos. 1, 10-12, 14-16, 26, 31-37, 44-47, 49-56, 66-68,70, 72-74, 78-79, 83-85, 87-89, 91-94, 97-98, 100-106. Doc. 196, pp. 6-7. The plaintiffs explain that Lansky has already stated that he intends to provide documents in compliance with these Requests. Doc. 196, n. 1. For some of the Requests, Lansky explicitly agreed to provide documents. *Id*. Lansky initially objected to Requests Nos. 44, 46-47, 49-55, 91. 97-98, and 100-102, but he later stated that he intended to respond notwithstanding his objections. *Id*.

B.  The plaintiffs assert that Lansky's production to date is deficient, citing Rule 34(b)(2)(E)(i) and Section A(3) and Appendix A.4 of the ESI Order, because he provided documents in non-native format. For example, Quickbooks data was produced in Excel format rather than its native Quickbooks format. Doc. 196, p. 7. They assert that the documents "contain non-contemporaneous metadata, and have missing parent-child associated documents." Doc. 196, p. 7.

C.  The plaintiffs maintain that Lansky's production to date is deficient, citing Rule 34(b)(2)(E)(i) and Section A(3) of the ESI Order, because they "fail to label the documents in any way that corresponds to Plaintiffs' Requests." *Id*. They assert that the index provided is

deficient because "it identifies only 37 of 106 demands for which documents have been produced." *Id*.

D.  Finally they assert that "Lansky has provided little to no records with respect to significant customers of Avid Telecom, including but not limited to Virtual Telecom, Mobi Telecom, and Geist Telecom . . . ." Doc. 196, p. 8.

In his response, Lansky argues first that the plaintiffs' motion is not supported by "good cause," which he asserts must be demonstrated by the movant.  Doc. 210, p. 4.  He is incorrect. "[G]ood cause is not required to bring a motion to compel discovery." *RG Abrams Ins. v. L. Offs. of C.R. Abrams*, 2021 WL 4805315, at *5 (C.D. Cal. Aug. 10, 2021).

Lansky directs the court to *Martin v. Cap. Transit Co.*, 170 F.2d 811, 812 (D.C. Cir. 1948) for the proposition that a motion to compel requires a showing of good cause.  *Martin*, however, cited as authority for this proposition Fed.R.Civ.P. 34. *Id*. When *Martin* was decided, Rule 34 did have a "good cause" requirement, but it was removed in 1970.  Fed.R.Civ.P. 34, Advisory Committee notes, 1970 amendment.  The court finds that this aspect of *Martin* is no longer good law.

Lansky also directs the court to cases decided by Arizona state courts construing the Arizona Rules of Civil Procedure.  These cases are inapposite because the Federal Rules of Civil Procedure govern this action.  Fed. R. Civ. P. 1.

Addressing the QuickBooks issue (B), Lansky asserts that his production in non-native format was proper under Fed.R.Civ.P. 34(b)(2)(E)(ii) because the request did not "specify a form for producing [the] electronically stored information" and the information was produced "in the form in which it is ordinarily maintained."  Doc. 210, p. 5.

Lansky's production, however, violates the court's ESI order (Doc. 120, B.2.a.), which provides that "[t]o the extent possible, spreadsheet file, including without limitation Microsoft Excel Files (*.xls or *.xlsx), shall be produced in native format."  And Fed.R.Civ.P. 34(b)(2)(E) explicitly states that the general rules for producing electronically stored information only apply "[u]nless otherwise stipulated or ordered by the court."

Addressing the Index issue (C), Lansky states that after consultation with counsel, "I still contend there is no issue with the list 2." Doc. 210, p. 6. He does not further explain why he thinks there is no issue. *Id*. He asserts that he labeled his documents "with bates numbering for the ease of identifying the documents for the plaintiffs," but he does not explain why he failed to identify each document with the particular request for which each document was produced. *Id*.

Finally, addressing issue (A), Lansky asserts that he has produced all of the documents that are in his possession, custody, and control. Doc. 210, p. 7; *see* Fed.R.Civ.P. 34(a)(1) ("A party may serve on any other party a request within the scope of Rule 26(b) . . . to produce . . . the following items in the responding party's possession, custody, or control: (A) any designated documents . . . .").

The court agrees that Lansky cannot be compelled to disclose documents that he does not have, but Lansky stated previously that he would produce documents for Request Nos. 1, 10-12, 14-16, 26, 31-37, 44-47, 49-56, 66-68,70, 72-74, 78-79, 83-85, 87-89, 91-94, 97-98, 100-106. Doc. 196, pp. 6-7. If he has subsequently searched for documents and found nothing, he is required to file supplemental responses stating as much.

**IT IS ORDERED** that the plaintiffs' motion, filed on January 7, 2026, to compel the defendant Michael D. Lansky to produce documents is Granted in Part. Doc. 196.

Lansky must respond to the plaintiffs Request for Production Nos. 1, 10-12, 14-16, 26, 31-37, 44-47, 49-56, 66-68,70, 72-74, 78-79, 83-85, 87-89, 91-94, 97-98, 100-106. He must either produce documents or provide supplemental responses explaining why he has not done so.

His disclosures must comply with the court's ESI order in that they must be disclosed in native format with parent-child associated documents, among other things.

His disclosure of documents must indicate the request to which each document pertains.

Because the parties' counsel are in the process of analyzing Defendants' document

productions and working on revised indexes for the documents, as discussed in the Court's telephonic status conferences, the Court will not set a deadline at this time for compliance with this Order. If Plaintiffs thereafter deem the document productions to be deficient, and the issues are not resolved between the parties, Plaintiffs may bring those issues to the Court in a subsequent motion to compel with specific reference to the deficiencies.

DATED this 13th day of May, 2026.


_____
Honorable Michael A. Ambri
United States Magistrate Judge