JEFF JACKSON
Attorney General for the State of North Carolina
Tracy Nayer (NC Bar No. 36964)
Rochelle Sparko (NC Bar No. 38528)
Special Deputy Attorneys General
North Carolina Department of Justice
Consumer Protection Division
P.O. Box 629
Raleigh, North Carolina 27602
Phone:   (919) 716-6000
Fax:       (919) 716-6050
tnayer@ncdoj.gov
rsparko@ncdoj.gov
*Lead Counsel for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| State of Arizona, *ex rel*. Kristin K. Mayes, Attorney General; *et al*., <br><br> Plaintiffs, <br><br> v. <br><br> Michael D. Lansky, L.L.C., dba Avid Telecom; *et al*., <br><br> Defendants. | NO. 4:23-cv-00233-TUC-CKJ-MAA <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO FILE CONSOLIDATED MOTION FOR SUMMARY JUDGMENT EXCEEDING PAGE LIMITATION AND MOTION TO DEFER CONSIDERATION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

Plaintiffs respectfully file this Response to Defendants' Motion for Leave to File Consolidated Motion for Summary Judgment Exceeding Page Limitation ("Motion for Leave," Dkt. 240) and, separately, a Motion to Defer Consideration of Defendants' Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(d).

I.   Plaintiffs' Response to Defendants' Motion for Leave

With respect to Defendants' request to file a 51-page consolidated motion for summary judgment, if the Court is inclined to allow Defendants' request, Plaintiffs ask that any order of this Court obviate the need for additional motions for leave by similarly extending the page limit for Plaintiffs' response to 51 pages and Defendants' reply to 33 pages.

II.   Plaintiffs' Motion for Deferral of Summary Judgment Pursuant to Fed. R. Civ. P. 56(d)

Plaintiffs move this Court to defer consideration of Defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56(d). Outstanding discovery issues in this matter prevent Plaintiffs from presenting facts essential to justify their opposition at this time. This motion is supported by the Declaration of Rochelle E. Sparko. Defendants' Motion for Summary Judgment raises several arguments that are based on highly contested facts, including Defendants' knowledge of and participation in the alleged violations. As is set forth more fully below, neither party has yet taken a deposition in this case, largely due to Defendants' dilatory and improper discovery practices. The deadline for taking depositions is months away and the Plaintiffs request that this Court allow them the opportunity to complete their written discovery and to take their testimonial discovery, including deposing the Defendants themselves, before having to oppose a highly disputed Motion for Summary Judgment that is supported only by the Defendants' statements, which have not been subject to cross examination.

A.   Factual and Procedural Background

This is a civil enforcement action brought by 49 state Attorneys General with claims based on violations of federal and state telemarketing laws and rules. Plaintiffs' Complaint alleges that Defendant Michael D. Lansky, LLC dba Avid Telecom ("Avid Telecom") and its co-defendants, Michael D. Lansky ("Lansky") and Stacey S. Reeves ("Reeves")

(collectively, "Defendants"), were in the business of providing Voice over Internet Protocol ("VoIP") services and that they actively participated in the initiation of, or assisted and facilitated the initiation or transmission of, millions of illegal robocalls. (Dkt. 1 at ¶¶ 21, 28, 33, and 43)

Plaintiffs filed their Complaint on May 23, 2023, and Defendants filed their Amended Answer on September 3, 2024. (Dkt. 1, 85). Defendants' Amended Answer does not raise either Section 230 of the Communications Decency Act or preemption as affirmative defenses and thus are waived. "Federal Rule of Civil Procedure 8(a) and (c) provide that a defendant's failure to raise an 'affirmative defense' in his answer effects a waiver of that defense." *Metcalf v. Golden (In re Adbox, Inc.)*, 488 F.3d 836, 841 (9th Cir. 2007) (internal citation omitted). Section 230 of the Communications Decency Act and preemption are affirmative defenses. *See Calise v. Meta Platforms, Inc.*, 103 F.4th 732, 738 (9th Cir. 2024) ("Section 230(c)(1) is an affirmative defense."); *Cohen v. ConAgra Brands, Inc.*, 16 F. 4th 1283, 1290 (9th Cir. 2021) ("Preemption is an affirmative defense, so the defendant bears the burden of pleading and supporting its preemption argument." (internal citation omitted)); *Lusnak v. Bank of Am., N.A.*, 883 F.3d 1185, 1191 (9th Cir. 2018) ("Where, as here, we are confronted with state consumer protection laws, a field traditionally regulated by the states, compelling evidence of an intention to preempt is required." (internal quotation and citations omitted)).

Despite Plaintiffs' persistent and concerted efforts, discovery is not yet complete. Plaintiffs' demonstrated efforts to conduct discovery include the proper issuance of several sets of Requests for Production and Admission, as well as Interrogatories. Defendants have consistently and repeatedly avoided complying with and responding to properly served discovery demands, requiring Plaintiffs to (a) send repeated meet and confer communications over the course of more than year, many of which went unanswered; (b) request that this Court assign a magistrate judge to oversee discovery; and (c) ultimately file multiple motions to compel. The discovery responses that Defendants provided are, as this Court ruled in several instances, insufficient. (*See generally* Dkt. 202, 234, 242).

On October 24, 2025, Magistrate Judge Ambri issued two Orders in response to the parties' initial briefing on discovery disputes (Dkt. 169, 170), and on November 24, 2025, the parties held their first status conference with Judge Ambri. (Dkt. 182). Since that time, the parties have met regularly with Judge Ambri, and he has issued several orders addressing some of the discovery disputes in this case. Plaintiffs' Motion to Compel Reeves's Document Production in Response to Plaintiffs' First RFPs (Dkt. 197) is fully briefed but has not been decided as of the filing of this motion.

In addition to the outstanding discovery dispute before the Court as to Defendant Reeves's Responses to the First RFPs, the parties continue to review discovery responses and work towards collaborative resolutions to disputes. Plaintiffs are not aware of any disputes Defendants have with Plaintiffs' discovery responses that Plaintiffs have not addressed and/or resolved, and Plaintiffs do not have any outstanding obligations stemming from the Court's orders on Defendants' discovery disputes or discussions in status conferences. (Dkt. 170, 206, 217, 226, 235, 238, 239).

Disputes related to those responses may still end up before the Court for resolution, as noted by Judge Ambri in a recent Order: "[T]he parties' counsel are in the process of analyzing Defendants' document productions and working on revised indexes for the documents, as discussed in the Court's telephonic status conferences….If Plaintiffs thereafter deem the document productions to be deficient, and the issues are not resolved between the parties, Plaintiffs may bring those issues to the Court…." (Dkt. 242, at 6-7). The current Case Management Schedule, entered on March 11, 2026, specifically permits such future action. (Dkt. 223, at 2).

Plaintiffs continue to build their case, which requires Defendants' documents and testimony. The deadline for dispositive motions is so far off that it cannot currently be calculated definitively under the terms of the Case Management Schedule. (Dkt. 223). That Order provides that motions identifying written discovery disputes must be filed "within 60 days of the date on which the sufficiency of the indices for the written discovery produced is determined, either by the Parties' agreement or by order of this Court." (*Id*.).

Again, despite months of meeting and conferring in consultation with Judge Ambri, Defendants' indexes are still not complete or sufficient; accordingly, the deadline to file motions on written discovery cannot yet be determined. Plaintiffs continue to review Defendants' written discovery and anticipate filing additional discovery motions should defects not be resolved.

The Case Management Schedule provides that the parties must conduct depositions "within ninety (90) days after entry of all orders finally resolving all discovery disputes that were the subject of motion practice." (*Id*. at 3). That 90-day period has not yet commenced. At a minimum, the Plaintiffs intend to depose: (1) the Defendants; (2) Defendant Lansky in his capacity as Defendants' proposed expert witness; (3) Defendants' bookkeeper, Balanced Bookkeeping, whose testimony Plaintiffs anticipate will be highly relevant to their claims of individual liability; (4) Defendants' customer, Digital Media Solutions, LLC, which used Defendants' services to obtain high volumes of telephone number resources and to send illegal robocalls; (5) Defendants' customer, John Spiller, who operated under numerous business names and used Defendants' services to obtain high volumes of telephone number resources and to send illegal robocalls; (6) Defendants' customer, Boomsourcing, which used Defendants' services to obtain high volumes of telephone number resources and to send illegal robocalls; and (7) Defendants' switch provider, SipNav, which enabled Defendants' provision of VoIP services and telephone number resources, housed Defendants' billing records and customer communications, and purportedly provided Defendants with tools to mitigate illegal robocalls. Given the importance of adequate written discovery to prepare for depositions and the key role of depositions in this matter, Defendants' motion and related lodged proposed motion for summary judgment are premature.

One particularly relevant and unresolved discovery dispute relates to Defendants' failure to produce sufficient indexes with their documents. Pursuant to Fed. R. Civ. P. 34(b)(2)(E)(i) and Section A(3) of this Court's ESI Order (Dkt. 120 at 5), document productions must be organized and labeled to correspond to the discovery requests. On

October 24, 2025, Defendants were ordered by this Court to produce compliant indexes no later than November 28, 2025. (Dkt. 169 at 4). More than five months after that deadline, Defendants' indexes remain rife with deficiencies and errors that have frustrated Plaintiffs' efforts to match documents with specific requests for production. *See Shuster v. Shuster*, No. 2:16-cv-03315 JWS, 2017 U.S. Dist. LEXIS 131575, at *7 (D. Ariz. Aug. 16, 2017) (when no indexes are produced, "neither Plaintiffs nor the court can discern exactly which documents go to which requests"). Despite Plaintiffs' attempts to resolve the issues with Defendants' counsel, Plaintiffs have yet to receive accurate, complete indexes which are essential to the substantive review of the documents produced as responsive to requests for production. Defendants' deficient indexes have also forestalled Plaintiffs' preparation to depose witnesses.

        B. <u>Due to Defendants' tactics, Plaintiffs have not had sufficient opportunity to complete discovery and develop facts essential to oppose Defendants' untimely motion</u>

Federal Rule of Civil Procedure 56(d) allows the non-moving party to seek deferral of a motion for summary judgment if it cannot yet present facts essential to support its opposition. In this action—because of Defendants' tactics to delay and otherwise obstruct the discovery process—Plaintiffs have not yet had the opportunity to complete discovery or conduct any depositions. Consequently, Plaintiffs do not have all facts necessary to oppose Defendants' Motion for Summary Judgment. A motion for summary judgment "contemplates that the parties would have had a reasonable amount of time to conduct discovery." *In re Zicam Cold Remedy Mktg., Sales Practices, & Products Liab. Litig.*, No. 09-MD-2096-PHX-FJM, 2011 WL 2636445, at *2 (D. Ariz. July 6, 2011). Defendants' delays, nonparticipation, and noncompliance have prevented Plaintiffs from conducting and completing the discovery necessary to respond to Defendants' untimely motion. As discussed above, Defendants have neither produced all the documents that their written

responses stated were forthcoming nor produced indexes compliant with Fed. R. Civ. P. 34(b)(2)(E)(i) or Section A(3) of this Court's ESI Order. (Dkt. 120 at 5).

Rule 56(d) is a safeguard against a premature grant of summary judgment in situations such as this one, "when [litigants] have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). Recognizing the injustice inherent in deciding a dispositive motion in the absence of essential facts, the Ninth Circuit has advised district courts to "grant any [Rule 56(d)] motion fairly freely" when a summary judgment motion is filed before a party can develop facts necessary to its case. *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003).

To prevail on a request for additional discovery under Fed. R. Civ. P. 56(d), a party must show that: "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *InteliClear, LLC v. ETC Global Holdings, Inc.*, 978 F.3d 653, 662 (9th Cir. 2020) (quoting *Midbrook Flowerbulbs Holland B.V. v. Holland Am. Bulb Farms, Inc.*, 874 F. 3d 604, 619-20 (9th Cir. 2017)). Plaintiffs' motion and affidavit easily satisfy these requirements.

a. Plaintiffs seek to elicit specific facts from further discovery.

Plaintiffs seek to elicit specific facts from further discovery, as described in the Declaration of Rochelle Sparko. Those facts include, but are not limited to, the following:

- Defendants failed to take affirmative, effective measures to keep customers from using Defendant Avid Telecom's network to originate, initiate, or transmit illegal calls;
- Defendants knew or consciously avoided knowing that telemarketers were transmitting illegal calls over Defendant Avid Telecom's network;
- Defendants had customers that were sellers or telemarketers;

7

- Defendants initiated or assisted and facilitated the initiation of illegal robocalls to consumers;

- Defendants knew or consciously avoided knowing that they were transmitting illegal robocalls over Defendant Avid Telecom's network;

- Defendants provided substantial assistance to robocallers, facilitating consumers' ultimate receipt of millions of illegal calls;

- Defendants' downstream customers complained about the call traffic Defendants sent to them;

- Defendants failed to implement effective procedures to prevent or even mitigate illegal calls on Defendant Avid Telecom's network;

- Defendants knowingly allowed calls using spoofed phone numbers to transmit misleading or inaccurate caller identification information across Defendant Avid Telecom's network;

- Defendants failed to block calls from numbers that are not valid under the North American Numbering Plan ("NANP");

- Defendants failed to block valid NANP numbers that are not allocated to a provider by the NANP Administrator or Pooling Administrator;

- Defendants failed to block calls from valid NANP numbers that are allocated to a provider by NANP or the Pooling Administrator but are unused;

- Defendants failed to block calls from numbers where the subscriber of the originating number has requested that calls purporting to originate from that number be blocked because the number is used for inbound calls only (Do Not Originate list numbers);

- Defendants knew or should have known that they accepted and profited from illegal robocalls with misleading or inaccurate spoofed phone numbers;

- Defendants provided some customers with phone numbers used to make illegal calls that were made to, and ultimately received by, consumers;

8

- Defendants provided support to some customers looking to use a large number of phone numbers on a short-term basis to circumvent and undermine law enforcement and industry efforts to block and mitigate illegal telemarketing and robocalls;

- Defendant Reeves participated in the acts and practices that violated the statutes and regulations as described in the counts of Plaintiffs' Complaint (Dkt. 1) and/or had the authority to control those acts and practices;

- Defendant Lansky participated in the acts and practices that violated the statutes and regulations as described in the counts of Plaintiffs' Complaint (Dkt. 1) and/or had the authority to control those acts and practices;

- Defendant Lansky assisted customer John Spiller, who operated under several business names, with creating the content of at least one of the illegal prerecorded messages that Spiller sent using Defendant Avid Telecom's network and/or services;

- Defendant Lansky knowingly allowed customer John Spiller to use a new business name, Great Choice Telecom, to continue to send illegal robocall traffic using Defendant Avid Telecom's network to avoid Spiller being shut down by the Federal Communications Commission after an enforcement action was taken against him for initiating or facilitating illegal robocalls;

- Defendant Reeves participated in facilitating illegal robocalls and telemarketing calls;

- Defendant Reeves managed the customer account settings on Avid Telecom network account for customer, Virtual Telecom/Mobi Telecom, which made millions of deceptive auto warranty robocalls;

- At times, Defendant Reeves managed the customer account settings on Avid Telecom network account for customer John Spiller, operating under the business name Rising Eagle Capital Group LLC., that used Defendant Avid Telecom's network and/or services to send illegal robocalls;

9

- Defendant Lansky improperly used the assets of Defendant Avid Telecom to cover the cost of his own personal expenses;
- Defendant Lansky's conflicting testimony about his role as a VoIP industry expert in his lodged hybrid expert report with his position in discovery responses that he could not have done more to mitigate, or to be informed about, the numerous illegal calls transiting Defendant Avid Telecom's network;
- Defendants provided substantial assistance in transmitting telephone sales calls to Indiana consumers whose telephone numbers appeared on the Indiana Do Not Call List;
- Defendants transmitted calls that relied on automatic dialing to ultimately reach consumers.

### b. The facts sought by Plaintiffs exist

Plaintiffs will elicit the above-listed facts by deposing Michael D. Lansky, Stacey Reeves, Avid Telecom, and others. Depositions are of unique and preeminent importance in civil litigation, as they allow a party to ask probing questions of fact witnesses and subject those witnesses' statements to cross-examination. But before Plaintiffs can adequately prepare to begin depositions, outstanding discovery disputes must be resolved. Defendants must make the supplemental productions ordered by this Court; Plaintiffs must receive complete, workable indexes to properly analyze the 286,923 pages of records Defendants have produced; and Plaintiffs need the chance to raise additional discovery disputes that become apparent after the productions have been analyzed with the complete index.

### c. The facts sought by Plaintiffs are essential to Plaintiffs' opposition to Defendants' untimely motion

Summary judgment motions should be based on a well-developed factual record. Facts are the cornerstone of the summary judgment analysis, as summary judgment is

appropriate only where there is "no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).

But Defendants' Motion for Summary Judgment is not based on a well-developed factual record; rather, Defendants' Motion relies on its absence. Defendants repeatedly assert that Plaintiffs have no evidence to prove their claims. (Dkt. 241 at 10, 22, 24, 29, 30, 36, and 46). Defendants argue that Plaintiffs lack the evidence needed to support their claims, even as Defendants have not produced the relevant documents they are obligated to produce or the indexes necessary for Plaintiffs to organize the documents produced. Further, Plaintiffs need to conduct depositions of the parties, as well as third-party witnesses, to develop the facts necessary to respond to Defendants' lodged Motion for Summary Judgment and have not been able to conduct those to this point due to Defendants' intentionally or inadvertently erroneous and incomplete discovery production.

Defendants make arguments that are highly factual and support them with their untested and self-serving affidavit testimony. For example, Defendants argue that they did not participate in the creation of the offending telecommunications. (Dkt. 241, at 24). As to Defendant Reeves, they argue that she had no knowledge of the illegal conduct and was an independent contractor, which somehow insulates her from liability. (Dkt. 242, 20-29). Plaintiffs vehemently dispute these factual arguments and are entitled to confront them by first deposing the Defendants and taking other relevant discovery before having to face them in a summary judgment motion.

When Plaintiffs are given the opportunity to complete discovery, they will oppose Defendants' Motion for Summary Judgment by disputing the facts that Defendants claims are "undisputed." For example, once Plaintiffs establish that Defendants knew or consciously avoided knowing that telemarketers were transmitting illegal robocalls over their network, Plaintiffs will be able to show that a genuine dispute of material fact exists on Plaintiffs' claims under the Telemarketing Sales Rule. Each of the other facts listed above, as well as in the accompanying Declaration of Rochelle Sparko, similarly will show that there exists a genuine dispute of material fact with respect to Plaintiffs' claims and,

11

accordingly, are essential to Plaintiffs' opposition to Defendants' Motion to Summary Judgment.

### C. Conclusion

The Court should grant Plaintiffs' Motion to Defer Consideration of Defendants' Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(d) until Plaintiffs, with Defendants' participation in the completion of discovery, have had the opportunity to develop the facts essential to their opposition. Accordingly, Defendants' lodged proposed Motion for Summary Judgment (Dkt. 241) should remain lodged until the parties have completed the case management obligations and deadlines set out in Sections 2(a) through 2(e) of the Court's March 11, 2026 Order. (Dkt. 223).

Further, if the Court grants Defendants' request for leave to file a 51-page consolidated motion for summary judgment, the Court should extend the page limit for Plaintiffs' response to such motion to 51 pages and Defendants' reply to 33 pages.

*The remainder of this page is intentionally left blank.*

RESPECTFULLY SUBMITTED this 18th day of May, 2026.

**FOR THE STATE OF ARIZONA:**

KRISTIN K. MAYES
Attorney General for the State of
Arizona


/s/ John Raymond Dillon IV
JOHN RAYMOND DILLON IV
SARAH PELTON
Assistant Attorneys General
*Attorneys for the State of Arizona*


**FOR THE STATE OF INDIANA:**

TODD ROKITA
Attorney General for the State of Indiana

/s/ Douglas S. Swetnam
DOUGLAS S. SWETNAM
THOMAS L. MARTINDALE
Deputy Attorneys General
*Attorneys for the State of Indiana*

**FOR THE STATE OF NORTH CAROLINA:**

JEFF JACKSON
Attorney General for the State of North
Carolina


/s/ Tracy Nayer
TRACY NAYER
ROCHELLE SPARKO
Special Deputy Attorneys General
*Attorneys for the State of North Carolina*


**FOR THE STATE OF OHIO:**

DAVE YOST
Attorney General for the State of Ohio

/s/ Erin B. Leahy
ERIN B. LEAHY
EMILY G. DIETZ
Assistant Attorneys General
*Attorneys for the State of Ohio*


*Lead Counsel for Plaintiffs*

13

**CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2026, I caused the foregoing **PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO FILE CONSOLIDATED MOTION FOR SUMMARY JUDGMENT EXCEEDING PAGE LIMITATION AND MOTION TO DEFER CONSIDERATION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** to be filed and served electronically via the Court's CM/ECF system upon counsel of record.

/s/ Rochelle Sparko
Rochelle Sparko
Special Deputy Attorney General
North Carolina Department of Justice

## LIST OF PLAINTIFFS' COUNSEL

John Raymond Dillon IV (AZ Bar No. 036796)
Sarah Pelton (AZ Bar No. 039633)
Assistant Attorneys General
Arizona Attorney General's Office
2005 North Central Avenue
Phoenix, AZ 85004
Phone: (602) 542-8018
Fax:    (602) 542-4377
john.dillonIV@azag.gov
sarah.pelton@azag.gov
*Attorneys for Plaintiff State of Arizona*

Douglas S. Swetnam (IN Bar No. 15860-49)
Thomas L. Martindale (IN Bar No. 29706-64)
Deputy Attorneys General
Office of the Indiana Attorney General
Todd Rokita
Indiana Govt. Center South, 5th Fl.
302 W. Washington St.
Indianapolis, IN 46204-2770
Phone: (317) 232-6294 (Swetnam)
         (317) 232-7751 (Martindale)
Fax:    (317) 232-7979
douglas.swetnam@atg.in.gov
thomas.martindale@atg.in.gov
*Attorneys for Plaintiff State of Indiana*

Tracy Nayer (NC Bar No. 36964)
Rochelle Sparko (NC Bar No. 38528)
Special Deputy Attorneys General
North Carolina Department of Justice
Consumer Protection Division
P.O. Box 629
Raleigh, North Carolina 27602
Phone:  (919) 716-6000
Fax:       (919) 716-6050
tnayer@ncdoj.gov
rsparko@ncdoj.gov
*Attorneys for Plaintiff State of North Carolina*

Erin B. Leahy (OH Bar No. 0069509)
Emily G. Dietz (OH Bar No. 0104729)
Assistant Attorneys General
Office of Attorney General Dave Yost
30 East Broad Street, 14th Fl.
Columbus, OH 43215
Phone: (614) 752-4730 (Leahy)
         (614) 466-3493 (Dietz)
Erin.Leahy@OhioAGO.gov
Emily.Dietz@OhioAGO.gov
*Attorneys for Plaintiff State of Ohio*

***Lead Counsel for Plaintiffs***

15

Lindsay D. Barton (AL Bar No. 1165-G00N)
Robert D. Tambling (AL Bar No. 6026-N67R)
Assistant Attorneys General
Office of the Alabama Attorney General
501 Washington Avenue
Montgomery, Alabama 36130
Phone:  (334) 353-2609 (Barton)
        (334) 242-7445 (Tambling)
Fax:     (334) 353-8400
Lindsay.Barton@AlabamaAG.gov
Robert.Tambling@AlabamaAG.gov
*Attorneys for Plaintiff State of Alabama*

Amanda Wentz (AR Bar No. 2021066)
Assistant Attorney General
Office of Attorney General Tim Griffin
101 West Capitol Avenue
Little Rock, AR 72201
Phone: (501) 682-1178
Fax:     (501) 682-8118
amanda.wentz@arkansasag.gov
*Attorney for Plaintiff State of Arkansas*

Nicklas A. Akers (CA Bar No. 211222)
Senior Assistant Attorney General
Bernard A. Eskandari (CA Bar No. 244395)
Supervising Deputy Attorney General
Timothy D. Lundgren (CA Bar No. 254596)
Rosailda Perez (CA Bar No. 284646)
Deputy Attorneys General
Office of the California Attorney General
300 S. Spring St., Suite 1702
Los Angeles, CA 90013
Phone: (415) 510-3364 (Akers)
        (213) 269-6348 (Eskandari)
        (213) 269-6355 (Lundgren)
        (213) 269-6612 (Perez)
Fax:     (916) 731-2146
nicklas.akers@doj.ca.gov
bernard.eskandari@doj.ca.gov
timothy.lundgren@doj.ca.gov
rosailda.perez@doj.ca.gov
*Attorneys for Plaintiff People of the State of California*

Michel Singer Nelson (CO Bar No. 19779)
Assistant Attorney General II
Colorado Office of the Attorney General
Ralph L. Carr Judicial Building
1300 Broadway, 10th Floor
Denver, CO 80203
Phone: (720) 508-6220
michel.singernelson@coag.gov
*Attorney for Plaintiff State of Colorado, ex rel. Philip J. Weiser, Attorney General*

Brendan T. Flynn (Fed. Bar No. ct04545, CT Bar No. 419935)
Assistant Attorney General
Office of the Connecticut Attorney General William Tong
165 Capitol Avenue, Suite 4000
Hartford, CT 06106
Phone: (860) 808-5400
Fax:    (860) 808-5593
brendan.flynn@ct.gov
*Attorney for Plaintiff State of Connecticut*

Ryan Costa (DE Bar No. 5325)
Deputy Attorney General
Delaware Department of Justice
820 N. French Street, 5th Floor
Wilmington, DE 19801
Phone: (302) 683-8811
Fax:    (302) 577-6499
Ryan.costa@delaware.gov
*Attorney for Plaintiff State of Delaware, ex rel. Kathleen Jennings*

Laura C. Beckerman (DC Bar No. 1008120)
Senior Trial Counsel
Public Advocacy Division
D.C. Office of the Attorney General
400 6th Street NW, 10th Floor
Washington, DC 20001
Phone: (202) 655-7906
Laura.Beckerman@dc.gov
*Attorney for Plaintiff District of Columbia*

Sean P. Saval (FL Bar No. 96500)
Sr. Assistant Attorney General
Michael P. Roland (FL Bar No. 44856)
Assistant Attorney General
Office of the Florida Attorney General
Department of Legal Affairs
Consumer Protection Division
3507 E. Frontage Rd, Suite 325
Tampa, FL 33607
Phone: (813) 287-7950
Fax:    (813) 281-5515
Sean.Saval@myfloridalegal.com
michael.roland@myfloridalegal.com
Zivile.Rimkevicius@myfloridalegal.com
*Attorneys for Plaintiff James Uthmeier, Attorney General of the State of Florida*

David A. Zisook (GA Bar No. 310104)
Senior Assistant Attorney General
Office of the Georgia Attorney General
40 Capitol Square SW
Atlanta, GA 30334
Phone: (404) 458-4294
Fax:    (404) 464-8212
dzisook@law.ga.gov
*Attorney for Plaintiff State of Georgia*

Christopher J.I. Leong (HI Bar No. 9662)
Deputy Attorney General
Hawaii Department of the Attorney General
425 Queen Street
Honolulu, HI 96813
Phone: (808) 586-1180
Fax:    (808) 586-1205
christopher.ji.leong@hawaii.gov
*Attorney for Plaintiff State of Hawaii*

James J. Simeri (ID Bar No. 12332)
Consumer Protection Division Chief
Idaho Attorney General's Office
P.O. Box 83720
Boise, ID 83720-0010
Phone: (208) 334-4114
james.simeri@ag.idaho.gov
*Attorney for Plaintiff State of Idaho*

Philip Heimlich (IL Bar No. 6286375)
Assistant Attorney General
Elizabeth Blackston (IL Bar No. 6228859)
Consumer Fraud Bureau Chief
Office of the Illinois Attorney General
500 S. Second Street
Springfield, IL 62791
Phone: (217) 782-4436
philip.heimlich@ilag.gov
elizabeth.blackston@ilag.gov
*Attorneys for Plaintiff People of the State of Illinois*

Benjamin Bellus (IA Bar No. AT0000688)
William Pearson (IA Bar No. AT0012070)
Assistant Attorneys General
Office of the Iowa Attorney General
1305 E. Walnut St.
Des Moines, IA 50319
Phone: (515) 242-6536 (Bellus)
        (515) 242-6773 (Pearson)
Fax:    (515) 281-6771
Benjamin.Bellus@ag.iowa.gov
William.Pearson@ag.iowa.gov
*Attorneys for Plaintiff State of Iowa*

Nicholas C. Smith (KS Bar No. 29742)
Sarah M. Dietz (KS Bar No. 27457)
Assistant Attorneys General
Consumer Protection Section
Office of the Kansas Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, KS 66612
Phone: (785) 296-3751
Fax:    (785) 291-3699
Nicholas.Smith@ag.ks.gov
sarah.dietz@ag.ks.gov
*Attorneys for Plaintiff State of Kansas*

Jonathan E. Farmer (KY Bar No. 91999)
Deputy Executive Director of Consumer Protection
Office of the Attorney General of Kentucky
1024 Capital Center Drive, Ste. 200
Frankfort, KY 40601
Phone: (502) 696-5448
Fax:    (502) 573-8317
Jonathan.Farmer@ky.gov
*Attorney for Plaintiff Commonwealth of Kentucky*

ZaTabia N. Williams (LA Bar No. 36933)
Assistant Attorney General
Office of the Attorney General Liz Murrill
1885 North Third St.
Baton Rouge, LA 70802
Phone: (225) 326-6164
Fax:    (225) 326-6499
WilliamsZ@ag.louisiana.gov
*Attorney for Plaintiff State of Louisiana*

Brendan O'Neil (ME Bar No. 009900)
Michael Devine (ME Bar No. 005048)
Assistant Attorneys General
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333
Phone: (207) 626-8800
Fax:    (207) 624-7730
brendan.oneil@maine.gov
michael.devine@maine.gov
*Attorneys for Plaintiff State of Maine*

Philip Ziperman (Fed. Bar No. 12430)
Deputy Counsel
Office of the Attorney General
200 St. Paul Place
Baltimore, MD 21202
Phone: (410) 576-6417
Fax:    (410) 576-6566
pziperman@oag.state.md.us
*Attorney for Plaintiff Maryland Office of the Attorney General*

Carol Guerrero (MA Bar No. 705419)
Assistant Attorney General
Michael N. Turi (MA Bar No. 706205)
Deputy Chief, Consumer Protection Division
Massachusetts Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Phone: (617) 963-2783
Fax:    (617) 727-5765
mailto:Carol.Guerrero@mass.gov
Michael.Turi@mass.gov
*Attorneys for Plaintiff Commonwealth of Massachusetts*

Kathy P. Fitzgerald (MI Bar No. P31454)
Michael S. Hill (MI Bar No. P73084)
Assistant Attorneys General
Michigan Department of Attorney General
Corporate Oversight Division
P.O. Box 30736
Lansing, MI 48909
Phone: (517) 335-7632
Fax:    (517) 335-6755
fitzgeraldk@michigan.gov
Hillm19@michigan.gov
*Attorneys for Plaintiff People of the State of Michigan*

Bennett Hartz (MN Bar No. 0393136)
Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1200
Saint Paul, MN 55404
Phone: (651) 757-1235
bennett.hartz@ag.state.mn.us
*Attorney for Plaintiff State of Minnesota, by its Attorney General, Keith Ellison*

James M. Rankin (MS Bar No. 102332)
Special Assistant Attorney General
Mississippi Attorney General's Office
P.O. Box 220
Jackson, MS 39205
Phone: (601) 359-4258
james.rankin@ago.ms.gov
*Attorney for Plaintiff Lynn Fitch, Attorney General State of Mississippi*

John W. Grantham (MO Bar No. 60556)
Assistant Attorney General
Office of the Missouri Attorney General
P.O. Box 899
Jefferson City, MO 65102
Phone: (573) 751-3942
Fax:    (573) 751-7948
john.grantham@ago.mo.gov
*Attorney for Plaintiff State of Missouri,
ex. rel. Catherine L. Hanaway, Attorney
General*

Brent Mead (MT Bar No. 68035000)
Deputy Solicitor General
Anna Schneider (MT Bar No. 13963)
Special Assistant Attorney General,
Senior Counsel
Montana Attorney General's Office
Office of Consumer Protection
215 North Sanders Street
P.O. Box 200151
Helena, MT 59620-0151
Phone: (406) 444-4500
Brent.mead2@mt.gov
Anna.schneider@mt.gov
*Attorneys for Plaintiff State of Montana*

Gary E. Brollier (NE Bar No. 19785)
Assistant Attorney General
Office of the Attorney General Michael
T. Hilgers
2115 State Capitol Building
Consumer Protection Division
Lincoln, NE 68509
Phone: (402) 471-1279
Fax:    (402) 471-4725
gary.brollier@nebraska.gov
*Attorney for Plaintiff State of Nebraska*

Michelle C. Badorine (NV Bar No. 13206)
Senior Deputy Attorney General
Office of the Nevada Attorney General
Bureau of Consumer Protection
100 North Carson Street
Carson City, NV 89701-4717
Phone: (775) 684-1164
Fax:    (775) 684-1299
MBadorine@ag.nv.gov
*Attorney for Plaintiff State of Nevada*

Mary F. Stewart (NH Bar No. 10067)
Assistant Attorney General
New Hampshire Department of Justice
Office of the Attorney General
Consumer Protection and Antitrust
Bureau
1 Granite Place South
Concord, NH 03301
Phone: (603) 271-1139
Mary.F.Stewart@doj.nh.gov
*Attorney for Plaintiff State of New Hampshire*

Blair Gerold (NJ Bar No. 294602019)
Zeyad A. Assaf (NJ Bar No. 290002021)
Deputy Attorneys General
New Jersey Office of the Attorney General
Division of Law
124 Halsey Street
Newark, NJ 07101
Phone: (609) 696-5363
Fax:    (973) 648-3879
Blair.Gerold@law.njoag.gov
Zeyad.Assaf@law.njoag.gov
*Attorneys for Plaintiff State of New Jersey*

Anthony Juzaitis (NM Bar No. 164428)
Assistant Attorney General
New Mexico Department of Justice
408 Galisteo St.
Santa Fe, New Mexico 87501
Phone: (505) 651-7565
Fax:    (505) 490-4883
Ajuzaitis@nmdoj.gov
*Attorney for Plaintiff Raúl Torrez, New Mexico Attorney General*

Oluwadamilola E. Obaro (NY Bar No. 5558275)
Assistant Attorney General
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (212) 416-6316
dami.obaro@ag.ny.gov
*Attorney for Plaintiff Office of the Attorney General of the State of New York*

Elin S. Alm (ND Bar No. 05924)
Christopher Glenn Lindblad (ND Bar No. 06480)
Assistant Attorneys General
Office of North Dakota Attorney General
Consumer Protection & Antitrust Division
1720 Burlington Drive, Suite C
Bismarck, ND 58504-7736
Phone: (701) 328-5570
Fax:    (701) 328-5568
mailto:ealm@nd.gov
clindblad@nd.gov
*Attorneys for Plaintiff State of North Dakota*

Sylvia Lanfair (OK Bar No. 30144)
Assistant Attorney General
Office of the Oklahoma Attorney General
313 N.E. 21st St.
Oklahoma City, OK 73105
Phone: (405) 522- 8129
Fax:    (405) 522-0085
mailto:sylvia.lanfair@oag.ok.gov
*Attorney for Plaintiff State of Oklahoma ex rel. Attorney General Gentner Drummond*

Jordan M. Roberts (OR Bar No. 115010)
Senior Assistant Attorney General
Oregon Department of Justice
Economic Justice Section
100 SW Market St.
Portland, OR 97201
Phone: (971) 673-1880
Fax:    (971) 673-1884
jordan.m.roberts@doj.oregon.gov
*Attorney for Plaintiff State of Oregon*

Mark W Wolfe (PA Bar No. 327807)
Deputy Attorney General
Pennsylvania Office of Attorney General
Strawberry Square, 15th Floor
Harrisburg, PA 17120-0001
Phone: (717) 772-3558
Fax:    (717) 705-3795
mwolfe@attorneygeneral.gov
*Attorney for Plaintiff Commonwealth of Pennsylvania by Attorney General David W. Sunday, Jr.*

Alex M. Carnevale (R.I. Bar No. 10724)
Special Assistant Attorney General
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Phone: (860) 287-7156
acarnevale@riag.ri.gov
*Attorney for Plaintiff State of Rhode Island*

Kristin Simons (SC Bar No. 74004)
Senior Assistant Attorney General
South Carolina Attorney General's Office
P.O. Box 11549
Columbia, SC 29211-1549
Phone: (803) 734-6134
mailto:ksimons@scag.gov
*Attorney for Plaintiff State of South Carolina*

Austin C. Ostiguy (TN Bar No. 040301)
Tyler T. Corcoran (TN Bar No. 038887)
Jimmie B. Webb (TN Bar No. 042680)
Assistant Attorneys General
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202
Phone: (615) 532-7271 (Ostiguy)
        (615) 770-1714 (Corcoran)
        (615) 532-4223 (Webb)
Fax:    (615) 532-2910
austin.ostiguy@ag.tn.gov
tyler.corcoran@ag.tn.gov
jimmie.webb@ag.tn.gov
*Attorneys for Plaintiff State of Tennessee*

Scott Froman (Fed. Bar No. 3931200;
TX Bar No. 24122079)
Assistant Attorney General
Attorney General for the State of Texas
Office of the Attorney General
P.O. Box 12548 (MC-09)
Austin, TX 78711
Phone: (512) 463-1264
Fax:    (512) 473-9125
Scott.Froman@oag.texas.gov
*Attorney for Plaintiff State of Texas*

Alexandra Butler (UT Bar No. 19238)
Assistant Attorney General
Utah Attorney General's Office
160 East 300 South, 5th Floor
P.O. Box 140872
Salt Lake City, UT 84114-0872
Phone: (385) 910-5533
Fax:    (801) 366-0315
alexandrabutler@agutah.gov
*Attorney for Plaintiff Utah Division of Consumer Protection*

James Layman (VT Bar No. 5236)
Office of the Vermont Attorney General
109 State Street
Montpelier, VT 05609-1001
Phone: (802) 828-2315
Fax:    (802) 304-1014
James.Layman@vermont.gov
*Attorney for Plaintiff State of Vermont*

Geoffrey L. Ward (VA Bar No. 89818)
Senior Assistant Attorney General
Office of the Attorney General of Virginia
202 N. Ninth St.
Richmond, VA 23219
Phone: (804) 371-0871
Fax:    (804) 786-0122
gward@oag.state.va.us
*Attorney for Plaintiff Commonwealth of Virginia, ex rel. Jason S. Miyares, Attorney General*

Zorba Leslie (WA Bar No. 58523)
Assistant Attorney General
Washington State Attorney General's Office
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Phone: (206) 340-6787
Fax:    (206) 464-6451
zorba.leslie@atg.wa.gov
*Attorney for Plaintiff State of Washington*

Ashley T. Wentz (WV Bar No. 13486)
Assistant Attorney General
West Virginia Attorney General's Office
Consumer Protection/Antitrust Division
P.O. Box 1789
Charleston, WV 25326
Phone: (304) 558-8986
Fax:    (304) 558-0184
Ashley.T.Wentz@wvago.gov
*Attorney for Plaintiff State of West Virginia ex rel. John B. McCuskey, Attorney General*

Gregory A. Myszkowski (WI Bar No. 1050022)
Assistant Attorney General
Wisconsin Department of Justice
P.O. Box 7857
Madison, WI 53707-7857
Phone: (608) 266-7656
Fax:    (608) 294-2907
gregory.myszkowski@wisdoj.gov
*Attorney for Plaintiff State of Wisconsin*

Cameron W. Geeting (WY Bar No. 7--5338)
Senior Assistant Attorney General
Consumer Protection and Antitrust Unit
Wyoming Attorney General's Office
2320 Capitol Avenue
Cheyenne, Wyoming 82002
Phone: (307) 777-3795
cameron.geeting1@wyo.gov
*Attorney for Plaintiff State of Wyoming*