JEFF JACKSON
Attorney General for the State of North Carolina
Tracy Nayer (NC Bar No. 36964)
Rochelle Sparko (NC Bar No. 38528)
Special Deputy Attorneys General
North Carolina Department of Justice
Consumer Protection Division
P.O. Box 629
Raleigh, North Carolina 27602
Phone:   (919) 716-6000
Fax:        (919) 716-6050
tnayer@ncdoj.gov
rsparko@ncdoj.gov
*Lead Counsel for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, *ex rel*. Kristin K. Mayes, Attorney General; *et al*.,<br><br>    Plaintiffs,<br><br>    v.<br><br>Michael D. Lansky, L.L.C., dba Avid Telecom; *et al*.,<br><br>    Defendants. | NO. 4:23-cv-00233-TUC-CKJ-MAA<br><br>**DECLARATION OF ROCHELLE SPARKO IN SUPPORT OF PLAINTIFFS' MOTION TO DEFER CONSIDERATION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

I, Rochelle Sparko, declare as follows:

1.      I, Rochelle Sparko, am a Special Deputy Attorney General in the Consumer Protection Division at the North Carolina Department of Justice and counsel of record for the Plaintiff State of North Carolina, a lead state Plaintiff in the above-captioned matter.  I make this declaration pursuant to Fed. R. Civ. P. 56(d) and in

support of Plaintiffs' Motion to Defer Consideration of Defendants' Motion for Summary Judgment (the "Motion"). I make this declaration based on my own personal knowledge of the facts set forth herein. If called as a witness, I could and would competently testify to the matters stated herein.

2.    The relevant factual and procedural history in this action are truthfully set forth in Plaintiffs' Response to Defendants' Motion for Leave to File Consolidated Motion for Summary Judgment Exceeding Page Limitation and Motion to Defer Consideration of Defendants' Motion for Summary Judgment.

3.    I have a good faith basis to believe that genuine issues of material fact exist in this matter as to whether Defendant Michael D. Lansky, LLC dba Avid Telecom ("Avid Telecom") violated the Telephone Consumer Protection Act ("TCPA").

4.    I have a good faith basis to believe that genuine issues of material fact exist in this matter as to whether Defendants Michael Lansky ("Lansky") and Stacey Reeves ("Reeves") participated in the acts and practices that violated the statutes and regulations as described in the counts of Plaintiffs' Complaint (Dkt. 1) and/or had the authority to control those acts and practices.

5.    I have a good faith basis to believe that genuine issues of material fact exist in this matter as to whether Defendants Avid Telecom, Lansky and Reeves (collectively, "Defendants") violated the Truth in Caller ID Act.

6.    I have a good faith basis to believe that genuine issues of material fact exist in this matter as to whether Defendants violated the Telemarketing Sales Rule ("TSR").

7.    I have been advised by co-counsel of record and so have a good faith basis to believe that genuine issues of material fact exist in this matter as to whether Defendants' actions violate state unfair trade practice and telemarketing laws in California, Florida, Indiana, Maryland, Nevada, New York, North Carolina, North Dakota, Rhode Island, Washington, and Wisconsin.

8.     I have a good faith basis to believe that genuine issues of material fact exist in this matter as to whether Defendants knew or should have known that illegal telemarketing and robocalls were transiting Defendant Avid Telecom's network and failed to take reasonable actions to mitigate these calls.

9.     I have a good faith basis to believe that a Federal Rule of Civil Procedure 56(d) motion to delay ruling on Defendants' lodged Motion for Summary Judgment is proper in this case to allow Plaintiffs proper time to complete discovery and to show specific factual evidence, outside of the pleadings, as to a genuine issue in dispute and rebut Defendants' assertions of an absence of genuine issue of fact.

10.    I have a good faith basis to believe that the Plaintiffs will procure additional facts that further bolster Plaintiffs' opposition to Defendants' lodged Motion for Summary Judgment, through completion of outstanding written discovery, depositions, or other discovery means. Plaintiffs seek more complete information about Defendants that further discovery will make available about the following issues:

- Defendants failed to implement effective procedures to prevent or even mitigate illegal calls on Defendant Avid Telecom's network;
- Defendants knew or consciously avoided knowing that telemarketers were transmitting illegal calls over Defendant Avid Telecom's network;
- Defendants had customers that were sellers or telemarketers;
- Defendants initiated or assisted and facilitated the initiation of illegal robocalls to consumers;
- Defendants knew or consciously avoided knowing that they were transmitting illegal robocalls over Defendant Avid Telecom's network;
- Defendants provided substantial assistance to robocallers, facilitating consumers' ultimate receipt of millions of illegal calls;
- Defendants' downstream customers complained about the call traffic Defendants sent to them;

- Defendants knowingly allowed calls using spoofed phone numbers to transmit misleading or inaccurate caller identification information across Defendant Avid Telecom's network;

- Defendants failed to block calls from numbers that are not valid under the North American Numbering Plan ("NANP");

- Defendants failed to block valid NANP numbers that are not allocated to a provider by the NANP Administrator or Pooling Administrator;

- Defendants failed to block calls from valid NANP numbers that are allocated to a provider by NANP or the Pooling Administrator but are unused;

- Defendants failed to block calls from numbers where the subscriber of the originating number has requested that calls purporting to originate from that number be blocked because the number is used for inbound calls only (Do Not Originate list numbers);

- Defendants knew or should have known that they accepted and profited from illegal robocalls with misleading or inaccurate spoofed phone numbers;

- Defendants provided some customers with phone numbers used to make illegal calls that were made to, and ultimately received by, consumers;

- Defendants provided support to some customers looking to use a large number of phone numbers on a short-term basis to circumvent and undermine law enforcement and industry efforts to block and mitigate illegal telemarketing and robocalls;

- Defendant Reeves participated in the acts and practices that violated the statutes and regulations as described in the counts of Plaintiffs' Complaint (Dkt. 1) and/or had the authority to control those acts and practices;

- Defendant participated in the acts and practices that violated the statutes and regulations as described in the counts of Plaintiffs' Complaint (Dkt. 1) and/or had the authority to control those acts and practices;

4

- Defendant Lansky assisted customer John Spiller, who operated under several business names, with creating the content of at least one of the illegal prerecorded messages that Spiller sent using Defendant Avid Telecom's network and/or services;

- Defendant Lansky knowingly allowed customer John Spiller to use a new business name, Great Choice Telecom, to continue to send illegal robocall traffic using Defendant Avid Telecom's network to avoid Spiller being shut down by the Federal Communications Commission after an enforcement action was taken against him for initiating or facilitating illegal robocalls;

- Defendants failed to take affirmative, effective measures to keep customers from using Defendant Avid Telecom's network to originate, initiate, or transmit illegal calls;

- Defendant Reeves participated in facilitating illegal robocalls and telemarketing calls;

- Defendant Reeves managed the customer account settings on Avid Telecom network account for customer, Virtual Telecom/Mobi Telecom, which made millions of deceptive auto warranty robocalls;

- At times, Defendant Reeves managed the customer account settings on Avid Telecom network account for customer John Spiller, operating under the business name, Rising Eagle Capital Group LLC., that used Avid Telecom's network and/or services to send illegal robocalls;

- Defendant Lansky improperly used the assets of Defendant Avid Telecom to cover the cost of his own personal expenses;

- Defendant Lansky's conflicting testimony about his role as a VoIP industry expert in his lodged hybrid expert report with his position in discovery responses that he could not have done more to mitigate, or to be informed about, the numerous illegal calls transiting Defendant Avid Telecom's network;

- Defendants provided substantial assistance in transmitting telephone sales calls to Indiana consumers whose telephone numbers appeared on the Indiana Do Not Call List; and

- Defendants transmitted calls that relied on automatic dialing to ultimately reach consumers.

11. I expect that Plaintiffs will obtain the above-listed facts by (1) completing review of 286,923 pages of records that have been produced once Defendants finally provide a correct and complete accompanying index correlating Defendants' document production to Plaintiffs' discovery requests; (2) completing the collection and ultimate review of numerous outstanding documents and responses that Defendants are required to produce in response to Plaintiffs' discovery requests in compliance with this Court's orders; and (3) conducting depositions that include but are not limited to:

- Defendants;

- Defendant Lansky in his capacity as Defendants' proposed expert witness;

- Defendant Avid's bookkeeper, Balanced Bookkeeping, whose testimony Plaintiffs anticipate will be highly relevant to their claims of individual liability;

- Defendant Avid's customer, Digital Media Solutions, LLC, which used Defendant Avid's services to obtain high volumes of telephone number resources and to send illegal robocalls;

- Defendant Avid's customer, John Spiller, who operated under numerous business names and used Defendant Avid's services to obtain high volumes of telephone number resources and to send illegal robocalls;

- Defendant Avid's customer, Boomsourcing, which used Defendant Avid's services to obtain high volumes of telephone number resources and to send illegal robocalls; and

- Defendant Avid's switch provider, SipNav, which enabled Defendant Avid's provision of VoIP services and telephone number resources, housed Defendant Avid's billing records and customer communications, and purportedly provided Defendant Avid with tools to mitigate illegal robocalls.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 18th day of May, 2026 in Durham, North Carolina.

/s/ Rochelle Sparko

ROCHELLE SPARKO (NC Bar No. 38528)
Special Deputy Attorney General
North Carolina Department of Justice
Consumer Protection Division
P.O. Box 629
Raleigh, North Carolina 27602
Phone: (919) 716-6400
Fax:   (919) 716-6050
rsparko@ncdoj.gov
*Attorney for the State of North Carolina*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2026, I caused the foregoing Declaration of Rochelle Sparko in Support of Plaintiffs' Motion to Defer Consideration of Defendants' Motion for Summary Judgment to be filed and served electronically via the Court's CM/ECF system upon counsel of record.

/s/ Rochelle Sparko
ROCHELLE SPARKO

*Attorney for the State of North Carolina*