WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

State of Arizona, ex rel. Kristin K. Mayes,)
Attorney General; et al.,                     )      CV 23-00233-TUC-CKJ (MAA)
                                              )
            Plaintiffs,                       )
v.                                            )
                                              )      **ORDER**
Michael D. Lansky, L.L.C., dba Avid Telecom;)
et al.,                                       )
                                              )
            Defendants.                       )
                                              )
_____)

Pending before the court is the plaintiffs' motion, filed on January 7, 2026, to compel the defendant Stacey S. Reeves to produce documents. Doc. 197. The defendants filed a response on February 11, 2026. Doc. 209. The plaintiffs filed a reply on February 18, 2026. Doc. 216. The court finds the motion suitable for decision without oral argument. *See* LRCiv 7.2 (f).

Background

"On May 23, 2023, Plaintiffs, [48 states and the District of Columbia], filed this action against Defendants Michael D. Lansky L.L.C., dba Avid Telecom (Avid Telecom), M. Lansky, individually, and Stacey Reeves, individually and as Vice President of Operations and Sales of Avid Telecom." Order denying Motion to Dismiss, Doc. 64, p. 1. "Plaintiffs allege Defendants violated the Telemarketing and Consumer Fraud and Abuse Prevention Act ('Telemarketing Act'), 15 U.S.C. § 6101 et seq.; the Telemarketing Sales Rule ('TSR'), 16 C.F.R. § 310 et seq.; the Telephone Consumer Protection Act ('TCPA'), 47 U.S.C. § 227 et seq., and certain state

laws that protect consumers against unfair and deceptive trade practices, including unfair, deceptive, abusive, and illegal telemarketing practices." Doc. 64, p. 1.

"Plaintiffs' case focuses on the barrage of unwanted robocalls sent to millions of American consumers that are harassing, annoying, threatening, and malicious." Doc. 64, p. 1. "The Complaint alleges the Defendants are in the business of providing Voice over Internet Protocol (VoIP) services, facilitating, or initiating robocalls, and/or helping others make robocalls." Doc. 64, p. 1 (*citing* Complaint, Doc. 1).

In the pending motion, the plaintiffs move, pursuant to Fed.R.Civ.P. 37, that the court order the defendant Stacey S. Reeves to provide "documents that she has failed to produce and/or not logged correctly under the Court's ESI [Electronically Stored Information] Order (Dkt. #120)." Doc. 197, p. 1.

The plaintiffs explain that the Requests for Production were served on or about March 6, 2025. Doc. 197, p. 3. The initial deadline to respond was April 7, 2025. Doc. 197, p. 3. After consultation, the parties agreed to extend the deadline to April 30. Doc. 197, p. 3. On or about the new deadline, defense counsel emailed the plaintiffs' counsel stating that the responses would be completed by Friday, May 2, 2025. Doc. 196, p. 3. They were not. *Id*.

In May of 2025, the plaintiffs' counsel contacted the defense counsel numerous times in an attempt to obtain documents. Doc. 197, pp. 3-4. Eventually, the court became involved and on July 1, 2025 instructed the parties to meet and confer before July 11, 2025. Doc. 197, p. 4.

On July 11, 2025, Reeves produced approximately 320 documents. Doc. 197, p. 4. The plaintiffs allege that "[t]he production was deficient under the ESI Order because, among other things, the production was not Bates numbered and did not include an index identifying the Request to which each document corresponded." Doc. 197, pp. 4-5.

The plaintiffs informed the defense counsel of the deficiencies in the production, and on August 13, 2025, Reeves made another production. Doc. 197, p. 5. The plaintiffs maintain that "[t]he August 13 reproduction addressed some of the errors previously present, but it remained

noncompliant with the ESI Order because, among other things, the production did not include an index identifying the Request to which each document corresponded." Doc. 197, p. 5.

On October 24, 2025, the court ordered that "the defendants shall by November 28, 2025, and to the extent they have not already done so, respond to the plaintiffs' First Set of Requests for Production of Documents and comply with the court's ESI ("Electronically Stored Information") order (Doc.120) regarding Bates numbering, specifying which documents relate to which requests, and disclosing all documents with a "parent-child" relationship, among other things." Doc. 169, p. 5. "Reeves did not provide a conforming production by that date." Doc. 197, p. 6.

The parties participated in another meet and confer on December 10, 2025. Doc. 197, p. 6. The defendants revealed that a new law firm, Troutman Pepper Locke, would be responsible for document production. Doc. 197, p. 6. The plaintiffs maintain that they have not received any further production or document indicies. Doc. 197, p. 6.

The plaintiffs filed the pending motion on January 7, 2026, to compel the defendant Stacey S. Reeves to produce documents. Doc. 197. The defendants filed a response on February 11, 2026. Doc. 209. The plaintiffs filed a reply on February 18, 2026. Doc. 216.

Discussion

In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Rule 34, in turn, permits a party to "serve on any other party a request within the scope of Rule 26(b) . . . to produce . . . any designated documents or electronically stored information . . . ." Fed.R.Civ.P. 34(a)(1)(A).

And pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iv): "A party seeking discovery may move for an order compelling . . . production . . . if . . . a party fails to produce documents . . . ."

"The Federal Rules of Civil Procedure strongly favor full discovery whenever possible." *Militante v. Banner Health*, No. CV-22-0352-PHX-DWL (JFM), 2023 WL 12073895, at *2 (D. Ariz. Dec. 20, 2023). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Id*.

In their motion, the plaintiffs identify five specific deficiencies in Reeves's compliance to date:

A.  Reeves has "repeatedly asserted that she would produce non-privileged, responsive documents." Doc. 197, p. 6 (punctuation modified).  She has previously stated that she is not withholding any documents from production.  Doc. 197, p. 6.  Nevertheless, she has failed to produce responsive documents for Request Nos. 1-18, 20-55, 63, 65, 81-84, 86, 89-97, and 99-102.  Doc. 197, p. 7.  The documents that she has produced do not comply with the terms of the court's ESI Order (Doc. 120).  *Id*.

B.  Reeves's production to date is deficient, citing Rule 34(b)(2)(E)(i) and Section A(3) and Appendix A.4 of the ESI Order, because she did not produce documents as they are kept in the usual course of business.  Doc. 197, p. 7.  For example, Quickbooks data was produced in Excel format rather than its native Quickbooks format.  Doc. 196, p. 7.  The plaintiffs assert that the documents produced "contain non-contemporaneous metadata, and have missing parent-child associated documents."  Doc. 197, p. 7.

C.  Reeves's production is deficient, citing Rule 34(b)(2)(E)(i) and Section A(3) of the ESI Order, because she failed to "label the documents in a way that corresponds to Plaintiffs' Requests."  Doc. 197, p. 8.  Moreover, the plaintiffs maintain that "Reeves did not provide a document index as required under paragraph 3 of the ESI Order."  Doc. 197, p. 8.

D.  "Reeves has produced little to no records with respect to significant customers of Avid Telecom, including but not limited to Virtual Telecom, Mobi Telecom, and Geist Telecom . . . ."  Doc. 197, p. 8.

E.  Finally, "Reeves has produced no account history logs for any of Avid Telecom's customers nor any production in response to a request seeking information related to entries on those logs."  Doc. 197, p. 8.

In their response, the defendants argue first that the plaintiffs' motion is not supported by "good cause," which they assert must be demonstrated by the movant.  Doc. 209, pp. 4-5. They are incorrect. "[G]ood cause is not required to bring a motion to compel discovery."  *RG Abrams Ins. v. L. Offs. of C.R. Abrams*, 2021 WL 4805315, at \*5 (C.D. Cal. Aug. 10, 2021).

The defendants direct the court to *Martin v. Cap. Transit Co.*, 170 F.2d 811, 812 (D.C. Cir. 1948) for the proposition that a motion to compel requires an initial showing of good cause. *Martin*, however, cited Fed.R.Civ.P. 34 as authority for this proposition.  *Id*.  When *Martin* was decided, Rule 34 did have a "good cause" requirement, but it was removed in 1970. Fed.R.Civ.P. 34, Advisory Committee notes, 1970 amendment.  This aspect of *Martin* is no longer good law.

The defendants also direct the court to cases decided by Arizona state courts construing the Arizona Rules of Civil Procedure.  These cases are inapposite because the *Federal* Rules of Civil Procedure govern this action.  Fed. R. Civ. P. 1.

Addressing the QuickBooks issue (B), The defendants assert that Reeves's production in non-native format was proper under Fed.R.Civ.P. 34(b)(2)(E)(ii) because the plaintiffs "did not request the native format," and "Rule 34 does not create an independent obligation to do so."  Doc. 209, p. 5.  Moreover, Fed.R.Civ.P. 34(b)(2)(E)(ii) states that "[i]f a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained *or in a reasonably usable form or forms*."  Doc. 209, p. 5 (emphasis added).  The court, however, is not convinced.

Fed.R.Civ.P.34(b)(2)(E) explicitly states that the general rules for producing electronically stored information only apply "[u]nless otherwise stipulated or ordered by the court." And here, the court ordered that "[t]o the extent possible, spreadsheet file[s], including without limitation Microsoft Excel Files (*.xls or *.xlsx), shall be produced in *native* format." ESI order, Doc. 120, B.2.a (emphasis added). The defendants do not argue that it was not possible to produce her files in naive format. Accordingly, the court finds that Reeves's production in non-native format violates the court's ESI order.

Addressing the Index issue (C), the defendants state that after consultation with counsel, they "still contend[s] there is no issue with the List 2." Doc. 209, p. 6. They do not further explain why they think there is no issue. *Id*. They assert that the documents are labeled "with bates numbering for the ease of identifying the documents for the plaintiffs," but they do not address the plaintiffs' assertion that Reeves failed to identify each document with the particular request for which each document was produced. *Id*. The defendants concede that counsel is in the process of addressing the issues with regard to Lists 3 and 4. *Id*. They predict that counsel will produce a corrected version within the next 7-10 days. *Id*.

In their reply, the plaintiffs concede that they received indicies from the defendants on January 7, 2026, but they maintain that the provided indicies still have problems. Doc. 216, p. 4. They assert that they sent an email on February 4, 2026 to the defendants' new counsel describing the errors that still remain. *Id*. They report that "[n]o response was received." *Id*.

Finally, addressing issue (A), the defendants assert that Reeves has produced all of the documents that are in her possession, custody, and control. Doc. 29, p. 7; *see* Fed.R.Civ.P. 34(a)(1) ("A party may serve on any other party a request within the scope of Rule 26(b) . . . to produce . . . the following items in the responding party's possession, custody, or control: (A) any designated documents . . . ."). They maintain that "from the outset . . . Defendant Reeves has consistently stated that [she] is not withholding any documents from production." Doc. 209, p. 3.

The court agrees that Reeves cannot be compelled to disclose documents that she does not have, but assuming she has conducted a search and found nothing, she is still required to file a response stating as much.   Doc. 209, p. 7.  *Louen v. Twedt*, 236 F.R.D. 502, 505 (E.D. Cal. 2006) ("Even if there are no documents responsive to a request for production, the requesting party is entitled to a response pursuant to Fed.R.Civ.P. 34(b)."). Addressing Request Nos. 1-18, 20-55, 63, 65, 81-84, 86, 89-97, and 99-102, the defendants state that Reeves has produced documents in response to many of these RFPs.   Doc 209, p. 7.  They do not, however, specify which RFPs have been addressed and which remain.

The defendants do not explicitly address issues (D) and (E).  It is possible that they have searched for responsive documents and failed to find any.  If so, they still must provide a response pursuant to Fed.R.Civ.P. 34(b).

**IT IS ORDERED** that the plaintiffs' motion, filed on January 7, 2026, to compel the defendant Stacey S. Reeves to produce documents is Granted in Part.  Doc. 197.

Reeves must respond to the plaintiffs' Request for Production Nos. 1-18, 20-55, 63, 65, 81-84, 86, 89-97, and 99-102.  She must either produce documents or provide supplemental responses explaining why she has not done so.

Her disclosures must comply with the court's ESI order in that they must be disclosed in native format with parent-child associated documents, among other things.  Doc. 120.

Her disclosure of documents must indicate the request to which each document pertains. Doc. 120.

//

//

//

//

//

- 7 -

Because the parties' counsel are in the process of analyzing Defendants' document productions and working on revised indexes for the documents, as discussed in the Court's telephonic status conferences, the Court will not set a deadline at this time for compliance with this Order. If Plaintiffs thereafter deem the document productions to be deficient, and the issues are not resolved between the parties, Plaintiffs may bring those issues to the Court in a subsequent motion to compel with specific reference to the deficiencies.

DATED this 15th day June, 2026.

Honorable Michael A. Ambri
United States Magistrate Judge