WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

State of Arizona, ex rel. Kristin K. Mayes,)
Attorney General; et al., )
                                          )     CV 23-00233-TUC-CKJ (MAA)
              Plaintiffs, )
                                          )
v. )
                                          )     **ORDER**
Michael D. Lansky, L.L.C., dba Avid Telecom;)
et al., )
                                          )
              Defendants. )
                                          )
_____ )

On June 9, 2026, the State of Maryland and the defendants filed position statements seeking clarification of this court's order issued April 21, 2026 (Doc. 238).  Doc. 246.  The parties would like to know if the court's prior order (Doc. 238) requires the State of Maryland to appear for a Rule 30(b)(6) deposition where Maryland brings individual state claims against the defendants but those state claims rely only on facts that are common to the plaintiffs' federal claims as a whole and may be properly addressed at the Rule 30(b)(6) depositions of the lead Plaintiff States.

Background

"On May 23, 2023, Plaintiffs, [48 states and the District of Columbia], filed this action against Defendants Michael D. Lansky L.L.C., dba Avid Telecom (Avid Telecom), M. Lansky, individually, and Stacey Reeves, individually and as Vice President of Operations and Sales of Avid Telecom." Order denying Motion to Dismiss, Doc. 64, p. 1. "Plaintiffs allege Defendants

violated the Telemarketing and Consumer Fraud and Abuse Prevention Act ('Telemarketing Act'), 15 U.S.C. § 6101 et seq.; the Telemarketing Sales Rule ('TSR'), 16 C.F.R. § 310 et seq.; the Telephone Consumer Protection Act ('TCPA'), 47 U.S.C. § 227 et seq., and certain state laws that protect consumers against unfair and deceptive trade practices, including unfair, deceptive, abusive, and illegal telemarketing practices." Doc. 64, p. 1.

"Plaintiffs' case focuses on the barrage of unwanted robocalls sent to millions of American consumers that are harassing, annoying, threatening, and malicious." Doc. 64, p. 1. "The Complaint alleges the Defendants are in the business of providing Voice over Internet Protocol (VoIP) services, facilitating, or initiating robocalls, and/or helping others make robocalls." Doc. 64, p. 1 (citing Complaint, Doc. 1).

Early in the case, the court ordered the parties to each file a case management plan. Doc. 158, p. 1. In their filing, the plaintiffs stated, among other things, as follows:

> The discovery relevant to the federal claims, Counts I through V, *will largely be the same for all Plaintiffs as to the Defendants' business practices, conduct and knowledge or deliberate ignorance of the illegal robocalls at issue.* The discovery needed for the federal claims will also be relevant to many of the state law claims alleged. Some of the state law counts can be proven, in whole or part, upon a finding of a violation of the federal counts or supported by substantially similar evidence.

Doc. 158, p. 1 (emphasis added) (citing Doc. 89, p. 2).

The court issued a scheduling order on December 10, 2024. Doc. 102. The court stated, among other things, that "party depositions are limited to Defendants, the lead Plaintiff States of Arizona, Indiana, North Carolina, and Ohio, and any Plaintiff state bringing state law actions against Defendants." Doc. 102, p. 2. The court did not impose a similar limitation with regard to written discovery.

On July 31, 2025, the defendants filed a Motion to Revise Discovery Schedule Pursuant to Rule 54(b). Doc. 121. They objected to the court limiting depositions to only lead Plaintiff States and states that have filed individual claims arising under state law. Doc. 121, p. 5.

In their opposition, the plaintiffs explained as follows:

> Plaintiffs' jointly alleged federal claims against Defendants rely on no state-specific misconduct. ([Complaint] at ¶¶426–58) The principal variable facts for Plaintiffs' common federal claims are the quantity of illegal calls Defendants transmitted into each Plaintiffs' respective state. Likewise, and especially because State Law Plaintiffs' claims are derivative of their federal claims, the principal variable facts for the Plaintiffs' state law claims are again linked to the quantity of illegal calls. Put simply, the primary alleged facts that are specific to each Plaintiff are the number of violations committed in that state by the Defendants, but the factual support for those numeric violations is the *same* for each Plaintiff.

Doc. 127, p. 6 (emphasis in original).

On September 25, 2025, the court denied the defendants' motion (Doc. 121). Doc. 158. The court chose to treat this case as a "collective action," which "may capitalize on efficiencies of scale" and proceed with limitations on discovery designed to minimize "duplicative and cumulative discovery." Doc. 158, p. 6 (punctuation modified) (citing Fed.R.Civ.P. 26(b)(2)(C); *Little v. City of Seattle*, 863 F.3d 681, 685 (9th Cir. 1988) ("[D]istrict courts have 'wide discretion in controlling discovery.'"); *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1105 (9th Cir. 2018) ("[C]ollective actions, distinguished from class actions, may capitalize 'on efficiencies of scale.'")); *see also Richards v. Eli Lilly & Co.*, 149 F.4th 901, 906 (7th Cir. 2025) ("Litigating collectively furthers [the goals of enforcement and efficiency] by lowering the individual costs to vindicate rights and enabling common legal issues to be resolved in one fell swoop.") (punctuation modified), cert. denied, 146 S. Ct. 1503 (2026).

Accordingly, the court found that the limitations on depositions as discussed in the Case Management Scheduling Order (CMSO) would not be modified "[i]n light of judicial concerns of efficiency, unlikely prejudice to Avid based on similarity of Plaintiffs, and potential delay." Doc. 158, p. 7. The court noted that while *depositions* were limited to lead Plaintiff States and states that have filed individual claims arising under state law, discovery through Fed.R.Civ.P. 34 was not so restricted. *Id.* And if the defendants found information indicating that these other states had "essential or material information" that the lead Plaintiff States did not have, then that information could constitute good cause for modifying the CMSO. Doc. 158, p. 7, n. 4.

On January 28, 2026, the defendants filed a motion to compel the plaintiffs to designate witnesses pursuant to their notices of deposition issued in accordance with Rule 30(b)(6). Doc.

204. These notices were sent to 13 plaintiff states, the four lead plaintiff states and the states bringing state law claims that are not lead plaintiff states. Doc. 238, p. 5. On April 21, 2026, the court granted the motion in part. Doc. 238. In that order, the court stated as follows:

> The court agrees with the plaintiffs, however, that it is unreasonably duplicative to expect the 13 plaintiff states to participate in 13 separate Rule 30(b)(6) depositions covering the entirely of Topic 1.[1] The plaintiff states are collectively litigating common issues based on a common set of records. Doc. 225, pp. 3, 14. The plaintiffs admit that "the same common facts support all the Plaintiffs' claims." Doc. 225, p. 14. The defendants may notice separate Rule 30(b)(6) depositions for states bringing state law claims, who are not lead plaintiff states, *but only where the depositions relate to the facts used exclusively to support those state law claims*. *See* Doc. 102, p. 2 (limiting depositions to the four lead plaintiff states and states bringing state law claims).

Doc. 238, p. 7 (emphasis added). The court imposed this discovery limitation in accordance with its previous orders imposing the Case Management Scheduling Order and denying the defendants' motion to modify that order. *See* Doc. 158. This limitation follows directly from its duty pursuant to Fed.R.Civ.P. 26(b)(2)(C)(i) to "limit the frequency or extent of discovery . . . if it determines that . . . the discovery sought is unreasonably cumulative, or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive. . . ."

Since that order issued, the defendants served on the State of Maryland a Notice of Deposition. The following topics were noticed:

> 1. The allegations of fact set forth in paragraph 89 of the complaint applicable to the state on whose behalf the witness is appearing. [Paragraph 89t states: "For example, since 2019 Avid Telecom routed more than 27,097 calls containing unlawful content to phone numbers with Maryland area codes."].

> 2. The origin of all data (e.g., a CID, a subpoena, You Mail, an AG Expert Witness) used to calculate the number of calls set forth in the subparagraph of paragraph 89 of the complaint applicable to the state on whose behalf the witness is appearing.

> 3. [withdrawn]

---

[1] "Topic 1 reads as follows: The allegations of fact set forth in paragraphs 19-88 and 90-630 of the complaint." Doc. 238, p. 5 (citing Doc. 204-3, p. 1) (punctuation modified).

4. Facts supporting the allegation that Lansky knew the calls transited by Avid Telecom were illegal robocalls.

5. Facts supporting the allegation that Lansky should have known that Lansky knew [sic] that the calls transited by Avid Telecom were illegal robocalls.

6. Facts supporting the allegation that Reeves knew the calls transited by Avid Telecom were illegal robocalls.

7. Facts supporting the allegation that Reeves should have known that the calls transited by Avid Telecom were illegal robocalls.

8. Facts supporting the allegation that each of the individual calls referenced in the subparagraph of paragraph 89 of the complaint on whose behalf the witness is appearing contained a pre-recorded message.

9. Facts supporting the allegation that each of the individual calls referenced in the subparagraph of paragraph 89 of the complaint on whose behalf the witness is appearing contained a commercial message.

10. Facts supporting the allegation that each of the individual calls referenced in the subparagraph of paragraph 89 of the complaint on whose behalf the witness is appearing originated from a predictive dialer (or a similar device).

Doc. 246, pp. 3-4.

On June 9, 2026, the State of Maryland and the defendants filed the pending position statements seeking clarification of this court's order issued April 21, 2026 (Doc. 238). Doc. 246. The parties would like to know if the court's prior order (Doc. 238) requires the State of Maryland to appear for the noticed Rule 30(b)(6) deposition.

The State of Maryland is not a lead Plaintiff State. It does, however, bring separate state law claims, which Maryland maintains are entirely derivative of the federal claims arising out of the Telemarketing Act and the TCPA. Doc. 246, pp. 2-3. Maryland explains that "[e]ach of the [topics listed in the defendants' notice] relate to the joint federal claims brought by the Plaintiffs, will be addressed in deposition when the Defendants depose the lead states, and are not facts that have been relied on exclusively by the State of Maryland in bringing its state law claim." Doc. 246, p. 4.

The court's order of April 21, 2026 (Doc. 238) reflects its duty pursuant to Fed.R.Civ.P. 26(b)(2)(C)(i) and its understanding, based on the plaintiffs' representations, that the facts that will be used by the plaintiffs to prove the federal claims "will largely be the same for all

Plaintiffs as to the Defendants' business practices, conduct and knowledge or deliberate ignorance of the illegal robocalls at issue." Doc. 158, p. 1. That is, while the number of allegedly offending calls might vary from state to state, the facts that the plaintiffs will rely upon to prove their case will *not* vary materially from state to state. Therefore, once the defendants have deposed one of the lead plaintiff states, it is unlikely that the non-lead Plaintiff States, even those with separate state claims, will have any "essential or material" facts to add. If this is indeed the case, then Maryland need not sit for a Rule 30(b)(6) deposition as to these common facts.

If, on the other hand, Maryland has additional discoverable facts that the lead plaintiff states are not privy to, for example, facts that relate only to its separate state claims, then Maryland must sit for a Rule 30(b)(6) deposition as to those facts. Moreover, the court's order limiting Rule 30(b)(6) depositions (Doc. 238) does not negate this court's prior Case Management Scheduling Order which expressly permits the defendants to depose non-lead Plaintiff States that bring separate state law claims on other issues. For example, if, as the defendants suggest, Maryland calculates its state law damages in a unique way, the defendants must be permitted to explore those damages and may notice depositions on those issues. *See* Doc. 246, p. 7. This type of information could not be obtained from the lead Plaintiff States.

The defendants object that limiting Rule 30(b)(6) to the lead Plaintiff States is illogical because other states received more allegedly illegal calls than the lead Plaintiff States. Doc. 246, p. 4. The fact that they received more calls, however, does not indicate that they have more or different information about the facts underlying those calls.

The defendants note that states such as Maryland have inserted themselves in the case by speaking during the court-mandated meet and confer call in January of this year. Doc. 246, p. 5. That might be so, but the defendants do not allege that Maryland has any discoverable facts that the lead plaintiffs do not have. The defendants assert that the court's order limiting Rule 30(b)(6) discovery is "arbitrary and capricious" and "violative of [their] fundamental due process rights." Doc. 246, p. 5. The court disagrees. The court's order derives from its duty

pursuant to Fed.R.Civ.P. 26(b)(2)(C)(i), and the defendants provide no case law indicating that the Rule violates due process in this application.

The defendants object to the court's limitations on discovery in light of the fact that this is a "collective action" and not a "class action."  Doc. 246, p. 6.  The case law in this District, however, supports the court's conclusion that limiting discovery is just as appropriate for a "collective action" as it is for a "class action."  *Kesley v. Ent. U.S.A. Inc.*, 2015 WL 4064715, at *2 (D. Ariz. July 2, 2015) ("Permitting the full scope of discovery authorized by the Federal Rules of Civil Procedure would undermine the purpose of conditionally certifying a collective action and would be unreasonably burdensome and wasteful of the parties' and the court's resources.").

The defendants maintain that the various calls directed to the State of Maryland are unique: directed to different telephone numbers, from different callers, made at different times of the day, from different originating parties, from different carriers, with different content. Doc. 246, p. 6.  These differences, the defendants argue, "are manifest and undeniable," and "Maryland must be required to present a witness with personal knowledge of each of its alleged facts, even if any were actually common."  Doc. 246, p. 6.

The court agrees that the calls are unique unto themselves.  The facts the plaintiffs will use to establish the existence of those calls, however, are not unique. It is therefore unnecessary for Maryland to "present a witness with personal knowledge of each of its alleged facts. . . ." *See* Doc. 127, p. 6.

The defendants assert that "Maryland cannot unilaterally empower a state AG from another state to represent Maryland's interests in the complaint process, including discover." Doc. 246, pp. 6-7.  This court's order, however, does not rely on the fact that Maryland is empowering another state's AG to represent its citizens.  It relies on the fact that Maryland has no "essential or material" information to add to the information that can be supplied by the lead Plaintiff States.

IT IS ORDERED that Maryland need not sit for the noticed Rule 30(b)(6) deposition if it does not have any material, discoverable information on the noticed topics that the lead Plaintiff States do not have.

DATED this 13th day July, 2026.

Honorable Michael A. Ambri
United States Magistrate Judge